Hearing Date: June 23, 2015 at 10:00 A.M. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS ((I) NO-LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW BORROWER CLAIMS, (III) REDESIGNATE, REDUCE, AND ALLOW BORROWER CLAIMS) AS TO CLAIM NO. 4091**

ny-1191983

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") to the response filed by Jocelyn Unciano (the "Respondent") [Docket No. 8746] (the "Response") to the *ResCap Borrower Claims Trust's Eighty-Seventh Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Redesignate, Reduce, and Allow Borrower Claims)* [Docket No. 8588] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to the Respondent, then the Borrower Trust reserves the right to take discovery from the Respondent.

2. As described herein, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of the Debtors' regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Response and the claim at issue, and for the reasons described herein, the Books and Records do not show any liability due and owing to the Respondent.

3. Moreover, as the Objection shifted the burden of proof back to the Respondent, the Respondent must demonstrate a valid claim against the Debtors' estates by a preponderance of the evidence. For the reasons set forth in the Objection and this Reply, the Respondent has failed to provide any explanation as to why her claim is not barred by the doctrine of res judicata.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1191983

The basis for her claim is litigation from the United States District Court for the District of Hawaii (the "District Court").  In that case, the District Court, in an opinion affirmed by the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), dismissed her complaint with prejudice, finding that she had failed to state a claim against the Debtors (the "District Court Order").  In the response to the Objection, the Respondent argues that an exception to the law of the case doctrine applies here because a Hawaii state court, in a completely separate action, ruled that there were questions of fact related to the foreclosure initiated by the Debtors.  However, the purported exception to the law of the case doctrine raised by the Respondent does not apply in the context of res judicata.  Therefore, the Respondent's claim is barred by the doctrine of res judicata because her claim is premised on the exact same litigation that has already been determined by the District Court and subsequently affirmed by the Ninth Circuit

## BACKGROUND

4.    On or around November 19, 2012, the Respondent filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 4091 (the "Claim"), asserting a general unsecured claim for $1,500,000.  See Proof of Claim, attached hereto as Exhibit 1.[2]  The Respondent attached to the Claim a complaint filed in the Circuit Court of the First Circuit of Hawaii (the "Circuit Court").

5.    According to the Debtors' books and records, non-Debtor Western Pacific Mortgage, Inc. ("Western Pacific") originated a loan in the amount of $160,000 to Wayne Noelani Tom and Coleen Etsuko Tom (the "Toms") on March 21, 1995 (the "Loan"), secured by a mortgage (the "Mortgage") on property located at 92-309 Nohona Place, Kapolei, Hawaii

---

[2] The Respondent was inadvertently included in the form of order to the Debtors' fifty-first omnibus objection [Docket No. 6155], however, she was not included in the filed objection itself.

96707 (the "Property"). See District Court Order at 2, attached to the Objection as Exhibit 7-A. The Toms conveyed the Property to the Respondent by Warranty Deed dated December 1, 1999. See District Court Order at 2. The Mortgage was not released, and the conveyance was therefore subject to all obligations of the Mortgage. See id.

6. A foreclosure proceeding was initiated against the Toms on May 15, 2003 (the "Judicial Foreclosure Proceeding"). See District Court Order at 3. The Loan was transferred to Homecomings Financial Network, Inc. ("Homecomings Inc."). See id.

7. On October 6, 2006, Homecomings Inc. converted from a corporation to a limited liability company, Homecomings Financial, LLC ("Homecomings, LLC"). See District Court Order at 3. In September 2008, Homecomings, LLC petitioned the Land Court of the State of Hawaii (the "Land Court") for an order allowing documents to be executed and filed in the name of Homecomings, LLC. The petition was granted on September 10, 2008. See id. In August 2010, Homecomings Inc. assigned the mortgage to GMACM (the "Assignment"). See id at 4. In March 2011, GMACM petitioned the Land Court to correct the name of the assignor on the Assignment from Homecomings Inc. to Homecomings LLC, which the Land Court granted on March 2, 2011 (the "Land Court Order"). See District Court Order at 4.

8. On September 15, 2010, GMACM initiated a non-judicial foreclosure proceeding against the Toms (the "Non-Judicial Foreclosure Proceeding"). See District Court Order at 4. A rescission of the notice of non-judicial foreclosure was made on November 8, 2010. See id.

9. On October 25, 2010, the Respondent filed a complaint (the "Complaint") against GMACM and others in the Circuit Court, case no. 10-02273 (the "Lawsuit"). See Complaint, attached to the Proof of Claim as Exhibit 1 to the Notice of Removal. On November 9, 2010, the Lawsuit was removed to the District Court, case number 10-1-00653-10-KKS (the "District

3

ny-1191983

Court Action"). See Notice of Removal, attached to the Proof of Claim. On December 13, 2010, the Respondent filed her first amended complaint (the "First Amended Complaint"), asserting causes of action against GMACM and other non-Debtor parties for injunctive relief, declaratory judgment, unfair and deceptive trade practices, violation of the Hawaii Debt Collection Act, intentional infliction of emotional distress, fraudulent misrepresentation, negligent misrepresentation, abuse of process, civil conspiracy. See First Amended Complaint, attached hereto as Exhibit 2.

