**Exhibit 1**

Claim #4091   Date Filed: 11/9/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: GMAC MORTGAGE, LLC     Case Number: 12-12032 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Joycelyn W. Unciano, pro se

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:     NameID: 10854258
Joycelyn W. Unciano, pro se
COLEEN ETSUKO TOM & JOYCELYN WANDA UNCIANO VS GMAC MRTG LLC DAVID B ROSEN, ESQUIRE, KRISTINE WILSON, INDIVIDUALLY & IN ET AL
91-590 Farrington Hwy 210-226
Kapolei, HI 96707
Telephone number: 808 672-4323     email: junciano@hawaii.rr.com

**Court Claim Number:**
_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number:     email:

**1. Amount of Claim as of Date Case Filed: $ 1,500,000.00**
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** PERJURY, FRAUDULENT INVALID Assignment of Mortgage
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 2032

| **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|
| (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ■ Motor Vehicle ☐ Other
Describe:
Value of Property: $ 500,000+     Annual Interest Rate _____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____     Basis for perfection: _____
Amount of Secured Claim: $ 1,500,000.00     Amount Unsecured: $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____     (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Joycelyn W. Unciano
Title: GUARANTOR-OWNER
Company: _____     (Signature)     11-7-2012 (Date)
Address and telephone number (if different from notice address above):

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:
$ _____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
NOV 09 2012
KURTZMAN CARSON CONSULTANTS

Telephone number: _____     Email: _____

Telephone number: _____     Email: _____
Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both

001KC0002_51765-3_domestic_19/005526/033152



1212020120830174258146390

November 7, 2012

Joycelyn Wanda Unciano, pro se
91-590 Farrington Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323
junciano@hawaii.rr.com

COLEEN ETSUKO TOM & JOYCELYN WANDA UNCIANO VS. GMAC MORTGAGE,
LLC, DAVID B. ROSEN, ESQUIRE, KRISTINE WILSON, INDIVIDUALLY * IN ET AL
91-590 Farrington Hwy 210-226
Kapolei, Hi. 96707

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave.
El Segundo, CA  90245

United States Bankrkuptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York  10004 ~~and/or~~

**RE:   PROOF OF CLAIM;  PERJURY, FRAUDULENT ASSIGNMENT OF
MORTGAGE and RELEVANT DOCUMENTS AFFIXED HERETO;**

**November 9, 2010**; CIVIL CASE NO. 1:10-00653 (BMK)(SOM) in the United

States District Court for the District Hawaii;  NOTICE OF REMOVAL OF CIVIL ACTION by

DEFENDANTS; **EXHIBITS "1" – "2"**

Exhibit 1; PLAINTIFF'S COMPLAINT w/Exhibits 1-5 filed

**October 25, 2010**, Civil No. 10-1-2273-10 (KKS) filed in the First Circuit Court

of the State of Hi.

Exhibit 2; PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, Exhibits 1-7

filed;    **October 27, 2010**

**EXHIBIT 3    October 27, 2010**; ORDER GRANTING PLAINTIFFS' EX PARTE

MOTION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-

JUDICIAL FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010

**EXHIBIT 4**   **March 3, 2011;** Land Court Order 186175

While in Federal Court, DEFENDANTS filed a Petition for Amendment of Transfer Certificate of Title No. 546.739 and Order in the Land Court of the State of Hawaii, on **March 2, 2011;** Relevant Evidence and Proof of acknowledgement of Fraud and Perjury described as *"scrivener error".*

_____

Joycelyn W. Unciano, Pro se

CIV 10-00653 SOM-BMK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Nov 9, 2010
At  2  oclock and  05  min  P

[✔]    ORDER SETTING RULE 16 SCHEDULING CONFERENCE

[]    ORDER SETTING STATUS CONFERENCE

for **Monday, December 06, 2010** at 9:00 a.m before:

[✔]    Magistrate Judge Barry M. Kurren in Courtroom 6

[]    Magistrate Judge Leslie E. Kobayashi in Courtroom 7

[]    Magistrate Judge Kevin S.C. Chang in Courtroom 5

Pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Local Rule 16.2 of the Rules of the United States District Court for the District of Hawaii:

- Parties are reminded that, unless otherwise ordered by the Court, a meeting of the parties must occur at least 21 days prior to the Scheduling Conference and a report submitted to the Court. Except as otherwise provided by L.R. 26.1(c), no formal discovery may be commenced before the meeting of the parties.
- Each party shall file a Scheduling Conference Statement pursuant to L.R. 16.2(b), and shall attend in person or by counsel.
- Failure to file and/or attend will result in imposition of sanctions, (including fines or dismissal), under Fed.R.Civ.P. 16(f) and L.R. 11.1.

DATED at Honolulu, Hawaii on Tuesday, November 09, 2010.

_____/s/ Susan Mollway_____
Chief, U.S. District Judge

I hereby acknowledge receipt of the Order Setting Rule 16 Scheduling Conference.

Date    November 9, 2010    Signature _____

Atty ( ) Secy ( ) Messenger (✓)

**THIS SCHEDULING ORDER IS ATTACHED TO THE INITIATING DOCUMENT (COMPLAINT/NOTICE OF REMOVAL) & MUST BE SERVED WITH THE DOCUMENT. PLEASE DO NOT REMOVE.**



# UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII
OFFICE OF THE CLERK
300 ALA MOANA BLVD., RM C-338
HONOLULU, HAWAII 96850

**Sue Beitia**
CLERK

TEL (808) 541-1300
FAX (808) 541-1303

# M E M O

To:          All Federal Bar Members

From:        Sue Beitia, Clerk of U.S. District Court, District of Hawaii

Date:        November 9, 2010

Subject:     Corporate Disclosure Statements


Federal Rule of Civil Procedure 7.1 and Criminal Rule 12.4 both address the filing of Corporate Disclosure Statements.

Both rules state "A party must:

    (1) file the Rule 7.1(a) *(or 12.4(a))* statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

    (2) promptly file a supplemental statement upon a change in the information that the statement requires."


Thank you for your cooperation in this matter.

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

LOUISE K. Y. ING          2394-0
PETER KNAPMAN             6926-0
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail: ling@ahfi.com
         pknapman@ahfi.com

Attorneys for Defendants
GMAC MORTGAGE, LLC and
KRISTINE WILSON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 09 2010

at____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

CV 10 00653 SOM BMK

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | Case No.: |
| Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION; EXHIBITS "1" – "2"; CERTIFICATE OF SERVICE** |
| vs. | |
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her | (No trial date set) |

capacity as Limited Signing
Officer for GMAC Mortgage, LLC;
DOE INDIVIDUALS 1-10; DOE
BUSINESS ENTITIES 1-10; DOE
LLC'S 1-10, DOE CORPORATE
ENTITIES 1-10,

Defendants.

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants GMAC

MORTGAGE, LLC and KRISTINE WILSON (collectively "GMACM"),

hereby remove this action to the United States District Court for the

District of Hawaii, pursuant to 28 U.S.C. sections 1331, 1441 and

1446, and 29 U.S.C. section 1132(e).  This action is removable

pursuant to 28 U.S.C. § 1441(b) because the claims asserted by

Plaintiff COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO

("Plaintiffs") arise under the Fair Debt Collection Practices Act, 15

U.S.C. Section 1692, *et seq.* ("FDCPA").

The foregoing facts were true at the time the complaint in

this matter was filed, and remain true as of the date of filing of this

notice of removal, as more fully set forth below.

1.     On October 25, 2010, Plaintiffs filed in the Circuit Court of the First Circuit, their Complaint in the civil action entitled *Coleen Etsuko Tom and Joycelyn Wanda Unciano v. GMAC Mortgage, LLC, et al.*, Civil No. 10-1-2273-10 KKS ("Complaint").

2.     GMACM, first received a copy of the Complaint from attorney David Rosen on or around October 29, 2010.  A true, correct and complete copy of the Summons and Complaint received by GMACM is attached as Exhibit "1."

3.     On October 27, 2010 Plaintiffs filed a Motion for Preliminary Injunction.  A true and correct copy of this motion is attached as Exhibit "2".

4.     GMACM has not received copies of any other documents in the state court matter.

5.     GMACM has filed this notice of removal within 30 days of receipt of the Complaint.

6.     This action is a civil action over which the court has original jurisdiction under 28 U.S.C. section 1332, and it is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action founded on a claim or right arising under the laws of the United States, e.g. FDCPA.

Plaintiffs specifically aver (*inter alia*) in Count IV of their Complaint (paragraphs 47-57) that Defendants violated various provisions of the federal law.  Exhibit "1" at p. 10-11.

DATED: Honolulu, Hawai`i, November 9, 2010.

LOUISE K. Y. ING
PETER KNAPMAN

Attorneys for Defendants
GMAC MORTGAGE, LLC and
KRISTINE WILSON

# EX 1

Loan # ███ 7453

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 OCT 25 AM 10: 19

N. ANAYA
CLERK

GARY L. HARTMAN, 7557
1750 Kalakaua Ave. #103-3730
Honolulu, Hawaii 96826
Office: (808) 782-3035

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | ) CIVIL NO. **10-1-2273-10** K K S |
| | ) (Injunction) (Declaratory Judgment) (Non-Motor Vehicle Tort) |
| Plaintiffs, | ) |
| vs. | ) COMPLAINT/ |
| | ) PLAINTIFFS' VERIFICATION/ |
| | ) DEMAND FOR JURY TRIAL/ |
| GMAC Mortgage, LLC, a Delaware Limited | ) EXHIBITS 1-5/ |
| Liability Company, registered to do business | ) SUMMONS |
| in the State of Pennsylvania; DAVID B. | ) |
| ROSEN, ESQ., an attorney licensed to | ) |
| practice law in the State of Hawaii; | ) |
| KRISTINE WILSON, individually and in her | ) |
| capacity as Limited Signing Officer for | ) |
| GMAC Mortgage, LLC; DOE | ) |
| INDIVIDUALS 1-10; DOE BUSINESS | ) |
| ENTITIES 1-10; DOE LLC'S 1-10, DOE | ) |
| CORPORATE ENTITIES 1-10, | ) |
| | ) |
| Defendants | |

## COMPLAINT

Comes now Plaintiffs COLEEN ETSUKO TOM and JOYCELYN WANDA

UNCIANO, (hereafter "PLAINTIFFS" and/or "PLAINTIFF TOM" or "PLAINTIFF

UNCIANO") through their undersigned counsel, allege and aver as follows:

1. Plaintiffs COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO

are at all relevant times residents of the City and County of Honolulu, State of Hawaii.

2. Plaintiff TOM is the Mortgagor of a certain mortgage from Western Pacific



FILE COPY

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit


Mortgage, Inc., dated March 21, 1995, recorded on March 24, 1995 with the State of Hawaii

Bureau of Conveyances as Document No. 2226366, on Transfer Certificate Title, (TCT), No.

454,267, a canceled TCT that was replaced by TCT 546,739, (hereafter referred to as

"WESTERN PACIFIC MORTGAGE").

     3.        Plaintiff UNCIANO is the registered owner, as noted on TCT 546,739,

(hereafter "The Title"), of the real property at 92-309 Nohona Place, Kapolei Hawaii 96707.

     4.        Defendant GMAC Mortgage, LLC, a Delaware Limited Liability Company

doing business in the State of Pennsylvania, whose address is 1100 Virginia Drive, Fort

Washington, PA 19034, a foreign Limited Liability Company, alleges to be the current holder,

through mesne assignments, of the WESTERN PACIFIC MORTGAGE, executed on August 31,

2010 effective August 27, 2010, recorded with the State of Hawaii Bureau of Conveyances on

September 16, 2010, as Document Number 3999824, on TCT 546739, and is now pursuing a

non-judicial foreclosure of the Mortgage to collect a debt against the Plaintiffs. A certified copy

of the Assignment of Mortgage is attached hereto as Exhibit 1.

     5.        Defendant KRISTINE WILSON, a resident of Pennsylvania, is a Limited

Signing Officer for Defendant GMAC Mortgage, LLC is pursuing the Non-Judicial Foreclosure,

on the WESTERN PACIFIC MORTGAGE, to collect a debt against Plaintiffs, and executed an

Assignment of Mortgage of the WESTERN PACIFIC MORTGAGE, as a vice president of

Homecomings Financial Network, Inc. to Defendant GMAC Mortgage, LLC executed on August

31, 2010 effective August 27, 2010. See Exhibit 1.

     6.        Defendant David B. Rosen, Esq., an attorney licensed to practice law in the

State of Hawaii is pursuing the Non-Judicial Foreclosure, of the WESTERN PACIFIC

MORTGAGE, to collect a debt against Plaintiffs on behalf of GMAC Mortgage, LLC. A true

and exact copy of the Notice of Mortgagee's Intention to Foreclose under Power of Sale is attached as Exhibit 2.

7.       Plaintiffs are unaware of the true names and capacities of those individuals, corporations or business entities sued as DOE INDIVIDUALS 1-10, DOE BUSINESS ENTITIES 1-10, DOE LLC'S 1-10, DOE CORPORATE ENTITIES 1-10, or agencies, employed, or controlled by Defendants that may have been involved with the damages to Plaintiffs, and/or responsible for the conduct of defendants, as described in this complaint. Plaintiffs will amend this complaint to allege said defendants true names and capacities when that information becomes known. Plaintiffs therefore allege that these unknown defendants are legally responsible and liable for the occurrence and damages after described, and that each of said defendants legally caused Plaintiffs' damages by reason of actions or inactions, that were negligent, careless, deliberate, indifferent, intentional, oppressive, callous, wrongful, outrageous, and/or willful and wanton.

## BACKGROUND-EXISTING JUDICIAL FORECLOSURE-SAME MORTGAGE

8.       On May 15, 2003, a Complaint for judicial foreclosure was filed in the First Circuit Court of the State of Hawaii, by Washington Mutual Bank, FA, successor in interest to Western Pacific Mortgage, Inc., against Plaintiffs Tom[1] and Unciano, Civil Number 03-1-1029-05, regarding the WESTERN PACIFIC MORTGAGE dated March 21, 1995 and recorded on March 24, 1995 in the office of the Assistant Registrar in the County of Honolulu, State of Hawaii, Land Court, as Document No 2226366, on TCT 454,267, a canceled Transfer Certificate of Title, that was replaced by TCT 546,739. A certified copy is attached hereto as Exhibit 3.

9.       Washington Mutual Bank, FA, executed an Assignment of Mortgage dated

---

[1] Wayne Noelani Tom, husband of Coleen Etsuko Tom has passed away, and a notice of his death was filed on February 17, 2009 in the Judicial Foreclosure Proceeding, Civil No. 03-1-1029-05.

May 7, 2006 that was recorded on November 9, 2006 with the State of Hawaii Bureau of

Conveyances, as Document Number 3511440 on TCT 546,739, assigning the WESTERN

PACIFIC MORTGAGE to Homecomings Financial Network, Inc. a Minnesota Corporation.

 10. On February 27, 2007, in Civil Case No. 03-1-1029-05, Homecomings

Financial Network, Inc. filed a Motion to Substitute as Plaintiff in that was denied on November

14, 2007.

 11. On November 7, 2007, in Civil No. 03-1-1029-05, Homecomings Financial

Network Inc.'s Second Motion to Substitute as Plaintiff was filed, that was granted on December

18, 2007.

 12. On September 16, 2008, a Petition Regarding Conversion of Entity and Order

was filed in the Office of the Assistant Registrar, Land Court State of Hawaii, wherein the name

Homecomings Financial Network, Inc. a Delaware corporation, was converted to Homecomings

Financial, LLC, a Delaware Limited Liability Company. A certified copy is attached hereto as

Exhibit 4.

 13. On October 9, 2008, in Civil No. 03-1-1029-05, Homecomings Financial, LLC

filed a Motion to Substitute as Plaintiff that was granted on December 10, 2008. A true and exact

copy of the December 10, 2008 Order is attached as Exhibit 5.

 14. On March 10, 2009, in Civil No. 03-1-1029-05, an Order was filed DENYING

Homecomings Financial LLC'S Motion for Summary Judgment and Decree of Foreclosure

Against All Defendants on Complaint filed May 15, 2003, filed on December 29, 2008.

 15. On March 2, 2010, in Civil No. 03-1-1029-05, an Order was filed DENYING

Plaintiff Homecomings Financial LLC (Second) Motion for Summary Judgment and Decree of

Foreclosure Against All Defendants on Complaint filed May 15, 2003, filed on October 19,

2009.

16.    In this case, on October 6, 2010, Plaintiff Tom received from Defendants a

Notice of Mortgagee's Intention to Foreclose Under Power of Sale, regarding the WESTERN

PACIFIC MORTGAGE, that is currently the subject matter of the Judicial Foreclosure in Civil

Case No. 03-1-1029-05.    A true and exact copy is attached as Exhibit 3.  See Exhibits 2-3.

17.    October 6, 2010, Plaintiff Unciano spoke with Defendant David B. Rosen and

informed Defendant of a current Judicial Foreclosure proceeding regarding the same WESTERN

PACIFIC MORTGAGE and Defendant Rosen admitted he was aware of it and provided Plaintiff

Unciano with the Civil Case No. 03-1-1029-05, and stated *"I do  not see how it affects my*

*clients."*

18.    On October 7, 2010, Plaintiff Unciano hand delivered a letter to Defendant

Rosen's Office confirming the telephone conversation on October 6, 2010.

19.    On October 8, 2010 Defendants caused a process server to post, on Plaintiff

Unciano's property at 92-309 Nohona Place, Kapolei Hawaii, their Notice of Mortgagee's

Intention to Foreclose Under Power of Sale regarding the regarding the WESTERN PACIFIC

MORTGAGE that is currently the subject matter of the Judicial Foreclosure in Civil Case No.

03-1-1029-05.  See Exhibits 1-3.

20.    On October 8, 2010 Plaintiff Unciano received from Defendants a Notice of

Mortgagee's Intention to Foreclose Under Power of Sale set for Auction, October 29, 2010 at 12

noon, pursuant to the same mortgage, same litigants, that is currently the subject of the Judicial

Foreclosure Case in Civil No. 03-1-1029-05, See Exhibits 2-3

21.    On October 8, 2010, Plaintiff Unciano faxed numerous documents from Civil

Case No. 03-1-1029-05, to Defendant Rosen's Office that indisputably proves that Defendants

5

Non-Judicial Foreclosure Proceeding is based on the same WESTERN PACIFIC MORTGAGE with a different Plaintiff that is the subject of the Judicial Foreclosure Proceeding in Civil No. 03-1-1029-05. See Exhibits 1-3.

22.    On October 11, 2010, Defendant Rosen's Law Office called Plaintiff Unciano, confirmed receipt of the October 7, 2010 hand delivered letter, confirmed receipt of the October 8, 2010 faxed documents and informed Unciano that GMAC Mortgage, LLC will be advised.

