**Exhibit 2**

GARY L. HARTMAN, 7557
1750 Kalakaua Ave. #103-3730
Honolulu, Hawaii 96826
Office: (808) 782-3035
Email: glhartman@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 13 2010

at 4 o'clock and 00 min. P M.
SUE BEITIA, CLERK

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, Plaintiffs, vs. GMAC MORTGAGE, LLC, a Delaware Limited Liability Company, registered to do business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., a resident of the State of Hawaii; KRISTINE WILSON, a resident of the State of Pennsylvania, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation registered to do business in the State of Hawaii; STEVEN IWAMURA, ESQ. a resident of the State of Hawaii; CLAY CHAPMAN IWAMURA PULICE & NERVELL, AAL, ALC, a Hawaii law corporation; DOE INDIVIDUALS 2- | Case No. CV 10-00653 (SOM)(BMK) FIRST AMENDED COMPLAINT/ DEMAND FOR JURY TRIAL/ EXHIBITS 1-11/ Trial Date: November 1, 2011 Trial Judge: Hon. Susan O. Mollway |

ORIGINAL

10; DOE BUSINESS ENTITIES 1-  )
10; DOE LLC'S 1-10, DOE       )
CORPORATE ENTITIES 3-10,      )
                             )
Defendants.                   )

## FIRST AMENDED COMPLAINT

Comes now Plaintiffs COLEEN ETSUKO TOM and JOYCELYN

WANDA UNCIANO, (hereafter "PLAINTIFFS" and/or "PLAINTIFF TOM" or

"PLAINTIFF UNCIANO"), through their undersigned counsel, with their First

Amended Complaint, pursuant to Federal Rules of Civil Procedure Rule

15(a)(1)(B) as matter of course, as no responsive pleading has been filed by any

Defendant, allege and aver as follows:

1.      Plaintiff COLEEN ETSUKO TOM is, and was at all relevant

times a resident of the City and County of Honolulu, State of Hawaii, and is the

Mortgagor of a certain mortgage from Western Pacific Mortgage, Inc., dated

March 21, 1995, recorded on March 24, 1995 with the State of Hawaii Bureau of

Conveyances as Document No. 2226366, on Transfer Certificate Title, (TCT), No.

454,267, a canceled TCT that was replaced by TCT 546,739, (hereafter referred to

as "WESTERN PACIFIC MORTGAGE").

2.      Plaintiff JOYCELYN WANDA UNCIANO is, and was at all

relevant times, a resident of the City and County of Honolulu, State of Hawaii, and

is the registered owner, as noted on TCT 546,739, (hereafter "The Title"), of the

real property.

3.  Defendant GMAC MORTGAGE, LLC, (hereafter "GMACM"),
is, and was at all relevant times, a Delaware Limited Liability Company doing
business in the State of Pennsylvania, whose address is 1100 Virginia Drive, Fort
Washington, PA 19034, a foreign Limited Liability Company, and alleges to be the
current holder of the Western Pacific Mortgage, through an Assignment of
Mortgage executed on August 31, 2010 effective August 27, 2010, recorded with
the State of Hawaii Bureau of Conveyances on September 16, 2010, as Document
Number 3999824, on TCT 546739, and pursued a non-judicial foreclosure of the
Western Pacific Mortgage to collect a debt against the Plaintiffs pursuant to
Hawaii Revised Statutes §667-5 through §667-10.  A certified copy of the
Assignment of Mortgage is attached hereto as Exhibit 1.

4.  Defendant DAVID B. ROSEN, ESQ., (hereafter ROSEN"), is,
and was at all relevant times, a resident of the State of Hawaii, and is an attorney
licensed to practice law in the State of Hawaii, and pursued the Non-Judicial
Foreclosure of the Western Pacific Mortgage, to collect a debt against Plaintiffs on
behalf of GMACM.  See Exhibit 2.

5.  Defendant KRISTINE WILSON, (hereafter "WILSON"), is, and
was at all relevant times, a resident of Pennsylvania, and an employee of Def.
GMACM as a Limited Signing Officer, who executed an Assignment of Mortgage

on August 31, 2010 effective August 27, 2010, alleging to be Vice President of

Homecomings Financial Network, Inc., assigning the Western Pacific Mortgage, to

Defendant GMACM from Homecomings Financial Network, Inc., (Exhibit 1), and

executed a Notice of Mortgagee's Intention to Foreclose under Power of Sale, on

September 15, 2010.  A true and exact copy the Notice of Mortgagee's Intention to

Foreclose under Power of Sale is attached hereto as Exhibit 2.

6.          Defendant CAL-WESTERN RECONVEYANCE

CORPORATION, (hereafter CAL-WESTERN"), a California corporation

registered to do business in the State of Hawaii, is hereby identified as Doe

Corporation #1 in Plaintiffs Complaint filed on October 25, 2010, is, and was at all

relevant times, assisting in the Non-Judicial Foreclosure of the Western Pacific

Mortgage to collect a debt.  See Exhibits 1-2, 9 & 11.

7.          Defendant STEVEN IWAMURA, (hereafter "IWAMURA"), is

hereby identified as Defendant DOE Individual # 1 in Plaintiffs Complaint filed on

October 25, 2010, and is, and was at all relevant times, a resident of the State of

Hawaii, and an attorney licensed to practice law in the State of Hawaii, a partner in

the law firm of Clay Chapman Iwamura Pulice & Nervell, Attorneys at Law, A law

Corporation in the State of Hawaii, and the attorney of record of a foreclosure by

action proceeding on the same Western Pacific Mortgage, in the Circuit Court of

the First Circuit, State of Hawaii, Civil No. 03-1-1029-05.  A certified copy of

Complaint filed May 15, 2003, Civil No. 03-1-1029-05 is attached hereto as

Exhibit 3.  See also Exhibit 1 and Court Records Civil No. 03-1-1029-05 Circuit

Court of the First Circuit, State of Hawaii.

      8.         Defendant CLAY CHAPMAN IWAMURA PULICE &

NERVELL, Attorneys at Law, A Law Corporation, f.k.a. Stanton Clay Chapman

Crumpton & Iwamura, (hereafter CCIP&N, ALC") is hereby identified as Doe

Corporation #2 in Plaintiffs' Complaint filed on October 25, 2010, is and was at all

relevant times a Hawaii law corporation, and the law firm of record in the judicial

foreclosure by action proceeding on the same Western Pacific Mortgage, in the

Circuit Court of the First Circuit, State of Hawaii, Civil No. 03-1-1029-05.

Exhibits 1-3, & 10.

      9.         Plaintiffs are unaware of the true names and capacities of those

individuals, corporations or business entities sued as DOE INDIVIDUALS 2-10,

DOE BUSINESS ENTITIES 1-10, DOE LLC'S 1-10, DOE CORPORATE

ENTITIES 3-10, or agencies, employed, or controlled by Defendants that may

have been involved with the damages to Plaintiffs, and/or responsible for the

conduct of defendants, as described in this complaint.  Plaintiffs will amend this

complaint to allege said defendants true names and capacities when that

information becomes known.  Plaintiffs therefore allege that these unknown

defendants are legally responsible and liable for the occurrence and damages after

described, and that each of said defendants legally caused Plaintiffs' damages by reason of actions or inactions, that were negligent, careless, deliberate, indifferent, intentional, oppressive, callous, wrongful, outrageous, and/or willful and wanton.

## BACKGROUND

## NON-JUDICIAL AND JUDICIAL FORECLOSURE-SAME MORTGAGE

10.     On May 15, 2003, Defendant IWAMURA, an attorney with Defendant CCIP&N ALC, filed a Complaint for foreclosure by action pursuant to H.R.S. §667-1, in the First Circuit Court of the State of Hawaii, for Plaintiff Washington Mutual Bank, FA, alleged successor in interest to Western Pacific Mortgage, Inc., against Plaintiffs Tom[1] and Unciano, in Civil Number 03-1-1029-05, regarding the WESTERN PACIFIC MORTGAGE.  Exhibit 3.

11.     On February 27, 2007, in Civil Case No. 03-1-1029-05, Homecomings Financial Network, Inc. filed a Motion to Substitute as Plaintiff that was denied on November 14, 2007.  See Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

12.     On November 7, 2007, in Civil No. 03-1-1029-05, Homecomings Financial Network Inc.'s second Motion to Substitute as Plaintiff was filed, and was granted on December 18, 2007.  Id.

13.     On September 16, 2008, a Petition Regarding Conversion of

---

[1] Wayne Noelani Tom, husband of Coleen Etsuko Tom has passed away, and a notice of his death was filed on February 17, 2009 in the Judicial Foreclosure Proceeding, Civil No. 03-1-1029-05.

Entity and Order was filed in the Office of the Assistant Registrar, Land Court State of Hawaii, wherein the name Homecomings Financial Network, Inc. a Delaware corporation, was converted to Homecomings Financial, LLC, a Delaware Limited Liability Company. A certified copy of September 16, 2008, Petition Regarding Conversion is attached hereto as Exhibit 4. See also Id.

14.     On October 9, 2008, in Civil No. 03-1-1029-05, Homecomings Financial, LLC filed a Motion to Substitute as Plaintiff that was granted on December 10, 2008. A certified copy of the December 10, 2008 Order is attached hereto as Exhibit 5. See Also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

15.     On March 10, 2009, in Civil No. 03-1-1029-05, an Order was filed DENYING Homecomings Financial LLC'S Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed May 15, 2003, filed on December 29, 2008. See Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

16.     On March 2, 2010, in Civil No. 03-1-1029-05, an Order was filed DENYING Plaintiff Homecomings Financial LLC (Second) Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed May 15, 2003, filed on October 19, 2009. Id.

17.     On or about October 6, 2010, Plaintiff Tom and Plaintiff Unciano

received from Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN, a

Notice of Mortgagee's Intention to Foreclose Under Power of Sale, regarding the

same Western Pacific Mortgage, that is currently the subject matter of the Judicial

Foreclosure in Civil Case No. 03-1-1029-05. See Exhibits 1-5, 8, & 10.

18.     On October 6, 2010, Plaintiff Unciano spoke with Defendant

ROSEN and informed Defendant of a current Judicial Foreclosure proceeding

regarding the same Western Pacific Mortgage and Defendant ROSEN admitted he

was aware of it and provided Plaintiff Unciano with the Civil Case No. 03-1-1029-

05, and stated "*I do not see how it affects my clients.*"

19.     On October 7, 2010, Plaintiff Unciano hand delivered a letter to

Defendant Rosen's Office confirming the telephone conversation on October 6,

2010. A true and exact copy of Unciano's letter is attached hereto as Exhibit 6.

20.     On October 8, 2010 Defendants caused a process server to post

their Notice of Mortgagee's Intention to Foreclose Under Power of Sale at 92-309

Nohona Place, Kapolei Hawaii, regarding the regarding the Western Pacific

Mortgage that is currently the subject matter of the foreclosure by action in Civil

Case No. 03-1-1029-05. See Exhibits 1-3, & 10. See also Court Records Civil No.

03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

21.     On October 8, 2010 Plaintiff Unciano received from Defendants a

Notice of Mortgagee's Intention to Foreclose Under Power of Sale set for Auction,

October 29, 2010 at 12 noon, pursuant to the same mortgage, same litigants, that is currently the subject of the foreclosure by action in Civil No. 03-1-1029-05.  Id.

22.     On October 8, 2010, Plaintiff Unciano faxed numerous documents from Civil Case No. 03-1-1029-05, to Defendant ROSEN that indisputably proves that Defendants Non-Judicial Foreclosure Proceeding is based on the same Western Pacific Mortgage with a different Plaintiff that is the subject of the foreclosure by action proceeding in Civil No. 03-1-1029-05.  A true and exact copy of Unciano's letter without attachments is attached hereto as Exhibit 7.  See Also Exhibits 1-5, 8, & 10.

23.     On October 11, 2010, Defendant ROSEN called Plaintiff Unciano, confirmed receipt of the October 7, 2010 hand delivered letter, confirmed receipt of the October 8, 2010 faxed documents and informed Unciano that GMAC Mortgage, LLC will be advised.

## STATE COURT ACTION

24.     On October 25, 2010, Plaintiffs filed their Complaint in the Circuit Court of the First Circuit, State of Hawaii in 10-1-2273-10(KKS), including their Demand for Jury Trial, and also submitted Plaintiffs' Ex Parte Motion for Temporary Restraining Order to Enjoin Defendants Non-Judicial Foreclosure Auction Scheduled for October 29, 2010, and Plaintiffs' Motion for Preliminary Injunction to Enjoin Defendants Non-Judicial Foreclosure Auction Scheduled for

October 29, 2010.  See Court Records, Docs. No. 1 & 15.

