UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

In re RESIDENTIAL CAPITAL, LLC, et al.,

    Debtors.
————————————————————————x

TOM FRANKLIN,

    Appellant,

-against-

THE RESCAP LIQUIDATING TRUST,

    Appellees.
————————————————————————x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/15
```

Ch. 11 Case No. 12-12020 (MG)

No. 15 Civ. 953 (CM)

**ORDER**

McMahon, J.:

    As stated by the court at the conference held last Friday – which Appellant chose not to attend – this appeal is **DISMISSED** as frivolous.

    Appellant – whom the Bankruptcy Court has determined to be a "vexatious litigator," *see* Docket #8335, Order Determining Tom Franklin to be a Vexatious Litigator and Issuing an Injunction Enjoining Future Filings by Tom Franklin, *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Mar. 18, 2015) – filed a notice of appeal on January 16, 2015 stating that he appealed an order entered in "July, 2014." Appellant also appended to his notice of appeal an order of the Bankruptcy Court overruling his objections to several stipulations filed and so ordered by the Bankruptcy court.

    Appellant's filings are, as I noted at the conference, gibberish. He spends over a dozen pages reciting outdated case law discussing the standards for summary judgment and motions to dismiss. None of this is at all relevant to the stipulations approved by the Bankruptcy Court. Nowhere does appellant state which orders he objects or why he objects to them. Even reading Appellant's papers to present the most favorable argument they could make – as I am obligated

1

to do for *pro se* litigants – the papers say nothing meaningful. Appellant has offered no coherent argument for reversing any order issued by the Bankruptcy Court.

In any event, whatever order Appellant is actually appealing, the appeal is without merit.

To the extent that Appellant seeks to appeal an order entered in July, 2014 (which, if any July, 2014 order he appeals is not specified) his appeal is untimely by several months. "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002.

To the extent that Appellant seeks to appeal the Bankruptcy Court's order overruling his objections to various stipulations I hold that the Bankruptcy Court committed no error. The stipulations approved by the Bankruptcy Court were filed by the bankruptcy debtor and lienholders senior to the debtor and authorized the senior lienholders to foreclose on various real properties. The Bankruptcy Court authorized the filing of such stipulations on October 15, 2012 subject to approval by that Court on five days' notice.

The stipulations to which Appellant objected were all filed on December 22, 2014 and were approved by the Bankruptcy Court on December 31, 2014. Appellant filed his objections on January 5, 2015. Thus, the objections were untimely, as the Bankruptcy Judge held in his order overruling Appellant's objections. Appellant has not controverted that reasoning on appeal. Nor has Appellant controverted the other reason the Bankruptcy Judge gave for overruling Appellant's objections: Appellant holds no legal interest in any of the properties foreclosed on. Thus he is not an interested party with standing to object to lifting the automatic stay as to those properties and permitting senior lienholders to foreclose on them.

## CONCLUSION

The Clerk of the Court is directed to close the file.

Dated: May 4, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

2