MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP
LIQUIDATING TRUST'S EIGHTY-SIXTH OMNIBUS OBJECTION TO
CLAIMS ((A) NO LIABILITY CLAIMS AND (B) MODIFY AND ALLOW CLAIMS)**

1.      The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following claims objection, filed by the ResCap Liquidating Trust on May 7, 2015 (the "Claims Objection"):

> *The ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)* [Docket No. 8581].

2.      The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or other responsive pleading to the Claims Objection appears thereon. The deadline for filing responses to the Claims Objection, May 28, 2015, has passed.

ny-1192974

3. In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4. Accordingly, for the reasons set forth in the Claims Objection, the ResCap Liquidating Trust respectfully requests that the proposed order granting the Claims Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2015  
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Meryl L. Rothchild  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

ny-1192974                          2

# **EXHIBIT 1**

ny-1192974

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )    Chapter 11
                                              )
                    Debtors.                  )    Jointly Administered
                                              )
------------------------------------------------------------
```

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S EIGHTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY CLAIMS
AND (B) MODIFY AND ALLOW CLAIMS)**

Upon *The ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)* (the "Objection")[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), (i) disallowing and expunging the No Liability Claims on the basis that the Debtors' books and records reflect no liability for amounts owed for such Claims against the Debtors' estates and (ii) modifying and allowing the Modify and Allow Claims on the grounds that these Claims were filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable or in an unliquidated amount, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1186614

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection, the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)*, annexed to the Objection as Exhibit 1, and the *Supplemental Horst Declaration in Support of the ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)*; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, its constituents, the Debtors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on Exhibit B annexed hereto (the "Modify and Allow Claims") are hereby reduced or fixed and allowed in the amount provided under the column *Modified Claim Amount*, and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on Exhibit A or Exhibit B annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2015
     New York, New York

                                                    THE HONORABLE MARTIN GLENN
                                                    UNITED STATES BANKRUPTCY JUDGE

ny-1186614

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | |
| 1 | BEVERLY GROUP INC<br>660 4TH STREET<br>STE 116<br>SAN FRANCISCO, CA 94107 | 2206 | 11/05/2012 | $7,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Basis of claim is for unpaid real estate commission for a short sale. The closing fell through and commission was not earned as the transaction did not close. Review of Books and Records confirms that Debtors did not have a commitment to pay unless transaction closed. |
| 2 | City of Stockton<br>Administrative Services<br>425 N El Dorado St<br>Stockton, CA 95202 | 6228 | 11/30/2012 | $6,414.88 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records reflect that the Debtors had a pre-existing relationship with the identified parcel but only as the servicer of the 2nd mortgage. Debtor received notice of the code violation and the invoices on multiple occasions and responded back to the city that Debtor was the servicer of the 2nd mortgage, and Option One/Am Home Mtg was servicing the 1st mortgage. Debtor provided Claimant with Option One's contact information and notified the city that they needed to contact Option One to clear the code/lien. Therefore, there is no basis for liability against the Debtors. |
| 3 | Eldorado Neighborhood Second Homeowners Association<br>c/o Terra West Management Services<br>6655 S. Cimarron Road, Suite 200<br>Las Vegas , NV 89113 | 1289 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$887.71 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 4 | FARRIS ENTERPRISES LLC<br>94 1506 LANIKUHANA AVE 577<br>MILIANI, HI 96789 | 508 | 09/17/2012 | $525.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 5 | Gilmer County Tax Commissioner<br>1 Broad Street Suite 105<br>Ellijay, GA 30540 | 447 | 08/31/2012 | $952.96 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 6 | HARBOR BREEZE CONDOMINIUM<br>5471 VINELAND RD 7301<br>ORLANDO, FL 32811 | 723 | 09/24/2012 | $6,063.68 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records did not reflect that the Debtors had any pre-existing relationship with the identified parcel, either in their capacity as a loan servicer or investor. Therefore, there is no basis for liability against the Debtors. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 7 | LAW OFFICES OF MARSHALL C WATSON<br>C/O - Scott Weiss, Esq.<br>1800 NW 49th St Ste 120<br>Fort Lauderdale, FL 33309 | 3643 | 11/08/2012 | $5,959.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust requested that claimant provide additional detail to support the claim. Claimant has not provided any response. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding pre- or post-petition invoice amounts owed to claimant by any Debtor. |
