UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE:                                                                                          :         15-CV-501 (JMF)
                                                                                                     :
RESIDENTIAL CAPITAL, LLC,                                          :         ORDER OF DISMISSAL
                                                                                                     :
                                    Debtor.                                             :
                                                                                                     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 18, 2015, in light of Appellant's failure to submit his opening brief by the deadline of March 9, 2015, the Court issued an Order directing Appellant "to show cause, by filing a letter not to exceed five pages no later than April 8, 2015, why this appeal should not be treated as abandoned and/or dismissed for failure to prosecute." (Docket No. 2). The Court further warned that "[f]ailure to respond by that deadline will result in dismissal of Appellant's appeal without further notice." (*Id.*).

On April 1, 2015 — in a letter that was docketed by the *Pro Se* office on April 7, 2015 — Appellant responded to the Court's order. (Docket No. 3). His submission (among other defects) did not provide any reasons why he had yet to submit his opening brief; nevertheless, given Appellant's *pro se* status, the Court elected to "construe his timely response as evincing an intent to pursue this appeal," and granted Appellant a "**one-time** extension to submit his opening brief," to April 29, 2015. (Docket No. 4). The Court warned that "Appellant is on notice — as he has been since the Court's last order — that failure to comply with the Court's deadlines may result in dismissal of the appeal without further notice." (*Id.*). After the Court again did not receive Appellant's opening brief by the set deadline, the Court again directed Appellant to show cause, this time by no later than May 20, 2015, why his appeal should not be treated as abandoned or, alternatively, dismissed for failure to prosecute. (Docket No. 6). The Court further warned: "Given

that the Court has already granted Appellant several extensions to submit his brief, failure to respond by that deadline — or failure to respond in a way that actually shows good cause *why* Appellant has yet to submit his opening brief — **will** result in dismissal of Appellant's appeal without further notice." (*Id.*). The Court has yet to receive any response from Appellant.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

It has been over four months since this appeal was filed, and Appellant has yet to submit his opening brief — a necessary precondition (much like a complaint in a normal civil suit) to Plaintiff's prosecution of this appeal, as the Court has no indication of the specific grounds on which Appellant is challenging the underlying Bankruptcy Court ruling without it. Moreover, Plaintiff has been reminded three times — by the Court's initial Order to Show Cause (Docket No. 2), to which Plaintiff filed a response of sorts; by the Court's order granting Appellant an extension of time to file his opening brief (Docket No. 4); and by the Court's second Order to Show Cause

(Docket No. 6) — that a failure to file his brief or to show good cause why he has failed to do so thus far, would result in dismissal of his appeal.

To be sure, there is no indication that Appellee has been significantly prejudiced by the delay in this action.  Nevertheless, all other factors counsel in favor of dismissing this appeal. Having given Appellant several opportunities to explain his failure to prosecute the case — as well as several reminders of the consequences of failing to respond — and lacking "the means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014), the Court finds that dismissal is warranted under Rule 41(b).  *See Lehman v. Garfinkle*, No. 08-CV-9385 (SHS), 2013 WL 5637700, at *4 (S.D.N.Y. Oct. 16, 2013) (noting that the plaintiff "has still not responded to this Court's September 24 order to show cause, making it unclear how any sanction short of dismissal with prejudice would prove effective."); *Williams v. Partrich*, No. 06-CV-13686 (DC), 2008 WL 1847883, at *3 (S.D.N.Y. Apr. 24, 2008) (dismissing plaintiff's case pursuant to Rule 41(b) because plaintiff had provided no explanation for his eight-month delay in responding to discovery requests and "there ha[d] been no activity in this case or communication from [the plaintiff] for nearly five months.").

Accordingly, it is hereby ORDERED that this appeal is dismissed for failure to prosecute. The Clerk of Court is directed to close the case and to mail a copy of this Order to Appellant.

SO ORDERED.

Dated: June 1, 2015
     New York, New York

_____
JESSE M. FURMAN
United States District Judge