USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 4, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IN RE:

RESIDENTIAL CAPITAL, LLC,

                Debtor,

TOM FRANKLIN,

                Appellant,

      -v-

RESCAP LIQUIDATING TRUST,

                Appellee.

------------------------------------------------------------------X

15-cv-2238 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On March 24, 2015, appellant Tom Franklin ("appellant" or "Franklin") filed the instant bankruptcy appeal. (ECF No. 1.) Appellant appeals from an order entered by the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") directing appellant to show cause why the Bankruptcy Court should not determine appellant to be a vexatious litigant (the "Order to Show Cause"). (Case No. 12-12020 (MG), Docket No. 8074.) This appeal became fully briefed on May 29, 2015.[1] For the reasons set forth below, this appeal is entirely devoid of merit and is DISMISSED.

---

[1] The Court notes that appellant has not filed a designation of the items to be included in the record on appeal or a statement of the issues to be presented, as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. (As a result, notice that the record has been transmitted or is available electronically has not been docketed.) In addition, appellant's briefs are filled with entirely irrelevant content unrelated to the instant appeal of the Order to Show Cause.

The Court refers to appellee's brief (ECF No. 15) for a recitation of the factual background in this matter. The Court notes only that the instant appeal pertains to the Bankruptcy Court's Order to Show Cause, not its subsequent orders finding appellant to be a vexatious litigant (the "Injunction Orders").[2]

Franklin's appeal must be dismissed because the Order to Show Cause is a non-final order from which an appeal cannot be taken. See 28 U.S.C. § 158. The Order to Show Cause simply required the parties to advise the Bankruptcy Court as to their views on whether appellant should be deemed a vexatious litigant. See Fed. R. Bankr. P. 9011(c)(1)(B) ("On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."). The Order to Show Cause did not resolve with any finality the question of whether appellant is a vexatious litigant—and, as such, it is properly regarded as a non-appealable, interlocutory order.[3]

Appellant's suggestion that he was somehow denied due process in connection with the Order to Show Cause is meritless. Appellant was timely served with copies of the Order to Show Cause, appellee's response thereto, and the Injunction Orders. (Case No. 12-12020 (MG), Docket Nos. 8078, 8298, 8344, and 8351.) Appellant filed four responses to the Order to Show Cause, indicating that

---

[2] Franklin filed a separate appeal as to the Injunction Orders. That appeal is currently pending before Judge Ramos (15-cv-2359).

[3] The Court does have jurisdiction over appeals from certain interlocutory orders and decrees if the Court grants leave to appeal. 28 U.S.C. § 158(a)(3). Appellant has not requested leave of the Court and, even if he had, there would be no basis to grant such a request.

he received it.  (Case No. 12-12020 (MG), Docket Nos. 8147, 8242, 8244, and 8245.) There is no basis for a due process challenge (or any other challenge) to the Order to Show Cause.

## CONCLUSION

For these reasons, the instant appeal is frivolous and is DISMISSED.  The Clerk of Court is directed to terminate this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    New York, New York
          June 4, 2015

_____
KATHERINE B. FORREST
United States District Judge

CC:
Tom Franklin
5633 Oak Grove Road
Fort Worth, TX 76134

3