MR. EDUARDO VALLEJO
508 N. CALIFORNIA STREET
BURBANK, CA. 91505
Tel: 1.818.415.5633

**RECEIVED JUN 4 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK**

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eduardo Vallejo, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC Mortgage, LLC., et al.<br><br>Defendants. | Case No.: 12-12020<br><br>CONFIRMATION OF AUTORIZATION IN ACTION AND COMPLAINT FOR BREACH OF CONTRACT. DECLARATORY RELIEF, AND POSSIBLE FRAUDULENT ACTIVITY ON THE TITLE OF 508 NORTH CALIFORNIA STREET, BURBANK, CA 91505 |

Now comes the Plaintiff, Mr. Eduardo Vallejo, and authorizes Mr. Eric Mesi, at 6865 Quantum Court, Sparks NV 89436, to be authorized on his behalf to present any and all documentation required by the Court as replies, to be used as evidence, etc., in the present referenced case and action, as well as any other actions such as Qui Tam Actions according to the False Claims Act ( FCA ), the Fair Debt Collections Procedures Act ( FDCPA ), and Federal Bankruptcy and Federal Rules of Civil and Criminal Procedure of the US Code, etc.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2015, at Los Angeles, California.

*/s/ [signature]*

MR. EDUARDO VALLEJO
508 N. CALIFORNIA STREET
BURBANK, CA. 91505
Tel: 1.818.415.5633



RECEIVED JUN 4 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eduardo Vallejo, an individual, | Case No.: 12-12020 |
| Plaintiff, | CONFIRMATION OF EVENTS AND COMPLAINT FOR BREACH OF CONTRACT. DECLARATORY RELIEF, AND POSSIBLE FRAUDULENT ACTIVITY ON THE TITLE OF 508 NORTH CALIFORNIA STREET, BURBANK, CA 91505 |
| vs. | |
| GMAC Mortgage, LLC., et al. | |
| Defendants. | |

Now comes the Plaintiff, Eduardo Vallejo, in case number 15G01826 pending before the Superior Court of California, Los Angeles County Superior Court, Alhambra Courthouse, and requests that this Court confirm the following:

1. That Kathy Priore, is in fact Associate Counsel of Rescap Liquidating Trust, successor to GMAC Mortgage, Llc., and has stated that the defendants filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Court in the present Court on May 14, 2012. Exhibit 1.

2. That on March 13, 2015, this Bankruptcy Court entered the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order ( Docket No. 8303 ), and

- 1 -
CASE NO.: 12-12020

GMACM submitted submitted a Notice of Bankruptcy Status to the Court in California pursuant to that order.

3. That on November 22, 2004 the Plaintiff signed a contract with the Defendants for $315,000.00, attached as exhibit number 2.

4. That Kathy Priore alleges that the Plaintiff has failed to file a proof of claim to this Bankruptcy Court when, in fact, this notification has been the first notice ever issued by Defendants to the Plaintiff.

5. We would like to confirm if the California Court would be interfering in any way, shape, or form in an action for breach of contract and declaratory relief, with the injunction Ordered by this Bankruptcy Court of New York, or is intruding with the Jurisdiction of this Court.

6. Since Plaintiff has never been contacted in writing by Defendants, it is impossible for Plaintiff to agree to dismiss the Defendants from this nor any other action. As a matter of fact, if this is true, Plaintiff plans on filing documents in this Bankruptcy Court and others, alleging the Contract signed on 11/10/2004 was fraudulent and therefor null and void *ab initio,* requesting its immediate rescission and to be expunged from title.

7. Plaintiff would like to know who he should be legally paying since the party to the note ( Exhibit 2 ) is presently in Bankruptcy.

8. Plaintiff would like to know if he should file this case as a ***lis pendens*** on the Title of the property?

9. A copy of this document has been faxed and mailed to the Defendants.

DATED: May 31, 2015

*[signature]*

EDUARDO VALLEJO

- 3 -
CASE NO.: 12-12020

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.

On May 31, 2015, I served true copies of the following document(s):

| | |
|---|---|
| MR. EDUARDO VALLEJO<br>508 N. CALIFORNIA STREET<br>BURBANK, CA. 91505<br>Tel: 1.818.415.5633 | KATHY PRIORE, ASSOCIATE COUNSEL<br>RESCAP LIQUIDATING TRUST<br>SUCCESSOR TO GMAC MORTGAGE, LLC<br>BLOOMINGTON, MN 55437 |

### UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eduardo Vallejo, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>GMAC Mortgage, LLC., et al.<br><br>          Defendants. | Case No.: 12-12020<br><br>CONFIRMATION OF EVENTS AND COMPLAINT FOR BREACH OF CONTRACT. DECLARATORY RELIEF, AND POSSIBLE FRAUDULENT ACTIVITY ON THE TITLE OF 508 NORTH CALIFORNIA STREET, BURBANK, CA 91505 |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the document(s) and placed the envelope for collection and mailing, following ordinary business practices. It has been deposited with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2015, at Los Angeles, California.

