**Hearing Date and Time:  July 30, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline:  July 15, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S OBJECTION TO**
**PROOFS OF CLAIM NOS. 7298, 7299, 7300 & 7301**
**FILED BY OHIO DEPARTMENT OF TAXATION**

ny-1180957

## TABLE OF CONTENTS

**Page**

JURISDICTION, VENUE AND STATUTORY PREDICATE ................................................... 2

PRELIMINARY STATEMENT ........................................................................................... 2

BACKGROUND ................................................................................................................... 2

       The Ohio Claims ................................................................................................... 4

       Debtors' Business Activities & Contact in Ohio ................................................... 4

       Debtors' Prior Corporate Affiliation With General Motors in 2006 ..................... 5

RELIEF REQUESTED ......................................................................................................... 5

OBJECTION .......................................................................................................................... 5

   A.   The Claimant Fails To Provide Sufficient Documentation To Substantiate
The Ohio Claims .................................................................................................... 6

   B.   The Ohio Claims Are Not Entitled To Be Treated As Priority Unsecured
Claims .................................................................................................................. 10

NOTICE ............................................................................................................................... 11

CONCLUSION .................................................................................................................... 12

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ashford v. Consol. Pioneer Mortg. (In re Consolidated Pioneer Mortg.),
    178 B.R. 222 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re
    Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996) ................................................. 7

Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.),
    No. 12 Civ. 6074 (RJS), 2013 WL 5549643 (S.D.N.Y. Sept. 26, 2013), aff'd sub
    nom., Peter J. Solomon Co. v. Oneida, Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist.
    LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) ................................................................................. 6, 7

Feinberg v. Bank of NY (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..................................................................................... 8

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
    398 B.R. 736 (Bankr. S.D.N.Y. 2008) ..................................................................................... 8

In re DJK Residential LLC,
    416 B.R. 100 (Bankr. S.D.N.Y. 2009) ..................................................................................... 8

In re Hess,
    404 B.R. 747 (Bankr. S.D.N.Y. 2009) ..................................................................................... 7

In re MF Global Holdings, Ltd.,
    Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847 (Bankr. S.D.N.Y.
    Nov. 13, 2012) .......................................................................................................................... 6

In re Minbatiwalla,
    424 B.R. 104 (Bankr. S.D.N.Y. 2010) .................................................................................. 7, 8

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ..................................................................................... 6

In re Porter,
    374 B.R. 471 (Bankr. D. Conn. 2007) ..................................................................................... 8

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) ..................................................................................... 8

In re Smith,
    No. 12-10142, 2013 WL 665991 (Bankr. D. Vt. Feb. 22, 2013) .............................................. 6

In re W.R. Grace & Co.,
    346 B.R. 672 (Bankr. D. Del. 2006) ......................................................................................... 7

Ohio Grocers Ass'n v. Levin,
  916 N.E.2d 446 (Ohio 2009) ........................................................................................9

Vanston Bondholders Protective Comm. v. Green,
  329 U.S. 156 (1946) ....................................................................................................7

**STATUTES**

11 U.S.C. § 502(a) ...............................................................................................................5

11 U.S.C. § 502(b)(1) ..........................................................................................................7

11 U.S.C. § 507(a)(8)(A) ...................................................................................................11

Ohio Rev. Code Ann. § 5751.01 (I) (2015) .......................................................................10

Ohio Rev. Code Ann. § 5751.01 (H) (2015) .......................................................................9

Ohio Rev. Code Ann. § 5751.02(A) (2015) ........................................................................9

**OTHER AUTHORITIES**

4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012) .........................................6

FED. R. BANKR. P. 3001(c)(1) .............................................................................................7

FED. R. BANKR. P. 3001(f) ..................................................................................................6

