# **Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF JOHN DEMRO IN SUPPORT OF**
**RESCAP LIQUIDATING CLAIMS TRUST'S OBJECTION TO**
**PROOFS OF CLAIM NOS. 7298, 7299, 7300 & 7301**
**FILED BY OHIO DEPARTMENT OF TAXATION**

I, John Demro, hereby declare as follows:

1.  I serve as Senior Tax Director and Chief Tax Officer for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I also served as Tax Director for Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since July of 1997. From July 1997 through July 2013 I worked for Ally Financial Inc. as Tax Director. In December of 2013, I began my association with ResCap as Senior Tax Director, Chief Tax Officer. In my current position, I am responsible for the Liquidating Trust's tax matters including global tax return and financial statement reporting, audit resolution, claims and refund claims resolution. I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Liquidating*

1

ny-1191918

*Trust's Objection To Proofs of Claim Nos. 7298, 7299, 7300 & 7301 Filed By Ohio Department of Taxation* (the "Objection").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, its professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Director, I am familiar with the claims reconciliation process in these Chapter 11 Cases and I assist the Liquidating Trust with the claims reconciliation process with respect to tax-related matters. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms filed by the Claimant. Since the Plan went effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust have participated in the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same with respect to tax-related matters. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, and (iii) the Schedules.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1191918

### Debtors' Business Activities & Contact in Ohio

4. RFC Construction Funding, LLC (f/k/a RFC Construction Funding Corp.) was a single purpose entity that funded construction loans. The corporation was registered to do business in Ohio as of July 14, 2000; however, it did not source any construction loans in Ohio in 2006.

5. GMAC-RFC Holding Company, LLC ("GMAC-RFC HoldCo") was a non-operating, holding company that was incorporated in Delaware in June 2006. The Trust has no record of this entity ever being registered with the Ohio Secretary of State.

6. GMACRH Settlement Services, LLC ("GMACRH") was a holding company for title, flood, closing, appraisal and tax services that was incorporated in Delaware in March 2000. Like GMAC-RFC HoldCo, this entity had no operations, and the Trust has no record of this entity ever being registered with the Ohio Secretary of State.

7. Executive Trustee Services, LLC ("ETS") provided non-judicial foreclosure services in many states throughout the country, but not in Ohio. ETS was first incorporated in Pennsylvania in 1994 and then merged into a Delaware limited liability company in 2006; however, the Trust has no record of this entity ever being registered with the Ohio Secretary of State.

### Debtors' Prior Corporate Affiliation With General Motors in 2006

8. In 2006, Residential Capital and its affiliates were wholly-owned subsidiaries of Ally Financial Inc. (f/k/a General Motors Acceptance Corporation), which itself was a wholly-owned subsidiary of the General Motors Corporation.

9. On or about April 2, 2006, General Motors Corporation ("GM"), General Motors Acceptance Corporation ("GM Acceptance"), GM Finance Co. Holdings Inc.

3

ny-1191918

("HoldCo") and FIM Holdings LLC ("Investor") entered into a Purchase and Sale Agreement wherein Investor purchased 51% of the common limited liability company interests of GM Acceptance from GM. As a result, as of the close of the transaction (which occurred on or about November 30, 2006), Residential Capital and its affiliates were no longer wholly-owned indirect subsidiaries of GM.

10. The only one of the four Debtor entities that was authorized to do business in Ohio in 2006 was RFC Construction; however, the authorization was effective as of December 12, 2006. Moreover, according to the Debtors' books and records, none of the four Debtor entities owned or used a part of all of its capital in Ohio in 2006.

11. The Liquidating Trust reviewed the Debtors' books and records and confirmed that in 2006 neither ETS, GMACRH nor GMAC-RFC HoldCo (i) had at any time during the calendar year property in Ohio with an aggregate value of at least fifty thousand dollars, (ii) had during the calendar year payroll in Ohio of at least fifty thousand dollars, (iii) had during the calendar year taxable gross receipts of at least five hundred thousand dollars from business within Ohio, nor (iv) had at any time during the calendar year within Ohio at least twenty-five percent of its' total property, total payroll, or total gross receipts.

12. The Ohio Claims assert a liability dating back to 2006. The Debtors' books and records do not reflect any pre-existing liability to the Claimant.

13. In addition, the Debtors' books and records do not reflect that any of the Debtor entities against which the Ohio Claims were filed ever submitted, or were required to submit, a return in Ohio on account of the CAT. As noted above, the Debtors have no record of any of these entities ever conducting commercial activity in Ohio during the 2006 tax year. Moreover, the Debtors' books and records do not reflect that any of the entities against whom the

4

ny-1191918

Ohio Claims were filed ever requested or submitted an extension from the Claimant to file a return on account of the CAT.

[REAMINDER OF PAGE INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 24, 2015

*/s/ John Demro*
John Demro
Senior Tax Director for ResCap Liquidating Trust