MR. EDUARDO VALLEJO
508 N. CALIFORNIA STREET
BURBANK, CA. 91505
Tel: 1.818.415.5633

RECEIVED
JUN 18 2015

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eduardo Vallejo, an individual, | Case No.: 12-12020 |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT. DECLARATORY RELIEF, AND POSSIBLE FRAUDULENT NOTE AND ACTIVITY ON THE TITLE OF 508 NORTH CALIFORNIA STREET, BURBANK, CA 91505 |
| vs. | |
| GMAC Mortgage, CORP., et al. | |
| Defendants. | |

Entity Name:GMAC WHOLESALE MORTGAGE CORP. Entity Number:C2934619 Date Filed:11/14/2006 Status:ACTIVE Jurisdiction:DELAWARE Entity Address:300 GALLERIA OFFICENTRE STE 201 Entity City, State, Zip:SOUTHFIELD MI 48034 Agent for Service of Process:C T CORPORATION SYSTEM Agent Address:818 W SEVENTH ST 2ND FL Agent City, State, Zip:LOS ANGELES CA 90017 Fax: 1 ( 949 ) 272-3760

Now comes the Plaintiff, Eduardo Vallejo, in case number 15G01826 pending before the Superior Court of California, Los Angeles County Superior Court, Alhambra Courthouse, and requests that this BANRUPTCY Court take judicial notice of the following:

1. That today June 3, 2015 Mr. Don Booth from RESCAP has called me on behalf of Kathy Priore, whom alleges she is in fact Associate Counsel of Rescap Liquidating Trust, successor to GMAC Mortgage, Llc. I would like to confirm that that the defendants GMAC filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Court on or about May 14, 2012 and that the case is still pending?

- 1 -
CASE NO.: 12-12020

2. That on March 13, 2015, this Bankruptcy Court entered the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order ( Docket No. 8303 ), but was it granted?

3. That on November 22, 2004 the Plaintiff signed a contract with the Defendants **GMAC MORTGAGE CORPORATION** for $315,000.00, and would like to confirm if RESCAP obtained this note as an asset? Exhibit number 1.

4. If the automatic stay has not been continued by this Court, we would like to confirm that the California Court would not be interfering in any way, shape, or form in an action for breach of contract and declaratory relief against the note holder?

5. Since Plaintiff has never been contacted in writing by Defendants, it is impossible for Plaintiff to agree to dismiss the Defendants from this nor any other action. As a matter of fact, if this is true, Plaintiff requests that this Bankruptcy Court considers an action alleging that the Contract signed on 11/10/2004 between the Plaintiff and the Defendants GMAC et al was fraudulent, and therefore null and void *ab initio,* requesting its immediate rescission and to be expunged from title.

6. Plaintiff would like to know who he should have been legally paying since GMAC was in backruptcy along with the note ( Exhibit 1 ) and is presently in Bankruptcy.

7. Plaintiff would like to know if he should file this case as a **lis pendens** on the Title of the property?

8. A copy of this document has been faxed and mailed to the Defendants via their agents.

June 3, 2015

_____

EDUARDO VALLEJO

# NOTE

000655268606

| November 10, 2004 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

508 North California Street, Burbank, CA  91505
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 315,000.00       (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is GMAC Mortgage Corporation DBA ditech.com

   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 5.000   %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the First   day of each month beginning on January 1 2005    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on December 1    ,2034   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
   I will make my monthly payments at 17595 Harvard Avenue, C1002, Irvine CA 92614.
   or at a different place if required by the Note Holder.

   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,690.99

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
   I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) Late Charge for Overdue Payments
   If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) Default
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) Notice of Default
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

   (D) No Waiver By Note Holder
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) Payment of Note Holder's Costs and Expenses
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
   Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument       Form 3200 12/83
159007 (09/01/2000) [000655268606]              Page 1 of 2                Initials: _7.7._ V.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____*/s/ E. V.*_____ (Seal)
Eduardo E. Vallejo                         -Borrower

_____ (Seal)
                                           -Borrower

_____ (Seal)
                                           -Borrower

_____ (Seal)
                                           -Borrower