MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 25, 2015

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

By Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 1004-1408

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 (MG)

Dear Judge Glenn:

This firm is counsel to the ResCap Liquidating Trust (the "Trust").

On April 28, 2015, the Court entered the *Memorandum Opinion and Order Sustaining In Part and Overruling In Part the ResCap Liquidating Trust's Objection to Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "Claims Order").

On May 8, 2015, Mr. Robertson filed a motion seeking partial reconsideration of the Claims Order [Docket No. 8598]. On May 12, 2015, the Trust also filed a motion for partial reconsideration of the Claims Order [Docket No. 8604].

Pursuant to the Claims Order, on May 8, 2015, my colleague and I spoke with Mr. Robertson and counsel with whom he is consulting regarding the potential settlement of those claims not expunged by the Claims Order (the "Surviving Claims"), as well as scheduling issues related to the Surviving Claims.

As set forth in a letter filed on May 12, 2015 [Docket No. 8602], the parties agreed to continue settlement discussions until the earlier of (i) June 26, 2015 or (ii) the date the parties agreed that settlement discussions were at an impasse.

The Trust agreed to this settlement period to allow Mr. Robertson to prepare an estimate of his alleged injuries related to the Surviving Claims, as well as gather and provide the Trust

ny-1193418

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
June 25, 2015
Page Two

with documentation to support that estimate. To date, Mr. Robertson has not provided any of the information requested by the Trust.

Instead, on June 24, 2015, with no prior warning, Mr. Robertson informed the Trust that he had unilaterally determined that settlement discussions were at an impasse because he did not want to prejudice his ability to assert post-petition claims against the Debtors. Therefore, settlement discussions have only reached an impasse because of Mr. Robertson's unwillingness to engage in any substantive discussions based upon his misunderstanding of the claims injunction granted under the Plan [Docket No. 6065-1].

As we previously informed Mr. Robertson, Article II.A.2 of the Plan specifies that all holders of purported administrative claims (subject to certain exceptions not relevant here) were required to file such claims by the administrative claims bar date or "be forever barred, estopped, and enjoined from asserting such Claims against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date." Pursuant to paragraph 50(f) of the Confirmation Order [Docket No. 6065], the bar date to file administrative claims against the estate was 30 days after the Effective Date of the Plan. Pursuant to the *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date* [Docket No. 6137], the Effective Date occurred on December 17, 2013, and therefore administrative claims were required to be filed no later than January 16, 2014. Mr. Robertson did not file a timely administrative claim and never obtained the Court's permission to file a late claim. Accordingly, whether or not he agrees to release such claims as part of a settlement, he is, and remains, barred from asserting them and prosecuting them outside of this Court pursuant to the injunction set forth in Article IX.I of the Plan.[1]

---

[1] *See* Plan at Article IX.I:

[A]ll Entities . . . who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims; [and] (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Released Party on account of or in connection with or with respect to any Released Claims . . . Any person injured by any willful violation of this injunction shall be entitled to recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages from the willful violator.

*See also id.* at Article I.A.242 ("'Released Claims' means Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged . . . pursuant to the terms of the Plan . . . ."); *id.* at Article I.A.243 ("'Released Party' means the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and

ny-1193418

**MORRISON | FOERSTER**

Hon. Martin Glenn, USBJ
June 25, 2015
Page Three

Notwithstanding the Plan injunction and the automatic stay, which remains in effect in the Debtors' chapter 11 cases, on June 24, 2015 (the same date Mr. Robertson informed the Trust that he was terminating settlement discussions), Mr. Robertson filed the enclosed motion for default against Debtor Residential Funding Company in the Superior Court for the State of Washington.

The Trust remains open to engaging in constructive settlement discussions with Mr. Robertson regarding the Surviving Claims. However, any such discussions can only take place with assistance from the Court in educating Mr. Robertson regarding the scope and effect of the Plan injunction.

Moreover, to the extent Mr. Robertson continues to instruct his counsel to prosecute such claims in willful and knowing violation of the Plan injunction and automatic stay, the Trust reserves all rights to seek appropriate relief from the Court, including the imposition of appropriate sanctions against Mr. Robertson and his counsel.

