**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

--------------------------------------------------------------------------------

**ORDER SUSTAINING THE RESCAP LIQUIDATING TRUST'S SIXTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (DIRECTOR, OFFICER**
**AND EMPLOYEE INDEMNIFICATION CLAIMS)**

The ResCap Liquidating Trust (the "Trust") filed the *ResCap Liquidating Trust's Sixty-Eighth Omnibus Objection to Claims (Director, Officer and Employee Indemnification Claims)* (the "Objection," ECF Doc. # 7092), seeking to disallow and expunge certain claims for indemnification, contribution, and/or reimbursement (the "Indemnification Claims," *id.* Ex. A) filed by current or former directors, officers, or employees of the Debtors (together, the "Indemnification Claimants").[1]  Ally Financial, Inc. ("AFI") filed a statement purporting to clarify certain issues addressed in the Objection (ECF Doc. # 8487),[2] and the Trust filed a statement in response (ECF Doc. # 8497).  None of the Indemnification Claimants filed an opposition to the Objection.

The Court held a hearing on the Objection on April 16, 2015.  None of the Indemnification Claimants appeared at the hearing in person or by telephone.  In light of AFI's

---

[1]   The Objection is supported by the declaration of Deanna Horst (*id.* Ex. 1-A).

[2]   Among other things, AFI noted that the United States Attorney's Office for the Central District of California (the "U.S. Attorney") is conducting an investigation of potential claims against the Debtors arising under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") (*id.* ¶ 6), and therefore, the Objection may be premature to the extent the Indemnification Claimants may attempt to seek indemnity, contribution, or reimbursement in connection with potential FIRREA liability (*see id.* ¶ 12).  However, AFI stated that it did not object to the relief sought by the Trust in the Objection.  (*Id.* ¶ 1.)

statement, the Court directed AFI to file a supplemental statement indicating whether AFI or its non-debtor subsidiaries and affiliated (collectively, "Ally") has reimbursed any of the Debtors' current or former officers, directors, or employees for costs incurred in connection with the U.S. Attorney's ongoing FIRREA investigation. (*See* Hr'g Tr. 21:5–11, Apr. 16, 2015, ECF Doc. # 8534.) In accordance with the Court's instruction, AFI filed a letter indicating that Ally had not reimbursed any director, officer, or employee of the Debtors for expenses incurred in connection with the FIRREA investigation. (*See* ECF Doc. # 8512.)

The Court has duly considered the Objection, as well as the supplemental filings, and concludes that the relief sought in the Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief sought therein.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Objection is sustained to the extent set forth herein; and it is further

**ORDERED**, that each of the Indemnification Claims identified on Exhibit A to the Objection is disallowed and expunged in its entirety for the reasons set forth in the Objection; provided, however, that the Objection is sustained without prejudice to the Indemnification Claimants seeking reconsideration of this Order pursuant to section 502(j) of the Bankruptcy Code upon a proper showing.

Dated:    June 26, 2015
          New York, New York

                                                /s/Martin Glenn
                                                MARTIN GLENN
                                     United States Bankruptcy Judge