**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | NOT FOR PUBLICATION |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Chapter 11 |
|  | Jointly Administered |

**MEMORANDUM OPINION AND ORDER SUSTAINING THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 4091 FILED BY JOYCELYN W. UNCIANO**

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Attorneys for The ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:   Norman S. Rosenbaum, Esq.
       Jordan A. Wishnew, Esq.
       Jessica J. Arett, Esq.

JOYCELYN W. UNCIANO
*Pro Se*
91-590 Farrington Hwy 210-226
Kapolei, Hawaii 96707
By:   Joycelyn W. Unciano

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") objection to Claim Number 4091 (the "Claim," ECF Doc. # 8767-1) filed by Joycelyn W. Unciano ("Unciano"). The objection to the Claim is included in the *ResCap Borrower Claims Trust's Eighty-Seventh Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claim, and (III) Redesignate, Reduce and Allow Borrower Claim)* (the

"Objection," ECF Doc. # 8588).[1] Unciano's Claim is based on state law causes of action that Unciano had previously asserted against Debtor GMAC Mortgage, LLC ("GMACM") in an action removed to Hawaii federal court. The Trust argues that Unciano's Claim is barred by the doctrine of res judicata because her action was dismissed with prejudice and the dismissal was affirmed on appeal. Unciano filed an opposition to the Objection (the "Opposition," ECF Doc. # 8746), and the Trust filed a reply (the "Reply," ECF Doc. # 8767). The Court held a hearing on June 23, 2015 and took the Objection to the Claim under submission.[2] This Order sustains the Objection to Unciano's Claim.

## I.    BACKGROUND

### A.    Unciano's Loan History

Wayne Noelani Tom and Coleen Estuko Tom (together, the "Toms") obtained a $160,000 home mortgage loan (the "Loan") from non-debtor Western Pacific Mortgage, Inc. ("Western Pacific") in March 1995. (Reply ¶ 5.) The Loan was evidenced by a note (the "Note") secured by a mortgage (the "Mortgage") encumbering real property located at 92-309 Nohana Place, Kapolei, Hawaii (the "Property"). (*Id.*) The Toms conveyed the Property to Unciano by warranty deed dated December 1, 1999. (*Id.*) Because the Mortgage was not released, the conveyance was subject to all obligations under the Mortgage. (*Id.*) Judicial foreclosure proceedings were commenced against the Toms in 2003. (*Id.* ¶ 6.) At some point in time, the Loan was transferred to Homecomings Financial Network, Inc. ("Homecomings Inc."). (*Id.*)

---

[1]    The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," *id.* Ex. 2) and Norman S. Rosenbaum (the "Rosenbaum Decl.," *id.* Ex. 3).

[2]    Unciano appeared at the hearing by telephone.

On October 6, 2006, Homecomings Inc. converted from a corporation to a limited liability company, Debtor Homecomings Financial, LLC ("Homecomings"). (*Id.* ¶ 7.) In September 2008, Homecomings petitioned the Land Court of the State of Hawaii (the "Land Court") for an order allowing documents to be executed and filed in the name of Homecomings, which the Land Court granted on September 10, 2008. (*Id.*) In August 2010, Homecomings Inc. assigned the Mortgage to Debtor GMAC Mortgage, LLC ("GMACM") pursuant to an assignment (the "GMACM Assignment"). (*Id.*)

GMACM initiated a non-judicial foreclosure proceeding against the Toms on September 15, 2010. (*Id.* ¶ 8.) A rescission of the notice commencing non-judicial foreclosure was issued on November 8, 2010. (*Id.*) In March 2011, GMACM petitioned the Land Court to correct the name of the assignor on the GMACM Assignment from Homecomings Inc. to Homecomings, which the Land Court granted on March 2, 2011 (the "Land Court Order"). (*Id.* ¶ 7.)

**B.    Unciano's Litigation History**

In October 2010, Unciano filed a complaint (the "Complaint," *id.* Ex. 1 at 12–28) against GMACM and other non-debtor defendants in the Circuit Court of the First Circuit of Hawaii (the "Unciano Action"). (Reply ¶ 9.) The Unciano Action was removed to the United States District Court for the District of Hawaii (the "District Court") on November 9, 2010. (*Id.*) On December 13, 2010, Unciano filed a first amended complaint (the "First Amended Complaint," *id.* Ex. 2), asserting causes of action against GMACM and other non-debtor defendants for injunctive relief, declaratory judgment, unfair or deceptive trade practices under section 480-2 of the Hawaii Revised Statutes, violation of section 480D-3 of the Hawaii Revised Statutes prohibiting certain debt collection practices, intentional infliction of emotional distress, fraudulent misrepresentation, negligent misrepresentation, abuse of process, and civil conspiracy. (*See generally id.*)

