**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### ORDER GRANTING MARTHA S. PANASZEWICZ'S REQUEST FOR AN EXTENSION OF TIME TO FILE AN APPEAL

Martha S. Panaszewicz ("Panaszewicz") filed a motion (the "Motion," ECF Doc. # 8792) seeking an extension of time to file an appeal of the Court's Opinion (the "Opinion," ECF Doc. # 8596) sustaining the ResCap Liquidating Trust's objection to her claim (ECF Doc. # 7841). Panaszewicz was represented by counsel in connection with the claim objection, but she is now unrepresented. Panaszewicz cites health issues as the basis for her request for an extension of her time to appeal the Opinion and notes that she is attempting to engage new counsel in connection with her appeal. (*See* Motion at 1–2.)

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides in relevant part that "a notice of appeal must be filed with bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). Subject to certain exceptions not applicable here, Bankruptcy Rule 8002(d)(1) permits the Court to extend the time to file a notice of appeal upon a motion that is filed "(A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." *Id.* 8002(d)(1). "No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." *Id.* 8002(d)(3).

The Opinion was entered on the docket on May 11, 2015.  Panaszewicz did not file her Motion until June 12, 2015, more than 14 days after the Opinion was entered but within 35 days from the entry of the Opinion.  Accordingly, the Court may not grant Panaszewicz the relief sought in her Motion absent a showing of excusable neglect.  *See id.*

The determination whether a party's failure to timely file an appeal was the result of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (observing that relevant factors to consider in determining excusable neglect include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in god faith"); *see also In re Enron Corp.*, 364 B.R. 482, 486 (S.D.N.Y. 2007) (noting that while the *Pioneer* decision "concerned the granting of an extension for a creditor to file a late proof of claim, the *Pioneer* factors apply with equal force to the determination . . . of whether a party's failure to timely file an appeal was justified by 'excusable neglect'").  Taking into account all of the relevant circumstances concerning Panaszewicz's request for relief, the Court concludes that Panaszewicz has demonstrated excusable neglect warranting an extension of her time to file an appeal of the Opinion.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Motion is granted only to the extent set forth herein; and it is further

**ORDERED**, that Panaszewicz's time to file an appeal of the Opinion is extended to **July 15, 2015**.  No further extensions may be provided

Dated:   July 1, 2015
       New York, New York

                                             **/s/Martin Glenn**
                                              MARTIN GLENN
                                     United States Bankruptcy Judge