**Hearing Date: July 15, 2015 at 10:00 a .m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*


**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S PRETRIAL MEMORANDUM
BRIEF IN SUPPORT OF THE TRUST'S OBJECTION TO CLAIM NUMBER 4222
<u>FILED BY TODD SILBER</u>**

ny-1193667

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

In accordance with the Court's Order Establishing Procedures for Evidentiary Hearing Regarding Claim No. 4222 Filed by Todd Silber [Dkt. No. 8455], the ResCap Borrower Claims Trust (the "Trust") hereby files this pretrial memorandum in support of the *ResCap Borrower Claims Trust's Objection to Claim No. 4222 Filed by Todd Silber* [Docket No. 7979] (the "Objection").

### SHORT PREVIEW OF THE ESSENTIALS OF THE CASE

1. On November 9, 2012, Todd Silber ("Mr. Silber" or the "Claimant") filed Claim No. 4222 (the "Claim") seeking recovery for alleged wrongdoing on the part of debtor GMAC Mortgage, LLC ("GMACM") as servicer of Mr. Silber's loan. The Claim was substantially narrowed by the Memorandum Opinion Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Number 4222 Filed by Todd Silber [Dkt. 8265] (the "Memorandum Opinion"). This Court reduced the scope of the Claimants' case to three theories of liability: (1) causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of Connecticut's Unfair Trade Practices Act ("CUTPA") related to GMACM's determination that Mr. Silber did not qualify for a loan modification; (2) a cause of action for negligent misrepresentation premised on an email that was sent by a representative of GMACM to a Connecticut Assistant Attorney General (the "AAG") concerning Mr. Silber's account (the "Email"), and (3) causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the CUTPA, and negligent misrepresentation stemming from information provided by GMACM to the Connecticut Housing Finance Agency ("CHFA") regarding the amount required to reinstate Mr. Silber's loan.

1

2. The Trust will show that the Claimant, who has the burden of proof, is not entitled to any recovery because Mr. Silber cannot demonstrate that GMACM acted improperly with regard to his loan. Specifically:

- Mr. Silber has not put forward any evidence that he provided GMACM with the necessary documentation under the applicable guidelines to allow for his unemployment benefits to be considered income for purposes of considering him for a loan modification. Thus, GMACM acted properly in denying his loan modification applications for insufficient income.

- Mr. Silber has not put forward evidence to suggest that he relied on the statements in the Email that unemployment income could not be used when reviewing an account for a loan modification. Rather, the evidence demonstrates that he did not rely on these statements, as he submitted workout packages both before and directly after the Email in which he provided his unemployment information.

- Mr. Silber cannot demonstrate that GMACM provided CHFA with inaccurate information. The figure GMACM provided to CHFA was the amount necessary to reinstate Mr. Silber's loan, as required under the program to which Mr. Silber was applying.

- In the alternative, Mr. Silber cannot support a cause of action for breach of contract because he has not demonstrated that GMACM was contractually obligated to provide information to CHFA on his behalf.

## ANALYSIS OF THE LAW AND FACTS

3. To avoid unnecessary duplication, the Trust incorporates by reference the facts that are provided in the *ResCap Borrower Claims Trust's Proposed Findings of Fact and Conclusions of Law*, being filed concurrently herewith.

## The Claimant Has Not Provided Any Evidence That GMACM Wrongfully Denied His Request for a Loan Modification

4. At issue are three workout packages submitted by Mr. Silber to GMACM in December 2009, January 2010, and April 2010 (the "Workout Packages"). The Claimant contends the Workout Packages included sufficient documentation to permit his unemployment benefits to be included when calculating his income for purposes of determining if he would be

2

ny-1193667

eligible for a loan modification, and that GMACM's decision not to approve him for a modification was a breach of contract, a breach of the implied covenant of good faith and fair dealing, and a violation of the CUTPA.

5. To state a cause of action for breach of contract in Connecticut, the plaintiff must show: "the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." See Tatum v. Oberg, 650 F. Supp. 2d 185, 192 (D. Conn. 2009) (citing Rosato v. Mascardo, 844 A.2d 893, 897 (Conn. App. Ct. 2004)).

6. Under Connecticut law, to state a cause of action for breach of the implied covenant of good faith and fair dealing, the Claimant must prove:

> First, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant acted in bad faith.

Franco v. Yale Univ., 238 F. Supp. 2d 449, 455 (D. Conn. 2002), aff'd, 80 Fed. Appx. 707 (2d Cir. 2003) (citing, Fairfield Fin. Mortg. Grp., Inc. v. Salzar, Case No. CV00339752S, 2002 WL 1009809, at *3 (Conn. Super. Ct. Apr. 23, 2002).

7. In determining whether a practice violates the CUTPA, courts look at:

> (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, [competitors or other business persons].

Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp., 717 A.2d 77, 99-100 (Conn. 1998).

8. Under the guidelines for loan modifications involving FHA HAMP loans (the "FHA HAMP Guidelines"), in order to be considered income, "Unemployment income must

3

ny-1193667

be documented with reasonable assurance of its continuance for at least 12 months." See FHA HAMP Guidelines at 12 of 18. "[A]cceptable documentation includes letters, exhibits, or benefits statements from the provider that states the amount, frequency and duration of the benefit." See id.

