Duncan Robertson
3520 S.E. Harold Court
Portland, OR  97202-4344
Tel & Fax: (503)775-9164
Uncadunc1@aol.com

By Overnight Delivery



Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: In re Residential Capital, LLC et al.
United States Bankruptcy Court
Southern District of New York
Jointly Administered Under Case No. 12-12020 (MG)

June 24, 2015

Dear Judge Glenn:

This is a letter from Pro Se Creditor Duncan K. Robertson ("Robertson") pursuant to your Memorandum Opinion and Order Sustaining In Part and Overruling In Part the ResCap Liquidating Trust's Objection to Proofs of Claim Filed by Robertson [Docket No. 8533] entered on April 28, 2015, and your subsequent verbal confirmation at the Omnibus Hearing of May 14, 2015. After conferring, Morrison Foerster (MoFo), counsel to the ResCap Liquidating Trust (the "Trust") has elected to submit a separate letter on their position re settlement discussions.

As stated in the joint letter to the Court, dated May 12, 2015 [Docket No. 8602] the MoFo attorneys spoke with me and counsel with whom I am consulting in connection with the disputed claims via telephone conference on May 8, 2015 regarding the potential settlement of those claims not expunged by the Court's order, as well as scheduling issues related to such claims. At that time parties agreed to continue settlement discussions until the earlier of (i) 45 days or (ii) the date the parties agree that settlement discussions are at an impasse.

It has now been determined that reaching a settlement regarding claims is at an impasse. I list my reasons for this decision below.

### *Robertson's Reasons for Finding Settlement Unacceptable.*

The Court has noted but not addressed certain post-bankruptcy-petition acts by Debtors and their implications as to Robertson's having possible additional claims against the Trust. Whether or not there is possibility of recovery for injuries/damages from the Liquidating Trust as a result of those acts, I have been advised that any settlement related to ongoing injuries damages resulting from those acts could bring severe impact my two concurrent actions[1]. MoFo attorneys

---

[1] *Robertson v. GMAC Mortgage, LLC et. al*, No. 14-35672 (9th Cir.); and *21st Mortgage Corp. v. Linda C. Nicholis, Duncan K. Robertson, et. al*, No. 14-2-20431-1 SEA (King Cnty. Sup. Ct., Wash.).

have insisted that any settlement discussions must be "global" – that is, must include the abandoning of any claims of wrongdoing against Residential Funding Company, LLC ("RFC-LLC") and Residential Funding Real Estate Holding, LLC ("RFREH"), and by implication abandoning my defense of claims by other parties (including defense of my property) where opponents authority is claimed to be derived from those acts. To agree to a settlement under such terms would:

1. Compel me to keep silent as to what have now been evidenced to be criminal acts, including forgery and fraud, thus requiring my aiding and abetting of ongoing criminal activity;

2. Make me vulnerable to allegations that I have waived claims against non-bankruptcy defendants in my other two pending actions.

Such terms are unacceptable.

In my last email communications with MoFo addressing issues, MoFo attorneys essentially put forth that with the passing of the deadline for filing administrative claims, any post-petition wrongful acts by Debtor are no longer are answerable. Since that time, 21st Mortgage Corporation, Plaintiff in the King County Superior Court action against my property, has revealed how 21st Mortgage is using the ResCap Bankruptcy and sales of assets by the Liquidating Trust to either bypass the bankruptcy estate (bankruptcy fraud), or to launder otherwise invalid claims through the Bankruptcy for the purpose of foreclosing on properties to which they have no right by law.

Attached are Exhibits of two recent documents from the King County Superior Court case:

A. Excerpts from PLAINTIFF'S RESPONSE TO DEFENDANT AND THIRD-PARTY PLAINTIFF DUNCAN ROBERTSON'S MOTION TO CONTINUE TRIAL DATE OR ALTERNATIVE MOTION TO STAY PROCEEDINGS UNTIL CONCLUSION OF PLAINTIFF'S APPEAL TO NINTH CIRCUIT COURT OF APPEALS, filed by 21st Mortgage on May 29, 2015, Docket No. 39 in that action (pages 1-3). In this document, 21st Mortgage states,

> "The Order Approving Sale Free and Clear conveys the Note and the Deed of Trust to Plaintiff free and clear of any claims that might be raised against any and all of the prior owners or holders of the Note and any and all of the prior beneficiaries or trustees of the Deed of Trust - that would include the Third-Party Defendants."

