UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG) (Ch. 11)<br>(Jointly Administered) |
| In re:<br><br>RESCAP LIQUIDATING TRUST MORTGAGE PURCHASE LITIGATION | Adv. Proc. No. 14-07900 (MG) |
| *This document relates to:*<br><br>Residential Funding Co. v. HSBC Mortg. Corp. (USA), Adv. Proc. No. 14-01915 (MG)<br><br>Residential Funding Co. v. UBS Real Estate Secs., Inc., Adv. Proc. No. 14-01926 (MG)<br><br>ResCap Liquidating Trust v. Summit Fin. Mortg. LLC, Adv. Proc. No. 14-01996 (MG)<br><br>ResCap Liquidating Trust v. Mortg. Investors Grp., Inc., Adv. Proc. No. 14-02004 (MG)<br><br>Residential Funding Co. v. SunTrust Mortg. Inc., Adv. Proc. No. 13-1820 (MG) | |

### DECLARATION OF JENNIFER A. L. BATTLE

I, JENNIFER A. L. BATTLE, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner with the law firm of Carpenter Lipps & Leland LLP, one of the counsel for Plaintiffs Residential Funding Company, LLC ("RFC") and the ResCap Liquidating Trust (together, "Plaintiffs"). I am a member in good standing of the Bars of New York,

1

Pennsylvania, and Ohio, and admitted in this Court. I respectfully submit this declaration in support of the Response Of The Rescap Liquidating Trust And Residential Funding Co. To Defendants' Motion To Modify Order Appointing Mediator .

2.  My Firm has participated in the collection and production of documents by Plaintiffs for a number of matters, including during pre-petition RMBS-related litigation, various aspects of the above-captioned Residential Capital, LLC bankruptcy proceeding (the "ResCap Bankruptcy"), and the current litigation.

3.  Plaintiffs have reproduced or are in the process of reproducing to Defendants in these cases the written testimony, exhibits, briefing, proofs of claim, settlement agreements, and hearing transcripts submitted to or filed with this Court in connection with the Plan Confirmation hearing in the ResCap Bankruptcy, following which the Global Settlement was approved.

4.  Plaintiffs have also reproduced or are in the process of reproducing expert reports, motion papers, objections, briefing, and deposition transcripts filed or exchanged among the parties in connection with the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements ("Rule 9019 Motion").

5.  Plaintiffs have also reproduced to Defendants documents relating, directly or indirectly, to RFC's RMBS issuances that were produced by Debtors and contained in the Plan Confirmation Document Repository authorized by this Court by its Order dated September 3, 2013 (Case No. 12-12020, ECF 4913). Those included documents produced in connection with the UCC's Rule 2004 investigation, the Examiner's investigation, the Rule 9019 Motion, the JSN litigation, and other matters.

6.  The materials reproduced to the UCC during its Rule 2004 investigation (which were also contained in the Plan Confirmation Document Repository and reproduced to

2

Defendants in these cases) included documents produced by Debtors in pre-petition RMBS litigation relating to Plaintiff RFC. Those matters included *MBIA Insurance Corporation v. Residential Funding Company, LLC,* NY. Sup. Ct. Index No. 603552/08; *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, U.S.D.C., S.D.N.Y., Civ. No. 08-8781-HB; *West Virginia Investment Management Board v. Residential Accredit Loans, Inc.,* W.V. Circuit Court, *Allstate Insurance Company, LLC v. GMAC Mortgage, LLC,* Minn. Dist. Ct., No. 27-CV-11-3480 (4th Dist. Hennepin County); and others.

7. In the current litigation, Plaintiffs have produced or are in the process of producing tens of thousands of additional documents that would potentially aid in an evaluation of the reasonableness of the Global Settlement and/or its components. These include, to name a few:

   a. Closing binders containing the transaction documents for each of the RMBS securitizations at issue in this litigation, setting forth the representations and warranties made by RFC to each of the RMBS Trusts covered by the Global Settlement;

   b. Depositions, expert reports, and other documents exchanged during pre-petition RMBS litigation against RFC;

   c. At-issuance loan tapes containing loan level information for each of the RFC-issued RMBS Trusts covered by the Global Settlement;

   d. Historical quality audit data for all Defendants' loans;

   e. Historical repurchase data for all loans in the RMBS Trusts at issue in these cases that sustained losses;

   f. Loan files for loans at issue in this litigation;

   g. Contract files for each Defendant involved in this litigation;

   h. Copies of the RFC Client Guide setting forth the underwriting standards applicable to the loans at issue;

3

      i.    Millions of pages of custodial email relating to RFC's historical business operations in buying, securitizing, and evaluating residential mortgage loans.

8. Defendants also have access to extensive, detailed, loan-level and trust-level performance data for almost all of the RMBS Trusts covered by the Global Settlement, through the publicly available Vision website.

9. Attached hereto as Exhibit A is a true and correct copy of Defendants' Preliminary List of Current and Former RFC Employees And Third Party Witnesses As To Which Defendants Seek Deposition Testimony In An Individual Capacity On Common Issues, Adv. Pro. No. 14-07900 (MG), dated July 1, 2015.

10. Attached hereto as Exhibit B is a true and correct copy of a May 1, 2015 letter from Mahmood Ahmad to Anthony Alden that was sent to counsel for Plaintiffs in the consolidated correspondent litigation cases in the District of Minnesota.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2015, in Columbus, Ohio.

                                                    s/ Jennifer A. L. Battle
                                                    Jennifer A. L. Battle