# EXHIBIT B

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

N. MAHMOOD AHMAD
(202) 434-5793
mahmad@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 1, 2015

<u>VIA E-MAIL</u>

Anthony Alden, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:   *In re RFC and Rescap Liquidating Trust Litigation*, **Civil File No. 13-3451 (SRN/JJK/HB)**

Dear Anthony:

In light of Judge Nelson's guidance at last week's conference that the parties make additional ESI proposals by May 1, we write on behalf of defendants in the Consolidated Action to reiterate and expand on our prior requests that Plaintiffs produce documents relating to the bankruptcy and pre-petition litigation.

As you know, defendants in both Minnesota and New York ("Defendants") requested production of all documents concerning each of the settlements for which Plaintiffs seek indemnification, including the Global Settlement in RFC's bankruptcy (the "Settlements"). *See, e.g.*, Mayeron Requests for Production to RFC, Nos. 25-27, 47, 74. Defendants also requested that Plaintiffs designate as custodians those individuals involved in the Settlements who are likely to have records responsive to Defendants' document requests, which likely include, *inter alia*, Jeff Cancelliere, Tammy Hamzehpour, Lewis Kruger, Jeffrey Lipps, Tom Marano, John Ruckdaschel and Jim Whitlinger. *See* 1/23/15 Ltr. from Wrede to Alden, App'x A. You and your clients presumably have knowledge of yet additional people who are likely to have responsive documents.

Plaintiffs objected to Defendants' requests, including on the ground that Defendants have requested information protected from disclosure under Judge Glenn's Order Appointing Mediator in *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), Docket No. 2519 (Bankr. S.D.N.Y. Dec. 26, 2012) (the "Mediation Order"). Plaintiffs agreed to produce only

WILLIAMS & CONNOLLY LLP

Anthony Alden, Esq.
May 1, 2015
Page 2

"responsive, non-privileged documents" from RFC's bankruptcy and pre-petition-litigation "that are contained in the Plan Confirmation Depository." *See, e.g.*, RFC Response to Request No. 27.

Defendants have continually maintained that all documents relating to the Global Settlement should be produced, including those that Plaintiffs contend are subject to the Mediation Order. Including as recently as yesterday at a status conference before Judge Glenn in New York, Plaintiffs have taken the position that it is premature for Defendants to move to compel regarding the scope of Plaintiffs' production of bankruptcy and pre-petition-related documents or amend Judge Glenn's Mediation Order until Defendants have reviewed Plaintiffs' production of bankruptcy- and pre-petition-related documents. *See* 3/1/15 Ahmad Ltr. to Alden; 4/13/15 E-mail from Ahmad to Plaintiffs' Counsel. Defendants agreed to undertake their review in advance of filing a motion to compel, and Plaintiffs did not make their first production of documents from the Plan Discovery Repository until mid-April.[1]

If the Mediation Order issued by Judge Glenn is modified, Defendants will expect Plaintiffs to propose custodians and search terms that are reasonably calculated to yield responsive documents, and to meet and confer in good faith with Defendants in this regard. Nonetheless, in light of Judge Nelson's guidance at last week's conference, we write to reiterate our prior requests that Plaintiffs produce all documents relating to the Settlements and designate as custodians those individuals involved in the Settlements.

We expect that, in addition to the individuals previously identified at Appendix A to Mr. Wrede's January 23, 2015 letter,[2] appropriate custodians will include, among others, counsel to the Debtors substantially involved in the Settlements (which may include Melissa Beck, Joel Haims, Gary Lee, Jamie Levitt, Lorenzo Marinuzzzi and William Thompson), and an appropriate individual(s) from Centerview Partners and FTI.

Defendants would expect to meet and confer with Plaintiffs on an appropriate set of search terms once Judge Glenn modifies the Mediation Order (assuming he does so). We expect that our review of Plaintiffs' ongoing production in the meantime, and our conferences with you on this topic at that time, will inform our specific proposals for terms. At present, Defendants

---

[1] On April 10, 2015, Plaintiffs attempted to make their first production from the Plan Discovery Repository (Parts 1-3); due to a technical error in Plaintiffs' production, Defendants did not receive the produced documents until April 17. Plaintiffs made additional Plan Discovery Repository productions on April 17 (Parts 4 and 5), April 20 (Parts 6-10) and April 29 (Parts 11-12). We understand that Plaintiffs have now completed their production of documents from RFC's bankruptcy, but that they expect to continue to produce pre-petition-related documents.

[2] Jeff Cancelliere, Tammy Hamzehpour, Lewis Kruger, Jeffrey Lipps, Tom Marano, John Ruckdaschel and Jim Whitlinger.

WILLIAMS & CONNOLLY LLP

Anthony Alden, Esq.
May 1, 2015
Page 3

expect that Plaintiffs' searches will be constructed on the basis of keywords that relate to the settlements and the third parties and persons involved, including at least the following (and, with respect to entities, related variations and domains):  "Plan," "UCC," "9010," "Mediat!," James Peck, Duff & Phelps, Allen Pfeiffer, "monoline," MBIA, AIG, Paulson & Co., FGIC, Allstate, Mass Mutual, Wilmington Trust, Prudential, New Jersey Carpenters, "FHFA," "Steering Committee," "Consenting Claimant," "Supporting Senior Unsecured Noteholders," "settlement," "breach," "defect," "loss," "agreed rate," "43.5%," "28.7%," "re-underwrit!," "re-underwrit!," "sampl!," "originat!," "reasonabl!," "allocat!," "legal def!," "statute of limitations," "R&W," "R+W," "rep! /3 warrant!," "2-R," "3-R," "recogniz! OR Allow! /5 claim!," "trust," "Units," "caus! /5 action," "private securities claim!," Jeffrey Lipps, Frank Sillman, Fortace, Bradford Cornell, J.F. Morrow, "Third party release," Kathy Patrick, "KP," "PLS Demands," "repurchas!," "trustee," Ally Financial, Timothy Devine, William Solomon, John Dubel, Kruger, "Creditors," "Mo! /2 Fo!," FTI, Kramer Levin, Kirkland & Ellis, White & Case, Milbank, Cadwalader, Quinn Emanuel, Jones Day, Weil Gotschal, AlixPartners, Polsinelli, Carson Lynch, Gibbs & Bruns, Ropes & Gray, Cleary Gottlieb, Loeb & Loeb, Talcott Franklin, Blackrock. Many of these terms were specified on pages 4 to 7 of Appendix A to Mr. Wrede's January 23, 2015 letter.

     If Plaintiffs are prepared to meet-and-confer now with Defendants about appropriate custodians and search terms in the event Judge Glenn modifies his order, Defendants are available to do so.  In light of Plaintiffs' apparent position that any conversation about such search terms and custodians is premature (and, indeed, that the motion itself is premature), and in light of the fact that Plaintiffs provided their first Plan Discovery Repository production to Defendants within the last two weeks, Defendants reserve all rights to make any additions and modifications with respect to these preliminary custodians and search terms.

     Sincerely,

     */s/ N. Mahmood Ahmad*

     N. Mahmood Ahmad