Todd Silber. Pro –Se claimant.

73 Farnham rd.

South Windsor Ct. 06074
860-922-4156

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In Re:                                                              : Chapter 11
                                                                        : Case NO 12-12020 (MG)
Residential Capital LLC, et,al.,                     :
Debtors.                                                          :
-------------------------------------------------- x

   Claimants/plaintiffs Pretrial Memorandum /compliance to Order Establishing procedures for evidentiary hearing regarding Claim Number 4222 filed by Todd Silber

Statement of Fact and Elements of each remaining cause of actions.

**Count/Claim 1; Breach of contract.**

   The Facts of this claim is that when Silber entered into negotiations with GMAC for a modification on his loan, GMAC failed to follow strict procedures and guidelines during loss mitigation/loan modification reviews. GMAC and Silber have a contract for a Mortgage/Note, for the property of 73 Farnham Rd. South Windsor Ct. 06074. Said mortgage is a FHA mortgage with an FHA Promissory Note.

Findings/Elements Count 1;

1) GMAC breached Silber's bank note and mortgage when they failed and neglected to follow guidelines set forth by HUD/FHA, when reviewing a loss mitigation application.

2) GMAC misinformed agents or entities acting on behalf of Silber while attempting to obtain help for a modification review.

3) GMAC had an agreement with Federal Government or agents of, to modify FHA/HUD loans, when they receiving TARP/Bailout/help money from the Government.

4) GMAC never reviewed Silber's modification application for any FHA programs properly.

5) GMAC showed lack of knowledge or fundamental understanding on programs or guidelines they were meant to follow.

6) GMAC did not take every step or exercise every option available when reviewing Silber's loss mitigation applications.

7) GMAC failed to comply with procedures set forth by Connecticut superior court.

8) GMAC's position was after a foreclosure action began, GMAC was not obligated to offer or negotiate any help with a loss mitigation review.

**Conclusion/Proposed finding of facts:** GMAC failed to follow and ignored HUD/FHA guidelines in loss mitigation reviews, modification applications, while demanding full payment, while pursuing a foreclosure, which constitutes a Breach in Silber's Mortgage/Note.

*To State a cause of action for a breach of contract in Connecticut, the plaintiff must show: "Formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." See Tatum v. Oberg, 650 F. Supp. 2d 185, 192 (D. Conn. 2009) (Citing Rosata v. Mascardo, 844 A.2d 893, 897 (Conn. App. CT. 2004)*

**Count/Claim 2; Breach of Covenant to bargain in good faith and fair dealings.**

Between December of 2009 and May of 2010, Silber received multiple applications for loss mitigation programs from GMAC. During such time, GMAC made it impossible for Silber to receive any help. GMAC was the sole handler of Silber's modification/loss mitigation applications and Silber relied upon GMAC to do proper and fair reviews. Instead GMAC mislead and provided Silber with inaccurate information and wrongful denials, when they may have and should have been aware of the proper information, facts, and guidelines.

Finding/Elements Count 2;

1) GMAC instructed Silber to apply for a modification through their loss mitigation.

2) GMAC sent Silber loss mitigation/modification applications,

3) GMAC provided Silber with false/inaccurate reasoning of why he was being denied help, and repeatedly attempted instead to convince Silber to simply sell his home threw a short sale or face a foreclosure.

4) GMAC failed to consider Silber's modification applications for programs he would have qualified for and instead applied his applications to programs that he was not eligible for.

5) GMAC showed a lack in diligence and professionalism while reviewing Silber's loss mitigation applications, or handling of Silber's concerns or questions during the entire Loss mitigation review process.

**Conclusion/Proposed finding of facts;** During the modification/loss mitigation reviews GMAC provided Silber with false reasoning of why he was being denied help, and repeatedly attempted instead to convince Silber to simply sell his home threw a short sale. GMAC acted in a deceitful manner, resorting to "dangling the carrot" tactics in an attempt to frustrate and overwhelm Silber. Upon entering into a contract/agreement of negotiations/review, GMAC was not only bound by law but had a moral and ethical responsibility to conduct fair and accurate reviews, using templates and guidelines set forth by

programs they are required to follow. During a foreclosure of a Mortgage over a contract, during a review for a loss mitigation application and to enter into negotiation to offer aid, that is directly related to a mortgage contract and then act under false pretenses, to engage in a deceitful or negligent manner, to mislead and/or lie and to deter or sway the outcome of the negotiations is the very nature of Breach of Covenant to bargain in good faith and fair dealings.

