KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESPONSE OF THE RESCAP LIQUIDATING TRUST TO**
**WILLIAM HENDRICKS' MOTION FOR CLARIFICATION**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor to the debtors

(the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this

response (the "**Response**") to the *Motion for Clarification re: Bankruptcy Stay* filed by William

Hendricks [Docket No. 8667] (the "**Motion**").  In support of this Response, the Liquidating Trust

submits the declaration of Charles Lyman, counsel for GMAC Mortgage, LLC (the "**Lyman**

**Declaration**"), attached hereto as **Annex 1**, and respectfully represents as follows:

<u>**RELEVANT BACKGROUND**</u>

**A.  Motion Background**

    1.    On May 22, 2015, Mr. Hendricks filed the Motion, which was docketed by

the Court on May 29, 2015.  Mr. Hendricks is the plaintiff in an action pending before Judge

Patrick McKay of the Superior Court for the State of Alaska, Third Judicial District at Anchorage (the "**Alaska Court**") against Debtor GMAC Mortgage, LLC, ("**GMAC Mortgage**")[1] in an action styled *Hendricks v. GMAC Mortgage, LLC*, No. 3AN-10-12839-CI (the "**Alaska Action**"). A copy of Mr. Hendricks' complaint in the Alaska Action (the "**Complaint**") is attached to the Lyman Declaration as **Exhibit 1**.

2.      Following the Petition Date, Mr. Hendricks continually undertook actions in the Alaska Action in violation of the automatic stay. Despite being informed by Mr. Lyman that his actions were violative of the stay, Mr. Hendricks continued his efforts to prosecute the Alaska Action. In turn, GMAC Mortgage filed a notice in the Alaska Action that the matter remained subject to the stay, and the Alaska Court considered the matter and concluded that the Alaska Action remained subject to the stay and struck the scheduled trial date.

3.      The Alaska Court also scheduled periodic status conferences attended by Mr. Hendricks and Mr. Lyman (telephonically) during which the applicability of the stay was discussed. At each status conference, the Alaska Court expressly stated to Mr. Hendricks that the Alaska Action could not proceed unless and until Mr. Hendricks obtained relief from stay from this Court. Additionally, on May 28, 2014, the Alaska Court entered an order that the parties provide periodic status reports. Pursuant to that order, GMAC Mortgage has filed with the Alaska Court and served upon Mr. Hendricks periodic status reports reaffirming its position that the matter remained stayed. Copies of those reports are attached to the Lyman Declaration as **Exhibit 2**.

4.      On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official*

---

[1] Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was deemed substituted as the party to any litigation in which the Debtors are a party. *See* Confirmation Order ¶ 34; Plan Art. VI.

*Committee of Unsecured Creditors* [Docket No. 6065] (the "**Confirmation Order**"), approving

the terms of the Chapter 11 plan, as amended (the "**Plan**") [Docket No. 6065-1].[2]  The Effective

Date under the Plan occurred on December 17, 2013.[3]

5.    On June 22, 2015, this Court entered the *Order Directing the ResCap*

*Liquidating Trust to Respond to William Hendricks' Motion for Clarification* [Docket No. 8777],

which ordered the Liquidating Trust to file a response to the Motion on or before July 6, 2015.[4]

**B.    The Alaska Action**

6.    Pursuant to the allegations made in the Complaint, Mr. Hendricks appears

to assert both monetary claims and seek injunctive relief against GMAC Mortgage, in connection

with a loan serviced by GMAC Mortgage's alleged failure to provide an accurate pay-off

statement, a failure that Mr. Hendricks alleges prevented him from selling the underlying

property.  *See* Complaint at p. 2-4.

7.    Specifically, in seeking monetary claims against GMAC Mortgage, Mr.

Hendricks alleges that GMAC Mortgage repeatedly failed to provide him with an accurate pay-

off statement, as well as charged him with additional fees and interest payments beyond the

amounts he actually owed.  *See* Complaint ¶ 4-5.  As a result, Mr. Hendricks alleges he suffered

"substantial economic damages based on an inability to sell the subject real estate" *Id.*  ¶ 6, and

demands compensatory and punitive damages in excess of $150,000.00.  *Id.* at p. 3.

---

[2] Both the Confirmation Order and Plan contain injunctive provisions barring the pursuit of monetary claims against the Debtors that were not filed by the Bar Date.  Further, paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Order also directed the Liquidating Trust to serve Mr. Hendricks with a copy of the Order, which the Liquidating Trust did through its noticing agent.  *See Supplemental Affidavit of Service* [Docket No. 8803].

8.     In addition, in seeking equitable relief against GMAC Mortgage, Mr. Hendricks alleges that the acts and omissions of GMAC Mortgage are "causing continuing damage" including "on-going foreclosure proceedings" and "refusal to provide documents necessary for the sale of the subject property." *Id.* ¶ 10. Accordingly, Mr. Hendricks seeks equitable relief including requiring GMAC to (i) refrain from further foreclosure proceedings and (ii) provide Mr. Hendricks with a "formal statement containing an accurate payoff figure to facilitate sale of the subject property." Complaint at p. 5.

9.     As discussed below, the monetary claims asserted by Mr. Hendricks fall squarely within the scope of the injunctive provisions of the Plan and Confirmation Order and must be dismissed, and the equitable relief sought by Mr. Hendricks is (i) either moot or (ii) unable to be provided by the Liquidating Trust.[5]

### RESPONSE TO THE MOTION

10.     As discussed below, the monetary claims asserted by Mr. Hendricks against GMAC Mortgage in the Alaska Action must be dismissed. Further, the equitable relief sought by Mr. Hendricks is either moot or beyond the ability of the Liquidating Trust to provide.

### A.     Monetary Claims

11.     As the Court is aware, both the Confirmation Order and the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. *See* Plan, Art. IX.I; Confirmation Order, ¶ 40(g). Under Article VIII.B of the Plan, claims that were not timely filed by the applicable Bar Date were released as of the

---

[5] On March 13, 2015, the Court entered an order approving certain procedures for enforcing the injunctive provisions of the Plan and Confirmation Order [Docket No. 8303]. Specifically, upon the Liquidating Trust's determination that a party is asserting monetary claims against the Debtors in a litigation but failed to file a proof of claim, the Liquidating Trust is authorized to send a letter informing the party that they are in violation of the Plan and Confirmation Order. Prior to the filing of the Motion, the Liquidating Trust was conducting due diligence on Mr. Hendricks' claims, and has not yet sent Mr. Hendricks such a letter.

Effective Date.  Despite being served with notice of the Bar Date through his attorney who filed the Complaint,[6] Mr. Hendricks did not file a proof of claim by the applicable Bar Date.[7]  *See Affidavit of Service of Clarissa D. Cu re: Notice of Deadlines for Filing Proofs of Claim* [Docket No. 1412 at p. 3908].  Accordingly, Mr. Hendricks' claims for monetary damages are barred and he must dismiss any monetary claims against GMAC Mortgage.

12.     In the Motion, Mr. Hendricks appears to suggest that his monetary claims against GMAC Mortgage are not subject to the automatic stay as a result of the Supplemental Servicing Order [Docket No. 774], because the Alaska Action "was filed to prevent foreclosure." Motion at p. 2.  Such reading of the Supplemental Servicing Order is mistaken.  Pursuant to the Supplemental Servicing Order, the automatic stay imposed by section 362 of the Bankruptcy Code was modified to permit the prosecution of a monetary claim only "where a monetary claim must be plead . . . to assert a claim to defend against or otherwise enjoin or preclude a foreclosure."  Supplemental Servicing Order ¶ 14(b).[8]  As detailed below, there is no foreclosure to enjoin, and accordingly, such exception does not apply.

