Duncan Robertson
3520 S.E. Harold Court
Portland, OR 97202-4344
Tel & Fax: (503)775-9164
Uncadunc1@aol.com

By Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408



Re: In re Residential Capital, LLC et al.
United States Bankruptcy Court
Southern District of New York
Jointly Administered Under Case No. 12-12020 (MG)
Claim Nos. 2385, 2386, 2387, 2388, 2389

July 1, 2015

Dear Judge Glenn:

    On April 24, 2015 I wrote advising of the impasse reached with the Liquidating Trust dictated by my discovery that what apparently went into the ResCap Bankruptcy Estate as servicing contracts for loans, was being claimed by purchasers of assets from the Liquidating Trust to be ownership of those loans, and had produced at least one subsequent foreclosure action based thereon, by 21st Mortgage Corporation against my property - *21st Mortgage v. Nicholls, Robertson, et al.,* No. 14-2-20431-1 SEA (King Cnty. Sup. Ct.). See Notice of Third-Party Action, Doc.8239. I also have learned that from consulting attorneys that settlement with the Liquidating Trust could jeopardize my recovery in the 21st Mortgage action as well as my appeal currently before the 9th Circuit (upon remand and consolidation with the Superior Court action), where injuries and damages shared common ground with the Claims before this Court.

    I also advised in the previous letter that in the King County Superior Court Third-Party action to foreclose my property, my attorney had filed a Motion of Default that included Debtor Residential Funding Company, LLC ("RFC-LLC") whereas they have failed to file a Notice of Appearance or to answer the third-party complaint. The next day, April 25, 2015, at the request of Mr. William Fig of Sussman Shank, the attorney representing RFC-LLC, **the Motion was withdrawn in order to be certain that all is consistent with any stay and injunctive provisions of this Court.** Mr. Fig stated that all actions have been stayed by order of this Court, also including disputes only addressing real property title, apparently superseding the "Final Supplemenal Order", Doc. No. 774, which had authorized title disputes to proceed. *Id.* at paragraph 17. It remains unclear as to whether additional stay provisions referenced by Mr. Fig also supersede 11 U.S.C §362(a)(1), which limits the automatic stay to pre-petition acts.

    Also unclear is whether the injunction provisions of sale of assets agreements between the Liquidating Trust and Ocwen (Doc. 2262), and that with Berkshire Hathaway (*See* Doc. 2247 at

**10-11, paragraph O; at *16 paragraph 5), dispense with due process as to any possible discovery from purchasing non-debtors and their successors. 21st Mortgage Corporation, the Plaintiff in my Superior Court case, has claimed that this Court's approval of the sale of assets "FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS" serves as an injunction from this Court to any discovery as to the substance and authenticity of items claimed to have been purchased from the Liquidating Trust. See **Exhibit 1** attached (*see* highlights; Doc. 2247 attachment not included here). This is contrary to Washington law, where Statutes of Frauds require establishment of chain of title - to Notes, RCW 19.36.010. and to real property conveyances, RCW 64.04.010, 020. "The [Real Estate] statute of frauds, by its terms, applies to "[e]very conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate."" *Pardee v. Jolly,* 163 Wn.2d 558 (May 8, 2008) (quoting RCW                  .

Attached is 21st Mortgage's PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE CORPORATION-REQUEST FOR ADMISSIONS, showing where this claim is being made. It should be noted as an aside that this Court's records show no purchase of any assets by "21st Mortgage Corporation." In other words, this is to advise Your Honor that the injunctive provisions of the sales agreements are being applied to effectively say that normal rules of procedure to defend a foreclosure have been suspended; it is being claimed that no defense as to authenticity or validity of documents is possible, based upon the orders of this Court.

I have found that this issue has been raised previously before this Court, *see* Doc. 5262 (Ocwen Objection to Robinson Claim), however I can find no ruling of the Court resolving the Robinson matter, which was apparently settled without comment by the Court. The corresponding action in Pennsylvania District Court, *Robinson v. Phelan, Hallinan & Schmieg, LLP,* No. 12-151 (ED Penn. 2014), begun prior to the bankruptcy and so affected by stay, dismissed GMAC Mortgage, LLC on Robinson's motion, and Robinson was permitted to join an alternate defendant and amend her complaint, however that case too was apparently settled without a court ruling. So this is not helpful. *See* Exhibit 2 (Order approving amendment of complaint, with history).

Yesterday, June 30, 2015, I received NOTICE OF STATUS CONFERENCE ON THE OBJECTION OF THE RESCAP LIQUIDATING TRUST TO CLAIM NUMBERS 2385, 2386, 2387, 2388 AND 2389 FILED BY DUNCAN K. ROBERTSON ON JULY 8, 2015 AT 2:00 P.M. (ET). I look forward to further details on the Conference and attending, and would hope that at that time the Court will clarify the issues addressed above.

