**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
Miami Tower
100 S.E. Second Street, Suite 2900
Miami, Florida 33131
Telephone: (305) 577-4177
Facsimile: (305) 533-8519

*Counsel for Claimant, Law Offices of David J. Stern, P.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| Residential Capital, LLC, <u>et al.</u>, | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**THE LAW OFFICE OF DAVID J. STERN, P.A.'S**
**MOTION FOR PERMISSIVE ABSTENTION**

**[Hearing requested for a date prior to the Hearing on the**
**Debtor's Objection to the Claim of DJSPA (ECF no. 8531)]**

The Law Office of David J. Stern, P.A. ("**DJSPA**"), through undersigned counsel and pursuant to 28 U.S.C. 1334(c)(1), moves this Court for an Order abstaining from hearing the Florida Litigation (as defined below):

**BACKGROUND**[1]

1.   DJSPA was a professional association formed under the laws of the State of Florida, which consisted of attorneys licensed to practice law in the state of Florida.

---

[1]   DJSPA hereby adopts and incorporates the facts and exhibits in its contemporaneously filed Response to Rescap Liquidating Trust's Objection to Proofs of Claim Nos. 5275 and 7464 Filed by the Law Offices of David J. Stern, P.A. [D.E. 8531]

2. DJSPA specialized in handling residential mortgage foreclosures, bankruptcy, evictions, the sale of real estate owned properties by foreclosing lenders, and foreclosure related complex litigation in the State of Florida.

3. In or about 1995, DJSPA began representing GMAC in foreclosure suits in Florida. On or about January 17, 2007, DJSPA and GMAC entered into the "Master Services Agreement" and related Statements of Work (collectively the "MSA"), which formalized the scope of legal services DJSPA would provide and DJSPA's attendant compensation.

4. In November 2010, GMAC voluntarily terminated its relationship with DJSPA. When GMAC terminated DJSPA on or about November 16, 2010, DJSPA had provided (i) over $2.9 million dollars in legal services to GMAC under the Curative Agreement and (ii) approximately $3.1 million dollars in legal services (and out-of-pocket expenses) to GMAC under the MSA.

5. With these fees and costs outstanding, DJSPA asserted a retaining lien on GMAC's foreclosure files pursuant to Florida law. In order to convince DJSPA to transfer the files to replacement counsel in light of its lien, GMAC placed $3,000,000.00 in GMAC's counsel's (*i.e.,* Bradley Arant Boult Cummings, LLP ("BABC")) trust account pursuant to an Escrow Agreement. A copy of the Escrow Agreement is attached hereto as **Exhibit "A."**

6. Pursuant to the terms of the Escrow Agreement, the escrow agent is required to hold the escrow funds until the parties resolve the dispute by settlement or by court order. See Exhibit "A."

7. GMACM and DJSPA were unable to resolve the fee dispute. Accordingly, on June 2, 2011, DJSPA filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled *The Law Offices of David J. Stern, P.A. v. GMAC Mortgage,*

*LLC* (Case No. 11-012801), against GMACM alleging breach of contract (Count I), open account (Count II), and account stated (Count III) (the "**Florida Lawsuit**"). The Florida Lawsuit seeks $6,161,483.70 from GMACM for unpaid legal fees and expenses.

8. On July 11, 2011, solely on the basis of diversity, GMACM removed the Florida Lawsuit to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, where it was assigned Case Number 11-61526-MGC.

9. On July 15, 2011, GMACM filed its Answer and Counterclaims against DJSPA. The counterclaims asserted by GMACM also involve the application of Florida law and allege the following:

   a. Failure to comply with the Rules Regulating the Florida Bar, including Florida Bar Rule 4-1.3, Rule 4-1.4, Rule 4-5.3 and Rule 4-8.4;

   b. Breach of Contract;

   c. Breach of Fiduciary Duty;

   d. Violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Stat. 201.201, et seq.; and

   e. Misrepresentation.

10. On May 14, 2012, GMACM, along with other affiliated entities, each filed a voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

11. On May 18, 2012, GMACM filed a *Suggestion of Bankruptcy* in the Florida Lawsuit, staying the litigation.

12. On November 16, 2012, DJSPA filed a proof of claim, in the amount of $6,161,483.70, which is listed in the GMAC Mortgage, LLC bankruptcy case as Claim No. 5275

3

(the "**DJSPA Claim**"). The DJSPA Claim attaches the Complaint from the Florida Litigation and similarly seeks repayment of outstanding fees and expenses.

