UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61526-CIV-COOKE

THE LAW OFFICES OF DAVID
J. STERN, P.A.

      Plaintiff/Counter-Defendant,

vs.

GMAC MORTGAGE, LLC,

      Defendant/Counter-Plaintiff.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Counter-Defendant, the Law Offices of David J. Stern, P.A. ("DJSPA") asserts its Answer and Affirmative Defenses to the Counterclaim filed by Counter-Plaintiff, GMAC Mortgage, LLC ("GMACM") and states:

1. Denied.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted.

4. Admitted that jurisdiction is proper; otherwise denied.

5. Denied.

6. Admitted.

7. Admitted that GMACM hired DJSPA; however, the remainder of the allegations in paragraph 7 are denied.

8. Admitted that DJSPA executed an agreement; however, the remainder of the allegations in paragraph 8 are denied.

9. Denied.

### Disclosures of Plaintiff's Practices Purportedly Failing to Meet the Minimum Standard of Care

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted, that GMACM terminated its relationship with DJSPA; however, the remainder of the allegations in paragraph 21 are denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### COUNT I – LEGAL MALPRACTICE

28. DJSPA reasserts its answers to paragraphs 1 through 27 of the Counterclaim.

29. Admitted that an attorney-client relationship existed between DJSPA and GMACM; however, the remainder of the allegations in paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

### COUNT II – BREACH OF CONTRACT

33. DJSPA reasserts its answers to paragraphs 1 through 32 of the Counterclaim.

34. Denied.

35. Denied.

36. Denied.

### COUNT III – BREACH OF FIDUCIARY DUTY

37. DJSPA reasserts its answers to paragraphs 1 through 36 of the Counterclaim.

38. Denied.

39. Denied.

40. Denied.

### COUNT IV – FDUTPA

41. DJSPA reasserts its answers to paragraphs 1 through 40 of the Counterclaim.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT V – MISREPRESENTATION/SUPPRESSION

48. DJSPA reasserts its answers to paragraphs 1 through 47 of the Counterclaim.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

All allegations in the Wherefore Clause are denied.

## GENERAL DENIAL

DJSPA denies each and every allegation of the Counterclaim not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. GMACM's claims are barred, in whole or in part, because it failed to state a cause of action upon which relief can be granted.

2.  GMACM is not entitled to any relief because it materially breached the contract referenced in the Counterclaim by, among other things, failing to abide by the terms of Contract, failing to pay DJSPA for services rendered, and failing to promptly obtain replacement counsel.

3.  GMACM's claims are barred, in whole or in part, by comparative negligence because GMACM's own negligence caused all or part of its purported damages.

4.  GMACM failed to mitigate its purported damages because, among other things, it failed to promptly obtain replacement counsel after it purported to terminate DJSPA from representing GMACM in foreclosure proceedings.

5.  GMACM's purported damages must be set-off by the damages it caused DJSPA by its breach of contract(s) between GMACM and DJSPA.

6.  GMACM's claims are barred by waiver and/or estoppel because it voluntarily relinquished the right to object to each and every invoice submitted to GMACM by DJSPA for legal services rendered.

7.  GMACM's claims are barred, in whole or in part, by laches because it unreasonably delayed seeking the claims for relief in its Counterclaim.

8.  GMACM's claims are barred, in whole or in part, by the applicable statutes of limitations.

9.  GMACM's claims are barred, in whole or in part, by the doctrine of unclean hands because of GMACM's: breach of contract; failure to retain replacement counsel in a timely manner; signing inaccurate affidavits; affidavits that were not properly notarized; not confirming whether loan and mortgage documents were properly endorsed; assigned or in the possession of the appropriate party; and other misconduct identified in the Consent Order entered on April 13, 2011 by Order of the Board of Governors of the Federal Reserve System and the

FDIC, and because, to the extent DJSPA committed legal malpractice, which is expressly denied, any such malpractice was the result of GMACM's own actions and/or instructions.

10. GMACM's claims are barred, in whole or in part, by estoppel in any case in which DJSPA obtained a judgment of foreclosure on GMACM's behalf.

11. To the extent GMACM did not own the notes and mortgages at issue, it lacks standing to bring a legal malpractice claim.

WHEREFORE, DJSPA respectfully requests this Court dismiss GMACM's Counterclaim with prejudice, award DJSPA attorneys' fees and costs, and grant any other relief this Honorable Court deems just and proper.

                                            Respectfully submitted,

                                            **TEW CARDENAS LLP**

                                            *Counsel for Plaintiff, The Law Offices of David J. Stern, P.A.*
                                            1441 Brickell Avenue, 15th Floor
                                            Miami, Florida  33131
                                            Telephone: (305) 536-1112
                                            Facsimile:  (305) 536-1116

Dated: <u>July 27, 2011</u>                      By:   <u>s/James E. Malphurs</u>
                                                         JEFFREY A. TEW
                                                         Florida Bar No. 121291
                                                         jt@tewlaw.com
                                                         MATIAS R. DORTA
                                                         Florida Bar No. 770817
                                                         mrd@tewlaw.com
                                                         JAMES E. MALPHURS
                                                         Florida Bar No. 67228
                                                         jmalphurs@tewlaw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on **July 27, 2011**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.


                                                  By:   <u>s/James E. Malphurs</u>
                                                                    James E. Malphurs

## SERVICE LIST

**Ann T. Taylor, Esq.**
**Christian Watson Hancock, Esq.**
**David Brian O'Dell, Esq.**
**Bradley Arant Boult Cummings LLP**
*Attorneys for Defendant/Counter-Plaintiff*
GMAC Mortgage, LLC
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203-2119
Telephone: (205) 521-8226
Facsimile: (205)488-6226
[via CM/ECF]

MIAMI:557090.1