IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN
AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

GMAC MORTGAGE, LLC,
Plaintiff,

CASE NO: 2010 CA 002868 NC
v.                                                      Division A Circuit

CHRISTOPHER D. CONTRERAS, et al.;
Defendant.

---

CHRISTOPHER CONTRERAS
Counter-Plaintiff and Cross Plaintiff, on behalf
of himself and all others similarly situated,
v.

LAW OFFICE OF DAVID J. STERN,           CLASS REPRESENTATION
DJSP ENTERPRISES, INC.
and GMAC MORTGAGE, LLC                   Jury Trial Demanded

Counter-Cross Defendants and Cross Defendants.

## CLASS ACTION COUNTERCLAIM AND CROSS COMPLAINT OF CHRISTOHER D. CONTRERAS

Counter and Cross Plaintiff Christopher D. Contreras, by and through the undersigned counsel, brings this class action counter-claim and cross complaint in this matter, and states in support thereof the following facts:

***Introduction.***

1. Christopher Contreras, a Sarasota, Florida resident ("Contreras" or "Counter Plaintiff"), brings this action to challenge the unfair and deceptive practices of counter-Defendant GMAC Mortgage LLC and Cross Defendants, Law Office of David J. Stern and DJSP Enterprises, INC, (all referred to herein as "Cross-Defendants"), related to the fabrication and use of false documents and affidavits used against Mr. Contreras and others in an effort to unlawfully expedite the foreclosure of his homestead. This action is brought under the Federal Fair Debt Collection Practices Act, the Florida Consumer Collection Act and the Florida Deceptive and Unfair Trade Practices Act.

2. As a result of the Cross Defendants' actions, hundreds of Florida homeowners have been subjected to unlawfully expedited foreclosure against their homesteads and have been damaged, among other things, by the devaluation of the fair market value of their homes caused by the filing of the foreclosure action and *lis pendens*.

1

By filing *lis pendens* and foreclosure lawsuits before they have evidence of their legal standing to do so, the Defendants have impeded the Contreras's ability to cure his delinquency, e.g., by selling the property for its highest value, or by pursuing other opportunities to cure his delinquency and to save his home. Additionally, the tactics employed by the Defendants violate the federal Fair Debt Collection Practices Act and the Florida Consumer Collection Act, because the Defendants have used and continue to use false representations to collect purported debts. The Defendants actions are deceptive, unfair and cause actual harm to a large class of consumers.

### *Parties.*

3. LAW OFFICE OF DAVID J. STERN, ("Stern") is a Florida law firm owned and operated by David J. Stern, which is, upon information and belief, acting counsel for GMAC Mortgage LLC in the foreclosure action in this lawsuit.

4. As has been widely reported in the media, David J. Stern's firm received more than 6,000 foreclosures a month and managed 100,000 foreclosure lawsuits at any given time, according to a regulatory filing in the sale of his non-legal foreclosure operations to a Chinese company. Bloomberg news has reported that Mr. Stern made $146 million from the sale.

5. DJSP ENTERPRISES INC, is a company at one time registered with the State of Florida, and founded by David J. Stern to handle the processing of foreclosure paperwork.

6. GMAC MORTGAGE LLC ("GMAC") is a debt collector/loan servicer located in Washington, Pennsylvania, according to the Corporation records of the State of Florida. GMAC is currently servicing Contreras's mortgage loan.

7. Contreras is a resident of Sarasota, Florida. Contreras was self-employed in the contracting business before the recession caused local building projects to come to a near stand still. As a result of the economic downturn, Contreras's income fell.

### *Facts Relating to Named Plaintiff Contreras.*

8. In 2003, Contreras purchased a home located at 4851 Boston Terrace, North Port, Florida 34288 for $155,000.

9. The legal description of the home is: Lot 14, Block 745, Twelfth Addition of Port Charlotte, According to a Plat Thereof, recorded in Plat Book 13, Pages 8, 8A through 8V, the public records of Sarasota County, Florida. PARCEL ID Number 1144-07-4514.

10. In 2008, Mr. Contreras refinanced the mortgage on his home with Homecomings Financial in the amount of $151,200.00.

2

11. The mortgage in question was by its terms written to secure the loan against Contreras's home. The terms further provide that the lender would have recourse against Contreras personally for any deficiency under the note.

12. When Contreras encountered difficulty in paying the loan he attempted to negotiate a loan modification with GMAC. His request for a loan modification was ultimately denied.

13. According to the online MERS (Mortgage Electronic Registry System) registry, the current owner of the loan is FANNIE MAE.

