**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
Miami Tower
100 S.E. Second Street, Suite 2900
Miami, Florida 33131
Telephone: (305) 577-4177
Facsimile: (305) 533-8519

*Counsel for Claimant Law Offices of David J. Stern, P.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| Residential Capital, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**CLAIMANT LAW OFFICES OF DAVID J. STERN, P.A.'S,**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Claimant, Law Offices of David J. Stern, P.A. ("DJSPA"), pursuant to Fed. R. Civ. P. 34, as incorporated by Fed. R. Bankr. P. 7034, and Local Bankruptcy Rule 9014-1, requests that Rescap Liquidiating Trust, as successor in interest to Debtor GMAC Mortgage, LLC, produce the following documents which are within its possession, custody, or control within the time provided under the Federal Rules of Civil Procedure, as incorporated under the Federal Rules of Bankruptcy Procedure.

**Definitions and Instructions**

1.  **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. As used herein, "you," "your," or "GMAC" refers to Debtor GMAC Mortgage, LLC, and any directors, officers, employees, agents, representatives and other persons acting, or purporting to act, on behalf of Debtor GMAC Mortgage, LLC, as well as its affiliated and subsidiary companies, predecessors in interest and/or successors in interest.

The words "DJSPA" means Claimant the Law Offices of David J. Stern, P.A., and any directors, officers, employees, agents, representatives and other persons acting, or purporting to act, on behalf of the Law Offices of David J. Stern, P.A.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association. (

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8. All/any/each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. Number. The use of the singular form of any word includes the plural and vice versa.

11. The term "District Court Action" as used herein shall mean the case entitled *The Law Offices of David J. Stern, P.A. v. GMAC Mortgage, LLC*, Case No. 11-61526-civ-COOKE, in the United States District Court for the Southern District of Florida.

12. The term "Complaint" shall mean the Complaint of the Law Offices of David J. Stern, P.A., at issue in the District Court Action.

13. The term "Affirmative Defenses" shall mean the Affirmative Defenses asserted by GMAC in its Answer and Affirmative Defenses to the Complaint in the District Court Action.

14. The term "Counterclaim" shall mean the Counterclaim filed by GMAC in the District Court Action.

15. The term "Objection" shall mean Rescap Liquidating Trust's Objection to Proofs of Claim Nos. 5275 and 7464 [D.E. 8531] filed in the bankruptcy matter styled *In re Residential Capital, et al.,* Case No. 12-12020 (MG), Chapter 11, Jointly Administered, in the United States Bankruptcy Court for the Southern District of New York.

16. As to any document for which you claim a privilege for which a privilege log is required, please provide a privilege log by identifying the name of the document, its date, its author and all recipient(s), the general subject matter and the basis of your privilege claim.

17. Unless otherwise noted in a particular request, the time period covered by these requests is the period after November 1, 2009, through March 1, 2011.

## REQUESTS

1. All correspondence by and between Linda Walton and DJSPA, including but not limited to, David J. Stern, from the period of December 1, 2009, through March 1, 2011.

2. All correspondence by and between David Cunningham and DJSPA, including but not limited to, David J. Stern, from the period of November 1, 2009, through March 1, 2011.

3. All correspondence by and between Joseph A. Pensabene and DJSPA, including but not limited to, David J. Stern, from the period of December 1, 2009, through March 1, 2011.

4. All correspondence by and between Lyle Altoonis and DJSPA, including but not limited to, David J. Stern, from the period of November 1, 2009, through March 1, 2011.

5. All correspondence by and between Liz DaSilva and DJSPA, including but not limited to, David J. Stern, from the period of November 1, 2009, through March 1, 2011.

6. All correspondence by and between Natasha Campbell and DJSPA, including but not limited to, David J. Stern, from the period of November 1, 2009, through March 1, 2011.

7. All documents and correspondence concerning the Florida circuit court foreclosure lawsuits cited in Paragraph 14 of the Declaration of John W. Smith T., attached as Exhibit 2-B of the Objection.

8. All documents and correspondence identified in Paragraph 2 of the Declaration of David Cunningham, attached as Exhibit 2-A of the Objection.

9. All documents and correspondence concerning the "(1) information supplied or verified by former personnel in departments within the Debtors's various business units, (ii) the Books and Records, and (iii) the Schedules" identified in Paragraph 3 of the Declaration of David Cunningham, attached as Exhibit 2-A of the Objection.

10. All documents and correspondence identified by GMAC in its answers to DJSPA's First Set of Interrogatories served in this action.

        **RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
        *Counsel for Claimant Law Offices of David J. Stern, P.A.*
        Miami Tower
        100 S.E. Second Street, Suite 2900
        Miami, Florida 33131
        Telephone: (305) 577-4177
        Facsimile: (305) 533-8519

        By:  /s/ Spencer Tew
              JEFFREY A. TEW
              Florida Bar No. 121291
              jtew@rvmrlaw.com
              SPENCER TEW
              Florida Bar No. 0537071
              stew@rvmrlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing and the attached interrogatories were served via e-mail and U.S. Mail on this 29th day of June, 2015, on all counsel on the attached service list.

/s/ Spencer Tew
Spencer Tew

## SERVICE LIST

Jordan A. Wishnew, Esq.
JWishnew@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

John W. Smith T, Esq.
jsmitht@babc.com
ptuggle@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 521-8521
Facsimile:    (205) 488-6521