**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims
Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| --------------------------------------------------------------- ) | |
| In re:                                                )  | Case No. 12-12020 (MG) |
| )  | |
| RESIDENTIAL CAPITAL, LLC, et al.,   )  | Chapter 11 |
| )  | |
| Debtors.          )  | Jointly Administered |
| ---------------------------------------------------------------- ) | |

**NOTICE OF FILING OF REVISED EXHIBIT B TO THE PROPOSED ORDER
GRANTING THE RESCAP BORROWER CLAIMS TRUST'S EIGHTY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER
CLAIMS AND (II) REDUCE AND ALLOW BORROWER CLAIMS)**

**PLEASE TAKE NOTICE THAT** on July 8, 2015, the undersigned filed the *ResCap*

*Borrower Claims Trust's Eighty-Eighth Omnibus Objection to Claims ((I) No Liability Borrower*

*Claims and (II) Reduce and Allow Borrower Claims)* [Docket No. 8859] (the "Omnibus

Objection").

**PLEASE TAKE FURTHER NOTICE THAT** the ResCap Borrower Claims Trust (the

"Borrower Trust") hereby submits the attached proposed amended Exhibit B to the proposed

order (the "Proposed Order") to the Omnibus Objection.

ny-1195307

Dated:  July 9, 2015
        New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 100019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims
Trust*

**EXHIBIT B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-EIGHTH OMNIBUS OBJECTION - REDUCE & ALLOW (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Reduced and Allowed Claim Amount | Modified Debtor Name and Case Number | Reason for Reduction and Allowance of Claim |
|---|---|---|---|---|---|---|---|---|
| 1 | Rebecca K. Stewart 18307 Powhatan Court Gaithersburg, MD 20877 | 1577 | 10/23/12 | Unliquidated | GMAC Mortgage, LLC<br><br>Case Number 12-12032 | $988.40 General Unsecured Claim | GMAC Mortgage, LLC<br><br>Case Number 12-12032 | Claimant asserts that Debtors wrongfully increased Claimant's escrow for taxes in 2012 to account for a projected escrow shortage of $988.40. Claimant requests a "rightful refund of the escrow overage." On June 21, 2013, Debtors sent Claimant a letter requesting information and documentation in support of the claim. On July 16, 2013, Claimant responded by letter reiterating the assertions in the proof of claim, and seeking damages for "the full $988.40 I paid GMAC Mortgage…At the very least, I expect compensation for the difference between the higher previous year's tax bill - $3,049.14 – and the attached most recent year's tax bill - $2,516.69 – which is $532.45." |
| 2 | Richard A. & Carrie E. Sobleskey 703 E. Shaw Charlotte, MI 48813 | 3770 | 11/08/12 | $85,000 General Unsecured Claim | GMAC Mortgage, LLC<br><br>Case Number 12-12032 | $4,000 General Unsecured Claim | GMAC Mortgage, LLC<br><br>Case Number 12-12032 | Providence Mortgage Company originated the loan on October 22, 2007. Non-Debtor GMAC Bank purchased the loan from Providence Mortgage Company and transferred its interest to Freddie Mac on or about November 21, 2007. Debtor GMAC Mortgage LLC serviced the loan from October 22, 2007 until the property went to REO sale October 31, 2011.<br><br>Claimant left blank the basis for claim in box 2 of the proof of claim form, and provided no attachments to the proof of claim. On May 20, 2013, Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. On June 18, 2013, Claimant responded by letter stating the claim involves three different mortgages for which Claimant is a borrower, including a mortgage secured by property at 715 S Cochran, Charlotte, Michigan (the "Cochran Loan"), a mortgage secured by property at 3836 E Saginaw, Grand Lodge, MI (the "Saginaw Loan"), and a mortgage secured by property at 703 E Shaw, Charlotte, MI (the "Shaw Loan"). Claimant asserts that when the Saginaw Loan was paid off, Debtors incorrectly charged Claimant for $600 in fees that Debtors had promised they would waive. Claimant asserts that Debtors wrongfully denied Claimant a short sale of the property securing the Cochran Loan. Claimant states "I had a court judgment for over $3,000 that to date has not been collected." Claimant provides no other explanation or documentation in support of the claim.<br><br>Debtors have no liability for Claimant's assertion that Debtors wrongfully charged Claimant $600 in fees that the Debtors allegedly agreed to waive in connection with the Saginaw Loan. Debtors' records show no evidence of Debtors agreeing to waive any fees, and the Claimant provides no evidence of such a waiver. Furthermore, the payoff of Claimant's mortgage loan did not include $600 in fees. Debtors' records show the payoff amount included $458.58 in late fees, which were partially offset by a credit of $80.93.<br><br>If it is Claimant's assertion that Debtors wrongfully charged Claimant for fees that Debtors allegedly agreed to waive in connection with the Shaw property, Debtors have no liability because Claimant did not meet the conditions required to obtain the fee reversal offered to Claimant. Debtors' records show that in a letter sent to Claimant dated August 16, 2011, Debtors agreed to waive late fees of $392.28 if Claimant made a payment that brought the loan current by August 31, 2011. Claimant failed to bring the account current by August 31, 2011. On September 21, 2011, Claimant asked Debtors about the previous offer, and Debtors advised that the offer had expired August 31, 2011. Debtors' records show Claimant brought the account current on November 17, 2011.<br><br>Debtors have no liability for Claimant's assertion that Debtors wrongfully denied Claimant's short sale of the property. Debtors' records show Claimant called Debtors regarding the possibility of a short sale on March 1, 2011 and Debtors provided information about the process. Claimant's loan was referred to foreclosure on March 7, 2011, as the loan was due for December 2, 2010. On April 6, 2011, Claimant sent a fax of a listing agreement and broker contract to Debtors, and Debtors commenced a review on April 11, 2011. Debtors received a short sale offer from Claimant on June 1, 2011 in the amount of $27,000. On the same day, Debtors told Claimant that only a full market value offer, or $33,000 (as determined by a broker-price opinion ), would be accepted in accordance with investor Freddie Mac's instructions. To accommodate Claimant's efforts to pursue a sale of the property, Debtors postponed the foreclosure sale from June 30 to August 4, 2011. No additional sale offers were ever presented to Debtors after June 1, 2011. The foreclosure sale took place on August 4, 2011; however, because there was a 6-month redemption period following the foreclosure sale, Debtors did not close the opportunity for short sale review. Debtors' records show that on September 7, 2011 Claimant advised that he would not be able to come up with a contribution to cover a shortfall in any potential sale of the property. Then, on September 15, 2011, Claimant accepted and executed the Agreement for Deed and Estoppel and Solvency Affidavit (the "Cash for Keys Agreement") to terminate and waive the redemption period, surrender and vacate the property to Debtors by September 21, 2011, in exchange for a payment of $4,000 to Claimant .<br><br>Debtors have no liability for Claimant's assertion that Debtors owe Claimant "over $3,000" in connection with a "court judgment" because Debtors have found no record of owing Claimant any funds in connection with a purported judgment.<br><br>However, in connection with the Cash for Keys Agreement, Debtors were unable to locate accounting records confirming that Debtors paid Claimant $4,000 per the terms of that agreement. Accordingly, Debtors' eighty-eighth omnibus objection seeks to reduce and allow Claim No. 3770 in the amount of a $4,000 general unsecured claim against Debtor GMAC Mortgage, LLC. |