1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No.  12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10            Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            July 8, 2015

19            2:03 PM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2    Telephone Conference on the Record

3

4    Doc# 8819 Status Conference on the Objection of the ResCap

5    Liquidating Trust to Claim Numbers 2385, 2386, 2387, 2388 and

6    2389

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Hana Copperman

1

2  A P P E A R A N C E S : (ALL TELEPHONICALLY)

3  MORRISON & FOERSTER LLP

4        Attorneys for the Post-Effective Date Debtors,

5        the ResCap Liquidating Trust and the ResCap

6        Borrower Claims Trust

7        250 West 55th Street

8        York, NY 10019

9

10 BY:   ERICA J. RICHARDS, ESQ.

11       JORDAN A. WISHNEW, ESQ.

12

13

14 ALSO PRESENT:

15       DUNCAN K. ROBERTSON, Party Pro Se

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2          THE COURT:  All right.  This is Judge Glenn.  We're on

3    the record in Residential Capital, number 12-12020.  This is a

4    status conference regarding the ResCap Liquidating Trust's

5    objection to the claims of Duncan Robertson.

6          Who's on the phone?  For the Trust, first.

7          MS. RICHARDS:  Good afternoon, Your Honor.  It's Erica

8    Richards and Jordan Wishnew from Morrison & Foerster on behalf

9    of the ResCap Liquidating Trust.

10         THE COURT:  Okay.  Mr. Robertson, you're on the phone?

11         MR. ROBERTSON:  Yes, Your Honor.  I am.

12         THE COURT:  Okay.  Are you being represented by

13   counsel today?

14         MR. ROBERTSON:  No, I'm appearing pro se.

15         THE COURT:  Okay.  So I have read the various letters

16   from the Trust's counsel, Morrison & Foerster, and two letters

17   from Mr. Robertson.  When I issued my opinion and order on

18   April 28, 2015 I had directed that the parties meet and confer

19   regarding possible settlement and also with respect to

20   discovery.  That schedule, with the consent of the Court, was

21   adjourned as the parties continued to try to reach settlement.

22   I gather from the correspondence I've read the settlement

23   efforts have been unsuccessful.

24         I also have two motions for reconsideration, one from

25   each side.  And so that's where things stand as of today, as I

1  understand it.

2          Mr. Wishnew or Mr. Richards, do you want to speak

3  first?

4          MS. RICHARDS:  Sure, Your Honor.

5          THE COURT:  Ms. Richards.  I'm sorry.

6          MS. RICHARDS:  Erica Richards.

7          THE COURT:  Yes.  Go ahead.

8          MS. RICHARDS:  So as set forth in the letter that we

9  filed on June 25th, the Liquidating Trust remains open to

10  settlement discussions with Mr. Robertson.  We believe that his

11  decision to terminate those discussions are based on a

12  misunderstanding of the scope of the plan injunction, and so

13  we're seeking, in the first instance, the Court's assistance

14  and views on Mr. Robertson's ability to continue to prosecute

15  claims against the debtors in other forums.

16          THE COURT:  Well, outside -- Ms. Richards, Mr.

17  Robertson's latest letter -- which I saw for the first time

18  today.  I guess it was received on the 6th -- indicates that

19  he's no longer seeking to prosecute state law claims against

20  any of the debtors.  Do you have that letter?

21          MS. RICHARDS:  I have that letter, Your Honor.  It

22  wasn't entirely clear to us from reading the letter that he was

23  saying he's no longer seeking to prosecute them, more that he's

24  withdrawn his motion for default.

25          In the meantime, he also -- it doesn't say that he's

1   going to resume settlement discussions or that he's changed his

2   tune.

3           THE COURT:  Well, I don't force anybody to resume

4   settlement discussions, so -- but let me just deal first --

5           Mr. Robertson, have you discontinued your efforts to

6   proceed in state court against any of the debtors?

7           MR. ROBERTSON:  No, Your Honor.  The only thing that

8   was withdrawn was the motion for default, and that was based

9   upon a technicality that the attorney representing Residential

10  Funding Company, LLC had stated that all these matters were

11  stayed by order of the Court, and so nothing could go forward.

