## Exhibit X



*DBA/GMAC*
*9/26/03*

## SOUTHLAND TITLE
Two Venture Plaza #120
Irvine, CA 92618
(949) 453-9000

August 18, 2003

Home Star Loan Services, LLC
W115 Century Road, Paramus
New Jersey 07652

Attn:  Loan Closing Department

Your No.:    ████2338
Our No.:     ████3825

Please find enclosed herewith your policy of title insurance per your request.

LUCY GARCIA
Title Officer



This policy has been issued through the offices of

# SOUTHLAND TITLE

We wish to take this opportunity to thank you for allowing us to assist you in your recent real estate transaction. We appreciate your confidence in us and take pride in our ability to service all your title needs.

The enclosed title policy was carefully prepared in accordance with your agent's instruction and should be kept in a safe place with your other important documents as it continues to protect you as long as you have an interest in the subject real property.

We hope we can be of assistance to you in all your future real estate transactions.

Cordially,

David Cronenbold, Jr.
President & Chief Executive Officer

7530 NORTH GLENOAKS BLVD., BURBANK, CALIFORNIA 91504-1052  ·  (800) 747-7777
TWO VENTURE PLAZA, SUITE 120, IRVINE, CALIFORNIA 92618-3314  ·  (800) 498-7000
9665 GRANITE RIDGE DRIVE, SUITE 300, SAN DIEGO, CALIFORNIA 92123  ·  (800) 464-8444

FORM # TT-11 (Rev.5/02) Ω

# LOAN POLICY OF TITLE INSURANCE

### Issued by **Transnation Title Insurance Company**



POLICY NUMBER

█████ 2509

*Transnation Title Insurance Company is a member of the LandAmerica family of title insurance underwriters.*

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, TRANSNATION TITLE INSURANCE COMPANY, an Arizona corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material;
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy, or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. Any assessments for street improvements under construction or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.
9. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, TRANSNATION TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**TRANSNATION TITLE INSURANCE COMPANY**

Attest: *Wm. Chadwick Perrine*    Secretary



By: *Janet A. Alpert*    President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulations (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.



# SOUTHLAND TITLE

Two Venture Plaza #120
Irvine, CA 92618
(949) 453-9000

ALTA Loan Policy Form (10-17-92)

## SCHEDULE A

DATE OF POLICY:             August 07, 2003 AT 4:19 PM

AMOUNT OF INSURANCE:        $199,000.00

PREMIUM:                    $664.72

POLICY NO.:                 ███2509

ORDER NO.:                  ███8825

LOAN NO.:                   ███2338

1. NAME OF INSURED:

   Home Star Mortgage Services, LLC, a Limited Liability Company        its Successors and/or Assigns

2. TITLE TO THE ESTATE OR INTEREST IN THE LAND IS VESTED IN:

   Julio Pichardo and Rocio Pichardo, husband and wife as joint tenants

3. THE ESTATE OR INTEREST IN THE LAND WHICH IS DESCRIBED IN SCHEDULE A AND WHICH IS ENCUMBERED BY THE INSURED MORTGAGE IS:

   A FEE

4. THE MORTGAGE, HEREIN REFERRED TO AS THE INSURED MORTGAGE, AND THE ASSIGNMENTS THEREOF, IF ANY, ARE DESCRIBED AS FOLLOWS:

   A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby.

   | | |
   |---|---|
   | Amount: | $199,000.00 |
   | Dated: | July 31, 2003 |
   | Trustor: | Julio Pichardo and Rocio Pinchardo, husband and wife as joint tenants |
   | Trustee: | Martin J. Levine |
   | Beneficiary: | Mortgage Electronic Registration Systems, Inc., ("MERS"), solely as nominee for Home Star Mortgage Services, LLC, a Limited Liability Company |
   | Recorded: | August 07, 2003 as instrument no 2003000952444  Official Records |

Order No.: ▮▮3825

## SCHEDULE A – CONTINUED

5.    THE LAND REFERRED TO IN THIS POLICY IS SITUATED IN THE COUNTY OF Orange,  STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lot(s)  5  of Tract No. 1354, in the City of Fullerton, County of Orange, State of California, as per map recorded in Book 45 Page(s) 32, of Miscellaneous Maps, in the office of the County Recorder of said County.

