**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

July 13, 2015

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

By Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC et al.
      Jointly Administered under Case No. 12-12020 (Bankr. S.D.N.Y.)

Dear Judge Glenn:

This firm is counsel to the ResCap Borrower Claims Trust (the "Borrower Trust"). In accordance with the Court's direction at the hearing on the *Objection of the ResCap Borrower Claims Trust to Claim Numbers 5610 and 5612 Filed by Richard D. Rode* [Docket No. 8452] (the "Claims Objection") held on May 14, 2015, my colleague and I engaged in preliminary discussions with Mr. Rode regarding the potential settlement of the Claims Objection.

As set forth in a letter filed with the Court on June 1, 2015 [Docket No. 8677], the parties agreed to continue settlement discussions until the earlier of (i) June 30, 2015 or (ii) the date the parties agreed that settlement discussions were at an impasse, and the Borrower Trust requested that the Court delay preparing its decision on the Claims Objection until after that period had expired.

In order to facilitate further settlement discussions, Mr. Rode agreed to provide the Borrower Trust with an estimate of his alleged actual damages, as well as to gather and provide the Borrower Trust with documentation to support that estimate. To date, Mr. Rode has only provided a limited subset of these materials, despite repeated follow-up requests made on behalf of the Borrower Trust.

On June 29, 2015, my colleague sent Mr. Rode the letter attached as Exhibit A, again requesting that Mr. Rode provide the remainder of the materials, and stating that if we did

ny-1195611

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
July 13, 2015
Page Two

not receive them by July 10, 2015, then the Borrower Trust would ask the Court to issue a ruling on the Claims Objection.

On June 30, 2015, Mr. Rode sent an e-mail indicating that the Borrower Trust would receive the outstanding materials by July 6, 2015. On July 8, 2015, my colleague sent a reply to Mr. Rode indicating that the materials had not yet been received, to which there was no response.

The Borrower Trust remains open to engaging in constructive settlement discussions with Mr. Rode regarding the Claims Objection. However, given the amount of time that has elapsed since the initial hearing and the lack of progress made regarding a settlement, the Borrower Trust respectfully requests that the Court issue a ruling on the Claims Objection.

Respectfully submitted,

Jordan A. Wishnew

cc:   Richard D. Rode (w/ encl.)

Encl.

ny-1195611

**EXHIBIT A**

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 29, 2015

Writer's Direct Contact
+1 (212) 336.4320
ERichards@mofo.com

Via E-mail: richrode@att.net

Richard D. Rode

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 (MG)

Dear Mr. Rode:

As you know, on May 14, 2015, the Bankruptcy Court held a hearing on the *Objection of the ResCap Borrower Claims Trust to Claim Numbers 5610 and 5612 Filed by Richard D. Rode* [Docket No. 8452] (the "Claim Objection"). At the hearing, Judge Glenn strongly encouraged the parties to discuss a potential settlement of the Claim Objection.

Pursuant to the Bankruptcy Court's direction, my colleague and I met with you immediately following the hearing and had an initial settlement discussion. We requested that you provide us with the estimated amount and description of any actual out-of-pocket damages that you allege you have incurred in connection with your proofs of claim, as well as copies of documentation to support that estimate. As we explained to you at that time, the ResCap Borrower Claims Trust cannot formulate a settlement offer until we receive your total estimated damages and supporting documentation. You agreed to provide those materials to us once you returned home.

On May 26, 2015, I sent you an e-mail following up on that request. On May 29, 2015, you replied to my e-mail and indicated that, due to delays caused by flooding in the Houston, Texas area, you were still working to gather the requested materials.

On June 1, 2015, we filed a letter on behalf of the ResCap Borrower Claims Trust advising the Bankruptcy Court that the parties were still engaging in settlement discussions and requesting that the Bankruptcy Court delay issuing an opinion on the Claim Objection until June 30, 2015.

ny-1193991

**MORRISON | FOERSTER**

Richard D. Rode
June 29, 2015
Page Two

On June 3, 2015, you sent me an e-mail that contained an itemized list of categories of damages, but did not provide amounts with respect to those damages or any supporting documentation.

On June 8, 2015, you sent me an e-mail that attached an invoice for attorneys' fees, which represented only one of the categories of damages identified in your June 3rd e-mail. Your June 8th e-mail indicated that although the invoice was not complete, you were sending it in order to facilitate a timely resolution of this matter.

On June 18, 2015, I sent you an e-mail inquiring when you would be sending the remaining documentation supporting your alleged damages. To date, I have received no response to that e-mail.

Please provide the remainder of the requested materials at your earliest convenience. Note that if we do not receive those materials from you by **July 10, 2015**, we will file a letter advising the Bankruptcy Court of this fact and asking the Bankruptcy Court to issue a ruling on the Claim Objection.

I look forward to hearing from you shortly so that we can try to resolve this matter without further litigation.

Sincerely,

*[signature]*

Erica J. Richards

ny-1193991