**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>　　　　　　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER FURTHER DENYING MOTION TO LIFT THE AUTOMATIC STAY**
**FILED BY RONALD P. GILLIS**

Pending before the Court is a further request for discovery from the ResCap Liquidating Trust (the "Trust") in relation to the *Amended Motion for Relief of Automatic Stay Regarding "RFC" and "Homecomings Financial" to Persue [sic] Discovery* (the "Lift Stay Motion," ECF Doc. # 7785), filed by Ronald P. Gillis ("Gillis").[1]  Gillis originally sought relief from the automatic stay to obtain discovery in his pending lawsuit (the "Federal Action") in the United States District Court for the Middle District of Florida (the "Florida District Court") against, among other defendants, Debtors Residential Funding Corporation, LLC ("RFC") and Homecomings Financial, LLC ("Homecomings").  Gillis also filed a motion to strike (the "Motion to Strike," ECF Doc. # 8246) the Trust's objection (the "Objection," ECF Doc. # 8136) to his Lift Stay Motion as well as a motion to allow and accept the Motion to Strike as timely filed and to schedule a hearing on the Lift Stay Motion (the "Motion to Allow," ECF Doc. # 8248).  The Court granted the Motion to Allow and scheduled a hearing on the Lift Stay Motion and Motion to Strike, which went forward on March 12, 2015 (the "Hearing").  At the Hearing, the Court directed that the Trust produce certain limited discovery to Gillis and took the Lift Stay Motion and Motion to Strike under submission.  The Court subsequently denied Gillis's Lift Stay Motion and Motion to Strike (the "Opinion," ECF Doc. # 8326).

---

[1]　　Gillis also applied for leave to proceed with his Motion *in forma pauperis*.  (*See* ECF Doc. # 7786.)  The Court granted his application.  (*See* ECF Doc. # 8266.)

After receiving the Trust's initial production of the limited discovery, Gillis requested more, arguing that the Trust must be withholding relevant documentation. The Trust asserts that it has provided Gillis with all of the documentation the Debtors have relating to Gillis's mortgage loan. In light of the parties' continued discovery dispute, the Court scheduled and conducted a status conference on June 23, 2015 (the "Status Conference"). This Order further **DENIES** Gillis's discovery requests and deems the Trust's discovery production sufficient and complete.

A.   **Background**

On January 16, 2008, non-debtor Deutsche Bank Trust Company Americas, as trustee, filed a foreclosure action against Gillis in Florida state court (the "Foreclosure Action," Case No. 08-252C). (Obj. ¶ 8 (citing *id.* Ex. 1).) After Gillis failed to provide discovery as ordered by the state court, the state court entered an order sanctioning Gillis, striking his pleadings, and entering a judicial default against him. (*Id.* Ex. 2.) A trial to calculate the damages remains to be scheduled. (*Id.* ¶ 8.) Gillis filed two appeals and two bankruptcy cases, purportedly to delay the trial; the appeals were denied and the bankruptcy cases were dismissed. (*Id.* ¶ 9 (citing *id.* Exs. 3–6).)

On May 14, 2012 (the "Petition Date"), the Debtors filed chapter 11 bankruptcy petitions. (*See* ECF Doc. # 1.) On August 29, 2012, the Court entered an order setting a bar date of November 9, 2012 for filing non-governmental proofs of claim in the chapter 11 cases. (ECF Doc. # 1309.) The Court thereafter entered an order extending the bar date for filing proofs of claim to November 16, 2012. (ECF Doc. # 2093.) Gillis timely filed two proofs of claim, Claim Numbers 444 and 913, against Debtor Residential Capital, LLC. (Obj. ¶ 13.)

After confirmation of the Debtors' chapter 11 plan, Gillis's two proofs of claim were disallowed and expunged by Court orders dated July 15, 2013 (*see* ECF Doc. # 4288, Ex. H at 1) and March 28, 2014 (*see* ECF Doc. # 6749, Ex. D at 1). Four months later, on July 29, 2014, Gillis attempted to remove the Foreclosure Action to the Florida District Court. (Obj. ¶ 10 (citing *id.* Ex. 7).) On September 25, 2014, the Florida District Court deemed the attempted removal as the filing of a new lawsuit, which named several defendants, including "GMAC-RFC Master Servicing" (which appears to refer to RFC) and Homecomings. (*Id.* (citing *id.* Ex. 8).) The Florida District Court simultaneously denied Gillis's request to transfer the case file from the Foreclosure Action as moot. (*Id.*) The complaint filed in the Federal Action asserts violations of the Fair Debt Collection Practices Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against all named defendants. (*See* Case No. 2:14-cv-418-FTM, ECF Doc. # 16.)

