ERLINDA ABIBAS ANIEL
75 Tobin Clark Dr.
Hillsborough, CA 94010
Claimant in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re:

RESIDENTIAL CAPITAL, LLC, et al..

        Debtors.

Case No. 12-12020-MG

**Chapter 11**

Jointly Administered

.    **ERLINDA ABIBAS ANIEL'S MOTION FOR RECONSIDERATION OF**
**THE ORDER SUSTAINING THE RESCAP LIQUIDATING TRUST AND**
**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM**
**NOS. 112, 114, FILED BY ERLINDA ABIBAS ANIEL**

RECEIVED

JUL - 9 2015

U.S. BANKRUPTCY COURT, SDNY

TO THE HONORABLE JUDGE MARTIN GLENN:

## I. Introduction

Erlinda Abibas Aniel ("Aniel") submits this Motion for Reconsideration of the Memorandum Opinion and Order Sustaining Debtors' Objection to Proof of Claim No. 112 and 114 Filed by Erlinda Abibas Aniel and Fermin Solis Aniel and show the court as follows:

This request for reconsideration is brought pursuant to Fed. R. Bankr. P. 9023, Local Bankruptcy Rules SD NY Rule 3008-1. Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Federal Rule of Civil Procedure 59, which allows a party to move to alter or amend a judgment. See FED. R. CIV. P. 59. Courts have held that the standard for a motion for reconsideration is identical to the standard applied to a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). See Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007).

A motion for reconsideration should be granted only when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also In re Interbank Funding Corp., No. 02-41590 (BRL), 2007 WL 2080512, at *2 (Bankr. S.D.N.Y. July 19, 2007) (To obtain relief under Bankruptcy Rule 9023, a party must present "manifest errors of law or fact" or "newly-discovered evidence.") "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"Courts have observed that "[t]o succeed on a motion to reconsider, 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes that court overlooked and that might

reasonably be expected alter the court's decision.'"" *In Re Nichols,* No. 8-07-73330-dem (Bankr. Court, ED New York 2010)(quoting *In re Taub*, 421 B.R. 93, 1010 (Bankr. E.D.N.Y. 2009)(quoting *Banco Cent. Del Paraguay v. Paraguay Humanitarian Found.,* 2007 WL 2493684 at *2 (S.D.N.Y. Sept. 5, 2007)(Internal quotations omitted)). Addressed herein are such matters.

Aniel's Motion is based on the fact that the Court failed to address that her case is still pending in California Court of Appeals, First Appellate District. This Court lacked jurisdiction to expunge these claims because the case is still pending in California Court of Appeals. The Court also failed to address the effect of Res Judicata when Claimant listed the subject property as her property in her Bankruptcy Schedules, which was not opposed by the U.S. Trustee or any creditors.

## II. The Court lacked jurisdiction to rule on the merits of the claim while the lawsuit is still pending in the California Court of Appeals.

Aniel filed a Notice of Appeal to the California Court of Appeals on February 06, 2012. The case number is A134461 and is currently awaiting Oral Arguments in the First Appellate District Court of California, Division 4. The case is currently stayed because of the Debtor's pending Bankruptcy.

If a court acts...without authority, its judgments and orders are nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justifications; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. *In re Gurrola*, 328 BR 158, 164 (9th Cir. Bnkr. 2006)(quoting *Elliott v. Peirsol,* 26 U.S. (1 Pet.) 328, 340, (citations omitted).

"[A] judgment rendered without jurisdiction is still vulnerable to attack. When the Congress enacted Bankruptcy Act § 14f in 1970 and Bankrupcy Code § 524(a) in 1978, the term "void" was still a term of art unambiguously connoting a judgment rendered without subject matter jurisdiction that could be ignored as a nullity and collaterally attacked." *Gurrola,* 328 BR at 164.

The Court's order attacked the sufficiency of Aniel's claim, mainly based on its opinion that Aniel does not have standing to pursue her claims against the Debtors.

However, this Court did not have jurisdiction to make this ruling because the case is still pending in the California Court of Appeals. Aniel has a right and duty to attack the jurisdiction of this Court to rule on merits of the case while still pending in the California Court of Appeals. This ruling has deprived her of her right to due process. "The rule regarding contested subject matter jurisdiction permits collateral attacks where "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government." *Id. At 169.*

By the Court bypassing this issue, Aniel has been prejudice. Should her case in the California Court of Appeals be remanded back to state court, she could not pursue her claims there, or in an adversary proceeding in this Court, because this Court expunged the claims. The appropriate ruling should have been to stay any decision on the claim until after the California Court of Appeal rendered its decision on the case.

## III. The Court Also failed to discuss the Northern District of California Bankruptcy Court's Acceptance of Aniel's Standing

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata or claim preclusion bars re-litigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them. Mycogen Corp. v. Monsanto Co. 28 Cal.4th 888, 896 (2002). Res judicata applies if the decision in the prior proceeding is final and on the merits and the present proceeding is on the same cause of action as the prior proceeding. Busick v. Workmen's Comp. Appeals Bd. 7 Cal.3d 967, 974 (1972). Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated. (Id. at p. 975.).

Claimant filed for Bankruptcy and listed the property as the property with her 50% interest in the property. Debtors had an opportunity to challenge Claimant's claim of ownership interest in the Northern District of California Bankruptcy Court after Claimant sent notice to the Debtors, and prior to the Court's ruling to abandon the property. Debtors never challenged the standing in the Bankruptcy Court. As such, Claimant relied on the decision of the Bankruptcy Court that established her interest in the property. The

Debtors cannot question that 50% ownership interest.    The California Bankruptcy Court had already established Claimant's standing.

The Court's ruling did not address this issue presented by the Claimant.


## IV.  Conclusion

The Claimant respectfully request a reconsideration of the Memorandum Opinion and Order Sustaining Debtors' Objection to Proof of Claim Nos. 112 and 114.


Respectfully Submitted,


_____

Erlinda Abibas Aniel

Claimant in Pro Per

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was mailed on July 7 , 2015 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, New York 10004-1408

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett

The Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Attention: Linda A. Riftkin and Brian S. Masumoto

The ResCap Liquidating Trust
Quest Turnaround Advisors
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue 21st Floor
New York, New York 10022
Attention: Daniel J. Flanigan

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

Erlinda Abibas Aniel, Fermin Solis Aniel, Marc Jason Aniel
c/o Law Offices of Marc Jason Aniel
205 De Anza Blvd. #144
San Mateo, CA 94402

_____
Erlinda Abibas Aniel, Claimant in Pro Per

Motion for Reconsideration                                                    5