**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                              :
                                                                        :
                                                                        :
RESIDENTIAL CAPITAL, LLC, *et al.*,       :       Chapter 11
                                                                        :       Case No. 12-12020 (MG)
                                                                        :
                              Debtors.                      :
------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR EVIDENTIARY HEARING**
**REGARDING CLAIM NUMBER 2397 FILED BY JOHN SATTERWHITE**

On April 7, 2015, the Court issued an order sustaining in part and overruling in part the ResCap Borrower Claims Trust's (the "Trust") objection (the "Objection," ECF Doc. # 7990) to Claim Number 2397 (the "Claim") filed by John Satterwhite (the "Order," ECF Doc. # 8432). The Order required that the parties meet and confer and schedule an evidentiary hearing to resolve the remaining portions of the Claim if the parties were unable to resolve the matter. (*Id.*) The parties agreed upon scheduling the evidentiary hearing for **Thursday, August 20, 2015, beginning at 2:00 p.m.** (the "Trial"). The Court hereby provides counsel with the following procedures for the Trial that shall apply in this matter.

**A. Filings Prior to Trial**

Not later than **5:00 p.m. on August 5, 2015**, each party shall file, and provide two courtesy copies to chambers, of:

1. A pretrial memorandum, including a statement of the elements of each remaining cause of action or defense involving such party with respect to the

Claim, together with a summary of the facts relied upon to establish each element, and addressing any evidentiary issues anticipated to arise during the Trial;

2. Proposed findings of fact and conclusions of law for each cause of action and defense; and

3. The submissions described in paragraphs 1 and 2 above shall be in both hard copy and on CD-ROMs in Microsoft Word or WordPerfect version 9.0 or higher format.

**B. Submissions Prior to Trial.**

Not later than one week prior to the date set for the Trial (or **5:00 p.m. on August 13, 2015**), each party shall provide the Court (but not file) with two copies of (i) the final witness and exhibit lists, and (ii) two copies of the pre-marked exhibits (Silber to identify his exhibits with numbers, *e.g.*, 1, 2, 3, etc.; the Trust to identify its exhibits with letters, *e.g.*, A, B, C, etc.), assembled sequentially in notebooks and tabbed, or, if too voluminous, with each exhibit placed in a separate manila folder with number or letter visible on the lip, and the folder placed in a suitable container or box for ready reference. One copy of the witness and exhibit lists and one set of exhibits should be provided to opposing counsel. No witnesses or exhibits that are not listed in the witness and exhibit lists may be used at the Trial. Counsel shall also provide the Court with a copy of any depositions which are intended to be offered into evidence, marked to show all designations and counter-designations and unresolved objections, if any. A copy of any deposition transcript used for impeachment or refreshing recollection shall be provided to the Court and opposing counsel at the time transcript is used during the Trial.

2

### C. Use of Exhibits During Trial

Counsel is responsible for marking his or her own exhibits. Counsel must identify for the Court and opposing counsel, and give a copy to the witness, of each exhibit before using it at the Trial. All exhibits that will be shown to a witness should, if possible, be placed before the witness at the start of counsel's witness examination. Questions and arguments should be delivered from the lectern, but counsel may approach the witness without asking leave whenever it is necessary. And, if counsel is standing near the witness for the purpose of pointing something out on an exhibit, opposing counsel may also be present to observe first-hand what is being pointed out.

### D.    Trial Dates.

Trial of this matter will be held on **Thursday, August 20, 2015, beginning at 2:00 p.m.** This will be a "timed trial," with a maximum of 4-trial hours during the course of 1 day. Each side will be allocated a maximum of 2-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having his or her witnesses present and ready to testify without any delays or gaps in testimony.

**E.    Status Report.**

Not later than one week prior to the date set for the Trial (or **5:00 p.m. on August 13, 2015**), counsel shall submit a written status report to the Court, identifying any issues that must be resolved before the Trial starts, and also whether counsel believe the case may be resolved by settlement before the Trial begins.

**IT IS SO ORDERED.**

Dated:  July 16, 2015
        New York, New York

                                            /s/Martin Glenn
                                          MARTIN GLENN
                                    United States Bankruptcy Judge