**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

---------------------------------------------------------------------

## CASE MANAGEMENT AND SCHEDULING ORDER

This Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference held on June 15, 2015, in accordance with Fed. R. Civ. P. 16(b) and 26(f), as it relates to the Proofs of Claim Filed by Pamela D. Longoni and Jean Gagnon (Claim Nos. 2291, 2294, 2295 and 2357) [Docket No. 8530].

1. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 60 days from the date of this Order.

2. All <u>fact</u> discovery shall be completed no later than 120 days from the date of this Order.

3. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

4. The Parties do not mutually consent to the jurisdiction of this Court under 28 U.S.C. § 157(b)(5) and will need to brief whether the Court can decide the Intentional

1

Infliction of Emotional Distress claim. The Parties shall submit their respective briefs on the issue no later than August 14, 2015.

    5.    Expert discovery

a. All <u>expert</u> discovery shall be completed no later than forty-five (45) days after the date in paragraph 2, <u>i.e.</u>, the completion of all fact discovery.

b. No later than thirty (30) days <u>prior to</u> the date in paragraph 2, <u>i.e.</u>, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 5(a).

    6.  Motions

a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 3 hereof).

b. Motion papers shall be filed promptly after service.  All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies.  Exhibits shall be marked sequentially such that no exhibit number or

letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

c. Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

d. **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

7. Counsel is currently engaged in the process of meeting to discuss settlement or use of alternative dispute resolution ("ADR") and shall meet, again, within fourteen days (14) after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

8. Counsel shall submit a proposed Joint Pretrial Conference Order within thirty (30) days after the close of fact and expert discovery (whichever is later). The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

9. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute,

3

counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

10. The next Case Management Conference is scheduled for November 18, 2015 at 10:00 AM.

11. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated:   July 16, 2015
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge