MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— )
                                              )
In re:                                       )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,    )    Chapter 11
                                              )
           Debtors.                         )    Jointly Administered
-------------------------------------------------------------- )

**RESPONSE OF THE RESCAP LIQUIDATING TRUST TO**
**DUNCAN K. ROBERTSON'S MOTION FOR**
**PARTIAL RECONSIDERATION OF MEMORANDUM OPINION AND ORDER,**
**ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the confirmed Chapter 11 plan filed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "Debtors"), hereby submits this response (the "Response") in opposition to the *Motion for Partial Reconsideration of Memorandum Opinion and Order, on Claim Numbers 2385, 2386, 2387, 2388, and 2389* [Docket No. 8598] (the "Claimant Motion")[1] filed by Duncan K. Robertson ("Robertson"). In support of the Response, the Liquidating Trust respectfully represents as follows:

<u>**Response**</u>

A.    **Applicable Legal Standard**

1.    Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, Case No. 07-13481 (MG), 2008 Bankr. LEXIS 3631, at *3, (Bankr. S.D.N.Y. Feb. 28, 2008), *aff'd sub nom.*, *Miller v. Sapir (In re Miller)*, No. 08-cv-4305 (JGK), 2009 U.S. Dist. LEXIS 5187 (S.D.N.Y. Jan. 26, 2009) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech., Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and

---

[1]    Capitalized terms used and not defined herein have the meanings ascribed to them in the Claims Ruling (as defined below).

citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). *See also Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999) (holding that motions under Rule 59 may not be used to re-litigate decided matters by a losing party who failed to raise available arguments or who simply disagrees with a court's decision).

**B.    Reconsideration Is Not Warranted**

**1.    Validity of the First Priority DOT**

2.     The Claimant Motion asserts that, in issuing the *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the Rescap Liquidating Trust's Objection to Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "<u>Claims Ruling</u>"), the Court failed to consider, much less rule on, Robertson's arguments that the First Priority DOT is invalid. Specifically, Robertson contends that the First Priority DOT is invalid because Linda Nicholls, the borrower under the First Priority Loan and the grantor under the First Priority DOT, did not take legal title to the Property until Ms. Nicholls inherited the Property from her mother pursuant to a statutory warranty deed executed on November 5, 1999 (the "<u>Statutory Warranty Deed</u>"), four days after the First Priority DOT was executed. *See* Opposition [Docket No. 8238] at Exhibit 3, at ¶ 1.5; Claimant Motion at ¶ 7, n. 4. A copy of the Statutory Warranty Deed is annexed hereto as **<u>Exhibit A</u>**. As set forth below, Robertson has not demonstrated that the Court committed clear error in implicitly rejecting these arguments and, thus, reconsideration is not warranted. Moreover, this argument was decided previously by the Washington District Court and Robertson is precluded from rearguing it in this context.

3.      As set forth in the Objection, Robertson lacks standing to attack the validity of the First Priority DOT.[2]  *See* Objection at ¶ 43 ("A plaintiff that is not a party to a contract, or a third-party beneficiary to a contract, lacks standing to challenge the contract."); *see*, *generally*, *Kim v. Moffett*, 234 P.3d 279 (Wash. Ct. App. 2010); *see Lonsdale v. Chesterfield*, 573 P.2d 822, 825 (Wash. Ct. App. 1978), *aff'd* and *rem'd*, 588 P.2d 217 (Wash. 1978) (to challenge validity of a contract, plaintiff must be a party to it or a third-party beneficiary).

4.      Furthermore, the District Court already rejected the argument that the First Priority DOT was invalid.  The District Court determined that, under Washington law, title to the Property vested in Ms. Nicholls immediately upon her mother's death, which occurred prior to the execution of the First Priority DOT, thereby validating the Court's own rejection of these arguments.  *See* ECF 149, attached as Exhibit N to Exhibit 2 to the Objection:

> Robertson also asks the Court to declare the Nicholls' Deed Trust void on the basis that Linda Nicholls lacked title when she executed that document. (Dkt. No. 120 at 14.)  He alleges —Nicholls had no power to grant the Nicholls DOT on November 1, 1999, thus rendering that document, and its encumbrance on the property void. (Dkt. No. 4-1 at 9.)  This Court has already rejected this argument, finding Robertson fails to allege sufficient facts to support it and/or offer evidence to this point. (Dkt. No. 111 at 2.)  In addition, the record also refutes Robertson's allegations because it shows Ms. Nicholls' inherited the property from her mother. (Dkt. No. 64-1 at 2.)  The Statutory Warranty Deed acknowledges the transfer to Linda Nicholls —pursuant to King County Probate Court Order Filed October 11, 1999…in re Estate of Thelma

---

[2]    The Claimant Motion argues that the Trust failed to oppose Robertson's arguments regarding the invalidity of the First Priority DOT, and therefore waived the ability to contest them.  *See* Claimant Motion at ¶ 6.  As set forth in the Objection [Docket No. 8072], the Trust objected to each cause of action set forth in the Claims, and its arguments implicitly included an objection to Robertson's underlying premise—that the First Priority DOT was not valid.  Moreover, the Trust expressly reserved its rights "to object on any other basis to the Robertson Claims not set forth in this Objection, and to amend this Objection should any further bases come to light."  *See* Objection at ¶ 1, n. 1.  Accordingly, the Trust did not waive any right to raise any additional arguments opposing Robertson's position that the First Priority DOT is invalid.

