Hearing Date: July 30, 2015 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S OBJECTION TO THE LAW OFFICE OF
DAVID J. STERN, P.A.'S MOTION FOR PERMISSIVE ABSTENTION**

## TABLE OF CONTENTS

Page

PRELIMINARY STATMENT ................................................................................................................1

BACKGROUND .................................................................................................................................2

OBJECTION ......................................................................................................................................3

I.   PERMISSIVE ABSTENTION IS NOT WARRANTED AS THE CLAIMS OBJECTION IS A CORE PROCEEDING AND THE CLAIMANT FAILS TO ESTABLISH THE REQUISITE "EXCEPTIONAL CIRCUMSTANCES" FOR SUCH RELIEF ......................................................................................................................3

II.  PERMISSIVE ABSTENTION IS NOT WARRANTED UPON A WEIGHING OF THE FACTORS ..............................................................................................................6

    A.   Abstention Would Have a Detrimental Effect on the Efficient Administration of the Trust ...........................................................................7

    B.   The Difficulty or Unsettled Nature of the Applicable State Law ............................9

    C.   The Claims Objection is a Core Matter That is Directly Related to the Main Bankruptcy Case ..........................................................................10

    D.   The Burden on the Court's Docket ..........................................................11

CONCLUSION ................................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

Bally Total Fitness of Greater New York, Inc. v. Contra Costra Retail Ctr., LLC (In re Bally Total Fitness),
   Adv. Proc. No. 09-01350 (BRL), 2011 WL 2118277 (Bankr. S.D.N.Y. May 24, 2011) ....... 10

Bayerisch v. Deutsche Bank AG (In re Residential Capital, LLC),
   488 B.R. 565 (Bankr. S.D.N.Y. 2013) .................................................................................. 6

Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,
   800 F.2d 325 (2d Cir. 1986) ................................................................................................ 4

CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC,
   396 B.R. 602 (S.D.N.Y. 2008) ............................................................................................ 4

Colorado River Water Conservation Dist. v. United States,
   424 U.S. 800 (1976) ............................................................................................................ 4

Enron Corp. v. Citigroup, Inc. (In re Enron Corp.),
   349 B.R. 108 (Bankr. S.D.N.Y. 2006) ............................................................................... 11

Findley v. Falise (In re Joint E. & S. Dist. Asbestos Litig.),
   78 F.3d 764 (2d Cir. 1996) ................................................................................................ 10

First Fid. Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.),
   937 F.2d 833 (2d Cir. 1991) ................................................................................................ 5

In re Chrysler LLC,
   No. 09-50002 (AJG), 2009 WL 7386569 (Bankr. S.D.N.Y. May 20, 2009) ................... 6, 7

In re CPW Acquisition Corp.,
   No. 08-14623 (AJG), 2011 WL 830556 (Bankr. S.D.N.Y. Mar. 3, 2011) ........................ 10

In re Portrait Corp. of Am.,
   406 B.R. 637 (Bankr. S.D.N.Y. 2009) ............................................................................ 6, 7

In re Residential Capital, LLC,
   519 B.R. 890 (Bankr. S.D.N.Y. 2014) ............................................................................ 7, 9

In re Waterscape Resort LLC,
   No. 11-11593 (SMB), 2013 WL 819748 (Bankr. S.D.N.Y. Mar. 5, 2013) ......................... 8

Int'l Fid. Ins. Co. v. Robb (In re Robb),
   139 B.R. 791 (Bankr. S.D.N.Y. 1992) ................................................................................ 4

Kirschner v. Grant Thornton LLP (In re Refco, Inc. Secs. Litig.),
    628 F. Supp. 2d 432 (S.D.N.Y. 2008) ................................................................................3

Luan Inv., S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.),
    No. 00-cv-7600 (WHP), 2001 WL 826122 (S.D.N.Y. July 19, 2001) .....................................4

NYC Emps. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Secs. Litig.),
    293 B.R. 308 (S.D.N.Y. 2003) ............................................................................................6

