# Exhibit 1

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
                                        Debtors.                 )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S OBJECTION TO OCWEN LOAN SERVICING, LLC'S REVISED CLAIM NOTICE CONCERNING THE SERVICING ADVANCES CLAIM

Upon the objection [Docket No. 8771] (the "Objection")[1] of the ResCap Liquidating Trust (the "Trust"), as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to the amendment of Ocwen Loan Servicing, LLC's ("Ocwen") Servicing Advances Claim through the Revised Claim Notice, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Revised Claim Notice and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, Ocwen's response to the Objection [Docket No. 8865], and the Trust's reply in support of the Objection [Docket No. ___]; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Trust, the Trust's

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ny-1197115

beneficiaries, the Debtors, their estates and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. Ocwen's amendment of the Servicing Advances Claim as made through the Revised Claim Notice is barred under the APA and applicable Second Circuit precedent, except as to its modification of the alleged Losses associated with twelve alleged Servicing Advances that were also included on the Initial Claim Notice.

2. Ocwen's Servicing Advances Claim is capped at $63,691.94, the alleged Losses set forth in the Revised Claim Notice with respect to those twelve loans.

3. Ocwen is not authorized to raise any new and different claims under the APA or under any common law theory against the Debtors' estates arising under, or related to, any alleged breach of a Core Representation, including, but not limited to, any breach of contract or unjust enrichment claim related to the Servicing Advances. Any such claims are barred pursuant to the terms of the APA. The Trust and Ocwen shall promptly meet and confer regarding resolution of the remaining Servicing Advances Claim, including to determine what issues, if any, remain to be litigated with respect to the Revised Claim Notice, and to set a reasonable schedule for the resolution of such remaining issues, including any appropriate discovery with respect thereto, to the extent necessary. The parties shall also meet and confer regarding the prompt release of undisputed funds from the Indemnity Escrow Account as a result of this Order.

4. Entry of this Order is without prejudice to the Trust's right to object to the remaining Servicing Advances Claim in the Chapter 11 Cases.

5. The Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

ny-1197115

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2015
      New York, New York

                                                                             _____
                                                                             THE HONORABLE MARTIN GLENN
                                                                             UNITED STATES BANKRUPTCY JUDGE