**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** MidFirst Bank (the "**Requesting Party**") asserts that it holds a senior mortgage or security interest in the properties set forth on **Exhibit 1** hereto (each, a "**Mortgaged Property**" and collectively the "**Mortgaged Properties**");

**WHEREAS** the Requesting Party has obtained a foreclosure or other title search in connection with the pending or prospective foreclosure of each of the Mortgaged Properties which indicates that one of the above-captioned debtors (the "**Debtors**") may hold a lien on the Mortgaged Property;

**WHEREAS** the Requesting Party has requested (each a "**Request**," and collectively, the "**Requests**") that the Debtors consent to relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), in order to permit the Requesting Party to commence and/or complete the foreclosure of its senior mortgage or security interests in the Mortgaged Properties;

**WHEREAS** the Debtors and the ResCap Liquidating Trust, following a review of their records, have determined that to the best of their knowledge they no longer hold an interest in the Mortgaged Properties;

**WHEREAS** the Debtors and the ResCap Liquidating Trust have agreed to consent to the Requests on the terms and conditions contained in this Stipulation and Order to permit the Requesting Party to proceed with foreclosures without violating the automatic stay;

**WHEREAS** the Stipulation and Order is not being submitted under the Procedures approved by the Bankruptcy Court in the *Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* [Docket No. 1824] ("**Procedures Order**") due to the omnibus nature of the relief agreed upon;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Requests are granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow the Requesting Party to commence and/or complete the foreclosure of the mortgage and security interests it holds on the Mortgaged Properties identified on **Exhibit 1** hereto.

3. By entering into this Stipulation and Order, counsel for the Requesting Party hereby represents that it is authorized to execute this Stipulation and Order on behalf of the Requesting Party.

4. Nothing in this Stipulation and Order shall be deemed to affect in any way the rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any foreclosure proceeding the validity or relative priority of the Requesting Party's mortgage and

security interest in the respective Mortgaged Property relative to any other lien on such Mortgaged Property.

    5.    Nothing in this Stipulation and Order shall be construed to provide for annulment of or any other retroactive relief from the automatic stay.

    6.    Requesting Party shall provide due notice to all parties required by applicable law to receive notice, as well as to the Debtors and The ResCap Liquidating Trust[1], Ocwen Loan Servicing, LLC[2], and Green Tree Servicing LLC[3], in connection with any action to be taken with respect to the Mortgaged Properties, including, but not limited to, proceeding with a sale of such Mortgaged Property, in accordance with and to the extent the Requesting Party would be required by applicable state law to provide notice to the holder of any lien on such Mortgaged Property.

    7.    This Stipulation and Order may not be modified other than by a signed writing executed by the parties hereto or by further order of the Court.

    8.    This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

[3] Notices should be served on Green Tree Servicing LLC via email at: Foreclosure_Team@gt-cs.com or via mail addressed to: Green Tree Servicing LLC, Mailstop: R214, 1400 Turbine Drive, Rapid City, SD 57703.

9. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  The Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| THE RESCAP LIQUIDATING TRUST | MIDFIRST BANK |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Karen Sheehan<br>Karen Sheehan<br>**FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP**<br>53 Gibson Street<br>Bay Shore, New York 11706<br>Telephone:  (631) 969-3100<br>Facsimile:  (631) 969-3101<br><br>*Counsel for MidFirst Bank* |

**IT IS SO ORDERED.**

Dated: July 27, 2015
      New York, New York

                            **/s/Martin Glenn**
                             MARTIN GLENN
                  United States Bankruptcy Judge

# **EXHIBIT 1**

|   | **REQUESTING PARTY** | **LIENHOLDER** | **BORROWER NAME(S)** | **ADDRESS** |
|---|---|---|---|---|
| 1 | MidFirst Bank | MidFirst Bank | Riley, Irene Claire | 5 East Foundry Street, Millville, NJ 08332 |
| 2 | MidFirst Bank | MidFirst Bank | Rupp, Jason; Rupp, Cassandra | 2321 Deindorfer Street, Saginaw, MI 48602 |
| 3 | MidFirst Bank | MidFirst Bank | Velasquez, Robert L.; Velasquez, Christy L. | 222 Reitman Court, Rochester Hills, MI 48307 |
| 4 | MidFirst Bank | MidFirst Bank | Dowler, Brian W.; Dowler, Calie A. | 3602 Lewis Road, Amelia, OH 45102 |