

RECEIVED JUL 16 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

To: The Court Clerk        ✱ Attn: Beverly Richer
U.S. Bankruptcy Court for the                Brett Busch
Southern District District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

RE: Case # 12-12020 (mg): Creditors (Philip Emiabata and Sylvia Emiabata Motion to Extend the date by which Creditors will respond to Rescap.... Supplemental Objection and Reply in support of its Eighty-Second Omnibus objection relating to Claims # 3910 & 4085

Date: 07/13/15

Pls enclosed for filing is the above-stated Motion of Creditors for Extension of time to respond to debtors Supplemental objection & Reply in support of its Eighty-Second omnibus
file accordingly.

Thank you

from: Sylvia Emiabata (pro se Creditor)
Tel (512) 992-9998;
(512) 791-2395.

Via: Priority Mail.
# 9505 5111 8416 5195 5446 49

**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES BANKRUPTCY COURT**

---

In re:                                                          Case No. 12-12020(MG)

**RESIDENTIAL CAPITAL, LLC, et al.,**                           Chapter 11

            Debtors                           Jointly Administered

---

**CREDITORS PHILIP EMIABATA AND SYLVIA EMIABATA MOTION TO EXTEND THE DATE BY WHICH CREDITPORS WILL RESPOND TO RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL OBJECTION AND REPLY IN SUPPORT OF ITS EIGHTY- SECOND OMNIBUS OBJECTION – RELATIMG TO CLAIM NOS. 3910 AND 4085**

---

TO THE HONORABLE JUDGE MARTIN GLENN

1. Creditors (Philip Emiabata and Sylvia Emiabata) respectfully seek an extention of time to respond to Debtors – Residential Capital Borrowers Claim Trust (ResCap Borrower Claims Trust) Amended Notice of Adjournment of Hearing (Doc. 8774) and debtors subsequent Supplemental Objection and Reply in Support of its Eighty- second Omnibus Objection to Claims (No –Liability Borrower Claims ) as to Claim Nos. 3910 and 4085.
2. Creditors being pro se in this Residential Capital LLC (debtors case herein in this bankruptcy court. Creditors are also presently engaged in another case in the Federal District court of Virginia which was already pending before the debtors Omnibus Objection to claim. Parties in this federal case in Virginia are presently engaged in both answering and discovery issues cum Deposition of this case that is quite voluminous in nature.
3. **Coupled also with the case of creditors against Specialized Loan Servicing LLC, Buckley Madole P.C pending at a Federal District court in Massachusetts (Case # 15-Cv-1225). With Specialized Loan Servicing LLC as the Mortgage Servicer to The Bank of New York Mellon Trust Company National Association fka The Bank of New York Trust Company, N.A as successor JPMorgan Chase Bank; as Trustee For Residential Asset Mortgage Products Inc.**
    This federal district of Massachusetts case against Specialized Loan Servicing was also already pending before the debtors/Residential Capital LLC omnibus objection to claim. Thus pro se creditors (who are also pro se plaintiffs in this case are engaged in a

1

lot of legal activities. Which conflicts by nature with these debtors deadline to respond on July 17, 2015.

4. All these activities at paragraphs 2, 3 engaged by creditors are time consuming; quite cumbersome by its nature – pleadings, discoveries, etc.

5. **Debtors/ Borrowers claims Trust by their Amended Notice of Adjournment of Hearing on the ResCap Borrower Trust eighty- second omnibus objection ( Doc. 8774) filed with this court on 06/19/15. Where the debtors asked the court that they debtors will file its Reply on or before June 26, 2015. However creditors only got it on June 29, 2015. This creditors belief debtors did it in badfaith; since debtors filed this Amended Notice on 06/19/15.**
See also debtors Supplemental objection and Reply documents itself ( Doc. 8810) which was filed on 06/26/15. These are debtors who asked through their Amended Notice of Adjournment (Doc. 8774) supra for these dates; and more importantly debtors files electronically.
**Query:** Creditors wonder why debtors filed Supplemental and Reply to Omnibus (Doc. 8810) on June 26, 2015 and think that we creditors who does not file electronically (pro se) will receive it on that same June 26, 2015.

6. Most importantly, when the Borrower Claims Trust (debtors) were asking for this Amended Notice of Adjournment of Hearing; debtors also requested to this court in the same Amendment of Adjournment (Doc. 8774) to file its Reply on or before June 26, 2015. **Creditors were not served promptly this Amendment to hearing (Doc. 8774) which debtors filed with this court on 6/19/15. The said Doc. 8774 (Amendment to Hearing date) supra which creditor only got on June 29, 2015. That is, after the court has already approved the dates as contained in that Doc. 8774 (Amendment to Hearing); without chance given to creditors to raise objection or parties to agree to the dates to say the least.**

7. If the debtors has promptly served this stated Doc. 8774 – Amended Notice of Adjournment supra where also debtors included their June 26, 2015 dates; creditors would have raised objection to the dates because of their (creditors) conflicting schedules before this debtors Amended Notice of Hearing cum their Supplemental and Reply ( Doc. 8810) where debtors stated and filed as follows:_
"Hearing Date July 30,2015 at 10.00am"
"Response Deadline July 17, 2015".

8. For failing to promptly serve this said Doc. 8774 ( Amendment of Notice Of Hearing ) debtors filed on 6/19/15; which creditors only got on June 29, 2015, it is done in badfaith and also deceitful. Because here the debtors took the dates by themselves, depriving creditors of our objections to those dates – here thus, debtors acted in badfaith and also in violation of the law; whereby these debtors acted as both lawyers and judge in this case.

9. Even this Supplemental Objection and Reply in support of its Eighty- second Omnibus Objection to claim (Doc. 8810) , that was not clipped together. Pages were missing, the ones that are not missing; some of them are blurred, etc. Creditors have already via first class mail asked debtors to cure these defects in their Supplemental Objection and Reply in support of its Omnibus Objection and resend us same.

2

10. Wherefore, the creditors/Claimants respectfully submit that the Extension of time requested should be granted.

Date: July 13, 2015                                          /s/ Philip Emiabata & Sylvia Emiabata
                                                             Philip Emiabata; Sylvia Emiabata
                                                             508 Evening Grosbeak Drive
                                                             Pflugerville TX 78660
                                                             Tel. (512) 791- 2395;
                                                                  (512) 992-9998

## CERTIFICATION OF SERVICE

A copy of this" Creditors Motion to Extend the date by which creditors will respond to ResCap ............... Supplemental Objection and Reply " was served on the named below via first class mail on July 13, 2015:

Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
ATTN: Norman Scott Rosenbaum
Jordan A. Wishnew



RECEIVED
JUL 16 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK