# EXHIBIT G

```
 1                    UNITED STATES DISTRICT COURT

 2                        DISTRICT OF MINNESOTA

 3   ----------------------------------------------------------

 4       In Re: RFC and RESCAP Liquidating Trust Litigation

 5
                            File No. 13-cv-3451
 6

 7
                             St. Paul, Minnesota
 8                         Devitt Ceremonial Courtroom
                              July 23, 2015
 9                              9:30 a.m.

10   ----------------------------------------------------------

11                              BEFORE:

12     The Hon. SUSAN RICHARD NELSON, United States District Judge

13      The Hon. HILDY BOWBEER, United States Magistrate Judge

14

15

16             STATUS CONFERENCE AND MOTIONS HEARING

17

18

19

20

21

22

23
     Official Court Reporter:   Heather Schuetz, RMR, CRR, CCP
24                              U.S. Courthouse, Ste. 146
                                316 North Robert Street
25                              St. Paul, Minnesota 55101
                                Heather_Schuetz@mnd.uscourts.gov
```

Heather A. Schuetz, RMR, CRR, CCP
(651) 848-1223
Heather_Schuetz@mnd.uscourts.gov

```
 1   Mr. Jenkins' benefit, I don't know if he has already discussed
 2   this, but with his Codefendants, but I believe that the Wells
 3   Fargo Defendants had the same concern and we agreed on a
 4   stipulation with their counsel, Munger Tolles & Olson, that I
 5   believe they believe preserves their appellate rights.  And so
 6   Mr. Jenkins may want to talk to them about the research that
 7   they've done on that issue.
 8           JUDGE NELSON:  Great.  Thanks.
 9           Anything else on this issue?
10           (None indicated.)
11           JUDGE NELSON:  All right.  We'll move ahead then to
12   the response to certain of Defendants' counterclaims.
13           MR. ISAAC NESSER:  Your Honor, merely as a courtesy,
14   we wanted to inform the Court there are four Defendants in
15   these actions who have asserted counterclaims against the
16   trust in their -- as part of their answer in these
17   litigations.  It is the trust's current view that those
18   counterclaims are pending in violation of an injunction that
19   was included in the bankruptcy plan issued by Judge Glenn.
20   And the argument, in a sentence, is that the bankruptcy plan
21   precludes -- discharges any liability in connection with
22   certain contracts to which RFC was a party and the
23   counterclaims that are now pending relate to issues that we
24   believe were discharged in the bankruptcy.
25           As a result of that, we are currently planning to
```

```
 1   file a motion with Judge Glenn in the Bankruptcy Court to
 2   enforce the injunction that is included in his order, which is
 3   to say that's included in the bankruptcy plan.  We wanted to
 4   make Your Honors aware of that only because these are cases
 5   that are pending before Your Honor and so insofar as we're
 6   presenting issues relating to them in another court, we just
 7   thought you ought to be aware.
 8              JUDGE NELSON:  Thank you.
 9              MR. ISAAC NESSER:  Thank you.
10              JUDGE NELSON:  Any Defendant wish to respond to
11   that?
12              MR. MATTHEW JOHNSON:  Matt Johnson, Williams &
13   Connolly, on behalf of Decision One.
14              Obviously, there's no motion pending before the
15   Court.  I understand Mr. Nesser's intention to provide a
16   courtesy to the Court.  Decision One has agreed to extend the
17   deadline to answer or otherwise plead in this case until
18   September 9th of 2015.  So the issue really is -- will be in
19   front of Judge Glenn if Plaintiffs choose to file a motion
20   there.  We think Plaintiffs' position lacks any merit
21   whatsoever and defies commonsense and if Plaintiffs go ahead
22   and bring their motion in front of Judge Glenn, we look
23   forward to briefing the issue.
24              JUDGE NELSON:  Very good.
25              Mr. Nesser.
```

```
 1        MR. ISAAC NESSER:  I hope that I've not defied
 2   commonsense in any respect, but, you know, we did not include,
 3   as part of the agenda, an issue that Mr. Johnson just raised
 4   but since he raised it, I thought I might address it in two
 5   sentences.  And that is, of the four Defendants that are at
 6   issue with respect to this counterclaim issue, three of them
 7   filed their counterclaims in the last week or so.  And the
 8   situation that arose was one in which we were going to have to
 9   simultaneously file motion in New York and brief a motion to
10   dismiss before Your Honors on the same issue.
11        We thought that that would be wasteful and
12   duplicative and so we were able, thankfully, to reach
13   agreements with the relevant Defendants to extend our response
14   date on the counterclaims through to September 9.  And that
15   will permit us some time to present the issue to Judge Glenn
16   but not only that will permit the Defendants here some time to
17   assess our position and determine whether they will fully and
18   finally be willing to adjourn our response date here until
19   Judge Glenn actually rules on the motion in New York because
20   it's unlikely that that will be resolved by August -- by
21   September 9th.
22        What I've discussed with the Defendants is, you
23   know, we have resolved it for now.  It doesn't need to be --
24   we're not seeking any relief during today's conference.  But
25   we will need to revisit it at next month's conference before
```

```
 1   Your Honors in the event that we don't have a final agreement
 2   from these Defendants to adjourn our response date pending
 3   Judge Glenn's decision.  Thank you.
 4              JUDGE NELSON:  Okay.  We'll address that at the next
 5   conference.  Very good.
 6              All right.  We will now -- I should say I will now
 7   turn it over to Judge Bowbeer -- and I sit here, but she'll
 8   entertain argument, oral argument on the RFC versus Impac
 9   issue.
10              MAGISTRATE JUDGE BOWBEER:  I believe the request for
11   IDR came from Impac.  So, I'll let you proceed.
12              MR. ANTHONY ALDEN:  Judge Bowbeer, do you want the
13   IDR to be on the record or off the record?  I just wasn't
14   clear.  I thought the normal procedure is for it to be off the
15   record, but I just wanted to --
16              MAGISTRATE JUDGE BOWBEER:  Yes, when we've done it
17   by telephone conference, it's been off the record because
18   there was -- yeah, because it's that informal.  But I think
19   here --
20              JUDGE NELSON:  Is there an opposition to having it
21   on the record?
22              MR. ANTHONY ALDEN:  No, I just wanted to --
23              MAGISTRATE JUDGE BOWBEER:  No, and I appreciate the
24   request for clarification.  I think as long as we're here and
25   we've got a court reporter, we'll proceed.  But you're correct
```

Heather A. Schuetz, RMR, CRR, CCP
(651) 848-1223
Heather_Schuetz@mnd.uscourts.gov