Duncan Robertson
3520 S.E. Harold Court
Portland, OR 97202-4344
Tel & Fax: (503)775-9164
Uncadunc1@aol.com

By Overnight Delivery

Attn: Clerk
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: In re Residential Capital, LLC et al.
United States Bankruptcy Court
Southern District of New York
Jointly Administered Under Case No. 12-12020 (MG)

July 21, 2015

Dear Clerk:

Enlcosed please find for filing in the above case:

1. ROBERTSON RESPONSE TO LIQUIDATING TRUST MOTION FOR PARTIAL
   RECONSIDERATION OF MEMORANDUM OPINION AND ORDER,
   ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 (DOC. 8604)

2. DECLARATION OF DUNCAN K. ROBERTSON (in support of above)
   Including Exhibits 1 – 4.

Please file.

Thank you,

Duncan K. Robertson
Pro Se Creditor

Encl.

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com



RECEIVED
JUL 22 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Honorable Judge Martin Glenn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                          :         IN PROCEEDINGS
RESIDENTIAL CAPITAL, LLC, et al.,         :         UNDER CHAPTER 11
                                          :         BK Case No. 12-12020 (MG)
                    Debtors               :         (Jointly Administered)
                                          :
                                          :         ROBERTSON RESPONSE TO
                                          :         LIQUIDATING TRUST MOTION FOR
                                          :         PARTIAL RECONSIDERATION OF
                                          :         MEMORANDUM OPINION AND
                                          :         ORDER, ON CLAIM NUMBERS 2385,
                                          :         2386, 2387, 2388, AND 2389 (DOC.
                                          :         8533)
                                          :
                                          :

ROBERTSON RESPONSE TO LIQUIDATING TRUST MOTION FOR PARTIAL
RECONSIDERATION OF MEMORANDUM OPINION AND ORDER,
ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 (DOC. 8604)

i

# TABLE OF CONTENTS

Introduction .............................................................................................................. 1

State Law Controls Real Property Issues ..................................................................... 1

Robertson Has Standing To Bring His Claims ............................................................. 1

"The Defendants Breached The Law, Not The Contract" ............................................ 2

Standards For Pleading Fraud (see Trust Motion ¶¶ 3, 21 – 35) ................................. 4

Right to Rely ............................................................................................................... 5

More Than One Way to Plead a Fraud in Washington ................................................. 5

Pleading of Intent: RFREH, ETS (and LSI) ............................................................... 7

Standing in the CPA Context (Trust Motion Par. 26 – 31) ......................................... 8

Causation of Injuries/Damages (Trust Motion ¶¶ 28, 32, 34) .................................... 8

Conclusion ................................................................................................................. 10

# TABLE OF AUTHORITIES

**FEDERAL CASES:**

*ABB Turbo Systems AG v. Turbousa, Inc.*, 774 F.3d 979 (Fed. Cir. 2014) .................................. 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................................... 5, 7

*Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir.1989)............................. 10

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...... 5, 7

*Butner v. United States*, 440 U.S. 48 (1979).................................................................................. 2

*Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir.2012) (en banc) ............................ 5

*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)................................................................................... 2

*In re Coudert Brothers LLP*, 673 F.3d 180 (2nd Cir. 2012) ......................................................... 1

*Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109-10
    (3d Cir.1985) *cert. denied*, 475 U.S. 1013, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986) ........... 10

*Johnson v. City of Shelby*,
    135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam) ........................................................ 5, 7

*Lamm v. State Street Bank & Trust*, 749 F.3d 938 (11th Cir.2014)...................................................7

*Lane v. Department of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) ...................................... 10

*Matrixx Initiatives, Inc. v. Siracusano*,
    131 S.Ct. 1309, 179 L.Ed.2d 398 (2011) ................................................................................ 7

*McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir.2011) .........................................................7

*Slorp v. Lerner, Sampson & Rothfuss,* No. 13-3402 (6th Cir. 2014)(*published portion*)............. 2

*U.S. v. Wilkes*, 662 F.3d 524, 541 (9th Cir. 2011) .................................................................... 10

*Warth v. Seldin*, 422 US 490, 500 (1975) .................................................................................... 2

*Whitaker v. Milwaukee County, Wisconsin*, 772 F.3d 802, 808 (7th Cir. 2014)........................... 5

**STATE CASES:**

*Alejandre v. Bull*, 123 Wn. App. 611 (October 5, 2004) ............................................................. 5

*Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, ¶18 (2012) (en banc)............. 3

*Baddeley v. Seek*, 138 Wn. App. 333 (2007) .............................................................................. 5

*Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83 (2012).......................................................... 6, 8

*Boonstra v. Stevens-Norton, Inc.*, 64 Wn.2d 621, 621 (1964)...................................................... 6

*Columbia Mortgage v. Hsieh*,
    42 Wn. App. 114, 708 P.2d 1226 (1985) ............................................................................... 3

*Collings v. City First Mortg. Services, LLC*,
    177 Wn. App. 908, 317 P. 3d 1047(2013) *review denied* 179 Wn.2d 1028 (2014) ............... 3

*Daly v. Lynch,* 24 Wn. App. 69, 600 P.2d 592 (1979)................................................................ 6

*Dickson v. Kates,* 132 Wn. App. 724 (2006) ............................................................................. 5

*Frias v. Asset Foreclosure Services, Inc.,*
   181 Wn. 2d 412, 334 P. 3d 529 (2014) (en banc) .................................................................. 2

*Glepco, LLC v. Reinstra,* 175 Wn. App. 545, 307 P.3d 744 (2013) ........................................... 3

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,*
   162 Wn.2d 59, 170 P.3d 10, 22 (2007) ................................................................................ 9

*Jackowski v. Borchelt,*
   151 Wn. App. 1, 209 P.3d 514 (2009) *review granted,* 168 Wn.2d 1001 (2010) ................ 3

*Klem v. Wash. Mut. Bank,* 176 Wn.2d 771 (2013) (en banc) ................................................ 3, 9

*Koppler v. Bugge,* 168 Wash. 182, 11 P. 2d 236 (1932).......................................................... 4, 6

*McRae v. Bolstad,* 32 Wn. App. 173, 646 P.2d 771 (1982)......................................................... 5

*Orion Corp. v. State,* 103 Wn.2d 441, 693 P.2d 1369 (1985) ..................................................... 2

*Panag v. Farmers Ins. Co. Of Wash.,* 166 Wn.2d 27 (2006) (en banc)...................................... 9

*Schroeder v. Excelsior Management Group, LLC,* 177 Wn.2d 94, 297 P.3d 677 (2013) ........... 3

*Smith v. Monson,* 157 Wash.App. 443, 236 P.3d 991 (2010) ...................................................... 4

*State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.,*
   87 Wash.2d, 298, 305, 553 P.2d 423 (1976)........................................................................ 5

*Stiley v. Block,* (130 Wn.2d 486) 925 P.2d 194 (Wash. 1996) (en banc) ............................... 4, 5

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,*
   122 Wash. 2d 299, 299, 858 P.2d 1054 (1993)..................................................................... 8

*Werner v. Werner,* 84 Wn.2d 360, 526 P.2d 370 (1970) ............................................................ 2

*Williams v. Joslin,* 65 Wn.2d 696 (1965).................................................................................... 4

## RULES:

Fed. R. Civ. P. 9(b) ...................................................................................................................... 4

Fed. R. Civ. P. Rule 81(d)............................................................................................................. 2

## OTHER AUTHORITIES:

Honorable Mark R. Kravitz,
*Report of the Civil Rules Advisory Committee* 53 (May 2, 2011).........................................7

W. Prosser, *The Law of Torts* § 30, at 143 (4th ed. 1971))........................................................ 6

## INTRODUCTION

1.   On April 28, 2015 the Court issued its MEMORANDUM OPINION AND ORDER

SUSTAINING IN PART AND OVERRULING IN PART THE RESCAP LIQUIDATING

TRUST'S OBJECTION TO PROOFS OF CLAIM FILED BY DUNCAN K. ROBERTSON.

Doc. 8633 ("Order").   Based thereon the Liquidating Trust filed a Motion for Partial

Reconsideration, Doc. 8604 ("Trust Motion"), claiming the Court committed three errors. *Trust*

*Motion* at ¶2.  Robertson disputes that any of these issues have merit, as will be shown.  This

Response is supported by Declaration of Duncan K. Robertson ("Robertson Decl.") and Exhibits.

### *State Law Controls Real Property Issues:*

2.    All of Robertson's claims are based upon state law.  Whereas the King County,

Washington Superior Court-filed Complaint was subsequently removed to federal court under

diversity jurisdiction (a portion of claims remained stayed) the Court's *Order* implies that federal

rules of procedure and Washington rules of decision should be applied in addressing the

admissibility of claims here.  *Order* at 14.  See also *In re Coudert Brothers LLP,* 673 F.3d 180,

182 (2nd Cir. 2012).  This Court may also hear claims in equity. See Compl. at ¶ 19.1(16).

