# DESIGNATION OF THE CONTENTS TO BE INCLUDED IN THE RECORD ON APPEAL FOR FRANCINE SILVER - CASE # 12-12020 (MG) RESIDENTIAL CAPITAL, LLC ET AL.

Francine Silver hereby respectfully submits this Designation of Record on Appeal of the order denying claim 61, and requests that the following items be contained in the record of this appeal:

Docket #8788 – Memorandum, opinion and order sustaining objection.

Docket # 8725 - The letter to the Judge regarding disciplinary action

Docket #8722 - The Letter to the Judge in Support of Francine Silver

Docket #8552 - The Letter to Judge Glenn by Francine Silver

Docket # 8525 - The Response RE: Notice of limited evidentiary hearing

Docket # 8508 - The Response filed by Francine Silver

Docket #8319 - The Notice of limited evidentiary hearing

Docket #8192 – Notice of Perjury

Docket # 8167 and Docket # 8165 – The reply in support of opposition

Docket #8114 – Response by Francine Silver to the Objection

Docket #8019 – Objection to Francine Silver's claim

Docket #6818 – Order denying motion to reconsider

Docket #6774 – Motion to reconsider the order denying payment

Docket #6705 – Order denying motion for payment

Docket #6690 – Notice of motion for payment

Docket #6639 – Pro-se motion for payment of claim

Please also include Francine Silver's proof of claim for claim #61 and the Confirmed Plan as well as any related documents or exhibits.

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Respectfully,

*Francine Silver* (signature)

Francine Silver



RECEIVED JUL 16 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

## STATEMENT OF ISSUES RAISED BY FRANCINE SILVER.

1. Judge Glenn should have disqualified himself due to his previous relationship with former Judge Peck who helped mediate the settlement plan before joining the law firm of the Debtor's while the case is still active and thereby bringing Judge Glenn's impartiality into question for this and other resons?

2. The claim should have already been paid and the Objection was made in direct violation of Article VIII and the Controlling Language of the plan.

3. The definition of "Allowed Claim" is an issue.

4. When allowed claims should be paid is an issue.

5. Does the Doctrine of Promissory estoppel apply to Appellant?

6. May the Judges refuse to accept additional evidence in response to testimony at the limited evidentiary hearing?

7. Was the Keeley testimony believable and could a valid assignment really have occurred?

8. Why was default Judgment not granted when Debtors failed to respond to the motion for payment?

9. Does failing to respond to the appellant motion for payment mean the arguments were conceded to?

10. Did Appellant receive Due Process?

11. The objection was full of factual inaccuracies and misinformation.

12. The proof of claim constituted prima facie evidence of the validity and amount of the claim and no believable evidence to an impartial party was presented to counter it,

13. All elements of the claim were supported by factual, believable evidence and supporting documentation.

Respectfully,

*Francine Silver*

Francine Silver