**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S**
**MOTION FOR PARTIAL RECONSIDERATION**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") motion for partial reconsideration (the "Motion," ECF Doc. # 8574) of the Court's Opinion and Order (the "Opinion," ECF Doc. # 8516) sustaining in part and overruling in part the Trust's objection to Claim Number 3862 (the "Claim") filed by Rhonda Gosselin ("Gosselin"). The Trust requests that the Court reconsider its ruling overruling the Trust's Objection to Gosselin's wrongful foreclosure cause of action on the basis that such ruling relied on a mischaracterized allegation, which allegedly amounts to a clear error of law and fact. For the reasons explained below, the Motion is **GRANTED** and the Trust's Objection to Gosselin's wrongful foreclosure cause of action is **SUSTAINED**. This Order does not affect Gosselin's other remaining causes of action, including her claim for violation of chapter 93A of the Massachusetts General Laws ("Chapter 93A") and her claim for violation of the Massachusetts Consumer Credit Cost Disclosure Act (the "MCCCDA").

## I. BACKGROUND

The Trust's objection to the Claim was included in the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection,"

ECF Doc. # 7552).[1] Gosselin filed an opposition to the Objection (the "Opposition," ECF Doc. # 7652), and the Trust filed a reply (the "Reply," ECF Doc. # 7842).[2] The Court held a hearing on the Objection on January 14, 2015 (the "Hearing"); Gosselin's counsel did not appear at the Hearing.[3] On April 21, 2015, the Court issued the Opinion sustaining in part and overruling in part the Trust's Objection. As relevant to this Motion, the Court overruled the Trust's Objection to Gosselin's wrongful foreclosure claim, finding: (i) Gosselin alleged that Debtor GMAC Mortgage, LLC ("GMACM"), as servicer for the Federal National Mortgage Association ("Fannie Mae"), commenced a foreclosure proceeding against her in October 2007 (*see* Op. at 19 (citing Horst Supp. Ex. A ¶ 18)); (ii) Gosselin alleged that GMACM lacked standing to commence foreclosure proceedings in October 2007 because Fannie Mae had not been validly assigned her mortgage at that time (*see id.* at 18 (citing Horst Supp. Ex. A ¶ 21); and (iii) the Trust did not submit evidence of the mortgage assignments sufficient to rebut Gosselin's allegation that GMACM lacked standing to foreclose on her loan in October 2007 (*see id.* at 19–20).

On May 6, 2015, the Trust filed the Motion seeking reconsideration of the Opinion "solely as to the overruling of the Objection to Ms. Gosselin's claim for wrongful foreclosure without prejudice." (Motion ¶ 8.) The Trust contends that this ruling was based on a mischaracterization of Gosselin's allegations in the complaint attached to her proof of claim. (Motion ¶ 2.) According to the Trust, Gosselin's argument that GMACM lacked standing to

---

[1] The Objection was supported by the declarations of Deanna Horst (the "Horst Decl.," ECF Doc. # 7552-3) and Norman S. Rosenbaum (the "Rosenbaum Decl.," ECF Doc. # 7552-4).

[2] The Reply was supported by the supplemental declaration of Deanna Horst (the "Horst Supp.," ECF Doc. # 7842-1).

[3] After the Hearing, the Court filed a supplemental declaration at the Court's direction. (*See* ECF Doc. # 8007.) The Court entered an order permitting Gosselin to respond to this supplemental filing (*see* ECF Doc. # 8112); however, Gosselin did not submit a response.

2

foreclose rests entirely on her allegation that GMACM initiated a proceeding in the Massachusetts Land Court Department of the Trial Court (the "Land Court") in October 2007 (*see id.* (citing Horst Supp. Ex. A at 18)), before Gosselin's mortgage was assigned to Fannie Mae in June 2008 (*see id.* ¶ 14 (citing Opp. ¶ 5)). The Trust asserts that the Land Court proceeding is not equivalent to a foreclosure proceeding, and therefore the "allegation that the Debtors initiated such a proceeding cannot form the basis for a wrongful foreclosure claim." (*Id.* ¶ 2.) Therefore, the Trust argues, the Court's mischaracterization of the Land Court proceeding as a foreclosure proceeding "amounted to a clear error of law and fact and warrants reconsideration of its decision to overrule the objection as to Ms. Gosselin's wrongful foreclosure cause of action." (*Id.*) The Court agrees. Accordingly, for the reasons set forth below, the Trust's Motion is **GRANTED** and the Objection to Gosselin's wrongful foreclosure claim is **SUSTAINED**.

