RECEIVED

AUG - 4 2015

U.S. BANKRUPTCY COURT, SDNY

1 | **Michael E. Boyd**
2 | **5439 Soquel Drive**
**Soquel, CA 95073**
3 | **Phone: (408) 891-9677**
**E-mail: michaelboyd@sbcglobal.net**
4 | ***In Pro Per***

5 | **UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

6
7 | In re:

8 | RESIDENTIAL CAPITAL, LLC, et al.,

9 | Debtors.

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

10

11 | **ANSWER IN OPPOSITION OF MICHAEL BOYD SECURED CLAIMANT**
12 | **# 960 TO RESCAP BORROWER CLAIMS TRUST'S EIGHTY-EIGHTH**
13 | **OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY**
14 | **BORROWER CLAIMS) (THE "OMNIBUS OBJECTION")**

15

16 | **Introduction**

17 | On behalf of and as Trustee to my living trust estate, the Michael Boyd and Patricia Paramoure
18 | Living Trust, Michael Boyd, respectfully files this Answer in Opposition to the *ResCap Borrower*
19 | *Claims Trust's Eighty-Eighth Omnibus Objection to Claims (No Liability Borrower Claims)* (the
20 | "*Omnibus Objection*"),  filed July 8, 2014. Claimant answers in opposition to the Omnibus
21 | Objection.

22 | **Answer to Objections, Opposition, and Arguments**

23 | Claimant answers in opposition to the Objection of Debtors for the disallowance of the claim on
24 | the basis of "*Res Judicata*" which again; is premature, in light of Claimant's newly filed
25 | Complaint of "Gross Negligence" and "Willful Misconduct" by both federal [US Treasury] and
26 | California state government defendants regarding Plaintiff's specific circumstances in concert
27 | with Debtor GMAC, filed July 29, 2015 in the US District Court Northern District of California
28 | (case 5:15-cv-03494-PSG). [See Attachment 1]

29

30 | **Request for Clarification**

31 | In the Court's June 10, 2015[Doc 8742] *Order Granting the Rescap Liquidating Trust's Motion to*
32 | *Further Extend the Date by which Objections to Claims Must Be Filed* (the "Motion," ECF Doc.

8618) appears to provide specific procedural guidance to Debtors' "before objecting to" claims…

"The Procedures Order also includes specific protections for Borrowers, [3][footnote omitted] and creates

a process for the Debtors (and now the Borrower Trust) to follow before objecting to certain

categories of Borrower Claims. [4][1]," Claimant requests further clarification of the meaning of this

statement from the Court. First did the Debtors' Eighty-Eighth Objections comply with the

Court's guidance regarding Claimant's claim in this regard, or not? If not what should the penalty

for non-compliance be? What protections are really in place for borrowers in this case?

Finally Claimant has repeatedly attempted to contact Debtors to serve a copy of his Summons and

Complaint and no one has provided the name of a person I can send a copy via certified mail as

required. Claimant respectfully asks the Court to provide further procedural guidance to Debtors

in this regarding his (case 5:15-cv-03494-PSG) if you are allowed to. [See Attachment 1]

### Conclusions and Requests for Relief

Wherefore, for the reasons presented, I respectfully request the court deny and overrule the

*ResCap Borrower Claims Trust's Eighty-Eighth Omnibus Objection to Claims (No Liability Borrower Claims) (the "Omnibus Objection")* filed July 8, 2014 as to Claim 960, and in the

alternative the Court grant Claimant's claim on the basis of the facts presented, or any other relief

the Court finds appropriate.

Also, I respectfully request the incorporation of requested additional Attachment 1 hereto.

My God Bless

/s/   Michael E. Boyd
Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net

DATED: July 30, 2015

---

[1] For example, the Borrower Claim Procedures require that before objecting to certain Borrower Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional documentation in support of the purported claim. (See Procedures Order at 4.)

