**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING RONALD G. KRAFT AND MARLENE L. KRAFT'S**
**MOTION FOR RECONSIDERATION**

Pending before the Court is Ronald G. Kraft's and Marlene L. Kraft's (the "Krafts") *Motion to Set Aside Order Dismissing Claim* (the "Motion," ECF Doc. # 8747). While not styled as a motion for reconsideration, that is what this Motion effectively is, and that is how the Court will treat it.

The Debtors objected to Claim Number 2359 (the "Claim"),[1] filed by Marlene Kraft, as part of their Fifty-First Omnibus Claims Objection (the "Objection," ECF Doc. # 5646). On December 19, 2013, the Court entered an order (the "Disallowance Order," ECF Doc. # 6155) sustaining the Objection and disallowing and expunging the Kraft's Claim, among others. (*See id.* at 2; *id.* Ex. A at 1.) The Krafts ask the Court to reconsider the Disallowance Order on the basis that they never received notice of the Objection because it was sent to the incorrect address. (Motion at 1–2.) The Court concludes that the Krafts have not established that they did not receive notice of the Objection. Therefore, the Motion is **DENIED**.

### I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. After the Petition Date, the Debtors continued to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code

---

[1] *See* Claim No. 2359, *Residential Capital, LLC et al.*, KCC, https://www.kccllc.net/rescap/document/1212020121105000000000087 (last visited August 5, 2015).

sections 1107(a) and 1108.  On March 21, 2013, the Court entered an order (the "Procedures Order," ECF Doc. # 3294) authorizing the Debtors to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Rule 3007(d) of the Federal Rule of Bankruptcy Procedures (the "Bankruptcy Rules") and those additional grounds provided in the Procedures Order.

On July 17, 2012, the Court entered an order appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these chapter 11 cases.  (ECF Doc. # 798.)  Among other things, KCC is authorized to (1) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases, and (2) maintain official claims registers for each of the Debtors.  (*See generally id.*)  On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309), establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim.  On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time).  (ECF Doc. # 2093.)

On November 5, 2012, KCC received the Krafts' Claim.  (*See* Obj. Ex. A at 1.)  The Claim asserted a general unsecured claim against Debtor Residential Capital, LLC ("ResCap") in the amount of $400,000.  (Claim at 1.)  The Claim indicates that notices should be sent to the following address:  "24684 Hathaway, Farmington Hills, Mich[igan] 48334."  (*Id.*)

On November 8, 2013, the Debtors filed the Objection, objecting to the Krafts' Claim on the basis that it is barred by the doctrine of res judicata.  (*See* Obj. at 8–9; *id.* Ex. A at 1.)  On November 12, 2013, KCC filed an affidavit of service (the "Objection Affidavit of Service," ECF Doc. # 5691), affirming that KCC served the Objection via first class mail on the parties

2

identified in a service list attached as Exhibit L to the Objection Affidavit of Service (the "Objection Service List," *id.* Ex. L). The Objection Service List identified Marlene Kraft and listed her address as 24684 Hathaway, Farmington Hills, MI 48334. (*Id.* at 1.)

The Court entered the Disallowance Order on December 19, 2013. (*See* Disallowance Order at 3.) On December 23, 2013, KCC filed an affidavit of service (the "Order Affidavit of Service," ECF Doc. # 6178), affirming that KCC served the Disallowance Order via first class mail on the parties identified in a service list attached as Exhibit D to the Order Affidavit of Service (the "Order Service List," *id.* Ex. D). The Order Service List identified Marlene Kraft and listed her address as 24684 Hathaway, Farmington Hills, MI 48334. (*Id.* at 1.)

The Motion was filed on June 8, 2015, nearly one and a half years after the Disallowance Order was entered. The Motion seeks to set aside the Disallowance Order on the basis that the Krafts were never served with the Objection because it was sent to the wrong address. (*See* Motion at 1–2.) According to the Krafts, notice of the Objection was sent to 24384 Hachaway, Farmington Hills, Michigan 48334 but they never received the notice because their address is 24684 Hathaway, Farmington Hills, MI 48335. (*Id.* at 1.) The Krafts assert that they first discovered their Claim had been objected to when they called the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), co-counsel to the ResCap Liquidating Trust, who informed the Krafts of the Objection and the Objection Affidavit of Service. (*See id.*) The Krafts do not state when they spoke with Kramer Levin.

