UNITED STATE BANKRUPTCY COURT SOUTHER DISTRIC OF NEW YORK.
ONE BOWLING GREEN
NEW YORK, N.Y. 10004-1408

8/11/2015

To: Hno. Glenn martin
Re; findings & rulings clarification
Residential capital #12-12020

Att: Hno; Judge; I am requesting the Court's clarification of findings & rulings, as the Trust is advising the entire claim was ruled disputed facts.

In addition; the court needs to clarify August 5 of 09 agreement, & how it should be implemented as Ocwen is objecting and now Pichardo is having heated arguments with both the Trust & Ocwen over the August 5 of 09 as valid agreement. As this contract was transferred Gmac to Ocwen pichardo had nothing to do with its transition. It seems that there is no end to this evil. I get into more heated arguments, & nothing seems to be resolved as they read a different conclusion from findings & rulings.

From what I read your findings were:
1- GMAC is liable for negligent misconduct.
2- You concluded the August 5 of 09 agreement is valid.
3- Your findings show the corrected agreement is barred from consideration of evidence prior or contemporaneous Negotiations or agreements at variance with the written agreement under parole evidence
4- The corrected agreement is subject to fraud statute & under such it is invalidated by not signing such & since the duress is alleged & the negligent misrepresentation has been satisfied, how will the Court Prevent the injustice now perpetrated on two fronts, the Trust & Ocwen. Now I am being placed in a position to explain Court's findings & rulings. Court need to specify valid agreement enforceability.
5- Please address the Overruled & undisputed portions, The restitution which I explained to the Trust your order to confer on for negotiations.

I find myself faced with inconsistencies from two fronts with no one taking responsibility for wrongdoings. As I have sent more evidence of dates of services for effects, the court need to advised if its satisfied with Declaration from My doctor who has seen me for all these years, & gave orders for hospitalizations.
Pichardo therefore requests clarifications & the need for court to address how the Trust & Ocwen should refrain from causing more distress to Pichardo, as Ocwen is warding off liability based on partie's own interpretations. PLEASE NOTE THE TRUST & OCWEN SAY THE OTHER IS RESPOSIBLE FOR AGREEMENT.
Court must determine who is to answer as Pichardo had nothing to do with platform sold or bought on loan. Pichardo requests order from Court to address the Trust & Ocwen issues, as neither entity is abiding by finding or rulings., to the extent that this is causing more stress than solutions.

Neither the Trust nor Ocwen rely on the Court's rulings to abide by or implement it. Therefore Pichardo requests court's clarifications on rulings as rulings were not uncertain to see who gets the best benefits. Liability must be assessed by rulings made to have parties comply, before an evidentiary hearing is held as must of the evidence was submitted from which court made present ruling.

Julio Pichardo _____    Cc; morrison & foerster/Trust counsel  .. Cc: Ocwen