| | |
|---|---|
| MORRISON & FOERSTER LLP | BRADLEY ARANT BOULT CUMMINGS LLP |
| 250 West 55th Street | 100 N. Tryon Street |
| New York, New York 10019 | Suite 2690 |
| Telephone: (212) 468-8000 | Charlotte, North Carolina 28202 |
| Facsimile: (212) 468-7900 | Telephone: (704) 338-6000 |
| Norman S. Rosenbaum | Facsimile: (704) 332-8858 |
| Jordan A. Wishnew | Christian W. Hancock |
| Jessica J. Arett | Avery A. Simmons |
| *Counsel for the ResCap Borrower Claims Trust* | *Counsel for the ResCap Liquidating Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S MEMORANDUM
IN SUPPORT OF BANKRUPTCY COURT JURISDICTION
OVER INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
AS IT RELATES TO CLAIM NUMBERS 2291, 2294, 2295, AND 2357**

ny-1199949

The ResCap Borrower Claims Trust (the "Borrower Trust") respectfully submits this brief in support of its position that the Court has proper jurisdiction to determine and fix Pamela Longoni ("Longoni") and Jean Gagnon's ("Gagnon") Intentional Infliction of Emotional Distress ("IIED") claim, if any, as stated in their Third Amended Complaint ("Complaint"), which is detailed in Proofs of Claim 2291, 2294, 2295, and 2357 ("Claims"), because it is not a personal injury tort claim. Even if it was to qualify as a personal injury tort claim, it does not form the gravamen of the Complaint. As described herein, this Court has jurisdiction to decide the merits of the IIED claim as this matter does not fall within the statutory limitation set forth in 28 U.S.C. §157(b)(5), and therefore, the Court does not need the consent of Longoni and Gagnon to exercise its power.

## RELEVANT FACTS

1. As previously detailed in briefing in this Court, Longoni, Gagnon, and Longoni as guardian ad litem for her then-minor daughter Lacey Longoni (collectively, the "Longoni Plaintiffs") filed a complaint in the Second Judicial District Court for the State of Nevada in Washoe County on April 28, 2010 (the "Nevada Action"), which named GMAC Mortgage, LLC ("GMACM"), Executive Trustee Services, LLC ("ETS") (collectively, the "ResCap Defendants"), Illeana Peterson, and Kathleen Gowen as defendants. See *Memorandum Opinion And Order Sustaining In Part And Overruling In Part The Rescap Borrower Claims Trust's Objection To Claim Numbers 2291, 2294, 2295 And 2357 Filed By Pamela D. Longoni and Jean Gagnon* (Dkt. No. 8825) (the "Order") at 16. The initial complaint alleged that defendants had improperly foreclosed on the Longoni Plaintiff's property, and asserted claims for: (i) violation of the Nevada non-judicial statutory foreclosure scheme; (ii) violation of Nev. Rev. Stat. § 205.372; (iii) fraud and misrepresentation; (iv) negligence and negligent misrepresentation; (v)

1

breach of contract; (vi) tortious breach of the implied covenant of good faith and fair dealing; (vii) breach of covenant of quiet title; (viii) IIED; (ix) promissory estoppel; and (x) concert of actions. (Id.). GMACM, ETS, Peterson and Gowen removed the case to the United States District Court for the District of Nevada and then moved to dismiss certain claims—eight of which survived.[1] Through subsequent amendments, Residential Asset Mortgage Products Inc. ("RAMPI") and Residential Funding Corporation ("RFC") were added as defendants. The Nevada Action was later stayed and administratively closed, pending the outcome of the ResCap Defendants' bankruptcy case, currently proceeding in this Court. (Id. at 17).

2. The Longoni Plaintiffs filed proofs of claim in this bankruptcy action, asserting general unsecured claims in the amount of $600,000 each against GMACM and ETS ("Claims"), which were based on the remaining counts in the Complaint. The Borrower Trust filed an objection to the Claims (Dkt. No. 8530) (the "Objection"), and initial arguments on the Objection were heard on June 4, 2015. On July 1, 2015, this Court issued the Order sustaining the Borrower Trust's Objection as to the Claims based on: violations of the Nevada statutory foreclosure scheme; violation of Nev. Rev. Stat. § 205.372; fraud and misrepresentation (as to Gagnon and Lacey Longoni); negligence/negligence per se; breach of contract; and concert of actions. (Order). The Order clarified that the only remaining claims at issue are: fraud and misrepresentation (as to Longoni only); negligent misrepresentation; IIED; and promissory estoppel. (Id.). All of the claims surviving the Borrower Trust's Objection arise from the alleged improper foreclosure and subsequent sale of the Longoni Plaintiffs' property, and none

---

[1] Defendants moved to dismiss the claims for: Nev. Rev. Stat. 205.372; fraud and misrepresentation; negligence; breach of contract; promissory estoppel; tortious breach of good faith and fair dealing; breach of covenant of quiet enjoyment; and IIED. The United States District Court for the District of Nevada dismissed the claims for breach of covenant of quiet title and tortious breach of the implied covenant of good faith and fair dealing. All the other claims alleged in the original complaint remained. (Order).

involve a physical personal injury tort. Accordingly, jurisdiction in this Court over the IIED claim is proper.

