**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

RECEIVED AUG 1 2 2015 U.S. BANKRUPTCY COURT SD DIST OF NEW YORK

### Reply to "Response of the RESCAP Liquidating Trust to William Hendricks' Motion for Clarification"

Litigant herein, William Hendricks, (acting *pro se* and without counsel of record), would respectfully submit the following to the attention of the Court:

Regrettably, the above referenced "Response" filed by the RESCAP Liquidating Trust represents an attempted fraud upon this Court, inasmuch as there is very little genuinely relevant facts contained therein and what facts there are set out are designed more to obscure the truth than to "clarify" it. In short, RESCAP has engaged in a "smoke and mirrors" display of epic proportions to deflect this Court's attention from two central facts. First, the State Court litigation which is the subject of this motion was, in fact, instituted "to assert a claim to defend against or otherwise enjoin or preclude a foreclosure." RESCAP maintains, in its "Response", that "there is no foreclosure to enjoin, and accordingly, such exception does not apply." [Page 5 of the "Response".] While it is true that there is currently no foreclosure to enjoin, this is only because, once the State Court action was instituted, the State Court did in fact enjoin any further foreclosure proceedings, including the foreclosure proceeding, existing at the time and instituted by GMAC, which

1

the action was instituted to defend against. This action therefore falls squarely within the parameters of Supplemental Servicing Order 14(b). Further, since GMAC transferred its mortgage servicing processes to OCWEN, Mr. Hendricks has received monthly notices of an on-going intent to foreclose on the subject property, with each notice indicating that the subject foreclosure has only been "postponed". Clearly, the only thing keeping the subject foreclosure at bay is the continuing restraining order of this State Court action. GMAC has been placed on notice of the continuing efforts of its loan servicing representative to foreclose on the property and any current pretense of ignorance as to these efforts is purely specious and, again, an attempted fraud upon this Court.

Which leads to the second issue GMAC seeks to evade, i.e., its ownership of the Note and Deed of Trust evidencing the loan subject of the State Court action. GMAC allegedly secured such ownership through legal assignment prior to initiating the foreclosure that lead to the State Court action. In a series of Admissions filed in the State Court action, GMAC admitted to being the sole owner of the Note and Deed of Trust and thus the only real party in interest in that litigation other than Mr. Hendricks. This Admission was made for the purpose of establishing that GMAC had the right to sell the subject property pursuant to the settlement agreement it now seeks to enforce through implication in its "Response". There has been no subsequent transfer of this interest and Mr. Hendricks maintains that the restraining order in the State Court action precludes any such transfer for the purpose of evasion of liability and responsibility for discovery.

The importance of the foregoing is obvious. In State Court, GMAC claimed to own the loan in question in its own right, **not** simply as a loan servicing agency.

2

Thus, in the event that it could not prove any amount still due and owing on the subject loan, it would be required to deed the property back to Mr. Hendricks. Throughout the years that this litigation has been pending, despite numerous discovery requests and orders to produce accurate documentation, GMAC has yet to show itself able to meet the burden of establishing through competent evidence any genuine outstanding loan balance. And, since OCWEN cannot possess more in the way of documentation than was provided to it by GMAC, it is hardly likely that it would have more success than GMAC with respect to this issue.

Regardless of the foregoing, GMAC is now essentially claiming to this Court that it has no interest in the subject loan, only because it has transferred its "mortgage servicing platform" to OCWEN. OCWEN, however, is only the loan **servicing** agency for the owner of the loan which, as set out above, is what GMAC has claimed to be in the State Court. In this context, Mr. Hendricks would point out that the "Declaration" of Charles Lyman, GMAC's current State Court counsel in this case, is irrelevant to this issue because Mr. Lyman was not counsel for GMAC during the period when settlement negotiations took place between Mr. Hendricks and GMAC and during which GMAC claimed ownership of the subject loan. Nor was he counsel for GMAC when the State Court judge subsequently **voided** the subject settlement based on GMAC's failure to cooperate in the sale process required by the settlement. Mr. Lyman's claim that Mr. Hendricks is currently in violation of this voided agreement for failing to deed his property to GMAC is based on willful ignorance and a failure to review the State Court file and record of proceedings.

## CONCLUSION

GMAC sought to foreclose on the property subject of this case, claiming an outstanding loan balance which it could not prove through competent evidence on a loan which it claimed to own outright. It now seeks to claim that it has no interest in the subject loan and that there is no foreclosure proceeding. Its "Response" to this Court's order requiring clarification of the status of this case for purposes of attachment of a bankruptcy stay of proceedings indicates either a fraud upon this Court, a fraud upon the State Court, or both. This Court should respond accordingly.

Dated:_____

*[signature: William Hendricks]*

William Hendricks (movant, *pro se*)
16810 Easy Street, Apt. 00
Anchorage, AK  99577
(907) 227-7249