

**EXHIBIT 6**

From: Starr, Carmen - IA [mailto:Carmen.Starr@gmacm.com]
Sent: Wednesday, December 08, 2010 8:31 AM
To: Chambers, Joseph J.
Subject: FW: Request from Todd Silber (CT AG PI# 368825)

Mr. Chambers,

Good morning. In regard to Mr. Silber's request for a loan modification, our records indicate a complaint was received from the Connecticut Department of Banking in April 2010 and multiple complaints from Congressman Larson's office between May 2010 and September 2010. A copy of the responses issued to Mr. Silber on April 30, 2010 (Department of Banking complaint), May 5, August 13, and October 12, 2010 (congressional complaint) are attached (letters only – if you would like all of the attachments referenced in these letters, please let me know and I can mail them to you).

GMAC Mortgage, LLC ("GMACM") has reviewed Mr. Silber's account for a loan modification four times (January 13, February 15, March 15 and April 12, 2010). Due to guideline changes, unemployment income can not be utilized when reviewing an account for a loan modification. Based on our telephone conversation with Mr. Silber on December 6, 2010, he was still unemployed and the only other income he is receiving is rental income (same information received in April 2010). As our letter to Mr. Silber on October 12, 2010 indicates, a new financial analysis package was required before the end of the forbearance plan (November 1, 2010). A new financial analysis package was mailed to Mr. Silber on November 12, 2010, and a second notice requesting the complete package was mailed to Mr. Silber via certified mail (91719231720014508945999) on November 29, 2010 (copy enclosed). As of today, December 8, 2010, we have not received an updated financial analysis package

A mediation hearing was scheduled for November 19, 2010; however, Mr. Silber requested a continuance and a new mediation hearing is scheduled for December 20, 2010.

The account was referred to foreclosure on March 19, 2010, as it was due for the November 1, 2009 and subsequent payments. At this time the account remains in foreclosure as it is due for the January 1, 2010 and subsequent payments; however, no sale date has been scheduled.

As the enclosed letters indicate, GMACM has tried to work with Mr. Silber to modify his loan. As program guidelines do not allow the use of unemployment, the only income Mr. Silber receives is from rent and with rental income only 75% of this income can be used. This means that based on the $500.00 a month rental income, only $375.00 can be used as income for a modification review. To allow Mr. Silber time to increase his income (find unemployment) or decrease his expenses, a six-month partial pay forbearance plan was approved. With this plan, GMACM agreed to accept half of the contractual payment or $995.40 from June 1, 2010 through November 1, 2010. Unfortunately, not everyone qualifies for a loan modification and the assistance we can offer with a loan modification is based on affordability.

Should you have any further questions or concerns, please feel free to contact me at 1-800-627-0128, extension 2367588.

Carmen Starr
Advocacy Resolution Specialist
Executive Office
Direct dial - 1-319-236-7588
phone  1-800-766-4622 ext. 236-7588
fax  1-866-472-3253

3/2/2011 11:17 AM

HUD > Program Offices > Housing > Single Family > National Servicing Center > Variances Frequently Asked Questions

# Variances Frequently Asked Questions

**Related Information**

> **Loss Mitigation Policy & Guidance**
> **NSC FAQ Table of Contents**
> **Servicing Guidance**


EXHIBIT 13

A Lender is required to submit form **HUD-90041**, Request for Variance Procedure, on any Loss Mitigation Option where all HUD requirements have not been met. These Variances are to be submitted via the **Extension and Variance Automated Requests System (EVARS)**.

All Variances are considered on a case-by-case basis. When preparing a Variance for Special Forbearance, Loan Modification, or Deed-in-Lieu of Foreclosure (DIL), Mortgagee is to select "other button."

When preparing a Variance for the Preforeclosure Sale Program (PFS) and FHA-HAMP Option, the Lender is to utilize the drop down menu and select the appropriate choice.

The Borrower must occupy the property as a principal residence to be eligible for any of the reinstatement options (Special Forbearance, Loan Modification, or FHA-HAMP). Lenders are authorized to grant reasonable exceptions to non-occupant Borrowers seeking relief through the Standard PFS Program, or DIL of Foreclosure when it is clear that the subject property was not purchased as a rental investment, or used as a rental for more than 18 months. Justification for the above exceptions must be documented in the claim review file.

12-12020-mg   Doc 9025-1   Filed 08/17/15   Entered 08/17/15 17:09:27   Exhibit 6
13   14   17   20   22   24   33   35 and 36   Pg 3 of 20
12-12020-mg   Doc 7979-19   Filed 01/12/15   Entered 01/12/15 16:27:37   Exhibit P
to Priore Declaration   Pg 15 of 21

**Subject:** RE: Settlement, reinstatement offer

**From:** Jeffrey Knickerbocker (jknickerbocker@huntleibert.com)

**To:** silber_spades@yahoo.com;

**Date:** Monday, May 30, 2011 12:09 PM

EXHIBIT 14

Thank you for your email. As we discussed on the phone, I will forward your offer to my client. I want to make clear that our position is that the GMAC arrearage is correct, not incorrect as your email states below.

