UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

### ORDER DENYING ERLINDA ABIBAS ANIEL'S MOTION FOR RECONSIDERATION

Pending before the Court is Erlinda Abibas Aniel's ("Aniel") motion for reconsideration (the "Motion," ECF Doc. # 8997). The ResCap Liquidating Trust (the "Liquidating Trust") and the ResCap Borrower Claims Trust (the "Borrower Trust" and, together with the Liquidating Trust, the "Trusts") filed an objection (the "Objection," ECF Doc. # 8237) to two sets of claims filed by Aniel: (1) Claim Numbers 112 and 114 (the "Estiva Claims"), which relate to a property located at 801 Foothill Drive, San Mateo, California 94402 (the "Estiva Property"); and (2) Claim Numbers 416 and 417 (the "Aniel Claims" and, together with the Estiva Claims, the "Claims"), which relate to a property located at 75 Tobin Clark Drive, Hillsborough, California (the "Aniel Property"). The Claims are based on state and federal causes of action previously asserted against Debtors GMACM Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS") in two separate actions commenced in California courts. Aniel filed an opposition to the Objection (the "Opposition," ECF Doc. # 8370) and the Trusts filed a reply (ECF Doc. # 8472). The Court held a hearing on April 16, 2015 and took the matter under submission. On June 30, 2015, the Court issued an Opinion and Order (the "Opinion," ECF Doc. # 8820) sustaining in part and overruling in part the Objection. Familiarity with the Opinion is assumed.

On July 9, 2015, Aniel filed the Motion seeking reconsideration of the Opinion on the basis that the Court did not address two issues allegedly raised in her Opposition: (i) whether the Court lacked jurisdiction to sustain the Objection to the Estiva Claims because her appeal of the California state court order dismissing the underlying action was pending but stayed by the Debtors' chapter 11 filings (*see* Motion at 1–3); and (ii) whether res judicata barred the Trusts from challenging her ownership interest in the Estiva Property because she listed a 50% ownership interest in the property on the schedules she filed in her chapter 7 bankruptcy case, but the Debtors never challenged her ownership of the Estiva Property before it was abandoned by the chapter 7 trustee (*see id.* at 3–4). The Court concludes that Aniel has not established grounds for reconsideration of the Opinion. Therefore, her Motion is **DENIED**.

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Federal Rule of Civil Procedure ("FRCP") 59, which allows a party to move to alter or amend a judgment. *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59. Bankruptcy Rule 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b).

2

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

S.D.N.Y. LBR 9023-1(a).[1] Bankruptcy Rule 9006, which governs the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANK. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)). Aniel's Motion was filed ten days after the Opinion was issued, and it is therefore timely under Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). However, relief under Bankruptcy Rule 9023 is not warranted because Aniel has not identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

---

[1] Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* S.D.N.Y. LBR 9023-1 cmt.

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

In order to establish grounds for reconsideration, a "movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005); *see also Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court."). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing reconsideration under FRCP 59). Parties cannot use a motion for reconsideration to advance new facts or arguments and may not submit affidavits or new material. *Asia Global Crossing*, 332 B.R. at 524; *accord Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997). "The standard for granting motions to reargue is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Adams*, 686 F. Supp. at 418 (citations omitted); *see also Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003).

Aniel first argues that the Court failed to address that it "lacked jurisdiction to expunge [her] claims because the case [underling the Estiva Claims] is still pending in [the] California Court of Appeals." (Motion at 2.) However, Aniel never raised this argument in her Opposition or at the hearing on the Objection, and a motion for reconsideration is not an appropriate means

4

to advance a new argument. *See Sequa Corp.*, 156 F.3d at 144. While lack of subject matter jurisdiction can generally be raised at any time, *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991) (citations omitted), Aniel's argument clearly lacks merit in any event—the pendency of a California appeal does not alter or limit this Court's subject matter jurisdiction to resolve an objection to a claim filed against the Debtors.

Second, Aniel claims that her ownership interest in the Estiva Property was conclusively established pursuant to an order of the California bankruptcy court presiding over her chapter 7 case, which permitted the chapter 7 trustee to abandon her alleged ownership interest in the Estiva Property (as listed on her bankruptcy schedules). (Motion at 3.) Aniel asserts that the bankruptcy court's abandonment order has preclusive effect as to her ownership interest in the Estiva Property because the Debtors never challenged this alleged ownership interest in her bankruptcy case, and therefore the Court erred in holding that she lacked standing to assert a wrongful foreclosure cause of action with respect to such property. (*See id.* at 3–4.) However, this argument does not alter the Court's conclusion that Aniel lacked standing to challenge the Estiva Property foreclosure. In holding that Aniel lacked standing to assert a wrongful foreclosure claim with respect to the Estiva Property, the Court stated:

> The Aniels assert that they held an interest in the Estiva Property under the Estiva Grant Deed and a 50% interest in the Estiva Property "as agreed upon with the Estivas." However, they have not submitted any written agreement evidencing their 50% interest in the Estiva Property, nor have they alleged that they assumed the Estiva Loan. To the contrary, the Aniels admit that their names were not on the Estiva DOT but state that they made regular payments on the Estiva Loan to GMACM. Additionally, as in *Anolik*, the Estiva Grant Deed was not recorded until February 3, 2011, several years after the foreclosure process was commenced upon the issuance of the 2008 Estiva NOD and several months after the 2010 Estiva NOS was recorded. Accordingly, the Aniels lack standing to challenge the Estiva Property foreclosure.

5

(Opinion at 20–21 (internal citations omitted).)  The California bankruptcy court's abandonment order does not affect this analysis because Aniel's chapter 7 trustee could only abandon whatever ownership interest in the Estiva Property that Aniel possessed before she filed for bankruptcy; the abandonment of her alleged ownership interest could not augment her rights and confer her with co-borrower status under the loan secured by the property.  The Court held that Aniel did not submit evidence sufficient to rebut the Trusts' Objection to her standing to assert a wrongful foreclosure claim by producing a written agreement establishing her ownership interest or her assumption of the applicable loan.

Because Aniel has not identified any clear error in the Court's prior Opinion warranting relief under Bankruptcy Rule 9023, her Motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 18, 2015
       New York, New York

                                        **/s/Martin Glenn**
                                        MARTIN GLENN
                                        United States Bankruptcy Judge

6