UNITED STATE BANKRUPTCY COURT SOUTHER DISTRIC OF NEW YORK.
ONE BOWLING GREEN
NEW YORK, N.Y. 10004-1408

8/11/2015

To: Hno. Glenn martin
Re; findings & rulings clarification
Residential capital #12-12020  CLAIM#452

Att: Hno; Judge; I am requesting the Court's clarification of findings & rulings, as the Trust is advising the entire claim was ruled disputed facts.

In addition; the court needs to clarify August 5 of 09 agreement, & how it should be implemented as Ocwen is objecting and now Pichardo is having heated arguments with both the Trust & Ocwen over the August 5 of 09 as valid agreement. As this contract was transferred Gmac to Ocwen pichardo had nothing to do with its transition. It seems that there is no end to this evil. I get into more heated arguments, & nothing seems to be resolved as they read a different conclusion from findings & rulings.

From what I read your findings were:
1- GMAC is liable for negligent misconduct.
2- You concluded the August 5 of 09 agreement is valid.
3- Your findings show the corrected agreement is barred from consideration of evidence prior or contemporaneous Negotiations or agreements at variance with the written agreement under parole evidence
4- The corrected agreement is subject to fraud statute & under such it is invalidated by not signing such & since the duress is alleged & the negligent misrepresentation has been satisfied, how will the Court Prevent the injustice now perpetrated on two fronts, the Trust & Ocwen. Now I am being placed in a position to explain Court's findings & rulings. Court need to specify valid agreement enforceability.
5- Please address the Overruled & undisputed portions, The restitution which I explained to the Trust your order to confer on for negotiations.

I find myself faced with inconsistencies from two fronts with no one taking responsibility for wrongdoings. As I have sent more evidence of dates of services for effects, the court need to advised if its satisfied with Declaration from My doctor who has seen me for all these years, & gave orders for hospitalizations.
Pichardo therefore requests clarifications & the need for court to address how the Trust & Ocwen should refrain from causing more distress to Pichardo, as Ocwen is warding off liability based on partie's own interpretations. PLEASE NOTE THE TRUST & OCWEN SAY THE OTHER IS RESPOSIBLE FOR AGREEMENT.
Court must determine who is to answer as Pichardo had nothing to do with platform sold or bought on loan. Pichardo requests order from Court to address the Trust & Ocwen issues, as neither entity is abiding by finding or rulings., to the extent that this is causing more stress than solutions.

Neither the Trust nor Ocwen rely on the Court's rulings to abide by or implement it. Therefore Pichardo requests court's clarifications on rulings as rulings were not uncertain to see who gets the best benefits. Liability must be assessed by rulings made to have parties comply, before an evidentiary hearing is held as must of the evidence was submitted from which court made present ruling.

Julio Pichardo _____      Cc; morrison & foerster/Trust counsel  ., Cc: Ocwen

Severson & Werson
19100 Von Karman Av  #700
Irvine California, 92612

8/7/2015

Mr. Yarom Shaham
Re: Judge Glen Martin Rulings.

Mr. Shaham; as you were telephonically present for July 16, 2015 10 am. N.Y.B. Court hearing, enclosed you may find a copy of Judge Martin Glenn's decision which is label not for publication. Rulings are highlighted as a courtesy.

Enclosed you may also find transcript copy provided by Morrison & Foerster days back.

You may notice as you also heard, the judge addressing all issues which support my California case.

As such it is incumbent upon you to immediately impose the august 5 0f 2009 modification agreement Which contains the particulars described by Judge Glenn martin of principal reduction with integration clause and his rulings validating 8/5/09 agreement.

This matter has been addressed before the California filings with the same rulings made by Judge Frederick Aguirre case 30-2012-00581642 cited by Judge Glenn.

Even if the summary requested by you will be held, with amended filing to be submitted soon; you must abide by Judge Glenn's rulings as it bars consideration of extrinsic evidence of prior or cotemporaneous negotiation or agreements at variance with the written agreement.

