**SOUTHERN DISTRICT OF NEW YORK**
**UNITED STATES BANKRUPTCY COURT**

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

              Debtors

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

### CREDITORS/CLAIMANTS RESPONSE TO THE SUPPLEMENTAL OBJECTION AND REPLY OF RESCAP BORROWER CLAIMS TRUST'S EIGHTY – SECOND OMNIBUS OBJECTION TO CLAIMS-NOS. 3910 4085 OF PHILIP EMIABATA AND SYLVIA EMIABATA

The creditors Philip Emiabata and Sylvia Emiabata with respect to the debtors/ Rescap Borrower Claim Trust's Supplemental Objection and Reply to their eighty-second omnibus objection respectfully represents:

**General Statement**

1. Creditors at this time cannot be able to give a response full response to this Borrower Trust Supplemental Objection and Reply to their eighty –second omnibus objection to claims.
   The court is also aware and is on record/ on file that by creditors original response (opposition) dated June 1, 2015 to the debtors eighty-second omnibus to claim, creditors informed the court of its handicap to putting up a complete and full opposition to this Borrower Trust eighty –second omnibus objection to claim and also to this their subsequent Supplemental objection and Reply respectfully.
2. In said creditors response or original opposition ( Doc. # 8726) to this omnibus objection to claims, creditors inserted a right provided to them by law ,whereby creditors stated that they have the right to amend , add to their original response when they creditors must have been supplied with creditors discoveries, and answers to their interrogatories. See paragraphs 2 and also paragraphs 12 of the creditors said Response – Doc. # 8726.
3. See also creditors Motion to Extend time to complete discovery ( Doc. # 8822) and Motion to Compel such discovery from the debtors/ Borrowers Claim Trust ( Doc. # 8821) where creditors  stated that their hands are tied without the providing of such discovery materials/ its Interrogatories.
   HENCE CREDITORS ARE UNABLE TO PUT A FULL, COMPLETE RESPONSE OR OPPOSITIONS TO THIS DEBTORS EIGHTY – SECOND OMNIBUS OBJECTION TO THE CLAIMS.

1

4. **QUERY:** Creditors wonders, why debtors/ Borrowers Claim Trust went ahead to put their Supplemental objection and Reply to a half, partial response of creditors response ( or opposition) of June 1, 2015 supra. When in fact and in law creditors expressly stated their rights as provided by law –to add , amend and to put their full defense or opposition to this debtors omnibus objection to claim supra. And this creditors right were asserted because creditors needed discovery materials in possession of debtors to enable them to put their full defense

5. Not when the debtors/ its counsels expressly stated that they ( debtors) have all this materials, records, books, et al which they stated they studied and relied on those materials, records, books et al in their omnibus objection to claim.

6. In para. 46 of debtors Supplemental Objection and Reply (Doc. # 8810) the Borrower Trust claimed it has provided the creditors "with electronic copies of all the documents that were relied on in preparation of the Objection and Reply.
What debtors sent is what they think they can provide – IT IS NOT WHAT CREDITORS ASKED FOR TO PUT A FULL RESPONSE TO DEBTORS OBJECTION AND REPLY.

7. If creditors demanding for discovery was "premature"; it follows through also then that this Borrower Claim Trust Supplemental objection and Reply is premature since creditors has not put in a full, complete response or opposition.

8. Of important here , creditors pending case before a Federal District court in Massachusetts was merely closed only because the Federal District court anticipate that this Bankruptcy court at Southern District of New York will resolve all material factual and legal disputes of this creditors case with debtors.
**Thus, how can this bankruptcy court resolve these legal and material facts of the disputes in the case with this debtors eighty-second omnibus objection to claim without even discoveries/Interrogatories being supplied.**

9. (a) Notwithstanding the above stated paragraphs; in this Borrower Claim Trust Supplemental objection and Reply – therein their Preliminary Statement at para. 2 and 3 mentioned 'validation', 'accuracy', etc. ". . . . . . . . in an effort to validate the accuracy of the allegations made in the Response and claims at issue, and for the reasons described herein, the Books and Records do not show any liability due and owing to the Respondents".
**Before the creditors can say that there is no liability to Respondents (Creditors) –"any liability due and owing to the Respondent". That is why creditors want those records, books, etc. pertaining to the party's disputes or issues on disputes, for creditors to check and seek the authenticity, accuracy, validity of same.**
(b) **Even herein; the debtors / its counsels stated about burden shifted to Respondents. See para. 3. How can burden be shifted to creditors when debtors have not supplied all creditors demanded for (discoveries) supra. Mostly when they debtors relied on those discovery materials in coming up with their omnibus objection to claim. And discovery is not the ones according to them they choose to send "electronic" ones.**

10. Even most of the Declarations attached to the Objection and its Supplemental and Reply,; what is the truthfulness of those declarations. And that is why creditors want their Discovery materials and Interrogatories answered to see the truthfulness, validity

2

veracity of those declarations. AND TO EVEN KNOW WHETHER IT WILL BE A GROUND FOR IMPEACHMENT.

11. Creditors have proved their claim. Debtors are liable to creditors. The burden still remain with the debtors/Borrower Claims Trust ; until otherwise creditors get what they demanded for. Discoveries, Interrogatories, productions of documents, et al are all used to settle cases.

12. Creditors reiterate, that our case is not res judicata; it was a case on advisory closed in a Federal district court supra, with the court truly believing that it will be resolved in this bankruptcy court - **NOT THROUGH THIS OMNIBUS WITHOUT PROVIDING DISCOVERIES. To respectfully disagree with this court, if this court felt it is through this omnibus to be the way to resolve all the legal and material disputes ( that was not resolved before it was moved to this bankruptcy court); creditors maybe forced to go back to the Federal district court to re-open the case.** And tell them that the debtors/ its counsels; including this Bankruptcy court wants to resolve this case based on : 1. Omnibus objection and 2. Not providing time for discovery, Interrogatories and the discovery materials itself.

13. (a) Federal Rules of Civil Procedures 26(f) on conference and with leave of court. What is the difference between what creditors did by asking the court to compel (Doc. # 8821) and asking for a conference with leave of court. It is the same: because in both scenarios, creditors were asking or inviting the court to intervene in discovery.
**Creditors have sufficiently pleaded a cause of action that support their claim both in the Federal District court of Massachusetts where the case was pending for more than a year plus without debtors putting their answer to our claim in the said Federal district court.**
(b) **Who makes it as stated by debtor's (Borrower Claim Trust) that creditors have not "...... sufficiently pleading a cause of action that would support a claim". Are these debtors the judge in this bankruptcy court. Because, we are still in America, where you cannot be a judge in your own case.**

WHEREFORE, the debtors omnibus objection, including this their Supplemental objection and Reply should not be granted, until creditors have all the materials demanded to enable creditors put their full answers or opposition to debtors eighty – second omnibus objection to claim NOT ON A PARTIAL RESPONSE/ OPPOSITION which was prompted by non-supply of discoveries and interrogatory materials.

August 12, 2015

/s/ Philip Emiabata and Sylvia Emiabata
Philip Emiabata; Sylvia Emiabata
508 Evening Grosbeak Drive
Pflugerville TX 78660
Tel. (512) 791-2395;
(512) 992-9998

CERTIFICATION OF SERVICE

A copy of the above was served by first class mail on August 13, 2015 to:

Morrison & Foerster LLP.
250 West 55th Street
New York, New York 10019
ATTN: Norman Scott Rosenbaum
　　　Jordan A. Wishnew
　　　M/s Arret