**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION AND**
**REARGUE FILED BY TODD SILBER**

The ResCap Borrower Claims Trust (the "Trust") filed an objection (the "Objection,"
ECF Doc. # 7979) to proof of claim number 4222 (the "Claim") filed by Todd Silber ("Silber").
Silber filed an opposition to the Objection (ECF Doc. # 8064) and the Trust filed a reply (ECF
Doc. # 8160).   The Court held a hearing on the Objection on February 25, 2015 and the Court
took the matter under submission.  On March 9, 2015, the Court issued a memorandum opinion
and order (the "First Opinion," ECF Doc. # 8265) sustaining in part and overruling in part the
Objection.  Subsequently, Silber filed a motion for reconsideration (ECF Doc. # 8353), which
this Court denied on March 26, 2015, except to the extent the Court clarified its First Opinion
(ECF Doc. # 8364).

For the portions of the Claim that remained after this Court's ruling in the First Opinion,
the Court conducted an evidentiary hearing on July 15 and 16, 2015.  At the conclusion of the
parties' presentation of evidence, the Court took the matter under submission.  On August 4,
2015, the Court issued a memorandum opinion and order (the "Second Opinion," ECF Doc.
# 8962) sustaining the Objection and disallowing and expunging the remaining portion of
Silber's Claim.

On August 17, 2015, Silber filed a motion for partial reconsideration and reargument
relating to the Second Opinion (the "Second Reconsideration Motion," ECF Doc. # 9025).  On

the same date, Silber filed a notice of appeal of the Second Opinion (the "Notice of Appeal," ECF Doc. # 9032).

Filing a notice of appeal confers jurisdiction on the appellate court and divests a trial court of jurisdiction to act on the matters that are subject to the appeal. *See, e.g.*, *In Re Winimo Realty Corp. v. City of Albany*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (filing of notice of appeal divests lower court of jurisdiction over those aspects of the case involved in the appeal). "The divestiture rule applies to appeals of bankruptcy proceedings." *Id.* (citing *Hagel v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP 1995) ("A pending appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

The Court does not have jurisdiction to rule on the Second Reconsideration Motion because of Silber's appeal from the Second Opinion to the United States District Court for the Southern District of New York. The Second Reconsideration Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 24, 2015
      New York, New York

                                              **/s/Martin Glenn**
                                          MARTIN GLENN
                              United States Bankruptcy Judge