**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER (I) CLARIFYING THAT WILLIAM HENDRICKS'S
ALASKA STATE COURT ACTION VIOLATES THE PLAN INJUNCTION,
AND (II) DIRECTING ACTION TO BE DISMISSED WITH PREJUDICE**

Pending before the Court is William Hendricks's ("Hendricks") *Motion for Clarification Re: Bankruptcy Stay* (the "Motion," ECF Doc. # 8667). By the Motion, Hendricks seeks entry of an order clarifying whether the automatic stay applies to a prepetition Alaska state court action Hendricks filed against Debtor GMAC Mortgage, LLC ("GMACM"). The Court entered an order directing the ResCap Liquidating Trust (the "Trust") to respond to Hendricks's Motion. (ECF Doc. # 8777). Subsequently, the Trust filed a response to the Motion (the "Response," ECF Doc. # 8846),[1] and Hendricks filed a reply (the "Reply," ECF Doc. # 9024).

For the reasons set forth below, the Court concludes that Hendricks's prosecution of his Alaska state court action violates the injunction provisions of the Debtors' confirmed chapter 11 plan (the "Plan," ECF Doc. # 6065-1).

## I. BACKGROUND

**A. Facts**

On December 21, 2010, Hendricks filed a complaint (the "Complaint," Lyman Decl. Ex. 1) in the Superior Court for the State of Alaska, Third Judicial District at Anchorage (the

----

[1] The Response is supported by the declaration of Charles Lyman (the "Lyman Declaration," *id.* at 9–11), a member of Schlemlein Goetz Fick & Scruggs, PLLC, counsel to GMACM in the Alaska state court action.

"Alaska Court") against GMACM (the "Alaska Action"), alleging that GMACM violated certain Alaska statutes by: (1) "consistently fail[ing] . . . to provide an accurate pay-off statement, falsely maintaining that [Hendricks] is required to pay a number of additional fees and interest payments . . . over and above the principal and interest actually owed on the subject mortgage debt" (*id.* ¶ 4); and (2) initiating foreclosure proceedings after Hendricks challenged the disputed additional charges and provided documentation in support (*id.* ¶ 5). The Complaint seeks compensatory and punitive damages against GMACM and equitable relief in the form of an order requiring GMACM to: (i) refrain from further foreclosure proceedings for a six-month period to permit the sale of the subject property; and (ii) provide Hendricks with a formal, accurate payoff statement to facilitate the sale of the subject property. (*Id.* ¶¶ 9–10.)

On August 24, 2011, the Alaska Court entered an order memorializing a settlement reached between Hendricks and GMACM (the "Settlement Order," *id.* Ex. 3 at 53–54). Pursuant to the Settlement Order, Hendricks would place the subject property for sale immediately; if the property did not sell within six months, he would execute a deed in lieu of foreclosure to GMACM and the case would be closed. (*Id.*)

On May 14, 2012 (the "Petition Date"), Debtor Residential Capital, LLC and its affiliated Debtors, including GMACM, filed voluntary petitions for relief in this Court. (*See* ECF Doc. # 1.) On July 13, 2012, the Court entered an order (the "Supplemental Servicing Order," ECF Doc. # 774), modifying the automatic stay with respect to foreclosure actions and non-judicial foreclosures initiated by the Debtors to permit borrowers, mortgagors, or lienholders to assert claims and counter-claims relating exclusively to the subject property for the purposes of

defending, enjoining, or precluding foreclosure.[2] (*See id.* ¶ 14.) On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309), establishing (1) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim (*id.* ¶ 2); and (2) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date") (*id.* ¶ 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time). (*See* ECF Doc. # 2093).

On December 11, 2013, the Court entered an order confirming the Plan (the "Confirmation Order," ECF Doc. # 6065).[3] The Plan became effective on December 17, 2013 (the "Effective Date"). (Response ¶ 4.) Pursuant to the terms of the Plan and Confirmation Order, the Trust was deemed substituted as the party to any litigation in which the Debtors are a party. (*See* Plan art. VI; Conf. Order ¶ 34.)

