Julio Pichardo
1201 E. Sudene Ave
Fullerton Ca, 92831
UNITED STATES BANKRUPTCY SOURTHERN DICTRICT OF NEW YORK

RECEIVED AUG 24 2015 SO DIST OF NEW YORK

| | | |
|---|---|---|
| Julio Pichardo | ) | Case No. 12-12020 |
| plaintiff - creditor | ) | |
| | ) | Judge: Hno, MARTIN GLENN |
| Rescap Claim Trust | ) | |
| debtor | ) | Relief From Stay Motion |

    Now Comes Julio Pichardo herein named Creditor requesting Relief from stay in the matter of Julio Pichardo v. Residential Capital Trust to pursue justice on Actions taken by Debtors - Trust for (Gmac), who caused action be filed before the Orange County Superior Court of California in which a stay was enacted which halted all Residential Capital actions.
    Actions were filed against Ocwen Loan Servicing LLC's platform acquisition Breaches & duty to preform on Pichardo's Loan from date Loan was obtained February 2013 to present.
    The Trust's objection hearing was heard 7/16/15 & Ruling made on 8/4/15 as follows::
1- BREACH OF CONTRACT 2- BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALINGS 3- NEGLIGENT MISREPRESENTATION 4- UCL LIABILITY 5- UCL RESTITUTION. Pichardo filed disputable factual evidence at this Court docket No 8745, Docket No. 8878, No. 8971 and request for clarification on Docket No. 9006, as this Court's findings show the 8/5/09 agreement to be valid. Neither the Trust nor Ocwen submit to rulings having dispute with Pichardo and carrying on heated arguments warding off liability.
    Pichardo's claim is based on actions taken by debtors against him which caused him personal injury & financial devastation. In order to preserve rights, Pichardo has incurred in debts of counsel fees, briefs filings, numerous attorney consultations, court appearances forcing him to obtain personal family loans. In order to fend off fraud perpetrated on him, Pichardo incurred into credit cards debts amounting to approximately $30,000.00. dollars.
    This case is based on the merits that GMAC engaged in deceptive business practices by: predatory banking practices used sending fraudulent default notices, fraudulent foreclosure notices, fraudulent past due charges, placing loan in past due status, while knowingly at all times this not to be true. knowingly characterizing loan past due. GMAC deceptive practices are: knowingly filing fictitious fraudulent documents. Maliciously making charges not shown on monthly statements. As such, numerous demands for undue payments, undue escrow charges, demands for undue fees and ignoring grace periods.
    Pichardo affirms that the Trust does not deny GMAC interfered with his rights to receive the benefits of the 8/5/09 agreement demanding he sign another agreement.
    The Trust acknowledges that an individual can bring causes of action under UCL.
    Pichardo has been exposed to undue stress, anxiety, uncontrollable high blood pressure, sleeplessness. As a result Pichardo was taken to emergency rooms, Urgent care, increased medications doses. Pichardo's health has deteriorated and has been affected by condition. Pichardo's emotional distress has overshadowed relationship with family and friends.

/

As a result of all of this Pichardo And family have been financially devastated. evidence supporting Pichardo's case was submitted to this Court. additional evidence has been sent to the Trust of dates seen for services on above caused condition.

GMAC obtained a second agreement which Pichardo singed under threat of foreclosure under duress for fear of losing his home.
The November agreement is unenforceable under the statute of Frauds, as a contract in writing cannot be modified unless both parties signed such.

Pichardo affirms there never was mutual consent or contract formation or notification.
Pichardo asserts he was harmed by predatory means used by GMAC.
Pichardo requests therefore Court grant relief from stay in order to correct wrongdoings perpetrated on him shown by his claims.

presently the Trust resists the Court's ruling to implement the original 8/5/09 agreement. Pichardo has attempted to settle matters with The Trust by modestly reducing claim amount by 60% with the condition that the valid agreement be imposed immediately but was unsuccessful in obtaining a consensual settlement as the Trust sends me to Ocwen and Ocwen sends me to the Trust saying this case in not their case although Ocwen participated in the 7/16/15 hearing & filed documents in support of the Trust's objection. As Ocwen chose to inject itself on this case, Ocwen become a party to this action by its own participations, and as such, Ocwen must abide by this Court's decision.
As such Ocwen is bound by this Court's rulings as it addressed the court on matters before presented in the Trust's Objection.
Pichardo incorporates FAC filed 6/2/2015 rulings in support of his motion for relief.
Pichardo attaches payment requested fee to lift automatic stay, as the Court has found Defendant is liable for misconduct, and that Pichardo has met the requirements for relief sought.
Pichardo requests Court's permission to file 8/4/2015 Court Ruling in support of case in California Orange County Superior Court Case as GMAC was the Contract Originator.

Respecfully submitted by Julio Pichardo _Julio Pchdo_ dated 8/20/15

Cc: Morrison & Foerster - Rescap Trust