RECEIVED AUG 26 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

Julio Pichardo
1201 e. sudene Ave
Fullerton ca 92831

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

)
Julio Pichardo ) Case No. 12-12020
    Plaintiff- Creditor )
) Hno. Martin Glenn
Rescap Claim Trust- ) PROPOSED ORDER IMPOSING 8/5/2009 AGREEMENT
    Debtor )
)

IN THE MATTER OF Julio Pichardo v. Rescap Claim Trust Court enters the following Order:

..................................

IT IS HEREBY ORDER ADJUDGED AND DECREED: In keeping with 8/4/2015 Rulings regarding The August 5 2009 contract to be the operative agreement vitiating the November 10 agreement.

..................................

This Court bases decision on findings that the August 5, of 2009 agreement was fully integrated with declaration clause that "This agreement the Note and the security instrument (as amended hereby) sets forth the entire understanding between the parties, there are no unwritten agreement between the parties ".

..................................

Furthermore, Basis for this Order are on findings that defendant cannot rely on Parole evidence to establish that the agreement failed to appropriately deal with the treatment of deferred principal (Casa Herrera, Inc v. Beydoun, 83 P 3d 497, 503 (Cal. 2994)" [The Parole Evidence Rule] ... Bars consideration of extrinsic evidence of prior or contemporaneous negotiations or agreements at variance with the written agreement." Therefore this Court concluded that the August 5TH 2009 agreement satisfies the requirements to be the valid operative contract between GMAC and Pichardo, Court finds that a contract if not formed absent the parties mutual consent or assent. "meyer v. benko 127 Cal. Rptr. 846,848 (Ct. App 1976) (Citing Cal. Civ. Code 1550,1565). "Parties must agree " upon the same thing in the same sence". Cal Civ. Code 1580 "Banner Entn't Inc. v. Super Ct. Alchemy Filmworks, Inc.) 72 CalL. Rptr. 2d 598, 603 (Ct. App. 1998) "There is no mutual consent to contract and no contract information" Weddinton Prods. Inc. v. Flick, 91 Cal 265,277 (Ct. App Rptr. 1998) (citing Cal. Civ. CODE 1550, 1565, 1580). A proposal cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain (Ladas v. Cal state Auto, ass'n 23 Cal. zrptr. 810,814 (App. 1993). (under basic contract law an offer must be sufficiently definite, or must call for such definite terms in the acceptance that the performance promised is reasonably certain." A contract is void where it is so indefinite that the parties intention with respect to material terms cannot be ascertained. Ladas Cal. Rptr.at 814 (citing Cal. Letuce Growers v. Union Sugar Co, 289 P. 2D 785, 789 (Cal. 1995) (En Banc); Cal Civ. Code 1598).

The August agreement describe with certainty identifying the lender as GMAC and the borrower as Pichardo (and his wife). It also recites that it amends and supplements the note in the original principal amounts of $199,000.00, and sets forth that as of it's effective date "The amount payable under the note is " $63,272.87, consisting of the amount(s) loaned to Pichardo by the lender and any accrued but unpaid interest capitalized to date", The August agreement provides for the calculation of interest and the amount of Pichardo's monthly payment of principal and interest.

THEREFORE THIS COURT SETS FORTH THIS ORDER DATED AUGUST___20015.

IT IS SO ORDER ADJUDGED AND DECREED.
NEW YORK, N.Y.

_____
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE.