# Designation of contents to be included in the record on Appeal for Todd Silber; Case 12-12020 (MG) Residential Capital LLC, et al.

August 26th, 2015.

**Todd Silber hereby respectfully submits the Designation of Records on Appeal of order denying claim 4222/Sustaining the Borrowers Trust objection to claim 4222, Filed by Todd Silber. Silber Request the following items to be contained in the record of appeal.**

**7979-** Rescap borrowers claims Trust's objection to claim 4222, filed by Todd Silber.

**8064-** General Reply and Objection to; Notice of Objection to claim 4222, filed by Todd Silber

**8160-** Rescap borrowers claims Trust's reply in support of its objections to claim Number 4222, filed by Todd Silber

**8265-** Memorandum and order sustaining in part and overruling in part the rescap borrowers claims trust's objection to claim 4222, filed by Todd Silber

**8352-** Motion to reargue and reconsider, order sustaining partial objection to claim 4222, Filed by Todd Silber

**8364-** Order denying motion for reconsideration filed by Todd Silber and clarifying the courts prior memorandum opinion and order sustaining in part and over ruling in part objection to Silber's claim, 4222

**8455-** Order establishing procedures for evidentiary hearing Regarding claim number 4222 filed by Todd Silber. ***This order requested Exhibits from both parties, but Exhibits not to be filed only supplied to the court. 2 Hard Copies and cd/rom Copy. These EXHIBITS from both partied, are to be included in Designation of Records

**8827-** Rescap borrowers claims trusts pretrial memorandum brief in support of Trust's objections to claim 4222, filed by Silber

**8828-** Rescap borrowers claim trust proposed finding of fact and conclusions of law

**8839-** Claimant/plaintiffs pretrial memorandum/compliance to order establishing procedures for evidentiary hearing regarding claim number 4222, filed by Todd Silber.

**8842-** Declaration of David Cunningham in Support of the Rescap Borrower claims trust's objection to claim 4222, Filed by Todd Silber



**8939-** Transcript hearing held on July 16th 2015

**8941-** Transcript hearing held on July 15th, 2015

**8962-** Memorandum opinion and order sustaining the rescap borrower claims trust objection to claim number 4222, filed by Todd Silber. ***(including allowed Exhibits, provided to the courts, by Silber and the Trust, used at this hearing)

**9025-** Motion for partial reconsideration and reargue to memorandum opinion, and order sustaining the rescap borrowers claims trust objection to claim 4222, filed by Todd Silber

**9032-** Notice of Appeal

**9050-** Order denying motion for partial reconsideration and reargue filed by Todd Silber.

Please provide Silbers proof of claims, as well as amended proof of Claim when further information was requested by the Trust.

Certification, I certify a copy of this document has been sent via USPS to;

Morrison & Foerster LLP, 250 west 55th street , New York NY. 10019-9601

Respectfully Todd Silber, 860-922-4156

DATE  8/26/2015

## Statement of Issues raised by Todd Silber, in the record on Appeal for Todd Silber; Case 12-12020 (MG) Residential Capital LLC, et al.

Prepared by Todd Silber, pro-se. August 26th 2015.

### Breach of Contract Claim and Implied good faith (breach of covenant claim)

1) Judge Glenn's foundation of his opinion and order sustaining the Trust objection is based off of incorrect facts, from incorrect testimony, from a person deemed creditable.

2) Judge Glenn relied on testimony from GMAC's witness or over looked, and/or did not consider the facts, supported by Guidelines or Directives from FHA/HUD, provided and accepted as Exhibits from Silber as well as GMAC, which contradict GMAC's witness.

3) Judge Glenn over looked, or did not consider the severity/extent, The backlash of GMAC ignoring mandatory requirements, guidelines and/or Directives, as pointed out in Exhibits deemed allowed.

4) Judge Glenn relied on testimony from GMAC's witness or over looked, and/or did not consider the severity/extent, GMAC's servicing notes/exhibits, and the lack of any tangible evidence supporting any actions they claimed to have made under testimony, that Silber argues they did not make.

5) Judge Glenn's foundation of his opinion and order is based off of Testimony from a person who was deemed creditable, but issues are raised based off the lack of knowledge and errors made while under oath and misrepresentation made on the Witness's declarations document.

6) Judge Glenn over looked or did not consider to the severity/extent, GMAC's actions or lack thereof and general maliciousness and conduct towards Silber during the entire loss mitigation process, Supported by GMAC servicing notes, and letters and/or emails to Silber, deemed allowed exhibits.

7) Judge Glenn made rulings in his opinion and order, on a decision based off speculative testimony from GMAC's witness and/or mere speculation in general. A decision that was not GMAC's to make and could not be made by GMAC nor, with all due respect, the Courts either.

### False Representation of Facts, Negligent Misrepresentation

8) The information provided from GMAC to CHFA was incorrect, and only part of the argument and litigation based off such, was used in Judge Glenn's ruling.



RECEIVED AUG 2 8 2015 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

9) The false representation provided from GMAC to Connecticut State Attorney General's office, Joseph Chambers, was damaging to Silber and was still deemed not allowed.

**CUTPA**

10) The CUTPA claim should survive, based off the statement of issues raised.

**General**

11) Silber was not given due process on a closing statement at the evidentiary hearing. Silber is grateful for the patience and consideration of Silber not being an attorney, from the courts during the evidentiary hearing. Silber understands at certain times he was conducting himself in the wrong way and was corrected, and Silber is very appreciative for the understanding. However by day 2, Silber felt rushed, frazzled, and simply pressured to finish up and conclude. Regardless of exceptions and consideration for patience that might/had been made to Silber, which again I am extremely thankful and grateful for. Silber still feels he should have been given the chance to make a closing statement with the attentiveness and consideration such a statement deserves.

Silber had filed a motion to reargue and reconsider in the U.S. Bankruptcy court Southern District. Silber filed a notice of appeal to keep his appellant rights alive. I apologize for any confusion. I thought, though the Motion to re-argue does not extend the Appeal notification date, that the Appeal process continues once any motion on file is concluded. Never the less, the argument in that motion supports, in detail, Silber's statement of Issues. That motion is in the Designation of contents. Silber is prepared and willing to give further information, in writing or oral if required. Thank you for your time.

Certification, I certify a copy of this document has been sent via USPS to;

Morrison & Foerster LLP, 250 west 55th street, New York NY. 10019-9601

Respectfully Todd Silber, 860-922-4156

DATE 8/26/2015