# EXHIBIT B

# Exhibit A

12-12020-mg    Doc 9079-3    Filed 08/31/15    Entered 08/31/15 14:46:45    Exhibit B
CASE 0:14-cv-01737-MJD-JSM   Document 19-1   Filed 06/25/14   Page 1 of 36

# Correspondent Client Agreement

This Agreement is made this __8TH__ day of __JANUARY__, 19__99__ by and between GMAC/Residential Funding Corporation ("GMAC/RFC") and __DECISION ONE MORTGAGE COMPANY, LLC__ ("the Client").

## RECITALS

A. The parties to this Agreement wish to establish a non-exclusive relationship whereby the Client will submit Loans secured by liens against 1-4 Family residential properties or other property types set forth on the **Bulk Confirmation Letter** (the "Loans") to GMAC/RFC for possible purchase by GMAC/RFC.

B. The parties wish to enter into this Agreement to set forth the terms of their relationship.

NOW, THEREFORE, the parties hereby agree as follows:

## AGREEMENT

### 1. Relationship of Parties.

The relationship between the parties is an independent contractor relationship. The Client is not an agent of GMAC/RFC and shall not represent to third parties that it is acting as an agent for GMAC/RFC, nor shall it use GMAC/RFC's name in any advertising without GMAC/RFC's express prior written consent. Nothing contained in this Agreement shall obligate the Client to submit all Loans to GMAC/RFC or obligate GMAC/RFC to purchase all Loans submitted by the Client.

### 2. Loan Packages.

The Client shall be responsible for the accurate preparation and execution of a complete property and credit Loan package on each Loan submitted for purchase. GMAC/RFC shall periodically inform the Client of its eligibility criteria and registration procedures for the making of Loans based on factors such a type of loan, loan limits, loan-to-value ratios, interest rates, points and fees, payment features, documentation requirements and credit standards. GMAC/RFC may also prescribe procedures for registration of Loans with GMAC/RFC, including, but not limited to, the procedure for locking-in the interest rate and/or points on Loans. GMAC/RFC is not required to accept any real estate appraiser or other vendor in connection with the preparation or submission of any Loan package that is not acceptable to GMAC/RFC. **RFC will review and notify the Client in a reasonable time period of the loans acceptable to RFC for purchase. This paragraph does not alter or waive any of RFC's rights or any of the Client's obligations, duties, representations, or warranties of this agreement.**

### 3. Submission of Loans; Decision to Purchase.

With respect to each Loan, GMAC/RFC will review the related Loan Package to determine if it complies with GMAC/RFC requirements. GMAC/RFC shall not be under any obligation to purchase any Loan, and shall have the right to reject any Loan if GMAC/RFC determines in its sole discretion that the Loan is unacceptable. GMAC/RFC shall decide solely for its own benefit and account whether to purchase a Loan; provided, however, that in no event shall GMAC/RFC' decision to purchase a Loan affect any of Client's representations and warranties, repurchase and indemnification obligations, or other duties set forth in this Agreement.

From the date Client submits a Loan package to GMAC/RFC until (a) GMAC/RFC indicates to Client its determination not to purchase the Loan or (b) GMAC/RFC purchases the Loan, Client will not offer the Loan for purchase to any other person. GMAC/RFC shall, as promptly as possible, but not later than five (5) business days after Client's submission of the related Loan Package, communicate to Client GMAC/RFC's decision whether or not it will purchase the related Loan.

### 4. Conditions Precedent to Purchase.

and five (5) months of the Funding Date, 8/12ths of the premium shall be refunded; is prepayment in full is between five (5) and six (6) months of the Funding Date, 7/12ths of the premium shall be refunded; if prepayment in full is between six (6) and seven (7) months of the Funding Date, 6/12ths of the premium shall be refunded; if prepayment in full is between seven (7) and eight (8) months of the Funding Date, 5/12ths of the premium shall be refunded; if prepayment in full is between eight (8) and nine (9) months of the Funding Date, 4/12ths of the premium shall be refunded; if prepayment in full is between nine (9) and ten (10) months of the Funding Date, 3/12ths of the premium shall be refunded; if prepayment in full is between ten (10) and eleven (11) months of the Funding Date, 2/12ths of the premium shall be refunded; if prepayment in full is between eleven (11) and twelve (12) months of the Funding Date, 1/12th of the premium shall be refunded. In the event any Subject Loan is prepaid in full later than twelve (12) months from the Funding Date of such Subject Loan, no refund shall be due. All premium recaptures shall be due and payable to RFC upon demand. **This does not apply to any loans refinanced by GMAC/RFC.**

In the event the promissory note evidencing the Subject Loan carries a lawful prepayment penalty and that prepayment penalty is collected, the proceeds of the prepayment penalty shall be offset against Client's premium recapture obligation specified above.

