# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION OF PHH MORTGAGE CORPORATION TO
MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER
ENFORCING PLAN INJUNCTION AND CONFIRMATION ORDER**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ii

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ...........................................................................................................................3

ARGUMENT .................................................................................................................................5

    I.     RFC'S MOTION SHOULD BE DENIED BECAUSE IT IS AN ATTEMPT TO UNDERMINE JUDGE KOELTL'S ORDER ..................................................5

    II.    RFC'S MOTION SHOULD BE DENIED TO DISCOURAGE FORUM-SHOPPING ................................................................................................................6

    III.   RFC'S MOTION SHOULD BE DENIED BECAUSE PLEADING IN THE ALTERNATIVE IS CONSISTENT WITH THE CIVIVL RULES ......................7

    IV.   RFC MAY NOT ESCAPE ITS OWN OBLIGATION UNDER CONTRACTS IT SEEKS TO ENFORCE ......................................................................................8

    V.    RFC'S MOTION SHOULD BE DENIED BECAUSE PHH'S COUNTERCLAIM DID NOT ARISE PRIOR TO THE PLAN CONFIRMATION ...................................................................................................8

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*RFC v. Cherry Creek Mortg. Co., Inc.*,
   13-cv-3449, 2014 U.S. Dist. LEXIS 59159 (D. Minn. Apr. 29, 2014) ...................................... 5

*RFC v. CMG Mortg., Inc.*,
   No. 14-cv-4950, 2014 U.S. Dist. LEXIS 127744 (S.D.N.Y. Sept. 10, 2014) ......................... 6

*RFC v. First Guar. Mortg. Corp.*,
   No. 13-cv-3514, 2014 U.S. Dist. LEXIS 182287 (D. Minn. May 13, 2014) ........................... 6

*RFC v. PHH Mortg. Corp.*,
   518 B.R. 259 (S.D.N.Y. 2014) ................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 8(d)(2) ................................................................................................................... 7

**PRELIMINARY STATEMENT**

On or about May 13, 1998, Cendant Mortgage (n/k/a PHH Mortgage Corp.) and Residential Funding Corporation ("RFC") entered into a Client Contract, under which PHH Mortgage Corp. ("PHH Mortgage") would sell certain mortgage loans to RFC. Somers Decl., Ex. 1 at 3 (Ex. A to Amended Complaint, *RFC v. PHH Mortg. Corp.*, No. 14-cv-4701, ECF No. 51-1 (D. Minn.)). On or about September 1, 2006, the parties entered into the Mortgage Loan Flow Purchase, Sale & Servicing Agreement ("Flow Agreement"), which also provided for the sale of loans from PHH Mortgage to RFC. *Id*. at 15. Each loan at issue in this case is currently believed by both parties to be governed by one or the other of the Client Contract or the Flow Agreement.

RFC initially served PHH Mortgage with a complaint for alleged breaches of these contracts on December 16, 2013, in the U.S. District Court for the District of Minnesota. RFC subsequently filed substantially the same complaint on May 13, 2014, in the U.S. Bankruptcy Court for the Southern District of New York.

For those loans governed by the Client Contract, RFC breached its contract by bringing suit against PHH Mortgage in the Bankruptcy Court for the Southern District of New York rather than the contractually-mandated venue of Minnesota. For those loans governed by the Flow Agreement, RFC breached its contract by bringing suit without providing PHH Mortgage notice and the opportunity to cure any alleged defects. RFC's breaches of the Client Guide and the Flow Agreement—which form the basis for PHH Mortgage's Counterclaim—occurred *after* the December 11, 2013 confirmation and the December 12, 2013 "Effective Date" of RFC's Chapter 11 bankruptcy plan. *In re Residential Cap., LLC*, 12-12020 (MG), ECF No. 6065 (Bankr. S.D.N.Y.).

Now, after suing PHH Mortgage in New York in violation of the parties' venue

1

provision, and without providing the required notice and opportunity to cure, RFC asks this Court to enjoin PHH Mortgage's Counterclaim, even though PHH Mortgage's Counterclaim is premised entirely upon RFC's on post-confirmation, post-Effective Date breaches.  RFC's Motion for an Order Enforcing Plan Injunction and Confirmation Order, *In re Residential Cap., LLC*, 12-12020 (MG), ECF No. 8947 (Bankr. S.D.N.Y.) ("RFC's Motion"), demonstrates that the sequence of RFC's plan confirmation and its filing suit against PHH Mortgage were choreographed in an attempt to foreclose PHH Mortgage's ability to defend itself in this case, and to provide RFC *carte blanche* to avoid its own contractual obligations with impunity.

