# EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement Agreement effective as of December 19, 2007 (may be amended, supplemented or otherwise modified from time to time, hereinafter referred to as "Agreement") is between Residential Funding Company, LLC ("GMAC-RFC") and Sierra Pacific Mortgage Company Inc. ("Client"), collectively the ("Parties") and individually the ("Party").

### RECITALS:

WHEREAS, GMAC-RFC purchased from Client pursuant to the terms and conditions of that certain Client Contract dated March 13, 2002 (as amended, supplemented or otherwise modified from time to time, hereinafter referred to as the "Client Contract") those residential mortgage loans described on the attached Exhibit A (hereinafter referred to as the "Subject Loans");

WHEREAS, the parties believe there may be other loans ("Additional Loans") that were sold to GMAC-RFC on or before the effective date of this Agreement, which may be in breach of one or more Events of Default, as described in the Client Guide but which have not been identified as of the date of this Agreement;

WHEREAS, GMAC-RFC has demanded that Client repurchase the Subject Loans pursuant to the Client Contract;

WHEREAS, Client has not repurchased the Subject Loans;

WHEREAS, the Parties have agreed that it is in their respective best interests to settle their disputes with respect to the Subject Loans and with respect to a sub-set of certain Additional Loans on the terms and conditions hereinafter set forth;

NOW THEREFORE, in consideration of the premises and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, GMAC-RFC and Client hereby agree as follows:

1. **PAYMENT:**

    (a) In settlement of GMAC-RFC's claims, and in consideration of GMAC-RFC releasing its claims against Client relating to the Subject Loans and a sub-set of certain Additional Loans and all other undertakings stated in this Agreement, Client will pay to GMAC-RFC the amount of $1,000,000

("Settlement Amount"). Client will pay the Settlement Amount to GMAC-RFC on or before December 21, 2007.

(b) Payment shall be made to GMAC-RFC no later than 12:00 Noon (Minneapolis time) on the due date and shall be made in lawful money of the United States of America in immediately available funds transferred via wire to GMAC-RFC's account at:

> BANK ONE
> Chicago, IL 60670
> ABA #071000013
> Credit to GMAC-Residential Funding Company, LLC
> DDA account #1097286
> Attn: Melissa Simons
> RE: Sierra Pacific 12/07

(c) If Client fails to pay the Settlement Amount on a timely basis in accordance with the payment schedule, or otherwise breaches its obligation under the Client Contract or any other Agreement it has with GMAC-RFC, GMAC-RFC may, at its option, by written notice to Client, terminate this Agreement and proceed against Client with respect to the Subject Loans and all Additional Loans under the Client Agreement.

2. **RELEASES:**

(a) Client for itself, its present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys does hereby fully and forever release and discharge GMAC-RFC, and any entity affiliated in any manner with GMAC-RFC and its representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents, and attorneys from any and all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action, arising out of the Subject Loans, and arising out of the Additional Loans, but only where the Additional Loans involves a borrower(s) who has made the first twelve consecutive payments due GMAC-RFC within the month due as mandated by the contract, or (ii) where the overstatement of stated income by the borrower(s) is identified as the only Event of Default of

2

the GMAC-RFC Client Guide ("Client Guide"). All other types of Additional Loans are not included within the scope of this release and are thus subject to repurchase and other remedies. All other rights of the Parties under the "Client Guide" shall remain in full force and effect, except as expressly stated herein.

(b) Upon full payment of the Settlement Amount by Client and the performance by Client of all other terms and conditions of this Agreement, GMAC-RFC for itself, its present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents, and attorneys will fully and forever release and discharge Client, and its respective representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys from all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action arising out of the Subject Loans , and arising out of the Additional Loans, but only where the Additional Loans involve a borrower(s) who has made the first twelve consecutive payments due GMAC-RFC within the month due as mandated by the contract, or (ii) where the overstatement of stated income by the borrower(s) is identified as the only Event of Default of the GMAC-RFC Client Guide ("Client Guide"). All other types of Additional Loans are not included within the scope of this release and are thus subject to repurchase and other remedies. All other rights of the Parties under the "Client Guide" shall remain in full force and effect, except as expressly stated herein.

(c) The Parties acknowledge that they may hereafter discover facts different from or in addition to those which they know or believe to be true with respect to the Subject Loans and Additional Loans and agree that this Agreement shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof. Nothing in this Agreement shall be deemed to release any claims arising (i) under the Client Contract but unrelated to the Subject Loans and Additional Loans, or (ii) under any other Agreements now or hereafter in effect to which GMAC-RFC and Client are parties.

3.   **NO OTHER ACTIONS:** Each Party represents and warrants that it has not brought and will not bring against the other party any other suits or actions, however denominated concerning any claim, demand, liability or cause of action, that is the subject of this Agreement.

4.   NO ADMISSION OF WRONGDOING: This instrument shall not be construed as an admission of responsibility, liability or fault whatsoever for either Party's claims. Client and GMAC-RFC

3

deny all such responsibility and deny that they have engaged in any improper, illegal, or wrongful conduct toward each other.

5. **REPRESENTATIONS AND WARRANTIES**: Each of the Parties does hereby represent and warrant to the other that this Agreement is a valid and binding obligation of each Party enforceable in accordance with its terms.

