# EXHIBIT 4

**Subject:** RFC v. Sierra Pacific First Amended Complaint

**Date:**  Friday, May 23, 2014 at 1:52:18 PM Pacific Daylight Time

**From:**  Donald G. Heeman

**To:**  Amy L. Schwartz (ASchwartz@lapplibra.com), Richard T. Thomson (RThomson@lapplibra.com), Jonathan M. Jenkins, lkayayan@jmjenkinslaw.com

Counsel,

RFC filed its First Amended Complaint today.  Please see the attached redline changes to the First Amended Complaint, which are minor and meant and to clean up some clerical mistakes.

Thanks, and enjoy the holiday weekend.

**Donald G. Heeman**
Attorney

220 South 6th Street, Suite 2200, Minneapolis, MN 55402
Direct: 612.373.8524 | Main: 612.339.6321 | Fax: 612.335.0535
dheeman@felhaber.com
www.felhaber.com

## Felhaber :: Larson

**Confidentiality Notice:**  This is a confidential communication from a law firm to the intended recipient.  If you have received it by mistake, please delete it and notify the sender.  Thank you.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RESIDENTIAL FUNDING COMPANY,            Court File No. 13-cv-3511 (RHK/FLN)
LLC,

                                        **PLAINTIFF'S FIRST AMENDED**
            Plaintiff,                          **COMPLAINT**

v.

SIERRA PACIFIC MORTGAGE
COMPANY, INC.,

            Defendant.

Plaintiff Residential Funding Company, LLC, f/k/a Residential Funding Corporation ("RFC" or "Plaintiff"), by and through its attorneys, alleges for its First Amended Complaint against defendant Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific" or "Defendant"), as follows:

**Deleted:** (

**Deleted:** ,",

## NATURE OF ACTION

1.      Plaintiff RFC was, at times prior to its bankruptcy in May 2012, in the business of acquiring and securitizing residential mortgage loans.

2.      RFC's business model was built on acquiring loans from "correspondent lenders," such as Defendant Sierra Pacific, and distributing those loans by either pooling them together with other similar mortgage loans to sell into residential mortgage-backed securitization ("RMBS") trusts, or selling them to whole loan purchasers.

3.      Over the course of the parties' relationship, Sierra Pacific sold over 9,000 mortgage loans, with an original principal balance in excess of $2.6 billion, to RFC.

representations and warranties, including the portion of the global settlement attributable to those breaches.

> **Deleted:** $9 billion RMBS

11.    Accordingly, RFC brings this action for breach of contract, and for indemnification of all liabilities and expenses RFC has incurred due to Defendant's breaches of its representations and warranties.

### **PARTIES**

12.    Plaintiff RFC is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota.  RFC was formerly known as Residential Funding Corporation.  When this case was commenced, RFC was a wholly owned subsidiary of GMAC-RFC Holding Company, LLC, a Delaware limited liability company.  GMAC-RFC Holding Company, LLC was a wholly owned subsidiary of Residential Capital, LLC, a Delaware limited liability company.  Residential Capital, LLC was a wholly owned subsidiary of GMAC Mortgage Group LLC, a Delaware limited liability company, which in turn was a wholly owned subsidiary of Ally Financial, Inc., a Delaware corporation with its principal place of business in Michigan. Pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et. al. and the Official Committee of Unsecured Creditors*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.) [D.I. 6065-1] (the "Plan"), on December 17, 2013, GMAC-RFC Holding Company, LLC's interest in RFC was cancelled and the ResCap Liquidating

> **Deleted:**
>
> **Formatted:** Font: 13 pt
>
> **Formatted:** Font: 13 pt
>
> **Formatted:** Default Paragraph Font
>
> **Field Code Changed**
>
> **Deleted:** ¶

Trust (the "Trust") succeed to all of RFC's rights under RFC's Agreement with Sierra

Pacific and now controls RFC.[1]

> **Formatted:** Font: 13 pt

13.    Defendant Sierra Pacific Mortgage Company, Inc., is a California

corporation with its principal place of business at 1180 Iron Point Road, Suite 200,

Folsom, California 95630.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, in

> **Deleted:** ,

that the matter arises under title 11 or arises in or is related to the bankruptcy proceeding

and 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in

controversy exceeds $75,000.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a

substantial part of the events and omissions giving rise to this Complaint occurred in

Minnesota, and because the parties have contractually agreed that Minnesota is an

appropriate venue.

## FACTUAL BACKGROUND

**The Agreement Between RFC and Sierra Pacific**

16.    Over the course of the parties' relationship, Sierra Pacific sold over 9,000

mortgage loans to RFC pursuant to the Seller Contract attached as Exhibit A (the

"Contract").

17.    The Contract incorporates into its terms and conditions the RFC Client

Guide, exemplary excerpts of which are attached as Exhibit B-1 through B-15 (the

> **Deleted:** [1] . On December 17, 2013, all conditions to effectiveness of the Plan were satisfied, the Plan was substantially consummated, and the Trust became the successor in interest to the Debtors.
>
> **Formatted:** Default Paragraph Font
>
> **Field Code Changed**
>
> **Deleted:** ¶

---

[1]    The Trust is organized pursuant to the Delaware Statutory Trust Act.

> GMAC-RFC based on or grounded upon, or resulting from such misstatement or omission or a breach of any representation, warranty or obligation made by GMAC-RFC in reliance upon such misstatement or omission.

(Client Guide A202.)  The Client Guide also entitles RFC to recover all court costs, attorney's fees and any other costs, fees and expenses incurred by RFC in enforcing the Agreement or Client Guide.

