**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE IN FURTHER SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST OBJECTION TO CLAIM NUMBERS 416 AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the

Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1]

3. I submit this declaration (the "Declaration") pursuant to the *Order Granting the ResCap Borrower Claims Trust's Request to File a Supplemental Filing with Respect to Its Objection to the Aniels' Claims and Permitting the Aniels to File a Response* [Docket No. 9051] and in further support of the *Rescap Borrower Claims Trust and the ResCap Liquidating Trust's Reply in Support of its Objection to Claim Nos. 112, 114, 416 and 417 Filed By Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Reply").[2]

4. Except as otherwise indicated, all facts set forth in this Declaration are based either upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents, or information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

5. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records") kept in the ordinary course of the Debtors' business, as well as the Debtors' schedules of assets and liabilities and

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.

**Procedural Background**

6. In the Court's *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Liquidating Trust and the ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlina Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* [Docket No. 8820] (the "Decision"), the Court held that the Objection could not be sustained in its entirety because the Borrower Trust did not provide sufficient documentation demonstrating that the Debtors had authority to execute the Aniel Assignment (defined below). Specifically, the Court noted that the power of attorney signed by HSBC Bank USA, National Association, as Trustee ("HSBC") that granted authority to GMAC Mortgage, LLC ("GMACM") to execute assignments on HSBC's behalf was dated after the Aniel Assignment. See Decision at 34.

7. Certain of the Books and Records were transferred to Ocwen Loan Servicing, LLC ("Ocwen") as part of the sale of the Debtors' servicing platform. Pursuant to the Statement of Work, which is part of the Transition Services Agreement between ResCap and Ocwen, Ocwen is required to assist the Liquidating Trust with the claims reconciliation process by providing the Liquidating Trust, upon its request, with documents from the Books and Records maintained by Ocwen. As a result of the Decision, I sent a request to an employee of Ocwen asking them to locate the relevant power of attorney for the Aniel Loan. In response, an Ocwen employee provided me with the HSBC Power of Attorney (defined below).

**The Power of Attorney**

8. As discussed in the Objection, on February 1, 2011, HSBC assigned the Aniel Deed of Trust (the "Assignment") to GMACM. See Assignment of Deed of Trust, attached hereto as Exhibit A. The Assignment was signed by Mira Smoot, as an authorized officer of HSBC. Mira Smoot was an employee of GMACM who was an authorized officer of GMACM. See Mira Smoot GMACM Profile, attached hereto as Exhibit B.

9. At the time of the Assignment, GMACM had authority to execute assignments on behalf of HSBC pursuant to a power of attorney that HSBC granted to GMACM (the "HSBC Power of Attorney"). See HSBC Power of Attorney, attached hereto as Exhibit C. The HSBC Power of Attorney grants GMACM the power to execute, acknowledge, seal and deliver assignments of deed of trust/mortgages, among other things. See id. Attached to the HSBC Power of Attorney is a list of securitizations for which GMACM acted as the servicer at the time the HSBC Power of Attorney was executed. See id, Exhibit "A." Among the securitizations listed is Deutsche Alt – A Securities Mortgage Loan Trust, Series 2007-OA5, the securitization trust into which the Aniel Loan was transferred. See id.

10. Thus, the HSBC Power of Attorney demonstrates that Mira Smoot, as an employee of GMACM authorized to execute assignments in GMACM's name, had authority to execute the Assignment, and as a result the Assignment's validity is established.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 4, 2015

/s/ Kathy Priore
Kathy Priore
Associate Counsel for ResCap Liquidating Trust