MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS AND (II) REDUCE AND ALLOW BORROWER CLAIMS) AS TO CLAIM NO. 3503**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through their undersigned counsel, hereby submits this supplemental reply (the "Supplemental Reply") and the Supplemental Declaration of Kathy Priore, Associate Counsel to the ResCap Liquidating Trust (the "Second Supplemental Declaration"), annexed hereto as Exhibit 1, to the supplemental response filed by Mohammed K. Ghods and Heidi M. Ghods (the "Ghods" or the "Respondents") [Docket No. 9132] (the "Supplemental Response") to the *ResCap Borrower Claims Trust's Eighty-Eighth Omnibus Objection to Claims (I) No Liability Borrower Claims and (II) Reduce and Allow Borrower Claims)* [Docket No. 8859] (the "Objection"). The Borrower Trust respectfully state as follows:

## PRELIMINARY STATEMENT

1.  The Borrower Trust examined the Supplemental Response, and determined that the allegations do not demonstrate any liability due and owing to the Ghods. The Ghods assert that they were improperly charged for insurance on the Ghods Property, but the Ghods Note and the Ghods Deed of Trust, along with the guidelines that governed the Debtors' relationship with the investor of the Ghods Loan, demonstrate that the insurance charges were proper. Additionally, the Ghods' newly asserted claim for violation of the Real Estate Settlement Procedures Act ("RESPA") is an improper amendment to the Ghods Claim that should not be considered by the Court. Thus, the relief sought in the Objection should be granted with respect to the Ghods Claim.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or the Reply (defined below).

ny-1203181

**BACKGROUND**

2.  The Borrower Trust filed the Objection on July 8, 2015 and the Ghods filed an initial response on August 10, 2015. The Borrower Trust filed the *ResCap Borrower Claims Trust's Omnibus Reply in Support of Its Eighty-Eighth Omnibus Objection to Claims (I) No Liability Borrower Claims and (II) Reduce and Allow Borrower Claims) as to Claim Nos. 960 and 3503 and the ResCap Liquidating Trust's Objection to Michael Boyd's Relief from the Automatic Stay* [Docket No. 9026] (the "Reply") on August 17, 2015.

3.  The Court held a hearing on the Objection on August 20, 2015. During the hearing, at the request of the Ghods, the Court permitted the Ghods to submit a supplemental response to address the recorded version of the Ghods Deed of Trust that was filed with the Reply. See Transcript of Hearing at 28, *In re Residential Capital LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Aug. 20, 2015) [Docket No. 9054].

**REPLY**

4.  In the Supplemental Response, the Ghods do not contest that the Ghods Deed of Trust was properly recorded. Rather, the Ghods proffer new arguments that (i) Debtor GMAC Mortgage, LLC ("GMACM"), as the servicer of the Ghods Loan, lacked authority under the Ghods Note and the Ghods Deed of Trust to place insurance on the Ghods Property; (ii) the language in the Ghods Note and the Ghods Deed of Trust does not permit a lender to charge them for lender placed insurance; and (iii) GMACM did not respond to the Ghods' written letter requesting their insurance payments be credited to their account, as allegedly required by RESPA. See Supplemental Response. As demonstrated below, none of these arguments have merit.

5.  The Ghods assert that GMACM improperly placed the insurance on the Ghods Property in October 2004 because the Ghods Note and the Ghods Deed of Trust only permit the

"Lender" to place such insurance, and GMACM was acting as the servicer. See Supplemental Response at 3-4, (citing Casey v. Citibank, NA, 915 F. Supp. 2d 255, 263 (N.D.N.Y. 2013) (applying New York law)). This argument, however, ignores the fact that GMACM, as servicer, acted as the agent for the investor with regards to the Ghods Loan. The guidelines that govern the servicing of Freddie Mac loans (the "Freddie Mac Guidelines") state that "For as long as Freddie Mac owns an interest in a Mortgage, the Seller/Servicer must ensure that the Mortgaged Premises are covered by insurance meeting the requirements in this and subsequent sections."[2] See Freddie Mac Guidelines, dated as of December 18, 2012, attached hereto as Exhibit 2. In fact, a court in California (where the Ghods Property is located), explicitly rejected the finding in Casey and held that a servicer was authorized under the Freddie Mac Guidelines, as agent for the Lender, to place insurance on the property securing a loan and therefore, the servicer's acts did not violate the deed of trust. See McKenzie v. Wells Fargo Bank, N.A., 931 F. Supp. 2d 1028, 1044 (N.D. Cal. 2013). Additionally, it was the regular business practice of GMACM, in its role as servicer and agent for the investor, to place insurance on property in order to protect and preserve the investor's interest in the underlying property. See Second Supplemental Declaration ¶ 4. Thus, GMACM, acting as agent to Freddie Mac pursuant to the Freddie Mac Guidelines, properly placed insurance on the Ghods Property.

