**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SEP 1 4 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

In re:                                          )   Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,   )   Chapter 11
                                                )
                         Debtors.          )   Jointly Administered
                                                )

## Motion for Reconsideration of Order Clarifying Injunction and Directing Dismissal

Litigant herein, William Hendricks, (acting *pro se* herein and without counsel of record), moved this Court for clarification of the bankruptcy stay issued in this case with respect to state court litigation currently pending between the litigant and the debtor herein, GMAC Mortgage, (represented herein by the Rescap Liquidating Trust, hereinafter "the Trust"). This Court instructed the Trust to the Litigant's motion, which it did. The Litigant replied to such response but it is unclear if this Court reviewed that reply prior to the issuance of its subsequent Order finding that the Litigant's state court case was in violation of the bankruptcy stay in this case and directing that the state court case should be dismissed.

Litigant filed, as a borrower, for relief in state court to prevent a pending non-judicial foreclosure initiated by the debtor, GMAC. [See, page 6 of the Order complained of herein, in which this Court specifically finds that "Paragraph 14 of the Supplemental Servicing Order only modifies the automatic stay with respect to "pending and future foreclosure actions initiated by the debtors **or in those states providing for non-judicial**

1

**foreclosures, by a borrower**..."] The subject state action was instituted to halt GMAC's non-judicial foreclosure as both servicing agency and holder and owner of the note and deed of trust evidencing the loan subject of this motion. Thus, this state court action clearly falls under Section 14 of the Supplemental Servicing Order as long as GMAC continues to hold the note and deed of trust, for which there is no proof offered to the contrary.

GMAC, which now claims before this Court to have been merely a loan servicer, and to have transferred its loan servicing authority to another entity, OCWEN, represented in the state court litigation that it was the owner of the loan and not merely the loan servicing agency. At the time GMAC entered into these bankruptcy proceedings, the Litigant herein was not, and still is not, a creditor of GMAC and, therefore, had no claim to register in this bankruptcy. The sole purpose of the subject state court litigation was to force GMAC to provide proof that there was any debt still owing on the loan or the exact amount still owing on the loan, if any, for purposes of pay-off or refinancing. While claiming to have transferred "loan servicing" to OCWEN, GMAC has yet to claim in this or the state court that it has transferred ownership of the subject loan. As owner of the loan, it can still re-initiate non-judicial foreclosure proceedings in the State of Alaska, through its agent, OCWEN, if this Court secures dismissal of the state court case. Inasmuch as the state court case was initiated to prevent just such action, it is doubtful that this Court has the authority to require such dismissal under these circumstances.

With respect to the subject loan, there are several possibilities: 1) GMAC did not report its ownership of the loan as an asset in this bankruptcy, a fraud upon this Court; 2) GMAC transferred ownership of the subject asset prior to initiation of this

2

bankruptcy, a fraud upon the state court independently actionable against all those representatives of GMAC involved therein; 3) GMAC transferred ownership of the asset after initiation of this bankruptcy, without notification to this Court or the state court, a fraud upon both this Court and the state court; 4) GMAC never actually owned the loan upon which it attempted a non-judicial foreclosure and representatives of GMAC committed perjury in the state court in claiming otherwise, again a fraud upon the state court, and/or 5) GMAC owns the loan but no longer has any interest therein because it has no proof of current debt on the loan, requiring a deed of re-conveyance to the Litigant. Only through clarification of the ownership status of the subject loan will it be possible to ascertain whether the subject stay applies to the state court litigation, whether there has been fraud by GMAC and whether there is any need for continued litigation in the state court.

This Court should reconsider its Order (I) Clarifying that William Hendricks's (sic) Alaska State Court Action Violates the Plan Injunction, and (II) Directing Action to be Dismissed with Prejudice, withdraw such Order and issue a new order directing clarification by GMAC, through its representative, the Trust, of the ownership status of the subject loan with respect to the five categories of ownership set out hereinabove.

Dated: 7/8/15

William Hendricks (movant, *pro se*)
16810 Easy Street, Apt. 00
Anchorage, AK 99577
(907) 227-7249