RECEIVED SEP 1 4 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

ERLINDA ABIBAS ANIEL

75 Tobin Clark Dr.

Hillsborough, CA 94010

Claimant in Pro Per

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br>RESIDENTIAL CAPITAL, LLC, et al..<br>Debtors. | Case No. 12-12020-MG<br>**Chapter 11**<br>Jointly Administered |

**ERLINDA ABIBAS ANIEL'S REPLY TO SUPPLEMENTAL DECLARATION OF KATHY PRIORE IN FURTHER SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST OBJECTION TO CLAIM NUMBERS 416 AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

1

**COMES NOW**, ERLINDA ABIBAS ANIEL (herein "Aniel") respectfully request this Court declare the SUPPLEMENTAL DECLARATION OF KATHY PRIORE Associate Counsel of Rescap Liquidating Trust, (hereinafter PRIORE DECLARATION") inadmissible on the grounds it is hearsay pursuant to F.R.E. Rules 801(c) and 802, and Exhibits "A" 2011 Assignment of Deed, Exhibit "B" Mira Smoot Individual Profile and Exhibit "C" 2008 Limited Power of Attorney from HSBC BANK USA, NATIONAL ASSOCIATES AS TRUSTEE on the grounds they are unauthenticated and unrecorded copies pursuant to F.R.E. Rule 902(11).

**STANDARD OF REVIEW**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. F.R.E. 401. Although, relevant, evidence may be excluded if its probative value is substantially outweigh by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. F.R.E. 403.

A "statement" is (1) an oral or written assertion or nonverbal conduct of a person, if it is intended by the person as an assertion. See F.R.E. Rule 801. A "declarant" is a person who makes the statement. (Id.) "Hearsay" is a statement, other than one made by the declarant, while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. (Id) Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. F.R.E. Rule 802.

Records of regularly conducted activity, a memorandum report, record or date compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statue permitting certification, unless

the source of information or the methods or circumstances of preparation indicate lack of trustworthiness.

The term "business" as used in this paragraph includes business, institution, association, profession, occupation and calling of every kind, whether or not conducted for profit. F.R.E. 803(6).

The standard governing admissibility is as follows "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims" F.R.E. Rule 901(a)

Certified domestic records of regularly conducted activity, the original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803 (6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that record (A) was made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matter; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice. A party intended to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

**The Power of Attorney in itself is not enough evidence to prove Mira Smoot had authority and that the Assignment was valid.**

At the outset paragraph 3, 4, 5, 6, 7, 8, 9, and 10 are irrelevant with respect to September 4, 2015, supplemental declaration of Kathy Priore (Docket No. 9112) filed September 4, 2015, with Court Order. An affidavit on "information and belief" is an affidavit, which is not based on personal knowledge of the affiant or the person who makes an affidavit. Rather, it is an affidavit made upon the good faith belief of the affiant that the information he/she testifying to is true. An affidavit on information and belief must provide the source of the information and the grounds for the belief. If an

3

affidavit is made without giving the source of the information or the grounds of belief it is considered as mere hearsay and therefore incompetent as evidence.

The SUPPLEMENTAL PRIORE DECLARATION **FAILS TO CERTIFY** any of the three exhibits copies to be true and correct copy of the original proffered by the Debtors and labeled exhibit A, B, and C respectively. The Supplemental PRIORE DECLARATION is not based upon firsthand knowledge stating "upon information and belief, each of these endorsements took place on February 1, 2011, for Exhibit "A" assignment of deed signed by Mira Smoot, Exhibit "B", Mira Smoot GMACM Profile as an authorized officer of HSBC, and Exhibits "C" Limited Power of Attorney given an authority to GMACM from HSBC as Trustee for certain Trust listed on the exhibit "C", dated August 28, 2008.

The Priore Supplemental Declaration fails to build the foundational support required pursuant to Fed. R. Evid. Rule 803(6) by failing to identify anyone having personal knowledge of the date at which the endorsements took place by. Priore Declaration lays a broad blanket, and it is absent any specifics as to who, if anyone, provided what information and/or documents declarant relied upon that formed the basis of the declarant's (Priore's) information and belief.

Priore Declaration asserts that the Books of Records were transferred to Ocwen Loan Servicing, LLC (Ocwen) as part of the sale of the Debtor's servicing platform. Pursuant to the Statement of Work, which is part of the Transition Services Agreement between Rescap and Ocwen, Ocwen was required to assist the Liquidating Trust with the claims reconciliation process by providing the Liquidating Trust, upon its request, with documents from the Books of Records maintained by Ocwen. As a result of a decision, Priore sent a request to an employee of Ocwen asking them to locate the relevant power of attorney for the Aniel Loan. In response to Priore request, Ocwen employee provided her with the Power of Attorney. The Priore declaration asserts it received information, in connection with the request from Ocwen Loan Servicing, LLC's employee. However, Priore's declaration failed to mention that Ocwen's Books and Records also mailed the Aniel a 1098 SUBSTITUTE FORM MORTGAGE INTEREST STATEMENT in 2013, where Ocwen reported to the IRS that the principal balance of $2,056,816.02 had been paid. Yet, Debtor continues to insist that there is a valid lien on the property.

4

Priore's Declaration did not mention that Aniel's Loan had been paid off since July 2010, as reported on Erlinda's credit report, which was two years before the Debtors filed for Chapter 11. Priore's Declaration fails to mention that HSBC as Trustee for DALT 2007-OA5 had been settled by Rescap, the Debtor, under the Global Settlement, Docket # 6030-1, which was filed December 06, 2013 under the Revised Second Amended Chapter 11 Plan.

Priore Supplemental Declaration fails to mention that the Creditor's Proof of Claims had already been allowed under Debtor's confirmed plan. Creditor Erlinda Abibas Aniel's proof of claims were under the methology of GS4a and GS4b under the confirmed reorganization plan

## PRIORE SUPPLEMENTAL DECLARATION IS INADMISSIBLE

Facts must be proved through the testimony of the custodian of the records or qualified witness, though not necessarily the declarant Fed. R. Evid. Rule 803(6). The record will not be admissible if the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

First, the Priore supplemental declaration on Exhibit "A", the fabricated assignment of deed falsely purports that FOR VALUE RECEIVED, GMAC Mortgage, LLC FKA GMAC MORTGAGE CORP, obtained beneficial interest in the Deed to HSBC as Trustee for DALT 2007-OA5, when **no actual money** was transferred from GMAC to HSBC. This is further supported by the fact that GMAC admitted it never owned the loan and was just acting as a sub-servicer. No consideration ever took place between GMAC and HSBC. Therefore the assignment of deed is void for lack of consideration.

Priore fails to mention that on July 2011, the foreclosure was rescinded and that the 2011 assignment of deed was automatically void as a matter of law. Priore fails to mention that on July 2010, GMAC reported the loan as paid off and charged off yet they are still collecting the charged off debt through Ocwen. When Ocwen sent a 1098 to IRS because the loan had been paid off, Debtor refused to record a full deed of reconveyance on the property.

5

The Books and Records of PRIORE declaration was not updated to conform the "consent order" that were both agreed upon by all debtors through the Department of Justice order.

The Rescap still continues to victimize borrowers/creditors by their BOOKS and Records with full of fraudulent representations even after the confirmation plan in order to defraud borrowers/creditors of their proof of claims

Priore mentioned that Mira Smoot had been an employee of Rescap the Debtor since 2010 and resigned on 2015, but Priore failed to mention that she was an employee for twelve other subsidiaries located in different states, within 42 months of employment, she jumped to different states to work with these bankrupt entities.

Priore exhibits "B" of individual profile of Mira SMOOT was redacted and shows only GMAC as her only employment between August, 9, 2010, to February 15, 2015, which contradicts with Debtors' exhibits on their objection to claim. See Doc. # 8475-2.

Priore Supplemental declaration is full of false statements and committed perjury to cover up the fraud by RESCAP.

Priore supplemental declaration is not in good faith in declaring her Supplemental Declaration and should be subject for Court SANCTION.

Because the 2011 Assignment of deed is void, all cause of action survives for fraudulent concealment, wrongful foreclosure, Unfair and Unlawful business practices Act, and declaratory relief.

**Even if the Court considers the contents of the Priore Declaration, there are still inconsistencies that the Court must review in an Evidentiary Hearing.**

The supplemental pleading and the attached exhibits in the Priore Declaration are still not enough for the Court to determine that Mira Smoot had authority to execute an assignment. There is still a clear dispute of fact whether the Assignment was valid. Priore make no clarification as to the previous inconsistencies made in her initial declaration in support of ResCap's reply to the objection to expunge Aniel's Proof of Claims. Priore did not explain why her previous declaration made false statements of GMAC's authority to execute the Assignment based on the original documents she filed. Interestingly enough, in the 2013 Power of Attorney document attached in the previous

6

pleading, the Securitized Trust for the subject property was NOT listed as an active trust being serviced by GMAC.

Also, a close examination of the 2008 Power of Attorney and 2013 Power of Attorney reveals that the signatures of one of the witnesses, "Nancy Luong", appear to be different. Robo-Signing has been an improper practice by loan servicers for many years, and the Power of Attorney appears to be another product of robo-signing, where signatures are forged by individuals without any personal knowledge of the contents of the documents. There is no question that the signatures are not the same, and at the very least, the Claimants have the right to question the authenticity of the documents submitted by the Debtor.

Also, while the Power of Attorney purports that GMAC has power of attorney to act in behalf of HSBC, Mira Smoot was not listed in any document as an authorized employee of GMAC. Other than a company profile of Mira Smoot's work history, there are no other documents to show that Mira Smoot had authority from GMAC to sign an Assignment of the Deed. Under Priore's declaration, any employee of GMAC had authority to sign on behalf of HSBC. That could not possibly be true, and further discovery is needed to determine the exact role Ms. Smoot had with GMAC. Based on different signature from a certain "Nancy Luong", it is equally possible that Ms. Smoot was also a robo-signer or that her signature was actually signed by someone else. Ms. Smoot does not have personal knowledge of the contents she executed on the Assignment of the Deed, and Rescap is trying to avoid this issue by having the Court expunge Claimant's proof of claim without an evidentiary hearing originally ordered by the court.

Finally, even if the Court were to take the Power of Attorney as true, the document in itself does not prove that the Assignment was valid. The Assignment of the Deed purports that Mira Smoot signed as an authorized officer of HSBC. However, there is no mention that the document was executed under a power of attorney granted to GMAC. The document could have stated "GMAC as attorney in fact of HSBC…", but the document purports that Ms. Smoot was an authorized officer of HSBC when in she fact she was employed by GMAC. At the very least, it still raises questions to the legitimacy of the document.

Rescap's supplemental pleading is merely an attempt to circumvent discovery and the evidentiary hearing, which was originally ordered by this court. Debtor could have easily presented the evidence in an evidentiary hearing, and Claimant would have her right to properly question that evidence. This Court should not allow Debtor to simply continue to file documents until it "corrects" its continuous mistakes. While this document alone does not prove that the Assignment was valid, it is an attack on Claimant's due process right to an evidentiary hearing.

**Conclusion**

The Supplemental Declaration of Kathy Priore, Associate Counsel for the Rescap Trust (the "Liquidating Trust") in support of DEBTORS' Motion to expunge the proof of Claim 416 and 417 fails to comport to the Federal Rules of Evidence, is strictly hearsay, and lacks the requisite trustworthiness element necessary for admissibility.

This issue is still a contested matter governed by rule 9014, and Aniel still has a right to an evidentiary hearing in order for the Court to address these contested matters in a proper venue.

Respectfully Submitted,

_____

Erlinda Abibas Aniel

Claimant in Pro Per

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was mailed on September 11, 2015 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, New York 10004-1408

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett

The Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Attention: Linda A. Riftkin and Brian S. Masumoto

The ResCap Liquidating Trust
Quest Turnaround Advisors
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue 21st Floor
New York, New York 10022
Attention: Daniel J. Flanigan

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

Erlinda Abibas Aniel, Fermin Solis Aniel, Marc Jason Aniel
c/o Law Offices of Marc Jason Aniel
205 De Anza Blvd. #144
San Mateo, CA 94402

_____
Erlinda Abibas Aniel, Claimant in Pro Per

9