Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com



Honorable Judge Martin Glenn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

GMAC Mortgage, LLC;
Residential Funding Company, LLC;
Residential Funding Real Estate
  Holdings, LLC;
Homecoming Financial, LLC;
Executive Trustee Services, LLC
                                                Debtors

IN PROCEEDINGS
UNDER CHAPTER 11
BK Case No. 12-12020 (MG)
(Jointly Administered)

MOTION FOR CLARIFICATION OF
ORDER, DOC. NO. 9108, AND MOTION
TO EXTEND TIME TO FILE NOTICE OF
APPEAL UNDER FRBP 8002

MOTION FOR CLARIFICATION OF ORDER, DOC. NO. 9108,
AND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL UNDER FRBP 8002(2)

1. Claimant Duncan K. Robertson, appearing pro se, respectfully requests that this Court clarify[1] certain provisions of its *Amended Memorandum Opinion And Order Granting Motions For Partial Reconsideration Of The Opinion Sustaining In Part And Overruling In Part The*

---

[1] Motions to clarify may be brought under Fed.R.Civ.P 59(e); See *Bowen v. Kendrick,* 487 U.S. 589, 108 S. Ct. 2562, 101 L. Ed. 2d 520 (1988); *Perez v. Danbury Hosp.*, 347 F.3d 419 (2d Cir. 2003).

1

*Rescap Liquidating Trust's Objection To Claims Filed By Duncan K. Robertson,* Docket No. 9108, issued September 5, 2015 ("Expunging Order").[2]

## Procedural History

2. Robertson filed suit in Superior Court, King County, Washington on June 6, 2012, Case No. 12-2-19854-3 SEA, stating various state-law claims against Debtors in this Bankruptcy Proceeding. He then filed timely claims in this Proceeding based upon anticipated court resolution of those issues. Claim Nos. 385, 2386, 2387, 2388 and 2389. Debtor Defendants were not served in that action, but appeared in state court and joined themselves voluntarily as to two causes of action, Declaratory Relief and Quiet Title, while asserting that the remaining Causes of Action naming them were stayed under 11 U.S.C. 362(a). Debtor Defendants then participated in removal of the action to federal district court, Case No. 2:12-cv-02017-MJP (WD Wash.). Robertson filed two motions to remand the action to state court, and had prepared a Motion for Relief from Stay to be presented to this Court[3] based upon their success. However, the district court denied the Motions, which are currently on appeal before the 9th Circuit, No. 14-35672. The 9th Circuit action also appeals the district court dismissals with prejudice of non-debtor defendants, and dismissals without prejudice of Debtor Defendants.

3. On February 15, 2015, the Liquidating Trust filed an objection to the Proofs of Claim [Docket No. 8072] (the "Claims Objection") objecting to all of Robertson's claims in this procedure. Robertson opposed and objected to the Claims Objection. [Docket Nos. 8238 (Robertson Opposition to Claims Objection and Declaration); 8239 (Notice of 9th Circuit Appeal) and 8240 (Notice of 3rd Party Action)].

---

[2] Expunging Order amended and ordered for publication its original Order, Docket No. 9105 ("Original Expunging Order") issued September 4, 2015.

[3] See Docket No. 8238 at 3-5, 15, 21-23 (Robertson Opposition to Claims Objection and Declaration).

2

4. On April 28, 2015 this Court issued a *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the Rescap Liquidating Trust's Objection to Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "Opinion"), which sustained in part and overruled in part the Claims Objection brought by the ResCap Liquidating Trust to Robertson's claims in this Procedure. In that published Opinion this Court concluded that three of Robertson's claims remained viable in this procedure:

> [1] Robertson's Homecomings Claim may proceed to an evidentiary hearing with respect to his trespass cause of action, as set forth above; [2] his ETS Claim may proceed to an evidentiary hearing with respect to his fraud and WCPA causes of action, as set forth above; and [3] his RFREH Claim may proceed to an evidentiary hearing with respect to his fraud and WCPA causes of action, as set forth above." (Opinion at 30).

Specifically as to the trespass cause of action, the Court ruled:

> "On the merits, Robertson has alleged facts sufficient to state a claim for trespass against Homecomings." [* * *] [T]he First Priority DOT's chain of assignments is confused by the erroneous RFREH Assignment,[4] and the facts alleged by Robertson support a reasonable inference that Homecomings knew or had reason to know it lacked authority to enter the Property and make repairs because it was acting on behalf of a beneficiary with a dubious interest in the First Priority DOT."
> [* * *]
> Whether Homecomings knew or had reason to know that it lacked authority to enter the Property under the First Priority DOT because RFREH was not the beneficiary of the First Priority DOT requires resolving factual issues that cannot be done at this stage in the pleadings. Accordingly, the Objection is **OVERRULED** with respect to Robertson's trespass cause of action..

*Id.* at 18-19.

5. Following the Opinion, on July 8, 2015 the Court ordered that discovery on both sides should commence and be completed by September 5, 2008, and that both sides should continue to seek a settlement resolution if possible. [Docket 8155 (Case Management Order)]. It is not

---

[4] Court fn. 14: The matter is further confused by the fact that RFREH appointed LSI as substitute trustee of the First Priority DOT months before RFREH ever purported to obtain a beneficial interest in the First Priority DOT. Moreover, the RFC Corrected Assignment clarified that RFREH never actually obtained any interest in the First Priority DOT.

3

known whether the Court had been advised of the progress between parties toward settlement, including preliminary discovery submissions by Robertson to evidence specific trespass incidents and documentation of property injuries and damages including appraisals and police reports, and that based upon these pre-discovery documents, on September 4, 2015 Robertson had advised the Liquidating Trust that he had assembled an offer to settle all claims. Accordingly, please see the attached letter reporting certain events and communications.

6. The Liquidating Trust filed a Motion for Partial Reconsideration of the Opinion, Docket No. 8604 ("Trust Motion"); this was opposed by Robertson in Docket No. 8951. The Trust Motion sought reconsideration of <u>two</u> of the claims allowed by the court under the Opinion –

> The Liquidating Trust respectfully requests that the Court reconsider those holdings in the Order relating to [1] Robertson's surviving fraud claims and [2] the WCPA claims on the basis that they were premised on one or more errors of law and fact, and a correction of those errors would materially alter the Court's ruling. [And,] would dispose of Robertson's [1] fraud and [2] WCPA claims against RFREH and ETS."

*Id.* at 5-6. The Trust Motion *did not* seek reconsideration of the trespass cause of action. *Id.*

7. The Expunging Order states regarding the Court's previous Opinion –

> The Court overruled without prejudice the Objection as to Robertson's for (a) trespass against Homecomings alleged to have occurred on May 24, 2010, (b) fraud against RFREH and ETS in connection with their execution of the LSI Appointment and representations by ETS that GMACM was the holder of the Note, and (c) violation of the WCPA against RFREH and ETS in connection with their preparation and execution of the LSI Appointment.

*Id.* at 9. However, the Expunging Order's only other mention of the trespass cause of action occurs in passing in the Court's Procedural History. *Id.* at 5. Notwithstanding the absence of any discussion or ruling regarding trespass, the Expunging Order states –

> Based on reconsideration, the Claim Objection to the two remaining causes of action is **SUSTAINED** and Claim Numbers 2385, 2386, 2387, 2388, and 2389 are **EXPUNGED**.

Id. at 2. Thus, the Expunging Order states it is ruling on *two* claims, but expunges all three. This is not clear.

4

8. Whereas the Expunging Order provides for publication and will now stand as authority for the Court's "lack of standing" holding relating to privity to Deed of Trust assignments, potentially prejudicing Robertson's concurrent action in state court, it is requested that the Court clarify its holding that "Robertson [ ] does not have standing to attack the validity of the RFREH Assignment or the LSI Appointment" (*Id.* at 15), especially in light of the Court's previous discussion of standing types and how they relate to bankruptcy in *In re 1031 Tax Group, LLC*, 439 B.R. 47 (MG), 60 (Bankr. S.D.N.Y. 2010).

## MOTION FOR EXTENSION OF TIME TO FILE APPEAL

9. Because the Expunging Order is not clear as to the status of all claims it addresses, *supra*, Robertson also hereby moves under FRBP Rule 8002(2) that his time allowed to file an appeal to this order be extended to at least 14 days following the Court's response to this Motion for Clarification.

## CONCLUSION

For the reasons above stated, a clarification of (a) the disposition of Robertson's Trespass cause of action as stated in his Complaint filed in King County Superior Court, is respectfully requested.

Respectfully submitted
this 12th Day of September, 2015 in Portland, OR by -

Duncan K. Robertson
Claimant, Pro Se.