Duncan Robertson
3520 S.E. Harold Court
Portland, OR 97202-4344
Tel & Fax: (503)775-9164
Uncaduncl@aol.com

By Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408



Re: In re Residential Capital, LLC et al.
United States Bankruptcy Court
Southern District of New York
Jointly Administered Under Case No. 12-12020 (MG)
Claim Nos. 2385, 2386, 2387, 2388, 2389;
Document No.

September 11, 2015

Dear Judge Glenn:

    I am claimant ("Claimant") of the above enumerated claims. The purpose of this letter, which accompanies my Motion for Clarification and Motion to Extend Time to File Appeal as they relate to the Court's September 4 ruling [Docket No. 9105] and September 5 amendment thereto [Docket No. 9108] ("Expunging Order"), is to inform the Court of collateral issues in progress at the time of the ruling that may or may not be affected by the Court's consideration of the accompanying Motions.

    The Proofs of Claim filed in this Proceeding assert, inter alia, claims arising out of the alleged trespass by Homecomings in its capacity as servicer for the First Priority Loan, including specifically in December 2008 and on May 24, 2010.

    On February 15, 2015, the Liquidating Trust filed an objection to the Proofs of Claim [Docket No. 8072] (the "Claims Objection").

    On April 28, 2015, the Court entered the *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the Rescap Liquidating Trust's Objection to Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "Opinion"), which sustained the Claims Objection in part and overruled the Claims Objection without prejudice in part, and held, among other things, that claim of Homecoming's alleged trespass in December 2008 is time-barred because it occurred before May 14, 2009 (three years before the Petition Date), however the trespass claim occurring after that date, specifically on May 24, 2010, is not time-barred (Opinion at 17).

1

The Opinion further holds that "[Claimant's] Homecomings Claim may proceed to an evidentiary hearing with respect to his trespass cause of action, as set forth above....". *Id.* at 30.

On May 12, 2015, the Liquidating Trust filed a motion for partial reconsideration of the Opinion [Docket No. 8604]. The Motion did not address the Trespass claims.

On July 8, 2015, the Court entered the *Case Management and Scheduling Order Concerning the ResCap Liquidating Trust's Objection to the Claims of Duncan K. Robertson* [Docket No. 8855] (the "Scheduling Order"), setting 5:00 p.m. September 4, 2015 as the deadline for the close of fact discovery on the remaining claims and October 5, 2015 as the deadline for the close of expert discovery.

On July 31, 2015 and August 4, 2015, the Claimant served discovery requests on counsel for the Liquidating Trust, including seeking discovery from Homecomings regarding certain facts alleged in the Homecomings Proof of Claim and the Claims Objection (the "Homecomings Discovery Requests").

On August 4, 2015 ResCap Liquidating Trust's first set of discovery requests was served on the Claimant seeking discovery relating to the three then-surviving Claims, including the trespass cause of action.

Also on August 4, 2015 the Liquidating Trust emailed Claimant a "Confidential Settlement Communication Subject to FRE 408," acknowledging receipt of discovery requests, inquiring as to Claimant's willingness to reach a settlement agreement as to all issues solely affecting Debtors, and if amenable to such, requesting that Claimant forward as soon as possible a summary itemization of injuries/damages to the Liquidating Trust for the purpose of reaching a settlement figure.

On August 5, 2015 Claimant responded to the above via email, "Your request to get those figures and minimal supporting documentation to you ASAP is reasonable and I am, and will, make every effort to do so." *Id.*

On August 19, 2015 Claimant sent via email attachment materials requested by the Liquidating Trust, including a preliminary summary of all injuries/damages, preliminary spread sheet showing monetary injuries/damages and a preliminary assembly of his Discovery Appendix including evidence of injuries/damages, especially as to the trespass cause of action.

Meanwhile, on August 17, 2015, Claimant requested that the Liquidating Trust consent to allow joinder of GMACM with respect to Claimant's surviving trespass cause of action, whereas it had not been revealed at the time the original Complaint was drafted that GMACM had assumed Homecomings' servicing duties effective July 1, 2009, and thus all acts of trespass subsequent to that date are properly asserted as to GMACM. See Declaration of Kathy Priore [Docket No. 8072-7 at ¶16].

On August 24, 2015 the Liquidating Trust responded to the request via email, stating, "we don't disagree that GMACM was the servicer at the time your surviving trespass claims

2

allegedly took place, and as such, those claims are properly asserted against GMACM, not Homecomings." *Id.* The Liquidating Trust further agreed to draft a stipulation agreement to be submitted to the Bankruptcy Court for its order, substituting GMACM as the defendant where appropriate.

On September 1, 2015 the Liquidating Trust sent to Robertson a draft of the stipulation agreement joining GMACM to the trespass cause of action and postponing discovery submission/response due dates as relating thereto from their previously scheduled September 5, 2015 deadline.

On September 1, 2015 Claimant responded via email: "I have some minor modifications to the stipulation agreement and should have it to you tomorrow (Wednesday), although it may not arrive by your 5PM. In any event I will not hold you to the Friday due date on the Discovery. It will be accompanied by a letter, offer and suggestion for terms of a settlement agreement, which is the reason for the delay." Letter and the described response/modifications were so sent via email on September 2, 1015 at 11:47 p.m. Pacific Daylight time.

On September 2, 2015 the Liquidating Trust emailed to Claimant a second draft copy of the stipulation agreement. Included in that communication was their answer as to how the since-revealed trespass violations occurring between the Debtor's Petitions for Bankruptcy and the 2010 claim ("gap" – applying to Homecoming through June 30, 2015, and to GMACM from then on) might be addressed: " To the extent you want discovery on additional potential trespass claims, whether arising during the "gap" period (and therefore against Homecomings) or otherwise, you will first need to assert those additional trespass claims, which will require you to seek leave of the Court to amend your claims." *Id.* I have since learned that this directive does not necessarily conform to bankruptcy law and practice:

> Civil Rule 15(c) is a corollary to Civil Rule 54(c) which provides that in nondefault situations that are tried to judgment a court must award the relief to which a party is entitled regardless of whether requested in the pleading. Fed. R.Civ.P. 54(c), *incorporated by* Fed. R. Bankr.P. 7054; *Samayoa v. Jodoin (In re Jodoin),* 196 B.R. 845, 851-52 (Bankr. E.D.Cal.1996); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC.:CIV. 3D § 2664 (1998); 10 JAMES WM. MOORE ET AL., MOORE'S FED. PRAC. § 54.72 (3d ed.2001). Similarly, it complements the rules that pleadings are deemed amended to conform to the evidence at trial and the mandate that the rules be construed to secure the just, speedy and inexpensive determination of every proceeding. Fed.R.Civ.P. 15(b), *incorporated by* Fed. R. Bankr.P. 7015; Fed.R.Civ.P. 1, *restated by* Fed. R. Bankr.P. 1001.
> 
> *In re Markus,* 268 BR 556, 561 (9th Cir. BPA 2001).

On September 3, 2015 the Liquidating Trust responded via email to Claimant's suggested stipulation modifications stating "Your proposed changes to the stipulation are generally acceptable to us..." (but objecting to a GMACM as successor-to-Homecomings liability provision for acts committed in the "gap" period, *supra*). The Liquidating Trust stressed, however, that the extension of discovery deadlines would apply only to GMACM and "We fully

3

expect and demand that you provide your responses to our discovery requests tomorrow, when they are due. " *Id.*

On September 4, 2015, the day prior to the Discovery due-date, the Court issued its first Order apparently expunging all claims. [Docket No. 9105]. I immediately emailed MoFo attorneys for the Liquidating Trust expressing my view that a Motion for Clarification was needed as to what has happened regarding the apparently surviving trespass claim and any impact regarding discovery. The email included –

> If all of the claims are expunged, how can the trespass claim survive? And, when this is not addressed?
> I will send the signed Stipulation agreement in a moment, although its appropriateness is part of the question above. I would appreciate your take on where things stand and what is required now. Legal consulting at this end has come up with the same question mark as me.
> I will discontinue working on getting you discovery tomorrow, now limited to the trespass issues, until I hear back from you.

*Id.* I sent a second email on September 4, 2015 stating, "Signed stipulation is attached. Again, where do things stand with regard to the trespass claims?" That same morning, Erica Richards of MoFo responded via email:

> As your counsel whom you have copied on your emails are well aware, we cannot give you legal advice on your next steps.
>
> We note only that the opinion and order entered by Judge Glenn states that each of your proofs of claim is expunged. Under the order, the discovery stipulation is now moot and we will not be countersigning or filing it.

*Id.* Because the opinion and order appears to be self-contradictory, on September 5, 2015 I proceeded to timely forward the previously requested discovery answers and materials to the Liquidating Trust via email attachment, albeit omitting responses directly relating to the two non-trespass claims.

On September 5, Erica Richards of MoFo acknowledged via email:

> Thank you for your discovery responses, although the Court's prior scheduling order was mooted upon entry of yesterday's decision. We will provide our responses to your requests if and when any of your related claims are revived.

*Id.*

As shown, it does not appear to be clear to either side just where things stand with regard to the trespass claims. For this reason, and to expedite a properly framed Notice of Appeal, the accompanying Motion for Clarification and Motion to Extend Time to File Appeal have been presented to the Court.

4

Also, the Court had scheduled a status conference for this case on September 21st at 10 a.m. (Eastern) to which all parties had agreed. To date I have not received notice that this conference has been cancelled. May I suggest that proceeding with the conference would provide a timely opportunity for all to address these issues.

Respectfully yours,

*[signature]*

Duncan K. Robertson
Claimant

CC: Erica Richards
ERichards@mofo.com
Morrison & Foerster, LLP
Attorneys for Liquidating Trust