1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:  (415)494-8314
3  Facsimile:    (650)728-0738

4  Attorney *In Propria Personum*

**RECEIVED SEP 18 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

|  |  |
|---|---|
| *IN RE:* | **BANKRUPTCY CASE NO. 12-12020-MG** |
|  | **USDC CASE NO.: 15-CV-7140** |
|  | [Jointly Administered (Executive Trustee Services, Case No. 12-12028)] |
| RESIDENTIAL CAPITAL, LLC, *ET AL.* | **APPELLANT'S DESIGNATION OF CONTENTS OF RECORD ON APPEAL AND STATEMENT OF ISSUES** |
| DEBTORS. |  |
|  | CLAIM NO. 4445 |

**COMES NOW** Appellant ALAN MOSS, and pursuant to Fed.R.Rank.P 8009, submits his Designation of Contents of the Record on Appeal, and Statement Of Issues to be presented.

/ / /

# I.

# DESIGNATION OF CONTENTS OF RECORD ON APPEAL:

| DESIGNATION NO. | DATE | DESCRIPTION |
|---|---|---|
| ECF DOC. NO. 7552 | SEPT. 17, 2014 | RESCAP BORROWER CLAIMS TRUST'S (HEREINAFTER "RESCAP") SEVENTY-FIFTH OBJECTION TO CLAIM NO. 4445 |
| ECF DOC. NO. 7667 | OCT. 16, 2014 | CLAIMANT'S RESPONSE IN OPPOSITION TO RESCAP'S *SEVENTY-FIFTH* OMNIBUS OBJECTION TO CLAIM NO. 4445 |
| ECF DOC. NO. 7904 | DEC. 19, 2014 | RESCAP'S SUPPLEMENTAL OBJECTION TO CLAIM NO. 4445 |
| ECF DOC. NO. 8044 | JAN. 23, 2015 | CLAIMANT'S RESPONSE TO RESCAP'S SUPPLEMENTAL OBJECTION TO CLAIM NO. 4445 |
| ECF DOC. NO. 8073 | FEB. 5, 2015 | RESCAP'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL OBJECTION TO CLAIM NO. 4445 |
| ECF DOC. NO. 8293 | FEB. 12, 2015 | TRANSCRIPT OF HEARING |
| ECF DOC. NO. 8127 | FEB. 13, 2015 | ORDER SUSTAINING OBJECTION TO CLAIM AND LEAVE TO AMEND |
| ECF DOC. NO. 8225 | MARCH 2, 2015 | MOTION TO REARGUE |
| ECF DOC. NO. 8334 | MARCH 16, 2015 | AMENDED CLAIM NO. 4445 |
| ECF DOC. NO. 8439 | APRIL 7, 2015 | ORDER DENYING MOTION OF ALAN MOSS FOR REARGUMENT |
| ECF DOC. NO. 8502 | APRIL 15, 2015 | RESCAP OBJECTION TO AMENDED CLAIM NO. 4445 |
| ECF DOC. NO. 8727 | MAY 20, 2015 | CLAIMANT'S RESPONSE TO RESCAP'S OBJECTION TO AMENDED CLAIM |
| ECF DOC. NO. 8766 | JUNE 18, 2015 | RESCAP'S REPLY IN SUPPORT OF ITS OPPOSITION TO AMENDED CLAIM NO. 4445 |
| ECF DOC. NO. 8813 | JUNE 28, 2015 | CLAIMANT'S LETTER DATED JUNE 23, 2015 TO JUDGE GLENN RE: CASE CITATION |

| ECF Doc. No. ???? | N/A | Transcript of Hearing June 23, 2015 |
| --- | --- | --- |
| ECF Doc. No. 9052 | Aug. 24, 2015 | Memorandum Opinion And Order Sustaining The ResCap Borrower Claims Trust's Objection To Amended Claim No. 4445 Filed By Alan Moss |
| ECF Doc. No. 9116 | Sept. 4, 2015 | Notice of Appeal And Statement Of Election |

## II.

### IDENTIFY THE SUBJECT OF THIS APPEAL:

This claim arises from, and is based upon, a lawsuit between claimant ALAN MOSS and a sub-entity of ResCap named Executive Trustee Services(hereinafter "ETS"). The lawsuit was filed in the Superior Court in and for the County of San Mateo, California.[1] The lawsuit accuses ETS of illegally acting as the "trustee" in a foreclosure action, the role of "trustee" being a requisite part of the foreclosure process in California, that ETS had no power to issue the two statutorily required notices issued by ETS as trustee, and therefore were of no force and effect. Both ResCap and the Court agree that ETS was illegally appointed as trustee. In a separate lawsuit, Claimant herein sued ResCap for wrongful foreclosure, based in large part on the illegal actions of ETS. That lawsuit was resolved by way of settlement, and the illegally issued notices were withdrawn. When ResCap filed for bankruptcy, ETS did as well; it did so as a separate bankruptcy case, but was and is jointly administered with this ResCap litigation.

With this background, the issues to be addressed in this appeal are as follows:

---

[1] *See* San Mateo Superior Court Action No. CV505386.

A. It is admitted, by both ResCap and the Court, that ETS failed to respond to the Complaint in the case below, and that a default was taken against ETS. Claimant asserts, pursuant to California statutory and decisional law, that the factual allegations of the Complaint are therefore conclusive as against ETS, and that therefore, the claim is conclusively proven because of the factual allegations contained in the Complaint which must be taken as true.

The first issue on appeal is whether the Bankruptcy Court correctly concluded, based on a single, inapposite case, that the ETS default was of no force and effect.

B. It is further admitted, by ResCap and the Court, that ETS was illegally appointed to act as "trustee." Pursuant to California law, ETS had no power to do any statutorily required acts, specifically a Notice of Default and a Notice of Trustee's Sale. Both are required to perfect a foreclosure in California. The Court held that a showing of "malice," as defined under California law, was required to be shown in the claim itself.

The second issue on appeal is whether "malice" need be shown, where as here, the trustee was illegally appointed.

C. The third issue ton appeal is, assuming "malice" is required to be shown, whether the default conclusively demonstrates malice.

D. The fourth issue on appeal is, assuming the default does not adequately allege malice, whether the amended claim sets forth sufficient allegations at this stage of the proceedings to demonstrate "malice" pursuant to California law for purposes of perfecting a

claim in this proceeding.[2]

E. The fifth issue on appeal is whether the issuance of the notices by ETS were priviledged.

F. The sixth and last issue on appeal is whether the claim sufficiently establishes, either by the entry of default or otherwise, the elements necessary to support the causes of action of the amended claim(i.e., the underlying complaint).

Respectfully submitted,

Dated: **September 17, 2015**

ALAN MOSS

*In Propria Personum*

---

[2] The Court denied claimant's request for minimal discovery in this regard, where claimant could not possibly know all of the relevant facts demonstrating ETS's malicious behavior; said information was not in the public domain, was exclusively held by ETS/RsCap, and ResCap was allowed to proffer its records on claimant's loan, but at the same time to shield its ETS records on plaintiff's loan.

# PROOF OF SERVICE

**COURT:**  U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**CASE NAME:**  *IN RE RESCAP*

**ACTION NO.:**  BANKRUPTCY NO. 12-12020-MG

I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

**APPELLANT'S DESIGNATION OF CONTENTS OF RECORD ON APPEAL AND STATEMENT OF ISSUES**

on the party(ies) set out in said document by causing a true copy thereof to be:

[ ]   By U.S. priority OVERNIGHTmail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then deposited in a U.S. Post Office.

[ ]   By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[X]   Sent via Fedex Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS or FEDEX for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Clerk's Office (Appeals Section)
U.S. Bankruptcy Court in and for the
   Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York New York 10004-1408

Morrison and Foerster LLP
ATTN: Norman S. Rosenbaum
250 West 55th Street
New York New York 10019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __17th__ day of September, 2015, at San Francisco, California.

_____

APPELLANT'S DESIGNATION OF CONTENTS OF
RECORD ON APPEAL AND STATEMENT OF
ISSUES

USDC CASE NO.: 15-CV-7140
BANKRUPTCY ACTION NO. 12-12020-MG