**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

RESIDENTIAL CAPITAL, LLC, *et al.*,　　　　:　　　　Chapter 11

　　　　　　　　　　　　　　　　　　　　:　　　　Case No. 12-12020 (MG)

　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　Debtors.　　:

------------------------------------------------------------x

**CASE MANAGEMENT & SCHEDULING ORDER FOR SIXTY- NINTH
OMNIBUS OBJECTION TO CLAIMS (NO-LIABILITY BORROWER
CLAIMS) AS TO CLAIM NO. 2079 FILED BY MAURICE SHARPE**

　　　This Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference held on September 21, 2015, in accordance with Fed. R. Civ. P. 16(b) and 26(f) with regard to the Sixty-Ninth Omnibus Objection to Claims (No-Liability Borrower Claims) as to Claim No. 2079 Filed by Maurice Sharpe.

　　　1.  This contested matter arises out of an Objection to the Proof of Claim filed by Maurice Sharpe against GMAC Mortgage, LLC designated as Claim number 2079. The only parties to this contested matter are the ResCap Borrower Claims Trust (the "Trust") and Maurice Sharpe.

　　　2.  Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) shall not be required.

　　　3.  All <u>fact</u> discovery shall be completed on or before January 19, 2016.

　　　4.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

　　　5.  Expert discovery. The parties do not anticipate any expert discovery.

1

6. Motions

a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. A motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 3 hereof).

b. Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for the Trust should be marked by numbers; exhibits for Mr. Sharpe should be marked by letters.

c. Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

d. **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

7. All counsel must meet face-to-face or telephonically to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) after the date of this

2

Order and, again, within fourteen (14) after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

8. Counsel shall submit a proposed Joint Pretrial Conference Order on or before February 18, 2016. The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

9. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

10. The Final Pretrial Conference is scheduled for February 25, 2016, at 10:00 a.m.

11. The Trial in this matter is scheduled to begin on March 7, 2016, at 9:00 a.m., and shall continue day-to-day until completed. The Court anticipates imposing time limits on the length of the trial during the Final Pretrial Conference.

12. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend

any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

**IT IS SO ORDERED.**

Dated:   September 21, 2015
         New York, New York

                                           /s/Martin Glenn
                                            MARTIN GLENN
                                        United States Bankruptcy Judge