**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:                                                    Case No.: 12-12020

RESIDENTIAL CAPITAL, LLC, et al.                          Chapter 11

                        Debtors.                          Jointly Administered

## CREDITORS DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD OF APPEAL AND STATEMENTS OF ISSUES

Appellants creditors Philip Emiabata and Sylvia Emiabata pursuant to Fed. R. Bankr. P. 8009 hereby designates the items and statement of issues to be presented and included in the record of appeal for Claims Nos. 3910 & 4085:

1. Notice of Appeal dated 8/31/15- Doc # 9110.
2. Motion of creditors For Removal of Debtors Automatic Stay/ its Hearing dated 8/31/15- Doc # 9103.
3. Motion for Stay Of Action dated 8/31/15- Doc # 9102.
4. Order denying Expedited Motion For Conference/Clarity of Issue Of Discovery and Interrogatories; and Adjournment of Omnibus Objection Hearing filed by creditors dated 8/27/15- Doc # 9066.
5. Creditors Motion for Conference/ Clarity. . . . . . Adjournment of omnibus objection hearing to December 3, 2015 dated 8/24/15- Doc # 9065.
6. Claimants response to the Objection dated 8/12/15- Doc # 9049.
7. Order denying creditors Motions to compel discovery and enlargement of time to resolve and complete discovery – Doc # 8853.
8. Motion to Compel Discovery (with its attachment) dated 6/16/15- Doc # 8821.
9. Motion for Enlargement of time to Resolve and Complete Discovery dated 6/16/15- Doc # 8822.
10. Claimants Partial Opposition to the Omnibus Objection of Rescap dated 6/1/15 – Doc # 8726.
11. Courts order vacating order granted to Rescap debtors/ Trust which order sustain the Omnibus Objection- Doc # 8563.
12. Creditors Motion for Reconsideration/to vacate Order Granting Rescap Borrower Claims Trust Eighty-Second omnibus objections to Claims 3910 & 4085 dated 4/17/15 – Doc # 8545.
13. And any such transcript that is on record that Pro se creditors are not aware of at this time.

1

**B. STATEMENTS OF ISSUES**

1. Whether the court is right in denying through and through discovery issues, motions, motion for conferences/ clarity on Discovery, Interrogatories, production of documents issues vis-a – vis its authenticity. Which said motions were brought and filed by creditors/claimants.

2. Was the bankruptcy court right for not allowing Discovery, Interrogations, Conferences/ Clarity on discovery issues on these claims # 3910 & 4085. When there are highly contentious issues that was pending before a Federal District Court in Massachusetts (Case # 1:11-CV-11885 GAO> Plaintiffs/ Creditors v. Defendants/ Debtors).
Which case was only closed and not dismissed. The stated Federal district court never granted the Debtors /Defendants the dismissal they sought. The Federal district court closed it on the ground that the bankruptcy court may resolve both the legal and factual material facts therein.
      Question, before this Appeal court- does the omnibus objection Hearing without discovery/ conferences on discovery resolve the legal and material facts of this case that was formerly before the Federal district court supra. (See Doc numbers 9065; 9049;8821;8822).

3. Does this court directly or indirectly applied the Res judicata doctrine on this said creditors closed case in the Federal district of Massachusetts ( Case # 1:11-CV-11885GAO) supra. Which is the premises on which these creditors claims 3910 & 4085 on Residential Capital LLC, et al (Rescap)

4. (a) Whether the court in reaching many of its orders –stating thus that "Emiabatas advised the court that the objection was served at the incorrect address and they therefore did not receive proper notice (ECF Doc. 8563). Whereas these were the act of the Debtors/Trust; which they used in fraudulently, deceit, misled, et al to obtain Order Sustaining or granting them their Omnibus Objection (Doc. # 8400).
(b) All these acts –fraud, deceit, et al in getting that fraudulent order (Doc. 8400) which the court in most of it Orders as designated as items of this appeal; transferred or heaped on creditors-which is an injustice, miscarriage of justice, at al. When there is no evidence, whatsoever on record supporting these outrageous act(s) of the Rescap Trust; which this court with due respect transferred or heaped on the creditors.
Query; What Sanction dos the court gave to these Debtors/Trust . For the court not to have sanctioned Rescap or even dismiss their objection (When this was raised by the Emiabatas – See Doc. # 8545). But rather the court knows that the action of deceit, fraudulent acts, et al were quite bad; but the court keeps repeatedly in its various orders keeps heaping it on the Emiabatas – Doc. Numbers 8563, 8853, 9066. . . .

5. Whether the acts of the Rescap ( fraud, deceit, et al) , is it not enough, also to warrant Discovery, Interrogatory and Conferences on such Discovery.

September 14, 2015.                                    Respectfully Submitted
                                                       /s/ Philip Emiabata & Sylvia Emiabata
                                                       508 Evening Grosbeak Drive
                                                       Pflugerville TX 78660
                                                       Tel.(512) 791-2395; (512)992-9998.

✱ ATTN: Appeals

To: The Clerk of Court    Anatin Rouseau

US Bankruptcy Court

Southern District of New York

Bowling Green

Alexander Hamilton Custom House

New York, New York 10004-1408

Case # 12-12020 (Claims # 3910 & 4085)

✱ APPEAL

Date: 9/14/15.

Re: Creditors Designation of items to be included in
the Record of Appeal and Statements of Issues

Enclosed for filing with the Court is the above-stated
"Creditors/Appellant Designated of items to be included in the
record of Appeal and Statements of Appeals.
Please file accordingly and promptly.

Thanks from:

Sylvia Emeabata

Tel: (512) 791-2395;
(512) 992-9998

Via: US Priority Mail.

RECEIVED
SEP 1 8 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK