Official Form 17A (12/14)

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): **Michael Edward Boyd**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal: **Case No. 12-12020(MG)**

   For appeals in an adversary proceeding.
   - ☐ Plaintiff
   - ☐ Defendant
   - ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   - ☐ Debtor
   - ☑ Creditor
   - ☐ Trustee
   - ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: **Order on Objections to Claim 960**

2. State the date on which the judgment, order, or decree was entered: **09/08/2015**

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **Debtor**    Attorney: **ResCap Borrowers Claim Trust**
   **Norman Rosenbaum Esq.**
   **250 W. 55th St.**
   **New York, NY 10019**
   **Phone: (212) 506-7341**

2. Party: _____   Attorney: _____

Official Form 17A (12/14)

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

*Please refer to existing case 15-cv-03494-PSG in California Northern District San Jose.*

## Part 5: Sign below

_Michael E. Boyd_    Date: 9/17/2015
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Mr. Michael E. Boyd
5439 Soquel Dr.
Soquel, CA 95073

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

### ORDER SUSTAINING THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 960 FILED BY MICHAEL E. BOYD

The ResCap Borrower Claims Trust (the "Trust") objects to Claim Number 960 (the "Claim") filed by Michael E. Boyd ("Boyd"). The objection to the Claim is included in the *ResCap Borrower Claims Trust's Eighty-Eighth Omnibus Objection to Claims ((I) No Liability Borrower Claims and (II) Reduce and Allow Borrower Claims)* (the "Objection," ECF Doc. # 8859).[1] The Trust argues that the Claim should be expunged based on res judicata because the state law causes of action underlying the Claim were dismissed with prejudice by a California federal district court, and Boyd exhausted all appeals of the judgment of dismissal. In response, Boyd filed an opposition (the "Opposition," ECF Doc. # 8977) and a letter motion seeking relief from the automatic stay (the "Lift Stay Motion," ECF Doc. # 8988);[2] the Trust filed a reply to the Opposition and an objection to Boyd's Lift Stay Motion (the "Reply," ECF Doc. # 9026).[3] The Court held a hearing on August 20, 2015 and took the matter under submission.[4] This Order relates only to the Objection to Boyd's Claim.

---

[1] The Objection is supported by the declarations of Kathy Priore (ECF Doc. # 8859-3) and Norman S. Rosenbaum (ECF Doc. # 8859-4).

[2] Boyd did not pay the filing fee in connection with his Lift Stay Motion.

[3] The Reply is supported by the supplemental declaration of Ms. Priore (ECF Doc. # 9026-1).

[4] Boyd did not appear at the hearing in person or by telephone.

The Trust's objection to Boyd's Claim based on res judicata has been before the Court on two earlier occasions. (*See* ECF Doc. # 7552; ECF Doc. # 8042.) Each time the objection was overruled without prejudice because, under applicable California law, res judicata did not yet apply since the judgment of the United States District Court for the Northern District of California ("District Court") dismissing Boyd's state law claims with prejudice was not yet final. (*See* ECF Doc. # 7859; ECF Doc. # 8420.) This Court's two prior decisions set forth the applicable legal principles, and will not be repeated here.

Boyd's Claim is based on the causes of action he asserted in the District Court. The first time the Court overruled the Trust's objection to Boyd's Claim, the Ninth Circuit had affirmed the dismissal of Boyd's complaint, but Boyd had a Petition for Rehearing pending. (*See generally* ECF Doc. # 7859.) The second time the Court overruled the Trust's objection to Boyd's Claim, Boyd (having lost in the Ninth Circuit) had a Petition for Writ of Certiorari pending in the United States Supreme Court. (*See generally* ECF Doc. # 8420.) On May 26, 2015, the Supreme Court denied certiorari. (*See* Reply Ex. 8.) Under California law, a judgment is not final for res judicata purposes until there is final disposition on appeal. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citations omitted); *see* CAL. CIV. PROC. CODE § 1049 ("An action is deemed to be pending from the time of its commencement until its final determination upon appeal . . . ."). That condition has now been satisfied. The dismissal of Boyd's District Court complaint is final for res judicata purposes.

The last time the Court overruled the Trust's objection without prejudice, the Court stated: "[a]ssuming the petition for writ of certiorari is denied, the Trust may renew its Objection to Boyd's Claim based on res judicata." (ECF Doc. # 8420 at 7.) The Trust has renewed its

2

Objection. Res judicata applies to Boyd's Claim. Therefore, the Objection is **SUSTAINED** and the Claim is **DISALLOWED** and **EXPUNGED**.

Boyd continues to try to get another bite at the apple. On July 29, 2015, Boyd filed a new complaint in the District Court against GMACM and other non-debtor defendants. (*See* Opp. Ex. 1.) Naming GMACM violated the injunction provisions in the Debtors' confirmed chapter 11 plan (the "Plan," ECF Doc. # 6065-1). (*See* Plan art. IX.I (enjoining parties "who have held, hold or may hold . . . Released Claims" from "(a) commencing . . . . any manner or action or other proceeding of any kind against any Released Party . . . in connection with or with respect to any Released Claims"); *id.* art. I.A.102, -243 (defining "Released Party" to include the Debtors); *id.* art. I.A.242 (defining "Released Claims" to include claims that "(i) have been discharged, terminated, or satisfied pursuant to the terms of the Plan"); *id.* art. VIII.B (providing that claims filed after the applicable bar date are deemed discharged).) When threatened with contempt, Boyd dismissed the action against GMACM on August 4, 2015. (*See* Lift Stay Motion at 1–3.) But he now seeks to lift the automatic stay to permit him to prosecute the action against GMACM. (*See id.* at 1.)

The Court will not consider the Lift Stay Motion because Boyd did not pay the required filing fee; however, if the motion were properly before the Court, it would be denied because the terms of the confirmed Plan bar Boyd from asserting any of his claims against GMACM (or any of the other Debtors).

**IT IS SO ORDERED.**

Dated:   September 8, 2015
         New York, New York

                                                    ___/s/Martin Glenn___
                                                    MARTIN GLENN
                                                    United States Bankruptcy Judge

3