| | |
|---|---|
| MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:   (212) 468-8000<br>Facsimile:   (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>James A. Newton<br><br>*Counsel for the ResCap Borrower*<br>*Claims Trust* | SEVERSON & WERSON, A Professional<br>Corporation<br>The Atrium<br>19100 Von Karman Ave., Suite 700<br>Irvine, CA  92612<br>Telephone: (949) 442-7110<br>Facsimile:   (949) 442-7118<br>Yaron Shaham (*pro hac vice* pending)<br><br>*State Court Counsel for the ResCap*<br>*Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY**
**IN FURTHER SUPPORT OF OBJECTION TO PROOFS OF**
<u>**CLAIM NO. 2769 & 2772 FILED BY ALVIN AND SANDRA LABOSTRIE**</u>

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above captioned bankruptcy cases (the "**Chapter 11 Cases**") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "**Debtors**") with respect to Borrower Claims,[1] hereby submits this reply (the "**Reply**") to the *Objections Filed by Alvin Labostrie and Sandra Labostrie* [Docket No. 9158] (the "**Response**") and in further support of the *Rescap Borrower Claims Trust's Objection to Proofs of Claim No. 2769 & 2772 Filed by Alvin and Sandra Labostrie* [Docket No. 8459] (the "**Objection**")[2] seeking to disallow and expunge, without leave to amend, proofs of claim number 2769 ("**Claim 2769**") and 2772 ("**Claim 2772**" and, together with Claim 2769, the "**Claims**") filed by Alvin and Sandra LaBostrie (the "**Claimants**"). In further support of the Objection, the Borrower Trust respectfully represents as follows:

## REPLY

1. The Response does not address the merits of the legal and factual arguments set forth in the Borrower Trust's Objection. As demonstrated by the Objection, the Debtors' prior Unlawful Detainer Case collaterally estops the Claimants from challenging the validity of the January 13, 2010 Trustee's Sale of the Property and the transfer of title effectuated through the associated Trustee's Deed Upon Sale, as well as any attempts to assert other claims "directly connected" with the sale process. *See* Objection ¶¶ 49-59; *see also Order Sustaining ResCap Borrower Claims Trust's Objection to Claim Numbers 2769 and 2772 Filed by Alvin and Sandra LaBostrie* [Docket No. 8625] at 13-15, vacated by Docket No. 8852. This fundamental legal

---

[1] As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan (defined below).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

2

precept has been repeatedly reiterated by California courts, including in decisions entered shortly before and after the filing of the Objection. *See, e.g., Moreno v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-CV-00199-ODW, 2015 WL 4511736, at *3 (C.D. Cal. July 23, 2015); *Zavieh v. Superior Court*, No. A142768, 2015 WL 1524546, at *7 (Cal. Ct. App. Apr. 2, 2015); *see also Malkoskie v. Option One Mortg. Corp.*, 115 Cal. Rptr. 3d 821, 825 (Cal. Ct. App. 2010). Moreover, even if Claimants' deceptive trade practices claims are not collaterally estopped by the judgment entered in the Unlawful Detainer Action, Claimants' request for restitution or injunctive relief through the claims resolution process is inappropriate (*see* Objection ¶¶ 72-83), which is a point that the Claimants do not contest.

2.    Claimants' rebuttal to the merits of the Objection is limited to proffering unsubstantiated references to purported "predatory lending" and "robo signing," without citing to any legal authority or facts to support their allegations. Response at 1-2. These unsupported allegations do not address the fundamental and threshold legal issues raised by the Objection. The Response also does not refute (nor could it) that the trustee's sale was conducted after Claimants became delinquent on their Loan (*see* First Amended Complaint at ¶ 15) or that the Trustee's Sale was properly conducted.

3.    In short, Claimants fail to support their Claims, and have not "prove[n] by a preponderance of the evidence that under applicable law the claim should be allowed." *See Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (citation omitted).

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached to the Objection as <u>Exhibit 3</u>, granting the relief requested in the Objection and such other and further relief as the Court may deem proper.

Dated: September 24, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-and-

Yaron Shaham (*pro hac vice* pending)
SEVERSON & WERSON, A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

*State Court Counsel for the ResCap Borrower Claims Trust*