THOMAS MARGOLIS, ESQ
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600
*Counsel for William Futrell, # 725*



RECEIVED
SEP 17 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No. 12-12020 |
| RESIDENTIAL CAPITAL LLC | Chapter 11 |
| Debtors | Jointly Administered |

## CLAIMANT'S MOTION TO LIMIT SCOPE OF DISCOVERY BY RESCAP BORROWERS TRUST

COMES NOW the Claimant. William Futrellm by cousel, to limit the scope of discovery from the Re s Cap Borrowers Trust (Trust), as follows:

1. The scope of discovery is subject to Federal Rules of Civil procedure 26(b)(1), stating in pertinent part:

   "Scope in general. Unless limited by the court order, the discovery is as follows: Parties may obtain discovery regarding non privileged matter that is relevant to claim or defense <u>and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in contraversey, the parties relative access to relevant information, the parties resources , the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit...</u>"

2. The Trust proffered discovery to Claimant September 11, 2015, to wit: Requests for Admissions, interrogatories and Request for Production.

1

3. The Trust document request, Request 1 : " All documents concerning, mentioning, referring to, or describing the status of the Loan Account, including without limitation,

(i) any and all monthly mortgage statements relating to the Loan Account, including complete copies (including the front and the back of all pages) of the monthly mortgage statements attached to any Futrell bankruptcy Pleading and (ii) any and all notices regarding the transfer of the servicing of the Note, Mortgage or Loan Account (a) to Homecomings or (b) GMAC Mortgage, in each case including complete copies (including front and back of all pages) of such correspondence attached to any of the Futrell bankruptcy Pleadings".

4. The Trust goes on to request in Request 2. " Copies of each of the Purported QWR".

5. The proffered request to the Claimant, notably all "...any and all monthly statements relating to the Loan Account..." (Request 1, id) Those documents are either in the possession of the Trust and/or readily accessible to them. Further, "...all documents...", would rebuttably include everything, be they relevant or not to the issues.

6. The same may be stated for the copies of the QWRs', as being already in their possession.

7. The trust used the words in Request 1, *without limitation and including front and back of all pages*, where the scope is enormous and of questionable utility, whether the the burden and/or expense of the proposed discovery outweighs the likely benefit in the matter. That information requested in Request 1 is accessible to the Trust.

8. There are the resources of the Claimant relative to the Trust, and the burden that it would impose on the Claimant.

9. The Claimant requests that the scope of discovery from the Trust be limited with Request 1 -2, specifically, based on the Trust's access to the discovery request and other factors under 26(b)(1).

WHEREFORE, William J Futrell, Claimant 725, requests that the Court enter an order to limit the scope of document requests, specifically with regard to Request 1 and 2, and for all other just and proper relief in the premises.

*[signature]*
Thomas Margolis   10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600
*Counsel for William J Futell*

Certificate of service

The Claimant's Motion to Limit Discovery by Rescaps Borrowers Trust was served on James Newton, Morrison & Foerster, 250 W 55th Street, NY NY 10019, by U.S. mail prepaid postage on the 17 day of September 2015.

*[signature]*
Thomas Margolis

3