## Addendum to be add on court scheduled conference call on September 21, 2015 by Overnight delivery to all of the Parties

**September 17, 2015**

Elda M Thompson
137Ellery Avenue
Newark, NJ 07106-3501
Tel. # 973. 687. 4117
Fax. # 609. 531. 6075

Maria M Thompson
29 General Lane
Willingboro, NJ 08046
Tel. # 609. 531. 6075
Fax. # 609. 531. 6075



Morrison | Forester
250 West 55th Street
New York, NY 10019-9601
Tel. # 212. 468. 8000
Fax. # 212. 468. 7900

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One bowling green
New York, New York 10004-1408

    Re: In re Residential Capital, LLC et. al.
       Jointly Administered under Case No. 12-12020 (Bankr. S.D.N.Y.)

Dear Honorable Judge Martin Glenn, USBJ

    Elda M. Thompson and Maria M. Thompson, victims, seeking monetary compensation for the amount of six hundred fifty-eight thousand dollars ($658,000) determination based on pain and suffering, mental distress, and breach of contract. In addition to general damages suffered by both Elda M. Thompson and Maria M. Thompson, liable from damages enfolding this case. Damages which summarized the ones discussed before these court events. For instance; the discovery that places Ocwen Loan Servicing, LLC as the actual owner of ResCap and JP Morgan Chase working side by side with GMAC Mortgage in 2007.

**Discovery facts affecting data on the discussion before this court.**

1- The essential resolution of restitution is to achieve fairness and put a stop to the **Unjust Enrichment** of the **Party (GMACM along with Ocwen, whom also owns ResCap)**. Restitution is based in predetermined circumstances where the **Party** has conferred the amount of $10,000 as a monetary due to the over charge of interest in the mortgage documents, but cannot collect payment from Elda M Thompson and Maria M Thompson because the contract is currently defective or no contract exists, due to not recording or registering within a reasonable time.

2- In recent times, Ocwen has acquired Saxon Mortgage Services Inc. – the mortgage subsidiary of *Morgan Stanley* (MS) – and Litton Loan Servicing from *The Goldman Sachs Group, Inc.* (GS). Also, the company bought certain MSRs related to non-prime loans from JPMorgan Chase Bank, N.A. – the banking division of *JPMorgan Chase & Co.* (JPM) – as well as residential MSRs from Bank of America, National Association – a unit of *Bank of America Corporation* (BAC). Besides owning ResCap. The Party, ResCap. Cannot be bias in this case because it is a conflict of interest. They are offering, $ 10,000.00, which does not cover the Lawyer fees and interest accumulated on top of the $ 10,000.00 that they are offering.

Also discovered that in 2007 Ocwen Loan Servicing, LLC was part of integral part GMAC Mortgage; therefore, Ocwen Loan Servicing, LLC is liable for the special damages accumulated throughout the years Ocwen Loan Servicing, LLC expanded this case according to their own "Proof of Evidence" as shown in LPS| desktop, EXHIBIT BT-5, in July 28, 2007 at around 12: 21: 00 pm, by Tonya Edwards, an employee of Ocwen Loan Servicing-U, and Nancy Fishel, another employee that on July 25, 2007 at around 2:20:00 pm, including Shannon O'Connell, working on July 13, 2007 at around 1:56:00pm , Nicci Brown working on July 13, 2007 at around 10:19:00am, also employees of Ocwen Loan Servicing-U worked on the contested mortgage account in 2007.

> "Ocwen Financial Corporation, a financial services holding company, engages in servicing and origination of mortgage loans in the United States. Its Servicing segment provides residential and commercial mortgage loan servicing, special servicing, and asset management services to owners of mortgage loans and

foreclosed real estate. This segment's residential servicing portfolio includes conventional, government insured, and non-agency loans. The company's Lending segment is involved in originating and purchasing conventional and government-insured residential forward and reverses mortgage loans primarily through its correspondent lending arrangements, broker relationships, and directly with mortgage customers. Ocwen Financial Corporation was founded in 1988 and is headquartered in Atlanta, Georgia."

**Source:** *http://finance.yahoo.com/q/pr?s=OCN*

3- Lately, *Ocwen Financial Corp.* (OCN) obtained a proposal to obtain Residential Capital's (ResCap) mortgage-servicing rights (MSRs) in alliance with *Walter Investment Management Corp.* (WAC) for an amount of $3 billion, greater than the original assessment of $2.5 billion. According to Zachs, (Zachs Equity Research, on October 25, 2012 at 3:09 pm.

*"GMAC Mortgage is no longer in business. It became a part of Ally bank when GMAC was taken over by Ally Financial Services in 2009. The mortgage division continued to function as usual under GMAC ResCap until it filed for bankruptcy in 2013 and ceased operation. Existing Ally mortgages are now being serviced by Central Loan Administration and Reporting.*

*Ally Bank has now sold a majority of its mortgage servicing rights portfolio to Ocwen Financial Corp as it wants to reduce mortgage risk and concentrate on its Internet banking and auto finance operations. Talking about Ocwen, the company has experienced a tremendous growth since 2009. The acquisition of a major portion of erstwhile GMAC Mortgage is expected to further fuel its explosive growth."* Titled, "GMACM is Now Ocwen Mortgage" by Oliver Smith on November 3rd, 2014.

4- 11 U.S.C. §§ 301, 303. A deliberate petition has to observe the format of Form 1 of the Official Forms arranged through the Judicial Conference of the United States. Except when the court orders then, the debtor likewise has to file with the court: (1) schedules of assets and liabilities; (2) a schedule of current income and expenditures; (3) a schedule of executory contracts and unexpired leases; and (4) a statement of financial affairs. Fed. R. Banker. P. 1007(b).

Chapter 11 is basically expended to regroup the corporation, which possibly could be a GMACM/OCWEN, **sole proprietorship**, or **partnership**. A GMACM/OCWEN subsists separate and is separately from its **proprietors, the stockholders**. The chapter 11 bankruptcy case of a GMACM/OCWEN which the GMACM/OCWEN is seen as the debtor financing which does not put the respective resources of the stockholders at danger except when the worth of their individual investment in the GMACM/OCWEN's stock. A sole proprietorship like an owner as debtor, then again, the resources have an individuality detached and different from its **owner(s)**. Therefore, a bankruptcy case connecting a **sole proprietorship** which consist of individually of the **business** and **personal** assets of the **owners-debtors**. Just like a business (GMACM/OCWEN), a partnership subsists individually and separately from its **partnership**, GMACM and OCWEN being part with ResCap. In a **partnership** bankruptcy case the partnership is seen as the debtor; and in spite of this, the partners', OCWEN and ResCap individual assets that could be, in certain cases, and could be expanded to recompense the creditors in the bankruptcy case or the **partners**, within the corporation.

**Source:** *http://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-11-bankruptcy-basics*

Based on the above discovery and previous contested statements, Elda M. Thompson and Maria M. Thompson denied accepting the ridiculous, insulting amount of ten thousand dollars ($10,000) offered by ResCap.

Respectfully,

_Elda M. Thompson_                    _Maria M. Thompson_
Elda M. Thompson                      Maria M. Thompson