**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER REGARDING**
**TRESPASS CLAIMS OF DUNCAN K. ROBERTSON**

This stipulation and order (the "Stipulation and Order") is made and entered into between the ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), through its respective counsel, and Duncan K. Robertson (the "Claimant", and together with the Liquidating Trust, the "Parties"), to resolve certain issues in connection with Claimant's Trespass Claims (as such term is defined below).[1]

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on or about November 5, 2012, the Claimant filed the following proofs of claim in the Chapter 11 Cases (the "Proofs of Claim"):

(a) Claim No. 2385 (the "GMACM Claim"), filed as a general unsecured claim in the amount of $237,623.00 against GMAC Mortgage, LLC ("GMACM");

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Opinion (as such term is defined below).

(b)    Claim No. 2386 (the "ETS Claim"), filed as a general unsecured claim in the amount of $178,218.00 against Executive Trustee Services, LLC ("ETS");

(c)    Claim No. 2387 (the "RFRE Holdings Claim"), filed as a general unsecured claim in the amount of $118,812.00 against Residential Funding Real Estate Holdings, LLC ("RFRE Holdings");

(d)    Claim No. 2388 (the "RFC Claim"), filed as a general unsecured claim in the amount of $118,812.00 against Residential Funding Company, LLC ("RFC"); and

(e)    Claim No. 2389 (the "Homecomings Claim"), filed as a general unsecured claim in the amount of $118,812.00 against Homecomings Financial, LLC ("Homecomings"); and

**WHEREAS**, the Proofs of Claim assert, *inter alia*, claims arising out of the alleged trespass by Homecomings in its capacity as servicer for the First Priority Loan in December 2008 and on May 24, 2010; and

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Liquidating Trust was established [Docket No. 6137]; and

**WHEREAS**, on February 15, 2015, the Liquidating Trust filed an objection to the Proofs of Claim [Docket No. 8072] (the "Claims Objection"); and

**WHEREAS**, on April 28, 2015, the Court entered the *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Liquidating Trust's Objection to*

2

*Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "Opinion"), which sustained the Claims Objection in part and overruled the Claims Objection without prejudice in part, and held, among other things, that the Claimant is time-barred from asserting a trespass cause of action for Homecoming's alleged trespass in December 2008 because it occurred before May 14, 2009 (three years before the Petition Date), but the Claimant is not time-barred from asserting a trespass claim for Homecoming's alleged trespass on May 24, 2010 (Opinion at 17); and

**WHEREAS** that the Opinion further holds that "[Claimant's] Homecomings Claim may proceed to an evidentiary hearing with respect to his trespass cause of action, as set forth above . . . ."; and

**WHEREAS**, on May 11, 2015, the Claimant filed a motion for partial reconsideration of the Opinion [Docket No. 8598] (the "Claimant Motion for Reconsideration"); and

**WHEREAS**, on May 12, 2015, the Liquidating Trust filed a motion for partial reconsideration of the Opinion [Docket No. 8604] (the "Trust Motion for Reconsideration"); and

**WHEREAS**, on July 8, 2015, the Court entered the *Case Management and Scheduling Order Concerning the ResCap Liquidating Trust's Objection to the Claims of Duncan K. Robertson* [Docket No. 8855] (the "Scheduling Order"), setting September 4, 2015 as the deadline for the close of fact discovery on the remaining claims and October 5, 2015 as the deadline for the close of expert discovery; and

**WHEREAS**, on July 31, 2015 and August 4, 2015, the Claimant served discovery requests on counsel for the Liquidating Trust seeking discovery from Homecomings regarding

3

certain facts alleged in the Homecomings Proof of Claim and the Claims Objection (the "Homecomings Discovery Requests"); and

**WHEREAS**, on August 4, 2015, the Liquidating Trust served discovery requests on Claimant seeking discovery regarding certain facts alleged in the Proofs of Claim (the "Trust Discovery Requests"); and

**WHEREAS**, on September 4, 2015, the Court entered the *Amended Memorandum Opinion And Order Granting Motions For Partial Reconsideration Of The Opinion Sustaining In Part And Overruling In Part The ResCap Liquidating Trust's Objection To Claims Filed By Duncan K. Robertson* [Docket No. 9108] (the "Reconsideration Order"), granting the Claimant Motion for Reconsideration and the Trust Motion for Reconsideration, and disallowing all of Claimant's remaining claims except claims related to Claimant's trespass cause of action (the "Trespass Claims"); and

**WHEREAS**, on September 5, 2015, Claimant served responses to the Discovery Requests on the Trust (the "Claimant Discovery Responses"); and

**WHEREAS**, on September 17, 2015, the Court entered the *Order Clarifying Amended Memorandum Opinion And Order Granting Motions For Partial Reconsideration Of The Opinion Sustaining In Part And Overruling In Part The ResCap Liquidating Trust's Objection To Claims Filed By Duncan K. Robertson* [Docket No. 9161] (the "Clarification Order"), further clarifying the effect of the Reconsideration Order; and

**WHEREAS**, on September 21, 2015, following a status conference held on that date, the Court entered the *Order Scheduling Future Proceedings Concerning The Remaining Claim Of Duncan K. Robertson* [Docket No. 9175], which, *inter alia*, (a) requires the Parties to negotiate this Stipulation and Order to resolve the issue of which Debtor the Trespass Claims are

4

properly asserted against, as directed at the status conference, and submit it to the Court by October 5, 2015, and (b) moves the deadline for the close of fact discovery on the Trespass Claims to October 5, 2015; and

**WHEREAS**, the Liquidating Trust acknowledges that servicing of the First Priority Loan was performed by (a) Homecomings between May 14, 2009 and June 30, 2009 (the "Initial Servicer Period") and by (b) GMACM between July 1, 2009 and May 14, 2012 (the "Successor Servicer Period"); and

**WHEREAS**, the Parties negotiated the terms of this Stipulation and Order in good faith and at arms' length and agreed to enter into this Stipulation and Order in an effort to amicably resolve the issues described above; and

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

The Recitals form an integral part of this Stipulation and Order and are incorporated fully herein.

The Opinion, as modified by the Reconsideration Order and the Clarification Order, preserves any and all Trespass Claims Claimant holds against the Debtors solely to the extent they arose between May 14, 2009 and May 14, 2012, and the Proofs of Claim filed against GMACM and Homecomings are hereby deemed to encompass all such Trespass Claims arising during these periods, whether or not specified in the complaint attached to the Proofs of Claim; provided, that Claimant's right to argue that actions of GMACM occurring after May 14, 2012 constitute a continuation of trespass claims that arose before May 14, 2012, and the Trust's right to oppose any such arguments, are fully preserved.

(a) Any Trespass Claims arising during the Initial Servicer Period shall be claims against Homecomings, and (b) any Trespass Claims arising during the Successor Servicer Period shall be claims against GMACM.

The Claimant Discovery Responses will be deemed to refer to Homecomings to the extent they concern actions alleged to have taken place during the Initial Servicer Period, and will be deemed to refer to GMACM to the extent they concern actions alleged to have taken place during the Successor Servicer Period.

By October 5, 2015, the Liquidating Trust will provide joint responses on behalf of both Homecomings and GMACM in response to Claimant's Homecomings Discovery Requests solely to the extent they relate to the Trespass Claims. The Liquidating Trust will not provide responses to any of Claimant's other discovery requests, which are deemed moot at this time.

Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation and Order.

This Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of

this Stipulation and Order.

This Stipulation and Order may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

This Stipulation and Order shall not become effective unless and until it is entered by the Court.

This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 2, 2015      /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Adam A. Lewis
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-75220

*Counsel for The ResCap Liquidating Trust*

Dated: October 2, 2015      /s/ Duncan Robertson
Duncan Robertson
3520 S.E. Harold Court
Portland, OR 97202
Telephone: (503) 775-9164
E-mail: Uncadunc1@aol.com
*Pro Se*

**IT IS SO ORDERED.**

Dated: October 6, 2015
       New York, New York

                                                 **/s/Martin Glenn**
                                                 MARTIN GLENN
                                    United States Bankruptcy Judge