Julio Pichardo
1201 E. Sudene Ave
Fullerton Ca, 92831

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julio Pichardo ) | |
|     Creditor-Plaintiff ) | Case No. 12-12020 |
| ) | |
| Rescap Borrower Claim Trust ) | Hno. Martin Glenn (presiding) |
|     Debtor-Defendant ) | |
| ) | objection |

RECEIVED OCT -1 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

    In the matter of The Rescap Borrower Trust Objection Julio Pichardo makes the following inquiry and objection to Mr. Yaron Shaham's request for order to represent the Trust. The basis for Objection is that Mr. Shaham is the representative for Ocwen in the California case of pichardo v. Ocwen.

    This may show a conflict of interest as Mr. Shaham has shown disregard for this Court's rulings in the letter addressed to Mr. Pichardo where Mr. Shaham threatened Mr. Pichardo not to rely on this Court's Ruling in relation to the 8/5/2009 contract agreement.

    Not only this, but Mr. Shaham has made numerous threats to Mr. Pichardo including sending several persons to Mr. Pichardo's home causing disturbance at Pichardo's front door. Such person continued harassment was observed on home's monitors blocking Pichardo's vehicle from leaving to drive Pichardo's kids to school. an incident report was made to Fullerton police dept.

    As this court has addressed The Trust's objection primarily focused on GMAC events, severely from California case, Mr. Shaham's has shown to be unwilling to accept any decision from this court as valid according to his assertions made to Pichardo pointing out Judge Glenn's rulings as not reliable. (See Mr. Shaham's letter disregarding 8/4/15 ruling)

    Pichardo request this court invalidate Mr. Shaham's application for order to represent the Trust. SEE UNANSWERED corr. to MR. SHAHAM ENCLOSED

    Pichardo refers to this court Mr. Shaham's filing of case related issues which he then opposes at california courts, showing contradictions and his unwillingness to accept truths.

    In any case, Mr. Shaham was present and submitted filings in support of the Trust's Objection at the objection hearing held.7/6/2015. Why Mr. Shaham rejects Court's ruling after is beyond me. Mr. Shaham has shown bias in separating The Trust's interest and Ocwen's interests. as such, Pichardo presents his objection of an order until he shows he has abided and submitted to this Court's rulings made 8/4/ 2015 and future rulings by stipulation.

Respectfully Submitted by _Julio Pichardo_    dated _9/24/15_

**SEVERSON & WERSON**
**19100 KARMAN AVE**
**IRVINE CA, 92612**

7/24/2013

ATT: MR. SHAHAM

AS YOU ALREADY KNOW, THERE ARE SEVERAL ISSUES FACING GMAC ACTION. NUMEROUS VIOLATIONS BROUGHT BEFORE THE COURTS. IN CALIFORNIA BEFORE JUDGE ROBERT MOSS, & BEFORE JUDGE MARTIN GLENN. JUDGE MARTIN RESPONSE TO SPECIFIC DOCUMENTS DATING 8/5/2009 IS ENCLOSED HEREIN.
THESE DOCUMENTS WERE GIVEN INCONSISTANCY CLAUSE DUE TO ACTIONS FILED ON GMAC FOR IRREGULAR BANKING PRACTICES. NOT TO BE OVERRIDEN. ISSUES ADDRESSED WERE: INSERTIONS OF EXISTING LIENS CARRIED. CALCULATING AN ATTAINABLE ONLY PRINCIPAL, CALCULATED BY GMAC & APPROVED BY WELLS GARGO.
THESE DOCUMENTS WAS GIVEN SPECIFIC LANGUAGE TO PREVENT ANY PARTIES ALTERING SUCH. SPECIFIC IN CASE OF ANY INCONSISTANCIES THESE DOCUMENTS WILL GOVERN. I DEMANDED TO HAVE SUCH DUE TO ILLEGAL ACTIONS DISCLOSED FROM PUBLIC RECORDS & AGENCIES SUCH AS INTERNAL REVENUE SERVICE.
MONTHS AFTER FINALIZING 8/5/2009 MODIFICATION GMAC THREATENED FORCLOSURE SHOULD I NOT SIGN NEW SET. I REPLIED DOCUMENTS WERE EXECUTED & COULD NT BE OVERIDDEN AS CLUASES PREVENTED SUCH.
WHILE IN HOSPITAL FOR THREATS OF DEFAULT & FORECLOSURES GMAC INSISTED ON THEIR QUEST TO OVERIDE PRIOR FINALIZATION.
I ALSO CONTACTED REGULATORS WHICH ASSURE ME THAT THEY COULD NOT FORECLOSE OR DEFAULT AS I WAS UP TO DATE ON PAYMENTS ON MODIFICATION.
NUMEROUS TIMES TO GMAC & TO THEIR REPRESENTATIVES I DEMANDED TO IMPOSE & ACKNOWLEDGE 8/5/2009 AS THE GOVERNING DOCUMENTS HAVE BEEN MADE TO NO AVAIL.
HOPEFULLY AFTER YOU REVIEW DOCUMENTS ENCLOSED, YOU WILL CONCLUDE THEY HAVE GOVERNING IMPOSING CLAUSES INSERTED.
I HAVE ALSO ADVISED GMAC OF IMPROPERLY APPLYING ESCROW AMOUNTS TO PRINCIPAL TRYING TO CAUSE DEFAULT ALTHOUGH ALL SHORTAGE AMOUNTS WERE SENT TO MAINTAIN MONTHLY PAYMENTS. ALL PAYMENTS MADE TO DATE WERE SENT FOR 15 YEARS IN CASHIERS CHECK FORM. VERIFIABLE BY MY BANK.
SHOULD YOU WANT TO RESOLVE THE 8/5/2009 DOCUMENT ISSUE PLEASE ADVISE, AS THIS WILL BE CONSIDERED IN NEXT HEARING HELD AS PUNITIVE. THESE WILL BE CONSIDERED AS ADDITIONAL PREDICTORY EVIDENCE. NOTE GMAC PREVENTED ACCESS TO LOAN SEVERAL YEARS.
YOUR PROMPT RESPONSE IS GREATLY APPRECIATED.
THANK YOU. JULIO PICHARDO.   CC: FILE

**SEVERSON & WERSON**
**19100 VON KARMAN AVE   (SUITE 700)**
**IRVINE CALIFORNIA, 94111**

2/26/2014

**TO: YARON SHAHAM**
**RE: CASE#30-2012-00581642**
   **JULIO PICHARDO VS GMAC/OCWEN DOE 1**

ATT: MR SHAHAM; AS PER CERTIFIED MAIL SENT, AMENDED COMPLAINT HAS BEEN FILE 2/24/2014. RECEIPT DATE POST OF TODAY DELIVERY TO ATTORNEYS OF RECORD.

THE BULK OF EVIDENCE ON CASE WILL BE PROVIDED TO COURT, SOME OF WHICH HAS BEEN PROVIDED VIA CERTIFIED MAIL.

AS THERE NOT BEEN A RESOLUTION MENTION TO DATE; I WILL DO SO; IN ORDER TO SHOW THAT THE ATTEMPT WAS MADE ON MY BEHALF TO YOUR OFFICES.

SHOULD YOU REQUEST SUCH I WILL BE PROVIDING IT UPON REQUEST.

JULIO PICHARDO _____




