# **Exhibit 1**

## **Claim**

ny-1189495

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**FREDERIC L. EDQUID and LESLEY H. EDQUID VS. GMAC MORTGAGE CORPORATION**

Name and address where notices should be sent:

Frederic L. Edquid and Lesley H. Edquid
c/o John S. Odom, Jr.
Jones & Odom, LLP
2124 Fairfield Avenue
Shreveport, LA 71104

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number: 318-221-1600   email: john.odom@jodplaw.com

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **802,158.19**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Damages resulting from GMAC's violations of SCRA, 50 USC App. Secs. 501-597b and RESPA, 12 USC Sec. 2605
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: __ __ **4855**

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
(See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:
Value of Property: $_____   Annual Interest Rate _____% ☐Fixed ☐Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent.    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Frederic L. Edquid and Lesley H. Edquid
Title: _____
Company: _____
Address and telephone number (if different from notice address above):

(Signature) *Frederic L. Edquid*  24 OCT 2012
*Lesley H. Edquid*  10/24/12
(Date)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
**NOV 0 2 2012**
**KURTZMAN CARSON CONSULTANTS**

Telephone number: 318-221-1600   Email: john.odom@jodplaw.com

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1212032121110200000000007

# JONES & ODOM, L.L.P.
## ATTORNEYS AT LAW

J. MARSHALL JONES, JR.*°
marshall.jones@jodplaw.com
JOHN S. ODOM, JR.
john.odom@jodplaw.com

2124 FAIRFIELD AVENUE
SHREVEPORT, LOUISIANA 71104-2003

P. O. DRAWER 1320
SHREVEPORT, LA 71164-1320
(318) 221-1600
FACSIMILE (318) 425-1256

*PROFESSIONAL LAW CORPORATION
°ALSO ADMITTED IN TEXAS

October 29, 2012

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

      Re: GMAC Mortgage, LLC, Case No. 12-12032
         United States Bankruptcy Court for the
         <u>Southern District of New York</u>
         Frederic L. Edquid and Lesley H. Edquid v.
         GMAC Mortgage Corporation, et al.,
         Case No. 4:11-cv-00311, United States District Court,
         District of Arizona, Tucson Division

To Whom It May Concern:

  Enclosed please find a Proof of Claim to be filed in the GMAC Mortgage, LLC bankruptcy, Case No. 12-12032 on behalf of Frederic L. Edquid and Lesley H. Edquid. I would appreciate your returning a filed copy of same to me in the self-addressed stamped envelope enclosed for your convenience.

  Should you have any questions or need additional information, please call.

           Yours very truly,

           Kim DeBroeck
           Assistant to John S. Odom, Jr.

Enclosure
cc: Maj. Fred Edquid

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

FREDERIC L. EDQUID and
LESLEY H. EDQUID

CASE NO. CIV 11-311 TUC CKJ

VERSUS

GMAC MORTGAGE CORPORATION

JURY TRIAL DEMANDED

FILED ___ LODGED
RECEIVED ___ COPY

MAY 2 5 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## COMPLAINT

### INTRODUCTION

1. Plaintiff FREDERIC L. EDQUID and LESLEY, husband and wife and residents of the State of Arizona, (collectively "EDQUID"), bring this action against Defendants GMAC MORTGAGE CORPORATION ("GMAC"), and EXECUTIVE TRUSTEE SERVICES, LLC ("ETS") for damages resulting from repeated violations by GMAC and ETS of the protections afforded to members of the Armed Forces and their dependents by the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501 through 597b ("SCRA"). Additionally, Defendant GMAC violated Plaintiffs' rights under the Real Estate Settlement Practices Act ("RESPA") and specifically 12 U.S.C. §2605 by Defendant GMAC's failure to provide appropriate responses and to take appropriate actions following submission of qualified written requests by Plaintiffs. Plaintiffs seek all appropriate relief, including injunctive relief, monetary damages, costs and attorneys fees, as a result of the violations of Plaintiffs' rights under the SCRA and RESPA.

2. Plaintiffs shows that Defendants GMAC and ETS repeatedly violated the SCRA by initiating and thereafter conducting an illegal nonjudicial foreclosure on Plaintiffs' home during the period that Plaintiff FREDERIC L. EDQUID was protected by

-1-

the SCRA, by imposing on Plaintiffs certain charges and fees that were not authorized by the SCRA, by improperly and incorrectly reporting the nonjudicial foreclosure to not only credit reporting agencies but other creditors of Plaintiffs and by failing and refusing to correct the adverse credit reporting caused by the illegal nonjudicial foreclosure action for more than a year. Defendant GMAC repeated violated RESPA by failing to properly investigate, act upon and respond to Plaintiff's qualified written requests in a timely manner.

3. Specifically, Plaintiffs own a residence located at 5465 West Bandtail Circle, Marana, Arizona 85653 ("the Property"). At a time when Plaintiff FREDERIC L. EDQUID was not on active military duty, Plaintiffs executed a note and deed of trust/ mortgage on the Property in favor of First Magnus Financial Corporation (the "Mortgage"). The Mortgage was subsequently transferred and assigned to Defendant GMAC, which also serviced the mortgage.

4. Plaintiff FREDERIC L. EDQUID, a member of the Arizona Army National Guard, was mobilized to active duty in the U.S. Army by orders issued on March 10, 2006 and received by him that same date, ordering the members of the 1st Attack Helicopter Battalion, 285th Aviation Regiment to report to their home station at Silver Bell Army Heliport, Marana, Arizona not later than May 1, 2006, and thereafter to proceed to Fort Hood, Texas for a period not to exceed 730 days of active duty. Plaintiff FREDERIC L. EDQUID was materially affected in his ability to pay his financial obligations by virtue of his call to active military duty. Prior to his departure for active military duty, Plaintiff FREDERIC L. EDQUID gave written notice to each of his creditors of his call to active duty, supplied them with copies of his orders and invoked his

protections under the SCRA. Defendant GMAC acknowledged receipt of that notice in a letter dated May 10, 2006, but noted that since the interest rate on Plaintiffs' Mortgage was already 6% per annum, no further adjustment in his payment would be made at that time, but that his loan would be coded as being protected by the SCRA. The written notification Plaintiff FREDERIC L. EDQUID gave to Defendant GMAC constituted a qualified written request under RESPA, as well as notice under the SCRA.

5. Plaintiff FREDERIC L. EDQUID was released from active duty on March 31, 2008. Thereafter, and during the period of time that Plaintiffs were protected by the SCRA from nonjudicial foreclosure on the Mortgage on the Property, Defendant ETS, acting on behalf of Defendant GMAC, initiated and then completed a nonjudicial mortgage foreclosure proceeding against the Property. After Plaintiff pointed out to Defendant GMAC that they had violated his rights under the SCRA, Defendant GMAC set aside the nonjudicial foreclosure, but the violation of the SCRA that Defendants GMAC and ETS had committed caused Plaintiffs economic and non-economic damages, embarrassment, humiliation, loss of credit score, damages to their credit, unnecessary income tax reporting problems and other damages outlined hereinafter.

6. After it admitted that it had improperly conducted a nonjudicial foreclosure on the Property and had vacated the foreclosure itself, Defendant GMAC refused to reinstate Plaintiffs' account unless and until Plaintiffs paid nearly $5,000 in illegal charges imposed on them by Defendant GMAC, including the attorneys fees Defendant GMAC had incurred in conducting the illegal nonjudicial foreclosure.

7. Even after Defendant GMAC had vacated and set aside the nonjudicial foreclosure on the Property, it took Defendant GMAC more than a year to submit

-3-

corrections to the major credit reporting agencies, during which time a number of other adverse steps were taken by other creditors of Plaintiffs, all as a result of the improper nonjudicial foreclosure Defendants had conducted in 2008-09. The letter which was finally sent by GMAC to the credit reporting agencies was sent only after numerous demands by Plaintiff FREDERIC L. EDQUID that his credit report be corrected by Defendant GMAC.

8. All of the damages suffered by Plaintiffs were a direct result of the violations of the SCRA committed by Defendants GMAC and ETS.

9. Despite numerous qualified written requests for relief, Defendant GMAC has never properly responded as required by RESPA, causing further damages to Plaintiffs.

10. Defendants are liable to Plaintiff for all relief and damages, including injunctive relief, costs and attorneys fees allowable under the SCRA and RESPA.

**PARTIES**

11. Plaintiffs FREDERIC L. EDQUID and LESLEY H. EDQUID, husband and wife, are residents of the State of Arizona.

12. Defendant GMAC MORTGAGE CORPORATION, is a corporation formed under the laws of the State of Pennsylvania, with its principal place of business at 1100 Virginia Drive, Fort Washington, Pennsylvania 19034. It has appointed as its registered agent for service of process Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

13. Defendant EXECUTIVE TRUSTEE SERVICES, LLC, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 2255 North Ontario Street #400, Burbank,, California 91504. It has

-4-

appointed Corporation Service Company, 84 State Street, Boston, Massachusetts 02109 as its registered agent for service of process.

## JURISDICTION AND VENUE

14. The claims asserted herein arise under the SCRA, 50 U.S.C. App. §§501-597b, and RESPA and specifically 12 U.S.C. §2605.

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that the claims arise under the laws of the United States. A private cause of action for damages arising from violations of the SCRA is specifically provided for in 50 U.S.C. App. §597a.

16. Defendants routinely conduct business in the State of Arizona and the contracts involved in this matter were to be performed in whole or in part in the State of Arizona. Therefore, the Defendants are subject to personal jurisdiction in this Court and have appointed agents for service of process within the State of Arizona, on whom this matter will be served.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), in that a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

18. On April 7, 2005, Plaintiffs executed a promissory note in the amount of $192,200.00 payable to the order of First Magnus Financial Corporation. ("the Note"), secured by a deed of trust/mortgage on property located at 5485 West Bandtail Court, Marana, Arizona 85653 ("the Mortgage"). The Note was for interest payments only for the first 120 months and had an initial fixed interest rate of 4.0% per annum.

19. At the time Plaintiffs executed the Note and Mortgage, Plaintiff FREDERIC L. EDQUID was not on active duty with any branch of the Armed Forces of the United States.

20. At some time after April 7, 2005, the Note and Mortgage were assigned to Defendant GMAC, which also acted as the servicer on the Mortgage.

21. On March 10, 2006, Plaintiff FREDERIC L. EDQUID was ordered to active duty in the U.S. Army, to serve for a period of up to 730 days in the grade of Captain. The orders calling Plaintiff FREDERIC L. EDQUID to active duty were issued by the Department of the Army, Headquarters, First United Stated Army, and were dated March 10, 2006. Plaintiff FREDERIC L. EDQUID was ordered to report to his home station, Silver Bell Army Heliport, Marana, Arizona on or about May 1, 2006, from which he would travel to Fort Hood, Texas and thereafter deploy to Afghanistan.

22. After receipt of his mobilization orders, Plaintiff FREDERIC L. EDQUID gave written notice to his creditors that he was being called to active military duty and supplied them, including Defendant GMAC, with a copy of his individual orders, which were dated April 14, 2006. Defendant GMAC acknowledged receipt of the notification of Plaintiff FREDERIC L. EDQUID's active military duty by letter dated May 10, 2006, noting that the interest rate on his loan was already at 6% per annum. The letter from Defendant GMAC noted that Plaintiffs' loan "has been protected from collection and foreclosure proceedings, late charges, and credit reporting until September 1, 2008."

23. Plaintiff reported to Silver Bell Army Heliport, Marana, Arizona on or about May 1, 2006 for active military duty. He then traveled to Fort Hood, Texas and ultimately deployed to Afghanistan, where he flew attack helicopters in combat.

-6-

24. Plaintiff FREDERIC L. EDQUID was released from active military duty on March 31, 2008. By virtue of an amendment to 50 U.S.C. App. §533(c), the period within which his mortgage was protected from nonjudicial foreclosure by the SCRA was extended to nine months following release from active duty. In the case of Plaintiff FREDERIC L. EDQUID, he was protected from the initiation of any nonjudicial foreclosure action until 31 December 2008.

25. On or about November 13, 2008, and within the period during which Plaintiffs' mortgage was protected by the SCRA, Defendant ETS, acting on behalf of Defendant GMAC, issued and recorded a Notice of Trustee's Sale, advising Plaintiffs that the Property would be sold at a nonjudicial public auction foreclosure sale at the Courts Building, 110 West Congress, Tucson, Arizona on February 20, 2009.

26. Under Arizona law, a Notice of Trustee's Sale must be issued and recorded at least 90 days before any nonjudicial foreclosure sale can take place. The initiation of the mandatory 90-day period by the filing of the Notice of Trustee's Sale within the period during which Plaintiffs' Mortgage was protected by the SCRA from nonjudicial foreclosure violated the SCRA.

27. On January 22, 2009, Defendant GMAC wrote Plaintiffs and advised them that Defendant GMAC had been unsuccessful in attempting to contact Plaintiffs to discuss a new workout option they were offering on the Plaintiffs' mortgage. At that time, Plaintiffs resided in the Property and there was no reason that contact could not have been made with them by Defendant GMAC.

28. Plaintiff FREDERIC L. EDQUID wrote Defendant GMAC on February 18, 2009 and advised them that he was still within the period of SCRA protection and

requested that any foreclosure be postponed pursuant to the SCRA. Plaintiff FREDERIC L. EDQUID included his cell phone number and email address in that letter, but was never contacted by either Defendant.

29. Despite that notification, Defendants ETS and GMAC proceeded with a nonjudicial foreclosure sale of Plaintiffs' Property on or about February 20, 2009, in violation of Plaintiffs' rights under the SCRA.

30. On February 24, 2009, Defendant GMAC notified USAA Insurance, the fire and homeowners insurer of the Property, that the property had been foreclosed, that Defendant GMAC held title to the property, and that the insurance policy on the Property should be canceled effective February 23, 2009.

31. Also on February 24, 2009, Defendants caused to be posted on Plaintiffs' Property a notice that read: "Attention – Urgent. This home has been foreclosed. Please contact me immediately. The bank may be willing to assist you with some cash for keys to vacate the property in a timely manner. Hank Rinehardt 490-2135".

32. On February 25, 2009, Plaintiff FREDERIC L. EDQUID wrote again to Defendant GMAC and advised them that the nonjudicial foreclosure proceedings violated the SCRA and requested that the proceedings be "unwound" and that all creditors and other parties who had been contacted by Defendant GMAC concerning the illegal nonjudicial foreclosure be notified that the nonjudicial foreclosure should not have happened and was being vacated and set aside.

33. On February 27, 2009, a law firm representing Defendants GMAC and ETS served written notice on Plaintiffs that they had seven days to vacate the Property because it had been foreclosed.

-8-

34. On March 2, 2009, Defendant GMAC caused one of its companies, Homecomings Financial, to send a notice to Plaintiffs' Property offering moving expense assistance if Plaintiffs voluntarily agreed to vacate the Property.

35. On March 3, 2009, Plaintiff FREDERIC L. EDQUID contacted Lieutenant Colonel Paul Forshey, Staff Judge Advocate for the Arizona Army National Guard, who wrote a letter that same date to Defendant ETS informing them that the nonjudicial foreclosure and sale of Plaintiffs' Property was in violation of the SCRA. The letter from Lieutenant Colonel Forshey followed numerous telephone calls placed by Plaintiff FREDERIC L. EDQUID to Defendant GMAC advising them that their nonjudicial foreclosure actions were in violation of his rights under the SCRA.

36. The letter from Lieutenant Colonel Forshey was faxed to Defendant ETS on March 3, 2009 and also mailed via Certified U.S. Mail. The letter was received by Defendant ETS on March 9, 2009.

37. On March 10, 2009, Plaintiff FREDERIC L. EDQUID was notified by American Express, with whom Plaintiffs had enjoyed many years of use of that company's travel cards with no credit restrictions, that a review of his account caused American Express to lower his credit limit to only $2,700.00 and set a new cash advance limit of $200.00. Prior to the illegal nonjudicial foreclosure by Defendants, no such limits had been placed on Plaintiffs' American Express account.

38. Also on March 10, 2009, Defendants caused to be posted on the Property a notice from a ReMax realtor, Catherine Mosij, a notice that stated "The party named below has been requested to determine the occupancy status and condition of the property. All occupants should immediately contact the party named below to discuss

12-12020-mg    Doc 9253-2    Filed 10/14/15    Entered 10/14/15 14:13:44    Exhibit 1 -
Case 4:11-cv-00311-CKJ    Document 1    Filed 05/25/11    Page 10 of 16
Proof of Claim    Pg 13 of 20

the status of your occupancy and to report any conditions affecting the property."

39. On March 11, 2009, Defendant GMAC sent Plaintiffs a letter advising them that they had been advised the Property was vacant and that Defendant GMAC would be sending a representative to the Property within seven days to rekey and winterize the Property. On that date, Plaintiffs resided in the Property and it was not vacant. At the time of each of the notices concerning Defendant GMAC's allegations in February and March 2009 that Plaintiffs had to vacate the Property, Plaintiff LESLEY H. EDQUID was in the late stages of a pregnancy and the threat that Plaintiffs were about to lose their home caused her significant emotional distress at a time when she was particularly susceptible to stress.

40. Also on March 11, 2009, Defendant GMAC wrote Plaintiffs and advised that it had been notified by the Foreclosure Department that Plaintiff FREDERIC L. EDQUID *may* be entitled to SCRA protection and demanded that he send a copy of his active duty orders. Plaintiff FREDERIC L. EDQUID had sent those orders to Defendant GMAC in 2006 and Defendant GMAC had acknowledged receipt of the orders by letter dated May 10, 2006.

41. In the March 11, 2009 letter to Plaintiffs from Defendant GMAC, the following incorrect statement of law is included: "Before GMACM can initiate the Servicemembers' Civil Relief Act, we will need a copy of your original <u>Active Duty Orders.</u> It is a government requirement that we obtain and keep a copy for our records." No requirement exists for a servicemember protected by the SCRA to submit copies of orders to be protected from nonjudicial foreclosures such as the one conducted by these Defendants on February 20, 2009.

12-12020-mg    Doc 8853-2    Filed 10/14/15    Entered 10/14/15 14:13:44    Exhibit 1 -
Proof of Claim    Pg 14 of 20
Case 4:11-cv-00311-CKJ    Document 1    Filed 05/25/11    Page 11 of 16

42. Despite the fact that he had previously submitted his orders to Defendant GMAC even though he was under no obligation to submit any documentation to Defendant GMAC to be protected from nonjudicial foreclosure under the SCRA, Plaintiff FREDERIC L. EDQUID complied with the request to supply Defendant GMAC with another copy of his orders. Ultimately, Defendant GMAC did vacate and set aside the nonjudicial foreclosure sale of the Property. However, Defendant GMAC failed and refused to make the necessary notifications to the major credit reporting agencies of their mistake and the corrective action that had been taken. As a result, Plaintiffs had credit cards canceled, were denied credit on numerous occasions and suffered damages as a result of their lowered credit score.

43. On August 11, 2010, Plaintiff FREDERIC L. EDQUID faxed to Defendant GMAC a letter with a copy of his credit report attached, noting that Defendant GMAC was still incorrectly reporting a foreclosure in November 2008 on the Property, despite the fact that by that date, Plaintiffs' mortgage loan was fully reinstated, was being paid in a timely manner and the illegal foreclosure proceedings had been vacated.

44. On August 20, 2010, Defendant GMAC advised Plaintiffs in writing that notifications had been made to the four major credit reporting agencies to remove any foreclosure remarks from Plaintiffs' credit history.

45. As late as October 2010, adverse entries were still being noted on Plaintiffs' credit record, as a result of the wrongful and illegal nonjudicial foreclosure that Defendants caused to take place between November 2008 and February 2009.

46. Plaintiffs had a home equity line of credit second mortgage ("HELOC") on the Property with Bank of America. Because of the illegal nonjudicial foreclosure by

-11-

Defendants, Bank of America was electronically notified of the foreclosure on February 23, 2009 and subsequently, the second mortgage on the Property was charged off in the amount of $23,196.83 on June 20, 2009.

47. Plaintiffs had made no request of Bank of America to charge off their HELOC loan. Nevertheless, as a result of the actions of Defendant GMAC, beginning in March 2009 and up until February 2011, Bank of America returned each payment Plaintiffs made on the HELOC. Ultimately, Bank of America wrote off the balance of the HELOC loan, further damaging Plaintiffs' credit score.

48. Not only did the charge off of the HELOC loan by Bank of America cause yet additional adverse credit entries to be made in Plaintiffs' credit record, at the end of 2009 Plaintiffs received an IRS Form 1099A from Bank of America for the amount of the charged-off loan ($23,196.83) and had to account for that amount on their state and federal income tax returns.

49. Despite all efforts to correct their credit report and have the HELOC loan reinstated, it was not until April 29, 2011 that Plaintiffs were able to have Bank of America report to the four main credit reporting agencies and request that they remove the charge off that had been reported in June 2009, and to update Plaintiffs' credit record to show the payments between February 2009 and March 2011 as current.

50. Plaintiffs show that all of their problems with the Bank of America HELOC loan, the adverse entries in their credit history and resultant damage to Plaintiffs' credit score were caused solely by the illegal nonjudicial foreclosure conducted by Defendants on the Property between November 2008 and February 2009.

12-12020-mg    Doc 9253-2    Filed 10/14/15    Entered 10/14/15 14:13:44    Exhibit 1 -
Case 4:11-cv-00311-CKJ   Document 1   Filed 05/25/11   Page 15 of 16
Proof of Claim    Pg 16 of 20

## FIRST CAUSE OF ACTION

## VIOLATION OF 50 U.S.C. APP. §533, SCRA

51. Plaintiffs re-allege each and every allegation set forth above as if repeated herein verbatim.

52. Plaintiff FREDERIC L. EDQUID was called to active duty in the U.S. Army on March 10, 2006 and served on active duty until March 31, 2008. Pursuant to the provisions of 50 U.S.C. App. §533, Plaintiffs were protected from the initiation of nonjudicial foreclosure proceedings against their Property until December 31, 2008.

53. Defendants initiated nonjudicial foreclosure proceedings against Plaintiffs' Property on November 13, 2008, within the period of Plaintiffs' protection under the SCRA, and thereafter completed the nonjudicial foreclosure sale of Plaintiffs' Property on or about February 22, 2009, in violation of 50 U.S.C. App. §533.

54. When Plaintiffs finally got the Defendants to acknowledge that they had wrongfully and illegally foreclosed on Plaintiffs' Property, Defendant GMAC required Plaintiffs to pay unwarranted fees and charges to reinstate the mortgage loan, despite the fact that the fees and charges related to the Defendants' illegal nonjudicial foreclosure, a proceeding which Defendant GMAC has admitted violated the SCRA.

55. Despite amicable demand, Defendants have failed and refused to refund the unwarranted fees and charges which Plaintiffs were forced to pay after the illegal nonjudicial foreclosure was vacated and set aside.

56. As a result of the actions of the Defendants, Plaintiffs have suffered damages, including consequential damages, emotional distress, embarrassment and

12-12020-mg Doc 9253-2 Filed 10/14/15 Entered 10/14/15 14:13:44 Exhibit 1 -
Case 4:11-cv-00311-CKJ Document 1 Filed 05/25/11 Page 14 of 16
Proof of Claim Pg 17 of 20

humiliation.

57. Defendants are therefore liable to Plaintiffs for all of their damages including actual and punitive damages, prejudgment interest, costs and attorneys fees, all as allowed by 50 U.S.C. App. §597a.

## SECOND CAUSE OF ACTION

## VIOLATION OF 50 U.S.C. APP. §518

58. Plaintiffs re-allege each and every allegation set forth above as if repeated herein verbatim.

59. After wrongfully conducting a nonjudicial foreclosure of the Property, Defendant GMAC took steps to report the foreclosure on Plaintiffs' Property to the four main credit reporting agencies, which caused Plaintiffs damages in the form of lowered credit scores and credit rating.

60. The conduct of Defendant GMAC caused Plaintiffs to spend considerable amounts of time and effort attempting to force Defendant GMAC to make the necessary notifications to the credit reporting agencies to vacate and cancel the previous derogatory data that Defendant GMAC had reported following the February 2009 nonjudicial foreclosure.

61. By reporting the illegal nonjudicial foreclosure to the credit reporting agencies, Defendant GMAC violated 50 U.S.C. App. §518(1) by reporting that a person protected by the SCRA was "unable to pay the civil obligation or liability in accordance with its terms."

62. Pursuant to 50 U.S.C. App. §518(3), it was a violation of the SCRA when

12-12020-mg Doc 9253-2 Filed 10/14/15 Entered 10/14/15 14:13:44 Exhibit 1 -
Case 4:11-cv-00311-CKJ Document 1 Filed 05/25/11 Page 15 of 16
Proof of Claim Pg 18 of 20

Defendant GMAC, as a result of Plaintiff FREDERIC L. EDQUID invoking his rights to protection under the SCRA, provided "an adverse report relating to the creditworthiness of the servicemember by or to a person engaged in the practice of assembling or evaluating consumer credit information."

63. Defendant GMAC's willful breach of these provisions of 50 U.S.C. App. §518 has caused the Plaintiffs actual damages, including consequential damages, damages from loss of credit score and other damages which will be proven at trial of this matter.

64. Defendants are therefore liable to Plaintiffs for damages, including actual damages, prejudgment interest, costs and attorneys fees, all as allowed by 50 U.S.C. App. §597a.

### THIRD CAUSE OF ACTION

### VIOLATION OF 12 U.S.C. §2605, RESPA

65. Plaintiffs re-allege each and every allegation set forth above as if repeated herein verbatim.

66. On the numerous occasions detailed above, Plaintiff FREDERIC L. EDQUID sent qualified written requests to Defendant GMAC demanding that his rights under the SCRA be protected and that unwarranted charges made against him by Defendant GMAC be refunded and his account be properly serviced.

67. Defendant GMAC never provided an appropriate response to Plaintiff as required by 12 U.S.C. §2605 (e)(B)(2).

68. As a result of the RESPA violations by Defendant GMAC, Plaintiffs suffered actual damages and are entitled to recover from Defendant GMAC all provable

damages, plus costs and attorneys fees. Plaintiff shows that the inaction of Defendant GMAC constituted a pattern or practice of noncompliance with the requirements of RESPA, for which Plaintiff is entitled to additional damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, FREDERIC L. EDQUID and LESLEY H. EDQUID pray for relief and judgment as follows:

a. Awarding compensatory, consequential and punitive damages in favor of Plaintiffs against Defendants for all damages sustained as a result of Defendants' wrongdoing in such amounts as will be proven at trial.

b. Awarding Plaintiff their costs and disbursements of this suit, including reasonable attorneys' fees, accountants' fees and experts' fees; and

c. Awarding such other and further relief as may be just and proper.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all claims so triable.

Respectfully submitted,

JONES & ODOM, L.L.P.

BY: *John S. Odom, Jr.*
John S. Odom, Jr., La. Bar No. 10163
2124 Fairfield Avenue
Shreveport, LA 71104
318-221-1600
fax 318-425-1256
john.odom@jodplaw.com

COUNSEL FOR PLAINTIFFS, FREDERIC L. EDQUID AND LESLEY H. EDQUID

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Frederic L. Edquid and Lesley H. Edquid

**DEFENDANTS**
GMAC Mortgage Corporation

(b) County of Residence of First Listed Plaintiff **Pima County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John S. Odom, Jr., 2124 Fairfield Avenue, Shreveport, LA 71104
(318) 221-1600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
50 USC App 501-597b and 12 U.S.C. 2605
Brief description of cause:
Violation of Servicemembers Civil Relief Act and RESPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 24, 2011
SIGNATURE OF ATTORNEY OF RECORD: John S. Odom, Jr.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____