**Exhibit 3**

**Lathrop Declaration**

ny-1189495

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF SARA LATHROP IN SUPPORT OF THE**
**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM**
**NO. 2130 FILED BY FREDERIC L. EDQUID AND LESLEY H. EDQUID**

I, Sara Lathrop, hereby declare as follows:

1.    I have served as Senior Claims Analyst for the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>") since August 2015, established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in the loan servicing department of Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since June 2006. I began my association with ResCap in 2006 working as an associate in the Default Division of the loan servicing operation of GMAC Mortgage, LLC ("<u>GMAC Mortgage</u>"). In 2008, I became a Default Quality Control Specialist, a position that I held until I became a Supervisor in the Default Division in 2009. In 2011, I then became a Supervisor in the Loss Mitigation Division of GMAC Mortgage's loan servicing operation, and in February 2012, I became a Manager in that division. In this role, I oversaw GMAC Mortgage associates in their efforts to provide borrowers with loss mitigation options

ny-1197720

and assisted in the development of GMAC Mortgage's loss mitigation policies. In January of 2013, I became the Regulatory Compliance Manager for ResCap. I became Senior Claims Analyst for ResCap in July 2013 and continued this role with the ResCap Liquidating Trust (the "Liquidating Trust") in December 2013. In my current position as Senior Claims Analyst to the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *Rescap Borrower Claims Trust's Objection to Claim No. 2130 Filed by Frederic L. Edquid and Lesley H. Edquid* (the "Objection").[2]

2. In my capacity as Senior Claims Analyst for Rescap, the Liquidating Trust and the Borrower Trust, I am intimately familiar with the claims reconciliation process. The facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and information that I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, as well as the Liquidating Trust and the Borrower Trust's professionals and consultants. The statements in this Declaration are also based upon my familiarity with the Debtors' Books and Records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these chapter 11 cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of other relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

other members of the Liquidating Trust, have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' chapter 11 cases.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration on that basis.

       3.       I am familiar with the records maintained by the Debtors' businesses, and am qualified by my position to identify those records and certify their authenticity.  Except as otherwise noted below, each of the records attached to or accompanying this declaration (other than court filings and docket sheets) were original records of the business or true and accurate duplicates thereof.  In addition, these records (i) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, (ii) were kept in the course of a regularly conducted business activity, and (iii) were made by the business as part of its regular practice.

      **A.**      **The Loan, the Foreclosure Sale and Rescission of the Foreclosure Sale**

       4.       On April 7, 2005, Claimants executed a Promissory Note and Deed of Trust (collectively, the "Loan") secured by property commonly known as 5465 West Bandtail Court, Marana, Arizona 85653 (the "Property").  *See* Exhibits A & B (Note and Deed of Trust, respectively) attached hereto.

       5.       On or about September 3, 2008 and October 2, 2008, GMAC Mortgage sent to claimant the breach letters attached hereto as Exhibits C – D, respectively, informing Claimants that their Loan account was in default.

6. On November 18, 2008, GMAC Mortgage recorded a Notice of Trustee's Sale with respect to the Loan in the Tucson Recorder's Office. *See* Notice of Sale, attached hereto as Exhibit E. On February 20, 2009, a foreclosure sale for the Property was held. On or about March 11, 2009, GMAC Mortgage rescinded the February 20, 2009 foreclosure sale. Shortly thereafter, Claimants entered into a repayment plan to bring their Loan current. Claimants became current in July 2009, subsequently continued to make payments on their Loan, and were current as of the date of transfer of servicing of their Loan to Ocwen Loan Servicing on February 15, 2013. Attached hereto as Exhibit F is a copy of the Claimants' November 2011 monthly mortgage account statement.

### B. The District Court Action

7. On May 25, 2011, Claimants initiated an action (the "District Court Action") against GMAC Mortgage and Debtor Executive Trustee Services, LLC ("ETS") by filing a Complaint in the United States District Court for the District of Arizona, Case No. 11-311 (TCC) (CKJ).

8. In the Complaint, Claimants allege that GMAC Mortgage failed to appropriately respond to their correspondence on "numerous occasions." Compl. at 66-67. Attached hereto as Exhibit G is copy of a correspondence, dated March 11, 2009, which GMAC Mortgage sent to Claimants.

9. On July 25, 2011, GMAC Mortgage and ETS filed an answer in the District Court Action. *See* Docket Sheet for District of Arizona Case No. 11-311, attached hereto as Exhibit H.

4

ny-1197720

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of October, 2015 at Waterloo, Iowa.

/s/ Sara Lathrop
Sara Lathrop
Senior Claims Analyst
ResCap Liquidating Trust

5