```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 12-12020-mg
 5   - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12   - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              October 20, 2015
19              3:17 PM
20
21   B E F O R E:
22   HON. MARTIN GLENN
23   U.S. BANKRUPTCY JUDGE
24
25
```

1
2  Telephone conference, on the record, regarding discovery
3  dispute.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20  Transcribed by:  David Rutt
21  eScribers, LLC
22  700 West 192nd Street, Suite #607
23  New York, NY 10040
24  (973)406-2250
25  operations@escribers.net

```
 1
 2  A P P E A R A N C E S  (TELEPHONICALLY):
 3  BRADLEY ARANT BOULT CUMMINGS LLP
 4       Attorneys for ResCap Borrower Claims Trust
 5       100 N. Tryon Street
 6       Suite 2690
 7       Charlotte, NC 28202
 8
 9  BY:   AVERY SIMMONS, ESQ.
10
11
12  ERICKSON, THORPE, SWAINSTORM, LTD.
13       Attorneys for Gagnon, et al.
14       99 W. Arroyo Street
15       Reno, NV 89509
16
17  BY:   THOMAS P. BEKO, ESQ.
18
19
20
21
22
23
24
25
```

    1           P R O C E E D I N G S

    2           THE COURT:  This is a conference in relation to the

    3 trust's objection to the claims of Pamela Longoni and Jean

    4 Gagnon.  Who's on the phone, please?

    5           MS. SIMMONS:  This is Avery Simmons, with Bradley

    6 Arant, representing the Borrower Claims Trust --

    7           THE COURT:  Thank you --

    8           MS. SIMMONS:  -- Your Honor.

    9           THE COURT:  -- Ms. Simmons.

   10           MR. BEKO:  Thank you, Your Honor.  Thomas Beko on

   11 behalf of Longoni and Gagnon.

   12           THE COURT:  All right.  Thanks very much.  I'm sorry

   13 we had some difficulty in getting everybody connected, but

   14 we're all together.

   15           MR. BEKO:  Yes, thank you again.  Thank you for

   16 allowing us to appear by phone.

   17           THE COURT:  Sure.

   18           Ms. Simmons, you wrote the letter, so why don't you

   19 begin.

   20           MS. SIMMONS:  Yes, Your Honor.  Thank you.  We are

   21 scheduled to end discovery in this matter on November 13th;

   22 towards that end, Mr. Beko and I both have depositions that we

   23 would like to take, to which the other side has objected.

   24 Specifically, the Borrower Claims Trust would like to take the

   25 deposition of Ms. Pamela Longoni, the claimant.  Ms. Longoni

1  was previously deposed in November of 2011 and it is on that
2  basis -- I'm not going to speak for Mr. Beko, but I believe it
3  is on that basis to which he objects to the re-deposition of
4  Ms. Longoni.
5          Specifically, the trust would like to re-depose
6  Mrs. Longoni, just due to the continuing nature of her damages.
7  The trust presumes that Ms. Longoni is going to continue to
8  claim emotional-distress damages continuing on until the date
9  of trial.  The trust also presumes that Ms. Longoni is going to
10 claim the value of the property that she -- damages, related to
11 the value of the property, that continue from her deposition
12 until the date of trial.
13         This case was put on an automatic stay per the
14 bankruptcy stay in 2012, and so, through nobody's fault, her
15 deposition testimony from 2011 is largely -- four years old at
16 this point.
17         The other matter on which the trust would like to
18 re-depose Ms. Longoni is on an altered e-mail that was
19 discovered towards the end -- I guess, towards the end of
20 discovery in the federal-court action pending in Nevada, and we
21 would like to do some further discovery with Ms. Longoni based
22 on that e-mail.
23         THE COURT:  Okay, Mr. Beko, and what's your issue?
24 First tell me what you want to do, and then I'll give you a
25 chance to respond to Ms. Simmons.

1           MR. BEKO:  You're talking about what I -- the
2  discovery issues that I have, Your Honor?
3           THE COURT:  Yes.
4           MR. BEKO:  Okay, the only issue that I have is I have
5  asked to depose an attorney; I believe his name is Michael
6  Knapp (ph.).  He was an individual that shortly after
7  Ms. Longoni learned that her house had been foreclosed upon and
8  sold, she received an unsolicited phone call from the attorney,
9  indicating that she was not going to have to move out of her
10 home, because of the fact that they had made an error and they
11 were going to get her home back.  And so I've asked to depose
12 him to confirm that in fact he made those representations to
13 her.  And the defendants have objected to that, claiming that,
14 I guess, the testimony's not relevant; secondly, that it's
15 somehow part of settlement negotiations.  And our position is
16 there were no settlement negotiations that were ongoing.  This
17 was an unsolicited call that he made to her, indicating that
18 they were going to get the home back and that her family would
19 not have to move.
20          THE COURT:  Okay.  While you're at it, Mr. Beko, why
21 don't you respond to Ms. Simmons' argument with respect to
22 Ms. Longoni's deposition.
23          MR. BEKO:  Sure.  From the standpoint of her damages,
24 Your Honor, from the time that they took her deposition, her
25 damages have not changed.  I mean, she was obviously distressed

1   by the fact that they were forced to move out of her home.  All
2   of those events had occurred long before; I think it was in
3   2009.  Her damages haven't changed at all since that point in
4   time.
5          From the standpoint of them wanting to depose her more
6   about the supposed fraudulent e-mails, they had that
7   information from the time that we initially served our initial
8   disclosures in the case.  They had every opportunity to depose
9   her about that; now they just want to go back and do it again.
10  I think it's harassing to her --
11         THE COURT:  Let me stop you for a second.
12         MR. BEKO:  -- and --
13         THE COURT:  Mr. --
14         MR. BEKO:  -- and we've got so much money sunk into
15  this case, I hate to continue to spend more on it.
16         THE COURT:  Mr. Beko, did they examine Ms. Longoni
17  about the allegedly altered e-mail?
18         MR. BEKO:  Your Honor, I don't recall.  I can't
19  honestly answer that --
20         THE COURT:  Okay.
21         MR. BEKO:  -- one way or the other.
22         THE COURT:  All right.  Anything else, Mr. Beko?
23         MR. BEKO:  No, Your Honor.
24         THE COURT:  All right, Ms. Simmons, first, was Longoni
25  previously deposed on the subject of an allegedly altered

1  e-mail?

2      MS. SIMMONS:  No, Your Honor.  And to clarify, we did

3  not actually discover the allegedly altered e-mail until

4  February 2012, and Ms. Longoni was deposed in November of 2011.

5      THE COURT:  Okay.

6      MS. SIMMONS:  So we weren't aware of the altered

7  e-mail at the time we deposed her.

8      THE COURT:  Okay, and, Ms. Simmons, you want to

9  address the issue about Mr. Knapp's deposition?

10     MS. SIMMONS:  Yes, Your Honor.  Thank you.  The trust

11 feels that all discussions that took place with Ms. Longoni

12 were made under the guise of settlement.  While it was an

13 unsolicited phone call that took place in September or late

14 August 2009, it was done with the belief that there was

15 wrongdoing, and it was done with the belief that there needed

16 to be a settlement that took place.  So all of Mr. Knapp's

17 statements that were made, were made under the guise of

18 settlement.

19     THE COURT:  Okay.  So I'm ready to resolve the

20 issue -- issues, plural.  Both depositions'll go forward; both

21 have to be completed before the November 13th close of

22 discovery.  Mr. Knapp can be deposed; whether his testimony is

23 going to be admissible at trial will remain to be seen.  Unless

24 he affirmatively said, this discussion is for purposes of

25 settlement only, then the fact that he may have called her and

1  said, we made a mistake, and whatever, doesn't make it a
2  settlement discussion.  So I can't rule on that now.  It
3  doesn't preclude discovery, so Mr. Knapp can be deposed.
4           With respect to Ms. Longoni, particularly after I have
5  ruled as I did in two prior decisions, it's fair game to depose
6  her now, find out what her damages are and how long they
7  continued, et cetera.
8           So let me ask you each, how many hours do you want for
9  the deposition of each of these people?  The presumptive rule
10 in the Federal Rules of Civil Procedure is seven hours, and we
11 certainly won't exceed that.  Well, here's the way I'm going to
12 leave it with you both:  The seven-hour presumptive limit
13 applies, but I'm going to leave it to each of you.  If you're
14 prepared to agree to limit it to fewer than seven hours, it'll
15 apply mutually.  So if you want to agree to a four-hour
16 deposition or a five-hour deposition, that's fine with me, but
17 you both have to agree to it; otherwise the presumptive seven-
18 hour limit will apply.
19          I'll tell you that oftentimes -- these issues are
20 fairly narrow at this point, I think; important, but narrow.  I
21 don't mean to demean either side's arguments.  But sometimes
22 I'll just set a four-hour time limit; but I'm not going to do
23 that.  I mean, I'll tell you, they're not to exceed seven
24 hours, but I think the two of you want to talk about -- work
25 out the dates for the depositions; don't want till the very

1  last day of the discovery period.  And let's get the
2  depositions done and let's proceed to get this matter to trial.
3             MS. SIMMONS:  Agreed, Your Honor.  Thank --
4             MR. BEKO:  Thank you, Your Honor.  This is Tom Beko.
5  I have one other matter I'd like to bring to the Court's
6  attention.  There were two other individuals that we asked to
7  depose:  former employees of GMAC Mortgage.  We were given
8  locations for these individuals and, as to one individual,
9  Katie Brewer, we were successful in getting her served with a
10 subpoena to appear for a deposition this Friday.  The second
11 individual is an individual by the name of Paul Williams; we've
12 not been able to get him served with a subpoena.  And quite
13 frankly, I don't think we should be forced to serve these
14 people with subpoenas.  They're former employees.  I believe
15 that GMAC should make them available.
16            THE COURT:  You're wrong on that.  They're former
17 employees.  You find them, you serve them a subpoena, you can
18 depose them, but the burden isn't on GMAC to search out for
19 former employees.
20            Ms. Simmons, do you have an address for Mr. Williams?
21            MS. SIMMONS:  I think I've provided Paul -- I mean --
22 Tom, I also have a phone number that I can give you
23 for Paul Williams if you want to reach out to him.
24            THE COURT:  Yeah --
25            MR. BEKO:  Okay, that would be great.  We have the

1  address and they provided that, Your Honor.
2           THE COURT:  Um-hum.
3           MR. BEKO:  We just made numerous attempts to have him
4  served in Texas and, every time we'd go there, no one responds
5  to the door.
6           THE COURT:  Well, I'm not surprised that people aren't
7  looking forward to being deposed, particularly if they're
8  former employees.  I can't help you with that.
9           MR. BEKO:  Sure.
10          THE COURT:  It sounds like Ms. Simmons has been
11 cooperative and given you contact information for Mr. Williams.
12 I expect that.  I don't want either side hiding the ball about
13 it, and it doesn't sound that that's what Ms. Simmons has done.
14 She's offered to give you a phone number.  She's given --
15          MR. BEKO:  Sure.
16          THE COURT:  -- previously given you the address.
17          MR. BEKO:  And I think, Your Honor, my only concern of
18 bringing this to your attention is that we are coming up
19 against that deadline and we had the deposition noticed and
20 scheduled for this Friday.  Even if get him served now, he may
21 very well say, I don't have sufficient time, I can't do it on
22 that day.
23          THE COURT:  Well, you still --
24          MR. BEKO:  And I'm just concerned that we're going to
25 be up against that deadline, and I didn't want to surprise the

1  Court with that later on.
2          THE COURT:  Yeah, don't surprise the Court with it.
3  Make your best effort to find him.  A notice for this Friday,
4  even if you serve him with a subpoena, is -- I'm not going to
5  rule on whether it's sufficient time or not.  It's --
6          MR. BEKO:  No, no, and --
7          THE COURT:  Yeah.
8          MR. BEKO:  -- quite frankly, if he says that he can't
9  do it, then I'm going to be accommodating to him.
10         THE COURT:  Right.
11         MR. BEKO:  And we've been attempting to serve him, for
12 a very long period of time.
13         THE COURT:  Sure.  Finding former employees can
14 sometimes be difficult and, needless to say, they're frequently
15 not all that anxious to be deposed.  But --
16         MR. BEKO:  Sure.  And that may be the case.
17         THE COURT:  So, look -- but with respect to
18 Ms. Longoni and Mr. Knapp's depositions, I'm sure you're going
19 to be able to work out the time and place for them.  As I say,
20 as to those two, you at least ought to discuss if -- the seven-
21 hour rule applies unless you work on -- unless you agree to
22 something different, okay?
23         MR. BEKO:  I don't imagine either of the depos will go
24 that long, so it shouldn't be a concern.
25         THE COURT:  Okay.

1            Ms. Simmons, you have anything you want to raise?
2            MS. SIMMONS:  No.  Thank you very much, Your Honor.
3   And I apologize for the CourtCall mix-up --
4            THE COURT:  Yeah.  Well, look, that happens.  I'm glad
5   we were able to get the issues resolved for today.
6            I'm not going to enter a written order.  Do either of
7   you feel you need a written order based on today?  I think the
8   understanding is clear.
9            MR. BEKO:  No, I don't need an order, Your Honor.
10  Thank you.
11           THE COURT:  Ms. Simmons?
12           MS. SIMMONS:  Thank you.
13           THE COURT:  Okay.  All right, thank --
14           MS. SIMMONS:  No, I do not.
15           THE COURT:  All right.
16           MS. SIMMONS:  Thank you, Your Honor.
17           THE COURT:  Thanks very -- this is on the record
18  anyway, so --
19           All right, thanks very much.  We're adjourned.
20           MR. BEKO:  Bye-bye.
21           MS. SIMMONS:  Thank you.
22       (Whereupon these proceedings were concluded at 3:29 PM)
23
24
25

```
1
2                          I N D E X
3
4                         R U L I N G S
5                                              Page      Line
6   Depositions of Pamela Longoni and Jean       8        20
7   Gagnon will go forward.
8   Michael Knapp, Esq. can be deposed           8        22
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                   C E R T I F I C A T I O N
 3
 4  I, David Rutt, certify that the foregoing transcript is a true
 5  and accurate record of the proceedings.
 6
 7
 8
 9
10  _____
11  DAVID RUTT
12  AAERT Certified Electronic Transcriber CET**D 635
13
14  eScribers
15  700 West 192nd Street, Suite #607
16  New York, NY 10040
17
18  Date:   October 21, 2015
19
20
21
22
23
24
25
```