Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164



Honorable Judge Martin Glenn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

    GMAC Mortgage, LLC;
    Residential Funding Company, LLC;
    Residential Funding Real Estate
      Holdings, LLC;
    Homecoming Financial, LLC;
    Executive Trustee Services, LLC
                                          Debtors

IN PROCEEDINGS
UNDER CHAPTER 11
BK Case No. 12-12020 (MG)
(Jointly Administered)

NOTICE OF WITHDRAWL OF NOTICE OF APPEAL AND REQUEST FOR REFUND OF
UNAPPLIED APPEAL FEE

1.    Duncan K. Robertson ("Claimant") hereby withdraws his Notice of Appeal,

Document No. 9180, apparently filed September 18, 2015, and respectfully requests that this

1

Court authorize a refund to him of the $298.00 Appeal Fee destined for the U.S. District Court, SD New York (paid by Cashier's Check) which was apparently never submitted to that court.

## BACKGROUND

2. On September 4, 2015 this Court issued *Amended Memorandum Opinion And Order Granting Motions For Partial Reconsideration Of The Opinion Sustaining In Part And Overruling In Part The ResCap Liquidating Trust's Objection To Claims Filed By Duncan K. Robertson* (Document No. 9108]. ("Amended Opinion"). The Amended Opinion stated: "Based on reconsideration…Claim Numbers 2385, 2386, 2387, 2388, and 2389 are EXPUNGED." *Id.* at 2. These Claim Numbers comprised all of Claimants Claims in this Procedure. However, the Amended Opinion had made no mention of Robertson's Trespass claims which were included in the Claim Numbers expunged.

3. On September 15, 2015, Robertson filed a *Motion For Clarification Of The Amended Opinion And Extend Time To File A Notice Of Appeal* [Document No. 9159] ("Motion for Clarification").

4. The Court responded to the Motion for Clarification on September 17, 2015 issuing its *Order Clarifying Amended Memorandum Opinion And Order Granting Motions For Partial Reconsideration Of The Opinion Sustaining In Part And Overruling In Part The Rescap Liquidating Trust's Objection To Claims Filed By Duncan K. Robertson* [Document No. 9161] ("Clarifying Order").

5. As a Pro Se litigant barred from ECF filing, Claimant is afforded at least one less day on all deadlines to submit filings to this Court, whereas paper-filing from out-of-state effectively requires him to use either Express Mail or Federal Express overnight delivery to the Court (instead of by 5PM on the due date, as allowed to ECF filers). This was the principal reason Claimant had included the request for extension of time to file appeal: there is only fourteen-day time window

2

following a final judgment in which to file such a Notice, which as an out-of-state pro se is reduced by at least a day. When the Court had not ruled on the Motion for Clarification by September 15, 2015, Claimant was left between a rock and a hard place: if he failed to submit the Notice of Appeal paperwork and payment, the Appeal could be rejected for untimely filing should the Court rule against the Motion for Clarification. Claimant thus sent via Express Mail a Notice of Appeal, should the Court refuse the Motion for Clarification (and extension of time to file appeal).

6. On September 21, 2015 a hearing was held to review the progress of the case. In the process of that Hearing the following discussions arose:

> MR. A. LEWIS: ...on the 4th, I think there was a fair amount of confusion. Mr. Robertson actually filed or served us with a notice of appeal --
>
> THE COURT: It never got filed. Let me put it that way.

September 21, 2015 Hearing Transcript at 35. When Claimant requested clarification of this point, the Court went on to explain:

> I'm not going to give you legal advice, I'll just alert you that there's a provision of 28 U.S.C. Section 158 which is the section on appeals, that unless you're appealing from a final order of the court, which because my orders that I've entered so far do not entirely dispose of your claim, a portion of the trespass claim remains, what ordinarily is required, if somebody wishes to appeal everything -- the other portions -- they have to seek leave to appeal from the district court.

*Id.* at 49. Claimant interpreted these remarks to say that the Notice had not been filed and could not be filed at that time without prior approval of the district court.

7. On or about September 22, 2015 (the day following the hearing) Claimant called the Court's Bankruptcy Appeals Division and spoke with Clerk Anatin Rouzeau, inquiring as to the status of the Appeal. Claimant reported the Court's ruling on the Motion to Clarify and the explanation in the ensuing Hearing. *Supra.* Mr. Rouzeau informed Claimant that the *Appeal had not been filed* and asked if Claimant would like the Notice package returned to him un-filed;

however, he also cautioned that if Claimant later wanted to proceed with the filing he would have to re-initiate the entire process. Claimant advised that settlement negotiations were progressing and asked Mr. Rouzeau if he could continue the "hold" the Notice if Claimant would get back to him within the next week or so to let him know how to proceed. Mr. Rouzeau stated he could do that, and would take no action.

8. On October 13, 2015 a settlement was reached between Claimant and the Liquidating Trust. Part of the terms of that Settlement, as amended by mutual agreement on October 15, 2015, Claimant would file a Notice of Withdrawal of the Notice of Appeal by October 26, 2015. This filing is to comply with that term and condition of the Settlement.

9. In the interim between Claimant's conversation with Mr. Rouzeau and the signing of the Settlement Agreement the Notice of Appeal appeared on the Bankruptcy Docket as No. 9180, displaying a "Received September 17, 2015" stamp, and indicating "Date Filed 9/18/2015." This was contrary to the pronouncement of the Court at the 9/21/2015 hearing three days *after* the purported "filing" date. S*upra.*

10. On or about October 13, 2015 Claimant telephoned the Appeals Clerk, Mr. Rouzeau to report the Settlement and that the Appeal would not need to be filed, and inquire as to how the Notice of Appeal came to appear on the Bankruptcy Docket. Mr. Rouzeau said that he did not know, but that he did not file it.

## CONCLUSION

11. In accord with the Settlement Agreement Claimant hereby withdraws his Notice of Appeal [Document. No. 9180]. Because of the irregularity in this process, the Catch 22 nature of the filing, the Court's advisory and that of the Appeals Clerk that it had not been filed, and the impracticality for all parties in pursuing a formal motion to this Court for refund of the unapplied

Appeal Fee, Claimant respectfully requests that the Court authorize a refund of the $298 fee to Claimant.

Respectfully submitted this 22nd day of October, 2015

Duncan K. Robertson

Claimant, Pro Se
Duncan K. Robertson
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com