**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

---------------------------------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** JP Morgan Chase Bank, National Association ("**Requesting Party**") asserts that it holds a mortgage and security interest on lands and premises of Shad Barnard and Mary Barnard with an address of 2059 Grey Eagle Drive, Medford, OR 97501 (the "**Mortgaged Property**");

**WHEREAS** the relevant land records reflect that one of the above-captioned debtors (the "**Debtors**" and, together with Requesting Party, the "**Parties**") also holds a mortgage and security interest on the Mortgaged Property;

**WHEREAS** the Requesting Party having requested (the "**Request**") relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), to commence and/or complete the foreclosure of its mortgage and security interests in the Mortgaged Property;

**WHEREAS** the Debtors, following a review of their records have determined that to the best of their knowledge they no longer hold an interest in the Mortgaged Property;

**WHEREAS** the Debtors have agreed to consent to the Request on the terms and conditions contained in this Stipulation and Order;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in these cases by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to allow the Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Nothing in this Stipulation and Order shall be deemed to affect in any way the rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any foreclosure proceeding the validity or relative priority of the applicable Requesting Party's mortgage and security interest in the respective Mortgaged Property relative to any other security interest in such Mortgaged Property.

4. Nothing in this Stipulation and Order shall be construed to provide for the annulment of or any other retroactive relief from the automatic stay.

5. The Requesting Party shall provide due notice to the to the Debtors and The ResCap Liquidating Trust,[1] and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to proceeding with a sale of the Mortgaged Property, in accordance with and to the extent the Requesting Party

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

would be required by applicable state law to provide notice to the holder of any lien on the Mortgaged Property.

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such rule is waived. The Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

| THE RESCAP LIQUIDATING TRUST | JP MORGAN CHASE BANK, NATIONAL ASSOCIATION |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors*<br>*and The ResCap Liquidating Trust* | By: /s/ Melissa Licker<br>Melissa Licker<br>**BUCKLEY MADOLE, P.C.**<br>28 West 44th Street, Suite 720<br>New York, NY 10036<br>Telephone: (347) 286-7409<br>Facsimile: (347) 286-7409<br><br>*Counsel for JP Morgan Chase Bank, National Association* |

**IT IS SO ORDERED.**

Dated:  November 6, 2015
       New York, New York

                                      **/s/Martin Glenn**
                                        MARTIN GLENN
                             United States Bankruptcy Judge