| | |
|---|---|
| MORRISON & FOERSTER LLP | BRADLEY ARANT BOULT CUMMINGS LLP |
| 250 West 55th Street | |
| New York, NY 10019 | One Federal Place |
| Telephone: (212) 468-8000 | 1819 Fifth Avenue North |
| Facsimile: (212) 468-7900 | Birmingham, Alabama 35203-2119 |
| Norman S. Rosenbaum | Telephone: (205) 521-8000 |
| Jordan A. Wishnew | Facsimile: (205) 521-8800 |
| James A. Newton | Keith S. Anderson – *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | *Litigation Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING RESCAP
BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 2130
FILED BY FREDERIC L. EDQUID AND LESLEY H. EDQUID**

1. The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following claim objection, filed by the ResCap Borrower Claims Trust on October 14, 2015 (the "Claim Objection"):

> *ResCap Borrower Claims Trust's Objection to Claim No. 2130 Filed by Frederic L. Edquid and Lesley H. Edquid* [Docket No. 9253].

2. The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or

ny-1211700

other responsive pleading to the Claim Objection appears thereon. The deadline for filing responses to the Claim Objection, November 4, 2015, has passed.

3.  In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.  Accordingly, for the reasons set forth in the Claim Objection, the ResCap Borrower Claims Trust Trust respectfully requests that the proposed order granting the Claim Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2015
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

- and –

Keith S. Anderson – *admitted pro hac vice*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*Litigation Counsel for the ResCap Borrower Claims Trust*

# **EXHIBIT 1**

ny-1211700

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**ORDER SUSTAINING RESCAP BORROWER**
**CLAIMS TRUST'S OBJECTION TO CLAIM NO. 2130**
**FILED BY FREDERIC L. EDQUID AND LESLEY H. EDQUID**

Upon the objection (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the confirmed Plan filed in the Chapter 11 Cases, as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims, to Proof of Claim Number 2130 (the "Proof of Claim") filed by Frederic L. Edquid and Lesley H. Edquid ("Claimant"), seeking entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, disallowing and expunging the Proof of Claim on the basis that the Debtors have no liability with respect to the Proof of Claim, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, the *Declaration of Sara Lathrop*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1198564

*in Support of the ResCap Borrower Claims Trust's Objection to Proof of Claim No. 2130 Filed by Frederic L. Edquid and Lesley H. Edquid* and the *Declaration of Keith Anderson in Support of the ResCap Borrower Claims Trust's Objection to Proof of Claim No. 2130 Filed by Frederic L. Edquid and Lesley H. Edquid*; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Objection is sustained to the extent provided herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, the Proof of Claim is hereby disallowed and expunged in its entirety with prejudice.

3. Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to reflect the disallowance of and expunge the Proof of Claim from the Debtors' Claims Register.

4. The Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Procedures Order [Docket No. 3294], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6. This Order shall be a final order with respect to the Proof of Claim.

3

      7.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   November __, 2015
          New York, New York

                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE