**<u>Exhibit I</u>**

Decl. - Exhibit I   Pg 2 of 3

Case 8:10-ap-00292-CED   Doc 15   Filed 07/13/10   Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

ANTHONY D. MCDONALD and
MARY B. MCDONALD,

    Debtors.

_____/

Case No., 8:09-bk-25594-MGW

ANTHONY D. MCDONALD and
MARY B. MCDONALD,

    Plaintiffs

v.

GMAC MORTGAGE, LLC and
LAW OFFICE OF DAVID J. STERN, P.A.,

    Defendants.

_____/

Adversary No. 8:10-ap-292-MGW

## ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR DAMAGES

**THIS CAUSE** came before the Court on June 22, 2010, upon the *Motion to Dismiss Complaint for Damages* (the "Motion to Dismiss") [Adv. Doc. # 11] filed by the Law Offices of David J. Stern, P.A., ("DJS") and the *Joinder in Motion to Dismiss Complaint for Damages* [Adv. Doc. # 14] filed by GMAC Mortgage, LLC ("GMAC"). After reviewing the record, considering argument of counsel, and finding good cause therefore, the Court orders that the Motion to Dismiss be, and hereby is, GRANTED in part and DENIED in part as follows:

    1.    The Complaint is dismissed without prejudice as to the following counts: (I) violations of the Florida Statutes Chapter 817 - Florida Fraudulent Practices Act ; (II) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ; (III) common law fraud; and (V) 18 U.S.C Chapter 96 - Racketeer Influenced and Corrupt Organizations.

    2.    With respect to Count (IV) declaratory relief, the Complaint is dismissed with

prejudice as to DJS only. Count (IV) remains as to GMAC provided that the Plaintiffs amend the Complaint to state a substantive cause of action against GMAC.

3. To the extent the Motion to Dismiss seeks dismissal of any and all claims for lack of subject matter jurisdiction, the Motion to Dismiss is denied, as the Court finds and concludes that it has subject matter jurisdiction over this proceeding.

4. To the extent the Motion to Dismiss seeks dismissal of any and all claims based on litigation privilege, the Motion to Dismiss is denied without prejudice to DJS's and GMAC's ability to raise such privilege via a subsequent dispositive motion or otherwise.

5. The Plaintiffs have thirty (30) days from the date of this Order in which to file an amended complaint. GMAC and DJS shall thereafter have twenty (20) days in which to respond to the amended complaint.

6. If the Plaintiffs file an amended complaint, a non-evidentiary status conference will be held September 14, 2010 at 10:30 a.m.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on _____July 13, 2010_____.

*/s/ Michael G. Williamson*

**MICHAEL G. WILLIAMSON**
**United States Bankruptcy Judge**

Copies furnished to:
**Terry E. Smith, Trustee**
**David J. Stern, P.A.,**
**Lara R. Fernandez and**
**Malka Isaak, Esq.**