**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY & INJUNCTION PROVISIONS OF FINAL SUPPLEMENTAL ORDER FILED BY ALAN GJUROVICH AND STAR HILLS**

Alan Gjurovich and Star Hills (the "Movants") filed a motion (the "Motion," ECF Doc. # 8630) to lift the automatic stay and injunction provisions of the Debtors' confirmed chapter 11 plan (the "Plan," ECF Doc. # 6065-1). According to the Movants, they filed a civil action (the "California Action") in the Superior Court of California, Kern County (the "California State Court") against Debtors GMAC Mortgage, LLC ("GMACM"), Executive Trustee Services, LLC ("ETS"), and former officers and/or employees of GMACM and ETS. (*Id.* at 2; *see also* ECF Doc. # 8158, Annex A at 7.) The California State Court dismissed the California Action with prejudice and issued a writ of possession for the eviction of the Movants from their property in Bakersfield California. (Motion at 2.) The Movants appealed and filed their opening brief (the "Appeal"). (*Id.* at 2–3.) On May 14, 2012, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and the Movants' Appeal was subsequently stayed. (*Id.* at 3.)

On March 13, 2015, this Court entered an order establishing procedures (the "Procedures Order," ECF Doc. # 8303) for enforcing certain injunction provisions in the Debtors' Plan, which permits the ResCap Liquidating Trust (the "Trust") to file omnibus motions seeking the entry of an order from this Court directing the opposing party or parties to dismiss certain pending but stayed litigation as against the Debtors where the opposing party or parties did not

file a proof of claim (*see generally id.*).[1] The Movants received notice of the Procedures Order because of their pending Appeal in California against the Debtors' and their former employees and the Movants' failure to file a proof of claim in the Debtors' bankruptcy proceedings. However, the Trust has not yet filed a motion pursuant to the Procedures Order that seeks an order directing the Movants to dismiss their California Action. Through their Motion, the Movants appear to request relief from the Plan's injunction provisions in order to proceed in California with their Appeal.

Pursuant to the terms of the Plan, the Trust was deemed substituted as the party to any litigation in which the Debtors are a party. (*See* Plan art. VI; *see also* the "Confirmation Order," ECF Doc. # 6065 ¶ 34.) The Plan contains a provision enjoining all entities from, among other things, "commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . ." (Plan art. IX.I(a); *see also* Conf. Order ¶ 40(G)(a).) As defined in the Plan, a "Released Party" includes the Trust (Plan art. I.A.243), and "Released Claims" are "Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged terminated, or satisfied pursuant to the terms of the Plan; (ii) have been released pursuant to the Plan; or (iii) are subject to exculpation pursuant to the Plan" (*id.* art. 1.A.242). Article VIII.B of the Plan provides:

> EXCEPT AS OTHERWISE AGREED BY THE DEBTORS, THE LIQUIDATING TRUST, OR THE BORROWER CLAIMS TRUST, AS APPLICABLE, OR ORDERED BY THE BANKRUPTCY COURT, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE APPLICABLE BAR DATE SHALL BE

---

[1] The Procedures Order also addresses pending but stayed litigation that was filed against the Debtors and the opposing party's proof of claim was expunged by this Court as well as pending but stayed litigation filed against the Debtors' current and former directors, officers, and/or employees. (*See* ECF Doc. # 8158 ¶ 1.)

2

> DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT.

(*Id.* art. VIII.B.)

Here, the Movants failed to timely file a proof of claim in the Debtors' bankruptcy proceedings relating to the California Action and/or Appeal. As a result, the claims the Movants asserted against GMACM, ETS, and their former officers and/or employees—and now their successor in interest, the Trust—in the California Action were deemed discharged, released, and expunged as of the effective date of the Plan. Consequently, the Movants are enjoined from pursuing their claims against the Debtors (and now the Trust) in the California Action and Appeal under the injunction provisions of the Plan. (*See* Plan art. IX.I(a); Conf. Order ¶ 40(G)(a).) The Movants' Motion seeking relief from these injunction provisions fails to establish cause to warrant such relief. The Court therefore **DENIES** the Movants' Motion.

**IT IS SO ORDERED.**
Dated: November 13, 2015
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　／s/Martin Glenn　　　
　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

3