**Hearing Date and Time: December 16, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: December 7, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Dean A. Ziehl
Maria A. Bove

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
 **SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF RESCAP LIQUIDATING TRUST'S OBJECTION TO
PROOFS OF CLAIM NOS.  4406 AND 4408 FILED
BY BROOKFIELD RPS LLC**

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *ResCap*

*Liquidating Trust's Objection to Proofs of Claim Nos. 4406 and 4408 Filed by Brookfield RPS*

*LLC* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place

on **December 16, 2015 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin

Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be

made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 7, 2015 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel for the ResCap Liquidating Trust, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attention: Dean A. Ziehl and Maria A. Bove); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (d) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated: November 16, 2015
     New York, New York

*/s/ Dean A. Ziehl*
Dean A. Ziehl
Maria A. Bove
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel for The ResCap Liquidating Trust*

**Hearing Date and Time: December 16, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: December 7, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Dean A. Ziehl
Maria A. Bove

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,) | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP LIQUIDATING TRUST'S OBJECTION TO PROOFS OF**
**CLAIM NOS. 4406 and 4408 FILED BY BROOKFIELD RPS LLC**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the

terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter

11 Cases") [Docket No. 6065], as successor in interest to the above-captioned debtors, hereby

submits this objection (the "Objection") seeking to disallow and expunge, without leave to

amend, unsecured proof of claim no. 4406  filed by Brookfield RPS LLC ("Brookfield" or the

"Claimant") against Debtor GMAC Residential Holding Company, LLC ("GHRC") and

unsecured proof of claim no. 4406 (together with proof of claim no. 4406, the "Claim") filed by

Brookfield against Debtor Residential Capital, LLC ("ResCap"), pursuant to section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Liquidating Trust seeks to

disallow the Claim on the ground that the Claim fails to state a valid basis for liability against the

Debtors. The Liquidating Trust seeks entry of an order substantially in the form annexed hereto

as **Exhibit 1** (the "Proposed Order") granting the requested relief. In support of the Objection,

the Liquidating Trust submits the declaration of Lauren Graham Delehey (the "Delehey

Declaration"), attached hereto as **Exhibit 2**.

## PRELIMINARY STATEMENT

1.      Pursuant to the Claim, Brookfield seeks to retain certain monies owed by

it to GHRC and ResCap in connection with Brookfield's purchase of certain businesses and

assets from GHRC and ResCap.  Brookfield asserts that it is entitled to indemnification by

GHRC and ResCap and/or setoff in connection with losses it purportedly incurred in connection

with certain litigation and other matters.  For the reasons set forth below, Brookfield has failed to

demonstrate its entitlement to indemnification or setoff pursuant to the terms of the purchase

agreement among the parties and, accordingly, its Claim should be disallowed in its entirety.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

2.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.

This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court

under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 502(b)

of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

4.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being

jointly administered pursuant to Bankruptcy Rule 1015(b).

5.       On May 16, 2012, the Court entered an order [Docket No. 96] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the

official Claims Register for the Debtors (the "Claims Register").

6.       On August 29, 2012, this Court entered the Bar Date Order, which

established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as

the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General

Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30,

2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs

of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable,

the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

7.       On March 21, 2013, this Court entered an order approving procedures for

the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the

"Procedures Order").

8.       On December 11, 2013, the Court entered the Order Confirming Second

Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official

Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the

Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On

December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No.

6137].

9.      The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  *See* Plan, Art. VI.A-D; *see also* Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. *See generally*, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

10.     On November 9, 2012, Brookfield filed (a) proof of claim no. 4406 against GRHC and (b) proof of claim no. 4408 against ResCap.  The Claim arises from Brookfield's counterclaims filed in the action styled *GMAC Residental Holding Company, LLC and Residential Capital, LLC v. Brookfield RPS LLC and Royal LePage Relocation Services Ltd., n/k/a Brookfield Global Relocation Services Ltd.*, Case No. N11C-12-207-MMJ [CCLD] (the "Action") commenced by GHRC and ResCap against Brookfield and Royal LePage Relocation Services Ltd. ("Royal LePage")[1] in the Superior Court for the State of Delaware in and for New Castle County (the "Delaware Court") before the Petition Date on December 22, 2011.   On March 14, 2012, Brookfield and Royal LePage filed their answer and affirmative defenses and Brookfield filed counterclaims against GHRC and ResCap for breach of contract, indemnity and contribution, unjust enrichment, breach of the covenant of good faith and fair dealing and negligent misrepresentation.  On April 24, 2012, GHRC and ResCap filed their reply and affirmative defenses to the counterclaims asserted by Brookfield.  On August 2, 2013, in accordance with Delaware Superior Court Civil Rule 41(g), the Delaware Court moved the

---

[1] Royal LePage did not file any proof of claim against GHRC or ResCap.

Action from the active docket to the bankruptcy docket.[2]  On July 31, 2015, GHRC and ResCap

filed a motion in the Action seeking to extend the time for the Action to remain on the

bankruptcy docket.  On August 5, 2015, the Delaware Court entered an order (the "Extension

Order") granting such motion and providing that "[t]his case shall remain on the Dormant

Docket/Bankruptcy."[3]  Prior to the Action being moved to the bankruptcy docket, the parties had

exchanged discovery requests but no party had responded to such requests.

## RELIEF REQUESTED

11.    The Liquidating Trust files this Objection, pursuant to Bankruptcy Code

section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form

annexed hereto as **Exhibit 1**, disallowing and expunging the Claim from the Claims Register in

its entirety.

## OBJECTION

12.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon*

*Co. v. Oneida Ltd.*, No. 09-CV-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,

2010); *In re Residential Capital, LLC*, Case No. 12-12020 (MG), 2014 WL 4230550, at *5

(Bankr. S.D.N.Y. June 6, 2014); *In re Residential Capital, LLC*, Case No.  12-12020 (MG), 2014

WL 1414136, at *5 (Bankr. S.D.N.Y. Apr. 10, 2014); *In re Rockefeller Ctr. Props.*, 272 B.R.

524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom.*, *Rockefeller Ctr. Props. (In re Rockefeller Ctr.*

---

[2] The Delaware Court further advised that "[t]wenty-four (24) months from the date of this letter, the action shall be
dismissed without further notice, unless prior to the expiration of the twenty-four (24) month period a party files a
motion with the originally assigned judge to extend the period for good cause."

[3] A true and correct copy of the Extension Order is attached as Exhibit A to the Delehey Declaration.

*Props.)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. Appx. 40 (2d Cir. 2002).  The burden of

persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  *In re*

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re Residential Capital, LLC*, 2014

WL 1414136, at *5; *see also Franklin v. Residential Capital, LLC (In re Residential Capital*

*LLC)*, Case No. 13-Civ-8317 (PAE), 2014 WL 1760312, at *6 (S.D.N.Y. May 1, 2014);

*Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

13.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law. . . . ."  11 U.S.C. § 502(b)(1).

14.      Upon review of the Claim and based on diligence conducted by the

Liquidating Trust, the Liquidating Trust determined that the Debtors have no liability to

Brookfield on account of the Claim.  Accordingly, the Claim should be disallowed and expunged

from the Claims Register.

15.      GHRC and ResCap, on the one hand, and Brookfield and Royal LePage,

on the other, entered into a Purchase and Sale Agreement, dated as of September 22, 2008 (the

"PSA").[4]  Pursuant to the PSA, GRHC sold its ownership interests in various entities engaged in

the global relocation, real estate brokerage, home purchase services and captive mortgage

businesses and certain assets used by those entities' employees in conducting the businesses to

Brookfield for a purchase price consisting of (i) a base amount of fifteen million dollars

($15,000,000) (the "Base Amount"), plus (ii) certain specified percentages of the principal

amount of certain receivables transferred to Brookfield as of the closing date of the transaction

(the "Closing Date").  Under paragraph 13.15 of the PSA, Royal LePage agreed to guarantee

---

[4] A true and correct copy of the PSA is attached as Exhibit B to the Delehey Declaration.

Brookfield's payment of the Holdback Amount (as defined below) on the eighteen (18) month

anniversary of the Closing Date.

16.     Under the PSA, payment of the Base Amount was required to be paid as

follows: (i) $5,000,000 of the Base Amount was required to be, and was, paid on the Closing

Date; and (ii) the remaining $10,000,000 was required to be paid by Brookfield to GRHC on the

eighteen month anniversary of the Closing Date, subject to deductions for certain specified post-

closing claims, if any (the "Holdback Amount"), including GRHC's and ResCap's obligation(s)

to indemnify Brookfield for, among other things, losses arising out of (i) the termination of a

franchise agreement with Laurum Marketing, Inc. and other related matters identified on item (b)

on Schedule 4.26(b)(2)(E) to the PSA (the "Laurum Litigation"); and (ii) breaches of

representations and warranties made by the Seller Parties (as defined in the PSA) in the PSA.[5]

17.     The Closing Date occurred on November 14, 2008, and the eighteen (18)

month anniversary of the Closing Date was May 14, 2010.

18.     Upon execution of a Letter Agreement, dated March 24, 2010 (the "Letter

Agreement"), pursuant to which the parties to the PSA resolved their disagreement with respect

to the Post-Closing Net Working Capital Adjustment (as provided for in Section 2.5(b) of the

PSA), Brookfield wired $5.64 million of the $10 million Holdback Amount to ResCap and

GRHC.[6]

19.     Brookfield and Royal LePage have improperly retained the remaining

$4.36 million of the Holdback Amount.  Brookfield asserts that it is entitled to retain (i) a portion

of the remaining Holdback Amount, pursuant to Paragraph 12.2(a) of the PSA, to setoff what

Brookfield asserts is GHRC's and ResCap's obligation to indemnify Brookfield in connection

---

[5] A true and correct copy of Schedule 4.26(b)(2)(E) is attached as Exhibit C to the Delehey Declaration.

[6] A true and correct copy of the Letter Agreement is attached as Exhibit D to the Delehey Declaration.

with losses it incurred in connection with settling the Laurum Litigation, and (ii) the balance of

the Holdback Amount to setoff what Brookfield asserts is GHRC's and ResCap's obligation to

indemnify Brookfield for losses incurred in connection with certain litigation matters arising

from events occurring prior to the Closing Date (the "Non- Laurum Litigation Matters").

20.    Contrary to Brookfield's assertions, it is not entitled to retain any portion

of the Holdback Amount on account of the Laurum Litigation because, under the PSA,

Brookfield is entitled to be indemnified with respect to the Laurum Litigation only if (i) the

associated losses arise out of the termination of the related franchise agreement (PSA at

§12.2(e)) and (ii) Brookfield obtained GRHC's consent to the settlement (PSA at § 8.11).

Neither requirement has been satisfied.

21.    First, in August 2010, Brookfield settled the Laurum Litigation without

obtaining GRHC's consent.  Second, on information and belief, based on copies of certain

settlement documents forwarded by counsel for Brookfield and Royal LePage to counsel for

GHRC and ResCap after the settlement was entered into, the settlement of the Laurum Litigation

did not result in termination of the Laurum franchise agreement. Accordingly, under section

12.2(e) of the PSA, Brookfield is not entitled to indemnification for the Laurum Litigation, and

Brookfield was not entitled to retain any Holdback Amount monies by reason of Brookfield's

settlement of the Laurum Litigation.

22.    Contrary to Brookfield's assertions with respect to the Non-Laurum

Litigation Matters, pursuant to the Letter Agreement, the parties thereto settled issues involving

litigation costs and reserves in connection with resolving disputes involving the determination of

the Post-Closing Net Working Capital Adjustments.  The Letter Agreement specifies that:

"[GHRC and ResCap] acknowledge that [Brookfield] has reserved its right to claim setoff

against any remaining amounts due to the Seller Parties under the PSA in respect of disputed

estimated future legal claims, should there be a provision of the PSA applicable to such claims

other than provisions in respect of Net Working Capital."

23.    Accordingly, any claims by Brookfield for setoff with respect to losses

incurred in connection with Non-Laurum Litigation Matters were preserved only to the extent

that Brookfield could claim such losses arose out of a breach of a representation or warranty

made by GHRC and ResCap in the PSA.  The losses claimed by Brookfield do not arise out of a

breach of a representation or warranty made by GHRC and ResCap in the PSA and, even if they

did, Brookfield failed to timely assert a claim for such losses as required under the PSA.

24.    Section 4.12(a) of the PSA, which is the representation and warranty made

by GHRC and ResCap as to litigation matters, specifies that:

> Schedule 4.12(a) sets forth all pending Litigation: (i) that has been
> commenced by or against any of the Company Entities and which
> could reasonably be expected to result in a settlement or award of
> damages in excess of Fifty Thousand Dollars ($50,000); (ii) that
> could reasonably be expected to have a Material Adverse Effect; or
> (iii) that challenges, or that could reasonably be expected to have
> the effect of preventing, delaying or making illegal any of the
> Contemplated Transactions. Except as set forth in Schedule
> 4.12(a), to the Knowledge of Seller, no such Litigation has been
> threatened against any Company Entity or, with respect to clause
> (iii) hereof, any Seller Party.[7]

25.    Brookfield is not entitled to be indemnified by GHRC or ResCap for a

breach of Section 4.12(a) of the PSA because (a) any such claim was not timely asserted, and (b)

no claim was asserted which actually constituted a breach of Section 4.12(a).

26.    Under Section 12.1 of the PSA, indemnification for a breach of a

representation or warranty is not permitted if the indemnification claim is made after eighteen

---

[7] A true and correct copy of Schedule 4.12(a) is attached as Exhibit E to the Delehey Declaration.

(18) months has elapsed from the Closing Date. The Closing Date was November 14, 2008. Brookfield did not assert it was entitled to indemnification for losses it incurred with respect to the Non-Laurum Litigation matters until June 2010, more than eighteen (18) months after the Closing Date.

27.    Further, none of the losses with respect to Non-Laurum Litigation Matters for which Brookfield asserts it is entitled to be indemnified constitutes a breach of a representation or warranty contained in Section 4.12(a) of the PSA.

28.    Accordingly, for all of the foregoing reasons, the Liquidating Trust respectfully requests that the Claim be expunged in its entirety.

## NOTICE

29.    The Liquidating Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated: November 16, 2015
       New York, New York          */s/ Dean A. Ziehl*
                                   _____
                                   Dean A. Ziehl
                                   Maria A. Bove
                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   780 Third Avenue, 34th Floor
                                   New York, New York 10017
                                   Telephone: (212) 561-7700
                                   Facsimile:  (212) 561-7777

                                   *Counsel for The ResCap Liquidating Trust*

## <u>Exhibit 1</u>

**Proposed Order**

**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Dean A. Ziehl
Maria A. Bove

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER SUSTAINING RESCAP LIQUIDATING TRUST'S OBJECTION**
**TO PROOFS OF CLAIM NOS. 4406 and 4408**
**FILED BY BROOKFIELD RPS LLC**

Upon the objection, dated November 16, 2015 (the "Objection"),[1] of the ResCap

Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the Chapter 11

plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No.

6065], as successor in interest to the above captioned debtors (collectively, the "Debtors"), to

Proofs of Claim Numbers 4406 and 4408 (the "Proofs of Claim") filed by Brookfield RPS LLC

("Brookfield" or the "Claimant"), seeking entry of an order (the "Order") pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the

Federal Rules of Bankruptcy Procedure, disallowing and expunging the Proofs of Claim on the

grounds that the Debtors' books and records do not reflect any sums due and owing the Claimant

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Objection.

as of the Petition Date and the Proofs of Claim otherwise fails to state a valid basis for liability

against the Debtors, all as more fully set forth in the Objection; and the Court having jurisdiction

to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to

28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been

provided; and upon consideration of the Objection, the Declaration of Lauren Graham Delehey

in Support of the ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 4406 and 4408

Filed by Brookfield RPS LLC; and the Court having found and determined that the relief

requested in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's

beneficiaries, and all parties in interest; and the Court having found and determined that the legal

and factual bases set forth in the Objection establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Objection is sustained to the extent provided

herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Proofs of Claim

are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing

agent, is directed to disallow and expunge the Proofs of Claim so that they are no longer

maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Procedures Order [Docket No. 3294], and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Proofs of Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:        _____, 2015
            New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 2</u>**

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF RESCAP LIQUIDATING TRUST'S OBJECTION TO PROOFS OF CLAIM NOS.  4406 AND 4408 FILED BY BROOKFIELD RPS LLC

I, Lauren Graham Delehey, declare as follows:

1.      I serve as General Counsel for the ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] in the above-captioned Chapter 11 Cases.[1]  During the Chapter 11 Cases, I served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I joined ResCap on August 1, 2011 as in-house litigation counsel.

2.      In my role as Chief Litigation Counsel at ResCap, I was responsible for the management of litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases.  In my current position as General Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust in connection with the claims reconciliation

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection (as defined below).

process.  I am authorized to submit this declaration (the "Declaration") in support of the ResCap

Liquidating Trust's Objection (the "Objection") to Proofs of Claim Nos. 4406 and 4408 Filed by

Brookfield RPS LLC (the "Claim").

3.        In my current and former capacities as internal counsel to the Liquidating

Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process.

Except as otherwise indicated, all statements in this Declaration are based on my familiarity with

the Debtors' books and records (the "Books and Records"), as well as the Debtors' schedules of

assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases

(collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of

relevant documents.  I or other Liquidating Trust personnel have reviewed and analyzed the

proofs of claim forms and supporting documentation filed by Brookfield RPS LLC ("Brookfield"

or the "Claimant").  In connection with such review and analysis, where applicable, I or other

Liquidating Trust personnel, together with professional advisors, have reviewed (i) information

supplied or verified by former personnel in departments within the Debtors' various business

units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, (v) the

official claims register maintained in the Debtors' Chapter 11 Cases, and/or (vi) documents and

filings relating to litigation matters involving the Claimant.

4.        In connection with the Claim, the Liquidating Trust reviewed the

documents relating to the PSA, documents and filings in the Action, and the Debtors' written

communications with respect to the foregoing.

5.        I am familiar with the records maintained by the Debtors' businesses, and

am qualified by my position to identify those records and certify their authenticity.  Except as

otherwise noted below, each of the records attached to or accompanying this declaration

2

(excluding court filings and other court-issued documents) were original records of the business

or true and accurate duplicates thereof.  In addition, these records (i) were made at or near the

time of the occurrence of the matters set forth by, or from information transmitted by, a person

with knowledge of those matters, (ii) were kept in the course of a regularly conducted business

activity, and (iii) were made by the business as part of its regular practice.

Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal

knowledge of the Debtors' operations, information learned from my review of relevant

documents and information I have received through my discussions with other former members

of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's

professionals and consultants.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

6. On November 9, 2012, Brookfield filed (a) proof of claim no. 4406

against GRHC and (b) proof of claim no. 4408 against ResCap.

7. As set forth in the Claim, it arises from Brookfield's counterclaims filed in

the action styled *GMAC Residental Holding Company, LLC and Residential Capital, LLC v.*

*Brookfield RPS LLC and Royal LePage Relocation Services Ltd., n/k/a Brookfield Global*

*Relocation Services Ltd.*, Case No. N11C-12-207-MMJ [CCLD] (the "Action") commenced by

GHRC and ResCap against Brookfield and Royal LePage Relocation Services Ltd. ("Royal

LePage") in the Superior Court for the State of Delaware in and for New Castle County (the

"Delaware Court") before the Petition Date on December 22, 2011.

8. On March 14, 2012, Brookfield and Royal LePage filed their answer and

affirmative defenses and Brookfield filed counterclaims against GHRC and ResCap for breach of

contract, indemnity and contribution, unjust enrichment, breach of the covenant of good faith and fair dealing and negligent misrepresentation.

9.      On April 24, 2012, GHRC and ResCap filed their reply and affirmative defenses to the counterclaims asserted by Brookfield.  On August 2, 2013, in accordance with Delaware Superior Court Civil Rule 41(g), the Delaware Court moved the Action from the active docket to the bankruptcy docket.

10.      On July 31, 2015, GHRC and ResCap filed a motion in the Action seeking to extend the time for the Action to remain on the bankruptcy docket.  On August 5, 2015, the Delaware Court entered an order (the "Extension Order") granting such motion and providing that "[t]his case shall remain on the Dormant Docket/Bankruptcy."[2]

11.      Prior to the Action being moved to the bankruptcy docket, the parties had exchanged discovery requests but no party had responded to such requests.

12.      As set forth below, upon review of the Claim and based on diligence conducted by the Liquidating Trust, the Liquidating Trust determined that the Debtors have no liability to Brookfield on account of the Claim.

13.      GHRC and ResCap, on the one hand, and Brookfield and Royal LePage, on the other, entered into a Purchase and Sale Agreement, dated as of September 22, 2008 (the "PSA").[3]

14.      Pursuant to the PSA, GRHC sold its ownership interests in various entities engaged in the global relocation, real estate brokerage, home purchase services and captive mortgage businesses and certain assets used by those entities' employees in conducting the businesses to Brookfield for a purchase price consisting of (i) a base amount of fifteen million

---

[2] A true and correct copy of the Extension Order is attached hereto as Exhibit A.

[3] A true and correct copy of the PSA (without schedules) is attached hereto as Exhibit B.

dollars ($15,000,000) (the "Base Amount"), plus (ii) certain specified percentages of the

principal amount of certain receivables transferred to Brookfield as of the closing date of the

transaction (the "Closing Date").

15.    Under paragraph 13.15 of the PSA, Royal LePage agreed to guarantee

Brookfield's payment of the Holdback Amount (as defined below) on the eighteen (18) month

anniversary of the Closing Date.

16.    Under the PSA, payment of the Base Amount was required to be paid as

follows: (i) $5,000,000 of the Base Amount was required to be, and was, paid on the Closing

Date; and (ii) the remaining $10,000,000 was required to be paid by Brookfield to GRHC on the

eighteen month anniversary of the Closing Date, subject to deductions for certain specified post-

closing claims, if any (the "Holdback Amount"), including GRHC's and ResCap's obligation(s)

to indemnify Brookfield for, among other things, losses arising out of (i) the termination of a

franchise agreement with Laurum Marketing, Inc. and other related matters identified on item (b)

on Schedule 4.26(b)(2)(E) to the PSA (the "Laurum Litigation"); and (ii) breaches of

representations and warranties made by the Seller Parties (as defined in the PSA) in the PSA.[4]

17.    According to the Debtors' Books and Records, the Closing Date occurred

on November 14, 2008, and the eighteen (18) month anniversary of the Closing Date was May

14, 2010.

18.    The parties executed a Letter Agreement, dated March 24, 2010 (the

"Letter Agreement"), pursuant to which the parties to the PSA resolved their disagreement with

respect to the Post-Closing Net Working Capital Adjustment (as provided for in Section 2.5(b) of

---

[4] A true and correct copy of Schedule 4.26(b)(2)(E) is attached hereto as Exhibit C.

the PSA).ResCap's records reflect that Brookfield wired $5.64 million of the $10 million

Holdback Amount to ResCap and GRHC.[5]

       19.     Pursuant to the Claim, Brookfield asserts that it is entitled to retain (i) a

portion of the remaining Holdback Amount, pursuant to Paragraph 12.2(a) of the PSA, to setoff

what Brookfield asserts is GHRC's and ResCap's obligation to indemnify Brookfield in

connection with losses it incurred in connection with settling the Laurum Litigation, and (ii) the

balance of the Holdback Amount to setoff what Brookfield asserts is GHRC's and ResCap's

obligation to indemnify Brookfield for losses incurred in connection with certain litigation

matters arising from events occurring prior to the Closing Date (the "Non- Laurum Litigation

Matters").

       20.     Under the PSA, Brookfield is entitled to be indemnified with respect to the

Laurum Litigation only if (i) the associated losses arise out of the termination of the related

franchise agreement (PSA at § 12.2(e)) and (ii) Brookfield obtained GRHC's consent to the

settlement (PSA at § 8.11).  On information and belief, on August 2010, Brookfield settled the

Laurum Litigation without obtaining GRHC's consent.  On information and belief, based on

copies of certain settlement documents forwarded by counsel for Brookfield and Royal LePage

to counsel for GHRC and ResCap after the settlement was entered into, the settlement of the

Laurum Litigation did not result in termination of the Laurum franchise agreement.

Accordingly, under section 12.2(e) of the PSA, Brookfield is not entitled to indemnification for

the Laurum Litigation, and Brookfield was not entitled to retain any Holdback Amount monies

by reason of Brookfield's settlement of the Laurum Litigation.

---

[5] A true and correct copy of  the Letter Agreement is attached hereto as Exhibit D.

21.     With respect to the Non-Laurum Litigation Matters, pursuant to the Letter Agreement, the parties thereto settled issues involving litigation costs and reserves in connection with resolving disputes involving the determination of the Post-Closing Net Working Capital Adjustments.  The Letter Agreement specifies that: "[GHRC and ResCap] acknowledge that [Brookfield] has reserved its right to claim setoff against any remaining amounts due to the Seller Parties under the PSA in respect of disputed estimated future legal claims, should there be a provision of the PSA applicable to such claims other than provisions in respect of Net Working Capital."

22.     Accordingly, any claims by Brookfield for setoff with respect to losses incurred in connection with Non-Laurum Litigation Matters were preserved only to the extent that Brookfield could claim such losses arose out of a breach of a representation or warranty made by GHRC and ResCap in the PSA.  Section 4.12(a) of the PSA, which is the representation and warranty made by GHRC and ResCap as to litigation matters, specifies that:

> Schedule 4.12(a) sets forth all pending Litigation: (i) that has been commenced by or against any of the Company Entities and which could reasonably be expected to result in a settlement or award of damages in excess of Fifty Thousand Dollars ($50,000); (ii) that could reasonably be expected to have a Material Adverse Effect; or (iii) that challenges, or that could reasonably be expected to have the effect of preventing, delaying or making illegal any of the Contemplated Transactions. Except as set forth in Schedule 4.12(a), to the Knowledge of Seller, no such Litigation has been threatened against any Company Entity or, with respect to clause (iii) hereof, any Seller Party.[6]

23.     Brookfield is not entitled to be indemnified by GHRC or ResCap for a breach of Section 4.12(a) of the PSA because (a) any such claim was not timely asserted, and (b) no claim was asserted which actually constituted a breach of Section 4.12(a).

---

[6] A true and correct copy of Schedule 4.12(a) is attached hereto as Exhibit E.

24.      Under Section 12.1 of the PSA, indemnification for a breach of a representation or warranty is not permitted if the indemnification claim is made after eighteen (18) months has elapsed from the Closing Date.  The Closing Date was November 14, 2008. Brookfield did not assert it was entitled to indemnification for losses it incurred with respect to the Non-Laurum Litigation matters until June 2010, more than eighteen (18) months after the Closing Date.

25.      Further, I understand that none of the losses with respect to Non-Laurum Litigation Matters for which Brookfield asserts it is entitled to be indemnified constitutes a breach of a representation or warranty contained in Section 4.12(a) of the PSA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2015

*/s/ Lauren Graham Delehey*
Lauren Graham Delehey
General Counsel for the ResCap Liquidating
Trust