MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S RESPONSE TO TIA DANIELLE SMITH'S APPLICATION FOR WAIVER OF FEES AND COSTS FOR ALTERNATIVE DISPUTE RESOLUTION**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this response (the "Response") to Tia Danielle Smith's ("Ms. Smith") *Application for Waiver of Fees and Costs for Alternative Dispute Resolution*, filed on November 17, 2015 [Docket No. 9336] (the "Application").  The Borrower Trust respectfully states as follows:

Through the Application, Ms. Smith asserts that she has requested the use of Alternative Dispute Resolution ("ADR"), which she states she has requested pursuant to the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1212947

Court's Case Management Order dated October 19, 2015 [Docket No. 9267] (the "Case Management Order").  The Case Management Order states, in pertinent part, "All counsel must meet and confer to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) days after the date of this Order – [November 2, 2015] – and, again, within fourteen (14) days after the close of fact discovery – [January 5, 2016].  Counsel shall advise the Court promptly if they agree to use ADR to resolve some or all of the claims in the case.  The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party."  See Case Management Order at 2.

Pursuant to the Case Management Order, counsel to the Borrower Trust conferred with Ms. Smith over the phone (before she engaged counsel) to discuss settlement and the use of ADR.  See Declaration of Jordan Wishnew, attached hereto as Exhibit 1.  At that time, counsel informed Ms. Smith that the Borrower Trust does not believe ADR would be beneficial because Ms. Smith had not provided the Borrower Trust with any explanation as to the amount of damages she asserts in her proof of claim.  See id.  Thus, the Borrower Trust did not agree to participate in ADR at this time.

The Case Management Order only contemplates the use of ADR if both parties agree to such mechanism, which is not the case here.  It remains the Borrower Trust's position that ADR would not presently be beneficial in this case because Ms. Smith has neither quantified nor explained to the Borrower Trust the justification for or amount of her UCL damages.  Accordingly, it is the Borrower Trust's position that if there is no starting point to work from in resolving this dispute through settlement, then ADR will not prove beneficial and will only waste the Borrower Trust's limited resources.  Furthermore, ADR is not needed to narrow the issues to be resolved through an evidentiary hearing, as the issues in this matter are already exceedingly

2

ny-1212947

narrow.  See *Memorandum Opinion and Order Sustaining in Part and Overruling in Part Objection to Claims 3889, 4129, 4134, and 4139 Filed By Tia Smith* [Docket No. 7598] at 27 (holding that the only remaining claim is Ms. Smith's UCL claim premised on an alleged misrepresentation from a Homecomings employee in November 2007). Finally, Ms. Smith has not provided any reason for why she believes ADR will be beneficial.

In addition, the Borrower Trust takes no position as to whether Ms. Smith should be permitted to a waiver of any fee associated with ADR.  However, to the extent such waiver requires the Borrower Trust to bear the entire cost of proceeding in such a manner, then the Borrower Trust objects to such fee waiver.

Dated:  November 23, 2015           /s/ Norman S. Rosenbaum
            New York, New York              Norman S. Rosenbaum
                                            Jordan A. Wishnew
                                            Jessica J. Arett
                                            MORRISON & FOERSTER LLP
                                            250 West 55th Street
                                            New York, New York 10019
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel for the ResCap Borrower Claims Trust*