November 24, 2015

Vito Genna, Esquire
Clerk of Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

        Attention: Chambers of the Honorable Martin Glenn
        Case No. 12-12020(MG) Chapter 11
        Residential Capital LLC, et al
        Thomas G. Cooper and Catherine D. Cooper
        Claim No. 6270
        Date Filed: 11/9/2012

### CLAIMANTS OBJECTION TO DEBTOR'S NINETIETH OMNIBUS OBJECTION TO PERTAINING TO CLAIM # 6270 (I) (NO LIABILITY BORROWER CLAIMS, (II) (REDUCE AND ALLOW BORROWER CLAIM, AND (III) ALLOWED IN FULL BORROWER CLAIM

Dear Clerk Genna:

    Enclosed pursuant to notices we received in the above captioned matter please find our Objection to the Borrower Claims Trust's Ninetieth Omnibus Objection Pertaining to Claim. We would also request the opportunity to participate by telephone in the December 16, 2015 hearing.

    Thank you for your consideration.

                              Thomas G. Cooper
                              Catherine D. Cooper
                              PO Box 3671
                              Concord, NH 03302-3671
                              e-mail: tom.cooper1@comcast.net
                              Phone: 603-496-5997

Copies sent to:

ResCap Borrower Claims Trust
Morrison and Foerster LLP
Attention: Attorneys Norman S. Rosenbaum, Jordan A Wishnew, Jessica J. Arett
250 West 55th Street, New York, NY 10019
New York, NY 10104

RECEIVED
NOV 30 2015
U.S. BANKRUPTCY COURT, SDNY

Office of the Unites States Trustee
Southern District of New York
U.S. Federal Office Building, 201 Varick Street, Suite 1006
Attention: Attorneys Linda A. Riffkin and Brian S. Masumoto
New York, NY 10014

ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue, 21st Floor
Attention: Attorney Daniel J. Flanigan
New York, NY 10022

UNITED STATES BANKUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,                   Chapter 11

              Debtors                               Jointly Administered

### CLAIMANT'S OBJECTION TO DEBTOR'S NINETIETH OMNIBUS OBJECTION TO PERTAINING TO CLAIM #6270 (I) (NO LIABILITY BORROWER CLAIMS, (II) (REDUCE AND ALLOW BORROWER CLAIM, AND (III) ALLOWED IN FULL BORROWER CLAIM

Thomas G. Cooper and Catherine D. Cooper hereby serve notice of their objection to the above captioned objection saying as follows:

1. We filed our claim in the above matter in a timely manner in hand on November 9, 2012.

2. On not less than 12 separate occasions during 2012 we attempted by telephone, in writing, and by e-mail to obtain from GMAC an accounting of all transactions and all paperwork pertaining to a line of credit we opened with GMAC on August 25, 2003 (Account Number 8002690840: Property located at 175 South Street Concord, NH 03301). To date we have been provided only 5 pages of an original note dated June 21, 2003 which was apparently signed only by us. The only other information we have been provided – and we have been provided this same information on two separate occasions – is a computer generated printout showing payment and balance activity on this account for the period from October 20, 2009 through September 20, 2012.

3. We have yet to receive a detailed accounting for all charges assessed to us, including the interest rate and related assessments from the time period from August 25, 2003 to the present. And we do not have any documents other than the August 25, 2003 note.

4. This is particularly significant because **on May 19, 2005 at a closing which took place in Concord, NH at Bank of New Hampshire (now TD BANK) we signed a**

**document specifically closing the GMAC account and requesting GMAC to execute and record a mortgage discharge for the June 21, 2003 note.** This documentation closing the account was included in a letter from the Bank of New Hampshire dated May 19, 2005 along with an Official Check payable to GMAC in the amount of $45,508.82. GMAC never recorded the Discharge of Mortgage.

5. The Debtor states on page 3 of its October 30, 2015 Objection to our claim in relevant part: "Debtors have no liability for Claimant's assertion that Debtors failed to close the home equity line of credit because claimant has not provided proof of their claims." The state that "Debtors' records show that Debtors applied $45,508.82 to loan on May 27, 2005 bringing the principal balance to $0.00; however, there is **no record of Debtors receiving a letter from Claimants requesting the home equity line of credit to be closed** out resulting in the line remaining open."

6. Over the past three years, claimants have provided proof on multiple occasions to the Debtor, its claims agents in Bloomington, Minnesota and El Segundo, California. It does so today again today by way of **Attachment A** to this objection. Attachment A is correspondence from the Bank of New Hampshire to GMAC HM EQ dated May 19, 2005. It contains the **signatures of both of claimants**, was accompanied by an official check in the amount of $45,508.82 as payment in full for the account, and contained the following language to GMAC: "**Please accept the signatures below as the borrower's authorization to close and terminate their rights to any future transactions on this account. Please take steps to payoff and close out this line/loan, and to discharge your mortgage** (if applicable)."

7. We have consistently been unable to proceed with a refinance of our home mortgage and to take advantage of significantly lower interest rates because the GMAC mortgage continues to show up as an encumbrance on the property. We have been unable to move forward with these and related financial plans as a result of GMAC's failure to provide us with the requested information and to provide us with an accounting as to how much money we owe to them, if any, and what the terms of any loan made by them subsequent to the payment in full of the previous note might be. In other words, there is no promissory note regarding the funds advanced by GMAC over 6 months after the original note was extinguished on May 27, 2005. Our claim

is for the entire amount of the undischarged encumbrance (which is apparently $49,049.55 according to Debtors pleading) along with financial losses suffered as a result of being required to pay interest on our underlying home mortgage (5.25%) as opposed to lower interest rates we should have been in a position to obtain but for the GMAC encumbrance.

### 8. CONCLUSION

For the above reasons, we respectfully request this Honorable Court to dismiss the ResCap Trust's Objection to our claim and to allow our claim as a full borrower claim in the amount specified. Claimant's also request the opportunity to participate by telephone in the hearing scheduled for December 16, 2015 at 10:00A.M.

Respectfully submitted,

Thomas G. Cooper
Catherine D. Cooper
PO Box 3671
Concord, NH 03302-3671

Copies sent to:

ResCap Borrower Claims Trust
Morrison and Foerster LLP
Attention: Attorneys Norman S. Rosenbaum, Jordan A Wishnew, Jessica J. Arett
250 West 55th Street, New York, NY 10019
New York, NY 10104

Office of the Unites States Trustee
Southern District of New York
U.S. Federal Office Building, 201 Varick Street, Suite 1006
Attention: Attorneys Linda A. Riffkin and Brian S. Masumoto
New York, NY 10014

ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue, 21st Floor
Attention: Attorney Daniel J. Flanigan
New York, NY 10022

**EXHIBIT A**



## BANK OF NEW HAMPSHIRE

Consumer Credit Department

A division of Banknorth, N.A.
5 Commerce Park North
Bedford, NH 03110

tel: 800-639-6665
fax: 877-362-2002

## PAY OFF ENCLOSURE

TO: GMAC HM EQ
    6716 Grade Lane Bldg 9 Ste 910C
    Louisville KY 40213

FROM: Banknorth N.A.
DATE: 05/19/2005
RE: BORROWER (S) NAME: Thomas G Cooper, Catherine D Cooper

    ADDRESS: 175 South St  Concord, NH 03301

    ACCOUNT NUMBER: 8002690840

Enclosed find an official check in the amount of $ 45,508.82 as payment in full for the above referenced account number. Please accept the signatures below as the borrower's authorization to close and terminate their rights to any future transactions on this account. Please take steps to payoff and close out this line/loan, and to discharge your mortgage (if applicable).

The undersigned also agrees to pay on demand any additional money that may be required by the holder of the above accounts in order to close this account and/or obtain a discharge of mortgage and further agree to indemnify and hold harmless the Bank from any failure of the undersigned to close these accounts or to record any discharge.

Please forward the mortgage discharge (if applicable) to the borrowers at the address listed above.

| Signature | Date |
|---|---|
| Thomas G Cooper | 05/19/2005 |
| Catherine D Cooper | 05/19/2005 |
| | |
| | |
| | |

Pay-off-Ltr.doc