
BRADLEY ARANT
BOULT CUMMINGS
LLP

Avery A. Simmons
Direct: (704) 338-6021
Fax: (704) 332-8858
asimmons@babc.com

**VIA E-MAIL:** mariloly_orozco@nysb.uscourts.gov

December 2, 2015

Honorable Judge Martin Glenn
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-4551

    RE:    *In re: Residential Capital, LLC, et al.*
            **United States Bankruptcy Court, Southern District of New York**
            **Case No.: 12-12020 (MG)**
            **Proof of Claim Nos.: 2291, 2294, 2295, 2357**

Your Honor:

Please accept this letter as the joint status update provided by Claimants Pamela Longoni, Jean Gagnon, Lacey Longoni (collectively, "Longoni") and the ResCap Borrower Claims Trust ("Trust") concerning the resolution of Proof of Claims 2291, 2294, 2295, and 2357. At the November 18 case management conference, the Court instructed counsel for Longoni and the Trust to provide a letter summarizing the status of any disputed discovery and identifying any other disputed issues that merited the Court's attention[1]. These issues are:

- The production of an email referenced in document LONG-0146 in which GMAC Mortgage's Nate Stephenson states "I am sorry I am not able to give you the contact info. I did, however, rcv an e-mail stating that the Mod had been approved yesterday, but that is all that I know. You may want to call in and see if you can get some more details."

- The production of all emails from Bradley Arant Boult Cummings LLP attorneys Michael W. Knapp and Christian W. Hancock reflecting interaction with Brett Nelson, who purchase the Longoni residence at foreclosure sale.

---

[1] At the November 18 case management conference, both parties indicated that they planned on filing summary judgment motions. As the Court indicated that summary judgment motions would not be worth pursuing, the parties have included in this letter all issues which they planned on addressing via some form of a pre-trial dispositive motion, even if that dispute is not discovery related.

Honorable Judge Martin Glenn
December 2, 2015

- Whether Longoni may take the deposition of Brett Nelson.
- Whether Longoni may take the trial deposition of Nate Stephenson.
- Whether the Trust can and should produce another witness who can answer questions that were not answered in the September 2011 30(b)(6) deposition of GMAC Mortgage, LLC.
- Whether Lacey Longoni is a proper party plaintiff.
- Whether Longoni (specifically, Pam Longoni) altered a GMAC Mortgage LLC email in order to manufacture false evidence and, if so, what are the repercussions.

Each of the above points is discussed in order below.

Regarding the first dispute, the production of the referenced email from Nate Stephenson's custodial email files, it is the position of Trust that all relevant, responsive documents have been produced. To date, the Trust has not located the email referenced in LONG-0146 and undersigned counsel for the Trust is not convinced that said email ever actually existed. In the spring of 2012, the Trust provided its counsel with the archived emails available from Nate Stephenson's Outlook folder from February through August 2009. Due to the bankruptcy stay, those emails were not processed until late summer/fall 2015. As the parties did not discuss search terms during the initial Rule 26(f) conference, counsel for the Trust searched those emails using the following disjunctive search terms: Longoni; Landon Huck; and 7440353498. All responsive, non-privileged emails that fit the above search terms were produced to counsel for Longoni, along with a corresponding privilege log. On November 17, counsel for Longoni indicated that he was not satisfied with the search terms chosen, as the alleged email may not have been captured under the terms chosen, and he has asked for the Trust to conduct another search. Counsel for the Trust is currently working with an electronic discovery vendor to review and process the emails contained in Mr. Stephenson's custodial account. Specifically, the Trust is focusing on trying to locate the June 29 or June 30 email that discusses the alleged approval for Longoni's file and is concentrating on emails in Mr. Stephenson's email folders from June 25, 2009 through July 5, 2009. In addition, counsel for the Trust has requested all emails from Landon Huck and Logan Gill's archived email folders from June through August 2009. Those emails are also being processed and will be produced if the relevant email (or any portion thereof) referenced in LONG-0146 is found.

As to the second dispute, counsel for Longoni has alleged that the Trust has not produced all responsive, non-privileged emails related to, or exchanged with, third party purchaser Brett Nelson. It is the position of the Trust that all responsive, non-privileged emails have been produced. Counsel for the Trust has engaged its third party discovery vendor to conduct a forensic search of Michael Knapp and Christy Hancock's electronic email folders using the following search terms: Brett Nelson; Bret* Nelson; brttnelson@yahoo.com; National Real Estate Services; Longoni; and 7440353498. That search is being conducted now. All responsive, non-privileged emails (to the extent not previously produced), will be provided to counsel for Longoni.

2

Honorable Judge Martin Glenn
December 2, 2015

As to the third issue, counsel for Longoni has requested to take the deposition of Brett Nelson, although this deposition would fall outside the formal discovery period. Specifically, counsel for Longoni would like to depose Mr. Nelson to refute certain testimony elicited by Longoni's counsel in the deposition of Mr. Knapp on October 30, 2015. While an immaterial issue, the Trust does not oppose Mr. Nelson's deposition.

At the November 18 case management conference, counsel for Longoni indicated that he would like to preserve the testimony of Nate Stephenson via a trial deposition. Given the fact that trial is approaching in less than two months, the Trust would oppose any deposition of Mr. Stephenson at this late date. Mr. Stephenson's identity and whereabouts have been known to Longoni's counsel since at least May 2012, which is when Mr. Stephenson signed his first declaration on Longoni's behalf. Still, Longoni did not depose him. At this point in time, the Trust would oppose any deposition and would request that Mr. Stephenson be present in the courtroom if his declaration is to be used.

Counsel for Longoni has taken issue with the Trust regarding its ability to produce a witness able to testify, in detail, to the loan modification events that took place in 2009 on the Longoni file. The original 30(b)(6) deposition for GMAC Mortgage, LLC was taken during the pendency of the Nevada action in September 2011. Longoni's counsel contends that the original 30(b)(6) witness was unable to answer certain questions. But this issue was not raised with the Court or otherwise resolved over the following 9 months preceding the bankruptcy stay. It was not until October and November of this year, long after the GMAC Mortgage employees left their employ, that Longoni took the depositions of Katie Brewer and Paul Williams—both are former employees and both appeared in their individual capacities. Given the passage of time, neither witness was able to recall specific events relevant to the Longoni loan. At this late date, any infirmities in the original 30(b)(6) testimony of which Longoni's counsel now complains are difficult to rectify. The Trust has offered to allow written deposition questions to be submitted in an attempt to remedy this issue, but Longoni's counsel has not indicated whether this is acceptable.

Lacey Longoni, the daughter of Pamela Longoni, is named as a claimant in these proceedings, with her mother acting on her behalf. Lacey, however, was never a borrower or mortgagor on the subject loan, and thus she never had standing to sue. Also, Lacey is now past the age of majority, and has made no appearance of her own volition. Given this, the Trust would posit that she is not a proper plaintiff and that any claims by Lacey Longoni (or asserted on her behalf), be stricken.

Finally, the Trust would request some form of repercussion on the basis of the altered email from Ms. Longoni. The Trust can make a pre-trial submission on this matter or address same at trial. As detailed in prior briefs to this Court, it is the position of the Trust that Ms. Longoni altered an August 3, 2009 email from Nate Stephenson and provided it to employees of GMAC Mortgage, LLC on August 24, 2009. When questioned about this during her deposition, Ms. Longoni was

3

Honorable Judge Martin Glenn
December 2, 2015

---

unable to offer an explanation for the altered state of the document. Given the statements in the response to the Objection to Proof of Claim, and her accompanying declarations and affidavits, the Trust believes that this constitutes fraud upon the court and that dismissal or limitation of Ms. Longoni's claims is an appropriate sanction.

The parties are available to discuss at your convenience, to the extent that is needed.

Sincerely,

Avery A. Simmons

cc:  Thomas P. Beko, Esq. *(via email)*
Stewart M. Cox *(via email)*
Jordan A. Wishnew *(via email)*