**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Jointly Administered |

**ORDER REGARDING PRETRIAL PROCEEDINGS CONCERNING CLAIM**
**NUMBERS 2291, 2294, 2295, AND 2357**
**FILED BY PAMELA D. LONGONI AND JEAN GAGNON**

*A P P E A R A N C E S :*

BRADLEY ARANT BOULT CUMMINGS LLP
*Attorneys for the ResCap Liquidating Trust*
100 N. Tryon Street
Suite 2690
Charlotte, North Carolina 28202
By:    Avery Ann Simmons, Esq.

ERICKSON, THORPE & SWAINSTON, LTD.
*Attorneys for Pamela D. Longoni, Lacey*
*Longoni, and Jean M. Gagnon*
P.O. Box 3559
Reno, Nevada 89505
By:    Thomas P. Beko, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The ResCap Borrower Claims Trust (the "Trust") has objected to Claim Numbers 2291,

2294, 2295, and 2357 (the "Claims") filed by Pamela D. Longoni ("Longoni"), individually and

on behalf of her daughter, Lacey Longoni, as well as Longoni's former partner, Jean Gagnon

("Gagnon," and together with Longoni and Lacey Longoni, the "Claimants").  The Court

previously sustained in part and overruled in part the Trust's objection to the Claims, resulting in

a contested matter scheduled for trial on January 25, 2016.  Under the Case Management and

Scheduling Order entered on July 16, 2015 (ECF Doc. # 8903), all fact discovery was required to

be concluded on or before November 13, 2015.  On November 18, 2015, the Court held a Case

Management Conference, and pursuant to the Court's direction at the conference, counsel

submitted a joint status letter, dated December 2, 2015 ("Status Letter," ECF Doc. # 9381),

addressing certain discovery and other pretrial issues that remain in dispute.  This Order

addresses issues that the parties have been unable to resolve without further direction from the

Court.

With respect to the search for and production of additional emails described in the Status

Letter as the "first" and "second" disputes, the Court is satisfied that the Trust's counsel is

undertaking appropriate steps to locate additional responsive emails, if any exists.  If the email

referenced in LONG-0146 is not located and produced, the Court leaves open the issue of what,

if any, inferences may be drawn at trial from the failure to produce the document.

Longoni's counsel requests to take the deposition of Brett Nelson; the Trust does not

oppose the request.  Nelson's deposition may be taken at a mutually convenient date on or before

January 13, 2016.  The deposition testimony shall not exceed four hours in length, evenly

divided between the parties.

Longoni's counsel requests to take the deposition of Nate Stephenson, to preserve the

testimony for use at trial.  The Trust's counsel objects to the request.  The Court overrules the

objection.  Stephenson's deposition testimony may be taken at a mutually convenient date on or

before January 13, 2016.  The deposition testimony shall not exceed four hours in length, evenly

divided between the parties.

Longoni's counsel requests permission to take a Rule 30(b)(6) deposition of GMAC

Mortgage, LLC.  The Trust's counsel objects to the request.  The request is untimely so the

objection is sustained.

The Trust's counsel argues that Lacey Longoni, on whose behalf her mother, Pamela Longoni, filed a claim, does not have standing to sue because she was never a borrower or mortgagor, and has now reached the age of majority and has not made an appearance on her own behalf.  The Trust did not previously move to dismiss Lacey Longoni's claims for lack of standing.  The Court will not entertain a further motion to dismiss before trial.  With respect to the intentional infliction of emotional distress claim, it is not clear whether Lacey Longoni had to be a borrower or mortgagor to have standing to assert this claim.  The parties should address the standing issues in their pretrial briefs.  The Court will resolve this issue, if necessary, following trial.

The Trust's counsel has raised again Pamela Longoni's alleged alteration of evidence, specifically with respect to an August 3, 2008 email from Nate Stephenson.  The Trust's counsel may attempt to impeach Pamela Longoni's trial testimony based on alleged fabrication of evidence.  In addition, that email is relevant and material to the issues in dispute (and not just with respect to the witness's character for truthfulness).  Therefore, the Court will permit the Trust to offer extrinsic evidence of alleged fabrication.  The Court concludes that, in these circumstances, Federal Rule of Evidence 608(b) does not make inadmissible extrinsic evidence offered to prove fabrication.  Based on the trial record, the Court will, if necessary, entertain a post-trial motion for sanctions.

**IT IS SO ORDERED.**

Dated:    December 4, 2015
              New York, New York


              ____/s/Martin Glenn_____
                     MARTIN GLENN
              United States Bankruptcy Judge