# **Exhibit A**

**Tamarro Diligence Response**

# ResCap

**Sent/Received**

JUN 17 2013

To _____
By _____ KT

# MORRISON | FOERSTER

## Claim Information

| Claim Number | 2526 |
|---|---|
| **Basis of Claim** <br><br> Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | They sent me a trial modification. I paid it on time. They sent me a foreclosure letter?? (see attached) <br><br> They never deducted incentive payments as stated in agreement <br><br> Over $29,000 — was added to my original principal. <br><br> GMAC would not work with me until I got a lawyer involved. I tried for a couple of years & they would just pass the phone around. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | ████████ 3900 |
|---|---|
| Address of property related to the above loan number: | 24 Pleasant St |
| City: Everett | State: MA | ZIP Code: 02149 |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC   P.O. Box 385220   Bloomington, MN  55438

Claim Number: 2526
Lori E. Tammaro aka Lori E Pesce

12-12020-mg    Doc 9396-2    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl.
Exhibit A (Part 1)    Pg 4 of 18

#2526

Claim #2526  Date Filed: 11/6/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
#12-12020 (MG) ResCap GMAC Mortgage

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Lori E. Tammaro AKA Lori E Pesce

Name and address where notices should be sent:
Lori Tammaro
24 Pleasant St
Everett, MA 02149

Telephone number: 617.548.5674    email: lori02149@yahoo.com

Name and address where payment should be sent (if different from above):
same

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $30,000 plus $45,000

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Wrongful fee added - $1,000/month credit to principal for on time payments
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 3900

3a. Debtor may have scheduled account as: Lori E. Pesce
(See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $300,000    Annual Interest Rate 2 - 5.125 % ☐ Fixed ☑ Variable for 5 years
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $30,000    Basis for perfection: _____

Amount of Secured Claim: $ all    Amount Unsecured: $ _____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: All loan modification docs on file w/GMAC account

9. Signature: (See instruction #9) Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
    (Attach copy of power of attorney, if any.)    their authorized agent.    indorser, or other codebtor.
    (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Lori Tammaro
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
same

Telephone number: _____    Email: _____

(Signature) Lori Tammaro  (Date) 11.1.12

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ 45,000 —

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

RECEIVED
NOV 0 6 2012
KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18

1212020121106000000000043

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000133

PRF # 58469***
Case No.: 12-12020
Svl 1

PackID: 133
NameID: 11079611

Lori E. Tammaro aka Lori E Pesce
Lori Tammaro
24 Pleasant St
Everett, MA 02149

001KC0002_58469_domestic_243/000133/000529

12-12020-mg   Doc 9396-2   Filed 12/11/15   Entered 12/11/15 15:25:08   Decl.
Exhibit A (Part 1)   Pg 6 of 18

Decl. 2526

Investor Loan # **0125703900**

# HOME AFFORDABLE MODIFICATION PROGRAM
# LOAN WORKOUT PLAN
## (Step One of Two-Step Documentation Process)

Loan Workout Plan Effective Date: 07/01/2009
Borrower ("I")[1]: LORI PESCE
Lender ("Lender"): **GMAC Mortgage, LLC**
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 10/29/1999
Loan Number: ▬▬▬3900
Property Address ("Property"): 24 PLEASANT STREET  EVERETT MA 02149

If I am in compliance with this Loan Workout Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. **My Representations**. I certify, represent to Lender and agree:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am providing or already have provided documentation for **all** income that I receive (except that I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

E. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F. If Lender requires me to obtain credit counseling, I will do so.

G. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Plan.

2. **The Loan Workout Plan.** On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items (where not prohibited by law), including real estate taxes, insurance premiums and other fees, if any, of U.S. $ 581.58.

| 1. | 07/01/2009 | $ 814.47 |
| 2. | 08/01/2009 | $ 814.47 |
| 3. | 09/01/2009 | $ 814.47 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the date of this Plan and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A. TIME IS OF THE ESSENCE under this Plan;

B. Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived unless prohibited by law;

C. If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D. The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents and are not prohibited by law;

F. If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me;

HOME AFFORDABLE MODIFICATION PROGRAM – LOAN WORKOUT PLAN

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/29/09

LORI PESCE

24 PLEASANT STREET
EVERETT    MA 02149

RE:    Account Number        ▮6900
       Property Address    24 PLEASANT STREET
                           EVERETT    MA 02149

Dear    LORI PESCE

PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Enclosed please find official check number 510032837-5 in amount of $814.47. These funds do not represent the full amount due to reinstate your account at this time.

Your account has been transferred to our attorney to begin foreclosure proceedings. Additional fees and costs have incurred. If it is your intent to reinstate your account in full, please contact the attorney below for the reinstatement amounts. Only the correct amount in the form of certified funds will be acceptable.

   HARMON LAW OFFICES PC
   150 California St
   Newton MA 02458
   617-558-8400

If you cannot afford to reinstate your mortgage, there may be alternatives available to help you avoid foreclosure. Contact the Loss Mitigation Department at GMAC Mortgage, LLC immediately at 888-714-4622 to discuss these options.

Foreclosure Department
Loan Servicing

7:53

*The correct payment was made on time per the trial period agreement. They try to send it back to foreclosure???*

## Important Workout Information

- **NO FEES.** There are no fees under the Workout Plan.

- **WORKOUT PLAN/MODIFICATION AGREEMENT.** The Workout Plan is the first step. Once we are able to finalize your modified loan terms, we will send you a loan modification agreement ("Modification Agreement"), which will reflect the terms for your modified loan. In addition to successfully completing the Trial Period, you will need to sign and **promptly return both copies of the Modification Agreement to us or your loan will not be modified.**

- **NEW PRINCIPAL BALANCE.** All past due amounts at the end of the Trial Period, including unpaid interest, real estate taxes, insurance premiums and/or certain third party assessments, will be added to your existing mortgage loan balance (the "Past Due Arrearage Amount"). **If you fulfill the terms of the Trial Period including, but not limited to, making all Trial Period payments and executing of the Modification Agreement, we will waive ALL unpaid late charges at the end of the Trial Period.**

- **ESTIMATED MONTHLY PAYMENT.** At this time, we are not able to calculate precisely the Past Due Arrearage Amount or the amount of your modified monthly loan payment after successful completion of the Trial Period. However, based on information we currently have, your Trial Period payment should be a close approximation your modified monthly loan payment. At the end of the Trial Period, we will calculate all past due amounts to determine your new modified monthly payment.

- **ESCROW ACCOUNT.** The terms of your Workout Plan and Modification Agreement require us to create an escrow account (where not prohibited by law) for payment of your property taxes, insurance premiums and other fees by setting aside a portion of your new monthly payment. Your current loan may already have an escrow account. If it does not, the previous Waiver of Escrows is cancelled under this new Workout Plan. *GMAC Mortgage, LLC* will use this newly created account to pay your real estate taxes and insurance premiums when due. Please note that your tax and insurance payments may adjust annually, and as a result so may the corresponding amount of your monthly payment placed in escrow, as permitted by law. Your initial monthly escrow payment will be $ 581.58.

- **ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $ 3,707.81. This shortage has been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now, please send the check to** GMAC Mortgage, LLC, PO Box 79162, Phoenix AZ 85062-9162.

- **TIMELY PAYMENT INCENTIVE.** If the Workout Plan reduces your monthly mortgage payment (including principal, interest, property taxes, hazard insurance, flood insurance, condominium association fees and homeowner's association fees, as applicable, but excluding mortgage insurance) by a minimum of six (6%) percent and you make timely monthly mortgage payments, you will be eligible to receive a monthly benefit equal to the lesser of: (i) $83.33 or (ii) one-half of the reduction in your monthly mortgage payment. So long as your mortgage loan payment is not more than 90 days delinquent, we will apply the accrued monthly benefit to reduce your mortgage loan's principal balance. This benefit will be paid for five years (from the effective date of the Trial Period) so long as you are not terminated from the Workout Plan.

    *[handwritten: They never deducted this at all.]*

- **CREDIT COUNSELING.** Where your debt to income ratio is at or above 55%, you must provide us with a letter indicting that you will seek credit counseling from a HUD-approved counseling agency.

HOME AFFORDABLE MODIFICATION PROGRAM – LOAN WORKOUT PLAN

12-12020-mg    Doc 9396-2    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl.
Exhibit A (Part 1)    Pg 10 of 18

Decl. #2526

## SUMMARY
Here is a summary of your modified mortgage.

*[Handwritten annotation: GMAC did not waive any amount after the trial period]*

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**TERM EXTENSION.** To reduce your mortgage payment, we will extend the term of your mortgage. This means we will spread your payments over a longer period.

*[Handwritten annotation: This amount was added in. They did not take any amount off of my original principal]*

**DEFERRAL OF PRINCIPAL.** To further reduce your mortgage payment, we will defer collection of and not collect interest on $29113.23 of your outstanding principal. You will not be required to make monthly payments on that portion. This portion of principal will be due when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due.

**PRINCIPAL FORGIVENESS.** To further reduce your mortgage payment, we will forgive a portion of your outstanding principal equal to $0.00. You will never be required to repay this amount. However, there could be income tax consequences related to this forgiveness, and you should consult a tax advisor.

*[Handwritten annotation: They did not forgive any of the principal as stated in the making homes affordable]*

*[Handwritten annotation: This amount should have been deducted from principal. It was not!!]*

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. GMAC Mortgage, LLC will draw on this account to pay your real estate taxes and insurance premiums, including mortgage insurance premiums, if applicable, as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that GMAC Mortgage, LLC must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $643.38. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

*[Handwritten annotation: The added to it with no explanation]*

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $3,707.81. You may pay this amount over a 5 year (60 months) period. This monthly payment has already been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now, please send the check to GMAC Mortgage, LLC, PO Box 79162, Phoenix AZ 85062-9162. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.**

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period.

**FEES.** There are no fees or other charges for this modification.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at [800-766-4622].

*[Handwritten annotation: $1,000/month should have been credited after trial period]*

**BORROWER INCENTIVE.** As long as your mortgage loan does not become 90 days delinquent, we will apply your accrued monthly benefit to your mortgage loan and reduce your principal balance after each of the first through fifth anniversaries of the month in which the Trial Period Plan is executed. If your modified mortgage loan ever becomes 90 days delinquent, you will lose all accrued but unapplied principal reduction benefits and will no longer be eligible to accrue additional principal reduction benefits even if the mortgage loan is later brought current.


Investor Loan #  5153

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

This document was prepared by GMAC Mortgage, LLC

_____[Space Above This Line For Recording Data]_____

## MODIFICATION AGREEMENT

Borrower ("I"): LORI PESCE
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 10/29/1999
Loan Number: █████ 8900
Property Address *[and Legal Description if recordation is necessary]* ("Property"): 24 PLEASANT STREET   EVERETT MA 02149

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on on  with Instrument Number in Book  and/or Page number  of the real property records of MIDDLESEX County, MA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 24 PLEASANT STREET   EVERETT MA 02149, which real property is more particularly described as follows:  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations**. I certify, represent to Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  I live in the Property as my principal residence, and the Property has not been condemned;
    C.  There has been no change in the ownership of the Property since I signed the Loan Documents;
    D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

---

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F. If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;

G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A. TIME IS OF THE ESSENCE under this Agreement;

B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 9/1/2049 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 10/1/2009.

A. The new Maturity Date will be: 9/1/2049.

B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be 56592.02 (the "New Principal Balance").

*[handwritten: I don't know where they got this figure.]*

C. $29563.26 of the New Principal Balance shall be deferred (the Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The new Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $56592.02. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 9/1/2009 and the first new monthly payment on the Interest Bearing Principal will be due on 10/1/2009. My payment schedule for the modified Loan is as follows:

*[handwritten: This was the original principal balance. The did not deduct anything.]*

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 2.000% | 9/1/2009 | $171.37 | $643.38, adjusts annually after year 1 | $814.75, adjusts annually after year 1 annually after year 1 | 9/1/2049 | 9/1/2014 |
| 3.000% | 9/1/2014 | 199.1 | Adjusts Annually | Adjusts Annually | 10/1/2014 | 9/1/2015 |
| 4.000% | 9/1/2015 | 228.36 | Adjusts Annually | Adjusts Annually | 10/1/2015 | 9/1/2016 |


| | | | | | | |
|---|---|---|---|---|---|---|
| 5.000% | 9/1/2016 | 258.93 | Adjusts Annually | Adjusts Annually | 10/1/2016 | 10/1/2017 |
| 5.125% | 9/1/2017 | 262.8 | Adjusts Annually | Adjusts Annually | 10/1/2017 | 9/1/2049 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.
B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.
C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents, except that the Note, and the payment obligation created thereunder, are not enforceable against me personally.
G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.
H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Agreement may not, under

any circumstances, be assigned to, or assumed by, a buyer of the Property.
I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provisions is null and void.

In Witness Whereof, the Lender and I have executed this Agreement.

(Seal) *Lori Pesce*
LORI PESCE

Witness: [signature]

Date: 10-23-09

Print Name: Smita Das

(Seal) _____

Witness: [signature] Theodossiv

Date: _____

Print Name: Marie-Constance THEODOSSIOU

(Seal) _____

Witness: _____

Date: _____

Print Name: _____

(Seal) _____

Witness: _____

Date: _____

Print Name: _____

_____[Space Below This Line For Acknowledgement]_____

**BORROWER ACKNOWLEDGMENT**

State of Massachusetts
County of Suffolk

On this 23rd day of October, 2009 before me undersigned, a Notary Public in and for said county and state, personally appeared LORI PESCE, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public: [signature]
My commission Expires: [stamp]

BRIANA G. ROJAS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 26, 2014

12-12020-mg    Doc 9396-2    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl.
Exhibit A (Part 1)    Pg 15 of 18

#2526

GMAC Mortgage, LLC

By: _____

Date _____


**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as _____ of GMAC Mortgage, LLC, said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

                                                Notary Public
                                                My Commission Expires: _____

#2526

Date:  9/16/2009                                              Loan#            3900

Borrower's Name:   LORI PESCE

Lender's Name and Address:  GMAC Mortgage, LLC
                             1100 Virginia Drive
                             Fort Washington, PA  19034

## IMPORTANT INFORMATION ABOUT
### YOUR LOAN MODIFICATION WHICH FEATURES A BALLOON PAYMENT
Please Read Carefully

This disclosure describes the features of your loan modification.

**How Is Your Interest Rate and Initial Payment Determined?**

- According to your mortgage payment calculated for long-term affordability, your modified loan will now be a balloon mortgage.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
    - the interest rate reflected in the agreement;
    - the current balance of the loan; and
    - the remaining term \ amortization period of the loan.

Your new monthly payment of principal and interest will be calculated based on an amortization schedule of months, and your loan will have a term of months. Although your new payment will be sufficient enough to substantially pay down your loan balance, a balloon payment in the amount of $29563.26 will be due when the term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

**How Your Monthly Payment Can Change- Balloon Payment**

You will be notified in writing at least 90 but not more than 120 days before the date the balloon payment is due. This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the balloon payment, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

THE MODIFIED TERM OF THE LOAN IS  MONTHS AS A RESULT, YOU WILL BE REQUIRED TO PAY THE ENTIRE REMAINING UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST OWING WHEN THE TERM OF YOUR LOAN EXPIRES, OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN.  YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

12-12020-mg    Doc 9396-2    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl. Exhibit A (Part 1)    Pg 17 of 18

#2526

Example of Balloon Payment

- <<Amortization Extension and Principal Deferment>> The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Unpaid Loan Balance at Time of Modification | $100,000 |
| Loan Balance That Does Not Accrue Interest (Amount Forborne) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Interest Rate | 7.7500% |
| Remaining Loan Term | 20 years |
| Remaining Amortization Schedule | 40 years |
| Monthly Principal and Interest Payment | $498.55 |
| Balloon Payment Due | $94,115.71 |

In the example above, the outstanding loan balance of $94,115.71 would be due and payable at the end of 20 years, which represents the unpaid loan amount resulting from the extended amortization and the $25,000 of loan balance that did not accrue interest.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFIY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

_10·23·09_         _Lori Pesce_
Date                    LORI PESCE

_____          _____
Date

_____          _____
Date

_____          _____
Date

ett, MA 02149

Residential Capital, LLC
P.O. Box 385220
Bloomington, Minn. 55438