**Exhibit F**

Identifier ████3900  Doc Type:LMOD

12-12020-mg    Doc 9396-8    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl.
Exhibit F    Pg 2 of 7

Investor Loan # ████5153

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

This document was prepared by GMAC Mortgage, LLC

4901325Z A _____[Space Above This Line For Recording Data]_____

# MODIFICATION AGREEMENT

Borrower ("I"): LORI PESCE
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 10/29/1999
Loan Number: ████3900
Property Address *[and Legal Description if recordation is necessary]* ("Property"): 24 PLEASANT STREET   EVERETT MA 02149

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument), dated the same date as the Note, and if applicable, recorded on on  with Instrument Number in Book  and/or Page number  of the real property records of MIDDLESEX County, MA.  Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 24 PLEASANT STREET   EVERETT MA 02149, which real property is more particularly described as follows:  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

---

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we) and vice versa where appropriate.

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F. If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;

G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. TIME IS OF THE ESSENCE under this Agreement;

    B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 9/1/2049 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 10/1/2009.

    A. The new Maturity Date will be: 9/1/2049.

    B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be 56592.02 (the "New Principal Balance").

    C. $29563.26 of the New Principal Balance shall be deferred (the Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The new Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $56592.02. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 9/1/2009 and the first new monthly payment on the Interest Bearing Principal will be due on 10/1/2009. My payment schedule for the modified Loan is as follows:

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 2.000% | 9/1/2009 | $171.37 | $643.38, adjusts annually after year 1 | $814.75, adjusts annually after year 1 annually after year 1 | 9/1/2049 | 9/1/2014 |
| 3.000% | 9/1/2014 | 199.1 | Adjusts Annually | Adjusts Annually | 10/1/2014 | 9/1/2015 |
| 4.000% | 9/1/2015 | 228.36 | Adjusts Annually | Adjusts Annually | 10/1/2015 | 9/1/2016 |

| 5.000% | 9/1/2016 | 258.93 | Adjusts Annually | Adjusts Annually | 10/1/2016 | 10/1/2017 |
| 5.125% | 9/1/2017 | 262.8 | Adjusts Annually | Adjusts Annually | 10/1/2017 | 9/1/2049 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.
   B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.
   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
   E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents, except that the Note, and the payment obligation created thereunder, are not enforceable against me personally.
   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.
   H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Agreement may not, under

any circumstances, be assigned to, or assumed by, a buyer of the Property.
I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provisions is null and void.

In Witness Whereof, the Lender and I have executed this Agreement.

(Seal) *Lori Pesce*
LORI PESCE

Date 10-23-09

Witness: *[signature]*
Print Name: SMITA DAS

(Seal) _____
Date _____

Witness: *[signature]*
Print Name: Marie-Constance THEODOSSIA

(Seal) _____
Date _____

Witness _____
Print Name _____

(Seal) _____
Date _____

Witness _____
Print Name _____

_____[Space Below This Line For Acknowledgement]_____

**BORROWER ACKNOWLEDGMENT**

State of Massachusetts
County of Suffolk

On this 23rd day of October, 2009 before me undersigned, a Notary Public in and for said county and state, personally appeared LORI PESCE, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public
My commission Expires: [signature/stamp]

BRIANA GORGAS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 26, 2014

Date:   9/16/2009                                              Loan#  ████ 8900

Borrower's Name:   LORI PESCE

Lender's Name and Address:   GMAC Mortgage, LLC
                             1100 Virginia Drive
                             Fort Washington, PA  19034

## IMPORTANT INFORMATION ABOUT
## YOUR LOAN MODIFICATION WHICH FEATURES A BALLOON PAYMENT
Please Read Carefully

This disclosure describes the features of your loan modification.

**How Is Your Interest Rate and Initial Payment Determined?**

- According to your mortgage payment calculated for long-term affordability, your modified loan will now be a balloon mortgage.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
    - the interest rate reflected in the agreement;
    - the current balance of the loan; and
    - the remaining term \ amortization period of the loan.

Your new monthly payment of principal and interest will be calculated based on an amortization schedule of         months, and your loan will have a term of       months.  Although your new payment will be sufficient enough to substantially pay down your loan balance, a balloon payment in the amount of $29563.26  will be due when the term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

**How Your Monthly Payment Can Change- Balloon Payment**

You will be notified in writing at least 90 but not more than 120 days before the date the balloon payment is due.  This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the balloon payment, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

THE MODIFIED TERM OF THE LOAN IS  MONTHS AS A RESULT, YOU WILL BE REQUIRED TO PAY THE ENTIRE REMAINING UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST OWING WHEN THE TERM OF YOUR LOAN EXPIRES, OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN.  YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

Example of Balloon Payment

- <<Amortization Extension and Principal Deferment>> The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Unpaid Loan Balance at Time of Modification | $100,000 |
| Loan Balance That Does Not Accrue Interest (Amount Forborne) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Interest Rate | 7.7500% |
| Remaining Loan Term | 20 years |
| Remaining Amortization Schedule | 40 years |
| Monthly Principal and Interest Payment | $498.55 |
| Balloon Payment Due | $94,115.71 |

In the example above, the outstanding loan balance of $94,115.71 would be due and payable at the end of 20 years, which represents the unpaid loan amount resulting from the extended amortization and the $25,000 of loan balance that did not accrue interest.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

_10·23·09_     _Lori Pesce_
Date                  LORI PESCE

_____     _____
Date                                              Date

_____     _____
Date                                              Date