# **Exhibit I**

12-12020-mg    Doc 9396-11    Filed 12/11/15    Entered 12/11/15 15:25:08    Decl.
Exhibit L    Pg 2 of 8

Claim #6270   Date Filed: 11/9/2012

B 10 Modified (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor: RESIDENTIAL CAPITAL LLC / GMAC MORTGAGE, LLC   Case Number: 12-12020 (MG) et al / 12-12023 (MG) et al

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A request for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (s) (the person or other entity to whom the debtor owes money or property):
THOMAS G. COOPER AND CATHERINE D. COOPER

NameID: 10969345

Name and address where notices should be sent:
THOMAS G. COOPER
CATHERINE D. COOPER
PO BOX 3671
~~[redacted]~~
Concord, NH 03302-3671

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _(if known)_
Filed on:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 50,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** HOME EQUITY - FAILURE TO ACCOUNT FOR PAYMENTS
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 0840
   3a. Debtor may have scheduled account as: N/A
   3b. Uniform Claim Identifier (optional): N/A

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ 262,905   Annual Interest Rate ___% ☐ Fixed ☒ Variable (when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ —
Basis for perfection: ___
Amount of Secured Claim: $ 50,000.00   Amount Unsecured: $ ___

**RECEIVED DEC 03 2012 KURTZMAN CARSON CONSULTANTS**

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority: $ ___

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
UNKNOWN - GMAC HAS NOT PROVIDED ACCOUNTING AS REQUESTED BY THE PARTIES (SEE LETTER)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: DEBTOR HAS NOT PROVIDED (see letter)

9. **Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor(s).   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: CATHERINE D. COOPER / THOMAS G. COOPER
Title: CREDITORS
Company:
_(signature)_ 10/28/12

Address and telephone number (if different from notice address above):
PO BOX 3671
CONCORD, NH 03302-3671
603-496-2452

November 9, 2012

Vito Genna, Esquire
Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

        RE:  In Re: Residential Capital, LLC, et al, Debtors
        **Case No. 12-12020 (MG) Chapter 11**
        Notice of Claim:  **GMAC Mortgage, LLC**
        Catherine Dube Cooper and Thomas G. Cooper

## Hand Delivered Duplicate Originals Of Claim Lost By Federal Express

Dear Clerk Genna:

    Enclosed are duplicate originals of our Proof of Claim and supplemental materials which we sent by Federal Express on October 30, 2012 with a guaranteed delivery date of November 2, 2012.  We were never notified by Federal Express that these materials were not delivered to your offices.  We discovered that this Proof of Claim had not been delivered on the afternoon of November 8, 2012 and attempted over the course of 8 hours and numerous phone calls to arrange for Federal Express to deliver the package.  We initially were advised that the package would be delivered to your offices prior to the November 9, 2012 deadline in a timely manner.  Subsequently, and, despite our repeated requests, Federal Express personnel and management refused to deliver the package.  We have driven to the White Plains office of the Court earlier this morning to deliver the documents in order to be in compliance with your deadlines.  Thank you for your consideration.

                              Sincerely yours,

                              Catherine D. Cooper
                              Thomas G. Cooper
                              PO Box 3671
                              Concord, NH  03302-3671

Cc:   Morrison and Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Gary S. Lee    Lorenzo Marinuzzi

ResCap Claims Processing Center, c/o KCC
PO Box 5004
Hawthorne, CA 90250

GMAC Mortgage, LLC
3451 Hammond Ave
PO Box 780
Waterloo, Iowa 50704-0780

October 28, 2012

Vito Genna, Esquire
Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York  10004

        RE:  In Re: Residential Capital, LLC, et al, Debtors
        **Case No. 12-12020 (MG) Chapter 11**
        Notice of Claim:  **GMAC Mortgage, LLC**
        Catherine Dube Cooper and Thomas G. Cooper

**MAILED CERTIFIED/RETURN RECEIPT**

Dear Clerk Genna:

    We are mortgagors of GMAC Mortgage, LLC, one of the listed debtors in the above-captioned matter as outlined in records at the United States Bankruptcy Court, and as noticed by Residential Capital, LLC (hereinafter RESCAP).  We have been attempting to obtain from GMAC Mortgage, LLC (hereinafter GMAC) copies of all origination loan documents, including all federally required disclosures, surrounding the transaction which occurred during the spring of 2005.  We have also been requesting a complete accounting of all monies we have paid to GMAC for the entire time the HELOC Mortgage account has been outstanding with them.

    In sum, GMAC has not provided us with the complete and full accounting as requested (see Exhibit 1).  The deadline for filing a Proof of Claim expires on November 9, 2012.  We do not want to be foreclosed from asserting a claim based on what we believe may been incompetent practices, at best; or, at worst, deceptive, abusive, and predatory lending practices on the part of RESCAP, or its agent, GMAC.  Truth in lending must occur from the beginning of the transaction, during the period of time the HELOC was opened, in computing the amount of payments received and/or credited to our account, and, improper recording or failure to record various instruments at the appropriate registry of deeds in New Hampshire.

    We are writing to you at this time to preserve our rights under the above-captioned proceeding and to advise you of actions we will be undertaking with respect to payments to GMAC until this matter is resolved.  We file herewith a Proof of Claim in accordance with the rules of your court.

It is also noteworthy that despite their documented debtor status, RESCAP and GMAC contradict their bankruptcy status and partnership in these restructuring proceedings. Presumably the Trustee is gathering and managing the assets of the various entities involved, including GMAC and it is upon that reliance that we must depend and will await a determination of the court.

In addition to filing Proof of Claim, we have advised GMAC that we will commence making payment of at least the monthly minimum payment in to an escrow account at a bank here in New Hampshire and will not encumber any of those funds until we get some specific direction from your Honorable Court and/or Designated Trustee to do differently. We are taking this action to preserve the both the integrity of the process and our own prospective legal rights and claims, based on the action which has been instituted at the Bankruptcy Court for the Southern District of New York. We will rely exclusively upon orders issued by the court.

Lastly, any action by GMAC as a debtor further denies us the ability to fully and fairly modify our current loans as eligible borrowers under Government sanctioned programs. This will have a significant negative impact on our ability to improve our financial makeup due to their negligent conduct. It is indisputable that as of the date we are sending this letter to the court, we have made every single payment to GMAC and to all other lien holders on our property in a timely and complete fashion. With mortgage modification rates at a historic low, it is also indisputable that their mismanagement will cause irreparable harm regardless of the outcome of this bankruptcy proceeding upon individual borrowers.

We realize we are a very small piece of a very large proceeding pending in your Court. However, the GMAC mortgage is a critical component involving our home where we have lived and raised our daughters for over 30 years in a small town in New Hampshire. I know that you can appreciate how important this issue is to us and our family.

Sincerely yours,

Catherine D. Cooper
Thomas G. Cooper
PO Box 3671
Concord, NH  03302-3671

Cc: Morrison and Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Gary S. Lee    Lorenzo Marinuzzi

ResCap Claims Processing Center, c/o KCC
PO Box 5004
Hawthorne, CA 90250

GMAC Mortgage, LLC
3451 Hammond Ave
PO Box 780
Waterloo, Iowa 50704-0780

Exhibit #1

October 18, 2012

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, Iowa 50704-0780

**RE: Account ▇▇▇▇0840;**
**Property Address: 175 South Street Concord, NH 03301**

To Whom It May Concern:

I am writing to follow up my earlier telephone conversations and requests for information regarding the above loan. I have been requesting copies of all loan documents including the Promissory Note, HUD Settlement Statement, Mortgage, Mortgage Discharge (if any) and related materials since early September 2012. I have sent e-mails to the GMAC web site. I have also initiated two telephone calls with GMAC representatives regarding this information and also to request information regarding the Bankruptcy Court notices we have been receiving which lists us as both a creditor and debtor of your company.

I recently received a copy of the Agreement and Disclosure Statement dated August 25, 2003 but **no other materials**. Two days ago I received under separate cover a printout of payments we have made on this account from October 9, 2009 to September 2012. For nearly two months I have been requesting a payment history on this account covering the period **September 2003 to the present**. Earlier today I spoke with Alisha (Employee ID#3779) to review the details of this letter. She has assured me that all of the materials I have been requesting will now be provided once she opens up a "new work order." She advised that I should received requested materials no later than November 1, 2012.

She also advised me that GMAC, LLC is not part of the Proceedings (**In re: Residential Capital, LLC, et al Case No. 12-12020(MG)** pending in the United States Bankruptcy Court Southern District of New York. This is concerning to me as I have been sent a flurry of mailings from the Court indicating that GMAC is an active part of the proceedings and that I am listed on it's schedule of creditors and debtors. I have been attempting to get the information from GMAC in order to be in a position to timely file paperwork with the Bankruptcy Court by the November 8, 2012 deadline.

It is absolutely crucial that I receive the information from your company no later than November 1, 2012. Further, would you please advise as to whether I should be sending payments on this account to GMAC, or the Bankruptcy Court. Thank you.

Thomas G. Cooper (603) 496-5997
PO Box 1073
Salem, NH 03079