**Hearing Date:  January 21, 2016 at 10:00 a.m. (ET)**
**Response Deadline:  January 4, 2016 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRFUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                             )    Chapter 11
                                                                     )
                                               Debtors.              )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF**
**CLAIM NO. 3695 FILED ON BEHALF OF ROSALIND ALEXANDER-KASPARIK**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION, VENUE, AND STATUTORY PREDICATE ...................................................4

BACKGROUND ...................................................................................................................4

    I.      Overview ................................................................................................4

    II.     Background of the Claim ..........................................................................5

        A.      The Loan and the Property ....................................................5

        B.      The First Loan Modification ...................................................7

        C.      Default on the Modified Loan .................................................7

        D.      Claimant's KYHC Application .................................................8

        E.      The California Action and the Superior Court Order .............................10

RELIEF REQUESTED .........................................................................................................13

OBJECTION .....................................................................................................................13

    I.      The Claim Is Barred by Collateral Estoppel...........................................................14

        A.      The California Superior Court Decided Identical Issues in the California Action .................................................................15

        B.      Each of the Causes of Action Asserted in the Claim Was Actually Litigated in the California Action.............................................16

        C.      Each of the Causes of Action Asserted in the Claim Was Necessarily Decided in the California Action .........................................16

        D.      The California Action Terminated with a Final Judgment on the Merits........................................................................16

        E.      The Claimant Was Party to the California Action...................................17

        F.      Public Policy Supports the Application of Collateral Estoppel to Bar the Claim Against GMAC Mortgage .................................17

    II.     The Claim Fails on the Merits ............................................................................17

        A.      Applicability of Federal Pleading Standards ............................................17

        B.      The Claim Fails as a Matter of Law Because Claimant Fails to Identify Any Representation Made by GMAC Mortgage ........................18

    III.    Other Grounds For Disallowance .........................................................................20

        A.      GMAC Mortgage Owes No Fiduciary Duties to Claimant .....................20

        B.      GMAC Mortgage Did Not Receive an Unjust Benefit from Claimant ........................................................................21

# TABLE OF CONTENTS
(continued)

**Page**

C.     Oral Contracts Relating to Real Property Are Unenforceable Under California's Statute of Frauds ................................................................. 22

D.     Claimant Cannot Maintain an Action to Quiet Title Where She Has Failed to Demonstrate an Ability to Tender All Amounts Borrowed ...... 23

E.     California Civil Code Section 2923.6 Does Not Grant Claimant a Right to a Loan Modification ................................................................. 23

F.     Relief Provided by the UCL Is Limited to Injunctive Relief and Restitution, Neither of Which Are Available to Claimant ...................... 23

NOTICE .......................................................................................................................... 25

CONCLUSION ................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Allen v. McCurry,
   449 U.S. 90 (1980) ..................................................................................................... 14

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................... 18

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) .............................................................................................. 17, 18

Betyar v. Pierce,
   252 Cal. Rpt. 907 ....................................................................................................... 16

Burdette v. Carrier Corp.,
   71 Cal. Rptr. 3d 185 (Cal. Ct. App. 2008), as modified on denial of reh'g, No.
   C050299, 158 Cal. App. 4th 1668 (Feb. 14, 2008) ................................................... 15

City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
   80 Cal. Rptr. 2d 329 (Cal. Ct. App.1998), as modified on denial of reh'g, 69 Cal.
   App. 4th 909D (Cal Ct. App. 1999) ........................................................................... 20

Cleveland v. Johnson,
   147 Cal. Rptr. 3d 722 (Cal. Ct. App. 2012) ............................................................... 20

Cosmas v. Hassett,
   886 F.2d 8 (2d Cir. 1989) ..................................................................................... 18, 20

Day v. AT&T Corp.,
   74 Cal. Rptr. 2d 55 (Cal. Ct. App. 1998) .................................................................. 24

Feinberg v. Bank of N.Y. (In re Feinberg),
   442 B.R. 215 (Bankr. S.D.N.Y. 2010) ....................................................................... 14

First Nationwide Savs. v. Perry,
   15 Cal. Rptr. 2d 173 (Cal. Ct. App. 1992) ................................................................. 21

In re Residential Capital, LLC,
   531 B.R. 1 (Bankr. S.D.N.Y.), on reconsideration in part, 537 B.R. 161 (Bankr.
   S.D.N.Y. 2015) ........................................................................................................... 20

In re Residential Capital, LLC,
   No. 12-12020 (MG), 2015 WL 176217 (Bankr. S.D.N.Y. Jan. 13, 2015) .............. 23

In re Residential Capital, LLC,
   No. 12-12020 (MG), 2015 WL 2375979 (Bankr. S.D.N.Y. May 15, 2015) ........... 17

iii

## TABLE OF AUTHORITIES

**Page(s)**

Korea Supply Co. v. Lockheed Martin Corp.,
    63 P.3d 937 (Cal. 2003)...............................................................................24

Kouzine v. Countrywide Home Loans, Inc.,
    No. B249022, 2014 WL 1696289 (Cal. Ct. App. Apr. 30, 2014) ...........................................20

Lucido v. Superior Court,
    795 P.2d 1223 (Cal. 1990)......................................................................14, 15, 16

McBride v. Boughton,
    20 Cal. Rptr. 3d 115 (Cal. Ct. App. 2004)..............................................................21

Pellegrini v. Weiss,
    81 Cal. Rptr. 3d 387 (Cal. Ct. App. 2008)..............................................................20

Pfeifer v. Countrywide Home Loans, Inc.,
    150 Cal. Rptr. 3d 673 (Cal. Ct. App. 2012).............................................................23

Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2,
    84 Cal. Rptr. 3d 275 (Cal. Ct. App. 2008)..............................................................22

Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.,
    500 F.3d 1293 (11th Cir. 2007).........................................................................18

Wharton v. Shiver (In re Shiver),
    396 B.R. 110 (Bankr. S.D.N.Y. 2008) .................................................................14

STATUTES

11 U.S.C. § 502(a)...................................................................................13

11 U.S.C. § 502(b)(1).............................................................................1, 13

11 U.S.C. § 502(b)...................................................................................24

CAL. BUS. & PROF. CODE § 17200 (Deering 2015) ....................................................24

CAL. CIV. CODE § 1013(a) (Deering 2015) ..........................................................16

CAL. CIV. CODE § 1624(a)(3) (Deering 2015)........................................................22

CAL. CIV. CODE § 2922 (Deering 2015) .............................................................22

CAL. SUPER. CT. L.R. 8.104(a) ....................................................................16

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan (the "**Plan**") confirmed in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "**Debtors**") with respect to Borrower Claims,[1] hereby submits this objection (the "**Objection**") seeking to disallow and expunge, without leave to amend, proof of claim number 3695 (the "**Claim**") asserting claims of Rosalind Alexander-Kasparik (the "**Claimant**")[2] against Debtor GMAC Mortgage, LLC ("**GMAC Mortgage**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the ground that the Claim fails to state a claim against GMAC Mortgage.  A copy of the Claim is attached to the Lathrop Declaration (defined below) as **Exhibit A**.  The Borrower Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), granting the requested relief.  In support of the Objection, the Borrower Trust submits the Declaration of Sara Lathrop (the "**Lathrop Declaration**"), attached hereto as **Exhibit 2**, and respectfully states as follows:

## PRELIMINARY STATEMENT

1.    The Claim is predicated on a complaint (the "**Complaint**") filed by the Claimant on July 31, 2012 in the Superior Court of California, County of San Diego, Central District (the

---

[1]  As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan (defined below).

[2]  Although the Claim lists "Law Office of Allan O Cate" as the creditor to whom GMAC Mortgage owes money, the Claim appears to have been filed on behalf of Rosalind Alexander-Kasparik.  The Borrower Trust submits that the Claim could be disallowed on this basis alone.  See 11 U.S.C. § 502(b)(1) ("the court . . . shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor . . . .").  Nevertheless, the Borrower Trust will assume, for the purposes of this Objection, that the Claim was properly filed by Claimant.

"**California Superior Court**"), Case No. 37-2012-00101531-CU-BC-CTL (the "**California Action**"), which asserts claims against GMAC Mortgage for intentional and negligent misrepresentation, breach of fiduciary duty, unjust enrichment, breach of contract, and quiet title to real property, as well as violations of California Civil Code section 2923.6 and California Business & Professional Code section 17200.

2.     On December 22, 2014, Claimant filed a second amended complaint (the "**Second Amended Complaint**") in the California Action, which restated the same causes of action asserted in the original Complaint, as well as certain other factual allegations and claims.  On April 3, 2015, the California Superior Court sustained a demurrer to the Second Amended Complaint (the "**February 13 Demurrer**") filed by GMAC Mortgage and Federal Home Loan Mortgage Corporation ("**Freddie Mac**," and, together with GMAC Mortgage, the "**Defendants**"), which, *inter alia*, dismissed with prejudice each cause of action asserted in the original Complaint (the "**Superior Court Order**").[3]

3.     As the Claim is predicated on the allegations in the Second Amended Complaint, the doctrine of collateral estoppel bars the Claimant from relitigating before this Court the same issues of fact or law that the California Superior Court decided in the California Action as part of its dismissal with prejudice of the underlying matter.

4.     Furthermore, each of the aforementioned causes of action relates to a purported conversation on July 2, 2012 between Claimant and a representative of Freddie Mac in which the Freddie Mac representative allegedly advised Claimant that GMAC Mortgage would postpone a trustee's sale of Claimant's home—scheduled for the next day—pending review of Claimant's application, through a third-party organization, seeking a loan modification from GMAC

---

[3] The Superior Court Order granted Claimant leave to amend its promissory estoppel cause of action and to plead a separate negligence cause of action.  These causes of action were not asserted in the original Complaint and have not otherwise been asserted in the Claim against GMAC Mortgage.

Mortgage. GMAC Mortgage did not participate in the July 2, 2012 conversation between Claimant and Freddie Mac. Furthermore, the Complaint contains no representations allegedly made by GMAC Mortgage to the Claimant that GMAC Mortgage would delay the trustee's sale of Claimant's home scheduled for July 3, 2012. Nevertheless, Claimant alleges that GMAC Mortgage is liable to Claimant for <u>Freddie Mac's</u> purported broken promise to postpone the trustee's sale until Claimant's request for a loan modification could be evaluated. Because the Complaint fails to state a plausible basis for GMAC Mortgage's liability, the Claim fails as a matter of law.

5.      In addition to the aforementioned grounds for dismissal of the Claim in its entirety, the Claim also fails because:

(a) GMAC Mortgage owed Claimant no fiduciary duties;

(b) Claimant fails to state any independently viable claim that could give rise to a derivative claim for unjust enrichment;

(c) Under California's statute of frauds, an alleged oral contract relating to real property (such as the alleged agreement by Freddie Mac to postpone the trustee's sale) is unenforceable;

(d) Claimant fails to demonstrate her ability to repay the Loan in full, defeating any right to quiet title under California law;

(e) California Civil Code section 2923.6, which sets forth certain of the California state legislature's aspirational goals for the mortgage lending industry, contains no defense to foreclosure or private right of action; and

(f) California Business & Professional Code section 17200, an unfair competition statute, provides only for equitable remedies such as restitution or an injunction, neither of which are available to Claimant in these Chapter 11 Cases.

3

6.      For all of these reasons, the Claim, on its face, fails to assert valid prepetition[4] causes of action against GMAC Mortgage and should be disallowed and expunged with prejudice.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

7.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

I.    **Overview**

9.      On May 14, 2012, the Debtors filed these Chapter 11 Cases, which are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.     On May 16, 2012, this Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

11.     On November 8, 2012, Claimant's counsel filed the Claim, asserting a secured claim against GMAC Mortgage in the amount of $1,500,000.  See Claim at Ex. A to the Lathrop Declaration, at 1.  A copy of the Complaint was appended to the Claim.  See Claim at pp. 2-15.

---

[4]  The Complaint does not make any allegations of any post-petition wrongdoing by GMAC Mortgage.  Unless and until any such facts are properly alleged, the Claim should be treated as a prepetition claim.

12.     On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases (the "**Procedures Order**") [Docket No. 3294].  The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.

13.     On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] approving the terms of the Plan filed in these Chapter 11 Cases.  The Effective Date (as defined in the Plan) of the Plan occurred on December 17, 2013.  See Docket No. 6137.

14.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court.  See Plan, Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  See id.

## II.     Background of the Claim

### A.     The Loan and the Property

15.     On or about May 16, 2006, Claimant executed and delivered a promissory note (the "**Note**") in favor of Unitrust Mortgage, Inc. ("**Unitrust**").  See Lathrop Declaration ¶ 5; see also Note at Ex. B to the Lathrop Declaration.  Claimant's obligations under the Note were secured by a deed of trust (the "**Deed of Trust**" and, together with the Note, the "**Loan**") dated

May 16, 2006 encumbering certain real property located at 1021 Scott Street #149, San Diego, CA 92106 (the "**Property**").[5]  See Lathrop Declaration ¶ 5; see also Deed of Trust at Ex. C to the Lathrop Declaration.  The Deed of Trust named as its beneficiary Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as nominee for Unitrust and its successors and assigns.  See id.

16.    The Note provides that, upon an event of default and duly noticed acceleration, the holder of the Note has "the right to be paid back by [Claimant] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law."  See Note § 6(E).  "Those expenses include, for example, reasonable attorneys' fees."  See id.  The Note also provides that if the holder of the Note "has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, [the Claimant] will pay a late charge" to the holder of the Note.  See id. § 6(A).  "The amount of the charge will be 5.000 % of [Claimant's] overdue payments of principal and interest."  See id.

17.    GMAC Mortgage began servicing the Loan on June 16, 2006.  See Lathrop Declaration ¶ 5; see also Excerpts of Servicing Notes (the "**Servicing Notes**") at Ex. D to the Lathrop Declaration, at 246.

18.    On July 18, 2011, MERS executed an assignment of its beneficial interest in the Deed of Trust (the "**Assignment of Deed of Trust**") to debtor GMAC Mortgage, LLC ("**GMAC Mortgage**").  See Lathrop Declaration ¶ 6; see also Assignment of Deed of Trust at Ex. E to the Lathrop Declaration.

---

[5] On August 17, 2011, Claimant transferred her interest in the Property to Marcellus Alexander, Jr., Trustee of the Scott Street Land Trust through a grant deed (the "**Grant Deed**").  See Lathrop Declaration ¶ 7; see also Grant Deed at Ex. F to the Lathrop Declaration.  Although it currently lacks sufficient facts to determine whether Claimant had standing to assert the causes of action set forth in the Complaint, the Borrower Trust reserves the right to object to Claimant's standing in accordance with facts uncovered through any discovery that occurs in connection with this contested matter.

### B.    The First Loan Modification

19.    The Loan first became delinquent when Claimant failed to make the monthly payment due on December 1, 2008.  See Lathrop Declaration ¶ 8; see also Servicing Notes at 7.  GMAC Mortgage delayed foreclosure on several occasions to provide Claimant with time to submit an application for a loan modification.  See Lathrop Declaration ¶ 8; see also Servicing Notes at 207, 215, 225.  This delinquency was resolved when GMAC Mortgage and Claimant agreed to a loan modification on March 26, 2010.  See Lathrop Declaration ¶ 8; see also Servicing Notes at 204.

20.    On May 17, 2010, Claimant made her first payment on the modified Loan.  See Lathrop Declaration ¶ 9; see also Servicing Notes at 5.  Claimant again became delinquent on the modified Loan when the June 2010 payment was not made until August 20, 2010, and no other payments on the modified Loan were made after that date.  See id.

### C.    Default on the Modified Loan

21.    On August 31, 2010, GMAC Mortgage mailed a breach letter to Claimant because she had made no payments on the modified Loan for July 2010 and August 2010.  See Lathrop Declaration ¶ 10; see also Servicing Notes at 192.  On October 4, 2010, GMAC Mortgage referred the modified Loan to active foreclosure because payments for July 2010 through October 2010 remained due and owing.  See Lathrop Declaration ¶ 10; see also Servicing Notes at 191.  On December 30, 2010, a trustee's sale was scheduled for February 10, 2011.  See Lathrop Declaration ¶ 10; see also Servicing Notes at 187.

22.    Between February 2011 and March 2012, GMAC Mortgage postponed the trustee's sale on multiple occasions after receiving information that led GMAC Mortgage to believe that the Property may be subject to the automatic stay in connection with multiple bankruptcy cases filed by parties other than the Claimant under chapters 11 and 13 of the

7

Bankruptcy Code (the "**California Bankruptcies**"). <u>See</u> Lathrop Declaration ¶ 11; <u>see</u> <u>also</u> Servicing Notes at 121, 126, 146, 175, 181.

23.    During this period, GMAC Mortgage considered and ultimately denied an additional loan modification request by Claimant, because GMAC Mortgage could not further reduce the interest rate on the Loan or further extend the remaining term of the Loan under Home Affordable Modification Program ("**HAMP**")[6] and investor guidelines. <u>See</u> Lathrop Declaration ¶ 12; <u>see</u> <u>also</u> Servicing Notes at 145.

24.    After the conclusion of the California Bankruptcies, and after confirming that the debtors in the California Bankruptcies had no interest in the Property, GMAC Mortgage re-scheduled the trustee's sale—this time for June 19, 2012. <u>See</u> Lathrop Declaration ¶ 13; <u>see</u> <u>also</u> Servicing Notes at 47.

### D.    Claimant's KYHC Application

25.    On May 25, 2012, Claimant contacted GMAC Mortgage to discuss her application with Keep Your Home, California ("**KYHC**"),[7] and GMAC Mortgage directed Claimant to its website for further information about loan modification requirements. <u>See</u> Lathrop Declaration ¶ 14; <u>see</u> <u>also</u> Servicing Notes at 46.

26.    On June 11, 2012, Claimant requested a postponement of the June 19 trustee's sale. <u>See</u> Lathrop Declaration ¶ 15; <u>see</u> <u>also</u> Servicing Notes at 43-44. GMAC Mortgage advised Claimant that it would need proof of KYHC approval before it could consider her postponement. <u>See</u> <u>id</u>.

---

[6] HAMP is a federal program designed to help financially struggling homeowners avoid foreclosure by modifying their loans to levels that are sustainable over the long term. <u>See</u> Lathrop Declaration ¶ 12.

[7] KYHC is a federally-funded program operated by the state of California to help homeowners who have suffered a financial hardship stay in their homes, maintain an affordable mortgage payment, and avoid foreclosure. <u>See</u> Lathrop Declaration ¶ 14.

27.    On June 12, 2012, Claimant contacted GMAC Mortgage about the June 19 trustee's sale and requested additional time to obtain approval from KYHC. See Lathrop Declaration ¶ 16; see also Servicing Notes at 42-43. Claimant inquired about another loan modification. See id. GMAC Mortgage advised Claimant that she was welcome to apply, but advised Claimant that her complete loan modification package had to be received seven (7) business days prior to the date of the trustee's sale in order to request postponement. See id. Nevertheless, GMAC Mortgage postponed the trustee's sale to July 3, 2012 to provide Claimant with additional time for KYHC approval. See Lathrop Declaration ¶ 16; see also Servicing Notes at 42.

28.    On June 19, 2012, GMAC Mortgage received an email from KYHC requesting an extension of the July 3 trustee's sale to allow time for KYHC to underwrite Claimant's account. See Lathrop Declaration ¶ 17; see also Servicing Notes at 41. GMAC Mortgage advised KYHC that GMAC Mortgage would be unable to do so, based on the delinquency of Claimant's account (at the time, Claimant owed payments for July 2010 through June 2012). See id. KYHC advised GMAC Mortgage that KYHC needed 21 days to underwrite Claimant's account and there was no guarantee that Claimant's application would be approved, both because Claimant's delinquency exceeded the KYHC cap and because the prior loan modification approved by GMAC Mortgage had already lowered Claimant's interest rate and extended the term of the Loan to the maximum amounts allowable under HAMP and investor guidelines. See id.

29.    On July 2, 2012, GMAC Mortgage received formal paperwork from KYHC showing Claimant had been approved for loan assistance. See Lathrop Declaration ¶ 18; see also Servicing Notes at 39-40.

30.     On July 3, 2012, Freddie Mac contacted GMAC Mortgage and inquired about the KYHC approval.  See Lathrop Declaration ¶ 19; see also Servicing Notes at 39.  GMAC Mortgage informed Freddie Mac that the notice of KYHC approval was received on July 2, 2012, which did not allow enough time for GMAC Mortgage to review the KYHC approval.  See id.  Freddie Mac informed GMAC Mortgage that Freddie Mac would not agree to postpone the July 3 trustee's sale.  See id.

31.     On July 3, 2012, Claimant spoke with GMAC Mortgage about the KYHC approval.  See Lathrop Declaration ¶ 20; see also Servicing Notes at 38-39.  GMAC Mortgage informed Claimant that, because the approval was received less than 7 days prior to the trustee's sale, KYHC assistance had been denied for Claimant's account under GMAC Mortgage's internal policies.  See Lathrop Declaration ¶ 20; see also Servicing Notes at 39.  Claimant advised GMAC Mortgage that she had spoken with Freddie Mac and was told that a postponement request would be submitted.  See Lathrop Declaration ¶ 20; see also Servicing Notes at 38.  GMAC Mortgage advised Claimant that her request to postpone the trustee's sale had been denied by Freddie Mac and the trustee's sale would be held as planned.  See Lathrop Declaration ¶ 20; see also Servicing Notes at 36.

32.     On July 3, 2012, the trustee's sale (the "**Trustee's Sale**") was conducted and ownership of the Property transferred to GMAC Mortgage.  See Lathrop Declaration ¶ 21; see also Servicing Notes at 36.  At that time, the account remained due and owing for July 2010 through July 2012 payments.  See Lathrop Declaration ¶ 21; see also Servicing Notes at 4.

### E.    The California Action and the Superior Court Order

33.     On July 31, 2012, Claimant filed the Complaint against the Defendants, among others, in the California Action.  See Lathrop Declaration ¶ 22; see also Complaint at Ex. G to the Lathrop Declaration.  On September 17, 2012, the Defendants jointly filed a demurrer to the

10

Complaint.  See Lathrop Declaration ¶ 22; see also California Action Docket at Ex. H to the Lathrop Declaration, D.E. 8.

34.    On October 10, 2012, GMAC Mortgage filed a Notice of Bankruptcy and Suggestion of Automatic Stay (the "**NOB**") with the California Superior Court.  See Lathrop Declaration ¶ 23; see also California Action Docket, D.E. 11.  The California Action remained stayed pursuant to the NOB until April 7, 2014, when this Court entered a consent order [D.E. 6753] (the "**Consent Order**"), pursuant to which the automatic stay in the Chapter 11 Cases was modified to permit the Claimant to prosecute equitable claims against GMAC Mortgage in the California Action "solely to the extent they are asserted for the purpose of defending and unwinding the foreclosure" of the Loan secured by the Deed of Trust against the Property.

35.    On July 31, 2014, the Claimant filed an amended complaint (the "**First Amended Complaint**") restating all of the causes of action asserted in the original Complaint, and asserting certain other factual allegations and a claim for promissory estoppel.  See Lathrop Declaration ¶ 24; see also First Amended Complaint at Ex. I to the Lathrop Declaration; California Action Docket, D.E. 78.

36.    On September 18, 2014, the Defendants jointly filed another demurrer (the "**September 18 Demurrer**") to the First Amended Complaint.[8]  See Lathrop Declaration ¶ 24; see also September 18 Demurrer at Ex. J to the Lathrop Declaration; California Action Docket, D.E. 79.  In the September 18 Demurrer, the Defendants noted that, pursuant to the Consent Order, "any claims for damages are stayed" against GMAC Mortgage and "only the equitable claim of quiet title may proceed."  See September 18 Demurrer at pg. 1.  The Claimant filed an opposition to the September 18 Demurrer on November 25, 2014 and the Defendants jointly

---

[8] Concurrent with the filing of the September 18 Demurrer, the Defendants jointly filed a request for judicial notice, requesting that the California Superior Court take judicial notice of, among other things, the Consent Order and the NOB entered in the Chapter 11 Cases.  See Lathrop Declaration ¶ 24; see also California Action Docket, D.E. 80.

filed a reply to that opposition on November 26, 2014.  See Lathrop Declaration ¶ 25; see also California Action Docket, D.E. 82, 83.

37.    On December 5, 2014, the California Superior Court entered an order dismissing each cause of action asserted in the First Amended Complaint with leave to amend.  See Lathrop Declaration ¶ 25; see also California Action Docket, D.E. 91.

38.    On December 22, 2014, the Claimant filed the Second Amended Complaint, which restated all of the causes of action contained in the First Amended Complaint, and asserted certain other factual allegations.  See Lathrop Declaration ¶ 26; see also Second Amended Complaint at Ex. K to the Lathrop Declaration; California Action Docket, D.E. 92.

39.    On February 13, 2015, Defendants jointly filed the February 13 Demurrer to the Second Amended Complaint.[9]  See Lathrop Declaration ¶ 26; see also February 13 Demurrer at Ex. L to the Lathrop Declaration; California Action Docket, D.E. 96.   Claimant filed an opposition to the February 13 Demurrer on March 23, 2015 and the Defendants jointly filed a reply to that opposition on March 25, 2015.  See Lathrop Declaration ¶ 27; see also California Action Docket, D.E. 98, 99.

40.    After conducting a hearing, on April 3, 2015, the California Superior Court entered the Superior Court Order, which sustained the February 13 Demurrer to the Second Amended Complaint "without leave to amend as to all causes of action, with the exception that [Claimant] may file a Third Amended Complaint to state causes of action for promissory estoppel and negligence, only."  See Lathrop Declaration ¶ 28; see also Superior Court Order at Ex. M to the Lathrop Declaration; California Action Docket, D.E. 104.  On April 3, 2015, the

---

[9] Concurrent with the filing of the February 13 Demurrer, the Defendants again jointly filed a request for judicial notice, requesting that the California Superior Court take judicial notice of, among other things, the Consent Order and the NOB entered in the Chapter 11 Cases.  See Lathrop Declaration ¶ 26; see also California Action Docket, D.E. 97.

Defendants had a notice of entry of the Superior Court Order served upon Claimant's counsel via U.S. Mail.[10]  See Lathrop Declaration ¶ 28; see also California Action Docket, D.E. 111.

41.    On November 3, 2015, after resolving the claims asserted in the Third Amended Complaint, the California Superior Court entered a judgment of dismissal (the "**Superior Court Dismissal**") stating that Claimant "shall take nothing by way of her Third Amended Complaint from Freddie Mac and/or GMAC Mortgage, LLC."  See Lathrop Declaration ¶ 30; see also Superior Court Dismissal at Ex. O to the Lathrop Declaration; California Action Docket, D.E. 136.  On November 5, 2015, Freddie Mac had a notice of entry of the Superior Court Dismissal served upon Claimant's counsel via U.S. Mail.  See Lathrop Declaration ¶ 30; see also California Action Docket, D.E. 137.

42.    Claimant did not timely file an appeal of the Superior Court Order.  See Lathrop Declaration ¶ 31.

## RELIEF REQUESTED

43.    The Borrower Trust files this Objection pursuant to section 502(b) of the Bankruptcy Code, seeking to disallow and expunge the Claim in its entirety from the Claims Register.

## OBJECTION

44.    A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1).

---

[10]  On April 14, 2015, the Claimant filed a third amended complaint (the "**Third Amended Complaint**") consistent with the Superior Court Order.  See Lathrop Declaration ¶ 29; see also Third Amended Complaint at Ex. N to the Lathrop Declaration; California Action Docket, D.E. 109.  On June 17, 2015, Freddie Mac filed a demurrer to the Third Amended Complaint, which was sustained with prejudice.  See Lathrop Declaration ¶ 29; see also California Action Docket, D.E. 115, 131.

Furthermore, once a debtor refutes an essential element of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim by a preponderance of the evidence. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

## I.    The Claim Is Barred by Collateral Estoppel

45.    The doctrine of collateral estoppel provides that, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). "The law is well settled that a state court judgment must be given preclusive effect, at least for collateral estoppel purposes, in a subsequent federal court proceeding if the state in which the judgment was rendered would do so." Wharton v. Shiver (In re Shiver), 396 B.R. 110, 117 (Bankr. S.D.N.Y. 2008).

46.    Under California law, a court may apply the doctrine of collateral estoppel only if five threshold requirements have been met:    (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding," (2) the "issue must have been actually litigated in the former proceeding," (3) "[the issue] must have been necessarily decided in the former proceeding," (4) "the decision in the former proceeding must be final and on the merits," and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990).

47.    Additionally, California courts will consider whether public policies will be advanced by the application of the doctrine of collateral estoppel in a particular setting. Id. at 1226. These policies include "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation . . . ." Id. at 1227.

14

48.    For the reasons set forth below, the Superior Court Order satisfies the requirements for the application of collateral estoppel under California law.   Accordingly, all causes of action asserted in the Claim are barred by the doctrine of collateral estoppel and should be disallowed.

### A.    The California Superior Court Decided Identical Issues in the California Action

49.    Under California law, the doctrine of collateral estoppel is only applicable if "identical factual allegations" were at stake in the prior proceeding.  Id. at 1225.  To determine whether two proceedings involved "identical issues," California courts consider, among other things:  (i) whether there is a "substantial overlap between the evidence or argument[s]" advanced in the two proceedings; (ii) whether the evidence or arguments "involve application of the same rule of law"'; and (iii) whether the claims involved in the two proceedings are "closely related."  Burdette v. Carrier Corp., 71 Cal. Rptr. 3d 185, 201 (Cal. Ct. App. 2008), as modified on denial of reh'g, No. C050299, 158 Cal. App. 4th 1668 (Feb. 14, 2008).

50.    Each of the allegations asserted by Claimant in the original Complaint was asserted either directly against Freddie Mac or against the Defendants collectively.   The California Superior Court dismissed with prejudice each of these claims when it sustained the February 13 Demurrer to the Second Amended Complaint.   Claimant's allegations against GMAC Mortgage in the Claim are a subset of the allegations asserted in the Second Amended Complaint.  Because each of the issues raised against Freddie Mac was ultimately dismissed by the California Superior Court and Claimant's allegations against GMAC Mortgage are predicated on the exact same allegations, each of the issues raised with respect to GMAC Mortgage were necessarily decided in the California Action.   Therefore, the "identical issue" requirement for the application of collateral estoppel is satisfied.

**B.**     **Each of the Causes of Action Asserted in the Claim Was Actually Litigated in the California Action**

51.     Under California law, the doctrine of collateral estoppel requires that the issues were actually litigated in the prior proceeding.  "An issue is actually litigated only when it is raised by the pleadings and factually resolved either by proof or failure of proof."  Betyar v. Pierce, 252 Cal. Rpt. 907, 909 (Cal. Ct. App. 1988) (citations omitted).  Each of the factual allegations and causes of action asserted in the Claim was previously raised by Claimant and resolved by the California Superior Court in connection with the demurrers filed in the California Action.  Accordingly, the "actually litigated" requirement for the application of collateral estoppel is satisfied.

**C.**     **Each of the Causes of Action Asserted in the Claim Was Necessarily Decided in the California Action**

52.     Under California law, the doctrine of collateral estoppel applies only to issues that were "necessarily decided" in the prior proceeding. An issue is "necessarily decided" in a proceeding so long as the issue is not "entirely unnecessary to the judgment in the . . . proceeding."  Lucido, 795 P.2d at 1226.  The Superior Court Order expressly dismissed each cause of action now asserted by Claimant in the Claim.  Accordingly, the "necessarily decided" requirement for the application of collateral estoppel is satisfied.

**D.**     **The California Action Terminated with a Final Judgment on the Merits**

53.     The Superior Court Order was a judgment issued on the merits by the California Superior Court.  Notice of entry of the Superior Court Order was served on Claimant on April 3, 2015.  The Superior Court Order was final and non-appealable as of June 8, 2015.  See CAL. SUPER. CT. L.R. 8.104(a) (requiring that a notice of appeal be filed within 60 days from date of service of notice of entry);  CAL. CIV. CODE § 1013(a) (Deering 2015) (adding five days to

16

appeal period if service is made by mail within California).  Therefore, the "final judgment on the merits" requirement for the application of collateral estoppel is satisfied.

### E.    The Claimant Was Party to the California Action

54.    The Claimant was the plaintiff in the California Action.  She filed the Complaint, three amended complaints, and numerous oppositions in the California Action.  Therefore, the "privity" requirement for the application of collateral estoppel is satisfied.

### F.    Public Policy Supports the Application of Collateral Estoppel to Bar the Claim Against GMAC Mortgage

55.    Finally, public policy supports the application of collateral estoppel in these proceedings.  The Claimant had a full and fair opportunity to litigate on numerous occasions the causes of action raised in the Claim in the California Action.  Appellate review of an adverse ruling in the California Action was available.   Application of collateral estoppel in these proceedings preserves the integrity of the California judicial system by giving credit to the factual and legal findings made by the California Superior Court, and estopping the Claimant from re-litigating those causes of action before this Court promotes judicial economy.

## II.    <u>The Claim Fails on the Merits</u>

### A.    Applicability of Federal Pleading Standards

56.    "Federal pleading standards apply when assessing the validity of a proof of claim."  <u>In re Residential Capital, LLC</u>, No. 12-12020 (MG), 2015 WL 2375979, at *6 (Bankr. S.D.N.Y. May 15, 2015).

57.    While factual allegations are not required to be detailed under Rule 8 of the Federal Rules of Civil Procedure, they nonetheless must contain more than "labels and conclusions[] and a formulaic recitation of the elements of a cause of action . . . ."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Rule 8 "demands more than an unadorned, the-

17

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement [they] stop short of the line between possibility and plausibility of entitle[ment] to relief." Weissman v. Nat'l Ass'n of Secs. Dealers, Inc., 500 F.3d 1293, 1310 (11th Cir. 2007) (citation and internal quotations omitted). Should the plaintiff fail to "nudge [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570.

58.    Furthermore, in cases like this one involving allegations of fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead "circumstances constituting fraud . . . with particularity." "To satisfy the particularity requirement of Rule 9(b)" in the Second Circuit, "a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).

### B.    The Claim Fails as a Matter of Law Because Claimant Fails to Identify Any Representation Made by GMAC Mortgage

59.    Each cause of action asserted by Claimant against GMAC Mortgage relies on an allegation that GMAC Mortgage made a representation to Claimant regarding a postponement of the Trustee's Sale. Remarkably, the Complaint identifies no such statement. The Complaint plainly shows that all of alleged false representations made to the Claimant were made by a representative of Freddie Mac.

18

60.     Claimant alleges that she contacted non-debtor Freddie Mac on or about July 2, 2012 and spoke with Emily, a representative of Freddie Mac, who allegedly told Claimant that "a request was being submitted to defendant [GMAC Mortgage] to postpone the July 3, 2012 foreclosure sale (by [Freddie Mac]) pending review of [Claimant's] application for [a] loan modification." See Complaint ¶ 14.   Claimant further alleges that Emily, the Freddie Mac representative, advised Claimant that "the sale was being postponed, and that [Claimant] should check the electronic system to make sure that the sale was actually postponed." See id. Claimant also alleges that, "[Claimant] was advised on July 2, 2012 by the mortgage lender/investor, defendant [Freddie Mac] that the sale would be postponed . . . ." See id. Nowhere does the Complaint allege any representations by GMAC Mortgage. [11]

61.     Thus, Claimant's causes of action for fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, breach of contract, quiet title to real property, and violations of California Civil Code section 2923.6 and California Business & Professional Code section 17200 should be disallowed and expunged because they all arise out of Claimant's unsupported allegations regarding purported misrepresentations by GMAC Mortgage.

62.     Moreover, Claimant has not satisfied Rule 9(b)'s heightened pleading standards with respect to the cause of action for fraudulent misrepresentation because the Complaint fails to state the claim against GMAC Mortgage with "particularity."   The Complaint does not allege facts sufficient to establish that GMAC Mortgage made any misrepresentation to Claimant or

---

[11]   Claimant further alleges that the Defendants:  (i) "were charging her on an unauthorized and improper impound account," (ii) were engaged in "mis-accounting . . . in at least the amount of $10,000 to $20,000," (iii) "refused to credit plaintiff's account with overcharges on tax and insurance payments," and (iv) were "unjustly enriched by late fees and/or foreclosure fees." See Complaint ¶ 11.  However, it is unclear how these facts support the causes of action alleged in the Complaint.

19

identify any GMAC Mortgage representative responsible for the statements.  See Cosmas, 886 F.2d at 11.

**III.    Other Grounds For Disallowance**

**A.    GMAC Mortgage Owes No Fiduciary Duties to Claimant**

63.    The Third Cause of Action in the Complaint alleges that GMAC Mortgage is liable for purportedly breaching its fiduciary duties to Claimant.  However, GMAC Mortgage owes no fiduciary duties to Claimant under California law.   For this additional reason, Claimant's cause of action for breach of fiduciary duty fails.

64.    Under California law, to establish a claim for breach of fiduciary duty, a plaintiff must prove "(1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and (3) resulting damage."  Pellegrini v. Weiss, 81 Cal. Rptr. 3d 387, 397 (Cal. Ct. App. 2008) (citation omitted).  "A fiduciary or confidential relationship may arise whenever confidence is reposed by persons in the integrity and good faith of another.  If the latter voluntarily accepts or assumes that confidence, he or she may not act so as to take advantage of the others' interest without their knowledge or consent."  City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 80 Cal. Rptr. 2d 329, 355 (Cal. Ct. App.1998), as modified on denial of reh'g, 69 Cal. App. 4th 909D (Cal Ct. App. 1999) (citation omitted).

65.    California courts have consistently held that a lender does not owe a fiduciary duty to a borrower.  See, e.g., Cleveland v. Johnson, 147 Cal. Rptr. 3d 722, 794 (Cal. Ct. App. 2012) ("a debtor/creditor relationship . . . does not create a fiduciary duty"); Kouzine v. Countrywide Home Loans, Inc., No. B249022, 2014 WL 1696289, at *6 (Cal. Ct. App. Apr. 30, 2014) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." (citation omitted)); see also In re Residential Capital, LLC, 531 B.R. 1, 22 (Bankr. S.D.N.Y.), on reconsideration in part, 537 B.R. 161 (Bankr. S.D.N.Y. 2015) (holding that under

20

Washington State law "a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists." (citation omitted)).

66.    Here, none of Claimant's factual allegations demonstrate an understanding by either Claimant or GMAC Mortgage that a special trust and confidence was reposed in GMAC Mortgage.  The relationship between Claimant and GMAC Mortgage was that of a typical lender and borrower.  Thus, Claimant's cause of action for breach of fiduciary duty fails as a matter of law.

### B.    GMAC Mortgage Did Not Receive an Unjust Benefit from Claimant

67.    The Fourth Cause of Action in the Complaint asserts a claim for unjust enrichment on the basis that GMAC Mortgage, through its allegedly wrongful acts, was unjustly enriched at Claimant's expense.

68.    Under California law, a claim for unjust enrichment is not a separate cause of action; rather, it is synonymous with restitution.  McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004).  A claim for restitution is only viable if one unjustly receives a benefit from another.  First Nationwide Savs. v. Perry, 15 Cal. Rptr. 2d 173, 176 (Cal. Ct. App. 1992) ("The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it.").

69.    Claimant has not alleged any unjust act by GMAC Mortgage.  Accordingly, Claimant has failed to state any independently viable claim that could give rise to a claim for unjust enrichment.[12]

---

[12] Additionally, any late fees and/or foreclosure fees paid by Claimant were expressly authorized under the terms of the Note and Claimant has suggested no reason why these fees were improper.  See Note § 6.

### C. Oral Contracts Relating to Real Property Are Unenforceable Under California's Statute of Frauds

70.     The Fifth Cause of Action in the Complaint asserts a claim for breach of contract on the basis of a purported oral promise to postpone the Trustee's Sale.   However, an oral contract to forebear from foreclosure is unenforceable under the California statute of frauds.   For this reason, Claimant's cause of action for breach of contract cannot be sustained.

71.     Under California law, in accordance with the statute of frauds, an agreement for the sale of real property or an interest in real property must be in writing and signed by the party to be charged or by the party's agent.   See CAL. CIV. CODE § 1624(a)(3) (Deering 2015) (stating the statute of frauds); see also CAL. CIV. CODE § 2922 (Deering 2015) (a "mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property.").   Furthermore, an "agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds."   Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 84 Cal. Rptr. 3d 275, 282 (Cal. Ct. App. 2008).   Thus, "an agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds."   Id. at 277.

72.     Claimant does not allege that the purported promise to postpone the Trustee's Sale was ever memorialized in writing.   Even assuming the allegations regarding the alleged oral promise were true and alleged an agreement with GMAC Mortgage (which they do not), the law in California is clear that a breach of contract cause of action cannot be premised on an oral promise regarding an interest in real property, because such a promise would be unenforceable under the statute of frauds.   See CAL. CIV. CODE § 1624(a)(3).   As a result, the Claimant's breach of contract cause of action must fail.

**D.     Claimant Cannot Maintain an Action to Quiet Title Where She Has Failed to Demonstrate an Ability to Tender All Amounts Borrowed**

73.     "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." In re Residential Capital, LLC, No. 12-12020 (MG), 2015 WL 176217, at *7 (Bankr. S.D.N.Y. Jan. 13, 2015) (quoting Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1170 (E.D. Cal. 2010)).  Since Claimant has not alleged that she has the wherewithal to tender the amount due on her Loan, which is required to state a quiet title claim in California, she cannot maintain a cause of action for quiet title.[13]

**E.     California Civil Code Section 2923.6 Does Not Grant Claimant a Right to a Loan Modification**

74.     The Seventh Cause of Action in the Complaint asserts a claim for a violation of California Civil Code section 2923.6, which sets forth certain of the California state legislature's aspirational goals for the mortgage lending industry.  Section 2923.6 neither grants a borrower a right to a loan modification, nor gives a borrower a defense to foreclosure or a private right of action to compel a loan modification.  See Pfeifer v. Countrywide Home Loans, Inc., 150 Cal. Rptr. 3d 673, 699 n.17 (Cal. Ct. App. 2012) ("The Pfeifers have no private right of action under Civil Code section 2923.6, and this statute does not require loan servicers to modify loans.").  For this reason, Claimant's purported cause of action under California Civil Code section 2923.6 fails.

**F.     Relief Provided by the UCL Is Limited to Injunctive Relief and Restitution, Neither of Which Are Available to Claimant**

75.     The Eighth Cause of Action in the Complaint asserts a claim for violations of section 17200 of the California Business & Professional Code, referred to as the "unfair competition law" (the "**UCL**") and broadly requests "the remedies allowed pursuant to" the

---

[13] Furthermore, a quiet title action seeks declaratory and injunctive relief, neither of which is available under Bankruptcy Code section 502(b).

UCL.  See Complaint ¶ 55.  The UCL prohibits any person from engaging in unfair competition, which is defined to include "any unlawful, unfair or fraudulent business act or practice . . . ." CAL. BUS. & PROF. CODE § 17200 (Deering 2015).  The UCL covers a wide range of conduct, embracing "anything that can properly be called a business practice and that at the same time is forbidden by law."  Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 943 (Cal. 2003). While the scope of conduct covered by the UCL is broad, its remedies are limited.  "A UCL action is equitable in nature; damages cannot be recovered."  Id. (citing Bank of the West v. Superior Court, 833 P.2d 545 (Cal. 1992)).  Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution."  Korea Supply Co., 63 P.3d at 943 (citing Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527 (Cal. 1999)).

76.    Bankruptcy Code section 502(b) provides that in connection with allowing or disallowing proofs of claim, the Court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."  11 U.S.C. § 502(b).  Bankruptcy Code section 502(b) makes no provision for granting of equitable relief.  Instead, the Bankruptcy Code and Bankruptcy Rules require that requests for an injunction be sought through an adversary proceeding.  See Fed. R. Civ. P. 7001(7).  Consequently, even if Claimant had provided a basis for injunctive relief under the UCL, such relief is inappropriately sought through the claims allowance process.

77.    Furthermore, Claimant cannot obtain restitution because GMAC Mortgage has not acquired any property from Claimant that Claimant was entitled to keep.  For restitution to be available, the "offending party must have obtained something to which it was not entitled *and* the victim must have given up something which he or she was entitled to keep."  Day v. AT&T Corp., 74 Cal. Rptr. 2d 55, 64 (Cal. Ct. App. 1998) (emphasis in original).  Claimant was not

entitled to keep the Property.  Claimant stopped making payments on the Loan.  <u>See</u>  Lathrop Declaration ¶ 9.  She admits that she acquired the Property subject to the Deed of Trust.  <u>See</u> First Amended Complaint ¶ 9.  The default on the Loan was not cured prior to the Trustee's Sale.  <u>See</u> Lathrop Declaration ¶ 9.  Consequently, the owner of the Loan had a right to foreclose and, in doing so, Claimant was not deprived of any property that she was legally entitled to keep.

## NOTICE

The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] and the Claims Procedures Order [Docket No. 3294].

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached here to as **Exhibit 1**, granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: December 14, 2015

   /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900

*Counsel for the ResCap Borrower*
*Claims Trust*

25