# **Exhibit A**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: GMAC Mortgage, LLC

Case Number: 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LAW OFFICE OF ALLAN O CATE

Name and address where notices should be sent:  NameID: 10768748
LAW OFFICE OF ALLAN O CATE
7710 BALBOA AVE STE 301
SAN DIEGO, CA 92111

Telephone number: 858/224-5865    email: allan@acatelaw.com

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 1,500,000.00

   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.

   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Lawsuit - Wrongful Foreclosure (37-2012)(101531)
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 1015

   3a. **Debtor may have scheduled account as:** Alexander-Kasparik
   (See instruction #3a)

   3b. **Uniform Claim Identifier (optional):** _____
   (See instruction #3b)

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

   **Nature of property or right of setoff:** ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
   **Describe:**
   **Value of Property:** $ 1,500,000.00  **Annual Interest Rate** _____ % ☐ Fixed ☐ Variable
   (when case was filed)
   **Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
   **if any:** $ _____    **Basis for perfection:** _____

   **Amount of Secured Claim:** $ 1,500,000.00    **Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $ _____

   * *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
   Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $ _____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

   If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.
   ☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)
   (Attach copy of power of attorney, if any.)

   I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

   Print Name: Allan Cate, Esq.
   Title: Attorney
   Company: Law Office Allan Cate
   Address and telephone number (if different from notice address above):
   _____
   (Signature)       11/7/12 (Date)

   **RECEIVED**
   NOV 08 2012
   **KURTZMAN CARSON CONSULTANT**

Telephone number:    Email:

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

001KC0002 51765-3 domestic 19/018539/111230

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSALIND ALEXANDER-KASPARIK, an individual;



FILED
CIVIL BUSINESS
CENTRAL DIVISION

12 JUL 31 PM 1:14

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 W. Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
**37-2012-00101531-CU-BC-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allan Cate, Esq., 7710 Balboa Ave., Suite 301, San Diego, CA 92111, (858) 224-5865

DATE: JUL 3 1 2012          Clerk, by    M. Scott    , Deputy
*(Fecha)*                    *(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: ALEXANDER-KASPARIK v. ALLY BANK | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ALLY BANK, fka GMAC MORTGAGE; FEDERAL HOME LOAN MORTGAGE CORPORATION; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE HEREIN; and DOES 1 through 99, inclusive;

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons**

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

12 JUL 31 PM 1:14

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Allan Cate, Esq. (SBN: 248526)
2  **LAW OFFICE OF ALLAN O. CATE**
   7710 Balboa Avenue, Suite 301
3  San Diego, California 92111
   Tel: (858) 224-5865
4  Fax: (858) 228-9885
5
6  Attorney for plaintiff,
   Rosalind Alexander-Kasparik
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| ROSALIND ALEXANDER-KASPARIK, an individual;<br><br>Plaintiff,<br><br>v.<br><br>ALLY BANK, fka GMAC MORTGAGE; FEDERAL HOME LOAN MORTGAGE CORPORATION; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE HEREIN; and DOES 1 through 99, inclusive;<br><br>Defendants. | Case No.: **37-2012-00101531-CU-BC-CTL**<br><br>[Unlimited Civil Case]<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **INTENTIONAL MISREPRESENTATION;**<br>2. **NEGLIGENT MISREPRESENTATION;**<br>3. **BREACH OF FIDUCIARY DUTY;**<br>4. **UNJUST ENRICHMENT;**<br>5. **BREACH OF CONTRACT;**<br>6. **QUIET TITLE;**<br>7. **VIOLATION OF CIVIL CODE SECTION 2923.6; AND**<br>8. **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

COMES NOW, plaintiff Roasalind Alexander-Kasparik ("Plaintiff" or "Alexander"), demanding a jury trial, and based on personal knowledge and on information and belief allege as follows:

- 1 -

**COMPLAINT**

## THE SUBJECT PROPERTY

1. At all times relevant herein, Plaintiff owned a single family residence, an attached property, located at 1021 Scott Street #149, San Diego, CA 92106 ("Subject Property" or "Property").

## PARTIES AND VENUE

2. Defendant ALLY BANK, fka GMAC BANK ("Ally"), is a federal bank headquartered in Midvale, Utah. Ally is doing business in the State of California, County of San Diego.

3. Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION ("FHLMC"), is a business entity of unknown charter headquartered in Washington, D.C. FHLMC is doing business in the State of California, County of San Diego.

4. The defendants named herein as "all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title or any cloud on Plaintiff's title herein," named as Does 1 through 99, inclusive, are unknown to Plaintiff at the present time. These defendants, and each of them, claim some right, title, estate, lien, or interest in the below-described Property adverse to Plaintiff's title, and such claim may constitute a cloud on Plaintiff's title thereto. Such claim or claims are without any right whatever and these defendants have no right, title, estate, lien, or interest whatever in the below-described Property or any part thereof. Plaintiff therefore sues said defendants by such fictitious names and will seek leave of court to amend this Complaint to set forth their true names and capacities thereof, when the same has been ascertained.

5. Defendants, and each of them, were and are agents, servants, representatives, and/or employees of each of the other defendants herein, and were at all times acting within the course and scope of such agency, representation and employment and with the permission and consent of each of said defendants.

6. Wherever appearing in this complaint, each and every reference to defendants and to any of them, is intended to be and shall be a reference to all defendants hereto, and to each of

them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified ("Defendants").

7. Plaintiff reserve the right to assert additional violations of law as documents and information related to the transaction(s) are produced in the course of discovery in this action.

8. Venue is proper in the County of San Diego under Code of Civil Procedure Sections 392 and 395 because this action results from foreclosure on a mortgage on real property located in San Diego County, this action arises out of an offer or provision of a loan intended primarily for personal family or household use in San Diego County, and the alleged acts herein occurred in San Diego County. Further, a substantial portion of the transactions and wrongs complained of herein, including the defendants' participation in the wrongful acts occurred in this County, and defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## FACTUAL ALLEGATIONS

9. In or about 2005, Plaintiff purchased the Subject Property. As a part of that transaction, a loan and deed of trust were executed in favor of lender, defendant FHLMC with defendant Ally Bank as the servicing agent.

10. In 2010, Plaintiff began to fall behind on her mortgage payments to defendants due to a temporary increase in her personal expenses, which was beyond her control. While plaintiff has the intermediate- and long-term capacity to generate income, her finances declined dramatically during this period of time.

11. Due to these temporary financial difficulties, plaintiff attempted to obtain a loan modification from defendants. Also, at this same time, Plaintiff attempted to resolve a long-running dispute with defendants relating to the fact that defendants were charging her on an unauthorized and improper impound account, where she was already paying (had paid) the associated tax and insurance payments. Plaintiff believes that this mis-accounting on the part of defendants was in at least the amount of $10,000 to $20,000. However, despite her best efforts, defendants improperly denied plaintiff a loan modification—mainly due to the fact that defendants refused to credit plaintiff's account with overcharges on tax and insurance payments.

12. Again, in 2011, plaintiff applied for loan modification with defendants. While she was entered into a modification program, defendant again fell behind on her mortgage payments.

13. In or about mid-2012, plaintiff applied for loan modification with the organization Keep Your Home California ("KYHCA"). KYHCA is a California State-sponsored organization operated by CalHFA Mortgage Assistance Corporation that offers monetary assistance to help mortgage borrowers obtain modifications of their loans. Defendant was told by KYHCA representatives that because there was less than 21 days before her scheduled trustees sale date, that they could not qualify her for their Mortgage Reinstatement Program (which defendant FHLMC is a participant in). When plaintiff contacted defendant GMAC to obtain a short continuance of the trustee sale, they would only give her a continuance such that there were 20 days before the sale, such that she would not be able to participate in the KYHCA loan modification program. Nonetheless, plaintiff worked with KYHCA, and after numerous calls to various people within the organization, she was able to secure entry into the Mortgage Reinstatement Program. In late-June 2012, plaintiff received correspondence from KYHCA indicating that she had been deemed eligible for the program, that documentation was forthcoming from defendants/lenders, and that the foreclosure proceedings should be put on hold at this point. Plaintiff and KYHCA completed plaintiff's application process and submitted the same with a request for a completed Servicer Worksheet on June 28, 2012 to defendant GMAC for processing. At this point, plaintiff had already been approved for California State-sponsored Mortgage Reinstatement Program which would be providing a substantial portion of the funding for the loan modification.

14. On July 2, 2012, plaintiff received correspondence from KYHCA indicating that defendant Ally Bank (loan servicer) would now not go through with the proposed loan modification under the KYHCA program because the request was made within seven days of the scheduled trustee's sale date. When plaintiff contacted defendant FHLMC (investor) directly and spoke with their representative Emily, plaintiff was told that a request was being submitted to defendant Ally Bank (loan servicer) to postpone the July 3, 2012 foreclosure sale (by

- 4 -

**COMPLAINT**

FHLMC) pending review of plaintiff's application for loan modification. Plaintiff was advised by Emily (at FHLMC) that the sale was being postponed, and that she should check the electronic system to make sure that the sale was actually postponed. Even though plaintiff was advised on July 2, 2012 by the mortgage lender/investor, defendant FHLMC that the sale would be postponed, the trustee sale still took place on July 3, 2012.

15. Plaintiff has been damaged by defendants moving forward with the subject trustee sale, where they had no right to do so under contractual agreements and the law, and where defendants had agreed to postpone the subject trustee's sale pending review of plaintiff's loan modification. Plaintiff relied on defendants' representations to her detriment in that she could have filed an emergency bankruptcy or employed other drastic measures in order to stop the subject foreclosure sale, had plaintiff known that defendant had no true intention of stopping the sale.

16. Plaintiff brings the within lawsuit alleging claims for damages and for rescission of the subject trustee sale based on substantive illegalities and the violation of plaintiff's contractual rights.

## FIRST CAUSE OF ACTION

### Intentional Misrepresentation

### (Against All Defendants)

17. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, in the manner pled above, represented that they would stop the subject trustee sale to review Plaintiff's application for loan modification. At the time of making said representations defendants intended that Plaintiff rely on their representations. Plaintiff, in reliance on such representations, and without knowledge of their falsity acted to not take further steps to stop the subject foreclosure sale herein, such as filing an emergency bankruptcy petition.

**COMPLAINT**

19. Plaintiff is further informed and believe and thereon allege that Defendants' representations were in fact false and that the true facts were that Defendants, and each of them, had not, and did not intend to, provide Plaintiff with a delay of the trustee's sale as they had agreed to orally. That Plaintiff relied upon the representations of said Defendants and each of them as set forth hereinabove and would not have relied on Defendants in this regard, had Plaintiff known the true facts. Specifically, by reasonably relying on Defendants' oral statements, Plaintiff was prevented from taking other steps to avoid foreclosure.

20. As a direct and proximate result of defendants' conspiracy and fraudulent conduct, Plaintiff has been damaged in the amount to be proven at trial.

21. Defendants' acts were malicious, intentional and illegal.

22. As a result of the malicious, intentional and illegal actions of defendants, Plaintiff is entitled to recover exemplary and punitive damages in a sum to be determined at the time of trial.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (Against All Defendants)

23. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

24. That the actions and representations of defendants and each of them as set forth herein above were negligent and without due regard. More specifically, defendants made the following representations: that defendants would continue to postpone scheduled trustee sale pending review of her application for loan modification.

25. That the representations made by defendants were false and at all times intended to be false and to mislead Plaintiff or grossly wanton and negligent in that defendants should have known that they would not have been able to comply with their representations.

26. The true facts were that defendants did not intend to or actually postpone the

- 6 -

COMPLAINT

subject trustee sale herein.

27. That Plaintiff relied upon the representations of said defendants and each of them as set forth hereinabove and would not have relied on defendants in this regard, had Plaintiff known the true facts.

28. That Plaintiff's reliance upon said defendants and each of them and the statements made by defendants was reasonable under the circumstances.

29. That as a result of the actions of defendants and each of them, Plaintiff has been damaged in a sum not yet readily ascertainable and Plaintiff will ask leave of court to amend her complaint when the true nature and extent of her damages has been ascertained.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against All Defendants)

30. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

31. At all times relevant, defendants and each of them created, accepted and acted in a fiduciary relationship of great trust and acted for the benefit of Plaintiff.

32. On information and belief Plaintiff alleges that defendants owed and owe Plaintiff fiduciary duties. By reason of their fiduciary relationship, defendants owed and owe Plaintiff the highest obligations of good faith, fair dealing, loyalty and due care in all their dealings with Plaintiff as well as a duty to keep Plaintiff adequately and accurately informed on all issues regarding the her loan, her loan modification application and the trustee sale date of the Subject Property. Defendants and each of them breached the fiduciary duty owed to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff.

33. Among other things, defendants and each of them have failed to adhere to their obligations to Plaintiff, and stop the alleged trustee sale as they stated that they would. These actions were done without due care for the protection of Plaintiff's rights.

34. As a direct and legal result of said breach of fiduciary duty, Plaintiff has suffered economic damage and potential loss of the Subject Property resulting in damages according to

proof at trial. On information and belief, defendants' never intended to comply with their fiduciary commitments and oral promises to Plaintiff and instead engaged in a course of conduct to frustrate Plaintiff's ability to apply for and obtain a loan modification, or, filing bankruptcy or finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees and/or other damages to be proven at trial.

35. Defendants and each of them acted willfully, maliciously, oppressively, and in conscious disregard of the rights of Plaintiff and their fiduciary duties. As such Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (Against All Defendants)

36. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

37. In taking the aforementioned actions, defendants and each of them, directly or indirectly, were paid monies or took property that was unjustified.

38. Defendants are therefore in possession of money and property that belongs to the Plaintiff and they have deprived Plaintiff of its possession, use and enjoyment. On information and belief, defendants' never intended to comply with their commitments and numerous promises and instead engaged in a course of conduct to frustrate Plaintiff's ability to take other steps to stop the subject trustee's sale such as short selling, bankruptcy options or finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees.

39. As a direct and legal result of the defendants' misconduct, Plaintiff sustained actual, special and consequential damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

- 8 -

**COMPLAINT**

40. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

41. Defendants have certain duties under written agreements with the California and other states' Attorneys General, entered into by defendants and public authority, expressly on behalf of aggrieved third-party loan modification prospects.

42. Plaintiff has performed, or has been excused from performing under said agreement.

42. Defendant has breached the agreement and caused plaintiff harm in that plaintiff was not able to obtain a loan modification, despite her good faith and best efforts, due to the bad-faith conduct and breaches of agreement by defendants.

43. Plaintiff has been resultantly damaged by having had the Subject Property being recently sold at foreclosure sale.

## SIXTH CAUSE OF ACTION

### Quiet Title to Real Property

### (Against All Defendants)

44. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

45. That Plaintiff is seeking a quiet title action against the claims of defendants and each of them in the Subject Property more specifically described hereinabove.

46. That the claims of defendants, and each of them, are without any right, title, ownership or interest whatsoever and that defendants, and each of them, have no right, title or interest in the Property, and that any alleged title obtained by the within defendants and each of them, was obtained through misrepresentation, by wrongful acts, unconscionable and inequitable practices and breach of fiduciary duties.

47. The foreclosure and sale of the Subject Property was wrongful and should be voided by virtue of defendants' fraudulent conduct alleged in this complaint, and by reason of the defective Trustee's Sale. Based on the facts alleged in this complaint and incorporated herein, said Trustee's Deed Upon Sale should be cancelled and be of no force or effect.

48. Plaintiffs seek to quiet title in the Subject Property as to each defendant, and that each such defendant has no such right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to plaintiffs, or at all. That the claims of all defendants herein are without any right, title, ownership or interest whatsoever.

49. That Plaintiff seeks quiet title as of the date of this lawsuit is filed on any and all interests of the within defendants in said Subject Property.

## SEVENTH CAUSE OF ACTION

### Violation of Civil Code Section 2923.6

### (Against All Defendants)

50. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

51. That defendants have failed to adhere to the provisions of Civil Code section 2923.6 requiring a good faith attempt at modification of the subject loan by committing the acts described herein. Specifically, defendants and each of them have failed to adhere to their obligations to provide a good faith review of Plaintiff's request for loan modification and failed to postpone the trustee sale of the Subject Property as they promised to do.

52. That Plaintiff has been damaged, in an amount to be proven at trial, by defendants' failure to adhere to the provisions of Civil Code 2923.6.

## EIGHTH CAUSE OF ACTION

### Violation of California Unfair Business Practices Act

### (Against All Defendants)

53. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

54. Given the various alleged misrepresentation, wrongful acts, unconscionable and inequitable practices, breach of fiduciary duties, and failure to adhere to relevant statutory law alleged, defendants have also violated California Business and Professions Code § 17200 et seq. by engaging in unfair business practices that was intended to and did frustrate Plaintiff's ability to take other steps to stop the subject trustee sale, such as short selling, bankruptcy options or

- 10 -

COMPLAINT

finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees and from the resulting purported ownership interest in the subject property.

55. Plaintiff are therefore entitled to the remedies allowed pursuant to Business and Professions Code § 17200 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general, special, statutory, punitive and actual damages according to proof at trial;
2. For consequential and incidental damages;
3. For court judgment and order that foreclosure and sale of the Subject Property is void, and that the Trustee's Deed Upon Sale should be cancelled and be of no force or effect;
4. For a court judgment and order declaring the equitable rights of the parties herein;
5. For a court judgment and order declaring that plaintiff have quiet title in the Subject Property as to each defendant, and that each such defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to Plaintiff, or at all;
6. For the equitable, injunctive and monetary relief permitted under Business & Professions Code Section 17203;
7. For costs of suit incurred herein; and
8. For such other and further relief as the court may deem just and proper.

Dated: July 26, 2012

Respectfully submitted,
**LAW OFFICE OF ALLAN O. CATE**

_____
Allan Cate, Attorney for Plaintiff
Rosalind Alexander-Kasparik

- 11 -

**COMPLAINT**

## JURY DEMAND

Plaintiff request that the trial in this case be by jury.

Dated: July 26, 2012

**LAW OFFICE OF ALLAN O. CATE**

_____
Allan Cate, Attorney for Plaintiff
Rosalind Alexander-Kasparik