## Exhibit I

Allan Cate, Esq. (SBN: 248526)
**CATE LEGAL GROUP**
7710 Balboa Avenue, Suite 316
San Diego, California 92111
Tel: (858) 224-5865
Fax: (858) 228-9885

FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION

2014 JUL 31 PM 3: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorney for Plaintiff,
Rosalind Alexander-Kasparik

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| ROSALIND ALEXANDER-KASPARIK, an individual;<br><br>        Plaintiff,<br>v.<br><br>ALLY BANK, fka GMAC MORTGAGE; FEDERAL HOME LOAN MORTGAGE CORPORATION; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE HEREIN; and DOES 1 through 99, inclusive;<br><br>        Defendants. | Case No.: 37-2012-010153†CU-BC-CTL<br><br>[Unlimited Civil Case]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**1. INTENTIONAL MISREPRESENTATION;**<br>**2. NEGLIGENT MISREPRESENTATION;**<br>**3. BREACH OF FIDUCIARY DUTY;**<br>**4. UNJUST ENRICHMENT;**<br>**5. BREACH OF CONTRACT;**<br>**6. QUIET TITLE;**<br>**7. VIOLATION OF CIVIL CODE SECTION 2923.6; AND**<br>**8. VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**<br>**9. PROMISSORY ESTOPPEL**<br><br>**[JURY TRIAL DEMANDED]** |

- 1 -

COMES NOW, plaintiff Roasalind Alexander-Kasparik ("Plaintiff" or "Alexander"), demanding a jury trial, and based on personal knowledge and on information and belief allege as follows:

### THE SUBJECT PROPERTY

1.    At all times relevant herein, Plaintiff owned a single family residence, an attached property, located at 1021 Scott Street #149, San Diego, CA 92106 ("Subject Property" or "Property").

### PARTIES AND VENUE

2.    Defendant ALLY BANK, fka GMAC BANK ("Ally"), is a federal bank headquartered in Midvale, Utah.   Ally is doing business in the State of California, County of San Diego.

3.    Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION ("FHLMC"), is a business entity of unknown charter headquartered in Washington, D.C. FHLMC is doing business in the State of California, County of San Diego.

4.    The defendants named herein as "all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title or any cloud on Plaintiff's   title herein," named as Does 1 through 99, inclusive, are unknown to Plaintiff at the present time.  These defendants, and each of them, claim some right, title, estate, lien, or interest in the below-described Property adverse to Plaintiff's title, and such claim may constitute a cloud on Plaintiff's title thereto.  Such claim or claims are without any right whatever and these defendants have no right, title, estate, lien, or interest whatever in the below-described Property or any part thereof.  Plaintiff therefore sues said defendants by such fictitious names and will seek leave of court to amend this Complaint to set forth their true names and capacities thereof, when the same has been ascertained.

5.    Defendants, and each of them, were and are agents, servants, representatives, and/or employees of each of the other defendants herein, and were at all times acting within the course and scope of such agency, representation and employment and with the permission and

- 2 -

consent of each of said defendants.

6.      Wherever appearing in this complaint, each and every reference to defendants and to any of them, is intended to be and shall be a reference to all defendants hereto, and to each of them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified ("Defendants").

7.      Plaintiff reserve the right to assert additional violations of law as documents and information related to the transaction(s) are produced in the course of discovery in this action.

8.      Venue is proper in the County of San Diego under Code of Civil Procedure Sections 392 and 395 because this action results from foreclosure on a mortgage on real property located in San Diego County, this action arises out of an offer or provision of a loan intended primarily for personal family or household use in San Diego County, and the alleged acts herein occurred in San Diego County.  Further, a substantial portion of the transactions and wrongs complained of herein, including the defendants' participation in the wrongful acts occurred in this County, and defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## FACTUAL ALLEGATIONS

9.      In or about 2005, Plaintiff purchased the Subject Property.  As a part of that transaction, a loan and deed of trust were executed in favor of lender, defendant FHLMC with defendant Ally Bank as the servicing agent.

10.      In 2010, Plaintiff began to fall behind on her mortgage payments to defendants due to a temporary increase in her personal expenses, which was beyond her control.  While plaintiff has the intermediate- and long-term capacity to generate income, her finances declined dramatically during this period of time.

11.      Due to these temporary financial difficulties, plaintiff attempted to obtain a loan modification from defendants.  Also, at this same time, Plaintiff attempted to resolve a long-running dispute with defendants relating to the fact that defendants were charging her on an unauthorized and improper impound account, where she was already paying (had paid) the associated tax and insurance payments.  Plaintiff believes that this mis-accounting on the part of

- 3 -

defendants was in at least the amount of $10,000 to $20,000. However, despite her best efforts, defendants improperly denied plaintiff a loan modification—mainly due to the fact that defendants refused to credit plaintiff's account with overcharges on tax and insurance payments.

12.    Again, in 2011, plaintiff applied for loan modification with defendants. While she was entered into a modification program, defendant again fell behind on her mortgage payments.

13.    In or about mid-2012, plaintiff applied for loan modification with the organization Keep Your Home California ("KYHCA"). KYHCA is a California State-sponsored organization operated by CalHFA Mortgage Assistance Corporation that offers monetary assistance to help mortgage borrowers obtain modifications of their loans. Defendant was told by KYHCA representatives that because there was less than 21 days before her scheduled trustees sale date, that they could not qualify her for their Mortgage Reinstatement Program (which defendant FHLMC is a participant in). When plaintiff contacted defendant GMAC to obtain a short continuance of the trustee sale, they would only give her a continuance such that there were 20 days before the sale, such that she would not be able to participate in the KYHCA loan modification program. Nonetheless, plaintiff worked with KYHCA, and after numerous calls to various people within the organization, she was able to secure entry into the Mortgage Reinstatement Program. In late-June 2012, plaintiff received correspondence from KYHCA indicating that she had been deemed eligible for the program, that documentation was forthcoming from defendants/lenders, and that the foreclosure proceedings should be put on hold at this point. Plaintiff and KYHCA completed plaintiff's application process and submitted the same with a request for a completed Servicer Worksheet on June 28, 2012 to defendant GMAC for processing. At this point, plaintiff had already been approved for California State-sponsored Mortgage Reinstatement Program which would be providing a substantial portion of the funding for the loan modification.

14.    On July 2, 2012, plaintiff received correspondence from KYHCA indicating that defendant Ally Bank (loan servicer) would now not go through with the proposed loan modification under the KYHCA program because the request was made within seven days of the

scheduled trustee's sale date. When plaintiff contacted defendant FHLMC (investor) directly

and spoke with their representative Emily, plaintiff was told that a request was being submitted

to defendant Ally Bank (loan servicer) to postpone the July 3, 2012 foreclosure sale (by

FHLMC) pending review of plaintiff's application for loan modification. Plaintiff was advised

by Emily (at FHLMC) that the sale was being postponed, and that she should check the

electronic system to make sure that the sale was actually postponed. Even though plaintiff was

advised on July 2, 2012 by the mortgage lender/investor, defendant FHLMC that the sale would

be postponed, the trustee sale still took place on July 3, 2012.

15.    Plaintiff has been damaged by defendants moving forward with the subject trustee

sale, where they had no right to do so under contractual agreements and the law, and where

defendants had agreed to postpone the subject trustee's sale pending review of plaintiff's loan

modification. Plaintiff relied on defendants' representations to her detriment in that she could

have filed an emergency bankruptcy or employed other drastic measures in order to stop the

subject foreclosure sale, had plaintiff known that defendant had no true intention of stopping the

sale.

16.    Plaintiff brings the within lawsuit alleging claims for damages and for rescission

of the subject trustee sale based on substantive illegalities and the violation of plaintiff's

contractual rights.

## FIRST CAUSE OF ACTION

### Intentional Misrepresentation

### (Against All Defendants)

17.    Plaintiff incorporates by reference and re-alleges each and every allegation

contained above, as though fully set forth herein.

18.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, in the manner pled above, represented that they would stop the subject trustee sale to

review Plaintiff's application for loan modification. At the time of making said representations

defendants intended that Plaintiff rely on their representations. Plaintiff, in reliance on such

- 5 -

representations, and without knowledge of their falsity acted to not take further steps to stop the

subject foreclosure sale herein, such as filing an emergency bankruptcy petition.

19.    Plaintiff is further informed and believe and thereon allege that Defendants'

representations were in fact false and that the true facts were that Defendants, and each of them,

had not, and did not intend to, provide Plaintiff with a delay of the trustee's sale as they had

agreed to orally.  That Plaintiff relied upon the representations of said Defendants and each of

them as set forth hereinabove and would not have relied on Defendants in this regard, had

Plaintiff known the true facts.  Specifically, by reasonably relying on Defendants' oral

statements, Plaintiff was prevented from taking other steps to avoid foreclosure.

20.    As a direct and proximate result of defendants' conspiracy and fraudulent

conduct, Plaintiff has been damaged in the amount to be proven at trial.

21.    Defendants' acts were malicious, intentional and illegal.

22.    As a result of the malicious, intentional and illegal actions of defendants, Plaintiff

is entitled to recover exemplary and punitive damages in a sum to be determined at the time of

trial.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (Against All Defendants)

23.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

24.    That the actions and representations of defendants and each of them as set forth

herein above were negligent and without due regard.  More specifically, defendants made the

following representations: that defendants would continue to postpone scheduled trustee sale

pending review of her application for loan modification.

25.    That the representations made by defendants were false and at all times intended

to be false and to mislead Plaintiff or grossly wanton and negligent in that defendants should

have known that they would not have been able to comply with their representations.

26.    The true facts were that defendants did not intend to or actually postpone the subject trustee sale herein.

27.    That Plaintiff relied upon the representations of said defendants and each of them as set forth hereinabove and would not have relied on defendants in this regard, had Plaintiff known the true facts.

28.    That Plaintiff's reliance upon said defendants and each of them and the statements made by defendants was reasonable under the circumstances.

29.    That as a result of the actions of defendants and each of them, Plaintiff has been damaged in a sum not yet readily ascertainable and Plaintiff will ask leave of court to amend her complaint when the true nature and extent of her damages has been ascertained.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against All Defendants)

30.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

31.    At all times relevant, defendants and each of them created, accepted and acted in a fiduciary relationship of great trust and acted for the benefit of Plaintiff.

32.    On information and belief Plaintiff alleges that defendants owed and owe Plaintiff fiduciary duties. By reason of their fiduciary relationship, defendants owed and owe Plaintiff the highest obligations of good faith, fair dealing, loyalty and due care in all their dealings with Plaintiff as well as a duty to keep Plaintiff adequately and accurately informed on all issues regarding the her loan, her loan modification application and the trustee sale date of the Subject Property. Defendants and each of them breached the fiduciary duty owed to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff.

33.    Among other things, defendants and each of them have failed to adhere to their obligations to Plaintiff, and stop the alleged trustee sale as they stated that they would. These actions were done without due care for the protection of Plaintiff's rights.

- 7 -

34.     As a direct and legal result of said breach of fiduciary duty, Plaintiff has suffered economic damage and potential loss of the Subject Property resulting in damages according to proof at trial. On information and belief, defendants' never intended to comply with their fiduciary commitments and oral promises to Plaintiff and instead engaged in a course of conduct to frustrate Plaintiff's ability to apply for and obtain a loan modification, or, filing bankruptcy or finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees and/or other damages to be proven at trial.

35.     Defendants and each of them acted willfully, maliciously, oppressively, and in conscious disregard of the rights of Plaintiff and their fiduciary duties. As such Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (Against All Defendants)

36.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

37.     In taking the aforementioned actions, defendants and each of them, directly or indirectly, were paid monies or took property that was unjustified.

38.     Defendants are therefore in possession of money and property that belongs to the Plaintiff and they have deprived Plaintiff of its possession, use and enjoyment. On information and belief, defendants' never intended to comply with their commitments and numerous promises and instead engaged in a course of conduct to frustrate Plaintiff's ability to take other steps to stop the subject trustee's sale such as short selling, bankruptcy options or finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees.

39.     As a direct and legal result of the defendants' misconduct, Plaintiff sustained actual, special and consequential damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

- 8 -

**Breach of Contract**

**(Against All Defendants)**

40.    Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

41.    Defendants have certain duties under written agreements with the California and other states' Attorneys General, entered into by defendants and public authority, expressly on behalf of aggrieved third-party loan modification prospects.

42.    Plaintiff has performed, or has been excused from performing under said agreement.

42.    Defendant has breached the agreement and caused plaintiff harm in that plaintiff was not able to obtain a loan modification, despite her good faith and best efforts, due to the bad-faith conduct and breaches of agreement by defendants.

43.    Plaintiff has been resultantly damaged by having had the Subject Property being recently sold at foreclosure sale.

## SIXTH CAUSE OF ACTION

**Quiet Title to Real Property**

**(Against All Defendants)**

44.    Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

45.    That Plaintiff is seeking a quiet title action against the claims of defendants and each of them in the Subject Property more specifically described hereinabove.

46.    That the claims of defendants, and each of them, are without any right, title, ownership or interest whatsoever and that defendants, and each of them, have no right, title or interest in the Property, and that any alleged title obtained by the within defendants and each of them, was obtained through misrepresentation, by wrongful acts, unconscionable and inequitable practices and breach of fiduciary duties.

47.    The foreclosure and sale of the Subject Property was wrongful and should be voided by virtue of defendants' fraudulent conduct alleged in this complaint, and by reason of

- 9 -

the defective Trustee's Sale. Based on the facts alleged in this complaint and incorporated

herein, said Trustee's Deed Upon Sale should be cancelled and be of no force or effect.

48.    Plaintiffs seek to quiet title in the Subject Property as to each defendant, and that

each such defendant has no such right, title, estate, lien, or interest in the Subject Property or any

part of it, adverse to plaintiffs, or at all. That the claims of all defendants herein are without any

right, title, ownership or interest whatsoever.

49.    That Plaintiff seeks quiet title as of the date of this lawsuit is filed on any and all

interests of the within defendants in said Subject Property.

## SEVENTH CAUSE OF ACTION

### Violation of Civil Code Section 2923.6

### (Against All Defendants)

50.    Plaintiff incorporates by reference and re-alleges each and every allegation

contained above, as though fully set forth herein.

51.    That defendants have failed to adhere to the provisions of Civil Code section

2923.6 requiring a good faith attempt at modification of the subject loan by committing the acts

described herein. Specifically, defendants and each of them have failed to adhere to their

obligations to provide a good faith review of Plaintiff's request for loan modification and failed

to postpone the trustee sale of the Subject Property as they promised to do.

52.    That Plaintiff has been damaged, in an amount to be proven at trial, by

defendants' failure to adhere to the provisions of Civil Code 2923.6.

## EIGHTH CAUSE OF ACTION

### Violation of California Unfair Business Practices Act

### (Against All Defendants)

53.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

54.    Given the various alleged misrepresentation, wrongful acts, unconscionable and

inequitable practices, breach of fiduciary duties, and failure to adhere to relevant statutory law

alleged, defendants have also violated California Business and Professions Code § 17200 et seq.

- 10 -

by engaging in unfair business practices that was intended to and did frustrate Plaintiff's ability to take other steps to stop the subject trustee sale, such as short selling, bankruptcy options or finding other means to avoid foreclosure. As a result of defendants' conduct, defendants have been unjustly enriched by late fees and/or foreclosure fees and from the resulting purported ownership interest in the subject property.

55.    Plaintiff are therefore entitled to the remedies allowed pursuant to Business and Professions Code § 17200 et seq.

## NINTH CAUSE OF ACTION

### Promissory Estoppel

### (Against All Defendants)

56.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

57.    Defendants made a promise, through oral and written representations to Plaintiff's loan modification assistance company, KYHCA, that they would not foreclose on the Subject Property because Plaintiff had been deemed qualified for third party government assistance.

58.    Defendants should have reasonably expected Plaintiff to rely on such promise.

59.    Plaintiff did in fact justifiably rely on that promise by continuing with the program underway with KYHCA whereby Defendants would be paid money from a third-party homeowner relief agency as part of a loan modification deal for Plaintiff, where the pending foreclosure sale would be cancelled or postponed. Plaintiff did not pursue other courses of action to stop the avoid the foreclosure sale including, but not limited to filing of a Chapter 7 or 13 bankruptcy petition. Additionally, Plaintiff could have explored the possibility of refinancing or marketing and selling the Subject Property. Accordingly, Defendants were estopped from taking any action that was contrary to the written and oral promises made to Plaintiff (either directly, or through KYHCA).

60.    Additionally, Pursuant to the Servicer Participation Agreement and HAMP, Defendants promised to suspend all pending foreclosure proceedings until the HAMP analysis was complete for all homeowners, including Plaintiff. Plaintiff is a third-party beneficiary of this

- 11 -

agreement.

61.    Additionally, Pursuant to the Servicer Participation Agreement and HAMP, Defendants agreed to offer a 3 month HAMP Trial Period at the payment level of 31 percent of income to all borrowers, including Plaintiff, who met the HAMP criteria and passed the net present value test.

62.    Defendants breached the Servicer Participation Agreement with the federal government of which Plaintiff is a third-party beneficiary. Accordingly, Defendants should be estopped from claiming any benefit from the foreclosure due to its violation of the Servicer Participation Agreement.

63.    As a result of Defendants false promises and misrepresentations, Plaintiff suffered special and general damages in an amount according to proof at trial, but not less than $1,500,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For general, special, statutory, punitive and actual damages according to proof at trial;

2.    For consequential and incidental damages;

3.    For court judgment and order that foreclosure and sale of the Subject Property is void, and that the Trustee's Deed Upon Sale should be cancelled and be of no force or effect;

4.    For a court judgment and order declaring the equitable rights of the parties herein;

5.    For a court judgment and order declaring that plaintiff have quiet title in the Subject Property as to each defendant, and that each such defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to Plaintiff, or at all;

6.    For the equitable, injunctive and monetary relief permitted under Business & Professions Code Section 17203;

7.    For costs of suit incurred herein; and

- 12 -

8.    For such other and further relief as the court may deem just and proper.

Dated: July 31, 2014                                    Respectfully submitted,
                                                        **CATE LEGAL GROUP**



                                                        Allan Cate, Attorney for Plaintiff
                                                        Rosalind Alexander-Kasparik

---

## JURY DEMAND

Plaintiff request that the trial in this case be by jury.

Dated: July 31, 2014                                    **CATE LEGAL GROUP**



                                                        Allan Cate, Attorney for Plaintiff
                                                        Rosalind Alexander-Kasparik

- 13 -

**FIRST AMENDED COMPLAINT**

FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION

2014 JUL 31  PM 3: 21

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

PROOF OF SERVICE
(37-2012-101531-CU-BC-CTL)

1

2

I, the undersigned, declare as follows:

3

4      That I am, and was at the time of service of the papers herein referred to, over the age of
eighteen years and not a party to the within action, and I am employed in the county of San

5  Diego, California in which this mailing occurred. My business address is 7710 Balboa Avenue,
Suite 316, San Diego, CA 92111. I served the following documents in the following manner:

6

7  **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

8      [X] Of which the original document, or a true and accurate copy, is attached, by placing a
copy thereof in a separate envelope for each addressee named hereafter, addressed to each such

9  addressee respectively as follows:

10
   Defendants' Attorneys
11 Robert Gandy, Esq.
   Severson & Werson
12 19100 Von Karman Avenue, Suite 700
   Irvine, CA 92612
13 Fax: (949) 442-7118

14
   John Sullivan, Esq.
15 Severson & Werson
   One Embarcadero Center, Suite 2600
16 San Francisco, CA 94111
17 Fax: (415) 956-0439

18      I then sealed each envelope and, with postage thereon, fully prepaid, deposited each in the
19 United States mail at San Diego, California, on July 31, 2014.

20      [X] I also caused the same documents to be faxed via facsimile transmission without error
21 to the above individual(s) on the same date provided above.

22      I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st
   Day of July 2014, at San Diego, California.

23

24

25                                                   Allan Cate, Esquire

26

27

28

---

**PROOF OF SERVICE**
1