## Exhibit J

1  ROBERT J. GANDY (State Bar No. 225405)
   rjg@severson.com
2  WILLIAM J. IDLEMAN (State Bar No. 258450)
   wji@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
8  A Professional Corporation
   One Embarcadero Center, Suite 2600
9  San Francisco, California 94111
   Telephone: (415) 398-3344
10 Facsimile: (415) 956-0439

11 Attorneys for Defendants
   GMAC MORTGAGE, LLC (erroneously sued as Ally
12 Bank, fka GMAC Mortgage); and FEDERAL HOME
   LOAN MORTGAGE CORPORATION

13

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/18/2014** at 12:32:00 PM

Clerk of the Superior Court
By Sandra Villanueva,Deputy Clerk

14            **SUPERIOR COURT OF CALIFORNIA**

15        **COUNTY OF SAN DIEGO — CENTRAL DIVISION**

16 ROSALIND ALEXANDER-KASPARIK, an
   individual,
17
              Plaintiff,
18
              vs.
19
   ALLY BANK, fka GMAC MORTGAGE;
20 FEDERAL HOME LOAN MORTGAGE
   CORPORATION; ALL PERSONS
21 UNKNOWN CLAIMING ANY LEGAL OR
   EQUITABLE RIGHT, TITLE, ESTATE,
22 LIEN OR INTEREST IN THE PROPERTY
   DESCRIBED IN THE COMPLAINT
23 ADVERSE TO PLAINTIFF'S TITLE OR
   ANY CLOUD ON PLAINTIFF'S TITLE
24 HEREIN; and DOES 1 through 99, inclusive

25            Defendants.

26

Case No. 37-2012-00101531-CU-BC-CTL
Assigned for All Purposes to:
Hon. Ronald L. Styn
Dept. C-62

**NOTICE OF DEMURRER AND
DEMURRER TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

*[Filed concurrently with Request for Judicial
Notice]*

Date:        December 5, 2014
Time:        8:30 a.m.
Dept.:       C-62

Action Filed:  July 31, 2012
FAC Filed:     July 31, 2014
Trial Date:    Not Set

27

28

19000.1371/3426023.1

DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS .............................................................................................. 1

III. PLAINTIFF'S MISREPRESENTATION CLAIMS FAIL ........................................... 2

    A.    The Complaint Lacks Specificity ............................................................. 2

    B.    Plaintiff Cannot Subvert The Statute Of Frauds ..................................... 3

IV. DEFENDANTS DO NOT OWE PLAINTIFF A FIDUCIARY DUTY ....................... 4

V. UNJUST ENRICHMENT IS NOT AN INDEPENDENT CAUSE OF ACTION ....... 5

VI. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS ....................................... 5

VII. PLAINTIFF'S QUIET TITLE CAUSE OF ACTION FAILS BECAUSE SHE DOES
      NOT ALLEGE TENDER AND SHE HAS NO INTEREST IN THE PROPERTY ........... 6

VIII. CIVIL CODE §2923.6 PROVIDES NO PRIVATE RIGHT OF ACTION ............... 7

IX. PLAINTIFF FAILS TO SUPPORT HER UCL CLAIMS ......................................... 7

    A.    Plaintiff Fails To Allege Any Unlawful Conduct .................................... 8

    B.    Plaintiff Fails To Allege Any Fraudulent Conduct ................................. 8

    C.    Plaintiff Fails To Allege Any Unfair Conduct ........................................ 9

X. PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS ..................................... 9

    A.    Plaintiff Has Not Identified A Clear Promise ...................................... 10

    B.    Plaintiff Has Not, And Cannot, Plead Detrimental Reliance ................ 10

XI. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdallah v. United Savings Bank*
(1996) 43 Cal.App.4th 1101 ................................................................6

*Aceves v. U.S. Bank, N.A.*
(2011) 192 Cal.App.4th 218 ..............................................................10

*Aguilar v. Bocci*
(1974) 39 Cal.App.3d 475 ...................................................................6

*Arnolds Mgmt. Corp. v. Eischen*
(1984) 158 Cal.App.3d 575 .................................................................6

*Buckland v. Threshold Enters., Ltd.*
(2007) 155 Cal.App.4th 798 ................................................................2

*Byars v. SCME Mortgage Bankers, Inc.*
(2003) 109 Cal.App.4th 1134 ..............................................................8

*Cadlo v. Owens-Illinois, Inc.*
(2004) 125 Cal.App.4th 513 ................................................................3

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*
(1999) 20 Cal.4th 163 ......................................................................7, 9

*Charnay v. Cobert*
(2006) 145 Cal.App.4th 170 ................................................................2

*Conrad v. Bank of America*
(1996) 45 Cal.App.4th 133 ..................................................................3

*Downey v. Humphreys*
(1951) 102 Cal.App.2d 323 .................................................................5

*Farner v. Countrywide Home Loans*
(S.D. Cal. 2009) 2009 WL 189025 .......................................................7

*FPCI RE-HAB 01 v. E & G Investments, Ltd.*
(1989) 207 Cal.App.3d 1018 ...............................................................6

*Garcia v. World Savings Bank, FSB*
(2010) 183 Cal.App.4th 1031 ..........................................................4, 10

*Girard v. Delta Tower Joint Ventures*
(1993) 20 Cal.App.4th 1741 ................................................................4

*Glenn K. Jackson Inc. v. Roe*
(9th Cir. 2001) 273 F.3d 1192 .............................................................8

*Hamilton v. Greenwich Investors XXVI, LLC*
  (2011) 195 Cal.App.4th 1602.................................................................................7

*Herbert v. Lankershim*
  (1937) 9 Cal.2d 409.........................................................................................4

*Jacobson v. Mead*
  (1936) 12 Cal.App.2d 75...................................................................................3

*Justheim Petroleum Company v. Hammond*
  (10th Cir. 1955) 227 F.2d 629............................................................................3

*Karlsen v. Am. Sav. & Loan Ass'n*
  (1971) 15 Cal.App.3d 112................................................................................6

*Khoury v. Maly's of California, Inc.*
  (1993) 14 Cal.App.4th 612................................................................................7

*Krantz v. BT Visual Images, L.L.C.*
  (2001) 89 Cal.App.4th 164...............................................................................8

*Lavie v. Procter & Gamble Co.*
  (2003) 105 Cal.App.4th 496.............................................................................8

*Lazar v. Sup. Court*
  (1996) 12 Cal.4th 631.....................................................................................2

*Lockheed Missile & Space Co. v. Hughes Aircraft Co.*
  (N.D. Cal. 1995) 887 F.Supp. 1320 ...............................................................10

*Lortz v. Connell*
  (1969) 273 Cal.App.2d 286..............................................................................5

*Mabry v. Superior Court*
  (2010) 185 Cal.App.4th 208.............................................................................7

*McBride v. Boughton*
  (2004) 123 Cal.App.4th 379.............................................................................5

*McKell v. Washington Mutual, Inc. et al.*
  (2006) 142 Cal.App.4th 1457...........................................................................8

*Mehta v. Wells Fargo Bank, N.A.*
  (S.D. Cal. 2011) 2011 WL 1157861 ...............................................................11

*Melchior v. New Line Prods., Inc.*
  (2003) 106 Cal.App.4th 779.............................................................................5

*Mix v. Sodd*
  (1981)126 Cal.App.3d 386..............................................................................6

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
  (1991) 231 Cal.App.3d 1089............................................................................4

TABLE OF AUTHORITIES

*People v. Ashley*
 (1954) 42 Cal.2d 246..................................................................................3

*People v. Duz-Mor Diagnostic Lab., Inc.*
 (1998) 68 Cal.App.4th 654..........................................................................8

*Price v. Wells Fargo Bank*
 (1989) 213 Cal.App.3d 465.....................................................................5, 10

*Raedeke v. Gibraltar Savings and Loan Association*
 (1974) 10 Cal.3d 665..................................................................................9

*Saunders v. Superior Court*
 (1994) 27 Cal.App.4th 832..........................................................................8

*Secrest v. Security National Mortgage Loan Trust 2002-2*
 (2008) 167 Cal.App.4th 544.......................................................................10

*Shimpones v. Stickney*
 (1934) 219 Cal. 637....................................................................................6

*Tarmann v. State Farm Mut. Auto Ins. Co.*
 (1991) 2 Cal.App.4th 153............................................................................2

*Tenzer v. Superscope, Inc.*
 (1985) 39 Cal.3d 18.................................................................................3, 4

*United States Cold Storage v. Great W. Sav. & Loan Ass'n*
 (1985) 165 Cal.App.3d 1214.......................................................................6

*Wilhelm v. Pray, Price, Williams & Russell*
 (1986) 186 Cal.App.3d 1324........................................................................2

STATUTES

Bus. & Prof. Code
 § 17200, *et seq.*..................................................................................7, 8, 9

Cal. Civ. Code
 § 2923.6...................................................................................................7

Cal. Code Civ. Proc.
 § 761.020(b)..............................................................................................6

OTHER AUTHORITIES

1 Miller & Starr, California Real Estate, Contracts (3d ed. 2010) § 1:52................9

Bill of Rights..................................................................................................7

CACI 300, 303................................................................................................5

Prosser, Torts (5th ed. 1984) § 109...................................................................3

1  Rest.2d Torts, § 530 ...................................................................................................3
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES

1  **TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF**

2  **RECORD:**

3      PLEASE TAKE NOTICE that on December 5, 2014, at 8:30 a.m., in Department C-62 of

4  the above-entitled Court located at 330 W. Broadway, San Diego, California, Defendants GMAC

5  Mortgage, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage) and Federal Home Loan

6  Mortgage Corporation (collectively, "Defendants") will and hereby do demur to Plaintiff Rosalind

7  Alexander-Kasparik's ("Plaintiff") First Amended Complaint.

8      The demurrer is made on the grounds that Plaintiff's First Amended Complaint causes of

9  action alleged against Defendants fail to state facts sufficient to constitute a cause of action

10  pursuant to Code of Civil Procedure §430.10(e).

11      The demurrer is based on this Notice of Demurrer and Demurrer, the accompanying

12  Memorandum of Points and Authorities in support thereof, the Request for Judicial Notice filed

13  concurrently herewith, the complaint, pleadings and records of the Court, and any further oral and

14  documentary evidence that may be presented at the hearing.

15

16  DATED:  September 18, 2014        SEVERSON & WERSON

17                          A Professional Corporation

18

19                       By:  _William J. Idleman_

20                              William J. Idleman

21                       Attorneys for Defendants
                         GMAC MORTGAGE, LLC (erroneously sued as Ally

22                       Bank, fka GMAC Mortgage); and FEDERAL HOME
                         LOAN MORTGAGE CORPORATION

23

24

25

26

27

28

1

## DEMURRER TO COMPLAINT

2  Defendants GMAC Mortgage, LLC (erroneously sued as Ally Bank, fka GMAC

3  Mortgage) and Federal Home Loan Mortgage Corporation respectfully demur to Plaintiff Rosalind

4  Alexander-Kasparik's ("Plaintiff") First Amended Complaint as follows:

5

## DEMURRER TO FIRST CAUSE OF ACTION

6

### (Intentional Misrepresentation )

7  1.  The first cause of action for intentional misrepresentation fails because it does not

8  state sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

9

## DEMURRER TO SECOND CAUSE OF ACTION

10

### (Negligent Misrepresentation )

11  2.  The second cause of action for negligent misrepresentation fails because it does not

12  state sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

13

## DEMURRER TO THIRD CAUSE OF ACTION

14

### (Breach of Fiduciary Duty)

15  3.  The third cause of action for breach of fiduciary duty fails because it does not state

16  sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

17

## DEMURRER TO FOURTH CAUSE OF ACTION

18

### (Unjust Enrichment)

19  4.  The fourth cause of action for unjust enrichment fails because it does not state

20  sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

21

## DEMURRER TO FIFTH CAUSE OF ACTION

22

### (Breach of Contract)

23  5.  The fifth cause of action for breach of contract fails because it does not state

24  sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

25

## DEMURRER TO SIXTH CAUSE OF ACTION

26

### (Quiet Title)

27  6.  The sixth cause of action for quiet title fails because it does not state sufficient facts

28  to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

## DEMURRER TO SEVENTH CAUSE OF ACTION

### (Violation of Civil Code §2923.6 )

7.    The seventh cause of action for violation of Civil Code §2923.6 fails because it does not state sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

## DEMURRER TO EIGHTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200)

8.    The eighth cause of action for violation of Business and Professions Code §17200 fails because it does not state sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

## DEMURRER TO NINTH CAUSE OF ACTION

### (Promissory Estoppel)

9.    The ninth cause of action for promissory estoppel fails because it does not state sufficient facts to constitute a cause of action.  (See Code Civ. Proc., §430.10(e).)

DATED:  September 18, 2014

SEVERSON & WERSON
A Professional Corporation

By: _William J. Idleman_
        William J. Idleman

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage); and FEDERAL HOME LOAN MORTGAGE CORPORATION

DEMURRER TO FIRST AMENDED COMPLAINT

1     <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2     **I.**

3     **INTRODUCTION**

4     Plaintiff Rosalind Alexander-Kasparik ("Plaintiff") defaulted on her $314,240 mortgage

5     loan in 2010. Ultimately, the property was sold at a July 3, 2012 foreclosure sale. Now Plaintiff

6     sues Defendants GMAC Mortgage, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage)

7     and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants") based

8     upon the a purported oral agreement to postpone the foreclosure sale.[1]

9     As a result of a breach of this purported promise, Plaintiff claims that she was denied the

10     opportunity to pursue a loan modification. However, Plaintiff is not entitled to a loan modification

11     and the purported oral agreement is barred by the statute of frauds. Further, Plaintiff grant deeded

12     any interest she had in the property to a third party, yet now seeks to quiet title in herself despite

13     having no interest in the property, and without alleging a valid tender.

14     Defendants therefore request that the Court sustain their demurrer without leave to amend.

15     **II.**

16     **STATEMENT OF FACTS**

17     On or about June 2, 2006, Plaintiff obtained a $314,240 loan from Unitrust Mortgage, Inc.

18     (Deed of Trust, Request for Judicial Notice ("RJN"), Exhibit ("Ex.") A.) Plaintiff's Loan payment

19     obligations are secured by a deed of trust recorded against the real property located at 1021 Scott

20     Street, #149, San Diego, California 92106 ("Property"). (Deed of Trust, RJN, Ex. A.)

21     Due to Plaintiff's default, foreclosure proceedings were initiated against the Property. A

22     notice of default and notice of trustee's sale were recorded against the Property on October 14,

23

---

24     [1] Per the stipulation to lift the bankruptcy stay entered into between Plaintiff and GMAC Mortgage, LLC

25     ("GMACM"), the "Borrower may prosecute the equitable claims in the California Litigation (including any appeals) solely to the extent they are asserted for the purpose of defending and unwinding the foreclosure

26     of Borrower's loan . . . ." A copy of the stipulation is attached as Exhibit G to the RJN, page 3. Therefore, any claims for damages are stayed against GMACM and only the equitable claim of quiet title may proceed

27     as per the previously filed Notice of Bankruptcy and Suggestion of Automatic Stay. See Notice of Bankruptcy and Suggestion of Automatic Stay, attached as Exhibit H to the RJN, ¶¶5-6.

28

1  2010 and May 24, 2012, respectively.  (Notice of Default, RJN, Ex. B; Notice of Trustee's Sale,

2  RJN, Ex. C.)

3       Mortgage Electronic Registration Systems, Inc. subsequently assigned the beneficial

4  interest in the Deed of Trust to GMAC Mortgage, LLC.  (Assignment of Deed of Trust, RJN,

5  Ex. D.)  Plaintiff then grant deeded any interest she had in the Property to Marcellus Alexander,

6  Jr., Trustee of the Scott Street Land Trust on August 17, 2011.  (Grant Deed, RJN, Ex. E.)

7       The Property was ultimately sold at a July 3, 2012 foreclosure sale, and ownership of the

8  Property reverted to GMAC Mortgage, LLC.  (Trustee's Deed Upon Sale, RJN, Ex. F.)

9                                  **III.**

10           **PLAINTIFF'S MISREPRESENTATION CLAIMS FAIL**

11      Plaintiff's first (intentional misrepresentation) and second (negligent misrepresentation)

12  causes of action are based on purported misrepresentations made by Freddie Mac (FAC, ¶14).

13  Plaintiff fails to state any claim under these theories for several reasons.

14       **A.    The Complaint Lacks Specificity**

15       The elements of fraud under California law are:  (a) misrepresentation (false

16  representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter);

17  (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable

18  reliance; and (e) resulting damage.  (*Lazar v. Sup. Court* (1996) 12 Cal.4th 631, 638; *Buckland v.*

19  *Threshold Enters., Ltd.* (2007) 155 Cal.App.4th 798, 806-07.)  The elements of a negligent

20  misrepresentation claim are similar to a fraud cause of action, *supra*, except for the requirement of

21  scienter.  Specifically, in a claim for negligent misrepresentation, the plaintiff need not allege the

22  defendant made an intentionally false statement, but simply one as to which he or she lacked any

23  reasonable ground for believing the statement to be true.  (See *Charnay v. Cobert* (2006) 145

24  Cal.App.4th 170, 184.)

25       Under well-established California law, "general pleading of the legal conclusion of fraud is

26  insufficient."  (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.)

27  Instead, "every element of the cause of action for fraud must be alleged in full, factually and

28  specifically, and the policy of liberal construction of pleading will not usually be invoked to

MEMORANDUM OF POINTS AND AUTHORITIES

1  sustain a pleading that is defective in any material respect." (*Id.*) "The requirement of specificity

2  in a fraud action against a corporation requires the plaintiff to allege the names of the persons who

3  made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what

4  they said or wrote, and when it was said or written." (*Tarmann v. State Farm Mut. Auto Ins. Co.*

5  (1991) 2 Cal.App.4th 153, 157.) The specificity requirement applies equally to claims for

6  negligent misrepresentation. (*Charnay*, 145 Cal.App.4th 170, 185 fn. 14 ("Fraud and negligent

7  misrepresentation must be pleaded with particularity and by facts that show how, when, where, to

8  whom, and by what means the representations were tendered."); see also *Cadlo v. Owens-Illinois,*

9  *Inc.* (2004) 125 Cal.App.4th 513, 519 ("Each element in a cause of action for fraud or negligent

10  misrepresentation must be factually and specifically alleged.").)

11      Plaintiff's misrepresentation causes of action fail to identify under what authority the

12  individual made the statement, any facts to support an intent to defraud, justifiable reliance, or any

13  damages.  Essentially, Plaintiff complains that a Freddie Mac employee stated that a request to

14  postpone a foreclosure sale would be submitted to GMAC, but also told Plaintiff to follow-up to

15  "make sure that the sale was actually postponed." (FAC, ¶14.) On its face, no misrepresentation is

16  alleged.  At best, Plaintiff is alleging an oral agreement to postpone a foreclosure sale.

17      **B.    Plaintiff Cannot Subvert The Statute Of Frauds**

18      In *Tenzer v. Superscope, Inc.*, the Supreme Court addressed what is required when a

19  plaintiff attempts to recast an invalid breach of oral contract claim violative of the statute of frauds

20  into a claim for fraud.  To survive, such a claim "must produce evidence of the promisor's intent

21  to mislead him." (*Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30.)

22      Arguably, a fraud action may be maintained even if the alleged fraudulent promise is

23  unenforceable as a contract due to the statute of frauds.  (*Id.*)  However, "something more than

24  nonperformance is required to prove the defendant's intent not to perform his promise." (*Tenzer,*

25  *supra*, 39 Cal.3d at p. 30 (citing *People v. Ashley* (1954) 42 Cal.2d 246, 263; see also *Jacobson v.*

26  *Mead* (1936) 12 Cal.App.2d 75, 82; *Justheim Petroleum Company v. Hammond* (10th Cir. 1955)

27  227 F.2d 629, 637; Rest.2d Torts, §530, com. d.; Prosser, Torts (5th ed. 1984) §109, p. 764.) "[A]

28  claim of fraud cannot be permitted to serve simply as an alternative cause of action whenever an

1  enforceable contract is not formed." (*Conrad v. Bank of America* (1996) 45 Cal.App.4th 133,

2  156-157.) Furthermore, "when the statute of frauds clearly bars an action in contract, a

3  disappointed promise should not be allowed to present his claim for compensation to a jury simply

4  by recasting his complaint to include an allegation of misrepresentation." (*Tenzer, supra*, 39

5  Cal.3d at p. 30.) "If plaintiff adduces no further evidence of fraudulent intent than proof of

6  nonperformance of an oral promise, he will never reach a jury." (*Id.*, at pp. 30-31.)

7          The alleged promise in this case was an oral promise to postpone a foreclosure sale while

8  Plaintiff applied for a loan modification. (FAC, ¶18.) The only alleged misconduct is the loan

9  servicer's purported failure to perform this oral promise. As such, Plaintiff fails to allege

10  something more than non-performance to substantiate the intent required for a fraud claim.

11  Further, an oral promise to postpone a foreclosure sale or to allow a borrower to delay payments is

12  unenforceable. (*Garcia v. World Savings Bank, FSB* (2010) 183 Cal.App.4th 1031, 1039.)

13          Plaintiff cannot establish her misrepresentation claims, as the only basis for the misconduct

14  is noncompliance with the oral promise. Plaintiff's misrepresentation claims therefore fail.

15                                                    **IV.**

16          **DEFENDANTS DO NOT OWE PLAINTIFF A FIDUCIARY DUTY**

17          Plaintiff's third cause of action contends that Defendants breached a fiduciary duty by

18  failing to stop the foreclosure sale and assist her in modifying her loan. (FAC, ¶¶32-33.) This

19  claim fails on its face since Defendants do not owe Plaintiff a fiduciary duty.

20          A fiduciary relationship is a "relation existing between two parties to a transaction wherein

21  one of the parties to a transaction is in duty bound to act with the utmost good faith for the benefit

22  of the other party." (*Herbert v. Lankershim* (1937) 9 Cal.2d 409, 483.) This special relationship

23  "ordinarily arises where a confidence is reposed by one person in the integrity of another, and in

24  such a relation the party in whom the confidence is reposed, if he [or she] voluntarily accepts or

25  assumes to accept the confidence, can take no advantage from his [or her] acts relating to the

26  interest of the other party without the latter's knowledge or consent ...." (*Id.*)

27          However, California courts have consistently refused to extend the " 'special relationship'

28  doctrine to include ordinary commercial contractual relationships ..." or to debtor-creditor

MEMORANDUM OF POINTS AND AUTHORITIES

1  relationships in particular.  (*Girard v. Delta Tower Joint Ventures* (1993) 20 Cal.App.4th 1741,

2  1749 (citations omitted); *Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089,

3  1093 n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in

4  nature."); *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476 ("[B]etween a bank and its

5  loan customers" there is no fiduciary relationship."); *Downey v. Humphreys* (1951) 102

6  Cal.App.2d 323, 332 ("A debt is not a trust and there is not a fiduciary duty relation between

7  debtor and creditor as such.").)  Defendants therefore owe Plaintiff no fiduciary duty and this

8  cause of action fails as a matter of law.

9                                   **V.**

10      **UNJUST ENRICHMENT IS NOT AN INDEPENDENT CAUSE OF ACTION**

11      "[T]here is no cause of action in California for unjust enrichment. 'The phrase 'unjust

12  enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make

13  restitution under circumstances where it is equitable to do so.'  Unjust enrichment is 'a general

14  principle, underlying various legal doctrines and remedies,' rather than a remedy itself.  It is

15  synonymous with restitution." (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387;

16  *Melchior v. New Line Prods., Inc.* (2003) 106 Cal.App.4th 779, 793.)  Because Plaintiff's other

17  causes of action utterly fail to state a claim against Defendants, her purported "unjust enrichment"

18  cause of action also fails to independently state a viable claim since it cannot stand alone.

19                                   **VI.**

20          **PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS**

21      The elements of a breach of contract claim are (1) the existence of a contract and its terms

22  that establish the obligation at issue; (2) plaintiff's performance of the contract or excuse for non-

23  performance; (3) defendant's breach of the contract; (4) damages; and (5) causation. (*Lortz v.*

24  *Connell* (1969) 273 Cal.App.2d 286, 290; 1 CACI 300, 303.)

25      Here, Plaintiff fails to identify any specific contract at issue or state any of the terms of the

26  purported contract. (FAC, generally.)  Consequently, Plaintiff thus fails to establish any of the

27  elements required to allege a viable breach of contract claim. Plaintiff's breach of contract cause

28  of action therefore fails and Defendants' demurrer should be sustained without leave to amend.

## VII.

### PLAINTIFF'S QUIET TITLE CAUSE OF ACTION FAILS BECAUSE SHE DOES NOT ALLEGE TENDER AND SHE HAS NO INTEREST IN THE PROPERTY

Plaintiff's quiet title claim should be dismissed because the FAC fails to allege that Plaintiff properly tendered or is able and willing to tender the amounts that she owed on her loan at the time of the foreclosure sale.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109.) This rule is based upon the equitable maxim that a court of equity will not order a useless act performed. "[I]f plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." (*FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021 (citations omitted).)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. (*Karlsen v. Am. Sav. & Loan Ass'n* (1971) 15 Cal.App.3d 112, 117.) Tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any challenge to the regularity or the validity of a foreclosure sale. (*Abdallah v. United Sav. Bank* (1996) 43 Cal.App.4th 1101, 1109; *United States Cold Storage v. Great W. Sav. & Loan Ass'n* (1985) 165 Cal.App.3d 1214, 1225; *Arnolds Mgmt. Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578-79.) Likewise, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; see *Mix v. Sodd* (1981)126 Cal.App.3d 386, 390 ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477 (trustor is unable to quiet title "without discharging his debt").)

Even if Plaintiff properly alleged tender, her quiet title claim fails because she fails to allege that she has a title interest in the Property and the basis of that title, which she seeks to have quieted by this claim. (Code Civ. Proc. §761.020(b).) Plaintiff conveyed her interest in the

1  Property and therefore has no basis for this claim.  (Grant Deed, RJN, Ex. E.)

2  Plaintiff's quiet title cause of action therefore fails and the demurrer to this cause of action

3  should be sustained without leave to amend.

## VIII.

### CIVIL CODE §2923.6 PROVIDES NO PRIVATE RIGHT OF ACTION

6  Plaintiff also claims that Defendants violated Civil Code §2923.6 by failing to review a

7  loan modification application.[2]  (FAC, ¶51.)  However, there is no private right of action under

8  §2923.6.  (*Farner v. Countrywide Home Loans* (S.D. Cal. 2009) 2009 WL 189025 ("nothing in

9  Cal. Civ. Code §2923.6 imposes a duty on servicers of loans to modify terms of loans or creates a

10  private right of action for borrowers."); see also *Mabry v. Superior Court* (2010) 185 Cal.App.4th

11  208, 222-223 (There is no private right of action under Section 2923.6, and it does not operate

12  substantively.).)  "Section 2923.6 merely expresses the hope that lenders will offer loan

13  modifications on certain terms."  (*Mabry, supra*, at 222.)  As such, "[t]here is no 'duty' under

14  Civil Code section 2923.6 to agree to a loan modification."  (*Hamilton v. Greenwich Investors*

15  *XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1617.)  This claim thus fails and the demurrer should be

16  sustained without leave to amend.

## IX.

### PLAINTIFF FAILS TO SUPPORT HER UCL CLAIMS

19  Bus. & Prof. Code §17200, *et seq.* ("UCL") defines unfair competition as including "any

20  unlawful, unfair or fraudulent business act or practice."  (*Cel-Tech Communications, Inc. v. Los*

21  *Angeles Cellular Telephone Company* (1999) 20 Cal.4th 163, 175.)  Its coverage is "sweeping,

22  embracing 'anything that can properly be called a business practice and that at the same time is

23  forbidden by law.'"  (Citations omitted.)  "It governs 'anti-competitive business practices' as well

24  as injuries to consumers. . . ."  (*Id.* (citations omitted).)  Additionally, the claim must be supported

25

26

_____

27  [2]  Plaintiff's allegations pertain to acts or omissions in 2012, prior to the January 1, 2013 effective date of

28  the Homeowner's Bill of Rights ("HBOR").  The HBOR thus does not apply to the FAC.

1  by facts described with *reasonable particularity.* (*Khoury v. Maly's of California, Inc.* (1993) 14

2  Cal.App.4th 612, 619.)

3      Plaintiff's eighth cause of action presumably claims that Defendants' purportedly wrongful

4  actions also violate the UCL. This claim fails because Plaintiff fails to allege any specific facts to

5  support her conclusory allegations.

6      **A.    Plaintiff Fails To Allege Any Unlawful Conduct**

7      Section 17200 requires an underlying violation of a law if the claim is asserted under the

8  unlawful prong. (*Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178.) As

9  Section 17200 requires an underlying violation of law, any defense to the predicate claim is a

10  defense to the alleged violation of the UCL. (See *Krantz*, 89 Cal.App.4th at 178 (the viability of a

11  UCL claim stands or falls with the antecedent substantive causes of action); *People v. Duz-Mor*

12  *Diagnostic Lab., Inc.* (1998) 68 Cal.App.4th 654, 673 (a defense to the underlying offense is a

13  defense under the UCL); see also *Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192,

14  1203 (dismissing section 17200 claim where underlying negligence and fraud claims were

15  insufficient as a matter of law).)

16      As stated above, Plaintiff does not identify any statutory violation or wrongful conduct on

17  the part of Defendants. Plaintiff therefore fails to identify any "unlawful" conduct.

18      **B.    Plaintiff Fails To Allege Any Fraudulent Conduct**

19      Plaintiff has not identified any fraudulent conduct by Defendants. The term "fraudulent,"

20  as used in the UCL, "does not refer to the common law tort of fraud but only requires a showing

21  that members of the public 'are likely to be deceived.'" (*Saunders v. Superior Court* (1994) 27

22  Cal.App.4th 832, 839; *Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134,

23  1147.) "The determination as to whether a business practice is deceptive is based on the likely

24  effect such practice would have on a reasonable consumer." (*McKell v. Washington Mutual, Inc.*

25  *et al.* (2006) 142 Cal.App.4th 1457, 1472 (citing *Lavie v. Procter & Gamble Co.* (2003) 105

26  Cal.App.4th 496, 507).)

27      Plaintiff cannot meet this standard, on its face, as she fails to allege any fraudulent

28  statement with any particularity made from any Defendant to her regarding the loan. Furthermore,

1  the FAC allegations are particular to the transaction and have nothing to do whatsoever with the

2  public at large.  Plaintiff has therefore not pled fraudulent conduct under the UCL.

3    **C.    Plaintiff Fails To Allege Any Unfair Conduct**

4      A business practice is considered "unfair" if it threatens to violate or violates the policy or

5  spirit of an anti-trust law or otherwise significantly threatens or harms competition.  (*Cel-Tech*

6  *Communications, Inc.*, 20 Cal.4th at 187.)  "[A]ny finding of unfairness to competitors under

7  section 17200 [must] be tethered to some legislatively declared policy or proof of some actual or

8  threatened impact on competition.  We thus adopt the following test:  When a plaintiff who claims

9  to have suffered injury from a direct competitor's "unfair" act or practice invokes Section 17200,

10  the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust

11  law, or violates the policy or spirit of one of those laws because its effects are comparable to or the

12  same as a violation of the law, or "otherwise significantly threatens or harms competition."  (*Id.* at

13  186-187.)

14      Plaintiff fails to plead any facts regarding public policy or threats to the public.

15                          **X.**

16      **PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS**

17      Plaintiff alleges that Defendants promised her third-party agent that the foreclosure sale

18  would be postponed pending a loan modification review.  (FAC, ¶57.)  Plaintiff alleges she relied

19  on the above "promise" by voluntarily refraining from filing bankruptcy.  (FAC, ¶59.)

20      The doctrine of promissory estoppel is used to provide a substitute for the consideration

21  that ordinarily is required to create an enforceable promise.  (*Raedeke v. Gibraltar Savings and*

22  *Loan Association* (1974) 10 Cal.3d 665, 672.)  It "arises when there is a promise that the promisor

23  should reasonably expect to induce action or forbearance of a definite and substantial character by

24  the promisee and that does induce such action or forbearance, and injustice can be avoided only by

25  the enforcement of the promise."  (1 Miller & Starr, California Real Estate, Contracts (3d ed.

26  2010) §1:52 (citations omitted).)

27      To properly plead a promissory estoppel claim, Plaintiff must establish the following

28  elements:  "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom

1    the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party

2    asserting the estoppel must be injured by his reliance." (*Aceves v. U.S. Bank, N.A.* (2011) 192

3    Cal.App.4th 218, 225 (citations omitted).)  As set forth below, Plaintiff has not, and cannot, satisfy

4    these elements.

5    **A.    Plaintiff Has Not Identified A Clear Promise**

6        To seek enforcement of an alleged promise under promissory estoppel, the promise must

7    be clear and unambiguous in its terms.  (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th

8    1031, 1044.)  "To be enforceable, a promise need only be 'definite enough that a court can

9    determine the scope of the duty[,] and the limits of performance must be sufficiently defined to

10    provide a rational basis for the assessment of damages.'"  (*Id.* at 1045 (citations omitted).)  Thus,

11    estoppel will not apply to enforce preliminary negotiations or discussions between the parties.

12    (*Lockheed Missile & Space Co. v. Hughes Aircraft Co.* (N.D. Cal. 1995) 887 F.Supp. 1320, 1325.)

13    Likewise, if extrinsic evidence is needed to interpret a promise, then the promise does not satisfy

14    the requirement that it be clear and unambiguous.  (See, e.g., *Price v. Wells Fargo Bank* (1989)

15    213 Cal.App.3d 465, 483 (the alleged oral agreement to restructure the borrower's debts was too

16    indefinite to create a legally binding contract).)

17        Here, Plaintiff does not identify a "clear promise" by Defendants.  Plaintiff alleges that she

18    was notified by her third-party agent that the loan modification was not under consideration one

19    day prior to the foreclosure sale.  (FAC, ¶14.)  Plaintiff then alleges that a Freddie Mac employee

20    stated that a request to postpone a foreclosure sale would be submitted to GMAC, but also advised

21    Plaintiff to follow-up to "make sure that the sale was actually postponed."  (FAC, ¶14.).  In short,

22    the alleged promise is not clear and unambiguous; if anything, it reflects preliminary negotiations

23    or discussions between the parties.

24    **B.    Plaintiff Has Not, And Cannot, Plead Detrimental Reliance**

25        To satisfy detrimental reliance, "the party seeking to enforce the contract must have

26    changed position in reliance on the oral contract to such an extent that application of the statute of

27    frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud."

28    (*Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 555

1    (citations omitted).)  Here, the alleged "act" of detrimental reliance is that Plaintiff did not file

2    bankruptcy.  (FAC, ¶59.)  This is insufficient for several reasons.

3        This "act" is insufficient to support promissory estoppel, as the alleged promise by Wells

4    Fargo was not tethered to a request to refrain from filing bankruptcy.  (See *Mehta v. Wells Fargo*

5    *Bank, N.A.* (S.D. Cal. 2011) 2011 WL 1157861, *3 (holding no detrimental reliance as a matter of

6    law because Wells Fargo never told Plaintiff not to file for bankruptcy).)  Plaintiff makes no

7    attempt to claim that Defendants instructed Plaintiff to forego filing for bankruptcy.  In other

8    words, Plaintiff's speculation as to how she hypothetically would have acted with respect to filing

9    bankruptcy in 2012 is not detrimental reliance.

10        Accordingly, Plaintiff's claim for promissory estoppel fails.

11                                    **XI.**

12                                **CONCLUSION**

13        For all the reasons stated above, Defendants request that the Court sustain their demurrer to

14    the FAC without leave to amend.

15

16    DATED:  September 18, 2014            SEVERSON & WERSON
                                           A Professional Corporation
17

18                                    By:  *William Idleman*
19                                           William J. Idleman

20                                         Attorneys for Defendants
                                           GMAC MORTGAGE, LLC (erroneously sued as Ally
21                                         Bank, fka GMAC Mortgage); and FEDERAL HOME
                                           LOAN MORTGAGE CORPORATION
22

23

24

25

26

27

28

1

<u>**PROOF OF SERVICE**</u>

2        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium,

3 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4        On September 18, 2014, I served true copies of the following document(s):

5      **NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED**
       **COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
6      **THEREOF**

7 on the interested parties in this action as follows:

8 Allan Cate, Esq.                                Attorney for Plaintiff
  Law Office of Allan O. Cate                     Rosalind Alexander-Kasparik
9 7710 Balboa Avenue, Suite 316
  San Diego, CA  92111                            Telephone:    (858) 224-5865
10                                                 Facsimile:    (858) 228-9885

11       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and

12 mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that

13 the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16       Executed on September 18, 2014, at Irvine, California.

17

18

19                                     Victoria A. McCay

20

21

22

23

24

25

26

27

28

19000.1371/3426023.1