## **Exhibit M**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 04/03/2015                    TIME: 08:30:00 AM          DEPT:  C-62

JUDICIAL OFFICER PRESIDING: Ronald L. Styn
CLERK:  Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  A. Riego

CASE NO: **37-2012-00101531-CU-BC-CTL**  CASE INIT.DATE: 07/31/2012
CASE TITLE: **Alexander-Kasparik vs. Ally Bank [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Breach of Contract/Warranty

---

**EVENT TYPE**: Demurrer / Motion to Strike

---

**APPEARANCES**
Allan Cate, counsel, present for Plaintiff(s).
Loren W. Coe, counsel, present for Defendant(s), telephonically.

---

The Court hears oral argument and CONFIRMS and MODIFIES the tentative ruling as follows:

Defendants GMAC Mortgage, LLC and Federal Home Loan Mortgage Corporation's demurrer to second amended complaint is sustained in its entirety.

***Intentional Misrepresentation***
***Negligent Misrepresentation***

Defendants' demurrer is sustained.  The court finds the complaint alleges facts sufficient to support these causes of action with the specificity required under *Lazar v. Superior Court* (1996) 12 Cal.4th 631 and *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal. App. 4th 153, 157 – misrepresentation (false representation, concealment, or nondisclosure [SAC ¶¶ 14, 19, 25]; knowledge of falsity/lack of reasonable grounds for believing the statement to be true [SAC ¶¶ 19, 20, 26]; intent to defraud [SAC ¶¶ 19, 20, 27]; justifiable reliance [SAC ¶¶ 16, 20, 28, 29]; and damages [SAC ¶¶ 21, 30].  *Lazar*, 12 Cal.4th at 638; *Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 184.

However, the court also finds the complaint fails to allege facts sufficient to avoid the bar of the statute of frauds.  *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, states the general rule as follows:

when the statute of frauds clearly bars an action in contract, a disappointed promisee should not be allowed to present his claim for compensation to a jury simply by recasting his complaint to include an allegation of misrepresentation. If it were, in fact, that easy to reach a jury on a claim of fraud, we might

---

CASE TITLE: Alexander-Kasparik vs. Ally Bank             CASE NO: **37-2012-00101531-CU-BC-CTL**
[IMAGED]

agree. Fortunately, this is not the case. To survive a motion for a nonsuit (Code Civ. Proc., § 581c), plaintiff in an action on a fraudulent promise must produce evidence of the promisor's intent to mislead him.

*Tenzer,* 39 Cal.3d at 30.   *Tenzer* goes on,

"something more than nonperformance is required to prove the defendant's intent not to perform his promise." (*People* v. *Ashley* (1954) 42 Cal.2d 246, 263 [267 P.2d 271]; see also *Jacobson v. Mead* (1936) 12 Cal.App.2d 75, 82 [55 P.2d 285]; *Justheim Petroleum Company v. Hammond* (10th Cir. 1955) 227 F.2d 629, 637; Rest.2d Torts, § 530, com. d.; Prosser, Torts (5th ed. 1984) § 109, p. 764.) To be sure, fraudulent intent must often be established by circumstantial evidence. Prosser, for example, cites cases in which fraudulent intent has been inferred from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform. (Prosser, *supra,* at pp. 764-765.) However, if plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury. The policies of the statute of frauds will not be subverted by affording plaintiffs who can prove actual fraud the opportunity to do so.

*Tenzer,* 39 Cal.3d at 30-31.   As pled, the complaint alleges only Defendants' nonperformance of an alleged oral promise to postpone the foreclosure sale.   Under *Tenzer,* such allegations are insufficient to avoid the bar of the statute of frauds.

Despite being given another opportunity to amend, Plaintiff again fails to address the statute of frauds issue and fails to demonstrate a reasonable probability the complaint can be amended to plead around the statute of frauds.   Defendants' demurrer as to the intentional misrepresentation and negligent misrepresentation causes of action is sustained without leave to amend.   *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.   See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### Breach of Fiduciary Duty

Defendants' demurrer is sustained.   The court finds the complaint fails to allege facts sufficient to establish a fiduciary owed by Defendants to Plaintiff.   California case law consistently holds that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature."   *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093 citing *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476-478 overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno–Madera Production Credit Association* (2013) 55 Cal.4th 1169, 1182.

It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." (*Morse v. Crocker National Bank* (1983) 142 Cal.App.3d 228, 232 [190 Cal.Rptr. 839].) "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." (*Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332 [227 Cal.Rptr.].) The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.

*Price,* 213 Cal.App.3d at 476.

Allegations of Defendants' participation in the loan modification process, including newly added allegations that "Defendants failed to carefully review and process Plaintiff's application for loan

---

CASE TITLE: Alexander-Kasparik vs. Ally Bank [IMAGED]    CASE NO: **37-2012-00101531-CU-BC-CTL**

modification" and "denied Plaintiff's requests on the same day they were submitted in more than one instance," even if sufficient to establish a general negligence duty and breach of that duty under the authorities Plaintiff relies on, are insufficient to support a finding of a *fiduciary* duty and breach of that duty. *Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, is distinguishable because it is a negligence case, not a breach of fiduciary duty case.

Despite being given another opportunity to amend, Plaintiff again fails to demonstrate a reasonable probability the complaint can be amended to plead a basis for liability under a breach of fiduciary duty cause of action against Defendants. Defendants' demurrer as to the breach of fiduciary duty cause of action is sustained without leave to amend. *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349. See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### Unjust Enrichment

Plaintiff fails to oppose Defendants' demurrer as to this cause of action. Despite being given another opportunity to amend, Plaintiff again fails to demonstrate a reasonable probability the complaint can be amended to plead a basis for liability under an unjust enrichment cause of action against Defendants. Defendants' demurrer as to the unjust enrichment cause of action is sustained without leave to amend. *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349. See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### Breach of Contract

Defendants' demurrer is sustained. The court finds the complaint fails to identify the alleged written agreement(s) at issue and fails to set forth the provisions allegedly breached by Defendants. Absent such allegations, Plaintiff fails to state a cause of action for breach of written contract.

In opposition Plaintiff relies on allegations of an alleged oral promise to postpone the foreclosure sale. However,

[a]s a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable. (*Raedeke, supra,* 10 Cal.3d at p. 673, 111 Cal.Rptr. 693, 517 P.2d 1157; *California Securities Co. v. Grosse* (1935) 3 Cal.2d 732, 733, 46 P.2d 170; *Secrest v. Security National Mortgage Loan Trust 2002–2* (2008) 167 Cal.App.4th 544, 547, 84 Cal.Rptr.3d 275; *Sutherland v. Barclays American/Mortgage Corp.* (1997) 53 Cal.App.4th 299, 312, 61 Cal.Rptr.2d 614; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121, 92 Cal.Rptr. 851; *Stafford v. Clinard* (1948) 87 Cal.App.2d 480, 481, 197 P.2d 84.)

*Garcia v. World Sav., FSB* (2010) 183 Cal.App.4th 1031, 1039.

Also in opposition Plaintiff relies on Defendants' alleged "contractual obligations under HAMP." However, numerous authorities hold that Plaintiff lacks standing to sue under HAMP. See, e.g., *Castillo v. Bank of America, N.A.* (S.D. Cal. 2012) 2012 WL 4793240 at *6; *Marks v. Bank of America, N.A.* (D. Ariz. 2010 2010 WL 2572988, at *6.

To the extent Plaintiff relies on newly added allegations that Defendants failed to provide a single point of contact as required under CC § 2923.7(a), this section, and the Homeowner's Bill of Rights, did not

---

become effective until January 1, 2013, after the events alleged took place.

Plaintiff fails to demonstrate a reasonable probability the complaint can be amended to plead a basis for liability under a breach of contract cause of action against Defendants. Defendants' demurrer as to the breach of contract cause of action is sustained without leave to amend. *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349. See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### Quiet Title

Defendants' demurrer is sustained. Preliminarily, the complaint fails to allege tender as required under the authorities Defendants cite including *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1105. The complaint is not verified as required under CCP § 760.020. Moreover, Defendants submit judicially noticeable evidence that Plaintiff conveyed her interest in the property to "Marcellus Alexander, Jr. Trustee of the Scott Street Land Trust" on August 18, 2011. Considering this judicially noticeable evidence, the complaint fails to allege "[t]he title of the plaintiff as to which a determination . . . is sought and the basis of that title." CCP § 761.020.

### Violation of CC § 2923.6

Defendants' demurrer is sustained. CC § 2923.6 does not provide for a private right of action for borrowers. *Farner v. Countrywide Home Loans* (S.D. Cal. 2009) 2009 WL 189025 at *2. As such, the court finds the complaint fails to allege facts sufficient to support a cause of action for violation of CC §2923.6. Moreover, as pled this cause of action is premised on allegations that Defendants "have failed to adhere to their obligations to provide a good faith review of Plaintiff's request for loan modification and failed to postpone the trustee sale of the Subject Property as they promised to do" [SAC ¶ 53]. However, nothing in CC § 2923.6 obligates Defendants to offer or agree to a loan modification. Considering these circumstances, there is no reasonable probability the complaint can be amended to plead a basis for liability for violation of CC § 2923.6 against Defendants. Defendants' demurrer to the violation of CC § 2923.6 cause of action is sustained without leave to amend. *Goodman,* 18 Cal.3d at 349; *Ruinello,* 36 Cal.2d at 690.

### Violation of Business & Professions Code § 17200

Defendants' demurrer is sustained. The court finds, as pled, the complaint fails to allege facts establishing the requisite "unlawful, unfair or fraudulent business act or practice." B&P Code § 17200. On the issue of standing, similar to the facts in the case Defendants rely on, *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, as pled, Plaintiff's default occurred prior to Defendants' alleged fraudulent act of promising to delay the foreclosure sale [SAC ¶¶ 10, 14]. As such, under *Jenkins*, the complaint fails to allege facts sufficient to establish Plaintiff's standing.
Despite being given another opportunity to amend, Plaintiff again fails to demonstrate a reasonable probability the complaint can be amended to plead a basis for liability under B&P Code section 17200. Defendants' demurrer as to this cause of action is sustained without leave to amend. *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349. See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### Promissory Estoppel

CASE TITLE: Alexander-Kasparik vs. Ally Bank    CASE NO: **37-2012-00101531-CU-BC-CTL**

Defendants' demurrer is sustained. The court finds, as pled, the complaint fails to allege a promise "clear and unambiguous in its terms" as required under *Garcia*. The complaint alleges: "Plaintiff was advised by Emily (at FHLMC) that the sale was being postponed, and that she should check the electronic system to make sure that the sale was actually postponed" [SAC ¶ 14]. Such allegations are insufficient to state a clear and unambiguous promise.

### *Standing*

Although not raised by Defendants as to all causes of action, the court considers the judicially noticeable evidence that Plaintiff conveyed her interest in the property to "Marcellus Alexander, Jr. Trustee of the Scott Street Land Trust" on August 18, 2011, and finds that the complaint fails to allege facts sufficient to establish Plaintiff's standing to bring all of the causes of action pled.

Defendants' request for judicial notice is granted.

**The Court allows Plaintiff leave to amend as to the Promissory Estoppel and to plead a Negligence cause of action.**

**Plaintiff's amended complaint to be filed on or before 04/10/15.**

**IT IS SO ORDERED.**

_____
 Judge Ronald L. Styn