**Hearing Date:  January 21, 2016 at 10:00 a.m. (ET)**
**Response Deadline:  January 11, 2016 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM**
**<u>NO. 2188 FILED BY KENNETH REAVES</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

JURISDICTION, VENUE AND STATUTORY PREDICATE ...................................................2

BACKGROUND ...................................................................................................2

    I.     General Overview of GMAC Mortgage Bankruptcy .............................................2

    II.    Background of the Reaves Claim ................................................................3

        A.     The Loan and the Property .................................................................3

        B.     The Default & Foreclosure Sale ...........................................................4

        C.     The Claim .................................................................................5

RELIEF REQUESTED ...........................................................................................5

OBJECTION ......................................................................................................5

    I.     Despite Multiple Causes of Action, The Claimant Is Entitled to A Single Recovery For Breach of Its Agreement Not to Foreclose on September 6, 2011 ........................................................................................................6

    II.    Claimant Is Not Entitled to Punitive Damages For Breach of a Commerical Contract ..................................................................................10

    III.   Claimant Is Not Entitled to Attorneys' Fees and Expenses of Litigation ............11

NOTICE ..........................................................................................................12

CONCLUSION ...................................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Burritt v. Media Mktg. Servs. Inc.,
  420 S.E.2d 792 (Ga. Ct. App. 1992) ........................................................................... 6

Colonial Pipeline Co. v. Brown,
  365 S.E.2d 827 (Ga. 1988) ....................................................................................... 11

Dimambro Northend Assocs. v. Williams,
  312 S.E.2d 386 (Ga. Ct. App. 1983) ......................................................................... 12

Dockens v. Runkle Consulting, Inc.,
  648 S.E.2d 80 (Ga. Ct. App. 2007) ............................................................................. 8

Farmers State Bank v. Huguenin,
  469 S.E.2d 34 (Ga. Ct. App. 1996) ............................................................................. 8

Feinberg v. Bank of N.Y. (In re Feinberg),
  442 B.R. 215 (Bankr. S.D.N.Y. 2010) ........................................................................ 6

Frank v. Fleet Fin., Inc.,
  518 S.E.2d 717 (Ga. Ct. App. 1999) ........................................................................... 7

Ivey v. Golden Key Realty, Inc.,
  408 S.E.2d 811 (1991) .............................................................................................. 11

Khadija v. Fannie Mae,
  No. 1:12-cv-02519-WSD-AJB, 2012 U.S. Dist. LEXIS 181420 (N.D. Ga. Nov. 30,
  2012) .......................................................................................................................... 9

LaRose v. Bank of Am., N.A.,
  740 S.E.2d 882 (Ga. Ct. App. 2013) ......................................................................... 10

MARTA v. Mitchell,
  659 S.E.2d 605 (Ga. Ct. App. 2007) ......................................................................... 12

McCarter v. Bankers Trust Co.,
  543 S.E.2d 755 (Ga. Ct. App. 2000) ........................................................................... 7

Montgomery v. Bank of Am.,
  740 S.E.2d 434 (Ga. Ct. App. 2013) ......................................................................... 10

Ogburn v. Chase Home Fin. LLC,
  No. 1:11-CV-1856-TWT, 2011 U.S. Dist. LEXIS 132721 (N.D. Ga. Nov. 16, 2011) ............ 9

ii

R.W. Holdco, Inc. v. Johnson,
   601 S.E.2d 177 (Ga. Ct. App. 2004) ........................................................................8

Roylston v. Bank of Am., N.A.,
   660 S.E.2d 412 (Ga. Ct. App. 2008) ........................................................................6

Vie v. Wachovia Bank, N.A.,
   No. 1:11-CV-3620-RWS, 2012 U.S. Dist. LEXIS 48782 (N.D. Ga. Apr. 6, 2012) .................9

Walden v. Smith,
   546 S.E.2d 808 (Ga. Ct. App. 2001) ........................................................................9

Wilkinson Homes, Inc. v. Stewart Title Guar. Co.,
   610 S.E.2d 187 (Ga. Ct. App. 2005) .......................................................................12

You v. JPMorgan Chase Bank, N.A.,
   743 S.E.2d 428 (Ga. 2013) ....................................................................................9

## STATUTES

11 U.S.C. § 502(a) .....................................................................................................5

11 U.S.C. § 502(b)(1) ................................................................................................5

GA. CODE ANN. § 9-13-140(a) (2015) .......................................................................10

GA. CODE ANN. § 13-6-11 (2015) .............................................................................11

GA. CODE ANN. § 44-14-162 (2015) .........................................................................10

GA. CODE ANN. § 51-12-5.1 (2015) ..........................................................................11

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan (the "**Plan**") [Docket No. 6030] confirmed in the above captioned bankruptcy cases (the "**Chapter 11 Cases**"), as successor in interest to the above captioned debtors (collectively, the "**Debtors**") with respect to Borrower Claims,[1] hereby submits this objection (the "**Objection**") seeking to reduce and allow proof of claim number 2188 (the "**Claim**") filed by Kenneth Reaves ("**Reaves**" or "**Claimant**") against Debtor GMAC Mortgage LLC ("**GMAC Mortgage**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the ground that while the Claim states a "breach of contract" claim against GMAC Mortgage, the Claimant does not have any demonstrable damages against GMAC Mortgage.  A copy of the Claim is attached hereto as **Exhibit 1**.  The Borrower Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit 2** (the "**Proposed Order**"), granting the requested relief.  In support of the Objection, the Borrower Trust submits the Declaration of Sara Lathrop (the "**Lathrop Declaration**"), attached hereto as **Exhibit 3**, and the Declaration of Mark J. Windham, (the "**Windham Declaration**"), attached hereto as **Exhibit 4**, and respectfully states as follows:

## PRELIMINARY STATEMENT

1.    GMAC Mortgage does not contest that it foreclosed on the Claimant's home when it said it would not do so; but, GMAC Mortgage does contest the Claimant's entitlement to any damages.  Even though the underlying complaint includes five causes of action, the complaint is, in its essence, a wrongful foreclosure action, and a claim for wrongful foreclosure

---

[1] As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan.

entitles the Claimant to recover the equity in the property at the time of the sale. However, the Claimant previously acknowledged the amount outstanding on his loan at the time of the foreclosure exceeded the market value of the real property.

2.      As discussed in greater detail herein, the foreclosure sale was a mistake, but it was not done with malicious or willful intent or in bad faith, and the Claimant has not proffered any facts to suggest otherwise. Accordingly, the Claimant is neither entitled to punitive damages nor attorney's fees.

3.      For all of these reasons, the Borrower Trust requests that the Court allow Claim No. 2188 in the amount of $0.00.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

4.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

### I.      General Overview of GMAC Mortgage Bankruptcy

6.      On May 14, 2012, the Debtors filed these Chapter 11 Cases, which are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, this Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

ny-1212836 v4

8.     On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases (the "**Procedures Order**") [Docket No. 3294].  The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.

9.     On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] approving the terms of the Plan filed in these Chapter 11 Cases.  The Effective Date (as defined in the Plan) of the Plan occurred on December 17, 2013.  See Docket No. 6137.

10.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court.  See Plan, Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  See id.

## II.     Background of the Reaves Claim

### A.     The Loan and the Property

11.     On or about December 27, 2005, Kenneth Reaves executed and delivered a promissory note (the "**Note**") in favor of non-debtor GMFS, LLC.  See Lathrop Declaration ¶ 5; see also Note at Ex. A to the Lathrop Declaration.  Mr. Reaves' obligations under the Note were secured by a Security Deed (the "**Mortgage**" and, together with the Note, the "**Loan**")

encumbering certain real property located at 3481 Oak Run Drive, Lithonia, GA 30038 (the "**Property**").  Id.; see also Mortgage at Ex. B to the Lathrop Declaration.

12.     Homecomings began servicing the Loan on January 31, 2006 until GMAC Mortgage began servicing the loan in July 2009.  See Lathrop Declaration ¶ 6.

**B.     The Default & Foreclosure Sale**

13.     The Loan became delinquent on numerous occasions throughout the time when the Debtors serviced it.  See Lathrop Declaration ¶ 7.  In fact, the Loan was referred to foreclosure five times before the foreclosure sale at issue in the underlying complaint. Id.

14.     On April 12, 2011, GMAC Mortgage mailed an "Options to Avoid Foreclosure" letter to Claimant as he was past due on the payments owing for March 1 and April 1, 2011. See Lathrop Declaration ¶ 8.  GMAC Mortgage then issued a breach of contract notice on May 3, 2011. Id.

15.     Thereafter, on or about June 6, 2011, GMAC Mortgage referred the Loan to foreclosure.  See Lathrop Declaration ¶ 9.

16.     On July 29, 2011, an Assignment of the Security Deed in favor of U.S. Bank National Association as Trustee for RASC 2006KS2 was recorded in the real property records of DeKalb County, Georgia. See Lathrop Declaration ¶ 10.

17.     Prior to the sale date, Carita Bowers, the GMAC Representative who spoke to Plaintiff regarding the account, told him that the sale had been cancelled because the "notes in our system indicated that the sale was going to be postponed." (Deposition of Carita Bowers, Apr. 27, 2012 ("Bowers Dep."), 12:22-25).

18.     The foreclosure sale was held on September 6, 2011. See Lathrop Declaration ¶ 11.  At the time of the sale, the unpaid principal balance of the loan was $105,321.06. See Id.

4

19.    Based on a broker price opinion obtained by the Debtors before the foreclosure

sale, the estimated sale price would be $37,050, and the recommended list price was $41,000.

Accordingly, the Claimant had no equity in the Property at the time of the foreclosure sale. <u>See</u>

Lathrop Declaration ¶ 12.

20.    Although Plaintiff has previously asserted that the value of the Property at the

time of the sale was $65,000, he admitted that he nonetheless had no equity in the Property based

on his estimate of the then-loan value of at least $100,000.  (Deposition of Kenneth Reaves, Apr.

27, 2012, 116-21-117:2.)

**C.**    **The Claim**

21.    On November 5, 2012, Claimant filed his Claim in this proceeding.  <u>See</u> Claim at

1.  On the face of the Claim, Mr. Reaves asserts "complaint for wrongful foreclosure, damages,

punitive damages and attorney fees," and Exhibit "A" to the Claim is the Summons and Verified

Complaint filed against GMAC Mortgage, LLC and U.S. Bank, National Association in the

Superior Court of Gwinnett County, State of Georgia.

## RELIEF REQUESTED

22.    The Borrower Trust files this Objection pursuant to section 502(b) of the

Bankruptcy Code, seeking to reduce and allow the Claim in the amount of $0.00.  For the

reasons set forth below, even though Reaves has a cognizable breach of contract claim against

GMAC Mortgage, he has no identifiable damages.

## OBJECTION

23.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1).

ny-1212836 v4

Furthermore, once an objection refutes an essential allegation of the claim, the burden of persuasion is on the claimant to establish a valid claim against a debtor by a preponderance of the evidence.  See Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

I.      **Despite Multiple Causes of Action, The Claimant Is Entitled to A Single Recovery For Breach of Its Agreement Not to Foreclose on September 6, 2011.**

24.      As noted previously, the Complaint contains multiple causes of action, including, *inter alia*, (i) Promissory Estoppel, (ii) Breach of Contract, (iii) Breach of Oral Contract, (iv) Fraud, and (v) Wrongful Foreclosure.

25.      GMAC Mortgage acknowledges that its employee represented to the Claimant that a foreclosure was to be suspended, yet the foreclosure was subsequently conducted. Regardless of what label is applied to this claim, GMAC Mortgage breached its agreement with the Claimant.  Notwithstanding, Claimant is entitled to one recovery from GMAC Mortgage and that is  - to be made whole and placed into the position he was before the foreclosure. See Burritt v. Media Mktg. Servs. Inc., 420 S.E.2d 792, 795 (Ga. Ct. App. 1992) (noting that a plaintiff may maintain multiple actions "for a single recovery by setting out his differing legal theories of recovery under separate counts of the same petition.") (quoting Hubert v. Luden's Inc., 88 S.E.2d 481, 486 (Ga. Ct. App. 1955) (internal citation and quotation omitted).

26.      In an action for damages for a wrongful foreclosure, "the recovery allowed is 'the full difference between the fair market value of the property at the time of the sale and the indebtedness to the seller if the fair market value exceeded the amount of the indebtedness.'" Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 417 (Ga. Ct. App. 2008) (citation omitted).

27.     Here, Claimant cannot establish that he is entitled to damages because he admittedly had no equity in the Property based on the loan balance of $105,321.06, regardless of whether the Property was worth $37,050 of $65,000 at the time of the sale.

28.     Although Claimant makes no allegations of emotional damages, in any case he is not entitled to them because, absent a physical injury, emotional damages are not available for wrongful foreclosure unless a borrower establishes the elements of intentional infliction of emotional damages, for which the burden is a "stringent one."  McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000).

29.     To prevail on a claim for intentional infliction of emotional distress, Claimant must demonstrate that: "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe."  Frank v. Fleet Fin., Inc., 518 S.E.2d 717, 720 (Ga. Ct. App. 1999).

30.     "The conduct must be so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Id. (citation omitted).   "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law."  Id. (citation omitted).

31.     Claimant's allegations reveal no intention on the part of GMAC Mortgage to cause harm to Claimant.  Rather, GMAC Mortgage's statement that the foreclosure had been cancelled was at most a mistake made by GMAC Mortgage's representative Carita Bowers based on the records available to her..  (Bowers Dep., 12:22-25.)

7

32.    Claimant's allegations fail to meet the requirements for a fraud claim for similar reasons.

33.    "It is well settled that a general allegation of fraud . . .  amounts to nothing – it is necessary that the complainant show, by specifications, wherein the fraud consists.  Issuable facts must be charged."  R.W. Holdco, Inc. v. Johnson, 601 S.E.2d 177, 185 (Ga. Ct. App. 2004) (quoting Candler v. Clover Realty, 187 S.E.2d 318, 319 (Ga. Ct. App. 1972)).

34.    "The tort of fraud has five elements: a false representation by [the] defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by [the] plaintiff, and damage to [the] plaintiff."  Dockens v. Runkle Consulting, Inc., 648 S.E.2d 80, 83 (Ga. Ct. App. 2007) (quoting Johnson v. Rodier, 529 S.E.2d 442, 444 (Ga. Ct. App. 2000).

35.     "Where there is no evidence of scienter, that is, that the false statement was knowingly made with false design, there can be no recovery."  Farmers State Bank v. Huguenin, 469 S.E.2d 34, 37 (Ga. Ct. App. 1996) (citation and punctuation omitted).

36.    Here, GMAC Mortgage's representative who informed Claimant that the September 6, 2011 foreclosure had been postponed, Carita Bowers, admitted in deposition that she made that statement based on the notes in GMAC Mortgage's system. (Bowers Dep., 12:22-25.)  Claimant can point to nothing in Ms. Bowers' deposition indicating that she knew such statement to be false or that she intended to deceive Claimant with this statement.

37.    Claimant also cursorily alleges that there were other defects in the foreclosure: (a) that the "[i]ndebtedness was not justly due because [GMAC Mortgage] agreed to a modification of the loan," (b) "the sale was not properly advertised," (c) the "Defendant do not have the power to foreclose on the Property as there is no assignment of record into the Defendants," and (d) "if the Property was to be bid in on the courthouse steps bidding would be

chilled as [GMAC Mortgage] had led Claimant to believe that it had agreed to a loan modification. As a result, the bidding on the Property should have been considered chilled." *See* Complaint at ¶ 37(a)-(d).

38.     Claimant's allegations regarding the existence of a binding modification agreement cannot serve as the basis for any claim because an agreement to modify a mortgage must be in writing in order to be enforceable. See Vie v. Wachovia Bank, N.A., No. 1:11-CV-3620-RWS, 2012 U.S. Dist. LEXIS 48782, at *10 (N.D. Ga. Apr. 6, 2012) (holding that an agreement to modify a loan "falls squarely within the statute of frauds"); Ogburn v. Chase Home Fin. LLC, No. 1:11-CV-1856-TWT, 2011 U.S. Dist. LEXIS 132721, at *2 (N.D. Ga. Nov. 16, 2011) (finding that Georgia's Statute of Frauds barred the borrower's claim that the lender promised to refinance the mortgage where the borrower failed to allege that a written contract existed); Khadija v. Fannie Mae, No. 1:12-cv-02519-WSD-AJB, 2012 U.S. Dist. LEXIS 181420, at *17 (N.D. Ga. Nov. 30, 2012) ("Thus, there can be no valid oral contract to modify a mortgage loan."); see also Walden v. Smith, 546 S.E.2d 808, 810 (Ga. Ct. App. 2001) ( "When a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing.").

39.     Claimant's allegations concerning authority to foreclose, s*ee* Complaint at ¶ 37(c), are likewise meritless because the Security Deed was held by the foreclosing entity, U.S. Bank National Association as Trustee for RASC 2006KS2 at the time of the sale.

40.     Under Georgia law, the holder of a security deed is the secured creditor authorized to exercise the deed's power of sale upon the borrower's default. You v. JPMorgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013).

41.    Moreover, as a non-party to an assignment of a security deed, a borrower lacks standing to challenge such a contract's validity.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (holding that borrower must be a party to an assignment in order to challenge its validity); LaRose v. Bank of Am., N.A., 740 S.E.2d 882, 884 (Ga. Ct. App. 2013) (same).

42.    Finally, Claimant's allegation regarding the foreclosure advertisement is meritless. See Complaint at ¶ 37(b).  GA. CODE ANN. § 44-14-162 (2015) requires foreclosure notices to be advertised as provided in GA. CODE ANN. § 9-13-140(a) (2015), which provides:

> The sheriff, coroner, or other officer shall publish weekly for four weeks in the legal organ for the county, or if there is no newspaper designated as such, then in the nearest newspaper having the largest general circulation in such county, notice of all sales of land and other property executed by the officer. In the advertisement the officer shall give a full and complete description of the property to be sold, making known the names of the plaintiff, the defendant, and any person who may be in the possession of the property. In the case of real property, such advertisement shall include the legal description of such real property and may include the street address of such real property, if available, but provided that no foreclosure shall be invalidated by the failure to include a street address or by the insertion of an erroneous street address.

43.    Contrary to the Claimant's allegation that the sale was not properly advertised, the Publisher's Affidavit submitted herewith is from the Champion, which is the legal organ for DeKalb County, Georgia, where the Property is located.  The Publisher's Affidavit confirms that the sale was advertised in the four weeks prior to the sale and contains a copy of the sale notice, which properly set forth the details of the sale, including the interested parties and a full and complete description of the Property.

## II.    Claimant Is Not Entitled to Punitive Damages For Breach of a Commercial Contract

44.    Claimant also seeks punitive damages against GMAC Mortgage in Count VI of the Complaint based on a colorful but unsubstantiated conclusory allegation that GMAC

Mortgage made "willful and fraudulent misrepresentations and concealments show willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Plaintiff." *See* Complaint at ¶ 40.

45.    Georgia's punitive damages statute requires evidence of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." GA. CODE ANN. § 51-12-5.1 (2015).

46.    "Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage . . ." <u>Ivey v. Golden Key Realty, Inc.</u>, 408 S.E.2d 811, 812 (1991) (citation and internal quotations omitted).

47.    "Negligence, even gross negligence, is inadequate to support a punitive damage award." <u>Colonial Pipeline Co. v. Brown</u>, 365 S.E.2d 827, 830 (Ga. 1988) (internal quotations omitted).

48.    As set forth above, GMAC Mortgage's statements to Claimant concerning the subject foreclosure sale come nowhere close to meeting the requisite level of aggravation or outrage for such a claim.

### III.    <u>Claimant Is Not Entitled to Attorneys' Fees and Expenses of Litigation</u>

49.    Finally, Claimant summarily asserts that "the conduct of the Defendants, as set forth herein, entitles Plaintiff to an award of his attorney fees and expenses of litigation." *See* Complaint at ¶ 42.

50.    In Georgia, O.C.G.A. 13-6-11, a plaintiff is entitled to recover fees from a defendant if the defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense…." GA. CODE ANN. § 13-6-11 (2015).

51.    "Mere negligence will not support an award of attorney fees based on bad faith. Bad faith cannot be prompted by an honest mistake as to one's rights or duties but must result

11

from some interested or sinister motive. Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." MARTA v. Mitchell, 659 S.E.2d 605, 608 (Ga. Ct. App. 2007) (quoting Hartsock v. Rich's Employees Credit Union, 632 S.E.2d 476, 479 (Ga. Ct. App. 2006) and Rapid Grp., Inc. v. Yellow Cab of Columbus, Inc., 557 S.E.2d 420, 426 (Ga. Ct. App. 2001)).

52.    When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there can be no award if a bona fide controversy existed between the parties. Dimambro Northend Assocs. v. Williams, 312 S.E.2d 386, 391 (Ga. Ct. App. 1983). Absent bad faith, even a genuine dispute merely as to the amount of damages is enough to bar an award of attorney's fees for unnecessary trouble and expense or stubborn litigiousness. Wilkinson Homes, Inc. v. Stewart Title Guar. Co., 610 S.E.2d 187, 194 (Ga. Ct. App. 2005).

53.    Here, there are genuine legal and factual disputes as to liability based on Claimant's lack of damages flowing from GMAC Mortgage's statement that the foreclosure had been cancelled– i.e., the Claimant had no equity in the property and he is not entitled to emotional damages.

## **NOTICE**

The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] and the Claims Procedures Order [Docket No. 3294].

## **CONCLUSION**

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit 2**, granting the relief requested herein and such other and further relief as the Court may deem proper.


Dated: December 18, 2015

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

13