## Exhibit 1

**The Claim**

Claim #2188 Date Filed: 11/5/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**KENNETH REAVES**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

Kenneth Reaves
P. O. Box 1163
Lithonia, GA 30058

**Court Claim
Number:_____**
*(If known)*

Filed on:_____

Telephone number: 404-735-4799          email: WIZPHD@GMAIL.COM

Name and address where payment should be sent (if different from above):

Kenneth Reaves
P. O. Box 1163
Lithonia, GA 30058

Telephone number: 404-735-4799          email: wizphd@gmail.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $       150,000.00**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** COMPLAINT FOR WRONGFUL FORECLOSURE, DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
___ ___ ___ ___

**3a. Debtor may have scheduled account as:**

_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**

_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ■ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property: $ 50,000.00** Annual Interest Rate_____% ☐ Fixed ☐ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____          **Basis for perfection:** Secured

**Amount of Secured Claim: $ 50,000.00**          **Amount Unsecured: $_____**

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.

☐ I am the creditor.  ■ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: K. A. Foreman
Title: Attorney
Company: The Law Office of K. A. Foreman, PC
Address and telephone number (if different from notice address above):
P O BOX 87290 COLLEGE PARK, GA 30337

P O BOX 87290 COLLEGE PARK, GA 30337

Telephone number: 404-762-3535          Email:

_(Signature)_ K. F.          _(Date)_ 11/1/2012

**RECEIVED**
NOV 0 5 2012
KURTZMAN CARSON CONSULTANTS

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both

1212032121105000000000010

# Exhibit "A"

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

KENNETH REAVES

CIVIL ACTION
NUMBER   **11-A-11493-4**

PLAINTIFF

VS.

GMAC MORTGAGE LLC
US BANK NATIONAL ASSOCIATION

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> DAVID P RACHEL
> 3400 PEACHTREE ROAD
> SUITE 1250
> RACHEL LAW GROUP PC
> ATLANTA, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 1st day of November, 2011.

Tom Lawler
Clerk of Superior Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

FILED IN OFFICE
CLERK OF COURT
GWINNETT COUNTY, GA

2011 NOV -1  PM 3: 45

TOM LAWLER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KENNETH REAVES                        )
                                      )
               Plaintiff,             )
                                      )          CIVIL ACTION FILE
VS.                                   )
                                      )          NO.
GMAC MORTAGE, LLC and                 )
U.S. BANK NATIONAL ASSOCIATION        )
                                      )
               Defendants.            )
_____)

### VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE,
### DAMGES, PUNITIVE DAMAGES AND ATTORNEYS FEES

COMES NOW, Kenneth Reaves ("Plaintiff") and files this Complaint against

Defendant, GMAC Mortgage, LLC ("GMAC") and U.S. Bank National Association ("U.S.

Bank") (collectively "Defendants") showing the Court the following:

1.

Defendant GMAC is a Georgia limited liability company and may be served though their

registered agent Corporation Services Company 40 Technology Parkway South, Suite 300,

Norcross, Georgia 30092.

2.

Defendant U.S. Bank is doing business in Georgia, however, it is not qualified to do

business in Georgia. U.S. Bank has its corporate headquarters at 800 Nicollet Mall, Minneapolis,

Minnesota 55402 and may be served at that address.

3.

Defendants GMAC and U.S. Bank are subject to the jurisdiction and venue of this court

1

3

by virtue of the fact that they conduct business in Georgia and the property, as defined in

paragraph 4 below, is located in Georgia.

### 4.

On or about December 27, 2005, Plaintiff refinanced property located at 3481 Oak Run

Drive, Lithonia, Georgia 30038 through a Security Deed recorded in deed book 18317, page 226

in the Dekalb County Real Estate Records (the "Property").

### 5.

On or about June of 2011, Plaintiff encountered temporary difficulty making his

mortgage payments.

### 6.

On or about July 2011, Plaintiff was told by GMAC to apply for a modification in order

to avoid a foreclosure on the Property.

### 7.

Defendant GMAC, through its employees and agents ("Representatives"), informed the

Plaintiff of the information required by Defendant GMAC to obtain a modification of his loan

and Plaintiff supplied that information to Defendant GMAC.

### 8.

In the course of Plaintiff's modification, Plaintiff corresponded with the Representatives

of the Defendants. These business dealings occurred via telephone conversations, facsimile and

emails.

### 9.

During the modification process and thereafter, Plaintiff engaged in numerous telephone

conversations and correspondences (the "Communications") with Defendant GMAC's

Representatives.

10.

In those Communications, Defendant GMAC's Representatives assured Plaintiff that

Defendant GMAC would modify the loan.

11.

Defendant GMAC's Representative, a female, told the Plaintiff that she was inputting in

the system that the foreclosure was to be suspended because they received the final required

documentation from Plaintiff for the loan modification.

12.

The Defendant GMAC further told the Plaintiff that the foreclosure was stopped and not

to worry.

13.

Defendant GMAC's Representative advised Plaintiff that the foreclosure was stopped and

to wait on the loan modification approval from Defendant GMAC.

14.

In reliance upon the Defendant GMAC's statements, Plaintiff refrained from attempting

any other course of action to stop the foreclosure.

15.

Plaintiff followed the instructions given by Defendant GMAC's Representatives and

waited for Defendant GMAC to forward the modification approval.

16.

In numerous subsequent telephone conversations, Defendant GMAC's Representatives

repeatedly assured Plaintiff that his foreclosure had been ceased because of the modification

process.

17.

On or about September 6, 2011, the law firm of McCurdy & Candler, LLC foreclosed on

the Property.

18.

Defendant GMAC knew that the statements and representations that its Representatives

made to Plaintiff were false.

19.

Defendant GMAC made promises and representations to Plaintiff, which induced

Plaintiff to act and respond in the ways set forth herein.

20.

Plaintiff reasonably and justifiably relied upon the statements and representations made to

him by Defendant GMAC's Representatives.

21.

Plaintiff has been irreparably injured by the conduct of the Defendants.

COUNT I
PROMISSORY ESTOPPEL

22.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 21 as though each

4

6

was fully set forth herein.

23.

Defendants are bound by the doctrine of promissory estoppel to comply with the promises

and commitments made by Defendants to Plaintiff.

24.

Plaintiff must be restored to his previous position, and the Defendants must be compelled

to comply with the terms of the agreements they made.

25.

As the direct and proximate result of the Defendants conduct, and under the principles of

promissory estoppel, Plaintiff has been damaged in an amount to be determined by a jury.

COUNT II
BREAK OF CONTRACT

26.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 25 as though each

was fully set forth herein.

27.

The Defendants have breached the contract they entered into with Plaintiff to modify the loan

concerning the Property.

28.

As the direct and proximate result of Defendant's breach of contract with the Plaintiff,

Plaintiff has been damaged in an amount to be determined by a jury.

5

COUNT III
BREACH OF ORAL CONTRACT

29.

Plaintiffs reassert the allegations contained in Paragraphs 1 through 28 as though each was fully set forth herein.

30.

Defendants breached the oral contract they entered into with Plaintiff to modify Plaintiff's loan.

31.

As the direct and proximate result of Defendants breach of the oral contract, Plaintiff has been damaged in an amount to be determined by a jury.

COUNT IV
FRAUD

32.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 31 as though each was fully set forth herein.

33.

Defendant GMAC authorized and sanctioned the statements and agreements that its Representatives made to and with Plaintiff.

34.

Defendant GMAC knew at the time that it caused its Representatives to make the statements and agreements to and with Plaintiff reflected herein, that those statements and

6

agreements were false and that they did not intend to honor or adhere to them.

35.

As the direct and proximate result of the Defendant's conduct, Plaintiff has been damaged in an amount to be determined by a jury.

## COUNT V
## WRONGFUL FORECLOSURE

36.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 35 as though each was fully set forth herein.

37.

Defendants have wrongfully foreclosed upon the Property of Plaintiff by committing the following acts:

a)     Indebtedness was not justly due as Defendant GMAC agreed to a modification of the loan; and

b)     The sale was not properly advertised by Defendants; and

c)     The Defendants do not have the power to foreclose on the Property as there is no assignment of record into the Defendants; and

d)     If the Property was to be bid in on the courthouse steps bidding would be chilled as Defendant GMAC had led Plaintiff to believe that it had agreed to a loan modification. As a result, the bidding on the Property should have been considered chilled.

38.

As a direct and proximate result of the acts of Defendants and its Representatives,
Plaintiff should be awarded damages in an amount to be determined by a jury

## COUNT VI
## PUNITIVE DAMAGES

39.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 38 as though each
was fully set forth herein.

40.

The conduct of Defendants in making willful and fraudulent misrepresentations and
concealments shows willful misconduct, malice, fraud, wantonness, and oppression with a
specific intent to cause harm to Plaintiff.  Plaintiff therefore prays for exemplary and punitive
damages in an amount to be determined by a jury, in order to deter the Defendants from such
wrongful and fraudulent conduct in the future.

## COUNT VII
## ATTORNEY FEES AND EXPENSES OF LITIGATION

41.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 40 as though each
was fully set forth herein.

42.

The conduct of the Defendants, as set forth herein, entitles Plaintiff to an award of his
attorney fees and expenses of litigation.

WHEREFORE, Plaintiff prays:

1.    That process issue and be served upon the Defendants along with a copy of this Complaint; and

2.    That this matter be tried before a jury; and

3.    That pursuant to Count I, the Defendants be liable and Plaintiff awarded damages for Defendants' actions; and

4.    That pursuant to Count II, Plaintiff be awarded damages in the amount that a jury determines to be just and proper; and

5.    That pursuant to Count III, Plaintiff be awarded damages in the amount that a jury determines to be just and proper; and

6.    That pursuant to Count IV, Plaintiff be awarded damages in the amount that a jury determines to be just and proper; and

7.    That pursuant to Count V, Plaintiff be awarded damages in the amount that a jury determines to be just and proper; and

8.    That pursuant to Count VI, Plaintiff be awarded damages in the amount that a jury determines to be just and proper; and

9.    That pursuant to Count VII, Plaintiff be awarded his attorney fees and expenses of litigation as may be proved at trial; and

10.    That Plaintiff has such other and further relief as the Court determines to be just

and proper.


This ___28th___ day of ___October___, 2011.


_____
David P. Rachel
Georgia Bar No. 591601
*Attorney for Plaintiff*


**THE RACHEL LAW FIRM, P.C.**
3400 Peachtree Road, N.E.
Suite 1250
Atlanta, Georgia 30326
(p)  (770) 805-0087
(f)  (770) 805-0089

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KENNETH REAVES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| VS. | ) | |
| | ) | NO. |
| GMAC MORTAGE, LLC and | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

VERIFICATION

Personally appeared before me, the undersigned officer, authorized to administer oaths,

KENNETH REAVES, who being first duly sworn, states that the facts contained in his

Complaint in the above-styled matter are true and correct.

This _28th_ day of _October_, 2011.

_____
KENNETH REAVES

Sworn to and subscribed
before me this _28th_
day of _October_, _2011_.

_____
Notary Public
State of Georgia
My commission expires:
(Seal)

GLORIA ANNE JACKSON
NOTARY PUBLIC
FULTON COUNTY, GEORGIA
MY COMMISSION EXPIRES AUGUST 10, 2015

11

13

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
SUPERIOR COURT
GWINNETT CO. GA

**Court**                     **County** _____          **Date Filed** _____
☐ Superior                                                              MM-DD-YYYY 2011 NOV -1  PM 3: 45
☐ State                       **Docket #** _14  1119?_  ➔

TON LAWLER, CLERK

**Plaintiff(s)**                                    **Defendant(s)**

Kearns          Kenneth                             GMAC  Mortgage, LLC
Last    First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

                                                    U.S. Bank National  Association
Last    First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

Last    First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

Last    First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

**No. of Plaintiffs** _1_                           **No. of Defendants** _2_

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Rachel    David    P
Last      First    Middle I.   Suffix

Bar # _591601_

## Check Primary Type (Check only ONE)

☒ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or
  Other Relief

☐ Non-Domestic Contempt

☒ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes  ☐ No

FORM 10                                                                    14

Civil Action No. _____

Date Filed _____ |D|||

Magistrate Court ☐
Superior Court ☒
State Court ☐
**Georgia, GWINNETT COUNTY**

Kenneth Roaves

**Plaintiff**

Attorney's Address
David P. Rachel
The Rachel Law Firm, P.C.
3400 Peachtree Road  NE
Ste 1250
Atlanta, GA 30326

VS.:

GMAC Mortgage LOB
US Bank Natwst Association

**Defendant**

Name and Address of Party to be Served
GMAC Mortgage LLC c/o Corporation Services Company;
40 Technology Parkway South Ste 30
Norcross, GA 30092

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about_____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant _____ GMAC Mortgage llc _____ a corporation
by leaving a copy of the within action and summons with _____ Alisha Smith (Mail Clerk) _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ 3 _____ day of _____ Nov _____ 2011

_____ 50/08

**DEPUTY**  Derek Stevenson

**GWINNETT COUNTY, GEORGIA**

SHERIFF DOCKET _____    PAGE _____

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

SC-2 Rev.85

15