# EXHIBIT 1

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
**GMAC Model Home Finance I, LLC, Case No. 12-12030**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Ronald Kravit**

Name and address where notices should be sent:
Cerberus Real Estate Capital Management, LLC
875 Third Avenue, 12th Floor
New York, NY 10022
Attention: Ronald Kravit

Copy To:
Schulte, Roth & Zabel LLP
919 Third Avenue, New York, NY 10022
Attention: Adam Harris (Adam.Harris@srz.com)
Telephone: (212) 756-2000

Telephone number: (212) 891-2104    email: rkravit@cerberusre.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:  $ contingent and unliquidated (please see attached)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Please see attached
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___ | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____    Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent.  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)  (See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Ronald Kravit
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____
Telephone number:    Email:

(Signature)    11/8/12 (Date)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
NOV 1 2 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.



# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
(212) 610-7094

Writer's E-mail Address
kevin.bell@srz.com

November 9, 2012

**VIA FEDERAL EXPRESS**

ResCap Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

Re:  GMAC Model Home Finance I, LLC, Case No. 12-12030

Dear Sir/Madam:

Enclosed please find an original and two copies of the Ronald Kravit's Proofs of Claims submitted in the above entitled matter.

We request that you return a file stamped copy of the Proof of Claim to us in the prepaid, self-addressed Federal Express envelope.

Respectfully,

Kevin Bell
Legal Assistant

Enclosures

DOC ID - 19223026.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
GMAC MODEL HOME FINANCE I, LLC, *et*              :    Case No. 12-12030 (MG)
*al.*,                                            :
:    Jointly Administered
:
Debtors.                                  :
:
---------------------------------------------------------------x

### ADDENDUM TO PROOF OF CLAIM OF RONALD KRAVIT

1. This proof of claim ("the Claim") is submitted by Ronald Kravit ("Claimant") as an individual against GMAC Model Home Finance I, LLC and its related debtors ("the Debtors").

### Summary of Claim

2. On May 14, 2012, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Bankruptcy Court has set November 16, 2012 as the last day to file a proof of claim against the Debtors (the "Bar Date").

4. Claimant served as a director of GMAC Model Home Finance I, LLC and other parent companies, wholly-owned subsidiaries or affiliates of the Debtors, including Residential Capital, LLC, GMCMTH, LLC and KBOne, LLC.

5. In the event an action or proceeding is commenced against Claimant for which Claimant may have a claim for indemnification under contract or applicable law, Claimant seeks to preserve such rights against the Debtors and all affiliates and subsidiaries.

6. Claimant asserts claims for contractual, common law and statutory rights for advancement, reimbursement, indemnification, and contribution for any costs (including attorneys' fees) or liabilities (including any adverse judgments) that may be incurred in any civil action ("Claims") commenced against Claimant based on any state or federal law; any director and officer liability policy maintained by the Debtors at any relevant time; agreements with the Debtors and the Debtors' representatives, including any operating agreements; and the Debtors' by-laws, certificate of incorporation, and any other similar organizational documents or indemnification agreements, including those of which Claimant may not be aware or which are not in Claimant's possession. Claimant believes the documentation supporting this Proof of Claim is voluminous and is already in Debtors' possession. Accordingly, Claimant has not attached such documentation.

7. All notices in respect of this Claim should be forwarded to:

> Cerberus Real Estate Capital Management, LLC
> 875 Third Avenue
> 12th Floor
> New York, NY 10022
> Attention: Ronald Kravit

With a Copy to:

> Schulte Roth & Zabel LLP
> 919 Third Avenue
> New York, NY 10022
> Attn:   Adam Harris
>              Marguerite Gardiner

8. This Claim is filed under compulsion of the Bar Date set in this case and is filed to protect Claimant from forfeiture of Claimant's claim by reason of said Bar Date. Filing of this Claim is not and should not be construed to be: (a) a waiver or release of Claimant's rights against any other entity or person liable for all or part of any claim described herein; (b) a waiver

of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other matters commenced in this case against or otherwise involving Claimant; (c) a waiver of any right to the subordination, in favor of Claimant, of indebtedness or liens held by creditors of the Debtor; (d) a waiver of Claimant's right to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (e) consent or submission by Claimant, or waiver of Claimant's right to object, to the jurisdiction of this Court for any purpose; (f) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by the district court; (g) a waiver of any right of Claimant to trial by jury; or (h) an election of remedy which waives or otherwise affects any other remedy of Claimant. Claimant expressly reserves and preserves (x) any and all rights, remedies, liens, interests, priorities, protections, claims, actions, defenses, set-offs, or recoupments that Claimant has or may have against the Debtors and their estates, any of their successors, assigns, subsidiaries, creditors, or management, any trustee for the Debtors' estates or any other entity or other party under the Bankruptcy Code or otherwise, and the rights and benefits at law or in equity to all the rights and interests under and with respect to the Claims, and (y) all of his procedural and substantive defenses and rights with respect to any claim that the Debtors, their successors or assigns, or any trustee for the Debtors' estates, may assert against Claimant.

9.  Claimant further reserves the right to amend, modify, or supplement this proof of claim, including without limitation, Claimant's rights: (a) to specify (and quantify) costs, expenses, and other charges or claims incurred by or owed to Claimant; (b) to file any separate or additional proof(s) of claim with respect to the claim set forth herein or otherwise (which proof(s) of claim, if so filed, shall not be deemed to supersede this proof of claim); (c) to amend,

modify or supplement this proof of claim in any respect, including with respect to the filing of an additional or amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (d) to file additional proofs of claim in respect of additional claims or for any other reason; and (e) against third parties.

10. The filing of this Claim shall not constitute a concession or admission by Claimant of liability or facts with respect to any claim that has been or may be asserted against Claimant.