UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:

Residential Capital, LLC, et al.,
Debtor

Case No. 12-12020 (MG)

Judge Martin Glenn

**<u>Notice of Filing Letter that Follows up on Inquiry Regarding Application of Ohio Consumer Sales Practices Act to Conduct of Homecomings Financial LLC in Loan Origination and Subsequent Collection Action</u>**

Patricia J. McNerney, through counsel, and Susan M. Gray, *pro se*, respectfully files herewith a letter referenced at the hearing on December 16, 2015 regarding are Claims Numbered. 4757, 4758, 4762, and 4764. The question related to the applicability under the Ohio Consumer Sales Practices Act to the conduct of Homecomings in loan origination and in subsequent debt collection activity. These claims formed the basis of counterclaim in the original foreclosure case (Mortgage Electronic Registration Systems, Inc. v. McNerney, Case No. CV-03-514406, Court of Common Pleas, Cuyahoga County, Ohio), and the second foreclosure case (*Homecomings Financial, LLC v. Patricia J. McNerney,* U.S. District Court, Northern District of Ohio, case Number 1:09-cv-02383-LW. The letter was originally sent by e-mail only as counsel was travelling and did not have access to passwords to file the document. The letter attached hereto is revised to correct errors arising from working remotely with unfamiliar equipment, and to add clarifications by footnote. It is re-dated to reflect today's date.

Respectfully Submitted,

/s/ Susan M. Gray
Susan M. Gray (0062356)
Attorney for Ms. McNerney
Ohio Savings Bank Building, Suite 210
22255 Center Ridge Road
Rocky River, OH 44116
Tel. 440.331.3949
Fax. 440.331.8160
smgray@smgraylaw.com

# Susan M. Gray
*Attorneys and Counselors at Law*

Susan M. Gray, Esq.
smgray@smgraylaw.com

Of Counsel
Mona B. Rubinstein, Esq.

---

December 21, 2015

The Honorable Judge Martin Glenn
United States Bankruptcy Court
Northern District of Ohio
Via e-mail only at Deanna_Anderson@nysb.uscourts.gov

    Re: Rescap objection to claims of Ms. Patricia McNerney and Susan M. Gray[1]

Dear Judge Glenn:

    This letter responds to the inquiry whether the claims under the Ohio Consumer Sales Practices Act are valid claims under Ohio Law. The answer is yes.

    The citation to the *Anderson v. Barclay's Capital Real Estate, Inc.*, 989 N.E.2d 997, (Ohio 2013) is not applicable to this case because that claim failed based on the fact that the claim was against a servicer and the court held that a servicer does not fit within the definition of a *supplier* under the Ohio Consumer Sales Practices Act.[2] The reference in that case to "pure real estate transaction" was simply a statement of background "hornbook" law.

    A "pure real estate transaction" is a transaction that involves the sale of real estate and nothing more. *Rose v. Zaring Homes, Inc.* 122 Ohio App. 3d 739 (Ohio App. 1 Dist. 1997) p. 739. In *Brown v. Liberty Clubs*, 45 Ohio St. 3d 191 (1989) the Ohio Supreme Court, while reiterating the same horn book statement as part of the analysis, held that the Ohio CSPA does apply to mixed transactions involving real estate.[3] In this case, the "pure real estate" transaction exclusion does not apply because this is not the sale of real estate, but a mortgage loan transaction. Second, in this case Household was a supplier in that it was engaged in the business

---

[1] Claims numbered 4757, 4758, 4762, 4764

[2] Homecomings was never a "servicer" of this loan. Sara Lathrop, in paragraph 6, of her affidavit, probably in an effort to fit the facts of this case within *Anderson*, states that "Homecomings Serviced the loan from December 27, 2002, until servicing was transferred to GMACM on January 1, 2003. However, counsel for the trust admitted at the hearing that the loan closing did not occur until January 1, 2003. An objection to the affidavit of Sara Lathrop based on lack of personal knowledge has been filed.

[3] *Brown* is cited by RESCAP Claims Trust as favoring its position, but in reality, that is the case that held that a personal property component to the transaction causes the transaction to be within the broad coverage of the CSPA. In *Brown*, the personal property component was a "free gift" of steak knives.

of effecting consumer transactions.[4] Further, in addition to providing a loan product, Household paid off credit card debt and provided insurance, neither of which involves the sale of real estate. This is a mixed transaction under *Brown* and therefore subject to the Ohio Consumer Sales Practices Act. This is not a claim derivative from broker liability in that it is based on specific acts by Homecomings in the effectuation of a consumer transaction, including intentional misrepresentation that Ms. McNerney qualified for the loan. Further in *Linetsky v. DeJohn*, 2010-Ohio-5016, the Court of Appeals held that a supplier committed an unfair act and practice when it gave faulty notices under the Truth in Lending Act and did not deliver them in a timely manner. Under the Truth in lending Act, it is the lender who is strictly liable for the delivery of notices in the proper number that clearly and conspicuously disclose required notices and terms.[5] Homecomings failed to do that and thus violated the CSPA. In *Linetsky*, even though the statute of limitations under TILA had run, the plaintiff still stated a claim under CSPA for failure to give notices in a timely manner in violation of TILA.[6]

In addition, in the counterclaim in 1:09-cv-02383-LW[7], Ms. McNerney asserted numerous CSPA claims against Homecomings directly based on its collection in that case of a debt not owed, and seeking to foreclose on a mortgage that had been rescinded. Unfair debt collection has long been held to violate the Ohio Consumer Sales Practices Act. *Richey v. Citimortgage, Inc. et al*; Case No 1:13-CV-01452.[8] Those claims, set forth in the counterclaims are also part of her CSPA claim in this bankruptcy case.

Thank you for your consideration.

Sincerely,

Susan M. Gray

Susan M. Gray

CC Jordan Wishnew and David Wallace also by e-mail

---

[4] Ohio CSPA defines "supplier" as "…person engaged in the business of effecting consumer transactions, whether or not the person deals directly with the consumer." Ohio Rev. Code 1345.01(C). *Zaring*, p. 8.

[5] *Shepeard v. Quality Siding & Window Factory, Inc.*, 730 F. Supp. 1295, 1299 (D.Del. 1990); *Thomka v. A.Z Chevrolet, Inc.*, 619 F. 2d 246, 249-50 (3d Cir. 1980).

[6] Because the transaction in *Linetsky*, was a purchase-money loan, referred to in the Truth in Lending Act as a "residential mortgage transaction", 15 U.S.C. 1602(x) (formerly 1602(w)), the three year extended right to rescind was not available to the borrower in *Linetsky*. 15 U.S.C. 1635(e)(1).

[7] *Homecomings Financial, LLC v. Patricia J. McNerney*, U.S. District Court, Northern District of Ohio.

[8] Document 56, U.S. District Court, N.D. Ohio 2013)