```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12  - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              December 16, 2015
19              2:06 PM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

2  Final Pretrial Conference by Telephone, Regarding Objection to

3  Claim Number 2055 Filed by Michael and Kristin Karmazyn

25  Transcribed by:   Hana Copperman

 1

 2  A P P E A R A N C E S :

 3  MORRISON & FOERSTER LLP

 4       Attorneys for the ResCap Borrower Claims Trust

 5       250 West 55th Street

 6       York, NY 10019

 7

 8  BY:    JORDAN A. WISHNEW, ESQ. (TELEPHONICALLY)

 9         JESSICA J. ARETT, ESQ. (TELEPHONICALLY)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  P R O C E E D I N G S

2           THE COURT:  All right.  This is Judge Glenn.  We're

3    here in Residential Capital, 12-12020.  This was a scheduled

4    pre-trial conference by telephone regarding the objection to

5    claim number 2055 filed by Michael and Kristin Karmazyn.

6           May I have the appearances, please?

7           MR. WISHNEW:  Good afternoon, Your Honor.  Jordan

8    Wishnew and Jessica Arett for Morrison & Foerster, counsel to

9    the ResCap Borrower Claims Trust.

10          THE COURT:  All right.  And I understand that Ms.

11   Karmazyn is not on the phone.  Is that correct?

12          MR. WISHNEW:  That is correct, Your Honor.

13          THE COURT:  Okay.  And I understand you don't have a

14   current contact number to reach her.  Is that true?

15          MR. WISHNEW:  I believe Ms. Arett spoke to her last

16   week and then was told that she was disconnecting that number.

17   And we've been e-mailing with her.  Just e-mailed her again a

18   few moments ago asking her to dial in to the number to the

19   conference line and haven't heard back from her.

20          THE COURT:  Ms. Arett, when you spoke to her last

21   week, was she aware of the hearing today?

22          MS. ARETT:  Yes.  I spoke to her on multiple times

23   last week and told her that the hearing was at 2 p.m. and that

24   I would be reaching out to her to provide her with the

25   telephone information once we figured that out.

1           THE COURT:  Okay.  Well, we'll see whether she joins
2    or not.
3           So I have the proposed pre-trial order.  I have some
4    questions.  I guess I'll have to ask them of your side.
5           So I went back and I reviewed the April 1, 2015 order
6    overruling the Trust's objection to the Karmazyn claim.  And I
7    reviewed the pre-trial order.
8           So the issue that I want to focus on is that I'm
9    looking back at my opinion, page 10 of my opinion -- of the
10   order.  It wasn't an opinion.
11          The second foreclosure plan required a payment by, I
12   believe, it was October 5th.  And what was the amount of the
13   payment that was required?
14          MR. WISHNEW:  One moment, Your Honor.  I think it was
15   $1,244.65.
16          THE COURT:  Okay.  And, again, referring to the
17   opinion, at page 10 it reads:
18          " Karmazyn asserts that she sent the Debtors a payment
19   of $1,244.65, which was received by the Debtors on October 3,
20   2009. (Karmazyn Supp. at 1.) The Trust does not argue that
21   Karmazyn's payment was not timely received, instead asserting
22   that the Debtors returned such payment because it was in an
23   insufficient amount. (See Reply Paragraph 22.) However, this
24   payment was allegedly made in the exact amount specified in the
25   Second Foreclosure Plan.  (See Horst Decl. Ex. K Paragraph 5.)

1  Whether the Debtors' refusal to accept this payment followed by
2  the foreclosure on October 7, 2009 may give rise to liability
3  to the Karmazyns required factual determinations that cannot be
4  made at this time."
5          So when I read the pre-trial order I see in the
6  stipulations, stipulated facts in paragraph 29:
7          "During the September 24 Phone Conversation, Claimant
8  was informed that the Trial Plan would require a payment of
9  $1,244.65 to be made on or before October 5, 2009."
10         And then paragraph 30:
11         "During the September 24 Phone Conversation, Claimant
12  and/or Michael Karmazyn was again informed that a foreclosure
13  sale of the Property was scheduled for October 7, 2009 and that
14  the Trial Plan Payment would need to be received by October 5,
15  2009 in order to stop the foreclosure."
16         So Ms. Karmazyn asserts that the payment was received
17  by GMAC.  And what I read to you from the opinion, the Trust
18  does:
19         "The Trust does not argue that Karmazyn's payment was
20  not timely received, instead asserting that the Debtors
21  returned such payment because it was in an insufficient
22  amount."
23         MR. WISHNEW:  Right.
24         THE COURT:  How much was the payment that was
25  received?

1           MR. WISHNEW:  Well, the payment -- Your Honor, the
2   Trust respectfully disagrees with the statement in Your Honor's
3   opinion that you just referenced, "The Trust does not argue".
4   And I'm just reading from the opinion.
5           THE COURT:  Sure.
6           MR. WISHNEW:  "The Trust does not argue that
7   Karmazyn's payment was not timely received, instead asserting
8   the Debtors returned such payment because it was in an
9   insufficient amount."
10          And Your Honor refers to our reply at paragraph 22.
11          However, in a supplemental declaration that Ms. Horst
12  submitted on January 28th she specifically stated that debtors
13  did not receive a payment by October 5th.  As a result, the
14  September trial plan was cancelled on October 7.  The Karmazyns
15  sent a payment of $1,244.65 on October 7th, but this payment
16  was returned the same day because it was not enough to
17  reinstate the account.
18          So that's -- the factual issue we take is that it was
19  not timely received, as opposed to it not being enough.
20          THE COURT:  Okay.  So I didn't see -- I'm looking at
21  your exhibit list.  Is there -- and I don't see listed a
22  payment record to show when you received the payment.
23          MR. WISHNEW:  We do, relying upon the servicing notes,
24  Your Honor, and the loan history.  Item C on page 11 of the
25  pre-trial order.

1            THE COURT:  Yes.

2            MR. WISHNEW:  "Loan History (i.e., Servicing Notes)

3   for Loan account".

4            THE COURT:  So Ms. Karmazyn lists as Exhibit 5, "GMAC

5   Payment Statements".  Do you know what those are?  I mean, you

6   don't have her exhibits yet, but --

7            MR. WISHNEW:  That's -- yes, that's exactly what I was

8   going to say, Your Honor.  We don't have her exhibits.  And

9   notwithstanding that, we served her with discovery back in

10  October.  We received no responses to those discoveries, which

11  would include the documents that she purports to include as her

12  exhibits here.

13           THE COURT:  Just give me a second.

14           So at page 8 of the opinion, in the last full

15  paragraph on the page:

16           "The Karmazyn Supplement challenges the accuracy of

17  the Trust's version of events.  Karmazyn asserts that the

18  Second Foreclosure Plan provides that the lender under the Note

19  must receive the initial installment in the amount of $1,244.65

20  (see Karmazyn Supp. at 1 (citing Horst Decl. Ex. K, Paragraph

21  5)), and, according to Karmazyn, a money order in that amount

22  was sent and received by the Debtors on October 3, 2009."

23           I didn't go back to look at what's the Horst

24  declaration Exhibit K, paragraph 5.  Do you have that available

25  to you?

1            MR. WISHNEW:  One moment, Your Honor.
2            Your Honor, we don't have -- we see where you're
3    referencing.  You're referencing the September trial plan.  We
4    don't have that immediately in front of us at this moment.
5            Give me one -- let me see if I can just quickly pull
6    it up online, Your Honor.
7            THE COURT:  Okay.  Thanks.
8       (Pause)
9            MR. WISHNEW:  Okay, Your Honor.  Okay.  So this is
10   Exhibit K, paragraph 5 refers to the September 24, 2009
11   foreclosure repayment agreement.  I believe that's docket
12   number 8038-11, page 2 of 5.  Paragraph 5 reads:
13           "Notwithstanding the foregoing, Lender agrees to
14   suspend but not terminate foreclosure activity on the default
15   account, provided we receive the executed Agreement and we
16   receive the initial installment in the amount of $1244.65 no
17   later than MONTHLY.  This executed Agreement can be mailed or
18   faxed to us at:"
19           And then provides an address in Waterloo, Iowa.
20           THE COURT:  Okay.  Do the servicing notes indicate in
21   what form the payment was received, whether it was by money
22   order?  I know you say it was received.  The Trust's position
23   is that it was not received until the 7th.  Karmazyn said it
24   was received on October 3.
25           MR. WISHNEW:  It appears to be received by check, Your

1  Honor.
2      THE COURT:  Was it a bank check?  I mean, I know you
3  had --
4      MR. WISHNEW:  It was --
5      THE COURT:  You had returned --
6      MR. WISHNEW:  It appears to be a --
7      THE COURT:  -- a lot of checks to her because they
8  were personal checks not certified funds.
9      MR. WISHNEW:  It appears -- the servicing notes
10 reference a check number 63865-505-039.
11     THE COURT:  It sounds like a bank check with a number
12 like that.
13     MR. WISHNEW:  I would agree with Your Honor.
14     THE COURT:  Or it could -- with a number like that it
15 could be a money order, but I don't know.
16     Look, I understand.  I feel, you know, Karmazyn's not
17 on this phone call, and I don't expect you to make her case for
18 her, but I would -- one of you ought to communicate to her that
19 if she has a document that shows that she paid it by money
20 order and that it was received on the 3rd, she better present
21 it at the hearing.
22     And I'm mindful she has to list her exhibits.
23 Communicate that to her.  If she has the exhibit, and she gives
24 it to you, I'm going to let her add it to the list.  I want to
25 decide this on the merits.  If she didn't submit the payment

1  until it was too late, well, that's one set of facts.  But she,
2  at least, said in connection with the original claim objection
3  that she paid it, and it was received by GMAC on October 3,
4  which would have been timely.
5          MR. WISHNEW:  Right.
6          THE COURT:  So I want to give her a chance.  I'm not
7  going to be unfair to the Trust, but so you know, it's not your
8  doing that she's not on the phone today.  But I would like one
9  of you to communicate to her that the Court asked about it, and
10 if she has documentary evidence, (a) she needs to share it with
11 you in advance of the hearing.
12         I mean, look.  It wouldn't be the first time -- I'm
13 not saying with GMAC it wouldn't be the first time a payment
14 had been received and didn't get recorded until some days
15 later.  I have no idea whether that's what happened here.  I'm
16 not suggesting that that happened.  I want to know whether it
17 happened.
18         MR. WISHNEW:  Agreed, Your Honor.
19         THE COURT:  Okay?
20         MR. WISHNEW:  Yes.
21         THE COURT:  All right.  I'm going to enter the pre-
22 trial order as submitted, but this is on the record.  I'm
23 making clear that if she has an exhibit showing that she made
24 the payment on October 3rd, that it was received on October 3rd
25 and made it in certified funds, I want to see the ev -- I'm

1  going to permit her to add it to her exhibits, provided that
2  she gives it to you in advance of the hearing.
3          MR. WISHNEW:  We will.
4          And otherwise I'll see you all on January 6th.  Have
5  good holidays.
6          MR. WISHNEW:  To you as well, Your Honor.
7          THE COURT:  Okay.  Thanks.  We're adjourned.
8       (Whereupon these proceedings were concluded at 2:23 PM)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2                            C E R T I F I C A T I O N
3
4  I, Hana Copperman, certify that the foregoing transcript is a
5  true and accurate record of the proceedings.
6
7
8
9  *Hana Copperman* (signature)
10
11 _____
12 **HANA COPPERMAN**
13 **AAERT Certified Electronic Transcriber CET**D 487**
14
15 **eScribers**
16 **700 West 192nd Street, Suite #607**
17 **New York, NY 10040**
18
19 **Date:   December 17, 2015**
20
21
22
23
24
25