UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,

       Post-Effective Date Debtors                Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,          Case No. 12-12020-mg

       Objector

v.

TIA DANIELLE SMITH,

       Creditor-Beneficiary

---

REQUEST FOR DISCOVERY DISPUTE CONFERENCE
(CLAIM NOS. 5610 and 5612)

---

       Richard D. Rode, by her attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES,

brings this preliminary Motion to inform the Court that a discovery dispute has arisen, which

could not be resolved.  The deadline for Mr. Rode to provide responses to the First Set of

Written Discovery was, by agreement, today, December 30, 2015.  Counsel met and conferred

this afternoon and were unable to resolve their differences.  A message has been left with the

Courtroom Deputy to schedule a telephone conference with the Court to resolve the dispute.

       Mr. Rode's wife, Maudeena Rode, who is the paralegal to Mr. Rode's Texas trial counsel,

Jeffrey H. Uzick of UZICK AND ONCKEN, P.C. (UZICK), had a death in her family soon after

the First Set of Written Discovery was propounded.  The family member who died was a young

woman Ms. Rode had practically raised as a child.  Ms. Rode and her family in West Virginia

was deeply affected by death.  Ms.  Rode was not available to assist Mr. Rode with the discovery

responses until December 11, 2015.  Attorney Jordan Wishnew of MORRISON & FOERSTER

granted a one week extension of time to respond to the First Set of Written Requests from the

1

Borrower Claims Trust.  The deadline for fact discovery under the Case Management and

Scheduling Order is not until February 16, 2015.   Mr. Rode's Responses to the First Set of

Admissions were served yesterday via facsimile on the attorneys at MORRISON & FOERSTER.

Ms. Rode has been very busy since her return to Houston from the funeral and family's

grieving process in West Virginia with year end accounts and payroll, as well as her other work

at UZICK, and is essential to the process of producing the documents requested by the proponent

of the discovery.  The history of Mr. Rode's involvement with GMAC Mortgage, LLC

(GMACM) and Homecomings Financial, Inc. (Homecomings) spans 10 years, including the

current contested claims matter in this Court, being pursued by the Borrower Claims Trust as

purported "successor in interest" to GMACM/Homecomings, by way of a purported "qualified

settlement fund," apparently funded by the RESCAP Liquidating Trust, which does not appear

on its face to comply with 26 U.S.C. sec. 468B and 26 CFR 1.468B.  It is the style of the

undersigned to provide all documents which are not otherwise privileged or confidential work

product.

Mr. Rode has been frantically scanning all documents which are in any way related to his

responses to the proponent's Interrogatories and advises that Ms. Rode will provide all of the

documents to the proponent on a flash drive by overnight delivery to MORRISON &

FOERSTER.  Unfortunately, due to the death in Ms. Rode's family, the undersigned has still not

had an opportunity to review the documents upon which Mr. Rode relies for his responses to the

Interrogatories as of this writing.  This counsel is located in Minneapolis, Minnesota and also

works in Madison, Wisconsin, depending on the location of her court appearances.   Mr. Rode is

in Houston, Texas.  The arrangement for discovery performance was that the draft responses

would be provided to the undersigned counsel for Mr. Rode well before the current, extended deadline, but circumstances have prevented that from occurring.

This counsel informed Mr. Wishnew that Mr. Rode would be willing to amend his responses to the Interrogatories and Requests for Production and requested an extension of time to January 15, 2016 to do so.  Mr. Wishnew indicated that he would get back to this counsel, but that the proponents of the discovery did not waive compliance with the extended discovery deadline in the meantime.

This counsel has never in more than 40 years of practice been confronted with a situation where counsel for an opposing party would not provide an extension of a discovery deadline for reasonable cause, when the scheduling order providing for the discovery to be completed was still open.  Mr. Wishnew indicated that he expected the initial responses to the Interrogatories and Requests for Production to be produced today, which she intended to do to the best of this counsel's ability under the circumstances, but it is simply unreasonable for Mr. Wishnew not to agree to the January 15, 2016 date for amendments of the discovery requests to be more specific as to which documents apply to the several Interrogatories.   Because a discovery conference is now necessary, this counsel requests an extension to January 15, 2016 to file the complete responses to the Interrogatories and Requests for Production of Documents, rather than having to initially respond and then amend, which increases the effort of this counsel and expenses to Mr. Rode.  Filing complete responses by January 15, 2016 is a reasonable extension under the circumstances and Mr. Wishnew did not articulate any reason why the proponents of the First Set of Written Discovery would be harmed by the requested extension.

**WHEREFORE**, Mr. Rode requests a discovery dispute resolution conference at the

Court's earliest convenience.

Dated at Madison, Wisconsin this 30th day of December, 2015.

*/s/ Wendy Alison Nora*

_____

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
WI BAR #1017043
MN BAR #165906

**DECLARATION UNDER PENALTY OF PERJURY**

Wendy Alison Nora declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746,

that the foregoing facts are true and correct, to the best of her knowledge, information and belief.

*/s/ Wendy Alison Nora*

_____

Wendy Alison Nora

**DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746,

that she served the foregoing Request via CM/ECF and thereby served counsel for the proponent

of the First Set of Written Discovery of the Borrower Claims Trust.

*/s/ Wendy Alison Nora*

_____

Wendy Alison Nora

4