**Hearing Date and Time: February 10, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: January 27, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
|                                        )
In re:                                   )    Case No. 12-12020 (MG)
                                         )
RESIDENTIAL CAPITAL, LLC, et al.,        )    Chapter 11
                                         )
                     Debtors.            )    Jointly Administered
                                         )
--------------------------------------------------------------------

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S**
**NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) NO**
**LIABILITY CLAIMS AND (B) REDUCE AND ALLOW CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Ninety-First Omnibus Objection to Claims ((A) No Liability Borrower Claims and (B) Reduce and Allow Claims* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **February 10, 2016 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 27, 2016 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel for the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Jessica J. Arett); (c) co-counsel for the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Douglas H. Mannal, Joseph A. Shifer and Nathaniel Allard); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

ny-1217802

Dated:  January 5, 2016
        New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

**Hearing Date and Time:** February 10, 2016 at 10:00 a.m. (Prevailing Eastern Time)
**Response Date and Time:** January 27, 2016 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------- ) | | |

### THE RESCAP LIQUIDATING TRUST'S NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY CLAIMS AND (B) REDUCE AND ALLOW CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to terms of the Plan (defined below) confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

## **RELIEF REQUESTED**

1.      The Liquidating Trust files this Ninety-First omnibus objection to claims (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, (i) disallowing and expunging the claims listed on Exhibit A and (ii) reducing and allowing the claims listed on Exhibit B attached to the Proposed Order.[1]  In support of the Objection, the Liquidating Trust submits the Declaration of Peggi Fossell, Director of Claims Management for the ResCap Liquidating Trust (the "Fossell Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.      The Liquidating Trust examined the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "No Liability Claims") as well as the books and records the Debtors maintained in the ordinary course of business, and determined that the No Liability Claims are not reflected in the Debtors' historical accounts payable records.  In addition, the Debtors' books and records do not reflect any sums owing to the claimants by any Debtor on

---

[1]      Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the Claims Register maintained by KCC (as defined herein).

account of any prepetition or postpetition liabilities.  For these reasons, as set forth in more detail in <u>Exhibit A</u>, the Liquidating Trust determined that it has no liability to the identified claimants. Accordingly, the Liquidating Trust requests that the No Liability Claims be disallowed and expunged in their entirety.

3.    The Liquidating Trust also examined the proofs of claim identified on <u>Exhibit B</u> to the Proposed Order and determined that each proof of claim listed thereon (collectively, the "<u>Reduce and Allow Claims</u>," and together with the No Liability Claims, each a "<u>Claim</u>" and collectively, the "<u>Claims</u>"[2]) was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.  The Liquidating Trust seeks to modify the Reduce and Allow Claims by (a) reducing them to the amounts set forth under the heading "*Modified Claim Amount*" on <u>Exhibit B</u> and (b) allowing each Reduce and Allow Claim only to the extent of such modified amount.

4.    The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.    On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "<u>Debtors</u>") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]    No Borrower Claims (as defined in the Procedures Order) are included in the Objection.

7.      On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

8.      On August 29, 2012, this Court entered an order (the "Bar Date Order") establishing, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim, and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

9.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].   On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

10.     The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order

¶ 22.    Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

## BASIS FOR RELIEF

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v Oneida, L.P., No. 09-cv-2229 (DC) 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  Allegheny Int'l, Inc. v. Snyder, 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1).

## A.    The No Liability Claims Should Be Disallowed and Expunged

12.    The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records.  After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not

have liability for such Claim.  See Fossell Declaration ¶ 4.  This determination was made after

the holders of the No Liability Claims were given an opportunity to supply additional

documentation to substantiate their respective Claims.  See id.  Based on a diligent review of the

Debtors' books and records, the Liquidating Trust asserts that the Debtors have no liability to the

claimants because: (i) there is no record of any invoice amounts or other sums owing to the

claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, (iii) the

amounts asserted in the Claim have been paid and satisfied by the Debtors or the Liquidating

Trust, as applicable, (iv) the invoice forming the basis of the claim was previously denied

payment by the Debtors due to the vendor's failure to respond to follow-up requests for required

information, (v) the Debtors' books and records do not reflect that the wrongdoing alleged by the

Claimant occurred, and/or (vi) the Claim is based on litigation that has been dismissed with

prejudice.  See id.  For these reasons, as described in greater detail on Exhibit A annexed to the

Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these

claimants for the amounts asserted in the respective Claims.  See id.

13.    To avoid the possibility that these claimants receive improper recoveries against

the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced

by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge

each of the No Liability Claims in its entirety.

**B**.    **The Reduce and Allow Claims Should Be Reduced and Allowed as Modified**

14.    Based upon its review of the proofs of claim filed on the Claims Register, the

Liquidating Trust determined that each Reduce and Allow Claim identified on Exhibit B

attached to the Proposed Order was filed in an amount that is greater than the actual amount for

which the Debtors' estates are liable.  See Fossell Declaration ¶ 5.

15.    The holders of the Reduce and Allow Claims have asserted liquidated claim amounts based on invoices attached to or identified in the proofs of claim.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimants because they are based on invoices that were either previously paid by the Debtors or were not timely submitted to the Debtors in accordance with the underlying service agreement, as set forth on <u>Exhibit B</u> under the column heading "*Reason For Modification*." <u>See</u> 11 U.S.C. § 502(b); Fossell Declaration ¶ 6.

16.    The amounts listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" represent the value of the Reduce and Allow Claims reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date (as applicable).  <u>See</u> Fossell Declaration ¶ 7.  The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims.  Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that this Court reduce each Reduce and Allow Claim to the corresponding amount listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

## **<u>NOTICE</u>**

17.    The Liquidating Trust has served notice of this Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.


Dated:  January 5, 2016
        New York, New York

                                          /s/ Norman S. Rosenbaum
                                          Norman S. Rosenbaum
                                          Jordan A. Wishnew
                                          Jessica J. Arett
                                          **MORRISON & FOERSTER LLP**
                                          250 West 55th Street
                                          New York, New York 10019
                                          Telephone:  (212) 468-8000
                                          Facsimile:  (212) 468-7900

                                          *Counsel to The ResCap Liquidating Trust*

7

## **Exhibit 1**

**Fossell Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------  )
                                                                   )
In re:                                                             )      Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                          )      Chapter 11
                                                                   )
                                           Debtors.                )      Jointly Administered
                                                                   )
-----------------------------------------------------------------  )

**DECLARATION OF PEGGI J. M. FOSSELL IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**((A) NO LIABILTY CLAIMS AND (B) REDUCE AND ALLOW CLAIMS)**

I, Peggi J. M. Fossell, hereby declare as follows:

1.       I am the Director of Claims Management for The ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>"), and previously served as Director of Claims Management for Residential

Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws

of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11

Cases (collectively, the "<u>Debtors</u>").  I have been employed by affiliates of ResCap since 1982.

In October 2012, I became the Director of Claims Management for ResCap.  I began my

association with ResCap in 1982 as a Director of the Central Document Repository for

Residential Funding Company ("<u>RFC</u>"), charged with developing RFC's operational processes.

In 1987, I became a Manager of Capital Markets and Structured Finance for RFC – a position I

held until 1997, at which time I became the Manager of the Service Delivery Group.  In 2000, I

became Manager of the Exception Management group for GMAC-RFC.  In 2003, I became the

Senior Business Advisor for Diligence Solutions for GMAC-ResCap, where I was charged with

assessing the operational impacts of changes to product diligence standards.  I became a Senior

Credit Risk Analyst for the Mortgage Credit Policy team for GMAC Mortgage in 2008.  In my

current position, I am responsible for Claims Management and Reconciliation and Client

Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the

*ResCap Liquidating Trust's Ninety-First Omnibus Objection to Claims ((A) No Liability Claims*

*and (B) Reduce and Allow Claims)* (the "<u>Objection</u>").[1]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon

my personal knowledge of the Debtors' operations and finances, information learned from my

review of relevant documents and information I have received through my discussions with other

former members of the Debtors' management or other former employees of the Debtors, the

Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson

Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.  If I were called upon to

testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Director of Claims Management, I am intimately familiar with

the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

that were prepared and kept in the course of their regularly conducted business activities (the

"<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial

affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order.

Since the Plan became effective and the Liquidating Trust was established, I, along with other

members of the Liquidating Trust's management or other employees of the Liquidating Trust,

have continued the claims reconciliation process, which includes analyzing claims and

determining the appropriate treatment of the same.  In connection with such review and analysis,

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

2

where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

### A.      No Liability Claims

4.      The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records.  After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such Claim.  This determination was made after the holders of the No Liability Claims were given an opportunity to supply additional documentation to substantiate their respective Claims.   Based on a diligent review of the Debtors' books and records, the Liquidating Trust asserts that the Debtors have no liability to the claimants because: (i) there is no record of any invoice amounts or other sums owing to the claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, (iii) the amounts asserted in the Claim have been paid and satisfied by the Debtors or the Liquidating Trust, as applicable, (iv) the invoice forming the basis of the claim was previously denied payment by the Debtors due to the vendor's failure to respond to follow-up requests for required information, (v) the Debtors' books and records do not reflect that the wrongdoing alleged by the Claimant occurred, and/or (vi) the Claim is based on litigation that has been dismissed with prejudice.  For these reasons, as described in greater detail on <u>Exhibit A</u> annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in the respective Claims.

### B.    The Reduce and Allow Claims

5.    Based upon its review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined that each Reduce and Allow Claim identified on <u>Exhibit B</u> attached to the Proposed Order was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.

6.    The holders of the Reduce and Allow Claims have asserted liquidated claim amounts based on invoices attached to or identified in the proofs of claim.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimants because they are based on invoices that were either previously paid by the Debtors or were not timely submitted to the Debtors in accordance with the underlying service agreement, as set forth on <u>Exhibit B</u> under the column heading "*Reason For Modification*."

7.    The amounts listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" represent the value of the Reduce and Allow Claims reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date (as applicable).  The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims.  Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that this Court reduce each Reduce and Allow Claim to the corresponding amount listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

4

8.      Based upon these reviews, and for the reasons set forth in the Objection and <u>Exhibit A</u> and <u>Exhibit B</u> to the Proposed Order, I have determined that each Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2016

 /s/ Peggi J. M. Fossell
Peggi J. M. Fossell
Director of Claims Management for The
ResCap Liquidating Trust

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                      )       Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,          )       Chapter 11
                                                             )
                             Debtors.             )       Jointly Administered
---------------------------------------------------------------   )

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S NINETY-FIRST**
**OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY CLAIMS**
**AND (B) REDUCE AND ALLOW CLAIMS)**

Upon the *Ninety-First Omnibus Objection to Claims ((A) No Liability Claims and*

*(B) Reduce and Allow Claims)* (the "Objection")[1] filed by The ResCap Liquidating Trust (the

"Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the

"Procedures Order"), (i) disallowing and expunging the No Liability Claims on the basis that the

Debtors' books and records reflect no liability for amounts owed for such Claims against the

Debtors' estates and (ii) reducing and allowing the Reduce and Allow Claims on the grounds that

these Claims were filed in an amount that is greater than the actual amount for which the

Debtors' estates are liable, all as more fully described in the Objection; and it appearing that this

Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Objection.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; upon consideration of the Objection and the

*Declaration of Peggi Fossell in Support of The ResCap Liquidating Trust's Ninety-First*

*Omnibus Objection to Claims ((A) No Liability Claims and (B) Reduce and Allow Claims)*,

annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief

sought in the Objection is in the best interests of the Liquidating Trust, its constituents, the

Debtors, and all parties in interest, and that the legal and factual bases set forth in the Objection

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims

listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Claims</u>") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent ("<u>KCC</u>"), is directed to disallow and expunge the No Liability Claims identified

on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the

Claims Register; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims

listed on <u>Exhibit B</u> annexed hereto (the "<u>Reduce and Allow Claims</u>") are hereby reduced or fixed

and allowed in the amount provided under the column *Modified Claim Amount*, and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent ("KCC"), is directed to modify the Reduce and Allow Claims identified on the schedule attached as Exhibit B hereto so that such claims are reflected on the Claims Register in a manner consistent with this order, and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on Exhibit A or Exhibit B annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2016
      New York, New York

_____

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
NINETY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

**Claims to be Disallowed and Expunged**

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | LWBR, LLC<br>Attn Steven Madeoy, Managing Member<br>14900 Sweitzer Ln, Ste 206<br>Laurel, MD 20707 | 3451 | 11/07/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC Mortgage, LLC | 12-12032 | Claimant's POC states the basis for claim as "failure to deliver real property titles/fraud" and attaches a schedule of properties Claimant allegedly purchased from Debtor.<br><br>Debtor has no liability for this claim. Debtor's records show that Claimant routinely purchased REO properties in bulk sale from Debtor in the past. It was Debtor's practice as part of these sales to prepare and provide the conveyance deed to the buyer, in this case Claimant, to record. It was Claimant's responsibility to record the deed. Debtor's records also show that the majority of the properties identified by Claimant in the POC were in fact recorded by Claimant at some point after the sale.<br><br>In addition, Claimant commenced litigation against Debtor in the District Court of Maryland, Montgomery Co., Case No. 060200296772011 (the "Litigation"). As part of the Litigation, Debtor filed a Motion to Dismiss, which the Court granted, and from which Claimant never filed a timely appeal. There is substantial overlap between the properties included in the POC and the properties at issue in the Litigation. Once the properties that were the subject of the Litigation were pulled out of the schedule attached to the POC, Claimant is only left seeking purported damages relating to eleven loans.<br><br>Debtor has no reason to believe that Claimant was not provided with the conveyance deed at the time of sale for these properties, as was done in every other instance. It was Claimant's responsibility to timely record the deed and any resulting damages from Claimant's failure to record the deed is not the responsibility of Debtor. |
| | | | | $717,930.00 | General Unsecured | | | |
| 2 | TAYLOR, DOROTHY<br>PO BOX 2784<br>A AND T CONSTRUCTION<br>CC HILLS, IL 60478 | 553 | 09/18/2012 | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Liquidating Trust was not provided sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant. |
| 3 | Castle Stawiarski, LLC<br>330 South Walsh, Ste. 202<br>Casper, WY 82609 | 3542 | 11/07/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC Mortgage, LLC | 12-12032 | The Trust's examination of the Debtors' books and records confirmed that there were 12 invoices associated with this claim. However, the Debtors' books and records do not reflect any sums owing to this claimant for these invoices or on account of any other prepetition liabilities. No amounts are owed to this Debtor for one of three reasons: 1) no record of invoice submitted, 2) invoice denied due to vendor's failure to respond to follow-up requests for required information, or 3) amount reduced due to overcharge. |
| | | | | UNLIQUIDATED | General Unsecured | | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

NINETY-FIRST OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Castle Stawiarski, LLC<br>16350 E Arapahoe Rd Unit 108<br>Foxfield, CO 80016-1557 | 3539 | 11/07/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$276,697.93 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,025.00 General Unsecured | Debtors' books and records indicate that only 2 of 365 invoices remained unpaid as of the Petition Date. The Debtors' books and records further reflect that the balance of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices or (ii) the invoices were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |
| 2 | CS Legal Services, LLC d/b/a Castle Stawiarski, LLC<br>20 First Plaza, Suite 602<br>Albuquerque, NM 87102 | 3776 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$65,659.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,337.50 General Unsecured | Debtors' books and records indicate that only 3 of 56 invoices remained unpaid as of the Petition Date. The Debtors' books and records further reflect that the balance of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices or (ii) the invoices were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |
| 3 | The Wolf Firm, a Law Corporation<br>Alan Steven Wolf<br>2955 Main Street, Second Floor<br>Irvine, CA 92614 | 3896 | 11/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$273,944.83 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$25,911.59 General Unsecured | The Debtors' books and records reflect that a substantial portion of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices in full, (ii) the Debtors previously paid those invoices in part, or (ii) the invoices are invalid because they were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |