**Hearing Date and Time: February 10, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: January 29, 2016 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**NOTICE OF FILING OF RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION TO
ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On January 8, 2016, the ResCap Liquidating Trust filed its *Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**").

2.      A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, One Bowling Green, New York, New York, 10004, on **February 10, 2016 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **January 29, 2016 at 4:00 p.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177

Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Priore).

4.      If no responses to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.      A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       January 8, 2016

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                /s/ Joseph A. Shifer
                                Kenneth H. Eckstein
                                Douglas H. Mannal
                                Joseph A. Shifer
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000

                                *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: February 10, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: January 29, 2016 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION TO**
**ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

---

**THIS MOTION SEEKS TO ENFORCE THE INJUNCTIVE PROVISIONS OF THE PLAN AND CONFIRMATION ORDER BY PROHIBITING CERTAIN PARTIES FROM CONTINUING PROSECUTION OF MONETARY CLAIMS AGAINST THE DEBTORS.**

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND ACTIONS ON EXHIBIT 5 ATTACHED HERETO.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR ACTION ON EXHIBIT 5 ATTACHED HERETO, PLEASE CONTACT COUNSEL TO THE RESCAP LIQUIDATING TRUST, JOSEPH A. SHIFER, AT (212) 715-9100.**

---

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

JURISDICTION ...................................................................................................................... 4

BACKGROUND ...................................................................................................................... 4

    A.    General Background ............................................................................................ 4

    B.    The Plan Injunction Provisions ......................................................................... 5

    C.    The Plan Injunction Procedures ........................................................................ 7

RELIEF REQUESTED ............................................................................................................ 7

BASIS FOR RELIEF .............................................................................................................. 8

RESERVATION OF RIGHTS ................................................................................................. 9

NOTICE .................................................................................................................................. 9

NO PRIOR REQUEST ......................................................................................................... 10

CONCLUSION ...................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Rules and Statutes**

11 U.S.C. § 105 ................................................................................................................ 1, 4, 7

11 U.S.C. § 362 ....................................................................................................................... 4

11 U.S.C. § 363 ....................................................................................................................... 4

11 U.S.C. § 502 ....................................................................................................................... 4

11 U.S.C. § 524 ................................................................................................................ 1, 4, 7

11 U.S.C. § 1107(a) ................................................................................................................ 4

11 U.S.C. § 1108 ..................................................................................................................... 4

11 U.S.C. § 1142 ............................................................................................................. 1, 4, 7

11 U.S.C. § 362 ....................................................................................................................... 6

28 U.S.C. § 157(b) .................................................................................................................. 4

28 U.S.C. § 1408 ..................................................................................................................... 4

28 U.S.C. § 1409 ..................................................................................................................... 4

Fed. R. Bankr. P. 1015 ..................................................................................................... 1, 4, 7

Fed. R. Bankr. P. 3020(d) ................................................................................................. 1, 4, 7

Fed. R. Bankr. P. 9007 ..................................................................................................... 1, 4, 7

Fed. R. Bankr. P. 9019 ........................................................................................................... 4

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this motion (the "**Motion**") pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Article XII of the Plan (as defined below), and the Court's *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. 8303] (the "**Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that annexed hereto as **Exhibit 1**, enforcing the release and injunctive provisions (collectively, the "**Plan Injunction Provisions**") of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**"), which was confirmed by the order of this Court entered December 11, 2013 [Docket No. 6065] (the "**Confirmation Order**").   In support of the Motion, the Liquidating Trust submits the declaration of Kathy Priore, Associate Counsel to the Liquidating Trust (the "**Priore Declaration**"), annexed hereto as **Exhibit 2**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Plan Injunction Provisions contained in the Plan and Confirmation Order prohibit the continued prosecution of monetary claims in litigations against the Debtors for which no proof of claim was filed in the Chapter 11 Cases (or if a proof of claim was filed, such claim has been expunged).

2.      To ensure the uniform enforcement of the Plan Injunction Provisions, the Court entered the Procedures Order.  The Procedures Order provides that "upon the Liquidating Trust's good faith determination" that a party is asserting monetary claims in a litigation against the Debtors in violation of the Plan Injunction Provisions, the Liquidating Trust was first to contact the party (or their counsel) by letter seeking a consensual withdrawal of the monetary claims.  In the event of noncompliance, the Liquidating Trust was then authorized to seek further relief from the Bankruptcy Court on an omnibus basis.

3.      The Liquidating Trust and its counsel have undertaken a painstaking review of the litigations identified in the Procedures Motion to ensure, *inter alia*, that (i) the parties to such litigations were, in fact, asserting monetary claims against the Debtors (as opposed to a non-monetary claim or foreclosure defense), (ii) the litigation against the relevant Debtor was active, and (iii) the counterparty was aware of the injunctive provisions of the Plan and Confirmation Order.

4.      Following its review, the Liquidating Trust identified an initial population of approximately thirty-three parties (the "**Initial Group**")[1]  that were in continued violation of the Plan Injunction Provisions, and counsel to the Liquidating Trust sent a letter, in a form substantially similar to that annexed hereto as **Exhibit 3**, to each of the thirty-three offending parties in the Initial Group (or their counsel) pursuant to the Procedures Order.

5.      As a result, the Liquidating Trust has been able to consensually resolve a number of the pending litigations asserted by the Initial Group.  Nevertheless, certain parties in the Initial Group failed to comply (or did not respond) to the Liquidating Trust's letter.  Out of an abundance of caution, the Liquidating Trust sent a second letter, in a form substantially

---

[1] The Liquidating Trust is continuing its ongoing review of all pending litigations, and may be required to bring other motions to enforce the Plan Injunction Provisions in the future.

similar to that annexed hereto as **Exhibit 4**, to those parties in the Initial Group that did not respond to the first letter or indicated an unwillingness to withdraw their monetary claims against the Debtors.

6.      Despite receiving at least two letters from the Liquidating Trust, the parties indicated on **Exhibit 5** annexed hereto (the "**Litigation Parties**") have not withdrawn their monetary claims against the Debtors and continue to violate the Plan Injunction Provisions.[2] Accordingly, the Liquidating Trust is constrained to bring this Motion seeking to enforce the Plan Injunction Provisions against the Litigation Parties pursuant to the Procedures Order.

7.      By this Motion, the Liquidating Trust seeks entry of the Proposed Order (i) enforcing the Plan Injunction Provisions by prohibiting the Litigation Parties from continuing prosecution of their monetary claims against the Debtors, (ii) permitting the Liquidating Trust to seek sanctions in the event that a Litigation Party continues in its refusal to dismiss its monetary claims against the Debtors, and (iii) permitting the Liquidating Trust, upon entry of the Proposed Order, to file a notice in a form substantially similar to that annexed hereto as **Exhibit 6** (the "**Enforcement Order Notice**") in each court before which a Litigation Party is asserting monetary claims against the Debtors, including a description of the order and the Liquidating Trust's ability to seek sanctions.

8.      A copy of this Motion was served via first class mail with customized notice on each of the Litigation Parties.

---

[2] Exhibit 5 details the Liquidating Trust's efforts to contact each of the Litigation Parties and the current status of discussions, if any, between the Litigation Parties and the Liquidating Trust.

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the Plan. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

10.      The statutory predicates for the relief requested herein are sections 105(d), 524, and 1141 of the Bankruptcy Code and Rules 1015(c), 3020(d), and 9007 of the Bankruptcy Rules.

## BACKGROUND

A.      **General Background**

11.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

12.      On May 23, 2012, this Court entered an order establishing certain notice, case management, and administrative procedures applicable to these Chapter 11 Cases [Docket No. 141] (the "**Case Management Order**").

13.      On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").  Pursuant to the Supplemental Servicing Order, the automatic stay imposed by section 362 of the Bankruptcy Code was modified to permit the

- 4 -

prosecution, by a borrower, mortgagor, or lienholder, of direct claims and counter-claims relating

exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the

purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, or

eviction proceeding, where a final judgment permitting the foreclosure or eviction has not been

awarded or, where any applicable challenge period has not yet expired, and to prosecute appeals

with respect to any such direct claims or counter-claims (collectively, the "**Non-Monetary**

**Claims**"). *See* Supplemental Servicing Order ¶ 14(a).[3]

        **B.**      **The Plan Injunction Provisions**

        14.     On December 11, 2013, this Court entered the Confirmation Order

approving the terms of the Plan. On December 17, 2013, the Effective Date (as such term is

defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was

established [Docket No. 6137].

        15.     Pursuant to the Confirmation Order and the Plan, the Liquidating Trust

was vested with broad authority over the post-confirmation liquidation and distribution of the

Debtors' assets, and was deemed substituted as the party to any litigation in which the Debtors

are a party. *See generally* Confirmation Order ¶¶ 26, 30, 34, 48; Plan Art. VI.

        16.     Article VIII.B of the Plan provides that the claim of any creditor of the

Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED

DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE

DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF

THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE

---

[3] Notably, pursuant to the Confirmation Order, the Plan Injunction Provisions remain subject to the Supplemental Servicing Order. *See* Confirmation Order ¶ 63(g). As discussed in more detail in the Procedures Motion, due to the sale and transfer of the Debtors' servicing businesses during the Bankruptcy Cases, many of the Non-Monetary Claims cannot be resolved by the Liquidating Trust and are being addressed by the successor servicer.

ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).[4]

17.    Further, pursuant to the Plan Injunction Provisions, persons whose claims were released under the Plan are prohibited from "commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims." Plan Art. IX.I; *see also* Confirmation Order ¶ 40.

18.    In addition, pursuant to Article XII of the Plan, this Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan . . . , including jurisdiction . . . to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions" and "to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code."   *See also* Confirmation Order ¶ NN ("The Plan Releases are, individually and collectively, integral to, and necessary for the successful implementation of, the Plan, essential to the Debtors' orderly liquidation and supported by reasonable consideration.").

---

[4] This Court entered an order setting the General Bar Date of November 16, 2012 [Docket No. 2093], and the Confirmation Order required holders of Administrative Claims to file requests for payment thirty days following the Effective Date, or January 16, 2014.   *See also Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138].

C.      **The Plan Injunction Procedures**

19.     On February 19, 2015, the Liquidating Trust filed a motion seeking entry of an order to establish procedures for the efficient management and administration of enforcement of the Plan Injunction Provisions. [Docket No. 8158] (the "**Procedures Motion**").

20.     On March 13, 2015, this Court granted the Procedures Motion and entered the Procedures Order.

21.     Pursuant to the Procedures Order, the Liquidating Trust is to make a good faith determination of the parties that persist in asserting monetary claims against the Debtors in litigations (collectively, the "**Litigations**") for which the party did not file a timely proof of claim (or for which the related proof of claim has been expunged).  The Liquidating Trust would then contact such party (or their counsel) by letter seeking a consensual withdrawal of the monetary claims.  In the event of noncompliance, the Liquidating Trust was then authorized to seek further relief from the Bankruptcy Court on an omnibus basis.  The Liquidating Trust was also authorized to file certain notices in the court before which a Litigation is pending describing the Plan Injunction Provisions and the existence of the Plan Injunction Procedures.

## RELIEF REQUESTED

22.     Pursuant to sections 105(d), 524, and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d), and 9007, Article XII of the Plan, and the Procedures Order, the Liquidating Trust seeks entry of the Proposed Order (i) enforcing the Plan Injunction Provisions by prohibiting the Litigation Parties from continuing prosecution of their monetary claims against the Debtors, (ii) permitting the Liquidating Trust to seek sanctions in the event that a Litigation Party continues in its refusal to dismiss its monetary claims against the Debtors, including reasonable fees and costs incurred by the Liquidating Trust in prosecuting this Motion, and (iii) permitting the Liquidating Trust, upon entry of the Proposed Order, to file the

- 7 -

Enforcement Order Notice in each court before which a Litigation Party is asserting monetary claims against the Debtors.

**BASIS FOR RELIEF**

23.    Pursuant to the Plan Injunction Procedures, the Liquidating Trust has made extensive efforts to achieve the consensual withdrawal of the monetary claims asserted by the Litigation Parties in the Litigations that remain pending before other courts.   However, despite these efforts, the Litigation Parties have refused to dismiss their monetary claims against the Debtors.  Accordingly, pursuant to the Procedures Order, the Liquidating Trust is authorized to file this Motion seeking enforcement of the Plan Injunction Procedures on an omnibus basis. For the Court's convenience, the Liquidating Trust has identified on Exhibit 5 hereto (i) each Litigation Party and its counsel (if any), (ii) the case caption, index number, and jurisdiction of the relevant Litigation, (iii) the applicability of the Plan Injunction Provisions to the Litigation, including the nature of the monetary claims asserted by the Litigation Party, (iv) the date on which the Liquidating Trust sent the opposing party and its counsel the letters requesting dismissal of the monetary claims asserted against the Debtors, and (v) the status of discussions, if any, between the Liquidating Trust and the Litigation Party.

24.    As discussed in greater detail in the Procedures Motion, given the number of pending litigations whose continued prosecution would appear to violate the Plan Injunction Provisions, the Plan Injunction Procedures provide the Liquidating Trust with an efficient mechanism for the omnibus enforcement of the Plan Injunction Provisions.   Despite the Liquidating Trust's effort at resolving the identified Litigations on a consensual basis, the Litigation Parties identified on Exhibit 5 have refused to dismiss their monetary claims against the Debtors.

25.     Accordingly, the Liquidating Trust respectfully submits that the approval of the Proposed Order is in accordance with the Procedures Order, the applicable Bankruptcy Rules and relevant provisions of the Plan and Confirmation Order, and is in the best interests of the estates and the Liquidating Trust's beneficiaries.

## RESERVATION OF RIGHTS

26.     The Liquidating Trust reserves the right to withdraw this Motion with respect to any of the identified Litigation Parties, and/or to seek future relief against any party, including the Litigation Parties, on any and all additional factual or legal grounds.  Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Motion, file additional papers in support of this Motion, or take any other appropriate actions with respect to the relief requested herein.

## NOTICE

27.     The Liquidating Trust has served notice of the Motion  in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order, including customized notice to each Litigation Party identified on Exhibit 5, describing the pertinent information about the relief sought, including (i) the name of the Litigation Party, (ii) the name of the Debtor or Debtors that are party to the Litigation, (iii) the case caption, index number, and jurisdiction of the relevant Litigation, (iv) the date on which the Liquidating Trust sent the Litigation Party letters requesting dismissal of the monetary claims asserted against the Debtors, (v) an explanation of the nature of the relief sought in the Omnibus Enforcement Motion, (vi) a description of the applicable response and hearing procedures, including the response deadline and hearing date, and (vii) instructions for how to consensually resolve the Omnibus

Enforcement Motion.  The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

28.    No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that this Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
       January 8, 2016

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                              /s/ Joseph A. Shifer
                              Kenneth H. Eckstein
                              Douglas H. Mannal
                              Joseph A. Shifer
                              1177 Avenue of the Americas
                              New York, New York 10036
                              Telephone: (212) 715-9100
                              Facsimile: (212) 715-8000

                              *Counsel for the ResCap Liquidating Trust*

## **Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
                                                    )
In re:                                              )          Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,            )          Chapter 11
                                                    )
                        Debtors.                    )          Jointly Administered
                                                    )
-----------------------------------------------------------

**ORDER GRANTING RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION**
**TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

Upon the motion (the "**<u>Motion</u>**")[1] of the ResCap Liquidating Trust (the

"**<u>Liquidating Trust</u>**") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections

105(d), 524, and 1141 of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**"), Rules

1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the

Plan, seeking entry of an enforcing the release and injunctive provisions of the Plan and

Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and

upon consideration of the Motion and the *Declaration of Kathy Priore in Support of the ResCap*

*Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation*

*Order* annexed to the Motion as **<u>Exhibit 2</u>**; and the Court having found and determined that the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Motion.

relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted as provided herein.

2.      No later than fourteen days after entry of this Order, the Litigation Parties listed on **Annex A** shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3.      If a Litigation Party fails to dismiss their monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4.      Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5.      The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Order Notice**") in each court before which a Litigation subject to this Order is pending, including a

description of this Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2016
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Annex A</u>**

**Litigation Parties**

[See Exhibit 5 to the Motion]

## **Annex B**

**Enforcement Order Notice**

[See Exhibit 6 to the Motion]

**<u>Exhibit 2</u>**

**Priore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------
                                               )
In re:                                         )          Case No. 12-12020 (MG)
                                               )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,      )          Chapter 11
                                               )
                              Debtors.         )          Jointly Administered
                                               )
----------------------------------------------------------

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE**
**RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION TO ENFORCE**
<u>**INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**</u>

I, Kathy Priore, hereby declare as follows:

      1.      I serve as Associate Counsel for the ResCap Liquidating Trust (the

"**<u>Liquidating Trust</u>**").  During the Chapter 11 Cases, I served as Associate Counsel in the legal

department of Residential Capital, LLC ("**ResCap**"), a limited liability company organized

under the laws of the state of Delaware and the parent of the other debtors in the above-captioned

Chapter 11 Cases (collectively, the "**<u>Debtors</u>**").  I joined ResCap on May 1, 2008 as in-house

litigation counsel.  Prior to my in-house litigation counsel position, I held various roles within

the legal department at ResCap. I am authorized to submit this declaration (the "**<u>Declaration</u>**") in

support of the *ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of*

*Plan and Confirmation Order*  (the "**<u>Motion</u>**").[1]

      2.      In my role as Associate Counsel at ResCap, I was responsible for the

management of litigation, including, among others, residential mortgage-related litigation.  In

connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Motion.

advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust in connection with mortgage-related litigation and the claims reconciliation process.

3.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called upon to testify, I could and would testify competently to the facts set forth in the Motion on that basis.

4.    Following entry of the Procedures Order, the Liquidating Trust and its counsel undertook a painstaking review of the litigations identified in the Procedures Motion to ensure, inter alia, that (i) the parties to such litigations were in fact asserting monetary claims against the Debtors (as opposed to a non-monetary claim or foreclosure defense), (ii) the litigation against the relevant Debtor was active, and (iii) the counterparty was aware of the injunctive provisions of the Plan and Confirmation Order.

5.      Following its review, the Liquidating Trust made a good faith determination that an initial population of approximately thirty-three parties (the "**Initial Group**")[2] were continuing to assert monetary claims against the Debtors in violation of the Plan Injunction Provisions, and counsel to the Liquidating Trust sent a letter, in a form substantially similar to that attached to the Motion as **Exhibit 3**, to each of the thirty-three offending parties in the Initial Group (or their counsel) pursuant to the Procedures Order.

6.      As a result, the Liquidating Trust has been able to consensually resolve a number of the pending litigations asserted by the Initial Group.  Nevertheless, certain parties in the Initial Group failed to comply (or did not respond) to the Liquidating Trust's letter.  Out of an abundance of caution, the Liquidating Trust sent a second letter, in a form substantially similar to that attached to the Motion as **Exhibit 4**, to those parties in the Initial Group that did not respond to the first letter or indicated an unwillingness to withdraw their monetary claims against the Debtors.

7.      Despite receiving at least two letters from the Liquidating Trust, the parties indicated on **Exhibit 5** annexed to the Motion (the "**Litigation Parties**") have not withdrawn their monetary claims against the Debtors and continue to violate the Plan Injunction Provisions.[3]  Accordingly, the Liquidating Trust is constrained to bring this Motion seeking to enforce the Plan Injunction Provisions against the Litigation Parties pursuant to the Procedures Order.

---

[2] The Liquidating Trust is continuing its ongoing review of all pending litigations, and may be required to bring other motions to enforce the Plan Injunction Provisions in the future.

[3] Exhibit 5 details the nature of the monetary claims asserted by the Litigation Party, the Liquidating Trust's efforts to contact each of the Litigation Parties and the current status of discussions, if any, between the Litigation Parties and the Liquidating Trust.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 8, 2016

                                      /s/ Kathy Priore
                                      Kathy Priore
                                      Associate Counsel for the ResCap
                                      Liquidating Trust

## **EXHIBIT 3**

**Form of Letter**

[Date]

[Litigation Party]
[Address]

      Re:    [Litigation]

Dear [Litigation Party]:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at Case No. 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Under Article VIII.B of the Plan, claims that were not timely filed by the Bar Date are released as of the Effective Date. Further, both the Confirmation Order and the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. *See* Plan, Art. IX.I; Confirmation Order, ¶ 40(g).

On March 13, 2015, the Bankruptcy Court entered an order approving certain procedures for enforcing the injunctive provisions of the Plan and Confirmation Order [Docket No. 8303] (the "**Enforcement Order**").  Specifically, upon the Liquidating Trust's determination that a party is asserting monetary claims against the Debtors in a litigation but failed to file a proof of claim, the Liquidating Trust is authorized to send this letter informing the party that they are in violation of the Plan and Confirmation Order.

According to the Debtors' records, you are a party to [Litigation] pending before the [Court]. The Liquidating Trust has made a good faith determination that this action asserts monetary claims against the Debtors because you assert, among other things, damages for:

- [Causes of Action]

Further, according to the Liquidating Trust's records you did not timely file a proof of claim in the Bankruptcy Cases and are barred from continuing to pursue monetary claims against [Debtor Entity] under the injunction provided for in the Plan and Confirmation Order.  Therefore, you must immediately dismiss this action with respect to monetary claims asserted against [Debtor Entity].

*In the event you do not voluntarily dismiss this action with respect to monetary claims against [Debtor Entity] within 30 days of the date hereof, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against [Debtor Entity].*

Please do not hesitate to contact me if you disagree with the Liquidating Trust's determination that you are asserting monetary claims against the Debtors, or to further discuss this matter.  In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Enforcement Order, Confirmation Order, Plan, and Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

[Counsel to the Liquidating Trust]

## EXHIBIT 4

**Form of Letter**

[Date]

[Litigation Party]
[Address]

      Re:    [Litigation]

Dear [Litigation Party]:

On [Date], I sent you a letter in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As I informed you in my previous letter, you are barred from continuing to pursue any monetary claims against the Debtors, including those asserted in the [Litigation], pending before the [Court], in which you assert monetary claims against [Debtor Entity]. Failure to dismiss such monetary claims is in violation of the chapter 11 plan (the "**Plan**") confirmed in the Debtors' bankruptcy cases, which remain pending before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered as Case No. 12-12020 (MG).

To date, I have not received a response from you, and, according to the Liquidating Trust's records, your action is still pending. **If (i) you did not receive my previous letter, (ii) you have since withdrawn the action, or (iii) you do not believe your action pertains to monetary claims, please contact me as soon as possible.**

If you fail to voluntarily dismiss your monetary claims against [Debtor Entity] by [Date], the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against [Debtor Entity].

Please do not hesitate to contact me with any questions.

                Very truly yours,

                [Counsel to the Liquidating Trust]

**EXHIBIT 5**

**Litigation Parties**

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Olatunji Alabi | Alabi v. Homecomings Financial Network, et al. | U.S. Court of Appeal-7th District | 12-1270 | Olatunji Alabi 2001 South Michigan Avenue Apt. 15-M Chicago, IL. 60616 | Violations of the Illinois Consumer Fraud Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 2 | Edgart F. Gonzalez | Gonzalez v. Homecomings Financial, LLC, et al. | U.S. Court of Appeal-9th Circuit | 11-60027 | Edgart F. Gonzalez 433 South Orange Ave. Unit A Brea, CA 92821 | Misrepresentation, Breach of Contract, Violation of Truth-in-Lending Act, Failure to Disclose Fees as Finance Charge, Unreasonable Charges for Appraisal, Failure to Honor Rescission Demand, Fraud | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 3 | Christopher Martinez | Martinez v. USAA, et al. | U.S. Court of Appeal-9th Circuit | 14-16349 | Christopher Martinez 848 N. Rainbow Blvd. #240 Las Vegas, NV 89107 | Fraudulent Assignment | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party communicated an unwillingness to dismiss monetary claims asserted against the Debtors. |
| 4 | Leland Anthony Neyer and June E. Neyer | Neyer v. Homecomings Financial, LLC, et al. | U.S. Court of Appeal-9th Circuit | 11-15722 | Leland Anthony Neyer and June E. Neyer P.O. Box 970 Alturas, CA 96101 | Violations of RESPA, TILA, FCRA, FDCPA, Mail Fraud, Wire Fraud, HOEPA, Fair Credit Billing Act, FTCA | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket Nos. 6155 and 7096] | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 5 | Derrick D. Peterson | Peterson v. GMAC Mortgage LLC | U.S. Court of Appeal-1st Circuit | 11-2381 | Law Offices of Neil Kreuzer 268 Newbury Street 4th Floor Boston, MA 02116 | Common Law Fraud, Violation of Massachusetts General Law Chapter 93A | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 6 | Jeff and Adele Schneidereit | Schneidereit v. Trust of the Scott & Brian Inc., et al. | U.S. Court of Appeal-9th Circuit | 13-55395 | Mr. and Mrs. Adele Schneidereit 580 Dolliver Street Pismo Beach, CA 93449 | Negligence, Rehabilitation Act, Americans With Disability Act, Federal Fair Housing Act, Unruh Civil Rights Act, Elder Abuse and Dependent Adult Civil Protection Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | Despite an exchange of letters with the party, the Liquidating Trust has been unable to effectuate a consensual withdrawal of the monetary claims asserted against the Debtors. |
| 7 | Robert Sweeting | Sweeting v. GMAC Mortgage, LLC | California Court of Appeal-4th Appellate District-Division Three | G045198 | Robert Sweeting 7071 Warner Ave. Unit F81 Huntington Beach, CA 92647 | Defamation, Tortious Interference with Credit | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket No. 5873]. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 8 | Allan Christopher Diwa and Dena Cristomo Carino | Diwa, et al. v. Standard Pacific Corp., et al. | USDC-ED-California | 2:09-CV-02005-KJM -CKD | Law Offices of Marc T. Terbeek 2648 International Blvd. Suite 115 Oakland, CA 94601 | Negligence, Breach of Contract, Breach of Fiduciary Duty, Infliction of Emotional Distress, Fraud, Violation of State/Federal Lending Laws, Unfair Business Practices, Violation of Racketeer Influenced and Corrupt Organizations (RICO) Act | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 9 | Mickey R. Jones | Jones v. GMAC Mortgage, LLC, et al. | USDC-MD-Florida | 2:13-cv-00843-SPC-UAM | Brian P. Parker, Esq. Brian P. Parker, P.C. 200 Town Center Suite 1900 30600 Telegraph Road Southfield, MI 48075 | Violations of Fair Credit Reporting Act | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 10 | Marilyn Lawrence | Lawrence v. Sadek, et al. | USDC-CD-California | 12-cv-01372-CAS | Marilyn Lawrence 5362 West Olympic Blvd. #1 Los Angeles, CA 90036 | Breach of Fiduciary Duty, Fraud, Usury | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | Counsel to the Liquidating Trust has spoken with the party, but has been unable to effectuate a consensual withdrawal of the monetary claims asserted against the Debtors. |
| 11 | Lolina Porter | Porter v. GMAC Homecomings Financial Network, et al. | USDC-WD-Tennessee | 2:10-cv-02858-SHM-dkv | Lolina Porter 832 Monterey Road Glendale, CA 91206 | Predatory Lending | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

## __EXHIBIT 6__

**Enforcement Order Notice**

**[CAPTION]**

**NOTICE OF BANKRUPTCY COURT ORDER**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1.        On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.        On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").    The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3.        On [Date], the Bankruptcy Court entered the attached [*Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*] which (i) bars [Litigation Party] from continuing to prosecute monetary claims against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Litigation Party] continues in its refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this ____ day of _____, 2016.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap