# EXHIBIT 1

## to Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## STIPULATION AND AGREEMENT
## OF SETTLEMENT WITH ROTHSTEIN PLAINTIFFS

This Stipulation and Agreement of Settlement (the "**Stipulation**") is entered into by Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn (collectively, the "**Named Plaintiffs**"), on behalf of themselves and the proposed Settlement Class, and GMAC Mortgage, LLC ("**GMACM**"), **Residential Capital, LLC** ("**Residential Capital**"), and the Borrower Claims Trust (collectively, the "**Settling Defendants**"), and the Trustee for the Borrower Claims Trust (the "**Borrower Claims Trustee**") (together with the Settling Defendants, the Borrower Claims Trustee and the Named Plaintiffs, the "**Settling Parties**").

The Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims,[1] subject to the terms and conditions set forth below, including final approval of the Stipulation by the Bankruptcy Court. The Stipulation does not compromise, resolve, discharge, or settle any of the claims pending against the Non-Settling Defendants.

## DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below:

(a)    "Allowed Claim" means an allowed unsecured claim not subject to subordination, represented by Claim No. 4074, in the amount of $13 million, against GMACM only.  Such allowed unsubordinated claim shall be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan.  For the avoidance of doubt, Claim No. 3966 shall be disallowed and expunged in its entirety without further order or action on the Settlement Effective Date.

(b)    "Ally" means Ally Financial Inc. and all of its non-debtor subsidiaries and affiliates, including Ally Bank.

---

[1] All terms with initial capitalization shall have the meanings ascribed to them in the Definitions section below or as otherwise defined herein.

2

(c)    "Balboa Defendants" means Balboa Insurance Company, Meritplan Insurance Company, Newport Management Company, QBE Insurance Corporation, Praetorian Insurance Company, QBE Specialty Insurance Company, QBE FIRST Insurance Agency, Inc., and QBE FIRST Institutional Risk Services, Inc.

(d)    "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as in effect as of the date hereof.

(e)    "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York, or any other court having jurisdiction over the Chapter 11 Cases.

(f)    "Bankruptcy Proofs of Claim" means the proofs of claim filed by the Named Plaintiffs on behalf of themselves and the putative class in the Chapter 11 Cases against Residential Capital (Claim No. 3966) and GMACM (Claim No. 4074).

(g)    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Cases, promulgated under 28 U.S.C. § 2075 and the general, local, and chambers rules of the Bankruptcy Court, as the context may require.

(h)    "Borrower Claims" has the meaning ascribed to such term in the Chapter 11 Plan.

(i)    "Borrower Claims Trust" has the meaning ascribed to such term in the Chapter 11 Plan.

(j)    "Chapter 11 Cases" means the Debtors' Chapter 11 cases being jointly administered as *In re Residential Capital LLC*, Case No. 12-12020-MG, pending in the United States Bankruptcy Court for the Southern District of New York.

(k)    "Chapter 11 Plan" means the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors in the Chapter 11 Cases confirmed by the Bankruptcy Court per order entered on December 11,

3

2013 [ECF No. 6137], including all exhibits, addenda, schedules or other attachments thereto, and the Plan Supplement.

(l)    "Class Data" has the meaning ascribed to such term in ¶P hereof.

(m)    "Class Distribution Order" has the meaning ascribed to such term in ¶34 hereof.

(n)    "Class Period" means February 3, 2004, through October 2, 2013.

(o)    "Committee" means the statutory committee of unsecured creditors appointed in the Chapter 11 Cases.

(p)    "Debtors" means, prior to the Plan Effective Date, Residential Capital and its direct and indirect subsidiaries, including GMACM, who filed the Chapter 11 Cases and, thereafter, the Liquidating Trust.

(q)    "District Court" means the United States District Court for the Southern District of New York.

(r)    "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Plaintiffs' Counsel into which the Notice Amount and the Settlement Amount shall be deposited.

(s)    "Escrow Agent" means Plaintiffs' Counsel, acting in such fiduciary capacity.

(t)    "Final Approval Hearing" means the hearing set by the Bankruptcy Court to consider final approval of the Stipulation and proposed settlement pursuant to Bankruptcy Rules 9019 and 7023.

(u)    "Final Approval Order" means the order(s) and final judgment(s) of the Bankruptcy Court substantially in the form attached hereto as **Exhibit B**, finally approving this Stipulation and the settlement contained herein pursuant to Bankruptcy Rules 9019 and 7023.

ny-1165760

(v)    "Lender Placed Insurance" means lender-placed hazard insurance on residential real property.

(w)    "Liquidating Trust" has the meaning ascribed to such term in the Chapter 11 Plan.

(x)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with filing and litigating the Bankruptcy Proofs of Claim, commencing and prosecuting the claims against GMACM and Ally in the Rothstein Action, and litigating in the Bankruptcy Court, for which Plaintiffs' Counsel intends to apply to the Bankruptcy Court for reimbursement from the Settlement Fund.

(y)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees and Litigation Expenses awarded by the Bankruptcy Court; and (iv) any incentive fees awarded by the Bankruptcy Court to the Named Plaintiffs.

(z)    "Non-Settling Defendants" means the Balboa Defendants.

(aa)    "Notice" means the form of notice substantially in the form attached hereto as **Exhibit A-1**, made available to the Settlement Class in the manner described in the Notice Order.

(bb)    "Notice Amount" means $95,000.00 cash to be advanced by the Borrower Claims Trust to the Escrow Account within five (5) business days of entry of the Notice Order, to cover the cost of disseminating the Notice, as reflected in an invoice provide by the Settlement Administrator to the Borrower Claims Trust, and subsequently credited against the Settlement Amount.

(cc)    "Notice and Administration Costs" means the Notice Amount and other costs, fees and expenses that have been or are to be incurred by the Settlement Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting Expert in connection with: (i) analyzing the Class Data to identify the Settlement Class Members and determine

5

the allocations, if any, to which they may be entitled pursuant to the Plan of Allocation, (ii) providing any notices to the Settlement Class associated with the settlement contained herein; (iii) developing and implementing the Plan of Allocation; and (iv) distributing the Net Settlement Fund to Settlement Class Members.

(dd)    "Notice Order" means the order substantially in the form attached hereto as **Exhibit A**.

(ee)    "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(ff)    "Plaintiffs' Counsel" means the law firm of Kirby McInerney LLP.

(gg)    "Plaintiffs' Database Hosting Provider" means KCC Class Action Services, LLC.

(hh)    "Plaintiffs' Forensic Accounting Expert" means Kanter Financial Forensics, LLC.

(ii)    "Plaintiffs' Special Bankruptcy Counsel" means The Hogan McDaniel Firm.

(jj)    "Plan Effective Date" means December 17, 2013.

(kk)    "Plan of Allocation" means the plan of allocation of the Net Settlement Fund set forth in ¶¶36-38.

(ll)    "Plan Releases" means the releases and injunctions in favor of Debtors, the Debtor Released Parties, and the Ally Released Parties (as such terms are defined in the Chapter 11 Plan) and that are set-forth in Article IX of the Chapter 11 Plan that, among other things, protect the Settling Defendants from any third-party claims, contribution claims, or indemnification claims related to the Rothstein Action or the Bankruptcy Proofs of Claim.

6

(mm) "Publication Notice" means the notice, substantially in the form attached hereto as **Exhibit A-2**, to be published as set forth in the Notice Order.

(nn)    "Released Claims" means any and all claims, including without limitation any proof of claim filed in the Chapter 11 Cases, Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that Plaintiffs, or any Settlement Class Member have had, filed or asserted in the past, or now have or assert against the Released Parties, which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Bankruptcy Proofs of Claim against the Released Parties; or (c) were or could have been asserted against the Released Parties by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed. "Released Claims" shall not include any claims against any Non-Settling Defendant in the Rothstein Action.

(oo)    "Released Parties" means the Borrower Claims Trust, the Borrower Claims Trustee, the "Trust Committee" (as such term is defined in the ResCap Borrower Claims Trust Agreement dated December 17, 2014 and filed in Chapter 11 Cases as Dkt. #6136-3) and the members of the Trust Committee (collectively, the Trust Committee and its members **"Borrower Claims Trust Committee"**), the Liquidating Trust, Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment

7

advisors, personal or legal representatives, predecessors, divisions, joint ventures, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendant has a controlling interest, and all of their respective property.  "Released Parties" shall not include any Non-Settling Defendant.

(pp)    "Rothstein Action" means the litigation in the District Court captioned *Landon Rothstein, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, et al.,* No. 12-cv-3412 (S.D.N.Y. Apr. 30, 2012).

(qq)    "Settlement Administrator" shall mean the settlement administrator selected by Plaintiffs' Counsel to administer the Net Settlement Fund who shall be reasonably agreeable to the Settling Defendants.

(rr)    "Settlement Amount" means the distribution(s) to be provided from the Borrower Claims Trust in respect of the Allowed Claim, in the manner set forth for the payment of allowed Borrower Claims in the Chapter 11 Plan and the Borrower Claims Trust Agreement (as such term is defined in the Chapter 11 Plan) after the Borrower Claims Trust has deducted the Notice Amount.

(ss)    "Settlement Class" means all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period.  Excluded from the Settlement Class are current and former officers, directors, and employees of the Settling Defendants and of the Balboa Defendants, and their immediate families.  Also excluded from the Settlement Class are the Settling Defendants' and Balboa Defendants' legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

8

(tt)    "Settlement Class Member" means a Person that is a member of the Settlement Class and that does not exclude himself, herself, or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(uu)    "Settlement Effective Date" means the date on which all of the conditions set forth in ¶42 have occurred and the Stipulation thereby becomes effective in all respects.

(vv)    "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(ww)    "Settling Debtors" means GMACM and Residential Capital LLC.

(xx)    "Settling Defendants' Counsel" means Morrison & Foerster LLP, on behalf of the Reorganized Debtors, the Debtors and the Borrower Claims Trust.

(yy)    "Settling Parties" means (i) the Settling Defendants and (ii) the Named Plaintiffs on behalf of themselves and the Settlement Class.

(zz)    "Summary Direct U.S. Mail Postcard Notice" means the summary of the Notice to be provided by U.S. Mail Postcard to members of the Settlement Class, substantially in the form attached hereto as **Exhibit A-3**.

(aaa)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(bbb)    "Taxes" means any federal, state and/or local taxes (including any interest or penalties thereon) due and payable of any kind with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(ccc)    "Unknown Claims" means any and all potential Released Claims that the Named Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have

9

affected his, her or its decision not to object to this Stipulation or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Approval Order shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Rothstein Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly fully, finally and forever settle and release – and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Named Plaintiffs acknowledge, and Settlement Class Members by law and operation of the Final Approval Order shall be deemed to have acknowledged, that the inclusion of

10

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the settlement contained herein.

WHEREAS:

A.    On May 14, 2012, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

B.    On April 30, 2012, the Named Plaintiffs filed a putative class action complaint (the "**Initial Complaint**") commencing the Rothstein Action against GMACM, GMAC Insurance Marketing, Inc., Balboa Insurance Company, Meritplan Insurance Company, and John Does 1-20 in the District Court.

C.    The Initial Complaint asserted five causes of action.  Count I: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Count II: conspiracy to commit RICO violations; Count III: breach of contract; Count IV: breach of the implied covenant of good faith and fair dealing; and Count V: common law restitution/unjust enrichment/disgorgement.  Counts I, II and V were asserted against all defendants; Counts III and IV were only asserted against GMACM.

D.    On September 28, 2012, the Named Plaintiffs filed an amended complaint (the "**First Amended Complaint**").  The First Amended Complaint asserted seven causes of action against Ally, the Balboa Defendants, and a "John Doe Corporation."  The First Amended Complaint did not name GMACM or any other Debtor as a defendant.

E.    On November 9, 2012, the Named Plaintiffs, individually and purportedly on behalf of the putative class, filed the Bankruptcy Proofs of Claims which referenced the Initial Complaint and the First Amended Complaint.

F.    On January 22, 2013, the Named Plaintiffs filed a second amended complaint (the "**Second Amended Complaint**" and, together with the Initial Complaint and the First Amended Complaint, the "**Complaints**").  The Second Amended Complaint asserts the following claims: Count I: RICO Violations; Count II: conspiracy to commit RICO violations; Count III: violation

11

ny-1165760

of RESPA; Count IV: breach of contract; Count V: breach of the implied covenant of good faith and fair dealing; Count VI: common law restitution/unjust enrichment/disgorgement; and Count VII: breach of fiduciary duty/misappropriation of funds held in trust.  Counts I-III are asserted against all defendants; Counts IV-VII are only asserted against Ally.  Each of these causes of action is based on the alleged conduct of GMACM.  The remedies sought by the Named Plaintiffs include equitable relief, including restitution and the imposition of an equitable constructive trust, compensatory damages, treble damages under RICO, and punitive damages, for themselves and on behalf of the putative class.

G.    [Reserved]

H.    On March 10, 2013, the Balboa Defendants moved to dismiss Counts I-III, the only counts asserted against them.  The Named Plaintiffs filed their opposition on March 25, 2013.  The Balboa Defendants filed their reply on April 4, 2013.  On September 30, 2013, the District Court denied the motion to dismiss with respect to Counts I-II of the Second Amended Complaint (violations of RICO and RICO conspiracy), but granted the motion to dismiss Count III (violations of RESPA). As part of its ruling on the motion to dismiss, the District Court held that the Named Plaintiffs' claims did not violate the filed-rate doctrine.

I.    On June 25, 2014, the United States Court of Appeals for the Second Circuit granted a petition filed by the Balboa Defendants for interlocutory appeal of the District Court's ruling with respect to the filed-rate doctrine.  On July 22, 2015, the Second Circuit reversed the District Court's ruling with respect to the filed-rate doctrine, held that the filed-rate doctrine did bar the Named Plaintiffs' claims against the Balboa Defendants, and ordered that those claims be dismissed.  On August 5, 2015, the Named Plaintiffs filed a petition for panel rehearing and/or rehearing en banc of the Second Circuit's decision.  On September 14, 2015, the Named Plaintiffs' petition was denied.

J.      On December 21, 2012, Ally filed a motion with the Bankruptcy Court for a finding that the Rothstein Action was stayed as against Ally pursuant to section 362 of the Bankruptcy Code [ECF No. 2511], which motion the Debtors joined [ECF No. 2793].   The Named Plaintiffs opposed the motion and filed a cross motion for relief from any applicable stay on April 2, 2013.  [ECF No. 3343].  The Bankruptcy Court held status conferences on the Ally motion on June 12, 2013 and July 10, 2013.  On August 8, 2013, Plaintiffs filed an Objection and Reservation of Rights with respect to the Debtors' Disclosure Statement.   Ultimately, at the Bankruptcy Court's direction, Ally, the Debtors, and the Committee filed an amended motion that requested an extension of the automatic stay to enjoin the Rothstein Action as against Ally (the "**Stay Extension Motion**").   [ECF No. 4871].   Shortly before the Named Plaintiffs' objection deadline, the matter was adjourned until the Plan confirmation hearing of the Chapter 11 Plan by agreement of the parties.

K.      On May 13, 2013, the Debtors, the Committee, Ally, and other parties who had asserted billions of dollars in claims against the Debtors entered into a plan support agreement that reflected the culmination of extensive, good faith negotiations mediated by the Honorable James M. Peck.  The Debtors' entry into the plan support agreement was approved by the Bankruptcy Court on June 26, 2013.  [ECF No. 4098].  Pursuant to the plan support agreement, the Chapter 11 Plan was filed on August 23, 2013.

L.      On December 11, 2013, the Chapter 11 Plan was confirmed.  On December 17, 2013, the Plan Effective Date occurred and the Chapter 11 Plan was substantially consummated.

M.      Article IX.D of the Chapter 11 Plan, entitled "Third Party Release," provides that, as of the Plan Effective Date, the "holders of Claims and Equity Interests" in the Debtors' estates, which includes the Named Plaintiffs, are "deemed to provide a full and complete discharge and release to the Ally Released Parties . . . from any and all Causes of Action whatsoever . . . arising from or in any way related to the Debtors," including GMACM.  The "Ally Released Parties" as defined under the Chapter 11 Plan include, among other parties, Ally.

13

Accordingly, the Chapter 11 Plan released the claims asserted against Ally in the Rothstein Action.  On March 6, 2014, the District Court entered an order dismissing the claims against Ally in the Rothstein Action pursuant to Federal Rule of Civil Procedure 41(a) with prejudice and without costs or fees to any party.

N.    Plaintiffs' Counsel states that it has thoroughly investigated the facts relating to the claims alleged in the Complaints and the Bankruptcy Proofs of Claim, as well as the events and transactions underlying those claims. Such investigation has included, *inter alia*, examining publicly available information, taking limited informal discovery in the Rothstein Action during the pendency of the Balboa Defendants' motion to dismiss, and obtaining information pursuant to New York's Freedom of Information Law ("**FOIL**") from the New York State Department of Financial Services (the "NYSDFS").  Additionally, Plaintiffs' Counsel reviewed and analyzed the transcripts of testimony that representatives of GMACM and the Balboa Defendants gave at public hearings on Lender-Placed Insurance held by the NYSDFS on May 17-21, 2012. Plaintiffs' Counsel states that it has also conducted a thorough analysis of the legal principles applicable to the claims asserted against the Settling Defendants in the Bankruptcy Proofs of Claim.  The Settling Debtors' Counsel contends that it has also thoroughly investigated the claims and underlying events and transactions alleged in the Complaints and the Bankruptcy Proofs of Claim.  Counsel for both sides has researched the law applicable to the claims against the Settling Defendants, including the potential defenses thereto.

O.    On the basis of these investigations, counsel for the Named Plaintiffs and Settling Debtors engaged in arms'-length settlement discussions over several months, with extensive involvement by the Committee.  Those discussions included a nearly day-long, face-to-face negotiation session on September 9, 2013, which included a representative of GMACM.  On September 20, 2013, the Named Plaintiffs and the Settling Debtors, with the consent of the Committee, reached an agreement in principle to resolve the putative class claims asserted by the Named Plaintiffs against the Settling Debtors in the Bankruptcy Proofs of Claim, the terms of

14

which are reflected in the Stipulation. The Named Plaintiffs also agreed to support confirmation of the Chapter 11 Plan.

      P.     Additionally, in order to effectuate the Settlement, and, specifically, in order to (i) identify the Settlement Class Members and provide them with the best notice practicable under the circumstances, (ii) develop and implement a plan of allocation with respect to the proceeds of the Settlement that is fair and reasonable, and (iii) distribute the proceeds of the Settlement to members of the Settlement Class, the Settling Debtors agreed to produce to Plaintiffs' Counsel data and business records within Debtors' control or reasonably available from Debtors' successors, predecessors, affiliates, and agents pertaining to GMACM's Lender-Placed Insurance transactions (the "**Class Data**").

      Q.     Prior to the finalization and execution of this Stipulation, Plaintiffs' Counsel and the Settling Debtors engaged in extensive negotiations over the production of the Class Data. On February 11, 2014, the Settling Parties filed a Stipulation and Order of Confidentiality applying to any Class Data.

      R.     In June 2014, the Liquidating Trust, pursuant to a cooperation agreement it maintains with the Borrower Claims Trust, produced the Class Data to Plaintiffs' Counsel in anonymized form, *i.e.*, each borrower was assigned a unique identifying number, with all borrower Personally Identifiable Information ("PII"), including borrower names, mailing addresses, property addresses, and loan account numbers removed. The Borrower Claims Trust retained an electronic "key" file to de-anonymize the Class Data for purposes of effectuating Notice to the Class and of facilitating the allocation and distribution of the Net Settlement Fund to the Settlement Class Members pursuant to the Plan of Allocation.

      S.     Plaintiff's Counsel states that the Class Data was loaded onto the computer system of Plaintiffs Database Hosting Provider for analysis by Plaintiffs' Forensic Accounting Expert. Plaintiff's Counsel states that, under the direction of and in consultation with Plaintiffs' Counsel, and with the assistance of Plaintiff's Database Hosting Provider, Plaintiffs' Forensic

Accounting Expert conducted a computerized analysis of the Class Data, which contained information on GMACM's Lender-Placed Insurance transactions and the payment histories of borrowers. Plaintiff's Counsel states that, by virtue of such analysis, Plaintiffs' Forensic Accounting Expert (i) identified the members of the Settlement Class, and (ii) determined the amounts that GMACM recouped or recovered from those borrowers for Lender-Placed Insurance during the Class Period.

T.      More specifically, Plaintiff's Counsel states that through the computerized analysis, Plaintiffs' Forensic Accounting Expert identified 143,973 borrowers as members of the Settlement Class, and further determined that GMACM recouped or recovered a total of $321,524,741.25 in Lender-Placed Insurance charges from those borrowers, in the aggregate, during the Class Period. Plaintiff's Counsel states that this amount equals approximately 42.5% of the total $756,601,479.65 of total Lender-Placed Insurance charges that GMACM recorded during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert.

U.      Plaintiff's Counsel states that Plaintiffs' Forensic Accounting Expert additionally determined that approximately 0.95% of GMACM's total 543,988 Lender-Placed Insurance transactions during the Class Period, which relate to approximately 0.77% of the Lender Placed Insurance charges recorded by GMACM, could not be analyzed by computer due to payment-posting errors and other discrepancies in the Class Data as maintained by GMACM. Those transactions involved only 2,997 borrowers. Subject to Court approval and the provisions set forth below, the Settling Parties stipulate that those 2,997 additional borrowers are Settlement Class Members.

V.      Based upon their investigation, including, without limitation, Plaintiffs' Counsel's analysis of the Class Data, the Named Plaintiffs and Plaintiffs' Counsel have determined that the terms and conditions of the Stipulation are fair, reasonable, and adequate, and are in the best interests of the Settlement Class. The Named Plaintiffs and Plaintiffs' Counsel have agreed to

16

settle the claims asserted in the Bankruptcy Proofs of Claim pursuant to the terms and provisions of the Stipulation after considering: (i) the benefits that the Named Plaintiffs and the members of the Settlement Class will receive therefrom; (ii) the attendant risks of litigation and collectability from any Settling Defendants to satisfy a judgment; and (iii) the complexities and issues raised by the Chapter 11 Cases.  Additionally, Plaintiffs' Counsel was assisted by Plaintiffs' Special Bankruptcy Counsel, who were retained to assist in understanding the bankruptcy issues relating to the ability to litigate and collect on the claims from the Debtors' estates.

W.    Based upon their investigation, the Settling Defendants also have determined that the terms and conditions of the Stipulation are fair, reasonable, and adequate, and are in the best interests of the Settling Defendants and their respective stakeholders.  The Settling Debtors, the other Debtors and the Borrower Claims Trust have concluded that it is in the best interests of the Debtors, their estates, their creditors, the Borrower Claims Trust and its constituents to settle the claims previously asserted in the Bankruptcy Proofs of Claim on the terms set forth herein for the purpose of: (i) avoiding the burden, significant expense, inconvenience, delay, and uncertainty of continuing litigation; (ii) obtaining the releases provided for herein; and (iii) putting to rest all controversies that have been or could be raised against the Settling Defendants in the Bankruptcy Proofs of Claim, including on appeal; and (iv) facilitating the confirmation and consummation of the Chapter 11 Plan to the benefit of all the Debtors' estates and all of their creditors.

X.    Moreover, counsel for the Committee assisted in the negotiations.  The experience and guidance of counsel for the Committee contributed to the ability of the Settling Parties to evaluate and endorse the Settlement.

Y.    The settlement contained herein shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Settling Defendants or the Borrower Claims Trust with respect to any claim of, fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants or Borrowers Claims Trust have, or could have, asserted.  The settlement contained herein shall not be construed or

17

deemed to be a concession by the Named Plaintiffs of any infirmity in the claims asserted in the Rothstein Action.

NOW THEREFORE, without any admission or concession by the Named Plaintiffs of any lack of merit of the Rothstein Action or the Bankruptcy Proofs of Claim whatsoever, and without any admission or concession by Settling Defendants (including the Borrower Claims Trust) of any liability or wrongdoing or lack of merit in the defenses or objections whatsoever, it is hereby:

STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to final approval of the Stipulation by the Bankruptcy Court, and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties hereto, that as against the Released Parties, the Bankruptcy Proofs of Claim, and all Released Claims shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon and subject to the following terms and conditions:

## SUBMISSION OF THE SETTLEMENT
## TO THE BANKRUPTCY COURT FOR APPROVAL

1.    Solely for purposes of implementation of this Stipulation and the settlement contained herein and for no other purpose, the Settling Defendants stipulate and agree to: (a) certification of the Settlement Class as a class action pursuant to Bankruptcy Rule 7023(a) and 7023(b)(3); (b) appointment of the Named Plaintiffs as class representatives; and (c) appointment of Plaintiffs' Counsel as class counsel pursuant to Rule 7023(g) of the Bankruptcy Code. Certification of the Settlement Class and appointment of class counsel and the class representatives shall be binding only with respect to the settlement contained herein. In the event the Stipulation is terminated pursuant to its terms, or the Settlement Effective Date for any reason does not occur, certification of the Settlement Class shall be nullified, and the Bankruptcy Proofs of Claim shall proceed as though the Settlement Class had never been certified, with the Settling Parties reserving all their rights regarding the issue of class certification including the

18

certification of the Bankruptcy Proofs of Claim as class proofs of claim and all issues relating to liability.

2.      The Settling Parties have committed in good faith to agree upon the following documents, to be attached to the Stipulation prior to its submission to the Bankruptcy Court: Notice Order (Exhibit A); Notice (Exhibit A-1); Publication Notice (Exhibit A-2); Summary Direct U.S. Mail Postcard Notice (Exhibit A-3); and Final Approval Order (Exhibit B).

3.      The Settling Parties shall use their best efforts to obtain preliminary and final approval of this Stipulation and the settlement contained herein from the Bankruptcy Court.  As soon as practicable following execution of the Stipulation, the Settling Parties shall jointly apply to the Bankruptcy Court for entry of the Notice Order:

      a.      certifying the Settlement Class for settlement purposes;

      b.      preliminarily approving the settlement contained herein as fair, reasonable, and adequate under Bankruptcy Rules 7023 and 9019 and Federal Rule of Civil Procedure 23 and consistent with bankruptcy needs and concerns, subject to a final determination by the Bankruptcy Court;

      c.      approving the appointment of the Named Plaintiffs as class representatives of the Settlement Class;

      d.      approving the appointment of Plaintiffs' Counsel as class counsel for the Settlement Class pursuant to Bankruptcy Code 7023(g);

      e.      approving the Notice, Publication Notice, and Summary Direct U.S. Mail Postcard Notice, and the method of giving notice to the Settlement Class, as the best notice practicable under the circumstances, as due and sufficient notice to the Settlement Class, and as fully satisfying the requirements of due process and applicable law;

      f.      appointing KCC Class Actions Services, LLC as the Settlement Administrator;

g.    Authorizing the Borrower Claims Trust to advance the Notice Amount;

h.    scheduling a hearing on final approval of the settlement contained herein, upon notice to the members of the Settlement Class, to consider: (i) whether the settlement contained herein should be approved as fair, reasonable and adequate to the Settlement Class Members; (ii) whether the Plan of Allocation is fair and reasonable and should be approved; and (iii) Plaintiffs' Counsel's application for an award of attorneys' fees and payment of costs and expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally;

i.    setting a period of time during which members of the Settlement Class may submit a request for exclusion from the Settlement Class, and a period of time during which members of the Settlement Class may serve written objections to the settlement contained herein, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses;

j.    enjoining prosecution of any action or claims that are subject to the release and dismissal contemplated by this Stipulation by any member of the Settlement Class who has not or does not opt out of the Settlement Class; and,

k.    providing such other provisions consistent with the terms of the Stipulation as the Bankruptcy Court may deem advisable.

4.    At the Final Approval Hearing, the Settling Parties shall jointly request entry of the Final Approval Order:

a.    approving finally the settlement contained herein as fair, reasonable and adequate, within the meaning of Bankruptcy Rules 7023 and 9019, and directing its consummation pursuant to its terms;

ny-1165760

b.  finding that the Notice, Publication Notice, and Summary Direct U.S. Mail Postcard Notice, and the method of giving notice to the Settlement Class, were the best notice practicable under the circumstances, constituted due and sufficient notice to the Settlement Class, and fully satisfied the requirements of due process and applicable law;

c.  confirming certification of the Settlement Class, and finding that each element for certification of the Settlement Class is met;

d.  allowing the Allowed Claim as set forth herein;

e.  finding that during the course of these proceedings, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and Bankruptcy Code 9011;

f.  confirming that the Named Plaintiffs and other members of the Settlement Class have released all Released Claims against the Released Parties and permanently barring and enjoining the institution and prosecution, by Named Plaintiffs and other members of the Settlement Class, of any other or further action against the Released Parties in any court asserting any Released Claims;

g.  reserving exclusive jurisdiction over this Stipulation and the settlement contained herein, including all further proceedings concerning the administration, consummation, and enforcement of this Stipulation; and

h.  containing such other and further provisions consistent with the terms of this Stipulation and the settlement contained herein to which the Settling Parties expressly consent in writing.

5.  [Reserved.]

6.  [Reserved.]

ny-1165760

7.      At the Final Approval Hearing, Named Plaintiffs also will request entry of an order approving the Plan of Allocation.  Any modification of the Plan of Allocation by the Bankruptcy Court shall not affect the enforceability of the Stipulation, provide any of the Settling Parties with the right to terminate the settlement contained herein, or impose an obligation on the Settling Defendants to increase the consideration paid in connection with the settlement contained herein.

8.      Also at the Final Approval Hearing, Plaintiffs' Counsel may request entry of an order approving Plaintiffs' Counsel's application for an award of attorneys' fees on behalf of itself and Plaintiffs' Special Bankruptcy Counsel not to exceed 35% of the Settlement Fund plus interest, and reimbursement of Litigation Expenses collectively incurred by Plaintiffs' Counsel and Plaintiffs' Special Bankruptcy Counsel of approximately $250,000, including fees of experts and consultants, plus interest, as set forth in the Notice sent to the members of the Settlement Class in connection with this Stipulation and the settlement contained herein.  Plaintiffs' Counsel may make additional motions to the Court for reimbursement of further expenses payable from the Settlement Fund incurred subsequent to any initial motion for attorneys' fees and expenses.  The Settling Defendants agree not to take a position on any such application for an award of attorneys' fee and reimbursement of Litigation Expenses.  Any award of attorneys' fees and reimbursement of Litigation Expenses to Plaintiffs' Counsel shall be paid exclusively from the Settlement Fund, and be payable ten calendar days after the distribution by the Borrower Claims Trust of the Settlement Amount, or, in the event of any interim distribution by the Borrower Claims Trust, ten calendar days after the distribution by the Borrower Claims Trust of any portion of the Settlement Amount, provided that the Settlement Effective Date has occurred.  In no event shall the Settling Defendants be obligated to pay the Plaintiffs' Counsel's, Plaintiffs' Special Bankruptcy Counsel's, or any other plaintiffs' counsels' fees and expenses, including any Litigation Expenses.  The disposition of Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses is not a material term of this

22

ny-1165760

Stipulation and it is not a condition of this Stipulation that such application be granted.  Any
disapproval or modification of the application for an award of attorneys' fees and reimbursement
of Litigation Expenses by the Bankruptcy Court shall not affect the enforceability of the
Stipulation, provide any of the Settling Parties with the right to terminate the settlement
contained herein, or impose an obligation on the Settling Defendants to increase the
compensation paid in connection with the settlement contained herein.

9.    The Named Plaintiffs may also petition the Bankruptcy Court at the Final
Approval Hearing for the payment of an incentive award of $2,500 each in recognition of
services rendered by the Named Plaintiffs for the benefit of the Settlement Class.  Any such
incentive award shall be in addition to the amount to be paid to such Named Plaintiffs pursuant
to the Plan of Allocation and the Class Distribution Order.  The amount of any incentive award
approved by the Bankruptcy Court, and any interest attributable thereto, shall be deducted from
the Settlement Fund before the Net Settlement Fund is distributed to the Settlement Class
Members in accordance with the Plan of Allocation.  The Settling Defendants shall not object to
the Named Plaintiffs applying to the Bankruptcy Court and receiving an incentive award as
contemplated by this paragraph.  To the extent the Bankruptcy Court approves incentive awards
in an amount less than $2,500 each, the difference, and any interest attributable to the amount of
the difference, shall be included in and treated as part of the Net Settlement Fund.

### SCOPE AND EFFECT OF SETTLEMENT

10.    Unless otherwise stated herein, the Chapter 11 Plan does not modify this
Stipulation or the settlement contained herein.

11.    The obligations incurred pursuant to the settlement contained herein shall be in
full and final disposition of the Bankruptcy Proofs of Claim as against the Settling Defendants
and any and all Released Claims as against all Released Parties.

12.    Upon the Settlement Effective Date, without prejudice to the effectiveness of the
Plan Releases, the Named Plaintiffs and all other Settlement Class Members shall be deemed to

23

ny-1165760

have released, dismissed, and forever discharged the Released Claims against each and all of the
Released Parties, with prejudice and on the merits, subject to the terms and conditions set forth
herein.

## THE SETTLEMENT CONSIDERATION

13.      In consideration of the settlement contained herein, subject to the terms and
conditions set forth in this Stipulation, on the Settlement Effective Date, the Named Plaintiffs
shall receive the Allowed Claim on behalf of the Settlement Class. Distributions on account of
the Allowed Claim in the form of the Settlement Amount will be paid to the Escrow Agent in
accordance with the Chapter 11 Plan, the Borrower Claims Trust Agreement and any applicable
order of the Bankruptcy Court.

14.      Following the distribution(s) of the Settlement Amount, the Escrow Agent, on
behalf of the Settlement Class, shall invest or hold the Settlement Fund as provided in ¶18
hereof.  Provided the Borrower Claims Trust has made a distribution of the Settlement Amount
in advance of entry of the Class Distribution Order, upon entry by the Bankruptcy Court of the
Class Distribution Order, the Escrow Agent shall distribute the Settlement Fund to the members
of the Settlement Class pursuant to the Plan of Allocation.  In the event the Borrower Claims
Trust has not made a distribution on account of the Settlement Amount prior to the entry of the
Class Distribution Order, the Settlement Fund shall be distributed to the members of the
Settlement Class pursuant to the Plan of Allocation as soon as practical following the making of
such distribution by the Borrower Claims Trust.

15.      The Settling Parties expressly acknowledge and agree that Ally does not and shall
not have any responsibility to pay any portion of the Settlement Amount.

16.      The releases provided in the Stipulation to the Released Parties shall in no way
limit, restrict, or otherwise modify the scope of the Plan Releases.

## DISPOSITION OF SETTLEMENT FUND

24

ny-1165760

17.    Subject to the terms and conditions of the Stipulation, the Settlement Fund shall be used to pay:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; (iii) any attorneys' fees and Litigation Expenses, plus interest, awarded by the Bankruptcy Court; and (iv) any incentive awards awarded to the Named Plaintiffs by the Bankruptcy Court.  All costs and expenses incurred by or on behalf of the Named Plaintiffs and the Settlement Class shall be paid from the Settlement Fund as awarded by the Bankruptcy Court.  In no event shall the Released Parties bear any responsibility for any such costs or expenses beyond payment of the Settlement Amount by the Settling Debtors.

18.    Except as provided herein or pursuant to court orders, the Net Settlement Fund shall remain in the Escrow Account prior to its distribution.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Bankruptcy Court and shall remain subject to the jurisdiction of the Bankruptcy Court until such time as the funds shall be distributed pursuant to the Class Distribution Order, or returned pursuant to the terms of the Stipulation and/or further order of the Bankruptcy Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments or another similarly secure investment) and shall collect and reinvest all interest accrued thereon, except that any residual cash balance in the Escrow Account of less than $250,000 may be held in a cash account in an FDIC-insured financial institution or invested in money market mutual funds exclusively comprising investments secured by the full faith and credit of the United States.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC.

19.    The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Settlement Administrator, under the supervision of Plaintiffs' Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible

25

for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ [ ] below. The Settlement Administrator, under the supervision of, Plaintiffs' Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund. The Borrower Claims Trust will provide to Plaintiffs' Counsel the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, under the supervision of Plaintiffs' Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

20.   All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the settlement contained herein and shall be paid out of the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. The Settlement Administrator, under the supervision of Plaintiffs' Counsel, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and, to the extent applicable, Treas. Reg. § 1.468B-2(l). Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. The Settlement

26

Administrator, under the supervision of Plaintiffs' Counsel, or its agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the Bankruptcy Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of the Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator, Plaintiffs' Counsel or their agents, as described herein.

21.    The settlement contained herein is not a claims-made settlement. As of the Settlement Effective Date, neither the Settling Defendants nor the Debtors' estates shall have any right to the return of the Settlement Fund or any portion thereof after the Settlement Amount has been remitted to the Escrow Agent, irrespective of the amount or value of the distributions or uncashed distributions to the members of the Settlement Class from the Net Settlement Fund.

## NOTICE AND ADMINISTRATION OF SETTLEMENT

22.    Plaintiffs' Counsel shall be responsible for and shall administer and oversee the notice procedure subject to the supervision and direction of the Bankruptcy Court.

23.    Within five (5) business days of entry of the Notice Order, Plaintiffs' Counsel shall provide or cause to be provided to the Borrower Claims Trust, in a mutually agreed electronic form, the anonymized numbers corresponding to the members of the Settlement Class as determined by Plaintiffs' Forensic Accounting Expert through analysis of the Class Data.

24.    Within five (5) business days after obtaining the list specified in the foregoing paragraph, the Borrower Claims Trust shall provide, in a mutually agreed electronic form, a de-anonymized list of the Settlement Class Members (at no cost to the Settlement Fund, the Named Plaintiffs, Plaintiffs' Counsel or the Claims Administrator).

25.    Not later than ten (10) business days after obtaining the list specified in the foregoing paragraph, the Settlement Administrator shall cause a copy of the Summary Direct

27

U.S. Mail Postcard Notice, substantially in the form annexed hereto as **Exhibit A-3**, to be mailed by U.S. Postcard Mail to the members of the Settlement Class at their last known addresses as derived from the information provided by the Settling Debtors. The Settlement Administrator will update the addresses using the National Change of Address Database before sending the Summary Direct U.S. Mail Postcard Notice to the members of the Settlement Class.

26.    Not later than ten (10) business days after entry of the Notice Order, the Settlement Administrator shall cause the Publication Notice to be published once in *USA Today* and to be transmitted once over the PR Newswire.

27.    The Settlement Administrator shall establish a class website that shall contain information about the settlement contained herein, including electronic copies of the Notice, the Publication Notice, and this Stipulation. The class website shall be maintained by the Settlement Administrator and shall be activated no later than ten (10) business days after entry of the Notice Order.

28.    Plaintiffs' Counsel shall be responsible for and shall administer and oversee the allocation and distribution of the Net Settlement Fund to or for the benefit of the members of the Settlement Class pursuant to the Plan of Allocation. The distribution procedure shall not occur until after the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may make one or more interim, partial distributions).

29.    The allocation and distribution procedure shall be conducted under the supervision and direction of the Bankruptcy Court. Payment from the Settlement Fund made pursuant to and in the manner set forth above and in the Plan of Allocation shall be deemed conclusive of compliance with this Stipulation as to all authorized claimants. If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Settlement Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their

28

distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Settlement Administrator, after consultation with and under the direction of Plaintiffs' Counsel, shall, if, in Plaintiffs' Counsel's judgment it is economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer economically feasible, thereafter Plaintiffs' Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be selected by the Named Plaintiffs and approved by the Bankruptcy Court or District Court, as applicable.

30.    All costs associated with noticing the Settlement Class, allocating and administering the distribution to the members of the Settlement Class, including expert costs, and all costs associated with any additional notice or claims procedure, shall be reimbursed or deducted from the Net Settlement Fund.

31.    The Released Parties shall have no liability, obligation, or responsibility for the notice procedure, allocation and distribution procedure, administration or processing of claims or of the settlement contained herein, or disbursement of the Net Settlement Fund, including without limitation, distributing notice to the Settlement Class, the validity of any allocation determinations, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Settlement Administrator.

32.    No Released Party shall be permitted to contest or object to any decision of the Settlement Administrator or Plaintiffs' Counsel with respect to the administration, allocation, or distribution of the Net Settlement Fund.

29

33.    No authorized claimant shall have any claim against the Named Plaintiffs or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Bankruptcy Court or the District Court.  Except as otherwise expressly provided for herein, the Named Plaintiffs, the Settling Defendants, the Borrower Claims Trust, the Borrower Claims Trustee, the Borrower Claims Trust Committee and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes owned by the Settlement Fund, or any losses incurred in connection therewith.

34.    Plaintiffs' Counsel will apply to the Bankruptcy Court, with reasonable notice to the Settling Defendants, for an order (the "**Class Distribution Order**"), *inter alia*:  (i) approving the administrative determinations of the Settlement Administrator concerning the distributions, if any, to which Settlement Class Members are entitled pursuant to the Plan of Allocation; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the settlement contained herein from the Settlement Fund; and (iii) if the conditions set forth in ¶13 above have occurred, directing payment of the Net Settlement Fund to authorized Settlement Class Members.

35.    Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members, regardless of whether they receive distributions, shall be bound by all of the terms of this Stipulation and the settlement contained herein, including the terms of the Final Approval Order and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

ny-1165760

## THE PLAN OF ALLOCATION

36.    The Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss ("**Recognized Loss**") of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class Members.

37.    The Recognized Loss of each Settlement Class member shall be equal to 25% of the total amount that GMACM recouped or recovered from the loan payments of that Settlement Class Member for Lender-Placed Insurance during the Class Period, as determined by the computerized analysis of the Class Data conducted by Plaintiffs' Forensic Accounting Expert. With respect to the Lender-Placed Insurance transactions that Plaintiffs' Forensic Accounting Expert determined are not capable of computerized analysis, the amounts recouped or recovered by GMACM from each effected Settlement Class Member shall be deemed to be 42% of the Lender-Placed Insurance charge that GMACM recorded for that Settlement Class Member. This percentage reflects the rate at which GMACM recouped or recovered Lender-Placed Insurance charges from borrowers in the aggregate during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert.

38.    Settlement Class Members whose allocation is $10 or more will receive a distribution. Because of the administrative costs of issuing checks and the fact very small checks in class action settlements are often not cashed, Settlement Class Members whose allocation is less than the $10 threshold shall not receive a distribution. The total of all Settlement Class Member allocations below $10 will constitute a gross-up residual. This gross-up residual shall be re-allocated among the Settlement Class Members whose allocation is $10 or more in accordance with their Recognized Losses. Plaintiffs' Counsel estimates that, under this distribution methodology, and assuming that there is no recovery from the Balboa Defendants in the Rothstein Action to be included in the distribution to the Settlement Class, approximately

61,788 of the total 143,973 Settlement Class Members will receive distributions, and additionally, that the residual gross-up will constitute approximately 17% of the Net Settlement Fund.

## REQUESTS FOR EXCLUSION

39.    A potential Settlement Class Member requesting exclusion from the Settlement Class shall provide in writing the following information to the Settlement Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) address of property that was subject to Lender-Placed Insurance; (v) loan number; and (vi) a statement that the person or entity wishes to be excluded from the Settlement Class.  The Settling Parties shall request that the deadline for submitting requests for exclusion be 21 calendar days prior to the Final Approval Hearing.

40.    If the number of timely written requests for exclusion containing the information required pursuant to ¶39 exceeds 5% of the Settlement Class, the Borrower Claims Trust in its sole and absolute discretion and at their sole option may terminate this Agreement as provided for in ¶43.

41.    The Settlement Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Settling Debtors' Counsel and to Plaintiffs' Counsel expeditiously (and not more than three (3) business days) after the Settlement Administrator receives such a request.

## EFFECTIVE DATE OF SETTLEMENT

42.    The Settlement Effective Date shall be the latest date by which all of the following have occurred:

(a)    execution of the Stipulation by each of the Settling Parties

(b)    entry of the Notice Order;

32

ny-1165760

(c)    final approval by the Bankruptcy Court of the settlement contained herein
following notice to the Settlement Class and a hearing in accordance with Bankruptcy Rules
9019 and 7023;

(d)    entry by the Bankruptcy Court of the Final Approval Order.  In the event that
the Bankruptcy Court enters a judgment materially different than the Final Approval Order
and none of the Settling Parties hereto elects to terminate this Stipulation, the date that such
judgment becomes Final;

(e)    the time to appeal the Final Approval Order shall have passed, without the
Stipulation being stayed, modified, or vacated on appeal; and

(f)    the occurrence of the Plan Effective Date.

### TERMINATION

43.    The Borrower Claims Trust and the Named Plaintiffs each shall have the right to
terminate the settlement contained herein by providing written notice of their election to do so
("**Termination Notice**") to the other parties within twenty (20) business days of the date on
which: (a) the Bankruptcy Court refuses to approve the Stipulation or any material part of it; (b)
the Bankruptcy Court declines to enter the Final Approval Order, or enters the Final Approval
Order in a form that is materially inconsistent with the Stipulation; or (c) the Settlement
Effective Date of the Stipulation otherwise does not occur.  The Borrower Claims Trust shall
have the exclusive right to terminate the settlement if the deadline to submit written requests for
exclusion from the Settlement Class has passed, and Settling Defendants' Counsel has received
copies of requests for exclusion showing that the number of timely written requests for exclusion
containing the required information exceed 5% of the Settlement Class, by furnishing the
Termination Notice to counsel to the Named Plaintiffs counsel within 20-days of receipt of
copies of foregoing requests for exclusion.  The foregoing list is not intended to limit or impair
the parties' rights under the law of contracts of the State of New York with respect to any breach

of this Stipulation or the settlement contained herein.  In the event the settlement contained herein is terminated, the provisions of ¶¶ 51 and 52 shall survive termination.

44.    Except as otherwise provided herein, in the event the settlement contained herein is terminated, the Settling Parties reserve their rights to proceed in all respects as if the Stipulation had not been entered into and without any prejudice in any way from the negotiation, fact, or terms of this Stipulation and the settlement contained herein.  Among other things, the Settling Defendants reserve their rights to argue that the Named Plaintiffs failed to timely move for the authority to prosecute a class claim pursuant to Bankruptcy Rule 7023, that such authority should be denied, and that the Plan Releases bar the Released Claims against Ally, and other Released Parties (other than the Settling Debtors), if the settlement contained herein is terminated for any reason.

45.    If the Settlement is terminated pursuant to this Stipulation and the Borrowers Claims Trust has already distributed some or all of the Settlement Amount to the Escrow Agent, the Escrow Agent shall pay such distributed sum and all interest earned thereon within ten calendar days to the Borrower Claims Trust, less any (i) taxes paid or due with respect to any interest or other income earned thereon or in respect thereof; (ii) reasonable Notice and Administration Costs actually incurred and paid or payable from the Settlement Amount (as described in ¶¶ 30, 3 and (cc) hereof), (iii) any applicable withholding taxes; and (iv) reasonable administrative costs charged by the financial institution holding the Escrow Agent account.  If the Settlement is terminated pursuant to this Stipulation and the Borrowers Claims Trust has not yet distributed any of the Settlement Amount to the Escrow Agent, the Borrowers Claims Trust shall be entitled to reimbursement of the Notice Amount, less any reasonable Notice and Administration Costs actually incurred and paid or payable (as described in ¶¶ 30, 3 and (cc) hereof).

ny-1165760

## NO ADMISSION OF WRONGDOING

46.    Whether or not the Stipulation is approved by the Bankruptcy Court, and whether or not the Stipulation is consummated, the fact and terms of the Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Stipulation, and any act performed or document signed in connection with the Stipulation:

(a)    shall not be offered or received against the Released Parties, the Named Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or by the Named Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by the Named Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Rothstein Action, the Bankruptcy Proofs of Claim, or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Rothstein Action, the Bankruptcy Proofs of Claim, or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)    shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against the Named Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of the Named Plaintiffs and the other members of the Settlement Class;

(c)    shall not be offered or received against the Released Parties, the Named Plaintiffs, or the other members of the Settlement Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

provided, however, that if the Stipulation is approved by the Bankruptcy Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against the Released Parties, Plaintiffs' Counsel, or the Named Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession, or presumption against the Named Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

47.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of the Stipulation and the terms of any Exhibit hereto, the terms of the Stipulation shall prevail.

48.    The Settling Parties intend this Stipulation and the settlement contained herein to be a final and complete resolution of all disputes asserted or that could be asserted by the Named Plaintiffs or any other Settlement Class Member(s) against all Released Parties with respect to all Released Claims. Certain exhibits to this Stipulation may be finalized after the execution of this Agreement.  The Settling Parties and their successors shall work in good faith to finalize such documents.  To the extent a dispute arises that cannot be resolved by the Settling Parties, any Settling Party may seek guidance from the Bankruptcy Court.

49.    The Settling Defendants shall, no later than ten (10) days following the filing of this Stipulation with the Court, serve a notice of the Settlement in compliance with the requirements of the Class Action Fairness Action of 2005 ("CAFA"), 28 U.S.C. § 1711 et seq.,

ny-1165760

upon the "Appropriate State Official" and "Appropriate Federal Official," as those terms are defined by CAFA, 28 U.S.C. § 1715(a).    The Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.    In order to assist the Settling Defendants in complying with their obligations under CAFA, Plaintiffs' Counsel agrees to provide the Borrowers Claims Trust with a report generated from the Class Data setting forth a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement (the "CAFA Data Report"), no later than five (5) days after the execution of this Stipulation by the Settling Parties.    The Borrowers Claims Trust shall, by wire transfer in accordance with instructions to be provided by Plaintiffs' Counsel, reimburse Plaintiffs' Counsel for all costs, fees, or expenses incurred to prepare the CAFA Data Report, including by the Settlement Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting Expert, up to a maximum of $5,000 (the "CAFA Data Report Reimbursement"), no later than five (5) days after the CAFA Data Report is provided.    The CAFA Data Report Reimbursement shall not be credited against the Settlement Amount.

50.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.    Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement contained herein: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such

proceedings as may be necessary to consummate or enforce the Stipulation, the settlement contained herein, or the Final Approval Order.

52.    The Named Plaintiffs and Settling Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or Bankruptcy Code 9011, or seek any relief under 28 U.S.C. § 1927, or any similar law, rule or regulation, that the Bankruptcy Proofs of Claim were brought or defended in bad faith or without a reasonable basis.    The Settling Parties agree that during the course of the Bankruptcy proceeding, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and Bankruptcy Code 9011.    The parties to this Stipulation agree that the amount paid and the other terms of the settlement contained herein were negotiated at arm's length, in good faith by the parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.    While retaining their right to deny that the claims asserted in the Bankruptcy Proofs of Claim were meritorious, the Settling Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Bankruptcy Proofs of Claim were commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.    In all events, the Named Plaintiffs and the Settling Defendants shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution and resolution of the Bankruptcy Proofs of Claim, and shall not otherwise suggest that the settlement contained herein constitutes an admission of any claim or defense alleged.

54.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.    This Stipulation and its Exhibits constitute the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party

38

concerning this Stipulation or its Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

56.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

57.    The Settling Parties hereto and their respective counsel of record agree that they will use reasonable efforts to obtain all necessary approvals of the Bankruptcy Court required by this Stipulation and the settlement contained herein.

58.    This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

59.    Notices required by the Stipulation shall be submitted either by any form of overnight mail, electronic e-mail, facsimile, or in person to each of the signatories below.

60.    Except as otherwise set forth herein, the administration, consummation and enforcement of this Stipulation and the settlement contained herein shall be under the authority of the Bankruptcy Court and the Settling Parties intend that the Bankruptcy Court retain jurisdiction for the purpose of, *inter alia*, enforcing the terms of this Stipulation and the settlement contained herein.

61.    The construction, interpretation, operation, effect and validity of the settlement contained herein, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length

39

negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of the Stipulation.

63.    Plaintiffs' Counsel, and any other counsel representing the Named Plaintiffs and the Settlement Class in the Rothstein Action or in the Chapter 11 Cases, agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to the other counsel, of or to any person seeking exclusion from the Settlement Class or any other person seeking to litigate with any of the Released Parties over any of the Released Claims or to represent any form of opt-out class from the settlement contained herein, could place Plaintiffs' Counsel in an untenable conflict of interest with the Settlement Class Members. Accordingly, such counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit, or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Person in requesting exclusion from the Settlement Class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.  Additionally, such counsel and their respective firms agree (only to the extent that it otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Person who requests exclusion from the Settlement Class, or seeks to represent any form of opt-out class from the settlement contained herein, or any other Person, in any subsequent litigation that Person may enter into with Released Parties regarding the Released Claims or any related claims, except that suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of December _, 2015.

40

New York, New York
Dated: December 2 4 2015

KIRBY McINERNEY LLP

By: _____
Mark A. Strauss
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*On behalf of Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn*

MORRISON & FOERSTER LLP

By: _____
Norman S. Rosenbaum
250 West 55th Street
New York, New York 100019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*On behalf of GMACM Mortgage, LLC, Residential Capital, LLC, the Borrower Claims Trust, and the Trustee for the Borrower Claims Trust*

*For the ResCap Borrower Claims Trust*

*Peter Kravitz solely in his capacity as Trustee for the ResCap Borrower Claims Trust*

By: _____
Name: Peter Kravitz
Title:  Trustee for the ResCap Borrower Claims Trust

41

ny-1165760

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| | Chapter 11 |
| Debtors. | |
| | Jointly Administered |

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING
### PROPOSED SETTLEMENT WITH THE ROTHSTEIN PLAINTIFFS
### AND PROVIDING FOR NOTICE

WHEREAS, on November 9, 2012, Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn (collectively, the "Plaintiffs"), individually and purportedly on behalf of the putative class, filed Bankruptcy Proofs of Claim 4074 and 3966;

WHEREAS, Plaintiffs, individually and on behalf of the proposed Settlement Class (as hereinafter defined), and Debtors GMAC Mortgage, LLC ("GMACM"), Residential Capital, LLC ("Residential Capital"), and the Borrower Claims Trust (collectively, the "Settling Defendants"), and the Trustee for the Borrower Claims Trust (the "Borrower Claims Trustee") (together with the Settling Defendants, the Borrower Claims Trustee and the Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated _____ (the "Stipulation"), which is subject to review by the Court under Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Bankruptcy Proofs of Claim against all Settling Defendants, upon the terms and conditions set forth in the Stipulation (the "Settlement").

WHEREAS, Named Plaintiffs have made an application, pursuant to Rule 7023 of the

Federal Rules of Bankruptcy Procedure and 9019, for an order preliminarily approving the

Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of

settlement only, and approving notice to the Settlement Class as more fully described herein;

WHEREAS, the Court having considered the Stipulation and the Exhibits thereto,

including the proposed (a) Notice of (I) Pendency of Class Action; (II) Proposed Settlement and

Plan of Allocation; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of

Attorneys' Fees and Reimbursement of Litigation Expenses, (b) Summary Direct U.S. Mail

Postcard Notice, (c) Publication Notice, and (d) Final Judgment and Order of Dismissal With

Prejudice ("Final Approval Order" or "Judgment") and the submissions relating thereto, and

finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Settlement Class Certification** – Pursuant to Rules 7023(a) and 7023(b)(3) of

the Federal Rules of Bankruptcy Procedure, and for purposes of settlement only, the following is

hereby certified as the Settlement Class:  all residential mortgage loan borrowers whose loans

were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole

or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose

payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time

from February 3, 2004 through October 2, 2013, excluding (i) the Settling Defendants named in

the Complaint, (ii) current and former officers, directors, and employees of the Settling

Defendants and of the Balboa Defendants, and their immediate families, and (iii) the Settling

2

Defendants' and the Balboa Defendants' legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

2.     **Settlement Class Findings** – The Court finds, for purposes of settlement only, that the prerequisites for certifying the Settlement Class under Rules 7023(a) and 7023(b)(3) of the Federal Rules of Bankruptcy Procedure have been satisfied in that:   (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the proposed Class Representatives (defined below) are typical of the claims of the Settlement Class; (d) proposed Class Representatives and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) class certification is superior to other available methods for the fair and efficient adjudication of the Bankruptcy Proof of Claim.

3.     The Court hereby finds and concludes pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure, and for purposes of settlement only, that Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn are adequate class representatives and certifies them as class representatives on behalf of the Settlement Class ("Class Representatives"), and hereby appoints Plaintiffs' Counsel, the law firm of Kirby McInerney LLP, as Class Counsel for the Settlement Class pursuant to Bankruptcy Code 7023(g).

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3

5.      **Final Approval Hearing** – The Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 201__ at __:__ _.m. at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, for the following purposes, among others: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether the Final Approval Order substantially in the form attached as Exhibit __ to the Stipulation should be entered resolving the Bankruptcy Proofs of Claim on the merits and with prejudice against all the Settling Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6.      The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Settlement Administrator and Manner of Notice** – Class Counsel are hereby authorized to retain KCC Class Actions Services LLC (the "Settlement Administrator") to supervise and administer the notice procedure as well as the processing of distributions to Settlement Class Members as more fully set forth below.  Notice of the Settlement and the Final Approval Hearing shall be given by Class Counsel as follows:

4

(a)    pursuant to paragraph (bb) of the Stipulation, within five (5) business days of the entry of this Order, the Borrower Claims Trust shall advance $95,000.00 in cash to the Escrow Account to cover the cost of disseminating the Notice ("Notice Amount"), as reflected in an invoice provided by the Settlement Administrator to the Borrower Claims Trust, and subsequently credited against the Settlement Amount;

(b)    within five (5) business days of the date of entry of this Order, Plaintiffs' Counsel shall provide or cause to be provided to the Borrower Claims Trust, in a mutually agreed electronic form, the anonymized numbers corresponding to the members of the Settlement Class as determined by Plaintiffs' Forensic Accounting Expert through analysis of the Class Data;

(c)    within five (5) business days after obtaining the list specified in the foregoing paragraph, the Borrower Claims Trust shall provide, in a mutually agreed electronic form, a de-anonymized list of the Settlement Class Members (at no cost to the Settlement Fund, Plaintiffs, Plaintiffs' Counsel or the Settlement Administrator);

(d)    not later than ten (10) business days after obtaining the list specified in the foregoing paragraph, the Settlement Administrator shall cause a copy of the Summary Direct U.S. Mail Postcard Notice, substantially in the form annexed hereto as Exhibit A-3, to be mailed by U.S. Postcard Mail to the members of the Settlement Class at their last known addresses as derived from the information provided by the Settling Debtors.  The Settlement Administrator shall update the addresses using the National Change of Address Database before sending the Summary Direct U.S. Mail Postcard Notice to the members of the Settlement Class;

(e)    not later than ten (10) business days after the entry of this Order, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached

5

hereto as Exhibit A-2, to be published once in *USA Today* and to be transmitted once over the *PR Newswire*; and

    (f)  the Settlement Administrator shall establish a class website that shall contain information about the Settlement, including electronic copies of the Notice, the Publication Notice, and the Stipulation.  The class website shall be maintained by the Settlement Administrator and shall be activated no later than ten (10) business days after entry of this Order.

    8.  To the extent the CAFA Data Report is requested by counsel to the Borrower Claims Trust, the Borrowers Claims Trust shall, by wire transfer in accordance with instructions provided by Plaintiffs' Counsel, reimburse Plaintiffs' Counsel for all costs, fees, or expenses incurred to prepare the CAFA Data Report as reasonably documented[1], including by the Settlement Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting Expert, up to a maximum of $5,000 (the "CAFA Data Report Reimbursement"), no later than five (5) days after the CAFA Data Report is provided.  The CAFA Data Report Reimbursement shall not be credited against the Settlement Amount.

    9.  **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Publication Notice and the Summary Direct U.S. Mail Postcard Notice, substantially in the forms attached hereto as Exhibits A-1 through A-3, respectively, and (b) finds that the mailing and distribution of the Summary Direct U.S. Mail Postcard Notice and the publication of the Publication Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is

---

[1] The "CAFA Data Report" refers to the report, which Plaintiffs' Counsel provided to the Borrowers Claims Trust in order to assist the Settling Defendants comply with their obligations under CAFA, generated from the Class Data setting forth a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.  Pursuant to the Stipulation, Plaintiffs' Counsel agreed to provide such report no later than five (5) days after the execution of the Stipulation by the Settling Parties. *See* Stipulation, ¶ 49.

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the proceeding, of the effect of the proposed Settlement (including the Releases

contained therein) and of their right to object to any aspect of the proposed Settlement, exclude

themselves from the Settlement Class and appear at the Final Approval Hearing; (iii) constitutes

due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed

Settlement; and (iv) satisfies the requirements of Rule 7023 of the Federal Rules of Bankruptcy

Procedure, due process, the Rules of the Court and all other applicable law and rules.  The date

and time of the Final Approval Hearing shall be included in the Notice, Summary Direct U.S.

Mail Postcard Notice and Publication Notice before they are mailed and published, respectively.

10.    **Participation in the Settlement** – Settlement Class Members who wish to

participate in the Settlement and to be eligible to receive a distribution from the Net Settlement

Fund need not do anything, however, by receiving a distribution, a Settlement Class Member

shall be deemed to have submitted to the jurisdiction of the Court and the subject matter of the

Settlement.

11.    **Exclusion From the Settlement Class** – The Class Notice shall provide that

any member of the Settlement Class who wishes to exclude himself, herself or itself from the

Settlement Class must request exclusion in writing within the time and in the manner set forth in

the Notice, which shall provide that:  (a) any such request for exclusion from the Settlement

Class must be mailed or delivered such that it is received no later than fourteen (14) calendar

days prior to the Final Approval Hearing, to: *In re Residential Capital, LLC, et al.*,

EXCLUSIONS, c/o KCC Class Action Services at the address provided in the Notice;  and

(b) that each request for exclusion must (i) state the name, address and telephone number of the

person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion

from the Settlement Class in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y.) (MG)"; (iii) state the address of the property that was subject to Lender-Placed Insurance; (iv) state the loan number; and (v) be signed by such person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12.    Any Person who or which timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, or is excluded from the Settlement Class by order of the Court (the "Opt-Out Settlement Class Members") shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or the Stipulation, and shall have no right to receive any payment out of the Net Settlement Fund, but shall otherwise remain bound by the Chapter 11 Plan, the Confirmation Order and all other orders of the Bankruptcy Court entered into Chapter 11 Cases.

13.    The Settlement Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Settling Debtors' Counsel and to Plaintiffs' Counsel expeditiously (and not more than three (3) business days) after the Settlement Administrator receives such a request.

14.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in this proceeding, including, but not limited

8

to, the Final Approval Order, and the Releases provided for therein and in the Stipulation, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation and Notice.

15.    **<u>Appearance and Objections at Final Approval Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in this proceeding, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel and Settling Defendants' counsel, as set forth in paragraph 16 below, such that it is received no later than fourteen (14) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct.    Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

16.    Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed written objections with the Court and served copies of such objections on Class Counsel and

Defendants' counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Approval Hearing.

## **To the Court**

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Re:    *In re Residential Capital, LLC, et al.*,
Case No. 12-12020 (MG)

<table>
<tr><td><b>Class Counsel</b></td><td><b>Counsel for the Settling Defendants</b></td></tr>
<tr><td>

Mark A. Strauss, Esq.
Thomas W. Elrod, Esq.
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022</td><td>

Norman S. Rosenbaum, Esq.
Morrison & Foerster LLP
250 West 55th Street
New York, NY  10019</td></tr>
</table>

17.    Any objections, filings and other submissions by the objecting Settlement Class Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Settlement Class, including the address of the property that is subject to Lender-Placed Insurance and the loan number.  Counsel for the Settling Defendants and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18.    Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys'

fees and reimbursement of Litigation Expenses, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.    **Stay** – Unless otherwise ordered by the Court, the Court stays all proceedings in this proceeding other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court enjoins Plaintiffs and all other Settlement Class Members from commencing, prosecuting or asserting any claim against any of the Released Parties that is a Released Claim or that would be barred pursuant to paragraph (nn) of the Stipulation.

20.    **Settlement Administration Fees and Expenses** – The Notice Amount and all other reasonable costs, fees and expenses costs, incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement shall be paid as set forth in paragraph [cc] of the Stipulation without further order of the Court, up to a limit of $160,000.  After the Settlement Effective Date, any Notice and Administration Costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Class Counsel, without further order of the Court.

21.    **Settlement Fund** – The contents of the Settlement Fund held by Class Counsel (which the Court approves as the Escrow Agent), shall be subject to the jurisdiction of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or the Distribution Order.  The Settlement Fund shall be deposited into an interest-earning escrow account designated by Class Counsel and all interest

ny-1196084

accruing thereon shall be subject to the jurisdiction of the Court and will remain subject to the

jurisdiction of the Court until such time as it is distributed to Settlement Class Members.  Except

as provided in paragraph 18 in the Stipulation, the Escrow Agent shall invest any funds held in

the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such

instruments or another similarly secure investment) and shall collect and reinvest all interest

accrued thereon, except that any residual cash balance in the Escrow Account of less than

$250,000 may be held in a cash account in an FDIC-insured financial institution or invested in

money market mutual funds exclusively comprising investments secured by the full faith and

credit of the United States.  In the event that the yield on United States Treasury Bills is negative,

in lieu of purchasing Treasury Bills, all or any portion of the funds held by the Escrow Agent

may be deposited in a non-interest bearing account that is fully insured by the FDIC.  Except as

otherwise expressly provided in the Stipulation, Plaintiffs, the Settling Defendants, and their

respective counsel shall have no responsibility or liability whatsoever for the investment or

distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the

determination, administration, calculation, or payment of any claim or nonperformance of the

Settlement Administrator, the payment or withholding of taxes owned by the Settlement Fund, or

any losses incurred in connection therewith.

22.    **Taxes** – Class Counsel, or its authorized agent, the Settlement Administrator,

is authorized and directed to prepare any tax returns and any other tax reporting form for or in

respect of the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to

the Settlement Fund and to otherwise perform all obligations with respect to taxes and any

reporting or filings in respect thereof without further order of the Court in a manner consistent

with the provisions of the Stipulation.

ny-1196084

23.    **Termination** – If the Settlement is terminated, not approved, cancelled, fails to become effective for any reason, or the Settlement Effective Date does not occur, this Order shall become null and void, and shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members and the Settling Defendants, all of whom shall be restored to their respective positions in the Bankruptcy Proofs of Claim shall proceed as though the Settlement Class had never been certified, with the Settling Parties reserving all their rights regarding the issue of class certification, as provided for in the Stipulation, except that any Notice and Administration Costs paid or incurred at the time of termination, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to the Settling Defendants.

24.    **Use of this Order** – Neither this Order nor the proposed Settlement (including the Stipulation or any of its terms, or any aspect of any of the negotiations, discussions, drafts, and proceedings in connection with the Stipulation, and any act performed or document signed in connection with the Stipulation: (a) shall be offered or received against the Released Parties, Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or by Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Rothstein Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Rothstein Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties; (b) shall be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or

made by any Released Party, or against Plaintiffs or any of the other members of the Settlement

Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the

Settlement Class; (c) shall be offered or received against the Released Parties, Plaintiffs, or the

other members of the Settlement Class as evidence of a presumption, concession, or admission

with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any

other reason as against any of the parties to the Stipulation, in any arbitration proceeding or other

civil, criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; provided, however, that if the

Stipulation is approved by the Bankruptcy Court, the Released Parties may refer to it to

effectuate the liability protection granted them hereunder; (d) construed against the Released

Parties, Plaintiffs' Counsel, or Plaintiffs or the other members of the Settlement Class as an

admission or concession that the consideration to be given hereunder represents the amount

which could be or would have been recovered after trial; and (e) construed as or received in

evidence as an admission, concession, or presumption against Plaintiffs or the other members of

the Settlement Class or any of them that any of their claims are without merit or that damages

recoverable under the Complaints would not have exceeded the Settlement Fund.

25.    **Supporting Papers** – Class Counsel shall file and serve papers in support of

the proposed Settlement, the Plan of Allocation and Class Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28)

calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and

served no later than seven (7) calendar days prior to the Final Approval Hearing.

26.    Neither the Settling Defendants, their respective counsel, nor the Committee

shall have any responsibility for or liability with respect to the Plan of Allocation or any

ny-1196084

application for attorneys' fees or reimbursement of Litigation Expenses submitted by Class

Counsel, and such matters will be considered separately from the fairness, reasonableness and

adequacy of the Settlement.

27.     At or after the Final Approval Hearing, the Court shall determine whether the

Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or

reimbursement of Litigation Expenses, shall be approved.

28.     All reasonable expenses incurred in notifying Settlement Class Members, as

well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the

event the Settlement is not approved by the Court, or otherwise fails to become effective, neither

the Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and

properly disbursed from the Settlement Fund.

29.     The Court retains jurisdiction to consider all further applications arising out of

or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2016.


_____
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

12-12020-mg    Doc 9491-3    Filed 01/11/16    Entered 01/11/16 13:59:12    Exhibit 1 to
Declaration of Mark Strauss in Support of Motion    Pg 58 of 90

EXHIBIT A-1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;
(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Bankruptcy Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action settlement that has been proposed in the above-captioned bankruptcy before this Court, if you are a residential mortgage loan borrower whose loan was serviced by GMAC Mortgage, LLC ("GMACM") and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrower whose payment was applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  The Court-appointed Class Representatives (as defined in Paragraph 9 below), on behalf of themselves and the Settlement Class (as defined in Paragraph 8 below), have reached an agreement to settle the Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination in the amount of $13 million (the "Settlement").  If the Settlement is approved by the Court, all claims asserted by the Named Plaintiffs in the Bankruptcy Proofs of Claim on behalf of themselves and the Settlement Class Members (defined in Paragraph 8 below) against all the Settling Defendants (defined in Paragraph 1 below), as well as other Released Parties, identified in Paragraph 52 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

1.      **Overview of the Proceeding and the Settlement Class:**  The Bankruptcy Proofs of Claim filed by the Named Plaintiffs assert class action claims on behalf of residential mortgage borrowers alleging that they suffered damages as a result of alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), and applicable state law from being over-charged for force- or lender-placed hazard insurance in connection with loans serviced by GMACM.  A more detailed description of the claims alleged in the Bankruptcy Proofs of Claim is set forth in Paragraphs 14-18 below.  The "Settling Defendants" are:  GMACM, Residential Capital, LLC ("Residential Capital"), and the Borrower Claims Trust.

The proposed Settlement provides for the release of claims against all the Settling Defendants, as well as certain other parties related to the Settling Defendants, as specified in the Stipulation and as defined more fully in Paragraph 25 below.  The Settlement Class consists of all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").  Members of the Settlement Class will be affected by the Settlement, if approved by the Court, and may be eligible to receive a payment from the Settlement.

2.      **Statement of the Settlement Class' Recovery:**  The parties have agreed to settle all claims asserted by the Named Plaintiffs in the Bankruptcy Proofs of Claim in exchange for an allowed unsecured claim not subject to subordination, represented by Bankruptcy Proof of Claim No. 4074, in the amount of $13 million against GMACM only (the "Allowed Claim").  The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan.  Proof of Claim No. 3966 will be disallowed and expunged in its entirety.  The sum of the Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees, Notice and Administration Costs, Litigation Expenses, any incentive fees awarded by the Bankruptcy Court to the Named Plaintiffs, or other costs and expenses approved by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among Settlement Class Members who are eligible to participate in the distribution of the Net Settlement Fund.  The proposed plan of allocation (the "Plan of Allocation") is included in this Notice in paragraphs 48-50 below.

3.      **Estimate of Average Amount of Recovery**:  As an "Allowed Borrower Claim" in Class GS-5 under the Chapter 11 Plan, the Allowed Claim is estimated under the Disclosure Statement to yield a $0.30 per $1 recovery under the Borrower Claims Trust.  Distribution of the Net Settlement Fund is estimated by Plaintiffs' Counsel to yield a recovery of 2.7¢ per $1 of Recognized Loss.

---

[1]  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated _____ (the "Stipulation"), which is available on the website established for the Settlement at **[INSERT SETTLEMENT WEBSITE]**.

4.     **Statement of Potential Outcome of Case**: The Parties disagree on both liability and damages. The Settling Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. The issues on which the Parties disagree with respect to liability include, without limitation: (1) whether Defendants violated RICO through predicate acts of mail or wire fraud; (2) whether Defendants breached any contractual obligations owed to Plaintiffs; (3) whether Defendants breached any obligations of good faith or fair dealing owed to Plaintiffs; and (4) whether Plaintiffs' claims are barred by the filed-rate doctrine. The issues on which the Parties disagree with respect to damages, even assuming that Plaintiffs were to prevail on all liability issues, include, without limitation, whether Defendants proximately caused any injury to Plaintiffs and the amount of damages, if any.

5.     **Attorneys' Fees and Expenses Sought**: Named Plaintiffs intend to seek attorneys' fees not to exceed 35% of the Settlement Fund plus interest, and expenses incurred in connection with the prosecution of this proceeding in the approximate amount of $250,000. *See* How Will The Notice Costs And Expenses Be Paid? In paragraph 49 below. **Please note that these amounts are only estimates.**

6.     **Identification of Attorneys' Representatives:** Named Plaintiffs and the Settlement Class are represented by the law firm of Kirby McInerney LLP, the Court-appointed Class Counsel in the proceeding ("Class Counsel"). Any questions regarding the Settlement should be directed to:

Mark A. Strauss, Esq.
Thomas W. Elrod, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

The Court has appointed a Settlement Administrator, who is also available to answer questions from Settlement Class Members regarding matters contained in this Notice and from whom additional copies of this Notice may be obtained.

*In re Residential Capital, LLC, et al.*
c/o KCC Class Actions Services, LLC
[INSERT ADDRESS]
[INSERT PHONE NUMBER]
[INSERT SETTLEMENT WEBSITE]
[INSERT EMAIL ADDRESS FOR QUESTIONS]

Please do not contact any representative of the Settling Defendants or the Bankruptcy Court with questions about the Settlement.

7.     **Reasons for the Settlement:** Named Plaintiffs believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class. The principal reasons for entering into the Settlement are the substantial benefits payable to the Settlement Class. The significant cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved. Named Plaintiffs further considered, after conducting substantial investigation into the facts of the case, the risks to proving liability and damages and if successful in doing so, whether a larger judgment could ultimately be obtained. For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever (and also deny all allegations that any conduct on their part caused any Settlement Class Members to suffer any damages), the principal reason for entering into the Settlement is to eliminate the expense, risks and uncertainty of further litigation.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **DO NOTHING.** | If you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____ AT _____ [A.M./P.M.], AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Filing a written objection and notice of intention to appear by _____ allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. |

**WHAT THIS NOTICE CONTAINS**

ny-1196322

Why Did I Get This Notice? ............................................................................................................ Page X
What Is The Case About?  What Has Happened So Far? ............................................................ Page X
How Do I Know If I Am Affected By The Settlement? ..................................................................... Page X
What Are Named Plaintiffs' Reasons For The Settlement? ............................................................. Page X
How Much Will My Payment Be? ..................................................................................................... Page X
What Rights Am I Giving Up By Remaining In The Settlement Class? ........................................... Page X
What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The Lawyers Be Paid? ...................... Page X
How Will The Notice Costs And Expenses Be Paid? ..................................................................... Page X
How Do I Participate In The Settlement?  What Do I Need To Do? ................................................. Page X
What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself? ................... Page X
When And Where Will the Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I
Speak At The Hearing If I Don't Like The Settlement? .................................................................... Page X
What Happens If I Do Nothing At All? ............................................................................................ Page X
Can I See The Court File?  Whom Should I Contact If I Have Questions? ..................................... Page X

---

**WHY DID I GET THIS NOTICE?**

---

8.       This Notice is being sent to you pursuant to an Order of the United States Bankruptcy Court for the Southern District of New York because you have been identified as a member of the Settlement Class certified by the Court, which includes the following persons: all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know how this Settlement may generally affect your legal rights.

9.       A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding. In a class action lawsuit, the court appoints one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this proceeding, the Court has appointed Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn to serve as the class representatives (hereinafter "Class Representatives"), and the Court has approved the Class Representatives' selection of the law firm of Kirby McInerney LLP to serve as Class Counsel in the proceeding.

10.     The court in charge of this case is the United States Bankruptcy Court for the Southern District of New York, and the case is known as *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) (S.D.N.Y.).  The Judge presiding over this case is the Honorable Martin Glenn, United States Bankruptcy Judge.  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims asserted in the Bankruptcy Proofs of Claim by Named Plaintiffs on behalf of Settlement Class Members against all of the Settling Defendants.  In this proceeding, there is no pending lawsuit.  Instead, the claims have been asserted by the Bankruptcy Proofs of Claim.

11.     The purpose of this Notice is to inform you of the existence of this class action, how you might be affected and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.     The Settlement Hearing will be held on _____ at __:__ [a.m./p.m.], before the Hon. Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to determine, among other things:

   a.      whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;
   b.      whether all claims asserted in the Bankruptcy Proofs of Claim against the Settling Defendants should be dismissed on the merits and with prejudice, and whether all Released Claims against the Settling Defendants should be released as set forth in the Stipulation;
   c.      whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; and
   d.      whether Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally should be approved.

13.  This Notice does not express any opinion by the Court concerning the merits of any claim asserted in the Bankruptcy Proofs of Claim, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, then payments to Settlement Class Members will be made after any appeals are resolved, after the Borrower Claims Trust distributes the Allowed Claim, and after the completion of all distribution processing.  Please be patient, as this process can take some time to complete.

---

**WHAT IS THE CASE ABOUT?  WHAT HAS HAPPENED SO FAR?**

---

14.    On April 30, 2012, the Named Plaintiffs filed a putative class action complaint (the "Initial Complaint") commencing the Rothstein Action (as defined in paragraph 52 below) against GMACM, GMAC Insurance Marketing, Inc., Balboa Insurance Company, Meritplan Insurance Company, and John Does 1-20 in the United States District Court for the Southern District of New York.  The Initial Complaint asserted five causes of action involving violations of RICO (Count I), conspiracy to commit RICO violations (Count II), breach of contract (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), and common law restitution/unjust enrichment/disgorgement (Count V).  Counts I, II and V were asserted against all Defendants; Counts III and IV were only asserted against GMACM.

15.    On May 14, 2012, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

16.    On September 28, 2012, the Named Plaintiffs filed an amended complaint (the "First Amended Complaint").  The First Amended Complaint asserted seven causes of action against Ally Bank, the Balboa Defendants, and a "John Doe Corporation."  The First Amended Complaint did not name GMACM or any other Debtor as a defendant.  On November 9, 2012, the Named Plaintiffs, individually and purportedly on behalf of the putative class, filed the Bankruptcy Proofs of Claims which referenced the Initial Complaint and the First Amended Complaint.

17.    On January 22, 2013, the Named Plaintiffs filed a second amended complaint (the "Second Amended Complaint" and, together with the Initial Complaint and the First Amended Complaint, the "Complaints").  The Second Amended Complaint asserted the following claims: Count I: RICO Violations; Count II: conspiracy to commit RICO violations; Count III: violation of RESPA; Count IV: breach of contract; Count V: breach of the implied covenant of good faith and fair dealing; Count VI: common law restitution/unjust enrichment/disgorgement; and Count VII: breach of fiduciary duty/misappropriation of funds held in trust.  Counts I-III are asserted against all defendants; Counts IV-VII are only asserted against Ally.  Each of these causes of action is based on the alleged conduct of GMACM but because of the filing of the Bankruptcy Case, GMACM is not named as defendant in the Complaints.  The remedies sought by the Named Plaintiffs include equitable relief, including restitution, and the imposition of an equitable constructive trust, compensatory damages, treble damages under RICO, and punitive damages, for themselves and on behalf of the putative class.

18.    The Named Plaintiffs allege that GMACM conspired with the Balboa Defendants to devise and carry out a scheme to defraud borrowers by inflating the amounts that borrowers purportedly owed in reimbursements in connection with Lender-Placed Insurance on loans serviced by GMACM.  The Named Plaintiffs also allege that GMACM received kickbacks from the Balboa Defendants.  The Debtors deny both of these allegations.

19.    On March 10, 2013, the Balboa Defendants moved to dismiss Counts I-III, the only counts asserted against them.  The Named Plaintiffs filed their opposition on March 25, 2013.  The Balboa Defendants filed their reply on April 4, 2013.  On September 30, 2013, the District Court denied the motion to dismiss with respect to Counts I-II of the Second Amended Complaint (violations of RICO and RICO conspiracy), but granted the motion to dismiss Count III (violations of RESPA).  As part of its ruling on the motion to dismiss, the District Court held that the Named Plaintiffs' claims did not violate the filed-rate doctrine.

20.    On June 25, 2014, the United States Court of Appeals for the Second Circuit granted a petition filed by the Balboa Defendants for interlocutory appeal of the District Court's ruling with respect to the filed-rate doctrine.  On July 22, 2015, the Second Circuit reversed the District Court's ruling with respect to the filed-rate doctrine, held that the filed-rate doctrine did bar the Named Plaintiffs' claims against the Balboa Defendants, and ordered that those claims be dismissed.  On August 5, 2015, the Named Plaintiffs filed a petition for panel rehearing and/or rehearing en banc of the Second Circuit's decision.  On September 14, 2015, the Named Plaintiffs' petition was denied.

21.    On December 21, 2012, Ally filed a motion with the Bankruptcy Court for a finding that the Rothstein Action was stayed as against Ally pursuant to section 362 of the Bankruptcy Code, which motion the Debtors joined.  The Named Plaintiffs opposed the motion and filed a cross motion for relief from any applicable stay on April 2, 2013.  The Bankruptcy Court held status conferences on the Ally motion on June 12, 2013 and July 10, 2013.  On August 8, 2013, Plaintiffs filed an Objection and Reservation of Rights with respect to the Debtors' Disclosure Statement.  Ultimately, at the Bankruptcy Court's direction, Ally, the Debtors, and the Committee filed an amended motion that requested an extension of the automatic stay to enjoin the Rothstein Action as against Ally (the "Stay Extension Motion").  Shortly before the Named Plaintiffs' objection deadline, the matter was adjourned until the Plan confirmation hearing of the Chapter 11 Plan by agreement of the parties.

22.    On May 13, 2013, the Debtors, the Committee, Ally, and other parties who had asserted billions of dollars in claims against the Debtors entered into a plan support agreement that reflected the culmination of extensive, good faith negotiations mediated by the Honorable James M. Peck.  The Debtors' entry into the plan support agreement was approved by the Bankruptcy Court on June 26, 2013.  Pursuant to the plan support agreement, the Chapter 11 Plan was filed on August 23, 2013.

23.    On December 11, 2013, the Chapter 11 Plan was confirmed.  On December 17, 2013, the Plan Effective Date occurred and the Chapter 11 Plan was substantially consummated.  Article IX.D of the Chapter 11 Plan, entitled "Third Party Release," provides that, as of the Plan Effective Date, the "holders of Claims and Equity Interests" in the Debtors' estates, which includes the Named Plaintiffs, are "deemed to provide a full and complete discharge and release to the Ally Released Parties . . . from any and all Causes of Action whatsoever . . . arising from or in any way related to the Debtors," including GMACM.  The "Ally Released Parties" as defined under the Chapter 11 Plan include, among other parties, Ally.  Accordingly, the Chapter 11 Plan released the claims asserted against Ally in the Rothstein Action.  On March 6, 2014, the District Court entered an order dismissing the claims against Ally in the Rothstein Action pursuant to Federal Rule of Civil Procedure 41(a) with prejudice and without costs or fees to any party.

24.     Plaintiffs' Counsel has thoroughly investigated the claims alleged in the Complaints and the Bankruptcy Proofs of Claim, as well as the events and transactions underlying those claims. Such investigation has included, among other things, examining publicly available information, taking limited informal discovery in the Rothstein Action during the pendency of the Balboa Defendants' motion to dismiss, and obtaining information pursuant to New York's Freedom of Information Law ("FOIL") from the New York State Department of Financial Services Services (the "NYSDFS"). Additionally, Plaintiffs' Counsel reviewed and analyzed the transcripts of testimony that representatives of GMACM and the Balboa Defendants gave at public hearings on Lender-Placed Insurance held by the NYSDFS on May 17-21, 2012. Plaintiffs' Counsel has also conducted a thorough analysis of the legal principles applicable to the claims asserted against the Settling Defendants in the Bankruptcy Proofs of Claim. The Settling Debtors' Counsel has also thoroughly investigated the claims and underlying events and transactions alleged in the Complaints and the Bankruptcy Proofs of Claim. Counsel for both sides has researched the law applicable to the claims against the Settling Defendants, including the potential defenses thereto.

25.     On the basis of these investigations, counsel for the Named Plaintiffs and Settling Debtors engaged in arms'-length settlement discussions over several months, with extensive involvement by the Committee. Those discussions included a nearly day-long, face-to-face negotiation session on September 9, 2013, which included a representative of GMACM. On September 20, 2013, the Named Plaintiffs and the Settling Debtors, with the consent of the Committee, reached an agreement in principle to resolve the putative class claims asserted by the Named Plaintiffs against the Settling Debtors in the Bankruptcy Proofs of Claim, the terms of which are reflected in the Stipulation. The Named Plaintiffs also agreed to support confirmation of the Chapter 11 Plan. On _____, the Court entered an Order Preliminarily Approving Proposed Settlement and Providing for Notice ("Order"), which preliminarily approved the Settlement, authorized this Notice be sent to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement. Pursuant to the Court's _____ Order, the proceeding was also certified as a Class Proof of Claim with the consent of the Settling Defendants for settlement purposes only.

26.     Additionally, in order to effectuate the Settlement, and, specifically, in order to (i) identify the Settlement Class Members and provide them with the best notice practicable under the circumstances, (ii) develop and implement a plan of allocation with respect to the proceeds of the Settlement that is fair and reasonable, and (iii) distribute the proceeds of the Settlement to members of the Settlement Class, the Settling Debtors agreed to produce to Plaintiffs' Counsel data and business records within Debtors' control or reasonably available from Debtors' successors, predecessors, affiliates, and agents pertaining to GMACM's Lender-Placed Insurance transactions (the "Class Data").

27.     Prior to the finalization and execution of this Stipulation, Plaintiffs' Counsel and the Settling Debtors engaged in extensive negotiations over the production of the Class Data.

28.     In June 2014, the Liquidating Trust, pursuant to a cooperation agreement it maintains with the Borrower Claims Trust, produced the Class Data to Plaintiffs' Counsel in anonymized form, i.e., each borrower was assigned a unique identifying number, with all borrower Personally Identifiable Information ("PII"), including borrower names, mailing addresses, property addresses, and loan account numbers removed. The Borrower Claims Trust retained an electronic "key" file to de-anonymize the Class Data for purposes of effectuating Notice to the Class and of facilitating the allocation and distribution of the Net Settlement Fund to the Settlement Class Members pursuant to the Plan of Allocation.

29.     The Class Data was loaded onto the computer system of Plaintiffs' Database Hosting Provider for analysis by Plaintiffs' Forensic Accounting Expert. Under the direction of and in consultation with Plaintiffs' Counsel, and with the assistance of Plaintiff's Database Hosting Provider, Plaintiffs' Forensic Accounting Expert conducted a computerized analysis of the Class Data, which contained information on GMACM's Lender-Placed Insurance transactions and the payment histories of borrowers. By virtue of such analysis, Plaintiffs' Forensic Accounting Expert (i) identified the members of the Settlement Class, and (ii) determined the amounts that GMACM recouped or recovered from those borrowers for Lender-Placed Insurance during the Class Period.

30.     More specifically, through the computerized analysis, Plaintiffs' Forensic Accounting Expert identified 143,973 borrowers as members of the Settlement Class, and further determined that GMACM recouped or recovered a total of $321,524,741.25 in Lender-Placed Insurance charges from those borrowers, in the aggregate, during the Class Period. Plaintiff's Counsel states that this amount equals approximately 42.5% of the total $756,601,479.65 of total Lender-Placed Insurance charges that GMACM recorded during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert.

31.     Plaintiffs' Forensic Accounting Expert additionally determined that approximately 0.95% of GMACM's total 543,988 Lender-Placed Insurance transactions during the Class Period, which relate to approximately 0.77% of the Lender Placed Insurance charges recorded by GMACM, could not be analyzed by computer due to payment-posting errors and other discrepancies in the Class Data as maintained by GMACM. Those transactions involved only 2,997 borrowers. Under the terms of the Stipulation, those 2,997 additional borrowers are deemed to be Settlement Class Members.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

32.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The "Settlement Class" consists of:

> All residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period. Excluded from the Settlement Class are current and former officers, directors, and employees of the Settling Defendants and of the Balboa Defendants, and their immediate families. Also excluded from the Settlement

Class are the Settling Defendants and the successors and predecessors, legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

"Settlement Class Member" means a member of the Settlement Class who does not exclude himself, herself or itself by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

**PLEASE NOTE:  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE THE BENEFITS TO WHICH YOU ARE ENTITLED, YOU DO NOT NEED TO DO ANYTHING.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

33.     Plaintiffs and Class Counsel believe that the claims asserted against the Settling Defendants in this proceeding have substantial merit, and that their legal advocacy and diligent factual investigation have led to a Settlement that reflects a significant recovery under the circumstances.

34.     Plaintiffs and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants, as well as the inherent risks in establishing liability for violations of RICO, RESPA, and applicable state law.  Moreover, the Bankruptcy Court's reactions to Plaintiffs' proofs (and the Settling Defendants' responses thereto) on the types of complex issues in this case is inherently difficult to predict. Although Plaintiffs were confident that they would have been able to support their claims with qualified and persuasive expert testimony, Settling Defendants would have almost certainly retained highly experienced experts to argue their various defenses to liability.

35.     In addition, even if the Settling Defendants' liability could otherwise be established, Plaintiffs faced serious arguments by the Settling Defendants that any damages that Plaintiffs suffered were caused by the Balboa Defendants and not the Settling Defendants. Accordingly, even if liability were established, there was a real risk that, after a trial of the claims, the Settlement Class would have recovered an amount less than the Settlement Amount – or even nothing at all.   There was also a serious risk that the Bankruptcy Court would refuse to certify the Bankruptcy Proof of Claim as a Class Proof of Claim.  Additionally, there was a serious risk that the Bankruptcy Court would determine that claims that Plaintiffs asserted were barred by the filed-rate doctrine.

36.     In agreeing to the terms of the Settlement, Plaintiffs and Class Counsel weighed the magnitude of the benefits  the Allowed Claim) against the risks that the claims asserted in the Proofs of Claim would be dismissed based on the file-rate doctrine or for insufficiency of proof of the elements of the claims.  They have also considered the nature of the various issues that would have been decided by the Court in the event of a trial of the claims, including all of the risks of litigation discussed above.

37.     Finally, Plaintiffs and Class Counsel have also considered the fact that the Chapter 11 Plan contains releases and injunctions in favor of the Settling Defendants, and that, by operation of the Plan Releases, claims of absent class members who have not filed proofs of claim in the bankruptcy prior to the deadline established for filing proofs of claim in the Chapter 11 Cases may be released.
.

38.     In light of the amount of the Settlement and the benefits of immediate and certain recovery to the Settlement Class as compared to the risks and uncertainties of ever obtaining a superior recovery at some indeterminate date in the future, Plaintiffs and Class Counsel strongly believe that the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. Indeed, they respectfully submit that the Settlement achieved represents a truly outstanding result for the Settlement Class.

39.     The Settling Defendants have vigorously denied the claims asserted against them in the Bankruptcy Proofs of Claim and vigorously deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Settling Defendants state that they are entering into this Settlement solely to eliminate the uncertainties, burden and expense of further protracted litigation, and the Stipulation with which they have agreed provides that the Settlement shall not be construed as an admission of any wrongdoing by any of the Settling Defendants or counsel for any of the Settling Defendants.

## HOW MUCH WILL MY PAYMENT BE?

40.     After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Settlement Class Members in accordance with the Plan of Allocation approved by the Court.  Under the proposed Plan of Allocation, the Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class members.

41.     You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation.  Because the aggregate Recognized Losses of all Settlement Class Members exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss.  The payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members (the "*Pro Rata* Share").  *See* the Plan of Allocation on pages [X-X] for more information on your Recognized Loss.

42.     The Settling Defendants have agreed to pay the Settlement Amount.  The Settlement Amount will be deposited into an interest-bearing escrow account.  If the Settlement is approved by the Bankruptcy Court, the Net Settlement Fund will be distributed to

6

Settlement Class Members upon entry of the Class Distribution Order (the "Bankruptcy Court") to distribute the Net Settlement Fund to the members of the Settlement Class as set forth in the proposed Plan of Allocation or such other plan as the Court may approve. The Settlement Administrator shall determine each Settlement Class Member's *Pro Rata* Share of the Net Settlement Fund based upon each Settlement Class Member's Recognized Loss. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionally allocated to the Settlement Class Members. The Net Settlement Fund shall be distributed to Settlement Class Members whose allocation is $10 or more.

43.    The Net Settlement Fund will not be distributed until after the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may potentially make one or more interim, partial distributions). The Net Settlement Fund will then be distributed simultaneously with any additional recovery(ies) obtained on behalf of the Settlement Class from the Balboa Defendants in the Rothstein Action. However, provided that the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent, in no event shall the distribution procedure commence later than 36 months following the Settlement Effective Date (as defined in the Stipulation), absent further agreement of the Settling Parties or order of the Bankruptcy Court for cause.

44.    Neither the Settling Defendants nor the Debtors' estates shall have any right to the return of the Settlement Fund or any portion thereof after the Settlement Amount has been remitted to the Escrow Agent, irrespective of the amount or value of the distributions or uncashed distributions to the members of the Settlement Class from the Net Settlement Fund. The Settling Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

45.    Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

46.    Only those Settlement Class Members whose residential mortgage loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. If you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. However, if you do not wish to participate in the settlement and do not wish to be bound by the release provisions and other provisions of the proposed settlement, you must exclude yourself from the Settlement Class pursuant to the instructions set forth below at [XX].

47.    Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund.

---

**PROPOSED PLAN OF ALLOCATION**

---

48.    The Plan of Allocation has been prepared by Plaintiffs and Class Counsel. The Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class Members. The Recognized Loss of each Settlement Class member shall be equal to 25% of the total amount that GMACM recouped or recovered from the loan payments of that Settlement Class Member for Lender-Placed Insurance during the Class Period, as determined by the computerized analysis of the Class Data conducted by Plaintiffs' Forensic Accounting Expert. With respect to the Lender-Placed Insurance transactions that Plaintiffs' Forensic Accounting Expert determined are not capable of computerized analysis, the amounts recouped or recovered by GMACM from each effected Settlement Class Member shall be deemed to be 42% of the Lender-Placed Insurance charge that GMACM recorded for that Settlement Class Member. This percentage reflects the rate at which GMACM recouped or recovered Lender-Placed Insurance charges from borrowers in the aggregate during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert. The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionally allocated to Settlement Class Members.

Settlement Class Members whose allocation is $10 or more will receive a distribution. Because of the administrative costs of issuing checks and the fact very small checks in class action settlements are often not cashed, Settlement Class Members whose allocation is less than the $10 threshold shall not receive a distribution. The total of all Settlement Class Member allocations below $10 will constitute a gross-up residual. This gross-up residual shall be re-allocated among the Settlement Class Members whose allocation is $10 or more in accordance with their Recognized Losses. Plaintiffs' Counsel estimates that, under this distribution methodology, and assuming that there is no recovery from the Balboa Defendants in the Rothstein Action to be included in the distribution to the Settlement Class, approximately 61,788 of the total 143,973 Settlement Class Members will receive distributions, and additionally, that the residual gross-up will constitute approximately 17% of the Net Settlement Fund.

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Settlement Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Settlement Administrator, after consultation with and under the direction of Plaintiffs' Counsel, shall, if, in Plaintiffs' Counsel's judgment it is economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial

7

distribution and redistribution) is rendered economically feasible, the Settling Plaintiffs' counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be selected by the Named Plaintiffs and approved by the Bankruptcy Court or District Court, as applicable.

49.    Payment pursuant to this Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members.  No person shall have any claim against Plaintiffs, the Settling Defendants, the Borrower Claims Trust, the Borrower Claims Trustee, the Borrower Claims Trust Committee or any of their respective counsel, based on the distributions made substantially in accordance with the Stipulation and/or orders of the Bankruptcy Court or the District Court.  Except as otherwise provided, the Named Plaintiffs, the Settling Defendants, the Borrower Claims Trust, the Borrower Claims Trustee, the Borrower Claims Trust Committee and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

50.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs and Class Counsel after consultation with their experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.  Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, [INSERT SETTLEMENT WEBSITE ADDRESS] and Class Counsel's website at www.kmllp.com.

---

**WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASS?**

---

51.    If you remain in the Settlement Class, you will be bound by any orders issued by the Court.  For example, if the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss on the merits with prejudice the claims against the Settling Defendants and will provide that Named Plaintiffs individually and on behalf of the Settlement Class who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, that, among other things, shall by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (regardless of whether they receive distributions) (1) all Released Claims (as defined in Paragraph 52 below) against the Released Parties (as defined in Paragraph 52 below); and (2) against each and all of the Released Parties all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims.  All Settlement Class Members are hereby permanently barred and enjoined from brining any action against any and all Released Parties concerning any and all of the Released Claims.  This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the instructions set forth in Paragraph 54 below.

52.    As described in more detail below, the Released Claims are any and all claims which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Rothstein Action or the Bankruptcy Proofs of Claim against the Released Parties; or (c) were or could have been asserted by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed.

**"Released Claims"** means:

1)    any and all claims, including without limitation any proof of claim filed in the Chapter 11 Cases, Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that Plaintiffs, or any Settlement Class Member have had, filed or asserted in the past, or now have or assert against the Released Parties, which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Rothstein Action or the Bankruptcy Proofs of Claim against the Released Parties; or (c) were or could have been asserted by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed.  "Released Claims" shall not include any claims against any Non-Settling Defendant in the Rothstein Action.

**"Released Parties"** means:

1)    the Borrower Claims Trust, the Borrower Claims Trustee, the "Trust Committee" (as such term is defined in the ResCap Borrower Claims Trust Agreement dated December 17, 2014 and filed in Chapter 11 Cases as Dkt. #6136-3) and the members of the Trust Committee (collectively, the Trust Committee and its members "Borrower Claims Trust Committee"), the Liquidating Trust, Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, divisions, joint ventures, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendant has a controlling interest, and all of their respective property.  "Released Parties" shall not include any Non-Settling Defendant.

**"Rothstein Action"** means the litigation in the District Court captioned *Rothstein, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, et al.,* No. 12-cv-3412 (S.D.N.Y. Apr. 30, 2012).

**"Unknown Claims"** means any and all potential Released Claims that the Named Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Stipulation or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Approval Order shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Rothstein Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Named Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly fully, finally and forever settle and release – and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Named Plaintiffs acknowledge, and Settlement Class Members by law and operation of the Final Approval Order shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the settlement.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

48.        Class Counsel and other counsel for Named Plaintiffs in this proceeding have not received any payment for their services in pursuing claims against the Settling Defendants and Ally on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses.  Prior to the Settlement Hearing (see Paragraph 12 above), Class Counsel will apply to the Court for an award of attorneys' fees on behalf of itself and Plaintiffs' Special Bankruptcy Counsel in an amount not to exceed 35% of the Settlement Fund.  In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred by Class Counsel and Plaintiffs' Special Bankruptcy Counsel in connection with the institution, prosecution and resolution of the claims asserted against the Settling Defendants and Ally, in the approximate amount of $250,000 (in addition to an application for the payment of an incentive award of $2,500 each to the Named Plaintiffs in recognition of services rendered by the Named Plaintiffs for the benefit of the Settlement Class), plus interest on such expenses at the same rate as earned on the Settlement Amount.

---

### HOW WILL THE NOTICE COSTS AND EXPENSES BE PAID?

49.        Class Counsel are authorized by the Stipulation to pay the Settlement Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

50.        If you wish to participate in the settlement fund and receive the benefits to which you are entitled, you do not need to do anything.  If you request exclusion from the Settlement Class, you will not be eligible to share in the Net Settlement Fund.

51.        As a Settlement Class Member you are represented by the Named Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below, so that the notice is **received** on or before _____.

52.        If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want to Participate in the Settlement?  How Do I Exclude Myself?," below.

53.        If you are a Settlement Class Member and you wish to object to any aspect of the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

### WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

ny-1196322

54.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written "Request for Exclusion" from the Settlement Class, addressed to *In re Residential Capital, LLC, et al.*, EXCLUSIONS, c/o KCC Class Actions Services, LLC, [INSERT ADDRESS]. The exclusion request must be *received* no later than _____. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (1) state the name, address and telephone number of the person or entity requesting exclusion; (2) state that such person or entity "requests exclusion from the Settlement Class in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y.) (MG)"; (3) state the address of the property that was subject to Lender-Placed Insurance; (4) state the loan number; and (5) be signed by such person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

55.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding relating to any Released Claim against any of Settling Defendants. You cannot exclude yourself by telephone or by email. Please note however, that you are otherwise enjoined from commencing any such lawsuit, arbitration or other proceeding by the Chapter 11 Plan and orders of the Bankruptcy Court.

56.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

57.    The Plan Releases may bar the claims of Settlement Class Members who exclude themselves unless they filed a proof of claim in the Chapter 11 Cases by the deadline established by the Bankruptcy Court for filing a proof of claim.

58.    The Settling Defendants have the right to terminate the Settlement if the number of valid written requests for exclusion received from persons and entities entitled to be members of the Settlement Class exceeds 5% of the Settlement Class.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

59.    **Settlement Class Members may, but do not need to, attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if the Settlement Class Member does not attend the Settlement Hearing. You can participate in the Settlement without attending the Settlement Hearing.**

60.    The Settlement Hearing will be held on _____ at _____ [a.m./p.m.] before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. At the Settlement Hearing the Court will decide, among other things, whether to approve the Settlement, the Plan of Allocation and an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally. If the Court approves the Settlement, there may then be appeals by interested parties, which may further delay distribution of the Net Settlement Fund. It is always uncertain how those appeals will resolve, and resolving them can take time, perhaps more than a year. The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

61.    Any Settlement Class Member who does not request exclusion may object to any aspect of the Settlement, the proposed Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States Bankruptcy Court for the Southern District of New York at the address set forth below on or before _____. You must also serve the papers on designated representative Class Counsel and Settling Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are *received* on or before _____.

| Clerk's Office | Settling Defendants' Counsel | Class Counsel |
|---|---|---|
| Clerk of the Court | Norman S. Rosenbaum, Esq. | Mark A. Strauss, Esq. |
| United States Bankruptcy Court | Morrison & Foerster LLP | Thomas W. Elrod, Esq. |
| Southern District of New York | 250 West 55th Street | Kirby McInerney LLP |
| One Bowling Green | New York, NY 10019 | 825 Third Avenue |
| New York, NY 10004-1408 | | New York, NY 10022 |
| Re: *In re Residential Capital, LLC, et al.*, | | |
| Case No. 12-12020 (MG) | | |

62.    Any objection (1) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (2) must include documents sufficient to prove membership in the Settlement Class, including the address of the property that is subject to Lender-Placed Insurance and the loan number. You may not object to any aspect of the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

63.    You may file written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a timely written objection in accordance with the procedures described above, unless the Court orders otherwise.

64.    If you wish to be heard orally at the hearing in opposition to the approval of any aspect of the Settlement, the Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the designated representatives of Class Counsel and counsel for the Settling Defendants at the addresses set forth above so that it is *received* on or before _____. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

65.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on the designated representatives of Class Counsel and counsel for the Settling Defendants at the addresses set forth above so that the notice is *received* on or before _____.

66.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

| **WHAT HAPPENS IF I DO NOTHING AT ALL?** |
| --- |

67.    If you do nothing and you are a member of the Settlement Class, you will receive the benefits to which you are entitled.

68.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by the terms of the proposed Settlement described in this Notice once approved by the Court.  This means that each Settlement Class Member releases the Released Claims (as defined above) against the Released Parties (as defined above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Settling Defendants.

---

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

69.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this proceeding, you are referred to the papers on file in the proceeding, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Settlement Administrator, [INSERT SETTLEMENT WESBITE].  Bankruptcy Court filings and other records relating the Chapter 11 Cases may be found on a website maintained at the direction of the Debtors at https://www.kccllc.net/rescap.

All inquiries concerning this Notice should be directed to:

|  |  |  |
| --- | --- | --- |
| *In re Residential Capital, LLC, et al.,* |  | Mark A. Strauss, Esq. |
| c/o [INSERT CLAIMS ADMINISTRATOR] | and/or | Thomas W. Elrod, Esq. |
| [INSERT ADDRESS] |  | KIRBY McINERNEY LLP |
| [INSERT PHONE NUMBER] |  | 825 Third Avenue |
| [INSERT SETTLEMENT WEBSITE] |  | New York, NY 10022 |
| [INSERT EMAIL ADDRESS RE QUESTIONS] |  | (212) 371-6600 |

**DO NOT CALL OR WRITE THE BANKRUPTCY COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: _____

By Order of the Court
United States Bankruptcy Court
Southern District of New York

ny-1196322

**EXHIBIT A-2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Chapter 11 |
| | Jointly Administered |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION;**
**(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All residential mortgage loan borrowers whose loans were serviced by GMAC Mortgage, LLC ("GMACM") and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").**

**THIS NOTICE WAS AUTHORIZED BY THE BANKRUPTCY COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION SETTLEMENT THAT HAS BEEN PROPOSED IN THE ABOVE-CAPTIONED BANKRUPTCY BEFORE THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 7023 and 9019 of the Federal Rules of Bankruptcy Procedure and an Order of the United States Bankruptcy Court for the Southern District of New York, (i) that Bankruptcy Proof of Claim No. 4074 (the "Bankruptcy Proof of Claim") in the above-captioned bankruptcy has been preliminarily certified as a Class Proof of Claim on behalf of a class of all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lenders-Placed Insurance, at any time during the Class Period (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class, as defined  in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs (the "Stipulation"); and (ii) that the Court-Appointed Class Representatives, as defined in the Stipulation, have reached an agreement to settle the Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination in the

amount of $13 million against GMAC only (the "Allowed Claim"). The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan.

A hearing will be held on _____, 201_ at _:__ _.m before the Honorable Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to determine, among other things: (i) whether the proposed settlement should be approved as fair, reasonable and adequate; (ii) whether the Bankruptcy Proof of Claim should be dismissed on the merits and with prejudice against all the Settling Defendants, and whether the releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the Proceeding and the settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Summary Direct U.S. Mail Postcard Notice that refers to, among others, the full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), copies of the full printed Notice can be downloaded from the website maintained by the Claims Administrator at [INSERT SETTLEMENT WESBITE].

If you are a member of the Settlement Class and you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. By participating in the settlement, you will be bound by the release provisions and other provisions of the proposed settlement including any judgments or orders entered by the Court.

However, if you are a member of the Settlement Class and do not wish to participate in the settlement and do not wish to be bound by the release provisions and other provisions of the proposed settlement, you must submit a request for exclusion from the Settlement Class such that it is *received* no later than _____, 201_, in accordance with the instructions set forth in the Notice. If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Proceeding and you will not be eligible to share in the proceeds of the settlement. Please note however, that you will be otherwise enjoined from commencing any such lawsuit, arbitration or other proceeding by the Chapter 11 Plan and orders of the Bankruptcy Court.

Any objections to any aspect of the proposed settlement, the proposed Plan of Allocation or Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to designated representative Lead Class Counsel and counsel for the Settling Defendants such that they are *received* no later than _____, 201_, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE BANKRUPTCY COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to Class Counsel:

Mark A. Strauss, Esq.
Thomas W. Elrod, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600


Dated: _____, 2016                    By Order of the United States Bankruptcy
                                                Court for the Southern District of New York

3

**Exhibit A-3 (Side 1)**

LEGAL NOTICE

*In re ResidentialCapital, LLC, et al.*
*Claims Administrator*
PO Box _____
Providence, RI 02940-____

First-Class
Mail
US Postage
Paid
Permit #___

**Your rights may be affected and you could get a payment from a class action settlement involving lender-placed hazard insurance on GMAC Mortgage, LLC serviced residential home mortgages between February 3, 2004 and October 2, 2013.**

*A Federal Bankruptcy Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**1-___-___-____**
**www._____.com**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: GMA - «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

GMA

Please be advised that your rights may be affected by a class action settlement of Bankruptcy Proofs of Claim that has been proposed in the bankruptcy proceeding *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.) (the "Court," United States Bankruptcy Court, Southern District of New York) relating to lender-placed hazard insurance on residential mortgage loans serviced by GMAC Mortgage, LLC ("GMACM"). The Settling Defendants deny any and all claims, allegations of fault, liability, wrongdoing or damages whatsoever. The Court has not decided who is right.

**Who is Included?** The Settlement includes all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrower whose payment was applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").

**What Can You Get?** The parties have agreed to settle the Named Plaintiffs' Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination, represented by Bankruptcy Proof of Claim No. 4074, in the amount of $13 million against GMACM only (the "Allowed Claim"). The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan. The sum of the Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees of up to 35% of the fund, Notice and Administration Costs, Litigation Expenses, and $2,500 incentive fees for each of the four Named Plaintiffs, or other costs and expenses approved by the Court) will be distributed in accordance with the Plan of Allocation that is approved by the Court. As an "Allowed Borrower Claim" in Class GS-5 under the Chapter 11 Plan, the Allowed Claim is estimated under the Disclosure Statement to yield a $0.30 per $1 recovery under the Borrower Claims Trust. Distribution of the Net Settlement Fund is estimated by Plaintiffs' Counsel to yield a recovery of 2.7¢ per $1.00 of Recognized Loss. Class members have been identified from GMACM's records, and distributions from the Net Settlement Fund will be issued to eligible Class Members automatically. Class Members do not have to file proofs of claim with the Settlement Administrator in this Settlement.

**Your Legal Rights & Options in This Settlement:** <u>Do Nothing</u>—If you wish to participate in the Settlement and receive the benefits to which you are entitled, you do not need to do anything; <u>Submit a Written Request for Exclusion so that it is received no later than _____</u>—If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund; <u>Submit a Written Objection so that it is received no later than _____</u>—If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them; Go to a Hearing on _____ at _____ _._., and file a Notice of Intention to Appear <u>so that it is received no later than _____</u>—Filing a written objection and notice of intention to appear by _____ allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses.

**More Information:** The full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), as well as copies of the full printed Notice can be downloaded from the website maintained by the Claims Administrator at [INSERT SETTLEMENT WEBSITE]. You may also Contact the Claims Administrator at *In re Residential Capital, LLC, et al.*, [INSERT ADDRESS], [INSERT PHONE NUMBER], or [INSERT EMAIL ADDRESS FOR QUESTIONS].

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RESIDENTIAL CAPITAL, LLC, <u>et al</u>.<br><br>    Debtors. | No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

## <u>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>

MARTIN GLENN, Bankruptcy Judge

On November 9, 2012, Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn, individually and purportedly on behalf of the putative class, filed Bankruptcy Proofs of Claim 4074 and 3966.[1]

On this __ day of, _____ 2015, a hearing having been held before this Court to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement between Named Plaintiffs, on behalf of themselves and the Settlement Class, and the Settling Defendants, dated _____ (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class Members against the Settling Defendants; and (ii) whether an order should be entered resolving the Bankruptcy Proofs of Claim as set forth in the Stipulation including, without limitation, the release of the Released Claims in favor of the Released Parties, as

---

[1]    Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated _____, filed _____ [ECF No. ___].

against all persons or entities who are Settlement Class Members and who have not

requested exclusion therefrom;

And it appears that a notice of the hearing substantially in the form approved by

the Court was mailed to all persons and entities reasonably identifiable, who are

residential mortgage loan borrowers whose loans were serviced by GMACM (defined in

paragraph 1(y) below) and from whose payments GMACM recouped or recovered, in

whole or part, charges for Lender-Placed Insurance, including, without limitation, any

borrowers whose payments were applied, in whole or part, to charges for Lender-Placed

Insurance, at any time from February 3, 2004 through October 2, 2013, except those

persons and entities excluded from the definition of the Settlement Class, as shown by the

records of the Settling Debtors and as further identified through the mailing of the

Summary Direct U.S. Mail Postcard Notice pursuant to an earlier order of the Court, at

the respective addresses set forth in such records;

And it appears that a Publication Notice of the hearing substantially in the form

approved by the Court was published once in *USA Today* and was transmitted once over

the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along

with all prior submissions by the Parties to the Stipulation and others, and otherwise

having determined the fairness and reasonableness of the proposed Settlement of the

claims of the Settlement Class Members against the Settling Defendants and the Released

Parties;

2

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Court, for purposes of this Final Judgment and Order of Dismissal

with Prejudice (the "Judgment"), adopts the following defined terms:

(a)    "Allowed Claim" means an allowed unsecured claim not subject

to subordination, represented by Claim No. 4074, in the amount of $13 million, against

GMACM only.  Such allowed unsubordinated claim shall be an "Allowed Borrower

Claim" in Class GS-5, as set forth in the Chapter 11 Plan.  For the avoidance of doubt,

Claim No. 3966 shall be disallowed and expunged in its entirety without further order or

action on the Settlement Effective Date.

(b)    "Balboa Defendants" means Balboa Insurance Company,

Meritplan Insurance Company, Newport Management Company, QBE Insurance

Corporation, Praetorian Insurance Company, QBE Specialty Insurance Company, QBE

FIRST Insurance Agency, Inc., and QBE FIRST Institutional Risk Services, Inc.

(c)    "Bankruptcy Court" means the United States Bankruptcy Court for

the Southern District of New York, or any other court having jurisdiction over the

Chapter 11 Cases.

(d)    "Bankruptcy Proofs of Claim" means the proofs of claim filed by

the Named Plaintiffs on behalf of themselves and the putative class in the Chapter 11

Cases against Residential Capital (Claim No. 3966) and GMACM (Claim No. 4074).

(e)    "Bankruptcy Rules" means the Federal Rules of Bankruptcy

Procedure, as applicable to the Chapter 11 Cases, promulgated under 28 U.S.C. § 2075

and the general, local, and chambers rules of the Bankruptcy Court, as the context may

require.

3

(f)    "Chapter 11 Cases" means the Debtors' Chapter 11 cases being

jointly administered as *In re Residential Capital LLC*, Case No. 12-12020-MG, pending

in the United States Bankruptcy Court for the Southern District of New York.

(g)    "Chapter 11 Plan" means the Second Amended Joint Chapter 11

Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of

Unsecured Creditors in the Chapter 11 Cases confirmed by the Bankruptcy Court per

order entered on December 11, 2013 [ECF No. 6137], including all exhibits, addenda,

schedules or other attachments thereto, and the Plan Supplement.

(h)    "Class Representatives" means Landon Rothstein, Jennifer

Davidson, Robert Davidson, and Ihor Kobryn.

(i)    "Class Counsel" or "Plaintiffs' Counsel" means the law firm of

Kirby McInerney LLP.

(j)    "Lender-Placed Insurance" means lender-placed hazard insurance

on residential real property.

(k)    "Litigation Expenses" means the reasonable costs and expenses

incurred by Plaintiffs' Counsel in connection with filing and litigating the Bankruptcy

Proofs of Claim, commencing and prosecuting the claims against GMACM and Ally in

the Rothstein Action, and litigating in the Bankruptcy Court, for which Plaintiffs'

Counsel intends to apply to the Bankruptcy Court for reimbursement from the Settlement

Fund.

(l)    "Named Plaintiffs" mean Landon Rothstein, Jennifer Davidson,

Robert Davidson, and Ihor Kobryn.

4

(m)      "Net Settlement Fund" " means the Settlement Fund less: (i) any

Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys'

fees and Litigation Expenses awarded by the Bankruptcy Court; and (iv) any incentive

fees awarded by the Bankruptcy Court to the Named Plaintiffs.

(n)      "Notice Amount" means $95,000.00 cash to be advanced by the Borrower

Claims Trust to the Escrow Agent within five (5) business days of entry of the Notice Order, to cover

the cost of disseminating the Notice, as reflected in an invoice provided by the Settlement

Administrator to the Borrower Claims Trust, and subsequently credited against the Settlement

Amount.

(o)      "Notice and Administration Costs" means the Notice Amount and

other costs, fees and expenses that have been or are to be incurred by the Settlement

Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting

Expert in connection with:  (i) analyzing the Class Data to identify the Settlement Class

Members and determine the allocations, if any, to which they may be entitled pursuant to

the Plan of Allocation, (ii) providing any notices to the Settlement Class associated with

the settlement contained herein; (iii) developing and implementing the Plan of

Allocation; and (iv) distributing the Net Settlement Fund to Settlement Class Members.

(p)      "Person" and "Persons" means any individual, corporation,

limited liability company, limited partnership, partnership, professional corporation,

association, affiliate, joint stock company, estate, trust, unincorporated association, entity,

government and any political subdivision thereof, or any other type of business or legal

entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(q)       "Plaintiffs' Special Bankruptcy Counsel" means The Hogan
McDaniel Firm.

(r)       "Plan of Allocation" means the plan for allocating the Net
Settlement Fund between and among the members of the Settlement Class and as
approved by the Court.

(s)       "Proceeding" means the above-captioned bankruptcy.

(t)       "Released Claims" means any and all claims, including without
limitation any proof of claim filed in the Chapter 11 Cases, Unknown Claims, demands,
rights, liabilities, and causes of action of every nature and description, known or
unknown, suspected or unsuspected, contingent or non-contingent, matured or
unmatured, whether or not concealed or hidden, which now exist, or heretofore have
existed, whether arising under federal, state, common or foreign law, that the plaintiffs in
the Rothstein action (including without limitation, the Named Plaintiffs), or any
Settlement Class Member have had, filed or asserted in the past, or now have or assert
against the Released Parties, which (a) relate to alleged kickbacks, inflated
reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were
asserted or could have been asserted in the Bankruptcy Proofs of Claim against the
Released Parties; or (c) were or could have been asserted against the Released Parties by
any Person eligible to be a Settlement Class Member which relate to alleged kickbacks,
inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance,
unless such Person has opted out of the Settlement and has otherwise filed a proof of
claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim

in the Chapter 11 Cases that has not been expunged or disallowed. "Released Claims"

shall not include any claims against any Non-Settling Defendant in the Rothstein Action.

       (u)     "Released Parties" means the Borrower Claims Trust, the

Borrower Claims Trustee, the "Trust Committee" (as such term is defined in the ResCap

Borrower Claims Trust Agreement dated December 17, 2014 and filed in Chapter 11

Cases as Dkt. #6136-3) and the members of the Trust Committee (collectively, the Trust

Committee and its members "Borrower Claims Trust Committee"), the Liquidating Trust,

Settling Defendants and their parents, subsidiaries, and affiliates and all of their

respective past, current, and future respective directors, officers, employees, partners,

insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys,

accountants, auditors, advisors, investment advisors, personal or legal representatives,

predecessors, divisions, joint ventures, spouses, heirs, related or affiliated entities, and

any entity in which any Settling Defendant has a controlling interest, and all of their

respective property. "Released Parties" shall not include any Non-Settling Defendant.

       (v)     "Rothstein Action" means the litigation in the District Court

captioned *Landon Rothstein, individually and on behalf of all others similarly situated v.*

*GMAC Mortgage, LLC, et al.*, No. 12-cv-3412 (S.D.N.Y. Apr. 30, 2012).

       (w)     "Settlement" means the settlement of the claims asserted in the

Bankruptcy Proofs of Claim against all Settling Defendants, upon the terms and

conditions set forth in the Stipulation.

       (x)     "Settlement Amount" means the distribution(s) to be provided

from the Borrower Claims Trust in respect of the Allowed Claim, in the manner set forth

for the payment of allowed Borrower Claims in the Chapter 11 Plan and the Borrower

ny-1195912

Claims Trust Agreement (as such term is defined in the Chapter 11 Plan) after the

Borrower Claims Trust has deducted the Notice Amount.

        (y)     "Settlement Class" means all residential mortgage loan borrowers

whose loans were serviced by GMACM and from whose payments GMACM recouped or

recovered, in whole or part, charges for Lender-Placed Insurance, including, without

limitation, any borrowers whose payments were applied, in whole or part, to charges for

Lender-Placed Insurance, at any time during the Class Period.  Excluded from the

Settlement Class are current and former officers, directors, and employees of the Settling

Defendants and of the Balboa Defendants, and their immediate families.  Also excluded

from the Settlement Class are the Settling Defendants' and the Balboa Defendants' legal

representatives, heirs, successors or assigns, and any entity in which any defendant has or

had a controlling interest.

        (z)     "Settlement Class Member" means a Person that is a member of

the Settlement Class and that does not exclude himself, herself, or itself by timely filing a

request for exclusion in accordance with the requirements set forth in the Notice.

        (aa)     "Settlement Fund" means the Settlement Amount plus any interest

earned thereon.

        (bb)     "Settling Debtors" means GMACM Mortgage, LLC ("GMACM")

and Residential Capital LLC ("Residential Capital").

        (cc)     "Settling Defendants" means GMACM, Residential Capital, and

the Borrower Claims Trust.

        (dd)     "Settling Parties" means the Named Plaintiffs and the Settling

Defendants.

ny-1195912

(ee)   "Unknown Claims" means any and all potential Released Claims
that the Named Plaintiffs and/or any Settlement Class Member does not know or suspect
to exist in his, her or its favor at the time of the release of the Released Parties, which if
known by him, her or it might have affected his, her or its settlement with and release of
the Released Parties, or might have affected his, her or its decision not to object to the
Stipulation or not exclude himself, herself or itself from the Settlement Class.  With
respect to any and all Released Claims, the parties stipulate and agree that, upon the
Settlement Effective Date, the Named Plaintiffs shall expressly waive, and each
Settlement Class Member shall be deemed to have waived, and by operation of the
Judgment shall have expressly waived, to the fullest extent permitted by law, any and all
provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies
to the Rothstein Action), and any law of any state or territory of the United States, or
principle of common law, or the law of any foreign jurisdiction, that is similar,
comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected his or
> her settlement with the debtor.

The Named Plaintiffs and Settlement Class Members may hereafter discover facts
in addition to or different from those which he, she or it now knows or believes to be true
with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall
expressly fully, finally and forever settle and release – and each Settlement Class
Member, upon the Settlement Effective Date, shall be deemed to have, and by operation
of the Judgment shall have fully, finally and forever settled and released – any and all
Released Claims, known or unknown, suspected or unsuspected, contingent or non-

9

contingent, whether or not concealed or hidden, which now exist, or heretofore have

existed, upon any theory of law or equity now existing or coming into existence in the

future, including, but not limited to, conduct which is negligent, reckless, intentional,

with or without malice, or a breach of any duty, law or rule, without regard to the

subsequent discovery or existence of such different or additional facts.  The Named

Plaintiffs acknowledge, and Settlement Class Members by law and operation of the

Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown

Claims" in the definition of Released Claims was separately bargained for and was a

material element of the settlement contained herein.

2.      This Court has jurisdiction over the subject matter of the proceeding,

including all further proceedings concerning the administration, consummation and

enforcement of the Stipulation, and over all parties to the proceeding, including all

Settlement Class Members.

3.      For settlement purposes only the Court finds that all elements of the

settlement of the Bankruptcy Proofs of Claim have been met.  Specifically, solely for

purposes of settlement, the Settlement Class satisfies the numerosity requirement of

Bankruptcy Rules 7023(a) and 7023(b)(3); there are common issues of fact and law

sufficient to satisfy Bankruptcy Rule 7023(a)(2); the claims of the Class Representatives

are typical of the claims of absent Settlement Class Members, satisfying Bankruptcy Rule

7023(a)(3); the Class Representatives and Class Counsel are adequate representatives of

the Settlement Class Members, satisfying Bankruptcy Rule 7023(a)(4); common issues

predominate over individual issues, satisfying Bankruptcy Rule 7023(b)(3)(i); and class

action treatment of this Settlement is a superior method of proceeding in this matter,

satisfying Bankruptcy Rule 7023(b)(3)(ii).

4.      Accordingly, and for settlement purposes only and for no other purposes,

the Court hereby certifies a Settlement Class as defined above in paragraph 1(y).

5.      The Court hereby finds, in accordance with the Order of Preliminary

Approval, dated _____ 201__, that the notice given to the Settlement Class, including

the individual notice to all Settlement Class Members who could be identified through

reasonable effort, was the best notice practicable under the circumstances.  Said notice

provided due and adequate notice of these proceedings and the matters set forth herein,

including the proposed Settlement set forth in the Stipulation, to all Persons entitled to

such notice, and said notice fully satisfied the requirements of Federal Rule of

Bankruptcy Procedure 23 due process, the Rules of the Court, and all other applicable

laws and rules.

6.      Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9019, the

Court hereby approves the Settlement as fair, reasonable and adequate, and in the best

interests of the Settlement Class Members.  The Parties to the Settlement are directed to

consummate the Settlement in accordance with the terms and provisions of the

Stipulation.

7.      All claims asserted in the Bankruptcy Proofs of Claim against the Settling

Defendants are dismissed on the merits and with prejudice, and the Released Claims are

released as against each of the Settling Defendants.

8.      Named Plaintiffs and other Settlement Class Members (exclusive of the

persons and entities as listed on Exhibit A-1 annexed hereto who submitted timely and

valid exclusion requests) who have not timely and validly opted out in accordance with

the requirements set forth in the Notice of Class Action, on behalf of themselves, are

deemed to have, and by operation of the Judgment have, fully, finally, and forever

released, relinquished and discharged (regardless of whether they receive distributions)

(i) all Released Claims against the Released Parties; and (ii) against each and all of the

Released Parties all claims arising out of, relating to, or in connection with, the defense,

settlement or resolution of the Released Claims. This release shall not apply to any

Person who has timely and validly requested exclusion from the Settlement Class in

accordance with the requirements set forth in the Notice of Class Action.

9.      All Settlement Class Members are hereby permanently barred and

enjoined from bringing any action against any and all Released Parties concerning any

and all of the Released Claims.

10.      Notwithstanding paragraphs 9-10 above, nothing in this Judgment shall

bar any action by any of the Settling Parties to enforce or effectuate the terms of the

Stipulation or this Judgment.

11.      Neither the Stipulation nor the Settlement, nor any act performed or

document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)      shall be offered or received against the Released Parties, the

Named Plaintiffs or the other members of the Settlement Class as evidence of, or be

deemed to be evidence of, any presumption, concession, or admission by any of the

Released Parties or by the Named Plaintiffs or the other members of the Settlement Class

with respect to the truth of any fact alleged by the Named Plaintiffs or the validity, or

lack thereof, of any claim that has been or could have been asserted in the Rothstein

12

Action or in any litigation, or the deficiency of any defense that has been or could have

been asserted in the Rothstein Action or in any litigation, or of any liability, negligence,

fault or wrongdoing of the Released Parties;

(b)    shall be offered or received against the Released Parties as

evidence of a presumption, concession, or admission of any fault, misrepresentation, or

omission with respect to any statement or written document approved or made by any

Released Party, or against the Named Plaintiffs or any of the other members of the

Settlement Class as evidence of any infirmity in the claims of the Named Plaintiffs and

the other members of the Settlement Class;

(c)    shall be offered or received against the Released Parties, the

Named Plaintiffs, or the other members of the Settlement Class as evidence of a

presumption, concession, or admission with respect to any liability, negligence, fault, or

wrongdoing, or in any way referred to for any other reason as against any of the parties to

the Stipulation, in any arbitration proceeding or other civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the

provisions of the Stipulation; provided, however, that if the Stipulation is approved by the

Bankruptcy Court, the Released Parties may refer to it to effectuate the liability

protection granted them hereunder;

(d)    shall be construed against the Released Parties, Plaintiffs' Counsel,

or the Named Plaintiffs or the other members of the Settlement Class as an admission or

concession that the consideration to be given hereunder represents the amount which

could be or would have been recovered after trial; and

ny-1195912

(e)      shall be construed as or received in evidence as an admission,

concession, or presumption against the Named Plaintiffs or the other members of the

Settlement Class or any of them that any of their claims are without merit or that damages

recoverable under the Complaints would not have exceeded the Settlement Fund.

12.      The Plan of Allocation is approved as fair and reasonable and the Allowed

Claim is approved.  The distribution procedure shall not occur until after the Borrower

Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being

contemplated that the Borrower Claims Trust may potentially make one or more interim,

partial distributions).

13.      The Released Parties shall have no liability, obligation, or responsibility

for the notice procedure, allocation and distribution procedure, administration or

processing of claims or of the settlement contained herein, or disbursement of the Net

Settlement Fund, including without limitation, distributing notice to the Settlement Class,

the validity of any allocation determinations, distributions of the Settlement Fund, or any

loss incurred by the Escrow Agent or the Settlement Administrator.

14.      After the Borrower Claims Trust has distributed the full Settlement

Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may

make one or more interim, partial distributions), the Named Plaintiffs shall file a motion

for distribution of the Net Settlement Fund.

15.      The Court finds that an attorneys' fee award in the amount of __% of the

Settlement Fund plus interest is just and reasonable, and fairly accounts for (i) the time

and labor expended by Class Counsel and Plaintiffs' Special Bankruptcy Counsel; (ii) the

magnitude and complexities of the proceeding and the prosecution of the claims asserted

14

against the Settling Defendants and Ally, (iii) the risks of litigation; (iv) the quality of

representation; (v) the requested fee in relation to the Settlement Fund; and (vi) public

policy considerations.  The attorneys' fee award is to be paid to Class Counsel and

Plaintiffs' Special Bankruptcy Counsel from the Settlement Fund.

16.      Class Counsel's and Plaintiffs' Special Bankruptcy Counsel's application

for Litigation Expenses in the amount of $_____, plus interest, is also approved

as just and reasonable and is to be paid to Class Counsel and Plaintiffs' Special

Bankruptcy Counsel's from the Settlement Fund.

17.      The awards of attorneys' fees and Litigation Expenses shall be payable

ten calendar days after the distribution by the Borrower Claims Trust of the Settlement

Amount, or, in the event of any interim distribution by the Borrower Claims Trust, ten

calendar days after the distribution by the Borrower Claims Trust of any portion of the

Settlement Amount, provided that the Settlement Effective Date has occurred.

18.      The Court further hereby awards $_____ to each of the Named

Plaintiffs – namely Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor

Kobryn – that participated in the Proceeding and for their efforts in prosecuting this

Proceeding on behalf of the Settlement Class ("Incentive Awards").  The Incentive

Awards are to be paid to the Named Plaintiffs from the Settlement Amount before the

Net Settlement Fund is distributed to the Settlement Class Members in accordance with

the Plan of Allocation, and shall be in addition to the amount to be paid pursuant to the

Plan of Allocation and the Class Distribution Order.

19.     The Court finds that during the course of the proceeding, the Settling

Parties and their respective counsel at all times complied with the requirements of

Federal Rule of Civil Procedure 11 and Bankruptcy Code 9011.

20.     In the event that this Judgment is modified or reversed on appeal to the

extent that the Settlement does not become effective in accordance with the terms of the

Stipulation, or the Stipulation terminates according to its provisions, or the Settlement

Fund, or any portion thereof, is returned to the Settling Defendants, or this Judgment

does not become final, then this Judgment shall be rendered null and void and shall be

vacated, certification of the Settlement Class shall be nullified, and the Bankruptcy

Proofs of Claim shall proceed as though the Settlement Class had never been certified,

with the Settling Parties reserving all their rights regarding the issue of class certification,

and, in such event, all orders entered and releases given in connection herewith shall be

null and void, *nunc pro tunc*, and the Settling Parties will be deemed to have reverted to

their respective status as of the date and time immediately before _____,

except that (i) Notice and Administration Costs that have been paid or incurred at the

time of modification or reversal, and less any taxes paid or payable on the Settlement

Fund (including any costs and expenses of tax attorneys and accountants) need not be

refunded to the Settling Defendants; (ii) any modifications, reductions or reversal of the

award of attorneys' fees and Litigation Expenses to Class Counsel and Plaintiffs' Special

Bankruptcy Counsel on appeal or in any further motion in this Court shall in no way

disturb or affect any other part of this Judgment, and (iii) any further proceedings,

whether in this Court or on appeal, related to the Plan of Allocation shall in no way

disturb or affect any other part of this Judgment.

16

ny-1195912

21.     Any disapproval or modification of the application for an award of attorneys' fees and reimbursement of Litigation Expenses by the Bankruptcy Court shall not affect the enforceability of the Stipulation, provide any of the Settling Parties with the right to terminate the settlement contained herein, or impose an obligation on the Settling Defendants to increase the compensation paid in connection with the settlement.

22.     Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including any interest earned thereon; (ii) disposition of the Settlement Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

SO ORDERED:

Dated:  New York, New York
            _____, 2016

_____
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

17