**Hearing Date: January 21, 2016 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN FURTHER
SUPPORT OF OBJECTION TO PROOF OF CLAIM NO. 3695
FILED ON BEHALF OF ROSALIND ALEXANDER-KASPARIK**

ny-1218502

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above captioned bankruptcy cases [Docket No. 6065], as successor in interest to the above captioned debtors with respect to Borrower Claims,[1] hereby submits this reply (the "**Reply**") to *Claimant Rosalind Alexander-Kasparik's Opposition to ResCap Borrower Claims Trust's Objection to Proof of Claim No. 3695* [Docket No. 9464] (the "**Response**") and in further support of the *ResCap Borrower Claims Trust's Objection To Proof Of Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* [Docket No. 9402] (the "**Objection**")[2] seeking to disallow and expunge, without leave to amend, proof of claim number 3695 (the "**Claim**") filed on behalf of Rosalind Alexander-Kasparik (the "**Claimant**"). In further support of the Objection, the Borrower Trust respectfully represents as follows:

**REPLY**

1. Claimant has misconstrued the legal argument set forth in the Borrower Trust's Objection. See Response ¶ 2. The Objection is not premised on the claim preclusive effect of the Superior Court Dismissal entered for GMAC Mortgage on November 3, 2015 in the California Action. Rather, the Objection relies on the doctrine of collateral estoppel. See Objection ¶¶ 45-46 (arguing that the Claimant is barred from litigating before this Court issues of fact or law identical to those actually litigated in the California Action and resolved adversely to Claimant by the Superior Court Order entered on April 3, 2015); Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990) (setting forth the standard under California law for the application of collateral estoppel, a doctrine which "precludes relitigation of issues argued and decided in prior

---

[1] As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan (defined below).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

2

ny-1218502

proceedings."). Accordingly, the fact that the California Superior Court vacated and set aside the Superior Court Dismissal as to GMAC Mortgage is entirely irrelevant for the purposes of the Objection.  As set forth in the Objection, and not disputed by the Claimant in the Response, (i) the Superior Court Order entered on April 5, 2015, which ruled against the Claimant on grounds identical to those that form the basis of the Claim, is the basis for collateral estoppel; and (ii) the doctrine of collateral estoppel does not require a judgment be entered in favor of GMAC Mortgage.  Therefore, Claimant had the opportunity to fully litigate before the Superior Court issues with Freddie Mac that are the same as those against GMAC Mortgage.  Claimant lost there, and there is no reason for Claimant to get a second opportunity to argue identical issues against GMAC Mortgage.

2. Moreover, besides misconstruing the Borrower Trust's argument, the Claimant neither addresses the (i) the Borrower Trust's collateral estoppel argument on the merits, see Objection ¶¶ 45-55; nor (ii) the Borrower Trust's argument that, as a matter of law, the Complaint fails to state a plausible basis for GMAC Mortgage's liability, because the Complaint alleges no representations by GMAC Mortgage to Claimant regarding any delay in the trustee's sale of Claimant's home.  See Objection ¶¶ 56-62.  The Claimant also fails to address other substantive grounds for disallowance set forth in the Objection.  See Objection ¶¶ 63-77.

3. Once a debtor refutes an essential element of a claim, the burden of persuasion is shifted to the holder of the proof of claim to establish a valid claim by a preponderance of the evidence.  See Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).  As noted above, the Claimant has failed to support the alleged merits of the Claim, and has not proven by "a preponderance of the evidence that under applicable law the claim should be allowed."  See In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

Accordingly, for the reasons set forth in this Reply and in the Objection, the Court should disallow and expunge the Claim in its entirety from the Claims Register.

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached to the Objection as Exhibit 1, granting the relief requested in the Objection and such other and further relief as the Court may deem proper.

Dated: January 11, 2016

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*