UNITED STATES BANKRUYCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                              Chapter 11
                                                   Case no  12-12020 (MG)
RESIDENTIAL CAPITAL LLC et al

Debtors

---

THE RESIDENTIAL BORROWERS CLAIMS
TRUST

Objector

   Against

WILLIAM J FUTRELL

Claimant

### PRETRIAL MEMORANDUM OF CLAIMANT

COME NOW the Claimant, William J Futrell, claim # 725, by counsel, and submits

the memorandum of law on the claim(s) of the Claimant, summary of facts, to establish

each element, and the evidentiary issues anticipated to arise during the evidentiary hear.

   A.   Claimant's claim(s), under RESPA of 1974, and the provisions of same.

**Escrow    3500.17**

The amount of escrow that may be collected, in amount sufficient to pay charges, such as

taxes and insurance and those attributable to the servicing from the date of such payment

were last made.

Servicers may charge 1/12of the total escrow payment that servicer reasonably anticipates

payment from the account

1

RECEIVED
JAN 12 2016
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

**RECORD KEEPING    3500.17 (l)**

Each servicer shall keep records that are easily retrievable reflecting the servicers handling

of each borrowers escrow account.

The servicer shall maintain their records for at least five (5) years after the last service of the

account

*Summary of Evidence, including but not limited to:*

1.
*GMAC sent letters to Futrell, dated **June 10, 2009**, Exhibit 3 A/B, with the identical words, "...As of June 4, 2009, ..."*

*The GMAC letter stated the balance of $73,341.47; and the Homecomings/GMAC letter stated $71,351.99, where they otherwise had different content, including any stated escrow amount. The letters were from GMAC Mortgage Attn Customer Care, PO BOX 4622, Waterloo IA 50704.*

2.
*There was the matter of the **forced** placed insurance, where Balboa Insurance was put in place and a greater cost was assessed against the Claimant. Mutual Fire Insurance Co. was in place and there was no necessity for GMAC to act as they did in the matter. Exhibits 9 A/B, service notes June 16, 2009. This was part of the records placed in the possession of GMAC, and the record keeping failed, and the **forced** placed insurance was not required.*

3.
*There was the service note entry of 1/29/10, where the GMAC employee stated that Futrell "...(they) have never spoken with anyone named Jena...", as per Samuel McCause [99/159]. The service notes entries for 1/26/10 were made by Jena Jackson, as per Jena Jackson [100/159] Exhibit*

4.
*Servicing notes, notably those that are at variance with notices and correspondence regarding the matter of the Futrell account.*

2

**PENALTIES**       3500.17 (m)

$75 for each failure for twelve (12) months not to exceeds $130,00; and if *intentional* $110 per failure and no annual cap.

**SERVICING TRANSFER**    3500.21

**QUALIFIED WRITTEN REQUEST**   3500.21 (e )

The servicer must respond to borrowers *qualified written request* for information relating to the servicing of a loan and take appropriate action with established time frames after the receipt of the inquiry.

A response twenty (20) days after the receipt of the inquiry to provide a written acknowledgement and sixty (60) days to take specific action.

The written inquiry from the borrower to include the name and account of the borrower, the account number of the borrower, and the reasons the borrower believes the account is in error.

During the sixty (60) days, the servicer may not provide information regarding any payment that is relating to the payment that is the subject of the *qualified written request*. *Summary of facts, including but not limited to:*

    a.   *Reporting Claimant to the credit reporting agencies.*

*Exhibit 20   August 10, 2011 USDA letter contains language "...in addition, a Merged Credit Report dated 10/30/10, shows that there have been 11 mortgage delinquencies since 9/09..."*
*[p 2]*
GMAC never responded to the sailent points, where their non response would maintain their responsibility to not make any adverse credit reporting against Futrell to an credit reporting agency.

Testimony of Futrell

    b.   *Compliance with the required acknowledgements in (20 days) and sixty (60) days to take action*

1.
The statement that the October 30, 2009 QWR was sent to the designated address, where there was incorporated by reference the October 23, 2009 QWR.

There was the 2d objection from the Trust, where **paragraph 59** stated in pertinent part, "...GMAC properly and timely responded to the only letter to which it was required to respond to pursuant to RESPA – Claimant's **October 30, 2009** letter- by responsive letter dated **November 13, 2009**, less than two weeks after the receipt of Claimant's inquiry and well within the sixty (60) days permitted by RESPA..." [p28/39]

The **November 13, 2009**, letter, Exhibit 4, states in pertinent part, "...This letter serves as our response to your Qualified Written Request dated **October 23, 2009**..."

There were other QWR's that were not sent to the designated GMAC address, and there may have been responses issue, where the Trust specifically designated the **November 13, 2009**, letter, as the response to the **October 30, 2009** QWR. The issues were never properly addressed by GMAC.

2.
The typo from GMAC and the insurance where the "!" was added, was not addressed as required, where there was also the stated escrow shortage if $1,248.71 (where the servicing notes indicated the amount at $1,541.69 for the June 17, 2009). The typo was noted in the OCWEN letter to Futrell, dated April 4, 2013, Exhibit 8,, and noted an amount of $16,415.14 owed by the Claimant. Issues presented in the **October 30, 2009** QWR were never addressed, and the liability grew for the Claimant with the pattern of non compliance from GMAC.

4

3.

*GMAC did not address issues raised in the **October 23, 2009 QWR** and the **October 30, 2009 QWR**. That expressly included the shortage stated in the June 17, 2009, analysis and the June 17, 2009 service note entry. [see #2], where the accounting and the record keeping would be off and GMAC unable to state what the Claimant owed, later charges or unexplained fees from GMAC. An unaccounted for/explained fee of $1,215.82 October 23, 2009, that was incorporated by reference into the letter of October 30, 2009. This and the other content was not addressed sixty (60) days from the receipt of the QWR, and never was.*

*Evidence of this violation primarily come from witness testimony.*

**DAMAGES   -   Qualified Written Request violations   -   3500.21 (f)**

Actual damages, and where there is a pattern or practice of non compliance, any

additional damages in an amount not to exceed $1,000.

Costs and attorney fees are to be awarded to successful action.

*Actual damages :*

a.  *Time spent and inconvenience suffered by borrower, as a result of lenders violations of RESPA constituted "actual damages" that could be recovered under RESPA insofar as borrower could establish actual pecuniary loss. RESPA of 1974 section 6(f), as amended 12 USCA 2605 (f) [Johnstone v Bank of America, USDC ND IL, 2001, 173 F Supp 2d 809]*

b.  *Emotional distress is permitted to compensate the individual in privacy violations. [Ptoog v Homeside Lending Inc, USDC ND IL ED, 2002, 209 F Supp 2d 863]*

c.  *Actual damages may include the loss of equity on real estate resulting from the action of the mortgage servicer (foreclosure therein), economic damages, and the emotional and mental distress, frustration, humiliation and damage to their reputation. [Carter v Countrywide Home Loans Inc, USDC EDVA Richmond Div, 2009, 2009 WL 1010851]*

5

12-12020-mg    Doc 9496    Filed 01/12/16    Entered 01/12/16 15:48:54    Main Document
         Pg 6 of 10
d. *The cost of the photocopies and postage would be compensable as 'actual damages', if incurred in the furtherance of seeking Bank's compliance with RESPA, and if debtor establishes violation of statute.*
*[In re Tomasevic, USBC MD Fl Tampa Division, 2002, 273 BR 682]*

B.  Evidentiary Issues Anticipated

The evidence from the Claimant includes but is not limited to the statements generated by Homecomings Financial and/or GMAC Mortgage, letters/correspondence, and the testimony of individuals on sailent issues in the matter. The rules in the Federal Rules of evidence are controlling.

Witnesses:    Rule 601

(a) William J Futrell and Alicia Futrell (Futrell)

Rule 601 for witnesses, where there is personal knowledge of the matter of which testimony is being given before the Court.

The testimony of the shall relate to the facts and circumstances regarding the mortgage and the manner in which Homecomings/GMAC Mortgage (GMAC) handled this matter with Futrell. That would include paperwork received, the content on that paperwork, and contact with different representatives of GMAC. All the testimony from Futrell is expected to be within the realm of their personal knowledge.

That information would include information regarding the medical cost and expenses of medical issues, real estate value and financial information and figures that affect the matter.

(b)  Sara Lathrop

The Claimant is unaware of this person, where there was Kathy Priore that signed the supporting affidavit for the *second* objection. That affidavit contained statements with regard to the actions of the GMAC. It is to be ascertained from their testimony, the basis of the content of which they shall give testimony. Objections are anticipated with this witness, and the content of the testimony shall drive the evidentiary issues for that witness.

It is anticipated that the testimony will be based in Rule 803(6), exception to Hearsay, where the testimony is based on the *records of regularly conducted activity* for GMAC and the Futrell account.

Opinion:    Rule 701

The rule provides for (a) *rationally based on witness perception, and (b) helpful to understand witness testimony to determine facts and issues.*

The Claimant anticipates that it shall give their testimony to the Court, including but not limited to a valuation of tangible and intangible matters. That may include the value of their real estate and other sailent issues on the matter of *actual damages*.

There is no expectation that this would go into the area of *expert* opinion, where the topics do not cover issues that require any specialized knowledge before on can properly form and state an opinion.

Authentication:    Rule 901

The Claimant has designated documents that address the value of, ie, their real estate, where there are exhibits from the local government with information on the assessed valuation of the improvements on the land.

Self Authentication:   Rule 902

The Claimant has designated documents that address the value of, ie, their real estate, Where there are exhibits from the local government with information on the assessed valuation of the improvement on the land.

GMAC notices, Correspondence, and Service Notes:   Rule 803 (6) *exception to hearsay regardless of declarant or not*

The Claimant shall use the GMAC notices, correspondence, and the service notes. Based on the rule, hearsay would not be applicable, where those are all exhibits that (a) made at/near the time of creation, (b) kept in the course of business, (c ) as a regular practice, and (d)

Hearsay:   Rule 801, believed to included (3)(4)(6)

With documents from both sides.

Relevance :    Rule 401

Rule 401 defines that as (a) *if a tendency to make a fact more or less probable that it would without and (b) the fact is of consequence in determining the action.*

The exhibits are dealing with the actions of GMAC, their omissions and the commissions.

That focus of the trial herein are the omissions and the commissions of GMAC, within the context of RESPA and its provisions and requirement.

Judicial Notice:   Rule 201

The Claimant anticipates that there shall be the testimony of Sara Lathrop, where there is testimony of the actions of the representatives of GMAC. The Trust placed the service notes stated to be for the Futrell account with the Court in the *second* objection pleadings.

There is the expectation that the Trust witness shall make point(s), and the Claimant is able to request that the Court take *judicial notice* from a notice, letter or service notes that has been placed before the Court.

12 USC 2605 has provisions applicable in the instant matter:

(e) Duty of Loan Servicer to Respond to Borrowers Inquiries

That includes the Qualified Written Request in section (B)

(3)   Protection of Credit Rating

(k)   Servicer Prohibitions specifically including (1 A) Forced Place Insurance
(C ) Failure to timely take action to Borrowers request to correct errors relating to allocation of payments, final balance for purpose of paying the loan or other duties of servicer
(l) Force Placed insurance

The Claimant incorporates by reference the evidence and exhibits, including but not limited to October 30, 2009 QWR and the October 23, 2009, that address the issues that were presented and not addressed by GMAC in the period they acted as the servicer.

and never

9

CONCLUSION

The Court heretofore noted the purported QWRs', October 30, 2009, October 31, 2009, November 13, 2009. December 2009, and October 23, 2011. Under *Roth,* the October 30, 2009 QWR was sent to the address designated by GMAC.

The October 23, 2011 QWR makes reference to June 17, 2009, *typo* for the $352.53 insurance, the stated escrow shortage of $1,249.71, and the forced place insurance.

There specific provisions of RESPA and primary facts relief on, notably for the violation with regard to QWR's and the issue of damages. The violation of the one acknowledged QWR and their non compliance to the procedural and the substantive is a core issue.

Respectfullu submitted,

_____
Thomas Margolis   10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone  765-288-0600