MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Borrower Claims*
*Trust and the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  )  | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al.,  )  | Chapter 11 |
| Debtors.  )  | Jointly Administered |

**NOTICE OF FILING OF CORRECTED EXHIBIT E TO RESCAP BORROWER CLAIMS TRUST AND RESCAP LIQUIDATING TRUST'S JOINT OBJECTION TO CLAIM NOS. 2535 AND 3577 FILED BY HAYOMYOM LLC AND SYGMUND ZYGELMAN, RESPECTIVELY**

**PLEASE TAKE NOTICE THAT** on January 11, 2016, the The ResCap Liquidating Trust (the "Liquidating Trust") and the ResCap Borrower Claims Trust (the "Borrower Trust"), and together with the Liquidating Trust, the "Trusts"), filed the *ResCap Borrower Claims Trust and ResCap Liquidating Trust's Joint Objection to Claim Nos. 2535 and 3577 Filed By Hayomyom LLC and Sygmund Zygelman, Respectively* (the "Objection") [Docket 9490].

**PLEASE TAKE FURTHER NOTICE THAT** the Trusts hereby submit a corrected Exhibit E to the Objection which is attached hereto as Exhibit 1.

ny-1219184

Dated: January 15, 2016
       New York, New York

                                                     */s/ Norman S. Rosenbaum*
                                                     Norman S. Rosenbaum
                                                     Jordan A. Wishnew
                                                     James A. Newton
                                                     MORRISON & FOERSTER LLP
                                                     250 West 55th Street
                                                     New York, New York 10019
                                                     Telephone: (212) 468-8000
                                                     Facsimile: (212) 468-7900

                                                     *Counsel for the ResCap Borrower Claims*
                                                     *Trust and the ResCap Liquidating Trust*

## **EXHIBIT 1**

ny-1219184

# NOTE

February 29, 2008                         Fair Oaks                         California
Date                                      City                              State

**6225 Gobernadores Lane, Carmichael, CA 95608**
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 1,190,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **GMAC MORTGAGE, LLC** (f/k/a GMAC Mortgage Corporation). I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on **April 1, 2008**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **March 1, 2038**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
**P.O. Box 978, Horsham, PA 19044-0978**
, or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 8,320.65 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**MULTISTATE FIXED RATE NOTE** - Single Family - Fannie Mae/Freddie Mac Uniform Instrument    Form 3200 1/01
Page 1 of 3                          182655602                          Initials:

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES.

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property, or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**MULTISTATE FIXED RATE NOTE** - Single Family - Fannie Mae/Freddie Mac Uniform Instrument     Form 3200  1/01
Page 2 of 3                                                        182655601                                         Initials: _____

5

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_/s/ Sigmund Zygelman_____ (Seal)
SIGMUND ZYGELMAN                                -(Borrower)

_____ (Seal)
                                                -(Borrower)

_____ (Seal)
                                                -(Borrower)

_____ (Seal)
                                                -(Borrower)

*(Sign Original Only)*

. Pay to the order of

. Without Recourse:

_Alana Gerhart_____
Alana Gerhart, Limited Signing Officer
GMAC Mortgage LLC f/k/a
GMAC Mortgage Corporation

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument    Form 3200 1/01
Page 3 of 3                                    182655602                                   Initials: _____

# CONSTRUCTION RIDER TO NOTE AND SECURITY INSTRUMENT

### (ONLY ONE™ ONE-CLOSE FIXED RATE)

LENDER - As used herein the term Lender shall mean

### GMAC MORTGAGE, LLC
(f/k/a GMAC Mortgage Corporation)

or any assignee, transferee or successor in interest thereto. As used herein the words "I", "me" or "my" shall mean any person who signs below as Borrower.

This Rider is a loan modification agreement which changes the terms of the promissory Note and Security Instrument (Mortgage, Deed of Trust or Security Deed) which I have signed which are dated    **February 29, 2008**    in regard to the property located at

### 6225 Gobernadores Lane, Carmichael, CA 95608

("Property"). I agree that the covenants, terms and provisions set forth in this Rider will supercede and replace any inconsistent terms, covenant or provisions therein, where the two are different.

# CONSTRUCTION TRUST DEED

**CONSTRUCTION LOAN - FUTURE ADVANCES.** THE ADDITION OF THIS RIDER TO THE NOTE AND DEED OF TRUST IS INTENDED AND AGREED TO MAKE IT A CONSTRUCTION LOAN TO SECURE FUTURE ADVANCES WITHIN THE MEANING OF THE LAWS OF THE STATE OF CALIFORNIA, INCLUDING WITHOUT LIMITATION, CALIFORNIA CIVIL CODE § 3097. SUCH FUTURE ADVANCES SHALL BE DEEMED "OBLIGATORY" ON LENDER PROVIDED THAT THE BORROWER SHALL FULLY PERFORM ALL OF BORROWERS OBLIGATIONS UNDER THE NOTE, DEED OF TRUST, CONSTRUCTION LOAN AGREEMENT AND LOAN DOCUMENTS. ALL SUMS ADVANCED HEREUNDER SHALL BE DEEMED TO HAVE THE SAME PRIORITY AS THE ORIGINAL INDEBTEDNESS.

BY SIGNING THIS RIDER, THE BORROWER WARRANTS AND ASSURES THAT **NO CONSTRUCTION ACTIVITY OF ANY KIND HAS COMMENCED ON THE PROPERTY** DESCRIBED HEREIN, AND THE BORROWER FURTHER EXPRESSLY WARRANTS AND AGREES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND SHALL COMMENCE UNTIL AFTER THE BORROWER IS NOTIFIED OF THE RECORDING OF THE DEED OF TRUST AS A FIRST LIEN ON THE PROPERTY. COMMENCEMENT OF WORK BEFORE SUCH RECORDING CAN SUBJECT THE PROPERTY OF THE OWNER TO MECHANICS LIENS AND CAN BE A DEFAULT UNDER THE LOAN DOCUMENTS.

### 1. CONSTRUCTION LOAN

The loan is to be advanced in installments to finance construction, which I promise to complete on or before    **February 26, 2009**   , referred to as the **"CONSTRUCTION COMPLETION DATE"**, in strict compliance with the project Plans and Specifications.

If, in the Lender's opinion, the construction of the project will not be completed by    **February 26, 2009**   , it shall be the basis for a default, and Lender shall have the right to stop making advances of money even before    **February 26, 2009**   ; and to accelerate the loan and make all sums outstanding due and payable at once, together with interest, fees, costs of collection and all other charges, including reasonable attorneys' fees.

The Lender has agreed to make the loan herein described to be paid over to me in installments as the work is completed and will advance funds only FOR WORK IN PLACE, based upon inspection.

The Lender is obligated to advance the full amount of the loan $    **1,190,000.00**    provided that I have fully performed and met all of the conditions and requirements which I have promised to undertake in the

Construction Loan Agreement, Promissory Note, Security Agreement, Commitment Letter and Loan Documents; and provided that I am not in default thereunder.

## 2. INSPECTION FOR STATUS OF COMPLETION ONLY

The Lender shall have the right to inspect the premises so as to ascertain the status of completion and the progress of the construction of improvements. The sole purpose for such inspection is to determine the approximate amount and value of the work which has been done, and to advance funds for such work in place. Such inspections shall not necessarily relate to the quality of the construction and as Borrower, I will not rely on the Lender's inspection for any purpose whatsoever. As Borrower, I will be solely responsible for the progress and quality of construction.

## 3. MODIFICATION OF THE OBLIGATION TO REPAY LOAN

1. Notwithstanding the terms of Paragraph 3 of the Note that I signed, I will not begin repaying the principal of my loan on    **April 1, 2008**    .
2. Instead, I will pay interest only until   **March 1, 2009**   referred to as the "CONVERSION DATE".
3. I will make my first payment of principal and interest on   **April 1, 2009**   , in the amount of **$8,398.07**, unless I am advised otherwise by the Lender in writing.

## 4. IF I DO NOT COMPLETE CONSTRUCTION WHEN I SHOULD

If I have not completed all construction or repairs, and met all of my obligations regarding the same by **February 26, 2009**   , then in addition to its other rights under the loan documents, the Lender has the right to do any or all of the following:

1. declare a default and exercise all of its rights reserved in the loan documents to act in case of default; or
2. agree to allow more time for construction to be completed and to disburse any remaining loan funds into a Delayed Completion Holdback Account which shall then begin to accrue interest at the Note Rate, as though the funds had been fully advanced for construction;
3. charge me a Delayed Completion Surcharge, as detailed in the commitment letter for this loan;
4. agree to a Construction Period Extension and charge me for all costs associated with the preparation and recording of all extension agreements, escrow materials and title insurance endorsements, and all other costs incurred in order to extend the time for completion of construction and performance of my obligations.

## 5. CONSTRUCTION PERIOD INTEREST

During the Construction Interest Period, I will pay the Lender interest on the principal amount that it has advanced under the loan. Interest will be computed daily at the rate in effect under the Note for the amount of principal outstanding. This interest will be billed to me on the 1st day of each month during the Construction Interest Period of this loan up until the Conversion Date, and it will be my responsibility to pay the amount of interest billed to me within 15 days.

## 6. ADDRESS FOR NOTICE TO LENDER.

Any person wishing to claim the benefit of any mechanics lien is advised by the recording hereof that the address of the Lender for receipt of any Notice To Owner, "Preliminary 20 Day Notice", Claim of Lien, Stop Notice, Bonded Stop Notice, or Lis Pendens, or other mechanics lien claim under California law, or for any other notice, claim or lien is shown below. Any such notice should be delivered to such address by certified mail return receipt requested .

**ATTN: Audrey Norfleet
GMAC Mortgage, LLC
Construction Lending Division
1100 Virginia Drive
Fort Washington, PA 19034**

ONLY ONE™ One-Close Fixed Rate Construction / Permanent Loan Program  CALIFORNIA
© Interstate Closing Systems, All Rights Reserved      Page 2       1826556072       YDEpb

As Borrower, I promise to notify the Lender, immediately upon my receipt of any such Notice To Owner, "Preliminary 20 Day Notice", Claim of Lien, Stop Notice, Bonded Stop Notice, or Lis Pendens, or any other notice, claim or lien relating in any way to the Property and to provide copies to Lender of all documents or papers received by me regarding the same.

### 7. EXTINGUISHMENT OF CERTAIN PROVISIONS.

Unless otherwise extended in writing, on     **February 26, 2009**    , the provisions of this rider, except paragraphs 3 shall self-extinguish and be of no further force and effect, provided however, that any causes of action, claims or rights of the Lender which accrue before said date shall continue unaffected and undiminished by such extinguishment.

Date: 2.29.2008

Borrower: SIGMUND ZYGELMAN

_____
Borrower:

_____
Borrower:

_____
Borrower:

The undersigned witnessed the Borrower(s) when he/she/they signed this Rider.

_____    2/29/08
Settlement Agent                Date

ONLY ONE™ One-Close Fixed Rate Construction / Permanent Loan Program    CALIFORNIA
© Interstate Closing Systems, All Rights Reserved    Page 3    1826556002    YDEpb