**Exhibit I**

3/19/2010

**GMAC Mortgage**

MARY R BIANCAVILLA
341 OAK DR
NEW CUMBERLAND PA 17070

Re: Account Number          9613
341 OAK DRIVE
NEW CUMBERLAND PA 17070

Dear MARY R BIANCAVILLA

**Congratulations! Your request for a loan modification has been approved subject to the following:**
- Receipt of your contribution in the form of certified funds
- Receipt of the signed loan modification agreement and any attachments
- Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 833.00 in the form of certified funds, is due in our office by April 7, 2010.
- The interest rate is 2.87500%.
- The first modified payment begins June 1, 2010.
  - Principal and Interest         $ 645.15
  - Escrow                         $ 185.47
  - **Total Payment**              $830.62
- All of the documents must be executed and the signatures must be exactly as the names are typed.
- The signed Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

> We are NOT required to record the modification document; therefore, only your signature(s) are required. No notary is required.

The contribution and executed loan modification documents are due back by April 7, 2010. Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

**If the conditions outlined above are not satisfied, the modification will be withdrawn.**

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-850-4622 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

GMAC FSPF4 03-18-2010 master mail merge Record N.doc

Identifier: 9613    Doc Type:LMOD

12-12020-mg    Doc 9510-10    Filed 01/15/16    Entered 01/15/16 17:01:24    Decl. Exhibit I    Pg 3 of 9

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

―――――――――――[Space Above This Line For Recorder's Use]―――――――――――

# STEP RATE LOAN MODIFICATION AGREEMENT
## WITH PRINCIPLE DEFERMENT
(Deferred Payment Disclosure Attached)

Loan Modification Agreement ("Agreement") made this May 1, 2010 ("Effective Date") between MARY R BIANCAVILLA ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated December 16, 2005 in the original principal sum of One Hundred Forty Four Thousand Dollars and No Cents ($ 144,000.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on with Instrument Number  in Book  and/or Page Number  of the real property records of CUMBERLAND County, PA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 341 OAK DRIVE   NEW CUMBERLAND PA 17070, which real property is more particularly described as follows:
( Legal Description if Applicable for Recoding Only )

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $140,421.45 and $8,000.00 of my old principal balance (the balance due prior to the date of this loan modification) shall be deferred (the "Deferred Principal Balance") until the Term of my loan expires (the Maturity Date ), or when I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance my loan.  Until I am required to payoff the "Deferred Principal Balance", I will not be required to pay interest or make monthly payments on the deferred amount.

2. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of "Lender" the Principal Balance, consisting of the amount(s) loaned to Borrower by "Lender" and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument.

3. PAYMENT SCHEDULE.

   a. Beginning on June 1, 2010 and continuing thereafter on the same day of each succeeding month during Year 1, based on an interest rate of 2.87500, borrower promises to make monthly principal and interest payments of $645.15.
   b. Beginning on May 1, 2014 and continuing thereafter on the same day of each succeeding month, during Year 2, based on an interest rate of 3.87500, borrower promises to make monthly principal and interest payments of $709.73.
   c. Beginning on June 1, 2015, and continuing thereafter on the same day of each succeeding month, during Year 3, based on an interest rate of 4.87500, borrower promises to make monthly principal and interest payments of $775.09.
   d. Beginning on June 1, 2016, and continuing thereafter on the same day of each succeeding month for the remaining Term or until the non-deferred principal balance and accrued interest are paid-in-full, based on an interest rate of 5.00000, borrower promises to make monthly principal and interest payments of $783.15.

The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

| Interest Rate | From | To: | P & I Payment |
|---|---|---|---|
| 2.87500 | May 1, 2010 | May 1, 2014 | $645.15 |
| 3.87500 | May 1, 2014 | May 1, 2015 | $709.73 |
| 4.87500 | May 1, 2015 | May 1, 2016 | $775.09 |
| 5.00000 | May 1, 2016 | January 1, 2036 | $783.15 |

NOTE:   If borrower pays an amount in excess of the scheduled monthly principal and interest payment, that amount will serve to reduce both the non-deferred principal balance and the remaining Term of the loan, but will not cause any of the scheduled principal and interest payments to be re-calculated.

4. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. If on January 1, 2036 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including the "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue Waterloo, IA 50702 or at such other place as Lender may require.

6. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

GMAC FSPF4 03-18-2010 master mail merge Record N.doc

7. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If "Lender" exercises this option, "Lender" shall give Borrower any and all notice(s) that may be required by law before accelerating the debt after which, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

8. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

9. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

4-5-10
Date    MARY R BIANCAVILLA

_____
Date

_____
Date

_____
Date

GMAC Mortgage, LLC
By: _Kristi M. Caya_
Limited Signing Officer

Date: _____

**GMAC FSPF4 03-18-2010 master mail merge Record N.doc**

Date:   3/19/2010                                              Loan#         9613

Borrower's Name: MARY R BIANCAVILLA

Lender's Name and Address:   GMAC Mortgage, LLC
                             3451 Hammond Avenue
                             Waterloo, IA 50702

### IMPORTANT INFORMATION ABOUT YOUR LOAN MODIFICATION WHICH FEATURES A DEFERRED PAYMENT
### Please Read Carefully

This disclosure describes the features of your loan modification.

How Is Your Interest Rate and Initial Payment Determined?

- According to your mortgage payment calculated for long-term affordability, your modified loan will now provide for a Deferred Payment.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
  (1) the interest rate reflected in the agreement;
  (2) the "New Principal Balance" of the loan; and
  (3) the remaining term and amortization periods of the loan.

Based on a scheduled of interest rate and payment adjustments, your monthly payment of principal and interest will be calculated in order to repay the "non-deferred principal balance" by the end of the Term of your loan. (the Maturity Date)  Although your new scheduled monthly payments will pay down your non-deferred principal balance, a payment for the entire amount of your "Deferred Principal Balance" will be due when the Term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

You will be notified in writing at least 90 but not more than 120 days before the date the deferred **principal** payment is due.  This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the deferred principal, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

AN AMOUNT OF YOUR UNPAID PRINCIPAL BALANCE HAS BEEN DEFRRED. AS A RESULT, YOU WILL BE REQUIRED TO PAY FULL DEFERRED PRINCIPAL BALANCE WHEN THE TERM OF YOUR LOAN EXPIRES (THE MATURITY DATE), OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN.

GMAC FSPF4 03-18-2010 master mail merge Record N.doc

YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

Example of Deferred Payment

- The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Modified Loan Balance | $100,000 |
| Modified Balance That Does Not Accrue Interest (Deferred Amt.) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Remaining Loan Term | 20 years |
| Deferred Principal Balance Due at Maturity | $ 25,000.00 |

In the example above, the outstanding deferred loan balance of $25,000.00 would be due and payable at the end of 20 years.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

4-5-10
Date

MARY R BIANCAVILLA

Date

Date

Date

4/5/10

GMAC Mortgage,

Per our phone conversation last week, I was advised the due date of April 7th 2010 should have been April 17th 2010. The rep. (Sam) was uncertain if corrected docs would go out but stated he would request them. I advised that if I did not recieve them by Monday (today) April 5th — I would use what I have so as not to be late on the approved loan modification.

— I am quite sure all would agree.

Enclosed is c/your docs & the requested certified check in the amount you required of $833.00.

C/your acceptance of check will be your acknowledgment of my good standing in our modification agreement.

I request your compliance with rectifing credit records and sending me written confirmation.

Thank you.

P.S. I look foward to regular business w/you,