UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                            Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,              Case No. 12-12020-mg
   Objector
v.
TIA DANIELLE SMITH,
    Creditor-Beneficiary

---

OBJECTION TO THE INITIATION AND PROSECUTION OF CONTESTED CLAIM
PROCEEDINGS BY COUNSEL FOR THE RESCAP DEBTORS THROUGH THE RESCAP
LIQUIDATING TRUST IN THE NAME OF THE RESCAP BORROWER CLAIMS TRUST
(CLAIM NOS. 3889, 4129, 4134 AND 4139)
**ALL RIGHTS RESERVED**

---

Tia Danielle Smith, by her attorney, Wendy Alison Nora of ACCESS LEGAL

SERVICES, respectfully files the above-captioned objection and shows the Court:

1.  The initiation and prosecution of contested claim proceedings by counsel for the

RESCAP Debtors, through the RESCAP Liquidating Trust, in the name of the RESCAP

Borrower Claims Trust, breached the terms represented to homeowners (designated as

"borrowers" in the confirmed Second Amended Chapter 11 Plan.

2.  The RESCAP Borrower Claims Trust was represented as being funded by the

RESCAP Liquidating Trust for the stated purpose of providing liquid funds to be allocated to

allowed homeowners claims.

3.  On May 16, 2014, without notice to any of the homeowners and solely on "advice of

counsel," the RESCAP Borrower Claims Trust Agreement was amended, without the approval of

1

this Court, to deem all homeowner claims disallowed.  (See the attached Exhibit A.)

4.  There are only two (2) members of the RESCAP Borrower Trust, Roweena Drennen (Drennen) and Steven Mitchell (Mitchell), both of whom were appointed by counsel for the Kessler Class Claimants in the action styled *In re: Community Bank of Northern Virginia Second Mortgage Lending Practices Litigation*, MDL No. 1674, (*Brian Kessler, et al.*) Case No. 03-0425, Case No. 02-01201, Case No. 05-0688, Case No. 05-1386, United States District Court for the Western District of Pennsylvania, who also represents the class of claimants in ) in the action styled *Steven and Ruth Mitchell v. Residential Funding Company, LLC, et al.* in the Circuit Court of Jackson County, Missouri, Division 4, Case No. 03-CV-220489.

5.  Drennen and Mitchell are represented by the same counsel, who appears to have arranged to have them appointed as members of the Trust Committee of the RESCAP Borrower Claims Trust.

6.  Because Drennen and Mitchell are class representatives for damages which will be paid from the RESCAP Borrower Claims Trust and were exclusively appointed by their own counsel, they followed the advice of their own counsel and have deemed all other homeowner claims to have been disallowed by the Third Amendment to the Trust Agreement for the RESCAP Borrower Claims Trust as of May 16, 2014.

7.  No homeowner with a claim pending against the RESCAP Debtors was ever allowed to vote to confirm or object to the confirmation of the Second Amended Chapter 11 Plan (which purported to provide for a percentage payment to the holders of such claims based on the funds available to the whole class of "borrower" claimants) was ever informed that all homeowner claims not allowed prior to confirmation of the Second Amended Chapter 11 Plan would be

2

deemed to be disallowed seventeen (17) months later, except for the claims of the  Kessler

Settlement Class and, apparently, the Mitchell Settlement Class.

8.   The Mitchell Settlement Class filed Claim No. #7354 on January 17, 2014 appears to

have been allowed in the full amount of $14,500,000.00, more than two (2) years after the

Claims Bar Date (as extended) of November 16, 2012.

9.   The damages in a third class action, entitled *Rothstein v. GMAC Mortgage, LLC, et*

*al.* in the Southern District of New York as Case No. 12-cv-3412 (timely filed as Claim No.

4074 on November 9, 2012 in the original  amount of $1,000,000,000.00) has apparently been

allowed in the amount of $13,000,000.00 as of January 11, 2016.

10.   Ms. Smith was never contacted by the Trustee of the RESCAP Borrower Claims

Trust or the Trust Committee before counsel for the RESCAP Debtors, through Deanna Horst, in

her capacity as the Chief Claims officer of the RESCAP Liquidating Trust, sought to have Ms.

Smith's claims disallowed and expunged.

11.   The Trustee of the RESCAP Borrower Claims Trust and Drennen and Mitchell as

members of the Trust's "Committee" owe a fiduciary duty to Ms. Smith as a member of the class

of individual homeowners who have made timely claims against the RESCAP Debtors.

12.   The Trustee of the RESCAP Borrower Claims Trust and Drennen and Mitchell as

members of the Trust's "Committee" have preferred the claims of the Kessler, Mitchell and

Rothstein class actions over the claims of the individual homeowners who have made timely

claims against the RESCAP Debtors.

13.   Ms. Smith's claims and the claims of all individual homeowners who filed timely

claims against the RESCAP Debtors have been deemed disallowed while the Kessler class claim,

3

the Mitchell class claim (late-filed) and the Rothstein class claim have been allowed in the total amount of $327,500,000.00.

14.   The apparent self-dealing by Drennen and Mitchell is a breach of their fiduciary duty to the entire class of homeowners who were led to believe that their claims would be allowed and that they would share in the distribution of the trust corpus, based on information in the RESCAP Debtors' Approved Disclosure Statement and the terms of the confirmed Second Amended Chapter 11 Plan.

15.   The Trustee of the RESCAP Borrower Claims Trust, Peter S. Kravitz, owes a fiduciary duty to all individual homeowner claimants, not just the members of the Trust Committee and the Rothstein Settlement Class, to assure that claims are not being litigated just because they have been "deemed disallowed" by the Third Amendment to the Trust Agreement for the RESCAP Borrower Claims Trust.

16.   The terms of the Trust Agreement of the RESCAP Borrower Claims Trust provide that the attorneys fees for using RESCAP Debtors' counsel to litigate against the individual homeowners whose claims have been disallowed are paid from the trust corpus, which means that the "deemed disallowed" amendment to the Trust Agreement, which leads to litigation against every individual homeowner who seeks to have their claim considered, depletes the trust corpus by the litigation model, rather than the model envisioned by Congress for a Qualified Settlement Fund, which the RESCAP Borrower Claims Trust pretends to be.

17.   There is no mechanism for the individual homeowners to have their claims considered by the Trustee, who has a fiduciary duty the entire class of homeowners or the Trust Committee but instead they are forced to litigate against the RESCAP Debtors' legal counsel at

4

the expense of their own trust corpus.

18.   As further and additional evidence of the breach of fiduciary duty by the Trustee and Trust Committee of the Borrower Claims Trust, these contested proceedings were initiated on June 25, 2014 by the Declaration of Deanna Horst (Doc. 7188-2), who is the Chief Claims Officer of the RESCAP Liquidating Trust and was the former Chief Claims Officer of Residential Capital, LLC (RESCAP) and "its affiliates" (Horst Declaration, paragraph 1.)

19.   Ms. Horst's June 25, 2014 Declaration also states at paragraph 1 that she is acting pursuant to an "Access and Cooperation Agreement" dated December 17, 2013 and that she is authorized to make her declaration seeking to have Ms. Smith's claim disallowed, but she does not say by what entity.

20.   The only entity which could legally authorize Ms. Horst to seek to have homeowners claims disallowed and expunged is the Trustee of the RESCAP Borrower Claims Trust, at the direction of the Trust Committee (Drennen and Mitchell).

21.   At the time of Ms. Horst's June 25, 2014 Declaration, Drennen and Mitchell had approved the Third Amendment to the Trust Agreement of the RESCAP Borrower Claims Trust on advice of their own counsel (presumably their own counsel who appointed them to the Committee), but this Court was not informed of the amendment.

22.   An adversary proceeding or separate action challenging authority of the RESCAP Borrower Claims Trust to operate a litigation model at the expense of the trust corpus would have already been filing for Ms. Smith and for another homeowner, Richard D. Rode, who also did not know that his claim had been deemed "disallowed" by the Third Amendment to the Trust Agreement of the RESCAP Borrower Claims Trust (seeking to be representative class plaintiffs

for the class of individual homeowners whose claims were deemed to be disallowed since May

16, 2014, without any notice of that action which must now be challenged), but the litigation

processes involved in prosecuting Ms. Smith and Mr. Rode's individual claims has been so time-

consuming as to prevent the filing of that action to date.

23.    This Objection is filed with the Court to report the breaches of fiduciary duty based

on an amendment to the provisions of the RESCAP Borrower Claims Trust, post-confirmation

and without the approval of this Court.

24.    By this Objection, Ms. Smith puts the Trustee of the RESCAP Borrower Claims

Trust on Notice of the breaches of fiduciary duty and reserves all of her rights to appeal from

these proceedings as being unauthorized by this Court, which was not informed of the Third

Amendment to the Trust Agreement of RESCAP Borrower Claims Trust, executed by Trust

Committee members, who have been engaged in self-dealing since no later than May 16, 2014.

**WHEREFORE,** Ms. Smith objects to these proceedings in their entirety.

Dated at Madison, Wisconsin this 21st  day of January, 2016.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043

**DECLARATION UNDER PENALTY OF PERJURY**

Wendy Alison Nora declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746

6

that Exhibit A attached hereto is a true and correct copy of what it purports to be: the Third Amendment to the RESCAP Borrower Claims Trust, retrievable at

http://www.rescapborrowerclaimstrust.com/pdfs/2014-05-16%20Amendment%203%20-%20executed%20by%20Drennen%20&%20Mitchell.pdf

and its authenticity cannot reasonably be disputed.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora


### DECLARATION OF SERVICE

Wendy Alison Nora declares that she filed the foregoing Objection by CM/ECF and thereby served a copy thereof on all parties capable of receiving service via CM/ECF.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora

7

# EXHIBIT A

# Amendment No. 3 To
# The ResCap Borrower Claims Trust
# Trust Agreement

This Amendment No. 3 to THE RESCAP BORROWER CLAIMS TRUST TRUST AGREEMENT dated December 17, 2013 (the "**Trust Agreement**") is entered into as of May 16, 2014, and is effective as of such date ("**Amendment No. 3**") by the Trust Committee of The ResCap Borrower Claims Trust (the "**Trust Committee**" or "**Committee**").

1.      Recitals.

A.      To facilitate the establishment of a Disputed Claim Reserve in order that the Trust may make one or more interim distributions to holders of Allowed Borrower Claims, the Trust Committee has determined that it is advisable that the Trust Agreement be amended as provided for herein and each member of the Trust Committee has consented to such amendment and has executed this amendment with the intention of evidencing such consent.

B.      Upon advice of counsel, the Committee has determined that this Amendment conforms with Section 12.11 of the Trust Agreement and is not inconsistent with the provisions of the Plan or the Confirmation Order.

ACCORDINGLY, the Trust Agreement is hereby amended as follows:

1.      Article I – Definitions.

Article I of the Trust Agreement, Section 1.2(ee), shall be amended and restated in full as follows:

> "**Estimated Amount**" means the estimated amount of one or more Disputed Borrower Claims, either individually or in one or more groupings or in the aggregate, as determined by the Borrower Claims Trustee, at the time of and considering the nature and purpose of the particular action to be undertaken in connection with such determination, which may be (i) the filed amount of the Claim(s), (ii) such amount as estimated by the Bankruptcy Court at the request of the Debtors or the

Borrower Claims Trust including pursuant to Bankruptcy Code sections 105 and 502(c), (iii) such other estimated amount determined in accordance with the Plan, including Article VIII.A.4. thereof, or (iv) such amount(s) calculated in good faith on the basis of a reasonable estimate by the Trustee with approval of the Trust Committee, taking into account historical resolutions, by litigation or otherwise, of similar Borrower Claims.

Article I of the Trust Agreement shall be amended to add the following definition as new Section 1.2(xx):

"**Reserve Motion**," means a motion for order establishing or modifying the Disputed Claims Reserve with respect to unliquidated and/or Disputed Borrower Claims.

Article I of the Trust Agreement shall be amended to add the following definition as new Section 1.2(yy):

"**Reserve Order**," means an order establishing, or modifying the amount or other aspect of, the Disputed Claims Reserve.

2.    Article VI – Operation of the Borrower Claims Trust. Article VI of the Trust Agreement, Section 6.3(a), shall be amended and restated in full as follows:

(a)    On or as soon as practicable following the Effective Date, the Borrower Claims Trust shall establish the Disputed Claims Reserve. Notwithstanding anything to the contrary in this Trust Agreement, the Borrower Claims Trustee may from time to time file one or more Reserve Motions with the Bankruptcy Court to obtain one or more Reserve Orders establishing or modifying the Disputed Claims Reserve with respect to one or more unliquidated or Disputed Borrower Claims.

Article VI of the Trust Agreement, Section 6.3(b), shall be amended and restated in full as follows:

(b)    The Borrower Claims Trustee shall, at the direction of the Trust Committee, cause to be added to and maintained in the Disputed Claims Reserve, from time to time, at least that amount of Cash sufficient (i) to make Borrower Claims Payments in respect of Disputed Borrower Claims in the aggregate maximum Estimated Amount of all then remaining Disputed Borrower Claims (adjusted as appropriate for any required special treatment of Borrower Convenience Claims) as established

2

pursuant to a Reserve Order or otherwise pursuant to Section 1.2(ee) and (ii) to pay to such holders, to the extent their Claims ultimately become Allowed (and to the extent their Claims are not Disallowed) the amount of all distributions made to holders of Borrower Claims Trust Beneficial Interests since the Effective Date as if such holders of Disputed Borrower Claims had received Borrower Claims Trust Beneficial Interests based on the Allowed Amount of such Claims (adjusted as appropriate for any required special treatment of Borrower Convenience Claims), provided that Cash shall only be required to be added to the Disputed Claims Reserve to the extent of available Cash included in the Borrower Claims Trust Assets that is not otherwise reserved for use for other purposes in accordance with the provisions of this Borrower Claims Trust Agreement.

Article VI of the Trust Agreement, Section 6.3, shall be amended by adding Section 6.3(d) as follows:

(d)    All Borrower Claims shall be deemed to be Disputed Borrower Claims until and unless Allowed by a Final Order or a duly authorized, final, and binding agreement of the Borrower Trust.

Article VI of the Trust Agreement, Section 6.6(d), shall be amended and restated in full as follows:

(d)    the amount of Disputed Borrower Claims resolved by the Borrower Claims Trust during the relevant period, including, separately, (i) the amount of the Claims that were Allowed, (ii) the amount of the Claims that were expunged, reduced, or otherwise (by agreement or otherwise) Disallowed, and (iii) the amount of the Disputed Borrower Claims remaining to be resolved as of the end of such period;

3.    This Amendment conforms with Section 12.11 of the Trust Agreement and is not inconsistent with the provisions of the Plan or the Confirmation Order.

4.    Except as expressly amended hereby, all remaining terms of the Trust Agreement, as amended, shall remain in full force and effect and shall not be amended or modified by the execution of this Amendment.

3

48065244.2

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the date first herein above written.

**BORROWER CLAIMS TRUST COMMITTEE**

Rowena Drennen for the Kessler Settlement Class in the consolidated class action styled *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, consolidated in the United States District Court for the Western District of Pennsylvania, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386

STATE OF MISSOURI        )
                         )ss
COUNTY OF JACKSON        )

Before me, on the 16th day of May 2014, the undersigned, a Notary Public within and for the County and State of Missouri aforesaid, same Rowena Drennen, who is personally known to me to be the same person who executed this instrument, and such person duly acknowledged the execution of the same to her own free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year last above written.

_____
Notary Public

My Commission Expires: 4/29/2016

JOANNE M. HAAKE
MY COMMISSION EXPIRES
April 29, 2016
NOTARY SEAL
#12464089
JACKSON COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

48065244.2

4

Steven Mitchell for the Mitchell Settlement Class in the civil action styled *Steven and Ruth Mitchell v. Residential Funding Company, LLC, et al.*, currently pending before the Circuit Court of Jackson County, Missouri, Division 4, Case No. 03-CV-220489

STATE OF MISSOURI        )
                         )ss
COUNTY OF JACKSON        )

Before me, on the ⬚ day of May 2014, the undersigned, a Notary Public within and for the County and State of Missouri aforesaid, same Steven Mitchell, who is personally known to me to be the same person who executed this instrument, and such person duly acknowledged the execution of the same to his own free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year last above written.

Notary Public

My Commission Expires: 4/29/2016

5

48065244.2