MORRISON & FOERSTER LLP
250 W 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for the ResCap Liquidating Trust and
the ResCap Borrower Claims Trust*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------- ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------- ) | |
| ) | |
| Shelley von Brincken, ) | Adv. Case No.  13-01436 (MG) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GMAC Mortgage, LLC, or assignee, ) | |
| ETS Services, LLC, Ocwen Loan ) | |
| Servicing, LLC, and Does 1-20, ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------- ) | |

## JOINT MOTION OF RESCAP LIQUIDATING TRUST AND RESCAP BORROWER CLAIMS TRUST FOR (I) DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b) AND FRCP 12(b)(6) AND (II) DISALLOWANCE OF PROOF OF CLAIM NUMBER 441 FILED BY PLAINTIFF

# TABLE OF CONTENTS

**Page(s)**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   JURISDICTION AND VENUE ............................................................... 2

III.  BACKGROUND .................................................................................. 2

      A.    General Bankruptcy Case Background ......................................... 2

            (i)    General Overview ............................................................ 2

            (ii)   Claim Specific Background .............................................. 4

      B.    Events Giving Rise to the Adversary Proceeding ......................... 5

            (i)    Origination and Foreclosure of Plaintiff's Loan ................ 5

            (ii)   Plaintiff's Prior Litigation Against the Debtor Defendants ...... 6

      C.    The Adversary Proceeding ......................................................... 7

      D.    The Proof of Claim .................................................................. 8

IV.   ARGUMENT ..................................................................................... 9

      A.    The Adversary Proceeding Should Be Dismissed Pursuant to  Bankruptcy
            Rule 7012(b) and FRCP 12(b)(6) ............................................. 9

            (i)    Legal Standard ............................................................... 9

            (ii)   Plaintiff Lacks Standing to Enforce the FRB Consent Order
                   Against GMACM ......................................................... 11

            (iii)  Plaintiff's Claims are Barred by Res Judicata and Judicial Estoppel ...... 11

      B.    The Proof of Claim Should Be Disallowed and Expunged ............... 15

            (i)    Legal Standard ............................................................. 15

            (ii)   Analysis ...................................................................... 16

V.    CONCLUSION .................................................................................. 16

## TABLE OF CONTENTS
(continued)

EXHIBITS:

Exhibit 1:       Priore Declaration
          Exhibit A:       FRB Consent Order
          Exhibit B:       Note
          Exhibit C:       Deed of Trust
          Exhibit D:       Notice of Default and Election to Sell Under Deed of Trust
          Exhibit E:       Trustee's Deed Upon Sale
          Exhibit F:       Original Petition filed in 2010 Action
          Exhibit G:       Amended Original Petition filed in 2010 Action
          Exhibit H:       Second Amended Complaint filed in 2010 Action
          Exhibit I:       2010 Dismissal Order
          Exhibit J:       Docket Report for 2010 Action
          Exhibit K:       FDCPA Complaint
          Exhibit L:       Order Dismissing FDCPA Complaint
          Exhibit M:       Order & Findings and Recommendations on FDCPA Complaint
          Exhibit N:       Docket Report for FDCPA Action
          Exhibit O:       Proof of Claim
          Exhibit P:       Plaintiff's Response to Borrower Request Letter

Exhibit 2:       Proposed Order Dismissing Adversary Proceeding
Exhibit 3:       Proposed Order Disallowing Proof of Claim

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Aegis Realty Corp. v. Langer (In re Aegis Realty Corp.),
    301 B.R. 116 (Bankr. S.D.N.Y. 2003)......................................................................12

Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortgage Bankers
    Corp.),
    324 F.3d 12 (1st Cir. 2003)..................................................................................12

Bernheim v. Litt,
    79 F.3d 318 (2d Cir. 1996).................................................................................9

Brass v. American Film Technologies, Inc.,
    987 F.2d 142 (2d Cir. 1993)..............................................................................10

Busick v. Workmen's Compensation Appeals Board,
    500 P.2d 1386 (Cal. 1972)................................................................................13

Cal-Micro, Inc. v. Cantrell (In re Cantrell),
    329 F.3d 1119 (9th Cir. 2003)..........................................................................14

Chase v. Chase (In re Chase),
    392 B.R. 72 (Bankr. S.D.N.Y. 2008)...........................................................13, 14

Corbett v. MacDonald Moving Services, Inc.,
    124 F.3d 82 (2d Cir. 1997)...............................................................................13

Dana Point Safe Harbor Collective v. Superior Court of Orange County,
    243 P.3d 575 (Cal. 2010).................................................................................15

Dennis v. Rhode Island Hospital Trust National Bank,
    744 F.2d 893 (1st Cir. 1984)............................................................................13

Exchange National Bank of Chicago v. Touche Ross & Co.,
    544 F.2d 1126 (2d Cir. 1976)...........................................................................15

Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394 (1981).....................................................................................14, 15

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010)................................................................16

Gazes v. Delprete (In re Clinton St. Food Corp.),
    254 B.R. 523 (Bankr. S.D.N.Y. 2000)................................................................12

Harmon v. Kobrin (In re Harmon),
    250 F.3d 1240 (9th Cir. 2001) ..............................................................................14

Hall v. Hodgkins,
    305 Fed. Appx. 224 (5th Cir. 2008)......................................................................12

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995)..................................................................................10

HSBC Bank USA, National Association v. Adelphia Communications Corp.,
    Nos. 07-CV-553A(RJA), 07-CV-555A(RJA) ........................................................13

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v.
    Oneida, Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
    2010) .....................................................................................................................15

In re Rockefeller Center Properties,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Center
    Properties (In re Rockefeller Center Properties), 266 B.R. 52 (S.D.N.Y. 2001), aff'd,
    46 Fed. Appx. 40 (2d Cir. 2002)............................................................................16

Iwachiw v. N.Y. City Board of Elections,
    126 Fed. Appx. 27 (2d Cir. 2005)..........................................................................11

Kelley v. S. Bay Bank (In re Kelley),
    199 B.R. 698 (B.A.P. 9th Cir. 1996)......................................................................13

McCarthy v. Dun & Bradstreet Corp.,
    482 F.3d 184 (2d Cir. 2007)..................................................................................10

Neitzke v. Williams,
    490 U.S. 319 (1989).................................................................................................9

Norris v. Hearst Trust,
    500 F.3d 454 (5th Cir. 2007) ................................................................................10

Papasan v. Allain,
    478 U.S. 265 (1986)..............................................................................................10

Rodi v. S. New England School of Law,
    389 F.3d 5 (1st Cir. 2004)......................................................................................12

Starr v. Sony BMG Music Entertainment,
    592 F.3d 314 (2d Cir. 2010)...................................................................................10

Sure-Snap Corp. v. State Street Bank & Trust Co.,
    948 F.2d 869 (2d Cir. 1991)..............................................................................12, 13

Teltronics Services, Inc. v. L. M. Ericsson Telecommunications, Inc.,
    642 F.2d 31 (2d Cir. 1981)....................................................................................................15

**STATUTES**

11 U.S.C. 502(b)(1) ....................................................................................................................16

11 U.S.C. § 502(a) ......................................................................................................................15

**OTHER AUTHORITIES**

FED. R. APP. P. 4(a)(1)(A)..............................................................................................................7

Fed. R. Evid. 201(b), (c) ..............................................................................................................10

The ResCap Liquidating Trust (the "Liquidating Trust"), as successor in interest to Defendants GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS" and, together with GMACM, the "Debtor Defendants"), each a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively with all affiliated debtors and debtors in possession, the "Debtors") and the ResCap Borrower Claims Trust (the "Borrower Trust" and, together with the Liquidating Trust, the "ResCap Trusts"), submit this joint motion (the "Motion") to (i) dismiss the above-referenced adversary proceeding (the "Adversary Proceeding") commenced by *pro se* plaintiff Shelley von Brincken ("Plaintiff") for failure to state a claim upon which relief can be granted and to (ii) disallow proof of claim number 441 (the "Proof of Claim") filed by Plaintiff.  In support hereof, the ResCap Trusts submit the Declaration of Kathy Priore, dated January 25, 2016 (the "Priore Decl."), attached hereto as Exhibit 1, and respectfully represent:

## I.    PRELIMINARY STATEMENT

1.    The Plaintiff's Adversary Proceeding should be dismissed under principles of res judicata and collateral estoppel.  Each of the claims asserted in this action arise out of Plaintiff's allegations that GMACM wrongfully foreclosed on her mortgage loan.  Those claims have already been litigated and dismissed by the U.S. District Court for the Eastern District of California (the "California District Court").  Plaintiff seeks to avoid the preclusive effect of the California District Court's prior ruling by arguing that her claims are based on GMACM's alleged violation of the FRB Consent Order (defined below).  However, Plaintiff has no private right to enforce that judgment against GMACM, and her creative attempts to plead new legal theories cannot escape the fact that a court of competent jurisdiction has already conclusively determined that GMACM's foreclosure was not improper.  Thus, Plaintiff is barred under

principles of res judicata and collateral estoppel from asserting any additional claims sounding in

wrongful foreclosure against the same defendants before this Court.  Accordingly, the Adversary

Proceeding should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon

which relief can be granted.

2.      In addition, to the extent the Court dismisses the Adversary Proceeding,

the Proof of Claim, which is based on the same underlying allegations regarding GMACM's

wrongful foreclosure asserted in the Adversary Proceeding, should be disallowed and expunged

from the Claims Register (defined below).

## II.      JURISDICTION AND VENUE

3.      The Court has jurisdiction over this Motion as a core proceeding pursuant

to 28 U.S.C. §§ 157 (a) and 1334(b).  Pursuant to Rule 7012-1 of the Local Rules of Bankruptcy

Procedure, the ResCap Trusts consent to the entry of final orders or judgment by the Court if it is

determined that the Court, absent consent of the parties, cannot enter final orders or judgment

consistent with Article III of the United States Constitution.  Venue is proper under 28 U.S.C.

§ 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy

Code and Bankruptcy Rules 3007 and 7012.

## III.      BACKGROUND

A.      **General Bankruptcy Case Background**

(i)      **General Overview**

4.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 cases are being

jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     At the time the Debtors filed these Chapter 11 cases, Residential Capital,

LLC ("ResCap") and GMACM were parties to a Consent Order dated April 13, 2011 with the

Board of Governors of the Federal Reserve System and the Federal Deposit Insurance

Corporation (the "FRB Consent Order").  See Priore Decl. at ¶ 6.

6.     On November 21, 2012, this Court entered an order approving the sale of

the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("Ocwen").[1]

7.     On February 15, 2013, the Ocwen sale closed.

8.     On December 11, 2013, the Court entered an *Order Confirming Second

Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official

Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the

Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and,

among other things, the Borrower Trust and the ResCap Liquidating Trust were established

[Docket No. 6137].

9.     The Plan provides for the creation and implementation of the Liquidating

Trust, which, among other things, is "authorized to make distributions and other payments in

accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind

down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order

¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with

---

[1]     See *Order under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving
(A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of
Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and
(II) Granting Related Relief* [Docket No. 2246].

3

broad authority over the post-confirmation liquidation and distribution of the Debtors' assets.
See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

10.    The Plan also provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

**(ii)    Claim Specific Background**

11.    On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[2]

---

[2]    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 2, 3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

ny-1142882

13.     On March 21, 2013, the Court entered an order (the "Procedures Order") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "Borrower Claims," and the procedures relating thereto, the "Borrower Claims Procedures"). The Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claims Procedures require that, prior to objecting to certain categories of borrower claims, individual borrowers must be furnished with a letter requesting additional documentation in support of the purported claim (a "Request Letter"). (See Procedures Order at 4).

14.     On June 21, 2013, the Debtors sent Plaintiff a Request Letter pursuant to the Borrower Claims Procedures. See Priore Decl. at ¶ 20.

**B.     Events Giving Rise to the Adversary Proceeding**

  **(i)     Origination and Foreclosure of Plaintiff's Loan**

15.     Plaintiff was a borrower under a mortgage loan (the "Loan") that was originated by Mortgageclose.com, Inc. ("Lender") on or about January 14, 2009. See Priore Decl. at ¶ 7. The Loan was evidenced by a note in the amount of $220,000.00 (the "Note"), which was secured by real property located at 14738 Wolf Rd., Grass Valley, California 95949 (the "Property") pursuant to a deed of Trust (the "Deed of Trust") executed contemporaneously with the Note. Id. Non-Debtor GMAC Bank purchased the loan from Lender. GMACM purchased the loan from GMAC Bank and transferred its interest to the Federal National Mortgage Association ("Fannie Mae"). Id.

16.     As a result of Plaintiffs' continuing default under the Loan, GMACM, acting in its capacity as servicer on behalf of Fannie Mae, initiated a non-judicial foreclosure

with respect to the Property. <u>See</u> Priore Decl. at ¶ 8. The trustee's sale occurred on August 31, 2010, where Fannie Mae was the successful bidder for the Property. <u>Id.</u>

17.    On February 15, 2013 servicing of the Property was transferred to Ocwen. <u>See</u> Priore Decl. at ¶ 9.

18.    Upon information and belief, on September 20, 2013, Fannie Mae sold the Property to a third party, Wolf Creek Associates. <u>See</u> Priore Decl. at ¶ 10.

**(ii)    Plaintiff's Prior Litigation Against the Debtor Defendants**

**(a)    Plaintiff's 2010 Action**

19.    On August 10, 2010, Plaintiff, acting *pro se*, filed a complaint in the California District Court, Case No. 2:10-cv-2153 (the "<u>2010 Action</u>"), against Lender and Debtor ETS asserting nonspecific claims arising out of allegations of predatory lending, fraud, and wrongful foreclosure. <u>See</u> Priore Decl. at ¶ 11.

20.    On September 1, 2010, Plaintiff filed an amended complaint adding GMACM as a defendant to the 2010 Action. <u>See</u> Priore Decl. at ¶ 12.

21.    On February 16, 2011, Plaintiff filed a second amended complaint (the "<u>Second Amended 2010 Complaint</u>") in the 2010 Action with the assistance of counsel. <u>See</u> Priore Decl. at ¶ 13. The Second Amended 2010 Complaint asserted claims for: violations of HOEPA, RESPA, TILA, and the Fair Credit Reporting Act; fraudulent misrepresentation; breach of fiduciary duties; unjust enrichment; civil conspiracy; civil RICO violations; quiet title; usury and fraud; wrongful foreclosure; and breach of security instrument.

22.    On June 30, 2011, the California District Court entered an order (the "<u>2010 Dismissal Order</u>") dismissing all counts of the Second Amended 2010 Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). <u>See</u> Priore Decl. at ¶ 14.

23.     Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the time

to appeal the dismissal of the 2010 Action expired on July 30, 2011.  FED. R. APP. P. 4(a)(1)(A).

Plaintiff did not appeal the dismissal of the 2010 Action.  See Priore Decl. at ¶ 15.

**(b)    Plaintiff's 2012 Action**

24.     On June 25, 2012, Plaintiff filed a complaint (the "FDCPA Complaint") in

the California District Court, Case No. 2:12-cv-1689 (the "FDCPA Action"), against GMACM,

MERS, Fannie Mae, and Fannie Mae's counsel in the Unlawful Detainer Action, Pite Duncan

LLP.  See Priore Decl. at ¶ 16.  The complaint asserted claims for violations of the federal Fair

Debt Collection Practices Act based upon the foreclosure of Plaintiff's Loan.

25.     On February 21, 2013, District Court dismissed the FDCPA Complaint on

all counts against all defendants upon a finding that Plaintiff failed to show: (1) that the

defendants were debt collectors within the meaning of the FDCPA, and (2) that the defendants

engaged in debt collection activity.[3]  See Priore Decl. at ¶ 17.

26.     Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the time

to appeal the dismissal of the FDCPA Action expired on March 23, 2013.  FED. R. APP. P.

4(a)(1)(A). Plaintiff did not appeal the dismissal of the FDCPA Action.  See Priore Decl. at ¶ 18.

**C.    The Adversary Proceeding**

27.     On August 26, 2013, Plaintiff filed a complaint (the "Initial Adversary

Complaint") initiating the Adversary Proceeding [AP Docket No. 1].

---

[3]    GMACM took the position that the FDCPA Action was stayed with respect to claims asserted against it in light
of the pending Chapter 11 Cases, but also filed and joined in other parties' motions to dismiss the action.  The
magistrate judge took note of this apparent inconsistency, but determined that it need not resolve the
inconsistency because the bases upon which Pite Duncan moved to dismiss the complaint applied equally to all
defendants.  See Priore Decl. at ¶ 17 n. 2.

28.     On January 21, 2014, Plaintiff filed a motion to amend the Initial Adversary Complaint [AP Docket No. 13].

29.     On January 24, 2014, the Court entered order granting Plaintiff's motion to amend the Initial Adversary Complaint and directing that an amended complaint be filed within 30 days [AP Docket No. 14].

30.     On February 21, 2014, Plaintiff filed an amended adversary complaint [AP Docket No. 15] (the "Amended Adversary Complaint").[4]

31.     The Amended Adversary Complaint asserts claims arising out of GMACM's alleged violation of the FRB Consent Order based on Plaintiff's assertions that: (a) Plaintiff was not in default under her Loan when the foreclosure took place (Amended Adversary Complaint, ¶ 15); (b) Plaintiff did not receive adequate notice of the mortgage default as required under claimant's "contract" (id.); and (c) GMACM used false instruments to foreclose on the Property (id. at ¶ 16).  In connection with these claims, Plaintiff is seeking "the entire value of her home" and costs of suit.  Id. at p. 8.

## D.     The Proof of Claim

32.     On August 27, 2012, Plaintiff filed the Proof of Claim, asserting a secured claim against GMAC Mortgage in the amount of $186,940.72 (which was the amount Fannie Mae paid for the Property at the trustee's sale).  See Exhibit O to Priore Decl.  The Proof of Claim describes the basis for the claim as "Debt Instrument 'Deed of Trust'" and attaches a copy of the Deed of Trust and limited correspondence from GMAC Mortgage regarding the Loan as the only support for the claim.  See id.

---

[4]     The Amended Adversary Complaint was docketed on February 25, 2014.

ny-1142882

33.    Plaintiff supplemented the Proof of Claim by a response to the Request

Letter, which was received by the Debtors on July 22, 2013 (the "Response Letter").  See Priore

Decl. at ¶ 17.  The Response Letter states that the Proof of Claim "is filed based upon a

fraudulent and unlawful non-judicial foreclosure that was commenced on the [Property] by

GMAC Mortgage, LLC on September 3, 2010."  See Exhibit P to Priore Decl.

## IV.    ARGUMENT

**A.    The Adversary Proceeding Should Be Dismissed Pursuant to
       Bankruptcy Rule 7012(b) and FRCP 12(b)(6)**

34.    Bankruptcy Rule 7012 incorporates by reference Rule 12(b)-12(i) of the

Federal Rules of Civil Procedure ("FRCP").  FRCP 12(b) provides that a party may assert

specified defenses by motion, including lack of subject matter jurisdiction, insufficient service of

process, and failure to state a claim upon which relief can be granted, and that a motion asserting

any of these defenses may be made before pleading.  The Adversary Proceeding should be

dismissed pursuant to Bankruptcy Rule 7012(b)(6) because Plaintiff has failed to state a claim

upon which relief can be granted.

**(i)    Legal Standard**

35.    FRCP 12(b)(6) permits dismissal of an action for failure to state a claim

upon which relief can be granted.  For FRCP 12(b)(6) purposes, a court must accept the

plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.

Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  The sole issue raised by a motion to dismiss

pursuant to FRCP 12(b)(6) is whether the facts pleaded, if established, would support a claim for

relief. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  If as a matter of law "it is clear that no

relief could be granted under any set of facts that could be proved consistent with the

allegations," a claim must be dismissed.  Id. at 327 (citation omitted).

9

36.     The Court's review on a motion to dismiss pursuant to FRCP 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  See also Fed. R. Evid. 201(b), (c) ("(b) The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. . . . (c) The court:  (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information."); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007), ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088, 1092 (2d Cir. 1995) (noting that, in connection with a motion to dismiss, a court may consider all papers appended as well as matters of judicial notice).

37.     Moreover, while facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions, which are not entitled to the assumption of truth.  Hirsch, 72 F.3d at 1088, 1092.  A court considering a motion to dismiss can disregard conclusory allegations and judge the complaint only on well-pleaded factual allegations.  Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).  See also Papasan v. Allain, 478 U.S. 265, 286 (1986) (stating that, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

38.     Although complaints drafted by *pro se* plaintiffs are to be "construed liberally," claims asserted by pro se plaintiffs must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with "a fair understanding of what the plaintiff is complaining about and . . . whether there is a legal basis for recovery." Iwachiw v. N.Y. City Bd. of Elections, 126 Fed. Appx. 27, 29 (2d Cir. 2005) (citations omitted).  Plaintiff's Amended Adversary Complaint fails to satisfy this *de minimus* standard.

### (ii)     Plaintiff Lacks Standing to Enforce the FRB Consent Order Against GMACM

39.     The sole cause of action identified in the Amended Adversary Complaint is GMACM's alleged violation of the FRB Consent Order.  See Amended Adversary Complaint at 2.  However, paragraph 30 of the FRB Consent Order expressly provides that "Nothing in this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under this Order."  See FRB Consent Order, attached to Priore Decl. as **Exhibit A**.  Accordingly, by its own terms, the FRB Consent Order cannot be enforced by Plaintiff against GMACM.  For that reason alone, the Amended Adversary Complaint fails to state a claim upon which relief can be granted, and must be dismissed.

### (iii)     Plaintiff's Claims are Barred by Res Judicata and Judicial Estoppel

40.     At its heart, Plaintiff's Amended Adversary Complaint is based on her allegations that GMAC Mortgage wrongfully foreclosed on her Loan.  See, e.g., Amended Adversary Complaint at ¶ 15 (asserting that GMACM breached the FRB Consent Order because Plaintiff was not in default under the Loan and therefore GMACM wrongfully foreclosed on the Property).  However, the issue of whether GMAC Mortgage wrongfully foreclosed has already

been litigated and dismissed on the merits by the California District Court in the 2010 Action.

Thus, Plaintiffs' claims are barred under the doctrines of res judicata and collateral estoppel.

Sure-Snap Corp. v. State St. Bank & Trust Co., 948 F.2d 869, 870 (2d Cir. 1991).  Plaintiff

attempts to avoid the res judicata and collateral estoppel effects of the 2010 Dismissal Order by

repackaging those same claims under a new cause of action—violation of the FRB Consent

Order.  As a matter of law, that attempt also fails.

41.    If, based on the face of the complaint, incorporated documents, matters of

public record, and matters of which a court could take judicial notice, "a successful affirmative

defense appears, then dismissal under FRCP 12(b)(6) is proper."  See, e.g., Hall v. Hodgkins,

305 Fed. Appx. 224, 228 (5th Cir. 2008), Banco Santander de Puerto Rico v. Lopez-Stubbe (In re

Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003).  See also Rodi v. S. New

England Sch. of Law, 389 F.3d 5, 12, 17-19 (1st Cir. 2004) ("[A] properly raised affirmative

defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense

are definitively ascertainable from the complaint and the other allowable sources of information,

and (ii) those facts suffice to establish the affirmative defense with certitude." (citation omitted)).

Thus, where claims and issues are precluded based on res judicata or judicial estoppel, they are

subject to dismissal under FRCP 12(b)(6).  See, e.g., Aegis Realty Corp. v. Langer (In re Aegis

Realty Corp.), 301 B.R. 116 (Bankr. S.D.N.Y. 2003) (dismissing claim on res judicata grounds

on a motion to dismiss by defendant); Gazes v. Delprete (In re Clinton St. Food Corp.), 254 B.R.

523 (Bankr. S.D.N.Y. 2000) (dismissing claim on res judicata and collateral estoppel grounds on

a motion to dismiss by defendants).

42.    Under the doctrine of res judicata, or claim preclusion, litigants, such as

Plaintiff, are not permitted more than "one bite of the apple."  Sure-Snap Corp. v. State St. Bank

12

& Trust Co., 948 F.2d at 870.  Res judicata prevents a party from re-litigating a cause of action,

thereby giving finality to legal proceedings.  Kelley v. S. Bay Bank (In re Kelley), 199 B.R. 698,

702 (B.A.P. 9th Cir. 1996).

   43. To determine whether the doctrine of claim preclusion bars plaintiffs' re-

litigation of their claims, bankruptcy courts in the Second Circuit "consider whether (1) the prior

decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior

court was of competent jurisdiction, and (4) the causes of action were the same." Corbett v.

MacDonald Moving Servs., Inc., 124 F.3d 82, 87-88 (2d Cir. 1997); Busick v. Workmen's Comp.

Appeals Bd., 500 P.2d 1386, 1391-92 (Cal. 1972).  Similarly, under California law, res judicata

bars a claim when:  (1) the prior litigation resulted in a final judgment on the merits; (2) privity

exists between the parties in the prior action and the present action; and (3) the present action or

proceeding relates to the same primary right as did the prior action.  See, e.g., Busick, 500 P.2d

at id.  In addition, "[i]n the bankruptcy context, the Court must also determine 'whether an

independent judgment in a separate proceeding would impair or destroy rights or interests

established by the judgment entered in the first action.'"  HSBC Bank USA, Nat'l Ass'n v.

Adelphia Commc'ns Corp., Nos. 07-CV-553A(RJA), 07-CV-555A(RJA), 07-CV-554A(RJA),

2009 WL 385474, at *11 (W.D.N.Y. Feb. 12, 2009) (citing Corbett, 124 F.3d at 89).

   44. On the other hand, the principle of collateral estoppel, or issue preclusion,

"bars relitigation of any factual or legal issue that was actually decided in previous litigation

'between the parties, whether on the same or a different claim.'"  Dennis v. Rhode Island Hosp.

Trust Nat'l Bank, 744 F.2d 893, 899 (1st Cir. 1984) (quoting RESTATEMENT (SECOND) OF

JUDGMENTS, § 27 (1982)).  As with claim preclusion, "[t]he underlying principle of issue

preclusion is that one who has actually litigated an issue should not be allowed to relitigate it…."

Chase v. Chase (In re Chase), 392 B.R. 72, 80 (Bankr. S.D.N.Y. 2008) (citation and internal

quotation marks omitted).  Under California law, collateral estoppel applies if the following

elements are met:  (1) The issue sought to be precluded from relitigation must be identical to that

decided in a former proceeding; (2) The issue must have been actually litigated in the former

proceeding; (3) The issue must have been necessarily decided in the former proceeding; (4) The

decision in the former proceeding must be final and on the merits; and (5) The party against

whom preclusion is sought must be the same as, or in privity with, the party to the former

proceeding.  See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123 (9th Cir. 2003)

(citing Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001)).

        45.     Here, all the elements of claim preclusion and issue preclusion are

satisfied with respect to the Debtor Defendants, thus barring Plaintiff's prosecution of the

Adversary Proceeding against the Debtor Defendants.  Plaintiff and the Debtor Defendants were

all parties to the 2010 Action, over which the California District Court had proper jurisdiction.

In both the Adversary Proceeding and the 2010 Action, Plaintiff asserted claims against the

Debtor Defendants for fraud, wrongful foreclosure, and breach of Plaintiff's Loan documents.

Compare Second Amended Complaint, attached to Priore Decl. as Exhibit H, at ¶¶ 132-53 with

Amended Adversary Complaint, attached to Priore Decl. as Exhibit O at 2, ¶¶ 15-16.  Pursuant to

FRCP 12(b)(6), the California District Court dismissed all claims against GMACM and ETS for

failure to state a claim.  See Order, attached to Priore Decl. as Exhibit I.  That dismissal became

final upon expiration of the 30 day period to file a notice of appeal of the California District

Court's final order entered on June 30, 2011.  See Docket Report, attached to Priore Decl. as

Exhibit J.  Thus, the California District Court's ruling is a final decision on the merits.  See, e.g.,

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that dismissal under

ny-1142882

FRCP 12(b)(6) is a "judgment on merits"); Teltronics Servs., Inc. v. L. M. Ericsson

Telecommc'ns, Inc., 642 F.2d 31, 34 (2d Cir. 1981), ("Judgments under Rule 12(b)(6) are on the

merits, with res judicata effects . . . ." (quoting Exchange Nat'l Bank of Chi. v. Touche Ross &

Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976))); Dana Point Safe Harbor Collective v. Superior

Court of Orange Cty., 243 P.3d 575, 577 (Cal. 2010) (finding that under California law, "[a]

judgment is the final determination of the rights of the parties (Code Civ. Proc., § 577) when it

terminates the litigation between the parties on the merits of the case and leaves nothing to be

done but to enforce by execution what has been determined." (internal quotations omitted)).

Additionally, the determination of whether Plaintiff stated a claim for relief was essential to the

judgment on the Debtor Defendants' motion to dismiss the 2010 Action.  Accordingly, the

claims sought to be pursued by Plaintiff in the Adversary Proceeding are barred under principles

of res judicata and/or collateral estoppel, thus warranting dismissal.

## B.    The Proof of Claim Should Be Disallowed and Expunged

46.    To the extent the Court determines that principles of res judicata and

collateral estoppel warrant dismissal of the Adversary Proceeding, the Court should also disallow

the Proof of Claim, which is based on the allegations and claims asserted in the Adversary

Proceeding—namely, that GMACM wrongfully foreclosed on Plaintiff's Property.

### (i)    Legal Standard

47.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon

Co. v. Oneida, Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,

15

2010); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom.,

NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props), 266 B.R. 52 (S.D.N.Y. 2001),

aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

48.    Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant

part, that a claim may not be allowed to the extent that "such claim is unenforceable against the

debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C.

502(b)(1).  Furthermore, the burden of persuasion is on the holder of a proof of claim to establish

a valid claim against a debtor.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22

(Bankr. S.D.N.Y. 2010).

**(ii)    Analysis**

49.    Plaintiff's Proof of Claim purports to be based on the Deed of Trust that

secured the Loan prior to foreclosure, and seeks the value of the foreclosed Property.  The

Liquidating Trust, in support of the Borrower Trust, conducted an exhaustive examination of the

Debtors' books and records and concluded that there is no potential basis of liability against the

Debtors that could support the Proof of Claim other than the claims already asserted by Plaintiff

in the 2010 Action and, now, the Adversary Proceeding.  See Priore Decl. at ¶ 5.  As established

above, the Plaintiff lacks standing to assert claims for violation of the FRB Consent Order and

the Adversary Proceeding is barred by res judicata and/or collateral estoppel.  Accordingly, the

Borrower Trust objects to the Proof of Claim, which should be disallowed and expunged for the

same reasons the Adversary Proceeding should be dismissed.

# V.    CONCLUSION

Accordingly, for the reasons set forth herein, the ResCap Trusts respectfully

request that the Court (i) enter an order dismissing the Adversary Proceeding with prejudice,

substantially in the form attached hereto as <u>Exhibit 2</u>; (ii) enter an order disallowing and

expunging the Proof of Claim substantially in the form attached hereto as <u>Exhibit 3</u>; and

(iii) grant such other and further relief as it deems just and proper.

Dated:  January 25, 2016
      New York, New York

<u>/s/ Norman S. Rosenbaum</u>
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
MORRISON & FOERSTER LLP
250 W 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust
and the ResCap Borrower Claims Trust*

17