# **EXHIBIT 1**

**Priore Declaration**

ny-1142882

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| Shelley von Brincken, | Adv. Case No. 13-01436 (MG) |
| Plaintiff, | |
| v. | |
| GMAC Mortgage, LLC, or assignee, ETS Services, LLC, Ocwen Loan Servicing, LLC, and Does 1-20, | |
| Defendants. | |

**DECLARATION OF KATHY PRIORE WITH RESPECT TO THE JOINT MOTION OF RESCAP LIQUIDATING TRUST AND RESCAP BORROWER CLAIMS TRUST FOR (I) DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b) AND FRCP 12(b)(6) AND (II) DISALLOWANCE OF PROOF OF CLAIM NUMBER 441 FILED BY PLAINTIFF**

I, Kathy Priore, hereby declare as follows:

### A.    Declarant's Background and Qualifications

1. I serve as Associate Counsel for The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). During the Chapter 11 Cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of

ny-1219544

the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I joined ResCap on May 1, 2008 as in-house litigation counsel.  Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of residential mortgage-related litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases, including the borrower litigation matters pending before this Court.  In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust in connection with the claims reconciliation process.  I am authorized to submit this Declaration with respect to the *Joint Motion of ResCap Liquidating Trust and ResCap Borrower Claims Trust for (I) Dismissal of Adversary Proceeding Pursuant To Bankruptcy Rule 7012(b) and FRCP 12(b)(6) and (II) Disallowance of Proof of Claim Number 441 Filed by Plaintiff* (the "Motion").[1]

3. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based on my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I, or other Liquidating Trust personnel, have reviewed and analyzed the proof of claim forms and supporting documentation filed by Plaintiff.  Since the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

ny-1219544

Plan went effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust, have continued the claims reconciliation process, including analyzing claims and determining the appropriate treatment of the same. In connection with such review and analysis, where applicable, I, or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my familiarity with the Debtors' Books and Records, information learned from my review of relevant documents, and information I received through my discussions with other former members of the Debtors' management or other former employees of the Debtors and/or the Liquidating Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Motion on that basis.

5.  The Liquidating Trust's personnel have examined the Proof of Claim and the Amended Adversary Complaint and supplemental materials submitted by Plaintiff in support of the Proof of Claim and the Amended Adversary Complaint, as well as the Debtors' Books and Records in order to assess the allegations made in the Proof of Claim and Adversary Complaint. In addition, the Liquidating Trust reviewed documents filed in connection with the Debtors' prior litigation with Plaintiff and correspondence between Plaintiff and the Debtors.

B.  **General Bankruptcy Case Background**

6.  At the time the Debtors filed these Chapter 11 cases, Residential Capital, LLC ("ResCap") and GMACM were parties to a Consent Order dated April 13, 2011 with the

3

Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation (the "FRB Consent Order").  See Consent Order, annexed hereto as **Exhibit A**.

        **C.**        **Origination and Foreclosure of Plaintiff's Loan**

        7.        Plaintiff was a borrower under a mortgage loan (the "Loan") that was originated by Mortgageclose.com, Inc. ("Lender") on or about January 14, 2009.  The Loan was evidenced by a note in the amount of $220,000.00 (the "Note"), which was secured by real property located at 14738 Wolf Rd., Grass Valley, California 95949 (the "Property") pursuant to a deed of Trust (the "Deed of Trust") executed contemporaneously with the Note.  See Note and Deed of Trust, copies of which are annexed hereto as **Exhibits B** and **C**, respectively.  Non-Debtor GMAC Bank purchased the loan from Lender.  GMACM purchased the loan from GMAC Bank and transferred its interest to the Federal National Mortgage Association ("Fannie Mae").

        8.        As a result of Plaintiffs' continuing default under the Loan, GMACM, acting in its capacity as servicer on behalf of Fannie Mae, initiated a non-judicial foreclosure with respect to the Property.  See Notice of Default and Election to Sell Under Deed of Trust, annexed hereto as **Exhibit D**.  The trustee's sale occurred on August 31, 2010, where Fannie Mae was the successful bidder for the Property.  See Trustee's Deed Upon Sale, annexed hereto as **Exhibit E**.

        9.        On February 15, 2013 servicing of the Property was transferred to Ocwen.

        10.        Upon information and belief, on September 20, 2013, Fannie Mae sold the Property to a third party, Wolf Creek Associates.

**D.     Plaintiff's Prior Litigation Against the Debtor Defendants**

**(i)     Plaintiff's 2010 Action**

11.     On August 10, 2010, Plaintiff, acting *pro se*, filed a complaint in the California District Court, Case No. 2:10-cv-2153 (the "2010 Action"), against Lender and Debtor ETS asserting nonspecific claims arising out of allegations of predatory lending, fraud, and wrongful foreclosure. See Original Petition, annexed hereto as **Exhibit F**.

12.     On September 1, 2010, Plaintiff filed an amended complaint adding GMACM as a defendant to the 2010 Action. See Amended Original Petition, annexed hereto as **Exhibit G**.

13.     On February 16, 2011, Plaintiff filed a second amended complaint (the "Second Amended 2010 Complaint") in the 2010 Action with the assistance of counsel. See Second Amended Complaint, annexed hereto as **Exhibit H**.

14.     On June 30, 2011, the California District Court entered an order (the "2010 Dismissal Order") dismissing all counts of the Second Amended 2010 Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). See Order Granting Defendants' Motion to Dismiss, annexed hereto as **Exhibit I**.

15.     Plaintiff did not appeal the dismissal of the 2010 Action. See Docket Report, annexed hereto as **Exhibit J**.

**(ii)     Plaintiff's 2012 Action**

16.     On June 25, 2012, Plaintiff filed a complaint (the "FDCPA Complaint") in the California District Court, Case No. 2:12-cv-1689 (the "FDCPA Action"), against GMACM, MERS, Fannie Mae, and Fannie Mae's counsel in the Unlawful Detainer Action, Pite Duncan

5

ny-1219544

LLP. See Complaint for Violations of the Fair Debt Collections Act under 15 U.S.C. § 1692, annexed hereto as **Exhibit K**.

17.  On February 21, 2013, District Court dismissed the FDCPA Complaint on all counts against all defendants upon a finding that Plaintiff failed to show: (1) that the defendants were debt collectors within the meaning of the FDCPA, and (2) that the defendants engaged in debt collection activity.[2]  See Order and Order & Findings and Recommendations annexed hereto as **Exhibits L** and **M**, respectively.

18.  Plaintiff did not appeal the dismissal of the FDCPA Action. See Docket Report, annexed hereto as **Exhibit N**.

### E. The Proof of Claim

19.  On August 27, 2012, Plaintiff filed the Proof of Claim, asserting a secured claim against GMAC Mortgage in the amount of $186,940.72 (which was the amount Fannie Mae paid for the Property at the trustee's sale). See Proof of Claim, annexed hereto as **Exhibit O**.

### F. Borrower Claims Procedures

20.  On June 21, 2013, the Debtors sent Plaintiff a Request Letter pursuant to the procedures applicable to objections to claims filed by current or former borrowers set forth in the *Order Pursuant to Sections 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) Approving (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3294].

---

[2]  GMACM took the position that the FDCPA Action was stayed with respect to claims asserted against it in light of the pending Chapter 11 Cases, but also filed and joined in other parties' motions to dismiss the action. The magistrate judge took note of this apparent inconsistency, but determined that it need not resolve the inconsistency because the bases upon which Pite Duncan moved to dismiss the complaint applied equally to all defendants. See Order & Findings and Recommendations annexed hereto as **Exhibit M** at 3.

6

ny-1219544

21. Plaintiff sent a response to the Request Letter, which was received by the Debtors on July 22, 2013. See *Clarification for the Basis of the Creditor Claim for Shelley von Brincken Claim #441*, annexed hereto as **Exhibit O**.

Dated: January 25, 2016

/s/ Kathy Priore
Kathy Priore
Associate Counsel for
The ResCap Liquidating Trust

7

ny-1219544