**Exhibit I**

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I to Priore Declaration    Pg 1 of 15

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration.    Pg 2 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 1 of 14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY VON BRINCKEN,<br><br>             Plaintiff,<br><br>      v.<br><br>MORTGAGECLOSE.COM, INC.;<br>CALIFORNIA LAND COMPANY OF<br>NEVADA COUNTY; EXECUTIVE TRUSTEE<br>SERVICES, dba ETS SERVICES, LLC;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; GMAC MORTGAGE,<br>INC.; and DOES 1-20, inclusive,<br><br>             Defendants. | Case No. 2:10-CV-2153-JAM-KJN<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>MOTION TO DISMISS</u> |

This matter comes before the Court on Defendants' GMAC Mortgage, LLC, Executive Trustee Services, and Mortgage Electronic Registration Systems, Inc.'s (collectively "Defendants") Motion to Dismiss (Doc. #65) Plaintiff Shelley Von Brincken's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. #62) for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff opposes the motion (Doc. #67). Defendant Mortgageclose.com, Inc. joined in the Motion to Dismiss (Doc. #66). Plaintiff did not oppose the joinder, accordingly the Court will

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 3 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 2 of 14

consider Mortgageclose.com, Inc. as joined in the motion to dismiss with Defendants. The motion was set for hearing on May 4, 2011, but ordered submitted on the briefs without oral argument.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff borrowed $220,000.00 on January 14, 2009 from Mortgageclose.com, Inc. On the same date she signed a deed of trust securing the properly located 14738 Wolf Rd., Grass Valley, California, as security for the loan. Plaintiff subsequently defaulted on the loan, and a Notice of Default was recorded on April 27, 2011. Thereafter, a Notice of Trustee's Sale was recorded on July 28, 2010, and the property was sold and Trustee's Deed Upon Sale recorded on September 3, 2010. Prior to the Sale on August 11, 2010, Plaintiff filed a Notice of Pendency of Action (Doc. #3) and filed an unsuccessful motion for a Temporary Restraining Order (Doc. #9).

Plaintiff alleges that she is the victim of fraud, predatory lending, and an unlawful foreclosure. Plaintiff was previously pro se, but acquired counsel, who filed the SAC. The SAC alleges problems with the chain of title and the Deed of Trust. Plaintiff further alleges that the purported lender/servicer failed, refused or neglected to work with her to avoid foreclosure. Defendants contend that despite Plaintiffs slew of general allegations about the mortgage banking industry, Plaintiff fails to state a claim against Defendants.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 4 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 3 of 14

## II.  OPINION

### A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a).  "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Id.

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration - Pg 5 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 4 of 14

1 Generally, the court may not consider material beyond the
2 pleadings in ruling on a motion to dismiss for failure to state a
3 claim.  There are two exceptions: when material is attached to the
4 complaint or relied on by the complaint, or when the court takes
5 judicial notice of matters of public record, provided the facts are
6 not subject to reasonable dispute.  <u>Sherman v. Stryker Corp.</u>, 2009
7 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations
8 omitted).  In this case, Plaintiff has attached Exhibits A-N (Doc.
9 #62, Ex. 1) to the SAC.  Plaintiff relies on these documents in her
10 Complaint (several of which are also public record as they are
11 recorded documents), and Defendants do not object to the Court
12 considering the attached documents.  Accordingly, the Court will
13 consider documents A-N in ruling on the motion to dismiss.
14    B.   <u>Claims for Relief</u>
15         1.   <u>Violation of the Home Ownership Equity Protection</u>
                   <u>Act</u>
16
17 Plaintiff alleges that Defendants have violated the
18 Homeownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639.
19 The SAC seeks rescission and damages under HOEPA.  The SAC lumps
20 all the defendants together and does not specifically identify the
21 defendant(s) to whom her allegations pertain.  Defendants argue
22 that Plaintiff fails to state a claim for violation of HOEPA,
23 because her claim is barred by the statute of limitations and the
24 SAC does not sufficiently allege that her loan falls under HOEPA.
25 However, Defendants only attack the portion of Plaintiff's claim
26 seeking damages, and not her claim for rescission.
27    HOEPA is an amendment to the Truth in Lending Act ("TILA"),
28 and therefore is governed by the same remedial scheme and statutes

4

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration - Pg 6 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 5 of 14

1 of limitations as TILA. <u>Hensley v. Bank of New York Mellon</u>, 2010
2 WL 5418862, *4 (E.D. Cal. Dec. 23, 2010); <u>Wadhwa v. Aurora Loan</u>
3 <u>Services, LLC</u>, 2011 WL 1601593, *2 (E.D. Cal. April 27, 2011). The
4 statute of limitations for TILA damages claim is one year from the
5 occurrence of a violation. 15 U.S.C. § 1640(e). Under 15 U.S.C.
6 § 1635(f), TILA rescission claims shall expire three years after
7 the date of consummation of the transaction, or upon sale of the
8 property, whichever occurs first. The limitations period runs from
9 the date of consummation of the transaction. <u>Wadhwa</u>, <u>supra</u> (citing
10 <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986).

> The doctrine of equitable tolling may, in the appropriate circumstance, suspend the limitation period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation.

17 <u>Wadwha</u>, 2011 WL 1601593 at *2 (internal citations omitted).
18      Here, the loan was issued on January 14, 2009, and Plaintiff
19 filed her complaint on August 11, 2010, more than one year later.
20 Plaintiff has included the cursory allegation throughout the SAC
21 that she did not learn of any violations until November 2009, and
22 thus any applicable statute of limitation should run from this
23 date. However, the SAC offers no factual support for Plaintiff's
24 allegation that she was unable to compare the allegedly improper
25 disclosure in the loan documents with the required disclosures
26 under HOEPA, nor does she explain why she could not have learned of
27 the alleged violations within the statutory period. See, e.g.,
28 <u>Wadhwa</u>, 2011 WL 1601593, at *2-3 (declining to apply equitable

5

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration.   Pg 7 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 6 of 14

1  tolling where plaintiffs did not allege why they could not compare
2  disclosure forms or discover the violation during the statutory
3  period). Accordingly, the statute of limitations for Plaintiff's
4  HOEPA damages claim has run, and the Court does not find from the
5  SAC's conclusory tolling allegation that equitable tolling applies.
6  While Plaintiff's HOEPA claim for rescission is timely, Plaintiff
7  has failed to tender the full amount of the loan or alleged ability
8  to tender. See e.g. Little v. Accent Conservatory and Sunroom
9  Designs, 2011 WL 2215816, *3 (S.D. Cal. June 7, 2011). As when
10 alleging a claim for rescission under TILA, plaintiffs must make an
11 offer of complete tender before seeking rescission of the loan. Id.
12     Additionally, Defendants argue that Plaintiff has not shown
13 that HOEPA applies to her loan.  A loan is subject to HOEPA if the
14 loan's annual percentage rate at consummation exceeds by more than
15 ten percent the applicable yield on treasury securities, or the
16 total points and fees payable by the consumer at or before closing
17 exceeds eight percent of the total loan amount or $400.00,
18 whichever is greater.  15 U.S.C. § 1602(aa)(1)(3); 12 C.F.R.
19 §226.32(a)(1).  A HOEPA claim that fails to allege facts showing
20 that the plaintiff's loan satisfies one of the tests cannot
21 withstand a motion to dismiss.  Rendon v. Countrywide Home Loans,
22 Inc., 2009 WL 3126400, *9 (E.D. Cal. 2009).  The SAC states that
23 Plaintiff was required to pay excessive fees that exceeded ten
24 percent of the amount financed.  Taking this allegation as true, as
25 the Court is required, Plaintiff has sufficiently alleged that
26 HOEPA may apply to her loan.  However, because her claim for
27 damages is barred by the statute of limitations, and she has not
28 sufficiently alleged tender so as to maintain her claim for

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 8 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 7 of 14

1 | rescission, the HOEPA claim is dismissed in its entirety.

2 |     2. <u>Violation of the Real Estate Settlement Procedures Act</u>

3 |

4 | Plaintiff alleges that Defendants violated the Real Estate
5 | Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, because
6 | Defendants "accepted charges for the rendering of real estate
7 | services which were in fact charges for other than services
8 | actually performed." SAC ¶71. Defendants argue that the RESPA
9 | claim is barred by the one year statute of limitations and fails to
10 | state a claim.

11 |     The primary ill that section 2607 is designed to
    remedy is the potential for unnecessarily high
12 |     settlement charges caused by kickbacks, fee-splitting,
    and other practices that suppress price competition
13 |     for settlement services. This ill occurs, if at all,
    when the plaintiff pays for the tainted service,
14 |     typically at the closing. 12 U.S.C. § 2614 provides
    that a section 2607 claim may be brought within 1 year
15 |     from the date of the occurrence of the violation.
    Barring extenuating circumstances, the date of the
16 |     occurrence of the violation is the date on which the
    loan closed.
17 |

18 | <u>Solano v. America's Servicing Company</u>, 2011 WL 1669735, *3 (E.D.
19 | Cal. May 3, 2011) (internal citations omitted).

20 | In this case, Plaintiff's loan was made on January 14, 2009.
21 | Thus, her current claim is barred by the statute of limitations.
22 | As discussed above, neither the SAC nor Plaintiff's opposition
23 | brief discuss why she could not have discovered the alleged
24 | violation within the one-year statutory period. Therefore,
25 | Plaintiff has not shown that equitable tolling applies to her
26 | claim. Moreover, the claim itself is devoid of factual support for
27 | her conclusory allegation that Defendants violated RESPA, and is
28 | thus insufficient to state a claim against Defendants. Because

7

1  Plaintiff lumps all Defendants together, it is unclear against whom
2  she intends to bring the claim.  Defendants note in their reply
3  brief that none of them were the original lenders on the loan,
4  therefore none of them were involved at the time that the alleged
5  violations occurred.  Accordingly, the RESPA claim is dismissed.
6              3.    <u>Violation of the Truth in Lending Act</u>
7       Plaintiff alleges that Defendants violated TILA, 15 U.S.C. §
8  1601, et seq., by failing to disclose certain charges in the
9  finance charge shown on the TILA statement.  Plaintiff seeks
10 rescission and alleges that the SAC serves as formal notice of her
11 intent to rescind her loan under TILA.  Defendants assert that
12 Plaintiff cannot state a claim for rescission under TILA, without
13 first alleging that she can tender the amount due on the loan.  To
14 the extent that Plaintiff seeks damages, Defendants argue damages
15 are barred by the one year statute of limitations.
16      The statute of limitations for rescission under TILA is three
17 years.  Accordingly, Plaintiff's claim for rescission is timely.
18 However, as discussed in the HOEPA claim, her claim for damages
19 under TILA is barred, as the statute of limitations has run and she
20 has not made sufficient allegations as to why equitable tolling
21 should apply.  Further, Defendants are correct that Plaintiff must
22 allege tender in order to bring her claim for rescission, and she
23 has not done so.  (See, e.g., <u>Rose v. American Home Mortg.
24 Servicing, Inc.</u>, 2011 WL 2074938, at *2 (E.D. Cal. May 25, 2011).
25 A tender must be one of full performance and must be unconditional
26 to be valid.  <u>Solano</u>, 2011 WL 1669735, at *8.  Plaintiff's
27 allegation that she offered to tender in the letter of rescission
28 (Ex. F. to the SAC), conditioned on receiving approximately 4

                                     8

1  million dollars in damages from Defendants, is not sufficient.
2  Accordingly, the claim for TILA rescission and damages is
3  dismissed.
4           4.    Violation of the Fair Credit Reporting Act
5      Plaintiff alleges that Defendants violated the Fair Credit
6  Reporting Act ("FCRA"), 15 U.S.C. § 1681 by reporting negative
7  information about Plaintiff to the major credit reporting agencies.
8  Defendants argue that Plaintiff has not properly alleged a
9  violation of the FRCA and therefore fails to state a claim against
10 Defendants.
11     There is a private right of action for violations of section
12 1681(S)(2()(b) of the FRCA. Matracia v. JP Morgan Chase Bank, 2011
13 WL 1833092, *3 (E.D. Cal. May 12, 2011).  However, to succeed on
14 such a claim, a plaintiff must allege that she had a dispute with a
15 credit reporting agency regarding the accuracy of an account, that
16 the credit reporting agency notified the furnisher of the
17 information, and that the furnisher failed to take the remedial
18 measures outlined in the statute.  Id.  Here, Plaintiff fails to
19 allege any of these facts.  Accordingly, the FRCA claim is
20 dismissed.
21          5.    Fraudulent Misrepresentation
22     Plaintiff alleges that Defendants fraudulently concealed and
23 misrepresented information about her loan, before and after
24 closing.  Defendants assert that Plaintiff's allegations do not
25 meet the heightened pleading standard for claims of fraud.
26     Rule 9(b)'s heightened pleading standard applies to averments
27 of fraud in all civil cases, regardless of whether or not fraud is
28 an essential element of the claim.  Rule 9(b) proves that in

                                    9

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 11 of 15
Case 2:10-cv-02153-JAM-KJN    Document 74    Filed 06/30/11    Page 10 of 14

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. The required specificity includes the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations. Further, in alleging fraud against multiple defendants, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff to differentiate her allegations when suing more than one defendant." Solano, 2011 WL 1669735, *5-6 (internal citations omitted).

As the SAC does not differentiate between the named defendants, and is not plead with the specificity required by Rule 9(b), Plaintiff's claim for fraudulent misrepresentation is dismissed.

### 6. Breach of Fiduciary Duty

Plaintiff alleges that Defendants breached their fiduciary duty by inducing Plaintiff to enter into a mortgage that was contrary to Plaintiff's intentions and interests. Defendants move to dismiss for failure to prove that a fiduciary relationship existed.

To state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused thereby. Solano, supra, at *6. As a general rule, a loan transaction is an at arms length transaction and there is no fiduciary relationship between the borrower and lender. Further, loan servicers typically do not have a fiduciary relationship with borrowers. Id. The allegations in the SAC that Defendants breached their fiduciary duty are identical to allegations of

10

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 12 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 11 of 14

1  breach of fiduciary duty previously dismissed in Solano, 2011 WL
2  1669735 at *6.  As the allegations in the SAC do not show that
3  these defendants are indeed fiduciaries to Plaintiff, the claim for
4  Breach of Fiduciary Duty is dismissed.
5              7.   Unjust Enrichment
6      Plaintiff alleges that Defendants have been unjustly enriched
7  by receiving fees and benefits from the loan transaction, at the
8  expense of Plaintiff.  Defendants move to dismiss this claim,
9  asserting that that Plaintiff cannot bring a claim for unjust
10 enrichment, and has not shown any wrongful act by Defendants.
11 Under California law, it is well settled that an action based upon
12 an implied-in-fact contract or quasi-contract cannot lie where
13 there exists between the parties a valid express contract covering
14 the same subject matter.  Solano, 2011 WL 1669735 at *7.  Because
15 the SAC alleges the existence of an express contract between the
16 parties that governed the loan transaction, she cannot bring a
17 claim for unjust enrichment based on an alleged implied contract
18 covering the same loan transaction.  Accordingly, the claim for
19 unjust enrichment is dismissed.
20             8.   Civil Conspiracy
21     Plaintiff alleges that Defendants engaged in a conspiracy to
22 further illegal acts in the course of the loan transaction.
23 Defendants move to dismiss this claim, arguing that there is no
24 independent claim for civil conspiracy under California law.
25     Conspiracy is not a cause of action, but a legal doctrine that
26 imposes liability on persons who, although not actually committing
27 a tort themselves, share with the immediate tortfeasors a common
28 plan or design in its perpetration.  Standing alone, a conspiracy

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 13 of 15
Case 2:10-cv-02153-JAM-KJN    Document 74    Filed 06/30/11    Page 12 of 14

```
 1  does no harm and engenders no tort liability.  It must be activated
 2  by the commission of an actual tort.  Further, to allege a civil
 3  conspiracy to defraud, a complaint must meet the particularity
 4  requirement of Rule 9(b).  Solano, supra at *10.  Accordingly, as
 5  Plaintiff does not set forth the basis for her claim of conspiracy,
 6  and as this Court is dismissing all other claims in the SAC upon
 7  which her conspiracy claim could possibly be based, the civil
 8  conspiracy claim is dismissed.
 9              9.   Civil RICO Violations
10       Plaintiff alleges that Defendants participate in a RICO
11  conspiracy to defraud her.  Defendants move to dismiss this claim,
12  arguing that it is not plead with particularity, Plaintiff has not
13  plead any facts to support her allegation of a RICO conspiracy, and
14  has not alleged that Defendants engaged in pattern of activities
15  affecting interstate commerce.  To properly plead a RICO violation
16  for civil damages, a plaintiff must show that defendants, through
17  two or more acts constituting a pattern, participated in an
18  activity affecting interstate commerce.  McAnelly v. PNC Mortgage,
19  2011 WL 318575, *3 (E.D. Cal. Feb. 1, 2011).  As Plaintiff has
20  raised only conclusory allegations without any factual support, and
21  has failed to allege the essential elements of a RICO claim, her
22  RICO conspiracy claim is dismissed.
23              10.  Quiet Title
24       Plaintiff brings a claim to quiet title to the property,
25  seeking full and clear title.  Defendants move to dismiss the claim
26  because Plaintiff has not tendered the amount she owes.  "Under
27  California law, it is well settled that a mortgagor cannot quiet
28  his title against the mortgagee without paying the debt secured."
```

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration    Pg 14 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 13 of 14

Solano, 2011 WL 1669735 at *8. Therefore, to maintain a quiet title claim a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage. A tender must be one of full performance and must be unconditional to be valid. Id. As previously discussed, Plaintiff has not sufficiently alleged tender. Accordingly, the claim to quiet title is dismissed.

   11. Usury and Fraud

Plaintiff alleges that Defendants have committed usury and fraud. Defendants move to dismiss, arguing that Plaintiff lumps all Defendants together, fails to plead with particularity and has not set forth the basis for her usury claim. Under California law, the elements of a fraud claims are (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Solano, 2011 WL1669735 at *9. A claim for fraud in federal court must satisfy Rule 9(b)'s heightened pleading requirements. Id. The elements of a usury claim are (1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan an interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction. A loan that charges an interest rate greater than 10 percent per annum is usurious. Id. As Plaintiff has failed to plead her claim with the required particularity, and has not set forth any facts to support her claim for usury and fraud, the claim is dismissed.

   12. Wrongful Foreclosure

   Plaintiff alleges that Defendant wrongfully foreclosed on her property, because Defendants are not the beneficiaries of the

13

12-12020-mg    Doc 9547-10    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit I
to Priore Declaration.    Pg 15 of 15
Case 2:10-cv-02153-JAM-KJN   Document 74   Filed 06/30/11   Page 14 of 14

1  mortgage.  Defendants contend that Plaintiff must fully tender
2  before she can challenge the foreclosure sale.  To state a wrongful
3  foreclosure claim, a plaintiff must allege a credible tender of the
4  amount of the secured debt.  Solano, supra, at *10.  As discussed
5  above, tender must be one of full performance and must be
6  unconditional to be valid.  Plaintiff makes no such unconditional
7  tender in the SAC, accordingly, the motion to dismiss this claim is
8  granted.
9         13.  Breach of Trust Instrument
10     Lastly, Plaintiff brings a claim captioned "Breach of Trust
11 Instrument" in which she alleges that the security instrument was
12 breached.  Defendants move to dismiss alleging that Plaintiff's
13 claim is vague, and that plaintiff has not set facts showing
14 wrongful acts or damages to support her claim.  Identical
15 allegations were dismissed as conclusory, vague and insufficient to
16 inform each defendant of its liability for breach of the security
17 instrument in Matracia v. JP Morgan Chase Bank, 2011 WL 1833092,
18 at*6 (E.D. Cal. May 12, 2011) (dismissing a complaint brought by
19 Plaintiff's counsel).  This Court likewise finds that Plaintiff has
20 failed to state claim for breach of the security instrument, and
21 the claim is dismissed.
22                         III. ORDER
23      Plaintiff has already amended her complaint twice and has yet
24 to properly plead her claims. Thus it is clear that none of the
25 claims can be saved by further amendment. Accordingly, all of the
26 claims in the SAC are dismissed with prejudice.
27     IT IS SO ORDERED.
28 Dated: June 30, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE