**Exhibit M**

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 2 of 12
Case 2:12-cv-01689-GEB-CKD   Document 27   Filed 01/25/13   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY VON BRINCKEN, | |
| Plaintiff, | No. 2:12-cv-01689-GEB-CKD PS |
| vs. | |
| GMAC MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, THE LAW OFFICES OF PITE DUNCAN, LLP., | ORDER & <br> FINDINGS AND RECOMMENDATIONS |
| Defendants. / | |

   This action arises from a residential mortgage loan obtained by plaintiff on January 14, 2009 for property located in Grass Valley, CA.  Plaintiff proceeds pro se in this action, which was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Pending before the undersigned are two motions to dismiss filed by defendants Pite Duncan LLP ("Pite Duncan") (dkt. 8), Mortgage Electronic Registration System, Inc. ("MERS")(dkt. 18) and GMAC Mortgage ("GMAC")(dkt. 18).  Also before the undersigned is GMAC's Letter Brief Re: Bankruptcy Stay requesting that the entire action be stayed.  Dkt. 23.

   Pite Duncan's motion to dismiss (dkt. 8) was originally noticed for hearing on September 26, 2012 and subsequently reset by the court for hearing on October 17, 2012.  Dkts.

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 3 of 12
Case 2:12-cv-01689-GEB-CKD   Document 27   Filed 01/25/13   Page 2 of 11

1  8, 11.  When plaintiff failed to file an opposition, the motion was submitted on the record

2  without oral argument.  Dkt. 12.  Subsequently, plaintiff filed a belated opposition to the motion

3  on October 10, 2012 ("first opposition").  Dkt. 13.  Defendant GMAC filed a Notice of

4  Bankruptcy and Effect of Automatic Stay on October 23, 2012.  Dkt. 16.  Nevertheless, GMAC

5  and defendant MERS moved to join in Pite Duncan's motion to dismiss (dkt. 17) and also filed

6  their own motion to dismiss on October 26, 2012 (dkt. 18).  Plaintiff filed a belated opposition to

7  GMAC and MERS' motions on November 21, 2012 ("second opposition").[1]  Dkt. 24.  All

8  motions remained submitted on the record.

9        Upon consideration of the briefs in support of and in opposition to the motions to

10 dismiss, and also upon considering GMAC's notice of bankruptcy, the court now FINDS AS

11 FOLLOWS:

12 BACKGROUND

13       The background facts are taken from the complaint as well as from Pite Duncan's

14 motion to dismiss and the exhibits attached thereto.[2]  See Dkt. 8.  On January 14, 2009, plaintiff

15 executed a promissory note in the amount of $220,000.00 ("the loan"), which was secured by a

16 deed of trust encumbering real property located at 14738 Wolf Rd., Grass Valley, CA 95949

17 ("the property").  Dkt. 8-3 at 3-4.  Defendant GMAC was the lender and servicer of the loan and

18 MERS was the beneficiary who held the right to take any action required of the lender.  Dkt. 1 at

19 7; Dkt. 8-3.  Subsequently, plaintiff defaulted on the loan (dkt. 8-3 at 21) and the property was

20 foreclosed-upon and sold to FNMA at a trustee's sale on August 31, 2010 (dkt. 8-3 at 24,27).  On

21 October 18, 2010, Pite Duncan (counsel for FNMA), filed an unlawful detainer action against

22 plaintiff in Nevada County Court.  Dkt. 8-4 at 2.  Thereafter, the parties stipulated that while

23 FNMA was entitled to possession of the property, plaintiff could remain there as an occupant

---

[1] Though styled as a Motion to Stop Sale of Home, the court construes this as an opposition to MERS and GMAC's motion to dismiss.  Dkt. 24.

[2] Plaintiff does not object to any of the exhibits or background facts.

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 4 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 3 of 11

1  until April 8, 2012. Dkt. 8-4 at 17. But plaintiff did not vacate the property and instead filed
2  Chapter 7 and Chapter 13 Bankruptcy Petitions — both of which have been dismissed (see
3  Register of Actions, Bkrtcy. E.D. Cal., Nos. 12-29795, 12-32776) — along with the instant
4  litigation (dkt. 1).
5      The complaint, filed on June 25, 2012, alleges violations of the Fair Debt
6  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against four defendants. Dkt. 1.
7  The motions to dismiss claim that plaintiff has failed to show: (1) that defendants are debt
8  collectors within the meaning of the FDCPA, and (2) that defendants engaged in debt collection
9  activity. Dkts. 8, 18.
10     With respect to GMAC's bankruptcy proceedings, GMAC takes the position that
11 despite having filed and joined in motions to dismiss the complaint, those motions cannot be
12 resolved at this time on account of the automatic stay to which GMAC is subject. Dkt. 23 at 1.
13 GMAC further contends that this entire action should be stayed pending resolution of its
14 bankruptcy petition and that it will provide the court with "regular, quarterly updates regarding
15 the status of its bankruptcy case." Dkt. 23 at 1. None of the parties have filed a reply to
16 GMAC's position.
17 DISCUSSION
18     Although GMAC provides no explanation for the inconsistency in its position of
19 filing and joining in motions to dismiss on a claim that it does not believe can be presently
20 prosecuted, the court need not resolve this inconsistency. The bases upon which Pite Duncan
21 moves to dismiss the complaint apply equally to all defendants, including GMAC, MERS and
22 FNMA (who has not appeared in this action). This is true because all defendants stand in a
23 position of liability identical to that of Pite Duncan, and resolution of plaintiff's claims can be
24 made by considering the complaint on its face regardless of which defendants move to dismiss.
25 See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981)("A District Court may
26 properly on its own motion dismiss an action as to defendants who have not moved to dismiss

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 5 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 4 of 11

1  where such defendants are in a position similar to that of moving defendants or where claims
2  against such defendants are integrally related."), Columbia Steel Fabricators, Inc. v. Ahlstrom
3  Recovery, 44 F.3d 800, 802 (9th Cir. 1995) (citing to Silverton and upholding sua sponte
4  summary judgment based on res judicata in favor of non-appearing party), Abagninin v.
5  AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (dismissing with prejudice non-
6  served defendants who were in a similar position to other defendants and where plaintiff could
7  not allege essential elements of the action applicable to all defendants), McFadden v. Deutsche
8  Bank Nat. Trust Co., 2012 WL 2839810, at *1 (E.D. Cal. 2012) (dismissing non-appearing
9  defendant whose liability was not different from that of appearing defendants).

10        In considering a motion to dismiss for failure to state a claim upon which relief
11  can be granted, the court must accept as true the allegations of the complaint in question,
12  Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable
13  to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

14        In order to avoid dismissal for failure to state a claim a complaint must contain
15  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
16  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other
17  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
19  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
21  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
22  at 678.

23                    Defendant's Request for Judicial Notice
24        Pite Duncan asks the court to take judicial notice of ten documents attached to its
25  motion to dismiss. See Dkt. 82. In ruling on a motion to dismiss pursuant to Rule 12(b), the
26  court "may generally consider only allegations contained in the pleadings, exhibits attached to the

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 6 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 5 of 11

1  complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of
2  Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). "A judicially noticed fact must be one not subject
3  to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of
4  the trial court or (2) capable of accurate and ready determination by resort to sources whose
5  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Consideration of these
6  documents outside the complaint will not convert the motion into a motion for summary
7  judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003).
8      Here, the court takes judicial notice of the ten exhibits[3] submitted by Pite Duncan
9  because they are all public records whose accuracy cannot reasonably be questioned. See Mack
10 v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other
11 grounds) (allowing judicial notice to be taken of records and reports of administrative bodies).
12 Plaintiff does not object to defendant's request and they are all the proper subject of judicial
13 notice.
14              The FDCPA
15     Plaintiff alleges that defendants violated the FDCPA by "wanton disregard for
16 [plaintiff's] settlement before and after tender." Dkt. 1 at 2. Although it is unclear throughout
17 the complaint which defendant is being referred to, plaintiff appears to believe that Pite Duncan
18 violated the statute by responding (via letter) to plaintiff's request to repurchase the property now
19 owned by FNMA, and also by filing an unlawful detainer action. See Dkt. 1 at 3. Plaintiff also
20 appears to allege that FNMA is the party to whom plaintiff owes a debt which Pite Duncan
21 attempted to collect. Id. Defendant moves to dismiss on the grounds that plaintiff has failed to
22 allege that any defendants are debt collectors within the meaning of the statute and that plaintiff
23 has not identified a debt or debt collection activity as contemplated by the act. See Dkt. 8.

---

25      [3]Exhibit A is a deed of trust; Exhibit B is a notice of default on the property; Exhibit C is
   a notice of the trustee's sale of the property; Exhibit D is a trustee's deed upon sale of the
26 property and; Exhibits E through J are court records. See Dkt. 8-2.

5

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 7 of 12
Case 2:12-cv-01689-GEB-CKD   Document 27   Filed 01/25/13   Page 6 of 11

1  Because these arguments have merit and dispose of the claim entirely, the court need not reach
2  defendant's remaining argument.[4]

3  The FDCPA prohibits a "debt collector" from using "any false, deceptive, or
4  misleading representation or means in connection with the collection of any debt." 15 U.S.C. §
5  1692e.  For purposes of the FDCPA, a "debt collector" is "any person who uses any
6  instrumentality of interstate commerce or the mails in any business the principal purpose of
7  which is the collection of any debts, or who regularly collects or attempts to collect, directly or
8  indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  A
9  debt is "any obligation or alleged obligation of a consumer to pay money arising out of a
10 transaction in which the money, property, insurance, or services which are the subject of the
11 transaction are primarily for personal, family, or household purposes . . . . " 15 U.S.C. §
12 1692a(5).

13  To state a claim under the FDCPA, a plaintiff must allege that the defendant is a
14 debt collector as defined by the statute.  Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193,
15 1198-99 (C.D. Cal. 2008) (the FDCPA only applies to debt collectors).  Specifically, plaintiff
16 must demonstrate that each defendant "regularly collects or attempts to collect, directly or
17 indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
18 Although plaintiff makes the bare assertion that "[d]efendant(s) are a 'debt collector' within the
19 meaning of 15 U.S.C. § 1692a(6)," no facts are provided in support of that conclusory allegation.
20 See Iqbal, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported
21 by mere conclusory statements do not suffice.")  Plaintiff does not specify which "defendant[s]"
22 she is referring to and fails to include factual allegations with respect to any of them.  In her first

---

[4] Pite Duncan argues that, in light of the bankruptcy petition, plaintiff lacks standing to pursue this claim further but that the motion to dismiss should be sustained without leave to amend. Dkt. 8-1 at 6. However, both of plaintiff's bankruptcy petitions have since been dismissed and the motions to dismiss still stand against her. See Register of Actions, Bkrtcy. E.D. Cal., No. 12-32776.

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 8 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 7 of 11

opposition, plaintiff recites the allegation that each of the defendants is a debt collector within the meaning of the statute. Dkt. 13 at 6. Plaintiff then cites to allegations that simply do not appear in the complaint but which nevertheless, do not bring any defendant within the definition of debt collector under § 1692a(6).[5] Accordingly, plaintiff fails to sufficiently allege that any of the defendants are debt collectors and so fails to state a claim under the FDCPA. See Izenberg, 589 F.Supp.2d at 1199.

Plaintiff's claim also fails because she cannot identify a cognizable debt or any debt collection activity engaged in by any of the defendants. See 15 U.S.C. § 1692a(5). It appears that plaintiff intends the debt "relating to real property that was made in City of Grass Valley, State of California," to form the basis of her FDCPA claim — in other words, the $220,000.00 loan she obtained to purchase the property. See Dkt. 1. But plaintiff has failed to allege how any actions of the defendants constitute the collection of that debt.

If plaintiff intends the foreclosure and sale of the property to be the collection of debt, that activity is not cognizable under the FDCPA. The majority of district courts in this circuit, and specifically in California, have held that the non-judicial foreclosure on a property pursuant to a deed of trust does not constitute debt collection for purposes of the FDCPA. As one district court put it:

> "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property."

---

[5] In the first opposition, plaintiff alleges that each defendant "is liable for the acts of all defendants collectively because he sets and approves [FNMA's] collection policies practices, procedures, and he directed the unlawful activities described herein" and "[a]t all times herein mentioned, each of the Defendants was an officer, director, agent, servant , employee and/or joint centrues of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture." Dkt. 13 at 6. These allegations do not describe a "debt collector" under § 1692a(6).

7

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 9 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 8 of 11

1   Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); and see e.g.,
2   Quintero Family Trust v. Onewest Bank, 2010 WL 2618729, at *4 (S.D. Cal. 2010) (citing
3   Hulse), Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157, at *3 (N.D. Cal. 2011) (neither
4   notice of the trustee's sale nor the sale itself falls within the scope of the FDCPA), Cardenas v.
5   Reconstruct Co., N.A., 2012 WL 4433306, at *6 (E.D. Cal. 2012) (defendants participating in
6   foreclosure of property pursuant to a deed of trust were not engaged in collection of debt under
7   FDCPA).
8           Plaintiff's allegation that Pite Duncan contacted her on October 18, 2010 "in
9   connection with a debt owed to FNMA" is similarly unavailing.  Most importantly, there are no
10  factual allegations providing a description of that debt.  As Pite Duncan points out in Exhibit E to
11  its motion, it filed the unlawful detainer action against plaintiff on October 18, 2010 on behalf of
12  its client, FNMA.  See Dkt. 8-1 at 9; Dkt. 8-4 at 2.  If plaintiff intends to characterize the
13  unlawful detainer action against her as an attempt to collect a debt, this claim also fails.  Such
14  actions brought subsequent to a foreclosure sale on a deed of trust are not debt collection
15  activities, because they seek to recover property and not money.  See Arvizu v. GMAC Mortg.,
16  LLC, 2011 WL 1087157, at *3-4 (E.D. Cal. 2011), Kalnoki v. First American LoanStar Trustee
17  Services LLC, 2012 WL 3962516, at *3 (E.D. Cal. 2012) (initiating an unlawful detainer action
18  following a foreclosure sale does not run afoul of the FDCPA), Brambila v. Reo Bay Area, LP,
19  2011 WL 4031142, at *5 (N.D. Cal. 2011) (defendants commencing an unlawful detainer action
20  against plaintiff to gain possession of the property is unrelated to the mortgage transaction and
21  therefore, outside the scope of FDCPA).
22          Finally, plaintiff references a letter she received from Pite Duncan on April 10,
23  2012 responding to her earlier correspondence "regarding security of payment for the debt." See
24  Dkt. 1 at 3.  It appears as though plaintiff was requesting to repurchase the property which had
25  previously been foreclosed-upon and sold. Id at 11-12.  The letter she received from Pite Duncan
26  in response to her request cannot be construed as debt collection activity.  Rather, it outlines the

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 10 of 12
Case 2:12-cv-01689-GEB-CKD    Document 27    Filed 01/25/13    Page 9 of 11

1  steps plaintiff must take if she wished to repurchase the property from FNMA, who bought it at
2  the trustee's sale on September 10, 2010. Id at 14. By April 10, 2012, nearly two years after the
3  sale of the property, plaintiff owed no debt on the property and no demand of money was being
4  made of her. Thus, no collection activity was taking place.
5        In the first opposition, plaintiff argues that she has met the pleading standards to
6  state a cause of action under the FDCPA because the perspective of the "least sophisticated
7  consumer" must be applied to any alleged violations. See Dkt. 13 at 5. That standard, however,
8  has nothing to do with the sufficiency of pleadings under the statute. Rather, the least
9  sophisticated consumer perspective applies to whether communications between creditor and
10 debtor violate the FDCPA. See Wade v. Regional Credit Ass'n., 87 F.3d 1098, 1100 (9th Cir.
11 1996). The first opposition also alleges various debt collection activities undertaken by the
12 defendants that purportedly violate the FDCPA. See Dkt. 13 at 6-10. But none of these
13 allegations are found in the complaint and plaintiff cannot raise them for the first time in
14 opposition to a motion to dismiss. See Outdoor Media Group, 506 F.3d at 899 (considering only
15 allegations contained in the complaint, exhibits attached thereto, and matters properly subject to
16 judicial notice on a motion to dismiss). Nonetheless, all of these new allegations concern a
17 "collection letter" which, as discussed above, (supra pp 11-12), is nothing more than a
18 explanation of how plaintiff could repurchase the property from FNMA . See Dkt. 13 at 6-10;
19 Dkt. 1 at 14. Finally, plaintiff raises, for the first time in opposition to the motion to dismiss, a
20 claim under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.
21 Dkt. 13 at 12. In addition to the fact that this claim appears nowhere in the complaint, it fails as a
22 matter of law for the same reasons plaintiff's FDCPA claim fails. Plaintiff pleads no allegations
23 of fact demonstrating that defendants were debt collectors who engaged in debt collection
24 activity.
25       Even considering plaintiff's second opposition, filed on November 21, 2012,
26 plaintiff's claims fail as a matter of law. Nothing in plaintiff's second opposition addresses the

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 11 of 12
Case 2:12-cv-01689-GEB-CKD   Document 29   Filed 01/25/13   Page 10 of 11

1 deficiencies of the complaint raised in the motion to dismiss. In fact, the second opposition does
2 not appear to even address the underlying cause of action. Rather, it is comprised of a panoply of
3 legal statutes, case citations and summaries, and conclusory allegations which appear unrelated to
4 each other and bear no resemblance to the factual allegations contained in the complaint. See
5 Dkt. 24. Moreover, the second opposition contains no factual allegations supporting the legal
6 claims made therein or in the complaint. Thus, having considered both of plaintiff's oppositions
7 to the motion to dismiss, plaintiff still fails to state a claim upon which relief can be granted
8 under the FDCPA.

9       Accordingly, IT IS HEREBY ORDERED that defendant Pite Duncan's request
10 for judicial notice (dkt. 8-2) is GRANTED.

11       It is further RECOMMENDED that:

12       1. Defendant Pite Duncan's motion to dismiss (dkt. 8) be GRANTED,
13       2. All defendants be dismissed; and
14       3. This action be closed.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
17 (14) days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties. Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
20 shall be served on all parties and filed with the court within fourteen (14) days after service of the
21 objections. The parties are advised that failure to file objections within the specified time may
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

12-12020-mg    Doc 9547-14    Filed 01/25/16    Entered 01/25/16 16:03:47    Exhibit M to
Priore Declaration    Pg 12 of 12
Case 2:12-cv-01689-GEB-CKD   Document 27   Filed 01/25/13   Page 11 of 11

1  waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

2  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3      Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9
vonbricken bk mtd2

11