# **Exhibit 1**

ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
YARON SHAHAM (State Bar No. 217192)
wji@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage); and FEDERAL HOME LOAN MORTGAGE CORPORATION

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/17/2015** at 12:19:00 PM

Clerk of the Superior Court
By Rhonda Babers,Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO — CENTRAL DIVISION

| | |
|---|---|
| ROSALIND ALEXANDER-KASPARIK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALLY BANK, fka GMAC MORTGAGE; FEDERAL HOME LOAN MORTGAGE CORPORATION; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE HEREIN; and DOES 1 through 99, inclusive<br><br>Defendants. | Case No. 37-2012-00101531-CU-BC-CTL<br>Assigned for All Purposes to:<br>Hon. Ronald L. Styn<br>Dept. C-62<br><br>**NOTICE OF DEMURRER AND DEMURRER TO THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Request for Judicial Notice and Proposed Order]*<br><br>Date:  October 23, 2015<br>Time:  8:30 a.m.<br>Dept.:  C-62<br><br>Action Filed:  July 31, 2012<br>FAC Filed:  July 31, 2014<br>SAC Filed:  December 22, 2014<br>TAC Filed:  April 14, 2015<br>Trial Date:  Not Set |

21000.0173/4192789.1

NOTICE OF DEMURRER AND DEMURRER TO THIRD AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 23, 2015, at 8:30 a.m., in Department C-62 of the above-entitled Court located at 330 W. Broadway, San Diego, California, Defendant Federal Home Loan Mortgage Corporation ("Defendant" or "Freddie Mac") will and hereby does demur to Plaintiff Rosalind Alexander-Kasparik's ("Plaintiff") Third Amended Complaint.

This Demurrer is made on the grounds that each and every cause of action set forth in the Third Amended Complaint fails to state facts sufficient to constitute a cause of action against Freddie Mac pursuant to Code of Civil Procedure Section 430.10(e), and is uncertain pursuant to Code of Civil Procedure Section 430.10(f).

The Demurrer is based on this Notice, the Demurrer, Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, as well as the Third Amended Complaint and all other papers on file in this action.

DATED: June 17, 2015

SEVERSON & WERSON
A Professional Corporation

By: _____
Yaron Shaham

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage); and FEDERAL HOME LOAN MORTGAGE CORPORATION

21000.0173/4192789.1

1

NOTICE OF DEMURRER TO THIRD AMENDED COMPLAINT

## DEMURRER TO THIRD AMENDED COMPLAINT

Defendant Federal Home Loan Mortgage Corporation ("Defendant" or "Freddie Mac") respectfully demurs to Plaintiff Rosalind Alexander-Kasparik's ("Plaintiff") Third Amended Complaint as follows:

## DEMURRER TO FIRST CAUSE OF ACTION

### (Negligence)

1. The first cause of action for Negligence fails because it does not state sufficient facts to constitute a cause of action. (See Code Civ. Proc., §430.10(e).)

2. Plaintiff's first cause of action for Negligence fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

## DEMURRER TO SECOND CAUSE OF ACTION

### (Promissory Estoppel)

1. The second cause of action for Promissory Estoppel fails because it does not state sufficient facts to constitute a cause of action. (See Code Civ. Proc., §430.10(e).)

2. Plaintiff's second cause of action for Promissory Estoppel fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

DATED: June 17, 2015

SEVERSON & WERSON
A Professional Corporation

By: /s/ Yaron Shaham
Yaron Shaham

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage); and FEDERAL HOME LOAN MORTGAGE CORPORATION

21000.0173/4192789.1

1

DEMURRER TO THIRD AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Rosalind Alexander-Kasparik ("Plaintiff") defaulted on her $314,240 mortgage loan in 2010. Ultimately, the real property located at 1021 Scott Street #149, San Diego, CA 92106 (the "Subject Property") was sold at a July 3, 2012 foreclosure sale. Now Plaintiff sues Defendants GMAC Mortgage, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage)[1] and Federal Home Loan Mortgage Corporation ("Defendant" or "Freddie Mac") based upon the a purported oral agreement to postpone the foreclosure sale.

However, per the stipulation to lift the bankruptcy stay entered into between Plaintiff and GMAC Mortgage, LLC ("GMACM"), the "Borrower may prosecute the equitable claims in the California Litigation (including any appeals) solely to the extent they are asserted for the purpose of defending and unwinding the foreclosure of Borrower's loan . . . ." A copy of the stipulation is attached as Exhibit G to the RJN, page 3. Plaintiff requests damages based upon the negligence and promissory estoppel claims. (See TAC, Prayer for Relief.) Therefore, all claims are stayed against GMACM and pursuing either claim is a violation of the bankruptcy stay. See Notice of Bankruptcy and Suggestion of Automatic Stay, attached as Exhibit H to the RJN, ¶¶5-6.

Nonetheless, as a result of a breach of this oral purported promise, Plaintiff claims that she was denied the opportunity to pursue a loan modification. However, Plaintiff is not entitled to a loan modification and the purported oral agreement is barred by the statute of frauds.

Freddie Mac therefore requests the Court sustain its Demurrer without leave to amend.

---

[1] This case is stayed as to GMAC Mortgage, LLC due to its ongoing Chapter 11 bankruptcy case before the United States Bankruptcy Court, Southern District of New York. On May 19, 2015, GMAC Mortgage, LLC's Notice of Bankruptcy Stay was filed with the Court. (See RJN, Ex. H.)

21000.0173/4192789.1        1

MEMORANDUM OF POINTS AND AUTHORITIES

## II.

## STATEMENT OF FACTS

On or about June 2, 2006, Plaintiff obtained a $314,240 loan from Unitrust Mortgage, Inc. (Deed of Trust, Request for Judicial Notice ("RJN"), Exhibit ("Ex.") A.) Plaintiff's loan payment obligations are secured by a deed of trust recorded against the Subject Property. (Deed of Trust, RJN, Ex. A.)

Due to Plaintiff's default, foreclosure proceedings were initiated against the Subject Property. A notice of default and notice of trustee's sale were recorded against the Subject Property on October 14, 2010 and May 24, 2012, respectively. (Notice of Default, RJN, Ex. B; Notice of Trustee's Sale, RJN, Ex. C.)

Mortgage Electronic Registration Systems, Inc. subsequently assigned the beneficial interest in the Deed of Trust to GMAC Mortgage, LLC. (Assignment of Deed of Trust, RJN, Ex. D.) Plaintiff then grant deeded any interest she had in the Subject Property to Marcellus Alexander, Jr., Trustee of the Scott Street Land Trust on August 17, 2011. (Grant Deed, RJN, Ex. E.)

The Property was ultimately sold at a July 3, 2012 foreclosure sale, and ownership of the Subject Property reverted to GMAC Mortgage, LLC. (Trustee's Deed Upon Sale, RJN, Ex. F.)

## III.

## PLAINTIFF'S NEGLIGENCE CLAIM FAILS

Plaintiff's first cause of action is based on the erroneous theory that defendants owed Plaintiff a fiduciary duty of "the highest obligations of good faith, fair dealing, loyalty and due care in all their dealings with Plaintiff . . . ." (TAC, ¶19). This theory fails for several reasons.

### A.    Plaintiff Is Not Owed A Fiduciary Duty

A fiduciary relationship is a "relation existing between two parties to a transaction wherein one of the parties to a transaction is in duty bound to act with the utmost good faith for the benefit of the other party." (*Herbert v. Lankershim* (1937) 9 Cal.2d 409, 483.) This special relationship "ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he [or she] voluntarily accepts or

1   assumes to accept the confidence, can take no advantage from his [or her] acts relating to the
2   interest of the other party without the latter's knowledge or consent ...." (*Id.*)
3   However, California courts have consistently refused to extend the " 'special relationship'
4   doctrine to include ordinary commercial contractual relationships ..." or to debtor-creditor
5   relationships in particular. (*Girard v. Delta Tower Joint Ventures* (1993) 20 Cal.App.4th 1741,
6   1749 (citations omitted); *Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089,
7   1093 n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in
8   nature."); *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476 ("[B]etween a bank and its
9   loan customers" there is no fiduciary relationship."); *Downey v. Humphreys* (1951) 102
10  Cal.App.2d 323, 332 ("A debt is not a trust and there is not a fiduciary duty relation between
11  debtor and creditor as such.").) Therefore, Freddie Mac owes Plaintiff no fiduciary duty and this
12  cause of action fails as a matter of law.

13  **B.   Plaintiff Is Note Owed A Legal Duty**

14  "An action in negligence requires a showing that the defendant owed the plaintiff a legal
15  duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of
16  injuries suffered by the plaintiff." (*Ann M. v. Pac. Plaza Shopping Ctr.* (1993) 6 Cal.4th 666, 673
17  ("The existence of a duty of care toward an interest of another worthy of legal protection is the
18  essential prerequisite to a negligence cause of action, determined as a matter of law by the court.")
19  (citation omitted); *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49
20  Cal.App.4th 472, 478 ("The existence of a duty of care toward an interest of another worthy of
21  legal protection is the essential prerequisite to a negligence cause of action, determined as a matter
22  of law by the court.").)
23  Plaintiff's negligence claim fails because defendants do not owe Plaintiff a duty of care,
24  much less a fiduciary duty of care, with regards to processing a loan modification application. It is
25  well established that financial institutions generally owe borrowers no duty of care in connection
26  with making or servicing loans. (See, e.g., *Nymark v. Heart Fed. Savings & Loan Ass'n* (1998)
27  231 Cal.App.3d 1089, 1096.) Furthermore, engaging in the loan modification process also does
28  not give rise to a common law duty of care because a loan modification is the renegotiation of loan

21000.0173/4192789.1                            3

terms. (See, e.g., *Williams v. Wells Fargo Bank, N.A.* (C.D. Cal. 2014) 2014 WL 1568857, at *7 ("The Court concludes in accordance with the line of cases holding that loan modification—a renegotiation of the loan's terms—is so related to 'the key functions of a money lender' as to not give rise to an enforceable duty of care to the borrower."); *Robinson v. Bank of Am., N.A.* (N.D. Cal. 2014) 2014 WL 60969, at *4-5; *Badame v. JP Morgan Chase Bank, N.A.* (C.D. Cal. 2014) 2014 WL 585451, at *7; *Gopar v. Nationstar Mortg., LLC* (S.D. Cal. 2014) 2014 WL 1600324, at *5-6; *Sanguinetti v. Citi Mortg., Inc.* (N.D. Cal. 2013) 2013 WL 4838765, at *4-6; *Meyer v. Wells Fargo Bank, N.A.* (N.D. Cal. 2013) 2013 WL 6407516, at *5; *Armstrong v. Chevy Chase Bank, FSB* (N.D. Cal. 2012) 2012 WL 4747165, at *4; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 67.)

Additionally, a duty of care is the exception, not the rule in business transactions where only financial or non-physical loss is at stake. "With rare exceptions, a business entity has no duty to prevent financial loss to others with whom it deals directly"—much less to third parties with whom the business has no direct contractual relationship. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 58-59.) And a supplier or evaluator of information generally owes no duty of care except to its client. (*Paulsen v. CNF Inc.* (9th Cir. 2009) 559 F.3d 1061, 1077.)

Since a lender is free to deny a loan modification application, negligently or otherwise, without fear of liability, it would be anomalous to hold the lender's agent, the loan servicer, liable for negligence in processing the application. That anomaly has led to rejection of similar attempts to hold agents liable to third parties for negligently handling their principals' affairs.[2]

---

[2] *See Sanchez v. Lindsey Morden Claims Servs., Inc.* (1999) 72 Cal.App.4th 249, 251-255 (an insurance claims adjuster owes the insured no duty of care in adjusting his insurance claim); *Adelman v. Associated Internat. Ins. Co.* (2001) 90 Cal.App.4th 352, 369-370 (insurer owes no duty of care to uninsured member of insured homeowners' association); Rest.3d Agency, § 7.02, cmt. d ("Conduct by an agent that breaches a duty owed by the agent to the principal does not subject the agent to liability to a third party who suffers pure economic loss …."); 2 Witkin, Summary of Cal. Law (10th ed. 2005) Agency & Employment, § 199 (same).

1     The goal of a loan modification from the lender's perspective is not to benefit the borrower, but to maximize the lender's return on investment. This is why the law on the subject uses the "net present value" calculation. (Civ. Code, § 2923.6(a); HAMP Supplemental Directive 09-01 (Apr. 6, 2009) p. 4.) A modification is offered only if the lender's anticipated return under the modification is greater than its anticipated recovery through foreclosure. The borrower surely benefits from a loan modification, but the transaction is intended to benefit the lender, not the borrower.

    Thus, as a matter of law, Freddie Mac does not owe Plaintiff a duty of care and the Negligence claim must fail.

### C. An Oral Promise To Postpone A Foreclosure Sale Is Unenforceable

    Plaintiff bases the Negligence claim, in part, on an alleged oral promise to postpone a foreclosure sale while Plaintiff applied for a loan modification. (TAC, ¶20.) However, an oral promise to postpone a foreclosure sale or to allow a borrower to delay payments is unenforceable. (*Garcia v. World Savings Bank, FSB* (2010) 183 Cal.App.4th 1031, 1039.)

    Plaintiff cannot establish her Negligence claims based upon noncompliance with the oral promise. Plaintiff's Negligence claim therefore fails.

## IV.

## PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS

    Plaintiff alleges defendants promised her third-party agent that the foreclosure sale would be postponed pending a loan modification review. (TAC, ¶24.) Plaintiff alleges she relied on the above "promise" by voluntarily refraining from filing bankruptcy, refinancing, or selling the Property. (TAC, ¶26.)

    The doctrine of promissory estoppel is used to provide a substitute for the consideration that ordinarily is required to create an enforceable promise. (*Raedeke v. Gibraltar Savings and Loan Association* (1974) 10 Cal.3d 665, 672.) It "arises when there is a promise that the promisor should reasonably expect to induce action or forbearance of a definite and substantial character by the promisee and that does induce such action or forbearance, and injustice can be avoided only by

the enforcement of the promise." (1 Miller & Starr, California Real Estate, Contracts (3d ed. 2010) §1:52 (citations omitted).)

To properly plead a promissory estoppel claim, Plaintiff must establish the following elements: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." (*Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 225 (citations omitted).) As set forth below, Plaintiff has not, and cannot, satisfy these elements.

### A. Plaintiff Has Not Identified A Clear Promise

To seek enforcement of an alleged promise under promissory estoppel, the promise must be clear and unambiguous in its terms. (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1044.) "To be enforceable, a promise need only be 'definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages.'" (*Id.* at 1045 (citations omitted).) Thus, estoppel will not apply to enforce preliminary negotiations or discussions between the parties. (*Lockheed Missile & Space Co. v. Hughes Aircraft Co.* (N.D. Cal. 1995) 887 F.Supp. 1320, 1325.) Likewise, if extrinsic evidence is needed to interpret a promise, then the promise does not satisfy the requirement that it be clear and unambiguous. (See, e.g., *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 483 (the alleged oral agreement to restructure the borrower's debts was too indefinite to create a legally binding contract).)

Here, Plaintiff does not identify a "clear promise" by defendants. Plaintiff alleges she was notified by her third-party agent the loan modification was not under consideration one day prior to the foreclosure sale. (TAC, ¶14.) Plaintiff then alleges a Freddie Mac employee stated a request to postpone a foreclosure sale would be submitted to GMACM, but also advised Plaintiff to follow-up to "make sure that the sale was actually postponed." (TAC, ¶14.). In short, the alleged promise is not clear and unambiguous; if anything, it reflects preliminary negotiations or discussions between the parties.

MEMORANDUM OF POINTS AND AUTHORITIES

### B. Plaintiff Has Not, And Cannot, Plead Detrimental Reliance

To satisfy detrimental reliance, "the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud." (*Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 555 (citations omitted).) Here, the alleged "act" of detrimental reliance is that Plaintiff did not file bankruptcy or "explore" selling the Property. (TAC, ¶26.) This is insufficient for several reasons.

This "act" is insufficient to support promissory estoppel, as the alleged promise by Wells Fargo was not tethered to a request to refrain from filing bankruptcy. (See *Mehta v. Wells Fargo Bank, N.A.* (S.D. Cal. 2011) 2011 WL 1157861, *3 (holding no detrimental reliance as a matter of law because Wells Fargo never told Plaintiff not to file for bankruptcy).) Plaintiff makes no attempt to claim that defendants instructed Plaintiff to forego filing for bankruptcy. In other words, Plaintiff's speculation as to how she hypothetically would have acted with respect to filing bankruptcy in 2012 is not detrimental reliance. Further, any short sell would be subject to lender approval.

Accordingly, Plaintiff's claim for Promissory Estoppel fails.

### C. There Is No Private Right Of Action Under HAMP

Plaintiff contends that she is third party beneficiary and entitled to a HAMP loan modification review. (TAC, ¶¶28-29.) However, HAMP does not grant any individual the right to enforce its provisions. The Treasury has designated Freddie Mac to serve as compliance officer for HAMP. (*Marks v. Bank of America* (D. Ariz. 2010) 2010 WL 2572988, at *6.) As the compliance agent, Freddie Mac is charged with conducting "independent compliance assessments," including "evaluation of documented evidence to confirm adherence ... to HAMP requirements," such as the evaluation of borrower eligibility:

> Nowhere in the HAMP Guidelines, …, does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted. See Reyes-Gaona v. N.C. Growers Ass'n, 250 F.3d 861, 865 (4th Cir.2001) (reiterating that 'the doctrine of expressio unis

---

21000.0173/4192789.1                         7

MEMORANDUM OF POINTS AND AUTHORITIES

est exclusio alterius instructs that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded.').

(*Id.*)

As there is not a private right of action under HAMP, the Promissory Estoppel claim is tethered to HAMP and must fail as a matter of law.

## V.

## CONCLUSION

For all the reasons stated above, Freddie Mac requests the Court sustain its Demurrer to the Third Amended Complaint without leave to amend.

DATED: June 17, 2015

SEVERSON & WERSON
A Professional Corporation

By: _____
Yaron Shaham

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously sued as Ally Bank, fka GMAC Mortgage); and FEDERAL HOME LOAN MORTGAGE CORPORATION

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On June 17, 2015, I served true copies of the following document(s):

**NOTICE OF DEMURRER AND DEMURRER TO THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

| | |
|---|---|
| Allan Cate, Esq.<br>Law Office of Allan O. Cate<br>7710 Balboa Avenue, Suite 316<br>San Diego, CA  92111 | Attorney for Plaintiff<br>Rosalind Alexander-Kasparik<br><br>Telephone:    (858) 224-5865<br>Facsimile:    (858) 228-9885 |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2015, at Irvine, ~~California~~.

_____
Stephanie A. Crisp

21000.0173/4192789.1

PROOF OF SERVICE