# **Exhibit 2**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 10/23/2015    TIME: 08:30:00 AM    DEPT:  C-62
JUDICIAL OFFICER PRESIDING: Ronald L. Styn
CLERK:  Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  A. Riego

CASE NO: **37-2012-00101531-CU-BC-CTL**  CASE INIT.DATE: 07/31/2012
CASE TITLE: **Alexander-Kasparik vs. Ally Bank [IMAGED]**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE**: Demurrer / Motion to Strike

**APPEARANCES**
Allan Cate, counsel, present for Plaintiff(s).
Note: Counsel for Plaintiff appears late.
Yaron Shaham, counsel, present for Defendant(s), telephonically.

Counsel as noted above submit(s) on the Court's tentative ruling.

The Court CONFIRMS the tentative ruling as follows:

Defendants GMAC Mortgage, LLC and Federal Home Loan Mortgage Corporation's unopposed demurrer to third amended complaint is sustained in its entirety.

*Negligence*

Defendants' demurrer is sustained.  Although allowed leave to amend to plead a negligence cause of action, the third amended complaint relies on allegations of a fiduciary duty owed from Defendants to Plaintiff.  The court previously found that the second amended complaint failed to allege fact sufficient to establish a fiduciary owed by Defendants to Plaintiff. California case law consistently holds that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature."  *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093 citing *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476-478 overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno–Madera Production Credit Association* (2013) 55 Cal.4th 1169, 1182.

It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." (*Morse v. Crocker National Bank* (1983) 142 Cal.App.3d 228, 232 [190 Cal.Rptr. 839].) "A debt is not a trust and there is not a fiduciary relation

12-12020-mg    Doc 9561-2    Filed 01/27/16    Entered 01/27/16 14:34:53    Exhibit 2 - Minute Order    Pg 3 of 4

CASE TITLE: Alexander-Kasparik vs. Ally Bank [IMAGED]   CASE NO: **37-2012-00101531-CU-BC-CTL**

between debtor and creditor as such." (*Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332 [227 Cal.Rptr. 484].) The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.

*Price,* 213 Cal.App.3d at 476.

None of the newly added allegations in the third amended complaint support the finding of a fiduciary duty owed from Defendants to Plaintiff.

To the extent Plaintiff relies on a general negligence duty,

as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 34-35 [161 Cal.Rptr. 516]; *Fox & Carskadon Financial Corp. v. San Francisco Fed. Sav. & Loan Assn.* (1975) 52 Cal.App.3d 484, 488, 489 [125 Cal.Rptr. 549]; *Bradler v. Craig* (1969) 274 Cal.App.2d 466, 473, 476 [79 Cal.Rptr. 401].) Thus, for example, a lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment. (*Wagner v. Benson, supra,* 101 Cal.App.3d at pp. 33-35.) "The success of the [borrower's] investment is not a benefit of the loan agreement which the [lender] is under a duty to protect [citation]." (*Id.,* at p. 34.)[6] "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.' " (*Id.,* at p. 35; quoting *Connor v. Great Western Sav. & Loan Assn.* (1968) 69 Cal.2d 850, 864 [73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224].)

Here, defendant performed the appraisal of plaintiff's property in the usual course and scope of its loan processing procedures to protect *defendant's* interest by satisfying it that the property provided adequate security for the loan. The complaint does not allege, nor does anything in the summary judgment papers indicate, that the appraisal was intended to induce plaintiff to enter into the loan transaction or to assure him that his collateral was sound. Accordingly, in preparing the appraisal, defendant was acting in its conventional role as a lender of money to ascertain the sufficiency of the collateral as security for the loan. "Normal supervision of the enterprise by the lender for the protection of its security interest in loan collateral is not 'active participation' [in the financed enterprise beyond that of the ordinary role of a lender in a loan transaction]." (*Wagner v. Benson, supra,* 101 Cal.App.3d at p. 35.) Thus, we must conclude that defendant owed no duty of care to plaintiff in the preparation of the property appraisal.

*Nymark,* 231 Cal.App.3d at 1096-1097.  Similar to the facts in *Nymark*, the complaint fails to allege Defendants' active participation in the financed enterprise beyond the domain of the usual money lender. As this motion is unopposed, Plaintiff fails to demonstrate a reasonable probability the complaint can be amended to plead a basis for liability under a negligence cause of action against Defendants.  This is Plaintiff's third attempt at amendment.  For these reasons, Defendants' demurrer as to the negligence cause of action is sustained without leave to amend.  *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.  See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

### *Promissory Estoppel*

Defendants' demurrer is sustained.  The court finds, the complaint fails to allege a promise "clear and unambiguous in its terms" as required under *Garcia v. World Sav., FSB* (2010) 183 Cal.App.4th 1031, 1044.  The complaint alleges: "Plaintiff was advised by Emily (at FHLMC) that the sale was being postponed, and that she should check the electronic system to make sure that the sale was actually

12-12020-mg    Doc 9561-2    Filed 01/27/16    Entered 01/27/16 14:34:53    Exhibit 2 - Minute Order    Pg 4 of 4

CASE TITLE: Alexander-Kasparik vs. Ally Bank [IMAGED]    CASE NO: **37-2012-00101531-CU-BC-CTL**

postponed" [TAC ¶ 14].  Such allegations are insufficient to state a clear and unambiguous promise.

Moreover,

[a]s a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable. (*Raedeke, supra,* 10 Cal.3d at p. 673, 111 Cal.Rptr. 693, 517 P.2d 1157; *California Securities Co. v. Grosse* (1935) 3 Cal.2d 732, 733, 46 P.2d 170; *Secrest v. Security National Mortgage Loan Trust 2002–2* (2008) 167 Cal.App.4th 544, 547, 84 Cal.Rptr.3d 275; *Sutherland v. Barclays American/Mortgage Corp.* (1997) 53 Cal.App.4th 299, 312, 61 Cal.Rptr.2d 614; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121, 92 Cal.Rptr. 851; *Stafford v. Clinard* (1948) 87 Cal.App.2d 480, 481, 197 P.2d 84.)

*Garcia,* 183 Cal.App.4th at 1039.

Also, to the extent Plaintiff relies on the Home Affordable Modification Program (HAMP) [TAC ¶¶ 27-28] numerous authorities hold that Plaintiff lacks standing to sue under HAMP.  See, e.g., *Castillo v. Bank of America, N.A.* (S.D. Cal. 2012) 2012 WL 4793240 at *6; *Marks v. Bank of America, N.A.* (D. Ariz. 2010 2010 WL 2572988, at *6.

Despite being given another opportunity to amend, Plaintiff again fails to demonstrate a reasonable probability the complaint can be amended to plead a cause of action for promissory estoppel. Therefore, Defendants' demurrer to the promissory estoppel cause of action is sustained without leave to amend.  *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.  See also, *Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.

Defendants' request for judicial notice is granted.

The court orders Defendants to submit a judgment of dismissal within 10 days of this ruling.

This ruling disposes of this case as to Defendants GMAC Mortgage, LLC and Federal Home Loan Mortgage Corporation.

The Minute Order will be the final order of the court, and the parties shall not submit any further order on this motion.

IT IS SO ORDERED.

_____
Judge Ronald L. Styn