**Bernard J. Kornberg (CSB. 252006)**
**SEVERSON & WERSON**
**A Professional Corporation**
**One Embarcadero Center, Suite 2600**
**San Francisco, California 94111**
**Telephone: (415) 398-3344**
**Facsimile: (415) 956-0439**
**Admitted *Pro Hac Vice***

***Counsel for Ocwen Loan Servicing, LLC and Mira V. Smoot***

**Hearing Date and Time: To Be Set By Court**
**Deadline to Respond: To Be Set By Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |
| Ocwen Loan Servicing, LLC and Mira Smoot,<br><br>Movants,<br><br>Erlinda Abibas Aniel,<br><br>Respondent. | |

## MOTION TO QUASH SUBPOENA

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Movants Ocwen Loan Servicing, LLC ("Ocwen") and Mira V. Smoot ("Smoot") hereby respectfully submit this motion to quash the subpoena of Erlinda Abibas Aniel ("Aniel") demanding a deposition of Smoot pursuant to Federal Rule of Civil Procedure 45(d) as incorporated by Federal Rule of Bankruptcy Procedure 9016.

This is a motion to quash a subpoena issued by Aniel. The subpoena commands that Smoot, a current employee of Ocwen, appear for a deposition on January 29, 2016. The subpoena is entirely defective and must be quashed because:

(1) The subpoena was not served on Smoot personally and witness fees were not tendered;

(2) The subpoena fails to allow a reasonable time to comply as it commands that Smoot appear for a deposition eight days after it was purportedly served; and

(3) The subpoena does not seek relevant evidence and is unduly burdensome as Smoot cannot testify as to any issue currently before the Court.

Pursuant to the instructions of the Court, any hearing will be set by the Court after this motion is filed and served.

## I. PERTINENT FACTS

### A. The Claim Objection

The subpoena arises out of an objection to claim proceeding brought by the Rescap Liquidating Trust (the "Rescap Trust") against several claims made by Aniel and related parties arising out of the foreclose of Aniel's real property.[1]

The Rescap Trust's predecessor in interest, GMAC Mortgage, LLC ("GMAC"), was the servicer of a loan against Aniel's property located at 75 Tobin Clark Drive, Hillsborough, California. Memorandum Opinion, p.6 [Dkt. #8820]. In 2011, HSBC Bank U.S.A. as Trustee for DALT 2007-AO5 ("HSBC"), the owner of the loan, executed an assignment of the deed of

---

[1] Aniel and her clan are vexatious litigants who, having lost numerous proceedings in California, have now moved east in hope of a different result. *See, e.g.*, *Aniel v. Litton Loan Services, L.P.*, Case No. 4:10-cv-00951 (N.D. Cal. 2010); *Aniel v. Aurora Loan Services LLC*, Case No. 4:10-cv-01042 (N.D. Cal. 2010); *Aniel v. T.D. Service Company*, Case No. 3:10-cv-05323 (N.D. Cal. 2010); *Aniel v. GMAC Mortgage, LLC*, Case No. 4:12-cv-04201 (N.D. Cal. 2012); *Aniel v. GMAC Mortgage, LLC*, Case No. 13-03017 (Bankr. N.D. Cal. 2013).

trust to GMAC. Memorandum Opinion, p.8 [Dkt. #8820]. GMAC then proceeded to seek to foreclose on the property, though foreclosure has never occurred due to Aniel's various illegitimate delay tactics. Memorandum Opinion, p.11 [Dkt. #8820].

The Court sustained the claim objection on all but one very limited ground. The 2011 assignment of deed of trust from HSBC to GMAC was executed by Smoot, then an employee and officer of GMAC. Declaration of Mira Smoot (the "Smoot Decl."), ¶¶ 5-6, 8. The Rescap Trust, in order to show that Smoot had authority to execute the assignment on behalf of GMAC, provided a power of attorney from HSBC to GMAC. However, the power of attorney filed by the Rescap Trust in support of the claim objection was executed in 2013 - two years after the assignment of the deed of trust. Memorandum Order, p.34 [Dkt. #8820]. The Court ruled that the Rescap Trust had not provided evidence that HSBC had provided a proper power of attorney to GMAC to allow it act on HSBC's behalf. The Court then overruled the claim objection, without prejudice, solely as to this issue. Memorandum Order, p.34 [Dkt. #8820].

Subsequently, the Court ordered limited briefing on the issue of whether a valid power of attorney from HSBC to GMAC existed in 2011. Order Granting Request for Supplemental Filing [Dkt. # 9051]. The Court then allowed limited discovery on the issue of whether a valid power of attorney existed. Scheduling Order [Dkt. #9435].

**B. The Subpoena**

On January 11, 2016, the Clerk of this Court executed a subpoena arising out of this bankruptcy case and prepared by Aniel. The subpoena commands that Smoot appear at for a deposition in the office of Veritext in Philadelphia on January 29, 2016 at 9:00 a.m. Subpoena, Declaration of Kristina Lofrese (the "Lofrese Decl."), Exhibit A. Ten days later, on January 21, 2016, the county sheriff arrived at Ocwen's offices located at Fort Washington, PA. Lofrese

Decl., ¶ 2. While Smoot does work at this office, she was not in the office on January 21. Smoot Decl., ¶ 3. The sheriff informed Ocwen that it was seeking to serve a subpoena on Ocwen. Lofrese Decl., ¶ 4. The subpoena was then delivered to Krstine Lofrese, a legal assistant for Ocwen. Lofrese Decl., ¶ 5. To this date, Smoot has not been served a copy of the subpoena. Smoot Decl., ¶ 4. Further, no proof of service has ever been provided to Ocwen or filed with the Court. Lofrese Decl., ¶ 7.

## II. THE COURT SHOULD QUASH THE SUBPOENA

### A. Service of the Subpoena Was Improper

The subpoena should be quashed as it was never served on Smoot.

This Court must quash a subpoena that has not been properly served. *In re Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989). "Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). This requires that service be effectuated directly handing a copy of the subpoena to the deponent. Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.); *Smith*, 126 F.R.D. at 462 (E.D.N.Y. 1989) ("the Court has no discretion to permit alternative service when a party has difficulty effecting service"); *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 381 (S.D.N.Y. 2011).[2]

To this date, the subpoena has not been served on Smoot. Smoot Decl., ¶ 4. Smoot was not even in the office on January 21, the date of service. Smoot Decl., ¶ 3. Further, it is well-

[2] Further, even in cases where courts have considered allowing some type of substitute service, it is only after the serving party showed reasonable diligence in attempting personal service. *See Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011); *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507 RRM RER, 2010 WL 2346283, at *4 (E.D.N.Y. Apr. 21, 2010) *report and recommendation adopted*, No. 09-CV-2507 RRM RER, 2010 WL 2346276 (E.D.N.Y. June 8, 2010); S*immons v. Fervent Elec. Corp.*, No. 14-CV-1804 ARR MDG, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014). No such showing has been made here.

established that service of a subpoena is not effected by serving the employer of the deponent. *Haber*, 272 F.R.D. at 381; *see also Dopson-Troutt v. Novartis Pharm. Corp.*, 295 F.R.D. 536, 537 (M.D. Fla. 2013) (collecting cases). This is especially true here as the subpoena does not arise out of any act Smoot took as an employee of Ocwen, but relates to events that occurred with her prior employer.

The service of the subpoena is also defective on a second ground. A party must not only serve the subpoena, but must, at the time of service, tender "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). These witness fees include $40 per a day plus travel costs. 28 U.S.C. § 1821. When Ocwen accepted the subpoena, witness fees were not tendered. Lofrese Decl., ¶ 8. The failure to provide witness fees is fatal to the subpoena. *Brown v. Hendler*, No. 09 CIV. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n.6 (S.D.N.Y. 2000) *aff'd sub nom. First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48 (2d Cir. 2002).

**B. The Subpoena Fails to Allow A Reasonable Time to Comply**

This Court must quash or modify the subpoena if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). In this case, the subpoena was served on Ocwen on January 21 and commanded a deposition date of January 29. This provided only 8 days' notice, two of which occurred on a weekend.

"Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." *Brown v. Hendler,* No. 09 CIV. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). A deposition commanded on only eight days' notice is presumptively unreasonable, at least absent some showing of actual

exigency. *Id*.; *Cris v. Fareri*, No. 3:10CV1926 RNC, 2011 WL 4433961, at *2 (D. Conn. Sept. 22, 2011).

Here, there is no reason why Aniel had to command compliance well before the presumptive 14 day period had expired. The claim objection out of which this proceeding arises was filed on March 5, 2015. [Dkt. #8237]. Once that objection was filed, Aniel was allowed to proceed with discovery. Fed. R. Bankr. P. 9014(c).

Even if Aniel was not aware of the necessity of discovery on this issue when the claim objection was first filed, she became aware of it no later than November 18, 2015, when this Court specifically set a discovery deadline of January 19, 2016 regarding the issue of whether a valid power of attorney was in place. Scheduling Order [Dkt. #9435].[3] Yet Aniel waited until January 21 to serve a subpoena for a deposition for eight days later.

This presumptive deadline of 14 days exists for a reason – Smoot is distinctly prejudiced the unnecessarily short time to prepare for the deposition. Service, as noted above, was effected only on Ocwen on January 21, a Thursday. Lofrese Decl., ¶ 2. Smoot was not in the office that day. Smoot Decl., ¶ 3. Ocwen brought the subpoena to the attention of its counsel who are handling the myriad other matters filed by the Aniels the same day.

Ocwen was completely unfamiliar with the claim objection in this proceeding. This left Ocwen only eight days to (1) research the claims objection; (2) research the invalidity of this deposition notice; (3) set up the requisite meet and confer and discovery conferences; and (4) file this motion to quash. Further, the deposition requires Smoot to testify as to documents that she executed five years ago. Giving her a sum total of seven days, including a weekend, to prepare for such a deposition with counsel is not reasonable.

[3] This deadline was extended to February 1, 2016 on December 30, 2015. [Dkt. #9462].

Aniel had months, if not years, to properly serve a deposition notice setting a reasonable time for Smoot to respond. She did not do so, but instead waited until the last minute. The Court should not excuse this failure because she acts *pro s*e. The subpoena should be quashed as untimely.

**C. The Subpoena is Burdensome As Smoot Does Not Have Relevant Testimony**

The subpoena must be quashed as lacking relevancy and unduly burdensome as Smoot has no knowledge of any facts relevant to the issue before the Court.

A subpoena is subject to Civil Rule 26's requirement that the sought discovery must be "relevant to a claim or defense of any party." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003); Fed. R. Civ. P. 26(b)(1). Further, even if discovery is relevant, the Court must quash or modify the subpoena if it is unduly burdensome. *Id.*; Fed. R. Civ. P. 45(d)(3)(A)(iv).

In ruling on the origination objection to claim of the Rescap Trusts, the bankruptcy court sustained the claim objection on every ground except as to one discrete issue. Memorandum Order, p.34 [Dkt. #8820]. This Court found that the Rescap Trusts had not met its burden to show that GMAC had authority to act on behalf of HSBC in executing the 2011 assignment of the deed of trust. Memorandum Order, p.34 [Dkt. #8820]. While the Rescap Trusts had provided a power of attorney, it was executed two years after the 2011 assignment of the deed of trust. Memorandum Order, p.34 [Dkt. #8820] ("[t]he HSBC Bank Power of Attorney was executed in June 2013 [], more than two years after Smoot executed the 2011 Aniel Assignment in February 2011 []"). The Court then overruled the claim objection, without prejudice, solely on this discrete issue. Memorandum Order, p.34 [Dkt. #8820]

In response to this decision, the Rescap Trusts submitted a supplemental declaration of Kathy Priore in support of its claim objection. In this supplemental declaration, Kathy Priore

provided a 2008 power of attorney from HSBC that specifically granted GMAC the power to execute the 2011 assignment of a deed of trust on its behalf. Limited Power of Attorney [Dkt. #9112-3].

Smoot has no knowledge of any facts that would enable to her to provide relevant testimony as to the validity of the 2008 power of attorney. Neither she nor anyone at GMAC was a singing party to the limited power of attorney. Limited Power of Attorney, [Dkt. #9112-3]. Limited Power of Attorney [Dkt. #9112-3]. Smoot has no knowledge regarding anything but the facial validity of the power of attorney. Smoot Decl., ¶¶ 9-12. Nor does Smoot have any memory regarding what power of attorney she relied on when she executed the assignment of deed of trust in 2011. Smoot Decl., ¶¶ 13-14. Accordingly, Smoot cannot provide any relevant testimony as to the validity of the limited power of attorney provided by the Rescap Trust. Smoot Decl., ¶ 14.

Allowing this deposition to proceed would simply provide Aniel a fishing expedition regarding an issue not before the Court. Aniel, a vexatious pro per litigant, has not and cannot make any showing that would justify this deposition. As Smoot has sworn that she has no relevant testimony, this Court should quash the subpoena. Smoot Decl., ¶ 14.

## III. CONCLUSION

For the reasons stated above, the Court should quash the subpoena.

By: /s/ Bernard J. Kornberg
BERNARD J. KORNBERG (CSB. 252006)

SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

*Counsel for Ocwen Loan Servicing, LLC and Mira V. Smoot*

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On January 27, 2016, I served true copies of the following document(s):

**MOTION TO QUASH SUBPOENA**

on the interested parties in this action as follows:

**Erlina Abibas Aniel**
**75 Tobin Clark Dr.**
**Hillsborough, CA 94010**
**bootsaniel1952@yahoo.com**

**BY E-MAIL:** I caused a copy of the document(s) to be sent from e-mail address bjk@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by The overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of The overnight service carrier or delivered such document(s) to a courier or driver authorized by The overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 27, 2016, at San Francisco, California.

/s/ Bernard J. Kornberg
Bernard J. Kornberg