# EXHIBIT: A

(8)

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

JOSEPH A. SHIFER
ASSOCIATE
PHONE 212-715-9517
FAX 212-715-8105
JSHIFER@KRAMERLEVIN.COM

June 30, 2015

Marilyn Lawrence
5362 West Olympic Blvd.
Apt #1
Los Angeles, CA 90036

Re: <u>Lawrence v. Sadek, et al., Case No. 12-cv-01372 (U.S. District Court for the Central District of California)</u>

Dear Ms. Lawrence:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including Executive Trustee Services, LLC (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at Case No. 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The

effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**"). Under Article VIII.B of the Plan, claims that were not timely filed by the Bar Date are released as of the Effective Date. Further, both the Confirmation Order and the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. *See* Plan, Art. IX.I; Confirmation Order, ¶ 40(g).

On March 13, 2015, the Bankruptcy Court entered an order approving certain procedures for enforcing the injunctive provisions of the Plan and Confirmation Order [Docket No. 8303] (the "**Enforcement Order**"). Specifically, upon the Liquidating Trust's determination that a party is asserting monetary claims against the Debtors in a litigation but failed to file a proof of claim, the Liquidating Trust is authorized to send this letter informing the party that they are in violation of the Plan and Confirmation Order.

According to the Debtors' records, you are a party to *Lawrence v. Sadek, et al.*, Case No. 12-cv-01372 pending before the U.S. District Court for the Central District of California. The Liquidating Trust has made a good faith determination that this action asserts monetary claims against the Debtors because you assert, among other things, damages for:

- Breach of Fiduciary Duty
- Fraud
- Usury

Further, according to the Liquidating Trust's records you did not timely file a proof of claim in the Bankruptcy Cases and is barred from continuing to pursue monetary claims against Executive Trustee Services, LLC under the injunction provided for in the Plan and Confirmation Order. Therefore, you must immediately dismiss this action with respect to monetary claims asserted against Executive Trustee Services, LLC.

*In the event you do not voluntarily dismiss this action with respect to monetary claims against Executive Trustee Services, LLC within 30 days of the date hereof, or July 30, 2015, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against Executive Trustee Services, LLC.*

Please do not hesitate to contact me if you disagree with the Liquidating Trust's determination that you are asserting monetary claims against the Debtors, or to further discuss this matter. In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Enforcement Order, Confirmation Order, Plan, and Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

Joseph A. Shifer

cc: Kathy Priore, Esq., ResCap Liquidating Trust

(10)

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                        :   Case No. 12-12020 (MG)
                                                            :
                                                            :
                                                            :   (Jointly Administered)
         Debtors.                                           :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Melissa Loomis, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Monthly Service List attached hereto as **Exhibit B**, via First Class Mail on the Creditor Matrix attached hereto as **Exhibit C**, and via First Class Mail on the General Servicing Customers, Subservicers, Customers in Bankruptcy, and Consumer Lending Customers (Due to the voluminous and confidential nature of these lists, the Exhibits are not attached hereto and are on file with KCC):

   1. Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

B. On or before May 24, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Home Equity Line of Credit Customers List (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

   1. Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)



1212020120612000000000054

(12)

# EXHIBIT C

(73)

12-12020-mg Doc 336-5 Filed 06/12/12 Entered 06/12/12 22:19:41 Exhibit C (Part 3) Creditor Matrix Served via First Class Mail

| Creditor Name | Creditor Notice Name | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MARILYN DENISE MCGUIRE ATT AT LA | | PO BOX 841840 | | | HOUSTON | TX | 77284 | |
| MARILYN DUNNE | | 8042 HORNELL AVENUE S | | | COTTAGE GROVE | MN | 55016-3155 | |
| MARILYN E BIRD ATT AT LAW | | 14401 SE 55TH ST | | | BELLEVUE | WA | 98006 | |
| MARILYN E LEVIN | | 341 N FIELDSTONE CT | | | YARDLEY | PA | 19067 | |
| MARILYN ESPOSITO | | 25 LORD JEFFREY DRIVE | | | AMHERST | NH | 03031 | |
| MARILYN G MILLER ATT AT LAW | | PO BOX 917 | | | DRIPPING SPRINGS | TX | 78620 | |
| MARILYN GHEDINI | | 68 BENT TREE DRIVE | | | E LONGMEADOW | MA | 01028 | |
| MARILYN GILBERT | | 247 AKIOHALA STREET | | | KAILUA | HI | 96734 | |
| MARILYN GRITTEN | | 586 MAIN ST APT 8 | | | LANDER | WY | 82520 | |
| MARILYN H MADDOX PC | | 6 56TH ST N | | | BIRMINGHAM | AL | 35212 | |
| MARILYN HAYWARD PROPERTIES | | 21 TOCOVI CT N | | | BROWNSBURG | IN | 46112 | |
| MARILYN KOELLING | | 805 JUHL AVE | | | WAVERLY | IA | 50677 | |
| MARILYN J KAROLCZAK | | 2190 GREENBRIAR RD | | | YORK | PA | 17404-9130 | |
| MARILYN J NEUMANN ATT AT LAW | | 208 N CT ST | | | CAMPBELLSVILLE | KY | 42718 | |
| MARILYN J MILLER | DAVID MILLER | PO BOX 147 | | | MANCELONA | MI | 49659-0147 | |
| MARILYN J HOLLADAY | | 48500 LACOTA CT | | | SHELBY TOWNSHIP | MI | 48315-4267 | |
| MARILYN J ALLEN ATT AT LAW | | PO BOX 1376 | | | ANACORTES | WA | 98221 | |
| MARILYN HURD | | 3586 N LOMITA STREET | | | KINGMAN | AZ | 86409 | |
| MARILYN HOMSEY | | 4608 SHERMAN STREET NE | | | CEDAR RAPIDS | IA | 52402 | |
| MARILYN HISCOCK | | 17372 91ST PL N | | | MAPLE GROVE | MN | 55311 | |
| MARILYN HINKLE AND KARL HINKLE | | 653 IRONWOOD DRIVE | | | CARMEL | IN | 46033 | |
| Marilyn Mocinikar | | 5851 7th Avenue | | | Los Angeles | CA | 90043 | |
| | MARILYN LAWRENCE VS DANIEL SADEK DBA QUICK LOAN FUNDING INC MERS OCWEN LOAN SERVICING, LLC ETS LLEANNA PETERSON, DO ET AL | | | | | | | |
| Marilyn Lenth | | 202 Thelma Street | | | Hudson | IA | 50643 | |
| Marilyn Lawrence | | 2508 UNION RD LOT 131 | | | ST. Joseph | MO | 64506 | |
| MARILYN M ZINIS AND | Joseph | 2801 BERKSHIRE DR | EDWARD V ZINIS | | BISMARK | ND | 58503 | |
| MARILYN MARSHALLN TRUSTEE | | 224 S MICHIGAN AVE STE 800 | | | CHICAGO | IL | 60604 | |
| Marilyn Moclinikar | | 586 Abbey Court | | | Blue Bell | PA | 19422 | |
| MARILYN MORA ATT AT LAW | | 4325 TYROL CREST | | | BEVERLY HILLS | CA | 90211 | |
| MARILYN NEAL | | 289 S ROBERTSON BLVD 355 | | | GOLDEN VALLEY | MN | 55416 | |
| MARILYN ORMORD | | 636 ATTERDAG ROAD | | | SOLVANG | CA | 93463 | |
| MARILYN PERKINS | | 445 CAROLINA AVENUE | | | WATERLOO | IA | 50702 | |
| MARILYN POTTER LLOYD PENLEY | CHRIS CHLEBOR WICZ ATTORNEY AT LAW | 3313 EMERALD LOT # 72 | | | CEDAR FALLS | IA | 50613 | |
| MARILYN RAJCA | ReMax Professionals of St. Joseph | PO BOX 297 | | | CASTLE HAYNE | NC | 28429-0297 | |
| MARILYN RASMUSSEN | | 1119 North Woodbine Road | | | St. Joseph | MO | 64506 | |
| MARILYN RATLIFF ATT AT LAW | | 123 NW 4TH ST STE 304 | | | EVANSVILLE | IN | 47708 | |
| MARILYN RUSSELL | | 1165 MILLERS CRT | | | HERBER CITY | UT | 84032 | |
| MARILYN S HERMAN AND | | 4325 TYROL CREST | NEIL E KAY | | GOLDEN VALLEY | MN | 55416 | |
| MARILYN SCHONCITE | | 14050 MAGNOLIA BLVD | | | SHERMAN OAKS | CA | 91423-1253 | |
| MARILYN SCOTT | | 4860 FULTON RD | | | HERNANDO | MS | 38632-9573 | |
| MARILYN SEMIRAGLIO | | 1003 SAGEMORE DR | | | MARLTON | NJ | 08053 | |
| MARILYN SMITH AND SERVPRO OF S ELKHART COUNTY | | 1335 RICE ST | | | ELKHART | IN | 46516-4514 | |
| MARILYN STOFFEL | | 5457 NOKOMIS AVE S | | | MINNEAPOLIS | MN | 55417 | |
| MARILYN TUCKER | | 9000 N ALLENTON AVE | | | KANSAS CITY | MO | 64154-1843 | |
| MARILYN VICINO | | 2451 PINEHURST CT | | | DISCOVERY BAY | CA | 94505 | |
| MARILYN W FORD AND | | 1090 BLVD RD | KEFFER AND DONNALD YOUNG PA | | SUMTER | SC | 29153 | |
| MARILYN WILLIAMS BRITT ESQ | | PO BOX 1346 | | | ORANGE | NJ | 07051 | |

(14)

# EXHIBIT D

(15)

SUZANNE M. HANKINS (State Bar No. 157837)
YARON SHAHAM (State Bar No. 217192)
ys@severson.com
SEVERSON & WERSON
A Professional Corporation
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN LAWRENCE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL SADEK; QUICK LOAN FUNDING; OCWEN LOAN SERVICING, LLC; (MERS) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, LLC DBA ETS SERVICES, LLC; LLEANNA PETERSON; DOES 1 THROUGH 50, INCLUSIVE,<br><br>    Defendants. | Case No.: 2:12-cv-01372-CAS-CW<br>Hon. Christina A. Snyder<br>Ctrm No. 5 – 2nd Floor<br><br>**DEFENDANT EXECUTIVE TRUSTEE SERVICES, LLC DBA ETS SERVICES, LLC'S QUARTERLY BANKRUPTCY STATUS REPORT**<br><br>Date:    [No Hearing Necessary]<br>Time:    [No Hearing Necessary]<br>Ctrm.:    5 – 2nd Floor |

**TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF, AND ALL OTHER PARTIES:**

Defendant Executive Trustee Services, LLC dba ETS Services, LLC ("ETS") hereby submits its quarterly bankruptcy status report[1]:

1. ETS is in an active Chapter 11 bankruptcy case before the United States Bankruptcy Court, Southern District of New York, in a jointly administered case, titled, *In re Residential Capital, LLC et al.*, assigned case number 12-12020 (MG).

DATED: July 29, 2015

SEVERSON & WERSON
A Professional Corporation

By: /s/ Yaron Shaham
　　　　　Yaron Shaham

Attorneys for Defendant
EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC

---

[1] The Court's July 26, 2013 Civil Minute Order requires "counsel for plaintiff" to submit a quarterly status report concerning ETS' bankruptcy. In an abundance of caution, and due to the fact Plaintiff Marilyn Lawrence ("Plaintiff") is not represented by counsel, counsel for ETS submits this quarterly report. Plaintiff is free to submit her own report. Further, Plaintiff has never filed a Status Report since the Court issued its July 26, 2013 Civil Minute Order.

---

24064.1270/4542879.1

1　　　　　　　　　ETS' Quarterly Bankruptcy Status Report

# EXHIBIT E

18

1  MARILYN S. LAWRENCE
2  5362 W. OLYMPIC BLVD. APT. 1
   LOS ANGELES, CALIFORNIA 90036
3  CELL No. (323) 216-4619
4
5  PLAINTIFF MARILYN LAWRENCE
6  AN ~~INDIVIDUAL~~ IN PRO SE

RECEIVED BUT NOT FILED
OCT 15 2015
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN LAWRENCE<br><br>Plaintiff<br><br>v.<br><br>Executive Trustee Services, LLC<br><br>And DOES 1 through 50, inclusive<br><br>Defendants | Case No: 2:12-cv-01372-cas-cwx<br>HON. CHRISTIN A. SNYDER<br>Ctrm No. 5- 2nd Floor<br><br>Plaintiff: MARILYN LAWRENCE<br>AN INDIVIDUAL IN PRO SE:<br><br>BANKRUPTCY STATUS REPORT |

TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES

DISTRICT COURT JUDGE, THE CENTRAL DISTRICT OF

CALIFORNIA, DEFENDANT AND ALL OTHER PARTIES.

monetary damages.

Plaintiff MARILYN LAWRENCE have submitted three proofs of claim

July 30, 2015, August 03, 2015 and August 18, 2015

Mailed certified

- United States Bankruptcy Courts of Southern District of New York 10004
- KURTZMAN Carson Consultants of EL Segundo California 90245
- RES CAP

The Plaintiff MARILYN LAWRENCE did received an update from

Yaron Shaham Attorney for the Defendant, Executive Trustee

Services LLC. January 28, 2015 and July 29, 2015 both updates States

Defendant Executive Trustee Services, LLC dba ETS Services, LLC

("ETS") Hereby submits its quarterly bankruptcy status reports once again

Never reporting the true facts and findings to the Plaintiff or to THE

HONORABLE JUDGE CHRISTINA A. SNYDER. The Defendant only stated that

1. Executive Trustee Services, LLC is in an active Chapter 11

bankruptcy case before the United States Bankruptcy Court, of Southern

District Of New York Dated July 29, 2015. And each update stated at the

End (NO HEARING NECESSARY) (NO HEARING NECESSARY) Never

Reporting the true findings that was established by the U.S. District Court of

New York back on May 14, 2012 when the

Debtors had made a good faith determination that this action of the

Debtors conduct of 1.Breach of Fiduciary Duty 2.Fraud 3.Usury asserts

monetary damages. The Defendants sent mail to the wrong address, and

only when the deadline and filing dates had passed they sent mail to the

| | |
|---|---|
| 1 | PLAINTIFF MARILYN LAWRENCE hereby submit this bankruptcy |
| 2 | status Report, being totally unaware and never notified of the |
| 3 | Courts rulings or the deadlines, to filed a proofs of claim by August 29, |
| 4 | 2012. In July 2015, I received a letter dated June 30, 2015, From |
| 5 | |
| 6 | KRAMER LEVIN NAFTALIS & FRANKEL LLP (Joseph Shifer).OF N.Y. 10004 |
| 7 | The ruling of this Chapter 11 bankruptcy case No. 12-12020 "findings" are, |
| 8 | The United States Bankruptcy Court, Southern District of New York, |
| 9 | in a jointly administered case, titled, In re Residential Capital, LLC et al, |
| 10 | assigned including Executive Trustee Services, LLC, That the plaintiff |
| 11 | Marilyn Lawrence a party to Lawrence v. Sadek, et al, case No. 12-cv- |
| 12 | 01372 pending before, THE HONORABLE JUDGE CHRISTINA A. SNYDER, OF |
| 13 | United States District Court The Central District of California. According to |
| 14 | the Debtors' the Liquidating Trust has made a good faith determination |
| 15 | that this action asserts monetary claims against Debtors because |
| 16 | The Plaintiff Marilyn Lawrence assert, among other things damages for. |
| 17 | |
| 18 | |
| 19 | • Breach of Fiduciary Duty |
| 20 | • Fraud |
| | • Usury |
| 21 | At this time the Plaintiff Marilyn Lawrence is requesting that the |
| 22 | HONORABLE CHRISTINA A. SNYDER, U.S. CENTRAL DISTRICT |
| 23 | COURT JUDGE OF CALIFORNIA REOPEN THIS CASE AND |
| 24 | Enter an "ENFORCEMENT ORDER" FOR THE MONETARY DAMAGES |
| 25 | That the U.S. Bankruptcy Southern District Court of New York |
| 26 | and Liquidating Trust has made in good faith that this action asserts |
| 27 | |
| 28 | |

correct mailing address at 5362 W. Olympic Blvd #1 LA CA 90036. Were these actions an attempt to conceal or deal improperly with not only the Plaintiff but with the Courts?

CONCLUSION

TO THE HONORABLE CHRISTINA A. SNYDER, JUDGE OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA THE PLAINTIFF MARILYN LAWRENCE REQUEST PLEASE AND PRAY THAT YOU MEASURE OUT JUSTICE FOR THE PLAINTIFF WITH AN ("ENFORCEMENT ORDER") FOR MONETARY DAMAGES.

DATED: October 15 2015                By /s/ Marilyn Lawrence
                                      MARILYN LAWRENCE

See attachments.

# EXHIBIT F

(23)

AMENDED 7-30-2015 COPIES

B10 (Official Form 10) (04/13)

# UNITED STATES BANKRUPTCY COURT

COPY

## PROOF OF CLAIM

Name of Debtor: Executive Trustee Services, LLC

Case Number: 12-12020

RECEIVED
AUG 18 2015
KURTZMAN CARSON CONSULTANTS

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): Marilyn S. Lawrence

Name and address where notices should be sent:
5362 W. Olympic Blvd #1
Los Angeles, California 90036

Telephone number: 323 933 1349   email: MarilynEvie@NetZero.Net

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number: 323 216 4619   email: MarilynEvie@NetZero.Net

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $775,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

Claim # 7490
Initials SEP

2. Basis for Claim: *Breach of Fiduciary Duty, *Fraud *Usury
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 2020 or 1372

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $450,000.00
Annual Interest Rate 7 to 9 % ☐Fixed or ☑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$229,000 + 53,434
Basis for perfection: 775,000.00

Amount of Secured Claim: $229,000
Amount Unsecured: $421,000

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority: $ ?

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Please see Attachments 5 pg.

(24)

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**
**AUG 1 8 2015**
**KURTZMAN CARSON CONSULTANTS**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: MARILYN S. LAWRENCE
Title:
Company:
Address and telephone number (if different from notice address above):

(Signature) Marilyn Lawrence   8-14-2015 (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.