# EXHIBIT 2-A

Homecomings Responses to Requests for Admission

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: :<br><br>RESIDENTIAL CAPITAL, LLC, et al., :<br><br>Debtors. : | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Requests for Admissions (the "Requests"), dated November 20, 2015.

**GENERAL OBJECTIONS**

1.    The Borrower Trust objects to the Requests to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.    The Borrower Trust objects to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure. The Borrower Trust also objects to the Requests to the extent they are vague and ambiguous.

1

ny-1214692

3. The Borrower Trust objects to each Request to the extent that they seek a legal conclusion. *See Shultz v. Wilson Bldg., Inc.*, 1969 U.S. Dist. LEXIS 9386 (S.D. Tex. Aug. 14, 1969) (holding "requests for admissions which [n]ecessitate a legal conclusion are generally considered objectionable."); *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at *2 (S.D.N.Y. Dec. 9, 2003) (dismissing "request for admissions as improper because the admissions sought legal conclusions"); *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405, 1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (holding the requests need not be answered because they "do not ask for admissions of fact but instead call for plaintiffs to draw legal conclusions"); *Rivers Elec. Co., Inc. v. 4.6 Acres of Land Located in Town of Catskill, County of Greene*, No. 89-cv-442, 1991 WL 255374, at *4 (N.D.N.Y. Nov. 25, 1991) (holding requests that call for "legal conclusions [are] not the proper subject matter for . . . a request for admissions"); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding plaintiffs' request for admission that the defendant was subject to statutes relevant to the action "calls for a legal conclusion and therefore it is beyond the scope of a request for admissions"); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1990) (holding alleged patent infringer's requests for admissions seeking from patent holder bald legal conclusion that certain patent claims were invalid were improper).

4. Rather than admitting or denying any Request to Admit, the Borrower Trust reserves the right to respond by stating an objection. *See Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 78 (D.R.I. 1999) ("Where a party has objected to a request for admission the burden is on the requesting party to move for an order to test the validity of the objection.") (citing Fed. R. Civ. P. 36 advisory committee's note ("The requirement that the objecting party

2

ny-1214692

move automatically for a hearing is eliminated, and the burden is on the requesting party to move for an order.")).

5. The Borrower Trust objects to the Requests to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine. To the extent that the Requests call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

6. The Borrower Trust objects to the Requests to the extent they purport to require the Borrower Trust to provide information outside their possession, custody, or control.

7. The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests. The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accept any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

8. The Borrower Trust has not completed discovery or preparation for trial in this litigation and reserve the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery. The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the

3

ny-1214692

Borrower Trust's right to amend or supplement these responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

9.  The Borrower Trust objects to the Requests to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation. The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: November 2006 through April 2008.

10. These responses are made without in any way waiving or intending to waive:

   (i)   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Requests or the subject matter thereof;

   (ii)  the right to object on any ground to the use of the information provided in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

   (iii) the right to object on any ground at any time to a demand for further response to the Requests; and/or

   (iv)  the right at any time to revise, supplement, correct, or add to these responses and objections.

**Request No. 1:**

ADMIT that between September 24, 2007 and December 31, 2007, Res Cap owned indirectly all of the equity of Homecomings.

**Response and Specific Objections to Request No. 1:**

In addition to the General Objections above, the Borrower Trust objects to this request to on the ground that it calls for a legal conclusion. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 1 as follows: ADMIT to the extent that between September 24, 2007 and December 31, 2007, Homecomings was an indirect subsidiary of ResCap.

4

ny-1214692

**Request No. 2:**

ADMIT that YOU acted as a servicer for mortgage loans deposited into the RALI Trust pursuant to the RALI Trust's Pooling and Servicing Agreement.

**Response and Specific Objections to Request No. 2:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 2 as follows: ADMIT, but only to the extent that Homecomings was the servicer of the Mortgage Loan, which was deposited into the RALI Trust.

**Request No. 3:**

ADMIT that between September 24, 2007 and December 31, 2007, GMACM serviced the mortgage loans owned by the RALI Trust that were previously serviced by YOU, and YOU have not serviced any of those mortgage loans since.

**Response and Specific Objections to Request No. 3:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 3 as follows: DENY. Between September 24, 2007 and December 31, 2007, GMACM did not service the mortgage loans owned by the RALI Trust that were previously serviced by Homecomings, as Homecomings never transferred servicing of the Mortgage Loan to GMACM. Homecomings also serviced said loans subsequent to December 31, 2007 until servicing was transferred to Aurora in April 2008.

**Request No. 4:**

ADMIT that between September 24, 2007 and December 31, 2007, YOU did not service any mortgage loans owned by the RALI Trust.

**Response and Specific Objections to Request No. 4:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 4 as follows: DENY. Between September 24, 2007 and December 31, 2007, Homecomings serviced mortgage loans owned by the RALI Trust.

**Request No. 5:**

ADMIT that YOU neither had the right nor authority to modify any mortgage loan deposited in or owned by the RALI Trust after September 24, 2007.

**Response and Specific Objections to Request No. 5:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 5 as follows: DENY that Homecomings neither had the right nor authority to modify any mortgage loan deposited in or owned by the RALI Trust after September 24, 2007.

**Request No. 6:**

ADMIT that Claimant did not owe any money to YOU during the time you were acting as servicer for the RALI Trust.

6

ny-1214692

**Response and Specific Objections to Request No. 6:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owe." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 6 as follows: DENY that Claimant did not owe any money to Homecomings during the time you were acting as servicer for the RALI Trust.

**Request No. 7:**

ADMIT that YOU never owned the servicing rights to the Mortgage Loan.

**Response and Specific Objections to Request No. 7:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owned." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 7 as follows: DENY that Homecomings never owned the servicing rights to the Mortgage Loan.

**Request No. 8:**

ADMIT that YOU never sold the servicing rights to the Mortgage Loan to any person[s].

**Response and Specific Objections to Request No. 8:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

7

discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "sold." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 8 as follows: DENY that Homecomings never sold the servicing rights to the Mortgage Loan to any person[s].

**Request No. 9:**

ADMIT that third parties have made contributions to the Mortgage Loan account by way of, but not limited to, advances, credit default swaps, insurance or government funds.

**Response and Specific Objections to Request No. 9:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "contributions" and "third parties." Given the ambiguity in this Request, the Borrower Trust is unable to provide a Response.

**Request No. 10:**

ADMIT that the Mortgage Loan account was not reduced by third party payments.

**Response and Specific Objections to Request No. 10:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "third party payments." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

ny-1214692

**Request No. 11:**

ADMIT that these contributions were never credited to the Mortgage Loan account.

**Response and Specific Objections to Request No. 11:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "these contributions." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 12:**

ADMIT that these contributions were never credited to the RALI Trust's account.

**Response and Specific Objections to Request No. 12:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "these contributions." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 13:**

ADMIT that mortgage payments received by YOU that were made by Claimant were never properly credited to the Mortgage Loan account.

**Response and Specific Objections to Request No. 13:**

ny-1214692

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 13 as follows: DENY that mortgage payments received by Homecomings that were made by Claimant were never properly credited to the Mortgage Loan account.

**Request No. 14:**

ADMIT that mortgage payments received by YOU that were made by Claimant were never properly credited to the RALI Trust's account.

**Response and Specific Objections to Request No. 14:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 14 as follows: DENY that mortgage payments received by YOU that were made by Claimant were never properly credited to the RALI Trust's account.

**Request No. 15:**

ADMIT that there was never any memorialized monetary transaction between YOU and AMN.

**Response and Specific Objections to Request No. 15:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous

10

ny-1214692

with regard to the term "memorialized monetary transaction." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 15 as follows: ADMIT that there was never any memorialized monetary transaction between Homecomings and AMN.

**Request No. 16:**

ADMIT that as servicer under the Mortgage Loan, YOU breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that YOU transferred the servicing rights under the Mortgage Loan to GMACM in September 2007.

**Response and Specific Objections to Request No. 16:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 16 as follows: DENY that as servicer under the Mortgage Loan, Homecomings breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that Homecomings transferred the servicing rights under the Mortgage Loan to GMACM in September 2007. Homecomings never transferred servicing of the Mortgage Loan to GMACM.

**Request No. 17:**

ADMIT that as servicer under the Mortgage Loan, YOU violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that YOU transferred the servicing rights under the Mortgage Loan to GMACM in September 2007.

11

ny-1214692

**Response and Specific Objections to Request No. 17:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 17 as follows: DENY that as servicer under the Mortgage Loan, Homecomings violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that Homecomings transferred the servicing rights under the Mortgage Loan to GMACM in September 2007. Homecomings never transferred servicing of the Mortgage Loan to GMACM.

**Request No. 18:**

ADMIT that YOU have instructed other Homeowners to skip at least two (2) or three (3) mortgage payments in order to apply for a loan modification.

**Response and Specific Objections to Request No. 18:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 18 as follows: DENY that Homecomings have instructed other Homeowners to skip at least two (2) or three (3) mortgage payments in order to apply for a loan modification.

**Request No. 19:**

ADMIT that as servicer, YOU were required to make advance payments of principal and/or interest under Section 3.06 of the RALI 2007-Q01 Trust's Pooling & Servicing Agreement if the obligor failed to make a payment.

12

ny-1214692

**Response and Specific Objections to Request No. 19:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 19 as follows: DENY that as servicer, YOU were required to make advance payments of principal and/or interest under Section 3.06 of the RALI 2007-Q01 Trust's Pooling & Servicing Agreement if the obligor failed to make a payment. Homecomings is not a party to the Pooling and Servicing Agreement.

**Request No. 20:**

ADMIT that as servicer, YOU were required under Section 3.07 of the Pooling & Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the mortgage loans in the RALI Trust serviced by YOU.

**Response and Specific Objections to Request No. 20:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 20 as follows: DENY that as servicer, Homecomings was required under Section 3.07 of the Pooling & Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the mortgage loans in the RALI Trust serviced by Homecomings. Homecomings is not a party to the Pooling and Servicing Agreement.

13

ny-1214692

**Request No. 21:**

ADMIT that sometime near November 15, 2007, YOU instructed Claimant to skip at least three (3) mortgage payments in order to apply for a loan modification.

**Response and Specific Objections to Request No. 21:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 21 as follows: DENY that sometime near November 15, 2007, Homecomings instructed Claimant to skip at least three (3) mortgage payments in order to apply for a loan modification.

**Request No. 22:**

ADMIT that the YOU did not give Claimant notice of default prior to acceleration in March of 2008.

**Response and Specific Objections to Request No. 22:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 22 as follows: DENY that the Homecomings did not give Claimant notice of default prior to acceleration in March of 2008.

**Request No. 23:**

ADMIT that as servicer under the Mortgage Loan, YOU breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the

14

ny-1214692

Mortgage Loan were transferred to Aurora in 2008.

**Response and Specific Objections to Request No. 23:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 23 as follows: DENY that as servicer under the Mortgage Loan, Homecomings breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

**Request No. 24:**

ADMIT that as servicer under the Mortgage Loan, YOU violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

**Response and Specific Objections to Request No. 24:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as follows: DENY that as servicer under the Mortgage Loan, Homecomings violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to

Aurora in 2008.

**Request No. 26:**

ADMIT that the amount listed in the Notice of Default on September 23, 2009, #20091452803, recorded in the Los Angeles County Recorder's Office, did not match the amount that was reported to the Investors of the RALI Trust as required under Regulation AB Item 1122(4)(v).

**Response and Specific Objections to Request No. 26:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous and seeks information outside the possession or control of the Borrower Trust. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 25 as follows: The Borrower Trust states that it has made a reasonable inquiry into the substance of Request No. 25 and that information known or readily obtainable at this time is insufficient to enable it to determine whether the amount listed in the Notice of Default on September 23, 2009, #20091452803, recorded in the Los Angeles County Recorder's Office, did not match the amount that was reported to the Investors of the RALI Trust as required under Regulation AB Item 1122(4)(v). The Mortgage Loan was not serviced by any Debtor entity on the September 23, 2009.

**Request No. 27:**

ADMIT that the loan obligation under the Mortgage Loan was never in default.

16

ny-1214692

**Response and Specific Objections to Request No. 27:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 27 as follows: DENY that the loan obligation under the Mortgage Loan was never in default.

**Request No. 28:**

ADMIT that no due diligence was conducted by YOU as to whether the Mortgage Loan was ever properly assigned to YOU pursuant to the requirements of the RALI 2007-Q0 1 Trust's Pooling & Servicing Agreement and 424B Prospectus.

**Response and Specific Objections to Request No. 28:**

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 28 as follows: DENY that no due diligence was conducted by Homecomings as to whether the Mortgage Loan was ever properly assigned to Homecomings pursuant to the requirements of the RALI 2007-Q0 1 Trust's Pooling & Servicing Agreement and 424B Prospectus.

**Request No. 29:**

ADMIT that there was never any memorialized monetary transaction between YOU and Aurora.

17

ny-1214692

**Response and Specific Objections to Request No. 29:**

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "monetary transaction" and what the alleged "monetary transaction" relates to. Given the ambiguity in this Request, the Borrower Trust is unable to provide a Response.

Dated: December 21, 2015
      New York, New York

/s/ _____
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust and the ResCap Liquidating Trust*