# EXHIBIT 2-D

GMACM  Responses to Requests for Admission

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | : |  |
|  | : | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |  |
|  | : | Chapter 11 |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : |  |
|  | : |  |

**THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO
CLAIMANT' FIRST SET OF REQUESTS FOR ADMISSION DIRECTED AT GMAC
MORTGAGE LLC**

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the

ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel,

hereby objects and responds to the Claimant's First Set of Requests for Admissions (the

"Requests"), dated November 20, 2015.

## GENERAL OBJECTIONS

1.      The Borrower Trust objects to the Requests to the extent that they seek to impose

a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy

Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.      The Borrower Trust objects to the Requests to the extent they are overly broad,

unduly burdensome or seek information that is not relevant to the outstanding disputed issue of

fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of

discovery permitted by the Federal Rules of Bankruptcy Procedure.  The Borrower Trust also

objects to the Requests to the extent they are vague and ambiguous.

ny-1215652

3.    The Borrower Trust objects to each Request to the extent that they seek a legal

conclusion. *See Shultz v. Wilson Bldg., Inc.*, 1969 U.S. Dist. LEXIS 9386 (S.D. Tex. Aug. 14,

1969) (holding "requests for admissions which [n]ecessitate a legal conclusion are generally

considered objectionable."); *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at

*2 (S.D.N.Y. Dec. 9, 2003) (dismissing "request for admissions as improper because the

admissions sought legal conclusions"); *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405,

1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (holding the requests need not be answered

because they "do not ask for admissions of fact but instead call for plaintiffs to draw legal

conclusions"); *Rivers Elec. Co., Inc. v. 4.6 Acres of Land Located in Town of Catskill, County of*

*Greene*, No. 89-cv-442, 1991 WL 255374, at *4 (N.D.N.Y. Nov. 25, 1991) (holding requests that

call for "legal conclusions [are] not the proper subject matter for . . . a request for admissions");

*English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding plaintiffs' request for admission

that the defendant was subject to statutes relevant to the action "calls for a legal conclusion and

therefore it is beyond the scope of a request for admissions"); *Golden Valley Microwave Foods,*

*Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1990) (holding alleged patent

infringer's requests for admissions seeking from patent holder bald legal conclusion that certain

patent claims were invalid were improper).

4.    Rather than admitting or denying any Request to Admit, the Borrower Trust

reserves the right to respond by stating an objection. *See Russo v. Baxter Healthcare Corp.*, 51

F. Supp. 2d 70, 78 (D.R.I. 1999) ("Where a party has objected to a request for admission the

burden is on the requesting party to move for an order to test the validity of the objection.")

(citing Fed. R. Civ. P. 36 advisory committee's note ("The requirement that the objecting party

2

move automatically for a hearing is eliminated, and the burden is on the requesting party to move

for an order.")).

5.     The Borrower Trust objects to the Requests to the extent they seek information

that is protected by the attorney-client privilege, that is protected by the work product doctrine,

that was prepared in anticipation of litigation, that constitutes or discloses the mental

impressions, conclusions, opinions, or legal theories of any attorney or other representative of the

Borrower Trust concerning this or any other litigation, or that are protected by any other

privilege or doctrine.  To the extent that the Requests call for information protected by the

attorney-client privilege, attorney work product immunity, or other privileges or immunities,

such information will not be provided.

6.     The Borrower Trust objects to the Requests to the extent they purport to require

the Borrower Trust to provide information outside their possession, custody, or control.

7.     The Borrower Trust objects to any explicit or implicit characterization of facts,

events, circumstances, or issues in the Requests.  The Borrower Trust's responses are not

intended to mean that the Borrower Trust agrees with or accept any explicit or implicit

characterization of facts, events, circumstances, or issues in the Requests.

8.     The Borrower Trust has not completed discovery or preparation for trial in this

litigation and reserve the right to rely upon any evidence subsequently discovered or that may

otherwise come to light during discovery.  The Borrower Trust expressly reserves the right to

supplement or amend these responses if and when any such additional information is ascertained.

These responses are made by the Borrower Trust subject to and without waiving the Borrower

Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but

that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the

3

Borrower Trust's right to amend or supplement these responses in the event that any information

previously available to the Borrower Trust is unintentionally omitted from these responses.

9.    The Borrower Trust objects to the Requests to the extent they seek answers to

questions that relate to time periods outside the period relevant to this Litigation.  The Borrower

Trust will produce documents related to the period that the Mortgage Loan was serviced by the

Debtors: November 2006 through April 2008.

10.    These responses are made without in any way waiving or intending to waive:

> (i)    any objections as to the competency, relevancy, materiality, privilege, or
> admissibility as evidence, for any purpose, of any information provided in
> response to the Requests or the subject matter thereof;

> (ii)    the right to object on any ground to the use of the information provided in
> response to the Requests or the subject matter thereof at any trial, hearing,
> or other stage of the proceedings;

> (iii)    the right to object on any ground at any time to a demand for further
> response to the Requests; and/or

> (iv)    the right at any time to revise, supplement, correct, or add to these
> responses and objections.

**Request No. 1:**

ADMIT that between September 24, 2007 and December 31, 2007, Res Cap owned

indirectly all of the equity of GMACM.

**Response and Specific Objections to Request No. 1:**

In addition to the General Objections above, the Borrower Trust objects to this request to

on the ground that it calls for a legal conclusion.  Subject to and without waiving its objections,

the Borrower Trust responds to Request No. 1 as follows:  ADMIT to the extent that between

September 24, 2007 and December 31, 2007, GMACM was an indirect subsidiary of ResCap.

**Request No. 2:**

ADMIT that YOU acted as a servicer for mortgage loans deposited into the RALI Trust

pursuant to the RALI Trust's Pooling and Servicing Agreement.

**Response and Specific Objections to Request No. 2:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  Subject to and without waiving its objections, the Borrower Trust responds to

Request No. 2 as follows:  DENY that GMACM acted as a servicer for mortgage loans deposited

into the RALI Trust pursuant to the RALI Trust's Pooling and Servicing Agreement.


**Request No. 3:**

ADMIT that between September 24, 2007 and December 31, 2007, YOU serviced the

mortgage loans owned by the RALI Trust that were previously serviced by Homecomings.

**Response and Specific Objections to Request No. 3:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  Subject to and without waiving its objections, the Borrower Trust responds to

Request No. 3 as follows:  DENY that between September 24, 2007 and December 31, 2007,

GMACM serviced the mortgage loans owned by the RALI Trust that were previously serviced

by Homecomings.

ny-1215652

**Request No. 4:**

ADMIT that YOU had the right and authority to modify the mortgage loans served by YOU that were deposed in or owned by the RALI Trust.

**Response and Specific Objections to Request No. 4:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery.  Subject to and without waiving its objections, the Borrower Trust responds to Request No. 5 as follows:  DENY that GMACM had the right and authority to modify the mortgage loans serviced by GMACM that were deposed in or owned by the RALI Trust during the time period the Mortgage Loan was serviced by Homecomings.

**Request No. 5**

ADMIT that YOU did not loan any money or other valuable consideration to the Claimant.

**Response and Specific Objections to Request No. 5**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery.  The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owe."  Subject to and without waiving its objections, the Borrower Trust responds to Request No. 6 as follows:  ADMIT that GMACM did not loan any money or other valuable consideration to the Claimant.

**Request No. 6:**

ny-1215652

ADMIT that Claimant did not owe any money to YOU during the time you were acting as servicer for the RALI Trust.

**Response and Specific Objections to Request No. 6:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owe." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 6 as follows: DENY. Claimant did not owe any money to GMACM during the time Homecomings was acting as servicer for the RALI Trust. GMACM never acted as servicer of the Mortgage Loan.


**Request No. 7:**

ADMIT that YOU never owned the servicing rights to the Mortgage Loan.

**Response and Specific Objections to Request No. 7:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owned." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 7 as follows: ADMIT that GMACM never owned the servicing rights to the Mortgage Loan.


**Request No. 8:**

7

ADMIT that YOU never sold the servicing rights to the Mortgage Loan to any person[s].

**Response and Specific Objections to Request No. 8:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "sold." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 8 as follows: ADMIT that GMACM never sold the servicing rights to the Mortgage Loan to any person[s].

**Request No. 9:**

ADMIT that third parties have made contributions to the Mortgage Loan account by way of, but not limited to, advances, credit default swaps, insurance or government funds.

**Response and Specific Objections to Request No. 9:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "contributions" and "third parties." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 9 as follows: The Borrower Trust states that it has made a reasonable inquiry into the substance of Request No. 9 and that information known or readily obtainable at this time is insufficient to enable it to determine whether third parties have made contributions to the Mortgage Loan account by way of, but not limited to, advances, credit default swaps, insurance or government funds.

8

**Request No. 10:**

ADMIT that the Mortgage Loan account was not reduced by third party payments.

**Response and Specific Objections to Request No. 10:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "third party payments." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 11:**

ADMIT that these contributions were never credited to the Mortgage Loan account.

**Response and Specific Objections to Request No. 11:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "these contributions." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 12:**

ADMIT that these contributions were never credited to the RALI Trust's account.

**Response and Specific Objections to Request No. 12:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

9

discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous

with regard to the term "these contributions." Given the ambiguity in this Request, the Borrower

Trust is unable to provide a response.


**Request No. 13:**

ADMIT that mortgage payments received by YOU that were made by Claimant were

never properly credited to the Mortgage Loan account.

**Response and Specific Objections to Request No. 13:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery. Subject to and without waiving its objections, the Borrower Trust responds to

Request No. 13 as follows: DENY. GMACM never received mortgage payments made by

Claimant.


**Request No. 14:**

ADMIT that mortgage payments received by YOU that were made by Claimant were

never properly credited to the RALI Trust's account.

**Response and Specific Objections to Request No. 14:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery. Subject to and without waiving its objections, the Borrower Trust responds to

Request No. 14 as follows: DENY. GMACM never received mortgage payments made by

Claimant.

ny-1215652

**Request No. 15:**

ADMIT that there was never any memorialized monetary transaction between YOU and

Aurora when the servicing rights were transferred from YOU to Aurora.

**Response and Specific Objections to Request No. 15:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  The Borrower Trust further objects on the grounds that it is vague and ambiguous

with regard to the term "memorialized monetary transaction."  Subject to and without waiving its

objections, the Borrower Trust responds to Request No. 15 as follows:  DENY.  GMACM never

owned the servicing rights to the Mortgage Loan and therefore never sold said servicing rights to

Aurora.

**Request No. 16:**

ADMIT that the YOU did not give Claimant notice of default prior to acceleration in

March of 2008.

**Response and Specific Objections to Request No. 16:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  The Borrower Trust further objects on the grounds that it is vague and ambiguous.

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 16 as

follows:  ADMIT.  GMACM did not act as servicer for the Mortgage Loan and therefore was not

involved in giving Claimant any notices of default.  There was no acceleration of the Mortgage

11

Loan prior to the transfer of servicing to Aurora in April 2008.


**Request No. 17:**

ADMIT that the YOU did not give Claimant notice of default prior to acceleration at any time prior to September 23, 2009.

**Response and Specific Objections to Request No. 17:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 17 as follows: ADMIT. GMACM did not act as servicer for the Mortgage Loan and therefore was not involved in giving Claimant any notices of default. There was no acceleration of the Mortgage Loan prior to the transfer of servicing to Aurora in April 2008.


**Request No. 18:**

ADMIT that you never held legal title to the Mortgage Loan.

**Response and Specific Objections to Request No. 18:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 18 as follows: ADMIT that GMACM never held legal title to the Mortgage Loan.

12

ny-1215652

**Request No. 19:**

ADMIT that you never held equitable title to the Mortgage Loan.

**Response and Specific Objections to Request No. 19:**

In addition to the General Objections above, the Borrower Trust objects to this request on the
grounds that it is irrelevant to the issues that are in the case and thus outside the scope of
discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.
Subject to and without waiving its objections, the Borrower Trust responds to Request No. 19 as
follows: ADMIT that GMACM never held equitable title to the Mortgage Loan.

**Request No. 20:**

ADMIT that the YOU never had any interest in the Mortgage Loan.

**Response and Specific Objections to Request No. 20:**

In addition to the General Objections above, the Borrower Trust objects to this request on the
grounds that it is irrelevant to the issues that are in the case and thus outside the scope of
discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.
Subject to and without waiving its objections, the Borrower Trust responds to Request No. 20 as
follows: ADMIT that the GMACM never had any interest in the Mortgage Loan.

**Request No. 21:**

ADMIT that the YOU were at all times acting as an agent for the Owner[s] of the
Mortgage Loan.

**Response and Specific Objections to Request No. 21:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  The Borrower Trust further objects on the grounds that it is vague and ambiguous.

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 21 as

follows:  DENY that the GMACM was at all times acting as an agent for the Owner[s] of the

Mortgage Loan.  GMACM never acted as servicer for the Mortgage Loan and therefore was

never acting in the capacity of agent for the Owner[s] of the Mortgage Loan.


**Request No. 22:**

      ADMIT that sometime near November 15, 2007, YOU instructed Claimant to skip at

least three (3) mortgage payments in order to apply for a loan modification.

**Response and Specific Objections to Request No. 22:**

      Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 22 as follows:  DENY that sometime near November 15, 2007, GMACM instructed

Claimant to skip at least three (3) mortgage payments in order to apply for a loan modification.


**Request No. 23:**

      ADMIT that YOU have instructed other Homeowners to skip at least two (2) or three (3)

mortgage payments in order to apply for a loan modification.

**Response and Specific Objections to Request No. 23:**

      Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 23 as follows:  DENY that GMACM has instructed other Homeowners to skip at least two

(2) or three (3) mortgage payments in order to apply for a loan modification.

**Request No. 24:**

ADMIT that as servicer, YOU were required to make advance payments of principal

and/or interest under Section 3.06 of the RALI 2007-Q01 Trust's Pooling & Servicing

Agreement if the obligor failed to make a payment.

**Response and Specific Objections to Request No. 24:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as

follows: DENY that as servicer, GMACM was required to make advance payments of principal

and/or interest under Section 3.06 of the RALI 2007-Q01 Trust's Pooling & Servicing

Agreement if the obligor failed to make a payment. GMACM never serviced the Mortgage

Loan.


**Request No. 25:**

ADMIT that as servicer, YOU were required under Section 3.07 of the Pooling &

Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the

mortgage loans in the RALI Trust serviced by YOU.

**Response and Specific Objections to Request No. 25:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 25 as

15

follows:  DENY that as servicer, GMACM were required under Section 3.07 of the Pooling &

Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the

mortgage loans in the RALI Trust serviced by GMACM.  GMACM never serviced the Mortgage

Loan.


**Request No. 26:**

ADMIT that the amount listed in the Notice of Default on September 23, 2009,

#20091452803, recorded in the Los Angeles County Recorder's Office, did not match the

amount that was reported to the Investors of the RALI Trust as required under Regulation AB

Item 1122(4)(v).

**Response and Specific Objections to Request No. 26:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  The Borrower Trust further objects on the grounds that it is vague and ambiguous

and seeks information outside the possession or control of the Borrower Trust.  Subject to and

without waiving its objections, the Borrower Trust responds to Request No. 26 as follows:  The

Borrower Trust states that it has made a reasonable inquiry into the substance of Request No. 26

and that information known or readily obtainable at this time is insufficient to enable it to

determine whether the amount listed in the Notice of Default on September 23, 2009,

#20091452803, recorded in the Los Angeles County Recorder's Office, did not match the

amount that was reported to the Investors of the RALI Trust as required under Regulation AB

Item 1122(4)(v).  The Mortgage Loan was not serviced by any Debtor entity on the September

23, 2009.

**Request No. 27:**

ADMIT that the loan obligation under the Mortgage Loan was never in default.

**Response and Specific Objections to Request No. 27:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of

discovery.  Subject to and without waiving its objections, the Borrower Trust responds to

Request No. 27 as follows:  DENY that the loan obligation under the Mortgage Loan was never

in default.

**Request No. 28:**

ADMIT that no due diligence was conducted by YOU as to whether the Mortgage Loan

was ever properly assigned to YOU pursuant to the requirements of the RALI 2007-Q0 1 Trust's

Pooling & Servicing Agreement and 424B Prospectus.

**Response and Specific Objections to Request No. 28:**

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues

that are in the case and thus outside the scope of discovery.  The Borrower Trust further objects

on the grounds that it is vague and ambiguous.  Subject to and without waiving its objections, the

Borrower Trust responds to Request No. 28 as follows:  DENY that no due diligence was

conducted by GMACM as to whether the Mortgage Loan was ever properly assigned to

GMACM pursuant to the requirements of the RALI 2007-Q0 1 Trust's Pooling & Servicing

Agreement and 424B Prospectus.

**Request No. 29:**

17

ADMIT that there was never any memorialized monetary transaction between YOU and AMN.

**Response and Specific Objections to Request No. 29:**

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague, overbroad, and ambiguous with regard to the term "monetary transaction." ADMIT that there was never any memorialized monetary transaction between GMACM and AMN with regard to the Mortgage Loan.


**Request No. 30:**

ADMIT that as the new servicer under the Mortgage Loan, YOU breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that YOU transferred the servicing rights under the Mortgage Loan to YOU in September 2007.

**Response and Specific Objections to Request No. 30:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 30 as follows: DENY that as the new servicer under the Mortgage Loan, GMACM breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that GMACM transferred the servicing rights under the Mortgage Loan to GMACM in September 2007. GMACM never acted as servicer with regard to the Mortgage Loan.

ny-1215652

**Request No. 31:**

ADMIT that as the new servicer under the Mortgage Loan, YOU violated Sections 6 and
10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a
Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to YOU
in September 2007.

**Response and Specific Objections to Request No. 31:**

In addition to the General Objections above, the Borrower Trust objects to this request on
the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of
discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.
Subject to and without waiving its objections, the Borrower Trust responds to Request No. 31 as
follows:  DENY that as the new servicer under the Mortgage Loan, GMACM violated Sections 6
and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant
of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to
GMACM in September 2007. GMACM never acted as servicer with regard to the Mortgage
Loan.

**Request No. 32:**

ADMIT that sometime near November 15, 2007, YOU instructed Claimant to skip at
least three (3) mortgage payments in order to apply for a loan modification.

**Response and Specific Objections to Request No. 32:**

In addition to the General Objections above, the Borrower Trust objects to this request on
the grounds that it is duplicative of Request No. 22 above.

19

## Request No. 33:

ADMIT that as servicer under the Mortgage Loan, YOU breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

## Response and Specific Objections to Request No. 33:

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 33 as follows: DENY that as servicer under the Mortgage Loan, GMACM breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008. GMACM never acted as servicer with regard to the Mortgage Loan.

## Request No. 34:

ADMIT that as servicer under the Mortgage Loan, YOU violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

## Response and Specific Objections to Request No. 34:

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.

ny-1215652

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 34 as

follows:  DENY that as servicer under the Mortgage Loan, GMACM violated Sections 6 and 10

of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a

Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora

in 2008.  GMACM never acted as servicer with regard to the Mortgage Loan.


Dated:  December 21, 2015          /s/
        New York, New York         Norman S. Rosenbaum
                                   Jordan A. Wishnew
                                   Jessica J. Arett
                                   MORRISON & FOERSTER LLP
                                   250 West 55th St.
                                   New York, New York 10019
                                   Telephone: (212) 468-8000
                                   Facsimile: (212) 468-7900

                                   *Counsel for The ResCap Borrower Claims
                                   Trust and the ResCap Liquidating Trust*

21