# EXHIBIT 2-G

RFC Responses to Requests for Admission

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT' FIRST SET OF REQUESTS FOR ADMISSION DIRECTED AT <u>RESIDENTIAL FUNDING COMPANY</u>**

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Requests for Admissions (the "Requests"), dated November 20, 2015.

<u>**GENERAL OBJECTIONS**</u>

1.  The Borrower Trust objects to the Requests to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.  The Borrower Trust objects to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure. The Borrower Trust also objects to the Requests to the extent they are vague and ambiguous.

1

ny-1215775

3. The Borrower Trust objects to each Request to the extent that they seek a legal conclusion. *See Shultz v. Wilson Bldg., Inc.*, 1969 U.S. Dist. LEXIS 9386 (S.D. Tex. Aug. 14, 1969) (holding "requests for admissions which [n]ecessitate a legal conclusion are generally considered objectionable."); *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at *2 (S.D.N.Y. Dec. 9, 2003) (dismissing "request for admissions as improper because the admissions sought legal conclusions"); *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405, 1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (holding the requests need not be answered because they "do not ask for admissions of fact but instead call for plaintiffs to draw legal conclusions"); *Rivers Elec. Co., Inc. v. 4.6 Acres of Land Located in Town of Catskill, County of Greene*, No. 89-cv-442, 1991 WL 255374, at *4 (N.D.N.Y. Nov. 25, 1991) (holding requests that call for "legal conclusions [are] not the proper subject matter for . . . a request for admissions"); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding plaintiffs' request for admission that the defendant was subject to statutes relevant to the action "calls for a legal conclusion and therefore it is beyond the scope of a request for admissions"); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1990) (holding alleged patent infringer's requests for admissions seeking from patent holder bald legal conclusion that certain patent claims were invalid were improper).

4. Rather than admitting or denying any Request to Admit, the Borrower Trust reserves the right to respond by stating an objection. *See Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 78 (D.R.I. 1999) ("Where a party has objected to a request for admission the burden is on the requesting party to move for an order to test the validity of the objection.") (citing Fed. R. Civ. P. 36 advisory committee's note ("The requirement that the objecting party

2

move automatically for a hearing is eliminated, and the burden is on the requesting party to move for an order.")).

5. The Borrower Trust objects to the Requests to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine. To the extent that the Requests call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

6. The Borrower Trust objects to the Requests to the extent they purport to require the Borrower Trust to provide information outside their possession, custody, or control.

7. The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests. The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accept any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

8. The Borrower Trust has not completed discovery or preparation for trial in this litigation and reserve the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery. The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the

3

ny-1215775

Borrower Trust's right to amend or supplement these responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

9.  The Borrower Trust objects to the Requests to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation. The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: November 2006 through April 2008.

10. These responses are made without in any way waiving or intending to waive:

   (i)   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Requests or the subject matter thereof;

   (ii)  the right to object on any ground to the use of the information provided in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

   (iii) the right to object on any ground at any time to a demand for further response to the Requests; and/or

   (iv)  the right at any time to revise, supplement, correct, or add to these responses and objections.

**Request No. 1:**

ADMIT that AMN did not fund the Mortgage Loan.

**Response and Specific Objections to Request No. 1:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects t this request because it asks the Borrower Trust to provide information outside its possession, custody, or control, as the Borrower Trust does not have access to AMN's records.

4

ny-1215775

**Request No. 2:**

ADMIT that RFC is named as the Investor of the Mortgage Loan in the "Smith Servicing Notes" YOU submitted in the bankruptcy case.

**Response and Specific Objections to Request No. 2:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 2 as follows: ADMIT that RFC is named as the Investor of the Mortgage Loan in the "Smith Servicing Notes" the Borrower Trust submitted in the bankruptcy case. Internally the investor field can represent either the master servicer or the investor, depending on the entity that the servicer needed to remit funds to.

**Request No. 4:**

ADMIT that YOU acted as Master Servicer pursuant to the RALI Trust's Pooling and Servicing Agreement.

**Response and Specific Objections to Request No. 4:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 3 as follows: ADMIT that RFC acted as Master Servicer pursuant to the RALI Trust's Pooling and Servicing Agreement.

**Request No. 5:**

ADMIT that YOU never held any beneficial interest in the Mortgage Loan.

**Response and Specific Objections to Request No. 5:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 5 as follows: DENY that RFC never held any beneficial interest in the Mortgage Loan.

**Request No. 6:**

ADMIT that Claimant does not owe any money to YOU.

**Response and Specific Objections to Request No. 6:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to the Request to the extent it is vague and ambiguous as to the term "owe." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 6 as follows: ADMIT that Claimant does not currently owe any money to RFC.

**Request No. 7**

ADMIT that YOU did not lend any money to Claimant.

**Response and Specific Objections to Request No. 7**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to the Request to the extent it is vague and ambiguous as to the term "lend." The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owe." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 7 as follows: ADMIT that RFC did not lend any money to Claimant.

**Request No. 8:**

ADMIT that the YOU did not give Claimant NOTICE OF ACCELERATION, prior to commencement of any foreclosure proceedings.

**Response and Specific Objections to Request No. 8:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owe." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 8 as follows: ADMIT that the RFC did not give Claimant NOTICE OF ACCELERATION, prior to commencement of any foreclosure proceedings, as no foreclosure proceedings were commenced by any Debtor entity.

**Request No. 9:**

ADMIT that YOU never held legal title to the Mortgage Loan.

**Response and Specific Objections to Request No. 9:**

In addition to the General Objections above, the Borrower Trust objects to this request on

7

ny-1215775

the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "owned." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 9 as follows: DENY that RFC never held legal title to the Mortgage Loan.

**Request No. 10:**

ADMIT that YOU were never an assignee of the Mortgage Loan.

**Response and Specific Objections to Request No. 10:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "sold." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 10 as follows: DENY that RFC was never an assignee of the Mortgage Loan.

**Request No. 11:**

ADMIT that YOU did not receive written authorization from AMN to assign any interest in the Mortgage Loan to YOURSELF.

**Response and Specific Objections to Request No. 11:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous.

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 11 as follows: DENY that RFC did not receive written authorization from AMN to assign any interest in the Mortgage Loan to RFC.

**Request No. 12:**

ADMIT that the loan originator/AMN never had the subject loan on its books and records as a loan receivable.

**Response and Specific Objections to Request No. 12:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to this request because it asks the Borrower Trust to provide information outside its possession, custody, or control, as the Borrower Trust does not have access to AMN's records.

**Request No. 13:**

ADMIT that the loan originator was paid by third parties, not disclosed to Claimant.

**Response and Specific Objections to Request No. 13:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to this request because it asks the Borrower Trust to provide information outside its possession, custody, or control, as the Borrower Trust does not have access to AMN's records.

9

ny-1215775

**Request No. 14:**

ADMIT that no assignment of the Mortgage Loan was ever supported by consideration or value.

**Response and Specific Objections to Request No. 14:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 14 as follows: DENY that no assignment of the Mortgage Loan was ever supported by consideration or value.

**Request No. 15:**

ADMIT that no accounting or report has ever been issued (and delivered to Claimant) by the source of funds for the origination of the Mortgage Loan transaction with the Claimant.

**Response and Specific Objections to Request No. 15:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to this request because it asks the Borrower Trust to provide information outside its possession, custody, or control, as the Borrower Trust does not have access to AMN's records. The Borrower Trust also objects to the extent the Request is vague and ambiguous with regard to the terms "accounting or report" and "source of funds for origination." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

10

**Request No. 16:**

ADMIT that YOU never issued (and delivered to Claimant) an accounting or report for the origination or transfer of the Mortgage Loan.

**Response and Specific Objections to Request No. 16:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust also objects to the extent the Request is vague and ambiguous with regard to the phrase "accounting or report for the origination or transfer of the Mortgage Loan." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 17:**

ADMIT that YOU received payments from third parties in relation to the pool in which the Mortgage Loan is claimed to be included as an asset.

**Response and Specific Objections to Request No. 17:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "third parties" and the phrase "in relation to the pool in which the Mortgage Loan is claimed to be included as an asset." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 18:**

ADMIT that the Mortgage Loan account was not reduced by third party payments.

11

ny-1215775

**Response and Specific Objections to Request No. 18:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "third party payments." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 19:**

ADMIT that the Mortgage Loan was never assigned to DBTCA.

**Response and Specific Objections to Request No. 19:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 17 as follows: DENY that the Mortgage Loan was never assigned to DBTCA.

**Request No. 20:**

ADMIT that the Mortgage Loan was never assigned to DBNTC.

**Response and Specific Objections to Request No. 20:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 20 as

12

follows: ADMIT that the Mortgage Loan was never assigned to DBNTC, as it was assigned to DBTCA.

**Request No. 21:**

ADMIT that, as Master Servicer, YOU were required to make advance payments of principal and/or interest under Section 3.06 of the RALI 2007-Q01 Trust's Pooling & Servicing Agreement if the obligor failed to make a payment.

**Response and Specific Objections to Request No. 21:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as follows: The Pooling and Servicing Statement speaks for itself on this point. It states: "For any month, if the Master Servicer does not receive the full scheduled payment on a mortgage loan, the Master Servicer will advance funds to cover the amount of the scheduled payment that was not made. However, the Master Servicer will advance funds only if it determines that the advance will be recoverable from future payments or collections on that mortgage loan." The Borrower Trust further objects to the extent this information is publicly available.

**Request No. 22(1):**

ADMIT that as Master Servicer, YOU were required under Section 3.07 of the Pooling & Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the

13

ny-1215775

mortgage loans in the RALI Trust serviced by YOU.

**Response and Specific Objections to Request No. 22(1):**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 25 as follows: DENY that as Master Servicer, RFC were required under Section 3.07 of the Pooling & Servicing Agreement of the RALI Trust to have individualized loan by loan accounting of the mortgage loans in the RALI Trust serviced by RFC.

**Request No. 22(2):**

ADMIT that the amount listed in the Notice of Default on September 23, 2009, #20091452803, recorded in the Los Angeles County Recorder's Off did not match the amount that was reported to investors of the RALI 2007-QO 1 Trust as required under Regulation AB Item 1 122(4)(v).

**Response and Specific Objections to Request No. 22(2):**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it relates to events that occurred after servicing of the Mortgage Loan was transferred to Aurora in April 2008.

**Request No. 23:**

ADMIT that the alleged loan obligation under the Mortgage Loan was never in default.

**Response and Specific Objections to Request No. 23:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 23 as follows: DENY that the alleged loan obligation under the Mortgage Loan was never in default.

**Request No. 24:**

ADMIT that no due diligence was conducted by YOU as to whether the NOTE and DOT at issue in this litigation was ever properly assigned to YOU pursuant to the requirements of the Pooling & Servicing Agreement and 424B Prospectus.

**Response and Specific Objections to Request No. 24:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as follows: DENY that no due diligence was conducted by RFC as to whether the NOTE and DOT at issue in this litigation was ever properly assigned to RFC pursuant to the requirements of the Pooling & Servicing Agreement and 424B Prospectus.

**Request No. 25:**

ADMIT that there was never an memorialized monetary transaction between YOU and AMN.

**Response and Specific Objections to Request No. 25:**

15

ny-1215775

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. The Borrower Trust further objects on the grounds that it is vague and ambiguous with regard to the term "monetary transaction." Given the ambiguity in this Request, the Borrower Trust is unable to provide a response.

**Request No. 26:**

ADMIT that as master servicer under the Mortgage Loan, YOU breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

**Response and Specific Objections to Request No. 26:**

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 26 as follows: DENY that as master servicer under the Mortgage Loan, RFC breached the Mortgage Loan by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

**Request No. 27:**

ADMIT that as master servicer under the Mortgage Loan, YOU violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

**Response and Specific Objections to Request No. 27:**

16

ny-1215775

The Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 27 as follows: DENY that as master servicer under the Mortgage Loan, RFC violated Sections 6 and 10 of Real Estate Settlement Procedures Act (RESPA) by failing to give notice to Claimant of a Change of Servicer, that the servicing rights under the Mortgage Loan were transferred to Aurora in 2008.

Dated: December 21, 2015
      New York, New York

/s/ _____
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust and the ResCap Liquidating Trust*

17

ny-1215775