# EXHIBIT 2-H

RFC Responses to Interrogatories

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | : | |
| --- | --- | --- |
| | : | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : | |
| | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| | : | |

## THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT' FIRST SET OF INTERROGATORIES DIRECTED AT RESIDENTIAL FUNDING COMPANY

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Interrogatories (the "Interrogatories"), dated November 20, 2015.

### GENERAL OBJECTIONS

1.    The Borrower Trust objects to the Interrogatories to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.    The Borrower Trust objects to the Interrogatories to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure. The Borrower Trust also objects to the Interrogatories to the extent they are vague and ambiguous.

1

ny-1215770

3. The Borrower Trust objects to the Interrogatories to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine. To the extent that the Interrogatories call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

4. The Borrower Trust objects to the Interrogatories to the extent they purport to require the Borrower Trust to provide information outside its possession, custody or control.

5. The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories. The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

6. The Borrower Trust has not completed discovery or preparation for the evidentiary hearing in this litigation and reserve the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery. The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the Borrower Trust's right to amend or supplement these

ny-1215770

responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

7.  The Borrower Trust objects to the Interrogatories to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation. The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: November 2006 through April 2008.

8.  These responses are made without in any way waiving or intending to waive:

   (i)   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories or the subject matter thereof;

   (ii)  the right to object on any ground to the use of the information provided in response to the Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

   (iii) the right to object on any ground at any time to a demand for further response to the Interrogatories; and/or

   (iv)  the right at any time to revise, supplement, correct, or add to these responses and objections.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

State the name, address and telephone number of the person authorized to respond to these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: Sara Lathrop, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

ny-1215770

**INTERROGATORY NO. 2**

Identify the entity authorizing the responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: Peter Kravitz, Trustee for the ResCap Borrower Claims Trust, 29209 Canwood Street, Suite 210, Agoura Hills, CA 91301.

**INTERROGATORY NO. 3**

State the relationship of the person authorized to respond to these Interrogatories to RFC.

**RESPONSE TO INTERROGATORY NO. 3**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows:

Sara Lathrop is the Senior Claims Analyst for the Borrower Trust and a former employee of GMAC Mortgage, LLC.

**INTERROGATORY NO. 4**

State all positions the person authorized to respond to these Interrogatories holds or held with RFC.

**RESPONSE TO INTERROGATORY NO. 4**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows:

I do not hold and have never held a position with RFC. I began my association with Residential Capital, LLC in June 2006 working as an associate in the Default Division of the

loan servicing operation of GMAC Mortgage, LLC. In 2008, I became a Default Quality Control Specialist, a position that I held until I became a Supervisor in the Default Division in 2009. In 2011, I became a Supervisor in the Loss Mitigation Division of GMACM's loan servicing operation, and in February 2012, I became a Manager in that division. In January of 2013, I became the Regulatory Compliance Manager for ResCap. I became Senior Claims Analyst for ResCap in July 2013 and continued in this role when the ResCap Liquidating Trust was established in December 2013.

**INTERROGATORY NO. 5**

State the name, address and telephone number of all persons providing information to the person authorized to respond to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 5**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows:

Kathy Priore, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

Cindy Stewart, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

Donald Booth, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

5

ny-1215770

**INTERROGATORY NO. 6**

State the name, address and telephone number of all persons assisting the person in forming and preparing the responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 6**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows:

Kathy Priore, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

Cindy Stewart, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

Donald Booth, c/o Morrison & Foerster, 250 West 55th Street, New York, NY 10019, Telephone: 212-468-8000.

**INTERROGATORY NO. 7**

State the date you purchased the Mortgage Loan from AMN.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 8**

State the amount of money YOU paid in US dollars when you purchased the Mortgage Loan from AMN.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 9**

If YOU did not pay for the Mortgage Loan in US dollars, identify the currency used for the purchase of the Mortgage Loan from AMN.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 10**

If YOU used any other form of exchange of valuable consideration for the purchase of the Mortgage Loan from AMN, state the form of valuable consideration provided for the purchase of the Mortgage Loan from AMN, for example and without limitation: stock certificates, debt forgiveness, assignments of rights in contracts, and/or guarantees of payments to third party on behalf of AMN.

**RESPONSE TO INTERROGATORY NO. 10**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 11**

State the date YOU sold the Mortgage Loan to RALI.

**RESPONSE TO INTERROGATORY NO. 11**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 12**

State the amount of money YOU received in US dollars when you sold the Mortgage Loan to RALI.

**RESPONSE TO INTERROGATORY NO. 12**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 13**

If YOU did not receive US dollars when you sold the Mortgage Loan to RALI, identify the currency YOU received for the sale of the Mortgage Loan to RALI.

**RESPONSE TO INTERROGATORY NO. 13**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

**INTERROGATORY NO. 14**

If YOU received any other form of exchange of valuable consideration for the sale of the Mortgage Loan to RALI, state the form of valuable consideration provided for the purchase of the Mortgage Loan from RALI, for example and without limitation: stock certificates, debt forgiveness, assignment of rights in contracts, and/or guarantees of payments to third parties on behalf of RALI.

**RESPONSE TO INTERROGATORY NO. 14**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

9

ny-1215770

**INTERROGATORY NO. 15**

State the date YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 15**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC ceased business operations on December 17, 2013, when the effective date of the Debtors' Chapter 11 plan was effective.

**INTERROGATORY NO. 16**

Describe, in detail, the business operations of RFC from November 1, 2006 to the date YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 16**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. The Borrower Trust also objects to the extent this Interrogatory is overbroad, vague, and ambiguous. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC acted as the Master Servicer for the Mortgage Loan from the date of the securitization until servicing was transferred to Aurora in April 2008.

**INTERROGATORY NO. 17**

Identify all computer software programs YOU used for transactions involving the Mortgage Loan from November 1, 2006 through the date of YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 17**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. The Borrower Trust also objects to this Interrogatory to the extent it seeks information outside the relevant time period in which the Mortgage Loan was being serviced by the Debtors. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC would communicate with DBTCA using a software program call Vision.

**INTERROGATORY NO. 18**

Identify all computer software program YOU used for communicating with Homecomings, GMACM and/or RALI from November 1, 2006 through the date of YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 18**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. The Borrower Trust also objects to this Interrogatory to the extent it seeks information outside the relevant time period in which the Mortgage Loan was being serviced by the Debtors. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC communicated with

11

ny-1215770

Homecomings using a system called DMS, however, RFC did not communicate with Homecomings regarding the Mortgage Loan. RFC did not communicate with RALI or GMACM with regard to the Mortgage Loan.

**INTERROGATORY NO. 19**

Identify all computer software programs YOU used for communicating with Lender Processing Services, Inc. from November 1, 2006 through the date YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 19**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. The Borrower Trust also objects to this Interrogatory to the extent it seeks information outside the relevant time period in which the Mortgage Loan was being serviced by the Debtors. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC did not communicate with Lender Processing Services, Inc. regarding the Mortgage Loan.

**INTERROGATORY NO. 20**

Identify all computer software programs YOU used for communicating with DBCTA from November 1, 2006 through the date YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 20**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and

thus outside the scope of discovery. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC did not communicate with DBCTA regarding the servicing of the Mortgage Loan. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC would communicate with DBTCA using a software program call Vision.

### INTERROGATORY NO. 21

Identify all computer software programs YOU used for communicating with DBNTC from November 1, 2006 through the date YOU ceased business operations.

### RESPONSE TO INTERROGATORY NO. 21

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC did not communicate with DBNTC with regard to the Mortgage Loan.

### INTERROGATORY NO. 22

Describe YOUR relationship with Lender Processing Services, Inc.

### RESPONSE TO INTERROGATORY NO. 22

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC did not have a relationship

13

ny-1215770

with Lender Processing Services, Inc. Lender Processing Services, Inc. was a vendor that was used by the subservicers for communicating with attorneys regarding foreclosure and other legal matters. Such relationship is not applicable here because the Mortgage Loan was not referred to foreclosure during the period it was serviced by Homecomings.

**INTERROGATORY NO. 23**

Identify all computer soft are programs YOU used for communicating with Lender Processing Services, Inc. from November 1, 2006 through the date YOU ceased business operations.

**RESPONSE TO INTERROGATORY NO. 23**

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery. The Borrower Trust also objects to this Interrogatory to the extent it seeks information outside the relevant time period in which the Mortgage Loan was being serviced by the Debtors. Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: RFC did not communicate with Lender Processing Services, Inc. regarding the Mortgage Loan.

14

ny-1215770

## INTERROGATORY NO. 24

Provide the location where the physical documents representing the Mortgage Loan were stored when YOU purchased the Mortgage Loan from AMN to the date YOU sold the Mortgage Loan to RALI.

## RESPONSE TO INTERROGATORY NO. 24

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

## INTERROGATORY NO. 25

Describe the process AMN used to transfer the physical documents representing the Mortgage Loan to YOU.

## RESPONSE TO INTERROGATORY NO. 25

In addition to the General Objections above, the Borrower Trust objects to this Interrogatory on the grounds that it is irrelevant to the limited contested issues in the case and thus outside the scope of discovery.

## RESPONSE TO INTERROGATORY NOS. 26 THROUGH 108

In addition to their General Objections, the Borrower Trust objects to these Interrogatories because they exceed the number permitted under Federal Rule of Civil Procedure 33(a)(1), which applies to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7033.

15

ny-1215770

AS TO RESPONSES:

Dated: December ___, 2015

                                                  Sara Lathrop
                                                 Senior Claims Analyst for the ResCap
                                                 Borrower Claims Trust

STATE OF
COUNTY OF _____, SS

On the ___ day of December, 2015 personally appeared Sara Lathrop, Senior Claims Analyst for the ResCap Borrower Claims Trust, and made oath that the foregoing statements are true to the best of her knowledge, information and belief.

                                                 Before me,

                                                 Notary Public

16

AS TO RESPONSES:

Dated: December 21, 2015

_____
Sara Lathrop
Senior Claims Analyst for the ResCap
Borrower Claims Trust

STATE OF Iowa
COUNTY OF Black Hawk, SS

On the 21st day of December, 2015 personally appeared Sara Lathrop, Senior Claims Analyst for the ResCap Borrower Claims Trust, and made oath that the foregoing statements are true to the best of her knowledge, information and belief.

Before me,

_____
Notary Public

ALDIJANA OMANOVIC
Commission No. 787868
My Commission Expires
December 29, 2017

16

ny-1215770

AS TO OBJECTIONS:

Dated: December 21, 2015
       New York, New York

/s/ _____
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust and the ResCap Liquidating Trust*

17

ny-1215770