# EXHIBIT 43-A

Residential Lease (Barnett)

# CALIFORNIA RESIDENTIAL LEASE/RENTAL AGREEMENT

PARTIES: LANDLORD_____Tia Smith_____

TENANT(S)_____Stanley BARNETT_____

PROPERTY ADDRESS:____4011 Hubert Ave, Los Angeles, CA 90008_____

1. RENTAL AMOUNT: Commencing                    TENANT agrees to pay LANDLORD the sum of $700.00 per month in advance on the 1st day of each calendar month. Said rental payment shall be delivered by TENANT to LANDLORD or his designated agent at the listed property address.

Rent must be actually received by LANDLORD, or designated agent, in order to be considered in compliance with the terms of this agreement.

2. TERM: The premises are leased on the following lease term: AUGUST 1, 2011 until July 31, 2014.

3. SECURITY DEPOSITS: TENANT shall deposit with landlord the sum of $        .00 as a security deposit to secure TENANT'S faithful performance of the terms of this lease. The security deposit shall not exceed two times the monthly rent. After all the TENANTS have vacated, leaving the premises vacant, the LANDLORD may use the security deposit for the cleaning of the premises, any unusual wear and tear to the premises or common areas, and any rent or other amounts owed pursuant to the lease agreement or pursuant to Civil Code Section 1950.5.

TENANT may not use said deposit for rent owed during the term of the lease. Within 21 days of the TENANT vacating the premises, LANDLORD shall furnish TENANT a written statement indicating any amounts deducted from the security deposit and returning the balance to the TENANT.

4. INITIAL PAYMENT: TENANT shall pay the first month rent of $700.00 and the security deposit in the amount of $700.00 for a total of $1400.00. Said payment is all due prior to occupancy.

5. OCCUPANTS: The premises shall not be occupied by any person other than those designated above as TENANT.

If LANDLORD, with written consent, allows for additional persons to occupy the premises, the rent shall be increased by $100 for each such person. Any person staying 14 days cumulative or longer, without the LANDLORD'S written consent, shall be considered as occupying the premises in violation of this agreement.

6. SUBLETTING OR ASSIGNING: TENANT agrees not to assign or sublet the premises, or any part thereof, without first obtaining written permission from LANDLORD.

7. UTILITIES: TENANT shall pay for all utilities and/or services supplied to the premises with the following exception: STANLEY BARNETT SHALL PAY 1/3 OF THE FOLLOWING UTILITIES ; LADWP, GAS, PHONE AND OR CABLE SERVICES EVERY MONTH

8. ALTERATIONS: TENANT shall not make any alterations to the premises, including but not limited to installing aerials, lighting fixtures, dishwashers, washing machines, dryers or other items without first obtaining written permission from LANDLORD. TENANT shall not change or install locks, paint, or wallpaper said premises without LANDLORD'S prior written consent, TENANT shall not place placards, signs, or other exhibits in a window or any other place where they can be viewed by other residents or by the general public.

9. LATE CHARGE/BAD CHECKS: A late charge of $25.00 shall be incurred if rent is not paid when due.

If rent is not paid when due and landlord issues a 'Notice To Pay Rent Or Quit', TENANT must tender cash or cashier's check only. If TENANT tenders a check, which is dishonored by a banking institution, than TENANT shall only tender cash or cashier's check for all future payments. This shall continue until such time as written consent is obtained from LANDLORD. In addition, TENANT shall be liable in the sum of $10 for each check that is returned to LANDLORD because the check has been dishonored.

10. **LANDLORD'S RIGHT OF ENTRY:** LANDLORD may enter and inspect the premises during normal business hours and upon reasonable advance notice of at least 24 hours to TENANT. LANDLORD is permitted to make all alterations, repairs and maintenance that in LANDLORD'S judgment is necessary to perform. In addition LANDLORD has all right to enter pursuant to Civil Code Section 1954. If the work performed requires that TENANT temporarily vacate the unit, then TENANT shall vacate for this temporary period upon being served a 7 days notice by LANDLORD. TENANT agrees that in such event that TENANT will be solely compensated by a corresponding reduction in rent for those many days that TENANT was temporarily displaced.

If the work to be performed requires the cooperation of TENANT to perform certain tasks, then those tasks shall be performed upon serving 24 hours written notice by LANDLORD. (EXAMPLE -removing food items from cabinets so that the unit may be sprayed for pests)

11. **REPAIRS BY LANDLORD:** Where a repair is the responsibility of the LANDLORD, TENANT must notify LANDLORD with a written notice stating what item needs servicing or repair. TENANT must give LANDLORD a reasonable opportunity to service or repair said item. TENANT acknowledges that rent will not be withheld unless a written notice has been served on LANDLORD giving LANDLORD a reasonable time to fix said item within the meaning of Civil Code Section 1942. Under no circumstances may TENANT withhold rent unless said item constitutes a substantial breach of the warrantee of habitability as stated in Code of Civil Procedure Section 1174.2.

12. <u>PETS</u>: No dog, cat, bird, fish or other domestic pet or animal of any kind may be kept on or about the premises without LANDLORD"S written consent.

13. **FURNISHINGS:** No liquid filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later TENANT may possess a <u>waterbed</u> if he maintains waterbed insurance valued at $100,000 or more. TENANT must furnish LANDLORD with proof of said insurance. TENANT must use bedding that complies with the load capacity of the manufacturer. In addition, TENANT must also be in full compliance with Civil Code Section 1940.5. TENANT shall not install or use any washer, <u>dryer</u>, or dishwasher that was not already furnished with the unit.

14. **INSURANCE:** TENANT may maintain a personal property <u>insurance policy</u> to cover any losses sustained to TENANT'S personal property or vehicle. It is acknowledged that LANDLORD does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes.

15. It is acknowledged that LANDLORD is not liable for these occurrences. It is acknowledged that TENANT'S insurance policy shall solely indemnify TENANT for any losses sustained. TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against LANDLORD for the above stated losses. The parties acknowledge that the premises are not to be considered a security building which would hold LANDLORD to a higher <u>degree</u> of care.

16. **TERMINATION OF LEASE/RENTAL AGREEMENT:** If this lease is based on a fixed term, pursuant to paragraph 2, then at the expiration of said fixed term this lease shall become a month to month tenancy upon the approval of LANDLORD.

Where said term is a month to month tenancy, either party may terminate this tenancy by the serving of a 30 day written notice.

17. **POSSESSION:** If premises cannot be delivered to TENANT on the agreed date due to loss, total or partial destruction of the premises, or failure of previous TENANT to vacate, either party may terminate this agreement upon written notice to the other party at their last known address. It is acknowledged that either party shall have no liability to each other except that all sums paid to LANDLORD will be immediately refunded to TENANT.

18. **ABANDONMENT:** It shall be deemed a reasonable belief by the LANDLORD that an abandonment of the premises has occurred, within the meaning of Civil Code Section 1951.2, where rent has been unpaid for 14 consecutive days and the TENANT has been absent from unit for 14 consecutive days. In that event, LANDLORD may serve written notice pursuant to Civil Code Section 1951.2. If TENANT does not comply with the require- ments of said notice in 18 days, the premises shall be deemed abandoned.

9. **VALIDITY/SEVERABILITY:** If any provision of this agreement is held to be invalid, such invalidity shall not affect the validity or enforceability of any other provision of this agreement.

20. ATTORNEY FEES: In the event action is brought by any party to enforce any terms of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees.

It is acknowledged, between the parties, that jury trials significantly increase the costs of any litigation between the parties. It is also acknowledged that jury trials require a longer length of time to adjudicate the controversy. On this basis, all parties waive their rights to have any matter settled by jury trial.

21. NOTICES: All notices to the tenant shall be deemed served upon mailing by first class mail, addressed to the tenant, at the subject premises or upon personal delivery to the premises whether or not TENANT is actually present at the time of said delivery. All notices to the landlord shall be served by mailing first class mail or by personal delivery to the owner.

22. PERSONAL PROPERTY OF TENANT: Once TENANT vacates the premises, all personal property left in the unit shall be stored by the LANDLOR   for 18 days. If within that time period, TENANT does not claim said property, LANDLORD may dispose of said items in any manner LANDLORD chooses.

23. ENTIRE AGREEMENT: The foregoing agreement, including any attachments incorporated by reference, constitute the entire agreement between the parties and supersedes any oral or written representations or agreements that may have been made by either party. Further, TENANT represents that TENANT has relied solely on TENANT'S judgment in entering into this agreement. TENANT acknowledges having been advised to consult with independent legal counsel before entering into this Agreement and has decided to waive such representation and advice. TENANT acknowledges that TENANT has read and understood this agreement and has been furnished a duplicate original.

_____ LANDLORD/AGENT    AUGUST 1, 2011

_____ TENANT    8-1-11

ADDENDUM TO RESIDENTIAL LEASE ON 4011 HUBERT AVENUE

DATED: AUGUST 1, 2011

**1: Option to Renew.** Provided that Lessee is not in default in the performance of this lease, Lessee shall have the option to renew the lease for an additional term of thirty six (36) months commencing at the expiration of the initial lease term. All of the terms and conditions of the lease shall apply during the renewal term except that the monthly rent shall be the sum of $750.00. The option shall be exercised by written notice given to Lessor not less than 60 days prior to the expiration of the initial lease term. If notice is not given in the manner provided herein within the time specified, this option shall expire.

Dated: September 10, 2011

_____
Lessor: Tia Smith

_____
Lessee: Stanley Barnett