MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield

*Counsel for the ResCap Borrower Claims Trust*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
In re:                                                        )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                                             )
                                     Debtors.       )    Jointly Administered
-------------------------------------------------------------------------------- )


**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL OBJECTION IN**
**SUPPORT OF ITS OBJECTION TO PROOF OF CLAIM NO. 3695 FILED**
**ON BEHALF OF ROSALIND ALEXANDER-KASPARIK**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION, VENUE, AND STATUTORY PREDICATE .................................................3

BACKGROUND .........................................................................................................................3

RELIEF REQUESTED ...............................................................................................................5

OBJECTION ...............................................................................................................................5

    I.      The Claim Is Barred by Collateral Estoppel ...........................................................5

         A.     The California Superior Court Decided Identical Issues in the
              California Action ......................................................................................7

         B.     Each of the Causes of Action Asserted in the Claim Was Actually
              Litigated in the California Action ............................................................7

         C.     Each of the Causes of Action Asserted in the Claim Was
              Necessarily Decided in the California Action ..........................................8

         D.     The California Action Terminated with a Final Judgment on the
              Merits ......................................................................................................8

         E.     The Claimant Was Party to the California Action ...................................9

         F.     Public Policy Supports the Application of Collateral Estoppel to
              Bar the Claim Against GMAC Mortgage .................................................9

    II.     The Claim Fails on the Merits ...............................................................................10

         A.     Applicability of Federal Pleading Standards .........................................10

         B.     The Claim Fails as a Matter of Law Because Claimant Fails to
              Identify Any Representations Made by GMAC Mortgage .....................10

         C.     Claimant's Negligence Claim Fails .......................................................11

          D.     Claimant's Promissory Estoppel Claim Fails .........................................15

NOTICE ....................................................................................................................................18

CONCLUSION ..........................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Allen v. McCurry,
    449 U.S. 90 (1980) ....................................................................................................5

Armstrong v. Chevy Chase Bank, FSB,
    No. 5:11-cv-05664 (EJD), 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ..............................13

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..................................................................................................10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ..................................................................................................10

Betyar v. Pierce,
    252 Cal. Rptr. 907 (Cal. Ct. App. 1988)..........................................................................7

Burdette v. Carrier Corp.,
    71 Cal. Rptr. 3d 185 (Cal. Ct. App. 2008), as modified on denial of reh'g, No.
    C050299, 2008 Cal. App. LEXIS 236 (Cal. Ct. App. Feb. 14, 2008)......................................7

City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
    80 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998), as modified on denial of reh'g, 69 Cal.
    App. 4th 909D (Cal Ct. App. 1999) ...............................................................................12

Cleveland v. Johnson,
    147 Cal. Rptr. 3d 772 (Cal. Ct. App. 2012)......................................................................12

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) .............................................................................5

Garcia v. World Savs., FSB,
    107 Cal. Rptr. 3d 683 (Cal. Ct. App. 2010)......................................................................15

Goffman v. Bank of America, N.A.,
    No. G045942, 2012 WL 6011906 (Cal. Ct. App. Nov. 29, 2012) .........................................17

Granadino v. Wells Fargo Bank, N.A.,
    186 Cal. Rptr. 3d 408 (Cal. Ct. App. 2015)......................................................................16

In re Residential Capital, LLC,
    No. 12-12020 (MG), 2014 WL 5358762 (Bankr. S.D.N.Y. Oct. 20, 2014)..........................18

In re Residential Capital, LLC,
    No. 12-12020 (MG), 2015 WL 2375979 (Bankr. S.D.N.Y. May 15, 2015) ..........................10

ii

In re Residential Capital, LLC,
    No. 12-12020 (MG), 2015 WL 4747860 (Bankr. S.D.N.Y. Aug. 4, 2015) ...................... 13, 14

Kajeh v. Select Portfolio Servicing, Inc.,
    No. D064426, 2014 WL 1911411 (Cal. Ct. App. May 14, 2014) .......................................... 17

Kelly v. Vons Cos.,
    79 Cal. Rptr. 2d 763 (Cal. Ct. App. 1998) ................................................................................ 9

Kouzine v. Countrywide Home Loans, Inc.,
    No. B249022, 2014 WL 1696289 (Cal. Ct. App. Apr. 30, 2014) ........................................... 12

Ladas v. California State Auto. Assn.,
    23 Cal. Rptr. 2d 810 (Cal. Ct. App. 1993) ............................................................................. 16

Lucido v. Superior Court,
    795 P.2d 1223 (Cal. 1990) .............................................................................................. 6, 7, 8

Nymark v. Heart Fed. Savs. & Loan Assn.,
    283 Cal. Rptr. 53 (Cal. Ct. App. 1991) .................................................................................. 13

Pellegrini v. Weiss,
    81 Cal. Rptr. 3d 387 (Cal. Ct. App. 2008) ............................................................................. 12

Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2,
    84 Cal. Rptr. 3d 275 (Cal. Ct. App. 2008) ............................................................................. 15

Segura v. Wells Fargo Bank,
    N.A., No. CV-14-04195(MWF), 2014 WL 4798890 (C.D. Cal. Sept. 26, 2014) .................. 13

U.S. Ecology, Inc. v. Cal.,
    28 Cal. Rptr. 3d 894 (Cal. Ct. App. 2005) ........................................................................ 15, 16

Valencia v. Wells Fargo Bank,
    No. B254999, 2015 WL 3474881 (Cal. Ct. App. June 2, 2015) ............................................ 16

Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.,
    500 F.3d 1293 (11th Cir. 2007) ............................................................................................. 10

Wharton v. Shiver (In re Shiver),
    396 B.R. 110 (Bankr. S.D.N.Y. 2008) ..................................................................................... 6

STATUTES

11 U.S.C. § 502(a) ........................................................................................................................... 5

11 U.S.C. § 502(b)(1) ...................................................................................................................... 5

CAL. CIV. CODE § 1013(a) (Deering 2016) ..................................................................................... 8

**OTHER AUTHORITIES**

CAL. SUPER. CT. L.R. 8.104(a) ............................................................................................................8

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above-captioned bankruptcy cases [Docket No. 6065], as successor in interest to the above-captioned debtors (the "**Debtors**") with respect to Borrower Claims,[1] hereby submits this supplemental objection (the "**Supplemental Objection**") in further support of the *ResCap Borrower Claims Trust's Objection to Proof of Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* [Docket No. 9402] (the "**Objection**") seeking to disallow and expunge, without leave to amend, proof of claim number 3695 (the "**Claim**") asserting claims of Rosalind Alexander-Kasparik (the "**Claimant**") against Debtor GMAC Mortgage, LLC ("**GMAC Mortgage**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Borrower Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), granting the requested relief. In support of this Supplemental Objection, the Borrower Trust respectfully states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      On January 21, 2016, this Court sustained the Borrower Trust's Objection to all causes of action asserted in the Claim other than negligence and promissory estoppel, on the basis of res judicata and collateral estoppel. <u>See</u> Transcript of Hearing at 48:2-7, <u>In re Residential Capital</u>, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Jan. 21, 2016), attached hereto as **Exhibit 2** (the "**January 21 Transcript**").

---

[1]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ny-1220687

2.      On October 23, 2015, the California Superior Court entered a minute order (the "**Minute Order**")[2] that sustained without leave to amend Freddie Mac's unopposed demurrer (the "**June 17 Demurrer**")[3] to the Third Amended Complaint in its entirety.  Accordingly, the doctrine of collateral estoppel bars the Claimant from now re-litigating before this Court its negligence and collateral estoppel claims against GMAC Mortgage, because these claims are based on the exact same issues of fact and law that the California Superior Court decided in the Minute Order.

3.      Furthermore, as with the prior iterations of the Claimant's allegations against the named defendants, each of the aforementioned causes of action relates only to a purported conversation on July 2, 2012 between Claimant and a Freddie Mac representative in which the Freddie Mac representative allegedly advised Claimant that GMAC Mortgage would postpone a trustee's sale of Claimant's home that was scheduled for the next day.  GMAC Mortgage did not participate in the July 2, 2012 conversation between Claimant and Freddie Mac.  Furthermore, the Third Amended Complaint does not identify any specific representations allegedly made by GMAC Mortgage to the Claimant that GMAC Mortgage would delay the trustee's sale of Claimant's home scheduled for July 3, 2012, so there is no underlying factual basis that could support a cause of action for either negligence or promissory estoppel against GMAC Mortgage.

4.      In addition, Claimant's claim for negligence fails because GMAC Mortgage owed Claimant no fiduciary duties or duty of care and a gratuitous oral promise to postpone a foreclosure sale comes within the California statute of frauds and is therefore unenforceable.

---

[2] A copy of the Minute Order is attached to the *Declaration of Jordan Wishnew Concerning ResCap Borrower Claims Trust's Objection to Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* [Docket No. 9561] (the "**Wishnew Declaration**") as Exhibit 2.

[3] A copy of the June 17 Demurrer is attached to the Wishnew Declaration as Exhibit 1.

2

Likewise, Claimant's claim for promissory estoppel fails because: (i) Freddie Mac's statement that the "sale was being postponed" was a "mere statement of fact," not a "clear and unambiguous" promise to actually postpone the trustee's sale; (ii) Claimant's speculation as to how she hypothetically would have acted with respect to filing bankruptcy does not satisfy the requirements for detrimental reliance under California law; and (iii) to the extent that Claimant's promissory estoppel claim relies upon a violation of HAMP, that statute does not provide for a private right of action.

5.      For all of these reasons, neither of the remaining two elements of the Claim, on its face, asserts a valid prepetition cause of action against GMAC Mortgage, and as a result, the Claim should be disallowed and expunged with prejudice.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

6.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

8.      This Supplemental Objection incorporates by reference the background facts set forth in the Objection (¶¶ 9-42) and the Lathrop Declaration. The summary below provides certain additional facts that are material to this Supplemental Objection.

9.      On April 3, 2015, the California Superior Court entered the Superior Court Order, which sustained the February 13 Demurrer to the Second Amended Complaint without leave to amend as to all causes of action, with the exception that Claimant was allowed leave to amend as to promissory estoppel and to plead a negligence cause of action. See Lathrop Declaration ¶ 28;

3

see also Superior Court Order at Ex. M to the Lathrop Declaration; California Action Docket,

D.E. 104.

10.     On April 14, 2015, Claimant filed the Third Amended Complaint consistent with

the Superior Court Order.  See Lathrop Declaration ¶ 29; see also Third Amended Complaint at

Ex. N to the Lathrop Declaration; California Action Docket, D.E. 109.  On June 17, 2015,

Freddie Mac filed the June 17 Demurrer to the Third Amended Complaint.  See Lathrop

Declaration ¶ 29; see also June 17 Demurrer at Ex. 1 to the Wishnew Declaration; California

Action Docket, D.E. 115.  GMAC Mortgage did not file a response to the Third Amended

Complaint and did not join in the June 17 Demurrer.  Claimant did not file a response to the June

17 Demurrer.

11.     On October 23, 2015, the California Superior Court entered the Minute Order,

which sustained the June 17 Demurrer in its entirety without leave to amend.  See Lathrop

Declaration ¶ 29; see also Minute Order at Ex. 2 to the Wishnew Declaration; California Action

Docket, D.E. 131.  On November 3, 2015, the California Superior Court entered the Superior

Court Dismissal, which entered judgment against Claimant and in favor of both Freddie Mac and

GMAC Mortgage.  The Superior Court Dismissal stated that Claimant "shall take nothing by

way of her Third Amended Complaint from Freddie Mac and/or GMAC Mortgage, LLC."  See

Lathrop Declaration ¶ 30; see also Superior Court Dismissal at Ex. O to the Lathrop Declaration;

California Action Docket, D.E. 136.  On November 5, 2015, Freddie Mac had a notice of entry

of the Superior Court Dismissal served upon Claimant's counsel via U.S. Mail.  See Lathrop

Declaration ¶ 30; see also California Action Docket, D.E. 137.

12.     On December 31, 2015, the California Superior Court entered an order (the

"**December 31 Order**") that vacated and set aside the Superior Court Dismissal as to GMAC

Mortgage only.  See December 31 Order at Ex. A to *Claimant Rosalind Alexander-Kasparik's Request for Judicial Notice in Support of Opposition to ResCap Borrower's Claims Trust's Objection to Proof of Claim No. 3695* [Docket No. 9465]; see also California Action Docket, D.E. 146.

13.    At a hearing on January 21, 2016, this Court sustained the Borrower Trust's Objection "to all causes of action other than negligence and promissory estoppel, on the basis of res judicata and collateral estoppel" and held that the Superior Court Order was "final as to those other causes of action."  See January 21 Transcript at 48:2-7.

## RELIEF REQUESTED

14.    The Borrower Trust files this Objection pursuant to section 502(b) of the Bankruptcy Code, seeking to disallow and expunge the Claim in its entirety from the Claims Register.

## OBJECTION

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1). Once a debtor refutes an essential element of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim by a preponderance of the evidence.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

## I.    The Claim Is Barred by Collateral Estoppel

16.    The doctrine of collateral estoppel provides that, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449

U.S. 90, 94 (1980). "The law is well settled that a state court judgment must be given preclusive effect, at least for collateral estoppel purposes, in a subsequent federal court proceeding if the state in which the judgment was rendered would do so." Wharton v. Shiver (In re Shiver), 396 B.R. 110, 117 (Bankr. S.D.N.Y. 2008).

17.     Under California law, a court may apply the doctrine of collateral estoppel only if five threshold requirements have been met:   (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding," (2) the "issue must have been actually litigated in the former proceeding," (3) "[the issue] must have been necessarily decided in the former proceeding," (4) "the decision in the former proceeding must be final and on the merits," and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990).

18.     Additionally, California courts will consider whether public policies will be advanced by the application of the doctrine of collateral estoppel in a particular setting.  Id. at 1226.  These policies include "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation . . . ."  Id. at 1227.

19.     For the reasons set forth below, the Minute Order satisfies the requirements for the application of collateral estoppel under California law.  Accordingly, the remaining causes of action asserted in the Claim are barred by the doctrine of collateral estoppel and should be disallowed.

**A.    The California Superior Court Decided Identical Issues in the California Action**

20.    Under California law, the doctrine of collateral estoppel is only applicable if "identical factual allegations" were at stake in the prior proceeding. Id. at 1225.  To determine whether two proceedings involved "identical issues," California courts consider, among other things:  (i) whether there is a "substantial overlap between the evidence or argument[s]" advanced in the two proceedings; (ii) whether the evidence or arguments "involve application of the same rule of law"; and (iii) whether the claims involved in the two proceedings are "closely related."  Burdette v. Carrier Corp., 71 Cal. Rptr. 3d 185, 201 (Cal. Ct. App. 2008), as modified on denial of reh'g, No. C050299, 2008 Cal. App. LEXIS 236 (Cal. Ct. App. Feb. 14, 2008).

21.    Claimant's remaining allegations against GMAC Mortgage overlap entirely with its allegations against Freddie Mac in the Third Amended Complaint.  Claimant's remaining claims against GMAC Mortgage involve the same rules of law as its claims against Freddie Mac in the Third Amended Complaint.  Likewise, Claimant's claims against GMAC Mortgage and Freddie Mac arise out of the same transaction, and are therefore "closely related."  Accordingly, the "identical issue" requirement for the application of collateral estoppel is satisfied because the California Superior Court considered and decided factual allegations identical to those asserted here against GMAC Mortgage when it entered the Minute Order dismissing Claimant's claims against Freddie Mac.

**B.    Each of the Causes of Action Asserted in the Claim Was Actually Litigated in the California Action**

22.    Under California law, the doctrine of collateral estoppel requires that the issues were actually litigated in the prior proceeding.  "An issue is actually litigated only when it is raised by the pleadings and factually resolved either by proof or failure of proof."  Betyar v. Pierce, 252 Cal. Rptr. 907, 909 (Cal. Ct. App. 1988) (citations omitted).  Each of the remaining

7

factual allegations and causes of action asserted here against GMAC Mortgage is identical to a factual allegation or cause of action previously asserted by Claimant against Freddie Mac and resolved by the California Superior Court. See Third Amended Complaint ¶¶ 18-30. Accordingly, the "actually litigated" requirement for the application of collateral estoppel is satisfied.

**C.      Each of the Causes of Action Asserted in the Claim Was Necessarily Decided in the California Action**

23.      Under California law, the doctrine of collateral estoppel applies only to issues that were "necessarily decided" in the prior proceeding.  An issue is "necessarily decided" in a proceeding so long as the issue is not "'entirely unnecessary' to the judgment in the . . . proceeding." Lucido, 795 P.2d at 1226.  The remaining causes of action asserted here by Claimant against GMAC Mortgage are identical to the causes of action expressly dismissed as to Freddie Mac by the California Superior Court. See Minute Order at 2 ("For these reasons, Defendants' demurrer as to the negligence cause of action is sustained without leave to amend."); id. at 3 ("Defendants' demurrer to the promissory estoppel cause of action is sustained without leave to amend.").  Accordingly, the "necessarily decided" requirement for the application of collateral estoppel is satisfied.

**D.      The California Action Terminated with a Final Judgment on the Merits**

24.      The Minute Order was a judgment issued on the merits by the California Superior Court.  Notice of entry of the Superior Court Dismissal was served on Claimant on November 5, 2015.  Both the Minute Order and the Superior Court Dismissal were final and non-appealable as of January 11, 2016.  See CAL. SUPER. CT. L.R. 8.104(a) (requiring that a notice of appeal be filed within 60 days from date of service of notice of entry); CAL. CIV. CODE § 1013(a) (Deering 2016) (adding five days to appeal period if service is made by mail within California).  No

8

appeal of the Minute Order or the Superior Court Dismissal was taken by Claimant as to Freddie Mac.  Therefore, the "final judgment on the merits" requirement for the application of collateral estoppel is satisfied.

### E.    The Claimant Was Party to the California Action

25.    The "privity" requirement for the application of collateral estoppel is satisfied so long as the doctrine is "asserted against a party to the prior action . . . ."  <u>Kelly v. Vons Cos.</u>, 79 Cal. Rptr. 2d 763, 769 (Cal. Ct. App. 1998).  Here, GMAC Mortgage is asserting the doctrine of collateral estoppel against Claimant, the plaintiff in the California Action.  Therefore, the privity requirement is satisfied even though the Minute Order was vacated by the December 31 Order as to GMAC Mortgage.

### F.    Public Policy Supports the Application of Collateral Estoppel to Bar the Claim Against GMAC Mortgage

26.    Finally, public policy supports the application of collateral estoppel in these proceedings.  The Claimant had a full and fair opportunity in the California Action to litigate against Freddie Mac causes of action identical to those raised here against GMAC Mortgage.  Appellate review of an adverse ruling in the California Action was available.  Application of collateral estoppel in these proceedings preserves the integrity of the California judicial system by giving credit to the factual and legal findings made by the California Superior Court, and estopping the Claimant from re-litigating identical issues before this Court promotes judicial economy.

9

II.    **The Claim Fails on the Merits**

A.    **Applicability of Federal Pleading Standards**

27.    "Federal pleading standards apply when assessing the validity of a proof of claim." In re Residential Capital, LLC, No. 12-12020 (MG), 2015 WL 2375979, at *6 (Bankr. S.D.N.Y. May 15, 2015).

28.    While factual allegations are not required to be detailed under Rule 8 of the Federal Rules of Civil Procedure, they nonetheless must contain more than "labels and conclusions[] and a formulaic recitation of the elements of a cause of action . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement [they] stop short of the line between possibility and plausibility of entitle[ment] to relief." Weissman v. Nat'l Ass'n of Secs. Dealers, Inc., 500 F.3d 1293, 1310 (11th Cir. 2007) (citation and internal quotations omitted).  Should the plaintiff fail to "nudge [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570.

B.    **The Claim Fails as a Matter of Law Because Claimant Fails to Identify Any Representations Made by GMAC Mortgage**

29.    Each cause of action asserted by Claimant against GMAC Mortgage relies on an allegation that GMAC Mortgage made a false representation to Claimant regarding a postponement of the Trustee's Sale.  Notably, the Complaint identifies no such statement.  The

10

Complaint identifies only alleged false representations made to the Claimant by a Freddie Mac representative.

30.    Claimant alleges that she contacted non-debtor Freddie Mac on or about July 2, 2012 and spoke with Emily, a representative of Freddie Mac, who allegedly told Claimant that "a request was being submitted to defendant [GMAC Mortgage] to postpone the July 3, 2012 foreclosure sale (by [Freddie Mac]) pending review of [Claimant's] application for [a] loan modification." See Third Amended Complaint ¶ 14.   Claimant further alleges that Emily, the Freddie Mac representative, advised Claimant that "the sale was being postponed, and that [Claimant] should check the electronic system to make sure that the sale was actually postponed." See id.  Claimant also alleges that, "[Claimant] was advised on July 2, 2012 by the mortgage lender/investor, defendant [Freddie Mac] that the sale would be postponed . . . ." See id.  Nowhere does the Third Amended Complaint allege any false representation by GMAC Mortgage. [4]

31.    Thus, Claimant's causes of action for negligence and promissory estoppel should be disallowed and expunged because they arise out of Claimant's unsupported allegations regarding purported false representations by GMAC Mortgage.

### C.    Claimant's Negligence Claim Fails

32.    Although allowed leave to amend to plead a negligence cause of action, the Third Amended Complaint relies on allegations of fiduciary duties owed from GMAC Mortgage to Claimant.

---

[4]  Claimant further alleges that the Defendants:  (i) "were charging her on an unauthorized and improper impound account," (ii) were engaged in "mis-accounting . . . in at least the amount of $10,000 to $20,000," (iii) "refused to credit [Claimant's] account with overcharges on tax and insurance payments," and (iv) were "unjustly enriched by late fees and/or foreclosure fees." See Complaint ¶ 11.  However, it is unclear how these facts support the causes of action alleged in the Complaint.

11

33.    On January 21, 2016, this Court disallowed and expunged, without leave to amend, Claimant's cause of action for breach of fiduciary duty asserted in the Second Amended Complaint.  Accordingly, Claimant's purported "negligence" cause of action is barred by the doctrine of *res judicata*.  Moreover, as set forth below, Claimant's negligence theory fails for several additional reasons.

(i)    *GMAC Mortgage Owes No Fiduciary Duties to Claimant*

34.    Under California law, to establish a claim for breach of fiduciary duty, a plaintiff must prove "(1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and (3) resulting damage."  Pellegrini v. Weiss, 81 Cal. Rptr. 3d 387, 397 (Cal. Ct. App. 2008) (citation omitted).  "A fiduciary or confidential relationship may arise whenever confidence is reposed by persons in the integrity and good faith of another.  If the latter voluntarily accepts or assumes that confidence, he or she may not act so as to take advantage of the others' interest without their knowledge or consent."  City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 80 Cal. Rptr. 2d 329, 355 (Cal. Ct. App. 1998), as modified on denial of reh'g, 69 Cal. App. 4th 909D (Cal Ct. App. 1999) (citation omitted).

35.    California courts have consistently held that a lender does not owe a fiduciary duty to a borrower.  See, e.g., Cleveland v. Johnson, 147 Cal. Rptr. 3d 772, 794 (Cal. Ct. App. 2012) ("a debtor/creditor relationship . . . does not create a fiduciary duty.") (citation omitted); Kouzine v. Countrywide Home Loans, Inc., No. B249022, 2014 WL 1696289, at *6 (Cal. Ct. App. Apr. 30, 2014) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." (citation omitted)).

36.    Here, none of Claimant's factual allegations demonstrate an understanding by either Claimant or GMAC Mortgage that a special trust and confidence was reposed in GMAC Mortgage.  The relationship between Claimant and GMAC Mortgage was that of a typical lender

12

and borrower.  Thus, Claimant's cause of action for negligence fails as a matter of law, to the extent that it is based upon Claimant's purported breach of fiduciary duty.

(ii)    *GMAC Mortgage Owes No Duty of Care to Claimant*

37.    Under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  In re Residential Capital, LLC, No. 12-12020 (MG), 2015 WL 4747860, at *14 (Bankr. S.D.N.Y. Aug. 4, 2015) (quoting Nymark v. Heart Fed. Savs. & Loan Assn., 283 Cal. Rptr. 53, 56-57 (Cal. Ct. App. 1991)).  However, there is a lack of consensus among California courts regarding whether a financial institution owes a borrower a duty of care when a loan modification is involved.  See, e.g., Segura v. Wells Fargo Bank, N.A., No. CV-14-04195(MWF), 2014 WL 4798890, at *12 (C.D. Cal. Sept. 26, 2014) ("The existence of a duty of care owed by financial institutions in the process of considering borrowers for a loan modification . . . is an unsettled issue."); Armstrong v. Chevy Chase Bank, FSB, No. 5:11-cv-05664 (EJD), 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012) (observing that numerous courts have "characterized a loan modification as a traditional money lending activity" and finding that the minority of cases that hold otherwise are "unpersuasive") (internal citations omitted).

38.    California courts examine and balance the following factors to determine whether a duty of care exists between a financial institution and a borrower when a loan modification is at issue:  (i) "the extent to which the transaction was intended to affect the plaintiff," (ii) "the foreseeability of harm to him," (iii) "the degree of certainty that the plaintiff suffered injury," (iv) "the closeness of the connection between the defendant's conduct and the injury suffered," (v) "the moral blame attached to the defendant's conduct," and (vi) "the policy of preventing future harm."  See Residential Capital, 2015 WL 4747860, at *14 (quoting Nymark, 283 Cal. Rptr. at 58).

13

39.    The California Court of Appeal has held that the foregoing factors "do not support imposition of a common law duty to offer or approve a loan modification" or other foreclosure alternatives.  See Residential Capital, 2015 WL 4747860, at *14 (quoting Lueras v. BAC Home Loans Servicing, LP, 163 Cal. Rptr. 3d 804, 820 (Cal. Ct. App. 2013)).   Rather, a lending institution's "rights, duties, and obligations" with respect to loan modifications, if any, are "set forth in the note and deed of trust, the [parties' forbearance agreement], federal and state statutes and regulations, and the directives and announcement of the United States Department of Treasury and Fannie Mae."  See Residential Capital, 2015 WL 4747860, at *14 (quoting Lueras, 163 Cal. Rptr. 3d at 820-21).  Moreover, a negligence claim against a lending institution fails unless the plaintiff can demonstrate that "his or her default in paying the monthly loan payments was a result of, or exacerbated by, the defendant's conduct."  See Residential Capital, 2015 WL 4747860, at *14 (quoting Lueras, 163 Cal. Rptr. 3d at 820-21) ("If the lender did not place the borrower in a position creating a need for a loan modification, then no moral blame would be attached to the lender's conduct.").

40.    Here, Claimant fails to state a claim for negligence because such a duty, if any, would have been "imposed by the loan documents and the [parties' forebearance agreements], statutes and regulations" and, if GMAC Mortgage failed to follow through on those agreements, then Claimant's remedy would lie "in breach of contract not negligence."   See Residential Capital, 2015 WL 4747860, at *14 (quoting Lueras, 163 Cal. Rptr. 3d at 820-21).  Claimant's negligence claim also fails because Claimant has failed to demonstrate through her factual allegations in the Third Amended Complaint that her need for the loan modification was a result of, or exacerbated by, GMAC Mortgage's conduct.  See Residential Capital, 2015 WL 4747860, at *14 (quoting Lueras, 163 Cal. Rptr. 3d at 820-21).  Finally, Claimant has also failed to

14

demonstrate that GMAC Mortgage acted outside of its "conventional role" as a loan servicer such that the <u>Nymark</u> factors would support a finding that GMAC Mortgage owed a duty of care to Claimant.

   (iii)  *An Oral Promise to Postpone a Foreclosure Sale Is Unenforceable*

  41.  Claimant also bases her negligence claim, in part, on Freddie Mac's alleged oral promise to postpone a foreclosure sale while she applied for a loan modification. <u>See</u> Third Amended Complaint ¶ 20. However, "a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable." <u>See</u> <u>Garcia v. World Savs., FSB</u>, 107 Cal. Rptr. 3d 683, 690 (Cal. Ct. App. 2010); <u>Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2</u>, 84 Cal. Rptr. 3d 275, 277 (Cal. Ct. App. 2008) ("[A]n agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds."). Thus, Claimant's negligence claim must also fail for this reason.

  **D.**  **Claimant's Promissory Estoppel Claim Fails**

  42.  Under California law, the elements of promissory estoppel are as follows: (1) "a promise clear and unambiguous in its terms," (2) "reliance by the party to whom the promise is made," (3) reliance that is "both reasonable and foreseeable," and (4) "the party asserting the estoppel must be injured by his reliance." <u>See</u> <u>U.S. Ecology, Inc. v. Cal.</u>, 28 Cal. Rptr. 3d 894, 905 (Cal. Ct. App. 2005) (citations omitted).

   (i)  *Claimant Has Not Identified A Clear Promise by GMAC Mortgage*

  43.  To seek enforcement of an alleged promise under promissory estoppel, the promise must be clear and unambiguous in its terms. <u>See</u> <u>id</u>. In other words, the promise must be "definite enough that a court can determine the scope of the duty and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of

15

damages." <u>Ladas v. California State Auto. Assn.</u>, 23 Cal. Rptr. 2d 810, 814 (Cal. Ct. App. 1993) (citations omitted).

44.     Several California courts have recently held that a loan servicer's communications with a delinquent borrower about the status of a trustee's sale is "a mere statement of fact," not an unambiguous promise sufficient to support a claim for promissory estoppel.  <u>See</u> <u>Granadino v. Wells Fargo Bank, N.A.</u>, 186 Cal. Rptr. 3d 408, 413 (Cal. Ct. App. 2015); <u>id</u>. at 411, 413 (holding that the loan servicer's statement that appellants were "under active review for a modification and, therefore, there no longer was a trustee [sale] date scheduled" was "a mere statement of fact," not a promise, because a promise requires "an assurance that a person will or will not do something."); <u>Valencia v. Wells Fargo Bank</u>, No. B254999, 2015 WL 3474881, at *6 (Cal. Ct. App. June 2, 2015) ("Telling a borrower that a loan modification application is under review and no sale was scheduled is not an actionable promise.").

45.     Here, Claimant alleges that "[Claimant] was advised by Emily (at FHLMC) that the sale was being postponed, and that she could check the electronic system to make sure that the sale was actually postponed."  These allegations constitute a "mere statement of fact" by GMAC Mortgage, not an "assurance" that GMAC Mortgage would in fact postpone the Trustee's Sale.  Accordingly, Claimant's promissory estoppel claim must fail because Claimant's allegations are insufficient under California law to establish a "clear and unambiguous promise" by GMAC Mortgage to Claimant.

(ii)     *Claimant Has Not, And Cannot, Plead Detrimental Reliance*

46.     Under California law, the application of promissory estoppel requires that the party asserting the estoppel be injured by its reliance on the defendant's promise.  <u>See</u> <u>U.S. Ecology</u>, 28 Cal. Rptr. 3d at 905.  Here, Claimant's alleged injury is that she refrained from pursuing "other courses of action to stop the foreclosure sale," including, but not limited to,

filing for bankruptcy protection or exploring the possibility of refinancing or marketing and selling the Property.

47.    In <u>Goffman v. Bank of America, N.A.</u>, the California Court of Appeals found that a delinquent borrower who "[p]assed-up the other options available to her such as full reinstatement, refinance to access equity, and/or bankruptcy" failed to demonstrate detrimental reliance on a lender's promise to reinstate her loan because she did "not assert that she . . . qualified for bankruptcy protection or that she did anything toward seeking bankruptcy protection, even though she could have done so up until the time of the foreclosure sale."  No. G045942, 2012 WL 6011906, at *6-7 (Cal. Ct. App. Nov. 29, 2012).

48.    Similarly, in <u>Kajeh v. Select Portfolio Servicing, Inc.</u>, the California Court of Appeals found that a delinquent borrower could not establish detrimental reliance on a loan servicer's promise to suspend foreclosure proceedings because the borrower failed to allege that the loan servicer had "requested plaintiff not to proceed with other actions in return for [the loan servicer's] promise to suspend foreclosure proceedings."  No. D064426, 2014 WL 1911411, at *4 (Cal. Ct. App. May 14, 2014).  The court rejected the delinquent borrower's allegation that he "forwent other means of curing his loan default, including the opportunity to refinance his property or obtain loans from other third parties" as "pure speculation and factually unsubstantiated."  <u>See</u> <u>id</u>.

49.    Here, Claimant cannot demonstrate detrimental reliance on any statement by GMAC Mortgage because Claimant has failed to demonstrate that she actually took any steps to initiate bankruptcy, refinance the Loan, or market and sell the Property.  Furthermore, Claimant does not allege that GMAC Mortgage or Freddie Mac instructed Claimant to forego filing for bankruptcy, refinancing the Loan, or marketing and selling the Property in exchange for a

17

postponement of the Trustee's Sale.  Claimant's speculation as to how she hypothetically would have acted in the absence of Freddie Mac's alleged statement does not satisfy the requirements for detrimental reliance under California law.

(iii)    *There Is No Private Right Of Action Under HAMP*

50.    Finally, Claimant's efforts to allege violations of the Home Affordable Modification Program ("HAMP") fail because "HAMP does not create a private right of action for borrowers against loan servicers."  <u>In re Residential Capital, LLC</u>, No. 12-12020 (MG), 2014 WL 5358762, at *9 (Bankr. S.D.N.Y. Oct. 20, 2014) (quoting <u>Wheeler v. Citigroup</u>, 938 F. Supp. 2d 466, 471 (S.D.N.Y. 2013)).  As there is not a private right of action under HAMP, Claimant's promissory estoppel claims tethered to HAMP must fail as a matter of law.

## <u>NOTICE</u>

The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] and the Claims Procedures Order [Docket No. 3294].

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached here to as **Exhibit 1**, granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: February 4, 2016

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900

*Counsel for the ResCap Borrower
Claims Trust*

19