UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

RESIDENTIAL CAPITAL, LLC, et al.,
  Post-Effective Date Debtors                          Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,            Case No. 12-12020-mg
  Objector
v.
TIA DANIELLE SMITH,
  Creditor-Beneficiary

_____

CLAIMANT'S OBJECTIONS TO DIRECT TESTIMONY OF
SARAH LATHROP AND  OBJECTOR'S EXHIBITS
A, B, C, D, E, F, G,  K, L, M, AND N

_____

Tia Danielle Smith, by her attorney, Wendy Alison Nora of ACCESS LEGAL

SERVICES, respectfully objects to the admission of the Direct Testimony of Sara Lathrop,

purporting to be "Senior Claims Analyst" for the RESCAP Borrower Claims Trust (Claims

Trust), but is actually an employee of the RESCAP Liquidating Trust (Liquidating Trust), see ¶3

and is a former employee of "ResCap" (¶¶ 1 and 2). Claimant also objects to Exhibits A, B, C, D,

E, F, G,  K, L, M, and N for the reasons set forth below.  Claimant shows the Court:

**OBJECTIONS**:

A.   The Direct Testimony of Sara Lathrop.

Claimant objects to the Direct Testimony of Sara Lathrop because it is hearsay and

hearsay on hearsay.  Fed. R. Evid. 801 and 803(6)(A)-(C).  At ¶2, Ms. Lathrop declares that her

testimony is based upon "my familiarity with the Debtors' Books and Records kept in the course

of their regularly conducted business activities (the "Books and Records"), as well as the

1

Debtors' schedules of assets and liabilities and statements of financial affairs filed in these

Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or

my review of relevant documents" and she further declares, "I or other Liquidating Trust

personnel have reviewed and analyzed the proof of claim forms and supporting documentation

filed by the Claimants."   Ms. Lathrop does not identify the "Books and Records" upon which

she relies for her Declaration, does not declare that she is the custodian of the records nor does

she declare that she knows how the records are created,  compiled or maintained.  She does not

identify the "other Liquidating Trust personnel" who provided her with the information upon

which she relies in making her declaration, what such personnel told her or what the basis for

such other personnel's personal knowledge is.  The Declaration is inadmissible as made without

personal knowledge. Fed. R. Evid. 602.

Claimant objects to the Direct Testimony of Sara Lathrop because it is without

foundation.  Fed. R. Evid. 901(b)(1) and (6)(A) and (B) and 902(9) and (11).  Again, Ms. Lathrop

does not declare that she is the custodian of the records, nor does her Declaration establish the

foundation required for the business records exception to the Rule Against Hearsay (Fed. R.

Evid. 801) at Fed. R. Evid. 803(6)(A)-( C).  Although Ms. Lathrop declares that American

Mortgage Network, Inc. (AMN) "originated a loan" to the Claimant, she does not state the basis

for her personal knowledge of that fact.  No records of regularly conducted business activity have

been authenticated to establish the alleged fact that AMN "originated a loan" to the Claimant.

At ¶5,  Ms. Lathrop purports to rely on Exhibit 6 to the Claimant's Response to the

Liquidating Trust's Objection to Claimants Proofs of Claim, which has not been authenticated,

and was presented by Claimant as an alleged copy of the Note, purportedly bearing the

2

endorsement of Judy Faber as Vice President of Residential Funding Company, LLC (RFC) in favor of "Deutsche Bank Trust Company Americas as Trustee." Judy Faber was never an employee of RFC nor was she its Vice President (Claimant's Exhibit 2-M, produced by Objector in discovery as Doc. 15). The copy of the Note produced by the Objector in discovery bears no endorsement in favor of Deutsche Bank Trust Company Americas (Claimant's Exhibit 2-N). Therefore, ¶5 of Ms. Lathrop's Declaration is not based on ResCap's "Books and Records" maintained in the ordinary course regularly conducted business activity. Ms. Lathrop has no personal knowledge of the authenticity of the copy of the Note or the legal effect thereof. Fed. R. Evid. 801, 803(6)(A)-(E), 901(b)(1) and 902(9).

At ¶6, Ms. Lathop declares, based on the "Servicing Notes" for which no foundation is offered, that effective April 1, 2008, "Homecomings" transferred the servicing of the "loan" to Aurora. ¶6 of the Lathrop Declaration conflicts with the public record filed with the Securities and Exchange Commission (SEC) produced as Claimant's Exhibit 1-E, in which RFC admits that effective September 24, 2007, Homecomings was no longer servicing payments for the purported RALI Series 2007-QO1 Trust into which Claimant's collateral documents were purportedly deposited upon RFC's "sale" of the collateral documents to Residential Accredit Loans, Inc. (RALI), according to Claimant's Exhibit 1-C. Claimant's Exhibits 1-C and 1-E are admissible as public records. The "Servicing Notes" relied upon by Ms. Lathrop lack evidentiary foundation required by Fed. R. Evid. 803(6)(A)-(E) or 901(11).

At ¶¶7-15, Ms. Lathrop continues to rely on the "Servicing Notes" for which no foundation has been offered, to declare, on the basis of the unauthenticated "Servicing Notes" for which there is no evidentiary foundation and which are not identified as being created, compiled

3

or maintained in the regular course of business activities by Ms. Lathrop, are not self-

authenticating and which are incomplete.  The "Servicing Notes" appear to be printed copies of

computer records, but no foundation is offered for the admission of computer records. See

*American Express Travel Related Services v. Vinhnee (In re Vee Vinhnee)*, 336 B.R. 437 (BAP,

9th Cir., 2005).  The printed copy of the computer record are incomplete, having no entry earlier

than May 7, 2007 and displaying no identifying features as to the source of the data except the

notation "RESCAP HISTORY PURGED" and the dates March 6 and 7, 2014 at the footer of the

printed copy.  The fundamental requirement for introduction of computer data as correctly

articulated in *In re Vee Vinhnee*, supra at page 442, at a minimum, in addition to the basic

foundation for a business record, is additional authentication foundation regarding the computer

and software utilized in order to assure the continuing accuracy of the records.  No foundation

has been offered for the admission of the "Servicing Notes" as a business record, let alone the

authentication foundation regarding the computer and software utilized to assure the continuing

accuracy of the records.  Claimant objects to the admissibility of the "Servicing Notes" for lack

of foundation as records of regularly conducted business activities, for lack of foundation as a

printed copy of a purported computer record and as unreliable hearsay for which no exception

has been established.  Fed. R. Evid. 801, 803(6)(A)-(E), 901(b)(1), 901(b)(6)(A) and (B), and

902(11).

    B.    Loan History (i.e., Servicing Notes) for the Mortgage Loan account from May 7,

2007 through April 1, 2008.  The document is hearsay, for which no exception has been

established by Ms. Lathrop's Declaration.  It has not been authenticated, is not certified, and its

source is unknown.  Exhibit B appears to be a print out of computer data.  It cannot be admitted

without foundation.  No witness with personal knowledge of creation, compilation, maintenance and accuracy of the records has been produced. Fed. R. Evid. 602, 803(6)(A)-(E) and 902(11).

C.  Note, originally mistakenly identified by the Objector as having been signed on November 13, 2006, has not been properly identified or authenticated. For avoidance of doubt, Claimant did not sign a Note on November 13, 2006.  The Note is not self-authenticating because it is not an original. Fed. R. Evid. 902(9).  No witness with personal knowledge of the authenticity of the copy of the Note has been produced (Fed. R. Evid. 602) and the copy of the Note produced as Exhibit C is not self-authenticating as required by Fed. R. Evid. 902(9).

D.  "Mortgage Deed," originally mistakenly identified by the Objector has having been dated November 13, 2006 does not exist.  The document executed on December 2, 2006 is a Deed of Trust.  Claimant never executed a Mortgage on the subject property.  No witness having personal knowledge of the execution of Exhibit D has been offered by the Objector.  Fed. R. Evid. 602.

E.  Options to Avoid Foreclosure Letter, dated February 11, 2008 has not been authenticated; there is no evidence that it was sent or received; it is irrelevant to the issues in these proceedings; and it is hearsay to which the business records exception does not apply. Fed. R. Evid. 401, 602, 801, 802, 803(6)(A)-(E) and 902(11).

F.  Breach Letter, dated March 3, 2008 has not been authenticated; there is no evidence that it was sent or received; it is irrelevant to the issues in these proceedings; and it is hearsay to which the business records exception does not apply. Fed. R. Evid.  401, 602, 801, 802, 803(6)(A)-(E) and 902(11).

G.  Goodbye Letter, dated March 14, 2008 has not been authenticated; there is no

evidence that it was sent or received; it is irrelevant to the issues in these proceedings; and it is

hearsay to which the business records exception does not apply. Fed. R. Evid.  401, 602, 801,

802, 803(6)(A)-(E) and 902(11).

K.    Claimant's bank statements from Bank of America for the period September 18,

2007 through April 18, 2008 because they are irrelevant to any issue in these proceedings. Fed.

R. Evid. 401.

L.    Claimant's credit card statements from Chase Bank for the periods September 26,

2007 through December 25, 2007 and February 26, 2008 through April 25, 2008 because they are

irrelevant to any issue in these proceedings. Fed. R. Evid. 401.

M.    Claimant's bank statements from Comerica Bank for the periods October 2, 2007

through October 19, 2007 and December 21, 2007 through April 18, 2008 because they are

irrelevant to any issue in these proceedings. Fed. R. Evid. 401.

N.    Claimant's credit card statements from Saks Fifth Avenue dated September 26,

2007, October 26, 2007, February 26, 2008, and March 26, 2008 because they are irrelevant to

any issue in these proceedings. Fed. R. Evid. 401.

### NO OBJECTIONS TO H, I AND J

Claimant has stipulated to the admissibility and authenticity of Objector's Exhibits

H because she received the original "Goodbye Letter" dated December 30, 2006 from AMN and

that her Discovery Responses are admissible, except that part of her Response to Interrogatory 16

(Exhibit J) is incorrect and part of her Response to Interrogatory No. 20 contains a mistaken

choice of words.  As to Interrogatory No. 16, Claimant could not have told Miriam that President

Obama's loan modification program did not require an applicant to be 3 months behind in

mortgage payments, because Barack Obama was not President of the United States in November, 2007, but she might have heard him encourage loan modification requests during his campaign. She recalls telling Miriam that she was concerned about her credit rating and was assured by Miriam that if she skipped 3 monthly payments, she would not be considered to be in default. As to Interrogatory No. 20, she inquired about, but did not request a loan modification when she spoke to "Amerivan" (sp. ph.) in September, 2007.

**WHEREFORE**, these Objections are filed in a good faith effort to comply with the Court's Order of February 1, 2016 at the Final Pre-Trial Conference. To the extent that the Court considers the Objections to the Direct Testimony of Sara Lathrop to be "speaking objections," the undersigned understood the Court to state that objections to Exhibits should be limited to the grounds stated herein and she believes that the inadmissibility of the Lathrop Direct Testimony required explication.

Dated at Minneapolis, Minnesota this 5th  day of February, 2016.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043
Minnesota Bar #165906

**DECLARATION OF AS TO CORRECTION OF RESPONSE TO
INTERROGATORY NOS. 16 AND 20**

Tia Danielle Smith declares under penalty of perjury pursuant to 28 U.S.C. sec. 1746 that the corrected response to Interrogatory No. 16 is true and correct to the best of her knowledge,

information and belief.

/s/ Tia Danielle Smith

_____

Tia Danielle Smith