UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,         Case No. 12-12020-mg
Post-Effective Date Debtors Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,
Objector

v.

TIA DANIELLE SMITH,
Creditor-Beneficiary

---

### MOTION TO EXTEND TIME FOR CROSS-EXAMINATION OF M. NAWAZ RAJA WHO IS MEDICALLY UNAVAILABLE FOR IN-PERSON TESTIMONY ON FEBRUARY 9, 2016 OR, IN THE ALTERNATIVE, TO ALLOW TELEPHONIC CROSS-EXAMINATION, IF MEDICALLY PERMITTED

---

Tia Danielle Smith, by her attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, respectfully moves the Court extend the time for cross-examination of M. Nawaz Raja (Mr. Raja) on the grounds set forth in the Declaration of Wendy Alison Nora attached hereto and shows the Court:

1. Mr. Raja reports that he is presently hospitalized and does not expect to be released from hospital confinement before Monday, February 8, 2016.

2. Mr. Raja has not been medically released for travel to New York City as previously planned for February 8, 2016.

3. Mr. Raja testimony is necessary for proof of some of the facts in support of the Claims of Tia Danielle Smith.

4. Mr. Raja authorized the filing of his direct testimony on January 26, 2016 by use of his electronic signature on January 26, 2016.

5. Because he reports that he has not been medically released to appear in person for cross-examination on February 9, 2016, the date and time for his cross-examination should be extended to a date and time upon which he is medically allowed to appear for cross-examination.

6. While Mr. Raja offered to appear for cross-examination by telephone, if this Court would allow telephonic cross-examination under these exceptional circumstances, his treating physician has not determined whether or not Mr. Raja is medically capable of being cross-examined by telephone of February 9, 2016, if this Court would allow telephonic cross-examination.

7. Mr. Raja will provide the undersigned counsel for Ms. Smith with a physician's statement as soon as possible.

8. Mr. Raja expects a visit from his treating physician on the morning of February 8, 2016 at around 10:00 a.m. Eastern Time.

9. Counsel for Ms. Smith will be on an airplane from Minneapolis to Midway (Chicago) at 10:55 a.m. Central Time and has approximately one hour layover at Midway and she will attempt to contact Mr. Raja for an update of his medical situation before takeoff and during her layover.

10. Counsel for Ms. Smith will arrive at LaGuardia Airport at approximately 4:25 p.m. on February 8, 2016 and will attempt to contact Mr. Raja upon her arrival, if she has not connected with him earlier on February 8, 2016.

11. Counsel for Ms. Smith will use her best efforts to obtain updates on Mr. Raja's medical situation, so that she can advise the Court of any new information at the hearing on February 9, 2016.

12. Ms. Smith requests an extension of time for the cross-examination of Mr. Raja in these circumstances.

**WHEREFORE**, Mr. Raja's cross-examination might be possible only by telephone (if his treating physician approves) and if this Court allows or must be set for another date and time due to his medical situation, so that Ms. Smith can make her factual record based on his testimony, which is important to her Claims.

Dated at Minneapolis, Minnesota this 7th day of February, 2016.

*/s/ Wendy Alison Nora*

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043
Minnesota Bar #165906

## DECLARATION OF SERVICE

Wendy Alison Nora declares filed the foregoing Motion and the Declaration attached thereto with the United States Bankruptcy Court for the Southern District of New York thereby served all parties and their counsel who are capable of receiving service by CM/ECF.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

RESIDENTIAL CAPITAL, LLC, et al.,   Case No. 12-12020-mg
Post-Effective Date Debtors Chapter 11
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
RESCAP BORROWER CLAIMS TRUST,
Objector
v.
TIA DANIELLE SMITH,
Creditor-Beneficiary

_____

DECLARATION OF UNAVAILABILITY OF M. NAWAZ RAJA
FOR IN-PERSON TESTIMONY ON FEBRUARY 9, 2016

_____

Wendy Alison Nora declares under penalty of perjury pursuant to 28 U.S.C. sec. 1746:

1. On January 26, 2016, she sent a proposed Amtrak train reservation for travel from Union Station in Washington, D.C. to Penn Station in New York City, New York to M. Nawaz Raja by email and provided him with reservations for overnight lodging for February 8-February 9, 2016.

2. That same day, she followed up with Mr. Raja by telephone to discuss travel arrangements and lodging arrangements with him.

3. Mr. Raja confirmed receipt of the proposed travel itinerary and the lodging reservation and stated that he might make alterative arrangements for travel to New York City on February 8, 2016.

4. Mr. Raja confirmed that he would arrive at the place arranged for lodging on February 8, 2016.

5. On February 5, 2016, your Declarant twice attempted to contact Mr. Raja by telephone to confirm the travel itinerary, did not receive an answer, and left messages requesting a return call.

6. On February 6, 2016, your Declarant again attempted to contact Mr. Raja by telephone, did not receive an answer, and left a message requesting a return call.

7. On February 6, 2016, Mr. Raja called your Declarant and informed her that he was in a hospital where he had been confined since January 31, 2016 when he suffered from smoke inhalation assisting a neighbor whose home had been involved in a fire.

1

8. Mr. Raja had previously informed your Declarant that he had suffered multiple heart attacks in the past year and repeated his recent coronary condition to your Declarant on February 6, 2016.

9. Mr. Raja stated that, since his January 31, 2016 hospitalization, members of his family had not allowed him to answer his cellular phone because they wanted him to rest and recover.

10. Mr. Raja indicated that he might be released from the hospital on Monday, February 8, 2016 and would be seeing his treating physician when his physician did his hospital rounds on Monday morning, February 8, 2016.

11. Mr. Raja is a dedicated professional, having a earned a law degree in Pakistan and having held an accountancy license in Pakistan, before he brought his family to the United States and gained his American citizenship on 2005.

12. Mr. Raja suggested that he was willing to travel to New York City after his anticipated release from the hospital on February 8, 2016, but your Declarant stated that it was highly unlikely that his physician would allow him to do so.

13. Mr. Raja volunteered to be cross-examined telephonically on February 9, 2016 and your Declarant indicated that both his treating physician and this Court would have to approve telephonic cross-examination because (1) his physician would have to evaluate the effect of cross-examination on Mr. Raja's health on what, at best, would be the first day following his release from eight (8) days of hospitalization and (2) this Court would have to approve telephone testimony under these unusual circumstances.

14. Before final arrangements could be made to obtain medical information from Mr. Raja's physician to share with the Court, Mr. Raja informed your Declarant that he was calling her from a wheelchair in the hallway in the hospital on February 6, 2016 and had to return to his bed.

15. Your Declarant told Mr. Raja that she was terminating the call so that he could return to his bed.

16. Your Declarant could not keep Mr. Raja on the telephone to obtain the name of the hospital or his physician because she was concerned that, when he said he had to return to his bed, that he needed to do so immediately.

17. Your Declarant will attempt to contact Mr. Raja again today and before she departs from Minneapolis by air on Monday, February 8, 2016, but such contact will be for the sole purpose of obtaining medical information for this Court to supplement this Declaration.

18. Your Declarant believes in good faith that due to a serious medical condition, M. Nawaz Raja is not available to physically appear in person before this Court on February 9, 2016 and makes this Declaration to have the part of the proceedings in which Mr. Raja would be cross-examined conducted telephonically (with his physician's release) or rescheduled for an in-person appearance as soon as he is medically allowed to travel to New York City to give testimony in these proceedings.

FURTHER YOUR DECLARANT SAYETH NAUGHT.

Dated at Minneapolis, Minnesota this 7th day of February, 2016.

/s/ Wendy Alison Nora

---
Wendy Alison Nora