**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------------------------

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY CLAIMS AND (B) REDUCE AND ALLOW CLAIMS)**

Upon *The ResCap Liquidating Trust's Ninety-First Omnibus Objection to Claims ((A) No Liability Claims and (B) Reduce and Allow Claims)* (the "Objection")[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), (i) disallowing and expunging the No Liability Claims on the basis that the Debtors' books and records reflect no liability for amounts owed for such Claims against the Debtors' estates and (ii) reducing and allowing the Reduce and Allow Claims on the grounds that these Claims were filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection, the *Declaration of Peggi Fossell in Support of The ResCap Liquidating Trust's Ninety-First Omnibus Objection to Claims ((A) No Liability Claims and (B) Reduce and Allow Claims)*, annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, its constituents, the Debtors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on Exhibit B annexed hereto (the "Reduce and Allow Claims") are hereby reduced and allowed in the amount provided under the column *Modified Claim Amount* set forth on Exhibit B annexed hereto; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case

Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on Exhibit A or Exhibit B annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  February 9, 2016
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　 /s/Martin Glenn
　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
NINETY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | LWBR, LLC<br>Attn Steven Madeoy, Managing Member<br>14900 Sweitzer Ln, Ste 206<br>Laurel, MD 20707 | 3451 | 11/07/2012 | <br><br><br><br>$717,930.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant's POC states the basis for claim as "failure to deliver real property titles/fraud" and attaches a schedule of properties Claimant allegedly purchased from Debtor.<br><br>Debtor has no liability for this claim. Debtor's records show that Claimant routinely purchased REO properties in bulk sale from Debtor in the past. It was Debtor's practice as part of these sales to prepare and provide the conveyance deed to the buyer, in this case Claimant, to record. It was Claimant's responsibility to record the deed. Debtor's records also show that the majority of the properties identified by Claimant in the POC were in fact recorded by Claimant at some point after the sale.<br><br>In addition, Claimant commenced litigation against Debtor in the District Court of Maryland, Montgomery Co., Case No. 060200296772011 (the "Litigation"). As part of the Litigation, Debtor filed a Motion to Dismiss, which the Court granted, and from which Claimant never filed a timely appeal. There is substantial overlap between the properties included in the POC and the properties at issue in the Litigation. Once the properties that were the subject of the Litigation were pulled out of the schedule attached to the POC, Claimant is only left seeking purported damages relating to eleven loans.<br><br>Debtor has no reason to believe that Claimant was not provided with the conveyance deed at the time of sale for these properties, as was done in every other instance. It was Claimant's responsibility to timely record the deed and any resulting damages from Claimant's failure to record the deed is not the responsibility of Debtor. |
| 2 | TAYLOR, DOROTHY<br>PO BOX 2784<br>A AND T CONSTRUCTION<br>CC HILLS, IL 60478 | 553 | 09/18/2012 | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Liquidating Trust was not provided sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant. |
| 3 | Castle Stawiarski, LLC<br>330 South Walsh, Ste. 202<br>Casper, WY 82609 | 3542 | 11/07/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Trust's examination of the Debtors' books and records confirmed that there were 12 invoices associated with this claim. However, the Debtors' books and records do not reflect any sums owing to this claimant for these invoices or on account of any other prepetition liabilities. No amounts are owed to this Debtor for one of three reasons: 1) no record of invoice submitted, 2) invoice denied due to vendor's failure to respond to follow-up requests for required information, or 3) amount reduced due to overcharge. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

NINETY-FIRST OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Castle Stawiarski, LLC<br>16350 E Arapahoe Rd Unit 108<br>Foxfield, CO 80016-1557 | 3539 | 11/07/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$276,697.93 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,025.00 General Unsecured | Debtors' books and records indicate that only 2 of 365 invoices remained unpaid as of the Petition Date. The Debtors' books and records further reflect that the balance of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices or (ii) the invoices were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |
| 2 | CS Legal Services, LLC d/b/a Castle Stawiarski, LLC<br>20 First Plaza, Suite 602<br>Albuquerque, NM 87102 | 3776 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$65,659.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,337.50 General Unsecured | Debtors' books and records indicate that only 3 of 56 invoices remained unpaid as of the Petition Date. The Debtors' books and records further reflect that the balance of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices or (ii) the invoices were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |
| 3 | The Wolf Firm, a Law Corporation<br>Alan Steven Wolf<br>2955 Main Street, Second Floor<br>Irvine, CA 92614 | 3896 | 11/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$273,944.83 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$25,911.59 General Unsecured | The Debtors' books and records reflect that a substantial portion of the invoices identified in the claim are not valid liabilities because either (i) the Debtors previously paid those invoices in full, (ii) the Debtors previously paid those invoices in part, or (ii) the invoices are invalid because they were not timely submitted to the Debtor in accordance with the underlying service agreement between the claimant and the Debtors. Accordingly, the claim is being reduced to the amount of the unpaid and timely submitted prepetition invoices. |