**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re:                                           :
                                                 :
                                                 :
RESIDENTIAL CAPITAL, LLC, *et. al.*              :            Chapter 11
                                                 :            Case No. 12-12020 (MG)
                                                 :
                      Debtors,                   :
                                                 :
----------------------------------------------------------------x
                                                 :
THE RESCAP BORROWER CLAIMS,                      :
        TRUST,                                   :
                                                 :
                      Objector,                  :
                                                 :
             - against -                         :
                                                 :
Erlinda Abibas Aniel, Fermin Solis Aniel,        :            PRETRIAL ORDER
and Marc Jason Aniel,                            :            (PROPOSED)
                                                 :
                      Claimants.                 :
                                                 :
----------------------------------------------------------------x

     The Trust and Claimants having conferred, and having conferred with the Court pursuant
to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the
Pretrial Order herein.

I.     NATURE OF THE CASE

       **A. Trust's Description of Nature of the Case**

           Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel ("Claimants")
       obtained a loan from Mortgage IT, Inc. ("Mortgage IT") pursuant to the terms of a
       note dated June 4, 2007 executed by Erlinda Aniel (the "Note"). The Note was
       secured by a deed of trust signed by Erlinda Aniel, Fermin Solis Aniel, and Marc
       Jason Aniel (the "Deed of Trust" and, together with the Note, the "Mortgage Loan")
       on property located at 75 Tobin Clark Drive, Hillsborough, CA 94010 (the
       "Property"). Debtor GMAC Mortgage, LLC ("GMACM") subserviced the Mortgage
       Loan from the origination until servicing was transferred to Ocwen Loan Servicing
       LLC ("Ocwen") on February 16, 2013.

           On or around July 1, 2007, the Mortgage Loan was transferred to HSBC Bank U.S.A.
       as Trustee for DALT 2007-OA5 ("HSBC"). An assignment of the Deed of Trust
       from Mortgage IT to HSBC was recorded on August 24, 2009.

1

Through a limited power of attorney (the "Power of Attorney") dated August 28, 2008, HSBC granted GMACM (in its role as subservicer) the power to execute assignments on its behalf. Pursuant to the Power of Attorney, Mira Smoot, an employee of GMACM, executed an assignment of the Deed of Trust from HSBC to GMACM on February 1, 2011 (the "2011 Assignment"). Subsequently, GMACM initiated foreclosure proceedings against the Claimants.

In a previous order [Docket No. 8820], the Bankruptcy Court sustained the Trust's objection to the Claimants' claims as to the majority of allegations made by the Claimants, but overruled the objection without prejudice as to one particular factual issue: whether Mira Smoot had sufficient authority to execute the 2011 Assignment.

Claimants assert that Mira Smoot did not have authority to execute the 2011 Assignment, and that as a result, the foreclosure action initiated against the Property was improper. The Claimants assert that they were damaged by this alleged wrongful foreclosure.

**B. Claimant's Description of Nature of the Case**

1. Erlinda Abibas Aniel, ("Claimant") obtained a loan from Mortgage IT, Inc. ("Mortgage IT") pursuant to the terms of a note dated June 4, 2007. The Note was secured by a deed of trust signed by Erlinda Aniel and non-claimants and non-borrowers Fermin Solis Aniel, and Marc Jason Aniel (the "Deed of Trust" recorded on June 8, 2007 at the San Mateo County Recorder's Office in the State of California docket no. 2007-088561 without the Note, the "Mortgage Loan") on property located at 75 Tobin Clark Drive, Hillsborough, CA 94010 ("Property"). Debtor GMAC Mortgage, LLC ("GMACM") serviced the Mortgage Loan from the origination until servicing was transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013.

2. The original number on claimant's promissory note Flex Pay Fixed/Adjustable Rate Loan number "40761137." The note was signed on June 4, 2007. The MERS number on the Note was "100112065738048632."

3. The Deed of Trust was recorded on June 8, 2007, at San Mateo Recorders Office. The recorded docket number was 2007-088561. The Deed's original loan number was "40761137". The Deed's MERS number was "100112065738048632". The Deed of Trust was executed on June 4, 2007, by the claimant, Erlinda Abibas Aniel, and Fermin Aniel and Marc Jason Aniel, who were both non-borrowers.

4. Claimant made her first payment on August 1, 2007, to GMAC and continued making payments until July 2008.

ny-1220619

5. Claimant's last mortgage payment was made on July 2008, and was applied to the June 2008 mortgage payment because the mortgage payment was on arrears, which meant that the July payment should be applied to the last month.

6. On or around August of 2008, I called the GMAC customer service to dispute the late payment charge that was applied to my June 2008 payment. The amount was $375.00 plus the interest of the late charge amount. The customer service representative said they received the July 2008 payment and applied it to June 2008 payment, which resulted to a late payment. However, I disputed that charge. The customer service representative said it was not their fault that the mail was slow. During the same conversation, I asked for loan modification. The customer service representative said I would not be qualified because I had no hardship. The customer service representative told me to default for 90 days in order to be approved for modification.

7. I hired an attorney to represent my request for a loan modification on or around September 2008, after I stopped making payments for 90 days. I was denied a loan modification for the reason that my income was not enough.

8. The subject loan was a refinance a loan for a previous 2007 loan with MortgageIT. The refinance was a negative amortization with a teaser rate of LIBOR. The principal balance would increase 115% during the life of the loan. Claimant's note payments would not change until August 1, 2012.

9. During the discovery period, Claimant discovered that as of February 4, 2016, the Federal Truth In Lending Disclosure incorrectly disclosed that the number of payments I made, which should have been 55 months, and that after the 55th month, the payments would change to $13,881.97 for another five months beginning March 01, 2012, which contradicts the payment schedule listed on claimant's note. See pg. 2 of the Note (c) Payment Changes "My monthly payment will remain the same until August 1, 2012, the month after the first Change Date and will not change again until after I have made my 120th schedule monthly payment unless it is required to change in accordance with Section 4(f) below."

10. As a result, there was a clear violation of TILA and Regulation Z. Claimant reserves her right to this cause of action against any entity or persons claiming an interest in my note and deed of trust.

11. Without claimant's knowledge, Executive Trustee Services (ETS) executed a Substitution of Trustee ("SOT"). ETS executed the SOT on September 25, 2008 and recorded the SOT on September 29, 2008. CA Dkt. No. 2008-108476. Rosalie Solano, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. (MERS), executed the SOT, which substituted Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee under Claimant's Deed of Trust in place of the original Trustee, FIDELITY NATIONAL TITLE. The SOT stated that the beneficiary was Mortgage Electronic Registration Systems, Inc., and it did not mention MortgageIT.

3

12. On September 29, 2008, a Notice of Default was recorded by ETS. The Notice of Default named Mortgage Electronic Registration Systems as beneficiary.

13. On August 24, 2009, a certain Janine Yamoah, a purported assistant secretary of MERS, executed an assignment of deed to HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, assigning, for value, all beneficial interest under that certain Deed of Trust, dated June 4, 2007, executed by Fermin Aniel and Erlinda Aniel, as husband and wife, and Marc Jason Aniel, a single man, as all joint tenants to Fidelity National Title Company as Trustee, for Mortgage Electronic Registration Systems, Inc., solely as nominee for MortgageIT, Inc., as beneficiary and recorded instrument No. 2007-008561, on June 8, 2007. The Assignment of Deed was recorded on September 21, 2009 with CA docket no. 2009-125757.

14. Janine Yamoah, an alleged assistant secretary of MERS, executed the said assignment of deed with an acknowledgment by a notary public named Zahirah Y. Sweet on August 24, 2009.  It was notarized under the State of Pennsylvania, County of Montgomery, but was certified under penalty of perjury, under the laws of the State of California, that the statements made in the Assignment were true and correct.

15. On February 1, 2011, Mira Smoot purportedly executed an assignment of deed to GMAC Mortgage, LLC, from HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, which assigned, for value, the beneficial interest in the deed of trust.  Mira Smoot signed her name as an Authorized Officer of HSBC Bank USA, National Association as Trustee for DALT 2007-OA5.

16. The 2011 Assignment of Deed was recorded on February 9, 2011. CA Docket Number 2011-016800.

17. On July 01, 2011, GMAC Mortgage, LLC, recorded a Recession of Notice of Default in order to comply with the Department of Justice Consent Order, which was part of their settlement to fix GMAC's flawed process of foreclosures against homeowners.

18. On March 05, 2015, The Rescap Borrower Trust and Rescap Liquidating Trust (OBJECTOR) filed an objection to Claimant's Proof of Claims 416 and 417. In their objection, Objector attached a declaration from Kathy Priore, and attached as an exhibit, the 2013 Limited Power of Attorney.

19. That Limited Power of Attorney was executed by Fernando Acebedo on June 11, 2013, and was witnessed by Nancy Luong and Esmeralda Marchante. The document purports that HSBC, the principal, granted the agent, GMAC, to do administrative duties outlined under the Limited Power of Attorney.  It was acknowledged and notarized by certain Audrey H. Zabriskie on June 11, 2013.  Ms. Zabriskie had a notary number of "01ZA6158890".  Ms. Zabriskie's notary license expired on January 16, 2011.

4

20. Also attached to the Limited Power of Attorney was a list of all the TRUSTS that were to be serviced by GMAC. The subject securitized trust was not listed in the attachment.

21. On or around May of 2015, a hearing was held in this Court with Judge Martin Glenn presiding. The Claimant objected to the limited power of attorney as giving authority to Mira Smoot to sign as an authorized officer of HSBC because the trust was not listed in the attached list of trusts in the limited power of attorney. The limited power of attorney was also executed in 2013, which was two years after Ms. Smoot executed the Assignment.

22. The Court ordered the Objector to produce a document that proves that Mira Smoot was authorized to execute the Assignment as an authorized officer of HSBC.

23. On September 04, 2015, the Counsel for objector filed another Limited Power of Attorney; this time dated August 28, 2008. The document was executed by a certain Susie Moy, as Vice President of HSBC Bank USA, National Association as Trustee. Susie Moy's execution of the document was witnessed by Nancy Luong and Doris Wong. The document was notarized by certain Nina Nassar on August 28, 2008. This was an 11th hour concoction to comply this court's order.

24. Attached to the 2008 Limited Power of Attorney was another list of serviced Trusts. The list of trusts was updated as of October 5, 2006, and listed HSBC Bank USA, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 as a serviced trust.

25. Both the 2008 and 2013 Limited Power of Attorney were not recorded in recorders office in New York County, State of New York, in order to effectuate the Limited Power of Attorney given to GMAC, as an agent of the principal, HSBC.

26. Both Limited Power of Attorneys have no specific expiration date.

27. On April 5, 2012, another substitution of trustee was executed by a certain Marcell G. Pace, an authorized officer of GMAC Mortgage LLC. The document was notarized by Christine Morales at the County of Montgomery, State of Pennsylvania.

28. That 2012 Substitution of Trustee, recorded on April 27, 2012, CA docket number "2012-058860", stated:

"Whereas, Fermin Aniel, and Erlinda Aniel, Husband and Wife. Marc Jason Aniel, A Single Man, all as Joint Tenants was the original Trustor, Fidelity National Title was the original Trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee of MortgageIt, Inc. was the original beneficiary under that certain deed of trust dated 6/04/2007 and recorded on 6/08/2007 as instrument number 2007-088561, in Box XX of Official Records of San Mateo County, California; and

Whereas, the undersigned is the present Beneficiary under Deed of Trust, and

5

Whereas, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successors Trustee, thereunder, in the manner in said deed of Trust provided.

Now, therefore, the undersigned hereby substitute Executive Trustee Services, LLC dba ETS Services, LLC , as Trustee under said of Deed of Trust."

29.  In 2013, Claimant received from Ocwen Loan Servicing, LLC, a Mortgage Interest Payment Statement substitute form 1098, where Ocwen reported to the Internal Revenue Service that the principal balance on the loan of $2,056,816.94 had been paid off.  The loan number that was disclosed in the Mortgage Interest Payment Statement Substitute form 1098 was "0713288492."

30.  On January 11, 2016, the deposition of Kathy Priore was taken by the Claimant at Minneapolis, Minnesota.

31.  Claimant alleges that, without her consent and authority, her original loan number in all of her origination documents was altered and changed by GMAC Mortgage, LLC.

32.  Claimant claims that there were at least two loan numbers associated on her mortgage loan.

33.  GMAC altered Claimant's original loan number, designating a new loan number on Claimant's note and deed of trust.  The loan number that was reported on her credit report, dated September 26, 2008, was loan number "0713288492."

34.  The other loan number of "0115634254" was reported to the Deutsche Alt-A Securities, Inc. Mortgage Pass-Through Certificates Series 2007-OA5 in the Remittance Reports prepared by Wells Fargo Bank, N.A. Securities Administration Services in Frederick, Maryland. See www.ctslink.com.

35.  The Well Fargo Remittance Reports reported that the loan number "0115634254" on October 27, 2008. Claimant discovered that her collateral files were sold to Wells Fargo Bank, and her loan was given a new life and a new loan number.  This was done only after Claimant stopped making mortgage payments in reliance to the representations of the GMAC customer service representative.

36.  On October 27, 2008, it was reported on the remittance report, that the loan was entered into Foreclosure (FC), even while Claimant was still attempting to modify her loan through her attorney.

37.  Thus, Claimant can only assume that the loan was reported to the trust after it went into the foreclosure process, and not on July 01, 2007, as claimed by the Objector.

38. GMAC tricked Claimant into defaulting into her loan because that is the only way the loan can be reported to the Trust. There was an agreement between Deutsche Bank AG New York and Wells Fargo Bank. They entered into a Swap Transaction with HSBC Bank USA, National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage loan Trust, Series 2007-OA5.

39. The Swap Transaction Confirmation, dated July 31, 2007, was signed by Fernando Acebedo on behalf of HSBC, not in its individual capacity, but solely as Supplemental Interest Trust Trustee. Maria Valdez and Constantino Palermo signed on behalf of Deutsche Bank AG, New York (RMBS Derivatives Desk).

40. Under the Swap Transaction confirmation agreement, the Collateral File on Claimant's case, which was her Note, would be used to hedge the Rate Swap between Deutsche Bank AG (Party "A") and HSBC Bank USA National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 (Party "B").

41. GMAC, without Claimant's knowledge, used Claimant's personal information like her property address, social security number, and her other information, and entered into a Rate Swap Transaction with Deutsche Bank, Wells Fargo Bank, and HSBC Bank USA National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5. As a result, GMAC stood to gain substantial profits in defaulted loans by earning servicing fees, prepayment fees, and interest fees. This was their motivation to foreclose the subject property without proper authority. GMAC used fabricated, manufactured, and fraudulent documents, fraudulent notaries in order to profit on the foreclosure on the property. GMAC's action went unmonitored, and GMAC faced little risk because they profited on NIMS insurance payments when the default was triggered.

42. The Pooling And Servicing Agreement, dated July 1, 2007, was entered into between Ace Securities Corp., as Depositor, Wells Fargo Bank, N.A., as Master Servicer and Securities Administration, Clayton Fixed Income Services Inc., as Credit Risk Manager, and HSBC Bank USA, National Association as Trustee on Pooling and Servicing Agreement Mortgage Pass-through Certificates 2007-OA5.

43. Under the Pooling and Servicing Agreement (PSA), the owners of the loans were Ace Securities Corp., the depositor. The owner of the Trust Fund was Joseph P. Kennedy. Article IX TERMINATION. Pg. 131 of pg.149.

44. Under the PSA, the two loan servicers were Bank of America and GMAC Mortgage, LLC. Wells Fargo Bank is the Master Servicer.

45. Claimant's mortgage loan files were not listed as an asset to the Trust, a fact that was mistakenly assumed by Kathy Priore. See Kathy's deposition on January 11, 2016. See pg. 26-29.

46. Under the terms of the Pooling Servicing Agreement, the loan was supposed to be transferred into the Trust on or before July 1, 2007. That transaction never occurred. Instead, it was only until Debtor decided to attempt to foreclose the subject property did they begin the process to create documents to make it appear as if the loan had been transferred to the securitized trust on or around July 1, 2007.

47. Debtor, in an attempt to unlawfully collect a debt, began to fabricate documents in order to show a paper trail that they have a real interest in the property. This was done in order to foreclose the property.

48. Debtors claim that the documents speak for itself and that they had interest in the Deed and had authority to foreclose the property. However, each and every document Debtors relies on contains many false statements that prove to hold no legal effect to their claim of interest in the Claimant's subject property. As a result, Claimant suffered damages under the legal theories of Wrongful Foreclosure, Unlawful Competition Law, and Fraud Concealment   Claimant also seek declaratory relief from the Court to declare that Mira Smoot did not have legal authority to execute an assignment of the Claimant's deed of trust as an Authorized Officer of HSBC as Trustee for DALT 2007-OA5.

49. On September 14, 2009, GMAC, acting as a servicing agent for Creditor HSBC USA Bank, as Trustees for DALT 2007-OA5 filed a Proof of Claim in claimant's bankruptcy case. Northern District of California, Case no. 09-30452-DM.  GMAC attached a copy of claimant's Flex Pay Fixed/Adjustable Rate Note without any endorsement on the note showing that HSBC was the creditor of the loan.  Claimant objected to the Court, arguing that there was no endorsement of the note.

50. On March 3, 2010, GMAC filed another Proof of Claim.  This time, they attached the Flex PayFixed/Adjustable Rate Note with a stamped endorsement on the last page of the note endorsed by MortgageIT without recourse and no other subsequent endorsement in behalf of HSBC as Trustee for DALT 2007-OA-5

51. On July 31, 2007, an agreement, titled Assignment, Assumption and Recognition Agreement, was entered between DB Structured Products, Inc. ("Assignor"), Ace Securities Corporation ("Assignee"), GMAC Mortgage, LLC ("Company") or the ("Servicer") and by Wells Fargo Bank N.A. as master servicer ("Master Servicer").

52. Under the loan history report of claimant loan, a document provided by the Objector, the investor name of loan number "0115634254" was Wells Fargo Bank.

53. The loan history report stated that the account number of "0713288492" was GMAC's assigned number it would use to foreclose the subject property.  GMAC used that new number to manufacture, fabricate, and forged fraudulent documents misrepresenting not only the claimant, but also the San Mateo County Recorders' office in California, the U.S. Bankruptcy Court, and U.S. District Court.

54.   Under the loan history report, GMAC noted that on July 27, 2009, they were
"…currently waiting for the assignment to be signed and notarized. Once that has
been completed, we will continue to process." See pg. 235.

55.   Under the loan history report, GMAC also made the following reports/notes:

(a) August 5, 2009: we are unable to proceed with the requested proof of claim without
a copy of this assignment, please advise if you would like our office to create the
assignment of this loan for signature and recordation at a cost of  $100.00.

 (b) Issue Comment: our office is in need of the assignment transferring this loan
from Mortgage Electronic Registration Systems, Inc. solely as nominee for
MortgageIT, Inc. to HSBC Bank USA National Association as Trustee for DALT
2007-OA5. Please have a copy of this assignment upload. Our office is able to create.

(c) August 5, 2009: This is a MERS originated loan there will not be any paper
assignment available. Please prepare and submit a signature required if you do not
have an assignment transferring this loan. See pg. 233.

(d) August 5, 2009: Please advise as whom the legal action for this loan will be in the
name of. See pg. 232

(e) August 24, 2009: Execution completed 8/24/2009. See pg. 231

(f) August 25, 2009: Executed/Notarized and sent to attorney completed on 8/25/2009.
See pg. 231

(g) August 31, 2009: MERS coding has been removed from MS. See pg. 231

(h) August 31, 2009: Assigned out of MERS per bankruptcy process. Transferred to
Non-MERS on MERS online. See pg. 230.

(I) September 9, 2009: BK issue comments: please approve the fee of $100.00 for the
preparation and recordation of the assignment. See pg. 230

(j) September 14, 2009: fee request has been uploaded for approval, please review. See
pg. 230

(k) On September 9, 2009: $100.00 fee approved for the preparation
and recordation of the assignment. See pg. 230.

56.   The Loan History Report, dated January 13, 2011, made the follow notes:

a. Regarding the POA, please be advised that the beneficiary is GMAC Mortgage, LLC
and the sub shows GMAC Mortgage, LLC FKA GMAC Mortgage Corporation,
GMAC personnel have authorization to sign and do not need verbiage

    b.   good morning, I'm sorry, I was referring to the assignment. Currently it says HSBC Bank USA, National Association as Trustee for DALT 2007-2007-OA5 am authorized on behalf of GMAC so it should read as follows: HSBC Bank National Association as Trustee for DALT 2007-OA5 by; GMAC AS ATTORNEY IN FACT. Thank you Ma

    c.  Cager Bradley - (cont) ATTORNEY IN FACT FOR as it is the same company…thank you from Cager Bradley.  This conversation were between Maricela Solano and Cager Bradley and can be found on pages 148, 149, and 150.

57.  The Loan History Report clearly shows that GMAC created and requested documents to be made for the specific purpose to falsely claim interest in the subject property in order to foreclose Claimant property located at 75 Tobin Clark Dr. Hillsborough, CA 94010.

58.  In the Loan History Report, there was no mention of the Power of Attorney from HSBC as the Trustee for the Trust.  In fact, Cager Bradley interpreted an ATTORNEY IN FACT as the same company in regards to GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION.

59.  The Securitization process of Claimant mortgage loan separates Claimant's NOTE from DEED OF TRUST. Section 8.13 on Pooling and Servicing Agreement (PSA), dated July1, 2007, Derivatives Agreements, states the following:

"The Trustee is hereby directed to execute the Derivative Agreements on behalf of the Supplemental Interest Trust, and the Trustee shall have responsibility for the contents of the Derivatives Agreements, including, without limitation, the representation and warranties contained herein. The Securities Administrator is hereby empowered and directed to perform the obligations of the Supplemental Interest Trust Trustee under the derivatives agreements."

60.  Executive Trustee Services (ETS) has no authority to declare default on the Claimant because ETS did not properly substitute itself Trustee as Trustee for the Lender. See Deed of Trust:

"24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the Office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the property, the successor trustee shall succeed to all the title, powers, and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provision for substitution." Page 14

61. The Lender for Claimant's Deed of Trust was Morgagni.

62. ETS claimed to be the substituted Trustee for claimant's Deed of Trust, but was actually a debt collector with the sole purpose of collecting a defaulted debt through foreclosure. They are commonly known as a Foreclosure Trustee.

63. HSBC Bank USA, National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 is a bank account for certificate class holders SX1 and SX2. The certificate represents an undivided beneficial interest in both class of certificate in Excess of Servicing fee to Deutsche ALT-A Security Series 2007-OA5.

64. GMAC is the servicer of this so called Trust on which any collection from paid off loans, charged off loans, prepayment fees, defaulted loans, foreclosure loans, bankruptcies, REO properties, and payments from NIMS issuer. GMAC would pay off the senior tranches with any remaining excess fee to be distributed to the Deutsche ALT-A Security Series 2007-OA5 account. HSBC would be the Trustee for such Derivatives Account.

65. Deutsche Alt-A Securities Inc. is a Grantor Trust for Mtg. P/T Certificates Series 2007-OA5 for Widely Held Mortgage Trust (WHMT) Safe Harbor method for Widely Held Fixed Investment Trust (WHFIT).

66. Because the Claimant's loan was in default (as GMAC targeted Claimant by promising Claimant a modification after 90 days of late payment), Claimant's loan was entered into foreclosure on October 2008, for Deutsche Alt-A Securities Inc., Mortgage Pass-Through Certificates Series 2007-OA5. The Remittance Report, prepared by Wells Fargo Bank, reported any delinquency the trust suffered to trigger the default so GMAC could continue to receive servicing fees every month. GMAC benefited financially from defaulted mortgages while still continuing to foreclose the subject property through the use of falsified, manufactured, and fabricated documents. These actions caused Claimant to have a defective title.

67. Claimant's title of the property is currently corrupted, and the marketability to sell is virtually impossible to achieve. Claimant suffered the lost opportunity to sell the property during the past seven years. Claimant also suffered the loss of equity. Claimant's health has diminished because GMAC's actions have caused so much stress on her. Her marriage failed as her husband to retired early because the stress of the foreclosure. Claimant's depression is so severe that she cannot fully function on a daily basis because of Debtors' attempt to steal claimant's property.

68. Therefore, the recorded 2008 and 2012 substitution of trustee, the recorded 2009 and 2011 assignment of deed, and the 2008 and 2013 Power of Attorney from HSBC should be declared null and void based on the evidence presented above by the Claimant.

11

69.  Those documents have no foundation and it derives from nothing. Nothing plus nothing equals nothing. *Graves v. Wayman* decided February 25, 2015 in the Supreme Court of Minnesota.

70.  The 2009 Assignment of Deed lacked any money consideration between Mortgage Electronic Registration Systems, Inc. solely as nominee for MortgageIT and HSBC Bank USA, National Association as Trustee for DALT 2007-OA5.

71.  The 2011 Assignment of Deed lacked any money consideration between HSBC Bank USA, National Association, as Trustee for DALT 2007-OA5 and GMAC Mortgage, LLC FKA GMAC Mortgage Corporation.


II.    BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

This Court has core jurisdiction to hear and decide this matter under 28 U.S.C. sections 1334(a), 1334(b), 157(a), 157(b)(1), 157(b)(2)(B), 157(c)(2) (if needed), by consent of the parties and the Amended Standing Order of Reference in Case No. 12 MISC 00032 (filed February 1, 2012, Dkt. No. 1). This is a core matter with respect to which the bankruptcy court may enter final orders.

III.    STIPULATED FACTS

1.    On June 4, 2007, Mortgage IT originated the Mortgage Loan in the amount of $2,000,000.00 to the Claimant.

2.    The Mortgage Loan refinanced an existing loan.

3.    The Mortgage Loan is evidenced by a note to Mortgage IT executed by Erlinda Aniel on June 4, 2007.

4.    The Mortgage Loan is secured by a deed of trust on 75 Tobin Clark Drive, Hillsborough, CA 94010.

5.    The Deed of Trust was executed by Fermin Aniel, Erlinda Abibas Aniel, and Marc Jason Aniel.

6.    The Deed of Trust lists the Mortgage Electronic Registration Systems, Inc. as nominee for MortgageIT ("MERS") as the beneficiary.

7.    Executive Trustee Services ("ETS") recorded a substitution of trustee (the "2008 Substitution of Trustee") in the San Mateo County recorder's office.

8.    The assignment of the Deed of Trust to HSBC was executed on August 24, 2009 and recorded on September 21, 2009.

9.    On July 1, 2011, a Notice of Rescission of Notice of Default was recorded.

10.    On April 27, 2012, ETS recorded another notice of default, which was executed on April 21, 2012.

11.    Mira Smoot was an employee of GMACM from August 9, 2010 through February 15, 2013.

12.    On August 1, 2012, ETS recorded a Notice of Trustee's Sale, scheduling the sale for August 27, 2012.

13.    At the time servicing of the Mortgage Loan transferred to Ocwen, no foreclosure sale of the Property had occurred.

14.    The Claimants continue to live in the Property.

## IV.    PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

### A.    Claimant's Contentions

In addition to the allegation made in Claimant's pleadings in this Court:

1.    On June 4, 2007, Claimant executed a Promissory Note in the amount of $2,000,000.00.

2.    The subject property is 75 Tobin Clark Drive, Hillsborough, CA 94010.

3.    The Deed of Trust was executed by Erlinda Abibas Aniel, Marc Jason Aniel, and Fermin Solis Aniel.

4.    Before or on July 1, 2007, Claimant's loan was supposed to be transferred from the Originator to the Securitized Trust.  It was never transferred on or before July 1, 2007.

5.    Under PSA, GMAC was designated as the servicer of the loan.

6.    Debtor decided to attempt to foreclose the property.

7.    The assignment of the Deed of Trust that purports an assignment of interest in the Deed to HSBC was executed on August 24, 2009 and recorded on September 21, 2009, more than two years after the loan was purportedly transferred to the Securitized Trust, and only AFTER Debtor decided to foreclose the property.

8.    A Limited Power of Attorney was purportedly executed on August 28, 2008.

13

9.   An attached list of Trusts under the Limited Power of Attorney purportedly lists the securitized trust, but the list was updated as of October 5, 2006—almost a year prior to the creation of the DALT-2007-OA5 trust.

10.  That Limited Power of Attorney of 2008, superseded by recorded 2009 Assignment of deed from MERS to HSBC  Bank USA National  as Trustee  for DALT 2007-OA5 because the 2008 Limited Power of Attorney from the Trust has no power to give to  GMAC (Agent)of the (”Trust)  HSBC  the principal because the Trust has no beneficial interest  on claimant deed of trust until September 21, 2009.

11.  Mira Smoot is not an authorized officer of HSBC.

12.  The 2011 Assignment was signed by Mira Smoot, who was merely an employee of GMACM and not an authorized officer of HSBC.  Smoot signed the document purporting to be an authorized officer of HSBC, and not as an authorized officer of GMAC.

13.  As a result, Mira Smoot did not have authority to execute the Assignment of the Deed as stated in the actual document.

14.  GMAC was never a beneficiary under the Deed of Trust.

15.  The 2013 Power of Attorney is null and void because Audrey H. Zabriskie, who acknowledged the document, with a notary license that was expired on January 16, 2011.  The Objector continues to falsified documents and file perjured documents in order to satisfy Court orders.  The Objector committed fraud upon the Court.  Objector and its counsel's actions are criminal in nature in order to benefit their clients financially. The Court must refer this to the Bankruptcy Trustee and to the Authorities because if the Court does not, Objector's fraudulent representation will wreak havoc on the marketability of Claimant's title on her property and to other homeowners' properties, while they would gain an enormous profit for the wrongful foreclosure through the use of fabricated, manufactured, and falsified documents, and acknowledging documents using a notary public with an expired notary license.  This is a clear violation of the Consent Order by Department of Justice.

16.  GMAC has no interest in the subject property or the Trust DALT 2007-OA5.

17.  GMAC claimed to be an agent of the Trust/creditor of the loan under a Proof of Claim filed in Erlinda Abibas Aniel's bankruptcy.

18.  There is a zero balance on the debt as of 2013.

19.  The Note was separated from the Deed of Trust by Securitization Process.

20.  The 2009 Assignment of Deed is null and void due the fact that GMAC paid $100.00 to create the said Assignment of Deed.

14

1.   The 2011 Assignment of Deed is null and void because it was created by certain individuals named "Ma" and "Cage Bradley."

**B.   Trust's Contentions**

*Loan Origination, Ownership and Servicing*

2.   On June 4, 2007, Mortgage IT originated the Mortgage Loan in the amount of $2,000,000.00, plus interest to the Claimant.

3.   The Mortgage Loan refinanced an existing loan.

4.   The Mortgage Loan is evidenced by a note to Mortgage IT executed by Erlinda Aniel on June 4, 2007.

5.   The Mortgage Loan is secured by a deed of trust on 75 Tobin Clark Drive, Hillsborough, CA 94010.

6.   The Deed of Trust lists Fermin Aniel, Erlinda Abibas Aniel, and Marc Jason Aniel as borrowers.

7.   The Deed of Trust lists the Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

8.   On or around July 1, 2007, the Mortgage Loan was transferred to HSBC Bank U.S.A. as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 (also known as DALT 2007-OA5).

9.   GMACM subserviced the Mortgage Loan from its origination until servicing was transferred to Ocwen on February 16, 2013 pursuant to the Bankruptcy Court's order approving the sale of the Debtors' servicing platform to Ocwen [Docket No. 2246].

10.  Executive Trustee Services ("ETS") recorded a substitution of trustee (the "2008 Substitution of Trustee") in the San Mateo County recorder's office.

11.  The 2008 Substitution of Trustee named MERS as the beneficiary of the Deed of Trust and ETS as substitute trustee.

12.  The assignment of the Deed of Trust to HSBC was recorded on August 24, 2009.

*Assignment and Foreclosure*

13.  On February 1, 2011, HSBC assigned the Deed of Trust to GMACM.

14.  At the time of the 2011 Assignment, GMACM had authority to execute assignments on behalf of HSBC pursuant to a power of attorney that HSBC granted to GMACM.

ny-1220619

15.   The Power of Attorney grants GMACM the power to execute, acknowledge, seal and deliver assignments of deeds of trust/mortgages, among other things.

16.   Attached to the Power of Attorney is a list of securitizations for which GMACM acted as servicer at the time the Power of Attorney was executed.

17.   Among the securitizations listed in the attachment to the Power of Attorney is Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5, the securitization trust into which the Mortgage Loan was transferred.

18.   On July 1, 2011, a Notice of Rescission of Notice of Default was recorded because the 2008 Notice of Default was too old.

19.   On April 27, 2012, ETS recorded another notice of default, as the Claimants had not made a payment on the Mortgage Loan since June 17, 2008.

20.   Mira Smoot was an employee of GMACM and an authorized officer of GMACM from August 9, 2010 through February 15, 2013.

21.   The 2011 Assignment was signed by Mira Smoot, who as an authorized officer of GMACM and had authority to sign on HSBC's behalf pursuant to the Power of Attorney.

22.   On August 1, 2012, ETS recorded a Notice of Trustee's Sale, scheduling the sale for August 27, 2012.

23.   At the time servicing of the Mortgage Loan transferred to Ocwen, no foreclosure sale of the Property had occurred.

24.   The Claimants continue to live in the Property.

## V.    ISSUES TO BE TRIED

1.   Whether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC.

2.   Whether GMACM and ETS had sufficient authority to commence the foreclosure action against the Property when it caused the Notice of Default to be recorded on April 27, 2012.

3.   The extent of actual damages, if any, proximately caused to the Claimants by GMACM's and ETS' alleged wrongful foreclosure of the Property in April 2012 under the theories of wrongful foreclosure, fraud, and unlawful competition law.

4.   The Court to declare whether the Assignment of the Deed of Trust is void.

## VI.   CLAIMANT'S EXHIBITS

1.   Note, dated June 4, 2007 with original loan number "40761137"

2.   Deed of Trust, recorded June 8, 2007 with original loan number "40761137"

3.   Loan History (i.e., Servicing Notes) for the Mortgage Loan account from June 13, 2007 to February 15, 2013

4.   Assignment of Deed of Trust, recorded on September 21, 2009 and executed on August 24, 2009

5.   Assignment of Deed of Trust, recorded on February 9, 2011 and executed on February 1, 2011

6.   Limited Power of Attorney, dated August 28, 2008

7.   Mira Smoot Company Profile

8.   Pooling and Servicing Agreement

9.   Assignment, Assumption, and Recognition Agreement

10.  Responses to Claimant's Request for Interrogatories

11.  Declaration of Kathy Priori, dated March 5, 2015

12.   Supplemental Declaration of Kathy Priore, dated April 10, 2015

13.  Federal Truth-in Lending Disclosure

14.  Wells Fargo Remittance Report, dated August 27, 2007

15.  Wells Fargo Remittance Report, dated October 27, 2008

16.  Objector's Answer to Interrogatories

17.  IRS 1098 Mortgage Interest Statement

18.  Limited Power of Attorney, dated June 11, 2013

19.  Certified Declaration of Whitney A. Clark, special deputy secretary of state Deutsche Bank Swap Transaction Confirmation, dated July 31, 2007

20.  Substitution of Trustee, recorded on September 29, 2008

21.  HSBC as Trustee for DALT 2007-OA5 Proof of Claim filed September 14, 2009 for Erlinda Abibas Aniel's bankruptcy case in the Northern District of California. Case number 09-30452. Includes a copy of the note without endorsement on the note

17

22.    HSBC as Trustee for DALT 2007-OA5 Proof of Claim filed March 25, 2010 for Erlinda Abibas Aniel's bankruptcy case in the Northern District of California. Case number 09-30452. Includes a copy of the note with an undated endorsement

23.    Qualified Written Request (QWR) sent by Ocwen Loan Servicing, LLC

24.    Erlinda Abibas Aniel and Fermin Solis Aniel's Credit Report, dated September 26, 2008

25.    Substitution of Trustee, recorded April 27, 2012

26.    Notice of Default, dated April 27, 2012

27.    Notice of Trustee's Sale, recorded August 1, 2012

28.    2015 Corporate Assignment of the Deed

29.    Claimant's Proof of Claim 416

30.    Claimant's Proof of Claim 417

31.    Preliminary Title Report

32.    Wells Fargo Remittance Report from 2007-2014

33.    Department of Justice Consent Order

34.    Widley Help Fixed Investment Trust Report 2011 Tax Information

35.    Securities Exchange Commission Form 10K for DALT-2007-OA5

36.    Declaration of Mira Smoot, dated January 27, 2016 attached to the *Motion to Quash Subpoena* filed at Docket No. 9563

## VII.   TRUST'S EXHIBITS

1.    Note, dated June 4, 2007

2.    Deed of Trust, dated June 4, 2007

3.    Loan History (i.e., Servicing Notes) for the Mortgage Loan account from June 13, 2007 to February 15, 2013

4.    Assignment of Deed of Trust, dated August 24, 2009

5.    Assignment of Deed of Trust, dated February 1, 2011

6.    Limited Power of Attorney, dated August 28, 2008

7.    Mira Smoot Company Profile

8.    Substitution of Trustee, dated September 29, 2008

9.    Substitution of Trustee, dated April 27, 2012

10.    Notice of Default, dated April 27, 2012

11.    Notice of Trustee's Sale, dated August 1, 2012

12.    Declaration of Mira Smoot, dated January 27, 2016 attached to the *Motion to Quash Subpoena* filed at Docket No. 9563

No exhibit not listed by Claimants or the Trust may be used at trial except (a) for cross-examination purposes , (b) for rebuttal, or (c) if good cause for its exclusion from the pretrial order is shown.

VIII.    STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

**A.    The Parties stipulate to the authenticity of the following Exhibits**

1.    Note, dated June 4, 2007

2.    Deed of Trust, dated June 4, 2007

**B.    Claimant's Objections**

1.    Claimant requests that all original documents be presented to the Court.

2.    Claimant objects to the authenticity of the contents of the Trust's exhibits 3-12.

**C.    Trust's Objections**

1.    At this time, the Trust has not received copies of the exhibits that the Claimant's intends to rely on.  As a result, the Trust can determine neither the relevance nor the foundation for each exhibit.

IX.    CLAIMANT'S WITNESS LIST

1.    Kathy Priore

2.    Mira Smoot

3.    Erlinda Abibas Aniel

4.    Fernando Acebedo

5.    Doris Wong

19

6.   Nancy Luong

7.   Audrey Zabriskie

8.   Susie Moy

X.   TRUST'S WITNESS LIST

1.   Kathy Priore

2.   Mira Smoot

The witness listed may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.  Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

XI.   RELIEF SOUGHT

Relief Sought By Claimant

Damages under Wrongful Foreclosure, Fraudulent Concealment, and Unlawful Competition Law.

Declaratory relief to declare the 2011 Assignment of the Deed VOID as a matter of law.

Relief Sought by Trust

The Trust is seeking to have the Claimants' Proofs of Claim disallowed and expunged

XII.   DEADLINES AND HEARING DATE

The Trust proposes the following pretrial deadlines, contested by the Claimant:

- Written direct testimony for each witness that the parties intend to call at trial shall be exchanged **not later than March 9, 2016**.  Two courtesy copies of each witness's written direct testimony shall be provided to chambers concurrently with the parties' exchange.  Neither party shall be permitted to call any witness to testify at trial (except rebuttal witnesses, if any) unless such witness's direct testimony has been provided to the opposing party by March 9, 2016.

- Pretrial memoranda of law, which shall include a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element, and addressing any evidentiary issues anticipated to arise during evidentiary hearing on this matter (the "Trial"), shall be filed **not later than March 9, 2016**.

20

The parties jointly propose the following pretrial deadlines:

- The parties shall participate in a telephonic pretrial conference at **10:00 a.m. prevailing Eastern Time on February 25, 2016**.

- **Not later than 5:00 p.m. prevailing Eastern Time on March 16, 2016**, each party shall provide to the Court with (but not file) two copies of (i) the respective party's final witness and exhibit lists and (ii) pre-marked exhibits (Claimants to identify their exhibits with numbers, e.g., 1, 2, 3, etc.; the Trust to identify its exhibits with letters, e.g., A, B, C, etc.), assembled sequentially in notebooks and tabbed, or, if too voluminous, with each exhibit placed in a separate manila folder with number or letter visible on the lip, and the folder placed in a suitable container or box for ready reference. Each exhibit list shall include a description of each exhibit. One copy of the witness and exhibit lists and one set of exhibits should be provided to opposing counsel. No witnesses or exhibits that are not listed in the witness and exhibit lists may be used at the Trial.

The Trial shall take place on **March 24, 2016 at 9:00 a.m. prevailing Eastern Time**.

XIII.    EVIDENTIARY HEARING PROCEDURES

A.    **Use of Exhibits During Trial**

Counsel is responsible for marking his or her own exhibits. Counsel must identify for the Court and opposing counsel, and give a copy to the witness, each exhibit before using it at the Trial. All exhibits that will be shown to a witness should, if possible, be placed before the witness at the start of counsel's witness examination. Questions and arguments should be delivered from the lectern, but counsel may approach the witness without asking leave whenever it is necessary. And, if counsel is standing near the witness for the purpose of pointing something out on an exhibit, opposing counsel may also be present to observe first-hand what is being pointed out.

B.    **"Timed" Trial**

*Claimant's Proposal*

The Trial will be a "timed trial," with a maximum of [12]-trial hours during the course of 2 days. Each side will be allocated a maximum of [6]-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having her or his witnesses present and ready to testify without any delays or gaps in testimony.

*Trust's Proposal*

The Trial will be a "timed trial," with a maximum of [6]-trial hours during the course of 1 day. Each side will be allocated a maximum of [3]-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having her or his witnesses present and ready to testify without any delays or gaps in testimony.

       **C.**      **Status Report**

**Not later than 5:00 p.m. prevailing Eastern Time on March 16, 2016**, counsel shall submit a written status report to the Court, identifying any issues that must be resolved before the Trial starts, and also whether counsel believe the case may be resolved by settlement before the Trial begins.

Dated:  February 9, 2016

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

Dated:  February 9, 2016

/s/ Erlinda Abibas Aniel
Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

*Acting Pro Se*

**IT IS SO ORDERED:**

_____

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

ny-1220619