**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JOSEPH A. SHIFER IN SUPPORT OF THE OMNIBUS MOTION**
**TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

I, Joseph A. Shifer, hereby declare as follows:

1.      I am an associate at the law firm of Kramer Levin Naftalis & Frankel LLP,
counsel to the ResCap Liquidating Trust in the above-captioned matter.

2.      I submit this declaration to provide the Court with what, to the best of my
knowledge and belief, are true and correct copies of the following documents in support of the
*ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and
Confirmation Order* [Docket No. 9489].

Exhibit 1.      The original complaint filed by Marilyn Lawrence in the U.S.
District Court for the Central District of California, in an action
styled *Lawrence v. Sadek, et al.*, Case No. 12-cv-01372.  The
plaintiff's address listed on the complaint is 5851 7th Avenue, Los
Angeles, California 90043.

Exhibit 2.      An excerpt from the *Affidavit of Service of Melissa Loomis re: 1)
Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and
Deadlines* [Docket No. 336] showing service of the notice of
commencement to Ms. Marilyn Lawrence at 5851 7th Avenue, Los
Angeles, California 90043.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing
is true and correct.

Executed on February 10, 2016

      /s/ Joseph A. Shifer

**<u>EXHIBIT 1</u>**

Marilyn Lawrence

Pro Se for Plaintiff                          (323) 933-1349 Hm
5851 7TH, AVE                                 (323) 806-1482
LOS ANGELES, CALIFORNIA
90043

Attorney for Plaintiff Pro Per

**2012 FEB 16  PH 3:40**

**FILED**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

**CV12-1372-CAS (CWx)**

**MARILYN
LAWRENCE**

     Plaintiff,

v.

**Daniel Sadek d/b/a QUICK LOAN FUNDING INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS"); OCWEN
LOAN SERVICING, LLC; EXECUTIVE TRUSTEE SERVICE, LLC d/b/a
ETS SERVICE, LLC; LLEANNA PETERSON, DOES 1 Through 10, INClusive**

Defendants

---

## VERIFIED COMPLAINT TO QUIET TITLE
## &
## IMMEDIATE RELIEF REQUESTED
## STAY OF FORECLOSURE AND PROCEEDINGS

---

### TO THE HONORABLE CHANCELLOR OF SAID COURT:

Verified Complaint To Quiet Title   Page **1** of **40**

PAID

FEB 16 2012

Clerk, US District Court
COURT 4612

**COMES NOW**, MARILYN LAWRENCE (Plaintiff), complaining of Defendants Daniel Sadek d/b/a QUICK LOAN FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS"); OCWEN LOAN SERVICING, LLC; EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC; LLEANNA PETERSON, *Does 1 Through 10, Inclusive* and for cause of action would respectfully show unto this Honorable Court the following:

## JURISDICTION AID VENUE

This action arises under 15 U.S.C. § 1635, 12 C.F.R. § 226, 15 U.S.C. §§ 2601 AND 2614, 12 C.F.R. 3500, and under California statutory and common law. The court has jurisdiction over Federal Claims in this action based on 18 U.S.C. 1331 and 1343 and 42 U.S.C. 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law. The Court also has supplement jurisdiction over the pendant state law claims because the state claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367. The unlawful conduct, illegal practices, and acts complained of alleged in this complaint were all committed in the Central District of California and the involved real property is located in the Central District of California. Therefore, venue properly lies in this District, pursuant to 12 U.S.C. § 1391 (b).

## PARTIES

1.      Plaintiff is woman and is a resident citizen of Los Angeles, Los Angeles County, California, and has been a resident there at all times relevant to the events that form the basis of Plaintiff' Complaint.

2.      Plaintiff is informed and believes, thereon alleged, that Defendant **Daniel Sadek d/b/a QUICK LOAN FUNDING INC.** (hereinafter "QUICK LOAN FUNDING") is a national banking institute whose exact business in California.  Plaintiff is informed and believes that Defendant **QUICK LOAN FUNDING INC** is the owner of the Mortgage Loan.

3.      Plaintiff is informed and believes, thereon alleged, that Defendant **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC** (hereinafter "MERS") is a separate corporation that is acting as a nominee for Lender. Plaintiff is informed and believes that Defendant MERS is **an unauthorized Beneficiary** of the Mortgage Loan.

4.      Plaintiff is informed and believes, thereon alleged that Defendant **OCWEN LOAN SERVICING, LLC** (hereinafter "OCWEN LOAN SERVICING") is an unauthorized assignee and or successor for Mortgage Electronic Registration Systems Inc. (MERS).

5.      Plaintiff is informed and believes, thereon alleged, that Defendant **EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC** (hereinafter ETS SERVICE") is alleged authorized trustee of MERS and QUICK LOAN FUNDING.

6.      Plaintiff is informed and believes, thereon alleged, that Defendant **LLEANNA PETERSON** is an agent for the Defendant **EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC** who name is signed upon the recorded instrument of title against the plaintiff's real property at center of the conspiracy to defraud plaintiff by means of unjust enrichment by way of an elaborate predatory lending scheme in violation of CCP sections 2924 (c);  2936 etc. this agent is indentified upon the face of the document commonly known as

**NOTICE OF TRUSTEE'S SALE dated 01/14/2012 within the official reports of the Los Angeles County Recorder's office ( a governmental agency ) .** See 115A violations and attached **MARKED AS EXCERPT OF RECORD # "1"** IN THIS CASE AT ISSUE.

7. This basis of this case arises out of a dispute between the parties concerning the first and second mortgages on Plaintiff' residence located at 5851 7TH, AVE LOS ANGELES, CALIFORNIA 90043.

## INTRODUCTION AND NATURE OF CONTROVERSY

This involves a Quiet Title action in which Plaintiff's property was fraudulently foreclosed on by Defendant, "OCWEN LOAN SERVICING", initiated foreclosure proceedings on the Property without having the requisite legal authority to do so. Defendant, "OCWEN LOAN SERVICING"), was not the original lender did not own the Note and was not in possession of the Note and Deed of Trust at the time the foreclosure commenced as per applicable State laws.

Plaintiff secured a Deed of Trust on May 3, 2006 in favor of Quick Loan Funding Inc., for $229,000; **please see MARKED AS EXCERPT OF RECORD # "2" FACTUAL BACKGROUND**

Plaintiff executed a Promissory Note and Deed of Trust on May 3, 2006 in favor of Quick Loan Funding for $229,000.00. Subsequently, Plaintiff started experiencing financial hardship and wanted to pursue a loan modification to lower their payments. At that present time Plaintiff was not behind or late on her mortgage payments. Plaintiff contacted the servicer, "OCWEN LOAN SERVICING LLC, to inquire about working out a loan modification and/or validation of the debts and its accounting disputes. "OCWEN LOAN SERVICING" told Plaintiff that she had to be behind in her payments before they could be considered for a loan modification.

Plaintiff, after being advised "OCWEN LOAN SERVICING", of the requirements of the

loan modification process with the alleged new servicer "OCWEN LOAN SERVICING LLC,

required her to intently fall behind in her mortgage payments. After being behind for three

months, Plaintiff once again contacted "OCWEN LOAN SERVICING" to begin the process for a

modification. After making several attempts to work out a loan modification agreement and

alternative arrangements with servicer, "OCWEN LOAN SERVICING LLC, proceeded with a

wrongful and illegal foreclosure sale. Plaintiff received notice that her house maybe sold at an

auction to UNNAMED Defendant and or assigns, employee, attorney(s) allegedly as a Bona fide

purchaser for valuable consideration in accordance with California Contract Law. See Statutes of

Frauds.

Defendants all make some claim an estate or interest in the Property. Defendants have no

estate, right, title or interest in the property despite the illusion of the validity of the foreclosure

sale and current Trustee's Deed.

**The foreclosure sale is improper and invalid because the recitals in a Trustee's Deed**

**cannot render effective a sale that had no contractual basis or in the alternative where the**

**Defendant is not the holder in due course of the Note.**

Plaintiff further is informed and does believe the Public Policy has been violated by all of

these named defendants, its employees, servants, and or any working under the scope of authority

for the alleged successor "OCWEN LOAN SERVICING LLC by use of the Plaintiff's identity to

extort over $20,000.00 (Twenty Thousand U.S. Dollars) in addition to the agreed upon

$13,000.00 closing fees charged by the Escrow, and Title company for broker fees and a

HOMEOWNER'S WARRANTY DEED & TITLE POLICY INSURANCE.

Plaintiff was induced into foreclosure and was NOT PROVIDED WITH FULL

DISCLOSURE OF THE MATERIAL FACTS OF HER PLEDGED INTEREST TO QUICK

LOAN FUNDING INC on May 03.2006, and THERE WAS NO MEETING OF THE MINDS.

SEE THE **ATTACHED MARKED EXCERPT OF RECORD #3**

**IN THIS CASE AT ISSUE OF FRUAD AND FORGERY a true and correct**

**certified copy of the GFI provided to the Plaintiff 's request of the Lender QUICK LOAN**

**FUNDING INC., by way of its agents- HUD-1 AND GOOD FAITH ESTIMATE** WAS

LATER DISCOVERED AND THUS OBTAINED at the time Plaintiff initiated her investigation

under Federal Credit Protection provisions.

Plaintiff reaffirms, reallege herein above as ste if set forth more fully herein below.

The subject loan and Note secured by Deed of Trust for a mortgage loan structured so as

to create the appearance of a HIGHER VALUE when the agents know and /or should

have known that the real property at issue here was not given the actual market value , but

it was intentional inflated. The Defendant's willfully placed the Borrower into a loan that

the Borrower COULD NOT AFFORD TO REPAY. Thus Plaintiff was placed in position

of relying on the loan whereby it was reasonably foreseeable that the borrower would

default.    Thus the defendants have breached their fiduciary duty to disclose facts that

would have presumably influenced the Plaintiff to perform under said contractual meeting

of the minds.

Plaintiff was a foster parent of only one child and plaintiff made this

knowledge known to the Defendants OWEN LOAN SERVICING LLC'S AGENTS upon

contact. The Defendant should have known and /or did know that the amount of monthly

income received by a Child care provider would not be enough to maintain the agreed

upon monthly payments. The defendant's loan agents completed the loan application and

changed the true occupation of the Plaintiff to her being AN AUTHOR ("A BOOK

AUTHOR?"). Plaintiff has never acknowledged and /or signed her named and date to the

attached loan application at issue of fraud SEE **THE ATTACHED MARKED**

**EXCERPT OF RECORD #4- A TRUE AND CORRECT COPY OF THE LOAN**

**APPLICATION ;**

## INTRODUCTION

*This Complaint Charges Use of MERS By: Quick Loan Funding, Ocwen Loan Servicing, Executive Trustee Service, and et. a.l. Resulted In Fraudulent Foreclosure Filings Servicers and MERS Filed Improper Foreclosure Action Where Authority to Sue Was Questionable. MERS And Servicers Engaged In Deceptive and Fraudulent Practices That Harmed Homeowners And Undermined Judicial Foreclosure Process*

    ***Plaintiff contends that "If*** she would not have been off from work, and thus was induced into fallen behind on my mortgage payments by deceptive business practices , and subsequently forced to file this verified  civil complaint  to save my home.

    I would have never found so much blatant fraud, false and/or forged documents pertaining to the deed of trust. I tried to get a loan modification, and during their jump through hoops process with their paperwork, kept sending in principal payment amounts (which they held in a suspension account) - not knowing that ultimately I would be denied - hence the bankruptcy filing.

    Plaintiff Marilyn Lawrence's lawsuit is against several of the nation's largest banks charging **that the creation and use of a private national mortgage electronic registry system known as MERS has resulted in a wide range of deceptive and fraudulent foreclosure filings in California state County Recorder's offices in violation of** California **Penal Code 115.5 and 530 et.., and the guaranteed Constitutional  Rights of Plaintiff/ consumer/borrower pursuant to the Fourteenth amendment , harming homeowner and undermining the integrity of the judicial foreclosure process.**

## Legal References: California **Penal Code 115.5 and 530 et**

[2]California Penal Code 115 PC — Forging deeds. ("(a) Every person who knowingly procure or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony. (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section. (c) Except in unusual cases where the interests of justice would best be served if probation is granted, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons: (1) Any person with a prior conviction under this section who is again convicted of a violation of this section in a separate proceeding. (2) Any person who is convicted of more than one violation of this section in a single proceeding, with intent to defraud another, and where the violations resulted in a cumulative financial loss exceeding one hundred thousand dollars ($100,000). (d) For purposes of prosecution under this section, each act of procurement or of offering a false or forged instrument to be filed, registered, or recorded shall be considered a separately punishable offense.")

[3]California Penal Code 115.5 PC — Filing forged deeds. ("(a) Every person who files any false or forged document or instrument with the county recorder which affects title to, places an encumbrance on, or places an interest secured by a mortgage or deed of trust on, real property consisting of a single-family residence containing not more than four dwelling units, with knowledge that the document is false or forged, is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000). (b) Every person who makes a false sworn statement to a notary public, with knowledge that the statement is false, to induce the notary public to perform an improper notarial act on an instrument or document affecting title to, or placing an encumbrance on, real property consisting of a single-family residence containing not more than four dwelling units is guilty of a felony.")

[4]California Penal Code 470 prohibits fraudulently signing another person's name or a fictitious person's name on a variety of written instruments.

[5]Penal Code 368 PC California's elder abuse law. ("(d) Any person who is not a caretaker who violates any provision of law proscribing theft, embezzlement, forgery [such as forging deeds], or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of an elder or a dependent adult, and who knows or reasonably should know that the victim is an elder or a dependent adult, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison for two, three, or four years, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding four hundred dollars ($400); and by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value not exceeding four hundred dollars ($400). (e) Any caretaker of an elder or a dependent adult who violates any provision of law proscribing theft, embezzlement, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of that elder or dependent adult, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison for two, three, or four years when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding four hundred dollars ($400), and by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value not exceeding four hundred dollars ($400)...(g) As used in this section, "elder" means any person who is 65 years of age or older.")

[7]California Penal Code 115 PC — Forging deeds, endnote 2, above.

See also Penal Code 18 PC — Punishment for felony not otherwise prescribed; alternate sentence to county jail. ("Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years; provided, however, every offense which is prescribed by any law of the state to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both.")

See also Penal Code 672 PC — Offenses for which no fine prescribed; fine authorized in addition to imprisonment. ("Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court

may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed.")

⁸California Penal Code 115.5 PC – Filing forged deeds, endnote 3, above.

⁹California Penal Code 12022.6 -- Taking, damaging or destruction of property; commission of felony; additional punishment. ("(a) When any person takes, damages, or destroys any property in the commission or attempted commission of a felony, with the intent to cause that taking, damage, or destruction, the court shall impose an additional term as follows: (1) If the loss exceeds sixty-five thousand dollars ($65,000), the court, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of one year. (2) If the loss exceeds two hundred thousand dollars ($200,000), the court, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of two years. (3) If the loss exceeds one million three hundred thousand dollars ($1,300,000), the court, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of three years. (4) If the loss exceeds three million two hundred thousand dollars ($3,200,000), the court, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of four years. (b) In any accusatory pleading involving multiple charges of taking, damage, or destruction, the additional terms provided in this section may be imposed if the aggregate losses to the victims from all felonies exceed the amounts specified in this section and arise from a common scheme or plan. All pleadings under this section shall remain subject to the rules of joinder and severance stated in Section 954. (c) The additional terms provided in this section shall not be imposed unless the facts of the taking, damage, or destruction in excess of the amounts provided in this section are charged in the accusatory pleading and admitted or found to be true by the trier of fact. (d) This section applies to, but is not limited to, property taken, damaged, or destroyed in violation of Section 502 or subdivision (b) of Section 502.7. This section shall also apply to applicable prosecutions for a violation of Section 350, 653h, 653s, or 653w. (e) For the purposes of this section, the term "loss" has the following meanings: (1) When counterfeit items of computer software are manufactured or possessed for sale, the "loss" from the counterfeiting of those items shall be equivalent to the retail price or fair market value of the true items that are counterfeited. (2) When counterfeited but unassembled components of computer software packages are recovered, including, but not limited to, counterfeited computer diskettes, instruction manuals, or licensing envelopes, the "loss" from the counterfeiting of those components of computer software packages shall be equivalent to the retail price or fair market value of the number of completed computer software packages that could have been made from those components. (f) It is the intent of the Legislature that the provisions of this section be reviewed within 10 years to consider the effects of inflation on the additional terms imposed. For that reason this section shall remain in effect only until January 1, 2018, and as of that date is repealed unless a later enacted statute, which is enacted before January 1, 2018, deletes or extends that date.")

See also People v. Beaver (2010) 186 Cal.App.4th 107. Statute providing for enhanced punishment where a defendant "takes, damages, or destroys any property in the commission or attempted commission of a felony, with the intent to cause that taking, damage, or destruction," is not limited to theft-related offenses; it applies to any felony that causes a taking, damage, or destruction of property.

¹⁰California Penal Code 186.11 PC - Aggravated white collar crime enhancement.

¹²California Penal Code 489 PC -- Grand theft, punishment. ("Grand theft is punishable as follows: (a) When the grand theft involves the theft of a firearm, by imprisonment in the state prison for 16 months, 2, or 3 years. (b) In all other cases, by imprisonment in a county jail not exceeding one year or in the state prison.")

See also Penal Codes 18 and 672 PC, endnote 7, above.

¹³See endnote 12, above.

See also California Penal Code 664 PC -- Attempts. ("Attempts; punishment. ("Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts, as follows: (a) If the crime attempted is punishable by imprisonment in the state prison, the person guilty of the attempt shall be punished by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense attempted...(b) If the crime attempted is punishable by imprisonment in a county jail, the person guilty of the attempt shall be punished by imprisonment in a county jail for a term not exceeding one-half the term of imprisonment prescribed upon a conviction of the offense attempted.")

### Noted: Plaintiff is informed and believes in accordance to the law:

Forging deeds is one type of <u>California real estate and mortgage fraud</u>. Penal Code sections 115 and 115.5 PC make it a crime if you knowingly

- attempt to file, register or record a forged deed[2] and/or,
- file a forged deed.[3]

Violate <u>Penal Code 470 PC California's forgery law</u> when you knowingly alter, create, or use a written document for your own benefit or gain.[4]

#### 1.1. Examples

Forging of real estate deeds in California occurs most typically in two types of situations. The first takes place when an individual forges the property owner's name and transfers title to him/her. The individual then turns around and sells the property to another person.

The second common situation involving deed forgery takes place when an individual forges the property owner's name, transfers the property to him/herself and then takes out loans against the property.

Both scenarios have the potential to allow the forger to obtain large amounts of money in a relatively easy manner.

Oftentimes the person who is looking to forge a deed targets homes that have large amounts of equity. Quite frequently, these types of homes are owned by elderly individuals...individuals who are considered "easy prey" because they are more vulnerable to fraud, given their perceived lack of sophistication when it comes to scams. If you are accused of forging a deed...and that deed rightfully belongs to an individual who is older than 65...prosecutors could also charge you with violating <u>California's elder abuse laws</u>.[5]

A similar offense takes place when an individual forges escrow documents in order to obtain escrow deposits to which he/she is not entitled. This is another rising form of California real estate fraud.

## 2. Defense

**2.1. You had consent to enter into a transaction with the property**

## 3. Penalties, Punishment and Sentencing

Penal Code 115 PC California's law prohibiting forging deeds is a <u>felony</u>, punishable by 16 months or two or three years in the <u>California state prison</u> and a maximum $10,000 fine. Each forged deed that you attempt to file, register or record counts as a separate violation of this section. This means that for each violation, you face an additional three-year sentence and an additional $10,000 fine.[7]

Penal Code 115.5 PC California's law against filing a forged deed is punishable by a maximum $75,000 fine **in addition** to any other punishments that are imposed in connection with this offense.[8]

#### 3.1. Sentencing enhancements

In addition to the penalties noted above...and to any other penalties that might be imposed with a conviction for this offense...a conviction for forging deeds in California subjects you to

- an additional and consecutive one-to-four years in the California state prison if you deprived the homeowner of more than $65,000,[9]
- an additional and consecutive one-to-five years in the state prison and either a maximum $500,000 fine or double the amount of the fraud, whichever is greater, if you deprived the homeowner of more than $100,000 *and* you have been convicted of two or more felonies involving fraud in the same criminal proceeding (•this penalty may even be imposed on top of the additional one-to-four years that is added on by the punishment just referenced above),[10] and
- professional discipline if you hold a California professional license (fraud offenses...typically categorized as <u>crimes of moral turpitude</u>...are criminal convictions that can affect professional licenses).[11]

## 4. Related Offenses

There are a variety of offenses that are related to the crime of forging deeds. Some that may be charged in addition to Penal Code sections 115 and 115.5 PC and some that may be charged in lieu of these sections. The most common two crimes are grand theft and forgery.

#### 4.1. Penal Code 487 PC grand theft

You violate <u>Penal Code 487 PC California's grand theft law</u> anytime you unlawfully take another person's property worth more than $950. This offense is what is known as a <u>wobbler</u>.

A "wobbler" is a crime that prosecutors can file as either a misdemeanor or a felony, depending on

1.   the facts of the case, and
2.   your criminal history.

If convicted of grand theft as a felony, you face 16 months, or two or three years in the state prison and a maximum $10,000 fine. If convicted of the <u>misdemeanor</u>, you face up to one year in a county jail and a maximum $1,000 fine.[12]

This means that if you deprive a homeowner out of more than $950, prosecutors could charge you with forging deeds and grand theft.

And if you are caught forging deeds **before** you actually collect any money, prosecutors could still file charges for attempted grand theft. If convicted, you face one-half of the punishment just described.[13]

#### 4.2. Penal Code 470 PC forgery

You violate Penal Code 470 PC California's forgery law when you knowingly alter, create, or use a written document for your own benefit or gain. Forging deeds is, therefore, a direct violation of this law.

Forgery is also a wobbler, subjecting you to the same penalties described under California's grand theft, described above.

## ARGUMENTS

The lawsuit asserts that employees and agents of *Quick Loan Funding, Ocwen Loan Servicing, Executive Trustee Service, and et. al.,* acting a "MERS certifying officers," have repeatedly submitted court documents containing false and misleading information that made it appear that the foreclosing party had the authority to bring a case when in fact it may not have. The lawsuit names *Quick Loan Funding, Ocwen Loan Servicing, Executive Trustee Service, and et. al.,* as well as Virginia-based MERSCORP, Inc. and its subsidiary, Mortgage Electronic Registration Systems, Inc.

Plaintiff's lawsuit further asserts that the MERS System has effectively eliminated homeowners' and the public's ability to track property transfers through the traditional public records system. Instead, this information is now stored only in a private database – which is plagued with inaccuracies and errors – over which MERS and its financial institution members exercise sole control. Additional defendants include *Quick Loan Funding, Ocwen Loan Servicing, Executive Trustee Service, and et. al.*

"The banks created the MERS system as an end-run around the property recording system, to facilitate the rapid securitization and sale of mortgages. Once the mortgages went sour, these same banks brought foreclosure proceedings en masse based on deceptive and fraudulent court submissions, seeking to take homes away from people with little regard for basic legal requirements or the rule of law,"

"Said **Attorney General Schneiderman**. Who's recently found the same charges against associates of the Defendants named herein this suit for fraudulent foreclosures:

### According to Attorney General Schneiderman and I quote:

"Our action demonstrates that there is one set of rules for all – no matter how big or powerful the institution may be – and that those rules will be enforced vigorously. Only through real accountability for the illegal and deceptive conduct in the foreclosure crisis will there be justice for New York's homeowners." And other states as well.

The financial industry created MERS in 1995 to allow financial institutions to evade local county recording fees, avoid the hassle and paperwork of publicly recording mortgage transfers, and facilitate the rapid sale and securitization of mortgages. MERS operates as a membership organization, and most large companies that participate in the mortgage industry – by originating loans, buying or investing in loans, or servicing loans – are members, including JPMorgan Chase, Bank of America, Wells Fargo, Fannie Mae, and Freddie Mac. Over 70 million loans nationally have been registered in MERS System, including about 30 million currently active loans.

Plaintiff is further informed and believes that through their membership in MERS, these companies avoided publicly recording the purchase and sale of mortgages by designating MERS Inc. – a shell company with no economic interest in any mortgage loan – as the "nominal" mortgagee of the loan in the public records. Instead, MERS members were supposed to log mortgage transfers in the MERS private electronic registry. The basic theory behind MERS is that, because MERS Inc. serves as a "nominee" (or agent) for most major lenders, it remains the "mortgagee" in the public records regardless of how often the loan is sold or transferred among MERS members.

////

/////

**<u>Several documents were discovered by plaintiff while researching her</u>**

**<u>Mortgage title's chain of command, and/or deed of trust filed at the County</u>**

**<u>Recorder's office</u>**.

What I've found at the County Recorder's office is astounding to say the least. The were at **least 3 different LOAN NUMBERS USED IN** COMMENCEMENT OF THE NON JUDICIAL FORECLOSURE PROCEEDING INITIATED BY OCWEN LOAN SERVICING , INC.,

1. First dispute: **A DEED OF TRUST # 06 1062308** – executed on **<u>May 03, 2006</u>** recorded on May 15, 2006;

2. RJN  BE TAKEN - THAT <u>A LOAN NUMBER</u> ON THE TOP OF THE RECORDED DOCUMENT DEED OF TRUST  **is indicated as:**

   Quick Loan Funding LLC- **# 106044783**

   *Placed at the top of the DEED OF TRUST at issue of fraud practices in violation* of California Laws etc.,

3. ASSIGNMENTS OF DEED OF TRUST executed on 07/28/2010 showing a loan **number (Loan # 0325629582)**

   Totally different from the recorded Deed of Trust **#06 1062308** recorded on May 15, 2006

   THE DOCUMENT was signed by NORIKO COLSTON, ASSISTANT SECRETARY OF MERS, and notarized by M. SCHUESSLER a public notary COOM. # 1788328 IN SACRAMENTO CA.

4. NOTICE OF DFAULT AND ELECTION TO SELL UNDER DEED OF TRUST- executed on 10/11/2011 with yet another Loan Number **(Loan No.: 705887891)**

   THE DOCUMENT was signed by DEE ORTEGA, TRUSTEE SALE OFFICER FOR EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC.

5. SUBSTITUTION OF TRUSTEE- executed on 10/11/2011 with a **TS NO : FD-237793-C** and a number that does not indicated whether it's a loan number of not **(5570588789144)**

THE DOCUMENT was signed by ANA MAIA, CONTACT MANAGEMENT COORDINATOR FOR EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC.

6. NOTICE OF TRUSTEE'S SALE- executed on 01/17/2012 with a Loan Number of **(705887891)** a **TS No.:** FD-237793-C and an **Insurer No.: 0334105681**

   THE DOCUMENT was signed by LLEANNA PETERSEN, TRUSTEE SALE OFFICER FOR EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC.

## I.

## FACTS COMMON TO ALL CLAIMS OF RELIEF AND GENERAL ALLEGATIONS

After several failed attempts to modify their loan, Defendants violated CCP § 2924 to proceed with a wrongful foreclosure. Plaintiff is informed and believe and therefore allege that their loan after it was originated and funded will be sold on multiple occasions, bundled into a group of Trust Deeds and subsequently sold to investors as a Derivative, "Mortgage Backed Security", and that therefore none of these defendants, and each of them, own this loan, or Note and cannot be and are not the Beneficiary, or lawfully appointed trustee, and have no right to declare a default, to cause notices of default to issue or to be recorded, or to foreclose on Plaintiff' interest in the subject property, Defendants, and each of them, are not the note Holder or the Note holder in due course or any Beneficiary at any time in regards to this loan.

That none of these Defendants, and each of them, were ever disclosed as the beneficiary in accordance with California Code of Civil Procedure section 2923.5 and 2924 et seq.

Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

Plaintiff further alleges that the foreclosure sale of the Subject Property is not executed in accordance with the requirements of California Civil Code Sections 1624, 2923.5, 2932.5 and Commercial Code section 3302 et seq.

That the Trustee who is acting as the agent of the Principal fails to have written authorization to act for the principal and under California Civil Code Section 1624 the agency relationship must also be in written form.

That the notices and foreclosure failed to conform to the provisions of California Civil Code Sections 1624, 2923.5, 2932.5 et seq., and Commercial Code section 3302 et seq.

Plaintiff further alleges that California Civil Code section 2923.5 and 2924 et seq. and its subparts are being applied to Plaintiff in a manner that is unlawful, because at least in part the party acting as the Trustee proceeded with the foreclosure of Plaintiff' Property notwithstanding the fact that the Trustee was not in possession of the original Note and Deed of Trust, the assignment by MERS, and its assigns, did not covey the power because it violated the terms of California Civil Code section 2932.5, that the Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of ***Pribus v. Bush,*** (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there is sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's property did not conform to the strict mandates of Civil Code section 2923.5 and 2924. 76.

That by virtue of the method and manner of Defendants carrying out Civil Code section 2923.5 and 2924 et seq., the foreclosure of the Subject Property will be void *ab initio* as a matter of law. Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: Civil Code section 2923.5

and 2924 et seq. and 2932.5 et seq., and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

## II

## DEFENDANT IS NOT THE REAL PARTY IN INTEREST

Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the Note to the transferee, *Bear v. Golden Plan of California , Inc.*, 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the Note could be invalid as a fraudulent conveyance, Cal. Civ. Code § 3440, or as unperfected, Cal. Com. Code §§ 9313-9314. See *Roger Bernardt, California Mortgages and Deeds of Trusts, and Foreclosure Litigation* §1.26 (4th ed. 2009). Defendants have offered no evidence of a Note.

## III

## DEFENDANTS ARE NOT HOLDERS IN DUE COURSE AND THERE IS NOT EFFECTIVE ENDORSEMENT

Plaintiff incurred a "debt" as that term is defined by *California Civil 17 Code §1788(d)* and *15 U.S.C. §1692a(5)*, when they obtained a Loan on their Personal Residence.

The loan is memorialized via a Deed of Trust and Promissory Note, each of which contain an attorney fees provision for the lender should they prevail in the enforcement of their contractual rights.

The Promissory Note contains sufficient space on the note itself for endorsement whereby any assignment by allonge is ineffective pursuant to *Pribus v. Bush*, 118 Cal. App. 3d 1003 (May 12, 1981). Defendants are not holders in due course due to Fraud in Factum and ineffective endorsement..

## IV

## DEFENDANTS' LACKED STANDING TO CONDUCT A NON-JUDICIAL FORECLOSURE PURSUANT TO CALIFORNIA CIVIL CODE §2932.5

Defendants have no standing to enforce a non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with a foreclosure and Trustee's Sale. Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to MERS which was taken over by the Office of Thrift Supervision and defendants MERS engaged in conducting finance lending and/or the service business of residential mortgage loans through all other Defendants in the State of California **Without obtaining a license or** posting a bond with the Commissioner of the Secretary of the State during the period of May 21, 2002 through July 20, 2010. Furthermore, MERS did not obtain an exemption from the Commissioner to continue to conduct business in California after its license (C2416221) was suspended in 2002 and before MERS re-registered with the Commissioner to obtain the new license in 2010. MERS engaged in mortgage transactions through the fraudulent recording of assignments in the office of land records through all co-defendants listed in this complaint in the State of California in violation of Financial Code Section § 50205 that was conducted in an unsafe, injurious and hazardous manner to all California homeowners in default/foreclosure. The False Claims Act provides that any person who knowingly submits, or causes the submission of, a false or fraudulent statement to the U.S. Government is liable for civil penalty of up to 11,000 for each claim, plus three times the amount of the damages sustained by the Government. At that time the FDIC was appointed as the receiver for MERS. MERS became an "inactive institution" and no longer in existence in 2002. MERS, a defunct corporation, had no authority and legal capacity to initiate a Notice of Default, assign any Assignment of Deed of Trust, or start a foreclosure proceeding. The only one who had such authority was the receiver, FDIC. Since MERS was

unauthorized to conduct a foreclosure, its purported agent, MERS was unauthorized to do so as well.

Based upon the foregoing facts, Plaintiff feared she would also not receive the original note for the primary mortgage or the original release of the primary mortgage deed of trust, when the obligations in those instruments were satisfied.

Moreover, a search of the Los Angeles county deed records indicates that there was never a recordation of an assignment of the first mortgage Deed of Trust.

Plaintiffs continued to make payments on her mortgage note and have every intention to do so during the pendency of this litigation.

## V.

### DISCUSSION OF RECENT LEGAL HISTORY OF MISSING MORTGAGE NOTES AND IT'S APPLICATION TO THE INSTANT CASE

In jurisdictions where judicial foreclosures are required and have recently occurred, MERS, as nominee for the lender, has often been the party seeking foreclosure.

1.    In jurisdictions where judicial foreclosures are required, the inability of MERS, and/or the trustee and/or lender, to produce the original note in question has become a recent and unfortunate pattern and practice.

2.    Affidavits of lost notes have also become a recent pattern and practice, and many judges in these jurisdictions are putting foreclosure proceedings in abeyance until such time as MERS, the trustee, and/or lender can produce the original note.

3.    In these foreclosure cases, the usual reason given for the inability to produce the original notes is that the notes have been sold off to secondary mortgage market entities, which

have bundled the notes in traunches, and sold them as part of a mortgage-backed security trust to investors.

    4.    Many of such trusts, or their owners, have become insolvent or have just gone out of business; in short, the original notes have simply vanished and can't be found, or their owners no longer exist or no effort is made to find them.

    5.    In many of these foreclosure actions brought by MERS, the actions have been dismissed for lack of standing, because MERS is little more than a shell entity, which is made of a group of members who are primarily loan originators, used to facilitate the "flipping" of loans, from a loan originator to a secondary mortgage market entity, who then packages the loans as part of a mortgage-backed security trust.

    6.    MERS members decided it was too costly to pay recordation fees on loans that might be flipped numerous times, so according to MERS, MERS was chosen as *nominee* for the lender and its assigns in these deeds of trust, for the purpose of "immobilizing the mortgage lien while transfers of the promissory notes and servicing rights could continue to occur without the expense of recordation" (MERS' own explanation of what it does, from the reported case, *Mortgage Electronic Systems, Inc. v. Nebraska Department of Banking and Finance*, 704 N.W. 2d. 884, 786 (2005,

    7.    This immobilization of the mortgage lien now makes it terribly difficult for a borrower to track the holder of his note because deeds of trust are no longer assigned; and therefore, new holders of the notes do not record assignments of the deeds of trust when they purchase mortgages.

    8.    But the fact that MERS is a shell entity, means MERS never holds these notes (again citing from the reported case of *Mortgage Electronic Systems, Inc. v. Nebraska*

*Department of Banking and Finance, supra* where MERS explains what it does), and means that
Defendant MERS can't legitimately claim it has lost notes that were never in its possession, and
means Defendant MERS can't legitimately file affidavits of lost notes; and therefore, numerous
courts have held it lacks standing to bring a foreclosure action when it can't produce the original
note or show that it holds it : See *Mortgage Electronic Registration System, Inc. v. Southwest
Homes of Arkansas* (Ark. Sup.Ct. slip opinion March 23, 2009), where the Supreme Court of
Arkansas held that MERS, which claimed to be both a *nominee* and *beneficiary,* had no interest
in the Deed of Trust in question, was not a beneficiary despite language in the Deed of Trust
stating it was, did not possess any rights as a lender, did not hold any legal title, and was
therefore not entitled to be a party to a foreclosure action where the lender, its principal, was a
party].

 9.Even foreclosure suits brought by originating lenders, who have retained service

  rights to the notes, also fail to qualify as a party with standing to sue when the notes are

  lost, because they too fail to qualify to make proper affidavits of lost notes, or make other

  proper proof of the lost note's enforceability; and moreover, when pressed, these loan

  originators can't even show that they have any deed of trust rights because their interests

  in the notes have been previously assigned.

  10. Although the instant case is not a foreclosure action, many of the same problems
arise in it, as have occurred in judicial foreclosure cases of other jurisdictions, because Tennessee
law requires: (1) that original notes must be kept, (2) that original notes must returned to the
borrower upon payment in full, (3) that original notes must be produced when the lender or its
representative has demanded payment and the borrower requests to see proof of an original note's

existence, and (4) that a lender's representative show proof of authority to demand payment when the borrower requests the lender's representative to do so.

11.    Moreover, in the event a mortgage lender or its representative cannot prove that a California mortgage original note still exists, California law requires proof of certain things before a lost note will be deemed enforceable, just as the jurisdictions requiring judicial foreclosures do; and furthermore, California courts also require compliance with California laws of trusts, assignments, and agency as they pertain to real estate cases.

## CAUSES OF ACTION AND REQUESTS FOR RELIEF

12.    Regarding Plaintiff's mortgage note, Defendant OCWEN LOAN SERVICING

INC. , MERS   and EXECUTIVE TRUSTEE SERVICES, LLC. , as a legally authorized successor and /or assignee of the deed of trust and promissory note in the case at issue of fraudulent conveyance were required,

13.    Pursuant to CAL. COMM. CODE SEC.(s) 3301 (a); 3501a , b , to surrender said

note upon full payment of it, and OCWEN LOAN SERVICING INC. , MERS  and EXECUTIVE TRUSTEE SERVICES, LLC has wholly failed to do so; and since it has failed to do so, there is a presumption that the note is not enforceable, unless proven to be so by OCWEN LOAN SERVICING INC. , MERS  and EXECUTIVE TRUSTEE SERVICES, LLC, who has the burden to prove its enforceability.

14.    Given Defendant OCWEN LOAN SERVICING INC. , MERS    and EXECUTIVE

TRUSTEE SERVICES, LLC's admission by its agent that it cannot return Plaintiff'

her mortgagenote as required by CAL. COMM.CODE SEC.(s) 3301 (a); 3501a , b Plaintiff' either demand that OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC prove the her mortgagenote's enforceability, as is required by CAL. COMM.CODE SEC.(s) 3301 (a); 3501a , b for a lost or destroyed note, or return her mortgagenote payments.

15. The release that Defendant OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC gave Plaintiff for her mortgage, recites that Defendant OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC is the "legal owner and holder of the note described in and secured by said deed of trust," and Plaintiff demand that OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC prove that this statement was true when made, by first proving under CAL. COMM.CODE SEC.(s) 3301 (a); 3501a , b that OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC was entitled to enforce the note when the note went missing.

16. Should OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC meet its burden of proof by showing the mortgage note is enforceable under CAL. COMM.CODE SEC.(s) 3301 (a); 3501a , b when said note went missing, Plaintiff would show that OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC must also give Plaintiff adequate protection against any loss that might occur to her, by reason of a claim by another person, in accordance with CAL. COMM.CODE SEC.(s) 3301 (a); 3501a , b to prevent OCWEN

LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC from being required to refund Plaintiff' mortgage note payments.

17. However, should OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC be unable to meet its burden of proving it was entitled

to enforce the mortgage note when said note went missing, then Plaintiff would request that the court order the OCWEN LOAN SERVICING INC. , MERS and EXECUTIVE TRUSTEE SERVICES, LLC to make an accounting of all of Plaintiff' payments to OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC , and to enter a judgment that OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC return all monies to Plaintiff from the date the note was missing, or from the date of first payment, if the date the note went missing cannot be accurately ascertained.

18. Finally, with regard to this her mortgage note, Plaintiff request that after a determination of whether OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC was entitled to enforce said note when it went missing, the court enter an order that clears Plaintiff's title with respect to the Deed of Trust.

19. Regarding Plaintiff' mortgage note, Plaintiff would show that the mortgage note is also not presumed to be enforceable, **and that the Defendants have the minimum burden of proving its enforceability under CAL. COMM. CODE SEC.(s) 3301** (a); 3501a , b and **perhaps have the greater burden of proving its**

enforceability under CAL. COMM. CODE SEC.(s) 3301 (a); 3501a , b if the first mortgage note is also missing.

20. OCWEN LOAN SERVICING INC., MERS AND EXECUTIVE TRUSTEE SERVICES, LLC, through its house counsel, has admitted in writing that OCWEN LOAN SERVICING INC., MERS AND EXECUTIVE TRUSTEE SERVICES, LLC has sold Plaintiff' mortgage note, but claims it still possesses the note, and still claims it has the right to make demand for payment under said note as the servicer for the holder of the note.

21. Though Plaintiff have made repeated demands ( **SEE MARKED ATTACHED EXCERPTS OF RECORDS # 5-/ COMMUNICATIONS)** on OCWEN LOAN SERVICING INC. c/o, MERS AND EXECUTIVE TRUSTEE SERVICES, LLC to "exhibit" the first mortgage note, and to present Plaintiff's with reasonable evidence that OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC has the authority to make demands upon the Plaintiff if it does not own the mortgage note, both being required by CAL. COMM. CODE SEC.(s) 3301 (a); 3501a , b, OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC continually refuses to comply with both requirements of this statute.

22. Plaintiff would show that because OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC refuses to comply with CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b, Plaintiff are entitled to the relief provided to them pursuant to CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b. They therefore

request that this court enter an order determining that Plaintiff can refuse to make payment on the mortgage note without dishonor, until such time as OCWEN LOAN SERVICING INC., MERS AND EXECUTIVE TRUSTEE SERVICES, LLC exhibits the note as required by the statute and shows reasonable evidence it possesses the authority to make demand on the note owner's behalf.

23.    Moreover, should OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC be unable to exhibit the mortgage note as required by CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b, because the first mortgage note has been lost or destroyed, Plaintiff would again demand that before OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC be permitted to make further demand for payment upon the Plaintiff, that OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC first prove that the note is enforceable under CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b and give Plaintiff adequate protection under CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b before they are permitted to show authority to demand payment; and, Plaintiff' aver it is OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC 's burden to do so.

24.    Should OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC be unable to exhibit the first note but nevertheless be able to meet

its burden of proving the enforceability of the first mortgage note under CAL. COMM .CODE SEC.(s) 3301 (a); 3501a , b and should OCWEN LOAN SERVICING INC. ,

MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC  be able to meet its burden of

showing the authority to continue to demand payment of the Plaintiff, Plaintiff still request

the court to enter an order that Plaintiff be given adequate protection against any loss

Plaintiff might have by reason of a claim of another person in accordance with CAL.

COMM .CODE SEC.(s) 3301 (a); 3501a , b

     25.    Should OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE

TRUSTEE SERVICES, LLC  fail to produce the original first mortgage note for Plaintiff'

inspection, or should OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE

TRUSTEE SERVICES, LLC  fail to meet its burden of proving the enforceability of the

mortgage note, or should it fail to meet its burden of proving it has the authority to

demand payment of the Plaintiff on said note, or should it fail to give any adequate

protection the court requires, the Plaintiff request this court issue a cease and desist order

to OCWEN LOAN SERVICING INC. , MERS    AND EXECUTIVE TRUSTEE

SERVICES, LLC  from further demanding payment of Plaintiff on said note.

     26.    Additionally, should OCWEN LOAN SERVICING INC. , MERS   AND

EXECUTIVE TRUSTEE SERVICES, LLC   fail to meet its burden of proving the

enforceability

of the mortgage note, or should it fail to meet its burden of proving that it has the

authority to make demands for payment, then Plaintiff request the court order the

OCWEN LOAN SERVICING INC. , MERS    AND EXECUTIVE TRUSTEE

SERVICES, LLC  to make an

Accounting of all of Plaintiff' payments to OCWEN LOAN SERVICING INC. , MERS

AND EXECUTIVE TRUSTEE SERVICES, LLC on the first mortgage note and to enter

a judgment that OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE

TRUSTEE SERVICES, LLC return all monies to Plaintiff from the date the note went

missing, or from the date of first payment, if the date the note went missing cannot be

accurately ascertained, and/or from the date the note was sold if defendants do NOT

CEASE & DESIST.

    27.    Lastly, Plaintiff would show that there is no presumption of the validity or

enforceability of Plaintiff mortgage Deed of Trust and demand strict proof thereof by

Defendants who have the burden of proving its enforceability.

    28.    Plaintiff would show the Court that the interest OCWEN LOAN

SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC  had in

Plaintiff'

mortgage Deed of Trust as lender, was derived from its interest in Plaintiff  mortgage

note.

    29.    Plaintiff would show that when OCWEN LOAN SERVICING INC. ,

MERS  AND EXECUTIVE TRUSTEE SERVICES, LLC  sold Plaintiff' mortgage note

(as OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE

SERVICES, LLC 's house counsel has indicated it has done), OCWEN LOAN

SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC  lost all

interest it might have had as lender in Plaintiff' Deed of Trust. Moreover, since OCWEN

LOAN SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC

did not assign its interest as lender in the Deed of Trust at the time it sold the note,

Plaintiff would show that it cannot do so now, since it no longer has any interest as lender

to assign.

30.     Moreover, Plaintiff would also show that MERS, "as nominee for OCWEN
LOAN SERVICING INC. , MERS  AND EXECUTIVE TRUSTEE SERVICES, LLC as
lender" in the Plaintiff' first mortgage Deed of Trust, only had the rights of an agent
whose principal was OCWEN LOAN SERVICING INC. , MERS  AND EXECUTIVE
TRUSTEE SERVICES, LLC. The rights to act as nominee are the rights of an agent.
Plaintiff would show that MERS' rights to act as an agent of OCWEN LOAN
SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC were
solely derived from the rights of OCWEN LOAN SERVICING INC. , MERS   AND
EXECUTIVE TRUSTEE SERVICES, LLC who was its principal. Since OCWEN LOAN
SERVICING INC. , MERS  AND EXECUTIVE TRUSTEE SERVICES, LLC  no longer
has any rights as a principal, because its rights of those as a lender were lost (if OCWEN
LOAN SERVICING INC. , MERS  AND EXECUTIVE TRUSTEE SERVICES, LLC 's
house counsel's representations that the note has been transferred are correct), MERS has
no rights as nomine.

31.     Plaintiff would show that since neither OCWEN LOAN SERVICING
INC., MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC nor MERS have rights
of                                                                                                            a
lender and there has been no assignment of these rights, any rights given by Plaintiff to
the lender in their first mortgage Deed of Trust no longer exist.

32.     Moreover, Plaintiff would also show that the Deed of Trust in *Southwest
Homes,*
*supra,* has language identical to the Plaintiff' first mortgage Deed of Trust stating that
MERS is the beneficiary. However, just like in *Southwest Homes,* MERS cannot be a

beneficiary of Plaintiff' mortgage Deed of Trust despite the language, because MERS has never had any rights to Plaintiff mortgage note payments.

33.   Plaintiff would also show that OCWEN LOAN SERVICING INC. , MERS AND EXECUTIVE TRUSTEE SERVICES, LLC was not named as beneficiary in Plaintiff' mortgage Deed of Trust, so since neither MERS nor OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC is a beneficiary, there is no beneficiary of the trust.

34.   Plaintiff would therefore show that neither OCWEN LOAN SERVICING INC., MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC nor MERS has any interest

whatsoever in Plaintiff mortgage Deed of Trust, either as lenders or as beneficiaries; but regardless, Plaintiff aver that it is the Defendants who have the burden of proving they have any interest in any capacity in the first mortgage Deed of Trust.

35.   Plaintiff would further show that when OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC sold Plaintiff's mortgage note without an assignment of the Deed of Trust at the time of the note's sale, Plaintiff first mortgage note became an unsecured note.

36.   Plaintiff therefore pray for a judgment against MERS and OCWEN LOAN SERVICING INC. , MERS   AND EXECUTIVE TRUSTEE SERVICES, LLC   setting aside

the mortgage Deed of Trust and removing any cloud on Plaintiff property due to the first mortgage Deed of Trust.

37.

## IMMEDIATE RELIEF REQUESTED
## STAY OF FORECLOSURE AND PROCEEDINGS

TO: THE HONORABLE COURT UNITED STATES DISTRICT, CENTRAL DISCTRICT:

Plaintiff Marilyn Lawrence  (herein referred to as "Plaintiff) request this Court to order and issue  an immediate Stay of the Proceedings on the foreclosure proceedings on her home  currently set to be sold on February 14, 2012, and any future dates until the resolution of the in this matter.  Plaintiff also requests that all matters in the Superior Court, County of Los Angles, stays all court actions involving pending adjudication of her Verified Complaint against the following defendants' and or its associates , employees, and any servants et. al., working under the scope of authority for the defendants named herein this matter.

Plaintiff alleges:

### I

This Petition raises the issue as to whether a homeowner can bring an action for wrongful foreclosure based on violations of California Civil Code sections §2924, 2934a(d), 2936, 3304 and other pertinent issues.


Until recently the Plaintiff was unaware of the misrepresentation and errors that were made in the foreclosure process of her Property.  Recent discovery led Plaintiff to file a complaint as well as this Ex-parte Application for a TRO and a Preliminary Injunction with this Honorable Judicial Branch.


Plaintiff requests this Court to issue an immediate Stay of Foreclosure and Proceedings for the following reasons:

## THE FORECLOSURE MUST BE STAYED WHERE THERE IS A DISCREPANCY AND/OR DEFECT WITH THE RECORDING OF THE NOTICE OF DEFAULT AND SUBSTITUION OF TRUSTEE

Where there is a discrepancy and/or a defect with the recording of the Notice of Default that was filed and recorded in the County Recorder's Office or there are other irregularities with other recorded documents, the Court should enjoin the foreclosure until the issues can be resolved. See *Salot vs. Wershaw* (1958) 157 CA2d 352, 320, P2d 926; and *Rice vs. Union Trust Co.* (1920) 50 CA 643, 195 P 720. In this case, this Court should grant the Stay of Foreclosure until the discrepancy and/or defect and irregularities can be resolved.

## THE FORECLOSURE MUST BE STAYED WHEN THE TRUSTEE VIOLATED THE PROCEDURAL REQUIREMENTS OF THE CALIFORNIA CIVIL CODE

Pursuant to the California Civil Code, section 2924, if a trustee violates the procedural requirements, this Court should grant Stay of Foreclosure until the trustee corrects the error, or order that the trustee start the entire procedure from the beginning. See *Crummer vs. Whitehead* (1964) 230 CA2d 264, 40 CR 826; *Systems Inv. vs. Union Bank* (1971) 21 CA3d 137, 98 CR 735, and *Lockwood vs. Sheedy* (1958) 157 CA2d 741, 321 Ped 862. In this case, Defendant Quality Loan Service Corp. clearly violated the procedural requirements of CCP §2934a (d).

## THE FORECLOSURE MUST BE STAYED WHERE THERE IS A DISCREPANCY IN WHO THE ACTUAL BENEFICIARY OR NOTE HOLDER IS

Where there is a discrepancy in who the actual beneficiary and/or note holder is, this Court should grant the Stay of Foreclosure. JPMorgan , LaSalle Bank NA (herein referred to as LaSalle), and Mortgage Electronic Registration Systems (herein referred to

as MERS) lack sufficient evidence that they are the actual beneficiary or note holders. Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee. *Bear vs. Golden Plan of California, Inc.*, 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the note could be invalid as a fraudulent conveyance, Cal. Civ. Code §3440, or as unperfected, Cal. Com. Code §§9313-9314. See ROGER BERNHARDT, CALIFORNIA MORTGAGES AND DEEDS OF TRUSTS, AND FORECLOSURE LITIGATION §1.26 (4th ed. 2009). The note in this matter identified Homecomings, not the Defendants, and the note therefore cannot be transferred unless the note is endorsed. See Cal. Com. Code §§3109, 3201, 3203, 3204. There are no filed or recorded Assignment of Notes to establish that Homecomings endorsed, assigned, or sold the note to any other party.

## THE FORECLOSURE MUST BE STAYED WHERE
## THE LENDER LACKS STANDING

The Stay of Foreclosure should be granted on the issue of standing. Standing is a threshold. *Peace River Manasota Regional Water Supply Authority v. IMC Phosphates*, 18 So. 3d 1079 (Fla. 2nd DCA 2009); Hillsborough County v. Florida Restaurant Association, Inc., 603 So.2d 587 (Fla. 2nd DCA 1992; Miller v. Publicker Industries, Inc., 457 So.2d 1374 (Fla. 1984). It is necessary and proper for a Court to address the issue of standing. LaSalle and JPMorgan lack standing in this matter. JPMorgan seeks, in essence, to "enforce the Promissory Note and Deed of Trust . Thus, as JPMorgan itself acknowledges, to proceed in this action, it must demonstrate that it is the holder of not only the deed of trust but also the Promissory Note. If not, it has no injury in fact. See *In re Foreclosure Cases*, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007) (stating that, "[t]o show standing in a foreclosure action,…the plaintiff (in this case the defendant) must show that it is the holder of the note and the mortgage at the time the complaint was filed [and]…that the holder of the note and mortgage is harmed, usually by not having received payments on the note"). The servicing agent may have standing if acting as an agent for

the holder, assuming that the agent can show agency status and that the principle is the holder. See e.g., *In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal 2008) at 520.

## THE FORECLOSURE MUST BE STAYED WHEN THERE IS ONLY A TRANSFER OF AN INTEREST IN THE DEED OF TRUST

Transfer of an interest in the Deed of Trust alone is void. Defendant MERS acted only as a "nominee" for Homecomings under the Deed of Trust. Since no evidence has been offered that the promissory note has been transferred, MERS could only transfer what ever interest it had in the Deed of Trust. However, the promissory note and the Deed of Trust are inseparable. "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is nullity." *Carpenter vs. Longan*, 83 U.S. 271, 274 (1872); accord *Henly vs. Hotaling*, 41 Cal. 22, 28 (1871); Seidell vs. Tuxedo Land Co., 216 Cal. 165, 170 (1932); Cal. Civ. Code §2936. Therefore, if one party receives the note and another receives the Deed of Trust, the holder of the note prevails regardless of the order in which the interests were transferred. *Adler vs. Sargent*, 109 Cal. 42, 49-50 (1895). *Any attempt to transfer the beneficial interest of a trust deed without the ownership of the underlying note is void under California law*. The Stay of Foreclosure should be granted based on this fact.

## THE FORECLOSURE MUST BE STAYED WHEN THE PROMISSORY NOTE HAS BEEN SECURITIZED

Under U.S. laws, securitization is illegal primary because it's fraudulent and causes specific violations of RICO, usury, and antitrust laws. Securitization of many types of assets (loans, credit cards, auto receivables, intellectual property, etc.) has become more prevalent for financially stressed companies and companies with low or mid-tier credit ratings. What makes these securitizations illegal is how fraudulently they were conducted by foregoing proper assignments and transfers required by law to secure an interest in the

underlying real estate. The real party in interest in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the owner of the note. In securitization transactions, such as this, it is usually the trustee for the "certificate holders". When the actual holder of the note is unknown, **it is impossible – not difficult but impossible** – to plead a cause of action in federal court (unless the creditor/investor and/or in this case Defendants lies about the ownership of the note). Unless the name of the actual note holder can be stated, the very pleadings are defective. Stay of Foreclosure should be granted based on securitization.

## THE FORECLOSURE MUST BE STAYED WHERE THERE IS AN APPEARANCE OF FORGERY ON A RECORDED INSTRUMENT

Pursuant to California Penal Code 115(a), it is a felony to knowingly procure or offer any false or forged instrument to be filed, registered, or recorded under the State of California or the United States. If there was forgery, misrepresentation, or fraud, a foreclosure should be enjoined until the issues of forgery, fraud, and misrepresentation can be resolved by the court. See *Stockton vs. Newman* (1957) 148 CA2d 558, 307 P2d 56, and *Daniels vs. Williams* (1954) 125 CA2d 310, 270 P2d 556. In this case, the notice of stay should be granted because Respondents QLS, JPMorgan, and MERS appear to have presented forged documents to the County Recorder's Office of San Bernardino County, California for recording. Stay of Foreclosure should be granted based on these reasons.

## STAY OF PROCEEDINGS IS PROPER WHERE THE FORECLOSURE WILL CAUSE IRREPARABLE HARM TO PLAINTIFF'S UNIQUE PROPERTY

A single family residence is presumed unique and a foreclosure of that residence would case "irreparable harm" to the trustor, which is Plaintiff. As such, a Stay of Proceedings to enjoin the foreclosure until pending appeal is just and proper. See *United*

*Savings vs. Reeder* (1976) 57 CA3d 282, 129 CR 113 and *Wright vs. Rodgers* (1976) 57 CA3d 282, 243, P 866. In this case, Plaintiff's residence is a single family residence in which ~~they~~ resides ~~there~~ her two children. Therefore, the Plaintiff's Property must be presumed "unique" by this Court and the loss of her Property would cause "irreparable harm" to the Plaintiff (CC § 3387). As such the Stay of Foreclosure and Proceedings should be granted until the issues in this case can be resolved. Further, the stay should also be granted because Plaintiff has a good chance of prevailing in appeal; therefore the status quo should be maintained until resolution of the appeal.

## **CONCLUSION**

A Stay of Foreclosure and Proceedings is proper as irreparable harm to the liberty interest and the property rights of the Plaintiff are likely to occur if it is not granted. The Stay of Foreclosure and Proceedings pending appeal should be issued under CCP §2924, 2934a(d), 2936, 3440 and California Civil, Penal and Commercial codes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted,

Dated: February 09, 2012


Marilyn Lawrence
Plaintiff In Pro Per

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST,
## COSTS AND ATTORNEYS FEES

38.     Plaintiff request this Court enter judgment against Defendants for both pre-

Judgment and post-judgment interest at the maximum rate allowed by law on each and

every element of damages awarded.

39.     Plaintiff requests this Court find Defendants liable to pay all costs of Court

which Plaintiff incur or become obligated to pay as a result of the instigation, filing, and

prosecution of this lawsuit.

It was necessary for the Plaintiff, Marilyn Lawrence, to employ an attorney to

Represent her in this cause of action and she requests an award of attorneys' fees for

Representation of her interests.


## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff pray for the relief requested in

this complaint and pray for costs of court, pre-and post judgment interest as provided by law, and

reasonable attorney's fees:


Respectfully submitted,

MARILYN

LAWRENCE

By:
        Marilyn Lawrence
        Pro Se and
        On behalf for Plaintiff
Verified Complaint To Quiet Title   Page **36** of **40**

# VERIFICATION

I, Marilyn Lawrence verify that the foregoing Verified Complaint has been reviewed,; and that

the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Ontario, California on February 9th, 2012.

Marilyn Lawrence
Plaintiff In Pro Per

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been SERVICED UPON

THE DEFENDANTS on behalf of the Plaintiff Marilyn Lawrence, at 126 E. DE ANZA

CIR. Ontario, California 91761 on this February 9th,th day of   2012.

Marilyn Lawrence

# SEE     REQUEST FOR

# JUDICIAL NOTICE UNDER

# FEDERAL RULE 201

# EXCERPTS OF RECORD

# FILED CONCURRENTLY

# WITH THIS VERIFIED

# COMPLAINT

Business Search · Business Entities · Business Programs   2/8/12 6:15 /

*privacy* *All people Liberty Speak without discrimination*
*common good* *Conscience*

# California Secretary of State Debra Bowen

**Business Programs**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business
  Solicitations**

## Business Entity Detail

Data is updated weekly and is current as of Friday, February 03, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | QUICK LOAN FUNDING INC. |
| Entity Number: | C2377702 |
| Date Filed: | 02/14/2002 |
| Status: | SUSPENDED |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 535 ANTON BOULEVARD, SUITE 600 |
| Entity City, State, Zip: | COSTA MESA CA 92626-1947 |
| Agent for Service of Process: | ** RESIGNED ON 01/25/2008 |
| Agent Address: | * |
| Agent City, State, Zip: | * |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2012    California Secretary of State

# LIST OF PARTIES SERVICED

**Daniel Sadek d/b/a z**

**535 ANTON BLVD**
**Costa Mesa**
**California, 92626-1947**
**United States**

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS")

**1818 Library Street, Suite 300**

**Reston, VA 20190**

## OCWEN LOAN SERVICING, LLC

**1661 Worthington Road # 100**

**West Palm Beach, FL 33409-6488**

## EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC

**2255 North Ontario Street, Suite 400**

**Burbank, CA 91504-3120**

## LLEANNA PETERSON c/o EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC

**2255 North Ontario Street, Suite 400**

**Burbank, CA 91504-3120**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 1372 CAS (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

════════════════════════════════════════════

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Marilyn Lawrence

Pro Se for Plaintiff
5851 7TH, AVE
LOS ANGELES, CALIFORNIA
90043

(323) 933-1349
(323) 806-1482 Cell

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Marilyn Lawrence | **CASE NUMBER** |
|---|---|
| **PLAINTIFF(S)** | CV12-1372 |
| v. | |
| Daniel Sadek d/b/a QUICKLOAN FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS"); OCWEN LOAN SERVICING, LLC; EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC; LLEANNA PETERSON, DOES 1 Through 10, Inclusive **DEFENDANT(S).** | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Marilyn Lawrence__, whose address is __5851 7TH, AVE  LOS ANGELES, CALIFORNIA 90043__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: 2-16-12

Clerk, U.S. District Court

By: _____

CHRIS SAWYER
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

*Original*

**CIVIL COVER SHEET**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

---

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

MARILYN LAWRENCE

**DEFENDANTS**

Daniel Sadek d/b/a QUICKLOAN FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS"); OCWEN LOAN SERVICING, LLC; EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVI

LLEANNA PETERSON, *DOES, 1 Through 10, Inclusive*

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

5851 7TH, AVE
LOS ANGELES, CALIFORNIA
90043

*(323) 933-1349*
*(323) 806-1482 cell*

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 720,000

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1635, 12 C.F.R. § 226, 15 U.S.C. §§ 2601 AND 2614, 12 C.F.R. 3500

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☑ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

CV12-1372 - CAS (CWX)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| QUICKLOAN FUNDING INC; Orange County; EXECUTIVE TRUSTEE SERVICE, LLC d/b/a ETS SERVICE, LLC; Los Angeles County; LLEANNA PETERSON; Los Angeles County | MORTGAGE ELECTRONICREGISTRATION SYSTEMS INC. ("MERS"), District of Virginia; OCWEN LOAN SERVICING, LLC, District of Florida, DOES 1 Through 10, INclusive |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Marilyn Peterson*    Date February 9, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**<u>EXHIBIT 2</u>**

Docket #0336  Date Filed: 6/12/2012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
RESIDENTIAL CAPITAL, LLC, et al.,[1]    :    Case No. 12-12020 (MG)
                                        :
                                        :    (Jointly Administered)
                                        :
            Debtors.                    :
--------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Melissa Loomis, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Monthly Service List attached hereto as **Exhibit B**, via First Class Mail on the Creditor Matrix attached hereto as **Exhibit C**, and via First Class Mail on the General Servicing Customers, Subservicers, Customers in Bankruptcy, and Consumer Lending Customers (Due to the voluminous and confidential nature of these lists, the Exhibits are not attached hereto and are on file with KCC):

    1.  Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

B.  On or before May 24, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Home Equity Line of Credit Customers List (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

    1.  Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289).



1212020120612000000000054

2.   Important Information Regarding Home Equity Line of Credit (Exhibit 1 to Docket No. 143)

Dated:  June 8, 2012

_____ /s/ Melissa Loomis _____
Melissa Loomis

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 8th of June, 2012, by Melissa Loomis, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  __ /s/ Lydia Pastor Nino _____
My Commission Expires:  __ 11/18/2015 ____

12-12020-mg    Doc 336-5    Filed 06/12/12    Entered 06/12/12 22:19:41    Exhibit C
(Part 3)    Pg 450 of 1499
Creditor Matrix
Served via First Class Mail

| Creditor Name | Creditor Notice Name | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MARILYN DENISE MCGUIRE ATT AT LA | | PO BOX 841840 | | | HOUSTON | TX | 77284 | |
| MARILYN DUNNE | | 8042 HORNELL AVENUE S | | | COTTAGE GROVE | MN | 55016-3155 | |
| MARILYN E BIRO ATT AT LAW | | 14401 SE 55TH ST | | | BELLEVUE | WA | 98006 | |
| MARILYN E LEVIN | | 341 N FIELDSTONE CT | | | YAROLEY | PA | 19067 | |
| MARILYN ESPOSITO | | 25 LORO JEFFREY DRIVE | | | AMHERST | NH | 03031 | |
| MARILYN G MILLER ATT AT LAW | | PO BOX 917 | | | ORIPPING SPRINGS | TX | 78620 | |
| MARILYN GHEDINI | | 88 BENT TREE DRIVE | | | E LONGMEAOOW | MA | 01028 | |
| MARILYN GILBERT | | 247 AKIOHALA STREET | | | KAILUA | HI | 96734 | |
| MARILYN GRITTEN | | 586 MAIN ST APT 8 | | | LANOER | WY | 82520 | |
| MARILYN H MADDOX PC | | 6 56TH ST N | | | BIRMINGHAM | AL | 35212 | |
| MARILYN HAYWARD PROPERTIES | | 21 TOCOVI CT N | | | BROWNSBURG | IN | 46112 | |
| MARILYN HINKLE ANO KARL HINKLE | | 653 IRONWOOD DRIVE | | | CARMEL | IN | 46033 | |
| MARILYN HISCOCK | | 17372 91ST PL N | | | MAPLE GROVE | MN | 55311 | |
| MARILYN HOMSEY | | 4608 SHERMAN STREET NE | | | CEOAR RAPIOS | IA | 52402 | |
| MARILYN HURO | | 3586 N LOMITA STREET | | | KINGMAN | AZ | 86409 | |
| MARILYN J ALLEN ATT AT LAW | | PO BOX 1376 | | | ANACORTES | WA | 98221 | |
| MARILYN J HOLLADAY | | 48500 LACOTA CT | | | SHELBY TOWNSHIP | MI | 48315-4267 | |
| MARILYN J MILLER | DAVIO MILLER | PO BOX 147 | | | MANCELONA | MI | 49659-0147 | |
| MARILYN J NEUMANN ATT AT LAW | | 208 N CT ST | | | CAMPBELLSVILLE | KY | 42718 | |
| MARILYN KAROLCZAK | | 2190 GREENBRIAR RO | | | YORK | PA | 17404-9130 | |
| MARILYN KOELLING | | 805 JUHL AVE | | | WAVERLY | IA | 50677 | |
| Marilyn Lawrence | MARILYN LAWRENCE VS OANIEL SADEK OBA QUICK LOAN FUNDING INC MERS OCWEN LOAN SERVICING, LLC ETS LLEANNA PETERSON, OO ET AL | 5851 7th Avenue | | | Los Angeles | CA | 90043 | |
| Marilyn Lenth | | 202 Thelma Street | | | Hudson | IA | 50643 | |
| MARILYN M ZINIS ANO | | 2801 BERKSHIRE OR | EOWARD V ZINIS | | BISMARK | ND | 58503 | |
| MARILYN MARSHALLN TRUSTEE | | 224 S MICHIGAN AVE STE 800 | | | CHICAGO | IL | 60604 | |
| Marilyn Mocilnikar | | 586 Abbey Court | | | Blue Bell | PA | 19422 | |
| MARILYN MORA ATT AT LAW | | 289 S ROBERTSON BLVO 355 | | | BEVERLY HILLS | CA | 90211 | |
| MARILYN NEAL | | 636 ATTEROAG ROAO | | | SOLVANG | CA | 93463 | |
| MARILYN ORMORO | | 445 CAROLINA AVENUE | | | WATERLOO | IA | 50702 | |
| MARILYN PERKINS | | 3313 EMERALO LOT # 72 | | | CEOAR FALLS | IA | 50613 | |
| MARILYN POTTER LLOYD PENLEY | CHRIS CHLEBOR WICZ ATTORNEY AT LAW | PO BOX 297 | | | CASTLE HAYNE | NC | 28429-0297 | |
| MARILYN RAJCA | Re/Max Professionals of St. Joseph | 1119 North Woodbine Road | | | St. Joseph | MO | 64506 | |
| MARILYN RASMUSSEN | | 2508 UNION RO LOT 131 | | | CEDAR FALLS | IA | 50613-9278 | |
| MARILYN RATLIFF ATT AT LAW | | 123 NW 4TH ST STE 304 | | | EVANSVILLE | IN | 47708 | |
| MARILYN RUSSELL | | 1165 MILLERS CRT | | | HERBER CITY | UT | 84032 | |
| MARILYN S HERMAN ANO | | 4325 TYROL CREST | NEIL E KAY | | GOLOEN VALLEY | MN | 55416 | |
| MARILYN SCHONCITE | | 14050 MAGNOLIA BLVO | | | SHERMAN OAKS | CA | 91423-1253 | |
| MARILYN SCOTT | | 4860 FULTON RD | | | HERNANOO | MS | 38632-9573 | |
| MARILYN SEMIRAGLIO | | 1003 SAGEMORE DR | | | MARLTON | NJ | 08053 | |
| MARILYN SMITH ANO SERVPRO OF | S ELKHART COUNTY | 1335 RICE ST | | | ELKHART | IN | 46516-4514 | |
| MARILYN STOFFEL | | 5457 NOKOMIS AVE S | | | MINNEAPOLIS | MN | 55417 | |
| MARILYN TUCKER | | 9000 N ALLENTON AVE | | | KANSAS CITY | MO | 64154-1843 | |
| MARILYN VICINO | | 2451 PINEHURST CT | | | DISCOVERY BAY | CA | 94505 | |
| MARILYN W FORD ANO | | 1090 BLVO RO | KEFFER ANO OONNALO YOUNG PA | | SUMTER | SC | 29153 | |
| MARILYN WILLIAMS BRITT ESQ | | PO BOX 1346 | | | ORANGE | NJ | 07051 | |