UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re:  )  Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,  )  Chapter 11

Debtors.  )  Jointly Administered

------------------------------------------------------------

**ORDER GRANTING RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION
TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

Upon the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the Plan, seeking entry of an enforcing the release and injunctive provisions of the Plan and Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and the *Declaration of Kathy Priore in Support of the ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* annexed to the Motion as **Exhibit 2**; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as provided herein.

2. No later than fourteen days after entry of this Order, the Litigation Parties listed on **Annex A** shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3. If a Litigation Party fails to dismiss its monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4. Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5. The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Order Notice**") in each court before which a Litigation subject to this Order is pending, including a description of this Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

      6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      7.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

      8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

      9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:   February 11, 2016
           New York, New York

                                                      /s/Martin Glenn
                                                    MARTIN GLENN
                                    United States Bankruptcy Judge

# Annex A

## Litigation Parties

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Olatunji Alabi | Alabi v. Homecomings Financial Network, et al. | U.S. Court of Appeal-7th District | 12-1270 | Olatunji Alabi 2001 South Michigan Avenue Apt. 15-M Chicago, IL 60616 | Violations of the Illinois Consumer Fraud Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 2 | Leland Anthony Neyer and June E. Neyer | Neyer v. Homecomings Financial, LLC, et al. | U.S. Court of Appeal-9th Circuit | 11-15722 | Leland Anthony Neyer and June E. Neyer P.O. Box 970 Alturas, CA 96101 | Violations of RESPA, TILA, FCRA, FDCPA, Mail Fraud, Wire Fraud, HOEPA, Fair Credit Billing Act, FTCA | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket Nos. 6155 and 7096] | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 3 | Derrick D. Peterson | Peterson v. GMAC Mortgage LLC | U.S. Court of Appeal-1st Circuit | 11-2381 | Law Offices of Neil Kreuzer 268 Newbury Street 4th Floor Boston, MA 02116 | Common Law Fraud, Violation of Massachusetts General Law Chapter 93A | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 4 | Jeff and Adele Schneidereit | Schneidereit v. Trust of the Scott & Brian Inc., et al. | U.S. Court of Appeal-9th Circuit | 13-55395 | Mr. and Mrs. Adele Schneidereit 580 Dolliver Street Pismo Beach, CA 93449 | Negligence, Rehabilitation Act, Americans With Disability Act, Federal Fair Housing Act, Unruh Civil Rights Act, Elder Abuse and Dependent Adult Civil Protection Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | Despite an exchange of letters with the party, the Liquidating Trust has been unable to effectuate a consensual withdrawal of the monetary claims asserted against the Debtors. |
| 5 | Robert Sweeting | Sweeting v. GMAC Mortgage, LLC | California Court of Appeal-4th Appellate District-Division Three | G045198 | Robert Sweeting 7071 Warner Ave. Unit F81 Huntington Beach, CA 92647 | Defamation, Tortious Interference with Credit | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket No. 5873]. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 6 | Allan Christopher Diwa and Dena Cristomo Carino | Diwa, et al. v. Standard Pacific Corp., et al. | USDC-ED-California | 2:09−CV−02005−KJM−CKD | Law Offices of Marc T. Terbeek 2648 International Blvd. Suite 115 Oakland, CA 94601 | Negligence, Breach of Contract, Breach of Fiduciary Duty, Infliction of Emotional Distress, Fraud, Violation of State/Federal Lending Laws, Unfair Business Practices, Violation of Racketeer Influenced and Corrupt Organizations (RICO) Act | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 7 | Lolina Porter | Porter v. GMAC Homecomings Financial Network, et al. | USDC-WD-Tennessee | 2:10-cv-02858-SHM-dkv | Lolina Porter 832 Monterey Road Glendale, CA 91206 | Predatory Lending | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

## **Annex B**

**Enforcement Order Notice**

**[CAPTION]**

**NOTICE OF BANKRUPTCY COURT ORDER**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1. On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2. On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"). The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3. On [Date], the Bankruptcy Court entered the attached [*Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*] which (i) bars [Litigation Party] from continuing to prosecute monetary claims against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Litigation Party] continues in its refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this ____ day of _____, 2016.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap