```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9
10           Debtors.
11
12  - - - - - - - - - - - - - - - - - - - - -x
13
14           United States Bankruptcy Court
15           One Bowling Green
16           New York, New York
17
18           January 28, 2016
19           3:14 PM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

Telephone Conference on the Record, Regarding Discovery

Transcribed by: Penina Wolicki

eScribers, LLC

700 West 192nd Street, Suite #607

New York, NY 10040

(973)406-2250

operations@escribers.net

```
 1
 2   A P P E A R A N C E S :   (TELEPHONICALLY)
 3   MORRISON & FOERSTER LLP
 4        Attorneys for The ResCap Borrower Claims Trust
 5        250 West 55th Street
 6        New York, NY 10019
 7
 8   BY:   JESSICA J. ARETT, ESQ.
 9
10
11   SEVERSON & WERSON, P.C.
12        Attorneys for Ocwen Loan Servicing, LLC
13        One Embarcadero Center
14        Suite 2600
15        San Francisco, CA 94111
16
17   BY:   BERNARD J. KORNBERG, ESQ.
18
19
20   ERLINDA ABIBAS ANIEL
21        PRO SE
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2            THE COURT:  And is someone on from Morrison &
 3   Foerster, as well, for the Trust?
 4            MS. ARETT:  Yes, Your Honor.  Jessica Arett from
 5   Morrison & Foerster on behalf of the ResCap Borrower Claims
 6   Trust.
 7            THE COURT:  Okay.  Mr. Kornberg, go ahead.
 8            MR. KORNBERG:  Your Honor --
 9            THE COURT:  Wait, before you go on.
10            MR. KORNBERG:  Oh, sorry, Bernard Kornberg.  Your
11   Honor, the reason we filed this motion to quash is, I mean,
12   there's several grounds.  One, is it's -- the subpoena is
13   defective.  It wasn't properly served on Ms. Smoot; it was just
14   served on Ocwen; and on top of which, no witness fees were
15   provided.
16            But even if it had properly been served, it's just
17   unnecessary.  First, it requires Ms. Smoot to appear eight days
18   after a subpoena was purportedly served, which is just not
19   enough time for her to prepare.  And second, it's unclear what
20   that is relevant to this litigation Ms. Smoot could even
21   possibly testify as to.
22            As I understand it from reading the pleadings and
23   other papers in the objection to claim, there's a very limited
24   issue before the Court, whether or not a power of attorney was
25   executed authorizing GMAC to act on behalf of the investor of
```

1  the loan trust, which was HSBC. Ms. Smoot isn't a party to
2  that. She never worked for HSBC. She was formerly an employee
3  of GMAC. Now she's employed by Ocwen.
4      And she just -- she couldn't testify as to any issues
5  regarding the drafting of an execution of the power of
6  attorney. So she put in a declaration stating that fact that
7  she has no absolutely no testimony on this. So it's unclear
8  why Ms. Aniel would go forward with this.
9      And also, finally, Ms. Aniel is a vexatious litigant.
10  She has filed, and her siblings or children have filed,
11  multiple lawsuits in California. She's lost every single one
12  of them. And we don't believe it's appropriate for her to
13  depose one of Ocwen's employees. And she doesn't want to be
14  deposed by a harassing pro per litigant.
15      THE COURT: Well, Mr. Kornberg --
16      MR. KORNBERG: I hate to put it that way, but that's
17  kind of the way we categorize it.
18      THE COURT: Mr. Kornberg, at least a part of Ms.
19  Aniel's claim has survived here. That's why we're having an
20  evidentiary hearing coming up. But --
21      MR. KORNBERG: And I understand, Your Honor. But
22  that's why we've also addressed the merits of it, that she has
23  no testimony she could provide.
24      THE COURT: Let me see if we can deal with that.
25      Before we go on, I also want to note that Ms. Aniel

1    filed a motion to expunge to strike what she describes as

2    Ocwen's motion to quash the subpoena, and she also -- I

3    received a little while ago -- she, I believe, sent to chambers

4    a copy of the sheriff's return from the purported service of

5    the subpoena for a deposition on Mira Smoot. What the return

6    of service -- what the sheriff's return shows is the individual

7    served was Kristine Lofrese, L-O-F-R-E-S-E, not Mira Smoot.

8    And Ms. Smoot's declaration indicates she wasn't in the office

9    that day.

10            In any event, I have the two motions pending before

11   me. Ms. Aniel, let me hear from you.

12            MS. ANIEL: First of all, Your Honor, the

13   characterization of the counsel about me being a vexatious

14   litigant is too personal. I thought because I own like seven

15   houses, when I filed my bankruptcy, and the judgment we got at

16   home here allowed me to file it outside the bankruptcy court.

17   That's what I did.

18            And also --

19            THE COURT: Ms. Aniel -- Ms. Aniel. Let me stop you.

20   Because I'm not deciding this on the basis of an allegation

21   that you're a vexatious litigator.

22            MS. ANIEL: Okay. Just --

23            THE COURT: So that's not going to be the -- that's

24   not going to be the basis for any ruling by the Court. You

25   have a claim that survived the Trust's objection. It's

1  scheduled for hearing.  The issues that concern me is you

2  attempted to notice this deposition shortly before -- and I

3  think too shortly before the close of fact discovery under the

4  case management order that's in here.  And what the Smoot

5  declaration and what the sheriff's return shows is Ms. Smoot

6  wasn't served with a subpoena nor was she given a witness fee.

7  That's not a technical defect.  That's a defect.  It's not an

8  effective subpoena without that.

9           MS. ANIEL:  Your Honor, this is the second time the

10 Sheriff of Montgomery County served a subpoena to Mira Smoot.

11 The first time they made a mistake and served it on her

12 residence.  And the person that was talked to by the deputy

13 said that she already moved out two months ago.  And then I

14 talked to the sheriff and said that he should follow -- this

15 was before December 25 -- I told her you have to follow my

16 instruction that she should be served on her employment.  And

17 that's why they told me to have it -- have another subpoena to

18 be sent to them so that they could serve it on her employment

19 location.

20          And the sheriff also confirmed last Thursday that the

21 deputy sheriff, he went to 1100 Virginia Drive, and it was

22 Kristine Lofrese who is -- who received that -- that document

23 that's saying that she's going to give it to Mira Smoot,

24 because she has to -- she has to do it proper channels, because

25 she's an employee of Ocwen, but there's a proper channel to

1  serve any subpoena. So it was Kristine Lofrese that accepted
2  that.
3          So that's the only way that the sheriff could serve it
4  through a proper channel. And --
5          THE COURT: No, it's not. No. Ms. -- I'm sorry, Ms.
6  Aniel, the sheriff had to serve Ms. Smoot. You weren't
7  serving -- and you make this clear in your papers, that you
8  weren't seeking to depose her in connection with her employment
9  with Ocwen, you're seeking to depose her in connection with her
10 former employment with GMAC.
11         Okay. The Court has considered both motions. It's
12 clear from the record, both the declaration of Ms. Smoot in
13 support of quashing the subpoena, the document which Ms. Aniel
14 recently sent to chambers an hour ago, the sheriff's return
15 that shows the subpoena was not served on Mira Smoot, it was
16 served on Kristine Lofrese. So on two grounds, the Court is
17 quashing the subpoena.
18         First, the subpoena wasn't properly served and no
19 witness fee was tendered or paid. Second, the amount of time
20 that was provided for notice is not -- is inadequate. The
21 subpoena was attempted to be served by the sheriff on January
22 21, 2016, for a deposition on January 29th. That's just not
23 sufficient notice in any event. But since the subpoena was not
24 served, the real issue here is, there has not been effective
25 service of the subpoena.

1    So the motion to quash the subpoena is granted.
2 Tomorrow is the close of fact discovery.  No extension of fact
3 discovery will be given.  We're going to proceed to trial.
4    The court is adjourned.  Thank you very much,
5 everybody.
6    MR. KORNBERG:  Thank you, Your Honor.
7    MS. ARETT:  Thank you, Your Honor.
8    (Whereupon these proceedings were concluded at 3:22 PM)

**I N D E X**

**RULINGS**

|   | PAGE | LINE |
|---|---|---|
| Motion to quash subpoena, granted. | 9 | 1 |

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

1

2                       C E R T I F I C A T I O N

3

4   I, Penina Wolicki, certify that the foregoing transcript is a

5   true and accurate record of the proceedings.

6

7

8

9   *[signature: Penina Wolicki]*

10

11  _____

    PENINA WOLICKI
12
    AAERT Certified Electronic Transcriber CET**D-569
13

14
    eScribers
15
    700 West 192nd Street, Suite #607
16
    New York, NY 10040
17

18
    Date:   January 29, 2016
19

20

21

22

23

24

25