MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Borrower
Claims Trust and the ResCap
Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING RESCAP BORROWER
CLAIMS TRUST AND RESCAP LIQUIDATING TRUST'S JOINT
OBJECTION TO CLAIM NOS. 2535 AND 3577 FILED
BY HAYOMYOM LLC AND SYGMUND
<u>ZYGELMAN, RESPECTIVELY</u>**

1.  The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following claim objection, filed by the ResCap Borrower Claims Trust and the ResCap Liquidating Trust on January 11, 2016 (the "<u>Objection</u>"):

    *ResCap Borrower Claims Trust and ResCap Liquidating
    Trust's Joint Objection to Claim Nos. 2535 and 3577 Filed
    by Hayomyom LLC and Sygmund Zygelman, Respectively*
    [Docket No. 9490].

2.  The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or

ny-1222779

other responsive pleading to the Objection appears thereon.  The deadline for filing responses to the Objection, February 1, 2016, has passed.

3. In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 141] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4. Accordingly, for the reasons set forth in the Objection, the ResCap Borrower Claims Trust and ResCap Liquidating Trust respectfully request that the proposed order granting the Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

ny-1222779

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2016
New York, New York

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust and the ResCap Liquidating Trust*

# **EXHIBIT 1**

ny-1222779

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST AND**
**RESCAP LIQUIDATING TRUST'S JOINT OBJECTION TO CLAIM**
**NOS. 2535 AND 3577 FILED BY HAYOMYOM LLC AND**
**<u>SYGMUND ZYGELMAN, RESPECTIVELY</u>**

Upon the objection [Docket No. 9490] (the "<u>Objection</u>")[1] of the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the chapter 11 plan (the "<u>Plan</u>") confirmed in the above-captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") and the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), established pursuant to the terms of the Plan, as successor in interest to the Debtors with respect to Borrower Claims, to (i) Proof of Claim No. 2535 filed by Hayomyom LLC (the "<u>Hayomyom Claim</u>") against Debtor GMAC Mortgage, LLC ("<u>GMAC Mortgage</u>") in the amount of $537,500 and (ii) Proof of Claim No. 3577 filed by Sygmund Zygelman (the "<u>Zygelman Claim</u>" and, together with the Hayomyom Claim, the "<u>Claims</u>") against GMAC Mortgage, seeking entry of an order pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007(a), disallowing and expunging the Claims, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1222779

consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, the *Declaration of Sara Lathrop in Support of ResCap Borrower Claims Trust and ResCap Liquidating Trust's Joint Objection to Claim Nos. 2535 and 3577 Filed by Hayomyom LLC and Sygmund Zygelman, Respectively* [Docket No. 9490-3] and the *Declaration of Yaron Shaham in Support of ResCap Borrower Claims Trust and ResCap Liquidating Trust's Joint Objection to Claim Nos. 2535 and 3577 Filed by Hayomyom LLC and Sygmund Zygelman, Respectively* [Docket No. 9490-4]; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Borrower Trust, the Liquidating Trust, their respective beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Objection is sustained to the extent provided herein.

2. Pursuant to Bankruptcy Code section 502(b), the Zygelman Claim and the Hayomyom Claim are hereby disallowed and expunged in their entirety with prejudice.

3. Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to reflect the disallowance of and expunge the Claims from the Debtors' Claims Register.

4. The Borrower Trust and Liquidating Trust are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Procedures Order [Docket No. 3294], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6. This Order shall be a final order with respect to the Claims.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: February __, 2016
       New York, New York

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE