MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— )
                                                         )
In re:                                                )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,    )    Chapter 11
                                                         )
                              Debtors.        )    Jointly Administered
----------------------------------------------------------------- )

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP BORROWER
CLAIMS TRUST'S NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS ((A) NO
LIABILITY BORROWER CLAIMS AND (B) ALLOWED IN FULL BORROWER
CLAIM)**

1.     The undersigned hereby certifies that, as of the date hereof, other than a request

from claimant Diem T. Nguyen,[1] he is not aware of any answer, objection or other responsive

pleading to the relief sought in the following claims objection, filed by the ResCap Borrower

Claims Trust (the "Borrower Trust") on January 7, 2016 (the "Claims Objection"):

> *The ResCap Borrower Claims Trust's Ninety-Second Omnibus
> Objection to Claims ((A) No Liability Borrower Claims and (B)
> Allowed in Full Borrower Claim)* [Docket No. 9486].

---

[1] The Borrower Trust received a request from Ms. Nguyen, holder of claim number 3725, to adjourn her
deadline to respond to the Claims Objection to a date to be determined.  The Borrower Trust is not seeking any
ruling from the Court on Ms. Nguyen's claim through this certification.

2.      The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or other responsive pleading to the Claims Objection appears thereon. The deadline for filing responses to the Claims Objection, February 8, 2016, has passed.

3.      In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 141] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.      Accordingly, for the reasons set forth in the Claims Objection, the ResCap Borrower Claims Trust respectfully requests that the proposed order granting the Claims Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2016                    Respectfully submitted,
       New York, New York


                                            /s/ Jordan A. Wishnew
                                            Norman S. Rosenbaum
                                            Jordan A. Wishnew
                                            Jessica J. Arett
                                            MORRISON & FOERSTER LLP
                                            250 West 55th Street
                                            New York, New York 10019
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel for the ResCap Borrower Claims Trust*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                             Debtors.                        )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S NINETY-
SECOND OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY BORROWER
CLAIMS AND (B) ALLOWED IN FULL BORROWER CLAIM)**

Upon *The ResCap Borrower Claims Trust's Ninety-Second Omnibus Objection to
Claims ((A) No Liability Borrower Claims and (B) Allowed in Full Borrower Claim* (the
"Objection")[2] of The ResCap Borrower Claims Trust (the "Borrower Trust") established
pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as
successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to
Borrower Claims, seeking entry of an order, pursuant to section 502(b) of title 11 of the United
States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy
Procedure, and this Court's order approving procedures for the filing of omnibus objections to
proofs of claim [Docket No. 3294] (the "Procedures Order"), (i) disallowing and expunging the
No Liability Borrower Claims on the basis that the Debtors' books and records reflect no liability
for amounts owed for such Claims against the Debtors' estates and (ii) allowing the Allowed in
Full Borrower Claim in the amount of $22,600.00, all as more fully described in the Objection;
and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C.
§§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core

---

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Objection.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection, the *Declaration of Sara Lathrop in Support of The ResCap Borrower Claims Trust's Ninety-Second Omnibus Objection to Claims ((A) No Liability Borrower Claims and (B) Allowed in Full Borrower Claim)*, annexed to the Objection as <u>Exhibit 2</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Borrower Trust, its constituents, the Debtors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent ("<u>KCC</u>"), is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, claim number 5523 filed by Sonia Visajel aka Sonia Medina (the "<u>Allowed in Full Borrower Claim</u>") is hereby allowed as a general unsecured claim against Debtor GMAC Mortgage, LLC in the filed amount of $22,600.00 and shall receive the treatment provided for Allowed Borrower

Claims against the GMACM Debtors provided for in Article III.D.2(f) of the Plan; and it is further

ORDERED that KCC is directed to reflect on the Claims Register that the Allowed in Full Borrower Claim is allowed as a general unsecured claim against GMAC Mortgage, LLC in the amount of $22,600.00; and it is further

ORDERED that the Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim that is not identified in this Order or listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim that is not identified in this Order or listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A annexed hereto, as well as the Allowed in Full Borrower Claim, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2016
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4