```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 12-12020-mg
 5   - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12   - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              February 1, 2016
19              9:01 AM
20
21   B E F O R E:
22   HON. MARTIN GLENN
23   U.S. BANKRUPTCY JUDGE
24
25
```

1
2  **Pre-Trial Conference Regarding UCL Claim (Tia Smith)**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20  Transcribed by:   Sharona Shapiro
21  eScribers, LLC
22  700 West 192nd Street, Suite #607
23  New York, NY 10040
24  (973)406-2250
25  operations@escribers.net

```
 1
 2  A P P E A R A N C E S :
 3  MORRISON & FOERSTER LLP
 4       Attorneys for ResCap Borrower Claims Trust
 5       250 West 55th Street
 6       New York, NY 10019
 7
 8  BY:  JORDAN A. WISHNEW, ESQ.
 9
10
11  ACCESS LEGAL SERVICES
12       Attorneys for Tina Danielle Smith
13       310 Fourth Avenue South
14       Suite 5010
15       Minneapolis, MN 55415
16
17  BY:  WENDY ALISON NORA, ESQ.
18
19
20
21
22
23
24
25
```

                P R O C E E D I N G S

1     THE COURT:  All right.  Please be seated.  We're here in Residential Capital, 12-12020.  We're here in connection with the final pre-trial conference for the contested matter concerning the claim of Tia Smith.

      May I have the appearances, please?

      MR. WISHNEW:  Good morning, Your Honor.  Jordan Wishnew, Morrison & Foerster, for the ResCap Borrower Claims Trust.

      MS. NORA:  Wendy Alison Nora for Tina Danielle Smith.  Ms. Smith is on the telephone, Your Honor.

      THE COURT:  All right.  Good morning, Ms. Smith.

      MS. SMITH:  Good morning, Your Honor.

      THE COURT:  Okay.  Let me get right to it.  The parties submitted a proposed pre-trial order.  It was filed on ECF on January 21, 2016.  The form of the pre-trial order is unacceptable to the Court, and I'll explain why.

      On page 2, 3, 4, 5, 6, and part of 7, Ms. Nora has described the claimant's description of the nature of the case in a manner that's completely unacceptable to the Court.

      Ms. Nora, I made clear to you, in the last telephone hearing concerning discovery, that the issues remaining for trial on this matter are quite limited, as set forth in the memorandum opinion and order, sustaining in part and overruling in part, objection to claims 3889, 4129, 4134, and 4139, filed

1  by Tia Smith.  The opinion is reported at 518 B.R. 720 (Bankr.
2  S.D.N.Y. 2014).
3          The only issue for trial is described at various
4  places in the opinion, but certainly at page 740, the last page
5  of the opinion.  "The Unfair Competition Law claim under
6  California law relates solely to alleged representations to Ms.
7  Smith in November 2007".  And I won't recite them again;
8  they're set forth in the opinion.
9          What the Court intends to do -- Mr. Wishnew, do you
10 have a Word version of this pre-trial order?  Did you submit
11 it?
12         MR. WISHNEW:  We do, Your Honor.
13         THE COURT:  Okay.  You'll e-mail it to chambers --
14         MR. WISHNEW:  Okay.
15         THE COURT:  -- promptly after the hearings today.
16         And the Court intends to use strike-throughs for the
17 text that Ms. Nora added that's clearly improper.  If she
18 wishes, at some future point, if this matter's properly before
19 an appellate court, she can make whatever arguments she wishes
20 about it.  But the Court's ruling in the opinion in October
21 2014 was quite clear.  Ms. Nora wasn't counsel in the case at
22 that time.  She is now.  But what surprised me was that she
23 inserted all of this in the proposed pre-trial order after the
24 last telephone hearing when the Court made clear what is and is
25 not in the case.

1          Similarly, on page 10 of the proposed pre-trial order,
2  paragraphs 29, 30, and 32 will be stricken, since again, they
3  have no bearing on the issues that remain in the case.
4          Then with respect to the claimant's exhibits,
5  beginning on page 12 and continuing to page 15, Ms. Nora has
6  failed to identify, specifically, exhibits.  So for example, in
7  what she lists as number 1, "All documents from the SEC-Edgar
8  Web site pertaining to the RALI 2007", et cetera, is not a
9  proper identification of exhibits.
10         Number 2, "All written discovery responses" is an
11 unacceptable description of exhibits.
12         Every exhibit needs to be numbered.
13         Number 6, "All written discovery responses", again,
14 same thing.
15         Exhibit -- what's listed as 13, "All documents
16 submitted as claimant's response to the request for production
17 of documents" is unacceptable.
18         Number 17, "All responses to requests for admissions",
19 unacceptable.
20         Number 18, "All responses to interrogatories",
21 unacceptable.
22         With respect to number 43, on page 15, it has
23 subsections (a) through (i).  I don't know whether those refer
24 to specific documents or not.
25         Can you tell me, Mr. Wishnew, that you've been

1  provided with Ms. Nora's exhibits?

2          MR. WISHNEW: To date, I don't believe we have. I
3  think today or tomorrow is the date to produce it to us, Your
4  Honor.

5          THE COURT: Well, I'm reserving, with respect to 43,
6  because I can't tell what's included there.

7          MS. NORA: Your Honor, the evidence binders were
8  shipped from my document producing company in Madison,
9  Wisconsin, by overnight air. They will be at chambers today
10 and also at Mr. Wishnew's office.

11         THE COURT: Okay. With respect to those paragraphs
12 that I specifically identified of your claimant's exhibits, I'm
13 giving you until Wednesday at noon to correct the designation
14 of claimant's exhibits so that each document bears a separate
15 exhibit number.

16         MS. NORA: Thank you, Your Honor.

17         THE COURT: Let me also -- I want to make clear that
18 I'm not ruling, at this stage, on the admissibility of
19 exhibits. And I know that the Trust has a lengthy list of
20 objections on relevance. I'm not ruling on that now.

21         I must say that, in light of what I'm making clear
22 about what are the issues for trial in this case, many of the
23 exhibits do not appear to be relevant. But I'm reserving -- I
24 will rule on exhibits at trial. So by my silence as to whether
25 they are or are not admissible, it's not intended in any way to

1  indicate what is and what is not admissible.
2          But if you persist in offering exhibits, Ms. Nora, on
3  theories or claims that are not part of this case, you risk the
4  Court imposing sanctions on you.  What's in this trial is very
5  clear.  You persist in your effort to try and add claims that
6  are not part of this case.  You never sought to amend the
7  claim.  And at this late stage, it's doubtful whether such
8  leave would be granted.  But that's of no moment at this stage
9  because you've not done so.  And what's at issue I think is
10 quite clear.
11         Additionally, the trial is currently scheduled for
12 February 9 -- that's a Tuesday -- at 9 a.m.  I'm moving the
13 date back by one day; it's going to be on Monday, February 8th,
14 beginning at 9 a.m.
15         It is a timed trial, with three hours for each side.
16 My clerks keep track of the time.  Given the one narrow issue,
17 important issue, very important issue for trial, the Court
18 believes that three hours is sufficient.  Ms. Nora has listed
19 two witnesses:  Tia Smith and Nawaz Raja.  And the Trust has
20 listed one witness.
21         I haven't gone through everything you've submitted at
22 this point.  I think you submitted Ms. Nora's (sic) direct in a
23 declaration, am I correct on that?
24         MS. NORA:  Ms. Smith's direct testimony --
25         THE COURT:  Yes.

1    MS. NORA:  -- yes, Your Honor.
2    THE COURT:  Okay.  And what about the Raja testimony?
3    MS. NORA:  Yes, direct testimony from Mr. Raja.
4    THE COURT:  So obviously I don't know who Mr. Raja is,
5    but he needs to be here --
6    MS. NORA:  Yes.
7    THE COURT:  -- and available for cross-examination.
8    MS. NORA:  But Your Honor, I must beg you to not move
9    the date back one day because --
10   THE COURT:  I have to.
11   MS. NORA:  -- Ms. Smith has tickets from Los Angeles
12   which are quite expensive to change, and she would be arriving
13   on the 8th.  And Mr. Raja is coming from Virginia, and we have
14   train tickets for him.  And my air fare is set from Minneapolis
15   on the 8th, and it just becomes so expensive to change these
16   tickets, probably not the train, which is Amtrak from
17   Washington, D.C., but it also means changing Mr. Raja's
18   schedule.  But for Ms. Smith coming from Los Angeles, those
19   were specially arranged low-cost tickets.  And for myself, I
20   just had to reorder because a judge in Milwaukee is going to
21   the Super Bowl; I was supposed to argue before him on the 8th,
22   but he wasn't going to be back yet.  So I just reordered my
23   tickets, at some considerable expense, from Minneapolis rather
24   than Milwaukee.  So it just -- if it's possible, Your Honor.
25   THE COURT:  All right.  Then I'm going to keep it -- I

1  have constraints on the 9th; otherwise I wouldn't be moving it.
2  I'm mindful that your client is coming from California; you're
3  coming from Wisconsin. I'll keep it on the 9th. We'll start
4  at 8:30 a.m. instead of 9 a.m. We will break for lunch at
5  12:30. I have a hearing at 12:30. It may have to --
6          MS. NORA: Oh.
7          THE COURT: -- go forward during the lunch recess. I
8  expect we'll resume at 1:30.
9          MS. NORA: Your Honor, may I just --
10         THE COURT: Just a second.
11         MS. NORA: Thank you.
12         THE COURT: And we will finish no later than 3:30
13 because of another commitment I have. So we'll start at 8:30,
14 we'll break for lunch at 12:30, resume at 1:30, and finish at
15 3:30. You'll get your six hours.
16         Go ahead, Ms. Nora.
17         MS. NORA: Thank you, Your Honor. I just want to
18 reassure the Court that no disrespect is intended by stating
19 what Ms. Smith's issues are. It's my understanding that the
20 order that the Court entered in October of 2014 has been up on
21 appeal already and has been determined to be interlocutory.
22         THE COURT: Of course it's interlocutory.
23         MS. NORA: But my language in what I was proposing for
24 the pre-trial conference final proposed order was that these
25 statements are being made simply to preserve issues for appeal.

1     THE COURT:  Well, I told you -- well, if and when a
2  proper appeal is taken, I think they'd be preserved anyway.
3  What I'm proposing to do, Ms. Nora, is I'll leave your
4  language; I'm just going to strike through it to make clear
5  that -- so somebody can read your text with a strike-through.
6  They'll know exactly what I've done.
7     MS. NORA:  And Ms. Smith also did seek leave to amend,
8  Your Honor, and was denied.  Again, only to emphasize no
9  disrespect intended.
10    THE COURT:  Let me -- Mr. Wishnew, with respect to the
11 claimant's contentions on page 8, paragraphs 9, 10, and 11, I'm
12 leaving them, although it's unclear to me whether it has any
13 relevance to the remaining claims.  So the fact that it isn't
14 going to appear as a strike-through on the order doesn't mean
15 that the contention is relevant to the issues to be tried.
16    MR. WISHNEW:  Understood, Your Honor.
17    THE COURT:  I was just uncertain about it, and
18 therefore concluded that I would leave it.  But I want to make
19 clear that that doesn't indicate that I believe those
20 contentions are relevant to the issues in dispute.
21    MR. WISHNEW:  Thank you for that clarification, Your
22 Honor.
23    THE COURT:  Ms. Nora, let me ask you about the
24 exhibits.  If you look at page 12 on claimant's exhibits, so
25 number 1 is the SEC-Edgar site.  Does that have

1  any bear -- without seeing the documents, I'm not ruling on
2  relevance, but it seems to me highly unlikely that it's going
3  to be relevant to the issues that are going to be tried.
4  This --
5              MS. NORA:  Yes, Your Honor.
6              THE COURT:  Go ahead.
7              MS. NORA:  The exhibits that were selected from the
8  SEC Web site which have been presented now in hard copy -- they
9  are on route with a very specific index -- all relate to
10 whether or not the Trust was actually the lender and whether or
11 not the Homecomings servicing contract was in effect, at the
12 time that the representation was made, leading to the confusion
13 of Ms. Smith as to whom her loan modification request should be
14 directed.
15             THE COURT:  Well, we'll see when we get to -- as I
16 say, I won't -- I don't permit somebody to just dump in all
17 documents from some source without indicating what -- without
18 specifically identifying each and every exhibit.  So you have
19 until noon on Wednesday to submit a revised exhibit list.  If
20 you've already numbered your exhibits in accordance with the
21 numbering sequence you have in the joint pre-trial order, don't
22 renumber everything.  Label them as Exhibit 1 dash -- you know,
23 with subparts.  But every exhibit has to be specifically
24 identified.  I need to have an exhibit list that shows every
25 single exhibit.

1     MS. NORA: Yes, Your Honor, and that has been done.
2 There are exhibits 1(a) through, I believe, 1(h), in Exhibit
3 1 --
4     THE COURT: Okay.
5     MS. NORA: -- that is tabbed with subdivisions, on its
6 way to the Court.
7     THE COURT: And that goes for each of the others that
8 are identified, where you had "all documents" or whatever.
9     MS. NORA: Yes, Your Honor.
10    THE COURT: But I want to see it -- we'll get the
11 exhibits, but there has to be an updated exhibit list --
12    MS. NORA: Sure.
13    THE COURT: -- that identifies them so that the Court
14 can go ahead when they are offered.
15    MS. NORA: Thank you, Your Honor.
16    THE COURT: Mr. Wishnew, is there anything you want to
17 raise at this point?
18    MR. WISHNEW: One question, Your Honor. With regards
19 to the declaration of Mr. Raja, we also have serious concerns
20 about its relevance.
21    THE COURT: Make your objections to relevance when the
22 time comes.
23    MR. WISHNEW: Okay.
24    THE COURT: Okay? At this point I'm not going to
25 have -- we're too close to trial to have motions in limine.

1       MR. WISHNEW:  Okay.

2       THE COURT:  But let me make clear to both sides; I
3  think because Mr. Wishnew's been in trials before me before --
4  Ms. Nora, I don't allow speaking objections.  And by that I
5  mean you could -- more than, you know, objection, hearsay,
6  objection, relevance, but I don't want a speech.  If I want to
7  hear an explanation of the basis for an objection, I will ask.
8  But otherwise, counsel should limit their objections to a
9  single word or two words or three words.  I understand what
10 hearsay is, and if I have a question I will look further.  I
11 understand what relevance is; I know what the issues are for
12 this trial.  What I don't want to hear is the start of an
13 explanation, well-intentioned, well-reasoned.  Ordinarily I'm
14 able to rule on objections solely with one or two words.

15      MS. NORA:  Thank you, Your Honor.

16      THE COURT:  With respect to -- because the Smith,
17 Raja, and Lathrop direct testimony is in written form, it would
18 be helpful to me, to the extent either of you have objections,
19 is to indicate the objections to specific paragraphs or
20 portions of paragraphs.  And you'll do that in writing.  I
21 don't expect to receive it -- well, the trial's going to be on
22 the 9th.  I'd like to have those by this Friday, the 5th, at 5
23 p.m. New York time.  Again, I'm not looking for lengthy
24 explanations.  I don't want the explanations, but because it's
25 written testimony, and your objections may be to only a portion

1   of a paragraph, you can indicate to which sentence or paragraph
2   you're objection applies.  Then you'll both be on notice about
3   what objections there have been to the direct testimony.
4           So Ms. Nora, what I generally do in timed trials of
5   this nature, where the direct testimony is in writing, you
6   would -- you'll decide what the order of your witnesses is
7   going to be.  Let's just assume it's Ms. Smith first; that's
8   your call.  I do ask that you let Mr. Wishnew know in what
9   order -- it's all going to be in one day, so it isn't a big
10  deal, but I usually expect counsel to advise the order of
11  witnesses.
12          If it's, hypothetically, Ms. Smith who testifies
13  first, she'd be called, she'd be sworn, you'd offer her written
14  direct.  I'll rule on objections to the written direct at that
15  time.  And then she'd sit for cross-examination.  And then
16  you'd obviously have the opportunity for redirect examination.
17          And same when Ms. Lathrop is called as a witness.
18  She'll be sworn; Mr. Wishnew can offer her direct written
19  testimony.  If you have objections, I'll consider them and then
20  rule on them then.  You can then cross-examine then.  And Mr.
21  Wishnew will obviously have the opportunity for redirect.
22          So that's the way in which I conduct the trials where
23  there's written direct testimony.
24          Do either of you have any other questions?
25          MR. WISHNEW:  One other matter of housekeeping, Your

1   Honor.  Ms. Nora had filed a motion that she calendered for
2   next Tuesday as well.  I don't know what relief she's seeking
3   from the Court.  I'm not sure if the Court's going to go
4   forward with --
5           THE COURT:  Is it on fourteen days' notice?
6           MR. WISHNEW:  I think so, Your Honor, yes.
7           THE COURT:  Okay.  What are the motions?
8           MR. WISHNEW:  It's Ms. Nora's motion.
9           THE COURT:  What are your motions, Ms. Nora?
10          MS. NORA:  It's a motion which is actually an
11  objection to the standing of the Borrower Claims Trust to
12  proceed against a beneficiary of --
13          THE COURT:  All right.  The objection's overruled.
14          MR. WISHNEW:  Thank you, Your Honor.
15          THE COURT:  All right.
16          MS. NORA:  Just for clarification, the Court has
17  decided that we will not be having motions in limine, but our
18  objections to testimony are basically motions in limine.
19          THE COURT:  No, they're not.  I mean, you'll offer
20  your client's declaration.  If Mr. Wishnew has objections to
21  specific lines, paragraphs, I'll rule on them then.
22          MS. NORA:  Um-hum.
23          THE COURT:  And vice versa; if you have objections to
24  Ms. Lathrop's testimony, when she's called as a witness, he'll
25  offer her direct, you can state what paragraphs you have

1   objections to, paragraphs or sentences, and I'll rule on them.
2   And then you can proceed. If it's Lathrop, you can proceed
3   with your cross-examination, and Mr. Wishnew will have an
4   opportunity to do a redirect.
5           MS. NORA: Forgive me, Your Honor. Actually, your
6   structure is better than what I characterized because our
7   concern is the business -- purported business records which we
8   do not believe there's a foundation or --
9           THE COURT: For example, if you have a foundation
10  objection, you say "objection; foundation". And if I want to
11  hear more, I will ask you. Okay?
12          MS. NORA: We could put that in writing, though, by 5
13  p.m. Eastern time on February 5th --
14          THE COURT: Yes.
15          MS. NORA: -- to be very specific?
16          THE COURT: No, you can say "objection; foundation".
17  Mr. Wishnew will then know what your objection is, and if I
18  feel I can rule on it without further argument, I will. And if
19  I need further argument I will ask for argument on it.
20          MS. NORA: In other words, no speaking objections in
21  the written objections to --
22          THE COURT: That's correct.
23          MS. NORA: Thank you.
24          THE COURT: I don't want speaking objections. I just
25  want to know what your legal objection is to the testimony.

1   With respect to the exhibits, when they're offered, if you have
2   an objection, you'll make your objection.  Same with Mr.
3   Wishnew; he can object, and if it's relevance, he'll say
4   "relevance".  And if I want to hear argument, I'll ask for it.
5   Once I rule I don't hear any further argument; I just want to
6   make it clear.  So I just want to hear a legal objection.  If I
7   need it to be elaborated on, I will ask for it.  Once I rule, I
8   do not hear further argument.
9           MS. NORA:  May I request permission to file a short
10  brief on evidentiary issues?
11          THE COURT:  No.
12          MS. NORA:  Thank you.
13          THE COURT:  You cannot.  All the briefs are in.  I
14  don't want any more briefs.  Mr. Wishnew can make his
15  objection.  If I need to hear argument on it, I'll ask for it.
16  If I don't, I'll rule.
17          Any questions by anybody?
18          So we will begin promptly at 8:30 on the 9th.  We will
19  go to 12:30 when I take the MF Global matter.  We'll resume at
20  1:30 and end at 3:30.  I will see you next week.
21          MR. WISHNEW:  Thank you, Your Honor.
22          MS. NORA:  Thank you, Your Honor.
23          THE COURT:  Mr. Wishnew, as soon as possible send
24  us -- e-mail my clerk the Word version.
25          MR. WISHNEW:  Yes, Ms. Arett's on the phone right now.

1        THE COURT:  I'm sorry?

2        MR. WISHNEW:  My colleague Ms. Arett's on the phone.
3   She'll e-mail it to one of your clerks.

4        THE COURT:  All right.  We're in recess until 10
5   o'clock.

6        MS. NORA:  Your Honor, profound pardon for not knowing
7   that Northwestern Wisconsin was not wired.  That's my fault.
8   I'm actually pretty much of a ludite myself, and I'm sorry for
9   the inconvenience.  It was not intended to be, again,
10  disrespectful.

11       THE COURT:  Okay.  Thank you.  We're adjourned.

12       MS. NORA:  Thank you.

13     (Whereupon these proceedings were concluded at 9:29 AM)

```
 1
 2                    C E R T I F I C A T I O N
 3
 4   I, Sharona Shapiro, certify that the foregoing transcript is a
 5   true and accurate record of the proceedings.
 6
 7
 8   [signature: Sharona Shapiro]
 9
10   _____
11   SHARONA SHAPIRO
12   AAERT Certified Electronic Transcriber CET**D 492
13
14   eScribers
15   700 West 192nd Street, Suite #607
16   New York, NY 10040
17
18   Date:   February 2, 2016
19
20
21
22
23
24
25
```