**Hearing Date and Time: March 10, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 29, 2016 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF SECOND MOTION TO FURTHER EXTEND**
**THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On February 18, 2016, the ResCap Liquidating Trust filed the *Second Motion to Further Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").

2.      A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, One Bowling Green, New York, New York, 10004, on **March 10, 2016 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **February 29, 2016 at 4:00 p.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Priore).

4.      If no responses to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.      A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       February 18, 2016

                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                    /s/ Joseph A. Shifer
                                    Kenneth H. Eckstein
                                    Douglas H. Mannal
                                    Joseph A. Shifer
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 715-9100
                                    Facsimile: (212) 715-8000

                                    *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: March 10, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 29, 2016 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

## SECOND MOTION TO FURTHER EXTEND THE
## DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), to extend the date by which objections to Claims (defined below) must be filed.  In support of the Motion, the Liquidating Trust submits the declaration of Peggi J. M. Fossell, Director of Claims Management for the Liquidating Trust (the "**Fossell Declaration**"), attached hereto as **Exhibit 2**.  In support of the Motion, the Liquidating Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates of this Motion are sections 105(a) and 1141 of title of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On June 30, 2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 – 597 and 649] (the "**Schedules and Statements**").[1]

4.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

5.      On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No.

---

[1] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and Homecomings Financial, LLC on July 3, 2012. [Docket Nos. 683-688]. On June 9, 2014, the Court entered an order authorizing the reduction and amendment of the scheduled amounts for certain claims on the schedules for Residential Funding Company, LLC and GMAC Mortgage, LLC [Docket No. 7078].

1309] (the "**Bar Date Order**").    The Bar Date Order established, among other things, (i)

November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim

by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form

and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental**

**Bar Date**," with the General Bar Date, the "**Bar Date**").    Bar Date Order at ¶¶ 2-3.    On

November 7, 2012, the Court entered an order extending the General Bar Date to November 16,

2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].    The Governmental Bar Date

was not extended.    On March 21, 2013, the Court entered an order approving certain omnibus

claim objection procedures [Docket No. 3294] (the "**Claims Objection Procedures Order**").

6.    On December 11, 2013, the Court entered the *Order Confirming Second*

*Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official*

*Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving

the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases

[Docket No. 6065-1].[2] On December 17, 2013, the Effective Date of the Plan occurred (the

"**Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No.

6137]. The Liquidating Trust was established to, among other things, wind down the affairs of

the Debtors, *see* Plan, Art. VI.    The ResCap Borrower Claims Trust (the "**Borrower Claims**

**Trust**") was also established by the Plan to resolve Borrower Claims and make distributions to

Borrowers on account of Allowed Borrower Claims from a fund transferred to the Borrower

Claims Trust under the Plan. *See* Plan, Art. IV.F.

7.    Article VIII.A.3 of the Plan provides that the Liquidating Trust has the

exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." In addition, Article IV.F of the Plan, as well as the provisions of the Borrower Claims Trust Agreement, provide similar resolution authority to the Borrower Claims Trust with respect to Borrower Claims.

8.    The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of administrative claims must file requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.    To date, approximately 7,495 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.  The Claims consist of approximately 3,039 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,456 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts.   In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Schedules (including contingent, unliquidated, and disputed claims).

10.    Under the Plan, a Claim is considered "Allowed" if (i) it is listed on the Schedules as neither disputed, contingent nor unliquidated, or (ii) is evidenced by a timely proof of claim and as to which an objection was not filed by the Claims Objection Deadline.  *See* Plan,

Art. I.A.11.    Pursuant to Article I.A.54 of the Plan, the term "Claims Objection Deadline" is

defined, as "(i) two hundred seventy (270) days following the Effective Date or (ii) such other

later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which

motion may be approved without a hearing and without notice to any party." As the Effective

Date of the Plan occurred on December 17, 2013, the initial Claims Objection Deadline was

Monday, September 15, 2014.[3]    On August 26, 2014, the Court entered the *Order Granting

Motion to Extend Date by Which Objections to Claims Must be Filed* [Docket No. 7445],

extending the Claims Objection Deadline through and including June 15, 2015.  On June 10,

2015, the Court entered the *Order Granting the ResCap Liquidating Trust's Motion to Further

Extend the Date by Which Objections to Claims Must be Filed* (the "**Previous Claims Objection

Deadline Order**") [Docket No. 8742], extending the Claims Objection Deadline through and

including March 15, 2016.

## REQUESTED RELIEF

11.    Pursuant to the Previous Claims Objection Deadline Order, the Claims

Objection Deadline was extended to March 15, 2016.  By this Motion, the Liquidating Trust (for

itself and the Borrower Claims Trust) seeks an extension of the Claims Objection Deadline of

approximately 9 months, through and including December 15, 2016.  The Liquidating Trust

consulted with counsel to the Borrower Claims Trust prior to submitting the Motion, and the

Borrower Claims Trust is supportive of the relief sought herein.

## BASIS FOR RELIEF REQUESTED

12.    Pursuant to Rule 9006(b)(1) of the Bankruptcy Rules, "when an act is

required or allowed to be done at or within a specified period . . . by order of the court, the court

---

[3] 270 days following the Effective Date fell on Saturday, September 13, 2014.  Under Bankruptcy Rule 9006(a), made applicable pursuant to Article I.C. of the Plan, the Claims Objection Deadline was moved to the next day that was not a weekend day or legal holiday, *i.e.*, Monday, September 15, 2014.

for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1).

13.    Additionally, section 1141(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind all creditors and equity security holders under the plan "whether or not such creditor, equity security holder, or general partner has accepted the plan." As indicated above, Article I.A.54 of the Plan expressly provides the Court with the discretion to extend the Claims Objection Deadline, without the need for a hearing or notice.  Here, there is ample cause supporting an extension of the Claims Objection Deadline.

14.    To date, the Debtors (prior to the Effective Date), as well as the Liquidating Trust and the Borrower Claims Trust (after the Effective Date), have filed and prosecuted 92 omnibus and approximately 65 individual claims objections that resulted in the expungement of approximately 4,256 Claims, consisting more than $399.9 million in administrative expense claims, $17.2 billion in priority claims, $13.6 billion in secured claims, and $14.9 billion in general unsecured claims.  In addition, through negotiations and informal objections as contemplated in the Claims Objection Procedures Order and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 2,982 Claims, consisting of more than $6.2 million in administrative expense claims, $1.0 billion in priority claims, $2.5 billion in secured claims, and $60.3 billion in general unsecured claims.  To date, 2,862 Borrower Claims with asserted liabilities of approximately $15.4 billion have been resolved, expunged or withdrawn, and 4,376 Non-Borrower Claims with asserted liabilities of approximately $94.4 billion have been

resolved, expunged or withdrawn.  Thus, as a result of these efforts, approximately 96.6% of the Claims have either been expunged, resolved or otherwise withdrawn.

15.    Moreover, a significant portion of the Liquidating Trust's and Borrower Claims Trust's resolution of Claims has been achieved since the prior extension of the Claims Objection Deadline.  In the last nine months, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 367 Claims, consisting of approximately $665,075 in administrative expense claims, $453.6 million in priority claims, $9.3 million in secured claims, and $2.2 billion in general unsecured claims.

16.    While the claims reconciliation process to date has successfully addressed the vast majority of the Claims, there remain approximately 257 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $92,439 in administrative expense claims, $147,202 in priority claims, $10.3 million in secured claims, and $163.4 million in general unsecured claims, as well as approximately 74 unliquidated claims (together, the "**Unresolved Claims**").  The Unresolved Claims include approximately 177 Borrower Claims with asserted liabilities of approximately $41.6 million and approximately 80 Non-Borrower Claims with asserted liabilities of approximately $132.2 million.  The Liquidating Trust (as well as the Borrower Claims Trust) is currently in the process of addressing the Unresolved Claims, which, by their nature, tend to require more time and involvement to assess and resolve than many of the Claims that have already been expunged, satisfied, or otherwise resolved.

17.    Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes.  The Liquidating Trust believes that extending the Claims Objection Deadline to December 15, 2016 will allow it and the

Borrower Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims. This extension should not prejudice claimants; to the contrary, creditors should ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those Claims that are improperly filed or unsubstantiated. During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

18.    While additional extensions of time may be necessary – and the Liquidating Trust (for itself and the Borrower Claims Trust) expressly reserves the right to seek such additional extensions – the Liquidating Trust and the Borrower Claims Trust will attempt to resolve, and, if necessary, file objections to, as many of the Unresolved Claims as possible before the expiration of the extended Claims Objection Deadline.

19.    Similar relief has been granted in other large, complex chapter 11 cases. *See In re Gen. Mar. Corp.*, No. 11-15285 (Bankr. S.D.N.Y. May 8, 2015) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately forty-one (41) months from the effective date of the plan); *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately forty-one (41) months from the effective date of the plan); *In re BGI, Inc. (f/k/a Borders Group, Inc.)*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Sep. 25, 2015) (granting the liquidating trustee's request to extend the claims objection deadline by a total of approximately

forty-eight (48) months from the effective date of the plan). Here, the total extension requested by the Liquidating Trust is thirty-six (36) months from the Effective Date.

## NOTICE

20.     Although Article I.A.54 of the Plan expressly states that the Liquidating Trust may move this Court to extend the Claims Objection Deadline without hearing or notice to any party, out of an abundance of caution, notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]) and to all claimants with Unresolved Claims. The Liquidating Trust submits that no further notice of the Motion is necessary.

## NO PRIOR REQUESTS

21.     No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Liquidating Trust (on its own behalf and on behalf of the Borrower Claims Trust) respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline to December 15, 2016; and grant such other and further relief as the Court may deem proper.

Dated:  February 18, 2016
          New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the ResCap Liquidating Trust*

**<u>EXHIBIT 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER EXTENDING THE DATE BY WHICH
## OBJECTIONS TO CLAIMS MUST BE FILED

Upon the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), for an order to extend the Claims Objection Deadline, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Borrower Claims Trust, the Borrower Claims Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the *Declaration of Peggi J. M. Fossell in Support of the Second Motion to Further Extend the Date by Which Objections to Claims Must be Filed* annexed to the Motion as **Exhibit 2**; and the Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Claims Objection Deadline with respect to all Claims is extended to

December 15, 2016, without prejudice to the Liquidating Trust's ability to seek further

extensions for itself and the Borrower Claims Trust for good cause shown.

3.      The Court shall retain jurisdiction relating to the interpretation and

implementation of this Order.

Dated:   _____, 2016
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT 2</u>

**Fossell Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF PEGGI J. M. FOSSELL IN SUPPORT**
**OF THE SECOND MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

I, Peggi J. M. Fossell, hereby declare as follows:

1.      I am the Director of Claims Management for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as Director of Claims Management for Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**").  I have been employed by ResCap since 1982.  In October 2012, I became the Director of Claims Management for ResCap. I began my association with ResCap in 1982 as a Director of the Central Document Repository for Residential Funding Company ("**RFC**"), charged with developing RFC's operational processes.  In 1987, I became a Manager of Capital Markets and Structured Finance for RFC – a position I held until 1997, at which time I became the Manager of the Service Delivery Group. In 2000, I became Manager of the Exception Management group for GMAC-RFC.  In 2003, I became the Senior Business Advisor for Diligence Solutions for GMAC-ResCap, where I was charged with assessing the operational impacts of changes to product diligence standards.  I became a Senior Credit Risk Analyst for the Mortgage Credit Policy team for GMAC Mortgage in 2008.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "**Declaration**") in support

of the *Second Motion to Further Extend the Date by Which Objections to Claims Must be Filed*

(the "**Motion**").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees of the Debtors, the

Debtors' and the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson

Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to

testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Director of Claims Management, I am intimately

familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise

indicated, all statements in this Declaration are based upon my familiarity with the Debtors'

books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities

and statements of financial affairs filed in these Chapter 11 Cases (collectively, the

"**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.

Since the Plan went effective, I, along with other members of the Debtors' management or other

employees of the Debtors have continued the claims reconciliation process, analyzed claims, and

determined the appropriate treatment of the same.  In connection with such review and analysis,

where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by

personnel in departments within the Debtors' various business units, (ii) the Books and Records,

---

[1]      Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Motion.

(iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      To date, approximately 7,495 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.  The Claims consist of approximately 3,039 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,456 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts.    In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims are identified in the Schedules (including contingent, unliquidated, and disputed claims).

6.      Since the Effective Date, the Liquidating Trust, as well as the Borrower Claims Trust, has undertaken a comprehensive review of the Claims.  To date, the Debtors (prior to the Effective Date) as well as the Liquidating Trust and the Borrower Claims Trust (after the Effective Date) have filed and prosecuted 92 omnibus and approximately 65 individual claims objections that resulted in the expungement of approximately 4,256 Claims, consisting of more than $399.9 million in administrative expense claims, $17.2 billion in priority claims, $13.6 billion in secured claims, and $14.9 billion in general unsecured claims.  In addition, through negotiations and informal objections as contemplated in the Claims Objection Procedures Order

- 3 -

and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 2,982 Claims, consisting of more than $6.2 million in administrative expense claims, $1.0 billion in priority claims, $2.5 billion in secured claims, and $60.3 billion in general unsecured claims. To date, approximately 2,862 Borrower Claims with asserted liabilities of approximately $15.4 billion have been resolved, expunged or withdrawn, and approximately 4,376 Non-Borrower Claims with asserted liabilities of approximately $94.4 billion have been resolved, expunged or withdrawn. Thus, as a result of these efforts, approximately 96.6% of the Claims have either been expunged, resolved or otherwise withdrawn.

7.      Moreover, a significant portion of the Liquidating Trust's and Borrower Claims Trust's resolution of Claims has been achieved since the prior extension of the Claims Objection Deadline. In the last nine months, the Liquidating Trust and Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 367 Claims, consisting of approximately $665,075 in administrative expense claims, $453.6 million in priority claims, $9.3 million in secured claims, and $2.2 billion in general unsecured claims.

8.      While the claims reconciliation process has successfully addressed the vast majority of the Claims, there remain approximately 257 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $92,439 in administrative expense claims, $147,202 in priority claims, $10.3 million in secured claims, and $163.4 million in general unsecured claims, as well as approximately 74 unliquidated claims (together, the "**Unresolved Claims**"). The Unresolved Claims include approximately 177 Borrower Claims with asserted liabilities of approximately $41.6 million and approximately 80 Non-Borrower Claims with asserted liabilities of approximately $132.2 million. The Liquidating

- 4 -

Trust (as well as the Borrower Claims Trust) is currently in the process of addressing the Unresolved Claims which, by their nature, tend to require more time and involvement to assess and resolve than many of the claims that have already been expunged, satisfied, or otherwise resolved.

9.    Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes.  The Liquidating Trust believes that extending the Claims Objection Deadline to December 15, 2016 will allow it and the Borrower Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims.  This extension should not prejudice the claimants.  To the contrary, creditors should ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate and, where appropriate, seek to expunge or reduce those claims that are improperly filed or unsubstantiated.  During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 18, 2016

/s/ Peggi J. M. Fossell
Peggi J. M. Fossell
Director of Claims Management for the
ResCap Liquidating Trust