Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:
RESIDENTIAL CAPITAL LLC et al.,
          Debtors.

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

## COGNIAZABLE DAMAGES STATEMENT

Pursuant to the Court's Order Dated January 20th, 2016 and verbally amended in part, I am hereby providing a statement of cognizable damages that I contend were caused by Debtor beyond the damages relating to the Property.

### I
### Damages Cognizable Under the New Jersey Consumer Fraud Act

There are two elements currently needed to prove damages as cognizable under the NJCFA: Causation and Ascertainability. I will address each below:

**Causation Nexus: A Matter of Fact**

To prove damages under the New Jersey Consumer Fraud Act, damages must be caused by the alleged wrongful act, (here in our instant case the wrongful act(s) has already been determined). Unlike Tort Law and Contract Law, causation is

relegated to a mere question of fact, not a mixture of law and fact. Under NJCFA there merely has to be *a* causal nexus. Which is a factual question. Quoting <u>Zebersky v. Bed Bath & Beyond, Inc.</u> 2006 WL 3454993 (D.N.J. Nov. 29, 2006):

> "...it is not necessary that the wrongful conduct be the sole cause of the loss, but merely that it be *a* cause. <u>Varacallo</u>, 332 N.J.Super. at 48, 752 A.2d 807 (emphasis added). What is required is that the unlawful conduct, in some way, caused the plaintiff to sustain an ascertainable loss."

This is a significant departure from Contract Law and Tort Law, as the wrongful conduct need not be shown to be the sole cause of plaintiffs loss, but may be shown merely to have contributed to the loss. <u>Arcand v. Brother Int'l Corp.</u>, 673 F. Suppose. 2d 282 (D.N.J.) (noting that this is not the rule for common-law fraud).

This is due to the fact that The NJCFA is a remedial consumer protection statute passed by the state legislature for the very purpose of expanding and lowering the proof thresholds that preexisted in other bodies of law.

Now with regard to causation, there will be numerous witnesses that will attest to the harm the Debtor's wrongful act(s) caused.

### Ascertainability: Calculable Losses – (Expenses Incurred, Liabilities Incurred, or Loss in Value of Assets, Loss of Profits)

An ascertainable loss must be able to be calculated, although it need not be an actual out-of-pocket expense. An estimate of damages may suffice. Diminution of

value may also qualify as measurable loss. See *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 872 A.2d 783 (2005).

Now with regard to the various damages that will be sought, they are all supported by calculations which will be supported by direct testimony of numerous witnesses.

**Damages:**

There are numerous damages that I seek to recover and they are as follows:

1. Damages from lost real estate projects which were owned and in progress:

    a) 9717 Old Dell Trace Richmond, VA 23238 – Property lost to foreclosure as I was unable to fund completion as my cash flow was interfered with by being in foreclosure – I am seeking the recovery of cash I invested and appraised value expected at completion.

    b) 133 Brookschase Lane Richmond, VA 23229 – Lost to "fire sale" as I was not able to fund completion as my cash flow was interfered with by being in foreclosure – I am seeking Lost Profits.

2. Damages from lost rental properties:

    a) Loss of self-supporting properties that would have paid themselves off but were foreclosed upon instead as fungible cash flow was interfered with by being in foreclosure.

    b) Loss of Income from the rental properties lost.

    c) Judgment Deficiency owed due to loss of the rental properties.

3. Attorney's fees and experts fees litigating over the damages caused to my other properties and business interests by the Debtor's bad act

4. The stress of Debtor's wrongful act has wrought physical harm that has contributed to my complete physical disability as recognized by Federal Law. The stress from the Debtor's wrongful act is ***"A" cause*** of my Disability. This will be supported by medical evidence. Thus, I am seeking the amount of my lost earnings from employment.

## II
## Cognizable Damages Under Breach of Contract

**The Damages under Breach of Contract**

It is my intention to endeavor to prove the damages outlined above as cognizable under the NJCFA as also recoverable under Breach Contract.

## III
## Additional Damages Cognizable Under the FDCPA

**New Damages Sought and Why Now:**

Take Notice that today, February 5, 2016, I have filed an amendment to my original Proof of Claim to include a claim for violation of the Fair Debt Collection Practices Act. I was intending on doing this in July of 2014 upon learning how Debtor both committed Fraud upon me, and how Debtor Fraudulently Concealed its fraud by way of its false statements as to who the owner of the note was. This was new evidence discovered in the proceedings in July 2014 but relating back to my original claims, thus meeting the criteria for amending a Proof of Claim. However, the Court's sua sponte order striking any damages unrelated to my home stopped me from proceeding. Now with that order being reversed I have proceeded to properly pursue those damages allowed by the FDCPA.

**The Damages:**

The relevant damages being sought under the FDCPA are MOSTLY duplicative of those listed above for the NJCFA but the proofs may differ. Nonetheless, I will endeavor to prove liability under both statutes.

The one MAJOR difference under the FDCPA is the allowance of Emotional Distress damages. Frankly I have been tortured by a Debtor that has been found to have committed FRAUD and BREACH OF CONTRACT in its collection practices. It has caused Deep and Far Reaching damage with such shameless lack of regard that it has caused me to chase it through several jurisdictions over the course of EIGHT (8) LONG YEARS to correct its wrongs. It has caused untold fights within my marriage, stress over providing for my children, and agony over the loss of a net worth that was the result of 20 plus long years of DILIGENT work.

Now, I know this Court's opinion of me, but I will say it once more for the record: What error I or my wife may have done by being late on a mortgage was NOT deserving of a life ruined. There are step-by-step rules, in state law, federal law and in my contract which ALL EXPRESSLY FORBID the very behavior the Debtor undertook just so people's lives don't get ruined for a late payments. This scenario is the moral equivalent of being shot for a parking violation.

I will be presenting direct testimony of witnesses to the effect of the Debtor's wrongful act, but make certain one thing is clear: I have NOT lived "free" and it has had a toll on me as well. The present note holder is seeking all of the back payments – payments that would have been paid if my income wasn't interfered with. Also, I

would NOT have to have spent the last Eight years battling poverty instead of living free and clear in my new home. Therefore, I respectfully request the appropriate Emotional Damages be awarded for this COMPLETE and WRONGFULLY DISPROPORTIONATE upending of my entire life.

Respectfully submitted,

_____
Frank Reed, Creditor, Pro Se

February 5, 2016
_____
Date