
Allan O. Cate (CSBN: 248526)
**CATE LEGAL GROUP**
7710 Balboa Avenue, Suite 316
San Diego, CA 92111
Tel: (858) 224-5865
Fax: (858) 228-9885

Attorney for Creditor,
Rosalind Alexander-Kasparik

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Case No. 12-12020 (MG) |
| | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Jointly Administered |
| Debtor. | |

**CLAIMANT ROSALIND ALEXANDER-KASPARIK'S SUPPLEMENTAL OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM NO. 3695**

## INTRODUCTION

Creditor/claimant, Rosalind Alexander-Kaspaik ("Alexander" or "Claiment") hereby submits this supplemental opposition in further support of her opposition to ResCap Borrower Claims Trust's ("Borrower Trust") Objection to Proof of Claim No. 3695.

A hearing on *ResCap Borrower Claims Trust's Supplemental Objection in Support of its objection to Proof of Claim o. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* has been scheduled to be heard on April 19, 2016 at 10:00 a.m.

## BACKGROUND

### *A.     Factual Background*

1. In or about 2005, Claimant purchased property located at 1021 Scott Street 149, San Diego, CA 92106 ("Subject Property"). As part of that transaction, a loan and deed of trust were executed in favor of Federal Home Loan Mortgage Corporation ("FHLMC") with Ally Bank, fka GMAC Bank ("GMAC") as the servicing agent.

2. In 2010, Plaintiff began to fall behind on her mortgage payments due to a temporary increase in her personal expenses, which was beyond her control. While plaintiff has the intermediate and long-term capacity to generate income, her finances declined dramatically during this period of time.

3. Due to these temporary financial difficulties, Claimant attempted to obtain a loan modification from GMAC and FHLMC. Also, at this same time, Claimant attempted to resolve a long-running dispute relating to the fact that GMAC and FHLMC were charging her on unauthorized and improper impound account, where she was already paying (had paid) the associated tax and insurance payments. Claimant believes this mis-accounting was in at least the amount of $10,000 to $20,000. However, despite her best efforts, FHLMC and GMAC improperly denied Claimant's loan modification – mainly due to the fact that they refused to credit her account with overcharges on tax and insurance payments.

4. In 2011, Claimant again applied for loan modification with GMAC and FHLMC. While she was entered into a modification program she again fell behind on her mortgage payments.

5. In or about mid-2012, Claimant finally applied for loan modifications with through the organization Keep Your Home California ("KYHCA"). KYHCA is a California State-sponsored organization operated by CalHFA Mortgage Assistance Corporation that offers

monetary assistance to help mortgage borrowers obtain modification of their loans. Defendant was told by KYHCA representatives that because there was less than 21 days before her scheduled trustees sale date, that they could not qualify her for their Mortgage Reinstatement Program (which FHLMC participates in. When Claimant contacted GMAC to obtain a short continuance of the trustee sale, they would only giver her a continuance such that there were 20 days before the sale, such that she would not be able to participate in KYHCA loan modification program. Nonetheless, Claimant worked with KYHCA, and after numerous calls to various people, she was able to secure entry into the Mortgage Reinstatement Program. In late-June 2012, Claimant received correspondence from KYHCA indicating that she had been deemed eligible for the program, that the documentation was forthcoming from the lenders, and that foreclosure proceedings should be put on hold. Claimant and KYHCA completed an application process and submitted the same with a request for a completed Servicer Worksheet on June 28, 2012 to GMAC for processing. At this point, Claimant had already been approved form California State-sponsored Mortgage Reinstatement Program which would be providing a substantial portion of the funding for the loan modification.

      6.      On July 2, 2012, Claimant received correspondence from KYHCA indicating that GMAC would now not go through with the proposed loan modification under the KYHCA program because the request was made within seven days of the scheduled trustee's sale date. However, the California Civil Code guarantees reinstatement within five days of the trustee sale, and the reinstatement loan was granted on June 29, 2012. Therefore Claimant met the requirement for tendering under Civil Code section 2924, et seq. and the trustee sale should have been cancelled at this point. Correspondence indicates that the sale should have been cancelled and that GMAC required seven days for payoff, as opposed to the five days that are guaranteed by the Civil Code. Also, GMAC waited for four days after receipt of the reinstatement loan funds and approval to let Claimant know they would not accept the tender of funds (reinstatement funded by KYHCA). This prevented Claimant from reasonably exploring and exercising her options in bankruptcy, or other options for keeping her home. Since KYHA and CalFHA have a

system whereby funding to GMAC was (and is) electronically transferred immediately, KYHCA's grant of the reinstatement loan and transfer of the funds (through the joint electronic processing system) provided Defendants with the actual payoff funds that should have caused the sale to be stopped under the rules of the Civil Code and related laws. When Claimant contacted FHLMC directly and spoke with their representative Emily, Claimant was told that a request was being submitted to GMAC to postpone the July 3, 2012 foreclosure sale (by FHLMC) pending review of Claimant's application for loan modification. Emily advised Claimant that the sale was being postponed and that she should check the electronic system to make sure that the sale was actually postponed. Even though Claimant was advised on July 2, 2012 by the lender that the sale would be postponed, the trustee sale still took place on July 3, 2012.

### *B.     Procedural Background*

7.     Claimant submitted her Proof of Claim No. 3695 in this matter to have her litigated claim resolved through the claims resolution process.  Pending litigation in the Superior Court for the State of California, County of San Diego, in case entitled *Rosalind Alexander-Kasparik v. Ally Bank, et al.* (SDSC Case No.: 37-2012-00101531-CU-BC-CTL)("State Court Action"), is stayed as to Defendant, GMAC, LLC due to this bankruptcy matter.  In the State Court Action, Claimant Alexander brought claims against GMAC for illegally and unlawfully proceeding with non-judicial foreclosure sale against the subject property.

8.     In the State Court Action, on or about June 17, 2015, Defendant FHLMC for itself alone, filed a demurrer to Plaintiff's Third Amended Complaint.  Defendant GMAC, LLC did not file a demurrer to Plaintiff's Third Amended Complaint, and did not join in FHLMC's demurrer.  Although Plaintiff did not oppose the demurrer as to FHLMC, and the demurrer was granted, the demurrer was also granted as to GMAC (even though GMAC had not filed any demurrer).

9.     On December 31, 2015, in the State Court Action, Alexander applied for an Order setting aside and vacating the judgment of dismissal as to GMAC Mortgage, LLC based on the erroneous entry of judgment.  The Court Ordered on December 31, 2015 that the judgment of

dismissal for GMAC Mortgage, LLC be vacated and set aside, and that the matter is stayed. Briefing on the remaining substantive legal issues of the State Court Action has been requested by the Court in this bankruptcy matter, with hearing set for April 19, 2016.

## OPPOSITION TO OBJECTION

### A.    *The Claim Is Not Barred By Collateral Estoppel*

10.    The doctrine of collateral estoppel prevents the relitigation of an issue previously adjudicated. If collateral estoppel applies, the doctrine prevents relitigation of issues decided in the prior litigation by parties to that litigation or persons in privity with them. *Vandenberg v. Superior Court* (1999) 1 Cal.4th 815, 828. Before collateral estoppel may be applied however, the following criteria must be satisfied: 1) The issue previously adjudicated must be identical to the issues in the subsequent proceeding; 2) The issue must have been actually litigated in the former proceeding; 3) The issue must have been necessarily decided previously; 4) The decision in the former proceeding must be final and on the merits; and 5) The party against whom preclusion is asserted must be the same as, or in privity with, the party in the former proceedings. *Huntingdon Lie Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1247.

11.    Borrower Trust claims that the doctrine of collateral estoppel should preclude the present matter from being heard. It argues that all required criteria for the doctrine are satisfied and such result would be in the interest of public policy. Borrower Trust is wrong on both counts.

12.    First, while it is true that the minute order issued in state court effectively decided identical issues as to FHLMC, those claims were not adjudicated as to GMAC, who is also a party to that action. As per the Court Ordered, dated December 31, 2015, the erroneous judgment of dismissal for GMAC was vacated and set aside, and the matter was stayed.  Therefore, the matter, to the extent that GMAC is a party, is still pending and there was no final judgment. Further, GMAC cannot claim the benefit of collateral estoppel it is not in privity with FHLMC.

12-12020-mg    Doc 9644    Filed 02/19/16    Entered 02/19/16 14:55:14    Main Document
Pg 6 of 10

GMAC and FHLMC are separate entities and distinct entities, both of whom were defendants in the state court matter. GMACs interests, as a co-defendant, were not adequately represented by FHLMC, as to whom the action has been dismissed. GMAC and FHLMC have been alleged to have had different roles with respect to Claimant's loan. FHLMC was the investor or guarantor that was a passive party, and GMAC was the loan's servicer and took the active role of interfacing with the Claimant, including handling any loan modification activities.

13. Second, a bar of the present claim would not be in the interest of public policy. Claimant has not had a full opportunity to litigate its claims against GMAC in state court. Although it did litigate identical claims against FHLMC, and has appellate review of that ruling, the case against GMAC is still pending. As stated supra, GMAC and FHLMC are distinct entities who do not represent the interests of one another. Therefore, to apply the doctrine of collateral estoppel would prevent Claimant from asserting its claims against a distinct party. Surely this outcome is contrary to public policy as well as the rules of the doctrine.

### B. *Claimants Negligence Claim is Meritorious*

14. California courts have found that a financial institution may owe a duty to a borrower not to act negligently in handling loan modification applications once it has undertaken to review the application. *See Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941; *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872; *Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098, at *2 (N.D. Cal. May 10, 2010); *Luceras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49.

15. In *Nymark v. Heart Federal Savings & Loan Association* (1991) *231 Cal. App. 3d 1089, 1096,* the court articulated two means by which a financial institution may owe a duty of care to a borrower under a negligence theory. First, it set forth a general rule that that negligence liability could arise where a financial institution actively participates in the financed enterprise beyond the domain of the usual money lender. Second, even when acting in a traditional scope, the court recognized that a duty of care may attach if six factors, identified in *Biakanja v. Irving* (1958) 49 Cal.2d 647, 650, weigh in favor of the borrower. These six factors

are 1) the extent to which the transaction was intended to affect plaintiff; 2) the foreseeability of harm to him; 3) the degree of certainty that the plaintiff suffered injury; 4) the closeness of the connection between the defendant's conduct and the injury suffered; 5) the moral blame attached to the defendant's conduct, and 6) the policy of preventing future harm.

16. As to the first approach, Claimant has set forth in her pleadings that GMAC and FHLMC acted as an agent for the process of facilitating a loan modification. As to the second approach, Claimant has alleged that GMAC and FHLMC affirmatively frustrated the loan modification application process by constantly mishandling Claimants application, failing to provide a consistent point of contact to whom she could communicate, and continuously providing conflicting information with regards to her application status and the sale date of her home, all of which greatly confused the application process. These transactions were unquestionably intended to affect the Claimant, as they would determine whether or not she could keep her home. Further, the injury was certain in that she lost the opportunity to obtain a loan modification and in the process, her home was sold. Claimant alleges that GMAC had a duty to assist with her loan modification in good faith, and that they failed to do so by letting her house foreclose, when there were approved funds to address the deficiency on the loan, and obtain a modified loan under the KYHCA/CalFHA program that GMAC and Claimant were participating in.

17. Although Borrower Trust agrees with the standards utilized in determining whether a duty exists, it argues, citing *Residential Capital*, 2015 WL 4747860, that these factors "'do not support the imposition of a common law duty to offer or approve a loan modification' or other foreclosure alternatives." (See Supplemental Objection ¶ 39.) This conclusion assumes that the negligence alleged relates to the borrowers inability to repay the loan, requiring that the default giving rise to the necessity for modification must stem from the conduct of the financial institution. However, this framing misunderstands the purpose of loss mitigation. It is not the failure to grant a loan modification that is at issue, but rather, the lender's failure to properly review a loan modification application. Such failure connects closely to the harm of a borrower

losing their home as it deprives the borrower of the possibility of relief. *See Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098, at *2 (N.D. Cal. May 10, 2010).

18. The court in *Alvarez v. BAC Home Loan Servicing, LP* (2014) 228 Cal. App. 4th 941 found it highly relevant that the borrower has incredibly limited ability to protect his interest in the loan modification process as the financial institution has the superior bargaining power. This inequality, the court determined, "coupled with conflicts of interest that exist in the modern loan servicing industry provide a moral imperative that those with the controlling hand be required to exercise reasonable care in their dealings with borrowers seeking a loan modification."

## CONCLUSION

WHEREFORE, the Claimant, Rosalind Alexander-Kasparik, respectfully requests that the Court deny *ResCap Borrower Claims Trust's Supplemental Objection to Proof of Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasperik.*

Dated: February 19, 2016                                Respectfully submitted,
                                                         **CATE LEGAL GROUP**

                                                         /s/ Allan Cate
                                                         _____
                                                         Allan Cate (California Bar No. 248526)
                                                         CATE LEGAL GROUP
                                                         7710 Balboa Ave., Suite 316
                                                         San Diego, CA 92111
                                                         Tel: (858) 224-5865
                                                         Fax: (858) 228-9885
                                                         Email: allan@acatelaw.com
                                                         *Attorney for Rosalind Alexander-Kasparik*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record for all other parties to this action on this 19th day of February 2016.

<u>Attorneys for GMAC Mortgage, LLC</u>
Robert Grandy, Esq.
Severson & Werson
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612

<u>Attorneys for GMAC Mortgage, LLC</u>
John B. Sullivan, Esq.
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

<u>Attorneys for Debtors and Debtors in Possession</u>
Gary S. Lee
Larren M. Nashelsky
Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY 10104

<u>Attorneys for Rescap Borrower Claims Trust</u>
Norman Rosenbaum
Morrison & Foerster, LLP
250 West 55th Street
New York, NY 10019

<u>Counsel to the Examiner</u>
Howard Seife
David M. LeMay
Robert J. Gayda
Marc B. Roitman
Chadbourne & Park LLP
30 Rockefeller Plaza
New York, NY 10112

<u>Counsel for the Official Committee of Unsecured Creditors</u>
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Naftallis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

<u>United States Trustee</u>
Tracy Hope Davis

Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10004

/s/ Allan Cate

_____
Allan Cate