LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KEVIN M. HODGES
(202) 434-5221
khodges@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 22, 2016

<u>VIA ECF</u>

The Honorable Judge Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Courtroom 501
One Bowling Green
New York, New York 10004-1408

Re:   <u>In re: Residential Capital, LLC, et al.</u>, Case No. 12-12020

Dear Judge Glenn:

I write to request a conference on behalf of non-party witnesses Susie Moy, Nancy Luong, Doris Wong, Fernando Acebedo, and Audrey Zabriskie (collectively, the "Non-Party Individuals"), who intend to move to quash trial subpoenas served by *pro se* claimant Erlinda Abibas Aniel ("Aniel"). The Non-Party Individuals are employees in the corporate trust department of HSBC Bank USA, N.A. ("HSBC"). The subpoenas demand that these five different HSBC employees take time away from their work schedules to confirm the authenticity of signatures on a three-page document. Aniel insists on imposing this burden despite the fact that undersigned counsel has met and conferred with her on multiple occasions and offered to provide the relevant information through less burdensome means.

By way of background, the above-captioned matter involves a challenge to foreclosure proceedings instituted in 2012 by Debtors GMAC Mortgage, LLC ("GMACM") and executive Trustee Services, LLC ("ETS"). Aniel's claims are set forth in Claim Numbers 416 and 417 ("Aniel Claims," ECF 8237-5). *See* Mem. Op. (ECF 8820) at 2, 28-29, 34, 47. On June 30, 2015, the Court issued a 47-page Memorandum Opinion and Order in which it sustained in part and overruled in part the objections of the ResCap Liquidating Trust and ResCap Borrower Claims Trust (collectively, the "Trusts") to the Aniel Claims. *Id*. Following the Court's Order, only one narrow issue remains to be determined: Whether GMACM employee Mira Smoot had authority to execute a February 2011 assignment from HSBC to GMACM of the deed of trust encumbering the Aniel property ("2011 Aniel Assignment"). *Id*. at 32-34.

HSBC serves as trustee of the residential mortgage trust that owns Aniel's mortgage. Aniel has alleged that Smoot lacked authority to sign the 2011 Aniel Assignment. *See* ECF 8820 at 14, 16, 34, 44. In their objection to Aniel's claims, the Trusts noted that Smoot had authority pursuant to a limited power of attorney that HSBC granted to GMACM. *Id*. at 16, 34. In

WILLIAMS & CONNOLLY LLP

The Honorable Judge Martin Glenn
February 22, 2016
Page 2

support, the Trusts originally offered a power of attorney executed in 2013 ("2013 Power of Attorney"). *Id*. The Court ruled that the 2013 Power of Attorney "does not establish the validity of the 2011 Aniel Assignment" because it "was executed in June 2013 . . . more than two years after Smoot executed the 2011 Aniel Assignment." *Id*. at 28, 34. Following the Court's decision, counsel for the Liquidating Trust submitted a supplemental declaration attaching a limited power of attorney that HSBC granted to GMACM in 2008 ("2008 Power of Attorney"). *See* ECF 9112 at ¶¶ 7-10. The 2008 Power of Attorney is a three-page document dated August 28, 2008, signed by HSBC Vice President Susie Moy, and witnessed by HSBC employees Nancy Luong and Doris Wong. *See* ECF 9112-3. Aniel has questioned the authenticity of that document, speculating (incorrectly) both that the signatures may have been forged, ECF 9153, at 7, or were created after the fact, ECF 9605, at 5. Counsel for the Non-Party Individuals has advised Ms. Aniel that the signatures are authentic and offered to provide confirmation.

Despite the narrow issue that remains to be decided, Aniel seeks to compel five different HSBC employees (none of whom signed or is a party to the 2011 Aniel Assignment) to appear and testify at trial. Counsel for the Non-Party Individuals has advised Aniel that they are willing to provide her with a stipulation or other acceptable evidence showing that the signatures on the 2008 Power of Attorney are authentic. Aniel, nevertheless, has indicated that she intends to examine at trial not only Moy, Luong and Wong, but also Fernando Acebedo and Audrey Zabriskie (whose names and signatures do not even appear on the 2008 Power of Attorney).

The trial subpoenas are not only unreasonably burdensome, overbroad, and cumulative, but also seek testimony from irrelevant witnesses. Given that only a single document, the 2008 Power of Attorney, is of potential relevance, there is no justification to compel five non-parties (two of whom had nothing to do with that document) to appear and testify at trial. Each of the Non-Party Individuals would be required to take considerable time away from their work to be on call to testify. This time and expense cannot be justified given the lack of relevant information that would be obtained through this testimony beyond the authentication of the 2008 Power of Attorney, which can be accomplished through less burdensome means.

Because the burden on the Non-Party Individuals would far outweigh the value of the testimony to Aniel, the Court should quash or modify the subpoenas pursuant to Federal Rule of Civil Procedure 45 and Bankruptcy Rule 9016, or, in the alternative, issue a protective order pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026. The subpoenas issued to Acebedo and Zabriskie should be quashed because they did not sign the 2008 Power of Attorney. Their names appear only on the 2013 Power of Attorney, which the court has already ruled is irrelevant in the instant proceeding. The subpoenas to the remaining witnesses should be quashed because the act of authenticating their signatures on a power of attorney can easily be completed through less burdensome means such as a stipulation. If the Court determines that some trial testimony is warranted with respect to the 2008 Power of Attorney, counsel respectfully requests that the Court limit the testimony to a single witness.

Counsel for the Non-Party Individuals is available at the Court's convenience to further address the issues herein. Thank you for your consideration of this request.

WILLIAMS & CONNOLLY LLP

The Honorable Judge Martin Glenn
February 22, 2016
Page 3

Respectfully Submitted,

/s/ Kevin M. Hodges

Kevin M. Hodges

(motion for admission *pro hac vice* pending)

Counsel for Non-Party Individuals

cc: Counsel and parties of record via ECF