**Exhibit E**

Identifier: ███7173    Doc Type:MTGR

12-12020-mg    Doc 9659-8    Filed 02/23/16    Entered 02/23/16 15:32:39    Lathrop
Decl. Exhibit E    Pg 2 of 5

██████ ᴅ343 ʀ6    5923 00665    

2005- 0066557

**After Recording Please Return To:**
FIRST CONSOLIDATED MORTGAGE COMPANY ██████
1700 PACIFIC AVE SUITE 2400    ████████ ᴅ173
DALLAS, TX 75201

───────────────  [To Be Recorded With Security Instrument. Space Above This Line For Recording Data]  ───────────────

Loan No:    ████0062 .                                                   Data ID:  895
Borrower:    TERRY PATRICK GORMAN

# TEXAS HOME EQUITY
# AFFIDAVIT AND AGREEMENT
## (First Lien)

**(Do not sign this Texas Home Equity Affidavit and Agreement until you have executed an Acknowledgment Regarding Fair Market Value, and received and reviewed the Texas Home Equity Note and the Texas Home Equity Security Instrument.)**

State of TEXAS

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared TERRY PATRICK GORMAN AND  KAREN GORMAN , HUSBAND AND WIFE and on oath such individual, or each of them, swears that the following statements are true:

I.    **REPRESENTATIONS AND WARRANTIES:**
A.  I am a borrower named in the Texas Home Equity Note (the "Note") or the owner or spouse of an owner of the property described in the Texas Home Equity Security Instrument (the "Security Instrument" which term includes any riders to the Texas Home Equity Security Instrument), both bearing date of May 9, 2005, evidencing and securing an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit") and providing for a lien on the following described property (the "Property") located in COLLIN County, Texas:

BEING LOT 26, BLOCK B OF HIGHLANDS OF PRESTON RIDGE, PHASE TWO, AN ADDITION TO THE CITY OF PLANO, COLLIN COUNTY, TEXAS, ACCORDING TO THE REVISED PLAT THEREOF RECORDED IN VOLUME H, PAGE 603, MAP RECORDS, COLLIN COUNTY, TEXAS.

which has the address of: 2812 BROWNING DRIVE,                                PLANO,
                                                    [Street]                                              [City]
TEXAS                                    75093                        ("Property Address").
                                          [Zip Code]

TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT (First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                    Form 3185    1/01 (rev. 10/03)    *(Page 1 of 4 Pages)*

Identifier: ▆▆▆▆7173    Doc Type:MTGR

12-12020-mg    Doc 9659-8    Filed 02/23/16    Entered 02/23/16 15:32:39    Lathrop
Decl. Exhibit E    Pg 3 of 5

5923 00666

The Property includes all incidental rights in and to the Property including all improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property. All replacements and additions are included as well as any interest in a planned unit development, condominium project, homeowners' association or equivalent entity owning or managing common areas or facilities associated with the Property. All of the foregoing is referred to herein as the Property, provided however that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

The Property does not include any additional real or personal property not included within the definition of homestead in accordance with applicable law including but not limited to Sections 41.002(a), (b), and (c) of the Texas Property Code which provide:

### § 41.002 Definition of Homestead

(a)  If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.

(b)  If used for the purposes of a rural home, the homestead shall consist of:

(1)  for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or

(2)  for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

(c)  A homestead is considered to be urban if, at the time the designation is made, the property is:

(1)  located within the limits of a municipality or its extraterritorial jurisdiction or a platted subdivision; and

(2)  served by police protection, paid or volunteer fire protection, and at least three of the following services provided by a municipality or under contract to a municipality: (A) electric; (B) natural gas; (C) sewer; (D) storm sewer; and (E) water.

B. I understand that the lender making the Extension of Credit is FIRST CONSOLIDATED MORTGAGE COMPANY (the "Lender").

C. The undersigned includes all owners and spouses of owners of the Property and all borrowers named in the Note.

D. The Extension of Credit is secured by a voluntary lien on the Property created under a written agreement with the consent of all owners and all spouses of owners, and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.

E. The Extension of Credit is of a principal amount that, when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the Property, does not exceed eighty percent (80%) of the fair market value of the Property on the date the Extension of Credit is made.

F. I have not paid any fee or charge that is not disclosed in the HUD-1 or HUD-1A Settlement Statement.

G. Neither the Lender nor any other party has required any additional collateral (real or personal property), other than the Property described in the Security Instrument, to secure the Extension of Credit.

H. The Property is not designated for agricultural use as provided by statutes governing property tax, unless such Property is used primarily for the production of milk.

I.  The Extension of Credit is the only loan made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution that will be secured by the Property at the time the Extension of Credit is funded.

J.  The Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative for the Extension of Credit, or the date that the Lender, or the Lender's representative provided the owner with a copy of the Notice Concerning Extensions of Credit defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Notice").

K. The Note and Security Instrument have not been signed before one business day after the date that the owner of the Property received a final itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing or a bona fide emergency or other good cause exists and the owner of the Property hereby consents to the Lender providing or modifying such final itemized disclosure on the date of the signing of the Note and Security Instrument and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.

L. If I am an owner of the Property, I received the Notice in English. If the discussions with the borrowers named in the Note were conducted primarily in a language other than English, the borrowers named in the Note received from Lender, or Lender's representative, before closing, an additional copy of the Notice translated into the written language in which the discussions were conducted.

M. The Extension of Credit is being closed, that is I am signing the loan documents, at the office of the Lender, an attorney at law, or a title company.

TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT (First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3185    1/01 (rev. 10/03)    (Page 2 of 4 Pages)

Identifier: ███ 7173     Doc Type:MTGR

12-12020-mg     Doc 9659-8     Filed 02/23/16     Entered 02/23/16 15:32:39     Lathrop
Decl. Exhibit E     Pg 4 of 5

5923 00667

Loan No:     ███ 0062                                                    Data ID: 895

N. It has been at least one year since the closing date of any other extension of credit made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution secured by the Property, unless (i) this Extension of Credit is a refinance of a prior extension of credit pursuant to Section 50(a)(6), Article XVI of the Texas Constitution, and is being made to cure the failure of any lender or holder of the prior extension of credit to comply with its obligations under the prior extension of credit (referred to here as a cure refinance) or (ii) the prior extension of credit was a cure refinance, in which case it has been at least one year since the closing date of the most recent extension of credit prior to a cure refinance.

O. No owner of the Property has been required to apply the proceeds of this Extension of Credit to repay another debt, unless such other debt, if any, is a debt secured by the Property or is a debt to another lender.

P. No owner of the Property has been required to assign wages as security for the Extension of Credit.

Q. No owner of the Property has signed an instrument in which applicable blanks were left to be filled in. There are no blanks in this Texas Home Equity Affidavit and Agreement, the Note, or the Security Instrument.

R. No owner of the Property has signed a confession of judgment or given a power of attorney to the Lender or to a third person to confess judgment or to appear for any owner of the Property in a judicial proceeding.

S. To the best of my knowledge and belief, all owners of the Property, after receiving a copy of all documents signed by them, will sign a receipt acknowledging the delivery of such copies.

T. I have been notified in the Security Instrument of the right of the owner and the spouse of any owner to rescind the Extension of Credit without penalty or charge within three (3) days after the closing.

U. The Lender and each owner of the Property have signed a written acknowledgment as to the fair market value of the Property on the date the Extension of Credit is made.

V. The Property is not being purchased with any part of the proceeds of the Extension of Credit.

W. Unless Lender otherwise agrees in writing, all borrowers named in the Note shall occupy the Property as their homestead pursuant to the terms of the Security Instrument.

X. I understand that the Extension of Credit is not a form of open-end account that may be debited from time to time or under which credit may be extended from time to time. Lender, at its option, may make monetary advances to protect the Property (i.e., pay real estate taxes, hazard insurance payments, etc.) in accordance with the Security Instrument.

Y. I understand that the Note, Security Instrument, and this Texas Home Equity Affidavit and Agreement define the terms of the Extension of Credit and are to be construed as an entirety.

## II. AGREEMENT PROVISIONS:

A. **No Personal Liability in the Absence of Actual Fraud.** I understand that pursuant to Section 50(a)(6)(C), Article XVI of the Texas Constitution the Extension of Credit is without recourse for personal liability against each owner of the Property and the spouse of each owner and that Lender and its successors and assigns can enforce the promises and obligations in the Note and the Security Instrument solely against the Property, unless an owner or spouse of an owner obtains the Extension of Credit by actual fraud.

B. **Inducement and Reliance.** I understand that my execution of this Texas Home Equity Affidavit and Agreement is made to induce Lender and its successors and assigns to make or purchase the Extension of Credit, and that Lender and its assigns will rely on it as additional consideration for making or purchasing the Extension of Credit. I also understand that each of the statements made in the Representations and Warranties Section is material and will be acted upon by the Lender and its assigns, and that if such statement is false or made without knowledge of the truth, the Lender and its assigns will suffer injury.

C. **Remedies in the Event of Actual Fraud.** If any owner of the Property, or the spouse of an owner, obtains the Extension of Credit by actual fraud, then each owner, spouse of each owner and all borrowers named in the Note agree to indemnify and save Lender and its successors and assigns harmless against any loss, costs, damages, attorneys' fees, expenses and liabilities which Lender may incur or sustain in connection with such actual fraud and any court action arising therefrom and will pay the same upon demand. In addition, the borrowers named in the Note may become personally liable for repayment of the Extension of Credit.

D. **Opportunity for Lender to Comply.** It is agreed that, except as required by law, the Lender or any holder of the Note for the Extension of Credit shall not forfeit any principal or interest on the Extension of Credit by reason of failure by Lender or holder to comply with its obligations under the Extension of Credit, unless the Lender or holder of the Note fails to correct the failure to comply not later than the 60th day after the borrower notifies the Lender or holder of the Note of its failure to comply.

E. **Tax Advice.** It is agreed that it is the borrower's responsibility to determine any and all aspects of tax considerations related to the Extension of Credit. I have not relied on any tax advice provided by Lender or Lender's representatives. It is my responsibility to seek and obtain independent tax advice.

TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT (First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3185     1/01 (rev. 10/03)     (Page 3 of 4 Pages)

Identifier: ███173    Doc Type:MTGR

12-12020-mg    Doc 9659-8    Filed 02/23/16    Entered 02/23/16 15:32:39    Lathrop
Decl. Exhibit E    Pg 5 of 5

5923 00668

## III. STATEMENT UNDER OATH

I hereby swear under oath that the representations and warranties referred to and set forth in Section I above are true and correct. I understand that this Texas Home Equity Affidavit and Agreement is part of the Extension of Credit documentation.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY BY ALL OWNERS OF THE PROPERTY, SPOUSES OF OWNERS, AND BORROWERS NAMED IN THE NOTE.  YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

........................................................(Seal)
TERRY PATRICK GORMAN —Borrower

........................................................(Seal)
KAREN GORMAN —Borrower

SWORN TO AND SUBSCRIBED before me on this _____ day of ____May____, 20__.

_____
Notary Public

[PERSONALIZED SEAL]
MICHELE M. COPPOLA
MY COMMISSION EXPIRES
July 11, 2005

Printed Name of Notary _____

My Commission Expires:_____

### ADVISORY NOTICE

ALL STATEMENTS IN THE FOREGOING TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT ARE MADE UNDER OATH.  IF ANY SUCH STATEMENT IS MADE WITH KNOWLEDGE THAT SUCH STATEMENT IS FALSE, THE PERSON MAKING SUCH FALSE STATEMENT MAY BE SUBJECT TO CIVIL AND CRIMINAL PENALTIES UNDER APPLICABLE LAW, MAY BE PERSONALLY LIABLE ON THE NOTE AND MAY CAUSE ALL OTHER BORROWERS NAMED IN THE NOTE TO BE PERSONALLY LIABLE ON THE NOTE.