## Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| **TERRY PATRICK GORMAN and KAREN GORMAN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: _____** |
| **v.** | ) ) | **Jury** |
| **FIRST CONSOLIDATED MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC** | ) ) ) ) ) ) ) ) ) ) | **(Removed from the 401st Judicial District Court of Collin County, Texas, Cause No. 401-00145-2012)** |
| **Defendants.** | | |

## NOTICE OF REMOVAL

**COME NOW** Defendants Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and GMAC Mortgage, LLC ("GMAC") (collectively, "Removing Defendants"), pursuant to 28 U.S.C. §§ 1332 and 1446, and hereby give notice of the removal of this action to the United States District Court for the Eastern District of Texas, Sherman Division. As grounds for this removal, Removing Defendants state as follows:

## I. Procedural Background

1.    On or about January 17, 2012, Plaintiffs Terry Patrick Gorman and Karen Gorman (collectively, "Plaintiffs" or "Gorman") commenced an initial action by filing

1

"Plaintiffs' Original Petition" ("Original Petition") against Defendants in the 401st Judicial District Court of Collin County, Texas, Cause No. 401-00145-2012. Plaintiffs sought, *inter alia*, a declaratory judgment and damages relating to the Defendants' foreclosure proceedings regarding Plaintiffs' property, located at 2812 Browning Drive, Plano, Texas 75093 ("the Property").

2.      The District Court of Collin County is a state court within this district and division.

3.      A copy of all other process and pleadings in the state court file, including a certified copy of the state court docket sheet pursuant to Local Rule CV-81, is attached hereto as Exhibit A.

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ******
>
> [A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5.      Defendants have not yet been severed with process in this action. Therefore, this notice of removal is timely pursuant to 28 U.S.C. 1446(b) because it is filed within thirty (30) days of the service, and because this action was commenced less than one (1) year ago. *See McZeal v. EMC Mortgage Corp.*, 2009 WL 1684639, at *1 (S.D. Tex. June 16, 2009) (citing

12-12020-mg    Doc 9659-28    Filed 02/23/16    Entered 02/23/16 15:32:39    Bruno Decl.
Exhibit F    Pg 4 of 22

Case 4:12-cv-00098-RAS    Document 1-6    Filed 02/29/12    Page 3 of 21    PageID #: 3

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999)) (for removal purposes, "the 30-day period begins to run on the date a defendant receives formal service of process"). No other activity has taken place in this case.

6.    This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

7.    As shown herein, this case is properly removable based on diversity jurisdiction.

## II. Diversity Jurisdiction

8.    This action is properly removable under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1)    citizens of different States . . . .

Here, diversity jurisdiction is proper because the amount in controversy exceeds $75,000.00, and complete diversity exists between Plaintiffs Terry P. Gorman and Karen Gorman and the proper Defendants, Deutsche, MERS, and GMAC.

**A.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs.**

9.      The amount in controversy requirement is satisfied because the value of the object

of the litigation—the Property—exceeds the jurisdictional amount, $75,000.    The latest

amendments[1] to 28 U.S.C. § 1446(c) provide:

> (2) If removal of a civil action is sought on the basis of the
> jurisdiction conferred by section 1332(a), the sum demanded in
> good faith in the initial pleading shall be deemed to be the amount
> in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if
> the initial pleading seeks—
>
> (i) nonmonetary relief;
>
> . . . and;
>
> (B) removal of the action is proper on the basis of an amount in
> controversy asserted under subparagraph (A) if the district court
> finds, by the preponderance of the evidence, that the amount in
> controversy exceeds the amount specified in section 1332(a).

Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125

Stat. 758 (2011) (amending, in part, 28 U.S.C. § 1446).    In the instant case, Plaintiffs do not

demand a certain sum and seek declaratory relief, which is nonmonetary relief.    (Orig. Pet., ¶¶

91-98).    Therefore, this Notice of Removal may assert the amount in controversy.

10.      Where a defendant can show, by a preponderance of the evidence, that the amount

in controversy is greater than the jurisdictional amount of $75,000, removal is proper.    Section

103 of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See also St. Paul

Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is

more likely than not that the amount of the claim will exceed [the jurisdictional minimum]").    A

---

[1] Public Law 112-63 was signed into law by President Obama on December 7, 2011.    *See* Federal Courts
Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).    The amendments "shall
take effect upon the expiration of the 30–day period beginning on the date of the enactment of this Act; and . . . shall
apply to . . . any action that is commenced in a United States district court on or after such effective date," which is
January 6, 2012.    *See id*. at § 205.

defendant can meet its burden if it is apparent from the face of the complaint that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *Greenberg*, 134 F.3d at 1253.

11.    Plaintiffs' allegations revolve around a mortgage loan—evidenced by a Texas Home Equity Note ("Note") and a Texas Home Equity Security Instrument ("Security Instrument") on the Property that serves as security of that Note—obtained on May 9, 2005, and the subsequent foreclosure proceedings concerning the Note and the Security Instrument.  (*See* Orig. Pet., ¶¶ 11-59).  Plaintiffs seek, *inter alia*, several categories of monetary damages, including treble and punitive damages, and a judicial declaration regarding the ownership of the note, based on an allegedly faulty assignment which Plaintiffs contend invalidates Deutsche and GMAC's interest in the Note and Security Instrument.  (Orig. Pet., ¶¶ 23-27, 63, 71, 75, 79, 83, 90, 91-98).

12.    The original amount of the underlying Note in this case is $262,500.00.  (Orig. Pet., ¶ 12; "Texas Home Equity Adjustable Rate Note," attached hereto as Exhibit B).  The current value of Plaintiff's 2812 Browning Drive, Plano Texas property, which secures Plaintiffs' defaulted-upon Note, is $319,507.00 according to the latest appraisal by the Collin Central Appraisal District.  (*See* "Collin CAD Property Detail," attached hereto as Exhibit C).

13.    In the Fifth Circuit, "courts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunction . . . and in suits to remove a cloud from the title of realty."  *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).  "When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."

5

*Nationstar Mortg., LLC v. Knox*, 251 Fed.Appx. 844, 2009 WL 2605356 *3 (5th Cir. Aug. 25, 2009) (*citing Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Circuit, 1961)); *Polinard v. Homecomings Financial Network, Inc.*, 2007 WL 1745314 *2 (W.D. Tex. June 14, 2007) (when right to property is questioned, "the value of the property controls the amount in controversy" (*citing Waller*)).  In actions seeking declaratory, injunctive or equitable relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Milligan v. Chase Home Fin., LLC*, 2009 WL 562219, at *3 (N.D. Miss. Mar. 4, 2009) (*citing Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977)).

14.    Specifically in regard to actions surrounding foreclosure proceedings and where a plaintiff is seeking injunctive relief, courts in the Fifth Circuit have recently held that the amount in controversy is the value of the property.  *See, e.g.*, *Bardwell v. BAC Home Loan Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (noting that the amount in controversy is the value of the property where a plaintiff seeks injunctive relief); *McDonald v. Deutsche Bank National Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) ("Thus, [the plaintiff's] request for an injunction calls into question the right to the property in its entirety and the amount in controversy is equal to the value of the property."); *Buttelman v. Wells Fargo Bank, NA*, No. 5:11-CV-00654, 2011 WL 5155919, at *3-4 (W.D. Tex. Oct. 28, 2011) ("Here, Plaintiff is seeking to enjoin Defendant from foreclosing, selling, transferring, auctioning, or conducting the trustee's sale of the entire property. Plaintiff's entire property is the object of the litigation."); *Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010) (same); *Eisenberg v. Deutsche Bank Trust Co.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *1 (W.D. Tex. July 5, 2011) (same).

12-t2020-mto   Doc-3650-28   Filed 02/23/16   Entered 02/23/16 15:32:39   Piemo Decl.
Case 4:12-cv-00098-RAS   Document 16   Filed 02/27/12   Page 15 of 21   PageID #:
Exhibit F   Pg 8 of 22

15.     In the instant action, Plaintiffs Original Petition seeks declaratory relief regarding the ownership of the Note, which places the validity of the Removing Defendants' lien at issue. Further, Plaintiffs' Original Petition clearly establishes that the value of the Note is $262,500.00. (Orig. Pet., ¶ 12).  The Collin County Appraisal District property evaluation also establishes that the value of the Property securing the Note exceeds the jurisdictional limit, valuing the property at $319,507.00.  *See Hayward v. Chase Home Fin., LLC,* 2011 WL 2881298, at *4-5 (N.D. Tex. July 18, 2011) (relying on Dallas Central Appraisal District's appraised value of the subject property in support of the amount in controversy).  Accordingly, the value of Plaintiffs' claims exceeds $75,000, exclusive of interest and costs, and thereby satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332.

### B.  Complete diversity exists between Plaintiffs and the proper Defendants, Deutsche, MERS, and GMAC.

16.     Plaintiffs Terry Patrick Gorman and Karen Gorman are domiciled in and are citizens of the State of Texas.  (Orig. Pet., ¶ 5).  This is evident from Plaintiffs' Original Petition where they plainly state that they are "individuals residing in Collin County, Texas."  (Orig. Pet., ¶ 5).  An individual is a citizen of the state in which the individual is domiciled.  *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

17.     Defendant Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 is now, and was at the commencement of this action and all intervening times, a corporation organized under the laws of the State of New York, with its principle place of business in New York.  A Corporation is a citizen of its state of incorporation and the state of its principle place of business, which is where the corporation's high level officers direct, control, and coordinate the

corporation's activities.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185 (2010).

18.     Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with its principal place of business in Virginia, and is therefore a citizen, for purposes of diversity jurisdiction, of Delaware or Virginia.

19.     Defendant GMAC Mortgage, LLC is a limited liability company.  The citizenship of an LLC is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  If the members of the LLC are themselves LLC's, their citizenship "must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Burford v. State Line Gathering System, LLC*, 2009 WL 2487988, at *1 (W.D. La., Aug. 12, 2009) (citing *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363 (W.D. La. 2007)).  As set out in *CMC Steel Fabricators, Inc. v. RK Construction, Inc.*, *et al*., 2009 WL 1924352, at *1 (W.D. La. June 29, 2009) (internal citations omitted):

> [F]or each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because 'only natural persons and corporations have a legal existence – for diversity purposes – that is not dependent on the citizenship of their constituent members.'

20.     GMAC Mortgage, LLC's sole member is GMAC Residential Holding Company, LLC.  GMAC Residential Holding Company, LLC's sole member is Residential Capital, LLC. Residential Capital, LLC's members are GMAC Mortgage Group, LLC, and ResCap Investments, LLC.  ResCap Investments, LLC's sole member is GMAC Mortgage Group, LLC.

GMAC Mortgage Group, LLC's sole member is Ally Financial, Inc., which is incorporated under the laws of the State of Delaware with its principal place of business in Michigan.[2]

21.     Thus, under the case authority cited supra, once the chain of ownership is traced, GMAC Mortgage, LLC's member is a citizen of Delaware and Michigan, and not a citizen of Texas.

22.     Therefore, complete diversity exists between Plaintiffs, who are citizens of Texas, and the proper Defendants MERS, Deustche, and GMAC none of which are citizens of Texas.

23.     The Original Petition also apparently purports to assert claims against named Defendants First Consolidated Mortgage Company ("FCMC") and Ray DeWitt III ("DeWitt"), in his capacity as shareholder of FCMC.  (*See* Orig. Pet., ¶¶ 6, 9, 95).  However, as set forth below, there is no possibility that Plaintiffs can establish a cause of action against these improper Defendants. Accordingly, FCMC and DeWitt have been fraudulently joined and their citizenship must be disregarded by the Court for purposes of determining jurisdiction.

## C.    The citizenship of improper Defendants FCMC and DeWitt should be ignored because these parties were fraudulently joined.

24.     Fraudulent or improper joinder is a well-established exception to federal diversity jurisdiction.  *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992 (2005); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Heritage Bank v. Redcom Labs., Inc*., 250 F.3d 319, 323 (5th Cir. 2001), cert. denied, 534 U.S. 997 (2001). Under the doctrine of fraudulent joinder, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse

---

[2] For diversity purposes, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S. C. § 1332(c)(1).

and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006).

25.     Fraudulent joinder is established by showing actual fraud in pleading jurisdictional facts or inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (*quoting Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). To prevail, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). A "mere theoretical possibility of recovery under local law" is insufficient to preclude a finding of fraudulent joinder. *Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000). "A court may resolve [the issue of fraudulent joinder] in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry." *Alliance Dev., Inc. v. St. Paul Mercury Ins. Co.*, 2012 WL 112612, at *2 (S.D. Tex. Jan. 11, 2012). Where the plaintiff's allegations against a defendant cannot survive the challenge, the improper party has been fraudulently joined, and its citizenship must be disregarded. *See id.* at *2.

26.     Plaintiffs assert causes of action against FCMC for (a) fraud in the inducement, (b) conspiracy, (c) usury, (d) breach of contract, and (e) lender liability, and asserts a cause of action against FCMC and DeWitt for (f) declaratory judgment, seeking to hold DeWitt responsible for the actions of FCMC. As shown below, Plaintiffs have no possibility of recovery

on any of their claims against FCMC and DeWitt; accordingly, these parties have been
fraudulently joined and their citizenship must be disregarded for purposes of removal.

> (a)   *Plaintiffs fail to state a claim against FCMC for fraud in the inducement because
> the contract executed by Plaintiffs directly contradicts the alleged
> misrepresentations that constitute the fraud, the claim is barred by the statute of
> limitations and statute of frauds, and the only injury is economic loss.*

27.    Plaintiffs have no possibility of recovery against FCMC based on any alleged
misrepresentations regarding the Note's interest rate because the Note—executed by Plaintiffs—
clearly states the applicable interest rate, the four-year statute of limitations for fraud claims and
the statute of frauds bar this claim completely, and Plaintiffs only suffered economic loss.

28.    For a valid claim of fraudulent inducement, "the fraud must be something more
than merely oral representations that conflict with the terms of the written contract." *Foster v.
Bank One Texas NA*, 54 Fed. Appx. 592, 2002 WL 31730405, at *3 (5th Cir. 2002) (*quoting
Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997)).

29.    The Texas statute of frauds states that "[a] loan agreement in which the amount
involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and
signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM.
CODE § 26.02(b).  Further, "[t]he rights and obligations of the parties to [a loan] agreement . . .
shall be determined solely from the written loan agreement, and any prior oral agreements
between the parties are superseded by and merged into the loan agreement." *Id.* at § 26.02(c).  A
loan agreement "may not be varied by any oral agreements or discussions that occur before or
contemporaneously with the execution of the agreement." *Id.* at § 26.02(d).  Thus, § 26.02 bars
any claim of fraudulent inducement based on prior or contemporaneous oral representations that
conflict with the written terms of the contract.  *See Foster*, 2002 WL 31730405, at *3 (holding

that a similar claim of fraudulent inducement based on oral representations prior to the execution of the written contract were barred by § 26.02).

30.     Under Texas law, a fraud claim must be brought "within four years of when the fraud should have been discovered by reasonable diligence." *Ford v. Exxon Mobil Chem. Co*., 235 S.W.3d 615, 617 (Tex. 2007) (citations omitted).   The fraud claim "accrues upon the perpetration of the fraud, or if the fraud is concealed, when it is discovered or, through the exercise of reasonable diligence, should have been discovered." *Pooley v. Seal*, 802 S.W.2d 390, 393 (Tex. App.—Corpus Christi 1990, writ denied).

31.     A claim of fraudulent inducement claim is barred when the injury is limited to economic loss.   "It is well-settled under Texas law ... that, '[w]hen the injury is only the economic loss to the subject matter of a contract itself, the action sounds in contract alone.'" *Wismer Distributing Co. v. Brink's, Inc*., 202 F. App'x 729, 731 (5th Cir. 2006) (*quoting Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 538 (5th Cir. 2003); *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991).

32.     Here, the Note clearly states that the interest rate "may change" and provides, in great detail, the circumstances and calculations that affect the Note's interest rate.   (Note, Exh. B., ¶ 2, 4).   Moreover, Plaintiffs executed a "Texas Home Equity Adjustable Rate Rider" ("Adjustable Rate Rider") contemporaneously with the Note that emphasizes that the Note's interest rate may vary between 15.4900% and 9.4900%, and reaffirms the circumstances and calculations that affect the Note's interest rate.   (Texas Home Equity Adjustable Rate Rider, attached hereto as Exhibit D).

33.     Regardless of the alleged representations made before the closing of the loan, Plaintiffs executed the Note and Adjustable Rate Rider that clearly and conspicuously contain terms allowing for an interest rate between 9.4900% and 15.4900%.  Because Plaintiffs' claim of fraudulent inducement relies completely on mere alleged oral representations that differ from the written terms of the contract, Plaintiffs do not state a cause of action for fraudulent inducement and the claim is due to be dismissed.

34.     Additionally, Plaintiffs' fraud in the inducement claim is time barred under the applicable four-year statute of limitations.  The alleged fraud occurred at the closing of the loan, on May 9, 2005.  Plaintiffs filed their Original Petition on or about January 16, 2012—more than six years later.  Plaintiffs do not allege that Defendants concealed the fraud.  In fact, the conflict between the alleged representations and the contract was apparent from the face of the contract as executed on May 9, 2005.  *See Val-Com Acquisitions Trust v. Wells Fargo Bank, Nat. Ass'n*, 2011 WL 2517230, at *5 (N.D. Tex. June 23, 2011) (dismissing a borrower's fraud claims based on representations made prior to the closing of the loan under the statute of limitations and holding that the claims accrued at the execution of the loan).  Accordingly, Plaintiffs fraud in the inducement claim is time barred and Plaintiffs have no possibility of recovery.

35.     Plaintiffs' fraud in the inducement claim is further barred by the statute of frauds, Texas Business and Commercial Code § 26.02.  Plaintiffs complain of alleged *oral* representations that conflicted with the written terms of the loan.  Because an enforceable, written contract exists, the statute of frauds bars Plaintiffs from asserting a cause of action for oral representations that are alleged to vary the terms of the written contract.  *See Foster,* 2002 WL 31730405 at *3.

Case 4:12-cv-00098-RAS Document 43 Filed 02/17/12 Page 14 of 21 PageID #: 24

12-12020-mg   Doc 8659-83   Filed 02/23/15   Entered 02/23/15 15:32:39   Premo Decl.
Exhibit F   Pg 15 of 22

36.     Lastly, the only alleged injury is the economic loss related to the homestead—the subject matter of the contract.  (*See* Orig. Pet., ¶ 61).  Therefore, the only cause of action available to Plaintiffs is in breach of contract, and not in tort.  *See Kiggundu v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011) (dismissing similar fraud claims under the economic loss theory).

> (b)    *Plaintiffs' conspiracy claim against FCMC is time barred and fails as a matter of law because it relies upon Plaintiffs' untenable fraud in the inducement claim.*

37.     Plaintiffs' civil conspiracy claim against FCMC fails as a matter of law because it barred by the applicable statute of limitations and is based on Plaintiffs untenable fraud in the inducement claim.  "Under Texas law, the essential elements of a civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result.  Civil conspiracy requires specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means."  *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (*citing Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005), *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)) (internal quotation marks omitted).  The statute of limitations for a civil conspiracy claim is two years under Texas law.  *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318 (Tex. App.—Houston [1st Dist.] 1990, writ denied).  Further, a cause of action accrues when the wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if the damages from the injury had not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

38.     Here, Plaintiffs' claim of civil conspiracy against FCMC is time-barred by the two-year statute of limitations.  Plaintiffs' conspiracy claim relates to the alleged misrepresentations made upon the inception of the loan, which took place on May 9, 2005.

Case 4:12-cv-00098-RAS Document 43 Filed 02/17/12 Page 15 of 21 PageID #: 15

12-12020-mg Doc 9659-83 Filed 02/23/16 Entered 02/23/16 15:32:39 Priore Decl.
Exhibit F Pg 16 of 22

Plaintiffs filed their Original Petition on or about January 17, 2012, more than six years after the events that Plaintiffs contend constitute conspiracy. As set forth above, Plaintiffs discovered or could have discovered that the alleged misrepresentations conflicted with the contract upon executing the contract. Therefore, Plaintiffs' civil conspiracy cause of action is barred as a matter of law by the two-year statute of limitations.

39. Plaintiffs' Original Petition also fails to set forth an unlawful act; accordingly, Plaintiffs have not stated all of the elements of a conspiracy claim. *See Kiggundu*, 2011 WL 2606359, at *7 (granting summary judgment on a civil conspiracy claim where the plaintiff's complaint failed to set forth an illegal actions). Plaintiffs allege that FCMC, MERS, and Deutsche "acted in concert to complete the [previously described] fraud in the inducement." As described above, Plaintiffs' fraud in the inducement claim is untenable, and, therefore, Plaintiffs have not and cannot plead an unlawful act. Plaintiffs have no possibility of recovery against FCMC on this claim.

    *(c)*   *Plaintiffs' usury claim against FCMC is time barred.*

40. Plaintiffs' usury claim against FCMC fails as a matter of law because it is absolutely barred by the applicable statute of limitations. The statute of limitations on a debtor's usury claim begins to run at the time an allegedly usurious payment is made. TEX. FIN. CODE. § 305.006(a) ("An action under this chapter must be brought within four years after the date on which the usurious interest was contracted for, charged, or received."); *Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 519 n.3 (Tex. App.—El Paso 2007); *Hurley v. Nat'l Bank of Commerce*, 529 S.W.2d 788, 790 (Tex. Civ. App.—Dallas 1975, *writ ref'd n.r.e.*).

41. Plaintiffs' usury claim stems from the fees charged at the inception of the loan. (Orig. Pet., ¶ 72). Accordingly, this claim—if it exists—arose when the alleged usurious fees

Case 4:12-cv-00098-RAS  Document 43  Filed 02/17/12  Page 16 of 21 PageID #: 26

12-12020-mg  Doc 8659-23  Filed 02/23/16  Entered 02/23/16 15:32:39  Pruess Decl.
Exhibit F  Pg 17 of 22

were charged, contracted for, and received at the creation of the loan on May 9, 2005.  (*See* Orig.

Pet., ¶¶ 12, 72).  Plaintiffs filed their Original Petition on or about January 17, 2012, more than

six years after the alleged usurious fees were charged.  Therefore, Plaintiffs' usury claim against

FCMC is barred as a matter of law by the four-year statute of limitations, and Plaintiffs have no

possibility of recovery against FCMC.

> (d) *Plaintiffs breach of contract claim against FCMC is time barred barred by the statute of frauds.*

42.  Plaintiffs breach of contract claim is barred by the statute of frauds because it is

based on alleged oral misrepresentations and is, nonetheless, barred by the four-year statute of

limitations.  Texas' statute of frauds, TEX. BUS. & COMM. CODE § 26.02(b), applies to loan

agreements in excess of $50,000.  Under § 26.02(b), "the rights and obligations of the parties to

an agreement . . . shall be determined solely from the written loan agreement, and any prior oral

agreements between the parties are superseded by and merged into the loan agreement." §

26.02(c).  Furthermore, "an agreement subject to Subsection (b) of this section may not be varied

by any oral agreements or discussions that occur before or contemporaneously with the

execution of the agreement." § 26.02(d).  Plaintiffs' claim of breach of contract is predicated

completely on the alleged *oral* misrepresentations that occurred at the inception of the loan.  (*See*

Orig. Pet., ¶¶ 18, 76).  Accordingly, § 26.02 bars any claim of breach of contract to the extent

that the oral representations vary from the written terms of the contract.  Because Plaintiffs'

breach of contract claim relies completely on oral misrepresentations that vary from the written

terms of the Note and related loan agreements, § 26.02 bars Plaintiffs' claim of breach of

contract, and Plaintiffs have no possibility of recovery on this cause of action.  *See Fankhauser*

*v. Fannie Mae*, 2011 WL 1630193, at *3 (E.D. Tex. March 30, 2011) (dismissing plaintiff's

breach of contract claim based on an oral representation).

43.     The statute of limitations for breach of contract is four years under Texas law. TEX. PRAC. & REM. CODE § 16.004; *Law Offices of Moore & Associates v. Aetna Ins. Co.*, 902 F.2d 418, 423 (5th Cir. 1990). Plaintiffs' claim for breach of contract arose when the alleged misrepresentations were made at the execution of the loan on May 9, 2005. (*See* Orig. Pet., ¶¶ 12, 18, 76). Plaintiffs filed this action on or about January 17, 2012, more than six years after the alleged harm occurred. Therefore, Plaintiffs' breach of contract claim is barred by the applicable four-year statute of limitations.

       (e)     *Plaintiffs' lender liability claim fails to state a cause of action.*

44.     Plaintiffs' claim of "lender liability" fails as a matter of law because no "special relationship" existed between Plaintiffs and FCMC. "The duty of good faith and fair dealing only exists in Texas where express language in a contract creates the duty or where a special relationship of trust exists between the parties." *Graves v. Deutsche Bk. Nat. Trust Co*., 2011 WL 2119189, at *3 (N.D. Tex. May 27, 2011). It is well established under Texas law that, ordinarily, there is no special relationship between a mortgagor and mortgagee. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706 (Tex. 1990) ("The relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *Adams v. Bank of Am.*, 2011 WL 5080217, at *7 (E.D. Tex. Oct. 26, 2011) ("In Texas, there is 'no special relationship between a mortgagor and mortgagee.'") (*quoting Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006); *Zoluaga v. BAC Home Loans Servicing, L.P.*, 2011 WL 5600377, at *6 (E.D. Tex. Nov. 16, 2011) (same). Thus, "absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Adams*, 2011 WL 5080217, at *7. (internal quotations omitted).

45.     Plaintiffs allege that a special relationship was created between Plaintiffs and FCMC simply by virtue of the execution of the Note and Security Instrument.  (Orig. Pet., ¶¶ 84-87).  This is contrary to well-established Texas law, which holds that a special relationship is not ordinarily created between a mortgagor and mortgagee.  Plaintiffs do not—and cannot—allege any other facts to demonstrate that a special relationship between Plaintiffs and FCMC existed otherwise.  Accordingly, Plaintiffs' claim of lender liability fails as a matter of law, and Plaintiffs have no possibility of recovery against FCMC on this claim.

> *(f)*     *Plaintiffs' claim against Ray DeWitt for declaratory judgment fails because all of Plaintiffs' claims against FCMC fail as a matter of law.*

46.     Plaintiffs assert a declaratory judgment claim against DeWitt "as to all actions asserted against [FCMC]."  (Orig. Pet., ¶ 95).  This is the only claim Plaintiffs assert against DeWitt.  To survive dismissal, a claim under the Texas Declaratory Judgment Act, TEX. PRAC. & REM. CODE Ch. 37, et seq., requires the existence of a justiciable controversy.  *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).  As discussed above, all of the claims against FCMC are due to be dismissed.  Because Plaintiffs' declaratory judgment cause of action against DeWitt relies upon the untenable claims against FCMC, no actual controversy exists, and Plaintiffs have no possibility of recovery on their declaratory judgment cause of action against DeWitt.  *See Broyles v. Chase Home Finance*, 2011 WL 1428904, at *5 (N.D. Tex. Apr. 13, 2011) (dismissing plaintiff's declaratory judgment claim where the claim lacked an actual controversy).

## III.  ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

47.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

48.     This action has not previously been removed.[3]

49.     Pursuant to 28 U.S.C. § 1446(a), this removal is being filed on behalf of all properly served and non-fraudulently joined Defendants.  The consent of Defendants First Consolidated Mortgage Co. and Ray T. DeWitt to this removal are not required because, as discussed above, both of these Defendants were improperly joined.  *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

50.     Removal at the present time will not result in any prejudice to Plaintiffs as the matter is in the initial pleading stage and no discovery has occurred.

51.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12(b), or otherwise, including, but not limited to, the defenses for failure to state a claim upon which relief can be granted.

52.     Defendants herein reserve the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

---

[3] Plaintiffs previously filed an action styled *Terry P. Gorman and Karen Gorman v. Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 and GMAC Mortgage, LLC* as Cause No. 429-04450-2011 in the 429th Judicial District Court of Collin County Texas, which was removed to the United States District Court for the Eastern District of Texas, Sherman Division on November 14, 2011, case no. 4:11-cv-00748.  Plaintiffs voluntarily dismissed that action on December 14, 2011.  (Case No. 4:11-cv-00748, Doc. 9, 10).

53.     A copy of this Notice of Removal is being filed with the Clerk of the District Court of Collin County, Texas, as provided under 28 U.S.C. § 1446.  Defendant is also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, and award Defendants expenses, costs, and attorney fees.

DATED: February 17th, 2012.

Respectfully submitted,

*/s/* Keith S. Anderson
Keith S. Anderson (TX Bar No. 24075789)
Graham W. Gerhardt (TX Bar No. 24075698)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ggerhardt@babc.com
ATTORNEYS FOR DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; AND GMAC MORTGAGE, LLC

### CERTIFICATE OF SERVICE

     I hereby certify that on February 17th, 2012, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to his regular mailing address, to the following:

         Terry P. Gorman
         1400 Preston Road, Suite 400
         Plano, TX 75093

              */s/* Keith S. Anderson
              OF COUNSEL