**<u>Exhibit I</u>**

# IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **TERRY PATRICK GORMAN and** | § | |
| **KAREN GORMAN** | § | |
| **Plaintiffs** | § | **CIVIL ACTION No.: 4:12-CV-00098** |
| **vs.** | § | |
| | § | |
| **FIRST CONSOLIDATED MORTGAGE** | § | |
| **COMPANY;** | § | **(Removed from the 401ˢᵗ Judicial District** |
| **MORTGAGE ELECTRONIC** | § | **Court of Collin County, Texas.** |
| **REGISTRATION SYSTEMS, INC.;** | § | **Cause No. 401-00145-2012)** |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE TRUSTEE** | § | |
| **UNDER THE INDENTURE RELATING** | § | |
| **TO IMH ASSETS CORP,** | § | |
| **COLLATERALIZED ASSET-BACKED** | § | **Jury Requested** |
| **BONDS, SERIES 2005-7;** | § | |
| **RAY T. DEWITT III; and** | § | |
| **GMAC MORTGAGE, LLC** | § | |
| **Defendants** | § | |

_____

## PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs **TERRY PATRICK GORMAN** and **KAREN GORMAN** to

file their "Plaintiffs' Response to Second Motion to Dismiss" ("Response") as follows:

1.      Pending before this Court is the Defendants' Motion to Dismiss Plaintiffs' First

Amended Complaint Under Rule 12(b)(6) ("Second Motion") filed by Defendant DEUTSCHE

BANK NATIONAL TRUSTCOMPANY, AS INDENTURE   TRUSTEE UNDER THE

INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED

BONDS, SERIES 2005-7 ("Deutsche Bank"); Defendant MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. ("MERS") and Defendant GMAC MORTGAGE, LLC.

("GMAC"). For the purposes of this Response, Deutsche Bank, MERS, and GMAC may be

collectively referred to as the "Filing Defendants").

Case 4:12-cv-00098-RAS Document 14 Filed 05/02/12 Page 2 of 14 PageID #: 286

SUMMARY OF RESPONSE
A. Introduction.
B. Response to Filing Defendants' Statement of the Issues.
C. The Filing Defendants' Attachments and Factual Statements should be ignored.
D. Standard of Review for 12(b)(6) challenges.
E. Plaintiffs provide sufficient notice of claims; whereupon relief can be granted.
F. Conclusion.

## A.     Introduction.

2.      On February 24, 2012, the Filing Defendants filed their first Motion to Dismiss

Plaintiffs' Original Petition ("First Motion") requesting this Court to dismiss Plaintiffs' claims

against the Filing Defendants; asserting that the Plaintiffs' Original Complaint (which had been

written in accordance with the applicable pleading standards of the Texas Rules of Civil

Procedure governing the Texas district court where Plaintiff's Original Complaint was originally

filed) did not provide the specificity required by the Federal Rules of Civil Procedure.

3.      In response to the Filing Defendants' First Motion, Plaintiffs filed their First-

Amended Complaint ("FAC") wherein Plaintiffs set forth in great detail (comprising 85

paragraphs) the facts that support the 34 separate counts being asserted by Plaintiffs' in their

FAC.  However, within days of Plaintiffs' filing their FAC, the Filing Defendants pulled out

another boiler-plate motion to dismiss; trying desperately to avoid responsibility for the improper

actions committed by the Filing Defendants against Plaintiffs.

4.      As set forth in this Response, the Filing Defendants' Second Motion is without

merit, should be denied, and a thorough review of the improper actions of the Filing Defendants

should begin.

## B.  Response to Filing Defendants' Statement of the Issues.

5.      In accordance to Local Rule CV-7, Plaintiffs state that the Plaintiffs FAC does

indeed set forth claims upon which Plaintiffs can prevail upon as to the Filing Defendants, and

**PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS**                                      2
glaw 5.01.2012

Case 4:12-cv-00098-RAS Document 14 Filed 05/02/12 Page 3 of 14 PageID #: 267

12-12020-mg   Doc 9658-26   Filed 02/23/16   Entered 02/23/16 15:32:39   Premo Decl.
Exhibit I   Pg 4 of 15

the Filings Defendants' Second Motion should be denied.

### C.        The Filing Defendants' Attachments and Factual Statements should be ignored.

6.        The Filing Defendants' Second Motion has various documents attached as Exhibits, A, B, and C (collectively, the "Hearsay Documents").  Further, the Second Motion contains factual statements and conclusions inserted by the author of the Second Motion, as if such statements and conclusions are admissible evidence for this Court to consider (hereafter, the "Hearsay Statements").  Because the Filing Defendants do not even attempt to authenticate the Hearsay Documents and the Hearsay Statements, such Documents and Statements are not properly before this Court and should be ignored.

7.        Although the jurisprudence surrounding 12(b)(6) challenges does allow (under certain circumstances) the review of certain documentation, the circumstances before this Court do NOT allow such a review.

8.        None of the Hearsay Documents were attached to the Plaintiffs' FAC.  None of the Hearsay Documents were incorporated by reference into the Plaintiffs' FAC.  None of the Hearsay Documents are of the type that this Court can take judicial notice of.

9.        Numerous documents were executed by Plaintiffs at the time the relevant underlying loan was made, and without a complete review of all the documentation, Plaintiffs cannot make a determination as to the authenticity of the Hearsay Documents.  As a result, the authenticity of the Hearsay Documents is challenged by the Plaintiffs, and the Hearsay Documents are, therefore, not properly before this Court for consideration.

10.        Further, although the Hearsay Documents (assuming arguendo that such Documents were authentic and properly before this Court) are central to certain of Plaintiffs' claims, by no means do the Hearsay Documents (assuming arguendo that such Documents were

**PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS**                                                    3
glaw 5.01.2012

authentic and properly before this Court) represent all of the documentation supporting Plaintiffs' claims.

11. Regarding the Hearsay Statements included by the author of the Filing Defendants' Second Motion, no jurisprudence allows this Court to consider such Statements. Even if the Filing Defendants had filed a motion for summary judgment, this Court cannot base a ruling on unauthenticated statements pulled out of the air.

### D.    Standard of Review for 12(b)(6) challenges.

12. Challenges under 12(b)(6) of the *Fed. R. Civ. P.* are generally viewed with disfavor. *Collins v. Morgan Stanley Dean Witter*, 224 F.3rd 496, 498 (5th Cir. 2000). Nor can a 12(b)(6) challenge be used to resolve factual issues or merits of the case. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

13. A challenge under 12(b)(6) (such as the Second Motion) <u>fails</u> if the complaint (here, the FAC) provides:

### *fair notice of its claims and factual allegations that are plausible*

*Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007)*; Ashcroft v. Iqbal,* 129 S Ct. 1937 (2009*);* and *Fed. R. Civ. P.* 8(a)(2). Further,

### *the factual allegations are deemed to be true*

*Crowe v. Henry*, 43 F.3rd 198, 203 (5th Cir. 1995).

14. When reviewing the Plaintiffs' FAC against the foregoing judicial standards, the Second Motion by the Filing Defendants fails.

Case 4:12-cv-00098-RAS    Document 14    Filed 05/02/12    Page 5 of 14 PageID #: 289

**E.    Plaintiffs provide sufficient notice of claims, whereupon relief can be granted.**

15.    Although the Filing Defendants spend approximately seventeen (17) pages of their Second Motion in "attacking" the Plaintiffs' Claims, little (if any) of such discourse is centered on whether or not the Plaintiffs' FAC provides ***"fair notice of its claims and factual allegations that are plausible."***  Rather, the Second Motion:

> a)    Focuses on the Filing Defendants' belief that the facts (relying on the Hearsay Documents and the Hearsay Statements) "defeat" the Plaintiffs' Claims;

> b)    Ignores the consequences of the creation of the underlying mortgage, in non-compliance with the described Constitutional Protections of the Texas Constitutional related to home-equity loans (such consequences being the invalidity of the underlying loan);

> c)    Completely sidesteps the alleged, improper actions of the Filing Defendants made after the creation of the underlying mortgage;

> d)    Intentionally obfuscates the difference between efforts to collect from Plaintiffs' "personally" (which efforts were made by the Filing Defendants) and merely efforts to collect on the collateral of a loan;

> e)    Disregards how the actions of, and circumstances surrounding, the Filing Defendants have themselves created a situation where the Filing Defendants should be "estopped" from pursuing the homestead of the Plaintiffs; and

> g)    Makes a "scatter-gun" attack on the viability of Plaintiffs' asserted causes of action.

16.    When reviewing the nature and context of the foregoing arguments set forth by the Filing Defendants, it becomes apparent that the Plaintiffs' FAC does INDEED provide ***"fair notice of its claims and factual allegations that are plausible."*** The Second Motion does not present this Court with a viable 12(b)(6) challenge to the Plaintiffs' FAC, but instead is merely an attempt to summarily escape the Filing Defendants being liable for their own actions.

Case 4:12-cv-00098-RAS Document 14 Filed 05/02/12 Page 6 of 14 PageID #: 290

12-12020-mg Doc 9658-26 Filed 02/23/16 Entered 02/23/16 15:32:39 Promo Decl.
Exhibit I Pg 7 of 15

### *Plaintiffs' Fraud Counts 2-4, and, Fraudulent Inducement Counts 6-8*

17.    The Filing Defendants challenge the Plaintiffs' fraud counts 2-4 and 6-8 by arguing that the actions of the Filing Defendants cannot be fraudulent because: the actions of such Defendants were not fraudulent; the Hearsay Documents and Hearsay Statements establish that no fraud was committed; the time limit for Plaintiffs to assert such claims has passed (based on the Hearsay Documents and Hearsay Statements); the actions of the Filing Defendants are "shielded" by Texas law because such fraudulent actions are not set forth in writing; Plaintiffs' have not been "harmed" because they have not yet been improperly forced from their homestead; and that Plaintiffs have suffered no economic damages beyond the possible, future loss of their home.

18.    The foregoing challenges fail because the arguments: are not proper under 12(b)(6); are improperly based on facts purportedly established within, and by, the Hearsay Documents and the Hearsay Statements; do not address all of the harmful acts and omissions of the Filing Defendants; and ignore the overall financial damages suffered by Plaintiffs as a result of the acts and omissions of the Filing Defendants.

### *Plaintiffs' Usury Counts 10-12*

19.    The Filing Defendants challenge the Plaintiffs' usury counts 10-12 by arguing that: the actions of the Filing Defendants cannot be usurious because: the Hearsay Documents and Hearsay Statements establish that only contracted for interest was collected; the time limit for Plaintiffs to assert such claims has passed (based on the Hearsay Documents and Hearsay Statements); and attempts to collect funds from Plaintiffs personally (even though Plaintiffs have no personal liability) is somehow "allowable" under Texas law if there is collateral involved.

Case 4:12-cv-00098-RAS Document 14 Filed 05/02/12 Page 7 of 14 PageID #: 251

12-12020-mg   Doc 9658-26   Filed 02/23/16   Entered 02/23/16 15:32:39   Premo Decl.
Exhibit I   Pg 8 of 15

20.     The foregoing challenges fail because the arguments: are not proper under 12(b)(6); are improperly based on facts purportedly established within, and by, the Hearsay Documents and the Hearsay Statements; do not address all of the harmful acts and omissions of the Filing Defendants; ignore the overall financial damages suffered by Plaintiffs as a result of the acts and omissions of the Filing Defendants; do not recognize even the possibility that the Filing Defendants may have been collecting interest at rates beyond the agreed upon rates of the underlying mortgage; and merely assume it is not usurious to try to personally collect funds from persons who are not personally liable for the repayment of such funds.

### *Plaintiffs' Breach of Contract Counts 14-16*

21.     The Filing Defendants challenge the Plaintiffs' breach of contract counts 14-16 by arguing that: the Hearsay Documents and Hearsay Statements establish that the Filing Defendants did not breach their contract with Plaintiffs; the time limit for Plaintiffs to assert such claims has passed (based on the Hearsay Documents and Hearsay Statements); the actions of the Filing Defendants are "shielded" by Texas law because the acts and omissions which give rise to the breaches by the Filing Defendants' actions are not set forth in writing; and that the Plaintiffs' failure to pay certain payments under the underlying loan somehow prevent Plaintiffs asserting that the Filing Defendants had already breached the contract and were not entitled, under the respective underlying mortgage, to charge the interest that was indeed being charged by the Filing Defendants.

22.     The foregoing challenges fail because the arguments: are not proper under 12(b)(6); are improperly based on facts purportedly established within, and by, the Hearsay Documents and the Hearsay Statements; do not address all of the harmful acts and omissions of the Filing Defendants as to ALL the contracts forming the underlying mortgage (including oral

**PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS**                                                              7
glaw 5.01.2012

contracts made after the origination of the underlying mortgage); ignore the overall financial damages suffered by Plaintiffs as a result of the acts and omissions of the Filing Defendants; and disingenuously submit to this Court the proposition that a party must allow a party to continue to breach the applicable contract before the party being harmed can seek relief.

23.    As to the last point, the facts before this Court will show that the Filing Defendants were charging interest rates far beyond the amount agreed to in the underlying mortgage, and no Texas jurisprudence exists that requires Plaintiffs to have continued such usurious payments before a breach of contract claim could be raised.

### *Plaintiffs' TDCA Counts 17-19*

24.    The Filing Defendants challenge the Plaintiffs' Texas Debt Collection Practices Acts ("TDCA") counts 17-19 by arguing that Plaintiffs have failed to allege a cause of action.

25.    The foregoing challenge fails because the Filing Defendants incorrectly, improperly, and without any basis-assume that the Texas TDCA: allows a party to attempt collection of funds that were not contracted for by the parties; allows a party to attempt collection of funds that are not legally due; allows a collecting party to make harassing phone calls; allows a collecting party to make harassing communications via mail; allows a collecting party to attempt to coerce payments from a borrower; allows a collecting party to ignore the Texas Constitutional requirements related to any attempt to collect under a Texas home-equity loan; allows a party to attempt improper collection efforts of collateral under a loan; and allows a party to remain immune from the overall financial damages suffered by Plaintiffs as a result of the acts and omissions of the Filing Defendants.

Case 4:12-cv-00098-RAS    Document 14    Filed 05/02/12    Page 9 of 14 PageID #: 293

*Plaintiffs' Predatory and Unconscionable Lender Practices Counts 21-23*

26.    The Filing Defendants challenge the Plaintiffs' predatory and unconscionable lender practices counts 21-23 by merely concluding that Texas does not recognize such acts and omissions by a lender as actionable under Texas law.  In support of the Filing Defendants' brazen conclusion, the Filing Defendants cite no Federal Fifth Circuit decisions, no Texas Supreme Court decisions, no Texas Court of Appeal decisions, and no Texas District Court decisions. Rather, the Filing Defendants refer this Court to two Federal District Court cases which held that, in the cases at hand, the parties had not plead sufficient facts to support a claim for predatory and unconscionable actions of a lender.

27.    If there is no Texas predatory lending cause of action, then why does the Texas Office of Consumer Credit Commissioner ("TOCCC") publish its own chart of the **Texas Response to Predatory Lending Practices**. (*See*, TOCCC website).  In the summary set forth by the TOCCC, various predatory lending practices are described and then tied to particular protections found in Texas law.

28.    Various other Texas cases also support the existence of a predatory lending cause of action in Texas.  While each of the following Texas courts found that the proof asserted by the applicable parties was not sufficient to support the predatory lending cause of action asserted, none of the Texas courts held that there is no such cause of action:

*Terra XXI Ltd v. AG Accept. Corp*., No. 07-07-374 (Tex. App.-Amarillo 2009);

*Montgomery v. Ford Motor Credit Co*., 01-09-00581 (Tex. App.-Houston (lst) 2010);

*Schanzle v. JPMC Spec Mtg*., No. 03-09-00639 (Tex. App.-Austin 2011); and

*Jin v. PNC Bank*, 03-10-00392 (Tex. App.-Austin 2011)

29.     Because Texas jurisprudence does in fact recognize the existence of a cause of action for predatory and unconscionable actions of a lender, the Filing Defendants' challenge to such counts fails.

### *Plaintiffs' Lender Liability Counts 25-27*

30.     The Filing Defendants challenge the Plaintiffs' lender liability counts 25-27 by asserting that a "special relationship" does not exist under Texas law (between a mortgagor and mortgagee) which would create a cause of action for the improper actions committed by the Filing Defendants.

31.     The foregoing challenge fails because: the creation of a home-equity loan is exactly the type of relationship that does in fact create a "special relationship" between the parties.

32.     The cases relied upon by the Filing Defendants to assert no "special relationship" exists, do NOT deal with a home equity borrower and a home equity lender.  Yet it is exactly that home-equity relationship that creates the "special relationship" creating various duties on the part of the lender to the borrower.

33.     The Texas Supreme Court has stated that a "special relationship" does exist where there is an "imbalance in bargaining power." *Federal Deposit Ins. Corp. v. Coleman,* 795 S.W.2d 706, 708-09 (Tex. 1990).  When applying that standard to a home-equity borrower and lender situation, a "special relationship" does exist.

34.     By enacting protections in the Texas constitutions, the legislature and the people of Texas have acknowledged the "imbalance in bargaining power" with regard to home-equity loans.  Further by adopting Texas Rule of Civil Procedure 736, the Texas Supreme Court affirmed the "imbalance in bargaining power" with regard to home-equity loans.

**PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS**                                                    10
glaw 5.01.2012

35.     Because Texas law does support the existence of a "special relationship" between a home-equity borrow and lender, the Filing Defendants' challenge to counts 25-27 fails.

### *Plaintiffs' Conspiracy Counts 28-29*

36.     The Filing Defendants challenge the Plaintiffs' conspiracy counts 28-29 by asserting that Plaintiffs' have not asserted any wrongful acts committed by the Filing Defendants, and, also by concluding that the time limit for Plaintiffs to assert such conspiracy claims has passed (based on the Hearsay Documents and Hearsay Statements).

37.     While the Filing Defendants allege that Plaintiffs have not plead any wrongful acts committed by the Filing Defendants, the Filing Defendants do in fact (on page 21 of their Second Motion) list all the wrongful acts alleged by Plaintiffs as to the Filing Defendants.  But, because the Filing Defendants have concluded that none of the causes of action asserted by Plaintiffs are valid, the Filing Defendants conveniently assert that Plaintiffs did not make the necessary pleadings.  Such a circular and self-serving position has no merit and should be rejected by this Court.

38.     With regard to the Filing Defendants' conclusion that the time limit to assert any conspiracy claims has now passed, the Filing Defendants again rely on their own interpretation of the Hearsay Documents and Hearsay Statements occurring at the time of the original underlying mortgage.  However, not only is any reliance on the Hearsay Documents and Hearsay Statements improper, the Filing Defendants ignore all the other times that Plaintiffs allege a conspiracy between the Filing Defendants.

39.     As a result of the foregoing, the Filing Defendants' challenge to the Plaintiffs' conspiracy counts 28-29 fails.

### *Plaintiffs' Declaratory Relief Requets Count 30*

40.    The Filing Defendants challenge the Plaintiffs' request for Declaratory Relief set forth in count 30 by asserting: Plaintiffs are not a proper party to challenge an assignment between the holders of the loan instruments, and, that no such controversy exists which would invoke the applicable Declaratory Relief rights.

41.    As to Plaintiffs not being a proper party to challenge the assignment of the underlying loan instruments, Plaintiffs make no assertion that it is challenging such assignments. Rather, Plaintiffs have alleged that various entities are asserting conflicting ownership rights and responsibilities as to the ownership of the underlying loan documents. As a result, Plaintiffs are unsure who has the actual power and authority to deal with Plaintiffs, and Plaintiffs seek a declaratory ruling as to who is in charge of what on the lender side.

42.    As to there being no other controversy--what do the Filing Defendants' consider the validity of the underlying loan to be? Plaintiffs have asserted that the underlying loan was not made in compliance with the Texas Constitution and is therefore, void. Are the Filing Defendants agreeing that the underlying loan is void, resulting in no controversy on the issue? Probably not.

43.    As a result of the foregoing, the Filing Defendants challenge fails as to the Plaintiffs' request for Declaratory Relief set forth in count 30.

### *Plaintiffs' Request for Attorneys' Fees*

44.    The Filing Defendants include (in their Second Motion) a complaint as to the Plaintiffs' seeking attorneys' fees for the prosecution of this matter before the Court. However, the case law relied upon by the Filing Defendants deals with a federal statute, for a party out of Florida. No Texas jurisprudence is cited in support of the view of the Filing Defendants, and the

complaint as to attorneys' fees fails.

### F.  Conclusion.

45.    As set forth in this Response, the Filing Defendants' 12(b)(6) challenge to the Plaintiffs FAC fails, and, the Second Motion should be denied.  However, if there are aspects of the Plaintiffs FAC which this Court believes would benefit from greater specificity, Plaintiffs will be happy to add such specificity. *Travelers Indem. Co. v. Dammann & Co*., 594 F.3rd 238, 256. N. 14 (3rd Cir. 2010).

Respectfully submitted,

Gorman Law Offices, P.C.


By:        _____//S// Terry P. Gorman
           Terry P. Gorman
           State Bar No. 08218200
           1400 Preston Road, Suite 400
           Plano, Texas  75093-5186
           Telephone:    (972) 235-4700
           Telecopier:    (214) 540-6609
           terry@gormanlawtexas.com
           **COUNSEL FOR TERRY PATRICK GORMAN
           and KAREN GORMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2012, I served a copy of the foregoing to the following:

**Via First Class Mail**

Keith S. Anderson
Graham W. Herhardt
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North Birmingham
Alabama 35203
**ATTORNEYS FOR DEFENDANTS**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE**
**INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS,**
**SERIES 2005-7 AND**
**GMAC MORTGAGE, LLC**


_____//S// Terry P. Gorman _____
Terry P. Gorman