**Exhibit J**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **TERRY PATRICK GORMAN and KAREN GORMAN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: 4:12-cv-00098-RAS** |
| v. | ) ) ) | |
| **FIRST CONSOLIDATED MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY TO
## PLAINTIFFS' RESPONSE TO SECOND MOTION TO DISMISS

**COME NOW** Defendants Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and GMAC Mortgage, LLC ("GMAC") (collectively, "Defendants"), and submit this Reply to Plaintiff's Response to Second Motion to Dismiss ("Plaintiff's Response").[1]   (Doc. 14).   Plaintiffs'

---

[1] On May 14, 2012, Residential Capital, LLC, and certain of its affiliates, including Defendant GMAC Mortgage, LLC, initiated bankruptcy proceedings in the United States Bankruptcy Court of the Southern District of New York, Case No. 12-12020. In accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, this bankruptcy filing operated as an automatic stay of the commencement or continuation of

1

1/2330947.2

12-12020-mg    Doc 9658-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit J    Pg 3 of 16

Case 4:12-cv-00098-RAS   Document 16   Filed 05/21/12   Page 2 of 15 PageID #: 303

Response fails to address the dispositive issues raised by Defendants' Second Motion to Dismiss and fails to demonstrate any viable cause of action to allow this matter to proceed.

## I. Introduction

Plaintiffs' Response is deficient in many respects. First, the Response contains only sparse citations to legal authority, but instead relies on catchphrases and unsubstantiated claims. Next, although Plaintiffs contend that Defendants' Motion to Dismiss is in "scatter-gun" style, Plaintiffs' Response proceeds to simply list their arguments, often devoid of any reasoning or explanation. (*See* Plaintiffs' Response, Doc. 14, ¶ 15(g)). More than anything, Plaintiffs' Response fails to address the dispositive issues raised by the Motion to Dismiss, but instead relies upon Plaintiffs' untenable theories regarding their personal liability to make payments on the Note and an alleged oral contract that contradicts the express terms of the written loan agreement.

## II. Reply to Plaintiff's Response

**A.    The Note, Deed of Trust, and Texas Home Equity Adjustable Rate Rider are properly before the Court.**

Despite Plaintiffs' characterization of the Note, Security Instrument, and Texas Home Equity Adjustable Rate Rider as "Hearsay Documents," these documents, attached as Exhibits A – C to the Motion to Dismiss, are properly before the Court.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider documents referred to in the Complaint that are central to the parties' claims. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

---

a "judicial, administrative, or other action or proceeding" against the Debtor, including the instant action. On May 16, 2012, however, the court entered an interim order granting relief from the stay for various actions, including the instant action. *In re Residential Capital, LLC, et al.*, S.D.N.Y. Bkrptcy., Case No. 12-12020, Doc. 91. Accordingly, the instant action is no longer subject to the automatic stay and may proceed. Defendants' instant Reply is timely under 11 U.S.C. § 108(b), which tolls any applicable limitation period during the automatic stay.

2

12-12020-mg Doc 9658-27 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit J Pg 4 of 16

Case 4:12-cv-00098-RAS Document 16-1 Filed 05/21/12 Page 3 of 15 PageID #: 304

308, 322 (2007)) ("When reviewing a [Rule 12(b)(6)] motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motion to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"); *Maloney Gaming Management, L.L.C. v. St. Tammany Parish*, 456 Fed. Appx. 336, 340 (5th Cir. 2011) ("[W]hen considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims."); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) ("[C]ourts may consider documents incorporated in the complaint by reference and matters subject to judicial notice."); *Anderson v. Citimortgage, Inc.*, 2011 WL 1113494, at *3 (E.D. Tex. March 23, 2011) (stating that a "district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim"); *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 978 (E.D. Tex. 2005) (stating that a court may consider the documents "incorporated in the complaint" when ruling on a motion to dismiss).

Moreover, the Court may consider documents in the public record when deciding a Rule 12(b)(6) motion to dismiss. *Tellabs, Inc.*, 551 U.S. at 322 ("[C]ourts must consider . . . when ruling on Rule 12(b)(6) motions to dismiss . . . matters of which a court may take judicial notice."); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss ."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to

3

matters of public record."); *Johnson v. Texas Dept. of Criminal Justice*, 2012 WL 1066507, at *2 (E.D. Tex. March 5, 2012) ("The Court may also consider facts of which the Court takes judicial notice."). Here, the Security Instrument and the Adjustable Rate Ryder, which is a part of the Security Instrument, were recorded and are part of the public record. (*See* Security Instrument, Exhibit B to "Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint"). Therefore, these documents are properly before the Court.

Notably, Plaintiffs do not cite any law for their contention that these documents should not be considered, but rather merely allege that "[a]lthough the jurisprudence surrounding 12(b)(6) challenges does allow (under certain circumstances) the review of certain documents, the circumstances before this Court do NOT allow such a review." (Response, ¶ 7). Plaintiffs go on to allege that these documents were not incorporated by reference into the Amended Complaint. Plaintiffs' Amended Complaint, however, explicitly references the Note and Security Instrument:

> 15. On or about May 9, 2005, in conjunction with the Home Loan Proposal for the Homestead, Plaintiffs Gorman executed that certain debt instrument ("Home Equity Note") payable to the order of Defendant First Consolidated in the amount of $262,500.00.
> 16. To secure the Home Equity Note, a lien was placed upon the Homestead ("Home Equity Lien"). . . .
> 17. For the purposes hereof, the terms of the Home Equity Note and Home Equity Lien may be sometimes referred to as the "Home Equity Loan."

(Am. Compl., ¶ 15 – 17). Plaintiffs proceed to repeatedly reference and describe the Note and Security Instrument in the Amended Complaint. Accordingly, the Note, Security Instrument, and Texas Home Equity Adjustable Rate Rider (which is part of the Security Instrument) *are* properly before the Court.

4

1/2330947.2

12-12020-mg    Doc 9658-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit J    Pg 6 of 16

Case 4:12-cv-00098-RAS   Document 10   Filed 05/21/12   Page 5 of 15 PageID #: 306

Plaintiffs' argument that a review of all the documents executed concurrently with the Note and Security Instrument is required in order for the Court to consider the Note and Security Instrument is also unavailing. The applicable legal standard is whether the documents were referenced in the Complaint. Thus, the inclusion of related documents is not required.

Even if the court were to disregard these documents at this stage, however, Defendants' Motion to Dismiss would still be due to be granted, as set forth in more detail below.[2]

**B.    Plaintiffs' contention that Defendants violated the nonrecourse provisions of the Note and Security Instrument by seeking personal payments is fundamentally flawed and misinterprets basic secured transactions law.**

As Defendants have set out multiple times, Defendants could not have possibly violated any alleged nonrecourse provisions of the Note or Security Instrument. Plaintiffs' misguided argument that Defendants violated the nonrecourse provisions by "demanding . . . personal payments purportedly due under the Home Equity Note . . . despite the fact that Plaintiffs [] are not personally liable under the Home Equity Note" is fueled by Plaintiffs misunderstanding of basic secured transactions law. (*See* Am. Compl., ¶ 69, 70).

A nonrecourse loan is the "[t]ype of loan which prohibits the lender from attempting to recover against the borrower (personally) if the security value for the loan falls below the amount required to repay the loan." MORTGAGE BANKERS ASSOCIATION, MORTGAGE BANKING TERMS 106 (10th ed., 2004). In other words, a foreclosure sale of the secured property is deemed to fully satisfy the indebtedness, despite any shortage from the sale of the secured property. *See, e.g.*, *Fry v. Wilson*, 1995 WL 376499, at * 3 (Tex. App.—Dallas June 26, 1995) ("Because his mortgage was treated as nonrecourse, appellant was not liable for any deficiency when the bank

---

[2] Plaintiffs also make a veiled reference to "Hearsay Statements," without identifying or describing any of the alleged hearsay statements in the Motion to Dismiss. (Response, ¶ 6). Without any more detail on the alleged "hearsay statements," Defendants cannot respond to this claim.

5

1/2330947.2

12-12020-mg    Doc 9658-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit J    Pg 7 of 16

Case 4:12-cv-00098-RAS   Document 16   Filed 05/21/12   Page 6 of 15 PageID #: 307

foreclosed on his property after the sale to Mills failed."). The court in *Pineridge Associates, L.P. v. Ridgepine, LLC*, 337 S.W.3d 461 (Tex. App.—Fort Worth 2011), aptly described the effect of a nonrecourse loan:

> A recourse loan "allows the lender, if the borrower defaults, not only to attach the collateral but also to seek judgment against the borrower's (or guarantor's) personal assets." Black's Law Dictionary 1021 (9th ed. 2009). Conversely, the maker of a nonrecourse loan "does not personally guarantee repayment of the note and will, thus, have no personal liability." *Fein v. R.P.H., Inc.*, 68 S.W.3d 260, 266 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). "A nonrecourse note has the effect of making a note payable out of a particular fund or source, namely, the proceeds of the sale of the collateral securing the note." *Id.* (*citing Burns v. Resolution Trust Corp.*, 880 S.W.2d 149, 153 (Tex. App.-Houston [14th Dist.] 1994, no writ) *and Hinckley v. Eggers*, 587 S.W.2d 448, 450 (Tex. Civ. App.-Dallas 1979, writ ref'd n.r.e.)). In other words, under a true nonrecourse loan, the borrower has no personal liability beyond the loss of the collateral securing the note. *Id.*

337 S.W.3d at 461.

Plaintiffs' attempt to conflate a demand for "personal payments purportedly due under the Home Equity Note" with a judgment on a mortgage loan against a borrower's personal assets rather than or in addition to the property secured by the mortgage is nonsensical. Under Plaintiffs' reasoning, a mortgage lender could not seek—or perhaps even accept—a regularly scheduled loan payment, but instead could only foreclose on the property secured by mortgage to collect a payment due on the Note. This scenario, obviously, is illogical and contrary to the basic function and purpose of a mortgage.

Defendants here could not have possibly violated any nonrecourse provisions of the Note or Security Instrument because there has been no judgment on the Note, and, accordingly, Defendants could not even attempt to enforce a judgment against Plaintiffs' personal assets. Rather, Plaintiffs filed this lawsuit to prevent Defendants from enforcing the Note against the

6

1/2330947.2

secured property through foreclosure. Plaintiffs' claims are due to be dismissed to the extent that they are based on this frivolous theory.

C.    **Plaintiffs' Response states an incomplete standard of review for a Rule 12(b)(6) motion to dismiss.**

Plaintiffs' state in their Response that a Rule 12(b)(6) motion to dismiss fails if the complaint provides "fair notice of its claims and factual allegations that are plausible." (Response, ¶ 13). This standard is incomplete. The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. Conclusory allegations and legal conclusions are insufficient to sustain this burden. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009); *Lechner v. CitiMortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *2 (N.D. Tex. July 29, 2009) ("The plaintiff must . . . plead specific facts, not mere conclusory allegations, to avoid dismissal.").

In fact, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Hamilton v. First American Title Co.*, No. 3:07-CV-1442-G, 2008 WL 382803 at *2 (N.D. Tex. Feb. 13, 2008) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss." *Percival v. American Home Mortgage Corp.*, 469 F. Supp. 2d 409, 412 (N.D. Tex. Jan. 16, 2007). "While legal conclusions can

7

12-12020-mg    Doc 9658-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit J    Pg 9 of 16

Case 4:12-cv-00098-RAS   Document 16-1   Filed 05/21/12   Page 9 of 15   PageID #: 509

provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

Plaintiffs' Amended Complaint does not meet the complete standard, as set out by the Supreme Court in *Twombly* and *Iqbal*.

**D.    Plaintiffs' Amended Complaint fails to state a claim and is due to be dismissed in its entirety under Rule 12(b)(6).**

Contrary to their contentions in the Response, Plaintiffs' Amended Complaint fails to state any viable cause of action, and Plaintiffs' Response fails to the support the viability of Plaintiffs' causes of action.

**1.    Plaintiffs' Response does not address the dispositive flaws in Plaintiffs' fraud claims.**

Plaintiffs' Response fails to adequately address the dispositive flaws with Plaintiffs' fraud claims and fails to cite any legal authority to support their contentions. As set out in the Motion to Dismiss, Plaintiffs failed to allege all the required elements of fraud, and the fraud claims are barred by statute of frauds, statute of limitations, and the economic loss doctrine. Rather than address these arguments, Plaintiffs allege in their Response that these challenges to the Plaintiffs' Amended Complaint "are not proper under Rule 12(b)(6)." (Response, ¶ 18). All of the challenges to Plaintiffs' fraud claims in Defendants' Motion to Dismiss are properly brought under a Rule 12(b)(6) motion to dismiss. *See Anderson*, 2011 WL 1113494, at *3 - 4 (dismissing a fraud claim for failing to state all the required elements of fraud); *Doe v. Linam*, 225 F. Supp. 2d 731, 734 (S.D. Tex.2002) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is the proper vehicle by which to assert a limitations defense where a plaintiff's complaint shows affirmatively that his claims are time-barred."); *Powell v. BAC Home Loans Servicing, LP*, 2011 WL 5837250, at *5 - 6 (E.D. Tex. Nov. 21, 2011) (dismissing fraud claims based, in part, on the statute of frauds); *Casey v. Federal Home Loan Mortg. Ass'n*, 2012 WL

8

12-12020-mg    Doc 9658-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl. Exhibit J    Pg 10 of 16

Case 4:12-cv-00098-RAS    Document 16    Filed 05/21/12    Page 9 of 15 PageID #: 510

1425138, at *3 - 4 (S.D. Tex. April 23, 2012) (dismissing a fraud claim under Rule 12(b)(6) under the economic loss doctrine).

2. **Plaintiffs' usury claims are untenable.**

Plaintiffs' usury claims are based on their misguided theory that the loan payments were not "personally due." (*See* Am. Compl., ¶¶ 135-144; Response, ¶ 20). As previously described, this theory misinterprets basic secured transactions law, and does not support a cause of action for usury. Therefore, Plaintiffs' usury claims based on this untenable theory are due to be dismissed. Additionally, Plaintiffs' usury claims are due to be dismissed to the extent that they rely upon alleged misrepresentations or nondisclosures made at the inception of the loan under the applicable four year statute of limitations.

3. **Plaintiffs' breach of contract claims are barred by the statute of frauds as they rely upon alleged oral representations.**

Plaintiffs' Response alleges that Defendants' Motion to Dismiss is due to be denied as to Plaintiffs' contract claims because, in part, Defendants "do not address all of the harmful acts and omissions of the [Defendants] as to ALL the contracts forming the underlying mortgage (**including oral contracts made after the origination of the underlying mortgage**)." (Response, ¶ 22) (emphasis added). As Defendants set out in their Motion to Dismiss, this claim, based on an *oral* contract, is barred by the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.02; *see also Fankhauser v. Fannie Mae*, 2011 WL 1630193, at *3 (E.D. Tex. March 30, 2011) (dismissing plaintiff's breach of contract claim based on an oral representation). Plaintiffs' Response admits that their breach of contract claim is based on an oral contract; as such, Plaintiffs' breach of contract claim is due to be dismissed.

4. **Plaintiffs' Texas Debt Collections Practices Act claims are untenable.**

9

As Defendants set out in their Motion to Dismiss, to state a plausible claim for relief under the TDCA, Plaintiffs must allege facts showing that a violation of the statute occurred, that they were actually injured, and facts establishing a causal link between the conduct constituting the violation and the alleged injury. *See* TEX. FIN. CODE § 392.403(a)(2). Plaintiffs' Response fails to address the Amended Complaint's deficiencies in this regard.

5.   **Texas law does not support a cause of action for "predatory and unconscionable lending practices."**

Plaintiffs' Response contends that a cause of action for "predatory and unconscionable lending practices" exists under Texas law based on an informational chart found on the Texas Office of Consumer Credit Commissioner's ("TOCCC") website, and four cases, none of which held that any such cause of action exists or even discussed such a cause of action.

First, Plaintiffs' allegation that the TOCCC's chart of "Practices Commonly Pointed Out as Predatory" creates a predatory and unconscionable lending practices cause of action is frivolous. When examined, the chart actually uses the term "predatory" in a colloquial sense, and refers to various sections of the Texas Constitution and Texas Finance Code that prohibit the "predatory" practices. *See* Texas Office of Consumer Credit Commissioner, Texas Response to Predatory Lending Practices, http://www.occc.state.tx.us/pages/agency/strat05/pred.html (last accessed May 11, 2012). Moreover, it is axiomatic that an informational chart on a state agency's website does not create a cause of action.

Further, Plaintiffs fail to point to a case that affirmatively holds that any such cause of action exists, but rather cite to several cases where "Texas courts found the proof asserted by the applicable parties was not sufficient to support a predatory lending cause of action." (Response, ¶ 28). None of the cited cases, however, support the proposition that a cause of action for predatory lending practices actually exists. *See Terra XXI Ltd. v. AG Acceptance Corp.*, 2009

10

1/2330947.2

12-12020-mg    Doc 9659-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl. Exhibit J    Pg 12 of 16

Case 4:12-cv-00098-RAS   Document 16   Filed 05/21/12   Page 13 of 15 PageID #: 312

WL 2168741, at *2 (Tex. App.-Amarillo 2009) (mentioning that plaintiff alleged, but containing absolutely no discussion of, a "predatory lending" claim); *Montgomery v. Ford Motor Credit Co.*, 2010 WL 2431894, at *1 (Tex. App.-Houston [1 Dist.] 2010.) (quoting plaintiff's allegation that the defendant's acts "constitute[d] a predatory lending practice" but not addressing any predatory lending claim, despite the fact that the court addressed the plaintiff's other, actual claims); S*chanzle v. JPMC Specialty Mortg. LLC*, 2011 WL 832170, at *1 (Tex.App.-Austin 2011) (only mention of predatory lending was that the borrower filed counterclaims for "'predatory lending,' alleging violations of the Texas Constitution and a number of federal statutes"); *Yan Jin v. PNC Bank*, 2011 WL 1035726, at *2 (Tex. App.-Austin 2011) (only mention of "predatory lending" was quoting plaintiff's allegation that "the trial court erred in denying his requests 'to investigate the predatory lending behavior of PNC Bank'"). These cases, at best, demonstrate that other plaintiffs have erroneously believed that a claim for "predatory lending" exists under Texas law, but in no way support the proposition that a cause of action for predatory lending exists under Texas law.

In fact, there is no recognized cause of action under Texas law for "predatory and unconscionable lending practices." *Brown v. Aurora Loan Services, LLC*, 2011 WL 2783992, at *4 (E.D. Tex. June 7, 2011) (stating that **"there is no 'predatory lending' cause of action in Texas"**) (emphasis added); *Smith v. National City Mortg.*, 2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010) (dismissing a plaintiff's "predatory lending" claim under Rule 12(b)(6) for failure to state a claim). Accordingly, Plaintiffs' predatory lending "cause of action" is due to be dismissed.

**6.    As a matter of law, no special relationship exists between Plaintiffs and Defendants to sustain a lender liability claim.**

11

1/2330947.2

Plaintiffs' Response ignores the on-point, explicit Texas law that holds that there is "no special relationship between a mortgagor and mortgagee." *Adams v. Bank of Am.*, 2011 WL 5080217, at *7 (E.D. Tex. Oct. 26, 2011) (*quoting Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006)); *see also Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) ("The relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *Zoluaga v. BAC Home Loans Servicing, L.P.*, 2011 WL 5600377, at *6 (E.D. Tex. Nov. 16, 2011) (same). Instead, Plaintiffs assert that a special duty is created by the "imbalance in bargaining power," citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706 (Tex. 1990). (Response, ¶ 34). *Federal Deposit Ins. Corp. v. Coleman* actually states:

> The Court has consistently held, however, that a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power. **The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.**

*Id.* at 709 (internal citations omitted). Thus, *Federal Deposit* expressly contemplates that a special relationship is not ordinarily created between a mortgagor and mortgagee. Plaintiffs' Response is directly contradicted by the clear, express law on the subject, and Plaintiffs' lender liability claim is due to be dismissed.

### 7.    Plaintiffs' conspiracy claims are time barred.

Plaintiffs' Response alleges that reference to the Note and Deed of Trust is improper to establish the trigger for the statute of limitations on Plaintiffs' conspiracy claims. The face of Plaintiffs' Amended Complaint, however, demonstrates that the two year statute of limitations for the conspiracy claim, if it exists, was triggered at the inception of the loan. (*See* Am. Compl., ¶ 195 (stating that the conspiracy claim is based on Plaintiffs' other causes of action, which, in turn, rely on Plaintiffs' theory that Defendants misrepresented the interest rate at the inception of

12

the loan)). Plaintiff admits, and it is undisputed, that the loan was executed and entered into on May 9, 2005. (Am. Compl., ¶ 15). Accordingly, Plaintiff's conspiracy claim is barred by the two year statute of limitations as a matter of law.

### 8. Plaintiffs' Response does not demonstrate an actual controversy sufficient to sustain their declaratory judgment cause of action.

Plaintiffs' Response speciously alleges that they are not attacking the assignments of the Note and Security Instrument, but rather "are unsure who has the actual power and authority to deal with Plaintiffs, and Plaintiffs seek a declaratory ruling as to who is in charge of what on the lender side." (Response, ¶ 41). A determination of "who is in charge" inherently centers on the assignment of the Note and Security Instrument, regardless of how Plaintiffs phrase it. As Defendants set forth in their Motion to Dismiss, Plaintiffs are without standing to challenge the assignments.

To the extent that Plaintiffs seek a declaration as to the validity of the Note under the Texas Constitution, any claim under the Texas constitution's homestead protections would be barred by the applicable four-year statute of limitations, as the loan was closed on May 9, 2005 and the Original Petition was not filed until January 16, 2012. *See Blodgett v. BAC Home Loans Servicing, LP,* 2012 WL 32950, at *1-3 (E.D. Tex. Jan. 6, 2012) (holding that a four-year statute of limitations, accruing at the closing of the loan, applied to violations of the Texas constitution's homestead protections); *Rivera v. Countrywide Home Loans, Inc.,* 262 S.W.2d 834, 840 (Tex. App.-Dallas 2008, no pet.) (holding that the four-year statute of limitations for a violation of Texas constitution's homestead protections accrued on the date when the extension of credit is made).

### IV. Conclusion

13

1/2330947.2

There is no genuine dispute of fact, and none of Plaintiffs' causes of action are viable. Further, there is no need for this case to occupy the Court's time or for any discovery to be conducted as there is simply no merit to any of the allegations. Plaintiffs have now had multiple opportunities to state a claim, and have failed to do so. Accordingly, Defendants' Motion to Dismiss is due to be granted.

WHEREFORE, for the reasons set forth above and in the Motion to Dismiss, Defendants respectfully request that Plaintiff's Original Petition be dismissed in its entirety with prejudice.

DATED this 21st day of May, 2012.

    Respectfully submitted,

    */s/* Keith S. Anderson
    Keith S. Anderson (TX Bar No. 24075789)
    Graham W. Gerhardt (TX Bar No. 24075698)
    BRADLEY ARANT BOULT CUMMINGS, LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, Alabama 35203
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800
    kanderson@babc.com
    ATTORNEYS FOR DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; AND GMAC MORTGAGE, LLC

14

12-12020-mg    Doc 9650-27    Filed 02/23/16    Entered 02/23/16 15:32:39    Puerno Decl.
Exhibit J    Pg 16 of 16

Case 4:12-cv-00098-RAS    Document 16    Filed 05/21/12    Page 15 of 15 PageID #: 316

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Terry P. Gorman
        1400 Preston Road, Suite 400
        Plano, TX 75093

                      */s/* Keith S. Anderson
                      OF COUNSEL

1/2330947.2