**Exhibit K**

12-12020-mg Doc 9659-28 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl.
Exhibit K   Pg 2 of 8

Case 4:12-cv-00098-RAS Document 18 Filed 07/27/12 Page 1 of 7 PageID #: 343

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **TERRY PATRICK GORMAN and KAREN GORMAN,** ) ) ) | |
| **Plaintiffs,** ) ) | **Civil Action No.: 4:12-cv-00098-RAS** |
| **v.** ) ) | |
| **FIRST CONSOLIDATED MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC** ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## DEFENDANT GMAC MORTGAGE, LLC'S
## NOTICE OF BANKRUPTCY AND SUGGESTION OF AUTOMATIC STAY

Defendant and debtor GMAC Mortgage, LLC, by and through its undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), respectfully submits this Notice of Bankruptcy and Suggestion of Automatic Stay, and state as follows:

1.  On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMAC Mortgage, LLC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Filing") in the United States Bankruptcy Court for the Southern District of New

1

York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The Debtors' Chapter 11 cases being jointly administered, indexed at case number 12-12020 (MG).

2.  As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

3.  On July 13, 2012, the Bankruptcy Court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order"). Paragraphs 14, 15, 16 and 17 of the Final Supplemental Order identify the categories of defenses, claims and counter-claims for which the automatic stay has been modified (the "Permitted Claims"). A copy of the Final Supplemental Order is annexed hereto as **Exhibit A**.

4.  As set forth in the Final Supplemental Order, Permitted Claims are those asserted by a borrower, mortgagor, or lienholder that relate "exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding…" (Exh. A, ¶ 14(a)). Claims for monetary relief of any kind or

2

1/2361732.1

12-12020-mg    Doc 9659-28    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit K    Pg 4 of 8

Case 4:12-cv-00098-RAS   Document 48   Filed 07/27/12   Page 3 of 7   PageID #: 345

nature and claims "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" are <u>not</u> Permitted Claims. (*Id.*, ¶ 14(b)).

5.    To the extent that the defenses, claims and counter-claims do not constitute Permitted Claims, they remain subject to the automatic stay and the continued prosecution of these claims is prohibited.

6.    With regard to this action, Plaintiffs have brought nine (9) causes of action that all seemingly relate to a foreclosure on the subject property. Plaintiffs' Amended Complaint actually contains 34 "counts" but there are nine causes of action asserted separately against the different Defendants.

   a.    Plaintiffs' Claim against GMAC for Fraud (Count 4) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief. To the extent, however, that the Fraud claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

   b.    Plaintiffs' Claim against GMAC for Fraud in the Inducement (Count 8) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief. To the extent, however, that the Fraud in the Inducement claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

   c.    Plaintiffs' Claim against GMAC for Usury (Count 12) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the

3

1/2361732.1

12-12020-mg Doc 9659-28 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit K Pg 5 of 8

Case 4:12-cv-00098-RAS Document 18 Filed 07/27/12 Page 4 of 7 PageID #: 346

extent that that this claim includes a demand for monetary relief. To the extent, however, that the Usury claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

    d.  Plaintiffs' Claim against GMAC for Breach of Contract (Count 16) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief. To the extent, however, that the Breach of Contract claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

    e.  Plaintiffs' Claim against GMAC (Count 19) for Violation of the Texas Debt Collection Practices Act remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief. To the extent, however, that the Violation of the Texas Debt Collection Practices Act claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

    f.  Plaintiffs' Claim against GMAC (Count 23) for Predatory and Unconscionable Lender Practices remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief. To the extent, however, that the Predatory and Unconscionable Lender Practices claim purports to prohibit foreclosure of the subject

4

12-12020-mg  Doc 9659-28  Filed 02/23/16  Entered 02/23/16 15:32:39  Premo Decl.
Exhibit K    Pg 6 of 8

Case 4:12-cv-00098-RAS  Document 18  Filed 07/27/12  Page 5 of 7 PageID #: 347

property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

g.  Plaintiffs' Claim against GMAC for Lender Liability (Count 27) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief.  To the extent, however, that the Lender Liability (Special Relationship) claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

h.  Plaintiffs' Claim against for Conspiracy (Count 29) remains subject to the automatic stay and the continued prosecution of monetary relief is prohibited to the extent that that this claim includes a demand for monetary relief.  To the extent, however, that the Conspiracy claim purports to prohibit foreclosure of the subject property, it may proceed as a Permitted Claim with the sole remedy being a determination as to the foreclosure.

d.  Plaintiffs' Claim against GMAC for Declaratory Judgment Relief (Count 30) is a Permitted Claim and may proceed with the sole remedy being a determination as to the foreclosure.

7.  Pursuant to paragraph 23 of the Final Supplemental Order, any dispute regarding the extent, application and/or effect of the automatic stay under the Final Supplemental Order, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York, jointly administered under Case No. 12-12020, in accordance with the Case Management Order entered in the Debtors' case [Docket No. 141] and such other and further

5

12-12020-mg    Doc 9659-28    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit K    Pg 7 of 8

Case 4:12-cv-00098-RAS   Document 18   Filed 07/27/12   Page 6 of 7 PageID #: 346

orders as may be entered by the United States Bankruptcy Court for the Southern District of New York.[1]

8.      Co-defendants Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche"), Mortgage Electronic Registration Systems, Inc. ("MERS"), remain in the matter and this Notice of Bankruptcy does not pertain to those entities.

9.      Defendants have a Motion to Dismiss Plaintiffs' Amended Complaint pending before the Court now (doc. 12), and this Notice should not stay or impact the Court ruling on that Motion.

Submitted this 27th day of July, 2012.

Respectfully submitted,

*/s/* Keith S. Anderson
Keith S. Anderson (TX Bar No. 24075789)
Graham W. Gerhardt (TX Bar No. 24075698)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEYS FOR DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; AND GMAC MORTGAGE, LLC

---

[1] A copy of the Case Management Order may be obtained at no charge at http:/www.kccllc.net/rescap.

6

1/2361732.1

12-12020-mg Doc 9659-28 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit K Pg 8 of 8

Case 4:12-cv-00098-RAS Document 48 Filed 07/27/12 Page 7 of 7 PageID #: 349

## CERTIFICATE OF SERVICE

    I hereby certify that on July 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Terry P. Gorman
    1400 Preston Road, Suite 400
    Plano, TX 75093

                */s/* Keith S. Anderson
                 OF COUNSEL