# **Exhibit N**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY PATRICK GORMAN and KAREN GORMAN | § § § | |
| Plaintiffs | § | CIVIL ACTION No.: 4:12-CV-00098 |
| vs. | § § | |
| FIRST CONSOLIDATED MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC | § § § § § § § § § § § § § | (Removed from the 401st Judicial District Court of Collin County, Texas. Cause No. 401-00145-2012) Jury Requested |
| Defendants | § | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MSJ EVIDENCE AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs TERRY PATRICK GORMAN and KAREN GORMAN to file their "**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MSJ EVIDENCE AND BRIEF IN SUPPORT THEREOF**" (hereafter, "Plaintiffs' Motion to Strike") as follows:

### RELIEF REQUESTED

1. Pending before this Court is the following motion filed by Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7 ("Deutsche Bank"):

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MSJ EVIDENCE
AND BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

1

"Defendants Mortgage Electronic Registrations Systems, Inc. &
Deutsche Bank National Trust Company's Motion for Summary
Judgment and Incorporated Brief In Support Thereof"

(hereafter, "Defendants' MSJ").

2.      Attached to Defendants' MSJ and marked as Exhibit "A" is the December 7, 2012 Affidavit of Juan Aguirre ("Aguirre Affidavit"), which includes seven documents marked as Exhibits A-1. A-2, A-3, A-4, A-5, A-6, and A-7 (such attached exhibits sometimes being collectively referred to herein as the "MSJ Documents"). For the convenience of the Court, the entire Aguirre Affidavit is attached to this Plaintiffs' Motion to Strike as Exhibit "A" and is incorporated herein by reference for all purposes.

3.      The Aguirre Affidavit is the only evidence offered by Defendants MERS and Deutsche Bank (hereafter, collectively sometimes referred to as the "Defendants").

4.      Plaintiff now moves to strike the Aguirre Affidavit in its entirety as it is not admissible evidence sufficient to support Defendants' MSJ.

## ARGUMENT IN SUPPORT OF RELIEF REQUESTED

5.      Rule 56(c)(4) of the Federal Rules of Civil Procedure sets forth the following requirement that an affidavit must meet in order to support a motion for summary judgment (such as Defendants' MSJ),:

> *"Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

(hereafter, the "R56(c)(4) Requirements").

Case 4:12-cv-00098-RAS Document 35-1 Filed 12/31/12 Page 3 of 7 PageID #: 556

6. The Aguirre Affidavit does not satisfy the R56(c)(4) Requirements, and the Aguirre Affidavit (in its entirety including the MSJ Documents) should be stricken and not considered by this Court.

7. The Aguirre Affidavit is inadmissible hearsay and does not provide a foundation sufficient to show that Mr. Aguirre is "competent to testify on the matters related to Defendants' stated."

8. Nor does the Aguirre Affidavit satisfy the hearsay exception set forth in Rule 803(6) of the Federal Rules of Evidence which provides that certain records can be admissible despite the rules against hearsay if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

(hereafter the "RE806(3) Requirements").

9. The Aguirre Affidavit offers no support to Defendants' MSJ, does not satisfy the R56(c)(4) Requirements, or, the RE806(3) Requirements because:

> (a) Mr. Aguirre (the maker of the Affidavit) is not employed by or representing either Deutsche or MERS (Aguirre Affidavit, para. 2);

(b) Mr. Aguirre is in fact employed by GMAC which is in bankruptcy and has been stayed from these proceedings (Aguirre Affidavit, para. 2);

(c) Mr. Aguirre states (in para. 2) that GMAC is "the servicer" for the Plaintiffs' mortgage, but no foundation for such statement is provided; only the conclusory statement;

(d) Mr. Aguirre himself states (in para. 2) that his responsibilities merely include "reviewing GMAC records;"

(e) Mr. Aguirre himself states (in para. 3) that his knowledge supporting his testimony is derived from only "a review of business record" that were obviously not made by GMAC; not made by Mr. Aguirre; not made by anyone under Mr. Aguirre's supervision; not made by anyone Mr. Aguirre has ever met; not made by anyone whose job it was to make such records; and not made by anyone who would otherwise meet the RE806(3) Requirements;

(f) According to Mr. Aguirre, the referenced Security Instrument (lien) was assigned to Deutsche on January 2, 2009 (Aguirre Affidavit, para. 10), yet he offers no foundation for having knowledge regarding such assignment;

(g) Mr. Aguirre states that the documents attached to his Affidavit are business records of GMAC, yet he offers no testimony as to how or when GMAC may have taken possession of such documents (Aguirre Affidavit, para. 2);

(h) Mr. Aguirre states that the documents attached to his Affidavit are business records of GMAC, but not even the name of GMAC appears on any of the attached documents (Aguirre Affidavit, para. 2); and

(i) Mr. Aguirre states that Deutsche and MERS "exercised their power of sale" as to the Plaintiffs' home (Aguirre Affidavit, para. 14), yet Mr. Aguirre is not an employee or representative of either Deutsche or MERS; nor has Mr. Aguirre has offered any factual basis to offer any testimony as to what Deutsche or MERS may, or may not, have done.

In summary, all Mr. Aguirre really testifies to is that he picked up a file containing the MSJ Documents and read them. Such a foundation is not sufficient for summary judgment purposes.

10. Perhaps the only statement in the Aguirre Affidavit that might be supported by Mr. Aguirre's duties is that according to Mr. Aguirre, GMAC (not Deutsche or MERS) has possession of the Home Equity Note (Aguirre Affidavit, para. 11).

## CONCLUSION

11. For the reasons set forth above and for the insufficiency of the Aguirre Affidavit on its face, the Aguirre Affidavit should be excluded in its entirely, including the MSJ Documents attached thereto.

Respectfully submitted,

Gorman Law Offices, P.C.

By: _____
Terry P. Gorman
State Bar No. 08218200
15950 N. Dallas Parkway, Suite 400
Dallas, Texas  75248-6628
Telephone:    (972) 235-4700
Telecopier:    (214) 540-6609
terry@gormanlawtexas.com
**COUNSEL FOR TERRY PATRICK GORMAN
and KAREN GORMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2012, I served a copy of the foregoing to the following:

**Via First Class Mail**

Keith S. Anderson
Graham W. Herhardt
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North Birmingham
Alabama 35203
ATTORNEYS FOR DEFENDANTS
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE
INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS,
SERIES 2005-7 AND
GMAC MORTGAGE, LLC

_____
Terry P. Gorman