**Exhibit O**

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY PATRICK GORMAN and KAREN GORMAN<br>　　　　Plaintiffs<br>vs.<br><br>FIRST CONSOLIDATED MORTGAGE COMPANY;<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7;<br>RAY T. DEWITT III; and<br>GMAC MORTGAGE, LLC<br>　　　　Defendants | § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION No.: 4:12-CV-00098**<br><br>(Removed from the 401st Judicial District Court of Collin County, Texas.<br>Cause No. 401-00145-2012)<br><br><br>Jury Requested |

**PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE
MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs **TERRY PATRICK GORMAN** and **KAREN GORMAN** to file their "Plaintiffs' Response to the MERS & Deutsche Motion for Summary Judgment and Incorporated Brief In Support Thereof" ("Response") as follows:

**SUMMARY OF RESPONSE**
A. Procedural Status
B. Defendants' MSJ Evidence Should be Stricken
C. Plaintiffs' Response to Defendants' Statement of the Issues
D. Plaintiffs' Response to Defendants' Statement of Undisputed Facts
E. Standard of Review
F. Defendants' MSJ Fails As A Matter of Law Even With Defendants' Inadmissible MSJ Evidence
G. Defendants' MSJ Fails Because Genuine Disputes Do Exist As To Material Facts Supporting Plaintiffs' Claims
H. Conclusion

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT　　　　1
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

## A. <u>PROCEDURAL STATUS</u>

1. Pending before this Court is the **DEFENDANTS MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. & DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF** (hereafter, Defendants' MSJ"). Plaintiffs' Response is filed within the time limit requested by Plaintiffs' Unopposed Motion To Extend Time To File Response, filed with the Court on December 19, 2012.

2. Defendants' MSJ is filed by Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7 ("Deutsche"). For the purposes of this Response, MERS and Deutsche shall also collectively be referred to as the "Defendants."

3. Due to the Order of this Court staying the current proceedings as to Defendant GMAC Mortgage, LLC ("GMAC") as a result of GMAC's bankruptcy proceedings (issued on October 12, 2012; Doc 21), Defendant GMAC did not join in Defendants' MSJ, although the Court's stay did not prevent GMAC from participating in Defendants' MSJ.

4. Defendant FIRST CONSOLIDATED MORTGAGE COMPANY ("First Consolidated") *and* Defendant RAY T. DEWITT III have not yet been formally added *to* this proceeding pending the Court's ruling on Plaintiffs' following motions:

> PLAINTIFFS' MOTION TO EXTEND TIME UNDER RULE 4(m) AS TO DEFENDANT DEWITT (Doc 24);

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

2

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE AS TO DEFENDANT DEWITT (Doc 25);

PLAINTIFFS' MOTION TO EXTEND TIME UNDER RULE 4(m) AS TO DEFENDANT FIRST CONSOLIDATED (Doc 26); and

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE AS TO DEFENDANT FIRST CONSOLIDATED (Doc 27).

### B. DEFENDANTS' MSJ EVIDENCE SHOULD BE STRICKEN

5. Contemporaneously with the filing of Plaintiffs' Response, Plaintiffs have also filed its "Plaintiffs' Motion to Strike Defendants' MSJ Evidence" ("Plaintiffs' Motion to Strike") For the reasons set forth in Plaintiffs' Motion to Strike Defendants' MSJ Evidence, all Defendants' summary judgment evidence (hereafter, "Defendants' Inadmissible Evidence") is inadmissible and should be stricken. As such, with no admissible evidence presented to the Court in support of Defendants' MSJ, Defendants' MSJ should be denied.

### C. PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF THE ISSUES

6. Defendants' Statement of the Issues merely states that all causes of action asserted by Plaintiffs against MERS and Deutsche are being challenged. Thereafter, Defendants do challenge the following causes of action asserted by Plaintiffs against MERS and Deutsche (hereafter, Plaintiffs' Claims"):

> Fraud;
> Fraud in the Inducement;
> Usury;
> Breach of Contract;
> Violations of the Texas Debt Collections Practices Act;
> Predatory and Unconscionable Lender Practices;
> Lender Liability (Special Relationship);
> Conspiracy; and
> Declaratory Judgment Relief

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

3

12-12020-mg    Doc 9659-32    Filed 02/28/16    Entered 02/23/16 15:32:39    Promo Decl.
Exhibit O    Pg 5 of 20

Case 4:12-cv-00098-RAS  Document 36  Filed 12/31/12  Page 4 of 19 PageID #: 607

7.  Plaintiffs' only response to Defendants' Statement of the Issues is to note that Defendants offer no evidence to challenge Plaintiffs Claims, even if the Court were to consider Defendants' Inadmissible Evidence. Rather, all that MERS and Deutsche have done with the filing of Defendants' MSJ is to re-urge the issues raised in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(6) pending before this Court (Doc 12).

### D. PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

8.  Plaintiffs' respond to Defendants' Statement of Undisputed Facts [set forth in Sections IV (1) through IV (16)] as follows:

(a) As to Defendants' facts set forth in Section IV (1), Plaintiffs assert that the note attached to Defendants' MSJ as Exhibit A-1--(i) has not been properly authenticated and should be disregarded, and, (ii) is not a true and correct copy of the applicable note [Affidavit of Terry P. Gorman, attached to this Plaintiffs' Response as Exhibit "1" and incorporated herein for all purposes (hereafter, "Gorman Affidavit") at para. 94];

(b) As to Defendants' facts set forth in Section IV (2), Plaintiffs assert that the security instrument attached to Defendants' MSJ as Exhibit A-2--(i) has not been properly authenticated and should be disregarded, and, (ii) is not a true and correct copy of the applicable security instrument (Gorman Affidavit, at para. 94);

(c) As to Defendants' facts set forth in Section IV (3), Plaintiffs assert that the assignment attached to Defendants' MSJ as Exhibit A-7 has not been properly authenticated and should be disregarded;

(d) As to Defendants' facts set forth in Section IV (4), Plaintiffs assert that the rider attached to Defendants' MSJ as Exhibit A-3--(i) has not been properly authenticated

12-12020-mg Doc 9658-32 Filed 02/22/16 Entered 02/23/16 15:32:39 Promo Decl. Exhibit O Pg 6 of 20

Case 4:12-cv-00098-RAS 2 Document 30-1 Filed 12/31/12 Page 5 of 19 PageID #: 608

and should be disregarded, and, (ii) is not a true and correct copy of the applicable rider (Gorman Affidavit, at para. 94);

(e) As to Defendants' facts set forth in Section IV (5), Plaintiffs assert that the affidavit and agreement attached to Defendants' MSJ as Exhibit A-4---(i) has not been properly authenticated and should be disregarded, and, (ii) is not a true and correct copy of the applicable affidavit and agreement (Gorman Affidavit, at para. 94);

(f) As to Defendants' facts set forth in Section IV (6), Plaintiffs assert that the disclosure statement attached to Defendants' MSJ as Exhibit A-5--(i) has not been properly authenticated and should be disregarded, and, (ii) is not a true and correct copy of the applicable disclosure statement (Gorman Affidavit, at para. 94);

(g) As to Defendants' facts set forth in Section IV (7), Plaintiffs assert that the notice attached to Defendants' MSJ as Exhibit A-6--(i) has not been properly authenticated and should be disregarded, and, (ii) is not a true and correct copy of the applicable disclosure statement (Gorman Affidavit, at para. 94);

(h) As to Defendants' facts set forth in Section IV (9), Plaintiffs assert that the statements regarding default, the due date of the 2008 installment payment, and the amount necessary to reinstate the applicable note (i) have not been properly authenticated and should be disregarded, and, (ii) are incorrect (Gorman Affidavit, at para. 94);

(i) As to Defendants' facts set forth in Section IV (10) through (16), Plaintiffs note only that such a recitation of certain filings in the matter before this Court are not relevant to Defendants' MSJ, but are an additional indication that Defendants' MSJ is merely a recitation of Defendants' pen ding motion to dismiss (as referenced above).

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

5

## E. STANDARD OF REVIEW

9. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, not only have Defendants failed to offer any admissible evidence supporting Defendants' MSJ, genuine disputes do exist as to material issues supporting Plaintiffs' Claims.

## F. DEFENDANTS' MSJ FAILS AS A MATTER OF LAW EVEN WITH DEFENDANTS' INADMISSIBLE MSJ EVIDENCE

10. Even if the Court were to consider Defendants' Inadmissible Evidence, such Evidence does not support granting Defendants' MSJ.

11. Defendants' Inadmissible Evidence consists of various documents attached to Defendants' MSJ as Exhibits A-1 through A-7, and a single evidentiary affidavit from Juan Aguirre attached to Defendants' MSJ as Exhibit "A" (hereafter, the "Aguirre Affidavit'). However, even if the Court does consider the Aguirre Affidavit, said Affidavit raises more questions than it answers and offer no substantive assistance to Defendants' challenge of Plaintiffs' Claims.

12. The Aguirre Affidavit offers no support to Defendants' MSJ because:

    (a) Mr. Aguirre (the maker of the Affidavit) is not employed by or representing either Deutsche or MERS (Aguirre Affidavit, para. 2);

    (b) Mr. Aguirre is in fact employed by GMAC which is in bankruptcy and has been stayed from these proceedings (Aguirre Affidavit, para. 2);

    (c) According to Mr. Aguirre, GMAC (not Deutsche or MERS) has possession of the Home Equity Note (Aguirre Affidavit, para. 11);

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

6

(d) According to Mr. Aguirre, the referenced Security Instrument (lien) was assigned to Deutsche on January 2, 2009 (Aguirre Affidavit, para. 10), yet he offers no testimony as to who owns the underlying Home Equity Note;

(e) Mr. Aguirre states that the documents attached to his Affidavit are business records of GMAC, yet he offers no testimony as to how or when GMAC may have taken possession of such documents (Aguirre Affidavit, para. 2);

(f) Mr. Aguirre states that the documents attached to his Affidavit are business records of GMAC, but not even the name of GMAC appears on any of the attached documents (Aguirre Affidavit, para. 2);

(g) Mr. Aguirre states that Deutsche and MERS "exercised their power of sale" as to the Plaintiffs' home (Aguirre Affidavit, para. 14), yet Mr. Aguirre is not an employee or representative of either Deutsche or MERS; nor has Mr. Aguirre has offered any factual basis to offer any testimony as to what Deutsche or MERS may, or may not, have done.

In summary, even if the Court were to consider the Aguirre Affidavit, the Affidavit offers no meaningful evidence that supports Defendants MSJ.

### G. DEFENDANTS' MSJ FAILS BECAUSE GENUINE DISPUTES DO EXIST AS TO MATERIAL FACTS SUPPORTING PLAINTIFFS' CLAIMS

13. The first challenge to Plaintiffs' Claims put forth in Defendants' MSJ relates to

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

7

Plaintiffs' Claims surrounding Deutsche and MERS' efforts to collect funds personally from Plaintiffs based on the non-recourse Home Equity Note (Defendants' MSJ, Section VI A, pages 6 through 9). [*Capitalized terms used in the body of Plaintiffs' Response and not otherwise defined shall carry the respective meaning provided in the Gorman Affidavit.*] In this challenge, Defendants ignore the difference between making payment demands necessary to avoid a seizure of secured collateral, and, making demands that a person make payments regardless of the relationship to the secured collateral.

14. Plaintiffs do not dispute that a party has the right to seize collateral securing the payment of a non-recourse obligation. However, such a right does not give a party the right to threaten to sue for funds due on a non-recourse obligation, or, to continually simply call and demand money, which is what Deutsche and MERS did to Plaintiffs. (Gorman Affidavit, at paras. 31, 71-72, & 87-89).

15. Genuine disputes do, therefore, exist as to material facts regarding the types of monetary demands made by Defendants, and Defendants' forgoing challenge fails.

16. The next challenge to Plaintiffs' Claims put forth in Defendants' MSJ relates to Plaintiffs' Claims that Plaintiffs did not receive the notice required Section 50(a)(6), Article XVI of the Texas Constitutional (hereafter such Section shall be referred to as the "Constitutional Protections") (Defendants' MSJ, Section VI B, pages 9 and 10). To support such challenge, Defendants *merely* attach Defendants' Exhibit A-6.

17. However, Plaintiffs dispute that Exhibit A-6 is the document Defendants purport it to be, and Plaintiffs have offered evidence that the notice required by the Constitutional Protections was not provided to Plaintiffs the day that Plaintiffs completed the 2005 Home

Equity Loan, as required by the Constitutional Protections. (Gorman Affidavit at para. 58).

18.  Genuine disputes do, therefore, exist as to material facts regarding whether the above-referenced notice was provided to Plaintiffs in accord with the Constitutional Protections, and Defendants' forgoing challenge fails.

19.  Defendants' MSJ next challenges Plaintiffs' Claims based on fraud, asserting four separate arguments. (Defendants' MSJ, Section VI C, pages 13 through 17).

20.  In Section VI C (1) of Defendants' MSJ, Defendants assert that Plaintiffs have not offered the evidence necessary to satisfy the commission of fraud. (Defendants' MSJ, Section VI C (1), pages 10 through 12). In support of such challenge, Defendants rely on their attached Exhibits A-2, A-1, A-3, and A-5.

21.  However, Plaintiffs dispute that Exhibits A-2, A-1, A-3, and A-5 are the documents Defendants purport them to be, and Plaintiffs have offered evidence that Plaintiffs' were defrauded as to the Loan Representations, the Future Fixed Rate Rider, and the Modification Representations. (Gorman Affidavit paras. 13 through 21, 32 through 42, 46 through 56, 59 through 70, and, 85 and 86).

22.  Plaintiffs have offered evidence supporting the elements of fraud, and genuine disputes do exist as to material facts regarding whether Defendants defrauded Plaintiffs.

23.  In Section VI C (2) of Defendants' MSJ, Defendants assert that Plaintiffs' Claims of fraud based are time barred. (Defendants' MSJ, Section VI C (2), pages 12 and 13).

24.  However, although the Loan Representations may have been made at the time the 2005 Home Equity Loan was made, the fraudulent actions based on the Loan Representations, the Future Fixed Rate Rider, and the Modification Representations continued through 2011.

(Gorman Affidavit, paras. 66 and 67).

25.  Further, because the current action was brought in response to Defendants filing of their Rule 736 proceeding, Plaintiffs are allowed to assert claims to counter such proceeding, even if such claims might have been time barred in an independent action.

26.  Therefore, Plaintiffs' Claims of fraud based on the Loan Representations, the Future Fixed Rate Rider, and the Modification Representations are not time barred, and at a minimum, genuine disputes do exist as to material facts regarding how long the fraudulent actions continued.

27.  In Section VI C (3) of Defendants' MSJ, Defendants assert that Plaintiffs' Claims of fraud based are barred by the statute of fraud. (Defendants' MSJ, Section VI C (3), pages 13 through 17).

28.  However, Defendants' reliance on the statue of frauds is misplaced because the Future Fixed Rate Rider (which is the basis of the applicable fraud claims) was in writing and signed by Plaintiffs. (Gorman Affidavit, para. 18). Further, the Modification Representations were merely a continuation of the written Future Fixed Rate Rider. (Gorman Affidavit, paras. 60 through 64).

29.  Therefore, Plaintiffs' Claims of fraud are not barred by the statute of fraud, and genuine disputes do exist as to material facts regarding the fraudulent actions asserted by Plaintiffs.

30.  Defendants' final challenge to Plaintiffs' Claims regarding fraud are made in Section VI C (4) of Defendants' MSJ and Defendants assert that such claims are barred because of the "economic loss doctrine." (Defendants' MSJ, Section VI C (4), page 17).

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

10

31. Defendants argue that Plaintiffs only loss would be the loss of the Homestead, which is the subject matter of the 2005 Home Equity Loan. (*Id.*)

32. However, Defendants application of such doctrine is not applicable in this matter because Plaintiffs also suffered damages in excess of $20,000 (being the Loan Fees) and the additionally improperly charged interest paid by Plaintiffs as a result of fraud committed by Defendants. (Gorman Affidavit, paras. 12 and 95). Further, genuine disputes do exist as to material facts regarding the fraudulent actions asserted by Plaintiffs.

33. Defendants' MSJ next challenges Plaintiffs' Claims based on fraud in the inducement, arguing the same points as discussed above as to Plaintiffs' Claims regarding fraud, asserting four separate arguments. (Defendants' MSJ, Section VI D, pages 18 through 19).

34. However, Defendants' challenge to Plaintiffs' Claims as to fraud in the inducement fails for the same reasons and evidence described above regarding Defendants' challenge to Plaintiffs' Claims based on fraud.

35. Defendants' MSJ next challenges Plaintiffs' Claims based on usury by alleging that such claims are time barred and that Plaintiffs have failed to state a usury claim. (Defendants' MSJ, Section VI E, pages 19 through 20).

36. Plaintiffs Claims' as to usury are not time barred because Defendants continue to charge levels of interest beyond the fixed rate that was to be established. (Gorman Affidavit, para. 95).

37. Further, because the current action was brought in response to Defendants filing of their Rule 736 proceeding, Plaintiffs are allowed to assert claims to counter such proceeding, even if such claims might have been time barred in an independent action.

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

11

38. Therefore, Plaintiffs' Claims of usury are not time barred, and at a minimum, genuine disputes do exist as to material facts regarding how long the excess interest has been charged by Defendants.

39. As to Defendants' assertions that Plaintiffs have not pleaded a usury cause of action, Defendants again are incorrect.

40. Under the Texas Finance Code, usury occurs whenever interest is charged that was not agreed to by the borrower. In the matter before the Court, Plaintiffs have been charged a rate based on an adjustable rate of interest that was greater than what the agreed upon fixed rate would have been. (Gorman Affidavit, para. 95).

41. Defendants' MSJ next challenges Plaintiffs' Claims of breach of contract based on a belief that Plaintiffs do not allege a breach of any contract, that the statue of fraud protects Defendants from such breach, and that the limitations period to bring such a claim has passed. (Defendants' MSJ, Section VI F, pages 20 through 22).

42. However, Plaintiffs do allege that Defendants breached the underlying agreement contained in the Loans Representations, the Future Fixed Rate Rider, and the Modification representations. (Gorman Affidavit paras. 13 through 21, 32 through 42, 46 through 56, 59 through 70, and, 85 and 86).

43. Further, Defendants' attempt to rely on the statute of fraud and a limitations bar to shield Defendants from Plaintiffs' Claims of breach of contract fail for the same reasons previously described in this Plaintiffs' Response.

44. Plaintiff has indeed pled the necessary elements of breach of contract, and genuine disputes do exist as to material facts regarding Defendants' failure to set a fixed interest rate as

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

12

agreed upon.

45. Defendants' MSJ next challenges Plaintiffs' Claims based upon the Texas Debt Collection Practices Acts ("TDCA"). (Defendants' MSJ, Section VI G, pages 22 through 24).

46. Defendants' challenge to Plaintiffs' Claims related to the TDCA fails because the Defendants incorrectly, improperly, and without any basis-assume that the Texas TDCA: allows a party to attempt collection of funds that were not contracted for by the parties; allows a party to attempt collection of funds that are not legally due; allows a collecting party to make harassing phone calls; allows a collecting party to make harassing communications via mail; allows a collecting party to attempt to coerce payments from a borrower; allows a collecting party to ignore the Texas Constitutional requirements related to any attempt to collect under a Texas home-equity loan; allows a party to attempt improper collection efforts of collateral under a loan; and allows a party to remain immune from the overall financial damages suffered by Plaintiffs as a result of the acts and omissions of the Defendants. (Gorman Affidavit).

47. Genuine disputes do, therefore, exist as to material facts regarding collection actions taken by Defendants, and Defendants' forgoing challenge fails.

48. Defendants' MSJ next challenges Plaintiffs' Claims based predatory and unconscionable lending practices. (Defendants' MSJ, Section VI H, page 24).

49. The Defendants' challenge the Plaintiffs' predatory and unconscionable lender practices counts by merely concluding that Texas does not recognize such acts and omissions by a lender as actionable under Texas law. In support of the Defendants' conclusion, Defendants cite no Federal Fifth Circuit decisions, no Texas Supreme Court decisions, no Texas Court of Appeal decisions, and no Texas District Court decisions. Rather, Defendants refer this Court to

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

13

two Federal District Court cases which held that, in the cases at hand, the parties had not plead sufficient facts to support a claim for predatory and unconscionable actions of a lender.

50. If there is no Texas predatory lending cause of action, then why does the Texas Office of Consumer Credit Commissioner ("TOCCC") publish its own chart of the Texas Response to Predatory Lending Practices? (*See*, TOCCC website). In the summary set forth by the TOCCC, various predatory lending practices are described and then tied to particular protections found in Texas law.

51. Various other Texas cases also support the existence of a predatory lending cause of action in Texas. While each of the following Texas courts found that the proof asserted by the applicable parties was not sufficient to support the predatory lending cause of action asserted, none of the Texas courts held that there is no such cause of action:

>*Terra XXI Ltd v. AG Accept. Corp.*, No. 07-07-374 (Tex. App.-Amarillo 2009);
>
>*Montgomery v. Ford Motor Credit Co.*, 01-09-00581 (Tex. App.-Houston (1st) 2010);
>
>*Schanzle v. JPMC Spec Mtg.*, No. 03-09-00639 (Tex. App.-Austin 2011); and
>
>*Jin v. PNC Bank*, 03-10-00392 (Tex. App.-Austin 2011)

52. Because Texas jurisprudence does in fact recognize the existence of a cause of action for predatory and unconscionable actions of a lender, Defendants' challenge to such counts fails. Further, genuine disputes do, therefore, exist as to material facts regarding whether Defendants actions as set forth throughout the Gorman Affidavit are proper actions that should be allowed in the State of Texas.

53. Defendants' MSJ next challenges Plaintiffs' Claims of lender liability based on a

special relationship existing between Plaintiffs and the lenders under a Texas home equity loan. (Defendants' MSJ, Section VI I, pages 24 and 25).

54. The Defendants challenge the Plaintiffs' Claims based on lender liability by asserting that a "special relationship" does not exist under Texas law (between a mortgagor and mortgagee) which would create a cause of action for the improper actions committed by the Defendants.

55. The foregoing challenge fails because: the creation of a home-equity loan is exactly the type of relationship that does in fact create a "special relationship" between the parties.

56. The cases relied upon by the Defendants to assert no "special relationship" exists, do NOT deal with a home equity borrower and a home equity lender. Yet it is exactly that home-equity relationship that creates the "special relationship" creating various duties on the part of the lender to the borrower.

57. The Texas Supreme Court has stated that a "special relationship" does exist where there is an "imbalance in bargaining power." *Federal Deposit Ins. Corp. v. Coleman,* 795 S.W.2d 706, 708-09 (Tex. 1990). When applying that standard to a home-equity borrower and lender situation, a "special relationship" does exist.

58. By enacting protections in the Texas constitutions, the legislature and the people of Texas have acknowledged the "imbalance in bargaining power" with regard to home-equity loans. Further by adopting Texas Rule of Civil Procedure 736, the Texas Supreme Court affirmed the "imbalance in bargaining power" with regard to home-equity loans.

59. Because Texas law does support the existence of a "special relationship" between

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

15

a home-equity borrow and lender, the Defendants' challenge fails. Further, genuine disputes do exist as to material facts regarding whether Defendants actions as set forth throughout the Gorman Affidavit are proper actions that should be allowed in the State of Texas by a home equity lender against a borrower's homestead.

60. Defendants' MSJ next challenges Plaintiffs' Claims of conspiracy (Defendants' MSJ, Section VI J, pages 25 and 26). Plaintiffs no longer wish to assert against Deutsche and MERS Plaintiffs' Claims based on conspiracy.

61. Defendants' MSJ lastly challenge Plaintiffs' request for declaratory relief (Defendants' MSJ, Section VI K, pages 27 and 29).

62. Defendants first assert that there is no justiciable controversy between Plaintiffs and Defendants. (Defendants' MSJ, Section VI K, pages 27 and 28).

63. As to there being no justiciable controversy--what do the Defendants' consider the validity of the underlying loan to be? Plaintiffs have asserted that the underlying loan was not made in compliance with the Texas Constitution and is therefore, void. (Gorman Affidavit). Are the Defendants agreeing that the underlying loan is void, resulting in no controversy on the issue? Probably not.

64. A justiciable controversy further exists as to whom owns the Home Equity Note. On page 27 of Defendants' MSJ, Defendants assert that "Defendants are in the possession of the original Home Equity Note." Notwithstanding the difference between who might be in possession of the original Home Equity Note and who is the lawful owner of the Home Equity, Defendants offer no evidence that in fact Defendants are in possession of the original Home Equity Note. All the Aguirre Affidavit states is that GMAC is in possession of the original Home

PLAINTIFFS' RESPONSE TO THE MERS & DEUTSCHE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF
glaw 12.31.2012

16

Equity Note (Aguirre Affidavit, para. 11). However, GMAC is not one of the Defendants filing Defendants' MSJ.

65. The Home Equity Note was made by First Consolidated, purportedly assigned to IMPACT, and then purportedly somehow ended up in the hands of Deutsche. (Gorman Affidavit). Of course a justiciable controversy exists as to who owns the Home Equity Note and what the relationship is between such holder and MERS, who claims to be the beneficiary under the Security Instrument.

66. Defendants' MSJ then asserts that Plaintiff cannot raise any questions regarding ownership of the Home Equity Note because Plaintiffs are not parties to the assignment of the Home Equity Note. (Defendants' MSJ, Section VI K, pages 28 and 29).

67. However, Plaintiffs are not challenging the validity of any assignment of the Home Equity Note or the Security Instrument, rather Plaintiffs are merely seeking to determine whether there is indeed a trail of assignments that lead from First Consolidated to Deutsche and MERS. Based on the evidence presented by Defendants, there is no such trail of assignments.

68. A justiciable controversy further exists as to whether the 2005 Home Equity Loan was made in compliance with the Constitutional Protections. (Gorman Affidavit).

### H. Conclusion.

69. For all the reasons set forth in this Plaintiffs' Response, the Defendants MSJ should be *denied in its entirety.*

12-12020-mg    Doc 9659-32    Filed 02/23/16    Entered 02/23/16 15:32:39    Puempo Decl.
Exhibit O    Pg 19 of 20

Case 4:12-cv-00098-RAS    Document 36    Filed 12/31/12    Page 18 of 19 PageID #: 621

Respectfully submitted,

Gorman Law Offices, P.C.

By: _____
Terry P. Gorman
State Bar No. 08218200
15950 N. Dallas Parkway, Suite 400
Dallas, Texas  75248-6628
Telephone:    (972) 235-4700
Telecopier:    (214) 540-6609
terry@gormanlawtexas.com
**COUNSEL FOR TERRY PATRICK GORMAN
and KAREN GORMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2012, I served a copy of the foregoing to the following:

**Via First Class Mail**

Keith S. Anderson
Graham W. Herhardt
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North Birmingham
Alabama 35203
**ATTORNEYS FOR DEFENDANTS**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE**
**INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS,**
**SERIES 2005-7 AND**
**GMAC MORTGAGE, LLC**

_____
Terry P. Gorman