**Exhibit P**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TERRY PATRICK GORMAN and KAREN GORMAN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: 4:12-cv-00098-RAS** |
| v. | ) ) ) | |
| **FIRST CONSOLIDATED MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANTS MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. & DEUTSCHE BANK NATIONAL TRUST COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MSJ EVIDENCE**

**COME NOW** Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche") (collectively, "Defendants") and hereby submit this Response and Opposition to Plaintiffs' "Motion to Strike Defendants' MSJ Evidence and Brief in Support Thereof" ("Motion to Strike"). Plaintiffs' Motion to Strike seeks to exclude the Affidavit of Juan Aguirre ("Aguirre Affidavit") attached to Defendants' Motion for Summary Judgment. Plaintiffs' Motion to Strike, however, is unsupported by applicable law and due to be denied.

1

## Standard of Review

In ruling on a motion for summary judgment, a court may consider admissible evidence only. *Kopin v. Wells Fargo Bank, N.A.*, 2013 WL 74601, at *1 (E.D. Tex. Jan. 4, 2013); *Mersch v. City of Dallas*, 207 F.3d 732, 734–35 (5th Cir. 2000). Under Rule 56 of the Federal Rules of Civil procedure, admissible evidence with a motion for summary judgment includes affidavits that "are made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Accordingly, "unsupported ... affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

A custodian of records is competent to testify from the business records as a corporate representative. *See* FED. R. CIV. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). The personal knowledge required by Rule 56(c)(4) "may also be inferred from the affiant's position with the company." *Dempsey v. U.S. Bank Nat.*, 2012 WL 2036434, at *3 (E.D. Tex. June 6, 2012).

## Arguments and Authorities

Plaintiffs' Motion to Strike is due to be denied because (1) the Affidavit satisfies Rule 56(c)(4) and Rule 803(6); (2) similar affidavits have been upheld by courts in the Eastern District; and (3) Plaintiffs' challenges to the Affidavit are irrelevant, speculative, and unsupported.

1. **On its face the Aguirre Affidavit satisfies the requirements of Rule 56 and Rule 803(6).**

The Aguirre Affidavit, on its face, satisfies the requirements of Rule 56(c)(4) and Rule 803(6). First, the Aguirre Affidavit adequately demonstrates personal knowledge as it (1) states that the statements are within the affiant's personal knowledge; (2) states that the testimony is based on personal knowledge or derived from a review of the business records of which the affiant is a custodian; and (3) states the affiant's position as a Manager-Litigation Support, from which personal knowledge can be inferred. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (declining to find an affidavit deficient for lack of personal knowledge where the requisite personal knowledge could be inferred from the affiant's position). Every statement in the Aguirre Affidavit satisfies the requirements of Rule 56(c)(4) and Rule 803(6) is therefore proper.

2. **Similar affidavits have been upheld in the Eastern District.**

Affidavits employing similar language and testifying as to similar facts have been upheld in the Eastern District. *See Dempsey*, 2012 WL 2036434, at *3 (upholding affidavit of employee of mortgage servicer under challenges to the affiant's personal knowledge and under 803(6)); *Bryant v. Bank of America, N.A.*, 2012 WL 2681361, at *4-5 (E.D. Tex. June 6, 2012); *Lusk v. Wells Fargo Bank, N.A.*, 2012 WL 1841359, at *1-2 (E.D. Tex. May 21, 2012). The Aguirre Affidavit employs similar language as the affidavits in these cases, and should be upheld here as well.

3. **Plaintiffs' challenges to the Aguirre Affidavit are irrelevant, specious, and unsupported.**

First, contrary to Plaintiffs' assertions, the Aguirre Affidavit lays a proper foundation for all of the statements set forth therein. The affiant states that all "statements contained within [the] Affidavit are within [his] personal knowledge and are true and correct." (Agguirre Aff., ¶

3

1/2433275.1

1). The affiant also states that his testimony is based on his "personal knowledge or derived from [his] review of these business records of which [he is] a custodian." (*Id*. at ¶ 3). Lastly, the affiant states that his position with GMAC is Manager-Litigation Support and that he has "access to GMAC's records related to Plaintiffs' loan" in this capacity. (*Id.* at ¶ 2). Accordingly, the affiant lays the proper foundation to testify as to all matters in the Affidavit pursuant to Rule 56 and Rule 803(6).

Plaintiffs also apparently challenge the Aguirre Affidavit because the affiant is an employee of GMAC, rather than an employee of Deutsche or MERS. (Motion to Strike, ¶ 9(a) – (b), (i)). This challenge is irrelevant, however, as nothing in the Federal Rules of Procedure or Federal Rules of Evidence require an affidavit made in support of a motion for summary judgment to be made by the party submitting the affidavit. Similarly, Plaintiffs argue that the Aguirre Affidavit should be struck because GMAC's name does not appear on the referenced documents. (Motion to Strike, ¶ 9(h)). A GMAC employee can testify as to these documents, however, because they are kept by GMAC in the regular course of business. *See Dempsey*, 2012 WL 2036434, at *3 ("Plaintiffs argue that this statement is 'false and constitutes a sanctionable lie,' since Wells Fargo is not a party to the documents executed in exhibits 1 through 6. However, it does appear that these documents are related to the assignment of the loan, and are, in fact, kept by Wells Fargo in the regular course of its business.") (internal citations omitted).

Plaintiffs' objections to the Aguirre Affidavit are irrelevant, specious, and unsupported. The Affidavit sets forth the proper foundation for the affiant's testimony, and the Affidavit need not be from an employee of either Deutsche or MERS, since the affiant was testifying as to *GMAC's* records.

4

12-12020-mg    Doc 9659-33    Filed 02/23/16    Entered 02/23/16 15:32:39    Premo Decl.
Exhibit P    Pg 6 of 6

Case 4:12-cv-00098-RAS   Document 39   Filed 01/11/13   Page 5 of 5 PageID #: 660

## Conclusion

Plaintiffs' Motion to Strike lacks merit and, like Plaintiffs' other pleadings, misinterprets the applicable law and ignores the relationship between GMAC—the mortgage servicer for Plaintiffs' loan and Deutsche's agent—and the other Defendants. Accordingly, Plaintiffs' Motion to Strike is due to be denied.

**WHEREFORE**, for the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike.

DATED: January 11, 2013

Respectfully submitted,

*/s/* Keith S. Anderson
Keith S. Anderson (TX Bar No. 24075789)
Graham W. Gerhardt (TX Bar No. 24075698)
Grant A. Premo (AL Bar No. ASB-5637-R80P)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEYS FOR DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; AND GMAC MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Terry P. Gorman
1400 Preston Road, Suite 400
Plano, TX 75093

*/s/* Keith S. Anderson
OF COUNSEL

5