**Exhibit Q**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **TERRY PATRICK GORMAN and KAREN GORMAN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: 4:12-cv-00098-RAS** |
| v. | ) ) ) | |
| **FIRST CONSOLIDATED MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP, COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7; RAY T. DEWITT III; and GMAC MORTGAGE, LLC** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### DEFENDANTS MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. & DEUTSCHE BANK NATIONAL TRUST COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche") (collectively, "Defendants") and hereby submit this Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment (the "Response"). Plaintiffs' Response does nothing to correct any of the dispositive issues in the Amended Complaint, raised by Defendants' Motion for

1

12-12020-mg Doc 9659-34 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit Q Pg 3 of 9

Case 4:12-cv-00098-RAS Document 38 Filed 01/10/13 Page 2 of 8 PageID #: 649

Summary Judgment. As such, Defendants' Motion for Summary Judgment is due to be granted. In further support, Defendants state as follows:[1]

### I. Introduction

Plaintiffs' Response is deficient in many respects. First, the Response contains only sparse citations to legal authority, but instead relies on catchphrases and unsubstantiated claims. Next, Plaintiffs' Response relies on an unsubstantiated, self-serving affidavit, which fails to create a genuine dispute of fact under Fifth Circuit law. More than anything, Plaintiffs' Response fails to address the dispositive issues raised by the Motion for Summary Judgment, but instead relies upon Plaintiffs' untenable theories regarding their personal liability to make payments on the Note and an alleged oral contract that contradicts the express terms of the written loan agreement. As set forth in more detail below, Plaintiffs' Response fails to present any cognizable challenge to Defendants' Motion for Summary Judgment because Defendants' summary judgment evidence is competent and admissible, Plaintiffs' affidavit submitted with their Response is insufficient to create a genuine fact issue, and Plaintiffs' Response continues to rely on invalid and meritless legal theories.

### II. Argument and Authorities

**A. Defendants' Summary Judgment Evidence is properly admissible.**

As set forth more fully in Defendants' Response to Plaintiffs' Motion to Strike (doc. 37), the Affidavit attached to and submitted in support of Defendants' Motion for summary Judgment is admissible. The Affidavit lays a proper foundation demonstrating that all the matters testified

---

[1] Plaintiffs' Response largely regurgitates Plaintiffs' irrelevant and unsupported arguments set forth in their prior pleadings, and the relevant issues have been extensively briefed by both Plaintiffs and Defendants. Accordingly, Defendants incorporate herein by reference in their entirety Defendants' Motion to Dismiss (doc. 12), Reply to Plaintiffs' Response to Defendants' Motion to Dismiss (doc. 16), Defendants' Motion for Summary Judgment (doc. 30), and Defendants' Response to Plaintiffs' Motion to Strike (doc. 37).

2

12-12020-mg Doc 9659-34 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit Q Pg 4 of 9

Case 4:12-cv-00098-RAS Document 38 Filed 01/10/13 Page 3 of 8 PageID #: 650

to are within the affiant's personal knowledge as a corporate representative and custodian of the relevant records. Further, similar affidavits have been upheld in the Eastern District. *See Dempsey v. U.S. Bank Nat.*, 2012 WL 2036434, at *3 (E.D. Tex. June 6, 2012) (upholding affidavit of employee of mortgage servicer under challenges to the affiant's personal knowledge and under 803(6)); *Bryant v. Bank of America, N.A.*, 2012 WL 2681361, at *4-5 (E.D. Tex. June 6, 2012); *Lusk v. Wells Fargo Bank, N.A.*, 2012 WL 1841359, at *1-2 (E.D. Tex. May 21, 2012).

**B. The Gorman Affidavit is insufficient to create a genuine fact issue.**

Along with Plaintiffs' Response, Plaintiffs submit the Affidavit of Terry Gorman ("Gorman Affidavit"); the Gorman Affidavit, however, is insufficient to create a genuine fact issue and prevent summary judgment as the Affidavit is self-serving, fails to include any other documentary evidence, and contradicts the evidence in the record.

"[S]elf-serving or conclusory statements made in affidavits are not admissible and are not proper summary judgment evidence." *Elmore v. Gorsky*, 2012 WL 6569760, at *3 (S.D. Tex. Dec. 17, 2012). *See also Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment.") (quoting *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)). Further, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Rhodes v. Wells Fargo Bank, N.A.*, 2012 WL 5363424, at *7 (N.D. Tex. Oct. 31, 2012). *See also Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994).

Accordingly, Texas District Courts have held that self-serving affidavits are improper and insufficient to defeat summary judgment. *See Tyler v. Cedar Hill Indep. Sch. Dist*., 426 Fed. Appx. 306, 309 (5th Cir. 2011) ("We have repeatedly held that self-serving affidavits without

3

more, will not defeat a motion for summary judgment."); *Rhodes*, 2012 WL 5363424, at *33 (holding that a borrower's "self-serving, hearsay affidavit" failed to create a genuine issue of fact to prevent summary judgment for a lender on the borrower's claims); *Gonzales v. AutoZoners, LLC*, 2012 WL 912719, at *3 (S.D. Tex. 2012) ("A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.") (*citing In re Hinsley*, 201 F.3d 638, 643 (5th Cir.2000)); *Poswalk v. GMAC Mortgage, LLC*, 2012 WL 2193982, at *4 (N.D. Tex. June 15, 2012) ("Plaintiffs cannot defeat summary judgment based on [the plaintiff's] self-serving affidavit, given the contrary evidence."); *Sierra v. Ocwen Loan Servicing, LLC*, 2012 WL 527940, at *5 (S.D. Tex. Feb. 16, 2012) ("However, these self-serving and after-the-fact affidavits are contradicted by numerous documents that they signed contemporaneously indicating that they did in fact receive copies of relevant documents during the loan process. Thus, the Court determines that no genuine issues of material fact remain disputed on this claim."); *Penrod v. Bank of New York Mellon*, 824 F. Supp. 2d 754, 757 (S.D. Tex. 2011) ("A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.").

Here, the Gorman Affidavit is self-serving, unsubstantiated, and contrary to the evidence in the record. First, the Affidavit, given by the borrower and Plaintiff, is completely self-serving and lacks any independent factual support for its allegations. The Gorman Affidavit does not include any documents in support of its statements. Further, the Gorman Affidavit is contradicted by the evidence in the record, including the publically filed documents attached to Defendants' Motion to Dismiss and the evidence submitted with Defendants' Motion for Summary Judgment. (*See* doc. 12, doc. 30). Simply put, the relevant loan files directly contradict Gorman's Affidavit, and the self-servicing Affidavit cannot disingenuously create a

4

12-12020-mg Doc 9659-34 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit Q Pg 6 of 9

Case 4:12-cv-00098-RAS Document 38 Filed 01/10/13 Page 5 of 8 PageID #: 652

fact issue through unsubstantiated, conclusory, and self-serving statements. To the extent that Plaintiffs' Response relies on the Affidavit, the Response lacks merit or consideration.

### C. Plaintiffs' Response continues to espouse unsupported and meritless legal theories.

As set forth in more detail in Defendants' Motion to Dismiss (doc. 12), Reply to Plaintiffs' Response to Defendants' Motion to Dismiss (doc. 16), and Defendants' Motion for Summary Judgment (doc. 30), Plaintiffs' Amended Complaint and Response rely upon unsupported and meritless legal theories. Briefly, Plaintiffs' legal theories fail for the following reasons:

Plaintiffs' theory that Defendants violated the non-recourse provisions of the Note and Security Instrument by demanding that Plaintiffs make "personal payments purportedly due under the Home Equity Note" is simply not valid. (Am. Pet., ¶¶ 69, 70; Response, ¶¶ 13-14). Again, Plaintiffs conflate the remittance and collection of amounts due under the terms of the Note with the enforcement of a judgment on the Note. The Note states that "each person who signs the Note is responsible for ensuring that all of [the] promises and obligations in this Note are performed, including payment of the full amount owed." (Doc. 30, Ex. A, ¶ 9). Though the Note guarantees that it is made "without personal liability" against Plaintiffs, this guarantee relates to the enforcement of a judgment on the Note, not the obligation to make the payments due under the terms of the Note. Plaintiffs' attempt to conflate a demand for "personal payments purportedly due under the Home Equity Note" with a judgment on a mortgage loan against a borrower's personal assets rather than against the property secured by the mortgage is simply nonsensical.

Plaintiffs' unsubstantiated and self-serving allegations that the loan documents attached to Defendants' Motion for Summary Judgment are not genuine documents are insufficient to

5

1/2433339.1

create a fact issue to prevent summary judgment. Further, several of the documents, including the Security Instrument, are copies of publically recorded documents. Plaintiffs' brazen attempt to prevent summary judgment by simply denying the authenticity of these loan documents is completely unsubstantiated and lacks merit.

Plaintiffs' vague allegation that their claims barred by the statute of limitations are somehow saved because Plaintiffs brought the claims in response to a Rule 736 proceeding lacks any support under Texas or Fifth Circuit law. (*See* Response, ¶ 25). Notably, Plaintiffs fail to cite a single case or statute which would support this statement.

Plaintiffs also attempt to escape the effects of the statute of frauds by referencing a "Future Fixed Rate Rider." (*See, e.g.*, Response, ¶ 28). However, Plaintiffs fail to include any such document, and the only evidence that any such document exists is Plaintiffs' self-serving and unsubstantiated statement in the Gorman Affidavit. As described above, the unsubstantiated and self-serving statements in the Gorman Affidavit fail to create a genuine fact issue.

Texas Federal District Courts have held that no such cause of action for "Predatory and Unconscionable Lender Practices" exists. *Brown v. Aurora Loan Services, LLC*, 2011 WL 2783992, at *4 (E.D. Tex. June 7, 2011) (stating that "there is no 'predatory lending' cause of action in Texas"); *Smith v. National City Mortg.*, 2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010) (dismissing a plaintiff's "predatory lending" claim under Rule 12(b)(6) for failure to state a claim). Plaintiffs' Response again relies on the title of a document on a website run by a Texas governmental agency. Further, Plaintiffs again cite to cases which *do not* stand for the proposition that a Predatory and Unconscionable Lender Practices cause of action exists under Texas law. (*See* Doc. 16, pp. 10-11).

6

1/2433339.1

Plaintiffs' allegation that a "special relationship" exists simply by virtue of the mortgagor-mortgagee relationship is directly contradicted by the Texas Supreme Court. *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) ("The relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith."). *See also Adams v. Bank of Am.*, 2011 WL 5080217, at *7 (E.D. Tex. Oct. 26, 2011) (stating that there is "no special relationship between a mortgagor and mortgagee.").

No justiciable controversy sufficient to sustain a declaratory judgment cause of action exists because all of Plaintiffs' underlying claims fail. *See Broyles v. Chase Home Finance*, 2011 WL 1428904, at *5 (N.D. Tex. Apr. 13, 2011) (dismissing a similar declaratory judgment claim where the plaintiff failed to plead a cognizable claim); *DiSanti*, 2010 WL 3338633, at *4 (granting motion to dismiss on plaintiff's declaratory judgment action where no live controversy existed because plaintiff failed to plead a proper claim); *Wigginton v. Bank of New York Mellon*, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011) (declining to consider plaintiff's request for declaratory relief where plaintiff "failed to plead any cognizable claim against any of the defendants").

### III. Conclusion

Plaintiffs' Response doubles down on Plaintiffs' invalid and unsupported legal theories, and relies on an insufficient, self-serving, and unsubstantiated Affidavit. There is no genuine dispute of fact, and Plaintiffs' Response fails to demonstrate any genuine dispute. Plaintiffs have now had multiple opportunities to state a claim, and have failed to do so. Therefore, Defendants are due summary judgment on Plaintiffs' meritless Amended Complaint.

DATED: January 10, 2013

12-12020-mg Doc 9659-34 Filed 02/23/16 Entered 02/23/16 15:32:39 Premo Decl. Exhibit Q Pg 9 of 9

Case 4:12-cv-00098-RAS Document 38 Filed 01/10/13 Page 8 of 8 PageID #: 655

Respectfully submitted,

*/s/* Keith S. Anderson
Keith S. Anderson (TX Bar No. 24075789)
Graham W. Gerhardt (TX Bar No. 24075698)
Grant A. Premo (AL Bar No. ASB-5637-R80P)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEYS FOR DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; AND GMAC MORTGAGE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Terry P. Gorman
1400 Preston Road, Suite 400
Plano, TX 75093


*/s/* Keith S. Anderson
OF COUNSEL

8

1/2433339.1