Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

VIA E-Mail

February 23, 2016

The Honorable Judge Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Courtroom 501
One Bowling Green
New York, New York 10004-1408

Re: *In re: Residential Capital, LLC, et al.*, Case No. 12-12020

Dear Judge Glenn:

      This letter is in response to the letter, dated February 22, 2016, by Counsel to Non-party witnesses Susie Moy, Nancy Luong, Doris Wong, Fernando Acebedo, and Audrey Zabriskie (collectively, the "Non-Party Individuals"). See Doc. 9653. Counsel to Non-Party Individuals seek to quash trial subpoenas that I served. I believe that the Non-Party Individuals must be examined in Court in order to prove or disprove whether Mira Smoot had authority to execute an Assignment of the Deed as an Authorized Officer of HSBC.

**Legal Argument**

      Subpoenas issued and served pursuant to Rule 45 and 15 U.S.C. § 23 may be challenged under Rule 45, in the same manner as any subpoena issued on a non-party in a civil action. *See In re Fish & Neave,* 519 F.2d 116,118 (8th Cir. 1975) (holding non-parties in contempt under Rule 45(e) when they violated a subpoena issued under 15 U.S.C. § 23 and Rule 45); *cf. United States v. IBM,* 90 F.R.D. 377, 380-82 (S.D.N.Y. 1981) (discussing interplay of 15 U.S.C. § 23 and Rules 26, 32 & 45; applying all four).

      The Movant, in this case the Non-Party Individuals, have a heavy burden of proof. "[T]he party seeking to quash a subpoena bears a heavy burden of proof...." *Irons v. Karceski,* 74 F.3d 1262, 1264 (D.C. Cir. 1995); *see Diamond State Ins. Corp. v. Rebel Oil Co.,* 157 F.R.D. 691, 698-700 (D. Nev. 1994) (placing burden on movant under Rule 45(c)(3)(A)(iv)); 9 *Moore's Federal Practice* § 45.04[3][a] (Supp. 2003).

      Rule 45(c)(3) provides the exclusive mechanism in the rules for quashing non-party subpoenas. *See Continental Coatings Corp. v. Metco, Inc.* 50 F.R.D. 382, 384 (N.D. 111. 1970) (holding other rules inapplicable when Rule 45 is exclusive mechanism for non-party subpoenas). the Non-Party Individuals does not allege

1

sufficient facts in its letter to satisfy Rule 45(c)(3)'s standard.  The Non-Party Individual's motion should, therefore, be denied.

They have not met that burden of proof.  Counsel to Non-Party Individuals claims that I only seek to confirm whether they actually signed the 2008 Limited Power of Attorney.  However, that is not all that I am asking.  I am seeking to prove that Mira Smoot did not have authority to execute an Assignment of the Deed as an Authorized Officer of HSBC.  In establishing that claim, for which this Court must determine, I need to prove that Mira Smoot was not an Authorized Officer of HSBC.  This information can only be known to HSBC and its employees.   Thus, I seek to ask questions that go beyond simply authenticating their signatures in document.  As signors to the 2008 Limited Power of Attorney they would personally know the effects of the document, the contents of the document, and whether GMAC followed the guidelines set in that Limited Power of Attorney.   Mainly, whether the 2008 Limited Power of Attorney granted Mira Smoot authority to execute an Assignment of the Deed of Trust as an Authorized Officer of HSBC without disclosing in the Assignment of the Deed of Trust that she executed that document as an attorney in fact.

There is a strong preference for the presentation of live testimony. *See* Fed. R. Civ. P. 43 (a) ("In every trial, the testimony of witnesses shall be taken in open court ...."); *In re Adair,* 695 F.2d 777, 780 (9th Cir. 1992) ("The Primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witness."); *see also Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition,* 290 F.3d 1058, 1118-19 (9th Cir. 2002) (Rule 32 "reflects the historical belief that live testimony better enables the jury to adjudge the credibility of a witness and therefore to determine the weight and import ascribed to the witness's testimony."); *Murphy v. Tivoli Enters.,* 935 F.2d 354, 359 (8th Cir. 1992) ("The federal rules strongly favor the testimony of live witnesses wherever possible, so that the jury may observe the demeanor of the witness to determine the witness's veracity.").

A crafted declaration stating what Counsel believes is the relevant issue of this Trial is not enough to justify quashing the Subpoena to Testify.  Also, I dispute Counsel's claim that Moy, Luong and Wong personally signed the Limited Power of Attorney.  I must have the right to properly examine the witness in order to protect my right to present evidence to the Court that Moy, Luong, and Wong did not in fact sign the Limited Power of Attorney.  As Non-Party Individuals, they should not be allowed to judge my case and what issues are relevant or what issues are not relevant.   I only seek to present evidence that is relevant to the issue of the Trial.  Whether they actually signed and witnessed the 2008 Limited Power of Attorney is just one of many facts I intend to present through the Non-Party Individuals' testimony.

I am willing to stipulate to a protective order that limits my questioning of the witnesses to the relevant issue before this Court. I was also willing to stipulate that Doris Wong does not need to appear at Trial because I will not call her to testify. I had discussed this issue with Counsel to the Non-Party Individuals, and was willing to agree to their request. However, I will not agree to Counsel's attempt to deny my right to present my case to the party on properly served witnesses. I will not agree to Counsel's attempt to only submit a declaration purporting to verify their signatures without proper cross-examination. It was because of the Trust's contradicting declarations and evidence that they filed in their Motion to Expunge my Proof of Claim One that the Court now seeks to determine whether Mira Smoot was properly authorized to execute an Assignment of the Deed.

In regards to Fernando Acebedo and Audrey Zabriskie, their testimony is relevant because Acebedo, as a Vice President, is the employee most qualified to discuss whether Smoot was authorized to execute the Assignment of the Deed of Trust as an Authorized Officer. Mr. Acebedo is knowledgeable about HSBC's practices in executing Limited Power of Attorneys. Ms. Zabriskie was the notary public that acknowledged the 2013 Limited Power of Attorney. However, I alleged that her notary public license was expired at the time she claimed she acknowledged the 2013 Limited Power of Attorney. Ms. Zabriskie must testify to my claim and also explain whether this was a common practice of HSBC. I intend to only question her of that fact and issue. This is relevant because if the acknowledgements of the Limited Power of Attorney are questionable, then it further proves that Smoot was not authorized to execute an Assignment of the Deed of Trust.

A subpoena *must* be modified or quashed under Rule 45(c)(3)(A) when it: (i) "fails to allow reasonable time for compliance;" (iii) requires the disclosure of privileged information; or (iv) subjects the witness to "undue burden." *See* Fed. R. Civ. P. 45(c)(3)(A)(i), (iii) & (iv). The trial subpoena issued for the Non-Party Individuals are not one that must be modified or quashed under Rule 45(c)(3)(A) because: (1) it provides adequate time for compliance since they were issued sixty-three days before trial; (2) the Non-Party Individuals will not testify regarding privileged information; and (3) the Non-Party Individuals does not allege that it will bear any "substantial burden." *See id.* Counsel only argues that each of the Non-Party Individuals would be required to take time away from their work to be on call to testify, that their time and expense cannot be justified given the lack of relevant information that would be obtained through this testimony beyond the authentication of the 2008 Power of Attorney, which can be accomplished through less burdensome means. However, their testimony is appropriate and not unduly burdensome for the reasons stated above.

A subpoena *may* be modified or quashed under Rule 45(c)(3)(B) when it: (i) requires the disclosure of trade secrets; (ii) requires disclosure of an unretained expert's opinion or conclusions; or (iii) requires a "substantial expense" due to travel. *See* Fed. R. Civ. P. 45(c)(3)(B)(i)-(m). The trial subpoena at issue is not one

3

that requires quashing under Rule 45(c)(3)(B) because: (1) it does not require the disclosure of confidential information in open court since there are procedures in place to protect such an occurrence; (2) The Non-Party Individuals are not unretained expert; and (3) The Non-Party Individuals will not incur a "substantial expense" since the Plaintiffs will pay Non-Party Individuals' travel expenses. *See id.* Each witness works in New York City.

Counsel makes no arguments that require the Subpoenas to be quashed under Federal Rule of Civil Procedure 45(d)(3)(a). The party claiming that subpoena is unduly burdensome has burden of proof, and must meet heavy burden of establishing that compliance with subpoena would be unreasonable and oppressive. Williams v City of Dallas (1998, ND Tex) 178 FRD 103, affd (1999, CA5 Tex) 200 F3d 814. I requested no more than two 6-hour trial days, while the Trust requested no more than one 6-hour trial day. I am willing to stipulate that the witnesses will spend no more than one full day at trial. Their testimony, while relevant and crucial to my case, does not require a great amount of time.

Respectfully,

*/s/ Erlinda Abibas Aniel*

Erlinda Abibas Aniel

Cc:

Counsel to Non-Party Individuals
KEVIN M. HODGES
Via email:  khodges@wc.com

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Jordan A. Wishnew, and Jessica J. Arett
Via Email:  JWishnew@mofo.com and JArett@mofo.com

4