**Hearing Date: April 19, 2016 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN FURTHER SUPPORT OF
ITS SUPPLEMENTAL OBJECTION TO PROOF OF CLAIM NO. 3695
FILED ON BEHALF OF ROSALIND ALEXANDER-KASPARIK**

ny-1223405

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above captioned bankruptcy cases [Docket No. 6065], as successor in interest to the above captioned debtors with respect to Borrower Claims,[1] hereby submits this reply (the "**Supplemental Reply**") to *Claimant Rosalind Alexander-Kasparik's Supplemental Opposition to ResCap Borrower Claims Trust's Objection to Proof of Claim No. 3695* [Docket No. 9644] (the "**Supplemental Response**") and in further support of the *ResCap Borrower Claims Trust's Supplemental Objection To Proof Of Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* [Docket No. 9583] (the "**Supplemental Objection**") seeking to disallow and expunge, without leave to amend, proof of claim number 3695 (the "**Claim**") filed on behalf of Rosalind Alexander-Kasparik (the "**Claimant**"). In further support of the Objection, the Borrower Trust respectfully represents as follows:

## REPLY

1. In the Supplemental Response, Claimant asserts that: (i) the doctrine of collateral estoppel does not bar the Claim; and (ii) GMAC Mortgage owed and breached a duty to not act negligently in handling Claimant's loan modification application once it undertook to review the application. See Supplemental Response at ¶¶ 10-18.[2] For the following reasons, neither of these arguments have merit.

**I.     The Claim Is Barred by Collateral Estoppel**

2. Claimant offers two arguments as to why the doctrine of collateral estoppel does not bar the Claim, but fails to cite to any supporting law for either proposition. *First*, Claimant

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Objection.
[2] The Supplemental Response contains no response to the arguments made by GMAC Mortgage in the Supplemental Objection that Claimant's claim for promissory estoppel fails. See Supplemental Objection at ¶¶ 42-50.

2

argues that the doctrine of collateral estoppel requires that GMAC Mortgage be in privity with Freddie Mac and, since no privity allegedly exists between GMAC Mortgage and Freddie Mac, the requirements for the application of the doctrine of have not been satisfied. See Supplemental Response at ¶ 12. *Second*, Claimant argues that barring the Claim would not be in the interest of public policy because GMAC Mortgage and Freddie "are distinct entities who do not represent the interests of one another" and the application of collateral estoppel would prevent Claimant "from asserting its claims against a distinct party." See Supplemental Response at ¶ 13.

3. For the reasons set forth below, the Minute Order satisfies the requirements for the application of collateral estoppel under California law. Accordingly, all causes of action asserted in the Claim are barred by the doctrine of collateral estoppel and should be disallowed on that basis.

    **A.**    **The Privity Requirement Is Satisfied Because Claimant Was a Party to the California Action**

4. The Claimant argues that GMAC Mortgage "cannot claim the benefit of collateral estoppel" because "it is not in privity with" Freddie Mac. See Supplemental Response at ¶ 12. Two California Supreme Court decisions, one decided within the last year, clearly state that the privity requirement for the application of collateral estoppel applies *only to the party against whom the doctrine is invoked*. Accordingly, the privity requirement is satisfied because Claimant was the plaintiff in the California Action.

5. In Vandenberg v. Superior Court, the California Supreme Court observed that, unlike the "narrower" doctrine of *res judicata*, the privity requirement for collateral estoppel is not mutual, and the doctrine may be invoked by a non-party to the prior litigation:

> [T]he [collateral estoppel] doctrine may also preclude a party to prior litigation from redisputing *issues* therein decided against him, even when those issues bear on different claims raised in a later

3

ny-1223405

case. Moreover, because the estoppel need not be mutual, it is not necessary that the earlier and later proceedings involve the identical parties or their privies. Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding. Accordingly, ***the collateral estoppel doctrine may allow one who was not a party to prior litigation to take advantage, in a later unrelated matter, of findings made against his current adversary in the earlier proceeding***. This means that the loss of a particular dispute against a particular opponent in a particular forum may impose adverse and unforeseeable litigation consequences far beyond the parameters of the original case.

982 P.2d 229, 237 (Cal. 1999) (internal citations and quotations omitted) (emphasis supplied).

6. Similarly, in DKN Holdings LLC v. Faerber, which was decided last year, the California Supreme Court reaffirmed its view that, unlike the doctrine of *res judicata*, the doctrine of collateral estoppel can be invoked by a non-party to the earlier proceeding:

> [U]nlike claim preclusion, issue preclusion can be raised by one who was not a party or privy in the first suit . . . . Unlike claim preclusion, issue preclusion can be invoked by one not a party to the first proceeding. The bar is asserted against a party who had a full and fair opportunity to litigate the issue in the first case but lost. The point is that, once an issue has been finally decided *against* such a party, that party should not be allowed to relitigate the same issue in a new lawsuit. Issue preclusion operates "as a shield against one who was a party to the prior action to prevent" that party from relitigating an issue already settled in the previous case.

352 P.3d 378, 387-88 (Cal. 2015) (internal citations and quotations omitted).

7. Here, the privity requirement is plainly satisfied because the Claimant was a party to the California Action and is bound by the Minute Order. The fact that the Minute Order was vacated by the December 31 Order as to GMAC Mortgage is irrelevant. Under clearly established California law, GMAC Mortgage is entitled to raise the defense of collateral estoppel to bar Claimant from re-litigating issues decided by the Minute Order.

4

ny-1223405

### B. California Public Policy Favors the Application of Collateral Estoppel

8. Claimant further argues (without citing any relevant precedent) that, if mutual privity is not a requirement for the application of collateral estoppel, public policy dictates that it should be. See Supplemental Response at ¶ 13. As set forth above, this position contradicts established California Supreme Court precedent, which permits a non-party to invoke the doctrine of collateral estoppel to bar a party from re-litigating an issue already settled in a prior lawsuit.

9. In Lucido v. Superior Court, the California Supreme Court stated that the public policies underlying the doctrine of collateral estoppel include "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation . . . ." 795 P.2d 1223, 1227 (Cal. 1990). Furthermore, the doctrine of collateral estoppel is "grounded on the premise that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed." San Diego Cty. Health & Human Servs. V. Shannon L. (In re Donovan L.), No. D068304, 2016 WL 542878, at *4 (Cal. Ct. App. Feb. 11, 2016) (citations omitted).

10. Here, public policy supports the application of collateral estoppel. The Claimant had a full and fair opportunity to litigate on numerous occasions the causes of action raised in the Claim in the California Action. Claimant admits that the Minute Order "effectively decided identical issues as to Freddie Mac." See Supplemental Response ¶ 12. Appellate review of the Minute Order was available, but not pursued by the Claimant. Application of collateral estoppel in these proceedings preserves the integrity of the California judicial system by giving credit to the factual and legal findings made by the California Superior Court, and estopping the Claimant from re-litigating those causes of action before this Court promotes judicial economy.

**II.    GMAC Mortgage Has Not Violated Any Duty of Care Owed to Claimant**

11.    Claimant argues that GMAC Mortgage owed Claimant a duty of care because it acted "beyond the domain of the usual money lender" once it undertook to review Claimant's loan modification application. See Supplemental Response at ¶ 15-16. Claimant argues that GMAC Mortgage breached its duty of care by "mishandling" the Application and by allowing the Trustee's Sale to occur "when there were approved funds to address the deficiency . . . and obtain a modified loan" under the KYHC program. See Supplemental Response at ¶ 16.

12.    As a general rule, California law provides that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." See Nymark v. Heart Fed. Savs. & Loan Assn., 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991). However, California courts will depart from this general rule when "the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. at 57 (citation and internal quotations omitted).

13.    Under California law, the test for determining whether a financial institution exceeded its role as a "usual money lender" and therefore owes a duty of care to a borrower-client involves the balancing of various factors, including: (i) "the extent to which the transaction was intended to affect the plaintiff; (ii) "the foreseeability of harm to him"; (iii) "the degree of certainty that the plaintiff suffered injury"; (iv) "the closeness of the connection between the defendant's conduct and the injury suffered"; (v) "the moral blame attached to the defendant's conduct"; and (vi) "the policy of preventing future harm." Id. at 58 (citation omitted).

14.    "California courts have not settled on a uniform application of these six factors in mortgage cases." Sears v. Bank of Am., No. 2:15-CV-00753-KJM-AC, 2015 WL 9481042, at

*4 (E.D. Cal. Dec. 29, 2015). Courts interpreting California law recognize an "overwhelming weight of authority" favors the characterization of loan modification as a traditional money lending activity that does not impose a duty of care on the lender. Settle v. World Savs. Bank, F.S.B., No. ED CV 11-00800 MMM (DTBx), 2012 WL 1026103, at *8 (C.D. Cal. Jan. 11, 2012) (citing cases); see, e.g., Argueta v. J.P. Morgan Chase, No. CIV. 2:11–441 WBS GGH, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011) ("Plaintiff's allegations about the loan modification application process are insufficient to plausibly suggest that defendants owed plaintiff a duty of care."); Becker v. Wells Fargo Bank, N.A., No. 2:10–cv–02799 LKK KJN PS, 2011 WL 1103439, at *23 (E.D. Cal. Mar. 22, 2011) (allegations concerning loan modification application process did not give rise to a duty on the part of the lender) (citations omitted); Sullivan v. JP Morgan Chase Bank, NA, 725 F. Supp. 2d 1087, 1094 (E.D. Cal. 2010) (holding that "[p]laintiffs have provided no authority to support their argument that lenders owe borrowers a duty of care not to misinform them about the loan modification process").

15. For example, in Garcia v. PNC Mortgage, the plaintiff alleged a claim of negligence based on a mortgage servicer's handling of mortgage assistance and foreclosure prevention services for his loan, including the handling of a loan modification application. Judge Phyllis J. Hamilton of the U.S. District Court for the Northern District of California observed that "[t]here is a split of authority in the California Court of Appeal" regarding "whether a loan servicer owes a duty of care to a borrower." No. 14-CV-3543-PJH, 2015 WL 5461563, at *3 (N.D. Cal. Sept. 16, 2015) (citing Lueras v. BAC Home Loans Servicing LP, 221 Cal. App. 4th 49, 67-78 (Cal. Ct. App. 2013) (no duty of care); Alvarez v. BAC Home Loans Servicing, 228 Cal. App. 4th 941, 945–50 (Cal Ct. App. 2014) (duty of care)). Nevertheless, Judge Hamilton ultimately ruled that, "[i]n the absence of some guidance from the Ninth Circuit, this court finds

7

the reasoning in the Lueras decision to be more persuasive, and finds that a servicer, as any financial institution, owes no duty of care to a borrower in the provision of ordinary financial services such as loan modifications." Garcia, 2015 WL 5461563, at *3.

16.     Likewise, in Avnieli v. Residential Credit Solutions, Inc., the plaintiffs alleged that, during an attempted loan modification, their mortgage loan servicer committed negligence by recording a notice of default prematurely, failing to properly contact plaintiffs, engaging in dual tracking, failing to provide plaintiffs with a single point of contact, and failing to competently review foreclosure documents.  No. 2:15-cv-02877-ODW (PJW), 2015 WL 5923532, at *1 (C.D. Cal. Oct. 9, 2015).  The district court observed that "[w]hile the [plaintiffs'] allegations may make out statutory violations if true, they do not establish that [d]efendants actively participated in the [plaintiffs'] loan beyond the domain of the usual money lender."  Id. at *8 (citations omitted).  The district court found that the loan servicer's actions (and inactions) fell "squarely within the class of conduct a lender might take during the default process."  Id.  Accordingly, the district court found that plaintiffs' negligence claim failed as a matter of law because they had not established the existence of a duty of care.

17.     Finally, in Saterbak v. National Default Servicing Corp., the plaintiff alleged that, during an attempted loan modification, its mortgage servicer breached its duty of care by, among other things: failing to give her credit for payments, failing to review her application in a timely manner, misplacing her application for loan modification, mishandling her application by relying on incorrect information, and misrepresenting the status of her loan modification application. No. 15-cv-956-WQH-NLS, 2015 WL 5794560, at *13 (S.D. Cal. Oct. 1, 2015).  The district court found that these facts did "not show that [d]efendants' involvement exceeded the scope of their conventional role as a mere lender of money."  Id. at *14.  Accordingly, the district court

found that the plaintiff's negligence claim failed because she had not established that the mortgage servicer owed her a duty of care.

18. Furthermore, Claimant proffers only generalized, non-specific allegations about GMAC Mortgage's conduct without providing any concrete details to substantiate GMAC Mortgage's alleged violation of a duty of care purportedly owing to Claimant. See Supplemental Response at ¶ 16; Third Amended Complaint at Ex. N to the Lathrop Declaration at ¶¶ 18-22. In fact, the only material fact concerns a representation allegedly made by Freddie Mac to Claimant on or about July 2, 2012 regarding the postponement of the trustee's sale. See Objection at ¶¶ 59-62; Supplemental Objection ¶¶ 29-31. Thus, even if GMAC Mortgage owed a duty of care to Claimant—which it does not—Claimant has failed to satisfy federal pleading standards with respect to her negligence claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that complaint must contain more than "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss). Accordingly, Claimant's cause of action for negligence should be disallowed and expunged.

19. Here, Claimant's negligence claim must fail because the majority of California courts analyzing similar facts have recognized that a mortgage servicer owes no duty of care to a borrower in connection with a pending application for a loan modification.

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached to the Supplemental Objection as Exhibit 1, granting the relief requested in the Supplemental Objection and such other and further relief as the Court may deem proper.

Dated: February 24, 2016

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*