**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
                                                            )
In re:                                                      )    Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,             )    Chapter 11
                                                            )
        Debtors.                                            )    Jointly Administered
---------------------------------------------------------------------------------  )

**ORDER SUSTAINING RESCAP BORROWER**
**CLAIMS TRUST'S OBJECTION TO CLAIM NO. 3658**
**FILED BY LAURA J. MCGUINN AND WILLIAM WELLS**

Upon the objection (the "<u>Objection</u>")[1] of the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>") established pursuant to the terms of the confirmed Plan filed in the Chapter 11 Cases, as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") with respect to Borrower Claims, to Proof of Claim Number 3658 (the "<u>Proof of Claim</u>") filed by Laura J. McGuinn and William Wells ("<u>Claimants</u>"), seeking entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, disallowing and expunging the Proof of Claim on the basis that the Debtors have no liability with respect to the Proof of Claim, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, the *Declaration of Sara Lathrop in Support of the ResCap Borrower Claims Trust's Objection to*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Claim No. 3658 Filed by Laura J. McGuinn and William Wells*; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Objection is sustained to the extent provided herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, the Proof of Claim is hereby disallowed and expunged in its entirety with prejudice.

3. Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to reflect the disallowance of and expunge the Proof of Claim from the Debtors' Claims Register.

4. The Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Procedures Order [Docket No. 3294], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6. This Order shall be a final order with respect to the Proof of Claim.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: February 25, 2016
      New York, New York

                                                 /s/Martin Glenn
                                              MARTIN GLENN
                                   United States Bankruptcy Judge