**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Dean A. Ziehl
Maria A. Bove

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF FILING OF THIRD STIPULATION ADJOURNING HEARING**
**ON RESCAP LIQUIDATING TRUST'S OBJECTION TO PROOFS OF CLAIM**
**NOS. 4406 AND 4408 FILED BY BROOKFIELD RPS LLC AND EXTENDING**
**RESPONSE DEADLINE IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that The ResCap Liquidating Trust has filed the attached

*Third Stipulation Adjourning Hearing on ResCap Liquidating Trust's Objection to Proofs of*

*Claim Nos. 4406 and 4408 Filed by Brookfield RPS LLC and Extending Response Deadline in*

*Connection Therewith.*

Dated: February 26, 2016

/s/ Dean A. Ziehl

Dean A. Ziehl
Maria A. Bove
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel for The ResCap Liquidating Trust*

**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Dean A. Ziehl
Maria A. Bove

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### THIRD STIPULATION ADJOURNING HEARING ON RESCAP LIQUIDATING TRUST'S OBJECTION TO PROOFS OF CLAIM NOS. 4406 AND 4408 FILED BY BROOKFIELD RPS LLC AND EXTENDING RESPONSE DEADLINE IN CONNECTION THEREWITH

This stipulation is made and entered into by The ResCap Liquidating Trust (the

"Liquidating Trust"), established pursuant to the terms of the Plan (defined below) in the above

captioned Chapter 11 cases, on the one hand, and Brookfield RPS LLC ("Brookfield" and,

together with the Liquidating Trust, the "Parties" and each a "Party"), on the other.

### RECITALS

**WHEREAS**, on May 14, 2012, each of the above-captioned debtors (collectively, the

"Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States

Code;

**WHEREAS**, on December 11, 2013, the Court entered the Order Confirming Second

Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official

Committee of Unsecured Creditors approving the terms of the chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Liquidating Trust was established [Docket No. 6137];

**WHEREAS**, on November 9, 2012, Brookfield filed (a) proof of claim no. 4406 against Debtor GMAC Residential Holding Company, LLC and (b) proof of claim no. 4408 against Debtor Residential Capital, LLC (together, the "Claims");

**WHEREAS**, on November 16, 2015, the Liquidating Trust filed the *ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 4406 and 4408 Filed by Brookfield RPS LLC* [Docket No. 9327] (the "Objection") seeking to disallow and expunge, without leave to amend, the Claims;

**WHEREAS**, on December 4, 2015, the Liquidating Trust filed the *Stipulation Adjourning Hearing on ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 4406 and 4408 Filed by Brookfield RPS LLC and Extending Response Deadline in Connection Therewith* [Docket No. 9384] (the "First Stipulation"). Pursuant to the First Stipulation, the hearing on the Objection was scheduled for February 10, 2016 at 10:00 a.m. (Prevailing Eastern Time), the deadline for Brookfield to file a response to the Objection was February 2, 2016 at 4:00 p.m. (Prevailing Eastern Time), and the deadline for the Liquidating Trust to file a reply was February 8, 2016 at 4:00 p.m. (Prevailing Eastern Time);

**WHEREAS**, on January 27, 2016, the Liquidating Trust filed the *Second Stipulation Adjourning Hearing on ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 4406 and 4408 Filed by Brookfield RPS LLC and Extending Response Deadline in Connection Therewith* [Docket No. 9565] (the "Second Stipulation"). Pursuant to the Second Stipulation, the hearing

2

on the Objection is scheduled on March 22, 2016 at 10:00 a.m. (Prevailing Eastern Time), the

deadline for Brookfield to file a response to the Objection is March 9, 2016 at 4:00 p.m.

(Prevailing Eastern Time), and the deadline for the Liquidating Trust to file a reply is March 15,

2016 at 4:00 p.m. (Prevailing Eastern Time);

      **WHEREAS**, the Parties have conferred with respect to resolving the Objection as

expeditiously and cost-effectively as possible and further modifying the hearing and briefing

schedule in connection therewith.

      **NOW THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and

agree as follows:

      1.     The hearing on the Objection is adjourned from March 22, 2016 at 10:00

a.m. (Prevailing Eastern Time) to April 19, 2016 at 10:00 a.m. (Prevailing Eastern Time).

      2.     The deadline for Brookfield to respond to the Objection is extended from

March 9, 2016 at 4:00 p.m. (Prevailing Eastern Time) to April 8, 2016 at 4:00 p.m. (Prevailing

Eastern Time).

      3.     The deadline for the Liquidating Trust to file a reply is extended from,

March 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) to April 15, 2016 at 4:00 p.m. (Prevailing

Eastern Time).

      4.     This Stipulation is not, and may not be deemed or construed to be a waiver

of any substantive or procedural rights to which either Party is or may be entitled, including

without limitation: (i) the right to have final orders in non-core matters entered only after de

novo review by a District Court; (ii) the right to have final orders in core matters over which the

Bankruptcy Court constitutionally lacks final adjudicatory authority (Stern claims) entered either

in the first instance or after de novo review by a state or District Court; (iii) the right to trial by

jury in any proceeding so triable herein or in any case, controversy or proceeding related hereto; (iv) the right to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; or (v) any other rights, claims, action, defenses, set-offs or recoupments to which either Party is or may be entitled under any agreement, in law or in equity, which rights, claims, actions, defenses, set-offs and recoupments both Parties expressly reserve.

5.    This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of the Parties.

6.    Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

7.    This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument. Further, electronic signatures or transmissions of an originally signed document by facsimile or PDF shall be as fully binding on the Parties as an original document.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

8.    This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation.


Dated: February 26, 2016

/s/ Dean A. Ziehl
Dean A. Ziehl
Maria A. Bove
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Counsel for The ResCap Liquidating Trust


Dated: February 26, 2016

/s/ Peter R. Morrison
Joseph C. Weinstein
Peter R. Morrison
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

Counsel for Brookfield RPS LLC


5