Attorney Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Ave. S., Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170

*Attorney for Richard D. Rode and Tia
Danielle Smith, individually, and as
proposed Representative Plaintiffs for the
Class of Similarly Situated Homeowners
whose Claims have been Subjected to
Post-Confirmation Objections to Proofs of
Claim filed by the RESCAP Borrower
Claims Trust, a Delaware Statutory Trust,
as alter ego of the Debtors or as successor
in interest to the RESCAP Liquidating Trust,
a Delaware Statutory Trust, alter ego or
successor in interest to the Debtors,
Plaintiffs in Adv. No. 16-01015*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                          Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.                Administratively Consolidated
        Debtors

OBJECTION TO THE RESCAP LIQUIDATING TRUST'S SECOND MOTION TO
FURTHER EXTEND THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED
BY THE RESCAP BORROWER CLAIMS TRUST DATED FEBRUARY 18, 2016
[DOCKET 9634]

        Richard D. Rode and Tia Danielle Smith, individually, and as proposed Representative

Plaintiffs for the Class of Similarly Situated Homeowners whose Claims have been Subjected to

Post-Confirmation Objections to Proofs of Claim ("**Adversary Plaintiffs**"), by their attorney,

Wendy Alison Nora of ACCESS LEGAL SERVICES, respectfully object to the Second Motion

of the RESCAP Liquidating Trust to Further Extend the Date by which Objections to Claims

must be Filed by the RESCAP Borrower Claims Trust,  dated February 18, 2016 [Docket 9634]

and show the Court:

1

1. Mr. Rode and Ms. Smith are Beneficiaries of the RESCAP Borrower Claims Trust

("**Claims Trust**") as defined at Section 1.2(tt) of the RESCAP Trust Agreement  disclosed in the

Plan Supplement filed on October 11, 2013 as Docket 5342-3:

> "**Trust Beneficiaries**" means (i) the holders of Allowed Borrower Claims and (ii) any
> holder of a Disputed Borrower Claim that may in the future be entitled to receive a
> distribution of Distributable Cash from the Disputed Claims Reserve.

2. No "Disputed Claims Reserve" was ever created.

3. The Claims Trust Semi-Annual Reports produced for June 30, 2014[1] (Exhibit 1),

December 31, 2014[2] (Exhibit 2) and June 15, 2015[3] (Exhibit 3)  published at

http://www.rescapborrowerclaimstrust.com/reports.html all display an asterisk at the following

entries

For June 30, 2014 (Exhibit 1):

| | |
|---|---|
| Estimated Amounts of Claims Allowed* | n/a |
| Estimated Amounts of Claims Not Allowed* | n/a |

For December 31, 2014 (Exhibit 2):

| | |
|---|---|
| Estimated Amounts of Claims Allowed* | n/a |
| Estimated Amounts of Claims Not Allowed* | n/a |

For June 30, 2015 (Exhibit 3):

---

[1] For June 30, 2014 see Exhibit 1, last retrieved on February 28, 2016 at
http://www.rescapborrowerclaimstrust.com/pdfs/2014-06-30%20BC%20Reserve%20Reporting%20%28
Reports%206%206%20as%20of%206-30%29.pdf

[2] For December 31, 2014 see Exhibit 2, last retrieved on February 28, 2016 at
http://www.rescapborrowerclaimstrust.com/pdfs/2014-12-31%20Reserve%20Reporting.pdf

[3] For June 30, 2015 see Exhibit 3, last retrieved on February 28, 2016 at
http://www.rescapborrowerclaimstrust.com/pdfs/2015-06-30%20Reserve%20Reporting.pdf

2

Estimated Amounts of Claims Allowed*                    n/a
Estimated Amounts of Claims Not Allowed*               n/a

    4.   The asterisks on each Semi-Annual Report refer to the following text:

    * A motion was filed to estimate claims and establish the Disputed Claims Reserve, but
was subsequently withdrawn.  Therefore the Disputed Claims Reserve has not been
funded and the estimation of claims are (sic in all) not available (punctuation missing
from all original text)

    5.   The process of initiating contested claim proceedings by the RESCAP Liquidating

Trust, by and through counsel for the RESCAP Debtors, and prosecuting contested claim

proceedings, by and through counsel for the RESCAP Debtors, in the name of the RESCAP

Claims Trust, post-confirmation of the Second Amended Chapter 11 Plan, is a part of the

conduct alleged to have breached the fiduciary duties owed by the RESCAP Borrower Claims

Trust ("**Claims Trust**"), the Trustee of the Claims Trust, Peter S. Kravitz, and the member of the

Claims Trust Committee, Roweena Drennen (Drennen) and Steven Mitchell (Mitchell) to Mr.

Rode, Ms. Smith and the Class of Beneficiaries of the Claims Trust who they seek to represent in

the Adversary Proceeding entitled *Rode, et al. v. RESCAP Borrower Claims Trust, et al.*, filed as

Adv. No. 16-01015 on January 31, 2016 (the "**Adversary Proceeding**.")

    6.   Mr. Rode and Ms. Smith are Plaintiffs ("**Plaintiffs**") in the Adversary Proceedings in

which they seek to represent the class of Beneficiaries of the Claims Trust who are homeowners

and former homeowners[4] (designated as "borrowers[5]" in the confirmed Second Amended

---

    [4]  The term homeowners means, without regard to whether or not the states in which the real
estate is located are lien or title theory states, the persons in possession of and occupied parcels of
improved real estate as their primary, personal residences.

    [5]  The term "borrower" was defined at Article I., Section A. at 38:
"Borrower" means an individual whose current or former mortgage loan was originated,
serviced, sold, consolidated, or owned by any of the Debtors.

Chapter 11 Plan) whose primary residences have been threatened with foreclosure (Subclass A,

by Mr. Rode) based upon forged documents created by the RESCAP Debtors or their affiliates

or have been subjected to foreclosure proceedings (Subclass B, by Ms. Smith) based upon forged

documents created by the RESCAP Debtors and their affiliates.

7.    As Beneficiaries of the Claims Trust, homeowners were solicited to vote for the

confirmation of the Chapter 11 Plan filed on July 3, 2013 as Docket 4153, jointly proposed by

the Committee of Unsecured Creditors and the RESCAP Debtors.

8.    The Chapter 11 Plan filed on July 3, 2013 [Docket 4153] was subsequently amended

on November 13, 2013 as the jointly proposed First Amended Chapter 11 Plan [Docket 5722],

again on December 3, 2013 as the jointly proposed Second Amended Chapter 11 Plan [Docket

5993], which was revised on December 6, 2013 [Docket 6030].

9.    The Revised Second Amended Chapter 11 Plan filed on December 6, 2013 as Docket

6030 was confirmed by Order of this Court on December 11, 2013 [Docket 6035] (the

"**Confirmed Plan**").

10.    A Plan Supplement dated October 11, 2013 provided for the creation of the Claims

Trust according to the terms of Exhibit 4, attached thereto as Docket 5342-3.

11.    The RESCAP Borrower Claims Trust[6] was represented as being funded by the

---

[6]  Article I., Section A., at 41. and 42. defines the Borrower Claims Trust and the Borrower
Claims Trust Agreement:
41. "Borrower Claims Trust" means the trust established for the benefit of the holders of
Allowed Borrower Claims.
42. "Borrower Claims Trust Agreement" means that certain trust agreement, the  form of which
shall be included in the Plan Supplement, that, among other things, sets forth the methodology
and procedures for resolving Disputed Borrower Claims and making distributions to holders of
Allowed Borrower Claims.

RESCAP Debtors through the RESCAP Liquidating Trust for the stated purpose of providing

liquid funds to be allocated to allowed homeowners claims, purportedly justifying the

discrimination between the class of "borrowers" and the class of unsecured claimants whose

claims were subject to the administration of the RESCAP Liquidating Trust.[7]

12.  Section I.A. of the Chapter 11 Plan [Docket 4153] at 44., First Amended Chapter 11

Plan [Docket 5722-1] at 50., Revised First Amended Chapter 11 Plan [Docket 5854-1] at 50.,

Second Amended Chapter 11 Plan [Docket 5993-1] and Revised, Second Amended Chapter 11

Plan at 54. [Docket 6030] all provide:

 "Claims Objection Deadline" means (i) two hundred seventy (270) days following the
 Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a
 motion by the **Liquidating Trust**, which motion may be approved without a hearing and
 without notice to any party. (Emphasis added.

13.  Article VIII, of the Revised, Second Amended Chapter 11 Plan, [Docket 6030],

confirmed on December 11, 2013 by Order entered at Docket 6035 provides:

 ARTICLE VIII.
 PROCEDURES FOR RESOLVING DISPUTED CLAIMS
     A. Resolution of Disputed Claims
         1. Applicability
 The provisions of this Article VIII shall govern the resolution of Disputed Claims to the
 extent not otherwise provided for in this Plan or in any other trust agreement (such as the
 RMBS Claims Trust Agreement, the Private Securities Claims Trust Agreement or the
 Borrower Claims Trust Agreement) or plan of allocation (such as the RMBS Trust

---

[7] Article I., Section A., provides the following definitions at 170. and 172:
170. "Liquidating Trust" means that certain Delaware statutory trust continued on or about the
Effective Date as successor by conversion of a common law trust in accordance with the
provisions of Article VI of the Plan and the Liquidating Trust Agreement.
172. "Liquidating Trust Agreement" means that certain trust agreement, the form
of which shall be included in the Plan Supplement, that, among other things: (a) establishes and
governs the Liquidating Trust; (b) describes the powers, duties and responsibilities of the
Liquidating Trustees; and (c) provides for the liquidation and distribution of proceeds of the
Liquidating Trust Assets.

Allocation Protocol) approved under this Plan. **To the extent the provisions of any such trust agreement or plan of allocation address specifically matters set forth in this Article VIII, the provision of such trust agreement or plan of allocation shall govern.**  (Emphasis added.)

14.  Section 2.2(a)  of the RESCAP Borrower Claims Trust Agreement, which was

disclosed as Exhibit 4 to the Plan Supplement filed at Docket 5342-3, on October 11, 2013,

provides:

> 2.2 Purpose of Borrower Claims Trust.
> (a) The Borrower Claims Trust is established for the purpose of directing the reconciliation, processing, liquidation and payment of the Allowed Borrower Claims in accordance with this Borrower Claims Trust Agreement, and preserving, holding and managing the Borrower Claims Trust Assets**. For the avoidance of doubt, the Borrower Claims Trust shall be completely independent of the Liquidating Trust, and neither the Liquidating Trust nor its agents shall have any authority over the Borrower Claims Trust or the Borrower Claims Trustee.**  (Emphasis added.)

15.  Section 2.3(b) of the RESCAP Borrower Claims Trust Agreement, which was

disclosed as Exhibit 4 to the Plan Supplement filed at Docket 5342-3 on October 11, 2013,

provides:

> Section 2.3 Status of Borrower Claims Trust and the Trust Committee
>
> . . .
>
> (b) The Borrower Claims Trust, acting through the Borrower Claims Trustee under the supervision of the Trust Committee, will be the representative of the Estates as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code, with respect to the Borrower-Related Causes of Action and shall have the rights and powers provided in the Bankruptcy Code in addition to any rights and powers granted in the Plan Documents, including, but not limited to, the rights to object to Borrower Claims. **The Borrower Claims Trust shall be the successor-in-interest to the Debtors with respect to any and all such matters** and shall be deemed substituted for each such Debtor as the party in any such litigation or contested matter.

16.  The plain reading of the Section I.A. 54 as it appears in the Confirmed Plan (and as

disclosed in the earlier versions of the proposed Chapter 11 Plans) is that the Liquidating Trust

6

may seek to extend the time for filing objections to claims which it has the authority to challenge, but the Confirmed Plan does not provide for the independent Borrower Claims Trust or the Trustee of the Claims Trust to seek an extended date for objecting to Claims made by Beneficiaries of the Claims Trust, over which the Liquidating Trust has no authority under the Claims Trust Agreement, which governs the terms of the Confirmed Plan (Section VIII., A., 1.)

17.  By Order dated August 26, 2014 [Docket 7442], this Court permitted the Claims Trust to obtain an extension of the date for filing objections to the claims of Beneficiaries of the Claims Trust and provided:

> The deadline for the **Trusts** to file objections to claims is extended to and including June 15, 2014.[8] The **Trusts** may seek further extensions of time to file objections for good cause shown.  (Emphasis added.)

18.    Plaintiffs object to any further extension of time to file objections to claims of Beneficiaries of the Claims Trust on Motion of the Liquidating Trust, because the Liquidating Trust has no authority to act on behalf of the independent Claims Trust.

19.   Plaintiffs have individual standing to object to the standing of the Liquidating Trust to file and initiate contested claims proceedings on behalf of the independent Claims Trust because it effects their rights on their individual claims.

20.   The Liquidating Trust, through its employee, Deanna Horst, filed the objection to Ms. Smith's claim on June 25, 2014 [Docket 7188-2] and, through its employee, Kathy Priore, filed the objection to Mr. Rode's claim on April 9, 2015 [Docket 8452-3].

---

[8]  The date of June 15, 2014 appears to be a typographical error and, for purposes of this Objection, the date of June 15, 2014 is taken to mean June 15, 2015.  The typographical error may have been subsequently corrected under Fed. R. Bankr. P. 9024 incorporating Fed. R. Civ. P. 60(a) or yet may be corrected.  The substantive issue is the authority of the Liquidating Trust to seek extensions of the claims objection deadline on behalf of the Claims Trust.

21.    Plaintiffs have challenged the authority of the Liquidating Trust to take any action

pertaining to their claims and the claims of any Beneficiaries of the Claims Trust in their

Complaint in the Adversary Proceeding.

22.    On May 16, 2014, without notice to any of the homeowners and solely on "advice

of counsel," the RESCAP Borrower Claims Trust Agreement was amended, without the approval

of this Court, to "deem" all homeowner claims to be disputed. (See the attached Exhibit 4.)

23.    On  May 16, 2014, the Third Amendment to the Trust Agreement governing the

RESCAP Borrower Claims Trust was approved by the exclusively appointed Trust Committee

members, Adversary Proceedings Co-Defendants Drennen (as representative of the Kessler

Settlement Class) and Mitchell (as representative of the Mitchell Settlement Class) "deemed" all

individual homeowner claims to be disputed. (See Exhibit 4.)

24.    Five (5) months after the creation of the RESCAP Borrower Claims Trust by the

RESCAP Borrower Claims Trust Agreement on December 17, 2013, new section 6.3(d) was

created by the Third Amendment to the Trust Agreement,[9] which now reads:

> (d) All Borrower Claims shall be deemed to be Disputed Borrower Claims until and
> unless Allowed by a Final Order or a duly authorized, final, and binding agreement of the
> Borrower Trust.

26.    The challenged action by which the Claims Trust Committee deemed all individual

homeowners' claims to be disputed is further challenged because no Disputed Claims Reserve

was ever funded, the value of the claims "deemed" to be disputed were never estimated and no

efforts have been made to assess and resolve the claims of individual homeowners, outside

---

[9] The Third Amendment to the Trust Agreement was approved by Drennen and Mitchell solely
"upon advice of [unidentified] counsel."

contested litigation, has been made. (Exhibits 1, 2, and 3.)

27.    Plaintiffs allege, and can prove, that there is no means for communicating with the supposedly independent Claims Trust and that the Claims Trust Committee members, Drennen and Mitchell, are in conflict of interest with individual homeowners because Drennen and Mitchell, class representatives of the Kessler and Mitchell Settlements, benefit from the disallowance of other Beneficiaries' claims through the arduous and expensive litigation model.

28.    The Declarations of Deanna Horst [Dockets 7306 and 8618] and Peggi J. M. Fossell [Docket 9634] on behalf of the Liquidation Trust fail to disclose that the creditors [who] should ultimately receive greater distributions from the Claims Trust appear, to date, to be the members of the Trust Committee, whose claims were allowed pre-confirmation (the Kessler Settlement) and appear to have been  late-filed (the Mitchell Settlement). (See Exhibits 1, 2, and 3 which fail to disclose any allowed or disallowed claims.)

29.    The present Motion dated February 18, 2016 was filed at Docket 9634 on behalf of the Liquidating Trust by one of the law firms which represents the Liquidating Trust, KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP (KRAMER LEVIN).

30.    KRAMER LEVIN is a Co-Defendant in the Adversary Proceeding, asserts that the Motion to Extend Time for Objections to Claims is filed "in an abundance of caution," and caused the Motion to be delivered directly to Mr. Rode (but not on Ms. Smith).

31.    The "caution" is well-advised because the Adversary Proceeding states claims for breach of fiduciary duty, in part, by the litigation model employed against the Beneficiaries of the Claims Trust and the filing of the Motion by an attorney in the employ of a law firm, which is a Co-Defendant in the Adversary Proceeding, is in itself further evidence of the breach of fiduciary

9

duty alleged in the Adversary Proceeding by conflict of interest, and the February 18, 2016

contains additional evidence of the breach of fiduciary duty alleged in the Adversary Proceeding

by the Claims Trust concealing the identities of the law firms who support the Motion.

32.   The February 18, 2016 Motion [Docket 9634] requests relief and states:

REQUESTED RELIEF

11. Pursuant to the Previous Claims Objection Deadline Order, the Claims
Objection Deadline was extended to March 15, 2016. By this Motion, the Liquidating
Trust (for itself and the Borrower Claims Trust) seeks an extension of the Claims
Objection Deadline of approximately 9 months, through and including December 15,
2016. **The Liquidating Trust consulted with counsel to the Borrower Claims Trust[10]
prior to submitting the Motion, and the Borrower Claims Trust is supportive of the
relief sought herein.** (Emphasis added.)

33.   Mr. Rode and Ms. Smith contend that KRAMER LEVIN, by any attorney employed

with the firm, is disqualified from filing the February 18, 2016 Motion under Rules 1.6, 1.7, 1.8,

1.9 and 1.10 of the  Rules of Professional Conduct [22 NYCRR 1200.0], without their written

consent and waiver of the conflict of interest as pleaded at paragraphs 88 and 93 of the

Complaint in the Adversary Proceeding, which Plaintiffs will not provide.

34.   Furthermore, the unidentified "counsel to the Borrower Claims Trust who is

supposedly "supportive of the relief" sought in the February 18, 2016 Motion, whether that

counsel is an attorney employed by Adversary Proceeding Co-Defendant, MORRISON &

FOERSTER,[11] or an attorney from the law firms representing the Kessler and Mitchell

---

[10]  Counsel for the Claims Trust is, once again, unidentified.

[11]  Attorneys for MORRISON & FOERSTER, like KRAMER LEVIN, are disqualified as being
in the employ of a Co-Defendant in the Adversary Proceedings which presently challenges the litigation
model being used to dispute Beneficiaries' Claims in breach of the fiduciary duty owed by Co-
Defendants Claims, Claims Trustee Kravitz, Drennen and Mitchell to all other Beneficiaries.

Settlement Classes from which the two (2) members of the Claims Trust Committee, Roweena

Drennen (Drennen) and Steven Mitchell (Mitchell), both of whom are Co-Defendants in the

Adversary Proceeding,[12] the unidentified attorney or attorneys from the unidentified law firm(s)

would be disqualified for representing Co-Defendants Drennen and Mitchell,[13] who have deemed

all other claims of Beneficiaries of the Claims Trust disputed and subject to contested claims

litigation under the May 16, 2014 Third Amendment to the Declaration of Trust, which Plaintiff

claims to be a breach of their fiduciary duties.

   35.  Simple arithmetic exposes the conflict of interest between Adversary Proceedings

Co-Defendants Drennen and Mitchell because they are class representatives of the Kessler and

Mitchell Settlement Classes whose share of the Claims Trust is pro rata reduced by allowing the

claims of any other Beneficiaries.

---

[12]  At the Sixty-Ninth Omnibus Claims Objection at Docket 7188, page 1, The ResCap Borrower Claims Trust was noticed at Polsinelli PC, 900 Third Avenue, 21st Floor,
New York, NY 10022 (Attn: Daniel J. Flanigan). The Kessler Settlement Class is represented by Daniel J. Flanigan of Polsinelli Shughart PC, R. Bruce Carlson of Carlson Lynch Ltd., and R. Frederick Walters of Walters Bender Strohbehn & Vaughan PC. MORRISON & FOERSTER has appeared as representing the Claims Trust in every contested claims case which has proceeded since the date of confirmation of the Revised, Second Amended Chapter 11 Plan.

[13]  Drennen and Mitchell appear to have been appointed to be members of the Claims Trust's Committee by counsel for the Kessler Class Claimants in the action styled *In re: Community Bank of Northern Virginia Second Mortgage Lending Practices Litigation*, MDL No. 1674, (*Brian Kessler, et al.*) Case No. 03-0425, Case No. 02-01201, Case No. 05-0688, Case No. 05-1386, United States District Court for the Western District of Pennsylvania, who also represents the class of claimants in the action styled *Steven and Ruth Mitchell v. Residential Funding Company, LLC, et al.* in the Circuit Court of Jackson County, Missouri, Division 4, Case No. 03-CV-220489 and is their own counsel. With counsel for the RESCAP Debtors representing the Claims Trust in the extensive contested claims litigation against individual Beneficiaries and the Trust Committee taking advice from their own counsel in the class actions in which their Allowed Claims will receive a greater recovery from Claims Trust by having the claims of Beneficiaries who are individual homeowners disallowed and expunged, the interests of individual homeowner claimants are being subjected to conflicts of interest and breaches of fiduciary duty as alleged in the Adversary Proceedings.

11

36.   Simple arithmetic also exposes the conflicts of interest of counsel for the Claims

Trust (whether the unidentified counsel is in the employ of Adversary Proceedings Co-Defendant

MORRISON & FOERSTER, which has thus far been compensated for its time and expenses in

seeking to disallow the claims of all Beneficiaries whose claims have been deemed to be disputed

since the Third Amendment to the RESCAP Borrower Claims Trust was executed by Co-

Defendants Drennen and Mitchell upon the "advice of [unidentified] counsel on May 16, 2014),

or whether it be counsel to the Kessler and Mitchell Settlement Classes, who are presumably

being paid a contingency fee based on a  percentage of the amount actually recovered from the

Claims Trust on behalf of the Kessler and Mitchell Settlement Classes.

37.   The attorney for the conflicted law firm (Adversary Proceeding Co-Defendant

KRAMER LEVIN), who filed the February 18, 2016 Motion, after "consulting with" one or

more unidentified attorneys employed by the unidentified conflicted law firm(s) which purport to

represent the Adversary Proceeding Co-Defendant Claims Trust, the Trustee of the Claims Trust

(Adversary Proceedings Co-Defendant Peter S. Kravitz) and/or the members of the Trust

Committee (Adversary Proceedings Co-Defendants Drennen and Mitchell), are disqualified from

bringing the February 18, 2016 Motion, Rules 1.6, 1.7, 1.8, 1.9 and 1.10 of the  Rules of

Professional Conduct [22 NYCRR 1200.0], without the written consent and waiver of the

conflict of interest of Mr. Rode and Ms. Smith, as pleaded at paragraphs 88 and 93 of the

Complaint in the Adversary Proceeding.

38.   The Declaration of Peggi J. M. Fossell cannot have been authorized by the Claims

Trust through its Trustee, at the direction of the Claims Trust Committee because Sections 2.2(a)

and  2.3(b) of the RESCAP Borrower Claims Trust Agreement preclude the exercise by the

Liquidating Trust of the very kind of management and control which conflicted counsel for the

Liquidating Trust exercised in bringing the Motions and Ms. Horst and Ms. Fossell attempted to

exercise by making their Declaration on behalf of the Liquidating Trust AND the Claims Trust at

Dockets 7306, 8168 and 9634.

39.   There is no indication in Ms. Fossell's Declaration that the Claims Trust authorized

her to file the Declaration in support of the February 18, 2016 Motion.

40.   The only reference to any authority being granted from the Claims Trust to the

Liquidating Trust for the filing of the February 18, 2016 Motion is the unsworn assertion of an

attorney from the disqualified Adversary Proceeding Co-Defendant KRAMER LEVIN that an

unidentified attorney or unidentified attorneys from an unidentified law firm (or law firms)

disqualified for conflict of interest is "supportive" of the Motion.

41.   According to the record of these proceedings, the Claims Trust had 270 days from the

date of confirmation of the Revised, Second Amended Chapter 11 Plan.

42.   The August 26, 2014 Order of this Court [Docket 7442] expanded the terms of

Article I., Section A., 54. to include grant the Claims Trust authority to extend the claims

objection deadline to June 15, 2014 (sic), which appears to be contrary to Article VIII, Section 1.,

A. of the Confirmed Plan [Dockets 6030 and 6035-1]and Sections 2.2(a) and 2.3(b) of the

RESCAP Borrower Claims Trust Agreement, which Plaintiffs contend was beyond the power of

the Court to grant to the Claims Trust on Motion of the Liquidating Trust.[14]

---

[14]   It is expected that the Liquidating Trust will contend that Plaintiffs were served by first class
US mail [Docket 7341] with the July 25, 2014 Motion [Docket 7306] and did not object and that
Plaintiffs' attorney was served with the Motion by electronic mail on behalf of other parties for whom
she filed Claims.  The Plaintiffs are examining their records to ascertain if they were, in fact, served by
first class US mail as stated in Docket 7341, and they reserve their right to supplement their Objection

43. A second Motion to Extend the Deadline for Filing Objections to Claims was filed by the Liquidating Trust on May 14, 2015 [Docket 8618].

44. On June 10, 2015,[15] this Court entered the Order Granting the RESCAP Liquidating Trust's Motion to Further Extend the Date by Which Objections to Claims must be Filed [Docket 8742] which, again, extended the date for objections by the Claims Trust upon the Motion of the Liquidating Trust, granting the relief requested by the Liquidating Trust to the **Trusts**.

45. The July 25, 2014 Motion of the Liquidating Trust states, through the Declaration of Deanna Horst [Docket 7306-3, paragraph 7, page 19], that claims of 648 Claims Trust Beneficiaries were pending assessment and resolution; the May 14, 2015 Motion of the Liquidating Trust states, through the Declaration of Deanna Horst [Docket 8168, at paragraph 8, pages 19-20] that claims of 338 Claims Trust Beneficiaries were pending assessment and resolution; and the February 18, 2016 Motion of the Liquidating Trust states, through the Declaration of Peggi J. M. Fossell [Docket 9634, at paragraph 8, page 21] that claims of 177 Claims Trust Beneficiaries were pending assessment and resolution and, at paragraph 9, on page 21 seeks, on behalf of the supposed independent Claims Trust, additional time to be used

---

because the Affidavit of Clarissa D. Chu [Docket 7341] was located on February 27, 2016. The Declaration of Wendy Alison Nora, filed on even date herewith states, under penalty of perjury, that she has searched her email records for the email address of accesslegalservices@gmail.com, which have been continuously maintained since the address was created in 2006 and she did not receive a copy of the Motion by electronic mail, contrary to the Affidavit of Clarissa D. Chu [Docket 7341].

[15] The Affidavit of Clarissa D. Chu [Docket 8633] states, under her oath, that Plaintiffs counsel was served with the May 14, 2015 Motion [Docket 8618] and the Chu Affidavit of Service dated June 12, 2015 [Docket 8750] states under oath that Plaintiffs counsel was served by electronic mail with the Motion [Docket 8618] or the Order [Docket 8742] at the email address: accesslegalservices@gmail.com. No service of either the Motion or Order is claimed to have been made upon Mr. Rode or Ms. Smith. See Chu Affidavits of Service [Dockets 8633 and 8750]. Counsel for the Plaintiff has searched her electronic mail records. Her Declaration of even date herewith declares that she did not receive either document by electronic mail, on behalf of other persons for whom she filed Claims in these proceedings.

"toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims."

46.   Plaintiffs' Complaint in the Adversary Proceedings alleges that the Claims Trust is not engaging in assessment or resolution of the claims of Beneficiaries of the Claims Trust and has made no effort, outside of the expensive litigation model which benefits conflicted parties and law firms, to review, settle, satisfy or otherwise resolve claims.

47.   The Liquidating Trust is without authority under the Confirmed Plan to file a Motion to extend the deadline for the Claims Trust to object to the claims of its Beneficiaries and is specifically precluded by the RESCAP Borrower Claims Trust Agreement from seeking relief on behalf of the Claims Trust by Motion dated February 18, 2016 [Docket 9634].

48.   During the preceding two (2) extensions granted by this Court, the Claims Trust has not assessed or resolved individual claims and is, in fact, not even available to Beneficiaries of the Claims Trust to do so (Exhibit A to Adversary Complaint and the factual allegations set forth therein.)

49.   Plaintiffs are available to testify to the facts that they were never contacted by the Claims Trust, through its Trustee or Trust Committee, were never informed of any assessment or resolution process, which does not appear to exist outside of the litigation process initiated without authority by the Liquidating Trust from which the Claims Trust is required to be independent and request an evidentiary hearing on the disputed facts set forth herein.

**WHEREFORE**, Plaintiffs respectfully requests that the Motion of the Liquidating Trust, filed without authority on behalf of the Claims Trust, be denied.

15

Dated at Minneapolis, Minnesota this 29th day of February, 2016.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043

## DECLARATION UNDER PENALTY OF PERJURY

Wendy Alison Nora declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746:

1.   She has conducted a search of her electronic mail at accesslegalservices@gmail.com and that she did not receive service by electronic mail at that electronic mail address from Clarissa D. Chu of any of the following documents:

July 25, 2014 Motion [Docket 7306]
August 26, 2014 Order [Docket 7442]
May 14, 2015 Motion [Docket 8618]
June 10, 2015 Order [Docket 8742]

contrary to her Affidavits of Service filed as Dockets 7341, 8633 and 8750.

2.   The June 30, 2014 published report of the RESCAP Borrower Claims Trust attached hereto as  Exhibit 1, last retrieved on February 28, 2016 at

http://www.rescapborrowerclaimstrust.com/pdfs/2014-06-30%20BC%20Reserve%20Reporting%20%28Reports%206%206%20as%20of%206-30%29.pdf

is a true and correct copy of what it purports to be.

3.   The December 31, 2014 published report of the RESCAP Borrower Claims Trust attached hereto as  Exhibit 2, last retrieved on February 28, 2016 at

http://www.rescapborrowerclaimstrust.com/pdfs/2014-12-31%20Reserve%20Reporting.pdf

is a true and correct copy of what it purports to be.

16

4. .  The June 30, 2014 published report of the RESCAP Borrower Claims Trust attached hereto as Exhibit 3, last retrieved on February 28, 2016 at

http://www.rescapborrowerclaimstrust.com/pdfs/2015-06-30%20Reserve%20Reporting.pdf

is a true and correct copy of what it purports to be.

5.  Exhibit 4 attached hereto is a true and correct copy of what it purports to be: the Third Amendment to the RESCAP Borrower Claims Trust, retrievable at

http://www.rescapborrowerclaimstrust.com/pdfs/2014-05-16%20Amendment%203%20-%20exe cuted%20by%20Drennen%20&%20Mitchell.pdf

and that the authenticity of Exhibits 1, 2, 3, and 4 cannot reasonably be disputed or are, otherwise, public admissions of a purported party opponent.



*/s/ Wendy Alison Nora*

Wendy Alison Nora

## DECLARATION OF SERVICE

Wendy Alison Nora declares that she filed the foregoing Objection and Exhibits 1, 2, 3 and 4 attached hereto by CM/ECF and thereby served a copy thereof on all parties capable of receiving service via CM/ECF on February 29, 2016.

*/s/ Wendy Alison Nora*

Wendy Alison Nora

# EXHIBIT 1

**BORROWER CLAIMS RESERVE REPORTING**
**AS OF 6/30/2014**

| Reporting Categories | Effective Date | 6/30/14 |
|---|---|---|
| **Borrower Claims Distributions** | | |
| Number of Payments Made | 0 | 0 |
| Amount of Cash Distributed | $0 | $0 |
| | | |
| **Return Amount Reserve** | | |
| Amount Added to Trust Assets | $0 | $0 |
| Cash Distributed from Reserve | $0 | $0 |
| | | |
| **Administrative Reserve** | | |
| Cash Added to Reserve | $3,200,000 | $0 |
| Cash Withdrawn from Reserve | 0 | $1,037,798 |
| Cash Held on Date | $3,200,000 | $2,164,719 |
| | | |
| **Disputed Borrower Claims** | | |
| Number of Claims Resolved | 1610 | 2397 |
| Asserted Amounts of Resolved Claims | $11,575,732,513.14 | $14,535,663,516.30 |
| Allowed Amount of Resolved Claims | $305,710,025.94 | $316,319,567.33 |
| Estimated Amounts of Claims Allowed* | n/a | n/a |
| Estimated Amounts of Claims Not Allowed* | n/a | n/a |
| Number of Unresolved Claims Remaining | 1420 | 638 |
| Amounts of Unresolved Claims Remaining | $3,780,581,696.66 | $914,307,973.82 |
| Cash Distributed to Resolved Allowed Claims | $0 | $0 |
| Cash Released from Disputed Claims Reserve | $0 | $0 |
| Cash Held in Disputed Claims Reserve on Date | $0 | $0 |

* A motion was filed to estimate claims and establish the Disputed Claims Reserve, but was subsequently withdrawn. Therefore the Disputed Claims Reserve has not been funded and the estimation of claims are not available

# EXHIBIT 2

**BORROWER CLAIMS RESERVE REPORTING**
**January 2015**

| Reporting Categories | Effective Date | 6/30/2014 | 12/31/2014 |
|---|---|---|---|
| **Borrower Claims Distributions** | | | |
| Number of Payments Made | 0 | 0 | 1 |
| Amount of Cash Distributed | $0 | $0 | $37,500 |
| | | | |
| **Return Amount Reserve** | | | |
| Amount Added to Trust Assets | $0 | $0 | $0 |
| Cash Distributed from Reserve | $0 | $0 | $0 |
| | | | |
| **Administrative Reserve** | | | |
| Cash Added to Reserve | $3,200,000 | $0 | $0 |
| Cash Withdrawn from Reserve | 0 | $1,037,798 | $2,411,846 |
| Cash Held on Date | $3,200,000 | $2,164,719 | $825,071 |
| | | | |
| **Disputed Borrower Claims** | | | |
| Number of Claims Resolved | 1610 | 2397 | 2508 |
| Asserted Amounts of Resolved Claims | $11,575,732,513.14 | $14,535,663,516.30 | $15,449,796,490 |
| Allowed Amount of Resolved Claims | $305,710,025.94 | $316,319,567.33 | $331,450,394 |
| Estimated Amounts of Claims Allowed* | n/a | n/a | n/a |
| Estimated Amounts of Claims Not Allowed* | n/a | n/a | n/a |
| Number of Unresolved Claims Remaining | 1420 | 638 | 525 |
| Amounts of Unresolved Claims Remaining | $3,780,581,696.66 | $914,307,973.82 | $589,325,942 |
| Cash Distributed to Resolved Allowed Claims | $0 | $0 | $37,500.00 |
| Cash Released from Disputed Claims Reserve | $0 | $0 | $0 |
| Cash Held in Disputed Claims Reserve on Date | $0 | $0 | $0 |

* A motion was filed to estimate claims and establish the Disputed Claims Reserve, but was
subsequently withdrawn. Therefore the Disputed Claims Reserve has not been funded and the
estimation of claims are not available

EXHIBIT 3

**BORROWER CLAIMS RESERVE REPORTING**
**July 2015**

| Reporting Categories | Effective Date | 6/30/2014 | 12/31/2014 | 6/30/2015 |
|---|---|---|---|---|
| **Borrower Claims Distributions** | | | | |
| Number of Payments Made | 0 | 0 | 1 | 0 |
| Amount of Cash Distributed | $0 | $0 | $37,500 | $0 |
| | | | | |
| **Return Amount Reserve** | | | | |
| Amount Added to Trust Assets | $0 | $0 | $0 | $0 |
| Cash Distributed from Reserve | $0 | $0 | $0 | $0 |
| | | | | |
| **Administrative Reserve** | | | | |
| Cash Added to Reserve | $3,200,000 | $0 | $0 | $1,500,000 |
| Cash Withdrawn from Reserve | 0 | $1,037,798 | $2,411,846 | $3,022,927 |
| Cash Held on Date | $3,200,000 | $2,164,719 | $825,071 | $1,765,706 |
| | | | | |
| **Disputed Borrower Claims** | | | | |
| Number of Claims Resolved | 1610 | 2397 | 2508 | 2784 |
| Asserted Amounts of Resolved Claims | $11,575,732,513.14 | $14,535,663,516.30 | $15,449,796,490 | $15,373,797,531 |
| Allowed Amount of Resolved Claims | $305,710,025.94 | $316,319,567.33 | $331,450,394 | $332,581,955 |
| Estimated Amounts of Claims Allowed* | n/a | n/a | n/a | n/a |
| Estimated Amounts of Claims Not Allowed* | n/a | n/a | n/a | n/a |
| Number of Unresolved Claims Remaining | 1420 | 638 | 525 | 259 |
| Amounts of Unresolved Claims Remaining | $3,780,581,696.66 | $914,307,973.82 | $589,325,942 | $90,852,182 |
| Cash Distributed to Resolved Allowed Claims | $0 | $0 | $37,500.00 | $37,500.00 |
| Cash Released from Disputed Claims Reserve | $0 | $0 | $0 | $0 |
| Cash Held in Disputed Claims Reserve on Date | $0 | $0 | $0 | $0 |

* A motion was filed to estimate claims and establish the Disputed Claims Reserve, but was
subsequently withdrawn. Therefore the Disputed Claims Reserve has not been funded and the
estimation of claims are not available

# EXHIBIT 4

**Amendment No. 3 To**
**The ResCap Borrower Claims Trust**
**Trust Agreement**

This Amendment No. 3 to THE RESCAP BORROWER CLAIMS TRUST TRUST AGREEMENT dated December 17, 2013 (the "**Trust Agreement**") is entered into as of May 16, 2014, and is effective as of such date ("**Amendment No. 3**") by the Trust Committee of The ResCap Borrower Claims Trust (the "**Trust Committee**" or "**Committee**").

1.    Recitals.

A.    To facilitate the establishment of a Disputed Claim Reserve in order that the Trust may make one or more interim distributions to holders of Allowed Borrower Claims, the Trust Committee has determined that it is advisable that the Trust Agreement be amended as provided for herein and each member of the Trust Committee has consented to such amendment and has executed this amendment with the intention of evidencing such consent.

B.    Upon advice of counsel, the Committee has determined that this Amendment conforms with Section 12.11 of the Trust Agreement and is not inconsistent with the provisions of the Plan or the Confirmation Order.

ACCORDINGLY, the Trust Agreement is hereby amended as follows:

1.    Article I – Definitions.

Article I of the Trust Agreement, Section 1.2(ee), shall be amended and restated in full as follows:

> "**Estimated Amount**" means the estimated amount of one or more Disputed Borrower Claims, either individually or in one or more groupings or in the aggregate, as determined by the Borrower Claims Trustee, at the time of and considering the nature and purpose of the particular action to be undertaken in connection with such determination, which may be (i) the filed amount of the Claim(s), (ii) such amount as estimated by the Bankruptcy Court at the request of the Debtors or the

Borrower Claims Trust including pursuant to Bankruptcy Code sections 105 and 502(c), (iii) such other estimated amount determined in accordance with the Plan, including Article VIII.A.4. thereof, or (iv) such amount(s) calculated in good faith on the basis of a reasonable estimate by the Trustee with approval of the Trust Committee, taking into account historical resolutions, by litigation or otherwise, of similar Borrower Claims.

Article I of the Trust Agreement shall be amended to add the following definition as new Section 1.2(xx):

"**Reserve Motion**," means a motion for order establishing or modifying the Disputed Claims Reserve with respect to unliquidated and/or Disputed Borrower Claims.

Article I of the Trust Agreement shall be amended to add the following definition as new Section 1.2(yy):

"**Reserve Order**," means an order establishing, or modifying the amount or other aspect of, the Disputed Claims Reserve.

2.    <u>Article VI – Operation of the Borrower Claims Trust</u>.  Article VI of the Trust Agreement, Section 6.3(a), shall be amended and restated in full as follows:

(a)    On or as soon as practicable following the Effective Date, the Borrower Claims Trust shall establish the Disputed Claims Reserve. Notwithstanding anything to the contrary in this Trust Agreement, the Borrower Claims Trustee may from time to time file one or more Reserve Motions with the Bankruptcy Court to obtain one or more Reserve Orders establishing or modifying the Disputed Claims Reserve with respect to one or more unliquidated or Disputed Borrower Claims.

Article VI of the Trust Agreement, Section 6.3(b), shall be amended and restated in full as follows:

(b)    The Borrower Claims Trustee shall, at the direction of the Trust Committee, cause to be added to and maintained in the Disputed Claims Reserve, from time to time, at least that amount of Cash sufficient (i) to make Borrower Claims Payments in respect of Disputed Borrower Claims in the aggregate maximum Estimated Amount of all then remaining Disputed Borrower Claims (adjusted as appropriate for any required special treatment of Borrower Convenience Claims) as established

2

48065244.2

pursuant to a Reserve Order or otherwise pursuant to Section 1.2(ee) and (ii) to pay to such holders, to the extent their Claims ultimately become Allowed (and to the extent their Claims are not Disallowed) the amount of all distributions made to holders of Borrower Claims Trust Beneficial Interests since the Effective Date as if such holders of Disputed Borrower Claims had received Borrower Claims Trust Beneficial Interests based on the Allowed Amount of such Claims (adjusted as appropriate for any required special treatment of Borrower Convenience Claims), provided that Cash shall only be required to be added to the Disputed Claims Reserve to the extent of available Cash included in the Borrower Claims Trust Assets that is not otherwise reserved for use for other purposes in accordance with the provisions of this Borrower Claims Trust Agreement.

Article VI of the Trust Agreement, Section 6.3, shall be amended by adding Section 6.3(d) as follows:

(d)    All Borrower Claims shall be deemed to be Disputed Borrower Claims until and unless Allowed by a Final Order or a duly authorized, final, and binding agreement of the Borrower Trust.

Article VI of the Trust Agreement, Section 6.6(d), shall be amended and restated in full as follows:

(d)    the amount of Disputed Borrower Claims resolved by the Borrower Claims Trust during the relevant period, including, separately, (i) the amount of the Claims that were Allowed, (ii) the amount of the Claims that were expunged, reduced, or otherwise (by agreement or otherwise) Disallowed, and (iii) the amount of the Disputed Borrower Claims remaining to be resolved as of the end of such period;

3.    This Amendment conforms with Section 12.11 of the Trust Agreement and is not inconsistent with the provisions of the Plan or the Confirmation Order.

4.    Except as expressly amended hereby, all remaining terms of the Trust Agreement, as amended, shall remain in full force and effect and shall not be amended or modified by the execution of this Amendment.

48065244.2

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the date first herein above written.

**BORROWER CLAIMS TRUST COMMITTEE**

_____

Rowena Drennen for the Kessler Settlement Class in the consolidated class action styled *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, consolidated in the United States District Court for the Western District of Pennsylvania, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386

STATE OF MISSOURI          )
                           )ss
COUNTY OF JACKSON          )

Before me, on the 16th day of May 2014, the undersigned, a Notary Public within and for the County and State of Missouri aforesaid, same Rowena Drennen, who is personally known to me to be the same person who executed this instrument, and such person duly acknowledged the execution of the same to her own free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year last above written.

_____
Notary Public

My Commission Expires: 4/29/2016

JOANNE M. HAAKE
MY COMMISSION EXPIRES
April 29, 2016
NOTARY SEAL
#12464069
JACKSON COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

4

Steven Mitchell for the Mitchell Settlement Class in the civil action styled *Steven and Ruth Mitchell v. Residential Funding Company, LLC, et al.*, currently pending before the Circuit Court of Jackson County, Missouri, Division 4, Case No. 03-CV-220489

STATE OF MISSOURI          )
                           )ss
COUNTY OF JACKSON          )

Before me, on the ⬭ day of May 2014, the undersigned, a Notary Public within and for the County and State of Missouri aforesaid, same Steven Mitchell, who is personally known to me to be the same person who executed this instrument, and such person duly acknowledged the execution of the same to his own free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year last above written.

Notary Public

My Commission Expires: 4/29/2016

5