IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.<br>    Debtors | Case No. 12-12020 (MG)<br>Administratively Consolidated |
| RICHARD D. RODE, et al.<br>individually, and as proposed Representative<br>Plaintiffs for the Class of Similarly Situated<br>Homeowners,<br>    Plaintiffs<br>v.<br>RESCAP BORROWER CLAIMS TRUST, a Delaware Statutory Trust, et al.<br>    Defendants | Adv. No. 16-01015 |

**PLAINTIFFS' STATEMENT REGARDING THE APPLICABILITY OF THE SUPPLEMENTAL AP PROCEDURES FOR AP ACTIONS AND THE VALIDITY OF THE NOTICE OF APPLICABILITY OF ORDER APPROVING MANDATORY SUPPLEMENTAL AP PROCEDURES OF AP ACTIONS FILED ON FEBRUARY 5, 2016 AS DOCKET 2**

**INTRODUCTION**

Attorneys from the Defendant law firms who have appeared as representing the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust, claiming to be successors in interest to the RESCAP Debtors, and counsel for Richard D. Rode and Tia Danielle Smith (the "Plaintiffs") conferred telephonically on February 25, 2016 and were, as a preliminary matter, unable to agree to the applicability of the *Notice of Applicability of Order Approving Mandatory Supplemental AP Procedures of AP Actions* filed by attorneys for the Defendant law firm, MORRISON & FOERSTER (the "**Notice**") and served upon counsel for Plaintiffs. Plaintiffs file this Statement regarding the applicability of the Notice [Docket 2] to the above-captioned

1

adversary proceeding (the "**Adversary Proceeding**").   Plaintiffs also challenge the qualifications of attorneys in the employ of Co-Defendants in the Adversary Proceeding to proceed as counsel for any of the Defendants in the Adversary Proceedings.

**PLAINTIFFS' STATEMENT OF POSITION ON THE NOTICE OF APPLICABILITY OF ORDER APPROVING MANDATORY SUPPLEMENTAL AP PROCEDURES OF AP ACTIONS FILED ON FEBRUARY 5, 2016 AS DOCKET 2 AND THE QUALIFICATION OF COUNSEL FOR THE DEFENDANTS WHO ARE IN THE EMPLOY OF CO-DEFENDANTS IN THE ADVERSARY PROCEEDINGS**

1.   Plaintiffs' counsel agreed to participate in a telephone conference with attorneys from two of the Defendant law firms in this action, MORRISON & FOERSTER and KRAMER, LEVIN, NEFTALIS & FRANKEL, LLP (KRAMER LEVIN), who are claiming to represent the Defendants, RESCAP Liquidating Trust and RESCAP Borrower Claims Trust on February 25, 2016.

2.   Attorneys in the employ of Adversary Proceedings Co-Defendant MORRISON & FOERSTER filed a document titled Notice of Applicability of Order Approving Mandatory Supplemental AP Procedures of AP Actions filed on February 5, 2016 as Docket 2 (the "**Notice**") on behalf of the Defendants RESCAP Liquidating Trust and RESCAP Borrower Claims Trust.

3.   The Notice refers to this Court's Order of March 21, 2013 (Docket. 3293), titled *Order Approving Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and (d), Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007 and Local Bankruptcy Rule 2002-2 for Entry of an Order Approving (A) Supplemental to Case Management Order Establishing Mandatory Procedures for Management of Adversary Proceedings Commenced by Borrowers and Former Borrowers and (B) Related Relief* (the "**AP Procedures Order**").

4.   The Notice filed as Docket 2 in these proceedings was unilaterally altered by

attorneys employed by the Defendant MORRISON & FOERSTER, appearing to represent the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust.

5. The unilateral alterations to the March 21, 2013 Order set forth in the Notice purport that certain portions of the Order which supposedly provided the authority for the Notice were no longer in effect, following the confirmation of the Second Amended Chapter 11 Plan on December 11, 2016. Specifically, those unilateral alterations purport to provide notice:

a. "[T]hat all references to the Debtors in the Order should be deemed to refer to the RESCAP Liquidating Trust and/or the RESCAP Borrower Claims Trust, as applicable, as successors in interest to the Debtors, as applicable, pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan"), as confirmed pursuant to the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] (the "Confirmation Order"); and

b. [T]hat all references to Special Borrowers' Counsel in the Order should be deemed stricken, in light of the dissolution of the Creditors' Committee (as defined in the Plan) pursuant to the Plan and Confirmation Order.

6. After additional careful review of the Second Amended Chapter 11 Plan, no language has been located by which "the RESCAP Liquidating Trust and/or the RESCAP Borrower Claims Trust, as applicable, as successors in interest to the Debtors, as applicable" were granted the authority to **deem** any Order entered prior to the Order Confirming the Second Amended Chapter 11 Plan to have been altered.

3

7. Prior to participating in the telephone conference, Plaintiffs objected to the applicability of the Order entered on March 21, 2013 at Docket 3293 to the Adversary Proceeding and to the qualification of attorneys in the employ of Co-Defendants in the Adversary Proceedings to represent the Defendants identified as the RESCAP Liquidating Trust (Liquidating Trust) and the RESCAP Borrower Claims Trust (Claims Trust).

8. Prior to participating in the telephone conference, the attorneys filing the Notice who are in the employ of the Defendant MORRISON & FOERSTER were informed by counsel for the Plaintiffs that attorneys employed by Defendant law firms were disqualified from representing any Defendant in the Adversary because the law firms who employ them are Co-Defendants in the Adversary Proceedings.

9. Following the February 25, 2016 telephone conference, counsel from the Defendant MORRISON & FOERSTER, appearing on behalf of the Defendants identified as the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust, submitted a document titled "Joint Progress Report" to counsel for the Plaintiffs and to an attorney employed by Co-Defendant KRAMER LEVIN for approval for joint filing.

10. Counsel for the Plaintiffs could not approve the proposed Joint Progress Order for filing and provided a draft of Plaintiffs' Statement for their review.

11. A document titled *Defendants' Progress Report Pursuant to Order Approving Mandatory Supplemental AP Procedures for Ap Actions* ("**Defendants' Progress Report**") was filed on February 29, 2016 as Docket 6.

12. Like the Joint Progress Report submitted to Plaintiffs' counsel for her review, the Defendants' Progress Report now refers to Court's Order of April 21, 2013 [Docket No. 3490]

titled *Amended Order Approving Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and (d), Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007 and Local Bankruptcy Rule 2002-2 for Entry of an Order Approving (A) Supplemental to Case Management Order Establishing Mandatory Procedures for Management of Adversary Proceedings Commenced by Borrowers and Former Borrowers and (B) Related Relief* (the "**Amended AP Procedures Order**").

13. No Notice was filed with this Court or served on counsel for the Plaintiffs in the Adversary Proceeding under the Amended AP Procedures Order entered on April 22, 2013 as Docket 3490.

14. The February 5, 2016 Notice filed in the Adversary Proceeding at Docket 2 is of no force and effect because the Order of March 21, 2013 [Docket 3293] to which it refers was amended and is no longer of any force and effect.

15. The time for giving Notice of the Applicability of the Amended Order expired by its term on February 5, 2016, even if the Amended AP Procedures Order could have been effective post-confirmation, which, by its terms, it is not.

16. If the Notice of February 5, 2016 filed as Docket 2 in the Adversary Proceedings provided Notice of an Order which was actually in effect pre-confirmation, its applicability post-confirmation would still be subject to challenge because it contains unilateral alterations to an Order of this Court by Notice provided by parties, who did not obtain leave of Court to alter any such existing Order.

17. Plaintiffs challenge the validity of Notice filed at Docket 2 referring to the AP Procedures Order as being ineffective by its terms post-confirmation because the AP Procedures Order provided by the Notice has not been in effect since April 22, 2013 and Notice was not

given under an existing Order.

18. Plaintiffs' Adversary Proceeding is furthermore not subject to any Notice of the application the Amended AP Procedures Order [Docket 3490] because Notice of its applicability was not timely given and still has not been given, even if the Amended AP Procedures Order were effective post-confirmation, without its terms being unilaterally altered by employees of a Co-Defendant in the Adversary Proceeding.

19. Furthermore, the AP Procedures and the Amended AP Procedures Order were entered pre-confirmation under the authority of 11 U.S.C. §§ 105(a) and (D), Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007 and Local Bankruptcy Rule 2002-2 on the unsworn assertion of counsel for the RESCAP Debtors (now a Defendant in the pending Adversary Proceedings) that the RESCAP Debtors were burdened by the filing of **thirteen (13)** Adversary Proceedings by homeowners who were required by imposition of the automatic stay and the July 13, 2012 *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**.")

20. The Supplemental Servicing Order is no longer in effect subsequent to the sale, pursuant to 11 U.S.C. sec. 363, intact, of the RESCAP Debtors' Mortgage Servicing Platform, and the confirmation of the Revised, Second Amended Chapter 11 Plan on December 11, 2013

6

("**Confirmed Plan**") [Docket 6035] and the RESCAP Debtors are have not been servicing any mortgages since date the Confirmed Plan was approved by this Court.

20. The unsworn assertion of counsel for the RESCAP Debtors that, based on the "**unanticipated** influx of adversary proceedings" [February 21, 2013 Motion for Order, Docket 2994, paragraph 20] to which ". . . **the Debtors and their professionals have had no choice but to devote substantial resources** in addressing these adversary proceedings (even on a preliminary basis) **at a cost to these estates that is not insignificant.**" [February 21, 2013 Motion for Order, Docket 2994, paragraph 25] (Emphasis added.)

21. The February 21, 2013 Motion for Order [Docket 2994] provides the unsworn statement at paragraph 17 part of the grounds for the Motion:

> 17. To date, approximately thirteen AP Actions have been filed. The vast majority of **the AP Plaintiffs appear pro se.** To a large degree, borrowers and former borrowers who have commenced the AP Actions (each an "AP Plaintiff"): (i) **fail, in the Debtors' judgment, to bring claims upon which any relief can be granted**; (ii) **bring claims that are duplicative of actions currently pending in other jurisdictions and should either remain in or be removed to such jurisdictions**; and/or (iii) **seek damages in the form of monetary relief that should be dealt with through the claims administration process** rather than through an adversary proceeding. **Generally, the AP Actions are not "new" actions, but rather are preceded by a substantial history of litigation of similar, if not identical, issues.** The Debtors believe that in many instances, **the AP Plaintiffs, particularly those appearing pro se, do not fully understand the limits of this Court's jurisdiction, the relief available to them under the Supplemental Servicing Order, and the claims objection and allowance process.**

22. Paragraph 25 of the February 21, 2013 Motion for Order at Docket 2994 continues, after acknowledging (without a sworn declaration) that the RESCAP Debtors failed to anticipate the "borrowers" right to seek relief under Fed. R. Bankr. P. 7001:

> The Debtors anticipate that additional AP Actions will continue to be commenced on a regular basis during the pendency of the Chapter 11 Cases, and as a result, **this administrative burden will continue to grow as the Debtors respond to new AP**

7

**Actions and engage in more substantive litigation in connection with the existing AP Actions**. The Debtors acknowledge that borrowers and former borrowers have the right, in good faith, to invoke the jurisdiction of this Court through the commencement of otherwise valid adversary proceedings, and *any additional burdens imposed on their estates by such actions is simply a function of operating as a debtor in possession*. However, based on the Debtors' review and analysis of the AP Actions, **the Debtors respectfully submit that such actions are for the most part misguided and improper efforts to seek redress from this Court under a variety of theories.**

23. Paragraph 26 of the February 21, 2013 Motion for Order at Docket 2994 continues:

26**.   Before embarking on expensive and time-consuming litigation with individual AP Plaintiffs**, the **Supplemental AP Procedures will afford the Debtors and Special Borrowers' Counsel a full and fair opportunity to evaluate each AP Action**, engage in a constructive dialogue with the AP Plaintiffs in which they will attempt to explain the rights and remedies available to the AP Plaintiffs, and address their concerns. Ideally, **these efforts will not only prove to be a better use of the estates' resources**, but they will also lead to a resolution and consensual dismissal of the AP Actions without resort to further litigation. In addition, if the parties are unable to reach a consensus following the Initial Conference, the **Debtors believe that all parties would benefit by appearing before this Court at the Pre-Trial Status Conference prior to proceeding with the underlying litigation**.

24. The grounds for the February 21, 2013 Motion [Docket 2994, at paragraphs 17, 20, 25 and 26] set forth above do not apply to the Adversary Proceedings because

   a. The Debtors are no longer operating as Debtors in Possession;

   b. The Plaintiffs in the Adversary Proceeding are not appearing pro se and, even without the benefit of advice of counsel, they are capable of understanding that the claims process to which the Supplemental Servicing Order [Docket 774], AP Procedures Order [Docket 3293] and the Amended AP Procedures [Docket 3490] applied do not provide any relief from the breach of fiduciary duty which forms the basis of the pending Adversary Proceeding;

   c. There is no cost which may be imposed by the Adversary Proceedings (whether "not insignificant" or otherwise) to the Debtors' estate because the estate has been entirely and

8

12-12020-mg    Doc 9695    Filed 03/01/16    Entered 03/01/16 15:17:15    Main Document
Pg 9 of 12

completely conveyed to new entities, two (2) of which are Adversary Defendants, to wit, the Liquidating Trust and the Claims Trust;

    d.    Special Borrowers Counsel, Silverman Acampora, LLP, is no longer acting in the purported capacity of "engag[ing] in a constructive dialogue with the AP Plaintiffs in which they [the RESCAP Debtors and Special Borrowers Counsel] will attempt to explain the rights and remedies available to the AP Plaintiffs Defendant in the Adversary Proceeding and is a Defendant in the Adversary Proceeding for alleged breach of its fiduciary duty to the constituency of homeowner-creditors, whose unsecured, contingent claims were subject to the Supplemental Servicing Order, the AP Procedures Order and the Amended AP Procedures Order;

    d.    The Claims Trust has not engaged "in a constructive dialogue with the AP Plaintiffs," which has, in part, led to the Adversary Proceeding.;

    e.    The Debtors are nominal parties to the Adversary Proceeding and are protected from any prospective monetary judgment by the discharge injunction under the Confirmed Plan;

    f.    There is no claims process in effect by which the issues in the Adversary Proceeding may be resolved;

    g.    The issues raised by the Plaintiffs on their own behalf and on behalf of the classes they seek to represent are NEW issues, arising from the alleged breached of fiduciary duty for which there is no history of litigation in this or any other forum;

    h.    The issues raised by the Plaintiffs in the Adversary Proceeding are within this Court's jurisdiction or are within the limits of the jurisdiction of the United States District Court for the Southern District by withdrawal of the reference;

    i.    The Supplemental Servicing Order is no longer in effect;

j.  The "claims objection and allowance process" has been subject to the Trust Agreement governing the Claims Trust since the effective date of the Confirmed Plan on December 17, 2013; and

k.  Plaintiffs understand, believe and have alleged that the fiduciary duties of the Claims Trust, the Trustee of the Claims Trust and the members of the Trust Committee have been breached.

25.  If any of the Adversary Proceeding Defendants believe that the Adversary Proceeding Plaintiffs have failed to state a claim upon which relief may be granted, they are entitled to file a Fed. R. Civ. P. 12(b) Motion in response to the Complaint is served upon them.

26.  Plaintiffs are entitled to proceed with the Adversary Proceeding in accordance with the Part VII of Federal Rules of Bankruptcy Procedure, Chapter 11 of the United States Code, and applicable state and federal procedural and substantive law under the due process clause of Fifth Amendment to the *United States Constitution* and under equal protection clause of the Fourteenth Amendment to the *United States Constitution* by reverse incorporation thereof.

27.  There is no statute or rule which permits attorneys in the employ of Adversary Co-Defendants MORRISON & FOERSTER or KRAMER LEVIN to rely on a pre-confirmation Order which applied to "borrower" claims actions and related adversary proceedings by Notice of a pre-confirmation Order, which they have attempted to unilaterally modify to make it appear to be in effect post-confirmation in violation of Plaintiffs' rights to proceed under the general rules of procedure before this Court.

28.  To hold otherwise would violate Plaintiffs' rights guaranteed by the Fifth Amendment due process clause and their rights guaranteed by the equal protection clause of the

Fourteenth Amendment, by leaving them without a remedy for the breaches of fiduciary duty alleged in the Adversary Proceedings, which have never heard or considered by any Court in the United States of America.

29. Counsel for the Plaintiff agreed with the attorneys from the Defendant law firms who participated in the February 25, 2016 telephone conference that she would file her own position with the Court if she did not agree with the statements of the Defendant law firms.

30. Counsel for the Plaintiff agreed with the attorneys from the Defendant law firms who participated in the February 25, 2015 telephone conference that she would advise the Court of Plaintiffs' position with respect to the status of the Adversary Proceeding on March 10, 2016 at 10:00 a.m. (Prevailing Eastern Time).

**WHEREFORE**, Plaintiffs are entitled to proceed in accordance with Part VII of the Federal Rules of Bankruptcy Procedure, Chapter 11 of the United States Code, and applicable state and federal procedural and substantive law as guaranteed by the Fifth and Fourteenth Amendments to the *United States Constitution*.

Dated at Minneapolis, Minnesota this 1st day of March, 2016.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
Attorney for the Plaintiffs
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
(612) 333-4144
FAX (612) 206-3170
Wisconsin Attorney ID #1017043
Minnesota Bar # 165906

## DECLARATION OF SERVICE

      The undersigned counsel for the Plaintiffs declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746 that she filed the foregoing Statement by CM/ECF with the United States Bankruptcy Court for the Southern District of New York and thereby served the attorneys employed by the Co-Defendants MORRISON & FOERSTER and KRAMER LEVIN by CM/ECF on March 1, 2016, whose appearance in these proceedings is challenged for the reasons set forth in the Statement.

                                */s/ Wendy Alison Nora*
                                _____
                                   Wendy Alison Nora