**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

March 1, 2016

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:    In re Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y.)

Dear Judge Glenn:

This firm is counsel to the ResCap Borrower Claims Trust (the "Borrower Trust").  In accordance with the Court's *Case Management & Scheduling Order Regarding ResCap Borrower Claims Trust's Objection to Claim Numbers 5610 and 5612 Filed by Richard D. Rode* [Docket No. 9356] (the "Scheduling Order") and Local Bankruptcy Rule 7056-1, the Borrower Trust requests that the Court hold a pre-motion conference regarding whether the Borrower Trust may file a motion for summary judgment in connection with Mr. Rode's sole remaining claims for breach of contract.

Under the Scheduling Order, fact discovery closed on February 16, 2016.  The undisputed facts include the following:

(1) Mr. Rode is a borrower under a mortgage loan (the "Loan") evidenced by a note and secured by a deed of trust (the "DOT") dated March 18, 2003.  The DOT authorizes the lender to apply payments to escrow items, including taxes and insurance premiums.

(2) Homecomings Financial, LLC ("Homecomings") serviced the Loan from April 18, 2003 to June 30, 2009, at which time servicing transferred to GMAC Mortgage, LLC ("GMACM").  GMACM serviced the Loan until February 16, 2013, when servicing transferred to Ocwen.

(3) The Debtors approved Mr. Rode for a loan modification on August 24, 2009.  On or about October 5, 2009, Mr. Rode returned the signed modification agreement (the "Agreement") to the Debtors.  The Debtors never returned a countersigned copy to Mr. Rode, which was not required under the Agreement as a condition of its effectiveness.  The Agreement did not contain any specific terms that modified the Debtors' rights under the DOT with respect to the administration of the escrow account.  The Agreement further provided that no representations, agreements or promises were made to Mr. Rode by the Debtors other than those specifically contained in the Agreement.

(4) On October 19, 2009, GMACM made an internal decision to "back off" of the modification under the Agreement, which was based on an incorrect escrow calculation, and issue a new modification; however, GMACM did not convey this decision to Mr. Rode.

ny-1223283

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
March 1, 2016
Page Two

(5) Mr. Rode failed to make the first payment due under the Agreement on November 1, 2009, and has not made any Loan payments since then. Mr. Rode told the Debtors that he was withholding payment until the Debtors returned a countersigned copy of the Agreement to him and provided an accounting of his escrow account.

Mr. Rode asserted claims against Homecomings and GMACM for breach of the Agreement. The elements necessary to sustain a breach of contract claim include: (i) performance or tendered performance under a valid contract by the plaintiff; and (ii) breach of the contract by the defendant.[1] The Court can apply Texas law to the undisputed facts above to make one or more dispositive findings concerning Mr. Rode's claims, thereby avoiding the need for a trial or, at a minimum, significantly limiting the issues to be tried.

*First*, the Court can determine whether the Debtors actually breached the Agreement. Under Texas law, "[a] breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."[2] The only affirmative acts that Mr. Rode has alleged that the Debtors failed to perform are: (i) returning a countersigned copy of the Agreement, (ii) providing an accounting of his escrow account, and (iii) properly administering his escrow account.[3] However, the Agreement contains no express agreement that the Debtors would perform any of those actions, and disclaims any implied agreements between the parties. Moreover, Mr. Rode has not, and cannot, show that the Debtors breached the Agreement by refusing to accept payment under its terms because he never attempted to tender such payment.

*Second*, the Court can determine whether Mr. Rode, who did not perform under the Agreement, was excused from doing so.[4] The DOT expressly provides that "no offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreement secured by this Security Instrument." Accordingly, regardless of what claims he may have held against the Debtors, as servicers of the Loan and agents of the Lender, he was not relieved from the obligation to make Loan payments pursuant to the Loan documents themselves.

Because each of the foregoing dispositive issues involves questions concerning only undisputed facts and law, the Borrower Trust submits that they are appropriately addressed through a motion for summary judgment, and requests leave to brief them in more detail according to such schedule as may be set by the Court during the pre-motion conference.

---

[1] Southwell v. Univ. of Incarnate Word, 974 S.W.2d 351, 354-55 (Tex. App.—San Antonio 1998, pet. denied).

[2] Stewart v. Sanmina Tex., L.P., 156 S.W.3d 198, 214 (Tex. App.—Dallas 2005, no pet.).

[3] *See* First Amended Petition at § 6.03.

[4] To the extent Mr. Rode intends to rely on GMACM's internal decision to "back off" of the Agreement as a basis for excusing his own breach, such a defense is equivalent to a claim for anticipatory breach of contract, which would require a showing that GMACM, through words or actions, declared an unconditional intent not to perform the contract according to its terms. Builders Sand, Inc. v. Turtur, 678 S.W.2d 115, 120 (Tex. App. Houston 14th Dist. 1984). Mr. Rode has not alleged, and there is no evidence suggesting, that the Debtors declared any such intent to Mr. Rode before he independently breached the Agreement by failing to remit timely Loan payments. Accordingly, this issue can also be resolved by the Court without a trial.

ny-1223283

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
March 1, 2016
Page Three

Respectfully submitted,

/s/ Jordan A. Wishnew

cc:   Wendy Alison Nora, counsel for Richard D. Rode

ny-1223283