**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING REQUEST TO FILE SUMMARY JUDGMENT MOTION REGARDING CLAIMS 5610 AND 5612 FILED BY RICHARD D. RODE**

Counsel to the ResCap Borrower Claims Trust filed a letter requesting leave to file a summary judgment motion pursuant to Local Bankruptcy Rule 7056-1. (ECF Doc. # 9699.) The request is **DENIED**.

On September 2, 2015, the Court entered a *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* ("Prior Opinion," ECF Doc # 9094.) Familiarity with the Prior Opinion is assumed.

The Trust's Objection sought to expunge all of Rode's Claims. ("Objection," ECF Doc. # 8452.) Only one of Rode's many claims survived the Trust's Objection. Specifically, the Court overruled the Trust's Objection to a breach of contract claim based on the so-called October Agreement. The Objection to Rode's breach of contract claim based on the Note and Deed of Trust was sustained.

The Trust's request to file a summary judgment motion badly misconstrues the Prior Opinion. With respect to the October Agreement, the Trust argued that there was no contract because of a failure of the meeting of the minds. The Court rejected that argument. (Prior Opinion at 26-28.) The Trust also argued that Rode was in default of the October Agreement by

not making the November 1, 2009 payment as required by that agreement. The Trust argued that a party to a contract who is in default cannot maintain a breach of contract action. But as the Court stated in the Prior Opinion: "[w]hether Rode's performance under the agreement was excused by GMACM's breach remains an open issue that cannot be resolved on the present record." Prior Opinion at 28. This raised the issue whether GMACM committed an anticipatory breach or repudiation of the October Agreement that excused Rode's subsequent performance. Nothing in the March 1, 2016 letter explains what alleged undisputed facts require rejection of anticipatory breach or repudiation as a matter of law.

The Trust argues that a separate contract—the Deed of Trust—expressly provides that "no offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and the Security Agreement or performing the covenants and agreements secured by this Security Instrument." If Rode had been permitted to sue under the Note and Deed of Trust—which he was not—that provision would apply. But Rode was permitted to proceed only on a breach of contract theory relating to a separate contract—the October Agreement entered in 2009—years after Rode obtained his home loan in March 2003.

The issue remains for trial whether GMACM, by words or conduct, repudiated or anticipatorily breached the October Agreement, thereby excusing Rode's performance (*i.e.*. failing to make the November 1, 2009). The Declaration of Kathy Priore, submitted in support of the Objection, states, *unequivocally*, that "GMACM therefore voided the August 2009 modification agreement [referred to in the Prior Opinion and here as the October Agreement] and did not return a copy of the fully executed agreement to Rode." ("Prior Decl.," Objection Ex. 2, ¶ 22) It is undisputed that Rode countersigned the agreement, and returned it to GMACM with

2

the required payment.  Rode's lawyer wrote two letters to GMACM, stating that Rode was "ready, willing and able to make the payment that is due on November 1, but my clients will not do so unless I receive (1) confirmation that this modification has been finalized; and (2) that the payments are being properly applied."  (*See* Priori Decl. Exs. M, N.)

The Restatement (Second) of Contracts § 253(2) provides that "[w]here performances are to be exchanged under an exchange of promises, one party's repudiation of a duty to render performance discharges the other party's remaining duties to render performance."  Under Texas law, applicable to the breach of contract claim, "[a]n anticipatory repudiation of a contract may consist of either words or actions by a party to a contract that indicated an intention that he or she is not going to perform the contract according to its terms in the future."  *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. Ct. App. 1984).  Rode has fairly raised a factual issue whether, by words or actions, GMACM indicated its intention that it was not going to perform under the contract, excusing Rode's subsequent performance.

Assuming that Rode establishes a breach of contract, he will also have to prove his damages.  It is time—indeed, past time—to move Rode's remaining claim to settlement or trial.  The Trust's counsel shall set this matter for a case management conference on the next regularly scheduled omnibus hearing date.  Rode's counsel may appear by telephone.

The Trust's counsel shall serve a copy of this Order on Rode's counsel.

**IT IS SO ORDERED.**

Dated:    March 2, 2016
          New York, New York

                                    *Martin Glenn*
                                    MARTIN GLENN
                                    United States Bankruptcy Judge