**ACCESS LEGAL SERVICES**
MAIN OFFICE Minnesota VOICE (612) 333-4144
Wisconsin Offices VOICE (608) 833-7377
All Offices FAX (612) 206-3170
accesslegalservices@gmail.com

Wendy Alison Nora*
Attorney at Law
*admitted to practice law in Minnesota and Wisconsin

*Minnesota Office and mailing address*               *Wisconsin Office (no mail to this address)*
310 Fourth Avenue South, Suite 5010                   6320 Monona Drive, #417
Minneapolis, Minnesota 55415                          Monona, Wisconsin 53716

March 4, 2016

The Honorable Martin Glenn
United States Bankruptcy Court
    for the Southern District of New York
One Bowling Green, Room 501
New York, New York 10004

**RE: In re RESCAP, LLC, Case No. 12-12020**
    **Richard D. Rode Claims 5210 and 5212**

Dear Judge Glenn:

   Mr. Rode has authorized me to write to you, requesting a discovery conference related to noncompliance with his discovery request. Mr. Rode is mindful of that this Court has entered its Order of September 2, 2016 and its Order of March 2, 2016 and that this case is viewed by the Court as overdue for evidentiary hearing on the contested claims matter on the issues defined by the Court. The issues upon we met and conferred with counsel from MORRISON & FOERSTER on March 2, 2016 which we believe are issues of noncompliance with discovery are set forth below and are directed quoted from my email correspondence sent to opposing counsel on February 25, 2016 for your consideration:

   Dear Counsel:

   My office has been reviewing your discovery responses of February 16, 2016 and I have several serious concerns about your failure to comply with discovery. I would like to confer with you about the apparent noncompliance with the discovery requests at your earliest convenience. When might we be able to confer? The issues of noncompliance include:

   1. The "Borrower Claims Trust," which is purports to be "successor in interest" to the RESCAP Debtors, claims to have no knowledge of information which would either be or not be in the "books and records" of the RESCAP Debtors. Yet the Claims Trust, as a separate entity from the RESCAP Debtors, stated through the Declaration of Liquidating

Letter to Judge Glenn
page 2

>   Trust employee, Kathy Priore, that it was relying on the "books and records" of the RESCAP Debtors when objecting to Mr. Rode's claim.)  Am I to take repeated responses that the Claims trust lacks of knowledge as a statement that the information Mr. Rode seeks is that the books and records of the RESCAP Debtors does not contain the information sought?  Or, does the Liquidating Trust have access to the books and records that the Borrower Claims Trust does not?  Your firm appears to represent both entities, from time to time, as successors and interest to the RESCAP Debtors, and has been consistently representing the Claims Trust in post-confirmation objection proceedings.  Are you picking and choosing the books and records which the Claims Trust has access to?  Where are these "books and records" and who controls them?  How can you state that the Claims Trust does not have access to information which would have to be contained in the RESCAP Debtors "books and records"?
>
>   2.  Some of your responses have referred Mr. Rode to a website identified as http://sec.gov.  Have you actually connected to that website?  If so, you would know that there is no "publicly available" information at that website address which is responsive to any of Mr. Rode's requests.  Therefore, I must assume that you have not identified the publicly available information which you contend obviates your duty to respond to requests for production of documents on the basis that the information is publicly available when your response directs Mr. Rode to that website.  Thus, we are back to my first concern.  Where are the records and who controls the records?  If it is the Liquidating Trust, then under the cooperation agreement referred to by Kathy Priore, those books and records must be made available to the Claims Trust for litigation purposes, if such a cooperation agreement exists.  (I have not been able to locate the cooperation agreement in my review of the documents in the record of these proceedings.)
>
>   3.  In other discovery responses you provide a link to https://www.sec.gov/cgi-bin/browse-edgar?company=RALI+Series+2003-QS12+Trust&match=&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany&Find=Search.  Where within that website is Mr. Rode able to locate responses to Requests for Production 1, 2, 3, 9, and 10?  Mr. Rode provided you with the link to that website in his Request 9.  Are we to believe that the Claims Trust as successor in interest to the RESCAP Debtors has no access to the RESCAP Debtors' filings with the SEC outside of the public record filings?
>
>   4.  Some of your responses contradict other responses so directly that both responses cannot be true.  For examples, in Response to Interrogatory #10 to GMAC Mortgage, LLC (GMACM), Sara Lathrop, in her present capacity as an employee of the Claims Trust, states, under oath: The Mortgage Loan was owned by DBTCA as trustee for the RALI Trust.  The document produced as BT 000001 to 000007 indicates that Residential Funding Corporation is the investor.

In Response to Request to Admit No. 22, you quote from a document which may be the Pooling and Servicing Agreement for the RALI Series 203-QS12 Trust, writing, after the objections recited therein:

Request No. 22:
ADMIT that as master servicer of the RALI Trust, RFC was required to make advance payments of principal and/or interest under Trust's Pooling & Servicing Agreement if the obligor failed to make a payment.

Response and Specific Objections to Request No. 22:
. . .
"For any month, if the Master Servicer does not receive the full scheduled payment on a mortgage loan, the Master Servicer will advance funds to cover the amount of the scheduled payment that was not made. However, the Master Servicer will advance funds only if it determines that the advance will be recoverable from future payments or collections on that mortgage loan."

Mr. Rode's Document Request No. 43 reads:

Any and all documents, correspondence, reports and/or memoranda which support YOUR Answer to Interrogatory No. 22.

Your Response to Document Request No. 43 reads, after the objections:
. . .
Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: There are no documents which support the answer to Interrogatory No. 22.

5.  How can the Claims Trust, as successor in interest to the RESCAP Debtors, not be in possession of SEC filings made by the RESCAP Debtors?  Were the documents lost or destroyed?

6.  In Response to Requests for Production No. 71 to Homecomings Financial, Inc. (Homecomings) and GMACM, you state that there are NO documents that mention, discuss, describe, relate to, or refer to the transfer of Homecomings' servicing rights related to the loans deposited to into the RALI Trust to GMACM in 2007.  The September 28, 2007 8-K filed with the SEC under the RALI Series 2007-QO1 was produced as Exhibit 1-E in Tia Danielle Smith's contested claims hearing. That is a document in the possession of the Claims Trust.

7.  How can the Claims Trust, as successor in interest to the RESCAP Debtors, not be in possession of a certified or uncertified copy of the Declaration of Trust for the RALI Series 2003-QS12 Trust, unless the Trust was never created? (Responses to Homecomings and GMACM Requests for Production No. 1)

8.  With respect to Homecomings and GMACM's Responses to Document Requests No. 1, did you check the website to which Mr. Rode referred YOU in his Document Request to GMACM No. 9 (https://www.sec.gov/cgi-bin/browse-edgar?company=RALI+Series+2003-QS12+Trust&match=&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany&Find=Search) to see if the Declaration of Trust is filed there before referring him to that source of publicly accessible information.  There is no Declaration of Trust filed with the SEC and your Responses to Request No. 1 do not comply with the discovery rules.  If there is no copy, certified or uncertified, of the Declaration of Trust, in the possession of the RESCAP Debtors, the proper response is that there is no Declaration of Trust for the RALI Series 2003-QS12 Trust in the possession of the Claims Trust, as successor in interest to the RESCAP Debtors. (I note that Request No. 1 is the same as Request No. 2. I apologize for the redundancy.)

With respect to Homecomings and GMACM's Responses to Document Requests No. 3, did you check the website to which Mr. Rode referred YOU in his Document Request to GMACM No. 9 (https://www.sec.gov/cgi-bin/browse-edgar?company=RALI+Series+2003-QS12+Trust&match=&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany&Find=Search) to see if the Trust Agreement is filed there before referring him to that source of publicly accessible information. There is no Trust Agreement filed with the SEC and your Responses to Request No. 3 do not comply with the discovery rules.  If there is no copy the Trust Agreement in the possession of the RESCAP Debtors, the proper response is that there is no Declaration of Trust for the RALI Series 2003-QS12 Trust in the possession of the Claims Trust, as successor in interest to the RESCAP Debtors.

Counsel were unable to come to any agreement that any additional information would be provided in discovery to Mr. Rode.  It is the position of Mr. Rode's counsel that discovery rights are to be broadly construed to allow the proponent of the discovery to discover evidence which is not only admissible in evidence but which could lead to the discovery of admissible evidence.  It is not my experience that opposing counsel may restrict discovery based on their own determination of relevance.

Mr. Rode has asked me to inform you that we are reviewing your Orders of September 2, 2015 and March 2, 2016 to make sure that our requests for discovery are not so far outside the scope of your Orders as to not lead to the discovery of admissible evidence, but expert witness discovery is not due to April 1, 2016 and Mr. Rode believes that the disputed discovery issues, if resolved in his favor, will be useful to his expert witnesses in preparing their reports.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Wendy Alison Nora*
Wendy Alison Nora

Letter to Judge Martin Glenn
page 3

cc: VIA CM/ECF
    Attorney Norman S. Rosenbaum
    Attorney Jordan A. Wishnew
    Attorney Erica J. Richards
    MORRISON & FOERSTER
    250 West 55th Street
    New York, New York 10019