UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                                       Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,           Case No. 12-12020-mg
   Objector
v.
TIA DANIELLE SMITH,
    Creditor-Beneficiary

---

### PRELIMINARY STATEMENT OF ISSUES ON APPEAL

---

**NOW COMES** Tia Danielle Smith, by her attorney, Wendy Alison Nora, pursuant to Fed. R. Bankr. P. 8009, makes her Preliminary Statement of Issues on Appeal, and shows the Court:

I. The Bankruptcy Judge abused his discretion by refusing to grant Ms. Smith's Motion for Relief from the Order Granting in Part and Denying in Part the RESCAP Liquidating Trust's Objection to Ms. Smith's Proofs of Claim ## 3889, 4129, 4134, and 4139 (Doc. 7598) the October 1, 2014 order was procured by fraudulent allegations of the Objector that there is an existing RALI Trust into which Ms. Smith's Note was deposited and of which Deutsche Bank Trust Company Americas is Trustee upon which this Court's October 1, 2014 Order relied.

II. Ms. Smith showed that the following essential findings of fact and conclusions of law are false, based on the Exhibits filed at Doc. 9579 on February 2, 2016 and which were reserved filing at the hearing to be held on February 9, 2016 (Motion to Supplement the Record will be filed forthwith):

    A. At page 18, "the Note was properly transferred to Deutsche Bank, as evidenced by the chain of endorsements on the Note."

    B. At page 18, "Given that the Note was validly deposited into the RALI Trust, and the Debtors had validly transferred servicing rights on Smith's Loan to Aurora well before Aurora ultimately foreclosed on the Property, the Debtors cannot be liable for wrongful foreclosure."

    C. At page 19, "RFC had transferred the Note to Deutsche Bank on or about January 30, 2007 (see Suppl. Horst Decl. ¶ 19)." (Emphasis added.)

1

     D. At page 20, "As discussed above, however, the Loan was validly transferred to the RALI Trust, and thereafter, Aurora was sold servicing rights for the Loan."

III. Because the Bankruptcy Court entered its Order of October 1, 2014 on the basis that the Trus and the the chain of endorsements on the Note for the Trust were valid and Ms. Smith obtained evidence in discovery that the neither of those essential facts are true, the Bankruptcy Court abused its discretion by denying Ms. Smith's Motion for Relief from the Order.

IV. Because the Order of October 1, 2014 is an Interlocutory Order and Ms. Smith sought relief from the Interlocutory Order, by the exercise of due diligence, based on evidence discovered in the course of the litigation, it was an abuse of discretion to deny her Motion for Relief.

V. Because she was denied relief from the Interlocutory Order and Ms. Smith's positions in her description of the Nature of the Case were improperly stricken (by which she would have been allowed to introduce evidence of the fraud committed on the Court), she was prevented from introducing evidence of the fraudulent allegations at the evidentiary hearing held on the day following the denial of relief from the Order, preventing her from receiving procedural due process guaranteed by the Fifth Amendment to the *Constitution of the United States*.

Dated at Minneapolis, Minnesota this 7th day of March, 2016.

                            */s/ Wendy Alison Nora*

                            _____
Wendy Alison Nora
ACCESS LEGAL SERVICES, admitted pro hac vice in
the United States Bankruptcy Court for the Southern District of New York
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
Wisconsin Bar #1017043
Minnesota Bar #165906

**IN FORMA PAUPERIS APPLICATION FOR FILING FEE WAIVER PENDING SUBMISSION BY MOTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

## DECLARATION OF SERVICE

Wendy Alison Nora declares that on March 7, 2016 she filed the foregoing Preliminary Statement of Issues on Appeal with the United States Bankruptcy Court for the Southern District of New York and thereby served all parties and their counsel who are capable of receiving service by CM/ECF.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora