Hearing Date: **March 10, 2016 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for the ResCap Liquidating Trust and
the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**REPLY IN SUPPORT OF SECOND MOTION TO FURTHER EXTEND
THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

ny-1224847

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Chapter 11 plan filed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "Debtors") and the ResCap Borrower Claims Trust (the "Borrower Trust" and, together with the Liquidating Trust, the "Trusts") established pursuant to the terms of the Plan as successor in interest to the Debtors with respect to Borrower Claims (as defined in the Plan), hereby submit this reply (the "Reply") in response to the *Objection to the ResCap Liquidating Trust's Second Motion to Further Extend the Date by Which Objections to Claims Must be Filed by the ResCap Borrower Claims Trust Dated February 18, 2016* [9688] (the "Objection") filed by Richard D. Rode and Tia Danielle Smith (the "Objectors"), and in further support of the *Second Motion to Further Extend the Date by Which Objections to Claims Must be Filed* [Docket No. 9634] (the "Motion")[1] seeking to extend the date by which objections to Claims, including Borrower Claims, must be filed through December 15, 2016.  In support of the Reply, the Trusts respectfully represent as follows:

## Reply

1.   As set forth in the Motion, approximately 3,039 Borrower Claims asserting aggregate liabilities of approximately $15.5 billion were filed against the Debtors' estates.  Since its formation in December 2013, the Borrower Trust has diligently pursued the resolution and reconciliation of those claims through numerous out of court settlements and resolutions as well as via contested and uncontested claims objection proceedings administered by this Court.  As a

---

[1] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

ny-1224847

result of those efforts, the Borrower Trust has successfully resolved the vast majority of Borrower Claims, leaving approximately 177 Borrower Claims with asserted liabilities of approximately $41.6 million yet to be addressed as of the date the Motion was filed.[2]

2.     Contrary to the unsubstantiated arguments proffered by the Objectors, the Borrower Claims reconciliation process is being faithfully conducted pursuant to the Plan and the ResCap Borrower Claims Trust Agreement [Docket No. 5342-3] (as amended, the "Borrower Trust Agreement"), which provide for, among other things: the establishment of the Borrower Trust, which is mandated to reconcile Borrower Claims; the appointment of the Borrower Claims Trust Committee; a process for the resolution of disputed Borrower Claims; and the extension of the Claims Objection Deadline with Court approval. Those provisions are all consistent with liquidating trust structures that are routinely implemented in connection with large chapter 11 cases similar to these cases. The goal of the claims reconciliation process contemplated under the Plan and Borrower Trust Agreement is to ensure that beneficiaries of the Borrower Trust (i.e., holders of Allowed Borrower Claims), receive their pro rata share of Borrower Trust assets as expeditiously as possible without having their valid claims diluted by overstated claims that lack a valid legal predicate for the Debtors' liability to the claimant. In approving the Plan and Borrower Trust Agreement, this Court determined that the Plan's mechanism for reconciling claims was appropriate and reasonably designed to achieve that goal. The significant progress made by the Borrower Trust to date demonstrates that the Court's conclusion was correct, and

---

[2]  As of February 29, 2016, the number of unresolved Borrower Claims has been further reduced to 151 claims. Of those 151 Borrower Claims, approximately 113 are categorized as convenience claims, meaning that they are asserted in relatively low, liquidated amounts that the Borrower Trust does not anticipate will require trials to resolve. Of the 38 remaining unresolved non-convenience Borrower Claims, another 11 are already the subject of filed objections which are still pending final resolution. In total, that leaves approximately 30 Borrower Claims remaining as to which material litigation may be required and that are not yet the subject of a filed objection.

2

ny-1224847

that a further extension of the Claims Objection Deadline is warranted to allow that process to continue.

3.  A single objection to the Motion was filed by the Objectors, who purport to be acting in their capacities as proposed representative plaintiffs for an uncertified class of borrower claimants whose claims have been subjected to post-confirmation claim objections, as well as individually.  Now, more than two years after the Plan went effective, the Objection belatedly attacks the Borrower Trust structure implemented in accordance with the Plan and contends that the Borrower Trust (as well as the Borrower Claims Trustee, the members of the Borrower Claims Trust Committee, and the Borrower Claims Trust's counsel) have breached fiduciary duties owed to the Objectors simply by prosecuting objections to the Objectors' claims.[3]  These arguments are frivolous, as explained below, and appear to be part of a misguided and abusive litigation strategy to leverage the Borrower Trust into dropping its pending objections to the Objectors' proofs of claim.[4]  Critically, however, the Objection fails to raise a single valid argument regarding why the relief requested in the Motion should not be granted.  Accordingly, the Objection should be overruled in its entirety, and the relief requested in the Motion should be granted.

4.  *First*, the Objectors lack standing to oppose the Motion on behalf of anyone other than themselves as individuals because they have not been recognized by this Court or any other court as class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.

---

[3]  The Borrower Trust is prosecuting objections to the Objectors' proofs of claim, which have not yet been finally resolved.  See Docket Nos. 7188 and 8452.

[4]  The Objectors, acting through their counsel, Ms. Nora, filed an adversary complaint on January 31, 2016 at Case No. 16-01015, raising many of the same allegations.

3

ny-1224847

5. *Second*, the Objectors will not be prejudiced by an extension of the Claims Objection Deadline because the Borrower Trust has already filed objections to their claims in advance of the current claims objection deadline. See Obj. at ¶ 48. To the extent some portion of either of the Objectors' claims is ultimately allowed, the Objectors will benefit from the Borrower Trust's continued efforts to reconcile and resolve other disputed Borrower Claims.

6. *Third*, the Objectors are not currently beneficiaries of the Borrower Trust because they do not hold Allowed Borrower Claims.[5] Accordingly, regardless of what duties the Borrower Trust (or its agents and advisors) may owe to Trust Beneficiaries, it does not owe any such duties to the Objectors and therefore cannot have breached any duties to them.

7. *Fourth*, the Objectors mischaracterize the Plan's provisions relating to extension of the Claims Objection Deadline. The fact that the Liquidating Trust, rather than the Borrower Trust, moved to extend the Claims Objection Deadline with respect to all unresolved Claims is not evidence that the Borrower Trust is colluding with the Liquidating Trust or ceding its authority to reconcile Borrower Claims to the Liquidating Trust, nor does it violate the Plan. See Obj. at ¶¶ 14, 16, 18, 20-21. To the contrary, the Liquidating Trust filed the Motion in consultation with the Borrower Trust because the Plan gives the Liquidating Trust express authority to seek such relief. See Plan at Art. I.A.54. ("'Claims Objection Deadline' means

---

[5] The Objection mistakenly contends that the Objectors are beneficiaries of the Borrower Trust under clause (ii) of the relevant definition in the Borrower Trust Agreement [5342-3]. See Obj. at ¶ 1; Borrower Trust Agreement at Art. 1.1(tt) (defining "Trust Beneficiaries" as "(i) the holders of Allowed Borrower Claims and (ii) any holder of a Disputed Borrower Claim that may in the future be entitled to receive a distribution of Distributable Excess Cash from the Disputed Claims Reserve."). However, the defined term "Trust Beneficiaries" must be read in conjunction with the remainder of the Borrower Trust Agreement, which makes clear that clause (ii) provides that holders of Disputed Borrower Claims become Trust Beneficiaries only when and if their Disputed Borrower Claim becomes an Allowed Borrower Claim, thereby entitling them to receive a Borrower Claims Trust Beneficial Interest. See Borrower Trust Agreement at Art. 3.1 ("[O]n the Effective Date, each holder of an Allowed Borrower Claim as of the Effective Date shall be deemed to receive a Borrower Claims Trust Beneficial Interest . . . [T]he holder of a Borrower Claim that is a Disputed Claim on the Effective Date and that subsequently becomes Allowed, in whole or in part, shall be deemed to receive a Borrower Claims Trust Beneficial Interest . . . at such time as such Claim becomes Allowed."), id. at Art. 3.5 ("Each Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Trust Beneficiary hereunder on account of its Borrower Claims Trust Beneficial Interest.").

(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish <u>upon a motion by the Liquidating Trust</u>. . . .") (emphasis added). Under the Plan, the Claims Objection Deadline applies to all unresolved Claims, including disputed Borrower Claims. <u>See</u> Plan at Art. I.A.11 (defining "Allowed" claims as Claims as to which "the Debtors or other parties-in-interest have not Filed an objection to the allowance thereof by the Claims Objection Deadline"); <u>id</u>. at Art. I.A.53 (defining "Claim" to mean a "claim" as such term is defined in section 101(5) of the Bankruptcy Code); <u>id</u>. at Art. I.A.40 (defining "Borrower Claims" to include "Claims filed for or on behalf of a Borrower"); <u>id</u>. at Art. IV.F.3. (establishing the Borrower Trust as the successor in interest to the Debtors with respect to Borrower Claims). Thus, the Motion was filed in accordance with the Plan and the Liquidating Trust acted well within its authority in seeking such relief.[6]

8. *Fifth*, the Borrower Trust is reconciling Borrower Claims in accordance with, and pursuant to, the Plan. To the extent the Objectors take issue with the Borrower Trust structure (including the fact that the Borrower Trust's oversight board consists of holders of allowed claims) and the actions the Borrower Trust is permitted to take to reconcile claims (<u>see</u> Obj. at ¶¶ 27-28, 31-40), those objections should and could have been raised during confirmation. Belated complaints about that structure and process constitute untimely Plan objections and as such, they are now barred.

---

[6] Indeed, the Court has previously entered two other orders granting similar relief at the request of the Liquidating Trust for the benefit of the Borrower Trust. <u>See</u> *Order Granting Motion to Extend Date by Which Objections to Claims Must be Filed* [Docket No. 7445]; *Order Granting the ResCap Liquidating Trust's Motion to Further Extend the Date by Which Objections to Claims Must be Filed* [Docket No. 8742]. To the extent the Objectors take issue with those prior orders (<u>see</u> Obj. at ¶¶ 42, 44), the time to raise those objections also has long since passed. Affidavits of service establish that the motions related to both of those orders were served on the Objectors and their counsel. <u>See</u> *Affidavit of Service* [Docket No. 8633]; *Amended Affidavit of Service* [Docket No. 7341].

5

ny-1224847

9. *Sixth*, the Objectors' assertions that the Borrower Trust and its advisors cannot prosecute claim objections due to conflicts of interest are fatuous at best. The Objectors contend that the inclusion of holders of Allowed Borrower Claims on the Borrower Claims Trust Committee gives rise to an impermissible conflict of interest. See Obj. at ¶¶ 27, 34-35. The Objectors also appear to argue that counsel for the Borrower Trust are conflicted because their fees are paid out of the Borrower Trust, and counsel are therefore barred from representing the Borrower Trust absent the Objectors' consent. See Obj. at ¶¶ 36-37. Taken to their logical conclusion, the Objectors' arguments on these points would mean that the Borrower Trust could never be subject to oversight by its own beneficiaries, and could never have the effective assistance of counsel in carrying out its duties. The absurdity of this result highlights the frivolous nature of those arguments.

10. *Seventh*, the Objectors' allegations that the Borrower Trust Agreement was improperly amended post-confirmation to deem all Borrower Claims that were not resolved as of the Effective Date to be disputed are simply false. See Obj. at ¶¶ 23-26. The Plan defines "Disputed Borrower Claim" to mean "any Borrower Claim that is not Allowed, until it is disallowed or expunged by Final Order, written agreement, or under the Plan." See Plan at Art. I.A.81. The third amendment to the Borrower Trust Agreement added similar language to the Borrower Trust Agreement for purposes of clarifying how the Borrower Trust should calculate amounts to be held in a disputed claims reserve in the event the Borrower Trust is authorized to make interim distributions on account of Allowed Borrower Claims. That amendment neither altered how Disputed Borrower Claims are treated under the Plan, nor did it unfairly disenfranchise borrower claimants who were entitled to vote on the Plan based on the Plan's treatment of their claims.

11.     In sum, the Objection fails to raise any credible arguments in opposition to the Motion.  Accordingly, for the reasons set forth above and in the Motion, the Trusts respectfully request entry of an order, substantially in the form of <u>Exhibit 1</u> attached to the Motion, (i) approving the Motion, (ii) overruling the Objection, and (iii) granting such other and further relief as is just and proper.

Dated:  March 8, 2016  
      New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Erica J. Richards  
MORRISON & FOERSTER LLP  
250 W. 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust and the ResCap Borrower Claims Trust*