**Hearing Date: March 24-25, 2016 at 9:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**THE RESCAP BORROWER CLAIMS TRUST'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS OBJECTION TO CLAIM NOS. 416 AND 417 FILED BY ERLINDA**
**ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

In accordance with the Joint Pretrial Order [Docket No. 9678], the ResCap Borrower

Claims Trust (the "Trust"), as successor in interest to the above-captioned debtors (the

"Debtors") with respect to Borrower Claims, hereby files this pretrial memorandum in support of

*The ResCap Liquidating Trust and the ResCap Borrower Claims Objection To Claim Nos. 112,*

*114, 416, And 417 Filed By Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel*

[Docket No. 8237] (the "Objection") as to claim numbers 416 and 417 filed by Erlinda Abibas

Aniel, Fermin Solis Aniel, and Marc Jason Aniel (the "Claims").

<u>**SHORT PREVIEW OF THE ESSENTIALS OF THE CASE**</u>

1.      On August 20, 2012, Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc

Jason Aniel (the "Claimants" or the "Aniels") filed the Claims seeking recovery for alleged

wrongdoing on the part of debtors GMAC Mortgage, LLC ("GMACM") and Executive Trustee

Services ("ETS").  After an initial hearing, the Court issued a *Memorandum Opinion and Order*

*Sustaining in Part and Overruling in Part the ResCap Liquidating Trust and the ResCap*

*Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlinda*

*Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* [Docket No. 8820] (the "Order") which

sustained the Objection to the Claims as to all but four causes of action.[1]  In the Order, the Court

identified one limited factual issue related to the Aniels' claims for wrongful foreclosure,

fraudulent concealment, declaratory relief, and violation of the California Business &

Professional Code, referred to as the "unfair competition law" (the "UCL").

2.      The specific contested factual issue underlying all of the remaining causes

of action is whether an assignment executed in February 2011 by GMACM employee Mira

---

[1] The Order also sustained the objection as to two claims, claim nos. 112 and 114, which were objected to by the
ResCap Liquidating Trust.

ny-1224505

Smoot (the "2011 Assignment") validly transferred the Aniels' deed of trust to GMACM.  See

Order at 47.

3.      At trial, the Trust will show that the Claimants, who have the burden of

proof, are not entitled to any recovery on account of the remaining causes of action because the

Claimants cannot demonstrate that the 2011 Assignment was invalid.  Mira Smoot had sufficient

authority to execute the 2011 Assignment pursuant to a limited power of attorney from HSBC

(defined below) to GMACM.  Because the 2011 Assignment was valid, GMACM and ETS had

sufficient authority to commence the foreclosure action against the Aniels' property.  Moreover,

even if alleged wrongdoing can be shown, the Claimants' UCL and declaratory relief causes of

action fail because neither cause of action provides for a remedy that is available to the

Claimants in this Court.  The only available remedies under the UCL are injunctive relief and

restitution, and the declaratory relief claim is also seeking equitable relief.  However, neither of

these remedies are available to the Claimants.  Injunctive relief is not a form of relief that can be

ordered by the Bankruptcy Court, and the Claimants cannot show they are entitled to restitution

because they cannot show that they gave something up to any Debtor that they were otherwise

entitled to keep.

### ISSUES TO BE TRIED

- Whether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC.

- Whether GMACM and ETS had sufficient authority to commence the foreclosure action against the Property when it caused the Notice of Default to be recorded on April 27, 2012.

2

- The extent of actual damages, if any, proximately caused to the Claimants by GMACM's and ETS' alleged wrongful foreclosure of the Property in April 2012 under the theories of wrongful foreclosure, fraud, and unlawful competition law.

- The Court to declare whether the 2011 Assignment is void.

## ANALYSIS OF THE LAW AND FACTS

4.      On June 4, 2007, Erlinda Aniel refinanced an existing loan from Mortgage IT in the amount of $2,000,000.00 (the " Loan"), evidenced by a note (the " Note"). The Loan was secured by a deed of trust (the " Deed of Trust"), executed by all of the Claimants, on property located at 75 Tobin Clark Drive, Hillsborough, California (the " Property"). See Note and Deed of Trust. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and the lender's successors and assigns and the beneficiary of the instrument. See Deed of Trust.

5.      On or around July 1, 2007, the Loan was transferred to HSBC Bank U.S.A. as Trustee for DALT 2007-AO5 ("HSBC"). The assignment of the Deed of Trust (the "2009 Assignment") was recorded on August 24, 2009. See 2009 Assignment.

6.      GMACM subserviced the Loan from its origination until servicing was transferred to Ocwen Financial Corporation ("Ocwen") on February 16, 2013. See Priore Declaration at ¶ 20.

7.      On September 29, 2008, ETS recorded a substitution of trustee (the "2008 Substitution of Trustee") in the San Mateo County Recorder's Office, noting MERS as the beneficiary of the Deed of Trust. See 2008 Substitution of Trustee.

8.      On February 1, 2011, HSBC assigned the Deed of Trust to GMACM. See 2011 Assignment. The 2011 Assignment was executed by Mira Smoot, who executed the

3

assignment pursuant to a limited power of attorney dated July 28, 2008 (the "<u>Limited Power of Attorney</u>").  <u>See</u> Limited Power of Attorney.

9.    On April 27, 2012, ETS recorded another substitution of trustee (the "<u>Aniel 2012 Substitution of Trustee</u>") in the San Mateo County Recorder's Office.  <u>See</u> 2012 Substitution of Trustee.  Also on April 27, 2012, ETS recorded a notice of default (the "<u>Notice of Default</u>").  <u>See</u> Notice of Default.

10.    On August 1, 2012, ETS recorded a Notice of Trustee's Sale in the San Mateo County Recorder's Office (the "<u>Notice of Trustee's Sale</u>"), which provided that the foreclosure sale of the Property was scheduled for August 27, 2012.  <u>See</u> Notice of Trustee's Sale.

11.    No foreclosure sale was ever completed on the Property, and the Claimants continue to live in the Property.  <u>See</u> Joint Pretrial Order, Stipulated Facts Nos. 13 and 14.

### The 2011 Assignment was Valid

12.    As discussed above, the only contested allegations that could support either of the Claims is that the 2011 Assignment was invalid, and therefore GMACM and ETS did not have authority to commence foreclosure proceedings against the Property (and concealed their lack of authority from the Claimants).  Notwithstanding the Aniels' unsupported allegation that the 2011 Assignment and the Limited Power of Attorney were fraudulent, the evidence clearly shows that the 2011 Assignment was valid.  The 2011 Assignment was executed by Mira Smoot, who was an authorized officer of GMACM.  Ms. Smoot was authorized to sign on behalf of HSBC pursuant to the Limited Power of Attorney.  Furthermore, Ms. Smoot will testify that the Limited Power of Attorney provided her with authority to execute the 2011 Assignment.  As

4

a result, the Claimants' causes of action for wrongful foreclosure, fraudulent concealment, declaratory relief, and violation of the UCL all fail because the foreclosure process was properly commenced by the Debtors.

### Equitable Relief is Not Available to the Claimants

13.    Even if the Claimants could demonstrate that the 2011 Assignment was invalid, they cannot obtain either declaratory relief or relief under the UCL.  "A UCL action is equitable in nature; damages cannot be recovered."  Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 943 (Cal. 2003). (citing Bank of the West v. Superior Court, 833 P.2d 545 (Cal. 1992)).  Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution."  Id. (citing Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527, 539 (Cal. 1999)).

14.    Bankruptcy Code section 502(b) provides that in connection with allowing or disallowing proofs of claim, the Court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."  11 U.S.C. § 502(b).  Bankruptcy Code section 502(b) makes no provision for granting of equitable relief.  Instead, the Bankruptcy Code and Bankruptcy Rules require that requests for an injunction be sought through an adversary proceeding.  See Fed. R. Bankr. P. 7001(7).  Consequently, even if the Claimants had provided a basis for declaratory relief or relief under the UCL, such relief is inappropriately sought through the claims allowance process.

5

## Claimants Are Not Entitled to Restitution

15.     Furthermore, the Claimants cannot obtain restitution because GMACM has not acquired any property from the Claimants that the Claimants were otherwise entitled to keep.  For restitution to be available, the "offending party must have obtained something to which it was not entitled *and* the victim must have given up something which he or she was entitled to keep." Day v. AT&T Corp., 74 Cal. Rptr. 2d 55, 64 (Cal. Ct. App. 1998) (emphasis in original).  As admitted by the Claimants, the Debtors did not foreclose on the Property prior to transferring servicing of the Mortgage Loan to Ocwen.  See Stipulated Fact No. 14.  Therefore, the only thing ever obtained from the Claimants by either of the Debtors was the limited number of payments the Claimants made to the Debtors as subservicers of the Aniel Loan.  The Claimants cannot assert that they were entitled to keep these payments, as they were payments the Claimants were legally obligated to make pursuant to the terms of the Note and Deed of Trust.  See Note, Section 3 and Deed of Trust, Section 1.  As a result, the Claimants were not deprived of any property that they were otherwise entitled to keep, and therefore, are not entitled to any restitution under the UCL.

## CONCLUSION

16.     The Claims must be disallowed and expunged.  The Claimants have failed to demonstrate by a preponderance of the evidence any wrongdoing on the part of any Debtor entity.  As a result, the Objection to the Claims should be sustained.

ny-1224505

Dated: March 9, 2016

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

7