IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---

RESIDENTIAL CAPITAL, L.L.C., et al.
Debtors

Chapter 11
Administratively Consolidated

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,
Objector

v.

RICHARD D. RODE,
Creditor-Beneficiary

---

RICHARD D. RODE'S **REVISED, ADDITIONAL** RESPONSES TO INTERROGATORIES
PROPOUNDED BY RESCAP BORROWER CLAIMS TRUST, AS SUCCESSOR IN
INTEREST TO THE DEBTORS, OPERATING THE REVISED, SECOND AMENDED
CHAPTER 11 PLAN OF REORGANIZATION, DATED DECEMBER 11, 2013 (DOC. 6030-
1), CONFIRMED DECEMBER 11, 2013 (DOC. 6065), EFFECTIVE DECEMBER 17, 2013

---

TO:   RESCAP BORROWER CLAIMS TRUST, by and through its counsel, Mr. Norman S.
      Rosenbaum, Mr. Jordan A. Wishnew, & Ms. Erica J. Richards of Morrison & Foerster,
      (not believed to be a registered California limited liability partnership as represented to
      the New York Secretary of State)
      250 West 55th Street, New York, New York, 10019.

      RICHARD D. RODE, Claimant, declares, under penalty of perjury pursuant to 28 U.S.C.

sec. 1746, that the Revised, Additional Responses to Interrogatories are true and correct.

      Dated at Deer Park Texas, this 10th day of March, 2016.

                                                    _____
                                                    Richard D. Rode

1

## GENERAL DEFINITIONS AND OBJECTIONS

Claimant, Richard D. Rode, by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, provides the following Revised, Additional Responses to the First Set of Interrogatories propounded by the Objector.

## GENERAL OBJECTIONS

The Proponent of these Requests is pretending to be a separate entity from GMAC Mortgage, LLC and Homecomings Financial, Inc., but is actually its alter ego. Its counsel represented the RESCAP Debtors and continues to represent the RESCAP Debtors and not the beneficiaries of the RESCAP Borrower Claims Trust (Claims Trust). The adverse witnesses for the putative Trust are all former employees of the RESCAP Debtors or their alter egos pretending to be subsidiaries. The grantor of the putative Trust retains management and control of the Trust through the appointment of conflicted individuals to act as the Trust's "Committee." Those individuals, Roweena Drennen and Steven Mitchell, representing the claimants in two (2) class actions, who will be paid from the proceeds of the Trust. There is a direct conflict of interest between the members of the Trust Committee. Moreover, the continuing representation of the RESCAP Borrower Claims Trust by the attorneys for the RESCAP Debtors demonstrates that the RESCAP Debtors have maintained management and control over the Claims Trust renders the Claims Trust a mere alter ego of the RESCAP Debtors. Mr. Rode is a purported beneficiary of the putative Trust and has not authorized the putative Trust to object to his claim or any other homeowner's claim against the RESCAP Debtors.

Upon review of the website maintained by the RESCAP Borrower Claims Trust, he has been informed of the breach of the fiduciary duty by the Unsecured Creditors Committee, "Borrower" (Homeowner) Special Counsel, the Trustee of the RESCAP Borrower Claims Trust and the Borrower Claims Trust Committee and has commenced an adversary proceeding for damages resulting from the breach of fiduciary duty against multiple parties.

Some of the evidence and documents Mr. Rode needs to respond to these Requests is in the exclusive control of GMAC Mortgage, LLC (GMACM) and Homecomings Financial, Inc. (Homecomings).

Mr. Rode cannot respond to these accurately to these Interrogatories using the definitions supplied by Objector because some of the definitions of words and phrases supplied by the Objector would cause any response to Interrogatories containing those words and phrases to be false or misleading. Therefore, Mr. Rode has supplied his definitions of words and phrases as necessary below and within each Response.

## DEFINITIONS

Unless otherwise specified, the following Definitions apply:

1. Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for

2

the Southern District of New York (the "Local Civil Rules"), the full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) are incorporated herein by reference. The Definitions described herein also apply.

2. "Bankruptcy Case" shall mean that certain Chapter 11 proceeding in which Residential Capital, LLC ("ResCap") and certain of its affiliates are the debtors (the "Debtors") and which is pending in the United States Bankruptcy Court for the Southern District of New York, Case Number 12-12020 (MG).

3. "Claimant" shall refer to Richard D. Rode.

4. "Collateral Documents" shall mean any or all of the following documents executed by the Claimant: the March 18, 2003 Note and the March 18, 2003 Deed of Trust.

5. "Contested Matter" shall mean the objection interposed by the Borrower Trust to the Proofs of Claim in the Bankruptcy Case, together with the Decision defined separately.

6. "Decision" shall mean the Memorandum Opinion and Order Sustaining in Part and Overruling in Part Objection to Claims 5210 and 5212 by Richard D. Rode [Docket No. 9094].

7. "Co-Debtors" refers to any of the 51 affiliated entities whose Chapter 11 filings on May 14, 2012 have been jointly administered in the Bankruptcy Case.

8. "DBTCA" refers to Deutsche Bank Trust Company Americas.

9. "DBNTC" refers to Deutsche Bank National Trust Company.

10. "ETS" refers to Executive Trustee Services, LLC.

11. "GMACM" refers to GMAC Mortgage, LLC.

12. "Homecomings" refers to Homecomings Financial, LLC.

13. Loan Modification Agreement shall mean the document purportedly countersigned by Kris M. Caya on October 7, 2009.

14. "MERSCORP" refers to MERSCORP Holdings, Inc.

15. "Mortgage Electronic Registration Systems" refers to Mortgage Electronic Registration Systems, Inc.

16. "MERS" refers to the MERS® System.

17. "Mortgage Loan" refers to Southtrust Mortgage Corporation's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on March

3

18, 2003, identifying Southtrust as the payee and Lender, respectively.

18. "Ocwen" refers to "Ocwen Loan Servicing, LLC.

19. "Owners" and refers to the Promissory Note-Holder or Owner of Claimant's collateral documents (Mortgage Loan.)

20. "RFC" refers to Residential Funding Company, LLC.

21. "RALI" refers to Residential Accredit Loans, Inc.

22. "RALI Trust" refers to a Real Estate Mortgage Investment Conduit (REMIC) Trust identified in the public records pertaining to the subject property as the RALI Series 2003-QS12 Trust.

23. "ResCap" refers to Residential Capital, LLC.

24. "Proofs of Claim" shall refer to the claims filed by Richard D. Rode in the Bankruptcy Case, designated as Claim Nos. 5610 and 5612 asserted against GMAC Mortgage, LLC and Homecomings.

25. "Property" shall mean the real property located at 2301 West Lawther Drive, Deer Park, Texas 77536.

26. "YOU" or "YOUR" refers to Homecomings Financial.

27. The term "communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to conversation, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes or memoranda.

28. The term "document" means each and every form in which information is kept, however, produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, or of which YOU have knowledge of its existence, and whether prepared, published or released by YOU or by any other person or entity, including but not limited to, letters, reports, agreements, duty rosters, correspondence, intra-office or inter-office correspondence, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, maps, tables, articles, summaries of conversations, computer cards, tapes, disks, and other means of electronically or magnetically maintained information, and printouts. The term "documents" shall also include all electronic data, including emails and any related attachments, electronic files or other data compilations

4

that relate to the categories of "documents" listed above, whether stored on a personal computer, network computer system, backup computer tape, servicer, and/or disk, or by some other storage mechanism or database.

29. The term "document" also includes, without limitation, all originals and nonidentical copies. "Document" includes a copy of the original when the original is not in the possession, custody or control of YOU, and every non-identical copy of the original.

30. Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original test, or any reproduction thereof, is to be considered a separate document.

31. The term "identify," when used with respect to documents, means that YOU are required, for each and every document, to:

a. State its exact name and title;

b. State the author or generator;

c. State each addressee;

d. State all individuals designated on the document to receive a copy or otherwise known to have received a copy;

e. State the date on which YOU first received, or received knowledge of, the document and the source from whom YOU received the document or knowledge thereof;

f. State the date of the document and all other serial or identifying numbers thereon;

g. State its general subject matter;

h. Describe the document by type, i.e., a letter, newspaper, memorandum, or other type of document;

i. Specify the location of any file or files where the document, or any copy thereof, is normally or presently kept; and

j. State the present custodian for each copy thereof and the last known address for each custodian.

k. In lieu of identifying a document, the particular document may be referred to and produced.

32. The term "identify," when used with respect to a communication, discussion or meeting, means that YOU are required to:

5

a. State the type of communication, discussion, or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting);

b. State the date or approximate date of the communication;

c. State the location where the communication took place;

d. State the identity of all persons who participated in the communication and of all persons with knowledge of the communication or of the subject matter thereof; and
e. State the subject matter of the communication.

33. The term "identify," when used with respect to an individual, corporation, or other entity, means that YOU are required to:

a. State his or her full name;

b. State his or her last known residence and business address, last known employer, job title and job description; and

c. If a corporation or other entity, its principal place of business.

34. The term "person" means any entity that has a separate identity, recognized in law or in fact to have legal rights and obligations. This term includes, but is not limited to, any natural person, corporation, partnership, joint venture, association, company, group, organization, trust, estate, business or governmental entity or agency (public or private), a committee, subcommittee, board or any other public or private entity whatsoever.

35. The term "relating to" or "related to" means comprising, constituting, consisting of, describing, discussing, explaining, reflecting, containing, proposing, showing, citing, pertaining to, regarding, evidencing, concerning, summarizing, analyzing, implying, authorizing, respecting, recording, noting, embodying, mentioning, studying, evaluating, or referring to, whether directly or indirectly, the matter discussed.

36. The term "representative" means any person, including any attorney or agent, who acts, has acted or has at any time been requested or solicited to act, for the benefit or on the behalf of any other person, with that other person's knowledge, consent or acquiescence.

37. The term "transaction" or "transactions" means, without limitation, any purchase, sale, transfer, options to purchase or sell, and includes any and all economic events that initiate the accounting process of recording it in Homecomings' accounting system.

6

## RESERVATION OF RIGHTS

Mr. Rode reserves the right to update, amend or supplement these responses as discovery continues. Claimant also reserves the right to supplement these responses as his investigation is continuing.

## REVISED, ADDITIONAL RESPONSE TO INTERROGATORY 13

INTERROGATORY NO. 13:

Identify the name and, if known, the telephone number and e-mail address of each individual

with information that you may use during the evidentiary hearing to support your claims or

defenses, along with the subject and nature of the information held by each such individual.

RESPONSE NO. 13:

A. Fact Witnesses

1. Richard Rode
c/o Attorney Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Ave. S., Suite 5010
Minneapolis, Minnesota 55415
(612) 333-4144

Knowledge of the underlying facts of the case, economic and non-economic damages, and diminution of credit due to GMACM/Homecomings' actions.

2. Denise Jungen, formerly
Advocacy Resolution Specialist
GMAC Mortgage
previously located at
3452 Hammond Avenue
Waterloo, Iowa 50704

Knowledge of the inappropriate charges, fees, payments, requested and approved loan modification agreement, and request for accounting by Mr. Rode.

3. Attorney Daniel R. Gamez
Pite Duncan, LLP
4375 Jutland Drive, Suite #200
Post Office Box 17935
San Diego, California 92177-0935

Knowledge of posting of Claimants property for foreclosure after Claimant was approved for a loan modification agreement by GMACM/Homecomings.

4. Kellie Kenzer, formerly
Account Manager
Homecomings Financial/GMAC Mortgage
previously located at
2711 North Haskell Avenue, Suite #900
Dallas, Texas 75204
(800) 206-2901 telephone now in use by another entity

Knowledge of loan modification by GMACM/Homecomings in 2005.

**Because Judge Glenn has limited the issues for hearing to pages 26-28 of his Order of September 2, 2016, the evidence pertaining to the prior conduct of the of GMACM/Homecomings will be reserved for remand on appeal.**

5. Kris M. Caya, formerly claiming the capacity of
"Limited Signing Officer"
Homecomings Financial/GMAC Mortgage
previously located at
3451 Hammond Avenue
Waterloo, Iowa 50702

**Knowledge of executed and approved Loan Modification Agreement that was subsequently unilaterally breached and denied by GMACM/Homecomings.**

6. Charles Hoecker, formerly
SVP Customer Care
Homecomings Financial/GMAC Mortgage
previous contact information
Post Office Box 4622
Waterloo, Iowa 50704-4622

**Charles Hoecker is believed to be presently employed by Ocwen Loan Servicing, LLC and is believed to have personal knowledge of problems with Claimant's escrow account, loan modification agreement, unwarranted and misapplied payments, and damage to the Claimant's credit as well as the GMAC/RFC policies and procedures for handling payments, credits and escrowed funds.**

7. Keavon Reed, formerly of
Homecomings Financial/GMAC Mortgage,
previously located at
2711 North Haskell Avenue, Suite #900
Dallas, Texas 75204

8

(800) 206-2901 telephone number now in use by a different entity

Knowledge of Loan Modification in 2007.

**Because Judge Glenn has limited the issues for hearing to pages 26-28 of his Order of September 2, 2016, the evidence pertaining to the prior conduct of the of GMACM/Homecomings will be reserved for remand on appeal.**

8.  Larry R. Wickstrom
5436 Yukon Ave. S.
New Hope, Minnesota 55428
(763) 536-1222

Calculation of collateral value of all RALI SeriesTrusts claimed to have been created in the State of Minnesota in reports to the Securities and Exchange Commission (SEC), along with RASC, RAMP and RFMS I and RFMS II Series Trusts, which were represented to the SEC as being Minnesota Trusts, and which are also not registered with the Minnesota Secretary of State as required by Minn. Stat. sec. 318.02 since April 20, 1961.  The total collateral value of the RALI and RASC Series Trusts represented to the SEC, the investors and the public as being Minnesota Trusts amounts to $113,138,824,329.00.  The collateral value of the RAMP, RFMS I and RFMS II Series Trusts are being calculated at the present time.

**Because Judge Glenn has limited Mr. Rode's issues for hearing to pages 26-28 of his Order of September 2, 2015, the evidence pertaining to the nationwide fraud scheme perpetrated by the RESCAP Debtors and their counterparties against thousands of homeowners and investors in Certificates of Interest valued in an amount of at least 150 Billion Dollars will be pursued in a Court of competent jurisdiction.  Mr. Rode has standing to pursue his Post-Petition Claims against the RESCAP Liquidating Trust in the United States District Court for the District of Minnesota where the RESCAP Liquidating Trust is located and where it is unlawfully transacting and conducting business without first registering with the Secretary of State for the State of Minnesota as required by Minn. Stat. sec. 318.05.**

9.  M. Nawaz Raja
42907 Park Brooke Court
Broadlands, Virginia 20148
BE(Mechanical) (Pak)
ME (Equipment) (Pak)
LLB (Pak)
Member Pak Engineering Council (Pak)
Member Institute Of Engineers (UK)
Member American Society Of Mechanical Engineers(USA)
(540) 687-0004

Mr. Raja has conducted substantial research into the process of "securitization" and is expected to testify that the securities acquired from homeowners are sold multiple times and up to 20

~~times the face value of the securities.~~

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9, 2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract, Mr. Rode reserves the Testimony of securitization experts for remand on appeal.**

~~10.  Marie McDonnell~~
~~McDonnell Property Analytics~~
~~15 Cape Lane~~
~~Brewster, Massachusetts 02631~~
~~Phone: (774) 323-0892~~
~~Fax: (774) 323-0894~~

~~Ms. McDonnell has been an expert witness in several cases involving the process of "securitization" and is expected to testify that the Mr. Rode's Note and Deed of Trust were not lawfully conveyed to the RALI Series 2003-QS12 Trust.  Because the Note and Deed of Trust were not lawfully conveyed to the RALI Series 2003-QS12 Trust, Homecoming Financial, LLC (Homecomings) and GMAC Mortgage, LLC were never the lawful servicers for the unidentified investors in the Rode Note and Deed of Trust and neither had authority to provide a loan modification.~~

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9, 2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract, Mr. Rode reserves testimony related to the "securitization" issues for remand on appeal. Mr. Rode would have proposed to substitute Bill Paatalo, Oregon Private Investigator - PSID#49411 for Ms. McDonnell**

**BP Investigative Agency, LLC**
**P.O. Box 838**
**Absarokee, MT 59001**
**Office: (406) 328-4075**
**www.bpinvestigativeagency.com**

**were it not for the determination on March 9, 2016 that the "securitization" issue is irrelevant to the claim of breach of contract.  Mr. Paatalo is being retained for fact and expert testimony in future proceedings against Ocwen Loan Servicing, LLC as successor in interest to the RESCAP Debtors in Houston, Harris County, Texas.**

~~11.  Thomas Marano, believed to have been an Officer/Director of non-Debtor GMAC Mortgage Group and Residential Capital, LLC.~~

~~Name, address and telephone number will be requested from Objector.~~

~~Knowledge of GMACM/Homecomings' business practices, securitization processes, sales of Collateral Documents, policies and procedures for handling of escrow accounts and loan~~

10

~~modification agreements that are approved, but unilaterally cancelled.~~

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9, 2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract, Mr. Rode reserves testimony related to the "securitization" issues for remand on appeal.**

~~12. James N. Young, believed to have been an Officer/Director of Residential Capital, LLC.~~

~~Name, address and telephone number will be requested from the Objector.~~

~~Name, address and telephone number will be requested from Objector.~~

~~Knowledge of GMACM/Homecomings' business practices, securtization processes, sales of Collateral Documents, policies and procedures for handling of escrow accounts and loan modification agreements that are approved, but unilaterally cancelled.~~

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9, 2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract, Mr. Rode reserves testimony related to the "securitization" issues for remand on appeal.**

~~13. All employees, whose names, addresses, and telephone numbers will be requested by Claimant but have not yet been provided by GMACM/Homecomings, who handled, made entries or decisions with respect to Claimants loan modification or escrow account.~~

**ONE OR MORE OF THE FOLLOWING:**

14. Tammy Hamzehpour, Chief Business Officer
RESCAP Liquidating Trust

**Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the "cooperation agreement," if any, between the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the availability of the "books and records" of the RESCAP Debtors to the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust.**

15. William Tyson, Chief Asset Disposition Officer
RESCAP Liquidating Trust

**Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the "cooperation agreement," if any, between the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the availability of the "books and records" of the RESCAP Debtors to the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust.**

11

16. William Thompson, General Counsel
RESCAP Liquidating Trust

**Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP
Borrower Claims Trust and the "cooperation agreement," if any, between the RESCAP
Liquidating Trust and RESCAP Borrower Claims Trust and the availability of the "books
and records" of the RESCAP Debtors to the RESCAP Liquidating Trust and the RESCAP
Borrower Claims Trust.**

17. Deanna Horst Chief Claims Officer
RESCAP Liquidating Trust

Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP Borrower
Claims Trust and the "cooperation agreement," if any, between the RESCAP Liquidating Trust
and RESCAP Borrower Claims Trust and the availability of the "books and records" of the
RESCAP Debtors to the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust.

18. John S. Dubel, Co-Chair
RESCAP Unsecured Creditors Committee
c/o Dubel and Associates, LLC
Street Address Pending
Brookside, New Jersey

**Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP
Borrower Claims Trust and the "cooperation agreement," if any, between the RESCAP
Liquidating Trust and RESCAP Borrower Claims Trust and the availability of the "books
and records" of the RESCAP Debtors to the RESCAP Liquidating Trust, which he formed
and registered in the State of Delaware, and the RESCAP Borrower Claims Trust.**

19. Peter S. Kravitz, Esq.
Trustee of the RESCAP Borrower Claims Trust
Solution Trust
230 Park Avenue, 10th Floor
New York, NY 10169
Phone: 212-808-7230, and at
29209 Canwood St. Suite 210
Agoura Hills, CA 91301
Phone: 310-974-6350, and at
919 N. Market Street Suite 700
Wilmington, DE 19807
Phone: 203-444-6608
http://solutiontrust.net
http://solutiontrust.net/contact/

Knowledge of the separate operations of the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the "cooperation agreement," if any, between the RESCAP Liquidating Trust and RESCAP Borrower Claims Trust and the availability of the "books and records" of the RESCAP Debtors to the RESCAP Liquidating Trust and the RESCAP Borrower Claims Trust, as well as knowledge of the operation of the Objector which treats all claims administered by the Objector as disallowed and compels litigation, not settlement. Knowledge that Mr. Rode has not been contacted by the Trustee or the Trust Committee for purposes of ascertaining the validity of Mr. Rode's claim, prior to the filing of the Objection or at any time thereafter. Knowledge of the provisions of the Third Amendment to the Trust Agreement, dated May 16, 2014, creating Section 6.3(d), by which all "borrower" claims were to be deemed "disallowed," and providing:

> (d) All Borrower Claims shall be deemed to be Disputed Borrower Claims until and unless Allowed by a Final Order or a duly authorized, final, and binding agreement of the Borrower Trust.

20. Rowena Drennen
RESCAP Unsecured Creditors Committee,
Kessler Class Action Claimant and
Current member of the two-person RESCAP Borrower Claims Trust Committee
last known address, telephone and facsimile numbers
3725 N. Indiana
Kansas City, Missouri 64117
Phone: (816) 726-4615
Fax: (816) 523-3530

Knowledge of the operation of the Objector which treats all claims administered by the Objector as disallowed and compels litigation, not settlement. Knowledge that Mr. Rode has not been contacted by the Trustee or the Trust Committee for purposes of ascertaining the validity of Mr. Rode's claim, prior to the filing of the Objection or at any time thereafter. Knowledge of the provisions of the Third Amendment to the Trust Agreement, dated May 16, 2014, creating Section 6.3(d), by which all "borrower" claims were to be deemed "disallowed," and providing:

> (d) All Borrower Claims shall be deemed to be Disputed Borrower Claims until and unless Allowed by a Final Order or a duly authorized, final, and binding agreement of the Borrower Trust.

21. Steven Mitchell
Mitchell Class Action Claimant and
Current member of the two-person RESCAP Borrower Claims Trust Committee
Contact information unknown-investigation/discovery pending

Knowledge of the operation of the Objector which treats all claims administered by the Objector as disallowed and compels litigation, not settlement. Knowledge that Mr. Rode has not been contacted by the Trustee or the Trust Committee for purposes of ascertaining the validity of Mr. Rode's claim, prior to the filing of the Objection or at any time thereafter. Knowledge of the

provisions of the Third Amendment to the Trust Agreement, dated May 16, 2014, creating Section 6.3(d),  by which all "borrower" claims were to be deemed "disallowed," and providing:

> (d) All Borrower Claims shall be deemed to be Disputed Borrower
>  Claims until and unless Allowed by a Final Order or a duly authorized,
> final, and binding agreement of the Borrower Trust.

22. Dan Flanigan, Esq.
Polsinelli
900 Third Avenue, 21st Floor
New York, New York 10022
Phone: 212-684-0199
and at
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Phone: 816-753-1000
http://www.polsinelli.com/

Attorney for Members of the RESCAP Borrower Claims Trust Committee

Knowledge of advice purportedly given to Trust Committee that the Third Amendment to the Trust Agreement dated May 16, 2014 is not inconsistent with the Second Amended Plan of Reorganization confirmed by the Court.

B.  Disclosure of Expert Testimony

1.  Attorney Jeffrey H. Uzick
UZICK & ONCKEN, P.C.
238 Westcott Drive
Houston, Texas 77007
(713) 869-2900

Mr. Uzick will testify regarding reasonable and necessary attorney's fees incurred in this action as damages from the breach of contract. His C.V. will be produced to the Objector, along with invoices reflecting his time, hourly rate, and expenses incurred in continuing discovery.

2. M. Nawaz Raja
42907 Park Brooke Court
Broadlands, Virginia 20148
BE(Mechanical) (Pak)
ME (Equipment) (Pak)
LLB (Pak)
Member Pak Engineering Council (Pak)
Member Institute Of Engineers (UK)
Member American Society Of Mechanical Engineers (USA)

14

(540) 687-0004

Mr. Raja has conducted substantial research into the process of "securitization" and is expected
to testify that the securities acquired from homeowners are sold multiple times and up to 20
times the face value of the securities.

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9,
2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract,
Mr. Rode reserves the Testimony of securitization experts for remand on appeal.**

3.  Marie McDonnell (Proposed)
McDonnell Property Analytics
15 Cape Lane
Brewster, Massachusetts 02631
Phone: (774) 323-0892
Fax: (774) 323-0894

Ms. McDonnell has been an expert witness in several cases involving the process of
"securitization" and is expected to testify that the Mr. Rode's Note and Deed of Trust were not
lawfully conveyed to the RALI Series 2003-QS12 Trust. Because the Note and Deed of Trust
were not lawfully conveyed to the RALI Series 2003-QS12 Trust, Homecoming Financial, LLC
(Homecomings) and GMAC Mortgage, LLC (GMACM) were never the lawful servicers for the
unidentified investors in the Rode Note and Deed of Trust and neither had authority to provide a
loan modification.

**Because Judge Glenn precluded Mr. Rode's discovery into "securitization" on March 9,
2016, ruling that the "securitization" issue is irrelevant to the claim of breach of contract,
Mr. Rode reserves testimony related to the "securitization" issues for remand on appeal.
Mr. Rode would have proposed to substitute Bill Paatalo, Oregon Private Investigator -
PSID#49411**

**BP Investigative Agency, LLC
P.O. Box 838
Absarokee, MT 59001
Office: (406) 328-4075
www.bpinvestigativeagency.com**

**for Ms. McDonnell were it not for the determination on March 9, 2016 that the
"securitization" issue is irrelevant to the claim of breach of contract. Mr. Paatalo is being
retained for fact and expert testimony in future proceedings against Ocwen Loan
Servicing, LLC as successor in interest to the RESCAP Debtors in Houston, Harris
County, Texas.**

15

~~4. Roland C. Morrison, IRS-EA~~
~~6320 Monona Drive~~
~~Monona, Wisconsin 53716~~

Mr. Morrison was expected to testify to the correct amount of the allocation of payments, the correct amount of payments due, the correct value of the escrow account credits and the proper use of a 1099-C for tax accounting purposes.

**Mr. Rode is substituting Robert M. Adams, CPA for Mr. Morrison because Mr. Adams is expected to testify not only to the correct amount of the allocation of payments, the correct amount of payments due, the correct value of the escrow account credits and the proper use of a 1099-C for tax accounting purposes, but also to the economic losses suffered by Mr. Rode as a consequence of the breach of the October, 2009 Loan Modification Agreement.**

**As of February 16, 2016, other experts had not yet been designated, and Claimant reserved his right to supplement this disclosure pursuant to the Court's Scheduling Order in his Response to Interrogatory 13.B.5. Mr. Rode now designates**

**Robert M. Adams**
**Certified Public Accountant**
**5906 Dolores Street, Suite 113**
**Houston, Texas 77057**
**(713) 626-1040**
**bob@bobadamscpa .com**

**Mr. Adams' Curriculum Vitae is attached hereto.**

6. Claimant reserves the right to call un-designated rebuttal expert witnesses whose testimony cannot be foreseen until the time of trial in this matter. Claimant further reserves the right to call any and all experts designated by other parties who, at the time of trial have been un-designated, or who have been designated by parties who are no longer part of the lawsuit at the time of trial.

7. Claimant and Objector may identify fact and expert witnesses in their respective discovery responses and in Claimant's responses to any motion for summary judgment and Claimant sets forth such information as if set forth in these responses.

## CERTIFICATE OF SERVICE

I do hereby certify that on March 10, 2016, I caused a true and correct copy of the

attached Responses to RESCAP Borrower Claims Trust's First Set of Requests For Admission

of Documents in Support of the Claims Objections to be served via facsimile on:

Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
MORRISON & FOERSTER (not a registered limited liability company in the State of California
                               as represented to the Secretary of State for the State of New York)

250 West 55th Street
New York, New York 10019
at their facsimile number of record.

Dated: March 10, 2016.

Wendy Alison Nora

Curriculum Vitae

# ROBERT M. ADAMS

Certified Public Accountant

5906 Dolores Street, Suite 113

Houston, Texas 77057

713-626-1040

## EDUCATION

The University of Texas, BS, 1971

The University of Texas, MBA, 1974

## CERTIFICATION

Certified Public Accountant, 1979

Texas Certificate № 19777

Accredited in Business Valuation, 1999

AICPA Certificate № 522

## PROFESSIONAL ACTIVITIES

American Institute of Certified Public Accountants

Association of Certified Fraud Examiners - Associate Member

American Society of Appraisers - Candidate Member

## PROFESSIONAL AND BUSINESS HISTORY

01/84 - Present   Certified Public Accountant in Public Practice

07/81 - 10/83     Durkee Drilling, Inc., Vice President of Finance of a $7 million start-up
contract drilling company

11/79 - 06/81     Moran Energy, Inc., Treasurer of a $98 million NYSE company. Participated
in redemption of $20 of convertible subordinated debentures, and sale of
$50 million of convertible subordinated debentures, and sale of 880,000
shares of common stock; managed $60 million investment portfolio

12/77 - 11/79     Weatherford International, Inc., Corporate Cash Manager

07/75 - 12/77     Texas Commerce Bank, Assistant Vice President, cash management