IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---

RESIDENTIAL CAPITAL, L.L.C., et al.                    Chapter 11
    Debtors                                      Administratively Consolidated

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,
Objector
v.
RICHARD D. RODE,
Creditor-Beneficiary

---

OBJECTION TO PRECLUSION OF EVIDENCE OF "SECURIZATION"
RELIED UPON BY THE BORROWER CLAIMS TRUST IN ITS OBJECTION TO
PROOFS OF CLAIM ## 5210 AND 5212 AND UPON WHICH THE ORDER OF
THIS COURT DATED SEPTEMBER 2, 2015 WAS ENTERED AT DOCKET 9094

---

**PLEASE TAKE NOTICE** that Richard D. Rode, by his attorney, Wendy Alison Nora

of ACCESS LEGAL SERVICES, filed Mr. Rode's Revised, Additional Responses to the

Interrogatories Propounded by the RESCAP Borrower Claims, as purported successor in interest

to the RESCAP Debtors, which were revised and to which additions were added following

the March 9, 2016 Telephonic Discovery Conference conducted upon Mr. Rode's written

request.  The purpose of this filing is to preserve Mr. Rode's legal position that discovery into

what the Objector has characterized as "securitization issues" and proofs at the evidentiary

hearing to be held on the Objection to Mr. Rode's Proofs of Claim ## 5610 and 5612 have been

precluded by Judge Martin Glenn effective March 9, 2016, despite the fact that the Objector

relied upon the "securization" process to establish the validity of the transfer of Mr. Rode's Note

and Deed of Trust to Deutsche Bank Trust Company Americas, supporting his conclusion on

pages 3-4 of the September 2, 2015 Order (footnotes included) (Doc. 9094):

Debtor Residential Funding Corporation ("RFC") purchased the Loan from Southtrust

and transferred the Loan to Deutsche Bank Trust Company Americas ("Deutsche Bank") on June 1, 2003 when the Loan was **securitized**.[5] (*See* Obj. ¶ 12.)  On April 16, 2010, MERS, as nominee for Southtrust, assigned the Deed of Trust to Deutsche Bank (the "DB Assignment," Priore Decl. Ex. C).[6] (Obj. ¶ 12.)  (Emphasis added.)

[5] The Note was negotiated via endorsements from Southtrust to RFC, and from RFC to Deutsche Bank. (*See* Note at 5.)
[6] The DB Assignment was recorded on May 11, 2010. (*See* DB Assignment at 3.)

Because the Objector raised the issue of "securitization" in its Objection dated April 9, 2015 (Doc. 8452),  Mr. Rode responded to the Objection on April 30, 2015 (Doc. 8561) with countervailing evidence that the copy of the Note has been produced displaying an Allonge which he challenged as invalid and that the Assignment of the Deed of Trust by Donna Fitton, in the capacity of "Limited Signing Officer" for Mortgage Electronic Registration Systems, Inc. was a false document executed on April 16, 2010 and recorded on May 11, 2010 in the Office of the Harris County Recorder, years after the closing date of the purported Real Estate Mortgage Investment Conduit (REMIC) Trust identified on the falsely executed and recorded Assignment of the Deed of Trust.

The Bankruptcy Court held on September 2, 2015:

> To the extent that Rode's breach of contract claim is based on the Debtors' alleged breach of the Note and Deed of Trust, the Court concludes that the Trust rebutted the prima facie validity of Rode's breach of contract claim. The Trust submitted evidence of Rode's nonperformance of his obligations under these Loan documents, and **Rode failed to meet his burden of establishing the validity of his claim by rebutting this evidence with countervailing evidence.** Consequently, the Objection to Rode's breach of contract claim is **SUSTAINED** to the extent it is based on alleged breaches of the Note and Deed of Trust. (Page 25, Doc. 9094, Emphasis added.)

It is an abuse of judicial discretion to allow one party to produce evidence of the validity of the "securitization" process in support of its Objection and to preclude the opposing party from responding to the proponent's position by countervailing evidence.  The RESCAP Debtors did not defend against Mr. Rode's Amended Petition on the grounds raised by the Objection

2

(Doc. 8542) and Reply (Doc. 8603) and Mr. Rode was entitled to oppose their assertions by

producing countervailing evidence of the Objector's contention that the securitization process

was valid and lawful, raised for the first time in these proceedings–which he did.  Morever, Mr.

Rode is entitled to discover evidence which would further demonstrate the invalidity and

illegality of the "securitization process" (creation and recordation of false documents) in

these contested claim proceedings, prior to the final hearing, which he has now been precluded

from exposing by obtaining evidence through the lawful discovery processes under Fed. R. Civ.

P. 33, 34 and 36, made applicable to these proceedings by Fed. R. Bankr. P. 7033, 7034, and

7036 pursuant to Fed. R. Bankr. P. 9014(c).

**WHEREFORE**, Mr. Rode files this Objection to the limitation on the scope of

discovery to be had in these proceedings by Order entered on the record of the Discovery

Conference held on March 9, 2016.

Dated at Minneapolis, Minnesota this 11th day of March, 2016.


*/s/ Wendy Alison Nora*

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043
Minnesota Attorney ID #0165906

**DECLARATION OF SERVICE**

Wendy Alison Nora declares under penalty of perjury pursuant to 28 U.S.C. sec. 1746
that on March 11, 2016, she filed the above Objection which led to the Filing and Service
of Revised, Additional Responses to Interrogatory No. 13, and thereby served all parties and

their counsel who are capable of receiving service via CM/ECF in the proceedings.

*/s/ Wendy Alison Nora*

_____

Wendy Alison Nora