IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---

| | |
|---|---|
| RESIDENTIAL CAPITAL, L.L.C., et al.<br>　　Debtors | Chapter 11<br>Administratively Consolidated |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| RESCAP BORROWER CLAIMS TRUST,<br>Objector<br>v.<br>RICHARD D. RODE,<br>Creditor-Beneficiary | |

---

NOTICE OF FILING OF ALTERNATIVE PROPOSED
AMENDED SCHEDULING ORDER

---

**PLEASE TAKE NOTICE** that Richard D. Rode, by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, files Mr. Rode's Alternative Proposed Amended Scheduling Order, which was submitted to the Objector for review. The Objector did not approve Mr. Rode's proposed form of the Order, which Mr. Rode believes better reflects the current status of the case and submitted its form of the Proposed Amended Scheduling Order to chambers, advising the Court that Mr. Rode preferred an alternative form of the Order. The proposed Order submitted by the Objector was entered before the Court reviewed the Mr. Rode's Alternative Amended Proposed Scheduling Order. Attached hereto is Mr. Rode's Alternative Proposed Amended Scheduling Order.

[REMAINDER OF PAGE LEFT INTETIONALLY BLANK]

1

Dated at Minneapolis, Minnesota this 11th day of March, 2016.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043
Minnesota Attorney ID #0165906

**DECLARATION OF SERVICE**

Wendy Alison Nora declares under penalty of perjury pursuant to 28 U.S.C. sec. 1746 that on March 11, 2016, she filed the above proposed Alternative Proposed Amended Scheduling Order Objection, and thereby served all parties and their counsel who are capable of receiving service via CM/ECF in the proceedings.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**AMENDED CASE MANAGEMENT & SCHEDULING ORDER REGARDING RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBERS 5610 AND 6512 FILED BY RICHARD D. RODE**

This Amended Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference held on March 10, 2016, in accordance with Fed. R. Civ. P. 16(b) and 26(f), and relates to the objection [Docket No. 8452] of the ResCap Borrower Claims Trust (the "Borrower Trust") to the proofs of claim filed by Richard D. Rode ("Claimant") (Claim Nos. 5610 and 5612).

1. All fact discovery shall be completed no later than February 16, 2016 **and is subject to the requirements that continuing discovery be provided until the date of the final, pre-trial conference.**

2. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

3. Expert discovery

a. All expert discovery shall be completed no later than May 1, 2016.

1

b. Claimant's expert reports shall be served on the Borrower Trust no later than March 11, 2016, as previously agreed by the parties.

c. Notwithstanding Paragraph 3.b. above, Claimant's expert report of Robert Adams shall be served on the Borrower Trust no later than April 1, 2016 at 5 p.m. (Eastern). The deposition of Mr. Adams, if any, shall take place in Houston, Texas, unless otherwise agreed to by the parties.

d. The Borrower Trust's expert report(s), if any, shall be served on Claimant no later than April 15, 2016 at 5 p.m. (Eastern). The deposition of the Borrower Trust's expert(s), if any, shall take place where such expert(s) is located, unless otherwise agreed to by the parties.

4. Motions

a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. ~~Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 1 hereof)~~. **Claimant did not request for a pre-trial motion conference related to a motion for summary judgment by the Claimant. The Borrower Trust requested a pre-trial motion conference by letter of Attorney Jordan A. Wishnew dated March 1, 2016 (Docket 9699) which was denied by Order of this Court on March 2, 2016 (Docket 9700).**

b. **Dispositive** Motion papers shall be filed promptly after service. All **dispositive** motions, and courtesy copies of motions, shall include a table of contents

2

listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

    c. Two courtesy copies of all **dispositive** motions papers shall be delivered to chambers as soon as practicable after filing.

    **d. All nondispositive motions, responses and replies may be filed by CM/ECF, unless a hearing is requested by the moving party. If a hearing is requested by the moving party, the provisions of 4.a.-c. and 4.f. shall apply.**

    e. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

    f. Prior to filing a motion **for which a hearing is requested**, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

    5. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute.

3

The Court will endeavor to resolve the dispute without the filing of any discovery motions.

6. The next Case Management Conference will be held on **May 10, 2016** at 2 p.m. (Eastern). The Borrower Trust's counsel shall arrange a call-in number.

7. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated:    March __, 2016
         New York, New York

                                                        _____
                                                           Martin Glenn
                                                   United States Bankruptcy Judge