**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | |
| RESIDENTIAL CAPITAL, LLC, et al.. | |
| Debtors. | Case No. 12-12020-MG |
| | Chapter 11 |
| THE RESCAP BORROWER CLAIMS TRUST, | |
| Objector/Debtor, | Jointly Administered |
| | Trial Date: March 24, 2016 |
| | Time: 9:00 a.m. |
| versus - | Courtroom: 5 |
| Erlinda Abibas Aniel | |
| Claimant/Creditor | |

---

**DECLARATION UNDER PENALTY OF PERJURY AS DIRECT TESTIMONY OF ERLINDA ABIBAS ANIEL**

---

Erlinda Abibas Aniel declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746:

The following testimony is based on my personal knowledge, research, and opinion:

RECEIVED

MAR - 9 2016

U.S. BANKRUPTCY COURT, SDNY

Direct Testimony of Erlinda Abibas Aniel                                1

1. I obtained a loan from Mortgage IT, Inc. ("Mortgage IT") pursuant to the terms of a note dated June 4, 2007. The Note was secured by a deed of trust signed by myself and non-claimants and non-borrowers Fermin Solis Aniel, and Marc Jason Aniel (the "Deed of Trust" recorded on June 8, 2007 at the San Mateo County Recorder's Office in the State of California docket no. 2007-088561 without the Note, the "Mortgage Loan") on property located at 75 Tobin Clark Drive, Hillsborough, CA 94010 ("Property"). Debtor GMAC Mortgage, LLC ("GMACM") serviced the Mortgage Loan from the origination until servicing was transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013.

2. The original number on my promissory note Flex Pay Fixed/Adjustable Rate Loan number was "40761137." The note was signed on June 4, 2007. The MERS number on the Note was "100112065738048632."

3. The Deed of Trust was recorded on June 8, 2007, at San Mateo Recorders Office. The recorded docket number was 2007-088561. The Deed's original loan number was "40761137". The Deed's MERS number was "100112065738048632". Myself and Fermin Aniel and Marc Jason Aniel, who were both non-borrowers, executed the Deed of Trust on June 4, 2007.

4. I made my first payment on August 1, 2007, to GMAC and continued making payments until July 2008.

5. My last mortgage payment was made on July 2008, and was applied to the June 2008 mortgage payment because the mortgage payment was on arrears, which meant that the July payment should be applied to the last month.

6. On or around August of 2008, I called the GMAC customer service to dispute the late payment charge that was applied to my June 2008 payment. The amount was $375.00 plus the interest of the late charge amount. The customer service representative said they received the July 2008 payment and applied it to June 2008 payment, which resulted to a late payment.

However, I disputed that charge. The customer service representative said it was not their fault that the mail was slow. During the same conversation, I asked for loan modification. The customer service representative said I would not be qualified because I had no hardship. The customer service representative told me to default for 90 days in order to be approved for modification.

7. I hired an attorney to represent my request for a loan modification on or around September 2008, after I stopped making payments for 90 days. I was denied a loan modification for the reason that my income was not enough.

8. The subject loan was a refinance a loan for a previous 2007 loan with MortgageIT. The refinance was a negative amortization with a teaser rate of LIBOR. The principal balance would increase 115% during the life of the loan. My note payments would not change until August 1, 2012.

9. During the discovery period, I discovered that as of February 4, 2016, the Federal Truth In Lending Disclosure incorrectly disclosed that the number of payments I made, which should have been 55 months, and that after the 55th month, the payments would change to $13,881.97 for another five months beginning March 01, 2012, which contradicts the payment schedule listed on my note. See pg. 2 of the Note (c) Payment Changes "My monthly payment will remain the same until August 1, 2012, the month after the first Change Date and will not change again until after I have made my 120th schedule monthly payment unless it is required to change in accordance with Section 4(f) below." As a result, there was a clear violation of TILA and Regulation Z.

10. Without my knowledge, Executive Trustee Services (ETS) executed a Substitution of Trustee ("SOT"). ETS executed the SOT on September 25, 2008 and recorded the SOT on September 29, 2008. CA Dkt. No. 2008-108476. Rosalie Solano, Assistant Secretary of

Mortgage Electronic Registration Systems, Inc. (MERS), executed the SOT, which substituted Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee under my Deed of Trust in place of the original Trustee, FIDELITY NATIONAL TITLE. The SOT stated that the beneficiary was Mortgage Electronic Registration Systems, Inc., and it did not mention MortgageIT.

11. On September 29, 2008, a Substitution of Trustee was recorded by ETS. The SOT named Mortgage Electronic Registration Systems as beneficiary, and did not name MortgageIT as the Lender.

12. On August 24, 2009, a certain Janine Yamoah, a purported assistant secretary of MERS, executed an assignment of deed to HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, assigning, for value, all beneficial interest under that certain Deed of Trust, dated June 4, 2007, executed by Fermin Aniel and Erlinda Aniel, as husband and wife, and Marc Jason Aniel, a single man, as all joint tenants to Fidelity National Title Company as Trustee, for Mortgage Electronic Registration Systems, Inc., solely as nominee for MortgageIT, Inc., as beneficiary and recorded instrument No. 2007-008561, on June 8, 2007. The Assignment of Deed was recorded on September 21, 2009 with CA docket no. 2009-125757.

13. Janine Yamoah, an alleged assistant secretary of MERS, executed the said assignment of deed with an acknowledgment by a notary public named Zahirah Y. Sweet on August 24, 2009. It was notarized under the State of Pennsylvania, County of Montgomery, but was certified under penalty of perjury, under the laws of the State of California, that the statements made in the Assignment were true and correct.

14. On February 1, 2011, Mira Smoot purportedly executed an assignment of deed to GMAC Mortgage, LLC, from HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, which assigned, for value, the beneficial interest in the deed of trust. Mira Smoot

signed her name as an Authorized Officer of HSBC Bank USA, National Association as Trustee for DALT 2007-OA5.

15. The 2011 Assignment of Deed was recorded on February 9, 2011. CA Docket Number 2011-016800.

16. On July 01, 2011, GMAC Mortgage, LLC, recorded a Recession of Notice of Default in order to comply with the Department of Justice Consent Order, which was part of their settlement to fix GMAC's flawed process of foreclosures against homeowners.

17. On March 05, 2015, The Rescap Borrower Trust and Rescap Liquidating Trust (OBJECTOR) filed an objection to my filed Proof of Claims 416 and 417. In their objection, Objector attached a declaration from Kathy Priore, and attached as an exhibit, the 2013 Limited Power of Attorney. That Limited Power of Attorney was executed by Fernando Acebedo on June 11, 2013, and was witnessed by Nancy Luong and Esmeralda Marchante. The document purports that HSBC, the principal, granted the agent, GMAC, to do administrative duties outlined under the Limited Power of Attorney. It was acknowledged and notarized by certain Audrey H. Zabriskie on June 11, 2013. Ms. Zabriskie had a notary number of "01ZA6158890". Ms. Zabriskie's notary license expired on January 16, 2011.

18. In 2013, I received from Ocwen Loan Servicing, LLC, a Mortgage Interest Payment Statement substitute form 1098, where Ocwen reported to the Internal Revenue Service that the principal balance on the loan of $2,056,816.94 had been paid off. The loan number that was disclosed in the Mortgage Interest Payment Statement Substitute form 1098 was "0713288492."

19. On January 11, 2016, I took the deposition of Kathy Priore at Minneapolis, Minnesota.

20. I believe that, without my consent and authority, my original loan number in all of my origination documents was altered and changed by GMAC Mortgage, LLC. There are at least two loan numbers associated on my mortgage loan.

21. GMAC altered the original loan number, designating a new loan number on my note and deed of trust. The loan number that was reported on my credit report, dated September 26, 2008, was loan number "0713288492."

22. The other loan number of "0115634254" was reported to the Deutsche Alt-A Securities, Inc. Mortgage Pass-Through Certificates Series 2007-OA5 in the Remittance Reports prepared by Wells Fargo Bank, N.A. Securities Administration Services in Frederick, Maryland. See www.ctslink.com.

23. During my discovery and research, on October 27, 2008, the Well Fargo Remittance Reports reported that the loan number of my loan was "0115634254". I discovered that my collateral files were sold to Wells Fargo Bank, and my loan was given a new life and a new loan number. This was done only after I stopped making mortgage payments in reliance to the representations of the GMAC customer service representative. I believed my Note has this loan number.

24. On October 27, 2008, it was reported on the remittance report, that the loan was entered into Foreclosure (FC), even while I was still attempting to modify my loan through my attorney. Thus, I believe that the loan was reported to the trust after it went into the foreclosure process, and not on July 01, 2007, as claimed by the Objector.

25. GMAC tricked me into defaulting into my loan because that is the only way the loan can be reported to the Trust. There was an agreement between Deutsche Bank AG New York and Wells Fargo Bank. They entered into a Swap Transaction with HSBC Bank USA, National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for

Direct Testimony of Erlinda Abibas Aniel    6

Deutsche Alt-A Securities Mortgage loan Trust, Series 2007-OA5. The Swap Transaction Confirmation, dated July 31, 2007, was signed by Fernando Acebedo on behalf of HSBC, not in its individual capacity, but solely as Supplemental Interest Trust Trustee. Maria Valdez and Constantino Palermo signed on behalf of Deutsche Bank AG, New York (RMBS Derivatives Desk).

26. Under the Swap Transaction confirmation agreement, the Collateral File on my case, which was my Note, would be used to hedge the Rate Swap between Deutsche Bank AG (Party "A") and HSBC Bank USA National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 (Party "B").

27. GMAC, without my knowledge, used my personal information like my property address, my social security number, and my other information, and entered into a Rate Swap Transaction with Deutsche Bank, Wells Fargo Bank, and HSBC Bank USA National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5. As a result, GMAC stood to gain substantial profits in defaulted loans by earning servicing fees, prepayment fees, and interest fees. This was their motivation to foreclose the subject property without proper authority. GMAC used fabricated, manufactured, and fraudulent documents, fraudulent notaries in order to profit on the foreclosure on the property. GMAC's action went unmonitored, and GMAC faced little risk because they profited on NIMS insurance payments when the default was triggered.

28. The Pooling And Servicing Agreement, dated July 1, 2007, was entered into between Ace Securities Corp., as Depositor, Wells Fargo Bank, N.A., as Master Servicer and Securities Administration, Clayton Fixed Income Services Inc., as Credit Risk Manager, and HSBC Bank USA, National Association as Trustee on Pooling and Servicing Agreement Mortgage Pass-through Certificates 2007-OA5.

29. Under the Pooling and Servicing Agreement (PSA), the owners of the loans were Ace Securities Corp., the depositor. The owner of the Trust Fund was Joseph P. Kennedy. Article IX TERMINATION. Pg. 131 of pg.149.

30. Under the PSA, the two loan servicers were Bank of America and GMAC Mortgage, LLC. Wells Fargo Bank is the Master Servicer.

31. Under the terms of the Pooling Servicing Agreement, the loan was supposed to be transferred into the Trust on or before July 1, 2007. That transaction never occurred. Instead, it was only until Debtor decided to attempt to foreclose the subject property did they begin the process to create documents to make it appear as if the loan had been transferred to the securitized trust on or around July 1, 2007.

32. On September 14, 2009, GMAC, acting as a servicing agent for Creditor HSBC USA Bank, as Trustees for DALT 2007-OA5 filed a Proof of Claim in my bankruptcy case. Northern District of California, Case no. 09-30452-DM. GMAC attached a copy of the Flex Pay Fixed/Adjustable Rate Note without any endorsement on the note showing that HSBC was the creditor of the loan. I objected to the California Bankruptcy Court, arguing that there was no endorsement of the note.

33. On March 3, 2010, GMAC filed another Proof of Claim. This time, they attached the Flex PayFixed/Adjustable Rate Note with a stamped endorsement on the last page of the note endorsed by MortgageIT without recourse and no other subsequent endorsement in behalf of HSBC as Trustee for DALT 2007-OA-5

34. On July 31, 2007, an agreement, titled Assignment, Assumption and Recognition Agreement, was entered between DB Structured Products, Inc. ("Assignor"), Ace Securities Corporation ("Assignee"), GMAC Mortgage, LLC ("Company") or the ("Servicer") and by Wells Fargo Bank N.A. as master servicer ("Master Servicer").

35. After my review of my loan history report, a document provided by the Objector, the investor name of loan number "0115634254" was Wells Fargo Bank. The loan history report stated that the account number of "0713288492" was GMAC's assigned number it would use to foreclose the subject property. GMAC used that new number to manufacture, fabricate, and forged fraudulent documents misrepresenting not only to myself, but also the San Mateo County Recorders' office in California, the U.S. Bankruptcy Court, and U.S. District Court.

36. Under the loan history report, GMAC noted that on July 27, 2009, they were "...currently waiting for the assignment to be signed and notarized. Once that has been completed, we will continue to process." See pg. 235.

37. Under the loan history report, GMAC also made the following reports/notes:

(a) August 5, 2009: we are unable to proceed with the requested proof of claim without a copy of this assignment, please advise if you would like our office to create the assignment of this loan for signature and recordation at a cost of $100.00.

(b) Issue Comment: our office is in need of the assignment transferring this loan from Mortgage Electronic Registration Systems, Inc. solely as nominee for MortgageIT, Inc. to HSBC Bank USA National Association as Trustee for DALT 2007-OA5. Please have a copy of this assignment upload. Our office is able to create.

(c) August 5, 2009: This is a MERS originated loan there will not be any paper assignment available. Please prepare and submit a signature required if you do not have an assignment transferring this loan. See pg. 233.

(d) August 5, 2009: Please advise as whom the legal action for this loan will be in the name of. See pg. 232

(e) August 24, 2009: Execution completed 8/24/2009. See pg. 231

(f) August 25, 2009: Executed/Notarized and sent to attorney completed on 8/25/2009. See pg. 231

(g) August 31, 2009: MERS coding has been removed from MS. See pg. 231

(h) August 31, 2009: Assigned out of MERS per bankruptcy process. Transferred to Non-MERS on MERS online. See pg. 230.

(I) September 9, 2009: BK issue comments: please approve the fee of $100.00 for the preparation and recordation of the assignment. See pg. 230

(j) September 14, 2009: fee request has been uploaded for approval, please review. See pg. 230

(k) On September 9, 2009: $100.00 fee approved for the preparation and recordation of the assignment. See pg. 230.

38. The Loan History Report, dated January 13, 2011, made the following notes:

a. Regarding the POA, please be advised that the beneficiary is GMAC Mortgage, LLC and the sub shows GMAC Mortgage, LLC FKA GMAC Mortgage Corporation, GMAC personnel have authorization to sign and do not need verbiage

b. good morning, I'm sorry, I was referring to the assignment. Currently it says HSBC Bank USA, National Association as Trustee for DALT 2007-2007-OA5 am authorized on behalf of GMAC so it should read as follows: HSBC Bank National Association as Trustee for DALT 2007-OA5 by; GMAC AS ATTORNEY IN FACT. Thank you Ma

c. Cager Bradley - (cont) ATTORNEY IN FACT FOR as it is the same company...thank you from Cager Bradley. This conversation were between Maricela Solano and Cager Bradley and can be found on pages 148, 149, and 150.

Direct Testimony of Erlinda Abibas Aniel                                                                 10

39. The Loan History Report clearly shows that GMAC created and requested documents to be made for the specific purpose to falsely claim interest in the subject property in order to foreclose my property located at 75 Tobin Clark Dr. Hillsborough, CA 94010.

40. In the Loan History Report, there was no mention of the Power of Attorney from HSBC as the Trustee for the Trust. In fact, Cager Bradley interpreted an ATTORNEY IN FACT as the same company in regards to GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION.

41. The Lender for my Deed of Trust was MorgageIT.

42. ETS claimed to be the substituted Trustee for my Deed of Trust, but was actually a debt collector with the sole purpose of collecting a defaulted debt through foreclosure. They are commonly known as a Foreclosure Trustee.

43. HSBC Bank USA, National Association, not in its individual capacity, but solely as Supplemental Interest Trust Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 is a bank account for certificate class holders SX1 and SX2. The certificate represents an undivided beneficial interest in both class of certificate in Excess of Servicing fee to Deutsche ALT-A Security Series 2007-OA5.

44. GMAC is the servicer of this so called Trust on which any collection from paid off loans, charged off loans, prepayment fees, defaulted loans, foreclosure loans, bankruptcies, REO properties, and payments from NIMS issuer. GMAC would pay off the senior tranches with any remaining excess fee to be distributed to the Deutsche ALT-A Security Series 2007-OA5 account. HSBC would be the Trustee for such Derivatives Account.

45. Deutsche Alt-A Securities Inc. is a Grantor Trust for Mtg. P/T Certificates Series 2007-OA5 for Widely Held Mortgage Trust (WHMT) Safe Harbor method for Widely Held Fixed Investment Trust (WHFIT).

46. Because my loan was in default (as GMAC targeted me by promising me a modification after 90 days of late payment), my loan was entered into foreclosure on October 2008, for Deutsche Alt-A Securities Inc., Mortgage Pass-Through Certificates Series 2007-OA5. The Remittance Report, prepared by Wells Fargo Bank, reported any delinquency the trust suffered to trigger the default so GMAC could continue to receive servicing fees every month. GMAC benefited financially from defaulted mortgages while still continuing to foreclose the subject property through the use of falsified, manufactured, and fabricated documents. These actions caused my property to have a defective title.

47. The title of the property is currently corrupted, and the marketability to sell is virtually impossible to achieve. I suffered the lost opportunity to sell the property during the past seven years. I also suffered the loss of equity. My health has diminished because GMAC's actions have caused so much stress on me. My marriage failed as my husband to retired early because the stress of the foreclosure. My depression is so severe that I cannot fully function on a daily basis because of Debtors' attempt to steal my home.

48. The 2009 Assignment of Deed lacked any money consideration between Mortgage Electronic Registration Systems, Inc. solely as nominee for MortgageIT and HSBC Bank USA, National Association as Trustee for DALT 2007-OA5.

49. The 2011 Assignment of Deed lacked any money consideration between HSBC Bank USA, National Association, as Trustee for DALT 2007-OA5 and GMAC Mortgage, LLC FKA GMAC Mortgage Corporation.

50. Therefore, the recorded 2008 and 2012 substitution of trustee, the recorded 2009 and 2011 assignment of deed, and the 2008 and 2013 Power of Attorney from HSBC should be declared null and void based on the evidence I reviewed and my personal knowledge of my case.

51. I reserve the right to modify, amend or add factual statements as necessary to further establish the validity of my Proofs of Claim either by Supplemental Declarations or live testimony, subject to cross-examination.

Dated at San Mateo, California this 7th day of March, 2016.

_____
Erlinda Abibas Aniel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was e-mailed on March 07, 2016 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, New York 10004-1408

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett
Email: JArett@mofo.com; jwishnew@mofo.com

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

_____
Erlinda Abibas Aniel, Claimant in Pro Per