# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | |
| RESIDENTIAL CAPITAL, LLC, et al.. | Case No. 12-12020-MG |
| Debtors. | |
| | Chapter 11 |
| THE RESCAP BORROWER CLAIMS TRUST, | Jointly Administered |
| Objector/Debtor, | |
| | Trial Date: March 24, 2016 |
| | Time: 9:00 a.m. |
| | Courtroom: 5 |
| versus - | |
| Erlinda Abibas Aniel | |
| Claimant/Creditor | |

## PRELIMINARY PRE-TRIAL MEMORANDUM

RECEIVED

MAR - 9 2016

U.S. BANKRUPTCY COURT, SDNY

**TO THE HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE:**

In accordance with the Joint Pretrial Order [Docket No. 9678] entered by the Court on February 25, 2016, Claimant, Erlinda Abibas Aniel, hereby submits this pretrial memorandum (this "**Memorandum**") in opposition of the ResCap Borrower Claims Trust's Objection to Proof of Claim No. 416 & 417 Filed by Erlinda Abibas Aniel (the "**Objection**").

### Statement of the Case

On August 20, 2012, Claimant filed Proof of Claim Nos. 416 and 417 against GMAC and ETS respectively. The amounts were un-liquidated claims. The claims were based on Claimant attempts to recover damages from the attempted wrongful foreclosure, violation of 15 U.S.C. § 1692, et seq., violation of 12 U.S.C. § 2605, fraudulent concealment, violation of California Rosenthal Act, and violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et. Seq.). Claimant also sought quiet title, declaratory relief, and to set aside and cancel trustee's sale.

On March 05, 2015, The Rescap Borrower Trust and Rescap Liquidating Trust (OBJECTOR) filed an objection to Claimant's Proof of Claims 416 and 417.

The Bankruptcy Court issued an order [Docket No. 8820], overruling the objection without prejudice as to one issue: whether Mira Smoot had authority as an authorized officer of HSBC Bank to execute the 2011 Assignment of the Deed of Trust.

Claimant will prove that Mira Smoot did not have authority to execute the authority to execute the 2011 Assignment of the Deed of Trust. Specifically, Claimant will prove the following:

 a. Mira Smoot, who was merely an employee of GMAC, was never an Authorized Officer of HSBC with any authority to sign any document as an Officer of HSBC. Smoot signed the document purporting to be an authorized officer of HSBC, and not as an authorized officer of GMAC.

 b. Mira Smoot had no personal knowledge of any of the contents of the document that she contends she personally signed.

 c. The 2011 Assignment of Deed is null and void because it was created by certain individuals named "Ma" and "Cage Bradley."

PRELIMINARY PRE-TRIAL MEMORANDUM

1

    d.    That the 2008 Power of Attorney is not an authentic document that GMAC relied on to create the Assignment of the Deed.

    e.    That Limited Power of Attorney of 2008 does not prove that GMAC had any legal authority to execute an Assignment because the HSBC Trust had no beneficial interest on claimant deed of trust until it purported to record an Assignment of Deed on September 21, 2009, more than a year after the 2008 Power of Attorney.

    f.    The 2008 Limited Power of Attorney Exhibits attached to the POA has been updated as of October 05, 2006, which was a year prior to the creation of the DALT-2007-OA5.

    g.    The acknowledgment in the 2008 POA did not include a statement that the two witnesses to the document personally appeared before the Notary Public.

## Summary of Facts

Erlinda Abibas Aniel, ("Claimant") obtained a loan from Mortgage IT, Inc. ("Mortgage IT") pursuant to the terms of a note dated June 4, 2007. The Note was secured by a deed of trust signed by Erlinda Aniel and non-claimants and non- borrowers Fermin Solis Aniel, and Marc Jason Aniel (the "Deed of Trust" recorded on June 8, 2007 at the San Mateo County Recorder's Office in the State of California docket no. 2007-088561 without the Note, the "Mortgage Loan") on property located at 75 Tobin Clark Drive, Hillsborough, CA 94010 ("Property"). Debtor GMAC Mortgage, LLC ("GMAC") serviced the Mortgage Loan from the origination until servicing was transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013. The original number on claimant's promissory note Flex Pay Fixed/Adjustable Rate Loan number "40761137." The note was signed on June 4, 2007. The MERS number on the Note was "100112065738048632."

The Deed of Trust was recorded on June 8, 2007, at San Mateo Recorders Office. The recorded docket number was 2007-088561. The Deed's original loan number was "40761137". The Deed's MERS number was "100112065738048632". The Deed of Trust was executed on June 4, 2007, by the claimant, Erlinda Abibas Aniel, and Fermin Aniel and Marc Jason Aniel, who were both non-borrowers. Claimant alleges that, without her consent and authority, her original loan number in all of her origination documents was altered and changed by GMAC Mortgage, LLC. There are at least two loan numbers associated on her mortgage loan.

On or around August of 2008, Claimant asked for loan modification. The customer service representative said that she would not be qualified because she had no hardship. The customer service representative told her to default for 90 days in order to be approved for modification. Claimant hired an attorney to represent her request for a loan modification on or around September 2008, after she stopped making payments for 90 days. She was denied a loan modification for the reason that her income was not enough. It was at that time, GMAC attempted to wrongfully foreclose the property.

On September 29, 2008, ETS recorded a Substitution of Trustee (SOT). The SOT named MERS as beneficiary, but it did not name MortgageIT as Lender.

On August 24, 2009, a certain Janine Yamoah, a purported assistant secretary of MERS, executed an assignment of deed to HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, assigning, for value, all beneficial interest under that certain Deed of Trust, dated June 4, 2007, executed by Fermin Aniel and Erlinda Aniel, as husband and wife, and Marc Jason Aniel, a single man, as all joint tenants to Fidelity National Title Company as Trustee, for Mortgage Electronic Registration Systems, Inc., solely as nominee for MortgageIT, Inc., as beneficiary and recorded instrument No. 2007-008561, on June 8, 2007. This document was actually created by GMAC employees for a fee of just $100. It was notarized under the State of Pennsylvania, County of Montgomery, but was certified under penalty of perjury, under the laws of the State of California, that the statements made in the Assignment were true and correct. The Assignment of Deed was recorded on September 21, 2009 with CA docket no. 2009-125757.

On February 1, 2011, Mira Smoot purportedly executed an assignment of deed to GMAC Mortgage, LLC, from HSBC Bank USA, National Association as Trustee for DALT 2007-OA5, which assigned, for value, the beneficial interest in the deed of trust. Mira Smoot signed her name as an Authorized Officer of HSBC Bank USA, National Association as Trustee for DALT 2007-OA5. The 2011 Assignment of Deed was recorded on February 9, 2011. CA Docket Number 2011-016800. This document was actually created by GMAC employees for a fee of just $100. This was all done to show a paper trial of the loan to make it appear GMAC had beneficial interest in the Deed of Trust.

On August 28, 2008, HSBC executed a Limited Power of Attorney. The Power of Attorney was executed prior to HSBC's recorded Assignment of the Deed, which purported an

PRELIMINARY PRE-TRIAL MEMORANDUM

3

assignment of beneficial interest in the Deed from MERS, as nominee for MortgageIT, to HSBC. The document was executed by a certain Susie Moy, as Vice President of HSBC Bank USA, National Association as Trustee. Susie Moy's execution of the document was witnessed by Nancy Luong and Doris Wong. The document was notarized by certain Nina Nassar on August 28, 2008. Attached to the 2008 Limited Power of Attorney was a list of serviced Trusts. The list of trusts was updated as of October 5, 2006, and listed HSBC Bank USA, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007- OA5 as a serviced trust. The 2008 Limited Power of Attorney was not recorded in recorders office in New York County, State of New York, in order to effectuate the Limited Power of Attorney given to GMAC, as an agent of the principal, HSBC.

Under the terms of the Pooling Servicing Agreement, the loan was supposed to be transferred into the Trust on or before July 1, 2007. That transaction never occurred. Instead, it was only until Debtor decided to attempt to foreclose the subject property did they begin the process to create documents to make it appear as if the loan had been transferred to the securitized trust on or around July 1, 2007.

Debtor, in an attempt to unlawfully collect a debt, began to fabricate documents in order to show a paper trail that they have a real interest in the property. This was done in order to foreclose the property.

### Issues before the Court

a.  Whether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC.

b.  Whether GMAC and ETS had sufficient authority to commence the foreclosure action against the Property when it caused the Notice of Default to be recorded on April 27, 2012.

c.  The extent of actual damages, if any, proximately caused to the Claimants by GMAC's and ETS' alleged wrongful foreclosure of the Property in April 2012 under the theories of wrongful foreclosure, fraud, and unlawful competition law.

d.  The Court to declare whether the Assignment of the Deed of Trust is void.

### Application of the Facts to the Law

PRELIMINARY PRE-TRIAL MEMORANDUM

4

*Wrongful Foreclosure*

Only the true owner or beneficial holder of a Deed of Trust can bring to completion a nonjudicial foreclosure under California law. (Barrionuevo v. Chase Bank, N.A. (N.D.Cal. 2012) 885 F.Supp.2d 964, 972; see Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal.App.4th 1366, 1378 [bank and reconveyance company failed to establish they were current beneficiary and trustee, respectively, and therefore failed to show they —had authority to conduct the foreclosure sale‖]; cf. U.S. Bank Nat. Assn. v. Ibanez (Mass. 2011) 941 N.E.2d 40, 51 [under Mass. law, only the original mortgagee or its assignee may conduct nonjudicial foreclosure sale].). Describing the copious litigation arising out of the recent foreclosure crisis, a pair of commentators explained: —While plenty of uncertainty existed, one concept clearly emerged from litigation during the 2008-2012 period: in order to foreclose a mortgage by judicial action, one had to have the right to enforce the debt that the mortgage secured. It is hard to imagine how this notion could be controversial. (Whitman & Milner, Foreclosing on Nothing: The Curious Problem of the Deed of Trust Foreclosure Without Entitlement to Enforce the Note (2013) 66 Ark. L.Rev. 21, 23, fn. omitted.)

Claimant's Claims should proceed because GMAC is not the true owner of beneficial holder of the Deed of Trust and could not proceed with the foreclosure in 2012 based on its 2011 Assignment of the Deed of Trust. GMAC already admits it is not the beneficial holder of the Deed of Trust and that HSBC as Trustee for DALT-2007-OA5 is the holder of the subject loan. GMAC employee, Mira Smoot, was never an Authorized Officer of HSBC when she purportedly executed an Assignment of the Deed as an "Authorized Officer of HSBC".

The Trust argues instead that a Limited Power of Attorney executed by Susie Moy of HSBC in 2008 granted GMAC authority to execute an Assignment of the Deed that named GMAC as the beneficiary. However, that Limited Power of Attorney was executed in 2008, before MERS, as nominee for MortgageIT, executed and recorded an Assignment of the Deed assigning beneficial interest in the Deed of Trust to HSBC. Even in its attached list of serviced trusts, which purportedly includes the HSBC trust, the list was updated as of October 5, 2006, which was almost a year prior to the creation of the DALT-2007-OA5 Trust.

Under the terms of the Pooling Servicing Agreement, the loan was supposed to be transferred into the Trust on or before July 1, 2007. That transaction never occurred. Instead, it

was only until Debtor decided to attempt to foreclose the subject property did they begin the process to create documents to make it appear as if the loan had been transferred to the securitized trust on or around July 1, 2007.

The contents of the Limited Power of Attorney contradict the Trust's allegations and the PSA. Even assuming GMAC had authority under the 2008 Limited Power of Attorney, Mira Smooth's execution of that Assignment was in violation of the Limited Power of Attorney. Mira Smoot is not an Authorized Officer of HSBC, but rather is an employee of GMAC. However, she executed the Assignment as an Authorized Officer of HSBC. Had the 2008 Limited Power of Attorney been followed legally, Mira Smoot should have executed the Assignment as "GMAC, as Attorney in Fact for HSBC as Trustee for DALT-2007-OA5". Instead, the Assignment misled Claimant into believing GMAC was actually the beneficiary with authority to foreclose the property. That was never true.

As a result, the recorded assignments, defaults, and substitutions of trustee created a cloud on the subject property's title, which makes it nearly impossible for Claimant to sell her property. Claimant continues to live in her home and uncertain as to when if ever she would be forced to move out. This has caused her intense stress and health concerns as a senior citizen.

Therefore, because GMAC was never actually the beneficiary of the Deed of Trust and Mira Smoot lacked authority to execute an Assignment of the Deed assigning beneficial interest to GMAC, GMAC and ETS attempted to wrongfully foreclose the subject property.

### *Fraudulent Concealment*

Under fraudulent concealment, the plaintiff must allege that: (1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have "actual or constructive knowledge of the facts giving rise to its claim"; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim. *Hexcel*, 681 F.3d at 1060; *see also Conmar*, 858 F.2d at 502; *Beneficial Standard Life Insurance Co. v. Madariaga*, 851 F.2d 271, 276 (9th Cir. 1988).

As stated above, the facts will show Mira Smoot did not have authority to execute an Assignment of the Deed as an Authorized Officer of HSBC. GMAC and ETS took steps to mislead the Claimant when they purported to the Claimant that GMAC was the beneficiary of the Deed of Trust. This was done through the Assignment of the Deed, the Proof of Claim it

PRELIMINARY PRE-TRIAL MEMORANDUM

6

filed in Claimant's bankruptcy court, and the 2008 Limited Power of Attorney. GMAC and ETS claims that the documents speak for itself and that they had interest in the Deed and had authority to foreclose the property. However, each and every document GMAC and ETS relies on contains many false statements that prove to hold no legal effect to their claim of interest in the Claimant's subject property.

Claimant could not know about the GMAC acting as an attorney in fact for HSBC or that HSBC was claiming to still have interest in the loan despite "assigning the beneficial interest" to GMAC. Claimant filed numerous Qualified Written Requests in hopes to identify the true beneficiary of the subject loan. However, GMAC and ETS continued to mislead the Claimant with contradictory statements of ownership and the chain of title of the Claimant's loan. Therefore, Claimant will prove that GMAC and ETS acted in a fraudulent concealment of their lack any legal ownership interest in the subject loan.

***Unfair Competition Law***

The UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice . . . ." CAL. BUS. & PROF. CODE § 17200. A claim based on a violation of the UCL may be brought under any of the above prongs. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability." (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009))). A claim brought under the UCL may also be based on the violation of another law. *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 714 (9th Cir. 2005) ("Under the statute, '[u]nfair competition encompasses anything that can properly be called a business practice which at the same time is forbidden by law.'" (quoting *Wilkinson v. Times Mirror Corp.*, 264 Cal. Rptr. 194, 206 (Ct. App. 1989))). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999)).

As stated above, the facts will show Mira Smoot did not have authority to execute an Assignment of the Deed as an Authorized Officer of HSBC. This a common practice made by loan servicers during the time of the foreclosure crisis. Often times, loan servicers foreclose

properties without any legal right to do so based on its own created documents in order to satisfy California law. GMAC and ETS acted in this unlawful and unfair practice. GMAC paid as little as $100 in order to create a document which shows beneficial interest with GMAC in order to proceed with the foreclosure of the property. It was GMAC who drafted and fabricated information like Mira Smoot as an Authorized Officer of HSBC in order to foreclose the property. When in fact, GMAC has no beneficial interest in the loan. GMAC's and ETS' practices actually created more contradictions and questions as to the true owner of the loan. As previously stated, the loan should have already been transferred to the DALT-2007-OA5 trust prior to the cut off date of July 31, 2007. However, there is no evidence to suggest that transfer ever occurred. The only evidence that the loan was part of the HSBC as Trustee for DALT-2007-OA5 trust an Assignment of the Deed executed and recorded in 2009. That 2009 Assignment contradicts the 2008 Limited Power of Attorney because HSBC could not have granted rights to GMAC in 2008 when it only received beneficial interest in the Deed of Trust in 2009.

Therefore, GMAC and ETS continued practices of creating and fabricated documents have resulted in millions of home being foreclosed, and resulted in millions of homeowners losing their homes to loan servicers without due process or any fighting chance to challenge their standing. As a result, GMAC gained substantial profits in defaulted loans by earning servicing fees, prepayment fees, and interest fees. This was their motivation to foreclose the subject property without proper authority. GMAC used fabricated, manufactured, and fraudulent documents, fraudulent notaries in order to profit on the foreclosure on the property. GMAC's action went unmonitored, and GMAC faced little risk because they profited on NIMS insurance payments when the default was triggered.

*Declaratory Relief*

Section 2201(a) of Title 28 of the United States Code states, "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filling of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

PRELIMINARY PRE-TRIAL MEMORANDUM

8

There is a case of actual controversy in determine whether Mira Smoot had authority to execute the Assignment of Deed as an Authorized Officer of HSBC. Thus, the Court has jurisdiction to declare the 2011 Assignment of the Deed VOID because Mira Smoot lacked authority to execute such a document. Claimant seeks that the Court declare the Assignment of the Deed VOID because Mira Smoot is not an Authorized Officer of HSBC as the document purports her to be.

Claimant will suffer prejudice if the Court does not declare the Assignment VOID because it will continue to create a cloud of title resulting in her property being unmarketable for sale, transfer, or refinance. Furthermore, the conduct of GMAC and ETS, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people. Claimant is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter other from engaging in similar conduct.

## Conclusion

GMAC and ETS has profited from the engineered default and foreclosure. GMAC and ETS made profits in the form of servicing fees for engineering the Claimant's default. Mira Smoot did not have authority to execute an Assignment of the Deed of Trust as an Authorized Officer of HSBC.

Respectfully Submitted,

*/s/ Erlinda Abibas Aniel*

Erlinda Abibas Aniel

Claimant in Pro Per

PRELIMINARY PRE-TRIAL MEMORANDUM

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was e-mailed on March 07, 2016 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, New York 10004-1408

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett
Email: JArett@mofo.com; jwishnew@mofo.com

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

_____
Erlinda Abibas Aniel, Claimant in Pro Per

10