**HEARING DATE MARCH 22, 2016**

Claim No. 3484
Lynn C. Greene and James J. Cassidy (married couple), *pro se*
6526 Wauconda Dr.
Larkspur, CO 80118

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) ) ) | Case No. 12-12020 (MG) |
| | ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) ) | |
| Debtors. | ) ) | Jointly Administered |

---

**OBJECTION TO DISALLOWANCE OF CLAIM, AND REQUEST FOR ALLOWANCE**

1. The undersigned Claimants, No. 3484, hereby certify that they attempted in good faith to use the Pacer system to file this Objection to Disallowance of their Claim on February 8, 2016, but were apparently unsuccessful, and thank the Court and Morrison & Foerster, LLP for allowing this Objection to be heard on March 22, 2016.

2. Homeowners Lynn C. Greene and James J. Cassidy, a married couple residing at 6526 Wauconda Dr., Larkspur, Colorado 80118 ("Homeowners") hereby file this response in support of their Claim No. 3484 in the amount of $28,800.00, disallowed January 7, 2016, apparently on the grounds that GMAC's agent, Clarion Mortgage Capital Inc. made the error that caused the damages to Homeowners, not GMAC Bank.

RECEIVED
MAR -1 2016
U.S. BANKRUPTCY COURT, SDNY

3. By this pleading, Homeowners object to the disallowance, and refer the Court back to our Proof of Claim documentation, with a request to attention to the following:

- Clarion did not act in error, nor hide the lien. The Special Improvements Lien was not designed to be repaid through property tax assessment, and was in fact not paid in that manner by Homeowners.

- GMAC did in fact initiate an escrow arrangement that would have funded the remaining repayment of the Lien over about one year, instead of the ten-year amortization of the lien, to the detriment of Homeowners, causing them a loss that has not been recovered.

- The monies collected in error by GMAC were not in fact paid to the County, to the continuing detriment of Homeowners.

- Many, many attempts to fix the problem failed because of the absolute lack of customer service, or even access to GMAC. It seemed GMAC was actually trying to cause mortgage default. Even when we were finally able to talk to the escrow department, it too said it could not contact decision makers, and was having operational difficulty within GMAC.

- Acting upon GMAC escrow department advice, we borrowed the money to pay off our lien, which was in perfectly good standing, at a 400% greater interest rate, and got the Release of Lien to GMAC, which still failed to reduce the mortgage payment, and continued the $1200 per month surcharge.

- GMAC did not pay the monies taken in this surcharge to the County, compounding our loss.
- We have offered reasonable settlement terms to GMAC.

4. We respectfully request that our Claim be allowed, or reduced, but not disallowed.

THEREFORE, Homeowners hereby oppose the disallowance and expungement of their Claim.

Dated February 25, 2016.

Larkspur, Colorado

Respectfully submitted,

Lynn C. Greene

James J. Cassidy

By:

6526 Wauconda Dr.

Larkspur, CO 80118

303 758 9294

Fax:  303 681 3499

lynn@naturenet.biz

I hereby certify that we served the following parties today by US Mail:

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

**Chambers of the Honorable Martin Glenn**
United States Bankruptcy Court for the
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

**Office of the United States Trustee for the
Southern District of New York**
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Attention: Linda A. Riffkin & Brian S. Masumoto

**The ResCap Borrower Claims Trust, Polsinelli PC**
900 Third Avenue, 21st Floor
New York, NY 10022
Attn: Daniel J. Flanigan

**The ResCap Liquidating Trust**
Quest Turnaround Advisors
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

_____
Lynn C. Greene, Claimant