UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



IN RE:    Residential Capital, LLC, et al Debtors
Case No. 12-12020 (MG)

GMAC and RESCAP Claim #6270
Thomas G. Cooper and Catherine D. Cooper
GMAC Loan No. 8002690840
Property Address: 175 South Street, Concord, NH 03301

## EMERGENCY MOTION FOR CHAPTER 11 BANKRUPTY PROTECTIONS

On May 24, 2012, GMAC advised their "Heloc customers" through a form letter signed by Thomas Marano, Chief Executive Officer, Residential Capital, LLC of its filing for restructuring under Chapter 11 with full bankruptcy protections afforded by the United States District Court for the Southern District of New York. (Exhibit 1: GMAC Mortgage Letter). That in accepting the bankruptcy jurisdiction over GMAC, the United States District Court for the Southern District of New York accepted jurisdiction over all parties and subsequent actions which flow from the prejudice and malfeasance of GMAC.

## BACKGROUND

Thousands of mortgagees, including that of the herein debtors/claimants, Thomas G. Cooper and Catherine D. Cooper, (hereinafter the Coopers), were irrevocably damaged by the company's predatory practices; and, while being provided with a mechanism to file claims against the mortgage company with this bankruptcy court, the fiduciary duties delegated to at least the following parties: (1) ResCap Borrower Claims Trust c/o Peter S. Kravitz, Trustee, 29209 Canwood St, Suite 210, Agoura Hills, CA 91301; and (2) Morrison and Forester LLP, 1290 Avenue of the Americas, New York, NY, 10104 (Gary Lee, Lorenzo Marinuzzi), has further damaged the Coopers.

Three TARP transactions were made to GMAC Financial Services (Ally) in the sums of $5 billion, $7.5 billion, and $4.8 billion, yet no relief has been provided to the victims of the housing market collapse. (Exhibit 2: TARP details).

The Coopers filed claim on October 28, 2012 as a second mortgagee of GMAC. (Exhibit 3: Claim).

Thus, the bankruptcy was filed in New York, the trustee is in California, and the herein parties reside in New Hampshire, placing an unfair burden on the parties who have been precluded from performing as an active participant guaranteed due process consistent with the mission of the bankrupty process. In fact, the parties have been specifically ordered in bankruptcy court documents to "not" contact the court, despite the fact that their designated agents have been unable to fairly and timely respond under the crushing magnitude of debtors/claimants.

This matter has now been pending before the court for a period for nearly 4 years, with intermittent copies of pleadings being distributed, the majority of which were cumbersome and unrelated to the actual claim of the parties. It has been virtually impossible to communicate, either telephonically and in writing, with the fiduciary agents appointed by the court in any manner that has generated a response from the Trustee.

Simply put, telephone calls have not been returned, objections, including the Coopers Objection To Debtors Ninetieth Omnibus Objection To Pertaining To Claim #627, have been scheduled for rehearing; and, correspondence is not acknowledged, essentially leaving the parties without any avenue for communication either with the agents or the court regarding their pending claim. In fact, the email boxes provided by these agents were often returned as "<u>mail boxes full</u>."

(Exhibit 4, Exhibit 5: Undeliverable email notices)
(Exhibit 6, Letter, July 14, 2013, Coopers to Residential Capital)
(Exhibit 7, Letter, July 22, 2013, Coopers to Residential Capital)
(Exhibit 8, Letter, January 31, 2015, Coopers to Residential Capital)

Most significantly, on February 6, 2015, a settlement proposal was forwarded to the Coopers, imposing a short-term acceptance window, and to which they responded requesting additional information. (Exhibit 9: ResCap Borrower Claims Trust Letter). To date, the Coopers <u>still</u> have not received a response.

That on February 23, 2016, on the PR Newswire, an order was issued by the court indicating an opportunity to enter into settlement proceedings to be held on May 24, 2016. Again, to date, nothing has been received by the Coopers, nor have attempts to contact the class counsel, Mark A. Strauss, Esq., Thomas W. Elrod, Esq., Kirby McInerney LLP, been successful. (Exhibit 10: PR Newswire, NY, ).

That since GMAC filed bankruptcy, a land dispute has arisen between the parties and their primary abutter, threatening to devalue the property significantly as the dispute involves the primary location of the house on the property, loss of buildings, and privacy. (Merrimack County Superior Court, Case Number: 217-2015-CV-00592).

That since GMAC filed bankruptcy, TD Bank, in October 2015, called in the balloon HELOC, now in excess of $15,000 payment and interest through this writing, exposing the parties to foreclosure. (Exhibit 11: TD Bank Payment Coupon, 11/23/15).

That since GMAC filed bankruptcy, market conditions became a global economic crisis, including the national housing market collapse. The equity of the Coopers home is fully represented in only the first mortgage to NationStar, with little or no equity for GMAC, its successors, or any equity in the HELOC owned by TD Bank. (Exhibit 12: Appraisal, February 26, 2016).

That as of February 27, 2016, an abatement to further reduce the value of the appraisal, to matters which it cannot evaluate under the appraisal standards (eg the land dispute), has been filed in the amount of $230,000. (Exhibit 13, Abatement)

That since GMAC filed bankruptcy, the parties have sustained unforeseeable personal hardships due to catastrophic events involving their two daughters (a traumatic brain injury and a college-related sexual assault) and the ensuing costs, including, but not limited to counseling, legal fees, college expenses, and relocation expenses.

That since GMAC filed bankruptcy, the parties have aged into their 60s, and into a high risk "age" category for lenders which, when combined with the above-stated facts, and the pendency of this matter, has prevented the parties from obtaining any financial relief and/or refinancing assistance, including through the HARP program.

That since GMAC filed bankruptcy, during the pendency of this action, the parties have redirected their marginal assets to sustain the primary mortgage with NationStar and escalating local property taxes during the pendency of this action.

That GMAC is a national company who sought bankruptcy protections from the Southern District of New York, despite the opportunity to so register in any federal court, and the action was commenced, and has been pending, solely with the United States District Court for the Southern District of NY.

That no claim is being made against any company solely registered in the State of New Hampshire who requires a claim of jurisdiction regarding a debt owed by the parties that would be solely governed by the New Hampshire bankrupcty court.

The Coopers state that is their belief that the bankruptcy filing of GMAC in the Southern District of NewYork sponsored a series of destructive mortgage conditions which are wholly uncontrollable by the parties.

That claimants remain prejudiced by GMAC's bankrupty.

That it would be patently unfair, oppressive and redundant to further burden the Coopers into a separate bankruptcy action in New Hampshire and in New York, when New York already has asserted jurisdiction over GMAC for a period of nearly 4 years.

That absent the relief requested below, the claimants are in jeopardy of losing their home where they have resided for over 40 years, and where one of their daughters still resides due to her personal injury and recovery, both physically and financially.

That the Coopers have no reasonable alternatives but to file this **Emergency Motion for Chapter 11 Bankruptcy Protections** with the court.

Therefore, the parties request the following and immediate action by the court:

1. That the parties be allowed to amend their claim against GMAC to include all costs and expenses to satisfy the HELOC loan owned by TD Bank as a result of GMACs conduct in placing the parties in jeopardy.

2. That the court issue an immediate stay in favor of the Coopers under Chapter 11 bankruptcy relief of the GMAC originated loan, and any and all debt collection actions by any debtors, all of whom will be national corporations, and none of whom would require a separate filing solely based on an exclusive claim that could only be filed in New Hampshire.

Submitted by:

Thomas G. Cooper, Pro Se
February 27, 2016

Catherine D. Cooper, Pro Se
February 27, 2016

We certify that a copy has been sent to the following parties of record:

ResCap Borrower Claims Trust c/o Peter S. Kravitz, Trustee
Morrison and Forester LLP, 1290 Avenue of the Americas, New York, NY, 10104
Mark A. Strauss, Esq., Thomas W. Elrod, Esq., Kirby McInerney LLP
TD Bank