**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

March 16, 2016

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

By E-Mail & Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 (MG)

Dear Judge Glenn:

This firm is counsel to the ResCap Borrower Claims Trust (the "Trust").

On February 25, 2016, the Court entered a Joint Pretrial Order [Docket No. 9678] (the "Pretrial Order") setting forth certain agreements between the Trust and Erlinda Abibas Aniel ("Ms. Aniel") with regard to the trial on the objection to Ms. Aniel's proofs of claim, which is presently scheduled for March 24-25, 2016 (the "Trial"). Pursuant to the Pretrial Order, the Trust and Ms. Aniel submit this status report.

The Trust does not believe there are any issues that need to be resolved prior to the Trial. However, Ms. Aniel raised the following issue regarding the original copies of four documents that the Court ordered the Trust to produce.

On March 01, 2016, the Court issued an Order for the production of Original Documents. The Court ordered the production of following Original Documents:

• Assignment of Deed of Trust, dated August 24, 2009

• Assignment of Deed of Trust, dated February 1, 2011

• Limited Power of Attorney, dated August 28, 2008

• Substitution of Trustee, dated September 29, 2008

ny-1226012

**MORRISON | FOERSTER**

Hon. Martin Glenn, USBJ
March 16, 2016
Page Two

**Ms. Aniel's Statement**

I spoke to opposing Counsel, Ms. Arett and Mr. Wishnew, on March 15, 2016, at around 10:30am Pacific Time. They informed me that they have the original document for the 2008 Limited Power of Attorney, and that it would be available the day of the trial. They anticipate the document to be ready for inspection when witnesses Kathy Priore and Mira Smoot appear at the trial.

However, I was informed that they could not produce original documents for the 2009 Assignment of the Deed of Trust, the 2011 Assignment of the Deed of Trust, and the 2008 Substitution of Trustee because the originals are held by the San Mateo County Recorder's Office in Redwood City, California. I personally went to the Recorder's Office on March 15, 2016, at or around 2:50 P.M., and spoke to Margaret Tseng, Manager for San Mateo County Clerk Recorder Office for the State of California. Her phone number is 650-363-4254. She informed me that it is their practice and process to return the original to the person or party who filed the document for recordation. Typically, the address is identified on the recorded document.

Based on the documents, Margaret Tseng determined that the original 2009 Assignment of the Deed was returned to "Pite Duncan, LLP, 4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, Ca 92177-0933;" the original 2011 Assignment of the Deed was returned to "ETS Services, LLC, 2255 North Ontario Street, Suite 400, Burbank, California 91504-3120;" and the 2008 Substitution of Trustee was returned to "ETS Services, LLC, 2255 North Ontario Street, Suite 400, Burbank, California 91504-3120."

Based on my investigation in this matter, I believe that the Counsel for the ResCap Borrower's Trust misled me to believe that the original documents could only be found at the Recorder's Office in San Mateo for inspection. I believe that the originals were returned to the following address mentioned above. I believe that those documents should be within the possession of the ResCap Borrower Trust.

For the documents they can produce, I would like to request some time prior to the start of the trial to examine the documents.

I request the Court to sanction the Counsel for misleading me to believe that I could only inspect the original documents at San Mateo Recorder's Office. They wastes my time to travel and talk to Margaret Tseng, who finally explained that the recorders office never keep the original. The Counsel of Borrower's Trust continues to mislead me in order to benefit their clients for financial gain and in order to expunge my Proof of Claims.

ny-1226012

**MORRISON | FOERSTER**

Hon. Martin Glenn, USBJ
March 16, 2016
Page Three

**Trust's Response**

The Trust notes that it was not its intention to mislead Ms. Aniel, and that it had been informed by the San Mateo County Records Office that if it obtained certified copies of the documents recorded in the Records Office, those would be certified copies of the original documents, and therefore, it was the Trust's understanding that the documents maintained by the Records Office were originals. In its exhibits binder being provided today to Ms. Aniel, the Trust provided Ms. Aniel with color copies of those certified copies. Now that the Trust has a better understanding of the nature of the documents maintained by the Records Office, the Trust is attempting to locate the original documents so that it can present those documents at the Trial.

**Settlement**

Ms. Aniel asserts that counsel for ResCap Borrower Trust has not offered any new settlement offer since discovery has begun. She is willing to listen to a new settlement offer if it is done in good faith unlike the initial offer which I believed was not made in good faith.

The Trust disputes Ms. Aniel's characterization of the facts and would invite Ms. Aniel to provide the Trust with a counteroffer to its earlier settlement ovations.


Respectfully submitted,

/s/ Jordan A. Wishnew                                    /s/ Erlinda Abibas Aniel

Jordan A. Wishnew                                        Erlinda Abibas Aniel

ny-1226012