# Exhibit 3

## Thorsen Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

**DECLARATION OF CHRISTOPHER E. THORSEN IN SUPPORT OF THE RESCAP**
**BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 1094 FILED BY**
**HARRY W. MILLER III., AS COUNSEL FOR MARY MARTIN**

I, Christopher E. Thorsen, hereby declare as follows:

1.    I am over the age of 21 and competent to testify in this matter.  I have personal knowledge of the matters stated herein unless otherwise indicated.

2.    I am an attorney licensed to practice in the State of Tennessee.  I am a partner at the law firm Bradley Arant Boult Cummings LLP, and my office address is 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

3.    I am counsel of record for Homecomings Financial, LLC ("<u>Homecomings</u>") in the matter styled *Mary Collette Martin v. Homecomings Financial, LLC, et al.*, Case No. 08-0439, filed in the Chancery Court for Hamilton County, Tennessee ("<u>Chancery Court Action</u>").

4.    I submit this declaration (the "<u>Declaration</u>") in support of the *ResCap Borrower Claims Trust's Objection To Claim No. 1094 Filed by Harry W. Miller III, as Counsel for Mary Martin* (the "<u>Objection</u>").

5.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of Mary Martin's litigation against Homecomings and the

Firm's role in that litigation, and all statements made in this Declaration are based on my familiarity with the Firm's book and records kept in the course of its regularly conducted business activities. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

6.        In 2008, Ms. Martin filed a complaint against Homecomings, the Bank of New York Trust Company, N.A. as Successor to JP Morgan Chase Bank, N.A., as Trustee, and MERS, Inc.  Ms. Martin filed the Amended Complaint on June 19, 2008, which is attached to the Proof of Claim. Subsequently, on June 24, 2008, Ms. Martin filed her Second Amended and Substituted Complaint ("Second Amended Complaint"), adding I Buy Homes for Cash, Inc. ("IBHC") and Jerry Law as defendants. and, thereafter, served Homecomings with a copy of the Second Amended Complaint.  See Second Amended Complaint, attached hereto as Exhibit A. In the Second Amended Complaint, Ms. Martin sought damages and equitable relief for breach of contract, bad faith, breach of fiduciary duty, outrageous conduct, violation of TCPA, and for constructive trust.  See Second Amended Complaint.

7.        Homecomings and the other defendants filed answers to the Amended Complaint on July 14, 2008.  The parties subsequently engaged in written discovery, including responding to interrogatories and document production requests.  A copy of the response to the interrogatories is attached hereto as Exhibit G.  In response to the document production requests, Ms. Martin provided Homecomings with a number of documents that she received from Homecomings and the foreclosure firm hired by Homecomings, McCurdy & Chandler, L.L.C. ("McCurdy").  The documents received included, among others, the following:

a.    Letter From McCurdy dated April 14, 2008, a copy of which is attached hereto as Exhibit B;'

2

b. Letter from McCurdy, dated April 21, 2008, a copy of which is attached hereto as <u>Exhibit C</u>;

c. Letter from Homecomings, dated May 2, 2008, a copy of which is attached hereto as <u>Exhibit D</u>; and

d. Deed of Sale, a copy of which is attached hereto as <u>Exhibit E</u>.

8.    On March 9, 2012, Homecomings, BONY, and MERS filed a Motion for Summary Judgment and supporting Memorandum in Support of Motion for Summary Judgment and Statement of Undisputed Facts.  <u>See</u> Motion for Summary Judgment, attached hereto as <u>Exhibit F</u>.

9.    On or about May 29, 2012, Homecomings filed its Notice of Bankruptcy and Effect of Automatic Stay in the Chancery Court Action.  Then, on or about August 9, 2012, Homecomings filed its Notice of Bankruptcy Filing and Supplement Servicing Order.  The Chancery Court Action has effectively been stayed since the filing of Homecoming's bankruptcy proceeding.  The Motion for Summary Judgment filed by the defendants identified above remains pending before the Hamilton County Chancery Court and is currently not scheduled for hearing.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 17, 2016

/s/  Christopher E. Thorsen
Christopher E. Thorsen
Bradley Arant Boult Cummings LLP

## Exhibit A

IN THE CHANCERY COURT FOR
HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA

MARY COLLETTE MARTIN,                    )
    Plaintiff,                          )
                                        )
Vs.                                      )    Case No. 08-0439
                                        )    Jury Demand
HOMECOMINGS FINANCIAL, LLC,              )
THE BANK OF NEW YORK TRUST               )
COMPANY, N.A. AS SUCCESSOR TO            )
JPMORGAN CHASE BANK N.A. AS              )
TRUSTEE, MERS, INC., I BUY HOUSES        )
CASH, INC. and JERRY LAW,                )
    Defendants.                         )

## VERFIED SECOND AMENDED AND SUBSTUTED COMPLAINT

COMES NOW the Plaintiff, Mary Collette Martin by and through Counsel, pursuant to

the prayer in the original complaint, as a subsequent purchaser of the Property has been identified

to add said purchaser as a defendant would show unto this Honorable Court as follows:

## I. PARTIES AND JURISDICTION

1.    Mary Collette Martin (Mary Martin) is a citizen and resident of Chattanooga,

Hamilton County, Tennessee.

2.    Homecomings Financial, LLC. (Homecomings) is a foreign corporation doing

business within Hamilton County, Tennessee.

3.    The Bank of New York Trust Company, N.A. (New York Bank) upon information

and belief a Foreign corporation doing business within Hamilton County, Tennessee

and acting as the Trustee of an undisclosed Specialized Purpose Entity. Additionally,

it is reported to be a Successor in interest to JPMorgan Chase Bank N.A.

1

4.    MERS. Inc. (MERS) upon information and belief a Foreign corporation doing
      business within Hamilton County, Tennessee.

5.    I Buy Houses Cash, Inc. (IBHC) upon information and belief a Domestic corporation
      with offices and doing business within Hamilton County, Tennessee.

6.    Jerry Law (Jerry Law) is the president of IBHC and the Plaintiff in a Hamilton County
      Tennessee General Sessions Detainer Summons case No. 08GS7674 as served upon
      Mary Martin.

7.    This Court has jurisdiction over the subject matter of this litigation pursuant to
      Tennessee Code Annotated § 16-11-101 and 102 (a).

8.    This Court has *in personam* jurisdiction over Defendant Homecomings because it is
      doing business in Hamilton County, Tennessee.

9.    This Court has *in personam* jurisdiction over Defendant New York Bank because it is
      doing business and is the holder of real property in Hamilton County, Tennessee.

10.   This Court has *in personam* jurisdiction over Defendant MERS because it is doing
      business in Hamilton County, Tennessee.

11.   This Court has *in personam* jurisdiction over Defendant IBHC because it is located
      and doing business in Hamilton County, Tennessee.

12.   This Court has *in personam* jurisdiction over Defendant Jerry Law because he is
      doing business as the president of IBHC and has brought a lawsuit against Mary
      Martin in his own personal name in Hamilton County, Tennessee.

13.   Venue is proper in this Court pursuant to Tennessee Code Annotated § 20-4-101 and
      16-11-114.

2

## II. FACTS

14.  The property upon which Mary Martin has owned and lived at since March 15, 1998 was foreclosed upon on or about May 22, 2008.  Said property being commonly known as 1021 Englewood Avenue, Chattanooga, Tennessee 37405 (hereinafter referred to as "Property"). (See Exhibit "C")

15.  The Property has many unique and desirable features including, but not limited to (i) It is a large house located on two lots; (ii) it is limited as to neighbors; (iii) it was a family property that she retained; and (iv) she retained substantial equity within said Property. The advantage of the size and the road frontage of this Property is that it could potentially be subdivided into two lots.

16.  In August 1992 Mary Martin married Michael A Martin.

17.  That Mary Martin purchased the home in March of 1998.  Said purchase being recorded in the Register's Office for Hamilton County, Tennessee in Book GI 5251, Page 567, Instrument No. 1998122100371 some time later on December 21, 1998.

18.  On August 30, 2002, Mary Martin and Michael A. Martin entered into a Deed of Trust for the purpose of refinancing the Property.  MERS, on information and belief, through its wholly owned subsidiary Mortgage Registration Systems, Inc. (not registered to do business in Tennessee), is listed as nominee for Lender and beneficiary under the security agreement.  The Deed of Trust was filed on September 13, 2002 in the Register's Office for Hamilton County, Tennessee Book 6367, Page 27, Instrument No. 2002091300090.  The amount of the mortgage note associated with this Deed of Trust was One Hundred Twelve Thousand Dollars ($112,000.00).

3

19. In August 2005 Mary Martin obtained a divorce from Michael A. Martin.

20. Homecomings was an undisclosed agent for New York Bank and/or MERS during the following negotiation and foreclosure.

21. In April 2008 Mary Martin entered into negotiations with Homecomings to enter into a Repayment Agreement ("Agreement").

22. Pursuant to the negotiations Mary Martin caused to be issued a Cashiers Check drawn on First Tennessee Bank in the amount of Two Thousand Seven Hundred Sixty-Six and 96/100 Dollars ($2,766.96) on April 25, 2008. (See Exhibit A) Said check was made payable and sent to Homecoming via overnight delivery and delivered on April 26, 2008.

23. On May 2, 2008 Homecomings issued the Agreement that states, in part, that:

    a) a payment of $2,766.96 was to be paid by 4/28/08;

    b) a payment of $1,383.48 was to be paid by 5/28/08; and

    c) to "Please sign and return this agreement by 04/28/08." (Said date being prior to the document being ever issued by Homecomings) (See Exhibit B)

24. MERS, as declared owner and holder of the note as secured by the Deed of Trust changed the Trustee of the Deed of Trust as set forth in the Appointment of Substitute Trustee as filed on May 13, 2008 in the Register's Office for Hamilton County, Tennessee Book 8664, Page 547, Instrument No. 2008051300063.

25. Mary Martin executed the document on May 18, 2008 and returned the Agreement to Homecomings.

4

26. The Agreement stated that Homecomings was not going to execute the document
until the aforementioned payment has been received.

27. Pursuant to the Agreement Mary Martin caused to be issued a second Cashiers Check
drawn on First Tennessee Bank in the amount of One Thousand Three Hundred
Eighty-three and 48/100 Dollars ($1,383.48) on May 27, 2008. (See Exhibit A) Said
check was made payable and sent to Homecoming via overnight delivery and
delivered on May 27, 2008.

28. Homecoming refused to accept either of the payments that they requested and instead
chose to foreclose.

29. At all times Mary Martin believed and relied upon the fact that she had an agreement
with Homecoming whereby her home would not be foreclosed upon.

30. The Property was foreclosed on May 22, 2008.

31. That a Substitute Trustee's Deed transferring the Property to The Bank of New York
Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee was
filed on June 2, 2008 in the Register's Office for Hamilton County, Tennessee Book
8679, Page 545, Instrument No. 2008060200099.

32. After filing this cause of action Mary Martin caused to be filed *a Lien Lis Pendens*
regarding the Property filed on June 13, 2008 in the Register's Office for Hamilton
County, Tennessee Book 8690, Page 799, Instrument No. 2008061300122.

33. Subsequent to the filing of this lawsuit and the *Lien Lis Pendens*, a Special Warranty
Deed transferring the Property from New York Bank to IBHC filed on June 16, 2008

5

in the Register's Office for Hamilton County, Tennessee Book 8692, Page 744,

Instrument No. 2008061600341.

34.    Jerry Law caused to be issued a Detainer Summons in the General Sessions Court for

Hamilton County, Tennessee, Case No. 08GS7674, for damages, attorney fees and

possession of the Property when in fact Jerry Law has no ownership interest in the

Property; nor does he have a written lease with Mary Martin as set forth in the

General Sessions Detainer Summons; nor does he have a basis in law or contract upon

which he could request attorney fees. (See Exhibit "D")

35.    The General Sessions Detainer hearing is set to be heard on the 30th day of June 2008

at 8:30.

36.    Defendants IBHC and/or Jerry Law has or have caused Mary Martin grief and anguish

as she has been harassed by a man coming to her home after 10:00 pm to ask her to

move out of the Property, all while her children were present.


### III.   FIRST CAUSE OF ACTION - BREACH OF CONTRACT

37.    The allegations contained in paragraphs 1-36 are realleged and incorporated by this

reference as if fully set forth herein.

38.    Defendants Homecomings, New York Bank and MERS have breached the terms and

conditions of the Deed of Trust and the Agreement by:

a) Foreclosing for non-payment of monthly payments when Homecomings created

said default by refusing to accept payments;

b) Failing to notify Mary Martin of any recession of the Agreement;

6

    c) Failing to properly apply the payments issued to Homecomings; and

    d) Exercising a discretionary power in an arbitrary, capricious and knowingly
harmful manner.

### IV.  SECOND CAUSE OF ACTION – BAD FAITH

39.    The allegations contained in paragraphs 1-36 are realleged and incorporated by this

reference as if fully set forth herein.

40.    Defendants Homecomings, New York Bank and MERS have acted in bad faith by:

    a.    Foreclosing on a valuable property due to a default that they manufactured.

    b.    Foreclosing on a valuable property while negotiating with Mary Martin.

### V.  THIRD CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

41.    The allegations contained in paragraphs 1-36 are realleged and incorporated by this

reference as if fully set forth herein.

42.    As a result of the degree of control the Defendants Homecomings, New York Bank

and MERS possessed over Mary Martin, the Defendants Homecomings, New York

Bank and MERS owed a fiduciary duty to Mary Martin.

43.    As a result of the degree of control the Defendants Homecomings, New York Bank

and MERS exercised over the Deed of Trust Trustee, the Defendants Homecomings,

New York Bank and MERS owed a fiduciary duty to Mary Martin.

7

44.    As a result of the Principal/Agent relationship which existed between the Defendants
Homecomings, New York Bank and MERS and the Trustee, the Defendants
Homecomings, New York Bank and MERS owed a fiduciary duty to Mary Martin.

45.    The Defendants Homecomings, New York Bank and MERS violated their fiduciary
duty to Mary Martin by:

    a.    Foreclosing for non-payment of monthly payments when Homecomings created
said default by refusing to accept the negotiated payments.

    b.    Failing to notify Mary Martin of any recession of the Agreement.

    c.    Failing to properly apply the payments issued to Homecomings.

    d.    Exercising a discretionary power in an arbitrary, capricious and knowingly
harmful manner.

## VI.  FOURTH CAUSE OF ACTION – OUTRAGEOUS CONDUCT

46.    The allegations contained in paragraphs 1-36 are realleged and incorporated by this
reference as if fully set forth herein.

47.    By its conduct as described herein, in flagrant disregard for the letter and spirit of the
Loan, Deed of Trust, Agreement and the immediate sale of the property to IBHC, and
in flagrant disregard for its contractual and fiduciary duties to Mary Martin, the
Defendants Homecomings, New York Bank and MERS engaged in conduct for its
own financial benefit that was so outrageous in character and so extreme in degree as
to go beyond all possible bounds of decency.

8

48.   The Defendants Homecomings, New York Bank and MERS acted in total disregard
      for the readily foreseeable injury which would almost certainly befall the Plaintiff as a
      result of the Defendants Homecomings, New York Bank and MERS' wrongful
      actions, i.e., actual and immediate financial losses coupled with pain and suffering in
      the form of anxiety, worry, humiliation, embarrassment, insomnia and headaches
      caused by the Defendants Homecomings, New York Bank and MERS' conduct.

49.   The wrongful and outrageous actions of Defendants as described herein were willful,
      wanton, gross and intentional.

50.   As a direct and proximate result of the wrongful and outrageous actions of Defendants
      Homecomings, New York Bank and MERS as described herein. Mary Martin
      suffered actual and immediate financial losses coupled with pain and suffering in the
      form of anxiety, worry, humiliation, embarrassment, insomnia and headaches caused
      by Defendants Homecomings, New York Bank and MERS' conduct.


VII.   FIFTH CAUSE OF ACTION – TENNESSEE CONSUMER PROTECTION ACT

51.   The allegations contained in paragraphs 1-36 are realleged and incorporated by this
      reference as if fully set forth herein.

52.   Pursuant to T.C.A. § 47-18-104(b)(27), Defendants dealt unfairly with Mary Martin
      by the following acts including, but not limited to:

      a.   Fraud in setting forth an Agreement whereby to forestall the foreclosure while
           continuing to go forth with the foreclosure when Mary Martin was sending the

9

requested payments to the Defendants Homecomings, New York Bank and

MERS; and

b.    Filing or causing to be filed a Detainer Summons where IBHC and Jerry Law

knew that Jerry Law did not own the property; did not have a written lease with

Mary Martin as set forth in the Detainer Summons; nor has a written contract that

would allow attorney fees as requested in the Detainer Summons.

53.    As a result of these violations Mary Martin has incurred actual pecuniary loss in

trying to correct this wrongdoing and has otherwise suffered loss.

54.    Under the Tennessee Consumer Protection Act, a remedial law, it is unlawful to

engage in any other act or practice which is deceptive to the consumer or any other

person.  See T.C.A. § 47-18-104 (b)(27).

55.    Some or all of the Defendants are in violation of T.C.A. § 47-18-104, including, but

not limited to, T.C.A. §§ 47-18-104(b)(27).

56.    The Defendants have also failed to conduct their activities under a standard of good

faith and fair dealing.  Defendants unfairly used the specific facts and disparities in

this case to their advantage and to fit their purposes by negotiating with Mary Martin

and holding her payments on one hand and by foreclosing upon her on the other hand,

thus confusing Mary Martin.


VIII.  SIXTH CAUSE OF ACTION – CONSTRUCTIVE TRUST

57.    The allegations contained in paragraphs 1-36 are realleged and incorporated by this

reference as if fully set forth herein.

10

58.  Because of its equitable obligations New York Bank has no right to transfer the
Property to any other person or entity.

59.  New York Bank transferred the Property to IBHC in an attempt to frustrate Mary
Martin's attempts to void or reform the sale of the Property under the Deed of Trust.

60.  IBHC may attempt to transfer the Property in the future in an attempt to frustrate
Mary Martin's attempts to void or reform the sale of the Property under the Deed of
Trust.

61.  This Court can, and should, create an equitable trust in the Property divesting New
York Bank and/or IBHC of equitable interest in the Property and transferring that
equitable interest to Mary Martin. This Court should then compel the transfer of the
remaining title in the Property to Mary Martin.

62.  In the event IBHC has already transferred the Property, this Court should allow Mary
Martin to amend the Complaint to include the new holder of the title to the Property
as a named party defendant. In such case, this Court can, and should, then compel the
transfer of the remaining title in the Property to Mary Martin.


## XI. DAMAGES

63.  The allegations contained in paragraphs 1-36 are realleged and incorporated by this
reference as if fully set forth herein.

64.  Mary Martin is entitled to damages from the Defendants Homecomings, New York
Bank and MERS for breach of contract in a sum to be determined by this Court.

11

65.  Mary Martin is entitled to damages from the Defendants Homecomings, New York
     Bank and MERS for acting in bad faith in a sum to be determined by this Court.

66.  Mary Martin is entitled to damages from the Defendants Homecomings, New York
     Bank and MERS for breach of its fiduciary duty to her in a sum to be determined by
     this Court.

67.  Mary Martin is entitled to damages from the Defendants for outrageous conduct in a
     sum to be determined by this Court.

68.  Mary Martin is entitled to punitive damages from the Defendants in an amount
     necessary to punish the Defendants for their actions and to deter the Defendants and
     others from repeating such acts in the future.

69.  Mary Martin is entitled to damages as set forth in the Tennessee Consumer Protection
     Act, including any exemplary damages, treble damages and attorney's fees.

70.  Mary Martin will suffer irreparable harm if she is forcibly removed from her property
     in that Mary Martin will continue to suffer physical and mental anguish; her children
     will suffer physical and mental anguish; may affect her custody of her children thus
     causing Mary Martin and her children physical and mental anguish; and Mary Martin
     will loose forever the unique property that can never be replaced.


### X.  PRAYER FOR RELIEF

WHEREFORE AND ALL FOR WHICH having made her Complaint prays for the
following relief from this Court:


12

1.    That process be issued and served and that Defendants be compelled to
      come forth and answer this Complaint;

2.    That a Jury of twelve be impaneled to try this cause;

3.    That Mary Martin obtain a Judgment against the Defendants for direct,
      indirect, consequential and incidental damages from the Defendants for
      breach of contract, acting in bad faith, breach of fiduciary duty, for
      outrageous conduct and for violation of the Tennessee Consumer
      Protection Act to include, but not limited to, treble damages and attorney
      fees;

4.    That Mary Martin obtain a Judgment against the Defendants for punitive damages;

5.    That this Court issue a *Lien Lis Pendens* in this action;

6.    That this Court issue a Temporary Restraining Order, Temporary Injunction and a
      Permanent Injunction restraining Jerry Law from proceeding in the General Sessions
      Detainer Summons and retraining IBHC from transferring said Property, or any
      associated rights or interest, to any other person or entity or filing any Detainer action, or
      any other type of legal action, in any other forum other than as a counter claim to this
      cause of action.

7.    That the sale of the Property be voided or reformed as to have the previous owners,
      including Mary Martin, renamed as the owner of said Property;

8.    That the Court order the consolidation the Hamilton County General Sessions Detainer
      Summons with this previously filed action.

13

9.    That Property be titled to the previous owners, including Mary Martin, as a result of the

Constructive Trust; and

10.    Cost of this action to be charged against the Defendants and any other

general relief that this Honorable Court may deem necessary.


Respectfully submitted this 24th day of June 2008.

Harry W. Miller, III
Law Office of W. Thomas Bible, Jr.
Attorney for Plaintiff
7011 Shallowford Road
Suite 106
Chattanooga, Tennessee 37421
(423) 424-3116


THIS IS THE PLAINTIFFS FIRST REQUEST FOR EXTRAORDINARY RELIEF IN
THE FORM OF A TRO IN THIS CASE.

14

## VERIFICATION OF COMPLAINT

STATE OF TENNESSEE         )
COUNTY OF HAMILTON         )

Before me, the undersigned authority, a notary public in and for State and County, personally appeared Mary C. Martin, who, being duly sworn according to law, deposes and says that she is over the age of twenty-one (21) and under no disability and that the facts set forth in the foregoing Verified Complaint are true upon personal knowledge or, where indicated in the Complaint, upon information and belief.

FURTHER AFFIANT SAITH NOT.

_____
Mary C. Martin

Sworn before me on this the 24th day of ~~April~~ June 2008.

_____
Notary Public

My Notary Expires on ___1/3/2010___

## COST BOND

I hereby acknowledge and bind myself for the payment of all non-discretionary costs that may be adjudged herein against Mary C. Martin, the principal, in the event that the principal does not pay them.

Witness my hand this 24th day of June 2008.

_____
Harry W. Miller, III

15

## CERTIFICATE OF SERVICE

I, Harry W. Miller, III, do hereby certify that a true and exact copy of the foregoing Amended and Subtitled Complaint has been forwarded, via U.S. Post Office, to the following Defendants:

Homecomings Financial, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

The Bank of New York Trust Company, N.A.
700 South Flower Street
Suite 200
Los Angeles, CA 90017

MERS, INC.
c/o C.T. Corporation System
800 S. Gay Street
Suite 2021
Knoxville, Tennessee  37929-9710

On this the 24th day of June 2008.

Harry W. Miller, III

**CASHIER'S CHECK**

FIRST TENNESSEE

Remitter:    Mary C. Martin

Pay to the Order of:    Homecomings Financial

***** 1,383 DOLLARS AND 48 CENTS *****

*************$1,383.48

Corporate Controller

Center #    1202

Date: 05/27/2008
10542210

---

# CASHIER'S CHECK

FIRST TENNESSEE

Remitter:    MARY MARTIN

Date: 04/25/2008    10536921

Pay to the Order of:    HOMECOMING FINANCIAL SERVICES

*************$2,766.96

*****2,766 DOLLARS AND 96 CENTS *****

James F. Keen
Corporate Controller

Center #    1206



**mecomings Financ·**
IAC Company

5/2/2008

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE
CHATTANOOGA TN 37405-2311

Re: Loan Number     ████7927

Property     1021 ENGLEWOOD AV
             CHATTANOOGA TN 37405

Dear MICHAEL A MARTIN and MARY COLLETTE MARTIN:

This Repayment Agreement, ('Agreement'), Made 5/2/2008, (the 'Effective Date'), between MICHAEL A
MARTIN and MARY COLLETTE MARTIN and Homecomings Financial, LLC, ('Lender') and amends and
supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated 08/30/02 and (2)
the promissory note ('Note') bearing the same date as , and secured by, the Security Instrument which covers the
real and personal property described in the Security Instrument.

Borrower acknowledges that Lender is the legal holder and owner of the Note and Security Instrument and further
acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the
'Lender' as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows,
(notwithstanding anything to the contrary in the Note or Security Instrument):

1.  Payments must be received on or before the due date of Agreement or this Agreement will be null and void.

2.  All payments must be mailed to:

        Homecomings Financial, LLC
        Attn: Payment Processing Center
        3451 Hammond Avenue
        Waterloo, IA  50702

3.  There presently remains an outstanding indebtedness to the Lender pursuant to a note (the 'Note') and
mortgage (the 'Mortgage') or equivalent Security Instrument executed on 08/30/02 in the original principal
amount of $112,000.00.

4. Lender has instituted foreclosure proceedings against the property securing the indebtedness which will continue to be in full force and effect until the default described herein are cured except as otherwise provided in this agreement.

5. Lender agrees to suspend foreclosure activity on the delinquent account provided that you execute and return this Agreement and the initial payment toward the delinquency in the amount of $2766.96 no later than 04/28/08.

We will require you to make 2 payments at a modified payment amount. At the conclusion of the scheduled payments below, we will review your situation to determine the best option for resolving the remaining delinquency. Your payments are due and payable as follows:

| Date | Amount: |
|------|---------|
| 04/28/08 | $ 2766.96 |
| 05/28/08 | $ 1383.48 |

**All payments remitted under this trial plan must be in the form of certified funds (cashier's check, money order, or Western Union Quick Collect)**

6. If a notice of a new or subsequent Bankruptcy is filed during the payments, this Agreement will automatically be voided.

7. We will honor the Agreement if all of the described conditions and requirements are met. If at any time you fail to comply with any of the above-described conditions and requirements, this Agreement will be considered null and void and will resume foreclosure.

Please sign and return this Agreement by 04/28/08.

If the Agreement is cancelled, terminated, or rescinded for any reason, funds remitted will not be refunded and the Loan Modification will not be processed. Any funds received will be applied to the loan.

It is expressly understood and agreed that the default is not cured or waived by acceptance of any monies paid hereunder.

If you should have any questions, please contact me at 1-800-799-9250.

Loan Modification Department

_____    _____    _____  5/18/08

MICHAEL A MARTIN                    Date              MARY COLLETTE MARTIN          Date

Upon receipt of the trial plan, we will also execute indicate our concurrence with this agreement.

_____    _____

EXHIBIT "C"

Land in Hamilton County, Tennessee, as follows:

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE:
Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat
Book 12, Page 26 of the Registers Office of Hamilton County, Tennessee.
According to said plat and lots from one tract of ground fronting 134.3 feet on the
Northeast line of Englewood Avenue, and extending back Northeastwardly to
Southwest line of Lots 3, 4, 5 and 6 on which it has a footage of 130 feet; its
Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the
Registers Office of Hamilton County, Tennessee.

Subject to water and sewer easement recorded in Book 940, Page 177, of the
Registers Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O, Vol. 23, Page 692, of the Registers
Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in
effect thereon.

Being the same property conveyed to The bank of Anew York Turst Company,
N.A. as successor to JPMorgan Chase Bank N.A. as Turstee by Trustee's Deed,
dated May 22, 2008 and filed on June 2, 2008 in Register's Office for Hamilton
County, Tennessee, instrument number 2008060200099; Book GI 8679, Page
545.

This is improved property known as 1021 Englewood Avenue, Chattanooga,
Tennessee 37405.

**STATE OF TENNESSEE, COUNTY OF HAMILTON**

Serve @ Res
01021 Englewood Ave. Chatt, TN 37405-
PRIVATE PROCESS JOE GUIDI

To Any Lawful Officer to Execute and Return: Summon

John Doe or occupants

**DETAINER SUMMONS**

To appear before the General Sessions Court of Hamilton County, Tennessee

to be held at the Courts Building, Courtroom 6, 2nd Floor,

600 Market Street, Chattanooga, Tennessee 37402

on _____ OC _____ 30 June 08 _____, at 8:30 a.m.,

to answer the claim by Plaintiff(s) for a money judgement for ☑ rent, ☑ damages, ☑ attorney fees, and court costs and for possession of property Plaintiff claims that Defendant(s) wrongfully possesses in this county having a street address, or otherwise described as: 01021 Englewood Ave. Chatt, TN 37405-

Defendant's initial possession was based on ☑ written ☐ oral lease or and the right to possession has now terminated because of non-payment of rent or _____

☐ Written  ☐ Oral   notice to vacate was given to Defendant(s) on or about _____, 20. Rent payments of $_____ . _____ are due on the __1st__ day of each __Month__, and the amount of rent owing through _____, and unpaid is $_____ . Plaintiff holds $_____ paid as a damage/security deposit. Plaintiff asks for possession of the property, all unpaid rent owed as of the court date, restitution for damages to property, attorney fees (if provided for in the contract), and all court costs and litigation taxes.

Issued _____ JUN 1 8 2008 _____     *R. Harper*
                                         Clerk/Deputy Clerk

☐ Judgment is granted to Plaintiff(s) against Defendant(s) _____
_____ . _____ in the amount of $ _____ and all costs and taxes, and for possession of the described property for which a writ of possession shall be issued on Plaintiff's request. This judgment is based on:

☐ Default of Defendant(s)   ☐ Agreement of Parties   ☐ Trial in Court

☐ Case is dismissed an all costs and taxes are to be paid by Plaintiff, for which execution may issue. Dismissal based on

☐ Failure to prosecute the suit by Plaintiff(s)  ☐ Non-suit by Plaintiff, requested by:

_____

☐ Finding in favor of Defendant(s) after tria

Date: _____   Judge: _____

Case No. 08GS 7674

Jerry Law
                                              Plaintiff

PRIVATE PROCESS JOE GUIDI
                                              Address
                                              Phone
                         vs .
John Doe or occupants
01021 Englewood Ave. Chatt, TN 37405-
                                              Defendant
                                              Address
                                              Defendant
                                              Address

**DETAINER SUMMONS**
**Court of General Sessions**
**PAULA T. THOMPSON, Clerk**

By *R. Harper*, Deputy Clerk
Issued  JUN 1 8 2008, 20 _____
Set for  30 June  At 8:30 AM
Reset for _____

Served Upon: ☐ All Named Defendants
             ☑ All Defendants

Except: *Mary Martin*

Served  19 Jun, 20 08
        *Jan H.*
Sheriff/Constable (Process Server)

WAGNER, NELSON and WEEKS
701 Market Street Suite 1418
Chattanooga, TN 37402
B000538 (423) 266-8816

Attorney for Plaintiff
Telephone _____

Attorney for Defendant
Telephone _____

We, Jerry Law _____, Principal, and _____

**BOND**

WAGNER, NELSON and WEEKS _____, Surety, do herby bind ourselves, our heirs
and assigns to said Defedant(s), to pay all cost and damages which shall accrue to sai
Defedant(s), for wrongful prosecution of this suit.

Date: 6/17/2008 _____

Jerry Law _____        WAGNER, NELSON and WEEKS
Principal                          Surety

**ORDER**

This the _____ day of _____, 20_____.

_____
Judge

To the best of my information and belief, after investigation of Defendant's employment, I
hereby make affidavit that the Defendant is/is not a member of a military service

**AFFIDAVIT**

_____
Attorney for Plaintiff or Plaintiff

Notary Public
My Commission Exp. _____

**TO THE DEFENDANT(S):**

Failure to appear and answer this Summons will result in
judgment by default being rendered against you for the
relief requested.
Tennessee law provides a four thousand dollar
($4,000.00) personal property and five thousand dollar
($5,000.00) homestead exemption from execution or
seizure to satisfy a judgment. If a judgment should be
entered against you in this action and you wish to claim
property as exempt, you must file a written list, under
oath, of the items you wish to claim as exempt with the
clerk of the court. The list may be filed at any time and
may be changed by you thereafter as necessary; however,
unless it is filed before the judgment becomes final, it
will not be effective as to any execution or garnishment
issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed;
these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or
other receptacles neccessary to contain such apparel,
family portraits, the family Bible, and school books.
Should any of these items be seized you would have the
right to recover them. If you do not understand your
exemption right or how to execute it, you may wish to
seek the counsel of a lawyer.

**APPEAL**

From the judgment on the reverse hereof, the
_____ prayed an appeal to
the Circuit Court which is granted upon Pauper's
Oath or Appeal Bond.

Cost of Appeal _____

Paid by Plaintiff _____

JUDGE_____

DIVISION NO. _____

ADA Coordinator, Mary Faye Payne



192
0113
9571    UNITED STATES POSTAGE
$1.08    JUN 24 03
P82276111
MAILED FROM ZIP CODE  37421

**Law Office of W. Thomas Bible, Jr.**
Attorneys At Law
7011 Shallowford Road, Suite 106
Chattanooga, Tennessee 37421

Homecomings Financial, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

## Exhibit B

LAW OFFICES

# McCURDY&CANDLER,L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
TELEPHONE 404-373-1612

JULIUS A. McCURDY (1903 1993)
SCOTT CANDLER, JR  (1926 1994)
J ROBIN HARRIS (1925 1989)

JOHN WALTER DRAKE          DONALD C SUESSMITH, Jr
ALAN E. RAUBER             CHRISTIE G HENNINGS **
JOHN C. SAMMON             J MICHAEL DUGAN *
ANTHONY DEMARLO            DEBORAH Y CHANDLER
SCOTT CANDLER, III         KARL P. ENDERLE
CLARK E CANDLER            FRANK R OLSON ****
EDNA E HAWES               TONYA M KING*****
SIDNEY A. GELERNTER *      A BRETT VERNER

            OF COUNSEL:
REBECCA A HOELTING         R. THEODORE SMITH (RETIRED)
TERRI A CANDLER            H RAIFORD HODGES, JR (RETIRED)
MARGARET C. COURTRIGHT ***

*ALSO ADMITTED IN TENNESSEE      **ALSO ADMITTED IN ALABAMA
      *** ALSO ADMITTED IN NORTH CAROLINA
   **** ALSO ADMITTED IN NORTH CAROLINA AND TENNESSEE
        *****ALSO ADMITTED IN FLORIDA

MAILING ADDRESS

P O BOX 57
DECATUR, GEORGIA 30031

BANKRUPTCY DEPT. TELECOPIER 404-370-7237
FORECLOSURE DEPT. TELECOPIER 404-370-7232
POST-FORECLOSURE DEPT. TELECOPIER 404-214-5245

WEBSITE:
www.mccurdycandler.com

April 14, 2008

Mary C. Martin and Michael A. Martin
1021 Englewood Avenue
Chattanooga, TN  37405

Re:   Our File No.:      08-08625
      Loan No.:          ▮▮▮▮7927
      Payoff:            $116,223.39
      Borrower Name:     Mary C. Martin and Michael A. Martin
      Property Address:  1021 Englewood Avenue
                         Chattanooga, TN  37405

Mortgage Company: Homecomings Financial

Dear Borrower:

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692
INITIAL COMMUNICATION LETTER

This law firm represents Mortgage Electronic Registration Systems, Inc. the creditor on the above referenced loan. This letter is to advise you that we have been retained to collect the debt secured by the above-referenced property, which may involve foreclosure proceedings against said property. As of the date of this letter, you owe $116,223.39. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, you may call our loss mitigation department at 1-866-303-0517.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days after receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Tennessee law.

All communication about the loan must now be made through this law firm. For further information about this matter you may contact this office using the following toll free number: 1-866-303-0517. The lender may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the lender may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, restructure of your loan, loan modification or some other mutual agreement. The lender is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the lender will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact our office at our toll free number of 1-866-303-0517 immediately regarding your situation.

BE GOVERNED ACCORDINGLY.

Sincerely,

*Laura Grifka*
**Laura Grifka**

LG/pbogle


THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

**<u>Exhibit C</u>**

*214-9573*

LAW OFFICES
# McCurdy&Candler, L.L.C.
SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
TELEPHONE 404-373-1612

JULIUS A McCURDY (1903 1993)
SCOTT CANDLER, JR (1926 1994)
J ROBIN HARRIS (1925 1989)

MAILING ADDRESS

P O BOX 57
DECATUR, GEORGIA 30031

JOHN WALTER DRAKE          DONALD C SUESSMITH, Jr
ALAN E RAUBER              CHRISTIE G HENNINGS **
JOHN C SAMMON             J MICHAEL DUGAN *
ANTHONY DEMARLO           DEBORAH Y. CHANDLER
SCOTT CANDLER, III        KARL P ENDERLE
CLARK E CANDLER           FRANK R OLSON ****
EDNA E HAWES              TONYA M KING*****
SIDNEY A GELERNTER *      A BRETT VERNER

BANKRUPTCY DEPT TELECOPIER 404-370-7237
FORECLOSURE DEPT TELECOPIER 404-370-7232
POST-FORECLOSURE DEPT TELECOPIER 404-214-5245

OF COUNSEL
REBECCA A HOELTING         R THEODORE SMITH (RETIRED)
TERRI A CANDLER           H. RAIFORD HODGES, JR (RETIRED)
MARGARET C COURTRIGHT ***

WEBSITE
www mccurdycandler com

*ALSO ADMITTED IN TENNESSEE      **ALSO ADMITTED IN ALABAMA
   *** ALSO ADMITTED IN NORTH CAROLINA
**** ALSO ADMITTED IN NORTH CAROLINA AND TENNESSEE
*****ALSO ADMITTED IN FLORIDA

April 21, 2008

Certified Mail
Return Requested 70073020000083406710
and Regular Mail

Mary Collette Martin and Michael A. Martin
1021 Englewood Avenue
Chattanooga, TN 37405

RE:   NOTICE OF FORECLOSURE SALE ENCLOSED
      Our File No.:      08-08625
      Loan No.:          ███████7927
      Borrower Name:    Mary Collette Martin and Michael A. Martin
      Property Address: 1021 Englewood Avenue
                         Chattanooga, TN 37405

Dear Sir or Madam:

By letter dated April 14, 2008, (the "Initial Communication Letter"), I notified you that the above-referenced lender has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

A failure to comply with the terms of the above loan with Mortgage Electronic Registration Systems, Inc. has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by Mortgage Electronic Registration Systems, Inc. on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on Thursday, May 22, 2008, before the courthouse door of Hamilton County, Tennessee.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

All communication about the loan must now be made through this law firm. For further information about this matter you may contact this office using the following toll free number: 1-866-303-0517. The lender may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the lender may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, restructure of your loan, loan modification or some other mutual agreement. The lender is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the lender will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact our office at our toll free number of 1-866-303-0517 immediately regarding your situation.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Chattanooga Free Press for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Laura Grifka*

Laura Grifka
Attorney for Mortgage Electronic Registration Systems, Inc.

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LG/pbogle

## SUBSTITUTE TRUSTEE'S SALE

TENNESSEE, HAMILTON COUNTY

**WHEREAS** default having been made in the payment of the indebtedness, secured by a Deed of Trust executed by Mary Collette Martin and Michael A. Martin to C. Chadd Younge, Trustee dated August 30, 2002 in the amount of $112,000.00, and recorded in the Register's Office of Hamilton County, Tennessee in Deed Book G16367, Page 27, ("Deed of Trust");

**WHEREAS** the beneficial interest of said Deed of Trust was last transferred to Mortgage Electronic Registration Systems, Inc. by assignment; and

**WHEREAS** Mortgage Electronic Registration Systems, Inc. the current owner and holder of said Deed of Trust (the "Owner and Holder"), appointed the undersigned, Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka, as Substitute Trustee by instrument filed for record in the Register's Office of Hamilton County, Tennessee with all the rights, powers and privileges of the original Trustee named in said Deed of Trust; and

**NOW, THEREFORE**, notice is hereby given that the entire amount of said indebtedness has been declared due as provided in said Deed of Trust by the Owner and Holder, and the undersigned Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka, Substitute Trustee, or a duly appointed attorneys or agents, by virtue of the power and authority vested in the Appointment of Substitute Trusee, will on Thursday, May 22, 2008 commencing at 11:30am at the Walnut Street side of the Courthouse steps, Hamilton County Courthouse, Chattanooga, Tennessee; proceed to sell at public outcry to the highest bidder for cash, the property described in said deed to-wit:

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, Page 26 of the Registers Office of Hamilton County, Tennessee. According to said plat lots from one tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and extending back Northeastwardly to the Southwest line of Lots 3, 4, 5 and 6 on which it has a footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Registers Office of Hamilton County, Tennessee.

Subject to water and sewer easement reserved in Book 940, Page 177, of the Registers Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O, Vol. 23, Page 692 of the Registers Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

For prior title see Book 5251, Page 567 in the Registers Office of Hamilton County, Tennessee.

Map & Parcel No.: 127ID005

**PROPERTY ADDRESS:** 1021 Englewood Avenue, Chattanooga, Tennessee 37405
**CURRENT OWNER(S):** Mary Collette Martin
**SUBORDINATE LIENHOLDERS:** N/A
**OTHER INTERESTED PARTIES:** N/A

All right and equity of redemption, statutory or otherwise, homestead, and dower are expressly waived in said Deed of Trust, and the title is believed to be good, but the undersigned will sell and convey only as Substitute Trustee.

The sale will be held subject to any unpaid taxes, assessments, rights-of-way, easements, protective covenants or restrictions, liens, and other superior matters of record which may affect said property; as well as any prior liens or encumbrances as well as priority created by a fixture filing; and/or any matter that an accurate survey of the premises might disclose.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

Notice has been given of intention to collect attorneys' fees in accordance with the terms of the note secured by said deed.

The right is reserved to adjourn the day of the sale to another day, time and place certain without further publication, upon announcement at the time and place for the sale set forth above.

Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com

File No. 08-08625 /CONV
Ad Run Dates: 4/30, 5/7, 5/14
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**Exhibit D**

**Homecomings Financial**

A GMAC Company

May 2, 2008

First Tennessee Bank
PO Box 84
Memphis TN 38101

RE:  Unidentified Funds

We have received the enclosed funds. Unfortunately, we have
been unable to locate the mortgagors account number, name
and/or address to apply these funds.

Please return these funds to the holder of this account and
request they list their account number with name of account
and return it to the following address:

Mortgage Loan Servicing
P.O. Box 79135
Phoenix, AZ 85062-9135

If you have any questions, please contact our Customer Care
Division at 1-800-206-2901.

Customer Care Division
Mortgage Loan Servicing

Enclosure

**<u>Exhibit E</u>**

12-12020-mg    Doc 9756-4    Filed 02/17/16    Entered 02/17/16...

# SPECIAL WARRANTY DEED

THIS DEED, between Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank as Trustee, organized and existing under the laws of the State of Texas, with it's principal office located in the County of Dallas, herein called Grantor, and I Buy Houses Cash, Inc., organized and existing under the laws of the State of Tennessee, herein after called Grantee.

WITNESSETH, That said Grantor for and in consideration of the sum of $10.00 and other valuable consideration, receipt of which is hereby acknowledged, has bargained and sold, and by these presents, does transfer and convey unto the said Grantee, and unto its successors and assigns, certain property described as follows:

Described property located in Hamilton County, Tennessee,  to wit;

See Attached Exhibit "A"

```
Instrument: 200806160034 1
Book and Page: GI  8692  744
DEED RECORDING FEE      $15.00
DATA PROCESSING FEE      $2.00
CONVEYANCE TAX        $429.20
PROBATE FEE             $1.00
Total Fees:           $447.20
User: HCDC\KSpruiell
               06/16/2008
Time: 3:51:41 PM
Contact: Pam Hurst, Register
Hamilton County, Tennessee
```

AKA: 1021 Englewood Ave Chattanooga, Tennessee 37405

TO HAVE AND TO HOLD the said parcel of land, with the appurtenances, estate, title, and interest thereto belonging, to the said Grantee and it's successors and assigns forever.

Subject to any unpaid taxes, easements and restrictions.

Grantor does further covenant and bind Grantor's successors, to warrant and forever defend the title to the said Grantee and it's successors and assigns, against the lawful claims of all persons by, through or under it, but not further or otherwise.

Bank of New York Trust Company, N.A., as Successor
to JPMorgan Chase Bank as Trustee By Residential Funding Company,
as Attorney-in-Fact

(corporate seal)

BY _Jennifer Peters_

TITLE _LSO_

Jennifer Peters

Book and Page: GI  8692  745

State of Texas

County of Dallas

　　　Before me, the undersigned, a Notary Public of the State and County, duly qualified and commissioned, personally appeared, _Jennifer Peters_ personally known to me or pored on the basis of satisfactory evidence, and who, upon oath, acknowledged himself/herself to be the _ASD_  ~~President~~ of RFC as attorney in fact for Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank, as trustee, the within named bargainor, a corporation and that he/she as such officer, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the Corporation by himself/herself as such officer.

　　　WITNESS my hand and Official Seal at Office this 12th of June, 2008

_____
Notary Public

My Commission Expires: 2/8/12

ISSA AKIL WILSON
Notary Public, State of Texas
My Commission Expires
February 08, 2012

　　　I, Or we, hereby swear and affirm that, to the best of the affiant's knowledge, information and belief, the actual consideration for this transfer or value of the property transferred, whichever is greater is $10.00, which amount is equal to or greater than the amount which the property would command at a fair and voluntary sale.

AFFIANT _____

Subscribed and sworn before me, this 12th of June, 2008

_____
Notary Public

ISSA AKIL WILSON
Notary Public, State of Texas
My Commission Expires
February 08, 2012

PROPERTY ADDRESS: 1021 Englewood Ave Chattanooga, Tennessee 37405

OWNER'S NAME AND MAILING ADDRESS: I Buy Houses Cash, Inc. *Po Box 4386 Chatt TN37405
+Taxes to:

THIS INSTRUMENT PREPARED BY:Florie Robinson

Map# 127I-D-005

STATE OF TENNESSEE COUNTY OF HAMILTON
I hereby swear or affirm that the actual consideration for this transfer or value of the property transferred, whichever is greater, is $ 116,000.00, which amount is equal to or greater than the amount which the property transferred would command at a fair and voluntary sale.
Subscribed and sworn to before me _I Buy Houses Cash Inc_
this the 16th day of June, 20 18
Pamela Hurst, Register

_____ Deputy

Book and Page: GI  8692  746

File No. 11437

## EXHIBIT "A"

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and
Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, page 26 of the
Register's Office of Hamilton County, Tennessee. According to said plat said lots from one
tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and
extending back Northeastwardly to the Southwest Line of Lots 3,4,5 and 6 on which it has a
footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet
in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Register's
Office of Hamilton County, Tennessee.

Subject to water and sewer easement reserved in Book 940, Page 177, of the Register's
Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O Vol. 23, Page 692 of the Register's Office of
Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect
thereon.

For prior title see Book 5251, page 567 in the Register's Office of Hamilton County,
Tennessee.

Homecomings Financial Network
Box #
Customer # 44838
Loan #        7927

## Exhibit F

IN THE CHANCERY COURT FOR
HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA

MARY COLLETTE MARTIN,                    )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
HOMECOMINGS FINANCIAL, LLC, THE          )
BANK OF NEW YORK TRUST COMPANY,          )    Case No. 08-0439
N.A., AS SUCCESSOR TO JPMORGAN           )
CHASE BANK, N.A., AS TRUSTEE, MERS,      )    Part 2
INC., I BUY HOUSES CASH, INC, AND        )
JERRY LAW,                               )
                                         )
        Defendants.                      )

## MOTION FOR SUMMARY JUDGMENT

        Defendants Homecomings Financial, LLC ("Homecomings"), The Bank of New York

Trust Company, N.A., as successor to JPMorgan Chase, Bank, N.A., as trustee, and MERS, Inc.

("MERS;" collectively, the "Defendants")[1] move for summary judgment on Plaintiff Mary

Collette Martin's (the "Plaintiff") Verified Second Amended and Substituted Complaint (the

"Complaint").

        In the Complaint, Plaintiff seeks damages and the imposition of a constructive trust

allegedly resulting from a residential real estate foreclosure sale conducted on or about May 22,

2008, with respect to certain real property located in Chattanooga, Hamilton County, Tennessee

(the "Property").   On or about August 30, 2002, Plaintiff and her then husband, Michael A.

Martin ("Mr. Martin"), executed a promissory note (the "Note"), secured by a deed of trust (the

"Deed of Trust") on the Property.

---

[1] Defendants I Buy Houses Cash, Inc. and Jerry Law are not parties to this Motion.

7/2812704.1

- 1 -

2012 MAR -9  AM 10: 58

FILED
S. LEE AKERS, C&M

As early as 2003, Plaintiff and Mr. Martin defaulted pursuant to the terms of the Note and Deed of Trust.  As a result, Homecomings, the servicer of the Note, accelerated the Note.  In or around April 2008, in an effort to compromise with Plaintiff and Mr. Martin, Homecomings entered into negotiations with Plaintiff and Mr. Martin regarding a repayment agreement (the "Repayment Agreement").    As conditions precedent to the Repayment Agreement, Homecomings "agree[d] to suspend foreclosure activity on the delinquent account <u>provided</u> that [Plaintiff and Mr. Martin] execute and return th[e] [Repayment Agreement] and the initial payment toward the delinquency in the amount of $2766.96 no later than 04/28/08." (Emphasis added.)  Plaintiff and Mr. Martin failed to meet the conditions precedent to the Repayment Agreement, so Homecomings foreclosed on the Property on or about May 22, 2008, after meeting all of the statutory and contractual prerequisites to foreclosure.

As outlined more fully in the Memorandum in Support of Defendants' Motion for Summary Judgment, there are no material issues of fact in dispute, and Defendants are entitled to summary judgment with respect to all of Plaintiff's claims.  In support of the Motion, Defendants further rely on the Affidavit of Juan Aguirre (attached hereto as **EXHIBIT A**) and Plaintiff's Responses to Defendants' Interrogatories (attached hereto as **EXHIBIT B**).    Likewise, Defendants rely on the contemporaneously filed the Statement of Undisputed Facts, as required by Tennessee Rule of Civil Procedure 56.03.

7/2812704.1

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _Melissa Burton_____
    Christopher E. Thorsen, No. 21049
    Melissa M. Burton, No. 26703
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-2394
F: (615) 252-6394
cthorsen@babc.com
mburton@babc.com

*Attorneys for Defendants Homecomings Financial,
LLC, The Bank of New York Trust Company, NA,
Successor to JPMorgan Chase Bank, NA as
Trustee, and MERS, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was served upon the following via U.S. Mail and Email on March 8, 2012:

Harry W. Miller, III
Law Office of W. Thomas Bible, Jr.
6918 Shallowford Road - Suite 100
Chattanooga, Tennessee 37421

Peter C. Ensing
6139 Preservation Drive, Suite 2
Chattanooga, Tennessee 37416

_Melissa Burton_____
Melissa M. Burton

**NOTICE OF HEARING**
**This motion will be heard <u>March 26, 2012</u>**
**at 8:00 a.m.**

7/2812704.1

IN THE CHANCERY COURT FOR
HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA

MARY COLLETTE MARTIN,      )
          )
    Plaintiff,      )
          )
v.          )
          )
HOMECOMINGS FINANCIAL, LLC, THE)    Case No. 08-0439
BANK OF NEW YORK TRUST COMPANY,)
N.A., AS SUCCESSOR TO JPMORGAN)
CHASE BANK, N.A., AS TRUSTEE, MERS,)
INC., I BUY HOUSES CASH, INC, AND)
JERRY LAW ,      )
          )
    Defendants.      )

## AFFIDAVIT OF JUAN AGUIRRE

Juan Aguirre being duly sworn, states that if called upon to testify, the undersigned's testimony would be as follows:

1.      I am the Manager-Litigation Support at GMAC Mortgage, LLC.

2.      I make this affidavit in support of Defendants Homecomings Financial, LLC, The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee, and MERS, Inc.'s Motion for Summary Judgment. [1]

3.      On or about August 30, 2002, Plaintiff Mary Collette Martin ("Plaintiff") and Michael A. Martin ("Mr. Martin") executed a promissory note payable to Northwest Georgia Bank in the principal amount of $112,000.00 (the "Note"). A true and correct copy of the Note

---

[1] Defendants are filing this Affidavit in accordance with Paragraph 7 of the Agreed Protective Order submitted to the Court on or about December 9, 2011. Because this Affidavit and the accompanying motion for summary judgment, brief, and exhibits discuss and include material designated "CONFIDENTIAL" under the Agreed Protective Order, Defendants respectfully request that all "CONFIDENTIAL" material remain sealed and not be included in the public record.

7/2809470.1

EXHIBIT
A

is attached hereto as **Exhibit 1**.  In an allonge, the Note was endorsed by Northwest Georgia Bank to Synovus Mortgage Corporation.

      4.     The Note was secured by a Deed of Trust (the "Deed of Trust") on certain real property located in Chattanooga, Hamilton County, Tennessee (the "Property") that was executed by Plaintiff and Mr. Martin on or about August 30, 2002.  A true and correct copy of the Deed of Trust, as recorded in the land records of Hamilton County, Tennessee, on September 13, 2002, at Book 6367, Page 27, Instrument Number 2002091300090, is attached hereto as **Exhibit 2**.

      5.     From the execution of the Note and Deed of Trust on August 30, 2002, to the present, all payments made pursuant to the Note and Deed of Trust were applied in the manner outlined in Paragraph 2 of the Deed of Trust.

      6.     On or about September 13, 2002, Northwest Georgia Bank recorded an assignment of the Deed of Trust to MERS, Inc. ("MERS") in the land records of Hamilton County, Tennessee.  A true and correct copy of the assignment, as recorded in the land records of Hamilton County, Tennessee, at Book 6367, Page 44, Instrument Number 2002091300091, is attached hereto as **Exhibit 3**.

      7.     The Note and Deed of Trust were subject to a Pooling and Servicing Agreement, dated December 1, 2002 (the "Pooling and Servicing Agreement"), naming Residential Funding Corporation as the master servicer and JPMorgan Chase Bank, N.A. ("JPMorgan") as the trustee.  In connection with the Pooling and Servicing Agreement, the Note was endorsed from Synovus Mortgage Corporation to Residential Funding Corporation.  Residential Funding Corporation then endorsed the Note to JPMorgan, as Trustee.

- 2 -

7/2809470.1

8.    The Bank of New York Trust Company ("BONY") became the successor trustee to JPMorgan through the recording of a Substitute Trustee's Deed on or about June 2, 2008, in the land records of Hamilton County, Tennessee.  A true and correct copy of the Substitute Trustee's Deed, as recorded in the land records of Hamilton County, Tennessee, at Book 8679, Page 545, Instrument Number 2008060200099, is attached hereto as **Exhibit 4**.

9.    Homecomings Financial, LLC ("Homecomings") is a subsidiary of Residential Funding Corporation and assumed servicing responsibilities on the loan.

10.    Beginning as early as 2003, Plaintiff and Mr. Martin defaulted pursuant to the terms of the Note and Deed of Trust by failing to make their monthly payments when due.

11.    On or about February 22, 2008, Homecomings sent Plaintiff and Mr. Martin a letter notifying them of their default and informing them of the full amount that needed to be paid within thirty days to cure the default.  A true and correct copy of this letter dated February 22, 2008, from Homecomings to Plaintiff and Mr. Martin is attached hereto as **Exhibit 5**.

12.    Plaintiff and Mr. Martin failed to cure the default within thirty days of the February 22, 2008 letter from Homecomings.

13.    The loan account statement dated March 18, 2008, that Homecomings mailed to Plaintiff and Mr. Martin at the Property showed that the amount past due was $4,150.44.  A true and correct copy of the account statement dated March 18, 2008, is attached hereto as **Exhibit 6**.

14.    On or about April 14, 2008, McCurdy & Candler, L.L.C. ("McCurdy & Candler"), the foreclosure counsel hired by Homecomings, sent Plaintiff and Mr. Martin a notice pursuant to the Fair Debt Collection Practices Act notifying them that McCurdy & Candler had been retained to collect the outstanding balance on their mortgage.  A true and correct copy of

- 3 -

7/2809470.1

the letter from McCurdy & Candler to Plaintiff and Mr. Martin dated April 14, 2008, is attached hereto as **Exhibit 7**.

15.    On or about April 15, 2008, Homecomings sent Plaintiff and Mr. Martin a letter informing them that the foreclosure sale on the Property had been scheduled and urging them to take action with respect to the loan. A true and correct copy of the letter from Homecomings to Plaintiff and Mr. Martin dated April 15, 2008, is attached hereto as **Exhibit 8**.

16.    On or about April 21, 2008, McCurdy & Candler sent Plaintiff and Mr. Martin a letter accelerating the Note and demanding payment in full. That letter also enclosed a copy of the Notice of Sale Under Power that was published in the *Chattanooga Free Press*. A true and correct copy of the letter from McCurdy & Candler dated April 21, 2008, is attached hereto as **Exhibit 9**.

17.    Plaintiff and Mr. Martin failed to remedy the default under the Note and Deed of Trust.

18.    In or around April 2008, in an effort to compromise with Plaintiff and Mr. Martin, Homecomings entered into negotiations with Plaintiff and Mr. Martin regarding a repayment agreement (the "Repayment Agreement").

19.    On or about May 2, 2008, Homecomings sent Plaintiff and Mr. Martin a letter that constituted the Repayment Agreement.

20.    Plaintiff signed and returned the Repayment Agreement to Homecomings on or about May 18, 2008. A true and correct copy of the Repayment Agreement that was signed by Plaintiff is attached hereto as **Exhibit 10**.

21.    On or about May 18, 2008, Mr. Martin was still a borrower on the loan at issue.

- 4 -

22.    Homecomings' acceptance of the Repayment Agreement was expressly conditioned upon Mr. Martin's execution of the Repayment Agreement as well as Plaintiff's.

23.    Mr. Martin never executed the Repayment Agreement.

24.    The initial cashier's check that Plaintiff had sent to Homecomings in or around May 27, 2008, in the amount of $1,383.48, did not contain Plaintiff's account number and failed to contain information sufficient to identify Plaintiff's account on the cashier's check.

25.    Homecomings' Loan Servicing Policies and Procedures required that unidentified checks be logged into a spreadsheet and returned to the sender with a letter explaining that the check was unidentifiable.    A true and correct copy of the relevant portion of Homecomings' Loan Servicing Policies and Procedures is attached hereto as **Exhibit 11**.

26.    Upon receipt of Plaintiff's unidentifiable check, Homecomings followed its policies and procedures and logged the receipt of the check and returned the cashier's check to its sender, First Tennessee Bank.    A true and correct copy of the log showing the receipt of Plaintiff's unidentifiable check is attached hereto as **Exhibit 12**.

27.    Because Plaintiff and Mr. Martin failed to meet the conditions precedent to the Repayment Agreement, Homecomings foreclosed on the Property on or about May 22, 2008, after meeting all of the statutory and contractual prerequisites to non-judicial foreclosure in Tennessee.

28.    Defendant I Buy Houses Cash, Inc. purchased the Property as a third party at the foreclosure sale.

FURTHER, THE AFFIANT SAITH NOT.



Juan Aguirre

- 5 -

7/2809470.1

STATE OF __TX__ )
)
COUNTY OF __Dallas__ )

Sworn to and subscribed before me this __7th__ day of __March__, 2012.

_____
Notary Public

My Commission Expires: __12/22/2014__

```
JILL TAYLOR
Notary Public, State of Texas
My Commission Expires
December 22, 2014
```

- 6 -

 

# NOTE



August 30, 2002                          RINGGOLD                          GEORGIA
    [Date]                                  [City]                          [State]

MIN# ████████383-0

1021 ENGLEWOOD AV,CHATTANOOGA,TN 37405
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
  In return for a loan that I have received, I promise to pay U.S. $ 112,000.00        (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is NORTHWEST GEORGIA BANK  .

I will make all payments under this Note in the form of cash, check or money order.
  I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
  Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of    10.0000    %.
  The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

**3. PAYMENTS**
  **(A) Time and Place of Payments**
  I will pay principal and interest by making a payment every month.
  I will make my monthly payment on the    1st    day of each month beginning on    October 1, 2002   . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on    September 1, 2032   , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
  I will make my monthly payments at 5063 ALABAMA HIGHWAY, RINGGOLD, GA 30736
                                    or at a different place if required by the Note Holder.

  **(B) Amount of Monthly Payments**
  My monthly payment will be in the amount of U.S. $ 982.88    .

**4. BORROWER'S RIGHT TO PREPAY**
  I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
  I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MIN # ████████383-0        ████383                                    0

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP -5N (0005)          MW 05/00      Form 3200 1/01
     VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3          Initials:



EXHIBIT

1

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of       15       calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.0000      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

106MARTI█████383        █████383        0

██-5N (0005)        Page 2 of 3        Form 3200 1/01

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MICHAEL A MARTIN                 -Borrower

_____ (Seal)
MARY COLLETTE MARTIN             -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

WITHOUT RECOURSE
PAY TO THE ORDER OF
RESIDENTIAL FUNDING CORPORATION  (Seal)
_____  -Borrower

SYNOVUS MORTGAGE CORP.

_____
BY: DENNIS SUNDERLAND            (Seal)
ITS: ASST. VICE PRESIDENT        -Borrower

_____ (Seal)
                                 -Borrower

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation

BY _____
Judy Faber, Vice President       (Seal)
                                 -Borrower

*[Sign Original Only]*

106MART■■383                    ■383                                    0

ZMP-SN [0005]             Page 3 of 3                    Form 3200 1/01

SEP-11-2002 WED 09:13 AM          FAX NO.                    P. 02/02

## ALLONGE TO NOTE

This Allonge is attached to and incorporated into that certain Note dated August 30, 2002 from

Michael A. Martin and Mary Collette Martin to Northwest Georgia Bank in the amount of $112,000.00.

Without Recourse pay to the order of Synovus Mortgage Corp.

By: MIKE CLOUD
Its:VICE PRESIDENT

Loan# ▮▮383

Return To: _____

**NW GEORGIA LAND TITLE CO., INC.**
7749 NASHVILLE STREET
RINGGOLD, GEORGIA 30736

Prepared By: _____
SAme

```
Instrument: 2002091300090
Book and Page: 01  6367  27
D T Recording Fee          $85.00
Data Processing F           $2.00
Mortgage Tax              $126.50
Probate Fee                 $1.00
Total Fees:               $214.50
User: KSPRUIELL
Date: 13-SEP-2002
Time: 09:07:44 A
Contact: Pam Hurst, Register
Hamilton County Tennessee
```

The Maximum Principal Indebtedness for Tennessee recording tax purposes is $ 112,000.00 .
-----------------------------------|Space Above This Line For Recording Data]-----------------------------------

# DEED OF TRUST

MIN ▮▮▮▮▮383-0

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated   August 30, 2002
together with all Riders to this document.
**(B) "Borrower"** is MICHAEL A MARTIN and MARY COLLETTE MARTIN, HUSBAND AND WIFE

Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is NORTHWEST GEORGIA BANK

Lender is a CORPORATION
organized and existing under the laws of                    GEORGIA

106MARTIN▮▮383                    ▮▮383                                    0
TENNESSEE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3043  1/01

ⓂⒶ -6A(TN) (C005).01   MW 05/00.02
Page 1 of 18            Initials:
VMP MORTGAGE FORMS - (800)521-7291

EXHIBIT
2

Book and Page: GI 6367 28

Lender's address is 5063 ALABAMA HIGHWAY, RINGGOLD, GA 30736

**(D) "Trustee" is** C Chadd Younge

a resident of _____, Tennessee.

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-20216, tel. (888) 679-MERS.

**(F) "Note"** means the promissory note signed by Borrower and dated    August 30, 2002
The Note states that Borrower owes Lender One Hundred Twelve Thousand and no/100
_____ Dollars

(U.S. $112,000.00           ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    September 1, 2032    . The maximum principal indebtedness for Tennessee recording tax purposes is $ 112,000.00

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ 1-4 Family Rider
☐ VA Rider    ☐ Biweekly Payment Rider    ☒ Other(s) [specify]    Waiver of
Borrower's Rights and Closing Attorney's Affidavit

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

106MARTI███383              ███383                                                    0

⟨MERS⟩-6A(TN) (0005).01              Page 2 of 15                    initials              Form 3043  1/01

Book and Page: GI 6367 29

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (a) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (b) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

REGISTER OF DEEDS             of             HAMILTON COUNTY             :
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE ATTACHED EXHIBIT "A"

Derivation Clause

The instrument constituting the source of the Borrower's interest in the foregoing described property was a         Warranty Deed         recorded         in Book  5251,  page  567 in the Register's Office of HAMILTON                                County, Tennessee.

Parcel ID Number: 1271-D-005                                which currently has the address of
1021 ENGLEWOOD AV                                                                 [Street]
CHATTANOOGA                              [City] , Tennessee     37405     [Zip Code]
("Property Address"):

TO HAVE AND TO HOLD, the aforedescribed property, together with all the hereditaments and appurtenances thereunto belonging to, or in anywise appertaining, unto the Trustee, its successors in trust and assigns, in fee simple forever. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

106MARTIN███383                    ███383                                                    0

███-6A(TN) (0C05).01                    Page 3 of 15                                    Form 3043  1/01

Book and Page: GI 6367 30

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due

106MARTIN    383                383                                    0

-6A(TN) (0005).01                Page 4 of 15                          Form 3043   1/01

for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Book and Page: GI 6367 32

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the

106MARTIN          383                    383          Initials:                    0

-6A(TN) (0005).01                    Page 6 of 15                    Form 3043  1/01

work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there

106MARTI█383                    █383                                                                    0

Ⓜ-6A(TN) (00051.01)                    Page 7 of 15                    Initials                    Form 3043  1/01

Book and Page: GI 6367 34

is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

106MARTI█████383                              █████383                                          0

🔲 -6A(TN) (0005).01                    Page 8 of 15                                      Form 3043   1/01

Book and Page: GI  6367  35

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if

106MARTIN     383                  383                                                    0

-6A(TN) (0005).01                    Page 9 of 15                          Form 3043  1/01

acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.

106MARTIN   383         383         Initials         0

-6A(TN) (0005).01         Page 10 of 15         Form 3043  1/01

There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

106MARTIN█383    █383    0

⊕—6A(TN) (0005).01    Page 11 of 15    Form 3043  1/01

Book and Page: GI 6367  38

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of

106MART I     383          ▉383                              0
▉▉ -6A(TN) (0005).01              Page 12 of 15                              Form 3043  1/01

Book and Page: 61  6367  39

release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Property after sale.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**25. Waivers.** Borrower waives all right of homestead, equity of redemption, statutory right of redemption and relinquishes all other rights and exemptions of every kind, including, but not limited to, a statutory right to an elective share in the Property.

106MARTI█████383                    █████383                    ✍                    0

🔵 -6A(TN) (00051.03)                    Page 13 of 15                                        Form 3043  1/01

Book and Page: GI  6367  40

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

Witnesses:

_____          _____ (Seal)
                                            MICHAEL A MARTIN              -Borrower

_____          _____ (Seal)
Comm. exp.                                  MARY COLLETTE MARTIN          -Borrower
1.5/28/09

_____ (Seal)   _____ (Seal)
                          -Borrower                                    -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                    -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                    -Borrower

106MARTIN███883              ███883                          0

-6A(TN) (0005).01              Page 14 of 15              Form 3043  1/01

File No. 11437

Book and Page: GI 6367 42

EXHIBIT "A"

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, page 26 of the Register's Office of Hamilton County, Tennessee. According to said plat said lots from one tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and extending back Northeastwardly to the Southwest Line of Lots 3,4,5 and 6 on which it has a footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Register's Office of Hamilton County, Tennessee.

Subject to water and sewer easement reserved in Book 940, Page 177, of the Register's Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O Vol. 23, Page 692 of the Register's Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

For prior title see Book 5251, page 567 in the Register's Office of Hamilton County, Tennessee.





### ASSIGNMENT
### STATE OF TENNESSEE, COUNTY OF HAMILTON

FOR VALUE RECEIVED, NORTHWEST GEORGIA BANK, (Assignor), whose
address is 5063 ALABAMA HIGHWAY, (P.O. Box 248), Ringgold, Georgia, 30736, does
hereby transfer, assign, and convey unto:   Mortgage Electronic Registration Systems Inc.
whose address is:                              its successors and assigns as
                                               nominee for Synovus Mortgage Corp.
                                               its successors and assigns
MIN # 10008560000-847383-0              P.O. Box 2026 Flint Michigan 48501-2026
its successors and assigns, all Assignor's rights, title and interest in, to and under (the
attached) (that certain) security instrument executed by:

## MICHAEL A MARTIN AND WIFE, MARY COLLETTE MARTIN

to Northwest Georgia Bank, recorded in the Register's office of HAMILTON County, in
Deed Book 267 Page 27, together with the property therein described to wit:

### 1021 ENGLEWOOD AVENUE CHATTANOOGA TN 37405

in HAMILTON County, the indebtedness secured thereby and all powers and privileges
contained in said security instrument.

IN WITNESS WHEREOF, Assignor has caused these presents to be executed on its
behalf, its corporate name to be subscribed, and its Seal affixed hereto, by its only
authorized corporate officers, this 30TH day of AUGUST, 2002.

NORTHWEST GEORGIA BANK

BY: _____
     W.A. JONES, V.P.

ATTEST: _____
          MIKE CLOUD, V.P.

Signed, Sealed, and Delivered in the presence of:

_____
          Witness

```
Instrument: 2002091300091
Book and Page: GI 6367  44
Data Processing F          $2.00
Total Fees:                $10.00
Recording Fe               $12.00
User: KSPRUIELL
Date: 13-SEP-2002
Contact: Pam Hurst, Register
Hamilton County Tennessee
```

Before me, Cynthia Pritchett, of the state and county aforesaid, personally appeared
_W.A. JONES_ with whom I am personally acquainted (or proved to me on the basis
of satisfactory evidence), and who upon oath, acknowledged himself to be president (or
other officer) authorized to execute the instrument of the Northwest Georgia Bank, the
within named _VICE PRESIDENT_ executed the foregoing instrument for the purpose
therein contained, by signing the name of the corporation by himself.

WITNESS my hand and seal, at office in Catoosa County, this 30TH day of AUGUST,
2002.

_____
          Notary Public

My Commission Expires : My Commission Expires February 4, 2005

The Maximum Principal Indebtedness
For Tennessee recording tax purposes
Is $0.00

PREPARED BY:  ALICIA FOSKEY
NORTHWEST GEORGIA BANK
P.O. BOX 248 RINGGOLD GA 30736
7749 Nashville St
Ringgold GA 30736



EXHIBIT
3

Prepared by and Return to:
Laura Grifka/pbogle 05/22/2008
McCurdy & Candler, L.L.C.
250 East Ponce DeLeon Avenue, Suite 600
Decatur, GA 30030

Instrument: 2008 -
Book and Page: GI
DEED RECORDING FEE        $15.00
DATA PROCESSING FEE        $2.00
CONVEYANCE TAX            $643.05
PROBATE FEE               $1.00
Total Fees:              $661.05
Users: HCOC\Freudenberg
Date: 5/8/2008
Contact: Pam Hurst, Register
Hamilton County, Tennessee

**SUBSTITUTE TRUSTEE'S DEED**

Homecomings Financial

File No. 08-08625 /Mary Collette Martin and Michael A. Martin

Tennessee, Hamilton County

WHEREAS, by Deed of Trust dated August 30, 2002, and recorded in the Register's Office of Hamilton County, Tennessee, on September 13, 2002 at Deed Book GI6367, Page 27, ("Deed of Trust"), Mary Collette Martin and Michael A. Martin conveyed to C. Chadd Younge, Trustee, as Trustee, the hereinafter described property for the purpose of securing payment of the indebtedness and performance of the obligations therein mentioned and set forth; and

WHEREAS, the beneficial interest of said Deed of Trust was last transferred and assigned to Mortgage Electronic Registration Systems, Inc.; and

WHEREAS, Mortgage Electronic Registration Systems, Inc., being the owner and holder of the debt secured, appointed the undersigned as Substitute Trustee by instrument of record in Instrument No. 2008051300063, Deed Book GI 8664, Page 547, in the Register's Office of Hamilton County, Tennessee; and

WHEREAS, default has been made in the payment of said indebtedness and the performance of said obligations thereby secured to be paid and performed, and the holder of said Deed of Trust requested the undersigned to advertise and sell said property under the terms and provisions of said Deed of Trust; and

WHEREAS, the property was advertised for sale in conformity with the laws of Tennessee and the terms and provisions of said Deed of Trust on 4/30, 5/7, 5/14, in The Chattanooga Free Press, by which advertisement the sale was held on May 22, 2008, in Hamilton County, Tennessee, in bar of the equities of redemption, dower, and homestead; and

WHEREAS, at the time and place mentioned in said advertisement, the undersigned's agent, offered said property for sale at public outcry to the highest and best bidder for cash, at which sale The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee, being the highest, best and last bidder, became the purchaser of said property at and for the sum of $116,381.77; and

WHEREAS, the said owner and holder of the debt has assigned its interests in the said property to The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee, its successors and assigns;

WHEREAS, the owner and holder of said debt for which said property was sold has complied with the terms of sale by paying into the hands of the undersigned Substitute Trustee the expenses of the sale, the balance of the purchase price being credited on the indebtedness secured by said Deed of Trust;

NOW, THEREFORE, in consideration of the premises and of the payment by The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee as aforesaid, of the said sum of money, receipt of which payment is hereby acknowledged, the undersigned Laura A. Grifka, as Substitute Trustee, does hereby grant, bargain, sell and convey unto The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee, its successors and assigns, in fee simple forever, the following described property, to-wit:

**FOR LEGAL DESCRIPTION, SEE EXHIBIT "A"**
**ATTACHED HERETO AND MADE A PART HEREOF**

EXHIBIT
4

Book and Page: GI 1679 546

Homecomings Financial
File No. 08-08625 /Mary Collette Martin and Michael A. Martin

TO HAVE AND TO HOLD the property described above, together with the privileges, appurtenances, and hereditaments thereunto belonging or in any way appertaining unto the said The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee, its successors and assigns, forever, to whom the said, Laura A. Grifka, as Substitute Trustee, warrants the title to the aforesaid property against the lawful claims and demands of all persons claiming by, through or under him, but not further nor otherwise.

IN TESTIMONY WHEREOF, Laura A. Grifka, has hereunto set her hand, on May 22, 2008.

                                        _____
                                        Laura A. Grifka
                                        Substitute Trustee

STATE OF GEORGIA
COUNTY OF DEKALB

On May 22, 2008, before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared, Laura Grifka, Substitute Trustee, the within named bargainor, with whom I am personally acquainted (or proved on the basis of satisfactory evidence), and who, upon oath, acknowledged that he/she executed the foregoing instrument for the purposes contained therein.

WITNESS my hand and Notarial Seal the day and year above written.

                                        _____
                                        Notary Public

My Commission Expires: 12/25/10

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
STATE OF GEORGIA
COUNTY OF DEKALB

I hereby swear or affirm that to the best of my knowledge, information and belief, the actual consideration for this transfer or value of the property transferred, whichever is greater, is $173,800.00, which amount is equal to or greater than the amount which the property transferred would command at a fair and voluntary sale.

                                        _____
                                        Affiant

Subscribed and sworn to before me on May 22, 2008.

                                        _____
                                        Notary Public

Mail Tax Notices to and Property Owner:
Homecomings Financial, LLC
1270 Northland Drive, Suite 200
Mendota Heights, MN 55120

Map & Parcel No.: 127ID005
Property Address: 1021 Englewood Avenue
                  Chattanooga, TN 37405



Book and Page: 0'  '679  547

Homecomings Financial
File No. 08-08625/Mary Collette Martin and Michael A. Martin

### Exhibit "A"

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, Page 26 of the Registers Office of Hamilton County, Tennessee. According to said plat lots from one tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and extending back Northeastwardly to the Southwest line of Lots 3, 4, 5 and 6 on which it has a footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Registers Office of Hamilton County, Tennessee.

Subject to water and sewer easement reserved in Book 940, Page 177, of the Registers Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O, Vol. 23, Page 692 of the Registers Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

Being the same property as conveyed to Mary Collette Martin by deed recorded at Deed Book GI 5251, Page 567 on 12/21/1998 in the Registers Office of Hamilton County, Tennessee.

**Homecomings Financial**

*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

02/22/08

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE

CHATTANOOGA             TN 37405-2311

RE:   Account Number       ████7927
      Property Address    1021 ENGLEWOOD AV

                  CHATTANOOGA TN 37405

Dear MICHAEL A MARTIN
     MARY COLLETTE MARTIN

Our records indicate the above-referenced mortgage loan is in
default.

Your account is due for 01/01/08, and succeeding payments. This
is a demand for payment of the total amount due and owing as of
the date of this letter, which is as follows:

| | | |
|---|---|---:|
| Payments ............................. $ | | 2766.96 |
| Late Charges ......................... $ | | 835.38 |
| Fees, Costs, and other amounts accrued | | |
| to date ......................... $ | | 130.00 |
| Suspense ............................. $ | | 0.00 |
| Total Amount Due ..................... $ | | 3732.34 |

You may cure the default by paying the total amount due,
indicated above, within thirty (30) days from the date of this
letter.  You are also responsible for paying any additional
payments, fees, and charges that become due during this 30-day
period.  Payments must be made in certified funds or cashier's
check.  If funds tendered are not honored for any reason, the
default will not be cured.  Our acceptance of any funds less
than the total amount due shall not constitute a waiver of our
rights and/or remedies under the loan documents or applicable
law.

(continued on back)



EXHIBIT
5

02/22/08
Account Number 7927
Page Two

You are hereby notified your credit rating may be adversely
affected if you fail to fulfill the terms of your credit
obligations.  You are also notified we may visit the
above-referenced property from time to time to determine its
condition and occupancy status, the costs of which you will be
responsible for.

Unless we receive full payment of all past-due amounts, we will
accelerate the maturity of the loan, declare the obligation due
and payable without further demand, and begin foreclosure
proceedings.  This could result in the loss of your property.
You have the right to assert or defend the non-existence of a
default and you may have other rights under state law.

Once in foreclosure, you have the right to reinstate your
account up to five days prior to the foreclosure sale of the
property if: 1) you pay the total amount due plus any fees, costs
and other amounts accrued through the reinstatement date, and 2)
you take any other action reasonably required by us to assure the
security of the property, as well as your obligations under the
loan documents continue in full force and effect.

HUD-approved counseling is available on FHA guaranteed loans by
calling 800-569-4287.  If you would like to discuss any matter
contained in this notice, we encourage you to contact our loan
counselors immediately at 800-799-9250.


Collection Department
Loan Servicing

Notice - This is an attempt to collect a debt and any information
obtained will be used for that purpose.  If your debt has been
discharged in bankruptcy, our rights are being exercised against
the collateral for the above-referenced loan, not as a personal
liability.

5020

## Homecomings Account Statement

**CUSTOMER INFORMATION**

Name:   MICHAEL A MARTIN
        MARY COLLETTE MARTIN
Account Number:   ■■■■7927
Home Phone #:   (423)304-2012

**PROPERTY ADDRESS**

1021 ENGLEWOOD AV
CHATTANOOGA    TN 37405

**Homecomings Financial**
*A GMAC Company*

Visit us at www.homecomings.com for
account information or to apply on-line.

951191 04J06J07 09 30  0031166 30080319 HC393109 HORTG    I 02 DOM HC31631000a× 146316    NO
#BWNHJPY
#KW75570H12483#

|||III|II|I||II|II||IIII||I||I|II||II|II|

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE
CHATTANOOGA TN 37405-2311



Customer Care Inquiries:   1-800-206-2901
Home Financing Needs:   1-877-695-3633

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquires on the reverse side

### Account Information

| | |
|---|---|
| Account Number | ■■■■7927 |
| Current Statement Date | March 18, 2008 |
| Maturity Date | September 01, 2032 |
| Interest Rate | 10.00000 |
| Current Principal Balance* | $107,615.90 |
| Current Escrow Balance | $236.55- |
| Interest Paid Year-to-Date | $1,795.73 |
| Taxes Paid Year-to-Date | $0.00 |

For Customer Care inquiries call:  1-800-206-2901
For Insurance inquiries call:   1-800-237-6787
For Payment Arrangements call:  1-800-799-9250

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $982.88 |
| Subsidy/Buydown | $0.00 |
| Escrow | $400.60 |
| Amount Past Due | $4,150.44 |
| Outstanding Late Charges | $884.52 |
| Other | $141.25 |
| Total Amount Due | $6,559.69 |
| Account Due Date | January 01, 2008 |

### Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PROP INSPECTION FEE | 12/01/07 | 03/04/08 | $11.25 | | | | | | $11.25 |
| Payment | 12/01/07 | 02/22/08 | $1,383.48 | $85.37 | $897.51 | $400.60 | | | |
| CORP ADV 3 DRM | 11/01/07 | 02/19/08 | $85.00 | | | | | | $85.00 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

See back for automatic payment sign-up information and other payment options.

### Important News

Pay down debt! Fund a home improvement project or tuition! Call the number above to apply
for a Home Equity Line or Loan!

See Reverse Side For Important Information
**Mail This Portion With Your Payment**

EXHIBIT
6

Mortgage Payment Coupon

| | |
|---|---|
| Account Number | ███7927 |
| Current Statement Date | March 18, 2008 |
| Maturity Date | September 01, 2032 |
| Interest Rate | 10.00000 |
| Current Principal Balance* | $107,615.90 |
| Current Escrow Balance | $236.55- |
| Interest Paid Year-to-Date | $1,795.73 |
| Taxes Paid Year-to-Date | $0.00 |

| | |
|---|---|
| Principal and Interest | $982.88 |
| Subsidy/Buydown | $0.00 |
| Escrow | $400.60 |
| Amount Past Due | $4,150.44 |
| Outstanding Late Charges | $884.52 |
| Other | $141.25 |
| Total Amount Due | $6,559.69 |
| Account Due Date | January 01, 2008 |

For Customer Care inquiries call: 1-800-206-2901
For Insurance inquiries call:    1-800-237-6787
For Payment Arrangements call:  1-800-799-9250

## Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PROP INSPECTION FEE | 12/01/07 | 03/04/08 | $11.25 | | | | | | $11.25 |
| Payment | 12/01/07 | 02/22/08 | $1,383.48 | $85.37 | $897.51 | $400.60 | | | |
| CORP ADV 3 DRW | 11/01/07 | 02/19/08 | $85.00 | | | | | | $85.00 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

See back for automatic payment sign-up information and other payment options.

## Important News

Pay down debt! Fund a home improvement project or tuition! Call the number above to apply for a Home Equity Line or Loan!

See Reverse Side For Important Information

## Mail This Portion With Your Payment

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Total Amt. Due | Amount Due With Late Fee If Received 15 Days AFTER Due Date | Homecomings Financial |
|---|---|---|---|---|---|
| 7927 | 01/01/08 | $1,383.48 | $6,559.69 | $1,432.62 | |

MICHAEL A MARTIN

| Please assist Homecomings in applying your payment | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

HOMECOMINGS FINANCIAL
PO BOX 9001719
LOUISVILLE KY 40290-1719

02    0108    ███7927    00138348    04914    22222    4



LAW OFFICES

# McCURDY&CANDLER,L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
TELEPHONE 404-373-1612

MAILING ADDRESS

P O BOX 57
DECATUR, GEORGIA 30031

JULIUS A. McCURDY (1903 1993)
SCOTT CANDLER, JR. (1926 1984)
J. ROBIN HARRIS (1925 1989)

JOHN WALTER DRAKE           DONALD C. SUESSMITH, Jr
ALAN E. RAUBER              CHRISTIE G. HENNINGS **
JOHN C. SAMMON             J. MICHAEL DUGAN *
ANTHONY DEMARLO            DEBORAH Y. CHANDLER
SCOTT CANDLER, III          KARL P. ENGDLE
CLARK E. CANDLER            FRANK R. OLSON ****
EDNA E. HAWES              TONYA M. KING*****
SIDNEY A. GELERNTER *       A. BRETT VERNER

BANKRUPTCY DEPT. TELECOPIER 404-370-7237
FORECLOSURE DEPT. TELECOPIER 404-370-7232
POST-FORECLOSURE DEPT. TELECOPIER 404-214-5245

OF COUNSEL:
REBECCA A. HOELTING          R. THEODORE SMITH (RETIRED)
TERRI A. CANDLER            H. RAIFORD HODGES, JR. (RETIRED)
MARGARET C. COURTRIGHT ***

WEBSITE
www.mccurdycandler.com

*ALSO ADMITTED IN TENNESSEE        *ALSO ADMITTED IN ALABAMA
*** ALSO ADMITTED IN NORTH CAROLINA
**** ALSO ADMITTED IN NORTH CAROLINA AND TENNESSEE
*****ALSO ADMITTED IN FLORIDA

April 14, 2008

Mary C. Martin and Michael A. Martin
1021 Englewood Avenue
Chattanooga, TN 37405

Re:  Our File No.:      08-08625
     Loan No.:          ███████7927
     Payoff:            $116,223.39
     Borrower Name:     Mary C. Martin and Michael A. Martin
     Property Address:  1021 Englewood Avenue
                        Chattanooga, TN 37405

Mortgage Company: Homecomings Financial

Dear Borrower:

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692
INITIAL COMMUNICATION LETTER

    This law firm represents Mortgage Electronic Registration Systems, Inc. the creditor on the above
referenced loan. This letter is to advise you that we have been retained to collect the debt secured by the above-
referenced property, which may involve foreclosure proceedings against said property. As of the date of this
letter, you owe $116,223.39. Because of interest, late charges, and other charges that may vary from day to day,
the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment
may be necessary after we receive your check, in which event we will inform you before depositing the check
for collection. For further information, you may call our loss mitigation department at 1-866-303-0517.

    This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for
that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt,
or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute,
we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original
creditor, and you make a written request to this law firm within thirty (30) days after receipt of this notice, then
the name and address of the original creditor will be mailed to you by this law firm. We may commence the
foreclosure action without waiting thirty (30) days, if so requested by our client.

EXHIBIT
7



Page 2

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Tennessee law.

All communication about the loan must now be made through this law firm. For further information about this matter you may contact this office using the following toll free number: 1-866-303-0517. The lender may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the lender may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, restructure of your loan, loan modification or some other mutual agreement. The lender is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the lender will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact our office at our toll free number of 1-866-303-0517 immediately regarding your situation.

BE GOVERNED ACCORDINGLY.

Sincerely,

*Laura Grifka*
Laura Grifka

LG/pbogle

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

**Homecomings Financial**
*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

*(handwritten: Loss Mitigation (800) 799-9250)*

04/15/08    S x 874-3255

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE

CHATTANOOGA TN 37405-2311

RE:    Account Number    ███ 7927
       Property Address   1021 ENGLEWOOD AV

                          CHATTANOOGA TN 37405

Dear MICHAEL A MARTIN
     MARY COLLETTE MARTIN

We want to inform you that the foreclosure sale on your home has
been scheduled for 05/15/08. TIME IS RUNNING OUT. It is extremely
important to contact us. Working together, we may find a solution
before it's too late. You must contact us immediately so that we
can resolve your delinquency before your home goes to foreclosure
sale.

There is still a short period of time left, but we cannot help
you unless you contact us. If your house is worth less than what
is owed on the property or you've spoken with others about
resolving your delinquent mortgage, please contact us. You are in
jeopardy of losing your home through foreclosure, creating a
potential tax liability and severely damaging your credit rating.
We can only attempt to provide a solution if you contact us.

The foreclosure process has already begun and will continue to
proceed until either the foreclosure sale occurs or you have
written documentation from us stating that the foreclosure
process has been stopped.

Do not wait until the last minute to discuss your situation with
us. The longer this situation continues, the more difficult it
becomes to resolve your delinquent loan. Our goal is to solve
this problem, but we cannot help unless you contact us right
away. We can be reached at 800-206-2901.

Loss Mitigation Department
Loan Servicing
5001

*(handwritten: REO Dept (800) 750-0011)*

*(handwritten right: 4/5 Leslie — Dee Baker - Helpful; Catherine - Supervisor; Tweetwood)*

**EXHIBIT**
**8**

* Homeownership counseling is available to you through the
Credit Counseling Resource Center (CCRC), an alliance of
consumer credit counseling agencies. The CCRC has been retained
by Homecomings Financial, LLC          to provide advice to you
on credit issues, including how to reduce debt and improve cash
flow management capabilities. You may contact them at
1-877-806-0775 for assistance at no cost to you, or you may wish
to contact a HUD-approved counseling agency by calling
1-800-569-4287 for further information.

*Fax Graffiti Post Agril*
*to A 214-9573*

LAW OFFICES

# McCURDY&CANDLER,L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
TELEPHONE 404-373-1612

JULIUS A. McCURDY (1903-1993)
SCOTT CANDLER, JR (1928-1994)
J ROBIN HARRIS (1925-1969)

MAILING ADDRESS

P O BOX 57
DECATUR, GEORGIA 30031

JOHN WALTER DRAKE           DONALD C. SUESSMITH, Jr
ALAN E. RAUBER              CHRISTIE G HENNINGS **
JOHN C. SAMMON              J MICHAEL DUGAN *
ANTHONY DEMARLO             DEBORAH V. CHANDLER
SCOTT CANDLER, III          KARL P ENDERLE
CLARK E. CANDLER            FRANK R OLSON ****
EDNA E. HAWES               TONYA M. KING*****
SIDNEY A. GELERNTER *       A BRETT WERNER

BANKRUPTCY DEPT  TELECOPIER 404-370-7237
FORECLOSURE DEPT TELECOPIER 404-370-7232
POST-FORECLOSURE DEPT  TELECOPIER 404-214-5245

OF COUNSEL

REBECCA A. HOELTING         R THEODORE SMITH (RETIRED)
TERRI A. CANDLER            H. RAIFORD HODGES, JR (RETIRED)
MARGARET C. COURTRIGHT **

WEBSITE
www.mccurdycandler.com

*ALSO ADMITTED IN TENNESSEE    **ALSO ADMITTED IN ALABAMA
*** ALSO ADMITTED IN NORTH CAROLINA
**** ALSO ADMITTED IN NORTH CAROLINA AND TENNESSEE
*****ALSO ADMITTED IN FLORIDA

April 21, 2008

<u>Certified Mail</u>
<u>Return Requested 70073020000083406710</u>
<u>and Regular Mail</u>

Mary Collette Martin and Michael A. Martin
1021 Englewood Avenue
Chattanooga, TN 37405

RE:    NOTICE OF FORECLOSURE SALE ENCLOSED
       Our File No.:        08-08625
       Loan No.:         ███████7927
       Borrower Name:     Mary Collette Martin and Michael A. Martin
       Property Address:  1021 Englewood Avenue
                          Chattanooga, TN 37405

Dear Sir or Madam:

By letter dated April 14, 2008, (the "Initial Communication Letter"), I notified you that the above-referenced lender has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

A failure to comply with the terms of the above loan with Mortgage Electronic Registration Systems, Inc. has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by Mortgage Electronic Registration Systems, Inc. on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on Thursday, May 22, 2008, before the courthouse door of Hamilton County, Tennessee.



EXHIBIT
9

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

All communication about the loan must now be made through this law firm. For further information about this matter you may contact this office using the following toll free number: 1-866-303-0517. The lender may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the lender may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, restructure of your loan, loan modification or some other mutual agreement. The lender is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the lender will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact our office at our toll free number of 1-866-303-0517 immediately regarding your situation.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Chattanooga Free Press for publication.

<u>BE GOVERNED ACCORDINGLY.</u>

McCurdy & Candler, L.L.C.

*Laura Grifka*

Laura Grifka
Attorney for Mortgage Electronic Registration Systems, Inc.

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LG/pbogle

### SUBSTITUTE TRUSTEE'S SALE

TENNESSEE, HAMILTON COUNTY

**WHEREAS** default having been made in the payment of the indebtedness, secured by a Deed of Trust executed by Mary Collette Martin and Michael A. Martin to C. Chadd Younge, Trustee dated August 30, 2002 in the amount of $112,000.00, and recorded in the Register's Office of Hamilton County, Tennessee in Deed Book G16367, Page 27, ("Deed of Trust");

**WHEREAS** the beneficial interest of said Deed of Trust was last transferred to Mortgage Electronic Registration Systems, Inc. by assignment; and

**WHEREAS** Mortgage Electronic Registration Systems, Inc. the current owner and holder of said Deed of Trust (the "Owner and Holder"), appointed the undersigned, Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka, as Substitute Trustee by instrument filed for record in the Register's Office of Hamilton County, Tennessee with all the rights, powers and privileges of the original Trustee named in said Deed of Trust; and

**NOW, THEREFORE**, notice is hereby given that the entire amount of said indebtedness has been declared due as provided in said Deed of Trust by the Owner and Holder, and the undersigned Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka, Substitute Trustee, or a duly appointed attorneys or agents, by virtue of the power and authority vested in the Appointment of Substitute Trustee, will on Thursday, May 22, 2008 commencing at 11:30am at the Walnut Street side of the Courthouse steps, Hamilton County Courthouse, Chattanooga, Tennessee; proceed to sell at public outcry to the highest bidder for cash, the property described in said deed to-wit:

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, Page 26 of the Registers Office of Hamilton County, Tennessee. According to said plat lots from one tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and extending back Northeastwardly to the Southwest line of Lots 3, 4, 5 and 6 on which it has a footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Registers Office of Hamilton County, Tennessee.

Subject to water and sewer easement reserved in Book 940, Page 177, of the Registers Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O, Vol. 23, Page 692 of the Registers Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

For prior title see Book 5251, Page 567 in the Registers Office of Hamilton County, Tennessee.

Map & Parcel No.: 127ID005

**PROPERTY ADDRESS:** 1021 Englewood Avenue, Chattanooga, Tennessee 37405
**CURRENT OWNER(S):** Mary Collette Martin
**SUBORDINATE LIENHOLDERS:** N/A
**OTHER INTERESTED PARTIES:** N/A

All right and equity of redemption, statutory or otherwise, homestead, and dower are expressly waived in said Deed of Trust, and the title is believed to be good, but the undersigned will sell and convey only as Substitute Trustee.

The sale will be held subject to any unpaid taxes, assessments, rights-of-way, easements, protective covenants or restrictions, liens, and other superior matters of record which may affect said property; as well as any prior liens or encumbrances as well as priority created by a fixture filing; and/or any matter that an accurate survey of the premises might disclose.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

Notice has been given of intention to collect attorneys' fees in accordance with the terms of the note secured by said deed.

The right is reserved to adjourn the day of the sale to another day, time and place certain without further publication, upon announcement at the time and place for the sale set forth above.

Frank R. Olson, Sidney A. Gelernter, J. Michael Dugan or Laura A. Grifka
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com

File No. 08-08625 /CONV
Ad Run Dates: 4/30, 5/7, 5/14
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**Homecomings Financial**
*A GMAC Company*

5/2/2008

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE
CHATTANOOGA TN 37405-2311

Re: Loan Number    ████ 7927
    Property    1021 ENGLEWOOD AV
                CHATTANOOGA TN 37405

Dear MICHAEL A MARTIN and MARY COLLETTE MARTIN:

This Repayment Agreement, ('Agreement'), Made 5/2/2008, (the 'Effective Date'), between MICHAEL A
MARTIN and MARY COLLETTE MARTIN and Homecomings Financial, LLC, ('Lender') and amends and
supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated 08/30/02 and (2)
the promissory note ('Note') bearing the same date as , and secured by, the Security Instrument which covers the
real and personal property described in the Security Instrument.

Borrower acknowledges that Lender is the legal holder and owner of the Note and Security Instrument and further
acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the
'Lender' as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows,
(notwithstanding anything to the contrary in the Note or Security Instrument):

1.  Payments must be received on or before the due date of Agreement or this Agreement will be null and void.

2.  All payments must be mailed to:

        Homecomings Financial, LLC
        Attn: Payment Processing Center
        3451 Hammond Avenue
        Waterloo, IA  50702

3.  There presently remains an outstanding indebtedness to the Lender pursuant to a note (the 'Note') and
mortgage (the 'Mortgage') or equivalent Security Instrument executed on 08/30/02 in the original principal
amount of $112,000.00.

EXHIBIT
10

06/05/2008 12:59 FAX                                                                     Ø007/008

4. Lender has instituted foreclosure proceedings against the property securing the indebtedness which will continue to be in full force and effect until the default described herein are cured except as otherwise provided in this agreement.

5. Lender agrees to suspend foreclosure activity on the delinquent account provided that you execute and return this Agreement and the initial payment toward the delinquency in the amount of $2766.96 no later than 04/28/08.

We will require you to make 2 payments at a modified payment amount. At the conclusion of the scheduled payments below, we will review your situation to determine the best option for resolving the remaining delinquency. Your payments are due and payable as follows:

| Date | Amount: |
|------|---------|
| 04/28/08 | $ 2766.96 |
| 05/28/08 | $ 1383.48 |

All payments remitted under this trial plan must be in the form of certified funds (cashier's check, money order, or Western Union Quick Collect)

6. If a notice of a new or subsequent Bankruptcy is filed during the payments, this Agreement will automatically be voided.

7. We will honor the Agreement if all of the described conditions and requirements are met. If at any time you fail to comply with any of the above-described conditions and requirements, this Agreement will be considered null and void and will resume foreclosure.

Please sign and return this Agreement by 04/28/08.

If the Agreement is cancelled, terminated, or rescinded for any reason, funds remitted will not be refunded and the Loan Modification will not be processed. Any funds received will be applied to the loan.

It is expressly understood and agreed that the default is not cured or waived by acceptance of any monies paid hereunder.

If you should have any questions, please contact me at 1-800-799-9250.

Loan Modification Department

_____        _____        _____        _____
    MICHAEL A MARTIN               Date            MARY COLLETTE MARTIN           Date

Upon receipt of the trial plan, we will also execute indicate our concurrence with this agreement.

CONFIDENTIAL                    Page 1 of 1



mailing.

## Checks for Payment Processing

- Upon receipt of checks from Pitney Bowes and other departments in the basket on the support person's desk, measure the check stack, and enter the measurement into the ...shared/pmts/incoming mail counts spreadsheet.xls. For tax, insurance, single trustee and multi trustee checks actual counts of checks will be entered into the appropriate section of the incoming mail counts spreadsheet. The checks are then placed in the appropriate basket.

## Unidentified Checks

- Send the unidentified check back to the sender with appropriate letter using the Unidentified Mail Merge process.
- Add the date the check was returned, dollar amount, check number, and name and address to the Return Unidentified Check spreadsheet located at s:/shared/cash operations/returnunidentified.xls in the Unidentified tab.

Note: Pitney Bowes logs any checks not identified the same day a receipt in the Return Unidentified Check spreadsheet in Unidentified cks in PB tab. Once identified, the check is delivered to Payment Processing. Payment Processing posts the check with the applicable effective date; if not identified within two weeks, the checks are delivered to Payment Processing to be returned as noted in the above bullet points.

## GMACM Named Express Mail



CONFIDENTIAL

UNIDENTIF
IED
RETURNE
D CHECKS

| DATE | DOLLAR AMOUNT | CHECK NUMBER | NAME1 | NAME2 | ADDRESS | CITYSTATEZIP |
|---|---|---|---|---|---|---|
| 04/02/08 | 400.38 | REDACTED | REDACTED | REDACTED | REDACTED | Rochester MN 55904 |
| 04/02/08 | 1,000.00 | REDACTED | REDACTED | | REDACTED | Laredo TX 78045 |
| 04/02/08 | 1,252.56 | REDACTED | REDACTED | | REDACTED | San Jose CA 95112 |
| 04/02/08 | 824.00 | REDACTED | REDACTED | | REDACTED | Colver PA 15927 |
| 04/02/08 | 1,242.31 | REDACTED | REDACTED | | REDACTED | Goshen IN 46528 |
| 04/02/08 | 1,175.89 | REDACTED | REDACTED | | REDACTED | Phoenix AZ 85021 |
| 04/02/08 | 13,235.55 | REDACTED | REDACTED | | REDACTED | Hudson FL 34669 |
| 04/02/08 | 210.38 | REDACTED | REDACTED | | REDACTED | Hollywood FL 33020 |
| 04/02/08 | 1,200.00 | REDACTED | REDACTED | REDACTED | REDACTED | Cartersville GA 30121 |
| 04/02/08 | 1,600.00 | REDACTED | REDACTED | REDACTED | REDACTED | Norfolk VA 23518 |
| 04/02/08 | 1,600.00 | REDACTED | REDACTED | | REDACTED | Hurst TX 76053 |
| 04/02/08 | 524.52 | REDACTED | REDACTED | REDACTED | REDACTED | Saint Louis Park MN 55426 |
| 04/02/08 | 1,955.17 | REDACTED | REDACTED | | REDACTED | Miami FL 33177 |
| 04/02/08 | 1,000.00 | REDACTED | REDACTED | | REDACTED | Lockport IL 60441 |
| 04/02/08 | 45.00 | REDACTED | REDACTED | | REDACTED | Miami Beach FL 33139 |
| 04/02/08 | 3,207.66 | REDACTED | REDACTED | | REDACTED | El Monte CA 91731 |
| 04/02/08 | 26.00 | REDACTED | REDACTED | | REDACTED | Plattsburgh NY 12901 |
| 04/02/08 | 12,005.55 | REDACTED | REDACTED | REDACTED | REDACTED | Naples FL 34119 |
| 04/02/08 | 1,444.80 | REDACTED | REDACTED | REDACTED | REDACTED | North Miami FL 33161 |
| 04/02/08 | 646.51 | REDACTED | REDACTED | | REDACTED | Jackson WY 83002 |
| 04/02/08 | 700.00 | REDACTED | REDACTED | REDACTED | REDACTED | Kirkland WA 98033 |
| 04/02/08 | 2,288.61 | REDACTED | REDACTED | | REDACTED | Shoreline WA 98133 |
| 04/02/08 | 662.52 | REDACTED | REDACTED | REDACTED | REDACTED | McNeal AZ 85617 |
| 04/02/08 | 10,052.12 | REDACTED | REDACTED | REDACTED | REDACTED | Yorba Linda CA 92887 |
| 04/02/08 | 2000.00 & 596.96 | REDACTED | REDACTED | | REDACTED | Arlington VA 22215 |
| 04/02/08 | 627.41 | REDACTED | REDACTED | | REDACTED | Burlington NC 27217 |
| 04/02/08 | 350.00 | REDACTED | REDACTED | | REDACTED | Steamboat Springs CO 80488 |
| 04/02/08 | 182.68 | REDACTED | REDACTED | | REDACTED | Arlington TX 76014 |
| 04/02/08 | 2,305.52 | REDACTED | REDACTED | REDACTED | REDACTED | Charlotte NC 28262 |



EXHIBIT
12

| | | | | | |
|---|---|---|---|---|---|
| 04/02/08 | 94.43 | REDACTED REDACTED | | REDACTED | Florissant MO 63033 |
| 04/02/08 | 757.08 | REDACTED REDACTED | | REDACTED | Tampa FL 33605 |
| 04/02/08 | 592.16 | REDACTED REDACTED | REDACTED | REDACTED | Falmouth MA 02541 |
| 04/02/08 | 294.60 | REDACTED REDACTED | REDACTED | REDACTED | Chebanse IL 60922 |
| 04/02/08 | 789.19 | REDACTED REDACTED | | REDACTED | Bronx NY 10463 |
| 04/02/08 | 1,700.00 | REDACTED REDACTED | REDACTED | REDACTED | Assonet MA 02702 |
| 04/02/08 | 773.69 | REDACTED REDACTED | | REDACTED | Tuscaloosa AL 35404 |
| 04/02/08 | 4,065.08 | REDACTED REDACTED | | REDACTED | Southbridge MA 01550 |
| 04/02/08 | 1,981.67 | REDACTED REDACTED | | REDACTED | Paterson NJ 07524 |
| 04/02/08 | 509.15 | REDACTED REDACTED | | REDACTED | Canton OH 44709 |
| 04/02/08 | 24.60 | REDACTED REDACTED | | REDACTED | W Hampton Beach NY 11978 |
| 04/02/08 | 1,114.57 | REDACTED REDACTED | | REDACTED | Austin TX 78704 |
| 04/02/08 | 506.57 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46220 |
| 04/02/08 | 1,162.07 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 04/02/08 | 9,649.89 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85072 |
| 04/02/08 | 10,000.00 | REDACTED REDACTED | | REDACTED | Anchorage AK 99507 |
| 04/02/08 | 175.00 | REDACTED REDACTED | REDACTED | REDACTED | Newark DE 19702 |
| 04/02/08 | 700.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/02/08 | 5,068.06 | REDACTED REDACTED | | REDACTED | Tacoma WA 98409 |
| 04/02/08 | 631.72 | REDACTED REDACTED | | REDACTED | Newburyport MA 01950 |
| 04/02/08 | 1,350.00 | REDACTED REDACTED | | REDACTED | Pittsburgh PA 15219 |
| 04/02/08 | 4,197.09 | REDACTED REDACTED | | REDACTED | Walla Walla WA 99362 |
| 04/02/08 | 803.80 | REDACTED REDACTED | | REDACTED | Brooklyn OH 44144 |
| 04/02/08 | 3,045.59 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 04/02/08 | 603.00 | REDACTED REDACTED | | REDACTED | Columbus OH 43219 |
| 04/02/08 | 1000.00 & 158.65 | REDACTED REDACTED | | REDACTED | Stratford OK 74872 |
| 04/02/08 | 1,300.00 | REDACTED REDACTED | | REDACTED | Kailua Kona HI 96740 |
| 04/02/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | Horsham PA 19044 |
| 04/02/08 | 678.38 | REDACTED REDACTED | | REDACTED | Hanover MD 21076 |
| 04/02/08 | 1,109.17 | REDACTED REDACTED | | REDACTED | Basking Ridge NJ 07920 |
| 04/02/08 | 188.79 | REDACTED REDACTED | | REDACTED | Parsippany NJ 07054 |
| 04/02/08 | 575.55 | REDACTED REDACTED | | REDACTED | Chicago IL 60185 |
| 04/02/08 | 157.53 | REDACTED REDACTED | REDACTED | REDACTED | Springfield MA 01138 |
| 04/02/08 | 378.77 | REDACTED REDACTED | | REDACTED | Folsom CA 95630 |
| 04/02/08 | 6,000.00 | REDACTED REDACTED | | REDACTED | Camden NJ 08104 |

| Date | Amount | | | | | Location |
|------|--------|---|---|---|---|----------|
| 04/02/08 | 2,211.11 | REDACTED | REDACTED | | REDACTED | Huntington Valley CA 19006 |
| 04/02/08 | 500.00 | REDACTED | REDACTED | REDACTED | REDACTED | Smyrna GA 30080 |
| 04/02/08 | 1,136.61 | REDACTED | REDACTED | | REDACTED | El Paso TX 79925 |
| 04/02/08 | 2369.31 & 772.67 | REDACTED | REDACTED | | REDACTED | San Francisco CA 94104 |
| 04/02/08 | 2,358.32 | REDACTED | REDACTED | | REDACTED | Everett WA 98201 |
| 04/02/08 | 3,388.47 | REDACTED | REDACTED | | REDACTED | Gary IN 46408 |
| 04/02/08 | 300.00 &1000.00 | REDACTED | REDACTED | | REDACTED | Tampa FL 33622 |
| 04/02/08 | 1,484.50 | REDACTED | REDACTED | | REDACTED | Xenia OH 45385 |
| 04/02/08 | 1,094.00 | REDACTED | REDACTED | | REDACTED | N Charleston SC 29419 |
| 04/02/08 | 460.42 | REDACTED | REDACTED | | REDACTED | St Louis MO 63180 |
| 04/02/08 | 64,500.00 | REDACTED | REDACTED | | REDACTED | Englewood CO 80111 |
| 04/02/08 | 2,169.64 | REDACTED | REDACTED | | REDACTED | Dallas TX 75202 |
| 04/02/08 | 1,400.00 | REDACTED | REDACTED | | REDACTED | Dallas TX 75283 |
| 04/02/08 | 5,000.00 | REDACTED | REDACTED | | REDACTED | Englewood CO 80111 |
| 04/02/08 | 800.00 | REDACTED | REDACTED | | REDACTED | Seattle WA 98104 |
| 04/02/08 | 2,147.20 | REDACTED | REDACTED | | REDACTED | Lombard IL 60148 |
| 04/02/08 | 100.00 | REDACTED | REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/02/08 | 4,128.67 | REDACTED | REDACTED | | REDACTED | Grand Rapids MI 49503 |
| 04/02/08 | 3,828.92 | REDACTED | REDACTED | | REDACTED | New Castle DE 19720 |
| 04/02/08 | 600.00 | REDACTED | REDACTED | | REDACTED | Englewood CO 80111 |
| 04/02/08 | 1,200.00 | REDACTED | REDACTED | | REDACTED | Englewood CO 80111 |
| 04/03/08 | 200.00 | REDACTED | REDACTED | | REDACTED | Auburn AL 36830 |
| 04/03/08 | 400.00 | REDACTED | REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/03/08 | 1,320.42 | REDACTED | REDACTED | | REDACTED | Houston TX 77042 |
| 04/03/08 | 4,332.14 | REDACTED | REDACTED | | REDACTED | Denver CO 80202 |
| 04/03/08 | 500.00 | REDACTED | REDACTED | | REDACTED | Indian Harbour Beach FL 32937 |
| 04/03/08 | 1,743.30 | REDACTED | REDACTED | | REDACTED | Little Rock AR 72203 |
| 04/03/08 | 1,235.91 | REDACTED | REDACTED | | REDACTED | Hollywood FL 33021 |
| 04/03/08 | 500.00 | REDACTED | REDACTED | | REDACTED | Fort Worth TX 76119 |
| 04/03/08 | 8,948.70 | REDACTED | REDACTED | REDACTED | REDACTED | Richardson TX 75083 |
| 04/03/08 | 1,397.33 | REDACTED | REDACTED | | REDACTED | Glassboro NJ 08028 |
| 04/03/08 | 945.02 | REDACTED | REDACTED | REDACTED | REDACTED | Causeway Bay Hong Kong |
| 04/03/08 | 1,300.00 | REDACTED | REDACTED | | REDACTED | Rome NY 13440 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 04/03/08 | 9,049.65 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 04/03/08 | 8,227.43 | REDACTED REDACTED | | REDACTED | Philadelphia PA 19103 |
| 04/03/08 | 3,517.70 | REDACTED REDACTED | | REDACTED | San Diego CA 92186 |
| 04/09/08 | 267.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/09/08 | 1,818.96 | REDACTED REDACTED | | REDACTED | Kingwood TX 77339 |
| 04/09/08 | 728.37 | REDACTED REDACTED | REDACTED | REDACTED | Allentown PA 18103 |
| 04/09/08 | 1431.17 & 1250.00 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 04/09/08 | 4,000.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/09/08 | 1,677.65 | REDACTED REDACTED | | REDACTED | Tampa FL 33672 |
| 04/09/08 | 276.35 | REDACTED REDACTED | | REDACTED | Dunlap TN 37327 |
| 04/09/08 | 150.00 | REDACTED REDACTED | REDACTED | REDACTED | Johnstown PA 15901 |
| 04/09/08 | 1,007.32 | REDACTED REDACTED | | REDACTED | North Lindenhurst NY 11757 |
| 04/09/08 | 9,649.89 | REDACTED REDACTED | | REDACTED | San Francisco CA 94104 |
| 04/09/08 | 645.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/09/08 | 632.82 | REDACTED REDACTED | | REDACTED | San Diego CA 92121 |
| 04/09/08 | 2,964.09 | REDACTED REDACTED | | REDACTED | Rancho Cordova CA 95741 |
| 04/09/08 | 2,200.00 | REDACTED REDACTED | | REDACTED | Brooklyn NY 11205 |
| 04/09/08 | 2,800.00 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90017 |
| 04/09/08 | 1,600.00 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 04/09/08 | 1,700.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 04/09/08 | 169.00 | REDACTED REDACTED | | REDACTED | Birmingham AL 35296 |
| 04/09/08 | 2,639.36 | REDACTED REDACTED | | REDACTED | Randolph NJ 07869 |
| 04/09/08 | 8,270.26 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 04/09/08 | 458.03 | REDACTED REDACTED | | REDACTED | Hamilton OH 45012 |
| 04/09/08 | 874.22 | REDACTED REDACTED | | REDACTED | Sherman Oaks CA 91423 |
| 04/09/08 | 168.00 | REDACTED REDACTED | | REDACTED | Lubbock TX 79408 |
| 04/09/08 | 499.33 | REDACTED REDACTED | | REDACTED | Horsham PA 19044 |
| 04/09/08 | 28.44 | REDACTED REDACTED | | REDACTED | Birmingham AL 35259 |
| 04/09/08 | 1,007.62 | REDACTED REDACTED | | REDACTED | Overland Park KS 66211 |
| 04/09/08 | 820.00 | REDACTED REDACTED | | REDACTED | Salt Lake City UT 84107 |
| 04/09/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | Kansas City MO 64120 |

| | | | | | |
|---|---|---|---|---|---|
| 04/09/08 | 688.73 | REDACTED REDACTED | | REDACTED | Smyrna GA 30080 |
| 04/09/08 | 500.00 & 345.00 &<br>950.00 & 395.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/09/08 | 778.94 & 823.12 &<br>698.81 & 1756.01 &<br>781.07 & 1102.30 | REDACTED REDACTED | | REDACTED | Melville NY 11747 |
| 04/09/08 | 1,094.00 | REDACTED REDACTED<br>REDACTED REDACTED | | REDACTED<br>REDACTED | West Springfield MA<br>01090 |
| 04/09/08 | 5,200.00 | REDACTED REDACTED | | REDACTED | Amherst NY 14240 |
| 04/09/08 | 1,236.98 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90017 |
| 04/09/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | LaConner WA 98257 |
| 04/09/08 | 1,500.00 | REDACTED REDACTED | | REDACTED | Orlando FL 32809 |
| 04/09/08 | 10.30 | REDACTED REDACTED | | REDACTED | San Angelo TX 76902 |
| 04/09/08 | 750.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/09/08 | 563.27 | REDACTED REDACTED | | REDACTED | Carthage MO 64836 |
| 04/09/08 | 1,389.84 | REDACTED REDACTED | | REDACTED | Melville NY 11747 |
| 04/09/08 | 1,181.24 | REDACTED REDACTED | | REDACTED | Grand Rapids MI 49503 |
| 04/09/08 | 1,034.35 | REDACTED REDACTED | REDACTED | REDACTED | Ponte Vedra Beach FL<br>32982 |
| 04/09/08 | 1,853.43 | REDACTED REDACTED | | REDACTED | Hialeah FL 33018 |
| 04/09/08 | 617.66 | REDACTED REDACTED | REDACTED | REDACTED | Torrance CA 90501 |
| 04/09/08 | 915.02 | REDACTED REDACTED | | REDACTED | jacksonville FL 32209 |
| 04/09/08 | 500.00 | REDACTED REDACTED | | REDACTED | Flagstaff AZ 86003 |
| 04/09/08 | 598.44 | REDACTED REDACTED | REDACTED | REDACTED | Sanford VA 23426 |
| 04/09/08 | 1,590.60 | REDACTED REDACTED | | REDACTED | Austin TX 78716 |
| 04/09/08 | 2,829.34 | REDACTED REDACTED | | REDACTED | Noblesville IN 46061 |
| 04/09/08 | 150.00 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46203 |
| 04/09/08 | 2,797.23 | REDACTED REDACTED | | REDACTED | Palatine IL 60067 |
| 04/09/08 | 181.00 | REDACTED REDACTED | REDACTED | REDACTED | Kingston Springs TN<br>37082 |
| 04/09/08 | 1,992.51 | REDACTED REDACTED | | REDACTED | South St Paul MN 55075 |
| 04/09/08 | 1,400.00 | REDACTED REDACTED | REDACTED | REDACTED | Pensacola Beach FL<br>32561 |
| 04/09/08 | 805.67 | REDACTED REDACTED | REDACTED | REDACTED | Red Wing MN 55066 |
| 04/09/08 | 4,925.63 | REDACTED REDACTED | | REDACTED | Richmond Hill NY 11418 |
| 04/10/08 | 1,552.62 | REDACTED REDACTED | | REDACTED | Tustin CA 92780 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 04/10/08 | 1,743.40 | REDACTED REDACTED | | REDACTED | Medley FL 33166 |
| 04/10/08 | 534.00 | REDACTED REDACTED | | REDACTED | Tupelo MS 38802 |
| 04/10/08 | 194.56 | REDACTED REDACTED | | REDACTED | Bakersfield CA 93308 |
| 04/10/08 | 14,934.56 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85020 |
| 04/10/08 | 2,811.02 | REDACTED REDACTED | | REDACTED | Everett WA 98201 |
| 04/10/08 | 28,878.70 | REDACTED REDACTED | | REDACTED | Fenton MO 63026 |
| 04/10/08 | 11,751.57 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 04/10/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63118 |
| 04/18/08 | 275.00 | REDACTED REDACTED | | REDACTED | Chicago IL 60609 |
| 04/18/08 | 1100.00 & 2000.00 & 706.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85062 |
| 04/18/08 | 3,000.00 | REDACTED REDACTED | | REDACTED | Denver CO 80205 |
| 04/18/08 | 825.49 | REDACTED REDACTED | | REDACTED | Rock Hill SC 29731 |
| 04/18/08 | 17.05 & 455.38 | REDACTED REDACTED | | REDACTED | Omaha NE 68131 |
| 04/18/08 | 150.00 | REDACTED REDACTED | | REDACTED | Mesa AZ 85203 |
| 04/18/08 | 346.45 | REDACTED REDACTED | | REDACTED | Truckee CA 96162 |
| 04/18/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | Jersey City NJ 07306 |
| 04/18/08 | 717.44 | REDACTED REDACTED | REDACTED | REDACTED | Virginia Beach VA 23452 |
| 04/18/08 | 9,649.89 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85072 |
| 04/18/08 | 708.23 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/18/08 | 6,000.00 | REDACTED REDACTED | | REDACTED | Augusta GA 30901 |
| 04/18/08 | 750.00 | REDACTED REDACTED | | REDACTED | New Haven CT 06511 |
| 04/18/08 | 1,123.77 | REDACTED REDACTED | | REDACTED | Farmington Hills MI 48336 |
| 04/18/08 | 733.67 | REDACTED REDACTED | | REDACTED | Lakewood CO 80226 |
| 04/18/08 | 250.00 | REDACTED REDACTED | | REDACTED | Roanoke VA 24019 |
| 04/18/08 | 577.62 & 5068.06 | REDACTED REDACTED | | REDACTED | Tacoma WA 98409 |
| 04/18/08 | 350.00 | REDACTED REDACTED | REDACTED | REDACTED | Oklahoma City OK 73112 |
| 04/18/08 | 648.42 | REDACTED REDACTED | | REDACTED | Coral Springs FL 33065 |
| 04/18/08 | 3,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Tarpon Springs FL 34689 |
| 04/18/08 | 1,755.25 | REDACTED REDACTED | | REDACTED | Knoxville TN 37939 |
| 04/18/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Irvine CA 92603 |
| 04/18/08 | 5,887.90 | REDACTED REDACTED | | REDACTED | Modesto CA 95356 |
| 04/18/08 | 1,242.31 | REDACTED REDACTED | | REDACTED | South Bend IN 46634 |

| Date | Amount | | | |
|---|---|---|---|---|
| 04/18/08 | 550.00 & 550.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| | 1341.12 & 1500.00 & | | | | |
| 04/18/08 | 1700.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 04/18/08 | 2932.58 & 500.00 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 04/18/08 | 925.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/18/08 | 797.37 & 1000.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| | | | | | |
| 04/18/08 | 1,190.60 | REDACTED REDACTED | | REDACTED | San Francisco CA 94103 |
| 04/18/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/18/08 | 3,000.00 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 04/18/08 | 1,500.00 | REDACTED REDACTED | | REDACTED | Seattle WA 98104 |
| 04/18/08 | 2,200.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/18/08 | 331.99 | REDACTED REDACTED | | REDACTED | Columbus OH 43240 |
| 04/18/08 | 500.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/18/08 | 2,411.64 | REDACTED REDACTED | | REDACTED | Portland OR 97205 |
| 04/18/08 | 93.00 | REDACTED REDACTED | | REDACTED | Southfield MI 48075 |
| 04/18/08 | 2,799.90 | REDACTED REDACTED | REDACTED | REDACTED | Boston MA 02199 |
| 04/18/08 | 47.97 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90076 |
| 04/18/08 | 458.23 & 4377.75 | REDACTED REDACTED | | REDACTED | Flanders NJ 07836 |
| 04/18/08 | 913.88 | REDACTED REDACTED | | REDACTED | Staten Island NY 18310 |
| 04/18/08 | 650.00 | REDACTED REDACTED | REDACTED | REDACTED | Salida CA 95368 |
| 04/18/08 | 222.19 & 222.19 | REDACTED REDACTED | | REDACTED | Norfolk VA 23501 |
| 04/18/08 | 265.40 | REDACTED REDACTED | | REDACTED | Downers Grove IL 60515 |
| 04/18/08 | 402.26 & 402.26 | REDACTED REDACTED | | REDACTED | Oak Brook IL 60523 |
| 04/18/08 | 765.59 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46206 |
| 04/18/08 | 1,900.00 | REDACTED REDACTED | | REDACTED | Cleveland OH 44102 |
| 04/18/08 | 1,600.00 | REDACTED REDACTED | | REDACTED | Royal Oak MI 48073 |
| 04/18/08 | 564.27 | REDACTED REDACTED | | REDACTED | Columbus OH 43232 |
| 04/18/08 | 2,100.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| | | | | | |
| | 5739.39 & 7750.00 & | | | | |
| 04/18/08 | 7906.15 & 7812.30 | REDACTED REDACTED | | REDACTED | Framingham MA 01702 |
| 04/18/08 | 870.00 | REDACTED REDACTED | REDACTED | REDACTED | Anoka MN 55303 |
| 04/18/08 | 200.00 & 700.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/18/08 | 918.00 | REDACTED REDACTED | | REDACTED | Tacoma WA 98401 |
| 04/18/08 | 90.00 | REDACTED REDACTED | | REDACTED | Dickinson ND 58602 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/18/08 | 363.99 | REDACTED REDACTED | | | REDACTED | Marlton NJ 08053 |
| 04/18/08 | 500.00 | REDACTED REDACTED | | | REDACTED | New Orleans LA 70113 |
| 04/18/08 | 3,227.85 | REDACTED REDACTED | | | REDACTED | San Francisco CA 94163 |
| 04/18/08 | 411.00 | REDACTED REDACTED | | | REDACTED | Round Mountain TX 78663 |
| 04/18/08 | 75.00 | REDACTED REDACTED | | | REDACTED | Portland OR 97212 |
| 04/18/08 | 1,221.00 | REDACTED REDACTED | | | REDACTED | Salt Lake City UT 84116 |
| 04/18/08 | 3,608.08 | REDACTED REDACTED | | | REDACTED | Kent WA 98031 |
| 04/18/08 | 1,553.54 | REDACTED REDACTED | | | REDACTED | Providence RI 02903 |
| 04/18/08 | 89.30 | REDACTED REDACTED | REDACTED | | REDACTED | Houston TX 77079 |
| 04/18/08 | 1,175.98 | REDACTED REDACTED | | | REDACTED | Alpharetta GA 30022 |
| 04/18/08 | 1,804.25 | REDACTED REDACTED | REDACTED | | REDACTED | Long Island City NY 11101 |
| 04/18/08 | 1,443.81 | REDACTED REDACTED | | | REDACTED | Columbus GA 31904 |
| 04/18/08 | 765.59 | REDACTED REDACTED | | | REDACTED | Indianapolis IN 46206 |
| 04/18/08 | 247.61 | REDACTED REDACTED | | | REDACTED | Torrance CA 90503 |
| 04/18/08 | 173.22 | REDACTED REDACTED | | | REDACTED | Royal Oak MI 48067 |
| 04/18/08 | 900.00 | REDACTED REDACTED | | | REDACTED | Ocala FL 34470 |
| 04/18/08 | 140.12 | REDACTED REDACTED | | | REDACTED | Mt Laurel NJ 08054 |
| 04/18/08 | 305.00 & 982.63 | REDACTED REDACTED | | | REDACTED | Minneapolis MN 55480 |
| 04/18/08 | 1,353.33 | REDACTED REDACTED | | | REDACTED | Baton Rouge LA 70826 |
| 04/18/08 | 3,400.00 | REDACTED REDACTED | | | REDACTED | Fenton MI 48430 |
| 04/18/08 | 2,770.54 | REDACTED REDACTED | | | REDACTED | Towson MD 21286 |
| 04/18/08 | 693.00 | REDACTED REDACTED | | | REDACTED | Jacksonville FL 32256 |
| 04/18/08 | 1,202.92 | REDACTED REDACTED | REDACTED | | REDACTED | Denver CO 80209 |
| 04/18/08 | 3,231.10 | REDACTED REDACTED | | | REDACTED | Glendale AZ 85304 |
| 04/18/08 | 2,500.00 | REDACTED REDACTED | | | REDACTED | Bronx NY 10469 |
| 04/18/08 | 6,500.00 | REDACTED REDACTED | | | REDACTED | Rockville MD 20855 |
| 04/18/08 | 606.96 | REDACTED REDACTED | | | REDACTED | Rancho Cucamonga CA 91730 |
| 04/18/08 | 3.00 | REDACTED REDACTED | REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/18/08 | 2,500.00 | REDACTED REDACTED | | | REDACTED | Malden MA 02148 |
| 04/18/08 | 287.84 | REDACTED REDACTED | | | REDACTED | Midpines CA 95345 |
| 04/22/08 | 610.00 | REDACTED REDACTED | REDACTED | | REDACTED | Cypress CA 90630 |
| 04/22/08 | 310.00 | REDACTED REDACTED | | | REDACTED | Bakersfield CA 93307 |
| 04/22/08 | 1,045.69 | REDACTED REDACTED | | | REDACTED | Amarillo TX 79118 |

| | | | | | |
|---|---|---|---|---|---|
| 04/22/08 | 457.50 | REDACTED REDACTED | | REDACTED | Austin TX 78758 |
| 04/22/08 | 1,150.00 | REDACTED REDACTED | REDACTED | REDACTED | North Hills CA 91343 |
| 04/22/08 | 371.08 | REDACTED REDACTED | | REDACTED | Maysville WV 26833 |
| 04/22/08 | 550.00 | REDACTED REDACTED | | REDACTED | San Juan TX 78589 |
| 04/22/08 | 1,103.78 | REDACTED REDACTED | REDACTED | REDACTED | Moriches NY 11955 |
| 04/22/08 | 1,800.00 | REDACTED REDACTED | | REDACTED | La Quinta CA 92253 |
| 04/22/08 | 938.00 | REDACTED REDACTED | | REDACTED | Shirley IN 47384 |
| 04/22/08 | 967.91 | REDACTED REDACTED | REDACTED | REDACTED | Elizabeth IN 47117 |
| 04/22/08 | 2,260.25 | REDACTED REDACTED | REDACTED | REDACTED | Pyuallup WA 98373 |
| 04/22/08 | 781.00 | REDACTED REDACTED | | REDACTED | Lafitte LA 70067 |
| 04/22/08 | 247.71 | REDACTED REDACTED | | REDACTED | Benton IL 62812 |
| 04/22/08 | 1800.00 & 1000.00 | REDACTED REDACTED | REDACTED | REDACTED | Maplewood MN 55119 |
| 04/22/08 | 855.23 | REDACTED REDACTED | | REDACTED | Valley Center CA 92082 |
| 04/22/08 | 20.00 | REDACTED REDACTED | | REDACTED | Lisbon ME 04250 |
| 04/22/08 | 874.31 | REDACTED REDACTED | | REDACTED | Houston TX 77025 |
| 04/22/08 | 700.00 | REDACTED REDACTED | | REDACTED | Saint Louis MO 63104 |
| 04/22/08 | 50.90 | REDACTED REDACTED | | REDACTED | Goshen IN 46528 |
| 04/22/08 | 2,239.88 | REDACTED REDACTED | | REDACTED | Redwood City CA 94061 |
| 04/22/08 | 400.00 | REDACTED REDACTED | | REDACTED | St Joseph MI 49085 |
| 04/22/08 | 1,002.75 | REDACTED REDACTED | | REDACTED | Norfolk VA 23517 |
| 04/22/08 | 15,324.18 | REDACTED REDACTED | REDACTED | REDACTED | Bartlett IL 60103 |
| 04/22/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Edwards CO 81632 |
| 04/22/08 | 1,100.00 | REDACTED REDACTED | REDACTED | REDACTED | Camden AR 71701 |
| 04/22/08 | 2,176.00 | REDACTED REDACTED | | REDACTED | Devon PA 19333 |
| 04/22/08 | 143.27 | REDACTED REDACTED | REDACTED | REDACTED | Nampa ID 83651 |
| 04/22/08 | 314.27 | REDACTED REDACTED | | REDACTED | Columbia MO 65201 |
| 04/22/08 | 2,129.70 | REDACTED REDACTED | | REDACTED | Falls Church VA 22043 |
| 04/22/08 | 1,022.77 | REDACTED REDACTED | REDACTED | REDACTED | Iredell TX 76649 |
| 04/22/08 | 40.45 | REDACTED REDACTED | | REDACTED | Houston TX 38851 |
| 04/22/08 | 1,092.89 | REDACTED REDACTED | | REDACTED | Akron IA 51001 |
| 04/22/08 | 374.00 | REDACTED REDACTED | | REDACTED | Coldspring TX 77331 |
| 04/22/08 | 264.29 | REDACTED REDACTED | REDACTED | REDACTED | Corpus Christi TX 78414 |
| 04/22/08 | 979.82 | REDACTED REDACTED | | REDACTED | Mount Vernon WA 98273 |
| 04/22/08 | 2,458.81 | REDACTED REDACTED | REDACTED | REDACTED | Chicago IL 60622 |
| 04/22/08 | 1,629.97 | REDACTED REDACTED | | REDACTED | Oak Harbor WA 98277 |
| 04/22/08 | 200.00 | REDACTED REDACTED | | REDACTED | Charlotte NC 28214 |

| | | | | | |
|---|---|---|---|---|---|
| 04/22/08 | 1,600.00 | REDACTED REDACTED | | REDACTED | Palmdale CA 93552 |
| 04/22/08 | 526.47 | REDACTED REDACTED | REDACTED | REDACTED | Lake Butler FL 32054 |
| 04/22/08 | 608.00 | REDACTED REDACTED | | REDACTED | Oceanside CA 92054 |
| 04/22/08 | 1,900.00 | REDACTED REDACTED | | REDACTED | Fremont CA 94538 |
| 04/22/08 | 500.00 & 418.89 | REDACTED REDACTED | | REDACTED | Rancho Cucamonga CA 91730 |
| 04/22/08 | 963.62 | REDACTED REDACTED | | REDACTED | Corinth TX 76210 |
| 04/22/08 | 646.51 | REDACTED REDACTED | | REDACTED | Jackson WY 83002 |
| 04/22/08 | 1,118.86 | REDACTED REDACTED | REDACTED | REDACTED | Epson NH 03234 |
| 04/22/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Elizabeth IN 47117 |
| 04/22/08 | 5.00 | REDACTED REDACTED | REDACTED | REDACTED | Santa Ana CA 92704 |
| 04/25/08 | 1,045.00 | REDACTED REDACTED | REDACTED | REDACTED | Cleveland OH 44114 |
| 04/25/08 | 3859.16 & 2877.88 & 4000.00 | REDACTED REDACTED | | REDACTED | San Francisco CA 91463 |
| 04/25/08 | 2,300.00 | REDACTED REDACTED | REDACTED | REDACTED | Miami FL 33150 |
| 04/25/08 | 491.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/25/08 | 904.99 | REDACTED REDACTED | | REDACTED | St Petersburg FL 33710 |
| 04/25/08 | 0.72 | REDACTED REDACTED | | REDACTED | New Brunswick NJ 08901 |
| 04/25/08 | 1,543.08 | REDACTED REDACTED | REDACTED | REDACTED | Minneapolis MN 55402 |
| 04/25/08 | 1,263.02 | REDACTED REDACTED | | REDACTED | Menomonie WI 54751 |
| 04/25/08 | 4,639.52 | REDACTED REDACTED | | REDACTED | Howell NJ 07731 |
| 04/25/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | Bethesda MD 20814 |
| 04/25/08 | 670.00 | REDACTED REDACTED | | REDACTED | Lowell AR 72745 |
| 04/25/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | Bakersfield CA 93301 |
| 04/25/08 | 2,250.00 | REDACTED REDACTED | | REDACTED | Seattle WA 98104 |
| 04/25/08 | 1,465.00 | REDACTED REDACTED | | REDACTED | Richmond VA 23227 |
| 04/25/08 | 1,538.58 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 04/25/08 | 1500.00 & 4086.18 | REDACTED REDACTED | | REDACTED | San Francisco CA 94103 |
| 04/25/08 | 632.82 | REDACTED REDACTED | | REDACTED | San Diego CA 92121 |
| 04/25/08 | 4,036.21 | REDACTED REDACTED | | REDACTED | Plano TX 75024 |
| 04/25/08 | 1,965.23 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 04/25/08 | 450.00 | REDACTED REDACTED | REDACTED | REDACTED | New Castle DE 19720 |
| 04/25/08 | 200.00 | REDACTED REDACTED | | REDACTED | Arkansaw WI 54721 |
| 04/25/08 | | REDACTED REDACTED | | REDACTED | |

| | | | | | |
|---|---|---|---|---|---|
| 04/25/08 | 500.00 & 500.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/25/08 | 500.00 & 394.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55481 |
| 04/25/08 | 1434.36 & 591.41 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 04/25/08 | 335.00 | REDACTED REDACTED | | REDACTED | Raleigh NC 27658 |
| 04/25/08 | 1,012.73 | REDACTED REDACTED | | REDACTED | Raleigh NC 27609 |
| 04/25/08 | 383.00 | REDACTED REDACTED | | REDACTED | Philadelphia PA 19109 |
| 04/25/08 | 15.41 | REDACTED REDACTED | | REDACTED | Canfield OH 44406 |
| | | | | | |
| 04/25/08 | 1,788.50 | REDACTED REDACTED | | REDACTED | Oklahoma City OK 73108 |
| 04/25/08 | 1593.00 & 1156.28 | REDACTED REDACTED | | REDACTED | Lutz FL 33549 |
| 04/25/08 | 1,308.75 | REDACTED REDACTED | REDACTED | REDACTED | fall River MA 02723 |
| 04/25/08 | 210.17 | REDACTED REDACTED | | REDACTED | Irvine CA 92614 |
| 04/25/08 | 85,412.62 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/25/08 | 350.00 | REDACTED REDACTED | | REDACTED | Burton MI 48519 |
| 04/25/08 | 1,400.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85062 |
| 04/25/08 | 1,983.40 | REDACTED REDACTED | | REDACTED | Chamblee GA 30341 |
| 04/25/08 | 236.10 | REDACTED REDACTED | | REDACTED | Simi Valley CA 93065 |
| 04/25/08 | 3,837.90 | REDACTED REDACTED | | REDACTED | Midpines CA 95345 |
| 04/25/08 | 579.96 | REDACTED REDACTED | | REDACTED | Xenia OH 45385 |
| 04/25/08 | 1,375.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55402 |
| 04/25/08 | 2,191.79 | REDACTED REDACTED | | REDACTED | Tempe AZ 85284 |
| 04/25/08 | 1,276.32 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/25/08 | 223.00 | REDACTED REDACTED | | REDACTED | Tampa FL 33622 |
| 04/25/08 | 1,138.00 | REDACTED REDACTED | | REDACTED | N Charleston SC 29419 |
| 04/25/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | Milford MI 48381 |
| 04/25/08 | 1271.90 & 1000.00 | REDACTED REDACTED | | REDACTED | Chicago IL 60666 |
| 04/25/08 | 7.47 | REDACTED REDACTED | REDACTED | REDACTED | Westlake TX 76262 |
| 04/25/08 | 1,083.30 | REDACTED REDACTED | REDACTED | REDACTED | Englewood CO 80112 |
| 04/25/08 | 838.70 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/25/08 | 987.34 | REDACTED REDACTED | | REDACTED | Maple Grove MN 55311 |
| 04/25/08 | 585.25 | REDACTED REDACTED | REDACTED | REDACTED | Columbus OH 43219 |
| 04/25/08 | 2,351.04 | REDACTED REDACTED | | REDACTED | Rockville MD 20850 |
| 04/25/08 | 159.00 | REDACTED REDACTED | | REDACTED | Columbia MD 21043 |
| 04/25/08 | 28,934.45 | REDACTED REDACTED | | REDACTED | Fenton MO 63026 |
| 04/25/08 | 80.14 & 40.00 & 1068.70 | REDACTED REDACTED | | REDACTED | Plano TX 75093 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 04/25/08 | 2.00 & 40.00 & 200.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 04/25/08 | 376.43 & 444.00 & 40.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/25/08 | 477.50 & 838.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/25/08 | 1702.19 & 2243.76 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 04/25/08 | 3615.94 & 1404.97 | REDACTED REDACTED | | REDACTED | San Francisco CA 94103 |
| 04/25/08 | 2,800.00 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 04/25/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Raleigh NC 27611 |
| 04/25/08 | 834.61 | REDACTED REDACTED | | REDACTED | Shawnee MS 66201 |
| 04/25/08 | 2,105.79 | REDACTED REDACTED | | REDACTED | Tampa FL 33672 |
| 04/25/08 | 898.59 | REDACTED REDACTED | | REDACTED | Thomaston CT 06787 |
| 04/25/08 | 912.00 | REDACTED REDACTED | | REDACTED | Fort Sill OK 73503 |
| 04/25/08 | 278.66 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 04/25/08 | 1,143.07 | REDACTED REDACTED | | REDACTED | Cleveland OH 44144 |
| 04/25/08 | 2,300.00 | REDACTED REDACTED | | REDACTED | Troy MI 48098 |
| 04/25/08 | 1388.44 & 1283.11 | REDACTED REDACTED | | REDACTED | Chicago IL 60690 |
| 04/25/08 | 14,178.41 | REDACTED REDACTED | | REDACTED | Lodi CA 95241 |
| 04/25/08 | 2,963.39 | REDACTED REDACTED | | REDACTED | Miami FL 33133 |
| 04/25/08 | 400.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45219 |
| 04/25/08 | 43.70 | REDACTED REDACTED | | REDACTED | Greenville DE 19807 |
| 04/25/08 | 129.82 & 132.23 & 135.43 & 133.03 | REDACTED REDACTED | | REDACTED | Reston VA 20190 |
| 04/25/08 | 272.18 | REDACTED REDACTED | | REDACTED | Dallas TX 75202 |
| 04/25/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Itasca IL 60143 |
| 04/25/08 | 855.23 | REDACTED REDACTED | | REDACTED | San Diego CA 92186 |
| 04/25/08 | 265.40 | REDACTED REDACTED | | REDACTED | Downers Grove IL 60515 |
| 04/25/08 | 1,200.00 | REDACTED REDACTED | | REDACTED | Oswego IL 60543 |
| 04/25/08 | 2,354.16 | REDACTED REDACTED | | REDACTED | Muskego WI 53150 |
| 04/25/08 | 2,961.59 | REDACTED REDACTED | | REDACTED | Miami FL 33172 |
| 04/25/08 | 100.00 | REDACTED REDACTED | | REDACTED | Bureau IL 61315 |
| 04/25/08 | 700.00 | REDACTED REDACTED | | REDACTED | Ann Arbor MI 48103 |
| 04/25/08 | 305.00 | REDACTED REDACTED | | REDACTED | Jackson MI 49202 |
| 04/25/08 | 150.01 | REDACTED REDACTED | | REDACTED | Jackson MI 49203 |
| 04/25/08 | 100.00 | REDACTED REDACTED | | REDACTED | Albertville MN 55301 |
| 04/25/08 | 90.00 | REDACTED REDACTED | REDACTED | REDACTED | Tallahassee FL 32312 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 04/25/08 | 500.00 & 500.00 | REDACTED REDACTED | | REDACTED | Detroit MI 48221 |
| 04/25/08 | 628.00 | REDACTED REDACTED | | REDACTED | Ft Lauderdale FL 33312 |
| 04/25/08 | 700.00 | REDACTED REDACTED | | REDACTED | Colorado Springs CO 80911 |
| 04/25/08 | 1000.00 & 900.00 | REDACTED REDACTED | | REDACTED | Austin TX 78758 |
| 04/25/08 | 1,298.52 | REDACTED REDACTED | | REDACTED | Henderson NV 89014 |
| 04/25/08 | 987.96 | REDACTED REDACTED | REDACTED | REDACTED | Harahan LA 70123 |
| 04/25/08 | 500.00 | REDACTED REDACTED | | REDACTED | Tulsa OK 74112 |
| 04/25/08 | 2,406.64 | REDACTED REDACTED | | REDACTED | Allison Park PA 15101 |
| 04/25/08 | 1,944.60 | REDACTED REDACTED | | REDACTED | Orange CA 92868 |
| 04/25/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | St Petersburg FL 33742 |
| 04/25/08 | 800.00 | REDACTED REDACTED | | REDACTED | East St Louis IL 62207 |
| 04/25/08 | 1,365.00 | REDACTED REDACTED | | REDACTED | Grand Prairie TX 75051 |
| 04/25/08 | 1,200.00 | REDACTED REDACTED | REDACTED | REDACTED | Pittsgrove NJ 08318 |
| 04/25/08 | 100.00 | REDACTED REDACTED | REDACTED | REDACTED | Franklin MA 02038 |
| 04/25/08 | 100.00 | REDACTED REDACTED | REDACTED | REDACTED | Westwood MA 02090 |
| 04/25/08 | 700.00 | REDACTED REDACTED | | REDACTED | Dorchester MA 02121 |
| 04/25/08 | 89.70 | REDACTED REDACTED | | REDACTED | Apex NC 27502 |
| 04/25/08 | 202.30 | REDACTED REDACTED | | REDACTED | East Gadsden AL 35903 |
| 04/25/08 | 9,000.00 | REDACTED REDACTED | | REDACTED | Butler PA 16001 |
| 04/25/08 | 3,078.00 | REDACTED REDACTED | REDACTED | REDACTED | Williamstown NJ 08094 |
| 04/25/08 | 20.00 & 29.00 & 1200.00 | REDACTED REDACTED | | REDACTED | Gilbert AZ 85296 |
| 04/25/08 | 290.40 | REDACTED REDACTED | | REDACTED | Flower Mound TX 75022 |
| 04/25/08 | 375.00 | REDACTED REDACTED | | REDACTED | Overland Park KS 66212 |
| 04/25/08 | 2,135.49 | REDACTED REDACTED | | REDACTED | Lowell MA 01854 |
| 04/25/08 | 500.00 | REDACTED REDACTED | | REDACTED | Red Hook NY 12571 |
| 04/25/08 | 1,288.90 | REDACTED REDACTED | | REDACTED | Somerset NJ 08873 |
| 04/25/08 | 590.93 | REDACTED REDACTED | | REDACTED | Mesa AZ 85202 |
| 04/25/08 | 1,898.44 | REDACTED REDACTED | | REDACTED | Killeen TX 76542 |
| 04/25/08 | 2,200.00 | REDACTED REDACTED | | REDACTED | Denham Springs LA 70706 |
| 04/25/08 | 678.87 | REDACTED REDACTED | | REDACTED | Minden LA 71055 |
| 04/25/08 | 300.00 | REDACTED REDACTED | REDACTED | REDACTED | Ninnekah OK 73067 |
| 04/25/08 | 585.36 | REDACTED REDACTED | | REDACTED | Miami FL 33137 |
| 04/25/08 | 280.00 | REDACTED REDACTED | REDACTED | REDACTED | Dannemora NY 12929 |
| 04/25/08 | 12,005.55 | REDACTED REDACTED | REDACTED | REDACTED | Naples FL 34119 |

| | | | | | |
|---|---|---|---|---|---|
| 04/25/08 | 1,800.00 | REDACTED REDACTED | REDACTED | REDACTED | Peoria AZ 85383 |
| 04/25/08 | 1,730.84 | REDACTED REDACTED | REDACTED | REDACTED | Brooklyn Park MN 55443 |
| 04/25/08 | 319.92 | REDACTED REDACTED | | REDACTED | Gilroy CA 95020 |
| 04/25/08 | 384.32 | REDACTED REDACTED | REDACTED | REDACTED | North Chicago IL 60064 |
| 04/25/08 | 699.37 | REDACTED REDACTED | REDACTED | REDACTED | Shannon MS 38868 |
| 04/25/08 | 507.00 | REDACTED REDACTED | REDACTED | REDACTED | Salinas CA 93906 |
| 04/25/08 | 600.00 | REDACTED REDACTED | | REDACTED | Oakland MD 21550 |
| 04/25/08 | 2,225.58 | REDACTED REDACTED | | REDACTED | Newport Beach CA 92658 |
| 04/25/08 | 624.00 | REDACTED REDACTED | REDACTED | REDACTED | Virginia Beach VA 23452 |
| 04/25/08 | 3,043.79 | REDACTED REDACTED | | REDACTED | Dallas TX 75248 |
| 04/25/08 | 1,510.29 | REDACTED REDACTED | REDACTED | REDACTED | Henderson NV 89052 |
| 04/25/08 | 399.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 04/25/08 | 3,000.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/25/08 | 2,411.64 | REDACTED REDACTED | | REDACTED | Criskany NY 13424 |
| 04/25/08 | 500.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 04/25/08 | 2,724.38 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 04/25/08 | 400.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/25/08 | 1,622.16 | REDACTED REDACTED | | REDACTED | Sterling Heights MI 48314 |
| 04/25/08 | 9.50 | REDACTED REDACTED | | REDACTED | New York NY 10018 |
| 04/25/08 | 900.00 | REDACTED REDACTED | | REDACTED | Green Bay WI 54307 |
| 04/28/08 | 520.00 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 04/28/08 | 1,313.02 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/28/08 | 1,567.08 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/28/08 | 300.00 | REDACTED REDACTED | | REDACTED | Downers Grove IL 60515 |
| 04/28/08 | 3000.00 & 89.15 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/28/08 | 1,646.65 | REDACTED REDACTED | REDACTED | REDACTED | Birmingham AL 35283 |
| 04/28/08 | 96.05 | REDACTED REDACTED | | REDACTED | Brea CA 92822 |
| 04/28/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | Woodland Hills CA 91365 |
| 04/28/08 | 1,756.36 | REDACTED REDACTED | | REDACTED | Boston MA 02114 |

| | | | | | |
|---|---|---|---|---|---|
| 04/28/08 | 4000.00 & 900.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85062 |
| | 663.89 & 644.37 & | | | | |
| 04/28/08 | 644.37 | REDACTED REDACTED | | REDACTED | Norfolk VA 23501 |
| 04/28/08 | 705.81 | REDACTED REDACTED | | REDACTED | Layton UT 84041 |
| 04/28/08 | 540.59 | REDACTED REDACTED | | REDACTED | El Paso TX 79925 |
| 04/30/08 | 6.91 | REDACTED REDACTED | | REDACTED | Norristown PA 19401 |
| 04/30/08 | 1,537.80 | REDACTED REDACTED | | REDACTED | Commerce Township MI 48382 |
| 04/30/08 | 150.00 | REDACTED REDACTED | | REDACTED | Mesa AZ 85203 |
| 04/30/08 | 506.57 & 506.57 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46220 |
| 04/30/08 | 1,080.00 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 04/30/08 | 1252.56 & 10092.47 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85062 |
| 04/30/08 | 262.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/30/08 | 1,575.00 | REDACTED REDACTED | REDACTED | REDACTED | Los Angeles CA 90062 |
| 04/30/08 | 224.00 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46218 |
| 04/30/08 | 3,500.00 | REDACTED REDACTED | | REDACTED | Orange CA 92865 |
| 04/30/08 | 150.00 | REDACTED REDACTED | | REDACTED | East Providence RI 02914 |
| 04/30/08 | 334.43 | REDACTED REDACTED | | REDACTED | El Paso TX 79912 |
| 04/30/08 | 1,900.00 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 04/30/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 04/30/08 | 261.33 | REDACTED REDACTED | | REDACTED | Brooklyn NY 11219 |
| 04/30/08 | 992.71 | REDACTED REDACTED | | REDACTED | Philadelphia PA 19107 |
| 04/30/08 | 800.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85082 |
| 04/30/08 | 706.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85062 |
| 04/30/08 | 3,697.99 | REDACTED REDACTED | | REDACTED | Moscow ID 83843 |
| 04/30/08 | 477.50 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/30/08 | 168.00 | REDACTED REDACTED | | REDACTED | Lubbock TX 79408 |
| 04/30/08 | 9,500.00 | REDACTED REDACTED | | REDACTED | Homestead FL 33090 |
| 04/30/08 | 1,006.61 | REDACTED REDACTED | | REDACTED | Atlanta GA 30328 |
| 04/30/08 | 2,157.00 | REDACTED REDACTED | REDACTED | REDACTED | Atlanta GA 30326 |
| 04/30/08 | 130.00 | REDACTED REDACTED | | REDACTED | McLean VA 22102 |
| 04/30/08 | 20,145.80 | REDACTED REDACTED | | REDACTED | Baltimore MD 21224 |
| 04/30/08 | 800.00 | REDACTED REDACTED | | REDACTED | Olney MD 20832 |
| 04/30/08 | 959.66 | REDACTED REDACTED | | REDACTED | Jacksonville Beach FL 32250 |
| 04/30/08 | 47.97 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90076 |

| | | | | | |
|---|---|---|---|---|---|
| 04/30/08 | 1,078.39 | REDACTED REDACTED | | REDACTED | Glassboro NJ 08028 |
| 04/30/08 | 500.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 04/30/08 | 1,235.06 | REDACTED REDACTED | | REDACTED | Columbus OH 43218 |
| 04/30/08 | 285.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 04/30/08 | 636.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 04/30/08 | 325.00 | REDACTED REDACTED | | REDACTED | Rifle CO 81650 |
| 05/01/08 | 34.56 | REDACTED REDACTED | | REDACTED | El Mirage CA 92301 |
| 05/01/08 | 1,066.05 | REDACTED REDACTED | | REDACTED | Fern Park FL 32730 |
| 05/01/08 | 550.00 | REDACTED REDACTED | REDACTED | REDACTED | Covina CA 91722 |
| 05/01/08 | 1,600.00 | REDACTED REDACTED | | REDACTED | South Bound Brook NJ 08880 |
| 05/01/08 | 190.00 | REDACTED REDACTED | | REDACTED | Stockbridge GA 30281 |
| 05/01/08 | 2,251.18 | REDACTED REDACTED | | REDACTED | Portsmouth NH 03801 |
| 05/01/08 | 4,977.56 | REDACTED REDACTED | | REDACTED | Alexandria VA 22310 |
| 05/01/08 | 325.00 | REDACTED REDACTED | REDACTED | REDACTED | Birmingham MI 48009 |
| 05/01/08 | 468.79 | REDACTED REDACTED | REDACTED | REDACTED | Cincinnati OH 45236 |
| 05/01/08 | 182.68 | REDACTED REDACTED | | REDACTED | Arlington TX 76014 |
| 05/01/08 | 720.46 | REDACTED REDACTED | | REDACTED | Tucker GA 30084 |
| 05/01/08 | 554.05 | REDACTED REDACTED | | REDACTED | Milledgeville GA 31061 |
| 05/01/08 | 580.71 | REDACTED REDACTED | REDACTED | REDACTED | Greensburg KY 42743 |
| 05/01/08 | 228.25 | REDACTED REDACTED | REDACTED | REDACTED | Becker MN 55308 |
| 05/01/08 | 499.45 | REDACTED REDACTED | | REDACTED | Pacific Palisades CA 90272 |
| 05/01/08 | 425.96 | REDACTED REDACTED | | REDACTED | Florissant MO 63033 |
| 05/01/08 | 226.00 | REDACTED REDACTED | | REDACTED | Canton MI 48188 |
| 05/01/08 | 1,657.91 | REDACTED REDACTED | REDACTED | REDACTED | St Charles IL 60174 |
| 05/01/08 | 282.50 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46227 |
| 05/01/08 | 1.00 | REDACTED REDACTED | REDACTED | REDACTED | Raleigh NC 27612 |
| 05/01/08 | 380.35 | REDACTED REDACTED | REDACTED | REDACTED | Hayward CA 94544 |
| 05/01/08 | 800.00 | REDACTED REDACTED | REDACTED | REDACTED | Milner GA 30257 |
| 05/01/08 | 795.46 | REDACTED REDACTED | REDACTED | REDACTED | Brea CA 92821 |
| 05/01/08 | 1,713.34 | REDACTED REDACTED | REDACTED | REDACTED | Boerne TX 78006 |
| 05/01/08 | 226.53 | REDACTED REDACTED | | REDACTED | Vista CA 92083 |
| 05/01/08 | 200.00 | REDACTED REDACTED | REDACTED | REDACTED | Memphis TN 38125 |
| 05/02/08 | 4,318.57 | REDACTED REDACTED | | REDACTED | Tinker AFB OK 73145 |
| 05/02/08 | 3,664.73 | REDACTED REDACTED | | REDACTED | Englewood CO 80112 |

| | | | | | |
|---|---|---|---|---|---|
| 05/02/08 | 715.21 | REDACTED REDACTED | | REDACTED | Lynchburg VA 24502 |
| 05/02/08 | 1,631.52 | REDACTED REDACTED | | REDACTED | Houston TX 77079 |
| 05/02/08 | 750.00 | REDACTED REDACTED | | REDACTED | Santa Barbara CA 93105 |
| 05/02/08 | 749.31 | REDACTED REDACTED | REDACTED | REDACTED | Houston TX 77002 |
| 05/02/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | Croswell MI 48422 |
| 05/02/08 | 2,984.79 | REDACTED REDACTED | | REDACTED | East Petersburg PA 17520 |
| 05/02/08 | 4,889.12 | REDACTED REDACTED | | REDACTED | Portland ME 04112 |
| 05/02/08 | 2,766.96 | 10536091 First Tennessee Bank | | PO Box 84 | Memphis TN 38101 |
| 05/02/08 | 957.00 | REDACTED REDACTED | | REDACTED | St Paul MN 55101 |
| 05/02/08 | 2,160.16 | REDACTED REDACTED | | REDACTED | Oakland CA 94612 |
| 05/02/08 | 515.55 | REDACTED REDACTED | | REDACTED | Birmingham AL 35283 |
| 05/02/08 | 100.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/02/08 | 2,164.27 | REDACTED REDACTED | REDACTED | REDACTED | Hopkinton MA 01748 |
| 05/02/08 | 2,300.00 | REDACTED REDACTED | | REDACTED | Coral Gables FL 33146 |
| 05/02/08 | 0.26 | REDACTED REDACTED | | REDACTED | Marlton NJ 08053 |
| 05/02/08 | 4,188.89 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85034 |
| 05/02/08 | 1,500.00 | REDACTED REDACTED | | REDACTED | Smyrna DE 19977 |
| 05/02/08 | 278.66 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 05/02/08 | 1,058.54 | REDACTED REDACTED | | REDACTED | San Diego CA 92186 |
| 05/02/08 | 644.02 | REDACTED REDACTED | | REDACTED | Raleigh NC 27611 |
| 05/05/08 | 618.00 | REDACTED REDACTED | | REDACTED | Encino CA 91436 |
| 05/05/08 | 863.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/05/08 | 106.46 | REDACTED REDACTED | | REDACTED | Durham NC 27704 |
| 05/05/08 | 1,271.00 | REDACTED REDACTED | | REDACTED | Fresno CA 93755 |
| 05/05/08 | 577.62 | REDACTED REDACTED | | REDACTED | Tacoma WA 98409 |
| 05/05/08 | 330.50 | REDACTED REDACTED | | REDACTED | Carol Stream IL 60188 |
| 05/05/08 | 749.00 | REDACTED REDACTED | | REDACTED | Old Hickory TN 37138 |
| 05/05/08 | 3,740.00 | REDACTED REDACTED | | REDACTED | Columbus GA 31902 |
| 05/05/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Argone IL 60439 |
| 05/05/08 | 1,012.73 | REDACTED REDACTED | | REDACTED | Raleigh NC 27609 |
| 05/05/08 | 802.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 05/05/08 | 3,150.00 | REDACTED REDACTED | | REDACTED | Whiting IN 46394 |
| 05/05/08 | 3,000.00 | REDACTED REDACTED | | REDACTED | Somerville MA 02143 |
| 05/05/08 | 350.00 | REDACTED REDACTED | | REDACTED | Steamboat Springs CO 80487 |

| | | | | | |
|---|---|---|---|---|---|
| 05/05/08 | 1,665.63 | REDACTED | REDACTED | REDACTED | Denver CO 80202 |
| 05/09/08 | 468.29 | REDACTED | REDACTED | REDACTED | Tucson AZ 85715 |
| 05/09/08 | 416.00 | REDACTED | REDACTED | REDACTED | Pasadena CA 91101 |
| 05/09/08 | 912.00 | REDACTED | REDACTED | REDACTED | Minneapolis MN 55480 |
| 05/09/08 | 338.17 | REDACTED | REDACTED | REDACTED | Plano TX 75024 |
| 05/09/08 | 3,000.00 | REDACTED | REDACTED | REDACTED | Tucson AZ 85718 |
| 05/09/08 | 401.74 | REDACTED | REDACTED | REDACTED | Boerne TX 78006 |
| 05/09/08 | 8,015.04 | REDACTED | REDACTED | REDACTED | Fort Lauderdale FL 33309 |
| 05/09/08 | 1,075.45 | REDACTED | REDACTED | REDACTED | St Louis MO 63102 |
| 05/09/08 | 500.00 | REDACTED | REDACTED | REDACTED | Grand Junction CO 81501 |
| 05/09/08 | 500.00 | REDACTED | REDACTED | REDACTED | Marietta GA 30060 |
| 05/09/08 | 1,200.00 | REDACTED | REDACTED | REDACTED | San Francisco CA 94103 |
| 05/09/08 | 1,004.00 | REDACTED | REDACTED | REDACTED | Columbia LA 71418 |
| 05/09/08 | 500.00 & 500.00 & 43.41 | REDACTED | REDACTED | REDACTED | Minneapolis MN 55480 |
| 05/09/08 | 1,804.00 | REDACTED | REDACTED | REDACTED | Albuquerque NM 87110 |
| 05/09/08 | 25,428.18 | REDACTED | REDACTED | REDACTED | Muscatine IA 52761 |
| 05/09/08 | 500.00 | REDACTED | REDACTED | REDACTED | Beaverton OR 97075 |
| 05/09/08 | 716.28 | REDACTED | REDACTED | REDACTED | Lutz FL 33549 |
| 05/09/08 | 310,000.00 | REDACTED | REDACTED | REDACTED | San Diego CA 92101 |
| 05/09/08 | 1,906.22 | REDACTED | REDACTED | REDACTED | Cincinnati OH 45202 |
| 05/09/08 | 14,934.56 | REDACTED | REDACTED | REDACTED | Phoenix AZ 85020 |
| 05/09/08 | 61.85 & 1000.00 | REDACTED | REDACTED | REDACTED | San Antonio TX 78244 |
| 05/09/08 | 2,000.00 | REDACTED | REDACTED | REDACTED | Westland MI 48185 |
| 05/09/08 | 5,740.05 | REDACTED | REDACTED | REDACTED | Columbus OH 43219 |
| 05/09/08 | 225.95 | REDACTED | REDACTED | REDACTED | East Lansing MI 48826 |
| 05/09/08 | 3,179.00 | REDACTED | REDACTED | REDACTED | Oak Bluffs MA 02557 |
| 05/09/08 | 300.00 | REDACTED | REDACTED | REDACTED | Gardena CA 90247 |
| 05/09/08 | 463.88 | REDACTED | REDACTED | REDACTED | San Antonio TX 78217 |
| 05/09/08 | 1,700.00 | REDACTED | REDACTED | REDACTED | Lynwood WA 98046 |
| 05/09/08 | 500.00 & 180.00 | REDACTED | REDACTED | REDACTED | Minneapolis MN 55480 |
| 05/09/08 | 3,000.00 | REDACTED | REDACTED | REDACTED | Chicago IL 60612 |
| 05/09/08 | 1,000.00 | REDACTED | REDACTED | REDACTED | Lakewood CO 80215 |
| 05/09/08 | 2,686.61 | REDACTED | REDACTED | REDACTED | Danbury CT 06810 |

| | | | | | |
|---|---|---|---|---|---|
| 05/09/08 | 712.11 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85033 |
| 05/09/08 | 1,427.79 | REDACTED REDACTED | | REDACTED | Birmingham AL 35283 |
| 05/09/08 | 985.17 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 05/09/08 | 350.00 | REDACTED REDACTED | | REDACTED | Grand Rapids MI 49546 |
| 05/09/08 | 277.77 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 05/09/08 | 1.00 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90017 |
| 05/09/08 | 2803.00 & 917.24 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 05/09/08 | 2,147.20 | REDACTED REDACTED | | REDACTED | Chicago IL 60690 |
| 05/09/08 | 1303.44 & 1303.44 | REDACTED REDACTED | | REDACTED | Seattle WA 98104 |
| 05/09/08 | 249.38 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 05/09/08 | 25,000.00 | REDACTED REDACTED | | REDACTED | Billings MT 59101 |
| 05/09/08 | 907.84 | REDACTED REDACTED | | REDACTED | Charlotte NC 28255 |
| 05/09/08 | 1,400.00 | REDACTED REDACTED | REDACTED | REDACTED | Rives Junction MI 49277 |
| 05/09/08 | 1,470.42 | REDACTED REDACTED | REDACTED | REDACTED | Avondale Estates GA 30002 |
| 05/09/08 | 500.00 | REDACTED REDACTED | | REDACTED | Detroit MI 48221 |
| 05/09/08 | 400.00 | REDACTED REDACTED | REDACTED | REDACTED | St Petersburg FL 33710 |
| 05/09/08 | 375.80 | REDACTED REDACTED | | REDACTED | Lancaster PA 17603 |
| 05/09/08 | 1,886.33 | REDACTED REDACTED | REDACTED | REDACTED | Simi Valley CA 93063 |
| 05/09/08 | 928.92 | REDACTED REDACTED | | REDACTED | Garden Grove CA 92840 |
| 05/09/08 | 1,614.58 | REDACTED REDACTED | | REDACTED | Moss Beach CA 94038 |
| 05/09/08 | 700.00 | REDACTED REDACTED | | REDACTED | Colorado Springs CO 80911 |
| 05/09/08 | 563.15 | REDACTED REDACTED | | REDACTED | Mt Pleasant PA 15666 |
| 05/09/08 | 10,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Cave Junction OR 97523 |
| 05/09/08 | 487.18 | REDACTED REDACTED | | REDACTED | Thief River Falls MN 56701 |
| 05/09/08 | 4,652.02 | REDACTED REDACTED | | REDACTED | Massillion OH 44646 |
| 05/09/08 | 140.00 | REDACTED REDACTED | | REDACTED | Beaumont TX 77706 |
| 05/09/08 | 591.88 | REDACTED REDACTED | REDACTED | REDACTED | Wayne MI 48184 |
| 05/09/08 | 1,306.53 | REDACTED REDACTED | REDACTED | REDACTED | Pulaski TN 38478 |
| 05/09/08 | 700.00 | REDACTED REDACTED | | REDACTED | Largo FL 33771 |
| 05/09/08 | 1,461.22 | REDACTED REDACTED | REDACTED | REDACTED | Scottsdale AZ 85251 |
| 05/09/08 | 1,285.79 | REDACTED REDACTED | | REDACTED | Lindenwold NJ 08021 |
| 05/09/08 | 69.00 | REDACTED REDACTED | REDACTED | REDACTED | Rancho Cordova CA 95742 |
| 05/09/08 | 603.14 | REDACTED REDACTED | | REDACTED | Springfield MA 01104 |

| | | | | | |
|---|---|---|---|---|---|
| 05/09/08 | 2,329.41 | REDACTED REDACTED | | REDACTED | Davenport FL 33837 |
| 05/09/08 | 485.00 | REDACTED REDACTED | REDACTED | REDACTED | Dallas NC 28034 |
| 05/09/08 | 859.10 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46203 |
| 05/09/08 | 365.49 | REDACTED REDACTED | | REDACTED | Edmonds WA 98026 |
| 05/09/08 | 1,140.67 | REDACTED REDACTED | | REDACTED | Bronx NY 10455 |
| 05/09/08 | 10,148.64 | REDACTED REDACTED | | REDACTED | Swanville MN 56382 |
| 05/09/08 | 1,814.13 | REDACTED REDACTED | REDACTED | REDACTED | Custer WA 98240 |
| 05/09/08 | 1,945.00 | REDACTED REDACTED | | REDACTED | Oxon Hill MD 20741 |
| 05/09/08 | 150.00 | REDACTED REDACTED | | REDACTED | Rogers MN 55374 |
| 05/09/08 | 200.00 | REDACTED REDACTED | REDACTED | REDACTED | Foresthill CA 95631 |
| 05/09/08 | 325.00 | REDACTED REDACTED | | REDACTED | Vail CO 81658 |
| 05/09/08 | 233.83 | REDACTED REDACTED | | REDACTED | Hopewell VA 23860 |
| 05/09/08 | 193.10 | REDACTED REDACTED | REDACTED | REDACTED | Littleton CO 80123 |
| 05/09/08 | 360.00 | REDACTED REDACTED | | REDACTED | Albuqureque NM 87113 |
| 05/09/08 | 305.00 | REDACTED REDACTED | | REDACTED | Santa Rosa NM 88435 |
| 05/09/08 | 4,280.17 | REDACTED REDACTED | | REDACTED | Singer Island FL 33404 |
| 05/09/08 | 380.00 | REDACTED REDACTED | | REDACTED | Clinton IA 52732 |
| 05/09/08 | 550.00 | REDACTED REDACTED | REDACTED | REDACTED | Cary NC 27513 |
| 05/09/08 | 45.00 | REDACTED REDACTED | | REDACTED | Guntersville AL 35976 |
| 05/09/08 | 1,135.41 | REDACTED REDACTED | REDACTED | REDACTED | Ocala FL 34471 |
| 05/13/08 | 492.65 | REDACTED REDACTED | | REDACTED | Everett WA 98205 |
| 05/13/08 | 51.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/13/08 | 3,100.00 | REDACTED REDACTED | | REDACTED | Coral Springs FL 33077 |
| 05/13/08 | 2,000.00 | REDACTED REDACTED | REDACTED | REDACTED | New City NY 10956 |
| 05/13/08 | 960.00 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85017 |
| 05/13/08 | 2250.00 & 793.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/13/08 | 1,902.65 | REDACTED REDACTED | | REDACTED | Houston TX 77040 |
| 05/13/08 | 12.13 | REDACTED REDACTED | | REDACTED | Norristown PA 19401 |
| 05/13/08 | 1,180.00 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 05/13/08 | 900.00 & 1240.00 & 2000.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 05/13/08 | 1,084.88 | REDACTED REDACTED | | REDACTED | Blanco TX 78606 |
| 05/13/08 | 1,300.00 | REDACTED REDACTED | | REDACTED | Hickory Hills IL 60457 |
| 05/13/08 | 1,660.00 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 05/13/08 | 1,637.00 | REDACTED REDACTED | | REDACTED | Washington DC 20018 |
| 05/13/08 | 350.00 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 05/13/08 | 496.36 | REDACTED REDACTED | | REDACTED | Elizabethtown KY 42702 |
| 05/13/08 | 1,221.00 | REDACTED REDACTED | | REDACTED | Salt Lake City UT 84116 |
| 05/13/08 | 184.38 | REDACTED REDACTED | | REDACTED | Brookline MA 02445 |
| 05/13/08 | 2,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Bellevue WA 98009 |
| 05/13/08 | 391.00 | REDACTED REDACTED | | REDACTED | Fort Lauderdale FL 33313 |
| 05/13/08 | 1,215.22 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 05/13/08 | 1,480.00 | REDACTED REDACTED | | REDACTED | Merrifield VA 22119 |
| 05/13/08 | 2,140.80 | REDACTED REDACTED | | REDACTED | San Antonio TX 78256 |
| 05/13/08 | 1,137.12 | REDACTED REDACTED | | REDACTED | Shelton WA 98584 |
| 05/13/08 | 2,163.85 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90010 |
| 05/13/08 | 266.50 | REDACTED REDACTED | | REDACTED | Chicago IL 60651 |
| 05/13/08 | 2,609.46 | REDACTED REDACTED | | REDACTED | Cherry Hill NJ 08034 |
| 05/13/08 | 920.00 | REDACTED REDACTED | | REDACTED | Criskany NY 13424 |
| 05/13/08 | 945.02 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 05/16/08 | 2,225.58 | REDACTED REDACTED | | REDACTED | Newport Beach CA 92658 |
| 05/16/08 | 8,051.20 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 05/16/08 | 67,027.29 | REDACTED REDACTED | | REDACTED | San Jose CA 95125 |
| 05/16/08 | 1,096.97 | REDACTED REDACTED | | REDACTED | Greeley CO 80633 |
| 05/16/08 | 506.57 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46220 |
| 05/16/08 | 1,510.00 | REDACTED REDACTED | | REDACTED | Des Moines IA 50317 |
| 05/16/08 | 334.43 | REDACTED REDACTED | | REDACTED | El Paso TX 79912 |
| 05/16/08 | 8,000.00 | REDACTED REDACTED | | REDACTED | Schaumburg IL 60196 |
| 05/16/08 | 469.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/16/08 | 453.52 | REDACTED REDACTED | | REDACTED | Grand Junction CO 81501 |
| 05/16/08 | 271.00 | REDACTED REDACTED | | REDACTED | Chicago IL 60601 |
| 05/16/08 | 2,400.00 | REDACTED REDACTED | | REDACTED | Cottondale AL 35453 |
| 05/16/08 | 750.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 05/16/08 | 1,528.67 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 05/16/08 | 33640.41 & 32824.60 | REDACTED REDACTED | | REDACTED | Goldsboro NC 27534 |
| 05/16/08 | 27068.50 & 27330.90 & 56072.08 | REDACTED REDACTED | | REDACTED | Lakeville IN 46536 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 05/16/08 | 66.61 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46206 |
| 05/16/08 | 500.00 | REDACTED REDACTED | | REDACTED | Sumter SC 29151 |
| 05/16/08 | 760.59 | REDACTED REDACTED | | REDACTED | Fairfield CA 94534 |
| 05/16/08 | 800.00 | REDACTED REDACTED | | REDACTED | Olney MD 20832 |
| 05/16/08 | 261.33 | REDACTED REDACTED | | REDACTED | Brooklyn NY 11219 |
| 05/16/08 | 800.00 | REDACTED REDACTED | | REDACTED | Great Falls MT 59405 |
| | | | | | |
| 05/16/08 | 433.00 | REDACTED REDACTED | | REDACTED | Warner Robins GA 31088 |
| 05/16/08 | 529.59 | REDACTED REDACTED | | REDACTED | Moses Lake WA 98837 |
| 05/16/08 | 862.15 | REDACTED REDACTED | | REDACTED | Romulus MI 48174 |
| 05/16/08 | 637.99 | REDACTED REDACTED | | REDACTED | Wenatchee WA 98807 |
| 05/16/08 | 463.00 | REDACTED REDACTED | | REDACTED | Camp Hill PA 17001 |
| 05/16/08 | 672.44 | REDACTED REDACTED | | REDACTED | St Louis MO 63180 |
| 05/16/08 | 2,579.31 | REDACTED REDACTED | | REDACTED | Madison WI 53704 |
| 05/16/08 | 2,130.85 | REDACTED REDACTED | REDACTED | REDACTED | Burlingame CA 94010 |
| 05/16/08 | 67.50 | REDACTED REDACTED | | REDACTED | Portland ME 04101 |
| 05/16/08 | 0.26 | REDACTED REDACTED | | REDACTED | Marlton NJ 08053 |
| 05/16/08 | 100.00 | REDACTED REDACTED | | REDACTED | Elizabethtown NC 28337 |
| 05/16/08 | 1,353.33 | REDACTED REDACTED | | REDACTED | Austin TX 78704 |
| 05/16/08 | 1149.27 & 95.68 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 05/16/08 | 700.00 | REDACTED REDACTED | | REDACTED | North Little Rock AR 72115 |
| 05/16/08 | 820.00 | REDACTED REDACTED | | REDACTED | Canastota NY 13032 |
| 05/16/08 | 20,400.00 | REDACTED REDACTED | | REDACTED | Amherst NY 14240 |
| 05/16/08 | 800.00 & 530.00 & 500.00 & 500.00 & 700.00 & 304.14 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 05/16/08 | 1,586.00 | REDACTED REDACTED | | REDACTED | Los Angeles CA 90017 |
| 05/16/08 | 820.00 | REDACTED REDACTED | | REDACTED | Denver CO 80202 |
| 05/16/08 | 937.32 | REDACTED REDACTED | | REDACTED | Chicago IL 60603 |
| 05/16/08 | 674.00 | REDACTED REDACTED | | REDACTED | South Boston VA 24592 |
| 05/16/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | Birmingham AL 35209 |
| 05/16/08 | 10.00 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 05/20/08 | 1,407.81 | REDACTED REDACTED | | REDACTED | Morrisville VT 05661 |
| 05/20/08 | 2501.00 & 2915.00 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |

| | 200.00 & 500.00 & | | | | |
|---|---|---|---|---|---|
| 05/20/08 | 500.00 | REDACTED | REDACTED | REDACTED | Minneapolis MN 55480 |
| 05/20/08 | 1,132.92 | REDACTED | REDACTED | REDACTED | Peabody MA 01960 |
| 05/20/08 | 3,583.82 | REDACTED | REDACTED | REDACTED | Coronado CA 92118 |
| 05/20/08 | 500.00 | REDACTED | REDACTED | REDACTED | Richmond WA 99352 |
| 05/20/08 | 733.67 | REDACTED | REDACTED | REDACTED | Lakewood CO 80226 |
| 05/20/08 | 925.81 | REDACTED | REDACTED | REDACTED | Minneapolis MN 55480 |
| | | | | | |
| 05/20/08 | 598.86 | REDACTED | REDACTED | REDACTED | San Francisco CA 94103 |
| 05/20/08 | 970.00 & 3184.62 | REDACTED | REDACTED | REDACTED | Cleveland OH 44135 |
| 05/20/08 | 80.00 | REDACTED | REDACTED | REDACTED | Cincinnati OH 45202 |
| 05/20/08 | 1652.00 & 2239.63 | REDACTED | REDACTED | REDACTED | REDACTED | Wilmington DE 19880 |
| 05/20/08 | 350.00 | REDACTED | REDACTED | REDACTED | West Jordan UT 84084 |
| 05/20/08 | 710.00 | REDACTED | REDACTED | REDACTED | Ogden UT 84414 |
| 05/20/08 | 25.00 | REDACTED | REDACTED | REDACTED | Norristown PA 19401 |
| 05/20/08 | 760.00 | REDACTED | REDACTED | REDACTED | Chantilly VA 20151 |
| 05/20/08 | 1,291.53 | REDACTED | REDACTED | REDACTED | Atlanta GA 30328 |
| 05/20/08 | 14,478.33 | REDACTED | REDACTED | REDACTED | Metairie LA 70002 |
| | | | | | |
| 05/20/08 | 2,773.02 | REDACTED | REDACTED | REDACTED | Upper Marlboro MD 20774 |
| | | | | | |
| 05/20/08 | 2,600.00 | REDACTED | REDACTED | REDACTED | San Francisco CA 94163 |
| 05/20/08 | 265.40 & 265.40 | REDACTED | REDACTED | REDACTED | Downers Grove IL 60515 |
| 05/20/08 | 1,466.86 | REDACTED | REDACTED | REDACTED | Lutz FL 33549 |
| 05/20/08 | 579.96 | REDACTED | REDACTED | REDACTED | Xenia OH 45385 |
| 05/20/08 | 765.35 | REDACTED | REDACTED | REDACTED | Montgomery AL 36109 |
| | | | | | |
| 05/20/08 | 100.00 | REDACTED | REDACTED | REDACTED | Grand Junction CO 81501 |
| 05/20/08 | 1,717.18 | REDACTED | REDACTED | REDACTED | Hackettstown NJ 07840 |
| 05/20/08 | 100,564.00 | REDACTED | REDACTED | REDACTED | Cincinnati OH 45202 |
| 05/20/08 | 778.32 | REDACTED | REDACTED | REDACTED | Sioux Falls SD 57104 |
| 05/21/08 | 697.24 | REDACTED | REDACTED | REDACTED | Tremonton UT 84337 |
| 05/21/08 | 468.57 | REDACTED | REDACTED | REDACTED | Towanda PA 18848 |
| 05/21/08 | 429.39 | REDACTED | REDACTED | REDACTED | Bovey MN 55709 |
| | | | | | New Port Richey FL |
| 05/21/08 | 2,000.00 | REDACTED | REDACTED | REDACTED | 34652 |
| 05/21/08 | 500.00 & 500.00 | REDACTED | REDACTED | REDACTED | Detroit MI 48221 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 05/21/08 | 719.14 | REDACTED REDACTED | | REDACTED | Bossier City LA 71111 |
| 05/21/08 | 552.20 | REDACTED REDACTED | | REDACTED | Cerrogordo NC 28430 |
| 05/21/08 | 36.89 | REDACTED REDACTED | REDACTED | REDACTED | High Springs FL 32655 |
| 05/21/08 | 1,346.38 | REDACTED REDACTED | REDACTED | REDACTED | Newport News VA 23606 |
| 05/21/08 | 54.00 | REDACTED REDACTED | REDACTED | REDACTED | Altoona PA 16602 |
| 05/21/08 | 570.00 | REDACTED REDACTED | REDACTED | REDACTED | Memphis TN 38111 |
| 05/21/08 | 668.41 | REDACTED REDACTED | | REDACTED | Downers Grove IL 60516 |
| 05/21/08 | 36.06 | REDACTED REDACTED | | REDACTED | Valley City ND 58072 |
| 05/21/08 | 539.95 | REDACTED REDACTED | | REDACTED | Decker MI 48426 |
| 05/21/08 | 294.08 | REDACTED REDACTED | | REDACTED | Gurnee IL 60031 |
| 05/21/08 | 1,398.49 | REDACTED REDACTED | | REDACTED | Port Deposit MD 21904 |
| 05/21/08 | 950.00 | REDACTED REDACTED | | REDACTED | Norwood MA 02062 |
| 05/21/08 | 1,569.19 | REDACTED REDACTED | | REDACTED | Chicago IL 60605 |
| 05/21/08 | 194.57 | REDACTED REDACTED | | REDACTED | Linden MI 48451 |
| 05/21/08 | 1,326.00 | REDACTED REDACTED | | REDACTED | Delran NJ 08075 |
| 05/21/08 | 2,236.46 | REDACTED REDACTED | | REDACTED | Virginia Beach VA 23462 |
| 05/21/08 | 620.00 | REDACTED REDACTED | REDACTED | REDACTED | Arcadia LA 71001 |
| 05/21/08 | 10,000.00 | REDACTED REDACTED | | REDACTED | Paulding OH 45879 |
| 05/21/08 | 763.49 | REDACTED REDACTED | | REDACTED | Delafield WI 53018 |
| 05/21/08 | 270.40 | REDACTED REDACTED | REDACTED | REDACTED | Greenwood Village CO 80111 |
| 05/21/08 | 451.57 | REDACTED REDACTED | | REDACTED | Streamwood IL 60107 |
| 05/21/08 | 3,876.13 | REDACTED REDACTED | REDACTED | REDACTED | Joplin MO 64804 |
| 05/21/08 | 143.27 | REDACTED REDACTED | REDACTED | REDACTED | Nampa ID 83651 |
| 05/21/08 | 350.00 | REDACTED REDACTED | | REDACTED | Pueblo West CO 81007 |
| 05/21/08 | 75.00 | REDACTED REDACTED | REDACTED | REDACTED | Knoxville TN 37921 |
| 05/21/08 | 600.00 & 600.00 | REDACTED REDACTED | | REDACTED | Warren MI 48088 |
| 05/21/08 | 400.00 | REDACTED REDACTED | | REDACTED | Indianapolis IN 46219 |
| 05/21/08 | 861.51 | REDACTED REDACTED | | REDACTED | Corpus Christi TX 78415 |
| 05/21/08 | 660.75 | REDACTED REDACTED | REDACTED | REDACTED | Gainesville TX 76240 |
| 05/21/08 | 711.49 | REDACTED REDACTED | REDACTED | REDACTED | Moorcroft WY 82721 |
| 05/21/08 | 500.00 | REDACTED REDACTED | | REDACTED | Williamsville NY 14221 |
| 05/21/08 | 1456.18 & 1456.18 | REDACTED REDACTED | REDACTED | REDACTED | San Diego CA 92102 |
| 05/21/08 | 2,218.34 | REDACTED REDACTED | REDACTED | REDACTED | Vallejo CA 94591 |
| 06/04/08 | 562.76 | REDACTED REDACTED | | REDACTED | WEST LIBERTY KY 41472 |

| | | | | | |
|---|---|---|---|---|---|
| 06/04/08 | 900.00 | REDACTED REDACTED | | REDACTED | AMITYVILLE NY 11701-2521 |
| 06/04/08 | 550.00 | REDACTED REDACTED | | REDACTED | CHARLESTON SC 29406-9539 |
| 06/04/08 | 160.00 | REDACTED REDACTED | | REDACTED | MIDVALE UT 84047 |
| 06/04/08 | 486.64 | REDACTED REDACTED | | REDACTED | SAN DIEGO CA 92101 |
| 06/04/08 | 380.00 | REDACTED REDACTED | | REDACTED | TUCSON AZ 85750-7012 |
| 06/04/08 | 651.92 | REDACTED REDACTED | REDACTED | REDACTED | SAN CARLOS CA 94070 |
| 06/04/08 | 1,192.55 | REDACTED REDACTED | | REDACTED | GILROY CA 95020 |
| 06/04/08 | 1,998.43 | REDACTED REDACTED | REDACTED | REDACTED | MIAMI FL 33180-1344 |
| 06/04/08 | 550.00 | REDACTED REDACTED | | REDACTED | SALEM VA 24153 |
| 06/04/08 | 2,203.08 | REDACTED REDACTED | | REDACTED | POCATELLO ID 83204-4009 |
| 06/04/08 | 50.00 | REDACTED REDACTED | REDACTED | REDACTED | DOYLESTOWN PA 18901 |
| 06/04/08 | 1,330.70 | REDACTED REDACTED | REDACTED | REDACTED | FLORENCE OR 97439-8308 |
| 06/04/08 | 637.28 | REDACTED REDACTED | | REDACTED | FRENCH CREEK WI 26218 |
| 06/04/08 | 2,000.00 | REDACTED REDACTED | REDACTED | REDACTED | LOUISVILLE KY 40222 |
| 06/04/08 | 186.52 | REDACTED REDACTED | | REDACTED | DARLINGTON SC 29540 |
| 06/04/08 | 900.00 | REDACTED REDACTED | | REDACTED | RUTLAND VT 05701 |
| 06/04/08 | 350.00 | REDACTED REDACTED | | REDACTED | RED OAK TX 75154-7401 |
| 06/04/08 | 1502.29 (2 checks) | REDACTED REDACTED | | REDACTED | LONGS SC 29568-6535 |
| 06/04/08 | 1,020.78 | REDACTED REDACTED | | REDACTED | LAUDERDALE LAKES FL 33309 |
| 06/04/08 | 193.64 | REDACTED REDACTED | | REDACTED | IRVINE CA 92604 |
| 06/04/08 | 243.88 | REDACTED REDACTED | REDACTED | REDACTED | TULARE CA 93274 |
| 06/04/08 | 430.00 | REDACTED REDACTED | REDACTED | REDACTED | DOWNEY CA 90240-3663 |
| 06/04/08 | 1,151.67 | REDACTED REDACTED | | REDACTED | LUBBOCK TX 79416 |
| 06/04/08 | 575.00 | REDACTED REDACTED | | REDACTED | DINGMANS FERRY PA 18328 |

| | | | | | |
|---|---|---|---|---|---|
| 06/04/08 | 2,000.00 | REDACTED REDACTED | REDACTED | REDACTED | STANWOOD WA 98292 |
| 06/04/08 | 1,049.62 | REDACTED REDACTED | | REDACTED | TRAINER PA 19081 |
| 06/04/08 | 708.00 | REDACTED REDACTED | | REDACTED | COLLINGSWOOD NJ 08107 |
| 06/04/08 | 485.00 (2 checks) | REDACTED REDACTED | REDACTED | REDACTED | DALLAS NC 28034 |
| 06/04/08 | 400.00 | REDACTED REDACTED | | REDACTED | CLOVERDALE IN 46120 |
| 06/04/08 | 2,492.00 | REDACTED REDACTED | | REDACTED | DISTRICT HEIGHTS MD 20747 |
| 06/04/08 | 5,514.76 | REDACTED REDACTED | REDACTED | REDACTED | SAN FRANCISCO CA 94121-0042 |
| 06/04/08 | 532.39 | REDACTED REDACTED | REDACTED | REDACTED | CLINTON TWP MI 48035 |
| 06/04/08 | 1,842.82 | REDACTED REDACTED | REDACTED | REDACTED | CHICAGO IL 60645 |
| 08/04/08 | 1,550.00 | REDACTED REDACTED | REDACTED | REDACTED | SAN FRANCISCO CA 94109 |
| 06/04/08 | 375.00 | REDACTED REDACTED | | REDACTED | RAYNE LA 70578 |
| 06/04/08 | 374.82 | REDACTED REDACTED | | REDACTED | PLANTATION FL 33317-1412 |
| 06/04/08 | 25.00 | REDACTED REDACTED | | REDACTED | LAMESA TX 79331 |
| 06/04/08 | 474.00 | REDACTED REDACTED | | REDACTED | SUN CITY CA 92586-2707 |
| 06/04/08 | 325.00 | REDACTED REDACTED | | REDACTED | WATERLOO IA 50703-4809 |
| 06/04/08 | 433.97 | REDACTED REDACTED | | REDACTED | ROCK ISLAND IL 61201 |
| 06/04/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | NEW CANAAN CT 06840 |
| 06/04/08 | 680.25 | REDACTED REDACTED | | REDACTED | ANTIOCH TN 37013-5656 |
| 06/04/08 | 1000.00 and 300.00 | REDACTED REDACTED | REDACTED | REDACTED | RICHLAND OR 97870 |
| 06/04/08 | 497.35 | REDACTED REDACTED | | REDACTED | LUMBERTON TX 77657 |
| 06/04/08 | 1000.00 (2 mos) | REDACTED REDACTED | | REDACTED | FARMINGTON CA 95230 |
| 06/04/08 | 960.00 | REDACTED REDACTED | | REDACTED | THERMAL CA 92274 |
| 06/04/08 | 1,842.00 | REDACTED REDACTED | | REDACTED | CHINO HILLS CA 91709 |
| 06/04/08 | 775.00 | REDACTED REDACTED | | REDACTED | NEW LENOX IL 60451-2720 |

| | | | | | |
|---|---|---|---|---|---|
| 06/04/08 | 2,471.30 | REDACTED REDACTED | | REDACTED | HAYWARD CA 94542 |
| 06/04/08 | 224.78 | REDACTED REDACTED | | REDACTED | PLANO TX 75093 |
| 06/04/08 | 995.56 | REDACTED REDACTED | | REDACTED | MOBILE AL 36609 |
| 06/04/08 | 1,532.29 | REDACTED REDACTED | | REDACTED | LITCHFIELD PARK AZ 85340 |
| 06/04/08 | 693.52 | REDACTED REDACTED | | REDACTED | SITKA AK 99835-9651 |
| 06/04/08 | 387.66 | REDACTED REDACTED | | REDACTED | EUNICE LA 70535 |
| 06/04/08 | 395.75 | REDACTED REDACTED | | REDACTED | WAYNE WV 25570 |
| 06/04/08 | 700.00 | REDACTED REDACTED | REDACTED | REDACTED | PEMBROKE PINES FL 33028 |
| 06/04/08 | 236.27 | REDACTED REDACTED | REDACTED | REDACTED | FREDERICK MD 21703-2227 |
| 06/04/08 | 1,175.00 | REDACTED REDACTED | | REDACTED | KENOSHA WI 53140 |
| 06/04/08 | 70.00 | REDACTED REDACTED | | REDACTED | WHITEFIELD NH 03598 |
| 06/04/08 | 307.13 | REDACTED REDACTED | REDACTED | REDACTED | DEERFIELD MI 49238 |
| 06/04/08 | 963.28 | REDACTED REDACTED | | REDACTED | PUEBLO WEST CO 81007 |
| 06/04/08 | 256.68 | REDACTED REDACTED | | REDACTED | FT WAYNE IN 46845-9137 |
| 06/04/08 | 693.00 | REDACTED REDACTED | | REDACTED | ROLLING HILLS ESTATES CA 90274 |
| 06/04/08 | 947.87 | REDACTED REDACTED | REDACTED | REDACTED | KENOSHA WI 53142-3941 |
| 06/04/08 | 2,050.00 | REDACTED REDACTED | | REDACTED | MISSION TX 78572 |
| 06/04/08 | 2,270.77 | REDACTED REDACTED | REDACTED | REDACTED | BOWIE MD 20720 |
| 06/04/08 | 14.00 | REDACTED REDACTED | | REDACTED | LATHROP CA 95330 |
| 06/04/08 | 76.26 | REDACTED REDACTED | | REDACTED | LOUISVILLE KY 40222-4726 |
| 06/04/08 | 118.72 | REDACTED REDACTED | | REDACTED | ABINGTON PA 19001-0312 |
| 06/04/08 | 1,550.90 | REDACTED REDACTED | | REDACTED | MONTEREY PARK CA 91754-3249 |
| 06/04/08 | 350.00 | REDACTED REDACTED | | REDACTED | SANTA CLARITA CA 91390 |
| 06/04/08 | 290.00 | REDACTED REDACTED | REDACTED | REDACTED | JACKSONVILLE BL 32208 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 06/04/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | CANTON CT 06019-0645 |
| 06/04/08 | 1,192.55 | REDACTED REDACTED | REDACTED | REDACTED | SAN JOSE CA 95120-1784 |
| 06/04/08 | 550.00 | REDACTED REDACTED | | REDACTED | EDEN NC 27288 |
| 06/04/08 | 774.80 | REDACTED REDACTED | | REDACTED | MIAMI FL 33150-3718 |
| 06/04/08 | 68.00 & 500.00 | REDACTED REDACTED | | REDACTED | HURON CA 93234 |
| 06/04/08 | 310.00 | REDACTED REDACTED | REDACTED | REDACTED | FT LAUDERDALE FL 33312 |
| 06/04/08 | 232,511.83 | REDACTED REDACTED | | REDACTED | PHOENIX AZ 85020 |
| | | REDACTED REDACTED | | REDACTED | |
| 06/09/08 | 1,475.82 | REDACTED REDACTED | | REDACTED | ATASCADERO CA 93422-5015 |
| 06/09/08 | 1,726.54 | REDACTED REDACTED | REDACTED | REDACTED | SALT LAKE CITY UT 84150-1780 |
| 06/09/08 | 612.94 | REDACTED REDACTED | REDACTED | REDACTED | SAUGUS CA 91390-4119 |
| 06/09/08 | 383.00 | REDACTED REDACTED | REDACTED | REDACTED | PHILADELPHIA PA 19109 |
| 06/09/08 | 216.30 | REDACTED REDACTED | | REDACTED | EVERETT WA 98203 |
| 06/09/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | KOKOMO IN 46904-2828 |
| 06/09/08 | 468.29 | REDACTED REDACTED | | REDACTED | TUCSON AZ 85715 |
| 06/09/08 | 11,727.30 | REDACTED REDACTED | | REDACTED | BROOKLINE MA 02446 |
| 06/09/08 | 1,168.59 | REDACTED REDACTED | | REDACTED | GREENDALE WI 53129 |
| 06/09/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | FLUSHING NY 11351 |
| 06/09/08 | 859.76 | REDACTED REDACTED | | REDACTED | RALEIGH NC 27609-7509 |
| 06/09/08 | 1,036.72 | REDACTED REDACTED | | REDACTED | SANTA ANA CA 92705 |
| 06/09/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | SAN JOSE CA 95112 |
| 06/09/08 | 600.00 | REDACTED REDACTED | | REDACTED | SIERRA VISTA AZ 85635-3930 |
| 06/09/08 | 1,648.55 | REDACTED REDACTED | | REDACTED | HOMESTEAD FL 33032 |
| 06/09/08 | 428.00 (2 checks) | REDACTED REDACTED | REDACTED | REDACTED | PHOENIX AZ 85005 |
| 06/09/08 | 364.36 | REDACTED REDACTED | | REDACTED | PHOENIX AZ 85034-1302 |
| 06/09/08 | 473.69 | REDACTED REDACTED | | REDACTED | PHOENIX AZ 85021 |

| | | | | | |
|---|---|---|---|---|---|
| 06/09/08 | 1,022.94 | REDACTED REDACTED | | REDACTED | SALT LAKE CITY UT 84115 |
| 06/09/08 | 26,050.79 | REDACTED REDACTED | | REDACTED | MINNEAPOLIS MN 55480 |
| 06/09/08 | 10,324.95 | REDACTED REDACTED | | REDACTED | CARMICHALES PA 15320 |
| 06/09/08 | 2,200.00 | REDACTED REDACTED | | REDACTED | SOUTHGATE MI 48195 |
| 06/09/08 | 1,711.36 | REDACTED REDACTED | REDACTED | REDACTED | ST GEORGE UT 84770 |
| 06/09/08 | 853.02 | REDACTED REDACTED | REDACTED | REDACTED | LANCASTER PA 17603 |
| 06/09/08 | 300.78 | REDACTED REDACTED | | REDACTED | RENO NV 89506 |
| 06/09/08 | 652.23 | REDACTED REDACTED | REDACTED | REDACTED | MODESTO CA 95358 |
| 06/09/08 | 67.01 | REDACTED REDACTED | | REDACTED | FREDERICK MD 21703 |
| 06/09/08 | 242.65 | REDACTED REDACTED | | REDACTED | NEW ORLEANS LA 70125-3532 |
| 06/09/08 | 5,163.99 | REDACTED REDACTED | REDACTED | REDACTED | WEST PALM BEACH FL 33409 |
| 06/09/08 | 1,415.42 | REDACTED REDACTED | | REDACTED | MOSS BEACH CA 94038 |
| 06/09/08 | 214.00 | REDACTED REDACTED | | REDACTED | MIDLAND MI 48642 |
| 06/09/08 | 270.00 | REDACTED REDACTED | | REDACTED | OREGON WI 53575 |
| 06/09/08 | 265.40 | REDACTED REDACTED | | REDACTED | DOWNERS GROVE IL 60515 |
| 06/09/08 | 720.46 | REDACTED REDACTED | | REDACTED | STONE MOUNTAIN GA 30083 |
| 06/09/08 | 1,252.56 | REDACTED REDACTED | | REDACTED | SAN JOSE CA 95112-1823 |
| 06/09/08 | 1,418.49 | REDACTED REDACTED | | REDACTED | BELLINGHAM WA 98225 |
| 06/09/08 | 14.28 | REDACTED REDACTED | REDACTED | REDACTED | CINCINNATI OH 45202-1906 |
| 06/09/08 | 172.92 | REDACTED REDACTED | | REDACTED | LAS VEGAS NV 89193-8508 |
| 06/09/08 | 261.54 | REDACTED REDACTED | | REDACTED | BRONX NY 10472-3901 |
| 06/09/08 | 5,180.73 | REDACTED REDACTED | | REDACTED | JUPITER FL 33458 |

| | | | | | |
|---|---|---|---|---|---|
| 06/09/08 | 840.00 | REDACTED REDACTED | | REDACTED | GROVETOWN GA 30813-2152 |
| 06/09/08 | 6.00 | REDACTED REDACTED | REDACTED | REDACTED | NORRISTOWN PA 19401 |
| 06/09/08 | 610.00 | REDACTED REDACTED | | REDACTED | MARIANNA AR 72360 |
| 06/09/08 | 1,961.11 | REDACTED REDACTED | | REDACTED | CHESTERFIELD VA 23838-8928 |
| 06/09/08 | 100.00 | REDACTED REDACTED | | REDACTED | RUSTBURG VA 24588 |
| 06/09/08 | 1,200.00 | REDACTED REDACTED | | REDACTED | JACKSONVILLE NC 28541-1551 |
| 06/09/08 | 109.03 | REDACTED REDACTED | REDACTED | REDACTED | SPRINGFIELD MO 65801 |
| 06/09/08 | 10.59 | REDACTED REDACTED | REDACTED | REDACTED | ROCKY RIVER OH 44116 |
| 06/09/08 | 1,048.93 | REDACTED REDACTED | | REDACTED | APACHE JUNCTION AZ 85220-5080 |
| 06/09/08 | 265.40 | REDACTED REDACTED | | REDACTED | DOWNERS GROVE IL 60515 |
| 06/09/08 | 401.74 | REDACTED REDACTED | REDACTED | REDACTED | BOERNE TX 78006 |
| 06/09/08 | 51,256.87 | REDACTED REDACTED | REDACTED | REDACTED | SHORT HILLS NJ 07078 |
| 06/09/08 | 1,603.85 | REDACTED REDACTED | | REDACTED | NEW ORLEANS LA 70143-5999 |
| 06/09/08 | 3,641.99 | REDACTED REDACTED | REDACTED | REDACTED | PARAMOUNT CA 90723 |
| 06/09/08 | 1,888.41 | REDACTED REDACTED | | REDACTED | WILMINGTON DE 19803 |
| 06/09/08 | 42,732.25 | REDACTED REDACTED | REDACTED | REDACTED | WOODBURY NY 11797 |
| 06/09/08 | 40728.5 / 18235.50 | REDACTED REDACTED | | REDACTED | LAKEVILLE IN 46536 |
| 06/09/08 | 2592.80 / 2578.53 | REDACTED REDACTED | | REDACTED | MIAMI FL 33296-0488 |
| 06/09/08 | 1,507.69 | REDACTED REDACTED | REDACTED | REDACTED | MIAMI FL 33172 |
| 06/09/08 | 500.00 | REDACTED REDACTED | | REDACTED | MILWAUKEE WI 53202-2774 |
| 06/09/08 | 1,566.19 | REDACTED REDACTED | | REDACTED | KAMAS UT 84036-1139 |
| 06/09/08 | 1.00 | REDACTED REDACTED | | REDACTED | RALEIGH NC 27612-3597 |

| | | | | | |
|---|---|---|---|---|---|
| 06/09/08 | 1,602.08 | REDACTED REDACTED | REDACTED | REDACTED | SCRANTON PA 18505-0834 |
| 06/09/08 | 5,924.05 | REDACTED REDACTED | | REDACTED | SALT LAKE CITY UT 84124 |
| 06/09/08 | 338.17 | REDACTED REDACTED | REDACTED | REDACTED | PLANO TX 75024 |
| 06/09/08 | 1,128.29 | REDACTED REDACTED | | REDACTED | DANBURY CT 06810 |
| 06/09/08 | 2,770.24 | REDACTED REDACTED | | REDACTED | PALM BEACH GARDENS FL 33403 |
| 06/09/08 | 948.10 | REDACTED REDACTED | | REDACTED | BURTON MI 48519 |
| 06/09/08 | 1,110.00 | REDACTED REDACTED | REDACTED | REDACTED | LIVINGSTON TX 77399 |
| 06/09/08 | 204.91 | REDACTED REDACTED | | REDACTED | YUMA AZ 85364 |
| 06/09/08 | 1,055.00 | REDACTED REDACTED | REDACTED | REDACTED | TACOMA WA 98409 |
| 06/09/08 | 263.23 | REDACTED REDACTED | REDACTED | REDACTED | JACKSON MS 39286-1980 |
| 06/09/08 | 1,300.00 | REDACTED REDACTED | | REDACTED | DANBURY CT 06810 |
| 06/09/08 | 1,900.00 | REDACTED REDACTED | REDACTED | REDACTED | NEW YORK NY 1008-3205 |
| 06/09/08 | 1,494.25 | REDACTED REDACTED | | REDACTED | MONTGOMERY AL 36109 |
| 06/09/08 | 1,022.00 | REDACTED REDACTED | REDACTED | REDACTED | AGORA HILLS CA 91376 |
| 06/09/08 | 1,951.31 | REDACTED REDACTED | REDACTED | REDACTED | KINGWOOD TX 77339 |
| 06/09/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | FRESNO CA 93755 |
| 06/09/08 | 450.00 | REDACTED REDACTED | REDACTED | REDACTED | VISALIA CA 93279 |
| 06/09/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | QUINCY FL 32353 |
| 06/09/08 | 1,621.00 | REDACTED REDACTED | | REDACTED | GALLOWAY NJ 08205 |
| 06/09/08 | 483.05 | REDACTED REDACTED | REDACTED | REDACTED | INDIANAPOLIS IN 46204 |
| 06/09/08 | 1,400.00 | REDACTED REDACTED | | REDACTED | BELLEVUE WA 98007-3247 |
| 06/09/08 | 1,500.00 | REDACTED REDACTED | | REDACTED | BATON ROUGE LA 70879-6359 |
| 06/09/08 | 1,200.00 | REDACTED REDACTED | | REDACTED | SAN RAMON CA 94583 |
| 06/09/08 | 1,240.00 | REDACTED REDACTED | | REDACTED | CHANTILLY VA 20151 |
| 06/09/08 | 5,250.00 | REDACTED REDACTED | | REDACTED | PORTSMOUTH NH 03802-1240 |

| | | | | | |
|---|---|---|---|---|---|
| | 3004.62/ 45.31/<br>291.82/ 1058.81/ | | | | SANTA ANA  CA 92711- |
| 06/09/08 | 900.00 | REDACTED REDACTED | | REDACTED | 1000 |
| 06/09/08 | 90.00 | REDACTED REDACTED | REDACTED | REDACTED | TALLAHASEE FL 32312 |
| 06/09/08 | 467.40 | REDACTED REDACTED | | REDACTED | LINCOLN ME 04457 |
| 06/09/08 | 3,239.91 | REDACTED REDACTED | | REDACTED | TAMPA FL 33647 |
| 06/09/08 | 700.00 | REDACTED REDACTED | REDACTED | REDACTED | SYRACUSE NY 13206 |
| 06/09/08 | 550.00 | REDACTED REDACTED | | REDACTED | MINNEAPOLIS MN<br>55480 |
| 06/09/08 | 800.00/ 800.00 | REDACTED REDACTED | | REDACTED | LITTLE ROCK  AR 72204 |
| 06/09/08 | 2896.50/ 4098.51 | REDACTED REDACTED | REDACTED | REDACTED | WILMINGTON  DE 19880-<br>0040 |
| 06/09/08 | 228.40 | REDACTED REDACTED | | REDACTED | MANASSAS VA 20108-<br>0875 |
| 06/09/08 | 1,376.00 | REDACTED REDACTED | | REDACTED | RYE BROOK NY 10573 |
| 06/09/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | TOWSON MD 21286 |
| 06/09/08 | 860.00 | REDACTED REDACTED | | REDACTED | LEBANON  OR 97355 |
| 06/09/08 | 329.00 | REDACTED REDACTED | REDACTED | REDACTED | ORANGE PARK  FL<br>32073 |
| 06/09/08 | 1,488.00 | REDACTED REDACTED | | REDACTED | SAN FRANCISCO  CA<br>94163 |
| 06/09/08 | 543.21 | REDACTED REDACTED | | REDACTED | TOLEDO  OH 43614-5189 |
| 06/09/08 | 95.24 | REDACTED REDACTED | REDACTED | REDACTED | CINCINNATI  OH 45202-<br>1906 |
| 06/09/08 | 557.49 | REDACTED REDACTED | | REDACTED | CLINTON IA 52732 |
| 06/09/08 | 848.80 | REDACTED REDACTED | | REDACTED | ROANOKE VA 24028 |
| 06/09/08 | 8,099.00 | REDACTED REDACTED | | REDACTED | KANSAS CITY  MO 64141-<br>6226 |
| 06/09/08 | 334.43 | REDACTED REDACTED | REDACTED | REDACTED | EL PASO TX 79912 |
| 06/09/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | KALAMAZOO MI 49048 |
| 06/09/08 | 727.14 | REDACTED REDACTED | | REDACTED | BRIMLEY MI 49715 |
| 06/09/08 | 200.00 | REDACTED REDACTED | REDACTED | REDACTED | DALLAS TX 75216 |
| 06/09/08 | 305.00 | REDACTED REDACTED | REDACTED | REDACTED | TULSA OK 74133 |
| 06/09/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | FENTON MO 63026 |

| | | | | | |
|---|---|---|---|---|---|
| 06/09/08 | 18,000.00 | REDACTED REDACTED | | REDACTED | WESTBURY NY 11590-9003 |
| 06/09/08 | 987.77 | REDACTED REDACTED | | REDACTED | SAN DIEGO CA 92106 |
| 06/09/08 | 1,391.06 | REDACTED REDACTED | | REDACTED | SAN FRANCISCO CA 94163 |
| 06/09/08 | 265.40 | REDACTED REDACTED | | REDACTED | DOWNERS GROVE IL 60515 |
| 06/09/08 | 910.56 | REDACTED REDACTED | | REDACTED | CLEARWATER FL 33755 |
| 06/09/08 | 1,271.75 | REDACTED REDACTED | | REDACTED | PHOENIX AZ 85067 |
| 06/09/08 | 2,432.54 | REDACTED REDACTED | | REDACTED | FARIBAULT MN 55021 |
| 06/09/08 | 1,910.00 | REDACTED REDACTED | | REDACTED | NEEDHAM MA 02494-9123 |
| 06/09/08 | 2,045.03 | REDACTED REDACTED | | REDACTED | FRANKLIN TN 37068 |
| 06/09/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | DAYTON OH 45414 |
| 06/09/08 | 246.75 | REDACTED REDACTED | REDACTED | REDACTED | WESTLAKE TX 76262 |
| 06/09/08 | 3,817.19 | REDACTED REDACTED | | REDACTED | ROCKVILLE MD 20850 |
| 06/09/08 | 1,800.00 | REDACTED REDACTED | | REDACTED | SUISUN CITY CA 94585 |
| 06/09/08 | 157.76 | REDACTED REDACTED | | REDACTED | HYATTSVILLE MD 20782 |
| 06/09/08 | 400.03 | REDACTED REDACTED | | REDACTED | OJAI CA 93023 |
| 06/09/08 | 800.00 | REDACTED REDACTED | | REDACTED | FLUSHING NY 11351 |
| 06/09/08 | 305.00 | REDACTED REDACTED | | REDACTED | BROOKLYN NY |
| 06/09/08 | 327.00 | REDACTED REDACTED | | REDACTED | PASADENA CA 91104-2523 |
| 06/09/08 | 3,000.00 | REDACTED REDACTED | REDACTED | REDACTED | BRICK NJ 08724-3844 |
| 06/09/08 | 393.00 | REDACTED REDACTED | | REDACTED | PORT CLINTON OH 43452-9066 |
| 06/09/08 | 3,223.09 | REDACTED REDACTED | | REDACTED | BONITA CA 91902 |
| 06/09/08 | 190.00 | REDACTED REDACTED | | REDACTED | CARDIFF CA 92007-7164 |
| 06/09/08 | 1,291.53 | REDACTED REDACTED | REDACTED | REDACTED | ATLANTA GA 30328 |
| 06/09/08 | 530.00 | REDACTED REDACTED | REDACTED | REDACTED | HOPATCONG NJ 07843 |
| 06/09/08 | 400.00 | REDACTED REDACTED | | REDACTED | CLANTON AL 35045 |
| 06/09/08 | 9.50 | REDACTED REDACTED | | REDACTED | NEW YORK NY 10018 |
| 06/09/08 | 225.00 | REDACTED REDACTED | REDACTED | REDACTED | HORSHAM PA 19044 |

| Date | Amount | | | | Location |
|------|--------|---|---|---|----------|
| 06/09/08 | 3,201.52 | REDACTED REDACTED | REDACTED | REDACTED | MYRTLE BEACH SC 29572 |
| | | REDACTED REDACTED | | REDACTED | |
| 06/18/08 | 15,239.00 | REDACTED REDACTED | | REDACTED | SAN DIEGO CA 92101 |
| 06/18/08 | 300.00 | REDACTED REDACTED | | REDACTED | FORT WORTH TX 76133 |
| 06/18/08 | 1,906.44 | REDACTED REDACTED | | REDACTED | MONTGOMERY AL 36117-8484 |
| | 887.00/ 2403.94/ | | | | OKLAHOMA CITY OK 73108-2057 |
| 06/18/08 | 1361.00 | REDACTED REDACTED | | REDACTED | CLAYPOOL AZ 85532-1195 |
| 06/18/08 | 409.99 | REDACTED REDACTED | | REDACTED | GLEN BURNIE MD 21060-8244 |
| 06/18/08 | 2,292.64 | REDACTED REDACTED | REDACTED | REDACTED | FRESNO CA 93725 |
| 06/18/08 | 580.00 | REDACTED REDACTED | | REDACTED | NEWARK DE 19715-0147 |
| 06/18/08 | 608.40 | REDACTED REDACTED | REDACTED | REDACTED | WALTERBORO SC 29488 |
| 06/18/08 | 739.00 | REDACTED REDACTED | | REDACTED | HOLTSVILLE NY 11742 |
| 06/18/08 | 70.00 | REDACTED REDACTED | REDACTED | REDACTED | ELIZABETHTOWN KY 42702-0010 |
| 06/18/08 | 1,280.00 | REDACTED REDACTED | | REDACTED | TOLEDO OH 43611 |
| 06/18/08 | 50.00 | REDACTED REDACTED | | REDACTED | SEQUIM WA 98382 |
| 06/18/08 | 464.54 | REDACTED REDACTED | | REDACTED | NEW YORK NY 10128-1139 |
| 06/18/08 | 3,553.00 | REDACTED REDACTED | | REDACTED | STOCKTON CA 95219 |
| 06/18/08 | 2,488.50 | REDACTED REDACTED | | REDACTED | RED WING MN 55066 |
| 06/18/08 | 224.96 | REDACTED REDACTED | | REDACTED | CORPUS CHRISTI TX 78469 |
| 06/18/08 | 500.00 | REDACTED REDACTED | REDACTED | REDACTED | EVERETT WA 98203 |
| 06/18/08 | 1,883.70 | REDACTED REDACTED | | REDACTED | COLUMBUS OH 43232-4390 |
| 06/18/08 | 5,136.64 | REDACTED REDACTED | | REDACTED | RICHLAND WA 99352 |
| 06/18/08 | 500.00 | REDACTED REDACTED | | REDACTED | SANTA ROSA CA 95406-6104 |
| 06/18/08 | 449.49 | REDACTED REDACTED | REDACTED | REDACTED | GALVESTON TX 77550 |
| 06/18/08 | 1,357.12 | REDACTED REDACTED | REDACTED | REDACTED | |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 06/18/08 | 208.08 | REDACTED REDACTED | | REDACTED | CAPE CORAL FL 33909 |
| 06/18/08 | 150.00 | REDACTED REDACTED | | REDACTED | COLUMBIA MD 21045 |
| 06/18/08 | 9,966.26 | REDACTED REDACTED | | REDACTED | SUDBURY MA 01776-1122 |
| 06/18/08 | 2,260.84 | REDACTED REDACTED | | REDACTED | HONOLULU HI 96814 |
| 06/18/08 | 15,239.00 | REDACTED REDACTED | | REDACTED | SAN DIEGO CA 92101 |
| 06/18/08 | 1,140.05 | REDACTED REDACTED | | REDACTED | DALE TX 78616 |
| 06/18/08 | 500.00 | REDACTED REDACTED | | REDACTED | MUSCATINE IA 52761 |
| 06/18/08 | 191.36 | REDACTED REDACTED | | REDACTED | MUSCATINE IA 52761 |
| 06/18/08 | 30.00 | REDACTED REDACTED | REDACTED | REDACTED | CHARLOTTE NC 28269 |
| 06/18/08 | 1,137.12 | REDACTED REDACTED | | REDACTED | SHELTON WA 98584-5002 |
| 06/18/08 | 1,116.00 | REDACTED REDACTED | | REDACTED | WEST MONROE LA 71294 |
| 06/18/08 | 1,725.00 | REDACTED REDACTED | | REDACTED | TROY MI 48098-2639 |
| 06/18/08 | 655.65 | REDACTED REDACTED | REDACTED | REDACTED | PHILADELPHIA PA 19176 |
| 06/18/08 | 850.00 | REDACTED REDACTED | REDACTED | REDACTED | SPOKANE VALLEY WA 99216 |
| 06/18/08 | 1,291.53 | REDACTED REDACTED | REDACTED | REDACTED | ATLANTA GA 30328 |
| 06/18/08 | 3,629.00 | REDACTED REDACTED | | REDACTED | FULTON MD 20759 |
| 06/18/08 | 5,176.54 | REDACTED REDACTED | REDACTED | REDACTED | ENCINO CA 91436 |
| 06/18/08 | 1,405.82 | REDACTED REDACTED | | REDACTED | BRDIGEWATER NJ 08807 |
| 06/18/08 | 235.00 | REDACTED REDACTED | | REDACTED | FORT WORTH TX 76101 |
| 06/18/08 | 800.00 | REDACTED REDACTED | REDACTED | REDACTED | EVERETT WA 98201 |
| 06/18/08 | 5,600.00 | REDACTED REDACTED | | REDACTED | WORCESTER MA 01606 |
| 06/18/08 | 128.92 | REDACTED REDACTED | | REDACTED | PRIOR LAKE MN 55372 |
| 06/18/08 | 650.00 | REDACTED REDACTED | REDACTED | REDACTED | CINCINNATI OH 45245 |
| 06/18/08 | 2,000.00 | REDACTED REDACTED | | REDACTED | WICHITA KS 67235 |
| 06/18/08 | 1,085.73 | REDACTED REDACTED | | REDACTED | IRON MOUNTAIN MI 49801 |
| 06/18/08 | 1,273.06 | REDACTED REDACTED | REDACTED | REDACTED | RENO NV 89502 |

| | | | | | |
|---|---|---|---|---|---|
| 06/18/08 | 1,308.85 | REDACTED REDACTED | | REDACTED | CARMEL IN 46032-4559 |
| 06/18/08 | 13.00 | REDACTED REDACTED | REDACTED | REDACTED | MIDLOTHIAN VA 23113 |
| 06/18/08 | 194.23 | REDACTED REDACTED | | REDACTED | GRANTS NM 87020 |
| 06/18/08 | 400.00 | REDACTED REDACTED | REDACTED | REDACTED | CORPUS CHRISTI TX 78469 |
| 06/18/08 | 335.00 | REDACTED REDACTED | | REDACTED | GARDENA CA 90247 |
| 06/18/08 | 816.39 | REDACTED REDACTED | | REDACTED | SANTA CLARITA CA 91386-2272 |
| 06/18/08 | 338.00 | REDACTED REDACTED | REDACTED | REDACTED | STEVENSVILLE MD 21666 |
| 06/18/08 | 1,295.38 | REDACTED REDACTED | | REDACTED | TEMPE AZ 85282-6963 |
| 06/18/08 | 645.00 | REDACTED REDACTED | REDACTED | REDACTED | ROSEBUD TX 76570 |
| 06/18/08 | 1,250.26 | REDACTED REDACTED | | REDACTED | BLOOMINGDALE GA 31302 |
| 06/18/08 | 3,803.00 | REDACTED REDACTED | REDACTED | REDACTED | COMPTON CA 90220 |
| 06/18/08 | 670.00 | REDACTED REDACTED | REDACTED | REDACTED | EXTON PA 19341 |
| 06/18/08 | 487.09 | REDACTED REDACTED | REDACTED | REDACTED | MARION IA 52302-5745 |
| 06/18/08 | 328.34 | REDACTED REDACTED | | REDACTED | NEW CASTLE DE 19720 |
| 06/18/08 | 2,000.00 | REDACTED REDACTED | REDACTED | REDACTED | MONTROSE MN 55363-8007 |
| 06/18/08 | 1,978.00 | REDACTED REDACTED | | REDACTED | MINNEAPOLIS MN 55402-3475 |
| 06/18/08 | 9,576.66 | REDACTED REDACTED | REDACTED | REDACTED | BALTIMORE MD 21221 |
| 06/18/08 | 3,214.30 | REDACTED REDACTED | | REDACTED | SAN JACINTO CA 92583 |
| 06/18/08 | 1,129.00 | REDACTED REDACTED | | REDACTED | PALM SPRINGS CA 92262-4725 |
| 06/18/08 | 1,600.50 | REDACTED REDACTED | | REDACTED | ARLINGTON VA 22206-1716 |
| 06/18/08 | 500.00 | REDACTED REDACTED | | REDACTED | LAKE ORION MI 48362 |
| 06/18/08 | 998.88 | REDACTED REDACTED | | REDACTED | CEDAR PARK TX 78613 |
| 06/18/08 | 234.81 | REDACTED REDACTED | | REDACTED | CARNEGIE PA 15106 |
| 06/18/08 | 2,799.90 | REDACTED REDACTED | REDACTED | REDACTED | BOSTON MA 02199 |

| | | | | | |
|---|---|---|---|---|---|
| 06/18/08 | 2,178.34 | REDACTED REDACTED | | REDACTED | VINELAND NJ 08360-2446 |
| 06/18/08 | 2,577.48 | REDACTED REDACTED | REDACTED | REDACTED | BURLINGTON WI 53015 |
| 06/18/08 | 1,600.00 | REDACTED REDACTED | | REDACTED | TRENTON NJ 08629 |
| 06/18/08 | 1,119.94 | REDACTED REDACTED | | REDACTED | AURORA IL 60506 |
| 06/18/08 | blank ck | REDACTED REDACTED | | REDACTED | MEAD NE 68041-4049 |
| 06/18/08 | 455.00 | REDACTED REDACTED | | REDACTED | UPPER LAKE CA 95485-0484 |
| 06/18/08 | 1,430.61 | REDACTED REDACTED | | REDACTED | AUSTIN TX 78759 |
| 06/18/08 | 10.00 | REDACTED REDACTED | | REDACTED | GRAND ISLAND NE 68801 |
| | 1000.00/1000.00/30.6 | | | | |
| 06/18/08 | 8 | REDACTED REDACTED | | REDACTED | FAIRFIELD CA 94533 |
| 06/18/08 | 1,280.00 | REDACTED REDACTED | | REDACTED | ELIZABETHTOWN KY 42702 |
| 06/18/08 | 1,300.00 | REDACTED REDACTED | | REDACTED | MEMPHIS TN 38132 |
| 06/18/08 | 610.00 | REDACTED REDACTED | | REDACTED | MIDVALE UT 84047 |
| 06/18/08 | 22,164.73 | REDACTED REDACTED | | REDACTED | TEMPE AZ 85284-2707 |
| 06/18/08 | 3,220.00 | REDACTED REDACTED | | REDACTED | TAMPA FL 33634 |
| 06/18/08 | 2,600.00 | REDACTED REDACTED | | REDACTED | SAN FRANCISCO CA 94163 |
| 06/18/08 | 1,875.00 | REDACTED REDACTED | | REDACTED | PRESCOTT AZ 86305 |
| 06/18/08 | 2,483.00 | REDACTED REDACTED | | REDACTED | NEWPORT BEACH CA 92658-6000 |
| 06/18/08 | 15.00 | REDACTED REDACTED | | REDACTED | SAN CARLOS CA 94070 |
| 06/18/08 | 1,262.00 | REDACTED REDACTED | | REDACTED | PIEDMONT SC 29673 |
| 06/18/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | MINNEAPOLIS MN 55480 |
| 06/18/08 | 334.43 | REDACTED REDACTED | REDACTED | REDACTED | EL PASO TX 79912 |
| 06/18/08 | 750.00 | REDACTED REDACTED | | REDACTED | CARROLLTON TX 75006 |
| 06/18/08 | 227.90 | REDACTED REDACTED | REDACTED | REDACTED | PHOENIX AZ 85051-5934 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| 06/18/08 | 47.00 | REDACTED REDACTED | | REDACTED | INDIANAPOLIS IN 46204 |
| 06/18/08 | 600.00 | REDACTED REDACTED | | REDACTED | GAYLESVILLE AL 35973 |
| 06/18/08 | 1,113.50 | REDACTED REDACTED | | REDACTED | NEOSHO MO 64850 |
| 06/18/08 | 9,218.24 | REDACTED REDACTED | | REDACTED | BONITA SPRINGS FL 34135 |
| 06/18/08 | 651.41 | REDACTED REDACTED | | REDACTED | CLEARWATER FL 33761 |
| 06/18/08 | 1,072.08 | REDACTED REDACTED | REDACTED | REDACTED | MELBOURNE FL 32940 |
| 06/18/08 | 1,226.46 | REDACTED REDACTED | | REDACTED | RIO RANCHO NM 87124-9007 |
| 06/18/08 | 1,150.00 | REDACTED REDACTED | | REDACTED | BALTIMORE MD 21218-2226 |
| 06/18/08 | 50.00 | REDACTED REDACTED | | REDACTED | TOLEDO OH 43611 |
| 06/18/08 | 739.55 | REDACTED REDACTED | | REDACTED | BALTIMORE MD 21206 |
| 06/18/08 | 1,900.00 | REDACTED REDACTED | REDACTED | REDACTED | MEMPHIS TN 38119 |
| 06/18/08 | 1,609.78 | REDACTED REDACTED | | REDACTED | SOUTHFIELD MI 48076-5133 |
| 06/18/08 | 2,179.51 | REDACTED REDACTED | REDACTED | REDACTED | TOWNSEND DE 19734 |
| 06/18/08 | 1,159.00 | REDACTED REDACTED | | REDACTED | BRADENTON FL 34210-3271 |
| 06/18/08 | 833.33 | REDACTED REDACTED | | REDACTED | HOUGHTON MI 49931-1618 |
| 06/18/08 | 9,369.00 | REDACTED REDACTED | REDACTED | REDACTED | HUNTINGDON VALLEY PA 19006 |
| 06/18/08 | 550.00 | REDACTED REDACTED | | REDACTED | JACKSON MI 49201 |
| 06/18/08 | 550.00 | REDACTED REDACTED | | REDACTED | JACKSON MI 49201 |
| 06/18/08 | 109.03 | REDACTED REDACTED | REDACTED | REDACTED | SPRINGFIELD MO 665801 |
| 06/18/08 | 1,200.00 | REDACTED REDACTED | | REDACTED | MARLBOROUGH MA 01752-9130 |
| 06/18/08 | 77.00 | REDACTED REDACTED | | REDACTED | SACREMENTO CA 94294-0894 |
| 06/18/08 | 434.47 | REDACTED REDACTED | REDACTED | REDACTED | SEATTLE WA 98104 |

| Date | Amount | | | | Location |
|---|---|---|---|---|---|
| | | | | | GRAND BLANC  MI 48439 |
| 06/18/08 | 564.29 | REDACTED REDACTED | | REDACTED | |
| 06/18/08 | 1,729.75 | REDACTED REDACTED | | REDACTED | RALEIGH  NC 27604 |
| 06/18/08 | 210.00 | REDACTED REDACTED | | REDACTED | ENGLEWOOD  CO 80111 |
| 06/18/08 | 1,144.83 | REDACTED REDACTED | | REDACTED | OCEAN CITY  NJ 08226 |
| 06/18/08 | 2,920.00 | REDACTED REDACTED | | REDACTED | SAN FRANCISCO  CA 94163 |
| 06/18/08 | 625.00 | REDACTED REDACTED | | REDACTED | CINCINNATI  OH 45227 |
| 06/18/08 | 202.16 | REDACTED REDACTED | | REDACTED | WALNUT CREEK CA 94597 |
| 06/18/08 | 200.00 | REDACTED REDACTED | | REDACTED | MARIE  MI 49783 |
| 06/18/08 | 2,731.34 | REDACTED REDACTED | | REDACTED | MUNSTER IN 46321 |
| 06/18/08 | 900.00 | REDACTED REDACTED | REDACTED | REDACTED | EWING  NJ 08628 |
| 06/18/08 | 350.00 | REDACTED REDACTED | REDACTED | REDACTED | PAW PAW  MI 49079 |
| 06/18/08 | 2,100.00 | REDACTED REDACTED | REDACTED | REDACTED | HOLLYWOOD  FL 33021 |
| 06/18/08 | 255.94 | REDACTED REDACTED | | REDACTED | FOLSOM  CA 95763-1459 |
| 06/18/08 | 1,804.65 | REDACTED REDACTED | REDACTED | REDACTED | EL DORADO  CA 95623 |
| 06/18/08 | 208.33 | REDACTED REDACTED | | REDACTED | SAN ANTONIO  TX 78218 |
| 06/18/08 | 0.01 | REDACTED REDACTED | | REDACTED | GREENVILLE  NC 27858 |
| 06/18/08 | 3,215.73 | REDACTED REDACTED | | REDACTED | WELLESLEY  MA 02482 |
| 06/18/08 | 261.58 | REDACTED REDACTED | | REDACTED | ST AUGUSTINE  FL 32086 |
| 06/18/08 | 1,048.71 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ,  FL 33549-4468 |
| 06/18/08 | 737.18 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ,  FL 33549-4468 |
| 06/18/08 | 930.10 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ,  FL 33549-4468 |
| 06/18/08 | 995.70 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ,  FL 33549-4468 |
| 06/18/08 | 1,993.00 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ,  FL 33549-4468 |
| 06/18/08 | 2,130.00 | REDACTED REDACTED | | REDACTED | XENIA  OH 45385 |
| 06/18/08 | 1,490.78 | REDACTED REDACTED | REDACTED | REDACTED | JACKSONVILLE FL 32256 |
| 06/18/08 | 1,005.45 | REDACTED REDACTED | | REDACTED | XENIA  OH 45385 |

| | | | | | |
|---|---|---|---|---|---|
| 06/18/08 | 1,171.92 | REDACTED REDACTED | REDACTED | REDACTED | LUTZ, FL 33549-4468 |
| 06/18/08 | 2,875.66 | REDACTED REDACTED | | REDACTED | MANTUA NJ 08051 |
| 06/18/08 | 596.40 | REDACTED REDACTED | REDACTED | REDACTED | VALDOSTA GA 31602-4956 |
| 06/18/08 | 1,431.52 | REDACTED REDACTED | | REDACTED | XENIA OH 45385 |
| 06/18/08 | 869.94 | REDACTED REDACTED | | REDACTED | XENIA OH 45385 |
| 06/18/08 | 628.00 | REDACTED REDACTED | | REDACTED | TOLEDO OH 43615 |
| 06/18/08 | 2,938.00 | REDACTED REDACTED | | REDACTED | NEW CASTLE DE 19720 |
| 06/18/08 | 1,659.22 | REDACTED REDACTED | REDACTED | REDACTED | CHRISTIANSTED VI 00821 |
| 06/18/08 | 500.00 | REDACTED REDACTED | | REDACTED | MANOR TX 78653-3860 |
| 06/18/08 | 3,071.77 | REDACTED REDACTED | | REDACTED | CLARKSTON MI 48346 |
| 06/18/08 | 400.00 | REDACTED REDACTED | | REDACTED | INDIANAPOLIS IN 46219 |
| 06/18/08 | 179.92 | REDACTED REDACTED | | REDACTED | IRVINE CA 92618-2304 |
| 06/18/08 | 1,674.28 | REDACTED REDACTED | | REDACTED | SILVER SPRING MD 20906 |
| 06/18/08 | 607.75 | REDACTED REDACTED | | REDACTED | CHEVY CHASE MD 20815-5637 |
| 06/18/08 | 2,200.00 | REDACTED REDACTED | | REDACTED | ORANGE NJ 07050-3605 |
| 06/18/08 | 200.00 | REDACTED REDACTED | | REDACTED | WEST MEMPHIS AR 72301-1717 |
| 06/18/08 | 2,092.46 | REDACTED REDACTED | | REDACTED | BROOKLINE MA 02446 |
| 06/19/08 | 28.12 | REDACTED REDACTED | | REDACTED | GRAND RAPIDS MI 49546 |
| 06/19/08 | 1,371.47 | REDACTED REDACTED | | REDACTED | SILVER SPRING MD 20906-3026 |
| 06/19/08 | 1,776.36 | REDACTED REDACTED | REDACTED | REDACTED | SEDRO VALLEY WA 98284 |
| 06/19/08 | 3,223.22 | REDACTED REDACTED | | REDACTED | BELLINGHAM WA 98226 |
| 06/19/08 | 1,853.96 | REDACTED REDACTED | REDACTED | REDACTED | LAS VEGAS NV 89141-4346 |
| 06/19/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | WEST PALM BEACH FL 33467 |

| | | | | | |
|---|---|---|---|---|---|
| 06/19/08 | 535.10 | REDACTED REDACTED | | REDACTED | SAN ANTONIO TX 78288-0544 |
| 06/19/08 | 2,370.00 | REDACTED REDACTED | | REDACTED | BOWIE MD 20720-4302 |
| 06/19/08 | 2,477.67 | REDACTED REDACTED | | REDACTED | MIDLAND TX 79706 |
| 06/19/08 | 1,141.56 | REDACTED REDACTED | | REDACTED | CHELSEA MA 02150-9100 |
| 06/19/08 | 600.00 | REDACTED REDACTED | | REDACTED | CHANTILLY VA 20151-2222 |
| 06/19/08 | 1,280.44 | REDACTED REDACTED | | REDACTED | PORT ARTHUR TX 77643-3903 |
| 06/19/08 | 1,557.76 | REDACTED REDACTED | | REDACTED | WESTLAKE OH 44145 |
| 06/19/08 | 746.08 | REDACTED REDACTED | | REDACTED | GATES NC 27937 |
| 06/19/08 | 623.39 | REDACTED REDACTED | | REDACTED | ROCHESTER NH 03866 |
| 06/19/08 | 579.54 | REDACTED REDACTED | | REDACTED | BOISE ID 83707 |
| 06/19/08 | 474.50 | REDACTED REDACTED | | REDACTED | BOISE ID 83707 |
| 06/19/08 | 364.24 | REDACTED REDACTED | | REDACTED | BOISE ID 83707 |
| 06/19/08 | 575.00 | REDACTED REDACTED | | REDACTED | GRAND RAPIDS MI 49507-1517 |
| 06/19/08 | 4,060.57 | REDACTED REDACTED | | REDACTED | LAKEWOOD CO 80228 |
| 06/19/08 | 4,122.13 | REDACTED REDACTED | | REDACTED | TAMPA FL 33618-4422 |
| 06/19/08 | 1,175.98 | REDACTED REDACTED | | REDACTED | ALPHARETTA GA 30022 |
| 06/19/08 | 1,939.33 | REDACTED REDACTED | | REDACTED | WOODBRIDGE VA 22192-4415 |
| 06/19/08 | 1,268.69 | REDACTED REDACTED | REDACTED | REDACTED | RUSSIANVILLE IN 46979 |
| 06/19/08 | 237.00 | REDACTED REDACTED | | REDACTED | SALT LAKE CITY UT 84116 |
| 06/19/08 | 2,822.54 | REDACTED REDACTED | | REDACTED | LAKE RIDGE VA 22192 |
| 06/19/08 | 223.24 | REDACTED REDACTED | | REDACTED | BATON ROUGE LA 70826-0169 |
| 06/19/08 | 413.00 | REDACTED REDACTED | | REDACTED | RIVERSIDE CA 92504 |
| 06/19/08 | 1,050.26 | REDACTED REDACTED | | REDACTED | BLOOMINGDALE GA 31302 |
| 06/19/08 | 11,696.00 | REDACTED REDACTED | | REDACTED | DUBLIN OH 43016 |
| 06/19/08 | 11,447.83 | REDACTED REDACTED | | REDACTED | MIAMI BEACH FL 33141 |
| 06/19/08 | 16,368.43 | REDACTED REDACTED | | REDACTED | MIAMI BEACH FL 33141 |

| | | | | | |
|---|---|---|---|---|---|
| 06/19/08 | 334.43 | REDACTED REDACTED | REDACTED | REDACTED | EL PASO TX 79912 |
| 06/19/08 | 471.79 | REDACTED REDACTED | | REDACTED | OJAI CA 93023 |
| 06/19/08 | 1,075.00 | REDACTED REDACTED | | REDACTED | DETROIT MI 48221-2254 |
| | | REDACTED REDACTED | | REDACTED | |
| 06/24/08 | 517.05 | REDACTED REDACTED | | REDACTED | BELLEVILLE MI 48111 |
| 06/24/08 | 3,970.00 | REDACTED REDACTED | | REDACTED | CLEVELAND OH 44135 |
| 06/24/08 | 2,250.00 | REDACTED REDACTED | | REDACTED | La Puente CA 91744 |
| 06/24/08 | 795.04 | REDACTED REDACTED | | REDACTED | La Puente CA 91744 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Eagan MN 55121 |
| 06/24/08 | 900.00 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 06/24/08 | 695.54 | REDACTED REDACTED | | REDACTED | Englewood CO 80111 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Dallas TX 75283 |
| 06/24/08 | 4,000.00 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 1,700.00 | REDACTED REDACTED | | REDACTED | GADSDEN AL 35904 |
| 06/24/08 | 967.91 | REDACTED REDACTED | REDACTED | REDACTED | Elizabeth IN 47117 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | REDACTED | REDACTED | Elizabeth IN 47117 |
| 06/24/08 | 3,054.39 | REDACTED REDACTED | | REDACTED | ORISKANY NY 13424 |
| 06/24/08 | 200.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 2,301.67 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,016.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,100.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,041.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 5,050.90 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,400.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,500.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 11,000.00 | REDACTED REDACTED | | REDACTED | richmond va 23261-7025 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150 |
| 06/24/08 | 1,102.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150 |
| 06/24/08 | 1,250.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150 |
| 06/24/08 | 1,550.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150 |
| 06/24/08 | 708.00 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 800.00 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 7,822.32 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 850.00 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 1,400.00 | REDACTED REDACTED | | REDACTED | La Puente CA 91744 |

| | | | | |
|---|---|---|---|---|
| 06/24/08 | 7,000.00 | REDACTED REDACTED | REDACTED | MATTITUCK NY 11952 |
| 06/24/08 | 510.22 | REDACTED REDACTED | REDACTED | RICHMOND VA 23261-7025 |
| 06/24/08 | 400.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 155.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 793.32 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 500.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 575.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 575.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 400.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 336.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 750.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 10.34 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 894.32/500.00/100.00 /50.00/43.00/552.82 | REDACTED REDACTED | REDACTED | Eagan MN 55121 |
| 06/24/08 | 252.00/300.00/300.00 /150.00/368.92/222.0 0/500.00/500.00/102. 00/500.00 | REDACTED REDACTED | REDACTED | Englewood CO 80111 |
| 06/24/08 | 305.00/3000.00/3000. 00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55479 |
| 06/24/08 | 900.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55479 |
| 06/24/08 | 751.00 | REDACTED REDACTED | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 1,200.00 | REDACTED REDACTED | REDACTED | Englewood CO 80111 |
| 06/24/08 | 1,143.30 | REDACTED REDACTED | REDACTED | COLUMBUS OH 43240 |
| 06/24/08 | 2,018.00 | REDACTED REDACTED | REDACTED | BIRMINGHAM AL 35296 |
| 06/24/08 | 2,152.50 | REDACTED REDACTED | REDACTED | Minneapolis MN 55479 |
| 06/24/08 | 1,308.16 | REDACTED REDACTED | REDACTED | Philadelphia PA 19148 |
| 06/24/08 | 625.00 | REDACTED REDACTED | REDACTED | CINCINNATI OH 45263 |
| 06/24/08 | 395.55 | REDACTED REDACTED | REDACTED | HONOLULU HI 96819 |
| 06/24/08 | 425.68 | REDACTED REDACTED | REDACTED | NEW ORLEANS LA 70161 |
| 06/24/08 | 3,200.00 | REDACTED REDACTED | REDACTED | LUBBOCK TX 79407 |
| 06/24/08 | 700.00 | REDACTED REDACTED | REDACTED | SPOKANE WA 99210-2127 |

| Date | Amount | | | | City/State |
|---|---|---|---|---|---|
| 06/24/08 | 2,400.00 | REDACTED REDACTED | | REDACTED | COLUMBUS OH 43240 |
| 06/24/08 | 721.74 | REDACTED REDACTED | | REDACTED | AKRON OH 44307-2359 |
| 06/24/08 | 959.98 | REDACTED REDACTED | | REDACTED | Miami FL 33126 |
| 06/24/08 | 1,342.45 | REDACTED REDACTED | | REDACTED | MATTITUCK NY 11952 |
| 06/24/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | Vernon Hills IL 60061 |
| 06/24/08 | 585.34 | REDACTED REDACTED | | REDACTED | New Castle DE 19720 |
| 06/24/08 | 1,045.70 | REDACTED REDACTED | | REDACTED | COLUMBUS OH 43240 |
| 06/24/08 | 2,025.97 | REDACTED REDACTED | | REDACTED | RICHMOND VA 23261-7025 |
| 06/24/08 | 1,717.18 | REDACTED REDACTED | | REDACTED | MANTUA NJ 08051 |
| 06/24/08 | 708.00 | REDACTED REDACTED | | REDACTED | LACOMBE LA 70445 |
| 06/24/08 | 6,489.98 | REDACTED REDACTED | | REDACTED | RICHMOND VA 23261-7025 |
| 06/24/08 | 3,700.00 | REDACTED REDACTED | | REDACTED | DOWNINGTOWN PA 19335-0904 |
| 06/24/08 | 806.33 | REDACTED REDACTED | | REDACTED | COLUMBUS OH 43240 |
| 06/24/08 | 1,926.30 | REDACTED REDACTED | | REDACTED | WAYNE NJ 07470 |
| 06/24/08 | 1,659.34 | REDACTED REDACTED | | REDACTED | Pittsburgh PA 15219 |
| 06/24/08 | 900.00 | REDACTED REDACTED | | REDACTED | MARIETTA OH 45750-0738 |
| 06/24/08 | 278.66 | REDACTED REDACTED | | REDACTED | Charlotte NC 28262 |
| 06/24/08 | 1,422.20 | REDACTED REDACTED | | REDACTED | |
| 06/24/08 | 945.02 | REDACTED REDACTED | | REDACTED | New York NY 10018 |
| 06/24/08 | 5,000.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 1,331.57 | REDACTED REDACTED | | REDACTED | WILSON NC 27893 |
| 06/24/08 | 1,197.70 | REDACTED REDACTED | | REDACTED | WILSON NC 27893 |
| 06/24/08 | 1,665.62 | REDACTED REDACTED | | REDACTED | Pilot Point TX 76258 |
| 06/24/08 | 1,200.00 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 06/24/08 | 1,000.00 | REDACTED REDACTED | | REDACTED | Eagan MN 55121 |
| 06/24/08 | 1,400.00 | REDACTED REDACTED | | REDACTED | Burlington KS 66839 |
| 06/24/08 | 9,300.00 | REDACTED REDACTED | | REDACTED | Reston VA 20190 |
| 06/24/08 | 33.00 | REDACTED REDACTED | | REDACTED | MICHIGAN CITY IN 46361 |
| 06/24/08 | 796.64 | REDACTED REDACTED | | REDACTED | Cincinnati OH 45202 |
| 06/24/08 | 840.00 | REDACTED REDACTED | | REDACTED | Minneapolis MN 55480 |
| 06/24/08 | 837.00 | REDACTED REDACTED | | REDACTED | RICHMOND VA 23261-7025 |
| 06/24/08 | 8,422.00 | REDACTED REDACTED | | REDACTED | SAN DIEGO CA 92186-5929 |
| | | REDACTED REDACTED | | REDACTED | |
| | | REDACTED REDACTED | | REDACTED | White House State NJ 08889 |
| 06/26/08 | 951.62 | REDACTED REDACTED | REDACTED | REDACTED | |

| 06/26/08 | 19,138.10 | REDACTED REDACTED | | REDACTED | New York NY 10286 |
| 06/26/08 | 1,319.72 | REDACTED REDACTED | | REDACTED | North Judson IN 46366 |
| 06/26/08 | 1,221.00 | REDACTED REDACTED | | REDACTED | Salt Lake City UT 84116 |
| 06/26/08 | 375.63 | REDACTED REDACTED | REDACTED | REDACTED | Carbondale CO 81623-1856 |
| 06/26/08 | 720.00 | REDACTED REDACTED | | REDACTED | Philadelphia PA 19120 |
| 06/26/08 | 2,071.25 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 06/26/08 | 1,363.28 | REDACTED REDACTED | | REDACTED | Boulder CO 80301-9004 |
| 06/26/08 | 7,500.00 | REDACTED REDACTED | | REDACTED | Robbinsdale MN 55422 |
| 06/26/08 | 265.40 | REDACTED REDACTED | | REDACTED | Downers Grove IL 60515 |
| 06/26/08 | 26,867.00 | REDACTED REDACTED | | REDACTED | New Orleans LA 70118 |
| 06/26/08 | 473.69 | REDACTED REDACTED | | REDACTED | Phoenix AZ 85021 |
| 06/26/08 | 1,203.07 | REDACTED REDACTED | REDACTED | REDACTED | Boston MA 02199 |
| 06/26/08 | 764.41 | REDACTED REDACTED | REDACTED | REDACTED | Lynnwood WA 98037 |
| 06/26/08 | 1,072.50 | REDACTED REDACTED | | REDACTED | Wilmington DE 19850-5437 |
| 06/26/08 | 60.00 | REDACTED REDACTED | | REDACTED | San Francisco CA 94109 |
| 06/26/08 | 175.00 | REDACTED REDACTED | | REDACTED | Louisville KY 40290-1719 |
| 06/26/08 | 877.42 | REDACTED REDACTED | | REDACTED | Winter Springs FL 32708-6153 |
| 06/26/08 | 2,469.21 | REDACTED REDACTED | REDACTED | REDACTED | Westminster MD 21157 |
| 06/26/08 | 50.00 | REDACTED REDACTED | | REDACTED | Chantilly VA 20151-2222 |
| 06/26/08 | 2,001.50 | REDACTED REDACTED | REDACTED | REDACTED | O'Fallon MO 63366 |
| 06/26/08 | 2,329.41 | REDACTED REDACTED | | REDACTED | Davenport FL 33837 |
| 06/26/08 | 10,000.00 | REDACTED REDACTED | | REDACTED | New Orleans LA 70115 |
| 06/26/08 | 1,912.42 | REDACTED REDACTED | | REDACTED | San Francisco CA 94163 |
| 06/26/08 | 225.00 | REDACTED REDACTED | | REDACTED | Hensonville NY 12439 |
| 06/26/08 | 2,050.00 | REDACTED REDACTED | | REDACTED | Huntington WV 25702 |
| 06/26/08 | 2,539.34 | REDACTED REDACTED | REDACTED | REDACTED | Oviedo FL 32765-7279 |
| 06/26/08 | 343.72 | REDACTED REDACTED | | REDACTED | Diamondhead MS 39525 |
| 06/26/08 | 950.00 | REDACTED REDACTED | | REDACTED | Memphi TN 38104 |
| 06/26/08 | 2,500.00 | REDACTED REDACTED | | REDACTED | Glen Allen VA 23058-4284 |

| Date | Amount | | | | | Location |
|---|---|---|---|---|---|---|
| 06/26/08 | 309.84 | REDACTED | REDACTED | | REDACTED | Rolling Meadows IL 60008 |
| 06/26/08 | 762.00 | REDACTED | REDACTED | | REDACTED | Indianapolis IN 46220 |
| 06/26/08 | 15,239.00 | REDACTED | REDACTED | | REDACTED | San Diego CA 92101 |
| 06/26/08 | 6,456.13 | REDACTED | REDACTED | REDACTED | REDACTED | Mediapolis IA 52637 |
| 06/26/08 | 1,089.49 | REDACTED | REDACTED | | REDACTED | Mount Olive NJ 07828 |
| 06/26/08 | 1,565.30 | REDACTED | REDACTED | | REDACTED | Castle Rock CO 80109-7720 |
| 06/26/08 | 1,983.40 | REDACTED | REDACTED | | REDACTED | Atlanta GA 30341 |
| 06/26/08 | 1,972.36 | REDACTED | REDACTED | | REDACTED | Phoenix AZ 85012 |
| 06/26/08 | 500.00/500.00/60.00 | REDACTED | REDACTED | REDACTED | REDACTED | Midland TX 79703 |
| 06/26/08 | 1,507.69 | REDACTED | REDACTED | | REDACTED | Miami FL 33172 |
| 06/26/08 | 3,616.13 | REDACTED | REDACTED | | REDACTED | Bayonne NJ 07002 |
| 06/26/08 | 401.74 | REDACTED | REDACTED | | REDACTED | Boerne TX 78006 |
| 06/26/08 | 1,000.00 | REDACTED | REDACTED | | REDACTED | Diamond Springs CA 95619 |
| 06/26/08 | 59.50 | REDACTED | REDACTED | | REDACTED | WINSTON-SALEM NC 27150 |
| 06/26/08 | 350.00 | REDACTED | REDACTED | | REDACTED | Oklahoma City OK 73112 |
| 06/26/08 | 266.07 | REDACTED | REDACTED | | REDACTED | Corpus Christi TX 78418 |
| 06/26/08 | 129.50 | REDACTED | REDACTED | | REDACTED | Houston TX 77027 |
| 06/26/08 | 4,168.47 | REDACTED | REDACTED | | REDACTED | New York NY 10018 |
| 06/26/08 | 400.00 | REDACTED | REDACTED | | REDACTED | Troy MI 48083 |
| 06/26/08 | 1,255.11 | REDACTED | REDACTED | | REDACTED | Columbia SC 29205 |
| 06/26/08 | 643.49 | REDACTED | REDACTED | | REDACTED | Honlulu HI 96817 |
| 06/26/08 | 1,000.00 | REDACTED | REDACTED | | REDACTED | Darien IL 60561-5404 |
| 06/26/08 | 900.00 | REDACTED | REDACTED | REDACTED | REDACTED | Guaynabo PR 00965 |
| 06/26/08 | 100.00 | REDACTED | REDACTED | | REDACTED | Huntington IN 46750-3327 |
| 06/26/08 | 1,217.20 | REDACTED | REDACTED | | REDACTED | Decatur GA 30030 |
| 06/26/08 | 800.00 | REDACTED | REDACTED | | REDACTED | Fox Island WA 98333 |
| 06/26/08 | 3,000.00 | REDACTED | REDACTED | | REDACTED | Portland OR 97201-1021 |
| 06/26/08 | 2,518.05 | REDACTED | REDACTED | | REDACTED | Bowie MD 20715-4523 |
| 06/26/08 | 532.39 | REDACTED | REDACTED | | REDACTED | Bloomington IN 47404 |
| 06/26/08 | 290.00 | REDACTED | REDACTED | | REDACTED | Brandon FL 33509-0874 |
| 06/26/08 | 1,177.66 | REDACTED | REDACTED | | REDACTED | Sanford ME 04073 |

ITEMS BEING SENT TO BANK DRAWN ON DUE TO COMING BACK TO GMACM IN RETURN N REDACTED

| Date | Amount | | | | Address |
|---|---|---|---|---|---|
| | | | | REDACTED | |
| 06/26/08 | 1,143.07 | REDACTED REDACTED | | REDACTED | RIVERSIDE RI 02915-0000 |
| 06/26/08 | 350.00 | REDACTED REDACTED | | REDACTED | DENVER CO 80203-0000 |
| 06/26/08 | 2,115.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150-0000 |
| 06/26/08 | 700.00 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150-0000 |
| 06/26/08 | 457.50 | REDACTED REDACTED | | REDACTED | AUSTIN TX 78766-9350 |
| 06/26/08 | 1,470.42 | REDACTED REDACTED | | REDACTED | WINSTON-SALEM NC 27150-0000 |
| 06/26/08 | 282.50 | REDACTED REDACTED | | REDACTED | BELLEVILLE MI 48111-0000 |
| 06/26/08 | 132.23/ 133.03/ 129.82/ 135.43 | REDACTED REDACTED | | REDACTED | CHICAGO IL 60606-0000 |
| 06/26/08 | 2,250.00 | REDACTED REDACTED | | REDACTED | RICHMOND VA 23261-7025 |

IN THE CHANCERY COURT FOR
HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA

MARY COLLETTE MARTIN,          )
                               )
        PLAINTIFF,             )
                               )
V.                             )          CASE NO. 08-0439
                               )
HOMECOMINGS FINANCIAL, LLC     )
THE BANK OF NEW YORK TRUST     )
COMPANY, NA, AS  SUCCESSOR TO  )
JPMORGAN CHASE BANK, NA, AS    )
TRUSTEE, MERS, INC., I BUY HOUSES )
CASH, INC., AND JERRY LAW,     )
                               )
        DEFENDANTS.            )
                               )
_____ )

### HOMECOMINGS FINANCIAL, LLC; BANK OF NEW YORK TRUST COMPANY, NA, AS TRUSTEE; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

        Come the Defendants, Homecomings Financial, LLC; Bank of New York Trust

Company, NA, as Successor to JPMorgan Chase Bank, NA, as Trustee; and Mortgage

Electronic Registration Systems, Inc., by and through counsel, and pursuant to the

Tennessee Rules of Civil Procedure, propound the following interrogatories and requests

for the production of documents to the Plaintiff Mary Collette Martin.  Each interrogatory

and request shall be answered in writing and under oath, within thirty (30) days from

service of this request in accordance with the following instructions and definitions.



EXHIBIT
B

The Defendants request the production of the following described documents for inspection and photocopying. A request is hereby made for the production of the following described documents in accordance with the following instructions and definitions in the law offices of Kibbey – Apple Attorneys, 121 South Seventh Street, Suite 100, Louisville, Kentucky 40202.

<u>INSTRUCTIONS</u>

1.    If the answer or a portion of the answer to any interrogatory is not made from the personal knowledge of the person answering, identify each person from whom (or document from which) information was obtained to make the particular answer, and identify each person having personal knowledge of such information.

2.    If the answers or portions of answers to these interrogatories are supplied on information and belief rather than upon actual knowledge, state so specifically and describe or identify the source or sources of such information and the basis of such belief.

3.    Where knowledge or information in your possession, custody or control is requested, such request includes knowledge or information possessed by your present or former agents, subordinates, employees, representatives and consultants, and, unless privileged, your attorney(s).

4.    If you lack information with respect to any interrogatory or any subpart thereof, please state that fact and why, and give your best estimation as to the matter inquired about.

5.    In the event that any document or information inquired about or mentioned in your answers to these interrogatories has been lost or destroyed, identify that document by author(s), addressee(s), date, subject matter, number of pages,

attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of the document, date of loss or destruction, and the name and title of the person responsible for such loss or destruction.

6.    If you object to, or refuse to answer, in whole or in part, any interrogatory propounded below, or if you refuse to provide any document requested below, on the grounds that the information requested fall within the attorney-client privilege, or is protected by the work product doctrine, or for any other reason, you are obligated to provide the following information:

      a.    The nature of the privilege or doctrine you claim is applicable and the reason you invoke it;

      b.    If a document is involved, identify the document and identify each and every person known to have seen the document; and

      c.    If an oral communication is involved, identify the communication and identify each and every person to whom the substance of the communication has been disclosed.

7.    These interrogatories and requests for production are continuous and you should furnish any additional or supplemental answers and responses to these interrogatories and requests for production and produce any additional documents which are created or discovered after the original answers and responses are tendered.

8.    In your responses or answers and/or objections to these interrogatories and document requests, please repeat each interrogatory or request set forth herein, then set forth your answer or response thereto separately and fully.

9.    Each document to be produced pursuant to any document request herein should be produced in and with the file folder and other documents (i.e., envelope, file cabinet marker, etc.) in which such document was located when the interrogatories were served.

10.    Documents responsive to any document request herein should be produced in the condition and order of arrangement in which they existed when the requests for production were served.

DEFINITIONS

1.    "You," "your," "Plaintiff," and "Plaintiff's" refer to the Plaintiff Mary Collette Martin, to whom this set of interrogatories, requests for admission and requests for production is separately addressed.  In addition, in the appropriate context those words also include all persons acting in your interests or on your behalf in this action, including, but not limited to, your attorneys, employees, investigators and consultants.

2.    "Communication" or "communications," as used herein, shall be understood in its broadest sense and shall include any utterance heard or overheard whether in person, by telephone, radio or otherwise, as well as documents and every other mode of intentionally conveying meaning.

3.    "Document" or "documents," "writing" or "writings," as used herein, shall be understood in their broadest sense and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, however produced or reproduced, both originals and copies, and all attachments and appendices thereto in your actual or constructive possession, custody or control.  Without limiting the foregoing, the terms "document" and "documents" shall include the following: all agreements,

contracts, communications, correspondence, letters, internet email, internet

communication, "Blackberry" communications, telegrams, telexes, messages,

memoranda, records, reports, book, summaries or other records of telephone

conversations, minutes, summaries, diaries, diary entries, calendars, appointment books,

"Day Timer" entries, "Franklin Planner" entries, PDA entries, time records, billing

records, billing sheets, instructions, work assignments, forecasts, statistical data,

statistical statements, financial statements, engineering data of all kinds, work sheets,

work papers, drafts, graphs, maps, charts, tables, accounts, analytical records,

consultants' reports, investigators' reports, appraisals, notes, notices, marginal notations,

notebooks, records of obligation and expenditure lists, journals, recommendations, files,

printouts, compilations, tabulations, analyses, studies, surveys, transcripts of hearings,

transcripts of testimony, microfilm, microfiche, articles, tape, disk, CD-ROM or DVD

recordings, sound recordings, video recordings, film tape, photographs, punch cards,

programs, data compilation from which information can be obtained, including matter

used in data processing and other printed, written, handwritten, typewritten, recorded,

stenographic computer generated, computer stored or electronic sorted matter, however

and by whomever produced, prepared and reproduced, disseminated, or made.

    4.    "Identify" with respect to any individual means to provide the name of all

requested persons, their current mailing address, and telephone number. "Identify" with

respect to a document means to provide the date of the document, identify the persons

who authorized, produced, consulted and/or received such document, provide a brief

description of the nature and contents of such document, and to describe in particularity

where such document exists.

5.      "Person" or "persons" include natural persons, corporations, partnership, companies, association and joint ventures, the singular and plural forms thereof used interchangeably.

6.      "Expert" refers to any natural person who has, or who purports to have, any special knowledge, skill, experience, training or education in any subject which is, or may be, involved in this action.

7.      "State" shall mean to describe, specify and set forth, fully and unambiguously, using engineering, medical or scientific terms, or words of art, where necessary, each and every fact known to you relevant and responsive to the interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons involved in the preparation of the answers to these Interrogatories propounded by the Defendants.

**ANSWER:**

Mary C. Martin and my attorney.

**INTERROGATORY NO. 2:** Identify all persons of whom the Plaintiff is aware may have knowledge of any of the events referred to in Plaintiff's Complaint.

**ANSWER:**

Mary C. Martin – Regarding agreement with Homecomings, payments to Homecomings and other events surrounding and after the foreclosure.
Daniel Love – Regarding the discussions that lead to the agreement.
Catherine Dabbs – Regarding the authorization of the foreclosure.
Dee Baker, Cedric, Annette and Chad – All employees of Homecomings who has knowledge regarding why payments were not posted on Ms. Martin's account.
Laura Grifka – Has knowledge regarding my request for the foreclosure sale to be rescinded.

**INTERROGATORY NO. 3:** Identify each and every document that you may introduce
at the trial of this matter.

**ANSWER:**

See response to Request for Production of Documents #4. Additionally, as documents
become available or evident this interrogatory will be seasonably supplemented.


**INTERROGATORY NO. 4:** Identify all persons whom the Plaintiff may call as a
witness in the trial of this matter, and state the substance of the facts to which each said
witness is expected to testify. Please attach any written statements of these witnesses
where one exists.

**ANSWER:**

See answer to interrogatory #2. All known written statements are attached in Request for
Production of Documents #4. This interrogatory may be seasonably supplemented as
more witnesses may be discovered.


**INTERROGATORY NO. 5:** Identify each person that you intend to introduce as an
expert witness at the trial of this matter. Please include the subject matter upon which
they are to testify, the substance of the facts and opinions to which they are expected to
testify, and a summary of the grounds for each opinion.

**ANSWER:**

The Plaintiff has not identified an expert at this time. This interrogatory will be
seasonable supplemented when or if said expert is identified.

**INTERROGATORY NO. 6:** Identify all communications between you and the Defendants, including but not limited to any letters, emails, telephone calls, facsimile transmissions, etc. Please attach any documentation thereof.

**ANSWER:**

All telephone conversations are listed in interrogatory #2. All written communications are produced in the Request for Production of Documents #4.

**INTERROGATORY NO. 7:** Identify all documents received by you from the Defendants at any time.

**ANSWER:**

All documents are produced in the Request for Production of Documents #4. This interrogatory may be seasonably supplemented as more documents may be discovered.

**INTERROGATORY NO. 8:** Identify any agreement(s) or contract(s) you allege to have existed between you and the Defendants at any time. State whether each agreement or contract was oral or written and attach any documentation thereof.

**ANSWER:**

Repayment agreement sent 5/2/08 attached as Request for Production of Documents #4.

**INTERROGATORY NO. 9**: Identify any and all payments made to the Defendant at any time, noting whether each such payment was a regular mortgage payment or made pursuant to an alleged repayment agreement.

**ANSWER:**

11/16/07  Regular Payment  $1,344.61

12/14/07  Regular Payment  $1,383.48

1/11/08   Regular Payment  $1,383.48

2/22/08   Regular Payment  $1,383.48

4/16/08   Two Regular Payments  $2,766.96

4/25/08   Agreement Payment  $2,766.96

5/27/08   Agreement Payment  $1,383.48


**INTERROGATORY NO. 10:** State whether you ever failed to tender a timely payment or payments to the Defendants and/or their agents pursuant to the Note and Mortgage.  If your answer is "yes," state the date and circumstances of each such failure.

**ANSWER:**

Yes.  The date of when I started making untimely payments is not clear at this time.  In April of 2008 the January through April 2008 payments has not been paid.  The reasons for such untimely payments include, but are not limited to, the fact that I was going through a divorce, unemployed for an extended period of time and had other financial problems in addition to the mortgage payment.

**INTERROGATORY NO. 11:** State whether the alleged repayment agreement(s) or contract(s) you claim to have had with the Defendant(s) was temporary or permanent in nature.

**ANSWER:**

Plaintiff objects to this interrogatory question as being vague, unclear as to the definition of temporary or permanent, not intended to lead to discoverable facts and not relevant to the issues at hand, but without waiving said objections the Plaintiff states that the agreement was permanent in that it would be enforceable upon both parties especially as to the section where the foreclosure was to be stopped and temporary in that the payments under the agreement was only for a short period of time.

**INTERROGATORY NO. 12:** Identify the amounts you allege you were to pay under the agreement(s) or contract(s).

**ANSWER:**

$2,766.96 on or before 4/28/08 and $1,383.48 on or before 5/28/08.


**INTERROGATORY NO. 13:** Identify the source of funds from which you intended to pay such amounts under the alleged agreement or contract(s), specifically naming any bank accounts, credit sources, or other fund sources.

**ANSWER:**

Personal checking account – First TN Bank

**INTERROGATORY NO. 14:** State whether you had applied or intended to apply for any refinancing of the real estate that is the subject of your Complaint. Attach any documentation thereof.

**ANSWER:**

I had not applied with any other intuition regarding refinancing of my home. I had talked with Homecomings regarding getting my ex-husband off the mortgage note. I intended to apply for refinancing of my home after I got my mortgage note modified.

**INTERROGATORY NO. 15:** State whether you believe any payment or payments tendered by you were wrongfully denied or refused by the Plaintiff. If your answer is "yes," please provide details such as the date and amount of the payment(s), and the reasons given for such denial or refusal, if any.

**ANSWER:**

Yes. The first payment that was returned was my online payment of $2,766.96 paid on 4/16/08. Not reason was given by Homecomings regarding that payment. The second payment that was refused and returned was the $2,766.96 payment made on 4/28/08. This payment was received by D. Neblett at 8:38am on 4/28/08. Reasons told to me for the return of the payment included lack of loan number on check (although the loan number was attached), inability to look up loan number (despite my name being printed on the check), my name being too common to determine which account to apply the payment, etc. The third payment that was refused was the $1,383.48 check delivered on 5/28/08. Here again no reason for refusal was given but one can assume it was because Homecomings has already foreclosed on my home.

**INTERROGATORY NO. 16:** Identify any and all factual support upon which you base

your allegations in Paragraph #38 of your Complaint.

**ANSWER:**

See the Repayment Agreement, Cashier's Checks, and documentation of delivery of

checks to Homecomings attached to Request for Production of Documents #4.

Additionally Homecomings never gave me notification of their rescission of the

agreement. No one at Homecomings told me that the agreement had been rescinded

when I talked to them on the phone. Homecomings refused my payments after agreeing

to accept said payments. Homecomings did all these things with the knowledge that I

would loose my home and they would earn more money.


**INTERROGATORY NO. 17:** State how many months you were behind in your

payments on the date you allege you entered into an agreement or contract with the

Defendant(s).

**ANSWER:**

Four including April, but it would have only been two payments if Homecomings had not

returned my online payment.

**INTERROGATORY NO. 18:** Identify any and all factual bases for your allegations in

Paragraph #40 of your Complaint that each of the Defendants acted in bad faith.

**ANSWER:**

In addition to the statements in interrogatory 16, Homecomings breached the agreement

that we entered into. Homecomings failed to accept and apply my payment that I sent to

Homecomings pursuant to the instruction of Homecomings known to me at the time.


**INTERROGATORY NO. 19:** Identify any and all factual bases for your allegation that

the Defendants owed any fiduciary duty to the Plaintiff.

**ANSWER:**

MERS holds my home in trust for the benefit of all parties. They have the burden of

making sure that if there is a foreclosure that said foreclosure is pursuant to the terms of

the mortgage note and the deed of trust. MERS failed in that duty.


**INTERROGATORY NO. 20:** Identify any and all facts upon which you rely to support

your allegation of a breach of the alleged fiduciary duty.

**ANSWER:**

MERS foreclosed on my home without any investigation into the actual facts if any.

**INTERROGATORY NO. 21:** Identify the date you first missed a mortgage payment

and identify any subsequent missed payments.

**ANSWER:**

Plaintiff objects to this interrogatory question as being vague, unclear as to the definition

of missed payments, not intended to lead to discoverable facts and not relevant to the

issues at hand, but without waiving said objections the Plaintiff states that at this time she

does not know when was the first time that she was untimely in making a payment, but I

do know that from September 2007 I was untimely in making payments.

**INTERROGATORY NO. 22:** Identify the financial or other reasons that contributed to

your failure to make timely payments on the loan.

**ANSWER:**

See answer to Interrogatory # 10. ·

**INTERROGATORY NO. 23:** Identify every person who has, or claims to have, or is

believed to have, any knowledge in any way relevant to this action and whose name has

not been listed in response to these interrogatories or requests.

**ANSWER:**

At this time I an unaware of any person who meets the aforementioned description, but

will seasonably supplement this interrogatory if necessary.

**INTERROGATORY NO. 24:** State and *itemize* any and *all* damages claimed by you for which you allege these Defendants to be responsible to you.

**ANSWER:**

Accrued interest on payments that were refused – increasing daily.
Add charges to my mortgage account that relate in any way to the foreclosure on my home – to be calculated upon receipt of discovery.
Attorney fees – to be determined at the end of this matter.
Stress – to be determined by the Trier of fact.
Postage – increases with each certified return receipt.
Damages relating to injury to credit score.
All payments to I Buy Houses Cash as a result of the invalid sale of the property.

**INTERROGATORY NO. 25:** State whether you will supplement these responses as necessary.

**ANSWER:**

As stated earlier, I will seasonably supplement all interrogatories as needed.

Mary C. Martin

State of Tennessee    )
County of Hamilton    )

        Before me, the undersigned notary public, personally appeared Mary C. Martin, known to me to be the person who executed the foregoing instrument, and who upon her oath stated that the foregoing answers are true to the best ho her knowledge, information and belief.

        In witness whereof, I have hereunto set myh hand affixed my seal this 5th day of September 2008.

Notary Public

My Commission Expires: __1/23/2010__

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents which directly or indirectly evidence any communications identified or referred to in your answers to the Interrogatories herein.  This documentation should include, but is not limited to: any communications between you and the Defendants, their employees, or agents.

**RESPONSE**:

See attached.


2.    All and all documents that you purport provide evidence of any agreement or contract between you and any Defendant, and a full and accurate copy of each and every contract or agreement you allege to have existed between you and any Defendant.

**RESPONSE**:

See attached.


3.    A copy of the curriculum vitae of each and every expert that you expect to call at trial.

**RESPONSE**:

Will seasonably supplement.

4.    All documents you intend to introduce as exhibits at trial.

**RESPONSE**:

Plaintiff may use any document attached to this Request for Production of Documents and will seasonably supplement any additional documents.

5.    Any documents referencing your payment obligations on the subject

mortgage loan and any amounts paid by you on the loan; including but not limited to:

checks, electronic funds transfers, online payments, bills or statements received,

summaries of payments to date, bank statements showing payment history, etc.

**RESPONSE**:

See attached.


6.    Any and all documents referencing any payments you allege were made

pursuant to any payment agreement or other contract between you and any Defendant(s).

**RESPONSE**:

See attached.


7.    Statements from all financial accounts with your name on them, either

individually or jointly.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not

relevant to theses proceedings.

8.    Documentation of all assets owned by you at the time this action accrued, including but not limited to stocks, CD's, vehicles, and real estate other than the subject real estate.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not relevant to theses proceedings.

9.    Copies of your W-2 federal tax forms for the previous 3 years.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not relevant to theses proceedings.

10.    Any applications for refinancing of the property which is the subject of your Complaint.

**RESPONSE**:

None

11.    Any documents which reference or evidence any attempts at refinancing of the property which is the subject of your Complaint.

**RESPONSE**:

None

12.     Any other documents responsive to the Interrogatories herein.

**RESPONSE**:

See attached documents.

Respectfully Submitted,

LAW OFFICE OF W. THOMAS BIBLE,
JR.

Harry W. Miller, III, BPR# 015583
6918 Shallowford Road., Ste. 100
Chattanooga, Tennessee  37421
(423) 424-3116
(423) 533-0639
harry@tombiblelaw.com
*Counsel for the Plaintiff*


**CERTIFICATE OF SERVICE**

It is hereby certified that a true and current copy of the foregoing was on this //ᵗʰ day of
September 2008 sent via regular U.S. mail to the following:

Jeffrey W. Kibbey
Kibby – Apple Attorneys
121 S. Seventh Street
Suite 100
Louisville, KY 40202

Harry Cash, Esquire
633 Chestnut Street
Suite 900
Chattanooga, Tennessee  37450

Harry W. Miller, III

**<u>Exhibit G</u>**

## IN THE CHANCERY COURT FOR
## HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA

| | |
|---|---|
| MARY COLLETTE MARTIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO. 08-0439 |
| ) | |
| HOMECOMINGS FINANCIAL, LLC ) | |
| THE BANK OF NEW YORK TRUST ) | |
| COMPANY, NA, AS SUCCESSOR TO ) | |
| JPMORGAN CHASE BANK, NA, AS ) | |
| TRUSTEE, MERS, INC., I BUY HOUSES ) | |
| CASH, INC., AND JERRY LAW, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| _____ ) | |

### HOMECOMINGS FINANCIAL, LLC;
### BANK OF NEW YORK TRUST COMPANY, NA, AS TRUSTEE; AND
### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S FIRST SET
### OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF
### DOCUMENTS TO THE PLAINTIFF

Come the Defendants, Homecomings Financial, LLC; Bank of New York Trust

Company, NA, as Successor to JPMorgan Chase Bank, NA, as Trustee; and Mortgage

Electronic Registration Systems, Inc., by and through counsel, and pursuant to the

Tennessee Rules of Civil Procedure, propound the following interrogatories and requests

for the production of documents to the Plaintiff Mary Collette Martin. Each interrogatory

and request shall be answered in writing and under oath, within thirty (30) days from

service of this request in accordance with the following instructions and definitions.

The Defendants request the production of the following described documents for

inspection and photocopying. A request is hereby made for the production of the

following described documents in accordance with the following instructions and

definitions in the law offices of Kibbey – Apple Attorneys, 121 South Seventh Street,

Suite 100, Louisville, Kentucky 40202.

## INSTRUCTIONS

1.      If the answer or a portion of the answer to any interrogatory is not made

from the personal knowledge of the person answering, identify each person from whom

(or document from which) information was obtained to make the particular answer, and

identify each person having personal knowledge of such information.

2.      If the answers or portions of answers to these interrogatories are supplied

on information and belief rather than upon actual knowledge, state so specifically and

describe or identify the source or sources of such information and the basis of such belief.

3.      Where knowledge or information in your possession, custody or control is

requested, such request includes knowledge or information possessed by your present or

former agents, subordinates, employees, representatives and consultants, and, unless

privileged, your attorney(s).

4.      If you lack information with respect to any interrogatory or any subpart

thereof, please state that fact and why, and give your best estimation as to the matter

inquired about.

5.      In the event that any document or information inquired about or

mentioned in your answers to these interrogatories has been lost or destroyed, identify

that document by author(s), addressee(s), date, subject matter, number of pages,

attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of the document, date of loss or destruction, and the name and title of the person responsible for such loss or destruction.

6.    If you object to, or refuse to answer, in whole or in part, any interrogatory propounded below, or if you refuse to provide any document requested below, on the grounds that the information requested fall within the attorney-client privilege, or is protected by the work product doctrine, or for any other reason, you are obligated to provide the following information:

a.    The nature of the privilege or doctrine you claim is applicable and the reason you invoke it;

b.    If a document is involved, identify the document and identify each and every person known to have seen the document; and

c.    If an oral communication is involved, identify the communication and identify each and every person to whom the substance of the communication has been disclosed.

7.    These interrogatories and requests for production are continuous and you should furnish any additional or supplemental answers and responses to these interrogatories and requests for production and produce any additional documents which are created or discovered after the original answers and responses are tendered.

8.    In your responses or answers and/or objections to these interrogatories and document requests, please repeat each interrogatory or request set forth herein, then set forth your answer or response thereto separately and fully.

9.      Each document to be produced pursuant to any document request herein should be produced in and with the file folder and other documents (i.e., envelope, file cabinet marker, etc.) in which such document was located when the interrogatories were served.

10.     Documents responsive to any document request herein should be produced in the condition and order of arrangement in which they existed when the requests for production were served.

## DEFINITIONS

1.      "You," "your," "Plaintiff," and "Plaintiff's" refer to the Plaintiff Mary Collette Martin, to whom this set of interrogatories, requests for admission and requests for production is separately addressed.  In addition, in the appropriate context those words also include all persons acting in your interests or on your behalf in this action, including, but not limited to, your attorneys, employees, investigators and consultants.

2.      "Communication" or "communications," as used herein, shall be understood in its broadest sense and shall include any utterance heard or overheard whether in person, by telephone, radio or otherwise, as well as documents and every other mode of intentionally conveying meaning.

3.      "Document" or "documents," "writing" or "writings," as used herein, shall be understood in their broadest sense and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, however produced or reproduced, both originals and copies, and all attachments and appendices thereto in your actual or constructive possession, custody or control.  Without limiting the foregoing, the terms "document" and "documents" shall include the following: all agreements,

contracts, communications, correspondence, letters, internet email, internet communication, "Blackberry" communications, telegrams, telexes, messages, memoranda, records, reports, book, summaries or other records of telephone conversations, minutes, summaries, diaries, diary entries, calendars, appointment books, "Day Timer" entries, "Franklin Planner" entries, PDA entries, time records, billing records, billing sheets, instructions, work assignments, forecasts, statistical data, statistical statements, financial statements, engineering data of all kinds, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, investigators' reports, appraisals, notes, notices, marginal notations, notebooks, records of obligation and expenditure lists, journals, recommendations, files, printouts, compilations, tabulations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, tape, disk, CD-ROM or DVD recordings, sound recordings, video recordings, film tape, photographs, punch cards, programs, data compilation from which information can be obtained, including matter used in data processing and other printed, written, handwritten, typewritten, recorded, stenographic computer generated, computer stored or electronic sorted matter, however and by whomever produced, prepared and reproduced, disseminated, or made.

4.      "Identify" with respect to any individual means to provide the name of all requested persons, their current mailing address, and telephone number. "Identify" with respect to a document means to provide the date of the document, identify the persons who authorized, produced, consulted and/or received such document, provide a brief description of the nature and contents of such document, and to describe in particularity where such document exists.

5.      "Person" or "persons" include natural persons, corporations, partnership, companies, association and joint ventures, the singular and plural forms thereof used interchangeably.

6.      "Expert" refers to any natural person who has, or who purports to have, any special knowledge, skill, experience, training or education in any subject which is, or may be, involved in this action.

7.      "State" shall mean to describe, specify and set forth, fully and unambiguously, using engineering, medical or scientific terms, or words of art, where necessary, each and every fact known to you relevant and responsive to the interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons involved in the preparation of the answers to these Interrogatories propounded by the Defendants.

**ANSWER:**

Mary C. Martin and my attorney.

**INTERROGATORY NO. 2:** Identify all persons of whom the Plaintiff is aware may have knowledge of any of the events referred to in Plaintiff's Complaint.

**ANSWER:**

Mary C. Martin – Regarding agreement with Homecomings, payments to Homecomings and other events surrounding and after the foreclosure.
Daniel Love – Regarding the discussions that lead to the agreement.
Catherine Dabbs – Regarding the authorization of the foreclosure.
Dee Baker, Cedric, Annette and Chad – All employees of Homecomings who has knowledge regarding why payments were not posted on Ms. Martin's account.
Laura Grifka – Has knowledge regarding my request for the foreclosure sale to be rescinded.

**INTERROGATORY NO. 3:** Identify each and every document that you may introduce at the trial of this matter.

**ANSWER:**

See response to Request for Production of Documents #4. Additionally, as documents become available or evident this interrogatory will be seasonably supplemented.


**INTERROGATORY NO. 4:** Identify all persons whom the Plaintiff may call as a witness in the trial of this matter, and state the substance of the facts to which each said witness is expected to testify. Please attach any written statements of these witnesses where one exists.

**ANSWER:**

See answer to interrogatory #2. All known written statements are attached in Request for Production of Documents #4. This interrogatory may be seasonably supplemented as more witnesses may be discovered.


**INTERROGATORY NO. 5:** Identify each person that you intend to introduce as an expert witness at the trial of this matter. Please include the subject matter upon which they are to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

The Plaintiff has not identified an expert at this time. This interrogatory will be seasonable supplemented when or if said expert is identified.

**INTERROGATORY NO. 6:** Identify all communications between you and the

Defendants, including but not limited to any letters, emails, telephone calls, facsimile

transmissions, etc. Please attach any documentation thereof.

**ANSWER:**

All telephone conversations are listed in interrogatory #2. All written communications

are produced in the Request for Production of Documents #4.


**INTERROGATORY NO. 7:** Identify all documents received by you from the

Defendants at any time.

**ANSWER:**

All documents are produced in the Request for Production of Documents #4. This

interrogatory may be seasonably supplemented as more documents may be discovered.


**INTERROGATORY NO. 8:** Identify any agreement(s) or contract(s) you allege to have

existed between you and the Defendants at any time. State whether each agreement or

contract was oral or written and attach any documentation thereof.

**ANSWER:**

Repayment agreement sent 5/2/08 attached as Request for Production of Documents #4.

**INTERROGATORY NO. 9**: Identify any and all payments made to the Defendant at any time, noting whether each such payment was a regular mortgage payment or made pursuant to an alleged repayment agreement.

**ANSWER:**

11/16/07  Regular Payment  $1,344.61

12/14/07  Regular Payment  $1,383.48

1/11/08   Regular Payment  $1,383.48

2/22/08   Regular Payment  $1,383.48

4/16/08   Two Regular Payments  $2,766.96

4/25/08   Agreement Payment  $2,766.96

5/27/08   Agreement Payment  $1,383.48


**INTERROGATORY NO. 10**: State whether you ever failed to tender a timely payment or payments to the Defendants and/or their agents pursuant to the Note and Mortgage. If your answer is "yes," state the date and circumstances of each such failure.

**ANSWER:**

Yes. The date of when I started making untimely payments is not clear at this time. In April of 2008 the January through April 2008 payments has not been paid. The reasons for such untimely payments include, but are not limited to, the fact that I was going through a divorce, unemployed for an extended period of time and had other financial problems in addition to the mortgage payment.

**INTERROGATORY NO. 11:** State whether the alleged repayment agreement(s) or contract(s) you claim to have had with the Defendant(s) was temporary or permanent in nature.

**ANSWER:**

Plaintiff objects to this interrogatory question as being vague, unclear as to the definition of temporary or permanent, not intended to lead to discoverable facts and not relevant to the issues at hand, but without waiving said objections the Plaintiff states that the agreement was permanent in that it would be enforceable upon both parties especially as to the section where the foreclosure was to be stopped and temporary in that the payments under the agreement was only for a short period of time.

**INTERROGATORY NO. 12:** Identify the amounts you allege you were to pay under the agreement(s) or contract(s).

**ANSWER:**

$2,766.96 on or before 4/28/08 and $1,383.48 on or before 5/28/08.

**INTERROGATORY NO. 13:** Identify the source of funds from which you intended to pay such amounts under the alleged agreement or contract(s), specifically naming any bank accounts, credit sources, or other fund sources.

**ANSWER:**

Personal checking account – First TN Bank

**INTERROGATORY NO. 14:** State whether you had applied or intended to apply for any refinancing of the real estate that is the subject of your Complaint. Attach any documentation thereof.

**ANSWER:**

I had not applied with any other intuition regarding refinancing of my home. I had talked with Homecomings regarding getting my ex-husband off the mortgage note. I intended to apply for refinancing of my home after I got my mortgage note modified.

**INTERROGATORY NO. 15:** State whether you believe any payment or payments tendered by you were wrongfully denied or refused by the Plaintiff. If your answer is "yes," please provide details such as the date and amount of the payment(s), and the reasons given for such denial or refusal, if any.

**ANSWER:**

Yes. The first payment that was returned was my online payment of $2,766.96 paid on 4/16/08. Not reason was given by Homecomings regarding that payment. The second payment that was refused and returned was the $2,766.96 payment made on 4/28/08. This payment was received by D. Neblett at 8:38am on 4/28/08. Reasons told to me for the return of the payment included lack of loan number on check (although the loan number was attached), inability to look up loan number (despite my name being printed on the check), my name being too common to determine which account to apply the payment, etc. The third payment that was refused was the $1,383.48 check delivered on 5/28/08. Here again no reason for refusal was given but one can assume it was because Homecomings has already foreclosed on my home.

**INTERROGATORY NO. 16:** Identify any and all factual support upon which you base

your allegations in Paragraph #38 of your Complaint.

**ANSWER:**

See the Repayment Agreement, Cashier's Checks, and documentation of delivery of

checks to Homecomings attached to Request for Production of Documents #4.

Additionally Homecomings never gave me notification of their rescission of the

agreement. No one at Homecomings told me that the agreement had been rescinded

when I talked to them on the phone. Homecomings refused my payments after agreeing

to accept said payments. Homecomings did all these things with the knowledge that I

would loose my home and they would earn more money.

.

**INTERROGATORY NO. 17:** State how many months you were behind in your

payments on the date you allege you entered into an agreement or contract with the

Defendant(s).

**ANSWER:**

Four including April, but it would have only been two payments if Homecomings had not

returned my online payment.

**INTERROGATORY NO. 18:** Identify any and all factual bases for your allegations in

Paragraph #40 of your Complaint that each of the Defendants acted in bad faith.

**ANSWER:**

In addition to the statements in interrogatory 16, Homecomings breached the agreement

that we entered into. Homecomings failed to accept and apply my payment that I sent to

Homecomings pursuant to the instruction of Homecomings known to me at the time.


**INTERROGATORY NO. 19:** Identify any and all factual bases for your allegation that

the Defendants owed any fiduciary duty to the Plaintiff.

**ANSWER:**

MERS holds my home in trust for the benefit of all parties. They have the burden of

making sure that if there is a foreclosure that said foreclosure is pursuant to the terms of

the mortgage note and the deed of trust. MERS failed in that duty.


**INTERROGATORY NO. 20:** Identify any and all facts upon which you rely to support

your allegation of a breach of the alleged fiduciary duty.

**ANSWER:**

MERS foreclosed on my home without any investigation into the actual facts if any.

**INTERROGATORY NO. 21:** Identify the date you first missed a mortgage payment

and identify any subsequent missed payments.

**ANSWER:**

Plaintiff objects to this interrogatory question as being vague, unclear as to the definition

of missed payments, not intended to lead to discoverable facts and not relevant to the

issues at hand, but without waiving said objections the Plaintiff states that at this time she

does not know when was the first time that she was untimely in making a payment, but I

do know that from September 2007 I was untimely in making payments.

**INTERROGATORY NO. 22:** Identify the financial or other reasons that contributed to

your failure to make timely payments on the loan.

**ANSWER:**

See answer to Interrogatory # 10. ·

**INTERROGATORY NO. 23:** Identify every person who has, or claims to have, or is

believed to have, any knowledge in any way relevant to this action and whose name has

not been listed in response to these interrogatories or requests.

**ANSWER:**

At this time I an unaware of any person who meets the aforementioned description, but

will seasonably supplement this interrogatory if necessary.

**INTERROGATORY NO. 24:** State and *itemize* any and *all* damages claimed by you for

which you allege these Defendants to be responsible to you.

**ANSWER:**

Accrued interest on payments that were refused – increasing daily.
Add charges to my mortgage account that relate in any way to the foreclosure on my
home – to be calculated upon receipt of discovery.
Attorney fees – to be determined at the end of this matter.
Stress – to be determined by the Trier of fact.
Postage – increases with each certified return receipt.
Damages relating to injury to credit score.
All payments to I Buy Houses Cash as a result of the invalid sale of the property.

**INTERROGATORY NO. 25:** State whether you will supplement these responses as

necessary.

**ANSWER:**

As stated earlier, I will seasonably supplement all interrogatories as needed.

_____
Mary C. Martin

State of Tennessee   )
County of Hamilton   )

        Before me, the undersigned notary public, personally appeared Mary C. Martin,
known to me to be the person who executed the foregoing instrument, and who upon her
oath stated that the foregoing answers are true to the best ho her knowledge, information
and belief.

        In witness whereof, I have hereunto set myh hand affixed my seal this *5th* day of
September 2008.

_____
Notary Public

My Commission Expires: 1/23/2010

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents which directly or indirectly evidence any communications identified or referred to in your answers to the Interrogatories herein.  This documentation should include, but is not limited to: any communications between you and the Defendants, their employees, or agents.

**RESPONSE**:

See attached.


2.      All and all documents that you purport provide evidence of any agreement or contract between you and any Defendant, and a full and accurate copy of each and every contract or agreement you allege to have existed between you and any Defendant.

**RESPONSE**:

See attached.

3.      A copy of the curriculum vitae of each and every expert that you expect to call at trial.

**RESPONSE**:

Will seasonably supplement.

4.      All documents you intend to introduce as exhibits at trial.

**RESPONSE**:

Plaintiff may use any document attached to this Request for Production of Documents and will seasonably supplement any additional documents.

5.      Any documents referencing your payment obligations on the subject

mortgage loan and any amounts paid by you on the loan; including but not limited to:

checks, electronic funds transfers, online payments, bills or statements received,

summaries of payments to date, bank statements showing payment history, etc.

**RESPONSE**:

See attached.

6.      Any and all documents referencing any payments you allege were made

pursuant to any payment agreement or other contract between you and any Defendant(s).

**RESPONSE**:

See attached.

7.      Statements from all financial accounts with your name on them, either

individually or jointly.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not

relevant to theses proceedings.

8.    Documentation of all assets owned by you at the time this action accrued, including but not limited to stocks, CD's, vehicles, and real estate other than the subject real estate.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not relevant to theses proceedings.


9.    Copies of your W-2 federal tax forms for the previous 3 years.

**RESPONSE**:

Plaintiff objects to this Request as not intended to lead to discoverable evidence and not relevant to theses proceedings.


10.    Any applications for refinancing of the property which is the subject of your Complaint.

**RESPONSE**:

None


11.    Any documents which reference or evidence any attempts at refinancing of the property which is the subject of your Complaint.

**RESPONSE**:

None

      12.     Any other documents responsive to the Interrogatories herein.

**RESPONSE**:

See attached documents.

                                        Respectfully Submitted,

                                        LAW OFFICE OF W. THOMAS BIBLE,
JR.

                                        Harry W. Miller, III, BPR# 015583
6918 Shallowford Road., Ste. 100
Chattanooga, Tennessee 37421
(423) 424-3116
(423) 533-0639
harry@tombiblelaw.com
*Counsel for the Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that a true and current copy of the foregoing was on this //th day of
September 2008 sent via regular U.S. mail to the following:

Jeffrey W. Kibbey
Kibby – Apple Attorneys
121 S. Seventh Street
Suite 100
Louisville, KY 40202

Harry Cash, Esquire
633 Chestnut Street
Suite 900
Chattanooga, Tennessee 37450

                                        Harry W. Miller, III