# **Exhibit 4**

**The Claim**

B 10 Modified (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** — **PROOF OF CLAIM**

Name of Debtor: HOMECOMINGS FINANCIAL, LLC

Case Number: 12-12042

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

HARRY W MILLER III ATT AT LAW

Name and address where notices should be sent: NameID: 10724257

HARRY W MILLER III ATT AT LAW
6918 SHALLOWFORD RD STE 100
CHATTANOOGA, TN 37421

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number: (423)424-3116 email: harry@tombiblelaw.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:________ (*If known*)

Filed on:__________

Name and address where payment should be sent (if different from above):

Telephone number: email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 700,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Hamilton County Tennessee Chancery Court Case #8-439 for Breach of contract and tort damages
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| 7 9 2 7 | Michael A. Martin (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**
**Value of Property: $**________ **Annual Interest Rate**______% ☐ Fixed ☐ Variable
**(when case was filed)**
**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
**if any: $**________ **Basis for perfection:**________

**Amount of Secured Claim: $**________ **Amount Unsecured: $**________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$________

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$________ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.

☐ I am the creditor. ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Harry W. Miller, III
Title: Attorney
Company: Law Office of W. Thomas Bible, Jr.
Address and telephone number (if different from notice address above):

(Signature) 10/5/12 (Date)

Telephone number: Email:

RECEIVED
OCT 10 2012
KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1212020120830173710079887

**IN THE CHANCERY COURT FOR
HAMILTON COUNTY, TENNESSEE, AT CHATTANOOGA**

| | | |
|---|---|---|
| **MARY COLLETTE MARTIN,** Plaintiff, | ) | |
| vs. | ) | Case No. 08-0439 Jury Demand |
| **HOMECOMINGS FINANCIAL, LLC, THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE, and MERS, INC.** Defendants. | ) | |

**AMENDED AND SUBSTUTED COMPLAINT**

COMES NOW the Plaintiff, Mary Collette Martin, by and through Counsel and would show unto this Honorable Court as follows:

I. PARTIES AND JURISDICTION

1. Mary Collette Martin (Mary Martin) is a citizen and resident of Chattanooga, Hamilton County, Tennessee.
2. Homecomings Financial, LLC. (Homecomings) is a foreign corporation doing business within Hamilton County, Tennessee.
3. The Bank of New York Trust Company, N.A. (New York Bank) upon information and belief a Foreign corporation doing business within Hamilton County, Tennessee and acting as the Trustee of an undisclosed Specialized Purpose Entity. Additionally, it is reported to be a Successor in interest to JPMorgan Chase Bank N.A.
4. The MERS, Inc. (MERS) upon information and belief a Foreign corporation doing business within Hamilton County, Tennessee.

2008 JUN 19 AM 10: 51
FILED
S. LEE AKERS, C&M

5. This Court has jurisdiction over the subject matter of this litigation pursuant to Tennessee Code Annotated § 16-11-101 and 102 (a).

6. This Court has *in personam* jurisdiction over Defendant Homecomings because it is doing business in Hamilton County, Tennessee.

7. This Court has *in personam* jurisdiction over Defendant New York Bank because it is doing business and is the holder of real property in Hamilton County, Tennessee.

8. This Court has *in personam* jurisdiction over Defendant MERS because it is doing business in Hamilton County, Tennessee.

9. Venue is proper in this Court pursuant to Tennessee Code Annotated § 20-4-101 and 16-11-114.

## II. FACTS

10. The property upon which Mary Martin has owned and lived at since March 15, 1998 was foreclosed upon on or about May 22, 2008. Said property being commonly known as 1021 Englewood Avenue, Chattanooga, Tennessee 37405 (hereinafter referred to as "Property"). (See Exhibit "C")

11. The Property has many unique and desirable features including, but not limited to (i) It is a large house located on two lots; (ii) it is limited as to neighbors; (iii) it was a family property that she retained; and (iv) she retained substantial equity within said Property. The advantage of the size and the road frontage of this Property is that it could potentially be subdivided into two lots.

12. In August 1992 Mary Martin married Michael A Martin.

13. That Mary Martin purchased the home in March of 1998. Said purchase being recorded in the Register's Office for Hamilton County, Tennessee in Book GI 5251, Page 567, Instrument No. 1998122100371 some time later on December 21, 1998.

14. On August 30, 2002, Mary Martin and Michael A. Martin entered into a Deed of Trust for the purpose of refinancing the Property. MERS, on information and belief, through its wholly owned subsidiary Mortgage Registration Systems, Inc. (not registered to do business in Tennessee), is listed as nominee for Lender and beneficiary under the security agreement. The Deed of Trust was filed on September 13, 2002 in the Register's Office for Hamilton County, Tennessee Book 6367, Page 27, Instrument No. 2002091300090. The amount of the mortgage note associated with this Deed of Trust was One Hundred Twelve Thousand Dollars ($112,000.00).

15. In August 2005 Mary Martin obtained a divorce from Michael A. Martin.

16. Homecomings was a undisclosed agent for New York Bank and/or MERS during the following negotiation and foreclosure.

17. In April 2008 Mary Martin entered into negotiations with Homecomings to enter into a Repayment Agreement ("Agreement").

18. Pursuant to the negotiations Mary Martin caused to be issued a Cashiers Check drawn on First Tennessee Bank in the amount of Two Thousand Seven Hundred Sixty-Six and 96/100 Dollars ($2,766.96) on April 25, 2008. (See Exhibit A) Said check was made payable and sent to Homecoming via overnight delivery and delivered on April 26, 2008.

19. On May 2, 2008 Homecomings issued the Agreement that states, in part, that:

1) a payment of $2,766.96 was to be paid by 4/28/08;

2) a payment of $1,383.48 was to be paid by 5/28/08; and

3) to "Please sign and return this agreement by 04/28/08." (Said date being prior to the document being ever issued by Homecomings) (See Exhibit B)

20. MERS, as declared owner and holder of the note as secured by the Deed of Trust changed the Trustee of the Deed of Trust as set forth in the Appointment of Substitute Trustee as filed on May 13, 2008 in the Register's Office for Hamilton County, Tennessee Book 8664, Page 547, Instrument No. 2008051300063.

21. Mary Martin executed the document on May 18, 2008 and returned the Agreement to Homecomings.

22. The Agreement stated that Homecomings was not going to execute the document until the aforementioned payment has been received.

23. Pursuant to the Agreement Mary Martin caused to be issued a Cashiers Check drawn on First Tennessee Bank in the amount of One Thousand Three Hundred Eighty-three and 48/100 Dollars ($1,383.48) on May 27, 2008. (See Exhibit A) Said check was made payable and sent to Homecoming via overnight delivery and delivered on May 27, 2008.

24. Homecoming refused to accept either of the payments that they requested and instead chose to foreclose.

## III. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

25. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

26. Defendants have breached the terms and conditions of the Deed of Trust and the Agreement by:

a) Foreclosing for non-payment of monthly payments when Homecomings created said default by refusing to accept payments;

b) Failing to notify Mary Martin of any recession of the Agreement;

c) Failing to properly apply the payments issued to Homecomings; and

d) Exercising a discretionary power in an arbitrary, capricious and knowingly harmful manner.

## IV. SECOND CAUSE OF ACTION – BAD FAITH

27. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

28. Defendants have acted in bad faith by:

a. Foreclosing on a valuable property due to a default that they manufactured.

b. Foreclosing on a valuable property while negotiating with Mary Martin.

## V. THIRD CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

29. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

30. As a result of the degree of control the Defendants possessed over Mary Martin, the Defendants owed a fiduciary duty to Mary Martin.

31. As a result of the degree of control the Defendants exercised over the Deed of Trust Trustee, the Defendants owed a fiduciary duty to Mary Martin.

32. As a result of the Principal/Agent relationship which existed between the Defendants and the Trustee, the Defendants owed a fiduciary duty to Mary Martin.

33. The Defendants violated their fiduciary duty to Mary Martin by:

a. Foreclosing for non-payment of monthly payments when Homecomings created said default by refusing to accept the negotiated payments.

b. Failing to notify Mary Martin of any recession of the Agreement.

c. Failing to properly apply the payments issued to Homecomings.

d. Exercising a discretionary power in an arbitrary, capricious and knowingly harmful manner.

## VI. FOURTH CAUSE OF ACTION – OUTRAGEOUS CONDUCT OF HOMECOMINGS

34. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

35. By its conduct as described herein, in flagrant disregard for the letter and spirit of the Loan, Deed of Trust and the Agreement, and in flagrant disregard for its contractual and fiduciary duties to Mary Martin, the Defendants engaged in conduct for its own financial benefit that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

36. The Defendants acted in total disregard for the readily foreseeable injury which would almost certainly befall the Plaintiff as a result of the Defendants' wrongful actions, i.e., actual and immediate financial losses coupled with pain and suffering in the form of anxiety, worry, humiliation, embarrassment, insomnia and headaches caused by the Defendants' conduct.

37. The wrongful and outrageous actions of Defendants as described herein were willful, wanton, gross and intentional.

38. As a direct and proximate result of the wrongful and outrageous actions of Defendants as described herein, Mary Martin suffered actual and immediate financial losses coupled with pain and suffering in the form of anxiety, worry, humiliation, embarrassment, insomnia and headaches caused by Defendants' conduct.

VII. FIFTH CAUSE OF ACTION - TENNESSEE CONSUMER PROTECTION ACT

39. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

40. Pursuant to T.C.A. § 47-18-104(b)(27), Defendants dealt unfairly with Mary Martin by the following acts including, but not limited to:

a. Fraud in setting forth an Agreement whereby to forestall the foreclosure while continuing to go forth with the foreclosure when Mary Martin was sending the requested payments to the Defendants.

41. As a result of these violations Mary Martin has incurred actual pecuniary loss in trying to correct this wrongdoing and has otherwise suffered loss.

42. Under the Tennessee Consumer Protection Act, a remedial law, it is unlawful to engage in any other act or practice which is deceptive to the consumer or any other person. See T.C.A. § 47-18-104 (b)(27).

43. Some or all of the Defendants are in violation of T.C.A. § 47-18-104, including, but not limited to, T.C.A. §§ 47-18-104(b)(27).

44. The Defendants have also failed to conduct their activities under a standard of good faith and fair dealing. Defendants unfairly used the specific facts and disparities in this case to their advantage and to fit their purposes by negotiating with Mary Martin and holding her

payments on one hand and by foreclosing upon her on the other hand, thus confusing Mary Martin.

## VIII. SIXTH CAUSE OF ACTION – CONSTRUCTIVE TRUST

45. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

46. Because of its equitable obligations New York Bank has no right to transfer the Property to any other person or entity.

47. New York Bank may transfer the Property to another party in an attempt to frustrate Mary Martin's attempts to void or reform the sale of the Property under the Deed of Trust.

48. This Court can, and should, create an equitable trust in the Property divesting New York Bank of equitable interest in the Property and transferring that equitable interest to Mary Martin. This Court should then compel the transfer of the remaining title in the Property to Mary Martin.

49. In the event New York Bank has already transferred the Property, this Court should allow Mary Martin to amend the Complaint to include the new holder of the title to the Property as a named party defendant. In such case, this Court can, and should, then compel the transfer of the remaining title in the Property to Mary Martin.

## IX. DAMAGES

50. The allegations contained in paragraphs 1-24 are realleged and incorporated by this reference as if fully set forth herein.

51. Mary Martin is entitled to damages from the Defendants for breach of contract in a sum to be determined by this Court.

52. Mary Martin is entitled to damages from the Defendants for acting in bad faith in a sum to be determined by this Court.

53. Mary Martin is entitled to damages from the Defendants for breach of its fiduciary duty to her in a sum to be determined by this Court.

54. Mary Martin is entitled to damages from the Defendants for outrageous conduct in a sum to be determined by this Court.

55. Mary Martin is entitled to punitive damages from the Defendants in an amount necessary to punish the Defendants for their actions and to deter the Defendants and others from repeating such acts in the future.

56. Mary Martin is entitled to damages as set forth in the Tennessee Consumer Protection Act, including any exemplary damages, treble damages and attorney's fees.

## XI. PRAYER FOR RELIEF

WHEREFORE AND ALL FOR WHICH having made her Complaint prays for the following relief from this Court:

1. That process be issued and served and that Defendants be compelled to come forth and answer this Complaint;

2. That a Jury of twelve be impaneled to try this cause;

3. That Mary Martin obtain a Judgment against the Defendants for direct, indirect, consequential and incidental damages from the Defendants for

breach of contract, acting in bad faith, breach of fiduciary duty, for outrageous conduct and for violation of the Tennessee Consumer Protection Act to include, but not limited to, treble damages and attorney fees;

4. That Mary Martin obtain a Judgment against the Defendants for punitive damages;

5. That this Court issue a *Lien Les Pendens* in this action;

6. That the sale of the Property be voided or reformed as to have the previous owners, including Mary Martin, renamed as the owner of said Property;

7. That Property be titled to the previous owners, including Mary Martin, as a result of the Constructive Trust; and

8. Cost of this action to be charged against the Defendants and any other general relief that this Honorable Court may deem necessary.

Respectfully submitted this 19th day of June 2008.

Harry W. Miller, III
Law Office of W. Thomas Bible, Jr.
Attorney for Plaintiff
7011 Shallowford Road
Suite 106
Chattanooga, Tennessee 37421
(423) 424-3116

THIS IS THE PLAINTIFFS FIRST REQUEST FOR EXTRAORDINARY RELIEF IN THIS CASE

COST BOND

I hereby acknowledge and bind myself for the payment of all non-discretionary costs that may be adjudged herein against Mary C. Martin, the principal, in the event that the principal does not pay them.

Witness my hand this 19th day of June 2008.

Harry W. Miller, III

## CERTIFICATE OF SERVICE

I, Harry W. Miller, III, do hereby certify that a true and exact copy of the foregoing Amended and Subtitled Complaint has been forwarded, via U.S. Post Office, to the following Defendants:

Homecomings Financial, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

The Bank of New York Trust Company, N.A.
700 South Flower Street
Suite 200
Los Angeles, CA 90017

On this the 19th day of June 2008.

Harry W. Miller, III



FIRST TENNESSEE

CASHIER'S CHECK

Date: 04/25/2008

Remitter: MARY MARTIN

Pay to the Order of: HOMECOMING FINANCIAL SERVICES

*************$2,766.96

*****2,766 DOLLARS AND 96 CENTS *****

Center # 1206

Corporate Controller

974000 7

FIRST TENNESSEE

CASHIER'S CHECK

10542210

Date: 05/27/2008

Remitter: Mary C. Martin

Pay to the Order of: Homecomings Financial

*************$1,383.48

*****1,383 DOLLARS AND 48 CENTS *****

Center # 1202 Loan# [redacted] 7127

Corporate Controller

974000 7

mecomings Financ
IAC Company

5/2/2008

MICHAEL A MARTIN
MARY COLLETTE MARTIN
1021 ENGLEWOOD AVE
CHATTANOOGA TN 37405-2311

Re: Loan Number ████7927

Property 1021 ENGLEWOOD AV
CHATTANOOGA TN 37405

Dear MICHAEL A MARTIN and MARY COLLETTE MARTIN:

This Repayment Agreement, ('Agreement'), Made 5/2/2008, (the 'Effective Date'), between MICHAEL A MARTIN and MARY COLLETTE MARTIN and Homecomings Financial, LLC, ('Lender') and amends and supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated 08/30/02 and (2) the promissory note ('Note') bearing the same date as , and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument.

Borrower acknowledges that Lender is the legal holder and owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the 'Lender' as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows, (notwithstanding anything to the contrary in the Note or Security Instrument):

1. Payments must be received on or before the due date of Agreement or this Agreement will be null and void.

2. All payments must be mailed to:

   Homecomings Financial, LLC
   Attn: Payment Processing Center
   3451 Hammond Avenue
   Waterloo, IA 50702

3. There presently remains an outstanding indebtedness to the Lender pursuant to a note (the 'Note') and mortgage (the 'Mortgage') or equivalent Security Instrument executed on 08/30/02 in the original principal amount of $112,000.00.

4. Lender has instituted foreclosure proceedings against the property securing the indebtedness which will continue to be in full force and effect until the default described herein are cured except as otherwise provided in this agreement.

5. Lender agrees to suspend foreclosure activity on the delinquent account provided that you execute and return this Agreement and the initial payment toward the delinquency in the amount of $2766.96 no later than 04/28/08.

We will require you to make 2 payments at a modified payment amount. At the conclusion of the scheduled payments below, we will review your situation to determine the best option for resolving the remaining delinquency. Your payments are due and payable as follows:

| Date | Amount: |
|---|---|
| 04/28/08 | $ 2766.96 |
| 05/28/08 | $ 1383.48 |

**All payments remitted under this trial plan must be in the form of certified funds (cashier's check, money order, or Western Union Quick Collect)**

6. If a notice of a new or subsequent Bankruptcy is filed during the payments, this Agreement will automatically be voided.

7. We will honor the Agreement if all of the described conditions and requirements are met. If at any time you fail to comply with any of the above-described conditions and requirements, this Agreement will be considered null and void and will resume foreclosure.

Please sign and return this Agreement by 04/28/08.

If the Agreement is cancelled, terminated, or rescinded for any reason, funds remitted will not be refunded and the Loan Modification will not be processed. Any funds received will be applied to the loan.

It is expressly understood and agreed that the default is not cured or waived by acceptance of any monies paid hereunder.

If you should have any questions, please contact me at 1-800-799-9250.

Loan Modification Department

| | | | |
|---|---|---|---|
| ______________________ | __________ | [signature] | 5/18/08 |
| MICHAEL A MARTIN | Date | MARY COLLETTE MARTIN | Date |

Upon receipt of the trial plan, we will also execute indicate our concurrence with this agreement.

______________________ __________

EXHIBIT "C"

Land in Hamilton County, Tennessee, as follows:

IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE: Lots Nine (9) and Ten (10), Rainbow Circle, as shown by plat recorded in Plat Book 12, Page 26 of the Registers Office of Hamilton County, Tennessee. According to said plat and lots from one tract of ground fronting 134.3 feet on the Northeast line of Englewood Avenue, and extending back Northeastwardly to Southwest line of Lots 3, 4, 5 and 6 on which it has a footage of 130 feet; its Northwest line being 60.3 feet and its Southeast line being 91 feet in length.

Subject to water and sewer easement recorded in Book 799, Page 297, of the Registers Office of Hamilton County, Tennessee.

Subject to water and sewer easement recorded in Book 940, Page 177, of the Registers Office of Hamilton County, Tennessee.

Subject to Restrictions recorded in Book O, Vol. 23, Page 692, of the Registers Office of Hamilton County, Tennessee.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

Being the same property conveyed to The bank of Anew York Turst Company, N.A. as successor to JPMorgan Chase Bank N.A. as Turstee by Trustee's Deed, dated May 22, 2008 and filed on June 2, 2008 in Register's Office for Hamilton County, Tennessee, instrument number 2008060200099; Book GI 8679, Page 545.

This is improved property known as 1021 Englewood Avenue, Chattanooga, Tennessee 37405.