**Presentment Date and Time:  April 4, 2016 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 4, 2016 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF PRESENTMENT OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR A CORRECTED ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) APPROVING ABANDONMENT OF DEBTORS' INTERESTS IN CERTAIN ESTATE ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On March 17, 2016, the ResCap Liquidating Trust filed its *Motion For a Corrected Order Under 11 U.S.C. §§ 105(a) and 554(a) Approving Abandonment of Debtors' Interests in Certain Estate Assets* (the "**Motion**").

2.    The ResCap Liquidating Trust will present the Motion to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004-1408, for signature on April 4, 2016 at 12:00 p.m. (prevailing Eastern Time).

3.    Any objection to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **April 4, 2016 at 10:00 a.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the

ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd., Suite 175, Minneapolis, Minnesota 55437 (Attention: Legal Department).

4.    If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.    A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       March 17, 2016

                          KRAMER LEVIN NAFTALIS & FRANKEL LLP

                          /s/ Joseph A. Shifer
                          Kenneth H. Eckstein
                          Douglas H. Mannal
                          Joseph A. Shifer
                          1177 Avenue of the Americas
                          New York, New York 10036
                          Telephone: (212) 715-9100
                          Facsimile: (212) 715-8000

                          *Counsel for the ResCap Liquidating Trust*

-2-

**Presentment Date and Time: April 4, 2016 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 4, 2016 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF THE RESCAP LIQUIDATING TRUST FOR A**
**CORRECTED ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) APPROVING**
**ABANDONMENT OF DEBTORS' INTERESTS IN CERTAIN ESTATE ASSETS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the

debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"),

hereby submits this motion (the "**Motion**") for entry of a corrected version of the Court's *Order*

*Under 11 U.S.C. §§ 105(a) and 554(a) Approving Abandonment of Debtors' Interests in Certain*

*Estate Assets* [Docket No. 6380] (the "**Abandonment Order**"), substantially in the form

attached hereto as **Exhibit 1** (the "**Proposed Corrected Order**"). In support of the Motion, the

Liquidating Trust submits the declaration of Barbara Westman, Controller of the Liquidating

Trust (the "**Westman Declaration**"), attached hereto as **Exhibit 2** and respectfully represents as

follows:

### JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The predicates of this Motion are sections 105(a) and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 60(a) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

### BACKGROUND

3.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.        On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[1]

5.        On December 17, 2013, the Debtors filed their *Motion Pursuant to Sections 105(a) and 554(a) of the Bankruptcy Code for an Order Approving Abandonment of Debtors' Interests in Certain Estate Assets* [Docket No. 6139] (the "**Abandonment Motion**").

6.        On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

6137]. The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI. Pursuant to the Plan, the Liquidating Trust issued units to certain holders of allowed claims (as well as a reserve for disputed claims) that are beneficiaries of the Liquidating Trust (the "**Unit Holders**").

7.    Among other requested relief, pursuant to the Abandonment Motion, the Debtors sought to abandon certain residual interests in real estate mortgage investment conduits ("**REMICS**") and certain residual interests in non-REMICS embodied in trust certificates (the "**Trust Certificates**"), which were legally owned by RFC and GMACM.

8.    As described in greater detail in the Abandonment Motion and the accompanying *Declaration of William Tyson* (attached to the Abandonment Motion as Exhibit 3), although the Trust Certificates have some value, the value is less than the potential adverse tax consequences to Unit Holders if the Trust Certificates were to remain in the estate. Attached to the Abandonment Motion as Exhibit 2-B is a list of Trust Certificates to be abandoned.

9.    Included on Exhibit 2-B is a Trust Certificate under deal name "RFC05HI1 CERT" and deal identification "2005-HI1" (the "**HI1 Certificate**"). In fact, the HI1 Certificate was inadvertently included on Exhibit 2-B instead of an intended Trust Certificate to be included on Exhibit 2-B, the Trust Certificate with the deal name "RFC05HI2 CERT" and deal identification "2005-HI2" (the "**HI2 Certificate**"). The reason for the accidental inclusion of the HI1 Certificate on the Exhibit 2-B was that, prior to the filing the Abandonment Motion, a third-party was interested in the purchase of the HI1 Certificate. Rather than remove the HI1 Certificate from the list of Trust Certificates to be included in the Abandonment Motion, however, the Debtors accidentally removed the HI2 Certificate. The HI1 Certificate was

- 3 -

subsequently sold to the third-party, but the failure to include the HI2 Certificate in the Abandonment Motion went undetected.

## RELIEF REQUESTED

10.    By the Motion, the Liquidating Trust seeks to have the Abandonment Order corrected to include the HI2 Certificate among the assets abandoned pursuant to the Abandonment Order.   Attached hereto as **Exhibit 3** is an electronic comparison showing the difference between the as-entered Abandonment Order and the Proposed Corrected Order.

## BASIS FOR RELIEF REQUESTED

11.    Pursuant to Rule 60(a) of the Federal Rules, made applicable here under Bankruptcy Rule 9024, "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

12.    The Liquidating Trust submits that the Debtors' accidental deletion of the HI2 Certificate from the Abandonment Motion instead of the deletion of the HI1 Certificate is the sort of clerical error that can be addressed by Rule 60(a).   Although Rule 60(a) refers to "clerical mistakes," the "term 'clerical mistake' does not mean that [the mistake] must be made by a clerk.   The phrase merely describes the type of error identified with mistakes in transcription, alteration, or omission . . . . It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D.N.Y. 1967).   The Second Circuit has permitted the use of Rule 60(a) for the correction of "inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 836 (2d Cir. 1984).   Thus, where "the judgment has failed accurately to reflect the actual decision of the

- 4 -

decision-maker," a correction pursuant to Rule 60(a) is warranted.  *In re Frigitemp Corp.*, 781

F.2d 324, 327 (2d Cir. 1986).

13.     Here, it was an error of omission that the Abandonment Order referred to

the HI1 Certificate rather than the HI2 Certificate.  With a purchaser for the HI1 Certificate in

hand, it was the Debtors' intention to remove the HI1 Certificate from the Abandonment Order,

but through inadvertence accidentally removed the wrong certificate from the Abandonment

Order.

## NOTICE

14.     Although Rule 60(a) provides that the Court may correct the

Abandonment Order without notice to any party, out of an abundance of caution, notice of this

Motion has been given to the parties identified on the Special Service List and General Service

List (as such terms are defined in the Notice, Case Management, and Administrative Procedures

approved by the Court [Docket No. 141]).  The Liquidating Trust submits that no further notice

of the Motion is necessary.

## NO PRIOR REQUESTS

15.     No previous request for the relief sought herein has been made to this or

any other Court.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter the Proposed Corrected Order, and grant such other and further relief as the Court may deem proper.

Dated:  March 17, 2016
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the ResCap Liquidating Trust*

## EXHIBIT 1

**Proposed Corrected Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) APPROVING ABANDONMENT OF DEBTORS' INTERESTS IN CERTAIN ESTATE ASSETS

Upon the motion (the "**Motion**") of the Debtors[1] for entry of an order (the "**Order**"), pursuant to sections 105(a) and 554(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") authorizing the abandonment of (A) NERDs, (B) Trust Certificates, (C) PFIC equity, (D) common land, and (E) "zero balance" home equity lines of credit, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of William Tyson in support of the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED to the extent provided herein.

2.      Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon the Property Interests identified in **Exhibits 2-A, 2-C and 2-E** to the Motion, as of December 17, 2013.

3.      Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon the Property Interests listed on **Annex A**, as of December 17, 2013.

4.      The relief sought in the Motion as to the Common Land identified in **Exhibit 2-D** is to be considered by the Court at a future hearing, the date of which is to be determined, and such future hearing will be noticed to the appropriate parties.

5.      The Debtors and the Liquidating Trust are authorized to take any all necessary actions to release the lien against a borrower's real property associated with the HELOC.

6.      The Debtors and the Liquidating Trust are authorized to pay the cost of releasing the lien[2] so that the borrower does not incur such administrative costs associated with the abandonment of the Debtors' interests in the HELOC.

7.      The Debtors and the Liquidating Trust are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

---

[2] The Debtors only intend to release the lien filed against the borrower's real property related to the HELOC. To the extent that other liens exist against the borrower's real property related to loans other than the HELOC at issue, the Debtors are not seeking authority from this Court to effect the release of such other liens.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
           [            ], 2016

                                            /s/
                                            _____
                                            MARTIN GLENN
                                            United States Bankruptcy Judge

# ANNEX A

**Securities**

| Deal Name | Deal Id |
|---|---|
| SER 2004 HI2 CERT | 2004-HI2 |
| 2003 HI4 CL A COMMON | 2003-HI4 |
| 1998 HI2 CL A COMMON | 1998-HI2 |
| RFC06HI1 CERT | 2006-HI1 |
| 2003 HI2 CL A COMMON | 2003-HI2 |
| 2004 HI1 CL A COMMON | 2004-HI1 |
| RFC06HI3 CERT | 2006-HI3 |
| RFC06HI4 CERT | 2006-HI4 |
| RFC06HSA2 SBII | 2006-HSA2 |
| RFC05HI3 CERT | 2005-HI3 |
| RFC06HI5 CERT | 2006-HI5 |
| RFC05HI2 CERT | 2005-HI2 |
| RFC05HS2 SBII | 2005-HS2 II |
| SER 2005 HS1 SBII | 2005-HS1 |
| 2006-HI2 I | 06-HI2 |
| GMEN 2004-VFT | 2004-VFT |

# EXHIBIT 2

**Westman Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## DECLARATION OF BARBARA WESTMAN IN SUPPORT OF MOTION FOR A CORRECTED ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) APPROVING ABANDONMENT OF DEBTORS' INTERESTS IN CERTAIN ESTATE ASSETS

I, Barbara Westman, hereby declare as follows:

1.      I am the Controller of the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as a Senior Director and the Controller of Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). I first began working at ResCap in March of 2008 as a consultant employed by Hudson Financial, a private consulting company. In April 2010, I became a full time ResCap employee with the title of Senior Director – Accounting Operations and Compliance. I became the Controller for ResCap in February 2013.

2.      Prior to my employment as a consultant by Hudson Financial, I worked for twenty years in various financial manager roles and then as Divisional Controller and/or Divisional CFO at Allianz Life Insurance Company of North America (formerly known as North American Life and Casualty) ("**Allianz**"). Before working at Allianz, I worked at Sentry Insurance in an internal audit role for approximately five years. I graduated from the University of Wisconsin Oshkosh in 1981 with a Bachelor Degree in Business Administration – Accounting. I am a Certified Public Accountant, licensed in the State of Wisconsin.

3.      As Controller, my responsibilities include, among other things, leading all accounting operations to ensure that transactions are being properly recorded and reported.  I am authorized to submit this declaration (the "**Declaration**") in support of the *Motion For a Corrected Order Under 11 U.S.C. §§ 105(a) AND 554(a) Approving Abandonment of Debtors' Interests in Certain Estate Assets*  (the "**Motion**").[1]

4.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, my familiarity with the Debtors' book and records, information learned from my review of relevant documents and/or information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' and the Liquidating Trust's professionals and consultants.

5.      Pursuant to the Abandonment Motion, the Debtors sought to abandon certain residual interests in REMICs and certain residual interests in non-REMICS embodied in trust certificates (the "**Trust Certificates**"), which were legally owned by RFC and GMACM.  Although the Trust Certificates have some value, the value is less than the potential adverse tax consequences to Unit Holders if the Trust Certificates were to remain in the estate.

6.      Attached to the Abandonment Motion as Exhibit 2-B is a list of Trust Certificates to be abandoned. Included on Exhibit 2-B is a Trust Certificate under deal name "RFC05HI1 CERT" and deal identification "2005-HI1" (the "**HI1 Certificate**").  In fact, the HI1 Certificate was inadvertently included on Exhibit 2-B instead of an intended Trust Certificate to be included on Exhibit 2-B, the Trust Certificate with the deal name "RFC05HI2 CERT" and deal identification "2005-HI2" (the "**HI2 Certificate**").

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

7.     The reason for the accidental inclusion of the HI1 Certificate on the

Exhibit 2-B was that, prior to the filing the Abandonment Motion, a third-party was interested in

the purchase of the HI1 Certificate.  Rather than remove the HI1 Certificate from the list of Trust

Certificates to be included in the Abandonment Motion, however, the Debtors accidentally

removed the HI2 Certificate.  The HI1 Certificate subsequently sold to the third-party, but the

failure to include the HI2 Certificate in the Abandonment Motion went undetected.  In short, it

was the Debtors' intention to remove the HI1 Certificate from the Abandonment Order, but

through inadvertence accidentally removed the wrong certificate from the Abandonment Order.

8.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  March 17, 2016

/s/ Barbara Westman
Barbara Westman
Controller of the ResCap Liquidating Trust

- 3 -

**EXHIBIT 3**

**Blackline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) APPROVING ABANDONMENT OF DEBTORS' INTERESTS IN CERTAIN ESTATE ASSETS

Upon the motion (the "**Motion**") of the Debtors[1] for entry of an order (the "**Order**"), pursuant to sections 105(a) and 554(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") authorizing the abandonment of (A) NERDs, (B) Trust Certificates, (C) PFIC equity, (D) common land, and (E) "zero balance" home equity lines of credit, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of William Tyson in support of the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.    The Motion is GRANTED to the extent provided herein.

2.    Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon the Property Interests identified in **Exhibits 2-A,** ~~2-B,~~ **2-C and 2-E** to the Motion, as of December 17, 2013.

3.    Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon the Property Interests listed on **Annex A**, as of December 17, 2013.

4.    ~~3.~~The relief sought in the Motion as to the Common Land identified in **Exhibit 2-D** is to be considered by the Court at a future hearing, the date of which is to be determined, and such future hearing will be noticed to the appropriate parties.

5.    ~~4.~~The Debtors and the Liquidating Trust are authorized to take any all necessary actions to release the lien against a borrower's real property associated with the HELOC.

6.    ~~5.~~The Debtors and the Liquidating Trust are authorized to pay the cost of releasing the lien[2] so that the borrower does not incur such administrative costs associated with the abandonment of the Debtors' interests in the HELOC.

7.    ~~6.~~The Debtors and the Liquidating Trust are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

8.    ~~7.~~This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

---

[2] The Debtors only intend to release the lien filed against the borrower's real property related to the HELOC. To the extent that other liens exist against the borrower's real property related to loans other than the HELOC at issue, the Debtors are not seeking authority from this Court to effect the release of such other liens.

- 2 -

KL2 ~~2944007.1~~2943994.6

Dated:  New York, New York
          January 29, 2014/s/Martin Glenn[              ], 2016


                                         /s/
                                         MARTIN GLENN
                                         United States Bankruptcy Judge

K12 2944007.12943994.6

## ANNEX A

**Securities**

| Deal Name | Deal Id |
|---|---|
| SER 2004 HI2 CERT | 2004-HI2 |
| 2003 HI4 CL A COMMON | 2003-HI4 |
| 1998 HI2 CL A COMMON | 1998-HI2 |
| RFC06HI1 CERT | 2006-HI1 |
| 2003 HI2 CL A COMMON | 2003-HI2 |
| 2004 HI1 CL A COMMON | 2004-HI1 |
| RFC06HI3 CERT | 2006-HI3 |
| RFC06HI4 CERT | 2006-HI4 |
| RFC06HSA2 SBII | 2006-HSA2 |
| RFC05HI3 CERT | 2005-HI3 |
| RFC06HI5 CERT | 2006-HI5 |
| RFC05HI2 CERT | 2005-HI2 |
| RFC05HS2 SBII | 2005-HS2 II |
| SER 2005 HS1 SBII | 2005-HS1 |
| 2006-HI2 I | 06-HI2 |
| GMEN 2004-VFT | 2004-VFT |