*ACCESS LEGAL SERVICES*
MAIN OFFICE Minnesota VOICE (612) 333-4144
Wisconsin Offices VOICE (608) 833-7377
All Offices FAX (612) 206-3170
accesslegalservices@gmail.com

Wendy Alison Nora*
Attorney at Law
*admitted to practice law in Minnesota and Wisconsin

*Minnesota Office and mailing address*
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415

*Wisconsin Office (no mail to this address)*
6320 Monona Drive
Monona, Wisconsin 53716

DATE: December 4, 2015

TO: Attorney Jordan Wishnew
MORRISON & FOERSTER LLP    VIA FACSIMILE TO (212) 468-7900

**RE: RESCAP Borrower Claims Trust v. Tia Danielle Smith/Ms. Smith's Responses to Requests for Admissions**

COMMENTS: I am herewith forwarding Ms. Smith's Responses to the Requests for Admission. Please note that there is a typographical error on page 7, where the Response to Request #23 reads Response to Request #22. Please accept this cover sheet as correcting the typographical error because Ms. Smith approved the Responses without either of us noticing the typographical error. Clearly, the Response to Request #23 appears below the typographical error.

NO originals will be sent by US mail.

We are forwarding a total of 9 pages, including this cover sheet, by facsimile. If the pages are illegible or incomplete, please call me at (612) 333-4144.

*[signature]*
Wendy Alison Nora

The information contained in this facsimile message is intended for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received these documents in error, please notify us immediately by telephone at (612) 333-4144 and return the original documents to us by mail. We will reimburse the telephone and postage charges to do so. Thank you.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL CAPITAL, LLC, et al.,
    Post-Effective Date Debtors      Chapter 11

------------------------------------

RESCAP BORROWER CLAIMS TRUST,      Case No. 12-12020-mg

    Objector

v.

TIA DANIELLE SMITH,
    Creditor-Beneficiary

## RESPONSES TO REQUESTS FOR ADMISSION

Tia Danielle Smith, by her attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, responds to the Requests for Admission as set forth below:

### Origination

1. On November 13, 2006, AMN provided the Claimant the Mortgage Loan in the amount of $556,000.00, plus interest.

**RESPONSE to Request #1.**

**DENIED because the event at which the Note and Deed of Trust were executed occurred on December 2, 2006. Further DENIED because the definition of Mortgage Loan provided by the Objector is not an accurate description of the transaction. Further DENIED because Claimant has no direct or personal knowledge that AMN provided the funding for the Mortgage Loan. ADMITTED if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively.**

2. The Mortgage Loan is evidenced by a Note to AMN executed by Tia Smith on November 13, 2006.

**RESPONSE to Request #2.**

DENIED because the event at which the Note and Deed of Trust were executed occurred on December 2, 2006. Further DENIED because the definition of Mortgage Loan provided by the Objector is not an accurate description of the transaction. Further DENIED because Claimant has no direct or personal knowledge that AMN provided the funding for the Mortgage Loan. ADMITTED if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively."

3. None of the Debtors were involved in the origination of the Mortgage Loan.

**RESPONSE to Request #3.**

DENIED because the event at which the Note and Deed of Trust were executed occurred on December 2, 2006. Further DENIED because the definition of Mortgage Loan provided by the Objector is not an accurate description of the transaction. Further DENIED because Claimant has no direct or personal knowledge that the Debtors were not involved in the origination of the Mortgage Loan. If origination includes the sale of the Note and Deed of Trust, then Debtor Residential Funding Company, LLC (RFC) and Residential Accredit Loans Inc. (RALI) were involved in origination of the securities transaction in which the Note and Deed of Trust were used for collateral. DENIED even if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively" because the transaction was a securities acquisition and sale.

<u>Servicing of the Loan</u>

4. From the origination of the Mortgage Loan through February 1, 2007, the Mortgage Loan was serviced by AMN.

**RESPONSE to Request #4.**

DENIED because the event at which the Note and Deed of Trust were executed occurred on December 2, 2006. Further DENIED because the definition of Mortgage Loan provided by the Objector is not an accurate description of the transaction. Further DENIED because Claimant has no direct or personal knowledge that AMN ever serviced the Mortgage Loan, which was at all times an aquisition the collateral documents consisting of Claimant's Note and Deed of Trust. According to the Prospectus Supplement for the RALI Series 2007-QO1 Trust, the Note and Deed of Trust were purchased by RFC from sellers like AMN on the date of the event which was represented to be a Mortgage Loan closing. DENIED even if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents

2

consisting of a Note and Deed of Trust (collateral documents) executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively" because the Prospectus Supplement for the RALI Series 2007-QO1 Trust states that RFC is the master servicer and Homecomings is the subservicer from the date of transfer of the collateral documents to the Trustee. Further DENIED because Claimant has no direct or personal knowledge that AMN serviced the loan from origination through February 1, 2007. Notably, the Borrower Claims Trust made a judicial admission that Homecomings began servicing the Mortgage Loan on December 29, 2006.

5. The Claimant received a letter from AMN informing her that effective February 1, 2007, the servicing of the Mortgage Loan would be transferred to Homecomings.

**RESPONSE to Request #5.**

DENIED because the event at which the Note and Deed of Trust were executed occurred on December 2, 2006. Further DENIED because the definition of Mortgage Loan provided by the Objector is not an accurate description of the transaction. Further DENIED because Claimant has no direct or personal knowledge that AMN ever serviced the Mortgage Loan, which was at all times an acquisition the collateral documents consisting of Claimant's Note and Deed of Trust. According to the Prospectus Supplement for the RALI Series 2007-QO1 Trust, the Note and Deed of Trust were purchased by RFC from sellers like AMN on the date of the event which was represented to be a Mortgage Loan closing. Upon purchase of the collateral documents by RFC for sale to RALI, which was required to deposit the documents in the RALI Series 2007-QO1 Trust in exchange for the Trust issuing Certificates, RFC became the master servicer and Homecomings became the subservicer. Claimant is seeking evidence through discovery propounded to the RESCAP Debtors through the Borrower Claims Trust as to when the events described in the Prospectus Supplement dated January 29, 2007 occurred. Upon receipt of the discovery and analysis and evaluation thereof, this Response may be updated. Further DENIED even if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust (collateral documents) executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively," because the Prospectus Supplement for the RALI Series 2007-QO1 Trust states that RFC is the master servicer and Homecomings is the subservicer from the date of transfer of the collateral documents to the Trustee. Further DENIED because Claimant has no direct or personal knowledge that AMN serviced the loan from origination through February 1, 2007. ADMITTED only that Claimant received a letter allegedly from AMN purporting to transfer the servicing rights of the Mortgage Loan to Homecomings.

3

6. The Claimant made the monthly payments due on the Mortgage Loan from January 1, 2007 through December 1, 2007.

**RESPONSE to Request #6.**

**DENIED insofar as the request defines Mortgage Loan as "loan dated November 13, 2006, entered into between Tia Smith and AMN and serviced by Homecomings Financial, LLC ('Homecomings')." ADMITTED if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively."**

7. The Claimant made the monthly payment due November 1, 2007 on November 30, 2007.

**RESPONSE to Request #7.**

**ADMITS only that a monthly payment was made because the Claimant has no personal knowledge of the date the payment was received by the servicer.**

8. The Claimant made the monthly payment due December 1, 2007 on December 30, 2007.

**RESPONSE to Request #8.**

**ADMITS only that a monthly payment was made because the Claimant has no personal knowledge of the date the payment was received by the servicer.**

9. The Claimant did not make the monthly payment due on the Mortgage Loan on January 1, 2008.

**RESPONSE to Request #9.**

**DENIED insofar as the request defines Mortgage Loan as "loan dated November 13, 2006, entered into between Tia Smith and AMN and serviced by Homecomings Financial, LLC ('Homecomings')." ADMITTED if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively."**

10. On or around February 1, 2008, the Claimant received a call from a Homecomings representative, at which time the Claimant informed the representative that she was not able to make the monthly payment.

**RESPONSE to Request #10.**

**DENIED.**

4

11. On or around February 8, 2008, the Claimant received a call from a Homecomings representative, at which time Claimant informed the representative that she was not able to make her payment until March 13, 2008.

**RESPONSE to Request #11.**

**DENIED.**

12. The Claimant received a letter from Homecomings dated February 11, 2008 detailing the options available to avoid foreclosure of the Property.

**RESPONSE to Request #12.**

**DENIED.**

13. On or around February 11, 2008, the Claimant received a call from a Homecomings representative, at which time Claimant informed the representative that she would not be able to make a payment at that time.

**RESPONSE to Request #13.**

**DENIED.**

14. On or around February 13, 2008, the Claimant received a call from a Homecomings representative, at which time Claimant informed the representative that she would not be able to make a payment at that time.

**RESPONSE to Request #14.**

**DENIED.**

15. On or around February 22, 2008, the Claimant received a call from a Homecomings representative, at which time Claimant informed the representative that she would not be able to make a payment at that time.

**RESPONSE to Request #15.**

**DENIED.**

16. The Claimant received a letter from Homecomings dated March 3, 2008 informing her the Mortgage Loan was in default.

**RESPONSE to Request #16.**

**DENIED.**

17. On or around March 10, 2008, the Claimant received a call from a Homecomings representative, at which time Claimant informed the representative that she would not be able to make a payment at that time.

**RESPONSE to Request #17.**

**DENIED.**

18. The Claimant received a letter from Homecomings dated March 18, 2008 informing her that effective April 1, 2008, the servicing of the Mortgage Loan would be transferred to Aurora Loan Services.

**RESPONSE to Request #18.**

**DENIED** insofar as the request defines Mortgage Loan as "loan dated November 13, 2006, entered into between Tia Smith and AMN and serviced by Homecomings Financial, LLC ('Homecomings')." **DENIED** if Mortgage Loan meets the definition provided by Claimant in her written discovery: "17. 'Mortgage Loan' refers to AMN's acquisition of collateral documents consisting of a Note and Deed of Trust executed and granted by Claimant on December 2, 2006, identifying AMN as the payee and Lender, respectively." For avoidance of doubt, this Request for Admission is denied in its entirety.

19. Prior to the transfer on April 1, 2008, a foreclosure sale of the Property was not completed.

**RESPONSE to Request #19.**

**DENIED** insofar as the request assumes Claimant has personal knowledge of the event referred to "the transfer." Regardless of the assumption that Claimant knows that a transfer of some type occurred on April 1, 2008, which she does not, Claimant **ADMITS** that no foreclosure of her home was accomplished prior to April 1, 2008.

20. No foreclosure proceedings were ever commenced by any of the Debtors.

**RESPONSE to Request #20.**

**DENIED** because Claimant has no direct or personal knowledge that the any of the Debtors were not involved with the commencement of the foreclosure proceedings. Further **DENIED** because either Homecomings or its successor in interest, GMAC Mortgage, LLC (GMACM), falsely represented to the Claimant that she would have to skip three (3) monthly payments in order to be eligible for a loan modification agreement.

21. Between October 1, 2007 and December 31, 2007, Claimant did not contact any of the Debtors regarding the Mortgage Loan.

**RESPONSE to Request #21.**

**DENIED.**

22. The Claimant was never displaced from the Property during the time Homecomings serviced the Mortgage Loan.

6

**RESPONSE to Request #22.**

**ADMITTED** but affirmatively alleges that Homecomings and/or GMACM created the circumstances which were ultimately treated as a default in order for their affiliates to profit from the sale, receipt of insurance payments, credit default swaps, other derivatives, loan guarantees and TARP payments created and/or obtained on the basis of the acquisition of the collateral documents by RFC and RALI.

23. The Claimant continues to live in the Property.

**RESPONSE to Request #22.**

**ADMITTED** but affirmatively alleges that she lost her title to the Property as a result of the unfair, unlawful and fraudulent practices of the Debtors and their affiliates. She also lost her business, her credit rating, her reputation, her equity in the Property and the payments made to the securitization parties on the basis of her Property and her creditworthiness. She has also suffered mental anguish as the result of the fraudulent offer of a Mortgage Loan which was actually a scheme to acquire her collateral documents under the false pretense that she was entering into a Mortgage Loan transaction, in which RFC, RALI, GMACM and Homecomings participated.

Dated at Minneapolis, Minnesota this 4th day of December, 2015.

AN IMAGED COPY OF THIS SIGNATURE SHALL HAVE THE
SAME FORCE AND EFFECT AS THE ORIGINAL.

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
WI BAR #1017043
MN BAR #165906

Approved at Los Angeles, California on December 3, 2015.

_____
Tia Danielle Smith, Claimant

7