**Hearing Date and Time:  May 17, 2016 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  April 25, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims
Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
                               )
In re:                        )     Case No. 12-12020 (MG)
                               )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                               )
                 Debtors.     )     Jointly Administered
                               )
------------------------------------------------------------

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S NINETY-THIRD
OMNIBUS OBJECTION TO CLAIMS ((I) REDESIGNATE AND ALLOW
BORROWER CLAIMS, (II) RECLASSIFY AND ALLOW BORROWER
CLAIMS, (III) REDESIGNATE, RECLASSIFY AND ALLOW BORROWER
CLAIMS, AND (IV) ALLOW IN FULL BORROWER CLAIMS)**

      **PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap

Borrower Claims Trust's Ninety-Third Omnibus Objection to Claims ((I) Redesignate

and Allow Borrower Claims, (II) Reclassify and Allow Borrower Claims, (III)

Redesignate, Reclassify and Allow Borrower Claims and (IV) Allow in Full Borrower

Claims* (the "Omnibus Objection"), which seeks to alter your rights by disallowing your

claim against the above-captioned Debtors.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **May 17, 2016 at 11:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 523.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**April 25, 2016 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the

Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of

New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S.

Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett); (c) the Office of the United States

Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S.

Masumoto); (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue,

21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan) and (e) The ResCap

Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520,

Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  March 23, 2016
      New York, New York

                      Respectfully Submitted,

                      /s/ Norman S. Rosenbaum
                      Norman S. Rosenbaum
                      Jordan A. Wishnew
                      Jessica J. Arett
                      **MORRISON & FOERSTER LLP**
                      250 West 55th Street
                      New York, New York 10019
                      Telephone:  (212) 468-8000
                      Facsimile:  (212) 468-7900

                      *Counsel for The ResCap Borrower
                      Claims Trust*

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**RESCAP BORROWER CLAIMS TRUST'S NINETY-THIRD OMNIBUS OBJECTION**
**TO CLAIMS ((I) REDESIGNATE AND ALLOW BORROWER CLAIMS, (II)**
**RECLASSIFY AND ALLOW BORROWER CLAIMS, (III) REDESIGNATE,**
**RECLASSIFY AND ALLOW BORROWER CLAIMS, AND (IV) ALLOW IN FULL**
**BORROWER CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR MODIFY CERTAIN FILED**
**PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE**
**THEIR NAMES AND CLAIMS ON EXHIBIT A, EXHIBIT B, EXHIBIT C, OR EXHIBIT D**
**ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER**
**CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

# TABLE OF CONTENTS

**Page**

RELIEF REQUESTED ...........................................................................................................1

JURISDICTION ...................................................................................................................4

BACKGROUND ...................................................................................................................4

    General Case Background ............................................................................................4

    Claims-related Background .........................................................................................5

THE  REDESIGNATE AND ALLOW BORROWER CLAIMS  SHOULD
    REDESIGNATED AND ALLOWED AS MODIFIED...................................................6

THE RECLASSIFY AND ALLOW BORROWER CLAIMS SHOULD BE MODIFIED...........7

THE REDESIGNATE, RECLASSIFY AND ALLOW BORROWER CLAIMS
    SHOULD BE MODIFIED ...........................................................................................8

THE ALLOW IN FULL BORROWER CLAIMS SHOULD BE ALLOWED IN THE
    CLAIMED AMOUNTS ...............................................................................................9

NOTICE ..............................................................................................................................9

NO PRIOR REQUEST...........................................................................................................9

CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,
   547 U.S. 651 (2006) ................................................................................................................7

In re WorldCom, Inc.,
   362 B.R. 96 (Bankr. S.D.N.Y. 2007) ......................................................................................7

Karakas v. Bank of N.Y. (In re Karakas),
   Nos. 06-32961, 06-80245, 2007 Bankr. LEXIS 1578 (Bankr. N.D.N.Y. May 3, 2007)...........7

ny-1222975

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") with respect to Borrower Claims (defined below) matters, by and through its undersigned counsel, respectfully represents:

## <u>RELIEF REQUESTED</u>

1.      The Borrower Trust files this ninety-third omnibus objection to claims (the "<u>Objection</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "<u>Procedures Order</u>") [Docket No. 3294], and seeks entry of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as <u>Exhibit 1</u>, to modify, as indicated on the respective exhibits, those claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> to the Proposed Order and to allow in the claimed amounts those claims listed on <u>Exhibit D</u>[1] to the Proposed Order.  In support of this Objection, the Borrower Trust submits the Declaration of Sara Lathrop, Senior Claims Analyst for the Borrower Trust (the "<u>Lathrop Declaration</u>," attached hereto as <u>Exhibit 2</u>).

2.      The proofs of claim identified on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> are all asserted in amounts below the applicable Borrower convenience claim amounts. Other than the defects reflected on the proof of claim forms addressed by the Objection, based on an initial review of the proofs of claim, there does not appear to be a substantive basis on which

---

[1] Claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

1

to object to such claims.   Moreover, given that the claims are below the convenience class amounts, the Borrower Trust submits that the time, effort and utilization of resources necessary to undertake a more substantive review of each of the sixty claims in the Objection is not warranted.   The Borrower Trust submits that to proceed on this basis is well within the best interest of the Borrower Trust and its constituents.[2]

3.      The Borrower Trust examined the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order and determined that each proof of claim listed thereon (collectively, the "<u>Redesignate and Allow Borrower Claims</u>") was filed against the incorrect Debtor. The Borrower Trust seeks to (a) modify the Redesignate and Allow Borrower Claims to reflect a liability asserted against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" on <u>Exhibit A</u> and (b) allow each Redesignate and Allow Borrower Claim in the asserted amount against the modified Debtor.

4.      The Borrower Trust also examined the proofs of claim identified on <u>Exhibit B</u> to the Proposed Order and determined that each proof of claim listed thereon (collectively, the "<u>Reclassify and Allow Borrower Claims</u>") improperly asserts a secured claim or a priority claim under section 507 of the Bankruptcy Code.   The Borrower Trust seeks to (a) modify the Reclassify and Allow Borrower Claims by reclassifying them as general unsecured claims on the Claims Register and (b) and allow each Reclassify and Allow Borrower Claim as a general unsecured claim.

5.      The Borrower Trust also examined the proofs of claim identified on <u>Exhibit C</u> to the Proposed Order and determined that such proofs of claim (the "<u>Redesignate, Reclassify and Allow Borrower Claims</u>") were filed against the incorrect Debtor and improperly

---

[2] The relief sought seeks to allow the claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> in the filed amounts of the respective claims as unsecured claims against the appropriate Debtors.  To the extent any claimant objects to the classification or allocation or treatment of their claim, the Borrower Trust reserves the right to object to such claims on all available grounds.

asserted against the Debtors as secured claims.  The Borrower Trust seeks to (a) modify the Redesignate, Reclassify and Allow Claims by reclassifying them from secured claims to general unsecured claims on the Claims Register, (b) modify each Redesignate, Reclassify and Allow Claim to reflect a liability asserted against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" on Exhibit C and (c) allow each Redesignate, Reclassify and Allow Borrower Claim in the asserted amount against the modified Debtor.

6.      The Borrower Trust also examined the proofs of claim identified on Exhibit D to the Proposed Order and determined that such proofs of claim (the "Allow in Full Borrower Claims") were filed by current or former borrowers of the Debtors and are not facially invalid.  Moreover, as explained above, the time, effort, and expense which would be required to undertake a more extensive review each claim is not warranted.  As a result, the Borrower Trust seeks to allow the Allowed in Full Borrower Claims in the amount listed under the heading "*Allowed Claim Amount*" against the Debtor set forth under the heading "*Asserted Debtor Name*" on Exhibit D.

7.      The proofs of claim identified on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[3]

8.      The Borrower Trust expressly reserves all rights to object on any other basis to any Redesignate and Allow Borrower Claim, Reclassify and Allow Borrower Claims,

---

[3] The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

Redesignate, Reclassify and Allow Borrower Claims, or Allow in Full Borrower Claims as to
which the Court does not grant the relief requested herein.

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.
This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

General Case Background

10.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a
voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These
Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

11.     On May 16, 2012, the United States Trustee for the Southern District of
New York appointed a nine member official committee of unsecured creditors [Docket No. 102]
(the "Creditors' Committee").

12.     On December 11, 2013, the Court entered the Order Confirming Second
Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official
Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the
Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].
On December 17, 2013, the effective date of the Plan occurred, and, among other things, the
Borrower Trust was established [Docket No. 6137].

13.     The Plan provides for the creation and implementation of the Borrower
Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent
such claims are ultimately allowed either through settlement with the Borrower Claims Trustee
or pursuant to an Order of the Court.  See Plan, at Art. IV.F. The Borrower Trust was established

ny-1222975

to, among other things, "(i) direct the processing, liquidation and payment of the Allowed

Borrower Claims in accordance with the Plan, and the distribution procedures established under

the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the

Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id.

### Claims-related Background

14.    On May 16, 2012, the Court entered an order [Docket No. 96] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the

official claims register for the Debtors (the "Claims Register").

15.    On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

16.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

5

## THE  REDESIGNATE AND ALLOW BORROWER CLAIMS
## SHOULD REDESIGNATED AND ALLOWED AS MODIFIED

17.     Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust determined that each Redesignate and Allow Borrower Claim identified on Exhibit A attached to the Proposed Order was filed against the incorrect Debtor.  See Lathrop Declaration ¶ 5.

18.     In their proofs of claim, holders of the Redesignate and Allow Borrower Claims have asserted claim amounts related to their mortgage loans against Residential Capital, LLC ("ResCap").  The Borrower Trust determined that ResCap was neither the originator nor servicer of any of the mortgage loans that formed the basis for the Redesignate and Allow Borrower Claims; rather, a different Debtor is potentially liable for such claims in the claimed amount.  See Lathrop Declaration ¶ 5.

19.     The Debtor listed on Exhibit A under the column heading "*Modified Debtor Name*" represents the Debtor that is potentially liable for the Redesignate and Allow Borrower Claims as the Debtor that was either the servicer or originator of the underlying mortgage loan.  The holders of the Redesignate and Allow Borrower Claims should not be allowed to recover on claims from the incorrect Debtor's estate.

20.     The Borrower Trust verified that each holder of a Redesignate and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, the Borrower Trust requests that this Court modify and allow each such Redesignate and Allow Borrower Claim against the corresponding Debtor listed on Exhibit A under the column heading "*Modified Debtor Name*".

ny-1222975

## THE RECLASSIFY AND ALLOW BORROWER CLAIMS
## SHOULD BE MODIFIED

21.    The U.S. Supreme Court has held that conferring secured status "'to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.'" Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667 (2006) (citation omitted); see also In re WorldCom, Inc., 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien); Karakas v. Bank of N.Y. (In re Karakas), Nos. 06-32961, 06-80245, 2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May 3, 2007) (reclassifying purportedly secured claim as unsecured based on valuation of underlying property).  Moreover, in addition to the grounds set forth in Bankruptcy Rule 3007(d), the Procedures Order permits the Borrower Trust to object to claims and seek their disallowance where "the Claims were incorrectly classified," which would include claims that are improperly classified as priority claims.  See Procedures Order at 2-3.

22.    Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust determined that the Reclassify and Allow Borrower Claims identified on Exhibit B attached to the Proposed Order improperly assert secured and/or administrative priority status for all or a portion of such claim where such proofs of claim do not contain any valid basis for treatment as a secured and/or administrative priority claim.  See Lathrop Declaration ¶ 8.

23.    To allow the Reclassify and Allow Borrower Claims to be treated as priority or secured claims would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

7

24.    The Borrower Trust verified that each holder of a Reclassify and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the Borrower Trust requests that this Court reclassify and allow the Reclassify and Allow Borrower Claims as general unsecured claims on the Claims Register.

## THE REDESIGNATE, RECLASSIFY AND ALLOW BORROWER CLAIMS SHOULD BE MODIFIED

25.    Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust determined that Redesignate, Reclassify and Allow Borrower Claims identified on Exhibit C attached to the Proposed Order improperly assert secured status for such claim, where such proofs of claim do not contain any valid basis for treatment as a secured claim. See Lathrop Declaration ¶ 11.

26.    The Borrower Trust also determined, based on its review of the claimant's supporting documentation and the Debtors' books and records, that the Redesignate, Reclassify and Allow Claims identified on Exhibit C attached to the Proposed Order were filed against the incorrect Debtor.  In their proofs of claim, holders of the Redesignate and Allow Borrower Claims have asserted claim amounts related to their mortgage loans against ResCap.  The Borrower Trust determined that ResCap was neither the originator nor servicer of any of the mortgage loans that formed the basis for the Redesignate and Allow Borrower Claims (nor could it have been). Rather, Debtor GMAC Mortgage LLC ("GMACM") was the servicer of the underlying mortgage loan and therefore is potentially liable for such claims.  See Lathrop Declaration ¶ 12.

27.    The holders of the Redesignate, Reclassify and Allow Borrower Claims should not be allowed to recover on claims from the incorrect Debtor's estate.  Additionally, to allow the Redesignate, Reclassify and Allow Borrower Claims to be treated as secured claims

8

would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

28.    The Borrower Trust verified that each holder of a Redesignate, Reclassify and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code and ensure that each claim is asserted against the correct Debtor, the Borrower Trust requests that this Court reclassify the Redesignate, Reclassify and Allow Borrower Claims as general unsecured claims on the Claims Register and allow each such Reclassify Redesignate, and Allow Claim against GMACM.  See Lathrop Declaration ¶ 13.

## THE ALLOW IN FULL BORROWER CLAIMS SHOULD BE ALLOWED IN THE CLAIMED AMOUNTS

29.    Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust verified that each holder of an Allow in Full Claim listed on Exhibit D to the Proposed Order is a Borrower and that there is no basis apparent from a facial review of the proofs of claim to object to the allowance of these claims.  Accordingly, the Borrower Trust requests that this Court allow the Allow in Full Borrower Claims as general unsecured claims in the amount listed under the heading "*Allowed Claim Amount*" against the Debtor set forth under the heading "*Asserted Debtor Name*" on Exhibit D.  See Lathrop Declaration ¶ 14.

## NOTICE

30.    The Borrower Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Borrower Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

31.    No previous request for the relief sought herein as against the holders of the Redesignate and Allow Borrower Claims, the Reclassify and Allow Borrower Claims, the

9

Redesignate, Reclassify and Allow Claims, or the Allow in Full Borrower Claims have been made by the Borrower Trust to this or any other court.

## **CONCLUSION**

WHEREFORE, the Borrower Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  March 23, 2016
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

10

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS ((I) REDESIGNATE AND ALLOW BORROWER CLAIMS, (II) RECLASSIFY AND ALLOW BORROWER CLAIMS, (III) REDESIGNATE, RECLASSIFY AND ALLOW BORROWER CLAIMS, AND (IV) ALLOW IN FULL BORROWER CLAIMS)

Upon the Ninety-Third omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), modifying and allowing (i) the Redesignate and Allow Borrower Claims, (ii) the Reclassify and Allow Borrower Clams, and (iii) the Redesignate, Reclassify and Allow Borrower Claims, and allowing the Allow in Full Borrower Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Sara Lathrop in Support of the ResCap Borrower Claims Trust's Ninety-Third Omnibus Objection To Claims ((I) Redesignate and Allow Borrower Claims, (II) Reclassify and Allow Borrower Claims, (III) Redesignate, Reclassify And Allow Borrower Claims, and (IV) Allow in Full Borrower Claims)*, annexed thereto as <u>Exhibit 2</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, and the Trust's constituents, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each claim listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Redesignate and Allow Borrower Claims</u>") is redesignated against the Debtor set forth on <u>Exhibit A</u> under the column heading "*Modified Debtor Name*" and allowed in the amount and priority set forth on <u>Exhibit A</u> under the column heading "*Claim Amount*"; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent ("<u>KCC</u>"), is directed to reflect on the Claims Register that the Redesignate and Allow Borrower Claims are allowed in the amount and priority set forth on <u>Exhibit A</u> under the heading "*Claim Amount*" against the Debtor set forth on <u>Exhibit A</u> under the column heading "*Modified Debtor Name*"; and it is further

2

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each claim listed on Exhibit B attached hereto (the "Reclassify and Allow Borrower Claim") is reclassified and allowed as a general unsecured claim as set forth on Exhibit B under the column heading "*Modified Claim Amount*"; and it is further

ORDERED that KCC, is directed to reflect on the Claims Register that the Reclassify and Allow Borrower Claims are allowed as general unsecured claims; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each claim listed on Exhibit C attached hereto (the "Redesignate, Reclassify and Allow Borrower Claim") is redesignated against the Debtor set forth on Exhibit C under the column heading "*Modified Debtor Name*" and reclassified and allowed as a general unsecured claim as set forth on Exhibit C under the column heading "*Modified Claim Amount*"; and it is further

ORDERED that KCC, is directed to reflect on the Claims Register that the Redesignate, Reclassify and Allow Borrower Claims are allowed in the amount and priority set forth on Exhibit C under the heading "*Modified Claim Amount*" against the Debtor set forth on Exhibit C under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each claim listed on Exhibit D attached hereto (collectively, the "Allow in Full Borrower Claims") is allowed against the Debtor set forth on Exhibit D under the column heading "*Asserted Debtor Name*" as a general unsecured claim as set forth on Exhibit D under the column heading "*Asserted Claim Amount*"; and it is further

ORDERED that KCC, is directed to reflect on the Claims Register that the Allow in Full Borrower Claims are allowed as general unsecured claims set forth on Exhibit D under

the heading "*Asserted Claim Amount*" against the Debtor set forth on <u>Exhibit D</u> under the column heading "*Asserted Debtor Name*"; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim that is not identified in this Order or listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, or <u>Exhibit D</u> annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim that is not identified in this Order or listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, or <u>Exhibit D</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, or <u>Exhibit D</u> annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  _____, 2016
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1223048

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A - NINETY-THIRD OMNIBUS OBJECTION - REDESIGNATE AND ALLOW BORROWER CLAIMS

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Debtor Name and Case Number | Reason for Redesignation |
|---|---|---|---|---|---|---|
| Sheila La Rue and Cal State 10683 Alto Sierra Dr Grass Valley, CA 95949 | 3885 | 11/9/2012 | $7,912.86 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Daniel ORourke and Tina Orourke 5760 Sunset Ave. NE Bremerton, WA 98311 | 4835 | 11/15/2012 | $7,760.00 General Unsecured | Residential Capital, LLC 12-12020 | Homecomings Financial, LLC 12-12042 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with Homecomings Financial, who serviced the loan. |
| Kenneth J. and Marjorie Canty 2707 Hughes St Smyra, GA 30080 | 2369 | 11/5/2012 | $4,953.55 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Debtor Name and Case Number | Reason for Redesignation |
|---|---|---|---|---|---|---|
| James Getzinger 2575 Peachtree Rd NE #15A Atlanta, GA 30305 | 3512 | 11/7/2012 | $4,792.10 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Candy Shively 1407 Viscaya Pkwy # 2 Cape Coral, FL 33990 | 1672 | 10/25/2012 | $3,000.00 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Ronald Jerome Cordonnier 4400 Shandwick Drive, Apt 123 Antelope, CA 95843 | 1237 | 10/15/2012 | $2,645.00 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| James Pennaz 957 Kauka Place Honolulu, HI 96825 | 1679 | 10/25/2012 | $2,467.82 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Debtor Name and Case Number | Reason for Redesignation |
|---|---|---|---|---|---|---|
| Kenneth Ferrier and Michelle Ferrier PO Box 390093 Keauhou, HI 96739 | 3791 | 11/8/2012 | $2,237.05 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Michael G. Weiss 1075 90th St NE Monteicello, MN 55362 | 1919 | 10/29/2012 | $1,981.70 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| William M. Velotas and Barbara M. Velotas 5803 Boyce Springs Houston, TX 77066 | 3543 | 11/7/2012 | $1,744.17 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| April M. Lowe 11 Negus Street Webster, MA 1570 | 2127 | 11/2/2012 | $1,537.16 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Debtor Name and Case Number | Reason for Redesignation |
|---|---|---|---|---|---|---|
| Martha R & David J Petty 8864 SE Jardin Street Hobe Sound, FL 33455 | 6449 | 2/19/2013 | $1,400.00 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Audrey Mills 3815 W. Saint Joseph Street Lansing, MI 48917 | 857 | 9/28/2012 | $1272.01 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Thomas S. Lee 1214 Devonshire Dr Sumter, SC 29154 | 1727 | 10/26/2012 | $945.15 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Florence Anne & Michael P Barry 359 Ridge Road Watchung, NJ 7069 | 1976 | 10/29/2012 | $857.28 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Debtor Name and Case Number | Reason for Redesignation |
|---|---|---|---|---|---|---|
| Marsha Muwwakkil 6314 Homeview Dr. Houston, TX 77049 | 4160 | 11/9/2012 | $750 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Robert Earl Smith 840 Daniel Moss Road Coahoma, MS 38617 | 2364 | 11/5/2012 | $711.82 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Roger A. Olsen 2909 Duncan Drive Missoula, MT 59802 | 4014 | 11/9/2012 | $652 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |
| Molly Jane Essama 2121 Coronago Parkway Denver, CO 80229 | 4365 | 11/9/2012 | $500 General Unsecured | Residential Capital, LLC 12-12020 | GMAC Mortgage, LLC 12-12032 | Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability, that liability, if any, is with GMAC Mortgage who serviced the loan. |

**<u>Exhibit B</u>**

In re RESIDENTIAL CAPITAL, LLC et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B- NINETY-THIRD OMNIBUS OBJECTION - RECLASSIFY AND ALLOW BORROWER CLAIMS

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Claim Amount | Reason for Reclassification |
|---|---|---|---|---|---|---|
| Beverly A. Blake 210 C.L. Bradford St. Pineville, LA 71360 | 1457 | 10/22/2012 | $26,000.00 Priority | Homecomings Financial, LLC 12-12042 | $26,000.00 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow this claim as a "priority unsecured" claim and it should be labeled as an unsecured claim. |
| Shirley S. Washington 2312 Old Military Rd Mobile, AL 36605 | 2170 | 11/5/2012 | $20,494.92 Secured | Homecomings Financial, LLC 12-12042 | $20,494.92 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow this claim as a secured claim and it should be labeled as an unsecured claim. |
| Peter Tesoro 2337 Rosedale Curve Upland, CA 91784 | 773 | 9/27/2012 | $6,000 Secured | GMAC Mortgage, LLC 12-12032 | $6,000 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow this claim as a secured claim and it should be labeled as an unsecured claim. |
| Sandra Staddard 4209 40th Ct N Birmingham, AL 35217 | 785 | 9/27/2012 | $2,600.00 Priority | GMAC Mortgage, LLC 12-12032 | $2,600.00 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow this claim as a "priority unsecured" claim and it should be labeled as an unsecured claim. |
| Monifa Jamila Ajanaku 1020 Rayner St Memphis, TN 38114 | 7288 | 10/16/2012 | $792.72 Secured $1,530.36 General Unsecured | GMAC Mortgage, LLC 12-12032 | $2,323.08 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow any portion of this claim as a secured claim and it should be labeled as a wholly unsecured claim. |

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Claim Amount | Reason for Reclassification |
|---|---|---|---|---|---|---|
| Fred Colosimo and Harvey S. Lucas 43 Martingale E. Bluffton, SC 29910 | 2121 | 11/2/2012 | $2,000.00 Secured | GMAC Mortgage, LLC  12-12032 | $2,000.00 General Unsecured | After review of the Claim, there does not appear to be a valid basis to allow this claim as a secured claim and it should be labeled as an unsecured claim. |

**Exhibit C**

In re RESIDENTIAL CAPITAL, LLC et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C - NINETY-THIRD OMNIBUS OBJECTION - MODIFY - REDESIGNATE, RECLASSIFY AND ALLOW CLAIMS (BORROWER CLAIMS)

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Modified Claim Amount | Modified Debtor Name and Case Number | Reason for Reclassification and Redesignation |
|---|---|---|---|---|---|---|---|
| Sarah Joy Patrick 3618 Dunlap Fields Converse, TX 78109 | 2665 | 11/6/2012 | $4,000 Secured | Residential Capital, LLC 12-12020 | $4,000 General Unsecured | GMAC Mortgage, LLC 12-12032 | After review of the Claim, there does not appear to be a valid basis to allow this claim as a secured claim and it should be labeled as an unsecured claim. Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability that liability, if any, is with GMAC Mortgage, LLC who serviced the loan. |
| Wendell & Mary Bricker 305 Whippoorwill Road Seymour, MO 65746 | 2208 | 11/5/2012 | $1,565.16 Secured | Residential Capital, LLC 12-12020 | $1,565.16 General Unsecured | GMAC Mortgage, LLC 12-12032 | After review of the Claim, there does not appear to be a valid basis to allow this claim as a secured claim and it should be labeled as an unsecured claim. Residential Capital, LLC did not originate or service this loan and cannot be liable. To the extent there is liability that liability, if any, is with GMAC Mortgage, LLC who serviced the loan. |

**<u>Exhibit D</u>**

In re RESIDENTIAL CAPITAL, LLC et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D NINETY-THIRD OMNIBUS OBJECTION - ALLOW IN FULL CLAIMS (BORROWER CLAIMS)

| Name of Claimant | Claim Number | Date Filed | Asserted Debtor Name | Asserted Case Number | Allowed Claim Amount | |
|---|---|---|---|---|---|---|
| Juan Carlos Mendoza<br>1057 SW Janar Ave<br>Port St. Luci, FL 34953 | 3891 | 11/8/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $27,000.00 | General Unsecured |
| Brisbin Skiles<br>6700 Oakshore Dr #104<br>Panama City, FL 32404 | 4428 | 11/9/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $25,000.00 | General Unsecured |
| B. Scott Skillman, P.C.<br>318 S 5th St<br>Terre Haute, IN 47807 | 523 | 9/17/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $18,000.00 | General Unsecured |
| Howze, Lemays &Jones-Howze<br>438 Starcrest Circle<br>Rock Hill, SC 29730 | 1437 | 10/22/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $13,680.60 | General Unsecured |
| Carla Jo Timm<br>228 N. Oine St<br>Niangua, MO 65713 | 4563 | 11/13/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $10,764.00 | General Unsecured |
| William Mask<br>PO Box 29735<br>Oakland, CA 94604 | 1196 | 10/12/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $8,000.00 | General Unsecured |

| Name of Claimant | Claim Number | Date Filed | Asserted Debtor Name | Asserted Case Number | Allowed Claim Amount | |
|---|---|---|---|---|---|---|
| Mario Montoya<br>38803 Carolside Ave<br>Palmdale, CA 93550 | 4959 | 11/15/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $6,000.00 | General Unsecured |
| James Cecil, Norma Cecil,<br>and Bert Edwards<br>119 S 7th St 200<br>Louisville, KY 40202 | 712 | 9/24/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $5,000.00 | General Unsecured |
| Michael Ethier<br>2060 Walden Ct<br>Flint, MI 48532 | 1521 | 10/22/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $5,000.00 | General Unsecured |
| Phillip Spears<br>8107 Rustic Terrace<br>San Antonio, TX 78249 | 3629 | 11/8/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $5,000.00 | General Unsecured |
| Michael and Darcie<br>Lampman<br>3314 Monticello Ave<br>Waterloo, IA 50701 | 2413 | 11/6/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,969.96 | General Unsecured |
| Emilio Perez<br>246 E Main St<br>Pahokee, FL 33476 | 6769 | 2/27/2013 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,748.50 | General Unsecured |
| James and Nancy Herman<br>3023 N Clark St<br>Chicago, IL 60657 | 1653 | 10/23/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,731.53 | General Unsecured |

| Name of Claimant | Claim Number | Date Filed | Asserted Debtor Name | Asserted Case Number | Allowed Claim Amount | |
|---|---|---|---|---|---|---|
| Crystal Johnson<br>2802 Knox Street SE<br>Washington DC 20020 | 1484 | 10/22/2012 | Ditech, LLC | 12-12021 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,600.00 | General Unsecured |
| James and Nancy Herman<br>3023 N Clark St<br>Chicago, IL 60657 | 1654 | 10/23/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,570.70 | General Unsecured |
| Jefferey and Mary Jane Powell<br>27420 Rolling Hills Dr<br>Maryville, MO 64468 | 1966 | 10/29/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,560.90 | General Unsecured |
| Nelli A Kasparova<br>13230 10th Ave S<br>Burian, WA 98168 | 3547 | 11/8/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,495.00 | General Unsecured |
| Thomas H Martin and Catherine D Martin<br>92 Moraine St<br>Jamaica Plain, MA 02130 | 4401 | 11/9/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $2,028.49 | General Unsecured |
| Julie Riggins<br>10317 Pleasant Hill Church Rd<br>Siler City, NC 27344 | 1321 | 10/16/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $1,738.00 | General Unsecured |
| Dianne H Bowden<br>46 Tyro Rd<br>Holly Springs, MS 38635 | 2022 | 11/1/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $1,599.18 | General Unsecured |

| Name of Claimant | Claim Number | Date Filed | Asserted Debtor Name | Asserted Case Number | Allowed Claim Amount | |
|---|---|---|---|---|---|---|
| Law Office of Gary A Leaf 3345 Wilshire Blvd Ste 911 Los Angeles, CA 90010 | 3747 | 11/8/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $1,409.00 | General Unsecured |
| Ashley L Thurman 1015 Alexander Myers Rd Florence, MI 39073 | 1960 | 10/29/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $1,315.55 | General Unsecured |
| Richard G. Kaschak PO Box 6031 Pine Mt. Club, CA 93222 | 437 | 8/27/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $995.78 | General Unsecured |
| Robert J Ottoway 4210 West Lupine Ave Phoenix, AZ 85029 | 1135 | 10/10/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $953.76 | General Unsecured |
| Guardianship of Amelia Gaston 2655 Lejeunne Rd Ste 804 Corla Gables, FL 33134 | 1434 | 10/22/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $952.19 | General Unsecured |
| George M Daniels and Lori T Daniels 8218 Foldenauer Dr Hartland, MI 48843 | 4560 | 11/13/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $854.53 | General Unsecured |
| Carl Wiesener 4961 Murray Johnson Rd Conway, SC 29526 | 3836 | 11/8/2012 | Homecomings Financial | 12-12042 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $500.00 | General Unsecured |

| Name of Claimant | Claim Number | Date Filed | Asserted Debtor Name | Asserted Case Number | Allowed Claim Amount | |
|---|---|---|---|---|---|---|
| Marie J Dimitrijevic<br>1204 Goodrich<br>Lansing, MI 48910 | 859 | 9/28/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $260.00 | General Unsecured |
| Paul G Power<br>12 Redspire Dr<br>Union, NJ 7083 | 1186 | 10/12/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $211.67 | General Unsecured |
| Diana Conley<br>1106 Bishop Ave<br>Hamilton, OH 45015 | 2407 | 11/5/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $166.41 | General Unsecured |
| Gloria Wirth<br>917 West Strahan Drive<br>Tempe, AZ 85283 | 4469 | 11/13/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $86.34 | General Unsecured |
| Cara Negri<br>6946 Bertand Ave<br>Reseda, CA 91335 | 2214 | 11/5/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $78.55 | General Unsecured |
| Edward Delgado Jr<br>404 Stonehedge Place<br>San Marcos, CA 92069 | 650 | 9/24/2012 | GMAC Mortgage, LLC | 12-12032 | $0.00 | Administrative Priority |
| | | | | | $0.00 | Administrative Secured |
| | | | | | $0.00 | Secured |
| | | | | | $0.00 | Priority |
| | | | | | $12.00 | General Unsecured |

**<u>Exhibit 2</u>**

**Lathrop Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )    Chapter 11
                                              )
                        Debtors.              )    Jointly Administered
                                              )
-------------------------------------------------------------

**DECLARATION OF SARA LATHROP IN SUPPORT OF RESCAP BORROWER
CLAIMS TRUST'S NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS ((I)
REDESIGNATE AND ALLOW BORROWER CLAIMS, (II) RECLASSIFY AND
ALLOW BORROWER CLAIMS, (III) REDESIGNATE, RECLASSIFY AND ALLOW
BORROWER CLAIMS, AND (IV) ALLOW IN FULL BORROWER CLAIMS)**

I, Sara Lathrop, hereby declare as follows:

1.       I serve as Senior Claims Analyst for the ResCap Borrower Claims Trust

(the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter*

*11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured*

*Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases.  During the

Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in

the loan servicing department of Residential Capital, LLC ("ResCap"), a limited liability

company organized under the laws of the state of Delaware and the parent of the other debtors in

the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I began my association with

ResCap in June 2006 working as an associate in the Default Division of the loan servicing

operation of GMAC Mortgage, LLC ("GMACM").  In 2008, I became a Default Quality Control

Specialist, a position that I held until I became a Supervisor in the Default Division in 2009.  In

2011, I became a Supervisor in the Loss Mitigation Division of GMACM's loan servicing

operation, and in February 2012, I became a Manager in that division.  In this role, I oversaw

GMACM associates in their efforts to provide borrowers with loss mitigation options and

assisted in the development of GMACM's loss mitigation policies. In January of 2013, I became the Regulatory Compliance Manager for ResCap. I became Senior Claims Analyst for ResCap in July 2013 and continued in this role when the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") was established in December 2013. In my current position as Senior Claims Analyst to the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *ResCap Borrower Claims Trust's Ninety-Third Omnibus Objection To Claims ((I) Redesignate and Allow Borrower Claims, (II) Reclassify and Allow Borrower Claims, (III) Redesignate, Reclassify And Allow Borrower Claims, and (IV) Allow in Full Borrower Claims)* (the "<u>Objection</u>").[2]

       2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

       3.       In my capacity as Senior Claims Analyst, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases with regard to Borrower Claims. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

ny-1223040

Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed to the Proposed Order.  Since the Plan became effective and the Borrower Trust was established, I, along with members of the Liquidating Trust's management or employees of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or Liquidating Trust personnel, and the Liquidating Trust's and the Borrower Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

### The Redesignate and Allow Borrower Claims

4.      At my direction and with my oversight, the Liquidating Trust, in support of the Borrower Trust, and I thoroughly reviewed the Redesignate and Allow Borrower Claims listed on Exhibit A to the Proposed Order, together with information contained within the Debtors' books and records.

5.      These efforts led to the conclusion that each Redesignate and Allow Borrower Claim identified on Exhibit A attached to the Proposed Order was filed against the

incorrect Debtor.  In their proofs of claim, holders of the Redesignate and Allow Borrower Claims have asserted claim amounts related to their mortgage loans against Residential Capital, LLC ("ResCap").  The Borrower Trust determined that ResCap was neither the originator nor servicer of any of the mortgage loans that formed the basis for the Redesignate and Allow Borrower Claims.  Rather, such claims should be asserted against a different Debtor in the claimed amount.

6.      The Debtor listed on Exhibit A under the column heading "*Modified Debtor Name*" represents the Debtor that is potentially liable for the Redesignate and Allow Borrower Claims as the Debtor that was either the servicer or originator of the underlying mortgage loan.

7.      The Borrower Trust verified that each holder of a Redesignate and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, the Borrower Trust requests that this Court modify and allow each such Redesignate and Allow Borrower Claim against the corresponding Debtor listed on Exhibit A under the column heading "*Modified Debtor Name*".

## The Reclassify and Allow Borrower Claims

8.      At my direction and with my oversight, the Liquidating Trust, in support of the Borrower Trust, and I reviewed the Reclassify and Allow Borrower Claims, together with information contained within the Debtors' books and records.  These efforts led to the conclusion that the Reclassify and Allow Borrower Claims identified on Exhibit B attached to the Proposed Order improperly assert secured and/or administrative priority status for all or a portion of such claim where such proofs of claim do not contain any valid basis for treatment as a secured and/or administrative priority claim.

4

9.      To allow the Reclassify and Allow Borrower Claims to be treated as priority or secured claims would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

10.     The Borrower Trust verified that each holder of a Reclassify and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the Borrower Trust requests that this Court reclassify and allow the Reclassify and Allow Borrower Claims as general unsecured claims.

## The Redesignate, Reclassify and Allow Borrower Claims

11.     At my direction and with my oversight, the Liquidating Trust, in support of the Borrower Trust, and I reviewed the Redesignate, Reclassify and Allow Borrower Claims, together with information contained within the Debtors' books and records.  These efforts led to the conclusion that the Redesignate, Reclassify and Allow Borrower Claims identified on Exhibit C attached to the Proposed Order improperly assert secured status for such claim where such proofs of claim do not contain any valid basis for treatment as a secured claim.

12.     The Borrower Trust's efforts also led to the conclusion that the Redesignate, Reclassify and Allow Claims identified on Exhibit C attached to the Proposed Order were filed against the incorrect Debtor.   In their proofs of claim, holders of the Redesignate and Allow Borrower Claims have asserted claim amounts related to their mortgage loans against ResCap.  The Borrower Trust determined that ResCap was neither the originator nor servicer of any of the mortgage loans that formed the basis for the Redesignate and Allow Borrower Claims (nor could it have been). Rather, Debtor GMAC Mortgage LLC ("GMACM")

5

was the servicer of the underlying mortgage loan and therefore is potentially liable for such claims.

13.     The Borrower Trust verified that each holder of a Redesignate, Reclassify, and Allow Claim is a Borrower and that such claims are not facially invalid.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code and ensure that each claim is asserted against the correct Debtor, the Borrower Trust request that this Court reclassify the Redesignate, Reclassify and Allow Borrower Claims as general unsecured claims on the Claims Register and allow each such Reclassify, Redesignate, and Allow Claim against GMACM.

### The Allow In Full Borrower Claims Should Be Allowed In The Claimed Amounts

14.     Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust verified that each holder of an Allow in Full Claim listed on Exhibit D to the Proposed Order is a Borrower and that there is no basis apparent from a facial review of the proofs of claim to object to the allowance of these claims.  Accordingly, the Borrower Trust requests that this Court allow the Allow in Full Borrower Claims as general unsecured claims in the amount listed under the heading "*Allowed Claim Amount*" against the Debtor set forth under the heading "*Asserted Debtor Name*" on Exhibit D.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 23, 2016

 /s/ Sara Lathrop
Sara Lathrop
Senior Claims Analyst for ResCap
Borrower Claims Trust

ny-1223040