UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

RESIDENTIAL CAPITAL LLC, et al.,

                    Debtors.
_____

OCWEN LOAN SERVICING, LLC,

                    Plaintiff,

            vs.

THE RESCAP LIQUIDATING TRUST,
a Delaware Statutory Trust,

                  Defendant.
---------------------------------------------------------------X

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

Adv. Pro. No. 14-02388 (MG)

## **STIPULATION AND ORDER APPOINTING MEDIATOR**

This stipulation and order ("Stipulation") is entered into by and between The ResCap Liquidating Trust, as successor to the Debtor, Residential Capital LLC ("ResCap") and Ocwen Loan Serving, LLC ("Ocwen") (ResCap and Ocwen referred to collectively as the "Parties"), concerning the appointment of a mediator ("Mediator") to assist the Parties in resolving the above-captioned Adversary Proceeding.

WHEREAS, the Parties believe that the appointment of a Mediator will aid in resolution of the Adversary Proceeding; and

WHEREAS, the Parties intend to request that the Court consider this Stipulation and enter the same as an Order of the Court as soon as reasonably practicable; and

NOW THEREFORE, it is hereby stipulated and agreed by the Parties, through their respective counsel, as follows:

1. Upon approval and entry of this Stipulation as an Order of the Court, the Hon. Allan L. Gropper (Ret.) shall be appointed as Mediator.

2. The Parties shall confer with the Mediator to establish procedures and timing of the mediation.

3. Without limiting the applicability of Local Rule 9019-1 or General Order M-452, all (a) discussions among any of the Parties, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator or exchanged between the Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation (collectively, the "Mediation Information") shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no Party to the Mediation, whether a direct participant, a member of a committee or group, or counsel for any Party, shall in any way disclose any of the Mediation Information to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, unless such Mediation Information was independently available and not subject to a separate confidentiality agreement that would prevent its disclosure, or such disclosure is ordered by this Court.

4. To the extent that any Party is in possession of privileged or confidential information provided to such Party pursuant to the terms and conditions of a confidentiality agreement executed, or an order of this Court entered, in

connection with these Chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to the other Party or any other party.

5. For the avoidance of doubt, to the extent any part of this Stipulation shall conflict with Local Rule 9019-1 or General Order M-452, the terms and provisions of this Stipulation shall govern.

6. The Mediator's reasonable fees and expenses shall be allocated and paid equally between and by the Parties. Payment arrangements reasonably satisfactory to the Mediator must be completed on or prior to the commencement of the Mediation.

7. The Parties' counsel shall jointly contact the Mediator to discuss the Mediation. The Mediation will be scheduled so that it can be commenced prior to April 29, 2016 and continuing until deemed concluded by the Mediator or the Parties.

8. The Mediator shall have discretion with respect to requiring mediation statements from and the exchange of such statements between the Parties, and with respect to any page limitations. The Mediator may also require the Parties to provide the Mediator relevant papers and exhibits as well as a settlement proposal, which shall be confidential between the submitting party and the Mediator unless the submitting party otherwise agrees.

9. The Parties shall participate in the Mediation in good faith and with a view toward reaching a consensual resolution. The Mediation shall be attended by at least one representative of each of Party with settlement authority and their respective counsel.

10. Within ten (10) days after the conclusion of the Mediation, the Mediator shall file a report (Mediator's Report"), which shall be limited to stating only (i) whether the matter settled or did not settle; (ii) the date or dates the Mediation took place; and (iii) the names of the Parties and/or counsel who attended.

11. If the matter does not settle, the Parties shall promptly meet and confer about discovery that may be needed and schedule a case management conference.

12. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms of this Stipulation shall be in full force and effect upon its entry as an Order by the Court.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of the Stipulation.

| **HUNTON & WILLIAMS LLP** | **MORRISON & FOERSTER LLP** |
|---|---|
| BY: /S/ PATRICK L. ROBSON<br>Patrick L. Robson<br>Joseph J. Saltarelli<br>200 Park Avenue, 52nd Floor<br>New York, N.Y. 10166-0136 | By: /S/ JAMIE A. LEVITT<br>Jamie A Levitt<br>Todd M. Goren<br>250 West 55th Street<br>New York, New York 10019 |
| *Attorneys for Ocwen Loan Servicing, LLC* | *Attorneys for The ResCap Liquidating Trust* |

**IT IS SO ORDERED**

Dated: New York, New York
       March ___, 2016

_____
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

53269.000769 EMF_US 59643055v2