**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | NOT FOR PUBLICATION<br><br>Case No. 12-12020 (MG)<br><br>(Jointly Administered) |
| Shelley von Brincken<br>                 Plaintiff,<br><br>v.<br><br>GMAC Mortgage, LLC, ETS Services, LLC, Ocwen Loan Servicing LLC, and Does 1-20,<br><br>                 Defendants. | Adv. Pro. Case No. 13-01436 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS
ADVERSARY COMPLAINT AND SUSTAINING OBJECTION TO
<u>CLAIM NO. 441 FILED BY SHELLEY VON BRINCKEN</u>**

*A P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Attorneys for ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:   Jordan A. Wishnew, Esq.
         Erica J. Richards, Esq.

SHELLEY VON BRINCKEN
*Pro Se*
P.O. Box 2362
Grass Valley, California 95945
By:   Shelley von Brincken

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court are two motions to dismiss (together, the "Motions to

Dismiss"): (1) the *Motion to Dismiss First Amended Complaint Pursuant to Bankruptcy Rule*

1

*7012* (the "Ocwen Motion to Dismiss," ECF Doc. # 23), filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") and (2) the *Joint Motion of ResCap Liquidating Trust and ResCap Borrower Claims Trust for (I) Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(6) and (II) Disallowance of Proof of Claim Number 441 Filed by Plaintiff* (the "Trust Motion to Dismiss," ECF Doc. # 24), filed by the ResCap Liquidating Trust (the "Liquidating Trust") and the ResCap Borrower Claims Trust (the "Borrower Trust," and, together with the Liquidating Trust, the "Trusts").[1]  Accompanying the Ocwen Motion to Dismiss is the *Request for Judicial Notice* (the "Request for Judicial Notice," ECF Doc. # 23-1). Defendants Ocwen and the Trusts seek to dismiss the amended adversary complaint (the "Amended Adversary Complaint," ECF Doc. # 15) of *pro se* plaintiff Shelley von Brincken (the "Plaintiff" or "von Brincken") for failure to state a claim upon which relief can be granted. Additionally, the Trust Motion to Dismiss seeks the disallowance of proof of claim number 441 (the "Claim") filed by Plaintiff.

Von Brincken opposed the Motions to Dismiss.  *See Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint and Plaintiff's Objection to Defendant's Request for Judicial Notice* (the "Opposition," ECF Doc. # 26).  Ocwen and the Trusts each filed a reply ("Ocwen Reply," ECF Doc. # 27; "Trust Reply," ECF Doc. # 28).  The parties entered into the *Joint Stipulation and Scheduling Order* (ECF Doc. # 22) providing that the Motions to Dismiss and the objection to the Claim would be resolved at a single, consolidated hearing.

For the reasons discussed below, (i) the Motions to Dismiss are **GRANTED** and the Amended Adversary Complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted and (ii) the Claim is **DISALLOWED** and **EXPUNGED**.

---

[1] The Trust Motion to Dismiss is supported by the declaration of Kathy Priore (the "Priore Declaration," ECF Doc. # 24-1).

2

## I. BACKGROUND

### A. Bankruptcy Case Background

#### 1. General Overview

On May 14, 2012, each of the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. (Trust Mot. to Dismiss ¶ 4.) At the time the Debtors filed these chapter 11 cases, Residential Capital, LLC ("ResCap") and GMAC Mortgage, LLC ("GMACM") were parties to a consent order dated April 13, 2011 with the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation (the "FRB Consent Order). (*Id.* ¶ 5.)

The Court approved the sale of the Debtors' mortgage loan servicing platform to Ocwen on November 21, 2012, and the sale closed on February 15, 2013. (*Id.* ¶ 6–7.) The Debtors' chapter 11 plan, as amended (the "Plan," ECF Doc. # 6065), was approved on December 11, 2013. (*Id.* ¶ 8.) On December 17, 2013, the Plan became effective and, among other things, the Borrower Trust and the Liquidating Trust were established. (*Id.*) The Liquidating Trust is vested with broad authority over post-confirmation liquidation—it is "authorized to make distributions and other payments in accordance with the Plan and Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates." (*Id.* ¶ 9 (citing Plan At. VI.A-D).)

The Plan also provides for the creation and implementation of the Borrower Trust, established for the benefit of the Borrowers who filed Borrower Claims (as such terms as defined in the Plan) that are ultimately allowed either through settlement or pursuant to an order of the Court. (*Id.* ¶ 10 (citing Plan Art. IV.F).)

2. Claim Background

On May 16, 2012, the Court entered an order appoint Kurtzman Carson Consultants ("KCC") as the notice and claims agent in these chapter 11 cases. (*Id.* ¶ 11.) KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claims filed in these chapter 11 cases and (b) maintain the official claims register for the Debtors (the "Claims Register"). (*Id.*) On August 29, 2012, the Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claims in these chapter 11 cases. (*Id.* ¶ 12.)

On March 21, 2013, the Court entered an order (the "Procedures Order," ECF Doc. # 3294) approving procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "Borrower Claims," and the procedures relating thereto, the "Borrower Claims Procedures"). (*Id.* ¶ 13.) The Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. (*Id.*)

On June 21, 2013, the Debtors sent Plaintiff a request letter (the "Request Letter") pursuant to the Borrower Claims Procedures. (*Id.* ¶ 14 (citing Priore Decl. ¶ 20).)

**B.    Events Preceding the Adversary Proceeding**

1. Origination and Foreclosure of Plaintiff's Loan

Plaintiff was a borrower under a mortgage loan (the "Loan) originated by Mortgageclose.com, Inc. (the "Lender") on or about January 14, 2009. (*Id.* ¶ 15 (citing Priore Decl. ¶ 7).) The Loan was evidenced by a note in the amount of $220,000 (the "Note") secured by real property located at 14738 Wolf Road, Grass Valley, California 95949 (the "Property") pursuant to a deed of trust (the "Deed of Trust") executed contemporaneously with the Note. (*Id.*) Non-Debtor GMAC Bank purchased the loan from the Lender. (*Id.*) GMACM purchased

4

the Loan from GMAC Bank and transferred its interest to the Federal National Mortgage Association ("Fannie Mae"). (*Id.*)

After Plaintiff defaulted on the Loan, GMACM, acting in its capacity as a servicer on behalf of Fannie Mae, initiated a non-judicial foreclosure of the Property. (*Id.* ¶ 16 (citing Priore Decl. ¶ 8).) The trustee's sale occurred on August 31, 2010; Fannie Mae was the successful bidder. (*Id.*)

On February 15, 2013, servicing of the Loan was transferred to Ocwen. (*Id.* ¶ 17.) On September 20, 2013, Fannie Mae sold the Property to a third party, Wolf Creek Associates. (*Id.* ¶ 18.)

2. Prior Litigation

a. *2010 Action*

On August 10, 2010, Plaintiff, acting *pro se*, filed a complaint (the "2010 Action") in the District Court for the Eastern District of California (the "California District Court"), entitled *Shelley von Brincken v. Mortgageclose.com, Inc. et al.*, Case No. 2:10-cv-02153, against the Lender and Debtor Executive Trustee Services, LLC ("ETS") asserting claims arising out of allegations of predatory lending, fraud and wrongful foreclosure. (*Id.* ¶ 19.) On September 1, 2010, Plaintiff filed an amended complaint adding GMACM as a defendant to the 2010 Action. (*Id.* ¶ 20.)

On February 16, 2011, Plaintiff filed a second amended complaint (the "Second Amended 2010 Complaint") in the 2010 Action, asserting numerous claims. (*Id.* ¶ 21.)[2] On June 30, 2011, the California District Court dismissed all counts (the "2010 Dismissal Order") of

---

[2]   The Second Amended 2010 Complaint asserted claims for: violations of the Homeowners Equity Protection Act ("HOEPA"), Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Fair Credit Reporting Act; fraudulent misrepresentation; breach of fiduciary duties; unjust enrichment; civil conspiracy; civil RICO violations; quiet title; usury and fraud; wrongful foreclosure; and breach of security instrument. (*Id.* ¶ 21.)

5

the Second Amended 2010 Complaint with prejudice pursuant to Fed R. Civ. P. 12(b)(6). (*Id.* ¶ 22.) Plaintiff did not appeal the 2010 Dismissal Order. (*Id.* ¶ 23.)

### b. 2011 Action

After the foreclosure occurred in 2011, Plaintiff filed suit in the Nevada County Superior Court entitled *Shelley von Brincken v. Federal National Mortgage Association, et at.*, Case No. 78503.[3] (Ocwen Mot. to Dismiss at 5.) The suit alleged that the foreclosure was void and should be rescinded. (*Id.*) Fannie Mae demurred on the ground that the complaint failed to state a claim and was barred by res judicata. (*Id.*) Plaintiff did not oppose Fannie's Mae motion to dismiss, and the court dismissed the complaint with respect to Fannie Mae. (*Id.*)

### c. 2012 Action

On June 25, 2012, Plaintiff filed a complaint (the "FDCPA Complaint") in the California District Court, Case No. 2:12-cv-1689 (the "FDCPA Action") against GMACM, Mortgage Electronic Registration Systems, Inc. ("MERS"), Fannie Mae, and Fannie Mae's counsel in a previous action, Pite Duncan LLC. (Trust Mot. to Dismiss ¶ 24.) The FDCPA Complaint asserted claims for violations of the federal Fair Debt Collection Practices Act (the "FDCPA") based upon foreclosure of the Plaintiff's Loan. (*Id.*)

On February 21, 2013, the California District Court dismissed the FDCPA Complaint against all defendants upon a finding that the Plaintiff failed to show: (1) that the defendants were debt collectors within the meaning of the FDCPA, and (2) that the defendants engaged in debt collection activity. (*Id.* ¶ 25.) Plaintiff did not appeal the dismissal of the FDCPA Action. (*Id.* ¶ 26.)

---

[3]    Ocwen contends that Plaintiff has filed numerous other actions in various venues without any success.

6

        3.      <u>Adversary Proceeding</u>

On August 26, 2013, Plaintiff filed a complaint (the "Initial Adversary Complaint") initiating this adversary proceeding (the "Adversary Proceeding"). (ECF Doc. # 1.) On February 21, 2014, Plaintiff filed the Amended Adversary Complaint.

The Amended Adversary Complaint assets claims arising out of GMACM's alleged violation of the FRB Consent Order based on Plaintiff's contention that: (a) Plaintiff was not in default on her Loan when the foreclosure took place (Am. Adversary Compl. ¶ 15); (b) Plaintiff did not receive adequate notice of the mortgage default as required under claimant's "contract" (*id.*); and (c) GMACM used false instruments to foreclose on the Property (*id.* ¶ 16). In connection with the claims asserted in the Amended Adversary Complaint, Plaintiff is seeking "the entire value of her home" and costs of suit. (*Id.* at 8.)

**C.**      **Proof of Claim**

On August 27, 2012, Plaintiff filed the Claim, asserting a secured claim against GMACM in the amount of $186,940.72 (the amount that Fannie Mae paid for the Property at the trustee's sale). (Trust Mot. to Dismiss ¶ 32.) The Proof of Claim describes the basis for the claim as "Debt Instrument 'Deed of Trust'" and attaches a copy of the Deed of Trust and some correspondence from GMACM regarding the Loan as the only support for the claim. (*Id.*)

Plaintiff supplemented the Claim by a response to the Request Letter (the "Response Letter"), stating that the Claim "is filed based upon a fraudulent and unlawful non-judicial foreclosure that was commenced on the [Property] by GMAC Mortgage, LLC on September 3, 2010." (*Id.* ¶ 33.)

**D. Parties' Arguments**

1. Trusts' Argument

The Trusts contend that the Adversary Proceeding should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. (Trust Mot. to Dismiss ¶ 34.) Additionally, to the extent that the Court determines that the principles of res judicata and collateral estoppel warrant dismissal of the Adversary Proceeding, the Trusts contend that the Court should disallow the Claim, since it is based on the allegations and claims asserted in the Adversary Proceeding, namely, that GMACM wrongfully foreclosed on Plaintiff's Property. The Trusts note that the sole cause of action in the Amended Adversary Complaint is GMACM's alleged violation of the FRB Consent Order. (*Id.* ¶ 39.) However, the FRB Consent order expressly provides that "[n]othing in this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under this Order." (*Id.* (citing FRB Consent Order ¶ 30).) As such, the Trusts contend that the FRB Consent Order cannot be enforced by Plaintiff against GMACM.

Next, the Trusts contend that Plaintiff's claims are barred by res judicata and collateral estoppel. (*Id.* ¶ 40.) The Trusts note that the Amended Adversary Complaint is based on allegations that GMACM wrongfully foreclosed on the Loan; however, the issue whether GMACM wrongfully foreclosed has already been litigated and dismissed on the merits by the California District Court in the 2010 Action. (*Id.*) Therefore, the Trusts contend that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. (*Id.*)

In reply to the Opposition, the Trusts argue that the Opposition fails to respond or rebut the arguments set forth in the Trust Motion to Dismiss. (*See generally* Trust Reply.)

2. Ocwen's Argument

Ocwen moves to dismiss the Amended Adversary Complaint on the ground that it fails to state a claim upon which relief can be granted. Ocwen contends that the Adversary Proceeding is one of many suits by Plaintiff to rescind the foreclosure of the Property and that having lost her claims in multiple courts in California, she now brings her claims to this Court. (Ocwen Mot. to Dismiss at 3.) Ocwen maintains that except for being mentioned in the caption, the complaint contains no allegations concerning Ocwen. Further, Ocwen contends that the issue of the validity of the foreclosure has been conclusively litigated and that, at least twice before, Plaintiff's lawsuits challenging the validity of the foreclosure were dismissed on the merits. (Ocwen Mot. to Dismiss at 4.) Ocwen argues that res judicata bars Plaintiff's claims. (*Id.*)

In its reply to the Opposition, Ocwen contends that the Plaintiff fails to address the issues raised in the Ocwen Motion to Dismiss. (*See generally* Ocwen Reply.)

3. Plaintiff's Opposition

In opposition, Plaintiff objects to the Court's subject matter and/or in personam jurisdiction over all defendant parties—a strange argument, indeed, since Plaintiff initiated this lawsuit.[4] (Opp'n at 3.) Additionally, Plaintiff contends that, presumably Ocwen, has presented matters outside of the pleadings in its Request for Judicial Notice and the "rebutted facts" contained therein. (*Id.* at 5.) Plaintiff argues that the Motions to Dismiss should be treated as motions for summary judgment and that the Plaintiff must be given a reasonable opportunity to present material that is pertinent to the action. (*Id.*)

---

[4]  The Court clearly has core jurisdiction with respect to Plaintiff's claims against the Debtors (included in the Proof of Claim or in the Amended Adversary Complaint), and since Ocwen's liability, if any, would appear to be based in some fashion on the Debtors' alleged conduct, the Court would at least have related-to jurisdiction over the claims (if any had been pleaded) against Ocwen.

9

Additionally, Plaintiff notes that she contends that the defendants have not acquired any right, title or interest in the debt obligation, which she claims creates a disputed issue of fact on standing. (*Id.* at 8.) Plaintiff further contends that the foreclosure was not valid. (*See id.* 8–12.)

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint need only allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

Courts use a two-prong approach when considering a motion to dismiss. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (stating that motion to dismiss standard "creates a 'two-pronged approach' . . . based on '[t]wo working principles'") (quoting *Iqbal*, 556 U.S. at 678–79); *McHale v. Citibank, N.A. (In re 1031 Tax Grp., LLC)*, 420 B.R. 178, 189–90 (Bankr. S.D.N.Y. 2009). First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g.*, *Iqbal*, 556 U.S. at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 556 U.S. at 678). Second, the court must determine if these well-

10

pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

### A.    Motions to Dismiss

The sole cause of action identified in the Amended Adversary Complaint is GMACM's alleged violation of the FRB Consent Order. (*See* Am. Adversary Compl. at 2.) However, the FRB Consent Order expressly provides that "[n]othing in this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under this Order." (FRB Consent Order ¶ 30.) The Plaintiff cannot enforce the FRB Consent Order against any party. Accordingly, the Amended Adversary Complaint fails to state a claim upon which relief can be granted. Additionally, with respect to Ocwen, the Amended Adversary Complaint—with exception of the

11

caption—does not mention Ocwen. The Amended Adversary Complaint fails to state a claim upon which relief can be granted with respect to Ocwen.

### B.    Objection to the Proof of Claim

As supplemented by the Response Letter, the Claim is based on the alleged wrongful foreclosure of the Property by GMACM. (*See* Response Letter (stating that the Claim "is filed based upon a fraudulent and unlawful non-judicial foreclosure that was commenced on the [Property] by GMAC Mortgage, LLC on September 3, 2010.").) The issue whether GMACM wrongfully foreclosed on the Property has already been litigated and dismissed on the merits by the California District Court in the 2010 Action. Therefore, the Claim should be disallowed and expunged because the principles of res judicata and collateral estoppel bar Plaintiff from relitigating the claim.

Under the doctrine of res judicata, or claim preclusion, litigants are not permitted more than "one bite at the apple." *Sure-Snap Corp. v. State St. Bank & Tr. Co.*, 948 F.2d 869, 870 (2d Cir. 1991). To determine whether the doctrine of claim preclusion bars relitigation of a claim, in the Second Circuit, courts looks to whether "1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir. 1997).[5] Additionally, in the bankruptcy context, a court also asks whether an independent judgment in a separate proceeding would "impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan." *Id.* (internal quotation marks omitted).

---

[5] The elements of res judicata under California law are identical. *Saniforth v. Judges' Retirement System*, 226 Cal. App. 4th 978, 988 (2014).

12

Similarly, collateral estoppel, or issue preclusion, "bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim." *Dennis v. Rhode Island Hosp. Tr. Nat'l Bank*, 744 F.2d 893, 899 (1st Cir. 1984) (internal quotation marks omitted). Under California law, collateral estoppel applies if:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003)

Here, all of the elements of claim and issue preclusion are satisfied with respect to the Debtor defendants, ETS and GMACM. Plaintiff and the Debtor defendants were all parties to the 2010 Action, over which the California District Court had proper jurisdiction. In the 2010 Action, Plaintiff asserted claims against the Debtor defendants for fraud, wrongful foreclosure, and breach of Plaintiff's loan documents. In the 2010 Dismissal Order, the California District Court dismissed all claims against GMACM and ETS for failure to state a claim and such dismissal became final upon expiration of the 30 day period to file a notice of appeal; thus, the 2010 Dismissal Order is a final decision on the merits. Finally, the determination whether Plaintiff stated a claim for relief was essential to the determination in the dismissal of the 2010 Action. Plaintiff's wrongful foreclosure claim in the Claim is barred under principles of res judicata and collateral estoppel.

/ / / /

/ / / /

/ / / /

13

### III.    CONCLUSION

For the reasons stated above, the Motions to Dismiss the Amended Adversary Complaint are **GRANTED** and the Amended Adversary Complaint is **DISMISSED WITH PREJUDICE**. Additionally, the Claim is **DISALLOWED** and **EXPUNGED.**

**IT IS SO ORDERED.**

Dated:    March 25, 2016
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge