# Exh. 7

# CONFIDENTIALITY AGREEMENT REGARDING
# EXAMINER SUBMISSION PAPER

This agreement (the "Agreement"), effective as of February 15, 2013, is made by and among AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company (collectively "Allstate"); Massachusetts Mutual Life Insurance Company ("MassMutual"); Prudential Insurance Company of America ("Prudential"); Financial Guaranty Insurance Company ("FGIC"); the Talcott Franklin Group Investors ("Talcott Franklin"); Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis (collectively, the "FHLBs"); the Steering Committee Group of RMBS Holders (collectively, "RMBS Steering Committee"); Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC ("Wilmington Trust"); MBIA Insurance Corporation ("MBIA"); the Ad Hoc Group of Junior Secured Noteholders ("Junior Secured Noteholders"); the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee"); Residential Capital, LLC, and certain of its subsidiaries and affiliated entities (collectively "Debtors"); Ally Financial Inc., Ally Bank, and Ally Securities, LLC (collectively "Ally"); Arthur J. Gonzalez (the "Examiner"), the examiner appointed in the Debtors' chapter 11 bankruptcy proceedings (the "Chapter 11 Proceedings"), which are currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any other person that executes a joinder to this Agreement as provided in paragraph 4 of this Agreement (together with each other signatory to this Agreement, the "Parties," or individually, a "Party").

WHEREAS, on May 14, 2012, the Debtors filed a petition for bankruptcy and commenced the Chapter 11 Proceedings, which are currently pending in the Bankruptcy Court.

WHEREAS, on July 3, 2012 the Bankruptcy Court appointed the Examiner to conduct an investigation (the "Investigation") and prepare a report (the "Report") pursuant to that certain Order Approving Appointment of Arthur J. Gonzalez, Esq. as Examiner [Doc. No. 674] and that certain Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner [Doc. No. 925] (collectively, the "Appointment Orders"). The scope of the Investigation includes, *inter alia*, an investigation into and analysis of claims or causes of action the Debtors propose to release, or are to be released, as part of their plan of reorganization, including claims held by third parties (the "Third-Party Claims") against current and former directors and officers of the Debtors and against Ally. The Appointment Orders contemplate that the Examiner will solicit the Parties' views concerning the Third-Party Claims.

WHEREAS, by letter dated September 21, 2012, the Examiner requested that various parties in interest submit a paper setting forth any arguments, analysis, and supporting documents that such parties believe may bear on the Third-Party Claims and requested that Ally and the Debtors submit responses (collectively "Submission Papers").

WHEREAS, each party has prepared and submitted or may prepare and submit a Submission Paper to the Examiner.

WHEREAS, the Parties wish to share Submission Papers, once submitted to the Examiner, pursuant to certain terms and conditions ensuring the confidentiality of the Submission Papers.

WHEREAS, the Parties desire to establish certain procedures governing the confidentiality and use of their Submission Papers.

NOW, THEREFORE, the Parties agree as follows:

1. Except as otherwise provided herein, the Submission Papers, including their content, (a) shall be and shall remain confidential, (b) shall not be disclosed to any other person, including, without limitation, to the Bankruptcy Court or any judicial, arbitral, or administrative body, and (c) shall not be admissible for any purpose, including as evidence in any judicial, arbitral, or administrative proceeding.

2. Nothing herein restricts the use for any purpose by the Examiner, the Parties, or a Recipient of any information or content contained in the Submission Papers that is or was publicly available, or was otherwise disclosed without ensuring its confidentiality.

3. Nothing herein restricts the Examiner's use of the Submission Papers in the course of preparing and publishing the Report.

4. Without limiting the Examiner's right referenced in Paragraph 3 above to use the Parties' Submission Papers in the course of preparing and publishing the Report, the Examiner may disclose the Submission Papers or their content to (a) counsel, accountants, financial advisors or other professionals employed by the Examiner, provided that such retention has been approved by the Bankruptcy Court (the "Examiner's Professionals"), (b) counsel to the Parties, and (c) any person that has executed an *Acknowledgement and Agreement to be Bound by the Uniform Protective Order for Examiner Discovery* and that (i) has signed a joinder to this Agreement, in the form attached hereto as Addendum A (a "Joinder"), prior to receiving the Submission Paper, and (ii) transmits true and correct copies of such Joinder to the Examiner and to each of the Parties (persons identified in clause (c) are collectively referred to as "Additional Parties" or individually as an "Additional Party").

5. Counsel for each of the Parties and Additional Parties may share Submission Papers that it has received from the Examiner pursuant to Paragraph 4 above with its client and client's accountants, financial advisors, other professionals, and regulators.[1] Counsel for the Unsecured Creditors Committee may share the Submission Papers with the Unsecured Creditors Committee's constituent members, *provided, however*, that any such constituent members have executed a Joinder to this Agreement as provided in Paragraph 4 above.

---

[1] Regulators include the New York State Department of Financial Services, the New York Liquidation Bureau, and the Superintendent of Financial Services of the State of New York, the Federal Reserve Board, the Federal Depository Insurance Corporation, and the Utah Department of Financial Institutions. Regulators may share the Submission Papers with their counsel and other advisors and professionals, if required, and each of them shall be informed of this Agreement and shall maintain the confidentiality of the Submission Papers.

2

[NEWYORK 2693206_5]

6. Every person who receives a Submission Paper pursuant to Paragraphs 4 and 5 above is referred to herein as a "Recipient".

7. Each Party and Recipient shall hold each Submission Paper as confidential, shall not disclose any Submission Paper or its contents to any person or entity who is not a Party or Recipient, and shall not use any Submission Paper for any purpose beyond the Chapter 11 Proceedings.

8. Each Party and Recipient reserves all rights with respect to the Chapter 11 Proceedings and any other proceeding, and nothing in the Submission Papers shall be taken as binding or limiting in any way the position of any Party. Moreover, nothing contained in the Submission Papers shall be construed as a waiver or modification of or a forbearance from exercising any rights, powers, remedies, and privileges of any Party, at law or in equity, all of which rights, powers, remedies, and privileges are hereby expressly reserved by the Parties.

9. Each Party and Recipient acknowledges and agrees that the execution of the Agreement or the submission of the Submission Papers shall not constitute a modification or waiver of any rights or claims that the Parties may have, on the date hereof, against any Party, including without limitation any Recipient.

10. Responses to Subpoenas or Other Process. If any Party or Recipient (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose material covered by this Agreement, the party subpoenaed or served as referred to in this paragraph shall object to production of such information and shall give prompt written notice to each Party or Additional Party whose Submission Paper was subpoenaed or otherwise demanded. If the person seeking access to such information takes action against the party to this Agreement to enforce such a subpoena, demand, or other legal process, that party shall respond by setting forth the existence of this Agreement. Nothing in this Agreement requires the Parties to this Agreement or any Recipient to challenge or appeal any order requiring production of Submission Papers covered by this Agreement.

11. Inadvertent or Unauthorized Disclosure. If a Party to this Agreement or any Recipient learns that, by inadvertence or otherwise, it has disclosed information covered by this Agreement to any person or entity under circumstances not authorized under this Agreement, that party must immediately: (a) notify the party whose Submission Paper was disclosed of all such unauthorized disclosures or uses; (b) use its best efforts to retrieve all copies of the information; (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Agreement, and (d) request such person or persons to execute the Joinder that is attached hereto as Addendum A. Nothing in this Paragraph in any way limits the ability of any party whose Submission Paper was disclosed to seek immediate remedy and relief in an appropriate fashion or in any way limits any party's liability for unauthorized disclosure.

12. Violations of Agreement. Any violation of this Agreement may constitute a contempt of court and may be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party. Each Party and Recipient acknowledges and agrees that money damages are not an appropriate remedy for any

3

breach of the Agreement and, accordingly, the aggrieved party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy for any such breach. Such remedy shall not be deemed to be the exclusive remedy for the breach or threatened breach of the Agreement, but shall be in addition to all other remedies available at law or in equity.

13. Jurisdiction. The Bankruptcy Court shall have and retain jurisdiction to enforce the terms of this Agreement.

14. Modifications. This Agreement may be modified or amended by further order of the Court for good cause shown or by written agreement of the Parties.

15. By execution of this Agreement each of the Parties represents that it has the full power and authority and has been duly authorized to execute this Agreement in the capacity set forth next to their signatures and to be bound hereto.

16. This Agreement may be executed in one or more counterparts by the Parties, each of which shall be an original and all of which together shall constitute a single agreement. Copies of fully executed counterparts of this Agreement shall be binding on the Parties in the same manner as original counterparts.

17. This Agreement supersedes any confidentiality agreements entered into by a Party with any parties in interest in connection with the Submission Papers.

18. Notwithstanding any other provision of this Agreement, (a) material in MBIA's Submission that was designated "confidential" or "highly confidential" in pre-petition state court litigation between MBIA, Residential Funding Company, LLC, and GMAC Mortgage, LLC shall retain that status, (b) the exhibits to the MBIA Submission and the exhibits to the Debtors' Submission (which include confidential or highly confidential materials and expert reports filed in the prepetition state court litigation referenced in subpart (a) to this paragraph) shall not be distributed to any Party other than MBIA, AFI and the Debtors.

19. All notices, requests, and demands to or upon the Parties to be effective shall be in writing (including by facsimile transmission or email communication) and shall be deemed to have been duly given when delivered by hand, or when sent by facsimile transmission or email communication, or on the first business day after delivery to any overnight delivery service, freight prepaid, or three (3) business days after being sent by certified or registered mail, return receipt requested, postage prepaid, and addressed as follows, or to such other address as may be hereafter notified by the respective Parties:

| | |
|---|---|
| If to Ally, then to: | Timothy A. Devine, Esq.<br>Chief Counsel - Litigation<br>Ally Financial Inc. Legal Staff<br>200 Renaissance Center<br>M/C: 482-B09-B11<br>Detroit, MI 48265<br>Telephone: (313) 656-3477<br>E-Mail: timothy.devine@ally.com<br><br>and<br><br>Jeffrey S. Powell, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, NW, Suite 1200<br>Washington, DC 20005<br>Telephone: (202) 879-5000<br>E-Mail: jeff.powell@kirkland.com |
| If to AIG, Allstate, MassMutual, and/or Prudential, then to: | Susheel Kirpalani<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>E-Mail: susheelkirpalani@quinnemanuel.com |
| If to FGIC, then to: | Richard L. Wynne and Howard F. Sidman<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>E-Mail: rlwynne@jonesday.com<br>E-Mail: hfsidman@jonesday.com |
| If to Talcott Franklin, then to: | Talcott J. Franklin<br>Talcott Franklin P.C.<br>208 Market Street, Suite 200<br>Dallas, TX 75202<br>Telephone: (214) 736-8730<br>Facsimile: (877) 577-1356<br>E-Mail: tal@talfrnaklin.com |

| | |
|---|---|
| If to the FHLBs, then to: | Derek W. Loeser and Amy Williams-Derry<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384<br>E-Mail: dloeser@kellerrohrback.com<br>E-Mail: awilliams-derry@kellerrohrback.com |
| If to the RMBS Steering Committee, then to: | Kathy D. Patrick, Esq. and Robert J. Madden, Esq.<br>Gibbs & Bruns LLP<br>1100 Louisiana, Suite 5300<br>Houston, TX 77002<br>Telephone: (713) 650-8805<br>Facsimile: (713) 750-0903<br>E-Mail: kpatrick@gibbsbruns.com<br>E-Mail: rmadden@gibbsbruns.com |
| If to Wilmington Trust, then to: | Thomas J. Moloney and Sean A. O'Neal<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>E-Mail: tmoloney@cgsh.com<br>E-Mail: soneal@cgsh.com |
| If to MBIA, then to: | Gregory M. Petrick, Esq. and Jonathan M. Hoff<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br>E-Mail: gregory.petrick@cwt.com<br>E-Mail: jonathan.hoff@cwt.com |
| If to the Junior Secured Noteholders, then to: | J. Christopher Shore and Harrison L. Denman<br>White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY 10036-2787<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>E-Mail: cshore@whitecase.com<br>E-Mail: hdenman@whitecase.com |

| | |
|---|---|
| If to the Unsecured Creditors Committee, then to: | Kenneth H. Eckstein and Douglas Mannal<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8100<br>E-Mail: keckstein@kramerlevin.com<br>E-Mail: dmannal@kramerlevin.com |
| If to Debtors, then to: | Gary S. Lee<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>E-Mail: glee@mofo.com |
| If to the Examiner, then to: | Seven Rivera, Esq.<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone No.: 212-408-5100<br>Facsimile No.: 212-541-5369 |

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the Parties, by their counsel have executed this Agreement:

The Examiner, by Chadbourne & Parke LLP

By: _____  Date: 4/23/13

Ally Financial, Inc., Ally Bank, and Ally Securities, LLC, by Kirkland & Ellis LLP

By: _____  Date: 3/13/13

AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____  Date: _____

Massachusetts Mutual Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____  Date: _____

Prudential Insurance Company of America, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____  Date: _____

Financial Guaranty Insurance Company, by Jones Day

By: _____  Date: _____

The Talcott Franklin Group Investors, by Talcott Franklin P.C.

By: _____  Date: _____

Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis, by Keller Rohrback L.L.P.

By: _____  Date: _____

The Steering Committee Group of RMBS Holders, by Gibbs & Bruns LLP

By: _____  Date: _____

Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, by Cleary Gottlieb Steen & Hamilton LLP

By: Sean O'Neal  Date: 3/4/13

MBIA Insurance Corporation, by Cadwalader, Wickersham & Taft LLP

By: _____  Date: _____

8

[NEWYORK 2693206_5]

IN WITNESS WHEREOF, the Parties, by their counsel have executed this Agreement:

The Examiner, by Chadbourne & Parke LLP

By: _____    Date: _____

Ally Financial, Inc., Ally Bank, and Ally Securities, LLC, by Kirkland & Ellis LLP

By: _____    Date: _____

AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: *[signature]*    Date: 3-6-2013

Massachusetts Mutual Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: *[signature]*    Date: 3-6-2013

Prudential Insurance Company of America, by Quinn Emanuel Urquhart & Sullivan LLP

By: *[signature]*    Date: 3-6-2013

Financial Guaranty Insurance Company, by Jones Day

By: _____    Date: _____

The Talcott Franklin Group Investors, by Talcott Franklin P.C.

By: _____    Date: _____

Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis, by Keller Rohrback L.L.P.

By: _____    Date: _____

The Steering Committee Group of RMBS Holders, by Gibbs & Bruns LLP

By: _____    Date: _____

Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, by Cleary Gottlieb Steen & Hamilton LLP

By: _____    Date: _____

MBIA Insurance Corporation, by Cadwalader, Wickersham & Taft LLP

By: _____    Date: _____

8

[NEWYORK 2693206_5]

IN WITNESS WHEREOF, the Parties, by their counsel have executed this Agreement:

The Examiner, by Chadbourne & Parke LLP

By: _____    Date: _____

Ally Financial, Inc., Ally Bank, and Ally Securities, LLC, by Kirkland & Ellis LLP

By: _____    Date: _____

AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Massachusetts Mutual Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Prudential Insurance Company of America, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Financial Guaranty Insurance Company, by Jones Day

By: [signature]    Date: 3-7-13

The Talcott Franklin Group Investors, by Talcott Franklin P.C.

By: _____    Date: _____

Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis, by Keller Rohrback L.L.P.

By: _____    Date: _____

The Steering Committee Group of RMBS Holders, by Gibbs & Bruns LLP

By: _____    Date: _____

Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, by Cleary Gottlieb Steen & Hamilton LLP

By: Sean O'Neal    Date: 3/4/13

MBIA Insurance Corporation, by Cadwalader, Wickersham & Taft LLP

By: _____    Date: _____

8

[NEWYORK 2693206_5]

IN WITNESS WHEREOF, the Parties, by their counsel have executed this Agreement:

The Examiner, by Chadbourne & Parke LLP

By: _____    Date: _____

Ally Financial, Inc., Ally Bank, and Ally Securities, LLC, by Kirkland & Ellis LLP

By: _____    Date: _____

AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Massachusetts Mutual Life Insurance Company, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Prudential Insurance Company of America, by Quinn Emanuel Urquhart & Sullivan LLP

By: _____    Date: _____

Financial Guaranty Insurance Company, by Jones Day

By: _____    Date: _____

The Talcott Franklin Group Investors, by Talcott Franklin P.C.

By: _____    Date: _____

Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis, by Keller Rohrback L.L.P.

By: _____    Date: _____

The Steering Committee Group of RMBS Holders, by Gibbs & Bruns LLP

By: _____    Date: _____

Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, by Cleary Gottlieb Steen & Hamilton LLP

By: _____    Date: _____

MBIA Insurance Corporation, by Cadwalader, Wickersham & Taft LLP

By: *Ingrid Bagby*    Date: March 7, 2013

12-12020-mg    Doc 9786-7    Filed 03/25/16    Entered 03/25/16 16:39:28    Exhibit 7 to
Harris Affidavit    Pg 13 of 20

The Ad Hoc Group of Junior Secured Noteholders, by White & Case LLP

By: _/s/ Harrison Denman_____    Date: _3/13/13_____

The Official Committee of Unsecured Creditors, by Kramer Levin Naftalis & Frankel LLP

By: _____    Date: _____

Debtor Residential Capital, LLC, and Its Debtor Subsidiaries and Affiliated Debtor Entities, by Morrison & Foerster LLP

By: _____    Date: _____

9

[NEWYORK 2693206_5]

The Ad Hoc Group of Junior Secured Noteholders, by White & Case LLP

By: _____    Date: _____

The Official Committee of Unsecured Creditors, by Kramer Levin Naftalis & Frankel LLP

By: _*Douglas Mannal (PP)*_    Date: _3/8/2013_

Debtor Residential Capital, LLC, and Its Debtor Subsidiaries and Affiliated Debtor Entities, by Morrison & Foerster LLP

By: _____    Date: _____

The Ad Hoc Group of Junior Secured Noteholders, by White & Case LLP

By: _____    Date: _____

The Official Committee of Unsecured Creditors, by Kramer Levin Naftalis & Frankel LLP

By: _____    Date: _____

Debtor Residential Capital, LLC, and Its Debtor Subsidiaries and Affiliated Debtor Entities, by Morrison & Foerster LLP

By: *[signature]*    Date: 3/6/13

9

## ADDENDUM A

## JOINDER TO CONFIDENTIALITY AGREEMENT REGARDING EXAMINER SUBMISSION PAPER

WHEREAS, reference is made to that certain Agreement dated as of February 15, 2013 (attached hereto as Annex 1, the "Agreement"), by and among AIG Asset Management (U.S.), LLC and Allstate Life Insurance Company (collectively "Allstate"); Massachusetts Mutual Life Insurance Company ("MassMutual"); Prudential Insurance Company of America ("Prudential"); Financial Guaranty Insurance Company ("FGIC"); the Talcott Franklin Group Investors ("Talcott Franklin"); Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Boston, and Federal Home Loan Bank of Indianapolis (collectively, the "FHLBs"); the Steering Committee Group of RMBS Holders (collectively, "RMBS Steering Committee"); Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC ("Wilmington Trust"); MBIA Insurance Corporation ("MBIA"); the Ad Hoc Group of Junior Secured Noteholders ("Junior Secured Noteholders"); the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee"); Residential Capital, LLC, and certain of its subsidiaries and affiliated entities (collectively "Debtors"); Ally Financial Inc., Ally Bank, and Ally Securities, LLC (collectively "Ally"); Arthur J. Gonzalez (the "Examiner"), the examiner appointed in the Debtors' chapter 11 bankruptcy proceedings (the "Chapter 11 Proceedings"), which are currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any other person that executes a joinder to this Agreement as provided in paragraph 4 of the Agreement (and together with each other signatory to this Agreement, the "Parties"). Each capitalized term used but not defined herein shall have the meaning given to it in the Agreement.

WHEREAS, the undersigned has read the Agreement in its entirety and understands all of the provisions therein.

NOW, THEREFORE, the undersigned agrees as follows:

1.  By executing this Joinder, the undersigned shall become a party to the Agreement and, as of the date hereof, agrees to be bound as a "Recipient" by the terms and provisions of the Agreement.

2.  Except as otherwise provided herein, the Submission Papers, including their content, (a) shall be and shall remain confidential, (b) shall not be disclosed to any other person, including, without limitation, to the Bankruptcy Court or any judicial, arbitral, or administrative body, and (c) shall not be admissible for any purpose, including as evidence in any judicial, arbitral, or administrative proceeding. The undersigned agrees to hold in confidence and not to disclose the Submission Papers or their content to any person not a Recipient under the terms of the Agreement.

3.  In addition to the foregoing, the undersigned understands and agrees to be subject to the jurisdiction of the Bankruptcy Court for the purposes of enforcing the Agreement.

4.  In addition to the foregoing, the undersigned understands and agrees that a violation of the Agreement may constitute a contempt of court and may be punishable as such,

10

[NEWYORK 2693206_5]

and may subject the undersigned to such additional and further remedies as may be available to the aggrieved party.

[Signatory]

By: _____    Date: 3/4/13

Robert H. Major
Vice President

The Bank of New York Mellon Trust Company, N.A.

11

and may subject the undersigned to such additional and further remedies as may be available to the aggrieved party.

[Signatory]

By: _____[signature]_____          Date: 21 March 2013

Deutsche Bank National Trust Company for itself and Deutsche Bank Trust Company Americas

11

[NEWYORK 2693206_5]

and may subject the undersigned to such additional and further remedies as may be available to the aggrieved party.

[Signatory]   Loeb & Loeb, LLP

By: _____[signature]_____    Date: ___3/1/13___

Walter H. Curchack

11

and may subject the undersigned to such additional and further remedies as may be available to the aggrieved party.

[Signatory]

By: ___Laura L. Moran___    Date: ___March 12, 2013___

**Laura L. Moran**
**Vice President**