# Exh. 8

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JOHN A K BRADLEY           PART 90R
         J HO ~~Justice~~

MBIA Insurance Corp.

INDEX NO. 603552/2008

-v-

MOTION DATE _____

Residential Funding Co.

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

**E-FILE**

The following papers, numbered 1 to ____ were read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...  _____

Answering Affidavits — Exhibits _____  _____

Replying Affidavits _____  _____

Cross-Motion:  ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion *is decided in accordance with the amended stipulation attached.*

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

**FILED**
Nov 23 2009
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 11/23/09                               _JAKB_
                                              J HO ~~J.S.C.~~

Check one:   ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MBIA INSURANCE CORPORATION,<br><br>                                  Plaintiff,<br><br>-against-<br><br>RESIDENTIAL FUNDING COMPANY, LLC,<br><br>                                  Defendant. | Index No. 603552/08 (Fried, J./ Bradley, J.H.O.)<br><br>**AMENDED STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

       This matter having come before the Court by stipulation of plaintiff, MBIA Insurance Corporation ("MBIA"), and defendant, Residential Funding Company, LLC ("RFC"), for the entry of a protective order pursuant to CPLR 3103(a), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents, information and testimony (hereinafter "Discovery Material") that the parties agree merit confidential treatment.

2.    Either party may designate Discovery Material in connection with this action as "confidential," either by notation on the document, statement on the record of the

deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means as set forth herein.

3.  As used herein:

    a.  "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, if such Discovery Material contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. "Confidential Information" shall also mean non-public personal information, including, among other things, personally identifiable financial information relating to borrower and/or consumers (such as individuals' Social Security numbers) that may be subject to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802(e)(8), and other applicable laws and regulations, and/or documents or data which constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, that may have been collected or produced in connection with the mortgage loans contributed to the securitization transactions that are the subject of the litigation (collectively, "Personal Financial Information").

    b.  "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c. "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. Production of any Personal Financial Information in this action pursuant to this Stipulation shall satisfy and shall constitute compliance with the Producing Party's obligations under the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder, and the disclosure of any Personal Financial Information in this action pursuant to this Stipulation shall constitute disclosure of such Personal Financial Information pursuant to 15 U.S.C. § 6812(e)(8), 16 CFR 313.15(a)(7)(iii) and 15 U.S.C. § 1681b(a)(1).

5. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of certain Discovery Material as Confidential Information. If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move before the Court for an order declassifying such Discovery Material. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information. If such motion is filed, the Discovery Material shall be deemed Confidential Information unless and until the Court rules otherwise.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by a party or its counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

d. consultants or vendors retained by a party to assist with review and production of documents and information in connection with this action, provided that any such consultant or vendor shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

e. the Court and court personnel, if filed in accordance with paragraph 13 hereof;

f. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

g. trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

h. former personnel of the plaintiff or defendant to the extent reasonably necessary to assist in the preparation of this action for trial or other proceeding herein; provided that any such former personnel shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Any such written agreement shall be retained by counsel for the party making

disclosure to the former employee but is not required to be supplied to counsel for the other party.

    i.    any other person agreed to by the parties in writing.

7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation or prosecuting or defending any claims with respect to the transactions that are the subject of the litigation and for no other purposes. To the extent that a Receiving Party intends to disclose Confidential Information in connection with an action other than this litigation pursuant to the above limitation, the Receiving Party shall first give notice to the Producing Party of such intended disclosure and afford the Producing Party the opportunity to object to such disclosure. Further, with respect to Personal Financial Information, the Receiving Party shall take, and shall direct all permitted recipients of such Personal Financial Information to take, all reasonable measures and implement all reasonable safeguards to control and restrict access to and/or use of Personal Financial Information so as to minimize the use and/or authorized disclosure and to prevent the unauthorized disclosure of such Personal Financial Information.

8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by CPLR 3101(d), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

10. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

11. This Stipulation, except as provided for herein, shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

12. A Producing Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any such party or non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party or non-party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b) As an alternative to the procedure set forth in paragraph 12(a), any party may file with the court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Part Clerk in sealed

envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party or non-party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

(c) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

(d) The parties shall endeavor not to serve, file or introduce any pleadings, briefs, memoranda or exhibits which contain or reproduce in unredacted form any Personal Financial Information to the extent such Personal Financial Information is irrelevant to the subject matter of such pleading, brief, memorandum or exhibit.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Any Discovery Material that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party or non-

party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

18. A Producing Party may also designate any information, document or thing as "Highly Confidential Information." This designation shall signify that (a) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (b) there is a substantial and imminent risk that, absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party and (c) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information." The provisions of this Stipulation, including all usage, dissemination and disclosure limitations, shall be applicable to "Highly Confidential Information" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation, no disclosure of Highly Confidential Information may be made to any party. For purpose of this subsection of this Stipulation, a party's in-house counsel and the paralegals and support personnel working for such in-house counsel do not constitute a "party." Disclosure to in-house counsel shall be limited to those counsel providing legal advice in connection with this action, and Highly Confidential

Information disclosed to in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this action. Highly Confidential Information may not be disclosed to any other officers, directors, employees or agents of a party, including other in-house counsel. Nothing contained herein however shall limit a party's use of its own Highly Confidential Information. This subsection shall not limit use of Highly Confidential Information or deposition exhibits in accordance with paragraphs 10 and 11, respectively, hereof, and parties may submit Highly Confidential Information to the court in accordance with paragraph 13 hereof. Nothing in this subsection shall preclude counsel from giving advice to his or her client in this action that includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulation. The Highly Confidential Information Designation may be applied only to "structured" data, including proprietary computer programs and models and testimony regarding such "structured" data. Documents and testimony regarding "structured" data, including among other things, emails and electronic documents that discuss "structured" data but are not themselves "structured" data shall not be designated as "Highly Confidential Information." Personal Financial Information shall not be designated as "Highly Confidential Information."

19. Inadvertent production of any information, document or thing which the Producing Party claims is privileged or work product shall not itself be deemed a waiver of any claim of privilege or work product as to such matter or as to any other matter. Upon notice from the Producing Party, all copies of such information, document or thing shall promptly be returned to the Producing Party if such designation is undisputed. In the event of a good faith dispute over a claim of privilege, the party claiming privilege shall promptly seek an

order of the Court with respect to such disputed information, document or thing and during the pendency of the Court's decision, all copies of such information, document or thing shall promptly be returned to the Producing Party and treated as if it were confidential, except for one copy which the Receiving Party may hold for purposes of disputing the claim of privilege. On any such application, the burden of proof shall be on the party claiming privilege.

20. If Confidential Information, including Personal Financial Information, is disclosed to or comes into the possession of any person other than in a manner authorized by this Stipulation, whether purposefully, negligently or inadvertently (any such disclosure an "Unauthorized Disclosure"), the Receiving Party shall immediately inform all other parties to this action of all pertinent facts relating to the Unauthorized Disclosure and the nature and extent of the Confidential Information, including Personal Financial Information, that has been disclosed.

21. If an Unauthorized Disclosure occurs, the Receiving Party shall take all appropriate and necessary actions to retrieve physically or otherwise control all Confidential Information, including Personal Financial Information, that was disclosed in connection with the Unauthorized Disclosure and to prevent further disclosure by each and every person that may have received such Confidential Information, including Personal Financial Information, other than in a manner authorized by this Stipulation.

22. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

23. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provisions of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to order any remedy, including the imposition of appropriate sanctions, on any Receiving Party that breaches this agreement, including, without limitation, any remedy with respect to an Unauthorized Disclosure of Confidential Information, including Personal Financial Information.

24. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

25. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and

deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

26. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27. This Stipulation shall supersede the Stipulation And Order For The Production And Exchange Of Confidential Information that was entered by the Court on June 25, 2009 (the "Prior Stipulation"). The parties shall provide any entity that executed Exhibit A to the Prior Stipulation prior to the date hereof with a copy of this Stipulation and shall obtain a new executed Exhibit A dated after the date that this Stipulation is so ordered by the Court.

28. This Stipulation shall not apply to Confidential Information lawfully in the possession of a party by a means other than the production of such information by a Producing Party in connection with this action.

Dated:    November 6, 2009

CADWALADER, WICKERSHAM & TAFT LLP

By: _____
Howard R. Hawkins, Jr.

One World Financial Center
New York, New York 10281
(212) 504-6000
Attorneys for Plaintiff
MBIA Insurance Corporation

McGUIREWOODS LLP

By: _____
Marshall Beil

1345 Avenue of the Americas
New York, New York 10105
(212) 548-7004
Attorneys for Defendant
Residential Funding Company, LLC

Dated:    November 23 2009

IT IS SO ORDERED:

_____ J.H.O.
JOHN A K BRADLEY

FILED
Nov 23 2009
NEW YORK
COUNTY CLERK'S OFFICE

USActive 17255235.6 // MW 10145614.1    -14-

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MBIA INSURANCE CORPORATION,

                               Plaintiff,

      -against-

RESIDENTIAL FUNDING COMPANY, LLC,

                              Defendant.

Index No. 603552/08 (Fried, J.)

**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL**

---

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Amended Stipulation for the Production and Exchange of Confidential Information (the "Stipulation) entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I acknowledge that the Confidential Information I may receive may contain non-public personal information, including, among other things, personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security

numbers), and/or consumer or credit reports. I agree to take all reasonable measures and implement all reasonable safeguards to control and restrict access to and/or use of non-public personal information so as to minimize the use and/or authorized disclosure and to prevent the unauthorized disclosure of such information.

9. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I receive the Confidential Information.

10. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

_____