**Hearing Date: May 17, 2016 at 11:00 a.m. (ET)**
**Response Deadline: April 22, 2016 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM**
**NO. 1296 FILED BY MARY PERKINS WHITE**

ny-1224692

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

JURISDICTION, VENUE AND STATUTORY PREDICATE ....................................................2

BACKGROUND ............................................................................................................................2

    I.     General Overview of GMAC Mortgage Bankruptcy .............................................2

    II.    Background of the White Claim................................................................................3

        A.     The Loan and the Property ........................................................................3

        B.     The Modification ........................................................................................4

        C.     The Claim ...................................................................................................5

RELIEF REQUESTED ...................................................................................................................5

OBJECTION ...................................................................................................................................5

    I.     Despite Multiple Causes of Action, The Claimant's FCRA Claim
          Preempts Her Other Causes of Action....................................................................6

    II.    The Claimant Has Not Demonstrated Sufficient Damages to Warrant the
          Asserted Claim Amount ..........................................................................................7

    III.   Claimant Is Not Entitled to Punitive Damages.......................................................9

NOTICE ..........................................................................................................................................9

CONCLUSION ...............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Buraye v. Equifax,
 625 F. Supp. 2d 894 (C.D. Cal. 2008) ................................................................................... 7

Dvorak v. AMC Mortg. Servs., Inc.,
 No. cv-06-5072-LRS, 2007 WL 4207220 (E.D. Wash. Nov. 26, 2007) ................................. 6

Feinberg v. Bank of N.Y. (In re Feinberg),
 442 B.R. 215 (Bankr. S.D.N.Y. 2010) ................................................................................... 6

Scott v. Macy's Inc.,
 No. 1:14-cv-3141-TOR, 2015 WL 417914 (E.D. Wash. Jan. 30, 2015) ................................. 7

**STATUTES**

11 U.S.C. § 502(a) ........................................................................................................................ 5

11 U.S.C. § 502(b)(1) ................................................................................................................... 6

15 U.S.C. § 1681h(e) .................................................................................................................... 6

15 U.S.C. § 1681n ......................................................................................................................... 8

15 U.S.C. § 1681n(a) .................................................................................................................... 8

15 U.S.C. § 1681o ......................................................................................................................... 8

15 U.S.C. § 1681o(a) .................................................................................................................... 8

15 U.S.C. § 1681s-2(a) ................................................................................................................. 7

15 U.S.C. § 1681s-2(b) ................................................................................................................. 7

15 U.S.C. § 1681t(b)(1)(F) ........................................................................................................... 6

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the chapter 11 plan (the "Plan") [Docket No. 6030] confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above captioned debtors (collectively, the "Debtors") with respect to Borrower Claims,[1] hereby submits this objection (the "Objection") seeking to reduce and allow proof of claim number 1296 (the "Claim") filed by Mary Perkins White (the "Claimant") against Debtor GMAC Mortgage LLC ("GMACM") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the ground that while the Claim states a claim for violation of the Fair Credit Reporting Act (the "FCRA") against GMACM, the Claimant's damages under the act are limited to $7,000 in statutory damages and reasonable attorney's fees/costs. A copy of the Claim is attached hereto as Exhibit 1. The Borrower Trust seeks entry of an order, substantially in the form attached hereto as Exhibit 2 (the "Proposed Order"), granting the requested relief. In support of the Objection, the Borrower Trust submits the Declaration of Sara Lathrop (the "Lathrop Declaration"), attached hereto as Exhibit 3, and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.   GMACM does not contest that it inaccurately reported to the credit bureaus that the Claimant's account was delinquent at the time it ceased servicing the Claimant's loan; but, GMACM contests the $320,000 in damages asserted by the Claimant.

2.   While the Claimant asserts causes of action for defamation and negligence, these causes of action are preempted by the Claimant's cause of action for violation of the FCRA.

---

[1] As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan.

ny-1224692

Because the Claimant has not demonstrated how GMACM's violation of the FCRA caused her actual damages, she is at most entitled to the maximum amount of statutory damages, $1,000 per violation, and reasonable attorney's fees and costs. Furthermore, punitive damages are not appropriate in this instance.

3. For all of these reasons, the Borrower Trust requests that the Court allow Claim No. 1296 in an amount no greater than $7,000 plus reasonable attorney's fees and costs that are demonstrated by the Claimant.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

4. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

**I. General Overview of GMAC Mortgage Bankruptcy**

6. On May 14, 2012, the Debtors filed these Chapter 11 Cases, which are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. On May 16, 2012, this Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

8. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order")

2

[Docket No. 3294]. The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.

9. On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] approving the terms of the Plan filed in these Chapter 11 Cases. The Effective Date (as defined in the Plan) of the Plan occurred on December 17, 2013. See Docket No. 6137.

10. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

11. The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order. A Request Letter was sent to the Claimant and a response was received on July 24, 2013, attached to the Lathrop Declaration as Exhibit A.

## II. Background of the White Claim

### A. The Loan and the Property

12. On or about October 13, 2006, the Claimant opened a home equity line of credit (the "Loan") with United Pacific Mortgage ("United Pacific"), evidenced by an agreement (the

3

ny-1224692

"HELOC Agreement") and secured by a subordinate lien (the "Deed of Trust") on 7918 Ray Nash Drive NW, Gig Harbor, Washington 98335. See HELOC Agreement and Deed of Trust, attached to the Lathrop Declaration as Exhibit B and Exhibit C, respectively.

13. The servicing of the Loan was transferred to GMACM on December 21, 2007. The Loan was serviced by GMACM until servicing was transferred to Greentree Servicing, LLC on November 1, 2009. See Lathrop Declaration ¶ 2.

**B.    The Modification**

14. On July 14, 2009, the Claimant and GMACM entered into an agreement (the "Modification Agreement") to modify the Loan. See Modification Agreement, attached to the Lathrop Declaration as Exhibit D. GMACM received the necessary paperwork and funds to execute the Modification Agreement by July 23, 2009. See Servicing Notes, attached to the Lathrop Declaration as Exhibit E, at 10 of 15.

15. For unknown reasons, the Loan Modification was not fully executed by GMACM. As a result, GMACM reported the Claimant's account thirty days delinquent on September 11, 2009 because the Claimant was making payments at the modified amount. GMACM mailed a breach of contract letter to the Claimant on September 22, 2009. See Servicing Notes at 9 of 15.

16. GMACM sent the Claimant a Goodbye Letter on October 16, 2009 informing her that it would cease servicing the Loan on November 1, 2009. See Servicing Notes at 8 of 15.

17. On November 13, 2009, GMACM reported the Claimant's account as ninety-days delinquent to the credit bureaus (the "November 2009 Report"). See Servicing Notes at 7 of 15.

18. GMACM was contacted by the credit bureaus on December 11, 16, and 18, 2009, January 14, 2010, May 13, 2010, October 8, 2010, and December 15, 2010, notifying GMACM that the Claimant was disputing the information in the November 2009 Report. See Servicing

4

Notes at 5, 6 and 7 of 15.  On each occasion, GMACM confirmed the information reported in the November 2009 Report.  See id.

19.     On February 24, 2011, GMACM spoke to the Claimant via phone, at which time the Claimant inquired about the credit reporting in August, September, and October 2009.  See Servicing Notes at 5 of 15.  As a result, GMACM reviewed the Claimant's account during that period.  See id.

20.     On February 25, 2011, GMACM submitted a correction to the credit bureaus to amend the Claimant's credit report to reflect timely payments for the months of August, September, and October 2009.  See Servicing Notes at 5 or 15.

### C.     The Claim

21.     On October 15, 2012, Claimant filed the Claim.  See Proof of Claim, attached hereto as Exhibit 1, at 1.  On the face of the Claim, the Claimant asserts "Tort – Fair Credit Reporting Act 15 USC section 1681" as the basis for the Claim.  Attached to the Claim is a copy of the Complaint.

### RELIEF REQUESTED

22.     The Borrower Trust files this Objection pursuant to section 502(b) of the Bankruptcy Code, seeking to reduce and allow the Claim in the amount of $1,000 plus reasonable attorney's fees and costs that can be demonstrated.  For the reasons set forth below, even though the Claimant has a cognizable claim under the FCRA against GMACM, she has not demonstrated damages in the amount of $320,000.

### OBJECTION

23.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). Furthermore, once an objection refutes an essential allegation of the claim, the burden of persuasion is on the claimant to establish a valid claim against a debtor by a preponderance of the evidence. See Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

I. **Despite Multiple Causes of Action, The Claimant's FCRA Claim Preempts Her Other Causes of Action**

24. As noted previously, the Complaint contains multiple causes of action, including, *inter alia*, (i) violation of the FCRA, (ii) defamation and (iii) negligence.

25. The Borrower Trust acknowledges that GMACM failed to correct the information reported to the credit reporting agencies after receiving notice of Claimant's dispute from a credit reporting agency. As a result, the Claimant is entitled to appropriate damages as permitted by the FCRA. However, the Claimants' defamation and negligence causes of action fail because such causes of action are preempted by the FCRA.

26. 15 U.S.C. § 1681t(b)(1)(F) states: "No requirement or prohibition may be imposed under the laws of any State … with respect to any subject matter regulated under … section 1681s-2…" Additionally, another FCRA provision, 15 U.S.C. § 1681h(e) provides that no consumer may bring an action for defamation or negligence against any furnisher of information except when such false information was furnished with malice or willful intent to injure the consumer. See 15 U.S.C. § 1681h(e).[2] Courts have held these provisions to mean that causes of action for defamation and negligence are preempted by the FCRA. See Dvorak v.

---

[2] "[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

6

ny-1224692

AMC Mortg. Servs., Inc., No. cv-06-5072-LRS, 2007 WL 4207220, at *4-5 (E.D. Wash. Nov. 26, 2007) (holding that a cause of action for defamation is preempted by the FCRA); Buraye v. Equifax, 625 F. Supp. 2d 894, 900-901 (C.D. Cal. 2008) (holding that the FCRA preempts the plaintiff's common law negligence and defamation claims). Thus, because the allegations of the Claimant's defamation and negligence claims are identical to the allegations upon which her FCRA claim is based, these claims are preempted by the FCRA.

II.    **The Claimant Has Not Demonstrated Sufficient Damages to Warrant the Asserted Claim Amount**

27.    The requirements of the FCRA are twofold: first, furnishers of credit information are required to submit accurate information to credit reporting agencies and correct any known inaccurate information that has been furnished. See 15 U.S.C. § 1681s-2(a). Second, furnishers of credit information must investigate and promptly respond to notice of consumer disputes. See id. at § 1681s-2(b).

> FCRA provides a private right of action for willful or negligent noncompliance but such right is limited to claims arising under subsection (b). .. Accordingly, a private right of action arises 'only after the furnisher received notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).'

Scott v. Macy's Inc., No. 1:14-cv-3141-TOR, 2015 WL 417914, at *8 (E.D. Wash. Jan. 30, 2015) (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). The Borrower Trust concedes that the Claimant has sufficiently alleged a violation of 15 U.S.C. § 1681s-2(b), and therefore can assert a private right of action related to those violations.

28.    The remedy for a willful violation of 15 U.S.C. § 1681 include actual **or** statutory damages, as well as attorneys' fees and costs, and, as the court may allow, punitive damages.

7

ny-1224692

See 15 U.S.C. § 1681n.[3] Statutory damages are limited to $1,000 per violation. See id. The remedy for a negligent violation of 15 U.S.C. § 1681 includes actual damages and attorney's fees and costs. See 15 U.S.C. § 1681o.[4]

29. The Claimant asserts that she was actually damaged as a result of GMACM's actions because her credit score and various lines of credit were reduced, she was unable to refinance her mortgage, and she experienced emotional distress. See Complaint ¶¶ 157-165. However, the Claimant provides no evidence that the alleged harm incurred as a result of GMACM's actions supports a claim of $320,000. While the Claimant attaches proof of the reduction of certain lines of credit, she provides no quantitative evidence of the harm caused by these reductions. She also provides no evidence of her inability to refinance her mortgage or that GMACM's actions caused her emotional distress.

30. Without proof of such monetary harm, the Claimant cannot demonstrate actual damages caused by GMACM's actions. As a result, the Claimant's damages are limited to statutory damages of $1,000 for each violation if the Claimant can prove that GMACM willfully violated the FCRA, plus any reasonable attorney's fees/costs.[5] Here, since GMACM incorrectly

---

[3] Any person who willfully fails to comply with any requirement imposed under this [subchapter] with respect to any consumer is liable to that consumer in an amount equal to the sum of –
   (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; …
   (2) such amount of punitive damages as the court may allow; and
   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
15 U.S.C. § 1681n(a).

[4] Any person who is negligent in failing to comply with any requirement imposed under this [subchapter] with respect to any consumer is liable to that consumer in an amount equal to the sum of –
   (1) any actual damages sustained by the consumer as a result of the failure; and
   (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
15 U.S.C. § 1681o(a).

[5] The Borrower Trust disputes that the violation of the FCRA was willful; however, at this stage it is willing to permit statutory damages. Should this Objection require an evidentiary hearing, the Borrower Trust reserves its rights to dispute the willfulness of the violation.

responded to seven disputes from the credit bureau, the maximum amount of damages that can be awarded is $7,000 plus attorney's fees and costs.

### III. Claimant Is Not Entitled to Punitive Damages

31. The Claim also seeks an award of punitive damages. As this court has noted, an award of punitive damages in this case would not punish GMACM, but would merely reduce recoveries by other Borrowers with allowed claims. See *Memorandum Opinion and Order Determining the Amount of Allowed Claim of Frank and Christina Reed*, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Oct. 6, 2014), [Docket No. 7619]; *Order Sustaining in Part and Overruling in Part ResCap Borrower Claims Trust's Objection to Claim Number 2397 Filed by John Satterwhite*, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Apr. 7, 2015) [Docket No. 8432]. As a result, an award of punitive damages would harm the other borrowers in this case, making such an award inappropriate. Therefore, the Court should not award punitive damages to the Claimant.

### NOTICE

The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] and the Claims Procedures Order [Docket No. 3294].

### CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of an Order, substantially in the form attached hereto as Exhibit 2, granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: April 1, 2016

   /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*