# **EXHIBIT 3**

## **Lathrop Declaration**

ny-1224692

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**DECLARATION OF SARA LATHROP IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 1296 FILED BY MARY PERKINS WHITE**

I, Sara Lathrop, hereby declare as follows:

1.      I serve as Senior Claims Analyst for the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in the loan servicing department of Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since June 2006. I began my association with ResCap in 2006 working as an associate in the Default Division of the loan servicing operation of GMAC Mortgage, LLC ("<u>GMACM</u>"). In 2008, I became a Default Quality Control Specialist, a position that I held until I became a Supervisor in the Default Division in 2009. In 2011, I then became a Supervisor in the Loss Mitigation Division of GMACM's loan servicing operation, and in February 2012, I became a Manager in that division. In this role, I oversaw GMACM associates in their efforts to

1

ny-1227008

provide borrowers with loss mitigation options and assisted in the development of GMACM's loss mitigation policies. In January of 2013, I became the Regulatory Compliance Manager for ResCap. I became Senior Claims Analyst for ResCap in July 2013 and continued this role with the ResCap Liquidating Trust (the "Liquidating Trust") in December 2013. In my current position as Senior Claims Analyst to the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection To Claim No. 1296 Filed by Mary Perkins White* (the "Objection").[2]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my current and former capacities as Senior Claims Analyst and Loss Mitigation Manager to the Borrower Trust, the Liquidating Trust, and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records kept in the course of their regularly conducted business activities (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

4. The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order. A Request Letter was sent to the Claimant and a response was received on July 24, 2013, attached hereto as Exhibit A.

**A. The Loan and the Property**

1. On or about October 13, 2006, the Claimant opened a home equity line of credit (the "Loan") with United Pacific Mortgage ("United Pacific"), evidenced by an agreement (the "HELOC Agreement") and secured by a subordinate lien (the "Deed of Trust") on 7918 Ray Nash Drive NW, Gig Harbor, Washington 98335. See HELOC Agreement and Deed of Trust, attached hereto as Exhibit B and Exhibit C, respectively.

2. The servicing of the Loan was transferred to GMACM on December 21, 2007. The Loan was serviced by GMACM until servicing was transferred to Greentree Servicing, LLC on November 1, 2009.

3

ny-1227008

**B.    The Modification**

3. On July 14, 2009, the Claimant and GMACM entered into an agreement (the "Modification Agreement") to modify the Loan. See Modification Agreement, attached hereto as Exhibit D. GMACM received the necessary paperwork and funds to execute the Modification Agreement by July 23, 2009. See Servicing Notes, attached hereto as Exhibit E, at 10 of 15.

4. For unknown reasons, the Loan Modification was not fully executed by GMACM. As a result, GMACM reported the Claimant's account thirty days delinquent on September 11, 2009 because the Claimant was making payments at the modified amounts; GMACM mailed a breach of contract letter to the Claimant on September 22, 2009. See Servicing Notes at 9 of 15.

5. GMACM sent the Claimant a Goodbye Letter on October 16, 2009 informing her that it would cease servicing the Loan on November 1, 2009. See Servicing Notes at 8 of 15.

6. On November 13, 2009, GMACM reported the Claimant's account as ninety-days delinquent to the credit bureaus (the "November 2009 Report"). See Servicing Notes at 7 of 15.

7. GMACM was contacted by the credit bureaus on December 11, 16, and 18, 2009, January 14, 2010, May 13, 2010, October 8, 2010, and December 15, 2010, notifying GMACM that the Claimant was disputing the information in the November 2009 Report. See Servicing Notes at 5, 6, and 7 of 15. On each occasion, GMACM confirmed the information reported in the November 2009 Report. See id.

8. On February 24, 2011, GMACM spoke to the Claimant via phone, at which time the Claimant inquired about the credit reporting in August, September, and October 2009. See Servicing Notes at 5 of 15. As a result, GMACM reviewed the Claimant's account during that period. See id.

9. On February 25, 2011, GMACM submitted a correction to the credit bureaus to amend the Claimant's credit report to reflect timely payments for the months of August, September, and October 2009. See Servicing Notes at 5 of 15.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 1, 2016

/s/ Sara Lathrop
Sara Lathrop
Senior Claims Analyst for ResCap Borrower Claims Trust