# EXHIBIT C

HARRIS_1

## Heeringa, Paul

| | |
|---|---|
| **From:** | Heeringa, Paul |
| **Sent:** | Friday, July 31, 2015 2:41 PM |
| **To:** | Harris, Jonathan |
| **Cc:** | Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael |
| **Subject:** | RE: RFC/ResCap Litigation - MBIA Subpoena |

Jonathan:

I trust this note finds you well. Since we haven't heard from you or your outside counsel in roughly a month now, can you please advise when we can expect to see a production in response to our subpoena? Thank you.

Best regards,
-Paul


A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607


---

**From:** Heeringa, Paul
**Sent:** Friday, July 10, 2015 10:42 AM
**To:** 'Harris, Jonathan'
**Subject:** RE: RFC/ResCap Litigation - MBIA Subpoena

Apologies – that should have read: "We look forward to *speaking* with your outside counsel."

---

**From:** Heeringa, Paul
**Sent:** Friday, July 10, 2015 10:28 AM
**To:** 'Harris, Jonathan'
**Cc:** Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** RE: RFC/ResCap Litigation - MBIA Subpoena

Thanks, Jonathan. We can agree to these terms and will withdraw our motion.

We would appreciate it if you could keep us apprised of any developments at your end, particularly as to your discussions with the Trust. We look forward to keeping with your outside counsel.

---

**From:** Harris, Jonathan [mailto:Jonathan.Harris@mbia.com]
**Sent:** Thursday, July 09, 2015 10:42 AM
**To:** Heeringa, Paul
**Cc:** Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** RE: RFC/ResCap Litigation - MBIA Subpoena

Paul: No problem on the delay. As I understand your proposal, we will work with counsel for the ResCap Trust to ensure that all Exchanged Documents are produced to you. You will then complete your review of the Exchanged Documents

1

HARRIS_2

and we will meet and confer thereafter, to the extent necessary, to discuss any additional documents you seek from MBIA. As such, without need of further discussion on my different perspective on what we agreed to on the June 16 call, I think we are at a satisfactory outcome here. I am currently coordinating with counsel for the ResCap Trust to make sure all Exchanged Documents are turned over to you. We will continue to do so, and if you are not obtaining satisfactory response from the plaintiffs please let me know. On (3), while I see some daylight between your initial agreement to first review Exchanged Documents and then your attempt to respond to my specific observation on point 3, it appears we are agreed that you will await a ruling on the mediation order before we have a further discussion regarding custodians or e-mail discovery. Please confirm we are agreed on this point. On (4), we will agree to turn over the documents MBIA submitted to the Examiner, subject to MBIA's redacting or withholding documents that were produced in the underlying litigation by third parties pursuant to confidentiality agreements. We should also discuss how to treat documents that contain borrower personal identifying information to ensure that both MBIA and your clients are protected. As to these specific issues, I will arrange for our outside counsel at Cadwalader, which represented MBIA in the Examiner proceedings, reach out to you to coordinate a production. As to all other requests, I agree to your request to hold, as necessary, further meet and confer discussions on, as you describe it, "specific categories of non-privileged relevant information that, for whatever reason, were not part of the Exchanged Documents". Assuming this is all satisfactory, please proceed with notifying the Court that the motion to compel has been withdrawn. Regards, Jonathan

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Thursday, July 02, 2015 4:34 PM
**To:** Harris, Jonathan
**Cc:** Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** Re: RFC/ResCap Litigation - MBIA Subpoena

Jonathan:

Thanks for your reply and my apologies in our delay in getting back to you. When we spoke on June 16th, we agreed to withdraw our motion to compel, provided that MBIA produces all the documents and materials listed in items 1 through 9 of my June 16 confirming email (which were read to you during our call). In response, you agreed "in concept" to produce those materials, after which the only significant points of discussion we had were regarding (i) the temporal scope of the subpoena and (ii) whether the documents would come from plaintiffs (RFC/ResCap) in the underlying case or MBIA. As to the former, we agreed that we would provide you with a date limitation and we did – 1/1/2009 through 12/31/13—and reserved our right to obtain documents protected by the mediation order once that issue is resolved. As to the latter, you indicated that MBIA would either (a) secure plaintiffs' agreement to produce the documents or (b) produce whatever plaintiffs did not have or would not agree to produce. Thus, the purpose of my follow up email on June 16 was to formalize the points to which you had already agreed "in concept."

At no time did we agree to forego our rights to obtain "additional" relevant materials presently in MBIA's possession, custody, or control, nor did we agree to limit the scope of the subpoena only to documents produced in the "MBIA v. RFC litigation" or the "ResCap bankruptcy proceeding" (or what you call "Exchanged Documents"), and we do not do so now. That said, in a further effort to resolve all issues, we will agree to review the Exchanged Documents, *provided* that we have the right to (1) come back and request additional relevant documents in MBIA's possession, custody, or control to the extent Plaintiffs in the underlying litigation do not produce them; and/or (2) identify to you specific categories of non-privileged relevant information that, for whatever reason, were not part of the Exchanged Documents. Please let us know if this is agreeable to you. We note that, as of the writing of this email, Plaintiffs' production of materials from the MBIA litigation is still incomplete, and we are still in the process of reviewing the documents they have produced.

Further, we believe we can alleviate the specific points raised in your email as follows:

- As to item 3, there seems to be some confusion. To clarify, our intent was merely to limit the number of email accounts that would need to be searched at your end to the key personnel, selected by you in good faith, that were involved in the bankruptcy and/or the pre- and post-petition litigation with RFC. We are not seeking to interview or depose of MBIA "custodians" at this time and we did not intend to suggest otherwise. We would also not expect you to log any documents falling within the temporal scope of the mediation order at this time and can revisit that issue once the motion to modify the mediation order is resolved.

HARRIS_3

- As to item 4, we disagree that a confidentiality agreement that MBIA had with the examiner would preclude MBIA from producing its own documents, particularly since other parties to that agreement have agreed to produce such documents. But if you have any legal authority to the contrary, please provide it and we will certainly consider it.
- As to item 7, we are willing to accept your representation.
- In the spirit of compromise, we are willing to forego our request for item 8 so long as you agree to all other parts of the proposed agreement as modified above.

In sum, with the clarifications set forth above, our proposal significantly limits the scope of our subpoena and reduces to a minimum any burden on MBIA and thus should provide a basis for resolution of all outstanding issues. Other third parties (including other initial nominating parties like FGIC) have agreed to produce the very same materials. Please advise by close of business on July 8 if MBIA is willing to do the same.

Best regards,
-Paul


A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Harris, Jonathan [mailto:Jonathan.Harris@mbia.com]
**Sent:** Monday, June 22, 2015 4:47 PM
**To:** Heeringa, Paul
**Cc:** Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** RE: RFC/ResCap Litigation - MBIA Subpoena

Paul:

Thanks for your e-mail. With the modest exceptions below, your proposal captures the essence of our discussion but recharacterizes (in Item 10) a rather significant discussion point that I believe we had reached agreement on. That is, for many of the requests below (specifically, requests 1, 2, 5, 6 and 9), MBIA will not be making an additional production or searching its files, or preparing a privilege log, but rather working with counsel for the ResCap Trust to ensure that all documents/privilege logs produced to or shared with RFC/ResCap in the MBIA v. RFC litigation (including fact and expert discovery documents), or in the ResCap bankruptcy proceeding (collectively, the "Exchanged Documents"), have been or will be gathered and produced to defendants by the ResCap Trust. If the Exchanged Documents are not fully produced by the ResCap Trust, MBIA will at that point step in and, to the extent possible, produce those Exchanged Documents. To that end, I spoke today with Anthony Alden, counsel for the ResCap Trust, who confirms that in resolution of your motion to compel, it will work with MBIA and its vendors to gather those Exchanged Documents that have not heretofore been produced, and deliver them to defendants, on a schedule you can discuss with them directly.

3

HARRIS_4

As to the other requests, please see below.

3) This particular request overstates what we discussed on our call. I agreed that MBIA would consider identifying three custodians who had a primary role during the bankruptcy process in evaluating MBIA's claim in the bankruptcy. We did not discuss identifying custodians who had responsibility for the initial decision to file a lawsuit against RFC. And as to either set of custodians, we did not discuss the prospect of an interview/deposition. As discussed, though, in any event, the vast majority if not all of the relevant/responsive documents will either consist of Exchanged Documents, or be protected from disclosure by the attorney-client privilege or the mediation privilege. My suggestion is that we defer consideration of this request until after the motion to modify the mediation order is resolved so we can properly assess the nature of what might be included on a privilege log.

4) As you know, MBIA (and other parties including Debtors/ResCap) entered into a Confidentiality Agreement regarding all of the Examiner submissions. Technically, the Agreement prohibits MBIA and the other signatories from disclosing any of the submission papers, or their contents, or from using them for any other purpose. I am prepared to have a further meet and confer on this request to discuss how other parties have dealt with this restriction as to their own submissions.

7) Please see the attached 8-K which suffices for this request. For clarity, however, I can confirm that MBIA has no current holdings in the ResCap Liquidating Trust.

8) I do not recall discussing this. It is apparent that any communications regarding the claims that were ultimately brought against your clients would be protected from disclosure by the attorney-client or mediation privilege. I do not believe MBIA should incur the burden of undertaking an electronic record search to find and review, and then ultimately list on a privilege log, such documents. Further, the recent court ruling in Minnesota concerned part of this request and determined that documents relating to the motives in bringing the lawsuits were not relevant, and this provides a further basis to dispense with this request.

Please let me know if the foregoing is acceptable to resolve the motion to compel.

Regards,

Jonathan

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Tuesday, June 16, 2015 2:49 PM
**To:** Harris, Jonathan
**Cc:** Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** RFC/ResCap Litigation - MBIA Subpoena

Jonathan:

I write to memorialize our call today in which MBIA kindly agreed "in concept" to producing the narrower category of materials we discussed and, as such, we ask that you confirm your agreement **by no later than 12pm CT on Thursday, June 18, 2015** so that we can advise jointly advise the court.

Under our proposal, PNC will withdraw its motion to compel and MBIA will:

1. Produce "repurchase correspondence" (i.e., correspondence between MBIA and RFC/ResCap) it can reasonably locate within its files.

4

HARRIS_5

2. Re-produce the documents it previously produced in discovery during (a) any pre- or post-petition litigation with RFC/ResCap and (b) litigation of the 9019 motions filed in the ResCap bankruptcy. This would include any depositions, MBIA's expert reports, and documents relied upon by MBIA's experts in generating those reports.
3. Review for responsiveness and privilege emails and any attachments thereto from the email accounts of at least three MBIA custodians who MBIA represents, in good faith, had "primary involvement" in the negotiations with RFC and/or the decisions to file the pre- and post-petition lawsuits against RFC. Once this review is finished, MBIA will (1) produce all relevant, non-privileged documents identified; and (2) produce a privilege log in connection with this review. MBIA will further agree to afford PNC the opportunity to ask questions and request reasonably limited further production of documents contingent upon PNC's agreement that PNC will review MBIA's productions fully and completely prior to any subsequent requests for production, and that any such subsequent document requests will set forth with detail and precision exactly which additional documents are required and why.
4. Produce pre-mediation documents that it provided to the bankruptcy examiner (Arthur Gonzalez).
5. Review for responsiveness and privilege documents and communications relating to any "evaluations" of RFC-related loans (e.g., loan sampling or re-underwriting documents) conducted and prepared by MBIA in the ordinary course of its business. Once this review is finished, MBIA will (1) produce all relevant, non-privileged documents identified, and (2) produce a privilege log in connection with this review.
6. Produce loan tapes RFC sent to MBIA, to the extent such documents have been retained in MBIA's files.
7. Produce documents sufficient to show that MBIA has no current holdings in the ResCap Liquidating Trust, either directly or indirectly through (for example) parent companies, subsidiaries, other holdings, or investments.
8. Produce all non-privileged documents and communications concerning the correspondent lender litigation (i.e., the "Actions" as defined in the Subpoena), including (a) the actual or potential causes of action against the "originators" (i.e., the correspondent lenders), including Defendants in the Actions; (b) the actual or potential recoveries of assets or damages from the Actions (in the aggregate and by originator), and (c) the decision to bring the Actions.
9. Produce non-privileged documents reflecting any analysis or report concerning any mortgage loans originated by the Defendants in the Actions.
10. Agree, for all the documents and materials listed above: (a) to obtain RFC/ResCap's agreement to produce by no later than July 8, 2015 those materials in the above categories that are already in RFC/ResCap's or its attorneys possession, custody or control, and (b) MBIA agrees that it will produce the balance.

Further, the scope of the production would be limited to the period of January 1, 2009 to December 31, 2013, except for documents that are covered by the mediation order in the bankruptcy case. PNC would, however, reserve the right to seek documents covered by the mediation order (December 26, 2012 through December 11, 2013) once the motion pending in New York regarding that order is resolved, and MBIA would supplement its production accordingly in accordance with that court's decision.

In the interim, as you requested, we will stipulate to a further extension of the briefing schedule on PNC's motion, setting the due dates as follows: MBIA's response due on July 9, PNC's reply in support due July 16, hearing on July 21. We will prepare the letter and send it for your review and approval.

Thanks again for your anticipated cooperation.

Best regards,
-Paul

A. Paul Heeringa
Litigation Attorney | **BuckleySandler LLP**
353 N. Clark Street, Suite 3600 | Chicago, IL 60654
T. 312.924.9884 | C. 312.399.9607
pheeringa@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com

HARRIS_6



This message and its attachments are sent from the MBIA's office of the General Counsel and may contain information that is confidential, subject to the attorney-client privilege, and/or attorney work product protected from disclosure. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

HARRIS_7

## Heeringa, Paul

| | |
|---|---|
| **From:** | Rome, Michael |
| **Sent:** | Thursday, April 30, 2015 10:51 AM |
| **To:** | Harris, Jonathan |
| **Cc:** | Levin, Fredrick; Heeringa, Paul; Gottlieb, Richard |
| **Subject:** | RE: Subpoena to MBIA dated January 20, 2015 -- Meet and Confer Discussion |

Jonathan:

Thank you for your note, and our apologies for not getting back to you sooner. Based on our discussions, we are regrettably at an impasse.

While we appreciate your effort to clarify MBIA's position, you misstated Defendants' position. Defendants have never agreed that MBIA need not produce until after RFC completes its production. Nor do we agree with the position stated in MBIA's objections that production from MBIA must also await resolution of any disputes regarding the scope of production between RFC and Defendants. RFC's production is being made on a rolling basis, and we are under no legal obligation to wait until it is complete before seeking documents from MBIA via subpoena.

To the extent we actually receive documents from RFC that are responsive to any particular request in the subpoena, we agree that we will work with MBIA in a concerted effort to avoid unnecessary duplication. We have taken this position in good faith, and not because we are legally required to first seek discovery from RFC—we are not. For example, we understand from RFC's counsel, Anthony Alden, that MBIA has now consented to RFC's production to Defendants of all documents (including deposition transcripts, exhibits, and privilege logs) MBIA produced to RFC in the pre-petition litigation and the RFC Bankruptcy, and that RFC will produce those documents to Defendants. However, RFC has not agreed to produce the actual written discovery requests and responses. Accordingly, we will not seek to compel production of documents responsive to Request No. 10 in the subpoena, which calls for the production of the pre-petition and bankruptcy discovery materials, other than the written discovery requests and responses that RFC has not agreed to produce. Further, reserving all rights, we will likewise defer seeking relief at this time on Requests Nos. 1 and 2 in the subpoena, because we believe RFC's production, if complete, will ultimately include most of the documents responsive to these requests. To the extent that you are able to identify other categories of documents where RFC's production is or will timely result in a verifiably complete response to a particular category of documents requested in the subpoena, we are willing to discuss that with you to avoid unnecessary duplication of documents (before or after our motion to compel is filed).

To date, we have not received documents from RFC in discovery that would also be fully responsive to any of the remaining requests in the subpoena to MBIA. As such, we are entitled to a full production from MBIA now as to these remaining requests. And given MBIA's complete refusal to discuss producing a single document in response to the subpoena or to adequately explain the basis of its boilerplate objections, we are at an impasse and have no choice but to move forward with a motion to compel.

Thanks again,

Michael

**From:** Harris, Jonathan [mailto:Jonathan.Harris@mbia.com]
**Sent:** Friday, March 20, 2015 7:27 AM
**To:** Levin, Fredrick
**Cc:** Rome, Michael; N. Mahmood Ahmad, Williams & Connolly LLP; 'jennifer.olson@leonard.com' (jennifer.olson@leonard.com); Jonathan Jenkins, JENKINS KAYAYAN LLP; Lara Kayayan, Jenkins LLP; Anthony Alden

1

HARRIS_8

(anthonyalden@quinnemanuel.com)
**Subject:** RE: Subpoena to MBIA dated January 20, 2015 -- Meet and Confer Discussion

Fred: I'm adding to this e-mail string Anthony Alden of Quinn Emanuel, who you represented was your contact for plaintiffs on the issue of those MBIA documents produced in the RFC litigation. I communicated with Mr. Alden regarding MBIA's position and you should collectively let me know if there are any issues going forward. As to the substance of your e-mail, I think you inadvertently mis-stated MBIA's position. (a) below is certainly correct. As to (b), however, MBIA's position is that other than documents produced by MBIA in the RFC litigation, the documents that would be responsive to your subpoena would either be privileged (attorney-client, work product, or mediation privilege depending on the request) and/or irrelevant (i.e., not necessarily both as your e-mail suggests). Further, MBIA is not refusing to produce documents; rather, as I expressed, MBIA remains willing to meet and confer to discuss a production of documents after you have gone through party discovery and are more informed as to what, if any, relevant, non-privileged documents you may require at that time. MBIA believes – and I don't believe you disagree – that it is an unfair and unwarranted burden on a third party to demand documents that are likely to be produced by a party, whether or not you are correct that Defendants have a legal burden to seek such documents from a party in the first instance. I remain willing to discuss these issues if you think it would be helpful. Regards, Jonathan

**From:** Levin, Fredrick [mailto:flevin@BuckleySandler.com]
**Sent:** Thursday, March 19, 2015 9:01 PM
**To:** Harris, Jonathan
**Cc:** Rome, Michael; N. Mahmood Ahmad, Williams & Connolly LLP; 'jennifer.olson@leonard.com' (jennifer.olson@leonard.com); Jonathan Jenkins, JENKINS KAYAYAN LLP; Lara Kayayan, Jenkins LLP
**Subject:** Subpoena to MBIA dated January 20, 2015 -- Meet and Confer Discussion

Jonathan:

Thank you for our call on Monday, March 16th and the one held on February 23rd. To confirm, our understanding of MBIA's position is that (a) relevant responsive documents should first be obtained from Plaintiffs RFC and the ResCap Liquidating Trust, and (b) any otherwise responsive documents (including pre-mediation documents relevant to the settlement discussions) are irrelevant and privileged without exception. In light of these two primary objections, MBIA is refusing to produce any documents in response to our subpoena dated January 20, 2015.

As I have said, we will not require MBIA to duplicate production of documents we actually receive from RFC. To that end, we appreciate your willingness to speak to Quinn Emanuel regarding MBIA's consent to production of the documents Plaintiffs are withholding based on the protective order entered by the bankruptcy court.

However, as stated during our call, it is our position that Defendants have no legal obligation to first seek from Plaintiffs relevant documents responsive to our subpoena to MBIA. That Plaintiffs may have documents responsive to the subpoena does not relieve MBIA of its obligations, especially when it is unknown what Plaintiffs will actually produce and what additional responsive documents MBIA may have. Nor do we agree with your assertion that all responsive documents are privileged. In light of MBIA's blanket refusal to comply with the subpoena, we have no choice but to pursue all appropriate remedies.

Thanks.

-- Fredrick

Fredrick S. Levin
Partner| **BuckleySandler LLP**
100 Wilshire Boulevard, Suite 1000 | Santa Monica, CA 90401
T. 310.424.3984 | C. 213.248.6545 | F. 310.424.3960
flevin@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com

2

HARRIS_9



This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

This message and its attachments are sent from the MBIA's office of the General Counsel and may contain information that is confidential, subject to the attorney-client privilege, and/or attorney work product protected from disclosure. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.