# EXHIBIT D

STANISCI_1

## Heeringa, Paul

**From:** Stanisci, Jared <Jared.Stanisci@cwt.com>
**Sent:** Wednesday, November 04, 2015 6:54 PM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul: Responses to your October 30th email are below.

**1. MBIA v. GMAC Documents** – MBIA has consistently refused to undertake the burden and expense of producing documents that Defendants can and should seek from the Plaintiff because the Plaintiff possesses the exact same documents. Contrary to your October 16 email, courts within the Second Circuit support MBIA's position. *See, e.g., Burns v. Bank of America*, No. 03-CV-1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34. **If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.**"). The cases you cited in your October 16 email are not persuasive.

**2. Examiner Documents** – MBIA produced documents bates-stamped Rescap-MBIA-00000001 – Rescap-MBIA-00018787 to Defendants this week, representing the discovery materials, including expert reports and supporting documents, from the MBIA v. RFC litigation relied on in MBIA's Examiner Submission, although we understand all of these materials had already been produced to Defendants by the Trust. We reiterate the position stated in my October 26 email below with respect to the Submission itself.

**3. Email Production** – Your proposal, including your proposed search terms, does not address any of the issues MBIA has raised. MBIA's email discussions from 2009 through 2013 related to the extremely broad categories of documents requested by Defendants would overwhelmingly be protected from disclosure by the attorney client or other applicable privileges, so your proposal would result in MBIA having to log over four years' worth of communications. Your proposed search terms bear this out, targeting emails that discuss various legal theories or specific lawsuits related to RFC. Defendants have articulated no theory by which this exercise will confer any benefit on them. Defendants have at this point received hundreds of thousands of pages of MBIA documents, including over 170,000 pages of documents MBIA produced to RFC in the MBIA v. RFC litigation, MBIA's expert reports served in the litigation, the transcripts of dozens of MBIA witnesses deposed in the litigation, and nearly 20,000 pages of documents representing the discovery materials and supporting documents from the litigation relied on in MBIA's Examiner Submission.

**4. Mediation Log** – MBIA continues to object to creating a Mediation Log for the reasons we have repeatedly stated.

You can consider these responses MBIA's final position with respect to the issues we have been discussing. MBIA has gone above and beyond to work with Defendants and Defendants have received an enormous amount of documents thanks to MBIA's efforts. Before you embark on the expensive process of motion practice, we once again – as we have all along – urge you to review the hundreds of thousands of pages of documents you already have that capture all of the information you are looking for. In that regard, please confirm that Defendants have reviewed all or substantially all of these materials.

Again, to the extent you would like to have a discussion once you have completed that review, we are available. MBIA reserves all rights in equity and law, including the right to seek attorney's fees and costs.

Best,
Jared

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**

STANISCI_2

200 Liberty Street
New York, New York 10281
T: 212.504.6075 | F: 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
CADWALADER

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Friday, October 30, 2015 7:45 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Jared: Responses to your October 26th email are below. Please address the issues below by close of business on **Wednesday, November 4, 2015** or we will consider all remaining disputes unresolved and fully joined.

1. **MBIA v. GMAC Documents** – Your recollection of our discussion differs from mine. In any event, while we appreciate you reaching out to MBIA's other counsel, your oft-repeated "perspective" that defendants must exhaust efforts to obtain relevant documents from the parties remains legally untenable under the authorities we previously provided. Applicable law is clear that defendants are entitled to obtain relevant documents from MBIA under Rule 45, to the extent those documents are in its possession, custody or control of course, *regardless of whether some or all of those document are available elsewhere*. And the Trust's mere "position" on relevance is immaterial to that entitlement here. Our subpoena was issued to MBIA, and it is improper for MBIA to continually allow the Trust to dictate its actions, particularly if MBIA no longer has any interest in the outcome of this litigation as you say. Accordingly, please advise whether (a) MBIA or its counsel has the requested documents and (b) whether they will be produced.
2. **Examiner Documents** – *First*, as a housekeeping matter, we have not yet received the other examiner materials that you agreed to produce, and your message indicates that you were "on track to produce by the end of th[is] week." Please advise. *Second*, as to MBIA's examiner submission paper, we have found no authority supporting your apparent position that a confidentiality agreement that was *not entered as a court order* somehow trumps a duly-issued and properly-served Rule 45 subpoena. Further, according to the unexecuted copy you provided, one of primary purposes of the agreement was to allow the parties to *share their submission papers with one another* in confidence and, as such, MBIA's only obligations are to "object to production [and] give prompt written notice to each Party or Additional Party *whose Submission Paper was subpoenaed or otherwise demanded.*" It does not "proscribe" the production of MBIA's *own* submission paper nor does it require MBIA to solicit (much less obey) the Trust's objections and, thus, it does not support MBIA's refusal to produce here. To be clear, we are only asking MBIA to produce its own submission paper and the supporting documents, which will be protected by the terms of the protective order in the underlying case, like FGIC already did. We are not asking MBIA to produce the submission papers of any other parties to the confidentiality agreement at this time. Please advise whether MBIA will produce its submission paper.
3. **Email Production** – Your comments raise three issues: *First*, we do not agree to table this discussion as you request. The issue presently before Judge Glenn is not about the scope of the mediation order but whether a request for pre-mediation settlement communications is timely under the discovery schedule and/or would pose an undue burden on *plaintiffs*. No one is contending that those communications are protected from disclosure and, thus, the current dispute between the parties has no bearing on the subpoena to MBIA. *Second*, once again, your bald claims of burden are improper and disingenuous, particularly as it is clear that you haven't searched for responsive emails yet. *Third*, your recollection of our discussion differs from mine and, from your comments, it appears that you did not see or review our "email proposal" (sent under separate cover) which substantially narrows the scope of our subpoena. In any event, to reiterate, we propose the following:

STANISCI_3

a. In response to the subpoena, MBIA would produce non-privileged emails and related attachments falling outside the scope of the "Mediation Order" (as described in my September 14th email to you) subject to the limitations and clarifications below.
b. Said production would limited to emails and attachments only, and MBIA would be required to perform a good faith, electronic search of the email accounts of a limited number of "Custodians" (i.e., email account holders). MBIA would also provide a suitable log reflecting any emails and attachments withheld from this production on the basis of an applicable privilege (including the Mediation Order).
c. The Custodians for this production would include *at least* three individuals who MBIA represents, in good faith, had a "primary" role in either (i) the "MBIA Lawsuits" (which are specifically listed in the subpoena), (ii) pre-petition negotiations with RFC and its related entities prior to the RFC/ResCap bankruptcy, and/or (iii) the RFC/ResCap bankruptcy, including Mitchell Sonkin.
d. The general subject matter of the production would be (i) the RFC/ResCap bankruptcy, (ii) MBIA's fraud and other claims against RFC and its related entities, (iii) the MBIA Lawsuits, (iv) RFC-sponsored "securitizations" and the underlying "mortgage loans" (as specifically defined in the subpoena), and (v) the underlying lawsuits against the Defendants (the "Topics").
e. We will provide MBIA with a narrowly tailored list of search terms pertaining to the Topics above ("Search Terms"). Proposed terms are set forth in the attached document. (Note that the precise syntax of the strings may be subject to revision depending on the software to be used.)
f. The temporal scope of the production would be limited to the time period starting on February 1, 2009 through and including December 31, 2013 ("Time Frame").
g. Using the Time Frame and Search Terms provided, and no later than five days after its receipt of the Search Terms, MBIA will provide reasonable cost estimates for the review and production of emails and attachments from the Custodians. The estimates would be based on the number of "hits" (i.e., the number of emails returned in the search) and should not require any substantive review.
h. Without waiving any objections, defendants are amenable to a reasonable cost sharing arrangement based on the cost estimates provided. However, we would retain the right to request further productions under the terms of our original agreement with Mr. Harris.

Please advise whether MBIA agrees to the foregoing proposal.

4. <u>Mediation Log</u> – Again, your comments do not accurately reflect our discussion and, in any event, your "estimate" does not support your burden objections for a number of reasons. *First*, you do not explain how you arrived at your $100,000 figure—e.g., how many hours, how many documents, how many people, billing rates, vendor estimates, etc. *Second*, assuming you are charging your client $500/hour to review and log documents (a price which is inflated even by New York standards), we are hard pressed to believe it would take you 200 hours to create a log of roughly one years' worth of documents from a limited number of custodians. *Third*, we remain equally skeptical that a large insurance company with an insured portfolio of over $50 billion and roughly a half billion in net income in 2014 cannot afford to produce a log so that we can adequately assess whether it is properly withholding documents—even assuming *arguendo* your inflated "estimate" is accurate. *Fourth*, we fail to see how merely providing an estimate is by itself "extremely difficult," particularly when MBIA is legally obligated to do so to support its burden claims. In short, because MBIA has yet to make any serious effort to quantify the amount of time or effort that would ostensibly be required, defendants demand—for the <u>final</u> time—that MBIA produce the requested log. Further, without waiving any objections, defendants are amenable to a reasonable cost sharing arrangement if and when MBIA provides a realistic estimate in this regard. Please advise as to MBIA's position.
5. <u>Missing Documents</u> - We have located the documents Bates labeled MBIA_00000001 through 00008444. We consider this issue resolved. Thank you for your assistance.

Best regards,
-Paul

A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884

Attachment to October 30, 2015 email from P. Heeringa to J. Stanisci

STANISCI_5

**Proposed Search Terms for MBIA Email Production**

- (rescap or RFC or "residential cap*" or "residential fund*") /5 "Liquidating Trust"
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings) /30 (bankrupt* or "proof of claim" or POC or "global settlement" or 9019 or "adversary proceeding" or "adv. proc." or plan or "creditor*" or "first day")
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings) /30 (litigation or lawsuit* or complaint* or ADR or mediat* or arbitrat* or action* or claim*)
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings or RAMP* or RFMS* or RASC*) /20 securitization* or securities or RMBS* or transaction* or "loan pool*" or sponsor* or depositor*
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings or "*@rescap.com" or "*@gmacrescap.com" or "*@gmacrfc.com" or "*@rfc") /30 (fraud* or defraud* or misrepre* or negligen* or mislead* or misstat* or "false representation*" or breach* or unjust or violat* or representation* or warrant* or "reps and warranties" or repurchas* or "re-purchas*" or "put back" or putback* or "buy back*" or buyback* or substitute* or cure* or default* or delinquen* or defect* or "alter ego" or resciss* or illegal or criminal)
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings or "*@rescap.com" or "*@gmacrescap.com" or "*@gmacrfc.com" or "*@rfc") /10 (indemnif* or indemnit*) /10 (loss* or damage* or liab* or judgment* or demand* or cost* or expense* or fee*)
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or "*@rescap.com" or "*@gmacrescap.com" or "*@gmacrfc.com" or "*@rfc") /20 ("client guide" or guideline* or Assetwise or "AW" or AVM* or underwrit* or "due diligence" or "quality control" or "quality review" or QR or QC or audit* or Propertywise or Evaluwise or "automated valuation" or "automated decision*")
- "13-cv-3451*" or "13-cv-3498*" or "13-cv-3447*" or "13-cv-3451*" or "13-cv-3476*" or "13-cv-3513*" or "13-cv-3517*" or "13-cv-3519*" or "13-cv-3520*" or "13-cv-3525*" or "14-cv-1737*" or "13-cv-3523*" or "13-cv-3450*" or "13-cv-3470*" or "13-cv-3490*" or "13-cv-3492*" or "13-cv-3497*" or "13-cv-3499*" or "13-cv-3511*" or "13-cv-03451*" or "13-cv-03498*" or "13-cv-03447*" or "13-cv-03451*" or "13-cv-03476*" or "13-cv-03513*" or "13-cv-03517*" or "13-cv-03519*" or "13-cv-03520*" or "13-cv-03525*" or "14-cv-01737*" or "13-cv-03523*" or "13-cv-03450*" or "13-cv-03470*" or "13-cv-03490*" or "13-cv-03492*" or "13-cv-03497*" or "13-cv-03499*" or "13-cv-03511*"
- (rescap or RFC or "residential cap*" or "residential fund*") /20 (PNC or "National City" or "NCM*" or "Nat. City" or "Nat City" or "NatCity" or "mortgage outlet" or "academy mortgage" or "central pacific" or "BB&T" or "branch banking & trust" or "terrace mortgage" or "universal American mortgage" or "homestead funding" or "wells fargo" or "decision one mortgage" or "BMO" or "M&I" or "AmerUs*" or "Guaranty Bank" or "Fremont" or "first mortgage*" or lenox or "lake forest" or "mortgage access*" or "sierra pacific" or "correspondent lender*")
- (rescap or RFC or "residential cap*" or "residential fund*" or GMAC or Ally or AFI or Homecomings) /5 (v or versus) /5 MBIA
- "603552/2008" or "600837/2010" or "12-cv-2563*" or "12-cv-02563*" or (603552 /2 2008) or (600837 /2 2010)
- (GMAC* or RAMP* or RFMSII* or "RFMS2*" or RASC* or GSR*) /3 (2004 or 2005 or 2006 or 2007) /3 (HSA* or HE* or HEL*)
- "2006-HSA4" or "2006-HSA5" or "2007-HSA1" or "2007-HSA2" or "2007-HSA3" or "2004-HE4" or "2006-HE4" or "2007-HE1" or "2007-HEL1"

STANISCI_6

C. 312.399.9607

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Monday, October 26, 2015 7:28 PM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul: Below are responses to your October 16 and 21 emails, as well as clarifications regarding our telephone discussion on October 20 as necessary.

1. **MBIA v. GMAC Documents** – To clarify, on our October 20 call, I asked if the Trust had produced documents from the MBIA v. GMAC litigation and you said your understanding was that it had. I told you my understanding was the opposite, that the Trust has **not** produced any MBIA v. GMAC documents, and that the Trust's position is the documents are not relevant to its claims in the underlying litigation. I asked you to please speak to your colleagues and clarify the parties' positions with respect to the MBIA v. GMAC documents. I also explained that, in any event, from MBIA's perspective the situation is the same as with the documents produced in the MBIA v. RFC litigation: MBIA will only step in if the Trust agrees to make the production and is unable to do so because of technical issues. MBIA reiterates its position that Defendants should seek these documents from the Plaintiff, a party to the underlying actions, and that we will not incur the time and expense associated with producing the MBIA v. GMAC documents given the current state of play. You asked that I find out if MBIA has the documents in its possession or if, as with the RFC documents, the documents are archived with a third party vendor. I have reached out to MBIA's counsel in the MBIA v. GMAC action and will let you know when I have spoken to them.

2. **Examiner Submission And Exhibits** – The Trust objected to the production of MBIA's Examiner Submission, but not to the production of the discovery materials or expert reports from the MBIA v. RFC litigation relied on in the Submission, so we are prepared to produce those materials, as I indicated, despite our understanding that Defendants already have received all of those documents though discovery in the underlying litigation. I informed counsel for Ally of MBIA's plan and they do not object. MBIA is still on track to produce by the end of the week, but I will let you know if the ETA changes. As I explained on our call, MBIA has maintained all along that the Confidentiality Agreement Regarding Examiner Submission Paper, by its terms, proscribed production of each Submission and MBIA has now received an objection to the production of its Submission for that very reason, so we are not prepared to produce the Submission Paper at this time. If Defendants want to raise this issue with the Trust, please feel free.

3. **Email Production** – MBIA continues to object to this request. First, as I said in my October 13 email and on our October 20 call, MBIA will not agree to the review and production of documents described in Defendants' October 2 email because Defendants had not identified specific categories of documents missing from the Exchanged Documents and instead requested a burdensome review of all documents from February 2009 to the present with respect to extremely broad categories of documents, including the Rescap Bankruptcy, the MBIA Lawsuits, and the RFC-sponsored securitizations. Second, MBIA has repeatedly explained that documents and communications pertaining to these broad categories would overwhelmingly be privileged and Defendants are therefore asking MBIA to incur substantial costs simply to create a voluminous privilege log. Third, you stated on the call that Defendants seek access to emails in which MBIA analyzed losses to the RFC securitizations, but I explained that MBIA's position regarding losses with respect to the relevant RFC securitizations is contained in MBIA's detailed, and public, Proofs of Claim filed in connection with the Rescap bankruptcy. Your October 21 does not alleviate any of the problems with your request or confront the objections MBIA has raised. You include the same broad categories of documents contained in your October 2 email and request

that MBIA review and produce or log nearly five years' worth of communications related to those categories. On our call, as you correctly state below, I said MBIA would not agree to produce documents in response to such broad requests, and I told you that if you provided MBIA with much more narrow categories of documents, we would be happy to consider them. We still have not received those narrower categories of documents. In any event, I also told you on our call that I understood that Judge Glenn had requested a call with Plaintiff and Defendants to discuss a dispute regarding email review and production of pre-mediation documents. Judge Glenn has ordered that the parties appear telephonically at 4pm EDT on Monday November 2, 2015 to discuss the issues related to discovery and ordered that "[n]o discovery-related motions may be filed by any party before the conference." *See* Order Scheduling Telephone Hearing Concerning Discovery Disputes, *In re Rescap Liquidating Trust Mortgage Purchase Litigation*, Adv. Proc. No. 14-7900 (MG) (Dkt. # 136). As we agreed with respect to Judge Glenn's decision on the Mediation Order, we think the parties should table further discussion of custodian/email-discovery pending Judge Glenn's decision on the issues to be raised Nov. 2.

3b. **Mediation Log** – On our call, you reiterated your request for an estimate of the costs MBIA would incur in connection with creating a log of all documents and communications covered by the Mediation Order (which was in effect from Dec. 26, 2012 through Dec. 11, 2013). I asked you to clarify who the email custodians would be with respect to such a log, and you said the custodians would be the 3 to 4 MBIA employees who had a "primary" role in negotiations related to the ResCap bankruptcy. While MBIA still maintains that providing such an estimate is extremely difficult, and without waiving any of its rights, MBIA estimates that, at a minimum, it could cost MBIA $100,000 to conduct an email search, review all of the email hits and attachments, and create a Mediation log. We continue to object to undertaking that process, but if Defendants will agree to incur MBIA's costs up to and exceeding its estimate with respect to the creation of a Mediation Log, we will reconsider.

4. **Purportedly Missing Production** – Please advise as to whether you located the production of MBIA_00000001 through 00008444.

Best,
Jared

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York 10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
CADWALADER

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Wednesday, October 21, 2015 2:00 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Jared:

Thank you for your time yesterday. To summarize our discussion:

1. **MBIA v. GMAC Documents** - You stated that Cadwalader did not represent MBIA in the *MBIA v. GMAC* litigation. You also indicated that, based on your discussions with counsel for the ResCap Liquidating Trust ("Trust"), you believe that plaintiffs have disputed the relevancy of those documents and/or that plaintiffs have already produced them. In response, I indicated that I was unaware of any such dispute or production. I also noted that any unresolved dispute between the Trust and the defendants does not provide a proper basis for

withholding documents in response to defendants' subpoena to MBIA. Nevertheless, you indicated that you would inquire as to whether the documents in exchanged in that litigation are accessible and whether MBIA is willing to produce them as a compromise.

2. **Examiner Documents** – You indicated that, pursuant to the parties' confidentiality agreement in the bankruptcy, the Trust has objected to the production of MBIA's examiner submission paper. Accordingly, you stated that MBIA is willing to produce only the underlying documents but not the submission paper. In response, I reiterated that (i) FGIC (another monoline insurer, major creditor, and initial nominating party in the bankruptcy) has already produced its examiner submission paper as well as the underlying documents and (ii) the confidentiality agreement—which was not entered as a court order—is not a proper basis for withholding MBIA's examiner submission paper. You also noted that counsel for Ally has "posed some questions" but has not formally objected and that you will speak with Ally this week. You also stated that you are targeting the end of next week for production of the underlying examiner documents to us.
3. **Email Production** – You indicated that MBIA was not willing to produce any emails *at this time* due to the breadth of the request. In response, I stated that, without conceding MBIA's objections, we would send you a proposal to narrow the scope of this production, and you stated you would consider it.
4. **Withheld Mediation Documents / Log** – You reiterated MBIA's burden objections to producing a log of documents being withheld on the basis of the Mediation Order. In response, I indicated that (i) we are entitled to a cost estimate at the minimum and (ii) we would not expect MBIA to log external communications between its outside counsel and would only need a log of "MBIA people" (*e.g.*, communications between MBIA and its counsel or internally). In light of that clarification, you stated that MBIA would provide us with a cost estimate for the requested log.
5. **"Missing" Production (docs 1-8444)** – You stated that, according to your discussions with counsel for the Trust, documents 1 through 8444 were already produced as part of "Common Production #10" on May 28, 2015. I stated that our tech people have no record of those documents but I would double check.

If your understanding of our discussion differs than mine, please let me know.

Our responses to the foregoing are below:

- We await your response on item 1. We again request that MBIA either produce the *MBIA v. GMAC* documents or instruct plaintiffs to produce them to us without further delay.
- For item 2, in light of FGIC's production and for reasons previously stated, we appear to be at an impasse on the production of MBIA's examiner submission paper, but please confirm if MBIA contends otherwise. The law does not support your position, the confidentiality order in the underlying litigation should alleviate any confidentiality concerns, and plaintiffs can move for a protective order on MBIA's examiner paper if they so choose. We do, however, appreciate your agreement to produce the underlying examiner documents by the end of next week, but please let us know if your ETA changes.
- For item 3, a proposal will follow under separate cover. Please advise if MBIA is amenable to it.
- We await your response on item 4. Please confirm when we will receive your cost estimate. Given the time constraints under the current discovery schedule in our case, we ask that it be provided as soon as possible.
- For item 5, I have inquired of our tech people and will touch base with you if they are not located.

Please provide MBIA's final responses to each of these issues by no later than **close of business on Monday, October 26th** so that we can bring any outstanding issues to the court's attention. Thank you in advance for your anticipated cooperation and prompt response.

-Paul

A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884

STANISCI_9

C. 312.399.9607

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Monday, October 19, 2015 9:44 AM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul, we'll review your email and respond accordingly. Thanks for agreeing to speak. Today is not great for me, but I can be available between 1pm and 5pm CT on Tuesday or Wednesday. Just let me know what works best.

Best,
Jared

---

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York 10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
**CADWALADER**

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Friday, October 16, 2015 5:22 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Jared: Responses to your Oct. 13 email are below.

1. We appreciate your verification that documents were exchanged in the MBIA v. GMAC litigation. However, your refusal to produce these documents is contrary to well-established law. In fact, Second Circuit courts have repeated held that a third party like MBIA may not avoid responding to a subpoena simply by saying that the evidence sought is obtainable from another source, even if that source is a party in the underlying litigation. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P. C.*, 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2007 WL 187692, at *3 (S.D.N.Y. Jan. 22, 2007); *Pfizer Inc. v. Mylan Labs., Inc.*, 2003 U.S. Dist. LEXIS 24806, at *6 (S.D.N.Y. Dec. 17, 2003); *In re Honeywell*, 230 F.R.D. 293, 300-01 (S.D.N.Y. 2003). These documents—like those from the MBIA v. RFC litigation that you have already produced—should be readily accessible to MBIA, and you offer no justification for your

refusal to produce them. Please advise whether MBIA will agree to produce these documents or whether it will be necessary to seek the court's intervention.

2. Thank you. We assume that you have received no objections by now, but please advise whether our assumption is incorrect. The confidentiality order should be fairly self-explanatory on designating documents as confidential. I am, however, available to speak on Monday, October 19, between 1pm and 5pm CT. Please let me know what time works for you and I will call you then.

3. With all due respect, we have identified specific categories of missing documents and once again you are mischaracterizing our agreement with Mr. Harris with respect to email discovery. In any event, rather than continue trading emails on this point, I suggest we discuss this issue when we speak regarding the examiner materials. I am confident we can reach a reasonable compromise here.

3b. We can discuss this further on our next call if you like but it appears we are at an impasse. First, not all communications that occurred during the bankruptcy are protected by the Mediation Order. Second, you continue to claim that it would be a "massive and expensive burden" to give us a log of responsive documents being withheld on the basis of the Mediation Order. Yet you have made no serious attempt to quantify the amount of time and effort that would ostensibly be involved in doing so as required under the law, nor show that any costs (however "substantial") would be *unduly* burdensome for a large insurance company like MBIA. Second Circuit courts have repeatedly rejected such burden claims. *See, e.g., In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 140 (S.D.N.Y. 2010); *E.E.O.C. v. Sterling Jewelers Inc.*, 2013 WL 5653445, at *10 (W.D.N.Y. Oct. 16, 2013); *Chevron Corp. v. Donziger*, 2013 WL 1087236, at *33 (S.D.N.Y. Mar. 15, 2013). And baldly claiming it would be too costly to even *give* us a cost estimate for the log in the first place begs credulity. Unless MBIA is willing to (i) give us a log, (ii) provide us with a time and cost estimate for doing so (i.e., x hrs and at cost of y dollars) to support its burden claims, or (iii) has an alternate proposal in mind where defendants can adequately assess MBIA's (thus-far unsubstantiated) claims that "voluminous communications would all be protected from disclosure by the Mediation Order," then we will be forced to seek judicial assistance.

Finally, your understanding is incorrect: we did not receive documents numbered MBIA_00000001 through 00008444, which is why I inquired. It appears that you have a copy (correct me if I am wrong). Rather than get into another protracted conversation here, we ask that you either instruct plaintiffs to send us a copy by close of business on Tuesday or send us a copy directly. Please advise.

Best regards,

-Paul

A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Tuesday, October 13, 2015 5:31 PM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul: Responses to your Oct. 2 email below. Hope all is well.

1a. Yes, MBIA and GMAC Mortgage exchanged some documents, although my understanding is that document discovery was incomplete at the time the automatic stay took effect.

1b. No, MBIA doesn't plan to produce documents exchanged in the MBIA v. GMAC Mortgage litigation. As you stated in your email, GMAC Mortgage was a wholly owned subsidiary of ResCap. Accordingly, the Plaintiff should have all of the MBIA v. GMAC Mortgage documents in its possession, custody and control and should be able to produce them to you, to the extent those documents are relevant to the underlying litigation.

2. We appreciate it. As promised, MBIA sent out notices to the Parties to the Confidentiality Agreement Regarding Examiner Submission Paper and to RFC. We have asked all Parties to respond, if at all, by the end of this week, so that we can produce the documents to you promptly. We will let you know if anyone objects. In the meantime, we are collecting the documents and preparing them for production. I would like to discuss the personal identifying information and Confi very briefly. If you could let me know a few times that work later this week, I'd appreciate it.

3. With all due respect, Defendants have not identified specific categories of documents missing from the Exchanged Documents. Instead, Defendants appear to have broadened the document requests in the Subpoena and made them more vague, including by purporting to request all documents from February 2009 to the present (other than those protected from disclosure by the Mediation Order) "reflecting or relating" to the Rescap Bankruptcy, the MBIA Lawsuits, and any RFC-sponsored securitizations. MBIA already objected to the Subpoena on the grounds that it was both overly broad and unduly burdensome and that it was vague and ambiguous. MBIA renews those objections with respect to the categories requested in your Oct. 2 email. Further, with respect to Request 3d (all documents reflecting or relating to "MBIA's involvement or interaction with the ResCap Liquidating Trust after the bankruptcy (including but not limited to the activities of Mitchell Sonkin as a Trust board member")), the Court already determined that Defendants have failed to articulate a need for such documents. In particular, the Court held that "[t]o the extent that individuals or entities who previously accused RFC of fraud [e.g. MBIA] may now be involved in RFC's operations or management, Defendants have not explained how that information bears on the merits of any claim or defense in this case." *In Re RFC and ResCap Liquidating Trust Litigation*, Case No. 13-cv-3451 (SRN/JJK/HB), Order on Motion to Compel, dated June 8, 2015 (Dkt. No. 515).

Defendants are also reneging on prior agreements they made with MBIA during the meet and confer process. For example, in your Oct. 2 email Request 3e, you request all documents reflecting or relating to the underlying litigation against the Defendants [i.e. the correspondent lender litigation]. However, in a July 2, 2015 email you sent to Jonathan Harris, Defendants agreed "to forego [your] request for item 8." Item 8, defined in your June 16, 2015 email to Mr. Harris, sought production of "all non-privileged documents and communications concerning the correspondent lender litigation..." Accordingly, we request that Defendants immediately withdraw this request. Additionally, Defendants now purport to expand the relevant time period. In your June 16, 2015 email to Mr. Harris, you stated that the "scope of production would be limited to the period of January 1, 2009 to December 31, 2013." However, in your October 2 email, you have attempted to add more than 20 months to the relevant time period by demanding documents from February 2009 to the present. Again, MBIA objects and requests that Defendants adhere to their prior agreements.

3b. As you know, the Federal Rules of Civil Procedure impose on Defendants an obligation to take reasonable steps to avoid imposing an undue burden on MBIA, a non-party to the underlying litigation. As we have repeatedly said, requiring MBIA to compile a log of all communications from the approximately yearlong period covered by the Mediation Order would be a massive and expensive burden that would provide no corresponding benefit to Defendants.

During the period covered by the Mediation Order, MBIA, CWT, and their agents and advisors were corresponding with the various and numerous other parties to the mediation (and their own attorneys, agents and advisors), continuously, nearly every business day. Those voluminous communications would all be protected from disclosure by the Mediation Order. Given the sheer volume of documents and the cost and burden associated with even collecting them, we doubt

there is any way to give you the kind of specific time and cost estimate you seek, but such an undertaking would likely take several months, at the very least. I am happy to discuss further on our call.

Finally, your tech people are correct. MBIA, you will recall, only provided the Trust with documents that were missing from the Trust's copy of the Exchanged Documents, so that the Trust could complete its production to Defendants. My understanding is that documents numbered MBIA_00000001 through 00008444 were not missing from the Trust's files and that they have been produced to Defendants. If my understanding is incorrect, please let me know and I would be happy to reach out to the Trust to discuss further.

Best,

Jared

---

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York 10281
**T:** 212.504.6075 | **F:** 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
**CADWALADER**

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Friday, October 02, 2015 5:52 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Jared, responses to your September 29th email are below:

1. Thank you. Can you also please confirm (a) whether there were any documents exchanged in the *MBIA v. GMAC Mortgage* case, Index No. 600837/2010, New York Supreme Court; and (b) if so, will you be producing those exchanged document to us as well? As you know, GMAC was a wholly owned subsidiary of ResCap (one of the plaintiffs in the underlying case) and that case was one of the "MBIA Lawsuits" defined in the subpoena.

2. Defendants appreciate MBIA's compromise as to the Examiner documents and gladly accept. Please advise when we can expect to receive them. As to documents containing borrower personal identifying information, I've attached a copy of the protective order in the underlying case for your reference, which covers third party productions (see para. 8). The documents would need to be stamped "Confidential" in accordance with paragraph 4 of the order. I am happy to discuss this with you further if necessary but the order should be fairly self-explanatory.

3. Based on our review of the "Exchanged Documents" we got from RFC on August 26th, it appears that there are no emails dated any later than February 2009. We are still loading the production we received from MBIA yesterday but, assuming the former is "identical" to the latter as you represent, there are a number of "specific categories of documents missing from the Exchanged Documents" that we can identify for you now. Accordingly, defendants request that MBIA produce non-privileged emails and related attachments from February 2009 to the present that fall outside the scope of the Mediation Order reflecting or relating to the following subjects: (a) the RFC/ResCap bankruptcy (including but not limited to MBIA's proofs of claim accusing RFC and other debtors of fraud); (b) any of the "MBIA Lawsuits" (as defined in the subpoena); (c) any RFC-sponsored "securitizations" (as defined in the subpoena); (d) MBIA's involvement or interaction with the ResCap Liquidating Trust after the bankruptcy (including but not limited to the activities of Mitchell Sonkin as a Trust board member); and/or (e) the underlying litigation against the

defendants. Please advise whether MBIA will be producing these documents. Defendants reserve their rights to identify other documents "missing" from MBIA's production.

3b. We fail to understand your objections for providing a log of documents being withheld due to the Mediation Order. You continue to claim burden but have made no effort whatsoever to quantify or explain that burden as required by law. Unless MBIA elaborates on the supposed burden here (e.g., give us a time/cost estimate with providing us a log), then we will consider our meet and confer obligations on this issue complete and will seek all appropriate relief.

Finally, our tech people have noted that you numbered your production starting at page MBIA_00008445. We do not appear to have received a production numbered from MBIA_00000001 through MBIA_00008444. Can you please advise?

Best,
-Paul

---

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Tuesday, September 29, 2015 5:55 PM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul, responses to your Sept. 22 email are below.

1. We can confirm that no documents were exchanged in the action captioned *MBIA v. Ally, at al.*, Case No. 12-cv-02563 (SRN) prior to that action's dismissal on Feb. 4, 2014.

2. In the interests of compromise, and based on your representation that other non-parties, including FGIC, produced their Examiner Submission Papers and exhibits, MBIA is prepared to produce its Submission Paper and exhibits after complying with its obligations as a signatory of the Confidentiality Agreement Regarding Examiner Submission Paper, effective as of Feb. 15, 2013. Accordingly, MBIA will promptly provide written notice to the Additional Parties to that agreement, explaining that MBIA's Submission Paper and exhibits have been demanded in another action and that MBIA plans to produce its own Submission Paper and exhibits in response to that demand, but not the Submission Papers or exhibits of any Additional Party. Consistent with its obligations under the Confidentiality Order in the MBIA v. RFC litigation, dated Nov. 23, 2009, MBIA will provide RFC with notice that MBIA plans to disclose RFC's confidential information in connection with Defendants' demand for MBIA's Submission Paper and exhibits. MBIA will redact the confidential information of third parties contained in the Examiner Submission and exhibits. Please let me know when you have time to discuss how to treat documents that contain borrower personal identifying information so we can ensure that both MBIA and Defendants are protected. MBIA is agreeing to produce its Examiner Submission and exhibits, subject to the above, notwithstanding the fact that we understand Defendants have already received all relevant exhibits to MBIA's Examiner Submission, including MBIA's expert reports and the appendices and exhibits referenced therein.

3. *First*, regarding documents that pre-date the Mediation Order, Defendants still have not identified any specific categories of documents missing from the Exchanged Documents. In fact, as I explained on our last phone call and in my most recent email, the only specific categories of documents Defendants *have* identified (repurchase correspondence, evaluations/analyses of RFC-related loans, and loan tapes) are contained in the Exchanged Documents, including MBIA's expert reports. After Defendants have reviewed the Exchanged Documents, we can discuss the extent of and need for any additional documents. *Second*, with respect to documents concerning the RMBS Settlement with the institutional investors, let me clarify. I said on our call that *MBIA's* informal, internal communications concerning its own position with respect to that settlement are irrelevant and that MBIA's position on that settlement was contained in its publicly filed 9019 Objection. MBIA stands by that statement and does not intend to engage in what would be a burdensome search for such communications.

3b. Yes, we object to Defendants' request that MBIA produce a log of all documents and communications protected from production by the Mediation Order, for the reasons already stated. With respect to the Exchanged Documents, both

MBIA and RFC served extensive privilege logs in the MBIA v. RFC litigation. I have reached out to attorneys for the Trust and have asked them to provide Defendants with those privilege logs if they have not already done so. If you have any issues securing the privilege logs or any questions about the privilege logs after you review the Exchanged Documents, please let me know.

Best,
Jared

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York 10281
T: 212.504.6075 | F: 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
CADWALADER

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Tuesday, September 22, 2015 6:19 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Jared:

I write regarding your September 18th email. Our responses and comments are below. Again, since deposition discovery is starting soon, please provide MBIA's position with respect to these issues by no later than Friday, September 25th. Thank you in advance.

1. For clarification, MBIA filed a post-petition complaint against GMAC (a ResCap company), among other entities, in Minnesota state court in which MBIA (i) sought to recover alleged losses arising from financial guaranty policies for several residential mortgage securitizations sponsored in part by RFC and (ii) accused RFC and the other sponsor (GMAC) of fraud. That case was subsequently removed to the District of Minnesota, Case No. 12-CV-02563, and is one of the "MBIA Lawsuits" defined in the subpoena (*see* page 6; *see also* Request No. 10, seeking all discovery in the "MBIA Lawsuits"). Thus, to the extent there were documents exchanged in that case, they are within the scope of our subpoena, are relevant to the issues in the underlying case, and should be readily accessible. Please let us know when we can expect production of those materials.

2. Other third parties (*e.g.,* FGIC) not only have *agreed* to produce the documents they provided to the bankruptcy examiner but they also *have produced* such documents, including their submission papers and all exhibits thereto, subject to the protective order entered in the underlying matter. And this was not limited merely to the documents "produced into the Examiner's document depository" as your "investigation" erroneously revealed. Moreover, the copy of the confidentiality agreement you provided is unexecuted, was never entered as a protective order by the bankruptcy court from what we can see and, in any event, does not by itself serve as a proper basis for withholding the requested documents under applicable law. *See, e.g., In re Oxycontin Antitrust Litig.*, 2013 WL 1701009, at *2 (S.D.N.Y. Apr. 15, 2013); *In re Subpoena Duces Tecum Served on Bell Commc'ns Research, Inc.*, 1997 WL 10919, at *3 (S.D.N.Y. Jan. 13, 1997). Thus, we fail to see any basis for MBIA's continued refusal to produce these highly relevant documents and expect that MBIA will honor its agreement.

2c. Our position is addressed above. However, so there are no further misunderstandings down the road, we want to remind you that the *defendants* in the underlying case issued the subpoena to MBIA, not the plaintiffs. Your production

STANISCI_15

of the examiner materials or any other documents going forward in response to that subpoena should be made directly to us. Plaintiffs have no right to interfere with the subpoena or to dictate the scope, manner and timing of production, and whatever agreements the parties may make to resolve a discovery dispute have no bearing on MBIA's agreements with defendants or on the subpoena.

3. Your comment that email communications regarding the RMBS settlement—a settlement that serves as the very foundation of the underlying case—are somehow irrelevant is perplexing and, in any event, is incorrect. To the extent MBIA has non-privileged emails within the scope of the subpoena on or relating to that topic (even if the balance are "mostly privileged" as you claim), they should be produced and the rest should be logged. Also, our discussion regarding repurchase correspondence, loan tapes, etc. should not be understood as either limiting or all-inclusive of the categories of emails or other documents we seek but, instead, was merely exemplary for discussion purposes. To clarify, we seek production of non-privileged MBIA emails and related attachments that (a) fall within the scope of our subpoena, (b) were *not* exchanged with or sent to defendants in the MBIA Lawsuits, as that term is defined in the subpoena, and (c) are *not* prohibited from disclosure by the August 28th mediation order, as outlined below. None of those emails should be part of the "Exchanged Documents" that MBIA has already produced, so there is no need for us to review those materials prior to MBIA producing the emails as you suggested. Further, as stated in my June 16 to Mr. Harris, we agreed to limit the scope to "the email accounts of at least three MBIA custodians who MBIA represents, in good faith, had 'primary involvement' in the negotiations with RFC and/or the decisions to file the pre- and post-petition lawsuits against RFC" (i.e., the "MBIA Lawsuits"), and that we would meet and confer after we review those emails. Given the foregoing, please advise whether and when we can anticipate a production from MBIA in this regard.

3b. For clarification, it appears that you are only objecting to logging documents that are both privileged and within temporal scope of the mediation order (Dec. 26, 2012 through Dec. 11, 2013) on the basis of burden, in that you believe it would be "an exercise in futility" to do so. Presumably, then, MBIA will at least provide a privilege log of all emails and other documents that it is ostensibly withholding on any basis that fall outside of the scope of the mediation order. Please advise. Further, to the extent claim you are withholding documents on the basis of the Mediation Order, we need a log of those documents so we can adequately assess those claims. Finally, as you know, merely claiming burden without explanation or quantification does not satisfy MBIA's obligations under the law. *See, e.g., Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005); *In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 140 (S.D.N.Y. 2010). In short, we fail to see any reason for MBIA's refusal to provide a log of the emails or other documents it is or will be withholding.

Best regards,

-Paul

A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Thursday, September 17, 2015 4:41 PM
**To:** Heeringa, Paul
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: RFC/ResCap Litigation - MBIA subpoena

Paul, thanks for your email. Responses/clarifications are below.

1. On the call, you indicated that you believed there was at least one post-petition litigation involving MBIA and RFC, and requested documents produced in that litigation. I said to my knowledge there were not any post-petition litigations between MBIA and RFC. I have confirmed that there were not, so there is nothing for MBIA to produce in that

regard. Further, I have confirmed that MBIA did not produce any documents in connection with Debtors' 9019 Motion in the Chapter 11 cases.

2. To clarify, MBIA's initial position with regard to the Examiner Submission was that the Confidentiality Agreement Regarding Examiner Submission Paper, entered by and among MBIA, the Examiner and various other parties, prohibited disclosure of any of the Submission Papers or their contents. MBIA thereafter agreed to produce its Examiner Submission in reliance on your representation that "other parties to that agreement have agreed to produce such documents." Further investigation by MBIA/CWT revealed that the only Examiner-related documents any parties have agreed to produce (and have produced) are documents those parties produced into the Examiner's document depository, not their Submissions. The depository documents were subject to a different confidentiality agreement than the one concerning Examiner Submissions, and MBIA was neither a signatory to that agreement nor a party that produced documents into the depository. Thus, as I explained, MBIA's position remains that the Confidentiality Agreement Regarding Examiner Submission Paper prevents MBIA from producing any Examiner Submissions (or underlying documents), including its own.

2b. The Confidentiality Agreement Regarding Examiner Submission Paper is attached.

2c. Correct. MBIA is a non-party and is awaiting the outcome of the meet-and-confer process concerning the Examiner Submissions currently taking place between the actual parties to the litigation. Pending the outcome of those discussions, we will meet and confer with you further regarding MBIA's Examiner Submission. In the interests of furthering our discussions, I will reach out to attorneys for the Trust to inquire about the status of their meet and confer with Defendants regarding the Examiner Submissions.

3. To clarify, during our discussion concerning your request for custodian/email discovery, I said that to the extent you were seeking communications concerning the RMBS Settlement, those documents were irrelevant and would mostly be privileged and that, in any event, MBIA's position on the RMBS Settlement is contained in its publicly filed Objection to Debtors' 9019 Motion (and supporting papers). I also asked what categories of documents you were seeking. You responded that you were interested in repurchase correspondence, evaluations/analyses of RFC-related loans, and loan tapes. In response, I suggested that those categories of documents would be contained in the Exchanged Documents from the MBIA v. RFC litigation – including the nearly 170,000 pages of documents the Trust produced to you on Aug. 26, 2015 with the help of MBIA – and that you should review those documents, including MBIA's Expert Reports, before we further meet and confer.

3b. Regarding a privilege log, I explained on our call that creating a privilege log of all of the communications MBIA had between Dec. 26, 2012 and Dec. 11, 2013 that were either subject to the Mediation Order or were otherwise privileged would be unduly burdensome and an exercise in futility. As I said on our call, the purpose of a privilege log is to allow a party to challenge whether certain documents are privileged, but here, even if Defendants successfully did so, the documents would still be covered by the Mediation Order. Thus, the burden of producing such a log – which would require MBIA to review and log a huge volume of emails – far outweighs any potential benefit.

3d. MBIA is willing to engage in additional meet and confers to discuss any further email searches after you have completed your review of the Exchanged Documents and can identify specific categories of relevant, nonprivileged documents you believe are missing from the Exchanged Documents.

Best,

Jared

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York 10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com | www.cadwalader.com
**CADWALADER**

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Monday, September 14, 2015 4:08 PM
**To:** Stanisci, Jared
**Cc:** Hoff [PARTNER], Jonathan M.; Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RFC/ResCap Litigation - MBIA subpoena

Jared:

I write in furtherance of our call on September 10, 2015 regarding our third party subpoena issued to MBIA in the above-referenced matter. In sum, the points of discussion were as follows:

1. **Exchanged Documents** – Per our July 10, 2015 agreement with Mr. Harris, MBIA agreed to produce "all documents/privilege logs produced to or shared with RFC/ResCap in the *MBIA v. RFC* litigation (including fact and expert discovery documents), *or in the ResCap bankruptcy proceeding* (collectively, the 'Exchanged Documents')...." On August 26, 2015, however, we received a letter from plaintiffs along with a production purportedly consisting of "documents produced by MBIA to RFC in the [pre-petition] *MBIA v. RFC* matter." In other words, we received what appears to be only a pre-petition production and did not receive any post-petition documents as promised. On our call, you indicated that, while you did not believe there are/were any post-petition "Exchanged Documents," you would check and get back to us.
2. **Examiner Documents** – Also per our agreement with Mr. Harris, MBIA agreed to "turn over the documents *MBIA submitted* to the [bankruptcy] Examiner, subject to MBIA's redacting or withholding documents that were produced in the underlying litigation *by third parties* pursuant to confidentiality agreements." On our call, you indicated that:
    a. Despite our agreement with Mr. Harris, MBIA will not produce any documents at this time (*including MBIA's own documents*) due to the confidentiality agreements between the Examiner and the parties in the bankruptcy;
    b. You would send me a copy of the confidentiality agreement(s) upon which MBIA is relying in this regard;
    c. Despite the fact that the ResCap Liquidating Trust (RLT) did not issue the subpoena, MBIA is waiting to see what agreement the RLT and the defendants reach in the underlying litigation (if any) regarding the production of Examiner documents before MBIA will produce any such documents to defendants; and
    d. You would confirm whether, as a compromise and without waiving any rights, MBIA would produce the documents underlying/supporting MBIA's submission paper to the examiner (as opposed to the submission paper itself).
3. **Custodian/Email Discovery** – On previous calls, we agreed to table the discussion of "custodian/e-mail discovery" (i.e., production of non-privileged emails and attachments from MBIA custodians who had "primary involvement in the negotiations with RFC and/or the decisions to file pre- and post-petition lawsuits against RFC") until after the bankruptcy court issued its written decision on the "mediation order" issue. On our call last week, we discussed that order, which was issued on August 28th and in pertinent part provides that: (i) "communications *among the mediation parties* exchanged outside mediation sessions are protected by the Mediation Order [only] to the extent they were 'produced for or as a result of the mediation'"; (ii) "the Mediation Order *expressly does not* preclude disclosure of facts learned by parties to the mediation *through their own efforts*"; and (iii) "the Mediation Order does *not* extend to communications made *after the close of the mediation*, which occurred no later than December 11, 2013, the date on which the plan was confirmed." In response, you indicated that:
    a. Your "initial reaction" was that any emails MBIA may have that do not fall within the scope of the Mediation Order (as outlined above) "would be privileged";
    b. Although you did not quantify or elaborate how on our call, you believed it would be an "undue burden" to log emails that MBIA is ostensibly withholding, either on the basis of an applicable legal privilege or because they fall within the scope of the Mediation Order;
    c. Any non-privileged, internal MBIA communications "should have been" produced as part of the "Exchanged Documents" (as defined above);
    d. You would check on the feasibility of conducting electronic searches for additional emails and attachments outside the scope of the Mediation Order and get back to us.

If your understanding on these points differs from mine, please let me know. Otherwise, since deposition discovery begins in the underlying case later this month, please let us know MBIA's final position with respect to items 1, 2b, 2c, 2d, 3b, and 3d above by no later than close of business on Friday, September 18, 2015. Defendants continue to reserve their rights to hold further meet-and-confer discussions on "other specific categories on non-privileged relevant information that, for whatever reason, were not part of the Exchanged Documents" as agreed, including but not limited to MBIA's submission paper to the Examiner and any non-privileged internal communications described in item 3c above. Thank you.

Best regards,
-Paul

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Natarelli, Brett
**Sent:** Thursday, September 10, 2015 11:58 AM
**To:** Heeringa, Paul; Anthony Alden
**Cc:** Hoff [PARTNER], Jonathan M.; Stanisci, Jared; Harris, Jonathan; Gottlieb, Richard; Levin, Fredrick; Rome, Michael
**Subject:** RE: ResCap: MBIA Documents

Counsel:

We write regarding the ResCap Liquidating Trust MBIA Data Production No. 2 (the "Production") made to Defendants on August 26, 2015. Plaintiffs represented in their cover letter (attached) that the Production consists of "documents produced by MBIA to RFC in the *MBIA v. RFC* matter" initiated prior to RFC's bankruptcy petition. Plaintiffs further represented that the Production "has not been altered by Plaintiff in any way."

As you know, certain Defendants subpoenaed MBIA in connection with the consolidated RFC actions pending in the United States District Court for the District of Minnesota. Our understanding is that the Production is intended to be responsive to that subpoena and that the Production consists of *all* documents produced by MBIA to RFC during the pre-petition *MBIA v. RFC* matter. Given that it is unusual for a party to respond to a subpoena by way of *another* party making a document production, we request that MBIA and RFC jointly agree to a stipulation in which both affirm (a) that the documents RFC produced on 8/26/2015 include all documents produced to RFC by MBIA during the pre-petition litigation, (b) that the documents RFC produced on 8/26/2015 are identical to the documents produced to RFC by MBIA during the pre-petition litigation, and (c) that neither party will challenge the admissibility of any of the documents produced to RFC by MBIA pursuant to Defendants' subpoena on the ground that the document's authenticity cannot be verified because it was provided to Defendants from MBIA via production first to RFC.

Of course, upon our review of the production it may still be necessary to complete a document custodian deposition of MBIA to ensure that the document production is authentic, complete and is produced from business records maintained in the ordinary course of business. We reserve all rights in that regard.

We will address the other issues that Mr. Heeringa discussed with Mr. Stanisci this morning under separate cover.

Sincerely,

STANISCI_19

Brett J. Natarelli
Attorney

**BuckleySandler LLP**

BuckleySandler LLP
353 N. Clark Street, Suite 3600
Chicago, IL 60654

Phone: (312) 924-9837
Fax: (312) 924-9899

bnatarelli@buckleysandler.com

---

**From:** Heeringa, Paul
**Sent:** Friday, August 21, 2015 6:59 PM
**To:** Anthony Alden
**Cc:** Hoff [PARTNER], Jonathan M.; Stanisci, Jared; Harris, Jonathan; Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett
**Subject:** RE: ResCap: MBIA Documents

Anthony:

It has come to our attention today that MBIA's outside counsel (Cadwalader) has been instructed to provide plaintiffs with documents in MBIA's possession, custody and control that are responsive to the defendants' third-party subpoena to MBIA. We did not agree to this with MBIA and do not agree to this with plaintiffs now. There is no reason why documents responsive to any third party subpoena issued by defendants in this case should be routed through plaintiffs before being sent to the defendants, and nothing in the Federal Rules permits this. In any event, assuming you have not yet received these documents, plaintiffs are directed to instruct Cadwalader to produce them directly to us. If you have them, they should be produced to us immediately and without further delay.

Best regards,
-Paul

A. Paul Heeringa
Litigation Attorney | **BuckleySandler LLP**
353 N. Clark Street, Suite 3600 | Chicago, IL 60654
T. 312.924.9884 | C. 312.399.9607
pheeringa@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com




---

**From:** Anthony Alden [mailto:anthonyalden@quinnemanuel.com]
**Sent:** Wednesday, August 05, 2015 11:01 AM
**To:** Heeringa, Paul

STANISCI_20

**Cc:** Hoff [PARTNER], Jonathan M.; Stanisci, Jared; Harris, Jonathan
**Subject:** ResCap: MBIA Documents

Paul: the Trust has been working with MBIA and its vendor to restore the MBIA production database so that it can produce documents to Defendants consistent with the agreement between MBIA and your firm. Barring any unforeseen technical difficulties, we expect to produce the documents within two to three weeks.

Thanks,

Anthony

**Anthony Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.

---

STANISCI_21

**Heeringa, Paul**

| | |
|---|---|
| **From:** | Stanisci, Jared <Jared.Stanisci@cwt.com> |
| **Sent:** | Tuesday, August 18, 2015 4:39 PM |
| **To:** | Heeringa, Paul |
| **Cc:** | Jonathan Harris; Hoff [PARTNER], Jonathan M.; Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael |
| **Subject:** | RE: RFC/ResCap Litigation - MBIA Subpoena |

Just to clarify, the call with the Trust regarding Examiner submissions is scheduled for this Friday.

Best,

Jared

Jared Stanisci
Associate
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
Tel: +1 212.504.6075
Fax: +1 212.504.6666
jared.stanisci@cwt.com
www.cadwalader.com

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Tuesday, August 18, 2015 5:25 PM
**To:** Stanisci, Jared
**Cc:** Jonathan Harris; Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Rome, Michael
**Subject:** RFC/ResCap Litigation - MBIA Subpoena

Jared:

I write in furtherance of our calls on August 10th and today. It is my understanding that the database of "Exchanged Documents" was restored as of yesterday but that you are working out some technical problems with the vendor (e.g., some missing or corrupt images) and will report back once that is resolved. Additionally, it is also my understanding that you are looking into the production of the examiner documents but (a) MBIA may be taking the position that the confidentiality agreement between the examiner and the parties to the bankruptcy precludes production of those materials and (b) you are having a call with the Trust tomorrow in that regard. Finally, as to "custodian/e-mail discovery" issue, we mutually agreed that we would table that discussion until after the court issues its written decision on the mediation order issue so that we would have a better idea of the scope of your eventual production and privilege log obligations.

If your understanding differs from mine on these points, let me know. Otherwise, please let me know as soon as possible when we can expect to receive the Exchanged Documents and what position MBIA will be taking with regard to the examiner materials. Thank you.

Best regards,
-Paul