# EXHIBIT E

# Heeringa, Paul

| | |
|---|---|
| **From:** | Stanisci, Jared <Jared.Stanisci@cwt.com> |
| **Sent:** | Tuesday, March 15, 2016 8:13 AM |
| **To:** | Rome, Michael |
| **Cc:** | Heeringa, Paul; Hoff [PARTNER], Jonathan M.; Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris |
| **Subject:** | RE: PNC v. MBIA - Motion to Compel |

Michael:

We disagree with your rendition of the history of our discussions, but we're not going to get into an extended email exchange with you about it.  As you know, I have been dealing with these discussions and was out of the office last week.  I'm happy to discuss the Examiner Submission stipulation with you and MBIA's reaction to your proposal with respect to the emails.  Please let me know a time that works.

Best,
Jared

_____

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York  10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com  | www.cadwalader.com
CADWALADER

---

**From:** Rome, Michael [mailto:mrome@BuckleySandler.com]
**Sent:** Monday, March 14, 2016 12:44 PM
**To:** Stanisci, Jared
**Cc:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.; Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** RE: PNC v. MBIA - Motion to Compel

Jared:

MBIA has had our proposals on the submission paper stipulation and the emails for over a week now.  Certainly one of the lawyers at the several law firms representing MBIA in this matter can review them and respond.

Prior to filing the motion to compel, MBIA had no interest in reaching any kind of agreement with respect to the examiner submission paper.  Once it was filed, you reached out to us to initiate negotiations, and requested that we postpone the hearing on our motion to engage in such negotiations.  We agreed, assuming that the parties would work in good faith to promptly reach resolution.  Given that there is no substantive disagreement among the parties on this issue, it is hard to see a good faith reason why this process is stalled.  It appears that the purpose of the delay was just to buy time for RFC to intervene, rather than reach a negotiated resolution.

With respect to the emails, Defendants' proposal all but eliminates any *undue* burden.  At your request, we delayed the hearing on Defendants' motion to compel to permit MBIA to complete search-term searches to identify the scope of the potential email production.  By the electronic searches that we facilitated by delaying our motion, you have identified all

1

of the possibly privileged documents and documents subject to the mediation order – using search criteria that are very overbroad.

Nevertheless, our proposal would allow you to withhold that allegedly privileged or mediation material subject only to whatever requirements for satisfying Fed. R. Civ. P. 26(b)(5) that the Court requires after briefing by the parties.  By definition, what the Court requires will not be an *undue* burden.  As to the rest, your own searches confirm that the emails are highly unlikely to contain privileged or mediation materials.  We have offered a very broad clawback agreement to give you the choice to forego privilege review before production.  As I am sure you aware, the cost of electronic production of the 10gb of unprivileged email you have identified is *de minimis*.  There is no reason that MBIA should continue to withhold these emails.  MBIA's refusal to respond to this proposal (or to offer a counter-proposal in a timely way) suggests that it would prefer to preserve its vague and unsupported claim of undue burden rather than reach an agreement.

Finally, we do not accept MBIA's apparent reliance on its decision to bring in Patterson Belknap as a legitimate basis for further delay.  MBIA's decision to use Cadwalader notwithstanding a conflict is a problem of MBIA's own making that MBIA has been aware of (or should have been aware of) for months.   Your intimation that MBIA only became aware of the impasse with respect to the privilege-log issue last Friday (and it is that sudden realization that necessitated retention of Patterson Belknap) strains credulity.  MBIA's position all along has been that is should be excused from providing any factual basis to support its claim of privilege. We have never suggested that we would accept that position.  If MBIA has a proposal other than its current absolutist position, it should have made that proposal a long time ago and certainly should make one now in a timely way.

Please let us have any comments on the submission paper stipulation and the email proposal by tomorrow.

Thanks,

Michael

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.   Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Friday, March 11, 2016 7:30 AM
**To:** Rome, Michael
**Cc:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.; Gottlieb, Richard; Levin, Fredrick; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** Re: PNC v. MBIA - Motion to Compel


Mike:


I raised the issue of your revisions to the stipulation regarding MBIA's Examiner Submissions on our call last Friday morning.  Defendants indicated that they would initiate a call later that day to discuss those revisions, but we never heard

2

from you, likely because the parties were focused on transferring the Motion to Compel to Judge Glenn.  Moreover, given MBIA's concerns with Defendants' proposal from last Friday – which among other things indicated the parties were at an impasse with respect to Defendants' request for a privilege log and a log of documents protected from disclosure by the Mediation Order – we have had to update attorneys from Patterson Belknap to transition the ongoing discussions regarding Defendants' subpoena from Cadwalader to Patterson, as you know.  I have also been out of the country on vacation this week and have been attending to a family emergency the last few days.  We will get back to you after I return next week.

Best,

Jared

On Mar 10, 2016, at 7:17 PM, Rome, Michael <mrome@BuckleySandler.com> wrote:

> Jared:
>
> It has been a week since we sent MBIA a revised stipulation respecting the submission paper, and we have heard nothing.  MBIA's silence is troubling since there are no substantive disagreements and, as far as we are aware, there are no issues of form to resolve.  This appears to be delay solely for its own sake.
>
> We also await a response to our email proposal, which was made nearly a week ago.  MBIA's silence on that issue is also troubling  in light of comments made by Ms. Cohen during our recent meet and confer that suggest that further delays will be incurred by the need for "new" counsel to get up to speed and that it will take weeks for any production to be made. We have proposed a simple plan that moves production forward quickly at minimal expense to MBIA and reduces to a minimum the issues for the Court to resolve.
>
> Our negotiations are premised on both sides acting in good faith to resolve our differences.  On that basis, we extended several extensions of time, agreed to delays in our motion compel, etc.  Long periods of silence coupled with delays that could have been avoided do nothing to encourage confidence.
>
> When can we expect a response?
>
> Thanks,
>
> Michael
>
> ---
>
> This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.   Any unauthorized reading, copying,

distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Heeringa, Paul
**Sent:** Friday, March 04, 2016 8:53 AM
**To:** Stanisci, Jared; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** RE: PNC v. MBIA - Motion to Compel

Jared:

Thanks for speaking with Fredrick and me this morning.  I write to confirm our discussion regarding the emails.  You told us that (i) there are approximately 20 GB of emails and attachments that MBIA has gathered based on the search terms we previously provided; (ii) of those, approximately half (10 GB) represent emails/attachments either within the mediation order date range (Dec. 26, 2012 through Dec. 11, 2013) ("potential mediation documents") or are "possibly" privileged insofar as an attorney's name added by MBIA to its preliminary search appeared somewhere in the document ("privileged documents"); and (iii) the breakdown between documents allegedly covered by the mediation order and otherwise privileged documents is roughly equal (approx. 5 GB each).  This would leave roughly 10GB of emails and attachments remaining that are neither within the mediation range nor are likely to be privileged.  Further, based on our research, the mechanical cost for production of said remainder would be roughly $2500 ($250 per GB) depending on the vendor.

In an effort to reduce any burden associated with our request, narrow the parties' differences without judicial intervention and to minimize the issues to be presented to the Court, our proposal is as follows:  First, MBIA would produce to us the 10 GB of emails/attachments that fall outside of the potential mediation documents or privilege documents, as these are unlikely to be privileged or covered by the mediation order and thus would not require any review.  Second, prior to this production, the parties would negotiate and execute a non-waiver/claw back agreement in the event that a privileged or mediation document was inadvertently produced.  Third, given the *de minimis* cost involved, MBIA would pay for this production.  Finally, since the parties are at an impasse as to what MBIA must do to satisfy its obligation to provide a factual basis for withholding  information on the grounds of privilege or the bankruptcy court's mediation order, we propose that we should brief those issues for the Court for argument and decision on  March 30th.

We think this is a fair proposal and shows the Court that both sides have been cooperative.  We trust you will agree.  If you would, please let us know by close of business today whether MBIA will accept this proposal and we can move forward with the production.  Thank you.

Best regards,
-Paul


A. Paul Heeringa
Litigation Attorney | **BuckleySandler LLP**
353 N. Clark Street, Suite 3600 | Chicago, IL 60654
T. 312.924.9884 | C. 312.399.9607
pheeringa@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com

4



---

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Tuesday, March 01, 2016 7:14 PM
**To:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** RE: PNC v. MBIA - Motion to Compel

attached.

_____
**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York  10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com  |  www.cadwalader.com
<image003.png>

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Tuesday, March 01, 2016 6:49 PM
**To:** Stanisci, Jared; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** RE: PNC v. MBIA - Motion to Compel

Jared:

Can you please provide me with copies of the referenced exhibits too?  Thanks.

I am free tomorrow to discuss emails.

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.   Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Tuesday, March 01, 2016 5:48 PM
**To:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean; Jonathan Harris
**Subject:** RE: PNC v. MBIA - Motion to Compel

Paul, attached is a draft stipulation as discussed.  Let me know when you would like to discuss the draft and the email hit counts.

Best,
Jared

_____
**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York  10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com  |  www.cadwalader.com
<image003.png>


**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Friday, February 26, 2016 5:59 PM
**To:** Stanisci, Jared; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** RE: PNC v. MBIA - Motion to Compel

Jared:  Thanks.  We look forward to reading your draft stip.  In the interim, since the court is now closed, we can execute the seven day extension on Monday.  Also, let's plan on touching base on Wednesday to discuss the stip as well as the emails.

Have a good weekend.

-Paul


A. Paul Heeringa
Litigation Attorney | **BuckleySandler LLP**
353 N. Clark Street, Suite 3600 | Chicago, IL 60654
T. 312.924.9884 | C. 312.399.9607
pheeringa@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com



6

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.   Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Friday, February 26, 2016 4:19 PM
**To:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** RE: PNC v. MBIA - Motion to Compel

Paul: We can agree to disagree as to what we discussed on the Wednesday call, but I agree that we don't seem far apart on a stipulation.  We will aim to circulate a draft on Monday or Tuesday.

Best,
Jared

_____

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York  10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com   |   www.cadwalader.com
<image003.png>


**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Friday, February 26, 2016 4:18 PM
**To:** Stanisci, Jared; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** RE: PNC v. MBIA - Motion to Compel

Jared,

Thank you for your note.

Your recollection differs from mine.  As I stated at the end of our call on Wednesday, we were (and remain) willing to grant MBIA a one-week extension so we could work out the precise language of, get client approval for, and file the submission paper stipulation.  I also indicated that we would consider additional extensions, if necessary, so that you could complete your preliminary analysis of the emails, which you indicated may take longer than one week.  In response, you and Jon indicated that you would speak with Mr. Harris, provide us with a draft stipulation, and give periodic updates on the emails.  My call yesterday was meant as a professional courtesy to let you know that the extension was forthcoming and to make sure Mr. Harris was available to execute it since Cadwalader would not.  That is consistent with my email below.  In any event, thank you for your update on the processing and let me know when you are ready to discuss.

7

With respect to the submission paper stipulation, we appreciate the explanation of what MBIA expects the stipulation to say.  Upon reviewing it, we do not think the parties are very far apart at all.  We agree that the stipulation should provide that MBIA does not object to the production of its submission paper, that its only objection is the formal objection it believes is required under the applicable confidentiality agreement, and that if the Court enters the contemplated stipulation and order, MBIA would be willing to and would produce its Submission Paper.  Please let us know if you will agree, as we believe that would resolve any outstanding dispute with respect to the submission paper.

Best regards,

-Paul


A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents.  If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.  Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Stanisci, Jared [mailto:Jared.Stanisci@cwt.com]
**Sent:** Friday, February 26, 2016 11:38 AM
**To:** Heeringa, Paul; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** RE: PNC v. MBIA - Motion to Compel

Paul:

We're a little surprised by your email, which is not consistent with the spirit of our discussion on Wednesday.  When we spoke, Jon and I told you that MBIA agreed to work with Defendants to resolve your outstanding requests.  In that regard, we informed you that we were applying your search terms to determine the number of "hits" so that we can have a further discussion about how best to proceed.  We also told you we needed additional time to process the emails and determine "hit" counts.  You asked that we continue that process and provide you with periodic updates, and then agreed to provide us with a one-week extension (until Monday, March 7, 2016) as an accommodation.  Yesterday, you called to confirm the one-week extension and asked that I ensure someone from MBIA was available today to countersign an extension agreement.  In the spirit of our agreement, I can provide you with an update with respect to the processing of MBIA's emails.  Our practice support team informs me that they should be able to complete the process by Monday or Tuesday of next week.  MBIA will then provide Defendants with an update on the hit counts so we can continue discussions.

Separately, we discussed the contours of a potential stipulation between Defendants and MBIA with respect to the production of MBIA's Examiner Submission, but we did not agree to a stipulation and you did not propose any terms for a stipulation, let alone say that the filing of a stipulation on a specific date was a condition to any extension.  In fact, you said that because the parties could not agree to a

8

stipulation on the call, you were only authorized to give us a one-week extension to continue processing emails and that, once we could agree on a stipulation, Defendants might be amenable to a further extension.  On the call, both parties acknowledged they had not considered the particulars of a stipulation and agreed they were just sharing initial ideas.  We also didn't discuss the terms of a stipulation as you articulate them.  One of the purposes of the Wednesday call was to clarify what the stipulation would say so that we could present it to MBIA.  There was no agreement or any ultimatum.  We told you MBIA did not object to production of its Examiner Submission on the merits, but was concerned about violating its confidentiality obligations.  Thus, we discussed a conceptual stipulation between Defendants and MBIA stating that if the Court determined MBIA should produce the Examiner Submission and would not violate its confidentiality obligations by doing so, MBIA would comply with the Court's order and produce the Examiner Submission.  We can confirm that MBIA will agree to a stipulation to that effect, i.e., that says generally MBIA does not object to production of the Examiner Submission on the merits, that its only objection is under the applicable confidentiality agreement and order, and that if the Court orders MBIA to produce the submission notwithstanding the confidentiality agreement and order, MBIA will do so.  We will endeavor to work with Defendants to file the stipulation by Monday, March 7.  In that regard, we are happy to take the lead on drafting a stipulation and will plan to get you a draft early next week so that the parties can further discuss and finalize the stipulation by March 7.

In the meantime, please provide us with the extension agreement so that MBIA may countersign the extension agreement and return to you for filing today.

Thanks. I am happy to discuss and we look forward to working with you.

Best,
Jared

_____

**Jared Stanisci**
**Cadwalader, Wickersham & Taft LLP**
200 Liberty Street
New York, New York  10281
**T**: 212.504.6075 | **F**: 212.504.6666
jared.stanisci@cwt.com   |   www.cadwalader.com
<image003.png>

---

**From:** Heeringa, Paul [mailto:pheeringa@BuckleySandler.com]
**Sent:** Thursday, February 25, 2016 7:21 PM
**To:** Stanisci, Jared; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** RE: PNC v. MBIA - Motion to Compel

Correction:  The extension agreement will extend MBIA's deadline to respond to March 7, PNC's reply deadline to March 14, and the return date on the motion to March 15.

A. Paul Heeringa
Litigation Attorney
**BuckleySandler LLP**
T. 312.924.9884
C. 312.399.9607

---

This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege or other confidentiality protections and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Heeringa, Paul
**Sent:** Thursday, February 25, 2016 6:15 PM
**To:** 'Stanisci, Jared'; Hoff [PARTNER], Jonathan M.
**Cc:** Gottlieb, Richard; Levin, Fredrick; Rome, Michael; Natarelli, Brett; Karunaratne, Sean
**Subject:** PNC v. MBIA - Motion to Compel

Jonathan/Jared:

Per our discussion yesterday, it is my understanding that MBIA is amenable to entering into a stipulation providing that MBIA will not oppose Defendants' motion to compel MBIA's examiner submission paper, and will prepare a draft stipulation for our review and approval. I further understand that MBIA is undertaking a preliminary analysis of the emails at issue (using the search terms and date range we previously provided) in order to inform further discussion between the parties regarding the volume and potential review/production of those documents. On the call, MBIA requested that PNC extend MBIA's deadline to respond to the motion to compel, so that the parties may (1) get the stipulation on file and (2) continue to meet-and-confer about the email production.

PNC will agree to extend MBIA's deadline to respond to the motion to compel to March 7, so long as: (1) MBIA agrees that the stipulation will state that MBIA will not oppose entry of an order granting the relief sought in our motion with respect to production of MBIA's submission paper; (2) MBIA agrees to treat the stipulation as a Court order, and upon entry of the stipulation MBIA will produce the examiner submission paper forthwith; and (3) MBIA agrees to file the stipulation with the Court no later than March 7.

Please advise as soon as possible whether MBIA agrees to the foregoing, and we will prepare and send a draft extension agreement for your review and signature. The extension agreement will extend MBIA's deadline to respond to March 7, PNC's reply deadline to March 15, and the return date on the motion to March 15. We can discuss any potential further extensions in relation to the emails once the submission paper stipulation is filed with the Court.

Thank you in advance for your prompt response, and we look forward to reviewing your draft stipulation on the submission paper.

Best regards,
-Paul


A. Paul Heeringa
Litigation Attorney | **BuckleySandler LLP**
353 N. Clark Street, Suite 3600 | Chicago, IL 60654
T. 312.924.9884 | C. 312.399.9607
pheeringa@buckleysandler.com | www.buckleysandler.com
www.infobytesblog.com



NOTE: The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy.  Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.