```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12  - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              March 9, 2016
19              10:02 AM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

1
2  Telephone Conference, on the Record, Regarding Ms. Nora's
3  Discovery Conference Request.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19  Transcribed by:   Penina Wolicki
20  eScribers, LLC
21  700 West 192nd Street, Suite #607
22  New York, NY 10040
23  (973)406-2250
24  operations@escribers.net
25

```
 1
 2   A P P E A R A N C E S :  (TELEPHONICALLY)
 3   MORRISON & FOERSTER LLP
 4        Attorneys for The ResCap Borrower Claims Trust
 5        250 West 55th Street
 6        New York, NY 10019
 7
 8   BY:  ERICA J. RICHARDS, ESQ.
 9
10
11   ACCESS LEGAL SERVICES
12        Attorneys for Richard Rode
13        310 Fourth Avenue South
14        Suite 5010
15        Minneapolis, MN 55415
16
17   BY:  WENDY ALISON NORA, ESQ.
18
19
20   ALSO PRESENT:
21        Richard Rode, Claimant
22
23
24
25
```

P R O C E E D I N G S

THE COURT: All right, this is Judge Glenn. We're on the record in Residential Capital, number 12-12020. This is a conference on the record regarding a discovery dispute concerning the contested claims of Richard Rode.

Who's on the phone, please, for the claimant, first.

MS. NORA: Wendy Alison Nora, Your Honor, and Richard Rode is participating telephonically.

THE COURT: Thank you. And for the Trust?

MS. RICHARDS: Good morning, Your Honor. Erica Richards of Morrison & Foerster on behalf of the ResCap Borrower Claims Trust.

THE COURT: All right. This telephone conference was scheduled after the Court received the March 4, 2016 letter from Ms. Nora. It states her position.

Ms. Richards, what's the Trust's position?

MS. RICHARDS: Your Honor, our position is straightforward. Mr. Rode, through his counsel, served extensive discovery requests on the Borrower Trust. A significant portion of those requests sought information regarding the process through which Mr. Rode's loan was securitized. We objected to those requests on a number of bases, including that they're irrelevant to the sole claim that's presently before the Court, which is whether the debtors breached Mr. Rode's October 2009 loan modification agreement.

1          As such, we believe the information Ms. Nora is
2  seeking related to securitization is outside the scope of
3  discovery that was authorized by this Court and that is
4  permitted under Federal Rule of Procedure 29(b).
5          THE COURT:  Anything else you want to say, Ms.
6  Richards?
7          MS. RICHARDS:  That's it, Your Honor.
8          THE COURT:  Okay.  Ms. Nora, the only claim that
9  remains in this case is the breach of contract claim relating
10 to a loan modification that Mr. Rode allegedly received.  What
11 does the securitization of Mr. Rode's loan have to do with the
12 one remaining claim?
13         MS. NORA:  Your Honor, this is not discovery that is
14 directed toward the securitization for the purpose of exposing
15 any flaws in the securitization process.  It goes to the exact
16 issue that the Court is allowing us to proceed on.  It goes to
17 Mr. Rode's damages.  There are issues related to the process
18 that Ms. Richards has characterized as a securitization process
19 that we intend to show involve the payments that were made and
20 taken by the ResCap debtors from Mr. Rode's documents that were
21 paid to them and not credited to his account, which are a part
22 of our claim for exemplary damages, which is proceeding before
23 this Court for breach of contract.
24         THE COURT:  Okay.  Exemplary damages for breach of
25 contract are not available in this action.  The only matter

1  relevant and material to this action are the facts concerning
2  the proposed loan modification, and assuming that that contract
3  was breached, what Mr. Rode's damages are that are proximately
4  caused by the breach.
5          The securitization of Mr. Rode's loan has absolutely
6  nothing to do with that claim.  Discovery with respect to
7  securitization -- the objection to discovery with respect to
8  securitization is sustained and will not be permitted.
9          What is -- tell me what your theory of damages are,
10 Ms. Nora?
11         MS. NORA:  The theory of damages comes from the
12 amended petition filed by Mr. Rode's Texas counsel, which we
13 believed was considered by this Court when the Court decided
14 what issues Mr. Rode would be allowed to proceed upon.
15         Counsel for Mr. Rode, in the Texas amended the
16 petition, which we believe was attached to Mr. Rode's proofs of
17 claims, although we were unable to retrieve that from KCC LLC.
18 But it was produced by the Borrower Claims Trust, so called, as
19 an exhibit through the Liquidating Trust -- well, it's produced
20 in discovery at Borrower Claims Trust Bates stamp numbers
21 52620, and it also was attached to Kathy Priore's objection to
22 the proofs of claim.
23         It provides for actual damages, exemplary damages, and
24 treble damages, Your Honor.
25         THE COURT:  Ms. --

| | RESIDENTIAL CAPITAL, LLC, ET AL. | 7 |
|---|---|---|

1   MS. NORA:  It was not my understanding in reviewing
2   the Court's records -- the Court's decisions that exemplary
3   damages had been excluded from the proofs.  But he lost income.
4   He lost income from his business, because he lost his credit as
5   a result of being characterized as being in foreclosure.
6        He suffered worry, anguish, and interference with his
7   business operations.  He had to sell a rental property in order
8   to be able to stay in business, because his ability to borrow
9   from his local bank was terminated as a result of placing him
10  in foreclosure.  It's just the standard consequential damages
11  from a breach.  And then again this is the first time that I
12  have been able to hear the Court say that exemplary damages,
13  which are available for breach of contract, under Texas law,
14  and which were in the amended petition, which was the basis of
15  these claims, will not be considered by the Court.
16       THE COURT:  Ms. Richards, are exemplary damages
17  available for breach of contract under Texas state law?
18       MS. RICHARDS:  Your Honor, I don't -- I don't know
19  that I have that answer in front of me.
20       THE COURT:  All right.  You can brief that for trial.
21  I'm not -- Ms. Nora, it wasn't my understanding that exemplary
22  damages are available for breach of contract.  If you believe
23  they are, you'll have an opportunity to brief that for trial.
24  The only claim that survives is one breach of contract claim
25  under Texas law.

1    I'm not going to preclude what proof or theories
2    supporting damages are available at this point.  Just bear with
3    me a second.
4        (Pause)
5        THE COURT:  At pages 26 through 28 of the Court's
6    opinion in this matter, it addresses the alleged breach of
7    contract claim under the so-called October agreement.  That is
8    the claim that survives.  Establishing that claim and any
9    damages that flow from an alleged breach of that claim are all
10   that survive.
11       The securitization has absolutely nothing to do with
12   it.  So I'm sustaining the Trust's objection to discovery that
13   is addressed in Ms. Nora's letter of November 4th, 2016.
14       Ms. Richards have you put this matter on the calendar
15   for -- have you put this matter on the calendar for the next
16   omnibus hearing date?
17       MS. RICHARDS:  Yes, Your Honor.  It's actually
18   scheduled for a case management conference tomorrow morning at
19   the 10 a.m. omnibus hearing.
20       THE COURT:  Okay.  When we get off the phone, you and
21   Ms. Nora should confer.  And is this the only -- this discovery
22   issue that's raised in her March 4th letter, is that the only
23   remaining issue?
24       MS. NORA:  Your Honor, I have to object to the
25   characterization of the contents of my letter as being solely

1  securitization.  We're asking for discovery of matters that
2  should be in the debtors' books and records that don't even
3  pertain to securitization to which we got the objection that
4  the Borrower Claims Trust does not have access to books and
5  records.  And I asked for production of the cooperation
6  agreement between the Liquidating Trust and the claims trust --
7          THE COURT:  What does that have to do with the issue
8  at trial -- that's coming to trial?  I don't see what -- why
9  that request is relevant or material to -- once again, Ms.
10 Nora, in every matter that you raise before me, you take a
11 detour and frolic into matters that have no bearing on the
12 claims before the case.  When and if a final judgment is
13 entered with respect to Mr. Rode's claim, if you're unhappy
14 with it, you'll appeal.
15         But we will proceed on the basis of this Court's
16 written opinion that's already been entered.  The Trust's
17 objections to your discovery are sustained.  The two of you
18 should confer when the Court gets off the call.  I expect to
19 hear tomorrow what, if any, issues remain to be resolved.
20         Are you calling any expert witnesses, Ms. Nora?
21         MS. NORA:  Yes, Your Honor.  We are.  And much of our
22 discovery was directed toward information that we wanted to
23 share with our experts.
24         THE COURT:  Well, you're going to do the best you can,
25 Ms. Nora.  Your -- the discovery that you identify in your

1  letter, to the extent it's intelligible at all, is not relevant
2  to the claims that remain in this case.
3              Ms. Richards, have you produced whatever documents the
4  debtors or the Trust have that related to the issues that are
5  in dispute?
6              MS. RICHARDS:  We did not produce documents that were
7  related to the requests that we objected to on the basis of
8  relevance.
9              THE COURT:  What have you produced?
10             MS. RICHARDS:  We produced all of the books and
11 records that the Liquidating Trust has related to Mr. Rode's
12 loan, including the servicing notes, the payment history.  We
13 produced copies of correspondence to and from Mr. Rode related
14 to the loan.
15             THE COURT:  Okay.  I expect to hear from both sides
16 tomorrow with a precise proposed schedule to go forward.  This
17 case is going to be set for trial and the matter is going to be
18 resolved.
19             I will hear the matter during the conference tomorrow.
20 So with respect to the discovery issues raised in Ms. Nora's
21 letter, the objection to that discovery is sustained.  We're
22 adjourned.
23             MS. NORA:  Thank you, Your Honor.
24             MS. RICHARDS:  Thank you, Your Honor.
25       (Whereupon these proceedings were concluded at 10:14 AM)

**I N D E X**

**RULINGS**

|  | PAGE | LINE |
|---|---|---|
| The objection to discovery with respect to securitization is sustained and will not be permitted | 6 | 8 |

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

1
2                    C E R T I F I C A T I O N
3
4 I, Penina Wolicki, certify that the foregoing transcript is a
5 true and accurate record of the proceedings.
6
7
8
9 *[signature: Penina Wolicki]*
10
11 _____
12 **PENINA WOLICKI**
13 AAERT Certified Electronic Transcriber CET**D-569
14
15 eScribers
16 700 West 192nd Street, Suite #607
17 New York, NY 10040
18
19 Date:  March 10, 2016
20
21
22
23
24
25