1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10              Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              March 10, 2016

19              10:04 AM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2  Doc# 9364, 9311 Status Conference on ResCap Borrower Claims

3  Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability

4  Borrower Claims) solely as it relates to the claim filed by

5  Rhonda Gosselin.

6

7  Doc# 9353 Final Pre-trial Conference Re: Trust's Eighty-Second

8  Omnibus Objection to Claims (Solely as it relates to Claim No.

9  3732 filed by Kenneth Dlin.)

10

11  Doc# 9707 Case Management Conference on ResCap Borrower Claims

12  Trust's Objection to Claim Nos. 5610 and 5612 and Pre-Motion

13  Conference on Motion for Summary Judgment.

14

15  (CC: Doc# 9634) Second Motion to Further Extend the Date by

16  Which Objections to Claims Must be Filed.

17

18

19

20  Transcribed by:  Aliza Chodoff

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

```
 1
 2   A P P E A R A N C E S :
 3   MORRISON & FOERSTER LLP
 4        Attorneys for ResCap Borrower Claims Trust and ResCap
 5           Liquidating Trust
 6        250 West 55th Street
 7        New York, NY 10019
 8
 9   BY:   JORDAN A. WISHNEW, ESQ.
10         ERICA J. RICHARDS, ESQ.
11         NORMAN S. ROSENBAUM, ESQ.
12
13
14   KRAMER LEVIN NAFTALIS & FRANKEL LLP
15        Attorneys for ResCap Liquidating Trust
16        1177 Avenue of the Americas
17        New York, NY 10036
18
19   BY:   NATHANIEL ALLARD, ESQ.
20         JOSEPH A. SHIFER, ESQ.
21
22
23
24
25
```

1

2  ACCESS LEGAL SERVICES

3          Attorneys for Richard Rode

4          310 Fourth Avenue South

5          Suite 5010

6          Minneapolis, MN 55415

7

8  BY:    WENDY ALISON NORA, ESQ. (TELEPHONICALLY)

9

10

11  LAW OFFICE OF LAIRD J. HEAL

12          Attorneys for Thomas James La Casse, Rhonda Gosselin

13          120 Chandler Street

14          Suite 2R

15          Worcester, MA 01609

16

17  BY:    LAIRD J. HEAL, ESQ. (TELEPHONICALLY)

18

19

20  ALSO PRESENT:

21          PEGGI FOSSELL, Director of Claims Management, ResCap

22              Liquidating Trust (TELEPHONICALLY)

23          KENNETH DLIN, Pro Se (TELEPHONICALLY)

24          RICHARD RODE (TELEPHONICALLY)

25

```
 1                P R O C E E D I N G S
 2          THE COURT:  All right, please be seated.  We're in
 3   Residential Capital, 12-12020.
 4          Mr. Wishnew.
 5          MR. WISHNEW:  Good morning, Your Honor.  Jordan
 6   Wishnew, Morrison & Foerster, for the ResCap Borrower Claims
 7   Trust.
 8          Your Honor, the first matter going forward on today's
 9   agenda is in Section 2, pre-trial and status conferences; item
10   2, a seventy-fifth omnibus objection to claims as it relates to
11   the claim objection concerning claim 3862 filed by Rhonda
12   Gosselin.
13          THE COURT:  Okay.
14          MR. WISHNEW:  By way of an update, Your Honor, we have
15   learned that Mr. Laird Heal is now assisting Ms. Gosselin.
16          THE COURT:  Oh.
17          MR. WISHNEW:  And he is on the line.
18          THE COURT:  Mr. Heal.
19          MR. HEAL:  Laird Heal.  Good morning, Your Honor.
20          THE COURT:  It's nice to have you back.  I hope you're
21   feeling okay.
22          MR. HEAL:  Thank you.  I've been reinstated at the
23   District of Massachusetts.
24          THE COURT:  Okay.  And are you going to appear again
25   for Ms. Gosselin?
```

1        MR. HEAL:  Yes, she's implored me to do that.  She

2    hasn't been able to find anyone else to represent her.

3        THE COURT:  Okay, I understand that.  You'll have to

4    file another notice of appearance because I had approved your

5    withdrawal.  But I'd be happy to --

6        MR. HEAL:  Thank you.

7        THE COURT:  -- assuming that you feel well enough to

8    do it, I'm happy to have you back.

9        MR. HEAL:  Yes, my only problem is speaking, which you

10   might be able to tell on the phone.

11       THE COURT:  You seem to be doing okay.  I can

12   certainly hear you clearly.  And have you and Mr. Wishnew

13   spoken about how to proceed?

14       MR. WISHNEW:  We've not spoke specifically, Your

15   Honor.  By way of brief update, since we were before Your Honor

16   on February 25th, Mr. Heal did provide us with written

17   responses to our discovery requests.

18       THE COURT:  Okay.

19       MR. WISHNEW:  We received those yesterday after --

20   late yesterday afternoon.  We're still in the process of

21   reviewing them, so we did receive responses to our requests for

22   admissions, our document requests, and our interrogatories.

23   We're still waiting on the actual documents referenced in Mr.

24   Heal's response to our document requests.  But we haven't

25   discussed scheduling beyond what's already in the existing case

1  management order --

2          THE COURT:  All right.

3          MR. WISHNEW:  -- which, at docket number 9422,

4  provides for fact discovery to be completed by next Tuesday,

5  March 15th, and with expert discovery to be completed by April

6  29th.

7          The Borrower Trust is not intending to pursue any

8  experts.  And I'll let Mr. Heal speak for himself, but in his

9  responses to our discovery, he did not identify any experts

10 that Ms. Gosselin was going to offer.

11         THE COURT:  Mr. Heal, do you want to address that

12 issue?

13         MR. HEAL:  Your Honor, we haven't identified any

14 experts, and I don't know if it's required in this matter.

15         THE COURT:  All right.  What I would ask you both to

16 do, since Mr. Heal is just coming back into the matter now, is

17 to confer and try and agree on a schedule.  It sounds like

18 there are a few items on fact discovery that remain to be done.

19 Work out a satisfactory agreement between the two of you for

20 completing the fact discovery.  It sounds that there won't be

21 any experts.  Try and agree upon a date for a joint pre-trial

22 conference order.  And when you -- let me know -- well, I guess

23 there probably ought to be an amendment to the case management

24 order if --

25         MR. WISHNEW:  Should we submit a letter to Your Honor

1  to that effect and maybe so order it?

2            THE COURT:  Yes, that's fine.

3            MR. WISHNEW:  Okay.

4            THE COURT:  And I will try and come up with a trial --

5  talk to Mr. Heal about the length of the trial that's going to

6  be required to resolve the matter.  Okay?

7            MR. WISHNEW:  Very good, Your Honor.

8            THE COURT:  I don't want to get into the details, but

9  have you exhausted the possibility of settling the matter at

10 this point?

11           MR. WISHNEW:  I'll say that we made another settlement

12 offer to Ms. Gosselin.  She declined it.  But now that Mr.

13 Heal's back involved, I'm optimistic that maybe something can

14 be done.

15           THE COURT:  All right, I encourage you both --

16 settlement has to be consensual.  I encourage you both to try

17 and resume that discussion and see whether you're able to

18 resolve the matter.

19           And Mr. Heal, will you be able, reasonably, to travel

20 here for trial?

21           MR. HEAL:  Laird Heal.  Yes, Your Honor.  Ms. Gosselin

22 is feeling much better as well, too.

23           THE COURT:  Okay, all right.  That's good.  So that's

24 how we'll leave this matter now.

25           Mr. Wishnew, you'll send a letter to the Court with a

1     proposed schedule.  And assuming it's satisfactory to me, I'll

2     so order the letter.

3              MR. WISHNEW:  Very good, Your Honor.

4              THE COURT:  Thank you very much, Mr. Heal.  I hope

5     you're feeling better, and I'm actually glad to have you back

6     in the case.  Okay?

7              MR. HEAL:  Thank you, Your Honor.

8              THE COURT:  Okay, thank you.

9              All right.

10             MR. WISHNEW:  Your Honor, the next matter is the

11    Borrower Claims Trust's eighty-second omnibus objection to

12    claims as it relates to the proof of claim and the Borrower's

13    Trust objection to the proof of claim of Kenneth Dlin.

14             Mr. Dlin, I believe, is on the phone.  He is

15    represented by counsel, but we were informed late yesterday by

16    counsel that he has a preexisting court appearance in Denver

17    and is not able to participate in today's pre-trial conference.

18             THE COURT:  His counsel spoke to chambers.

19    Ordinarily, I -- when I set a date for a hearing where

20    somebody's represented by counsel, he needs to be present.  But

21    Mr. Dlin's counsel indicated to one of my law clerks yesterday

22    that you submitted a proposed pre-trial order in the case.  And

23    he's satisfied with it.  And so that's fine.

24             The one -- I would like you to address, Mr. Wishnew,

25    that there -- did you have any further discussion with Mr.

1   Dlin's counsel -- on page 15 of the proposed pre-trial order,

2   under --

3            MR. WISHNEW:  Items B and --

4            THE COURT:  -- claimant's objections, it says

5   "reserved".  Well, there isn't going to be anything reserved.

6   Have you had any further discussions with him about it?

7            MR. WISHNEW:  We have not, Your Honor.  Our concern is

8   also with item C, the fact that that refers back to claimant's

9   exhibits on page 13, under Section 6, where it says, "All

10  documentation disclosed on the discovery and supplied by GMAC

11  to us."  So --

12           THE COURT:  You ought to inform Mr. Dlin's counsel

13  that that's totally unacceptable to me.  Exhibit lists have to

14  set forth in detail the exhibits that are being offered,

15  specifically identified, specifically numbered.  And so if

16  they're not on the exhibit list, they're not coming into

17  evidence.  It's as simple as that.

18           Mr. Dlin, are you on the phone?

19           MR. DLIN:  Yes, I am, Your Honor.

20           THE COURT:  Okay.  You need to communicate with your

21  counsel that -- what I'm saying.  Mr. Wishnew will tell him as

22  well.  The reason I require that each exhibit be identified on

23  the joint pre-trial order and appropriately labeled is exactly

24  that.  It's totally unacceptable to have just all documentation

25  disclosed on the discovery as supplied by GMAC.

1          So Mr. Wishnew, as far as I'm concerned, if it's not

2    on the exhibit list, it isn't coming into evidence.

3          MR. WISHNEW:  Okay.

4          THE COURT:  Okay?

5          MR. WISHNEW:  Um-hum.

6          THE COURT:  All right.  Anything else, Mr. Wishnew?

7          MR. WISHNEW:  That's it, Your Honor.  Otherwise, the

8    parties are in general agreement on all terms, including the

9    scheduling and hearing dates going forward.

10         THE COURT:  The trial's scheduled for May 11th at 9

11   a.m.  It's a six-hour timed trial, three hours for each side.

12         MR. WISHNEW:  Yup.

13         THE COURT:  Okay.  What I'm going to do -- just give

14   me a second.  Just bear with me a second.

15       (Pause)

16         THE COURT:  All right.  On page 15, under Claimant's

17   Objections, instead of "reserved", I'm going to enter -- we're

18   going to include a paragraph that says Dlin's counsel shall

19   have until 5 p.m. March 17, 2016 to identify any objections.

20         And on page 13, VI, Claimant's Exhibits, I'm going to

21   give Dlin's counsel, again, until March 17th at 5 o'clock to

22   identify specifically each exhibit that he intends to offer.

23         MR. WISHNEW:  And Your Honor, given that they will

24   identify them by March 17th, presumably, can we then have an

25   additional week or so to amend any --

1          THE COURT:  Sure.

2          MR. WISHNEW:  -- objections we have?

3          THE COURT:  Yes.  March 24th, 2016.

4          MR. WISHNEW:  Thank you very much, Your Honor.

5          THE COURT:  May I ask you to do this.  Could you

6  provide the Court with an amended proposed pre-trial order that

7  does what I've just described?

8          MR. WISHNEW:  Yes, Your Honor.

9          THE COURT:  Okay, all right.

10         MR. WISHNEW:  Your Honor, that brings us to item 4 --

11         THE COURT:  So with that --

12         MR. WISHNEW:  I'm sorry.

13         THE COURT:  -- Mr. Dlin, you're welcome to stay on the

14  phone, but you can also excuse yourself if you wish, okay?

15         MR. DLIN:  Okay, thank you very much, Judge.

16         THE COURT:  Okay, Mr. Dlin.

17         MR. WISHNEW:  That brings us to item 4 on today's

18  agenda, which is a status conference on the Borrowers Trust's

19  objection to Richard Rode's claim.  I will turn the podium over

20  to my colleague, Erica Richards.

21         THE COURT:  Thank you.

22         Ms. Nora, are you on the phone?

23         MS. NORA:  I am, Your Honor.

24         THE COURT:  Okay.

25         MS. RICHARDS:  Good morning, Your Honor.

RESIDENTIAL CAPITAL, LLC, et al.                    13

1            THE COURT:  Good morning.

2            MS. RICHARDS:  Erica Richards of Morrison & Foerster,

3    appearing on behalf of the ResCap Borrower Claims Trust.

4            THE COURT:  Thank you.

5            MS. RICHARDS:  Your Honor, at yesterday's telephonic

6    discovery conference, you indicated that we should be prepared

7    to discuss any outstanding discovery issues and scheduling

8    going forward.

9            THE COURT:  Yes.

10           MS. RICHARDS:  From the Borrower Trust perspective,

11   there are no outstanding discovery issues with one notable

12   exception, and that relates to discovery regarding Mr. Rode's

13   damages.  We have propounded written discovery requests to Mr.

14   Rode seeking information regarding the specific amount and

15   nature of his damages.  His counsel indicated that that

16   information would be provided in the form of expert reports.

17           Following the entry of the Court's initial scheduling

18   order, we'd agreed with Ms. Nora that those reports would be

19   provided tomorrow, April 11th.

20           THE COURT:  Tomorrow's March.

21           MS. RICHARDS:  Sorry, March.  Getting my dates -- my

22   months confused.

23           We spoke with Ms. Nora following yesterday's

24   conference, as you directed.  She indicated that she was not

25   going to be in a position to provide the expert reports

1  tomorrow, but she wasn't able to further give us an indication

2  as to timing at that point.  And I would -- at the time we

3  agreed to the March 11th date, the deadline for the close of

4  expert discovery was --

5          THE COURT:  April 1st.

6          MS. RICHARDS:  -- April 1st.  And then, at the

7  February 4th status conference, Your Honor extended that to May

8  1st as an accommodation --

9          THE COURT:  Because of the tax --

10          MS. RICHARDS:  -- to Ms. Nora.  Exactly.

11          THE COURT:  Right, accountant for tax issues.

12          MS. RICHARDS:  Correct.  So Your Honor, we're amenable

13  to moving the deadline for those expert reports.  We believe we

14  should receive them no later than April 1st given the

15  importance of that information to our understanding of the

16  claims.  We'll also need time to review the reports and

17  potentially depose those experts.

18          That aside, we're committed to the schedule that Your

19  Honor outlined at the May -- excuse me -- the February 4th

20  status conference, which preliminarily suggested a May 1st

21  deadline for expert discovery, pre-trial briefing in mid to

22  late May, and a trial date in early June.

23          THE COURT:  All right.  Ms. Nora, tell me what the

24  status on the expert report.  You have one expert; is that

25  correct?

1      MS. NORA:  No, Your Honor.  We are going to be

2   amending our response to interrogatory number 13.  It is

3   prepared for filing based on the hearing on our discovery

4   issues yesterday.  I have substituted a new expert for my tax

5   expert, who, the Court had recognized, was going to be busy

6   during tax season, with a person who can also evaluate the

7   economic loss issues.  That individual is a CPA who is also

8   very busy during tax season, and I believe that it is

9   reasonable to provide our new expert, who is going to be

10   testifying substantially as the previous expert would have.

11   But this gentleman, a CPA by the name of Robert Adams, is

12   actually located in Houston, where Mr. Rode's business is

13   located and is qualified to address the same issues.

14      But I think it will be better for the understanding of

15   the economic loss experienced here to have someone local as

16   opposed to my expert, who I've worked with for years and years

17   who's also a tax specialist, but he's in Wisconsin.  So there's

18   better understanding of the local conditions with Mr. Adams,

19   who has agreed to be substituted for Rollin Morrison (ph.) --

20      THE COURT:  Am I --

21      MS. NORA:  -- based on his -- I'm sorry?

22      THE COURT:  Am I correct that you only intend to have

23   one expert witness, Mr. Adams?

24      MS. NORA:  Well, we will be deleting from our list of

25   experts any expert related to securitization issues subject to

RESIDENTIAL CAPITAL, LLC, et al.                    16

1  appeal, Your Honor.

2            THE COURT:  Ms. Nora, my question's a simple one.  For

3  the purposes of this trial, are you identifying one expert,

4  Robert Adams?

5            MS. NORA:  We are amending our expert witness list to

6  address the issue that we cannot raise securitization issues

7  based on your ruling yesterday, Your Honor.

8            THE COURT:  Which part of what I asked do you not --

9  Ms. Nora, stop.  Which part of what I asked do you not

10 understand?  Do you intend to offer at Mr. Rode's trial one

11 expert witness, Robert Adams?  Yes or no.

12           MS. NORA:  At this time, Your Honor, that is all we

13 can do.

14           THE COURT:  All right.  When will you provide the

15 Trust with Mr. Adams' expert report?

16           MS. NORA:  Based on my discussions with Mr. Adams

17 yesterday, Your Honor, he is asking for the opportunity to

18 prepare his expert report and provide it by April 22nd.

19           THE COURT:  That's too late.  The expert discovery --

20 my prior agreement, and I believe that I indicated that was as

21 far as I was going to go, extended the close of expert

22 discovery to May 1.  In order for the Trust to have an

23 opportunity to review now Mr. Adam's expert report, no doubt

24 confer with their own expert about it, prepare for and take Mr.

25 Adams' deposition, I'm going to set the deadline for the report

1 as April 1, 2016.

2           MS. NORA:  I will advise Mr. Adams.

3           THE COURT:  All right.  And I don't intend to extend

4 the deadlines any further.

5           So -- and Ms. Richards, submit an amended case

6 management and scheduling order that provides that the claimant

7 shall provide the expert report of Robert Adams on or before 5

8 p.m. April 1, 2016, and providing that the expert discovery

9 shall close on May 1, 2016.  I'm presuming that you and Ms.

10 Nora will be able to agree upon a date for Mr. Adam's

11 deposition.

12           Okay.  Are there any other issues, Ms. Richards?

13           MS. RICHARDS:  Nothing further, Your Honor.

14           THE COURT:  Ms. Nora, other issues that you want to

15 raise?

16           MS. NORA:  Yes, Your Honor.  With respect to any

17 expert that the Trust would want to introduce or the objector,

18 as I understand them, would they be providing that information

19 prior to the May 1st deadline for close of expert discovery?

20 And if so, by what date?

21           THE COURT:  Okay.  Ms. Richards, do you want to

22 address that issue?  If you're going to have an expert, you

23 need to provide Ms. Nora with a copy of that report.  You get

24 Mr. Adams' expert report by April 1st, you should be able to

25 provide your own expert's report by April 15th.  Is that

1  acceptable?

2           MS. RICHARDS:  That is acceptable, Your Honor.

3           THE COURT:  All right.  So the Trust shall identify

4  and provide any expert reports by April 15th.  And that leaves,

5  in my view, sufficient time for Ms. Nora to take your expert's

6  deposition before the May 1st deadline.

7           Is that acceptable, Ms. Richards?

8           MS. RICHARDS:  It is, Your Honor.  Thank you.

9           THE COURT:  Ms. Nora?

10          MS. NORA:  Yes, provided that the expert that the

11 Trust might name will be available during that time.  We will

12 do it by notice of deposition after the 15th.

13          THE COURT:  He or she --

14          MS. NORA:  But ordinarily --

15          THE COURT:  He or she will be available, as I'm

16 setting a deadline for -- the May 1st deadline for concluding

17 expert discovery.  So you work with Ms. Richards in working out

18 dates for the two expert depositions.  Okay?

19          MS. NORA:  Thank you.

20          THE COURT:  All right.  To short circuit any

21 controversy about this, if Mr. Adams is locate -- he's in

22 Houston.  Is that what you said, Ms. Nora?

23          MS. NORA:  Yes, he is, Your Honor.

24          THE COURT:  Okay.  Mr. Adams -- unless the parties

25 agree otherwise, the deposition of Mr. Adams will take place in

1   Houston, and the deposition of any expert identified by the

2   Trust shall take place at a place that's agreed upon or where

3   the expert is located.  Okay?  So I want -- there won't be any

4   dispute later.  If you agree on some different location and

5   that's an agreement, that's fine with me.  If there is no

6   agreement, Mr. Adams will be deposed in Houston, and the

7   Trust's expert will be deposed in whatever city he or she is

8   located.

9           All right?  Any other issues, Ms. Nora?

10          MS. NORA:  No, Your Honor.

11          THE COURT:  All right.  Ms. Richards, submit an

12  amended case management and scheduling order that deals with

13  this, okay?

14          MS. RICHARDS:  We will do that.  Thank you --

15          THE COURT:  All right.

16          MS. RICHARDS:  -- Your Honor.

17          THE COURT:  Thank you very much.

18          MS. RICHARDS:  At this point, I will cede the podium

19  to Mr. Shifer.

20          THE COURT:  Okay.  Mr. Shifer.

21          MR. SHIFER:  Good morning, Your Honor.  Joseph Shifer

22  of Kramer Levin Naftalis & Frankel for the ResCap Liquidating

23  Trust.

24          Your Honor, this item is number 5 on the agenda, on

25  page 6.  It's the second motion to further extend the date by

1    which objections must be filed --

2            THE COURT:  Yes.

3            MR. SHIFER:  -- meaning it's the third request in

4    total.  It's located at docket number 9634.  In support of the

5    motion, we filed a declaration by Peggi Fossell, the ResCap

6    Liquidating Trust director of claims management.  She's on the

7    phone if Your Honor has any questions.

8            Your Honor, the current objection deadline is set for

9    March 15th, 2016.  And by the motion, we're seeking an

10   extension of nine months to December 15th, 2016.  In the

11   motion, we discuss the remarkable progress, I think, that's

12   been made by both trusts in resolving claims.  Your Honor, of

13   the almost 7,500 claims that were filed in this case, there are

14   currently, as of today, 230 unresolved claims, taking into

15   account that since we filed the motion an additional 27 claims

16   have been resolved, including 26 borrower claims and one

17   nonborrower claim.

18           And Your Honor, as in the past, we've -- out of an

19   abundance of caution, we noticed the motion on all holders of

20   disputed claims.  We received one objection, which was filed by

21   Mr. Rode and Ms. Smith, located at docket number 9688.  As the

22   issues raised in the objection really relate to the Borrower

23   Claims Trust, the Borrower Claims Trust submitted a response at

24   9721.

25           And unless Your Honor has any questions for me, I'll

 1  let Ms. Nora --

 2            THE COURT:  I don't.

 3            MR. SHIFER:  -- address her objection.

 4            THE COURT:  All right, Ms. Nora, go ahead.

 5            MS. NORA:  Yes, Your Honor, thank you.

 6            As the attorney for Mr. Rode and Ms. Smith in the

 7  adversary proceeding, which is pending before this Court, our

 8  concern is that no one has raised the issue of the Liquidating

 9  Trust's motions to extend time for objections on behalf of the

10  Borrower Claims Trust.  What we are concerned with is whether

11  or not the Borrower Claims Trust has actually authorized the

12  pending motion.  All we have is an assertion, unsworn by

13  counsel, that there was some sort of consultation with counsel

14  for the Borrower Claims Trust.  We don't know who that might

15  be.

16            We have concerns about the representation of the

17  Liquidating Trust and the Borrower Claims Trust with respect to

18  the adversary proceeding.  And we just are trying to preserve

19  our issues in the adversary proceeding with respect to our

20  objection.  I would note for the Court that, while there was a

21  reply filed, the reply referred to a proposed order.  The

22  proposed order has not been served on me by CM/ECF and is not

23  attached to the reply.  Reference is made to frivolous nature

24  of the concerns of Ms. Smith and Mr. Rode, starting with a

25  concern with respect to their standing because we have not yet

RESIDENTIAL CAPITAL, LLC, et al.                    22

1   been able to certify the class, because we have an issue with

2   respect to whether or not the procedures order is effective.

3         We have not yet served the adversary proceeding

4   complaint, waiting for clarification today with respect to the

5   application of the adversary proceedings order.  But we are

6   simply trying to reserve the rights of all so-called borrowers,

7   who are homeowners who have claims that have been declared to

8   be disputed when, in fact, the actual trust agreement that

9   supersedes the plan language says that before any adversary

10  kinds of proceedings, which would be contested claims

11  proceedings, are initiated by the Borrower Claims Trust,

12  efforts have to be made to resolve that claim with the disputed

13  claimant, as is characterized by the opposing counsel here.

14        No effort prior to starting contested claims

15  proceedings by objections, in Ms. Smith's case, of the

16  Liquidating Trust on behalf of the Borrower Claims Trust when

17  they're supposed to be separate entities, or with Mr. Rode by

18  objection from the Borrower Claims Trust, no effort was made to

19  resolve both matters before calling upon the Court's

20  jurisdiction.

21        Furthermore, the --

22        THE COURT:  Can you please finish?

23        MS. NORA:  -- trust agreement --

24        THE COURT:  Please finish.  You're rambling.  Go

25  ahead, Ms. Nora.  Let's go.  Come to an end.

1      MS. NORA:  Your Honor, I have to object to the Court

2  characterizing our concerns as articulated by this counsel as

3  being rambling.  I am trying to address the foundation of the

4  issue in the adversary proceeding that gives my clients

5  standing to file this objection because the trust agreement of

6  the Borrower Claims Trust is not being followed.

7      THE COURT:  All right, I've heard your argument.  I've

8  read the twenty-nine pages that you filed.

9      The objection of Smith and Rode filed by Ms. Nora is

10  overruled.  The Court has serious questions whether Smith and

11  Rode have standing to raise this objection.  The Trust

12  previously filed objections to the claims of Smith and Rode.

13  The Court tried the contested matter of the claim of Tia Smith

14  on February 9th, 2016.  And right before taking this matter,

15  the Court addressed the issue of this remaining schedule for

16  the contested matter of the claim of Richard Rode.

17      Ms. Nora represents no one else and has no ability to

18  assert an objection on behalf of anyone else.  Rode and Smith I

19  don't believe have standing to object because their claims

20  weren't timely objected to.  And Smith's claim awaits decision.

21  And Rode, it remains to be scheduled for trial, but it was a

22  timely objection.  Even assuming that Smith and Rode have

23  standing, the Court overrules the objection on the merits of

24  it.

25      The Trust has made substantial progress during the

 1  course of this case in resolving all outstanding claims.  As

 2  Mr. Shifer indicated, there are 230 still unresolved claims.

 3  Obviously, it's important to move forward with reasonable

 4  dispatch to try and resolve those remaining claims.  The nine-

 5  month extension, in light of the progress the Trust has made

 6  and the number of claims that were initially filed and have --

 7  most of which is have been resolved, is appropriately

 8  reasonable.

 9          So the objection's overruled.  The motion is granted.

10  Submit an order, and the order should indicate that the Court

11  overruled the objection filed by Ms. Nora.

12          MR. WISHNEW:  Thank you, Your Honor.

13          THE COURT:  Let's move on to the next matter.

14          MR. WISHNEW:  The next item is the adversary

15  proceeding mentioned by Ms. Nora.  I'm going to turn the podium

16  over to Mr. Rosenbaum.

17          THE COURT:  Okay.

18          Mr. Rosenbaum.

19          MR. ROSENBAUM:  Good morning, Your Honor.  Norm

20  Rosenbaum on behalf of the ResCap Liquidating Trust and the

21  ResCap Borrower Claims Trust.  Mr. Shifer of Kramer Levin is

22  also appearing on behalf of the ResCap Liquidating Trust in

23  this matter.  And with the Court's indulgence, he might have

24  some additional statements after I'm done with a very short

25  presentation.

1       Your Honor, this is the pre-trial status conference in

2   adversary proceeding 16-1015.  Just to be clear, Your Honor,

3   Morrison & Foerster and Kramer Levin -- Kramer Levin, excuse

4   me, are appearing today solely on behalf of the Trusts and not

5   on behalf of any of the other named defendants in the action.

6       THE COURT:  Not even your own firm?

7       MR. ROSENBAUM:  Pardon me, Your Honor?

8       THE COURT:  Not even your own firm?

9       MR. ROSENBAUM:  Not even our own firm.

10      THE COURT:  Go ahead.

11      MR. ROSENBAUM:  I think Ms. Nora just confirmed

12  something but, to the best of our knowledge, the complaint has

13  not been served.

14      Your Honor, following the filing of the adversary

15  proceedings, the Trust elected to invoke the supplemental

16  adversary proceedings for borrower adversary proceedings, which

17  Your Honor had approved during the pendency of the Chapter 11

18  cases.  The Trust's position is that those procedures continue

19  to apply.  I would draw the Court's attention to paragraph 72

20  of the confirmation order at page 56, which indicates that

21  prior orders entered, unless otherwise indicated, continue to

22  apply in the case post-confirmation.

23      In accordance with the supplemental adversary

24  procedures order, the Trust served the notice of procedures on

25  Ms. Nora.  On February 25th, in accordance with those

RESIDENTIAL CAPITAL, LLC, et al.                    26

1    procedures, counsel for the Trust, Morrison & Foerster and

2    Kramer Levin conducted a telephonic conference with Ms. Nora,

3    at which her clients attended.

4           On February 29th, in accordance with the procedures,

5    the Trust filed a progress report with the Court.  We were

6    unable to reach agreement with Ms. Nora as to the content of

7    the report.

8           And on March 1, Ms. Nora, on behalf of the claimants,

9    filed her separate progress report.

10          The substance of the conference itself, pursuant to

11   the terms, is obviously confidential.  But the bottom line is

12   we were unable to reach any resolution of the issues raised in

13   the complaint.

14          THE COURT:  How does this complaint compare to the

15   complaint earlier filed in the ResCap case with Ms. Nora, as

16   the plaintiff, alleging what seemed to me to be many similar

17   claims?

18          MR. ROSENBAUM:  During the pendency of the 11 or after

19   the --

20          THE COURT:  Yes, during the pendency of the 11.

21          MR. ROSENBAUM:  Your Honor, frankly, I didn't have an

22   opportunity to review that.  I would imagine if it's related to

23   securitization issues, it would be quite similar.

24          THE COURT:  Well, you ought to go back and look at the

25   complaint that Ms. Nora previously filed, where she was the

1  named plaintiff, and that case was dismissed.  She resolved her

2  claim with the debtors at that time.  But you ought to go back

3  and look and compare the issues that Ms. Nora raised as a

4  plaintiff.  It was a putative class action; it was never

5  certified as a class action.  I think she was the only named

6  plaintiff.

7            MR. ROSENBAUM:  I'll do so, Your Honor.

8            THE COURT:  Okay.

9            MR. ROSENBAUM:  For the record, Your Honor, the Trust

10 reserve all their rights under Bankruptcy Rule 9011 in this

11 matter.

12           Your Honor, I believe that Ms. Nora contests whether

13 these procedures apply or not.  I think at this point that

14 issue is irrelevant.  The purpose of the procedures were

15 followed, and we were able to have a conference with her.  And

16 now it's time to move on with this matter.

17           THE COURT:  Well, maybe.

18           MR. ROSENBAUM:  What I --

19           THE COURT:  I have some issues I want to raise.

20           MR. ROSENBAUM:  Sure.  Just one comment, Your Honor,

21 then I'm happy --

22           THE COURT:  Okay.

23           MR. ROSENBAUM:  -- to listen to anything you have to

24 say, obviously.

25           What we would propose is that the Trust would move to

1    enforce the plan injunction.  We find this entire -- the

2    complaint in its entirety violative of the plan injunction, the

3    exculpation.  This is really a wholesale attack on the plan,

4    the confirmation process, and all the participants in that

5    process, including the debtors, the creditors' committee, the

6    professionals.  I think it's entirely barred by the plan and

7    the confirmation order.

8          All the borrowers were given notice of the

9    confirmation order and all the documents.  Some of them filed

10   objections, including Mr. Rode.

11         THE COURT:  Mr. Rode showed up at the confirmation

12   hearing.

13         MR. ROSENBAUM:  Mr. Rode attended the confirmation

14   hearing; that's correct, Your Honor.

15         And it's our view that this complaint could be really

16   enjoined in its entirety as an impermissible violation of the

17   plan, and we'd like the opportunity to file a motion to that

18   effect after Ms. Nora completes service.  We would request

19   approximately forty-five days to file that motion, Your Honor.

20         THE COURT:  Well, so to find Ms. Nora's earlier

21   complaint, if you go to ECF number 2871 in the main case, you

22   will find a copy of Ms. Nora's complaint where she was the

23   plaintiff and there was a very long list of defendants.  I'm

24   not going to take the time to deal further with that, but you

25   should explore with other counsel what the -- how that was

1  disposed of at the time.

2          Let me turn to Ms. Nora.  Ms. Nora, the complaint, in

3  this case, was filed on January 31, 2016.  And you have not

4  filed a motion to be admitted pro hac vice to represent the

5  plaintiffs in this case.  So you are not admitted in this case.

6  Is there some reason, with the complaint having been filed on

7  January 31, that you have not moved at this point to be

8  admitted?

9          MS. NORA:  My understanding, Your Honor, is I am

10  admitted pro hac vice to represent Ms. Smith and Mr. Rode.

11          THE COURT:  No, Ms. Nora, the two orders concerned

12  were, with respect to Ms. Smith, the order is at ECF docket

13  number 9298, and you're only admitted in the main case to

14  represent Ms. Smith in connection with the contested claim

15  matter.  With respect to Mr. Rode -- and the order is at ECF

16  docket 9297 -- again, admitted in the main case to represent

17  Mr. Rode in connection with the claim objection.  The adversary

18  proceeding that you filed is an entirely separate matter with

19  its own separate docket, and you have not been admitted pro hac

20  vice to represent either of the named plaintiffs or its

21  putative class in that action.

22          When you file an application, you will need to

23  specifically address the following issues:  whether, in light

24  of the -- you are not a member of the New York bar; in light of

25  the number of matters in which you have been permitted to

RESIDENTIAL CAPITAL, LLC, et al.                    30

1  represent individuals pro hac vice, whether you are seeking to

2  engage in unauthorized practice of law by representing anyone

3  and everyone in connection with this matter.  I believe it's

4  appropriate for the Court to impose limitations.  That's issue

5  number one.

6         Issue number two, and a much more serious issue:  the

7  Court tried the contested matter of the claim of Tia Smith on

8  February 9th, 2016.  Before the start of the trial, you engaged

9  in serious misconduct in my courtroom which I admonished you

10  for at that time.  To be clear, after I had placed all of my

11  papers, notes, and documents on the bench, and my law clerks

12  had placed their papers on their table, both of which are

13  within the so-called well, I was back in chambers when the

14  court reporter called into chambers and reported that you had

15  entered the well, had gone up to the bench, and were looking at

16  my papers on the desk.

17         When he cautioned you about it, you walked away from

18  there and you went over to my law clerk's table, and you did

19  the same thing.  I came into the courtroom, and I admonished

20  you about your serious misconduct.  There is no court in this

21  country, I believe, that permits lawyers to enter the well

22  without permission and, specifically, to go up to the judge's

23  bench and look at his papers and notes before the start of a

24  trial.  And then, when warned about it by the court reporter,

25  you went over to my law clerk's table and attempted to do the

1  same thing.

2          I came into the courtroom aghast that you would do

3  that.  I believe it was -- I told you at that time that you had

4  engaged in very serious misconduct.

5          Now, if you wish to appear pro hac vice in connection

6  with this new putative class action adversary proceeding you

7  filed, the Court will have to evaluate whether to extend the

8  privilege of a lawyer not admitted in New York, who has engaged

9  in serious misconduct in this judge's courtroom, to appear pro

10  hac vice in connection with the matter.

11          I will give you until a week from today to file an

12  application to appear pro hac vice.  The Court will then

13  determine what, if any, action to take with respect to that

14  application.

15          And you should caution any other lawyer who seeks to

16  appear in this case that they are going to have to sign the

17  complaint and that their signature on the complaint is a

18  certification that they have complied with Rule 9011 before

19  attempting to proceed with this action.

20          I won't get into it now.  I will leave it to the

21  defendants in the case to decide whether they wish to seek to

22  take action against you in connection with the complaint which

23  you did sign and filed in this court, in this matter.  But as

24  of now, you are not admitted in this court for purposes of this

25  adversary proceeding.

1          Mr. Rosenbaum correctly raises an issue, which I'm not

2    addressing today, as to whether the plan injunction bars or

3    precludes the action that you filed, which I will leave it to

4    counsel to compare it with the complaint that you previously

5    filed as a named plaintiff in the action, which is at ECF 2871

6    in the main case and had a separate number as an adversary

7    proceeding.  So we're not going to proceed -- since you are not

8    admitted to appear in this case, I'm not going to proceed

9    further with this hearing.

10          I will wait to see whether you can appear as counsel,

11    and if you can't, what action the Court takes, whether to

12    dismiss the complaint or what, but that's how we're leaving

13    this matter today.

14          As I understand, Mr. Rosenbaum, the defendants have

15    not been served.  Is that your understanding?

16          MR. ROSENBAUM:  That's correct, Your Honor.

17          THE COURT:  All right.  I've addressed this matter to

18    the extent that it's going to be addressed today.

19          Anything else, Mr. Rosenbaum?

20          MS. NORA:  May I respond?  Because the Court has

21    accused me of serious misconduct.

22          THE COURT:  I told you that -- I told you that on

23    February 9th that you had engaged in serious misconduct --

24          MS. NORA:  That --

25          THE COURT:  -- when you came to the bench and looked

1   at the papers on my desk in my absence and did the same thing

2   with my law clerk's bench.  I told -- table.  I told you that

3   at the trial on February 9th I was aghast that you would do

4   that and that you did.  You can respond --

5           MS. NORA:  So wait.  And you wouldn't speak --

6           THE COURT:  -- in writing, not now.  You can respond

7   in connection --

8           MS. NORA:  -- to it --

9           THE COURT:  -- with an application, if you choose to

10  file one, to appear pro hac vice in connection with this new

11  adversary proceeding, which you are not admitted in.  Is there

12  anything else the ResCap calendar for today?

13          MR. ROSENBAUM:  No, that concludes the agenda --

14          THE COURT:  All right, we're adjourned.

15          MR. ROSENBAUM:  -- Your Honor.

16       (Whereupon these proceedings were concluded at 10:46 AM)

17

18

19

20

21

22

23

24

25

1

2                              I N D E X

3

4                               RULINGS

5                                              PAGE       LINE

6  Section motion to further extend the date     24         9

7  by which objections to claims must be filed

8  is granted as specified

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, Aliza Chodoff, certify that the foregoing transcript is a true and accurate record of the proceedings.


_____

ALIZA CHODOFF

AAERT Certified Electronic Transcriber CET**D-634


eScribers

700 West 192nd Street, Suite #607

New York, NY 10040


Date:  March 11, 2016