**Hearing Date: May 17, 2016 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 2, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- ) | | |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 715 FILED**
**BY ZAYTOON ZEEBA PAKSIMA**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................1

JURISDICTION, VENUE, AND STATUTORY PREDICATE .................................................2

BACKGROUND .......................................................................................................................3

RELIEF REQUESTED .............................................................................................................4

OBJECTION .............................................................................................................................5

BACKGROUND FACTS .........................................................................................................5

    The Asbury Loan ................................................................................................................5

    The Aurora Loan ................................................................................................................9

    The Lawsuit .....................................................................................................................10

ARGUMENT ..........................................................................................................................11

    1.    Unreasonable Collection Efforts ..............................................................................11

    2.    DTPA .......................................................................................................................12

    3.    Finance Code ...........................................................................................................14

        a.    The Aurora Property ..........................................................................................14

        b.    The Asbury Property ..........................................................................................15

    4.    Wrongful Foreclosure ..............................................................................................16

        a.    The Aurora Property ..........................................................................................17

        b.    The Asbury Property ..........................................................................................17

    5.    Breach of Contract ...................................................................................................18

    6.    Request for Injunction, Declaratory Judgment and Set-Aside Foreclosure
        Sale ..........................................................................................................................19

    7.    Attorney's Fees ........................................................................................................20

CONCLUSION .......................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Biggers v. BAC Home Loans Servicing, LP,
    767 F. Supp. 2d 725 (N.D. Tex. 2011) ..................................................................... 17

Darocy v. Chase Home Fin., LLC,
    No. 3:10-cv-1259-L, 2011 WL 1938151 (N.D. Tex. May 18, 2011) ...................................... 13

EMC Mortg. Corp. v. Jones,
    252 S.W.3d 857 (Tex. Ct. App. 2008) ..................................................................... 11

Enis v. Bank of Am., N.A.,
    2012 WL 4741073 (N.D. Tex. Oct. 3, 2012) .............................................................. 18

Fashina v. Fed. Home Loan Mortg. Corp.,
    03:12-cv-822-N-BK, 2013 WL 1499376 (N.D. Tex. Mar. 18, 2013) ...................................... 17

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ...................................................................... 5

Johnson v. JPMorgan Chase Bank, N.A.,
    No. 4:12cv285, 2013 WL 2554415 (E.D. Tex. Jun. 7, 2013), aff'd, 570 Fed. Appx.
    404 (5th Cir. 2014) ......................................................................................... 19

Merryman v. JPMorgan Chase & Co.,
    No. 3:12-CV-2156-MBH, 2012 WL 5409735 (N.D. Tex. Oct. 12, 2012) ............................... 14

Mitchell v. Chase Home Fin. LLC,
    3:06-cv-2099-K, 2008 WL 623395 (N.D. Tex. Mar. 4, 2008) ........................................... 12

Montalvo v. Bank of Am. Corp.,
    864 F. Supp. 2d 567 (W.D. Tex. 2012) .................................................................... 13

Motten v. Chase Home Fin.,
    831 F. Supp. 2d 988 (S.D. Tex. 2011) ..................................................................... 17

Narvaez v. Wilshire Credit Corp.,
    757 F. Supp. 2d 621 (N.D. Tex. 2010) ................................................................. 11, 12

Sanders v. Am. Home Mortg. Servicing, Inc.,
    No. 04-13-00845-CV, 2015 WL 794494 (Tex. Ct. App. Feb. 25, 2015) ............................... 18

Smith v. Bank of Am., N.A.,
    615 Fed. Appx. 830 (5th Cir. 2015) ....................................................................... 16

Smith v. J.P. Morgan Chase Bank N/A,
  Civ. A. No. H-10-3730, 2010 WL 4622209 (S.D. Tex. Nov. 4, 2010) ...................................17

Steele v. Green Tree Servicing, LLC,
  No. 3:09-cv-0603-D, 2010 WL 3565415 (N.D. Tex. Sept. 7, 2010) ...............................12, 18

Sturges v. SunTrust Mortg., Inc., C.A.
  No. 3-11-396, 2012 WL 6554377 (S.D. Tex. Dec. 14, 2012), aff'd, 539 Fed. Appx.
  580 (5th Cir. 2013) ...........................................................................................................16

Torres v. Bank of Am., N.A.,
  C.A. No. 12-057, 2012 WL 4718368 (S.D. Tex. Sep. 10, 2012) ...........................................19

Valero Mktg. & Supply Co. v. Kalama Int'l, LLP,
  51 S.W.3d 345 (Tex. Ct. App. 2001) ....................................................................................18

Vanderbilt Mortg. & Fin., Inc. v. Flores,
  746 F. Supp. 2d 819 (S.D. Tex. 2010) ..................................................................................12

Williams v. Chase Home Fin., LLC,
  No. 3:13-cv-1307-G (BH), 2014 WL 46233 (N.D. Tex. Jan. 6, 2014) ..................................15

Wilson v. Residential Capital, LLC (In re Residential Capital, LLC),
  Adv. Proc. No. 12-01936 (MG), 2014 WL 3057111 (Bankr. S.D.N.Y. July 7, 2014) ..........19

**STATUTES**

11 U.S.C. § 502(a) .......................................................................................................................5

11 U.S.C. § 502(b) .....................................................................................................................19

11 U.S.C. 502(b)(1) ......................................................................................................................5

COMM. CODE ANN. § 17.45 (West 2015) ...................................................................................13

TEX. BUS. & COM. CODE ANN. §17.565 (West 2015) ................................................................14

TEX. FIN. CODE §§ 392.202 through 392.306 (West 2015) ........................................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 7001(9) ...............................................................................................................19

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (as defined below), hereby submits this objection (the "Objection") seeking to disallow and expunge, without leave to amend, proof of claim no. 715 (the "Claim") filed by Zaytoon Zeeba Paksima (the "Claimant") against Debtor GMAC Mortgage, LLC ("GMACM") for $300,000.00 pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a basis for liability against the Debtors.[1] The Borrower Trust seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief. In support of the Objection, the Borrower Trust submits the declaration of Sara Lathrop, Senior Claims Analyst for the Borrower Trust, attached hereto as Exhibit 2 ("Lathrop Declaration").

## PRELIMINARY STATEMENT

1.      The Borrower Trust examined the Claim and the statements and exhibits submitted in support thereof. A copy of the Claim is attached hereto as Exhibit 3. The asserted basis for the Debtors' liability is "Lawsuit Case No. 2011-54902 Paksima v. GMAC in the 152nd District of Harris County, TX." Attached to the Claim is a Second Amended Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Second Amended Complaint"), filed by the Claimant against GMACM and

---

[1]     The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Objection, and the Borrower Trust reserves all of its rights to amend this Objection should any further bases come to light.

non-Debtor defendants.   The Second Amended Complaint asserts causes of action for unreasonable collection efforts, violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Debt Collection Practices Act ("TDCPA"), declaratory action, wrongful foreclosure, and breach of contract.  All of the causes of action purportedly arise out of the servicing of two of the Claimant's loans and the associated foreclosure sales.

2.    All of the Claimant's causes of action fail as a matter of law.  For example, the Claimant's wrongful foreclosure claims fail because the Claimant has not alleged that the sale price for either of the properties was inadequate, and also as to one property, the Claimant cannot support such a cause of action because she is still in possession of the home.  The Claimant's DTPA and breach of contract claims fail because such causes of action cannot be asserted against a loan servicer.  The Claimant's claim for violation of the TDCPA fails because, as to one property, it is barred by the statute of limitations, and as to the second property, the Claimant has failed to allege any action by the Debtors that violates the statute.  Finally, the claim for declaratory action is improper in the context of a proof of claim.  Therefore, as more fully described below, the Claim should be disallowed and expunged in its entirety from the Claims Register (defined below).

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

3.    This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4.    The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

ny-1222994

**BACKGROUND**

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

7.      On September 24, 2012, the Claimant filed the Claim.  See Claim.

8.      On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order").  The Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

9.      The Debtors sent Request Letters to certain Borrowers, including the Claimant, requesting additional documentation in support of their claims.  See Lathrop Declaration ¶ 4.  The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim.  The Request Letters further state that if the claimant does not provide the requested

---

[2]      As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. A Request Letter was sent to the Claimant and a response was received on July 3, 2013. See Diligence Response, attached to the Lathrop Declaration as Exhibit A.

10.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

11.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

## RELIEF REQUESTED

12.     The Borrower Trust files this Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Claim with prejudice from the Claims Register.

4

## OBJECTION

13.     A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1).  Furthermore, the burden of persuasion once an objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

## BACKGROUND FACTS

*The Asbury Loan*

14.     On September 2, 2005, non-Debtor Finance America, LLC ("Finance") originated a loan   (the "Asbury Loan") in the amount of $360,050 to the Claimant, evidenced by a note (the "Asbury Note") and secured by a warranty deed (the "Asbury Deed") on property located at 328 Asbury St., Houston, TX 77007-7137 (the "Asbury Property"). Copies of the Asbury Note and the Asbury Deed are attached to the Lathrop Declaration as Exhibit B and Exhibit C, respectively.  Debtor Residential Funding Company, LLC purchased the loan from Finance and transferred its interest when the loan was securitized on or about November 1, 2005 and US Bank, NA was appointed as trustee. See Lathrop Declaration ¶ 5.

15.     GMACM serviced the Asbury Loan from November 20, 2005 until the Asbury Property was sold in a foreclosure sale on September 6, 2011.  See Lathrop Declaration ¶ 6.

ny-1222994

16.     The Claimant defaulted on the Asbury Loan as early as April 2006.  See April 2006 Breach Letter, attached to the Lathrop Declaration as Exhibit D.  On June 1, 2007, GMACM referred the Asbury Loan to foreclosure because it was owing for the March 1, 2007 payment.  See Asbury LPS Notes, attached to the Lathrop Declaration as Exhibit E.  The foreclosure sale was scheduled for August 7, 2007.  See Asbury LPS Notes, at 88.

17.     The foreclosure sale was postponed on July 30, 2007 to allow the Claimant time to refinance the Asbury Loan.  See Asbury Servicing Notes, attached to the Lathrop Declaration as Exhibit F at 172 of 176.

18.     On November 6, 2007, after no refinance occurred, GMACM conducted a foreclosure sale (the "November 2007 Foreclosure Sale") of the Asbury Property.  See Asbury Servicing Notes at 158 of 176.  However, that same day, the Claimant filed a chapter 13 bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of Texas (the "Texas Bankruptcy Court"), case number 07-37764 (the "First Bankruptcy Case").  See First Bankruptcy Case Docket, attached to the Lathrop Declaration as Exhibit G; see also Asbury Servicing Notes at 139 of 176.

19.     On November 27, 2007, the Texas Bankruptcy Court dismissed the First Bankruptcy Case because the Claimant failed to undergo credit counseling prior to filing her petition.  See Order Dismissing Case, attached to the Lathrop Declaration as Exhibit H.

20.     On April 15, 2008, the November 2007 Foreclosure Sale was rescinded due to the First Bankruptcy Case being filed the same day as the sale.  See Asbury Servicing Notes at 140 of 176.  At the time, the Claimant's credit report was also amended to remove the foreclosure sale.  See Asbury Servicing Notes at 137 of 176.

6

21.     On November 4, 2008, the Claimant filed a second chapter 13 bankruptcy petition (the "Second Bankruptcy Case") in the Texas Bankruptcy Court, case number 08-37149. See Second Bankruptcy Case Docket, attached to the Lathrop Declaration as Exhibit I. On November 24, 2008, the Texas Bankruptcy Court dismissed the Second Bankruptcy Case for failure to comply with a court order regarding the filing of certain documents. See Order of Dismissal, attached to the Lathrop Declaration as Exhibit J.

22.     In September 2008, the Asbury Property was damaged in a hurricane. See Asbury Servicing Notes at 122 of 176. GMACM received an insurance check on November 25, 2008 and placed the funds in a suspense account so draws could be taken for repairs of the home; however, it did not receive documents to draw on this amount until August 31, 2009. See id. 114 of 176. During the period that the Asbury Property was being repaired, foreclosure activity was suspended. See id. at 122 of 176.

23.     On November 29, 2010, GMACM referred the Claimant's account to foreclosure because her account was owing for the March 1, 2007 payment and there had been no cooperation from the Claimant since January 2010. See Asbury Servicing Notes at 66 of 176.

24.     Pursuant to GMACM's business practices, because the Asbury Loan was delinquent by more than forty-five days, monthly property inspections were conducted to ensure that the Asbury Property was being maintained and occupied. See Lathrop Declaration ¶ 15. It was also GMACM's business practice to obtain valuations of property ("BPOs") that secured delinquent loans in order to allow GMACM to create bidding instructions for foreclosure sales. See id. As a result, between September 2009 and September 2011, GMACM assessed a number of fees related to the property inspections and

the BPOs conducted on the Asbury Property, which are reflected in the Asbury Servicing Notes.  The Borrower Trust has prepared a chart summarizing these payments, attached to the Lathrop Declaration as Exhibit K.

25.    On January 26, 2011, the Claimant provided GMACM with a letter disputing the amount of her debt and requesting that the amount be verified.  See January 2011 Debt Validation Letter, attached to the Lathrop Declaration as Exhibit L.  In response, GMACM provided the Claimant with a copy of her loan history showing that her account was owing for the March 1, 2007 payment.  See id.

26.    On May 2, 2011, GMACM received another letter from the Claimant seeking information regarding the current owner of the Asbury Loan.  See May 2011 Debt Validation Letter, attached to the Lathrop Declaration as Exhibit M.  GMACM responded to the letter on May 11, 2011, providing the Claimant with a copy of the Asbury Note and Asbury Deed of Trust and informing her that the owner of the Asbury Loan was U.S. Bank N.A. as Trustee.  See id.

27.    On September 6, 2011, GMACM conducted a foreclosure sale of the Asbury Property at which time Elbar Investments, Inc. ("Elbar") a non-Debtor third party purchased the Asbury Property at a foreclosure sale for $288,000.  See Asbury Servicing Notes at 19 of 176.  At the time of the sale, the principal balance owing on the Asbury Loan was $355,944.33.  See Asbury Servicing Notes at 2 of 176.  On information and belief, the Claimant continues to live in the Asbury Property.  See Lathrop Declaration ¶ 18.

*The Aurora Loan*

28.     On September 13, 2005, Kellner Mortgage Investments I, Ltd. ("Kellner")

originated a loan  (the "Aurora Loan," and with the Asbury Loan, the "Loans") in the

amount of $290,000 to the Claimant, evidenced by a note (the "Aurora Note") and secured

by a deed of trust (the "Aurora Deed of Trust") on property located at 203 Aurora Street,

Houston, TX 77008 (the "Aurora Property," and with the Asbury Property, the

"Properties"). Copies of the Aurora Note and the Aurora Deed of Trust are attached hereto

as Exhibit N and Exhibit O, respectively.  Debtor Residential Funding Company, LLC

purchased the loan from Kellner and transferred its interest when the loan was securitized

on or about November 1, 2005 and JP Morgan Chase Bank, NA was appointed as trustee.

See Lathrop Declaration ¶ 19.

29.     GMACM serviced the Aurora Loan from at least May 22, 2007 until the

Aurora Property was sold in a foreclosure sale on June 3, 2009.  See Lathrop Declaration ¶

20.

30.     On July 22, 2008, the account for the Aurora Loan was referred to foreclosure

because it was owing for the March 2007 through July 2008 payments.  See Aurora

Servicing Notes, attached to the Lathrop Declaration as Exhibit P, at 53-54 of 104.  Due to

the filing of the Second Bankruptcy Case, the foreclosure was placed on hold until it was

dismissed.  See id. at 45 of 104.

31.     On June 3, 2009, GMACM conducted a foreclosure sale of the Aurora

Property, at which time the account was owing for the March 1, 2007 payment.  See Aurora

Servicing Notes at 10 of 104.  GMACM purchased the Aurora Property on behalf of the

investor at the foreclosure sale with a bid of $146,618.16.  See id.  At the time of the

9

foreclosure sale, the unpaid principal balance on the account was $287,093.40.  See id. at 2 of 104.

33.    On December 17, 2009, GMACM sold the Aurora Property to a non-Debtor third party for $119,616.61.  See Aurora Servicing Notes at 6 of 104.

*The Lawsuit*

33.    On September 15, 2011, the Claimant filed a "Petition for Declaration of Rights, Wrongful Foreclosure, Unreasonable Collection Efforts, Finance Code and DTPA Violations" (the "Original Petition") against GMACM in the District Court of Harris County, Texas (the "Texas Court"), case number 2011-54902 (the "Lawsuit").  See Original Petition, attached to the Lathrop Declaration as Exhibit Q.  The Original Petition Related to the Asbury Property and asserted causes of action for (1) unreasonable collection efforts, (2) violation of Texas Finance Code, (3) violation of the DTPA, (4) declaratory action, (5) wrongful foreclosure and set aside of foreclosure sale, and (5) breach of contract.   On October 10, 2011, GMACM filed an answer to the Original Petition.  See Lawsuit Docket, attached to the Lathrop Declaration as Exhibit R.  On October 25, 2011, the Claimant filed "Plaintiff's First Amended Petition for Declaration of Rights, Wrongful Foreclosure, Unreasonable Collection Efforts, Finance Code and DTPA Violations" (the "Amended Petition"), which also included allegations related to the Aurora Property.  See Amended Petition, attached to the Claim.   On November 1, 2011, the Claimant filed a second amended petition (the "Second Amended Petition") asserting the same claims against Elbar, as well as additional claims for trespass and slander of title against Elbar.  See Second Amended Petition, attached to the Claim.

34.    On May 22, 2012, GMACM filed a notice of bankruptcy in the Lawsuit.  See Lawsuit Docket.  On November 12, 2015, the Texas Court entered an order severing the

10

Lawsuit and creating a new action, case number 2011-54902-A, solely against Elbar. See Order on Motion to Sever and Retain, attached to the Lathrop Declaration as Exhibit S.

## ARGUMENT

35.     The Claimant asserts a cause of action for GMACM's servicing and foreclosure of the Properties. For the reasons provided below, these causes of action fail against the Debtors as a matter of law.

### 1.     Unreasonable Collection Efforts

36.     The Claimant asserts GMACM "engaged in reckless disregard for [Claimant's] welfare by unreasonable collection practices in attempting collection of invalid amounts, having failed to verify and compute what was actually owed." See Second Amended Petition, ¶ 9.1. Such allegations do not support a cause of action for unreasonable collection efforts under Texas law.

37.     Under Texas law, "unreasonable collection is an intentional tort." EMC Mortg. Corp. v. Jones, 252 S.W.3d 857, 868 (Tex. Ct. App. 2008). "Generally speaking, … to recover on [a claim for unreasonable collection efforts], a plaintiff must prove that 'a defendant['s] debt collection efforts amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." See Narvaez v. Wilshire Credit Corp., 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010) (quoting Steele v. Green Tree Servicing, LLC, No. 3:09-cv-0603-D, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010). Courts in Texas have held that, unlike cases where the debt was fully paid or discharged, attempts to collect a debt where the plaintiff merely disputes the amount of the debt rather than the existence of the debt cannot constitute unreasonable collection efforts. See e.g. Narvaez, 757 F. Supp. 2d at 635 (holding that the collections practices could not be unreasonable where the plaintiff admitted he did not make all the required payments under

the note), <u>Steele v. Green Tree Servicing, LLC</u>, No. 3:09-cv-0603-D, 2010 WL 3565415, at

*6 (N.D. Tex. Sept. 7, 2010) ("While the precise sum the [plaintiffs] owed is in dispute, a

reasonable trier of fact could only find that the [plaintiffs] were in default."); <u>Mitchell v.

Chase Home Fin. LLC</u>, 3:06-cv-2099-K, 2008 WL 623395, at *6 (N.D. Tex. Mar. 4, 2008)

(distinguishing its case where the plaintiff was and continued to be in default of the loan

from cases where the debt was paid in full).  Here, the Claimant was clearly in default of her

obligations under the Loans, and as a result cannot assert a cause of action for unreasonable

collection efforts.

38.    Additionally, the Claimant's allegations do not assert that GMACM's conduct

was "malicious, wanton, and intended to inflict mental anguish and bodily harm."  Instead,

the Claimant merely asserts, without providing any specific facts to substantiate the

allegations, that GMACM "failed to verify and compute what was actually owed," which,

even if true, merely asserts negligence on the part of GMACM.  Courts in Texas are clear

that evidence of negligence is insufficient to support a cause of action for unreasonable

collection efforts.  <u>See Narvaez</u>, 757 F. Supp. 2d at 636 ("[E]vidence of negligence is

insufficient to support a cause of action for unreasonable collection efforts."); <u>Vanderbilt

Mortg. & Fin., Inc. v. Flores</u>, 746 F. Supp. 2d 819, 838 (S.D. Tex. 2010) ("[W]hen

defendants' collection efforts … constitute mere negligence, courts have found the evidence

insufficient to support a cause for tortious debt collection.")  As a result, because the

Claimant does not allege that GMACM's alleged wrongful collection was intentional, she

cannot support a claim for unreasonable collection efforts.

**2.    DTPA**

39.    The Claimant asserts that GMACM violated the DTPA due to alleged

improper debt collecting.  <u>See</u> Second Amended Petition ¶ 10.1.  The Claimant's DTPA

claim related to both Properties fails. The DTPA only permits a "consumer" to sue under the statute, and, because the Claimant is not a "consumer" in relation to either loan, she does not have standing to assert a cause of action under the DTPA.

40.    The DTPA defines a "consumer" as one who "seeks or acquires by purchase or lease, any goods or services [from the defendant]." TEX. BUS. & COMM. CODE ANN. § 17.45 (West 2015).    Courts, including this Court, have held that mortgagors are not consumers in relation to loan servicers because mortgagors do not obtain the services of a loan servicer by purchase or lease.    See *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode*, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Sept. 2, 2015), [Docket No. 9094] (the "Rode Opinion"); Montalvo v. Bank of Am. Corp., 864 F. Supp. 2d 567, 579-80 (W.D. Tex. 2012) (holding that a plaintiff was not a consumer with standing to sue a loan servicer because the Plaintiff did not seek or pay for the services offered by the servicer); Darocy v. Chase Home Fin., LLC, No. 3:10-cv-1259-L, 2011 WL 1938151, at 3-4 (N.D. Tex. May 18, 2011) (holding that a plaintiff was not a consumer under the DTPA because the servicer was not involved in the original loan transaction and that transaction was to purchase the property, rather than to purchase the loan servicing later provided by the servicer).    As a result, because the Claimant never purchased or leased the services of any of the Debtors with regard to either of the Loans, the Claimant's DTPA claims must fail as a matter of law.

41.    Furthermore, the Claimant's DTPA claim as to the Aurora Property is barred by the act's statute of limitations, which is two years.  See TEX. BUS. & COM. CODE ANN. §17.565 (West 2015).    Since all of the alleged collection efforts occurred prior to the

foreclosure sale of the Aurora Property in June 2009, the statute of limitations on any alleged wrongful collection activity had run when the Original Petition was filed in September 2011. Additionally, to the extent the Claimant asserts a claim for violation of the DTPA for actions related to the Asbury Loan prior to September 2009, such allegations are also barred by the statute of limitations.

### 3.    Finance Code

42.    The Claimant also asserts GMACM violated the Texas Finance Code § 392.001, Et. Seq., also known as the Texas Debt Collection Practices Act ("TDCPA"). "The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing, or abusive conduct to collect debts from consumers." Merryman v. JPMorgan Chase & Co., No. 3:12-CV-2156-MBH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012) (citation omitted). The statute provides a list of activities that are not permissible when enforcing or collecting a debt. See TEX. FIN. CODE §§ 392.202 through 392.306 (West 2015), copies of which are attached hereto as Exhibit 4.

43.    The Claimant's TDCPA claim rests on (i) alleged improper fees that were charged while GMACM was servicing the Loans, (ii) GMACM's alleged failure to verify the debt, as requested by the Claimant, (iii) GMACM's alleged failure to account for the Claimant's payments, and (iv) "other predatory lending practices." See Second Amended Petition, ¶¶ 5.3-5.8, 10.1, 10.2.

### a.    The Aurora Property

44.    With regard to the Aurora Property, the Claimant has failed to specifically identify any improper fees. Furthermore, even if the Claimant had shown that GMACM charged an improper fee or misstated the amount owed, these allegations are barred by the TDCPA's statute of limitations. The statute of limitations for the TDCPA is two years and

14

courts have held that the cause of action accrues upon the date of the alleged

misrepresentation.   See Williams v. Chase Home Fin., LLC, No. 3:13-cv-1307-G (BH),

2014 WL 46233, at *6 (N.D. Tex. Jan. 6, 2014) (holding that a cause of action under Tex.

Fin. Code § 392.303(a)(2) and 392.304(a)(8) accrued when the allegedly excessive interest

rate was charged).   Here, GMACM ceased servicing the Aurora Loan after the foreclosure

sale in June 2009.   As a result, any cause of action stemming from the alleged improper fees

is barred as a matter of law.

> b.    *The Asbury Property*

45.    While the Claimant asserts that she was improperly charged "improper fees,

costs, and charges" by GMACM, she did not specify the exact allegedly improper fees.   See

Second Amended Complaint ¶ 5.5.   Nevertheless, the Borrower Trust reviewed the

Claimant's loan history for the Asbury Property account to determine all of the fees that

were charged to her from September 2009 through the date of the Second Foreclosure Sale.[3]

As stated above, a chart listing all of the fees, which are also listed in the Servicing Notes,

is attached to the Lathrop Declaration as Exhibit K.   The only fees charged to the

Claimant's account during this period were for BPOs and property inspections, which, as

stated above, were conducted pursuant to GMACM's business practices regarding

delinquent loans.   Such fees were permissible charges pursuant to section 14 of the Asbury

Deed, which states "Lender may charge Borrower fees for services performed in connection

with Borrower's default, for the purpose of protecting Lender's interest in the Property and

rights under this Security Instrument, including, but not limited to, attorneys' fees, property

inspection and valuation fees."   See Asbury Deed, § 14.

---

[3] Given that the statute of limitations for violations of the TDCPA is two years, any fees levied against the Claimant prior to September 2009 are barred by the statute of limitations, and therefore were not reviewed by the Borrower Trust.

ny-1222994

46.   The Claimant's other alleged violations of the TDCPA are similarly meritless. The Claimant asserts that GMACM failed to verify her debt as requested, however, as described in ¶ 25 *supra*, GMACM did respond to the Claimant's inquiries regarding the amount of her debt and the owner of her loan.  Additionally, it is unclear how a failure to verify her debt is a violation of the TDCPA.  The Claimant also asserts that GMACM failed to properly account for her payments; however, the Claimant has not made a payment since early 2007, and therefore any alleged issues with payments she did make is barred by the statute of limitations.

47.   Finally, the allegations regarding "other predatory lending practices" (<u>see</u> Second Amended Complaint ¶ 5.3) is too vague to support a cause of action.  <u>See</u> <u>Smith v. Bank of Am., N.A.</u>, 615 Fed. Appx. 830, 834 (5th Cir. 2015) (holding that a plaintiff failed to plead a violation of the TDCPA because she alleged no facts that the defendant employed specific practices that were classified as "unfair or unconscionable means.")

**4.   Wrongful Foreclosure**

48.   The Claimant also asserts claims for wrongful foreclosure related to both Properties.  <u>See</u> Second Amended Petition ¶¶ 12.1 and 12.2.  In Texas, the elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  <u>See</u> <u>Sturges v. SunTrust Mortg., Inc., C.A.</u> No. 3-11-396, 2012 WL 6554377, at *2 (S.D. Tex. Dec. 14, 2012) (citation omitted), <u>aff'd</u>, 539 Fed. Appx. 580 (5th Cir. 2013).  The Claimant's allegations related to the sale of the Properties are not sufficient to state such a cause of action.

16

### a.    The Aurora Property

49.    In the Second Amended Complaint, the Claimant fails to allege the sale price of the Aurora Property was inadequate, let alone that it was *grossly* inadequate. "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." Biggers v. BAC Home Loans Servicing, LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); see also Fashina v. Fed. Home Loan Mortg. Corp., 03:12-cv-822-N-BK, 2013 WL 1499376, at *2 (N.D. Tex. Mar. 18, 2013) (quoting Biggers). Thus, because there is no assertion that the sale price of the Aurora Property was grossly inadequate, the Claimant's wrongful foreclosure claim related to that property fails.

### b.    The Asbury Property

50.    The Claimant's wrongful foreclosure claim also fails as to the Asbury Property. Courts in Texas have been clear that in order to assert a claim for wrongful foreclosure, a plaintiff must have actually lost possession of the property. See Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 1007-1008 (S.D. Tex. 2011) (holding that a plaintiff's wrongful foreclosure claim failed if the plaintiff maintained possession of their home following a foreclosure sale); Smith v. J.P. Morgan Chase Bank N/A, Civ. A. No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) ("Under Texas law, even if a mortgagor holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home.") Here, since the Claimant continues to live in the Asbury Property, no cause of action for wrongful foreclosure can be maintained. Furthermore, the Claimant cannot maintain the wrongful foreclosure cause of action because she has not alleged that any defect in the notice

provided to her resulted in an inadequate sale price, and therefore the claim fails for the same reason as the Aurora Property.

### 5.    Breach of Contract

51.    The Claimant also asserts a cause of action for breach of contract.  To prevail on a breach-of-contract claim under Texas law, a plaintiff must prove:  (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach.  Valero Mktg. & Supply Co. v. Kalama Int'l, LLP, 51 S.W.3d 345, 351 (Tex. Ct. App. 2001) (citation omitted).  Here, the breach of contract claim fails because the Claimant has not alleged a contract between her and GMACM related to either Loan.  See Sanders v. Am. Home Mortg. Servicing, Inc., No. 04-13-00845-CV, 2015 WL 794494, at *4 (Tex. Ct. App. Feb. 25, 2015) (holding that a loan servicer cannot be liable for breach of a deed of trust because the loan servicer is not a party to the deed of trust); Steele v. Green Tree Servicing, LLC, 2010 WL 3565415, at *4 (holding that plaintiffs did not meet summary judgment burden as to breach of contract claim when they failed to produce evidence that loan servicer was party to deed of trust or note).  Here, because GMACM did not originate either loan and therefore is not a party to the Asbury Note/Deed or the Aurora Note/Deed of Trust, the elements for a breach of contract claim cannot be satisfied.

52.    Additionally, the Claimant cannot state a claim for breach because she herself breached the loan documents by failing to make the requisite payments under the Aurora and Asbury Loans.  "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach."  Rode Opinion at 23, quoting Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990); see also Enis v. Bank of Am., N.A., 2012 WL

18

4741073, at *3 (N.D. Tex. Oct. 3, 2012) ("[A] party to a contract who is himself in default

cannot maintain a suit for its breach.") (citing cases); Torres v. Bank of Am., N.A., C.A. No.

12-057, 2012 WL 4718368, at *5 (S.D. Tex. Sep. 10, 2012); Johnson v. JPMorgan Chase

Bank, N.A., No. 4:12cv285, 2013 WL 2554415, at *7-8 (E.D. Tex. Jun. 7, 2013), aff'd, 570

Fed. Appx. 404 (5th Cir. 2014); Priore Decl. at ¶ 24. Thus, any breach of contract claim

fails as a matter of law.

### 6.    Request for Injunction, Declaratory Judgment and Set-Aside Foreclosure Sale

53.    In the first instance, the Claimant's requests for an injunction declaratory

judgment, and motion to set aside the foreclosure sale should be denied because the

Claimant's other claims fail.  Additionally, the request for such relief should be denied

because such relief is not appropriately sought through a proof of claim.

54.    Bankruptcy Code section 502(b) provides that in connection with allowing or

disallowing proofs of claim, the Court "shall determine the amount of such claim in lawful

currency of the United States as of the date of the filing of the petition, and shall allow such

claim in such amount . . . ." 11 U.S.C. § 502(b).  Bankruptcy Code section 502(b) makes no

provision for granting of equitable relief.  Instead, the Bankruptcy Code and Bankruptcy

Rules require requests for equitable, non-monetary relief must be sought by an adversary

proceeding.  See Fed. R. Civ. P. 7001(9) (a proceeding to obtain a declaratory judgment

with respect to equitable relief sought must be brought by adversary proceeding); accord

Wilson v. Residential Capital, LLC (In re Residential Capital, LLC), Adv. Proc. No. 12-

01936 (MG), 2014 WL 3057111, at *6 (Bankr. S.D.N.Y. July 7, 2014) (citing Conn. v.

Dewey & LeBoeuf LLP (In re Dewey & LeBoeuf LLP), 487 B.R. 169, 178 (Bankr.

S.D.N.Y. 2013) ("concluding that claims for equitable relief require an adversary

19

proceeding, while prepetition claims for damages must be asserted by proof of claim")).

Consequently, the relief requested by the Claim should be disallowed.

55.    Moreover, even if an injunction could be obtained through the adjudication of

a proof of claim, Claimant's request should be denied because neither GMACM, the

Borrower Trust nor the Liquidating Trust, as GMACM's successors in interest, presently

maintain an interest in the Asbury Property.  As far as the Borrower Trust has been able to

ascertain, the Asbury Property is owned by Elbar, and GMACM never held any interest in

the Aurora Property.  GMACM previously serviced the Loans; however, it has not

maintained any interest in the Loans' servicing rights since the respective foreclosures.

Consequently, even if the Court were inclined to grant equitable relief through the claims

resolution process, GMACM would not be in a position to turn over the Property, in which

it has no interest, and the entities that could turn over the Property are not a party to this

matter.  For each of these reasons, to the extent that the Claim seeks equitable relief, it

should be disallowed and expunged.

**7.    Attorney's Fees**

56.    The Claimant also asserts that she is entitled to attorney's fees, because of her

claims for breach of contract, violations of the DTPA and the TDCPA, and for her

declaratory judgment action.  However, because these claims fail as a matter of law, the

Claimant is not entitled to attorney's fees related to those claims.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed

Order granting the relief requested herein and such other and further relief as this Court may

deem proper.

20

Dated: April 11, 2016
       New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

21