**Exhibit Q**

# CHRISTIAN, SMITH & JEWELL

A REGISTERED LIMITED LIABILITY PARTNERSHIP

## - TELEFAX COVER SHEET -

**DATE:** September 16, 2011

**TO:**

| ETS | | 818-260-1850 |
|---|---|---|
| GMAC MORTGAGE | | 866-507-8006 |

**FROM:** Allan G. Levine        **FAX:** 713-659-7641

**TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET:** 13 PAGES

**RE:** Cause No. 2011-54902; Paksima v GMAC Mortgage, et al.

**\*\*\* YOUR ACCT. #:** ▮▮▮▮3359    **TS#:** TX-272475-C

**MESSAGE:** Please accept this courtesy fax to inform you that the following has been filed in the above matter (copies are enclosed for your convenience):

Plaintiff's Original Petition for Declaration of Rights, Wrongful Foreclosure; and Notice of Lis Pendens, both of which have been filed with the court.

Should you have any questions or there are any problems with this transmission, please do not hesitate to call.

Nadia Matejek
Legal Assistant

IF THIS TRANSMISSION IS NOT FULLY AND LEGIBLY RECEIVED,
PLEASE CONTACT NADIA AT (713) 659-7617.

Note that the information contained in this telefaxed transmission is attorney privileged and confidential, intended solely for the addressee(s) as listed above. If any person should receive this transmission in error, the retention or further distribution of same is expressly prohibited. If you are not an addressee, but should receive the transmission, please call (713) 659-7617 for further instructions. You will be fully reimbursed for all costs incurred in our retrieval of the transmission. Thank you.

No. 2011-54902

| | | |
|---|---|---|
| ZAYTOON ZEEBA PAKSIMA | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | |
| GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION | § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § § | |
| | § | 152 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATION OF RIGHTS, WRONGFUL FORECLOSURE, UNREASONABLE COLLECTION EFFORTS, FINANCE CODE AND DTPA VIOLATIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ZAYTOON ZEEBA PAKSIMA ("Plaintiff") files this her Original Petition for Declaration of Rights, Wrongful Foreclosure, Unreasonable Collection Efforts, Finance Code and DTPA Violations and would show the Court as follows:

### I. DISCLOSURES UNDER CHAPTER 30
### TEX. CIV. PRAC. & REM. CODE

1.1    The address of Plaintiff is 328 Asbury St., Houston, Texas 77007-7137.

1.2    The last three digits of Plaintiff's Texas Drivers License Number are 862 and the last three digits of Plaintiff's Social Security Number are 596.

## II. DISCOVERY CONTROL PLAN

2.1  Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.2, Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that she seeks monetary relief aggregating more than $50,000.

## III. PARTIES

3.1  Plaintiff, ZAYTOON ZEEBA PAKSIMA is a resident of Harris County, Texas.

3.2  Defendant, GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION ("GMAC"), is a domestic limited partnership organized and existing under the laws of the State of Texas, whose principal office is located at 1100 Virginia Drive, Fort Washington, PA 19034, and which is authorized to do business in the state of Texas. GMAC may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Co., 211 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV. FACTUAL BACKGROUND

4.1  On or about September 2, 2005, Plaintiff purchased her "homestead" property located at 328 Asbury St., Houston, Texas 77007-7137, Harris County, Texas (the "Property"), through a loan from Defendant GMAC. The legal description of the Property is:

> Lot Two (2), save and except the north 1.38 feet thereof, in block one (1), of Rava Square, a subdivision of 0.3444 acres being a replat of lots 1, 2, 3, 4, 5, and 6, block 36 of Rice Military Addition, according to map plat thereof recorded in Film Code No. 465124, of the Map Records of Harris County, Texas.

4.2  This loan was accomplished through an Adjustable Rate Note with Defendant GMAC as mortgage servicer of the loan. Plaintiff maintained prepaid hazard insurance on the Property at all relevant times.

PLAINTIFF'S ORIGINAL PETITION FOR DECLARATION OF RIGHTS                                              PAGE 2

4.3    GMAC was in the business of servicing mortgages and loans which in general includes collecting mortgages and loan payments on behalf of mortgage and loan holders. GMAC failed to give Plaintiff proper credit for payments as and when they were made or inform Plaintiff of the charges imposed on her account. Plaintiff has been a victim of GMAC's wrongful conduct. GMAC violated and breached the terms of Plaintiff's loan by wrongfully adding fees and charging expenses as well as misapplying payments and attempting to collect the debt by improper debt collection methods, including but not limited to misrepresentations of amounts due and harrassment.

4.4    Plaintiff made numerous requests for information relating to her loan. This information was required for Plaintiff either to refinance her mortgage or to sell her home. GMAC provided Plaintiff with incorrect, inadequate information or none at all.

4.5    On September 6, 2011, Defendant GMAC wrongfully and improperly foreclosed on the loan on the "homestead" property. GMAC did not have proper authorization from the owner/holder of the note to foreclose. Defendant did not send Plaintiff proper notice by certified mail either of default or of foreclosure sale, both of which are required by TEXAS PROPERTY CODE §51.002. Their notice of sale was fatally flawed by not containing the information required by §51.002, §51.0025 and §51.0075.

4.6    GMAC was in the business of servicing mortgages and loans on behalf of the holders of mortgages and loans. Defendant incorrectly overcharged Plaintiff interest, late fees, and other charges.

4.7    Defendant failed to properly account for Plaintiff's payments, failed to verify debt as requested by Plaintiff, thereby preventing cure of claimed defaults, and engaged in other predatory lending practices, violating the Texas Debt Collection Practices Act, § 392.403 and common law.

PLAINTIFF'S ORIGINAL PETITION FOR DECLARATION OF RIGHTS                                        PAGE 3

4.8    GMAC wrongfully charged and collected various improper fees, costs, and charges, including inspection fees and late fees, and fees for using its payment systems, which fees and charges were not legally due or were in excess of amounts legally due.

4.9    GMAC assessed these improper fees, costs, and charges (collectively, "improper charges") to maximize profits, with the goal of putting borrowers such as Plaintiff into default status. After loan originated, GMAC then demanded payment and collected the improper charges from Plaintiff's monthly payments in a suspense account and claimed Plaintiff in default.

4.10    The improper charges above described resulted in dramatically increased monthly payments and had a snowball effect, forcing Plaintiff into default status. GMAC structures its account statements in a way that makes it difficult or impossible for Plaintiff to determine how much she owed or how any payment would be allocated or even to provide a proper payment history.

4.11    GMAC practices were misleading, deceptive, and unfair under the Texas Debt Collection Practices Act, the Texas Deceptive Trade Practice Act, and Texas common law of unreasonable debt collection.

4.12    Plaintiff asserts that GMAC assessed improper charges, default-related fees not authorized by the terms of the loan contract, or not legally due and owing; issued statements that failed to include accurate and required account information; assessed charges for unnecessary and unauthorized property inspections; assessed improper and excessive late fees, phone fees, administration fees, BPO fees and escrow fees otherwise engaged in systematic improper collection practices in violation of Finance Code § 392.101, *et seq.* and common law.

4.13    On or about September 18, 2008, Hurricane Ike damaged the subject property and a claim for damages resulted in funds from insurance to be paid to GMAC. GMAC still holds insurance funds and escrow funds in suspense.

## V. COMMON LAW TORT OF UNREASONABLE COLLECTION EFFORTS

5.1    Plaintiff incorporates paragraphs 4.1- 4.13 by reference as though fully set forth. Defendant engaged in reckless disregard for Plaintiff's welfare by unreasonable collection practices in attempting collection of invalid amounts, having failed to verify and compute what was actually owed. The failure to properly account for Plaintiff's payments and lack of cooperation with Plaintiff constitutes unreasonable collection practices under Texas common law, and caused emotional distress.

## VI. VIOLATION OF TEXAS FINANCE CODE § 392.001, *ET SEQ.*, AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

6.1    Plaintiff incorporates paragraphs 4.1-5.1 by reference as though fully set forth. Plaintiff is a consumer as defined by the Texas Deceptive Trade Practices Act who acquired products and services from GMAC. Defendant GMAC is a third-party debt collector who is attempting collection of a consumer debt. Defendant was attempting to collect improper interest and other charges not authorized by the agreement or not properly incurred, in violation of § 392.303(a)(2), and § 392.403 misrepresenting the character, extent, or amount of Plaintiff's debt.

6.2    Plaintiff suffered emotional damages and mental anguish from the serious upset and strain of the overall situation under the Texas Finance code violation and wrongful foreclosure. The violation of the Code and wrongful foreclosure entitles Plaintiff to actual damages and attorneys fees

and amount to a violation of the Deceptive Trade Practices Act allowing Plaintiff economic and mental anguish damages. The misconduct was knowing, allowing the imposition of additional statutory damages.

## VII. DECLARATORY ACTION

7.1   All preceding paragraphs are hereby incorporated by reference.

7.2   Plaintiff asks the Court to declare Plaintiff's right to the "homestead" property.

## IX. WRONGFUL FORECLOSURE AND SET-ASIDE OF FORECLOSURE SALE

8.1   All preceding paragraphs are hereby incorporated by reference.

8.2   GMAC committed wrongful foreclosure by virtue of one or more of the following acts:

   a)   failing to comply with the requirements of Ch. 51 of the Property Code;

   b)   failing to have proper standing to foreclose;

   c)   misapplications of payments and contending that lack of payment was a default;

   d)   failing to provide Plaintiff with timely, clear and correct information about the timing and amount of payments due;

   e)   misapplying payments received;

   f)   failing to comply with proper contractual and/or statutory notice provisions regarding foreclosure;

   g)   demanding more than was actually due to avoid foreclosure.

8.3   The court should set aside the foreclosure by GMAC because it was not conducted properly. TEXAS PROPERTY CODE § 51.002 requires a properly authorized and appointed trustee to

provide a debtor with required notices in proper form such as notice of default, allowing debtor at least twenty (20) days to cure the default and notice of a foreclosure sale twenty-one (21) days in advance of the actual foreclosure. Property Code § 51.0075[1] notices are required to be sent by certified mail by someone properly authorized to pursue foreclosure per the Deed of Trust and requires the address of the substitute trustee. The notice was not compliant with required information. Plaintiff received neither the required proper notice of default nor the required proper notice of foreclosure twenty-one (21) days before the foreclosure. Nor was the substitute trustee properly authorized to conduct the September 6, 2011 sale.

8.4    The defects in Defendant GMAC's foreclosure proceedings make the foreclosure unconscionable, and Plaintiff asks the court for the equitable remedy of wrongful foreclosure, setting aside of the foreclosure sale and awarding Plaintiff damages. If the foreclosure sale cannot be set aside, then Plaintiff, in the alternative, seeks money damages for the wrongful foreclosure.

## IX. BREACH OF CONTRACT

9.1    All preceding paragraphs are hereby incorporated by reference.

9.2    Plaintiff and Defendant GMAC entered into a valid and enforceable contract by virtue of the note and deed of trust referenced above. That contract provided that Plaintiff would be entitled to certain payments on certain terms.

9.3    Plaintiff substantially performed her contractual obligations but for those which she was excused from performing or prevented from performing by Defendant GMAC, as set out above.

---

[1] Requires a mortgage servicer to be appointed by the mortgagee by power of attorney or corporate resolution. GMAC was not so properly authorized. The notice of sale failed to include required information.

9.4    GMAC breached the contract by its improper charges and acts set forth above. The breach caused injury to Plaintiff which resulted in damages to Plaintiff including the out of pocket costs incurred by virtue of the improper charges and her costs to recover "homestead" property wrongfully taken.

9.5    Plaintiff is entitled to recover attorneys fees under Ch. 38, TRCP.

9.6    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## X. ATTORNEY'S FEES

X.1    All preceding paragraphs are hereby incorporated by reference.

X.2    Pursuant to the Declaratory Judgment Act, TEXAS CIVIL PRACTICE AND REMEDIES CODE § 37.009 and and Ch. 38 of the Texas Finance Code, Texas Insurance Code and Deceptive Practices Act, Plaintiff asks the Court to award her reasonable and necessary costs and attorney's fees related to bringing this declaratory judgment action.

## XI. PRAYER

WHEREFORE, Plaintiff requests that Defendant GMAC be cited to appear and answer and that on final trial, the Plaintiff have the following awarded against GMAC:

1.    Judgment for title to and possession of the "homestead" property which is the subject matter of this suit;

2.    Damages plus prejudgment interest as provided by law;

3.    Exemplary damages;

4. Actual and additional damages for the violation of common law tort of unreasonable collection efforts, with damages for emotional distress under the Texas Finance Code, § 392.001, *et seq.* Insurance Code § 541 and the Deceptive Trade Practices Act;

5. Attorney's fees according to Texas Civil Practice and Remedies Code § 37.009 & 38.001 *et seq,* Texas Finance Code § 392.403(b), Texas Insurance Code § 541.142 and/or Texas Deceptive Trade Practices Act, TX Bus. & Comm. Code § 17.505.

6. Costs of suit;

7. Reasonable attorneys' fees for trial and appeal as pleaded;

8. Post-judgment interest as provided by law from the date of judgment until paid; and

9. Such other and further relief to which the Plaintiff may be justly entitled.

DATED: September _14_, 2011.

Respectfully Submitted,

CHRISTIAN SMITH & JEWELL, L.L.P.

By: _____
ALLAN G. LEVINE
State Bar No. 12257140
2302 Fannin, Suite 500
Houston, Texas 77002
Telephone: 713.659.7617
Facsimile: 713.659.7641
**ATTORNEY FOR PLAINTIFF**



Nadia Matejek <nmatejek@csj-law.com>

# One Legal Trace No. ED101J016496139 - Status: ACCEPTED

1 message

support@onelegal.com <support@onelegal.com>　　　　　　　Wed, Sep 14, 2011 at 4:03 PM
To: nmatejek@csj-law.com
Cc: alevine@csj-law.com

To view your order details and download clerk reviewed filing documents, visit One Legal and search your Filing Inbox.

STATUS INFORMATION

Trace No.:    ED101J016496139
Status:       Confirmation - Your filing has been reviewed and accepted by the clerk.
Last Updated: Wednesday, September 14, 2011 4:03 PM
Comments:     Thank you for E-Filing!

FILING INFORMATION

On Behalf Of:    Allan G. Levine
Document Type:   Declaratory Judgement - Civil - DEC
Sealed Document? No
Client Matter:   3128.002

Jurisdiction:    Harris District Civil
Court:           152nd District Court
Case Number:     2011-54902
Case Title:      ZAYTOON ZEEBA PAKSIMA v GMAC MORTGAGE, LLC et al.

THIS IS BEING SENT FROM AN UNMONITORED MAILBOX. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE QUESTIONS, PLEASE CONTACT support@onelegal.com.

## NOTICE OF LIS PENDENS

| STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF HARRIS | § |

NOTICE IS HEREBY GIVEN that Cause No. _2011-54907_, styled ZAYTOON ZEEBA PAKSIMA v GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION was commenced in the _152nd_ Judicial District Court of Harris County, TEXAS on the _14th_ day of September, 2011, and is now pending in such court.

The action involves the title to real property situated in Harris County, TEXAS, and is more legally described as:

> Lot Two (2), save and except the north 1.38 feet thereof, in block one (1), of Rava Square, a subdivision of 0.3444 acres being a replat of lots 1, 2, 3, 4, 5, and 6, block 36 of Rice Military Addition, according to map plat thereof recorded in Film Code No. 465124, of the Map Records of Harris County, Texas.

The action is for a declaration of Plaintiff's rights to the property and to set aside any possible or pending sale on the property.

Signed this _14th_ day of September, 2011.

_____
ALLAN G. LEVINE
Attorney for Zaytoon Zeeba Paksima

## ACKNOWLEDGMENT

| STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared ALLAN G. LEVINE, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this _14th_ day of September, 2011.

_Nadia Matejek_
Notary Public in and for
The State of Texas

NADIA MATEJEK
My Commission Expires
February 12, 2014

AFTER RECORDING RETURN TO:
Allan G. Levine
Christian, Smith & Jewell, L.L.P.
2302 Fannin, Suite 500
Houston, Texas 77002
713-659-7617

Sep. 16. 2011 7:37PM  CSJ  713 659 7617  No. 0147  P. 13

12-12020-mg    Doc 9831-20    Filed 04/11/16    Entered 04/11/16 15:21:08    Decl.
Exhibit Q    Pg 14 of 14

*Peksima*
*Lis Pendens*

```
            Receipt# 1634188
        ----------------------------
              STAN STANART
              COUNTY CLERK
              HARRIS COUNTY
             201 CAROLINE ST
               HOUSTON, TX
                77002-1901

        ----------------------------
Doc# 20110388000  Pgs: 1
REAL PROPERTY      *   1 $        16.00


Total                      $      16.00
Check Amt. Tendered        $      16.00
Change Due                 $       0.00
Balance                    $       0.00
        ----------------------------
      Check Number              Amount
                           $      16.00
        ----------------------------
Total Documents: 1
Total Fees: 5
        ----------------------------
Client Name GENERAL PUBLIC
09/15/2011 08:07:06 AM

 Cashier: RCANTU
```