## Exhibit 4

**TEX. FIN. CODE §§ 392.202 through 392.306 (West 2015)**

---

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
            Chapter 392. Debt Collection (Refs & Annos)
                Subchapter C. Information in Files of Credit Bureau or Debt Collector

---

V.T.C.A., Finance Code § 392.202

§ 392.202. Correction of Third-party Debt Collector's or Credit Bureau's Files

Effective: September 1, 2003
Currentness

(a) An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any. If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any. This section does not affect the application of Chapter 20, Business & Commerce Code, to a third-party debt collector subject to that chapter.

(b) Not later than the 30th day after the date a notice of inaccuracy is received, a third-party debt collector who initiates an investigation shall send a written statement to the individual:

   (1) denying the inaccuracy;

   (2) admitting the inaccuracy; or

   (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy.

(c) If the third-party debt collector admits that the item is inaccurate under Subsection (b), the third-party debt collector shall:

   (1) not later than the fifth business day after the date of the admission, correct the item in the relevant file; and

   (2) immediately cease collection efforts related to the portion of the debt that was found to be inaccurate and on correction of the item send, to each person who has previously received a report from the third-party debt collector containing the inaccurate information, notice of the inaccuracy and a copy of an accurate report.

(d) If the third-party debt collector states that there has not been sufficient time to complete an investigation, the third-party debt collector shall immediately:

(1) change the item in the relevant file as requested by the individual;

(2) send to each person who previously received the report containing the information a notice that is equivalent to a notice under Subsection (c) and a copy of the changed report; and

(3) cease collection efforts.

(e) On completion by the third-party debt collector of the investigation, the third-party debt collector shall inform the individual of the determination of whether the item is accurate or inaccurate. If the third-party debt collector determines that the information was accurate, the third-party debt collector may again report that information and resume collection efforts.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997. Amended by Acts 2003, 78th Leg., ch. 851, § 1, eff. Sept. 1, 2003.

V. T. C. A., Finance Code § 392.202, TX FIN § 392.202
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
      Title 5. Protection of Consumers of Financial Services
        Chapter 392. Debt Collection (Refs & Annos)
          Subchapter D. Prohibited Debt Collection Methods

---

V.T.C.A., Finance Code § 392.301

§ 392.301. Threats or Coercion

Currentness

(a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

(1) using or threatening to use violence or other criminal means to cause harm to a person or property of a person;

(2) accusing falsely or threatening to accuse falsely a person of fraud or any other crime;

(3) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute;

(4) threatening to sell or assign to another the obligation of the consumer and falsely representing that the result of the sale or assignment would be that the consumer would lose a defense to the consumer debt or would be subject to illegal collection attempts;

(5) threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings;

(6) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law;

(7) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; or

(8) threatening to take an action prohibited by law.

(b) Subsection (a) does not prevent a debt collector from:

(1) informing a debtor that the debtor may be arrested after proper court proceedings if the debtor has violated a criminal law of this state;

---

(2) threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt; or

(3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.301, TX FIN § 392.301
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**　　　　　　　　　　　　　　　　　　　© 2016 Thomson Reuters. No claim to original U.S. Government Works.

　© 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
            Chapter 392. Debt Collection (Refs & Annos)
                Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.302

§ 392.302. Harassment; Abuse

Currentness

In debt collection, a debt collector may not oppress, harass, or abuse a person by:

(1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;

(2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

(3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.302, TX FIN § 392.302
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                                   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
   Finance Code (Refs & Annos)
     Title 5. Protection of Consumers of Financial Services
      Chapter 392. Debt Collection (Refs & Annos)
        Subchapter D. Prohibited Debt Collection Methods

---

V.T.C.A., Finance Code § 392.303

§ 392.303. Unfair or Unconscionable Means

Effective: September 1, 2005

Currentness

(a) In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices:

(1) seeking or obtaining a written statement or acknowledgment in any form that specifies that a consumer's obligation is one incurred for necessaries of life if the obligation was not incurred for those necessaries;

(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; or

(3) collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, if:

(A) the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account;

(B) the debt collector has received written notice from a person authorized to use the account that the check, draft, or payment was unauthorized; and

(C) the person authorized to use the account has filed a report concerning the unauthorized check, draft, or payment with a law enforcement agency, as defined by Article 59.01, Code of Criminal Procedure, and has provided the debt collector with a copy of the report.

(b) Notwithstanding Subsection (a)(2), a creditor may charge a reasonable reinstatement fee as consideration for renewal of a real property loan or contract of sale, after default, if the additional fee is included in a written contract executed at the time of renewal.

(c) Subsection (a)(3) does not prohibit a debt collector from collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment if the debt collector has credible evidence, including a document, video recording, or witness statement, that the report filed with a law enforcement agency, as required by Subsection (a)(3)(C), is fraudulent and that the check, draft, or payment was authorized.

---

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997. Amended by Acts 2005, 79th Leg., ch. 505, § 1, eff. Sept. 1, 2005.


V. T. C. A., Finance Code § 392.303, TX FIN § 392.303

Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                                        © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
　Finance Code (Refs & Annos)
　　Title 5. Protection of Consumers of Financial Services
　　　Chapter 392. Debt Collection (Refs & Annos)
　　　　Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.304

§ 392.304. Fraudulent, Deceptive, or Misleading Representations

Effective: January 11, 2004

Currentness

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

(1) using a name other than the:

(A) true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection; or

(B) name appearing on the face of the credit card while engaged in the collection of a credit card debt;

(2) failing to maintain a list of all business or professional names known to be used or formerly used by persons collecting consumer debts or attempting to collect consumer debts for the debt collector;

(3) representing falsely that the debt collector has information or something of value for the consumer in order to solicit or discover information about the consumer;

(4) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money;

(5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:

(A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or

(B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

---

§ 392.304. Fraudulent, Deceptive, or Misleading Representations, TX FIN § 392.304

(6) using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number if the written notice refers to a delinquent consumer debt;

(7) using a written communication that demands a response to a place other than the debt collector's or creditor's street address or post office box;

(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

(9) representing falsely that a debt collector is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of, this state or an agency of federal, state, or local government;

(10) using, distributing, or selling a written communication that simulates or is represented falsely to be a document authorized, issued, or approved by a court, an official, a governmental agency, or any other governmental authority or that creates a false impression about the communication's source, authorization, or approval;

(11) using a seal, insignia, or design that simulates that of a governmental agency;

(12) representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges;

(13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion;

(14) representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business;

(15) using a written communication that violates the United States postal laws and regulations;

(16) using a communication that purports to be from an attorney or law firm if it is not;

(17) representing that a consumer debt is being collected by an attorney if it is not;

(18) representing that a consumer debt is being collected by an independent, bona fide organization engaged in the business of collecting past due accounts when the debt is being collected by a subterfuge organization under the control and direction of the person who is owed the debt; or

(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

(b) Subsection (a)(4) does not apply to a person servicing or collecting real property first lien mortgage loans or credit card debts.

(c) Subsection (a)(6) does not require a debt collector to disclose the names and addresses of employees of the debt collector.

(d) Subsection (a)(7) does not require a response to the address of an employee of a debt collector.

(e) Subsection (a)(18) does not prohibit a creditor from owning or operating a bona fide debt collection agency.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997. Amended by Acts 2003, 78th Leg., ch. 851, § 2, eff. Sept. 1, 2003; Acts 2003, 78th Leg., 3rd C.S., ch. 3, § 28.01, eff. Jan. 11, 2004.

V. T. C. A., Finance Code § 392.304, TX FIN § 392.304
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                        © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Finance Code (Refs & Annos)
    Title 5. Protection of Consumers of Financial Services
      Chapter 392. Debt Collection (Refs & Annos)
        Subchapter D. Prohibited Debt Collection Methods

---

V.T.C.A., Finance Code § 392.305

§ 392.305. Deceptive Use of Credit Bureau Name

Currentness

A person may not use "credit bureau," "retail merchants," or "retail merchants association" in the person's business or trade name unless:

(1) the person is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit; or

(2) the person is a nonprofit retail trade association that:

(A) consists of individual members;

(B) qualifies as a bona fide business league as defined by the United States Internal Revenue Service; and

(C) does not engage in the business of debt collection or credit reporting.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.305, TX FIN § 392.305
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                          © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
            Chapter 392. Debt Collection (Refs & Annos)
                Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.306

§ 392.306. Use of Independent Debt Collector

Currentness

A creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.306, TX FIN § 392.306
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
      Title 5. Protection of Consumers of Financial Services
        Chapter 392. Debt Collection (Refs & Annos)
          Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.301

§ 392.301. Threats or Coercion

Currentness

(a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

(1) using or threatening to use violence or other criminal means to cause harm to a person or property of a person;

(2) accusing falsely or threatening to accuse falsely a person of fraud or any other crime;

(3) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute;

(4) threatening to sell or assign to another the obligation of the consumer and falsely representing that the result of the sale or assignment would be that the consumer would lose a defense to the consumer debt or would be subject to illegal collection attempts;

(5) threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings;

(6) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law;

(7) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; or

(8) threatening to take an action prohibited by law.

(b) Subsection (a) does not prevent a debt collector from:

(1) informing a debtor that the debtor may be arrested after proper court proceedings if the debtor has violated a criminal law of this state;

---

(2) threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt; or

(3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.301, TX FIN § 392.301

Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
            Chapter 392. Debt Collection (Refs & Annos)
                Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.302

§ 392.302. Harassment; Abuse

Currentness

In debt collection, a debt collector may not oppress, harass, or abuse a person by:

(1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;

(2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

(3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.302, TX FIN § 392.302
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Finance Code (Refs & Annos)
Title 5. Protection of Consumers of Financial Services
Chapter 392. Debt Collection (Refs & Annos)
Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.303

§ 392.303. Unfair or Unconscionable Means

Effective: September 1, 2005

Currentness

(a) In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices:

(1) seeking or obtaining a written statement or acknowledgment in any form that specifies that a consumer's obligation is one incurred for necessaries of life if the obligation was not incurred for those necessaries;

(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; or

(3) collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, if:

(A) the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account;

(B) the debt collector has received written notice from a person authorized to use the account that the check, draft, or payment was unauthorized; and

(C) the person authorized to use the account has filed a report concerning the unauthorized check, draft, or payment with a law enforcement agency, as defined by Article 59.01, Code of Criminal Procedure, and has provided the debt collector with a copy of the report.

(b) Notwithstanding Subsection (a)(2), a creditor may charge a reasonable reinstatement fee as consideration for renewal of a real property loan or contract of sale, after default, if the additional fee is included in a written contract executed at the time of renewal.

(c) Subsection (a)(3) does not prohibit a debt collector from collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment if the debt collector has credible evidence, including a document, video recording, or witness statement, that the report filed with a law enforcement agency, as required by Subsection (a)(3)(C), is fraudulent and that the check, draft, or payment was authorized.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997. Amended by Acts 2005, 79th Leg., ch. 505, § 1, eff. Sept. 1, 2005.

V. T. C. A., Finance Code § 392.303, TX FIN § 392.303

Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
            Chapter 392. Debt Collection (Refs & Annos)
                Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.304

§ 392.304. Fraudulent, Deceptive, or Misleading Representations

Effective: January 11, 2004

Currentness

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

(1) using a name other than the:

(A) true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection; or

(B) name appearing on the face of the credit card while engaged in the collection of a credit card debt;

(2) failing to maintain a list of all business or professional names known to be used or formerly used by persons collecting consumer debts or attempting to collect consumer debts for the debt collector;

(3) representing falsely that the debt collector has information or something of value for the consumer in order to solicit or discover information about the consumer;

(4) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money;

(5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:

(A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or

(B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

(6) using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number if the written notice refers to a delinquent consumer debt;

(7) using a written communication that demands a response to a place other than the debt collector's or creditor's street address or post office box;

(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

(9) representing falsely that a debt collector is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of, this state or an agency of federal, state, or local government;

(10) using, distributing, or selling a written communication that simulates or is represented falsely to be a document authorized, issued, or approved by a court, an official, a governmental agency, or any other governmental authority or that creates a false impression about the communication's source, authorization, or approval;

(11) using a seal, insignia, or design that simulates that of a governmental agency;

(12) representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges;

(13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion;

(14) representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business;

(15) using a written communication that violates the United States postal laws and regulations;

(16) using a communication that purports to be from an attorney or law firm if it is not;

(17) representing that a consumer debt is being collected by an attorney if it is not;

(18) representing that a consumer debt is being collected by an independent, bona fide organization engaged in the business of collecting past due accounts when the debt is being collected by a subterfuge organization under the control and direction of the person who is owed the debt; or

(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

(b) Subsection (a)(4) does not apply to a person servicing or collecting real property first lien mortgage loans or credit card debts.

(c) Subsection (a)(6) does not require a debt collector to disclose the names and addresses of employees of the debt collector.

(d) Subsection (a)(7) does not require a response to the address of an employee of a debt collector.

(e) Subsection (a)(18) does not prohibit a creditor from owning or operating a bona fide debt collection agency.

**Credits**

Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997. Amended by Acts 2003, 78th Leg., ch. 851, § 2, eff. Sept. 1, 2003; Acts 2003, 78th Leg., 3rd C.S., ch. 3, § 28.01, eff. Jan. 11, 2004.

V. T. C. A., Finance Code § 392.304, TX FIN § 392.304
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
    Finance Code (Refs & Annos)
        Title 5. Protection of Consumers of Financial Services
        Chapter 392. Debt Collection (Refs & Annos)
            Subchapter D. Prohibited Debt Collection Methods

---

V.T.C.A., Finance Code § 392.305

§ 392.305. Deceptive Use of Credit Bureau Name

Currentness

A person may not use "credit bureau," "retail merchants," or "retail merchants association" in the person's business or trade name unless:

(1) the person is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit; or

(2) the person is a nonprofit retail trade association that:

(A) consists of individual members;

(B) qualifies as a bona fide business league as defined by the United States Internal Revenue Service; and

(C) does not engage in the business of debt collection or credit reporting.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.305, TX FIN § 392.305
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                                              © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Finance Code (Refs & Annos)
    Title 5. Protection of Consumers of Financial Services
      Chapter 392. Debt Collection (Refs & Annos)
        Subchapter D. Prohibited Debt Collection Methods

V.T.C.A., Finance Code § 392.306

§ 392.306. Use of Independent Debt Collector

Currentness

A creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter.

**Credits**
Acts 1997, 75th Leg., ch. 1008, § 1, eff. Sept. 1, 1997.

V. T. C. A., Finance Code § 392.306, TX FIN § 392.306
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**    © 2016 Thomson Reuters. No claim to original U.S. Government Works.