**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **NOT FOR PUBLICATION** |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Chapter 11 |
| | Jointly Administered |

**MEMORANDUM OPINION AND ORDER AFTER TRIAL OF THE CONTESTED MATTER OF THE RESCAP LIQUIDATING TRUST AND THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NOS. 416 AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Attorneys for ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:  Norman S. Rosenbaum, Esq.
      Jordan A. Wishnew, Esq.
      Jessica J. Arett, Esq

ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL,
MARC JASON ANIEL
*Pro Se*
75 Tobin Clark Drive
Hillsborough, California 94010
By:  Erlinda Abibas Aniel

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") objection (the "Objection," ECF Doc. # 8237)[1] to Claim Numbers 416 and 417 (the "Claims," ECF Doc. # 8237-5) filed by Erlinda Aniel, Fermin Solis Aniel, and Marc Jason Aniel (the "Claimants" or the "Aniels").

---

[1] The Objection was filed by the ResCap Liquidating Trust and the ResCap Borrower Claims Trust (collectively, the "Trusts"). The ResCap Borrower Claims Trust is proceeding with the evidentiary hearing. All references herein to the "Trust" shall refer to the ResCap Borrower Claims Trust.

On June 30, 2015, the Court sustained in part and overruled in part the Trust's Objection to the Aniel's Claims. *See Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Liquidating Trust and the ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Prior Opinion," ECF Doc. # 8820). Familiarity with the Prior Opinion is assumed. The Prior Opinion sustained the Objection to the Claims as to all but four causes of action (the "Causes of Action"): wrongful foreclosure, fraudulent concealment, declaratory relief/setting aside of trustee's sale, and violation of the California Business & Professional Code, referred to as the "unfair competition law" (the "UCL"). (Prior Op. at 47.) The Prior Opinion identified one limited disputed factual issue applicable to all four remaining causes of action: whether Mira Smoot ("Smoot"), a GMAC Mortgage, LLC ("GMACM") employee, had authority to execute the 2011 Assignment (as defined below) and validly did so. (*See* Prior Op. at 34, 47.)

On February 25, 2016, the Court entered the joint pretrial order (the "Joint Pretrial Order," ECF Doc. # 9678). The Joint Pretrial Order enumerated four issues to be tried:

1. Whether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC.

2. Whether GMACM and ETS had sufficient authority to commence the foreclosure action against the Property when it caused the Notice of Default to be recorded on April 27, 2012.

3. The extent of actual damages, if any, proximately caused to the Claimants by GMACM's and ETS's alleged wrongful foreclosure of the Property in April 2012 under the theories of wrongful foreclosure, fraud, and unlawful competition law.

4. The Court to declare whether the assignment of the Deed of Trust is void.

2

(Joint Pretrial Order at 16.)[2]  The Court conducted a trial of this contested matter on March 24 and 25, 2016.  The Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable to this matter by Fed. R. Bankr. P. 7052, are set forth below.

For the reasons discussed below, the Court finds that (1) Smoot had authority to execute the 2011 Assignment, (2) the assignment of the Deed of Trust is valid, and (3) as a result, GMACM and ETS had authority to commence the foreclosure action.  Accordingly, the Claims are **DISALLOWED** and **EXPUNGED**.

## I.    FINDINGS OF FACT

Many of the facts contained in this section of the Opinion are uncontroverted and are stated in the Prior Opinion.  The facts are included here to provide context to the contested factual issues that were the subject of the trial.  No trial transcript was prepared, but in evaluating any disputed issues of fact, the Court has relied upon its recollection and notes from the trial, as well as the exhibits introduced into evidence during the course of the proceeding.

### A.    Loan History

Erlinda Aniel obtained a $2,000,000 refinance loan (the "Loan") from Mortgage IT, Inc. ("Mortgage IT") on June 4, 2007.  (Joint Pretrial Order at 12.)  The Loan was evidenced by a note executed by Erlinda Aniel (the "Note," Tr. Ex. B), secured by a deed of trust executed by the Aniels (the "Deed of Trust," Tr. Ex. C).  (*Id.*)  The Deed of Trust encumbered property located at 75 Tobin Clark Drive, Hillsborough, California (the "Property"), and identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  (*Id.*)

On or about July 1, 2007, the Loan was transferred to HSBC Bank U.S.A., as Trustee for DALT 2007-AO5 ("HSBC").  (*Id.* at 1, 12.)  The Deed of Trust was assigned to HSBC on

---

[2]    The capitalized terms are defined *infra*.

August 24, 2009 (the "2009 Assignment," Tr. Ex. F), and the 2009 Assignment was recorded on September 21, 2009. (*Id*. at 12.) GMACM was the subservicer of the Aniel Loan from June 4, 2007 until February 16, 2013, when servicing rights were transferred to non-debtor Ocwen Financial Corporation ("Ocwen"). (*Id*. at 1.)

After the Aniels stopped making payments on the Loan, MERS, as beneficiary of the Deed of Trust, substituted Executive Trustee Services ("ETS") as trustee of the Deed of Trust (the "2008 Substitution," Tr. Ex. E). (*Id.* at 3–4, 12.) ETS then recorded a notice of default (the "2008 NOD"). (*Id*. at 4.)

The Trust contends that on February 1, 2011, HSBC validly assigned the Deed of Trust to GMACM (the "2011 Assignment," Tr. Ex. G). (*Id*. at 2.) The 2011 Assignment was executed by Mira Smoot, an employee of GMACM. (*Id*. at 2; Tr. Ex. G.) The Trust argues that Smoot, though an employee of GMACM, was authorized to execute the assignment because a limited power of attorney dated August 28, 2008 (the "2008 Power of Attorney") granted GMACM (in its role as subservicer) the power to execute assignments on HSBC's behalf. (Joint Pretrial Order at 2.)

On June 27, 2011, ETS rescinded the 2008 NOD because it was too old to be valid; the rescission was executed on July 1, 2011. (Prior Op. at 8–9; Joint Pretrial Order at 13.) On April 27, 2012, after GMACM had repeatedly and unsuccessfully attempted to contact the Claimants by mail and telephone (*see* Prior Op. at 9), ETS recorded another notice of default, which was executed on April 21, 2012 (the "2012 NOD," Tr. Ex. J). (Joint Pretrial Order at 13.) The Aniels failed to cure their default (*see* Prior Op. at 10), and so on August 1, 2012, ETS recorded a notice of trustee's sale (the "Notice of Sale," Tr. Ex. K), scheduling a sale of the Aniels' Property for August 27, 2012. (Joint Pretrial Order at 13.)

4

Thereafter, on August 9, 2012, the Aniels filed a civil action (the "Action") in the United States District Court for the Northern District of California (the "District Court"), asserting federal and state law causes of action against a number of defendants, including GMACM and ETS (the "Defendants"). (*See* Prior Op. at 10.) On August 15, 2012, the Aniels filed an *ex parte* application for a temporary restraining order to halt the trustee's sale (the "TRO Application"). (*Id.* at 11.) The Defendants filed an opposition to the TRO Application on September 11, 2012. (*Id.*) The Defendants also filed a notice of bankruptcy in the Action. (*Id.*) On September 26, 2012, the District Court entered an order denying the TRO Application on the grounds that the Aniels were not likely to succeed on the merits and did not raise serious questions going to the merits. (*Id.*)

As of February 16, 2013, the date when the servicing rights of the Loan were transferred to Ocwen, no foreclosure sale of the Aniels' Property had occurred. (Joint Pretrial Order at 1, 13.) Furthermore, the Aniels continue to occupy the property. (*Id.* at 13.)

On August 20, 2012, the Aniels timely filed the Claims, asserting unliquidated claims against each of ETS and GMACM. (Prior Op. at 12.)

### B.    The Validity of the 2011 Assignment

The Prior Opinion discussed the elements of each of the four remaining causes of action. That discussion will not be repeated here. (*See* Prior Op. at 28–34, 42–44, 39–40, 46.) Each of the causes of action is "premised on the invalidity of the 2011 Aniel Assignment . . . ." (*Id.* at 47.) It is to that issue, which is dispositive of the Aniels' Claims, that the Court now turns.

The only causes of action alleged by the Aniels that survived the Trust's Objection were those premised upon the invalidity of the 2011 Assignment. (Prior Op. at 47.) Accordingly, the central issue before the Court is whether or not the 2011 Assignment of the Loan was valid. In

5

order to establish that the assignment was valid, the Trust must demonstrate that (1) Mira Smoot was an authorized officer of GMACM when she signed the 2011 Assignment, (2) GMACM was authorized to execute assignments on behalf of HSBC, and (3) as a procedural matter, the 2011 Assignment was properly executed.

The Claimants take issue with each of these assertions. First, the Aniels argue that Smoot was an authorized officer of neither GMACM nor HSBC. (ECF Doc. # 9742, the "Aniel Memorandum of Law," at 1.) Second, the Aniels contend that GMACM was not authorized to execute assignments on behalf of HSBC because (i) the 2008 Power of Attorney is not an authentic document, (ii) the 2008 Power of Attorney does not prove that GMACM had authority to execute 2011 Assignment because "HSBC Trust" had no interest in the Deed of Trust until the 2009 Assignment was recorded (on September 24, 2009),[3] (iii) the exhibit attached to the 2008 Power of Attorney was updated on October 5, 2006, approximately one year before the creation of the DALT 2007-AO5 securitization trust, and (iv) the 2008 Power of Attorney does not include two witnesses who appeared before the notary. (*Id*. at 1–2.) Finally, the Aniels insist that the 2011 Assignment suffered from procedural defects rendering it improperly executed and, therefore, invalid, because (i) Mira Smoot had no personal knowledge of any of the documents that she signed, and (ii) the assignment was created by individuals named "Ma" and "Cage Bradley." (*Id*.) Each of these issues is addressed in turn, below.

*1.     Whether Mira Smoot Was an Authorized Officer of GMACM*

The Aniels argue that the 2011 Assignment is invalid because Mira Smoot was not an authorized officer of GMACM or HSBC. (Aniel Mem. of Law at 1; Joint Pretrial Order at 14.) To be sure, the 2011 Assignment leaves some ambiguity as to the identity of Smoot's employer.

---

[3]   The Aniels refer to a record date of September 21, 2009; however, the 2009 Assignment appears to have been recorded on September 24, 2009. (*See* Tr. Ex. F.)

The text on the document immediately above the line on which Smoot signed identifies her as a representative of "HSBC Bank USA, National Association as Trustee for DALT2007 –OA5," despite the fact that Smoot was never employed by HSBC. (*See* 2011 Assignment.) Smoot was not an employee of HSBC, so if she had authority to sign as an authorized officer of HSBC, the authority had to be derived from the power of attorney signed by an officer of HSBC granting authority to Smoot's employer, GMACM. The fact that Smoot was not an officer of HSBC does not preclude a finding that Smoot *was*, in fact, an authorized officer of GMACM, with the authority to sign the 2011 Assignment on behalf of HSBC.

To support Smoot's authority to sign the 2011 Assignment, the Trust introduced into evidence Smoot's individual employee profile, an internal document generated by GMACM in the regular course of business, showing that Smoot was classified as a "Category 3 . . . [and] Category 4 Authorized Officer" from August 9, 2010 to February, 15 2013. (Tr. Ex. H.) Further, Smoot testified that she had been an authorized officer of GMACM. The Court finds that Smoot's employee profile and her testimony are dispositive of this issue—Smoot was an authorized officer of GMACM. As explained in the next section of this Opinion, the power of attorney granted by HSBC to GMACM, provided the necessary authority for Smoot to sign the 2011 Assignment on behalf of HSBC.

### 2. *Whether GMACM Was Authorized to Execute Assignments on Behalf of HSBC*

The Trust argues that Mira Smoot, though an employee and authorized officer of GMACM and not of HSBC, was authorized to execute the 2011 Assignment because GMACM was authorized to execute assignments on HSBC's behalf. (Joint Pretrial Order at 2.) In its original objection to the Aniels' Claims, the Trust erroneously attempted to support its argument that the 2011 Assignment was valid by presenting a power of attorney that was executed in June

7

2013 (more than one year after the Debtors commenced these chapter 11 cases), more than two years after Smoot executed the 2011 Assignment in February 2011. (Prior Op. at 34.) The Trust could not support the validity of an assignment based on a power of attorney executed two years later. Soon after the original objection was overruled in part, the Trust's counsel advised the Court that it had located the earlier 2008 power of attorney, which they contended did support the validity of the 2011 Assignment. The issue was left for resolution in the trial of the contested matter.

At trial, the Trust offered and the Court admitted in evidence (after overruling the Aniels' objection) the 2008 Power of Attorney. As discussed below, the authenticity of that document was established through the trial testimony of three HSBC employees. The 2008 Power of Attorney granted GMACM the power, among other things, to "execute . . . assignments of deed of trust/mortgage and other recorded documents . . . ." on behalf of HSBC. (2008 Power of Attorney at 1.) The 2008 Power of Attorney was signed on August 28, 2008 by Susie Moy, a Vice President of HSBC, and witnessed by two other HSBC employees, Nancy Luong and Doris Wong. It was notarized by another HSBC employee, Nina Nassar. (2008 Power of Attorney at 1.) Moy, Luong and Wong all testified at trial that the three of them, and Nina Nassar, all worked in the same office space. Luong and Wong were present and witnessed Moy's signing of the document, and Nassar notarized Moy's signature (which she had done on many prior occasions) with Moy present. The Court finds that Moy, Luong and Wong testified credibly, and despite Aniel's efforts to impeach their testimony, the Court credits the testimony of all three witnesses. The Court also finds that Moy was an authorized officer of HSBC, and that she executed the 2008 Power of Attorney in the regular course of Moy's duties for HSBC, with the

8

intention of authorizing GMACM to execute documents necessary for GMACM to carry out its responsibilities as loan servicer on behalf of HSBC.

The Aniels insist that the 2008 Power of Attorney did not actually authorize GMACM to execute assignments on behalf of HSBC, and offer a number of arguments to this effect. The Court rejects each of these arguments. First, Claimants argue that the 2008 Power of Attorney is not an authentic document. (Aniel Mem. of Law at 2.) While Claimants alleged, in generalized terms, that GMACM engaged in the practice of fabricating documents (*see*, *e.g.*, *id.* at 4, 8), no evidence at trial supports this claim. The Aniels' assertion that the 2008 Power of Attorney is not authentic was not supported by any evidence.

Next, Claimants suggest that the 2008 Power of Attorney fails to demonstrate that GMACM had authority to execute the 2011 Assignment on behalf of HSBC because "HSBC Trust" had no interest in the Deed until the 2009 Assignment was recorded on September 24, 2009.[4] (*Id*. at 2.) Specifically, the Aniels argue that the "2009 Assignment contradicts the 2008 . . . Power of Attorney because HSBC could not have granted rights to GMAC[M] in 2008 when it only received beneficial interest in the Deed of Trust in 2009." (*Id*. at 8.) Claimants thus assert that HSBC could not convey rights it had not yet acquired. But the Claimants fundamentally misconceive the nature of the 2008 Power of Attorney—it did *not* purport to convey to GMACM power over a certain specific deeds of trust then held by HSBC, but *rather* it conveyed to GMACM HSBC's powers over deeds of trust then owned or thereafter acquired and deposited into securitization trusts for which GMACM acted as loan servicer. The 2008 Power of Attorney gave GMACM the power to "execute . . . assignments of deed of trust/mortgage and other recorded documents . . . ." (2008 Power of Attorney at 1.) The exhibit attached to the

---

[4] As mentioned previously, though the Aniels refer to a record date of September 21, 2009, the 2009 Assignment appears to have been recorded on September 24, 2009. (*See* Tr. Ex. F.)

9

2008 Power of Attorney states that "GMAC Mortgage is the Servicer for many securitizations (the 'Agreements' see Exhibit A attached for a full listing) now in existence *and that will be formed from time to time*."  (2008 Power of Attorney at 1 (emphasis added).)

Claimants also argue that GMACM was not authorized to execute the 2011 Assignment because the exhibit attached to the 2008 Power of Attorney (2008 Power of Attorney Ex. A) was updated on October 5, 2006, almost a year before the creation of the DALT 2007-AO5 securitization trust.  (Aniel Mem. of Law at 2.)  Moy's trial testimony addressed this seeming anomaly.  First, the list attached to the 2008 Power of Attorney specifically includes DALT 2007-AO5, authorizing GMACM to act on behalf of that trust.  Moy testified that one page of the attached exhibit included an errant header referring to the October 5, 2006 date.  Moy testified—and the Court credits—that the header was not removed from that page (and a new update date included) when the exhibit was again updated after October 5, 2006 to include other securitization trusts, including DALT 2007-AO5.

Finally, the Aniels argue that the 2008 Power of Attorney is invalid because it does not include a statement that the two witnesses to the document personally appeared before the notary.  (Joint Pretrial Order at 2.)  The testimony at trial of Moy, Luong and Wong specifically addressed this argument—the document was properly executed by Moy, witnessed by Luong and Wong, and notarized by Nassar.  Furthermore, Claimants requested that Wong and Luong present examples of their signatures to the Court for examination.  The sample signatures were admitted in evidence.  The Court expressly found during the trial that the exemplar signatures were substantially identical to the signatures of Moy, Luong and Wong appearing on the 2008 Power of Attorney.  Accordingly, the Court finds and concludes that the 2008 Power of Attorney

was a properly signed and witnessed, and conveyed authority to GMACM as loan servicer to execute documents on behalf of HSBC.

### 3. *Whether the 2011 Assignment Was Properly Executed*

Having determined that Mira Smoot was an authorized officer of GMACM, and that GMACM possessed the power to execute assignments on behalf of HSBC, all that remains for the Court to determine is whether, as a procedural matter, the 2011 Assignment was properly executed. First, the Aniels suggest that the 2011 Assignment of their Deed of Trust was not validly executed because the signatory, Mira Smoot, had no personal knowledge of the documents that she signed. (Aniel Mem. of Law at 1.) Smoot, they allege, was a mere robo-signer. (*See* Prior Op. at 28, 34.) At trial, however, Smoot testified that it was her general practice to review all documents before signing them, and confirm from other business records that the action she was taking was appropriate in the circumstances. The Court finds that Smoot's testimony was credible. The Court therefore finds that the 2011 Assignment was properly executed.

Other arguments by the Aniels challenging the validity of the 2011 Assignment are without merit.

## II.    CONCLUSIONS OF LAW

Having resolved the central factual issue here by determining that the 2011 Assignment was valid, the Court now turns to the effect of this finding upon the Aniels remaining claims. Four causes of action survived after the Prior Opinion: wrongful foreclosure, fraudulent concealment, declaratory relief, and violation of the UCL. (Prior Op. at 47.) Now that the factual issue identified in the Prior Opinion has been resolved, it is clear that all four claims fail.

11

The Aniels' wrongful foreclosure claim hinges upon whether Smoot possessed authority to execute the 2011 Assignment when she did so. (*See id*. at 34.) The Court finds that (1) the 2008 Power of Attorney gave GMACM the power to execute assignments on behalf HSBC, and (2) Smoot properly assigned the Aniels' Deed of Trust from HSBC to GMACM. GMACM lawfully possessed the right to initiate foreclosure proceedings against Claimants, and did no wrong by so doing. Under California law, a claim for wrongful foreclosure requires, among other things, that the "trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive *sale* of real property pursuant to a power of sale in a mortgage or deed of trust . . . ." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013) (emphasis added). Here, at the time servicing was transferred to Ocwen, there had been no foreclosure sale and the Aniels continue to live on the property. (*See* Joint Pretrial Order at 16.)

The Aniels' claim for declaratory relief and the setting aside of trustee's sale is premised upon the notion that their property had been the subject of a wrongful foreclosure. (*Id*. at 39–40.) Thus, because their wrongful foreclosure claim fails, their declaratory relief/setting aside of trustee's sale claim fails as well. Claimants' cause of action for fraudulent concealment rest upon a contention that GMACM concealed the fact that it was not able to foreclose on their property. However, since the 2011 Assignment was valid, GMACM possessed the power to foreclose on the Aniels' property, and therefore had nothing to conceal. Accordingly, the fraudulent concealment claim fails as well. Finally, because the Aniels UCL claim is predicated upon their wrongful foreclosure and fraudulent concealment claims, that final domino, too, falls.

### III.    CONCLUSION

The Prior Opinion identified one limited factual issue: whether Mira Smoot, a GMACM employee, had authority to execute the 2011 Assignment, and validly did so. The Trust

demonstrated that Smoot was an authorized officer of GMACM, that the 2008 Power of Attorney gave GMACM the power to execute assignments on HSBC's behalf, and that the 2011 Assignment was free of any procedural defect rendering it otherwise invalid. All of Claimants' causes of action depended upon a successful showing of the 2011 Assignments invalidity. That showing has not been made.

Accordingly, the Claims are **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:   April 20, 2016
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge