# Exhibit 2

FCRA cases and recoveries:

1. Adams v. Phillips, 2002 U.S. Dist. Lexis 24888 (December 19, 2002). A federal jury in the Eastern District of Louisiana awarded $225,000 in compensatory damages and $275,000 in punitive damages in an impermissible access case.

2. Anderson v. Conwood Co., 34 F. Supp.2d 650 (W.D. Tenn. 1999) ($35,000.00 punitive damage award vacated; $2,000,000.00 compensatory award reduced to $50,000.00 in absence of testimony other than worry, stress, anxiety).

3. Anderson v. Roberson, 249 F.3d 539 (6th Cir. 2001). b(f) verdict. The jury awarded $7 Million in compensatory and punitive damages. The court remitted the award to 100K (50K per plaintiff).

4. Ayers v Experian, June 8, 2004 (E.D. Va) (settled $95,000 included in bky)

5. Bach v. First Union National Bank, 149 Fed. Appx. 354, 363 (6th Cir. 2005) ($400,000 compensatory affirmed, $2.6 million punitives reversed for new trial).

6. Brim v Midland Credit Management (D. Ala. 2011) $100,000 actual damages and $623,180 punitive damages.

7. Brown v. Experian (D. Conn. April 16, 2004) $50,000 emotional distress.

8. Bakker v McKinnon, 152 F. 3d 1007, $5,000 punitives and $500 in actual damages for an impermissible §1681b(f) violation.

9. Barnett Bank v. Hazel, 555 S.E.2d 195 (Ga. Ct. App. 2001) (Judgment of $75,000.00 against bank for providing false information to credit reporting agencies with malice or willful intent to injure).

10. Bell v. May Department Stores, 6 S.W.3rd 871, (MO 1999) (jury awarded $50,000.00 actual damages).

11. Boothe v. TRW Credit Data, 557 F. Supp. 66 (S.D. N.Y. 1982) ($15,000.00 punitive damages against entity which had gotten credit report under false pretenses, plus attorney fees). In Boothe, the defendant obtained the plaintiff's credit report from TRW for a business transaction, and the defendant user concealed the request, upon an investigation by TRW, to which the court attributed the defendant's guilty knowledge. Id. at 69. Despite the

absence of actual damages, the court awarded punitive damages of $15,000. Id. at 71-72.

12.     Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982) (jury awarded a relatively modest verdict of $8,000 for embarrassment and humiliation).

13.     Collins v. Retail Credit Co., 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, humiliation, in recognition of the many subtle and indirect effects upon her personal, social and economic life).

14.     Cortez v TU, (05-cv-5684 PAED) ($50,000 actual damages; $750,000 punitive damages).

15.     Cousin v. Trans Union, 246 F.3d 399 (5th Cir. 2001) ($50,000.00 actual damages, $4.5 million punitive damages vacated by the appellate court).

16.     Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995) (on remand jury awarded $275,000.00 actual damages).

17.     Hall v. Harleysville Ins. Co., 943 F. Supp. 536 (E.D. Pa. 1996) (No damages, attorney fees and costs $87,821.48).

18.     Hoglan v. First Security Bank, 120 Idaho 682, 819 P.2d 100 (1991) (The court upheld a jury verdict of $20,000.00 for breach of contract and negligence, and overturned a $200,000.00 award of punitive damages).

19.     Jones v. Credit Bureau of Greater Garden City, 1989 WL 134945 (D. Kan. Oct. 24, 1989) ($500.00 for expenses, lost wages, mental anguish and embarrassment; $10,620.00 attorney fees).

20.     Johnson v. MBNA, et al, 357 F.3d 426, (4th Cir.2004) (Docket #: 03-1235, USDC E.D of VA, Richmond Division) §1681s-2b claim, actual damages $90,300, 2/11/2004: Consumer Protection - Fair Debt Act - Inadequate Investigation. MBNA Bank, a credit card company is liable to a consumer for over $90,000 under the Fair Credit Reporting Act, 15 U.S.C. § 1681a-2(b)(1), for failing to make a reasonable investigation into a woman's claim that she did not owe a $17,000 debt on her husband's delinquent account.

21.     Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990) ($4,000 even though erroneous credit report was corrected one week after publication).

22.   Jorgenson v. Experian, (D. Ore. No. 96-286-JE) (jury awarded $600,000.00 actual damages in 1998; court added $200,000.00 fees and costs) (theft of identity). Settled on appeal for confidential amount.

23.   Kirkpatrick v. Equifax, (D. Or. Jan 25, 2005), $210,000 for emotional distress.

24.   McGowan v. Warner, (Alabama, CV 9503310, 1999) (jury awarded $1.85 million to theft of identity victim against non credit bureaus).

25.   Milgram v. Advanced Cellular Systems, Inc., 1990 WL 116322 (E.D. Pa. 1990) (Jury award of $20,000.00; $20,224.00 attorney fees).

26.   Mills v. NationsBank (Florida 1999) (jury awarded $1.85 million to theft of identity victim against non-credit bureaus).

27.   Millstone v. O'Hanlon Reports, Inc., 383 F. Supp. 269 (E.D. Mo. 1974) ($2,500.00 compensatory; $10,000.00 punitive; $12,500.00 attorney fees).

28.   Morris v. Credit Bureau, 563 F. Supp. 962 (S.D. Ohio 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation, his work, his family, his sense of well-being).

29.   Mullins v Equifax et al, USDC EDVa 2007, 3:05-cv-00888 (Actual damages $20,000; punitive damages $100,000).

30.   Nitti v. Credit Bureau of Rochester, Inc., 84 Misc. 2d 277, 375 N.Y.S.2d 817 (Sup. Ct. 1975) ($10,000.00 punitive; $8,000.00 attorney fees).

31.   Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, (6Conn. Ops. 447, Apr. 24, 2000) (jury verdict of $100,000 in compensatory damages and $500,000 in punitives remitted by Chief Judge to $125,000 for punitives, no compensatory).

32.   Parker v. Drier, (Court File No. W.D. Wisc. 98-C-681-S)   In May of 2000, a Federal jury in Madison Wisconsin awarded $3,500.00 in actual damages and $100,000 in punitive damages in an impermissible credit report pull.   Punitive damage award was reduced to $35,000 but the full $40,000 attorney fee petition plus cost was awarded.   There was no appeal.

33.   Phillips v. Grendahl, 312 F.3d 357, (8th Cir. 2002) reversing summary judgment, USDC Minn. (CV 00-1382) Jury verdict following remand, $50,000 punitive and $10,000 actual damages impermissible access of CR.)

34.     Pinner v Schmidt, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual). "In Pinner, 805 F.2d at 1265, the consumer was awarded $25,000 for mental distress because of the humiliation and embarrassment resulting from the three credit denials and from lengthy dealings with the credit bureau."  Stevenson, supra, at 297 [jury awarded $100,000, remitted to $25,000].  Pinner can be distinguished as it does not concern loss of privacy or the humiliation suffered from the theft of one's credit report.  The plaintiff in Pinner experienced three credit denials due to a credit report's inaccuracies, which were corrected after several months.  Stevenson, supra, at 297. Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986).

35.     Robinson v Equifax, 1:06-cv-01336-GBL/TRJ, 8/17/07(E.D.Va.), JURY VERDICT in favor of Plaintiff awards damages in the amount of $200,000.

36.     Saunders v. Equifax Information Services, L.L.C. et al, Slip Copy, 2007 WL 98596 (E.D.Va.) (award against furnisher BB&T only) $1k statutory, $80k punitives.

37.     Sloane v. Equifax et al, USDC, EDVA Court file no.: 1:05-cv-1272, July 18, 2006: Jury verdict- Actual damages $350,000; no punitives. Judge said that reinsertion might very well be a strict liability provision within the FCRA. No order/opinion on MSJ- blanket order.

38.     Soghomonian et al v. IRS et al, (ND CA December 2003): Jury awarded Plaintiffs $940, 000 for emotional distress and actual damages; attorneys filed fee petition. (Jury verdict was $5,000,000 in punitives and $300,000 in actual damages.  The punitives were remitted to $1,000,000 but there was no remittitur on the $300,000.  Attorney fees were approximately $110,000.  Trans Union paid the full remitted judgment of approximately $1,410,000). The jury awarded Mr. Soghomonian $342,225.00 and his wife, Ms. Garabedian, $275,265.00 in compensatory damages, for a total of $617,490, and $350,000 was awarded in punitive damages.

39.      Stevenson v. TRW, Inc., 978 F.2d 288 (5th Cir. 1993) ($30,000 mental anguish and embarrassment damages, $20,700 fees).

40.     Thomas v. Trans Union, 197 F.Supp.2d 1233, 1237 (U.S.D.C. Or. 2002) (theft of identity case tried in 2002, jury awarded $5.3 million; court reduced award to $1 million).

41.      Thompson v. Equifax, (Ala. 2002) (jury award $80,000).

42.     Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982) ($10,000 for humiliation and mental distress even though no out-of-pocket expenses).

43.     Thornton v. Equifax, Inc., 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000.00 compensatory and $250,000.00 punitive in light of defendant's annual gross income of $300,000,000.00).

44.     Trans Union Corp. v. Crisp, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory, $25,000 punitive).

45.     Valentine v. Equifax Information Services LLC, et al., U.S.District Court (Or.) Case No. 05-CV-0801, October 2007. Jury awards $200,000 against. Equifax for damages. Negligence found. Willfulness not found.  This award does not include attorney's fees.

46.     Williams v. Equifax, (Florida state court Nov. 30, 2007) $219,000 compensatory, $2.7 million punitive.

47.     Wenger v. Trans Union, USDC, Central District of California, Case No. CV 95-6445 (jury award of actual damages of $200,000.00).

48.     Yohay v. City of Alexandria Employees Credit Union, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000; fees and costs over $33,000); jury verdict, $10,000 punitives, $32,411 fees, $957.90 in costs. Appellate decision at 827 F.2d 967, (4th Cir.  1987).

49.      Zamora v. Valley Fed. S&L Ass'n, 811 F.2d 1368 (10th Cir. 1987) ($61,500).

50.     Zotta v. Nations Credit Fin. Serv., USDC, Eastern District of Missouri, (Court File no.: 4:02-cv-1650, 2004) jury found for the Plaintiff in the amount of $87,500 on his claim for Defendant's negligent noncompliance with the FCRA.

51.     Brim v. Midland Credit Management, Inc., 795 F.Supp.2d 1255, 2011 WL 2665785, *8 (N.D.Ala. May 4, 2011), jury found and the Court upheld an award of $100,000 in actual damages, $623,180 in punitive damages against one defendant under the FCRA.

52.     Miller v Equifax, 3:11-cv 1231, (USDC Or. July 2013) $18.6 million (since reduced).