# EXHIBIT A

Record & Return to:
GMAC Mortgage, LLC
Attention: Loss Mitigation Department
3451 Hammond Avenue
Waterloo, IA 50702

*[Space Above This Line For Recorder's Use]*

139254 7097

# FIXED RATE LOAN MODIFICATION AGREEMENT  110 3057

July 14, 2009
7097

This Loan Modification Agreement ("Agreement"), made this 19th day of September 2009, ("Effective Date") between MARY E PERKINS WHITE ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated October 13, 2006, in the original principal sum of Two Hundred Thousand Dollars And No Cents ($200,000.00) executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same day as the Note and recorded in the real property records of PIERCE County, Washington. Said Security Instrument covers the real and, if applicable, personal property described in such Security Instrument (the "Property") located at 7918 RAY NASH DRIVE NORTHWEST, GIG HARBOR WA, 98335 which real property is more particularly described as follows:

See attached legal description.

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is One Hundred Seven Thousand One Hundred Thirteen Dollars And Sixty Four Cents ($107,113.64). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amounts(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of 4.0000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $927.79, beginning on September 20, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on October 20, 2021 (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days

GMACM-0117

after the date it is due, Lender reserves the right to charge Borrower a late charge. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security instrument. If Borrower fails to pay these sums prior to the expiration of this period, lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

GMACM-0118

*Mary E Perkins White* (signature)

MARY E PERKINS WHITE - 7097
Borrower

GMAC Mortgage, LLC

By: KENNY J. UGALE / Keny J. C____    07-17-2009

Title: NOTARY

RESIDING IN PIERCE COUNTY

Notary Public
State of Washington
KENNY J UGALE
My Appointment Expires May 5, 2010

GMACM-0119

# **GMAC Mortgage**

July 14, 2009

MARY E PERKINS WHITE
7918 RAY NASH DRIVE NORTHWEST
GIG HARBOR, WA 98335

RE: Account Number       7392547097
                         7918 RAY NASH DRIVE NORTHWEST
                         GIG HARBOR, WA 98335

Dear MARY E PERKINS WHITE,

Your request for a loan modification has been approved subject to the following:

- Receipt of your contribution
- Receipt of the signed and notarized loan modification agreement and any attachments
- Receipt of clear title, if applicable

Your Home Equity Line of Credit is being closed as a result of this modification and is being modified to a closed end mortgage. You will be notified of your new account under a separate cover.

The terms of the modification you requested is as follows:

1. The down payment of $927.79 must be remitted in the form of certified funds by 7/27/2009 to be applied towards the costs below. The down payment and the signed and executed loan modification must be sent to:

    **GMAC Mortgage, LLC**
    **Attention: Payment Processing/Loan Modification**
    **3451 Hammond Avenue**
    **Waterloo, IA 50702**

2. The breakdown of the total amount included in the modification is as follows:

    | | | |
    |---|---|---|
    | Interest portion of your 6/20/2009 - 9/19/2009 payments | | $1,723.30 |
    | | Total Costs | $1,723.30 |
    | | Less Debt Forgiveness | $800.51 |
    | Total Due | | $922.79 |

3. The interest rate is 4.000%, the new unpaid principal balance is $107,113.64, the term is 146 and the maturity date is October 20, 2021

4. The first modified payment begins September 20, 2009.

    | | |
    |---|---|
    | Principal and Interest | $927.79 |
    | Escrow | $0.00 |
    | Additional Installment | $0.00 |
    | Total | $927.79 |

Please remit the monthly payments to us and forward to my attention until you have received a Mortgage Account Statement. Late charges are assessed in accordance with your mortgage documents.