1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:                    Main Case No.

6  RESIDENTIAL CAPITAL, LLC, et al.,      12-12020-mg

7            Debtors.

8  - - - - - - - - - - - - - - - - - - - -x

9  INVEST VEGAS, LLC, et al.,            Adv. Proc. No.

10           Plaintiffs,               16-01029-mg

11       -against-

12  21ST MORTGAGE CORPORATION, et al.,

13           Defendants.

14  - - - - - - - - - - - - - - - - - - - -x

15

16            United States Bankruptcy Court

17            One Bowling Green

18            New York, New York

19

20            April 19, 2016

21            9:58 AM

22

23  B E F O R E:

24  HON. MARTIN GLENN

25  U.S. BANKRUPTCY JUDGE

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

1

2  In Adversary Proceeding 16-01029

3  Pre-trial conference

4  (CC:  Doc. No. 56) Pre-motion conference

5

6  In the Main Case

7  Doc. #9583 (CC: Doc. No. 9669) Hearing Regarding ResCap

8  Borrower Claims Trust's Supplemental Objection in Support of

9  Objection to Proof of Claim No. 3695 Filed on Behalf of

10  Rosalind Alexander-Kasparik

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Hana Copperman

1

2  A P P E A R A N C E S (Main Case):

3  MORRISON & FOERSTER LLP

4         Attorneys for the ResCap Borrower Claims Trust

5         250 West 55th Street

6         New York, NY 10019

7

8  BY:    JORDAN A. WISHNEW, ESQ.

9         BENJAMIN W. BUTTERFIELD, ESQ.

10

11

12  CATE LEGAL GROUP

13         Attorneys for Rosalind Alexander-Kasparik

14         7710 Balboa Avenue

15         Suite 316

16         San Diego, CA 92111

17

18  BY:    ALLAN O. CATE, ESQ. (TELEPHONICALLY)

19

20

21  ALSO APPEARING:

22         SARA M. LATHROP, Residential Capital Estates

23         (TELEPHONICALLY)

24

25

4

```
 1
 2   A P P E A R A N C E S (Adversary):
 3        HELFAND & HELFAND
 4        Attorneys for 21st Mortgage Corporation
 5        Empire State Building
 6        350 Fifth Avenue
 7        Suite 5330
 8        New York, NY 10118
 9
10   BY:   DIANE BRADSHAW, ESQ.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT:  Please be seated. |
| 3 | We're here in Residential Capital, 12-12020.  The |
| 4 | first matter this morning is an adversary proceeding, Invest |
| 5 | Vegas, LLC, v. 21st Mortgage Corporation.  It's number 16- |
| 6 | 01029.  Who's appearing in that matter? |
| 7 | MS. BRADSHAW:  Counsel for defendant -- |
| 8 | THE COURT:  Could you come up to the microphone, |
| 9 | please? |
| 10 | MS. BRADSHAW:  Good morning, Your Honor.  Diane |
| 11 | Bradshaw of the firm of Helfand & Helfand.  We represent 21st |
| 12 | Mortgage Corporation, the defendant in these proceedings, |
| 13 | Invest v. 21st Mortgage Corporation.  And this -- |
| 14 | THE COURT:  Is anybody appearing for Invest Vegas? |
| 15 | MS. BRADSHAW:  No one has approached me. |
| 16 | THE COURT:  Okay.  Go ahead. |
| 17 | MS. BRADSHAW:  We have recently had this matter |
| 18 | transferred.  It was removed and then transferred, so it's new |
| 19 | in this court. |
| 20 | THE COURT:  Right. |
| 21 | MS. BRADSHAW:  But the basis of the transfer is that |
| 22 | this Court retained jurisdiction pursuant to the overall case, |
| 23 | 12-12020, and we seek leave to file our motion for summary |
| 24 | judgment, because no triable issue of fact exists, and we can |
| 25 | show that.  And at this point we can present evidence that the |

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP.   6

1    automatic stay was violated by this transfer of property.

2         So at this point we just seek leave to file our motion

3    for summary judgment.

4         THE COURT:  All right.  So this case was originally

5    filed in state court in Nevada.

6         MS. BRADSHAW:  Yes, Your Honor.

7         THE COURT:  21st Mortgage removed it to the federal

8    district court, who referred it to the bankruptcy court in

9    Nevada, who's now transferred it to this court.

10        MS. BRADSHAW:  You have the whole story perfectly,

11   Your Honor.

12        THE COURT:  Okay.  And let me make sure I understand

13   the issue correctly.  The issue is whether the foreclosure sale

14   on November 14, 2012, foreclosure on a homeowner's association

15   lien, whether that lien extinguished the note and deed of trust

16   on the subject property, which, at the time of the foreclosure

17   sale, you contend, was property of the debtors' estate, and

18   whether that foreclosure violated the automatic stay under

19   Section 362(a)(4).

20        MS. BRADSHAW:  Yes, Your Honor.  Perfectly.

21        THE COURT:  All right.  In doing a little research I

22   read the decision of the Nevada Supreme Court in SFR

23   Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408.  It's

24   a 2014 decision from the Nevada Supreme Court, which, as I

25   understand it, under the applicable statutory law of Nevada, a

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 7

1  nonjudicial foreclosure of certain homeowner's association

2  liens takes free and clear of a prior recorded mortgage.  And I

3  take it it's the position of 21st Century Mortgage --

4        MS. BRADSHAW:  Excuse me, Your Honor.  It's just 21st

5  Mortgage Corporation.

6        THE COURT:  I'm sorry.  21st Mortgage Corp acquired a

7  deed of trust from Berkshire Hathaway, which, in turn, had

8  acquired the deed of trust in a 363 sale approved by this

9  Court.

10        MS. BRADSHAW:  Correct.

11        THE COURT:  And if I understand the papers, the

12  foreclosure sale on November 14, 2012 occurred while the note

13  and deed of trust remained property of the estate, the Chapter

14  11 estate.  It had not yet been transferred to Berkshire

15  Hathaway at that point.

16        MS. BRADSHAW:  Correct, Your Honor.

17        THE COURT:  Okay.  And have you had any communication

18  with Invest Vegas's counsel?

19        MS. BRADSHAW:  Not since the case has been

20  transferred.  They have not contacted us.  They have been

21  notified, and they were notified of today's hearing.

22        THE COURT:  Okay.  I take it, am I correct that it's

23  Invest Vegas's position that its acquisition -- its

24  foreclose -- its acquisition at a foreclosure sale, the

25  homeowner association lien essentially wiped out the prior

 1  recorded deed of trust?

 2          MS. BRADSHAW:  That is their position.

 3          THE COURT:  Okay.  All right.  I'll grant you leave to

 4  file a summary judgment motion.

 5          MS. BRADSHAW:  Thank you, Your Honor.

 6          THE COURT:  I saw in the papers, and I don't remember

 7  which one.  I read lots of the things that were filed from

 8  Nevada.

 9      (Pause)

10          THE COURT:  Guess who was the -- am I correct it was

11  the Nevada Bankruptcy Court, before transferring the case --

12          MS. BRADSHAW:  Yes, Your Honor.

13          THE COURT:  -- stated, in substance, that the

14  foreclosure had the effect of extinguishing a security interest

15  with no deed or trust that was property of the estate.

16  However, that Court didn't decide whether the homeowner

17  association lien sale violated the automatic stay because of

18  Section 362(a)(4).  Am I correct on that?

19          MS. BRADSHAW:  That's exactly correct.

20          THE COURT:  Okay.

21          MS. BRADSHAW:  Yes, Your Honor.

22          THE COURT:  All right.  When will you be ready to file

23  your motion?

24          MS. BRADSHAW:  Thank you, Your Honor.  Appreciate it.

25  Have a good day.

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 9

1          THE COURT:  No.  When will you be -- when are you

2    going --

3          MS. BRADSHAW:  Oh, I'm sorry.

4          THE COURT:  I schedule matters, so we --

5          MS. BRADSHAW:  I'm sorry.  Oh, that's right.

6          THE COURT:  You're not quite off the hook yet.

7          MS. BRADSHAW:  Well, it's almost finished, so by early

8    next week?

9          THE COURT:  Okay.  That's fine.

10         MS. BRADSHAW:  So do we need to call to schedule a

11   hearing first?

12         THE COURT:  You do.

13         MS. BRADSHAW:  Okay.

14         THE COURT:  You --

15         MS. BRADSHAW:  Call Deanna.

16         THE COURT:  You do.

17         MS. BRADSHAW:  Okay.  Very good.

18         THE COURT:  You call Deanna.  You get a hearing date

19   from her.

20         MS. BRADSHAW:  Very good.

21         THE COURT:  Hang on just one second while I make note.

22         Let me look at one more thing.

23         Okay.  Thank you very much.

24         MS. BRADSHAW:  Thank you, Your Honor.  Have a good

25   day.

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 10

1          THE COURT:  All right.  Mr. Wishnew?

2          MR. BUTTERFIELD:  Good morning, Your Honor.  Ben

3    Butterfield, Morrison & Foerster, for the Borrower Claims

4    Trust.

5          THE COURT:  Thanks, Mr. Butterfield.  So this is with

6    regard to the Trust's objection to claim 3695 of Rosalind

7    Alexander-Kasparik?

8          MR. BUTTERFIELD:  Correct, Your Honor.

9          THE COURT:  All right.  Is Ms. Kasparik on the phone,

10   or is her counsel on the phone?

11         MR. CATE:  Good morning, Your Honor.  Allan Cate on

12   behalf of Rosalind Alexander-Kasparik.

13         THE COURT:  All right.  Just tell me your name one

14   more time.

15         MR. CATE:  Allan Cate on behalf of Rosalind Alexander-

16   Kasparik.

17         THE COURT:  Okay.  All right.  Mr. Butterfield?

18         MR. BUTTERFIELD:  Your Honor, we also have Sara

19   Lathrop, our declarant, on the phone today.

20         THE COURT:  Okay.  All right.  Go ahead.

21         MR. BUTTERFIELD:  Your Honor, at a hearing on January

22   21st this Court sustained the Trust's objection to all but two

23   claims asserted by claimant:  negligence and promissory

24   estoppel.

25         Unlike the other claims, which the Court dismissed on

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP.    11

1  res judicata and collateral estoppel grounds, these two claims

2  were not dismissed, because the California trial court vacated

3  its judgment as to GMAC Mortgage on those claims.  This Court

4  stated that it would consider these two claims on the merits

5  and requested additional briefing from the parties.

6          Your Honor, in accordance with the Court's

7  instructions, the Borrower Trust filed its supplemental

8  objection at docket number 9853.  Claimant filed her response

9  at docket number 9644.  And the Trust followed with its reply

10  at docket number 9669.

11          Your Honor, the Trust believes that the claimant's

12  promissory estoppel and negligence claims are both barred by

13  collateral estoppel and also fail on the merits.

14          Let me briefly go through the collateral estoppel

15  argument, and then I'll turn to the merits.

16          Your Honor, the basis for claimant's remaining claims

17  is a third amended complaint filed by claimant on April 14,

18  2015 with the California trial court.  The third amended

19  complaint asserted two claims against Freddie Mac and GMAC,

20  promissory estoppel and negligence.  Freddie Mac filed a demur

21  to the third amended complaint, which the California trial

22  court sustained by a minute order dated October 23, 2015.

23          Your Honor, the California trial court vacated the

24  minute order as to GMAC Mortgage on December 31, 2015.

25          THE COURT:  Because GMAC hadn't joined in the demur?

1      MR. BUTTERFIELD:  Correct, Your Honor.

2          Therefore the minute order has no res judicata effect

3  as to GMAC Mortgage.

4          Even though the trial court vacated the minute order

5  as to GMAC Mortgage, the order is still valid as to Freddie

6  Mac, and therefore can serve as the basis for collateral

7  estoppel.

8          Your Honor, the claimant fully litigated both of her

9  remaining claims against Freddie Mac before the California

10  trial court and lost.  In paragraph 12 of her response, docket

11  9644, claimant admits that the minute order "effectively

12  decided identical issues" -- it's a quote -- to those before

13  the Court today.

14          Your Honor, the Court should not permit claimant to

15  now relitigate those same issues here, which would be a waste

16  of judicial resources and could potentially result in two

17  conflicting orders, both adjudicating the same issues and the

18  same facts.

19      THE COURT:  Okay.

20      MR. BUTTERFIELD:  If you have no further questions,

21  I'm going to turn to the merits.

22      THE COURT:  Go ahead.

23      MR. BUTTERFIELD:  I'll first address the promissory

24  estoppel claim, and then I'll address negligence.

25          Your Honor, as a preliminary matter, the Trust would

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP.    13

1   like to note that claimant's pleadings with the Court have not

2   addressed the Trust's objections to her promissory estoppel

3   claim.  Therefore this portion of the Trust's objection is

4   essentially uncontested.

5       Under California law, to maintain a claim for

6   promissory estoppel a plaintiff must essentially plead two

7   things:  a clear promise and detrimental reliance.

8       Your Honor, claimant has amended her complaint three

9   times, and has filed responses to our objection and

10  supplemental objection, but has entirely failed to allege any

11  clear promise by GMAC Mortgage.  Instead, claimant relies on a

12  statement, allegedly made by a representative of Freddie Mac,

13  that she was "advised" on July 3, 2012, the day before the

14  trustee sale, that, and I quote, "the sale was being postponed

15  and that she should check the electronic system to make sure

16  the sale was actually postponed".

17      Your Honor, in order to have promissory estoppel you

18  have to have a clear promise, and a promise is an assurance

19  that someone will or will not do something.  GMAC Mortgage made

20  no promises to claimant.  And the statement allegedly made by

21  Freddie Mac is a mere statement of fact and does not amount to

22  a promise.  Therefore the promissory estoppel claim fails,

23  because claimant has failed to allege a clear promise.

24      THE COURT:  So the promissory estoppel claim was

25  dismissed with prejudice against Freddie Mac.

1          MR. BUTTERFIELD:  Correct, Your Honor.

2          THE COURT:  Go ahead.

3          MR. BUTTERFIELD:  Your Honor, there's a second prong

4   to promissory estoppel.  That's detrimental reliance.  With

5   respect to this element, claimant alleges that she refrained

6   from pursing, and I'll quote, "other courses of action to stop

7   the foreclosure sale", including filing for bankruptcy,

8   exploring the possibility of refinancing or marketing or

9   selling the property.

10         Your Honor, claimant allegedly spoke with Freddie Mac

11  on July 3, 2012, the day of the trustee sale.  Claimant has not

12  alleged that she actually took any steps towards filing a

13  bankruptcy that same day.  For example, contacting a bankruptcy

14  lawyer.  Furthermore, the Trust does not believe that

15  claimant's allegations that that same day she could have

16  refinanced the loan or marketed or sold the property are

17  credible.

18         Furthermore, claimant does not allege that GMAC

19  Mortgage or Freddie Mac instructed her to forego doing any of

20  these things in exchange for a loan modification.  Therefore

21  the promissory estoppel claim fails, because claimant has

22  failed to allege detrimental reliance.

23         THE COURT:  Okay.

24         MR. BUTTERFIELD:  Turning now to negligence.  Your

25  Honor, it is the Trust's position that the negligence claim

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 15

1    must fail.  First, GMAC had no duty to claimant.  Second, even

2    if GMAC did have a duty, it did not breach that duty.

3          Claimant alleges that GMAC Mortgage, and I'll quote,

4    "affirmatively frustrated the loan modification process by

5    constantly mishandling claimant's applications, failing to

6    provide a consistent point of contact to whom she could

7    communicate, and continuously providing conflicting information

8    with regards to her application status and the sale date of her

9    home".

10          As a preliminary matter, Your Honor, other than

11   claimant's allegations with respect to the July 3rd

12   conversation with the representative of Freddie Mac, the

13   remainder of her allegations do not contain the specificity

14   required by Twombly.  These are bare allegations.  Claimant

15   does not allege any details about the constant mishandling, who

16   she spoke with, who she tried to speak with and was unable to

17   speak with.  The conflicting information -- we don't have any

18   conflicting information other than with respect to the

19   allegations about the July 3rd conversation.  As such, these

20   allegations failed to move these claims from conceivable to

21   probable, as required by Twombly.

22          Furthermore, while California courts recognize that

23   there is a split of authority over whether a lender owes a duty

24   of care once it agrees to consider a loan modification, the

25   "overwhelming weight of authority" characterizes loan

1  modification as a traditional money lending activity that does

2  not impose a duty of care on the lender.  For example, in the

3  Garcia case District Judge Phyllis Hamilton of the Northern

4  District of California observed that "there is a split of

5  authority" but ruled that in the absence of some guidance from

6  the Ninth Circuit a loan servicer, like any other financial

7  institution, owes no duty of care to a borrower in connection

8  with the loan modification process.

9        Your Honor, in our reply we discuss two other

10  California decisions from the past eighteen months that have

11  followed the Garcia approach.  On fact, highly similar to those

12  here today.

13        Therefore, Your Honor, it's the Trust's position that

14  the claimant's negligence claims must fail.  There's no duty.

15  And even if there was a duty, there's no breach of that duty.

16        THE COURT:  Okay.  Thank you.  Mr. Cate?

17        MR. CATE:  Thank you, Your Honor.  To respond, with

18  respect to the collateral estoppel argument, I don't believe

19  that the way the allegations in the third amended complaint are

20  stated that GMAC and Freddie Mac are doing exactly the same

21  thing, but GMAC's alleged to be the active participant here,

22  and Freddie Mac's been alleged to be more of a passive

23  participant.  So I don't think that the collateral estoppel

24  should hold for binding GMAC to the state court's earlier

25  ruling with respect to Freddie Mac.  Different allegations,

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 17

1  different parties.

2        With respect to the promissory estoppel claim and the

3  third amended complaint, I think we laid it out pretty well.

4  Paragraph 15, I go through the factors.  There's a promise.

5  It's alleged there's a promise between the parties

6  participating in this public loan mortgage assistance program,

7  that they're going to help these borrowers.  GMAC has accepted

8  participation in this program.  They've promised to take money

9  on behalf of the borrowers.  They're communicating with the

10  borrowers.  I attached Exhibit A and, specifically, I guess, an

11  e-mail from June 29, 2012.  Those e-mails, I guess, while not a

12  direct promise, are evidence of a promise or could be a promise

13  if Keep Your Home California is deemed to be, like, a subagent

14  of GMAC.  I think there's a promise or indication of a promise

15  there for sure.

16        With respect to the duty based claims, the negligence,

17  there's new case law evolving on this point, and we've alleged

18  in the third amended complaint a lot of different details of

19  the scheme where GMAC is participating with Keep Your Home

20  California to offer loan modification and work out assistance

21  to borrowers.  It's a complicated scheme.  They're working

22  together.  They're sharing a computer system.  They're sharing

23  a communication system.  They're transferring money within

24  their own internal apparatus.  It's not just a traditional

25  lender-borrower relationship, as the Claims Trust argues.  It's

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP.   18

1  much more complicated than that.  And we've alleged that and

2  shown details in the pleadings.

3        So for those reasons I believe that the negligence

4  claim and also that the promissory estoppel claim pass muster

5  and at least on a preliminary basis should be allowed to

6  proceed to trial.

7        THE COURT:  All right.  Mr. Butterfield, do you want

8  to respond?

9        MR. BUTTERFIELD:  Ben Butterfield, Morrison &

10  Foerster, on behalf of the Borrower Trust.

11        First point, Your Honor, is that the allegations in

12  the third amended complaint are made against both GMAC Mortgage

13  and Freddie Mac together as defendants.  There are no

14  allegations in that complaint that identify GMAC's role in the

15  process as being any different from the role that Freddie Mac

16  played in the process.  The allegations are made against them

17  jointly, and therefore we believe that any ruling on the

18  allegations against Freddie Mac should collaterally estop any

19  other claims against GMAC Mortgage.

20        THE COURT:  All right.  I'm going to take the matter

21  under submission.

22        MR. BUTTERFIELD:  Okay.

23        THE COURT:  Thank you very much.

24        MR. WISHNEW:  Thank you, Your Honor.

25        THE COURT:  Anything else this morning, Mr. Wishnew?

RESIDENTIAL CAPITAL, LLC, and INVEST VEGAS V. 21ST MORTGAGE CORP. 19

 1          MR. WISHNEW:  That's it, Your Honor.

 2          MR. BUTTERFIELD:  All right.

 3          THE COURT:  All right.  We're adjourned.  Thank you

 4  very much.

 5          Thank you, Mr. Cate.

 6          MR. CATE:  Thank you, Your Honor.

 7      (Whereupon these proceedings were concluded at 10:18 AM)

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                                I N D E X

3

4                               RULINGS

5                                              PAGE      LINE

6   In adversary proceeding 16-01029              8         3

7   21st Mortgage Corporation may file a summary

8   judgment motion

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, Hana Copperman, certify that the foregoing transcript is a
true and accurate record of the proceedings.


_Hana Copperman_

_____

HANA COPPERMAN

AAERT Certified Electronic Transcriber CET**D 487


eScribers

700 West 192nd Street, Suite #607

New York, NY 10040


Date:  April 20, 2016

## #

**#9583 (1)**
2:7

## A

**absence (1)**
16:5
**accepted (1)**
17:7
**accordance (1)**
11:6
**acquired (2)**
7:6,8
**acquisition (2)**
7:23,24
**action (1)**
14:6
**active (1)**
16:21
**activity (1)**
16:1
**actually (2)**
13:16;14:12
**additional (1)**
11:5
**address (2)**
12:23,24
**addressed (1)**
13:2
**adjourned (1)**
19:3
**adjudicating (1)**
12:17
**admits (1)**
12:11
**Adversary (3)**
2:2;4:2;5:4
**advised (1)**
13:13
**affirmatively (1)**
15:4
**against (7)**
11:19;12:9;13:25;
18:12,16,18,19
**agrees (1)**
15:24
**ahead (4)**
5:16;10:20;12:22;
14:2
**Alexander- (1)**
10:15
**Alexander-Kasparik (3)**
2:10;10:7,12
**Allan (2)**
10:11,15
**allegations (12)**
14:15;15:11,13,14,
19,20;16:19,25;
18:11,14,16,18
**allege (5)**

**13:10,23;14:18,**
**22;15:15**
**alleged (6)**
14:12;16:21,22;
17:5,17;18:1
**allegedly (3)**
13:12,20;14:10
**alleges (2)**
14:5;15:3
**allowed (1)**
18:5
**almost (1)**
9:7
**amended (8)**
11:17,18,21;13:8;
16:19;17:3,18;18:12
**amount (1)**
13:21
**apparatus (1)**
17:24
**appearing (2)**
5:6,14
**applicable (1)**
6:25
**application (1)**
15:8
**applications (1)**
15:5
**Appreciate (1)**
8:24
**approach (1)**
16:11
**approached (1)**
5:15
**approved (1)**
7:8
**April (1)**
11:17
**argues (1)**
17:25
**argument (2)**
11:15;16:18
**asserted (2)**
10:23;11:19
**assistance (2)**
17:6,20
**association (4)**
6:14;7:1,25;8:17
**assurance (1)**
13:18
**attached (1)**
17:10
**Attorneys (1)**
4:4
**authority (3)**
15:23,25;16:5
**automatic (3)**
6:1,18;8:17
**Avenue (1)**
4:6

## B

**Bank (1)**
6:23
**bankruptcy (5)**
6:8;8:11;14:7,13,
13
**bare (1)**
15:14
**barred (1)**
11:12
**based (1)**
17:16
**basis (4)**
5:21;11:16;12:6;
18:5
**Behalf (5)**
2:9;10:12,15;17:9;
18:10
**believes (1)**
11:11
**Ben (2)**
10:2;18:9
**Berkshire (2)**
7:7,14
**binding (1)**
16:24
**Borrower (5)**
2:8;10:3;11:7;
16:7;18:10
**borrowers (4)**
17:7,9,10,21
**both (4)**
11:12;12:8,17;
18:12
**BRADSHAW (29)**
4:10;5:7,10,11,15,
17,21;6:6,10,20;7:4,
10,16,19;8:2,5,12,19,
21,24;9:3,5,7,10,13,
15,17,20,24
**breach (2)**
15:2;16:15
**briefing (1)**
11:5
**briefly (1)**
11:14
**Building (1)**
4:5
**BUTTERFIELD (18)**
10:2,3,5,8,17,18,
21;12:1,20,23;14:1,
3,24;18:7,9,9,22;
19:2

## C

**California (11)**
11:2,18,21,23;
12:9;13:5;15:22;
16:4,10;17:13,20
**call (3)**
9:10,15,18
**can (3)**
5:24,25;12:6

**Capital (1)**
5:3
**care (3)**
15:24;16:2,7
**Case (7)**
2:6;5:22;6:4;7:19;
8:11;16:3;17:17
**Cate (8)**
10:11,11,15,15;
16:16,17;19:5,6
**CC (2)**
2:4,7
**Century (1)**
7:3
**certain (1)**
7:1
**Chapter (1)**
7:13
**characterizes (1)**
15:25
**check (1)**
13:15
**Circuit (1)**
16:6
**Claim (12)**
2:9;10:6;12:24;
13:3,5,22,24;14:21,
25;17:2;18:4,4
**claimant (18)**
10:23;11:8,17;
12:8,11,14;13:8,11,
20,23;14:5,10,11,18,
21;15:1,3,14
**claimant's (7)**
11:11,16;13:1;
14:15;15:5,11;16:14
**Claims (16)**
2:8;10:3,23,25;
11:1,3,4,12,16,19;
12:9;15:20;16:14;
17:16,25;18:19
**clear (5)**
7:2;13:7,11,18,23
**collateral (6)**
11:1,13,14;12:6;
16:18,23
**collaterally (1)**
18:18
**communicate (1)**
15:7
**communicating (1)**
17:9
**communication (2)**
7:17;17:23
**complaint (9)**
11:17,19,21;13:8;
16:19;17:3,18;18:12,
14
**complicated (2)**
17:21;18:1
**computer (1)**
17:22
**conceivable (1)**

**15:20**
**concluded (1)**
19:7
**conference (2)**
2:3,4
**conflicting (4)**
12:17;15:7,17,18
**connection (1)**
16:7
**consider (2)**
11:4;15:24
**consistent (1)**
15:6
**constant (1)**
15:15
**constantly (1)**
15:5
**contact (1)**
15:6
**contacted (1)**
7:20
**contacting (1)**
14:13
**contain (1)**
15:13
**contend (1)**
6:17
**continuously (1)**
15:7
**conversation (2)**
15:12,19
**Copperman (1)**
2:25
**Corp (1)**
7:6
**Corporation (5)**
4:4;5:5,12,13;7:5
**correctly (1)**
6:13
**Counsel (3)**
5:7;7:18;10:10
**courses (1)**
14:6
**COURT (69)**
5:2,8,14,16,19,20,
22;6:4,5,7,8,8,9,12,
21,22,24;7:6,9,11,17,
22;8:3,6,10,11,13,16,
20,22;9:1,4,6,9,12,
14,16,18,21;10:1,5,9,
13,17,20,22,25;11:2,
3,18,22,23,25;12:4,
10,13,14,19,22;13:1,
24;14:2,23;16:16;
18:7,20,23,25;19:3
**courts (1)**
15:22
**Court's (2)**
11:6;16:24
**credible (1)**
14:17

**D**

date (2)
  9:18;15:8
dated (1)
  11:22
day (6)
  8:25;9:25;13:13;
  14:11,13,15
Deanna (2)
  9:15,18
debtors' (1)
  6:17
December (1)
  11:24
decide (1)
  8:16
decided (1)
  12:12
decision (2)
  6:22,24
decisions (1)
  16:10
declarant (1)
  10:19
deed (6)
  6:15;7:7,8,13;8:1,
  15
deemed (1)
  17:13
defendant (2)
  5:7,12
defendants (1)
  18:13
demur (2)
  11:20,25
details (3)
  15:15;17:18;18:2
detrimental (3)
  13:7;14:4,22
DIANE (2)
  4:10;5:10
Different (4)
  16:25;17:1,18;
  18:15
direct (1)
  17:12
discuss (1)
  16:9
dismissed (3)
  10:25;11:2;13:25
district (3)
  6:8;16:3,4
Doc (3)
  2:4,7,7
docket (4)
  11:8,9,10;12:10
duty (10)
  15:1,2,2,23;16:2,7,
  14,15,15;17:16

**E**

earlier (1)
  16:24
early (1)
  9:7
effect (2)
  8:14;12:2
effectively (1)
  12:11
eighteen (1)
  16:10
electronic (1)
  13:15
element (1)
  14:5
else (1)
  18:25
e-mail (1)
  17:11
e-mails (1)
  17:11
Empire (1)
  4:5
entirely (1)
  13:10
ESQ (1)
  4:10
essentially (3)
  7:25;13:4,6
estate (4)
  6:17;7:13,14;8:15
estop (1)
  18:18
estoppel (19)
  10:24;11:1,12,13,
  14,20;12:7,24;13:2,
  6,17,22,24;14:4,21;
  16:18,23;17:2;18:4
Even (3)
  12:4;15:1;16:15
evidence (2)
  5:25;17:12
evolving (1)
  17:17
exactly (2)
  8:19;16:20
example (1)
  14:13;16:2
exchange (1)
  14:20
Excuse (1)
  7:4
Exhibit (1)
  17:10
exists (1)
  5:24
exploring (1)
  14:8
extinguished (1)
  6:15
extinguishing (1)

8:14

**F**

fact (3)
  5:24;13:21;16:11
factors (1)
  17:4
facts (1)
  12:18
fail (3)
  11:13;15:1;16:14
failed (4)
  13:10,23;14:22;
  15:20
failing (1)
  15:5
fails (2)
  13:22;14:21
federal (1)
  6:7
Fifth (1)
  4:6
file (4)
  5:23;6:2;8:4,22
Filed (8)
  2:9;6:5;8:7;11:7,8,
  17,20;13:9
filing (2)
  14:7,12
financial (1)
  16:6
fine (1)
  9:9
finished (1)
  9:7
firm (1)
  5:11
first (5)
  5:4;9:11;12:23;
  15:1;18:11
Foerster (2)
  10:3;18:10
followed (2)
  11:9;16:11
foreclose (1)
  7:24
foreclosure (9)
  6:13,14,16,18;7:1,
  12,24;8:14;14:7
forego (1)
  14:19
Freddie (16)
  11:19,20;12:5,9;
  13:12,21,25;14:10,
  19;15:12;16:20,22,
  25;18:13,15,18
free (1)
  7:2
frustrated (1)
  15:4
fully (1)
  12:8

further (1)
  12:20
Furthermore (3)
  14:14,18;15:22

**G**

Garcia (2)
  16:3,11
GMAC (19)
  11:3,19,24,25;
  12:3,5;13:11,19;
  14:18;15:1,2,3;
  16:20,24;17:7,14,19;
  18:12,19
GMAC's (2)
  16:21;18:14
Good (7)
  5:10;8:25;9:17,20,
  24;10:2,11
grant (1)
  8:3
grounds (1)
  11:1
Guess (3)
  8:10;17:10,11
guidance (1)
  16:5

**H**

Hamilton (1)
  16:3
Hana (1)
  2:25
Hang (1)
  9:21
Hathaway (2)
  7:7,15
Hearing (5)
  2:7;7:21;9:11,18;
  10:21
HELFAND (4)
  4:3,3;5:11,11
help (1)
  17:7
highly (1)
  16:11
hold (1)
  16:24
home (3)
  15:9;17:13,19
homeowner (2)
  7:25;8:16
homeowner's (2)
  6:14;7:1
Honor (38)
  5:10;6:6,11,20;
  7:4,16;8:5,12,21,24;
  9:24;10:2,8,11,18,
  21;11:6,11,16,23;
  12:1,8,14,25;13:8,
  17;14:1,3,10,25;

15:10;16:9,13,17;
18:11,24;19:1,6
hook (1)
  9:6

**I**

identical (1)
  12:12
identify (1)
  18:14
impose (1)
  16:2
including (1)
  14:7
indication (1)
  17:14
information (3)
  15:7,17,18
Instead (1)
  13:11
institution (1)
  16:7
instructed (1)
  14:19
instructions (1)
  11:7
interest (1)
  8:14
internal (1)
  17:24
Invest (5)
  5:4,13,14;7:18,23
Investments (1)
  6:23
issue (3)
  5:24;6:13,13
issues (3)
  12:12,15,17

**J**

January (1)
  10:21
joined (1)
  11:25
jointly (1)
  18:17
Judge (1)
  16:3
judgment (4)
  5:24;6:3;8:4;11:3
judicata (2)
  11:1;12:2
judicial (1)
  12:16
July (4)
  13:13;14:11;
  15:11,19
June (1)
  17:11
jurisdiction (1)
  5:22

12-12020-mg   Doc 9860   Filed 04/20/16   Entered 04/22/16 11:00:56   Main Document

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg
Pg 24 of 26

April 19, 2016

## K

**Kasparik (2)**
10:9,16
**Keep (2)**
17:13,19

## L

**laid (1)**
17:3
**Lathrop (1)**
10:19
**law (3)**
6:25;13:5;17:17
**lawyer (1)**
14:14
**least (1)**
18:5
**leave (3)**
5:23;6:2;8:3
**lender (2)**
15:23;16:2
**lender-borrower (1)**
17:25
**lending (1)**
16:1
**lien (4)**
6:15,15;7:25;8:17
**liens (1)**
7:2
**litigated (1)**
12:8
**little (1)**
6:21
**LLC (2)**
5:5;6:23
**loan (9)**
14:16,20;15:4,24,
25;16:6,8;17:6,20
**look (1)**
9:22
**lost (1)**
12:10
**lot (1)**
17:18
**lots (1)**
8:7

## M

**Mac (15)**
11:19,20;12:6,9;
13:12,21,25;14:10,
19;15:12;16:20,25;
18:13,15,18
**Mac's (1)**
16:22
**Main (1)**
2:6
**maintain (1)**
13:5

**marketed (1)**
14:16
**marketing (1)**
14:8
**matter (6)**
5:4,6,17;12:25;
15:10;18:20
**matters (1)**
9:4
**mere (1)**
13:21
**merits (4)**
11:4,13,15;12:21
**microphone (1)**
5:8
**minute (5)**
11:22,24;12:2,4,11
**mishandling (2)**
15:5,15
**modification (6)**
14:20;15:4,24;
16:1,8;17:20
**money (3)**
16:1;17:8,23
**months (1)**
16:10
**more (4)**
9:22;10:14;16:22;
18:1
**morning (5)**
5:4,10;10:2,11;
18:25
**Morrison (2)**
10:3;18:9
**Mortgage (20)**
4:4;5:5,12,13;6:7;
7:2,3,5,6;11:3,24;
12:3,5;13:11,19;
14:19;15:3;17:6;
18:12,19
**motion (4)**
5:23;6:2;8:4,23
**move (1)**
15:20
**much (4)**
9:23;18:1,23;19:4
**must (3)**
13:6;15:1;16:14
**muster (1)**
18:4

## N

**NA (1)**
6:23
**name (1)**
10:13
**need (1)**
9:10
**negligence (9)**
10:23;11:12,20;
12:24;14:24,25;
16:14;17:16;18:3

**Nevada (7)**
6:5,9,22,24,25;8:8,
11
**New (3)**
4:8;5:18;17:17
**next (1)**
9:8
**Ninth (1)**
16:6
**nonjudicial (1)**
7:1
**Northern (1)**
16:3
**note (4)**
6:15;7:12;9:21;
13:1
**notified (2)**
7:21,21
**November (2)**
6:14;7:12
**number (4)**
5:5;11:8,9,10
**NY (1)**
4:8

## O

**Objection (8)**
2:8,9;10:6,22;
11:8;13:3,9,10
**objections (1)**
13:2
**observed (1)**
16:4
**occurred (1)**
7:12
**October (1)**
11:22
**off (1)**
9:6
**offer (1)**
17:20
**once (1)**
15:24
**one (5)**
5:15;8:7;9:21,22;
10:13
**order (7)**
11:22,24;12:2,4,5,
11;13:17
**orders (1)**
12:17
**originally (1)**
6:4
**out (3)**
7:25;17:3,20
**over (1)**
15:23
**overall (1)**
5:22
**overwhelming (1)**
15:25
**owes (2)**

15:23;16:7
**own (1)**
17:24

## P

**P3d (1)**
6:23
**papers (2)**
7:11;8:6
**paragraph (2)**
12:10;17:4
**participant (2)**
16:21,23
**participating (2)**
17:6,19
**participation (1)**
17:8
**parties (3)**
11:5;17:1,5
**pass (1)**
18:4
**passive (1)**
16:22
**past (1)**
16:10
**Pause (1)**
8:9
**perfectly (2)**
6:10,20
**permit (1)**
12:14
**phone (3)**
10:9,10,19
**Phyllis (1)**
16:3
**plaintiff (1)**
13:6
**played (1)**
18:16
**plead (1)**
13:6
**pleadings (2)**
13:1;18:2
**Please (2)**
5:2,9
**point (6)**
5:25;6:2;7:15;
15:6;17:17;18:11
**Pool (1)**
6:23
**portion (1)**
13:3
**position (5)**
7:3,23;8:2;14:25;
16:13
**possibility (1)**
14:8
**postponed (2)**
13:14,16
**potentially (1)**
12:16
**prejudice (1)**

13:25
**preliminary (3)**
12:25;15:10;18:5
**Pre-motion (1)**
2:4
**present (1)**
5:25
**Pre-trial (1)**
2:3
**pretty (1)**
17:3
**prior (2)**
7:2,25
**probable (1)**
15:21
**proceed (1)**
18:6
**Proceeding (2)**
2:2;5:4
**proceedings (2)**
5:12;19:7
**process (3)**
15:4;16:8;18:15,
16
**program (2)**
17:6,8
**promise (13)**
13:7,11,18,18,22,
23;17:4,5,12,12,12,
14,14
**promised (1)**
17:8
**promises (1)**
13:20
**promissory (13)**
10:23;11:12,20;
12:23;13:2,6,17,22,
24;14:4,21;17:2;
18:4
**prong (1)**
14:3
**Proof (1)**
2:9
**property (7)**
6:1,16,17;7:13;
8:15;14:9,16
**provide (1)**
15:6
**providing (1)**
15:7
**public (1)**
17:6
**pursing (1)**
14:6
**pursuant (1)**
5:22

## Q

**quite (1)**
9:6
**quote (4)**
12:12;13:14;14:6;

15:3

## R

**read (2)**
6:22;8:7
**ready (1)**
8:22
**reasons (1)**
18:3
**recently (1)**
5:17
**recognize (1)**
15:22
**recorded (2)**
7:2;8:1
**referred (1)**
6:8
**refinanced (1)**
14:16
**refinancing (1)**
14:8
**refrained (1)**
14:5
**regard (1)**
10:6
**Regarding (1)**
2:7
**regards (1)**
15:8
**relationship (1)**
17:25
**reliance (3)**
13:7;14:4,22
**relies (1)**
13:11
**relitigate (1)**
12:15
**remainder (1)**
15:13
**remained (1)**
7:13
**remaining (2)**
11:16;12:9
**remember (1)**
8:6
**removed (2)**
5:18;6:7
**reply (2)**
11:9;16:9
**represent (1)**
5:11
**representative (2)**
13:12;15:12
**requested (1)**
11:5
**required (2)**
15:14,21
**res (2)**
11:1;12:2
**ResCap (1)**
2:7
**research (1)**

6:21
**Residential (1)**
5:3
**resources (1)**
12:16
**respect (7)**
14:5;15:11,18;
16:18,25;17:2,16
**respond (2)**
16:17;18:8
**response (2)**
11:8;12:10
**responses (1)**
13:9
**result (1)**
12:16
**retained (1)**
5:22
**Right (15)**
5:20;6:4,21;8:3,
22;9:5;10:1,9,13,17,
20;18:7,20;19:2,3
**role (2)**
18:14,15
**Rosalind (4)**
2:10;10:6,12,15
**ruled (1)**
16:5
**ruling (2)**
16:25;18:17

## S

**sale (12)**
6:13,17;7:8,12,24;
8:17;13:14,14,16;
14:7,11;15:8
**same (6)**
12:15,17,18;14:13,
15;16:20
**Sara (1)**
10:18
**saw (1)**
8:6
**schedule (2)**
9:4,10
**scheme (2)**
17:19,21
**seated (1)**
5:2
**second (3)**
9:21;14:3;15:1
**Section (2)**
6:19;8:18
**security (1)**
8:14
**seek (2)**
5:23;6:2
**selling (1)**
14:9
**serve (1)**
12:6
**servicer (1)**

16:6
**SFR (1)**
6:22
**sharing (2)**
17:22,22
**show (1)**
5:25
**shown (1)**
18:2
**similar (1)**
16:11
**sold (1)**
14:16
**someone (1)**
13:19
**sorry (3)**
7:6;9:3,5
**speak (2)**
15:16,17
**specifically (1)**
17:10
**specificity (1)**
15:13
**split (2)**
15:23;16:4
**spoke (2)**
14:10;15:16
**State (3)**
4:5;6:5;16:24
**stated (3)**
8:13;11:4;16:20
**statement (3)**
13:12,20,21
**status (1)**
15:8
**statutory (1)**
6:25
**stay (3)**
6:1,18;8:17
**steps (1)**
14:12
**still (1)**
12:5
**stop (1)**
14:6
**story (1)**
6:10
**subagent (1)**
17:13
**subject (1)**
6:16
**submission (1)**
18:21
**substance (1)**
8:13
**Suite (1)**
4:7
**summary (3)**
5:23;6:3;8:4
**Supplemental (3)**
2:8;11:7;13:10
**Support (1)**
2:8

**Supreme (2)**
6:22,24
**sure (1)**
6:12;13:15;17:15
**sustained (2)**
10:22;11:22
**system (3)**
13:15;17:22,23

## T

**Thanks (1)**
10:5
**Therefore (7)**
12:2,6;13:3,22;
14:20;16:13;18:17
**third (7)**
11:17,18,21;
16:19;17:3,18;18:12
**though (1)**
12:4
**three (1)**
13:8
**times (1)**
13:9
**today (3)**
10:19;12:13;16:12
**today's (1)**
7:21
**together (2)**
17:22;18:13
**took (1)**
14:12
**towards (1)**
14:12
**traditional (2)**
16:1;17:24
**Transcribed (1)**
2:25
**transfer (2)**
5:21;6:1
**transferred (5)**
5:18,18;6:9;7:14,
20
**transferring (2)**
8:11;17:23
**triable (1)**
5:24
**trial (7)**
11:2,18,21,23;
12:4,10;18:6
**tried (1)**
15:16
**trust (14)**
6:15;7:7,8,13;8:1,
15;10:4;11:7,9,11;
12:25;14:14;17:25;
18:10
**trustee (2)**
13:14;14:11
**Trust's (7)**
2:8;10:6,22;13:2,
3;14:25;16:13

**turn (3)**
7:7;11:15;12:21
**Turning (1)**
14:24
**two (7)**
10:22;11:1,4,19;
12:16;13:6;16:9
**Twombly (2)**
15:14,21

## U

**unable (1)**
15:16
**uncontested (1)**
13:4
**under (4)**
6:18,25;13:5;
18:21
**Unlike (1)**
10:25
**up (1)**
5:8

## V

**vacated (3)**
11:2,23;12:4
**valid (1)**
12:5
**Vegas (2)**
5:5,14
**Vegas's (2)**
7:18,23
**violated (3)**
6:1,18;8:17

## W

**waste (1)**
12:15
**way (1)**
16:19
**week (1)**
9:8
**weight (1)**
15:25
**Whereupon (1)**
19:7
**whole (1)**
6:10
**Who's (2)**
5:6;6:9
**wiped (1)**
7:25
**Wishnew (4)**
10:1;18:24,25;
19:1
**within (1)**
17:23
**work (1)**
17:20
**working (1)**

**RESIDENTIAL CAPITAL, LLC, et al.**
Case No. 12-12020-mg

April 19, 2016

17:21

**Y**

**York (1)**
4:8

**0**

**01029 (1)**
5:6

**1**

**1 (1)**
6:23
**10:18 (1)**
19:7
**10118 (1)**
4:8
**11 (1)**
7:14
**12 (1)**
12:10
**12-12020 (2)**
5:3,23
**14 (3)**
6:14;7:12;11:17
**15 (1)**
17:4
**16- (1)**
5:5
**16-01029 (1)**
2:2

**2**

**2012 (5)**
6:14;7:12;13:13;
14:11;17:11
**2014 (1)**
6:24
**2015 (3)**
11:18,22,24
**21st (9)**
4:4;5:5,11,13;6:7;
7:3,4,6;10:22
**23 (1)**
11:22
**29 (1)**
17:11

**3**

**3 (2)**
13:13;14:11
**31 (1)**
11:24
**334 (1)**
6:23
**350 (1)**
4:6
**362a4 (2)**

6:19;8:18
**363 (1)**
7:8
**3695 (2)**
2:9;10:6
**3rd (2)**
15:11,19

**4**

**408 (1)**
6:23

**5**

**5330 (1)**
4:7
**56 (1)**
2:4

**9**

**9644 (2)**
11:9;12:11
**9669 (2)**
2:7;11:10
**9853 (1)**
11:8