**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

**NOT FOR PUBLICATION**

Case No. 12-12020 (MG)

(Jointly Administered)

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION AND
EXPUNGING CLAIM OF ROSALIND ALEXANDER-KASPARIK**

*A P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Attorneys for ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:   Norman S. Rosenbaum, Esq.
      Jordan A. Wishnew, Esq.
      Benjamin W. Butterfield, Esq.

CATE LEGAL GROUP
*Attorneys for Rosalind Alexander-Kasparik*
7710 Balboa Avenue, Suite 316
San Diego, California 92111
By:   Allan O. Cate, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the *ResCap Borrower Claims Trust's Supplemental Objection in Support of its Objection to Proof of Claim No. 3695 Filed on Behalf of Rosalind Alexander-Kasparik* (the "Objection," ECF Doc. # 9583).[1] The ResCap Borrower Claims Trust (the "Trust") seeks to disallow and expunge, without leave to amend, proof of claim number 3695 (the "Claim"), asserting claims of Rosalind Alexander-Kasparik ("Kasparik") against Debtor GMAC Mortgage, LLC ("GMACM"). Opposing the Objection is the *Claimant Rosalind*

---

[1] Previously, the Court sustained the Trust's objection (as defined below) to all causes of action asserted in the Claim other than negligence and promissory estoppel on the basis of res judicata and collateral estoppel. (Obj. at 1.)

*Alexander-Kasparik's Supplemental Opposition to ResCap Borrower Claims Trust's Objection to Proof of Claim No. 3695* (the "Opposition," ECF Doc. # 9644).  The Trust thereafter filed a reply (the "Reply," ECF Doc. # 9669).

For the reasons stated below, the Objection is **SUSTAINED** and the Claim is **DISALLOWED and EXPUNGED**.

## I.    BACKGROUND

### A.    Claim Background

On May 16, 2006, Kasparik signed a promissory note (the "Note") in favor of Unitrust Mortgage, Inc. ("Unitrust"), secured by a deed of trust (the "Deed of Trust," together with the Note, the "Loan").  (*See* "Initial Objection," ECF Doc. # 9402, ¶ 15.)  The Loan, dated May 16, 2006, encumbered property located at 1021 Scott Street #149, San Diego, CA 92106 (the "Property").  (*Id.*)  The Deed of Trust named as its beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Unitrust and its successors and assigns.  (*Id.*)  GMACM began servicing the Loan on June 16, 2006, and on July 18, 2011, MERS assigned its beneficial interest in the Deed of Trust to GMACM.  (*Id.* ¶ 17–18.)

####    *1.*    *Loan Background*

The Loan became delinquent when Kasparik failed to make the monthly payment due on December 1, 2008.  (*Id.* ¶ 19.)  GMACM delayed foreclosure on several occasions to provide Kasparik with time to submit an application for a loan modification.  (*Id.*)  This delinquency was resolved when Kasparik and GMACM entered into a loan modification on March 26, 2010.  (*Id.*)

On May 17, 2010, Kasparik made her first payment under the modified Loan, but became delinquent on the modified Loan when she did not make the June 2010 payment until August 20, 2010, and failed to make any further payments under the modified Loan.  (*Id.* ¶ 20.)

2

On August 31, 2010, GMACM mailed a breach letter to Kasparik because she had not made any payments on the modified Loan for the months of July and August of 2010. (*Id.* ¶ 21.) On October 4, 2010, GMACM referred the modified Loan to active foreclosure because payments for July through October 2010 remained due and owing. (*Id.*) A trustee's sale was scheduled for February 10, 2011. (*Id.*) Between February 2011 and March 2012, GMACM postponed the trustee's sale several times because the Property was potentially subject to the automatic stay in bankruptcy cases under chapters 11 and 13 of the Bankruptcy Code (the "California Bankruptcies"). (*Id.* ¶ 22.) During this period, GMACM received and denied an additional loan modification request from Kasparik on the ground that GMACM could not further reduce the interest rate or further extend the remaining term of the Loan under the Home Affordable Modification Program ("HAMP") and investor guidelines. (*Id.* ¶ 23.) After the conclusion of the California Bankruptcies, GMACM set June 19, 2012 as the trustee's sale date. (*Id.* ¶ 24.)

On May 25, 2012 Kasparik contacted GMACM to discuss her application with Keep Your Home, California ("KYHC"). (*Id.* ¶ 25.) On June 11, 2012, Kasparik requested a postponement of the June 19 trustee's sale. (*Id.* ¶ 26.) GMACM advised Kasparik that it would need proof of KYHC's approval before it could consider her postponement request. (*Id.*) On June 12, 2012, Kasparik contacted GMACM about the June 19 trustee's sale and requested additional time to obtain approval from KYHC and requested another loan modification. (*Id.* ¶ 27.) GMACM postponed the trustee's sale to July 3, 2012 to provide Kasparik additional time to obtain KYHC's approval. (*Id.*)

On June 19, 2012, GMACM received an email from KYHC requesting another postponement of the trustee's sale to allow time for KYHC to underwrite Kasparik's account.

3

(*Id.* ¶ 28.) GMACM advised KYHC that it was unable to postpone the sale because Kasparik had not made a payment from July 2010 to June 2012. (*Id.*) KYHC advised GMACM that it needed 21 days to underwrite Kasparik's account and that there was no guarantee that Kasparik's application would be approved both because Kasparik's delinquency exceeded KYHC's cap and the prior loan modification had already lowered Kasparik's interest rate and extended the Loan to the maximum allowed under HAMP. (*Id.*) On July 2, 2012, GMACM received formal paperwork from KYHC showing Kasparik had been approved for loan assistance. (*Id.* ¶ 29.)

On July 3, 2012, Federal Home Mortgage Corporation ("Freddie Mac") contacted GMACM inquiring about the KYHC approval. (*Id.* ¶ 30.) GMACM informed Freddie Mac that the notice of KYHC's approval was received on July 2, 2012, which did not allow enough time for it to properly review KYHC's approval. (*Id.*) Freddie Mac informed GMACM that Freddie Mac would not agree to postpone the July 3 trustee's sale. (*Id.*)

On the same day, Kasparik spoke with GMACM about the KYHC approval. (*Id.* ¶ 31.) GMACM informed her that because the approval was received less than seven days prior to the trustee's sale, KYHC's assistance had been denied for Kasparik's account. (*Id.*) Kasparik informed GMACM that she had spoken with Freddie Mac and was told that a postponement request would be made. (*Id.*) GMACM advised Kasparik that her request to postpone the trustee's sale had been denied by Freddie Mac and the trustee's sale would be held as planned. (*Id.*)

On July 3, 2012, the trustee's sale was conducted and ownership of the Property was transferred to GMACM. (*Id.* ¶ 32.) At that time, Kasparik's account remained due and owing for July 2010 to July 2012 payments. (*Id.*)

4

*2.     Prior Litigation*

On July 31, 2012, Kasparik filed a complaint (the "Complaint") in the Superior Court of California, County of San Diego, Central District (the "California Superior Court"), Case No. 37-2012-00101531-CU-BC-CTL (the "California Action"). The Complaint asserted claims against, among others, GMACM and Freddie Mac (the "Defendants"), for intentional and negligent misrepresentation, breach of fiduciary duty, unjust enrichment, breach of contract, and quiet title to real property, as well as violations of California Civil Code section 2923.6 and California Business & Professional Code section 17200. (Initial Obj. ¶ 1.) The Defendants filed a demurrer to the Complaint. (*Id.* ¶ 33.)

On October 10, 2012, GMACM filed a Notice of Bankruptcy and Suggestion of Automatic Stay ("NOB") with the California Superior Court. (*Id.* ¶ 34.) The California action was stayed until April 7, 2014, when the Court entered a consent order (ECF Doc. #6753) modifying the automatic stay. (*Id.*) The order permitted Kasparik to prosecute claims against GMACM in the California Superior Court, "solely to the extent they are asserted for the purpose of defending and unwinding the foreclosure" of the Loan secured by the Deed of Trust against the Property. (*Id.*)

On July 31, 2014, Kasparik filed an amended complaint (the "First Amended Complaint") restating all the causes of action asserted in the original Complaint, and asserting other factual allegations and a claim for promissory estoppel. (*Id.* ¶ 35.) The Defendants filed a demurrer to the First Amended Complaint. (*Id.* ¶ 36.) On December 5, 2014, the California Superior Court dismissed each cause of action asserted in the First Amended Complaint with leave to amend. (*Id.* ¶ 37.) Kasparik filed a further amended complaint (the "Second Amended Complaint") asserting all of the causes of action contained in the First Amended Complaint and

5

other factual allegations. (*Id.* ¶ 38.) The Defendants jointly filed a demurrer to the Second Amended Complaint. (*Id.* ¶ 39.) On April 3, 2015, the California Superior Court sustained the demurrer to the Second Amended Complaint "without leave to amend as to all causes of action, with the exception that [Kasparik] may file a Third Amended Complaint to state causes of action for promissory estoppel and negligence, only." (*Id.* ¶ 40.)

Kasparik filed a third amended complaint (the "Third Amended Complaint," ECF Doc. # 9402-3, Ex. N). Freddie Mac filed a demurrer to the Third Amended Complaint, which the California Superior Court sustained with prejudice. (Lathrop Declaration, ECF Doc. # 9402-3, ¶ 29.) On October 23, 2015, the California Superior Court entered a minute order (the "Minute Order") sustaining the demurrer to the Third Amended Complaint in its entirety without leave to amend. (Obj. ¶ 2.) On November 3, 2015, the California Superior Court entered a judgment dismissing (the "Superior Court Dismissal") the Third Amended Complaint, stating that Kasparik "shall take nothing by way of her Third Amended Complaint from Freddie Mac and/or GMAC Mortgage, LLC." (Initial Obj. ¶ 41.) Kasparik did not timely file an appeal. (*Id.* ¶ 42.) But GMACM had *not* filed a response to the Third Amended Complaint nor did it join Freddie Mac's demurrer. (Obj. ¶ 10.) On December 31, 2015, the California Superior Court entered an order (the "December 31 Order") vacating and setting aside the Superior Court Dismissal as to GMACM only, since GMACM had not filed a response to the Third Amended Complaint or joined in the demurrer. (*Id.* ¶ 12.)

On January 21, 2016, this Court sustained the Trust's objection "to all causes of action other than negligence and promissory estoppel, based on res judicata and collateral estoppel." The Court held that the Superior Court Order was "final as to those other causes of action." (the "January 21 Transcript," ECF Doc. # 9549, at 48:2–7.)

6

## II. PARTIES' POSITIONS

### A. GMACM's Position

The Trust argues that the Claim is barred by collateral estoppel because the Minute Order satisfies the requirements for the application of collateral estoppel under California law. (Obj. ¶ 19.) Under California law, a court may apply the doctrine of collateral estoppel only if five threshold requirements have been met:

(1)   the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;
(2)   the issue must have been actually litigated in the former proceeding;
(3)   the issue must have been necessarily decided in the former proceeding;
(4)   the decision in the former proceeding must be final and on the merits; and
(5)   the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

(*Id.* ¶ 17 (citing *Lucido v. Superior Court,* 795 P.2d 1223, 1225 (Cal. 1990)).)

The Trust argues that each of these requirements is satisfied. According to the Trust, the California Superior Court decided identical issues in the California Action because the Kasparik's remaining allegations against GMACM (i) overlap entirely with the allegations against Freddie Mac in the Third Amended Complaint and (ii) involve the same rules of law as it claims against Freddie Mac. (Obj. ¶ 21.)

The Trust contends that each of the causes of action asserted in the Claim was litigated in the California Action—each of the remaining factual allegations and causes of action asserted against GMACM is identical to a factual allegation or cause of action previously asserted against Freddie Mac and resolved by the California Superior Court. (*Id.* ¶ 22.) Accordingly, the Trust argues, each of the cause of actions was also necessarily decided in the California Action. (*Id.* ¶ 23.)

The Trust argues that the California Action was terminated with a final judgment on the merits—the Minute Order constitutes a judgment issued on the merits and it was not appealed. (*Id.* ¶ 24.) The "privity" requirement is satisfied because Kasparik was a party to the California Action. (*Id.* ¶ 25.) Finally, the Trust argues that public policy supports the application of collateral estoppel in this case because the Kasparik already had a full and fair opportunity in the California Action to litigate against Freddie Mac causes of action identical to those raised here against GMACM. (*Id.* ¶ 26.)

The Trust also argues that the negligence claim fails on the merits. (*Id.* ¶ 29.) The Trust contends that Claim fails to identify any representation made by GMACM. (*Id.*) Each cause of action asserted by the Kasparik against GMACM relies on an allegation that GMACM made a false representation to the Kasparik regarding a postponement of the Trustee's sale. (*Id.*) However, the Complaint does not identify any such statement. (*Id.*) To the contrary, the Complaint identifies only alleged false representations made to the Kasparik by a Freddie Mac representative. (*Id.*)

Additionally, the Trust argues that Kasparik's negligence claim also fails because (i) GMACM, as lender, does *not* owe fiduciary duties the Kasparik, as borrower, because the Kasparik cannot demonstrate that a special trust or confidence was reposed in GMACM, (ii) GMACM does *not* owe a duty of care to the Kasparik and (iii) an oral promise to postpone a foreclosure sale is unenforceable. (*Id.* ¶ 40.)

The Trust argues that the promissory estoppel claim fails on the merits. (*Id.* ¶ 41.) The Trust contends that the Kasparik has failed to identify a clear promise by GMAMC that would be enforceable. (*Id.* ¶¶ 43–45) Additionally, the Trust argues that the Kasparik is unable to demonstrate that she detrimentally relied on any statement by GMAMC because she has failed to

8

demonstrate that she took any steps to initiate bankruptcy, refinance the Loan or market the Property. (*Id.* ¶ 49.) The Trust also contends that there is no private right of action under HAMP. (*Id.* ¶ 50.)

### B.  Kasparik's Position

Kasparik argues that the Claim is *not* barred by collateral estoppel. (Opp'n ¶¶ 10–13.) Kasparik contends that, although the Minute Order effectively decided identical issues as to Freddie Mac, those claims were not adjudicated as to GMACM and GMACM cannot claim the benefit of collateral estoppel because GMACM is not in privity with Freddie Mac. (*Id.* ¶ 12.) Additionally, Kasparik argues that applying collateral estoppel in this case would be contrary to public policy because she has not had a full opportunity to litigate her claims against GMACM in state court. (*Id.* ¶ 13.)

Kasparik contends that her negligence claim is meritorious. (*Id.*) She argues that GMACM and Freddie Mac constantly mishandled her loan modification application by failing to provide a consistent point of contact and by providing her with conflicting information regarding her application status and the sale of her home. (*Id.* ¶ 16.) She contends that GMACM failed to uphold its duty to assist her in her loan modification in good faith. (*Id.*)

### III.  DISCUSSION

#### A.  The Claim is Barred by Collateral Estoppel

Collateral estoppel, or issue preclusion, "bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim." *Dennis v. Rhode Island Hosp. Tr. Nat'l Bank*, 744 F.2d 893, 899 (1st Cir. 1984) (internal quotation marks omitted). Under California law, collateral estoppel applies if:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually

9

> litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003).

Additionally, California courts will consider whether public policies will be advanced by the application of collateral estoppel in a particular setting, such as the "preservation of the integrity of the judicial system, promotion of judicial economic, and protection of litigants from harassment by vexatious litigation . . . ." *Lucido v. Superior Court*, 795 P.2d 1223, 1227 (Cal. 1990).

The Court previously sustained the Trust's objection to all causes of action asserted in the Claim other than negligence and promissory estoppel. (Obj. at 1.) In the Minute Order, the California Superior Court sustained Freddie Mac's demurrer to the Third Amended Complaint on the merits and likely would have sustained the demurrer with respect to GMACM if GMACM had joined the demurrer.

The Minute Order satisfies the requirements for the application of collateral estoppel to Kasparik's Claim based on negligence and promissory estoppel. For the reasons explained below, the Claim is disallowed and expunged. Because collateral estoppel clearly applies to the Claim, it is unnecessary to reach the merits of the Claim.

### 1. *Identical Issues were before the California Superior Court*

Collateral estoppel is applicable only if "identical factual allegations" were at stake in the prior opinion. *Lucido*, 795 P.2d at 1225. To determine whether two proceedings involve "identical issues," courts consider, among other things: (i) whether there is a substantial overlap between the evidence or argument advanced in the two proceedings, (ii) whether the evidence or arguments involve application of the same rule of law, and (iii) whether the claims involved in

10

the two proceedings are closely related. *Burdette v. Carrier Corp.*, 71 Cal. Rptr. 3d 185, 201 (Cal. Ct. App. 2008), *as modified on denial of reh'g*, No. C060299, 2008 Cal. App. LEXIS 236 (Cal. Ct. App. Feb. 14, 2008).

Here, the remaining portions of the Claim—based upon negligence and promissory estoppel and made against Freddie Mac and GMACM—overlap entirely in the Third Amended Complaint. With respect to the negligence claim, Kasparik alleges that Freddie Mac and GMACM owed her the "highest obligations of good faith, fair dealing, loyalty and due dare in all of their dealings . . . ." (Third Am. Compl. ¶ 19.) With respect to the promissory estoppel claim, Kasparik alleges, among other things, that "GMAC[M] and [Freddie Mac] made a promise, through oral and written representations, to Plaintiff's loan modification assistance company [KYHC], and to Plaintiff that they would not foreclose on the Subject Property because Plaintiff had been deemed qualified for third party government assistance." (*Id.* ¶ 24.) Kasparik's claims against GMACM and Freddie Mac arise out of the same transaction, making them "closely related." Further, in the Third Amended Complaint, Kasparik does not make allegations against GMACM that she does not also make against Freddie Mac, further demonstrating the identity of the issues. (*See generally* Third Am. Compl.)

                        2.      <u>*The Issues were Actually Litigated in the California Action*</u>

Collateral estoppel requires that the issues were actually litigated in the prior proceeding. "An issue is actually litigated when it is raised by the pleadings and factually resolved either by proof or failure of proof." *Betyar v. Pierce*, 252 Cal. Rptr. 907, 909 (Cal. Ct. App. 1998) (citations omitted). The factual allegations and causes of action asserted here against GMACM are the same factual allegations and causes of action previously asserted by Kasparik against

11

Freddie Mac and resolved by the California Superior Court in the Minute Order. As such, the issues were "actually litigated" in the previous action.

### 3. *The California Superior Court Necessarily Decided the Issues*

Collateral estoppel applies only to issues that were "necessarily decided" in the prior proceeding. An issue is "necessarily decided" in a proceeding so long as the issue is not "entirely unnecessary to the judgment in the . . . proceeding." *Lucido*, 795 P.2d at 1226 (internal quotation marks omitted).

The causes of action asserted here by Kasparik against GMACM are identical to the causes of action dismissed against Freddie Mac in the Minute Order. (*See* Minute Order at 2 ("For these reasons, Defendants' demurrer as to the negligence cause of action is sustained without leave to amend."); *id.* at 3 ("Defendant's demurrer to the promissory estoppel cause of action is sustained without leave to amend.").) As such, the "necessarily decided" prong for the application of collateral estoppel is fulfilled.

### 4. *The California Superior Court Rendered a Final Decision on the Merits*

The Minute Order was a judgment on the merits by the California Superior Court. Both the Minute Order and the Superior Court Dismissal became final and non-appealable when Kasparik did not appeal either one. *See* Cal. Super Ct. L.R. 8.104(a) (requiring that a notice of appeal be filed within 60 days from the date of service and notice of entry); Cal. Civ. Code § 1013(a) (adding five days to appeal period if service is made within California).

### 5. *Privity is Present*

The "privity" requirement is satisfied where the doctrine is "asserted against a party to the former action . . . ." *Kelly v. Vons Companies, Inc.*, 79 Cal. Rptr. 2d 763, 769 (Cal. Ct. App. 1998) (stating that the doctrine of collateral estoppel is applicable where, among other things, it

12

is being "asserted against a party to the former action or one who was in privity with such a party . . . .").

Here, GMACM is asserting collateral estoppel against Kasparik, the plaintiff in the California Action. Kasparik misunderstands collateral estoppel as requiring that the party asserting collateral estoppel be in privity with a party from the previous action. (*See* Opp'n ¶ 12 ("[GMACM] cannot claim the benefit of collateral estoppel it is not in privity with [Freddie Mac], GMAC[M] and [Freddie Mac] are separate entities and distinct entities, both of whom were defendants in the state court matter.").) Kasparik's argument fails because GMACM is asserting collateral estoppel against *her*—she was a party to the California Action. *See Kelly*, Cal. Rptr. 2d at 769 (stating that "the doctrine is *asserted against a party to the former action* or one who was in privity with such a party" (emphasis added)).

As such, the "privity" requirement is satisfied.

### 6. *Public Policy Favors the Application of Collateral Estoppel*

Public policy favors the application of collateral estoppel to Kasparik's claims. She had a full and fair opportunity in the California Action to litigate against Freddie Mac the exact same causes of action raised here against GMACM. (*See generally* Third Am. Compl.)

### IV. CONCLUSION

For the reasons explained above, the Objection to the claim is **SUSTAINED** and the Claim is **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:  April 26, 2016
        New York, New York

    ___*Martin Glenn*_____
          MARTIN GLENN
    United States Bankruptcy Judge

13