# EXHIBIT A

12-12020-mg    Doc 9866-1    Filed 04/26/16    Entered 04/26/16 13:27:52    Exhibit A
Pg 1 of 15

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al.* <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

**ORDER PRELIMINARILY APPROVING**
**PROPOSED SETTLEMENT WITH THE ROTHSTEIN PLAINTIFFS**
**AND PROVIDING FOR NOTICE**

WHEREAS, on November 9, 2012, Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn (collectively, the "Plaintiffs"), individually and purportedly on behalf of the putative class, filed Bankruptcy Proofs of Claim 4074 and 3966;

WHEREAS, Plaintiffs, individually and on behalf of the proposed Settlement Class (as hereinafter defined), and Debtors GMAC Mortgage, LLC ("GMACM"), Residential Capital, LLC ("Residential Capital"), and the Borrower Claims Trust (collectively, the "Settling Defendants"), and the Trustee for the Borrower Claims Trust (the "Borrower Claims Trustee") (together with the Settling Defendants, the Borrower Claims Trustee and the Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated December 29, 2015 (the "Stipulation"), which is subject to review by the Court under Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Bankruptcy Proofs of Claim against all Settling Defendants, upon the terms and conditions set forth in the Stipulation (the "Settlement").

1212020160209000000000011

WHEREAS, Named Plaintiffs have made an application, pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure and 9019, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of settlement only, and approving notice to the Settlement Class as more fully described herein;

WHEREAS, the Court having considered the Stipulation and the Exhibits thereto, including the proposed (a) Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, (b) Summary Direct U.S. Mail Postcard Notice, (c) Publication Notice, and (d) Final Judgment and Order of Dismissal With Prejudice ("Final Approval Order" or "Judgment") and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  **Settlement Class Certification** – Pursuant to Rules 7023(a) and 7023(b)(3) of the Federal Rules of Bankruptcy Procedure, and for purposes of settlement only, the following is hereby certified as the Settlement Class: all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013, excluding (i) the Settling Defendants named in the Complaint, (ii) current and former officers, directors, and employees of the Settling Defendants and of the Balboa Defendants, and their immediate families, and (iii) the Settling

2

Defendants' and the Balboa Defendants' legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

2. **Settlement Class Findings** – The Court finds, for purposes of settlement only, that the prerequisites for certifying the Settlement Class under Rules 7023(a) and 7023(b)(3) of the Federal Rules of Bankruptcy Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the proposed Class Representatives (defined below) are typical of the claims of the Settlement Class; (d) proposed Class Representatives and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) class certification is superior to other available methods for the fair and efficient adjudication of the Bankruptcy Proof of Claim.

3. The Court hereby finds and concludes pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure, and for purposes of settlement only, that Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn are adequate class representatives and certifies them as class representatives on behalf of the Settlement Class ("Class Representatives"), and hereby appoints Plaintiffs' Counsel, the law firm of Kirby McInerney LLP, as Class Counsel for the Settlement Class pursuant to Bankruptcy Code 7023(g).

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3

5.  **Final Approval Hearing** – The Court will hold a settlement hearing (the "Final Approval Hearing") on May 24, 2016 at 10:00 a.m. at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, for the following purposes, among others: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether the Final Approval Order substantially in the form attached as Exhibit B to the Stipulation should be entered resolving the Bankruptcy Proofs of Claim on the merits and with prejudice against all the Settling Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6.  The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.  **Retention of Settlement Administrator and Manner of Notice** – Class Counsel are hereby authorized to retain KCC Class Actions Services LLC (the "Settlement Administrator") to supervise and administer the notice procedure as well as the processing of distributions to Settlement Class Members as more fully set forth below.  Notice of the Settlement and the Final Approval Hearing shall be given by Class Counsel as follows:

(a) pursuant to paragraph (bb) of the Stipulation, within five (5) business days of the entry of this Order, the Borrower Claims Trust shall advance $95,000.00 in cash to the Escrow Account to cover the cost of disseminating the Notice ("Notice Amount"), as reflected in an invoice provided by the Settlement Administrator to the Borrower Claims Trust, and subsequently credited against the Settlement Amount;

(b) within five (5) business days of the date of entry of this Order, Plaintiffs' Counsel shall provide or cause to be provided to the Borrower Claims Trust, in a mutually agreed electronic form, the anonymized numbers corresponding to the members of the Settlement Class as determined by Plaintiffs' Forensic Accounting Expert through analysis of the Class Data;

(c) within five (5) business days after obtaining the list specified in the foregoing paragraph, the Borrower Claims Trust shall provide, in a mutually agreed electronic form, a de-anonymized list of the Settlement Class Members (at no cost to the Settlement Fund, Plaintiffs, Plaintiffs' Counsel or the Settlement Administrator);

(d) not later than ten (10) business days after obtaining the list specified in the foregoing paragraph, the Settlement Administrator shall cause a copy of the Summary Direct U.S. Mail Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-3, to be mailed by U.S. Postcard Mail to the members of the Settlement Class at their last known addresses as derived from the information provided by the Settling Debtors.  The Settlement Administrator shall update the addresses using the National Change of Address Database before sending the Summary Direct U.S. Mail Postcard Notice to the members of the Settlement Class;

(e) not later than ten (10) business days after the entry of this Order, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached to

5

the Stipulation as Exhibit A-2, to be published once in *USA Today* and to be transmitted once over the *PR Newswire*; and

    (f)  the Settlement Administrator shall establish a class website that shall contain information about the Settlement, including electronic copies of the Notice, the Publication Notice, and the Stipulation.  The class website shall be maintained by the Settlement Administrator and shall be activated no later than ten (10) business days after entry of this Order.

  8.  To the extent the CAFA Data Report is requested by counsel to the Borrower Claims Trust, the Borrowers Claims Trust shall, by wire transfer in accordance with instructions provided by Plaintiffs' Counsel, reimburse Plaintiffs' Counsel for all costs, fees, or expenses incurred to prepare the CAFA Data Report as reasonably documented, including by the Settlement Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting Expert, up to a maximum of $5,000 (the "CAFA Data Report Reimbursement"), no later than forty (40) days after the CAFA Data Report is provided.  The CAFA Data Report Reimbursement shall not be credited against the Settlement Amount.

  9.  **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Publication Notice and the Summary Direct U.S. Mail Postcard Notice, substantially in the forms attached to the Stipulation as Exhibits A-1 through A-3, respectively, and (b) finds that the mailing and distribution of the Summary Direct U.S. Mail Postcard Notice and the publication of the Publication Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the proceeding, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the

6

12-12020-mg Doc 9609 Filed 02/09/16 Entered 02/09/16 16:21:38 Main Document
Pg 7 of 15

proposed Settlement, exclude themselves from the Settlement Class and appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 7023 of the Federal Rules of Bankruptcy Procedure, due process, the Rules of the Court and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice, Summary Direct U.S. Mail Postcard Notice and Publication Notice before they are mailed and published, respectively.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund need not do anything, however, by receiving a distribution, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court and the subject matter of the Settlement.

11. **Exclusion From the Settlement Class** – The Class Notice shall provide that any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than fourteen (14) calendar days prior to the Final Approval Hearing, to: *In re Residential Capital, LLC, et al.*, EXCLUSIONS, c/o KCC Class Action Services at the address provided in the Notice; and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y.) (MG)"; (iii) state the address of the property that was subject to Lender-Placed

7

Insurance; (iv) state the loan number; and (v) be signed by such person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12. Any Person who or which timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, or is excluded from the Settlement Class by order of the Court (the "Opt-Out Settlement Class Members") shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or the Stipulation, and shall have no right to receive any payment out of the Net Settlement Fund, but shall otherwise remain bound by the Chapter 11 Plan, the Confirmation Order and all other orders of the Bankruptcy Court entered into Chapter 11 Cases.

13. The Settlement Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Settling Debtors' Counsel and to Plaintiffs' Counsel expeditiously (and not more than three (3) business days) after the Settlement Administrator receives such a request.

14. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in this proceeding, including, but not limited to, the Final Approval Order, and the Releases provided for therein and in the Stipulation, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from

8

12-12020-mg Doc 9609 Filed 02/09/16 Entered 02/09/16 16:21:38 Main Document Pg 9 of 15

commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation and Notice.

15. **<u>Appearance and Objections at Final Approval Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in this proceeding, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel and Settling Defendants' counsel, as set forth in paragraph 16 below, such that it is received no later than fourteen (14) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

16. Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed written objections with the Court and served copies of such objections on Class Counsel and Defendants' counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Approval Hearing.

**To the Court**

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *In re Residential Capital, LLC, et al.*,
Case No. 12-12020 (MG)

| **Class Counsel** | **Counsel for the Settling Defendants** |
|---|---|
| Mark A. Strauss, Esq. | Norman S. Rosenbaum, Esq. |
| Thomas W. Elrod, Esq. | Morrison & Foerster LLP |
| Kirby McInerney LLP | 250 West 55th Street |
| 825 Third Avenue | New York, NY 10019 |
| New York, NY 10022 | |

17. Any objections, filings and other submissions by the objecting Settlement Class Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Settlement Class, including the address of the property that is subject to Lender-Placed Insurance and the loan number. Counsel for the Settling Defendants and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18. Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation,

10

the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19. **Stay** – Unless otherwise ordered by the Court, the Court stays all proceedings in this proceeding other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court enjoins Plaintiffs and all other Settlement Class Members from commencing, prosecuting or asserting any claim against any of the Released Parties that is a Released Claim or that would be barred pursuant to paragraph (nn) of the Stipulation.

20. **Settlement Administration Fees and Expenses** – The Notice Amount and all other reasonable costs, fees and expenses costs, incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement shall be paid as set forth in paragraph [cc] of the Stipulation without further order of the Court, up to a limit of $160,000. After the Settlement Effective Date, any Notice and Administration Costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Class Counsel, without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by Class Counsel (which the Court approves as the Escrow Agent), shall be subject to the jurisdiction of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or the Distribution Order. The Settlement Fund shall be deposited into an interest-earning escrow account designated by Class Counsel and all interest accruing thereon shall be subject to the jurisdiction of the Court and will remain subject to the jurisdiction of the Court until such time as it is distributed to Settlement Class Members. Except

11

as provided in paragraph 18 in the Stipulation, the Escrow Agent shall invest any funds held in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments or another similarly secure investment) and shall collect and reinvest all interest accrued thereon, except that any residual cash balance in the Escrow Account of less than $250,000 may be held in a cash account in an FDIC-insured financial institution or invested in money market mutual funds exclusively comprising investments secured by the full faith and credit of the United States. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC. Except as otherwise expressly provided in the Stipulation, Plaintiffs, the Settling Defendants, and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

22. **Taxes** – Class Counsel, or its authorized agent, the Settlement Administrator, is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination** – If the Settlement is terminated, not approved, cancelled, fails to become effective for any reason, or the Settlement Effective Date does not occur, this Order shall

12

become null and void, and shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members and the Settling Defendants, all of whom shall be restored to their respective positions and the Bankruptcy Proofs of Claim shall proceed as though the Settlement Class had never been certified, with the Settling Parties reserving all their rights regarding the issue of class certification, as provided for in the Stipulation, except that any Notice and Administration Costs paid or incurred at the time of termination, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to the Settling Defendants.

24. **Use of this Order** – Neither this Order nor the proposed Settlement (including the Stipulation or any of its terms, or any aspect of any of the negotiations, discussions, drafts, and proceedings in connection with the Stipulation, and any act performed or document signed in connection with the Stipulation): (a) shall be offered or received against the Released Parties, Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or by Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Rothstein Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Rothstein Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties; (b) shall be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the

13

12-12020-mg Doc 9866-1 Filed 04/26/16 Entered 04/26/16 13:27:52 Main Document Pg 15 of 25

Settlement Class; (c) shall be offered or received against the Released Parties, Plaintiffs, or the other members of the Settlement Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Bankruptcy Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder; (d) construed against the Released Parties, Plaintiffs' Counsel, or Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Fund.

25. **Supporting Papers** – Class Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

26. Neither the Settling Defendants, their respective counsel, nor the Committee shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Class

Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or reimbursement of Litigation Expenses, shall be approved.

28. All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: February 9, 2016
      New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                             United States Bankruptcy Judge

15