**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) **DECLARATION OF JAY GERACI ON** |
| | ) **BEHALF OF KCC CLASS ACTION** |
| Debtors. | ) **SERVICES LLC** |
| | ) **RE: DATABASE HOSTING AND** |
| | ) **PROGRAMMING SERVICES AND** |
| | **NOTICE PROCEDURES IN** |
| | **CONNECTION WITH THE *ROTHSTEIN*** |
| | **CLASS ACTION SETTLEMENT** |

I, **JAY GERACI,** declare:

1.      I am a Senior Project Manager at KCC Class Action Services LLC, located at 3301 Kerner Boulevard, San Rafael, California.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      KCC serves in two capacities in connection with the *Rothstein* class action Settlement: (i) as Plaintiffs' Database Hosting Provider, and (ii) as the Court-appointed Settlement Administrator.  This declaration summarizes KCC's activities in each of those capacities.

### A. KCC's Database Hosting and Programming Services

3.    Plaintiffs' Counsel engaged KCC as Plaintiffs' Database Hosting Provider on or around May 29, 2014 to assist in connection with storage and analysis of data produced by the Debtors pertaining to the Class (the "Class Data") in connection with the Settlement. KCC caused the Class Data, which comprises more than 8.5 gigabytes of information including the payment histories of borrowers, to be loaded onto our computer system.

4.    Thereafter, KCC helped Plaintiffs' Counsel and Plaintiffs' Forensic Accounting Expert analyze the Class Data. Plaintiffs' Forensic Accounting Expert provided KCC with an algorithm to iterate through the data, making requisite calculations. KCC programmed the algorithm in computer script and ran it on the Class Data, thereby generating a report pertaining to the Class. The report identifies the members of the Class and indicates the amounts that GMAC Mortgage LLC ("GMACM") recouped from each for Lender-Placed Insurance ("LPI"). Under the Plan of Allocation, each Class Member's Recognized Loss will equal 25% of those amounts.

5.    Notably, the Class Data initially was provided to KCC in anonymized form, i.e., each borrower was assigned a unique identifying number, with any Personally Identifiable Information ("PII") removed.

6.    On or about February 14, 2016, KCC generated a computerized list of the anonymized numbers corresponding to the Settlement Class Members as determined from the Class Data. KCC caused such list to be provided to the Borrower Claims Trust on behalf of Plaintiffs in accordance with the Order Preliminary Approving Proposed Settlement with the *Rothstein* Plaintiffs (the "Notice Order") [Doc. 9609].

7.    On or about February 19, 2016, the Borrower Claims Trust provided KCC with a computerized list of the Settlement Class members in de-anonymized form (the "Class Member List").

Declaration of JAY GERACI Re: Database Hosting and Programming Services and Notice Procedures

**B.    Notice Procedures**

8.    In the Notice Order, the Court appointed KCC as the Settlement Administrator in connection with the Settlement.

9.    In this capacity, KCC was retained to, among other tasks, mail the Summary Direct U.S. Mail Postcard Notice to class members, publish the Publication Notice once in *USA* Today and to be transmitted once over the *PR Newswire*, establish a class website that shall contain information about the settlement, including electronic copies of the Notice, the Publication Notice, and Stipulation, and establish an Interactive Voice Response (the "IVR") system where class members could obtain additional information about the settlement.  Copies of the Summary Direct U.S. Mail Postcard Notice, Class Notice, and Publication Notice are attached hereto as Exhibits A, B, and C respectively.

10.    On or around February 22, 2016, KCC began working with the Class Member List provided by the Borrowers Claims Trust.  The Class Member List contained 143,974 names and addresses.  On or before March 4, 2016, KCC caused the addresses in the Class Member List to be updated using the National Change of Address system, which updates addresses for all people who had moved during the previous four years and filed a change of address with the U.S. Postal Service.  New addresses were found for 10,581 class members.  The Class Member List was updated with these new addresses.

11.    In reviewing the data, KCC identified 1 duplicate record, on counsel's recommendation the duplicate record was removed from the Class Member List resulting in 143,973 names and addresses remaining on the Class Member List.

12.    On or before March 4, 2016, KCC caused an Interactive Voice Response (the "IVR") system to be established (844-830-5220) to provide information about the settlement and to record requests for Notice Packets.

3

13.     On or before March 4, 2016, KCC caused a website to be established (www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com) to provide information about the settlement and to allow Class Members to download copies of the Class Notice and Publication Notice.

14.     KCC caused a press release to be distributed on February 23, 2016. Attached as Exhibit D is verification of the release.  KCC cased the Publication Notice to publish as an eighth page on Page 2D of the February 23 issue of *USA Today*. Attached as Exhibit E is a copy of the Publication as it appeared.

15.     On March 4, KCC caused the 143,973 Summary Direct U.S. Mail Postcard Notices to be mailed by First Class postage at the U.S. Post Office.

16.     During the period March 4, 2016 through April 25, 2016 178 Summary Direct U.S. Mail Postcard Notices were returned to KCC by the U.S. Postal Service with forwarding addresses.  KCC caused the Class Member List to be updated with the new addresses and Summary Direct U.S. Mail Postcard Notices to be re-mailed to the class members at each of these new addresses. Of these 178 Summary Direct U.S. Mail Postcard Notices that were re-mailed, 9 were returned by the U.S. Postal Service once more without a forwarding address. These addresses were not searched again.

17.     During the period March 4, 2016 through April 25, 2016, 32,199 Summary Direct U.S. Mail Postcard Notices were returned to KCC by the U.S. Postal Service without forwarding addresses. KCC conducted address searches using credit and other public source databases to locate new addresses for 24,180 of these class members.  Of the 30,292 class members searched, new addresses were found for 24,180 of them and no new addresses were found for 6,112 of them.  The Class Member List was updated with these new addresses and Summary Direct U.S. Mail Postcard Notices were re-mailed to these 24,180 class members using the new addresses.

Declaration of JAY GERACI Re: Database Hosting and Programming Services and Notice Procedures

18.    Of the 24,180 class members with newly found addresses, 1,895 were returned by the U.S. Postal Service once more without a forwarding address. These addresses were not searched again.

19.    Altogether, there are 8,016 class members with known bad addresses (1,895 mailed, returned, searched, re-mailed and returned once more by the U.S. Postal Service a second time, 9 returned with a forwarding address, re-mailed and returned once more by the U.S. Postal Service a second time, and 6,112 searched without a new address being found).

20.    As of the date of this declaration, 4,605 calls have been received by the IVR. Of these callers, 395 requested a Class Notice. All Class Notice requests have been fulfilled.

21.    As of the date of this declaration, KCC has received one request for Exclusion. A copy of the exclusion request is attached hereto as Exhibit F.

22.    As of the date of this declaration, KCC has received no Objections to the Settlement.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 25th day of April 2016 at Novato, California.


_____

JAY GERACI

Declaration of JAY GERACI Re: Database Hosting and Programming Services and Notice Procedures

# Exhibit A

*Legal Notice*

**Your rights may be affected and you could get a payment from a class action settlement involving lender-placed hazard insurance on GMAC Mortgage, LLC serviced residential home mortgages from February 3, 2004 through October 2, 2013.**

*A Federal Bankruptcy Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

**1-844-830-5220**

www.GMACMortgageLenderPlaced
InsuranceClassActionSettlement.com

**GMAC Mortgage Lender Placed Insurance Settlement Administrator**
P.O. Box 30206
College Station, TX 77842-3206

«ScanString»

Postal Service: Please do not mark barcode

Claim#: RCP-«AccountID»-«NoticeID»
«FirstName» «LastName»
«Attention»
«Address2»
«Address1»
«City», «StateCd» «Zip»
«CountryCd»

RCP

Please be advised that your rights may be affected by a class action settlement of Bankruptcy Proofs of Claim that has been proposed in the bankruptcy proceeding *In re: Residential Capital, LLC*, Case No. 12-12020 (MG) (U.S. Bankruptcy Court, Southern District of New York) relating to lender-placed hazard insurance on residential mortgage loans serviced by GMAC Mortgage, LLC ("GMACM"). The Settling Defendants deny any and all claims, allegations of fault, liability, wrongdoing or damages whatsoever. The Court has not decided who is right.

**Who is Included?** The Settlement includes all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrower whose payment was applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").

**What Can You Get?** The parties have agreed to settle the Named Plaintiffs' Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination, represented by Bankruptcy Proof of Claim No. 4074, in the amount of $13 million against GMACM only (the "Allowed Claim"). The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan. The sum of the Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees of up to 35% of the fund, Notice and Administration Costs, Litigation Expenses, and $2,500 incentive fees for each of the four Named Plaintiffs, or other costs and expenses approved by the Court) will be distributed in accordance with the Plan of Allocation that is approved by the Court. As an "Allowed Borrower Claim" in GS-5 under the Chapter 11 Plan, the Allowed Claim is estimated under the Disclosure Statement to yield a $0.30 per $1 recovery under the Borrower Claims Trust. Distribution of the Net Settlement Fund is estimated by Plaintiffs' Counsel to yield a recovery of 2.7¢ per $1.00 of Recognized Loss. Class members have been identified from GMACM's records, and distributions from the Net Settlement Fund will be issued to eligible Class Members automatically. Class Members do not have to file proofs of claim with the Settlement Administrator in this Settlement.

**Your Legal Rights & Options in This Settlement:** <u>Do Nothing</u>—If you wish to participate in the Settlement and receive the benefits to which you are entitled, you do not need to do anything; <u>Submit a Written Request for Exclusion so that it is received no later than May 10, 2016.</u> If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund; <u>Submit a Written Objection so that it is received no later than May 10, 2016.</u> If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them; Go to a Hearing on May 24, 2016 at 10:00 a.m., and file a Notice of Intention to Appear <u>so that it is received no later than May 10, 2016.</u> Filing a written objection and notice of intention to appear by May 10, 2016 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses.

**More Information:** The full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), as well as copies of the full printed Notice can be downloaded from the website maintained by the Settlement Administrator at www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com. You may also Contact the Settlement Administrator at GMAC Mortgage Lender Placed Insurance Settlement Administrator, P.O. Box 30206, College Station, TX 77842-3206, 1-844-830-5220 Admin@GMACLenderPlacedInsuranceSettlement.com.

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF (I) PENDENCY OF CLASS ACTION;**
**(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(III) SETTLEMENT FAIRNESS HEARING; AND**
**(IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Bankruptcy Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action settlement that has been proposed in the above-captioned bankruptcy before this Court, if you are a residential mortgage loan borrower whose loan was serviced by GMAC Mortgage, LLC ("GMACM") and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrower whose payment was applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  The Court-appointed Class Representatives (as defined in Paragraph 9 below), on behalf of themselves and the Settlement Class (as defined in Paragraph 8 below), have reached an agreement to settle the Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination in the amount of $13 million (the "Settlement").  If the Settlement is approved by the Court, all claims asserted by the Named Plaintiffs in the Bankruptcy Proofs of Claim on behalf of themselves and the Settlement Class Members (defined in Paragraph 8 below) against all the Settling Defendants (defined in Paragraph 1 below), as well as other Released Parties, identified in Paragraph 52 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

1.  **Overview of the Proceeding and the Settlement Class:**
    The Bankruptcy Proofs of Claim filed by the Named Plaintiffs assert class action claims on behalf of residential mortgage borrowers alleging that they suffered damages as a result of alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and applicable state law from being over-charged for force- or lender-placed hazard insurance in connection with loans serviced by GMACM.  A more detailed description of the claims alleged in the Bankruptcy Proofs of Claim is set forth in Paragraphs 14-18 below.  The "Settling Defendants" are:  GMACM, Residential Capital, LLC ("Residential Capital"), and the Borrower Claims Trust.

---

[1]    Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated December 29, 2015 (the "Stipulation"), which is available on the website established for the Settlement at www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com.

The proposed Settlement provides for the release of claims against all the Settling Defendants, as well as certain other parties related to the Settling Defendants, as specified in the Stipulation and as defined more fully in Paragraph 25 below. The Settlement Class consists of all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period"). Members of the Settlement Class will be affected by the Settlement, if approved by the Court, and may be eligible to receive a payment from the Settlement.

2. **Statement of the Settlement Class' Recovery:**
    The parties have agreed to settle all claims asserted by the Named Plaintiffs in the Bankruptcy Proofs of Claim in exchange for an allowed unsecured claim not subject to subordination, represented by Bankruptcy Proof of Claim No. 4074, in the amount of $13 million against GMACM only (the "Allowed Claim"). The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan. Proof of Claim No. 3966 will be disallowed and expunged in its entirety. The sum of the Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees, Notice and Administration Costs, Litigation Expenses, any incentive fees awarded by the Bankruptcy Court to the Named Plaintiffs, or other costs and expenses approved by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among Settlement Class Members who are eligible to participate in the distribution of the Net Settlement Fund. The proposed plan of allocation (the "Plan of Allocation") is included in this Notice in paragraphs 48-50 below.

3. **Estimate of Average Amount of Recovery**:
    As an "Allowed Borrower Claim" in Class GS-5 under the Chapter 11 Plan, the Allowed Claim is estimated under the Disclosure Statement to yield a $0.30 per $1 recovery under the Borrower Claims Trust. Distribution of the Net Settlement Fund is estimated by Plaintiffs' Counsel to yield a recovery of 2.7¢ per $1 of Recognized Loss.

4. **Statement of Potential Outcome of Case**:
    The Parties disagree on both liability and damages. The Settling Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. The issues on which the Parties disagree with respect to liability include, without limitation: (1) whether Defendants violated RICO through predicate acts of mail or wire fraud; (2) whether Defendants breached any contractual obligations owed to Plaintiffs; (3) whether Defendants breached any obligations of good faith or fair dealing owed to Plaintiffs; and (4) whether Plaintiffs' claims are barred by the filed-rate doctrine. The issues on which the Parties disagree with respect to damages, even assuming that Plaintiffs were to prevail on all liability issues, include, without limitation, whether Defendants proximately caused any injury to Plaintiffs and the amount of damages, if any.

5. **Attorneys' Fees and Expenses Sought**:
    Named Plaintiffs intend to seek attorneys' fees not to exceed 35% of the Settlement Fund plus interest, and expenses incurred in connection with the prosecution of this proceeding in the approximate amount of $250,000. *See* How Will The Notice Costs And Expenses Be Paid? in Paragraph 54 below. **Please note that these amounts are only estimates.**

6. **Identification of Attorneys' Representatives:** Named Plaintiffs and the Settlement Class are represented by the law firm of Kirby McInerney LLP, the Court-appointed Class Counsel in the proceeding ("Class Counsel"). Any questions regarding the Settlement should be directed to:

Mark A. Strauss, Esq.
Thomas W. Elrod, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

The Court has appointed a Settlement Administrator, who is also available to answer questions from Settlement Class Members regarding matters contained in this Notice and from whom additional copies of this Notice may be obtained.

GMAC Mortgage Lender Placed Insurance Settlement Administrator
P.O. Box 30206
College Station, TX 77842-3206
1-844-830-5220
www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com
Admin@GMACLenderPlacedInsuranceSettlement.com

Please do not contact any representative of the Settling Defendants or the Bankruptcy Court with questions about the Settlement.

7. **Reasons for the Settlement:** Named Plaintiffs believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class. The principal reasons for entering into the Settlement are the substantial benefits payable to the Settlement Class. The significant cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved. Named Plaintiffs further considered, after conducting substantial investigation into the facts of the case, the risks to proving liability and damages and if successful in doing so, whether a larger judgment could ultimately be obtained. For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever (and also deny all allegations that any conduct on their part caused any Settlement Class Members to suffer any damages), the principal reason for entering into the Settlement is to eliminate the expense, risks and uncertainty of further litigation.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **DO NOTHING.** | If you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN MAY 10, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN MAY 10, 2016.** | If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON MAY 24, 2016 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN MAY 10, 2016.** | Filing a written objection and notice of intention to appear by May 10, 2016 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .................................................................................................... Page   4

What Is The Case About?  What Has Happened So Far?.............................................................. Page   5

How Do I Know If I Am Affected By The Settlement?  ............................................................ Page   8

What Are Plaintiffs' Reasons For The Settlement?................................................................... Page   8

How Much Will My Payment Be?............................................................................................ Page   9

Proposed Plan of Allocation ...................................................................................................Page 10

What Rights Am I Giving Up By Remaining In The Settlement Class?.................................... Page 11

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? Page 13

How Will The Notice Costs And Expenses Be Paid? ............................................................... Page 13

How Do I Participate In The Settlement?  What Do I Need To Do?.......................................... Page 13

What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself? ........................ Page 14

When And Where Will the Court Decide Whether To Approve The Settlement?  Do I Have
To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement?..................... Page 14

What Happens If I Do Nothing At All? ................................................................................... Page 16

Can I See The Court File?  Whom Should I Contact If I Have Questions? ................................. Page 16

## WHY DID I GET THIS NOTICE?

8.    This Notice is being posted pursuant to an Order of the United States Bankruptcy Court for the Southern District of New York because you have been identified as a member of the Settlement Class certified by the Court, which includes the following persons: all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013.  The Court has directed us to post this Notice because, as a potential Settlement Class Member, you have a right to know how this Settlement may generally affect your legal rights.

9.    A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding.  In a class action lawsuit, the court appoints one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.   In this proceeding, the Court has appointed Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn to serve as the class representatives (hereinafter "Class Representatives"), and the Court has approved the Class Representatives' selection of the law firm of Kirby McInerney LLP to serve as Class Counsel in the proceeding.

10.    The court in charge of this case is the United States Bankruptcy Court for the Southern District of New York, and the case is known as *In re Residential Capital, LLC, et al.,* No. 12-12020 (MG) (S.D.N.Y.).  The Judge presiding over this case is the Honorable Martin Glenn, United States Bankruptcy Judge.  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims asserted in the Bankruptcy Proofs of Claim by Named Plaintiffs on behalf of Settlement Class Members against all of the Settling Defendants.  In this proceeding, there is no pending lawsuit.  Instead, the claims have been asserted by the Bankruptcy Proofs of Claim.

11.    The purpose of this Notice is to inform you of the existence of this class action, how you might be affected and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being posted to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12. The Settlement Hearing will be held on May 24, 2016 at 10:00 a.m., before the Hon. Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to determine, among other things:

   a. whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

   b. whether all claims asserted in the Bankruptcy Proofs of Claim against the Settling Defendants should be dismissed on the merits and with prejudice, and whether all Released Claims against the Settling Defendants should be released as set forth in the Stipulation;

   c. whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; and

   d. whether Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally Bank ("Ally") should be approved.

13. This Notice does not express any opinion by the Court concerning the merits of any claim asserted in the Bankruptcy Proofs of Claim, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, then payments to Settlement Class Members will be made after any appeals are resolved, after the Borrower Claims Trust distributes the Allowed Claim, and after the completion of all distribution processing. Please be patient, as this process can take some time to complete.

---

### WHAT IS THE CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

14. On April 30, 2012, the Named Plaintiffs filed a putative class action complaint (the "Initial Complaint") commencing the Rothstein Action (as defined in Paragraph 52 below) against GMACM, GMAC Insurance Marketing, Inc., Balboa Insurance Company, Meritplan Insurance Company, and John Does 1-20 in the United States District Court for the Southern District of New York. The Initial Complaint asserted five causes of action involving violations of RICO (Count I), conspiracy to commit RICO violations (Count II), breach of contract (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), and common law restitution/unjust enrichment/disgorgement (Count V). Counts I, II and V were asserted against all Defendants; Counts III and IV were only asserted against GMACM.

15. On May 14, 2012, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

16. On September 28, 2012, the Named Plaintiffs filed an amended complaint (the "First Amended Complaint"). The First Amended Complaint asserted seven causes of action against Ally Bank, the Balboa Defendants, and a "John Doe Corporation." The First Amended Complaint did not name GMACM or any other Debtor as a defendant. On November 9, 2012, the Named Plaintiffs, individually and purportedly on behalf of the putative class, filed the Bankruptcy Proofs of Claims which referenced the Initial Complaint and the First Amended Complaint.

17. On January 22, 2013, the Named Plaintiffs filed a second amended complaint (the "Second Amended Complaint" and, together with the Initial Complaint and the First Amended Complaint, the "Complaints"). The Second Amended Complaint asserted the following claims:  Count I: RICO Violations; Count II: conspiracy to commit RICO violations; Count III: violation of RESPA; Count IV: breach of contract; Count V: breach of the implied covenant of good faith and fair dealing; Count VI: common law restitution/unjust enrichment/disgorgement; and Count VII: breach of fiduciary duty/misappropriation of funds held in trust. Counts I-III are asserted against all defendants; Counts IV-VII are only asserted against Ally. Each of these causes of action is based on the alleged conduct of GMACM but because of the filing of the Bankruptcy Case, GMACM is not named as defendant in the Complaints. The remedies sought by the Named Plaintiffs include equitable relief, including restitution and the imposition of an equitable constructive trust, compensatory damages, treble damages under RICO, and punitive damages, for themselves and on behalf of the putative class.

18. The Named Plaintiffs allege that GMACM conspired with the Balboa Defendants to devise and carry out a scheme to defraud borrowers by inflating the amounts that borrowers purportedly owed in reimbursements in connection with Lender-Placed Insurance on loans serviced by GMACM. The Named Plaintiffs also allege that GMACM received kickbacks from the Balboa Defendants. The Debtors deny both of these allegations.

19. On March 10, 2013, the Balboa Defendants moved to dismiss Counts I-III, the only counts asserted against them. The Named Plaintiffs filed their opposition on March 25, 2013. The Balboa Defendants filed their reply on April 4, 2013. On September 30, 2013, the District Court denied the motion to dismiss with respect to Counts I-II of the Second Amended Complaint (violations of RICO and RICO conspiracy), but granted the motion to dismiss Count III (violations of RESPA). As part of its ruling on the motion to dismiss, the District Court held that the Named Plaintiffs' claims did not violate the filed-rate doctrine.

20. On June 25, 2014, the United States Court of Appeals for the Second Circuit granted a petition filed by the Balboa Defendants for interlocutory appeal of the District Court's ruling with respect to the filed-rate doctrine. On July 22, 2015, the Second Circuit reversed the District Court's ruling with respect to the filed-rate doctrine, held that the filed-rate doctrine did bar the Named Plaintiffs' claims against the Balboa Defendants, and ordered that those claims be dismissed. On August 5, 2015, the Named Plaintiffs filed a petition for panel rehearing and/or rehearing en banc of the Second Circuit's decision. On September 14, 2015, the Named Plaintiffs' petition was denied.

21. On December 21, 2012, Ally filed a motion with the Bankruptcy Court for a finding that the Rothstein Action was stayed as against Ally pursuant to section 362 of the Bankruptcy Code, which motion the Debtors joined. The Named Plaintiffs opposed the motion and filed a cross motion for relief from any applicable stay on April 2, 2013. The Bankruptcy Court held status conferences on the Ally motion on June 12, 2013 and July 10, 2013. On August 8, 2013, Plaintiffs filed an Objection and Reservation of Rights with respect to the Debtors' Disclosure Statement. Ultimately, at the Bankruptcy Court's direction, Ally, the Debtors, and the Committee filed an amended motion that requested an extension of the automatic stay to enjoin the Rothstein Action as against Ally (the "Stay Extension Motion"). Shortly before the Named Plaintiffs' objection deadline, the matter was adjourned until the Plan confirmation hearing of the Chapter 11 Plan by agreement of the parties.

22. On May 13, 2013, the Debtors, the Committee, Ally, and other parties who had asserted billions of dollars in claims against the Debtors entered into a plan support agreement that reflected the culmination of extensive, good faith negotiations mediated by the Honorable James M. Peck. The Debtors' entry into the plan support agreement was approved by the Bankruptcy Court on June 26, 2013. Pursuant to the plan support agreement, the Chapter 11 Plan was filed on August 23, 2013.

23. On December 11, 2013, the Chapter 11 Plan was confirmed. On December 17, 2013, the Plan Effective Date occurred and the Chapter 11 Plan was substantially consummated. Article IX.D of the Chapter 11 Plan, entitled "Third Party Release," provides that, as of the Plan Effective Date, the "holders of Claims and Equity Interests" in the Debtors' estates, which includes the Named Plaintiffs, are "deemed to provide a full and complete discharge and release to the Ally Released Parties . . . from any and all Causes of Action whatsoever . . . arising from or in any way related to the Debtors," including GMACM. The "Ally Released Parties" as defined under the Chapter 11 Plan include, among other parties, Ally. Accordingly, the Chapter 11 Plan released the claims asserted against Ally in the Rothstein Action. On March 6, 2014, the District Court entered an order dismissing the claims against Ally in the Rothstein Action pursuant to Federal Rule of Civil Procedure 41(a) with prejudice and without costs or fees to any party.

24. Plaintiffs' Counsel has thoroughly investigated the facts relating to the claims alleged in the Complaints and the Bankruptcy Proofs of Claim, as well as the events and transactions underlying those claims. Such investigation has included, among other things, examining publicly available information, taking limited informal discovery in the Rothstein Action during the pendency of the Balboa Defendants' motion to dismiss, and obtaining information pursuant to New York's Freedom of Information Law ("FOIL") from the New York State Department of Financial Services (the "NYSDFS"). Additionally, Plaintiffs' Counsel reviewed and analyzed the transcripts of testimony that representatives of GMACM and the Balboa

Defendants gave at public hearings on Lender-Placed Insurance held by the NYSDFS on May 17-21, 2012. Plaintiffs' Counsel has also conducted a thorough analysis of the legal principles applicable to the claims asserted against the Settling Defendants in the Bankruptcy Proofs of Claim. The Settling Debtors' Counsel has also thoroughly investigated the claims and underlying events and transactions alleged in the Complaints and the Bankruptcy Proofs of Claim. Counsel for both sides has researched the law applicable to the claims against the Settling Defendants, including the potential defenses thereto.

25. On the basis of these investigations, counsel for the Named Plaintiffs and Settling Debtors engaged in arms'-length settlement discussions over several months, with extensive involvement by the Committee. Those discussions included a nearly day-long, face-to-face negotiation session on September 9, 2013, which included a representative of GMACM. On September 20, 2013, the Named Plaintiffs and the Settling Debtors, with the consent of the Committee, reached an agreement in principle to resolve the putative class claims asserted by the Named Plaintiffs against the Settling Debtors in the Bankruptcy Proofs of Claim, the terms of which are reflected in the Stipulation. The Named Plaintiffs also agreed to support confirmation of the Chapter 11 Plan. On February 9, 2016, the Court entered an Order Preliminarily Approving Proposed Settlement and Providing for Notice ("Order"), which preliminarily approved the Settlement, authorized this Notice be posted for potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement. Pursuant to the Court's February 9, 2016 Order, the proceeding was also certified as a Class Proof of Claim with the consent of the Settling Defendants for settlement purposes only.

26. Additionally, in order to effectuate the Settlement, and, specifically, in order to (i) identify the Settlement Class Members and provide them with the best notice practicable under the circumstances, (ii) develop and implement a plan of allocation with respect to the proceeds of the Settlement that is fair and reasonable, and (iii) distribute the proceeds of the Settlement to members of the Settlement Class, the Settling Debtors agreed to produce to Plaintiffs' Counsel data and business records within Debtors' control or reasonably available from Debtors' successors, predecessors, affiliates, and agents pertaining to GMACM's Lender-Placed Insurance transactions (the "Class Data").

27. Prior to the finalization and execution of this Stipulation, Plaintiffs' Counsel and the Settling Debtors engaged in extensive negotiations over the production of the Class Data.

28. In June 2014, the Liquidating Trust, pursuant to a cooperation agreement it maintains with the Borrower Claims Trust, produced the Class Data to Plaintiffs' Counsel in anonymized form, i.e., each borrower was assigned a unique identifying number, with all borrower Personally Identifiable Information ("PII"), including borrower names, mailing addresses, property addresses, and loan account numbers removed. The Borrower Claims Trust retained an electronic "key" file to de-anonymize the Class Data for purposes of effectuating Notice to the Class and of facilitating the allocation and distribution of the Net Settlement Fund to the Settlement Class Members pursuant to the Plan of Allocation.

29. The Class Data was loaded onto the computer system of Plaintiffs' Database Hosting Provider for analysis by Plaintiffs' Forensic Accounting Expert. Under the direction of and in consultation with Plaintiffs' Counsel, and with the assistance of Plaintiff's Database Hosting Provider, Plaintiffs' Forensic Accounting Expert conducted a computerized analysis of the Class Data, which contained information on GMACM's Lender-Placed Insurance transactions and the payment histories of borrowers. By virtue of such analysis, Plaintiffs' Forensic Accounting Expert (i) identified the members of the Settlement Class, and (ii) determined the amounts that GMACM recouped or recovered from those borrowers for Lender-Placed Insurance during the Class Period.

30. More specifically, through the computerized analysis, Plaintiffs' Forensic Accounting Expert identified 143,973 borrowers as members of the Settlement Class, and further determined that GMACM recouped or recovered a total of $321,524,741.25 in Lender-Placed Insurance charges from those borrowers, in the aggregate, during the Class Period. Plaintiff's Counsel states that this amount equals approximately 42.5% of the total $756,601,479.65 of total Lender-Placed Insurance charges that GMACM recorded during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert.

31.  Plaintiffs' Forensic Accounting Expert additionally determined that approximately 0.95% of GMACM's total 543,988 Lender-Placed Insurance transactions during the Class Period, which relate to approximately 0.77% of the Lender Placed Insurance charges recorded by GMACM, could not be analyzed by computer due to payment-posting errors and other discrepancies in the Class Data as maintained by GMACM. Those transactions involved only 2,997 borrowers.  Under the terms of the Stipulation, those 2,997 additional borrowers are deemed to be Settlement Class Members.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

32.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The "Settlement Class" consists of:

> All residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period.  Excluded from the Settlement Class are current and former officers, directors, and employees of the Settling Defendants and of the Balboa Defendants, and their immediate families. Also excluded from the Settlement Class are the Settling Defendants' and the Balboa Defendants' legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

> "Settlement Class Member" means a member of the Settlement Class who does not exclude himself, herself or itself by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

**PLEASE NOTE:  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE THE BENEFITS TO WHICH YOU ARE ENTITLED, YOU DO NOT NEED TO DO ANYTHING.**

---

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

---

33.  Plaintiffs and Class Counsel believe that the claims asserted against the Settling Defendants in this proceeding have substantial merit, and that their legal advocacy and diligent factual investigation have led to a Settlement that reflects a significant recovery under the circumstances.

34.  Plaintiffs and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants, as well as the inherent risks in establishing liability for violations of RICO, RESPA, and applicable state law.  Moreover, the Bankruptcy Court's reactions to Plaintiffs' proofs (and the Settling Defendants' responses thereto) on the types of complex issues in this case is inherently difficult to predict. Although Plaintiffs were confident that they would have been able to support their claims with qualified and persuasive expert testimony, Settling Defendants would have almost certainly retained highly experienced experts to argue their various defenses to liability.

35.  In addition, even if the Settling Defendants' liability could otherwise be established, Plaintiffs faced serious arguments by the Settling Defendants that any damages that Plaintiffs suffered were caused by the Balboa Defendants and not the Settling Defendants. Accordingly, even if liability were established, there was a real risk that, after a trial of the claims, the Settlement Class would have recovered an amount less than the Settlement Amount – or even nothing at all.   There was also a serious risk that the Bankruptcy Court would refuse to certify the Bankruptcy Proof of Claim as a Class Proof of Claim.  Additionally, there was a serious risk that the Bankruptcy Court would determine that claims that Plaintiffs asserted were barred by the filed-rate doctrine.

36. In agreeing to the terms of the Settlement, Plaintiffs and Class Counsel weighed the magnitude of the benefits (the Allowed Claim) against the risks that the claims asserted in the Proofs of Claim would be dismissed based on the file-rate doctrine or for insufficiency of proof of the elements of the claims. They have also considered the nature of the various issues that would have been decided by the Court in the event of a trial of the claims, including all of the risks of litigation discussed above.

37. Finally, Plaintiffs and Class Counsel have also considered the fact that the Chapter 11 Plan contains releases and injunctions in favor of the Settling Defendants, and that, by operation of the Plan Releases, claims of absent class members who have not filed proofs of claim in the bankruptcy prior to the deadline established for filing proofs of claim in the Chapter 11 Cases may be released.

38. In light of the amount of the Settlement and the benefits of immediate and certain recovery to the Settlement Class as compared to the risks and uncertainties of ever obtaining a superior recovery at some indeterminate date in the future, Plaintiffs and Class Counsel strongly believe that the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. Indeed, they respectfully submit that the Settlement achieved represents a truly outstanding result for the Settlement Class.

39. The Settling Defendants have vigorously denied the claims asserted against them in the Bankruptcy Proofs of Claim and vigorously deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants state that they are entering into this Settlement solely to eliminate the uncertainties, burden and expense of further protracted litigation, and the Stipulation with which they have agreed provides that the Settlement shall not be construed as an admission of any wrongdoing by any of the Settling Defendants or counsel for any of the Settling Defendants.

## HOW MUCH WILL MY PAYMENT BE?

40. After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Settlement Class Members in accordance with the Plan of Allocation approved by the Court. Under the proposed Plan of Allocation, the Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class Members.

41. You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation. Because the aggregate Recognized Losses of all Settlement Class Members exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss. The payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members (the "*Pro Rata* Share"). *See* the Plan of Allocation on pages 10-11 for more information on your Recognized Loss.

42. The Settling Defendants have agreed to pay the Settlement Amount. The Settlement Amount will be deposited into an interest-bearing escrow account. If the Settlement is approved by the Bankruptcy Court, the Net Settlement Fund will be distributed to Settlement Class Members upon entry of the Class Distribution Order by the Bankruptcy Court and will distribute the Net Settlement Fund to the members of the Settlement Class as set forth in the proposed Plan of Allocation or such other plan as the Court may approve. The Settlement Administrator shall determine each Settlement Class Member's *Pro Rata* Share of the Net Settlement Fund based upon each Settlement Class Member's Recognized Loss. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members. The Net Settlement Fund shall be distributed to Settlement Class Members whose allocation is $10 or more.

43. The Net Settlement Fund will not be distributed until after the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may potentially make one or more interim, partial distributions). The Net Settlement Fund will then be distributed simultaneously with any additional recovery(ies) obtained on behalf of the Settlement Class from the Balboa Defendants in the Rothstein Action. However, provided that the Borrower Claims Trust

has distributed the full Settlement Amount to the Escrow Agent, in no event shall the distribution procedure commence later than 36 months following the Settlement Effective Date (as defined in the Stipulation), absent further agreement of the Settling Parties or order of the Bankruptcy Court for cause.

44.    Neither the Settling Defendants nor the Debtors' estates shall have any right to the return of the Settlement Fund or any portion thereof after the Settlement Amount has been remitted to the Escrow Agent, irrespective of the amount or value of the distributions or uncashed distributions to the members of the Settlement Class from the Net Settlement Fund. The Settling Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

45.    Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

46.    Only those Settlement Class Members whose residential mortgage loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. If you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. However, if you do not wish to participate in the settlement and do not wish to be bound by the release provisions and other provisions of the proposed settlement, you must exclude yourself from the Settlement Class pursuant to the instructions set forth below at Paragraphs 59-63.

47.    Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund.

## PROPOSED PLAN OF ALLOCATION

48.    The Plan of Allocation has been prepared by Plaintiffs and Class Counsel. The Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class Members. The Recognized Loss of each Settlement Class Member shall be equal to 25% of the total amount that GMACM recouped or recovered from the loan payments of that Settlement Class Member for Lender-Placed Insurance during the Class Period, as determined by the computerized analysis of the Class Data conducted by Plaintiffs' Forensic Accounting Expert. With respect to the Lender-Placed Insurance transactions that Plaintiffs' Forensic Accounting Expert determined are not capable of computerized analysis, the amounts recouped or recovered by GMACM from each effected Settlement Class Member shall be deemed to be 42% of the Lender-Placed Insurance charge that GMACM recorded for that Settlement Class Member. This percentage reflects the rate at which GMACM recouped or recovered Lender-Placed Insurance charges from borrowers in the aggregate during the Class Period, according to the computerized analysis conducted by Plaintiffs' Forensic Accounting Expert. The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Settlement Class Members whose allocation is $10 or more will receive a distribution. Because of the administrative costs of issuing checks and the fact very small checks in class action settlements are often not cashed, Settlement Class Members whose allocation is less than the $10 threshold shall not receive a distribution. The total of all Settlement Class Member allocations below $10 will constitute a gross-up residual. This gross-up residual shall be re-allocated among the Settlement Class Members whose allocation is $10 or more in accordance with their Recognized Losses. Plaintiffs' Counsel estimates that, under this distribution methodology, and assuming that there is no recovery from the Balboa Defendants in the Rothstein Action to be included in the distribution to the Settlement Class, approximately 61,788 of the total 143,973 Settlement Class Members will receive distributions, and additionally, that the residual gross-up will constitute approximately 17% of the Net Settlement Fund.

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Settlement Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Settlement Administrator, after consultation with and under the direction of Plaintiffs' Counsel, shall, if, in Plaintiffs' Counsel's judgment it is economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer economically feasible, thereafter Plaintiffs' Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be selected by the Named Plaintiffs and approved by the Bankruptcy Court or District Court, as applicable.

49. Payment pursuant to this Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members. No person shall have any claim against Plaintiffs, the Settling Defendants, the Borrower Claims Trust, the Borrower Claims Trustee, the Borrower Claims Trust Committee or any of their respective counsel, based on the distributions made substantially in accordance with the Stipulation and/or orders of the Bankruptcy Court or the District Court. Except as otherwise provided, the Named Plaintiffs, the Settling Defendants, the Borrower Claims Trust, the Borrower Claims Trustee, the Borrower Claims Trust Committee and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

50. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs and Class Counsel after consultation with their experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com and Class Counsel's website at www.kmllp.com.

---

### WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASS?

---

51. If you remain in the Settlement Class, you will be bound by any orders issued by the Court. For example, if the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss on the merits with prejudice the claims against the Settling Defendants and will provide that Named Plaintiffs individually and on behalf of the Settlement Class who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, that, among other things, shall by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (regardless of whether they receive distributions) (1) all Released Claims (as defined in Paragraph 52 below) against the Released Parties (as defined in Paragraph 52 below); and (2) against each and all of the Released Parties all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. All Settlement Class Members are hereby permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the instructions set forth in Paragraph 59 below.

52. As described in more detail below, the Released Claims are any and all claims which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Rothstein Action or the Bankruptcy Proofs of Claim

against the Released Parties; or (c) were or could have been asserted by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed.

**"Released Claims"** means:

1) any and all claims, including without limitation any proof of claim filed in the Chapter 11 Cases, Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that Plaintiffs, or any Settlement Class Member have had, filed or asserted in the past, or now have or assert against the Released Parties, which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Rothstein Action or the Bankruptcy Proofs of Claim against the Released Parties; or (c) were or could have been asserted by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed.  "Released Claims" shall not include any claims against any Non-Settling Defendant in the Rothstein Action.

**"Released Parties"** means:

1) the Borrower Claims Trust, the Borrower Claims Trustee, the "Trust Committee" (as such term is defined in the ResCap Borrower Claims Trust Agreement dated December 17, 2014 and filed in Chapter 11 Cases as Dkt. #6136-3) and the members of the Trust Committee (collectively, the Trust Committee and its members "Borrower Claims Trust Committee"), the Liquidating Trust, Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, divisions, joint ventures, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendant has a controlling interest, and all of their respective property.  "Released Parties" shall not include any Non-Settling Defendant.

**"Rothstein Action"** means the litigation in the District Court captioned *Landon Rothstein, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, et al.*, No. 12-cv-3412 (S.D.N.Y. Apr. 30, 2012).

 **"Unknown Claims"** means any and all potential Released Claims that the Named Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Stipulation or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Approval Order shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Rothstein Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Named Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly fully, finally and forever settle and release – and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Named Plaintiffs acknowledge, and Settlement Class Members by law and operation of the Final Approval Order shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

53. Class Counsel and other counsel for Named Plaintiffs in this proceeding have not received any payment for their services in pursuing claims against the Settling Defendants and Ally on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Prior to the Settlement Hearing (see Paragraph 12 above), Class Counsel will apply to the Court for an award of attorneys' fees on behalf of itself and Plaintiffs' Special Bankruptcy Counsel in an amount not to exceed 35% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred by Class Counsel and Plaintiffs' Special Bankruptcy Counsel in connection with the institution, prosecution and resolution of the claims asserted against the Settling Defendants and Ally, in the approximate amount of $250,000 (in addition to an application for the payment of an incentive award of $2,500 each to the Named Plaintiffs in recognition of services rendered by the Named Plaintiffs for the benefit of the Settlement Class), plus interest on such expenses at the same rate as earned on the Settlement Amount.

## HOW WILL THE NOTICE COSTS AND EXPENSES BE PAID?

54. Class Counsel are authorized by the Stipulation to pay the Settlement Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

55. If you wish to participate in the settlement fund and receive the benefits to which you are entitled, you do not need to do anything. If you request exclusion from the Settlement Class, you will not be eligible to share in the Net Settlement Fund.

56. As a Settlement Class Member you are represented by the Named Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below, so that the notice is *received* on or before May 10, 2016.

57.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want to Participate in the Settlement?  How Do I Exclude Myself?," below.

58.    If you are a Settlement Class Member and you wish to object to any aspect of the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

**WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?
HOW DO I EXCLUDE MYSELF?**

---

59.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written "Request for Exclusion" from the Settlement Class, addressed to GMAC Mortgage Lender Placed Insurance Settlement Administrator EXCLUSIONS, P.O. Box 30206, College Station, TX 77842-3206.  The exclusion request must be *received* no later than May 10, 2016.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (1) state the name, address and telephone number of the person or entity requesting exclusion; (2) state that such person or entity "requests exclusion from the Settlement Class in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y.) (MG)"; (3) state the address of the property that was subject to Lender-Placed Insurance; (4) state the loan number; and (5) be signed by such person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

60.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding relating to any Released Claim against any of Settling Defendants.  You cannot exclude yourself by telephone or by email.  Please note however, that you are otherwise enjoined from commencing any such lawsuit, arbitration or other proceeding by the Chapter 11 Plan and orders of the Bankruptcy Court.

61.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

62.    The Plan Releases may bar the claims of Settlement Class Members who exclude themselves unless they filed a proof of claim in the Chapter 11 Cases by the deadline established by the Bankruptcy Court for filing a proof of claim.

63.    The Settling Defendants have the right to terminate the Settlement if the number of valid written requests for exclusion received from persons and entities entitled to be members of the Settlement Class exceeds 5% of the Settlement Class.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO
APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

64.    **Settlement Class Members may, but do not need to, attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if the Settlement Class Member does not attend the Settlement Hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

65.    The Settlement Hearing will be held on May 24, 2016 at 10:00 a.m. before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.  At the Settlement Hearing the Court will decide, among other things, whether to

approve the Settlement, the Plan of Allocation and an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally.  If the Court approves the Settlement, there may then be appeals by interested parties, which may further delay distribution of the Net Settlement Fund.  It is always uncertain how those appeals will resolve, and resolving them can take time, perhaps more than a year.  The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

66.   Any Settlement Class Member who does not request exclusion may object to any aspect of the Settlement, the proposed Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the prosecution of the claims asserted against the Settling Defendants and Ally.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States Bankruptcy Court for the Southern District of New York at the address set forth below on or before May 10, 2016.  You must also serve the papers on designated representative Class Counsel and Settling Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are *received* **on or before May 10, 2016**.

| **Clerk's Office** | **Settling Defendants' Counsel** | **Class Counsel** |
|---|---|---|
| Clerk of the Court<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Re: *In re Residential Capital, LLC,*<br>*et al.*, Case No. 12-12020 (MG) | Norman S. Rosenbaum, Esq.<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY  10019 | Mark A. Strauss, Esq.<br>Thomas W. Elrod, Esq.<br>Kirby McInerney LLP<br>825 Third Avenue<br>New York, NY 10022 |

67.   Any objection (1) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (2) must include documents sufficient to prove membership in the Settlement Class, including the address of the property that is subject to Lender-Placed Insurance and the loan number.  You may not object to any aspect of the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

68.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a timely written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.   If you wish to be heard orally at the hearing in opposition to the approval of any aspect of the Settlement, the Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the designated representatives of Class Counsel and counsel for the Settling Defendants at the addresses set forth above so that it is *received* on or before May 10, 2016.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

70.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on the designated representatives of Class Counsel and counsel for the Settling Defendants at the addresses set forth above so that the notice is *received* on or before May 10, 2016.

71. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT HAPPENS IF I DO NOTHING AT ALL?

72. If you do nothing and you are a member of the Settlement Class, you will receive the benefits to which you are entitled.

73. If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by the terms of the proposed Settlement described in this Notice once approved by the Court. This means that each Settlement Class Member releases the Released Claims (as defined above) against the Released Parties (as defined above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Settling Defendants.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this proceeding, you are referred to the papers on file in the proceeding, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Settlement Administrator, www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com. Bankruptcy Court filings and other records relating to the Chapter 11 Cases may be found on a website maintained at the direction of the Debtors at https://www.kccllc.net/rescap.

All inquiries concerning this Notice should be directed to:

| | | |
|---|---|---|
| GMAC Mortgage Lender Placed Insurance Settlement Administrator | | Mark A. Strauss, Esq. |
| P.O. Box 30206 | and/or | Thomas W. Elrod, Esq. |
| College Station, TX 77842-3206 | | KIRBY McINERNEY LLP |
| 1-844-830-5220 | | 825 Third Avenue |
| www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com | | New York, NY 10022 |
| Admin@GMACLenderPlacedInsuranceSettlement.com | | (212) 371-6600 |

**DO NOT CALL OR WRITE THE BANKRUPTCY COURT OR THE
OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: February 22, 2016

By Order of the Court
United States Bankruptcy Court
Southern District of New York

Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Doc 9866-2    Filed 04/26/16    Entered 04/26/16 13:27:

IN RE RESIDENTIAL CAPITAL, LLC, et al.,    Case No. 12-12020 (MG)

Debtors.    Chapter 11

Jointly Administered

Pg 27 of 36

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION;**
**(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All residential mortgage loan borrowers whose loans were serviced by GMAC Mortgage, LLC ("GMACM") and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").**

**THIS NOTICE WAS AUTHORIZED BY THE BANKRUPTCY COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION SETTLEMENT THAT HAS BEEN PROPOSED IN THE ABOVE-CAPTIONED BANKRUPTCY BEFORE THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 7023 and 9019 of the Federal Rules of Bankruptcy Procedure and an Order of the United States Bankruptcy Court for the Southern District of New York, (i) that Bankruptcy Proof of Claim No. 4074 (the "Bankruptcy Proof of Claim") in the above-captioned bankruptcy has been preliminarily certified as a Class Proof of Claim on behalf of a class of all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class, as defined in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs (the "Stipulation"); and (ii) that the Court-Appointed Class Representatives, as defined in the Stipulation, have reached an agreement to settle the Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination in the amount of $13 million against GMAC only (the "Allowed Claim"). The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan.

A hearing will be held on May 24, 2016 at 10:00 a.m before the Honorable Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to determine, among other things: (i) whether the proposed settlement should be approved as fair, reasonable and adequate; (ii) whether the Bankruptcy Proof of Claim should be dismissed on the merits and with prejudice against all the Settling Defendants, and whether the releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the Proceeding and the settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Summary Direct U.S. Mail Postcard Notice that refers to, among others, the full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), copies of the full printed Notice can be downloaded from the website maintained by the Claims Administrator at www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com.

If you are a member of the Settlement Class and you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything. By participating in the settlement, you will be bound by the release provisions and other provisions of the proposed settlement including any judgments or orders entered by the Court.

However, if you are a member of the Settlement Class and do not wish to participate in the settlement and do not wish to be bound by the release provisions and other provisions of the proposed settlement, you must submit a request for exclusion from the Settlement Class such that it is *received* no later than May 10, 2016, in accordance with the instructions set forth in the Notice. If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Proceeding and you will not be eligible to share in the proceeds of the settlement. Please note however, that you will be otherwise enjoined from commencing any such lawsuit, arbitration or other proceeding by the Chapter 11 Plan and orders of the Bankruptcy Court.

Any objections to any aspect of the proposed settlement, the proposed Plan of Allocation or Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to designated representative Lead Class Counsel and counsel for the Settling Defendants such that they are *received* no later than May 10, 2016, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE BANKRUPTCY COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to Class Counsel:

Mark A. Strauss, Esq.
Thomas W. Elrod, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

Dated: February 23, 2016                     By Order of the United States Bankruptcy
                                             Court for the Southern District of New York

Exhibit D

# Kirby McInerney LLP Announces Proposed Settlement with the Rothstein Plaintiffs in GMAC Mortgage, LLC Class Action Litigation

 ()   

NEW YORK, Feb. 23, 2016 /PRNewswire/ --

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE RESIDENTIAL CAPITAL, LLC, et al., Debtors. | Case No. 12-12020 (MG) Chapter 11 Jointly Administered |
|---|---|

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION;**
**(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF**
<u>**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**</u>

**TO:    All residential mortgage loan borrowers whose loans were serviced by GMAC Mortgage, LLC ("GMACM") and from whose payments GMACM recouped or recovered, in whole or part, charges for lender-placed hazard insurance on residential real property ("Lender-Placed Insurance"), including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013 (the "Class Period").**

**THIS NOTICE WAS AUTHORIZED BY THE BANKRUPTCY COURT.  IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION SETTLEMENT THAT HAS BEEN PROPOSED IN THE ABOVE-CAPTIONED**

**BANKRUPTCY BEFORE THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 7023 and 9019 of the Federal Rules of Bankruptcy Procedure and an Order of the United States Bankruptcy Court for the Southern District of New York, (i) that Bankruptcy Proof of Claim No. 4074 (the "Bankruptcy Proof of Claim") in the above-captioned bankruptcy has been preliminarily certified as a Class Proof of Claim on behalf of a class of all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lenders-Placed Insurance, at any time during the Class Period (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class, as defined  in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs (the "Stipulation"); and (ii) that the Court-Appointed Class Representatives, as defined in the Stipulation, have reached an agreement to settle the Bankruptcy Proofs of Claim for an allowed unsecured claim not subject to subordination in the amount of $13 million against GMAC only (the "Allowed Claim").  The Allowed Claim will be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan.

A hearing will be held on May 24, 2016 at 10:00 a.m. before the Honorable Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to determine, among other things: (i) whether the proposed settlement should be approved as fair, reasonable and adequate; (ii) whether the Bankruptcy Proof of Claim should be dismissed on the merits and with prejudice against all the Settling Defendants, and whether the releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the Proceeding and the settlement, and you may be entitled to share in the Settlement Fund.**  If you have not yet received the Summary Direct U.S. Mail Postcard Notice that refers to, among others, the full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), copies of the full printed Notice can be downloaded from the website maintained by the Claims Administrator at www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com (http://www.gmacmortgagelenderplacedinsuranceclassactionsettlement.com/).

If you are a member of the Settlement Class and you wish to participate in the settlement and receive the benefits to which you are entitled, you do not need to do anything.  By participating in the settlement, you will be bound by the release provisions and other provisions of the proposed settlement including any judgments or orders entered by the Court.

However, if you are a member of the Settlement Class and do not wish to participate in the settlement and do not wish to be bound by the release provisions and other provisions of the proposed settlement, you must submit a request for exclusion from the Settlement Class such that it is *received* no later than May 10, 2016, in accordance with the instructions set forth in the Notice.  If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Proceeding and you will not be eligible to share in the proceeds of the settlement.  Please note however, that you will be otherwise enjoined from commencing any such lawsuit, arbitration or other proceeding by the Chapter 11 Plan and orders of the Bankruptcy Court.

Any objections to any aspect of the proposed settlement, the proposed Plan of Allocation or Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to designated representative Lead Class Counsel and counsel for the Settling Defendants such that they are *received* no later than May 10, 2016, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE BANKRUPTCY COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice, may be made to Class Counsel:

Mark A. Strauss, Esq.

Thomas W. Elrod, Esq.

KIRBY McINERNEY LLP

825 Third Avenue

New York, NY 10022

(212) 371-6600

| | |
|---|---|
| Dated:  February 23, 2016 | By Order of the United States Bankruptcy Court for the Southern District of New York |

SOURCE Kirby McInerney LLP

# Exhibit E

# 2D LIFE

## 10 CELEBRITY MOMENTS TO WATCH FOR AT THE OSCARS

We're not all parsing the Oscar odds, OK? Come Sunday, many celeb-watchers will be tuning in (ABC, 7 p.m. ET/4 PT) for the gasp-worthy fashion, the off-the-cuff speeches and the A-list dates. USA TODAY's **Andrea Mandell** looks at 10 starry moments to watch for on Hollywood's biggest night.

### 10. A POWER-COUPLE STROLL
Will we get a Brangelina red-carpet moment? Brad Pitt is a producer on *The Big Short*, which is up for five nominations (including best picture). It's looking likely: Pitt showed up for a surprise appearance at the Golden Globes, not to mention he and Jolie attended the Academy Awards together in 2014, back when he produced *12 Years a Slave*. So here's hoping.

### 9. BITTERSWEET GOODBYES
Grab a hanky. The *In Memoriam* segment this year will say goodbye to many revered talents, probably including Alan Rickman, Leonard Nimoy, Christopher Lee, Omar Sharif, Robert Loggia and Wes Craven. *The Artist* pup Uggie died last year, too.

### 8. GRAMMYS LITE?
Lady Gaga, Sam Smith and The Weeknd are pitted against one another in the best-original-song category, and they're set to perform, too. We're just praying there will be no Grammys-style technical difficulties.

### 7. COMEDIANS BRINGING IT
Let's be honest — it's off-the-cuff moments that make live shows fun. We're looking to host Chris Rock and presenters Louis C.K., Kevin Hart and Tina Fey to keep us laughing.

### 6. GOWNS GALORE
The red carpet will be haute with fashion favorites, including nominees Cate Blanchett, Alicia Vikander (a face of Louis Vuitton), Saoirse Ronan, Jennifer Lawrence (who has long had a Dior contract), Kate Winslet and Rooney Mara. Will glam presenters such as Kerry Washington, Charlize Theron and Reese Witherspoon stick to safer, muted palettes (we can take only so many black dressed) or show up in something splashier?

### 5. COUPLES TO WATCH
Low-key couple Michael Fassbender and Alicia Vikander, both nominees, avoided the fllos cam at the BAFTAs last weekend, but maybe they're just waiting for the Oscars to finally walk the carpet together? We're also curious who Jennifer Lawrence's plus-one is (in the past, she has brought her best friend). Same goes for Leonardo DiCaprio, who typically brings his mom.



### 4. SCENE STEALERS
In between taking selfies with Rachel McAdams and Gaga, 9-year-old *Room* star Jacob Tremblay has charmed everyone from Conan O'Brien to cynical journalists this awards season. (Example: "I know where to put this: on the shelf right beside my Millennium Falcon," he said sweetly at the Critics' Choice Awards.) Keep an eye out for the adorable kid in the tux.

### 3. ROCKY REDUX
The original *Rocky* won best picture, but Sylvester Stallone missed out on acting and screenplay awards. With a Globes win under his belt for *Creed*, will the Italian Stallion finally take home an acting statuette with his name on it? (One thing's for sure: This time he won't forget to thank director Ryan Coogler.)

### 2. 'TITANIC' WINS?
It will be shocking if DiCaprio *doesn't* win for *The Revenant*, but imagine if Kate Winslet wins, too, for *Steve Jobs*! It happened at the Globes, and we would pay good money to hear Jack or Rose crack a *Titanic* pun at the podium.

### 1. ROCK'S UNMISSABLE OPENING MONOLOGUE
You'd better be in your seats for the first 10 minutes, because all eyes are on Rock's likely history-making opening monologue, which undoubtedly will castigate those responsible for #OscarsSoWhite. In the words of Don Cheadle: "This is (Rock's) sweet spot. He's smart, he's loud, he's skewering and he's judicious about who gets it. Everybody will get it." Tune in.

PITT AND JOLIE BY DAN MACMEDAN, USA TODAY; VIKANDER AND FASSBENDER BY GETTY IMAGES; BLANCHETT BY JUSTIN TALLIS, AFP/GETTY IMAGES; ROCK BY KEVIN WINTER, GETTY IMAGES, FOR BET; DICAPRIO AND WINSLET BY DIMITRIOS KAMBOURIS, GETTY IMAGES, FOR TURNER

---

## COUNTDOWN: CATCH UP ON THE TOP CONTENDERS

**Andrea Mandell**
USA TODAY

Late to the Oscars game? We've got your back. Here's a look at streaming and video-on-demand options for some of the hottest awards-nominated titles.

### NETFLIX
Oscar-nominated documentaries abound on Netflix, including *Winter on Fire*, *What Happened Miss Simone?* and *Cartel Land*, plus documentary shorts *Last Day of Freedom*, *Chau, Beyond the Lines* and the animated short *World of Tomorrow*. Plus, you can still check out the Netflix original *Beasts of No Nation* to see why critics were so riled up about Idris Elba's supporting-actor snub.

### HBO
HBO (and its digital arms HBO Go and HBO Now) is offering *Mad Max: Fury Road* (nominated for 10 Oscars) and *Fifty Shades of Grey* (hey, it's up for best original song). On HBO Go and HBO Now, subscribers also will find past Oscar-winning fare like *Milk* and *The Departed*. Just look for a collection called 63 Oscars, a title that notes how many golden statues those movies won.

### TIME WARNER CABLE
Subscribers are in luck: You can catch up on awards season quickly via Time Warner's special Awards Season movies on-demand category, featuring 30 Oscar-nominated films available for rent ($3.99-$5.99), including *Straight Outta Compton*, *The Martian*, *Amy*, *Mad Max: Fury Road* and *Steve Jobs*. Snubbed fare is available, too, including Johnny Depp's *Black Mass*. The collection will be up until March 7 (just look under the Enjoy Better category).

### COMCAST
Comcast Xfinity TV has stocked lots of nominees on demand, including *Trumbo*, *The Danish Girl*, *Bridge of Spies*, *Room*, *Steve*



*Room*, with Brie Larson and Jacob Tremblay in the story of a mother and son who are cut off from the world for seven years, is among the nominees for best picture.

GEORGE KRAYCHYK, A24

*Jobs*, *The Martian*, *Straight Outta Compton*, *Mad Max: Fury Road* and *Amy* (fees vary). And thanks to a new partnership with ABC and the Oscars, Comcast Xfinity TV also is offering a new Best of Oscars video collection from past Academy Awards broadcasts, from memorable speeches to tear-jerking moments.

### VERIZON, AMAZON, GOOGLE PLAY
Similar selections of Oscar-nominated fare abound on demand at Verizon, Amazon, DirecTV Cinema and Google Play, from *Inside Out* and *Shaun the Sheep* to *Steve Jobs* and *Bridge of Spies*. Amazon also has films like *Room* and *Creed* (both a $14.99 purchase), the latter of which earned Sylvester Stallone a nomination, and Google Play adds *Spotlight* (a $14.99 purchase) and *Trumbo* ($3.99 to rent) to the mix. DirecTV also has an Award-Winning Movies channel, with past nominated films like *Boyhood* and *Argo* available.

Contributing: Ellen Back

### Corrections & Clarifications
USA TODAY is committed to accuracy. To reach us, contact Standards Editor Brent Jones at 800-872-7073 or e-mail accuracy@usatoday.com. Please indicate whether you're responding to content online or in the newspaper.

Avery Brundage was an official with the U.S. Olympic Committee in the era shown in the movie *Race*. He would later become president of the International Olympic Committee. A story Friday misidentified his title at the time.

---

## MARKETPLACE TODAY
For advertising information: 1.800.397.0070   www.russelljohns.com/usat

### NOTICES

**LEGAL NOTICE**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE RESIDENTIAL CAPITAL, LLC, et al.,    Case No. 12-12020 (MG)
Debtors.    Chapter 11
Jointly Administered

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION;
(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;
(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Advertise in USA TODAY!
(800) 397-0070
sales@russelljohns.com
Place your advertisement in USA TODAY's
Marketplace Classified section today!

# Exhibit F

13 April 2016

Settlement Administrator
GMAC Mortgage Lender Placed Insurance
P.O. Box 30206
College Station, TX 77842-3206


Lee C. Canty
5540 Scofield Road
College Park, Georgia 30349-3462


RE: Exclusion from Residential Capital, LLC, Case No. 12-12020 (MG)


Dear Sir/Madam,
     I, Lee C. Canty would like to be excluded from Residential
Capital, LLC, Case No. 12-12020 (MG). You do not have my approval
to include me in this settlement!


Sincerely,

Lee C. Canty



**CERTIFIED MAIL®**

7015 1730 0002 0203 0654

Conley
5540 Scofield Road
College Park, Ga 30349

**RECEIVED**
APR 19 2016
BY: .....................

RETURN RECEIPT
REQUESTED

Settlement Administrator
GMAC Mortgage Lender Placed Insurance
P.O. Box 30106
College Station, TX 77842-3206

77842$3206 B099

U.S POSTAGE
PAID
ATLANTA, GA
30349
APR 14, 16
AMOUNT
**$6.47**
R2304M116053-11

77842

1000
UNITED STATES
POSTAL SERVICE®

OLD NATIONAL BR ATLANTA GA 30349
APR 14 2016
USPS