**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtors. | No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

MARTIN GLENN, Bankruptcy Judge

On November 9, 2012, Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn, individually and purportedly on behalf of the putative class, filed Bankruptcy Proofs of Claim 4074 and 3966.[1]

On this __ day of, _____ 2015, a hearing having been held before this Court to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement between Named Plaintiffs, on behalf of themselves and the Settlement Class, and the Settling Defendants, dated _____ (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class Members against the Settling Defendants; and (ii) whether an order should be entered resolving the Bankruptcy Proofs of Claim as set forth in the Stipulation including, without limitation, the release of the Released Claims in favor of the Released Parties, as

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement With Rothstein Plaintiffs dated _____, filed _____ [ECF No. ___].

ny-1195912

against all persons or entities who are Settlement Class Members and who have not requested exclusion therefrom;

And it appears that a notice of the hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, who are residential mortgage loan borrowers whose loans were serviced by GMACM (defined in paragraph 1(y) below) and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time from February 3, 2004 through October 2, 2013, except those persons and entities excluded from the definition of the Settlement Class, as shown by the records of the Settling Debtors and as further identified through the mailing of the Summary Direct U.S. Mail Postcard Notice pursuant to an earlier order of the Court, at the respective addresses set forth in such records;

And it appears that a Publication Notice of the hearing substantially in the form approved by the Court was published once in *USA Today* and was transmitted once over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the Parties to the Stipulation and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Settling Defendants and the Released Parties;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

(a) "Allowed Claim" means an allowed unsecured claim not subject to subordination, represented by Claim No. 4074, in the amount of $13 million, against GMACM only. Such allowed unsubordinated claim shall be an "Allowed Borrower Claim" in Class GS-5, as set forth in the Chapter 11 Plan. For the avoidance of doubt, Claim No. 3966 shall be disallowed and expunged in its entirety without further order or action on the Settlement Effective Date.

(b) "Balboa Defendants" means Balboa Insurance Company, Meritplan Insurance Company, Newport Management Company, QBE Insurance Corporation, Praetorian Insurance Company, QBE Specialty Insurance Company, QBE FIRST Insurance Agency, Inc., and QBE FIRST Institutional Risk Services, Inc.

(c) "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York, or any other court having jurisdiction over the Chapter 11 Cases.

(d) "Bankruptcy Proofs of Claim" means the proofs of claim filed by the Named Plaintiffs on behalf of themselves and the putative class in the Chapter 11 Cases against Residential Capital (Claim No. 3966) and GMACM (Claim No. 4074).

(e) "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Cases, promulgated under 28 U.S.C. § 2075 and the general, local, and chambers rules of the Bankruptcy Court, as the context may require.

(f) "Chapter 11 Cases" means the Debtors' Chapter 11 cases being jointly administered as *In re Residential Capital LLC*, Case No. 12-12020-MG, pending in the United States Bankruptcy Court for the Southern District of New York.

(g) "Chapter 11 Plan" means the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors in the Chapter 11 Cases confirmed by the Bankruptcy Court per order entered on December 11, 2013 [ECF No. 6137], including all exhibits, addenda, schedules or other attachments thereto, and the Plan Supplement.

(h) "Class Representatives" means Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn.

(i) "Class Counsel" means Plaintiffs' Counsel and Plaintiffs' Special Bankruptcy Counsel.

(j) "Lender-Placed Insurance" means lender-placed hazard insurance on residential real property.

(k) "Litigation Expenses" means the reasonable costs and expenses incurred by Class Counsel in connection with filing and litigating the Bankruptcy Proofs of Claim, commencing and prosecuting the claims against GMACM and Ally in the Rothstein Action, and litigating in the Bankruptcy Court, for which Class Counsel intends to apply to the Bankruptcy Court for reimbursement from the Settlement Fund.

(l) "Named Plaintiffs" mean Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn.

(m) "Net Settlement Fund" " means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys'

4

ny-1195912

fees and Litigation Expenses awarded by the Bankruptcy Court; and (iv) any incentive fees awarded by the Bankruptcy Court to the Named Plaintiffs.

(n) "Notice Amount" means $95,000.00 cash to be advanced by the Borrower Claims Trust to the Escrow Agent within five (5) business days of entry of the Notice Order, to cover the cost of disseminating the Notice, as reflected in an invoice provided by the Settlement Administrator to the Borrower Claims Trust, and subsequently credited against the Settlement Amount.

(o) "Notice and Administration Costs" means the Notice Amount and other costs, fees and expenses that have been or are to be incurred by the Settlement Administrator, Plaintiffs' Database Hosting Provider, or Plaintiffs' Forensic Accounting Expert in connection with: (i) analyzing the Class Data to identify the Settlement Class Members and determine the allocations, if any, to which they may be entitled pursuant to the Plan of Allocation, (ii) providing any notices to the Settlement Class associated with the settlement contained herein; (iii) developing and implementing the Plan of Allocation; and (iv) distributing the Net Settlement Fund to Settlement Class Members.

(p) "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(q) "Plaintiffs' Counsel" means Kirby McInerney LLP.

(r) "Plaintiffs' Special Bankruptcy Counsel" means The Hogan McDaniel Firm.

5

ny-1195912

    (s) "Plan of Allocation" means the plan for allocating the Net Settlement Fund between and among the members of the Settlement Class and as approved by the Court.

    (t) "Proceeding" means the above-captioned bankruptcy.

    (u) "Released Claims" means any and all claims, including without limitation any proof of claim filed in the Chapter 11 Cases, Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that the plaintiffs in the Rothstein action (including without limitation, the Named Plaintiffs), or any Settlement Class Member have had, filed or asserted in the past, or now have or assert against the Released Parties, which (a) relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance; (b) were asserted or could have been asserted in the Bankruptcy Proofs of Claim against the Released Parties; or (c) were or could have been asserted against the Released Parties by any Person eligible to be a Settlement Class Member which relate to alleged kickbacks, inflated reimbursements or inflated rates in whatever form for Lender-Placed Insurance, unless such Person has opted out of the Settlement and has otherwise filed a proof of claim prior to the deadline established by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Cases that has not been expunged or disallowed.  "Released Claims" shall not include any claims against any Non-Settling Defendant in the Rothstein Action.

6

ny-1195912

(v) "Released Parties" means the Borrower Claims Trust, the Borrower Claims Trustee, the "Trust Committee" (as such term is defined in the ResCap Borrower Claims Trust Agreement dated December 17, 2014 and filed in Chapter 11 Cases as Dkt. #6136-3) and the members of the Trust Committee (collectively, the Trust Committee and its members "Borrower Claims Trust Committee"), the Liquidating Trust, Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, divisions, joint ventures, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendant has a controlling interest, and all of their respective property. "Released Parties" shall not include any Non-Settling Defendant.

(w) "Rothstein Action" means the litigation in the District Court captioned *Landon Rothstein, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, et al.*, No. 12-cv-3412 (S.D.N.Y. Apr. 30, 2012).

(x) "Settlement" means the settlement of the claims asserted in the Bankruptcy Proofs of Claim against all Settling Defendants, upon the terms and conditions set forth in the Stipulation.

(y) "Settlement Amount" means the distribution(s) to be provided from the Borrower Claims Trust in respect of the Allowed Claim, in the manner set forth for the payment of allowed Borrower Claims in the Chapter 11 Plan and the Borrower Claims Trust Agreement (as such term is defined in the Chapter 11 Plan) after the Borrower Claims Trust has deducted the Notice Amount.

ny-1195912

(z) "Settlement Class" means all residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or part, charges for Lender-Placed Insurance, including, without limitation, any borrowers whose payments were applied, in whole or part, to charges for Lender-Placed Insurance, at any time during the Class Period.  Excluded from the Settlement Class are current and former officers, directors, and employees of the Settling Defendants and of the Balboa Defendants, and their immediate families.  Also excluded from the Settlement Class are the Settling Defendants' and the Balboa Defendants' legal representatives, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest.

(aa) "Settlement Class Member" means a Person that is a member of the Settlement Class and that does not exclude himself, herself, or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(bb) "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(cc) "Settling Debtors" means GMACM Mortgage, LLC ("GMACM") and Residential Capital LLC ("Residential Capital").

(dd) "Settling Defendants" means GMACM, Residential Capital, and the Borrower Claims Trust.

(ee) "Settling Parties" means the Named Plaintiffs and the Settling Defendants.

(ff) "Unknown Claims" means any and all potential Released Claims that the Named Plaintiffs and/or any Settlement Class Member does not know or suspect

to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to the Stipulation or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Rothstein Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Named Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly fully, finally and forever settle and release – and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the

9

future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Named Plaintiffs acknowledge, and Settlement Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the settlement contained herein.

2. This Court has jurisdiction over the subject matter of the proceeding, including all further proceedings concerning the administration, consummation and enforcement of the Stipulation, and over all parties to the proceeding, including all Settlement Class Members.

3. For settlement purposes only the Court finds that all elements of the settlement of the Bankruptcy Proofs of Claim have been met. Specifically, solely for purposes of settlement, the Settlement Class satisfies the numerosity requirement of Bankruptcy Rules 7023(a) and 7023(b)(3); there are common issues of fact and law sufficient to satisfy Bankruptcy Rule 7023(a)(2); the claims of the Class Representatives are typical of the claims of absent Settlement Class Members, satisfying Bankruptcy Rule 7023(a)(3); the Class Representatives and Class Counsel are adequate representatives of the Settlement Class Members, satisfying Bankruptcy Rule 7023(a)(4); common issues predominate over individual issues, satisfying Bankruptcy Rule 7023(b)(3)(i); and class action treatment of this Settlement is a superior method of proceeding in this matter, satisfying Bankruptcy Rule 7023(b)(3)(ii).

4.  Accordingly, and for settlement purposes only and for no other purposes, the Court hereby certifies a Settlement Class as defined above in paragraph 1(y).

5.  The Court hereby finds, in accordance with the Order of Preliminary Approval, dated _____ 201__, that the notice given to the Settlement Class, including the individual notice to all Settlement Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Bankruptcy Procedure 23 due process, the Rules of the Court, and all other applicable laws and rules.

6.  Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9019, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. The Parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.  All claims asserted in the Bankruptcy Proofs of Claim against the Settling Defendants are dismissed on the merits and with prejudice, and the Released Claims are released as against each of the Settling Defendants.

8.  Named Plaintiffs and other Settlement Class Members (exclusive of the persons and entities as listed on Exhibit A-1 annexed hereto who submitted timely and valid exclusion requests) who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, on behalf of themselves, are

ny-1195912

deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (regardless of whether they receive distributions) (i) all Released Claims against the Released Parties; and (ii) against each and all of the Released Parties all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Released Claims. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Class Action.

9.  All Settlement Class Members are hereby permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

10. Notwithstanding paragraphs 9-10 above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against the Released Parties, the Named Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or by the Named Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by the Named Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Rothstein Action or in any litigation, or the deficiency of any defense that has been or could have

been asserted in the Rothstein Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

    (b) shall be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against the Named Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of the Named Plaintiffs and the other members of the Settlement Class;

    (c) shall be offered or received against the Released Parties, the Named Plaintiffs, or the other members of the Settlement Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Bankruptcy Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

    (d) shall be construed against the Released Parties, Class Counsel, or the Named Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

    (e) shall be construed as or received in evidence as an admission, concession, or presumption against the Named Plaintiffs or the other members of the

Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Fund.

12. The Plan of Allocation is approved as fair and reasonable and the Allowed Claim is approved. The distribution procedure shall not occur until after the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may potentially make one or more interim, partial distributions).

13. The Released Parties shall have no liability, obligation, or responsibility for the notice procedure, allocation and distribution procedure, administration or processing of claims or of the settlement contained herein, or disbursement of the Net Settlement Fund, including without limitation, distributing notice to the Settlement Class, the validity of any allocation determinations, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Settlement Administrator.

14. After the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent (it being contemplated that the Borrower Claims Trust may make one or more interim, partial distributions), the Named Plaintiffs shall file a motion for distribution of the Net Settlement Fund.

15. The Court finds that an attorneys' fee award in the amount of __% of the Settlement Fund plus interest is just and reasonable, and fairly accounts for (i) the time and labor expended by Class Counsel; (ii) the magnitude and complexities of the proceeding and the prosecution of the claims asserted against the Settling Defendants and Ally, (iii) the risks of litigation; (iv) the quality of representation; (v) the requested fee in

relation to the Settlement Fund; and (vi) public policy considerations. The attorneys' fee award is to be paid to Class Counsel from the Settlement Fund.

16. Class Counsel application for Litigation Expenses in the amount of $_____, plus interest, is also approved as just and reasonable and is to be paid to Class Counsel from the Settlement Fund.

17. The awards of attorneys' fees and Litigation Expenses shall be payable ten calendar days after the distribution by the Borrower Claims Trust of the Settlement Amount, or, in the event of any interim distribution by the Borrower Claims Trust, ten calendar days after the distribution by the Borrower Claims Trust of any portion of the Settlement Amount, provided that the Settlement Effective Date has occurred.

18. The Court further hereby awards $_____ to each of the Named Plaintiffs – namely Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn – that participated in the Proceeding and for their efforts in prosecuting this Proceeding on behalf of the Settlement Class ("Incentive Awards"). The Incentive Awards are to be paid to the Named Plaintiffs from the Settlement Amount before the Net Settlement Fund is distributed to the Settlement Class Members in accordance with the Plan of Allocation, and shall be in addition to the amount to be paid pursuant to the Plan of Allocation and the Class Distribution Order.

19. The Court finds that during the course of the proceeding, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and Bankruptcy Code 9011.

20. In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the

Stipulation, or the Stipulation terminates according to its provisions, or the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, or this Judgment does not become final, then this Judgment shall be rendered null and void and shall be vacated, certification of the Settlement Class shall be nullified, and the Bankruptcy Proofs of Claim shall proceed as though the Settlement Class had never been certified, with the Settling Parties reserving all their rights regarding the issue of class certification, and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Settling Parties will be deemed to have reverted to their respective status as of the date and time immediately before _____, except that (i) Notice and Administration Costs that have been paid or incurred at the time of modification or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) need not be refunded to the Settling Defendants; (ii) any modifications, reductions or reversal of the award of attorneys' fees and Litigation Expenses to Class Counsel on appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment, and (iii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

21.    Any disapproval or modification of the application for an award of attorneys' fees and reimbursement of Litigation Expenses or additional Notice and Administration Costs by the Bankruptcy Court shall not affect the enforceability of the Stipulation, provide any of the Settling Parties with the right to terminate the settlement contained herein, or impose an obligation on the Settling Defendants to increase the compensation paid in connection with the settlement.

22. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including any interest earned thereon; (ii) disposition of the Settlement Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

SO ORDERED:

Dated: New York, New York
_____, 2016

_____
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1195912