ERLINDA ABIBAS ANIEL
75 Tobin Clark Dr.
Hillsborough, CA 94010
Claimant in *Pro Se*



RECEIVED
APR 27 2016
U.S BANKRUPTCY COURT
SO DIST OF NEW YORK

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
| | ) Chapter 11 |
| | ) |
| Debtors. | ) |
| | ) |
| ERLINDA ABIBAS ANIEL | ) |
| Claimant | ) |
| | ) |
| | ) |
| RESCAP BORROWER TRUST | ) |
| Objector | ) |
| | ) |
| | ) |
| | ) Jointly Administered |

# MOTION TO ALTER OR AMEND JUDGMENT
## BY WAY OF MOTION FOR RECONSIDERATION
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)
### Re MEMORANDUM OPINION AND ORDER AFTER TRIAL FINDING MERIT TO THE OBJECTION RAISED BY RESCAP BORROWER CLAIMS TRUST AGAINST CLAIM NOS. 416 AND 417 FILED BY ERLINDA ABIBAS ANIEL, ET AL.

UNITED STATES BANKRUPTCY COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

# <u>MOTION TO ALTER OR AMEND JUDGMENT</u>
## <u>BY WAY OF MOTION FOR RECONSIDERATION</u>
### <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)</u>
Re MEMORANDUM OPINION AND ORDER AFTER TRIAL
FINDING MERIT TO THE OBJECTION RAISED BY RESCAP
BORROWER CLAIMS TRUST AGAINST CLAIM NOS. 416
AND 417 FILED BY ERLINDA ABIBAS ANIEL, ET AL.

**TO THE HONORABLE JUDGE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT:**


I.      PREFATORY STATEMENT


**ERLINDA ABIBAS ANIEL ("ANIEL")** submits this instant Motion to Alter

or Amend Judgment by way of Motion for Reconsideration (the "Motion") of the

subject Memorandum Opinion and Order (the "MOO") **which she retrieved from**

**PACER electronic filing system on Aril 20, 2016** finding merit to the objection

raised by ResCap Borrower Claims Trust (the "Trust") to the Proof of Claim Nos.

416 and 417 filed by Aniel. This Motion is brought under Fed. R. Bankr. P. 8002,

Local Bankruptcy Rules SD NY Rule 3008-1. "Courts have observed that "[t]o

succeed on a motion to reconsider, 'the moving party must demonstrate

controlling law or factual matters put before the court on the underlying motion

that the movant believes that court overlooked and that might reasonably be

expected alter the court's decision."" *In Re Nichols,* No. 8-07-73330-dem (Bankr.

Court, ED New York 2010)(quoting *In re Taub,* 421 B.R. 93, 1010 (Bankr.

E.D.N.Y. 209)(quoting *Banco Cent. Del Paraguay v. Paraguay Humanitarian

Found,* 2007 WL 2493684 at *2 (S.D.N.Y. Sept. 5, 2007)(Internal quotations

omitted)).    Nonetheless, Federal Rule on Civil Procedure (FRCP) 59(e)

empowers this Court to alter or amend its judgment. *Boaz v. Mutual Life Ins. Co.

of New York (C.C.A. 8th 1944)1476 F. (2d) 321.* Under this Rule 59(e), a court is

allowed to alter or amend a judgment "x x x to correct a clear error or law or to

prevent manifest injustice." *Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir.

2005)(citations and internal marks omitted).    The resort by Aniel of this remedy

is solely grounded on her need to correct clear error or to prevent manifest

injustice since the Court has misapprehended the facts or her position. *Ducket v.

United States (2011 U.S. Dist. LEXIS 3754 (W.D. Okla. Jan. 14, 2011. Hobbs v.

Legg Mason Inv. Counsel & Trust Co., 2011 U,S, Dist. LEXS 7168 (N.D. Miss.

Jan. 25, 2011.* It is likewise sought to correct manifest errors of law and fact.

*Wolves v. National Railroad Passenger Co., 1990 WL 84519, at *1 (N.N. Ill.*

*1990)(not reported in F. Supp.)(citing Publisher's Resourc)e Inc. v. Walker-David Publications, Inc. 726 F.2d 557, 561 (7th Cir.1985)*The instant motion is filed within ten (10) days of the entry of judgment at issue.   *Mashpee Wamponoag Tribal Council, Inc. v. Norton, 336 F.3rd 1094, 1098 (D.C.Cir. 2003)(stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President").* Rule 59(e) motions "need not be granted unless the district court finds that there is xxx the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency,* 355 F.3d 661, 667 (D.C. Cir. 2004)(quoting *Firestone,* 76 F.3d at 1208).

And she is now ready to address such matters in order to correct a clear legal error and/or prevent manifest injustice.  She is, therefore, requesting that the following points and arguments be duly considered by the Court in resolving this instant Motion.

## II.    ARGUMENT

### 1.

## WITH UTMOST DUE RESPECT, THE HONORABLE COURT FAILED TO FORMULATE THE VERY CRUCIAL ISSUE OF FACT [NO. 1] AS ENUMERATED

IN THE JOINT PRE-TRIAL ORDER (THE "JPO") THAT EXACTLY READS: *"WHETHER MIRA SMOOT HAD SUFFICIENT AUTHORITY TO EXECUTE THE 2011 ASSIGNMENT AS AN AUTHORIZED OFFICER OF HSBC;"* CONSEQUENTLY, IT FAILED TO RESOLVE SAID CRUCIAL ISSUE NO. 1 (JPO) IN ITS QUESTIONED MOO DISPOSING THIS ISSUE [AND THE CASE] – _____

The crucial factual issue No. 1 (JPO) to be resolved in the trial is *"[w]hether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC."* However, it is unfortunate that a perusal of the questioned MOO clearly reveals that there is nothing in it that shows that the Court ruled on this crucial issue since it failed and did omit to restate said issue for resolution – if it had done so, it would be very easy for it to resolve said issue in the negative, that is, Mira Smoot has no authority from HSBC based on her admission in her open-court testimony wherein she **firmly denied** that she was authorized by HSBC to execute said 2011 Assignment. When asked by Aniel as to whether she was an authorized officer of HSBC in 2011 she denied it and claimed, instead, that she was then an authorized officer of GMAC Mortgage. *Transcript, March 24, 2016, p. 186.* This material fact established by testimonial evidence of record to the effect that **Mira Smoot had no authority from HSBC to sign the 2011 Assignment** was never considered by the Court as it cavalierly glossed over it in resolving this issue – *"[w]hether Mira Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC."* As a matter of fact, it did not even restate it as an

issue in its questioned MOO – had it considered said evidence, it would have resulted to a different conclusion favorable to Aniel.    Consequently, a negative finding in this issue (as what the evidence established) would have resulted to sustaining Aniel's four (4) causes of action, to wit: [1] wrongful foreclosure; [2] fraudulent concealment; [3] declaratory relief; and, [4] violation of the UCL.

This fact alone, a clear legal error, is sufficient reason and enough legal ground to find the instant Motion meritorious. Being meritorious, this would justify reconsideration of the MOO; consequently, for its alteration or amendment.

Now, how did the Court come out with its questioned MOO? Plainly, as reflected in the said MOO, Aniel took issue about the validity of the 2011 Assignment. *MOO, p. 6.* And she pointed this out during the trial and adamantly insisted that it is void.    *Id.*    Clearly enough, this assertion of Aniel goes to the very crucial issue [No. 1] for determination in the said trial.    Nonetheless, the Court diverted everything by skirting and running around this crucial issue No. 1. Pursuing its plan, it, with due respect, intentionally omitted to restate said crucial issue No. 1 by way of enumerating the following court-formulated issues: *1. Whether Mira Smoot Was an Authorized Officer of GMACM; 2. Whether GMACM Was Authorized to Execute Assignments on Behalf of HSBC; and, 3. Whether the 2011 Assignment Was Properly Executed.*

Now, comparing the foregoing Court-formulated issues, specifically referring issue No. 1 [*AS TO WHETHER MIRA SMOOT WAS AN AUTHORIZED OFFICER OF GMACM*], said, as formulated, can never be equated with the omitted crucial issue as to WHETHER MIRA SMOOT HAD SUFFICIENT

AUTHORITY TO EXECUTE THE 2011 ASSIGNMENT AS AN AUTHORIZED OFFICER OF HSBC (No. 1, JPO). This Court-formulated issue No. 1 and the crucial issue No. 1 agreed by the parties and contained in the JPO are not similar and they could not be confused with one another. GMACM is not HSBC and neither is HSBC, GMACM. What appears constant in these two (2) separate and independent issues [Court-formulated and contained in the JPO] is the presence of the person of Mira Smoot. Nonetheless, Mira Smoot judicially professed in her open-court testimony that she was just an authorized officer of GMACM in 2011. She did not testify that she had worked with HSBC for any length of time. Simply speaking, she had nothing to do with HSBC. Thus, when confronted with her signature in the 2011 Assignment by Aniel, she readily admitted that she signed that as an authorized officer of GMACM **AND NOT HSBC** as she had never been an employee nor officer of the latter. *Transcript, March 24, p. 186.*

This fact, therefore, proves that the omitted crucial issue No. 1 (JPO) as to whether Mira Smoot has been authorized by HSBC to sign the 2011 Assignment is answered in the negative – **no, she was not so authorized by HSBC**. This negative answer should have easily clinched the case for Aniel.

Why then did Aniel lose the case if the facts established by the evidence clearly show that Mira Smoot did not sign the 2011 Assignment as an authorized officer of HSBC?   In deciding the issue against Aniel, the Court cited the existence of the 2008 Limited Power of Attorney (the "2008 LPA") which it ruled to be a valid document and from out of which the authority of Mira Smoot to execute the 2011 Assignment is presumably based. Surely, this ruling of the

Court is a clear legal error that must be corrected through this instant Motion in order to prevent a manifest injustice.

Why is this ruling a clear legal error?  Again, with due respect, the Court misapprehended the clear language of the 2008 LPA when it erroneously overstretched its meaning.  Thus, as correctly found by the Court, Aniel pointed out and argued, and, thereby, adamantly insisted, the fact that, in 2008, HSBC had no beneficial interest yet in the subject Deed of Trust (the "Deed") since it acquired its interest only in **2009** (MOO, p. 9, 3rd par.).  Thus, she further argued that HSBC could not have executed the 2008 LPA (*Id.*) -- rightly so because 2009 and is not 2008 and vice versa.  Hence, using common sense, she rightly posited and so adamantly insisted that the 2008 LPA is **void** as HSBC had no existing beneficial interest at the time of its execution since it only acquired the beneficial interest a year after, that is, in 2009.  Despite the clear logic of the assertion of Aniel, the Court **refused to consider said fact** by its misreading and overstretching the tenor and import of the 2008 LPA.  How did it justify itself? It ratiocinated: "***But the Claimants fundamentally misconceive (sic) the nature of the 2008 Power of Attorney – it did not purport to convey to GMACM power over a (sic) certain specific deeds of trust then held by HSBC, but rather it conveyed to GMACM HSBC's powers over deeds of trust then owned or thereafter acquired and deposited into securitization trusts for which GMACM acted as loan servicer.  The 2008 Power of Attorney gave GMACM the power to "execute ... assignments of deed of trust/mortgage and other recorded documents...." (2008 Power of Attorney at 1.)*.**"

Clearly and in essence, the Court flatly rejected the posture taken by Aniel by its reasoning that she "*fundamentally misconceive[d]*" the nature of the 2008 LPA which ruling, Aniel respectfully now submits, is clearly an erroneous interpretation of the 2008 LPA. The **relevant** provision it cited and proffered to be expressed in said document (2008 LPA) is not found therein. Allow Aniel then to reproduce in full the authority granted to GMACM pursuant to the said 2008 LPA:

> "*The said attorneys-in-fact, and each of them, are hereby authorized, and empowered, as follows:*
>
> *1.    To execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements, lost note affidavits, assignments of deed of trust/mortgage and other recorded documents, satisfactions/releases/ reconveyances of deed of trust/mortgage, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing.*
>
> *2.    To execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of recission (sic), foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaints, notices to quit, bankruptcy declarations for the purpose of filing motions to lift stays, and other documents or notice filings on behalf of Trustee in connection with insurance, foreclosure, bankruptcy and eviction actions.*
>
> *3.    To endorse any checks or other instruments received by GMAC Mortgage and made payable to Trustee.*
>
> *4.    To pursue any deficiency, debt or other obligation, secured or unsecured, including but not limited to those arising from foreclosure or other sale, promissory note or check. This power*

*also authorizes GMAC Mortgage to collect, negotiate or otherwise
settle any deficiency claim, including interest and attorney's fees.*

*5.      To do any other act or complete any other document that
arises in the normal course of servicing."*

A keen perusal of the afore-quoted 2008 LPA **failed** to indicate and,

therefore, VALIDATE, the finding, nay conclusion, of the Court that said

document "***did not purport to convey to GMACM power over a (sic) certain***

***specific deeds of trust then held by HSBC, but rather it conveyed to***

***GMACM HSBC's powers over deeds of trust*** ***then owned or thereafter***

***acquired and deposited into securitization trusts for which GMACM acted***

***as loan servicer.***" Because there is nothing in the said 2008 LPA to show that

the immediately quoted provision is found therein.    Therefore, the Court

misquoted its contents.    The fact that the Court misquoted in its MOO the

express contents of the 2008 LPA already constitutes sufficient basis that it

actually did misread and misapprehend the clear tenor and import of this

documentary evidence (2008 LPA), a clear factual and legal error that needs

rectification. Without doubt, the Court erroneously infused into the 2008 LPA

extrinsic and extraneous matter outside its clear context.    How come that it

resorted to this: **misreading and misapprehending** the clear tenor and import of

this documentary evidence, by taking the 2008 LPA out of its clear context?    The

only reason Aniel could hazard as a guess is that the Court finds a dearth, if

none at all, of any evidence that would support any ruling that Mira Smoot had

sufficient authority from HSBC to execute the 2011 Assignment. Thus, admitting that, indeed, Aniel's objection to the validity of the 2008 LPA is well grounded, the Court had to improvise a way to rebut such argument by ruling, and thus erroneously concluding, that said 2008 LPA "*conveyed to GMACM HSBC's powers over deeds of trust then owned [in 2008] or thereafter acquired [after 2008] and deposited into securitization trusts for which GMACM acted as a loan servicer,*" a ruling that has no factual basis, with due respect.

In fine, with these facts clearly established, HSBC has no right to execute the 2008 LPA since it acquired beneficial interest on Aniel's Deed only the following year, 2009. Therefore, the 2008 LPA could not be considered a solid basis to conclude that GMACM is the attorney-in-fact of HSBC that would authorize Mira Smoot to execute the 2011 Assignment.


**2.**


## EVEN, THEN, ASSUMING *ARGUENDO* WITHOUT ADMITTING ITS TRUTH THAT THE 2011 ASSIGNMENT IS EXECUTED BY MIRA SMOOT AS THE AUTHORIZED OFFICER OF HSBC, THE SAID DOCUMENT DID NOT ATTAIN VALIDITY -


Certainly, under this hypothetical situation involving the 2011 Assignment, the hypothetical facts established the following: (1) HSBC is the principal; (2) GMACM is the agent; (3) GMACM is authorized and empowered by HSBC to execute assignment of deed of trust; (4) in the assignment that GMACM shall

execute in the future pursuant to the 2008 LPA, the assignor is HSBC and the assignee, an unknown third party; (5) the assignor HSBC in said assignment (to be executed) is represented by GMACM; (6) therefore, there is a unity of interest in both HSBC and GMACM in respect to the assignment that GMACM may execute; (7) GMACM executed the 2011 Assignment **in its favor** through Mira Smoot; (8) Mira Smoot signed it as an authorized officer of GMACM **and not for and on behalf of HSBC**; and, finally, (9) the 2011 Assignment appears on its face to be a **bilateral document** where the assignor is the HSBC and the assignee, GMACM. The question, under these hypothetical facts, then is this: Is the 2011 Assignment valid?

Aniel humbly submits that her answer is an emphatic NO. This is because the document violated the two-party (bilateral) rule wherein the assignor HSBC must also act positively and affirmatively as a living party therein by SIGNING it. As it did not sign the document, said assignment did not give rise to a valid contract that creates rights and imposes obligations. In other words, there is no contract. The 2011 Assignment did not create rights nor impose obligations.

On this score alone, it is crystal clear that the Court committed a clear legal error when it gave contractual validity to an otherwise none existing contract because of a legal anomaly. This is a good legal ground why the questioned MOO must be reconsidered, altered or amended to prevent manifest injustice. And Aniel is urging the Court to alter or amend its judgment to prevent an injustice to her because of the very clear legal and/or factual error that appears on the record of the case..

Motion to Alter or Amend Judgment/

**3.**

## HOW DID THE COURT CORRECT THIS LEGAL ANOMALY INVOLVING THE 2011 ASSIGNMENT WHERE THERE IS NO ASSIGNOR THAT COULD VALIDATE THE ASSIGNMENT? -

The Court clearly has resorted to assumption. It assumed that the 2008 LPA could provide the legal basis to correct the absence of the signature of the assignor, supposedly HSBC, to make the 2011 Assignment a valid document. In its questioned MOO It drew up the scenario that GMACM, being the attorney-in-fact of HSBC under the 2008 LPA, could validly execute the 2011 Assignment **for and on behalf of HSBC.** Thus, in its drawn up scenario, it considered Mira Smoot to have signed it **AS AUTHORIZED OFFICER OF GMACM WHICH IS THE AGENT UNDER THE 2008 LPA FOR AND N BEHALF OF THE PRINCIPAL THEREIN, HSBC.** To make a simple diagram of this scenario, the following situation appears: (1) HSBC, as principal, appointed GMAC, as its agent, under the 2008 LPA; (2) HSBC executed the 2011 Assignment in favor of GMACM; (3) HSBC was represented in said assignment by GMACM; and, (4) GMACM was represented by its authorized officer Mira Smoot. Hence, although the 2011 Assignment is legally infirmed on the basis of the observations noted above, the Court, with due respect, resorted to a circuitous way of legalizing the legally infirmed. **But, as already explained, pointed out and argued in the discussion above, the Court, with due respect, illegally overstretched the**

meaning of the 2008 LPA and, consequently, quoted it out of context. **Aniel is adopting those points and arguments in support hereof.**

Finally, in order to put the last nail on the coffin, as the saying goes, the Court again erroneously justified its ruling giving the 2008 LPA as authority for the validity of the 2011 Assignment by misquoting again the 2008 LPA asserting that "***GMACM Mortgage is the Servicer for many securitizations (the 'Agreements' see Exhibit A attached for a full listing) now in existence and that will be formed from time to time." (2008 Power of Attorney at 1 (emphasis added).)***"    But, Aniel is urging that the quoted portion of the 2008 LPA may not be of help to the cause espoused by the Court that the 2008 LPA and the 2011 Assignment are valid documents.    This is because the Court misquoted the express provision of 2008 LPA.  What it cited is just a **description** of GMACM which is the very reason why HSBC appointed it as its agent, just a part of the whereas clauses in a properly drafted document explaining why the principal had appointed the agent.  Such quoted portion has nothing to do with the **authority and power** granted to GMACM which is found in the subsequent paragraph and enumerated as Nos. 1 to 5, inclusive.

**4.**

**ANIEL ADAMANTLY INSISTED, AND RIGHTLY SO, THAT HER DEED HAS NEVER BEEN ASSIGNED TO THE TRUSTEE IN JULY 2007 WHICH IS THE CUT OFF DATE UNDER THE POOLING AND SERVICING AGREEMENT (PSA) AS IT WAS TRANSFERRED**

**ONLY IN <u>2009</u> TO THE TRUSTEE HSBC; ANOTHER FACT THAT INVALIDATED THE 2008 LPA -**

Aniel asserted in her court declaration that her Deed was transferred to the trustee HSBC only in <u>2009</u>. It has never been a part of those bundled loans and deeds securitized under the PSA and transferred to the trust in July, 2007, the cut off date. There is no evidence presented that would rebut her testimony along that line since the Objector waived presentation of its evidence at the trial. As it stands now, Aniel claims and assertions have not been refuted. Therefore, the fact remains that her Deed was transferred only to trustee HSBC in 2009. Hence, in 2008, it has no beneficial interest and, therefore, it could not have validly executed the 2008 LPA in favor of GMACM.

## III.   CONCLUSION

A motion under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent manifest injustice. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)(the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law*); EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997). So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion. *Lockheed Martin Corp.,* 116 F.3d at 112. Although the courts are not required to consider new legal argument, or mere

restatements of old facts or arguments, the courts can and should correct clear errors in order to "preserve the integrity of the final judgment." *Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 50 (D.D.C. 2002).* Hence, by reason of the foregoing and since there are clear and manifest errors of facts or law and in order to prevent manifest injustice so as to preserve the integrity of the Court's judgment, Aniel respectfully moves that the Court grant the instant Motion and, thereby, prays that its questioned Memorandum Opinion and Order (MOO) reconsidered and set aside and vacated and another one enter sustaining her claim under Proof of Claim Nos. 416 and 417 and, thus, denying the objections raised by the Objector.

Further and other relief and remedies just and equitable in the premises are likewise prayed.

RESPECTFULY SUBMITTED

ERLINDA ABIBAS ANIEL
*Pro Se*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy was mailed on April 26, 2016 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Jessica J. Arett

The Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Attention: Linda A. Riftkin and Brian S. Masumoto

ResCap Liquidating Trust
Quest Turnaround Advisors
 800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue, 21st Floor
New Yrk, New York 10022
Attention: Daniel J. Flanigan

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

Erlinda Abibas Aniel
Claimant in Pro Per