**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    RESIDENTIAL CAPITAL, LLC,<br><br>              Debtors. | Case No. 12-12020 (MG)<br><br>(Jointly Administered) |
| PNC BANK, N.A., *et al.*,<br><br>              Movant-Defendants,<br><br>          v.<br><br>MBIA INSURANCE CORP.,<br><br>              Respondent. | 16-mc-00063<br><br>[Related case No. 13-cv-3451 (SRN/JJK/HB) pending in the U.S. District Court for the District of Minnesota] |

**ORDER GRANTING MOTION TO COMPEL MBIA INSURANCE CORPORATION TO PRODUCE THE MBIA REPLY SUBMISSION PAPER**

On April 28, 2016, the Court entered an order compelling MBIA Insurance Corporation ("MBIA") to produce in discovery its Initial Submission Paper (as defined in the Prior Order) in response to the motion to compel filed by some of the defendants in the mortgage purchase litigation pending in the U.S. District Court for the District of Minnesota (the "Minnesota District Court").  (*See Order Granting in part Motion to Compel MBIA Ins. Corp. to Produce Documents and Transferring Additional Issues to the United States District Court for the District of Minnesota* ("Prior Order," ECF Doc. # 9873).)  Familiarity with the Prior Order is assumed. The Prior Order reserved decision whether MBIA would also be required to produce its Reply Submission Paper (as defined in the Prior Order).

For the reasons explained below, the Court now orders MBIA to produce its Rely Submission Paper in response to the subpoena.

As explained in the Prior Order, MBIA does *not* object to producing its two Submission Papers in response to the subpoena. The *only* objection comes from Residential Funding Company, LLC ("RFC") and ResCap Liquidating Trust (the "Trust") (together with RFC, the "Plaintiffs"), the Plaintiffs in the Minnesota cases. Plaintiffs' counsel asserts that the MBIA Submission Papers are protected from discovery by the Uniform Protective Order and the Submission Confidentiality Agreement (as defined in the Prior Order).

MBIA's legal counsel prepared both the Initial Submission Paper and the Reply Submission Paper; both contain quintessential attorney work product, setting forth the lawyers' analysis of the claims that MBIA asserted against several of the Debtors and Ally Financial Inc. ("AFI"). The 75 page Reply Submission Paper explains that it sets forth MBIA's response to Submission Papers from the Debtors and AFI. Plaintiffs' counsel argued during the hearings to compel enforcement of the subpoena that the Reply Submission Paper, in particular, should not be produced because it specifically refers to and responds to arguments in the confidential Submission Papers of the Debtors and AFI. The Prior Order said that the issues concerning the confidentiality of the AFI Submission Paper would be dealt with in an order concerning a separate motion to compel AFI to produce documents to defendants in the mortgage purchase litigation in the Minnesota District Court. The parties to that motion appear to have resolved their differences (they are still finalizing their agreement) so, at least for now, the Court does not need to rule on that separate motion to compel. Therefore, the Court now resolves the open issue whether MBIA must produce its Reply Submission Paper. The Plaintiffs' objection is overruled and MBIA is ordered to produce its Reply Submission Paper.

On August 20, 2012, at the Examiner's request, the Court entered an Order granting the Examiner authority to issue subpoenas, approving establishment of a document depository, and

approving a Uniform Protective Order for Examiner Discovery (the "Uniform Protective Order"). (ECF Doc. # 1223-1.) The Uniform Protective Order permitted parties to produce documents to the Examiner subject to tight confidentiality restrictions. But a protective order or confidentiality agreement cannot shield from discovery in other lawsuits documents that would otherwise be discoverable. However, a document covered by attorney-client privilege or attorney work product gains protection when produced under a court-approved protective order that expressly preserves such protection.

As explained in the Prior Order, Federal Rule of Evidence 502(d) provides that "[a] federal court may order that the [attorney-client] privilege or [attorney work product] protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." Federal Rule of Evidence 502(e) provides that "[a]n agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order." The Uniform Protective Order, which was approved by an order of the Court, provides that for documents properly labeled "Highly Confidential," the documents could be produced to the Examiner without waiving attorney-client privilege or work product protection. Therefore, documents labeled "Highly Confidential" containing attorney-client privilege or attorney work product material remain protected from discovery in any other state or federal court so long as the protection was not otherwise waived.

The Submission Confidentiality Agreement was not approved by an order of the Court and does not contain a non-waiver provision. Therefore, the Submission Confidentiality Agreement, standing alone, does not protect from discovery documents otherwise protected by attorney-client privilege and attorney work product. The Plaintiffs' counsel argues that *both* the

3

Uniform Protective Order and the Submission Confidentiality Agreement cover the Submission Papers. It is not clear whether that is so, but even accepting that argument, continued protection of attorney-client privilege and attorney work product under Federal Rule of Evidence 502(d) requires that the Submission Papers produced to the Examiner be designated "Highly Confidential." The MBIA Submission Papers were not designated as Highly Confidential— either on the Submission Papers themselves, or in the Submission Confidentiality Agreement, which says that Submission Papers are Confidential. Under the Uniform Protective Order, a designation of "Confidential" provides a lower level of protection and no specific protection for attorney-client privilege or attorney work product.

The Court has reviewed the AFI Submission Paper *in camera*. Like the MBIA Submission Papers, the AFI Submission Paper is quintessential attorney work product, responding to the arguments made in the MBIA Initial Submission Paper. The AFI Submission Paper had to be—but was not—designated as Highly Confidential subject to the Uniform Protective Order to protect attorney work product under Fed. R. Evid. 502(d). Since the AFI Submission Paper is not protected from disclosure by the Uniform Protective Order, the MBIA Reply Submission Paper that responds to the arguments made in AFI's Submission Paper is likewise not protected from disclosure. The Plaintiffs' counsel did not argue and made no showing that the Debtors' Submission Paper—to which the MBIA Reply Submission Paper also responds—was designated as Highly Confidential.

**NOW THEREFORE**,

1. MBIA shall produce its Reply Submission Paper to the Movants' counsel, subject to the protective order that is in place in the mortgage purchase litigation in the Minnesota District Court.

2. The Court retains jurisdiction with respect to any continuing disputes regarding the motion to compel compliance with the subpoena, *except* for those issues transferred to the Minnesota District Court pursuant to the Prior Order.

**IT IS SO ORDERED.**

Dated:   May 2, 2016
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge