Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

May 3, 2016

The Honorable Judge Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Courtroom 501
One Bowling Green
New York, New York 10004-1408

Re: *In re: Residential Capital, LLC, et al.*, Case No. 12-12020

Dear Judge Glenn:

    This letter is a request to supplement my Motion to Alter or Amend Judgment By Way of Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) Re: Memorandum Opinion and Order After Trial Finding Merit To The Objection Raised by Rescap Borrower Claims Trust Against Claim NOS. 416 and 417 that I filed on April 27, 2016.

    In addition of my arguments I presented in my motion, I would like to supplement an important issue that I would like the Court to consider:

**Error of Law**

    As a matter of law, GMAC Mortgage, as agent for HSBC Bank USA, N.A., the principal, cannot assign the rights its principal to itself.

    An agent is prohibited from transferring the principal's assets to itself, without the clearest showing of intent of the principal's intent to allow the transfer. See Semmler v. Naples, 563 N.Y.S.2d 116, 166 A.D.2d 751 (N.Y.A.D. 3 Dept., 1990) at page 117. The relationship of an attorney-in-fact to his principal is that of agent and principal (see, Cymbol v. Cymbol, 122 A.D.2d 771, 772, 505 N.Y.S.2d 657; Matter of Estate of De Belardino, 77 Misc.2d 253, 256, 352 N.Y.S.2d 858; affd. 47 A.D.2d 589, 363 N.Y.S.2d 974) and, thus, the attorney-in-fact "must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing" (Matter of Estate of De Belardino, supra, at 256, 352 N.Y.S.2d 858; see, Elco Shoe Mfrs. v. Sisk, 260 N.Y. 100, 103-104, 183 N.E. 191). Consistent with this duty, an agent may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship ( see, Moglia v. Moglia, 144 A.D.2d 347, 348, 533 N.Y.S.2d 959; Matter of Estate of De Belardino, supra, 77 Misc.2d at 257, 352 N.Y.S.2d 858; 3 NY Jur 2d, Agency, § 195, at 23). "Such a gift carries with it a presumption of

1

RECEIVED
MAY -5 2016
U.S. BANKRUPTCY COURT, SDNY

impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (Matter of Estate of De Belardino, supra, at 257, 352 N.Y.S.2d 858)

GMACM claimed the authority to transfer the Aniel Deed of Trust, an asset of its principal, HSBC Bank USA, as Trustee of the Trust to itself. There is no evidence on the record of the intent of HSBC Bank USA, N.A. as Trustee of the Trust, which itself owes a fiduciary duty to the beneficiaries of the Trust, to allow the transfer of an asset of the Trust: the Aniel Deed to its agent, GMACM. While the Power of Attorney may have authorized GMACM the power to execute such an assignment, there is no evidence that HSBC actually authorized GMACM to create such an assignment. The evidence actually proves that GMAC hired a law firm or a third party to create an assignment of deed for a mere $100.

As a matter of law, the Borrower Claims Trust's objection to the Aniel's claim fails for lack of evidence of the validity of the assignment from GMACM as agent for HSBC Bank USA, N.A. as Trustee of the Trust to GMACM.

Respectfully,

Erlinda Abibas Aniel

Cc:

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Jordan A. Wishnew, and Jessica J. Arett
Morrison and Foerster
250 West 55th Street
New York, NY  10019-9601

2