**Hearing Date: June 15, 2016 at 10:00 A.M. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S OMNIBUS REPLY IN SUPPORT OF ITS NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS ((I) REDESIGNATE AND ALLOW BORROWER CLAIMS, (II) RECLASSIFY AND ALLOW BORROWER CLAIMS, (III) REDESIGNATE, RECLASSIFY AND ALLOW BORROWER CLAIMS, AND (IV) ALLOW IN FULL BORROWER CLAIMS) AS TO CLAIM NO. 1457**

ny-1231287

**Hearing Date: June 15, 2016 at 10:00 A.M. (Prevailing Eastern Time)**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") to the response filed by Beverly Blake (the "Respondent") [Docket No. 9849] (the "Response")[2] to the *ResCap Borrower Claims Trust's Ninety-Third Omnibus Objection to Claims ((I) Redesignate and Allow Borrower Claims, (II) Reclassify and Allow Borrower Claims, (III) Redesignate, Reclassify and Allow Borrower Claims, and (IV) Allow In Full Borrower Claims)* [Docket No. 9779] (the "Objection"). The Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to the Respondent, then the Borrower Trust reserves the right to take discovery from the Respondent.

2. As described herein, the Borrower Trust examined the Claim and determined that it improperly asserts a priority claim under section 507(a)(7) of the Bankruptcy Code. For the reasons set forth in the Objection and this Reply, the Respondent has failed to demonstrate she made a deposit in connection with the purchase, lease, or rental of property or services that were not delivered or provided and therefore is not entitled to a priority claim under section 507(a)(7). Therefore, the Respondent has failed to meet her burden of proof, and the relief sought in the Objection should be granted with respect to the Respondent.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.
[2] The Borrower Trust also received a letter, attached as Exhibit A hereto (the "Letter"), that might have been in response to the Objection. However, the signature on the Letter is illegible, and there is nothing in the Letter to identify the author as a Borrower whose claim was objected to in the Objection. As a result, the Borrower Trust does not respond to the Letter in this Reply.

1

## BACKGROUND

3. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that it believed improperly assert a secured claim or a priority claim under section 507 of the Bankruptcy Code (together, the "Reclassify and Allow Borrower Claims").

*Background Facts*

4. On or around October 22, 2012, the Respondent filed a proof of claim against Debtor Homecomings Financial, LLC ("Homecomings") designated as Claim No. 1457 (the "Claim"), asserting a priority unsecured claim in the amount of $26,000.00. See Exhibit B attached hereto. On the proof of claim form, the Respondent identified her claim as a priority claim under section 507(a)(7) of the Bankruptcy Code and stated as the basis for her claim: "There was a breach of performance in handling my loan for real estate." See id.

5. In the Response, the Respondent expands on the basis for her claim, stating that her claim is based on the improper origination of her loan.

## REPLY

6. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a Respondent establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the Respondent to rebut the presumption of the Respondent's prima facie case. In re Residential

Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

7.  Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010).

8.  As stated in the Objection, the Borrower Trust is prepared to allow the Claim as a general unsecured non-priority claim, but disputes that the Claim is entitled to priority status under section 507(a)(7) of the Bankruptcy Code. That provision states that the following types of claims shall receive priority:

> [A]llowed unsecured claims of individuals, to the extent of $[2,600]$^3$ for each individual, arising from the deposit before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7).

9.  Here, the Respondent has not identified any deposit that she made with Homecomings in connection with the purchase, lease, or rental of property that was not provided to her. Rather, she asserts that her claim is based on higher interest rates and fees that she has been required to make. Furthermore, the Claim amount far exceeds the $2,600 cap on priority

---

[3] For cases commenced prior to April 1, 2013, the dollar amount is $2,600, rather than $2,775, the amount currently listed in 11 U.S.C. § 507(a)(7).

claims permitted under 11 U.S.C. § 507(a)(7). The Borrower Trust has not identified any other basis for granting the Claim priority status, and no other basis is put forward by the Respondent. As a result, the Respondent has failed to demonstrate that her claim is entitled to be classified as a priority claim, and the Court should reclassify her claim as a general unsecured claim and allow it in the asserted amount.

## CONCLUSION

10. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety, and the Claim should be reclassified as a general unsecured claim and allowed against Homecomings in the amount of $26,000.

| | |
|---|---|
| Dated: May 12, 2016<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |