Hearing Date:  June 15, 2016 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
OBJECTION TO CLAIM NUMBER 1296 FILED BY MARY PERKINS WHITE**

ny-1231242

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the Chapter 11 plan (the "Plan") confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with regard to Borrower Claims (as defined below), hereby submits this reply (the "Reply") and the Supplemental Declaration of Sara Lathrop, Senior Claims Analyst for the ResCap Borrower Claims Trust (the "Supp. Decl."), attached hereto as Exhibit 1, to the response of claimant Mary Perkins White (the "Claimant") [Docket No. 9852] (the "Response") to the *Objection Of The Rescap Borrower Claims Trust To Claim Number 1296 Filed By Mary Perkins White* [Docket No. 9796] (the "Objection").[1]  In further support of the Objection, the Trust respectfully represent as follows:

**I.    PRELIMINARY STATEMENT**

1.    Based on the record before the Court, the Claimant has not met the requisite burden of proof to justify a claim amount of $320,000.  In the Response, the Claimant asserts that she has demonstrated that GMACM is liable to her under FCRA.  The Borrower Trust does not dispute its liability under FCRA.  Rather, the Borrower Trust asserts that the Claimant has neither sufficiently demonstrated causation nor sufficiently quantified her injuries stemming from GMACM's failure to timely correct her credit report.  Without sufficient evidence to support the asserted damages amount, the Borrower Trust asserts that the Claimant has not met her requisite evidentiary burden and is not entitled to recover the amount asserted in her proof of claim.

---

[1]    Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

1

2. As to the Claimant's allegations in the Response regarding additional credit reporting inaccuracies, the majority of these allegations are not supported by the documents, and it is unclear that these allegations create liability for GMACM or how all but one of the alleged inaccuracies caused harm to the Claimant.

3. Furthermore, the Claimant appears to admit in the Response that her claim does not include punitive damages, and that any award of damages is limited to what is available under FCRA.

4. Therefore, as further detailed in this Reply, the Respondent has failed to meet her burden of proof, and the relief sought in the Objection should be granted.

## II.     REPLY

5. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder, 954 F.2d 167, 173-74 (3d Cir. 1992).

6. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida, Ltd., No. 09-CV-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

      A.    **The Claimant Misconstrues the Borrower Trust's Argument Regarding Damages Under FCRA**

7.    In the Response, the Claimant asserts that the Borrower Trust is denying that actual damages are available under FCRA. See Response at 11-12. The Borrower Trust does not deny that actual damages are available under 15 U.S.C. § 1681. Rather, the Borrower Trust believes that the Claimant has not met her burden of adequately substantiating the amount of her damages, and therefore, has not shown that she is entitled to an allowed claim in the amount of $320,000.

8.    Here, while the Borrower Trust does not contest that the Claimant has demonstrated that GMACM violated FCRA, the Borrower Trust asserts that the Claimant has not sufficiently demonstrated the **amount** of her damages as a result of GMACM's actions or even that such damages were caused by GMACM's actions. For example, as discussed in the Objection, while the Claimant has provided proof that her lines of credit were reduced, she has not provided any evidence as to how those reductions harmed her, nor has she quantified that harm. Without any evidence or explanation for how the Claimant came to incur $320,000 of damages, she has not met her burden under section 502(b)(1) of the Bankruptcy Code, and the Court should not permit her claim to be allowed in such an amount.

3

**B.      Certain of the Claimant's Allegations Regarding the Post-February 2011 Credit Reports Are Not Supported by the Documents**

9.      The Claimant alleges in the Response that GMACM acted improperly in reporting her loan to the credit bureaus after she filed her lawsuit against GMACM on June 8, 2011. Specifically, the Claimant asserts that GMACM misreported that her loan was a home equity line of credit (HELOC), that it had a $200,000 credit limit, the last payment was made in June 2009, and the last activity was in August 2009. See Response at 10-11. The Claimant also asserts that GMACM misreported her account as past due in February 2012 (the "February 2012 Credit Report"). See Response at 11.

10.     GMACM's records do not reflect any reports made to any credit reporting agencies after the report made on February 25, 2011. See Supp. Decl. ¶ 4. As a result, the Borrower Trust neither admits that GMACM made the alleged reports nor that it received notice of a dispute of the alleged inaccuracies in the response from a "credit reporting agency," as is required to trigger the private right of action under FCRA. See Scott v. Macy's Inc., No. 1:14-cv-3141-TOR, 2015 WL 417914, at *8 (E.D. Wash. Jan. 30, 2015) (stating that FCRA only provides for a private right of action after the furnisher receives notice of dispute from a credit reporting agency) (citation omitted).

11.     Moreover, even if the above reports were made, it is unclear how any of the alleged inaccuracies in the documents attached to the Response harmed the Claimant (other than the statement that the Loan was delinquent). Furthermore, other than the statement that her account was past due on the February 2012 Credit Report, the information contained on the documents attached to the Response appears to be accurate.

12.     With regard to the allegation that the report improperly lists the Loan as a HELOC and the credit limit as $200,000, the Claimant's loan documents, attached as Exhibit B

4

and Exhibit C to the Lathrop Declaration (Exhibit 2 to the Objection), demonstrate that the Loan was in fact a HELOC and that the credit limit was $200,000. See HELOC Agreement. The Claimant might be referring to the terms of the Modification Agreement, which would have changed the HELOC into an installment loan with an initial principal balance of $107,113.64. See Modification Agreement, attached as Exhibit D to the Lathrop Declaration. However, as stated in the Objection, the terms in the Modification Agreement would not have been reported on the Claimant's credit report because the Loan Modification was never executed by GMACM. See Supp. Decl. ¶ 5. Furthermore, because the payments made in August, September, and October 2009 were not applied to the account because the loan modification was never finalized, June 2009 would have been the date of the last payment reflected in GMACM's books and records. See id. The corrected report made to the credit bureau in February 2011 would have reflected those months as being not delinquent, but would not have necessarily stated that payments were received during those months. See id. As a result, other than the statement on the February 2012 Credit Report, the Claimant has failed to allege any other inaccurate information on the credit reports following February 2011. With regard to the statement on the February 2012 Credit Report that allegedly misreported the Claimant as past due, as stated above, the Borrower Trust cannot confirm that this alleged report was made after an inquiry from the credit bureaus. However, in the interest of bringing this matter to a resolution, the Borrower Trust is willing to permit additional statutory damages of $1,000 for the alleged violation in the February 2012 Credit Report, bringing the total statutory damages to $8,000, and entitling the Claimant to an allowed general unsecured claim in that amount.

    **C.**    **The State Law Causes of Action as Pled Are Preempted by FCRA**

13. The Claimant next contends that her cause of action for defamation under state law is not preempted by FCRA, notwithstanding the holding in Dvorak v. AMC Mortg. Servs.,

5

Inc., No. cv-06-5072-LRS, 2007 WL 4207220, at *4-5 (E.D. Wash. Nov. 26, 2007). See Response at 13-14. The Claimant points to Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1167 (9th Cir. 2009) for the proposition that her defamation claim is not preempted. However, as the Claimant admits, Gorman did not specifically decide the issue of whether a state tort claim for defamation can be brought under § 1681(h)(e), finding instead that the plaintiff could not survive summary judgment no matter how § 1681(h)(e) is interpreted because the plaintiff had not sufficiently alleged malice. Furthermore, while the Claimant points to a case from the United States District Court for the District of Arizona as one that disagreed with the findings in Dvorak, she provides no basis to give the Arizona court's reasoning more weight than the reasoning of the United States District Court for the Eastern District of Washington.

14.  Additionally, as noted in the Response, the Claimant is not able to obtain any additional damages under a defamation cause of action that she would not be able to obtain under FCRA. See Response at 14. Since the Borrower Trust has admitted GMACM's actions incurred liability under FCRA, the issue of which cause of action under which damages should be awarded is likely irrelevant.

**D.    Punitive Damages Are Not Appropriate Here**

15.  In the Response, the Claimant asserts that the amount of the claim was intended to approximate the total damages done to her by GMACM, which implies that the Claim does not include punitive damages. See Response at 17. However, to the extent the Claimant still intends to seek an award of the punitive damages, such an award has been foreclosed by this Court, which has found that punitive damages "would not punish GMACM, but rather would reduce the claims of other borrowers with allowed claims, further diluting the amount available to satisfy such claims." See *Order Sustaining in Part and Overruling in Part ResCap Borrower Claims*

*Trust's Objection to Claim Number 2397 Filed by John Satterwhite*, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Apr. 7, 2015) [Docket No. 8432] (citation omitted). As a result, like every other borrower claimant, the Claim must be limited to the amount of her actual harm resulting from GMACM's actions.

16. In sum, while the Claimant is entitled to some amount on account of GMACM's violation of FCRA, to date she has not sufficiently demonstrated that GMACM's violations harmed her in the amount of $320,000. As a result, the Borrower Trust submits, as stated in the Objection, that the Court should fix the amount of the Claim at $8,000 and allow the Claim in that amount.

Dated: May 12, 2016
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*