DIEM TRANG NGUYEN
PO Box # 12139
Westminster, CA  92685
Tel: 714-891-8382
Email: DIEM.HOME@GMAIL.COM

Counsel: DIEM T NGUYEN – PRO PER

**UNTIED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                       Debtors. | **Chapter 11**<br><br>Case No. 12-12020 (MG)<br><br>**(Jointly Administered)**<br><br>**RESPONSE IN OPPOSITION TO DEBTORS' 92nd OMNIBUS OBJECTION TO CLAIMS RELATING TO:**<br><br>**DIEM TRANG NGUYEN<br>CLAIM NO. 3725** |

TO THE HONORABLE MARTIN GLENN

UNITED STATES BANKRUPTCY JUDGE



Diem Trang Nguyen, ("Nguyen") Self-Represented, respectfully submits her Response in Opposition to Debtors 92nd Omnibus Objection to Claims relating in particular to the December 19, 2013 Proof of Claim ("Nguyen POC") filed by Diem Trang Nguyen in the administrative proceeding of Residential Capital, LLC.

1

The Nguyen POC, timely filed, is properly deemed allowed for the reasons set forth in the Nguyen POC and this Response. Debtors present no valid basis for disallowance of the Nguyen POC, only assert that the Nguyen POC was "mistakenly included on the ordered entered on the Debtors' 51st Objection to Claims (Books and Records Claims-Res Judicata and Wrong Debtor.)" Reserving all rights, remedies and defenses, Diem Trang Nguyen respectfully requests that this Court deny the Omnibus Objection to Claims relating to the Nguyen POC for the reasons set forth herein.

### Factual Background of the Nguyen POC

Nguyen obtained a mortgage loan from Debtor GMAC Mortgage Corporation dba ditech.com on July 17, 2006. GMAC purportedly transferred its interest to Fannie Mae, while continuing to service the loan from origination until servicing was transferred to Nationstar Mortgage, LLC on December 1, 2008. Nguyen filed litigation against Debtor GMAC Mortgage, LLC and non-Debtors Nationstar Mortgage, LLC and Fannie Mae, in the U.S. District Court, Central District of California, Case No. 8-10-cv01007-CJC-RNB. This case was originally filed in state court on May 28, 2010, and subsequently removed to U.S.D.C by Debtors in July 2010 for federal question jurisdiction. The District Court granted Debtor's motion to dismiss with prejudice on October 21, 2010. In September 2011, Nguyen moved to vacate the judgment which the District Court denied by an order on October 6, 2011. Nguyen filed a timely notice of appeal to the U.S. Court of Appeals, Ninth Circuit, Case No. 11-56774 as to the denial of the motion to vacate judgment. That appeal has been stayed as a result of Debtor's actions in Bankruptcy Court.

Nguyen filed litigation (Third Amended Complaint) against Debtor GMAC Mortgage, LLC and other non-Debtors including Nationstar Mortgage, LLC, Federal National Mortgage

2

Association, MERS, et al, in the Superior Court of California, Orange County, Case No. 30-2010-00387297, on July 14, 2011. Debtor filed a demurrer which was sustained without leave to amend on January 5, 2012. Nguyen filed a notice of appeal on April 18, 2012 to the Fourth Appellate Division, Div. 3, Case No. G046818. This appeal has been stayed as a result of Debtor's actions in Bankruptcy Court. Nguyen's Third Amended Complaint alleged claims against Debtor for wrongful foreclosure, quiet title, negligence and declaratory relief, promissory estoppel, breach of contract, slander of title, cancellation of instruments, negligent misrepresentation, breach of covenant of good faith and fair dealing, fraud, and violation of Cal. Bus & Profs. Code 17200.

### **Legal Basis of the Nguyen POC**

Debtor erroneously states it has no liability for any wrongful foreclosure claims, because an unlawful detainer judgment was entered in favor Fannie Mae on August 16, 2011. Further erroneously asserts that the unlawful detainer judgment in Fannie Mae's favor necessarily decided that the foreclosure sale was valid, therefore, any claims related to the foreclosure are barred.

Restitution can be recovered in the underlying unlawful detainer action when a judgment for the landlord is reversed *or* in a separate action instituted to recover losses incurred as a result of a reversed judgment. (*Stockton Theatres, Inc. v. Palermo* (1953) 121 Cal.App.2d 616, 619–621 [264 P.2d 74]; see also *Ward v. Sherman* (1909) 155 Cal. 287, 291 [100 P. 864] ["The restitution may be directed and provided for in the original action itself [citation], or may, as here, be sought in a separate action instituted for that purpose."].)(*Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 658 [124 Cal.Rptr.3d 664].)

3

"California follows the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law . . . . [Citations.]" (*Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1452; accord, *Younger v. Jensen* (1980) 26 Cal.3d 397, 411, 161 Cal. Rptr. 905.) Subject to one exception, however, federal principles of collateral estoppel are substantially the same as the state principles set forth above. (See generally *Arizona v. California* (2000) 530 U.S. 392, 413 [120 S. Ct. 2304, 147 L. Ed. 2d 374; *U.S. v. Mendoza* (1984) 464 U.S. 154, 158 [104 S. Ct. 568, 78 L. Ed. 2d 379].) **The one exception is that, under state law, a decision is not final until it has been affirmed on appeal or the time to take an appeal has passed...**(*CITY OF RIVERSIDE v. VALLEY OUTDOOR, INC.* (Sep. 13, 2005, E036258) ___Cal.App.4th___ [2005 Cal. App. Unpub. LEXIS 8211, at *17-18].)

Under *federal law*, in order to prove that an action is barred by res judicata, a party invoking res judicata must establish three elements: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. (*Newdunn Assocs., LLP v. State Water Control Bd.* (Cir.Ct. July 3, 2003, Nos. C01-2121, CH02-769) 2003 Va. Cir. LEXIS 385, at *1.)

### No Proper Basis Exists To Disallow the Nguyen POC

Pursuant to Rule 3007(d), Federal Rules of Bankruptcy Court Procedure objections to more than one claim may be joined in an omnibus objection if all such claims are filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

(1) they duplicate other claims;

(2) they have been filed in the wrong case;

(3) they have been amended by subsequently filed proofs of claim;

4

(4) they were not timely filed;

(5) they have been satisfied or released;

(6) they are interests, not claims; or

(7) they assert priority in an amount that exceeds the maximum amount under section 507of the United Stated Bankruptcy Code.

Debtor erroneously asserts that the Nguyen POC should be disallowed because it was "filed in the wrong case" pursuant to No. 2 above.

### Request For Documents Related To General Servicing Issues

Nguyen hereby requests that the following documents related to general servicing issues be provide to her, as well as to the Court:

1. Loan Payment History

2. Internal Servicing Notes currently accessible to the Borrower Trust;

3. Note and rider to the Note

4. Mortgage Deed of Trust;

5. Debtors written communications to the claimant;

6. Copies of lien releases; or

7. Other documents that are relevant to the reconciliation of the claim.

### Request For Documents Related To Wrongful Foreclosure

Nguyen hereby requests that in addition to the documents requested above related to general servicing issues, the following documents related to wrongful foreclosure be provided to her, as well as to the Court:

1. Denial letters

5

2. Missing Items letters

3. Loan modification offers

4. Signed modification agreement(s)

5. Breach of contract notice, and

6. Trial forbearance, or Foreclosure Repayment Plan Letters;

7. Escrow statement;

8. Pooling and Servicing Agreements, or

9. Other documents that are relevant to the reconciliation of the claim.

WHEREFORE, Diem Trang Nguyen, respectfully requests entry of an order denying the relief requested by Debtors in their Omnibus Objection to Claims as it relates to the Nguyen POC, and respectfully requests that further proceedings be set to determine the allowance of the Nguyen POC, and such other and further relief as is just.

Dated: May 10, 2016

                                                Diem Trang Nguyen
                                                PO Box 12139
                                                Westminster, CA 92685

                                                */s/ Diem T. Nguyen*
                                                Diem Trang Nguyen
                                                Claimant, Self-Represented

## Certificate of eService

I, the undersigned, declare that I am over the age of 18. I am the party to this action. I am the resident of Orange County where the mailing took place. My mailing address / place of business is: **DIEM T NGUYEN, PO BOX # 12139, WESTMINSTER, CA 92685** .

On the date below I served a copy, with all exhibits, of the following document (s):
Case Name: In re RESIDENTIAL CAPITAL, LLC, et al.,
Case No.: 12-12020 (MG)

On all interested parties in the said case addressed as follows:

RESPONSE IN OPPOSITION TO DEBTORS' 92nd OMNIBUS OBJECTION TO CLAIMS RELATING TO: DIEM TRANG NGUYEN CLAIM NO. 3725

To the following parties :

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Tel: 212-468-8000
Email: JWishnew@mofo.com
Attn: Mr. Wishnew, Jordan A
Attorney for: Residential Capital, LLC

On May 08, 2016, Mr. Wishnew consent to service via email from Diem Trang Nguyen, and waived third party service.

__XXX__ (via EMAIL) at email addresses: JWishnew@mofo.com on **05-10-2016** at WESTMINSTER CITY, CA.

Executed on **05-10-2016** at WESTMINSTER, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05-10-2016

_Diem T Nguyen_
Diem T Nguyen