1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10            Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14             United States Bankruptcy Court

15             One Bowling Green

16             New York, New York

17

18             May 10, 2016

19             2:05 PM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2  Case Management and Scheduling Conference Regarding the Rode

3  Claims Objection Matters

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  Sharona Shapiro

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

1

2  A P P E A R A N C E S :

3  MORRISON & FOERSTER LLP

4       Attorneys for ResCap Borrower Claims Trust

5       250 West 55th Street

6       New York, NY 10019

7

8  BY:   JORDAN A. WISHNEW, ESQ. (TELEPHONICALLY)

9        ERICA J. RICHARDS, ESQ. (TELEPHONICALLY)

10

11

12  ACCESS LEGAL SERVICES

13       Attorneys for Richard Rode

14       310 Fourth Avenue South

15       Suite 5010

16       Minneapolis, MN 55415

17

18  BY:   WENDY ALISON NORA, ESQ. (TELEPHONICALLY)

19

20

21

22

23

24

25

1               P R O C E E D I N G S

2          THE COURT:  All right.  This is Judge Glenn.  We're on

3     the record in Residential Capital, number 12-12020.  This is a

4     case management conference in regard to the ResCap Borrower

5     Claims Trust's objection to claims numbers 5610 and 5 -- 6512

6     (sic) filed by Richard D. Rode.

7          May I have the appearances first for the Trust?

8          MS. RICHARDS:  Good afternoon, Your Honor.  Erica

9     Richards with Morrison & Foerster for the ResCap Borrower

10    Claims Trust.

11         THE COURT:  Anybody else for the Trust?

12         MR. WISHNEW:  Your Honor, good afternoon.  Jordan

13    Wishnew, Morrison & Foerster, for the ResCap Borrower Claims

14    Trust.  Ms. Richards will be speaking.

15         THE COURT:  All right.  And for Mr. Rode?

16         MS. NORA:  Wendy Alison Nora, Your Honor.  And Mr.

17    Rode is on the phone.

18         THE COURT:  All right.  All right.  In the last case

19    management and scheduling order, which was dated March 11th,

20    2016, it provided that all fact discovery should be completed

21    no later than February 16th.

22         Ms. Richards, is all fact discovery completed?

23         MS. RICHARDS:  Yes, Your Honor.

24         THE COURT:  Ms. Nora?

25         MS. NORA:  To the extent possible, Your Honor, yes.

1       THE COURT:  I don't understand what "to the extent
2   possible" means.  There was a deadline.  Is all fact discovery
3   completed?

4       MS. NORA:  We would like more time to discover facts
5   that emanate from facts that were discovered by the discovery
6   had so far.

7       THE COURT:  All right.  The case management order, in
8   paragraph 7, provided that:  "This order may not be modified or
9   the dates here extended except by further order of this Court
10  for good cause shown.  Any application to modify or extend any
11  deadline established by this order shall be made in a written
12  application no less than five days prior to the expiration of
13  the date sought to be extended."  No such application was made.

14      Ms. Nora's request to extend the time for fact
15  discovery is denied.

16      All right.  Ms. Richards, is all expert discovery
17  completed?

18      MS. RICHARDS:  Yes, Your Honor, it is.

19      THE COURT:  Ms. Nora, is all expert discovery
20  completed?

21      MS. NORA:  Yes, Your Honor.

22      THE COURT:  All right.  What remains is for a joint
23  pre-trial conference order to be prepared, date of final
24  pre-trial conference, and for trial.

25      Ms. Richards, how many witnesses do you anticipate

RESIDENTIAL CAPITAL, LLC, et al.                                    6

1  having at trial?

2          MS. RICHARDS:  Your Honor, we only expect to call one,

3  Sara Lathrop.

4          THE COURT:  Any experts?

5          MS. RICHARDS:  No.

6          THE COURT:  All right.  Ms. Nora, how many witnesses

7  do you anticipate?

8          MS. NORA:  Your Honor, I would expect that we would

9  have at least five.

10         THE COURT:  And how many of those five witnesses are

11 experts?

12         MS. NORA:  We have the expert testimony of Bill

13 Paatalo that we would like to introduce.  We are concerned

14 about the brevity of the expert report of Bob Adams because he

15 was on his tax deadline, but we might be calling Bob Adams.

16 But then with respect to the other fact witnesses, Jeffrey

17 Uzick, as to the attorneys' fees that were incurred as a result

18 of the breach, Mr. Rode -- D. Rode, his wife, Larry Wickstrom,

19 who calculated the values of the RALI trust, and there might be

20 some others from the -- we had quite a few listed.  I haven't

21 decided yet --

22         THE COURT:  Okay.

23         MS. NORA:  -- what we can afford in terms of who we

24 might call.

25         THE COURT:  All right.  I'm going to set a deadline

1  for submission of the joint pre-trial conference order for June

2  17th, 2016.

3          I'm just making some notes, so hold on.

4          All right.  You've been involved, Ms. Nora, in

5  preparing the joint pre-trial conference order, so you know the

6  format that it has to take.

7          So again, 5 p.m. June 17th is the deadline for the

8  joint pre-trial conference order.  The final pre-trial

9  conference will be held on June 22nd, 2016.  Just let me look

10 at my calendar.

11     (Pause)

12          THE COURT:  All right.  June 22nd at 10 a.m.

13          Ms. Nora, I'll permit you to appear by telephone.

14          MS. NORA:  Thank you, Your Honor.

15          THE COURT:  And Ms. Richards, you and Mr. Wishnew, if

16 you wish, we can do the whole thing by telephone.

17          MS. RICHARDS:  Thank you, Your Honor.

18          THE COURT:  And I would ask the Trust counsel to

19 arrange the call-in information for it.

20          Ms. Nora, how long do you anticipate you're going to

21 require for trial?

22          MS. NORA:  I believe two days, Your Honor, maybe

23 three.

24          THE COURT:  Ms. Richards?

25          MS. RICHARDS:  Your Honor, we think we'll need perhaps

RESIDENTIAL CAPITAL, LLC, et al.                                      8

1   four hours or --

2             THE COURT:  Okay.

3             MS. RICHARDS:  -- about that time.

4             THE COURT:  Let me ask are there any depositions that

5   either side intends to offer?

6             MS. RICHARDS:  No, Your Honor.

7             MS. NORA:  No, Your Honor.

8             THE COURT:  Okay.  All right.  I'm going to set the

9   trial.  I would have liked to have done it earlier but because

10  of my court schedule, I'm going to set the trial for August

11  15th and -- August 15, 16, 17, and 18.

12            MS. NORA:  Your Honor, may I have just a moment to

13  check something that is a tentative against that schedule?

14            THE COURT:  Yes, please.  Go ahead.

15            MS. NORA:  Thank you.

16      (Pause)

17            MS. NORA:  That's open for me, Your Honor.

18            THE COURT:  Okay.  So it was those four days, April

19  (sic) 16th, 17 -- excuse me, August 15th, 16, 17, and 18,

20  beginning at 9 a.m. each day.

21            At the final pre-trial conference on June 22, we'll

22  discuss the dates for submitting exhibits and trial briefs so

23  there's enough time between the joint pre-trial -- between the

24  final pre-trial conference and the actual trial date.

25  Generally, depending on complexity, I either require materials

1    one or two weeks in advance of trial, though we have --

2    there'll be plenty of time to do that then.

3              Okay.  I'm making a note again.

4              All right.  Anything else either side wants to raise

5    today?

6              MS. RICHARDS:  Your Honor, the Claims Trust would also

7    like the opportunity to file the motions in limine.  It's

8    actually, again, something we can take up at the pre-trial

9    conference.

10             THE COURT:  All right.  Ms. Nora, anything else you

11   want to raise?

12             MS. NORA:  No, Your Honor.

13             THE COURT:  All right.  I'm going to make a note again

14   that we can discuss motions in limine at the pre-trial.  For

15   both sides, you'll tell me what, if any, motions in limine you

16   want to make.  I anticipate that I'll probably give you one or

17   two weeks to get them filed and a week or so for responses.  I

18   want to make sure -- I always try, with motions in limine, to

19   make sure that I have them well in advance so that I can rule

20   on them so everybody knows exactly what to anticipate and what

21   they have to do at trial.  But we can discuss them at the June

22   22nd final pre-trial conference.

23             Mr. Wishnew, is there anything else for today?

24             MS. RICHARDS:  Nothing further, Your Honor.

25             THE COURT:  Ms. Nora, anything else?

RESIDENTIAL CAPITAL, LLC, et al.                           10

1          MS. NORA:  Your Honor?

2          THE COURT:  Anything else?

3          MS. NORA:  Yes.  For clarification, did I understand

4    the Court to say that motions in limine should be filed two

5    weeks before the final pre-trial conference?

6          THE COURT:  No, no, no.  That wasn't what I -- you

7    misunderstood.  We'll discuss at the final pre-trial conference

8    a deadline for motions in limine.  I'll probably give you two

9    weeks after the final pre-trial conference to file them, okay?

10   It's not due before the final pre-trial conference.

11         MS. NORA:  And that the Court would be making a ruling

12   by a telephone hearing or the morning of the August 15th at the

13   evidentiary hearing?

14         THE COURT:  I usually try, if possible, Ms. Nora, to

15   decide motions in limine in advance of trial so that both sides

16   can anticipate what evidence they're going to put in.  So I

17   don't think I've ever -- well, maybe I shouldn't say ever, but

18   I try not to just decide them at the start of trial if they

19   would have an impact on how you present your case.

20         So in all likelihood, Ms. Nora, with a final pre-trial

21   conference on June 22nd, I probably will require any motions in

22   limine to be filed in early July and give each side an

23   opportunity to respond to those.  And I would make sure that --

24   my goal would be to have decisions on motions in limine at

25   least a week before the trial, if not longer.

RESIDENTIAL CAPITAL, LLC, et al.                    11

1        MS. NORA:  Okay.  And that would be in advance of the

2   exhibits being submitted if the motions in limine preclude

3   certain exhibits, I take it?

4        THE COURT:  I can't guarantee.  It depends how

5   complicated the motions are and how much I've got on my

6   calendar.  I try to make sure that everybody can understand

7   what issues are going to be tried.

8        I just say, as a caution, Ms. Nora, from prior

9   experience, that the issues for trial are those established by

10  the prior decision of the Court, and that in one prior

11  instance, with another client of yours, the exhibits and

12  witness statements you submitted attempted to bring back into

13  the case issues that had already been decided.  That's not

14  going to happen.

15       So the issues that are going to be tried -- and they

16  need to be identified in the joint pre-trial conference

17  order -- are those issues that remain based on the Court's

18  prior decision regarding the claims.  But within that,

19  if -- part of the problem, Ms. Nora and Ms. Richards, sometimes

20  the motions in limine are directed at the exhibits that each

21  side has provided.  And this happened -- this has happened

22  before.  So until the Trust sees what exhibits you're proposing

23  to use, it may not be able to make all of its motions in

24  limine.

25       What I would urge you to do is -- I've given you the

1   general parameters of what I try to do -- is that, Ms. Nora and

2   Ms. Richards, you ought to try and discuss; if you come up with

3   proposed dates for motions in limine and for exchanging the

4   exhibits, I'll try and accommodate that.  But my goal is so

5   that at least a week before trial you should know exactly what

6   issues are going to be tried and what the exhibits are.

7          So I would like you to confer -- you can do it by

8   phone obviously -- about -- and you can put it -- if you come

9   up with an agreement, dates for motions in limine, for

10  exchanging exhibits, et cetera, put it in a letter to me, and

11  when we get in advance of the joint pre-trial conference, I

12  will try the best I can to accommodate the schedule you agree

13  on.  I'd like this done as efficiently as possible, but if you

14  don't -- Ms. Nora, if you don't know what the Trust's exhibits

15  are, you don't know whether there's anything you want to move

16  to exclude.  And it works the other way as well.

17         Okay?  So why don't the two of you confer, over the

18  next week or so, and see if you can agree on -- having in mind

19  that the joint pre-trial conference is on June 22nd -- what

20  dates you would agree to exchange exhibits, file motions in

21  limine, responses to motions in limine.  I ordinarily do not

22  hear argument on motions in limine.  I usually decide them on

23  the papers.

24         MS. NORA:  Oh, okay.  That was what I was sensing,

25  Your Honor.

RESIDENTIAL CAPITAL, LLC, et al.                    13

1            And then I don't think my note is accurate on the

2    trial briefs.  I have a note of one to two weeks, but I don't

3    have any reference in my note.  What was it; one to two weeks

4    before --

5            THE COURT:  Before the trial.  Before the trial.  So I

6    will give you those dates specifically on June 22nd, but again,

7    you can discuss with Ms. Richards; if the two of you can agree

8    on a schedule that gets me everyth -- you know, when I say

9    everything, the exhibits, the trial briefs, and work out a

10   schedule for the motions in limine, I will try and accommodate.

11   So the two of you ought to discuss it and see whether you can

12   agree on it.  Hopefully you can.

13           Okay.  From the Court's standpoint, I want to have

14   everything in my hands and the hands of my law clerks a week to

15   two weeks before the trial so that I can review all exhibits

16   before -- all proposed exhibits before the start of trial, I'm

17   familiar with everything that both sides are submitting, I've

18   read the briefs and done what research, additional research I

19   need to do.  All right.  So that's my goal is to make sure that

20   I have everything one to two weeks before.  Okay?

21           Ms. Richards, any other questions you have?

22           MS. RICHARDS:  None at this time, Your Honor.  Thank

23   you.

24           THE COURT:  Ms. Nora, any other questions you have?

25           MS. NORA:  Well, speaking of the trial briefs, Your

RESIDENTIAL CAPITAL, LLC, et al.                    14

1    Honor, an issue arose at an earlier conference with the Court

2    regarding punitive damages for breach of contract, and that has

3    not been scheduled for additional briefing.  Do you want briefs

4    on Texas law with respect to punitive damages for breach of

5    contract included in the trial brief?

6            THE COURT:  If you believe you're going to seek it,

7    you better brief it.  I think this issue -- I think it was

8    under Texas law precisely where this issue came up.  And my

9    recollection of the cases is that punitive damages is not

10   available for breach of contract.  But if you want to brief it,

11   go ahead and brief it.  I'm not ruling.

12           MS. NORA:  I was only suggesting I would brief it

13   earlier, Your Honor.

14           THE COURT:  Ms. Nora, if you're going to seek it, you

15   better brief it.

16           MS. NORA:  Thank you, Your Honor.

17           THE COURT:  Any other questions, Ms. Nora?

18           MS. NORA:  Just again, I was trying to clarify if I

19   should do that in the trial brief or earlier because it came up

20   earlier.  So I will get a brief to you before the pre-trial

21   conference for --

22           THE COURT:  Ms. Nora, speak with Ms. Richards and see

23   if the two of you can agree on a schedule of when these various

24   things will be done.  Okay?

25           MS. NORA:  Thank you, Your Honor.

1              THE COURT:  Ms. Richards, anything else?

2              MS. RICHARDS:  No, Your Honor.

3              THE COURT:  All right.  We're adjourned.  Thank you

4   very much.

5         (Whereupon these proceedings were concluded at 2:24 PM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

# C E R T I F I C A T I O N

2

3

I, Sharona Shapiro, certify that the foregoing transcript is a

4

true and accurate record of the proceedings.

5

6

7

8

_____

9

SHARONA SHAPIRO

10

AAERT Certified Electronic Transcriber CET**D 492

11

12

eScribers

13

700 West 192nd Street, Suite #607

14

New York, NY 10040

15

16

Date:  May 11, 2016

17

18

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

May 10, 2016

## A

**able (1)**
11:23
**accommodate (3)**
12:4,12;13:10
**accurate (1)**
13:1
**actual (1)**
8:24
**actually (1)**
9:8
**Adams (2)**
6:14,15
**additional (2)**
13:18;14:3
**adjourned (1)**
15:3
**advance (5)**
9:1,19;10:15;11:1;
12:11
**afford (1)**
6:23
**afternoon (2)**
4:8,12
**again (6)**
7:7;9:3,8,13;13:6;
14:18
**against (1)**
8:13
**agree (6)**
12:12,18,20;13:7,
12;14:23
**agreement (1)**
12:9
**ahead (2)**
8:14;14:11
**Alison (1)**
4:16
**always (1)**
9:18
**anticipate (6)**
5:25;6:7;7:2,20;
9:16,20;10:16
**appear (1)**
7:13
**appearances (1)**
4:7
**application (3)**
5:10,12,13
**April (1)**
8:18
**argument (1)**
12:22
**arose (1)**
14:1
**arrange (1)**
7:19
**attempted (1)**
11:12
**attorneys' (1)**
6:17

**August (4)**
8:10,11,19;10:12
**available (1)**
14:10

## B

**back (1)**
11:12
**based (1)**
11:17
**beginning (1)**
8:20
**best (1)**
12:12
**better (2)**
14:7,15
**Bill (1)**
6:12
**Bob (2)**
6:14,15
**Borrower (3)**
4:4,9,13
**both (3)**
9:15;10:15;13:17
**breach (4)**
6:18;14:2,4,10
**brevity (1)**
6:14
**brief (8)**
14:5,7,10,11,12,
15,19,20
**briefing (1)**
14:3
**briefs (6)**
8:22;13:2,9,18,25;
14:3
**bring (1)**
11:12

## C

**calculated (1)**
6:19
**calendar (2)**
7:10;11:6
**call (2)**
6:2,24
**call-in (1)**
7:19
**calling (1)**
6:15
**came (2)**
14:8,19
**can (18)**
6:23;7:16;9:8,14,
19,21;10:16;11:6;
12:7,8,12,18;13:7,7,
11,12,15;14:23
**Capital (1)**
4:3
**case (5)**
4:4,18;5:7;10:19;

**11:13
cases (1)**
14:9
**cause (1)**
5:10
**caution (1)**
11:8
**certain (1)**
11:3
**cetera (1)**
12:10
**check (1)**
8:13
**Claims (6)**
4:5,5,10,13;9:6;
11:18
**clarification (1)**
10:3
**clarify (1)**
14:18
**clerks (1)**
13:14
**client (1)**
11:11
**completed (5)**
4:20,22;5:3,17,20
**complexity (1)**
8:25
**complicated (1)**
11:5
**concerned (1)**
6:13
**concluded (1)**
15:5
**confer (2)**
12:7,17
**conference (21)**
4:4;5:23,24;7:1,5,
8,9;8:21,24;9:9,22;
10:5,7,9,10,21;
11:16;12:11,19;14:1,
21
**contract (3)**
14:2,5,10
**counsel (1)**
7:18
**COURT (44)**
4:2,11,15,18,24;
5:1,7,9,19,22;6:4,6,
10,22,25;7:12,15,18,
24;8:2,4,8,10,14,18;
9:10,13,25;10:2,4,6,
11,14;11:4,10;13:5,
24;14:1,6,14,17,22;
15:1,3
**Court's (2)**
11:17;13:13

## D

**damages (3)**
14:2,4,9
**date (3)**

**5:13,23;8:24
dated (1)**
4:19
**dates (6)**
5:9;8:22;12:3,9,
20;13:6
**day (1)**
8:20
**days (3)**
5:12;7:22;8:18
**deadline (6)**
5:2,11;6:15,25;
7:7;10:8
**decide (3)**
10:15,18;12:22
**decided (2)**
6:21;11:13
**decision (2)**
11:10,18
**decisions (1)**
10:24
**denied (1)**
5:15
**depending (1)**
8:25
**depends (1)**
11:4
**depositions (1)**
8:4
**directed (1)**
11:20
**discover (1)**
5:4
**discovered (1)**
5:5
**discovery (7)**
4:20,22;5:2,5,15,
16,19
**discuss (7)**
8:22;9:14,21;10:7;
12:2;13:7,11
**done (4)**
8:9;12:13;13:18;
14:24
**due (1)**
10:10

## E

**earlier (5)**
8:9;14:1,13,19,20
**early (1)**
10:22
**efficiently (1)**
12:13
**either (1)**
8:5,25;9:4
**else (7)**
4:11;9:4,10,23,25;
10:2;15:1
**emanate (1)**
5:5
**enough (1)**

**8:23
Erica (1)**
4:8
**established (2)**
5:11;11:9
**et (1)**
12:10
**everybody (2)**
9:20;11:6
**everyth (1)**
13:8
**evidence (1)**
10:16
**evidentiary (1)**
10:13
**exactly (1)**
9:20;12:5
**except (1)**
5:9
**exchange (1)**
12:20
**exchanging (2)**
12:3,10
**exclude (1)**
12:16
**excuse (1)**
8:19
**exhibits (14)**
8:22;11:2,3,11,20,
22;12:4,6,10,14,20;
13:9,15,16
**expect (2)**
6:2,8
**experience (1)**
11:9
**expert (4)**
5:16,19;6:12,14
**experts (2)**
6:4,11
**expiration (1)**
5:12
**extend (2)**
5:10,14
**extended (2)**
5:9,13
**extent (2)**
4:25;5:1

## F

**fact (5)**
4:20,22;5:2,14;
6:16
**facts (2)**
5:4,5
**familiar (1)**
13:17
**far (1)**
5:6
**February (1)**
4:21
**fees (1)**
6:17

few (1)
  6:20
file (3)
  9:7;10:9;12:20
filed (4)
  4:6;9:17;10:4,22
final (10)
  5:23;7:8;8:21,24;
  9:22;10:5,7,9,10,20
first (1)
  4:7
five (3)
  5:12;6:9,10
Foerster (2)
  4:9,13
format (1)
  7:6
four (2)
  8:1,18
further (2)
  5:9;9:24

**G**

general (1)
  12:1
Generally (1)
  8:25
gets (1)
  13:8
given (1)
  11:25
Glenn (1)
  4:2
goal (3)
  10:24;12:4;13:19
Good (3)
  4:8,12;5:10
guarantee (1)
  11:4

**H**

hands (2)
  13:14,14
happen (1)
  11:14
happened (2)
  11:21,21
hear (1)
  12:22
hearing (2)
  10:12,13
held (1)
  7:9
hold (1)
  7:3
Honor (28)
  4:8,12,16,23,25;
  5:18,21;6:2,8;7:14,
  17,22,25;8:6,7,12,
  17;9:6,12,24;10:1;
  12:25;13:22;14:1,13,

16,25;15:2
Hopefully (1)
  13:12
hours (1)
  8:1

**I**

identified (1)
  11:16
impact (1)
  10:19
included (1)
  14:5
incurred (1)
  6:17
information (1)
  7:19
instance (1)
  11:11
intends (1)
  8:5
into (1)
  11:12
introduce (1)
  6:13
involved (1)
  7:4
issue (3)
  14:1,7,8
issues (6)
  11:7,9,13,15,17;
  12:6

**J**

Jeffrey (1)
  6:16
joint (8)
  5:22;7:1,5,8;8:23;
  11:16;12:11,19
Jordan (1)
  4:12
Judge (1)
  4:2
July (1)
  10:22
June (9)
  7:1,7,9,12;8:21;
  9:21;10:21;12:19;
  13:6

**K**

knows (1)
  9:20

**L**

Larry (1)
  6:18
last (1)
  4:18

later (1)
  4:21
Lathrop (1)
  6:3
law (3)
  13:14;14:4,8
least (3)
  6:9;10:25;12:5
less (1)
  5:12
letter (1)
  12:10
liked (1)
  8:9
likelihood (1)
  10:20
limine (18)
  9:7,14,15,18;10:4,
  8,15,22,24;11:2,20,
  24;12:3,9,21,21,22;
  13:10
listed (1)
  6:20
long (1)
  7:20
longer (1)
  10:25
look (1)
  7:9

**M**

making (3)
  7:3;9:3;10:11
management (3)
  4:4,19;5:7
many (3)
  5:25;6:6,10
March (1)
  4:19
materials (1)
  8:25
May (4)
  4:7;5:8;8:12;11:23
maybe (2)
  7:22;10:17
means (1)
  5:2
might (3)
  6:15,19,24
mind (1)
  12:18
misunderstood (1)
  10:7
modified (1)
  5:8
modify (1)
  5:10
moment (1)
  8:12
more (1)
  5:4
morning (1)

10:12
Morrison (2)
  4:9,13
motions (19)
  9:7,14,15,18;10:4,
  8,15,21,24;11:2,5,20,
  23;12:3,9,20,21,22;
  13:10
move (1)
  12:15
much (2)
  11:5;15:4

**N**

need (3)
  7:25;11:16;13:19
next (1)
  12:18
None (1)
  13:22
NORA (43)
  4:16,16,24,25;5:4,
  19,21;6:6,6,8,12,23;
  7:4,13,14,20,22;8:7,
  12,15,17;9:10,12,25;
  10:1,3,11,14,20;
  11:1,8,19;12:1,14,
  24;13:24,25;14:12,
  14,16,17,18,22,25
Nora's (1)
  5:14
note (5)
  9:3,13;13:1,2,3
notes (1)
  7:3
number (1)
  4:3
numbers (1)
  4:5

**O**

objection (1)
  4:5
obviously (1)
  12:8
offer (1)
  8:5
one (7)
  6:2;9:1,16;11:10;
  13:2,3,20
only (2)
  6:2;14:12
open (1)
  8:17
opportunity (2)
  9:7;10:23
order (10)
  4:19;5:7,8,9,11,23;
  7:1,5,8;11:17
ordinarily (1)
  12:21

others (1)
  6:20
ought (2)
  12:2;13:11
out (1)
  13:9
over (1)
  12:17

**P**

Paatalo (1)
  6:13
papers (1)
  12:23
paragraph (1)
  5:8
parameters (1)
  12:1
part (1)
  11:19
Pause (2)
  7:11;8:16
perhaps (1)
  7:25
permit (1)
  7:13
phone (2)
  4:17;12:8
please (1)
  8:14
plenty (1)
  9:2
pm (2)
  7:7;15:5
possible (4)
  4:25;5:2;10:14;
  12:13
precisely (1)
  14:8
preclude (1)
  11:2
prepared (1)
  5:23
preparing (1)
  7:5
present (1)
  10:19
pre-trial (21)
  5:23,24;7:1,5,8,8;
  8:21,23,24;9:8,14,
  22;10:5,7,9,10,20;
  11:16;12:11,19;
  14:20
prior (5)
  5:12;11:8,10,10,18
probably (3)
  9:16;10:8,21
problem (1)
  11:19
proceedings (1)
  15:5
proposed (2)

12:3;13:16
**proposing (1)**
　11:22
**provided (3)**
　4:20;5:8;11:21
**punitive (3)**
　14:2,4,9
**put (3)**
　10:16;12:8,10

## Q

**quite (1)**
　6:20

## R

**raise (2)**
　9:4,11
**RALI (1)**
　6:19
**read (1)**
　13:18
**recollection (1)**
　14:9
**record (1)**
　4:3
**reference (1)**
　13:3
**regard (1)**
　4:4
**regarding (2)**
　11:18;14:2
**remain (1)**
　11:17
**remains (1)**
　5:22
**report (1)**
　6:14
**request (1)**
　5:14
**require (3)**
　7:21;8:25;10:21
**ResCap (3)**
　4:4,9,13
**research (2)**
　13:18,18
**Residential (1)**
　4:3
**respect (2)**
　6:16;14:4
**respond (1)**
　10:23
**responses (2)**
　9:17;12:21
**result (1)**
　6:17
**review (1)**
　13:15
**Richard (1)**
　4:6
**RICHARDS (26)**
　4:8,9,14,22,23;

5:16,18,25;6:2,5;
7:15,17,24,25;8:3,6;
9:6,24;11:19;12:2;
13:7,21,22;14:22;
15:1,2
**right (17)**
　4:2,15,18,18;5:7,
　16,22;6:6,25;7:4,12;
　8:8;9:4,10,13;13:19;
　15:3
**Rode (5)**
　4:6,15,17;6:18,18
**rule (1)**
　9:19
**ruling (2)**
　10:11;14:11

## S

**Sara (1)**
　6:3
**schedule (6)**
　8:10,13;12:12;
　13:8,10;14:23
**scheduled (1)**
　14:3
**scheduling (1)**
　4:19
**seek (2)**
　14:6,14
**sees (1)**
　11:22
**sensing (1)**
　12:24
**set (3)**
　6:25;8:8,10
**shall (1)**
　5:11
**shown (1)**
　5:10
**sic (2)**
　4:6;8:19
**side (4)**
　8:5;9:4;10:22;
　11:21
**sides (3)**
　9:15;10:15;13:17
**sometimes (1)**
　11:19
**sought (1)**
　5:13
**speak (1)**
　14:22
**speaking (2)**
　4:14;13:25
**specifically (1)**
　13:6
**standpoint (1)**
　13:13
**start (2)**
　10:18;13:16
**statements (1)**
　11:12

**submission (1)**
　7:1
**submitted (2)**
　11:2,12
**submitting (2)**
　8:22;13:17
**suggesting (1)**
　14:12
**sure (5)**
　9:18,19;10:23;
　11:6;13:19

## T

**tax (1)**
　6:15
**telephone (3)**
　7:13,16;10:12
**tentative (1)**
　8:13
**terms (1)**
　6:23
**testimony (1)**
　6:12
**Texas (2)**
　14:4,8
**there'll (1)**
　9:2
**though (1)**
　9:1
**three (1)**
　7:23
**today (2)**
　9:5,23
**trial (23)**
　5:24;6:1;7:21;8:9,
　10,22,24;9:1,21;
　10:15,18,25;11:9;
　12:5;13:2,5,5,9,15,
　16,25;14:5,19
**tried (3)**
　11:7,15;12:6
**Trust (8)**
　4:7,10,11,14;6:19;
　7:18;9:6;11:22
**Trust's (2)**
　4:5;12:14
**try (9)**
　9:18;10:14,18;
　11:6;12:1,2,4,12;
　13:10
**trying (1)**
　14:18
**two (13)**
　7:22;9:1,17;10:4,
　8;12:17;13:2,3,7,11,
　15,20;14:23

## U

**under (1)**
　14:8
**up (5)**

9:8;12:2,9;14:8,19
**urge (1)**
　11:25
**use (1)**
　11:23
**usually (2)**
　10:14;12:22
**Uzick (1)**
　6:17

## V

**values (1)**
　6:19
**various (1)**
　14:23

## W

**wants (1)**
　9:4
**way (1)**
　12:16
**week (5)**
　9:17;10:25;12:5,
　18;13:14
**weeks (8)**
　9:1,17;10:5,9;
　13:2,3,15,20
**Wendy (1)**
　4:16
**Whereupon (1)**
　15:5
**whole (1)**
　7:16
**Wickstrom (1)**
　6:18
**wife (1)**
　6:18
**wish (1)**
　7:16
**WISHNEW (4)**
　4:12,13;7:15;9:23
**within (1)**
　11:18
**witness (1)**
　11:12
**witnesses (4)**
　5:25;6:6,10,16
**work (1)**
　13:9
**works (1)**
　12:16
**written (1)**
　5:11

## 1

**10 (1)**
　7:12
**11th (1)**
　4:19
**12-12020 (1)**

4:3
**15 (1)**
　8:11
**15th (3)**
　8:11,19;10:12
**16 (2)**
　8:11,19
**16th (2)**
　4:21;8:19
**17 (3)**
　8:11,19,19
**17th (2)**
　7:2,7
**18 (2)**
　8:11,19

## 2

**2:24 (1)**
　15:5
**2016 (3)**
　4:20;7:2,9
**22 (1)**
　8:21
**22nd (6)**
　7:9,12;9:22;10:21;
　12:19;13:6

## 5

**5 (2)**
　4:5;7:7
**5610 (1)**
　4:5

## 6

**6512 (1)**
　4:5

## 7

**7 (1)**
　5:8

## 9

**9 (1)**
　8:20