UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                                    Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,           Case No. 12-12020-mg
   Objector

v.

TIA DANIELLE SMITH,
   Creditor-Beneficiary

---

PRELIMINARY MOTION FOR RECONSIDERATION OF THE JUNE 3, 2016
OPINION AND ORDER (DOC. 9917) DISALLOWING AND EXPUNGING
CLAIM NOS. 3889, 4129, 4134 AND 4139

---

**NOW COMES** Tia Danielle Smith (Ms. Smith), by her attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and pursuant to 11 U.S.C. sec. 502(j) and Fed. R. Bankr. P. 3008 and, alternatively, under Fed. R. Bankr. P. 9023 to modify or amend its findings of fact and conclusions of law, pending review of the Transcript of the hearing on February 9, 2016, Ms. Smith files this preliminary Motion for Reconsideration of this Court's Order Disallowing and Expunging her Claims entered on June 3, 2016 at Doc. 9917.

Ms. Smith shows the Court:

1. 11 U.S.C. sec. 502(j) and Fed. R. Bankr. P. 3008 provides the authority for the Court to reconsider its June 3, 2016 Opinion and Order.

2. Moreover and additionally, Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59 by reference, which allows this Court to alter and amend its findings in the June 3, 2016 Opinion and Order.

1

3. On February 7, 2016, as soon as possible after the discovery that the RALI Series 2007-QO1 Trust was never registered in the State of Minnesota where its securities were sold, Ms. Smith moved to vacate the October 1, 2014 Opinion and Order based on newly discovered evidence that the RALI Series 2007-QO1 Trust was never registered in the State of Minnesota.

4. Because the RALI Series 2007-QO1 Trust was never registered in the State of Minnesota, the purported conveyance of any assets as collateral for the issuance of securities is ultra vires and void.

5. This Court relied on the August 21, 2014 Declaration of Deanna Horst at ¶19.

According to the Books and Records, on or around November 13, 2006, American Mortgage Network, Inc. ("AMN") originated a loan to Ms. Smith. RFC purchased the loan from AMN and subsequently the loan was securitized where Deutsche Bank Trust Company Americas ("Deutsche") was appointed trustee on or about January 30, 2007 (the "Securitization Trust"). See the Smith Note, showing a proper chain of endorsement from AMN to Deutsche, attached to the Smith Response as Exhibit 6.7

6. Footnote 7 of the August 21, 2014 Horst Declaration reads:

It was the Debtors' practice, when acting as servicer, to keep a copy of the note from the originator in the servicing file for the loan. The original, fully endorsed note would be kept by the custodian for the investor. This explains the differences in the copies of the Smith Note that Ms. Smith received. See Exhibit 5 and Exhibit 6 to the Smith Response. **The copy without the endorsement to Deutsche was kept as part of the servicing file**.

7. Ms. Horst was did not rely on the Debtors' Books and Records in declaring that there is a "proper chain of endorsements from AMN to Deutsche," but instead relied on Ms. Smith's Exhibit 6, which Ms. Smith identified as being invalid in her July 25, 2014 Response to the June 25, 2016 Objection and later learned that the endorsement is a forgery.

8. The version of the copy of the Note upon which Ms. Horst's August 21, 2014 Declaration relies, was never in the "Debtors' Books and Records" and Ms. Horst is incompetent to declare its authenticity and, in fact, did not do so.

9. Notwithstanding the admitted inaccuracy of the "Debtors' Books and Records" in ¶19 of the August 21, 2014 Horst Declaration (quoted in ¶5 and ¶6, above) this Court found, on October 1, 2014 (Doc. 7598), at Section C, page 5:

> RFC bought the Loan from American Mortgage, and on or about January 30, 2007, RFC sold the Loan to a RALI securitization trust (the 'RALI Trust'), with Deutsche Bank Trust Company Americas ('Deutsche Bank') serving as the trustee.

10. This Court further concluded, based on a copy of version of a Note attached as an Exhibit to Ms. Smith's Response to the Claims Objection at page 18 of the October 1, 2014 Opinion and Order:

> However, the Note was **properly transferred** to Deutsche Bank, as evidenced by the chain of endorsements on the Note. (*See id.* Ex. 6.[1])

11. Ms. Smith's Response (Doc. 7300) filed on July 25, 2014 at ¶45 informed that Court that she was challenging the validity of the chain of endorsements because an endorsement in favor of Deutsche Bank Trust Company Americas as Trustee is not a valid transfer to the pretended Deustche Bank Trust Company Americas as Trustee for the RALI Series 2007-QO1 which the Objectors claim, based on no admissible evidence whatsoever, occurred.

12. At page 18 of the Court's October 1, 2014 Opinion and Order, the Court found:

Given that the Note was validly deposited into the RALI Trust, and the Debtors had validly transferred servicing rights on Smith's Loan to Aurora well before Aurora

---

[1] "Id., Ex. 6" is Ms. Smith's copy of the version of the Note, which Ms. Horst admits was not included in the Debtors' Books and Records and which Ms. Smith correctly states does not establish a lawful transfer.

ultimately foreclosed on the Property, the Debtors cannot be liable for wrongful foreclosure.

13. That conclusion is based entirely on the copy of the instrument attached to Ms. Smith's Response to the Claims Objection (Doc. 7300) as Exhibit 6, the validity and authenticity of which Ms. Smith challenged and which the Debtors' Books and Records cannot and did not authenticate.

14. Without any admissible evidence from the Debtors' Books and Records (Exhibit 6 is Ms. Smith's Exhibit which she produced to controvert the contention that Note was validly "deposited into the RALI Trust," the Court held at page 19, of the October 1, 2014 Opinion and Order:

> RFC had transferred the Note to Deutsche Bank on or about January 30, 2007. (*see* Suppl. Horst Decl. ¶ 19)."

15. To the best of the recollection of Ms. Smith and her counsel, the Objector's witness at the February 9, 2016 hearing on the Claims Objection, Sara Lathrop, also relied on the same Exhibit 6 provided by Ms. Smith in her July 25, 2014 Response to the Objection (Doc. 7300) which is copy of the version of the Note appearing to have been endorsed by the signature stamp of one "Judy Faber," purporting to be Vice President of Residential Funding Company, LLC in favor of "Deutsche Bank Trust Company Americas as Trustee" and is not payable to Deutsche Bank Trust Company Americas as Trustee of RALI Series 2007-QO1 Trust (Ms. Smith's July 25, 2014 Response, at ¶45).

16. Contrary to the August 21, 2014 Declaration of Deanna Horst, this Court's conclusion on page 19 of the October 1, 2014 Opinion and Order and the Testimony of Sara Lathrop, Ms. Smith's Exhibit 6 also displays a copy of an allonge in favor of Aurora Loan Servicing, LLC

12-12020-mg    Doc 9927    Filed 06/09/16    Entered 06/09/16 13:27:08    Main Document
Pg 5 of 7


executed by Judy illegible (looks like Deits) as "Deutsche Bank Trust Company Americas as Trustee, FKA Bankers Trust Company, as Trustee by Residential Funding Company, LLC FKA Residential Funding Corporation, it's Attorney in Fact."

17. The subject Note has never been endorsed in favor of Deutsche Bank Trust Company Americas as Trustee of the RALI Series 2007-QO1 Trust.

18. New evidence was discovered upon which the February 7, 2016 Motion to Vacate the October 1, 2014 Opinion and Order was based.

19. The new evidence shows that the RALI Series 2007-QO1 is not registered in the State of Minnesota, as required by Minn. Stat. Chapter 312, and any pretended conveyance as collateral for the issuance of securities and the sale thereof by the unregistered entity is ultra vires and void.

20. This Court gave greater weight to the purported business record identified as "servicing notes," argued to be unreliable, than to the live testimony of Ms. Smith, who submitted herself to cross-examination and was not impeached.

21. The weight of the evidence does not support findings of fact which contradict live, unimpeached, sworn testimony of Ms. Smith, who has personal knowledge of the facts to which she testified, based on the record of the unreliabilty of Debtors' Books and Records, Ms. Smith's live testimony and the testimony of Sara Lathrop.

22. The Court found that notes in a purported servicing record which had not been retrieved by the witness appearing for the Objector was entitled to greater weight than the live testimony of Ms. Smith.

23. The purported business record was not subject to cross-examination, the parties who entered the data into the purported business record were not subject to examination, the witness

who purported to authenticate the purported business record did not retrieve the record and was not the custodian of the record.

24. Review of the Transcript is necessary to determine exactly how the Court could exercise its discretion to find that the purported business record could be received as substantive evidence and be given greater weight than Ms. Smith's sworn testimony.

25. The purported record is devoid of any features which would support its claimed authenticity as being a true and correct, contemporaneous record maintained by any identified entity.

26. Review of the Transcript is necessary this Motion for Reconsideration may be fully documented.

27. Ms. Smith is impoverished and is entitled to a waiver of the costs of the preparation of the Transcript of the February 9, 2016 hearing for which she has concurrently moved.

28. Ms. Smith concurrently moves for a stay of all deadlines for reconsideration or appeal until she is able to review the Transcript of the proceedings on February 9, 2016 which has already been prepared for the Court.

**WHEREFORE**, Ms. Smith files her preliminary motion for reconsideration and concurrently seeks a stay of all deadlines for reconsideration or appeal until the Transcript of the February 9, 2016 proceedings has been examined and reviewed.

Dated at Minneapolis, Minnesota this 9th day of June, 2016.

*/s/ Wendy Alison Nora*

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (608) 497-1026
accesslegalservices@gmail.com
Wisconsin Bar #10170943

**DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the foregoing Preliminary Motion for Reconsideration CM/ECF on June 9, 2016 and thereby served all parties capable of service by CM/ECF.

*/s/ Wendy Alison Nora*

Wendy Alison Nora