Hearing Date: June 15, 2016 at 10:00 A.M. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS AND (II) ALLOWED IN FULL BORROWER CLAIM) AS TO CLAIM NO. 3725**

ny-1234903

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") and the Supplemental Declaration of Sara Lathrop, Senior Claims Analyst to the Borrower Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response filed by Diem Trang Nguyen (the "Respondent") [Docket No. 9905] (the "Response") to the *ResCap Borrower Claims Trust's Ninety-Second Omnibus Objection to Claims ((I) No Liability Borrower Claim and (II) Allowed in Full Borrower Claim* [Docket No. 9486] (the "Objection"). The Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to the Respondent, then the Borrower Trust reserves the right to take discovery from the Respondent.

2. As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate allegations made in the Response and the claim at issue, and for the reasons described herein, the Books and Records do not show any liability due and owing to the Respondent.

3. Moreover, as the Objection shifted the burden of proof back to the Respondent, the Respondent must demonstrate a valid claim against the Debtors' estates by a preponderance of the evidence. For the reasons set forth in the Objection, this Reply, and the Supplemental Declaration, the Respondent has failed to assert a valid claim because her claim is based on

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1234903

allegations that are either barred by the doctrine of res judicata, insufficient under federal pleading standards, or relate to the conduct of non-Debtor defendants. Specifically, certain of the Respondent's allegations are based on a lawsuit she filed against Debtor GMAC Mortgage, LLC ("GMACM") in federal court asserting causes of action under federal law. While the Respondent's appeal of that decision is pending, because the lawsuit was premised on federal subject matter jurisdiction, federal rules governing the doctrine of res judicata apply, and the Respondent is not insulated from the preclusive effects of the dismissal. Therefore, those claims based on her federal lawsuit are barred by the doctrine of res judicata.

4.   The proof of claim is also based on a second lawsuit that the Respondent filed in the state court of California, which was also dismissed with prejudice and appealed. The Borrower Trust explained in the Objection the reasons that the allegations from that case fail, and the Response only contested one of these arguments related to the Respondent's wrongful foreclosure claim. However, this claim is also precluded under the doctrine of res judicata by an unlawful detainer judgment entered against the Respondent that was affirmed on appeal. Therefore, the Respondent has failed to meet her burden of proof, and as a result the relief sought in the Objection should be granted with respect to the Respondent.

## BACKGROUND

*Background Facts*

5.   On or around November 8, 2012, the Respondent filed a proof of claim against Debtor Residential Capital, LLC ("ResCap"), designated as Claim No. 3725 (the "Claim"), asserting a general unsecured claim in an unliquidated amount.[2]   See Exhibit A to the

---

[2] The basis for the Claim demonstrates that it should have been asserted against GMACM, not ResCap. If the Court does not grant the Objection, the Borrower Trust reserves its rights to redesignate the Claim as one against GMACM.

Supplemental Declaration. The basis for the claim as stated on the proof of claim form is "wrongful foreclosure cases pending appeal at federal and state courts: 11-56774 and G046818."

6. According to the Debtors' books and records, GMACM f/k/a GMAC Mortgage Corporation dba ditech.com originated a loan in the amount of $296,000 to the Respondent on July 17, 2006 (the "Loan"), secured by a deed of trust on property located at 4004 West Fifth Street, #26, Santa Ana, California 92703 (the "Property"). See Note, attached to the Supplemental Declaration as Exhibit B, and Deed of Trust, attached to the Supplemental Declaration as Exhibit C. GMACM transferred its interest to Federal National Mortgage Association ("Fannie Mae"). See Supplemental Declaration ¶ 5.

7. GMACM serviced the Loan from origination until it transferred servicing of the Loan to Nationstar Mortgage, LLC ("Nationstar") on December 1, 2008. See Goodbye Letter, attached to the Supplemental Declaration as Exhibit D.

8. The Respondent defaulted on the Loan in 2009, and as a result a Notice of Default was recorded against the Property on May 6, 2010. See Notice of Default, attached to the Supplemental Declaration as Exhibit E.

The Federal Litigation

9. On May 28, 2010, the Respondent filed a complaint (the "First Complaint") against GMACM, Nationstar, and Fannie Mae in the Superior Court of the State of California, Orange County (the "State Court"), Case No. 30-2010-00376811, asserting causes of action for mortgage fraud, predatory lending, violation of Truth in Lending Act (TILA) – Regulation Z, Negligence, Punitive, and Violation of Real Estate Settlement and Procedures Act (RESPA). See Complaint, attached as Exhibit A to the Notice of Removal, attached hereto as Exhibit 2. On July 1, 2010, Nationstar removed the First Complaint to the United States District Court for the

3

ny-1234903

Central District of California (the "District Court"), case no. 10-cv-01007 (CJC). The Notice of Removal states that the First Complaint arises under two federal statutes, TILA and RESPA, and therefore, the District Court can exercise Supplemental Jurisdiction over the remaining causes of action under 28 U.S.C. § 1367.

10.     On October 21, 2010, the District Court entered an order dismissing the First Complaint with Prejudice (the "District Court Dismissal Order"). See District Court Dismissal Order, hereto as Exhibit 3. On September 14, 2011, the Respondent filed a motion to vacate the judgment under Fed. R. Civ. P. 60(b). See District Court Docket, attached hereto as Exhibit 4. The District Court denied that motion on October 6, 2011 (the "60(b) Order"). See id. On October 11, 2011, the Respondent appealed the 60(b) Order to the United States Court of Appeals for the Ninth Circuit, Case No. 11-56774. That appeal was stayed by the Debtors' bankruptcy case.

The State Litigation

11.     On July 6, 2010, the Respondent filed another complaint in the State Court (the "Second Complaint") asserting causes of action against GMACM, Nationstar, and Fannie Mae. See State Court Docket, attached hereto as Exhibit 5. The Respondent subsequently amended the Second Complaint three times, resulting in a third amended complaint (the "Third Amended Complaint") being filed on June 13, 2011. See Third Amended Complaint, attached hereto as Exhibit 6. The Third Amended Complaint asserted causes of action against GMACM for: (1) Breach of Written Contract – the Original Deed of Trust, (2) Breach of the Third-Party Beneficiary Contract, (3) Wrongful Foreclosure, (4) Quiet Title, (5) Slander of Title, (6) Cancellation of Instruments – NOD, SOT, Assignments of DOTS, NOTS, Publication of NOTS, TDUS, (7) Promissory Estoppel, (8) Negligence, (9) Negligent Misrepresentation, (10) Breach of

the Covenant of Good Faith and Fair Dealing, (11) Fraud, (12) Unfair Practices under California Business & Professions Code Section 17200, ET Seq., and (13) Declaratory Relief.

12. GMACM filed a demurrer to the Third Amended Complaint on July 14, 2011. See Demurrer, attached hereto as Exhibit 7. On January 5, 2012, the State Court entered a judgment of dismissal dismissing the Third Amended Complaint with prejudice (the "State Court Dismissal Order"). See State Court Dismissal Order, attached hereto as Exhibit 8.

13. On April 24, 2012, the Respondent appealed the State Court Dismissal Order to the California Court of Appeal, Fourth Appellate District, Division 3, case No. G046818 (the "State Court Appeal"). The State Court Appeal was stayed as a result of the Debtors' bankruptcy cases. See State Court of Appeal Docket, attached hereto as Exhibit 9.

The Unlawful Detainer Action

14. On May 25, 2011, Fannie Mae filed an unlawful detainer action against the Respondent (captioned *Federal National Mortgage Association, Its Assignees and Successors v. Nguyen*) in the State Court, case no. 30-2011-00478223-CL-UD-CJC (the "Unlawful Detainer Action"). See Unlawful Detainer Action Docket, attached hereto as Exhibit 10. On August 16, 2011, judgment was entered in Fannie Mae's favor in the Unlawful Detainer Action (the "Unlawful Detainer Judgment"). See Unlawful Detainer Judgment, attached hereto as Exhibit 11. The Appellant appealed the Unlawful Detainer Judgment on August 29, 2011, case no. 2011-00503545, and the Unlawful Detainer Judgment was affirmed on April 27, 2012. See Affirmance, attached hereto as Exhibit 12.

## REPLY

15. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

5

property of the debtor, under any agreement or applicable law….” 11 U.S.C. § 502(b)(1).  As noted previously by the Court, claims objections have a shifting burden of proof.  Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a Respondent establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim.  The objecting party is thereafter required to produce evidence equal in force to that provided by the Respondent to rebut the presumption of the Respondent's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

16.   Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010).

17.   In the Response, the Respondent only addresses the Borrower Trust's arguments as to (1) the res judicata effect of the District Court Dismissal Order and (2) the wrongful foreclosure claim.  See Response at 3-4.  As a result, the Borrower Trust assumes that the Respondent does not contest its arguments as to the other causes of action asserted in the Third Amended Complaint and dismissed pursuant the State Court Dismissal Order.  As described more fully in Exhibit A to the Objection, GMACM has no liability for the remaining general claims because the Respondent either failed to properly plead any viable cause of action, the allegations are related to servicing or foreclosure conduct of non-Debtor entities, or the

6

ny-1234903

allegations relate to an alleged failure of GMACM to send the Respondent a notice regarding Nationstar's interest in the deed of trust.

18. With regard to the res judicata effect of the District Court Dismissal Order, courts are clear that when a prior action is decided based on federal question jurisdiction, federal law is used to determine its res judicata effect. See Residential Capital, LLC, 507 B.R. at 490; Chudacoff v. Univ. Med. Ctr., 525 Fed. Appx. 530, 531 (9th Cir. 2013) (applying federal common law rules of res judicata to a judgment rendered by a federal court exercising federal-question jurisdiction and supplemental jurisdiction over state law claims). Here, it is uncontested that the jurisdiction of the District Court was based on federal question jurisdiction.

19. Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . [A] party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corrections, 214 F.3d 275, 284-85 (2d Cir. 2000) (stating the federal rule) (internal citations omitted). "The established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." Robinson v. Allstate, 706 F. Supp. 2d 320, 324-25 (W.D.N.Y. 2010), aff'd, 508 Fed. Appx. 7 (2d Cir. 2013) (citing Azadpour v. Sun Microsystems, Inc., 285 Fed. Appx. 454, 454 (9th Cir. 2008)).

20. While not entirely clear, the Response asserts that the California rule for res judicata applies, rather than the federal rule. See Response at 4. However, given that the claims at issue in the First Complaint arose under federal law, federal res judicata rules apply because the basis of the District Court's decision was federal question jurisdiction. Therefore, the

7

Respondent has failed to demonstrate why her claims related to the First Complaint are not barred by the doctrine of res judicata.

21. With regard to the claim for wrongful foreclosure and all other claims based on the invalidity of the foreclosure sale, the Respondent asserts that "Restitution can be recovered in the underlying unlawful detainer action when a judgment for the landlord is reversed *or* in a separate action instituted to recover losses incurred as a result of a reversed judgment." See Response at 3 (emphasis in original). It is unclear how this statement assists the Respondent, because she has not asserted that the Unlawful Detainer Judgment was reversed, and in fact, the Unlawful Detainer Judgment was affirmed on appeal.

22. Courts in California are clear that a judgment in an unlawful detainer action, in which the action is brought following a foreclosure pursuant to Cal. Code Civ. Proc. § 1161a (as was the case here – see Affirmance, p. 4), conclusively determines the validity of the sale because such issues are conclusively determined as part of the unlawful detainer action. See Malkoskie v. Option One Mortg. Corp., 155 Cal. Rptr. 3d 821, 825 (Cal Ct. App. 2010); see also Vella v. Hudgins, 572 P.2d 28, 30 (Cal. 1977) (explaining that collateral estoppel could be applied to an unlawful detainer judgment brought pursuant to section 1161 as long as the alleged wrongdoing is directly connected to the foreclosure sale). In Malkoskie, the court determined that an unlawful detainer judgment precluded causes of action for wrongful foreclosure, cancellation of instruments, declaratory relief, quiet title, negligence, and others, holding that they were all premised on the alleged invalidity of the sale. See Malkoskie, 155 Cal. Rptr. 3d at 827. Thus, not only does the Unlawful Detainer Judgment preclude the Respondent's wrongful foreclosure claim, it precludes all of her causes of action that are based on the invalidity of the foreclosure sale. The court in Malkoskie also held that the judgment precluded actions alleging

8

ny-1234903

defects in title brought against parties that were not party to the unlawful detainer. See id. Thus, the unlawful detainer judgment obtained by Fannie Mae not only precludes a cause of action for wrongful foreclosure against GMACM, but also precludes all of the other causes of action that are premised on the invalidity of the foreclosure sale, including the claims for quiet title, slander of title, cancellation of instruments, negligence, and declaratory relief. As a result, the Respondent's allegations premised on the invalidity of the foreclosure sale fail as a matter of law.

## CONCLUSION

23. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety, and the Claim should be disallowed and expunged from the Claims Register.

Dated: June 9, 2016  
       New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Jessica J. Arett  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the ResCap Borrower Claims Trust*

ny-1234903