**Exhibit 3**

# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DIEM T. NGUYEN,<br><br>   **Plaintiff,**<br><br> vs.<br><br>NATIONSTAR MORTGAGE, GMAC MORTGAGE CORP. dba DITECH.COM, GMAC MORTGAGE CORPORATION, FANNIE MAE, and DOES 1 THROUGH 50, INCLUSIVE,<br><br>   **Defendants.** | Case No.: SACV 10-01007-CJC(RNBx)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE** |

## I. Introduction & Background

Having read and considered the papers presented by the Defendants, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing set for October 25, 2010 at 1:30 p.m. is hereby vacated and off calendar.

Pro se Plaintiff Diem T. Nguyen initially filed suit against Defendants Nationstar Mortgage, LLC ("Nationstar"), GMAC Mortgage, LLC erroneously sued as GMAC Mortgage Corp. dba Ditech.com ("GMAC"), and Quality Loan Service Corporation alleging violations of state and federal law relating to Plaintiff's mortgage. The Court previously granted motions to dismiss filed by Nationstar and GMAC with leave to amend. *See* Dkt. # 9, 16. Plaintiff filed her First Amended Complaint ("FAC") on August 20, 2010. Dkt. # 18. Plaintiff's FAC did not name Quality Loan Service Corporation as a Defendant but did name Federal National Mortgage Association ("Fannie Mae") as a Defendant. Defendant GMAC now moves to dismiss Plaintiff's FAC for failure to state a claim. Defendants Nationstar and Fannie Mae have also collectively filed a motion to dismiss Plaintiff's FAC for failure to state a claim. For the following reasons, Defendants' motions are GRANTED WITH PREJUDICE.

**II.     Legal Standard**

Local Rule 7-12 of the Central District of California addresses a party's failure to file required papers. It states:

> The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

LOCAL RULE 7-12. Here, Plaintiff has failed to file an opposition to either motion to dismiss. The Court could grant Defendants' motions on this ground alone.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**III.    Analysis**

Plaintiff alleges seventeen causes of action. Even accepting Plaintiff's factual allegations as true, each one fails to state a claim.

Plaintiff's first cause of action is for declaratory relief. FAC ¶¶ 21–23. Declaratory relief is, however, a remedy, not an independent cause of action, and all of Plaintiff's substantive claims fail. The Court therefore dismisses Plaintiff's first cause of action.

Plaintiff's second cause of action alleges Defendants breached the implied covenant of good faith and fair dealing by changing terms before the loan agreement was

-3-

signed, withholding required disclosures, and "plac[ing] Plaintiff in a loan that would eventually subject[] her to further financial detriment." FAC ¶ 28. The allegations are insufficient because they concern Defendants' conduct prior to execution of the contract, are duplicative of Plaintiff's deficient statutory and breach of fiduciary duty claims, and otherwise fail to identify any conduct that could constitute a breach of the implied covenant.

Plaintiff's third cause of action alleges Defendants violated the Truth in Lending Act ("TILA") by failing to offer other loan products that might have been more advantageous to Plaintiff and "failing to provide Plaintiff with accurate material disclosures" in July 2006. FAC ¶ 32. Plaintiff's fifth through eleventh causes of action allege various violations of TILA's Regulation Z[1] (12 C.F.R. §§ 226.6(a)(1), 226.6(a)(3), 226.6(a)(4), 226.18(g), 226.23, 226.31(c)(1), and 226.34(a)(4)). TILA's statute of limitations for claims for money damages is one year from the alleged violation. 15 U.S.C. § 1640(e). Plaintiff's TILA claim for damages and "equitable restitution," FAC ¶¶ 35–36, is barred because Plaintiff filed suit in May 2010. TILA's provisions permitting a party to defensively seek recoupment or set-off in response to a foreclosure or debt collection action beyond this one year limit do not apply because Plaintiff initiated this independent action. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998). Similarly, Plaintiff's claim for TILA rescission, FAC ¶ 34, is untimely. "An obligor's right of recession shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). And Plaintiff initiated this action more than three years after execution of the July 2006 loan agreement. Accordingly, the Court dismisses Plaintiff's TILA claims.

---

[1] Plaintiff's FAC erroneously labels these provisions as being part of California's Civil Code.

Relatedly, Plaintiff's twelfth cause of action contends that Plaintiff is "entitled to rescind the loan" based on Defendants' alleged wrongdoing. FAC ¶ 64. This appears to be a claim for rescission pursuant to California state law based on allegations in Plaintiff's eleventh cause of action. California law requires plaintiffs to allege that they are willing to tender the loan proceeds or at least that they are able to tender "as a necessary part of a valid claim for rescission of a contract." *Davenport v. Litton Loan Servicing, LP*, --- F. Supp. 2d ---, No. C 10–0679 RS, 2010 WL 3218592, at *11 (N.D. Cal. July 16, 2010) (citing cases). Plaintiff's claim for rescission is dismissed because the FAC does not allege that Plaintiff is willing or able to tender.

Plaintiff's fourth cause of action alleging Defendants violated the Real Estate Settlement Procedures Act ("RESPA") is also time barred. As an initial matter, it is unlikely that Plaintiff's RESPA claim provides adequate notice of the conduct Plaintiff alleges violates RESPA. Specifically, the FAC makes no effort to explain which Defendants took what actions and cites only to the general RESPA provision 12 U.S.C. § 2601. In addition, Plaintiff's precise theory as to how each Defendant violated RESPA is unclear. On one hand, Plaintiff alleges that Defendants "fail[ed] to disclose that they [would] gain a financial benefit," FAC ¶ 39, which appears to be a 12 U.S.C. § 2605 claim. But Plaintiff also discusses whether "total compensation . . . is reasonably related to the goods, facilities, or services furnished or performed" and alleges there was some disproportionality in the transactions, which may be an attempt to plead a 12 U.S.C. § 2607 kickback claim. Either claim is time barred, however, because the applicable statute of limitations requires private plaintiffs to bring suit within three years of § 2605 violations and within one year of violations of § 2607 or § 2608. 12 U.S.C. § 2614. Plaintiff's RESPA claim is dismissed.

Plaintiff's thirteenth cause of action is for fraud. There are several defects in Plaintiff's claim. First, the three year statute of limitations for California fraud claims has

-5-

1  run. *See* Cal. Civ. Proc. § 338(d). Second, despite previously having the opportunity to
2  amend, Plaintiff's fraud claim is not pled with particularity as required by Federal Rule of
3  Civil Procedure 9(b). *Swartz v. KPMG LLP,* 476 F.3d 756, 764–765 (9th Cir. 2007) (per
4  curiam) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants
5  together but 'require[s] plaintiffs to differentiate their allegations when suing more than
6  one defendant . . . and inform each defendant separately of the allegations surrounding
7  his alleged participation in the fraud.'" (quoting *Haskin v. R.J. Reynolds Tobacco Co.,*
8  995 F. Supp. 1437, 1439 (M.D. Fla.1998))). The section of the FAC specifically raising
9  the fraud claim improperly lumps together the Defendants and fails to meet the
10 particularity requirement. *See* FAC at 11 (heading for fraud cause of action specifies that
11 it applies "[a]gainst [a]ll Defendants").

13      As to her specific allegations, Plaintiff asserts that Defendants intentionally
14 deceived Plaintiff using "bait and switch" tactics so that Plaintiff would enter a
15 detrimental loan agreement that benefited Defendants and harmed Plaintiff. FAC ¶¶ 67–
16 68. Although it is unclear what specifically Plaintiff is asserting was a bait and switch,
17 allegations elsewhere in the FAC suggest Plaintiff's claim is that she signed a rate
18 agreement to lock-in quoted rates and fees, but Defendants nevertheless increased the
19 fees and mortgage amount prior to the parties executing the loan agreement. FAC ¶ 18.
20 Plaintiff asserts that she did not receive relevant forms, but admits that she "received a
21 call informing her the fees ha[d] been increase[d] a *few days before the signing date* of
22 July 17, 2006." *Id.* (emphasis added). Justifiable reliance is an essential element of fraud
23 in California. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Even
24 assuming the rate agreement contained a misrepresentation and the other elements of
25 fraud were satisfied, Plaintiff could not justifiably rely on that misrepresentation when
26 executing the final loan agreement because, by her own admission, Defendants had
27 already made her aware of the truth.

-6-

1    Plaintiff's fourteenth cause of action alleges unfair and deceptive business act practices ("UDAP"). FAC at 12. While it is unclear what the statutory basis for this cause of action is, it is likely an attempt to allege a violation of § 17200 of California's Business and Professions Code ("UCL"), which prohibits unlawful, unfair, or fraudulent business acts or practices. This cause of action is generally derivative of some other unlawful conduct or fraud committed by a defendant, and a plaintiff "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). To the extent that Plaintiff's UCL claim is derivative of her other claims, it must fail because all of her other claims have failed. If Plaintiff's UCL claim that Defendants' actions were unlawful, unfair, or fraudulent relies on a different theory, Plaintiff has failed to state that theory or its underlying allegations with sufficient particularity. The Court dismisses Plaintiff's fourteenth cause of action.

Plaintiff's fifteenth cause of action alleges Defendants breached their fiduciary duty by "failing to advise [Plaintiff about] loan options that would be more practical for her," "fail[ing] to provide material disclosures to Plaintiff regarding the changes in the loan terms and conditions timely and properly," and failing to comply with TILA/RESPA. FAC ¶¶ 74–76. Plaintiff's claim fails as a matter of law because commercial lenders do not owe a fiduciary duty to borrowers. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991).

Plaintiff's sixteenth cause of action alleges the loan agreement was entirely or in part unconscionable at the time the parties entered into it. FAC ¶ 80. Generally, unconscionability is only a defense to contract enforcement, not the basis for an affirmative cause of action. *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003). Even assuming there is a basis for Plaintiff's affirmative claim, *see California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 217–18 (1994), Plaintiff has

failed to plead facts that would support a finding of procedural or substantive unconscionability. Indeed, Plaintiff failed to specifically cite even one provision of the loan agreement that Plaintiff contends the Court might find unconscionable.

Plaintiff's seventeenth cause of action alleges predatory lending in violation of UCL § 17200. As explained, UCL § 17200 claims are primarily derivative and all of Plaintiff's allegations that Defendants acted unlawfully, fraudulently, or unfairly have been found deficient. Accordingly, this claim also fails.

Finally, although equitable tolling, if applicable, might permit some of Plaintiff's untimely claims to go forward, Plaintiff failed to respond to the pending motions to dismiss and has raised no plausible entitlement to equitable tolling. The Court is unpersuaded that it would be warranted in this case.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED WITH PREJUDICE.

DATED: October 21, 2010

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-8-