## Exhibit 7

1  STEPHANIE A. CHAMBERS (State Bar No. 261025)
   sac@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Ave., Suite 700
4  Irvine, CA  92612
   Telephone:   (949) 442-7110
5  Facsimile:    (949) 442-7118

6  REGINA J. MCCLENDON (State Bar No. 184669)
   rjm@severson.com
7  SEVERSON & WERSON
   A Professional Corporation
8  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
9  Telephone:   (415) 398-3344
   Facsimile:    (415) 956-0439

10

   Attorneys for Defendants
11 GMAC MORTGAGE, LLC (erroneously sued as GMAC Mortgage
   Corporation dba Ditech.com)

12

13                    **SUPERIOR COURT OF CALIFORNIA**

14          **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

15 DIEM T. NGUYEN,                          | Case No.:  30-2010-00387297
                                            | Hon. William M. Monroe
16              Plaintiff,                   | Dept. C16

17        vs.                               | **DEFENDANTS' NOTICE OF
                                            | DEMURRER AND DEMURRER TO
18 NATIONSTAR MORTGAGE,LLC, FANNIE          | PLAINTIFF'S THIRD AMENDED
   MAE, QUALITY LOAN SERVICES INC,          | COMPLAINT; MEMORANDUM OF
19 SUMMERGREEN HOMEOWNERS                   | POINTS AND AUTHORITIES IN
   ASSOCIATION, HUNTINGTON WEST             | SUPPORT THEREOF**
20 PROPERTIES, GMAC MORTGAGE                |
   CORPORATION DBA DITECH.COM,              |
21 DOES 1 THROUGH 50, INCLUSIVE,            |
                                            | Date:      August 30, 2011
22              Defendants.                  | Time:     2:00 pm
                                            | Dept.:     C16
23                                          |
                                            | TAC Filed:       June 13, 2011
24                                          | SAC Filed:       March 7, 2011
                                            | FAC Filed:       December 6, 2010
25                                          | Complaint Filed:  July 6, 2010

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS ......................................................................1

III.    LEGAL STANDARD .............................................................................2

IV.     THIS ACTION IS BARRED BY THE DOCTRINE OF RES JUDICATA ......................3

V.      PLAINTIFF'S CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW ......................4

        A.      Plaintiff Fails To Tender ...........................................................4

        B.      Plaintiff's Claim For Breach Of Contract Is Fatally Flawed................5

        C.      Plaintiff's Claim For Wrongful Foreclosure Is Predicated On Failed Legal Theories ...........................................................7

                1.      Possession of the note is not a prerequisite to foreclosure ........7

                2.      Prior recordation of the assignment of the deed of trust is not required ...................................................8

                3.      Section 2923.5 affords no post-foreclosure relief ..................10

        D.      Plaintiff Cannot Quiet Title .....................................................11

        E.      Plaintiff Cannot Assert A Claim For Slander Of Title ......................11

        F.      Plaintiff's Claim For Cancellation Of Instruments Fails ...................12

        G.      Plaintiff Asserts No Claim For Promissory Estoppel Against GMAC.........12

        H.      Plaintiff Cannot Assert A Claim For Negligence Against GMAC...............14

        I.      Plaintiff Fails To Properly Plead A Fraud-Based Claim......................14

        J.      Plaintiff's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Is Fatally Flawed ....................................15

        K.      Plaintiff's UCL Claim Fails .....................................................16

        L.      Plaintiff Is Not Entitled To Declaratory Relief ...............................16

VI.     CONCLUSION ....................................................................................17

DEMURRER TO THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

CASES

Abdallah v. United Sav. Bank
(1996) 43 Cal.App.4th 1101 ....................................................................... 5, 12

Agosta v. Astor
(2004) 120 Cal.App.4th 596 ........................................................................ 15

Aguilar v. Bocci
(1974) 39 Cal.App.3d 475 ........................................................................ 4, 11

Albertson v. Raboff
(1956) 46 Cal.2d 375 ................................................................................. 12

Arnolds Mgmt. Corp. v. Eischen
(1984) 158 Cal.App.3d 575 .................................................................. 4, 5, 12

Aubry v. Tri-City Hospital Dist.
(1992) 2 Cal.4th 962 .................................................................................. 2

Ball v. FleetBoston Fin. Corp.
(2008) 164 Cal.App.4th 794 ........................................................................ 17

Banis Restaurant Design, Inc. v. Serrano
(2005) 134 Cal.App.4th 1035 ....................................................................... 2

Bank of Italy etc. Assn. v. Bentley
(1933) 217 Cal. 644.................................................................................... 8

Batt v. City and County of San Francisco
(2007) 155 Cal.App.4th 65 ......................................................................... 17

Benham v. Aurora Loan Services
(N.D. Cal. 2009) 2009 WL 2880232 ............................................................. 6

Boeken v. Philip Morris USA, Inc.
(2010) 48 Cal.4th 788................................................................................ 3, 4

Caballero v. Bank of America, N.A.
(N.D. Cal. 2010) 2010 WL 4604031 .............................................................. 9

Candelo v. NDex West, LLC
(E.D. Cal. 2008) 2008 WL 5382259 ............................................................. 7

Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.
(1992) 2 Cal.4th 342.................................................................................. 15

CDF Firefighters v. Maldonado
(2008) 158 Cal.App.4th 1226 ....................................................................... 5

*Chabner v. United of Omaha Life Ins. Co.*
(2000) 225 F.3d 1042 ................................................................................16

*Daro v. Superior Court*
(2007) 151 Cal.App.4th 1079 ....................................................................16

*Dillard v. McKnight*
(1949) 34 Cal.2d 209 ..................................................................................3

*Dimock v. Emerald Properties*
(2000) 81 Cal.App.4th 868 ..........................................................................8

*Escobedo v. Countrywide Home Loans, Inc.*
(S.D. Cal. 2009) 2009 WL 4981618 ..........................................................13

*Garretson v. Post*
(2007) 156 Cal.App.4th 1508 ......................................................................9

*Glenn K. Jackson Inc. v. Roe*
(2001) 273 F.3d 1192 ................................................................................16

*Glue-Fold, Inc. v. Slautterback Corp.*
(2000) 82 Cal.App.4th 1018 ......................................................................17

*Goldstein v. Healy*
(1921) 187 Cal. 206 ....................................................................................2

*Gonzalez v. First Franklin Loan Services*
(E.D. Cal. Jan. 11, 2010) 2010 WL 144862 ..............................................13

*Hafiz v. Greenpoint Mortg. Funding, Inc.*
(N.D. Cal. 2009) 652 F.Supp.2d 1039 ........................................................6

*Hall v. Time Inc.*
(2008) 158 Cal.App.4th 847 ......................................................................16

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*
(2005) 129 Cal.App.4th 1228 ....................................................................14

*I.E. Assocs. v. Safeco Title Ins. Co.*
(1985) 39 Cal.3d 281 ..................................................................................8

*Jacob B. v. County of Shasta*
(2007) 40 Cal.4th 948 ................................................................................12

*Karlsen v. Am. Sav. & Loan Ass'n*
(1971) 15 Cal.App.3d 112 ....................................................................5, 12

*Kramer v. Intuit Inc.*
(2004) 121 Cal.App.4th 574 ........................................................................2

*Krantz v. BT Visual Images, L.L.C*
(2001) 89 Cal.App.4th 164 ........................................................................16

*Lane v. Vitek Real Estate Industries Group*
   (E.D. Cal. 2010) 2010 WL 1956707 ......................................................................6

*Lawrence v. Bank of America*
   (1985) 163 Cal.App.3d 431 ...................................................................................2

*Levy v. State Farm Mut. Auto. Ins. Co.*
   (2007) 150 Cal.App.4th 1 ......................................................................................6

*Mabry v. Superior Court*
   (2010) 185 Cal.App.4th 208 ................................................................................10

*Mangosing v. Wells Fargo Bank, N.A.*
   (D. Ariz. 2009) 2009 WL 1456783 ......................................................................13

*Marks v. Bank of America*
   (D. Ariz. 2010) 2010 WL 2572988 ......................................................................13

*Meetz v. Mohr*
   (1904) 141 Cal. 667 ...............................................................................................4

*Mix v. Sodd*
   (1981) 126 Cal.App.3d 386 ....................................................................................4

*Moeller v. Lien*
   (1994) 25 Cal.App.4th 822 .....................................................................................8

*Neal v. Juarez*
   (S.D. Cal. 2007) 2007 WL 2140640 ......................................................................7

*Nguyen v. Calhoun*
   (2003) 105 Cal.App.4th 428 ..................................................................5, 12, 17

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
   (1991) 231 Cal.App.3d 1089 ................................................................................14

*Pantoja v. Countrywide Home Loans, Inc.*
   (N.D. Cal. 2009) 640 F.Supp.2d 1177..................................................................13

*Parcray v. Shea Mortg. Inc.*
   (E.D. Cal. 2010) 2010 WL 1659369 ......................................................................9

*Park v. Wachovia Mortg. FSB*
   (S.D. Cal. 2011) 2011 WL 98408 ...........................................................................9

*Perlas v. GMAC Mortgage, LLC*
   (2010) 187 Cal.App.4th 429 ................................................................................14

*Philipson & Simon v. Gulsvig*
   (2007) 154 Cal.App.4th 347 ................................................................................14

*Putkkuri v. ReconTrust Co.*
   (S.D. Cal. 2009) 2009 WL 32567 ...........................................................................7

*Py v. Pleitner*
   (1945) 70 Cal.App.2d 576 ...................................................................... 10

*Regions Bank v. Homes by Williamscraft, Inc.*
   (N.D. Ga. Nov. 6, 2009) 2009 WL 3753585 ........................................ 13

*Reyes-Gaona v. N.C. Growers Ass'n*,
   250 F.3d 861 (4th Cir.2001) ................................................................. 13

*Roque v. Suntrust Mortg., Inc.*
   (N.D. Cal. 2010) 2010 WL 546896 ......................................................... 9

*Roybal v. University Ford*,
   207 Cal.App.3d 1080 (1984) .................................................................... 4

*Rubio v. Capital One Bank (USA)*
   (2008) 572 F.Supp.2d 1157 ................................................................... 16

*San Diego Home Solutions, Inc. v. ReconTrust Co.*
   (S.D. Cal. 2008) 2008 WL 5209972 ........................................................ 7

*Santos v. Countrywide Home Loans*
   (E.D. Cal. Nov. 6, 2009) 2009 WL 3756337 ........................................ 13

*See v. Joughin*
   (1941) 18 Cal.2d 603 ............................................................................... 3

*Shimpones v. Stickney*
   (1934) 219 Cal. 637 .................................................................................. 4

*Stockwell v. Barnum*
   (1908) 7 Cal.App. 413 .......................................................................... 9, 10

*Sutphin v. Speik*
   (1940) 15 Cal.2d 195 ............................................................................... 3

*Tarmann v. State Farm Mut. Auto Ins. Co.*
   (1991) 2 Cal.App.4th 153 ...................................................................... 15

*Tensor Group v. City of Glendale*
   (1993) 14 Cal.App.4th 154 ....................................................................... 3

*Tina v. Countrywide Home Loans, Inc.*
   (S.D. Cal. 2008) 2008 WL 4790906 ........................................................ 7

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*
   (1985) 165 Cal.App.3d 1214 ................................................................ 5, 12

*Wagner v. Benson*
   (1980) 101 Cal.App.3d 27 ...................................................................... 14

*Washington v. National City Mortg. Co.*
   (N.D. Cal. 2010) 2010 WL 5211506 ...................................................... 10

DEMURRER TO THIRD AMENDED COMPLAINT

*Wilhelm v. Pray, Price, Williams & Russell*
    (1986) 186 Cal.App.3d 1324 ........................................................................ 14

*Williams v. Geithner,*
    2009 WL 3757380 ...................................................................................... 13

**STATUTES**

12 U.S.C.
    § 5220(a) ..................................................................................................... 13

Cal. Bus. & Prof. Code
    § 17200 ....................................................................................................... 16
    § 17204 ....................................................................................................... 16

Cal. Civ. Code
    § 47 ..................................................................................................... 11, 12
    § 2923.5 ............................................................................................... 10, 11
    § 2923.5(b) ................................................................................................. 10
    § 2924 ..................................................................................................... 7, 8
    § 2924(a) ...................................................................................................... 7
    § 2924(a)(1) ........................................................................................ 7, 8, 11
    § 2924(d) .................................................................................................... 12
    § 2924(d)(1) ................................................................................................ 11
    § 2924(d)(2) ................................................................................................ 11
    § 2932.5 ............................................................................................. 8, 9, 10

Code Civ. Pro.
    § 1060 ......................................................................................................... 17

Pub. L. 110-343, Oct. 3, 2008 ....................................................................... 13

UCC
    Article 3 ........................................................................................................ 7

**OTHER AUTHORITIES**

1 Miller & Starr, *California Real Estate* (3d ed.) § 1:52 ............................. 13

4 Miller & Starr, *Cal. Real Estate* (3d ed. 2003) § 10:212 ......................... 5

Fed. R. Civ. P. 12(b)(6) ................................................................................. 2

DEMURRER TO  THIRD AMENDED COMPLAINT

1    **PLEASE TAKE NOTICE** that on August 23, 2011, at 2:00 p.m., or as soon thereafter as

2    counsel may be heard in Department C16 of the Orange County Superior Court, located at 700 Civic

3    Center Drive West, Santa Ana, California, a hearing will be held on the Demurrer of defendant

4    GMAC MORTGAGE, LLC (erroneously sued as GMAC Mortgage Corporation dba Ditech.com)

5    ("GMAC") to the Third Amended Complaint of plaintiff DIEM T. NGUYEN ("Plaintiff") in the

6    above-captioned matter.

7    The Demurrer is made under Code of Civil Procedure section 430.10(e) on the grounds that

8    the first, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, sixteenth, and

9    seventeenth causes of action alleged in Plaintiff's Third Amended Complaint do not state facts

10   sufficient to constitute a cause of action against GMAC.

11   This Demurrer is based on this Notice, the accompanying Demurrer and Memorandum of

12   Points and Authorities, the concurrently-filed Request for Judicial Notice, the Third Amended

13   Complaint, and upon all other papers on file in this action and all matters which are the proper

14   subject of judicial notice.

15

16   DATED:  July 14, 2011                    SEVERSON & WERSON
                                             A Professional Corporation
17

18

19   By: _____
                                             STEPHANIE A. CHAMBERS

20                                           Attorneys for Defendants
                                             GMAC MORTGAGE, LLC (erroneously sued as
21                                           GMAC Mortgage Corporation dba Ditech.com)

22

23

24

25

26

27

28

# DEMURRER

Defendant GMAC MORTGAGE, LLC (erroneously sued as GMAC Mortgage

Corporation dba Ditech.com) ("GMAC") hereby demurs to the plaintiff's Third Amended

Complaint on the following grounds:

1.          Plaintiff's First Cause of Action for Breach of Contract fails to state a cause of

action.  (Code Civ. Proc. § 430.10(e).)

2.          Plaintiff's Sixth Cause of Action for Wrongful Foreclosure fails to state a cause of

action.  (Code Civ. Proc. § 430.10(e).)

3.          Plaintiff's Seventh Cause of Action for Quiet Title fails to state a cause of action.

(Code Civ. Proc. § 430.10(e).)

4.          Plaintiff's Eighth Cause of Action for Slander of Title fails to state a cause of action.

(Code Civ. Proc. § 430.10(e).)

5.          Plaintiff's Ninth Cause of Action for Cancellation of Instruments fails to state a

cause of action.  (Code Civ. Proc. § 430.10(e).)

6.          Plaintiff's Tenth Cause of Action for Promissory Estoppel fails to state a cause of

action.  (Code Civ. Proc. § 430.10(e).)

7.          Plaintiff's Eleventh Cause of Action for Negligence fails to state a cause of action.

(Code Civ. Proc. § 430.10(e).)

8.          Plaintiff's Twelfth Cause of Action for Negligent Misrepresentation fails to state a

cause of action.  (Code Civ. Proc. § 430.10(e).)

9.          Plaintiff's Thirteenth Cause of Action for Breach of the Covenant of Good Faith and

Fair Dealing fails to state a cause of action.  (Code Civ. Proc. § 430.10(e).)

10.          Plaintiff's Fourteenth Cause of Action for Fraud fails to state a cause of action.

(Code Civ. Proc. § 430.10(e).)

11.          Plaintiff's Sixteenth Cause of Action for Unfair Business Practices fails to state a

cause of action.  (Code Civ. Proc. § 430.10(e).)

1    12.        Plaintiff's Seventeenth Cause of Action for Declaratory Relief fails to state a cause

2    of action.  (Code Civ. Proc. § 430.10(e).)

3

4    DATED:  July 14, 2011                      SEVERSON & WERSON
                                               A Professional Corporation
5

6
                                               By: _____
7                                                   STEPHANIE A. CHAMBERS

8                                              Attorneys for Defendants
                                               GMAC MORTGAGE, LLC (erroneously sued as
9                                              GMAC Mortgage Corporation dba Ditech.com)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This is now plaintiff DIEM T. NGUYEN's ("Plaintiff") **fourth** failed attempt to assert claims against defendant GMAC MORTGAGE, LLC (erroneously sued as GMAC Mortgage Corporation dba Ditech.com) ("GMAC") relating to her former real property.  As with her prior pleadings, this one, too, is nonsense.

Yet another **fifty page, single spaced document**, her Third Amended Complaint is nothing more than an unintelligible diatribe of statutory citations, irrelevant caselaw, and unsubstantiated allegations.  Despite the sheer volume of pleading, Plaintiff fails to assert a single valid cause of action against GMAC.

Notably, the claims Plaintiff has asserted in the instant action are barred under the doctrine of res judicata.  These issues have already been litigated, and Plaintiff's claims dismissed with prejudice.  Her causes of action fail on this basis alone.

Moreover, Plaintiff's claims are improperly pled and are premised on failed legal theories which have been repeatedly rejected by the courts.  For this reason, too, Plaintiff's claims fail.  As Plaintiff fails to properly assert a claim against GMAC, GMAC respectfully requests that its Demurrer be sustained in its entirety without leave to amend.

**II.**

**STATEMENT OF FACTS**

In or about July of 2006, Plaintiff obtained a loan in the amount of $296,000 from GMAC. (Request for Judicial Notice ["RJN"], Ex. A.)  This loan was secured by a deed of trust recorded against the real property located at 4004 West Fifth Street, #201, Santa Ana, California, (the "Property").  (*Id.*)

Ultimately, Plaintiff fell behind on her payment obligations, and a Notice of Default was recorded against the Property, on May 6, 2010.  (RJN, Ex. B.)  Plaintiff's Deed of Trust was subsequently assigned to NationStar Mortgage, LLC ("NationStar"), and an Assignment of Deed of Trust was recorded on June 16, 2010.  (RJN, Ex. C.)

1    Due to Plaintiff's failure to cure her default, a Notice of Trustee's Sale was recorded on

2    August 9, 2010.  (RJN, Ex. D.)  Plaintiff's Deed of Trust was assigned to Federal National

3    Mortgage Association, and an Assignment of Deed of Trust was recorded on September 10, 2010.

4    (RJN, Ex. E.)  The Property was ultimately sold at trustee's sale, and a Trustee's Deed Upon Sale

5    was recorded on September 10, 2010.  (RJN, Ex. F.)

6    Plaintiff initiated litigation against GMAC on May 28, 2010.  (RJN, Ex. G.)  GMAC

7    removed the case to federal court and thereafter moved to dismiss the case under Rule 12(b)(6) of

8    the Federal Rules of Civil Procedure.  (See Case No. SACV10-01007 CJC (RNBx).)  On

9    August 2, 2010, the Court entered an order granting GMAC's Motion to Dismiss with leave to

10    amend.  (RJN, Ex. H.)  Plaintiff thereafter filed an amended complaint on August 20, 2011, and

11    GMAC once again moved to dismiss under Rule 12(b)(6).  (RJN, Ex. I.)  On October 21, 2010,

12    the Court entered an order dismissing the case in its entirety with prejudice.  (RJN, Ex. J.)

13    **III.**

14    **LEGAL STANDARD**

15    "While it is well settled that a demurrer admits the truth of all facts that are well pleaded in

16    the complaint, it does not, however, confess any omitted circumstance which is indispensable to the

17    cause of action upon which it is based, or essential to remedy an allegation specially challenged for

18    uncertainty or ambiguity."  (*Goldstein v. Healy* (1921) 187 Cal. 206, 210.)  A demurrer does not

19    admit the truth of "contentions, deductions or conclusions of law."  (*Aubry v. Tri-City Hospital Dist.*

20    (1992) 2 Cal.4th 962, 967.)  "'Doubt in the complaint may be resolved against plaintiff and facts not

21    alleged are presumed not to exist.'"  (*Kramer v. Intuit Inc*. (2004) 121 Cal.App.4th 574, 578.)

22    In sustaining a demurrer, leave to amend should be denied where "the facts are not in dispute

23    and the nature of the claim is clear, but no liability exists under substantive law" (*Lawrence v. Bank*

24    *of America* (1985) 163 Cal.App.3d 431, 436-37 [citations omitted]), or where "the complaint

25    contains allegations that are fatal to a cause of action" (*Banis Restaurant Design, Inc. v. Serrano*

26    (2005) 134 Cal.App.4th 1035, 1044 [citations omitted]).  For the reasons discussed below, all of

27    Plaintiff's claims fail, and the instant Demurrer should be sustained without leave to amend.

28

# IV.

## THIS ACTION IS BARRED BY THE DOCTRINE OF RES JUDICATA

The doctrine of res judicata gives conclusive effect to a former judgment in a subsequent litigation involving the same controversy.  The elements of the doctrine are (1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)  The doctrine "rests upon the sound public policy that there must be an end of litigation and, accordingly, persons who have had one fair trial on the issue may not again have it adjudicated."  (*Dillard v. McKnight* (1949) 34 Cal.2d 209, 214.)

"California law defines a cause of action 'by focusing on the "primary right" at stake:  if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'"  (*Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160 [citations omitted].)  The fact that the two actions may have "different forms of expression" does not matter either; the test is whether the plaintiff's pleadings state "substantially the same case in both instances."  (*See v. Joughin* (1941) 18 Cal.2d 603, 607.)  "If the [second] matter was within the scope of the [first] action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. … The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigatable."  (*Tensor Group*, *supra*, 14 Cal.App.4th at p. 160 [original italics] [citing *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202.].)

Here, the first element of res judicata is satisfied because the factual allegations of the instant complaint arise from the same transactional nucleus of facts:  the underlying loan and foreclosure proceedings initiated against the Property as a result of Plaintiff's failure to make her required loan payments.  (RJN, Exs. G, I.)  The fact that additional causes of action are asserted in the instant

1    lawsuit is of no consequence.  Indeed, Plaintiff "could have" raised the instant causes of action in

2    her prior lawsuit, as foreclosure proceedings commenced and were completed during the pendency

3    of that prior action.  Because both lawsuits arose from the same loan transaction and the same

4    foreclosure proceedings, the first element of res judicata is satisfied.

5        The second element of res judicata is satisfied because Plaintiff's first lawsuit resulted in a

6    final judgment on the merits.  On October 21, 2010, the District Court entered an order dismissing

7    Plaintiff's case in its entirety with prejudice.  (RJN, Ex. J.)  A dismissal with prejudice is the

8    equivalent of a final judgment on the merits.  (*Boeken*, *supra*, 48 Cal.4th at 793.)  As the court

9    explained in *Roybal* v. *University Ford* (1984) 207 Cal.App.3d 1080, 1086-87:  "The statutory term

10    'with prejudice' clearly means the plaintiff's right of action is terminated and may not be revived....

11    [A] dismissal with prejudice ... bars any future action on the same subject matter."

12        Finally, the third element of res judicata is satisfied because Plaintiff was clearly a party to

13    the original lawsuit.  (RJN, Exs. G, I.)  Because all three elements of the doctrine of res judicata

14    have been satisfied, the Court should sustain the instant demurrer in its entirety without leave to

15    amend.

16                                **V.**

17            **PLAINTIFF'S CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW**

18        Significantly, even if Plaintiff's claims were not barred by the doctrine of res judicata—

19    which they are—Plaintiff still fails to assert a valid cause of action against GMAC.

20        **A.    Plaintiff Fails To Tender**

21        A plaintiff may not challenge a foreclosure sale without at least offering to repay what was

22    borrowed.  If a borrower who has defaulted in repaying a loan asks the court to exercise its equitable

23    powers to set aside a foreclosure, they must first "do equity."  (*Arnolds Mgmt. Corp. v. Eischen*

24    (1984) 158 Cal.App.3d 575, 577; *Meetz v. Mohr* (1904) 141 Cal. 667, 673 ["One who seeks equity

25    must do equity"].)  Likewise, "[i]t is settled in California that a mortgagor cannot quiet his title

26    against the mortgagee without paying the debt secured."  (*Shimpones v. Stickney* (1934) 219 Cal.

27    637, 649; see *Mix v. Sodd* (1981) 126 Cal.App.3d 386, 390 ["a mortgagor in possession may not

28    maintain an action to quiet title, even though the debt is unenforceable"]; *Aguilar v. Bocci* (1974)

1    39 Cal.App.3d 475, 477 [trustor is unable to quiet title "without discharging his debt"].)  A Plaintiff

2    who has not "done equity" by tendering the obligation lacks standing to set aside the foreclosure

3    sale.

4            This rule requiring tender applies to any cause of action that is based on allegations of

5    wrongful foreclosure or that seeks redress from foreclosure.  (*Abdallah v. United Sav. Bank* (1996)

6    43 Cal.App.4th 1101, 1109 [affirming sustaining of Demurrer without leave, and explaining that the

7    tender rule applies to "any cause of action for irregularity in the sale procedure"]; *U.S. Cold*

8    *Storage v. Great W. Sav. & Loan Ass'n* (1985) 165 Cal.App.3d 1214, 1225 [affirming judgment of

9    nonsuit]; *Arnolds Mgmt. Corp.*, 158 Cal.App.3d at 579 [Demurrer properly sustained without leave

10   on claims of wrongful foreclosure, fraud, and negligence relating to defective notice not foreclosure

11   sale].)  The tender rule is strictly enforced.  (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439.)

12   Absent an alleged and **actual** tender, a Complaint fails to state a viable cause of action.  (*Karlsen v.*

13   *Am. Sav. & Loan Ass'n* (1971) 15 Cal.App.3d 112; *Abdallah*, 43 Cal.App.4th at 1109; 4 Miller &

14   Starr, *Cal. Real Estate* (3d ed. 2003) § 10:212, pp. 653-54.)

15           Here, Plaintiff challenges the propriety of the foreclosure sale of the Property.  Although

16   Plaintiff seeks equitable relief from the Court, she makes no attempt to do equity herself by

17   tendering the amount owed on her loan.  California law does not countenance such an inequitable

18   result.  Plaintiff has not alleged (let alone credibly or factually alleged) either her ability or

19   willingness to do so.  As such, she lacks standing to challenge the foreclosure sale.

20           **B.      Plaintiff's Claim For Breach Of Contract Is Fatally Flawed**

21           To state a claim for Breach of Contract, Plaintiff must allege:  "(1) existence of the contract;

22   (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages

23   to plaintiff as a result of the breach."  (*CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th

24   1226, 1239.)  Here, Plaintiff has not and cannot allege each element of such a claim.

25           Plaintiff's first cause of action purports to assert a claim for breach of contract against

26   GMAC.  However, Plaintiff has not properly pled—and cannot plead—each required element.

27           As an initial matter, Plaintiff cannot properly allege her performance or excuse for

28   performance under the deed of trust.  Indeed, Plaintiff did not make the required payments on her

1  home loan, thus resulting in the foreclosure sale of the Property in September of 2010.[1]  (RJN,

2  Ex. F.)

3       Plaintiff further fails to allege GMAC's purported breach with any semblance of specificity,

4  failing to identify what specific provisions of the deed of trust were breached by GMAC.  In failing

5  to identify the provisions breached by GMAC, Plaintiff has failed to properly plead an essential

6  element of this cause of action.  (*Levy v. State Farm Mut. Auto. Ins. Co.* (2007) 150 Cal.App.4th 1,

7  5-6; ["Facts alleging a breach, like all essential elements of a breach of contract cause of action,

8  must be pleaded with specificity."].)

9       Significantly, it would appear that Plaintiff contends that GMAC breached the terms of the

10  relevant deed of trust by permitting the deed of trust to be assigned to NationStar.  This assertion is

11  nonsense.

12       The relevant deed of trust clearly states:

13       The Note or a partial interest in the Note (together with this
        Security Instrument) can be sold one or more times without prior
14       notice to Borrower.  A sale might result in a change in the entity
        (known as the "Loan Servicer") that collects Periodic Payments due
15       under the Note and this Security Instrument and performs other
        mortgage loan servicing obligations under the Note, this Security
16       Instrument, and Applicable Law.  There also might be one or more
        changes of the Loan Servicer unrelated to a sale of the Note.
17       (RJN, Ex. A, p. 11)

18

19

20  _____

21       [1] Plaintiff cannot escape her obligations under the deed of trust by alleging that it was
   transferred to a securitized pool.  (TAC, ¶ 86.)  The theory that parties lose their authority to enforce
22  a loan when it is assigned to a securitized pool has been universally rejected.  (See *Lane v. Vitek
   Real Estate Industries Group* (E.D. Cal. 2010) 713 F.Supp.2d 1092, 1099 [explaining that "[t]he
23  argument that parties lose their interest in a loan when it is assigned to a trust pool has also been
   rejected by many district courts."]  *Hafiz v. Greenpoint Mortg. Funding, Inc.* (N.D. Cal. 2009) 652
24  F.Supp.2d 1039, 1043 [plaintiff's theory that all defendants lost their power of sale pursuant to the
   deed of trust when the original promissory note was assigned to a trust pool is both unsupported and
25  incorrect]; *Benham v. Aurora Loan Services* (N.D. Cal. 2009) 2009 WL 2880232, *3 ["Other courts
   ... have summarily rejected the argument that companies like MERS lose their power of sale
26  pursuant to the deed of trust when the original promissory note is assigned to a trust pool."].)

27       Plaintiff cannot avoid her obligations under the deed of trust by simply alleging that the
   beneficial interest under the deed of trust was transferred to a securitized loan pool.  There is no law
28  preventing such transfers and no law that nullifies the security interest when there is such a transfer.
   This theory, therefore, affords Plaintiff no relief.

Consequently, Plaintiff cannot possibly identify a specific provision of the deed of trust which was breached by GMAC.  The deed of trust specifically permits the sale and transfer of both the note and deed of trust.  Plaintiff's claim fails as a result.

**C.      Plaintiff's Claim For Wrongful Foreclosure Is Predicated On Failed Legal Theories**

In an amorphous sixth cause of action for "wrongful foreclosure," Plaintiff purports to assert claims which are predicated on failed legal theories and statutes that afford Plaintiff no relief.

**1.      Possession of the note is not a prerequisite to foreclosure**

Plaintiff's attempts to assert a claim based upon possession of the note cannot succeed. Plaintiff makes the unsubstantiated claim that the defendants are not in possession of the original promissory note and, therefore, are not entitled to enforce the provisions of the deed of trust and foreclose on the Property.  (TAC, ¶ 126.)  Contrary to Plaintiff's assertions, there is no requirement that a lender produce the promissory note prior to initiating non-judicial foreclosure sales.

Raised in many recent actions by borrowers seeking to delay and undo foreclosure proceedings, this claim has been uniformly rejected.  This mistaken idea is derived from Article 3 of the Uniform Commercial Code, which governs negotiable instruments.  It does not govern non-judicial foreclosure under deeds of trust.  (See, e.g., *Putkkuri v. ReconTrust Co.* (S.D. Cal. 2009) 2009 WL 32567, at *2 ["Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process.  Cal. Civ. Code § 2924(a).  Production of the original note is not required to proceed with a non-judicial foreclosure."]; *Candelo v. NDex West, LLC* (E.D. Cal. 2008) 2008 WL 5382259, at *4 ["No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure."]; *San Diego Home Solutions, Inc. v. ReconTrust Co.* (S.D. Cal. 2008) 2008 WL 5209972, at *2 ["California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure."]; *Tina v. Countrywide Home Loans, Inc.* (S.D. Cal. 2008) 2008 WL 4790906, at *8 ["Cal. Civ. Code § 2924 outlines the requirements for non-judicial foreclosures in California, and does not include providing the original note prior to the sale."]; *Neal v. Juarez* (S.D. Cal. 2007)

1  2007 WL 2140640, at *8 [an "allegation that the trustee did not have the original note or had not

2  received it is insufficient to render the foreclosure proceeding invalid."].)

3  The Civil Code sections establish a comprehensive and exclusive set of regulations for the

4  conduct of nonjudicial foreclosures.  (See, e.g., *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 834

5  ["The comprehensive statutory framework established to govern nonjudicial foreclosure sales is

6  intended to be exhaustive."]; *I.E. Assocs. v. Safeco Title Ins. Co*. (1985) 39 Cal.3d 281, 285 ["The

7  statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in [Civil

8  Code] sections 2924-2924i.  These provisions cover every aspect of exercise of the power of sale

9  contained in a deed of trust."].)  Negotiable instrument law is not operative in this specialized

10  context.  Civil Code section 2924 *et seq*. does not require the person initiating foreclosure to have

11  physical possession of the promissory note which the deed of trust secures.  Nor do these sections

12  require the trustee to find out who does physically possess the note.  Instead, Civil Code section

13  2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents"

14  may commence the nonjudicial foreclosure process by recording and servicing a notice of default.

15  Consequently, Plaintiff is not entitled to relief pursuant to this failed legal theory.

16  **2.    Prior recordation of the assignment of the deed of trust is not required**

17  Plaintiff further claims that the relevant foreclosure proceedings were "wrongful" because

18  the Assignment of Deed of Trust which assigned the deed of trust to NationStar was "invalid."

19  (TAC, ¶¶ 129-130.)  As already discussed above, this contention is entirely false.  (See, RJN, Ex. A,

20  p. 11.)  Moreover, prior recordation of an assignment of deed of trust is not a prerequisite to

21  foreclosure.

22  Specifically, Civil Code section 2932.5 requires recordation only of mortgages or other

23  encumbrances in which "a power to sell real property is given to a mortgagee, or other

24  encumbrancer."  In contrast, a deed of trust conveys legal title to the trustee.  "[A] deed of trust

25  differs from a mortgage in that title passes to the trustee in case of a deed of trust, while, in the case

26  of a mortgage, the mortgagor retains title." (*Bank of Italy etc. Assn. v. Bentley* (1933) 217 Cal. 644,

27  655; accord:  *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 877.)  Moreover, a deed of

28

DEMURRER TO  THIRD AMENDED COMPLAINT

1  trust grants the power of sale to the trustee, not the beneficiary.  (*Garretson v. Post* (2007) 156

2  Cal.App.4th 1508, 1516.)

3       Both of these differences are critical in determining the proper scope of section 2932.5.

4  First, because the deed of trust conveys title to the trustee, it is unnecessary to record an assignment

5  of the beneficial interest in a deed of trust.  The beneficiary never acquires title and so assignments

6  of the beneficial interest in the deed of trust neither affect title nor require recordation.  That is

7  exactly the reasoning adopted by the only case to have squarely decided this issue:

8         [The need for a clear chain of title] while conclusively showing the
       necessity for the code provision [former Civil Code section 858,

9         now section 2932.5] as to mortgagees or other encumbrancers in
       whom a power of sale is vested, is wholly foreign to deeds of trust,

10         which, instead of creating a lien only, as in the case of a mortgage,
       passes the legal title to the trustee, thus enabling him in executing

11         the trust to transfer to the purchaser a marketable record title.  It is
       immaterial who holds the note.  (*Stockwell v. Barnum* (1908)

12         7 Cal.App. 413, 417.)

13       Second, by its express terms ("[w]here a power to sell real property is given to a mortgagee,

14  or other encumbrancer"), section 2932.5 does not apply to a deed of trust, as the secured creditor

15  (i.e., the beneficiary of the deed of trust) is given no power of sale under the deed of trust.  Instead,

16  the deed of trust vests the power of sale in the trustee.  Again, *Stockwell* drives the point home:

17         The transferee of a negotiable promissory note, payment of which is
       secured by a deed of trust whereby the title to the property and power

18         of sale in case of default is vested in a third party as trustee, is not an
       encumbrancer to whom power of sale is given, within the meaning of

19         section 858 [now section 2932.5] of the Civil Code.  (*Ibid.*)

20       In short, "Section 2932.5 applies to mortgages, not deeds of trust.  It applies only to

21  mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale

22  to the trustee." (*Parcray v. Shea Mortg. Inc.* (E.D. Cal. 2010) 2010 WL 1659369, *12.)  "The

23  problem with Plaintiff's [claim] is that § 2932.5 does *not* require the recordation of an assignment

24  of a beneficial interest for a *deed of trust*, as opposed to a mortgage."  (*Caballero v. Bank of*

25  *America, N.A.* (N.D. Cal. 2010) 2010 WL 4604031, at *3; *Park v. Wachovia Mortg. FSB* (S.D. Cal.

26  2011) 2011 WL 98408, at *8-9; *Roque v. Suntrust Mortg., Inc.* (N.D. Cal. 2010) 2010 WL 546896,

27  at *3 ["Section 2932.5 applies to mortgages, not deeds of trust.  It applies only to mortgages that

28  give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the

1  trustee."]; *Washington v. National City Mortg. Co.* (N.D. Cal. 2010) 2010 WL 5211506, at *4;

2  *Stockwell v. Barnum* (1908) 7 Cal.App. 413, 416-17.)

3       In this case, Plaintiff signed, and the defendants are foreclosing under, a deed of trust, not a

4  mortgage.  (RJN, Ex. A.)  Consequently, section 2932.5 does not apply.  An assignment of the

5  beneficial interest in Plaintiff's deed of trust need not be recorded.  (See *Py v. Pleitner* (1945) 70

6  Cal.App.2d 576, 578-579 [an obligation secured by a deed of trust with the right of sale on default is

7  not subject to the rules relating to mortgage foreclosures].)  Instead, an assignment of the beneficial

8  interest in a note and deed of trust is effective even if the assignment is never recorded.

9       Thus, Plaintiff's claim fails to the extent it is premised on the alleged failure to record a

10  "valid" assignment of deed of trust.

11          **3.     Section 2923.5 affords no post-foreclosure relief**

12       Plaintiff also looks to Civil Code section 2923.5 in support of her claim for wrongful

13  foreclosure.  (TAC, ¶ 131.)

14       Civil Code section 2923.5(b) states that a notice of default "shall include a declaration from

15  the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due

16  diligence to contact the borrower …, or the borrower has surrendered the property …."  The section

17  does not specify any particular form for the declaration.

18       The Court may judicially notice the Notice of Default recorded and its accompanying

19  declaration that was recorded and served on Plaintiff.  (See RJN, Ex. B.)  The declaration

20  establishes that the defendants complied with section 2923.5 by contacting or attempting to contact

21  the borrower to discuss possible loan modification or other alternatives to foreclosure.

22       A declaration need not be signed under penalty of perjury or be attested by someone with

23  personal knowledge in order to comply with section 2923.5.  (*Mabry v. Superior Court* (2010) 185

24  Cal.App.4th 208, 233.)  Also, the declaration suffices if it tracks the statutory wording.  It need not

25  specify the particular means by which the beneficiary, trustee or agents fulfilled the statutory

26  requirements.  (*Id.* at 235.)

27       Moreover, "under the plain language of section 2923.5, read in conjunction with section

28  2924g, the *only* remedy provided is a postponement of the sale before it happens."  (*Mabry v.*

*Superior Court* (2010) 185 Cal.App.4th 208, 235.)  After the foreclosure sale has been held, section 2923.5 provides the borrower no relief.  The borrower may not seek to set the foreclosure sale aside, vacate it, invalidate the trustee's deed, or attack the purchaser's title based on any pre-sale failure to comply with section 2923.5.  "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale." (*Id.*)

In this case, the Property has already been sold at trustee's sale.  (RJN, Ex. D.) Consequently, section 2923.5 affords Plaintiff no relief.

### D.    Plaintiff Cannot Quiet Title

As already discussed above, Plaintiff's Third Amended Complaint provides no averment of tender or even the promise of tender of the amounts borrowed.  A trustor cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid." (*Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477 [citation omitted].)

Simply stated, Plaintiff cannot acquire title to Property, free of all liens, without paying or tendering what was borrowed.  Plaintiff asks for relief in equity, but does not offer to do equity herself.  Instead, she wants a windfall:  the Property, free of liens, while she also retains, without any obligation to repay, the funds she received from her lender.  California law does not countenance such an inequitable claim.

### E.    Plaintiff Cannot Assert A Claim For Slander Of Title

As an initial matter, Plaintiff's slander of title claim fails because recordation of a notice of default and a notice of sale are absolutely privileged acts on which no tort claim of any sort, other than malicious prosecution, may be based.  California Civil Code section 2924(d)(1) provides that "[t]he mailing, publication, and delivery of notices as required by this section . . . constitute privileged communications pursuant to Section 47."  Notice of sale and default are required by section 2924(a)(1) and (3); hence, giving those notices is privileged conduct under Civil Code section 47.  Reinforcing that conclusion, Civil Code section 2924(d)(2) provides that "[p]erformance of the procedures set forth in this article" also "constitute privileged communications pursuant to Section 47."

1    The privilege embodied in Civil Code section "bars all tort causes of action except malicious

2    prosecution." (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 960.)  In particular, the

3    privilege bars a slander of title claim based on the recordation of a privileged document.

4    (*Albertson v. Raboff* (1956) 46 Cal.2d 375, 378-81.)

5    Under Civil Code section 2924(d), the act on which the Plaintiff predicates her slander of

6    title claim is privileged under section 47.  Accordingly, the slander of title cause of action states no

7    claim on which relief may be granted.

8    Moreover, Plaintiff's slander of title claim cannot succeed because tender of the amount

9    owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the

10   regularity of a foreclosure procedure, such as recording the notice of default or sale, or the validity

11   of a foreclosure sale.  (See *Abdallah v. United Sav. Bank* (1996) 43 Cal.App.4th 1101, 1109 [in

12   affirming sustaining of demurrer without leave to amend, court explained that the tender rule applies

13   to "any cause of action for irregularity in the sale procedure"]; *United States Cold Storage v. Great*

14   *W. Sav. & Loan Ass'n* (1985) 165 Cal.App.3d 1214, 1225; *Arnolds Mgmt. Corp. v. Eischen* (1984)

15   158 Cal.App.3d 575, 578-79; *Karlsen v. Am. Sav. & Loan Ass'n* (1971) 15 Cal.App.3d 112, 117.)

16   The tender rule is strictly applied.  (See *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428,

17   439.)  It precludes Plaintiff's slander of title claim, just as it bars her quiet title action.  Neither

18   alleges tender; as a result, neither states a claim on which relief may be granted.

19   **F.    Plaintiff's Claim For Cancellation Of Instruments Fails**

20   In her ninth cause of action, Plaintiff seeks to "cancel" the relevant notice of default,

21   substitution of trustee, assignments of deed of trust, notice of trustee's sale, and the trustee's deed

22   upon sale.  (TAC, ¶ 157.)  The basis for this request is not articulated in this cause of action.

23   To the extent Plaintiff seeks to argue that GMAC was not permitted to assign the relevant

24   deed of trust to NationStar, this contention is entirely false.  As already discussed above, the deed

25   of trust permitted GMAC to transfer both the note and deed of trust.  (See RJN, Ex. A, p. 11.)

26   **G.    Plaintiff Asserts No Claim For Promissory Estoppel Against GMAC**

27   Promissory estoppel requires "evidence that:  (1) a clear and certain promise was made; (2) it

28   was foreseeable that the promisee would rely on the promise; (3) a promisee reasonably relied on the

DEMURRER TO  THIRD AMENDED COMPLAINT

1  promise; and (4) as a result, the promisee suffered a substantial detriment." (1 Miller & Starr,

2  *California Real Estate* (3d ed.) § 1:52.) Here, Plaintiff's tenth cause of action fails for lack of the

3  first element of such a claim.

4       Plaintiff alleges that, at various times, both NationStar and Fannie Mae represented that

5  Plaintiff would receive a loan modification under HAMP. (TAC, ¶ 162.) Consequently, no "clear

6  and certain promise" is attributed to GMAC. Indeed, GMAC is not mentioned whatsoever in

7  Plaintiff's tenth cause of action. Consequently, Plaintiff has failed to assert a claim from promissory

8  estoppel against GMAC.[2]

9

10       [2] It appears that Plaintiff may seek to assert a claim for breach of contract based on alleged
violations of HAMP. Plaintiff, however, cannot predicate her claim on an alleged failure to comply
with HAMP because HAMP provides no private right of action. (*Gonzalez v. First Franklin Loan

11  Services* (E.D. Cal. Jan. 11, 2010) 2010 WL 144862; *Regions Bank v. Homes by Williamscraft, Inc.*
(N.D. Ga. Nov. 6, 2009) 2009 WL 3753585; *Santos v. Countrywide Home Loans* (E.D. Cal. Nov. 6,

12  2009) 2009 WL 3756337; *Pantoja v. Countrywide Home Loans, Inc.* (N.D. Cal. 2009) 640
F.Supp.2d 1177, 1185.) "[T]here is no private right of action under the EESA" [Emergency

13  Economic Stabilization Act] (Pub. L. 110-343, Oct. 3, 2008)]. (*Mangosing v. Wells Fargo Bank,
N.A.* (D. Ariz. 2009) 2009 WL 1456783, at *1, citing 12 U.S.C. § 5220(a).)

14       HAMP is a voluntary program. It does not require that loan servicers agree to loan
modifications. Instead, it sets forth guidelines that servicers should consider in reviewing a

15  modification request. (*Escobedo v. Countrywide Home Loans, Inc.* (S.D. Cal. 2009) 2009 WL
4981618 *2-3.) HAMP does not grant any individual a right to enforce its provisions. The Treasury

16  designated Freddie Mac as the HAMP compliance officer. (*Marks v. Bank of America* (D. Ariz.
2010) 2010 WL 2572988 at *6.) As the compliance officer, Freddie Mac is charged with conducting

17  "independent compliance assessments" including "evaluation of documented evidence to confirm
adherence ... to HAMP requirements" such as the evaluation of a borrowers eligibility. No private

18  right of action exists to compel compliance: "Nowhere in the HAMP Guidelines, …, does it
expressly provide for a private right of action. Rather, Congressional intent expressly indicates that

19  compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to
one entity, Freddie Mac, Congress intended that a private cause of action was not permitted. *See

20  Reyes-Gaona v. N.C. Growers Ass'n*, 250 F.3d 861, 865 (4th Cir.2001) (reiterating that 'the doctrine
of *expressio unis est exclusio alterius* instructs that where a law expressly describes a particular

21  situation to which it shall apply, what was omitted or excluded was intended to be omitted or
excluded.')." (*Id.*)

22       Moreover, to be eligible for a modification, a loan must meet certain threshold criteria
including, *inter alia*, that (1) "the current unpaid principal balance is no greater than specified limits

23  ($729,750 for a one-unit property);" (2) "the loan is delinquent or default is reasonably foreseeable,"
(3) "the borrower has a monthly mortgage payment greater than 31 percent of monthly income, and

24  has insufficient assets to make payments," and (4) "the borrower documents a financial hardship."
(*Williams v. Geithner*, 2009 WL 3757380 at *2 citing Treasury Supplemental Directive 09-01 at 2-

25  3.) Plaintiff has not alleged that her loan meets these or other applicable eligibility criteria. Thus,
even if Plaintiff could sue under HAMP, which she cannot, she has failed to allege facts establishing

26  that her loan was even *eligible* for consideration for a loan modification.

27       As Plaintiff does not have a private right of action under HAMP, it cannot provide the basis

28  for any breach of contract claim.

DEMURRER TO THIRD AMENDED COMPLAINT

**H.    Plaintiff Cannot Assert A Claim For Negligence Against GMAC**

Plaintiff's eleventh cause of action for negligence fails, as Plaintiff fails to demonstrate that GMAC owed Plaintiff a duty of care.  A negligence claim must contain the traditional elements of duty, breach of duty, causation, and damages.  (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1264.)  Plaintiff's Third Amended Complaint fails for lack of each of these essential elements.

Significantly, a lender generally owes no duty of care to its borrower.  Indeed, Plaintiff admits as much in his Complaint.  (Compl., ¶ 61.)  "The existence of a duty of care . . . is the essential prerequisite to a negligence cause of action, determined as a matter of law by the court." (*Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1095.)  However, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  (*Id.* at 1096; see also *Perlas v. GMAC Mortgage, LLC* (2010) 187 Cal.App.4th 429, 43.)  "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 35.)

Plaintiff does not allege that its relationship with GMAC exceeds the "domain of the usual money lender."  Consequently, GMAC does not owe a duty of care to Plaintiff.  As GMAC owed Plaintiff no duty of care, she cannot possibly allege breach of that nonexistent duty or causation and resulting damages.  Her claim, therefore, fails.

**I.    Plaintiff Fails To Properly Plead A Fraud-Based Claim**

Plaintiff's twelfth and fourteenth fraud-based causes of action fail.  The elements of a cause of action for fraud consist of (a) misrepresentation, (b) knowledge of falsity, (c) intent to defraud or induce reliance, (d) justifiable reliance, and (e) resulting damage.  (*Philipson & Simon v. Gulsvig* (2007) 154 Cal.App.4th 347, 363.)  California law requires that "every element of the cause of action for fraud must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect."  (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.)

1    This is especially true in the case of a corporate defendant.  Under such circumstances, "[t]he

2    requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the

3    names of the persons who made the allegedly fraudulent representations, their authority to speak, to

4    whom they spoke, what they said or wrote, and when it was said or written." (*Tarmann v. State*

5    *Farm Mut. Auto Ins. Co*. (1991) 2 Cal.App.4th 153, 157.)

6         Plaintiff's fraud claims lack any semblance of specificity.  As a result, GMAC has no notice

7    regarding what fraudulent representations it allegedly made, who made such representations, his or

8    her authority to make those representations, and when these alleged representations were made.

9    (See *Tarmann*, 2 Cal.App.4th at 157.)  Plaintiff similarly fails to address whatsoever that

10   knowledge, intent, reliance, or damages elements of her claim.  Consequently, Plaintiff's fraud

11   claims fail.[3]

12   ### J.    Plaintiff's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Is Fatally Flawed

13

14        "[I]t is universally recognized [that] the scope of conduct prohibited by the covenant of good

15   faith is circumscribed by the purposes and express terms of the contract." (*Carma Developers*

16   *(Cal.), Inc. v. Marathon Development California, Inc*. (1992) 2 Cal.4th 342, 373.)  The implied

17   covenant "cannot impose substantive duties or limits on the contracting parties beyond those

18   incorporated in the specific terms of their agreement." (*Agosta v. Astor* (2004) 120 Cal.App.4th 596,

19   607.)  In particular, the implied covenant cannot be stretched to prohibit a party from doing that

20   which the agreement expressly permits. (*Carma Developers (Cal.), Inc.*, 2 Cal.4th at 374-75.)

21        Here, Plaintiff alleges that GMAC "failed to refrain from taking actions and/or allow actions

22   taken against Plaintiff that is contrary to the DOT." (TAC, ¶ 195.)  However, the only conduct

23   attributed to GMAC once again relates to the transfer of the deed of trust—conduct expressly

24   permitted in the deed of trust. (See, RJN, Ex. A, p. 11.)  Consequently, this claim must fail.

25

26

27        [3] To the extent Plaintiff seeks to argue that GMAC was not permitted to assign the relevant deed of trust to NationStar, this contention is entirely false.  As already discussed above, the deed of

28   trust permitted GMAC to transfer both the note and deed of trust. (See RJN, Ex. A, p. 11.)

**K.    Plaintiff's UCL Claim Fails**

Plaintiff's sixteenth cause of action asserts a claim for unfair business practices under California's Business and Professions Code § 17200 ("UCL").

Courts have made clear that the UCL cannot be used as an end-run around the requirements of other statutes.  (*Glenn K. Jackson Inc. v. Roe* (2001) 273 F.3d 1192, 1203 [dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law]; see also *Krantz v. BT Visual Images, L.L.C* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action].)  "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  (*Chabner v. United of Omaha Life Ins. Co.* (2000) 225 F.3d 1042, 1048; see also *Rubio v. Capital One Bank (USA)* (2008) 572 F.Supp.2d 1157, 1168 [since plaintiff's TILA claim failed, plaintiff's UCL predicated on TILA likewise failed].)

Plaintiff predicates her UCL claim on the exact same conduct which provides the basis for her remaining causes of action.  Consequently, this claim must fail along with her other claims.

Moreover, Plaintiff does not have standing to pursue this claim because she has failed to plead sufficient facts establishing that she has suffered injury in fact and out-of-pocket monetary loss.  (Cal. Bus. & Prof. Code § 17204; *Daro v. Superior Court* (2007) 151 Cal.App.4th 1079, 1097 ["After Proposition 64, a private person has standing to sue under the UCL only if that person has suffered injury and lost money or property 'as a result of such unfair competition' "]; *Hall v. Time Inc.* (2008) 158 Cal.App.4th 847, 852-855 ["Proposition 64 …  changed the standing requirements for a UCL claim to create a two-pronged test: A private person now has standing to assert a UCL claim only if he or she (1) 'has suffered injury in fact,' and (2) 'has lost money or property as a result of such unfair competition' "].)  In this case, Plaintiff fails to allege that she actually suffered an out-of-pocket monetary loss.  Her claim fails on this basis as well.

**L.    Plaintiff Is Not Entitled To Declaratory Relief**

Plaintiff's seventeenth cause of action asserts a claim for declaratory relief, seeking a determination of the legal status, rights and obligations of the parties with regard to the applicable promissory notes and deeds of trust as they relate to the Property.  (TAC, ¶¶ 232-233.)

1    The foreclosure sale of the Property relieved Plaintiffs of liability on her note, and finally

2    adjudicated the parties' rights under the applicable deed of trust.  (See Code Civ. Pro. § 1060; see

3    also *Nguyen v. Calhoun*, 105 Cal.App.4th at 440-41.)  Consequently there is no "actual controversy"

4    to support Plaintiff's request for declaratory relief.

5    Moreover, Plaintiff's claim for declaratory relief fails because it is not a cause of action, but

6    a form of equitable relief.  (See *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th

7    65, 82.)  Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no

8    separate viability" if all the plaintiff's other claims fail.  (*Glue-Fold, Inc. v. Slautterback Corp.*

9    (2000) 82 Cal.App.4th 1018, 1023, n. 3.)  Thus, a demurrer is properly sustained as to a claim for

10   declaratory relief when that claim for declaratory relief is wholly derivative of other non-viable

11   causes of action.  (See *Ball v. FleetBoston Fin. Corp.* (2008) 164 Cal.App.4th 794, 800.)

12   As already shown, Plaintiff's other claims are defective.  Consequently, there is nothing to

13   support Plaintiff's request for declaratory relief, and this claim, too, fails.

14                                          **VI.**

15                                     **CONCLUSION**

16   GMAC respectfully requests that its Demurrer to the Third Amended Complaint be sustained

17   in its entirety without leave to amend.

18

19   DATED:  July 14, 2011                          SEVERSON & WERSON
                                                     A Professional Corporation
20

21

22   By: _____
                                                         STEPHANIE A. CHAMBERS
23
                                                     Attorneys for Defendants
24                                                   GMAC MORTGAGE, LLC (erroneously sued as
                                                     GMAC Mortgage Corporation dba Ditech.com)
25

26

27

28

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all interested parties in said case addressed as follows:

DIEM T. NGUYEN                                    Plaintiff, In Pro Per
16478 Beach Blvd., #331
Westminster, CA 92683                            Telephone:  (714) 315-7262
                                                 Email:      diem.home@gmail.com

☒ **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)**  By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)**  By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY EXPRESS MAIL)**  By placing the above documents in the United States mail for Express Mail delivery at The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)**  By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.  The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

☐ **(BY ELECTRONIC TRANSMISSION)**  By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m./p.m. using e-mail address (____@severson.com) to the e-mail address designated for each party identified above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This declaration is executed in Irvine, California, on July 14, 2011.

_____
Linda W. Dette

19000.0844/939843.1

Proof of Service