**Exhibit 12**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 27 2012

ALAN CARLSON, Clerk of the Court

BY:_____,DEPUTY

**APPELLATE DIVISION**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| Federal Nat. Mortgage Assn., ) | CASE NO. 2011 -00503545 |
| Plaintiff and Respondent, ) | JUDGMENT ON APPEAL from the SUPERIOR COURT |
| vs. ) | of ORANGE COUNTY |
| Diem Trang Nguyen, ) | CENTRAL JUSTICE CENTER |
| Defendant and Appellant. ) | HON. ERICK L. LARSH, JUDGE |

Appellant appealed a Judgment for possession in favor of Respondent Federal National Mortgage Association in an Unlawful Detainer Action.

Previously, Appellant owned the residence at 4004 West Fifth Street, #201, in Santa Ana. On August 30, 2010, the real property was sold for at foreclosure sale for $316,143.96 to Respondent Federal National Mortgage Association.

On September 16, 2010, the Trustee's Deed Upon Sale was recorded. The Deed recited that "All requirements of law regarding the mailing of copies of notices or the publication of a copy of Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting of copies of the Notice of Sale have been complied with." (C.T. 122).

On May 16, 2011, Respondent served Appellant with a Notice of Possession. She did not vacate the premises. The Unlawful Detainer Action followed.

An Unlawful Detainer Action is a summary procedure to determine who is entitled to possession of real property. *Glendale Fed. Bank v. Hadden* (1999) 73 Cal.App.4th 1150, 1153. "[T]he broad question of title cannot be raised and litigated by cross-complaint or affirmative defense." *High v.Cavanaugh* (1962) 205 Cal.App.2d 495, 498. The issue of title of the real property may be resolved with a separate quiet title action. *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 171. In fact, Ms. Nguyen exercised her legal rights in this regard in her Unlimited Superior Court Action (30-2010-00376811) and her Federal case (SACV 10-01007 CJC).

In *Cheney v. Trauzettel* (1937) 9 C.2d 158, 160, the Supreme Court explained the narrow nature of an Unlawful Detainer action. "Irrespective of the merits of the defenses raised by the answer, the alleged equitable grounds of attack on plaintiff's title have no place in the present summary proceeding, for if such issues are permissible, the proceeding entirely loses its summary character. In our opinion the plaintiff need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment."

Following the foreclosure sale, Ms. Nguyen was limited to *C.C.P.* § 1161a (b) (3), which permits the removal hold-over

tenant from possession of real property. "Normally, the unlawful detainer action may encompass only a "narrow and sharply focused examination of title" directed at the formal validity of the trustee sale" *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 144. "*Code of Civil Procedure* section 1161a, subdivision (b)(3) (section 1161a), provides an unlawful detainer action may be filed '[w]here the property has been sold in accordance with Section 2924 of the *Civil Code*, under a power of sale contained in a deed of trust ... and the title under the sale has been duly perfected.'" *Malkoskie v. Option One Mortg. Corp.* (2010) 188 Cal.App.4th 968, 973-974.

*Code of Civil Procedure* "Section 1161a provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title." *Vella v. Hudgins* (1977) 20 Cal.3d 251, 255.

Fannie Mae introduced into evidence at trial the recorded Trustee's Deed Upon Sale. The Deed recited that "All requirements of law regarding the mailing of copies of notices or the publication of a copy of Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting of copies of the Notice of Sale have been complied with." (C.T. 122).

Civil Code § 2924 (c) "A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices

or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute *prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.*" (Emphasis added.)

"Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt. . . , which includes good record title. . . ." *Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 952 -953. Therefore, the requirements for C.C.P. § 1161a (b) (3) have been met.

The Judgment is AFFIRMED.

_____
Robert C. Gannon, Presiding Judge

_____
Geoffrey T. Glass, Judge

_____
Clay Smith, Judge