UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In RE:
RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                                Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -       Case No. 12-12020-mg

RICHARD D. RODE,
    Creditor-Beneficiary

    -against-

RESCAP BORROWER CLAIMS TRUST, and
RESCAP LIQUIDATING TRUST,
    Objectors

---

MOTION FOR RELIEF FROM DEADLINE FOR SUBMISSION OF JOINT, PROPOSED
PRE-TRIAL ORDER
(CLAIM NOS. 5610 AND 5612)

---

In an abundance of caution, Richard D. Rode (Mr. Rode), by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, moves for additional time to collaborate with counsel for the Objectors in the preparation of the proposed Joint Pre-Trial Order on the following grounds:

1.  On June 3, 2016, Attorney Nora received an email from Objectors' counsel containing the Objectors' portion of the proposed Pre-Trial Order.

2.  Counsel for the Objectors is requesting Mr. Rode's contributions to the Pre-Trial Order one (1) week before the "deadline" for filing of the Joint Proposed Pre-Trial Order, which counsel for the Objectors believes it June 17, 2016.

3.  Counsel for the Objectors may be correct that this Court set a June 17, 2016 deadline for filing the Joint Proposed Pre-Trial Order orally on May 10, 2016, but counsel for Mr. Rode

1

cannot locate a written Amended Scheduling Order.

4. Counsel for Mr. Rode confesses that she has become accustomed to the counsel for the Objectors proposing Orders for her approval as to form and her notes from the May 10, 2016 scheduling conference do not include a deadline of June 17, 2016 for the filing of a Joint Proposed Scheduling Order.

5. In part, Mr. Rode is surprised by some of the contents of the Objectors' Nature of the Case and Contentions some of which are entirely false based on the evidence which should be in the Objectors' possession.

6. Mr. Rode and his counsel need more time to examine the Objector' contentions in view of the voluminous evidence in Mr. Rode's possession, a large portion of which he believed had been precluded for purposes of the August contested proceedings (subject to reservation of rights to appeal), in view of the Objectors raising issues pertaining to "securitization" which Objectors' counsel effectively precluded from Mr. Rode's discovery at the discovery conference on March 9, 2016.

7. While Mr. Rode is in possession of substantial evidence pertaining to the failure of the "securitization" of the subject Note and Deed of Trust, counsel for Mr. Rode cannot list all of the Exhibits in her possession to prove the falsity of the Objectors' "securitization" contention in the first paragraph of their proposed Nature of the Case, which reads:

> Richard D. Rode ("Claimant") obtained a loan from Southtrust Mortgage Corporation ("Southtrust") pursuant to the terms of a note dated March 18, 2003 in the principal amount of $265,175.00 (the "Note"). The Note was secured by a deed of trust (the "Deed of Trust" and, together with the Note, the "Mortgage Loan") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Southtrust and its successors and assigns. Residential Funding Corporation ("RFC"), one of the debtors in the above captioned chapter 11 cases (collectively, the "Debtors"), purchased the

Mortgage Loan from Southtrust, and transferred its interest on or about June 1, 2003 to Deutsche Bank Trust Company Americas ("Deutsche Bank") as trustee in connection with the securitization of the Mortgage Loan. Debtor Homecomings Financial, LLC ("Homecomings"), began servicing the Mortgage Loan on or around April 18, 2003 until July 1, 2009. Debtor GMAC Mortgage, LLC ("GMACM") serviced the Mortgage Loan for Deutsche Bank from July 1, 2009 through February 16, 2013.

8. Counsel for Mr. Rode has searched her files in this case for an Amended Scheduling Order entered after the May 10, 2016 scheduling conference in this contested matter.

9. Counsel for Mr. Rode has searched the website of Kurtzman Carlson Consultants, LLC at http://www.kccllc.net/rescap for an Amended Scheduling Order entered after the May 10, 2016 scheduling conference in this contested matter.

10. Counsel for Mr. Rode has searched her email records for any record of correspondence from Objectors' counsel pertaining to an Amended Scheduling Order entered after the May 10, 2016 scheduling conference in this contested matter.

11. Counsel for Mr. Rode has no record of the "deadline" of June 17, 2016 and the proposed deadline for the filing of the Proposed Pre-Trial Order is June 18, 2016, a Saturday, so it would be due to be filed on June 10, 2016.

12. In any event, Mr. Rode cannot comply with the request of Counsel for the Objectors to complete his portion of the Joint Proposed Scheduling Order by June 17, 2016, which is more than 45 days in advance of the scheduled hearing which has been set for four (4) days from August 15 to August 18, 2016.

13. If the Court set that a deadline for the Proposed Pre-Trial Order of June 17, 2016) orally on May 10, 2016, counsel for Mr. Rode apologizes for the insufficiency of her notes from the May 10, 2016 scheduling conference.

14. Counsel for Mr. Rode is not alone in having inaccurate notes or at least not reading

her notes accurately, however, because paragraph IX., B. of the Proposed Pre-Trial Order reads:

> **IX. EVIDENTIARY HEARING PROCEDURES**
>
> **B. "Timed" Trial**
>
> The Trial will be a "timed trial," with a maximum of [6]-trial hours during the course of each day. Each side will be allocated a maximum of [12]-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having her or his witnesses present and ready to testify without any delays or gaps in testimony.

15. Furthermore, assuming that the other "deadlines" in the Proposed Pre-Trial Order are correct, counsel for Mr. Rode needs additional time to comply.

16. Finally, shortly after the May 10, 2016 scheduling conference, Mr. Rode's counsel became aware of the appellate briefing deadline of June 18, 2016 in another case.

17. Another pre-trial conference is set for June 22, 2016, and counsel for Mr. Rode will request new dates for the filing of the Pre-Trial Conference.

**WHEREFORE**, Counsel for Mr. Rode requests relief from the deadline for filing the Proposed Pre-Trial Order.

Dated at Madison, Wisconsin this 10th day of June, 2016.

*/s/ Wendy Alison Nora*

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
WI BAR #1017043
MN BAR #165906

## DECLARATION OF SERVICE

    Wendy Alison Nora declares, under penalty of perjury, that she filed the foregoing Limited Objection by CM/ECF on June 10, 2016 and thereby served all parties capable of service by CM/ECF.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora