Allan O. Cate (CSBN: 248526)
**CATE LEGAL GROUP**
7710 Balboa Avenue, Suite 316
San Diego, CA 92111
Tel: (858) 224-5865
Fax: (858) 228-9885

Attorney for Creditor,
Rosalind Alexander-Kasparik

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtor. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**CLAIMANT ROSALIND ALEXANDER-KASPARIK'S MOTION FOR RECONSIDERATION OF ORDER (DOCKET# 9934) DENYING DEBTOR'S SECOND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL AFTER ORDER (DOCKET# 9865) ON RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM NO. 3695**

### INTRODUCTION

Creditor/claimant, Rosalind Alexander-Kaspaik ("Alexander" or "Claimant") hereby submits this motion requesting reconsideration of the denial of her second motion for an order allowing additional time to file Notice of Appeal, pursuant to Rule 8002(d)(1) of the Federal

Rules of Bankruptcy Procedure, following the issuance of Memorandum of Opinion and Order Sustaining Objection and Expunging Claim of Rosalind Alexander-Kasparik (Docket #9865) entered on April 26, 2016, in favor of ResCap Borrower Claims Trust's ("Borrower Trust") Objection to Proof of Claim No. 3695.

The deadline to file Notice of Appeal was originally extended through June 9, 2016, by Claimant's application and Court order dated May 26, 2016 (Docket #9909).  Thereafter, Claimant made a second motion for an extension of time to file notice of appeal on June 9, 2016 (Docket# 9565).  The second motion was denied on June 13, 2016 (Docket# 9934).

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 11 U.S.C §105(a), 28 U.S.C. §157(b)(1), and 28 U.S.C. § 1334.  This matter constitutes a non-core proceeding as defined by 28 U.S.C. §157(b)(2).

## ARGUMENT

The Circuit has looked to Bankruptcy Rule, 9024, which incorporates Federal Rule of Civil Procedure 60, for a definition of cause for reconsideration.  Relief from an order may be granted due to: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misrepresentation, or other misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment prospective application, or (6) any other reason justifying relief from the operation of the judgment."

Courts have also applied the excusable neglect standard of Bankruptcy Rule, 9006, in considering whether to grant reconsideration of an order.  *Pioneer Investment Services v. Brunswick Associates* (1993) 507 U.S. 380, 389 (lienent standrard of excusable neglect to be

applied under Bankruptcy Rule, 9006).

There are several reasons that this court should reconsider its Order denying Ms. Alexander-Kasparik's second motion to extend the time to file Notice of Appeal, all of which are more than sufficient under the standards listed above.

As mentioned in Claimant's motions to extend time to file Notice of Appeal, Claimant is seeking to appeal the Order expunging her Claim (#3695) against the Borrower Trust based on the debtor's wrongful foreclosure against her property in 2012. Claimant has been researching appellate counsel, but has been unable, at this point to retain an attorney to prosecute her appeal. Claimant has been engaged in discussions with appellate counsel, but has yet to retain counsel for appeal, and requires a short additional amount of time to complete this process.

At this time, Ms. Alexander-Kasparik seeks reconsideration based on her right to appeal the denial of her claim, and the lack of prejudice that would result from a short continuance of this matter.

**WHEREFORE**, the Claimant respectfully requests that the Court reconsider its Order (Docket# 9934) denying Claimant's second motion for extension of time to file a Notice of Appeal as provided for under Federal Rules of Bankruptcy Procedure, Rule 8002(d)(1), provide her with short additional time to file Notice of Appeal, and such other relief as this Court deems just and proper.

Dated: June 21, 2016

Respectfully submitted,
**CATE LEGAL GROUP**

/s/ Allan Cate
_____
Allan Cate (California Bar No. 248526)
CATE LEGAL GROUP
7710 Balboa Ave., Suite 316
San Diego, CA 92111
Tel: (858) 224-5865
Fax: (858) 228-9885
Email: allan@acatelaw.com

*Attorney for Rosalind Alexander-Kasparik*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon counsel of record for all other parties to this action via US Mail prepaid on this 21st day of June 2016, as follows:

Attorneys for GMAC Mortgage, LLC
Robert Grandy, Esq.
Severson & Werson
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612

Attorneys for GMAC Mortgage, LLC
John B. Sullivan, Esq.
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Attorneys for Debtors and Debtors in Possession
Gary S. Lee
Larren M. Nashelsky
Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY 10104

Attorneys for Rescap Borrower Claims Trust
Norman Rosenbaum
Morrison & Foerster, LLP
250 West 55th Street
New York, NY 10019

Counsel to the Examiner
Howard Seife
David M. LeMay
Robert J. Gayda
Marc B. Roitman
Chadbourne & Park LLP
30 Rockefeller Plaza
New York, NY 10112

<u>Counsel for the Official Committee of Unsecured Creditors</u>
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Naftallis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

<u>United States Trustee</u>
Tracy Hope Davis
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10004

/s/ Allan Cate

_____
Allan Cate