1

1

2 UNITED STATES BANKRUPTCY COURT

3 SOUTHERN DISTRICT OF NEW YORK

4 Case No. 12-12020-mg

5 - - - - - - - - - - - - - - - - - - - -x

6 In the Matter of:

7

8 RESIDENTIAL CAPITAL, LLC, et al.,

9

10            Debtors.

11

12 - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            June 22, 2016

19            10:04 AM

20

21 B E F O R E:

22 HON. MARTIN GLENN

23 U.S. BANKRUPTCY JUDGE

24

25

1

2  Final Pre-trial Conference Regarding the Rode Claims Objection

3  Matter.

4  Trial set for 08/15/2016, 8/16/2016, 8/17/2016 and 8/18/2016 at

5  9:00 AM on each day.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  Penina Wolicki

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

1

2  A P P E A R A N C E S :  (TELEPHONICALLY)

3  MORRISON & FOERSTER LLP

4      Attorneys for ResCap Borrower Claims Trust

5      250 West 55th Street

6      New York, NY 10019

7

8  BY:   ERICA J. RICHARDS, ESQ.

9

10

11  ACCESS LEGAL SERVICES

12      Attorneys for Richard Rode

13      310 Fourth Avenue South

14      Suite 5010

15      Minneapolis, MN 55415

16

17  BY:   WENDY A. NORA, ESQ.

18

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, ET AL.                              4

1                      P R O C E E D I N G S

2            THE COURT:  All right.  This is Judge Glenn.  We're

3    here in Residential Capital, number 12-12020.  Today is the

4    date that was scheduled for the final pre-trial conference

5    regarding the Rode claims objection.

6            May I have the appearances please, first for Mr. Rode?

7            MS. NORA:  Wendy Alison Nora appears for Mr. Rode.

8    Mr. Rode is on the telephone, Your Honor.

9            THE COURT:  Okay.  And for the Trust?

10           MS. RICHARDS:  Your Honor, Erica Richards with

11   Morrison & Foerster is on for the ResCap Borrower Claims Trust.

12           THE COURT:  All right.  All right, Ms. Nora continues

13   to file or attempt to file in e-mail to my courtroom deputy, a

14   variety of pleadings including one just this morning, which is

15   captioned verified objection to proposed pre-trial order of the

16   ResCap Liquidating Trust and the ResCap Borrower Claims Trust,

17   purporting to have conferred with counsel for claimant.

18           Ms. Richards, do you have a copy of it?

19           MS. RICHARDS:  I do, Your Honor.  I did receive an

20   e-mail this morning.

21           THE COURT:  Okay.  And on June 10th, Ms. Nora filed

22   something that I consider to be mostly incomprehensible:  a

23   motion to extend her time which she didn't believe that she

24   knew about of when the pre-trial order was due.

25           We had a pre-trial -- we had a case management

RESIDENTIAL CAPITAL, LLC, ET AL.                                    5

1   conference in this case on May 10th, 2016 at 2:05 p.m.  And

2   there is a transcript of it.  And I see from Ms. Nora's most

3   recent filing this morning, which attached a variety of e-mail

4   exchanges between Ms. Richards and Ms. Nora, it includes an

5   e-mail exchange from Friday June 10th, 2016, and it includes

6   the following e-mail that Ms. Richards sent to Ms. Nora on

7   Friday June 10th, 2016 at 4:39 p.m.:  "We were surprised to see

8   the motion for an extension you just filed, and in particular

9   your uncertainty regarding the June 17th deadline, since you

10  never raised it with us.  Attached is a transcript of the May

11  10th status conference during which the Court twice reiterated

12  the June 17th deadline and you raised no questions or concerns

13  regarding that date.  I refer you to page 6 line 25 through

14  page 7 lines 7-8.  Notwithstanding your request for an

15  extension of time in which to file a pre-trial order, please

16  let me know if the other proposed dates set forth in section 10

17  of the order are acceptable.  Thank you, Erica."

18          The transcript from May 10th, 2016 couldn't be any

19  clearer about what the deadlines in this action were.  So Ms.

20  Nora's contention that she didn't know what the deadlines were,

21  the transcript clearly shows her appearance, and I had to

22  painstakingly go through and repeatedly point out on the

23  transcript -- in the transcript on the record what the various

24  deadlines were in this action, which Ms. Nora has totally

25  disregarded, and which I find unacceptable.

1       In a recently filed declaration, Ms. Nora -- which
2   this wasn't in her motion for an extension of time -- indicates
3   that she's been ill.  If Ms. Nora intends to rely on her
4   illness as a reason or justification for not complying, the
5   Court requires that she file no later than Friday at 5 p.m. New
6   York time, a declaration and affidavit from a medical care
7   professional setting forth an explanation for Ms. Nora's
8   inability to function as a lawyer in this court in accordance
9   with the schedule the Court has previously established.

10      The Court will permit the declaration or affidavit to
11  be filed under seal and a copy of the unredacted document needs
12  to be e-mailed to the Court by Friday at 5 p.m.

13      I find what Ms. Nora has set forth in her declaration
14  inconsistent with her filing today when she says -- let me find
15  it -- in an e-mail to Erica Richards on June 10th at 5:10 p.m.,
16  Ms. Nora said, "Erica, I would have discussed the situation
17  with you if I were not fearful of the chambers rule requiring
18  the extension to be sought five days before the date of the
19  required action.  At least that is how I remember it.  I have a
20  really bad cold and am in bed right now.  I will respond more
21  thoroughly tomorrow."

22      I certainly didn't see attached any response from June
23  11th, but her statement to Erica Richards that she's in bed
24  with a cold is inconsistent with the declaration about her
25  illness that she's filed.

1    Obviously Ms. Nora recognized quite correctly that my

2  case management order required that any request for an

3  extension has to be sought five days before the deadline.

4    With respect to the dates, Ms. Nora is correct that

5  following the May 10th, 2016 hearing in which Ms. Nora

6  participated by telephone, there was no written order

7  established, but the Court -- altering the dates -- but the

8  Court reiterated over and over during that hearing what the

9  deadlines were.  The June 17th deadline could not have been any

10  clearer, or the fact that the final pre-trial conference was

11  scheduled for now, 10 a.m. June 22nd.

12    So I find all of the excuses that Ms. Nora has set out

13  so far to be completely unacceptable.

14    The Trust quite correctly, by the deadline, June 17th,

15  submitted a proposed pre-trial order that included all of the

16  Trust's contentions and various other -- the other sections

17  required by this Court's case management order about what has

18  to go in -- there's a template as to what has to go into a

19  joint pre-trial conference order.  Obviously the Trust couldn't

20  fill in what the claimant's counsel was required to do, but

21  still hasn't done to this date and time.  So the Trust acted

22  quite correctly in not violating this Court's order by

23  submitting at least its proposed portion of the joint pre-trial

24  order.

25    I'm looking for some additional stuff, so just hold on

1   before anybody says anything else.

2        (Pause)

3            THE COURT:  Ms. Nora, what do you want to say?

4            MS. NORA:  Your Honor, I want to thank you for

5   allowing me the opportunity to provide medical information.  I

6   actually first had a cold and I didn't realize that I had a flu

7   with some lung complications and asthmatic.  I was hypoxic.  I

8   agree with Your Honor that the filing of June 10th was somewhat

9   incomprehensible.  I was having trouble thinking.  My medical

10  evidence will establish the hypoxia.

11           I only recovered yesterday.

12           THE COURT:  When can you exchange with Ms. Richards

13  the portions of the joint pre-trial order that you are required

14  to do?  When can you do that?

15           MS. NORA:  Your Honor, I was hoping, because I'm still

16  a little fragile right now, that I could have until the 1st of

17  July only because we do have the blessing of the August 15th

18  through 18th trial date, which I would implore the Court, and I

19  think you will be satisfied with the medical evidence, to allow

20  me to recover.  And Ms. Richards provided me with their

21  proposal, the 3rd of June, if I'm recalling correctly, Your

22  Honor, expecting that we would have some time to go over all of

23  this.  And so I would beg the Court to have until the 1st of

24  July.

25           THE COURT:  Ms. Richards, do you want to be heard on

RESIDENTIAL CAPITAL, LLC, ET AL.                                    9

1    that?

2            MS. RICHARDS:  I don't, Your Honor.  July 1st would be

3    fine with us, if you're inclined to grant that extension.

4            THE COURT:  All right.  I will give Ms. Nora until 12

5    noon New York time, Friday July 1, 2016 to provide Ms. Richards

6    with the claimant's proposed sections for the joint pre-trial

7    conference order.

8            The transcript from May 10th, which is filed as ECF

9    9911, includes a lengthy explanation by me -- this is at pages

10   10, 11, 12, and 13 -- of what I expected Ms. Nora and Ms.

11   Richards to discuss in terms of scheduling items:  motions in

12   limine, trial briefs, et cetera.  Ms. Richards, has that

13   discussion taken place?

14           MS. RICHARDS:  It has not, Your Honor.  We set forth

15   our proposed dates in the trial order, and until we have a

16   discussion -- Ms. Nora had to see the dates on paper and had a

17   chance to consider them.  She's been unavailable and

18   incapacitated, so we have not discussed those dates over the

19   phone.

20           THE COURT:  Do you agree with that, Ms. Nora?

21           MS. NORA:  Yes, generally, Your Honor, I do.

22           THE COURT:  All right.

23           MS. NORA:  I did try to reach Ms. Richards on the

24   17th.  I'm not sure it would have been fruitful in view of my

25   condition.  She got back to me as the e-mail -- well, actually

RESIDENTIAL CAPITAL, LLC, ET AL.                         10

1    the transcribed voice mail shows.  So I did make an attempt

2    despite my condition.

3           As to the 11th, Your Honor, I did not know how sick I

4    was on the 10th, and I was just incapacitated from the time I

5    went to bed on the 10th until I was able to communicate with

6    Ms. Richards on the 17th, although there were some other events

7    going on that I was trying to keep up with.  That's because I'm

8    a sole practitioner.  But my performance in all matters during

9    that time was appalling.

10          THE COURT:  All right.  I'm going to require that Ms.

11   Nora and Ms. Richards confer on or before July 8th -- Friday

12   July 8th at 12 noon with regard to all of the scheduling issues

13   that are discussed in the May 10th transcript.  I'm not going

14   to repeat all of that.  Don't wait until July 8th, Ms. Nora.

15   That's the deadline for -- I want you to -- it's a week after

16   you have to provide Ms. Richards with your proposed sections of

17   the pre-trial order.

18          I'm mindful of the 4th of July holiday, and I don't

19   want to require people to work over the 4th of July holiday.

20   So I'm giving you until Friday July 8th to confer and try to

21   agree on the schedule of the items that are discussed.  They're

22   set out in the transcript.  I went through it fairly

23   painstakingly as to what the Court requires before the trial.

24       (Pause)

25          THE COURT:  Let me make a couple of points clear.  It

1    should be clear to everybody, but let me reiterate that the

2    pre-trial order has to specifically identify and list each

3    witness, lay or expert, that's going to be called as a witness

4    by either side during trial.  If witnesses are not identified

5    they will not be testifying at the trial.  I think that's clear

6    from my pre-trial order.

7            With respect to the trial, I previously scheduled the

8    trial for August 15th, 16th, 17th, and 18th, 2016, beginning at

9    9 a.m. each day.  That trial schedule remains in place.

10           Because -- and I explained at the May 10th hearing --

11   because of other matters on my calendar, was not able to

12   schedule an earlier trial, but with the unfortunate fact that I

13   don't have a pre-trial order for this pre-trial conference,

14   there is enough time to try and hold to the schedule.

15           Ms. Richards, the joint pre-trial order needs to be

16   submitted to the Court by Tuesday July 12th at 10 a.m.  So let

17   me just go back again.

18           Ms. Nora is to provide Ms. Richards with her proposed

19   sections of the pre-trial order by July 1st at noon.  I don't

20   take separate pre-trial orders.  It needs to be a single pre-

21   trial order.  To the extent the parties can stipulate, they

22   need to stipulate.  If parties refuse to stipulate to facts

23   that cannot reasonably be controverted that are relevant and

24   material to the issues in dispute, I reserve the right at

25   trial, if a party is required to call a witness and take trial

1  time to put in evidence of what could not fairly be contested,

2  to assess costs and possible sanctions.  So I expect the

3  parties to proceed in good faith.

4       I know there are disputed issues of fact, and I don't

5  expect people to stipulate to those.  But there are many

6  undisputed issues of fact here, and that goes to issues such as

7  authentication of exhibits.  I'll rule on any fair objection,

8  but I don't -- if I conclude that objections are not well-

9  taken, they're without any reasonable basis in fact or law, I

10 reserve the right to take appropriate action.

11      But so Ms. Nora, you give Ms. Richards by noon on July

12 1st your sections.  The two of you are to confer no later than

13 July 8th to try and work out the remaining scheduling items and

14 any differences with respect to the pre-trial order.  I expect

15 that I will receive a proposed joint pre-trial conference order

16 on or before 10 a.m. Tuesday July 12th.  Do you understand that

17 Ms. Nora?

18      MS. NORA:  I do, Your Honor.  Thank you.

19      THE COURT:  Ms. Richards, do you understand that?

20      MS. RICHARDS:  I do, Your Honor.  Thank you.

21      THE COURT:  Okay.  And I will try to give the two of

22 you the ability to agree on the various dates:  motions in

23 limine, exchanging exhibits, all of -- everything that's

24 needed.  I explained at the May 10th hearing, for example,

25 motions in limine are hard to do unless you know what exhibits

1    each side's proposing to use.  Either side doesn't know whether

2    they can file a motion in limine to exclude exhibits if they

3    don't know what the proposed exhibits are.  So what has to --

4    the exhibits have to be identified with specificity.

5            The claimant uses numbers:  1, 2, 3, 4, 5, et cetera.

6    The Trust uses letters:  A, B, C, et cetera.  Every exhibit

7    must be clearly identified.  Just simply saying all documents

8    produced by one party or another, is totally unacceptable.  So

9    every exhibit needs to be specifically identified in the

10   proposed pre-trial order.  I think the form of the order is

11   self-explanatory about that.

12           And Ms. Nora has represented at least one other party

13   in a trial before this Court, and she should be aware of it

14   from that.  Ms. Nora, anything else you want to raise today?

15           MS. NORA:  Well, I want to thank you and Ms. Richards

16   for the consideration that has been given.  And I do apologize

17   for expecting Ms. Richards to provide me with a scheduling

18   order after the 10th.  My notes were not accurate, because I

19   had become reliant on her good performance.  And I apologize

20   for that as well.

21           THE COURT:  All right.  I need to give you one more

22   date, and that's for the final pre-trial conference.

23           MS. NORA:  Thank you.

24       (Pause)

25           THE COURT:  All right.  The final pre-trial conference

1  will be on Monday July 18th at 3 p.m.  And both sides can

2  participate by telephone.  So it's --

3          MS. NORA:  Your Honor, may I ask for another date?  I

4  have a contested confirmation hearing in a Chapter 13 before

5  the Western District of Wisconsin on the 18th of July.

6          THE COURT:  Okay.  Tuesday July 19th at 3 o'clock New

7  York time by telephone.

8          Ms. Richards does that work for you?

9          MS. RICHARDS:  It does, Your Honor.  I suppose the

10  only thing I'd like to raise at this point is the dates that

11  you had initially proposed for exchanging witness statements

12  was beginning on July 18th because that --

13          THE COURT:  I'm sorry, I'm having a little difficulty

14  hearing you, so go ahead again.

15          MS. RICHARDS:  Apologies.  So the dates that we had

16  initially proposed for the various scheduling items you

17  suggested, including witness statements and exhibit lists so

18  that we can work on motions in limine in advance of trial, were

19  beginning around July 18th, and so --

20          THE COURT:  Okay.

21          MS. RICHARDS:  -- if we won't even be having the pre-

22  trial conference before that date, I just wanted to confirm

23  with you and with Ms. Nora that we should begin preparing for

24  trial now and preparing those items, even though the order may

25  not be entered until mid-July, that both sides should be

1  starting to prepare for a trial in mid-August, and that

2  includes preparing all those items, even though we don't have

3  the deadlines for them set yet.

4          THE COURT:  That's right.  I ordinarily would not have

5  motions in limine when the final pre-trial conference has

6  occurred.  So I don't think -- the schedule ought to be set

7  forth in the proposed pre-trial -- in the joint pre-trial

8  conference order.  But not everything is going to be resolved.

9          Certainly each side's exhibits that they propose to

10  use have to be listed in the pre-trial order, and that's by

11  July 12th.  I want -- because I have a vacation planned

12  starting a few days later in July until the beginning of

13  August, I wanted to have the joint pre-trial conference -- the

14  final pre-trial conference before I leave on vacation, and

15  that's why we're going to go ahead on July 19th at 3 o'clock.

16          The whole schedule ought to be set out in the proposed

17  joint pre-trial order.  I'll tell you for sure whether the

18  schedule is acceptable to me.

19          MS. RICHARDS:  Great.  Thank you, Your Honor.

20          THE COURT:  Okay.  Anything else, Ms. Nora?

21          MS. NORA:  No, Your Honor, thank you.

22          THE COURT:  All right.  The Court's in recess until 3

23  o'clock.

24      (Whereupon these proceedings were concluded at 10:32 AM)

25

1

2                                  **I N D E X**

3

4                                  RULINGS

5                                                        PAGE      LINE

6   Ms. Nora is to file an affidavit of medical    6         4

7   professional to justify noncompliance with

8   order

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**C E R T I F I C A T I O N**

I, Penina Wolicki, certify that the foregoing transcript is a true and accurate record of the proceedings.

_Penina Wolicki_

_____

PENINA WOLICKI

AAERT Certified Electronic Transcriber CET**D-569

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date:  June 23, 2016

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

June 22, 2016

## A

**ability (1)**
12:22
**able (2)**
10:5;11:11
**acceptable (2)**
5:17;15:18
**accordance (1)**
6:8
**accurate (1)**
13:18
**acted (1)**
7:21
**action (4)**
5:19,24;6:19;
12:10
**actually (2)**
8:6;9:25
**additional (1)**
7:25
**advance (1)**
14:18
**affidavit (2)**
6:6,10
**again (2)**
11:17;14:14
**agree (4)**
8:8;9:20;10:21;
12:22
**ahead (2)**
14:14;15:15
**Alison (1)**
4:7
**allow (1)**
8:19
**allowing (1)**
8:5
**altering (1)**
7:7
**although (1)**
10:6
**Apologies (1)**
14:15
**apologize (2)**
13:16,19
**appalling (1)**
10:9
**appearance (1)**
5:21
**appearances (1)**
4:6
**appears (1)**
4:7
**appropriate (1)**
12:10
**around (1)**
14:19
**assess (1)**
12:2
**asthmatic (1)**
8:7

**attached (3)**
5:3,10;6:22
**attempt (2)**
4:13;10:1
**August (3)**
8:17;11:8;15:13
**authentication (1)**
12:7
**aware (1)**
13:13

## B

**back (2)**
9:25;11:17
**bad (1)**
6:20
**basis (1)**
12:9
**become (1)**
13:19
**bed (3)**
6:20,23;10:5
**beg (1)**
8:23
**begin (1)**
14:23
**beginning (4)**
11:8;14:12,19;
15:12
**blessing (1)**
8:17
**Borrower (2)**
4:11,16
**both (2)**
14:1,25
**briefs (1)**
9:12

## C

**calendar (1)**
11:11
**call (1)**
11:25
**called (1)**
11:3
**can (6)**
8:12,14;11:21;
13:2;14:1,18
**Capital (1)**
4:3
**captioned (1)**
4:15
**care (1)**
6:6
**case (4)**
4:25;5:1;7:2,17
**certainly (2)**
6:22;15:9
**cetera (3)**
9:12;13:5,6
**chambers (1)**

**6:17**
**chance (1)**
9:17
**Chapter (1)**
14:4
**claimant (2)**
4:17;13:5
**claimant's (2)**
7:20;9:6
**claims (3)**
4:5,11,16
**clear (3)**
10:25;11:1,5
**clearer (1)**
5:19;7:10
**clearly (2)**
5:21;13:7
**cold (3)**
6:20,24;8:6
**communicate (1)**
10:5
**completely (1)**
7:13
**complications (1)**
8:7
**complying (1)**
6:4
**concerns (1)**
5:12
**conclude (1)**
12:8
**concluded (1)**
15:24
**condition (2)**
9:25;10:2
**confer (3)**
10:11,20;12:12
**conference (15)**
4:4;5:1,11;7:10,
19;9:7;11:13;12:15;
13:22,25;14:22;15:5,
8,13,14
**conferred (1)**
4:17
**confirm (1)**
14:22
**confirmation (1)**
14:4
**consider (2)**
4:22;9:17
**consideration (1)**
13:16
**contention (1)**
5:20
**contentions (1)**
7:16
**contested (2)**
12:1;14:4
**continues (1)**
4:12
**controverted (1)**
11:23
**copy (2)**

**4:18;6:11**
**correctly (4)**
7:1,14,22;8:21
**costs (1)**
12:2
**counsel (2)**
4:17;7:20
**couple (1)**
10:25
**COURT (35)**
4:2,9,12,21;5:11;
6:5,8,9,10,12;7:7,8;
8:3,12,18,23,25;9:4,
20,22;10:10,23,25;
11:16;12:19,21;
13:13,21,25;14:6,13,
20;15:4,20,22
**courtroom (1)**
4:13
**Court's (3)**
7:17,22;15:22

## D

**date (8)**
4:4;5:13;6:18;
7:21;8:18;13:22;
14:3,22
**dates (6)**
5:16;7:4,7;9:15,
16,18;12:22;14:10,
15
**day (1)**
11:9
**days (3)**
6:18;7:3;15:12
**deadline (6)**
5:9,12;7:3,9,14;
10:15
**deadlines (5)**
5:19,20,24;7:9;
15:3
**declaration (5)**
6:1,6,10,13,24
**deputy (1)**
4:13
**despite (1)**
10:2
**differences (1)**
12:14
**difficulty (1)**
14:13
**discuss (1)**
9:11
**discussed (4)**
6:16;9:18;10:13,
21
**discussion (2)**
9:13,16
**dispute (1)**
11:24
**disputed (1)**
12:4

**disregarded (1)**
5:25
**District (1)**
14:5
**document (1)**
6:11
**documents (1)**
13:7
**done (1)**
7:21
**due (1)**
4:24
**during (4)**
5:11;7:8;10:8;11:4

## E

**earlier (1)**
11:12
**ECF (1)**
9:8
**either (2)**
11:4;13:1
**else (3)**
8:1;13:14;15:20
**e-mail (7)**
4:13,20;5:3,5,6;
6:15;9:25
**e-mailed (1)**
6:12
**enough (1)**
11:14
**entered (1)**
14:25
**Erica (5)**
4:10;5:17;6:15,16,
23
**establish (1)**
8:10
**established (2)**
6:9;7:7
**et (3)**
9:12;13:5,6
**even (3)**
14:21,24;15:2
**events (1)**
10:6
**everybody (1)**
11:1
**evidence (3)**
8:10,19;12:1
**example (1)**
12:24
**exchange (2)**
5:5;8:12
**exchanges (1)**
5:4
**exchanging (2)**
12:23;14:11
**exclude (1)**
13:2
**excuses (1)**
7:12

12-12020-mg    Doc 9955    Filed 06/23/16    Entered 06/27/16 12:32:20    Main Document

RESIDENTIAL CAPITAL, LLC, et al.    Pg 19 of 21

Case No. 12-12020-mg    June 22, 2016

**exhibit (3)**
13:6,9;14:17
**exhibits (7)**
12:7,23,25;13:2,3,
4;15:9
**expect (3)**
12:2,5,14
**expected (1)**
9:10
**expecting (2)**
8:22;13:17
**expert (1)**
11:3
**explained (2)**
11:10;12:24
**explanation (2)**
6:7;9:9
**extend (1)**
4:23
**extension (6)**
5:8,15;6:2,18;7:3;
9:3
**extent (1)**
11:21

**F**

**fact (5)**
7:10;11:12;12:4,6,
9
**facts (1)**
11:22
**fair (1)**
12:7
**fairly (2)**
10:22;12:1
**faith (1)**
12:3
**far (1)**
7:13
**fearful (1)**
6:17
**few (1)**
15:12
**file (5)**
4:13,13;5:15;6:5;
13:2
**filed (6)**
4:21;5:8;6:1,11,
25;9:8
**filing (3)**
5:3;6:14;8:8
**fill (1)**
7:20
**final (6)**
4:4;7:10;13:22,25;
15:5,14
**find (4)**
5:25;6:13,14;7:12
**fine (1)**
9:3
**first (2)**
4:6;8:6

**five (2)**
6:18;7:3
**flu (1)**
8:6
**Foerster (1)**
4:11
**following (2)**
5:6;7:5
**form (1)**
13:10
**forth (5)**
5:16;6:7,13;9:14;
15:7
**fragile (1)**
8:16
**Friday (7)**
5:5,7;6:5,12;9:5;
10:11,20
**fruitful (1)**
9:24
**function (1)**
6:8

**G**

**generally (1)**
9:21
**given (1)**
13:16
**giving (1)**
10:20
**Glenn (1)**
4:2
**goes (1)**
12:6
**good (2)**
12:3;13:19
**grant (1)**
9:3
**Great (1)**
15:19

**H**

**hard (1)**
12:25
**heard (1)**
8:25
**hearing (6)**
7:5,8;11:10;12:24;
14:4,14
**hold (2)**
7:25;11:14
**holiday (2)**
10:18,19
**Honor (17)**
4:8,10,19;8:4,8,15,
22;9:2,14,21;10:3;
12:18,20;14:3,9;
15:19,21
**hoping (1)**
8:15
**hypoxia (1)**

8:10
**hypoxic (1)**
8:7

**I**

**identified (4)**
11:4;13:4,7,9
**identify (1)**
11:2
**ill (1)**
6:3
**illness (2)**
6:4,25
**implore (1)**
8:18
**inability (1)**
6:8
**incapacitated (2)**
9:18;10:4
**inclined (1)**
9:3
**included (1)**
7:15
**includes (4)**
5:4,5;9:9;15:2
**including (2)**
4:14;14:17
**incomprehensible (2)**
4:22;8:9
**inconsistent (2)**
6:14,24
**indicates (1)**
6:2
**information (1)**
8:5
**initially (2)**
14:11,16
**intends (1)**
6:3
**into (1)**
7:18
**issues (5)**
10:12;11:24;12:4,
6,6
**items (6)**
9:11;10:21;12:13;
14:16,24;15:2

**J**

**joint (9)**
7:19,23;8:13;9:6;
11:15;12:15;15:7,13,
17
**Judge (1)**
4:2
**July (23)**
8:17,24;9:2,5;
10:11,12,14,18,19,
20;11:16,19;12:11,
13,16;14:1,5,6,12,
19;15:11,12,15

**June (12)**
4:21;5:5,7,9,12;
6:15,22;7:9,11,14;
8:8,21
**justification (1)**
6:4

**K**

**keep (1)**
10:7
**knew (1)**
4:24

**L**

**later (3)**
6:5;12:12;15:12
**law (1)**
12:9
**lawyer (1)**
6:8
**lay (1)**
11:3
**least (3)**
6:19;7:23;13:12
**leave (1)**
15:14
**lengthy (1)**
9:9
**letters (1)**
13:6
**limine (6)**
9:12;12:23,25;
13:2;14:18;15:5
**line (1)**
5:13
**lines (1)**
5:14
**Liquidating (1)**
4:16
**list (1)**
11:2
**listed (1)**
15:10
**lists (1)**
14:17
**little (2)**
8:16;14:13
**looking (1)**
7:25
**lung (1)**
8:7

**M**

**mail (1)**
10:1
**management (3)**
4:25;7:2,17
**many (1)**
12:5
**material (1)**

11:24
**matters (2)**
10:8;11:11
**May (11)**
4:6;5:1,10,18;7:5;
9:8;10:13;11:10;
12:24;14:3,24
**medical (4)**
6:6;8:5,9,19
**mid-August (1)**
15:1
**mid-July (1)**
14:25
**mindful (1)**
10:18
**Monday (1)**
14:1
**more (2)**
6:20;13:21
**morning (3)**
4:14,20;5:3
**Morrison (1)**
4:11
**most (1)**
5:2
**mostly (1)**
4:22
**motion (4)**
4:23;5:8;6:2;13:2
**motions (5)**
9:11;12:22,25;
14:18;15:5
**must (1)**
13:7

**N**

**need (2)**
11:22;13:21
**needed (1)**
12:24
**needs (4)**
6:11;11:15,20;
13:9
**New (3)**
6:5;9:5;14:6
**noon (4)**
9:5;10:12;11:19;
12:11
**NORA (38)**
4:7,7,12,21;5:4,6,
24;6:1,3,13,16;7:1,4,
5,12;8:3,4,15;9:4,10,
16,20,21,23;10:11,
14;11:18;12:11,17,
18;13:12,14,15,23;
14:3,23;15:20,21
**Nora's (3)**
5:2,20;6:7
**notes (1)**
13:18
**Notwithstanding (1)**
5:14

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

June 22, 2016

**number (1)**
  4:3
**numbers (1)**
  13:5

**O**

**objection (3)**
  4:5,15;12:7
**objections (1)**
  12:8
**Obviously (2)**
  7:1,19
**occurred (1)**
  15:6
**o'clock (3)**
  14:6;15:15,23
**one (4)**
  4:14;13:8,12,21
**only (3)**
  8:11,17;14:10
**opportunity (1)**
  8:5
**order (30)**
  4:15,24;5:15,17;
  7:2,6,15,17,19,22,24;
  8:13;9:7,15;10:17;
  11:2,6,13,15,19,21;
  12:14,15;13:10,10,
  18;14:24;15:8,10,17
**orders (1)**
  11:20
**ordinarily (1)**
  15:4
**ought (2)**
  15:6,16
**out (5)**
  5:22;7:12;10:22;
  12:13;15:16
**over (5)**
  7:8,8;8:22;9:18;
  10:19

**P**

**page (2)**
  5:13,14
**pages (1)**
  9:9
**painstakingly (2)**
  5:22;10:23
**paper (1)**
  9:16
**participate (1)**
  14:2
**participated (1)**
  7:6
**particular (1)**
  5:8
**parties (3)**
  11:21,22;12:3
**party (3)**
  11:25;13:8,12

**Pause (3)**
  8:2;10:24;13:24
**people (2)**
  10:19;12:5
**performance (2)**
  10:8;13:19
**permit (1)**
  6:10
**phone (1)**
  9:19
**place (2)**
  9:13;11:9
**planned (1)**
  15:11
**pleadings (1)**
  4:14
**please (2)**
  4:6;5:15
**pm (6)**
  5:1,7;6:5,12,15;
  14:1
**point (2)**
  5:22;14:10
**points (1)**
  10:25
**portion (1)**
  7:23
**portions (1)**
  8:13
**possible (1)**
  12:2
**practitioner (1)**
  10:8
**pre- (2)**
  11:20;14:21
**prepare (1)**
  15:1
**preparing (3)**
  14:23,24;15:2
**pre-trial (31)**
  4:4,15,24,25;5:15;
  7:10,15,19,23;8:13;
  9:6;10:17;11:2,6,13,
  13,15,19,20;12:14,
  15;13:10,22,25;15:5,
  7,7,10,13,14,17
**previously (2)**
  6:9;11:7
**proceed (1)**
  12:3
**proceedings (1)**
  15:24
**produced (1)**
  13:8
**professional (1)**
  6:7
**proposal (1)**
  8:21
**propose (1)**
  15:9
**proposed (15)**
  4:15;5:16;7:15,23;
  9:6,15;10:16;11:18;

  12:15;13:3,10;14:11,
  16;15:7,16
**proposing (1)**
  13:1
**provide (5)**
  8:5;9:5;10:16;
  11:18;13:17
**provided (1)**
  8:20
**purporting (1)**
  4:17
**put (1)**
  12:1

**Q**

**quite (3)**
  7:1,14,22

**R**

**raise (2)**
  13:14;14:10
**raised (2)**
  5:10,12
**reach (1)**
  9:23
**realize (1)**
  8:6
**really (1)**
  6:20
**reason (1)**
  6:4
**reasonable (1)**
  12:9
**reasonably (1)**
  11:23
**recalling (1)**
  8:21
**receive (2)**
  4:19;12:15
**recent (1)**
  5:3
**recently (1)**
  6:1
**recess (1)**
  15:22
**recognized (1)**
  7:1
**record (1)**
  5:23
**recover (1)**
  8:20
**recovered (1)**
  8:11
**refer (1)**
  5:13
**refuse (1)**
  11:22
**regard (1)**
  10:12
**regarding (3)**
  4:5;5:9,13

**reiterate (1)**
  11:1
**reiterated (2)**
  5:11;7:8
**relevant (1)**
  11:23
**reliant (1)**
  13:19
**rely (1)**
  6:3
**remaining (1)**
  12:13
**remains (1)**
  11:9
**remember (1)**
  6:19
**repeat (1)**
  10:14
**repeatedly (1)**
  5:22
**represented (1)**
  13:12
**request (2)**
  5:14;7:2
**require (2)**
  10:10,19
**required (6)**
  6:19;7:2,17,20;
  8:13;11:25
**requires (2)**
  6:5;10:23
**requiring (1)**
  6:17
**ResCap (3)**
  4:11,16,16
**reserve (2)**
  11:24;12:10
**Residential (1)**
  4:3
**resolved (1)**
  15:8
**respect (3)**
  7:4;11:7;12:14
**respond (1)**
  6:20
**response (1)**
  6:22
**RICHARDS (32)**
  4:10,10,18,19;5:4,
  6;6:15,23;8:12,20,
  25;9:2,5,11,12,14,
  23;10:6,11,16;11:15,
  18;12:11,19,20;
  13:15,17;14:8,9,15,
  21;15:19
**right (14)**
  4:2,12,12;6:20;
  8:16;9:4,22;10:10;
  11:24;12:10;13:21,
  25;15:4,22
**Rode (4)**
  4:5,6,7,8
**rule (2)**

  6:17;12:7

**S**

**sanctions (1)**
  12:2
**satisfied (1)**
  8:19
**saying (1)**
  13:7
**schedule (8)**
  6:9;10:21;11:9,12,
  14;15:6,16,18
**scheduled (3)**
  4:4;7:11;11:7
**scheduling (5)**
  9:11;10:12;12:13;
  13:17;14:16
**seal (1)**
  6:11
**section (1)**
  5:16
**sections (5)**
  7:16;9:6;10:16;
  11:19;12:12
**self-explanatory (1)**
  13:11
**sent (1)**
  5:6
**separate (1)**
  11:20
**set (8)**
  5:16;6:13;7:12;
  9:14;10:22;15:3,6,16
**setting (1)**
  6:7
**shows (2)**
  5:21;10:1
**sick (1)**
  10:3
**side (2)**
  11:4;13:1
**sides (2)**
  14:1,25
**side's (2)**
  13:1;15:9
**simply (1)**
  13:7
**single (1)**
  11:20
**situation (1)**
  6:16
**sole (1)**
  10:8
**somewhat (1)**
  8:8
**sorry (1)**
  14:13
**sought (2)**
  6:18;7:3
**specifically (2)**
  11:2;13:9
**specificity (1)**

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

June 22, 2016

13:4
**starting (2)**
15:1,12
**statement (1)**
6:23
**statements (2)**
14:11,17
**status (1)**
5:11
**still (2)**
7:21;8:15
**stipulate (4)**
11:21,22,22;12:5
**stuff (1)**
7:25
**submitted (2)**
7:15;11:16
**submitting (1)**
7:23
**suggested (1)**
14:17
**suppose (1)**
14:9
**sure (2)**
9:24;15:17
**surprised (1)**
5:7

**T**

**telephone (4)**
4:8;7:6;14:2,7
**template (1)**
7:18
**terms (1)**
9:11
**testifying (1)**
11:5
**thinking (1)**
8:9
**thoroughly (1)**
6:21
**though (2)**
14:24;15:2
**Today (3)**
4:3;6:14;13:14
**tomorrow (1)**
6:21
**totally (2)**
5:24;13:8
**transcribed (1)**
10:1
**transcript (9)**
5:2,10,18,21,23,
23;9:8;10:13,22
**trial (18)**
8:18;9:12,15;
10:23;11:4,5,7,8,9,
12,21,25,25;13:13;
14:18,22,24;15:1
**trouble (1)**
8:9
**Trust (8)**

4:9,11,16,16;7:14,
19,21;13:6
**Trust's (1)**
7:16
**try (5)**
9:23;10:20;11:14;
12:13,21
**trying (1)**
10:7
**Tuesday (3)**
11:16;12:16;14:6
**twice (1)**
5:11
**two (2)**
12:12,21

**U**

**unacceptable (3)**
5:25;7:13;13:8
**unavailable (1)**
9:17
**uncertainty (1)**
5:9
**under (1)**
6:11
**undisputed (1)**
12:6
**unfortunate (1)**
11:12
**unless (1)**
12:25
**unredacted (1)**
6:11
**up (1)**
10:7
**use (2)**
13:1;15:10
**uses (2)**
13:5,6

**V**

**vacation (2)**
15:11,14
**variety (2)**
4:14;5:3
**various (4)**
5:23;7:16;12:22;
14:16
**verified (1)**
4:15
**view (1)**
9:24
**violating (1)**
7:22
**voice (1)**
10:1

**W**

**wait (1)**
10:14

**week (1)**
10:15
**well- (1)**
12:8
**Wendy (1)**
4:7
**Western (1)**
14:5
**Whereupon (1)**
15:24
**whole (1)**
15:16
**Wisconsin (1)**
14:5
**without (1)**
12:9
**witness (5)**
11:3,3,25;14:11,17
**witnesses (1)**
11:4
**work (4)**
10:19;12:13;14:8,
18
**written (1)**
7:6

**Y**

**yesterday (1)**
8:11
**York (3)**
6:6;9:5;14:7

**1**

**1 (2)**
9:5;13:5
**10 (5)**
5:16;7:11;9:10;
11:16;12:16
**10:32 (1)**
15:24
**10th (16)**
4:21;5:1,5,7,11,18;
6:15;7:5;8:8;9:8;
10:4,5,13;11:10;
12:24;13:18
**11 (1)**
9:10
**11th (2)**
6:23;10:3
**12 (3)**
9:4,10;10:12
**12-12020 (1)**
4:3
**12th (3)**
11:16;12:16;15:11
**13 (2)**
9:10;14:4
**15th (2)**
8:17;11:8
**16th (1)**
11:8

**17th (7)**
5:9,12;7:9,14;
9:24;10:6;11:8
**18th (6)**
8:18;11:8;14:1,5,
12,19
**19th (2)**
14:6;15:15
**1st (5)**
8:16,23;9:2;11:19;
12:12

**2**

**2 (1)**
13:5
**2:05 (1)**
5:1
**2016 (7)**
5:1,5,7,18;7:5;9:5;
11:8
**22nd (1)**
7:11
**25 (1)**
5:13

**3**

**3 (5)**
13:5;14:1,6;15:15,
22
**3rd (1)**
8:21

**4**

**4 (1)**
13:5
**4:39 (1)**
5:7
**4th (2)**
10:18,19

**5**

**5 (3)**
6:5,12;13:5
**5:10 (1)**
6:15

**6**

**6 (1)**
5:13

**7**

**7 (1)**
5:14
**7-8 (1)**
5:14

**8**

**8th (5)**
10:11,12,14,20;
12:13

**9**

**9 (1)**
11:9
**9911 (1)**
9:9