**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                         :
                                                               :
                                                               :
      RESIDENTIAL CAPITAL, LLC, *et. al.*        :    Chapter 11
                                                               :    Case No. 12-12020 (MG)
                                                               :
                    Debtors,        :
---------------------------------------------------------------x
                                                               :
THE RESCAP BORROWER CLAIMS                                     :
TRUST,                                                         :
                                                               :
                    Objector,        :
                                                               :
                                                               :
      - against -                                  :
                                                               :
Rhonda Gosselin,                                               :
                                                               :
                    Claimant.       :
                                                               :
---------------------------------------------------------------x

## **PRETRIAL ORDER**

The Trust and Claimant having conferred, and having conferred with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.    NATURE OF THE CASE**

       Rhonda Gosselin ("Claimant") obtained a loan from Debtor GMAC Mortgage, LLC ("GMACM") pursuant to the terms of a note dated July 26, 2006 (the "Note"). The Note was secured by a deed of trust (the "Deed of Trust" and, together with the Note, the "Mortgage Loan") on property located at 16 Rolf Ave., Chicopee, Massachusetts 01020 (the "Property"). The Mortgage Loan was a cash-out refinancing of the then-existing mortgage loan for the Property. The Mortgage Loan was approved based on Claimant's credit score, loan-to-value ratio, prior monthly mortgage payment, and prior mortgage payment history. The Mortgage Loan did not require income, asset, or employment verification.

       At the time the Mortgage Loan was originated, Claimant was provided with a TILA disclosure. GMACM transferred the Mortgage Loan to Federal National Mortgage Association ("Fannie Mae") on September 15, 2006.

1

GMACM serviced the Mortgage Loan from July 26, 2006 until servicing was transferred to GreenTree Servicing, LLC ("GreenTree") on February 1, 2013.

Claimant made the payments due on the Mortgage Loan from August 1, 2006 through March 1, 2007. However, starting in April 2007, Claimant began having difficulty paying the Mortgage Loan because she was not receiving rent payments from her tenant. In June 2007, Claimant spoke to a representative of GMACM, at which time she informed the representative that she could not afford to make all of the delinquent payments on the Mortgage Loan. During that conversation, the GMACM representative informed Claimant that GMACM would agree to allow her to make the April and May 2007 payments on June 1, 2007 and the June and July 2007 payments on July 1, 2007.

Claimant made the April and May 2007 payments on June 9, 2007. In June 2007, a representative of GMACM informed Claimant that GMACM had unintentionally transferred that payment (the "Misdirected Payment") to another customer and that GMACM would cover any costs associated with the Misdirected Payment, including amending her credit report if it was affected, waiving late charges, and offering to enroll her in privacy guard. Claimant made a payment on June 25, 2007 that covered the payments due on April and May 2007.

Claimant did not make the payments due on July 1, 2007 to cover the June and July 2007 payments, and as a result, the Mortgage Loan was in default. Claimant was informed of the breach via letter on July 3, 2007. The Mortgage Loan was referred to foreclosure on August 9, 2007.

The foreclosure sale was placed on hold for numerous reasons between 2007 and 2010, including attempts to qualify Claimant for a loan modification and Claimant's first bankruptcy proceeding. The foreclosure process was again placed on hold after Claimant filed a chapter 7 bankruptcy petition in April 2010, again staying the foreclosure proceedings. As part of the chapter 7 proceeding, Claimant filed an adversary proceeding against GMACM, among other defendants, asserting causes of action for money damages, costs, and attorney's fees for breach of contract, negligence, wrongful foreclosure, violations of Chapter 93A, and breach of the implied covenant of good faith and fair dealing. Claimant later amended her complaint to add causes of action for violation of the Massachusetts Consumer Credit Disclosure Act (the "MCCDA") and a count for declaratory relief.

In two previous orders [Docket Nos. 8516 and 8972], the Bankruptcy Court sustained the ResCap Borrower Claims Trust's (the "Trust") objection as to the majority of the asserted causes of action included in her filed claim, but overruled the objection without prejudice as the claims for violations of chapter 93A of Massachusetts General Laws ("Chapter 93A") and the MCCDA. The Bankruptcy Court overruled the objection as to those claims without prejudice because of three factual issues that need to be resolved through an evidentiary hearing: (1) whether GMACM violated Chapter 93A by originating the Mortgage Loan without properly assessing Claimant's

2

ability to repay the Mortgage Loan; (2) whether Claimant suffered any economic damages as a result of the Misdirected Payment; and (3) whether Claimant received a TILA notice of right to cancel more than three days prior to commencing the Adversary Proceeding.

Claimant asserts that GMACM violated Chapter 93A by (1) originating her loan without assessing her ability to repay the Mortgage Loan and (2) improperly sending the misdirected payment to another customer and (3) by violating MCCCDA, the Massachusetts Consumer Credit Cost Disclosure chapter. Claimant asserts that she was damaged by these alleged violations.

## II. BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

This Court has core jurisdiction to hear and decide this matter under 28 U.S.C. sections 1334(a), 1334(b), 157(a), 157(b)(1), 157(b)(2)(B), 157(c)(2) (if needed), by consent of the parties and the Amended Standing Order of Reference in Case No. 12 MISC 00032 (filed February 1, 2012, Dkt. No. 1). This is a core matter with respect to which the bankruptcy court may enter final orders.

## III. STIPULATED FACTS

*Loan Origination and Ownership*

1. On July 26, 2006, GMACM provided Claimant with the Mortgage Loan in the amount of $85,000.00, plus interest.

2. The Mortgage Loan is evidenced by a Note to GMACM executed by the Rhonda Gosselin on July 26, 2006.

3. The Mortgage Loan is secured by a deed of trust on 16 Rolf Ave., Chicopee, MA 01020.

4. The Mortgage Loan was a cash-out refinancing of Claimant's primary residence.

5. The product Claimant applied for was an ALT A loan where there was no income, no asset, and no employment verification required.

6. Pursuant to the terms of the product matrix utilized by GMACM to vet a borrower's eligibility, the minimum FICO score permitted under this product's guidelines was 660.

7. Pursuant to the terms of the product matrix utilized by GMACM to vet a borrower's eligibility, the maximum loan to value ratio as a cash refinance was 90%.

3

8. Pursuant to the terms of the product matrix utilized by GMACM to vet a borrower's eligibility, the new mortgage payment could not be more than two times the borrower's current mortgage payment.

9. Based on GMACM's business practices, Claimant's loan information was entered into an automated underwriting tool, which also required that there were no late payments on her current mortgage.

10. Claimant was approved for the Mortgage Loan because her credit score was 679, her loan-to-value ratio was 47%, and the new loan payment was only 1.75x her existing loan payment.

11. Claimant was also approved for the Mortgage Loan because her loan payment history at the time the Mortgage Loan was originated did not reflect any late payments on her existing mortgage.

12. The Mortgage Loan paid off a prior lien on the Property of $24,559.46, as well as credit card debt totaling $41,528.45.

13. Claimant also received $14,523.72 in cash from the Mortgage Loan proceeds.

14. Prior to the application, Claimant's mortgage payment was $511.00 and her credit card payment was $1,703.00, for a total monthly debt payment of $2,214.00.

15. After the Mortgage Loan was completed, Claimant's mortgage payment was $813.37, and her payment on other debt amounted to $538.00, for a total monthly debt payment of $1,351.37.

16. At the time of the origination, Claimant was provided at least one copy of the TILA notice of the right to cancel.

17. On or about September 15, 2006, the Mortgage Loan was transferred to Fannie Mae.

   *Servicing, Loss Mitigation Attempts, and Foreclosure*

18. GMACM serviced the Mortgage Loan from July 26, 2006 until servicing was transferred to GreenTree on February 1, 2013.

19. The Claimant made the monthly payment due on the Mortgage Loan on August 1, 2006.

20. The Claimant made the monthly payment due on the Mortgage Loan on September 1, 2006.

21. The Claimant made the monthly payment due on the Mortgage Loan on October 1, 2006.

4

22. The Claimant made the monthly payment due on the Mortgage Loan on November 1, 2006.

23. The Claimant made the monthly payment due on the Mortgage Loan on December 1, 2006.

24. The Claimant made the monthly payment due on the Mortgage Loan on January 1, 2007.

25. The Claimant made the monthly payment due on the Mortgage Loan on February 1, 2007.

26. The Claimant made the monthly payment due on the Mortgage Loan on March 1, 2007.

27. The Claimant did not make the monthly payment due on the Mortgage Loan on April 1, 2007.

28. The Claimant did not make the monthly payment due on the Mortgage Loan on May 1, 2007.

29. The Claimant did not make the monthly payment due on the Mortgage Loan on June 1, 2007.

30. The Claimant did not make the payments due on the Mortgage Loan on April 1, 2007 through June 1, 2007 because she was not receiving rent payments from her tenant.

31. Prior to April 1, 2007, the Claimant had sufficient monthly income to make the monthly payment due on the Mortgage Loan.

32. On June 8, 2007, the Claimant spoke to a representative of GMACM over the phone and informed the representative that she could not afford to make all of the delinquent payments at that time.

33. On June 8, 2007, the Claimant spoke to a representative of GMACM over the phone and was told by the representative that GMACM would agree to allow her to make the payments due April 1, 2007 and May 1, 2007 in June, 2007 and make the payments due June 1, 2007 and July 1, 2007 in July, 2007.

34. The Claimant made a payment on the Mortgage Loan on June 9, 2007 that satisfied the April and May payments (the "Misdirected Payment").

35. On June 22, 2007, the Claimant was advised by a GMACM employee via telephone to put a stop on the Misdirected Payment because GMACM had mailed the Misdirected Payment to another customer.

5

36. The Claimant made a payment on June 25, 2007 that covered the payments due on April 1, 2007 and May 1, 2007.

37. On June 28, 2007, the Claimant was advised by a GMACM employee via telephone that GMACM would cover any costs associated with the Misdirected Payment, including amending her credit report if it was affected, waiving late charges, and offering to enroll her in a privacy guard.

38. On June 28, 2007, the Claimant informed a GMACM representative via telephone that she had closed the account that the Misdirected Payment was written from and that there were no charges to her account at that time as a result of the Misdirected Payment.

39. The Claimant did not make the payment due on July 1, 2007 that would cover the June 1, 2007 and July 1, 2007 payments.

40. On August 9, 2007, GMACM referred the Mortgage Loan to foreclosure.

41. On November 2, 2007, GMACM and Claimant entered into a forbearance plan (the "Forbearance Plan") and the foreclosure was placed on hold as a result on November 15, 2007.

42. Claimant made payments under the Forbearance Plan from November 2007 through February 2008.

43. As a result of Claimant's payments under the Forbearance Plan, GMACM approved her for a traditional permanent modification on February 20, 2008.

44. Claimant was required to execute and return the modification papers by February 29, 2008, but she failed to return the necessary documents.

45. On May 15, 2008, because Claimant did not return the modification documents, the modification was denied and the hold on the foreclosure was removed.

46. Foreclosure was again placed on hold after GMACM received a Chapter 93A demand letter from Claimant.

47. GMACM responded to the demand letter on June 30, 2008.

48. The hold on foreclosure was removed on August 18, 2008.

49. On September 18, 2008, Claimant filed for Chapter 13 bankruptcy protection.

50. Upon the dismissal of the Chapter 13 bankruptcy case, the GMACM resumed foreclosure.

51. In April 2010, Claimant filed a chapter 7 Bankruptcy petition, again staying the foreclosure.

6

52. On May 24, 2010, Claimant filed an adversary proceeding in her Bankruptcy Case against GMACM and other non-Debtor defendants, asserting the causes of action that form the basis for her proof of claim.

53. For the period November 25, 2010 through February 1, 2013, the Claimant did not make the monthly payments due on the Mortgage Loan.

54. The Claimant is currently in default under the terms of the Mortgage Loan.

55. A foreclosure has not been completed on the Property.

56. The Claimant still resides in the Property.

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

### A. Claimant's Contentions

In addition to the allegation made in Claimant's pleadings in this Court:

**1.** At the time of the origination, Claimant was provided one copy of the TILA notice of the right to cancel.

### B. Trust's Contentions

1. N/A

## V. Issues to be Tried

1. Whether Claimant suffered any economic damages as a result of the Misdirected Payment that would result in a claim under chapter 93A of the Massachusetts General Laws ("Chapter 93A").

2. Whether GMACM violated Chapter 93A by originating the Mortgage Loan without properly assessing Claimant's ability to repay the Mortgage Loan.

3. The extent of actual damages, if any, proximately caused to the Claimant by GMACM's alleged violation of Chapter 93A or the MCCDA.

## VI. Claimant's Exhibits

1. Billing to Claimant, pre-Petition

## VII. Trust's Exhibits

1. Endorsed Note, dated July 26, 2006

7

2. Mortgage Deed, dated July 26, 2006

3. Claimant's proof of claim, including attachments

4. Recorded Assignments

5. Loan Application , dated June 15, 2006

6. HUD-1, dated July 26, 2006

7. Appraisal, dated June 27, 2006

8. Truth in Lending Statement, dated July 25, 2006

9. Notice of Right to Cancel, dated July 25, 2006

10. Claimant's Answers to Interrogatories

11. Claimant's Answers to Request for Admissions

12. Creditor's TD Banknorth, N.A. bank statement, for the period June 8, 2007 through July 3, 2007

13. Letter to Annette Deir – June 13, 2007

14. Servicing Notes

15. GMACM Wholesale Mortgage Product Matrix

16. Engenious Findings Report, dated July 13, 2006

17. Credit Report, dated May 30, 3006

18. Forbearance Agreement, dated October 31, 2007

19. Loan Modification Letter, dated February 21, 2008

20. Chapter 93A Demand Letter, dated May 30, 2008

21. Response to 93A Demand Letter, dated June 30, 2008

22. Creditor's Bank Statements

23. Loan Closing Information Summary, dated July 25, 2006

24. Transmittal Summary, dated July 13, 2006

25. Rental Agreement for Property, dated October 15, 2003

26. Breach Letter, dated July 3, 2007

27. Broker Price Opinion Dated June 24, 2011

28. LPS Notes

29. Chapter 13 Bankruptcy Docket, case no: 08-31356

30. Chapter 7 Bankruptcy Docket, case no: 10-30679

31. Adversary Proceeding Docket, case no: 10-03014

No exhibit not listed by Claimant or the Trust may be used at trial except (a) for cross-examination purposes , (b) for rebuttal, or (c) if good cause for its exclusion from the pretrial order is shown.

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

    **a.** <u>The Parties stipulate to the authenticity of the following Exhibits</u>

1. Endorsed Note, dated July 26, 2006

2. Mortgage Deed, dated July 26, 2006

3. Claimant's proof of claim, including attachments

4. Recorded Assignments

5. Loan Application , dated June 15, 2006

6. HUD-1, dated July 26, 2006

7. Appraisal, dated June 27, 2006

8. Truth in Lending Statement, dated July 25, 2006

9. Claimant's Answers to Interrogatories

10. Claimant's Answers to Request for Admissions

11. Creditor's TD Banknorth, N.A. bank statement, for the period June 8, 2007 through July 3, 2007

12. Letter to Annette Deir – June 13, 2007

13. Servicing Notes

14. GMACM Wholesale Mortgage Product Matrix

15. Engenious Findings Report, dated July 13, 2006

16. Credit Report, dated May 30, 3006

17. Forbearance Agreement, dated October 31, 2007

18. Loan Modification Letter, dated February 21, 2008

19. Chapter 93A Demand Letter, dated May 30, 2008

20. Response to 93A Demand Letter, dated June 30, 2008

21. Creditor's Bank Statements

22. Loan Closing Information Summary, dated July 25, 2006

23. Transmittal Summary, dated July 13, 2006

24. Rental Agreement for Property, dated October 15, 2003

25. Breach Letter, dated July 3, 2007

26. Broker Price Opinion Dated June 24, 2011

27. LPS Notes

28. Chapter 13 Bankruptcy Docket, case no: 08-31356

29. Chapter 7 Bankruptcy Docket, case no: 10-30679

30. Adversary Proceeding Docket, case no: 10-03014

**b.**     Claimant's Objections

1. New information has come to the Claimant and a request for further discovery on the very limited topic either by agreement or by asking an order from the Court.

2. The Notice of Right to Cancel was not put into issue in the non-evidentiary proceeding and Claimant objections to its introduction after the Court has ruled on the matter.

**c.**     Trust's Objections

1. The Trust objects to the admission of "Billing to Claimant, pre-Petition" to the extent such records were not provided to the Trust by the deadline for fact discovery. The Trust reserves the right to object to this exhibit on additional grounds.

### IX. Claimant's Witness List

1. The Claimant

### X. Trust's Witness List

1. Sara Lathrop

The witness listed may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown. Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

### XI. RELIEF SOUGHT

**Relief Sought By Claimant**

Claimant demands her damages for the consequential damages of Debtor's breach of duty and violation of law.

Under Massachusetts common law, codified in the Regulations, a loan which the lender knew or should have knew that the borrower could not make the payments, the loan is a gift. Claimant demands forgiveness of this loan on this basis.

At the time of filing the Proof of Claim[#3862], the ownership of the loan and the mortgage had been reunited in the Estate. Claimant demands any transfer of the loan avoided as a fraud against creditors

Claimant properly rescinded her loan under MCCCDA, c. 140D § 10, and the Debtors failed to follow the steps required under statute and regulations. Claimant demands her statutory damages and return of all points and fees paid in connection with the loan.

**Relief Sought by Trust**

The Trust is seeking to have the Claimant's Proof of Claim disallowed and expunged.

### XII. DEADLINES and Hearing Date

The Parties propose the following pretrial deadlines:

- Written direct testimony for each witness that the parties intend to call at trial shall be exchanged **not later than September 1, 2016**. Two courtesy copies of each witness's written direct testimony shall be provided to chambers concurrently with the parties'

exchange. Neither party shall be permitted to call any witness to testify at trial (except rebuttal witnesses, if any) unless such witness's direct testimony has been provided to the opposing party by September 1, 2016.

- Pretrial memoranda of law, which shall include a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element, and addressing any evidentiary issues anticipated to arise during evidentiary hearing on this matter (the "Trial"), shall be filed **not later than September 1, 2016**.

The parties jointly propose the following pretrial deadlines:

- The parties shall participate in a telephonic pretrial conference at **10:00 a.m. prevailing Eastern Time on September 14, 2016**.
- **Not later than 5:00 p.m. prevailing Eastern Time on September 8, 2016**, each party shall provide to the Court with (but not file) two copies of (i) the respective party's final witness and exhibit lists and (ii) pre-marked exhibits (Claimant to identify their exhibits with numbers, e.g., 1, 2, 3, etc.; the Trust to identify its exhibits with letters, e.g., A, B, C, etc.), assembled sequentially in notebooks and tabbed, or, if too voluminous, with each exhibit placed in a separate manila folder with number or letter visible on the lip, and the folder placed in a suitable container or box for ready reference. Each exhibit list shall include a description of each exhibit. One copy of the witness and exhibit lists and one set of exhibits should be provided to opposing counsel. No witnesses or exhibits that are not listed in the witness and exhibit lists may be used at the Trial.

The Trial shall take place on **September 15, 2016 at 9:00 a.m. prevailing Eastern Time**.

### XIII.    Evidentiary Hearing Procedures

#### A.    Use of Exhibits During Trial

Counsel is responsible for marking his or her own exhibits. Counsel must identify for the Court and opposing counsel, and give a copy to the witness, each exhibit before using it at the Trial. All exhibits that will be shown to a witness should, if possible, be placed before the witness at the start of counsel's witness examination. Questions and arguments should be delivered from the lectern, but counsel may approach the witness without asking leave whenever it is necessary. And, if counsel is standing near the witness for the purpose of pointing something out on an exhibit, opposing counsel may also be present to observe first-hand what is being pointed out.

#### B.    "Timed" Trial

The Trial will be a "timed trial," with a maximum of 6-trial hours during the course of 1 day. Each side will be allocated a maximum of 3-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having her or his witnesses present and ready to testify without any delays or gaps in testimony.

C. **Status Report**

**Not later than 5:00 p.m. prevailing Eastern Time on September 8, 2016**, counsel shall submit a written status report to the Court, identifying any issues that must be resolved before the Trial starts, and also whether counsel believe the case may be resolved by settlement before the Trial begins.

| | |
|---|---|
| Dated: June 17, 2016 | /s/ Norman S. Rosenbaum |
| | Norman S. Rosenbaum |
| | Jordan A. Wishnew |
| | Jessica Arett |
| | MORRISON & FOERSTER LLP |
| | 250 West 55th Street |
| | New York, New York 10019 |
| | Telephone: (212) 468-8000 |
| | Facsimile: (212) 468-7900 |
| | |
| | *Counsel for the ResCap Borrower Claims Trust* |
| Dated: June 17, 2016 | /s/ Laird J. Heal |
| | Laird J. Heal |
| | 36 Central Square, Suite 4 |
| | Boston, MA 02128 |
| | Telephone: (617) 851-0232 |
| | Facsimile: (617) 561-1055 |
| | |
| | *Counsel for Rhonda Gosselin* |

**IT IS SO ORDERED.**

Dated: June 29, 2016.
       New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                                    United States Bankruptcy Judge