*Laird J. Heal, Esq.*                                    *36 Central Square, Suite 4*
*Attorney at Law*                                         *East Boston, MA 02128*
*Telephone: (617) 851-0232*                    *Facsimile: (617) 561-1055*

March 9, 2015

Honorable Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  **In re Residential Capital, LLC, 12-12020-MG**
     **Claim 3862 of Rhonda Gosselin**
     **Request for further limited discovery**

By Electronic Case Filing

Dear Judge:

The parties submitted a joint pre-trial memorandum which the Court has endorsed[#9959] and
the case is set for trial on September 15, 2016.  However, on the very eve of filing the pre-trial,
Ms. Gosselin ran across the card for Richard Chaisson, which was the loan officer.  Mr. Chaisson
also was present when Ms. Gosselin called the GMAC about the payment she had sent, which
was not only not credited but had been sent to an unrelated third party.  Ms. Gosselin made that
call from Mr. Chaisson's office.

Ms. Gosselin called Mr. Chaisson in order to verify that the telephone number was still valid, and
in the ensuring conversation Mr. Chaisson said that he had received a bonus for securing the
loan, some $350 or $360.  This would qualify as a mortgage fee on the loan under TILA, or the
Massachusetts counterpart, CCCDA.  Because it was not disclosed on the Settlement Statement,
this would be an independent reason allowing rescission.  GMAC published a notice of a non-
judicial foreclosure sale prior to Ms. Gosselin's claim of rescission; and under either act, after the
foreclosure is instituted, even a $35 omission from the disclosure is enough to permit the
borrower to rescind.

Ms. Gosselin would ask for discovery answering the question of what payment was made to Mr.
Chaisson (and any other GMAC employee, as no mortgage broker was employed) in respect to
the loan.  The reorganized debtors have denied the request, saying that the discovery window has
closed.  However there is new evidence, as Mr. Chaisson had not mentioned a bonus in
connection with the loan before, and it was only brought in question because of an unclear page
in the production, which by itself does not make it clear what the fees and costs in connection
were.

Clearly, the request and answering documents should be completed well before the September 15, 2016. I am sure I could serve the requests within the week upon the reorganized debtors, and the answers would be due within early in August, 2016. This should not impact the existing schedule.

Sincerely yours,

Laird J. Heal, Esq

cc:  Rhonda Gosselin
     Jessica J. Arret, Esq.
     Jordan A. Wishnew, Esq.