UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                                       Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,           Case No. 12-12020-mg
   Objector

v.

TIA DANIELLE SMITH,
   Creditor-Beneficiary

---

**PRELIMINARY STATEMENT OF ISSUES ON APPEAL**

---

      **NOW COMES** Tia Danielle Smith (Ms. Smith), by her attorney, Wendy Alison Nora, pursuant to Fed. R. Bankr. P. 8009, makes her Preliminary Statement of Issues on Appeal, and shows the Court that the appeal involves the following issues, which may be revised upon review of the Transcript of the February 9, 2016 Evidentiary Hearing:

I. The Bankruptcy Court erred as a matter of law when he expunged and disallowed all of Ms. Smith's Claims ## 3889, 4129, 4134 and 4139 (Doc. 7598), except her claim for violations of the California Unfair Competition Law (UCL) on October 1, 2014, because it improperly treated the Objection to Proofs of Claims as a Motion for Summary Judgment.

II. For purposes of argument only, the Bankruptcy Court might be permitted to examine Claims Objections on a preliminary basis as if they are Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) [Rule 12(b)(6)], the Objector did not argue that Ms. Smith's Proofs of Claim failed to state a claim upon which relief may be granted but instead argued the merits of each cause of action identified in the Proofs of Claim, which are
    A. Fraud;
    B. Tortious interference with contract;
    C. Wrongful foreclosure;
    D. Cancellation of instruments;
    E. Breach of contract (deed of trust and promissory note);
    F. Breach of contract (workout and forbearance agreements);
    G. UCL violations;

**IN FORMA PAUPERIS APPLICATION FOR FILING FEE WAIVER PENDING SUBMISSION BY MOTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

      H. Violation of CAL. CIV. CODE § 1788.17 (the "Rosenthal Act");
      I.  Unjust enrichment;
      J.  Accounting;
      K. Constructive trust;
      L. Fraudulent omissions;
      M. Quiet title; and
      N. Violation of the Truth in Lending Act ("TILA").

III. Because of the RESCAP Debtors' Chapter 11 filing which initiated the claims process, all of the parties responsible for Ms. Smith's damages were not before the Court and, therefore, the liability analysis necessarily involves an allocation of liability.

IV. The Bankruptcy Court was partly correct in characterizing Ms. Smith's Proofs of Claim against the RESCAP Debtors as claims consisting of "origination-based claims," "securitization-based claims," and "foreclosure-based claims," but erred in failing to recognize the "servicing-based claims."

V. Ms. Smith's pro se pleadings must be liberally construed under *Haines v. Kerner*, 404 U.S. 519 (1972) and the Bankruptcy Court erred as a matter of law in holding Ms. Smith's pro se pleading to an impossible standard (that even the most skilled bankruptcy lawyer would be challenged to meet) in response to the Objector's equivalent of a Rule 12(b)(6) when it failed to acknowledge the obvious fact that the alleged co-conspirators with the RESCAP Debtors were not before the Court for allocation of joint and several liability and were assignees and predecessors and successors in interest to the RESCAP Debtors.

VI. Ms. Smith's fraud in the origination claims involved the disputed fact of liability for misrepresentation at the origination when she was led to believe that she was applying for and had been granted a conventional mortgage loan when, in fact, she had been induced into a securities acquisition in which her Note and Deed of Trust (securities) were being purchased by undisclosed third parties, pretending that American Mortgage Network was the "Lender" when it was not.

VII. Ms. Smith found that the copy of her loan application had been altered (forged), a fact which has been used against Ms. Smith, the forgery victim, to set a statute of limitation on her fraud claims to the date she could have discovered that individual forgery, the Court misses the point of the pro se pleading that the entire process from origination by fraud in the inducement to the void foreclosure is infused with fraud and consists of at least three (3) forged documents: the application form, the endorsement on Ms. Smith's Note and the Assignment of Mortgage from the RESCAP Debtors' successor in interest, Aurora Loan Serving, LLC.

**IN FORMA PAUPERIS APPLICATION FOR FILING FEE WAIVER PENDING SUBMISSION BY MOTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

VIII. Ms. Smith was entitled to an evidentiary hearing, including pre-trial discovery, on the fraud claims, which were been denied by the error of law consisting of granting the equivalent of Summary Judgment, prior to allowing any discovery, on the Objection to Ms. Smith's Proofs of Claim when there were disputed issues of fact arising under the claims for fraud in the origination, securitization and servicing as fraud and fraudulent omissions; cancellation of instruments (the forged endorsement on the Note); breach of contract; UCL violations; Rosenthal Act violations; unjust enrichment; and accounting.

IX. Ms. Smith was denied her rights under the Fifth Amendment to the *United States Constitution* by the claims determination process, the Order of October 1, 2014 (Doc. 7598) and the denial of her February 7, 2016 Motion for Relief by the Order of February 8, 2016 (Doc. 9595).

X. The Bankruptcy Court erred as a matter of law in concluding that Ms. Smith failed to establish a violation of the UCL, which, in error, was the only part of the Claims.

XI. The Bankruptcy Court abused its discretion by allowing hearsay documents purporting to be business records not authenticated a person who has personal knowledge of the authenticity of the record, was not the custodian of the records and had not even retrieved the records from a specified computer data base and which were objected to as unreliable.

XII. The Bankruptcy Court abused its discretion by concluding that hearsay documents purporting to be business records not authenticated a person who has personal knowledge of the authenticity of the record, was not the custodian of the records and had not even retrieved the records from a specified computer data base and which were objected to as unreliable were more credible than the unimpeached, live, sworn testimony of Ms. Smith, who testified of her own personal knowledge and was not impeached.

XIII. It is a denial of due process rights secured and guaranteed by the Fifth Amendment to the *United States Constitution* to give greater weight to unreliable hearsay computer records than to the unimpeached, sworn testimony of a living witness.

XIV. Ms. Smith's UCL claim embraced the frauds in the origination, securitization and servicing which led to the foreclosure.

XV. By having her case eviscerated by the erroneous Interlocutory Order of October 1, 2014 (Doc. 7598) and the subsequent denials of requests for relief and preclusion of her issues, Ms. Smith was finally denied her due process rights secured and guaranteed by Fifth Amendment to the *United States Constitution* when all of her evidence in support of her UCL claim was

**IN FORMA PAUPERIS APPLICATION FOR FILING FEE WAIVER PENDING SUBMISSION BY MOTION TO THE UNITED STATES DISTRICT COURT FOR THE**

SOUTHERN DISTRICT OF NEW YORK

disregarded and an unreliable computer record resulted in the disallowance and expungement of her UCL claim.

XVI.  By denying Ms. Smith's Motions for a waiver of costs for preparation of the Transcript of the proceedings in forma pauperis and her Motion for a Stay of the filing of the Statement of Issues on Appeal to allow her to review the Transcript of the proceeding had on February 9, 2016, Ms. Smith has been denied equal protection of the laws guaranteed and secured by reverse incorporation under the Fourteenth Amendment to the *Constitution of the United States* on the irrational basis of her poverty.

At this time the Transcript of the February 9, 2016 hearing is publicly available to be viewed at the Office of the Clerk of Bankruptcy Court (see Doc. 9636) and the costs of its preparation is approximately $235.00.  Ms. Smith is in Los Angeles, California and her attorney's office is in Minneapolis, Minnesota.  Arrangements are being made to raise the funds through gifts to Ms. Smith to pay for a copy of the now-publicly available Transcript.  Ms. Smith reserves the right to supplement or amend this Preliminary Statement of Issues when she has reviewed the Transcript.

Dated at Madison, Wisconsin this 1st day of July, 2016.


*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
ACCESS LEGAL SERVICES, admitted pro hac vice in
the United States Bankruptcy Court for the Southern District of New York
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
Wisconsin Bar #1017043
Minnesota Bar #165906

**IN FORMA PAUPERIS APPLICATION FOR FILING FEE WAIVER PENDING SUBMISSION BY MOTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

4

## DECLARATION OF SERVICE

      Wendy Alison Nora declares that on July 1, 2016 she filed the foregoing Preliminary Statement of Issues on Appeal with the United States Bankruptcy Court for the Southern District of New York and thereby served all parties and their counsel who are capable of receiving service by CM/ECF.

                    */s/ Wendy Alison Nora*
                _____
                     Wendy Alison Nora