| MORRISON | FOERSTER | 250 WEST 55TH STREET<br>NEW YORK, NY 10019-9601<br><br>TELEPHONE: 212.468.8000<br>FACSIMILE: 212.468.7900<br><br>WWW.MOFO.COM | MORRISON & FOERSTER LLP<br><br>BEIJING, BERLIN, BRUSSELS, DENVER,<br>HONG KONG, LONDON, LOS ANGELES,<br>NEW YORK, NORTHERN VIRGINIA,<br>PALO ALTO, SACRAMENTO, SAN DIEGO,<br>SAN FRANCISCO, SHANGHAI, SINGAPORE,<br>TOKYO, WASHINGTON, D.C. |
|---|---|---|---|

July 7, 2016

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

By E-Mail & Overnight Delivery

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 (MG)

Dear Judge Glenn:

This firm is counsel to the ResCap Borrower Claims Trust (the "Trust").

Notwithstanding the close of fact discovery on April 30, 2016, on June 30, 2016, Laird Heal ("Mr. Heal"), counsel for the claimant Rhonda Gosselin ("Ms. Gosselin") filed a letter (the "Letter") with the Court requesting the Court to allow further discovery regarding an alleged payment made by GMACM to Richard Chaisson. At the request of the Court, the Trust is responding to the Letter.

Although neither acknowledged nor addressed by Mr. Heal in the Letter, Mr. Heal in fact is requesting the Court to reconsider its prior *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Number 3862 Filed by Rhonda Gosselin* [Docket No. 8516] (the "Order"), entered on April 21, 2015. In the Order, the Court determined that Ms. Gosselin had not demonstrated that the TILA disclosure she received at the origination of her loan was inaccurate. See Order at 28. Rather, the Court overruled the Objection to her claim under the Massachusetts Consumer Credit Cost Disclosure Act on the narrow issue of whether Ms. Gosselin had received a notice of right to cancel more than three days prior to exercising her right to rescind. See id.

The Order stated that an evidentiary hearing was necessary to determine that narrow factual issue, among others. As a result, the Court entered a case management order to govern

sf-3670970

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
July 7, 2016
Page Two

discovery on the limited factual issues specified in the Order. An amended case management order was stipulated to after Mr. Heal returned to the case following a previous absence. See *Memorandum Endorsed So Ordered Letter signed on March 17, 2016 re: Extension of Deadlines for the Completion of Discovery* [Docket No. 9754] (the "Amended Case Management Order"). Pursuant to the Amended Case Management Order, discovery on the factual issues identified in the Order proceeded, and has now concluded. Also pursuant to the Amended Case Management Order, the Trust and Ms. Gosselin submitted a joint pre-trial order, which the Court entered on June 29, 2016 [Docket No. 9959] (the "Pre-Trial Order"). Pursuant to the Pre-Trial Order, a trial on this matter has been scheduled for September 15, 2016.

Mr. Heal now asks the Court to reconsider the Order and expand the factual issues to be addressed at trial. Such a request is untimely and inappropriate under the Federal Rules of Bankruptcy Procedure.

Federal Rule of Bankruptcy Procedure 9024 states that Federal Rule of Civil Procedure 60 will apply to cases under the Bankruptcy Code, except in certain circumstances not applicable here. See Fed. R. Bankr. P. 9024. Federal Rule of Civil Procedure 60 allows a party to move for relief from a judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence…; (3) fraud…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged…, or it is 'no longer equitable'; or (6) "any other reason that justifies relief." See Fed. R. Civ. P. 60(b). "A motion for reconsideration 'is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" In re Residential Capital, LLC, 528 B.R. 570, 573 (Bankr. S.D.N.Y. 2014) (quoting Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)). Here, while not specified in the Letter, it appears that Ms. Gosselin is relying on reason (2) as her basis for reconsideration.

The information allegedly received from Mr. Chaisson is not the type of newly discovered evidence for which relief can be granted upon a motion for reconsideration, because such evidence could have been discovered "with reasonable diligence" prior to the Order being entered. See Webb v. City of New York, No. 08-CV-5145 (CVA), 2011 WL 5825690, at *1 (S.D.N.Y. Nov. 17, 2011) ("[T]o the extent that a motion for reconsideration relies on new evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." (citation and internal quotations omitted). Here, there was nothing to prevent Ms. Gosselin from contacting Mr. Chaisson in the five year period between the initiation of the adversary proceeding in her bankruptcy case (which is formed the basis for her proof of claim) and the entry of the Order. Therefore, Ms. Gosselin has not provided a valid basis for granting the relief.

sf-3670970

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
July 7, 2016
Page Three

Even if the relief requested met the requirements of Rule 60(b), the reconsideration request was not timely made and therefore cannot be granted. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Thus, in order to seek reconsideration based on purportedly new evidence, Ms. Gosselin needed to seek reconsideration of the Order within a reasonable time.[1] More than a year has passed since the Order was entered, and therefore the request for reconsideration is not timely. Ill. Dep't of Revenue v. U.S. Energy Biogas Corp. (In re U.S. Energy Sys., Inc.), No. 12-CV-7107, 2013 WL 5204010, at *4 (S.D.N.Y. Sept. 16, 2013) ("The statutory deadline for filing a motion for relief pursuant to Rule 60(b) is dependent upon the substantive basis for the motion. If the motion is made for reasons (1), (2) or (3) enumerated [in Rule 60(b)], it must be filed no later than one year after entry of the judgment or order or the date of the proceeding from which relief is sought...."); Hoti Enters, L.P. v. GECMC 2007 C-1 Burnett St., LLC (In re Hoti Enters., L.P.), No. 12-CV-5341 (CS), 2012 WL 6720378, at *4 (S.D.N.Y. Dec. 27, 2012) (upholding bankruptcy court's determination that one-year limitation applied to claims under Rule 60(d)(1) where the grounds for reconsideration falls within the grounds stated in Rule 60(b)(1)-(3)).

Even if Ms. Gosselin were to assert a basis for relief other than the reasons described in Rule 60(b)(1)-(3), the request is still untimely because it was not made within a "reasonable time" as required by Rule 60(c). As noted above, the parties have already completed discovery on this matter, negotiated a joint pre-trial order, and the matter is scheduled for trial. To reopen discovery into a new factual matter at this juncture would impose an unjustified burden on the Trust and would likely delay the trial. Furthermore, as discussed above, Ms. Gosselin has not identified her reasons for the delay in talking with Mr. Chaisson or why she could not have met with him during the period designated for discovery in the Amended Case Management Order.

In any event, the relief requested by Ms. Gosselin should not be granted because she has not alleged how the purportedly new information would alter the Court's analysis in the Order. All that has been alleged in the Letter is that Mr. Chaisson purportedly received a payment as a result of the origination of Ms. Gosselin's loan. However, there is nothing to suggest that this payment was charged to Ms. Gosselin. No such fee is listed on her HUD-1 Settlement Statement (a copy of which was attached to the Declaration of Deanna Horst in support of

---

[1] Rule 9024 of the Federal Rules of Bankruptcy Procedure states that the one-year limitation does not apply to a request to reconsider an order disallowing or allowing a claim against the estate entered "without a contest." Here, the Order was entered after the Trust objected to Ms. Gosselin's proof of claim and Ms. Gosselin responded to said objection, and therefore this exception is not applicable. See Pleasant v. TLC Liquidating Trust (In re Tender Loving Care Health Servs., Inc.), 562 F. 3d 158, 162 (2d Cir. 2009) (holding that where a claim is objected to, a decision regarding the allowance of the claim is not entered "without a contest" and the one-year limitation on reconsideration applies).

sf-3670970

**MORRISON | FOERSTER**

Hon. Martin Glenn, USBJ
July 7, 2016
Page Four

the objection and is attached hereto as <u>Exhibit 1</u> for the Court's convenience), and Ms. Gosselin has not alleged that she made any payment to Mr. Chaisson outside of her loan transaction. Because Regulation Z defines a finance charge as "any charge payable directly or indirectly by the consumer…" <u>see</u> 12 C.F.R. § 226.4 (West 2010), a purported payment made by GMACM to a third party that was not charged to Ms. Gosselin would not constitute a "finance charge." Rather, such a payment would be considered a charge "absorbed by the creditor as a cost of doing business" and therefore would not need to be disclosed to Ms. Gosselin. <u>See</u> Comptroller of Currency, Administrator of Banks, Truth in Lending Act, Comptroler's Handbook, December 2010, p. 215-217, et. seq., a copy of which was attached to the objection and is attached hereto as <u>Exhibit 2</u> for the Court's convenience). Thus, in addition to being untimely and failing to state a ground for reconsideration, the relief requested in the Letter should also be denied on the grounds that it has no effect on this Court's prior decision.

Therefore, the Trust respectfully requests that the Court deny the relief requested in the Letter.

Respectfully submitted,

_[signature]_

Jordan A. Wishnew

sf-3670970

**Exhibit 1**

12-12020-mg Doc 9967-2 Filed 07/07/16 Entered 07/07/16 16:49:04 Main Document Exhibit A to Declaration Pg 6 of 55 of 59 Settlement Statement Page 2 Desc Exhibit

Case 10-03014 Doc 13-4 Filed 07/26/10 Entered 07/26/10 22:22:13 Settlement Statement Page 2 of 2

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $ 4 Division of Commission (line 700) as follows: | | | |
| 701. | to | | |
| 702. | to | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable in Connection With Loan | | | |
| 801. Loan Origination Fee 1.00 % GMAC Mortgage Corporation | | 850.00 | |
| 802. Loan Discount 1.00 % GMAC Mortgage Corporation | | 850.00 | |
| 803. Appraisal Fee to Robert Salvon Associates POC 450.00 | | | |
| 804. Credit Report to GMAC Mortgage $ 4.35 total POC 6.50 | | (2.15) | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. Flood Certification to Home Connect Land | | 19.00 | |
| 809. Tax Service Fee to Home Connects | | 85.00 | |
| 810. underwriting loan review fee to GMAC Morgage | | 195.00 | |
| 811. Processing fee to GMAC Mortgage | | 95.00 | |
| 812. lender's document prep to GMAC Mortgage | | 295.00 | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 07/31/2006 to 07/31/2006 @ 17.17 / day | | 17.17 | |
| 902. Mortgage Insurance Premium for mo. to | | | |
| 903. Hazard Insurance Premium for yrs. to | | | |
| 904. yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes 5 months @ 171.37 per month | | 856.85 | |
| 1004. months @ per month | | | |
| 1005. months @ per month | | | |
| 1006. months @ per month | | | |
| 1007. months @ per month | | | |
| 1008. Aggregate Adjustment | | 0.00 | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to Marjorie Dunn | | 525.00 | |
| (includes above item Numbers: 1101-1107 ) | | | |
| 1108. Title insurance to First American Title Insurance Company | | 212.50 | |
| (includes above item Numbers: 1109 ) | | | |
| 1109. Lender's coverage 85,000.00 Loan Premium: $212.50 | | | |
| 1110. Owner's coverage | | | |
| 1111. | | | |
| 1112. Declaration of Homestead to Registry of Deeds | | 35.00 | |
| 1113. Title Agent Commission $148.75 70% | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed ; Mortgage 175.00 ; Releases | | 175.00 | |
| 1202. City/county tax stamps: Deed ; Mortgage | | | |
| 1203. State tax/stamps: Deed ; Mortgage | | | |
| 1204. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to | | | |
| 1302. wire fee to PeoplesBank | | 10.00 | |
| 1303. overnight mail for payoff/return packet to Postmaster | | 40.00 | |
| 1304. final inspection fee to Robert Salvon Associates | | 75.00 | |
| 1305. document delivery fee to Marjorie Dunn | | 55.00 | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | $4,388.37 | $0.00 |

have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers                                                           Sellers

_Rhonda L. Gosselin_
Rhonda L. Gosselin

---

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent  _Marjorie B. Dunn, Esquire_                        Date  07/26/2006

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

**Exhibit 2**

# Finance Charge Chart

**Finance Charge = Dollar Cost of Consumer Credit**: It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as a condition of or incident to the extension of credit.

## Charges always Included

- Interest
- Transaction fees
- Loan origination fees, Consumer points
- Credit guarantee insurance premiums
- Charges imposed on a creditor for purchasing a loan that are passed on to the consumer
- Discounts for including payment by means other than credit
- Mortgage broker fees
- Other examples: Fee for preparing TILA disclosure; real estate construction loan inspection fees; fees for post-consummation tax or flood service policy; required credit life insurance charges

## Charges Included Unless Conditions are met / Conditions (Any Loan)

| Charges Included Unless Conditions are met | Conditions (Any Loan) |
|---|---|
| Premiums for credit life, A&H or loss of income insurance | Insurance not required, disclosures made, and consumer authorizes |
| Debt cancellation fees | Coverage not required, disclosures made, and consumer authorizes |
| Premiums for property or liability insurance | Consumer selects insurance company and disclosures made |
| Premiums for vendor's single interest (VS) insurance | Security interest charges (filing fees), insurance in lieu of filing fees and certain notary fees |
| Charges imposed by third parties | Use of the third party is not required to obtain loan and creditor does not retain any of the charge |
| Charges imposed by third party closing agents | Creditor does not require and does not retain any of the fee for the particular service |
| Appraisal and credit report fees | Application fees, if charged to all applicants, are not finance charges. Application fees may include appraisal or credit report fees. |

## Charges Not Included (residential mortgage transactions and loans secured by real estate)

- Fees for title insurance, title examination, property survey, etc.
- Fees for preparing loan documents, mortgages, and other settlement documents
- Amounts required to be paid into escrow, if not otherwise included in the finance charge
- Notary fees
- Pre-consummation flood and pest inspection fees
- Appraisal and credit report fees

## Charges Never Included

- Charges payable in a comparable cash transaction
- Unanticipated late fees
- Overdraft fees not agreed to in writing, or that are equal in amount to fees charged if a check is returned
- Seller's points
- Participation or membership fees
- Discount offered by the seller to induce payment by cash or other means not involving the use of a credit card
- Interest forfeited as a result of interest reduction required by law
- Charges absorbed by the creditor as a cost of doing business



# Instructions for the Finance Charge Chart

The finance charge initially includes any charge that is, or will be, connected with a specific loan. Charges imposed by third parties are finance charges if the creditor requires use of the third party or to the extent the creditor retains a portion of the charge. Charges imposed on the consumer by a settlement agent are finance charges only if the creditor requires the particular services for which the settlement agent is charging the borrower and the charge is not otherwise excluded from the finance charge or to the extent the creditor retains a portion of the charge. Immediately below the finance charge definition, the chart presents five captions applicable to determining if a loan-related charge is a finance charge.

The first caption is "charges always included." This category focuses on specific charges given in the regulation or commentary as examples of finance charges.

The second caption, "charges included unless conditions are met," focuses on charges that must be included in the finance charge unless the creditor meets specific disclosure or other conditions to exclude the charges from the finance charge.

The third caption, "conditions," focuses on the conditions that need to be met if the charges identified to the left of the conditions are permitted to be excluded from the finance charge. Although most charges under the second caption may be included in the finance charge at the creditor's option, third party charges and application fees (listed last under the third caption) must be excluded from the finance charge if the relevant conditions are met. However, inclusion of appraisal and credit report charges as part of an application fee that is charged to all applicants is optional.

The fourth caption, "charges not included," identifies fees or charges that are not included in the finance charge under conditions identified by the caption. If the credit transaction is secured by real property or the loan is a residential mortgage transaction, the charges identified in the column, if they are bona fide and reasonable in amount, must be excluded from the finance charge. For example, if a vacant lot or commercial real estate secures a consumer loan, any appraisal fees connected with the loan must not be included in the finance charge.

The fifth caption, "charges never included," lists specific charges provided by the regulation as examples of those that automatically are not finance charges (e.g., fees for unanticipated late payments).

**Note:** In the first column for the charges always included, transaction fees refer to transaction fees imposed in connection with the credit feature. In the third column for conditions, the condition for both the premiums for credit life, A&H, or loss of income and debt cancellation fees must include affirmative consumer authority. Finally, in the last column of charges never included, over limit fees can be considered as an excludable charge.