**Hearing Date: August 19, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 1, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 4745 FILED BY MELINDA HOPKINS, INDIVIDUALLY AND AS EXECUTRIX OF <u>LYNDOL A. CURRY</u>**

ny-1227092

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1
JURISDICTION, VENUE, AND STATUTORY PREDICATE ................................................. 2
BACKGROUND ...................................................................................................................... 2
RELIEF REQUESTED............................................................................................................. 4
OBJECTION............................................................................................................................ 4
BACKGROUND FACTS ......................................................................................................... 5
ARGUMENT ........................................................................................................................... 8
CONCLUSION ...................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Beattie v. Skyline Corp.,
 906 F. Supp. 2d 528 (S.D. W. Va. 2012)...............................................................................9

Clendenin v. Wells Fargo Bank, N.A.,
 Civ. A. No. 2:09-cv-00557, at *4-5 2009 WL 4263506 (S.D. W. Va., Nov. 24, 2009)..........14

Corder v. Countrywide Home Loans, Inc.,
 Civ. A. No. 2:10-0738, 2011 WL 289343 (S.D. W. Va. Jan. 26, 2011)..................................14

Dunn v. Rockwell,
 689 S.E.2d 255 (W. Va. 2009).................................................................................................9

Feinberg v. Bank of N.Y. (In re Feinberg),
 442 B.R. 215 (Bankr. S.D.N.Y. 2010).....................................................................................5

Hanshaw v. Wells Fargo Bank, N.A.,
 C.A. No. 2:14-cv-28042, 2015 U.S. Dist. LEXIS 121086, 2015 WL 534439 (S.D. W.
 Va. Sept. 11, 2015) ................................................................................................................11

Shelton v. Wells Fargo Bank,
 Civ. A. No. 3:09-cv-19, 2010 WL 10152301 (N.D. W. Va., Aug. 13, 2010) ........................12

Smallwood v. Sovereign Bank, F.S.B.,
 No. 3:11-cv-87 (JPB), 2012 WL 243744 (N.D. W. Va., Jan. 25, 2012).....................13, 14, 15

Tribeca Lending Corp. v. McCormick,
 745 S.E.2d 493 (W. Va. 2013)...............................................................................................11

Wince v. Easterbrook Cellular Corp.,
 681 F. Supp. 2d 688 (N.D. W. Va. 2010) ..............................................................................13

**STATUTES**

11 U.S.C. 502(b)(1) ...................................................................................................................4, 5

11 U.S.C. §502(a) ...........................................................................................................................4

28 U.S.C. § 157(b) .........................................................................................................................2

28 U.S.C. § 1334............................................................................................................................2

28 U.S.C. § 1408............................................................................................................................2

28 U.S.C. § 1409 ................................................................................................................2

W. VA. CODE ANN. § 46A-5-101(1) (West 2016) ..........................................10, 11, 12

W. VA. CODE ANN. § 46A-5-121(1)(a) (West 2016) .................................................10

W. VA. CODE ANN. § 55-2-12 (LexisNexis 2016) ........................................................9

W. VA CODE ANN. § 36-1-3 (Lexis Nexis 2016) ........................................................14

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1015(b) .................................................................................................2

Fed. R. Bankr. P. 3007 .................................................................................................2, 4

iii

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (as defined below), hereby submits this objection (the "Objection") seeking to disallow and expunge, without leave to amend, proof of claim no. 4745 (the "Claim") filed by Melinda Hopkins, Individually and as Executrix of the Estate of Lyndol A. Curry (the "Claimant") against Debtor GMAC Mortgage, LLC ("GMACM") for $186,000.00 pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a basis for liability against the Debtors.[1] The Borrower Trust seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief. In support of the Objection, the Borrower Trust submits the declaration of Sara Lathrop, Senior Claims Analyst for the Borrower Trust, attached hereto as Exhibit 2 ("Lathrop Decl.").

**PRELIMINARY STATEMENT**

1. The Borrower Trust examined the Claim and the statements and exhibits submitted in support thereof. A copy of the Claim is attached hereto as Exhibit 3. The asserted basis for the Debtors' liability is "ongoing litigation against GMAC for fraud, unconscionable contract, breach of contract, and action to quiet title." Attached to the Claim is an Amended Complaint filed by the Claimant against GMACM and non-Debtor

---

[1] The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Objection, and the Borrower Trust reserves all of its rights to amend this Objection should any further bases come to light.

ny-1227092

defendants (the "Amended Complaint"). The Amended Complaint asserts causes of action for fraud, unconscionable contract, breach of contract, and quiet title. All of the causes of action purportedly arise out of the origination and servicing of a loan in the name of the Claimant's mother.

2. The Claimant has failed to put forward any wrongdoing by any Debtor in relation to the loan. The Claimant's fraud and unconscionable contract claims, which both arise out of allegations related to the loan's origination, are barred by the statute of limitations. The Claimant's breach of contract claim, which asserts that GMACM improperly declined to modify the loan, also fails because no provision of the Deed of Trust required GMACM to provide the borrower with a loan modification. Finally, the Claimant's quiet title claim fails because such relief is not appropriate in a bankruptcy proceeding. Therefore, as more fully described below, the Claim should be disallowed and expunged in its entirety from the Claims Register (defined below).

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

3. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

5. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

7. On November 14, 2012, the Claimant filed the Claim. See Claim.

8. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"). The Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

9. The Debtors sent Request Letters to certain Borrowers, including the Claimant, requesting additional documentation in support of their claims. See Lathrop Decl. ¶ 4. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. A Request Letter was sent to the Claimant and a response was received on July 29, 2013. See Diligence Response, attached to the Lathrop Decl. as Exhibit A.

---

[2] As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

3

ny-1227092

10. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

11. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

## RELIEF REQUESTED

12. The Borrower Trust files this Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Claim with prejudice from the Claims Register.

## OBJECTION

13. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. §502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or

applicable law…." 11 U.S.C. 502(b)(1).  Furthermore, the burden of persuasion once an objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

## BACKGROUND FACTS

14.     On July 20, 2007, GMACM originated a loan (the "Loan") in the amount of $186,000.00 to the Lyndol A. Curry ("Curry"), evidenced by a note (the "Note") and secured by a deed of trust (the "Deed of Trust") on property located at 20 Fairfax Dr., Huntington, WV 25705 (the "Property"). Copies of the Note and the Deed of Trust are attached to the Lathrop Decl. as Exhibit B and Exhibit C, respectively.  The Loan was transferred to Federal National Mortgage Association ("Fannie Mae").  See Lathrop Decl. at ¶ 5.

15.     During origination, Curry filled out a loan application (the "Loan Application"), which listed her monthly income as $4,090, comprising of $1,450 in social security income and $2,640 in pension income.  See Loan Application, attached to the Lathrop Decl. as Exhibit D.  The Loan Application also stated that her proposed monthly mortgage payment would be approximately $1,190.98 in principal and interest, $265.01 in a second mortgage, $49.19 for hazard insurance, $143.85 for real estate taxes, and $82.60 for mortgage insurance, for a total monthly payment of $1,731.63.  See id.  Additionally, Curry was provided with a Truth-in-Lending Disclosure ("TIL Disclosure"), which indicated that her monthly principal, interest, and mortgage insurance payment would be $1,273.58.  See TIL Disclosure, attached to the Lathrop Decl. as Exhibit E.  The TIL Disclosure did not include the monthly escrow payment.  See Lathrop Decl. ¶ 6.

5

ny-1227092

16. At the time of origination, Curry was the only person listed on the property deed. See Chain of Title, attached to the Lathrop Decl. as Exhibit F. Additionally, Curry was the only person to fill out the Loan Application or have her credit report reviewed by GMACM in relation to the Loan. See Lathrop Decl. ¶ 7. For an unknown reason, the Deed of Trust listed Curry and the Claimant as Borrowers. This was an error, as Curry was the only borrower on the Note and the only person that signed the Deed of Trust. See Note and Deed of Trust. In February 2010, GMACM re-recorded the Deed of Trust to correctly include only Curry as a borrower. See Rerecorded Deed of Trust, attached to the Lathrop Decl. as Exhibit G.

17. GMACM serviced the Loan from its origination until servicing transferred to Green Tree Servicing, LLC ("Green Tree") on February 1, 2013. See Lathrop Decl. ¶ 8.

18. On August 27, 2007, Curry deeded the Property to herself and Melinda and Harry Hopkins. See Chain of Title.

19. Curry became delinquent on the Loan when she failed to make the May 1, 2009 payment. See Servicing Notes at 1 of 163, attached to the Lathrop Decl. as Exhibit H. On July 3, 2009, GMACM sent Curry a letter (the "Breach Letter") informing Curry that the Loan was in default, that her account was owing for the May 1, 2009 payment, providing the amount necessary to cure the default, and informing Curry that she had thirty (30) days to cure the default.[3] See Breach Letter, attached to the Lathrop Decl. as Exhibit I. The Breach Letter also notified Curry that "Unless we receive full payment of all

---

[3] Curry was in default under the terms of the Note on other occasions prior to this date and GMACM had also previously referred the Loan to foreclosure. However, according to the Debtors' books and records, the Breach Letter was the last of such letters that was sent to Curry and therefore, the relevant date for purposes of this Objection. See Lathrop Decl. ¶ 10 n. 3.

6

ny-1227092

past-due amounts, we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure proceedings." See id.

20. Curry did not cure the default within 30 days of the Breach Letter. See id. As a result, GMACM accelerated the Loan, and GMACM referred the account to foreclosure proceedings on August 6, 2009. See Servicing Notes at 120 of 163.

21. On November 4, 2009, Curry passed away. See Amended Complaint, attached to the Claim, at ¶ 15.

22. On April 7, 2011, the Claimant filed a complaint against GMACM, non-Debtor Title First Agency, and non-Debtor Title First Agency, W. Va. See Complaint, attached hereto as Exhibit 4. The Claimant filed an amended complaint on April 26, 2011 against GMACM and Title First Agency W. Va. See Amended Complaint. In the Amended Complaint, the Claimant asserted causes of action against GMACM for fraud, unconscionable contract, breach of contract, and quiet title. On August 31, 2010, the foreclosure proceeding was placed on hold due to the litigation. See Servicing Notes at 34 of 163.

23. On May 21, 2012, GMACM filed a notice of bankruptcy in the litigation, staying the proceedings. See Docket, attached hereto as Exhibit 5.

24. On September 8, 2015, GMACM filed a motion to dismiss the Complaint as against GMACM due to the bankruptcy. See id.

25. Before a decision was made regarding GMACM's motion to dismiss, the Claimant filed a Second Amended Complaint on March 4, 2016 against Green Tree and Fannie Mae (removing GMACM as a defendant). See Docket; see also Second Amended Complaint, attached hereto as Exhibit 6.

7

ny-1227092

26. At the time GMACM transferred servicing of the Loan to Green Tree, the account was owing for the May 1, 2009 payment and no foreclosure sale of the Property had been completed. See Servicing Notes at 1 of 163. Upon information and belief, the Claimant continues to live in the Property. See Lathrop Decl. ¶ 13.

## ARGUMENT

27. The Claimant asserts a cause of action for GMACM's servicing and foreclosure of the Properties. For the reasons provided below, these causes of action fail against the Debtors as a matter of law.

**1. Proper Party to Bring the Claim**

28. The Claim was brought by the Claimant both "individually and executrix of estate of Lyndol A. Curry." See Proof of Claim. However, other than the cause of action for quiet title (which fails for other reasons described below), the Claimant can only bring the Claim in her capacity as executrix of the estate of Lyndol Curry. As described above, the Claimant was not a party to the Loan process. She did not fill out the Loan Application, she was not listed on the Note, she had no interest in the Property at the time the Loan was originated, no credit check was run on the Claimant, and the Claimant did not sign any of the closing documents. While the Deed of Trust listed the Claimant as a borrower, the signature block only includes Curry's name and Curry is the only person that signed and initialed the Deed of Trust.

29. Given these facts, the only person who could maintain a cause of action for breach of contract, fraud, or unconscionable contract is Curry (or the executrix of her estate) because Curry is the only person who is a party to the Loan. Therefore, with

respect to these causes of action, the Claimant does not have standing to pursue the Claim in her individual capacity.

### 2. Fraud

30. The statute of limitation for bringing a fraud claim under West Virginia law is two years. See W. VA. Code Ann. § 55-2-12 (LexisNexis 2016). "While the statute of limitations generally begins to run when the injury occurs, under the discovery rule, the statute of limitations is tolled until the individual discovers or could have discovered the alleged defect with reasonable diligence." Beattie v. Skyline Corp., 906 F. Supp. 2d 528, 540 (S.D. W. Va. 2012). The test to determine whether a plaintiff has discovered the cause of action is an objective one. Dunn v. Rockwell, 689 S.E.2d 255, 265 (W. Va. 2009). "This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Id.

31. The Claimant's fraud claim is based on allegations that GMACM "intentionally suppressed the terms and process of origination of the loan from Plaintiffs and misrepresented Lyndol Curry's income in the Loan Application, among other places." See Amended Complaint, ¶ 24. Since these allegations relate to the origination of the Loan, which was completed on July 20, 2007, 2007, the statute of limitations expired as to the Claimant's fraud claim on July 20, 2009, which was well before the lawsuit was initiated on April 7, 2011.

32. The Claimant appears to invoke the discovery rule in the Amended Complaint, asserting that she was not aware of the alleged misrepresentations until Spring 2010. See Amended Complaint, ¶ 24. However, all of the information regarding the Loan, including the purportedly inflated income, was clearly listed on the Loan Application that

9

ny-1227092

12-12020-mg    Doc 9970    Filed 07/08/16    Entered 07/08/16 16:34:58    Main Document
    Pg 14 of 20

Curry signed and initialed on July 20, 2007. See Loan Application. Thus, the purported misrepresentation was and could have been discovered by Curry on that date, and there is no reasonable basis for applying the discovery rule.

33.    The Claimant also alleges that that the amount of the monthly payment was higher than was disclosed during the loan origination; however, there is no factual basis for this allegation. The Claimant's monthly principal and interest payment was $1,190.98, which is the same as the estimated monthly principal and interest payment on the Loan Application and lower than the principal and interest payment on the TIL Disclosure. See ¶ 15 *supra*. While the Claimant asserts that she was informed that her monthly payment would be "approximately $1,100 to $1,200 total, including escrow," the Claimant has provided nothing to support this allegation, and none of the documents that Curry signed during origination support this allegation.

34.    Additionally, the first payment under the Loan was made in July 2007. As a result, July 2007 is the latest date that the Claimant could have discovered the alleged difference. Therefore, the Claimant's fraud claim is barred by the statute of limitations.

### 3. Unconscionable Contract

35.    The Claimant also asserts a cause of action for unconscionable contract. Claims for unconscionable contract can be brought pursuant to the WVCCPA, which prohibits unconscionable conduct and allows for equitable relief of an unconscionable contract. See W. VA. CODE ANN. § 46A-5-121(1)(a) (West 2016). The WVCCPA also contemplates damages for violating the statute's unconscionable contract provision. See W. VA. CODE ANN. § 46A-5-101(1) (West 2016).

10
ny-1227092

36. At the time the Claimant filed the Complaint, a one-year statute of limitations applied to claims of unconscionable conduct based on contracts like the Loan.[4] See Hanshaw v. Wells Fargo Bank, N.A., C.A. No. 2:14-cv-28042, 2015 U.S. Dist. LEXIS 121086, at *17-18 2015 WL 534439, *7 (S.D. W. Va. Sept. 11, 2015) (finding that a mortgage loan does not fall within the WVCCPA's four year statute of limitations, and as a result applied the one-year statute of limitations). Under the one-year limitations period, the statute of limitations begins to run at "the due date of the last scheduled payment of the agreement." See W. VA. CODE ANN. § 46A-5-101(1) (LexisNexis 2011). A copy of the statute is attached hereto as Exhibit 7. "However, if the periodic payments are accelerated under the terms of the agreement, causing all payments to become immediately due and payable by the consumer, then the statute of limitations begins to run on the date when the accelerated payment is due." Tribeca Lending Corp. v. McCormick, 745 S.E.2d 493, 495 (W. Va. 2013). Thus, the statute of limitations on the Claimant's WVCCPA claim began to run on the date the payments under the Loan were accelerated.

37. At the latest, the payments under the Loan were accelerated on August 6, 2009 when the account was referred to foreclosure. Pursuant to the Deed of Trust, the lender can accelerate the Loan by giving "notice to the Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sum secured by this Security Instrument and

---

[4] The legislature amended W. Va. § 46A-5-101(1) in 2015, amending the applicable statute of limitations. The amended statute states that it will apply only to actions filed after September 1, 2015, and therefore it is the former statute of limitations provision that applies here. See W. Va. Code § 46A-5-101(1) (West 2016).

11

ny-1227092

sale of the Property." See Deed of Trust, § 22. On July 3, 2009, GMACM provided such notice to the Ms. Curry, stating that the Loan was in default, the amount of the default, and that she could cure the default by paying the total amount due within thirty days. The Breach Letter also stated "Unless we receive full payment of all past-due amounts, we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure proceedings." See Breach Letter. When Ms. Curry did not cure the default, GMACM did just that, initiating foreclosure proceedings on August 6, 2009. See Servicing Notes at 120 of 163.

38. Any statute of limitations under the WVCCPA must be measured from August 6, 2009, the date the Loan was accelerated. Therefore, the one-year statute of limitations expired on August 6, 2010, months before the Complaint was filed. As a result, the Claimant's unconscionable contract claim is also barred by the statute of limitations.

39. Furthermore, to the extent the Claimant asserts that she is entitled to any equitable remedy under the WVCCPA such as the cancellation of the Loan, such relief is not available. West Virginia law does not permit the cancellation of a debt when that debt is secured by a security interest. See W. VA. CODE ANN. § 46A-5-105 (West 2016); See also Shelton v. Wells Fargo Bank, Civ. A. No. 3:09-cv-19, 2010 WL 10152301, at *3 (N.D. W. Va., Aug. 13, 2010) (holding that while W. Va. Code § 46A-2-121(1)(a) allows a court to refuse to enforce an agreement if the loan was induced by unconscioinable conduct, § 46A-5-105 does not permit such a remedy when the loan is secured by a security interest). As a result, the only remedy available to the Claimant is the damages and penalties under §46A-5-101(1), which, as discussed, are barred by the statute of limitations.

### 4. Breach of Contract

40. The Claimant also asserts a claim for breach of contract on the basis that GMACM failed to "exercise their discretion under the contract in good faith, thereby breaching the contract, by promising the Plaintiffs that they would evaluate Plaintiffs for a loan modification and, instead, scheduling a foreclosure sale of the Plaintiffs' home." See Amended Complaint ¶ 38.

41. In West Virginia, to assert a claim for breach of contract, a plaintiff must assert the following elements: (1) a contract exists between the parties; (2) the defendant failed to comply with the terms of the contract; and (3) damages arose from the breach. See Wince v. Easterbrook Cellular Corp., 681 F. Supp. 2d 688, 693 (N.D. W. Va. 2010).

42. The Claimant asserts that GMACM breached the Deed of Trust. See Amended Complaint ¶ 26. However, the Claimant has not identified a provision of the Deed of Trust that was breached. Rather, the Claimant asserts that GMACM breached its purported duty of good faith and fair dealing when it did not engage in loss mitigation efforts. Courts in West Virginia have rejected similar claims. In Smallwood v. Sovereign Bank, F.S.B., No. 3:11-cv-87 (JPB), 2012 WL 243744 (N.D. W. Va., Jan. 25, 2012), a borrower asserted a cause of action for breach of contract and breach of the implied covenant of good faith and fair dealing for the defendant's alleged failure to approve them for a loan modification when they had made an oral promise to do so. Smallwood, 2012 WL 243744, at *5. The court dismissed the breach of contract claim on the grounds that the plaintiff had not alleged any contract with the defendant that obligated it to provide them with a loan modification. See id. at *6. The court also held that the plaintiff had not stated a claim for the implied covenant of good faith and fair dealing because such a claim is not a

13

standalone claim under West Virginia law. See id at *8.  Courts in West Virginia, when analyzing similar situations, have come to the same conclusions.  See e.g. Clendenin v. Wells Fargo Bank, N.A., Civ. A. No. 2:09-cv-00557, at *4-5 2009 WL 4263506 (S.D. W. Va., Nov. 24, 2009) (plaintiff's breach of contract and breach of the duty of good faith claims were dismissed because the plaintiff failed to allege an enforceable contract to modify the loan); Corder v. Countrywide Home Loans, Inc., Civ. A. No. 2:10-0738, 2011 WL 289343, at *4 (S.D. W. Va. Jan. 26, 2011) (dismissing a breach of contract claim based on failure to modify a loan because the defendant was under no obligation to modify under the note or the deed of trust and "the implied covenant cannot give contracting parties rights which are inconsistent with those set out in the contract.") (citations and internal quotations omitted).

43.   There is nothing in the Deed of Trust that requires GMACM to modify the Loan, and therefore, like the plaintiffs in Smallwood, the Claimant has failed to allege that GMACM breached any contract and her breach of contract claims fails as a matter of law.

44.   Additionally, to the extent that the Claimant asserts that GMACM entered into some sort of oral contract to modify the Loan, such allegations are barred by the statute of frauds. West Virginia Code § 36-1-3 requires "an agreement for the sale or lease of land to be in writing." This requirement has been applied to oral contracts to modify a loan. See e.g.. Corder, 2011 WL 289343, *5 (citations omitted). Again, Smallwood is instructive.  There, the Court held that an alleged oral promise to modify a loan is barred by the statute of frauds because the plaintiffs failed to plead that they partially performed. "As a general proposition, this Court has allowed a debtor to proceed on a

breach of contract claim based upon an oral modification agreement only when the debtor alleges that he or she made a number of payments at the modified amount, as instructed." Smallwood, 2012 WL 243744, *6 (citing Wittenberg v. First Independent Mortg. Co., 2011 WL 1357483, *6 (N.D. W.Va. Apr. 11, 2011)).  Here, the Claimant does not allege that she partially performed under the alleged oral agreement, and therefore any claim for breach of an oral contract is barred by the statute of frauds.

### 5. Quiet Title

45. The Claimant also asserts a cause of action for quiet title, seeking a declaration from the Court that the Deed of Trust is void.  See Amended Complaint ¶ 44. However, such equitable relief is not available to the Claimant.

46. Bankruptcy Code section 502(b) provides that in connection with allowing or disallowing proofs of claim, the Court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."  11 U.S.C. § 502(b).  Bankruptcy Code section 502(b) makes no provision for granting of equitable relief.  Furthermore, GMACM no longer has any interest in the Deed of Trust and the entities that do are not a party to this proceeding.  Consequently, even if the Claimant had provided a basis for quiet title, such relief is inappropriately sought through the claims allowance process.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated: July 8, 2016
   New York, New York

/s/  Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 W. 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*