## Exhibit 2

## Lathrop Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|                                        |   |                          |
|----------------------------------------|---|--------------------------|
|                                        | ) |                          |
| In re:                                 | ) | Case No. 12-12020 (MG)   |
|                                        | ) |                          |
| RESIDENTIAL CAPITAL, LLC, et al.,      | ) | Chapter 11               |
|                                        | ) |                          |
|                    Debtors.            | ) | Jointly Administered     |
|                                        | ) |                          |

------------------------------------------------------------------

**DECLARATION OF SARA LATHROP IN SUPPORT OF THE RESCAP BORROWER
CLAIMS TRUST'S OBJECTION TO CLAIM NO. 4745 FILED BY MELINDA
HOPKINS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE
OF LYNDOL A. CURRY**

I, Sara Lathrop, hereby declare as follows:

1.      I serve as Senior Claims Analyst for the ResCap Borrower Claims Trust

(the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter*

*11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured*

*Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases.  During the

Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in

the loan servicing department of Residential Capital, LLC ("ResCap"), a limited liability

company organized under the laws of the state of Delaware and the parent of the other debtors in

the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I have been employed by

affiliates of ResCap since June 2006.  I began my association with ResCap in 2006 working as

an associate in the Default Division of the loan servicing operation of GMAC Mortgage, LLC

("GMACM").  In 2008, I became a Default Quality Control Specialist, a position that I held until

I became a Supervisor in the Default Division in 2009.  In 2011, I then became a Supervisor in

the Loss Mitigation Division of GMACM's loan servicing operation, and in February 2012, I

became a Manager in that division.  In this role, I oversaw GMACM associates in their efforts to

1

provide borrowers with loss mitigation options and assisted in the development of GMACM's loss mitigation policies. In January of 2013, I became the Regulatory Compliance Manager for ResCap. I became Senior Claims Analyst for ResCap in July 2013 and continued this role with the ResCap Liquidating Trust (the "Liquidating Trust") in December 2013. In my current position as Senior Claims Analyst to the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection To Claim No. 4745 filed by Melinda Hopkins, Individually and as Executrix of the Estate of Lyndol A. Curry* (the "Objection").[2]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my current and former capacities as Senior Claims Analyst and Loss Mitigation Manager to the Borrower Trust, the Liquidating Trust, and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records kept in the course of their regularly conducted business activities (the "Books and

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

ny-1238172

Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimants.  Since the Plan went effective and the Borrower Trust was established, I, along with members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.     The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  A Request Letter was sent to the Claimant  and a response was received on July 29, 2013, attached hereto as Exhibit A.

5.     On July 20, 2007, GMACM originated a loan (the "Loan") in the amount of $186,000.00 to the Lyndol A. Curry ("Curry"), evidenced by a note (the "Note") and secured by a deed of trust (the "Deed of Trust") on property located at 20 Fairfax Dr., Huntington, WV 25705 (the "Property"). Copies of the Note and the Deed of Trust are attached hereto as Exhibit B and Exhibit C, respectively.  The Loan was transferred to Federal National Mortgage Association ("Fannie Mae").

3

6.      During origination, Curry filled out a loan application (the "Loan
Application"), which listed her monthly income as $4,090, comprising of $1,450 in social
security income and $2,640 in pension income.  See Loan Application, attached hereto as Exhibit
D.  The Loan Application also stated that her proposed monthly mortgage payment would be
approximately $1,190.98 in principal and interest, $265.01 in a second mortgage, $49.19 for
hazard insurance, $143.85 for real estate taxes, and $82.60 for mortgage insurance, for a total
monthly payment of $1,731.63.  See id.  Additionally, Curry was provided with a Truth-in-
Lending Disclosure ("TIL Disclosure"), which indicated that her monthly principal and interest
payment would be $1,273.58. See TIL Disclosure, attached hereto as Exhibit E.  Pursuant to the
Debtors' standard business practice, the TIL Disclosure included only the principal, interest, and
mortgage insurance payment for the Loan, and did not include the monthly escrow payment.  See
id.

7.      At the time of origination, Curry was the only person listed on the
property deed.  See Chain of Title, attached hereto as Exhibit F.  Additionally, Curry was the
only person to fill out the Loan Application or have her credit report reviewed by GMACM in
relation to the Loan.  For an unknown reason, the Deed of Trust listed Curry and the Claimant as
Borrowers.  This was an error, as Curry was the only borrower on the Note and the only person
that signed the Deed of Trust.  See Note and Deed of Trust.  In February 2010, GMACM re-
recorded the Deed of Trust to correctly include only Curry as a borrower. See Rerecorded Deed
of Trust, attached hereto as Exhibit G.

8.      GMACM serviced the Loan from its origination until servicing transferred
to Green Tree Servicing, LLC ("Green Tree") on February 1, 2013.

4

9.      On August 27, 2007, Curry deeded the Property to herself and Melinda and Harry Hopkins.  See Chain of Title.

10.      Curry became delinquent on the Loan when she failed to make the May 1, 2009 payment.  See Servicing Notes, attached hereto as Exhibit H.  On July 3, 2009, GMACM sent Curry a letter (the "Breach Letter") informing Curry that the Loan was in default, that her account was owing for the May 1, 2009 payment, providing the amount necessary to cure the default, and informing Curry that she had thirty (30) days to cure the default.[3]  See Breach Letter, attached hereto as Exhibit I.  The Breach Letter also notified Curry that "Unless we receive full payment of all past-due amounts, we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure proceedings."  See id.

11.      Curry did not cure the default within 30 days of the Breach Letter.  See id. As a result, GMACM accelerated the Loan, and GMACM referred the account to foreclosure proceedings on August 6, 2009.  See Servicing Notes at 120 of 163.  The foreclosure proceeding was placed on hold on August 31, 2010 due to litigation with the Claimant.  See Servicing Notes at 34 of 163.

12.      At the time GMACM transferred servicing of the Loan to Green Tree, the account was owing for the May 1, 2009 payment.  See Servicing Notes at 1 of 163.  At the time of transfer, no foreclosure had been completed on the Property.  See id.

13.      Upon information and belief, the Claimant continues to live in the Property.

---

[3] Curry was in default under the terms of the Note on other occasions prior to this date and GMACM had also previously referred the Loan to foreclosure.  However, according to the Debtors' books and records, the Breach Letter was the last of such letters that was sent to Curry and therefore, the relevant date for purposes of this Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  July 8, 2016

                                        /s/ Sara Lathrop
                                        Sara Lathrop
                                        Senior Claims Analyst for ResCap
                                        Liquidating Trust

ny-1238172