**Exhibit A**

# ResCap

**MORRISON | FOERSTER**

Sent/Received

JUL 29 2013

## Claim Information

| Claim Number | 4745 | To |
| --- | --- | --- |
| | | By US |

**Basis of Claim**

Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim.

Same as lawsuit, please see attached Complaint.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Loan Number:** ▓▓▓▓9408

**Address of property related to the above loan number:**
20 Fairfax Drive

| City: Huntington | State: WV | ZIP Code: 25705 |
| --- | --- | --- |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220    Bloomington, MN 55438

Claim Number: 4745
Melinda Hopkins individually and as executrix of the estate of Lyndola Curry and Harry Hopkins vs GMAC MortgageLLC Title et al
Type: POC

001KC0002_59050-3_domestic_272/000224/000895



- 1031 Quarrier Street, Suite 200
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145

321 W. Main Street, Suite 401
Clarksburg, WV 26301
Telephone: (304) 326-0188
Facsimile: (304) 326-0189

Miranda Johnson, Paralegal
miranda@msjlaw.org

July 22, 2013

Residential Capital, LLC
PO Box 385220
Bloomington MN 55438-5220

     **RE:   Claim No. 4745**

To Whom It May Concern:

    Please find the enclosed additional claim information form that is being provided for Melinda and Harry Hopkins along with a copy of their Amended Complaint. Their Deed of Trust was previously provided.

    Thank you for your attention to this matter. Please do not hesitate to contact me with any questions.

Sincerely,

Miranda Johnson
Paralegal

/mj
Enclosures as stated



## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

MELINDA HOPKINS, individually and
executrix of the estate of Lyndol A.
Curry, and HARRY HOPKINS,

    Plaintiffs,

v.         Civil Action No. 11-C-192

GMAC MORTGAGE, LLC,
TITLE FIRST AGENCY W. VA., a Limited
Liability Company,         Filed APR 20 2011

    ADELL CHANDLER, CIRCUIT CLERK

    Defendants.         By_____Deputy

### AMENDED COMPLAINT

1. This case arises out of the practice known as predatory lending. The Defendant, GMAC Mortgage, LLC, misrepresented Lyndol Curry's income in the origination of a home loan. After Ms. Curry's death, the Defendant unilaterally filed a Deed of Trust, which struck Melinda Hopkins from the instrument, despite the fact that she was a then current owner of the property. The Defendant has since sought to foreclose on the property and refused to act on Plaintiffs' application for loss mitigation. The Plaintiffs bring this action to save their home and other appropriate relief.

### PARTIES

2. (a) Melinda Hopkins is a married women living at 20 Fairfax Drive, Huntington, Cabell County, West Virginia. She is the executrix of the estate of her deceased mother, Lyndol Curry. She brings this action individually and on behalf of her mother's estate. She is also co-owner of the property securing the loan that is at issue in this case.

(b) Harry Hopkins is the husband of Melinda Hopkins. He is also co-owner of the property securing the loan at issue in this case.

3. The Defendant, GMAC Mortgage, LLC ("GMAC"), is a corporation doing business in West Virginia with its principal place of business at 1100 Virginia Drive, Fort Washington, Pennsylvania 19034. The Defendant is the originator and on information and belief the current holder of the mortgage loan at issue in this case.

4. The Defendant Title First Agency, W.Va., a Limited Liability Company ("Title First"), is a West Virginia corporation with its principal place of business at 515 Market Street, Third Floor, Parkersburg, West Virginia 26101. It was the closing agent for the subject loan.

## STATEMENT OF FACTS

5. In or around the Summer of 2007, the Plaintiffs and Lyndol Curry agreed to purchase a home at 20 Fairfax Drive, Huntington, West Virginia.

6. The Plaintiffs and Ms. Curry were referred to the Defendant, GMAC for financing.

7. GMAC's loan officer prepared the purchase and loan in the name of Lyndol Curry only, despite the fact that the home was to be purchased and lived in by Ms. Curry and the Plaintiffs.

8. GMAC's loan officer wildly inflated Ms. Curry's income in connection with the origination of the loan. Ms. Curry and the Plaintiffs were unaware that Ms. Curry's income had been inflated.

9. The loan closing was conducted by the Defendant, Title First, on July 20, 2007.

10. The Deed of Trust was prepared with Ms. Curry and Melinda Hopkins as borrowers.

11. The loan closing was rushed and there was insufficient explanation of the documents.

12. Thereafter the Plaintiffs and Ms. Curry lived in the home and made payments on the loan.

13. Shortly after the closing, the Plaintiffs realized that they were not included on the

deed to the home as intended.

14. Title First then prepared a deed in which Ms. Curry deeded the home to herself and the Plaintiffs as joint owners.

15. On November 4, 2009, Lyndol Curry died.

16. After Ms. Curry's death, the Plaintiffs contacted GMAC to make arrangements to bring the loan current.

17. GMAC thereafter rejected Plaintiffs payment, made in November, 2009.

18. GMAC directed Plaintiffs to submit documentation to process a loan modification, which Plaintiffs did.

19. Thereafter, Plaintiffs followed up with GMAC on several occasions, but GMAC refused to inform Plaintiffs of a decision on their application for assistance.

20. On or around February, 2010, Title First filed a new Deed of Trust in which it struck through the name of Melinda Hopkins.

21. To date, GMAC has not acted on Plaintiffs' request for a loan modification and instead has pursued foreclosure.

## COUNT I – FRAUD

22. The plaintiffs incorporate the preceding paragraphs by reference.

23. The Defendant, GMAC, intentionally suppressed the terms and process of origination of the loan from the Plaintiffs and misrepresented Lyndol Curry's income in the loan application, among other places.

24. Plaintiffs were not aware of Defendant's misrepresentations until Spring 2010.

25. The Defendant's misrepresentation and suppression of the terms and the origination

-3-

process was material.

26. The Plaintiffs reasonably relied on the Defendant's misrepresentations.

27. The Plaintiffs were damaged by the Defendant's acts of fraud.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate equitable relief;

(b) Actual and punitive damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

### COUNT II – UNCONSCIONABLE CONTRACT

28. The plaintiffs incorporate the preceding paragraphs by reference.

29. The Defendant, GMAC, engaged in a pattern of predatory lending practices to make illegal loans in order to transfer the home equity from homeowners to the Defendant.

30. The Plaintiffs are unsophisticated consumers and did not understand the details of the transaction.

31. (a) The loan that is the subject of this action was closed in a hurried manner, without adequate explanation to the Plaintiffs of what they were signing.

(b) The Defendant misrepresented Lyndol Curry's income in originating the loan.

32. The loan contains several substantively unfair terms, including but not limited to the fact that the monthly payment is higher than what was represented.

33. The loan issued was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a) A declaration that loan was induced by unconscionable conduct and/or contained unconscionable terms;

(b) Actual damages equivalent to the amount paid plus amount claimed due under the loan;

(c) Actual damages for incidental and consequential damages;

(d) Appropriate civil penalties pursuant to *W. Va. Code* §46A-5-101(1) & 106;

(e) Appropriate equitable relief;

(f) Reasonable attorney fees and the cost of this litigation; and

(g) Such other relief as the Court may deem equitable and just.

## COUNT III - BREACH OF CONTRACT

34. Plaintiffs incorporate the preceding paragraphs by reference.

35. The law of contracts implies a duty of good faith and fair dealing into a party's exercise of its discretion under a contract.

36. Plaintiffs' contract with Defendant GMAC (the deed of trust) provides Defendants with the discretion to enter into loss mitigation, such as a loan modification, with Plaintiffs prior to pursuing foreclosure. (See Deed of Trust ¶¶ 12, 13, 22.)

37. In April 2009 and thereafter, it has been industry practice to engage in loss mitigation prior to pursuing foreclosure.

38. Defendant did not exercise their discretion under the contract in good faith, thereby breaching the contract, by promising Plaintiffs that they would evaluation Plaintiffs for a loan modification and, instead, scheduling a foreclosure sale of Plaintiffs' home.

39. Defendant GMAC has a pattern of breaching borrower contracts in this manner.

-5-

40. Plaintiffs were damaged by Defendant's breach of the contract.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a) A declaration that the Defendant breached the contract as alleged;

(b) Actual damages; and

(c) Such other relief as the Court deems equitable and just.

### COUNT IV – ACTION TO QUIET TITLE

41. Plaintiffs incorporate the preceding paragraphs by reference.

42. The Defendants filed a Deed of Trust unilaterally in February, 2010, in which Defendants struck through Melinda Hopkins as borrower.

43. The Deed of Trust filed in February 2010 was filed unilaterally, after it was signed by Lyndol Curry in 2007.

44. The Deed of Trust in file is not an enforceable legal instrument.

**WHEREFORE**, the Plaintiffs respectfully request that the Court declare that the Deed of Trust, filed with the County Clerk of Cabell County, West Virginia, Book 2317, Page 459 is void.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

MELINDA HOPKINS and
HARRY HOPKINS,
By counsel.

_/s/ Bren J. Pomponio_
Bren J. Pomponio (WV Bar ID No. 7774)
Daniel F. Hedges (WV Bar ID No. 1660)
Mountain State Justice, Inc.
1031 Quarrier St., Suite 200
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
*COUNSEL FOR PLAINTIFFS*

-6-



$1.72 US POSTAGE FIRST-CLASS MAIL
062S0007632484
FROM 25301
stamps.com
07/22/2013

**USPS FIRST CLASS MAIL®**

 MOUNTAIN STATE JUSTICE, INC.
1031 QUARRIER ST., STE 200
CHARLESTON WV 25301

SHIP TO: Residential Capital, LLC
PO Box 385220
Bloomington MN 55438-5220