# Exhibit 6

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

MELINDA HOPKINS, individually and
executrix of the estate of Lyndol A.
Curry, and HARRY HOPKINS,

     Plaintiffs,

v.                             Civil Action No. 11-C-192

GREEN TREE SERVICING, LLC, n.k.a. DITECH
FINANCING, LLC., and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

     Defendants.

## SECOND AMENDED COMPLAINT

1.     This case arises out of the practice known as predatory lending. Defendants' agent,

GMAC Mortgage, LLC, misrepresented Lyndol Curry's income in the origination of a home loan.

After Ms. Curry's death, GMAC unilaterally filed a Deed of Trust, which struck Melinda Hopkins

from the instrument, despite the fact that she was then a current owner of the property. The Plaintiffs

bring this action to save their home and other appropriate relief.

## PARTIES

2.     (a)     Melinda Hopkins is a married women living at 20 Fairfax Drive, Huntington,

Cabell County, West Virginia. She is the executrix of the estate of her deceased mother, Lyndol

Curry. She brings this action individually and on behalf of her mother's estate. She is also co-owner

of the property securing the loan that is at issue in this case.

(b)     Harry Hopkins is the husband of Melinda Hopkins. He is also co-owner of the

property securing the loan at issue in this case.

3.     Current Servicer: Defendant Green Tree Servicing LLC ("Green Tree"), now known

-1-

as Ditech Financing LLC, is the current servicer of Plaintiffs' account and the servicing agent of the holder. Its principal place of business is located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania, 19034. Its presence is necessary to protect its interest and accord complete relief.

4.    Current Holder:    Federal National Mortgage Association ("Fannie Mae") is a corporation doing business in West Virginia with its principal place of business at 3900 Wisconsin Avenue, NW, Washington, DC 20016. Fannie Mae is the current holder of the obligation that is the subject of this dispute. Fannie Mae is subject to all claims and defenses Plaintiffs may have arising out of the origination of the loan and out of the acts or omissions of its agents.

## STATEMENT OF FACTS

5.    In or around the Summer of 2007, the Plaintiffs and Lyndol Curry agreed to purchase a home at 20 Fairfax Drive, Huntington, West Virginia.

6.    The Plaintiffs and Ms. Curry were referred to GMAC for financing.

7.    GMAC's loan officer prepared the purchase and loan in the name of Lyndol Curry only, despite the fact that the home was to be purchased and lived in by Ms. Curry and the Plaintiffs.

8.    GMAC's loan officer wildly inflated Ms. Curry's income in connection with the origination of the loan. Ms. Curry and the Plaintiffs were unaware that Ms. Curry's income had been inflated.

9.    GMAC's loan officer also represented that the monthly payments on the loan would be approximately $1100-1200 total, including escrow.

10.    The loan closing was conducted by Title First Agency on July 20, 2007.

11.    The Deed of Trust was prepared with Ms. Curry and Melinda Hopkins as borrowers.

12.    The loan closing was rushed and there was insufficient explanation of the documents.

-2-

13.    At some point after the closing, the loan was assigned to Defendant Fannie Mae, who continues to hold the obligation.

14.    The loan was originated on behalf of the Defendant, Fannie Mae, who on information and belief took ownership of the loan shortly after closing.

15.    Thereafter the Plaintiffs and Ms. Curry lived in the home and made payments on the loan.

16.    Shortly after the closing, the Plaintiffs realized that they were not included on the deed to the home as intended.

17.    Title First then prepared a deed in which Ms. Curry deeded the home to herself and the Plaintiffs as joint owners.

18.    Plaintiffs also realized shortly after closing that the monthly payments were much higher than represented.

19.    On November 4, 2009, Lyndol Curry died.

20.    After Ms. Curry's death, the Plaintiffs contacted GMAC to make arrangements to bring the loan current.

21.    GMAC thereafter rejected Plaintiffs payment, made in November, 2009.

22.    GMAC directed Plaintiffs to submit documentation to process a loan modification, which Plaintiffs did.

23.    Thereafter, Plaintiffs followed up with GMAC on several occasions, but GMAC refused to inform Plaintiffs of a decision on their application for assistance.

24.    On or around February 2010, Fannie Mae's agent filed a new Deed of Trust in which it struck through the name of Melinda Hopkins.

-3-

25.    After this case was filed, GMAC assigned the servicing rights to the loan to Defendant Green Tree.

## COUNT I – FRAUD

26.    The plaintiffs incorporate the preceding paragraphs by reference.

27.    The Defendant's agent, GMAC, intentionally suppressed the terms and process of origination of the loan from the Plaintiffs and misrepresented Lyndol Curry's income in the loan application, among other places.

28.    Plaintiffs were not aware of Defendant's agent's misrepresentations until Spring 2010.

29.    The Defendant's agent's misrepresentation and suppression of the terms and the origination process was material.

30.    The Plaintiffs reasonably relied on the Defendant's agent's misrepresentations.

31.    The Plaintiffs were damaged by the Defendant's acts of fraud.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)    Appropriate equitable relief;

(b)    Actual and punitive damages;

(c)    Reasonable attorney's fees and the cost of this litigation; and

(d)    Such other relief the Court deems equitable and just.

## COUNT II – UNCONSCIONABLE CONTRACT

32.    The Plaintiffs incorporate the preceding paragraphs by reference.

33.    Plaintiffs and Defendant occupy dramatically unequal bargaining positions, including that:

-4-

    (a)    Plaintiffs are unsophisticated consumers.

    (b)    Defendants are large national lenders engaged in the business of making home secured loans.

34.    The contract was formed without a true meeting of the minds, caused by circumstances including:

    (a)    Plaintiffs have limited education and ability to understand financial transactions;

    (b)    The contract at issue was adhesive and drafted by Defendant;

    (c)    The contract at issue was induced by misrepresentations/suppressions, including the Defendant's agent misrepresented Lyndol Curry's income in originating the loan and the amount of the monthly payment; and

35.    The loan closing, conducted by Defendant's agent, were extremely quick, and did not involve an explanation of the documents or terms of the loan or provide Plaintiffs with a reasonable opportunity to understand the transaction, such that Plaintiffs were unaware of the loan terms.

36.    Under the specific circumstances alleged, the contract contains substantively unconscionable and commercially unreasonable terms, including that the loan payments were higher than represented and a difficulty for Plaintiffs.

37.    The loan was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a)    A declaration that Plaintiffs' loan was induced by unconscionable conduct and/or contained unconscionable terms, and that it is thus unenforceable, pursuant to W. Va. Code

§ 46A-2-121(1);

    (b)    Actual damages equivalent to the amount paid plus amount claimed due under the loan, and incidental and consequential damages;

    (c)    Appropriate civil penalties and reasonable attorney fees and the cost of this litigation pursuant to W. Va. Code § 46A-5-101(1) & 106;

    (d)    Appropriate equitable relief; and

    (e)    Such other relief as the Court may deem equitable and just.

## COUNT III – ACTION TO QUIET TITLE

38.    Plaintiffs incorporate the preceding paragraphs by reference.

39.    The Defendants filed a Deed of Trust unilaterally in February, 2010, in which Defendants struck through Melinda Hopkins as borrower.

40.    The Deed of Trust filed in February 2010 was filed unilaterally, after it was signed by Lyndol Curry in 2007.

41.    The Deed of Trust in file is not an enforceable legal instrument.

**WHEREFORE,** the Plaintiffs respectfully request that the Court declare that the Deed of Trust, filed with the County Clerk of Cabell County, West Virginia, Book 2317, Page 459 is void.

## COUNT IV – JOINT VENTURE, AGENCY

42.    Plaintiffs incorporate the preceding paragraphs by reference.

43.    GMAC and Fannie Mae had an agreement, either written, oral, constructive, or otherwise for a single business enterprise, that is the closing of the loan at issue in this case.

44.    GMAC and Fannie Mae shared in the profits and/or losses of the single business enterprise.

45.     GMAC and Fannie Mae combined their money, skill, and/or knowledge to carry out this single business enterprise.

46.     Each of the acts of GMAC and Fannie Mae were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others.

47.     The Defendant holder exercised a degree of control over GMAC in carrying out the single business enterprise.

48.     At all times relevant hereto, the acts of Defendant's closing agent were done as agent for Fannie Mae, and the acts of GMAC were done on behalf of Fannie Mae. Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

**WHEREFORE,** the Plaintiff respectfully requests that the Court declare Fannie Mae jointly and severally liable for the acts and omissions of GMAC.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

MELINDA HOPKINS and
HARRY HOPKINS,
By counsel.


Bren J. Pomponio (WV Bar ID No. 7774)
Mountain State Justice, Inc.
1031 Quarrier St., Suite 200
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
*Counsel for Plaintiffs*

-7-