Hearing Date and Time: September 14, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: August 11, 2016 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S**
**NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM, (III) RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM, AND (IV) REDESIGNATE AND ALLOW BORROWER CLAIM)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR MODIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A, EXHIBIT B, EXHIBT C, OR EXHIBIT D ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

ny-1235942

# TABLE OF CONTENTS (TO BE UPDATED)

Page

RELIEF REQUESTED ................................................................................................................. 1

JURISDICTION ............................................................................................................................ 3

BACKGROUND ........................................................................................................................... 4

    General Case Background ................................................................................................. 4

    Claims-related Background .............................................................................................. 5

THE NO LIABILITY BORROWER CLAIMS SHOULD BE DISALLOWED AND
    EXPUNGED ..................................................................................................................... 6

THE REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM
    SHOULD BE MODIFIED ............................................................................................. 11

NOTICE ....................................................................................................................................... 14

NO PRIOR REQUEST ................................................................................................................ 14

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re Adelphia Commc'ns Corp.,
   Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........7

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v.
   Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
   2010) ...........................................................................................................................................7

In re Rockefeller Ctr. Props.,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
   Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
   Appx. 40 (2d Cir. 2002) .............................................................................................................7

**STATUTES**

28 U.S.C.
   § 157..........................................................................................................................................3
   § 157(b).....................................................................................................................................3
   § 1334........................................................................................................................................3
   § 1408........................................................................................................................................3
   § 1409........................................................................................................................................3

Bankruptcy Code
   Section 501(a) ...........................................................................................................................7
   Section 502(a) ...........................................................................................................................7
   Section 502(b) ...........................................................................................................................1
   Section 502(b)(1) ......................................................................................................................7
   Section 507..............................................................................................................................11

Bankruptcy Rule
   1015(b).......................................................................................................................................4
   3007(d).......................................................................................................................................5
   3007(d)(8) ................................................................................................................................11

Federal Rules of Bankruptcy Procedure
   Rule 3001(f)..............................................................................................................................7
   Rule 3007(d) .............................................................................................................................1
   3007(d)(8) ................................................................................................................................11

ny-1235942

-iii-

**OTHER AUTHORITIES**

4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer
    eds., 16th ed. rev. 2013) ....................................................................................................... 7

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claim (defined below) matters, by and through its undersigned counsel, respectfully represents:

## RELIEF REQUESTED

1. The Borrower Trust files this ninety-fourth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], and seeks entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, to (i) disallow and expunge the claims listed on Exhibit A annexed to the Proposed Order, (ii) modify (by reducing, redesignating, and/or reclassifying) and allowing the claims listed on Exhibit B, Exhibit C, and Exhibit D to the Proposed Order, with the allowed claims to receive the treatment provided for under the Plan (defined below).[1] In support of this Objection, the Borrower Trust submits the Declaration of Sara Lathrop, Senior Claims Analyst for the ResCap Borrower Claims Trust (the "Lathrop Declaration," attached hereto as Exhibit 2), and the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration," attached hereto as Exhibit 3).

---

[1] Claims listed on Exhibit A Exhibit B, Exhibit C, and Exhibit D are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

-1-

ny-1235942

2. The Borrower Trust examined the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order and determined that the proofs of claim listed on <u>Exhibit A</u> (collectively, the "<u>No Liability Borrower Claims</u>") are not liabilities of the Debtors. This determination was made after the holders of the No Liability Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Borrower Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the Claims Register.

3. The Borrower Trust also examined the proof of claim identified on <u>Exhibit B</u> to the Proposed Order and determined that the proof of claim listed thereon (the "<u>Redesignate, Reclassify, Reduce and Allow Borrower Claim</u>") improperly asserts a secured claim, was filed against the incorrect Debtor, Residential Capital, LLC ("<u>ResCap</u>"), in an amount greater than that for which the Debtors' estates is liable. The Borrower Trust seeks to (a) modify the Redesignate, Reclassify, Reduce and Allow Borrower Claim by (x) reclassifying it as a general unsecured claim on the Claims Register, (y) redesignating it as a claim against Debtor GMACM Mortgage, LLC ("<u>GMACM</u>"), and (z) reducing it to the corresponding amount and classification listed under "*Modified Claim Amount/Classification*" on <u>Exhibit B</u>, and allow such Redesignate, Reclassify, Reduce and Allow Claim only to the extent of such modified amount.

4. The Borrower Trust examined the proof of claim identified on <u>Exhibit C</u> to the Proposed Order and determined that the proof of claim listed thereon (the "<u>Reclassify, Reduce and Allow Borrower Claim</u>") improperly asserts a secured claim and was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Borrower Trust seeks to (a) modify the Reclassify, Reduce and Allow Claim by (x) reclassifying it as a general unsecured claim on the Claims Register and (y) reducing it to the corresponding

amount set forth under the heading "*Modified Claim Amount*" on <u>Exhibit C</u>, and (b) allow such Reclassify, Reduce and Allow Claim only to the extent of such modified amount.

5. The Borrower Trust also examined the proof of claim identified on <u>Exhibit D</u> to the Proposed Order and determined that the proof of claim listed thereon (the "<u>Redesignate and Allow Borrower Claim</u>") was filed against the incorrect Debtor, ResCap. The Borrower Trust seeks to (a) modify the Redesignate and Allow Borrower Claim to reflect a liability asserted against the correct Debtor, GMAC Mortgage, LLC ("<u>GMACM</u>") and (b) allow the Redesignate and Allow Borrower Claim in the asserted amount against GMACM.

6. The proofs of claim identified on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> annexed to the Proposed Order, as well as the Redesignate and Allow Borrower Claim, solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

7. The Borrower Trust expressly reserves all rights to object on any other basis to any No Liability Borrower Claim, Redesignate, Reclassify, Reduce and Allow Borrower Claim, Reclassify, Reduce and Allow Borrower Claims, Redesignate and Allow Borrower Claims as to which the Court does not grant the relief requested herein.

## JURISDICTION

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2] The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

-3-
ny-1235942

**BACKGROUND**

*General Case Background*

9.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

11. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

12. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court. See Plan, at Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id.

*Claims-related Background*

13.    On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

14.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 2, 3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

15.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. See Procedures Order at 2-3.

16.    The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors or any successor in interest to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures"). The Borrower Claim Procedures provide, *inter alia*, that prior to objecting to Borrower Claims filed with no or

-5-
ny-1235942

insufficient documentation, the Debtors must send each such Borrower claimant a letter requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

17. Beginning in May of 2013, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to all of the Borrowers who filed the No Liability Borrower Claims. The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes they are owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim. See Request Letters at 1. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, then the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. Id.

18. The Response Deadline has passed, and the Debtors and the Borrower Trust either did not receive any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Borrower Claims. See Lathrop Declaration at ¶ 4.

**THE NO LIABILITY BORROWER CLAIMS
SHOULD BE DISALLOWED AND EXPUNGED**

19. Based upon its review of the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order, the Borrower Trust determined that they do not represent valid prepetition claims against the Debtors and should be expunged. If the No Liability Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may receive a wholly improper recovery to the detriment of other Borrowers who hold valid claims. See Lathrop Declaration ¶ 8.

20. Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

21. If an objection refuting at least one of the claim's essential allegations is asserted, however, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

22. The Debtors and the Borrower Trust diligently analyzed the No Liability Borrower Claims and the allegations set forth therein and examined the Debtors' books and records in order to assess the alleged liabilities asserted. See Lathrop Declaration at ¶¶ 4-6. In addition, the Debtors sent Request Letters to those claimants who filed No Liability Borrower Claims with insufficient supporting documentation to allow such claimants to provide additional support for their claims. The holders of the No Liability Borrower Claims that received Request Letters either failed to respond to the letters or failed to provide sufficient information to substantiate their claims. See id. at ¶ 4.

-7-

ny-1235942

23. The Borrower Trust's specific factual and/or legal reason(s) for objecting to the allowance of each No Liability Borrower Claim is set forth on <u>Exhibit A</u> to the Proposed Order under the heading titled "*No Liability Summaries*." In general, the Borrower Trust's objection to each No Liability Borrower Claim falls under one or more of the following four categories:

(i) <u>*General No Liability*</u>. This category includes a claim:

- fails to sufficiently allege the necessary elements for the stated cause of action; and/or
- that otherwise do not constitute a valid obligation of the Debtors (collectively, the "<u>General No Liability Claim</u>").

To assess the validity of this claim, the Borrower Trust reviewed the Debtors' books and records, including (a) the claimant's transaction history showing the payments the claimant has made and the Debtors' application of those payments to principal, interest, fees, and escrows, as applicable (the "<u>Loan Payment History</u>"), (b) the Debtors' records tracking the history of the servicing of the claimant's loan, including but not limited to documenting instances of i) communication with the claimant, ii) letters and notices sent by the Debtors to the claimant, and iii) the Debtors' efforts to foreclose, conduct loss mitigation efforts, inspect properties, pay taxes and insurance on behalf of the claimant, and other standard servicing activity (collectively, the "<u>Internal Servicing Notes</u>"), and (c) other records as applicable. <u>See</u> Lathrop Declaration at ¶ 7(i). Based on its review, the Borrower Trust has determined that the Debtors are not liable for the General No Liability Claim. <u>See</u> <u>id</u>.

(ii) <u>*General Servicing Issues*</u>. This category includes a claim based on general servicing issues, including assertions that a Debtor misapplied mortgage payments made pursuant to a settlement agreement with the holder of the claim (the "<u>General Servicing Issues Claims</u>"). To assess the validity of this claim, the Borrower Trust reviewed Internal Servicing Notes, Loan Payment History, letters between the Debtors and the applicable Borrower(s), executed mortgage notes and deeds of trust, and other relevant documents. <u>See</u> Lathrop Declaration at ¶ 7(ii).

Based on its review, the Borrower Trust has determined that the General Servicing Issues Claim is not a valid obligation of the Debtors because (a) the Debtor acted properly in servicing the loan, in accordance with the Debtors standard policies and procedures and the terms of the executed note and deed of trust; and (b) the allegations relate to actions taken by a non-Debtor entity. <u>See</u> <u>id</u>.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and the claimant whose claim is identified as a General Servicing Issues Claim on <u>Exhibit</u>

A to the Proposed Order, upon their respective request, with copies of one or more[3] of the following types of documents, each of which were prepared or kept by the Debtors' in the course of their regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Copies of lien releases; or
- Other documents that are relevant to the reconciliation of the claim.[4]

(iii) ***Origination Issues***. This category includes a claim based on loan origination issues, which relates to disputes regarding the loan application and closing process, disclosures, or loan terms. To assess the validity of this claim (the "Origination Issues Claim"), the Borrower Trust reviewed the Debtors' books and records, including the claimant's executed mortgage notes, to determine whether any Debtor was involved in the origination of the applicable loans, and if so, if the claim would be barred by the applicable statute of limitations. See Lathrop Declaration at ¶ 7(iii).

Based on its review of the Debtors' books and records and its review of applicable state and federal law, the Borrower Trust determined that the Debtors are not liable for the Origination Issues Claim because no Debtor entity was involved in the origination of the applicable loan and vicarious liability cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan.[5] See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and the claimant whose claim is identified as an Origination Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;

---

[3] For the purpose of clarification, the Borrower Trust is not suggesting that the listed documents in the respective objection categories are relevant to every Claim; rather, the Borrower Trust will provide the claimant and the Court with copies of only those relevant documents presently in its possession that substantiate the stated reason(s) for disallowance.

[4] The production of documents by the Borrower Trust (to claimants under any of the stated objection categories) will be subject to all applicable privileges, including without limitation, attorney-client, and where necessary, will be subject to a mutually acceptable Confidentiality Agreement.

[5] To the extent the claimant asserts statutory claims related to origination of the loan, the Borrower Trust reviewed the applicable federal and state statutes and determined that such claims against servicers or loan assignees carry no successor liability. To the extent claimant asserts common-law claims, the Borrower Trust found no case precedent establishing assignee liability when a party is not involved with the origination of the loan, and the claimant did not provide any specific legal authority to substantiate its allegation.

-9-

- Origination File; or
- Other documents that are relevant to the reconciliation of the claim.

(iv) *Escrow Issues*. This category includes claims based on the alleged improper application or calculation of escrow amounts (the "Escrow Issues Claims"). To assess the validity of these claims, the Borrower Trust examined the Debtors' books and records, including the Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers and any Internal Servicing Notes and written communication between the Debtors and the applicable Borrower(s).

Based on its review, the Borrower Trust determined that the Debtors are not liable for the Escrow Issues Claims. See Lathrop Declaration at ¶ 7(iv). In cases where a claimant asserted that they were owed a refund, the Borrower Trust determined that the payments to the Debtors received were all correctly applied. In cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Borrower Trust reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year compared to what was estimated, as well as Internal Servicing Notes to the extent that there was an escrow account added to the loan, and determined that they have no liability as long as all amounts received from the Borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property. In cases where a claimant asserted that it was owed a refund, the Borrower Trust looked at (1) the escrow statement issued to the claimant to determine if there was a refund due, (2) the history of the loan to determine if a check was issued for the refund and (3) the internal account notes to determine if there were discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid. Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Borrower Trust concluded that the Debtors had no liability for the claim. See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and the claimant whose claim is identified as an Escrow Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Escrow Statement;
- Loan Modification Agreement, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

24. To prevent the claimants that filed the No Liability Borrower Claims from receiving improper recoveries to the detriment of other Borrowers holding valid claims, the

-10-
ny-1235942

Borrower Trust requests that the Court disallow and expunge in their entirety each of the No Liability Borrower Claims.

## THE REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM SHOULD BE MODIFIED

25.     Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims and seek their disallowance where such claims "assert priority in an amount that exceeds the maximum amount under § 507 of the Code." Fed. R. Bankr. P. 3007(d)(8).

26.     Based upon their review of the proof of claim filed on the Claims Register, the Borrower Trust determined that the Redesignate, Reclassify, Reduce and Allow Borrower Claim identified on Exhibit B attached to the Proposed Order improperly asserts a secured claim, where such proof of claim does not contain any valid basis for treatment as a secured claim. (See Lathrop Declaration ¶¶ 11, 12, 13).

27.     The Borrower Trust also determined, based on its review of the claimant's supporting documentation and the Debtors' books and records, that the Redesignate, Reclassify, Reduce and Allow Claim identified on Exhibit B attached to the Proposed Order was filed against the incorrect Debtor. In his proof of claim, the holder of the Redesignate, Reclassify, Reduce and Allow Claim has asserted a claim amount related to his mortgage loan against ResCap. The Borrower Trust determined that ResCap was neither the originator nor servicer of the mortgage loan that formed the basis for the Redesignate, Reclassify and Allow Borrower Claim (nor could it have been). Rather, GMACM was the servicer of the underlying mortgage loan and therefore is potentially liable for such claim. See Lathrop Declaration ¶ 13.

28.     The holder of the Redesignate, Reclassify, Reduce and Allow Borrower Claim should not be allowed to recover on a claim from the incorrect Debtor's estate. Additionally, to allow the Redesignate, Reclassify, Reduce and Allow Borrower Claim to be treated as secured claims would result in one claimant receiving a disproportionately higher

-11-

distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

29. The Borrower Trust also concluded that the Redesignate, Reclassify, Reduce and Allow Borrower Claim does not reflect the correct amount of liability owed by the Debtors to the claimant. The Borrower Trust confirmed that all but a portion of the allegations in the proofs of claim had no basis in the Debtors' books and records. An explanation of the correct amounts owed, as determined by the Borrower Trust to be appropriate, is set forth on Exhibit B under the column heading "*Reason for Modification.*"[6]

30. The amount listed on Exhibit B under the column heading "*Modified Claim Amount/Classification*" represents the claim amount the Borrower Trust determined to be the appropriate amount due to the Claimant. See Lathrop Declaration ¶ 15. The holder of the Redesignate, Reclassify, Reduce and Allow Borrower Claim should not be allowed to recover more than he is owed. Accordingly, the Borrower Trust requests that the Court reduce the Redesignate, Reclassify, Reduce and Allow Borrower Claim to the amount listed on Exhibit B under the column heading "*Modified Claim Amount/Classification*" and allow such claim only to the extent of such modified amount.

## THE RECLASSIFY, REDUCE AND ALLOW CLAIM SHOULD BE REDESIGNATED, RECLASSIFIED, REDUCED AND ALLOWED AS MODIFIED

31. Based upon their review of the proof of claim filed on the Claims Register, the Borrower Trust determined that the Reclassify, Reduce and Allow Claim identified on Exhibit C attached to the Proposed Order improperly asserts a secured claim, where such proof

---

[6] The modified amount for the Redesignate, Reclassify, Reduce and Allow Borrower Claim comes from the claimant, Felix Abu's ("Mr. Abu"), bankruptcy schedules. The Borrower Trust does not admit that Mr. Abu has sufficiently demonstrated that the Debtors have liability for his claims, but in an effort to expeditiously resolve the claims, the Borrower Trust is willing to allow the claims at the reduced amount. Should the Court not grant the relief requested with regard to the Redesignate, Reclassify, Reduce and Allow Borrower Claims, the Borrower Trust reserves its rights to object to this claim on any additional basis.

-12-
ny-1235942

of claim does not contain any valid basis for treatment as a secured claim. (See Lathrop Declaration ¶¶ 16, 17, 18).

32. To allow the Reclassify, Reduce and Allow Claim to be treated as an secured claim would result in the claimant receiving a disproportionately higher distribution on account of the asserted liability to the detriment of other similarly situated claimants. Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the Borrower Trust requests that this Court reclassify the Reclassify, Reduce and Allow Claim as a general unsecured claim on the Claims Register.

33. Based upon its review of the proof of claim filed on the Claims Register, the Borrower Trust determined that the Reclassify, Reduce and Allow Borrower Claim does not reflect the correct amount of liability owed by the Debtors to the claimant, as the Borrower Trust was able to confirm that all but a portion of the allegations in the proof of claim had no basis in the Debtors' books and records. An explanation of the correct amount owed is set forth on Exhibit C under the column heading "*Reason for Modification.*" See Lathrop Declaration ¶ 18.

34. The amount listed on Exhibit C under the column heading "*Modified Claim Amount*" represents the claim amount the Borrower Trust determined to be the appropriate amount due to the Claimant. See Lathrop Declaration ¶ 19. The holders of the Reclassify, Reduce and Allow Borrower Claim should not be allowed to recover more than they are owed. Accordingly, the Borrower Trust requests that the Court reduce the Reclassify, Reduce and Allow Borrower Claims to the amounts listed on Exhibit C under the column heading "*Modified Claim Amount*" and allow such claims only to the extent of such modified amount.

## THE REDESIGANTE AND ALLOW BORROWER CLAIM SHOULD BE REDESIGNATED AS A CLAIM AGAINST GMACM AND ALLOWED IN FULL

35. The Redesignate and Allow Borrower Claim was filed by Paul Homer and Melinda Carpenter ("Mr. Homer and Ms. Carpenter") and is currently listed on the Claims

-13-
ny-1235942

Register as a general unsecured claim against ResCap. The asserted basis for the Redesignate and Allow Borrower Claim is a settlement that Mr. Homer and Ms. Carpenter entered into with GMACM. As a result, the Borrower Trust determined that the Redesignate and Allow Claim should be redesignated as a claim against GMACM and allowed as a general unsecured claim against GMACM in the filed claim amount of $10,500, as described on Exhibit D. See Lathrop Declaration ¶ 20. The Borrower Trust requests that the Court enter an order modifying and allowing the Redesignate and Allow Borrower Claim against GMACM in the amount of $10,500.

## NOTICE

36. The Borrower Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order. The Borrower Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

37. No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims, the Redesignate, Reclassify, Reduce and Allow Borrower Claim, the Reclassify, Reduce and Allow Claim, or the Allowed in Full Borrower Claim has been made by the Borrower Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 11, 2016
      New York, New York

        /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*