10. On May 25, 2011, the District Court issued the District Court Order, dismissing the First Amended Complaint with prejudice. See District Court Order. The District Court dismissed the Respondent's claim for injunctive relief and declaratory judgment (as to the holding of both a judicial and non-judicial foreclosure) as moot.

11. The District Court dismissed the Respondent's claims under section 480-2(a) and 480D-3 of the Hawaii Revised Statutes, as well as Respondent's claims for intentional infliction of emotional distress, misrepresentation, abuse of process, and civil conspiracy, finding that the Respondent had not stated a claim under these causes of action. See id. The District Court did not rule on the Respondent's declaratory judgment claim seeking a determination that the Assignment was invalid on grounds that such a determination as to the proper plaintiff in the foreclosure action is a question for a state court. See id.

12. On August 4, 2011, the Respondent filed a petition in the Land Court to cancel the Land Court Order (the "Land Court Petition"). See Land Court Petition, attached hereto as Exhibit 3. The Land Court Petition did not seek damages from the Debtors, but rather sought equitable relief from the Judicial Foreclosure Proceeding. See id. The Land Court denied that

petition on May 20, 2013 (the "Land Court Denial"). See Intermediate Court of Appeals Order (the "ICA Order"), at 2-3, attached to the Response as Exhibit B.

13. The Respondent appealed the Land Court Denial, along with other orders from the Circuit Court related to the Judicial Foreclosure Proceeding, including the judgment entering foreclosure in the Judicial Foreclosure Proceeding (the "Appealed Orders"). See Response at 4; see also ICA Order at 2. On June 30, 2014, the Intermediate Court of Appeals issued an order vacating the Appealed Orders, determining that there was a dispute over whether GMACM is the valid owner of the Mortgage. See ICA Order at 4. This reopened the Judicial Foreclosure Proceeding.

14. On December 8, 2011, the Respondent appealed the District Court Order to the Ninth Circuit, No. 11-17905 and 11-17906. The Ninth Circuit affirmed the District Court Order on December 18, 2014 (the "Ninth Circuit Order"). See Ninth Circuit Order, attached to the Objection as Exhibit 7-C.[3] The Respondent has not taken any action with regard to the Ninth Circuit Order.

## REPLY

15. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is

---

[3] In the Response, the Respondent indicates that she filed the ICA Order with the Ninth Circuit prior to it issuing the Ninth Circuit Order.

5

ny-1191983

thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

16. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd, No. 09-cv-2229 (DC), 2010 U.S. Dist. Lexis 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

17. The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. See Bremer v. Weeks, 85 P.3d 150, 161 (Haw. 2004). Here, the Respondent's proof of claim is entirely premised on the alleged damages that were asserted as part of the District Court action. Those allegations have been finally decided by the District Court, and the District Court Order was affirmed by the Ninth Circuit with no further appeals. Thus, there is no question that the Claim is barred by the doctrine of res judicata.

18. In the Response, the Respondent argues, without providing any applicable case precedent, that an exception to the law of the case doctrine should apply to prevent the

application of res judicata here.  See Response at 6.  The Respondent asserts that the ICA Order's finding that there is a dispute as to whether GMACM is the valid owner of Loan calls into question some of the findings upon which the District Court Order was premised.

19.    This argument fails for numerous reasons.  Most importantly, the law of the case doctrine is not at issue here, but rather the doctrine of res judicata.  "[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citation omitted); see also Freeman v. Sikorsky Aircraft Corp., 151 Fed. Appx. 91, 92 (2d Cir. 2005) (quoting Moitie); Tatarian v. Sweeney, 55 Fed. Appx. 475 (9th Cir. 2003) (citing Moitie).  Therefore, the Respondent's arguments regarding an exception to the law of the case doctrine is inapplicable, as no such exception exists under the doctrine of res judicata.

20.    Furthermore, even if the law of the case exception were to apply to res judicata (which it does not), there are not compelling reasons to revisit the District Court Order.  The ICA Order does not contradict the findings of the District Court Order, but rather merely determined that there is a disputed issue of fact as to whether GMACM was the owner of the Loan for purposes of completing a judicial foreclosure sale.  As this relates only to the Respondent's efforts to void the foreclosure in the state court foreclosure proceedings, it has no relation to the District Court's determination on the Respondent's claim for damages.  Given that the Claim is premised entirely on the Respondent's alleged damages in the District Court Action, the ICA Order has no bearing on the viability of the Claim.  Thus, even under her own, inapplicable legal theory, the Respondent has failed to demonstrate any cogent reason why the Claim should not be barred by the doctrine of res judicata.

ny-1191983

## **CONCLUSION**

21.    WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

Dated:    June 18, 2015  
        New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Jessica J. Arett  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the ResCap Borrower Claims Trust*

8

ny-1191983