23.    As of the date of filing this Complaint, Defendants have continued to pursue the Non-Judicial Foreclosure proceeding on the WESTERN PACIFIC MORTGAGE, that is the same subject matter of the Judicial Foreclosure proceeding in Civil Case No. 03-1-1029-05. See Exhibits 1-5.

24.    Plaintiffs Tom and Unciano now bring their complaint for relief:

COUNT I

INJUNCTIVE RELIEF

25.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-24.

26.    Pursuant to Rule 65 of the Hawaii Rules of Civil Procedure, (H.R.C.P.), Hawaii Revised Statutes, (H.R.S.), Chapter 667, and H.R.S. §480-13-(b)(2), Plaintiffs Tom and Unciano request Injunctive Relief to prevent Defendants from proceeding with the Non-Judicial Foreclosure Proceeding, currently set for auction on October 29, 2010 at 12:00 Noon.

27.    Defendants seek a non-judicial foreclosure regarding the same WESTERN PACIFIC MORTGAGE that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. See Exhibits 1-5.

28.    Plaintiffs Tom and Unciano will suffer irreparable harm if injunctive relief is not provided.

6

29.     Plaintiffs Tom and Unciano request attorneys fees and costs pursuant to H.R.S. §480-2 and H.R.S. §480-13.

## COUNT II

## DECLARATORY JUDGMENT

30.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-29.

31.     Plaintiffs Tom and Unciano seek a Declaratory Judgment pursuant to H.R.S. §632-1, and Hawaii Rules of Civil Procedure (H.R.C.P), Rule 57.

32.     Plaintiffs are entitled to a Declaratory Judgment that the Assignment of Mortgage, executed on August 31, 2010, from Homecomings Financial Network Inc. to Defendant GMAC Mortgage, LLC is not a valid assignment of the WESTERN PACIFIC MORTGAGE, that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. See Exhibits 1 & 3-5.

33.     As of October 6, 2006 Homecomings Financial Network Inc., changed its name to Homecomings Financial LLC, and a Petition for Order Regarding Conversion of Entity was recorded with the State of Hawaii Bureau of Conveyances on September 16, 2008 as Document Number 176281. See Exhibit 4.

34.     On September 16, 2008, a Petition Regarding Conversion of Entity and Order was filed in the Office of the Assistant Registrar, Land Court State of Hawaii, wherein the name Homecomings Financial Network, Inc. was converted to Homecomings Financial, LLC. See Exhibit 4.

35.     As of December 10, 2008, Homecomings Financial LLC has been substituted as Plaintiff in Civil Case No. 03-1-1029-05, a Judicial Foreclosure Proceeding, regarding the

7

same WESTERN PACIFIC MORTGAGE that is currently the subject matter of Defendant GMAC Mortgage LLC'S Non-Judicial Foreclosure. Exhibit 5.

36.    Defendants now claim Homecomings Financial Network Inc., assigned the WESTERN PACIFIC MORTGAGE to Defendant GMAC Mortgage LLC., on August 31, 2010, recorded in the State of Hawaii Bureau of Conveyances on September 16, 2010 as Document Number 3999824 on Certificate 546,739. See Exhibit 1 and See Exhibits 4-5.

37.    Plaintiffs are entitled to a declaratory judgment that GMAC Mortgage LLC does not have a valid assignment of mortgage regarding the WESTERN PACIFIC MORTGAGE, that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. See Exhibits 1, 3-5

38.    Plaintiffs Tom and Unciano also request a declaratory judgment that Defendants actions identified herein are Deceptive Practices in violation of Hawaii Unfair and Deceptive Practices Act, H.R.S. §480-2.

39.    Plaintiffs Tom and Unciano also request a declaratory judgment that Defendants actions identified herein are Unfair Debt Collection Practices in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692.

40.    Plaintiffs Tom and Unciano also request a declaratory judgment that Defendants actions identified herein are Unfair Debt Collection Practices in violation of the Hawaii Debt Collection Practices Act, H.R.S. §480d-3. See Exhibits 1-3.

## COUNT III

### UNFAIR AND DECEPTIVE PRACTICES H.R.S. §480-2

41.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-40.

42.    Defendants are in business of providing services to consumers.

43.    Plaintiffs Tom and Unciano are natural persons and consumers who, primarily for personal, family, or household purposes, purchased, or committed money for services in a personal investment.

44.    The actions following acts of Defendants were unfair and deceptive acts, and therefore unlawful pursuant to H.R.S. §480-2:

a.    Assignment of Mortgage on August 31, 2010 to GMAC Mortgage LLC, by Kristine Wilson, an employee of GMAC LLC, regarding the WESTERN PACFIC MORTGAGE, that was claimed to be owned by Homecomings Financial LLC in Civil No. 03-1-1-29-05.  See Exhibits 1, 3-5

b.    Defendants GMAC Mortgage LLC, Kristine Wilson, and David B, Rosen caused Defendants' Notice of Mortgagee's Notice of Intent to Foreclose Under Power of Sale regarding the WESTERN PACFIC MORTGAGE, to be published on numerous occasions in the Honolulu Star-Advertiser newspaper, recordation in the State of Hawaii Bureau of Conveyances, posting on Plaintiff Unciano's property, and service on Plaintiffs Tom and Unciano, in their attempt to obtain a non-judicial foreclosure on a mortgage that is previously claimed to be owned by Homecomings Financial LLC and presently being litigated in Civil No. 03-1-1-29-05, a judicial foreclosure proceeding against Plaintiffs Tom and Unciano.  See Exhibits 2-5.

45.    The actions herein of Defendants were unfair and deceptive acts and caused Plaintiffs to suffer actual harm.

46.    Plaintiffs were harmed by each and every unfair and deceptive act and practice of Defendants in violation of H.R.S. §480-2, and seek treble damages, attorneys fees and costs pursuant to H.R.S. §480-13, as well as injunctive relief pursuant to H.R.S. §480-13(b)2) in Count

I of this Complaint.

## COUNT IV

## VIOLATIONS FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692

47.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-46.

48.    Defendants have taken actions to collect a non-existent debt claimed to be owned by Defendant GMAC Mortgage, LLC.

49.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(d) (4), the advertisement for sale of any debt to coerce payment of the debt.

50.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(e) (2(A), false representation of the character, amount or legal status of any debt).

51.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(e) (5), threat to take any action that cannot legally be taken.

52.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(e) (6) (A), false representation that a sale, referral, or other transfer on any interest in a debt shall cause the consumer to lose any claim or defense to payment of the debt.

53.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(e) (6) (B), false representation that a sale, referral, or other transfer on any interest in a debt shall cause the consumer to become subject to any practice prohibited by this subchapter.

54.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(e) (12), false representations or implication that accounts have been turned over to innocent purchasers for value.

55.    Defendants actions violated the Fair Debt Collections Act, 15 U.S.C. §1962(f)(6)(A), talking or threatening to take any non-judicial action to effect dispossession or

disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest.

56.    Plaintiffs Tom and Unciano suffered actual damage by Defendants actions.

57.    Plaintiffs Tom and Unciano are entitled to relief for each and every act of Defendants that violates 15 U.S.C. §1962, and seeks damages pursuant to 15 U.S.C. §1962(k), including a reasonable amount for attorney's fees and costs.

## COUNT V

### VIOLATIONS HAWAII DEBT COLLECTION PRACTICES H.R.S. §480D-3

58.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-57.

59.    Defendants actions to collect a consumer debt violated the Hawaii Debt Collection Practices Act, H.R.S. §480D-3(6) by threatening to sell the debt implying that the sale will cause Plaintiffs to lose a defense or legal right as a result of the sale.

60.    Defendants actions to collect a consumer debt violated the Hawaii Debt Collection Practices Act, H.R.S. §480D-3(8) by publishing false and material information related to the indebtedness.

61.    Defendants violation of §480D-3 are unfair and deceptive acts pursuant to H.R.S. §480-2.

62.    Plaintiffs Tom and Unciano suffered actual damages as the result of Defendants actions.

63.    Plaintiffs Tom and Unciano are entitled to relief for each and every act of Defendants that violates §480D-3 and seeks damages pursuant to §480D-3 including a reasonable amount for attorneys fees and costs.

11

OCT/27/2010/WED 06:19 PM                    FAX No. 80     4988              P. 014

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiffs re-allege and aver, and incorporates by reference, paragraphs 1-63.

65.     Defendants' intentional acts identified herein caused Plaintiffs to suffer extreme

emotional distress.

66.     Defendants caused the publication of a false debt in the newspaper, and posted

the Notice of Intent to Foreclose on a false debt that was seen by family members, neighbors and

friends.

67.     Defendants' actions were extremely outrageous, intentional, and likely to cause

extreme emotional distress.

68.     Plaintiffs are entitled to an award of damages for Defendants Intentional

Infliction of Emotional Distress.

## COUNT VI

## FRAUDULENT MISREPRESENTATION

69.     Plaintiffs re-allege and aver, and incorporates by reference, paragraphs 1-68.

70.     Defendant Kristine Wilson, while employed as a Limited Signing Officer for

Defendant GMAC Mortgage, LLC,  made false representations on August 31, 2010, that she was

a vice president of Homecomings Financial Network Inc., and had authority to assign the

WESTERN PACIFIC MORTGAGE, to Defendant GMAC Mortgage LLC, that is currently the

subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05, and Homecomings

Financial Network Inc., a Delaware corporation, no longer exists as the name has been changed

to Homecomings Financial LLC in 2007.  Exhibit 1, 3-5.

71.    Defendant Kristine Wilson as Limited Signing Officer for Defendant GMAC Mortgage LLC made a false representation on September 15, 2010, when she signed Defendant GMAC Mortgage LLC Notice of Mortgagee's Intention to Foreclose under Power of Sale regarding the Western Pacific that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Exhibit 2-5.

72.    Defendant GMAC Mortgage LLC made false representations on September 15, 2010 through its Notice of Mortgagee's Intention to Foreclose Under Power of Sale regarding the WESTERN PACIFIC MORTGAGE that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Exhibits 2-5.

73.    Defendant DAVID B. ROSEN, ESQ., made false representations when he allowed the use of his name to appear on the GMAC Mortgage LLC Notice of Intention to Foreclose Under Power of Sale regarding the WESTERN PACIFIC MORTGAGE, that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Exhibit 1-5.

74.    Defendant David B. ROSEN, ESQ. also made false representations on October 6, 2010 when he informed Plaintiff Unciano the Judicial Foreclosure in Civil Case No. 03-1-1029-05 had no bearing on the GMAC Mortgage LLC'S Non-Judicial Foreclosure of the WESTERN PACIFIC MORTGAGE that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Exhibits 1-5.

75.    Defendants also made their false representations to Plaintiffs Tom and Unciano when they caused the Notice of Mortgagee's Intention to Foreclose Under Power of Sale regarding the WESTERN PACIFIC MORTGAGE, to be recorded with the State of Hawaii Bureau of Conveyances, when published on several occasions in the Honolulu Star-Advertiser

76.    The Defendants' false representations regarding the Assignment of Mortgage

and Notice of Mortgagee's Intention to Foreclose Under Power of Sale, regarding the

WESTERN PACIFIC MORTGAGE, were in contemplation that Plaintiffs Tom and Unciano

would rely upon the false representations.

77.    Plaintiffs Tom and Unciano actually relied on Defendants false representations

and have suffered actual damage.

78.    Plaintiffs Tom and Unciano request an award of actual damages, punitive

damages in an amount sufficiently high enough to deter Defendants from continuing their

negligent misrepresentations against others, 3x times the value of the property Defendants

attempted to take by Non-Judicial Foreclosure, plus their attorney's fees and costs.

## COUNT VII

## NEGLIGENT MISREPRESENTATION

79.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-78.

80.    Defendants supplied false information to Plaintiffs Tom and Unciano, Notice of

Mortgagee's Intention to Foreclose Under Power of Sale regarding the WESTERN PACIFIC

MORTGAGE, that is currently the subject matter of the Judicial Foreclosure in Civil Case No.

03-1-1029-05, and Assignment of Mortgage to GMAC Mortgage LLC, as the result of their

failure to exercise reasonable care or competence in communicating the information supplied.

See Exhibits 1-5.

81.    Plaintiffs Tom and Unciano, for whose benefit Defendants supplied the false

information, suffered the loss;

82.    Plaintiffs Tom and Unciano relied upon Defendants false misrepresentations.

14

83.    Plaintiffs Tom and Unciano request an award of actual damages, punitive damages in an amount sufficiently high enough to deter Defendants from continuing their negligent misrepresentations against others, 3x times the value of the property Defendants attempted to take by Non-Judicial Foreclosure, plus their attorney's fees and costs. WHEREFORE, Plaintiffs pray for Judgment against Defendants, individually and jointly, as follows:

A.    Injunctive Relief as requested in Count I herein;

B.    Declaratory Judgment as requested in Count II herein;

C.    Declaratory Judgment that Defendants violated Fair Debt Collection Practices Act, U.S.C. 15 U.S.C. §1962, and enter Judgment in favor of Plaintiff for Award of Actual Damages and Statutory Damages for each violation pursuant Fair Debt Collection Practices Act, U.S.C. 15 U.S.C. §1962(k), and an award of attorneys fees and costs pursuant to U.S.C. 15 U.S.C. §1962(k), as requested in Count II and Count III herein.

D.    Enter Judgment in Plaintiffs favor against all Defendants for Actual Damages and Statutory Damages, including treble damages, pursuant to H.R.S. §480-13, for each violation of Hawaii Unfair and Deceptive Practices Act, Chapter 480-2 H.R.S., in an amount to be proven at trial, and award Plaintiffs a reasonable amount for attorneys fees and costs;

E.    Pursuant to H.R.S. §480-3.1, Assess the maximum civil penalty against each Defendant, individually, for each violation of H.R.S. §480-2;

F.    Award a reasonable amount to be proven at trial for Defendants Intentional Infliction of Emotional Distress;

G.  Award Plaintiffs General Damages, Special Damages and Punitive Damages in an amount to be proven at trial for Defendants Fraudulent Misrepresentations.

H.  Award Plaintiffs General Damages, Special Damages and Punitive Damages in an amount to be proven at trial for Defendants Negligent Misrepresentations

I.  Award costs of suit and attorneys fees as permitted by law;

J.  Award any further relief that the Court or Jury considers just and proper.

Dated: Honolulu, Hawaii,    October __21__, 2010,

Gary L. Hartman

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

16

## DEMAND FOR JURY TRIAL

Plaintiffs COLLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO hereby demand a

jury trial on issues as permitted by law in the foregoing Complaint.

_____
COLLEEN ETSUKO TOM

_____
JOYCELYN WANDA UNCIANO

## VERIFICATIONS

I, COLEEN ETSUKO TOM, am a Plaintiff in this matter, and hereby verify that I have read this
Complaint, and agree with the contents therein.

_____
COLLEEN ETSUKO TOM

I, JOYCELYN WANDA UNCIANO, am a Plaintiff in this matter, and hereby verify that I have
read this Complaint, and agree with the contents therein.

_____
JOYCELYN WANDA UNCIANO

17

TOM AND UNCIANO V. GMAC MORTGAGE LLC ET AL                    EXHIBIT 1



L-292    STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2010    08:01 AM

Doc No(s) 3998824
on Cert(s) 546,739



/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1/1    Z11

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

---

LAND COURT RECORDING SYSTEM          REGULAR RECORDING SYSTEM

---

After Recordation Return By:  Mail ( X )    Pickup ( )
CAL-WESTERN RECONVEYANCE CORP.
525 EAST MAIN STREET
EL CAJON, CA 92020

THIS INSTRUMENT FILED FOR RECORD BY
FIRST AMERICAN TITLE COMPANY, INC. AS
AN ACCOMMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR
AS TO ITS EFFECT UPON THE TITLE.

This document contains
2 pages

---

TYPE OF DOCUMENT:          ASSIGNMENT OF MORTGAGE



Recording Requested By
And When Recorded Mail To:

GMAC MORTGAGE, LLC
P.O. BOX 8300
FORT WASHINGTON PA  19034

*1276690-06*   *asgntdxr*

SPACE ABOVE THIS LINE FOR RECORDER S USE

T.S. NO.   1276690-06     LOAN NO.     XXXXXX7453

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
GMAC MORTGAGE, LLC a Delaware Limited Liability Company whose address is P.O. BOX 8300
FORT WASHINGTON PA  19034
all beneficial interest under that certain mortgage dated March 21, 1995, executed by
WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE, mortgagor,
and recorded in Office of the Assistant Registrar in Land Court Document Instrument No. 2226366 on March 24,
1995 in Transfer Certificate Title No. 454,267, state of Hawaii describing land therein as
COMPLETELY DESCRIBED IN SAID MORTGAGE

together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.

Effective Date:            HOMECOMINGS FINANCIAL NETWORK, INC.
8-27-2010

Kristine Wilson
Kristine Wilson     Vice President

State of Pennsylvania
County of Montgomery
On 8/31/10                before me,   Tina Wittmann
a Notary Public, personally appeared   Kristine Wilson                                    , who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of PA          that the
foregoing paragraph is true and correct.
WITNESS my hand and official seal                                   (Seal)

Signature

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Wittbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries

ASGNTDHL.doc                          Rev. 5/25/10                          Page 1 of 1

TOM AND UNCIANO V. GMAC MORTGAGE LLC ET AL          EXHIBIT 2

LAND COURT

REGULAR SYSTEM

After recordation, return by mail ☒ or pick up ☐

**GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
FORT WASHINGTON PA 19034**

Document contains 3 pages

TITLE OF DOCUMENT: Power of Sale          TITLE NO.:      4429793

PARTIES TO DOCUMENT:

          MORTGAGEE:          GMAC MORTGAGE, LLC
          MORTGAGOR(S):       WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND
AND WIFE

PROPERTY DESCRIPTION:

LIBER/PAGE:
DOCUMENT NO:
TRANSFER CERTIFICATE OF TITLE NO(S):



NOSHI.DOC                          Rev 10/15/09                          Page 1 of 3

## NOTICE OF MORTGAGEE'S INTENTION TO FORECLOSE UNDER
POWER OF SALE

TS No: 1276690-06   Loan No: XXXXXX7453   Title No: 4429793

Mortgagor/Borrower: WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE

GMAC MORTGAGE, LLC whose address is 1100 VIRGINIA DRIVE FORT WASHINGTON PA 19034 , as mortgagee pursuant to Hawaii Revised Statutes 667-5 through 667-10 as amended, and that mortgage dated March 21, 1995 and recorded on March 24, 1995 in the Office of the Assistant Registrar in the County of HONOLULU, State of Hawaii, Land Court, as Document No 2226366, on Transfer Certificate Title No. 454,267, gives notice that Mortgagee will hold a sale by public auction on October 29, 2010 at 12:00 noon At the outside front entrance of the First Circuit Court Building at 777 Punchbowl Street, HONOLULU, Hawaii, of real property located at 92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309 NOHONA STREET KAPOLEI HI 96707, Fee Simple as Tax Map Key Number of (1) 9-2-014-090-0000, COMPLETELY DESCRIBED IN SAID MORTGAGE.

Terms of the sale are: (1) No upset price; (2) Property is sold strictly in "AS IS" and "WHERE IS" condition; (3) Property is sold without covenant or warranty, either express or implied, as to title, possession or encumbrances; (4) At the close of the auction, Purchaser shall pay at least 10% of the highest successful bid price ("Bid") in cash, or by cashier's or certified check; provided, however, that Mortgagee may submit a credit bid up to the amount of the secured indebtedness; (5) The property shall be conveyed by Mortgagee by mortgagee's quitclaim conveyance, provided by Mortgagee, within 30 days after the auction and upon performance by Purchaser, no later than 21 days after the auction, of the following obligations: (a) In order to comply with recording the Mortgagee's Affidavit within the statutory timeframe, no later than thirty days from the date of sale, purchaser shall deliver to Cal-Western Reconveyance Corporation @ 525 East Main Street, El Cajon CA 92022 a cashier's check for the remaining balance of the bid price, no later than the 21st day following sale; (b) Purchaser shall pay all closing costs including, but not limited to: costs of document drafting, notary fees, consent fees, conveyance tax, recordation fees and other charges, together with any assessments which may arise under HRS § 514A-90 et seq.; and (c) Any real property taxes and lease rents shall be paid by Purchaser and not be prorated; (6) The availability of title or other insurance shall not be a condition of the sale, and the Purchaser shall be responsible for obtaining a certificate of title and title insurance, if so desired; (7) The obligation for taxes, lease/ground rent, common expenses and similar charges shall be the responsibility of the purchaser; (8) the Purchaser shall not take occupancy prior to confirmation of the sale, and responsibility of securing possession of the property as of confirmation of the sale shall be with the Purchaser; (9) Time is of the essence in this transaction and any delay in performance by Purchaser which prevents the closing from occurring within 30 days after the auction shall cause Mortgagee to sustain damages in amounts which will be difficult to ascertain. In the event the sale does not close because of any delay in performance by the Purchaser as herein stated, the 10% down payment may be retained by Mortgagee as liquidation damages and not as a penalty; (10) By submitting the Bid, Purchaser acknowledges reading the terms and conditions set forth in this notice and agrees to be bound thereby and sign a written acceptance of all terms herein; and (11) This sale may be postponed from time to time by public announcement made by Mortgagee or someone acting on Mortgagee's behalf.

NOTICE IS HEREBY GIVEN THAT THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. HOWEVER, IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

Inquiries should be directed to DAVID B. ROSEN, ESQ. at (808)523-9494
EMAIL:ROSENLAW-FORECLOSURE@HAWAII.RR.COM
810 RICHARDS STREET, SUITE 880
HONOLULU HI 96813

TS No: **1276690-06**  Loan No: **XXXXXX7453**  Title No: **4429793**

Mortgagor/Borrower: **WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE**

Dated: September 15, 2010                    GMAC MORTGAGE, LLC

                                                    *Kristine Wilson*

                                                    **Kristine Wilson**
                                                    **Limited Signing Officer**

State of P.A.
County of Montgomery
On Sept. 15, 2010 before me, Mary Lynch
a Notary Public, personally appeared Kristine Wilson , who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of Pennsylvania
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal                              (Seal)

Signature _Mary Lynch_

                        COMMONWEALTH OF PENNSYLVANIA
                                Notarial Seal
                        Mary Lynch, Notary Public
                        Upper Dublin Twp., Montgomery County
                        My Commission Expires Nov. 3, 2010
                        Member, Pennsylvania Association of Notaries



NOSHI.DOC                        Rev 10/15/09                        Page 3 of 3

TLC

Of Counsel:
STANTON CLAY CHAPMAN CRUMPTON & IWAMURA

STEVEN T. IWAMURA      # 5237
DEREK W.C. WONG        # 4155
ROBERT M. EHRHORN, JR. # 977
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No. (808) 535-8400
Facsimile: (808) 535-8444

Attorneys for Plaintiff
WASHINGTON MUTUAL BANK, FA

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 MAY 15 PM 3: 13

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA | CIVIL NO. **03-1-1029-05** |
| Plaintiff, | (Foreclosure) |
| vs. | COMPLAINT; EXHIBITS 1 - 2; SUMMONS |
| WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, | |
| Defendants. | |

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
$200.00

PAID
SURCHARGE
$25.00

## COMPLAINT

COMES NOW Plaintiff WASHINGTON MUTUAL BANK, FA, by and through its attorneys, Stanton Clay Chapman Crumpton & Iwamura, and for Complaint against Defendants above-named, alleges and avers as follows:

1.    Plaintiff WASHINGTON MUTUAL BANK, FA ("Lender") holds the mortgagee's interest in that Mortgage, more fully described herein, which is the subject of this foreclosure.

2.    Defendants WAYNE NOELANI TOM, COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO are residents of the City and County of Honolulu, State of Hawaii.

3.    Defendant JOYCELYN WANDA UNCIANO owns the fee simple interest in real property located in the City and County of Honolulu, State of Hawaii, that is the subject of this foreclosure ("the property").

4.    Defendant CITIFINANCIAL, INC. 221, LLC, fka ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, may claim an interest in the property by virtue of that mortgage dated December 18, 1996, and filed in the Office of the Assistant Registrar, Land Court, State of Hawaii, as Document Number 2355360 and noted on Transfer Certificate of Title Number 546,739. This interest is junior and subordinate to Lender's first mortgage lien.

2

5.    Defendant DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII may claim an interest in the property by virtue of that State Tax Lien dated December 9, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document Number 97-173927.   This interest is junior and subordinate to Lender's first mortgage lien.

6.    Defendant STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES may claim an interest in the property by virtue of that judgment dated June 10, 1999, and filed in Civil Number 1RC98-1423, in the District Court of the First Circuit, Ewa Division, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 4, 1999, as Document Number 99-159490.   This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

7.    Defendant FIRST HAWAIIAN BANK, fka FIRST INTERSTATE BANK OF HAWAII, may claim an interest in the property by virtue of that judgment dated January 25, 2000, and filed in Civil Number 96-2265-06 in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on January 28, 2000, as Document Number 2000-012272.   This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property

and is, in any event, junior and subordinate to Lender's first mortgage lien.

8.   Defendants CURT DUKE PRATT and JUDITH HILOKO PRATT may claim an interest in the property by virtue of (1) that judgment dated July 31, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on August 12, 2002, as Document Number 2002-140815, and (2) that judgment dated September 25, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 7, 2002, as Document Number 2002-178031.  This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

9.   Defendant UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service, Department of the Treasury, may claim an interest in the property by virtue of (1) that certain Tax Lien against Joycelyn W. Unciano, dated July 20, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document No. 97-103893, and (2) that certain Tax Lien against Herbert L. Unciano and Joycelyn W. Unciano in the Bureau of Conveyances, State of Hawaii, as Document Number 97-134949.

10.   Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE
PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and
DOES GOVERNMENTAL UNITS 1-10 are persons and/or entities who
have or may have lien rights in the property being foreclosed
upon and/or who have, or may have, in some manner presently
unknown to Plaintiff, an interest in the property being
foreclosed upon and whose true names, identities, interests and
capacities are presently unknown to Plaintiff or Plaintiff's
attorneys although a diligent and good faith effort has been
undertaken to ascertain the Doe Defendants' full names and
identities through a title search on the property.

11.   On or about March 21, 1995, for value received,
Defendants WAYNE NOELANI TOM and COLEEN ETSUKO TOM ("Defendant
Borrowers"), as makers, made, executed and delivered to WESTERN
PACIFIC MORTGAGE, INC., a Hawaii corporation, ("Assignor") a
certain promissory note dated March 21, 1995 ("Note") for the
principal sum of One Hundred Sixty Thousand Dollars and No Cents
($160,000.00). A true and correct copy of the Note is attached
hereto as Exhibit 1.

12.   This Note was secured by that certain Mortgage
dated March 21, 1995 ("Mortgage"), executed by Defendants WAYNE
NOELANI TOM and COLEEN ETSUKO TOM ("Defendant Mortgagors"), as
mortgagors, in favor of Assignor, as mortgagee, and filed in the
Office of the Assistant Registrar, Land Court, State of Hawaii,

5

on March 24, 1995, as Document Number 2226366 and noted on Transfer Certificate of Title Number 546,739. A true and correct copy of the Mortgage is attached hereto as Exhibit 2. The Mortgage mistakenly designates the property address as 92-309 Nohana Street, Kapolei, Hawaii, 96707. The correct property address is 92-309 Nohona Place, Kapolei, Hawaii, 96707, TMK No. (1) 9-2-014-090, more fully and particularly described in Exhibit A attached to the Mortgage.

13. By *mesne* assignment, Plaintiff is now owner of the Mortgage; Plaintiff is also owner and holder of the Note.

14. Defendant Mortgagors defaulted in the observance and performance of the terms, covenants and conditions set forth in the Mortgage, and Defendant Borrowers defaulted in the observance and performance of the terms and conditions of the Note in that Defendant Borrowers failed and neglected to pay the principal sum thereof and the interest thereon at the times and in the manner therein provided, and failed and neglected to pay the additional Mortgage expenses, advances and charges incurred or made pursuant to the terms and conditions of the Mortgage.

15. By reason of this breach, Lender exercised its option under the terms and covenants of the Note and Mortgage to declare the entire principal balance under the Note and Mortgage, together with accruing interest, accruing late charges, payments, expenses and other advances, immediately due

6

and payable; due notice was given to Defendant Borrowers and Defendant Mortgagors of Lender's acceleration of the debt. Although demand has been made by Lender with respect to amounts due and payable to Lender, Defendant Borrowers failed, refused and neglected to pay the same.

16. Therefore, the entire unpaid principal balance plus accruing interest, accruing late charges, payments, expenses and other charges owed to Lender under the terms of the Note and/or Mortgage is now due and payable from Defendant Borrowers to Lender.

17. By reason of the above facts, Lender is entitled to the foreclosure of the Mortgage and to the sale of the property.

18. The Mortgage provides that in the event of foreclosure, Lender may be awarded all sums secured by the Mortgage, including reasonable attorneys' fees and all costs and expenses provided for in the Note, including any advances made necessary or advisable or sustained by Lender for the benefit or protection of the subject property or in connection therewith.

19. Lender's Mortgage is prior and superior to the interests of all other parties herein.

THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE OF THE

7

**DEBT FROM A BANKRUPTCY COURT, THIS COMPLAINT IS NOT AND SHOULD NOT IN ANY WAY BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.**

WHEREFORE, Lender prays as follows:

1)    That process of this Honorable Court issue summoning the above-named Defendants to appear and answer the allegations of this complaint as by law provided and to stand to and perform and abide by such orders, decrees and directions as may be made and entered herein.

2)    That upon a hearing had herein, there be ascertained the total amount due to Lender at the time of judgment under the Note and Mortgage including principal, interest, costs, expenses or advances, late fees and attorneys' fees; and that this Court determine and decree:

a.    That there is due and owing to Lender by virtue of the terms of the Note and Mortgage and of the proofs adduced, a certain sum of money, and that such sum of money, together with legal interest accrued thereon, and all costs, expenses or advances, late fees and attorneys' fees aforesaid be declared to be a valid and enforceable lien upon the property; and that this Court fix and determine just and reasonable attorneys' fees for Plaintiff's attorneys herein;

b.    That upon the foreclosure sale herein prayed for, all Defendants whose claims and interests are junior and

8

subordinate to Lender's Mortgage, including Defendant Borrowers, Defendant Mortgagors, and all persons claiming any interest in the property, by, through or under said Defendants, shall be forever barred and foreclosed of and from all right, title and interest and claims at law or in equity in and to the property;

c.   That this Court appoint a commissioner to take possession of the property, subject to prior liens if any, and that he/she be authorized to collect rents, deal with the property and to sell the same for cash, in lawful money of the United States of America, in the manner provided by law and by order of this Court, subject to other liens, if any, which this Court may find to be prior and superior to the lien of Lender, and upon the confirmation of said sale by this Court, that the commissioner be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the property as may be appropriate in the premises, and, except for any such aforementioned prior liens, otherwise free and clear of all liens, encumbrances and claims of creditors, to the same, except that nothing herein shall impair the right of redemption, if any, of the United States of America, under Section 2410, Title 28, United States Code;

d.   That Lender be allowed to become a purchaser in such sale, by way of credit bid, without the requirement of any down payment at said sale;

9

e.   That after the payment of all necessary expenses of such sale and commissioner fees, the commissioner be authorized and directed to make application of the proceeds thereof, so far as the same may be necessary, in such amounts and in such priority as determined by this Court;

f.   Provided, however, if the proceeds of such sale shall be insufficient to pay the aforesaid sums to Plaintiff and it shall appear that a deficiency exists, that Plaintiff shall not seek judgment for such deficiency against Defendants Wayne Noelani Tom and Coleen Etsuko Tom.

g.   That Lender have such other and further relief as this Court deems just and proper in the premises.

DATED:   Honolulu, Hawaii, _____5-14-03_____.

_____
STEVEN T. IWAMURA
DEREK W.C. WONG
ROBERT M. EHRHORN, JR.
Attorneys for Plaintiff

10


All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of the occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquired fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7.   **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8.   **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9.   **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

Form 3012   9/90

784396124



# NOTE

Loan No. 30(W)

March 21, 1995

Honolulu, Hawaii

92-309 Nohona Street, Kapolei, Hawaii 96707
Property Address

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $160,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Western Pacific Mortgage, Inc., a Hawaii corporation.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.50%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on May 1, 1995. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1, 2025, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 735 Bishop Street, Suite 235, Honolulu, Hawaii 96813 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,230.27.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be five percent (5.0%) of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

Multistate Fixed Rate Note-Single Family-FNMA/FHLMC Uniform Instrument          Form 3200   12/83
CMBL\24565\43921.TWMRN

# EXHIBIT 1

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2                                    Form 3200  12/83

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____
Wayne Noelani Tom

_____
Coleen Etsuko Tom

"Borrower"

3                                    Form 3200  12/83

L-172

OFFICE OF ASSISTANT REGISTRAR
RECORDED

MAR 24 1995   08:01 AM

Doc No(s) 2226356

on Cert(s) 454,267

/s/ CARL T. WATANABE
ASSISTANT REGISTRAR

SMRF  $160.00

FHLMC  9/95
#375430

RETURN BY MAIL (X) PICKUP ( )

2B-180453   ③ 4c

Mellon Mortgage Company
P.O. Box 4883
Houston, Texas 77210
Loan No. 375430(W)

TG:  180455
TGB: 951010166
     LYNNE NAKAMURA

2900

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on March 21, 1995. The mortgagor is:

Wayne Noeland Tom and Coleen Etsuko Tom, husband and wife, whose address is 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Borrower").

This Security Instrument is given to Western Pacific Mortgage, Inc., a Hawaii corporation, with its address at 735 Bishop Street, Suite 235, Honolulu, Hawaii 96813 ("Lender"). Borrower owes Lender the principal sum of One Hundred Sixty Thousand And No/100 Dollars (U.S. $160,000.00). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2025. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the property described in the attached Exhibit "A" and having the following address: 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Hawaii-Single Family-FNMA/FHLMC Uniform Instrument                    Form 3012  9/90

# EXHIBIT 2

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1.  Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2.  Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3.  Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4.  Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5.  Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

2

Form 3012  9/90

10.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11.  **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12.  **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13.  **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15.  **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provision of this Security Instrument and the Note are declared to be severable.

16.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17.  **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4                                                                                                    Form 3012   9/90

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give Borrower notice of sale in the manner provided in paragraph 14. Lender shall publish a notice of sale and shall sell the Property at the time and place and under the terms specified in the notice of sale. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Secured Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument to Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. **Waivers.** Borrower relinquishes all right of dower and curtesy in the Property.

24. **Choice of Insurer.** Borrower may purchase any insurance required by this Security Instrument from an insurer or agent of Borrower's choice, subject only to Lender's right to reject a given insurer or agent based on reasonable standards, uniformly applied, relating to the extent of coverage required and the financial soundness and services of the insurer or agent.

5                                                          Form 3012 9/90

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
–NONE–

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Wayne Noelani Tom_ _____
Wayne Noelani Tom

_Coleen Etsuko Tom_ _____
Coleen Etsuko Tom

"Borrower"

State of Hawaii            )
City and County of Honolulu  )  SS.

On _March 21, 1996_____, before me personally appeared Wayne Noelani Tom and Coleen Etsuko Tom, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacities shown, having been duly authorized to execute such instrument in such capacities.

_Katie Medeiros_ _____
Notary Public, State of Hawaii
My commission expires: 9-1-98


KATIE MEDEIROS
NOTARY PUBLIC
STATE OF HAWAII

6

Form 3012 9/90

EXHIBIT "A"                                    Loan No. 375430[W]

All of that certain parcel of land situate at Honolulu, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOT 2290, area 7,154 square feet, more or less, as shown on Map 201, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1069 of the Trustees of the Estate of James Campbell, deceased,

BEING the property conveyed to WAYNE NOBLANI TOM and COLEEN ETSUKO TOM, husband and wife, by Warranty Deed filed before this instrument and described in Certificate of Title No. *4546, 267*

SUBJECT, HOWEVER, to the following:

1.    Designation of Easement "622" ( 5 feet wide) for drainage swale purposes, as shown on Map 201, as set forth by Land Court Order No. 31486, filed March 30, 1970.

2.    The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Deed dated June 27, 1978, filed as Document No. 890372.

3.    Party Wall Agreement between James Harold Bennett, Jr. and Mary Ann Bennett, husband and wife, and Herbert Leonillo Unciano and Joycelyn Wanda Unciano, husband and wife, recorded before this instrument.

END OF EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA<br><br>      Plaintiff,<br><br>    vs.<br><br>WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>      Defendants. | CIVIL NO.<br>(Foreclosure)<br><br>SUMMONS |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Steven T. Iwamura, of Stanton Clay Chapman Crumpton & Iwamura, Plaintiff's attorneys, whose address is 700 Bishop Street, Suite 2100, Honolulu, Hawaii, 96813, an answer to the Complaint which is attached. This action must be taken within twenty (20) days

after service of this summons upon you, exclusive of the day of service.

The United States of America has sixty days after the service of this Summons to answer the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

If you fail to obey this Summons, this may result in an entry of default and DEFAULT JUDGMENT will be taken against you.

DATED: Honolulu, Hawaii,    __MAY 15 2003__ .

_____
Clerk of the above-entitled Court

2

TOM AND UNCIANO V. GMAC MORTGAGE LLC ET AL                    EXHIBIT 4



L-224    STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2008        08:02 AM
L.C. Order No(s) 176281
on Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1/1    Z1

LAND COURT
STATE OF HAWAII
FILED
2008 SEP 10  AM 11: 35
KATHLEEN HARIWAHINE
REGISTRAR

| LAND COURT | REGULAR SYSTEM |
|---|---|

RETURN BY MAIL ( )  PICKUP (X) TO:                    Total Pages ____

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE
Anders G. O. Nervell, Esq.
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

## IN THE LAND COURT OF THE STATE OF HAWAII

## PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ANDERS G. O. NERVELL 5588
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400

Attorneys for Petitioner
Homecomings Financial, LLC, a Delaware limited liability company

A TRUE COPY, ATTEST WITH
THE SEAL OF SAID COURT.
TRACIANN SHIMABUKURO
Clerk

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

IN THE LAND COURT OF THE STATE OF HAWAII

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

To the Honorable Judge of the Land Court of the State of Hawaii:

COMES NOW, petitioner, HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, and alleges as follows:

1. That HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware corporation, was converted into and under the charter and title of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, as evidenced by the Certificate of Conversion to Limited Liability Company dated October 6, 2006; a certified copy of said Certificate filed on October 6, 2006 with the Secretary of State of the State of Delaware presented and withdrawn (xerox copy substituted and attached hereto).

2. That there are currently outstanding mortgages, and releases, assignments and amendments of mortgages, and other documents bearing the name HOMECOMINGS FINANCIAL NETWORK, INC., filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii and noted on numerous Land Court Certificates of Title.

3. That to note the foregoing conversion with respect to all documents, mortgages and other security instruments would require considerable time and would unduly burden the Assistant Registrar of the Land Court of the State of Hawaii.

WHEREFORE, petitioner, HOMECOMINGS FINANCIAL, LLC, prays that an Order be made and entered authorizing and directing the Assistant Registrar of the Land Court to accept for filing in the Land Court all documents executed in

2

Petitioner's new name, HOMECOMINGS FINANCIAL, LLC, including but not limited to releases, amendments or assignments of mortgages and any other documents relating to documents now filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii under the name HOMECOMINGS FINANCIAL NETWORK, INC.


(The remainder of this page has intentionally been left blank)

[continuation of PETITION FOR ORDER REGARDING CONVERSION OF ENTITY]

DATED: Honolulu, Hawaii, _September 8, 2008_

HOMECOMINGS FINANCIAL, LLC, a
Delaware limited liability company

By: _____
Name: _Steven T. Iwamura_
Its: _Agent for_

STATE OF _Hawaii_        }
                         } SS.
City & COUNTY OF _Honolulu_  }

On this _8th_ day of _September_, 20_08_, before
me personally appeared _Steven T. Iwamura_
to me known to be the person described in and who executed the foregoing
document and acknowledges that he/she executed the same as the free act and
deed of said corporation.

Print Name: _Sherri Anne Pascual_
Notary Public, State of _Hawaii_
My commission expires: 7/12/2012  7/27/2012

Doc. Date: 9/8/08    # Pages: 5
Name: Sherri Anne Pascual    First Circuit
Doc. Description:
_Petition for Order Regarding_
_Conversion of Entity_

_____    9/8/08
Notary Signature    Date
NOTARY CERTIFICATION

## ORDER

Upon the record and the evidence herein, the prayer of the petition is hereby granted and the Assistant Registrar of this Court is so ordered.

Dated: Honolulu, Hawaii, _____ SEP 10 2008

KATHLEEN HANAWAHINE

_____
Registrar for Judge of the Land Court

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY AND ORDER

5

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "HOMECOMINGS FINANCIAL NETWORK, INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "HOMECOMINGS FINANCIAL NETWORK, INC." TO "HOMECOMINGS FINANCIAL, LLC", FILED IN THIS OFFICE ON THE SIXTH DAY OF OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2550221  8100V

080904417

You may verify this certificate online
at corp.delaware.gov/authver.shtml

AUTHENTICATION: 6815392

DATE: 08-27-08

**CERTIFICATE OF CONVERSION TO LIMITED LIABILITY COMPANY**
**OF**
**HOMECOMINGS FINANCIAL NETWORK, INC.**
**TO**
**HOMECOMINGS FINANCIAL, LLC**

This certificate of Conversion to Limited Liability Company dated as of October 6, 2006, has been duly executed and is being filed by Homecomings Financial Network, Inc., a Delaware corporation (the "Company"), and the second undersigned, as an authorized person of Homecomings Financial, LLC, a Delaware limited liability company (the "LLC"), to convert the Company to the LLC, under the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.) and the General Corporation Law of the State of Delaware (8 Del.C. § 101, et seq.) (the "GCL").

1.      The Company's name immediately prior to the filing of this certificate of Conversion to Limited Liability Company was Homecomings Financial Network, Inc.

2.      The Company filed its original certificate of incorporation with the Secretary of State of the State of Delaware and was first incorporated on October 10, 1995 in the State of Delaware, and was incorporated in the State of Delaware immediately prior to the filing of this Certificate of Conversion to Limited Liability Company.

3.      The name of the LLC into which the Company shall be converted as set forth in its certificate of formation is Homecomings Financial, LLC.

4.      The conversion of the Company to the LLC has been approved in accordance with the provisions of Sections 228 and 266 of the GCL, and Section 18-214 of the Limited Liability Company Act.

5.      The conversion of the Company to the LLC shall be effective upon the filing of this Certificate of Conversion to Limited Liability Company and a certificate of formation with the Secretary of State of the State of Delaware.

[Remainder of Page Intentionally Blank]

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:26 AM 10/06/2006
FILED 11:26 AM 10/06/2006
SRV 060920385 - 2550221 FILE

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____
Name: Kenneth M. Duncan
Title: Acting Chief Financial Officer

HOMECOMINGS FINANCIAL, LLC

By: _____
Name: David M. Applegate
Authorized Person

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____
     Name:
     Title:

HOMECOMINGS FINANCIAL, LLC

By: _____
     Name: David M. Applegate
     Authorized Person

# Delaware

PAGE  2

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF CERTIFICATE OF FORMATION OF "HOMECOMINGS FINANCIAL, LLC" FILED IN THIS OFFICE ON THE SIXTH DAY OF OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6815392

DATE: 08-27-08

2550221  8100V

080904417

You may verify this certificate online
at corp.delaware.gov/authver.shtml

## CERTIFICATE OF FORMATION
## OF
## HOMECOMINGS FINANCIAL, LLC

This Certificate of Formation of Homecomings Financial, LLC (the "LLC"), dated October 6, 2006, has been duly executed and is being filed by the undersigned, as an authorized person of the LLC, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.).

FIRST.  The name of the limited liability company formed hereby is Homecomings Financial, LLC.

SECOND.  The address of the registered office of the LLC in the State of Delaware is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

THIRD.  The name and address of the registered agent for service of process on the LLC in the State of Delaware are Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

David M. Applegate
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:26 AM 10/06/2006
FILED 11:26 AM 10/06/2006
SRV 060920385 - 2530221 FILE

TOM AND UNCIANO V. GMAC MORTGAGE LLC ET AL          EXHIBIT 5

**ORIGINAL**

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2008 DEC 10 AM 11: 01
N. ANAYA
CLERK

Of Counsel:

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

| | |
|---|---|
| STEVEN T. IWAMURA | # 5237 |
| DEREK W. C. WONG | #4155 |
| ROBERT M. EHRHORN, JR. | # 977 |
| CHRISTIAN FENTON | #8727 |

700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No. (808) 535-8400
Facsimile: (808) 536-1141

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

HOMECOMINGS FINANCIAL, LLC,

    Plaintiff,

    vs.

WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,

    Defendants.

CIVIL NO. 03-1-1029-05
(Foreclosure)

ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER SUBSTITUTING HOMECOMINGS FINANCIAL, LLC AS PLAINTIFF FILED 10/9/08

NON-HEARING MOTION

TRIAL DATE: Not Set
SCF JUDGE: Not Assigned

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
FIFTEENTH DIVISION
NOV 19 2008

## ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
## SUBSTITUTING HOMECOMINGS FINANCIAL LLC AS PLAINTIFF, FILED 10/9/08

Plaintiff HOMECOMINGS FINANCIAL, LLC, formerly HOMECOMINGS FINANCIAL NETWORK, INC. ("Homecomings"), filed its Motion for Order Substituting Homecomings Financial, LLC as Plaintiff ("Motion") herein on October 9, 2008.

The Court having considered the Motion and the pleadings filed by the parties in support of and in opposition thereto, being fully advised in the premises, and pursuant to the Minute Order dated November 5, 2008;

It is

ORDERED, ADJUDGED AND DECREED that the Motion shall be and is hereby granted, and HOMECOMINGS FINANCIAL LLC is substituted as Plaintiff in lieu and instead of Homecomings Financial Network, Inc., for all purposes hereinafter.

IT IS FURTHER ORDERED that the case caption is hereby amended to reflect said substitution.

DATED: Honolulu, Hawaii,  _____ DEC 1 0 2008 _____.


_____

JUDGE OF THE ABOVE-ENTITLED COURT

2

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIES 1-10; DOE LLC'S 1-10, DOE CORPORATE ENTITIES 1-10,<br><br>    Defendants | CIVIL NO._____<br>(Injunction) (Declaratory Judgment) (Non-Motor Vehicle Tort)<br><br>SUMMONS |

**SUMMONS**

STATE OF HAWAI'I

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to file with the Court, and serve upon GARY L. HARTMAN, ESQ., Plaintiff's attorney, whose address is 1750 Kalakaua Avenue, Suite 103-3730, Honolulu, Hawaii 96826 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. This Summons shall not be personally delivered between 10:00 P.M. and 6:00 A.M. on premises not open to the public, unless a judge of the above entitled court permits, in writing on this summons, personal delivery during those hours. If you fail to obey this Summons, this may result in an entry of default and DEFAULT JUDGMENT will be taken against you for the relief demanded in the complaint.

Dated: Honolulu, Hawai'i, ___OCT 2 5 2010___

N. ANAYA

Clerk of Court

EX 2

GARY L. HARTMAN, 7557
1750 Kalakaua Ave. #103-3730
Honolulu, Hawaii 96826
Office: (808) 782-3035

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

'1ST CIRCUIT COURT'
STATE OF HAWAII
FILED

2010 OCT 27  PM 2: 36

A. MARPLE
CLERK

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | CIVIL NO. 10-1-2273-10  KKS |
| Plaintiffs, | (Injunction) (Declaratory Judgment) (Non-Motor Vehicle Tort) |
| vs. | PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS' NON-JUDICAL FORECLOSURE AUCTION |
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIES 1-10; DOE LLC'S 1-10, DOE CORPORATE ENTITIES 1-10, | SCHEDULED FOR OCTOBER 29, 2010 PURSUANT TO RULE 65 HRCP AND HRS §480-13(b)2); DECLARATION OF COUNSEL; EXHIBITS 1-7; NOTICE OF MOTION; CERTIFICATE OF SERVICE |
| | Hearing Date/Time: **NOV 0 3 2010** at 9:30 am. |
| | Courtroom:  17 |
| Defendants | Judge: Honorable Judge Presiding |

### PLAINTFFS MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS' NON-JUDICIAL FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010 PURSUANT TO RULE 65 HRCP AND H.R.S. §480-13(b)(2)

Comes now Plaintiffs COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO,

(hereafter "Plaintiffs" or the "PLAINTIFF TOM OR PLAINTIFF UNCIANO"), by and through

their undersigned attorney, and brings this motion for a preliminary injunction to enjoin

Defendants' Non-Judicial Foreclosure Auction of the real property, as described in Western

Mortgage Pacific, Inc.'s Mortgage as 92-309 Nohona Street, Kapolei Hawaii, that is currently

FILE COPY    EXHIBIT **"2"**



scheduled for Friday October 29, 2010 at 12:00 P.M.

1. Plaintiffs will suffer irreparable harm if Defendants sell the real property owned by Plaintiff Unciano.

2. Plaintiffs are *likely to be meritorious* on their underlying claims where Defendants falsely claim to hold an Assignment of Mortgage recorded on September 16, 2010, from Homecomings Financial Network Inc., a business entity that changed its name to Homecomings Financial, LLC in 2007, that is currently the Plaintiff in a judicial foreclosure proceeding pending in the Circuit Court of the First Circuit, Civil No. 03-1-1029-05, against Tom and Unciano, and involves the same WESTERN PACIFIC MORTGAGE dated March 21, 1995 and recorded on March 24, 1995 in the office of the Assistant Registrar in the County of Honolulu, State of Hawaii, Land Court, as Document No 2226366, on TCT 454,267, a canceled Transfer Certificate of Title, that was replaced by TCT 546,739, and Defendant David B. Rosen, Esq., admitted he knew of the judicial foreclosure proceeding in Civil No. 03-1-1029-05, prior to initiating Defendants' Non-Judicial Foreclosure Auction.

3. A delay in the Non-Judicial Foreclosure Auction would *cause no harm to Defendants,* where the September 16, 2010 Assignment of Mortgage is a fraudulent, or otherwise invalid assignment of the Western Pacific Mortgage, and the existing Judicial Foreclosure proceeding, Civil Case No. 03-1-1029-05, has been in litigation since 2003, with Plaintiff Homecomings Financial, LLC'S second Motion for Summary Judgment having recently been denied on March 2, 2010.

4. The issuance of this *Injunction is within public policy that abhors forfeiture* and the public policies that prohibit unfair, deceptive and unlawful acts, as well as fraudulent and negligent misrepresentations.

This Motion is made pursuant to Rule 7 of the Rules for the Circuit Courts, Rule 65

Hawaii Rules of Civil Procedure, H.R.S. §480-13(b)(2) and is based on the attached Declarations

Exhibits, and the files and records incorporated herein by reference of Circuit Court of the First

Circuit Civil Case No. 03-1-1029-05.

Dated:   Honolulu, Hawaii, October 2l, 2010.

Gary L. Hartman

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

2

## MEMORANDUM OF LAW

Plaintiffs seek this preliminary injunction to enjoin all Defendants from proceeding with their Non-Judicial Foreclosure Auction regarding the Western Pacific Mortgage that is the subject matter of current litigation in the Circuit Court of the First Circuit, Civil Number 03-1-1029-05, and to avoid the forfeiture of the real property at 92-309 Nohona Street, Kapolei Hawaii.

## I.    PERTINENT BACKGROUND

### A.    Current Non-Judicial Foreclosure Proceeding-Western Pacific Mortgage

Defendants GMAC Mortgage, LLC, KRISTINE WILSON, and DAVID B. ROSEN, ESQ., allege Defendant GMAC Mortgage, LLC is the current holder, through mesne assignments of the WESTERN PACIFIC MORTGAGE, through an Assignment of Mortgage executed on August 31, 2010 effective August 27, 2010, recorded with the State of Hawaii Bureau of Conveyances on September 16, 2010, as Document Number 3999824, on TCT 546739, and are now pursuing a non-judicial foreclosure of the Mortgage to collect a debt against the Plaintiffs. A true and exact copy of the certified copy of the Assignment of Mortgage, attached to Plaintiffs Complaint as Exhibit 1 thereto, is attached hereto as Exhibit 1.

Defendants GMAC Mortgage, LLC and KRISTINE WILSON, and DAVID B. ROSEN, ESQ. are pursuing a Non-Judicial Foreclosure Auction, of the WESTERN PACIFIC MORTGAGE, to collect a debt against Plaintiffs on behalf of GMAC Mortgage, LLC that was published in the Honolulu Star-Advertiser, and is currently scheduled for auction on October 29, 2010 at 12:00 P.M. A true and exact copy of the Notice of Mortgagee's Intention to Foreclose under Power of Sale is attached hereto as Exhibit 2.

Defendants have refused to acknowledge that the WESTERN PACIFIC MORTGAGE is

the subject matter of their Non-Judicial Foreclosure Auction is the same WESTERN PACIFIC

MORTGAGE that is the subject matter of the Judicial Foreclosure litigation in the Circuit Court

of the First Circuit, Civil Case No. 03-1-1029-05, and have refused to voluntarily stop their non-

judicial foreclosure auction currently scheduled for October 29, 2010 at 12:00 P.M.  See

Declarations of Coleen Etsuko Tom and Joycelyn Wanda Unciano.

On October 6, 2010, Plaintiff Tom received from Defendants a Notice of Mortgagee's

Intention to Foreclose Under Power of Sale, regarding the WESTERN PACIFIC MORTGAGE,

that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05.

See Declaration of Coleen Etsuko Tom.  See Exhibits 2-3.

October 6, 2010, Plaintiff Unciano met with Plaintiff Tom, and then called Defendant

David B. Rosen, Esq., and informed Mr. Rosen of the current Judicial Foreclosure proceeding

regarding the same WESTERN PACIFIC MORTGAGE and Defendant Rosen admitted he was

aware of it and provided Plaintiff Unciano with the Civil Case No. 03-1-1029-05, and stated "*I

do not see how it affects my clients.*"  See Declaration of Joycelyn Wanda Unciano.

On October 7, 2010, Plaintiff Unciano hand delivered a letter to Defendant Rosen's Law

Office confirming the telephone conversation on October 6, 2010.  Id.  See Exhibit 6.

On October 8, 2010 Defendants caused a process server to post, on Plaintiff Unciano's

property at 92-309 Nohona Place, Kapolei Hawaii, their Notice of Mortgagee's Intention to

Foreclose Under Power of Sale regarding the regarding the WESTERN PACIFIC MORTGAGE

that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05.

Id.

On October 8, 2010, Plaintiff Unciano faxed numerous documents from Civil Case No.

03-1-1029-05, to Defendant Rosen's Law Office that indisputably proves that Defendants Non-

4

Judicial Foreclosure Proceeding is based on the same WESTERN PACIFIC MORTGAGE with a different Plaintiff that is the subject of the Judicial Foreclosure Proceeding in Civil No. 03-1-1029-05. Id. See Exhibit 7.

On October 11, 2010, Defendant Rosen's Law Office called Plaintiff Unciano, confirmed receipt of the October 7, 2010 hand delivered letter, confirmed receipt of the October 8, 2010 faxed documents and informed Unciano that GMAC Mortgage, LLC will be advised. Id.

### B.    CURRENT JUDICIAL FORECLOSURE PROCEEDING, Civil Case No. 03-1-1029-05, WESTERN PACIFIC MORTGAGE

On May 15, 2003, a Complaint for judicial foreclosure was filed in the First Circuit Court of the State of Hawaii, by Washington Mutual Bank, FA, successor in interest to Western Pacific Mortgage, Inc., against Plaintiffs Tom[1] and Unciano, Civil Number 03-1-1029-05, regarding the WESTERN PACIFIC MORTGAGE dated March 21, 1995 and recorded on March 24, 1995 in the office of the Assistant Registrar in the County of Honolulu, State of Hawaii, Land Court, as Document No 2226366, on TCT 454,267, a canceled Transfer Certificate of Title, that was replaced by TCT 546,739, (hereafter referred to as "WESTERN PACIFIC MORTGAGE". A true and exact copy of the certified Complaint filed in Civil No., 03-1-1029-05, attached to Plaintiffs' Complaint and identified as Exhibit 3 therein, is attached hereto as Exhibit 3.

Washington Mutual Bank, FA, executed an Assignment of Mortgage that was recorded on November 9, 2006 with the State of Hawaii Bureau of Conveyances, as Document Number 3511440 on TCT 546,739, assigning the WESTERN PACIFIC MORTGAGE to Homecomings Financial Network, Inc. a Minnesota Corporation. See Court Records, Civil No. 03-1-1029-05, Plaintiff's Motion to Substitute Homecomings Financial Network Inc. as Plaintiff filed on February 28, 2007, Exhibit 8 attached thereto.

On November 7, 2007, in Civil No. 03-1-1029-05, Homecomings Financial Network Inc.'s Second Motion to Substitute as Plaintiff was filed, that was granted on December 18, 2007. See Court Records, Civil No. 03-1-1029-05.

On September 16, 2008, a Petition Regarding Conversion of Entity and Order was filed in the Office of the Assistant Registrar, Land Court State of Hawaii, wherein the name Homecomings Financial Network, Inc. a Delaware corporation, was converted to Homecomings Financial, LLC, a Delaware Limited Liability Company. A true and exact copy of the certified copy of the Petition for Order attached to Plaintiffs' Complaint as Exhibit 4 thereto, is attached hereto as Exhibit 4.

On October 9, 2008, in Civil Case No. 03-1-1029-05, Homecomings Financial, LLC filed a Motion to Substitute as Plaintiff that was granted on December 10, 2008. A true and exact copy of the Certified Copy of the December 10, 2008 Order attached to Plaintiffs' Complaint as Exhibit 5 thereto, is attached hereto as Exhibit 5.

On March 10, 2009, in Civil No. 03-1-1029-05, an Order was filed DENYING Homecomings Financial LLC'S Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed May 15, 2003, filed on December 29, 2008. See Court Records, Civil No. 03-1-1029-05.

On March 2, 2010, in Civil Case No. 03-1-1029-05, an Order was filed DENYING Plaintiff Homecomings Financial LLC (Second) Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed May 15, 2003, filed on October 19, 2009. See Court Records, Civil No. 03-1-1029-05.

---

[1] Wayne Noelani Tom, husband of Coleen Etsuko Tom has passed away, and a notice of his death was filed on February 17, 2009 in the Judicial Foreclosure Proceeding, Civil NO. 03-1-1029-05, See Court Records therein.



Since March 2, 2010, there has been no further activity in the judicial foreclosure proceeding on the WESTERN PACIFIC MORTGAGE. See Declarations of Coleen Etsuko Tom and Joycelyn Wanda Unciano. See Also Court Records Civil Case No. 03-1-1029-05.

As of the date of submission of this Motion, Plaintiffs have requested, and Defendants have refused to stop their Non-Judicial Foreclosure Auction of the Western Pacific Mortgage that is currently in litigation in Civil Case. No. 03-1-1029-05, and Plaintiffs seek relief from this Honorable Court to enjoin Defendants from proceeding with their Non-Judicial Foreclosure Auction currently scheduled for October 29, 2010 at 12:00 P.M. Exhibits 2-3, 6-7.

## II.    COURT HAS AUTHORITY TO ISSUE PRELIMINARY INJUNCTIVE RELIEF TO ENJOIN NON-JUDICIAL FORECLOSURE AUCTION

Pursuant to Rule 65 of the Hawaii Rules of Civil Procedure, ("HRCP"), and Hawaii Revised Statutes (H.R.S.) §480-13(b)(2) this Honorable Court has the authority to issue preliminary injunctions to enjoin Defendants from continuing with their Non-Judicial Foreclosure Auction currently scheduled for October 29, 2010, at 12:00 P.M. regarding the WESTERN PACIFIC MORTGAGE, the same mortgage that is the subject matter of current litigation in the Circuit Court of the First Circuit, Civil Case No. 03-1-1029-05.

*"A TRO is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction."* WAHBA, LLC et al., v. USRP (DON) et al, 106 P.3d 1109, 1115), 106 Haw. 466 (quoting *Whitman v. Hawaiian Tug & Barge Corp.,* 27 F. Supp 3d 1225, 1228 (D. Haw. 1998). *"In essence, a TRO is a prohibitive form of injunction",* that differs from a mandatory injunction requiring affirmative action. Id. at P.3d 1109, 1115. See *Legal Aid Soc'y of Hawaii v. Legal Servs. Corp.,* 961 F. Supp. 1402, 1408, n.3 (D. Haw. 1997).

*"[U]nless prohibited ... by some constitutional or statutory provision,*

7

> *a court of equity can, and in a proper case will, award mandatory as well as prohibitive injunctive relief."*

Id. (quoting *Viestenz v. Arthur Township*, 78 N.D. 1029, 54 NW 2d 572, 574 (1952) (*emphasis added*)).

This Court has the discretion to fashion appropriate injunctive relief that includes issuance of a preliminary injunction.  Id. at p. 1116.  (See Also *Legal Aid Soc'y*, at 961 F. Supp at p. 1402, 1407.

> *"An injunctive preventative in some respects and mandatory in others may be granted where the facts warrant such granting."*

*Towery v. Garber*, 196 Okla. 78, 162 P. 2d 878, 880, (1945).

> *Nothing in this chapter shall be construed to prevent the mortgagor or other person in interest from directly impeaching by action or otherwise, any foreclosure proceedings affecting registered land, prior to the entry of a new certificate of title.*
>
> After a new certificate of title has been entered, no judgment recovered on the mortgage note for any balance due thereon shall operate to open the foreclosure or affect the title to registered land.

*Aames Funding Corp. v. Mores*, 107 Haw 95, 102, 110 P.3d 1042, 1049 (Haw 2005) (emphasis in original).  Since the non-judicial foreclosure auction has not occurred, no new title has been recorded and this Court has authority to act on Plaintiffs' Motion.

## III.    PLAINTIFFS SEEK PRELIMINARY INJUNCTIVE RELIEF

This Court has the authority to issue preliminary injunctive relief." *WAHBA, LLC et al*, at P.3d 1109, 1115, 106 Haw. 466.  This case warrants the use of preliminary injunctive relief to enjoin the Non-Judicial Foreclosure Auction scheduled for October 29, 2010 at 12:00 P.M., when there is an active judicial foreclosure proceeding pending on the same WESTERN PACIFIC MORTGAGE, where Defendants' claim is based on a fraudulent or otherwise invalid assignment of mortgage and have otherwise refused to acknowledge the legitimacy of the current

judicial foreclosure proceeding, on the same WESTERN PACIFIC MORTGAGE. Id. at p 1117,

fn. 19, (citing to *Lipinski v. Lipinski*, 261 Wis. 327, 52 NW 2d 922, 923, (1952), and *Moss*

*Indus., Inc. v. Irving Metals Co.*, 140 N.J. 484, 55 A 2d 30, 32, (N.J. CH. 1947). See Exhibits 1-

5.

Plaintiffs respectfully request this Honorable Court exercise its judicial discretion, as a

court of equity, to fashion the most appropriate relief as follows:

1. *Issue a preliminary injunction* enjoining Defendants GMAC Mortgage, LLC,
   KRISTINE WILSON, and DAVID B. ROSEN, ESQ., from proceeding with their
   Non-Judicial Foreclose Auction regarding the Western Pacific Mortgage dated March
   21, 1995 and recorded on March 24, 1995 in the office of the Assistant Registrar in
   the County of Honolulu, State of Hawaii, Land Court, as Document No 2226366, on
   TCT 454,267, a canceled Transfer Certificate of Title, that was replaced by TCT
   546,739, *until a trial on the merits of Plaintiffs' Complaint*. See Exhibit 2.

2. *Issue an order* requiring Defendants GMAC Mortgage, LLC, KRISTINE WILSON,
   and DAVID B. ROSEN, ESQ., to pay Plaintiffs attorney's fees and costs incurred for
   bringing this Motion for Preliminary Injunction, pursuant to H.R.S. §480-13(2)(b).

A.    **FORECLOSURE AUCTION WILL CAUSE IRREPARABLE HARM**

It is a fundamental principle of law that real property is considered unique such that

damages cannot easily be remedied with a monetary award.

In this case, if Defendants' Non-Judicial Foreclosure Auction is allowed to proceed

Plaintiffs would suffer irreparable harm through the forfeiture of the real property that is the

subject matter of the judicial foreclosure proceeding in Civil Case No. 03-1-1029-05, a case that

Tom and Unciano have been successfully defending, *PRO SE*, since 2003! See Exhibit 3, and

Court Records in Civil Case No. 03-1-1029-05.

There can be no question of the irreparable harm to Plaintiffs if a preliminary injunction

to enjoin Defendants from proceeding with their Non-Judicial Foreclosure Auction is not issued,

regarding the WESTERN PACIFIC MORTGAGE that is currently scheduled for October 29,

2010, at 12:00 P.M., when it is the same WESTERN PACIFIC MORTGAGE that is the subject

matter of the currently pending Judicial Foreclosure Proceeding in the Circuit Court of the First

Circuit, Civil Case No. 03-1-1029-05,

Based on the cases cited herein, Plaintiffs respectfully request this Honorable Court

exercise its equitable discretion to enjoin Defendants from proceeding with the Auction currently

scheduled for October 29, 2010 at 12:00 PM., until a trial can be held on the merits of Plaintiffs'

claims.

### B.    DELAY OF FORECLOSURE AUCTION –NO HARM TO DEFENDANTS

Defendants GMAC Mortgage, LLC and KRISTINE WILSON, and DAVID B. ROSEN,

ESQ., cannot claim they would be harmed if the October 2010 Non-Judicial Foreclosure Auction

regarding the WESTERN PACIFIC MORTGAGE is delayed, where the same WESTERN

PACIFIC MORTAGE is currently the subject matter of the Judicial Foreclosure proceeding in

Civil Case NO. 03-1-1029-05, and has been actively litigated, and successfully defended by Tom

and Unciano, *PRO SE*, since 2003.

The validity of Defendants claim to the Assignment of Mortgage  executed on August 31,

2010 effective August 27, 2010, recorded with the State of Hawaii Bureau of Conveyances on

September 16, 2010, as Document Number 3999824, on TCT 546739, and their alleged right to

pursue their  Notice of Mortgagee's Intention to Foreclose Under Power of Sale is not supported

by the records of the State of Hawaii Bureau of Conveyances, and the files and records of the

Circuit Court of the First Circuit in Civil No. 03-1-1029-05, and is a fraudulent assignment or

otherwise invalid assignment of the WESTERN PACIFIC MORTGAGE. Exhibits 1-5.

Therefore, based the foregoing, Defendants cannot be harmed by any delay in the

October 29, 2010 foreclosure Auction, rather, a delay is mandatory to determine the full extent of

Defendants unlawful actions to circumvent the judicial foreclosure proceeding in Civil Case No. 03-1-1029-05.

C.    **PLAINTIFFS LIKELY TO BE MERITORIOUS ON CLAIMS.**

In this case, the documents attached to Plaintiffs' Complaint, and attached hereto, as well as the files and records of Civil Case No. 03-1-1029-05, and evidence to be adduced at trial, provide clear and convincing evidence in support of Plaintiffs claims in this matter. See Exhibits 1-5, and See Court Records in Civil Case No. 03-1-1029-05.

Based on the foregoing, there is clear and convincing evidence to support Plaintiffs' challenge to the validity of Defendants claim to the Assignment of Mortgage executed on August 31, 2010 effective August 27, 2010, recorded with the State of Hawaii Bureau of Conveyances on September 16, 2010, as Document Number 3999824, on TCT 546739, and their alleged right to pursue their Notice of Mortgagee's Intention to Foreclose Under Power of Sale, that is not supported by the records of the State of Hawaii Bureau of Conveyances, and the files and records of the Circuit Court of the First Circuit in Civil No. 03-1-1029-05, and that it is a fraudulent assignment or otherwise in-valid assignment of the WESTERN PACIFIC MORTGAGE. Exhibits 1-5.

The only rational understanding of Defendants unlawful actions is that they are attempting to circumvent the judicial foreclosure proceeding in Civil Case No. 03-1-1029-05, wherein Tom and Unciano have been successful in defending on the Judicial Foreclosure Proceeding since 2003!

D.    **PUBLIC POLICY SUPPORTS GRANTING THIS INJUNCTION**

1.    *Equity Abhors Forfeiture*

> *The Hawaii Supreme Court has long adhered to the maxim that "equity abhors forfeitures and[,] where no injustice would thereby result to the injured party, equity will generally favor compensation rather then forfeiture against the offending party.*

*Jenkins v. Wise*, 58 Haw 592, 597, 574 P.2d 1337, 1341 (1978) (citing *Bohnenberg v. Zimmerman*, 13 Haw. 4 (1900) (other citations omitted)). See also *K.M. Young & Associates v. Cieslik*, 4 Haw. App. 657, 675 P.2d 793 (1983), reconsideration denied, 5 Haw. App. 683, 753 P.2d 253 (1984); *Scotella v. Osgood*, 4 Haw. App. 20, 659 P.2d 73 (1983); *Ventura v. Grace*, 3 Haw. App. 371, 650 P.2d 620 (1982); *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 575 P.2d 869 (1978).

It is without question, that the non-judicial foreclosure auction sale of Unciano's property would be a forfeiture. Real Property is considered unique such that damages cannot easily be remedied with a monetary award.

### 2. Public Policy Against Unlawful Acts

The State of Hawaii has established two statutes, the Hawaii Unfair and Deceptive Practices Act, codified at H.R.S. §480 and the Hawaii Debt Collection Practices Act, codified at H.R.S. §480D that establish public policies against unfair and deceptive acts that are unlawful, and unlawful acts of debt collectors.

In addition, Congress has established the Fair Debt Collection Practices Act, codified at unlawful acts for Debt Collections, codified at 15 U.S.C. §1692, that declare unlawful certain acts by debt collectors.

In this case, the documents attached to Plaintiffs' Complaint, and attached hereto, as well as the files and records of Civil Case No. 03-1-1029-05, and evidence to be adduced at trial, provide clear and convincing evidence in support of Plaintiffs claim that Defendants have

12

violated the Hawaii Unfair and Deceptive Practices Act, H.R.S. §480-2. See Exhibits 1-5, and

See Court Records in Civil Case No. 03-1-1029-05.

In addition, Defendants are attempting to collect a debt, and have violated numerous

provisions of the Hawaii Debt Collectors Act and the Federal Fair Debt Collection Practices Act.

See Plaintiffs' Complaint, and See Exhibits 1-5.

Again, in this case, the documents attached to Plaintiffs' Complaint, and attached hereto,

as well as the files and records of Civil Case No. 03-1-1-29-05, and evidence to be adduced at

trial, provide clear and convincing evidence in support of Plaintiffs claims in this matter,

including violations of the Hawaii Unfair and Deceptive Practices Act, The Hawaii Debt

Collectors Act, and the Federal Fair Debt Collection Practices Act. See Exhibits 1-5, See

Complaint, and See Court Records in Civil Case No. 03-1-1029-05.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Honorable Court grant this

motion, and

A. *Issue a preliminary injunction* enjoining Defendants GMAC Mortgage, LLC,

KRISTINE WILSON, and DAVID B. ROSEN, ESQ., from proceeding with their

Non-Judicial Foreclose Auction regarding the Western Pacific Mortgage dated March

21, 1995 and recorded on March 24, 1995 in the office of the Assistant Registrar in

the County of Honolulu, State of Hawaii, Land Court, as Document No 2226366, on

TCT 454,267, a canceled Transfer Certificate of Title, that was replaced by TCT

546,739, *until a trial on the merits of Plaintiffs' Complaint.* See Exhibits 2-3.

B. *Issue an order* requiring Defendants GMAC Mortgage, LLC, KRISTINE WILSON,

and DAVID B. ROSEN, ESQ., to pay Plaintiffs attorney's fees and costs incurred for

bringing this Motion for Preliminary Injunction, pursuant to H.R.S. §480-13(2)(b).

F. Award Plaintiffs any further relief this Honorable Court deems reasonable.


Dated:    Honolulu, Hawaii, October 21, 2010.


Gary L. Hartman

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

14

## DECLARATION OF COUNSEL

I, GARY L. HARTMAN, hereby declare, under the penalty of perjury, the following is true based on personal knowledge, reasonable inquiry and good faith belief:

    1.    Declarant is licensed to practice law in the State of Hawaii, and represents Plaintiffs.

    2.    A true and exact copy of the Certified Copy of the Assignment of Mortgage, attached to Plaintiffs' Complaint, identified therein as Exhibit 1, is attached hereto as Exhibit 1.

    3.    A true and exact copy of the Certified Copy of the Complaint filed on May 15, 2003 in Civil Case No. 03-1-1029-05, in the Circuit Court of the First Circuit, attached to Plaintiffs' Complaint, identified therein as Exhibit 3 is attached hereto as Exhibit 3.

    4.    A true and exact copy of the Certified Copy of the Petition for Order Regarding Conversion of Entity, recorded with the State of Hawaii Bureau of Conveyances on September 16, 2008, as Document Number 176281 , attached to Plaintiffs' Complaint and identified therein as Exhibit 4, is attached hereto as Exhibit 4.

    5.    A true and exact copy of the Certified Copy of the December 10, 2008 Order Granting Homecomings Financial, LLC'S Motion to Substitute as Plaintiff, in Civil Case No. 03-1-1029-05, attached to Plaintiffs' Complaint, identified therein as Exhibits 5, and is attached hereto as Exhibit 5.

I declare under penalty of law that the above statements are is true and correct.

Dated: Honolulu, Hawaii, October 2⟨⟩, 2010.

                GARY L. HARTMAN

15

## DECLARATION OF COLLEN ETSUKO TOM

I, COLEEN ETSUKO TOM, hereby declare, under the penalty of perjury, the following statements are true and correct, based on my own personal knowledge:

1.    Declarant is a Plaintiff in this matter.

2.    On October 6, 2010, I received via certified mail Defendants' Notice of Mortgagees' Intention to Foreclose Under Power of Sale regarding my Western Pacific Mortgage. A true and exact copy is attached hereto as Exhibit 2.

3.    The mortgage claimed in the Defendants' Notice of Mortgagees' Intention to Foreclose Under Power of Sale is the same WESTERN PACIFIC MORTGAGE that is the subject matter of the Judicial Foreclosure, Civil Case No. 03-1-1029-05, that Joyce and I have been fighting on since 2003.

4.    Since March 2, 2010, there has been no further activity in the judicial foreclosure proceeding on the WESTERN PACIFIC MORTGAGE, in Civil Case No. 03-1-1029-05.

5.    As of the date of filing of our Complaint, and submission of this Motion, Declarant has not received any communication from Defendant David B. Rosen, Esq., or the other Defendants, that they will agree to stop the October 29, 2010 Non-Judicial Foreclosure Auction.

I declare under penalty of law that the above statements are true and correct.

Dated: Honolulu, Hawaii, October 21, 2010.

Coleen Etsuko Tom
COLEEN ETSUKO TOM

16

## DECLARATION OF JOYCELYN WANDA UNCIANO

I, JOYCELYN WANDA UNCIANO, hereby declare, under the penalty of perjury, the following statements are true and correct based on my own personal knowledge:

1.    Declarant is a Plaintiff in this matter.

2.    On October 6, 2010 Declarant met with Coleen and she provided me with a copy of Defendants' Notice of Mortgagees' Intention to Foreclose Under Power of Sale regarding her Western Pacific Mortgage.

3.    The mortgage claimed in the Defendants' Notice of Mortgagees' Intention to Foreclose Under Power of Sale is the same WESTERN PACIFIC MORTGAGE that is the subject matter of the Judicial Foreclosure, Civil Case No. 03-1-1029-05, that Coleen and I have been fighting on since 2003.  See Exhibit 2 and Exhibit 3.

4.    On October 6, 2010, Declarant spoke with Defendant David B. Rosen, Esq., and informed him of a current Judicial Foreclosure proceeding regarding the same WESTERN PACIFIC MORTGAGE and Rosen admitted he was aware of it and provided me with Civil Case No. 03-1-1029-05, and stated *"I do not see how it affects my clients."*

5.    On October 7, 2010, Declarant hand delivered a letter to Defendant Rosen's Law Office confirming the telephone conversation on October 6, 2010.  A true and exact copy of Declarant's October 7, 2010 letter is attached as Exhibit 6.

6.    On October 8, 2010 Defendants' process server posted on Declarant's property at 92-309 Nohona Place, Kapolei Hawaii, Defendants' Notice of Mortgagee's Intention to Foreclose Under Power of Sale regarding the regarding the WESTERN PACIFIC MORTGAGE that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. See Exhibits 2-3.

7.     On October 8, 2010, Declarant faxed numerous documents from Civil Case No.
03-1-1029-05, to Defendant Rosen's Law Office that indisputably proves that Defendants Non-
Judicial Foreclosure Proceeding is based on the same WESTERN PACIFIC MORTGAGE with a
different Plaintiff that is the subject of the Judicial Foreclosure Proceeding in Civil No.
03-1-1029-05. A true and exact copy of Declarant's October 8, 2010 faxed letter, without
attachments, is attached hereto as Exhibit 7.

8.     On October 11, 2010, Declarant received a telephone call from Defendant
Rosen's Law Office confirming the receipt of the October 7, 2010 hand delivered letter, and of
the October 8, 2010 faxed documents and informed Declarant that GMAC Mortgage, LLC will
be advised.

9.     Since March 2, 2010, there has been no further activity in the judicial foreclosure
proceeding on the WESTERN PACIFIC MORTGAGE, in Civil Case No. 03-1-1029-05.

10.     As of the date of filing our Complaint, and submission of this Motion, Declarant
has not received any communication from Defendant David B. Rosen, Esq., or the other
Defendants that they will agree to stop the October 29, 2010 Non-Judicial Foreclosure Auction
of my property.


I declare under penalty of law that the above statements are true and correct.

Dated: Honolulu, Hawaii, October 2-1, 2010.


_____
JOYCELYN WANDA UNCIANO


18





L-292        STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2010         09:01 AM

Doc No(s) 3999824

on Cert(s) 546,739

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1H    Z11

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

LAND COURT RECORDING SYSTEM                REGULAR  RECORDING SYSTEM

After Recordation Return By:  Mail (X)   Pickup ( )
CAL-WESTERN RECONVEYANCE CORP.
525 EAST MAIN STREET
EL CAJON, CA 92020

THIS INSTRUMENT FILED FOR RECORD BY
AMERICAN TITLE COMPANY, INC. AS
AN ACCOMMODATION ONLY IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR
AS TO ITS EFFECT UPON THE TITLE.

This document contains
2 pages

TYPE OF DOCUMENT:        ASSIGNMENT OF MORTGAGE

Recording Requested By
And When Recorded Mail To:

GMAC MORTGAGE, LLC
P.O. BOX 8300
FORT WASHINGTON PA 19034

*1276690-06*    *asgntdxr*

_____ SPACE ABOVE THIS LINE FOR RECORDER S USE_____

T.S. NO.    1276690-06    LOAN NO.    XXXXXX7453

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
GMAC MORTGAGE, LLC a Delaware Limited Liability Company whose address is P.O. BOX 8300
FORT WASHINGTON PA 19034
all beneficial interest under that certain mortgage dated March 21, 1995, executed by
WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE, mortgagor,
and recorded in Office of the Assistant Registrar in Land Court Document Instrument No. 2226366 on March 24,
1995 in Transfer Certificate Title No. 454,267, state of Hawaii describing land therein as
COMPLETELY DESCRIBED IN SAID MORTGAGE

together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.

Effective Date:        HOMECOMINGS FINANCIAL NETWORK, INC.
8-27-2010

Kristine Wilson
Kristine Wilson Vice President

State of Pennsylvania
County of Montgery
On 8/31/10 _____ before me, Trina Willbank
a Notary Public, personally appeared Kristine Wilson _____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of PA that the
foregoing paragraph is true and correct.
WITNESS my hand and official seal.                        (Seal)

Signature _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Willbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries

ASGNTDHL.doc                    Rev. 5/25/10                    Page 1 of 1

TOM AND UNCIANO V. GMAC MORTGAGE LLC ET AL          EXHIBIT 2

LAND COURT

REGULAR SYSTEM

After recordation, return by mail ☒  or pick up ☐

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
FORT WASHINGTON PA 19034

Document contains 3 pages

TITLE OF DOCUMENT: Power of Sale        TITLE NO.:    4429793

PARTIES TO DOCUMENT:

MORTGAGEE:        GMAC MORTGAGE, LLC
MORTGAGOR(S):     WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND
AND WIFE

PROPERTY DESCRIPTION:

LIBER/PAGE:
DOCUMENT NO:
TRANSFER CERTIFICATE OF TITLE NO(S):

## NOTICE OF MORTGAGEE'S INTENTION TO FORECLOSE UNDER
## POWER OF SALE

TS No: 1276690-06  Loan No: XXXXXX7453  Title No: 4429793

Mortgagor/Borrower: WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE

GMAC MORTGAGE, LLC whose address is 1100 VIRGINIA DRIVE FORT WASHINGTON PA 19034 , as mortgagee pursuant to Hawaii Revised Statutes 667-5 through 667-10 as amended, and that mortgage dated March 21, 1995 and recorded on March 24, 1995 in the Office of the Assistant Registrar in the County of HONOLULU, State of Hawaii, Land Court, as Document No 2226366, on Transfer Certificate Title No. 454,267, gives notice that Mortgagee will hold a sale by public auction on October 29, 2010 at 12:00 noon At the outside front entrance of the First Circuit Court Building at 777 Punchbowl Street, HONOLULU, Hawaii, of real property located at 92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309 NOHONA STREET KAPOLEI HI 96707, Fee Simple as Tax Map Key Number of (1) 9-2-014-090-0000, COMPLETELY DESCRIBED IN SAID MORTGAGE.

Terms of the sale are: (1) No upset price; (2) Property is sold strictly in "AS IS" and "WHERE IS" condition; (3) Property is sold without covenant or warranty, either express or implied, as to title, possession or encumbrances; (4) At the close of the auction, Purchaser shall pay at least 10% of the highest successful bid price ("Bid") in cash, or by cashier's or certified check; provided, however, that Mortgagee may submit a credit bid up to the amount of the secured indebtedness; (5) The property shall be conveyed by Mortgagee by mortgagee's quitclaim conveyance, provided by Mortgagee, within 30 days after the auction and upon performance by Purchaser, no later than 21 days after the auction, of the following obligations: (a) In order to comply with recording the Mortgagee's Affidavit within the statutory timeframe, no later than thirty days from the date of sale, purchaser shall deliver to Cal-Western Reconveyance Corporation @ 525 East Main Street, El Cajon CA 92022 a cashier's check for the remaining balance of the bid price, no later than the 21st day following sale; (b) Purchaser shall pay all closing costs including, but not limited to: costs of document drafting, notary fees, consent fees, conveyance tax, recordation fees and other charges, together with any assessments which may arise under HRS § 514A-90 et seq.; and (c) Any real property taxes and lease rents shall be paid by Purchaser and not be prorated; (6) The availability of title or other insurance shall not be a condition of the sale, and the Purchaser shall be responsible for obtaining a certificate of title and title insurance, if so desired; (7) The obligation for taxes, lease/ground rent, common expenses and similar charges shall be the responsibility of the purchaser; (8) The Purchaser shall not take occupancy prior to confirmation of the sale, and responsibility of securing possession of the property as of confirmation of the sale shall be with the Purchaser; (9) Time is of the essence in this transaction and any delay in performance by Purchaser which prevents the closing from occurring within 30 days after the auction shall cause Mortgagee to sustain damages in amounts which will be difficult to ascertain. In the event the sale does not close because of any delay in performance by the Purchaser as herein stated, the 10% down payment may be retained by Mortgagee as liquidation damages and not as a penalty; (10) By submitting the Bid, Purchaser acknowledges reading the terms and conditions set forth in this notice and agrees to be bound thereby and sign a written acceptance of all terms herein; and (11) This sale may be postponed from time to time by public announcement made by Mortgagee or someone acting on Mortgagee's behalf.

NOTICE IS HEREBY GIVEN THAT THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. HOWEVER, IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

Inquiries should be directed to DAVID B. ROSEN, ESQ. at (808)523-9494
EMAIL:ROSENLAW-FORECLOSURE@HAWAII.RR.COM
810 RICHARDS STREET, SUITE 880
HONOLULU HI 96813

TS No: 1276690-06   Loan No: XXXXXX7453   Title No: 4429793

Mortgagor/Borrower: WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE

Dated: September 15, 2010

GMAC MORTGAGE, LLC

*Kristine Wilson*

**Kristine Wilson**
**Limited Signing Officer**

State of P.A.
County of Montgomery
On Sept. 15, 2010 before me, Mary Lynch
a Notary Public, personally appeared Kristine Wilson, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of Pennsylvania that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                    (Seal)

Signature _Mary Lynch_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Lynch, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 3, 2010
Member, Pennsylvania Association of Notaries



TLC

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 MAY 15 PM 3:13

F. OTAKE
CLERK

Of Counsel:
STANTON CLAY CHAPMAN CRUMPTON & IWAMURA

STEVEN T. IWAMURA          # 5237
DEREK W.C. WONG            # 4155
ROBERT M. EHRHORN, JR.     #  977
700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone No. (808) 535-8400
Facsimile: (808) 535-8444

Attorneys for Plaintiff
WASHINGTON MUTUAL BANK, FA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA<br><br>       Plaintiff,<br><br>  vs.<br><br>WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>      Defendants. | CIVIL NO.  03-1-1029-05<br>(Foreclosure)<br><br>COMPLAINT; EXHIBITS 1 - 2; SUMMONS |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
$200.00

PAID
SURCHARGE
$25.00

## COMPLAINT

COMES NOW Plaintiff WASHINGTON MUTUAL BANK, FA, by and through its attorneys, Stanton Clay Chapman Crumpton & Iwamura, and for Complaint against Defendants above-named, alleges and avers as follows:

1.    Plaintiff WASHINGTON MUTUAL BANK, FA ("Lender") holds the mortgagee's interest in that Mortgage, more fully described herein, which is the subject of this foreclosure.

2.    Defendants WAYNE NOELANI TOM, COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO are residents of the City and County of Honolulu, State of Hawaii.

3.    Defendant JOYCELYN WANDA UNCIANO owns the fee simple interest in real property located in the City and County of Honolulu, State of Hawaii, that is the subject of this foreclosure ("the property").

4.    Defendant CITIFINANCIAL, INC. 221, LLC, fka ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, may claim an interest in the property by virtue of that mortgage dated December 18, 1996, and filed in the Office of the Assistant Registrar, Land Court, State of Hawaii, as Document Number 2355360 and noted on Transfer Certificate of Title Number 546,739. This interest is junior and subordinate to Lender's first mortgage lien.

5.    Defendant DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII may claim an interest in the property by virtue of that State Tax Lien dated December 9, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document Number 97-173927.   This interest is junior and subordinate to Lender's first mortgage lien.

6.    Defendant STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES may claim an interest in the property by virtue of that judgment dated June 10, 1999, and filed in Civil Number 1RC98-1423, in the District Court of the First Circuit, Ewa Division, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 4, 1999, as Document Number 99-159490.   This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

7.    Defendant FIRST HAWAIIAN BANK, fka FIRST INTERSTATE BANK OF HAWAII, may claim an interest in the property by virtue of that judgment dated January 25, 2000, and filed in Civil Number 96-2265-06 in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on January 28, 2000, as Document Number 2000-012272.   This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property

and is, in any event, junior and subordinate to Lender's first mortgage lien.

8.    Defendants CURT DUKE PRATT and JUDITH HILOKO PRATT may claim an interest in the property by virtue of (1) that judgment dated July 31, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on August 12, 2002, as Document Number 2002-140815, and (2) that judgment dated September 25, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 7, 2002, as Document Number 2002-178031.  This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

9.    Defendant UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service, Department of the Treasury, may claim an interest in the property by virtue of (1) that certain Tax Lien against Joycelyn W. Unciano, dated July 20, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document No. 97-103893, and (2) that certain Tax Lien against Herbert L. Unciano and Joycelyn W. Unciano in the Bureau of Conveyances, State of Hawaii, as Document Number 97-134949.

10.  Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and DOES GOVERNMENTAL UNITS 1-10 are persons and/or entities who have or may have lien rights in the property being foreclosed upon and/or who have, or may have, in some manner presently unknown to Plaintiff, an interest in the property being foreclosed upon and whose true names, identities, interests and capacities are presently unknown to Plaintiff or Plaintiff's attorneys although a diligent and good faith effort has been undertaken to ascertain the Doe Defendants' full names and identities through a title search on the property.

11.  On or about March 21, 1995, for value received, Defendants WAYNE NOELANI TOM and COLEEN ETSUKO TOM ("Defendant Borrowers"), as makers, made, executed and delivered to WESTERN PACIFIC MORTGAGE, INC., a Hawaii corporation, ("Assignor") a certain promissory note dated March 21, 1995 ("Note") for the principal sum of One Hundred Sixty Thousand Dollars and No Cents ($160,000.00). A true and correct copy of the Note is attached hereto as Exhibit 1.

12.  This Note was secured by that certain Mortgage dated March 21, 1995 ("Mortgage"), executed by Defendants WAYNE NOELANI TOM and COLEEN ETSUKO TOM ("Defendant Mortgagors"), as mortgagors, in favor of Assignor, as mortgagee, and filed in the Office of the Assistant Registrar, Land Court, State of Hawaii,

on March 24, 1995, as Document Number 2226366 and noted on Transfer Certificate of Title Number 546,739. A true and correct copy of the Mortgage is attached hereto as Exhibit 2. The Mortgage mistakenly designates the property address as 92-309 Nohana Street, Kapolei, Hawaii, 96707. The correct property address is 92-309 Nohona Place, Kapolei, Hawaii, 96707, TMK No. (1) 9-2-014-090, more fully and particularly described in Exhibit A attached to the Mortgage.

13. By *mesne* assignment, Plaintiff is now owner of the Mortgage; Plaintiff is also owner and holder of the Note.

14. Defendant Mortgagors defaulted in the observance and performance of the terms, covenants and conditions set forth in the Mortgage, and Defendant Borrowers defaulted in the observance and performance of the terms and conditions of the Note in that Defendant Borrowers failed and neglected to pay the principal sum thereof and the interest thereon at the times and in the manner therein provided, and failed and neglected to pay the additional Mortgage expenses, advances and charges incurred or made pursuant to the terms and conditions of the Mortgage.

15. By reason of this breach, Lender exercised its option under the terms and covenants of the Note and Mortgage to declare the entire principal balance under the Note and Mortgage, together with accruing interest, accruing late charges, payments, expenses and other advances, immediately due

and payable; due notice was given to Defendant Borrowers and Defendant Mortgagors of Lender's acceleration of the debt. Although demand has been made by Lender with respect to amounts due and payable to Lender, Defendant Borrowers failed, refused and neglected to pay the same.

16. Therefore, the entire unpaid principal balance plus accruing interest, accruing late charges, payments, expenses and other charges owed to Lender under the terms of the Note and/or Mortgage is now due and payable from Defendant Borrowers to Lender.

17. By reason of the above facts, Lender is entitled to the foreclosure of the Mortgage and to the sale of the property.

18. The Mortgage provides that in the event of foreclosure, Lender may be awarded all sums secured by the Mortgage, including reasonable attorneys' fees and all costs and expenses provided for in the Note, including any advances made necessary or advisable or sustained by Lender for the benefit or protection of the subject property or in connection therewith.

19. Lender's Mortgage is prior and superior to the interests of all other parties herein.

THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.   IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE OF THE

DEBT FROM A BANKRUPTCY COURT, THIS COMPLAINT IS NOT AND SHOULD NOT IN ANY WAY BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

WHEREFORE, Lender prays as follows:

1)   That process of this Honorable Court issue summoning the above-named Defendants to appear and answer the allegations of this complaint as by law provided and to stand to and perform and abide by such orders, decrees and directions as may be made and entered herein.

2)   That upon a hearing had herein, there be ascertained the total amount due to Lender at the time of judgment under the Note and Mortgage including principal, interest, costs, expenses or advances, late fees and attorneys' fees; and that this Court determine and decree:

a.   That there is due and owing to Lender by virtue of the terms of the Note and Mortgage and of the proofs adduced, a certain sum of money, and that such sum of money, together with legal interest accrued thereon, and all costs, expenses or advances, late fees and attorneys' fees aforesaid be declared to be a valid and enforceable lien upon the property; and that this Court fix and determine just and reasonable attorneys' fees for Plaintiff's attorneys herein;

b.   That upon the foreclosure sale herein prayed for, all Defendants whose claims and interests are junior and

subordinate to Lender's Mortgage, including Defendant Borrowers, Defendant Mortgagors, and all persons claiming any interest in the property, by, through or under said Defendants, shall be forever barred and foreclosed of and from all right, title and interest and claims at law or in equity in and to the property;

c. That this Court appoint a commissioner to take possession of the property, subject to prior liens if any, and that he/she be authorized to collect rents, deal with the property and to sell the same for cash, in lawful money of the United States of America, in the manner provided by law and by order of this Court, subject to other liens, if any, which this Court may find to be prior and superior to the lien of Lender, and upon the confirmation of said sale by this Court, that the commissioner be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the property as may be appropriate in the premises, and, except for any such aforementioned prior liens, otherwise free and clear of all liens, encumbrances and claims of creditors, to the same, except that nothing herein shall impair the right of redemption, if any, of the United States of America, under Section 2410, Title 28, United States Code;

d. That Lender be allowed to become a purchaser in such sale, by way of credit bid, without the requirement of any down payment at said sale;

e.    That after the payment of all necessary expenses of such sale and commissioner fees, the commissioner be authorized and directed to make application of the proceeds thereof, so far as the same may be necessary, in such amounts and in such priority as determined by this Court;

f.    Provided, however, if the proceeds of such sale shall be insufficient to pay the aforesaid sums to Plaintiff and it shall appear that a deficiency exists, that Plaintiff shall not seek judgment for such deficiency against Defendants Wayne Noelani Tom and Coleen Etsuko Tom.

g.    That Lender have such other and further relief as this Court deems just and proper in the premises.

DATED: Honolulu, Hawaii, _____5-14-03_____.

_____
STEVEN T. IWAMURA
DEREK W.C. WONG
ROBERT M. EHRHORN, JR.
Attorneys for Plaintiff

10



Loan No. &30(W)

# NOTE

March 21, 1995

Honolulu, Hawaii

92-309 Nohona Street, Kapolei, Hawaii 96707
*Property Address*

**1.   BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $160,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Western Pacific Mortgage, Inc., a Hawaii corporation.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.50%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**

**(A)   Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on May 1, 1995. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payment will be applied to interest before principal. If, on April 1, 2025, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 735 Bishop Street, Suite 235, Honolulu, Hawaii 96813 or at a different place if required by the Note Holder.

**(B)   Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,230.27.

**4.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be five percent (5.0%) of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

Multistate Fixed Rate Note-Single Family-FNMA/FHLMC Uniform Instrument        Form 3200   12/83
CMB\3466\VV34B21.1WRN



# EXHIBIT 1

(B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any Interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2

Form 3200  12/83

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____
Wayne Noelani Tom

_____
Coleen Etsuko Tom

"Borrower"

Form 3200  12/83

L-172

STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED

MAR 24, 1995   08:01 AM

Doc No(s) 2226366

on Cert(s) 454,267

/s/ CARL T. WATANABE
ASSISTANT REGISTRAR

SMRF: $160.00

FHLMC 9/95
# 375430

RETURN BY MAIL (X) PICKUP ( )

Mellon Mortgage Company
P.O. Box 4883
Houston, Texas 77210
Loan No. 375430(W)

TG: 460453
TGE: 951010166
      LYNNE NAKAMURA

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on March 21, 1995. The mortgagor is:

Wayne Noelani Tom and Colean Etsuko Tom, husband and wife, whose address is 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Borrower").

This Security Instrument is given to Western Pacific Mortgage, Inc., a Hawaii corporation, with its address at 735 Bishop Street, Suite 235, Honolulu, Hawaii 96813 ("Lender"). Borrower owes Lender the principal sum of One Hundred Sixty Thousand And No/100 Dollars (U.S. $160,000.00). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2025. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under the Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the property described in the attached Exhibit "A" and having the following address: 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Hawaii Single Family-FNMA/FHLMC Uniform Instrument                                    Form 3012  9/90



EXHIBIT 2



THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secured from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

2

Form 3012    9/90



All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of the occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquired fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

3                                                                                    Form 3012  9/90

10.  Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower.  In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking.  Any balance shall be paid to Borrower.  In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11.  Borrower Not Released; Forbearance By Lender Not a Waiver.  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12.  Successors and Assigns Bound; Joint and Several Liability; Co-signers.  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13.  Loan Charges.  If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14.  Notices.  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15.  Governing Law; Severability.  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

16.  Borrower's Copy.  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17.  Transfer of the Property or a Beneficial Interest in Borrower.  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4

Form 3012  9/90

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give Borrower notice of sale in the manner provided in paragraph 14. Lender shall publish a notice of sale and shall sell the Property at the time and place and under the terms specified in the notice of sale. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Secured Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument to Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. **Waivers.** Borrower relinquishes all right of dower and curtesy in the Property.

24. **Choice of Insurer.** Borrower may purchase any insurance required by this Security Instrument from an insurer or agent of Borrower's choice, subject only to Lender's right to reject a given insurer or agent based on reasonable standards, uniformly applied, relating to the extent of coverage required and the financial soundness and services of the insurer or agent.

5

Form 3012  9/90

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
--NONE--

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____
Wayne Noeland Tom

_____
Coleen Etsuko Tom

"Borrower"

State of Hawaii                              )
City and County of Honolulu   )  SS.

On _Marzh 21, 1995_, before me personally appeared Wayne Noeland Tom and Coleen Etsuko Tom, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacities shown, having been duly authorized to execute such instrument in such capacities.

_____
Notary Public, State of Hawaii
My commission expires: 9-1-98

6

Form 3012   9/90

EXHIBIT "A"                                      Loan No. 375430(W)

All of that certain parcel of land situate at Honouliuli, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOT 2290, area 7,154 square feet, more or less, as shown on Map 201, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1069 of the Trustees of the Estate of James Campbell, deceased.

BEING the property conveyed to WAYNE NOELANI TOM and COLEEN ETSUKO TOM, husband and wife, by Warranty Deed filed before this instrument and described in Certificate of Title No. 1536, 267 .

SUBJECT, HOWEVER, to the following:

1.   Designation of Easement "622" ( 5 feet wide) for drainage swale purposes, as shown on Map 201, as set forth by Land Court Order No. 31486, filed March 30, 1970.

2.   The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Deed dated June 27, 1978, filed as Document No. 890372.

3.   Party Wall Agreement between James Harold Bennett, Jr. and Mary Ann Bennett, husband and wife, and Herbert Leonillo Unciano and Joycelyn Wanda Unciano, husband and wife, recorded before this instrument.

END OF EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA | CIVIL NO. |
| | (Foreclosure) |
| Plaintiff, | |
| | SUMMONS |
| vs. | |
| WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, | |
| Defendants. | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Steven T. Iwamura, of Stanton Clay Chapman Crumpton & Iwamura, Plaintiff's attorneys, whose address is 700 Bishop Street, Suite 2100, Honolulu, Hawaii, 96813, an answer to the Complaint which is attached. This action must be taken within twenty (20) days

after service of this summons upon you, exclusive of the day of service.

The United States of America has sixty days after the service of this Summons to answer the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

If you fail to obey this Summons, this may result in an entry of default and DEFAULT JUDGMENT will be taken against you.

DATED: Honolulu, Hawaii, _____ MAY 15 2009 _____ .

_____

Clerk of the above-entitled Court

TOM AND UNCIANO v. GMAC MORTGAGE LLC ET AL                    EXHIBIT 4





L-224    STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2008        08:02 AM
L.C. Order No(s) 176281
on Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1/1    Z1

LAND COURT                    REGULAR SYSTEM
RETURN BY MAIL ( )  PICKUP (X) TO:            Total Pages _____

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE
Anders G. O. Nervell, Esq.
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

IN THE LAND COURT OF THE STATE OF HAWAII

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ANDERS G. O. NERVELL 5588
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400

Attorneys for Petitioner
Homecomings Financial, LLC, a Delaware limited liability company

A TRUE COPY, ATTEST WITH
THE SEAL OF SAID COURT
TRACIANN SHIMABUKURO
Clerk

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

2008 SEP 10  AM 11: 35
KATHLEEN HAHAWAHINE
REGISTRAR

LAND COURT
STATE OF HAWAII
FILED

IN THE LAND COURT OF THE STATE OF HAWAII

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

To the Honorable Judge of the Land Court of the State of Hawaii:

COMES NOW, petitioner, HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, and alleges as follows:

1.    That HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware corporation, was converted into and under the charter and title of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, as evidenced by the Certificate of Conversion to Limited Liability Company dated October 6, 2006; a certified copy of said Certificate filed on October 6, 2006 with the Secretary of State of the State of Delaware presented and withdrawn (xerox copy substituted and attached hereto).

2.    That there are currently outstanding mortgages, and releases, assignments and amendments of mortgages, and other documents bearing the name HOMECOMINGS FINANCIAL NETWORK, INC., filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii and noted on numerous Land Court Certificates of Title.

3.    That to note the foregoing conversion with respect to all documents, mortgages and other security instruments would require considerable time and would unduly burden the Assistant Registrar of the Land Court of the State of Hawaii.

WHEREFORE, petitioner, HOMECOMINGS FINANCIAL, LLC, prays that an Order be made and entered authorizing and directing the Assistant Registrar of the Land Court to accept for filing in the Land Court all documents executed in

2

Petitioner's new name, HOMECOMINGS FINANCIAL, LLC, including but not limited to releases, amendments or assignments of mortgages and any other documents relating to documents now filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii under the name HOMECOMINGS FINANCIAL NETWORK, INC.

(The remainder of this page has intentionally been left blank)

[continuation of PETITION FOR ORDER REGARDING CONVERSION OF ENTITY]

DATED: Honolulu, Hawaii, ___September 8, 2008___

HOMECOMINGS FINANCIAL, LLC, a
Delaware limited liability company

By: _____
Name: _Steven T. Iwamura_____
Its: _Agent for_____

STATE OF __Hawaii_____ )
                               ) SS.
CITY & COUNTY OF __Honolulu__ )

On this __8th__ day of ___September___ 20 08, before me personally appeared ___Steven T. Iwamura___ to me known to be the person described in and who executed the foregoing document and acknowledges that he/she executed the same as the free act and deed of said corporation.

_____
Print Name: _Sherri Anne Pascual_
Notary Public, State of __Hawaii__
My commission expires: 7/27/2012

Doc. Date: 9/8/y     # Pages: 5
Name: Sherri Anne Pascual First Circuit
Doc. Description: _____
Petition for Order Regarding
Conversion of Entity

_____  9/8/08
Notary Signature    Date
NOTARY CERTIFICATION

4

## ORDER

Upon the record and the evidence herein, the prayer of the petition is hereby granted and the Assistant Registrar of this Court is so ordered.

Dated: Honolulu, Hawaii, _____ SEP 1 0 2008

KATHLEEN HANAWAHINE

_____
Registrar for Judge of the Land Court

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY AND ORDER

5

6

# Delaware

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF

DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND

CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE

CORPORATION UNDER THE NAME OF "HOMECOMINGS FINANCIAL NETWORK,

INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME

FROM "HOMECOMINGS FINANCIAL NETWORK, INC." TO "HOMECOMINGS

FINANCIAL, LLC", FILED IN THIS OFFICE ON THE SIXTH DAY OF

OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

2550221    8100V

080904417

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6815392

DATE: 08-27-08

7

# CERTIFICATE OF CONVERSION TO LIMITED LIABILITY COMPANY
## OF
## HOMECOMINGS FINANCIAL NETWORK, INC.
### TO
### HOMECOMINGS FINANCIAL, LLC

This certificate of Conversion to Limited Liability Company dated as of October 6, 2006, has been duly executed and is being filed by Homecomings Financial, Inc., a Delaware corporation (the "Company"), and the second undersigned, as an authorized person of Homecomings Financial, LLC, a Delaware limited liability company (the "LLC"), to convert the Company to the LLC, under the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.) and the General Corporation Law of the State of Delaware (8 Del.C. § 101, et seq.) (the "GCL").

1.      The Company's name immediately prior to the filing of this certificate of Conversion to Limited Liability Company was Homecomings Financial Network, Inc.

2.      The Company filed its original certificate of incorporation with the Secretary of State of the State of Delaware and was first incorporated on October 10, 1995 in the State of Delaware, and was incorporated in the State of Delaware immediately prior to the filing of this Certificate of Conversion to Limited Liability Company.

3.      The name of the LLC into which the Company shall be converted as set forth in its certificate of formation is Homecomings Financial, LLC.

4.      The conversion of the Company to the LLC has been approved in accordance with the provisions of Sections 228 and 266 of the GCL, and Section 18-214 of the Limited Liability Company Act.

5.      The conversion of the Company to the LLC shall be effective upon the filing of this Certificate of Conversion to Limited Liability Company and a certificate of formation with the Secretary of State of the State of Delaware.

[Remainder of Page Intentionally Blank]

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:26 AM 10/06/2006
FILED 11:26 AM 10/06/2006
SRV 060920385 - 2550221 FILE

8

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____

Name: Kenneth M. Duncan
Title: Acting Chief Financial Officer

HOMECOMINGS FINANCIAL, LLC

By: _____

Name: David M. Applegate
Authorized Person

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____
    Name:
    Title:

HOMECOMINGS FINANCIAL, LLC

By: _____
    Name: David M. Applegate
    Authorized Person

# Delaware

PAGE 2

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF CERTIFICATE OF FORMATION OF "HOMECOMINGS
FINANCIAL, LLC" FILED IN THIS OFFICE ON THE SIXTH DAY OF
OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

_Harriet Smith Windsor_
Harriet Smith Windsor, Secretary of State

**2550221   8100V**

**080904417**

You may verify this certificate online
at corp.delaware.gov/authver.shtml

AUTHENTICATION: 6815392

DATE: 08-27-08

## CERTIFICATE OF FORMATION
### OF
### HOMECOMINGS FINANCIAL, LLC

This Certificate of Formation of Homecomings Financial, LLC (the "LLC"), dated October 6 , 2006, has been duly executed and is being filed by the undersigned, as an authorized person of the LLC, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.).

FIRST.  The name of the limited liability company formed hereby is Homecomings Financial, LLC.

SECOND.  The address of the registered office of the LLC in the State of Delaware is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

THIRD.  The name and address of the registered agent for service of process on the LLC in the State of Delaware are Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

David M. Applegate
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:26 AM 10/06/2006
FILED 11:26 AM 10/06/2006
SRV 060920385 - 2550221 FILE

Of Counsel:

**ORIGINAL**

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2008 DEC 10 AM 11: 01

N. ANAYA
CLERK

STEVEN T. IWAMURA          # 5237
DEREK W. C. WONG          #4155
ROBERT M. EHRHORN, JR.    # 977
CHRISTIAN FENTON          #8727
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No. (808) 535-8400
Facsimile: (808) 536-1141

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| HOMECOMINGS FINANCIAL, LLC, | CIVIL NO. 03-1-1029-05 (Foreclosure) |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER SUBSTITUTING HOMECOMINGS FINANCIAL, LLC AS PLAINTIFF FILED 10/9/08 |
| WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, | NON-HEARING MOTION TRIAL DATE: Not Set SCF JUDGE: Not Assigned |
| Defendants. | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
FIFTEENTH DIVISION      NOV 1 9 2008

ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
SUBSTITUTING HOMECOMINGS FINANCIAL LLC AS PLAINTIFF, FILED 10/9/08

Plaintiff HOMECOMINGS FINANCIAL, LLC, formerly HOMECOMINGS

FINANCIAL NETWORK, INC. ("Homecomings"), filed its Motion for Order Substituting

Homecomings Financial, LLC as Plaintiff ("Motion") herein on October 9, 2008.

The Court having considered the Motion and the pleadings filed by the

parties in support of and in opposition thereto, being fully advised in the premises, and

pursuant to the Minute Order dated November 5, 2008;

It is

ORDERED, ADJUDGED AND DECREED that the Motion shall be and is

hereby granted, and HOMECOMINGS FINANCIAL LLC is substituted as Plaintiff in lieu

and instead of Homecomings Financial Network, Inc., for all purposes hereinafter.

IT IS FURTHER ORDERED that the case caption is hereby amended to

reflect said substitution.

DATED: Honolulu, Hawaii,        DEC 1 0 2008            .

JUDGE OF THE ABOVE-ENTITLED COURT

2

TOM AND UNCIANO v. GMAC MORTGAGE LLC ET AL                    EXHIBIT 6

October 7, 2010

Joycelyn W. Unciano
91-590 Farr. Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323

HAND DELIVERED 10/07/2010; Time: 4:15 pm

David B. Rosen
810 Richards Street, Ste. 880
Honolulu, Hi. 96813
808 523-9393  (808) 5239494

RE:    NOTICE OF DISPUTE OF
       NON-JUDICAL FORECLOSURE ENTITLED;
       WAYNE NOELANI TOM and COLEEN ETSUKO TOM

        I called your office and left messages referencing the above-mentioned parties
and property along with my name and telephone number. You returned my call
yesterday at approximately 3:05 pm.

        Pursuant to our telephone conversation you admitted that you are aware that there
is a Judicial Foreclosure pending in the Circuit Court of the First Circuit. In our
conversation you gave me the case number 03-1-1029-05. The Judicial Foreclosure vs.
Wayne Noelani Tom, Coleen Etsuko Tom, Borrower and Co-Borrower and Joycelyn
Wanda Unciano, Owner of the property scheduled for Auction on 10/29/2010.

        You failed to do Due Diligence to research the case on behalf of your clients
BEFORE proceeding with the above Non-Judicial Foreclosure. You simply said, "Well,
I don't see how it affects my clients".

        You have full and complete knowledge that TCT #454,267 is Canceled by TCT
#546,739 evidenced on the filing of an A/M filed on September 16, 2010 at the Bureau of
Conveyance which First American Title submitted for the record as an

TOM AND UNCIANO v. GMAC MORTGAGE LLC ET AL          EXHIBIT 7

October 8, 2010

Joycelyn W. Unciano
91-590 Farr. Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323 Fax 450-2429          PAGES FAXED INCLUDING THIS PG. 23

David B. Rosen
810 Richards Street, Ste. 880 and 888
Honolulu, Hi. 96813
808 523-9393 Fax 523-9595
808 523-9494

                    RE: FOR YOUR INFORMATION
                    WAYNE NOELANI TOM and COLEENT ETSUK TOM
                    DISPUTED NON-JUDICIAL FORECLOSURE

PLS. FIND ATTACHED:

1.    Copy of Letter Delivered to your office 10/7/2010

2.    PLTFF'S MOTION FOR ORDER SUBSTITUTING
      HOMECOMINGS FINANCIAL, LLC AS PLTFF;
      10/09/2008; MOTION IS ATTACHED 12pgs.

3.    ORDER GRANTING PLTF'S MOTION FOR ORDER
      SUBSTITUTING HOMECOMINGS FINANCIA, LLC AS
      PLTF ; 12/10/2008

4.    PLTF'S MSJ AND DECREE OF FORECLOSURE
      AGAINST ALL DEFTS ON COMPLAINT FILE 5/15/03;
      12/29/2008

5.    ORDER DENYING WITHOUT PREJUDICE PLTF'S
      MSJ AND DECREE OF FORECLOSURE AGAINST
      ALL DEFENDANTS ON COMPLAINT; 3/10/2009

6.    PLTF'S MSJ AND DECREE OF FORECLOSURE
      AGAINST AL DEFTS ON COMPLAINT FILED
      5/15/2003

7.    ORDER DENYING W/O PREJUDICE PLTF'S MSJ
      AND DECREE FORECLOSURE AGAINST ALL DEF
      ON COMPLAINT;    3-10-2009

ORDER DENYING

8.   PLTF'S MSJ AND DECREE OF FORECLOSURE
AGAINST ALL DEF ON COMPLAINT   3/02/2010

Joycelyn W. Unciano

## NOTICE OF HEARING ON MOTION

**TO:**

GMAC MORTGAGE, LLC
1100 Virginia Drive
Fort Washington, PA 19034

Defendant

KRISTINE WILSON
GMAC MORTGAGE, LLC.
LIMITED SIGNING OFFICER
1100 Virginia Drive
Fort Washington, PA 19034
Defendant

DAVID B. ROSEN, ESQ.
810 Richards Street, Ste. 888 and 880
Honolulu, Hawaii 96813

Attorney for Defendant

PLEASE TAKE NOTICE that the foregoing motion will come on for hearing on
_____NOV 0 3 2010_____, 2010, at 9 ³⁰ (A.M) /P.M., before the Honorable

KARL K. SAKAMOTO in his/her Courtroom, at Kaahumanu Hale, 777

Punchbowl Street, Honolulu, HI 96813.

Dated: Honolulu, Hawaii, October 21, 2010.

Gary L. Hartman

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

19

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Preliminary Injunction was duly served on the

following individuals on the date of filing by depositing same in the U.S. Mail, first class postage

prepaid or by hand delivering same:


GMAC MORTGAGE, LLC      Via U.S. Mail
1100 Virginia Drive
Fort Washington, PA  19034

Defendant

KRISTINE WILSON            Via U.S. Mail
GMAC MORTGAGE, LLC.
LIMITED SIGNING OFFICER
1100 Virginia Drive
Fort Washington, PA  19034

Defendant


DAVID B. ROSEN, ESQ.   Via Hand Delivery
810 Richards Street, Suite 888
Honolulu, Hawaii 96813

Defendant


Dated: Honolulu, Hawaii, October 2ℓ, 2010.

Gary L. Hartman

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | Case No.: |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | |
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIES 1-10; DOE LLC'S 1-10, DOE CORPORATE ENTITIES 1-10, | |
| Defendants. | |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I caused a true and correct copy of the foregoing document to be served on the following persons by facsimile, hand-delivery or U.S. mail, postage prepaid (as indicated below) to their respective addresses:

|  | **HAND-DELIVERED** | **FAXED** | **MAILED** |
|---|:---:|:---:|:---:|
| GARY L. HARTMAN, ESQ.<br>1750 Kalakaua Ave. #103-3730<br>Honolulu, HI 96826<br><br>Attorney for Plaintiffs<br>COLEEN ETUSKO TOM and<br>JOYCELYN WANDA UNCIANO | ☐ | ☐ | ☒ |
| DAVID B. ROSEN, ESQ.<br>Law Office of David B. Rosen, ALC<br>810 Richard Street, Suite 880<br>Honolulu, HI 96813<br><br>Defendant | ☒ | ☐ | ☐ |

DATED:  Honolulu, Hawai`i, <u>November 9, 2010</u>.

LOUISE K. Y. ING
PETER KNAPMAN
Attorneys for Defendants
GMAC MORTGAGE, LLC and
KRISTINE WILSON

# EX 3

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

2010 OCT 27 PM 2: 35

STATE OF HAWAII

| | | |
|---|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | ) ) ) | Civ. No. 10-1-2273-10 A. MARPLE |
| | ) | CLERK |
| Plaintiffs, | ) ) | ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY |
| v. | ) ) ) | RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-JUDICIAL FORECLOSURE AUCTION SCHEDULED |
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do Business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIES 1-10; DOE LLCs 1-10; and DOE CORPORATE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FOR OCTOBER 29, 2010 |
| Defendants. | ) ) | |

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-JUDICIAL
FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010

Upon review of (1) Plaintiffs' Ex Parte Motion for
Temporary Restraining Order to Enjoin Defendants' Non-Judicial
Foreclosure Auction Scheduled for October 29, 2010 and (2)
Plaintiffs' Verified Complaint and attached exhibits filed in
this court on October 25, 2010, the court, pursuant to Hawaii
Rules of Civil Procedure Rule 65(b), hereby GRANTS Plaintiffs'
motion for the following reasons:

CV 10-00653(SOM)(BMK)

EXHIBIT _1_

1.   Plaintiffs have shown, and the court takes

judicial notice, that a judicial foreclosure proceeding upon the

same real property is pending before this court (The Honorable

Judge Bert I. Ayabe presiding) in Civ. No. 03-1-1029-05,

Homecomings Financial, LLC v. Coleen Etsuko Tom (et al.), the

complaint having been originally filed on May 15, 2003.

2.   It appears that the real property in question is

described as 92-309 Nohona Place, Kapolei, Hawaii (as reflected

in the May 15, 2003 complaint in Civ. No. 03-1-1029-05) or, in

the alternative, as 92-309 Nohona Street, Kapolei, Hawaii (as

described by plaintiffs in their ex parte motion for temporary

restraining order, and as asserted by the May 15, 2003 complaint

in Civ. No. 03-1-1029-05 to be the true property address).

3.   The court takes judicial notice that the judicial

foreclosure proceeding in Civ. No. 03-1-1029-05 is still

pending.

4.   The court takes judicial notice that as of

December 10, 2008, in Civ. No. 03-1-1029-05, party Homecomings

Financial, LLC substituted itself as plaintiff in place of

Homecomings Financial Network, Inc., pursuant to court order

granting the substitution.

5.   The court takes judicial notice that the May 15,

2003 complaint in Civ. No. 03-1-1029-05 seeks judicial

foreclosure upon an alleged mortgage dated March 21, 1995,

CV 10-00653(SOM)(BMK)

2

EXHIBIT 1

executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, allegedly recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 546,739.

6.   It appears that an Assignment of Mortgage was recorded in the State of Hawaii Land Court and/or in State of Hawaii the Bureau of Conveyances on September 16, 2010, in which entity Homecomings Financial Network, Inc. assigned from itself to GMAC Mortgage, LLC a mortgage purportedly dated March 21, 1995, executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 454,267.

7.   This Assignment of Mortgage recorded September 16, 2010 appears to bear hand-written corrections referencing a "CT 546,739."

8.   This Assignment of Mortgage recorded September 16, 2010 is signed on behalf of Homecomings Financial Network, Inc. by a certain Kristine Wilson as Vice President.

9.   The court has also received from Plaintiffs a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" dated September 15, 2010, which references a mortgage dated March 21, 1995, recorded on March 24, 1995 in the Office of the Assistant Registrar in the County of Honolulu, State of

CV 10-00653(SOM)(BMK)

3

EXHIBIT 1

Hawaii, Land Court, as Document No. 2226366, on Transfer
Certificate Title No. 454,267, the subject real property located
at "92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309
NOHONA STREET KAPOLEI HI 96707".

10.   The aforementioned "Notice of Mortgagee's
Intention to Foreclose Under Power of Sale" dated September 15,
2010 was signed for GMAC Mortgage, LLC by Kristine Wilson, who
was designated as "Limited Signing Officer".

11.   According to the aforementioned "Notice of
Mortgagee's Intention to Foreclose Under Power of Sale" dated
September 15, 2010, inquiries are to be directed to David B.
Rosen, Esq.

12.   It appears to this court that both (a) the
judicial foreclosure pending in Civ. No. 03-1-1029-05 before
this court and (b) the non-judicial foreclosure proceedings
apparently initiated and/or reflected by the "Notice of
Mortgagee's Intention to Foreclose Under Power of Sale" dated
September 15, 2010 concern the same mortgage upon the same real
property.

13.   It further appears to this court that party
Kristine Wilson, who is nominally Vice President of entity
Homecomings Financial Network, Inc., is also acting as "Limited
Signing Officer" for GMAC Mortgage, LLC for purposes of
attempting, or noticing, a non-judicial foreclosure of the

CV 10-00653(SOM)(BMK)

EXHIBIT   1

4

subject mortgage in the instant matter.

14.   The court is concerned by what appears to be simultaneous judicial and non-judicial foreclosure proceedings upon the same mortgage and same real property, by two apparently separate competing mortgagees, Homecomings Financial, LLC and GMAC Mortgage, LLC.

15.   The court is additionally concerned by Kristine Wilson acting as Vice President of apparently former plaintiff Homecomings Financial Network, Inc. in Civ. No. 03-1-1029-05 and as "Limited Signing Officer" for GMAC Mortgage, LLC in the non-judicial foreclosure proceedings, and cannot ascertain, at minimum, whether Kristine Wilson has proper authority to act as GMAC Mortgage, LLC's "Limited Signing Officer" and/or to act on behalf of GMAC Mortgage, LLC in signing a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale".

16.   Because the non-judicial foreclosure auction upon the real property described as 92-309 Nohona Place, Kapolei, Hawaii or 92-309 Nohona Street, Kapolei, Hawaii, which is alleged to be Plaintiffs' family home, is allegedly scheduled to occur on Friday, October 29, 2010, the court finds that it clearly appears from specific facts shown by Plaintiffs' verified complaint and the attached exhibits thereto that immediate and irreparable injury or loss will result to Plaintiffs-applicants before Defendants or Defendants' attorneys

CV 10-00653(SOM)(BMK)

EXHIBIT _1_

can be heard in opposition to Plaintiffs' motion for temporary restraining order (submitted *ex parte*).

TEMPORARY RESTRAINING ORDER

THEREFORE, it is hereby ordered, adjudged and decreed that:

1.   Plaintiffs' motion is hereby granted, and the Temporary Restraining Order is hereby issued.

2.   Defendants GMAC MORTGAGE, LLC, KRISTINE WILSON, and DAVID B. ROSEN, ESQ. are enjoined from taking any further action to conduct a non-judicial foreclosure sale regarding the real property located at 92-309 Nohona Street, Kapolei, HI (also known as 92-309 Nohona Place, Kapolei, HI).

3.   This Temporary Restraining Order is effective until Friday, November 5, 2010, at 4:00 P.M.  The hearing on Plaintiffs' "Motion for Preliminary Injunction to Enjoin Defendants' Non-Judicial Foreclosure Auction Scheduled for October 29, 2010 Pursuant to Rule 65 HRCP and HRS §480-13(b)2) [sic]" is scheduled for hearing before the Honorable Karl. K. Sakamoto on _Nov. 3_____, 2010, at _9:30_ (A.M.)/P.M., in his Courtroom at Kaahumanu Hale, 777 Punchbowl Street, Honolulu, HI 96813.

CV 10-00653(SOM)(BMK)

EXHIBIT _1___

DATED:  Honolulu, Hawaii _____ OCT 2 7 2010 _____,

at _____ ( 2 _____ A.M. / P.M.

_Karl K. Sakamoto_

_____
KARL K. SAKAMOTO
Judge of the above-entitled Court

CV 10-00653(SOM)(BMK)

EXHIBIT  1

7

EX 4



L-571      STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
MAR 03, 2011      11:00 AM

L.C. Order No(s) 186175
on Cert(s) 546,739

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1/1    Z10

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

*Nicki Ann Thompson*

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

2011 MAR -2 PM 2: 29
KATHLEEN HANANAHINE
REGISTRAR
LAND COURT
STATE OF HAWAII
FILED

---

LAND COURT          REGULAR SYSTEM

AFTER RECORDATION, RETURN BY:   MAIL ( )   PICK-UP ( X )

ALSTON HUNT FLOYD & ING (PSK)
TELEPHONE:  (808) 524-1800

---

Tax Map Key No.: Oahu 9-2-014-090                    Total Pages: 8

IN THE LAND COURT OF THE STATE OF HAWAI'I

In the Matter of the Application

of

Trustees under the Will and of the
Estate of James Campbell, deceased,

to register and confirm title to land
situate at Honouliuli, District of Ewa,
City and County of Honolulu,
State of Hawai`i

Application No. 1069

L. D. CASE NO. 11-1-0667

**PETITION OF GMAC MORTGAGE, LLC,
FOR AMENDMENT OF TRANSFER CERTIFICATE
OF TITLE NO. 546,739 and ORDER**

A TRUE COPY. ATTEST WITH
THE SEAL OF SAID COURT.

JANNIS SHIROMA
Clerk

761310-2 / 8165-20                    1

COMES NOW, GMAC MORTGAGE, LLC, party in interest, and respectfully prays for an amendment of Transfer Certificate of Title No. 546,739, to show the following facts:

1.    The correction of the Assignment of Mortgage dated August 27, 2010, by and between Homecomings Financial Network, Inc., as Assignor, and GMAC Mortgage, LLC, a Delaware limited liability company, as Assignee, which is filed on September 16, 2010, in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i as Document No. 3999824. Due to scrivener's error, said Assignment of Mortgage, a copy of which is attached hereto and made a part hereof, incorrectly identifies the Assignor as Homecomings Financial Network, Inc.

2.    Pursuant to Land Court Order No. 176281 filed on September 16, 2008, Homecomings Financial Network, Inc. was converted into Homecomings Financial, LLC, a Delaware limited liability company.

3.    The Assignor should be corrected and identified as Homecomings Financial, LLC, a Delaware limited liability company.

4.    In all other respects, said Assignment of Mortgage dated August 27, 2010, and recorded as aforesaid as Document No. 3999824 is hereby ratified and confirmed.

[SIGNATURE AND NOTARY ACKNOWLEDGMENT CONTINUED ON NEXT PAGE]

GMAC MORTGAGE, LLC, a Delaware
limited liability company

By: _____
PETER S. KNAPMAN
Its Attorney

Subscribed and sworn to before me
this 1st day of March ,
2011.

_____
Notary Public, State of Hawaii

KYOKO PATOC

_____
Printed Name of Notary

My commission expires: 6/14/2012

---

| | |
|---|---|
| Doc. Date: Undated | # Pages: 7 |
| Notary Name: KYOKO PATOC | _____ Circuit |
| Doc. Description: **LAND COURT PETITION** | |

Notary Signature        Date        3/1/11

(Stamp or Seal)

**N O T A R Y   C E R T I F I C A T I O N**

---

Application No. 1069; In the Matter of the Application of Trustees under the
Will and of the Estate of James Campbell, deceased, to register and confirm
title to land situate at Honouliuli, District of Ewa, City and County of Honolulu,
State of Hawai'i; *PETITION OF GMAC MORTGAGE, LLC, FOR AMENDMENT
OF TRANSFER CERTIFICATE OF TITLE NO. 546,739 and ORDER*

761310-2 / 8165-20                    3

## ORDER

Upon the record and the evidence herein, the prayer of the petition is hereby granted and the Registrar of this Court is so ordered.

Dated:  Honolulu, Hawaiʻi, _____MAR - 2 2011_____.

KATHLEEN HANAWAHINE
Registrar for the Judge of the Land Court

Application No. 1069; In the Matter of the Application of Trustees under the Will and of the Estate of James Campbell, deceased, to register and confirm title to land situate at Honouliuli, District of Ewa, City and County of Honolulu, State of Hawaiʻi; *PETITION OF GMAC MORTGAGE, LLC, FOR AMENDMENT OF TRANSFER CERTIFICATE OF TITLE NO. 546,739 and ORDER*

761310-2 / 8165-20                    4

IN THE LAND COURT OF THE STATE OF HAWAI'I

In the Matter of the Application | Application No. 1069

of

Trustees under the Will and of the
Estate of James Campbell, deceased,

to register and confirm title to land
situate at Honouliuli, District of Ewa,
City and County of Honolulu,
State of Hawai'i

**JOINDER OF HOMECOMINGS FINANCIAL, LLC FOR AMENDMENT OF
TRANSFER CERTIFICATE OF TITLE NO. 546,739**

HOMECOMINGS FINANCIAL, LLC, hereby joins in, consents to, and

approves of the foregoing Petition of GMAC Mortgage, LLC for Amendment of

Transfer Certificate of Title No. 546,739.

DATED: _2/18/2011_, Pennsylvania, _____.

HOMECOMINGS FINANCIAL, LLC, a
Delaware limited liability company

By: _____

Name:

Its:

761310-2 / 8165-20                    1

COMMONWEALTH OF PENNSYLVANIA    )
                                )  SS:
COUNTY OF ___*montgomery*___    )

On this ___*18*___ day of *February*, ~~2010~~ *2011*, before me

personally appeared ___*Aixa M. Torres*___, to me

personally known, who being by me duly sworn or affirmed, did say that such

person executed the foregoing instrument as the free act and deed of such

person, and if applicable, in the capacity shown, having been duly authorized

to execute such instrument in such capacity.

_____
Notary Public, Commonwealth of
Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Wiltbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries

Printed Name of Notary

My commission expires: _____

761310-2 / 8165-20                    2



I-292          STATE OF HAWAII
          OFFICE OF ASSISTANT REGISTRAR
                    RECORDED
          SEP 16, 2010          06:01 AM

               Doc No(s) 3999924
               on Cert(s) 548,739



                    /s/ NICKI ANN THOMPSON
                    ASSISTANT REGISTRAR

20    1/1    Z11

---

LAND COURT RECORDING SYSTEM                    REGULAR  RECORDING SYSTEM

---

After Recordation Return By:  Mail (X )  Pickup ( )       THIS INSTRUMENT FILED FOR RECORD BY
CAL-WESTERN RECONVEYANCE CORP.                  FIRST AMERICAN TITLE COMPANY, INC. AS      This document contains
525 EAST MAIN STREET                            AN ACCOMMODATION ONLY IT HAS NOT          2 pages
EL CAJON, CA 92020                              BEEN EXAMINED AS TO ITS EXECUTION OR
                                                AS TO ITS EFFECT UPON THE TITLE.

---

TYPE OF DOCUMENT:          ASSIGNMENT OF MORTGAGE

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

*Nicki Ann Thompson*
Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii



Recording Requested By
And When Recorded Mail To:

GMAC MORTGAGE, LLC
P.O. BOX 8300
FORT WASHINGTON PA 19034

*1276690-06*    *asgntdxr*

SPACE ABOVE THIS LINE FOR RECORDER S USE

T.S. NO.  1276690-06    LOAN NO.    XXXXXX7453

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
GMAC MORTGAGE, LLC a Delaware Limited Liability Company whose address is  P.O. BOX 8300
FORT WASHINGTON PA 19034
all beneficial interest under that certain mortgage dated March 21, 1995, executed by
WAYNE NOBLANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE, mortgagor,
and recorded in Office of the Assistant Register in Land Court Document Instrument No. 2226366 on March 24,
1995 in Transfer Certificate Title No. 454,267, state of Hawaii describing land therein as
COMPLETELY DESCRIBED IN SAID MORTGAGE

together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.

Effective Date:         HOMECOMINGS FINANCIAL NETWORK, INC.
8-27-2010

Kristine Wilson   Vice President

State of Pennsylvania
County of Montgomery
On 8/31/10 _____ before me, Tina Witbank _____
a Notary Public, personally appeared  Kristine Wilson _____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of PA that the
foregoing paragraph is true and correct.
WITNESS my hand and official seal                      (Seal)

Signature _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Witbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries

ASGNTDHL.doc                    Rev. 5/25/10                    Page 1 of 1