25.     On October 27, 2010, the Honorable Karl K. Sakamoto, Judge of

the Circuit Court in the First Circuit, State of Hawaii, in Civil No. 10-1-2273-

10(KKS), filed his Order Granting Plaintiffs Ex Parte Motion for Temporary

Restraining Order to Enjoin Defendants Non-Judicial Foreclosure Auction

Scheduled for October 29, 2010, and set a hearing date of November 3, 2010 on

Plaintiffs' Motion for Preliminary Injunction.  A true and exact copy of the

October 27, 2010 Order Granting Plaintiffs' Ex Parte Motion is attached hereto as

Exhibit 8.  See Also Court Records, Doc. No. 15.

26.     On October 28, 2010, Defendant GMACM and Defendant

WILSON, and on October 29, 2010, Defendant ROSEN, were duly served with

Plaintiffs' Complaint, Ex Parte Motion for Temporary Restraining Order, Order

Granting Plaintiff Ex Parte Motion for Temporary Restraining Order, and Motion

for Preliminary Injunction.  See Court Records, Doc No. 15.

27.     On November 1, 2010, Defendants GMACM, ROSEN, and CAL-

WESTERN caused a Notice of Postponement of the October 29, 2010 Non-

Judicial Foreclosure Auction until November 12, 2010 to be mailed to Plaintiffs.

A true and exact copy is attached as Exhibit 9.

28.     On November 3, 2010 only Plaintiffs counsel and Defendant

ROSEN appeared at the hearing on Plaintiffs' Motion for Preliminary Injunction,

and no appearance was made by Defendant GMACM nor Defendant WILSON,

and Defendant ROSEN requested an extension of time to answer Plaintiffs'

Complaint, until December 29, 2010, resulting in the Court entering a minute order

continuing the hearing on Plaintiffs' Motion for Preliminary Injunction until

November 17, 2010 and extended the Order Granting Plaintiffs Ex Parte Motion

for Temporary Restraining Order until November 17, 2010.  See Court Records.

29.      As of November 16, 2010, the foreclosure by action in Civil Case

No. 03-1-1029-05 is still pending with Homecomings Financial, LLC as Plaintiff,

regarding the same Western Pacific Mortgage as evidenced by the Withdrawal and

Substitution of Counsel filed on November 15, 2010 in Civil No. 03-1-1029-05.  A

file stamped copy is attached hereto as Exhibit 10.

## FEDERAL COURT ACTION

30.      On November 9, 2010, Peter Knapman, Esq., counsel for

Defendant GMACM, and Defendant WILSON, filed a Notice of Removal of Civil

Action in this Court, based on federal question as to Count IV of Plaintiffs'

Complaint, attached thereto as Exhibit 1, Violations of Fair Debt Collection

Practices Act, 15 U.S.C. §1692.  See Court Records, Doc. No. 1.

31.      On November 17, 2010, in this case, Plaintiffs filed an Ex Parte

Motion For Extension of Order Granting Plaintiffs' *Ex Parte* Motion For

Temporary Restraining Order To Enjoin Defendants' Non-Judicial Foreclosure

Auction Scheduled For October 29, 2010 Filed On October 27, 2010 in Circuit

Court of the 1st Circuit State of Hawaii in Civil No. 10-1-2273-10(KKS), and

Plaintiffs' Motion for Preliminary Injunction to Enjoin Defendant Non-Judicial

Foreclosure Auction.  See Court Records Docs. No. 9 & 10.

32.       On November 17, 2010 a conference call was initiated by the

Honorable Susan O. Mollway, Judge of the U.S. District Court-District of Hawaii,

regarding Plaintiffs Ex Parte Motion and Motion for Preliminary Injunction, with

Gary L. Hartman, Esq., (counsel for Plaintiffs), Peter Knapman, Esq., (counsel for

Defendants GMACM and Wilson), and Defendant David B. Rosen, (pro se),

wherein Knapman and Rosen informed the Court a Notice of Rescission of the

non-judicial foreclosure auction was in the process of being recorded in the State

of Hawaii Bureau of Conveyances, and Plaintiffs counsel then withdrew both

Motions with the Courts instructions they may be reinstated by calling chambers in

the events Defendants take any further action to proceed with the non-judicial

foreclosure auction, and a minute order was entered by the Court.  See Court

Records. Doc. No. 12.

33.       On November 19, 2010, Plaintiffs received notification from

Defendant ROSEN that a Notice of Rescission of the Notice of Mortgagee's

Intention to Foreclose Under Power of Sale had been recorded in the State of

Hawaii Bureau of Conveyances on November 17, 2010 by Defendant GMAC

Mortgage LLC, Defendant ROSEN, and Defendant CAL-WESTERN.  A true and

exact copy of the Notice of Rescission is attached hereto as Exhibit 11.

34.     On December 6, 2010, a scheduling conference was held before

the Honorable Barry M. Kurren, Magistrate Judge, wherein Defendant ROSEN,

voluntarily disclosed that he contacted counsel for the Plaintiff in the judicial

foreclosure proceeding in Civil No. 03-1-1029-05, (Exhibit 3), prior to initiating

the Non-Judicial Foreclosure of the Western Pacific Mortgage, (Exhibit 2), and

that counsel agreed with Defendants' non-judicial foreclosure under power of sale.

35.     Plaintiffs Tom and Unciano now bring their First Amended

Complaint for relief pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B),

as no responsive pleadings have been filed or served by any Defendants:

### COUNT I          INJUNCTIVE RELIEF
### As to Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN

36.     Plaintiffs re-allege and aver, and incorporate by reference,

paragraphs 1-35.

37.     Pursuant to Rule 65 of the Hawaii Rules of Civil Procedure,

(H.R.C.P.), Hawaii Revised Statutes, (H.R.S.), §667, and H.R.S. §480-13-(b)(2),

Plaintiffs seek Injunctive Relief to enjoin Defendants from proceeding with their

foreclosure under power of sale pursuant to H.R.S. §667-5 through §667-10, while

this case is pending.

38.     Pursuant to H.R.C.P. Rule 65, while this case was proceeding in

the Circuit Court of the First Circuit, State of Hawaii, on October 27, 2010 in Civil

No. 10-1-2273-10(KKS), Plaintiffs Tom and Unciano were granted Injunctive

Relief, Count I of their Complaint filed on October 25, 2010, that enjoined

Defendants GMACM, ROSEN AND WILSON from proceeding with the Non-

Judicial Foreclosure under power of sale.  See Exhibit 8.

      39.      Defendants' non-judicial foreclosure under power of sale, (H.R.S.

§667-5), regarding the same Western Pacific Mortgage, that is currently the subject

matter of the foreclosure by action proceeding, (H.R.S. §667-1), in Civil Case No.

03-1-1029-05, has been rescinded, but not canceled as Defendants have reserved

the right to proceed with their foreclosure under power of sale, (H.R.S. §667-5).

See Exhibit 11.

      40.      Plaintiffs Tom and Unciano reserve the right to submit their

request for injunctive relief should Defendants take any further action on the non-

judicial foreclosure of the Western Pacific Mortgage while this case is pending.

See Exhibits 1-2, 8, & 11.  See also Court Records, Doc. No. 12.

      41.      Plaintiffs also claim their attorneys fees and costs pursuant to

H.R.S. §480-2 and H.R.S. §480-13 as the prevailing party on their claim for

Injunctive Relief in Count I of their Complaint filed on October 25, 2010, that was

granted by the State Court on October 27, 2010.  See Exhibit 8.

## COUNT II      DECLARATORY JUDGMENT
### As to All Defendants

42.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-41.

43.     Plaintiffs Tom and Unciano seek a Declaratory Judgment pursuant to H.R.S. §632-1, and Hawaii Rules of Civil Procedure (H.R.C.P), Rule 57. regarding (A) the alleged Assignment of Mortgage, executed by Defendant WILSON on August 31, 2010, (Exhibit 2), and (B) regarding statutory provisions of H.R.S. §667 Mortgage Foreclosure.

## A.     DECLARATORY JUDGMENT-ASSIGNMENT OF MORTGAGE

44.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-43.

45.     Plaintiffs are entitled to a Declaratory Judgment that the Assignment of Mortgage, executed on August 31, 2010, by Defendant WILSON, as V.P., for Homecomings Financial Network, Inc. to Defendant GMACM is a fraudulent, negligent, or otherwise invalid assignment of the Western Pacific Mortgage, that is currently the subject matter of the judicial foreclosure by action proceeding in Civil Case No. 03-1-1029-05, wherein Homecomings Financial, LLC is the current Plaintiff and has been since December 10, 2008.  See Exhibits 1-5, 8, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

46.     On September 16, 2008, a Petition Regarding Conversion of

47.     Entity and Order was filed in the Office of the Assistant Registrar, Land Court State of Hawaii, wherein the name Homecomings Financial Network, Inc. was converted to Homecomings Financial, LLC as of October 6, 2006.  See Exhibit 4.  See Also Court Records, Civil No. 03-1-1029-05, Circuit Court of the First Circuit, State of Hawaii.

48.     In Civil No. 03-1-1029-05, a foreclosure by action proceeding filed on May 15, 2003, Homecomings Financial, LLC, is currently the Plaintiff, and has been since December 10, 2008, regarding the same Western Pacific Mortgage that is currently the subject matter of Defendants' non-judicial foreclosure under power of sale.  See Exhibits 1-8, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

49.     As of March 2, 2010, in the foreclosure by action proceeding in Civil No. 03-1-1029-05, Plaintiff Homecomings Financial, LLC, was DENIED, for a second time, the right to a decree of foreclosure when the Court DENIED Plaintiff's Motion for Summary Judgment.  Exhibit 5, See also court records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

50.     As of November 16, 2010, Homecomings Financial, LLC is still the Plaintiff in the foreclosure by action proceeding in Civil No. 03-1-1029-05. Exhibit 10.

51.     Defendants now claim Homecomings Financial Network, Inc.,

assigned the Western Pacific Mortgage to Defendant GMAC Mortgage LLC., on August 31, 2010.  See Exhibit 1.  See Also Exhibits 3-8, & 10-11.

52.      Plaintiffs are entitled to a declaratory judgment that the August 31, 2010 Assignment of Mortgage, executed by Def. WILSON, as VP for Homecomings Financial Network, Inc., to Def. GMACM, is a fraudulent, negligent, or otherwise an invalid assignment of the Western Pacific Mortgage, that is currently the subject matter of the foreclosure by action proceeding, in Civil Case No. 03-1-1029-05.  See Exhibits 1-8, & 10-11.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

**B.      DECLARATORY JUDGMENT-H.R.S. §667 Mortgage Foreclosure**

53.      Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-51.

54.      Plaintiffs Tom and Unciano also request a declaratory judgment that Defendants' Notice of Mortgagee's Intention to Foreclose Under Power of Sale, pursuant to H.R.S. §667-5 through §667-10 was invalid, and/or otherwise prohibited, where an election to proceed under H.R.S. §667-1 foreclosure by action has been in litigation continuously since 2003, by a different Mortgagee as Plaintiff.  Exhibits 1-8, & 10-11.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

55.      On May 15, 2003, Defendants IWAMURA and CCIP&N ALC,

pursuant to H.R.S. §667-1, initiated a judicial foreclosure by action proceeding in the Circuit Court of the First Circuit, State of Hawaii, in Civil No. 03-1-1029-05, regarding the Western Pacific Mortgage.  Exhibit 3.

56.     The judicial foreclosure by action proceeding filed on May 15, 2003, is still pending, as evidenced by the Withdrawal and Substitution of Counsel filed on November 16, 2010 in Civil No. 03-1-1029-05, with the current Plaintiff identified therein as Homecomings Financial, LLC.  See Exhibits 3-5, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

57.     From May 15, 2003 through November 18, 2010, Defendant IWAMURA and Defendant CCIP&N ALC have been unable to obtain any relief for the Plaintiff in the judicial foreclosure by action proceeding, Civil No. 03-1-1029-05, and their most recent Motion for Summary Judgment denied Plaintiff Homecomings Financial, LLC, a decree of foreclosure as there are genuine issues of material facts.  Exhibits 3-8, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

58.     On September 15, 2010, Defendants GMACM, WILSON, ROSEN, and CAL-WESTERN initiated a non-judicial foreclosure proceeding, pursuant to H.R.S. §667-5 through H.R.S. §667-10, regarding the Western Pacific Mortgage, with actual knowledge of the foreclosure by action in Civil No. Civil

No. 03-1-1029-05.  Exhibits 2-7.  See also Court Records Civil No. 03-1-1029-05
Circuit Court of the First Circuit, State of Hawaii.

59.        On October 6, 2010 Defendant ROSEN, admitted to Plaintiff
Unciano that he was aware of the judicial foreclosure by action proceeding,
regarding the same Western Pacific Mortgage, provided Plaintiff Unciano with the
Civil Case No. 03-1-1029-05, and stated *"I do not see how it affects my clients."*
Exhibit 6.

60.        On December 6, 2010 Def. ROSEN admitted he conferred with
the counsel in the judicial foreclosure by action case, Civil No. 03-1-1-29-05, prior
to proceeding with the foreclosure under power of sale, (H.R.S. §667-5), and that
counsel agreed with the foreclosure under power of sale by Defendants.

61.        Plaintiffs request a declaratory judgment that the election by the
May 15, 2003 election to pursue a judicial foreclosure by action of the Western
Pacific Mortgage pursuant to H.R.S. §667-1 in Civil No. 03-1-1029-05, that is still
pending in the Circuit Court of the First Circuit, State of Hawaii, with substituted
Plaintiff Homecomings Financial, LLC, renders invalid or otherwise prohibits
Defendants' GMACM, ROSEN, WILSON and CAL-WESTERN, from electing to
initiate the September 15, 2010 Notice of Mortgagee's Intention to Foreclose
Under Power of Sale, pursuant to H.R.S. §667-5, while the foreclosure by action
was still pending.  Exhibits 1-8, & 10-11.  See also Court Records Civil No. 03-1-

1029-05 Circuit Court of the First Circuit, State of Hawaii.

62.     Plaintiffs request an award of their attorneys fees and costs related to this Count, pursuant to H.R.S. §480-2 and §480-13.

**COUNT III          UNFAIR AND DECEPTIVE PRACTICES H.R.S. §480-2**
**As to Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN**

63.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-62.

64.     Defendants GMACM, ROSEN, WILSON, (in her capacity as Limited Signing Officer for GMACM), and CAL-WESTERN are in business of providing services to consumers.

65.     Plaintiffs Tom and Unciano are natural persons and consumers who, primarily for personal, family, or household purposes, purchased, or committed money for services in a personal investment.

66.     The actions following acts of Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN were unfair and deceptive acts, and therefore unlawful pursuant to H.R.S. §480-2:

a.     Assignment of Mortgage on August 31, 2010 to GMAC Mortgage LLC, executed by Kristine Wilson, alleging to be VP of Homecomings Financial Network, Inc., when she was employed as an employee of GMACM, regarding the same Western Pacific Mortgage that is claimed by Homecomings Financial, LLC to be the holder of the Western

Pacific Mortgage from December 10, 2008 through November 15, 2010 in

Civil No. 03-1-1029-05.  See Exhibits 1, 3-5, & 10.  See also Court Records

Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

   b.  Defendants' Notice of Mortgagee's Notice of Intent to

Foreclose Under Power of Sale was recorded in the State of Hawaii Bureau

of Conveyances;

   c.  Defendants' Notice of Mortgagee's Notice of Intent to

Foreclose Under Power of Sale was published on numerous occasions in the

Honolulu Star-Advertiser newspaper;

   d.  Defendants' Notice of Mortgagee's Notice of Intent to

Foreclose Under Power of Sale was posted on real property at 92-309

Nohona Place, Kapolei Hawaii;

   e.  Defendants' Notice of Mortgagee's Notice of Intent to

Foreclose Under Power of Sale was served on Plaintiffs Tom and Unciano

via registered mail and regular U.S. Mail;

in their attempt to obtain a non-judicial foreclosure on a mortgage that is currently

claimed to be owned by Homecomings Financial LLC and presently being litigated

in Civil No. 03-1-1029-05, a foreclosure by action proceeding against Plaintiffs

Tom and Unciano.  See Exhibits 1-8, & 10-11.  See also Court Records Civil No.

03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

67.     The actions herein of Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN were unfair and deceptive acts and caused Plaintiffs to suffer actual harm.

68.     Plaintiff Tom and Plaintiff Unciano were individually harmed by each and every unfair and deceptive act and practice of each Defendant in violation of H.R.S. §480-2, and seek actual damages, statutory damages, attorney's fees and costs pursuant to H.R.S. §480-13, jointly and severally, as well as injunctive relief and declaratory relief pursuant to H.R.S. §480-13(b) (2) in Counts I & II of this First Amended Complaint.

**COUNT IV        H.R.S. §480D-3 HAWAII DEBT COLLECTION ACT**
**As to Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN**

69.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-68.

70.     Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN, took actions to collect a consumer debt, the Western Pacific Mortgage alleged to be in default, violated the Hawaii Debt Collection Practices Act, H.R.S. §480D-3(6) by threatening to sell the property implying that the sale will cause Plaintiff Tom and Plaintiff Unciano to lose a defense or legal right as a result of the sale. See Exhibits 1-3, 5 & 8, & 11.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

71.     Defendants actions to collect a consumer debt violated the Hawaii

Debt Collection Practices Act, H.R.S. §480D-3(8) by publishing false and material information related to the indebtedness, where Defendants published the Notice of Mortgagee's Intention to Foreclose Under Power of Sale, pursuant to H.R.S. §667-5 through §667-10, that requires publication in the newspaper. Exhibit 2.

72.     Defendants' violations of §480D-3 are unfair and deceptive acts pursuant to H.R.S. §480-2.

73.     Plaintiffs Tom and Unciano individually suffered actual damages as the result of each Defendants' actions.

74.     Plaintiffs Tom and Unciano are individually entitled to relief for each and every act of Defendants that violates §480D-3 and seeks actual damages and statutory damages, including a reasonable amount for attorney's fees and costs against each Defendant, jointly and severally, pursuant to H.R.S. §480D-3 and H.R.S. §480-13.

## COUNT V  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### As to Defendants' GMACM, ROSEN, WILSON, and CAL-WESTERN

75.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-74.

76.     The actions of Defendants' GMACM, WILSON, ROSEN, and CAL-WESTERN, are intentional acts that actual caused Plaintiffs to suffer extreme emotional distress, including inability to sleep, anxiety, irritability, excessive eating, and a return to habitual smoking after years of being smoke free.

77.     Defendants intentionally inflicted severe emotional distress of

Plaintiffs Tom and Unciano by the following intentional acts:

a)     caused the execution of a fraudulent, negligent or otherwise

invalid Assignment of Mortgage from Homecomings Financial Network,

Inc. to Defendant GMACM, that was recorded in the State of Hawaii

Bureau of Conveyances, on the Title to Unciano's property, that gave

"*notice to the world*" of Defendants' attempt to collect on a false debt;

b)     Caused the execution of a fraudulent, negligent or otherwise

invalid Notice of Mortgagee's Intention to Foreclose Under Power of Sale,

and recordation in the State of Hawaii, Bureau of Conveyances;

c)     Published the Notice of Intent to Foreclose on a false debt in

the local newspaper on several occasions to be seen by Plaintiffs, family

members friends, and co-workers;

d)     Posted the Notice of Intent to Foreclose on a false debt on the

real property at 92-309 Nahona Place, Kapolei, Hawaii, that was seen by

family members, neighbors and friends; and

e)     Served Plaintiffs Tom and Unciano copies of the Notice of

Intention to Foreclose on a false debt via certified mail and regular mail.

78.     Defendants' actions were extremely outrageous, intentional, and

likely to cause extreme emotional distress.

79.     Plaintiff Tom and Plaintiff Unciano are each entitled to an

individual award of damages against Defendants, jointly and severally, for

Defendants Intentional Infliction of Emotional Distress.

## COUNT VI     FRAUDULENT MISREPRESENTATION
### As to Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN

80.     Plaintiffs re-allege and aver, and incorporate by reference,

paragraphs 1-79.

81.     Defendants GMACM and WILSON, (individually and in her

capacity as Limited Signing Officer for Def. GMACM), made false representations

on August 31, 2010, that WILSON was a vice president of Homecomings

Financial Network Inc., and had authority to assign the Western Pacific Mortgage,

to Defendant GMAC Mortgage LLC, that is currently the subject matter of the

Judicial Foreclosure in Civil Case No. 03-1-1029-05, where Homecomings

Financial Network Inc., a Delaware corporation, no longer exists as the name has

been changed to Homecomings Financial LLC in 2006.  Exhibit 1, 3-5, 8, & 10.

See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit,

State of Hawaii.

82.     Defendants GMACM, ROSEN, WILSON, (individually and in

her capacity as Limited Signing Officer for Def. GMACM), and CAL-WESTERN

made a false representation on September 15, 2010, with the execution of

Defendants Notice of Mortgagee's Intention to Foreclose under Power of Sale

regarding the Western Pacific Mortgage that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Exhibit 1-5, 8, & 10-11. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

83.     Defendants GMACM, ROSEN, WILSON, (individually and in her capacity as Limited Signing Officer for Def. GMACM), and CAL-WESTERN made false representations when they recorded Defendants Notice of Mortgagee's Intention to Foreclose under Power of Sale regarding the Western Pacific Mortgage in the State of Hawaii Bureau of Conveyances, published the Notice in local newspapers on several occasions, posted the Notice on the real property, and served the Notice to Plaintiffs via certified and regular mail, when Defendants knew that the Western Pacific Mortgage is currently the subject matter of the judicial foreclosure by action in Civil Case No. 03-1-1029-05. Exhibit 1-5, 8, & 10-11. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

84.     Defendant ROSEN also made false representations on October 6, 2010 when he informed Plaintiff Unciano the Judicial Foreclosure in Civil Case No. 03-1-1029-05 had no bearing on the Non-Judicial Foreclosure of the Western Pacific Mortgage that is currently the subject matter of the Judicial Foreclosure in Civil Case No. 03-1-1029-05. Id.

85.     Defendants' false representations regarding the Assignment of

Mortgage and Notice of Mortgagee's Intention to Foreclose Under Power of Sale,

regarding the Western Pacific Mortgage, were in contemplation that Plaintiffs Tom

and Unciano would rely upon the false representations.

86.     Plaintiffs Tom and Unciano actually relied on Defendants false

representations and have suffered actual damages.

87.     Plaintiffs Tom and Unciano request an individual award of actual

damages, punitive damages in an amount sufficiently high enough to deter

Defendants from continuing their fraudulent misrepresentations against others, 3x

times the value of the property Defendants attempted to take by Non-Judicial

Foreclosure, plus their attorney's fees and costs, against each Defendant, jointly

and severally.

## COUNT VII     NEGLIGENT MISREPRESENTATION
### As to Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN

88.     Plaintiffs re-allege and aver, and incorporate by reference,

paragraphs 1-87.

89.     Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN

supplied false information to Plaintiffs Tom and Unciano in the Assignment of

Mortgage from Homecomings Financial Network, Inc. to Defendant GMACM, in

Defendants' Notice of Mortgagee's Intention to Foreclose Under Power of Sale,

including the recordation, posting and service as stated above, regarding the

Western Pacific Mortgage, that is currently the subject matter of the Judicial

Foreclosure in Civil Case No. 03-1-1029-05, and in the Assignment of Mortgage to

GMAC Mortgage LLC, as the result of their failure to exercise reasonable care or

competence in communicating the information supplied.   See Exhibits 1-8, 10-11.

See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit,

State of Hawaii.

90.     Plaintiffs Tom and Unciano, for whose benefit Defendants

supplied the false information, individually suffered loss;

91.     Plaintiffs Tom and Unciano individually relied upon Defendants

false misrepresentations.

92.     Plaintiffs Tom and Unciano individually request an award of

actual damages, punitive damages, in an amount sufficiently high enough to deter

Defendants from continuing their negligent misrepresentations against others, 3x

times the value of the property that Defendants attempted to take by Non-Judicial

Foreclosure, plus their attorney's fees and costs, against each Defendant, jointly

and severally,

## COUNT VIII     ABUSE OF PROCESS
### As to All Defendants

93.     Plaintiffs re-allege and aver, and incorporate by reference,

paragraphs 1-92.

94.     Pursuant to H.R.S. §667 Mortgage Foreclosure, a mortgagee has

three options to foreclose on a mortgage: §667-1 Foreclosure by Action, §667-5 Foreclosure Under Power of Sale, and §667-21 Alternative Power of Sale.

95.     On May 15, 2003, Defendant IWAMURA and Defendant CCIP&N ALC as counsel for Plaintiff in Civil No. 03-1-1029-05, elected to proceed with a foreclosure by action, pursuant to H.R.S. §667-1. Exhibit 3.

96.     As of March 2, 2010, Defendant IWAMURA and Defendant CCIP&N ALC, as counsel for Plaintiff in Civil No. 03-1-1029-05, have been unable to obtain any relief for the current Plaintiff therein, Homecomings Financial, LLC, and have been denied the right to a decree of foreclosure on two occasions, most recently on March 2, 2010. Exhibits 3-5. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

97.     As of November 16, 2010, Homecomings Financial, LLC is still the Plaintiff in Civil No. 03-1-1029-05. Exhibit 10.

98.     Sometime prior to the September 15, 2010 Notice of Mortgagee's Intention to Foreclose Under Power of Sale, Defendant IWAMURA, and Defendant CCIP&N ALC as counsel for Plaintiff in Civil No. 03-1-1029-05, conferred with Defendant ROSEN, regarding Defendant GMACM'S election to proceed with a non-judicial foreclosure, pursuant to H.R.S. §667-5 through §667-10, and informed Defendant ROSEN of their approval.

99.     The actions of Defendants GMACM, WILSON, ROSEN CAL-

WESTERN, IWAMURA and CCIPN ALC, of conducting a non-judicial

foreclosure under power of sale simultaneously with a judicial foreclosure by

action proceeding are intentional willful acts, that are not proper in the regular

conduct of mortgage foreclosure pursuant to H.R.S. §667. See Exhibits 1-5, 8, 10-

11. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First

Circuit, State of Hawaii.

100. The actions of Defendants GMACM, WILSON, ROSEN CAL-

WESTERN, IWAMURA and CCIPN ALC have attempted to use a legal process,

H.R.S. §667 Mortgage Foreclosure, with a primarily ulterior motive where

Defendant IWAMURA and Defendant CCIP&N ALC have been unable to obtain

any relief in the last (7) years of litigation, and have been denied the right to a

decree of foreclosure on two occasions in Civil No. 03-1-1029-05, regarding the

Western Pacific Mortgage claimed to held by Plaintiff Homecomings Financial,

LLC, therein, most recently on March 2, 2010, and simultaneously claimed to be

held by Defendant GMAC Mortgage, LLC herein.

101. Plaintiffs request an award of actual damages, and punitive

damages in the amount of 3 times the value of the property against the named

Defendants, jointly and severally, and an award of attorneys fees and costs for

Defendants' intentional abuse of process.

## COUNT IX  CIVIL CONSPIRACY
### As to All Defendants

102.     Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-101.

### A.     Concerted Action to Accomplish an Unlawful Purpose,

103.     Pursuant to H.R.S. §667 Mortgage Foreclosure, a mortgagee has three options to foreclose on a mortgage: §667-1 Foreclosure by Action, §667-5 Foreclosure Under Power of Sale, and §667-21 Alternative Power of Sale.

104.     Since May 15, 2003 through November 16, 2010 Defendant IWAMURA and Defendant CCIP&N ALC were actively pursing an election of foreclosure by action of the Western Pacific Mortgage, identified herein, in the Circuit Court of the First Circuit, State of Hawaii, for current Plaintiff Homecomings Financial, LLC, in Civil No. 03-1-1029-05.  Exhibit 3-8, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

105.     On March 2, 2010, Defendant IWAMURA and Defendant CCIP&N ALC were denied a decree of foreclosure, for a second time, in Civil No. 03-1-1029-05, when the Court denied Plaintiff Homecomings Financial, LLC'S Motion for Summary Judgment.  Exhibits 3-8, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

106.     Sometime in September 2010, Defendant ROSEN, Defendant IWAMURA and Defendant CCIP&N ALC conferred regarding Defendant

GMACM'S Notice of Mortgagee's Intention to Foreclose Under Power of Sale, pursuant to H.R.S. §667-5 through §667-10, to foreclose on the same Western Pacific Mortgage, simultaneously with the judicial foreclosure in Civil No. 03-1-1029-05. Exhibit 2-3, and 10.

107.     Defendant IWAMURA and Defendant CCIP&N ALC agreed with Defendant ROSEN, to the non-judicial foreclosure auction, despite the denial of their Motion for Summary Judgment on March 2, 2010. See Exhibits 2-5.

108.     Defendants GMACM, ROSEN, WILSON, and CAL-WESTERN acted together to execute the Assignment of Mortgage from Homecomings Financial Network, Inc., to Defendant GMAC Mortgage, LLC. Exhibit 1.

109.     Defendants GMACM, ROSEN, WILSON, CAL-WESTERN, IWAMURA and CCIPN ALC also acted together to accomplish an unlawful purpose to execute the Notice of Mortgagee's Intention to Foreclose Under Power of Sale, and proceed with the foreclosure under power of sale, simultaneously with Plaintiff Homecomings Financial, LLC foreclosure by action in Civil No. 03-1-1029-05. Exhibits 2-8, & 10. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

110.     Defendants' non-judicial foreclosure under power of sale is an unlawful purpose where since May 15, 2003 the Plaintiff in the judicial foreclosure elected to proceed with foreclosure by action, and has been denied the right to a

decree of foreclosure on the Western Pacific Mortgage as of March 2, 2010, for the second time. Exhibits 1-8, & 10-11. See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

111.    Defendants GMACM, ROSEN, WILSON, CAL-WESTERN, IWAMURA and CCIPN ALC, have acted together to accomplish an unlawful purpose, in the non-judicial foreclosure proceeding regarding the Western Pacific Mortgage, an unlawful act, where there was an active judicial foreclosure proceeding in Civil No, 03-1-1029-05, simultaneously, regarding the same Western Pacific Mortgage. Id.

112.    Plaintiffs request an award of actual damages, and punitive damages in the amount of 3 times the value of the property, and an award of attorney's fees and costs against the named Defendants, jointly and severally, for Defendants' intentional acts to accomplish an unlawful purpose.

## B.    Concerted Action to Accomplish Lawful Purpose by Unlawful Means

113.    Plaintiffs re-allege and aver, and incorporate by reference, paragraphs 1-112.

114.    Foreclosure of a mortgage is regulated by H.R.S. §667, and provides the lawful means for a mortgagee to proceed, §667-1 Foreclosure by Action, §667-5 Foreclosure Under Power of Sale, and §667-21 Alternative Power of Sale.

115.     Defendants GMACM, WILSON, ROSEN, CAL-WESTERN, IWAMURA and CCIPN ALC have acted together in the non-judicial foreclosure proceeding regarding the Western Pacific Mortgage, pursuant to H.R.S. §667-5 through H.R.S. §667-10, a normally lawful act, (H.R.S. §667-5), by an unlawful means.

116.     Defendants attempted to foreclose under power of sale by unlawful means, where Defendant IWAMURA, and Defendant CCIP&N ALC were actively pursuing a foreclosure by action pursuant to H.R.S. §667-1 in Civil No. 03-1-1029-05, also a normally lawful act, (H.R.S. §667-1), simultaneously regarding the same Western Pacific Mortgage.  Exhibits 1-5, 8, 10-11.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

117.     Defendant IWAMURA and Defendant CCIP&N ALC have been unsuccessful in obtaining any relief since 2003, for current Plaintiff therein, Homecomings Financial, LLC, most recently on March 2, 2010, when the Circuit Court of the First Circuit, State of Hawaii denied Plaintiff the right to a decree of foreclosure on the Western Pacific Mortgage, for the second time, in Civil No. 03-1-1029-05.  See Exhibits 3-5, & 10.  See also Court Records Civil No. 03-1-1029-05 Circuit Court of the First Circuit, State of Hawaii.

118.     Defendants concerted actions identified herein to foreclose on a

mortgage pursuant to. H.R.S. §667, to accomplish a normally lawful purpose, are
intentional acts to accomplish foreclosure of the Western Pacific Mortgage through
unlawful means.  Exhibits 1-5, 8, 10-11.  See also Court Records Civil No. 03-1-
1029-05 Circuit Court of the First Circuit, State of Hawaii.

119.    Plaintiffs request an award of actual damages, and punitive
damages in the amount of 3 times the value of the property against the named
Defendants, jointly and severally, and an award of attorneys fees and costs for
Defendants' intentional acts to accomplish an otherwise lawful act for an unlawful
purpose.

WHEREFORE, Plaintiffs pray for Judgment against Defendants,
individually and jointly, as follows:

A.    Injunctive Relief as requested in Count I herein;

B.    Declaratory Judgments as requested in Count II herein and an award
of attorneys fees and costs pursuant to H.R.S. Chapter §480-2 and
H.R.S §480-13;

C.    Award Judgment in Plaintiffs favor against all Defendants, jointly and
severally, for Actual Damages and Statutory Damages, for Count III
and award Plaintiffs a reasonable amount for attorneys fees and costs
H.R.S. §480-13;

D.    Pursuant to H.R.S. §480-3.1, assess the maximum civil penalty

against each Defendant, jointly and severally, for each violation of H.R.S.
§480-2 in Count III;

E.      Award Judgment in Plaintiffs favor against all Defendants, jointly and
        severally, for Actual Damages and Statutory Damages, for Count IV
        including a reasonable amount for attorneys fees and costs;

F.      Award Plaintiffs a reasonable amount to be proven at trial against

G.      Defendants, jointly and severally, for Count V, Defendants'
        Intentional Infliction of Emotional Distress;

H.      Award Plaintiffs General Damages and Punitive Damages in an
        amount 3 times the value of the subject property, against named
        Defendants, jointly and severally, for Count VI Defendants Fraudulent
        Misrepresentations.

I.      Award Plaintiffs General Damages and Punitive Damages in an
        amount 3 times the value of the subject property, against named
        Defendants, jointly and severally, for Count VII Defendants Negligent
        Misrepresentations

J.      Award Judgment in Plaintiffs favor against all Defendants, jointly and
        severally, for General Damages and Punitive Damages in an amount 3
        times the value of the subject property, against named Defendants,
        jointly and severally, for Count VIII Defendants Abuse of Process;

K.  Award Judgment in Plaintiffs favor against all Defendants, jointly and

severally, for General Damages and Punitive Damages in an amount 3

times the value of the subject property, against named Defendants,

jointly and severally, for Count IX Defendants Civil Conspiracy;

L.  Award costs of suit and attorneys fees as permitted by law;

M.  Award any further relief that the Court or Jury considers just and

proper.

Dated:  Honolulu, Hawaii,  December ___13___, 2010.

Gary L. Hartman,

Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

## DEMAND FOR JURY TRIAL

Plaintiffs COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO

hereby demand a jury trial on issues as permitted by law in the foregoing

Complaint.

12/13/200

GARY L. HARTMAN,
Attorney for Plaintiffs
COLEEN ETSUKO TOM and
JOYCELYN WANDA UNCIANO

1



L-292        STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2010        08:01 AM

Doc No(s) 3999824
on Cert(s) 546,739

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR



20    1/1    Z11

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

*Nicki Ann Thompson*

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

---

**LAND COURT RECORDING SYSTEM**          **REGULAR  RECORDING SYSTEM**



| After Recordation Return By:  Mail (X)  Pickup ( ) | THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN TITLE COMPANY, INC. AS AN ACCOMMODATION ONLY. IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON THE TITLE. | **This document contains 2 pages** |

CAL-WESTERN RECONVEYANCE CORP.
525 EAST MAIN STREET
EL CAJON, CA 92020

4429793

**TYPE OF DOCUMENT:**          **ASSIGNMENT OF MORTGAGE**



CV 10-00653(SOM)(BMK)

EXHIBIT  *1*

2

Recording Requested By
And When Recorded Mail To:

GMAC MORTGAGE, LLC
P.O. BOX 8300
FORT WASHINGTON PA 19034

*1276690-06*   *asgntdxr*

_____ SPACE ABOVE THIS LINE FOR RECORDER S USE_____

T.S. NO.   1276690-06     LOAN NO.     XXXXXX7453

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
GMAC MORTGAGE, LLC a Delaware Limited Liability Company whose address is P.O. BOX 8300
FORT WASHINGTON PA 19034
all beneficial interest under that certain mortgage dated March 21, 1995, executed by
WAYNE NOBLANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE, mortgagor,
and recorded in Office of the Assistant Registrar in Land Court Document Instrument No. 2226366 on March 24,
1995 in Transfer Certificate Title No. 454,267, state of Hawaii describing land therein as
COMPLETELY DESCRIBED IN SAID MORTGAGE

together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.

Effective Date:            HOMECOMINGS FINANCIAL NETWORK, INC.
8-27-2010

                           _Kristine Wilson_
                           Kristine Wilson  Vice President

State of _Pennsylvania_
County of _Montgomery_
On _8/31/10_ _____ before me, _Trina Wiltbank_ _____,
a Notary Public, personally appeared _Kristine Wilson_ _____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of _PA_ ____ that the
foregoing paragraph is true and correct.
WITNESS my hand and official seal                                    (Seal)

Signature _A. Witt_

                           COMMONWEALTH OF PENNSYLVANIA
                           Notarial Seal
                           Trina Wiltbank, Notary Public
                           Upper Dublin Twp., Montgomery County
                           My Commission Expires Sept. 10, 2013
                           Member, Pennsylvania Association of Notaries

ASGNTDHL.doc                      Rev. 5/25/10                      Page 1 of 1

CV 10-00653(SOM)(BMK)

EXHIBIT __1__

# NOTICE OF MORTGAGEE'S INTENTION TO FORECLOSE UNDER
# POWER OF SALE

**TS No: 1276690-06  Loan No: XXXXXX7453  Title No: 4429793**

Mortgagor/Borrower: **WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE**

**GMAC MORTGAGE, LLC** whose address is **1100 VIRGINIA DRIVE FORT WASHINGTON PA 19034** , as mortgagee pursuant to Hawaii Revised Statutes 667-5 through 667-10 as amended, and that mortgage dated **March 21, 1995** and recorded on **March 24, 1995** in the Office of the Assistant Registrar in the County of HONOLULU, State of Hawaii, Land Court, as Document No 2226366, on Transfer Certificate Title No. **454,267**, gives notice that Mortgagee will hold a sale by public auction on **October 29, 2010 at 12:00 noon  At the outside front entrance of the First Circuit Court Building at 777 Punchbowl Street**, HONOLULU, Hawaii, of real property located at 92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309 NOHONA STREET KAPOLEI HI 96707, Fee Simple as Tax Map Key Number of **(1) 9-2-014-090-0000, COMPLETELY DESCRIBED IN SAID MORTGAGE.**

Terms of the sale are: (1) No upset price; (2) Property is sold strictly in "AS IS" and "WHERE IS" condition; (3) Property is sold without covenant or warranty, either express or implied, as to title, possession or encumbrances; (4) At the close of the auction, Purchaser shall pay at least 10% of the highest successful bid price ("Bid") in cash, or by cashier's or certified check; provided, however, that Mortgagee may submit a credit bid up to the amount of the secured indebtedness; (5) The property shall be conveyed by Mortgagee by mortgagee's quitclaim conveyance, provided by Mortgagee, within 30 days after the auction and upon performance by Purchaser, no later than 21 days after the auction, of the following obligations: (a) In order to comply with recording the Mortgagee's Affidavit within the statutory timeframe, no later than thirty days from the date of sale, purchaser shall deliver to **Cal-Western Reconveyance Corporation @ 525 East Main Street, El Cajon CA 92022** a cashier's check for the remaining balance of the bid price, no later than the 21st day following sale; (b) Purchaser shall pay all closing costs including, but not limited to: costs of document drafting, notary fees, consent fees, conveyance tax, recordation fees and other charges, together with any assessments which may arise under HRS § 514A-90 et seq.; and (c) Any real property taxes and lease rents shall be paid by Purchaser and not be prorated; (6) The availability of title or other insurance shall not be a condition of the sale, and the Purchaser shall be responsible for obtaining a certificate of title and title insurance, if so desired; (7) The obligation for taxes, lease/ground rent, common expenses and similar charges shall be the responsibility of the purchaser; (8) The Purchaser shall not take occupancy prior to confirmation of the sale, and responsibility of securing possession of the property as of confirmation of the sale shall be with the Purchaser; (9) Time is of the essence in this transaction and any delay in performance by Purchaser which prevents the closing from occurring within 30 days after the auction shall cause Mortgagee to sustain damages in amounts which will be difficult to ascertain. In the event the sale does not close because of any delay in performance by the Purchaser as herein stated, the 10% down payment may be retained by Mortgagee as liquidation damages and not as a penalty; (10) By submitting the Bid, Purchaser acknowledges reading the terms and conditions set forth in this notice and agrees to be bound thereby and sign a written acceptance of all terms herein; and (11) This sale may be postponed from time to time by public announcement made by Mortgagee or someone acting on Mortgagee's behalf.

**NOTICE IS HEREBY GIVEN THAT THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. HOWEVER, IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.**

Inquiries should be directed to **DAVID B. ROSEN, ESQ.** at **(808)523-9494**
EMAIL:ROSENLAW-FORECLOSURE@HAWAII.RR.COM
810 RICHARDS STREET, SUITE 880
HONOLULU HI 96813

CV 10-00653(SOM)(BMK)

EXHIBIT **2**

LAND COURT

REGULAR SYSTEM

After recordation, return by mail ☒ or pick up ☐

**GMAC MORTGAGE, LLC**
**1100 VIRGINIA DRIVE**
**FORT WASHINGTON  PA  19034**

Document contains **3** pages

TITLE OF DOCUMENT: Power of Sale          TITLE NO.:     4429793

PARTIES TO DOCUMENT:

    MORTGAGEE:          **GMAC MORTGAGE, LLC**
    MORTGAGOR(S):      **WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND**
**AND WIFE**

PROPERTY DESCRIPTION:

LIBER/PAGE:
DOCUMENT NO:
TRANSFER CERTIFICATE OF TITLE NO(S):

‖‖‖‖‖ * 1 2 7 6 6 9 0 - 0 6 *      ‖‖‖‖‖ * N O S X R *



TS No: **1276690-06**   Loan No: **XXXXXX7453**   Title No: **4429793**

Mortgagor/Borrower: **WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND
WIFE**

Dated: September 15, 2010                **GMAC MORTGAGE, LLC**

                                          *Kristine Wilson*

                                          **Kristine Wilson**
                                          **Limited Signing Officer**

State of P.A.
County of Montgomery
On Sept. 15, 2010 before me, Mary Lynch _____,
a Notary Public, personally appeared Kristine Wilson _____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of Pennsylvania
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal                          (Seal)

Signature   *Mary Lynch* _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Lynch, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 3, 2010
Member, Pennsylvania Association of Notaries

**CV 10-00653(SOM)(BMK)**

**EXHIBIT** 2 _____



FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 MAY 15 PM 3: 13

F. OTAKE
CLERK

Of Counsel:
STANTON CLAY CHAPMAN CRUMPTON & IWAMURA

STEVEN T. IWAMURA          # 5237
DEREK W.C. WONG            # 4155
ROBERT M. EHRHORN, JR.     #  977
700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone No. (808) 535-8400
Facsimile: (808) 535-8444

Attorneys for Plaintiff
WASHINGTON MUTUAL BANK, FA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON  MUTUAL  BANK,  FA<br><br>    Plaintiff,<br><br>  vs.<br><br>WAYNE  NOELANI  TOM;  COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES;    FIRST    HAWAIIAN BANK,  FKA  FIRST  INTERSTATE BANK  OF  HAWAII;  CURT  DUKE PRATT   AND   JUDITH   HILOKO PRATT;   UNITED   STATES   OF AMERICA;  DIRECTOR,  DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10;   DOE   PARTNERSHIPS   1-10; DOE  CORPORATIONS  1-10;  DOE ENTITIES   1-10   and   DOE GOVERNMENTAL    UNITS    1-10,<br><br>    Defendants. | CIVIL NO. **03- 1- 10 29 - 05**<br>(Foreclosure)<br><br>COMPLAINT;  EXHIBITS  1  -  2; SUMMONS |

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
$200.00

PAID
SURCHARGE
$25.00

CV 10-00653(SOM)(BMK)

EXHIBIT 3

**COMPLAINT**

COMES NOW Plaintiff WASHINGTON MUTUAL BANK, FA, by and through its attorneys, Stanton Clay Chapman Crumpton & Iwamura, and for Complaint against Defendants above-named, alleges and avers as follows:

1.     Plaintiff WASHINGTON MUTUAL BANK, FA ("Lender") holds the mortgagee's interest in that Mortgage, more fully described herein, which is the subject of this foreclosure.

2.     Defendants WAYNE NOELANI TOM, COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO are residents of the City and County of Honolulu, State of Hawaii.

3.     Defendant JOYCELYN WANDA UNCIANO owns the fee simple interest in real property located in the City and County of Honolulu, State of Hawaii, that is the subject of this foreclosure ("the property").

4.     Defendant CITIFINANCIAL, INC. 221, LLC, fka ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, may claim an interest in the property by virtue of that mortgage dated December 18, 1996, and filed in the Office of the Assistant Registrar, Land Court, State of Hawaii, as Document Number 2355360 and noted on Transfer Certificate of Title Number 546,739.  This interest is junior and subordinate to Lender's first mortgage lien.

CV 10-00653(SOM)(BMK)

EXHIBIT 3

5. Defendant DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII may claim an interest in the property by virtue of that State Tax Lien dated December 9, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document Number 97-173927. This interest is junior and subordinate to Lender's first mortgage lien.

6. Defendant STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES may claim an interest in the property by virtue of that judgment dated June 10, 1999, and filed in Civil Number 1RC98-1423, in the District Court of the First Circuit, Ewa Division, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 4, 1999, as Document Number 99-159490. This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

7. Defendant FIRST HAWAIIAN BANK, fka FIRST INTERSTATE BANK OF HAWAII, may claim an interest in the property by virtue of that judgment dated January 25, 2000, and filed in Civil Number 96-2265-06 in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on January 28, 2000, as Document Number 2000-012272. This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property

CV 10-00653(SOM)(BMK)

EXHIBIT 3

and is, in any event, junior and subordinate to Lender's first mortgage lien.

8.     Defendants CURT DUKE PRATT and JUDITH HILOKO PRATT may claim an interest in the property by virtue of (1) that judgment dated July 31, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on August 12, 2002, as Document Number 2002-140815, and (2) that judgment dated September 25, 2002, and filed in Civil Number 01-1-2330-08, in the Circuit Court of the First Circuit, State of Hawaii, and recorded in the Bureau of Conveyances, State of Hawaii, on October 7, 2002, as Document Number 2002-178031.   This interest, as not noted on Transfer Certificate of Title No. 546,739, has no affect on the property and is, in any event, junior and subordinate to Lender's first mortgage lien.

9.     Defendant UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service, Department of the Treasury, may claim an interest in the property by virtue of (1) that certain Tax Lien against Joycelyn W. Unciano, dated July 20, 1997, and recorded in the Bureau of Conveyances, State of Hawaii, as Document No. 97-103893, and (2) that certain Tax Lien against Herbert L. Unciano and Joycelyn W. Unciano in the Bureau of Conveyances, State of Hawaii, as Document Number 97-134949.

CV 10-00653(SOM)(BMK)

EXHIBIT 3

10.  Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and DOES GOVERNMENTAL UNITS 1-10 are persons and/or entities who have or may have lien rights in the property being foreclosed upon and/or who have, or may have, in some manner presently unknown to Plaintiff, an interest in the property being foreclosed upon and whose true names, identities, interests and capacities are presently unknown to Plaintiff or Plaintiff's attorneys although a diligent and good faith effort has been undertaken to ascertain the Doe Defendants' full names and identities through a title search on the property.

11.  On or about March 21, 1995, for value received, Defendants WAYNE NOELANI TOM and COLEEN ETSUKO TOM ("Defendant Borrowers"), as makers, made, executed and delivered to WESTERN PACIFIC MORTGAGE, INC., a Hawaii corporation, ("Assignor") a certain promissory note dated March 21, 1995 ("Note") for the principal sum of One Hundred Sixty Thousand Dollars and No Cents ($160,000.00). A true and correct copy of the Note is attached hereto as Exhibit 1.

12.  This Note was secured by that certain Mortgage dated March 21, 1995 ("Mortgage"), executed by Defendants WAYNE NOELANI TOM and COLEEN ETSUKO TOM ("Defendant Mortgagors"), as mortgagors, in favor of Assignor, as mortgagee, and filed in the Office of the Assistant Registrar, Land Court, State of Hawaii,

CV 10-00653(SOM)(BMK)

EXHIBIT 3

on March 24, 1995, as Document Number 2226366 and noted on
Transfer Certificate of Title Number 546,739. A true and
correct copy of the Mortgage is attached hereto as Exhibit 2.
The Mortgage mistakenly designates the property address as 92-
309 Nohana Street, Kapolei, Hawaii, 96707. The correct property
address is 92-309 Nohona Place, Kapolei, Hawaii, 96707, TMK No.
(1) 9-2-014-090, more fully and particularly described in
Exhibit A attached to the Mortgage.

13. By *mesne* assignment, Plaintiff is now owner of
the Mortgage; Plaintiff is also owner and holder of the Note.

14. Defendant Mortgagors defaulted in the observance
and performance of the terms, covenants and conditions set forth
in the Mortgage, and Defendant Borrowers defaulted in the
observance and performance of the terms and conditions of the
Note in that Defendant Borrowers failed and neglected to pay the
principal sum thereof and the interest thereon at the times and
in the manner therein provided, and failed and neglected to pay
the additional Mortgage expenses, advances and charges incurred
or made pursuant to the terms and conditions of the Mortgage.

15. By reason of this breach, Lender exercised its
option under the terms and covenants of the Note and Mortgage to
declare the entire principal balance under the Note and
Mortgage, together with accruing interest, accruing late
charges, payments, expenses and other advances, immediately due

6

CV 10-00653(SOM)(BMK)

EXHIBIT 3

and payable; due notice was given to Defendant Borrowers and Defendant Mortgagors of Lender's acceleration of the debt. Although demand has been made by Lender with respect to amounts due and payable to Lender, Defendant Borrowers failed, refused and neglected to pay the same.

16. Therefore, the entire unpaid principal balance plus accruing interest, accruing late charges, payments, expenses and other charges owed to Lender under the terms of the Note and/or Mortgage is now due and payable from Defendant Borrowers to Lender.

17. By reason of the above facts, Lender is entitled to the foreclosure of the Mortgage and to the sale of the property.

18. The Mortgage provides that in the event of foreclosure, Lender may be awarded all sums secured by the Mortgage, including reasonable attorneys' fees and all costs and expenses provided for in the Note, including any advances made necessary or advisable or sustained by Lender for the benefit or protection of the subject property or in connection therewith.

19. Lender's Mortgage is prior and superior to the interests of all other parties herein.

**THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE OF THE**

CV 10-00653(SOM)(BMK)

EXHIBIT 3

DEBT FROM A BANKRUPTCY COURT, THIS COMPLAINT IS NOT AND SHOULD NOT IN ANY WAY BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

WHEREFORE, Lender prays as follows:

1)    That process of this Honorable Court issue summoning the above-named Defendants to appear and answer the allegations of this complaint as by law provided and to stand to and perform and abide by such orders, decrees and directions as may be made and entered herein.

2)    That upon a hearing had herein, there be ascertained the total amount due to Lender at the time of judgment under the Note and Mortgage including principal, interest, costs, expenses or advances, late fees and attorneys' fees; and that this Court determine and decree:

a.    That there is due and owing to Lender by virtue of the terms of the Note and Mortgage and of the proofs adduced, a certain sum of money, and that such sum of money, together with legal interest accrued thereon, and all costs, expenses or advances, late fees and attorneys' fees aforesaid be declared to be a valid and enforceable lien upon the property; and that this Court fix and determine just and reasonable attorneys' fees for Plaintiff's attorneys herein;

b.    That upon the foreclosure sale herein prayed for, all Defendants whose claims and interests are junior and

8

CV 10-00653(SOM)(BMK)

EXHIBIT 3

subordinate to Lender's Mortgage, including Defendant Borrowers, Defendant Mortgagors, and all persons claiming any interest in the property, by, through or under said Defendants, shall be forever barred and foreclosed of and from all right, title and interest and claims at law or in equity in and to the property;

  c. That this Court appoint a commissioner to take possession of the property, subject to prior liens if any, and that he/she be authorized to collect rents, deal with the property and to sell the same for cash, in lawful money of the United States of America, in the manner provided by law and by order of this Court, subject to other liens, if any, which this Court may find to be prior and superior to the lien of Lender, and upon the confirmation of said sale by this Court, that the commissioner be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the property as may be appropriate in the premises, and, except for any such aforementioned prior liens, otherwise free and clear of all liens, encumbrances and claims of creditors, to the same, except that nothing herein shall impair the right of redemption, if any, of the United States of America, under Section 2410, Title 28, United States Code;

  d. That Lender be allowed to become a purchaser in such sale, by way of credit bid, without the requirement of any down payment at said sale;

CV 10-00653(SOM)(BMK)

EXHIBIT 3

e.    That after the payment of all necessary expenses of such sale and commissioner fees, the commissioner be authorized and directed to make application of the proceeds thereof, so far as the same may be necessary, in such amounts and in such priority as determined by this Court;

f.    Provided, however, if the proceeds of such sale shall be insufficient to pay the aforesaid sums to Plaintiff and it shall appear that a deficiency exists, that Plaintiff shall not seek judgment for such deficiency against Defendants Wayne Noelani Tom and Coleen Etsuko Tom.

g.    That Lender have such other and further relief as this Court deems just and proper in the premises.

DATED:  Honolulu, Hawaii, _____5-14-03_____.

STEVEN T. IWAMURA
DEREK W.C. WONG
ROBERT M. EHRHORN, JR.
Attorneys for Plaintiff

CV 10-00653(SOM)(BMK)

10

EXHIBIT 3



Loan No. ___30(W)

# NOTE

March 21, 1995                                               Honolulu, Hawaii

92-309 Nohona Street, Kapolei, Hawaii 96707
(Property Address)

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $160,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Western Pacific Mortgage, Inc., a Hawaii corporation.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.50%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on May 1, 1995. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1, 2025, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 735 Bishop Street, Suite 235, Honolulu, Hawaii  96813 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,230.27.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be five percent (5.0%) of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

Multistate Fixed Rate Note-Single Family-FNMA/FHLMC Uniform Instrument           Form 3200  12/83
CMBL\24665\M\34821.1\WRN

**EXHIBIT 1**

CV 10-00653(SOM)(BMK)

EXHIBIT 3

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Form 3200  12/83

CV 10-00653(SOM)(BMK)

EXHIBIT 3

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Wayne Noelani Tom_

**Wayne Noelani Tom**

_Coleen Etsuko Tom_

**Coleen Etsuko Tom**

"Borrower"

3                    Form 3200  12/83

L-172

STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
MAR 24, 1995   08:01 AM
Doc No(s) 2226366
on Cert(s) 454,267

/s/ CARL T. WATANABE
ASSISTANT REGISTRAR

SMRF: $160.00

FHLMC 9/95
#375430

RETURN BY MAIL ( )   PICKUP ( )

Mellon Mortgage Company
P.O. Box 4883
Houston, Texas 77210
Loan No. 375430(W)

TG: 180453
TGE: 951010166
LYNNE NAKAMURA

3P-180453   ③4c

2900

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on March 21, 1995.  The mortgagor is:

Wayne Noelani Tom and Colosn Etsuko Tom, husband and wife, whose address is 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Borrower").

This Security Instrument is given to Western Pacific Mortgage, Inc., a Hawaii corporation, with its address at 735 Bishop Street, Suite 235, Honolulu, Hawaii 96813 ("Lender").  Borrower owes Lender the principal sum of One Hundred Sixty Thousand And No/100 Dollars (U.S. $160,000.00).  This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2025.  This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the property described in the attached Exhibit "A" and having the following address: 92-309 Nohona Street, Kapolei, Hawaii 96707 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Hawaii-Single Family-FNMA/FHLMC Uniform Instrument          Form 3012  9/90

CV 10-00653(SOM)(BMK)

# EXHIBIT 2

EXHIBIT 3

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secured from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. The insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

2                                    Form 3012   9/90

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6.   Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of the occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquired fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7.   Protection of Lender's Rights in the Property.  If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8.   Mortgage Insurance.  If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9.   Inspection.  Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

3                                                   Form 3012   9/90

CV 10-00653(SOM)(BMK)

EXHIBIT 3

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provision of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4                                                    Form 3012  9/90

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give Borrower notice of sale in the manner provided in paragraph 14. Lender shall publish a notice of sale and shall sell the Property at the time and place and under the terms specified in the notice of sale. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Secured Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument to Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. **Waivers.** Borrower relinquishes all right of dower and curtesy in the Property.

24. **Choice of Insurer.** Borrower may purchase any insurance required by this Security Instrument from an insurer or agent of Borrower's choice, subject only to Lender's right to reject a given insurer or agent based on reasonable standards, uniformly applied, relating to the extent of coverage required and the financial soundness and services of the insurer or agent.

5       **Form 3012  9/90**

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
--NONE--

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Wayne Noelani Tom_
**Wayne Noelani Tom**

_Coleen Etsuko Tom_
**Coleen Etsuko Tom**

"Borrower"

State of Hawaii          )
City and County of Honolulu  ) SS.

On _March 21, 1995_, before me personally appeared **Wayne Noelani Tom and Coleen Etsuko Tom**, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacities shown, having been duly authorized to execute such instrument in such capacities.

_Katie Medeiros_
Notary Public, State of Hawaii
My commission expires: _9-1-98_

(Notary Seal: KATIE MEDEIROS, NOTARY PUBLIC, STATE OF HAWAII)

Form 3012 9/90

CV 10-00653(SOM)(BMK)

EXHIBIT 3

EXHIBIT "A"                                    Loan No. 376430(W)

All of that certain parcel of land situate at Honoululu, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOT 2290, area 7,154 square feet, more or less, as shown on Map 201, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1069 of the Trustees of the Estate of James Campbell, deceased.

BEING the property conveyed to WAYNE NOELANI TOM and COLEEN ETSUKO TOM, husband and wife, by Warranty Deed filed before this instrument and described in Certificate of Title No. 456, 267 .

SUBJECT, HOWEVER, to the following:

1.    Designation of Easement "622" ( 5 feet wide) for drainage swale purposes, as shown on Map 201, as set forth by Land Court Order No. 31486, filed March 30, 1970.

2.    The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Deed dated June 27, 1978, filed as Document No. 890372.

3.    Party Wall Agreement between James Harold Bennett, Jr. and Mary Ann Bennett, husband and wife, and Herbert Leonillo Unciano and Joycelyn Wanda Unciano, husband and wife, recorded before this instrument.

END OF EXHIBIT "A"

CV 10-00653(SOM)(BMK)

EXHIBIT __3__

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA | CIVIL NO. (Foreclosure) |
| Plaintiff, | |
| vs. | SUMMONS |
| WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, | |
| Defendants. | |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon

Steven T. Iwamura, of Stanton Clay Chapman Crumpton & Iwamura,

Plaintiff's attorneys, whose address is 700 Bishop Street, Suite

2100, Honolulu, Hawaii, 96813, an answer to the Complaint which

is attached. This action must be taken within twenty (20) days

CV 10-00653(SOM)(BMK)

EXHIBIT 3

after service of this summons upon you, exclusive of the day of service.

The United States of America has sixty days after the service of this Summons to answer the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

If you fail to obey this Summons, this may result in an entry of default and DEFAULT JUDGMENT will be taken against you.

DATED: Honolulu, Hawaii, _____ MAY 15 2003 _____.

_____
Clerk of the above-entitled Court

CV 10-00653(SOM)(BMK)

EXHIBIT 3



L-224        STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
SEP 16, 2008        08:02 AM
L.C. Order No(s) 176281
on Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20    1/1    Z1

LAND COURT
STATE OF HAWAII
FILED
2008 SEP 10  AM 11:35
KATHLEEN HARAWAHINE
REGISTRAR

---

| LAND COURT | REGULAR SYSTEM |
|---|---|

RETURN BY MAIL ( )  PICKUP (X) TO:                Total Pages ____

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE
Anders G. O. Nervell, Esq.
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

## IN THE LAND COURT OF THE STATE OF HAWAII

### PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ANDERS G. O. NERVELL 5588
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400

A TRUE COPY, ATTEST WITH
THE SEAL OF SAID COURT.
TRACIANN SHIMABUKURO
Clerk

Attorneys for Petitioner
Homecomings Financial, LLC, a Delaware limited liability company

CV 10-00653(SOM)(BMK)

EXHIBIT___4___

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

IN THE LAND COURT OF THE STATE OF HAWAII

PETITION FOR ORDER REGARDING CONVERSION OF ENTITY

To the Honorable Judge of the Land Court of the State of Hawaii:

COMES NOW, petitioner, HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, and alleges as follows:

1.    That HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware corporation, was converted into and under the charter and title of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, as evidenced by the Certificate of Conversion to Limited Liability Company dated October 6, 2006; a certified copy of said Certificate filed on October 6, 2006 with the Secretary of State of the State of Delaware presented and withdrawn (xerox copy substituted and attached hereto).

2.    That there are currently outstanding mortgages, and releases, assignments and amendments of mortgages, and other documents bearing the name HOMECOMINGS FINANCIAL NETWORK, INC., filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii and noted on numerous Land Court Certificates of Title.

3.    That to note the foregoing conversion with respect to all documents, mortgages and other security instruments would require considerable time and would unduly burden the Assistant Registrar of the Land Court of the State of Hawaii.

WHEREFORE, petitioner, HOMECOMINGS FINANCIAL, LLC, prays that an Order be made and entered authorizing and directing the Assistant Registrar of the Land Court to accept for filing in the Land Court all documents executed in

2

CV 10-00653(SOM)(BMK)

EXHIBIT 4

Petitioner's new name, HOMECOMINGS FINANCIAL, LLC, including but not

limited to releases, amendments or assignments of mortgages and any other

documents relating to documents now filed in the Office of the Assistant

Registrar of the Land Court of the State of Hawaii under the name

HOMECOMINGS FINANCIAL NETWORK, INC.


(The remainder of this page has intentionally been left blank)


3         CV 10-00653(SOM)(BMK)

EXHIBIT  4

[continuation of PETITION FOR ORDER REGARDING CONVERSION OF ENTITY]

DATED: Honolulu, Hawaii, _September 8, 2008_

HOMECOMINGS FINANCIAL, LLC, a
Delaware limited liability company

By: _____
Name: _Steven T. Iwamura_
Its: _Agent for_

STATE OF _Hawaii_____ )
                                                        ) SS.
City & COUNTY OF _Honolulu_____ )

On this _8th_ day of _September_, 20_08_, before
me personally appeared _Steven T. Iwamura_
to me known to be the person described in and who executed the foregoing
document and acknowledges that he/she executed the same as the free act and
deed of said corporation.

_____
Print Name: _Sherri Anne Pascual_
Notary Public, State of _Hawaii_
My commission expires: ~~7/10/2012~~ 7/27/2012

Doc. Date: _9/8/08_   # Pages: _5_
Name: _Sherri Anne Pascual_ First Circuit
Doc. Description: _____
_Petition for Order Regarding_
_Conversion of Entity_

_____  _9/8/08_
Notary Signature         Date
NOTARY CERTIFICATION

CV 10-00653(SOM)(BMK)

EXHIBIT _4_

## ORDER

Upon the record and the evidence herein, the prayer of the petition is hereby granted and the Assistant Registrar of this Court is so ordered.

Dated:  Honolulu, Hawaii, _____ SEP 10 2008

KATHLEEN HANAWAHINE

_____
Registrar for Judge of the Land Court

=============================================================
PETITION FOR ORDER REGARDING CONVERSION OF ENTITY AND
ORDER

5

CV 10-00653(SOM)(BMK)

EXHIBIT 4

6

# Delaware

*PAGE  1*

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE
CORPORATION UNDER THE NAME OF "HOMECOMINGS FINANCIAL NETWORK,
INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME
FROM "HOMECOMINGS FINANCIAL NETWORK, INC." TO "HOMECOMINGS
FINANCIAL, LLC", FILED IN THIS OFFICE ON THE SIXTH DAY OF
OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

2550221   8100V

080904417

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION:  6815392

DATE:  08-27-08

CV 10-00653(SOM)(BMK)

EXHIBIT  4

**CERTIFICATE OF CONVERSION TO LIMITED LIABILITY COMPANY**
**OF**
**HOMECOMINGS FINANCIAL NETWORK, INC.**
**TO**
**HOMECOMINGS FINANCIAL, LLC**

This certificate of Conversion to Limited Liability Company dated as of *October 6*, 2006, has been duly executed and is being filed by Homecomings Financial Network, Inc., a Delaware corporation (the "Company"), and the second undersigned, as an authorized person of Homecomings Financial, LLC, a Delaware limited liability company (the "LLC"), to convert the Company to the LLC, under the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.) and the General Corporation Law of the State of Delaware (8 Del.C. § 101, et seq.) (the "GCL").

1.      The Company's name immediately prior to the filing of this certificate of Conversion to Limited Liability Company was Homecomings Financial Network, Inc.

2.      The Company filed its original certificate of incorporation with the Secretary of State of the State of Delaware and was first incorporated on October 10, 1995 in the State of Delaware, and was incorporated in the State of Delaware immediately prior to the filing of this Certificate of Conversion to Limited Liability Company.

3.      The name of the LLC into which the Company shall be converted as set forth in its certificate of formation is Homecomings Financial, LLC.

4.      The conversion of the Company to the LLC has been approved in accordance with the provisions of Sections 228 and 266 of the GCL, and Section 18-214 of the Limited Liability Company Act.

5.      The conversion of the Company to the LLC shall be effective upon the filing of this Certificate of Conversion to Limited Liability Company and a certificate of formation with the Secretary of State of the State of Delaware.

[Remainder of Page Intentionally Blank]

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 11:26 AM 10/06/2006*
*FILED 11:26 AM 10/06/2006*
*SRV 060920385 - 2550221 FILE*

CV 10-00653(SOM)(BMK)

EXHIBIT 4

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____

      Name: Kenneth M. Duncan

      Title: Acting Chief Financial Officer

HOMECOMINGS FINANCIAL, LLC

By: _____

      Name: David M. Applegate

      Authorized Person

CV 10-00653(SOM)(BMK)

EXHIBIT _4_

9

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

HOMECOMINGS FINANCIAL NETWORK, INC.

By: _____

     Name:
     Title:

HOMECOMINGS FINANCIAL, LLC

By: _____

     Name: David M. Applegate
     Authorized Person

CV 10-00653(SOM)(BMK)

EXHIBIT 4

# Delaware

PAGE  2

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF CERTIFICATE OF FORMATION OF "HOMECOMINGS
FINANCIAL, LLC" FILED IN THIS OFFICE ON THE SIXTH DAY OF
OCTOBER, A.D. 2006, AT 11:26 O'CLOCK A.M.

2550221   8100V

080904417

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6815392

DATE: 08-27-08

CV 10-00653(SOM)(BMK)

EXHIBIT 4

## CERTIFICATE OF FORMATION
### OF
## HOMECOMINGS FINANCIAL, LLC

This Certificate of Formation of Homecomings Financial, LLC (the "LLC"), dated _October 6_, 2006, has been duly executed and is being filed by the undersigned, as an authorized person of the LLC, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.).

FIRST. The name of the limited liability company formed hereby is Homecomings Financial, LLC.

SECOND. The address of the registered office of the LLC in the State of Delaware is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

THIRD. The name and address of the registered agent for service of process on the LLC in the State of Delaware are Corporation Service Company, 2711 Centerville Road, Suite 400, in the City of Wilmington, County of New Castle, Delaware 19808.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

David M. Applegate
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:26 AM 10/06/2006
FILED 11:26 AM 10/06/2006
SRV 060920385 - 2550221 FILE

CV 10-00653(SOM)(BMK)

EXHIBIT __4__

**ORIGINAL**

Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2008 DEC 10  AM 11: 01
N. ANAYA
CLERK

| | |
|---|---|
| STEVEN T. IWAMURA | # 5237 |
| DEREK W. C. WONG | #4155 |
| ROBERT M. EHRHORN, JR. | # 977 |
| CHRISTIAN FENTON | #8727 |

700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone No. (808) 535-8400
Facsimile: (808) 536-1141

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| HOMECOMINGS FINANCIAL, LLC,<br><br>      Plaintiff,<br><br>  vs.<br><br>WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>      Defendants. | CIVIL NO. 03-1-1029-05<br>(Foreclosure)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER SUBSTITUTING HOMECOMINGS FINANCIAL, LLC AS PLAINTIFF FILED 10/9/08<br><br><br>NON-HEARING MOTION<br><br><br>TRIAL DATE: Not Set<br>SCF JUDGE: Not Assigned |

CV 10-00653(SOM)(BMK)

EXHIBIT 5

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
FIFTEENTH DIVISION    NOV 1 9 2008

## ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
## SUBSTITUTING HOMECOMINGS FINANCIAL LLC AS PLAINTIFF, FILED 10/9/08

Plaintiff HOMECOMINGS FINANCIAL, LLC, formerly HOMECOMINGS

FINANCIAL NETWORK, INC. ("Homecomings"), filed its Motion for Order Substituting

Homecomings Financial, LLC as Plaintiff ("Motion") herein on October 9, 2008.

The Court having considered the Motion and the pleadings filed by the

parties in support of and in opposition thereto, being fully advised in the premises, and

pursuant to the Minute Order dated November 5, 2008;

It is

ORDERED, ADJUDGED AND DECREED that the Motion shall be and is

hereby granted, and HOMECOMINGS FINANCIAL LLC is substituted as Plaintiff in lieu

and instead of Homecomings Financial Network, Inc., for all purposes hereinafter.

IT IS FURTHER ORDERED that the case caption is hereby amended to

reflect said substitution.

DATED:  Honolulu, Hawaii, _____ DEC 1 0 2008 _____ .

_____

JUDGE OF THE ABOVE-ENTITLED COURT

CV 10-00653(SOM)(BMK)

EXHIBIT 5

2

October 7, 2010

*OCT 1 0 2010*
*MC Rawes*

Joycelyn W. Unciano
91-590 Farr. Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323

<u>HAND DELIVERED 10/07/2010</u>; Time: *4:15pm*

David B. Rosen
810 Richards Street, Ste. 880 /
Honolulu, Hi. 96813
808 523-9393  (808) 5239494

RE:  NOTICE OF DISPUTE OF
NON-JUDICAL FORECLOSURE ENTITLED;
WAYNE NOELANI TOM and COLEEN ETSUKO TOM

     I called your office and left messages referencing the above-mentioned parties and property along with my name and telephone number.  You returned my call yesterday at approximately 3:05 pm.

     Pursuant to our telephone conversation you admitted that you are aware that there is a Judicial Foreclosure pending in the Circuit Court of the First Circuit.  In our conversation you gave me the case number 03-1-1029-05.  The Judicial Foreclosure vs. Wayne Noelani Tom, Coleen Etsuko Tom, Borrower and Co-Borrower and Joycelyn Wanda Unciano, Owner of the property scheduled for Auction on 10/29/2010.

     You failed to do Due Diligence to research the case on behalf of your clients BEFORE proceeding with the above Non-Judicial Foreclosure.   You simply said, "Well, I don't see how it affects my clients".

     You have full and complete knowledge that TCT #454,267 is Canceled by TCT #546,739 evidenced on the filing of an A/M filed on September 16, 2010 at the Bureau of Conveyance which First American Title submitted for the record as an

EXHIBIT_____6_____             CV 10-00653(SOM)(BMK)

"ACCOMMODATION ONLY IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON THE TITLE".

Therefore, the above referenced Non-Judicial Foreclosure must be CANCELED, as you are circumventing the Hawaii Revised Statutes, the Hawaii Rules of Civil Procedure and the Hawaii Rules of Professional Conduct.

I must receive notification via telephone, followed by a letter and facsimile from your office to that effect.  You have to the end of the business on Friday, October 8, 2010.

Joycelyn W. Unciano

CV 10-00653(SOM)(BMK)

EXHIBIT 6

October 8, 2010


Joycelyn W. Unciano
91-590 Farr. Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323 Fax 450-2429          PAGES FAXED INCLUDING THIS PG. 23

David B. Rosen
810 Richards Street, Ste. 880 and 888
Honolulu, Hi. 96813
808 523-9393 Fax 523-9595
808 523-9494


RE: FOR YOUR INFORMATION
WAYNE NOELANI TOM and COLEENT ETSUK TOM
DISPUTED NON-JUDICIAL FORECLOSURE

PLS. FIND ATTACHED:

1.   Copy of Letter Delivered to your office 10/7/2010

2.   PLTFF'S MOTION FOR ORDER SUBSTITUTING
     HOMECOMINGS FINANCIAL, LLC AS PLTFF;
     10/09/2008; MOTION IS ATTACHED 12pgs.

3.   ORDER GRANTING PLTF'S MOTION FOR ORDER
     SUBSTITUTING HOMECOMINGS FINANCIA, LLC AS
     PLTF ; 12/10/2008

4.   PLTF'S MSJ AND DECREE OF FORECLOSURE
     AGAINST ALL DEFTS ON COMPLAINT FILE 5/15/03;
     12/29/2008

5.   ORDER DENYING WITHOUT PREJUDICE PLTF'S
     MSJ AND DECREE OF FORECLOSURE AGAINST
     ALL DEFENDANTS ON COMPLAINT; 3/10/2009

6.   PLTF'S MSJ AND DECREE OF FORECLOSURE
     AGAINST AL DEFTS ON COMPLAINT FILED
     5/15/2003

7.   ORDER DENYING W/O PREJUDICE  PLTF'S MSJ
     AND DECREE FORECLOSURE AGAINST ALL DEF
     ON COMPLAINT;   3-10-2009

CV 10-00653(SOM)(BMK)

EXHIBIT  7

ORDER DENYING

8. PLTF'S MSJ AND DECREE OF FORECLOSURE
   AGAINST ALL DEF ON COMPLAINT    3/02/2010

_____
Joycelyn W. Unciano

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 OCT 27  PM 2: 35

A. MARPLE
————————
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| COLEEN ETSUKO TOM and JOYCELYN WANDA UNCIANO, | ) ) ) | Civ. No. 10-1-2273-10 |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-JUDICIAL FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010 |
| v. | ) ) ) | |
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, registered to do Business in the State of Pennsylvania; DAVID B. ROSEN, ESQ., an attorney licensed to practice law in the State of Hawaii; KRISTINE WILSON, individually and in her capacity as Limited Signing Officer for GMAC Mortgage, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIES 1-10; DOE LLCs 1-10; and DOE CORPORATE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-JUDICIAL
FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010

        Upon review of (1) Plaintiffs' Ex Parte Motion for

Temporary Restraining Order to Enjoin Defendants' Non-Judicial

Foreclosure Auction Scheduled for October 29, 2010 and (2)

Plaintiffs' Verified Complaint and attached exhibits filed in

this court on October 25, 2010, the court, pursuant to Hawaii

Rules of Civil Procedure Rule 65(b), hereby GRANTS Plaintiffs'

motion for the following reasons:

CV 10-00653(SOM)(BMK)

EXHIBIT 8

1.   Plaintiffs have shown, and the court takes
judicial notice, that a judicial foreclosure proceeding upon the
same real property is pending before this court (The Honorable
Judge Bert I. Ayabe presiding) in Civ. No. 03-1-1029-05,
Homecomings Financial, LLC v. Coleen Etsuko Tom (et al.), the
complaint having been originally filed on May 15, 2003.

2.   It appears that the real property in question is
described as 92-309 Nohona Place, Kapolei, Hawaii (as reflected
in the May 15, 2003 complaint in Civ. No. 03-1-1029-05) or, in
the alternative, as 92-309 Nohona Street, Kapolei, Hawaii (as
described by plaintiffs in their ex parte motion for temporary
restraining order, and as asserted by the May 15, 2003 complaint
in Civ. No. 03-1-1029-05 to be the true property address).

3.   The court takes judicial notice that the judicial
foreclosure proceeding in Civ. No. 03-1-1029-05 is still
pending.

4.   The court takes judicial notice that as of
December 10, 2008, in Civ. No. 03-1-1029-05, party Homecomings
Financial, LLC substituted itself as plaintiff in place of
Homecomings Financial Network, Inc., pursuant to court order
granting the substitution.

5.   The court takes judicial notice that the May 15,
2003 complaint in Civ. No. 03-1-1029-05 seeks judicial
foreclosure upon an alleged mortgage dated March 21, 1995,

2

CV 10-00653(SOM)(BMK)

EXHIBIT 8

executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, allegedly recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 546,739.

6.   It appears that an Assignment of Mortgage was recorded in the State of Hawaii Land Court and/or in State of Hawaii the Bureau of Conveyances on September 16, 2010, in which entity Homecomings Financial Network, Inc. assigned from itself to GMAC Mortgage, LLC a mortgage purportedly dated March 21, 1995, executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 454,267.

7.   This Assignment of Mortgage recorded September 16, 2010 appears to bear hand-written corrections referencing a "CT 546,739."

8.   This Assignment of Mortgage recorded September 16, 2010 is signed on behalf of Homecomings Financial Network, Inc. by a certain Kristine Wilson as Vice President.

9.   The court has also received from Plaintiffs a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" dated September 15, 2010, which references a mortgage dated March 21, 1995, recorded on March 24, 1995 in the Office of the Assistant Registrar in the County of Honolulu, State of

CV 10-00653(SOM)(BMK)

EXHIBIT 8

Hawaii, Land Court, as Document No. 2226366, on Transfer
Certificate Title No. 454,267, the subject real property located
at "92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309
NOHONA STREET KAPOLEI HI 96707".

10.   The aforementioned "Notice of Mortgagee's
Intention to Foreclose Under Power of Sale" dated September 15,
2010 was signed for GMAC Mortgage, LLC by Kristine Wilson, who
was designated as "Limited Signing Officer".

11.   According to the aforementioned "Notice of
Mortgagee's Intention to Foreclose Under Power of Sale" dated
September 15, 2010, inquiries are to be directed to David B.
Rosen, Esq.

12.   It appears to this court that both (a) the
judicial foreclosure pending in Civ. No. 03-1-1029-05 before
this court and (b) the non-judicial foreclosure proceedings
apparently initiated and/or reflected by the "Notice of
Mortgagee's Intention to Foreclose Under Power of Sale" dated
September 15, 2010 concern the same mortgage upon the same real
property.

13.   It further appears to this court that party
Kristine Wilson, who is nominally Vice President of entity
Homecomings Financial Network, Inc., is also acting as "Limited
Signing Officer" for GMAC Mortgage, LLC for purposes of
attempting, or noticing, a non-judicial foreclosure of the

CV 10-00653(SOM)(BMK)

EXHIBIT 8

subject mortgage in the instant matter.

14.   The court is concerned by what appears to be
simultaneous judicial and non-judicial foreclosure proceedings
upon the same mortgage and same real property, by two apparently
separate competing mortgagees, Homecomings Financial, LLC and
GMAC Mortgage, LLC.

15.   The court is additionally concerned by Kristine
Wilson acting as Vice President of apparently former plaintiff
Homecomings Financial Network, Inc. in Civ. No. 03-1-1029-05 and
as "Limited Signing Officer" for GMAC Mortgage, LLC in the non-
judicial foreclosure proceedings, and cannot ascertain, at
minimum, whether Kristine Wilson has proper authority to act as
GMAC Mortgage, LLC's "Limited Signing Officer" and/or to act on
behalf of GMAC Mortgage, LLC in signing a "Notice of Mortgagee's
Intention to Foreclose Under Power of Sale".

16.   Because the non-judicial foreclosure auction upon
the real property described as 92-309 Nohona Place, Kapolei,
Hawaii or 92-309 Nohona Street, Kapolei, Hawaii, which is
alleged to be Plaintiffs' family home, is allegedly scheduled to
occur on Friday, October 29, 2010, the court finds that it
clearly appears from specific facts shown by Plaintiffs'
verified complaint and the attached exhibits thereto that
immediate and irreparable injury or loss will result to
Plaintiffs-applicants before Defendants or Defendants' attorneys

CV 10-00653(SOM)(BMK)

EXHIBIT 8

can be heard in opposition to Plaintiffs' motion for temporary

restraining order (submitted *ex parte*).

TEMPORARY RESTRAINING ORDER

THEREFORE, it is hereby ordered, adjudged and decreed

that:

1.  Plaintiffs' motion is hereby granted, and the

Temporary Restraining Order is hereby issued.

2.  Defendants GMAC MORTGAGE, LLC, KRISTINE WILSON,

and DAVID B. ROSEN, ESQ. are enjoined from taking any

further action to conduct a non-judicial foreclosure sale

regarding the real property located at 92-309 Nohona

Street, Kapolei, HI (also known as 92-309 Nohona Place,

Kapolei, HI).

3.  This Temporary Restraining Order is effective

until Friday, November 5, 2010, at 4:00 P.M.  The hearing

on Plaintiffs' "Motion for Preliminary Injunction to Enjoin

Defendants' Non-Judicial Foreclosure Auction Scheduled for

October 29, 2010 Pursuant to Rule 65 HRCP and HRS §480-

13(b)2) [sic]" is scheduled for hearing before the

Honorable Karl. K. Sakamoto on _____Nov. 3_____, 2010, at

_9:30_ A.M./P.M., in his Courtroom at Kaahumanu Hale,

777 Punchbowl Street, Honolulu, HI 96813.

CV 10-00653(SOM)(BMK)

EXHIBIT 8

OCT 2 7 2010

DATED:  Honolulu, Hawaii _____,

at _____ A.M. / P.M.


*Karl K. Sakamoto*
_____
KARL K. SAKAMOTO
Judge of the above-entitled Court

CV 10-00653(SOM)(BMK)

7

EXHIBIT 8

12-12020-mg   Doc 8763-2   Filed 06/18/15   Entered 12/28/10   Page 1 of 1   Exhibit 2 #:
Pg 929

P. O. Box 22004
El Cajon, CA 92022

RETURN RECEIPT
REQUESTED



11 96900 2484 0014 7445 1

| | |
|---|---|
| Mailed On: | November 01, 2010 |
| Reference Number: | 1276690-06      4 |
| Mailing Number: | 1684874-01          ClientID: CWR      FC 1684874-01 |

COLEEN ETSUKO TOM
92-309 NOHONA PL
KAPOLEI  HI  96707-1161

Loan: ███████7453
Trustor:  WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE

Pursuant to the requirements contained in SECTION 1. Section 667-5 (2) HRS, the Trustee's Sale under the
Deed Of Trust recorded March 24, 1995 as document no. 2226366  in book 454,267, page XX, Official Records
of HONOLULU  County, HAWAII, which was originally scheduled for October 29, 2010, as set forth in the
posted and published Notice of Trustee's  Sale (or prior postponement thereof), was by public announcement at
said time and at set place designated by said Notice, is hereby postponed from October 29, 2010 to November
12, 2010 , at 12:00pm.

Property commonly known as:      92-309 NOHONA PLACE ALSO APPEARING OF
RECORD AS 92-309 NOHONA STREET
KAPOLEI  HI  96707

Sale Location:      At the outside front entrance of the First Circuit Court
Building at 777 Punchbowl Street
HONOLULU, HAWAII

CV 10-00653(SOM)(BMK)

EXHIBIT __9__

nocshi                                                                                       Rev. 09/21/10

**Cal-Western Reconveyance Corporation**
**525 East Main Street, El Cajon, California 92020 ●P.O. Box 22004, El Cajon, California 92022-9004**
**TEL: (619) 590-9200 ●FAX: (619) 590-9299 ● Website: www.cwrc.com**



1ST CIRCUIT COURT
STATE OF HAWAI'I
FILED

2010 NOV 16  AM 11: 10

_____
A. MARPLE
CLERK

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

LOUISE K. Y. ING          2394-0
PETER KNAPMAN          6926-0
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:   ling@ahfi.com
          pknapman@ahfi.com

Attorneys for Plaintiff
HOMECOMINGS FINANCIAL, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HOMECOMINGS FINANCIAL, LLC, | Civil No. 03-1-1029-05 (BIA) (Foreclosure) |
| Plaintiff, | |
| vs. | **WITHDRAWAL AND SUBSTITUTION OF COUNSEL AND  ORDER** |
| WAYNE NOELANI TOM; COLEEN ETSUKO TOM; JOYCELYN WANDA UNCIANO; CITIFINANCIAL, INC. 221, LLC, FKA ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, a Delaware limited liability company; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, FKA FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 AND DOE | (No trial date set) |

756745v1/8165-20

CV 10-00653(SOM)(BMK)

EXHIBIT 10

GOVERNMENTAL UNITS 1-10,

Defendants.

## WITHDRAWAL AND SUBSTITUTION OF COUNSEL AND ORDER

Pursuant to Rules 10.1 and 10(c) of the Rules of the Circuit Court of the State of Hawaii, ROBERT EHRHORN, JR. and the law firm of Clay Chapman Iwamura Pulice & Nervell hereby withdraw as counsel for Plaintiff HOMECOMINGS FINANCIAL, LLC in the above-entitled action.

LOUISE K.Y. ING, PETER KNAPMAN, and the law firm of Alston Hunt Floyd & Ing hereby appear in the above-entitled action as counsel for Plaintiff HOMECOMINGS FINANCIAL, LLC

DATED: Honolulu, Hawai'i, _____NOV 1 5 2010_____.

ROBERT EHRHORN, JR.
Clay Chapman Iwamura Pulice & Nervell
Withdrawing counsel

LOUISE K.Y. ING
PETER KNAPMAN
Alston Hunt Floyd & Ing
Appearing counsel

APPROVED AND SO ORDERED:

BERT I. AYABE

**SEAL** FIRST CIRCUIT COURT STATE OF HAWAII

JUDGE OF THE ABOVE-ENTITLED COURT

--------------------------------------------------------------------

*Homecomings Financial, llC vs. Wayne Noelani Tom, et al;* Civil No. 03-1-1029-05 (BIA) the Circuit Court of the First Circuit; **WITHDRAWAL AND SUBSTITUTION OF COUNSEL AND ORDER**

CV 10-00653(SOM)(BMK)

EXHIBIT _10_

CERTIFIED BY FIRST AMERICAN TITLE
INSURANCE COMPANY TO BE A COPY
OF THE DOCUMENT RECORDED ON 11/17/2010
AS INSTRUMENT NO. 2010-176340
IN BOOK                    PAGE
OFFICIAL RECORDS OF HONOLULU
FEE: $30.00

LAND COURT RECORDING SYSTEM                    REGULAR  RECORDING SYSTEM

**After Recordation Return By:  Mail (X )    Pickup ( )**
**CAL-WESTERN RECONVEYANCE CORP.**                          This document contains
**525 EAST MAIN STREET**                                          2 pages
**EL CAJON, CA 92020**

1793

**TYPE OF DOCUMENT:**          **NOTICE OF RESCISSION**

CV 10-00653(SOM)(BMK)

EXHIBIT  11

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
FORT WASHINGTON  PA  19034

 

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

# NOTICE OF RESCISSION
## OF MORTGAGEE'S INTENTION TO FORECLOSURE UNDER POWER OF SALE

LOAN NO.: XXXXXX7453
T.S. NO.: 1276690-06

WHEREAS, the undersigned as Mortgagee under that certain Mortgage hereinafter described, and Whereas, Notice was heretofore given by the undersigned, of breach of the obligations for which said Mortgage is security and of election to cause to be sold the property therein described, which Notice was recorded on October 01, 2010, as Document No. 2010-146720, in Transfer Title Certificate No. XX, Page XX in the records of the Office of the Assistant Registrar, in the County of HONOLULU, State of Hawaii Land Court;

NOW, THEREFORE, Notice is Hereby Given that the undersigned, as such Mortgagee does hereby rescind, cancel and withdraw said Notice of Mortgagee's Intention to Foreclose Under Power of Sale; it being understood, however, that his rescission shall not in any manner be construed as waiving of affecting any breach or default-past; present or future---under said Mortgage, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election; without prejudice, not to cause a sale to be made pursuant to Beneficiary, under said Mortgage, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Mortgage and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Notice of Intention had not been made and given.  Said Mortgage above referred to was executed by WAYNE NOELANI TOM AND COLEEN ETSUKO TOM, HUSBAND AND WIFE    Trustor, to WESTERN PACIFIC MORTGAGE, INC., A HAWAII CORPORATION. _(U)_, as Mortgagee, and recorded as Document No. 2226366 on March 24, 1995, in Transfer Title Certificate No. 454,267 Page XX in the records of the Office of the Assistant Registrar, in the County of HONOLULU, State of Hawaii Land Court; _(U)_ # 546,739

Completely described in said Mortgage.

Dated:   November 08, 2010            GMAC MORTGAGE, LLC BY CAL-WESTERN
                                      RECONVAYANCE CORPORATION AS ATTORNEY IN
                                      FACT

                                      _pcampbell_
                                      Pamela Campbell, A.V.P.

State of  California )
County of  San Diego)
On _NOV 0 8 2010_____ before me, _____ Jeffrey Starling_____,
a Notary Public, personally appeared _____ Pamela Campbell, A.V.P._____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal              (Seal)

Signature _____

```
JEFFREY STARLING
COMMISSION # 1858755
Notary Public - California
SAN DIEGO COUTY
My Comm. Expires Jul 24 2013
```

NORHI.DOC                    Rev. 09/15/09                    Page 1 of 1