| 8 | Law Offices of Marshall C. Watson P.A.<br>c/o Scott Weiss, Esq.<br>1800 NW 49th St Ste 120<br>Ft Lauderdale, FL 33309 | 3745 | 11/08/2012 | $22,174.70 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust requested that claimant provide additional detail to support the claim. Claimant has not provided any response. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding pre- or post-petition invoice amounts owed to claimant by any Debtor. |
| 9 | LUNDBERG AND ASSOCIATES<br>3269 S MAIN ST STE 100<br>SALT LAKE CITY, UT 84115 | 2557 | 11/06/2012 | $6,085.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 10 | MARSHALL L COHEN PA<br>PO BOX 60292<br>FORT MYERS, FL 33906 | 4667 | 11/13/2012 | $5,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 | The Liquidating Trust reached out to claimant a number of times, through both email and phone calls, to obtain copies of invoices, loan numbers, or any additional identifying information to research the merits of the claim. None were provided. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 11 | MARTIN COUNTY TAX COLLECTOR<br>3485 SE WILLOUGHBY BLVD<br>STUART, FL 34994 | 123 | 06/04/2012 | $2,427.83 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 12 | MERIDEN TAX COLLECTOR<br>142 E MAIN ST<br>RM 117<br>MERIDEN, CT 06450 | 1884 | 10/29/2012 | $1,104.47 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 13 | Mississippi Department of Revenue<br>Bankruptcy Section<br>P.O. Box 22808<br>Jackson, MS 39225 | 340 | 07/31/2012 | $996.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 14 | Norfolk City Treasurer<br>Norfolk City<br>PO Box 3215<br>Norfolk, VA 23514 | 632 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$125.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 15 | PAUL DAVIS RESTORATION AND REMODELING<br>77833 PALAPAS RD<br>PALM DESERT, CA 92211 | 625 | 09/21/2012 | $10,159.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 16 | Revenue Commissioner Morgan County<br>Amanda G. Scott<br>PO Box 696<br>Decatur, AL 35602 | 7296 | 10/28/2013 | $694.90 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 17 | Samuel I. White, P.C.<br>Donna J. Hall, Esq.<br>5040 Corporate Woods Drive,<br>Suite 120<br>Virginia Beach, VA 23452 | 5666 | 11/16/2012 | $6,126.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 18 | SERVPRO OF THE REND LAKE REGION<br>PO BOX 624<br>MOUNT VERNON, IL 62864-0014 | 4220 | 11/09/2012 | $7,427.49 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is a contractor seeking payment in connection with property repairs done for a GMACM borrower. Claimant believes that it is entitled to the insurance proceeds related to the borrower's property. Claimant's recourse is with the borrower/homeowner, not with GMACM. GMACM had no agreement with the contractor. |
| 19 | Shore Line Realty & Associates Inc.<br>1407 Viscaya Parkway, # 2<br>Cape Coral, FL 33990 | 1671 | 10/25/2012 | $0.00<br>$0.00<br>$7,800.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Basis of claim is for unpaid real estate commission for a short sale. The closing fell through and commission was not earned as the transaction did not close. Review of Books and Records confirms that Debtors did not have a commitment to pay unless transaction closed. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 20 | SUN PRAIRIE CITY<br>300 E MAIN ST<br>SUN PRAIRIE CITY TREASURER<br>SUN PRAIRIE, WI 53590 | 2155 | 11/05/2012 | $356.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 21 | Trenton Water Works<br>Trenton Water Works / City of Trenton / Accounts & Control<br>319 East State St., Room 113<br>Trenton, NJ 08608 | 479 | 09/14/2012 | $515.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Per claimant, the claim was paid and amounts are no longer due. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | **Claims to be Disallowed and Expunged** | | | |
| 22 | WILLOWTREE HOMEOWNERS ASSOC<br>1111 STEVENS ST NO 17<br>MEDFORD, OR 97504 | 2480 | 11/06/2012 | $4,818.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records did not reflect that the Debtors had any pre-existing relationship with the identified parcel, either in their capacity as a loan servicer or investor. Therefore, there is no basis for liability against the Debtors. |
| 23 | Wise CAD<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 4879 | 11/16/2012 | $1,489.77 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |

12-12020-mg    Doc 8782    Filed 06/22/15    Entered 06/22/15 15:22:37    Main Document
Pg 12 of 13

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-SIXTH OMNIBUS OBJECTION - MODIFY AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CL RAFFERTY CPA<br>360 FAIR LN<br>PLACERVILLE, CA 95667 | 555 | 09/18/2012 | $14,418.34 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$11,459.74<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim reduced to $11,459.76 to eliminate tax penalties that were improperly included in original asserted amount. |
| 2 | Office of the State Treasurer<br>Unclaimed Property Division<br>One Players Club Dr<br>Charleston, WV 25311 | 644 | 09/24/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$369.84 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | The Liquidating Trust requested on multiple occasions that claimant provide additional detail to support the claim. Claimant provided no response. Books and records research found that Debtor owed certain sums to claimant in a liquidated amount, which is reflected in the "Modified Claim Amount" column. |
| 3 | Office of the State Treasurer<br>Unclaimed Property Division<br>One Players Club Dr<br>Charleston, WV 25311 | 735 | 09/25/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$26,135.25 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | The Liquidating Trust requested on multiple occasions that claimant provide additional detail to support the claim. Claimant provided no response. Books and records research found that Debtor owed certain sums to claimant in a liquidated amount, which is reflected in the "Modified Claim Amount" column. |