_____

- 1 -
CASE NO.: 12-12020

```
 1   KATHY PRIORE
     ASSOCIATE COUNSEL
 2   RESCAP LIQUIDATING TRUST,
     SUCCESSOR TO GMAC MORTGAGE, LLC
 3   8400 NORMANDALE LAKE BLVD, SUITE 175
     BLOOMINGTON, MN 55437
 4   Telephone: 952.594.6051
 5   Facsimile: 952.594.3879

 6   Attorneys for Defendants
     GMAC Mortgage LLC erroneously sued as
 7   GMAC Mortgage Corporation dba
     Ditech.com dba Ditech.com; Ditech
 8   Mortgage Corp dba Ditech.com

 9
10                   SUPERIOR COURT OF CALIFORNIA
11       LOS ANGELES COUNTY SUPERIOR COURT - ALHAMBRA COURTHOUSE
12
13   Eduardo Vallejo, an individual          Case No.: 15G01826
14              Plaintiff,                   GMAC MORTGAGE, LLC'S NOTICE
                                             OF BANKRUPTCY STATUS
15        vs.
16   GMAC MORTGAGE CORPORATION DBA
     DITECH.COM DBA DITECH.COM;
17   DITECH MORTGAGE CORP DBA
     DITECH.COM and DOES 1 through 50,
18   inclusive,
19              Defendants.
20
```

21        GMAC Mortgage, LLC, f/k/a GMAC Mortgage Corporation, d/b/a ditech.com erroneously

22   sued herein as GMAC Mortgage Corporation dba Ditech.com dba Ditech.com; Ditech Mortgage

23   Corp dba Ditech.com ("GMACM"), respectfully submits this Notice of Bankruptcy Status, and

24   states as follows:

25        1.    On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its

26   direct and indirect subsidiaries, including GMACM (collectively, the "Debtors"), filed voluntary

27   petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy

28   Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11

24064.1609/4072179.1

GMAC MORTGAGE, LLC'S NOTICE OF BANKRUPTCY STATUS

1  cases (the "Bankruptcy Cases") are being jointly administered, indexed at case number 12-12020
2  (MG).
3        2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second
4  Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official
5  Committee of Unsecured Creditors (the "Confirmation Order") [Bankruptcy Docket 6065]
6  approving the terms of the Chapter 11 plan, as amended (the "Plan"). The effective date under the
7  Plan occurred on December 17, 2013 (the "Effective Date").
8        3.    Both the Plan and Confirmation Order provide for the extension of the automatic
9  stay beyond the Effective Date and provide that the injunctive provisions of the Plan and
10 Confirmation Order will remain in full force and effect following the Effective Date.
11 (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K). **Moreover, both Section G of Paragraph 40 of**
12 **the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that,**
13 **among other things, enjoins all parties from "commencing or continuing in any manner or**
14 **action or other proceeding of any kind" relating to claims that are released under the Plan.**
15       4.    Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that
16 failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED,
17 DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT
18 ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE
19 BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY
20 DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF
21 CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY
22 COURT." (emphasis in original).
23       5.    In addition, pursuant to Article XII of the Plan and Paragraph 66 of the
24 Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters
25 pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the
26 Plan provides as follows:
27 / / /
28 / / /

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:

**(c) to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;**

....

(Plan, Art. XII) (emphasis added). In addition, the Confirmation Order provides as follows:

**Retention of Jurisdiction.** The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

6.  According to the Debtors' records, Plaintiff did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this action against GMACM. Within a reasonable time after the filing of this Notice of Bankruptcy Status, GMACM shall contact Plaintiff in writing and request that Plaintiff agree to dismiss GMACM from this action. In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, GMACM shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting Plaintiff from continuing prosecution of this action against GMACM.

7.  For the avoidance of doubt, GMACM is not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this action with a notice of the Bankruptcy Cases. On March 13, 2015, the Bankruptcy Court entered the Order Granting the Motion for

Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order [Docket No. 8303], and GMACM submits this Notice of Bankruptcy Status pursuant to that order.

Respectfully submitted this 29 day of April 2015.

By: _____
Kathy Priore
Associate Counsel
ResCap Liquidating Trust, successor
to GMAC Mortgage, LLC

# NOTE

000655268606

| November 10, 2004 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

508 North California Street, Burbank, CA 91505
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 315,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is GMAC Mortgage Corporation DBA ditech.com

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 5.000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the First day of each month beginning on January 1 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on December 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 17595 Harvard Avenue, C1002, Irvine CA 92614.

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,690.99

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

---

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument    Form 3200 12/83

159007 (09/01/2000) [000655268606]    Page 1 of 2    Initials: *J.J.V.*

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____/A 7. V/A._____ (Seal)
Eduardo E. Vallejo                       -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         -Borrower