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors"), hereby submits this objection (the "Objection") seeking to expunge and disallow the following proofs of claim, each in the amount of $766,812.60, filed by the Ohio Department of Taxation[1]: (i) Claim No. 7298 filed against Debtor Executive Trustee Services, LLC ("ETS"), (ii) proof of claim No. 7299 filed against Debtor GMACRH Settlement Services, LLC ("GMACRH"), (iii) proof of claim No. 7300 filed against Debtor GMAC-RFC Holding Company, LLC ("GMAC-RFC HoldCo"), and (iv) proof of claim No. 7301 filed against RFC Construction Funding, LLC ("RFC Construction") (collectively, the "Ohio Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that the Ohio Claims are without merit.[2] Accordingly, the Liquidating Trust seeks entry of an order substantially in the form annexed hereto as **Exhibit 1** (the "Proposed Order") granting the requested relief. In support of the Objection, the Liquidating Trust submits the Declaration of John Demro, Senior Tax Director and Chief Tax Officer for the Liquidating Trust (annexed hereto as **Exhibit 2**, the "Demro Decl."), and respectfully represents as follows:

---

[1] On August 16, 2012, the Claimant filed four (4) claims, each in the amount of $6,420,622.09 (the "August 2012 Claims"). The Ohio Claims amended the August 2012 and specifically provided that the Ohio Claims "should be considered to supersede the [August 2012 Claims]."

[2] The Liquidating Trust reserves all its rights to amend this Objection should any further bases come to light based on information included in any response to this Objection.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## PRELIMINARY STATEMENT

3. The Claimant filed claims against four debtor entities on account of alleged commercial activity taxes for 2006. However, the Debtors' records do not reflect that any of the four debtor entities conducted any commercial activity within Ohio in 2006, so it is unclear to the Liquidating Trust the basis for purported liability of any of the Debtors to the Claimant. And, the Ohio Claims do not provide any further insight because they each lack the specificity to establish a valid claim against the Debtors. Moreover, based on the vintage of the alleged liability, there is no basis for the claimant to be entitled to a priority general unsecured claim. Accordingly, for the reasons discussed in greater detail below, the Ohio Claims are without merit and should be disallowed and expunged in their entirety.

## BACKGROUND

4. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and

2

ny-1180957

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

6. On or about August 16, 2012, the Claimant filed the August 2012 Claims, which were amended and superseded by the Ohio Claims, which were filed on or about October 29, 2013.

7. On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

8. On December 11, 2013, the Court entered the Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

9. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind

3

ny-1180957

down of the affairs of the Debtors' estates. *See* Plan, Art. VI.A-D; *see also* Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. *See* generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

**The Ohio Claims**

10. The Claimant filed priority unsecured proofs of claim numbers 7298, 7299, 7300 and 7301 against ETS, GMACRH, GMAC-RFC HoldCo and RFC Construction, respectively (copies of which are attached hereto as **Exhibit 3**), each in the amount of $766,812.60 on account of outstanding sums purportedly due and owing for Ohio commercial activity taxes ("CAT") due for the period from January 1, 2006 through December 31, 2006. Each claim consists of outstanding taxes of $578,175.00 for the 2006 tax year, plus $188,637.60 of interest.

**Debtors' Business Activities & Contact in Ohio**

11. As set forth below, the Debtors' books and records do not reflect that any of the four entities against whom claims were filed conducted any commercial activities in Ohio in 2006.

12. RFC Construction (f/k/a RFC Construction Funding Corp.) was a single purpose entity that funded construction loans. The corporation was registered to do business in Ohio as of July 14, 2000; however, it did not source any construction loans in Ohio in 2006. *See* Demro Decl. at ¶ 4.

13. GMAC-RFC HoldCo was a non-operating, holding company that was incorporated in Delaware in June 2006. The Trust has no record of this entity ever being registered with the Ohio Secretary of State. *See* Demro Decl. at ¶ 5.

14. GMACRH was a holding company for title, flood, closing, appraisal and tax services that was incorporated in Delaware in March 2000. Like GMAC-RFC HoldCo, this

entity had no operations, and the Trust has no record of this entity ever being registered with the Ohio Secretary of State. *See* Demro Decl. at ¶ 6.

15. ETS provided non-judicial foreclosure services in many states throughout the country, but <u>not</u> in Ohio. ETS was first incorporated in Pennsylvania in 1994 and then merged into a Delaware limited liability company in 2006; however, the Trust has no record of this entity ever being registered with the Ohio Secretary of State. *See* Demro Decl. at ¶ 7.

**Debtors' Prior Corporate Affiliation With General Motors in 2006**

16. By way of background, in 2006, Residential Capital and its affiliates were wholly-owned subsidiaries of Ally Financial Inc. (f/k/a General Motors Acceptance Corporation), which itself was a wholly-owned subsidiary of the General Motors Corporation. *See* Demro Decl. at ¶ 8.

17. On or about April 2, 2006, General Motors Corporation ("<u>GM</u>"), General Motors Acceptance Corporation ("<u>GM Acceptance</u>"), GM Finance Co. Holdings Inc. ("<u>HoldCo</u>") and FIM Holdings LLC ("<u>Investor</u>") entered into a Purchase and Sale Agreement wherein Investor purchased 51% of the common limited liability company interests of GMAC from GM Acceptance. As a result, as of the close of the transaction (which occurred on or about November 30, 2006), Residential Capital and its affiliates were no longer wholly-owned indirect subsidiaries of GM. *See* Demro Decl. at ¶ 9.

**RELIEF REQUESTED**

18. The Liquidating Trust files this Objection pursuant to section 502(b) of the Bankruptcy Code to expunge and disallow each of the Ohio Claims in their entirety.

**OBJECTION**

19. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A properly completed proof of claim is *prima facie* evidence of the validity

5

ny-1180957

and amount of a claim. *See* FED. R. BANKR. P. 3001(f). A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded. *See* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

> **A.    The Claimant Fails To Provide Sufficient Documentation To Substantiate The Ohio Claims**

20.    Although Bankruptcy Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof "[r]ests on different parties at different times." In re Smith, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (citation omitted). The party objecting to the proof of claim "bears the initial burden of providing evidence to show that the proof of claim should not be allowed." In re MF Global Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at *3 (Bankr. S.D.N.Y. Nov. 13, 2012). If the objecting party produces "evidence equal in force to the prima facie case," then the objector can negate a claim's presumptive legal validity and shift the evidentiary burden back to the claimant. See Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.), No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013), aff'd sub nom., Peter J. Solomon Co. v. Oneida, Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) (citation omitted). If the objecting party satisfies its initial burden and the presumption of *prima facie* validity is overcome—*e.g.*, the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy. Id. (citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations

6

ny-1180957

that is essential to the claim's legal sufficiency.") (internal citations and quotations omitted). Once the burden is shifted back to the claimant, it must prove its claim by a preponderance of the evidence. Creamer, 2013 WL 5549643, at *3. (citations omitted).

21.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). Whether a claim is allowable is "generally is determined by applicable nonbankruptcy law." In re W.R. Grace & Co., 346 B.R. 672, 674 (Bankr. D. Del. 2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." In re Hess, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting Vanston Bondholders Protective Comm. v. Green, 329 U.S. 156, 161 (1946)).

22.     Bankruptcy Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

FED. R. BANKR. P. 3001(c)(1).

23.     If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. See Ashford v. Consol. Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).

24.     Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such

7

ny-1180957

claims can be disallowed. See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg v. Bank of NY (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (applying Minbatiwalla to analysis).

25. Additionally, several courts, including those in this District, have applied the federal pleading standards when assessing the validity of a proof of claim. See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 524, 542, n.17 (Bankr. S.D.N.Y. 2000)); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . .") (citation omitted). Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P. 9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

26. The Ohio Claims do not substantiate why any of the identified Debtor entities have any tax liability for the CAT calendar year 2006 to the Ohio Department of Taxation. It is the Trust's understanding that Ohio imposes the CAT on,

> [E]ach person with taxable gross receipts for the privilege of doing
> business in this state. For the purposes of this chapter, "doing business"
> means engaging in any activity, whether legal or illegal, that is conducted
> for, or results in, gain, profit, or income, at any time during a calendar

8

ny-1180957

year. Persons on which the commercial activity tax is levied include, but are not limited to, persons with substantial nexus with this state.

See Ohio Rev. Code Ann. § 5751.02(A) (2015). Although the CAT resembles a sales tax, the Supreme Court of Ohio has explicitly held that the CAT is a gross receipts tax, not a sales tax. See Ohio Grocers Ass'n v. Levin, 916 N.E.2d 446 (Ohio 2009).

27. "[S]ubstantial nexus" is defined as:

"A person has 'substantial nexus with this state' if any of the following applies. The person:

(1) Owns or uses a part or all of its capital in this state;

(2) Holds a certificate of compliance with the laws of this state authorizing the person to do business in this state;

(3) Has bright-line presence in this state; or

(4) Otherwise has nexus with this state to an extent that the person can be required to remit the tax imposed under this chapter under the Constitution of the United States."

Ohio Rev. Code Ann. § 5751.01 (H) (2015).

28. As described above, the only one of the four Debtor entities that was authorized to do business in Ohio in 2006 was RFC Construction; however, the authorization was effective as of December 12, 2006. Moreover, according to the Debtors' books and records, none of the four Debtor entities owned or used a part of all of its capital in Ohio in 2006. See Demro Decl. at ¶ 10.

29. "A person has 'bright-line presence' in this state for a reporting period and for the remaining portion of the calendar year if any of the following applies. The person:

(1) Has at any time during the calendar year property in this state with an aggregate value of at least fifty thousand dollars. . .

(2) Has during the calendar year payroll in this state of at least fifty thousand dollars. . .

9

> (3) Has during the calendar year taxable gross receipts of at least five hundred thousand dollars.
>
> (4) Has at any time during the calendar year within this state at least twenty-five per cent of the person's total property, total payroll, or total gross receipts.
>
> (5) Is domiciled in this state as an individual or for corporate, commercial, or other business purposes."

Ohio Rev. Code Ann. § 5751.01 (I) (2015) (portions omitted).

30.    The Liquidating Trust reviewed the Debtors' books and records and confirmed that in 2006 neither ETS, GMACRH nor GMAC-RFC HoldCo (i) had at any time during the calendar year property in Ohio with an aggregate value of at least fifty thousand dollars, (ii) had during the calendar year payroll in Ohio of at least fifty thousand dollars, (iii) had during the calendar year taxable gross receipts of at least five hundred thousand dollars from business within Ohio, nor (iv) had at any time during the calendar year within Ohio at least twenty-five percent of its' total property, total payroll, or total gross receipts. *See* Demro Decl. at ¶ 11.

31.    The Ohio Claims do not identify the taxable gross receipts of any of the Debtor entities for tax year 2006. Rather, the Ohio Claims contain only a single line item "tax due for 1/1/2006 through 12/31/2006" in the aggregate amount of $578,175. By itself, a single line item does not provide an adequate explanation to support the validity of the claims consistent with Bankruptcy Rule 3001(c). Accordingly, the absence of critical information to substantiate the asserted liability against the identified debtors does not warrant the allowance of the Ohio Claims.

    **B.**    **The Ohio Claims Are Not Entitled To Be Treated As Priority Unsecured Claims**

32.    Paragraph 7 of the Ohio Claims states that "the tax and interest claims listed above are entitled to priority in accordance with 11 U.S.C. Section 507(a)(8) except as specifically set forth as a Non-Priority general unsecured claim."

10

ny-1180957

33. As the CAT is a tax measured by income or gross receipts, to the extent the Ohio Claims are entitled to treatment as a priority, general unsecured claim, it would only be pursuant to 11 U.S.C. § 507(a)(8)(A). Section 507(a)(8)(A) provides for priority treatment only to the extent that, "such claims are for (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A).

34. However, the Ohio Claims assert a liability dating back to 2006. The Debtors' books and records do not reflect any pre-existing liability to the Claimant. *See* Demro Decl. at ¶ 12. In addition, the Debtors' books and records do not reflect that any of the debtor entities against which the Ohio Claims were filed ever submitted, or were required to submit, a return in Ohio on account of the CAT. As noted above, the Debtors have no record of any of these entities ever conducting commercial activity in Ohio during the 2006 tax year. Moreover, the Debtors' books and records do not reflect that any of the entities against whom the Ohio Claims were filed ever requested or submitted an extension from the Claimant to file a return on account of the alleged CAT. *See id.* at ¶ 13. Furthermore, the Ohio Claims do not provide any evidence to the contrary. Therefore, the Ohio Claims, to the extent the Claimant can demonstrate a valid basis for liability against any of the Debtors, are not entitled to priority treatment for a liability dating back to 2006.

## NOTICE

35. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

11

ny-1180957

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully request entry of the Proposed Order disallowing the Ohio Claims in their entirety with prejudice, and such other and further relief as the Court may deem proper.

Dated: June 24, 2015

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*