Accordingly, counsel requests that a telephonic status conference be held at the Court's earliest convenience, during which the Court can address the aforementioned issues, the parties' respective motions for reconsideration, and, if necessary, set a discovery and briefing schedule with respect to evidentiary proceedings regarding the Surviving Claims.

Respectfully submitted,

Jordan A. Wishnew

Cc:  Duncan K. Robertson (via e-mail)
     Scott Stafne (via e-mail)

Encl.

---

Exculpated Party, or the property or Estate of any Entity so released, discharged or exculpated."); *id.* at Article I.A.102 ("'Exculpated Party' means each of the following in its capacity as such: (a) the Debtors . . . .").

ny-1193418

**Robertson Motion for Default**

**THE HONORABLE WILLIAM DOWNING**
**THURSDAY, JULY 2, 2015**
**WITHOUT ORAL ARGUMENT**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, a Delaware corporation, | CASE NO. 14-2-20431-1SEA |
| Plaintiff, | DUNCAN ROBERTSON'S MOTION FOR DEFAULT |
| v. | |
| LINDA C. NICHOLLS; DUNCAN K. ROBERTSON; and JANE DOE ROBERTSON, and the marital community composed thereof; | |
| Defendants, | |
| DUNCAN K. ROBERTSON, | |
| Third Party Plaintiff, | |
| v. | |
| RESIDENTIAL FUNDING COMPANY, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC, a limited liability company; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; MARY A. MILLER, an Iowa resident; TYRONE THOROGOOD, a Pennsylvania resident; DOES 1-10, | |
| Third Party Defendants. | |

## I.    RELIEF REQUESTED

COMES NOW Defendant and Third Party Plaintiff, Duncan Robertson ("Robertson"), by and through his attorneys, Stafne Trumbull, PLLC, and respectfully moves the Court for entry of Order of Default against Plaintiff 21st Mortgage Corporation ("21st Mortgage") and

Duncan Robertson's Motion for Default- 1

**STAFNE TRUMBULL, PLLC**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Third Party Defendants Residential Funding Company, LLC ("RFC-LLC"), Mary A. Miller ("Miller"), and Tyrone Thorogood ("Thorogood") (collectively "Non-answering Defendants").

## II.  STATEMENT OF FACTS

This case involves a dispute over real property within King County, Washington. Dkt. 1. 21st Mortgage filed a judicial foreclosure action against Robertson on July 24, 2014. *Id*. Robertson served 21st Mortgage with his Answers, Affirmative Defenses, Counterclaims, and Third-Party Complaint on November 7, 2014. Dkt 10. Robertson served RFC-LLC with his Answers, Affirmative Defenses, Counterclaims, and Third-Party Complaint on November 12, 2014. Dkts. 10 and 15. Robertson served Miller with his Answers, Affirmative Defenses, Counterclaims, and Third-Party Complaint on November 13, 2014. Dkts. 10 and 20. Robertson served Thorogood with his Answers, Affirmative Defenses, Counterclaims, and Third-Party Complaint on December 8, 2014. Dkts. 10 and 21. More than twenty (20) days have elapsed from the time 21st Mortgage and Non-answering Defendants were served with the counterclaims and third-party complaint, yet they have not filed answers.

## III.  ISSUE PRESENTED

Should an Order of Default be entered against 21st Mortgage and Non-answering Defendants for their failure to file and serve an answer within the period provided by law? (Short answer: Yes).

## IV.  EVIDENCE RELIED UPON

This motion is based on the pleadings and other documents filed in this action, including the Declarations of Service filed as Dkts. 10, 15, 20, and 21.

Duncan Robertson's Motion for Default- 2

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

## V. AUTHORITY AND ARGUMENT

Venue is proper because this Court has original jurisdiction over disputes relating to title of real property and the property at issue is in King County. Const. art. IV, § 6; RCW 4.12.010(1). This Court has jurisdiction over the subject matter, as already established, and personal jurisdiction over the parties including the third-party Defendants. *See Streeter-Dybhahl v. Nguyet Huynh*, 157 Wn. App. 408, 412, 236 P.3d 986 (2010), review denied, 170 Wn.2d 1026, 249 P.3d 182 (2011) (quoting *Woodruff v. Spence*, 76 Wn. App. 207, 209, 883 P.2d 936 (1994) (A court obtains personal jurisdiction by proper service of the complaint and summons.))

CR 4(b)(1)(iii) states that if a party fails to serve a copy of its defenses within twenty (20) days after the date the summons was served on the party, the court may enter an order of default. Non-answering Defendants have failed to answer the claims asserted against them, preventing Plaintiffs from knowing which issues, if any, are contested. Because Non-answering Defendants have failed to file and serve an answer within the twenty (20) day period prescribed by CR 4(b)(1)(iii), an Order of Default should be entered against them.

CR 4(a)(4) states summons are not necessary for a counterclaim against any person that has been previously made a party. 21st Mortgage filed the original complaint against Robertson on July 24, 2014, which made them a party in the matter. Dkt 1. 21st Mortgage was served the counterclaims on November 7, 2014 and have failed to file an answer preventing Robertson from knowing which issues, if any, are contested. Because 21st Mortgage has failed to file and serve an answer within the twenty (20) day prescribed period, an Order of Default should be entered against it pursuant to CR 4(b)(1)(iii).

## VI. CONCLUSION

For the foregoing reasons, Robertson respectfully requests that this Court enter an Order of Default against 21st Mortgage, RFC-LLC, Miller, and Thorogood.

DATED this 24th day of June, 2015 at Arlington, Washington.

Respectfully Submitted By:

STAFNE TRUMBULL, PLLC

s/ Scott E. Stafne
Scott E. Stafne, WSBA# 6964
239 N. Olympic Ave
Arlington, WA 98223
Phone: 360-403-8700
Fax: 360-386-4005
Attorney for Robertson

**CERTIFICATE OF SERVICE**

I, Ashley Burns, certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

1. At all times hereinafter mentioned I am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to be a witness herein.

2. That on the 24th day of June, 2015, I caused to be served a true and correct copy of Duncan Robertson's Motion for Default to defendants in the above title matter by causing it to be delivered to:

| | | | |
|---|---|---|---|
| John W. Weil<br>Weil & Lewandowski<br>10300 SW Greenburg Rd, Suite 430<br>Portland, OR 97223<br>john@wal-lawfirm.com | ☐ Facsimile<br>☐ Express Mail<br>✓ U.S. First Class Mail Postage Paid<br>☐ Hand Delivery<br>☐ Legal Messenger<br>✓ Electronic-Email | Heidi Buck Morrison<br>RCO Legal, P.S.<br>13555 SE 36th St<br>Suite 300<br>Bellevue, WA 98006<br>hbuckmorrison@rcolegal.com | ☐ Facsimile<br>☐ Express Mail<br>✓ U.S. First Class Mail Postage Paid<br>☐ Hand Delivery<br>☐ Legal Messenger<br>✓ Electronic-Email |
| Charles T. Meyer<br>Severson & Werson<br>19100 Von Karman Ave, Suite 700<br>Irvine, CA 92612<br>ctm@severson.com | ☐ Facsimile<br>☐ Express Mail<br>✓ U.S. First Class Mail Postage Paid<br>☐ Hand Delivery<br>☐ Legal Messenger<br>✓ Electronic-Email | William Fig<br>Sussman Shank, LLP<br>1000 SW Broadway<br>Suite 1400<br>Portland, OR 97205<br>wfig@sussmanshank.com | ☐ Facsimile<br>☐ Express Mail<br>✓ U.S. First Class Mail Postage Paid<br>☐ Hand Delivery<br>☐ Legal Messenger<br>✓ Electronic-Email |

DATED this 24th day of June, 2015 at Arlington, Washington.

s/ Ashley Burns<br>
Ashley Burns<br>
Paralegal<br>
Stafne Trumbull, PLLC

Duncan Robertson's Motion for Default- 5

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005