3

On May 25, 2011, the District Court issued an order dismissing the First Amended Complaint with prejudice (the "District Court Order," Obj. Ex. 7-A). (Reply ¶ 10; *see* Obj. Ex. 7-A.) The District Court dismissed Unciano's claims under sections 480-2(a) and 480D-3 of the Hawaii Revised Statutes and her claims for intentional infliction of emotional distress, misrepresentation, abuse of process, and civil conspiracy on the basis that Unciano failed to state a claim. (Reply ¶ 11.) The District Court did not rule on Unciano's claim for a declaratory judgment that the GMACM Assignment was invalid, finding that determination of the proper plaintiff in the foreclosure action is a question for a state court to decide. (*Id.*)

On August 4, 2011, Unciano filed a petition in the Land Court to cancel the Land Court Order (the "Land Court Petition," *id.* Ex. 3 at 2–4). (Reply ¶ 12.) The Land Court Petition did not seek damages from the Debtors but instead sought equitable relief from the judicial foreclosure proceeding commenced against the Toms. (*See id.*) The Land Court denied the Land Court Petition on May 20, 2013 (the "Land Court Denial," Opp. Ex. B at 2–3). (Reply ¶ 12.) Unciano appealed the Land Court Denial and other orders entered by the Circuit Court related to the judicial foreclosure proceeding, including the judgment entering foreclosure (the "Appealed Orders"). (*Id.* ¶ 13.) On June 30, 2014, the Hawaii Intermediate Court of Appeals (the "ICA") issued an order vacating the Appealed Orders (the "ICA Order," Opp. Ex. B), determining that there was a dispute whether GMACM is the valid owner of the Mortgage.[3] (Reply ¶ 13.)

On December 8, 2011, Unciano appealed the District Court Order to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"). (*Id.* ¶ 14.) The Ninth Circuit affirmed the District Court Order on December 18, 2014 (the "Ninth Circuit Order," Obj. Ex. 7-

---

[3]    This order had the effect of reopening the judicial foreclosure proceeding. (Reply ¶ 13.)

4

C). (Reply ¶ 14.) Unciano has not taken any action with respect to the Ninth Circuit Order. (*Id.*)

### C. The Claim

On November 19, 2012, Unciano filed the Claim, asserting a $1,500,000 general unsecured claim against GMACM. (Reply ¶ 4; *see id.* Ex. 1.) The stated basis for the Claim is "Perjury, Fraudulent Invalid Assignment of Mortgage." (*Id.* Ex. 1 at 2.) Unciano attached the following documents to her proof of claim: (i) the Complaint; (ii) her motion for a preliminary injunction filed in the Circuit Court; (iii) an order granting her ex parte motion for a temporary restraining order to enjoin the October 29, 2010 non-judicial foreclosure auction; and (iv) the Land Court Order. (*See id.* at 7–164.)

### D. The Objection

The Trust objects to the Claim on res judicata grounds. (*See* Obj. ¶¶ 24(v); *id.* Ex. 1-A at 11–12.) According to the Trust, Unciano's Claim is premised solely on the Unciano Action, which has already been adjudicated on the merits by the District Court pursuant to the District Court Order dismissing the First Amended Complaint with prejudice. (*See* Obj. ¶ 24(v).)

### E. The Opposition

Unciano asserts that the Claim arises from GMACM's attempted non-judicial foreclosure of her Property. (Opp. ¶ 1.) According to Unciano, GMACM initiated the non-judicial foreclosure process while there was an active judicial foreclosure proceeding pending in the Circuit Court. (*See id.* ¶ 7.) GMACM refused to appear in the judicial foreclosure proceeding. (*Id.*) Unciano asserts that she filed the Unciano Action in order to enjoin the scheduled non-judicial foreclosure auction. (*See id.* ¶ 5.) The Circuit Court granted Unciano's ex parte motion to enjoin the non-judicial foreclosure auction, expressing concern about (i) the simultaneous foreclosure proceedings commenced by separate competing mortgagees, Homecomings and

5

GMACM; and (ii) the fact that the same signatory executed the GMACM Assignment on behalf of Homecomings Inc. and the notice of mortgagee's intention to foreclose on behalf of GMACM. (*See id.* ¶¶ 2–3, 6.)

Unciano argues that the Court should overrule the Trust's Objection to the Claim. (*See id.* ¶ 16.) Unciano acknowledges that the Ninth Circuit denied her appeal and affirmed the District Court Order; however, she argues that there are compelling reasons for relitigation of the Unciano Action. (*See id.*) Unciano contends that under the law of the case doctrine, a second court may disturb another court's ruling where cogent reasons exist. (*Id.* ¶ 17.) Unciano argues that there are cogent reasons for ignoring the District Court Order and the Ninth Circuit Order. (*See id.* ¶ 24.) First, she contends that the ICA Order's determination that there is a dispute as to whether GMAC is the valid owner of the Loan calls into question some of the findings upon which the District Court Order was premised. (*See id.* ¶ 20.) Second, she argues that GMACM will not be allowed to proceed as plaintiff in the judicial foreclosure proceeding unless it can prove it owns the Mortgage. (*See id.* ¶ 22.)

### F.    The Reply

The Trust argues that Unciano's argument outlined in the Opposition fails for two reasons. First, "the law of the case doctrine is not at issue here, but rather the doctrine of res judicata." (Reply ¶ 19.) Accordingly, Unciano's argument that an exception to the law of the case doctrine applies to the District Court Order is inapplicable, as no such exception exists under the doctrine of res judicata. (*See id.*) The Trust contends that the Claim is barred by the doctrine of res judicata because it "is entirely premised on the alleged damages that were asserted" in the Unciano Action; "[t]hose allegations have been finally decided by the District Court, and the District Court Order was affirmed by the Ninth Circuit with no further appeals." (*Id.* ¶ 17.)

Second, the Trust contends that even if the law of the case doctrine were to provide an exception to the doctrine of res judicata, no compelling reasons to revisit the District Court Order exist. (*Id.* ¶ 20.) According to the Trust, the ICA Order does not contradict the findings of the District Court Order, "but rather merely determined that there is a disputed issue of fact as to whether GMACM was the owner of the Loan for purposes of completing a judicial foreclosure sale." (*Id.*) Because this finding relates only to Unciano's efforts to void the foreclosure in the Hawaii state court foreclosure proceedings, "it has no relation to the District Court's determination on [her] claim for damages." (*Id.*) The Trust's counsel acknowledged at the hearing, however, that a decision by this Court sustaining the Objection to Unciano's damages claim against the Debtors based on res judicata does not prevent Unciano from pressing the arguments she raised in the still-pending Land Court action as a defense to foreclosure that were not decided by the District Court.

## II.    DISCUSSION

The issue before this Court is whether Unciano's Claim is barred by the doctrine of res judicata as a result of the District Court's final judgment dismissing the same Claim. The Court concludes that res judicata bars the Claim.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). The doctrine of res judicata precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims. *Id.* The Supreme Court has held that no equitable doctrine exists to provide an exception to the principle of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400 (1981). The dismissal of a party's original action becomes final when the party fails to

appeal. *Id.* at 400–01. "[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Id.* at 398 (citations omitted).

According to the Trust, the Claim is barred by res judicata because: (i) the District Court Order constitutes a final judgment on the merits; (ii) the Claim involves the same parties as the Unciano Action; and (iii) the claims dismissed by the District Court Order are identical to the ones asserted in the Claim. (*See* Obj. ¶ 24(v); Reply ¶ 17.)

Unciano does not contest that the Claim is premised on the same allegations underlying the Unciano Action. Rather, without providing any applicable precedent, Unciano argues that an exception to the law of the case doctrine should apply to prevent the application of res judicata here. (*See* Opp. ¶¶ 16–25.) She asserts that the ICA Order's finding that there is a dispute as to whether GMACM is the valid owner of Loan calls into question some of the findings upon which the District Court Order was premised. (*Id.* ¶ 20.)

The Unciano Action is based on Hawaii state law claims and was removed to federal court;[4] the Court must therefore apply Hawaii state law for res judicata purposes. *See Harrison v. Diamonds*, No. 14-CV-484 (VEC), 2014 WL 3583046, at *2 (S.D.N.Y. July 18, 2014) ("A federal court sitting in diversity jurisdiction determines the preclusive effect to be given a prior judgment by applying the res judicata law of the state in which the court that entered the prior judgment sat." (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see also In re Morweld Steel Prods. Corp.*, 8 B.R. 946, 955 (W.D. Mich. 1981) ("In a diversity case, State law determines the applicability of collateral estoppel." (citing *Erie R.R. Co. v. Tompkins*,

---

[4] The parties acknowledged at the hearing on June 23, 2015 that all state law claims would be governed by the law of Hawaii.

8

304 U.S. 64 (1938)). Under Hawaii law, the party invoking res judicata, or claim preclusion, "has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer v. Weeks*, 85 P.3d 150, 161 (Haw. 2004).

The Claim is barred by res judicata for two reasons. First, the District Court Order issued a final judgment in the Unciano Action. *See Tom v. GMAC Mortg., LLC*, No. 10-00653 (SOM), 2011 WL 2133705, at *11 (D. Haw. May 25, 2011), *aff'd*, 588 F. App'x 671 (9th Cir. 2014). Second, the Claim is based solely on allegations that either were or could have been raised in the Unciano Action. (*See* Reply Ex. 1.) Unciano's ongoing Land Court action is not an action for damages and does not carve out an exception to res judicata. *See Moitie*, 452 at 398. Because Unciano's Claim seeking money damages against GMACM is based solely on the Unciano Action, which has been finally adjudicated on the merits by the District Court, her Claim is barred by the doctrine of res judicata.

## III.   CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** the Objection to Unciano's Claim. The Claim is **DISALLOWED** and **EXPUNGED** in its entirety.

**IT IS SO ORDERED.**

Dated:   June 26, 2015
         New York, New York

                              ___*Martin Glenn*___
                              MARTIN GLENN
                              United States Bankruptcy Judge

9