9. None of the Workout Packages demonstrated that the Claimant's unemployment benefits would last for a time sufficient to permit GMACM to consider those benefits as income for purposes of a loan modification review. Rather, of the three Workout Packages, the longest period of unemployment income demonstrated was 29 weeks, which was provided in the documentation supporting the January 2010 Workout Package. See Proposed Findings of Fact and Conclusions of Law ¶ 24. While the Workout Packages did contain statements from Mr. Silber in which he alleged he would be eligible for further unemployment benefits under newly adopted state programs,[1] such unsupported statements do not qualify as acceptable documentation under the FHA HAMP Guidelines, as they are not a letter, exhibit, or benefits statement indicating that he was actually approved for and would receive benefits under the alleged program. Thus, GMACM properly followed the FHA HAMP Guidelines when denying Mr. Silber for a loan modification and Mr. Silber cannot demonstrate that such denial breached either a contract between himself and GMACM or the implied covenant of good faith and fair dealing, nor can he show that GMACM acted in an immoral, unethical, oppressive, or unscrupulous manner. As a result, the Claimant's causes of action premised on the loan modification denials fail to state a claim against the Debtors' estates.

---

[1] See Proposed Findings of Fact and Conclusions of Law ¶¶ 25-26.

### The Claimant's Negligent Misrepresentation Claim Stemming from the Email Fails For Lack of Demonstrated Reliance

10.     Mr. Silber asserts a cause of action for negligent misrepresentation premised on the alleged false statements made by a representative of GMACM in the Email. To state a cause of action for negligent misrepresentation under Connecticut law, the claimant must establish "(1) that the [debtor] made a misrepresentation of fact (2) that the [debtor] knew or should have known was false, and (3) that the [claimant] reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." Coppola Constr. Co. v. Hoffmane Enters. Ltd. P'Ship, 38 A.3d 215, 218 (Conn. Ct. App. 2012) (citation omitted), aff'd, 71 A.3d 480. Here, the Claimant has demonstrated neither that he relied on the alleged misrepresentations nor that the misrepresentation caused him harm.

11.     In the correspondence with the AAG, GMACM stated that unemployment income could not be utilized when reviewing an account for a loan modification. Mr. Silber alleges that he was harmed by this alleged misrepresentation. However, he has not demonstrated how he relied to his detriment on the alleged misrepresentation. In order to demonstrate such reliance, Mr. Silber would need to show that after receiving the Email he withheld documentation from his workout packages that would have demonstrated that his unemployment benefits would have lasted for at least 12 months because he was under the mistaken belief that such documentation would not be considered. However, the evidence in the record demonstrates just the opposite. The January 2011 Workout Package, submitted by Mr. Silber less than a month after the Email, explicitly states the documentation requirements for unemployment benefits, which the Claimant underlined. In addition, the January 2011 Workout Package included references to unemployment programs that the Mr. Silber claimed he was eligible for. If Mr. Silber had believed, based on the statements in the Email, that unemployment income

5

could not be used under any circumstance, then he would not have provided such information in a workout package. Similarly, the Workout Packages submitted previously, which are discussed at length above, also included documentation as to Mr. Silber's unemployment benefits, demonstrating that he was aware of the requirement prior to the Email as well. Furthermore, Mr. Silber has not demonstrated that he had documentation that would have demonstrated that his unemployment benefits would last for at least 12 months. As a result, Mr. Silber cannot demonstrate that he reasonably relied to his detriment on the statements in the Email, and therefore has failed to state a cause of action for negligent misrepresentation.

**The Claimant Has Not Demonstrated Any Liability Related to the Information Provided to CHFA**

12. The Claimant alleges that GMACM provided inaccurate figures to CHFA as part of the Claimant's application to qualify for the Emergency Homeowner's Loan Program (the "EHLP"). The EHLP provided mortgage assistance to eligible homeowners by providing assistance to pay the amount necessary to reinstate a borrower's loan. This included mortgage arrears and fees related to foreclosure. See Proposed Findings of Fact and Conclusions of Law ¶ 53.

13. The figure provided by GMACM, $43,736.80 (the "Quote"), was the amount necessary for the Claimant to reinstate his loan at the time CHFA would be reviewing Mr. Silber's application.[2] This amount included all payments owing on the account, as well as fees and advances that were related to the foreclosure process that needed to be paid in order to bring the account current. See Proposed Findings of Fact and Conclusions of Law ¶ 56. Mr. Silber only suggests that the Quote was improperly calculated, but does not proffer any evidence to support this allegation. Thus, he has failed to state a cause of action for breach of contract,

---

[2] Since the Quote was provided on August 25, 2011, it included the payment that was due for September 1, 2011, as this payment would be due when CHFA was actually reviewing the application.

6

ny-1193667

breach of the implied covenant of good faith and fair dealing, violation of the CUTPA, or negligent misrepresentation.

14. In the alternative, Mr. Silber's causes of action for breach of contract cannot be supported by his allegations related to the EHLP program because he has failed to identify a specific contract between himself and GMACM that required GMACM to report a different reinstatement amount to a third party. The only bases for a contract that Mr. Silber can rely are his note, deed of trust, and the FHA HAMP Guidelines, none of which state such a requirement. Thus, Mr. Silber fails to assert a breach of contract claim against GMACM premised on the information reported to CHFA.

## **CONCLUSION**

15. The Claim must be disallowed and expunged. The Claimant has failed to demonstrate any wrongdoing on the part of GMACM related to any of his three theories of liability. As a result, the Objection to the Claim should be sustained.

Dated: July 1, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*