*Id.* at 2.

B. Excerpts from my REPLY TO RESPONSE TO MOTION TO CONTINUE/STAY, filed June 1, 2015, Docket No. 45 (pages 1-5) showing how this Court's records reveal such a claim is impossible in the absence of major bankruptcy fraud. Whereas the "Note and Deed of Trust" have never appeared as assets to the

Bankruptcy Estate, they cannot have been sold by the Estate to anyone.  See *Id.* at
1-4.

In our telephone conference of May 8, 2015, also attended by two consulting attorneys
for me, Scott Stafne and Ha Dao, one of the MoFo attorneys acknowledged that regarding the
loan that is now the subject of three legal actions "the most ResCap Debtors ever held was a
servicing contract."  As discussed in my Reply to 21st Mortgage claims attached, if any of the
Debtors ever actually qualified as Beneficiary of the subject Deed of Trust, they concealed that
fact from the Bankruptcy Estate – no such interest was ever claimed as an asset of the Estate. *Id.*
If they did *not* qualify as a Beneficiary, then what is being claimed as being sold in the asset
sales of the Liquidating Trust is fraudulent, and a use of the bankruptcy court to launder
worthless assets by adding a caveat to the sales contracts that the substance and validity of what
was purchased cannot be challenged.

Other states may permit foreclosure based solely on a servicing contract, but not the State
of Washington. Only a valid deed of trust Beneficiary may order foreclosure of a deed of trust,
RCW 61.24.020, 030 (nonjudicial), RCW 61.24.100(8) (judicial); and only a Beneficiary may
*assign* a deed of trust, in conformity with Washington's Real Estate Statute of Frauds, RCW
64.04.010, 020.  Under RCW 61.24.005(2) "Beneficiary" means the holder of the instrument or
document evidencing the obligations secured by the deed of trust, **excluding persons holding
the same as security for a different obligation.**" *Id.* (emphasis added).  RFREH's declaring
that all of its "holdings" were as collateral for other obligations thus excludes it from Beneficiary
status, and by implication, also RFC-LLC, invalidating Assignments granted by both of these
entities, including that to 21[st] Mortgage. *Id.*; RCW 64.04.010, 020 (Washington's Real Estate
Statute of Frauds).

Obviously Discovery in this matter is very important to proving that all acts by Debtors
against me and my property (as well as potentially thousands of others) were without a lawful
basis.  Accordingly, documentation of incurred injuries, damages and attorney fees has not been
sent to MoFo at this time, because I cannot consent to a "global" settlement with the Liquidating
Trust at any price.  I am available to discuss scheduling.

The Court was advised of the post-petition claims complained of as to RFREH and RFC-
LLC in Doc. Nos. 8239 (Notice of Third-Party Action) and 8238-2 at 12-48 (Third-Party
Complaint).  RFC-LLC was served in the Superior Court Action but has failed to either appear or
file an answer.  Accordingly, a Motion for Default Judgment including as against RFC-LLC as to
issues of title is being filed today, June 24, 2015 in Superior Court.

Respectfully submitted this 24th Day of June, 2015 by:

Duncan Robertson, Pro Se Creditor

3

# **Exhibit A**

Letter to Court of Duncan K. Robertson –  Exhibit A

1

2

3

4

5

6

7

8

9                      IN THE SUPERIOR COURT OF WASHINGTON

10                         FOR THE COUNTY OF KING

11    21st MORTGAGE CORPORATION, a            )   Case No. 14-2-20431-1   SEA
      Delaware corporation,                   )
12                                            )   PLAINTIFF'S RESPONSE TO
                                              )   DEFENDANT AND THIRD-PARTY
13              Plaintiff,                     )   PLAINTIFF DUNCAN ROBERTSON'S
                                              )   MOTION TO CONTINUE TRIAL DATE
14         v.                                 )   OR ALTERNATIVE MOTION TO STAY
                                              )   PROCEEDINGS UNTIL CONCLUSION
15    LINDA C. NICHOLLS; DUNCAN K.            )   OF PLAINTIFF'S APPEAL TO THE
      ROBERTSON; and JANE DOE                 )   NINTH CIRCUIT COURT OF APPEALS
16    ROBERTSON, and the marital community    )
      composed thereof,                       )
17                                            )
                Defendants and Third-Party Plaintiffs,   )
18                                            )
      RESIDENTIAL FUNDING COMPANY, LLC,       )
19    a limited liability company; OCWEN LOAN )
      SERVICING, L.L.C., a limited liability  )
20    company; NORTHWEST TRUSTEE              )
      SERVICES, INC., a Washington corporation; )
21    MARY A. MILLER, an Iowa resident;       )
      TYRONE THORGOOD, a Pennsylvania         )
22    resident; DOES 1-10,                    )
                                              )
23              Third–Party Defendants.       )
                                              )
24                                            )

25         Plaintiff responds to Defendant/Third-Party Plaintiff's (Defendant) Combined Motion to

26    Continue Trial Date or Stay Proceedings (Combined Motion) which is noted for decision without

Page 1 – PLAINTIFF'S RESPONSE TO MOTION TO CONTINUE TRIAL DATE OR ALTERNATIVE
MOTION TO STAY PROCEEDINGS    WEIL & LEWANDOWSKI LLP
                              ATTORNEYS AT LAW
                              ONE LINCOLN CENTER, SUITE 430
                              10300 SW GREENBURG ROAD
                              PORTLAND, OREGON 97223
                              Telephone (503) 226-0600
                              Fax (503) 226-7192

1    oral argument on June 3, 2015 at 9:00 a.m. as well as Defendant's Request for Judicial Notice

2    filed in support of his Combined Motion as follows:

3        1.    <u>MOTION TO CONTINUE TRIAL DATE.</u>

4        Plaintiff does not oppose Defendant's motion to continue the trial date and the deadlines

5    established by the Order Setting Civil Case Schedule entered by this Court in the instant matter

6    on July 24, 2014.

7        2.    <u>MOTION TO STAY PROCEEDINGS.</u>

8        Plaintiff opposes a stay of its claim against the defendants to foreclose its Deed of Trust

9    against the property at issue.   Plaintiff does not oppose a stay of the claims for monetary

10   damages between Defendant and the Third-Party Defendants consistent with the November 21,

11   2012 Order pursuant to which Plaintiff acquired its interest in the Note and the Deed of Trust

12   that Plaintiff is foreclosing in this action (Order Approving Sale Free and Clear).  A true and

13   correct copy of the Order Approving Sale Free and Clear is attached as Exhibit 1 to the Affidavit

14   of John W. Weil filed herewith.

15   The Order Approving Sale Free and Clear conveys the Note and the Deed of Trust to

16   Plaintiff free and clear of any claims that might be raised against any and all of the prior owners

17   or holders of the Note and any and all of the prior beneficiaries or trustees of the Deed of Trust -

18   that would include the Third-Party Defendants.   Further, the Order Approving Sale Free and

19   Clear enjoins Mr. Robertson from asserting any claims against Plaintiff based upon the actions or

20   inactions of the Third-Party Defendants. (*See* Affidavit of Weil, ¶ 3).

21       The foreclosure action involving Plaintiff, Ms. Nicholls, and Defendant should be

22   permitted to continue on the trial schedule established by this Court and Ms. Nicholls and

23   Defendant should be permitted to raise any defenses related to the actual conduct of Plaintiff.

24   Defendant, however, should not be permitted to cloud this proceeding with allegations against

25   other parties in contravention of the Order Approving Sale Free and Clear.   Defendant's

26   argument that his appeal <u>may</u> be a basis to stay this case is a red herring.  Assuming for

Page 2 – PLAINTIFF'S RESPONSE TO MOTION TO CONTINUE TRIAL DATE OR ALTERNATIVE
MOTION TO STAY PROCEEDINGS          WEIL & LEWANDOWSKI LLP
                                          ATTORNEYS AT LAW
                                   ONE LINCOLN CENTER, SUITE 430
                                       10300 SW GREENBURG ROAD
                                        PORTLAND, OREGON 97223
                                         Telephone (503) 226-0500
                                            Fax (503) 226-7192

1    argument's sake that Defendant prevails on his appeal, the Bankruptcy Court's stay and the

2    Order Approving Sale Free and Clear would still prohibit Defendant from asserting against

3    Plaintiff his claims against the Third-Party Defendants.

4        As established by Defendant's pleadings, his claims against prior Note holders, the prior

5    beneficiaries and trustees under the Deed of Trust, and the servicers of those debt instruments are

6    being considered by the Ninth Circuit and also by the Bankruptcy Court for the Southern District

7    of New York. Plaintiff is not subject to claims or liability based on the alleged actions of prior

8    owners or servicers or parties related in any manner to the assets Plaintiff purchased pursuant to

9    the Bankruptcy Court's Order Approving Sale Free and Clear.

10        3.  <u>REQUEST FOR JUDICIAL NOTICE.</u>

11        Plaintiff asks for clarification as the caption of the pleading states that Defendant requests

12    the Court to take judicial notice in support of <u>combined</u> motions to stay proceedings and <u>for</u>

13    <u>partial summary judgment</u>.  Plaintiff has not been served with and is unaware of a motion for

14    partial summary judgment.  Plaintiff objects to the Court taking the requested judicial notice in

15    support of an as yet unfiled motion for partial summary judgment.

16        Plaintiff does not object to the request for judicial notice of Defendant's Notice of

17    Appeal.  Plaintiff recognizes the pending appeal and the bankruptcy proceeding in the Southern

18    District of New York (Bankruptcy Court) from which Plaintiff purchased the asset it now seeks

19    to foreclose.  Plaintiff objects to judicial notice of the Opening Brief and the Reply Brief filed by

20    Defendant as they do not represent a full view of that proceeding and Defendant does not explain

21    their relevance to his pending motion.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

WEIL & LEWANDOWSKI LLP
                                    ATTORNEYS AT LAW
                                ONE LINCOLN CENTER, SUITE 430
                                10300 SW GREENBURG ROAD
                                    PORTLAND, OREGON 97223
                                    Telephone (503) 226-0500
                                    Fax (503) 226-7192

# **Exhibit B**

Letter to Court of Duncan K. Robertson -  Exhibit B

HONORABLE JUDGE WILLIAM DOWNING

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

21ST MORTGAGE CORPORATION, a
Delaware Corporation,
                              PLAINTIFF,

            v.

LINDA C. NICHOLLS; DUNCAN K.
ROBERTSON and JANE DOE
ROBERTSON, and the marital
community composed thereof,
            DEFENDANTS AND
        THIRD-PARTY PLAINTIFF,

            v.

RESIDENTIAL FUNDING COMPANY,
LLC,  a limited liability company;
OCWEN LOAN SERVICING, LLC, a
limited liability company; NORTHWEST
TRUSTEE SERVICES, INC., a
Washington corporation; MARY A.
MILLER, an Iowa resident; TYRONE
THORGOOD, a Pennsylvania resident;
DOES 1-10,

        THIRD-PARTY DEFENDANTS.

No. 14-2-20431-1SEA

**REPLY TO RESPONSE TO
MOTION TO CONTINUE/STAY**

REPLY TO RESPONSE TO MOTION TO CONTINUE/STAY

REPLY TO MOTION TO
CONTINUE RESPONSE

            - i

**STAFNE TRUMBULL, LLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 IFAX 360.386.4005

1.     Filed concurrently with this Reply is Declaration of Duncan K. Robertson ("Robertson Declaration") and Scott E. Stafne, both with Exhibits, in support of this reply. Also supporting are Request for Judicial Notice ("Notice"), Dkt. 38 Exhibit D, and Plaintiff's Complaint Exhibits C and D.

2.     Plaintiff's Response to Motion to Continue or in the alternative, stay, ("Response"), intermingles its comments on scheduling with conclusions regarding facts that have heretofore only been implied, but which 21st Mortgage now asserts as reality. Robertson objects to these assertions which are unsupported by evidence or law and contrary to fact.

3.     In Response Section 2, at *2, Plaintiff states,

> "Plaintiff does not oppose a stay of the claims for monetary damages between Defendant and the Third-Party Defendants **consistent with the November 21, 2012 Order pursuant to which Plaintiff acquired its interest in the Note and the Deed of Trust that Plaintiff is foreclosing in this action** (Order Approving Sale Free and Clear).
> *Id.* (emphasis added).

Plaintiff goes on to assert:

> **The Order Approving Sale Free and Clear conveys the Note and the Deed of Trust to Plaintiff** free and clear of any claims that might be raised against any and all of the prior owners or holders of the Note and any and all of the prior beneficiaries or trustees of the Deed of Trust - that would include the Third-Party Defendants.
> *Id.* (emphasis added).

4.     The November 21, 2012 Order submitted by Plaintiff as its Exhibit 1 and 2 to Declaration of John Weil, evidences the ResCap Court's ratification of a contract between the Rescap Liquidating Trust and **Berkshire Hathaway, Inc**. and is irrelevant to these proceedings. Robertson will stipulate that a separate sale to Ocwen Loan Servicing, LLC , was approved by the ResCap Court ("Ocwen Sale"), see ¶ 10 *infra*, however neither the Berkshire Hathaway sale nor the Ocwen Sale make any mention of 21st Mortgage as a party: *nothing* was conveyed to 21st

REPLY TO MOTION TO
CONTINUE/STAY RESPONSE        - 1

**STAFNE TRUMBULL, LLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 IFAX 360.386.4005

Mortgage in either sale.

5.    All available evidence, including that submitted by 21st Mortgage, shows that ownership interest in the subject Note and Deed of Trust were *not* part of the Ocwen Sale nor the Berkshire Hathaway sale.

6.    Debtor Residential Funding Real Estate Holdings, LLC ("RFREH") appeared in King County Records as Deed of Trust Beneficiary at the time of its May 14, 2012 bankruptcy petition. See Robertson Declaration, Exhibit 1 - Assignment of Deed of Trust, Chase to RFREH. However, RFREH declared no such asset in its *Schedules of Assets and Liabilities for Residential Funding Real Estate Holdings, LLL (Case No. 12-12062)*, filed June 30, 2012 as ResCap Doc. 594. Robertson Exhibit 2 ("RFREH Schedules"). The RFREH Schedules, Schedule B therein, declares "Real Property" interests as "None." *Id.* at pg. 16 (because ResCap documents include multiple paginations, "pg." page numbers here refer to the assigned ResCap Docket page number (appearing at the top of the page).

7.    Under "Schedule B Notes" RFREH comments, "Schedule B15 – Loans 'held for sale' and trading securities are listed at net carry value plus accrued interest", *Id.* at pg. 8, however, *there is no* Schedule B15 attached and the *total of the assets shown in Schedule B is zero*. *Id.* at pgs. 15, 29. This complete absence of claimed loan interests appears to be explained on pg. 5 of the RFREH Schedules –

> Pledged Assets. A significant amount of the assets listed on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control. These assets include, among other things, cash, securities, servicer advance receivables, consumer mortgage loans held for sale and corporate loans, equity interests in subsidiaries, primary and master servicing rights and other licenses and intangibles.

*Id.* In other words, RFREH declared *all* Schedule B assets were in fact being held as security

REPLY TO MOTION TO
CONTINUE/STAY RESPONSE          - 2

STAFNE TRUMBULL, LLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

("pledged as collateral") for their obligations to other parties and were *not* RFREH property.

8.    The post-bankruptcy-petition "Corrective" Assignment of Deed of Trust from Bank of New York Trust Company as Trustee to RFC-LLC (Complaint Exhibit C) purportedly revoked the 2010 Assignment to RFREH, *supra*, and substituted *all* parties to that Assignment, retroactive to 8/12/2010. See Robertson's Answer/Counterclaims et al., Dkt. 18 at pp. 22-25; *compare* Robertson Declaration Exhibit 1 (2010 Assignment). If the "Corrective" Assignment actually conveyed any ownership interest in the Note or Deed of Trust, such property would be required to be declared as property of the Bankruptcy Estate. The U.S. Supreme Court addressing inclusion of property in a bankruptcy estate has ruled, "Whether the value is "present or prospective, for dividends or only for purposes of control," a retained equity interest is a property interest to "which the creditors [are] entitled[.]" *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988) (citation omitted).

9.    But interest in the subject Loan and/or Deed of Trust is *not* identified in RFREH Schedules, *supra*, or the *Schedules of Assets And Liabilities for Residential Funding Company, LLC (Case No. 12-12019)*, ResCap Doc. No. 548, Robertson Declaration Exhibit 3 ("RFC-LLC Schedules"). RFC-LLC Schedules contains an identical *held as collateral* disclaimer to that of the RFREH Schedules, *supra*. *See* "Pledged Assets", *Id.* at pg. 5. The RFC-LLC Schedules *do* list assets under their Schedule B,[1] however RFC-LLC Schedules were filed prior to the "Corrective" Assignment that purportedly gave RFC-LLC Beneficiary status in the Deed of Trust.

---

[1] *See, e.g.*, Schedule B15 at pg. 39 (Mortgage Loans Held for Sale and Various First Mortgage Assets); Schedule B23 at pg. 50 (Mortgage Servicing Rights).

REPLY TO MOTION TO
CONTINUE/STAY RESPONSE                        - 3 -

STAFNE TRUMBULL, LLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

But, there have been no subsequent amendments to Schedule B assets of either RFCREH or RFC-LLC filed in the ResCap procedure.[2]  At https://www.kccllc.net/rescap.

10.    On April 28, 2015 the ResCap Court, ruled on an Objection brought by the ResCap Liquidating Trust against Robertson's claims in that proceeding. The published opinion ("Opinion") revealed that "Debtor Homecomings Financial, LLC ("Homecomings") serviced the First Priority Loan from September 22, 2000 until transferring servicing rights to Debtor GMAC Mortgage, LLC ("GMACM") on July 1, 2009. (*Id.* ¶ 18.) GMACM serviced the First Priority Loan **until transferring servicing rights to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.** (*Id.*)." Notice Exhibit D at *4 (emphasis added). The Opinion makes no mention of 21st Mortgage in the transaction (Ocwen Sale) or of any additional interests transferred.

11.    If the totality of ResCap bankruptcy Debtors' interests sold to Ocwen was limited to a servicing contract, no amount of "free and clear" language contained in the Ocwen Sale can transform that into "The Order Approving Sale Free and Clear conveys the Note and the Deed of Trust to Plaintiff..." Response at 2.  The Response assertions are simply false.

While Robertson's first case was being litigated, up until July 2013, RFC-LLC claimed to be the deed of trust beneficiary based on upon the 2012 corrective assignment.[3]  RFC-LLC thus had a choose in action available to it in that proceeding, as later did 21st Mortgage, based upon their claim of Beneficiary status under the Deeds of Trust Act, RCW 61.24 Ch. Both entities chose not to exercise their apparent right to bring judicial foreclosure in the Court handling Robertson's

---

[2] But, there have been no subsequent amendments to Schedule B assets of either RFCREH or RFC-LLC filed in the ResCap procedure. At https://www.kccllc.net/rescap.
[3] See Complaint Exhibit C, the "Corrective" Assignment of Deed of Trust, the last assignment prior to the Assignment to 21st Mortgage, Complaint Exhibit D.

REPLY TO MOTION TO
CONTINUE/STAY RESPONSE          - 4 -

**STAFNE TRUMBULL, LLC**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 *fax* 360.386.4005

original lawsuit.

12.    Plaintiff's Response cites no authority supporting its assertions.  An automatic stay imposed under 11 U.S.C. §362(a) is limited to actions that arose *before* the commencement of a bankruptcy case. *Id.* The "Corrective" Assignment to RFC-LLC (signed by itself), upon which 21st Mortgage's standing and real-party-in-interest to bring this action hinge, was executed post-bankruptcy-petition, making RFC-LLC an essential party here.  Also, the ResCap Court specifically lifted its stay as to actions that would "terminate or preclude the prosecution and completion of a foreclosure." Robertson Decl. Exhibit 4, at 12, ¶ 14(b). Robertson accordingly objects to the characterization that awaiting the outcome of the 9th Circuit and ResCap cases is a "red herring."  The 9th Circuit Appeal names <u>five</u> *non-debtor* Defendants, and third-party defendants here – Tyrone Thorogood and Mary A. Miller – are all unaffected by any bankruptcy stay.

13.    To clarify Plaintiff's question in its Section 3, any reference to "Partial Summary Judgment" was a typo.  The remaining objections presented the Response are inconsequential – the Opinion of the ResCap Court speaks for itself, and the Judicial Notice of 9th Circuit Documents is simply to identify to the Court the federal jurisdiction questions the 9th Circuit is addressing, which if decided in Robertson's favor will almost certainly result in remand of the case to King County Superior Court, suggesting consolidation.

CONCLUSION

Duncan K. Robertson's motion to continue the trial date until March 28, 2915, along with a scheduling order to reflect this date should be granted. Alternative, this Court should stay these proceedings until the Ninth Circuit appeal is decided.

REPLY TO MOTION TO
CONTINUE/STAY RESPONSE

- 5 -

**STAFNE TRUMBULL, LLC**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005