::: This claim is also supported by and in support of the count/claim 1 above, breach of contract. :::

Connecticut's Civil declaration and definition; 4.2-11 Implied Covenant of Good Faith and Fair Dealings; "*Every Contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive the benefits of the contract. The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumed intended.*"

Connecticut Supreme Court standards for a Breach of Covenant, good faith complaint/claim;" *It is axiomatic that the duty of good faith and fair dealings is a covenant implied into a contract or contractual relationship. In other words, every contract carries the implied duty requiring that neither party do anything that will injure the right of the other to receive benefits of the agreement. The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application of interpretation of a contract term.*"

*To constitute a breach of the implied Covenant of good faith and fair dealings, the act by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith. Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or neglect or refusal to fulfill some duty of some contractual obligation. De La Concha of Hartford, inc. v. Aetna Life ins. Co. 269 Conn. 424, 432-33, 849 A.2d 382, 387-88 (Conn 2004)*

**Count/claim 3; Negligent Misrepresentation.**

In regards to the Emergency Home Owners Loan Program, EHLP, provided by Connecticut Housing finance authority, CHFA; The EHLP program was a forgivable loan that applicants could use to bring their mortgage current, reinstate their mortgage and take their home out of foreclosure, and assist with monthly payments for a predetermined time. GMAC provided inaccurate figures to CHFA which resulted in Silber's denial of the program. Due to not being able to participate in the EHLP program, Silber's home remained past due, the mortgage remained past due and in foreclosure, and Silber was disqualified from participating in further CHFA programs, which would have allowed Silber to finally obtain a lower payment, interest rate, a new mortgage with a new bank, and help in the prevention of any further default.

Finding/Elements count 3;

1) Silber received figures from GMAC past due amounts, and what was required to reinstate the mortgage/loan on/or about August 9th 2011.

2) GMAC provided inflated and/or much higher figures than what had already been provided to Silber, of what was past due and what was required to reinstate the mortgage/loan, to CHFA on or about August 26th 2011.

3) GMAC failed to reply correctly to CHFA's form/request, for a reinstatement amount.

4) Silber would have qualified for CHFA's, EHLP program based on the reinstatement figures GMAC provided Silber, but his application was ultimately denied based off reinstatement figures GMAC provided to CHFA.

**Conclusion/Proposed finding of facts:** When GMAC failed to answer CHFA's request for a reinstatement amount correctly, or failed to provide accurate information, they made a negligent statement. CHFA and Silber both relied on the statement, and in return Silber suffered loss for it. Furthermore, if the information GMAC provided to CHFA was accurate and GMAC had provided Silber with the same information on August 9th 2011, Silber could have and would have taken action so he could comply with the guidelines of EHLP, prior to expiration of that program. Silber relied on the statement GMAC made to him on August 9th, 2011.

Connecticut's Civil declaration and definition; 3.16-1 Negligent Misrepresentations.; *"The plaintiff claims that the defendant made a negligent misrepresentation. First, the plaintiff must prove that the defendant supplied false information. Second, the plaintiff must prove that the defendant failed to exercise reasonable care in obtaining or communicating the information. Third, the plaintiff must prove that the defendant supplied the information to induce the plaintiff to act on it. Fourth, the plaintiff must prove that the plaintiff justifiably relied on the information to (his/her/its) injury."*

Connecticut courts Negligent Misrepresentations cause of actions;

*"Traditionally, an action for negligent misrepresentation requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact, (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result."* Nazami v. Patrons Mutual Ins. Co., 280 Conn 619, 626, 910 A.2d 209 (2006).

*The Supreme Court has long recognized liability for negligent misrepresentation . . . One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."* (Internal quotation marks omitted.) Glazer v. Dress Barn, Inc., 274 Conn. 33, 72-73, 873 A.2d 929 (2005).

**Count/Claim 4, CUTPA Violation.**

Silber request leave of penalty and forgiveness if the following section is not written in the traditional sense of the courts, I have done my best to follow the Court request for procedures and this was the most diligent way I could lay out the facts, elements and support for the CUTPA claim.

Facts and Elements listed in the claims above, 1-3. Are also in direct support and/or supported by the CUTPA claim.

**Additional CUTPA Facts, Elements, conclusion of law and support of Law, in support to Claims 1-4.**

Conn. Gen. Stat S 42-100b(a*) No person shall engage in unfair methods of competition and unfair or deceptive acts of practices in the conduct of any trade or commerce.*

Trade or commerce is defined as *"The Advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed and any other article, commodity or thing of value in the state of Connecticut. Conn. Gen. Stat. S 42-110a (4).*

Whether the practice, without necessarily having been previously declared unlawful, offends public policy as it has been established by statutes, the common law or otherwise; 1) Whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; 2) Whether it is immoral, unethical, oppressive or unscrupulous; 3) Whether is causes substantial injury to the consumers. FTC v. Sperry Hutchinson, 405 U.S. 233 (1972); McLaughlin Ford v. Ford Motor co., 192 Conn. 558, 473 A.2d 1185 (1984). Parola v. Citibank (South Dakota) N.A, D.Conn. 2012, 894 F. Supp. 2d 188. Antitrust and trade regulation 135 (1)

Silber asserts, however not all 3 need to be satisfied in order to constitute a violation of CUTPA.

*All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Votto v. American Car Rental, inc., 273 Conn. 474, 848, 871, A.2d 981 (2005).*

Unfair acts of Practices are also defined in the Dodd/Frank act Sec. 1031 and the FTC act. *15 U.S.C. S 45(n). "It causes or is likely to cause substantial injury to consumers; The injury is not reasonably avoidable by consumers; The injury is not outweighed by countervailing benefits to consumers or to competition."*

" Where the FTC doctrine is more clearly developed, as it is with the respect to deception theory, CUTPA may result in a more noticeable alteration in the standards of conduct. For example, the Connecticut Supreme Court describes the act as follows, 'A broader range of conduct than did the common law action for innocent misrepresentation'. Hinchliffe v. American Motor Corps., 184 Conn. 607, 440 A 2.d 810 (1981)", WestlawNext, S 2.9 common law standards and CUTPA.

Deceptive acts of Practices are also defined as; Innocent, negligent and intentional misrepresentations as per definition of common law.

Deceptive acts or practices that are unfair are in support to the cause of Action in Silbers claim, because GMAC made a negligent misrepresentation to CHFA and Silber which Silber relied upon. The misrepresentation made was clear and descriptive. The representation was a material statement that influenced the outcome of a decision. [Please note establishing of element and further facts for this are covered in claim 3, negligent misrepresentation.]

*First, there must be a representation, omission, or other practice likely to mislead consumers. The plaintiff does not have to prove that the defendant intended to deceive those customers or that the defendant knew that his statement or act was false. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material -- that is, likely to affect consumer decisions or conduct. Caldor, Inc. v. Heslin, 215 Conn. 590,577, A.2d 1009 (1990). Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 106 and n.36 (1992). Services Corp. v. New London Motors, Inc., 203 Conn. 342, 362-63 (1987)*

Furthermore Silber asserts that his Negligent Misrepresentation as well as Breach of contract violation claim has further validity and standing in support to the validity of his CUPTA claim and Violation of CUTPA.

*Negligent misrepresentation can form the basis of a CUTPA claim . . . Even an innocent misrepresentation can amount to a CUTPA violation . . . Where . . . a defendant made a misrepresentation during the course of the defendant's business practice, with or without the intent to deceive or fraud, and that misrepresentation led a plaintiff to lose money or property, that plaintiff has alleged a cause of action under CUTPA . . . Negligent misrepresentation suffices as a basis for a CUTPA claim and as an aggravating factor making a breach of contract action also the basis of a CUTPA claim." Centimark Corp. v. Village Manor Associates, Superior Court, judicial district of Windham, Docket No. CV 03 0070166 (June 21, 2007, Martin, J.).*

Silber asserts in claim 1 and 2 listed above, Breach of Contract and Breach of implied good faith and fair dealings, are also in violation of CUPTA as per the Deceptive acts and/or unfair acts of practice rule. GMAC willfully and negligently conducted unfair modification reviews. GMAC willfully and negligently failed to follow the guidelines and polices of HUD/FHA which constitutes a breach. Silber relied on GMAC's review for FHA insurance, policy and modifications applications, and in return, GMAC should have acted in good faith, with professionalism, integrity and diligence. Instead acted in a dishonest, unethical, oppressive and immoral manner.

**Conclusion/Proposed finding of facts;** A breach of Contract, a breach of implied covenant of Good faith and fair dealings, as well as negligent misrepresentations all constitute a violation under Conn. Unfair Trade practice Act. As the claims listed above are all unfair and/or deceptive acts of practices as well as violate additional Laws, codes, regulations, or Guidelines covered under CUTPA's 'cigarette rule'.

*The purpose of CUTPA is to protect the public from unfair trade practices, and whether a practice is unfair depends upon the finding of a violation of an identifiable public policy. Di Teresi v. Stamford health system inc. (2013) 63 A.3d 1011, 142 Conn.App 172. Noyes v. Antiques at Pompey Hollow, LLC (2013) 73 A.3d 794, 144, Conn App. 582.*

**Summary of facts relied upon.**

The summary of Facts to support the claims in this document has been listed throughout in *Italics*, In addition there are various documents of procedures and guidelines revolving around modification review and loss mitigation review. Sections of the FHA handbook, FHA/Hud documents and programs, CHFA documents and programs, Letters/emails between FHA and Silber, Letters/emails between CHFA and Silber, documents and admission of actions or lack thereof filed previously by GMAC in this Bankruptcy case or the State of Connecticut foreclosure case against Silber, documents and/or letters sent from GMAC to Silber, or sent from GMAC to agents acting on Silber's behalf. As well as communication between GMAC employees, already presented to these courts as exhibits by the defendant, and made public knowledge. These facts and support documents will be sent to the court and opposing council, but not filed, as Exhibits no later than July 8th, 2015 in compliance with procedures for the hearing set forth by the Courts, as well as a final witness and deposition list from Silber.

Please note; Silber may, and will, use any further exhibits that can be cross examined once received from opposing council. In addition, examination of witness's brought forth by both parties and testimony from me, Todd Silber.

**NOTICE,** I certify this document has been sent to the following parties via USPS.

Morrison & Foerster LLP

250 West 55th Street | New York, NY 10019-9601

Attention; Jordan Wishnew, Kathy Priore, Jessica Arett, Norman Rosenbaum.

I swear this document to have been prepared in good faith, and all accounts to be accurate and true to the best of my knowledge.

Dated: June 29th, 2015.

_____ date 6/29/2015

Todd Silber, 73 Farnham Rd. South Windsor Ct. 06074

860-922-4156