13.     In any case, the injunctive provisions of the Plan and Confirmation Order, not the automatic stay, requires Mr. Hendricks to dismiss all monetary claims against GMAC Mortgage because he did not file a proof of claim in the Bankruptcy Cases.

---

[6] Mr. Hendricks is now appearing pro se.

[7] On August 29, 2012, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**").  On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093].

[8] Notably, pursuant to the Confirmation Order, the injunctive provisions of the Plan and Confirmation Order remain subject to the Supplemental Servicing Order.  *See* Confirmation Order ¶ 63(g).

B.    **Equitable Relief**

14.    Despite the suggestion in the Motion that the property is subject to a foreclosure, *see* Motion at 2, there is no foreclosure to enjoin, as indicated by multiple pleadings filed in the Alaska Action.  For example, on January 14, 2014, GMAC Mortgage filed in the Alaska Action the *Notice That Claims To Be Tried Are Subject to Automatic Stay* (the "**January 2014 Notice**"), which states "there is no active foreclosure proceeding and nothing to enjoin." January 2014 Notice at p. 2.  A copy of the January 2014 Notice is attached to the Lyman Declaration as **Exhibit 3**.

15.    Further, attached to the January 2014 Notice was an Order dated August 24, 2011 (the "**August 2011 Order**") entered in the Alaska Action which reflects a settlement reached by the parties whereby Mr. Hendricks would place the property for sale, and "[i]f it does not sell within six months, he will execute a deed in lieu of foreclosure."  A copy of the August 2011 Order is attached to the January 2014 Notice at **Exhibit 3**  to the Lyman Declaration.

16.    In fact, Mr. Hendricks is in violation of the August 2011 Order, as the property has not been sold and, to the best of the Liquidating Trust's knowledge, Mr. Hendricks has not executed a deed in lieu of foreclosure.  *See* Lyman Declaration at ¶ 7.  Accordingly, Mr. Hendricks' equitable claims to halt foreclosure proceedings are moot.

17.    In addition, the other equitable relief sought by Mr. Hendricks (*i.e.* receiving an accurate pay-off statement) cannot be obtained from GMAC Mortgage, as GMAC Mortgage is no longer the servicer of the loan that is the subject of the Alaska Action.  As the Court is aware, by Order dated November 21, 2012, the Court approved the sale of the Debtors' mortgage servicing platform to Ocwen Loan Servicing LLC ("**Ocwen**") [Docket No. 2246] (the "**Ocwen Sale Order**").  The sale of the servicing platform (the "**Sale**") closed on February 15, 2013.  To the extent Ocwen remains the servicer on the underlying loan, Ocwen, and not the

Debtors or the Liquidating Trust, is the party capable of providing Mr. Hendricks with a payoff statement.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court exercise its authority under the Plan and Confirmation Order to enforce the Plan Injunction by entering an order (i) clarifying that continued pursuit of monetary claims by Mr. Hendricks against GMAC Mortgage is in violation of the Plan Injunction and (ii) ordering Mr. Hendricks to dismiss all monetary claims against GMAC Mortgage.[9]

Dated:   July 6, 2015
         New York, New York

                                  KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                  /s/ Joseph A. Shifer
                                  Kenneth H. Eckstein
                                  Douglas H. Mannal
                                  Joseph A. Shifer
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone: (212) 715-9100
                                  Facsimile: (212) 715-8000
                                  *Counsel for the ResCap Liquidating Trust*

---

[9] In the event a hearing on the Motion is necessary, the Liquidating Trust has no objection to Mr. Hendricks appearing telephonically, as he requested in the Motion.

**<u>Annex 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF CHARLS LYMAN IN**
**SUPPORT OF RESPONSE OF RESCAP LIQUIDATING**
**TRUST TO WILLIAM HENDRICKS' MOTION FOR CLARIFICATION**

I, Charles Lyman, hereby declare as follows:

        1.      I am a member of Schlemlein Goetz Fick & Scruggs, PLLC, and counsel to GMAC Mortgage, LLC in the Alaska Action.[1]  I am authorized to submit this declaration (the "**Declaration**") in support of the *Response of ResCap Liquidating Trust to William Hendricks' Motion for Clarification* (the "**Response**").

        2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and information learned from my review of relevant documents to the Alaska Action. If I were called upon to testify, I could and would testify competently to the facts set forth in the Response on that basis.

        3.      On December 21, 2010, Mr. Hendricks filed a complaint in the Superior Court for the State of Alaska, Third Judicial District at Anchorage against GMAC Mortgage, LLC in an action styled *Hendricks v. GMAC Mortgage, LLC*, No. 3AN-10-12839-CI.  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Response.

4.      Following the Petition Date, Mr. Hendricks continually undertook actions in the Alaska Action in violation of the automatic stay.  Despite being informed by me that his actions were violative of the stay, Mr. Hendricks continued his efforts to prosecute the Alaska Action.  In turn, GMAC Mortgage filed a notice in the Alaska Action that the matter remained subject to the stay, and the Alaska Court considered the matter and concluded that the Alaska Action remained subject to the stay and struck the scheduled trial date.

5.      The Alaska Court also scheduled periodic status conferences attended by Mr. Hendricks and me (telephonically) during which the applicability of the stay was discussed. At each status conference, the Alaska Court expressly stated to Mr. Hendricks that the Alaska Action could not proceed unless and until Mr. Hendricks obtained relief from stay from this Court.  On May 28, 2014, the Alaska Court entered an order that the parties provide periodic status reports.  Pursuant to that order, GMAC Mortgage has filed with the Alaska Court and served upon Mr. Hendricks periodic status reports reaffirming its position that the matter is subject to the bankruptcy stay. True and correct copies of those reports are attached hereto as **Exhibit 2**.

6.      On January 14, 2014, GMAC Mortgage filed in the Alaska Action the *Notice That Claims To Be Tried Are Subject to Automatic Stay* (the "**January 2014 Notice**"), which indicates there is no foreclosure to enjoin.   A true and correct copy of the January 2014 Notice is attached hereto as **Exhibit 3**.

7.      Attached to the January 2014 Notice was an Order dated August 24, 2011 (the "**August 2011 Order**") entered in the Alaska Action which reflects a settlement reached by the parties that Mr. Hendricks would place the property for sale, and "[i]f it does not sell within six months, he will execute a deed in lieu of foreclosure."   To the best of my knowledge, there is

no evidence Mr. Hendricks has executed a deed in lieu of foreclosure, and as such is in violation

of the August 2011 Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: July 6, 2015

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

/s/ Charles Lyman
Charles Lyman
66 S. Hanford St., Suite 300
Seattle, WA 98134
Telephone: (206) 448-8100
Facsimile: (206) 448-8514
*Counsel for GMAC Mortgage, LLC*

**<u>Exhibit 1</u>**

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| WILLIAM HENDRICKS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GMAC MORTGAGE, LLC, | ) |
| Defendants. | ) |
| | ) Case Number 3AN-10-12839 CI |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, WILLIAM HENDRICKS, by and through counsel of record, GAYLE J. BROWN, and for complaint alleges as follows:

### I.

### JURISDICTION

1.    WILLIAM HENDRICKS, (hereinafter referred to as "Plaintiff"), is and was at all times relevant to this action a resident of the State of Alaska. Plaintiff is qualified to bring and maintain this action.

2.    Upon information and belief, at all material times the Defendant, GMAC Mortgage, LLC, (hereinafter referred to as the Defendant), was a corporation

<div style="writing-mode: vertical">Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311</div>

doing business within the State of Alaska and is currently subject to the jurisdiction of this Court.

## II.

### FACTUAL BASIS

Plaintiff incorporates paragraphs 1 and 2 herein by reference as if fully set forth and further alleges as follows:

3.    Beginning in March of 2009, the Plaintiff began trying to obtain a formal pay-off statement from the Defendant so that the Plaintiff could sell the premises mortgaged by the Defendant and pay off the mortgage indebtedness thereon.

4.    The Defendant has consistently failed, over the past two years, to provide an accurate pay-off statement, falsely maintaining that the Plaintiff is required to pay a number of additional fees and interest payments beyond over and above the principal and interest actually owed on the subject mortgage debt.

5.    The Defendant offered the Plaintiff several different excuses for the subject additional charges but, when the Plaintiff provided documentation disproving the validity of such excuses, the Defendant responded by initiating foreclosure proceedings.

6.    As a direct and legal result of the conduct of the Defendant, Plaintiff has sustained, and continues to suffer, substantial economic damages based on an inability to sell the subject real estate.

<div style="margin-left:0;">

Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311

</div>

Hendricks v. GMAC
Complaint for Damages and Injunctive Relief                                    Page 2 of 6

7.  The acts and omissions of the Defendant referenced hereinabove constitute violations of the Alaska Unfair Trade Practices and Consumer Protection Act, [Alaska Statute 45.50.471(b)(52)], inasmuch as such acts and omissions constitute "unfair, deceptive, or fraudulent mortgage loan practices" in violation of Alaska Statute 06.60.340(11).

8.  As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff:

a.   has been unable to secure re-financing of the subject mortgage;

b.   has been unable to sell the mortgaged real estate;

c.   has been unable to take advantage of the federal loan modification programs enacted over the past to years;

d.   and has otherwise been caused to sustain financial losses.

9.  The Plaintiff's losses were, are and will be due to and by reason of the unlawful acts and omissions of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff demands compensatory and punitive damages in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, the exact amount to be determined at trial.

Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311

## IV.

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF

Plaintiff incorporates paragraphs 1 through 9 herein by reference as if fully set forth and further alleges as follows:

10.    The acts and omissions of the Defendant referenced hereinabove are causing continuing damage to the Plaintiff's financial situation, including on-going foreclosure proceedings on the Plaintiff's residential property, refusal to provide documents necessary for the sale of the subject property and damage to the Plaintiff's credit, which cannot be remedied through any award of monetary damages.

WHEREFORE, Plaintiff requests equitable relief in the form of an order requiring that the Defendant refrain from further foreclosure proceedings for a period of six months to permit sale of the subject property and, further, for an order requiring the Defendant to provide the Plaintiff with a formal statement containing an accurate payoff figure to facilitate sale of the subject property. Upon information and belief, said payoff figure is approximately $70,000.00.

## IV.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief in this cause of action:

Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311

Hendricks v. GMAC
Complaint for Damages and Injunctive Relief                          Page 4 of 6

A.    That the Court adjudge and decree that the Defendant engaged in the conduct alleged herein;

B.    That the court adjudge and decree that the conduct of the Defendant complained of by the Plaintiff, in his cause of action herein, is unlawful and in violation of Alaska law;

C.    That the Court assess compensatory and punitive damages against the Defendants in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, the exact amount to be determined at trial;

D.    That the Court grant equitable relief in the form of an order requiring that the Defendant refrain from further foreclosure proceedings for a period of six months to permit sale of the subject property;

E.    That the Court grant further equitable relief in the form of an order requiring the Defendant to provide the Plaintiff with a formal statement containing an accurate payoff figure to facilitate sale of the subject property. Upon information and belief, said payoff figure is approximately $70,000.00.

F.    That Plaintiff be awarded attorney's fees and costs incurred in prosecuting this action;

G.    That the Court award Plaintiff prejudgment and post-judgment interest in the highest amount allowed by law; and

H.    That the Court award Plaintiff such other relief as it deems just and proper in the premises.

Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311

Hendricks v. GMAC
Complaint for Damages and Injunctive Relief

Page 5 of 6

Dated at Anchorage, Alaska this 21st day of December, 2010.

_____

Gayle J. Brown  (ABN #9411094)
Attorney for Defendant

Gayle J. Brown, Attorney at Law
750 W. Second Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311

<u>Hendricks v. GMAC</u>
Complaint for Damages and Injunctive Relief

Page 6 of 6

 

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

William Hendricks
_____
Plaintiff(s),

vs.

GMAC Mortgage LLC
_____
Defendant(s).

CASE NO. 3AN- 10 - 13829 C T

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: GMAC Mortgage LLC

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition,
a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented)
Gayle J. Brown, whose address is: 750 W. 2nd Avenue
STE 707, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this
case, in writing, of your current mailing address and any future changes to your mailing address
and telephone number. You may use court form *Notice of Change of Address / Telephone
Number* (TF-955), available at the clerk's office or on the court system's website at
www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the
attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO:  Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge  n lckay
  and Master _____

☐ This case has been assigned to District Court Judge _____

CLERK OF COURT

12-31-10
_____
Date

By: _____
Deputy Clerk

I certify that on 12 31 10 a copy of this Summons was   ☐ mailed   ☒ given to
☐ plaintiff   ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order   ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If
you have been served with this summons outside the United States, you also have 40 days to file
your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

**<u>Exhibit 2</u>**

Charles A. Lyman
Garth A. Schlemlein
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St, Suite 300
Seattle, WA  98134
206-448-8100
Attorneys for Defendant



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

WILLIAM HENDRICKS,

    Plaintiff,

  v.

GMAC MORTGAGE, LLC,

    Defendant,

Case No. 3AN-10-12839 CI

## <u>DEFENDANT'S STATUS REPORT</u>

COMES NOW the Defendant GMAC Mortgage, LLC, by and through its attorneys of record, and hereby submits the following:

**<u>COUNSEL OF RECORD</u>**:  Charles A. Lyman, attorney of record for GMAC Mortgage, LLC, recently changed law firms, effective July 1, 2014.  Enclosed herewith is a notice of withdrawal of counsel of Betts Patterson Mines, P.S. and substitution of counsel for the law firm of Schlemlein Goetz Fick & Scruggs, PLLC.  Mr. Schlemlein is an attorney licensed to practice law in the State of Alaska.  Mr. Schlemlein's Alaska State Bar Association number is 8602011. Mr. Schlemlein is sponsoring Mr. Lyman in replace of James D. Nelson, at the law firm of Betts Patterson Mines, P.S.



STATUS REPORT
Case No. 3AN-10-12839 CI
*Hendricks v. GMAC Mortgage, LLC*
Page 1 of 3

**BANKRUPTCY STAY**:  This matter is currently stayed by the virtue of the

Residential Capital Bankruptcy.  Residential Capital("ResCap") is a parent company of

GMAC Mortgage, LLC ("GMAC").  ResCap filed for relief under Chapter 11 of the

United States Bankruptcy Code in Bankruptcy Court for the Southern District of New

York under Cause Number 12-12020.  Mr. Hendrick's attorney withdrew from the

matter.  As a *pro se* litigant, Mr. Hendricks has raised an unfounded discovery issue.

*First*, would like to point out that the matter is without any merit, as all discovery has

been fully responded to.  *Further*, GMAC would like to point out that Mr. Hendricks has

failed to respond discovery propounded by GMAC.  *Finally*, GMAC would like to point

out that those issues are neither here nor there, *to wit*:  the case remains stayed by virtue

of the Chapter 11 filing.  Mr. Hendricks has taken no action to seek relief from stay and

relief has not been granted.

DATED this ____ day of ~~September~~, 2014.    *October*

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

Charles A. Lyman, *Pro Hac Viee*
Garth A. Schlemlein, Alaska Bar #8602011
Attorneys for Defendant
GMAC Mortgage, LLC

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA  98134
T: 206-448-8100    F: 206-448-8514

STATUS REPORT
Case No. 3AN-10-12839 CI
*Hendricks v. GMAC Mortgage, LLC*
Page 2 of ~~3~~ 2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the
19th day of _October_ , 2014, a true and correct
copy of the foregoing document was served upon
the following attorneys of record:

**Plaintiff _Pro Se_:**
William Hendricks
16810 Easy Street, Apt. 00
Eagle River, Alaska 99577
P: (907) 744-1568

☒ Hand Delivery : Fed Ex Overnight
☐ Legal Messenger
☐ U.S. Mail
☐ Facsimile:
☒ E-mail: paladinls@msn.com

Bree D. Mulick, Legal Assistant

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
T: 206-448-8100   F: 206-448-8514

STATUS REPORT
Case No. 3AN-10-12839 CI
_Hendricks v. GMAC Mortgage, LLC_
Page 3 of 3

Charles A. Lyman
Garth A. Schlemlein
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St, Suite 300
Seattle, WA  98134
206-448-8100
Attorneys for Defendant

**COPY**
Original Received

OCT 20 2014

Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

WILLIAM HENDRICKS,

　　　　　Plaintiff,

　v.

GMAC MORTGAGE, LLC,

　　　　　Defendant,

Case No. 3AN-10-12839 CI

## DEFENDANT'S SUPPLEMENTAL STATUS REPORT

COMES NOW the Defendant GMAC Mortgage, LLC, by and through its

attorneys of record, and hereby submits the following:

**COUNSEL OF RECORD**:  Charles A. Lyman, attorney of record for GMAC

Mortgage, LLC, recently changed law firms, effective July 1, 2014.  Enclosed herewith is

a notice of withdrawal of counsel of Betts Patterson Mines, P.S. and substitution of

counsel for the law firm of Schlemlein Goetz Fick & Scruggs, PLLC.  Mr. Schlemlein is

an attorney licensed to practice law in the State of Alaska.  Mr. Schlemlein's Alaska State

Bar Association number is 8602011. Mr. Schlemlein is sponsoring Mr. Lyman in replace

of James D. Nelson, at the law firm of Betts Patterson Mines, P.S.

SUPPLEMENTAL STATUS REPORT
Case No. 3AN-10-12839 CI
*Hendricks v. GMAC Mortgage, LLC*
Page 1 of 3

**SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC**
66 S. Hanford Street, Suite 300
Seattle, WA  98134
T: 206-448-8100    F: 206-448-8514

**BANKRUPTCY STAY**: This matter is currently stayed by the virtue of the Residential Capital Bankruptcy. Residential Capital("ResCap") is a parent company of GMAC Mortgage, LLC ("GMAC"). ResCap filed for relief under Chapter 11 of the United States Bankruptcy Code in Bankruptcy Court for the Southern District of New York under Cause Number 12-12020.

**NO PENDING FORECLOSURE**: Mr. Hendricks filed a Supplemental Status Report in which it was pointed out that a foreclosure notice had been sent to the Debtor. No foreclosure is pending. The undersigned counsel of record has confirmed the same with GMAC and that the matter remains on "Litigation Hold." The undersigned counsel of record has confirmed the same with Mr. Hendricks.

DATED this ___15___ day of October, 2014.

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

*Pro Hac Vice*

Charles A. Lyman, *Pro Hac Vice*
Garth A. Schlemlein, Alaska Bar #8602011
Attorneys for Defendant
GMAC Mortgage, LLC

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
T: 206-448-8100   F: 206-448-8514

SUPPLEMENTAL STATUS REPORT
Case No. 3AN-10-12839 CI
*Hendricks v. GMAC Mortgage, LLC*
Page 2 of 3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the
15ᵗʰ day of _October_, 2014, a true and correct
copy of the foregoing document was served upon
the following attorneys of record:

**Plaintiff _Pro Se_:**                      ☒  Hand Delivery – Fed Ex
William Hendricks                            ☐  Legal Messenger
16810 Easy Street, Apt. 00                   ☐  U.S. Mail
Eagle River, Alaska 99577                    ☐  Facsimile:
P: (907) 744-1568                            ☒  E-mail: paladinls@msn.com


_Marlene Tibke_
Marlene Tibke, Legal Assistant

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
T: 206-448-8100    F: 206-448-8514

Charles A. Lyman
Schlemlein Goetz Fick & Scruggs, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
(206) 448-8100
Pro Hac Vice for Defendants

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

WILLIAM HENDRICKS,

                        Plaintiff,

vs.

                                                    CASE NO. 3AN-10-12839 CI

GMAC MORTGAGE, LLC,

                        Defendants.

## DEFENDANT'S SUPPLEMENTAL STATUS REPORT

COMES NOW the Defendant, GMAC Mortgage, LLC, by its counsel of record Charles A. Lyman, *pro hac vice*, and hereby submits the following to the attention of the Court:

This matter remains stayed pursuant to the Residential Capital Chapter 11. Defense counsel has not received any notification that Plaintiff has attempted to obtain relief from stay. Defense counsel and Plaintiff have communicated recently regarding a notice that Plaintiff received from the servicer of the subject loan. We also understand that Plaintiff has drawn to the Court's attention the notice from the servicer. Upon hearing from plaintiff of the servicer's communication, Defense counsel updated the servicer regarding the status of the pending litigation.

DEFENDANT'S SUPPLEMENTAL STATUS
REPORT - 1
<u>Hendricks v. GMAC</u>, 3AN-10-12839 CI

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St., Suite 300
Seattle WA 98134
(206) 448-8100 Fax (206) 448-8514

1    Dated at Seattle, Washington this 6 day of March, 2015.

2                              SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

3

4                              By _____
                                  Charles A. Lyman, *Pro Hac Vice*
                                  Garth A. Schlemlein, Alaska Bar #8602011
5                                 Attorneys for Defendant
                                  GMAC Mortgage, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S SUPPLEMENTAL STATUS
REPORT - 2
Hendricks v. GMAC, 3AN-10-12839 CI

                                   SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
                                           66 S. HANFORD ST., SUITE 300
                                                SEATTLE WA 98134
                                     (206) 448-8100 FAX (206) 448-8514

## CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1.    I am employed by the law firm of Schlemlein Goetz Fick & Scruggs.

2.    At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and am competent to be a witness herein.

3.    On March 6, 2015 I caused a true and correct copy of the foregoing Defendant's Supplemental Status Report to be served on the following party via the method indicated:

**PLAINTIFF PRO SE**
William Hendricks
16810 Easy Street, #00
Eagle River, AK 99577
[**X**] Via U.S. Mail, Postage Prepaid
[ ] Via Hand Delivery
[ ] Via Facsimile:

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Executed this 6 day of March, 2015, at Seattle, Washington.

Marlene Tibke

DEFENDANT'S SUPPLEMENTAL STATUS
REPORT - 3
Hendricks v. GMAC, 3AN-10-12839 CI

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St., Suite 300
Seattle WA 98134
(206) 448-8100 Fax (206) 448-8514

**Exhibit 3**

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

| | |
|---|---|
| WILLIAM HENDRICKS, | |
| Plaintiff, | Case No. 3AN-10-12839 CI |
| v. | NOTICE THAT CLAIMS TO BE TRIED ARE SUBJECT TO AUTOMATIC STAY |
| GMAC MORTGAGE, LLC, | |
| Defendant, | |

COMES NOW, GMAC Mortgage, LLC ("GMAC") and submits this Notice of Applicability of the Automatic Stay. Notice is hereby given that GMAC files herewith a copy of the Final Supplemental Order ("Final Order") Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108, in Residential Capital, LLC, *et al*., Bankruptcy No. 12-12020 (MG). The Final Order was entered on in the Bankruptcy Court on July 13, 2012 and filed with this Court on August 10, 2012. Prior to that time, the Bankruptcy Court entered its Supplemental Order for Interim Relief on June 15, 2012. It was also filed with this Court.

The Final Order granted limited relief from stay to Mr. Hendricks and similarly situated litigants. However, as discussed below, the limited relief from stay granted by the Final Order is not applicable to the claims remaining in this case. Therefore, the automatic stay remains in effect as to Mr. Hendricks current claims.

Among other things, the Final Order states that:

> absent further order of the [Bankruptcy] Court, the automatic stay shall remain in full force and effect with respect to and pending and future party claims and counter-claims: (i) for monetary

NOTICE THAT CLAIMS TO BE TRIED
ARE SUBJECT TO AUTOMATIC STAY    - 1 -
667478.1/011414 0931/75560026

Betts
Patterson
Mines
One
Convention
Place
 Ste 1400
701 Pike St.
Seattle,  WA
98101-3927
206-292-9988

relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to assert or defend against or otherwise enjoin or preclude a foreclosure (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate the prosecution and completion of a foreclosure action or eviction; (iii) asserted in the form of a class action or collective action.

Final Order ¶ 14(b). Here, the reason that limited relief was permitted was to pursue the settlement and loss mitigation programs, which had previously been agreed to by the parties at the August 4, 2011, Settlement Conference. A copy of the Settlement Order is attached. The effect of the Settlement Order is that the parties agreed not to continue with the foreclosure. Rather, the house would sell or Mr. Hendricks would provide a *deed in lieu* of foreclosure. Per the settlement, the only issue that would remain if the house sold would be the distribution of the proceeds. Thus, there is no active foreclosure proceeding and nothing to enjoin. Moreover, Mr. Hendricks maintains that he is entitled to damages. This being the case, the automatic stay remains in effect per ¶ 14(b) of the Final Order. Mr. Hendricks is free to seek relief from stay should he choose to do so.

DATED this 14th day of January, 2014.

BETTS, PATTERSON & MINES, P.S.

By _____
Charles A. Lyman
Attorneys for Defendants GMAC Mortgage LLC

Betts
Patterson
Mines
One
Convention
Place
Ste 1400
701 Pike St.
Seattle, WA
98101-3927
206-292-9988

NOTICE THAT CLAIMS TO BE TRIED
ARE SUBJECT TO AUTOMATIC STAY        - 2 -
667478.1/011414 0943/75560026

## CERTIFICATE OF SERVICE

I certify that on the 14th day of January, 2014,
a copy of the foregoing document was served by U.S. Mail and hand delivery on:

Plaintiff:

William Hendricks
16810 Easy Street, Apt 00
Eagle River, AK 99577


_Cynthia Daniel_

Cynthia Daniel
Legal Assistant
BETTS, PATTERSON & MINES, P.S.
One Convention Place
701 Pike Street, Suite 1400
Seattle, WA 98101-3927
Phone:  (206) 292-9988
Fax:  (206) 343-7053
Email: cdaniel@bpmlaw.com

Betts
Patterson
Mines
One
Convention
Place
 Ste 1400
701 Pike St.
Seattle, WA
98101-3927
206-292-9988

NOTICE THAT CLAIMS TO BE TRIED
ARE SUBJECT TO AUTOMATIC STAY     - 3 -
667478.1/011414 0957/75560026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a

supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and

Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation

programs; (ii) approving procedures for the compromise and settlement of certain claims,

litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting

limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct

claims and counter-claims in foreclosure and eviction proceedings (including in states in which

non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower

bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.



1212020120713000000000011

they service senior mortgage loans and own the junior mortgage loans on the underlying

property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions

involving the amount, validity or priority of liens on properties subject to foreclosure

proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee

fees and expenses; and the Court having considered the Whitlinger Affidavit and the Bocresion

Declaration; and the Court having entered the Interim Supplemental Order on June 15, 2012

[Docket No. 391]; and the Court having entered a final order on June 15, 2012 granting the GA

Servicing Motion on a final basis [Docket No. 401]; and the Court having entered a final order

on June 15, 2012 granting the Non-GA Servicing Motion on a final basis [Docket No. 402]; and

it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this proceeding on the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion

having been given and it appearing that no other or further notice need be provided; and the

National Association of Consumer Bankruptcy Attorneys, on its own behalf and in a

representative capacity, two individuals who are debtors under Chapter 13, and Edward Boltz,

counsel for those individuals, having filed jointly the Limited Omnibus Objection To The

Servicing Orders And Debtors' May 31, 2012 Motion For A Supplemental Order [Docket No.

221] (the "NACBA Objection"); and the Committee having filed the Omnibus Response And

Reservation Of Rights Of The Official Committee Of Unsecured Creditors To Certain Of The

Debtors' First Day Motions [Docket No. 240]; and the Debtors having filed the Omnibus Reply

To Objections To Entry Of Final Orders For Specific "First Day" Motions And Related Relief

[Docket. No. 254]; and upon the record of the hearing; and it appearing that the relief requested

by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and any objections to the Motion, including the NACBA Objection, having been withdrawn, resolved, or overruled on the merits; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED on a final basis, as set forth herein, and any objections to the Motion are hereby overruled;

Loss Mitigation Programs

2.    The Debtors are authorized, but not directed in their sole and absolute discretion and subject to available funding, to continue developing and implementing loss mitigation programs and procedures in the ordinary course of their businesses *nunc pro tunc* to the Petition Date, including, but not limited to, making incentive payments to borrowers in connection with the closing of short sales, or vacating properties in lieu of foreclosure or eviction proceedings, or in the form of borrower rebates for loan payoffs including honoring all obligations related thereto that accrued in whole or in part prior to the Petition Date (collectively, the "Loss Mitigation Programs"); provided, however, that the aggregate cash payments made by the Debtors to individual borrowers under the Loss Mitigation Programs that are not reimbursed to the Debtors shall not exceed $550,000 per month (the "Monthly Cap"), absent consent of the Committee or further order of the Court; provided, further, however, that to the extent the Debtors do not exceed the Monthly Cap in any month they shall be entitled to utilize the difference between the actual amount and the Monthly Cap in any succeeding month. The Debtors shall provide monthly reports to the Committee and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), which reports shall be in a

3

form agreed to by the Debtors and the Committee and such additional information as shall be

reasonably requested by the Committee, in each case, concerning the Loss Mitigation Programs.

3.      Cash payments made by the Debtors to individual borrowers under the

Loss Mitigation Programs for which the Debtors are not reimbursed shall not exceed $4.2

million in the aggregate, absent consent of the Committee or further order of the Court.  For the

avoidance of doubt, the limitation on the amount of cash payments provided for in this paragraph

3 is in addition to the limitation on the amount of cash payments provided for in paragraph 12

hereof.

Settlement Procedures

4.      The Debtors are authorized, but not directed to compromise and settle

certain claims brought by the Debtors against any non-insider third parties in-connection with

foreclosure, eviction, or borrower bankruptcy proceedings (each a "Settling Party") or by a

Settling Party against any of the Debtors (each, a "Claim") in accordance with the following two-

tiered procedures (the "Settlement Procedures"):

> Tier I:  The Debtors, in their sole discretion, may enter into,
> execute and consummate written agreements of settlement with
> respect to Claims that will be binding on the Debtors and their
> estates without further action by this Court or notice to any party
> and grant such Settling Parties cash payments or allowed
> prepetition claims in amounts not to exceed $40,000 in full
> settlement of such Claim (each, a "Tier I Settlement").

> Tier II:  The Debtors may enter into, execute and consummate
> written agreements of settlement with respect to Claims that will
> be binding on the Debtors and their estates without further action
> by this party and grant such Settling Parties
> cash payments or allowed prepetition claims in amounts exceeding
> $40,000 but less than $100,000 in full settlement of such Claims
> (each, a "Tier II Settlement"); provided, that in each case:

> (a) The Debtors must provide advance written notice (by
> formal or informal means, including by e-mail correspondence) of
> the terms of any Tier II Settlement to (x) the U.S. Trustee, 33

4

Whitehall Street, 21st Floor, New York, New York 10004, Attn:
Brian S. Masumoto, (y) counsel for the Committee, Kramer Levin
Naftalis & Frankel LLP, 1177 Avenue of the Americas New York,
NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal;
and (z) counsel to the administrative agent for the Debtors'
providers of debtor in possession financing, Skadden, Arps, Slate,
Meagher & Flom LLP, 4 Times Square, New York, New York
10036, Attn: Kenneth S. Ziman and Jonathan H. Hofer
(collectively the "Notice Parties")

(b) Those Notice Parties wishing to object to any proposed
Tier II Settlement must serve a written objection (by formal or
informal means, including by e-mail correspondence) on the
Debtors, so that it is received by no later than 4:00 p.m. (prevailing
Eastern Time) on the day that is seven (7) calendar days from the
date the Notice Parties received written notice of such Tier II
Settlement (the "Settlement Objection Deadline"). Objections
should be addressed to the proposed attorneys for the Debtors,
Morrison & Foerster LLP, 1290 Avenue of the Americas, New
York, New York 10104, Attn: Larren M. Nashelsky
(LNashelsky@mofo.com) and Norman S. Rosenbaum
(NRosenbaum@mofo.com).

(c) If the Debtors receive a timely objection from a Notice
Party, the parties will confer and attempt to resolve any
differences. Failing that, the Debtors may petition the Court for
approval of the Tier II Settlement in accordance with any case
management orders entered in the Chapter 11 cases. An objection
by a Notice Party with respect to a given Tier II Settlement shall
not delay the finality or effectiveness of any other settlement to
which an objection has not timely been delivered.

(d) If the Debtors do not receive a written objection to a
Tier II Settlement from a Notice Party by the Settlement Objection
Deadline, then such Tier II Settlement shall be deemed approved
and the Debtors and Settling Parties may carry out the terms of
such Tier II Settlement without further notice or Court approval.

5.    The Debtors shall be required to seek approval from the Court in order to

enter into and consummate any proposed settlement of a Claim with a settlement amount in

excess of $100,000.

6.    The Debtors are authorized in their sole discretion, but not directed, to

settle claims where some or all of the consideration is being provided by a third party and/or

5

ny-1046923

where the Debtors are releasing claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures.

7.    The Settlement Procedures are without prejudice to the right of the Debtors to seek an order of this Court approving additional or different procedures with respect to specific claims or categories of claims.  For claims relating to matters specified in paragraphs 14(a) and 15(a) of this Order that were resolved pursuant to a settlement prior to the Petition Date, but where such settlement has not been consummated, the Debtors are authorized, but not directed to, consummate said settlements in accordance with the Settlement Procedures set forth in this Order.

8.    Notwithstanding anything to the contrary contained herein, this Order shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any prepetition or postpetition controversy arising in the ordinary course of the Debtors' businesses, or resolve any controversy authorized by any other order of the Court.

9.    Nothing in this Order or the Motion shall constitute a determination or admission of liability or of the validity or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity or priority of any claim asserted.

10.    The authority granted in this Order shall not replace or obviate the need to comply with the Debtors' internal procedures, legal or otherwise, for authorizing the settlements contemplated in the Motion.  All settlements made pursuant to the Settlement Procedures shall, to the extent applicable, be made in accordance with the Debtors' settlement procedures in effect as of the Petition Date (the "Internal Settlement Protocol") and as may be amended from time; provided, however, that the Debtors shall provide the Committee and the U.S. Trustee with notice of any material changes to the Internal Settlement Protocol.

6

11.     The Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning settlements of any Claims pursuant to the Settlement Procedures.

12.     Cash payments made by the Debtors under the Settlement Procedures shall not exceed $4 million in the aggregate, absent consent of the Committee or further order of the Court.

13.     Any period prescribed or allowed by the Settlement Procedures shall be computed in accordance with Bankruptcy Rule 9006.

Limited Relief from Automatic Stay

*Borrower Foreclosure And Eviction Proceedings*

14.     The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:

(a)     except as set forth herein, a borrower, mortgagor, or lienholder (each, an "Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or

7

eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)     absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action;

(c)     absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Interested Party on behalf of any other Interested Party or class of Interested Parties;

(d)     under no circumstances shall an Interested Party be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order, including, without limitation, a Mandatory Monetary Claim;

(e)     the Debtors shall retain the right, upon appropriate motion and notice to any affected Interested Party, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the

ny-1046923

12-12020-mg    Doc 8846    Filed 07/06/15    Entered 07/06/15 18:07:02    Main Document
Pg 42 of 54
12-12020-mg    Doc 77    Filed 07/13/12    Entered 07/13/12    ,:30    Main Document
Pg 9 of 19

Debtors will not object to the Interested Party's telephonic participation at any hearing on the motion; and

(f)      nothing set forth herein shall preclude or limit any Interested Party from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Borrower Bankruptcy Proceedings*

15.      The automatic stay imposed by section 362(a) of the Bankruptcy Code applicable against a borrower who currently has filed, or in the future files, for bankruptcy protection under any chapter of the Bankruptcy Code (a "Bankruptcy Borrower"), is hereby modified pursuant to the following terms and conditions:

(a)      except as set forth herein, a Bankruptcy Borrower or a trustee duly appointed under the Bankruptcy Code in the Bankruptcy Borrower's bankruptcy case (a "Bankruptcy Trustee") shall be entitled to: (i) assert and prosecute or continue to prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's bankruptcy case; (ii) assert and prosecute or continue to prosecute an objection to the Debtors' motion for relief from the automatic stay filed in the Bankruptcy Borrower's bankruptcy case; (iii) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property; (iv) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce (including to reduce to $0) or fix the amount of the Debtors' claim or lien against the Bankruptcy Borrower's property; (v) prosecute appeals with respect to items (i) through (iv) above; (vi) seek an accounting from the Debtors with respect to the Bankruptcy

9

Borrower's loan; and (vii) enter into, execute and consummate a written agreement of settlement with the Debtors where the Debtors elect to enter into such settlement in their sole discretion (but subject to the Settlement Procedures), to resolve items (i) through (vi) above;

(b)    except as set forth herein, a Bankruptcy Borrower shall be entitled to (i) engage in court-supervised or court-authorized loss-mitigation programs regarding the Bankruptcy Borrower's loan; and (ii) engage in discussions with the Debtors and execute a modification of the Bankruptcy Borrower's loan or otherwise discuss, enter into and consummate settlements of claims and liens in accordance with the ordinary course of the Debtors' business and applicable law;

(c)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all Bankruptcy Trustee's and Bankruptcy Borrower's direct claims, counter-claims, motions or adversary proceedings:  (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for violation of any local, state or federal statute or other law in connection with the origination of the Bankruptcy Borrower's loan; (iii) for relief that if granted, would have no effect on the amount, validity or priority of the Debtors' claim or lien against a Bankruptcy Borrower or the property of the Bankruptcy Borrower securing such claim or lien of the Debtors; or (iv) asserted in the form of a class action or collective action; provided however, a Bankruptcy Trustee or Bankruptcy Borrower, solely in connection with their objections to Debtors' proof of claim permitted by paragraph 15(a)(i) or proceedings permitted by 15(a)(iii), may assert claims of the type covered by subsection (i) or (ii) of this paragraph 15(c);

10

(d)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Bankruptcy Borrower on behalf of any other class of borrowers;

(e)    with the sole exception of objections to Debtors' proofs of claim permitted by paragraph 15(a)(i) above and proceedings described in 15(a)(iii) above and solely for purposes of reducing any such claim and not for the purpose of obtaining an affirmative recovery or award, under no circumstances shall a Bankruptcy Borrower or Bankruptcy Trustee be entitled to recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order;

(f)    the Debtors shall retain the right, upon appropriate motion and notice to any Bankruptcy Borrower or Bankruptcy Trustee, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the Debtors will not object to the Interested Party's telephonic participation at any hearing on the motion; and

(g)    nothing set forth herein shall preclude or limit any Bankruptcy Borrower or Bankruptcy Trustee from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Foreclosures By The Debtors On Senior Loans*

16.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to pending and future foreclosure actions initiated by the Debtors in cases where they act as

11

servicer for the Senior Loan and also own (or for which the applicable public land records
otherwise reflect that the Debtors hold an interest) the Junior Loan with respect to the underlying
property (collectively, the "Junior Foreclosure Actions") is hereby modified pursuant to the
following terms and conditions:

> (a)    except as otherwise set forth herein, the Debtors shall be entitled to
assert and prosecute Junior Foreclosure Actions, whether in a Judicial State or a Non-
Judicial State;

> (b)    the Debtors shall be entitled to take such actions as are necessary to
extinguish the lien with respect to a Junior Loan or to otherwise ensure clear and
marketable title with respect to the property underlying a Senior Loan in connection with
any sale or other disposition of such property;

> (c)    the Debtors shall be entitled to seek all appropriate relief with
respect to a Senior Loan in connection with the bankruptcy cases of a Bankruptcy
Borrower without further order of the Court; and

> (d)    the Debtors shall provide monthly reports to the Committee and the
U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee,
and such additional information as shall be reasonably requested by the Committee, in
each case, concerning Junior Foreclosure Actions.

D.    *Actions Involving Amount, Validity Or Priority Of Liens*

17.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to
actions involving the amount, validity, and/or priority of liens commenced by third parties
purporting to have a lien interest or other claim ("Third Party Claimants") with respect to

ny-1046923

properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is hereby modified pursuant to the following terms and conditions:

(a)    except as otherwise set forth herein, a Third Party Claimant shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor in connection with any Title Dispute, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Third Party Claimant direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;

(c)    absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Third Party Claimant on behalf of any other Third Party Claimant or class of Third Party Claimants;

(d)    under no circumstances shall a Third Party Claimant be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of the Order;

(e)    the Debtors shall be entitled to take such actions as are necessary to clear title with respect to property that is subject to a Title Dispute or to otherwise ensure

ny-1046923

clear and marketable title with respect to such property in connection with any sale, foreclosure or other disposition of such property;

(f)    the Debtors shall retain the right, upon appropriate motion and notice to any affected Third Party Claimant, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by the Order; and

(g)    nothing set forth herein shall preclude or limit any Third Party Claimant from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

Payment of Securitization Trustee Fees and Expenses

18.    The Debtors shall continue to perform all of their respective servicing duties and servicing related duties, including, but not limited to, their duties as master servicer, under all the governing agreements (including, without limitation, pooling and servicing agreements, servicing agreements, or any other agreements concerning or relating to the Debtors' obligations to reimburse and/or indemnify for reasonable fees, costs, expenses, liabilities, and/or losses) (collectively, the "Agreements") relating to Debtor-sponsored securitization transactions and non-Debtor sponsored securitization transactions to which any of The Bank of New York Mellon Trust Company, N.A., Wells Fargo Bank, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, or U.S. Bank National Association, or any affiliate of such entities acts as trustee for which any Debtor performs servicing duties, in each of their respective capacities as trustee (collectively, the "Trustees") and one or more of the Debtors is a party, including but not limited to, making all principal, interest or other servicing advances (including property protection advances) and reimbursing, indemnifying, defending and holding harmless the Trustees and the securitization trusts for any liability, loss, or reasonable fees, cost

14

or expense (including fees and disbursements of counsel or agents) incurred by any of the

Trustees in the performance of their duties or their administration of the trusts or other agencies

under the Agreements to the extent required by the Agreements. For the avoidance of doubt, the

Debtors shall pay the reasonable, actual out-of-pocket costs and expenses of the Trustees in

connection with reviewing and analyzing the request by the Debtors to approve the MBS

Settlement Agreement, and in connection with reviewing and analyzing amendments to the

Agreements as necessary or appropriate in connection with any proposed Chapter 11 plan, the

MBS Settlement Agreement or the Platform Sale. Notwithstanding the foregoing, nothing in this

paragraph 18 shall require any Debtor (i) to repurchase any mortgage loans on the basis of

alleged breaches of representations, warranties or other requirements of the Agreements, or make

any make-whole payments with respect to any mortgage loans pursuant to the Agreements; or

(ii) to enforce, as against any other Debtor entity or any non-Debtor affiliate, any provision of the

Agreements under which such other Debtor entity or non-Debtor affiliate are required to

repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or

other requirements of the Agreements, or make any make-whole payments with respect to any

mortgage loans pursuant to the Agreements; and nothing in this paragraph 18 shall be deemed to

impose liability on any Debtor with respect to such alleged breaches or make-whole payment

requirements.

19.    The Trustees shall submit invoices to (a) counsel to the Debtors,

(b) counsel to the Committee, and (c) the U.S. Trustee, and all such invoices shall include (i) an

itemization of all professional fees by task with a detailed description of the work performed in

connection with such task, (ii) a description of related expenses, and (iii) a description of any

indemnity claims. Thereafter, within thirty (30) days of presentment of such invoices, if no

ny-1046923

written objections to the reasonableness of the fees and expenses charged in any such invoice (or

portion thereof) is made by the Debtors, the Committee, or the U.S. Trustee, the Debtors are

authorized and directed to pay all reasonable fees, costs and expenses and all indemnity claims

referred to in paragraph 18 (including without limitation, attorney, financial advisor, consultant

and expert fees and costs) incurred postpetition by any of the Trustees relating to the

performance of each of the Trustees' duties or the administration of the trusts or other agencies

under the Agreements (the "Trustee Expenses") that are not subject to an objection by the

Debtors, the Committee, or the U.S. Trustee without further order from the Court.  Any objection

to the payment of the Trustee Expenses shall be made only on the basis of "reasonableness," and

shall specify in writing the amount of the contested fees and expenses and a detailed basis for

such objection.  To the extent an objection only contests a portion of an invoice, the undisputed

portion thereof shall be promptly paid.  If any such objection to payment of an invoice (or any

portion thereof) is not otherwise resolved between the Debtors, the Committee, or the U.S.

Trustee and the issuer of the invoice, either party may submit such dispute to the Court for a

determination as to the reasonableness of the disputed amounts.  This Court shall resolve any

dispute as to the reasonableness of any fees and expenses.

      20.     To the extent either the Committee, or the RMBS Trustees determine that

the Trustee Expenses were improperly or mistakenly allocated to an RMBS trust or to the

Debtors' estates, the Committee and the RMBS Trustees reserve the right to seek to correct the

allocation of the Trustee Expenses as between the RMBS trusts or the Debtors' estates in

accordance with the applicable Agreement, and such adjustment shall be the Committee's and

RMBS Trustees' sole remedy arising from a misallocation.  All Trustee Expenses for which

(a) no objection under paragraph 19 has been interposed, or (b) where such an objection has been

interposed and the amount of Trustee Expenses determined by the Court to be reasonable, shall be entitled to administrative expense priority in the Debtors' Chapter 11 cases notwithstanding the entry of an order authorizing the assumption and assignment or rejection of any Agreement. However, the Debtors will not be responsible for any fees, costs and expenses incurred with respect to any Agreement after the entry of an order in the Debtors' Chapter 11 cases authorizing the rejection of such Agreement.

21.    If any or all of the provisions of this Order are hereafter reversed, modified, limited, vacated or stayed, such reversal, stay, modification or vacatur shall not affect the validity, priority or enforceability of any Trustee Expenses incurred prior to the actual receipt of written notice by the Trustees of the effective date of such reversal, stay, modification or vacatur (the "Notice Date"). Notwithstanding any such reversal, stay, modification or vacatur, the payment of any Trustee Expenses incurred prior to the Notice Date and reimbursed prior to or after the Notice Date by the Debtors shall be governed in all respects by the original provisions of this Order, and the Trustees shall be entitled to all of the rights, remedies, privileges and benefits granted in this Order with respect to payment of Trustee Expenses.

22.    Notwithstanding the Debtors' obligations set forth in paragraphs 18 and 19, nothing in this Order shall be deemed to limit, extinguish, or prejudice the Debtors' rights in any way to assume and assign or reject any Agreement in accordance with Bankruptcy Code section 365.

Other Relief

23.    Any disputes regarding the extent, application and/or effect of the automatic stay under this Order shall be heard and determined in the Debtors' jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern

17

District of New York, Case No. 12-12020 in accordance with the Case Management Order

entered in the Debtors' cases [Docket No. 141] and such other and further orders as may be

entered by the Court.

24.    The Debtors are authorized and empowered to take all actions and execute

such documents as may be necessary or appropriate to carry out the relief granted herein.

25.    Nothing herein shall be deemed to limit the rights of the Debtors to

operate their business in the ordinary course, and no subsequent order shall be required to

confirm such rights.

26.    Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any

contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their

non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or

otherwise.

27.    Notwithstanding anything to the contrary in this Order, any action to be

taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral

order or debtor in possession financing order entered in these chapter 11 proceedings.  All

amounts authorized to be paid pursuant to this Order are subject to the limitations and

restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To

the extent that there is any inconsistency between the terms of this Order and the terms of any

order relating to postpetition financing or cash collateral, the terms of the orders relating to

postpetition financing or cash collateral shall govern.

28.    Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

ny-1046923

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

29.    Nothing in this Order shall discharge, release, or otherwise preclude any

setoff or recoupment right of the United States of America, its agencies, departments, or agents.

30.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

31.    Notwithstanding the possible applicability of Bankruptcy Rules

2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

32.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.


Dated:    July 13, 2012
          New York, New York



                          /s/Martin Glenn
                          MARTIN GLENN
                    United States Bankruptcy Judge

ny-1046923

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

# THIRD JUDICIAL DISTRICT AT ANCHORAGE



WILLIAM HENDRICKS,

      Plaintiff,

v.

GMAC MORTGAGE, LLC,

      Defendant.

RECEIVED
AUG 25 2011
BURR, PEASE & KURTZ

Case No. 3AN-10-12839 CI

## ORDER

A settlement conference was held before Judge Patrick McKay on August 4, 2011.

An interim settlement was reached and placed on the record. The court issues the

following order to formalize the terms of the interim settlement:

    1.    William Hendricks will place the property that is the subject of this

litigation up for sale immediately. He has six months to sell the house. If it does not sell

within six months, he will execute a deed in lieu of foreclosure to GMAC and this case

will be closed.

    2.    Mr. Hendricks will allow a broker inspection of the interior of the house by

GMAC for their use in valuing the house.

    3.    GMAC's approval will be required for any sale of Mr. Hendricks' house.

Such approval will not unreasonably be withheld.

    4.    Mr. Hendricks will complete the workout paper sent to him by GMAC.

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
HORAGE, AK 99501
307) 276-6100

Order
Hendricks v. GMAC Mortgage, LLC, Cause No. 3AN-10-12839 CI
Page 1 of 2

4797-1/ # 111525



5.   If the house sells within the six-month time period prescribed above, all sale

proceeds will be deposited into the registry of the court, pending a resolution over

distribution of the disputed amount of the sale proceeds.  Any dispute over the sale

proceeds will be resolved by the court at a date to be determined after the sale is

completed.  Distribution of sale proceeds is the only issue that will remain in this case if

Mr. Hendricks sells his house.

6.   Each party will bear its own costs and attorney's fees.

DATED:  August ___24th___, 2011

_____
PATRICK J. MCKAY
Superior Court Judge

## CERTIFICATE OF SERVICE

I certify that on the ___12th___ day of August, 2011, copy
of the above and foregoing pleading was served by mail
on:

Gayle J. Brown
750 W. Second Avenue, Suite 207
Anchorage, AK  99501

_Wilma L. French_
Wilma L. French

I certify that ___8/24/11___ a copy
of the above was mailed/faxed/hand-delivered
to each of the following at their addresses of
record. _Gayle Brown_
_Nelson Page_
Administrative Assistant

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Order
Hendricks v. GMAC Mortgage, LLC, Cause No. 3AN-10-12839 CI
Page 2 of 2

4797-1/ # 111525