Respectfully Submitted,

Duncan K. Robertson
Pro Se Creditor

# **Exhibit 1**

PLAINTIFF'S RESPONSE TO
DUNCAN K. ROBERTSON'S AMENDED FIRST SET OF DISCOVERY
TO 21ST MORTGAGE CORPORATION-REQUEST FOR ADMISSIONS

Declaration of Duncan K. Robertson - Exhibit

1

2

3

4

5

6

7

8

9            IN THE SUPERIOR COURT OF WASHINGTON

10              IN AND FOR THE COUNTY OF KING

11   21ˢᵗ MORTGAGE CORPORATION, a          )
     Delaware corporation,                 )    Case No. 14-2-20431-1SEA
12                                         )
              Plaintiff,                   )    PLAINTIFF'S RESPONSE TO DUNCAN
13                                         )    K. ROBERTSON'S AMENDED FIRST
              v.                           )    SET OF DISCOVERY TO 21ˢᵀ
14                                         )    MORTGAGE CORPORATION-
     LINDA C. NICHOLLS; DUNCAN K.          )    REQUEST FOR ADMISSIONS
15   ROBERTSON; and JANE DOE               )
     ROBERTSON, and the marital community  )
16   composed thereof,                     )
                                           )
17            Defendants and Third-Party Plaintiffs,  )
                                           )
18   RESIDENTIAL FUNDING COMPANY,          )
     LLC, a limited liability company; OCWEN  )
19   LOAN SERVICING, L.L.C., a limited liability  )
     company; NORTHWEST TRUSTEE           )
20   SERVICES, INC., a Washington corporation;  )
     MARY A. MILLER, an Iowa resident;     )
21   TYRONE THOROGOOD, a Pennsylvania      )
     resident; DOES 1-10,                  )
22                                         )
              Third–Party Defendants.      )
23   ─────────────────────────────────    )

24
     TO: Duncan K. Robertson, defendant and
25
     TO: Scott E. Stafne, his attorney.
26

Page 1 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
         AMENDED FIRST SET OF DISCOVERY TO 21ˢᵀ MORTGAGE
         CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd., Suite 430
Portland, Oregon 97223
Telephone (503) 226-6500
Fax (503) 226-7192

COMES NOW, plaintiff 21st Mortgage Corporation ("Plaintiff"), and responds to Defendant Duncan K. Robertson's Amended First Set of Discovery to 21st Mortgage Corporation - Request for Admissions to Plaintiff as follows:

## GENERAL OBJECTIONS

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of Plaintiff's general responses and objections.

1.    The following responses reflect the current state of Plaintiff's knowledge, understanding and belief respecting matters about which inquiry has been made. Plaintiff expressly reserves its right to supplement or modify these responses with such pertinent information as it may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Washington Superior Court Civil Rules. Plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2.    Plaintiff objects to any request for admission that seeks information constituting or containing information concerning communications between Plaintiff and its counsel, which are protected by the attorney-client privilege.

3.    Plaintiff objects to any request for admission that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or any other available privilege or protection.

///

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10200 SW Greenberg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-0900
Fax (503) 226-7192

4.      Plaintiff's inadvertent provision of information containing information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege shall not constitute a waiver of such privileges with respect to that information or documents.  In the event that inadvertent production occurs, Defendant shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5.      Plaintiff objects to the requests for admission to the extent they seek to impose obligations greater than or different from those imposed by the Washington Superior Court Civil Rules and any other imposed by law.

6.      Plaintiff generally objects to the definitions and to any instructions to the extent that such definitions and instructions are (a) contrary to the Washington Superior Court Civil Rules and any other imposed by law and (b) require Plaintiff to make a legal conclusion or finding.

7.      Plaintiff objects to the requests for admission to the extent that they are overly-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the admission sought.

8.      Plaintiff objects to any request for admission to the extent that it seeks admission and/or information that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence in this litigation.

9.      Plaintiff objects to the overly broad and expansive definitions and instructions, as they are unduly burdensome, costly, oppressive and impermissibly seek to require Plaintiff to investigate whether the definition provided is correct.  For example, the definition of the term *Property* contains an incorrect address for the real property in dispute.  To the extent that the

Page 3 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
      AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
      CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
16200 SW Greenberg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 221-0509
Fax (503) 221-7192

definitions and instructions seek to require Plaintiff to confirm their accuracy, Plaintiff objects.

Further, Plaintiff's use of a term defined by Defendant is not an indication or admission by

Plaintiff of its agreement that Defendant's definition of the term is correct and/or complete.

10.    Plaintiff objects to any request for admission as unduly and unnecessarily

burdensome to the extent that it seeks information that is a matter of public record, already in

Defendant's possession, or otherwise readily available to Defendant, and, therefore, may be

accessed and obtained by Defendant with less burden than Plaintiff can identify and provide

requested information.

11.    Plaintiff objects to the requests for admission to the extent that Defendant relies

upon CR 35.

12.    Plaintiff objects to the requests for admission to the extent that the requests violate

the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in

the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as

document number 2247, a true and correct copy of which is attached hereto as Exhibit A and

incorporated herein by this reference.

13.    Plaintiff's written responses are made without waiving, but, on the contrary,

expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy,

materiality or any other proper grounds, to the use of the information provided herein, in whole

or in part, in any subsequent proceeding in this action or any other action; (b) the right to object

on any and all grounds, at any time, to other discovery requests involving or relating to the

subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any

of the responses provided herein.

///

Page 4 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
    AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
    CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6500
Fax (503) 226-7192

These General Objections are continuing throughout the responses that follow and are incorporated into each specific response, whether or not the General Objections are referred to in said specific responses.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 1:** Admit **Exhibit 1**, attached hereto, is a true and correct *Copy of the Note* as submitted by Plaintiff as Exhibit E to its Complaint.

**RESPONSE:** Plaintiff admits that after conducting a reasonable examination the **Exhibit 1** Defendant provided with his Amended First Set of Request for Admissions to Plaintiff appears to be the same document as Exhibit E to Plaintiff's Complaint. Plaintiff has not conducted an exhaustive examination of **Exhibit 1**, however, and Plaintiff does not know how Defendant created **Exhibit 1** or if any alterations were made to the Exhibit E to its Complaint in order to create **Exhibit 1**.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 2:** Admit **Exhibit 2**, attached hereto, is a true and correct copy of the original *Deed of Trust*.

**RESPONSE:** Plaintiff admits that after conducting a reasonable examination the **Exhibit 2** Defendant provided with his Amended First Set of Request for Admissions to Plaintiff appears to be the same document as Exhibit A to Plaintiff' Complaint. Plaintiff has not conducted an exhaustive examination of **Exhibit 2**, however, and Plaintiff does not know how Defendant created **Exhibit 2** or if any alterations were made to the Exhibit A to its Complaint in order to create **Exhibit 2**.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 3:** Admit **Exhibit 3**, attached hereto, is a true and correct copy of a warranty deed dated November 5, 1999 granting title to the Property to Linda C. Nichols by the Estate of Thelma [*sic*]

///

Page 5 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd. Suite 430
Portland, Oregon 97123
Telephone (503) 226-0160
Fax (503) 226-7192

**RESPONSE:** Objection. This Request is improperly compound, contains subparts and is incomplete. Without waiving said specific objections and the General Objections, Plaintiff admits that after conducting a reasonable examination the **Exhibit 3** Defendant provided with his Amended First Set of Request for Admissions to Plaintiff appears to be a true and correct copy of a warranty deed recorded with the King County Recorder's office on November 15, 1999 as recording number 19991115001504. Plaintiff has not conducted an exhaustive examination of **Exhibit 3**, however, and Plaintiff does not know how Defendant created **Exhibit 3** or if any alterations were made to the document recorded as document number 19991115001504 with the King County Recorder's office in order to create **Exhibit 3**. Plaintiff denies the second part of the Request as the Request is an incomplete sentence.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 4:** Admit **Exhibit 4**, attached hereto, is a true and correct copy of the King County Superior Court Docket for *In Re Estate of Thelma L. Kent*, No 98-4-01994-5 (King Cnty. Sup. Ct. 2001).

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 5:** Admit **Exhibit 5**, attached hereto, is a true and correct copy of a document entitled "Corporate Assignment of Mortgage: which was filed with the King County Recorder on August 3, 2000.

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have

Page 6 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10200 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-0500
Fax (503) 226-7192

1   standing to request; and seeks information in violation of the injunction entered in that November

2   21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern

3   District of New York, Case Number 12-12020-mg as document number 2247.

4   **REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 6:** Admit **Exhibit** 6,

5   attached hereto, is a true and correct copy of an "Appointment of Successor Trustee" filed with the

6   King County Recorder's office on February 23, 2007, purportedly appointing First American Title

7   Insurance Company as Successor Trustee.

8   **RESPONSE:** Objection. This Request is improperly compound and contains combined

9   subparts; seeks information not reasonably calculated to lead to the discovery of admissible

10  evidence; seeks information to which Defendant does not have standing to request; and seeks

11  information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

12  Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

13  Number 12-12020-mg as document number 2247.

14  **REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 7:** Admit **Exhibit** 7,

15  attached hereto, is a true and correct copy of Notice of Trustee's Sale, filed on January 12, 2009,

16  King County Recorder No. 20090112001130 purporting First American Title Insurance Agency as

17  foreclosing Trustee and Bank One National Association, as Trustee as Beneficiary.

18  **RESPONSE:** Objection. This Request is improperly compound and contains combined

19  subparts; seeks information not reasonably calculated to lead to the discovery of admissible

20  evidence; seeks information to which Defendant does not have standing to request; and seeks

21  information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

22  Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

23  ///

Page 7 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6900
Fax (503) 226-7192

1  Number 12-12020-mg as document number 2247. Without waiving said specific objections and the

   General Objections, Plaintiff denies as the name(s) of the relevant parties is incorrect.

2

3      **REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 8:** Admit **Exhibit 8**,

4  attached hereto, is a true and correct copy of Appointment of Successor Trustee filed on February

5  17, 2010, King County Recorder No. 20100217000758, in which purported **Deed of Trust**

6  Beneficiary Residential Funding Real Estate Holdings, LLC purportedly appoints LSI Title Agency,

7  Inc. as Successor Trustee.

8      **RESPONSE:** Objection. This Request is improperly compound and contains combined

9  subparts; seeks information not reasonably calculated to lead to the discovery of admissible

10 evidence; seeks information to which Defendant does not have standing to request; and seeks

11
   information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

12 Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

13

14 Number 12-12020-mg as document number 2247.

15     **REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 9:** Admit **Exhibit 9**,

16 attached hereto, is a true and correct copy of Notice of Trustee's Sale filed on March 23, 2010, King

17 County Recorder No. 20100323000378 identifying First American Title Insurance Agency as

18 foreclosing Trustee and Residential Funding Real Estate Holdings, LLC as **Deed of Trust**

19 Beneficiary.

20

21     **RESPONSE:** Objection. This Request is improperly compound and contains combined

22 subparts; seeks information not reasonably calculated to lead to the discovery of admissible

23 evidence; seeks information to which Defendant does not have standing to request; and seeks

24
   information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

25 Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

26

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 224-6300
Fax (503) 224-7192

Number 12-12020-mg as document number 2247. Without waiving said specific objections and the

General Objections, Plaintiff denies as the name(s) of the relevant parties is incorrect

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 10:** Admit Exhibit 10,

attached hereto, is a true and correct copy of Assignment of Deed of Trust filed on August 12, 2008,

King County Recorder No. 20100812000720, in which claimed Beneficiary "JPMorgan Chase

Bank, N.A., successor by merger with Bank One, N.A." purportedly assigned the ***Deed of Trust*** to

Residential Real Estate Holdings, LLC.

**RESPONSE:** Objection.  This Request is improperly compound and contains combined

subparts; seeks information not reasonably calculated to lead to the discovery of admissible

evidence; seeks information to which Defendant does not have standing to request; and seeks

information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

Number 12-12020-mg as document number 2247. Without waiving said specific objections and the

General Objections, Plaintiff denies as the alleged recording date appears incorrect and the name(s)

of the relevant parties is incorrect

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 11:** Admit Exhibit 11,

attached hereto, is a true and correct copy of ""Corrective" Corporate Assignment of Deed of Trust"

filed July 27, 2012, King County Recorder No. 20120727001563, in which The "Bank of New

York Mellon Trust Company, N.A. as Trustee…" purportedly assigned the ***Deed of Trust*** to

Residential Funding Company, LLC.

**RESPONSE:** Objection. This Request is improperly compound and contains combined

subparts; seeks information not reasonably calculated to lead to the discovery of admissible

evidence; seeks information to which Defendant does not have standing to request; and seeks

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6500
Fax (503) 226-7952

information in violation of the injunction entered in that November 21, 2012 Order Approving Sale

Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case

Number 12-12020-mg as document number 2247.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 12:** Admit **Exhibit 12**,

attached hereto, is a true and correct copy of Assignment of Deed of Trust filed July 23, 2013, King

County Recorder No. 20130723001972, under which Residential Funding Company, LLC

purportedly assigns the ***Deed of Trust*** to 21st Mortgage Corporation.

**RESPONSE:**   This Request is improperly compound and contains combined subparts.

Without waiving said specific objections and the General Objections, Plaintiff admits that after

conducting a reasonable examination the **Exhibit 12** Defendant provided with his Amended First

Set of Request for Admissions to Plaintiff appears to be a true and correct copy of the Assignment

of Deed of Trust recorded with the King County Recorder's office on July 23, 2013 as recording

number 20130723001972.  Plaintiff has not conducted an exhaustive examination of **Exhibit 12**,

however, and Plaintiff does not know how Defendant created **Exhibit 12** or if any alterations were

made to the document recorded as document number 20130723001972 with the King County

Recorder's office in order to create **Exhibit 12**.  Plaintiff further admits that the Assignment of

Deed of Trust assigned Residential Funding Company LLC's beneficial interest under the Deed of

Trust to Plaintiff.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 13:** Admit **Exhibit 13**,

attached hereto, is a true and correct copy of the "Declaration of Kathy Priore With Respect To

Objection of The Rescap Liquidating Trust To Claim Numbers 2385, 2386, 2387, 2388, and 2389

Filed by Duncan K. Robertson" with Exhibits ("Priore Declaration") appearing in the ***Rescap***

bankruptcy proceeding as Exhibit 2 to Docket 8072 (Dockets 8072--7 -- 27) in that procedure.

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (803) 236-6500
Fax (803) 236-7192

**RESPONSE:** Plaintiff admits that after conducting a reasonable examination the **Exhibit 13** Defendant provided with his Amended First Set of Request for Admissions to Plaintiff appears to be a true and correct copy of the Declaration of Kathy Priore With Respect To Objection of The Rescap Liquidating Trust To Claim Numbers 2385, 2386, 2387, 2388, and 2389 Filed by Duncan K. Robertson with Exhibits ("Priore Declaration").    Plaintiff has not conducted an exhaustive examination of **Exhibit 13**, however, and Plaintiff does not know how Defendant created **Exhibit 13** or if any alterations were made to the Priore Declaration in order to create **Exhibit 13**.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 14:** Admit **Exhibit 14**, attached hereto, is a true and correct copy of Sale Order (defined above), Docket No. 2246 in the ResCap bankruptcy proceeding.

**RESPONSE:** Objection. This Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff notes that there was no exhibit marked as Exhibit 14 provided with Defendant's Amended First Set of Request for Admissions to Plaintiff, but there were two documents marked Exhibit 13 provided with Defendant's Amended First Set of Request for Admissions to Plaintiff.  Plaintiff is assuming that the Exhibit 14 referred to in this Request is the second document marked Exhibit 13.

**REQUEST FOR AUTHENTICATION OF DOCUMENTS NO. 15:** **Exhibit 5**, attached hereto, is a true and correct copy of a document entitled "Corporation Assignment of Mortgage" which was filed with the King County Recorder on August 3, 2000.

**RESPONSE:** Plaintiff objects to this Request as it is a duplicate of Request No. 5.

### REQUESTS FOR FACTUAL ADMISSIONS:

**REQUEST FOR FACTUAL ADMISSION NO. 1:** Admit you have not served Defendant Linda C. Nicholls with the summons and complaint filed in this action.

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 NW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 216-6500
Fax (503) 216-7192

**RESPONSE:** Deny.

1

**REQUEST FOR FACTUAL ADMISSION NO. 2:** Admit Linda C. Nicholls inherited the

2

*Property* from her mother, Thelma Louise Kent.

3

**RESPONSE:** Objection.   This Request uses the undefined term "inherited."   Without

4

5   waiving the specific and General Objections, Plaintiff admits that a Personal Representative's

6   Statutory Warranty Deed was recorded with the King County Recorder's office on November 15,

7   1999 as document number 19991115001504 whereby the heirs and devisees of Thelma L. Kent

8   conveyed and warranted the Property to Linda C. Nicholls.

9

**REQUEST FOR FACTUAL ADMISSION NO. 3:** Admit there is no notary seal on

10

**Exhibit 5.**

11

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead

12

13   to the discovery of admissible evidence; seeks information to which Defendant does not have

14   standing to request; and seeks information in violation of the injunction entered in that November

15   21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern

16   District of New York, Case Number 12-12020-mg as document number 2247.   Without waiving

17   said specific and General Objections, Plaintiff answers that the Exhibit 5 was executed by Old Kent

18   Mortgage Company and by a notary public who attested to the identity of the signatory for Old Kent

19

20   Mortgage Company.

21   **REQUEST FOR FACTUAL ADMISSION NO. 4:** Admit there is no deed of trust on the

22   *Property* dated November 12, 1999.

23   **RESPONSE:** Objection. This Request is vague, ambiguous and requires impermissible

24   speculation by Plaintiff as to what may or may not exist; seeks information not reasonably

25   calculated to lead to the discovery of admissible evidence; seeks information to which Defendant

26

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 420
Portland, Oregon 97223
Telephone (503) 226-6509
Fax (503) 226-1592

does not have standing to request; and seeks information in violation of the injunction entered in

that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court

for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 5:** Admit *Bank of New York* and *Bank of New York Trust Company, N.A.* are separate legal entities.

**RESPONSE:** Objection. This Request is vague, ambiguous and requires impermissible speculation by Plaintiff; seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 6:** Admit *You* claim the *Original Note* was transferred by *JPMorgan Chase Bank, N.A.* to *Bank of New York* prior to *Your* acquiring any interest in the *Property*.

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg identified as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 7:** Admit the *Original Note* was not transferred to *Bank of New York Trust Company, N.A.*

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have

Page 13 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 224-0900
Fax (503) 226-7192

standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 8:** Admit *You* cannot describe the complete *Chain of Title for The Original Note*.

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 9:** Admit the documents assigning interests in the *Deed of Trust* do not show a complete *Chain of Title for The Deed of Trust* from *Lender* to *21st Mortgage*.

**RESPONSE:** Objection. This Request is vague and ambiguous as to what "documents" Defendant is referring to; requires impermissible speculation by Plaintiff; seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 10:** Admit Residential Funding Corporation, the first endorsee on the *Original Note*, was reorganized prior to 2007 into Residential Funding Company, LLC.

Page 14 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10500 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-0500
Fax (503) 226-7192

**RESPONSE:** Objection. This Request seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 11:** Admit *You* acquired no interest in the *Original Note* without notice that *Loan* was in default.

**RESPONSE:** This Request is vague, ambiguous and requires impermissible speculation by Plaintiff; seeks information not reasonably calculated to lead to the discovery of admissible evidence; seeks information to which Defendant does not have standing to request; and seeks information in violation of the injunction entered in that November 21, 2012 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York, Case Number 12-12020-mg as document number 2247.

**REQUEST FOR FACTUAL ADMISSION NO. 12:** Admit *You* do not claim the *Original Note* is payable to bearer.

**RESPONSE:** Deny.

**REQUEST FOR FACTUAL ADMISSION NO. 13:** Admit *You* do not have physical possession of the Original Note.

**RESPONSE:** Deny.

**REQUEST FOR FACTUAL ADMISSION NO. 14:** Admit the *Original Note* was not part of the property of the Bankruptcy Estate sold to Ocwen Loan Servicing, LLC.

**RESPONSE:** Admit. Ocwen Loan Servicing, LLC, however, did acquire a servicing and origination platform with a temporary servicing interest related to the Loan.

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6560
Fax (503) 226-7592

**REQUEST FOR FACTUAL ADMISSION NO. 15:** Admit *you* claim to have acquired interest in the *Loan* from Ocwen Loan Servicing, LLC.

**RESPONSE:** Deny.

**REQUEST FOR FACTUAL ADMISSION NO. 16:** The notarization on **Exhibit 11** (Assignment of Deed of Trust to 21st Mortgage) does not attest that the signature of Mary A. Miller, Authorized Officer was acknowledged under oath.

**RESPONSE:** Objection. Plaintiff cannot answer this Request as Exhibit 11 does not assign the Deed of Trust to 21st Mortgage.

**REQUEST FOR FACTUAL ADMISSION NO. 17:** Admit none of the parties to the "Corrective" Assignment of *Deed of Trust*, **Exhibit 11,** was a party to **Exhibit 10** Assignment of *Deed of Trust*.

**RESPONSE:** Objection. Numerous third parties are identified in both Exhibit 10 and in Exhibit 11 and Plaintiff lacks sufficient information or knowledge to answer this Request. After reasonable inquiry, the information known to or readily obtainable to Plaintiff is insufficient to enable Plaintiff to admit or deny this Request.

**REQUEST FOR FACTUAL ADMISSION NO. 18:** Admit **Exhibit 10** hereto does not show an assignment of the *Deed of Trust* to Residential Funding Company, LLC as a trustee.

**RESPONSE:** Plaintiff admits that Exhibit 10 appears to assign the Deed of Trust to Residential Funding Real Estate Holdings, LLC.

**REQUEST FOR FACTUAL ADMISSION NO. 19:** Admit Residential Funding Real Estate Holdings, LLC petitioned for bankruptcy on May 14, 2012.

**RESPONSE:** Admit.

///

Page 16 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10200 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 221-0900
Fax (503) 221-7191

**REQUEST FOR FACTUAL ADMISSION NO. 20:** Admit Residential Funding

1  Company, LLC petitioned for bankruptcy on May 14, 2012.

2

3       **RESPONSE:** Admit.

4       **REQUEST FOR FACTUAL ADMISSION NO. 21:** Admit ownership interest in the

5  *Original Note* has never appeared of record as property of the *ResCap Bankruptcy Estate*.

6       **RESPONSE:** Objection.  This Request is vague, ambiguous and requires impermissible

7  speculation by Plaintiff; seeks information not reasonably calculated to lead to the discovery of

8  admissible evidence; seeks information to which Defendant does not have standing to request; and

9  seeks information in violation of the injunction entered in that November 21, 2012 Order Approving

10 Sale Free and Clear entered in the US Bankruptcy Court for the Southern District of New York,

11 Case Number 12-12020-mg as document number 2247.  Without waiving said specific objections

12 and the General Objections, Plaintiff admits Berkshire Hathaway Inc. purchased the Original Note

13 and the beneficial interest in the Deed of Trust to the Property pursuant to that November 21, 2012

14 Order Approving Sale Free and Clear entered in the US Bankruptcy Court for the Southern District

15 of New York, Case Number 12-12020-mg as document number 2247 as identified in the Mortgage

16 Loan Schedule.

17

18       **REQUEST FOR FACTUAL ADMISSION NO. 22:** Admit that the only interest any

19 ResCap entity ever held pertaining to the Loan was a servicing contract.

20

21       **RESPONSE:** Deny.

22       **REQUEST FOR FACTUAL ADMISSION NO. 23:** Admit 21st Mortgage is not aware of

23 any *Evidence* which contradicts Kathy Priore's testimony contained in **Exhibit 13**.

24       **RESPONSE:** Admit.

25

26  ///

Page 17 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 216-8500
Fax (503) 216-7192

**REQUEST FOR ADMISSION NO. 24:** Admit Defendant Duncan K. Robertson cannot

1
be held personally liable for nonpayment of the *Original Note,* or any costs, fees and/or penalties or

2
reimbursements associated with it, by Defendant Linda C. Nicholls.

3

**RESPONSE:** Admit.

4

5    /// 

6    /// 

7    /// 

8    /// 

9    /// 

10   /// 

11   /// 

12   /// 

13   /// 

14   /// 

15   /// 

16   /// 

17   /// 

18   /// 

19   /// 

20   /// 

21   /// 

22   /// 

23   /// 

24   /// 

25   /// 

26

Page 18 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6500
Fax (503) 226-7192

**ATTORNEY CERTIFICATION**

1    The undersigned attorney for plaintiff has read the forgoing PLAINTIFF'S RESPONSE TO

2    DUNCAN K. ROBERTSON'S AMENDED FIRST SET OF DISCOVERY TO 21ST

3    MORTGAGE CORPORATION – REQUESTS FOR ADMISSION and signs pursuant to CR

4

5    26(g).

6    DATED this _____25_____ day of June, 2015 at Portland, OR.

7

8

9                                  John W. Weil, WSBA#14129
                                      Of Attorneys for Plaintiff

10

11

12                              **VERIFICATION**

13    I _Chris Caldwell_, am a representative of plaintiff 21st Mortgage Corporation in

14    the above-entitled matter, have read the forgoing Plaintiff's Response to Duncan K. Robertson's

15    Amended First Set of Discovery to 21st Mortgage Corporation-Request for Admissions, know the

16

17    contents thereof, and believe the same to be true, complete and correct to the best of my knowledge

18    and belief.

19    DATED this 25TH day of June, 2015.

20

21

22                                 21st Mortgage Corporation

23

24

25

26
    Page 19 - PLAINTIFF'S RESPONSE TO DUNCAN K. ROBERTSON'S
    AMENDED FIRST SET OF DISCOVERY TO 21ST MORTGAGE
    CORPORATION- REQUEST FOR ADMISSIONS

WEIL & LEWANDOWSKI LLP
Attorneys at Law
One Lincoln Center
10300 SW Greenburg Rd, Suite 430
Portland, Oregon 97223
Telephone (503) 226-6500
Fax (503) 226-7191

# **Exhibit 2**

*Robinson v. Phelan, Hallinan & Schmieg, LLP,* No. 12-151 (ED Penn. 2014)
Order Denying Motion to Dismiss and Approving Motion to Amend Complaint
Dkt. 69 in the action

Declaration of Duncan K. Robertson -  Exhibit

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SIMONA ROBINSON, | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 12-151** |
| PHELAN, HALLINAN & | : | |
| SCHMIEG, LLP | : | |
| Defendant. | : | |

## ORDER

Presently before the Court are Defendant Phelan, Hallinan & Schmieg LLP ("Phelan")'s

Motion to Dismiss the First Amended Complaint and Plaintiff Simona Robinson's Motion for

Leave to Amend Complaint, which requests leave to file a Second Amended Complaint.

### I.    FACTUAL AND PROCEDURAL HISTORY

In the proposed Second Amended Complaint, Robinson alleges the following facts. In

2003, GMAC Mortgage ("GMAC") was the servicer of a mortgage on Robinson's home, on

which Plaintiff defaulted. In December 2003, GMAC filed a foreclosure action against Robinson

in the Philadelphia Court of Common Pleas (the "Foreclosure Action"). In September 2005,

Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of

Pennsylvania (the "Bankruptcy Court"). Defendant Phelan represented GMAC in both the

Bankruptcy Court and the Foreclosure Action.

In March 2011, while Robinson's bankruptcy remained pending, GMAC filed a

stipulation of default in the Bankruptcy Court alleging that Robinson had failed to make her

February and March 2011 payments. On March 17, 2011, Phelan sent Robinson a letter stating

that Robinson's failure to make her February and March 2011 payments had placed her in

default. Robinson emerged from bankruptcy in July 2011 and made her monthly payments for

the period of February through August 2011, although her payments were often untimely. On

September 8, 2011, GMAC returned Robinson's payments for February through August 2011 on

the grounds that these payments were less than the amount that Phelan had determined was

necessary to reinstate Robinson's mortgage.

On September 21, 2011, at Robinson's request, Phelan sent Robinson a letter stating that

her mortgage was in arrears from September 2010 onward, and therefore 14 monthly payments

were required to reinstate the loan (the "September Letter"). The September Letter also stated

that Robinson was required to pay an additional $3,636.55 in costs and fees to bring the loan

current.[1] On October 5, 2011, Robinson's counsel sent Phelan an email making three allegations:

1) Robinson had made her payments for February through August 2011, accompanied by proof

of her payments from March through August 2011; 2) the Foreclosure Action docket did not

contain any activity to justify Phelan's request for $3,636.55 in costs and fees; and 3) Phelan had

mistakenly accused Robinson of being in default of her post-petition mortgage obligations

numerous times during the bankruptcy. On November 17, 2011, again at Robinson's request,

Phelan sent Robinson a letter (the "November letter") stating that 16 monthly payments were

required to reinstate Robinson's mortgage.

On January 12, 2012, Robinson filed a complaint against GMAC and Phelan in this

Court, alleging violation of the FDCPA and state law against all parties, and a Real Estate

Settlement Procedures Act ("RESPA")[2] claim against GMAC. Robinson subsequently filed a

first amended complaint raising the same claims. Phelan then filed the motion to dismiss the first

amended complaint now at issue, which, *inter alia*, raised a statute of limitations defense. Shortly

thereafter, the Court received notice of GMAC's bankruptcy and, on August 9, 2012, the Court

---

[1] Exh. 1 to Proposed Second Am. Compl.

[2] 12 U.S.C. § 2601 *et seq.*

2

stayed this case pending resolution of the GMAC bankruptcy. On June 4, 2014, Robinson filed a

motion pursuant to Federal Rule of Civil Procedure 41(a) to dismiss GMAC from the case by

agreement of the parties and the Court subsequently ordered that the case be returned to active

status.

On July 8, 2014, Robinson moved for leave to file an amended complaint in order to

address Phelan's statute of limitations defense and remove GMAC as a defendant.[3] For the

purposes of the motion, Robinson states that the sole basis for her FDCPA claim is the

September Letter.[4] The proposed second amended complaint alleges that the September Letter

constitutes a false representation of the character, amount or legal status of a debt in violation of

15 U.S.C. § 1692e(2)(A) and unfair or unconscionable means to collect a debt in violation of 15

U.S.C. § 1692f. The proposed second amended complaint further contends that Phelan engaged

in abuse of process in the Foreclosure Action by mailing the September and November 2011

Letters and by "continuing the foreclosure action of record."[5] Phelan opposes amendment on

futility grounds.

## II.    STANDARD OF REVIEW

The standards of review for Phelan's Motion to Dismiss the First Amended Complaint

and Robinson's Motion to Dismiss are closely related. Under Rule 15(a)(2), leave to amend

should be "freely give[n] when justice so requires." Leave to amend may be denied on grounds

---

[3] Following Phelan's initial response, Robinson filed a praecipe to file a new proposed second amended complaint that removed GMAC and the RESPA claim against it. Phelan was subsequently granted leave to file a sur-reply brief and made no objection to the filing of the new proposed second amended complaint. Thus, this Court will treat the proposed second amended complaint filed with the praecipe as the operative complaint for the purposes of Robinson's motion for leave to amend.

[4] *See* Pl.'s Mot. for Leave to Amend Compl. at ¶ 4-6.

[5] Proposed Second. Am. Compl. at ¶ 56.

3

including undue delay, bad faith, dilatory motive, prejudice, and futility.[6] Amendment is futile

when "the complaint, as amended, would fail to state a claim upon which relief could be

granted."[7] Futility is assessed using the same standard applied in the face of a motion to dismiss

under Rule 12(b)(6).[8] An adequate complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief"[9] and states facts sufficient to "'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[10] The

complaint contains sufficient factual matter when, if those facts are accepted as true, the

complaint states "a claim to relief that is plausible on its face."[11] In deciding a motion to dismiss,

the Court may consider exhibits attached to the complaint as well as the allegations of the

complaint itself.[12]

## III.    DISCUSSION

The Court will consider Robinson's motion for leave to amend first, because it may

render Phelan's motion to dismiss moot.

### A.  FDCPA Claim

Debt collectors must comply with the overlapping protections of §§ 1692e(2)(A) and

1692f when interacting with consumers. Section 1692e(2)(A) prohibits debt collectors from

making any "false representation of the character, amount or legal status of any debt." False

---

[6] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[7] *Id.* (internal quotations omitted).

[8] *Id.*

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[12] *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

representations as to the amount of a debt may include false representations that fees are owed.[13]

In order to violate the FDCPA, a false statement must have the effect of confusing, misleading, or deceiving the least sophisticated debtor.[14] Section 1692f prohibits the use of any unfair practice in debt collection, including the attempt to collect any fee unless "expressly authorized by the agreement creating the debt or permitted by law."[15]

The proposed second amended complaint sufficiently alleges that the September Letter was a false statement of Robinson's repayment obligations and an unfair collection practice. The allegation that in March 2011 Phelan earlier represented to Robinson that she had defaulted starting in February, only seven months before the September Letter, permits a plausible inference that the September Letter's statement that Robinson owed 14 monthly payments was false. In addition, the allegation that the docket of the Foreclosure Action did not reflect any activity to justify $3,636.55 in costs and fees permits a plausible inference that the September Letter falsely stated the amount of fees that Robinson owed and that Phelan was not entitled to collect these costs and fees. Leave to amend the FDCPA claim will therefore be granted.[16]

### B.  Abuse of Process

"To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process

---

[13] *Martsolf v. JBC Legal Group, P.C.*, 2008 WL 275719 at *7 (M.D. Pa. Jan. 30, 2008).

[14] *Brown v. Card Service Center*, 464 F.3d 450, 454 (3d Cir. 2006) (holding that least sophisticated debtor standard applies to all lender-debtor communications under the FDCPA).
[15] 15 U.S.C. § 1692f(1).

[16] Although Phelan acknowledges that the Third Circuit has not held that misstatements must be material in order to be actionable under the FDCPA, Phelan contends that leave to amend should be denied because any misstatements contained in the September Letter are merely "technically false" because Robinson was aware that the September 2011 Letter was false. Def.'s Mem. In Opp. at 7. Phelan relies upon district court cases dismissing an FDCPA claim alleging that collection notice was technically false in some trivial respect, such as naming the wrong Court Clerk. *See, e.g.*, *Jensen v. Pressler & Pressler*, LLP, 2014 WL 1745042 at *5 (D.N.J. Apr. 29, 2014). Regardless of Robinson's knowledge, the alleged misstatement of the amount of a debt by thousands of dollars, however, is no mere technicality and Phelan's argument is therefore without merit.

was not designed; and (3) harm has been caused to the plaintiff."[17] In order to show "use" of process, the plaintiff must allege "some definite act or threat not authorized by the process."[18] Under Pennsylvania law, actionable process "includes the entire range of procedures incident to the litigation process," such as "discovery proceedings, the noticing of depositions and the issuing of subpoenas."[19] As these examples illustrate, the tort of abuse of process is therefore limited to "misuse of *the court's power* of process" and therefore "[a]ctions taken without the use of the court's process power fail to state a claim."[20]

Robinson contends that Phelan took two actions in the Foreclosure Action that constitute abuse of process because they were designed to extort mortgage payments and fees to which Phelan was not entitled: 1) mailing the September and November Letters; and 2) "continuing the foreclosure action of record."[21] The September and November Letters, read in the light most favorable to Robinson, are merely offers by Phelan to reinstate Robinson's mortgage if she pays the specified amounts.[22] The September and November Letters therefore are not "process" in the sense required for an abuse of process claim because the Letters do not purport to use the court's power in any fashion.

The facts as plead in the second proposed amended complaint permit a plausible inference that continuing the Foreclosure Action of record was abuse of process. In order for

---

[17] *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993).

[18] *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998) (internal quotations omitted).

[19] *Rosen*, 627 A.2d at 192 (internal quotations omitted).

[20] *Morris v. Scardelletti*, 1994 WL 675461 at *11 (E.D. Pa. Nov. 23, 1994) (emphasis added); *see also Restatement (Second) of Torts* § 682, Reporter's Note (citing *Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.*, 358 F. Supp. 17 (E.D. Tenn. 1972) *aff'd* 477 F.2d 598 (6th Cir. 1973); *Barquis v. Merchants Collection Ass'n*, 496 P.2d 817 (Cal. 1972) (holding that a complaint knowingly filed in an inconvenient venue is actionable process); *Jones v. Brockton Public Markets, Inc.*, 340 N.E.2d 484 (Mass. 1975)).

[21] Proposed Second Am. Compl. at ¶ 56.

[22] *See* Exh. 1, 3 to Proposed Second Am. Compl.

continuing to pursue the Foreclosure Action to be an act not authorized by the foreclosure

process, Phelan had to be under a legal obligation to dismiss the Foreclosure Action. The

October 5, 2011 email from Robinson's counsel informed Phelan that Robinson had made the

payments due from February 2011, the date of her purported default, until August 2011, and

provided evidence of these payments. Although far from conclusive, the October 5, 2011 email

is sufficient to permit a plausible inference that Phelan had no good faith basis to continue the

Foreclosure Action.

Phelan contends that the allegation that Phelan "continued the foreclosure allegation of

record" is insufficient as a matter of law because "[a]n attorney cannot be liable for doing more

than carrying out the process to its authorized conclusion."[23] However, for the same reasons that

the October 5, 2011 email permits a plausible inference that Phelan had no good faith basis to

continue the Foreclosure Action, the October 5, 2011 email permits a plausible inference that

Phelan was attempting to extract funds from Robinson in a manner unauthorized by the

foreclosure process. Leave to amend will therefore be granted.

IV.    **CONCLUSION**

For the reasons stated above, Robinson's motion for leave to file a second amended

complaint will be granted. Because Robinson will be granted leave to file a second amended

complaint, Phelan's pending motion to dismiss the first amended complaint will be dismissed as

moot.


**AND NOW**, this 25th day of March 2015, upon consideration of Plaintiff's Motion for

Leave to Amend Complaint [Doc. No. 59], and Defendant's Motion to the Dismiss the Amended

Complaint [Doc. No. 10], it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**. The

---

[23] *Hart v. O'Malley*, 647 A.2d 542, 553 (Pa. Super. Ct. 1994).

Clerk of Court shall **FILE** the proposed second amended complaint attached to Robinson's praecipe [Doc. No. 62-1] as a separate entry on the docket.

It is further **ORDERED** that Defendant's Motion is **DISMISSED** without prejudice as **MOOT**. Defendant shall **ANSWER** or otherwise respond to the Second Amended Complaint within 21 days of the date of this Order.

It is so **ORDERED**.

**BY THE COURT:**

/s/ **Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

8