13. On December 11, 2013, the ResCap Liquidating Trust (the "**Liquidating Trust**") was established pursuant to the terms of the Chapter 11 plan confirmed in the above referenced bankruptcy cases.

14. On April 27, 2015, the Liquidating Trust filed *ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 5275 and 7464 Filed by the Law Offices of David J. Stern, P.A.* [ECF No. 8531].

## ANALYSIS

15. This Court should abstain from hearing the Objection because all of the factors for permissive abstention are present under 28 U.S.C. 1334(c)(1).

16. A court "may 'in the interest of justice, or in the interest of comity,' abstain from hearing a particular proceeding 'arising in or related to a case under title 11.'" *In re Bally Total Fitness of Greater N.Y., Inc.*, No. 09-01350, 2011 WL 2118277, at *3 (Bankr. S.D.N.Y. May 24, 2011) (*quoting* 28 U.S.C. § 1334(c)(1)).

17. In deciding whether to abstain, courts in the Second Circuit generally consider twelve factors: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow

judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003).

18. "When considering whether permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate, bankruptcy courts have considered one or more—although not necessarily all—of twelve factors." *In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 392 (Bankr. E.D.N.Y. 2011) (citations omitted).

19. Application of these factors to the facts of this case mandates this Court exercise its discretion and abstain from exercising jurisdiction over this purely state law fee dispute case.

A. **The Effect on the Efficient Administration of the Estate**

20. The Florida District Court's resolution of the state law causes of action would not negatively impact the efficient administration of the estate or "amount to abdication of a critical role in the administration of the estate." *In re CPW Acquisition Corp.*, No. 08-14623, 2011 WL 830556, at *6 (Bankr. S.D.N.Y. Mar. 3, 2011).

21. The plan in this bankruptcy case has been confirmed and implemented. The Florida Litigation is merely an attempt by GMACM to reduce a claim. Financial impact on the size of an estate is not an "administration" issue. *In re Bally Total Fitness of Greater N.Y., Inc.*, No. 09-01350, 2011 WL 2118277, at *4 (Bankr. S.D.N.Y. May 24, 2011) ("[T]his factor looks at the effect on administration of the bankruptcy estate, and not at the overall effect on the financial condition of the debtor," thus "while the potential loss of a profitable location may have a

negative economic effect on [debtor], it will not impact the administration of [debtor's] bankruptcy estate.").

22. More importantly, the escrow funds in dispute are not property of the estate or Liquidating Trust, and thus, are not subject to administration by the Liquidating Trust. *See In re Anthony Sicari, Inc.,* 144 B.R. 656, 662 (Bankr.S.D.N.Y.1992) ("escrow accounts are not property which would vest in the trustee in bankruptcy."); *In re Simon,* 167 F. Supp. 214, 215 (E.D.N.Y.1958) (an escrow account is not the type of property as would vest in the trustee under the Bankruptcy Act); *In re TTS, Inc.,* 125 B.R. 411, 414 (Bankr.D.Del.1991), *aff'd,* 158 B.R. 583, 587 (D.Del.1993) (interpreting New York law and concluding that an escrow is not property of the estate).

### B. Florida State Law Claims Predominate in the Complaint and Counterclaims.

23. State law issues not only predominate, they are the *only* issues raised in the Complaint and Counterclaims. The breach of contract, open account and account stated actions pled in the Florida Litigation are claims governed by Delaware and Florida law. Further, the Counterclaims alleged GMACM are governed by Delaware and Florida law and therefore involve specific Florida Statutes and Florida Bar Rules unique to the State of Florida. **No claim or counterclaim is governed by New York law or federal bankruptcy law.**

24. The State of Florida has a great interest in ensuring that lawyers in the state of Florida practice according to the standards imposed by the Florida Bar, and is the *only* state that should adjudicate the Florida Bar issues raised by the Debtor.

25. Additionally, the difficulty and/or unsettled nature of the law applicable to the Florida Litigation has not yet been determined because the action was stayed by the filing of this bankruptcy and the parties have not yet had the opportunity to fully brief the issues. However,

the underlying facts are complicated, and involve the application of Florida Statutes and Florida Bar Rules, as well as the interpretation of contracts.

### C. The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court.

26.     This factor is satisfied by the ongoing and pending Florida Litigation in the District Court for the Southern District of Florida.

### D. The Florida Litigation is, at most, Related to the Bankruptcy Cases and is not a Core Proceeding.

27.     The causes of action in the Florida Litigation action are remote from the core matters of the main bankruptcy case. The claims do not affect the priority or number of creditors and cannot interfere with the confirmation of a plan because a plan has already been confirmed. *See In re CPW Acquisition Corp.*, No. 08-14623 AJG, 2011 WL 830556, at *6 (Bankr. S.D.N.Y. Mar. 3, 2011) ("The Court's abstention would not amount to abdication of any necessary role in the administration of the estate. A plan has already been confirmed and the assets of the estate have already been liquidated pursuant to that plan." (footnote omitted)); *Bally Total Fitness*, 2011 WL 2118277 at *6 ("[T]he fact that the plan could be confirmed without resolving the dispute makes it clear that the issue presented by this dispute is not closely related to [debtor's] bankruptcy case." (internal quotation marks omitted)); *In re Taub*, 413 B.R. 81, 94 (Bankr. E.D.N.Y. 2009) ("As described above, bankruptcy law does not give rise to the Debtor's claims here, and those claims exist outside of this bankruptcy case. . . . And as a consequence, the issues to be determined in this Adversary Proceeding are remote from those to be determined in the Debtor's bankruptcy case.")

28.     The issues and claims raised in the Florida litigation are controlled by Delaware and Florida law. Therefore, the rights of the respective parties in this action exist independent of

Title 11; the issues raised by the Florida Litigation depend on state law for their resolution; the rights of the parties existed before the filing of the bankruptcy petition; and the Florida Litigation can and does exist outside of bankruptcy. Therefore, the Florida Litigation is not a "core proceeding" and abstention by the Bankruptcy Court is appropriate.

### E. The Florida Litigation is Severable from the Bankruptcy

29. The DJSPA Claim, and underlying Florida Lawsuit, involve Delaware and Florida state law issues that are unrelated to these bankruptcy cases and are easily severable from these bankruptcy cases. The addition of a claim, and subsequent claim objection, does not change the fact that the issues underlying this dispute relate solely to state court cause of action pending outside of this Court. Moreover, DJSPA is seeking recovery primarily from the escrow funds, and adjudication of the Florida Lawsuit will not materially impact these bankruptcy cases.

### F. Relief of Court's Docket

30. Abstention from this contested matter will relieve this Court's already busy docket.

### NOTICE

DJSPA has provided notice of this response in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [D.E. 141] and the Procedures Order.

### CONCLUSION

31. Based upon the foregoing, the Court should abstain pursuant to 28 U.S.C. § 1334(c)(1).

**WHEREFORE**, DJSPA respectfully requests that this Court enter the order attached hereto as **Exhibit "B"** (i) granting this Motion; (ii) abstaining from hearing matters related to the

Florida Litigation; and (iii) granting such further relief that this Court deems necessary and proper.

| RENNERT VOGEL MANDLER & RODRIGUEZ, P.A. | SALAZAR JACKSON, LLP |
|---|---|
| *Counsel for Claimant,* | *Counsel for Claimant,* |
| *Law Offices of David J. Stern, P.A.* | *Law Offices of David J. Stern, P.A.* |
| Miami Tower | 2000 Ponce De Leon Boulevard |
| 100 S.E. Second Street, Suite 2900 | Penthouse |
| Miami, Florida 33131 | Coral Gables, Florida 33134 |
| Telephone: (305) 577-4177 | Telephone: (305) 374-4848 |
| By  /s/  Jeffrey A. Tew | By:  /s/  Linda Worton Jackson |
|    Jeffrey A. Tew, Esq. |    Linda Worton Jackson |
|    Florida Bar No. 121291 |    Florida Bar No. 843164 |
|    Spencer A. Tew, Esq. |    *(Pro Hac Vice Motion to be filed)* |
|    Florida Bar No. 537071 |    Jesse R. Cloyd |
|    Thomas S. Ward, Esq. |    Florida Bar No. 58388 |
|    Florida Bar No. 028624 | |