14. In March of 2010, while Contreras was still trying to work out a loan modification, Stern filed a foreclosure lawsuit and a *lis pendens* against Mr. Contreras's property.

15. The value of Contreras's home was devalued immediately as a result of the foreclosure lawsuit being filed because of the negative perception of homes in foreclosure as having a lesser market value than houses that are not in foreclosure. This action aggravated the problem that Contreras had been working to resolve. Furthermore, Defendants' actions harmed Contreras's credit rating and severely limited the options he had available to him before the lawsuit was filed.

16. Approximately two weeks before the underlying foreclosure lawsuit was filed, Stern prepared a bogus and false assignment of mortgage in an effort to fabricate a chain of title that Defendants lack yet need to legally maintain the instant foreclosure action against Contreras's home. A copy of the assignment in question is attached hereto as Exhibit A. The assignment was purportedly executed in February 2010 by a now infamous 'Robo Signer," Jeffrey Stephan, who purports to be a Vice President of MERS.

17. In April, 2010, in the same case, Jeffrey Stephan, purports to be the "Limited Signing Officer" of GMAC when he purportedly executes an Affidavit in Support of a Motion for Summary Judgment stating he has personal knowledge concerning the amounts owed under the loan. Exhibit B hereto.

18. Stern has submitted affidavits of costs and fees both for the law firm and for GMAC. Exhibit C. Many of these costs fail to conform with the terms of the note and mortgage and are otherwise constitute unreasonable and unlawful charges, including a claim for $5,146.81 for "fire insurance," $580.00 for service of process fees and $1,300 for attorneys fees, when the work reflected in the affidavit does not appear to have been performed by an attorney licensed in the State of Florida.

*Class Representation Allegations*

Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

3

19. This class action is brought by the Plaintiff on behalf of himself and all Florida homeowners whose loans have been serviced by GMAC, and whose foreclosures have been handled by Stern since October, 2005, and whose foreclosures are based in fabricated and false documentation and who have been subjected to imposition of unreasonable fees connected to foreclosures.

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 1.220(a) and (b) of the Florida Rules of Civil Procedure.

21. *Numerosity.* Rule 1.220[c](D). Plaintiff does not know the exact size or identities of the members of the proposed class, since such information is in the exclusive control of Cross Defendants. Plaintiff believes that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

22. *Commonality.* All members of the class have been subject to and affected by the same conduct, for example:

    a) the claims are based on false assignments and affidavits created by or at the instruction of the Stern to foreclose against people's homes;
    b) there are questions of law and fact that are common to the class, and predominate over any questions affecting only individual members of the class. These questions include, but are not limited to the following: whether the Defendants have engaged in (1) violations of the Fair Debt Collection Act; violations of the Florida Consumer Collections Act and (3) violation of the Florida Deceptive and Unfair Trade Practices Act, in undertaking pre-mature foreclosure lawsuits by using false and fraudulent;
    c) whether the Court can order counter and Cross Defendants to pay damages and what the proper measure of damages is, and also whether the Court can enter injunctive relief. F.R.C.P. Rule 1.220[c](B) and (C).

23. *Typicality.* The claims of the individual named Plaintiff is typical of the claims of the class and do not conflict with the interests of any other members of the class in that both the Plaintiff and the other members of the class were subject to the same conduct and were met with the same absence of a permanent modification.

24. The individual named Plaintiff will fairly and adequately represent the interests of the class. The Plaintiff is committed to the vigorous prosecution of the class' claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions in particular, consumer protection actions.

25. A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

26. This putative class action meets both the requirements of Florida Rule of Civil Procedure Rule 1.220 (b) (2) and 1.220 (b) (1) (A).

4

27. F.R.C.P. Rule 1.220 [c] (A). The Defendants have acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. F.R.C.P. 1.220 (b) (1) (A).

## COUNT I

### Violation of Florida Deceptive and Unfair Trade Practices Act

### v. Law Office of David J. Stern, PA, DJSP ENTERPRISES, INC. and GMAC MORTGAGE, LLC

28. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

29. Plaintiff brings this claim on his own behalf and on behalf of each member of the Class described above.

30. On information and belief, the Cross Defendants financially benefit from their practices of fabricating documents and submitting false documents to expedite foreclosures.

31. As a result of these failures to act in good faith and the absence of fair dealing, Defendant caused Plaintiff and the class members harm, including but not limited to:

a) Premature and illegal foreclosures against their homes;
b) Immediate devaluation of the Fair Market Value of their home upon the filing of the foreclosure lawsuit and the *lis pendens* in the public records, which drastically reduces the options available to the homeowner to minimize potential deficiencies and other losses;
c) Embarrassment and negative effect on reputation of public foreclosure;
d) Members of the putative class also suffered additional harm in the form of foreclosure / collection activity against their homes.
e) Unreasonable attorneys fees and other costs pursuant to foreclosure process; repairing and maintaining a home they have not realistic possibility of saving.
f) Last, members of the putative class have been living in a stated of stressful anxiety because of the wrongful foreclosures.

32. Defendants have violated and continues to violate the Florida Deceptive and Unfair Trade Practices Act, Fl. Stat. 501.201, and applicable regulations promulgated by the Florida Attorney General pursuant to Fl. Stat. 501.201, including, but not limited to:

(i) their conduct was unfair, abusive, deceptive, oppressive, unconscionable, and contrary to public policy;

5

(ii) their conduct was unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer lending business;

(iii) their conduct violated existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare, as follows:

(iv) making deceptive and false representations to collect a debt;

(v) failing to properly supervise its agents and employees including, without limitation, its practice of recklessly creating false documentation to expedite foreclosures regardless the rule of law;

(vi) using false pretenses by mail and telephone falsely indicating that GMAC Mortgage LLC had the authority to foreclose against the plaintiff's home;

33. The Plaintiff and class members have been injured by virtue of Defendant's violations. Said injuries include, but are not limited to: (1) Wrongful foreclosures; (2) Otherwise avoidable losses of homes to foreclosure; (3) Devaluation of their homes; (4) Impairment to the credit ability of the borrowers; (5) Increased fees and other costs to avoid or attempt to avoid foreclosure; (6) Loss of opportunities to pursue other refinancing or loss mitigation strategies; and (7) Significant stress and emotional distress.

34. Cross Defendants' conduct was and is willful or knowing with the meaning of the Florida Deceptive and Unfair Trade Practices Act, Fl. Stat. 501.201.

## COUNT II
## Violation of Florida Deceptive and Unfair Trade Practices Act
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### v. Law Office of David J. Stern, PA, DJSP ENTERPRISES, INC. and GMAC MORTGAGE, LLC

35. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

36. Plaintiff brings this claim on his own behalf and on behalf of each member of the Class described above.

37. Substantial Likelihood of Irreparable Harm. If the Cross Defendants continue to pursue the judicial foreclosure process, plaintiff will lose his home by foreclosure sale to another party.

6

38. No Adequate Remedy at Law. As in a case of specific performance of a real estate sales contract, the plaintiff's homestead is a unique property and no amount of damages can substitute for the emotional stability a person derives from having the shelter of their own home.

39. Substantial Likelihood of Success on the Merits. It is substantially likely that a jury will agree that the Defendants have engaged in unfair and/or deceptive practices with respect to their treatment of the borrower and the class of borrowers.

40. Threatened Injury Outweighs any Possible Harm. The loss of the family homestead to the individual borrowers is a greater injury to the plaintiff than any possible harm the Defendants will suffer if they are enjoined from their unfair and deceptive practices.

41. Granting the Injunction Will Not Disserve the Public Interest. A judicial order of injunction under the Florida Deceptive And Unfair Trade Practices Act to prohibit continued unfair and deceptive practices by the Defendants will not disserve the Public Interest, it will serve the Public Interest.

## COUNT III

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

### v. Law Office of David J. Stern, PA and DJSP ENTERPRISES, INC. only

42. Plaintiff repeats and re-alleges every allegation in paragraph above as if set forth herein in full.

43. Cross Defendants have violated the Florida Consumer Collection Practices Act (Fl. Stat. 559.72 et seq.) with respect to its dealings with plaintiff in ways, including but not limited to: making false statements to collect a debt.

44. The Plaintiff has been injured by virtue of Cross Defendants' violations. Said injuries include, but are not limited to: (1) Wrongful foreclosure against his homestead; (2) Devaluation of his home by being wrongfully subjected to the stigma of *lis pendens* and a foreclosure lawsuit, both of which are public filings; (3) Unfair Impairment to the creditworthiness of the plaintiff; (4) Money damages as to the illegally collected late fees and interest thereon; (5) charging unreasonable fees; (6) Increased fees and other costs to avoid or attempt to avoid foreclosure; (7) Significant stress and emotional distress.

45. Cross Defendants' conduct was and is willful or knowing with the meaning of the Florida Consumer Collection Practices Act. Fl. Stat. 559.72.

## COUNT IV

7

## VIOLATION OF FAIR DEBT COLLECTION ACT

## v. Law Office of David J. Stern, PA, DJSP ENTERPRISES, INC. only

46. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

47. Defendants have violated the Fair Debt Collection Act 15 U.S. C. §§ 1692-1692p with respect to its dealings with plaintiff in ways, including but not limited to: making false statements to collect a debt (15 U.S.C.§1692e).

48. The Plaintiff has been injured by virtue of Defendants' violations. Said injuries include, but are not limited to: (1) Wrongful foreclosure against his homestead; (2) Devaluation of his home by being wrongfully subjected to the stigma of *lis pendens* and a foreclosure lawsuit, both of which are public filings; (3) Unfair Impairment to the creditworthiness of the plaintiff; (4) Money damages as to the illegally collected late fees and interest thereon; (5) charging unreasonable fees; (6) Increased fees and other costs to avoid or attempt to avoid foreclosure; (7) Significant stress and emotional distress.

49. Cross Defendants' conduct was and is willful or knowing with the meaning of the Fair Debt Collection Act.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request the following relief:

A. Certify this case as a class action to include all Florida homeowners whose loans have been serviced or foreclosed by the Defendants and have been subjected to unfair and/or deceptive practices by Defendants, and appoint the named Plaintiff to be class representative and her counsel to be class counsel;

B. Enter a judgment declaring the acts and practices of Defendants complained of herein to a breach of the covenant of good faith and fair dealing, and unfair and/or deceptive trade practice under Florida law;

C. Grant a permanent or final injunction enjoining the Defendants and its agents and employees, affiliates and subsidiaries from pursuing Foreclosure Lawsuits without possessing the required evidence of ownership of the mortgage and note;

D. Dismiss all foreclosure complaints in which false documentation was proffered to the court;

E. Order the Defendants to provide proof of the ownership of each loan it purports to service and legitimize its ability to act as an agent in the negotiation of the loan;

8

F.  Grant a permanent or final injunction enjoining Defendants and its agents and employees, affiliates and subsidiaries from purporting or attempting to modify or service any loan for which it cannot identify the true owner of the loan;

G.  Award actual damages pursuant to Fl. Stat. 501.201 to the Plaintiffs;

H.  Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees pursuant to Fl. Stat 501.201;

I.  Award plaintiffs statutory damages of $1,000.00 for each violation of the Fair Debt Collection Act;

J.  Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees pursuant to the Fair Debt Collection Act;

K.  Award plaintiffs statutory damages of $1,000.00 for each violation of the Florida Consumer Collection Act

L.  Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees pursuant to the Florida Consumer Collection Act

M.  Grant Plaintiff and the Class such other and further relief as this Court finds necessary and proper.

### JURY TRIAL DEMANDED

Plaintiff and the class members demand a trial by jury on all issues so triable.

Respectfully Submitted,

BY:  __/s/ Elizabeth M. Boyle_____
Elizabeth M. Boyle, Esq. FBN 362610

GULFCOAST LEGAL SERVICES INC
John P. Cunningham, Esquire, FBN 279481
1750 17th Street, Unit I
Sarasota, FL  34234 941-366-1746
Fax 941-366-2314
Email elizabethb@gulfcoastlegal.org

Of Counsel:
Robin L. Stover, Esquire, FBN 64494
Volunteer Attorney
James D. McDonald, FBN 149934

9

Steve W. Teppler, Esquire FBN 14787
Edelson McGuire
350 North LaSalle, 13th Floor
Chicago, IL 60654
(941) 487-0050
Fax (312) 589-6378

Kent R. Spuhler, Esquire, FBN 152710
FLORIDA LEGAL SERVICES, INC.
2425 Torreya Drive
Tallahassee, FL 35303
(850) 385-7900
Fax (850) 385-9998
Email: kent@floridalegal.org

DATE: November 23, 2010

EXHIBIT A -- Assignment by Jeffery Stephan
EXHIBIT B -- Affidavit by Jeffrey Stephan
EXHIBIT C -- Stern's Costs Affidavits

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, a true copy of the foregoing was served and furnished by regular U.S. mail to counsel for GMAC Mortgage LLC, Law Office of David J. Stern, DJSP Enterprises, INC., as follows:

Lourdes W. Clerges, Esq.
Law Offices of David J. Stern, P.A.
900 South Pine Island Road, Suite 400
Plantation, FL 33324-3920


David J. Stern, Esquire
Law Offices of David J. Stern, P.A.
900 South Pine Island Road, Suite 400
Plantation, FL 33324-3920

DJSP Enterprises, Inc.
David J. Stern, Esquire
Law Offices of David J. Stern, P.A.
900 South Pine Island Road, Suite 400
Plantation, FL 33324-3920

_/s/ Elizabeth M. Boyle_____
Elizabeth M. Boyle

10