12  So until that was clarified we withdrew the motion.  That's --

13          THE COURT:  Well --

14          MR. ROBERTSON:  -- the only extent to which it

15  stopped.

16          THE COURT:  Okay.  Then, Ms. Richards, if you want to

17  bring on a motion for contempt you can go ahead and do that,

18  and without a pending motion I'm not going to give an advisory

19  opinion.  If you --

20          MR. ROBERTSON:  I'm sorry if I -- I didn't mean to

21  imply that, Your Honor.

22          THE COURT:  Well, let me tell you how it is, Mr.

23  Robertson.  The debtors' position, which has substantial

24  support -- I'm not ruling today -- is that the confirmed plan

25  precludes you from proceeding against any of the debtors in

1  anything outside of this court.

2        You're attempting to do that.  When I ask you whether

3  you have withdrawn that effort, you just told me that's not

4  your intention, that you've only withdrawn the motion for a

5  default judgment.  And what I'm telling Ms. Richards is if the

6  debtor wishes to raise the matter with this Court, they can do

7  so by seeking to hold you and your lawyer in contempt.

8        And when they do that, you'll have a chance to

9  respond, and I'll go ahead and rule.  And if I rule against

10 you, you have a substantial -- you and your attorney have a

11 substantial risk of being held in contempt.

12        This issue of the effect of the plan injunction has

13 been litigated before me in a number of other matters.  There

14 are a number of written opinions.  I'm not ruling in the

15 absence of an actual pending motion.  I don't give advisory

16 opinions.

17        You act at your risk.  Let me put it that way, Mr.

18 Robertson.

19        So, Ms. Richards, if you wish to proceed with a motion

20 to hold Mr. Robertson and his lawyer in contempt, go ahead and

21 do that.  Get it on the Court's calendar.  We'll get it teed

22 up.  Mr. Robertson will be required to appear here in person on

23 any opposition to the motion.  But let's get that teed up right

24 away, because he's obviously indicated his intention to proceed

25 against the debtor in state court.

1          MS. RICHARDS:  Let --okay, Your Honor, under --

2          THE COURT:  So that's -- that's the first.  So I'm not

3    ruling, because I don't have a concrete -- I know what's in the

4    letters.  I don't give advisory opinions.  If you want to seek

5    relief from the Court, you know how to do that.

6          The ordinary way of doing it is if somebody violates

7    the plan injunction is to seek contempt.  And if he's got a

8    counsel do it, you seek contempt against both of them.  And if

9    he's right --

10          MR. ROBERTSON:  Yes, Your Honor.

11          THE COURT:  -- he'll win.  And if he's not, he and his

12    lawyer both have a substantial chance of being held in contempt

13    with the appropriate sanctions for doing so.

14          If you want to -- in connection with your contempt

15    motion, if you have expend -- if the Trust has expended legal

16    fees in connection with the state court action, include that in

17    a request for sanctions, and we'll proceed from there.  So

18    that's point number one.

19          Point number two, with respect to settlement, which I

20    encourage, but has been unsuccessful, as far as I'm concerned,

21    the time's over for that.  And we're just going to move forward

22    expeditiously.

23          I have the two motions for reconsideration.  I've

24    looked at them quickly.  But what I'm going to do is I'm going

25    to give each of you an opportunity to respond to the other's

1    motion for reconsideration.

2              So specifically I intend to enter an order today that

3    each of you may file responses to the other's motion for

4    reconsideration on or before 5 p.m. July 22, 2015.  Responses

5    may not exceed ten pages.  No replies to these responses may be

6    filed.  The Court will not hold a hearing on the motions for

7    reconsideration.  The motions shall be deemed submitted as of

8    the deadline for filing responses.

9              So we're going to -- that's the first thing we're

10   going to clear away are the -- you'll both have a chance to

11   file responses not exceeding ten pages.

12             All right.  So the next thing, as far as I'm

13   concerned, is I had asked that the parties meet and confer

14   about a settlement -- about the discovery schedule.  I don't

15   fault anybody for trying to settle it, but it obviously hasn't

16   settled, and I don't compel anybody to settle.  But I'm going

17   to set a deadline for the completion of all fact discovery of 5

18   p.m. September 4, 2015.

19             I'm not sure this is a matter that's going to call for

20   expert discovery, but the order I enter will provide that

21   expert discovery, if any, shall be completed by 5 p.m. October

22   5, 2015.

23             The order will provide, as my typical case management

24   scheduling order does, that in the event of any discovery

25   dispute the parties shall meet and confer in an effort to

1   resolve the dispute, and if they're unable to resolve the

2   dispute, any party seeking the assistance of the Court shall,

3   before filing any discovery motion, arrange for a conference

4   with the Court with all parties or counsel involved in the

5   dispute, and I'll endeavor to resolve the dispute without the

6   filing of a motion.

7           And, Mr. Robertson, I typically -- if those requests

8   come in, I usually have a telephone hearing within a day or

9   two, but I expect the parties in good faith to try and resolve

10  any disputes.

11          Next --

12          MR. ROBERTSON:  All right, Your Honor.

13          THE COURT:  Next, I'm going to require that the

14  parties submit a joint proposed pre-trial conference order,

15  using the Court's template for such orders.  And that appears

16  on the Court's Web site under my chamber rules.  And that's due

17  on or before 5 p.m. October 19, 2015.

18          I'm scheduling trial on this contested matter for two

19  days, October 26 and 27, 2015, to begin at 9 a.m. each day.

20          Mr. Robertson, you must be present in the courtroom

21  for the trial.

22          I'm scheduling the next case management and scheduling

23  conference in this contested matter for 2 p.m. September 14,

24  2015, which is after the close of fact discovery.

25          And, Mr. Robertson, you may appear at that conference

RESIDENTIAL CAPITAL, LLC, ET AL.                    11

1  by telephone.  You live in the State of Washington.  Am I

2  correct?

3          MR. ROBERTSON:  I live in the State of Oregon.

4          THE COURT:  State of Oregon.  Okay.  So I try to

5  minimize the requirement of people being physically here.  For

6  the case management and scheduling conference you can appear by

7  telephone, but for trial you have to be physically present in

8  the courtroom.

9          Now, I've seen from some of your papers you've been

10  consulting with an attorney.  If you have any intention of

11  having an attorney appear for you in this matter you better do

12  so quickly.  I'm not going to adjourn any of these dates that

13  I'm scheduling.  We're just going to push forward.

14          MR. ROBERTSON:  I might -- I do have a couple of

15  questions, Your Honor, --

16          THE COURT:  Sure.  Go ahead.

17          MR. ROBERTSON:  -- if it's permitted.

18          THE COURT:  Go ahead.

19          MR. ROBERTSON:  First, I'd like to know what I'm in

20  contempt of.  Was there an order --

21          THE COURT:  You're not in --

22          MR. ROBERTSON:  -- of this Court?

23          THE COURT:  You're not in contempt of anything at the

24  moment, because I haven't held you in contempt, and I'm not

25  ruling in the abstract.

1          The counsel for the Trust has -- because I've seen

2     this in the correspondence -- has pointed out to you repeatedly

3     that the confirmed plan includes an injunction provision in it.

4     And the Trust alleges that in your efforts to proceed against

5     the debtors in state court you're violating that injunction.

6     Violating of that injunction is punishable by contempt.

7          I don't have a properly filed motion before me seeking

8     to hold you and your lawyer in contempt.  I thought perhaps the

9     issue had been eliminated.  I guess I misread your letter,

10    because it sounded to me that you understood that there had

11    been an automatic stay until confirmation, and the plan

12    injunction since confirmation, and that it precludes you from

13    doing what you're attempting to do against any of the debtors.

14         It doesn't preclude you from proceeding against any

15    nondebtor parties in the other action, but it does have an

16    effect on what you can do with respect to any of the debtor

17    parties.

18         I'm not ruling, because I don't have a properly filed

19    motion in front of me, but I'm just making clear, the way that

20    an injunction -- violation of an injunction is punishable by

21    civil contempt.

22         I assume that if the trustee sticks to its guns it

23    will file a motion to hold you and your lawyer in contempt for

24    what you've been attempting to do in the state court action.

25    You'll have an opportunity to respond to that motion, and we'll

RESIDENTIAL CAPITAL, LLC, ET AL.                    13

1  have a hearing.  That I will require your personal appearance

2  in court for, when that comes on for a hearing.

3        So no one has held you in contempt yet.  That's

4  what -- the issue that's been raised by the Trust in its

5  letter.  I thought that your most recent letter had

6  basically -- without acknowledging whether the Trust was

7  correct or not -- simply said you were going to withdraw any

8  efforts to proceed against the debtors, but you've indicated to

9  me that's not the case.

10        MR. ROBERTSON:  Well, that's in part, and maybe I

11  didn't make it clear in the letter or in my voicing here, but

12  what we have withdrawn is attempts for anything other than real

13  property rights.  And as I understood it, those are permitted

14  under the -- all the terms that have gone through, including

15  the injuncted (sic) terms.

16        THE COURT:  The debtor, as I understand it, doesn't --

17        MR. ROBERTSON:  If I'm incorrect, advise me.

18        THE COURT:  Mr. Robertson -- well, maybe, Ms.

19  Richards, you could clarify this.  Does the debtor have any

20  interest in the property currently?

21        MS. RICHARDS:  May understanding is we do not, Your

22  Honor.

23        THE COURT:  Okay.  So what are you -- if they don't

24  claim to have any interest in the property, how is it that

25  you're proceeding against any of the debtors with respect to

1   the property?

2           The only thing that the supplemental servicing order

3   had done was permit somebody in defense of an action by any of

4   the debtors to foreclose -- was to assert defenses, nonmonetary

5   defenses to foreclosure, okay?  But I've been writing in

6   numerous decisions since the debtors disposed of their

7   servicing rights and others that a declaratory judgment, for

8   example, against them is not proper, where they don't claim an

9   interest.  There's no title to quiet.  There's no rights that

10  they assert in any of your property.  So if you're proceeding

11  against them, it isn't going to be on the basis of a

12  supplemental servicing order.  But I'm not --

13          Look.  I don't have a properly filed motion, but you

14  just better understand you're, you know, based on this hearing

15  today, you're on fair notice that if you continue to proceed

16  against any of the debtors in state court, and they file a

17  contempt motion, and they prevail on it -- I'm not ruling on

18  it, but you better make sure you and your lawyer know what

19  you're doing, because if you're wrong, the consequences will be

20  serious.  Okay?

21          That's not a threat.  That's a statement.  You can go

22  read opinions of mine in connection with ResCap, and you'll see

23  that that's the case.  But if you think you have a good defense

24  to a contempt, well, you'll assert it when they file their

25  motion.  But we're going to move -- we're moving.

1          Look, I don't force anybody to settle.  Nothing that

2     I'm saying today precludes you from renewing your discussions

3     with the Trust to see whether you can resolve it.  All I'm

4     doing today, it's clear both sides have had ample time to try

5     and resolve the matter by settlement.  From the correspondence,

6     it's clear to me that's not happening, at least at this stage.

7          That means, from the Court's perspective, we move

8     forward.  I do have the two pending motions for

9     reconsideration.  I'm giving both of you a chance to respond to

10    each other's motions.  I'm not staying discovery while that

11    goes forward.  So I'm giving you -- there'll be a written order

12    entered today with the dates that I provided orally, and that's

13    how we're going to go forward.

14         So if you want to settle it, go ahead and settle it.

15    It's fine with me.  I've given both sides an ample opportunity

16    to try and do that, but now that that has not happened, and

17    from the correspondence, at least from Mr. Robertson, it

18    doesn't appear it's going to happen.

19         Now, Mr. Robertson, let me just say, I'm not giving

20    any advisory opinions about it.  Whether you have -- you

21    obviously have sued nondebtor defendants in your state court

22    action.

23         MR. ROBERTSON:  Yes.

24         THE COURT:  And I make absolutely no ruling with

25    respect to any issue involving those nondebtor defendants.

1    There's no stay in effect as to them.  I can't stop them from

2    arguing that some order or decision that's been entered in this

3    case has -- that they can assert it defensively.  That's going

4    to be for the Washington State Court to decide, not for me.

5    Okay?

6              MR. ROBERTSON:  Yes.

7              THE COURT:  You and your lawyer -- you have a lawyer

8    in that action.  Is that right?

9              MR. ROBERTSON:  Yes, I do.

10              THE COURT:  Okay.  So, but, you know, that's really --

11    I have no jurisdiction over your claims against the nondebtor

12    defendants.  I make no ruling with respect to it.  I can't stop

13    them from asserting they want, and the court in Washington can

14    rule whether their objections are well taken or not.  That's

15    not for me to decide.

16              MR. ROBERTSON:  Understand, Your Honor.  I will write

17    a letter to the Morrison & Foerster here, and perhaps we can

18    confer further with regard to the quiet title provisions in

19    Washington, which I realize Your Honor has ruled on one issue

20    of that, and it is, kind of, complicated, so that's why I did

21    not respond to that.  But actually a Washington quiet title

22    action is in rem action.  So it's not a case for controversy,

23    and technically it is not properly placed in the federal court.

24    And it's customary in Washington that all parties who have ever

25    come in any title or interest be joined to any quiet title

1   action, so that the chain of title may be determined.

2            THE COURT:  Mr. Robertson, you asserted a quiet title

3   claim in your proof of claim.  I sustained the objection to it.

4            MR. ROBERTSON:  Right.

5            THE COURT:  It's out of the case.  Okay?  That's

6   not -- I will consider motions for reconsiderations, whatever,

7   but the debtors and the Trust assert no interest in your

8   property, okay?  If you think you have a good quiet title claim

9   against somebody else, go ahead and proceed in state court.  It

10  isn't going to be against the debtor.  I have already -- that's

11  one thing I did rule on, okay?  If --

12           MR. ROBERTSON:  Well, it's not against the debtor,

13  Your Honor.  That's a point.

14           THE COURT:  They are not going -- look.  I'm not

15  ruling now.  I'm just telling you, if they make a contempt

16  motion, and you've been properly trying to force them to defend

17  an action in Washington State Court, and if you're wrong, the

18  consequences are going to be serious.  Okay?  That's not

19  today's issue.  But just understand.  Don't come in, or your

20  lawyer come in and argue you didn't understand what the Court's

21  rulings have been, and therefore there shouldn't be a contempt

22  ruling.  Okay?

23           If you're right, good.  You'll prevail.  If you're

24  wrong, you will be held in contempt, and your lawyer will be

25  held in contempt, and there'll be consequences.  So take the

1    chances, if that's what you want to do.

2           I'm not telling you that -- the Trust has to convince

3    me that you have violated the plan injunction by proceeding in

4    the fashion you have.  But just understand the consequences if

5    they're right and you're wrong.

6           MR. ROBERTSON:  I do.

7           THE COURT:  What discovery do you wish to take, Mr.

8    Robertson?

9           MR. ROBERTSON:  Well, it would be principally with

10   regard to discovering who actually had this loan and how it was

11   involved in, because that's the basis of all authority for the

12   actions of the claims that have been permitted to go forward.

13          THE COURT:  Have you served any written discovery on

14   the Trust at this point?

15          MR. ROBERTSON:  No, I have not, Your Honor.

16          THE COURT:  Okay.  That's fine.

17          MR. ROBERTSON:  Because it's not been clear exactly

18   where we are --

19          THE COURT:  Okay.

20          MR. ROBERTSON:  -- in this matter.

21          THE COURT:  That's fine.  So both sides are, you know,

22   whatever -- I don't know what discovery the Trust wants to

23   take.  Both sides are going to have to move forward promptly

24   with discovery.  So I will enter the written order today with

25   this schedule.  I encourage both sides to continue talking.

1        And that's where we'll go.  I mean, your claims

2   against the debtor, in my court, are for monetary damages,

3   okay?  One of the things you said in one or both of your

4   letters is that your lawyer had indicated to you that you would

5   prejudice your claims against the nondebtors if you resolved

6   the damage claims against the debtors.  I'm not getting in the

7   middle of that.  You'll either settle with the debtors or you

8   won't settle with the debtors.  But we're not going to sit

9   back.

10       So the other thing -- tell me what's the status of

11  your Ninth Circuit appeal?

12       MR. ROBERTSON:  It's still pending.

13       THE COURT:  Well, is it fully briefed?

14       MR. ROBERTSON:  It's been fully briefed, yes.  It's

15  just we're awaiting the Ninth Circuit to -- it's not been

16  orally briefed.

17       THE COURT:  There has not been oral argument yet.

18       MR. ROBERTSON:  No.

19       THE COURT:  Okay.  When was it fully briefed?  Do you

20  remember that?

21       MR. ROBERTSON:  About two months ago.

22       THE COURT:  Okay.  The Ninth --

23       MR. ROBERTSON:  And the state court case has been

24  moved forward to what is it?  March 20 or -- I'm sorry.

25  March -- I've got the date here.   March 28, 2016 --

1          THE COURT:  Okay.

2          MR. ROBERTSON:  -- to permit that order to come in so

3    that the cases may be heard simultaneously and together.  And

4    obviously it would be a great help if these claims could be

5    heard in that same --

6          THE COURT:  They're not.

7          MR. ROBERTSON:  -- so Your Honor would --

8          THE COURT:  You filed a proof of claim here.  Your

9    claims get adjudicated as part of the claims allowance process

10   in this court, and that's what I'm going to do.  That's what

11   I'm setting -- saying a schedule in.  If you don't settle it,

12   they will be -- you know, I have still the motions for

13   reconsideration.  The Trust argues --

14         MR. ROBERTSON:  Right.

15         THE COURT:  -- that I would -- both sides argue my

16   ruling was incorrect in some respects.  And we'll see what

17   comes out of that.  So the order will have the dates I gave you

18   for responding to each other's motion for reconsideration.

19         Some of this case remains, so no matter what.  So

20   discovery is going forward, and if we have to have a trial,

21   we're going to have a trial.  When we have --

22         MR. ROBERTSON:  All right.

23         THE COURT:  -- the September -- wait.  Did I?  Yes.

24   September 14, 2015, 2 p.m. New York time, case management and

25   scheduling conference.  I will give more guidance then about

RESIDENTIAL CAPITAL, LLC, ET AL.                    21

1    what my procedures are applicable to trial.

2            MR. ROBERTSON:  All right.

3            THE COURT:  Okay?  Ms. Richards, anything else you

4    want to raise?

5            MS. RICHARDS:  No, Your Honor.

6            THE COURT:  Ms. Richards, if the Trust decides to

7    bring contempt, obviously talk with Mr. Robertson first, see

8    whether you can resolve -- hopefully you can resolve those

9    issues.  If he's intent on proceeding against the debtors in

10   state court, well, bring on your motion.  Let's get it on a

11   calendar.

12           And, as I said, Mr. Robertson, you'll have to appear

13   in person at that.

14           MR. ROBERTSON:  Understand, sir.

15           THE COURT:  Okay.  All right.  We're adjourned.

16           MR. WISHNEW:  Thank you, Your Honor.

17           MR. ROBERTSON:  Thank you, Your Honor.

18        (Whereupon these proceedings were concluded at 2:28 PM)

19

20

21

22

23

24

25

22

1

2                         C E R T I F I C A T I O N

3

4    I, Hana Copperman, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    *Hana Copperman*

8    _____

9
     HANA COPPERMAN
10
     AAERT Certified Electronic Transcriber CET**D 487
11

12
     eScribers
13
     700 West 192nd Street, Suite #607
14
     New York, NY 10040
15

16
     Date:  July 9, 2015
17

18

19

20

21

22

23

24

25