COUNTERSIGNED

BY_____
         DAVID CRONENBOLD, JR.
    SOUTHLAND TITLE CORPORATION



Order No.: ███3825

## SCHEDULE B
### PART I

**THIS POLICY DOES NOT INSURE AGAINST LOSS OR DAMAGE (AND THE COMPANY WILL NOT PAY COSTS, ATTORNEYS' FEES OR EXPENSES) WHICH ARISE BY REASON OF:**

A.  Property taxes, including general and special taxes, personal property taxes, if any, and any assessments collected with taxes, to be levied for the fiscal year 2003 - 2004 which are a lien not yet payable.

B.  Assessments, if any, for community facility districts affecting said land which may exist by virtue of assessment maps or notices filed by said districts.

C.  Supplemental or escaped assessments of property taxes, if any, assessed pursuant to the Revenue and Taxation Code of the State of California.

1.  Covenants, conditions and restrictions, if any, appearing in the public records.

2.  Any easements or servitudes appearing in the public records.


**ENDORSEMENT(S):**

The following endorsements are attached to and made a part of this policy:

116
100
110.9 (ALTA 8.1)

Order No.: ████3825

## SCHEDULE B

### PART II

IN ADDITION TO THE MATTERS SET FORTH IN PART I OF THIS SCHEDULE, THE TITLE TO THE ESTATE OR INTEREST IN THE LAND DESCRIBED OR REFERRED TO IN SCHEDULE A IS SUBJECT TO THE FOLLOWING MATTERS, IF ANY BE SHOWN, BUT THE COMPANY INSURES THAT THESE MATTERS ARE SUBORDINATE TO THE LIEN OR CHARGE OF THE INSURED MORTGAGE UPON THE ESTATE OR INTEREST:

NONE



## CONDITIONS AND STIPULATIONS
(Continued)

**5.    PROOF OF LOSS OR DAMAGE.**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulations, shall terminate any liability of the Company under this policy as to that claim.

**6.    OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the following additional options:

(a)    To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i)    to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii)    to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company elects to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs (a)(i) or (a)(ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b)    To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i)    to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii)    to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs (b)(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7.    DETERMINATION AND EXTENT OF LIABILITY.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a)    The liability of the Company under this policy shall not exceed the least of:

(i)    the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2(c) of these Conditions and Stipulations;

(ii)    the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii)    the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b)    In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c)    The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8.    LIMITATION OF LIABILITY.**

(a)    If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b)    In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c)    The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d)    The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9.    REDUCTION OF INSURANCE; REDUCTION OF LIABILITY.**

(a)    All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b)    Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c)    Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

**10.    LIABILITY NONCUMULATIVE.**

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

**11.    PAYMENT OF LOSS.**

(a)    No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b)    When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**12.    SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a)    The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b)    The Insured's Rights and Limitations.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c)    The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be provided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1 (a)(i) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section 1 (a)(i) of these Conditions and Stipulations.

**13.    ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**14.    LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a)    This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b)    Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c)    No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or a validating officer or authorized signatory of the Company.

**15.    SEVERABILITY.**

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

**16.    NOTICES, WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to: Consumer Affairs Department, P.O. Box 27567, Richmond, Virginia 23261-7567.

Order No.: ███3825

**CLTA FORM 100**

# ENDORSEMENT 100

The Company hereby insures the owner of the indebtedness secured by the insured mortgage against loss or damage which the insured shall sustain by reason of:

1.  The existence of the following:

    (a)  Covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be cut off, subordinated, or otherwise impaired;

    (b)  Present violations on the land of any enforceable covenants, conditions or restrictions;

    (c)  Except as shown in Schedule B, encroachments of buildings, structures or improvements located on the land onto adjoining lands, or any encroachments onto the land of buildings, structures or improvements located on adjoining lands.

2.  (a)  Any future violations on the land of any covenants, conditions or restrictions occurring prior to acquisition of title to the estate or interest referred to in schedule a by the insured, provided such violations result in impairment or loss of the lien of the mortgage referred to in Schedule A, or result in impairment or loss of the title to the estate or interest referred to in Schedule A if the insured shall acquire such title in satisfaction of the indebtedness secured by the insured mortgage;

    (b)  Unmarketability of the title to the estate or interest referred to in Schedule A by reason of any violations on the land, occurring prior to acquisition of title to the estate or interest referred to in Schedule A by the insured, of any covenants, conditions or restrictions.

3.  Damage to existing improvements, including lawns, shrubbery or trees

    (a)  Which are located or encroach upon that portion of the land subject to any easement shown in Schedule B, which damage results from the exercise of the right to use or maintain such easement for the purposes for which the same was granted or reserved;

    (b)  Resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals excepted from the description of the land or shown as a reservation in Schedule B.

4.  Any final court order or judgment requiring removal from any land adjoining the land of any encroachment shown in Schedule B.

Wherever in this endorsement any or all the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms covenants, conditions or restrictions contained in any lease.

For purposes of this endorsement, the words "covenants," "conditions" or "restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection, except to the extent that a notice of a violation or alleged violation affecting the land has been recorded in the public records at date of policy and is not excepted in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**Transnation Title Insurance Company**

Janet A. Alpert                     PRESIDENT
William Chadwick Perrine            SECRETARY

**COUNTERSIGNED**

BY_____
        DAVID CRONENBOLD, JR.
     SOUTHLAND TITLE CORPORATION

Order No.: ████825

**CLTA FORM 110.9 (3-13-87)**
**ALTA Endorsement - Form 8.1 (3-27-87)**

## ENDORSEMENT 110.9

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

(a)     any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B.

(b)     any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

NONE

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**Transnation Title Insurance Company**

Janet A. Alpert                          PRESIDENT
William Chadwick Perrine          SECRETARY

COUNTERSIGNED

BY
       DAVID CRONENBOLD, JR.
       SOUTHLAND TITLE CORPORATION

Order No.: ███3825

CLTA FORM 116 (Rev. 6-14-96)

## ENDORSEMENT 116

The company assures the owner of the indebtedness secured by the insured mortgage against loss or damage which the insured shall sustain by reason of the failure of (i)

A Single Family Residence

Known as

1201 East Sudene Avenue
Fullerton, California

to be located on the land at Date of Policy, or (ii) the map attached to this policy to correctly show the location and dimensions of the land according to the public records.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**Transnation Title Insurance Company**

Janet A. Alpert                    PRESIDENT
William Chadwick Perrine           SECRETARY

COUNTERSIGNED

BY _____
        DAVID CRONENBOLD, JR.
      SOUTHLAND TITLE CORPORATION



# SOUTHLAND TITLE

Two Ventura Plaza #120
Irvine, CA 92618
PHONE: (949) 453-9000

Escrow No.: 22960-D
Order No.: ____825

*(Updated)*

ATLAS ESCROW
1240 SOUTH STATE COLLEGE #140
ANAHEIM, CA 92806

**Attention: DONNA BURROWS**

**Property Address:** 1201 East Sudene Avenue, Fullerton, California

DATED AS OF  July 18, 2003  AT 7:30 A.M.

## "PRELIMINARY REPORT"

IN RESPONSE TO THE ABOVE REFERENCED APPLICATION FOR A POLICY OF TITLE INSURANCE, SOUTHLAND TITLE HEREBY REPORTS THAT IS PREPARED TO ISSUE, OR CAUSE TO BE ISSUED, AS OF THE DATE HEREOF, A POLICY OR POLICIES OF TITLE INSURANCE DESCRIBING THE LAND AND THE ESTATE OR INTEREST THEREIN HEREINAFTER SET FORTH, INSURING AGAINST LOSS WHICH MAY BE SUSTAINED BY REASON OF ANY DEFECT, LIEN OR ENCUMBRANCE NOT SHOWN OR REFERRED TO AS AN EXCEPTION IN SCHEDULE B OR NOT EXCLUDED FROM COVERAGE PURSUANT TO THE PRINTED SCHEDULES, CONDITIONS AND STIPULATIONS OF SAID POLICY FORMS.

THE PRINTED EXCEPTIONS AND EXCLUSIONS FROM THE COVERAGE OF SAID POLICY OR POLICIES ARE SET FORTH IN THE ATTACHED LIST.  COPIES OF THE POLICY FORMS SHOULD BE READ.  THEY ARE AVAILABLE FROM THE OFFICE WHICH ISSUED THIS REPORT.

THIS REPORT (AND ANY SUPPLEMENTS OR AMENDMENTS THERETO) IS ISSUED SOLELY FOR THE PURPOSE OF FACILITATING THE ISSUANCE OF A POLICY OF TITLE INSURANCE AND NO LIABILITY IS ASSUMED HEREBY.  IF IT IS DESIRED THAT LIABILITY BE ASSUMED PRIOR TO THE ISSUANCE OF A POLICY OF TITLE INSURANCE, A BINDER OR COMMITMENT SHOULD BE REQUESTED.

PLEASE READ THE EXCEPTIONS SHOWN OR REFERRED TO BELOW AND THE EXCEPTIONS AND EXCLUSIONS SET FORTH IN THIS REPORT CAREFULLY.  THE EXCEPTIONS AND EXCLUSIONS ARE MEANT TO PROVIDE YOU WITH NOTICE OF MATTERS THAT  ARE NOT COVERED UNDER THE TERMS OF THE TITLE INSURANCE POLICY AND SHOULD BE CAREFULLY CONSIDERED. IT IS IMPORTANT TO NOTE THAT THIS PRELIMINARY REPORT IS NOT A WRITTEN REPRESENTATION AS TO THE CONDITION OF TITLE AND MAY NOT LIST ALL LIENS, DEFECTS AND ENCUMBRANCES AFFECTING TITLE TO THE LAND.

THE FORM OF POLICY OF TITLE INSURANCE CONTEMPLATED BY THIS REPORT IS:

   American Land Title Association Refinance

SOUTHLAND TITLE

LUCY GARCIA, TITLE OFFICER
Fax: (949) 453-1615

Aug-06-03   09:52am   From-                                   T-206   P.006/016   F-537

ORDER NO. ███ 3825

## SCHEDULE A

THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

A FEE

TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

Julio Pichardo and Rocio Pichardo, husband and wife as joint tenants

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA AND IS DESCRIBED IN ATTACHED EXHIBIT "A":

*"WE HAVE ENCLOSED EXTRA COPIES OF THE LEGAL DESCRIPTION FOR YOUR CONVENIENCE."*

2

Aug-06-03    09:52am    From-                                T-208    P.007/016    F-537

ORDER NO ████ 3825

EXHIBIT "A"

Lot(s)  5  of Tract No. 1354, In the City of Fullerton, County of Orange, State of California, as per map recorded in Book 45 Page(s) 32, of Miscellaneous Maps, In the office of the County Recorder of said County.

3

Aug-06-03   08:52am   From-                                      T-206  P.008/016  F-537

ORDER NO. ███825

## SCHEDULE B

AT THE DATE HEREOF EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED
EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM DESIGNATED ON THE FACE PAGE
OF THIS REPORT WOULD BE AS FOLLOWS:

A.  Property taxes, including general and special taxes, personal property taxes, if any, and any
    assessments collected with taxes, to be levied for the fiscal year 2003 - 2004 which are a lien
    not yet payable.

B.  Property taxes, including general and special taxes, personal property taxes, if any, and any
    assessments collected with taxes, for the fiscal year shown below, are paid.  For proration
    purposes the amounts are:

    Fiscal year:        2002 – 2003
    1st Installment:    $1,554.20
    2nd Installment:    $1,554.20

    Homeowners
    Exemption:          None Shown
    Code Area:          03000
    Assessment No.:     033-291-11

C.  If Southland Title is asked to hold money for any taxes shown above, a satisfactory indemnity
    along with written consent by Borrower/Seller and/or Lender MUST be submitted prior to
    closing.  Please contact your title officer for the appropriate forms.

D.  Assessments, if any, for community facility districts affecting said land which may exist by
    virtue of assessment maps or notices filed by said districts.

E.  Supplemental or escaped assessments of property taxes, if any, assessed pursuant to the
    Revenue and Taxation Code of the State of California.

1.  Water rights, claims or title to water, whether or not shown by the public records.

2.  Covenants, conditions and restrictions, if any, appearing in the public records.

3.  Any easements or servitudes appearing in the public records.

4.  A deed of trust to secure an indebtedness in the amount shown below, and any other obligations
    secured thereby.

    Amount:             $155,600.00
    Dated:              April 2, 1998
    Trustor:            Julio Pichardo
    Trustee:            Premier Trust Deed Services, Inc.
    Beneficiary:        Option One Mortgage Corporation, a California Corporation
    Recorded:           April 7, 1998 as Instrument No. 19980204327, Official Records
    Original Loan No.:  ████4012

4

ORDER NO. ███825

5.  A deed of trust to secure an indebtedness in the amount shown below, and any other obligations
    secured thereby.

    Amount:              $16,850.00
    Dated:               December 23, 1998
    Trustor:             Julio Pichardo and Rocio Pichardo, husband and wife
    Trustee:             Premier Trust Deed Services, Inc.
    Beneficiary:         Option One Mortgage Corporation, a California Corporation
    Recorded:            December 30, 1998  as Instrument No.  19980901167, Official Records
    Original Loan No.:   ███760

    An assignment of the beneficial interest under said deed of trust which names

    As Assignee:         Firstar Bank Milwaukee, N.A. as Trustee for the Registered Holders of
                         Salomon Brothers Mortgage Securities VII, Inc., New Century Asset-
                         Backed Floating Rate Certificates, Series 1998-NC7
    Recorded:            May 22, 2000 as Instrument No.  20000267664, Official Records

6.  The effect of a document:

    Entitled:            Grant Deed Joint Tenancy
    Dated:               March 27, 2000
    Executed by:         Julio Pichardo and Rocio Pichardo
    In favor of:         Rocio Pichardo and Angela Morales
    Recorded:            March 27, 2000 as Instrument No.  20000155741, Official Records

    For the purposes of title insurance, this company requires that an affidavit executed by the
    Grantor above and acknowledged before a notarial officer other than the person who originally
    took the acknowledgment, be submitted to this office for review.  Said affidavit will be provided
    by this company.

    Also this company requires Statements of Information from all parties shown on the above
    mentioned deed.

    Please contact the title officer for further particulars.


                              **End of Schedule B**
                          **See "Notes and Requirements"**


                                       5

ORDER NO. 3825

## NOTE

California Insurance Code §12413.1 regulates the disbursement of escrow and sub escrow funds by title companies. The law requires that funds be deposited in the title company escrow account and available for withdrawal prior to disbursement. Funds deposited with the Company via wire transfer may be disbursed upon receipt. Funds deposited with the Company via cashiers or teller's checks drawn on a California-based bank may be disbursed the next business day after the day of deposit. If funds are deposited with the Company by other methods, recording and/or disbursement may be delayed. All escrow and sub-escrow funds received by the Company will be deposited with other escrow funds in one or more non-interest bearing escrow accounts of the Company in a financial institution selected by the Company. The Company and/or its parent company may receive certain direct or indirect benefits from the financial institution by reason of the deposit of such funds or the maintenance of such accounts with such financial institution, and the Company shall have no obligation to account to the depositing party in any manner for the value of, or to pay to such party, any benefit received by the Company and/or its parent company. Those benefits may include, without limitation, credits allowed by such financial institution on loans to the Company and/or its parent company and earnings on investments made with the proceeds of such loans, accounting, reporting and other services and products of such financial institution. Such benefits shall be deemed additional compensation of the Company for its services in connection with the escrow or sub-escrow.

**WIRING INSTRUCTIONS FOR THIS OFFICE ARE:**

**Comerica Bank**
**9920 S. La Cienega Blvd, 11th Floor**
**Inglewood, CA 90301**

| | |
|---|---|
| **CREDIT:** | SOUTHLAND TITLE |
| **ACCOUNT NO.:** | 2739 |
| **ROUTING NO.:** | 121137522 |

FOR THE ACCOUNT OF:      SOUTHLAND TITLE – LOAN PAYOFF DEPT.

**OUR ORDER NUMBER OR ESCROW NUMBER MUST ALWAYS BE REFERENCED.**

FAILURE TO DO SO MAY CAUSE DELAYS IN THE CLOSING OF A TRANSACTION AND/OR MISPLACED OR LOST FUNDS. SOUTHLAND TITLE DOES NOT ACCEPT LIABILITY FOR SUCH DELAYS IN CLOSING, MISPLACED AND/OR LOST FUNDS, OR DAMAGES (IE. INTEREST, PENALTIES) SUFFERED BY REASON OF ONE'S FAILURE TO COMPLY WITH THE IDENTIFICATION/CREDIT PROCEDURE SET FORTH ABOVE. ALL UNIDENTIFIED/UNCLAIMED WIRES WILL BE RETURNED AFTER FORTY-EIGHT (48) HOURS.

SHOULD YOU HAVE ANY QUESTIONS REGARDING THE DEPOSIT OR DISBURSEMENT OF FUNDS, PLEASE CONTACT YOUR TITLE OFFICER IMMEDIATELY.

ORDER NO. ███825

## REQUIREMENTS

Req. No. 1 : The Company will require a statement of information from the parties named below in order to complete this report, based on the effect of documents, proceedings, liens, decrees, or other matters which do not specifically describe said land, but which, if any do exist, may affect the title or impose liens or encumbrances thereon.

Parties:          All Parties

(Note:  The statement of information is necessary to complete the search and examination of title under this order.  Any title search includes matters that are indexed by name only, and having a completed statement of information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name.  Be assured that the statement of information is essential and will be kept strictly confidential to this file.)

7

Aug-06-03    08:53am    From-                                    T-206   P.012/016   F-537

ORDER NO. ████ 3825

## NOTES

**Privacy Notice (15 U.S.C. 6801 and 16 CFR Part 313)**

We collect nonpublic personal information about you from information you provide on forms and documents and from other people such as your lender, real estate agent, attorney, escrow, etc. We do not disclose any nonpublic information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic personal information about you to those employees who need to know that information in order to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

8

## Southland Title
Two Venture Plaza #120
Irvine, CA 92618
PHONE: (949) 453-9000

ORDER NO.: ███ 825

PEGASUS FINANCE
950 E. KATELLA AVE. #7
ORANGE, CA 92887

(Updated)

ATTENTION:  KIMBERLY WILLIAMS
REF:        PICHARDO

Dated as of  July 18, 2003 at 8:00 A.M.

### LENDER'S SUPPLEMENTAL REPORT

The above numbered report (including any supplement thereto) is hereby modified and/or
supplemented in order to reflect the following additional items relating to the issuance of an
American Land Title Association form policy as follows:

1.    None of the items shown in this report will cause the company to decline to attach
      CLTA Endorsement Form 100 to an ALTA loan policy, when issued.

      There is located on said land

      A Single Family Residence

      Known as:

      1201 East Sudene Avenue
      Fullerton, California

2.    The only conveyances affecting said land, which recorded within 24 months of the date
      of this report, are as follows: NIL

FORMS:

DT3
DT4
GG18
RG23
RG24
TL4

ORDER NO. ▮▮▮825

This Affidavit is to be used in conjunction with Item No. 6 of the attached Preliminary Report.

This Affidavit when fully completed is to be signed and notarized before returning to enable Title Company to insure the presently pending transaction.

### AFFIDAVIT

Affirms as follows:

1. I/We am/are the person(s) who made, executed and delivered the deed dated _____ _____To _____ Grantee, which recorded _____As Instrument No. _____Official Records, conveying the following described property:

2.    A. Consideration in the amount of $_____ was        paid        for        this conveyance, or

       B. Other _____

3.    That possession of said premises has been surrendered to the Grantee.

4.    A. When I/we signed and delivered the deed to Grantee, I/we understood the effect of the deed, knew what I/we were signing, and signed it freely, voluntarily and without being under any duress; or

       B. Other _____

5.    This Affidavit is made for the protection and benefit of the Grantee, the Grantee's successors and assigns, and all other parties hereafter dealing with or who may acquire an interest in the above described property, and for the purpose of inducing the ("Title Company") to insure title to the above described property. I/We know that Title Company will rely on this Affidavit and that for My/Our assurances Title Company would not insure the property.

6.    I/We acknowledge I/We have read the foregoing and fully indemnify and hold Title Company harmless against liability occasioned by Title Company's reliance on the statements I/We have made in this Affidavit.

Dated: _____

By: _____

By: _____

(ATTACH NOTARY SEAL OR CERTIFICATE OF ACKNOWLEDGMENT HERE.)

**GE18A**

ORDER NO.  3825



# SOUTHLAND TITLE

### PRIVACY POLICY NOTICE

Dear Southland Title Customer:

The Financial Services Modernization Act recently enacted by Congress has brought many changes to the financial services industry, which includes insurance companies and their agents. One of the changes is that we are now required to explain to our customers the ways in which we collect and use customer information.

The statement attached to this letter is the privacy policy of the Southland Title family of companies. The members of the family – Southland Title Corporation, Southland Title of Orange County, Southland Title of San Diego, and Southland Title Equities, Inc. may issue policies, handle real estate closings and serve as exchange accommodator in virtually every part of Southern California. You may review a list of Southland Title Companies on our website (www.southlandtitle.com). You may visit our website for an explanation of our privacy practices relating to electronic communications.

Our concern with the protection of your information has been a part of our business since 1985, when the company opened. We will continue to protect the privacy, accuracy and security of customer information given to us.

No response to this notice is required, but if you have questions, please write to us:

Southland Title Privacy
7530 N. Glenoaks Boulevard
Burbank, California 91504

Aug-06-03   08:54am   From-                                    T-206   P.016/016   F-837

ORDER NO.  3825



# SOUTHLAND TITLE

**SOUTHLAND TITLE PRIVACY POLICY**

*What kinds of information we collect.* Most of Southland Title's business is title, escrow and exchange services, but there are companies in our family that provide other real estates services to consumers. We collect information about you (for instance, your name, address, telephone number), and information about your transaction, including the identity of the real property that you are buying, financing or exchanging. We may obtain a copy of any deeds, notes, or mortgages that are involved in the transaction. We may get this information from you or from the lender, attorney, or real estate broker that you have chosen. Our title companies then obtain information from the public records about the property so that we can prepare a title insurance policy. When we provide closing, escrow or settlement services, exchange services, mortgage lending, or mortgage loan servicing, we may get your social security number and we may receive additional information from third parties including appraisals, credit reports, land surveys, escrow account balances and sometimes bank account numbers to facilitate the transaction. If you are concerned about the information we have collected, please write us.

*How we use this information.* The company giving or specifically adopting this notice does not share your information with marketers outside its own family. There is no need to tell us to keep your information to ourselves because we share your information only to provide the service requested by you or your lender, or in other ways permitted by law. The privacy laws permit some sharing without your approval. We may share internally and with nonaffiliated third parties in order to carry out and service your transaction, to protect against fraud or unauthorized transactions, for institutional risk control, to issue title insurance, investigate or process a claim under the policy of title insurance, and to provide information to government and law enforcement agencies. Companies within a family may share certain information along themselves in order to identify and market their own products that they think may be useful to you. Credit information about you is shared only to facilitate your transaction or for some purpose permitted by law.

*How we protect your information.* We restrict access to nonpublic personal information about you to those employees who need the information to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with law to guard your nonpublic personal information. We reinforce the company's privacy policy with our employees.

Apr-29-03    04:01pm    From-                                    T-265    P.010/015    F-179

# Southland Title
Two Venture Plaza #120
Irvine, CA 92618
PHONE: (949) 453-9000

ORDER NO.: ███3825

PEGASUS FINANCE
950 E. KATELLA AVE. #7
ORANGE, CA 92687

ATTENTION:  KIMBERLY WILLIAMS
REF:        PICHARDO

Dated as of  March 13, 2003 at 8:00 A.M.

### LENDER'S SUPPLEMENTAL REPORT

The above numbered report (including any supplement thereto) is hereby modified and/or supplemented in order to reflect the following additional items relating to the issuance of an American Land Title Association form policy as follows:

1.    None of the items shown in this report will cause the company to decline to attach CLTA Endorsement Form 100 to an ALTA loan policy, when issued.

      There is located on said land

      A Single Family Residence

      Known as:

      1201 East Sudene Avenue
      Fullerton, California

2.    The only conveyances affecting said land, which recorded within 24 months of the date of this report, are as follows:  NIL

FORMS:

DT3
DT4
GE16
RQ23
RQ24
TL4