RFC and Homecomings filed a notice of their bankruptcy status in the Federal Action on September 26, 2014. (*Id.* ¶ 11 (citing *id.* Ex. 9).) A bankruptcy status update was filed on October 20, 2014 to correct the original notice's error in failing to indicate that Gillis had filed proofs of claim in the chapter 11 proceedings. (*Id.* (citing *id.* Ex. 10).) The Federal Action has been stayed as against RFC and Homecomings since the filing of the bankruptcy notices and no trial has been conducted in the Foreclosure Action. (*Id.* ¶ 12.)

This Court's Opinion, dated March 18, 2015, denied Gillis's Lift Stay Motion and Motion to Strike and Gillis was ordered to dismiss the Federal Action against RFC and Homecomings. (*See* ECF Doc. # 8326.) Despite the dismissal, the Court reserved Gillis's right to obtain certain limited discovery and directed the Trust to "search all electronic records of any

3

of the debtors for any files, documents that relate to the Gillises, and promptly to provide them to the Gillises." (Mar. 12, 2015 Hrg. Tr. at 46:3–6.)

On April 24, 2015, the Trust submitted a status report (the "April 24 Status Report," ECF Doc. # 8527), which provided that the "Trust undertook a search of the electronic records that it believed likely to contain information regarding the Gillis's loan." (*Id.* at 2.) It further stated that the Trust provided Gillis with identified items from the Debtors' electronic records in unredacted form, including: "(i) the note related to the loan, (ii) the loan file contained in RFC's records, and (iii) certain documents related to affidavits prepared by Wells Fargo, N.A., as subservicer of the loan in connection with a foreclosure proceeding involving Mr. Gillis's property." (*Id.*) The Trust also provided Gillis with documents relating to the securitization of his loan. (*Id.*)

On May 5, 2015, Gillis submitted his own status report (the "May 5 Status Report," ECF Doc. # 8627), alleging that the Trust did not "fully comply with the Court Order." (*Id.* at 2.) According to Gillis, the Trust only supplied documents relating to the servicing of the mortgage, but Gillis needed documents concerning "all aspects surrounding this purported mortgage transaction."[2] (*Id.* (quotation marks omitted).)

On May 21, 2015 the Florida District Court dismissed Gillis's complaint with prejudice in the Federal Action. *See* ECF Doc. # 8714-6. The Florida District Court held that Gillis's amended complaint did not meet Rule 9(b)'s heightened pleading standard and so his RICO claims must be dismissed. (*Id.*)

---

[2]  Gillis further noted in his May 5 Status Report that he had requested the Trust's counsel and the Trust to agree to a stipulation of general release related to possible forthcoming quiet title issues. (*Id.* at 3.) The Trust's counsel did not agree to such request. Whether or not the Trust agreed to execute a general release is not relevant to the discovery-related issues before the Court and will, therefore, not be addressed on the merits.

On May 26, 2016, Gillis filed a *Judicial Notice Pursuant to FRCP 11* (the "Sanction Notice," ECF Doc. # 8711), purportedly notifying the Court that Gillis was giving the Trust's counsel 21 days to produce the documentation he alleges the Trust failed to produce in violation of the Court's direction. (*Id.*) The Sanction Notice also stated that Gillis would move the court to impose sanctions on the Trust's counsel if the Trust continued to fail to fully comply with this further request. (*Id.* at 2.)

In response to the Sanction Notice, the Trust filed a letter (the "June 4 Letter," ECF Doc. # 8714) requesting a status conference, notifying the court of the progress (or lack thereof) made in regards to providing Gillis with his requested documents, and asserting the Trust's position that it has fully complied with the Court's direction regarding the production of limited discovery. (*Id.* at 3.) According to the Trust, its efforts had not been well received by Gillis, as evidenced through Gillis's continued requests for more documents that the Trust and Debtors allegedly do not possess, and inappropriate threats of sanctions on the Trust's counsel. (*Id.*) On June 4, 2015, the Court endorsed the June 4 Letter, scheduling the Status Conference for June 23, 2015. (*Id.* at 3.)

The purpose of the Status Conference was to hear the parties' positions with respect to the discovery issue and to ultimately determine the sufficiency of the Trust's production to Gillis. The Trust's counsel argued that the Trust's production should be deemed sufficient. (June 6, 2015 Hr'g Tr. at 5:4–17.) Counsel stated the Trust "undertook a review of electronic records," via a method wherein the Trust uses "the borrower name, address, loan number…" and "produced all the documentation that [the Trust] could locate in our files to Mr. Gillis…." (*Id.*) The Trust's counsel also addressed the Federal Rule of Civil Procedure 11 sanction issues raised

5

by Gillis and noted that the Federal Action for which Gillis requests this discovery has since been dismissed—mooting Gillis's request. (*Id.* at 5:13–16.)

Gillis asserted that the Trust was not producing all of the information at its disposal. (Hr'g Tr. at 6:2–3.) In support of this assertion, he pointed to a copy of his "purported note, which has endorsements to and from" RFC. (*Id.* at 6:5–7.) Gillis argued that no documentation of the purchase and sale of the note relating to those endorsements was produced by the Trust. (*Id.*) According to Gillis, the transfer of his note evidenced by the endorsements should be documented and such documentation should be in the Trust's possession. (*Id.*)

In response, the Trust' counsel stated that the Trust had, in fact, supplied the securitization documents as part of its document production and that the securitization is the only point at which RFC would have been involved in the note's chain of title. (*Id.* at 8:17–18.) The Trust's counsel stated that the Trust did not possess a copy of the note that includes the endorsements referenced by Gillis. (*Id.* at 8:19–20.) According to the Trust, the endorsed note would be with the custodian, rather than the Debtors who had limited involvement in the Gillises' mortgage loan primarily in a master-servicing role, and was produced to Gillis in the Federal Action. (*Id.* at 9:1–2.) Further, the Trust's counsel said he requested "at least twice, possibly three times, to go back and check for anything else that could possibly be there when [the Trust] started to have this correspondence with Mr. Gillis." (*Id.*) Both parties did not wish to file additional memorandum of law addressing the discovery issues and the Court took the matter under submission. (*Id.*)

### B. Gillis's Request is Denied

Gillis has not established cause to lift the stay for further discovery. Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition automatically stays

6

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." *Id.* § 362(d)(1). The Bankruptcy Code does not define the phrase "for cause." Courts in this district consider the so-called "*Sonnax* Factors" to determine whether "cause" exists to lift the stay for prepetition litigation. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Residential Capital, LLC*, 501 B.R. 624, 643 (Bankr. S.D.N.Y. 2013); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

Gillis has failed to meet this standard because: (1) the Federal Action has been dismissed in its entirety and no appeal has yet been filed, which moots the discovery request; and (2) Gillis has failed to put the sufficiency of the Trust's document production into question. First, Gillis was originally seeking third party discovery from the Trust for information regarding his Federal Action in Florida in order for Gillis to prove his claims against the non-debtor defendants in that action. Since the Federal Action has since been dismissed, the request for further discovery is moot. As mentioned by the Trust's counsel at the status conference, Gillis has not clarified if he has appealed the Florida Court Order. (Hr'g Tr. at 5:18–21.) Unless that Order is reversed on appeal, Gillis' request for further documents is unnecessary.

7

Second, the Trust has sufficiently complied with the limited discovery directed by the Court.[3] Gillis's reliance on the endorsements on the note is insufficient to show that the Trust should have more documents in its possession. The Debtors were only involved in Gillis's loan in a master servicer capacity, documents have been provided to Gillis, and there do not appear to be any additional documents relating to Gillis's note and mortgage loan in the Debtors'/Trust's possession.

********

For the foregoing reasons, the Court hereby concludes that the Trust has sufficiently satisfied this Court's direction made on the record at the March 12, 2015 Hearing to produce limited discovery. As a result, Gillis's request for further discovery from the Trust is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 14, 2015
      New York, New York

                                  *Martin Glenn*
                               MARTIN GLENN
                        United States Bankruptcy Judge

---

[3] Although Gillis had mentioned sanctions against the Trust's counsel, Gillis has not yet made a formal motion for sanctions. The Court, therefore, need not reach this issue. However, in light of the Court's holding that the Trust has sufficiently met its production obligations, Gillis's threat of sanctions against the Trust is likely unsubstantiated.