> Louise…Deceased.  (Id.)  This is consistent with RCW 11.04.250,[3]
> which mandates that when a person with interest in real property
> dies, the title vests immediately in the deceased heirs.
> Consequently, **Nicholls acquired her ownership in the property
> immediately upon the death of her mother and before
> executing the Deed of Trust**.

*See* ECF 149 at 4: 18-19 (emphasis added and internal quotations omitted); *see also* Statutory

Warranty Deed at 1.

### 2.    Claims for Conspiracy and Intentional Infliction of Emotional Distress

5.    The Claimant Motion also identifies two specific categories of claims

dismissed under the Claims Ruling—conspiracy and intentional infliction of emotional

distress—which Robertson appears to assert should have survived dismissal because the Court

failed to apply the correct legal standard of malice.  *See* Claimant Motion at ¶¶ 9-11.  The Claims

Ruling states that, although Robertson generally alleged wrongful conduct on the part of the

Debtors with respect to their efforts to foreclose on the property, Robertson failed to allege facts

"supporting a reasonable inference that the Debtors engaged in any conduct sufficiently

outrageous to support a claim for intentional infliction of emotional distress," and failed to

respond to the Trust's rebuttal of the prima facie validity of such claim.  *See* Claims Ruling at

26-27.  Similarly, the Court dismissed Robertson's claims for conspiracy not because Robertson

failed to allege that the Debtors had acted wrongfully and with intent, but because he failed to

sufficiently allege that the Debtors "entered into any agreement to accomplish any unlawful

---

[3] Wash. Rev. Code § 11.04.250 (2015) states, in relevant part:

> When a person dies seized of lands, tenements or hereditaments, or any right thereto or entitled to any
> interest therein in fee or for the life of another, his or her title shall vest immediately in his or her heirs or
> devisees, subject to his or her debts, family allowance, expenses of administration, and any other charges
> for which such real estate is liable under existing laws. No administration of the estate of such decedent,
> and no decree of distribution or other finding or order of any court shall be necessary in any case to vest
> such title in the heirs or devisees, but the same shall vest in the heirs or devisees instantly upon the death of
> such decedent; . . . .

purpose or a lawful purpose by unlawful means." *See* Claims Ruling at 31-32. Robertson has

not identified any way in which the Court misapplied the applicable case law with respect to

Robertson's claims for intentional infliction of emotional distress and conspiracy. Moreover,

because the Court dismissed the claims for intentional infliction of emotional distress and

conspiracy on grounds that were independent of Robertson's arguments that the Debtors acted

wrongfully and with intent, reconsideration of Robertson's arguments on that point would not

alter the Court's decision with respect to those claims and reconsideration should therefore be

denied.

### 3.    Fraud Claim Against Homecomings

6.    The Claimant Motion further asserts that the language in the Claims

Ruling that "[i]t is unclear what false statements Homecomings made to Robertson…."

demonstrates that the Court failed to consider Robertson's allegations that Homecomings

committed fraud by allegedly promising to provide payoff information and then failing to do so.

*See* Claimant Motion at ¶ 12. Pursuant to Federal Rule of Civil Procedure 9(b), the

circumstances constituting fraud or mistake must be plead with specificity; broad allegations that

a defendant committed fraud are not sufficient. FED. R. CIV. P. 9(b). As set forth in the

Objection, Robertson failed to plead each of the requisite elements of fraud, including alleging

the defendant made a representation (or misrepresentation) of an existing fact. An unfulfilled

promise to take some action in the future does not qualify as a misrepresentation. *Nyquist v.*

*Foster*, 268 P.2d 442, 445 (Wash. 1954) ("statement as to future performance is a 'mere

estimate' of something to take place in the future"; '. . . a representation that something will be

done in the future, or a promise to do it, from its nature cannot be true or false at the time when it

is made.'") (citations omitted). No specific factual allegations of fraud were overlooked by the

Court because Robertson did not make any such allegations.  Accordingly, the Claimant Motion fails to identify any controlling data overlooked by the Court that would alter its decision with respect to Robertson's fraud claim against Homecomings.

### 4.    WCPA Claim Against GMACM

7.    Finally, the Claimant Motion appears to assert that the Court should reconsider its dismissal of Robertson's WCPA claim against GMACM because the Court failed to take into account the fact that the RFREH Assignment was prepared and executed by Thomas Strain, who Robertson alleges was an employee of GMACM, thereby "putting GMAC on both sides of the assignment."  *See* Claimant Motion at ¶ 13; Claims Ruling at 30.  The RFREH Assignment was executed by Mr. Strain on behalf of, and in Mr. Strain's capacity as an agent of, JPMorgan Chase Bank, N.A.  Robertson does not allege any facts that would support an inference that Mr. Strain was not acting in such a capacity or that the separate corporate identities of GMACM and RFREH should be disregarded.  Accordingly, Robertson's allegations that the individual that executed the RFREH assignment was employed by GMACM are insufficient to establish that "GMACM was on both sides of the assignment," or otherwise form the basis of a WCPA claim against GMACM.

8.    As set forth above, Robertson has neither adduced any new evidence, nor identified any new arguments or new facts that would require this Court to change its previous ruling.  Similarly, Robertson has neither established that the Court overlooked available evidence nor that there has been a change in the law.    Accordingly, Robertson's request for reconsideration as set forth in the Claimant Motion should be denied.

ny-1195895

**C.**    **Robertson's Request for Leave to Amend Should Be Denied**

9.    The Claimant Motion indicates Robertson's intent to seek leave to amend his Complaint.  *See* Claimant Motion at ¶ 14.  The Liquidating Trust submits that the Claims Ruling constituted a dismissal with prejudice with respect to the claims dismissed therein, thereby precluding amendment.

10.    Assuming, *arguendo*, that the Claimant Motion constitutes a timely request for leave to amend the dismissed Claims, that request should be denied.  Leave to amend a pleading should not be granted if such amendment would be futile because the proposed amended claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  As set forth in detail above, Robertson has failed to identify any specific facts or allegations that would alter the Court's judgment with respect to any of the dismissed Claims.  Accordingly, amendment of the dismissed Claims would be futile and should not be permitted.

**D.**    **Robertson's Request for a Stay Pending Appeal Should Be Denied**

11.    The Claimant Motion requests that the Court stay any further proceedings in connection with the Objection pending resolution of his appeal currently pending before the Ninth Circuit Court of Appeals.  This request should be denied because Robertson has failed to establish that he satisfies the legal standards applicable to such relief.

12.    The decision whether or not to grant a stay pending appeal lies within the sound discretion of the court.  *See, e.g.*, *First Nat'l Bank of Boston v. Overmyer (In re Overmyer)*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985) ("A motion for a stay pending appeal . . . is discretionary.").  In the Second Circuit, the standard for considering a motion for a stay under Bankruptcy Rule 8007, which governs such requests, is: "(1) whether the movant will suffer

7

irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *See Jenkins v. INS*, 32 F.3d 11, 14-15 (2d Cir. 1994); *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 29 (2d Cir. 1993). The party seeking the stay bears the burden of proving entitlement to a stay. *See United States v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995).

13.    "A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay." *Beeman v. BGI Creditors' Liquidating Trust (In re BGI, Inc.)*, 504 B.R. 754, 762 (S.D.N.Y. 2014) (citation omitted). "Irreparable harm must be 'neither remote nor speculative, but actual and imminent,'" and "injuries fully remedied by monetary damages do not constitute irreparable harm." *Id.* (citations omitted).

14.    Here, Robertson has not demonstrated that any of the relevant factors are satisfied. In particular, Robertson has provided no evidence as to why, in the unlikely event he prevails on appeal, further proceedings in this Court would cause him prejudice. Robertson's appeal arises out of his contention that his case was improperly removed on the basis of diversity jurisdiction, and the Washington District Court therefore lacked jurisdiction over his claims. *See* Claims Ruling at 7. Only Robertson's non-monetary claims for a declaratory judgment and quiet title are the subject of a District Court ruling and the Ninth Circuit appeal. *See* ECF 149, attached as Exhibit N to Exhibit 2 to the Objection. Robertson was given the full opportunity to litigate the merits of those claims against the Debtors before this Court, and this Court disallowed those claims on the merits, not on the basis of res judicata. *See* Claims Ruling at 13-16. Moreover, it would be inequitable and prejudicial to the Liquidating Trust's efforts to

8

expeditiously complete the wind-down of the Debtors' estates if Robertson were allowed to invoke the jurisdiction of this Court with respect to his claims, but request that this Court delay a ruling on those claims indefinitely while Robertson appeals the dismissal of a subset of those claims.  For these reasons, Robertson has failed to show that he is entitled to a stay pending appeal and his request for a stay of further proceedings with respect to the Objection should be denied.

Dated:  July 22, 2015          /s/ Norman S. Rosenbaum
       New York, New York          Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    Erica J. Richards
                                    MORRISON & FOERSTER LLP
                                    250 W. 55th Street
                                    New York, New York 10019
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for The ResCap Liquidating Trust*

9