S.G. Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.),
    45 F.3d 702 (2d Cir. 1995) ............................................................................................. 4, 5

Taub v. Hershkowitz (In re Taub),
    417 B.R. 186 (Bankr. E.D.N.Y. 2007) ...............................................................................10

Weiner Pharms., Inc. v. Newtron Pharms., Inc. (In re Weiner Pharms., Inc.),
    Adv. Proc. No. 087-0038-21, 1988 Bankr. LEXIS 1097 (Bankr. E.D.N.Y. June 20,
    1988) .................................................................................................................................7

**STATUTES**

28 U.S.C. § 157(b)(2)(B) ........................................................................................................10

28 U.S.C. § 1334(c)(1) .............................................................................................................3

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Trust"), established pursuant to terms of the Plan confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors, respectfully submits this objection (this "Objection") to the *Law Office of David J. Stern, P.A.'s Motion For Permissive Abstention* [Docket No. 8856] (the "Abstention Motion").  The Trust respectfully represents as follows:

### PRELIMINARY STATMENT[1]

1. The Abstention Motion should be denied because the Court's adjudication of the Stern Claims is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and Claimant cannot establish exceptional circumstances to warrant permissive abstention.  As set forth below, the Trust's ongoing claims reconciliation process would be impaired as a consequence of delay and increased administrative costs, each to the detriment of the Trust's creditor constituents, if this Court were to decline to decide the merits of the Stern Claims.  Likewise, Claimant cannot establish that the factors commonly used by courts to decide the issue of permissive abstention weigh in Claimant's favor.  The Stern Claims do not raise any novel or complex issues of state law that this Court cannot determine.  Indeed, this Court regularly adjudicates matters of state law in the context of claims objections and should do so here.

2. In sum, Claimant filed its claim and voluntarily submitted itself to the jurisdiction of this Court in order to receive any recovery on an allowed claim, yet it now asks this Court's assistance to allow it to litigate the merits of its proof of claim before the Florida district court.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Abstention Motion or the Claims Objection (as defined below), as applicable.

For the reasons discussed herein, the Abstention Motion is entirely without merit and should be denied as the Claims Objection can be handled efficiently and expeditiously by this Court.

## BACKGROUND[2]

3.  On June 2, 2011, The Law Office of David J. Stern, P.A. ("DJSPA") filed a Complaint in the Circuit Court of the 17th Judicial District, in and for Broward County, Florida against GMACM alleging Breach of Contract (Count I), Open Account (Count II), and Account Stated (Count III) (the "Florida Lawsuit"). The Complaint seeks $6,161,483.70, the amount DJSPA contends GMACM owes for legal work that DJSPA allegedly performed.

4.  On July 11, 2011, GMACM removed the case to the U.S. District Court for the Southern District of Florida, and the case was assigned to U.S. District Judge Marcia G. Cooke. GMACM also answered and filed counter-claims against DJSPA alleging Legal Malpractice (Count I), Breach of Contract (Count II), Breach of Fiduciary Duty (Count III), violations of Florida's Deceptive and Unfair Trade and Practices Act (Count IV), and Misrepresentation/Suppression (Count V).

5.  The Claimant filed proof of claim number 5275 against GMACM in the amount of $6,161,483.70 on account of outstanding sums purportedly due and owing as of February 2011. The claim is premised on the Complaint filed in the Florida Lawsuit. On May 12, 2014, DJSPA filed proof of claim number 7464, which amended Claim No. 5275.

6.  On April 27, 2015, the Trust filed the *Rescap Liquidating Trust's Objection to Proofs of Claim Nos. 5275 and 7464 Filed by the Law Offices of David J. Stern, P.A.* [Docket No. 8531] (the "Claims Objection") seeking to expunge and disallow the Stern Claims.

---

[2] The Trust hereby incorporates by reference all relevant facts identified in the Claims Objection.

2

7. On July 8, 2015, Claimant filed the *Claimant Law Offices of David J. Stern, P.A.'s Response in Opposition to Rescap Liquidating Trust's Objection to Proofs of Claim Nos. 5275 and 7464 Filed by The Law Offices of David J. Stern, P.A.* [D.E. 8857] (the "Response"). The Response contains a note on the initial page as follows:

> Hearing requested for contemporaneously filed *Motion for Permissive Abstention* (the "Abstention Motion") on a date prior to the July 30, 2015 Hearing on the Debtor's Objection to the Claim of DJSPA [D.E. 8531] or, in the alternative, for this Court to hear argument on the Abstention Motion on July 30, 2015 prior to hearing argument on the Objection [D.E. 8531].[3]

## OBJECTION

### I. PERMISSIVE ABSTENTION IS NOT WARRANTED AS THE CLAIMS OBJECTION IS A CORE PROCEEDING AND THE CLAIMANT FAILS TO ESTABLISH THE REQUISITE "EXCEPTIONAL CIRCUMSTANCES" FOR SUCH RELIEF

8. 28 U.S.C. § 1334(c)(1) permits a federal court to abstain from hearing a particular proceeding "arising under title 11 or arising in or related to a case under title 11" . . . "in the interest of justice, or in the interest of comity with State courts, or respect for State law. . . ." See 28 U.S.C. § 1334(c)(1). However, federal courts must be "sparing" in their exercise of discretionary abstention because they possess a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." Kirschner v. Grant Thornton LLP (In re Refco, Inc. Secs. Litig.), 628 F. Supp. 2d 432, 446 (S.D.N.Y. 2008) (citation omitted). Courts "may abstain only for a few extraordinary and narrow exceptions." CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC, 396 B.R. 602, 607 (S.D.N.Y. 2008) (citation and internal quotation omitted).

---

[3] While the Motion is somewhat unclear about the precise relief requested, for purposes of this Objection the Trust assumes that the Claimant seeks entry of a Court order abstaining from adjudicating the Claims Objection.

3

9. "Discretionary abstention is [] inappropriate in core proceedings which could and should be determined by the bankruptcy court." Int'l Fid. Ins. Co. v. Robb (In re Robb), 139 B.R. 791, 796 (Bankr. S.D.N.Y. 1992). Courts have held a "movant must show 'exceptional circumstances' to warrant permissive abstention where the claim, as here, involves a matter within the bankruptcy court's core jurisdiction." Luan Inv., S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), No. 00-cv-7600 (WHP), 2001 WL 826122, at *8 (S.D.N.Y. July 19, 2001) (citing Robb, 139 B.R. at 796). The Second Circuit has identified several factors that courts must consider in applying the "exceptional circumstances" test, including: (i) "the assumption by either court of jurisdiction over any res or property," (ii) "the avoidance of piecemeal litigation," and (iii) "whether state or federal law supplies the rule of decision." See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 327 (2d Cir. 1986). However, "no one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976).

10. Pursuant to 28 U.S.C. § 157(b)(1), bankruptcy judges may "hear and determine all . . . core proceedings arising under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 [of title 28]". S.G. Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.), 45 F.3d 702, 704 (2d Cir. 1995) (citing 28 U.S.C. § 157(b)(1)). "The Bankruptcy Code provides a non-exclusive list of matters that Congress considered to be within the bankruptcy court's core jurisdiction, including the 'allowance or disallowance of claims against the estate.'" Id. (quoting 28 U.S.C. § 157(b)(2)(B)). The fact that

4

a state law claim was filed pre-petition has no bearing on whether the claim is characterized as core or non-core. Id. at 705.

11.    Here, the pending matter relates to the Trust's objection to the Stern Claims which, as a matter of law, is a core proceeding under 28 U.S.C. § 157(b)(2)(B). However, applying the factors identified in Bethlehem, Claimant has not and cannot establish the "exceptional circumstances" that would warrant permissive abstention in this instance. First, the Court has clear jurisdiction over the Trust's assets from which Claimant seeks a distribution. The Trust, with the Court's assistance, is charged with undertaking the claims reconciliation process and distributing Trust assets to its beneficiaries. Second, abstention from the Claims Objection would foster piecemeal litigation. If the Court were to abstain from deciding the Claims Objection, the Trust would be forced to reopen the Florida Lawsuit to in effect litigate the Claims Objection. Recommencing the Florida Lawsuit, which has been stayed since May of 2012, could delay the claims reconciliation process and increase the Trust's administrative costs, each to the detriment of creditors. In contrast, the Claims Objection is set for hearing within less than two weeks. Finally, although the Stern Claims are grounded in state law, the movant does not identify any novel or complex issues that require specialized knowledge or that cannot be adequately handled by this Court. Indeed, throughout its adjudication of scores of contested claims matters in these Chapter 11 Cases, this Court has applied state law from various jurisdictions in resolving those matters. Moreover, Claimant submitted itself to the jurisdiction of this Court when it filed the Claims. See First Fid. Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 838 (2d Cir. 1991) ("filing a proof of claim is not merely a means of providing information to the bankruptcy court, but is a means of invoking the bankruptcy court's equitable jurisdiction over the bankruptcy estate to establish the creditor's

5

right to participate in the distribution of the estate.") (citation omitted).  Claimant's invocation of this Court to seek a distribution from the Debtors' estates undermines any argument that could be made that "exceptional circumstances" exist to support permissive abstention.

### II. PERMISSIVE ABSTENTION IS NOT WARRANTED UPON A WEIGHING OF THE FACTORS

12. While ignoring the heightened standard of "exceptional circumstances" that Claimant must establish for permissive abstention in core matters, Claimant likewise fails to establish that abstention is warranted under the factors commonly used by courts.  Courts in this district consider several factors when determining whether permissive abstention under 28 U.S.C. § 1334(c)(1) is warranted, including:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

Bayerisch v. Deutsche Bank AG (In re Residential Capital, LLC), 488 B.R. 565, 577 (Bankr. S.D.N.Y. 2013).[4]  "Not all of these factors need be applied, however…." In re Portrait Corp. of Am., 406 B.R. 637, 642 (Bankr. S.D.N.Y. 2009) (citation omitted).  The party moving for abstention bears a heavy burden of proof in establishing that abstention would be proper.  In re

---

[4] Other courts have applied a twelve factor test that considers the following factors in reaching a determination on a request for permissive abstention: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.  See NYC Emps. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Secs. Litig.), 293 B.R. 308, 332 (S.D.N.Y. 2003).

6

Chrysler LLC, No. 09-50002 (AJG), 2009 WL 7386569, at *1 (Bankr. S.D.N.Y. May 20, 2009) (citation omitted). The "balance [of the factors] should be 'heavily . . . in favor of the exercise of jurisdiction.'" Portrait Corp., 406 B.R. at 642 (quoting Eastern Air Lines, Inc. v. Int'l Assoc. of Machinists & Aerospace Workers, AFL-CIO (In re Ionosphere Clubs, Inc.), 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989)).

13.     Claimant has failed to demonstrate that permissive abstention of the Claims Objection is warranted under the circumstances.

### A.  Abstention Would Have a Detrimental Effect on the Efficient Administration of the Trust

14.     The first factor in the permissive abstention analysis is the effect on the efficient administration of the bankruptcy estate. Here, the disallowance of the Stern Claims is central to the Trust's ongoing claims reconciliation process and would negatively impact the efficient administration of the Trust through delay and increased administrative costs. See In re Residential Capital, LLC, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014) ("[P]ermissive abstention would have a negative impact on the efficient administration of the Trust. Not only would permissive abstention delay the claims allowance process, but it would also increase administrative expenses."). If the Court were to abstain from adjudicating the Claims Objection, the Trust would be forced to reopen the long dormant Florida Lawsuit and engage in a plenary litigation regarding the merits of the allegations contained in the Complaint. Such a result would be unnecessarily expensive and contrary to the Trust's mandate to fairly and promptly resolve claims filed against the Debtors' estates in these Chapter 11 Cases. See Weiner Pharms., Inc. v. Newtron Pharms., Inc. (In re Weiner Pharms., Inc.), Adv. Proc. No. 087-0038-21, 1988 Bankr. LEXIS 1097, at *11 (Bankr. E.D.N.Y. June 20, 1988) ("A ruling that as a matter of law claims against a bankruptcy estate, and any counterclaims arising out of the same transaction, must be

7

determined in the state courts simply because state law issues are involved would be a truly revolutionary ruling guaranteed to bring chaos to the attempted administration of the bankruptcy estates in the federal courts.").

15. Moreover, adjudicating and quantifying the Stern Claims is essential to the administration of the Trust because the claims reconciliation process is a core function of the bankruptcy court and the Court cannot fully administer the case to conclusion until all claims objections are resolved. In re Waterscape Resort LLC, No. 11-11593 (SMB), 2013 WL 819748, at *3 (Bankr. S.D.N.Y. Mar. 5, 2013) ("Furthermore, the resolution of the claim objection is intertwined with the effective administration of the bankruptcy case. The Court cannot fully administer the case and enter a final decree until the claims objections are resolved."). As with the other claims that await adjudication, the efficient administration of the Trust is best realized by prompt resolution of the Stern Claims by this Court.[5]

16. Claimant's suggestion that the effect on the administration of the Trust is somehow diminished because the escrow funds are in dispute and may not be property of the estate is misplaced. (Mot. at ¶ 22). As noted in the Claims Objection, the Trust intends to file an appropriate proceeding before the Court to effectuate the release of the funds currently held in escrow and reserves all rights to assert the Trust's valid interest in these funds. (Obj. ¶ 6, n.2). In any event, the issue is not before the Court and regardless of whether the funds become property of the Trust at some later point in time, the efficient administration of the Trust, as it currently exists, would be harmed if this Court were to abstain from adjudicating the Stern Claims. The Claimant has filed a claim in excess of $6 million, and the adjudication of the Stern

---

[5] In the same vein, there will be no significant prejudice to the Florida court as the parties only engaged in initial written discovery and document production in the Florida Lawsuit but no depositions or other discovery was conducted. (Claims Obj. ¶ 34).

8

Claims will affect the distribution of funds to existing unit holders. Accordingly, this factor weighs against permissive abstention.[6]

### B. The Difficulty or Unsettled Nature of the Applicable State Law

17. Although the Florida Lawsuit involves matters of Florida and Delaware state law, Claimant fails to demonstrate that such contested issues are difficult, unsettled, or that the Florida court has any special expertise in interpreting state law. See Residential Capital, 519 B.R. at 903 ("To the extent that the Claimants allege Illinois state law claims, such claims are ordinary common law claims that do not involve complex issues of unsettled Illinois law."). Claimant neither identifies any particular complexity associated with the breach of contract, open account, and account stated actions or the counterclaims alleged by GMACM in the Florida Lawsuit, nor do the state law claims require the expertise of a special tribunal or governing body. Therefore, other than the bald statement that the "underlying facts are complicated," Claimant fails to identify any particularly complex facts that cannot be presented to this Court in a sensible and efficient manner.

18. This Court regularly adjudicates matters of state law in the context of claims objections. See, e.g., *Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim Number 61 Filed by Francine Silver*, In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y. June 24, 2015) [ECF No. 8788] (resolving claims through application of California law); *Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim Number 4418 Filed by David Cruz Jr.*, In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y. June 10, 2015) [ECF No. 8741] (resolving claims through application of Florida law); *Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's*

---

[6] The Trust welcomes Claimant's voluntary reduction of the contested claims to the amount of the funds currently being held in escrow, as suggested by Claimant in the Abstention Motion. (See Mot. ¶ 29 ("Moreover, DJSPA is seeking recovery primarily from the escrow funds. . . .").)

9

*Objection to Claim No. 2267 Filed by Abosede Eboweme*, In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y. May 8, 2015) [ECF No. 8587] (resolving claims through application of Texas law); *Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim Number 5800 Filed by Wekesa Madzimoyo*, In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y. Jan. 29, 2015) [ECF No. 8040] (resolving claims through application of Georgia law). As the Stern Claims do not raise any unsettled issues of state law, the Florida Lawsuit is not pending before a specialized tribunal, and this Court is well-positioned to adjudicate common state law matters, this factor does not weigh in favor of abstention. See Findley v. Falise (In re Joint E. & S. Dist. Asbestos Litig.), 78 F.3d 764, 775 (2d Cir. 1996) (noting that deferring "to state resolution of *difficult* state-law questions that involve local regulation and administration and important matters of local public policy" is one of the few circumstances that justify abstention) (emphasis added).

### C. The Claims Objection is a Core Matter That is Directly Related to the Main Bankruptcy Case

19. Claimant also asserts that the Court should abstain from hearing the Claims Objection because the Florida Lawsuit is "remote from the core matters of the main bankruptcy case;" however, this argument, like others in the Abstention Motion, misses the mark.[7] Although the Debtors' chapter 11 plan has been confirmed, the Claims Objection is an indisputably core bankruptcy matter that can only be resolved by this Court. See 28 U.S.C. § 157(b)(2)(B) (core

---

[7] The cases cited by Claimant for the proposition that the Florida Lawsuit is remote from the core matters of the Chapter 11 Cases are inapposite. In In re CPW Acquisition Corp., No. 08-14623 (AJG), 2011 WL 830556, at *6 (Bankr. S.D.N.Y. Mar. 3, 2011), the court was asked to abstain from a dispute regarding the payment of fees from property that was not part of the debtors' estates. Here, any recovery on account of the Stern Claims would be paid from the Trust's assets. In Bally Total Fitness of Greater New York, Inc. v. Contra Costra Retail Ctr., LLC (In re Bally Total Fitness), Adv. Proc. No. 09-01350 (BRL), 2011 WL 2118277, at *6 (Bankr. S.D.N.Y. May 24, 2011), the court was asked to abstain from adjudicating an adversary proceeding relating to prepetition termination of a lease, not a garden variety claims objection. Finally, in Taub v. Hershkowitz (In re Taub), 417 B.R. 186 (Bankr. E.D.N.Y. 2007), the court elected to abstain from an adversary proceeding that required interpretation of the New York Rent Stabilization Law of 1969 by the New York City Civil Court's Housing Part.

10

bankruptcy proceedings include "allowance or disallowance of claims against the estate . . . ."); see also Enron Corp. v. Citigroup, Inc. (In re Enron Corp.), 349 B.R. 108, 112 (Bankr. S.D.N.Y. 2006) ("When a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it involves a pre-petition contract claim arising under state law."). Moreover, if Claimant is ultimately entitled to a distribution from GMACM on account of the Stern Claims, any distribution would come from Trust's assets, which are being administered through the Debtors' Chapter 11 Cases. As such, the Claims Objection is a core matter that is directly tied to the main Chapter 11 Cases. This factor also weighs against abstention.

### D.  **The Burden on the Court's Docket**

20.    Claimant's assertion that abstaining from the Claims Objection will relieve this Court's "already busy docket" is without support. The instant matter involves an objection to two claims that involve state law and common law claims. While the Trust is mindful of the Court's docket, the many matters the Court continues to address in these complex and long-running Chapter 11 Cases, and the resources this Court has dedicated to this effort, this Court has efficiently handled scores of other claims objections, making it highly unlikely that the Court's retention of jurisdiction to hear and determine the Claims Objection—a core proceeding—will affect or unduly burden its docket. Thus, this factor also weighs against abstention.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

In summary, as the Movant fails to establish "extraordinary circumstances" for permissive abstention, and the overwhelming majority of the factors routinely considered by courts in evaluating whether to abstain under 28 U.S.C. § 1334(c)(1) weigh strongly in the Trust's favor, permissive abstention is not appropriate and the Abstention Motion must be denied.

Dated: July 22, 2015
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to The ResCap Liquidating Trust*