### *Robertson Has Standing To Bring His Claims:*

3.    The Trust asserts that privity is required to challenge the terms of a contract.  The

Court has already agreed with this premise. *Order* at 14.  Such a "prudential standing" evaluation

is indeed appropriate if a plaintiff is seeking to enforce another's right.  However, the acts

Robertson has complained of, including filing of false instruments against the Property clouding

its title, and improper attempts to non-judicially foreclose were done *in violation of state law*,

and the rights assaulted were those of Robertson.  The "contracts" involved here are "deeds" and

Motion to Reconsider                           1                    Duncan K. Robertson
                                                                   3520 SE Harold Ct.
                                                                   Portland, OR  97202

are principally governed by Washington Real Property Law.[1]  *These* acts are identified in the

Complaint as proximately causing identified injuries and damages.  Acts that breach the law and

cause injury impart standing to Robertson as to his claims here. "The actual or threatened injury

required by Art. III may exist solely by virtue of "statutes creating legal rights, the invasion of

which creates standing[.]"" *Warth v. Seldin,* 422 US 490, 500 (1975)(citation omitted) (emphasis

added).  "A party who has a protectable interest[2] **which has been** or is about to be **invaded by**

**another has standing to pursue an action.**"[3] *Orion Corp. v. State,* 103 Wn.2d 441, 693 P.2d

1369 (1985) (emphasis added).

### *"The Defendants Breached The Law, Not The Contract"*

4.    The Trust cites no Washington authority for their theory, because none exists

(what the Trust terms "Washington courts" are unpublished federal cases and are *not* authority,

especially as to state law construction. *Federal* authority addressing the Trust's theory comes

from the 6th Circuit:

> [Th]e district court held that Slorp sustained no injury attributable to the allegedly
> fraudulent assignment.
> This analysis suffers from one key error: It mistakes the source of the injury alleged in
> Slorp's complaint.  Slorp does not attribute his injuries to the false assignment of his
> mortgage; rather, he attributes his injuries to the improper foreclosure litigation.

---

[1] Property interests are created and defined by state law. [* * *] Uniform treatment of property interests by both state
and federal courts within a State serves to reduce uncertainty [and] to discourage forum shopping[.][* * *] The
justifications for application of state law are not limited to ownership interests; they apply with equal force to
security interests[.] *Butner v. United States,* 440 U.S. 48, 55 (1979) (citation omitted). See also *Werner v. Werner,*
84 Wn.2d 360, 526 P.2d 370 (1970)("The laws of the place where property is located govern title and interest in
such property").

[2] How would the Washington Supreme Court rule, as to whether a homeowner who has purchased at a second-deed-
of-trust sale is among the class of persons for whom the Deeds of Trust Act is designed to protect? See *Frias v.
Asset Foreclosure Services, Inc.,* 334 P. 3d 529, ¶ 17 (2014) (en banc).  Would they interpret that the Legislature
intended to end all consumer loans, because enforcement via foreclosure would strip the purchaser of their
constitutional right to defend their property when they were not in privity with a party trying to take it?

[3] *See* Fed. R. Civ. P. Rule 81(d) ("'*State Law*' *Defined.* When these rules refer to state law, the term ''law''
includes the state's statutes and the state's judicial decisions.") *See also Erie R.R. v. Tompkins,* 304 U.S. 64, 72, 79
(1938)

*Slorp v. Lerner, Sampson & Rothfuss,* No. 13-3402 (6th Cir. 2014)(published portion). Here, the

violations complained of, which the Court found viable, and to which injuries and damages

sustained are assigned, are acts done in violation of state law, not benefits under a contract. As

the Washington Supreme Court explained in *Schroeder v. Excelsior Management Group, LLC,*

Washington's DTA "is not a rights-or-privileges-creating statute. Instead, it sets up a list of

`requisite[s] to a trustee's sale.'" 177 Wn.2d 94, 106, 297 P.3d 677 (2013) (quoting RCW

61.24.030). "These . . . are limits on the trustee's power to foreclose without judicial

supervision." *Id.* at 107. As the Washington Supreme Court noted from the lower court's ruling

in *Klem v. Wash. Mut. Bank,* 176 Wn.2d 771 (2013) (en banc), "the defendant breached the law,

not the contract." *Id.* at n.16. *See* also *Jackowski v. Borchelt,* _____, 12-15, 209 P.3d

514 (2009)  *review granted,* _____ (2010)("the agent and firm's duties were rooted in

statutes and the common law and not the contract). "When a party's authority to act is prescribed

by a statute [ * * * w]ithout statutory authority, any action taken is invalid." *Albice v. Premier*

*Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, ¶18 (2012) (en banc).  "Standing - Test. A party

has standing to intervene and contest the relief requested in an action if the relief would affect an

existing and substantial interest which the party has in the subject matter of the action."

*Columbia Mortgage v. Hsieh,* 42 Wn. App. 114, 114, 708 P.2d 1226 (1985)("Holding that the

third party had standing to challenge the validity of the mortgage and that the mortgage was

void, the court AFFIRMS the trial court."). *See* also *Glepco, LLC v. Reinstra,* 175 Wn. App.

545, 307 P.3d 744, 750 (2013)("The Reinstras also contend the Hintons, **as trustee's sale**

**buyers,** may not seek reformation **because they were not a party to the 2008 deed of trust.**

**We disagree.**") (Emphasis added); *Cf. Collings v. City First Mortg. Services, LLC,* 317 P. 3d

1047, 1059 (2013)("A party with an equitable interest has standing to defend that interest against

3

a party who claims to have a superior interest."[4]). As the undisputed owner of the property being

assaulted, Robertson is clearly a party in interest with standing to protect his property. *See* also

*See Koppler v. Bugge*, 168 Wash. 182; ¶ 7 *infra.*

### Standards for Pleading Fraud (see Trust Motion ¶¶ 3, 21 – 35)

5. The *Trust Motion* asserts that the Court did not properly evaluate pleading of fraud as to:

> "(1) the Debtor Defendants intended that *he* act based on representations they made; (2)
> he was entitled to rely on the LSI Appointment and statements by ETS regarding the
> identity of the holder of the Note, and (3) he relied upon the LSI Appointment for the
> truth of the statements therein. Accordingly, the Court erred in finding that Robertson
> properly stated claims for fraud against RFREH and ETS.

*Id.* at ¶ 3. The *Trust Motion* states as authority for asserting this premise:

> A plaintiff asserting a fraud claim must show that a representation was made with the
> intent that the ***plaintiff*** act on it, and that the plaintiff has a right to rely on the
> defendant's misrepresentation. *Stiley v. Block,* 925 P.2d 194, 204 (Wash. 1996)
> (emphasis added).

*Id.* at 10 ¶ 22. This *paraphrase* of *Stiley* (by adding the "emphasis added" – implying it is a

quote) is overstated and taken out of context. It is true that elements of fraud *ultimately* "must be

shown by clear, cogent, and convincing evidence,"[5] *Stiley,* 925 P. 2d at 200, however *Stiley*

addresses a case that had been fully evidenced and argued before a jury; it does not even contain

the words "plead" (in any form) or "complaint" nor is there any mention of pre-trial *assertions.*

*See also Trust Motion* at 10 ¶ 22 (again overstating, for pleading purposes). While Fed. R. Civ.

P. 9(b) requires specific facts in the pleading of fraud, this is only to the extent that "a claimant

must allege "enough facts to state a claim for relief that is plausible on its face."" *Order* at 10

---

[4] (citing *Smith v. Monson,* 157 Wash.App. 443, 448-49, 236 P.3d 991 (2010)("Standing to assert a claim in equity
resides in the party entitled to equitable relief; it is not dependent on the legal relationship of those parties." *Id.* at
445).

[5] *Williams v. Joslin,* 65 Wn.2d 696, 697 (1965).

(citation omitted).  This Court correctly ruled that this sufficiency has been met with respect to

plausible fraud on the part of RFREH and ETS.  *Order* at 18-19, 22).

### *Right to Rely*

6. As to pleading the legal theories such as the "right to rely," it is now well established

that such is not required:

> [I]t is factual allegations, not legal theories, that must be pleaded in a complaint. In
> *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir.2012) (en banc), we
> stated explicitly that "plaintiffs are not required to plead legal theories, even in the
> new world of pleading that is developing in the wake of the Supreme Court's
> decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167
> L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173
> L.Ed.2d 868 (2009)." *Del Marcelle*, 680 F.3d at 909 (parallel citations omitted).[18]
> More recently, **the Supreme Court has confirmed explicitly this principle.**
> ***Johnson v. City of Shelby,*** \_\_\_ **U.S.** \_\_\_, **135 S.Ct. 346, 347,** \_\_\_ **L.Ed.2d** \_\_\_
> **(2014)** (per curiam) (emphasis added).

*Whitaker v. Milwaukee County, Wisconsin*, 772 F.3d 802, 808 (7th Cir. 2014).  See also ¶ 8 *infra*.

That Robertson had a "right to rely" on the instruments recorded against his property is well

established in Washington: "[O]ne searching the [County Recorder] index has a **right to rely**

upon the index and recorded documents and is not bound to search the record outside the chain

of title of the property[.]." *Dickson v. Kates,* 132 Wn. App. 724, 737 (2006) (emphasis added).

### *More Than One Way to Plead a Fraud in Washington*

7.  The *Trust Motion* failed to address the breadth of Washington provisions for fraud

claims.  For example, as an alternate to showing the traditional nine points of fraud, one may

"show that the defendant breached an affirmative duty to disclose a material fact." *Baddeley v.

Seek,* 138 Wn. App. 333 (2007), citing *Stiley,* 130 Wn.2d at 515-16 (Talmadge, J., concurring));

accord, *Alejandre v. Bull,* 123 Wn. App. 611 (October 5, 2004).  This general concept has broad

application.  Where *disclosure* is a legal duty, failure to disclose (or to falsely disclose) of itself

is ground for Fraud:

5

"Failure to disclose a material fact where there is a duty to disclose is fraudulent." *McRae v. Bolstad,* 32 Wn. App. 173, 177, 646 P.2d 771 (1982), *aff'd,* 101 Wn.2d 161, 676 P.2d 496 (1984).

Misrepresentation of the material terms of a transaction or the failure to disclose material terms violates the CPA. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.,* 87 Wash.2d, 298, 305-09, 553 P.2d 423 (1976).

The DTA statutorily requires disclosure in any Notice of Trustee's Sale of the Beneficiary of the Deed of Trust, and *accurate* disclosure of the Trustee conducting the sale. RCW 61.24.040(1)(b), (f)(I),(VII), IX). *See also Trust Motion* at ¶ 28 affirming (citing *Bain*).  Duty of disclosure is also required in an offer of contract relating to real property.[6]  Such offer of contract as was implicit in the mailing to Robertson: *you pay the amount shown to ETS and the sale will be halted* (and you will be issued a Reconveyance).

"A duty is an "obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks." *Daly v. Lynch,* 24 Wn. App. 69, 76, 600 P.2d 592 (1979) (quoting W. Prosser, *The Law of Torts* § 30, at 143 (4th ed. 1971))

Robertson *also* had a "duty" in this context, which to date he has been "foreclosed" from exercising: to ascertain proof that the parties seeking to collect (via cash or foreclosure) were the rightful party to be paid: *See Koppler v. Bugge*, 168 Wash. 182, 184-5, 11 P. 2d 236 (1932)[7] ("Where one advances money to an alleged agent of the holder to satisfy a mortgage…, it is his duty at his peril to see that the person whom he pays as agent is either (a) in possession of the instruments, or (b) has special authority to receive payment, or (c) has been represented by the owner and holder of the securities to have such authority.").  When the Washington Supreme Court declares it is a payor's *duty* to so demand, such a payor obviously has *standing* to do so in a court of law.

---

[6] A party to a business transaction is under a duty to disclose relevant information when he knows that the other is relying on his superior business knowledge and is himself lacking such knowledge. *Boonstra v. Stevens-Norton, Inc.,* 64 Wn.2d 621, 621 (1964).

[7] There are over 11 Concurring Washington Supreme Court cases, all in the context of securitized mortgages fraud.

6

***Pleading of Intent: RFREH, ETS (and LSI)***

8. Under the progeny of *City of Shelby,* the pleading of abstract facts, such as a defendant's

mental state, intent, and scienter may be implied from the facts pleaded:

> We note the Supreme Court's recent decision in *Johnson v. City of Shelby,* ___ U.S. ___,
> 135 S.Ct. 346, 347, 190 L.Ed.2d 309 (2014) (per curiam) ("A plaintiff, [*Twombly* and
> *Iqbal*] instruct, must plead facts sufficient to show that her claim has substantive
> plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated
> simply, concisely, and directly events that, they alleged, entitled them to damages from the
> city. Having informed the city of the factual basis for their complaint, they were required to
> do no more to stave off threshold dismissal for want of an adequate statement of their
> claim."). We note, too, the importance of a "context-specific" application of Rule 8, *Iqbal,*
> 556 U.S. at 679, 129 S.Ct. 1937, and the particular need to apply the plausibility standard
> with a recognition that direct evidence of some facts — such as guilty knowledge, in some
> cases — may be distinctively in the defendant's possession, requiring that the threshold
> standard of plausibility be applied to more circumstantial evidence. *See Matrixx Initiatives,
> Inc. v. Siracusano,* ___ U.S. ___, 131 S.Ct. 1309, 1324 & n. 15, 179 L.Ed.2d 398 (2011)
> (holding, even under a special statutory heightened pleading standard requiring a "strong
> inference" of scienter, that plaintiff's claim could not be dismissed where it pleaded facts
> "sufficient to render the inference of scienter at least as compelling as the inference" of
> innocent conduct; and stating that determining guilty knowledge requires courts to review
> "all the allegations holistically" (quotation marks and citation omitted)); *Lamm v. State
> Street Bank & Trust,* 749 F.3d 938, 945 (11th Cir.2014) (finding insufficient pleading in a
> particular case after noting: "We are also mindful of the challenge a plaintiff faces in
> establishing a defendant's mental state without the benefit of discovery."); Honorable Mark
> R. Kravitz, *Report of the Civil Rules Advisory Committee* 53 (May 2, 2011) ("How much
> fact is required to support a reasonable inference of liability varies with context, and in
> many types of action can be rather scant."); *McCauley v. City of Chicago,* 671 F.3d 611,
> 619 n. 2 (7th Cir.2011) (highlighting commentary).

*ABB Turbo Systems AG v. Turbousa, Inc.*, 774 F.3d 979, 988-89 (Fed. Cir. 2014). Factual

indication of the *intent* of LSI (through its claimed agent, First American Title Insurance Co.)

and ETS *to file* the encumbrances, and ultimately *to take*, the property via foreclosure (for which

neither had authority) appears on the face of the Notices of Trustee's Sale published in the

County Property Records.[8] The *intent* that Robertson ***personally*** pay to ETS the amount claimed

as owed to avoid foreclosure is stated on the face of the cover sheet of the Notice of Foreclosure

---

[8] King County Recorder Nos. 20100323000378, 20101222001196. See Robertson Decl. at ¶ 2, Exhibit 2.

mailed to Robertson: "**Send Payments To, ETS**, 2255 N. Ontario Street, Suite 400, Burbank, CA 91504." *See* Robertson Decl. ¶ 2, Exhibit 1 at *1. (emphasis added). This Exhibit also refutes the Trust claim that "that the Debtor Defendants believed that Robertson had no right or obligation to pay off the Note. See Objection at ¶ 43." *Trust Motion* at 10 ¶¶ 22, 40.

## *Standing in the CPA Context (Trust Motion Par. 26 – 31)*

9.    Here the Trust reiterates the *standing* issue *supra*, addressing the CPA. Washington's CPA does not require privity or any duty of the defendant to the plaintiff: "An injured party need not be a consumer of goods or services to have standing to seek damages under the Consumer Protection Act (RCW 19.86) [* * *] For purposes of a private action for damages under the [CPA] the issue of factual causation is generally for the trier of fact." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,* 122 Wash. 2d 299, 299, 858 P.2d 1054 (1993). *See also* Doc. No.8238-1 at *31 (Opening Brief to 9th Circuit citing *Id.* at 310-315). *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83 (2012) (en banc), addressed the *objective* lack of authority for acts authorized only to a "beneficiary." *Id.* at ¶50. There is no mention in *Bain* that such lack of authority is limited to acts only against parties in privity.

## *Causation of Injuries/Damages (Trust Motion  ¶¶ 28, 32, 34)*

10. LSI was the purported Trustee of record, RFREH was claimed to beneficiary and ETS actually processed, two unauthorized Notices of Trustee Sales. Compl. ¶¶5.60, 5.69. Specific injuries proximately caused by these acts are enumerated Complaint Section at ¶ 16.9(a) – (g) (sic), and are ongoing. Upon learning that LSI was purportedly Trustee of record and legally obliged to stop a wrongful foreclosure sale (see Robertson Declaration at ¶¶  2 - 7), he personally set about to confront this entity at its listed addresses in Washington, and was assisted by attorney Helmut Kah (see Robertson Exhibit 3 - Declaration of Helmut Kah), only to discover

that LSI did not exist. *Id.*   Because Robertson *would* lack standing to challenge the propriety of

LSI's licensing as a "Resident Title Insurance Agency" (such challenge is reserved for the

governing regulatory agency, the Washington Office of The Inusurance Commissioner ("OIC")),

Robertson spent an estimated 200 hours in research, plus attorney consulting, travel and financial

resources, prosecuting a complaint with the OIC against LSI - that was upheld. See Compl. at

¶11.10.  With proof of no established office and phone in the state, LSI was proven ineligible to

act as a deed of trust trustee. *See* Compl. at ¶¶ 11.5 – 11.10; Robertson Decl. at ¶¶ 10 - 16.  All

of this obviously would never have occurred "but for" LSI recording for public record

(authorizing ETS to do so) that it was the party entitled to take his property. *See also Panag v.*

*Farmers Ins. Co. Of Wash.,* 166 Wn.2d 27, ¶59 (2006) (en banc)(CPA elements).  Further,

"[T]he [CPA] statute does not require proof of justifiable reliance[.] *Panag* at ¶63 n.15.  And,

multiple pleading elements of a CPA claim may be accomplished by facts showing of a false

instrument filed for record: "false dating by a notary employee of the trustee in a nonjudicial

foreclosure is an unfair or deceptive act or practice and **satisfies the first three elements** under

the Washington CPA." *Klem*, 176 Wn.2d 771 at ¶ 44 (emphasis added).

11. The Trust challenges that the "but for" standard[9] of *proving* injuries damages has not

been met. *Trust Motion* at 32.  This might be appropriate in a Motion for Summary Judgment,

however there is none before this Court. See *In re Dana Corp.*, 574 F.3d 129 (2d Cir. 2009).

Further it is apparent that *but for* the false assertions of interest, filings against the property and

unlawful foreclosure attempts (which continue to this day), Robertson would have been able to

productively use his property,  and would have suffered none of his six years of deprivation,

thousands of hours, and thousands of dollars spent in defending his property.  The Court

---

[9] Citing *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,* 162 Wn.2d 59, 170 P.3d 10, 22 (2007) (en banc)(ruling on a motion for summary judgment).

announced the standard under which it overruled previous Objections: "an objecting party must

come forth with **evidence** which, if believed, would refute at least **one** of the allegations essential

to the claim." Order at 9; affirmed in *Trust Motion* at ¶21. The Trust has presented (and cites to)

*no* "evidence" that would *refute* Robertson's claims. The sole citation in the *Trust Motion* to

"evidence" is "Exhibits 1-A through 1-E the Declaration of Kathy Priore in support of the

Objection [Docket No. 8072-7]." *Trust Motion* at 4 fn. 2 (*Robertson's Complaint!*). The total of

evidence presented by the Trust in fact *supports* all of Robertson's claims. *See* Omnibus hearing

of March 12, 2015, when the Court noted, "You have title problems with this?" The Trust

attorney responded, "Yes, your honor." Attorney pleadings and legal arguments presented in the

*Trust Motion* are not evidence.[10] Robertson looks forward to presenting ample additional

evidence in support of his claims at the upcoming evidentiary hearing and preceding it.

## CONCLUSION

Robertson's claims provide prime facie evidence for his claims to proceed to evidentiary

hearing, which has been scheduled. Based upon the absence of evidence to the contrary and

legal arguments that cannot stand up to legal authority, Robertson requests that the *Trust Motion*

be DENIED. The Complaint was drafted to conform to Washington pleading standards. If

additional facts are needed to comply with federal standards, Robertson requests leave to amend

or supplement accordingly.

---

[10] *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir.1989) ("[S]tatements made in briefs are not
evidence of the facts asserted."); *Jersey Cent. Power & Light Co. v. Township of Lacey,* 772 F.2d 1103, 1109-10 (3d
Cir.1985)("Legal memoranda and oral argument are not evidence..."), *cert. denied,* 475 U.S. 1013, 106 S.Ct. 1190,
89 L.Ed.2d 305 (1986); *Lane v. Department of Interior,* 523 F.3d 1128, 1140 (9th Cir. 2008); *U.S. v. Wilkes,* 662
F.3d 524, 541 (9th Cir. 2011)(jury instruction – "an attorney's statements are not evidence").

Respectfully submitted this 21st day of July, 2015,

Duncan K. Robertson

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164

Motion to Reconsider

Signature Page

Duncan K. Robertson

3520 SE Harold Ct.
Portland, OR 97202

RECEIVED

JUL 2 2 2015

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

In Re:                                          :

                                                :

RESIDENTIAL CAPITAL, LLC, et. al                :

        Debtors.                                :

_____X

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

DECLARTION OF
DUNCAN K. ROBERTSON

DECLARATION OF DUNCAN K. ROBERTSON

IN SUPPORT OF ROBERTSON RESPONSE TO LIQUIDATING TRUST MOTION FOR
PARTIAL RECONSIDERATION OF MEMORANDUM OPINION AND ORDER,
ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 (DOC. 8604)


1.  I, Duncan K. Robertson, am a resident of Portland, Oregon. I am 71 years old and

competent to testify in this Procedure.

2.  On or about March 27, 2013 I received in the mail two mailings from Executive Trustee

Services, LLC ("ETS"): (1) a Notice of Trustee's Sale accompanied by a Cover Sheet identifying

that it had been sent to me by "ETS, PO Box 9032, Temecula, CA 92589-9032," **Exhibit 1**

hereto, and a Notice of Foreclosure accompanied by a copy of the Deed of Trust (not included as

Exhibit).  The Notice of Trustee's Sale announced that on 6/25/2010 "FIRST AMERICAN

TITLE INSURANCE COMPANY, the undersigned Trustee" would sell the subject Property in

1

this case at auction (*Id.* at *2) unless the amount "Currently Due", $46,410.13 was received by

March 10, 2010. *Id.* at *4. The Notice further stated:

> To pay off the entire obligation secured by your Deed of Trust as of Monday, March 22, 2010, you must pay a total of $90,408.01 in principal, $23,229.60 in interest, plus other costs and advances estimated to date in the amount of $16,043.64. From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation seared by your Deed of Trust as of the payoff
>
> date.

*Id.* The Cover Sheet identified me by name and address, and instructed:

> *Send Payments To*
> ETS
> 2255 N. Ontario Street
> Suite 400
> Burbank, CA 91504

*Id.* at 1. The receipt of this mailing triggered a series of events.

3. I consulted with Helmut Kah, an attorney I had employed to variously counsel and

represent me concerning the property. He advised that I should check the King County

Recorder's Office to ascertain if a formal Notice of Trustee Sale had been filed against the

Property.

4. On or about March, 27m 2010 I visited the King County Recorder web site and

downloaded two documents:

a. An Appointment of Successor Trustee ("Appointment"), identifying the Trustee of Record as **LSI Title Agency, Inc.** King County Recorder No. 20100217000758.

b. A Notice of Trustee's Sale, substantially similar to that I had received in the mail.
   **Exhibit 2** hereto.

5. The Appointment indicated it had been issued by Residential Funding Real Estate

Holdings, LLC ("RFREH"). I rechecked the King County web site but could find no

2

Assignment of Deed of Trust to RFREH, and no previous mention of RFREH in the Property record.

6.    Whereas the Appointment of Successor Trustee named a different entity (LSI) as Trustee of record from the purported Trustee named as the party foreclosing (First American) (¶ 2 supra), I commenced effort to contact both First American and LSI directly to stop the sale and resolve whatever was happening.  The Appointment had indicated their address as 1111 Main Street, Suite 200, Vancouver, Washington 98660.  I first attempted to look them up in the telephone directory – but there was no listing.  So, living in Portland, Oregon, only about 25 miles away, on or about May, 2010 I took copies of the documents I had received in the mail and drove to Vancouver to meet with them.  I was surprised when I went to the address listed on the Appointment and found that it was occupied by Chicago Title Company.  Upon entering Suite 200 I announced that I would like to speak with a representative of LSI Title Agency, Inc.  The receptionist said, "Who?"  She told me I apparently had the wrong office and went to inquire of her manager who also indicated that she had never heard of the company.  Both attempted to assist me by first checking the telephone directory and calling the office of First American Title Insurance Company to see if anyone there knew where LSI might be located.  None did.

7.    Whereas the June 25, 2010 announced sale date for  the Trustee's Sale was approaching, I also contacted attorneyHelmut Kah, who had been doing both consulting and representation work for me regarding the property, and especially with First American, and requested that he track down who was attempting to foreclose, advise them of my status as the Property owner and that I was still willing to pay off any rightful owner the recorded Deed of Trust (which I did not know at the time had been issued prior to the Borrower's

3

holding any assignable interest in the Property), and to STOP THE SALE.  See **Exhibit 3**
attached - Declaration of Helmut Kah and its Exhibits.

8.  The sale was eventually discontinued.  See *Id.*

9.  I, and Mr. Kah, at my instruction, continued to attempt to locate LSI.  I contacted the
Office of The Insurance Commissioner and learned that with their application for licensing as
a "Resident Title Insurance Agency" they had identified their principal place of business for
the corporation as an address in Bellevue, Washington. I was unsuccessful in finding any
telephone contact at that address, so I sent Mr. Kah there to investigate.  He reported to me
that although the party in the office space was apparently a related company, they refused to
speak with him.

10.  At that time I was aware that a title insurance agent is qualified to act as a deed of
trust trustee under RCW 61.24.010(1)(b).[1]  The OIC will grant a license to a Title Insurance
Agency licensed in the state of its Principal Place of Business under RCW 48.17.173. The
statute requires that the applicant "Maintains a lawfully established place of business in its
home state and holds a corresponding license issued by the state of its principal place of
business[.]" RCW 48.17.173(3)(b). LSI did not appear to meet these qualifications.

11.  As a prerequisite to foreclosure, it is required of a Washington deed of trust trustee to
maintain an office and telephone in the state where process may be served and permit affected
parties to confront to resolve issues.  RCW 61.24.030(6).

12.  I learned from Mr. Kah that if I were to file suit to stop the sale attempts and quiet title to
the Property, I would be unable to address the issue of LSI not being a lawfully licensed title

---

1.  [1] Statute specifies eligibility of "any title insurance agent licensed under chapter 48.17 RCW[.]"
*Id.*

4

insurance agency, precluding them from trustee status, whereas propriety of licensing is
governed by the OIC and a complaint must be filed with and adjudicated by that agency.

13. I began assembling such a complaint against LSI to be filed with OIC.  On or about
September 10, 2010 I took a friend, John Christensen, to the Vancouver address and videoed
a meeting with Brandi McEllrath, the office manager, who admitted she had never heard of
LSI.  I also hired a Seattle firm to go to the Bellevue LSI address and video what happened
when a party asked to speak to an LSI representative (the occupant refused to open the door
or speak with anyone regarding LSI).  Both of the videos were submitted with the complaint
and subsequent supporting materials eventually filed with OIC.  I also put in approximately
200 hours or research and preparation to the complaint, as well as my expense for Mr. Kah's
services, travel, etc.

14. On or about February 10, 2011 I filed a complaint with the OIC[2] against LSI for
failing to maintain an office in the state of Washington as is requisite to serve as a
foreclosing deed of trust trustee under RCW 61.24.030(6).[3] There were also numerous
supplements filed, showing LSI's prolific activities (at least in name) in the state.  I also sent
a copy of the complaint to the Washington Attorney General.

15. In the process of the complaint investigation by the OIC, that agency provided me
with an 89 page copy of LSI's record submissions to the OIC, identified as File #3914
*robertson.BATES 1-90_REDACTED.pdf. ("3914Robertson'),* assembled by the OIC on or
about March 18, 2011, Certified by the OIC on March 2, 2011.

---

[2] OIC Case Number 1048121
[3] See also RCW 48.17.450(1) – a non-resident title insurance agency must maintain a place of
business accessible to the public "in the state of the licensee's domicile." *Id*

16. OIC Insurance Commissioner Mike Kreidler sent me a letter dated May 20, 2011 announcing that my complaint to that agency had been upheld. On January 12, 2012 the OIC issued a Press Release announcing that LSI had been fined for "failing to maintain a place of business accessible to the public in Washington." **Exhibit 4(a)** - OIC letter confirming violation, **(b)** - OIC Press Release announcing fine.

17. Attached hereto are the following Exhibits:

**Exhibit 1** – is a true and correct copy of the Cover Sheet and Notice of Trustee Sale received by me from ETS on or about March 27, 2015.

**Exhibit 2** is a true and correct copy of Notice of Trustee's Sale, King County Recorder No. 20100323000378 which I downloaded from the King County Recorder web site, http://www.kingcounty.gov/depts/records-licensing/Recorders-Office/records-search.aspx.

**Exhibit 3** is a true and correct copy of Declaration of Helmut Kah with Exhibits, as filed in *Robertson v. GMAC Mortgage, LLC,* No.   :12-cv-02017 MJP (WD Wash.) as Docket No. 66.

**Exhibit 4** is a true and correct copies of (a) scan of Letter from Mike Kreidler, Insurance Commissioner, dated May 20, 2011, confirming findings of violations in Case No. ; and (b) OIC Press Release dated January 12, 2012 announcing fining of LSI and specific infraction.

I certify under penalty of perjury that the above statements are true and accurate to the best of my

knowledge.


Dated: July 20, 2015
at Camp Sherman, Oregon

Duncan K. Robertson,

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR  97202-4344
Telephone: (503)775-9164
Uncadunc1@aol.com

7

# **Exhibit 1**

*March, 2010 Notice of Trustee's Sale Mailed to Robertson*

Declaration of Duncan K. Robertson -  Exhibit



ETS
PO Box 9032
Temecula, CA 92589-9032

2244436639

*Send Payments To*

ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

*Send Correspondence To*

ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

DUNCAN K. ROBERTSON
3520 SE HAROLD CT
PORTLAND OR 97202-4344

20101222-56
WANTS_FirstClass_FLAT

1100-v4



1

AND WHEN RECORDED MAIL TO:

Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

(818) 260-1600

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

Loan No: **7431815315** APN: 072304-9322/072304932204          TS No: **WA-133027-C**

## NOTICE OF TRUSTEE'S SALE
### PURSUANT TO THE REVISED CODE OF WASHINGTON
### CHAPTER 61.24 ET. SEQ.

I.          NOTICE IS HEREBY GIVEN that FIRST AMERICAN TITLE INSURANCE COMPANY, the undersigned Trustee will on **6/25/2010**, at **10:00 AM  at  At the 4th Ave entrance to the King County Administration Building, 500 4th Avenue, Seattle, Washington** sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks,  at the time of sale the following described real property, situated in the County of  King, State of Washington, to-wit:

THAT PORTION OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 23 NORTH, RANGE 4 EAST OF THE WILLAMETTE MERIDIAN, RECORDS OF KING COUNTY, WASHINGTON. DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT ON THE EAST LINE OF 4TH AVENUE SOUTHWEST WHICH IS 384.61 FEET NORTH OF THE NORTH LINE OF SOUTHWEST 122ND STREET;
THENCE EAST PARALLEL WITH THE NORTH LINE OF SOUTHWEST 122ND STREET, 260.15 FEET;
THENCE SOUTH PARALLEL WITH THE EAST LINE OF 4TH AVENUE SOUTHWEST 64.16 FEET;
THENCE WEST PARALLEL WITH THE NORTH LINE OF SOUTHWEST 122ND STREET. 260.16 FEET TO THE EAST LINE OF 4TH AVENUE SOUTHWEST;
THENCE NORTH ALONG SAID EAST LINE 64.16 FEET TO THE POINT OF BEGINNING.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Commonly known as:
12002 4TH AVENUE SOUTHWEST
SEATTLE, WA 98146

which is subject to that certain Deed of Trust dated  11/1/1999, recorded  11/15/1999, under Auditor's File No.  19991115001505, in Book , Page  records of King County, Washington, from LINDA C. NICHOLLS, AN UNMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as Grantor(s), to N.P.



**2**

FINANCIAL CORPORATION, A CALIFORNIA CORPORATION, as Trustee, to secure an obligation in favor of OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE, as Beneficiary, the beneficial interest in which was assigned by OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE to RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC.

II.    No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust/Mortgage.

3

Loan No: 7431815315                          T.S. No.: WA-133027-C

III.     The default(s) for which this foreclosure is made is/are as follows:

Failure to pay when due the following amounts which are now in arrears:

**PAYMENT INFORMATION**

| FROM | THRU | NO.PMT | AMOUNT | TOTAL |
|------|------|--------|--------|-------|
| 1/1/2008 | 4/30/2008 | 4 | $1,148.76 | $4,595.04 |
| 5/1/2008 | 6/30/2008 | 2 | $1,191.59 | $2,383.18 |
| 7/1/2008 | 12/31/2008 | 6 | $1,129.77 | $6,778.62 |
| 1/1/2009 | 3/22/2010 | 15 | $1,107.31 | $16,609.65 |

**LATE CHARGE INFORMATION**

| FROM | THRU | NO. LATE CHARGES | TOTAL |
|------|------|------------------|-------|
| 1/1/2008 | 4/30/2008 | 4 | $183.68 |
| 5/1/2008 | 6/30/2008 | 2 | $91.84 |
| 7/1/2008 | 12/31/2008 | 6 | $256.98 |
| 1/1/2009 | 3/22/2010 | 15 | $625.65 |

**PROMISSORY NOTE INFORMATION**

| | |
|---|---|
| Note Dated: | 11/1/1999 |
| Note Amount: | $100,000.00 |
| Interest Paid To: | 12/1/2007 |
| Next Due Date: | 1/1/2008 |

IV.     The amount to cure defaulted payments as of the date of this notice is $46,410.13. Payments and late charges may continue to accrue and additional advances to your loan may be made, it is necessary to contact the beneficiary prior to the time you tender the reinstatement amount so that you may be advised of the exact amount you would be required to pay.

As of the dated date of this document the required amount to payoff the obligation secured by the Deed of Trust is: $129,681.25 (note: due to interest, late charges and other charges that may vary after the date of this notice, the amount due for actual loan payoff may be greater).

The principal sum of $90,408.01, together with interest as provided in the Note from the 1/1/2008, and such other costs and fees are as provided by statute.

V.     The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 6/25/2010. The defaults referred to in Paragraph III must be cured by 6/14/2010, (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before 6/14/2010 (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashier's or certified checks from a State or federally chartered bank. The sale may be terminated any time after the 6/14/2010 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI.     A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

| NAME | ADDRESS |
|------|---------|
| LINDA C. NICHOLLS, AN UNMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY | 12002 4TH AVENUE SOUTHWEST SEATTLE, WA 98146 |
| Linda C. Nicholls | 12002 4TH AVENUE SOUTHWEST |



4

SEATTLE, WA 98146

by both first class and certified mail on 2/17/2010, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

## NOTICE OF FORECLOSURE
### Pursuant to the Revised Code of Washington,
### Chapter 61.24 RCW

T.S. Number: WA-133027-C          Loan Number: 7431815315

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to **RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC**, the Beneficiary of your Deed of Trust and owner of the obligation secured thereby.  Unless the default(s) is/are cured, your property will be sold at auction on 6/25/2010.

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney's fees as set forth below by 6/14/2010 *(11 days before the sale date)*.  To date, these arrears and costs are as follows:

|  | Currently due to reinstate on: 3/22/2010 | Estimated amount that will be due to reinstate on: 6/14/2010 (11 days before the date set for sale.) |
|---|---|---|
| Delinquent Monthly payments from 1/1/2008 in the amount of $1,148.76 : | $30,366.49 | $33,688.42 |
| Late charges in the total amount of: | $1,158.15 | $1,241.57 |
| Advances: | $11,212.26 | $11,212.26 |
| Trustee's Fee: | $675.00 | $675.00 |
| Title Report: | $644.05 | $644.05 |
| Recording Fees: | $152.00 | $152.00 |
| Service/Posting of Notices: | $250.00 | $250.00 |
| Postage/Copying Expense: | $281.56 | $281.56 |
| Publication: | $1,520.62 | $1,520.62 |
| Postponements: | $150.00 | $150.00 |
| Miscellaneous Fees: | $0.00 | $0.00 |
| TOTALS: | $46,410.13 | $49,815.48 |

To pay off the entire obligation secured by your Deed of Trust as of **Monday, March 22, 2010**, you must pay a total of **$90,408.01** in principal, **$23,229.60** in interest, plus other costs and advances estimated to date in the amount of **$16,043.64**. From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default.  Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust.  Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

Description of Action Required to Cure and Documentation Necessary to Show Cure:
**Installment of Principal and Interest plus impounds and/or advances which became due on 01/01/08 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**



1
2232700487

T.S. Number: WA-133027-C    Loan Number: 7431815315

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including the 6/14/2010 (11 days before the sale date), by paying the amount set forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to pay off the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay. Tender of payment, in the form of cash, or cashier's check or certified checks from federally or State chartered banks, or performance must be made to:

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**C/O Executive Trustee Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, California 91504-3120**
**(818) 260-1600 phone**

AFTER 6/14/2010, YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance $90,408.01 plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above. **The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request.**

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense. The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served upon the trustee at:

    FIRST AMERICAN TITLE INSURANCE COMPANY
    1111 Main St., #200
    Vancouver, WA 98660
    Phone No: 714-730-2727

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold to satisfy the obligations secured by your Deed of Trust. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property.

Dated: 3/22/2010
FIRST AMERICAN TITLE INSURANCE COMPANY

Diana Khalilian, ASSISTANT SECRETARY

2

# **Exhibit 2**

*March, 2010 Notice of Trustee's Sale Filed with King County Recorder*

Declaration of Duncan K. Robertson -  Exhibit

**Electronically Recorded**
**20100323000378**

SIMPLIFILE                                                    NTS   66.00
Page 001 of 005
03/23/2010 11:51
King County, WA

AND WHEN RECORDED MAIL TO:

Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

(818) 260-1600

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Loan No: 7431815315 APN: 072304-9322/072304932204                TS No: WA-133027-C

## NOTICE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 ET. SEQ.

I.    NOTICE IS HEREBY GIVEN that FIRST AMERICAN TITLE INSURANCE COMPANY, the undersigned Trustee will on 6/25/2010, at 10:00 AM at At the 4th Ave entrance to the King County Administration Building, 500 4th Avenue, Seattle, Washington sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

THAT PORTION OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 23 NORTH, RANGE 4 EAST OF THE WILLAMETTE MERIDIAN, RECORDS OF KING COUNTY, WASHINGTON. DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT ON THE EAST LINE OF 4TH AVENUE SOUTHWEST WHICH IS 384.61 FEET NORTH OF THE NORTH LINE OF SOUTHWEST 122ND STREET;
THENCE EAST PARALLEL WITH THE NORTH LINE OF SOUTHWEST 122ND STREET, 260.15 FEET;
THENCE SOUTH PARALLEL WITH THE EAST LINE OF 4TH AVENUE SOUTHWEST 64.16 FEET;
THENCE WEST PARALLEL WITH THE NORTH LINE OF SOUTHWEST 122ND STREET, 260.16 FEET TO THE EAST LINE OF 4TH AVENUE SOUTHWEST;
THENCE NORTH ALONG SAID EAST LINE 64.16 FEET TO THE POINT OF BEGINNING.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Commonly known as:
12002 4TH AVENUE SOUTHWEST
SEATTLE, WA 98146

which is subject to that certain Deed of Trust dated 11/1/1999, recorded 11/15/1999, under Auditor's File No. 19991115001505, in Book , Page  records of King County, Washington, from LINDA C. NICHOLLS, AN UNMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as Grantor(s), to N.P.



FINANCIAL CORPORATION, A CALIFORNIA CORPORATION, as Trustee, to secure an obligation in favor of OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE, as Beneficiary, the beneficial interest in which was assigned by OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE to RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC.

H.    No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust/Mortgage.

2

Loan No: 7431815315                                  T.S. No.: WA-133027-C

III.      The default(s) for which this foreclosure is made is/are as follows:

Failure to pay when due the following amounts which are now in arrears:

**PAYMENT INFORMATION**

| FROM | THRU | NO.PMT | AMOUNT | TOTAL |
|------|------|--------|--------|-------|
| 1/1/2008 | 4/30/2008 | 4 | $1,148.76 | $4,595.04 |
| 5/1/2008 | 6/30/2008 | 2 | $1,191.59 | $2,383.18 |
| 7/1/2008 | 12/31/2008 | 6 | $1,129.77 | $6,778.62 |
| 1/1/2009 | 3/22/2010 | 15 | $1,107.31 | $16,609.65 |

**LATE CHARGE INFORMATION**

| FROM | THRU | NO. LATE CHARGES | TOTAL |
|------|------|------------------|-------|
| 1/1/2008 | 4/30/2008 | 4 | $183.68 |
| 5/1/2008 | 6/30/2008 | 2 | $91.84 |
| 7/1/2008 | 12/31/2008 | 6 | $256.98 |
| 1/1/2009 | 3/22/2010 | 15 | $625.65 |

**PROMISSORY NOTE INFORMATION**

| | |
|--|--|
| Note Dated: | 11/1/1999 |
| Note Amount: | $100,000.00 |
| Interest Paid To: | 12/1/2007 |
| Next Due Date: | 1/1/2008 |

IV.      The amount to cure defaulted payments as of the date of this notice is $46,410.13. Payments and late charges may continue to accrue and additional advances to your loan may be made, it is necessary to contact the beneficiary prior to the time you tender the reinstatement amount so that you may be advised of the exact amount you would be required to pay.

        As of the dated date of this document the required amount to payoff the obligation secured by the Deed of Trust is: $129,681.25 (note: due to interest, late charges and other charges that may vary after the date of this notice, the amount due for actual loan payoff may be greater).

        The principal sum of $90,408.01, together with interest as provided in the Note from the 1/1/2008, and such other costs and fees as are provided by statute.

V.       The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 6/25/2010. The defaults referred to in Paragraph III must be cured by 6/14/2010 (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before 6/14/2010 (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashier's or certified checks from a State or federally chartered bank. The sale may be terminated any time after the 6/14/2010 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI.      A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

**NAME**                                              **ADDRESS**
LINDA C. NICHOLLS, AN UNMARRIED        12002 4TH AVENUE SOUTHWEST
WOMAN AS HER SOLE AND SEPARATE         SEATTLE, WA 98146
PROPERTY

Linda C. Nicholls                                    12002 4TH AVENUE SOUTHWEST

3

SEATTLE, WA 98146

by both first class and certified mail on 2/17/2010, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

4

Loan No: 7431815315                          T.S. No.: WA-133027-C

VII.    The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.    The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

IX.    Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.    NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale the purchaser has the right to evict occupants and tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DATED:  3/22/2010

FIRST AMERICAN TITLE INSURANCE COMPANY
1111 Main St., #200
Vancouver, WA. 98660
Sale Line:  714-730-2727

_____
Diana Kilislian
Authorized Signatory

State of California       ) ss.
County of Los Angeles  )

On 3/22/2010, before me, Dee C. Ortega, a Notary personally appeared Diana Kilislian who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
        Dee C. Ortega

DEE C. ORTEGA
Commission # 1672751
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2010

**5**

# **Exhibit 3**

*Declaration of Helmut Kah with Exhibits*

Declaration of Duncan K. Robertson -  Exhibit

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUNCAN K. ROBERTSON,

              Plaintiff,

    v.

GMAC MORTGAGE, LLC,

              Defendant.

CASE NO. C12-2017 MJP

DECLARATION OF
HELMUT KAH
AUTHENTICATING
PLAINTIFF'S EXHIBIT 3-2

Helmut Kah declares:

1.     I am over the age of 18, competent to testify, and have personal knowledge of the facts stated herein.

2.     Attached is a series of emails between representatives of First American Title Insurance Company and the undersigned, Helmut Kah, in June 2010.

3.     The attached emails are true and complete copies of the originals.

I declare under penalty of perjury that the above statements are true and correct.

SIGNED on February 11, 2013, at Woodinville, King County, Washington.

Helmut Kah, Declarant
Member of WSBA, Bar No. 18541

DECLARATION OF HELMUT KAH RE PLAINTIFF'S
EXHIBIT 3-2    **Page 1**

**Helmut Kah**

| | |
|---|---|
| **From:** | De La Torre, Maria <mdelatorre@firstam.com> |
| **Sent:** | Tuesday, June 15, 2010 3:58 PM |
| **To:** | Yeranosian, Elizabeth - CA; Avila, Gina - CA |
| **Cc:** | helmut.kah@att.net |
| **Subject:** | Urgent- WA-133027-C//3627395 |
| **Attachments:** | 3627395.tif |

Hello,
Please see that attached correspondence received in our Seattle office back on October 9th, 2009. I show that this was forwarded to your office
To correspond with Helmut Kah.

It appears that as of today the sale is still set. Mr. Helmut has called the sales line and still shows an active sale set.

Please correspond and provide Mr. Kah something confirming you have cancelled sale.

The attached has all his contact information. Please keep us in the loop of the correspondence for our file.


Thank you,


**Maria De La Torre**
Title Officer
First American Title Insurance Company
National Default Title Services-TSG

 **First American**

3 First American Way, Sana Ana, CA 92707
Direct: (714) 250-4643
Fax: (714)800-7840
Email: Mdelatorre@firstam.com

*********************************************************************************
*************
This message may contain confidential or proprietary information intended only for the use of the
addressee(s) named above or may contain information that is legally privileged. If you are
not the intended addressee, or the person responsible for delivering it to the inteneded addressee,
you are hereby notified that reading, disseminating, distributing or copying this message is strictly
prohibited. If you have received this message by mistake, please immediately notify us by
replying to the message and delete the original message and any copies immediately thereafter.

Thank you.

**2**

## Helmut Kah

| | |
|---|---|
| **From:** | Helmut Kah <helmut.kah@att.net> |
| **Sent:** | Wednesday, June 16, 2010 12:41 PM |
| **To:** | 'De La Torre, Maria' |
| **Cc:** | Uncadunc1@aol.com; helmut.kah@att.net |
| **Subject:** | RE: Urgent- WA-133027-C//3627395 |

Dear Ms. De La Torre,

This email follows and confirms our telephone discussion of this morning. I informed you that I have not received confirmation that the trustee's sale scheduled for June 25, 2010 has been canceled. A call today to First American Title's phone number of 714-730-2727 which is listed on its March 22, 2010 Notice of Trustee Sale and Notice of Foreclosure states that the trustee's sale is still scheduled for June 25, 2010.

It is First American Title's duty to cancel the trustee's sale. Why is First American Title depending on Executive Trustee Services (ETS) to decide whether to correct this problem? The Notice of Foreclosure and Notice of Trustee's Sale were issued under the name and authority of First American Title Insurance Company. ETS is not the trustee.

Is ETS performing all trustee functions and making all decisions that are by law the province of the trustee? ETS is not a trustee and is not qualified to act as a trustee under Washington deeds of trust.

Has First American Title Insurance Company given ETS carte blanche to do whatever ETS deems expedient, regardless of authority, merit, or lawfulness? What I see in this matter is an unconscionable violation of the state of Washington Deed of Trust Act and a variety of criminal statutes, including state and federal RICO. Your and ETS' activities are being conducted in interstate commerce. Every federal law applicable to what First American Title and ETS are doing in these matters may come to bear.

Frankly, what ETS and First American Title are doing in this case is likely only the tip of the proverbial iceberg. How many thousands of other state of Washington properties have been illegally foreclosed under the scheme operated by ETS, of which this matter is only one example?

Mr. Robertson's damages are mounting by the minute.

Because First American Title Insurance Company is the trustee who issued the March 22, 2010 Notice of Foreclosure and Notice of Trustee's Sale, it is First American's obligation to cancel/discontinue the June 25, 2010 trustee sale and rescind the March 22, 2010 notices of foreclosure and of trustee's sale.

If ETS issued the March 22, 2010 Notice of Foreclosure and Notice of Trustee's Sale without authority from First American Title Insurance Company, please so notify me in writing by email by 3:00 p.m. today and, preferably, on First American Title Insurance Company's letterhead which you can send to me in PDF format as an email attachment.

Please notify me not later than 3:00 p.m. today in writing by fax or email that the sale is canceled and that the notices regarding this sale are rescinded.

1

**3**

Helmut Kah
Attorney for Duncan Robertson

**Helmut Kah, Attorney at Law**
**16818 140th Avenue N.E.**
**Woodinville, WA 98072-9001**

Telephone: 425-949-8357
Facsimile: 425-949-4679
Cellular: 206-234-7798
Email: helmut.kah@att.net.

This information in this electronic message may be confidential or privileged. It is intended solely for the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic message is prohibited. If you have received this electronic transmission in error, please notify Helmut Kah by telephone at 425-949-8357 or reply to this e-mail at helmut.kah@att.net immediately. Thank You.

4

## Helmut Kah

| | |
|---|---|
| **From:** | De La Torre, Maria <mdelatorre@firstam.com> |
| **Sent:** | Wednesday, June 16, 2010 2:46 PM |
| **To:** | Helmut Kah |
| **Cc:** | De La Torre, Maria; Fitton, Donna - CA; Leppo, Adam - CA; Jeffers, Jerry |
| **Subject:** | RE: Urgent- WA-133027-C//3627395 |
| **Attachments:** | discNOS.tif |

Hello Helmut,

Attached please find a copy of the two notices of discontinuance on the property.
These notices are expected to record tomorrow. I will email you tomorrow to provide you a
recorded copy.

Thanks,

Maria De La Torre

**From:** Helmut Kah [mailto:helmut.kah@att.net]
**Sent:** Wednesday, June 16, 2010 12:41 PM
**To:** De La Torre, Maria
**Cc:** Uncadunc1@aol.com; helmut.kah@att.net
**Subject:** RE: Urgent- WA-133027-C//3627395

Dear Ms. De La Torre,

This email follows and confirms our telephone discussion of this morning. I informed you that I have not
received confirmation that the trustee's sale scheduled for June 25, 2010 has been canceled. A call
today to First American Title's phone number of 714-730-2727 which is listed on its March 22, 2010
Notice of Trustee Sale and Notice of Foreclosure states that the trustee's sale is still scheduled for June
25, 2010.

It is First American Title's duty to cancel the trustee's sale. Why is First American Title depending on
Executive Trustee Services (ETS) to decide whether to correct this problem? The Notice of Foreclosure
and Notice of Trustee's Sale were issued under the name and authority of First American Title Insurance
Company. ETS is not the trustee.

Is ETS performing all trustee functions and making all decisions that are by law the province of the
trustee? ETS is not a trustee and is not qualified to act as a trustee under Washington deeds of trust.

Has First American Title Insurance Company given ETS carte blanche to do whatever ETS deems
expedient, regardless of authority, merit, or lawfulness? What I see in this matter is an unconscionable
violation of the state of Washington Deed of Trust Act and a variety of criminal statutes, including state
and federal RICO. Your and ETS' activities are being conducted in interstate commerce. Every federal law
applicable to what First American Title and ETS are doing in these matters may come to bear.

Frankly, what ETS and First American Title are doing in this case is likely only the tip of the proverbial
iceberg. How many thousands of other state of Washington properties have been illegally foreclosed
under the scheme operated by ETS, of which this matter is only one example?

1



Mr. Robertson's damages are mounting by the minute.

Because First American Title Insurance Company is the trustee who issued the March 22, 2010 Notice of Foreclosure and Notice of Trustee's Sale, it is First American's obligation to cancel/discontinue the June 25, 2010 trustee sale and rescind the March 22, 2010 notices of foreclosure and of trustee's sale.

If ETS issued the March 22, 2010 Notice of Foreclosure and Notice of Trustee's Sale without authority from First American Title Insurance Company, please so notify me in writing by email by 3:00 p.m. today and, preferably, on First American Title Insurance Company's letterhead which you can send to me in PDF format as an email attachment.

Please notify me not later than 3:00 p.m. today in writing by fax or email that the sale is canceled and that the notices regarding this sale are rescinded.

Helmut Kah
Attorney for Duncan Robertson

**Helmut Kah, Attorney at Law**
**16818 140th Avenue N.E.**
**Woodinville, WA 98072-9001**

Telephone:   425-949-8357
Facsimile:   425-949-4679
Cellular:    206-234-7798
Email:       helmut.kah@att.net.

This information in this electronic message may be confidential or privileged. It is intended solely for the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic message is prohibited. If you have received this electronic transmission in error, please notify Helmut Kah by telephone at 425-949-8357 or reply to this e-mail at helmut.kah@att.net immediately. Thank You.

*6*

## Helmut Kah

| | |
|---|---|
| **From:** | Helmut Kah <helmut.kah@att.net> |
| **Sent:** | Thursday, June 17, 2010 12:58 PM |
| **To:** | 'De La Torre, Maria' |
| **Cc:** | 'Uncadunc1@aol.com' |
| **Subject:** | RE: Urgent- WA-133027-C//3627395 |

Dear Ms. De La Torre,

Thank you for your attention to this pressing matter. I look forward to receiving the recorded copy of the two notices of discontinuance.

My letter of October 2009 asks questions, which remain unanswered. Would you please have someone who has the requested information respond to my inquiries?

If you can answer, please inform me whether Executive Trustee Services issued the March 2010 notices of foreclosure and trustee's sale without authority from First American Title Insurance Company. I have the same question as to the January 2009 notices of foreclosure and trustee's sale. Who, i.e. which person, firm, or entity controls and directs Executive Trustee Service's activities?

Helmut Kah

**Helmut Kah, Attorney at Law**
**16818 140th Avenue N.E.**
**Woodinville, WA 98072-9001**

| | |
|---|---|
| Telephone: | 425-949-8357 |
| Facsimile: | 425-949-4679 |
| Cellular: | 206-234-7798 |
| Email: | helmut.kah@att.net. |

This information in this electronic message may be confidential or privileged. It is intended solely for the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic message is prohibited. If you have received this electronic transmission in error, please notify Helmut Kah by telephone at 425-949-8357 or reply to this e-mail at helmut.kah@att.net immediately. Thank You.

**From:** De La Torre, Maria [mailto:mdelatorre@firstam.com]
**Sent:** Wednesday, June 16, 2010 2:46 PM
**To:** Helmut Kah
**Cc:** De La Torre, Maria; Fitton, Donna - CA; Leppo, Adam - CA; Jeffers, Jerry
**Subject:** RE: Urgent- WA-133027-C//3627395

Hello Helmut,

Attached please find a copy of the two notices of discontinuance on the property.
These notices are expected to record tomorrow. I will email you tomorrow to provide you a recorded copy.

Thanks,

Maria De La Torre

1



## Helmut Kah

| | |
|---|---|
| **From:** | Yeager, Luis <LYeager@firstam.com> |
| **Sent:** | Thursday, June 17, 2010 4:01 PM |
| **To:** | helmut.kah@att.net |
| **Subject:** | FW: ETS ***ESCELATED ISSUE***RE: Urgent- WA-133027-C//3627395 |
| **Attachments:** | image001.gif |

Good afternoon,

First American was authorized as record trustee by Bank One N.A, the then record beneficiary, to record the Notice of Trustee's Sale on January 12, 2009 (Instrument No. 20090112001130). As you may know, the scheduled sale was subsequently postponed. On February 17, 2010 (Instrument No. 20100217000758), an Appointment of Successor Trustee was recorded appointing LSI Title Agency, Inc. as successor trustee. The execution and recording of said Appointment of Successor Trustee effectively terminated First American's involvement on the property. Any further questions should be directed to LSI Title Agency, Inc. as they appear to be the record trustee.

Sincerely,

Luis Yeager


**Luis M. Yeager**
Executive Vice President
Chief Operating Officer
First American Title Insurance Company
National Default Title Services

 *First American*

3 First American Way, Santa Ana, CA 92707
Direct: 714-250-3667
Mobile: 714-466-0458
Fax: 714-913-6509
Email: lyeager@firstam.com

## Helmut Kah

| | |
|---|---|
| **From:** | Helmut Kah <helmut.kah@att.net> |
| **Sent:** | Friday, June 18, 2010 5:14 PM |
| **To:** | 'De La Torre, Maria' |
| **Cc:** | 'Uncadunc1@aol.com' |
| **Subject:** | RE: Urgent- WA-133027-C//3627395 |

Dear Ms. De La Torre,

Your email states that you email me a copy of the two notices of discontinuance yesterday. I have not received them.

As of 5:10 p.m. today, the message on the sales line at 714-730-2727 for T.S. No. WA-133027-C has not been updated to reflect that the June 25, 2010 sale has been canceled/discontinued.

Helmut Kah
Attorney for Duncan Robertson

**Helmut Kah, Attorney at Law**
**16818 140th Avenue N.E.**
**Woodinville, WA 98072-9001**

Telephone: 425-949-8357
Facsimile: 425-949-4679
Cellular: 206-234-7798
Email: helmut.kah@att.net.

This information in this electronic message may be confidential or privileged. It is intended solely for the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic message is prohibited. If you have received this electronic transmission in error, please notify Helmut Kah by telephone at 425-949-8357 or reply to this e-mail at helmut.kah@att.net immediately. Thank You.

**From:** De La Torre, Maria [mailto:mdelatorre@firstam.com]
**Sent:** Wednesday, June 16, 2010 2:46 PM
**To:** Helmut Kah
**Cc:** De La Torre, Maria; Fitton, Donna - CA; Leppo, Adam - CA; Jeffers, Jerry
**Subject:** RE: Urgent- WA-133027-C//3627395

Hello Helmut,

Attached please find a copy of the two notices of discontinuance on the property.
These notices are expected to record tomorrow. I will email you tomorrow to provide you a recorded copy.

Thanks,

Maria De La Torre

## Helmut Kah

| | |
|---|---|
| **From:** | De La Torre, Maria <mdelatorre@firstam.com> |
| **Sent:** | Monday, June 21, 2010 8:33 AM |
| **To:** | Helmut Kah |
| **Cc:** | De La Torre, Maria; Hutchins, Victor |
| **Subject:** | RE: Urgent- WA-133027-C//3627395 |
| **Attachments:** | image001.jpg; 362739555.pdf; ATT00083.txt |

Helmut,

Attached please find the recorded notices of discontinuances.


Thank you,

Maria De La Torre

**From:** Helmut Kah [mailto:helmut.kah@att.net]
**Sent:** Friday, June 18, 2010 5:14 PM
**To:** De La Torre, Maria
**Cc:** Uncadunc1@aol.com
**Subject:** RE: Urgent- WA-133027-C//3627395

Dear Ms. De La Torre,

Your email states that you email me a copy of the two notices of discontinuance yesterday. I have not received them.

As of 5:10 p.m. today, the message on the sales line at 714-730-2727 for T.S. No. WA-133027-C has not been updated to reflect that the June 25, 2010 sale has been canceled/discontinued.

Helmut Kah
Attorney for Duncan Robertson

**Helmut Kah, Attorney at Law**
**16818 140th Avenue N.E.**
**Woodinville, WA 98072-9001**

    Telephone:  425-949-8357
    Facsimile:   425-949-4679
    Cellular:     206-234-7798
    Email:        helmut.kah@att.net.

This information in this electronic message may be confidential or privileged. It is intended solely for the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic message is prohibited. If you have received this electronic transmission in error, please notify Helmut Kah by telephone at 425-949-8357 or reply to this e-mail at helmut.kah@att.net immediately. Thank You.

# **Exhibit 4**

*a.*    *Letter from Insurance Commissioner affirming Complaint re LSI*

*b.*    *Press Release from Insurance Commission re LSI*

Declaration of Duncan K. Robertson -  Exhibit

STATE OF WASHINGTON



**OFFICE OF**
## INSURANCE COMMISSIONER

May 20, 2011

Duncan Robertson
3520 SE Harold Court
Portland, OR 97202
uncadunc1@aol.com

Re:    OIC Case No. 1048121

Dear Mr. Robertson:

The Office of the Insurance Commissioner (OIC) has concluded its investigation regarding the complaint you filed against LSI Title Agency, Inc.  Based on a review of the facts and evidence obtained during this investigation, it appears that LSI Title Agency, Inc. did violate one or more provisions of Washington's insurance code.  As such, this matter will be reviewed by an OIC attorney in the Legal Affairs Division for possible disciplinary action.

Thank you for your cooperation during the course of this investigation and for bringing this matter to our attention.  We are pleased to have been of service to you.

In addition, the OIC is constantly striving to improve the quality of our service and assistance to consumers.  We value your opinion and would appreciate you completing a brief consumer survey online at: www.sesrc.wsu.edu/PugetSound/OICprotectionsurvey.

Again, thank you for contacting the OIC with your concerns.

Sincerely,

Mark W. Durphy, CFE, CIG, CIGI
Investigations Manager
Legal Affairs Division

File

1 (a)

## News Release

**Mike Kreidler**
**Washington Insurance Commissioner**
**Website:**

**For more information, contact:**
**Public Affairs: 360-725-7055**
**Office of the Insurance Commissioner**

**12-1**

**Jan. 5, 2012**

## Kreidler fines insurers, agents for violations

OLYMPIA, Wash. – Insurance Commissioner Mike Kreidler has fined three insurers and disciplined more than a dozen insurance agents for violations including false statements and failing to promptly investigate claims.

"Insurance can be complex, and it's important for insurers and agents to play by the rules," said Kreidler. "If consumers have an insurance problem, question or complaint, I'd encourage them to contact my office and we'll do our best to help."

Kreidler's consumer protection staff can be reached at 1-800-562-6900 or at . Consumers can also look up information on an agent or company or file a complaint 24/7 at the Office of the Insurance Commissioner website: .

From September through mid-December, Kreidler fined several insurance companies:

  \* \* \*

- LSI Title Agency, Inc.: Fined $500 for failing to maintain a place of business accessible to the public in Washington.


Full article viewable at http://www.insurance.wa.gov/news/2012/1-05-2012.shtml

2 (b)