## II.    DISCUSSION

The standard applicable to a motion for reargument or reconsideration is identical to that applicable to a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014) (citations omitted). Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later than 14 days after entry of judgment.*" FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after

3

> the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

S.D.N.Y. LBR 9023-1(a).[4] Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which governs the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANK. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)).

The Trust's Motion was filed fifteen days after the Court entered the Opinion and is therefore not timely under Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). Because the Trust failed to comply with the strict filing rules of Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a), it cannot obtain relief under Bankruptcy Rule 9023. *See, e.g.*, *In re Residential Capital, LLC*, Case No. 12-12020 (MG), 2015 WL 1598090, at *6 (Bankr. S.D.N.Y. Apr. 9, 2015) (denying relief under Bankruptcy Rule 9023 where motion not timely filed); *In re Residential Capital, LLC*, 528 B.R. 570, 573 (Bankr. S.D.N.Y. 2014) (same). However, "[t]he Court has authority under [FRCP] 54(b), as well as the inherent power of the court, to reconsider

---

[4] Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* S.D.N.Y. LBR 9023-1 cmt.

4

a prior decision at any time before the entry of final judgment." *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997) (citing *Dictograph Prods. Co. v. Sonotone Corp.*, 230 F.2d 131, 134–35 (2d Cir. 1956) (Hand, J.)); *see* FED. R. CIV. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); FED. R. BANKR. P. 9014 (providing that Bankruptcy Rule 7054, which makes FRCP 54(b) applicable in adversary proceedings, applies to contested matters).

The Court concludes that partial reconsideration of the Opinion is warranted because the Trust has identified "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (holding that decisions may not typically be reconsidered under FRCP 54(b) "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice'" (quoting *Virgin*, 956 F.2d at 1255)); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations omitted). Specifically, the Trust has demonstrated that the Court erred in characterizing the October 2007 commencement of a Land Court proceeding as a foreclosure proceeding.

The Servicemembers Civil Relief Act (the "Servicemembers Act"), 50 U.S.C. app. §§ 501 *et seq.*, "restricts foreclosures against active duty members of the uniformed services." *Akar v. Fed. Nat'l Mortg. Ass'n*, 845 F. Supp. 2d 381, 396 (D. Mass. 2012) (quoting *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40, 47 (Mass. 2011)). Under Massachusetts law, "a mortgage holder is required to go to court to obtain a judgment declaring that the mortgagor is not a beneficiary of the Servicemembers Act *before proceeding to foreclosure*." *Ibanez*, 941 N.E.2d at 47 (emphasis added) (citation omitted). "[A]ctions taken to comply with the [Servicemembers Act] . . . are not in themselves mortgage foreclosure proceedings in any ordinary sense. Rather they occur independently of the actual foreclosure itself and of any judicial proceedings determinative of the general validity of the foreclosure." *Beaton v. Land Ct.*, 326 N.E.2d 302, 305 (Mass. 1975). Foreclosure proceedings are therefore not commenced upon the filing of a Land Court action. *Akar*, 845 F. Supp. 2d at 396.

Because the Land Court action did not commence a foreclosure proceeding under Massachusetts law, Gosselin's allegation that GMACM filed the Land Court action at a time when it lacked standing to foreclose cannot form the basis of her wrongful foreclosure cause of action. *See id.* at 396–97 ("Accordingly, the Land Court action did not mark the commencement of foreclosure proceedings, and the fact that [the mortgagee] did not obtain a valid assignment of [the mortgagor's] mortgage until September 2009, five months after the Land Court action was filed, does not render the foreclosure sale unlawful."). Additionally, since Gosselin does not otherwise allege that GMACM initiated foreclosure proceedings before her Mortgage was assigned to Fannie Mae in June 2008, she fails to state a claim for wrongful foreclosure.

### III.      CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Trust's Motion for partial reconsideration of the Opinion and **SUSTAINS** the Trust's Objection to Gosselin's wrongful foreclosure cause of action.  While Gosselin cannot proceed with her wrongful foreclosure claim, her Chapter 93A and MCCCDA claims survive.

The Trust's counsel shall confer with Gosselin's counsel within fourteen (14) days from the date of this Order to discuss possible settlement of Gosselin's remaining claims. Additionally, counsel shall confer regarding the scheduling of any discovery and an evidentiary hearing, as well as further briefing before trial.  Following such conference, counsel shall promptly file a status letter advising the Court of the proposed schedule.  The Trust's counsel shall also set this matter for a further status conference at the next available omnibus hearing date; Gosselin's counsel may participate in the conference by telephone.  The Court will enter a scheduling order following that conference.

**IT IS SO ORDERED.**

Dated: August 5, 2015
       New York, New York

                                        _____/s/Martin Glenn_____
                                            MARTIN GLENN
                                        United States Bankruptcy Judge