1

2                              **Affidavit of Michael Boyd**

3  I affirm under penalty of perjury that the above is true and correct.  Executed on July 30, 2015 at

4  Soquel, California.

5

6  /s/    Michael E. Boyd

7  Michael E. Boyd
   5439 Soquel Drive
8  Soquel, CA 95073
   Phone: (408) 891-9677
9  E-mail: michaelboyd@sbcglobal.net

10  DATED: July 30, 2015

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

ANSWER IN OPPOSITION TO OMNIBUS OBJECTION
SECURED CLAIMANT#960

**ATTACHMENT 1**

ADR

1  Michael E. Boyd
2  5439 Soquel Drive
   Soquel, CA 95073
3  Phone: (408) 891-9677
   E-mail: michaelboyd@sbcglobal.net
4  In *Pro Per*

E-filing

Filed

JUL 29 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
                  SAN JOSE DIVISION

7  **MICHAEL E. BOYD,**                          Case No.:

8          **Plaintiff,**
                                                 **COMPLAINT OF GROSS
9          v.                                    NEGLIGENCE, WILLFUL
                                                 MISCONDUCT, 42 U.S.C. § 1983
10 **UNITED STATES  DEPARTMENT OF**              VIOLATIONS**
   **THE TREASURY,  JACK  LEW,**
11 **TREASURY SECRETARY**

12         **Defendants,**                                           PSG-

13 **"JERRY" BROWN, GOVERNOR OF**                                    HRL
   **CALIFORNIA, MICHAEL COHEN,**
14 **DIRECTOR OF FINANCE,  BETTY**
   **YEE, CONTROLLER, AND ATTORNEY**            CV  15  3494
15 **GENERAL KAMALA HARRIS, IN**
   **THEIR OFFICIAL CAPACITIES,**
16
17         **Defendants,**

18
19 **GMAC MORTGAGE LLC; MORTGAGE**
   **ELECTRONIC REGISTRATION**
20 **SYSTEMS, INC.; and DOES 1 to 100,**

21         **Defendants.**                       **JURY TRIAL DEMANDED**

22
23
24
25
26
27                                               Michael E. Boyd
                                                 5439 Soquel Drive
28                                               Soquel, CA 95073
                                                 Phone: (408) 891-9677
29                                               E-mail: michaelboyd@sbcglobal.net
                                                 *In Pro Per*
30
31 July 29, 2015
32

**Jurisdiction**

1.      The causes of action arise under the Federal Tort Claims Act (FTCA), the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988), and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the causes of action as they state claims which arise under California Civil Code sections 1708, 1714, 3333 and 3336; California Government Code sections 815.2 and 945; California Civil Code section 1668;  and California Code of Civil Procedure 52.1 (Banes Act) and the California Constitution, Article 1, Sections 1, 3, 7, 13, 16, 19, and 28, and Article 3, Section 3.5(c).

**Venue**

2.      Plaintiff is a resident of Santa Cruz County, California. All of the unlawful acts of defendants occurred within the geographical boundaries of the County of Santa Cruz and or the County of Santa Clara California. Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district. Furthermore, all defendants are subject to personal jurisdiction in this district, and there is no other district in which the action may be brought.

**Introduction**

3.      The Causes of Action involve the "Gross Negligence" and "Willful Misconduct" of both federal and California state government defendants regarding Plaintiff's specific circumstances, and regarding the $331,044,084 unlawfully diverted from the National Mortgage Special Deposit Fund designated for the benefits of borrowers victimized by the governments' gross negligence and willful misconduct to date, in concert with defendant GMAC.

4.      Plaintiff alleges defendants' actions are in violation of Plaintiff's 42 U.S.C. § 1983 rights.

5.      The Causes of Action involve the right of borrowers to file for a refund for improperly imposed and/or improperly assessed and collected mortgage payments to defendant GMAC {aka ResCap} and the unconstitutional animus of government defendants to refunds for the improper collection of such payments. Allegedly, animus is present where the public laws are harnessed,

-2-

1 | based on public statements of stereotype or fear[1] to create and enforce distinctions between social
2 | groups—that is, groups of persons identified by status rather than conduct.

**Common Allegations to All Claims**

4 | 6.    Through accident or intention defendants all of them have engaged in a pattern and
5 | practice of willful misconduct using gross negligence as their avenue for unconstitutional animus
6 | and to defraud Plaintiff of his estate.

7 | 7.    Plaintiff alleges each of the Defendants engaged in a conspiracy. Each of the individual
8 | defendants also acted as an agent of every other defendant.

9 | 8.    Already pending before the U.S Bankruptcy Court Southern District of New York (case: 12-
10 | 12020-mg) is the ResCap Borrower Claims Trust's (the "Trust" AKA defendant GMAC) objection to
11 | Claim Number 960 (the "Claim") filed by Michael Boyd ("Boyd"). The Objection to the Claim is
12 | included in the *ResCap Borrower Claims Trust's Eighty-Eight Omnibus Objection to Claims (No*
13 | *Liability Borrower Claims)* (the "Objection," ECF Doc. # 8859). The Trust argues that the Claim
14 | should be expunged based on res judicata.

15 | 9.    Plaintiff's Claim relates to two separate loans (the "Loans") originated by Plaza Home
16 | Mortgage Inc. ("Plaza"): the January 16, 2007 loan secured by a mortgage on property located on
17 | Soquel Drive in Sequel, California (the "Soquel Loan"); and the December 22, 2006 loan secured
18 | by a mortgage on property located on Lakebird Drive in Sunnyvale, California (the "Lakebird
19 | Loan"). (See Obj. Ex. 1-A at 1; Reply \ 8; Priore Supp. Exs. C-F.) No Debtor owned either Loan.
20 | (Reply H 8.) GMACM serviced the Soquel Loan from April 10, 2007 until servicing was
21 | transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013. (Obj. Ex. 1-A at 1;
22 | Reply ^ 9.) GMACM serviced the Lakebird Loan from March 13, 2007 until servicing was
23 | transferred to Ocwen on February 16, 2013. (Obj. Ex. 1-A at 1; Reply ^ 9.)

24 | 10.    Plaintiff defaulted on the Soquel Loan; the Soquel Loan was referred to foreclosure on
25 | February 9, 2011, and on March 1, 2011, ETS Services, LLC ("ETS"), acting as beneficiary for
26 | GMACM, recorded a notice of default. (Reply f 9 (citing Priore Supp. Ex. G).) Plaintiff also in
27 | defaulted on the Lakebird Loan; it was referred to foreclosure on August 9, 2011, and on
28 | September 14, 2011, ETS recorded a notice of default. (Id. (citing Priore Supp. Ex. H).)

---

[1] *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985) ("[M]ere negative attitudes, or fear, unsubstantiated by factors which are properly cognizable in a zoning proceeding, are not permissible bases for treating a home for the mentally retarded differently from apartment houses, multiple dwellings, and the like.")

-3-

11.     Plaintiff filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court") on December 12, 2011. (See Obj. Ex. 1-A at 1.)

12.     On May 14, 2014, the California Bankruptcy Court confirmed Plaintiff's chapter 13 plan (the "Chapter 13 Plan"), which provided for the payment of all arrears on the Loans and ongoing payments on the Loans. (See *id.*)

13.     On January 28, 2015 the Department of the Treasury Tort Claims Office at 1500 Pennsylvania Avenue, NW Washington, D.C. 20220 received Claimant's administrative Tort "class claim" by U.S. Mail service. [See Attachment 1] Based on this Tort Claim, Claimant contends the burden of proof has shifted from Claimant to the Debtors [aka U.S. Treasury] to demonstrate their actions are not based on an unconstitutional animus to borrowers' refunds.

14.     This claim states, in part "My claim is because my house in Soquel CA and Duplex in Sunnyvale CA are being taken by GMAC, AKA ResCap. AKA 74% Owned by Treasury Department through TARP and I am making payments for property that the government defrauded of. Now I didn't know about this until after Jan 30, 2013 when this the Special Inspector General for TARP put out his report. .. See http://www.sigtarp.gov/Audit%20Reports/Taxpayers_GMAC.pdf I filed this lawsuit against the Treasury Department Case 1:11-cv-02128-JEB Document 1 Filed 11/28/11 http://www.calfree.com/Stimulus%2520Complaint.pdf

15.     The stated basis for the claim "This claim is against Treasury's retaliation for protected Free Speech and the unconstitutional animus of government to refunds. [... ...] Because of the FTCA I can not sue the Treasury without filing this claim first and it being denied. My two properties are worth around a million each and GMAC has extorted around half a million dollars in payments for a total personal and property injury of compensatory value of $2,500,000 for direct losses. I only have until 3/22/2015 to file for a writ of certiorari to US Supreme Court so if Treasury doesn't answer this Claim before 3/15/2015 claim goes to $10,000,000 based on Unconstitutional Animus.

16.     On January 29, 2015 the ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims) [Doc 8042] Claimant alleges this action was taken in direct retaliation for engaging in protected Free Speech, the right to petition the government for grievances, i.e., Claimant's January 28, 2015 Department of the Treasury Tort

-4-

1    Claims Office "class claim". Claimant claims a "class" of seventy two million like situated
2    United States borrowers, based on "$10,000,000 based on Unconstitutional Animus".

3                                          **Statement of Facts**

4    17.     I am not an Attorney, but a Borrower, with this new pending litigation based on new facts

5    challenging two of GMAC's no-note Debtor claims against me based on the "Gross Negligence"

6    and "Willful Misconduct" of both federal and California state government defendants regarding

7    Plaintiff's specific circumstances.

8    18.     GMAC's unlawful acts caused me to file Chapter 13 Bankruptcy in December 2011, prior

9    to ResCap [AKA GMAC LLC] filing Chapter 11 Bankruptcy in May 2012. So my claims against

10   GMAC LLC are pre-petition for bankruptcy by GMAC LLC. My claim number is 960 and was

11   for $186,000 at the time it was filed.

12   19.     The amount that I alleged to be defrauded of has increased substantially over that original

13   amount, under my Court approved Bankruptcy Plan. [See Exhibit 1, Court Document 7146.]  I

14   still seek the court to return my estate to my living trust and the refund of my payments to GMAC

15   LLC, their successor servicer Ocwen LLC, and a refund of funds paid to my bankruptcy Trustee,

16   due to GMAC LLC's scienter to defraud me of my estate and my money. While not aware of any

17   other claimant borrower with similar circumstances to my own [with two of GMAC's no-note

18   Debtor claims] with additional unique circumstances as I describe in my claim, and based on

19   recent retaliatory actions taken in response to my exercise of free speech rights by the government

20   it appears that it could be reasonably foreseeable that Claimant's case is the rule of law [not a

21   unique exception to the rule] shared by as many as seventy two million borrowers.

22   20.     According to the Affidavit of William J. Paatalo [Attachment 2], whose expert analysis

23   states in regard to,  ResCap's [Aka the Government's] proof of claims before this bankruptcy

24   Court, it states [see Affidavit of William J. Paatalo page 4 line 25 to page 5 line 11.]

25   "Furthermore, the Notes for each loan that were attached to the proof of claims during the Boyd

26   Bankruptcy (U.S. BK. Ct. No. Dist. CA – Case No. 11-61311-SLJ) do not contain endorsements

27   as required in the HVMLT 2007-4 Trust Agreement, as no endorsements appear on the 'face' of

28   either document. Dubious endorsements, one of which is illegible, are provided on blank sheets of

29   paper that have no connection to the notes. .. b. The Boyd debts, which appear in 'Bankruptcy'

30   status as of 10/14/2014 within the HVMLT 2007-4 Trust are not in default. All payments 'due' on

31

32                                               -5-

1  the debts are being timely paid to, and received by, the certificate holders /investors in the
2  HVMLT 2007-4 Trust during the pendency of the Boyd bankruptcy".

3  21.    Mr. Paatalo's analysis goes on to explain the reasoning for his findings in regards to the
4  proof of claims and payments issues with reference to his provided exhibits to provide supporting
5  evidence for his findings are described in more detail at pages 7 line 19 through to page 10 line 7
6  of the Affidavit of William J. Paatalo.

7  22.    On April 4, 2011 the U.S. District Court the United States District Court for the District of
8  Columbia (case: Case 1:12-cv-00361-RMC Doc. 13)   issued it consent judgment; these
9  defendants, all of them, consented to. In the Consent Judgments, the government plaintiffs agreed
10 to release certain claims against Bank Defendants like GMAC. In exchange, in addition to
11 principal write-downs, refinancing relief, restitution, and new servicing standards, the Bank
12 Defendants agreed to pay a total of approximately 5 billion as a "Direct Payment Settlement
13 Amount." Of this amount, approximately half, or $2.5 billion, was to be divided and distributed
14 among the states, including $410,575,996 for California.

15 23.    On July 7, 2015 the Superior Court of the State of California for the County of
16 Sacramento issued its Judgment in which "The Court declares that $331,044,084 in offsets were
17 unlawfully diverted from the National Mortgage Special Deposit Fund to the General Fund. .. The
18 Court enjoins the State of California to restore/return $331,044,084 to the National Mortgage
19 Special Deposit Fund as soon as there is a sufficient appropriation reasonably and generally
20 available for such purpose. .. The Court reserves jurisdiction to issue a peremptory writ of
21 mandate compelling Respondents Governor Edmund Gerald "Jerry" Brown Jr., Director of
22 Finance Michael Cohen, and Controller Betty Yee to restore refund the unlawfully diverted funds
23 from any appropriation that is determined to be reasonably and generally available for payment of
24 the obligation."[Attachment 3, See Judgment page 1]

25                              **FIRST CAUSE OF ACTION**
26                     **"Gross Negligence" and "Willful Misconduct"**
27 24.    Paragraphs 1 through 23 are incorporated herein by reference.
28 25.    Defendants UNITED STATES  DEPARTMENT OF THE TREASURY,  JACK LEW,
29 TREASURY  SECRETARY;  GMAC  MORTGAGE  LLC;  MORTGAGE  ELECTRONIC
30 REGISTRATION SYSTEMS, INC.; and DOES

31

32                                     - 6 -

                                        GROSS NEGLIGENCE COMPLAINT

26.     California Civil Code section 1668 states: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

27.     Plaintiff understands gross negligence, like ordinary negligence, requires only objective, not subjective, proof. While ordinary negligence is a failure to exercise the degree of care that someone of ordinary prudence would have exercised in the same circumstances, gross negligence is an extreme departure from the care required under the circumstances or a failure to exercise even slight care. Thus, the United States' and California's gross negligence differs from ordinary negligence only in degree, not in kind.

28.     Plaintiff further understands willful misconduct is an act, intentionally done, with knowledge that the performance will probably result in injury, or done in such a way as to allow an inference of a reckless disregard of the probable consequences. If the harm results from an omission, the omission must be intentional, and the actor must either know the omission will result in damage or the circumstances surrounding the failure to act must allow an implication of a reckless disregard of the probable consequences.[2]

29.     Plaintiff further understands the Federal Tort Claims Act (FTCA) provides a limited waiver of the federal government's sovereign immunity when its employees are negligent within the scope of their employment. Under the FTCA, the government can only be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' 28 U.S.C. S 1346(b). Thus, the FTCA does not apply to conduct that is uniquely governmental, that is, incapable of performance by a private individual.

30.     28 U.S.C. S 2680(h) provides that the government is not liable when any of its agents commits the torts of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. However, it also provides an exception. The government is liable if a law enforcement officer commits assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. The government is not liable if the claim against law enforcement officers is for

---

[2] United States' Proposed Conclusion of Law ¶ 10, Rec. Doc. 10460-2 (quoting *Tug Ocean Prince, v. United States*, 584 F.2d 1151, 1163 (2d Cir. 1979))

1    libel, slander, misrepresentation, deceit, or interference with contract. Congress has not waived

2    the government's sovereign immunity against all law enforcement acts or omissions.

3    31.    Furthermore, the FTCA is limited by a number of exceptions pursuant to which the

4    government is not subject to suit, even if a private employer could be liable under the same

5    circumstances. These exceptions include the discretionary function exception, which bars a claim

6    'based upon the exercise or performance or the failure to exercise or perform a discretionary

7    function or duty on the part of a federal agency or an employee of the Government, whether or

8    not the discretion involved be abused.' 28 U.S.C. S 2680(a).

9    32.    In order to determine whether conduct falls within the discretionary function exception,

10   the courts must apply a two-part test established in *Berkovitz v. U.S.*, 486 U.S. 531, 536 ('88). See

11   *Kennewick Irrigation Dist. v. U.S.*, 880 F.2d 1018, 1025 (9th Cir.'89). First, the question must be

12   asked whether the conduct involved 'an element of judgment or choice.' *U.S. v. Gaubert*, 499 U.S.

13   315, 322 ('91) (quotation omitted). This requirement is not satisfied if a 'federal statute,

14   regulation, or policy specifically prescribes a course of action for an employee to follow.'

15   Berkovitz, 486 U.S. at 536. Once the element of judgment is established, the next inquiry must be

16   'whether that judgment is of the kind that the discretionary function exception was designed to

17   shield' in that it involves considerations of 'social, economic, and political policy.' Gaubert, 499

18   U.S. at 322-23.

19   33.    Absent specific statutes or regulations, where the particular conduct is discretionary, the

20   failure of the government properly to train its employees who engage in that conduct is also

21   discretionary. See, e.g., *Flynn v. U.S.*, 902 F.2d 1524 (10th Cir.'90) (failure of National Park

22   Service to train its employees as to proper use of emergency equipment was discretionary).

23   34.    The FTCA specifies that the liability of the U.S. is to be determined 'in accordance with

24   the law of the place where the [allegedly tortious] act or omission occurred.' 28 U.S.C. S 1346(b).

25   In an action under the FTCA, a court must apply the law the state courts would apply in the

26   analogous tort action, including federal law. See *Caban v. U.S.*, 728 F.2d 68, 72 (2d Cir.'84); see

27   also *Richards v. U.S.*, 369 U.S. 1, 11-13 ('62).

28   35.    Under California law, a California court would apply federal law to determine whether an

29   arrest by a federal officer was legally justified and hence privileged. See *Trenouth v. U.S.*, 764

30   F.2d 1305, 1307 (9th Cir.'85) (applying federal law in an FTCA action for false imprisonment to

31   determine legality of arrest by Department of Defense officers in California); cf. *Gasho v. U.S.*,

32

- 8 -

GROSS NEGLIGENCE COMPLAINT

1   39 F.3d 1420, 1427-32 (9th Cir.'94) (applying federal law in FTCA false imprisonment action

2   against federal customs officials to determine if probable cause justified arrest in Arizona).

3   36.     A plaintiff cannot bring an FTCA claim against the United States based solely on conduct

4   that violates the Constitution because such conduct may violate only federal, and not state, law.

5   See *FDIC v. Meyer*, 114 S.Ct. 996, 1001 ('94).

6   37.     The substitution provision of the Federal Employees Liability Reform and Tort

7   Compensation Act (FELRTCA) provides that '[u]pon certification by the Attorney General that

8   the defendant employee was acting within the scope of his office or employment at the time of the

9   incident out of which the claim arose . . . the United States shall be substituted as the party

10  defendant.' 28 U.S.C. S 2679(d)(1). The purpose of this amendment to the Federal Tort Claims

11  Act was to 'remove the potential personal liability of Federal employees for common law torts

12  committed within the scope of their employment, and . . . instead provide that the exclusive

13  remedy for such torts is through an action against the United States under the FTCA.' H.R. Rep.

14  No. 700, 100th Cong., 2d Sess. 4 (1988).

15  38.     Section 2674 of Title 28 provides that the United States "shall not be liable . . . for

16  punitive damages." However Plaintiff is under the understanding and belief that under the

17  common law, awards exceeding actual losses are not *per se* punitive and may be recovered when

18  state law regards these damages as compensatory. Where, however, the award of damages

19  depends upon "proof that the defendant has engaged in intentional or egregious misconduct," the

20  intent of the damages is to punish the tortfeasor, rendering them unrecoverable under the FTCA.

21                          **SECOND CAUSE OF ACTION**

22                  **"Gross Negligence" and "Willful Misconduct"**

23  39.     Paragraphs 1 through 38 are incorporated herein by reference.

24  40.     Defendants UNITED STATES  DEPARTMENT OF THE TREASURY,  JACK LEW,

25  TREASURY SECRETARY; GMAC MORTGAGE LLC; MORTGAGE ELECTRONIC

26  REGISTRATION SYSTEMS, INC.; "JERRY" BROWN, GOVERNOR OF CALIFORNIA,

27  MICHAEL COHEN, DIRECTOR OF FINANCE, BETTY YEE, CONTROLLER, AND

28  ATTORNEY GENERAL KAMALA HARRIS, IN THEIR OFFICIAL CAPACITIES; and DOES

29  41.     Under the FTCA, the U.S. is subject to liability for the negligence of an independent

30  contractor only if it can be shown that the government had authority to control the detailed

31  physical performance of the contractor and exercised substantial supervision over its day-to-day

32                                  - 9 -

                                    **GROSS NEGLIGENCE COMPLAINT**

1  activities. See *U.S. v. Orleans*, 425 U.S. 807, 814-15 ('76); *Letnes v. U.S.*, 820 F.2d 1517, 1519
2  (9th Cir.'87).

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983, FIRST AMENDMENT RETALIATION CLAIM, VIOLATION OF
EQUAL PROTECTION RIGHTS UNDER THE FIFTH AND FOURTEENTH
AMENDMENTS**

7  42.    Paragraphs 1 through 41 are incorporated herein by reference.

8  43.    Defendants UNITED STATES  DEPARTMENT OF THE TREASURY,  JACK LEW,
9  TREASURY  SECRETARY;  GMAC  MORTGAGE  LLC;  MORTGAGE  ELECTRONIC
10 REGISTRATION SYSTEMS, INC.; and DOES

11 44.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,
12 each of the defendants sued herein was the agent and employee of each of the remaining
13 defendants and was at all times acting within the purpose and scope of such agency and
14 employment.

15 45.    Plaintiff is in the belief and understanding that a conspiracy is defined as an agreement
16 between two or more people to participate in an unlawful act or a lawful act in an unlawful
17 manner. An express agreement among all conspirators as to a motive is not necessary. To make
18 the conspiracy actionable, there must also be an overt act in furtherance of the object of the
19 conspiracy that injures plaintiff in his person or property, which deprives him of having or
20 exercising any right or privilege of a citizen of the United States. Plaintiff is informed and
21 believes and thereon alleges that, at all times herein mentioned, each of the defendants sued
22 herein was the agent and employee of each of the remaining defendants and was at all times
23 acting within the purpose and scope of such agency and employment. The specific detail
24 allegations of the conspiracy incorporating all those actions taken by defendants as are described
25 in paragraphs 3 through 23 of the complaint herein.

26 46.    For essentially the same reasons underlying the First Amendment retaliation claim,
27 Plaintiff alleges a violation of his equal protection rights under the Fifth and Fourteenth
28 Amendments. However, an equal protection claim requires (inter alia) evidence from which a jury
29 could find that the plaintiff was selectively treated as compared with others similarly situated.
30 Therefore this Court should have jurisdiction.

- 10 -

GROSS NEGLIGENCE COMPLAINT

47.    Plaintiff alleges there is a pattern and practice of the Defendants [all of them] acting in retaliation for Plaintiff's exercise of his protest rights exercised under the First Amendment to the United States Constitution, including but not limited to the right to petition the government for redress of grievances, and have acted to burden, deter and/or chill the exercise of such First Amendments rights therein.

### FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983, FIRST AMENDMENT RETALIATION CLAIM, VIOLATION OF EQUAL PROTECTION RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS

48.    Paragraphs 1 through 47 are incorporated herein by reference.

49.    Defendants UNITED STATES DEPARTMENT OF THE TREASURY, JACK LEW, TREASURY SECRETARY; GMAC MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; "JERRY" BROWN, GOVERNOR OF CALIFORNIA, MICHAEL COHEN, DIRECTOR OF FINANCE, BETTY YEE, CONTROLLER, AND ATTORNEY GENERAL KAMALA HARRIS, IN THEIR OFFICIAL CAPACITIES; and DOES

**PRAYER**

**WHEREFORE**, plaintiff prays for the following relief:

Pursuant to the First and Second Causes of Action against Defendants; each of them, as follows:, as follows:

1. For a judgment which includes a requirement to refund all moneys collected, a return of Plaintiff's estate, and two Federal Land Patents entitling Plaintiff to enjoyment of full usage of his properties; for Plaintiff's property located on Soquel Drive in Soquel, California; and the property located on Lakebird Drive in Sunnyvale, California.

2. Compensatory damages;

3. For such other and further relief as the court deems appropriate.

**PRAYER**

**WHEREFORE**, plaintiff prays for the following relief:

Pursuant to the Third and Fourth Causes of Action against Defendants; each of them, as follows:

- 11 -

1   1. For a preliminary injunction, and a permanent injunction, or declaratory order, all enjoining

2   defendants;

3   2. Punitive damages against the individual defendant according to proof;

4   3. Costs of suit; and

5   4. For such other and further relief as the court deems appropriate.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

- 12 -

GROSS NEGLIGENCE COMPLAINT