## II.    DISCUSSION

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

3

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure ("FRCP") 59, which allows a party to move to alter or amend a judgment. *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59. Bankruptcy Rule 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b).

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

S.D.N.Y. LBR 9023-1(a).[2] Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which governs the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

---

[2] Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* S.D.N.Y. LBR 9023-1 cmt.

4

> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANK. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)).

The Krafts, appearing *pro se*, filed the Motion nearly 18 months after the Court entered the Disallowance Order, and it is therefore not timely under Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (internal citations and quotation marks omitted). Because the Krafts failed to comply with the strict filing rules of Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a), they cannot obtain relief under Bankruptcy Rule 9023. *See, e.g.*, *In re Residential Capital, LLC*, Case No. 12-12020 (MG), 2015 WL 1598090, at *6 (Bankr. S.D.N.Y. Apr. 9, 2015) (denying relief under Bankruptcy Rule 9023 where motion was not timely filed); *In re Residential Capital, LLC*, 528 B.R. 570, 573 (Bankr. S.D.N.Y. 2014) (same). In order to obtain relief from the Disallowance Order, the Krafts must therefore establish that such relief is warranted under FRCP 60(b), which is incorporated in Bankruptcy Rule 9024.

FRCP 60(b) permits a court to grant relief from a final judgment or order for, among other things, "mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). Whether to grant a motion for relief under FRCP 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from an order under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional

circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The moving party bears a heavy burden because [FRCP] 60 provides extraordinary relief and is, therefore, generally viewed with disfavor." *In re Barquet Grp., Inc.*, 477 B.R. 454, 460–61 (Bankr. S.D.N.Y. 2012) (citing *Bowman v. Jack Bond (In re Bowman)*, 253 B.R. 233, 240 (8th Cir. B.A.P. 2000)).

The Court concludes that the Krafts have not established that relief from the Disallowance Order is warranted under FRCP 60(b). Courts in the Second Circuit follow the so-called "mailbox rule" in determining the adequacy of service by mail. *In re Residential Capital, LLC*, Case No. 12-12020 (MG), 2015 WL 2256683, at *7 (Bankr. S.D.N.Y. May 11, 2015) (citations omitted). Under the mailbox rule, "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." *Barquet Grp.*, 477 B.R. at 462 n.7 (citations omitted); *see Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." (citation omitted)). "This presumption of receipt is 'very strong' and 'can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary . . . . Evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary.'" *Barquet Grp.*, 477 B.R. at 462 n.7 (quoting *In re Fairpoint Commc'ns, Inc.*, 462 B.R. 75, 80 n.7 (Bankr. S.D.N.Y. 2012)). While the presumption of receipt under the mailbox rule does not arise "[w]here an incorrect address is used," *Residential Capital*, 2015 WL 2256683, at *7 (citation omitted), the Objection Affidavit of Service sets forth that the Objection was served on the Krafts at 24684 Hathaway, Farmington

6

Hills, MI 48334 (*see* Obj. Aff. at 3; Obj. Service List at 1), the same address listed on the Krafts' Claim (*see* Claim at 1). The Krafts assertion that the Objection was not served at the correct address—nearly 18 months after the Disallowance Order was entered—is insufficient to rebut the presumption that the received the Objection. Consequently, the Krafts have not established grounds for relief from the Disallowance Order under FRCP 60(b). Their Motion is **DENIED**.

### III.    CONCLUSION

For the reasons stated above, the Krafts have failed to rebut the presumption that they received notice of the Objection to their Claim. Consequently, the Court concludes that the Krafts have not established that relief from the Disallowance Order is warranted under FRCP 60(b), and their Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 5, 2015
New York, New York

                                                  **/s/Martin Glenn**
                                                  MARTIN GLENN
                                       United States Bankruptcy Judge