## LEGAL ARGUMENT

3. The jurisdiction of bankruptcy courts is defined by 28 U.S.C. § 157, which divides proceedings into core and non-core proceedings. 28 U.S.C. § 157 (2015). Consistent with the law interpreting 28 U.S.C. § 157, tort claims for personal injury can only be tried in the bankruptcy court with the consent of all the parties. In re Sheehan Mem'l Hosp., 377 B.R. 63, 68 (Bankr. W.D.N.Y. 2007). Specifically, 28 U.S.C. § 157(b)(5) provides that:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (2015). In a case discussing the purpose behind the special treatment of personal injury claims, the Court of Appeals for the First Circuit has stated:

> [The] special status [afforded personal injury and wrongful death claims] apparently stems from Congress's recognition that most personal injury tort and wrongful death victims stand in a somewhat different relationship with the bankruptcy debtor because they did not voluntarily enter into dealings with the debtor (and accept the risk of loss) in the same sense as traditional bankruptcy claimants.

Adams v. Cumberland Farms, Inc., No. 95-1736, 1996 WL 228567, at *3 (1st Cir. 1996). As the Longoni Plaintiffs' claim for IIED here is based on damages purportedly arising from a real estate foreclosure proceeding, and statements regarding a potential loan modification made during same with no actual physical harm alleged, this claim does not fall within the personal injury exception detailed above, and the Longoni Plaintiffs' argument that this Court lacks jurisdiction over the IIED claim is improper.

### A. *The Longoni Plaintiff's IIED claim is not a "personal injury" tort, as that term is defined under 28 U.S.C. § 157(b)(5), and the Court therefore has jurisdiction.*

4. The Longoni Plaintiffs allege claims for emotional injury based on the foreclosure of their property by GMACM and ETS; however, their case is not based on any personal physical injury caused by the defendants. Rather, the Longoni Plaintiffs seek only to recover money for alleged emotional damages suffered as a result of a failed contractual arrangement. Nowhere in the Complaint do the Longoni Plaintiffs allege any physical injury; rather, they state only: "Plaintiffs have suffered severe and extreme emotional distress with physical manifestations of such distress." (Objection, Ex. 4, ¶ 171). In her affidavit submitted with the response brief in opposition to the Objection (Dkt. No. 8654) (the "Response"), Longoni states:

> It was devastating to lose my house. It caused a great deal of emotional distress. I had never planned on living anywhere else. However, since this time, I have lived in 4 other places, which has caused a lot of financial and continued emotional distress, as nothing has felt quite like "home."

(Response, Ex. 9, ¶ 40). In describing the damages associated with this alleged emotional harm, Longoni goes on to state:

> After I learned of the foreclosure, I lost 13 pounds in a [sic] less than two weeks. I was forced to take prescription medications just to stop the emotional breakdowns. I was embarrassed and humiliated that this had taken place. I had a hard time concentrating at work. I cried all the time. I felt so guilty for my daughter, Lacey, who had been displaced from her childhood home.

(Id., ¶ 41). She then goes on further to describe an incident when she "ran to the side of the house, and vomited" after discovering that her neighbors had taken her belongings. (Id., ¶ 42). Notably, nowhere in the Complaint or her affidavit does Longoni allege any physical injury caused her by the actions of the ResCap Defendants.

4

ny-1199949

5. Courts examining this issue have narrowly construed the definition of "personal injury," and held that the personal injury exception outlined in 28 USC § 157 was intended only for a "narrow range of claims." Vinci v. Town of Carmel (In re Vinci), 108 B.R. 439, 442 (Bankr. S.D.N.Y. 1989). Personal injury torts must be comprised of some physical trauma or bodily injury to fit under section § 157(b)(5). Id.; Perino v. Cohen (In re Cohen), 107 B.R. 453 (S.D.N.Y. 1989); see also In re Sheehan Mem'l Hosp., 377 B.R. at 68; but see Boyer v. Balanoff (In re Boyer), 93 B.R. 313, 317-18 (Bankr. N.D.N.Y. 1988). In In re Vinci, this Court examined whether a tort claim for a statutory violation of 42 USC § 1983 fell into the § 157(b)(5) jurisdiction exception for personal injury actions. In re Vinci, 108 B.R. at 439. In determining that it did not, the Court noted that "a claim for a tort without trauma or bodily injury is not within the statutory exception for a personal injury tort." Id at 442. In a similar case discussing whether a tort claim for a statutory violation of a New York state anti-discrimination law fell under 28 U.S.C. § 157(b)(5), Chief Judge Brieant held that it did not, and stated: "[t]his is not a claim for a personal injury tort in the traditional, plain-meaning sense of those words, such as a slip and fall, or a psychiatric impairment beyond mere shame and humiliation." In re Cohen, 107 B.R. at 455.

6. In examining the same issue, the United States Bankruptcy Court for the Western District of Michigan found the New York Court's interpretation to be persuasive, and clarified that in situations like those presented here: "We do not doubt that most creditors and claimants in bankruptcy cases suffer distress of some sort. While not minimizing the emotional pain characteristic of job loss, the Claimant in the present case simply does not allege that his emotional suffering reached the level of a personal injury tort." See In re Atron Inc., 172 B.R. 541, 544 (Bankr. W.D. Mich. 1994).

5

ny-1199949

7. Here, the Longoni Plaintiffs' claim for IIED is not a traditional personal injury tort as there is no physical trauma or bodily injury alleged. All of the distress claimed by the Longoni Plaintiffs is secondary emotional or mental anguish purportedly precipitated by a failed contractual relationship and representations made during same. In addition, the facts put forth by the Longoni Plaintiffs supporting their IIED claim fail to demonstrate any real psychiatric impairment beyond shame and humiliation. As such, the facts alleged by the Longoni Plaintiffs giving rise to their IIED claim do not qualify as a personal injury tort under 28 U.S.C. § 157(b)(5). Jurisdiction in this Court is therefore proper.

**B. *Even if the IIED claim was deemed to be a "personal injury" tort, it does not form the basis of the Complaint and jurisdiction in this Court is therefore proper.***

8. Even if this Court was to find that the Longoni Plaintiffs have put forth sufficient facts to transform their IIED claim into a claim for personal injury, which the Borrower Trust denies, jurisdiction in this Court is still proper. Courts that have adopted the more expansive reading of "personal injury" under 28 U.S.C. § 157(b)(5), have only allowed non-physical injuries to be considered under the exception if they form the gravamen of the complaint. See Bertholet v. Harman, 126 B.R. 413 (Bankr. D.N.H. 1991); see also Leathem v. Von Volkmar (In re Von Volkmar), 217 B.R. 561 (Bankr. N.D. Ill. 1998); In re Thomas, 211 B.R. 838 (Bankr. D.S.C. 1997); Lang v. Lang (In re Lang), 166 B.R. 964 (D. Utah 1994).

9. In the Bertholet case, Plaintiff sought damages for lost reputation, humiliation, loss of sleep, anxiety and stress. Bertholet, 126 B.R. at 415. In ruling that these alleged mental damages from a business relationship did not rise to the level of psychiatric impairment necessary to constitute a personal injury tort under 28 U.S.C. § 157(b)(5), the court noted that "it makes sense that claims for minor emotional distress not the focus of a complaint not be

6

ny-1199949

transferred to the district court. Otherwise, alleged incidental damages . . . would too easily get transferred and too readily remove the jurisdiction of the court designated to try bankruptcy related issues." Id. The court further stated that non-physical claims more in the nature of humiliation that are incidental to the main action do not implicate § 157(b)(5). Id at 416.

10. At least one court has adopted a "hybrid approach" that combines the broad and narrow approaches and provides that when a personal injury tort claim fits under the "broader view but has earmarks of a financial, business or property tort claim, or a contract claim, the court reserves the right to resolve the 'personal injury tort claim' issue by (among other things) a more searching analysis of the complaint." In re Ice Cream Liquidation, Inc., 281 B.R at 162. The United States District Court for the Southern District of New York, in examining the same issue, held that a plaintiff's claims for emotional damages were too incidental to the main claim to transform what was essentially a business tort into a personal injury tort—and therefore did not trigger the application of 28 U.S.C. § 157(b)(5). See Siewert v. Christy (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey), 194 B.R. 728 (S.D.N.Y. 1995).

11. Here, a more searching analysis of the Complaint reveals that the IIED claim is really a contractual claim, which is not a central factor of the Longoni Plaintiffs' Claim. The IIED claim is only one of 10 original claims, 8 of which survived in the bankruptcy court, and four of which survived the Objection. (Dkt. 8825). In no way is the IIED claim the gravamen of the Complaint. The claim for damages under the IIED claim does not form the foundation of the Complaint, as the emotional injuries alleged are more properly characterized as damages as opposed to a separate and distinct tort claim for physical injury. In fact, the Longoni Plaintiffs' main grievance is predicated on the alleged representations made to Longoni regarding her

7

mortgage loan contract and subsequent foreclosure. Accordingly, the alleged fraud and misrepresentation is in the nature of a business tort, not a personal injury tort. Unlike the <u>Stranz</u> case, there is no aggravated behavior present in this case to transform the contractual relationship from a business tort to a personal injury tort. As such, jurisdiction in this Court is still proper, even if the emotional damages alleged were to be considered a "personal injury" tort under a more expansive reading of 28 U.S.C. § 157(b)(5).

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

# CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests that the Court find that the Longoni Plaintiffs' claim for IIED is not a personal injury tort under 28 U.S.C. § 157(b)(5) and that jurisdiction in this Court is proper. The Borrower Trust would further request that all of the pending claims be dealt with in their entirety in this Court.

Dated: August 14, 2015
      New York, New York

By: */s/ Jordan A. Wishnew*
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-and-

BRADLEY ARANT BOULT CUMMINGS LLP
Christian W. Hancock
Avery A. Simmons
100 N. Tryon Street, Suite 2690
Charlotte, North Carolina 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858

*Counsel for the ResCap Liquidating Trust*

9

ny-1199949