Also, our position is that you signed a note and mortgage that required you to make monthly payments, and you breached that agreement. At that point, our client did not have any obligation to negotiate anything. Further, our client was well within its rights to commence a foreclosure action. We are ready to litigate that issue.

However, I will forward your proposal to our client and I will let you know what the response is.

Jeffrey M. Knickerbocker, Esq.
Hunt Leibert Jacobson, P.C.
50 Weston St.
Hartford, CT 06120
Tel: 860-241-1621
Fax: 860-241-1721
jknickerbocker@huntleibert.com

AMONG THE LEGAL SERVICES THIS LAW FIRM PROVIDES IS DEBT COLLECTION AND ANY INFORMATION PROVIDED BY YOU WILL BE USED FOR THAT PURPOSE. This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. Hunt Leibert strives to provide exemplary service. Please feel free to contact us at feedback@huntleibert.com with any comments you may have.

**CONNECTICUT HOUSING FINANCE AUTHORITY**



September 01, 2011

Revised 9/1/11

Todd Silber
73 Farnham Road
South Windsor, CT 06074

Re: Application for Emergency Homeowners' Loan Program (EHLP) Mortgage Loan

Dear Todd Silber,

The Connecticut Housing Finance Authority (CHFA) has determined that you are eligible under the Emergency Homeowners' Loan Program. Enclosed you will find the EHLP Approval and Loan Commitment providing details of the program as well as the terms and conditions of your approval. Under the terms of EHLP, the maximum loan amount available per household is $50,000.00. That is the total amount available for both initial disbursement to pay your mortgage arrearage and total of all monthly assistance to be provided combined. Based upon verified figures provided by your lender including an arrearage of $43,736.80, monthly assistance is available for up to 5 months. CHFA has determined your monthly contribution to your mortgage payment will be $878.54. Monthly assistance under the program will be $1,112.26. Please review the notice thoroughly, initial the bottom of pages 1 & 2 and sign and date it appropriately at the bottom of page 3 and return it to CHFA.

CONDITIONS: You must provide a satisfactory copy of your homeowner's insurance declarations page reflecting CHFA as loss payee as indicated in the approval notice no later than 5 business days prior to your closing. You must contact your first mortgage lender to insure the lender escrows for property taxes and homeowners insurance and that your mortgage payment includes the amount necessary for these escrows.

CHFA will contact you to schedule your closing. Please feel free to contact the CHFA Customer Service Call Center at 860-571-3500 or toll free at 877-571-CHFA (2432) for questions regarding your Emergency Homeowner's Loan Program mortgage loan.

Sincerely,

Kimberly J. Misenti
Manager, Operations and Underwriting, Special Programs

*999 West Street / Rocky Hill, Connecticut 06067-4005 / 860-571-3500 / Fax 860-571-3595 / www.chfa.org*



Reinstatement figure from GMAC Mortgage, LLC



2 of 2

Should of Been 20 Payments
No Fees

Chased Twice
47,784

Chase Fees Twice

Arrearage
Contractual obligation

CHFA -
Audit Past Due

See Letter From
CHFA - Concerning EHLP

(1750)

20 payments  39816.00
→ Past Due Less Fee's = ~~3,920.80~~

Alledged Fees  Inspection  112.50
Advances  1577.30
Guststanding Foreclosure  1991.00
Advances
LL Payment Sept 25th  1990.80

# Federal Emergency Homeowners' Loan Program (EHLP)
# Fact Sheet

The Federal Emergency Homeowners' Loan Program (EHLP) provides assistance to eligible Connecticut homeowners who are 90 days or more delinquent with their first mortgage payment as a result of having suffered a loss of income due to unemployment, underemployment or suffered adverse economic conditions resulting from a medical emergency or serious injury. Utilizing federal funds, eligible homeowners are given a mortgage assistance loan to pay mortgage arrearages, delinquent taxes, homeowners insurance, condominium fees and foreclosure related legal fees as well as assist with monthly mortgage payments for up to 24 months or $50,000 whichever comes first. The assistance is provided as an interest free forgivable mortgage loan as long as the borrowers continue to reside in the property and pay their first mortgage on time.

The EHLP program is available through September 30, 2011 and is administered by the Connecticut Housing Finance Authority (CHFA).

**Homeowner Eligibility Requirements:**
- **Income Thresholds**: Eligible homeowners' current household income must be equal to or less than 120 percent of the Area Median Income (AMI) adjusted for household size for the City/Town where their principal residence is located. Household income includes wages, salary, and self-employed earnings and income of all adult members of the household.
- **Significant Income Reduction**: Eligible homeowners must have a current yearly gross income that is at least 15 percent lower than the pre-hardship income due to unemployment, underemployment or from a medical emergency or serious injury.
- **Principal Residence**: Eligible homeowners must reside in the mortgaged property as their principal residence. The mortgaged property must also be a single family residence (1 to 4 unit structure or condominium unit). Please note that no business or commercial use of the property is allowed.
- **Ability to Resume Repayment**: Eligible homeowners must have a reasonable likelihood of being able to resume repayment of the first mortgage obligation and meet other housing expenses and debt obligations within 2 years.
- **Loan Terms**: 0% forgivable mortgage loan as long as the borrowers continue to reside in the property and pay their first mortgage on time.

**Terms and Conditions of Assistance:**
Only homeowners eligible for monthly assistance under the terms of the program will be eligible for assistance under the EHLP program. EHLP program funds are not available to assist homeowners with arrearages only.

- The maximum total amount of assistance is $50,000 per household.
- Assistance with monthly mortgage payments may be provided for 12 months which can be extended if necessary for an additional 12 months for a maximum of 24 months of assistance. Monthly mortgage payments must include escrows for property taxes, hazard insurance, and flood insurance, if applicable.
- Homeowner contribution to monthly first mortgage loan payments will be set at 31 percent of gross income at the time of application, but in no instance will it be less than $25 per month.

*999 West Street ~ Rocky Hill, CT 06067 ~ 860-721-9501 ~ www.chfa.org*

- The amount of monthly assistance is the dollar amount necessary to satisfy the homeowner's first mortgage loan payment in excess of the required homeowner contribution toward their first mortgage loan payment.

2 of 2

**Termination of Monthly Assistance:**
Assistance is terminated and the homeowner resumes full responsibility for meeting the first mortgage loan payments in the event of any of the following circumstances:

- After 24 months or the maximum loan ($50,000) amount has been reached whichever occurs first;
- The homeowner fails to report changes in income or employment status;
- The homeowners' household income is restored such that the first mortgage payment (Principal, interest, taxes and insurance escrows) is less than 31% of the monthly aggregate household income.
- The homeowner no longer resides in, sells, or refinances the debt on the mortgaged property; or
- The homeowner defaults on their required contribution to CHFA toward the first mortgage loan payment.

**Income Re-evaluation:**
After initial income verification at application intake, the homeowner shall be required to notify CHFA of any changes in the household income and/or employment status at any point throughout the entire period of assistance and must provide financial documentation for re-evaluation no less than 12 months from the initial approval when requested by CHFA.

**Repayment Requirements & Terms for Declining Balance Feature:**
FEHLP loan terms allow for a declining balance during the five years immediately following the final assistance payment (the five year repayment period) made on behalf of a homeowner who has successfully completed participated in the program. No payment is due on the note during the 5 year term so long as the assisted household maintains the property as principal residence and remains current in his or her monthly payments on the first mortgage loan. If the homeowner meets these two conditions, the FEHLP loan balance shall decline by twenty percent (20%) annually.

**Events Triggering Note Repayment:**
The homeowner will be responsible for repayment of the applicable balance of the FHELP note to CHFA or its successor, if, at any time during the five year repayment period, any of the following events occur:

- The homeowner no longer resides in the mortgaged property as a principal residence, but maintains ownership;
- The homeowner defaults on its portion of the current mortgage; or
- The homeowner receives net proceeds from selling or refinancing debt on the home.

**To Obtain More Information:**
Homeowners may contact the CHFA Customer Call Center at 860-571-3500 or toll free at 1-877-571-CHFA (2432) for additional information and to determine preliminary eligibility to receive FEHLP applications.

*999 West Street ~ Rocky Hill, CT 06067 ~ 860-721-9501 ~ www.chfa.org*

# Request for Variance
## Pre-foreclosure Sale Procedure

U. S. Department of Housing
and Urban Development
Office of Housing
Federal Housing Commissioner

OMB Approval No. 2502-0589
(exp. 05/31/2016)

c reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, ,ching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This information is required to obtain benefits. HUD may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

Section 1064 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988 authorizes the Secretary to pay an insurance claim that "bridges the gap" between the fair market value proceeds from the HUD-approved third party sale of a property. The respondents are lenders, counselors, and homeowners who are attempting to sell their properties prior to foreclosure. The Privacy Act of 1974 pledges assurances of confidentiality to respondents. HUD generally discloses this data only in response to a Freedom of Information request.

| Mortgagee Name and ID No.: | Date of Request | Name & Telephone No. of Contact Person: | FHA Case Number |
|---|---|---|---|
| | | | |

| Homeowner's Name | Property Address: |
|---|---|
| | |
| Homeowner's Name | |

EXHIBIT 22

Mark one, as appropriate: The following variance is requested, for reason indicated below:

[ ] Approval of the subject homeowner's participation in the Pre-foreclosure Sale procedure has been withheld because the "as-is" appraised value of the property is less than the required 70 percent of the outstanding unpaid balance.
A copy of the appraisal is attached.

| "AS-IS" Appraised Value | Outstanding Debt | Ratio of "AS-IS" Appraised Value to outstanding debt (as percent) |
|---|---|---|
| $ | $ | % |

[ ] Approval of a proposed contract of sale has been withheld because the estimated net sale proceeds are less than the required 82 percent of the "as-is" appraised value of the subject property.
A copy of the HUD-1 is attached.

| "AS-IS" Appraised Value | Gross Sales Price | Estimated Net Sales roceeds | Ratio of estimated Net Sale Proceeds to "AS-IS" appraised value (as percent) |
|---|---|---|---|
| $ | $ | $ | % |

[ ] Request variance from other criterion (identify the criterion) _____

_____

Jusification for requesting HUD approval of this variance from customary Pre-foreclosure Sale procedure:

Local HUD Office Response:    Comments ( if any):

[ ] Granted

[ ] Denied

_re & Title of HUD Official:    Date

form **HUD-90041** (06/2003)
ref. Handbook 4330.1

# GMAC Mortgage

April 30, 2010

Todd Silber
73 Farnham Road
South Windsor CT 06074

RE:   Account Number      0602198843
      Case Number         41721
      Property Address    73 Farnham Road
                          South Windsor CT 06074

Dear Todd Silber:

This is in response to correspondence received from the State of Connecticut Department of Banking on April 20, 2010, regarding your request for assistance with the above-referenced account.

I have researched this matter and reviewed all of the information in your file. On December 18, 2009, a financial analysis package was received. According to the information provided, your only income was from unemployment. However, as specified on the Fax Cover Sheet, a copy of the benefits statement or letter from the provider that states the amount, frequency, and duration of the benefit is needed. Such benefit must continue for at least 9 months to be considered qualifying income. We also did not receive the required copy of the signed federal income tax return.

On January 11, 2010, the account is noted that the Loss Mitigation Department needed the unemployment awards benefit letter. On January 12, 2010, the signed federal income tax return was received.

As you have an FHA loan, if the account is 90 days or more delinquent, the Loss Mitigation Department will review the account for a traditional modification first. With a traditional modification, based on the homeowner's monthly net income (can not use unemployment income), we attempt to reach a payment that will create a monthly surplus of approximately $300.00.

If the account is denied for a traditional modification it is then reviewed for the FHA Home Affordable Modification Program (FHA HAMP). With this program, the goal is to reach a payment that is 31% of the homeowner's monthly gross income. However, if the back end debt to income (DTI) is greater than 55%, we are unable to offer an FHA HAMP modification. Back end DTI is the current mortgage payment (with escrow), plus revolving debt divided by gross income.

The Loss Mitigation Department completed their review on January 13, 2010; however, they were unable to approve a loan modification. The account did not qualify for a traditional modification as the only income was unemployment; therefore, it was reviewed for the FHA HAMP. Based on a monthly gross income of $3,677.92, your back end DTI was 73% making you ineligible for the FHA HAMP. A denial letter was mailed to you on January 13, 2010 (copy enclosed). A loss mitigation representative also



www.gmacmortgage.com
3451 Hammond Ave
Waterloo, IA 50702



April 30, 2010
Account Number 0602198843
Case Number 41721
Page Two

attempted to reach you at your home telephone number (860-922-4156) on January 14, 2010. The notes indicate there was no answer.

A new financial analysis package was received on January 29, 2010. Again we did not receive the unemployment benefits statement showing the benefits would continue for 9 more months.

On February 8, 2010, you contacted our office and said that you were told we would not refer to the account to foreclosure as long as we were reviewing for a loan modification. The representative advised you this was incorrect and at this time only receipt of a payment would keep the account from foreclosure. The notes indicate you were also advised we needed the unemployment benefit award letter showing the benefits would continue for 9 more months.

On February 18, 2010, you submitted information from the Massachusetts Division of Unemployment. Unfortunately, this information did not confirm the unemployment payments were going to continue for 9 months from the effective date of a trial modification. Due to this the account was denied for a traditional modification and a denial letter was mailed to you on February 25, 2010 (copy enclosed).

On March 8, 2010, you contacted our office and advised you had an extension of 17 weeks for unemployment, then another 20 weeks. The notes state you indicated the state just granted another extension. Based on this information the representative opened a work order to the Loss Mitigation Department to review the account.

Even though we did not receive confirmation of the unemployment extension, the Loss Mitigation Department reviewed the account on March 15, 2010. Based on unemployment benefits of $3,542.50, the account was denied for a FHA HAMP as your back end DTI was 65%. A denial letter was mailed to you on March 15, 2010 (copy enclosed).

Ms. Kay Frey in our Executive Offices contacted you on March 30, 2010, to discuss the loan modification denial. On April 1, 2010, you advised Ms. Frey that your finances had changed. You stated that you had signed a lease agreement and would be receiving $500.00 a month from rental income. Ms. Frey advised we would need a copy of the lease agreement or a signed notice from the tenant confirming they were paying rent; however, we were only able to use 75% of the rental income. She also advised we were unable to use your unemployment income as it does not continue for 9 more months.

The lease agreement was received on April 5, 2010; therefore, the Loss Mitigation Department reviewed the account with this income on April 12, 2010. Unfortunately, based on an income of $375.00 ($500.00 x 75%), we were unable to approve a traditional modification or a modification through the FHA HAMP. A denial letter was mailed to you on April 12, 2010 (copy enclosed).

GMAC Mortgage, LLC ("GMACM") is willing to accept a 6-month partial payment forbearance plan. With this plan, you would make payments of $995.40 (one-half of the contractual payment amount) on the 1st of each month from June 1, 2010 through November 1, 2010. This plan will allow you time to

3 of 3

April 30, 2010
Account Number 0602198843
Case Number 41721
Page Three

increase your income or decrease your expenses or to transition to another home if the need arises. It will also allow time for the new HAMP guidelines to be implemented.

The account is currently due for the November 1, 2009 and subsequent payments. The foreclosure proceedings have been placed on hold for 30 days. If you would like to proceed with the partial payment forbearance agreement, please contact me directly. 

I understand your frustration; however, it is important to understand that loan modifications, repayment plans, and other default options are designed to cure the delinquency on an account. However, regardless of the status of the account (current or delinquent), the assistance that we can offer our customer is based on affordability. A modification will not benefit the customer if they are financially unable to make their modified payments.

Should you have any further questions or concerns, please feel free to contact me at 1-800-627-0128, extension 2367588.

Sincerely,

Carmen Starr
Advocacy Resolution Specialist
Executive Offices

Enclosures

C:  State of Connecticut
    Department of Banking
    Attn: Deborah E. Buckley
    260 Constitution Plaza
    Hartford CT 06103-1800

John,

HUD > Program Offices > Housing > Single Family > National Servicing Center > Servicing and Loss Mitigation Frequently Asked Q...

# FHA NSC Loan Servicing and Loss Mitigation Frequently Asked Questions

**Related Information**
- Single Family Hou...
- National Servicing Center
- Loss Mitigation Services
- Homeownership Centers
- Avoid Foreclosure Rescue Scams
- Avoiding Foreclosure
- Housing Counseling Agencies
- Making Home Affordable (U.S. Treasury)
- Resources for Borrowers

**What's New**

SF Handbook: *Servicing* Section Published

Loan Quality Assessment Methodology

New SF Handbook FAQs posted to HUD.gov

Electronic Appraisal Delivery (EAD) Portal Implementation

**Assumptions** - Assumption of an FHA-insured mortgage is a servicing function where the responsibility or paying for a mortgage is taken over by another person through simple assumption or creditworthiness assumption.

**Claims** - The vehicle utilized for payment of insurance proceeds from HUD to a Lender is the Insurance Benefit Claim form HUD- 27011. This form is utilized for all submissions of Claims for Conveyance of Property and Loss Mitigation Option Incentives.

**Deed-in-Lieu** - The Deed in Lieu of Foreclosure (DIL) is a disposition option in which a borrower voluntarily deeds their collateral property in exchange for a release from all obligations under the mortgage. A DIL may not be accepted from Borrowers who can financially afford their mortgage payments.

**Extension of Time** - To comply with required time frames, an Extension of Time is a tool afforded to Lenders to assist in the initiation or completion of HUD's Loss Mitigation Program (except Preforeclosure Sales) and/or foreclosure action. A lender is required to submit to NSC-Oklahoma City, **form HUD-50012**, Mortgagee's Request for Extensions of Time, prior to the expiration of the respective time frame via **EVARS**.

**FHA Connection** - FHA Connection (FHAC) is an online portal used by Lenders to report on and update the status of their respective FHA portfolios. In addition, the FHAC facilitates the following Single Family Servicing functions: Claims Processing, Delinquent Loans, HECM Reports, Monthly Premiums, Mortgage Record Changes, Mortgage Calculator, Mortgage Servicing Data Quality System and Lender Query by Case Number. For additional information about FHA Connection, log onto **FHAC FAQs**.

**FHA-HAMP** - FHA-HAMP provides Borrowers who are in default and/or in imminent default a greater opportunity to retain homeownership using a Partial Claim combined with a Loan Modification. See Mortgagee Letters **09-23** and **13-32**. Also see **ML 2012-22 and 2013-32 Frequently Asked Questions (FAQs)**.

**Foreclosure** - Foreclosure should only be considered as a last resort and should not be initiated until all Loss Mitigation Options have been exhausted. When foreclosure cannot be avoided, it must be started quickly and prosecuted vigorously to minimize losses to both the Lender and HUD.

**General Loss Mitigation** - This category includes all Loss Mitigation questions that are not specific to one of the Loss Mitigation Options.

**General Servicing** - This category includes all General Servicing items stated within HUD Handbook 4330.1 REV-5, Administration of Insured Home Mortgages.

**Loan Modification** - A Loan Modification is a permanent change in one or more of the terms of a Borrower's loan, allows the loan to be reinstated, and results in a payment the Borrower can afford.

**Preforeclosure Sale** - The Preforeclosure Sale (PFS) Program allows the defaulted Borrower to sell his/her home and use the Net Sale Proceeds to satisfy the mortgage debt even though the Proceeds are less than the amount owed. NOTE - NSC and the Post Claims Division have developed a listing of **PFS Allowable and Disallowable fees**. If the fee the Lender wants to verify is not on the list, the Lender will need to submit a Variance via HUD's **EVARS**

**System.**

2 of 2

### Single Family Default Monitoring System - Data reported to the
Single Family Default Monitoring System (SFDMS) is used to measure the effectiveness of origination and servicing activities, and the potential risk to HUD's Insurance Fund.

### Special Forbearance - Unemployment - A Special Forbearance (SFB)
- Unemployment Agreement is a written Agreement between a Lender and a Borrower, which contains a plan to enable the Borrower time needed for them to acquire employment.

### Variance - A Lender is required to submit form HUD-90041, Request for Variance Procedure on any Loss Mitigation Option where all HUD requirements have not been met. These Variances are to be submitted via EVARS System. All Variances are considered on a case-by-case basis. When preparing a Variance for Special Forbearance, Trial Payment Plan, Loan Modification, Partial Claim or Deed-in-Lieu, the Lender is to select "other button". When preparing a Variance for the Preforeclosure Sale Program and FHA-HAMP Option, the Lender is to utilize the drop down menu and select the appropriate choice.

Leslie Mowatt

## Mowatt, Leslie - IA

**From:** VOCG PA
**Sent:** Monday, August 02, 2010 3:59 PM
**Sent:** Monday, August 02, 2010 3:59 PM
**To:** Mowatt, Leslie - IA
**Subject:** FW: SILBER, Todd
**Attachments:** 2010_08_02_Silber.pdf

8843 - Cong
CS - you had previously

EXHIBIT
35
4 Pages
1 of 4

Bobbie Martin
Executive Office

**From:** Lieber, Michele
**Sent:** Monday, August 02, 2010 3:18 PM
**To:** VOCG PA; Martin, Bobbie - IA
**Subject:** Fw: SILBER, Todd

Please review, provide me with an update and add to the Congressional log for a response.

Michele

**From:** Perrone, Lisa H. <Lisa.Perrone@mail.house.gov>
**To:** Lieber, Michele
**Sent:** Mon Aug 02 15:20:53 2010
**Subject:** SILBER, Todd

Dear Ms. Lieber:

Your contact information was shared with me via another caseworker in Congress. That being said, please let me state for the record our office does not vouch for individual's finances. I am forwarding this letter from Mr. Todd Silber regarding the difficulties with his mortgage to see if your offices could be of assistance. Any help you can offer would be greatly appreciated by all parties involved. Thank you for you attention to this matter.

Todd Silber

73 Farnham Rd.

South Windsor, CT 06074

Loan # ▇▇▇▇ 8843

<<2010_08_02_Silber.pdf>>

**Lisa H. Perrone - District Aide**

**John B. Larson - Member of Congress**

**221 Main St. 2nd Floor**

**Hartford, CT 06106-1864**

Carmen Starr

**Starr, Carmen - IA**

**From:** Lieber, Michele
**Sent:** Monday, August 02, 2010 5:55 PM
**Sent:** Monday, August 02, 2010 5:55 PM
**To:** Starr, Carmen - IA
**Subject:** Re: SILBER, Todd

2 of 4

Thanks. I will let the Congressman's office decide if they want to give us a privacy release.

Thanks,
Michele

**From:** Starr, Carmen - IA
**To:** Lieber, Michele
**Sent:** Mon Aug 02 17:36:58 2010
**Subject:** FW: SILBER, Todd

Hello again – OMG on this account☺☺☺ I haven't talked to the borrower since May 10, 2010, nor have I had any voice mails from him.

In reviewing his account of what happened compared to what our records say, it's a lot different – of course he is making GMAC look bad and from what the notes show on the account, we've tried to help him and called him back, etc.

The forbearance plan is still in place and the next payment isn't due until 9/1 – he has been told that prior to the end of the forbearance period he would need to submit a new financial analysis package to the Loss Mitigation Department....

I will prepare a letter in response to his allegations — we do not have authorization for Congressman Larson's office.....

Please let me know your thoughts!! Thanks Michele – I'm out of here for the day, but will be here tomorrow. Thanks!!!!!

Carmen Starr

Advocacy Resolution Specialist

Executive Office

Direct dial - 1-319-236-7588

phone   1-800-766-4622 ext. 236-7588
fax     1-866-472-3253

**From:** Mowatt, Leslie - IA
**Sent:** Monday, August 02, 2010 4:28 PM
**To:** Starr, Carmen - IA
**Subject:** SILBER, Todd

**From:** VOCG PA
**Sent:** Monday, August 02, 2010 3:59 PM

8/3/2010

Carmen Starr

**To:** Lieber, Michele
**Sent:** Mon Aug 02 16:19:05 2010
**Subject:** RE: SILBER, Todd

3 of 4

Thank you for your help!

**From:** Lieber, Michele [mailto:michele.lieber@ally.com]
**Sent:** Monday, August 02, 2010 4:17 PM
**To:** Perrone, Lisa H.
**Subject:** Re: SILBER, Todd

Thanks Lisa. I will pass this along for review.
Michele

**From:** Perrone, Lisa H. <Lisa.Perrone@mail.house.gov>
**To:** Lieber, Michele
**Sent:** Mon Aug 02 15:20:53 2010
**Subject:** SILBER, Todd

Dear Ms. Lieber:

Your contact information was shared with me via another caseworker in Congress. That being said, please let me state for the record our office does not vouch for individual's finances. I am forwarding this letter from Mr. Todd Silber regarding the difficulties with his mortgage to see if your offices could be of assistance. Any help you can offer would be greatly appreciated by all parties involved. Thank you for you attention to this matter.

Sent: Todd Silber

73 Farnham Rd.

South Windsor, CT 06074

Loan # ▮▮▮▮8843

<<2010_08_02_Silber.pdf>>

**Lisa H. Perrone - District Aide**

**John B. Larson - Member of Congress**

**221 Main St. 2nd Floor**

**Hartford, CT 06106-1864**

**Ph (860) 278-8888**

**Fax - (860) 278-2111**

**Website - www.larson.house.gov**

Your call!

8/13/2010

# Connecticut Fair Alternative Mortgage Lending Initiative and Education Services Program

EXHIBIT 36
1 of 4

This program has been discontinued. The details below are posted for informational purposes only.

## Overview

The Connecticut Fair Alternative Mortgage Lending Initiative and Education Services Program (CT FAMLIES) offers to refinance first mortgage loans for Connecticut homeowners who are delinquent or anticipate becoming delinquent and who would benefit from refinancing their mortgage into more affordable 30-year fixed-rate mortgages.

In addition, the CT FAMLIES program offers second mortgage loans in conjunction with the first mortgage loan. The second mortgage can be used to pay closing costs, back taxes and other arrearages. In addition, the second mortgage can be applied towards any gap between the appraised value of the home and what is owed on the home.

CHFA is committed to helping Connecticut's homeowners who are facing financial hardship. Homeowners who believe they might benefit from a CT FAMLIES Program mortgage loan should apply directly with a CHFA CT FAMLIES participating lender. (See, CT FAMLIES participating lenders.)

Follow the links below for more information regarding the Connecticut Fair Mortgage Lending Initiative and Education Services Program

- CT FAMLIES Program Interest Rates
- Who can apply for a CT FAMLIES Program mortgage loan?
- What types of mortgages are eligible for a CT FAMLIES refinance mortgage loan?
- What types of property can you refinance with a CT FAMLIES Program mortgage loan?
- What is the maximum you can borrow under the CT FAMLIES Mortgage Program?
- How do you qualify for a CT FAMLIES Second Mortgage loan?
- What else should you know about a CT FAMLIES Program mortgage loan?
- How do you apply for a CT FAMLIES Program mortgage loan?
- Questions? Contact CHFA.
- Additional information

## CT FAMLIES Program Interest Rates

Currently, the CT FAMLIES Mortgage Program is refinancing mortgages at the following rate:

** Please note, this rate is subject to change and additional fees may apply.

---

## Who can apply for a CT FAMLIES Program mortgage loan?

Eligible homeowners under the CT FAMLIES Program are those who own one home that they occupy year-round as a primary residence. They are currently delinquent or anticipate becoming delinquent on their mortgage due to an extenuating circumstance or rate increase. In addition, eligible homeowners have a household income within the CHFA's income limits. Household income includes the before-tax income of all adults, 18 or older, who are not full time students and are living in the home.

Please note: Income limits do not apply to any applicant whose home is located in a designated targeted area census tract in Connecticut. (See, Targeted Areas.)

- **Applicants must demonstrate financial responsibility prior to hardship.**
  - Homeowners who are delinquent or who anticipate becoming delinquent on their mortgage payments must demonstrate that their delinquency is the result of a financial hardship caused by circumstances beyond their control.

    The eligible homeowners must also demonstrate that their loan payment history was current for the six months preceding the onset of their hardship. If they are unable to do so, the lender will review their payment record for the last 12 months to determine whether their payment history is acceptable under the program. (Your CT FAMLIES paticipating lender can advise you as to whether you meet these conditions.)

Homeowners that do not meet the CT FAMLIES eligibility requirements may contact a CHFA-approved Housing Counseling Agency to explore other options that may be available. (See, Homebuyer Education for a list of agencies near you.)

---

## What types of mortgages are eligible for a CT FAMLIES refinance mortgage loan?

All types of mortgages are eligible to be considered for a CT FAMLIES refinance.

---

## What types of property can you finance with a CT FAMLIES refinance mortgage loan?

The CT FAMLIES Program requires that applicants eligible for this program have homes that meet property, appraisal and inspection guidelines.

- **Property Guidelines**
  In order to qualify for this program, the property must be the applicant's primary and only residence where the applicant lives year-round. The applicant may not use the loan to refinance recreational, vacation, investment, commercial or rental properties. No part of the refinanced property may be designed for commercial purposes.

  In addition, the property must meet one of the definitions listed below:

  - Single-family home
  - Two- to four-family home, as long as the borrower is an owner-occupant of one of the units
  - Condominiums or Planned Unit Developments (PUDs)

- **Appraisal and Inspection Guidelines**
  In order to qualify for this program, the home must have an appraised value that supports the mortgage. The CT FAMLIES participating lender will order a full appraisal of the home. In the event the appraisal indicates that the property is in need of repairs, they must be completed prior to closing. The appraiser will perform an inspection of the repairs and provide a satisfactory repair inspection report to the Participating Lender. The homeowner is required to pay for the repair inspection when one is necessary.

---

## What is the maximum you can borrow under the CT FAMLIES Program?

CHFA sales price limits determine the maximum mortgages available under the CT FAMLIES Program by the county where the home is located. Furthermore, the maximum mortgage on a home cannot exceed 97% of the appraised value.

---

## How do you qualify for a CT FAMLIES Second Mortgage loan?

Under the CT FAMLIES Second Mortgage Assistance Program, CHFA will provide additional financing up to $25,000 to assist eligible borrowers when the first mortgage loan is not enough to pay off their current mortgage, and/ or they lack sufficient resources to pay for closing and other costs, like back taxes and water and sewer arrearages.

To further qualify, eligible borrowers under this program must have exhausted their financial resources, including liquid assets, above $5,000. They must also establish that they can afford to repay both the first and second mortgage.

---

### What else should you know about a CT FAMLIES Program mortgage loan?

- **You will be required to attend Homebuyer Counseling.**
  All borrowers are required to attend a 3-hour financial fitness class prior to closing the CT FAMLIES loan with a CHFA-approved counseling agency. (*See*, Financial Fitness Class Schedule.)

- **Your refinanced mortgage requires mortgage insurance.**
  A CT FAMLIES refinance mortgage is insured in accordance with CHFA insurance guidelines. This loan will require an Upfront Mortgage Insurance Premium (UFMIP) and an annual premium, collected monthly. (*See*, your CT FAMLIES participating lender to obtain clarification on this requirement.)

---

### How do you apply for a CT FAMLIES Program mortgage loan?

Prospective borrowers under the CT FAMLIES Program may contact one of the following CT FAMLIES participating lenders and should be prepared to provide full documentation of their household income and credit obligations.

- **Freedom Mortgage Corporation** - 800-813-9420
- **Liberty Bank** - 888-570-0773
- **McCue Mortgage** - 800-382-0017
- **First Niagara Bank, N.A.** - 800-892-2096
- **People's United Bank** - 800-772-1090
- **The Savings Institute Bank and Trust** - 800-423-0142 or 860-423-4581
- **Webster Bank** - 888-681-7788

---

### Questions? Contact CHFA.

Prospective borrowers should first contact their CT FAMLIES participating lender for information on this loan program. For additional assistance; borrowers may contact CHFA's Customer Call Center at 1-860-571-3500 or toll free at 1-877-571-2432.

---

### Additional information

The following documents are related to the CT FAMLIES Program. To open and view the document, click on the document title. Please note that some documents may need client software to view the document.

**Related Documents**                                                                Found: 0 matches Displaying: 0 - 0

| File | Size | Type |
| --- | --- | --- |

There are no items to show in this view.

| File | Size | Type |
| --- | --- | --- |

Found: 0 matches Displaying: 0 - 0

**Connecticut Housing Finance Authority (CHFA)** still has money available for their **Connecticut Families Refinance Program**, but it is quickly running out. The primary goal of this program is to help families that have found themselves in a financial hardship due to matters that are out of their control such as:

- Loss of Job, but they have to be presently employed to qualify, because they have to demonstrate the ability to pay the new reduced payment.

- Temporary loss of overtime or reduction in work hours

- Unexpected loss of child support or alimony

- An unanticipated expense such as a funeral or medical bills.

- An unforeseen housing repair expense not covered by insurance

- Loss of rent if the house is a multi-family house.

These are just of few of the possible things that qualify as a financial hardship for this **Connecticut Housing Finance Authority (CHFA Connecticut Families Refinance Program**. What does not qualify as a hardship is if the financial problems were caused by financial mismanagement, such as running up credit cards. A divorce is also not a qualifying reason for a hardship for this program. The Homeowner does not have to be current on their payments, as well as other monthly debts, but as stated before the reason for the financial problems can't be because of financial mismanagement.

Guidelines for the **Connecticut Housing Finance Authority (CHFA) Connecticut Families Refinance Program** are:

- Max LTV 97%; Max CLTV 108%

- Pre-closing and post-closing counseling are required

- Underwritten by CHFA guidelines – no delegated underwriting

- No minimum FICO

- Ratios 31%/43% although exceptions up to 50% are allowed with compensating factors on a case-by-case basis.

- Cannot refinance if meets the guidelines of available conventional or government insured fixed rate mortgage

- Homeowner must write a hardship letter fully detailing the cause(s) for the hardship.

- Interest rate is the current CHFA rate (3.75% this week)

- Do not have to be first time homeowners to qualify, as the case for other CHFA programs.

There are other guidelines for this program, but these are the major ones. Please feel free to call me with your questions about **the Connecticut Housing Finance Authority (CHFA) Connecticut Families Refinance Program**, and I will try to further explain. This is one of the few programs that I have seen that has actually provide real help for homeowners that are in trouble with their mortgage. If you think you or someone you know may qualify for the program, contact me and I will help determine if you do.

*********************************************************************************************

Who To Call For Your Mortgage Needs In Connecticut:

George Souto NMLS# 65149 is a Loan Officer who can assist you with all your FHA, CHFA, and Conventional mortgage needs in Connecticut. George resides in Middlesex County which includes Middletown, Middlefield, Durham, Cromwell, Portland, Higganum, Haddam, East Haddam, Chester, Deep River, and Essex. George can be contacted at (860) 573-1308 gsouto@mccuemortgage.com, or visit my McCue Mortgage Homepage.

LIKE
Bookmark Re-Blog
close

**This entry hasn't been re-blogged:**

Re-Blogged By Re-Blogged At

Topic:
Mortgage / Finance