The corrected agreement is also rendered unenforceable by California law Statute that mortgages, deeds, & modifications are subject to Statute of frauds.

I expect to see Ocwen's September statement showing that these changes have been complied with, as you were present during N.Y.B.C. 7/16/2015 hearing.

Should this not be imposed immediately, sanctions will be strictly imposed with penalties & punitive damages.

Julio Pichardo._____
Via: Certified of mailings
Cc: N.Y.B.C
Cc: to be filed with California superior court.

*MORRISON & FOERSTER LLP*
Attorneys for Rescap Borrower Claim Trust
250 West 55th Street
New York, N.Y. 10019

8/7/2015

To: Mrs. Erika Richards;
Re: Proposed settlement of proof of claim #452

Att: Mrs. Richards;   On may 5th I received a e-mail from you scheduling a call to for Friday 8/7/2015 to be at about 9:30 am pacific time.
Upon answering the call, you informed me you were authorized by The Trust to negotiate claim #452.
Also you informed me another of your attorney was on line.

Before initiating, I asked if you were speaking for Ocwen as they were present telephonically at 7/16/2015 hearing, you informed me you did not.   You mentioned that the Judge's order were for parties to confer or schedule hearing before Judge Glenn, then you pointed to Judge Glenn's decision sustaining the Objections. I immediately referred that the Judge overruled without prejudice the following:
1- Negligent Misrepresentation -
2- Breach of Contract
3- Breach of Implied Covenant of Good Faith & Fair dealings
4- UCL claim.
5- Restitution sought to the UCL Overruled.

Pg (18) The Trust does not dispute the fact of negligence misrepresentation.
Pg (29) The Trust does not deny the fact that it took actions to alter Pichardo's rights under the August agreement as much as those rights are challenged now, Pichardo has alleged sufficient facts in support of his breach of the implied covenant of good faith & fair dealing claim.
"Pg(32) The Trust acknowledged that an individual can bring cause of action under the UCL."

Pg(20) The Trust asserts that Pichardo has failed to demonstrate that he made "additional payments" to ward off criminal liability in accordance with alleged misrepresentation made by GMAC which is inconsistence with payment amounts made June 24, August 12, September 3, October 14, & November 17. which the Trust provided no explanation & the Trust does not even cite the payment history on its objection.

"Judge Glenn cites that Pichardo is entitled to restitution in light of the payments made."

I also pointed to Judge Glenn's conclusion that the <u>Court draws the reasonable inference that the defendant is liable for the misconduct alleged</u> pg(16). To this the Court relies on the causes of action to establish relief for claim.   Judge Glenn concludes that rulings for relief is not based on speculations, or just facts, but it must meet Plausibility requirements.   Based on Judge Glenn's ruling, I required August 5, 2009 agreement be imposed.   Your response was that I must address this issue to Ocwen.   As Ocwen was invited by the Trust to the 7/16/2015 hearing & transition & acquisition of Loan was made by Debtor's counsel, it is incumbent on debtors counsel as I have, to require Ocwen's imposition of 8/5/09 agreement as the Operative valid agreement per rulings.   Ocwen counsel did not attend 7/16/2015 by mere coincidence, the Trust requested Ocwen's counsel be present telephonically.   Not only that but requested filing from Ocwen to support the Trust's objection.   I've sent Court's ruling to Ocwen's counsel Mr. Shaham to immediately

impose 8/5/09 agreement as valid.

Upon expressing this to you Mrs. Richards, you questioned the rulings on this matter & referred to it as disputed issues of fact, but Pg(2) of the opinion & order, Judge Glenn Rules that to the extent the Objection is overruled, it is overruled without prejudice, "the remaining portions" of the Claim involves issues of facts that cannot be resolved on the current record, and that unless the parties are able to resolve "the remaining portions" of the claim, an evidentiary hearing will be required.

By Judge Martin Glenn's rulings, only remaining portion may be disputed in hearing by the parties.
This does not refer to overruled portion which the Trust cannot disputes, or
My question to you Mrs. Richards was, whether you requested call to settle claim or to dispute claim.

This in light of your continued assumption that the all of the claim are disputed facts, which are not.

My understanding is that the overruled portions and portions the Trust does not dispute ruled upon by Judge Glenn, are not to be regressed as it as misrepresentation declaration made before a Judge in court.

My evidence contained a summary declaration from my physician which declares the effect mortgage issues have had on my condition, as Dr. Azzam Samir has been my doctor which has ascertained for the court the effects & causes produced which also contains hospitalizations details records during these periods. In addition dates on which high blood pressure erupted due to mortgage notifications. Also I have requested emergency room dates for exacerbation of high blood pressure & hospitalizations.

Mrs. Richards you requested I produce a breakdown of what percentage is attributed to damages, worsening my condition, the emotional distress, exacerbation of high blood pressure the anxiety & depression.

My response was, whether this were issues for disputed fact hearings or whether you were negotiating claim settlement. In all no one can place a price on Emotional Stress, high blood pressure, depression & anxiety. When you mentioned that 30% of the claim is what you would negotiate, my impression was that it would be of the claimed amount. Later you mentioned that 30% is from what may be allowed by Court, I assume that you are referring to disputing claim not settling it. If the Court allows an amount why would I adjust it? Should you require me to determine how much is attributed to the causes of actions that have been ruled by Judge Glenn I don't see how you would be able to determine that as it would be well over the claim amount.

I can assure you that the overall of this claim to the causes of action overruled, & the effect it has had on my and my wife which is a signer to the proof of claim & has been affected as she is part of me & my two kids, the amount claimed is very modest in comparison to the effects. Whenever I have been place in a hospital, away from family, when I cannot see my kids to embrace them or to hug them, I don't know how you can place a price to this, but I suggest that you place my offer I sent of $250,000.00 Dollars, & should they want to proceed to hearings let me know.

Should hearings be scheduled, this offer amount is void. Claim amount $650,000.00 will be in effect.
We can determine then what the Judge would allow.

The following details are cause effect of injury claimed due to mortgage issues of emotional distress,

anxiety, depression, sleeplessness & how these affected family relations:
1- Calls & correspondence to & from servicers in issues ruled by judge Glenn. (a) argument with GMAC of 7/24/09 payment made (b) argument with GMAC of 7/10/09 default & foreclosure notice (c) arguments with GMAC of 8/3/09 default & foreclosure notice (d) argument with GMAC over payment made 8/12/09, Argument with GMAC of payment made 9/3/09 (e) argument with GMAC of payment made 10/6/09, Argument with GMAC of payment made 10/14/09 (f) argument with GMAC of payment made 11/17/09. (g)argument over the phone with GMAC of threat of foreclosure, (h) argument with GMAC over the breach Of Contract issues (i) argument with GMAC over undue escrow charges (j)argument with GMAC ignoring Grace periods, (k)argument with GMAC over principal forgiveness. (l)Argument with GMAC over Nov, 09 contract.

These are but a few of the confrontations causing high blood pressure eruptions which ultimately placed me in the hospital per Dr. Samir Azzam's declaration & records submitted & to be submitted of emergency room dates on which I was seen for effects caused. Dates listed required increased doses of medication to counter high blood pressure condition caused.

I mentioned that portion of medical records were submitted, although it may take some time to obtain others. It can't be done immediately should this be for the purpose of settling claim. My understanding was you were negotiating over evidence in claim proposing settlement, it seems more like for evidentiary hearing.

If this is what you are referring to, I may request Court to grant relief from stay, then we may litigate as much as you want. In the meantime, let me know so I can relate the matter to Court, of the characterized claim in its entirety as disputed Fact. The Judge can then determine portion of evidentiary hearing needed. that way we can determine how to proceed. My impression is the judge will advise you to read rulings as they are clear. Hopefully it will satisfy your understanding of it. It may seems contentious to the Judge but for the purpose of settling case, your understanding differs from rulings.

I suggest we inquire from Court if the judge refers to entire claim for evidentiary hearing or simply the portion of disputed facts, along with the need for more medical declarations referring to dates, or if the Judge is satisfied with declaration from my Doctor who has seen me all these years & admitted me to the hospital under his emergency room orders due to condition each time per his medical declaration.

Once you are clear, we can go from there. This must be done per Judge's order before Sept 4, to have been Concluded with certainty that you wish to settle claim with proposal to present to the Judge for approval.

Julio Pichardo

dated 8/7/2015

Cc: file

Edit Patient                                                                                                                                              Page 1 of 1



**OA-Rx, an e-Prescribe Program from Office Ally**
OA-Rx is a web-based e-Prescription program designed to integrate into Office Ally's Practice Mate and EHR 24/7 applications. OA-Rx gives you the abilities to create prescriptions to transmit or print, reply to renewal requests, view patient eligibility for prescription benefits, and much more. Learn how to sign up and use OA-Rx by clicking here.

Welcome, melissa321. You are logged in.

OA-Rx Renewals (0)  Failed Transmissions (0)  Pending OA-Rx (1)  eVisit Message (0)  New Patient Message (8)

Home | EHR          <<LOGOUT | HIPAA | Privacy | PayerLists / Forms | FAQ | Training Videos | Contact | Help | Remote Support |

Desktop    Appointments    Patient Visits    Manage Patients    Patient Portal

Back To Patient List

### Edit Patient - [Patient ID: 13343733]

| | | |
|---|---|---|
| Patient ID: 13343733 | Last Name: Pichardo | First Name: Julio |
| Mid. Initial: | DOB - Age: 03/10/1954 - 61 yrs. 5 mos. old | Sex: M |
| Pat. Acct. No: | Account Type: Primary Insured/Guarantor | SSN: -- |
| Primary Care Provider: [ ] Clear | Referring Provider: [ ] Clear | Account Status: Active |
| Patient Responsibility Balance: $0.00 | ☐ Do not print Billing Statements | |

Patient Data   Insurance   Appointments   Visit History   Template   Health Records   Documents   Alerts

Select Actions ▶

**Upcoming Appointments:**

No upcoming appointment records for this patient

**Past Appointments:**

| Date | Time | Length | Provider/Staff | Office | Reason For Visit | Status | Edit | Del |
|---|---|---|---|---|---|---|---|---|
| Thursday 12/18/2014 | 02:00 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | Check up | Completed | | |
| Tuesday 11/25/2014 | 11:00 am | 15 mins | Samir Azzam, MD | Orange County Primary Care | Check up | Last Minute Reschedule | | |
| Monday 10/13/2014 | 03:00 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | walk in | Completed | | |
| Friday 5/30/2014 | 04:30 pm | 15 mins | Samir Azzam, MD | Orange Office | Illness | Completed | | |
| Tuesday 4/30/2013 | 02:00 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | CHECK UP | Completed | | |
| Monday 3/18/2013 | 10:30 am | 15 mins | Samir Azzam, MD | Orange County Primary Care | Follow Up HOSP | Completed | | |
| Monday 7/9/2012 | 04:00 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | Follow Up | Completed | | |
| Tuesday 11/15/2011 | 03:00 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | Hemorrhoids | Completed | | |
| Thursday 3/10/2011 | 10:00 am | 15 mins | Evelyn Gomez, PAC | Orange County Primary Care | Follow Up | Completed | | |
| Tuesday 3/16/2010 | 04:15 pm | 15 mins | Samir Azzam, MD | Orange County Primary Care | Follow Up | Completed | | |
| Tuesday 9/22/2009 | 10:30 am | 15 mins | Samir Azzam, MD | Orange County Primary Care | follow Up | Confirmed | | |

[Print Patient Demographics] [Update] [Cancel] [Apply]

Shortcut Keys: Alt F1-Help | F2-Add New Appointment | F7-Add New Visit | F8-Add New Payment | F9-Add New Patient | F10-Patient List

---

**Patient/Provider Eligibility - Screening - EDI**
Contact | Legal Terms & Notices | Privacy
© 2015 OfficeAlly.com
WEB06
3.9.0

https://pm.officeally.com/pm/ManagePatients/EditPatient.aspx?Tab=P&PageAction=edit&...   8/11/2015

Name: PICHARDO JULIO          Birthdate: 3/10/1954      Social Security #: 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
Address: 1201 E SUDENE AVE
         FULLERTON, CA 92831

| Number | Name | Disch. Date | Stay | Admit Date | MR Number | SSN | Chart | X | ay |
|---|---|---|---|---|---|---|---|---|---|
| 81313500 | PICHARDO JULIO | 6/16/2015 | 3 | 6/15/2015 | 000555401 | 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 | | 0 | 55! |
| 81288108 | PICHARDO JULIO | 2/16/2015 | 3 | 2/16/2015 | 000555401 | 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 | WAREH | 0 | 55! |
| 81036589 | PICHARDO JULIO | 2/17/2012 | 3 | 2/17/2012 | 000555401 | 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 | | 0 | 55! |
| H80B20412 | PICHARDO JULIO | 9/16/2009 | 2 | 9/15/2009 | 000555401 | 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 | HIM M | 0 | 55! |
| HH2241179 | PICHARDO JULIO | 5/07/2009 | 1 | 5/04/2009 | 000555401 | 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 | HIM M | 0 | 55! |
| HH2187239 | PICHARDO JULIO | 12/11/2008 | 1 | 12/07/2008 | 000555401 | 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 | | | |
| HH2084543 | PICHARDO JULIO | 3/27/2008 | 1 | 3/24/2008 | 000555401 | 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 | | | |
| HH1992918 | PICHARDO JULIO | 6/24/2007 | 3 | 6/23/2007 | 000555401 | 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 | | | |
| HH1962854 | PICHARDO JULIO | 2/24/2007 | 3 | 2/24/2007 | 000555401 | 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 | | | |
| HH2186812 | PICHARDO JULIO | 3/07/2006 | 3 | 3/06/2006 | 000555401 | 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 | | | |
| HH2110214 | PICHARDO JULIO | 8/13/2005 | 3 | 8/12/2005 | 000555401 | 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 | | | |
| HH2091885 | PICHARDO JULIO | 7/06/2005 | 3 | 7/06/2005 | 000555401 | 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 | | | |
| HH1799059 | PICHARDO JULIO | 7/04/2005 | 3 | 7/04/2005 | 000555401 | 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 | | | |
| HH1797286 | PICHARDO JULIO | 6/24/2005 | 3 | 6/24/2005 | 000555401 | 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 | | | |
| HH1940155 | PICHARDO JULIO | 3/28/2005 | 3 | 3/27/2005 | 000555401 | 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 | | | |
| HH1693159 | PICHARDO JULIO | 3/25/2005 | 1 | 3/19/2005 | 000555401 | 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 | | | |
| HH1922788 | PICHARDO JULIO | 1/18/2005 | 3 | 1/18/2005 | 000555401 | 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 | | | |
| HH1891017 | PICHARDO JULIO | 11/03/2004 | 3 | 11/03/2004 | 000555401 | 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 | | | |
| HH1671811 | PICHARDO JULIO | 11/02/2004 | 1 | 10/30/2004 | 000555401 | 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 | | | |
| HH1888663 | PICHARDO JULIO | 10/21/2004 | 3 | 10/21/2004 | 000555401 | 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 | | | |
| HH1570741 | PICHARDO JULIO | 3/28/2003 | 3 | 3/28/2003 | 000555401 | 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 | | | |
| HH1572464 | PICHARDO JULIO | 2/14/2003 | 3 | 2/14/2003 | 000555401 | 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 | | | |

[ Account Detail ]        [ All Accts Results ]   [ Clinical Notes ]   [ Same MR Number ]   [ Same XR Number ]   [ Next Account ]

[ Add to My Patients ]   [ Mammography ]         [ Clinical History ]                     [ Same SS Number ]