After the Petition Date, Hendricks continually undertook actions in the Alaska Action in violation of the automatic stay, notwithstanding that GMACM's counsel informed Hendricks that such actions violated the stay. (Lyman Decl. ¶ 4.) As a result, GMACM filed a notice of automatic stay in the Alaska Action on January 14, 2014 (the "Alaska Notice," *id.* Ex. 3), indicating that there is no foreclosure to enjoin and attaching the Settlement Order. (*See id.*; Lyman Decl. ¶¶ 7–8.) The Alaska Court considered the matter and concluded that the Alaska

---

[2]    The Supplemental Servicing Order further provided that claims and counter-claims seeking monetary relief remained subject to the automatic stay absent further order of the Court. (*See id.* ¶ 14(b).)

[3]    The injunctive provisions of the Plan and Confirmation Order remain subject to the Supplemental Servicing Order. (*See* Conf. Order ¶ 63(g).)

Action remained subject to the stay. (*Id.* ¶ 4.) The Alaska Court also scheduled period status conferences attended by Hendricks and counsel to GMACM, during which the applicability of the automatic stay was discussed. (*Id.* ¶ 5.) At each status conference, the Alaska Court expressly stated that the Alaska Action could not proceed unless and until Hendricks received relief from the automatic stay from this Court. (*Id.*) On May 28, 2014, the Alaska Court entered an order directing the parties to provide periodic status reports. (*Id.*) Pursuant to that order, GMACM filed with the Alaska Court—and served upon Hendricks—periodic status reports reaffirming its position that the Alaska Action is subject to the automatic stay. (*Id.*; *see id.* Ex. 2 (periodic status reports).)

On May 22, 2015, Hendricks filed the Motion seeking clarification that the Alaska Action is not subject to the automatic stay. (*See* Motion at 1.) On June 22, 2015, the Court entered an order directing the Trust to file a response to the Motion on or before July 6, 2015. (*See* ECF Doc. # 8777.) Accordingly, the Trust filed its Response on July 6, 2015, and Hendricks filed his Reply on August 12, 2015.

### B.    The Parties' Arguments

According to Hendricks, the Supplemental Servicing Order indicates that the damages he seeks in the Alaska Action are not subject to the automatic stay because the Alaska Action "was filed to prevent foreclosure." (Motion at 2.) Hendricks asserts that the Supplemental Servicing Order provides that the automatic stay does not apply "where a monetary claim must be plead in order for an Interested Party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure" (*id.* (quoting Supp. Serv. Order ¶ 14(b)), and he filed the Alaska Action to prevent GMACM from foreclosing on his property (*id.*). The Trust argues that Hendricks's reading of the Supplemental Servicing Order is mistaken because it only applies where there is a pending

4

foreclosure to enjoin and there is no foreclosure proceeding against Hendricks. (*See* Response ¶ 12.) In any case, the Trust contends that the injunctive provisions of the Plan and Confirmation Order, not the automatic stay, require Hendricks to dismiss all monetary claims against GMACM because he did not file a proof of claim in the Debtors' chapter 11 cases. (*Id.* ¶ 13.) Moreover, the Trust asserts that Hendricks cannot obtain equitable relief against GMACM because: (1) there is no pending foreclosure to enjoin; and (2) GMACM is no longer the servicer of the loan subject to the Alaska Action and therefore cannot provide Hendricks with a payoff statement. (*Id.* ¶¶ 14–17.) As a result, the Trust requests that the Court enter an order clarifying that Hendricks's continued pursuit of monetary claims against GMACM violates the Plan's injunction and directing Hendricks to dismiss all such claims. (*Id.* at 7.)

## II.    DISCUSSION

### C.    The Alaska Action Violates the Plan Injunction

The Plan and Confirmation Order each contain a provision enjoining all entities from, among other things, "commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . ." (Plan art. IX.I(a); Conf. Order ¶ 40(G)(a).) As defined in the Plan, a "Released Party" includes the Trust. (Plan art. I.A.243.). "Released Claims" are defined in the Plan as "Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged terminated, or satisfied pursuant to the terms of the Plan; (ii) have been released pursuant to the Plan; or (iii) are subject to exculpation pursuant to the Plan." (*Id.* art. 1.A.242). Moreover, Article VIII.B of the Plan provides:

> EXCEPT AS OTHERWISE AGREED BY THE DEBTORS, THE LIQUIDATING TRUST, OR THE BORROWER CLAIMS TRUST, AS APPLICABLE, OR ORDERED BY THE BANKRUPTCY COURT, ANY AND ALL PROOFS OF CLAIM

5

>>FILED AFTER THE APPLICABLE BAR DATE SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT.

(*Id.* art. VIII.B.)  Accordingly, the claims Hendricks asserted against GMACM—and now its successor in interest, the Trust—in the Alaska Action were deemed discharged, released, and expunged as of the Effective Date because Hendricks did not timely file a proof of claim in the Debtors' chapter 11 cases before the Bar Date.[4]  Consequently, Hendricks is enjoined from pursuing his claims against GMACM (and now the Trust) in the Alaska Action under the injunction provisions of the Plan and Confirmation Order.  (*See* Plan art. IX.I(a); Conf. Order ¶ 40(G)(a).)

Additionally, the Supplemental Servicing Order does not modify the effectiveness of the Plan's injunction in these circumstances.  Paragraph 14 of the Supplemental Servicing Order only modifies the automatic stay with respect to "pending and future foreclosure actions *initiated by the Debtors* or in those states providing for non-judicial foreclosures, by a borrower . . . ."  (Supp. Serv. Order ¶ 14 (emphasis added).)  GMACM did not file the Alaska Action; Hendricks did.  However, the Supplemental Servicing Order did not modify the automatic stay to permit Hendricks to pursue claims against GMACM based on his perception that future foreclosure

---

[4] Hendricks's attorney in the Alaska Action, Gayle J. Brown, was served with notice of the Bar Date.  (*See* ECF Doc. # 1412-4 at 3908 (affidavit of service of Bar Date notice).)  Notice of a bar date served on a claimant's attorney in a prepetition state court action may be properly imparted to the claimant where there is a sufficient nexus between the state court action and the bankruptcy case.  *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2015 WL 2256683, at *7 (Bankr. S.D.N.Y. May 11, 2015) (holding that service of bar date notice on claimant's attorney in state court action properly imparted notice of bar date on claimant where claim against debtors was based solely on the allegations and claims asserted in the state court action).

proceedings would be imminently commenced by GMACM. Moreover, such a threat is now impossible because GMACM transferred servicing rights to Hendricks's loan to non-debtor Ocwen Loan Servicing, LLC ("Ocwen").[5] (Response ¶ 17; *see* ECF Doc. # 2246 (order approving sale of mortgage servicing platform to Ocwen).) Because there is no active foreclosure proceeding commenced by GMACM against Hendricks, the Supplemental Servicing Order does not modify the Plan injunction.

### III.    CONCLUSION

The Court concludes that prosecution of the Alaska Action is enjoined under the terms of the Plan and Confirmation Order. Accordingly, it is hereby **ORDERED** that Hendricks shall dismiss the Alaska Action with prejudice on or before **September 1, 2015**.

**IT IS SO ORDERED.**

Dated:   August 25, 2015
            New York, New York

                                                                            ____/s/Martin Glenn_____
                                                                                 MARTIN GLENN
                                                                        United States Bankruptcy Judge

---

[5] Similarly, any equitable relief Hendricks seeks against GMACM (and now the Trust) is moot because Hendricks's loan is not serviced by any Debtor.