## 10. Termination of Agreement.

Either party may terminate this Agreement at any time, upon written notice to the other party. Any termination shall not affect (i) GMAC/RFC's obligations to purchase any Loan which GMAC/RFC has committed to purchase; (ii) GMAC/RFC's obligation to pay any amounts due the Client under this Agreement; or (iii) the obligations of the Client with respect to indemnification pursuant to paragraph 7, repurchase pursuant to paragraph 8 or early payoffs pursuant to paragraph 9.

## 11. Notice of Certain Matters.

The Client shall promptly give written notice to GMAC/RFC of (i) the occurrence of any breach of a representation or warranty as set forth in paragraph 6 of this Agreement; (ii) any event or condition which could have material adverse effect on the business, operations, assets or financial condition of the Client; and (iii) receipt by the Client of notice from any agency concerning revocation or suspension of the Client's license to conduct business.

## 12. Miscellaneous.

*a. GOVERNING LAW.*
This Agreement shall be governed by the laws of the State of Minnesota.

*b. NOTICES.*
All notices required to be provided pursuant to this Agreement shall be delivered to the addresses provided below. Notices shall be in writing and shall be deemed to have been given and received only (i) upon delivery, if personally delivered to a party; (ii) one business day after the date of dispatch, if by facsimile transmission; (iii) one business day after deposit, if delivered by a nationally recognized courier service offering guaranteed overnight delivery; or (iv) three business days after deposit in the United States first class mail, certified mail, postage prepaid, return receipt requested.

*c. ASSIGNMENT.*
The Client may not assign this Agreement without prior **written** consent of GMAC/RFC. GMAC/RFC may assign this Agreement upon approval by the Client, **which shall not be unreasonably withheld.**

*d. SEVERABILITY.*
If any provision of this Agreement shall be held invalid or unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other provision of this Agreement.

*e. ENTIRE AGREEMENT.*
This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings. No supplement, modification, or amendment shall be binding unless executed in writing by both parties.

*f. WAIVERS.*
No waiver of any provision of the Agreement, whether by conduct or otherwise, shall be deemed or shall constitute a waiver of any other provision. No waiver shall be binding unless executed in writing by the party making the waiver.

*g. ATTORNEYS' FEES.*
If any legal action or other proceeding is brought for the enforcement of any provision of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the prevailing party or parties shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth above.

**GMAC/RFC:** _____

Address: _____

Fax: _____
By: _____
    (Signature)

_____
(Print Name)

_____
(Title)

Client: _____DECISION ONE MORTGAGE COMPANY, LLC_____

Address: __6060 J.A. JONES DRIVE, SUITE 1000, CHARLOTTE, NC 28287__

Fax: __704-887-2777__
By: __/s/__
    (Signature)
    DOUG CUSP
(Print Name)
    SVP - OPERATIONS
(Title)

# Definition Addendum to Correspondent Client Agreement for: Decision One Mortgage

Unacceptable Investment: a loan that does not meet GMAC/RFC program guidelines.

Minor Impediments: referring to title impediments

Enjoyment and Marketability: self-defined

Investment Quality: securitizeable; loans that are able to be securitized.

Prudently Originated and Underwritten: loans that meet GMAC/RFC guidelines as defined in GMAC/RFC's Consumer Finance Acquisitions Guide and matrices.

# ADDENDUM TO CORRESPONDENT
# CLIENT AGREEMENT

The Correspondent Client Agreement (Agreement) made this _____
_____ day of _____, 19 \_by\_ and between GMC/Residential Funding Corporation ("GMAC/RFC"), and Decision One Mortgage Company, LLC ("Client"), is hereby amended by adding to the end of Section 8 the following:

"Notwithstanding anything else appearing in this Agreement to the contrary, GMAC/RFC shall not exercise any other rights and remedies against or with respect to Client or any affected Loan unless and until Client has first been afforded the opportunity to cure or repurchase such affected Loan, as provided in Section 8.A.1. above, and Client has failed to cure or repurchase within the time allowed."

IN WITNESS WHEREOF, GMAC/RFC and Client have caused this Addendum to be executed as of the date and year first above written.

GMAC/RESIDENTIAL FUNDING CORPORATION

By:_____

Title:_____

CLIENT

DECISION ONE MORTGAGE COMPANY, LLC

By: *[signature]*

Title: *SVP - OPERATIONS*




# Correspondent Client Agreement

This Agreement is made this __*10TH*__ day of __*MARCH*__, 19 __*99*__ by and between GMAC/Residential Funding Corporation ("GMAC/RFC") and __*DECISION ONE MORTGAGE COMPANY, LLC*__ ("the Client").

## RECITALS

A. The parties to this Agreement wish to establish a non-exclusive relationship whereby the Client will submit Loans secured by liens against 1-4 Family residential properties or other property types set forth on the Bulk Confirmation Letter (the "Loans") to GMAC/RFC for possible purchase by GMAC/RFC.

B. The parties wish to enter into this Agreement to set forth the terms of their relationship.

NOW, THEREFORE, the parties hereby agree as follows:

## AGREEMENT

### 1. Relationship of Parties.

The relationship between the parties is an independent contractor relationship. The Client is not an agent of GMAC/RFC and shall not represent to third parties that it is acting as an agent for GMAC/RFC, nor shall it use GMAC/RFC's name in any advertising without GMAC/RFC's express prior written consent. Nothing contained in this Agreement shall obligate the Client to submit all Loans to GMAC/RFC or obligate GMAC/RFC to purchase all Loans submitted by the Client.

### 2. Loan Packages.

The Client shall be responsible for the accurate preparation and execution of a complete property and credit Loan package on each Loan submitted for purchase. GMAC/RFC shall periodically inform the Client of its eligibility criteria and registration procedures for the making of Loans based on factors such a type of loan, loan limits, loan-to-value ratios, interest rates, points and fees, payment features, documentation requirements and credit standards. GMAC/RFC may also prescribe procedures for registration of Loans with GMAC/RFC, including, but not limited to, the procedure for locking-in the interest rate and/or points on Loans. GMAC/RFC is not required to accept any real estate appraiser or other vendor in connection with the preparation or submission of any Loan package that is not acceptable to GMAC/RFC. RFC will review and notify the Client in a reasonable time period of the loans acceptable to RFC for purchase. This paragraph does not alter or waive any of RFC's rights or any of the Client's obligations, duties, representations, or warranties of this agreement.

### 3. Submission of Loans; Decision to Purchase.

With respect to each Loan, GMAC/RFC will review the related Loan Package to determine if it complies with GMAC/RFC requirements. GMAC/RFC shall not be under any obligation to purchase any Loan, and shall have the right to reject any Loan if GMAC/RFC determines in its sole discretion that the Loan is unacceptable. GMAC/RFC shall decide solely for its own benefit and account whether to purchase a Loan; provided, however, that in no event shall GMAC/RFC' decision to purchase a Loan affect any of Client's representations and warranties, repurchase and indemnification obligations, or other duties set forth in this Agreement.

From the date Client submits a Loan package to GMAC/RFC until (a) GMAC/RFC indicates to Client its determination not to purchase the Loan or (b) GMAC/RFC purchases the Loan, Client will not offer the Loan for

CASE 0:14-cv-01739-MJD-JSM Document 19-1 Filed 08/25/14 Page 2 of 36



In the event the promissory note evidencing the Subject Loan carries a lawful prepayment penalty and that prepayment penalty is collected, the proceeds of the prepayment penalty shall be offset against Client's premium recapture obligation specified above.

## 10. Termination of Agreement.

Either party may terminate this Agreement at any time, upon written notice to the other party. Any termination shall not affect (i) GMAC/RFC's obligations to purchase any Loan which GMAC/RFC has committed to purchase; (ii) GMAC/RFC's obligation to pay any amounts due the Client under this Agreement; or (iii) the obligations of the Client with respect to indemnification pursuant to paragraph 7, repurchase pursuant to paragraph 8 or early payoffs pursuant to paragraph 9.

## 11. Notice of Certain Matters.

The Client shall promptly give written notice to GMAC/RFC of (i) the occurrence of any breach of a representation or warranty as set forth in paragraph 6 of this Agreement; (ii) any event or condition which could have material adverse effect on the business, operations, assets or financial condition of the Client; and (iii) receipt by the Client of notice from any agency concerning revocation or suspension of the Client's license to conduct business.

## 12. Miscellaneous.

*a. GOVERNING LAW.*
This Agreement shall be governed by the laws of the State of Minnesota.

*b. NOTICES.*
All notices required to be provided pursuant to this Agreement shall be delivered to the addresses provided below. Notices shall be in writing and shall be deemed to have been given and received only (i) upon delivery, if personally delivered to a party; (ii) one business day after the date of dispatch, if by facsimile transmission; (iii) one business day after deposit, if delivered by a nationally recognized courier service offering guaranteed overnight delivery; or (iv) three business days after deposit in the United States first class mail, certified mail, postage prepaid, return receipt requested.

*c. ASSIGNMENT.*
The Client may not assign this Agreement without prior consent of GMAC/RFC. GMAC/RFC may assign this Agreement upon written notice to the Client.

*d. SEVERABILITY.*
If any provision of this Agreement shall be held invalid or unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other provision of this Agreement.

*e. ENTIRE AGREEMENT.*
This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings. No supplement, modification, or amendment shall be binding unless executed in writing by both parties.

*f. WAIVERS.*
No waiver of any provision of the Agreement, whether by conduct or otherwise, shall be deemed or shall constitute a waiver of any other provision. No waiver shall be binding unless executed in writing by the party making the waiver.

*g. ATTORNEYS' FEES.*

If any legal action or other proceeding is brought for the enforcement of any provision of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the prevailing party or parties shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth above.

**GMAC/RFC:** GMAC RFC
**Address:** One Meridian Crossings, Suite 100
Minneapolis, MN 55423
(612) 832-7000
**Fax:** Fax (612) 979-2589
**By:** _[signature]_
(Signature)
Brian Woodbury
(Print Name)
Director
(Title)

**Client:** DECISION ONE MORTGAGE COMPANY, LLC
**Address:** 6060 JA. Jones Drive, Suite 1000, Charlotte, NC 28287
**Fax:** 704-887-2777
**By:** _[signature]_
(Signature)
J.C. Faulkner
(Print Name)
President
(Title)

## ADDENDUM TO CORRESPONDENT
## CLIENT AGREEMENT

The Correspondent Client Agreement (Agreement) made this ___10 TH___
day of ___MARCH___, 19__99___ by and between GMC/Residential Funding Corporation ("GMAC/RFC"), and Decision One Mortgage Company, LLC ("Client"), is hereby amended by adding to the end of Section 8 the following:

"Notwithstanding anything else appearing in this Agreement to the contrary, GMAC/RFC shall not exercise any other rights and remedies against or with respect to Client or any affected Loan unless and until Client has first been afforded the opportunity to cure or repurchase such affected Loan, as provided in Section 8.A.1. above, and Client has failed to cure or repurchase within the time allowed."

IN WITNESS WHEREOF, GMAC/RFC and Client have caused this Addendum to be executed as of the date and year first above written.

GMAC/RESIDENTIAL FUNDING CORPORATION

By: _____
            Brian Woodbury

Title: _____
            Director


CLIENT

DECISION ONE MORTGAGE COMPANY, LLC

By: _____

Title: ___PRESIDENT___

# Correspondent Client Agreement

This Agreement is made this __12th__ day of __June__, __1920__ by and between GMAC/Residential Funding Corporation ("GMAC/RFC") and __Decision One Mortgage Company, LLC__ ("the Client").

## RECITALS

A. The parties to this Agreement wish to establish a non-exclusive relationship whereby the Client will submit Loans secured by liens against 1-4 Family residential properties or other property types set forth on the Bulk Confirmation Letter (the "Loans") to GMAC/RFC for possible purchase by GMAC/RFC.

B. The parties wish to enter into this Agreement to set forth the terms of their relationship.

NOW, THEREFORE, the parties hereby agree as follows:

## AGREEMENT

### 1. Relationship of Parties.

The relationship between the parties is an independent contractor relationship. The Client is not an agent of GMAC/RFC and shall not represent to third parties that it is acting as an agent for GMAC/RFC, nor shall it use GMAC/RFC's name in any advertising without GMAC/RFC's express prior written consent. Nothing contained in this Agreement shall obligate the Client to submit all Loans to GMAC/RFC or obligate GMAC/RFC to purchase all Loans submitted by the Client.

### 2. Loan Packages.

The Client shall be responsible for the accurate preparation and execution of a complete property and credit Loan package on each Loan submitted for purchase. GMAC/RFC shall periodically inform the Client of its eligibility criteria and registration procedures for the making of Loans based on factors such a type of loan, loan limits, loan-to-value ratios, interest rates, points and fees, payment features, documentation requirements and credit standards. GMAC/RFC may also prescribe procedures for registration of Loans with GMAC/RFC, including, but not limited to, the procedure for locking-in the interest rate and/or points on Loans. GMAC/RFC is not required to accept any real estate appraiser or other vendor in connection with the preparation or submission of any Loan package that is not acceptable to GMAC/RFC. RFC will review and notify the Client in a reasonable time period of the loans acceptable to RFC for purchase. This paragraph does not alter or waive any of RFC's rights or any of the Client's obligations, duties, representations, or warranties of this agreement.

### 3. Submission of Loans; Decision to Purchase.

With respect to each Loan, GMAC/RFC will review the related Loan Package to determine if it complies with GMAC/RFC requirements. GMAC/RFC shall not be under any obligation to purchase any Loan, and shall have the right to reject any Loan if GMAC/RFC determines in its sole discretion that the Loan is unacceptable. GMAC/RFC shall decide solely for its own benefit and account whether to purchase a Loan; provided, however, that in no event shall GMAC/RFC' decision to purchase a Loan affect any of Client's representations and warranties, repurchase and indemnification obligations, or other duties set forth in this Agreement.

From the date Client submits a Loan package to GMAC/RFC until (a) GMAC/RFC indicates to Client its determination not to purchase the Loan or (b) GMAC/RFC purchases the Loan, Client will not offer the Loan for

In the event the promissory note evidencing the Subject Loan carries a lawful prepayment penalty and that prepayment penalty is collected, the proceeds of the prepayment penalty shall be offset against Client's premium recapture obligation specified above.

## 10. Termination of Agreement.

Either party may terminate this Agreement at any time, upon written notice to the other party. Any termination shall not affect (i) GMAC/RFC's obligations to purchase any Loan which GMAC/RFC has committed to purchase; (ii) GMAC/RFC's obligation to pay any amounts due the Client under this Agreement; or (iii) the obligations of the Client with respect to indemnification pursuant to paragraph 7, repurchase pursuant to paragraph 8 or early payoffs pursuant to paragraph 9.

## 11. Notice of Certain Matters.

The Client shall promptly give written notice to GMAC/RFC of (i) the occurrence of any breach of a representation or warranty as set forth in paragraph 6 of this Agreement; (ii) any event or condition which could have material adverse effect on the business, operations, assets or financial condition of the Client; and (iii) receipt by the Client of notice from any agency concerning revocation or suspension of the Client's license to conduct business.

## 12. Miscellaneous.

### a. GOVERNING LAW.
This Agreement shall be governed by the laws of the State of Minnesota.

### b. NOTICES.
All notices required to be provided pursuant to this Agreement shall be delivered to the addresses provided below. Notices shall be in writing and shall be deemed to have been given and received only (i) upon delivery, if personally delivered to a party; (ii) one business day after the date of dispatch, if by facsimile transmission; (iii) one business day after deposit, if delivered by a nationally recognized courier service offering guaranteed overnight delivery; or (iv) three business days after deposit in the United States first class mail, certified mail, postage prepaid, return receipt requested.

### c. ASSIGNMENT.
The Client may not assign this Agreement without prior consent of GMAC/RFC. GMAC/RFC may assign this Agreement upon written notice to the Client.

### d. SEVERABILITY.
If any provision of this Agreement shall be held invalid or unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other provision of this Agreement.

### e. ENTIRE AGREEMENT.
This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings. No supplement, modification, or amendment shall be binding unless executed in writing by both parties.

### f. WAIVERS.
No waiver of any provision of the Agreement, whether by conduct or otherwise, shall be deemed or shall constitute a waiver of any other provision. No waiver shall be binding unless executed in writing by the party making the waiver.

*g. ATTORNEYS' FEES.*
If any legal action or other proceeding is brought for the enforcement of any provision of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the prevailing party or parties shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth above.

GMAC/RFC: _____
Address: _____
Fax: _____
By: _____
(Signature)
HUGH B HOUSTON II
(Print Name)
MANAGING DIRECTOR
(Title)

Client: DecisionOne Mortgage Company, LLC
Address: 6060 JA Jones Dr
Fax: 704-887-2777
By: _____
(Signature)
C. FAULKNER
(Print Name)
President
(Title)

# ADDENDUM TO CORRESPONDENT
# CLIENT AGREEMENT

The Correspondent Client Agreement (Agreement) made this  12th  day of  June , 19 2000  by and between GMC/Residential Funding Corporation ("GMAC/RFC"), and Decision One Mortgage Company, LLC ("Client"), is hereby amended by adding to the end of Section 8 the following:

"Notwithstanding anything else appearing in this Agreement to the contrary, GMAC/RFC shall not exercise any other rights and remedies against or with respect to Client or any affected Loan unless and until Client has first been afforded the opportunity to cure or repurchase such affected Loan, as provided in Section 8.A.1. above, and Client has failed to cure or repurchase within the time allowed."

IN WITNESS WHEREOF, GMAC/RFC and Client have caused this Addendum to be executed as of the date and year first above written.

GMAC/RESIDENTIAL FUNDING CORPORATION

By: _____

Title: _____

CLIENT

DECISION ONE MORTGAGE COMPANY, LLC

By: _____

Title: _____