RFC's Motion should be denied for six reasons:  (1) RFC's Motion is an attempt to side-step the U.S. District Court of the Southern District of New York's Order Withdrawing the Bankruptcy Reference and Transferring Venue to the U.S. District Court of the District of Minnesota; (2) RFC's Motion should be denied to discourage forum-shopping; (3) PHH Mortgage's pleading in the alternative is proper under the Federal Rules of Civil Procedure and necessary in this case; (4) RFC cannot escape its obligations under the contracts it seeks to enforce (*see* Decision One Mortg. Co. LLC's ("Decision One") Objection to RFC's Motion); (5) PHH Mortgage's Counterclaim only arose after the bankruptcy plan's Effective Date (*see* Decision One's, Honor Bank's, and Sierra Pacific Mortg. Co., Inc.'s ("Sierra Pacific") Objections to RFC's Motion); and (6) RFC did not receive a discharge from PHH Mortgage's Counterclaim (*see* Sierra Pacific's Objection to RFC's Motion).

## BACKGROUND

RFC and its affiliates filed for Chapter 11 bankruptcy protection in May 2012.  Somers Decl., Ex. 2 (*RFC v. PHH Mortg. Corp.*, No. 14-cv-4701, ECF No. 51 (D. Minn.) ("Amended Complaint") ¶ 74).  RFC's Chapter 11 plan confirmation occurred on December 11, 2013, with an Effective Date of December 12, 2013.  *In re Residential Cap., LLC*, 12-12020 (MG), ECF No.

2

6065 (Bankr. S.D.N.Y.). *Five days later*, on December 16, 2013, RFC served a complaint on PHH Mortgage in the District of Minnesota. Somers Decl., Ex. 3 (*RFC v. PHH Mortg. Corp.*, Case No. 13-cv-3503, ECF No. 1 (D. Minn.) ("Minnesota Complaint")). In its Minnesota Complaint, RFC alleged that "[v]enue is proper in [Minnesota] pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events and omissions giving rise to this Complaint occurred in Minnesota, and because the parties have contractually agreed that Minnesota is an appropriate venue." *Id*. ¶ 15.

RFC's Minnesota Complaint made no allegation of proper jurisdiction or venue in the Bankruptcy Court for the Southern District of New York. Nonetheless, RFC voluntarily dismissed its Minnesota Complaint and on May 13, 2014, re-filed the same claims based on the same contracts, this time in the name of the ResCap Liquidating Trust and as an adversary proceeding in this Court. *See* Somers Decl., Ex. 4 (Notice of Dismissal, *RFC v. PHH Mortg. Corp.*, Case No. 13-03503, ECF No. 20 (D. Minn.)) and Somers Decl., Ex. 5 (*RFC v. PHH Mortg. Corp.*, Adv. Case No. 14-2008 (MG), ECF No. 1 (Bankr. S.D.N.Y.) ("Bankruptcy Complaint")). On July 25, 2014, RFC filed its Amended Complaint in this Court, which was subsequently transferred to the U.S. District Court for the District of Minnesota and is now the operative complaint in this matter.

The Client Contract—which RFC appended to its Minnesota Complaint, its Bankruptcy Complaint, and its Amended Complaint—includes a forum-selection clause that limits proper venue to courts in Hennepin County, Minnesota, and waives any argument of an inconvenient forum:

> Each of the parties *irrevocably submits to the jurisdiction of any state or federal court located in Hennepin County, Minnesota*, over any action, suit or proceeding to enforce or defend any right under this Contract or otherwise arising from any loan sale or servicing relationship existing in connection with this Contract, and

3

> each of the parties irrevocably agrees that all claims in respect of any such action or proceeding may be heard or determined in such state or federal court. Each of the parties *irrevocably waives the defense of an inconvenient forum* to the maintenance of any such action or proceeding and any other substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in any such forum. . . . Each of the parties further agrees not to institute any legal actions or proceedings against the other party . . . arising out of or relating to this Contract in any court other than as hereinabove specified in this paragraph 9.

Somers Decl., Ex. 1 at 4, ¶ 9 (emphasis added). The Client Contract renders RFC's choice of forum in Minnesota "irrevocable." *Id.* Based upon this contract language, Judge John G. Koeltl of the U.S. District Court for the Southern District of New York granted PHH Mortgage's Motion to Withdraw the Bankruptcy Reference and Transfer Venue to the District of Minnesota on October 9, 2014. Somers Decl., Ex. 6 (*RFC v. PHH Mortg. Corp.*, 518 B.R. 259 (S.D.N.Y. 2014) ("Judge Koeltl's Order")).

The Flow Agreement—which RFC appended to its Minnesota Complaint, its Bankruptcy Complaint, and its Amended Complaint—requires RFC to provide PHH Mortgage written notice and the opportunity to cure alleged defects in the case of an "Event of Default." Somers Decl., Ex. 1 at 86, Section 10.01(2) ("written notice of such failure, requiring the same to be remedied, shall have been given to the applicable Seller/Servicer by the Purchaser"). In violation of this contract, RFC brought suit without providing PHH Mortgage written notice and the opportunity to cure any allegedly defective loans.

PHH Mortgage asserted its Counterclaim in response to RFC's Amended Complaint because RFC's post-discharge lawsuit breached the same contracts it seeks to enforce. The only proper venue for RFC's claims under the Client Contract was Minnesota, and RFC's claims under the Flow Agreement failed to provide PHH Mortgage the required notice and opportunity

4

to cure the allegedly defective loans.  RFC's Motion—an attempt to undermine Judge Koeltl's Order as well as the very contracts upon which the Amended Complaint rests—should be denied.

## ARGUMENT

I. **RFC'S MOTION SHOULD BE DENIED BECAUSE IT IS AN ATTEMPT TO UNDERMINE JUDGE KOELTL'S ORDER.**

RFC's Motion is an attempt to undermine Judge Koeltl's Order withdrawing the bankruptcy reference and transferring this matter to Minnesota.  Now that this case—both RFC's Amended Complaint and PHH's Counterclaim—are being adjudicated in the proper forum in Minnesota, all motions should be filed and heard *in Minnesota*.  RFC cannot dispute that the District of Minnesota has authority to hear its Motion; RFC's conduct in filing its Motion in New York, then, willfully violates Judge Koeltl's Order and the Client Contract.  For this reason alone, this Court should deny RFC's Motion.

II. **RFC'S MOTION SHOULD BE DENIED TO DISCOURAGE FORUM-SHOPPING.**

The denial of RFC's Motion additionally serves the purpose of discouraging RFC's blatant forum-shopping.  From the earliest days of its litigation offensive, RFC has attempted to avoid its contractual obligations regarding proper venue, but RFC's attempts were uniformly denied in both Minnesota and New York.  RFC's current attempt to avoid its contractual obligations to PHH Mortgage should likewise be denied.

In nearly identical motions filed in March 2014, RFC asked District of Minnesota judges presiding over its dozens of actions to transfer those actions to the Southern District of New York for referral to this Court.  In at least eleven Minnesota cases, RFC's motion to transfer was denied,[1] and none of RFC's motions were granted.  *See, e.g.,* Somers Decl., Ex. 7 (Order

---

[1] *See* Orders Denying RFC's Mot. to Transfer: *RFC v. BMO Harris Bank, N.A.*, 13-cv-3523, ECF No. 41; *RFC v. Cherry Creek Mortg. Co., Inc.*, 13-cv-3449, 2014 U.S. Dist. LEXIS 59159

Denying Transfer to Bankruptcy Court, *RFC v. First Guar. Mortg. Corp.*, No. 13-cv-3514, 2014 U.S. Dist. LEXIS 182287 (D. Minn. May 13, 2014)). In New York, a number of adversary proceeding defendants also won their motions to withdraw the bankruptcy reference and transfer venue to Minnesota. *See*, *e.g.*, Somers Decl., Ex. 8 (Order Granting Withdrawal of the Reference and Transfer, *RFC v. CMG Mortg., Inc.*, No. 14-cv-4950, 2014 U.S. Dist. LEXIS 127744 (S.D.N.Y. Sept. 10, 2014)).

Evidently recognizing the error in its strategy, RFC withdrew its remaining motions to transfer to New York and in September 2014, RFC stipulated to the transfer to Minnesota of several New York defendants who were awaiting decisions on their motions to enforce contractual venue provisions. The stipulations, drafted by RFC, stated that "[t]he parties shall bear their own costs and expenses," a notable departure from RFC's consistent refrain that it is entitled to all of its costs in defending and prosecuting these claims. *See*, *e.g.*, Somers Decl., Ex. 9 (Stipulation, *RFC v. Cadence Bank, N.A., f/k/a Encore Bank, N.A.*, Case No. 14-cv-5250 (RA), ECF No. 42 (S.D.N.Y.)). The stipulations also stated that each party reserved its rights *except* with respect to the withdrawal of the reference and change of venue. *Id*.

But RFC never proposed such a stipulation to PHH Mortgage, and PHH Mortgage did not waive any rights related to the withdrawal of the reference and change of venue. Instead, after full briefing and oral argument, on October 9, 2014, Judge Koeltl granted PHH Mortgage's motion. *See* Somers Decl., Ex. 6. Even though Judge Koeltl found that RFC's claim against PHH Mortgage was a "core proceeding" because it was a "counterclaim" to PHH Mortgage's

---

(D. Minn. Apr. 29, 2014); *RFC v. Cornerstone Home Lending, Inc.*, 13-cv-3504, ECF No. 30; *RFC v. E Trade Bank*, 13-cv-3496, ECF No. 41; *RFC v. First Citizens Bank and Trust Co., Inc.*, 13-cv-3514, ECF No. 33; *RFC v. First Guar. Mortg. Corp.*, 13-cv-3514, ECF No. 33; *RFC v. First Mortg. Corp.*, 13-cv-3490, ECF No. 36; *RFC v. Fremont Bank*, 13-cv-3470, ECF No. 40; *RFC v. Impac Funding Corp.*, 13-cv-3506, ECF No. 46; *RFC v. Mortg. Capital Assocs., Inc.*, 13-cv-3492, ECF No. 49; *RFC v. Sierra Pacific Mortg. Co., Inc.*, 13-cv-3511, ECF No. 74.

proof of claim, he nonetheless ordered the withdrawal of the reference and transfer of venue, noting:

> Keeping this case in the bankruptcy court also would promote forum shopping. ResCap initially filed its complaint in the District of Minnesota, and after a change of heart, voluntarily dismissed the complaint and then refiled it in the bankruptcy court in this District. And, of course, the parties designated Minnesota as the only appropriate forum in their contracts.

Somers Decl., Ex. 6 at 7.

Through its Counterclaim, PHH Mortgage seeks to hold RFC accountable for its post-Effective Date forum-shopping in willful violation of the Client Contract.

### III.    RFC'S MOTION SHOULD BE DENIED BECAUSE PLEADING IN THE ALTERNATIVE IS CONSISTENT WITH THE CIVIL RULES.

PHH Mortgage has raised the issue of RFC's failure to provide the required notice and opportunity to cure in two ways: through an affirmative defense and as its Counterclaim. Such alternative pleading is specifically contemplated by the Federal Rules of Civil Procedure: "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2).

This is especially important here, where RFC has argued that the language at issue is not a condition precedent, but is "simply a promise." Somers Decl., Ex. 10 at 14 (Opposition to Motion to Dismiss, *RFC v. PHH Mortg. Corp.*, No. 13-cv-3451, ECF No. 385 at 13 (D. Minn.)). If the Flow Agreement language is in fact "simply a promise," PHH Mortgage arguably risks being unable to protect itself through its affirmative defense based on conditions precedent. PHH Mortgage's only recourse in such a situation, then, is to raise this issue by way of a separate counterclaim to enforce the "promise." This alternative pleading is countenanced by the Federal Civil Rules and is necessary, given the differing arguments regarding the language of the Flow Agreement.

7

**IV.   RFC MAY NOT ESCAPE ITS OWN OBLIGATIONS UNDER CONTRACTS IT SEEKS TO ENFORCE.**

For this point, PHH Mortgage incorporates by reference the argument made in Decision One's Objection to RFC's Motion. RFC may not escape its own obligations under the contracts it seeks to enforce, and this argument is supported in the context of PHH Mortgage's contractual venue provisions and those provisions mandating notice and the opportunity to cure.

**V.    RFC'S MOTION SHOULD BE DENIED BECAUSE PHH'S COUNTERCLAIM DID NOT ARISE PRIOR TO THE PLAN'S EFFECTIVE DATE.**

For this point, PHH Mortgage incorporates by reference the arguments made in Decision One's, Honor Bank's, and Sierra Pacific's Objection to RFC's Motion.

**VI.   RFC'S MOTION SHOULD BE DENIED BECAUSE RFC WAS NOT DISCHARGED BY THE CONFIRMATION OF THE PLAN.**

For this point, PHH Mortgage incorporates by reference the argument made in Sierra Pacific's Objection to RFC's Motion.

## CONCLUSION

For the foregoing reasons, PHH Mortgage respectfully requests that the Court deny RFC's Motion as against PHH Mortgage.

Dated: August 31, 2015                                              Respectfully submitted,

  /s/ Daniel F. Markham                                               /s/ David M. Souders

Daniel F. Markham                                                   David M. Souders (*pro hac vice*)
Wrobel Schatz & Fox LLP                                             Tessa K. Somers (*pro hac vice*)
1040 Avenue of the Americas, 11th Floor                             Weiner Brodsky Kider PC
New York, NY 10018-3703                                             1300 19th Street, NW, Fifth Floor
(212) 421-8100                                                      Washington, D.C. 20036
(212) 421-8170                                                      (202) 628-2000
dmarkham@wsfny.com                                                  (202) 628-2011 (Fax)
                                                                    souders@thewbkfirm.com
***Counsel for PHH Mortgage Corporation***                          somers@thewbkfirm.com

                                                                    ***Counsel for PHH Mortgage Corporation***

8