6. **ENFORCEMENT EXPENSES OF PREVAILING PARTY**: Each Party agrees that in the event of any dispute regarding this Agreement or the claims, demands, liabilities, and causes of action included within its scope, the losing Party will be liable to reimburse, on demand, ==the prevailing Party for any and all expenses and costs, including, without limitation, the fees and expenses of the prevailing Party's counsel and of any other counsel, experts, consultants or agents that the prevailing Party may incur after the date hereof in connection with the enforcement of this Agreement.==

7. **CONFIDENTIALITY**: All terms of this Agreement are and shall remain confidential and shall not be disclosed to other parties other than to the Party's attorneys, accountants or other professionals, or in conjunction with a due diligence investigation of any Party's business, except: a) to the extent that the Parties are obligated to make disclosure as a result of legal process or to perform other legal duty; or b) except as agreed by all Parties in separate writing.

8. **FURTHER ASSURANCES**: Each Party agrees to execute all such further documents as shall be reasonably necessary or helpful to carry out to the provisions of this Agreement.

9. **NO PRIOR ASSIGNMENT OF CLAIMS**: Each Party represents and warrants that said Party has not previously assigned or transferred any claim, demand, liability, or cause of action that is the subject of this Agreement.

10. **AMENDMENTS AND WAIVER**: No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by Client and GMAC-RFC, and no waiver of any provision of this Agreement, and no consent to any departure there from by Client or GMAC-RFC shall be effective unless it is in writing and signed by Client and GMAC-RFC, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

11. **CONSTRUCTION**: This Agreement constitutes a negotiated document. In case of any alleged ambiguity in any term of this Agreement, such term shall not be constructed in favor of or against

4

either Party by reason of the participation of such Party or its attorneys in the negotiation or drafting of this Agreement.

12. **APPLICABLE LAW:** This Agreement shall be subject to and constructed and enforced in accordance with the internal laws of the State of Minnesota without giving effect to any conflicts of laws principles.

13. **BINDING EFFECT AND ASSIGNMENT; INTENDED THIRD PARTY BENEFICIARY:** This Agreement shall insure to the benefit of, and shall be binding upon Client and GMAC-RFC and their respective successors and assigns.

14. **SEVERABLITY:** Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be effective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or affecting the validity or enforceability of such provision in any other jurisdiction, and to this end, the provisions hereof are severable.

15. **FACTUAL INVESTIGATION:** Each Party has made such investigation of the facts pertaining to this Agreement, as it deems necessary.

16. **SECTION HEADINGS:** Section headings in this Agreement are for convenience only and shall not in any way limit or affect the meaning or interpretation of any provision of this Agreement.

17. **ENTIRE AGREEMENT:** This Agreement embodies the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements and understandings relating to the subject matter hereof. Without limiting the generality of the foregoing, this Agreement represents the final agreement between the Parties as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the Parties; and there are no unwritten oral agreements between the Parties and neither GMAC-RFC nor Client, nor any officer, agent, employee, representative or attorney for GMAC-RFC or Client, has made any statement or representation to the other Party regarding any facts relied upon in entering this Agreement, and neither Party has replied upon any such statement or representation in executing this Agreement or in making this statement herein set forth.

18. **COMPREHENSION OF AGREEMENT AND DUE AUTHORIZATION:** Each Party hereto has read this Agreement and understands the contents thereof. Each of the officers or agents

5

executing this Agreement on behalf of their respective principals is empowered to do so and thereby binds his or her respective principal.

19. COUNTERPARTS: This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute but one and the same instrument.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed and delivered by its officer thereto duly authorized as of the date first above written.

Sierra Pacific Mortgage Company, Inc

By: _____
Name: Jim Coffrini
Title: President
Date: 12/19/07

State of California
County of Sacramento

The foregoing instrument was acknowledged before me this 19th day of December, 2007 by, Jim Coffrini the President of Sierra Pacific Mortgage Company, Inc a CA corporation, on behalf of the corporation.

[Notary Seal: TRICIA HERRERA, Commission # 1742285, Notary Public - California, Sacramento County, My Comm. Expires Apr 27, 2011]

Notary Public _____
My commission Expires: 4/27/11

Residential Funding Company, LLC

By: Dorian Whealdon
Name: Dorian Whealdon
Title: Director
Date: 12/20/07

6

## Exhibit A

| GMAC-RFC # | Client # | Borrower |
|---|---|---|
| 10655669 | 378035 | ███ |
| 10311615 | 349200 | ███ |
| 10311609 | 349119 | ███ |
| 10867257 | 403721 | ███ |
| 10832779 | 397685 | ███ |
| 11249199 | 430469 | ███ |
| 10311613 | 349186 | ███ |
| 10867071 | 398902 | ███ |
| 10832743 | 396458 | ███ |
| 11208305 | 428568 | ███ |
| 11047567 | 415525 | ███ |
| 10832823 | 400042 | ███ |
| 11249811 | 440138 | ███ |
| 10832129 | 398883 | ███ |
| 10789841 | 388673 | ███ |
| 19269979 | 474615 | ███ |
| 11448913 | 458503 | ███ |
| 19289815 | 454308 | ███ |
| 19447265 | 476256 | ███ |
| 11110937 | 421264 | ███ |
| 19439983 | 476255 | ███ |
| 19033609 | 462239 | ███ |
| 19439979 | 0000476055 | ███ |
| 19439985 | 476262 | ███ |
| 19447301 | 478795 | ███ |
| 11448583 | 460014 | ███ |
| 11310009 | 443764 | ███ |
| 11301631 | 445689 | ███ |
| 10394503 | 357631 | ███ |