33.    Additionally, prior to the commencement of this lawsuit, Sierra Pacific previously conceded that certain of its loans sold to RFC were materially defective.  In that regard, Sierra Pacific has already paid substantial sums to RFC to cover those defects.  In this action, RFC is not seeking to recover on those sums.

**Deleted: loans**

34.    RFC at all times performed all of its obligations to Sierra Pacific, if any, under the Agreement, and all conditions precedent to the relief sought in this action, if any, have been satisfied.

**Defendant Materially Breached Numerous Loan-Level Representations and Warranties.**

35.    As noted above, the loans RFC acquired from Sierra Pacific and other correspondent lenders were sold, either into RMBS trusts that issued certificates to outside investors, or in "whole loan" portfolios to other mortgage companies and banks.

36.    The loans Sierra Pacific sold RFC were eventually deposited in over 190 RMBS Trusts.  When RFC sold the loans, it passed on a more limited set of representations and warranties to the Trusts, and, as required by SEC regulations, disclosed pertinent information about the loans to investors in its RMBS.  In making those representations and warranties, RFC relied on information provided to it by Sierra

**Formatted:** Default Paragraph Font
**Field Code Changed**
**Deleted:** ¶

representations and warranties made by RFC to investors, purchasers, and other

contractual parties.  Those representations and warranties were, in most cases, identical to

or less stringent than those received by RFC from Sierra Pacific, and were based on

RFC's reliance on Sierra Pacific's (and other correspondent lenders') representations and

warranties to RFC.

75.    The Debtors initially proposed to settle portions of its RMBS liabilities for

an aggregate $8.7 billion allowed claim in its bankruptcy case.  Subsequently, after

protracted litigation over the reasonableness and propriety of that settlement, the

Bankruptcy Court appointed the Hon. James M. Peck, a United States Bankruptcy Judge

for the Southern District of New York, to serve as a mediator and to attempt to achieve a

negotiated resolution of the Debtors' RMBS liabilities and of other disputed issues in the

chapter 11 cases.  A lengthy mediation process ensued, resulting in a global settlement

that provided for the resolution of *all* of the Debtors' RMBS-related liabilities for more

than $10 billion in allowed claims granted to the various RMBS trusts, monoline insurers,

FHFA, securities law claimants, and others.

76.    The Bankruptcy Court for the Southern District of New York ultimately

approved the global settlement—including the $10 billion plus settlement of RMBS-

related liabilities, finding them to be fair and reasonable and in the best interests of each

of the Debtors, and confirmed the plan.  (See Case No. 12-12020-mg, Doc. 6066

(Findings of Fact) (Glenn, J.), at ¶¶ 98 to 176.)  RFC filed this suit on December 14,

27

2013, after RFC's RMBS-related liabilities became fixed through confirmation of the

Plan. The Plan became effective on December 17, 2013.[2]

77.    Pursuant to its express contractual indemnification obligations, Sierra

Pacific is obligated to indemnify RFC for the portion of the global settlement associated

with its breaches of representations and warranties, as well as for the portion of RFC's

other liabilities and losses (including the tens of millions of dollars that RFC has paid in

attorneys' fees to defend against, negotiate, and ultimately settle claims relating to

allegedly defective loans) associated with those breaches.

**COUNT ONE**
**(BREACH OF CONTRACT)**

78.    RFC realleges each and every allegation set forth in Paragraphs 1 through

77, above, as if fully rewritten herein.

79.    RFC and Defendant Sierra Pacific entered into a valid and enforceable

Agreement pursuant to which RFC acquired over 9,000 mortgage loans from Sierra

Pacific.

80.    Pursuant to the parties' Agreement, Sierra Pacific made representations and

warranties to RFC regarding the quality and characteristics of the mortgage loans

Defendant sold to RFC.

81.    RFC complied with all conditions precedent, if any, and all of its

obligations under the Agreement.

---

[2]    RFC continues to litigate other proofs of claims, including those brought by whole
loan purchasers.

**Deleted:** $9.3 billion RMBS settlements that is attributable to

**Deleted:** expenditures

**Deleted:** attributable to

**Formatted:** Default Paragraph Font

**Field Code Changed**

**Deleted:** ¶

82.     Defendant materially breached its representations and warranties to RFC inasmuch as the mortgage loans materially did not comply with the representations and warranties.

83.     Defendant's material breaches constitute Events of Default under the Agreement.

84.     RFC has suffered loss, harm, and financial exposure directly attributable to Sierra Pacific's material breaches, including liabilities and losses stemming from the defective loans, as well as attorneys' fees, litigation-related expenses, and other costs associated with both defending dozens of lawsuits and proofs of claim filed against RFC stemming in part from materially defective loans sold to RFC by Defendant, and fees and costs incurred in prosecuting this action.

**Deleted:** .

85.     Accordingly, RFC is entitled to the damages specified in the Client Guide, and/or damages sufficient to make RFC whole for its purchase of materially defective loans, in an amount to be proven at trial, which under either calculation exceeds $75,000, together with an award of attorneys' fees, interest, and costs.

**COUNT TWO**
**(INDEMNIFICATION)**

86.     RFC realleges each and every allegation set forth in Paragraphs 1 through 85, above, as if fully rewritten herein.

87.     RFC has incurred substantial liabilities, losses and damages arising from and relating to material defects in the mortgage loans Defendant Sierra Pacific sold to RFC, including over $10 billion in allowed claims approved by the United States

**Deleted:** 9

**Formatted:** Default Paragraph Font

**Field Code Changed**

**Deleted:** ¶

29