6.     The Ghods next argue that while the Ghods Deed of Trust may permit the lender to place insurance on their property, it does not permit the lender to *charge* them for the insurance. See Supplemental Response at 4-8. This is based on a creative yet tortured reading of

---

[2] The relevant section of the Freddie Mac Guidelines was most recently updated in October 2006, and the Borrower Trust was unable to locate a copy of the guidelines prior to that date. See Freddie Mac Guidelines at 58-1. The 2006 Bulletin, attached hereto as Exhibit 3, explains generally that the 2006 updates to the Freddie Mac Guidelines only modified some of the specifics of the pre-existing requirement that property securing Freddie Mac loans be insured. Additionally, any cause of action for violation of the Ghods Note or Ghods Deed of Trust prior to October 2006 would be barred by the statute of limitations, as the statute of limitation for breach of contract in California is four years and thus would have expired prior to the Petition Date. See Cal. Civ. Proc. Code Ann. § 337.

3

ny-1203181

the Ghods Deed of Trust. The Ghods Deed of Trust specifically states: "If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7." See Ghods Deed of Trust, attached to the Supplemental Declaration [Docket No. 9026] as Exhibit K, ¶ 5. Paragraph 7 of the Ghods Deed of Trust states: "If Borrower Fails to perform the covenants and agreements contained in this Security Instrument … then Lender may do and pay for whatever is necessary to protect the value of the Property and the Lender's rights in the Property. … Any amounts disbursed by Lender upon this paragraph 7 shall become additional debt of the Borrower secured by this Security Instrument." See Ghods Deed of Trust, ¶ 7. Read together, these two paragraphs clearly demonstrate that if the Ghods fail to maintain the necessary insurance coverage, as required by paragraph 5, then the Lender (or the Lender's agent) can purchase insurance coverage to protect the Lender's interest in the Ghods Property and charge the borrower the cost of such insurance pursuant to paragraph 7.

7.  The Ghods point to language regarding lender placed insurance that was present in an unrelated deed of trust referenced in an unrelated case, Rothstein v. Balboa Ins. Co., 794 F.3d 256 (2d Cir. 2015). The Ghods argue that because the Ghods Deed of Trust does not contain language identical to the deed of trust in Rothstein, they cannot be charged for lender placed insurance. However, the Ghods do not point to any specific language within the four corners of the Note or Deed of Trust that restricts the application of the plain meaning of the language in their documents. Thus, the Ghods have failed to demonstrate they were improperly charged for insurance placed on the Ghods Property.

8.  The final argument in the Supplemental Response is that the Debtors did not respond to the Ghods' letters as required by RESPA. See Supplemental Response at 8. Neither

4

ny-1203181

the Ghods Proof of Claim nor the diligence response received from the Ghods, nor their response to the Objection asserts RESPA as a basis for a claim. As a result, the Supplemental Response is an improper amendment to the Ghods Claim. When a bar date has passed, and a creditor seeks to file an amended proof of claim "[t]he decision to allow the amendment to the claim is committed to the discretion of the bankruptcy judge." In re Asia Global Crossing, Ltd., 324 B.R. 503, 507 (Bankr. S.D.N.Y. 2005). In the Second Circuit, the court may only allow a late amended proof of claim when there was an "assertion of a similar claim or demand evidencing an intention to hold the estate liable." Midland Cogeneration Venture Ltd. P'ship v. Enron Corp., (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005) (quoting Integrated Res., Inc. v. Ameritrust Co. N.A. (In re Integrated Res., Inc), 157 B.R. 66, 70 (S.D.N.Y. 1993). See also this Court's *Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim No. 5282 of Michelle Lawson* [Docket No. 7328].

9. Here, while the Ghods point to the fact that they attached a letter to the proof of claim that the Debtors allegedly did not respond to, nowhere in the Proof of Claim or the Diligence Response did the Ghods allege that the Debtors did not respond to the letter. Thus, nothing in the Ghods Claim demonstrates an intention to hold the estates liable for any alleged violation of RESPA, and the new basis asserted in the Ghods Supplemental Response should be barred as untimely because it fails to satisfy the applicable standards relating to amendments to proofs of claim and works significant prejudice against the Debtors' estates.

## CONCLUSION

10. WHEREFORE, the (i) Borrower Trust respectfully submits that the relief requests in the Objection should be granted in its entirety.

5

ny-1203181

| | |
|---|---|
| Dated: September 14, 2015<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |