# **Exhibit B**

Exhibit B

Redesignate, Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification<br><br>Modified Debtor Name | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 246 | Felix O. Abu<br><br>6999 Romanzo Way Elk Grove, CA 95758<br><br>$1,248,955.60 Secured<br><br>Residential Capital, LLC | $5,000 General Unsecured Claim<br><br>GMAC Mortgage Corporation | Non-debtor Greenpoint Mortgage Funding, Inc. originated a loan in the amount of $273,600 on January 9, 2007. GMACM began servicing loan April 2, 2007 and serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "mortgage note" as the basis for claim in box 2 of the proof of claim form for claim number 241. Claimant attaches "Trustee's Deed upon Sale but provides no additional explanation or documentation in support of the claim. On June 21, 2013, Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded on July 22, 2013. In the Claimant Response Letter, Claimant states the Basis of Claimant as: "Basis of claim include illegal foreclosure sale and transfer of title of my property by Executive Trust Service (ETS) to U.S. Bank National Association on behalf of Greenpoint Mortgage Funding Trust. Also, ETS violated RESPA, TILA, and fraudulent misrepresentation and violation of California business professional code #17200. These misconducts by ETS cause me to have medical and emotional problems, causes me to have attorney fees, financial loss. Additionally relief is sort based on the final supplemental order of the Southern District Court and the bankruptcy court (Docket No. 3294 Filed on March 21, 2013.) Please enclosed legal documents and other documents that support the basis of my claim." Claimant attached the following to the Claimant Response: Basis of Claim Form, Amended Claim, Correspondence with Eddie R Jimenez/Pike Duncan, LP law firm dated March 15, 2013, Correspondence with Eddie R. Jimenez/Pike Duncan, LP, law firm dated February 20, 2013, objections letter to ETS dated December 14, | 11-12 |

1

Exhibit B

Redesignate, Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification<br><br>Modified Debtor Name | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | 2011, Homestead Declaration Affidavit, and adversary complaints filed with the United Stated Bankruptcy Court for Eastern District of California, Sacramento.<br><br>Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form for claim number 246. Claimant attaches "Add Declaration of Homestead Affidavit Designation and Declaration of Homestead Affidavit," Deed of Trust, Legal Description, Adjustable Rate Rider, Interim Interest Rider, Family Rider, Greenpoint Mortgage Funding Trust 2007-AR2 (PSA), and the GMAC Mortgage Payment History but provides no additional explanation or documentation in support of the claim. On May 20, 2013, Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded on June 19, 2013. In the Claimant Response Letter, Claimant states the Basis of Claim as: "Debtors (GMAC Mortgage Corporation and Executive Trust (ETS)) wrongfully foreclosed of residence and illegally transferred by property; and illegal eviction from residence. These action cause me to incur traumatic emotional injury, shame, medical issues, financial loss, and attorney's fees. Also, basis of claim include Debtor(s) violation of RESPA, TILA, Fraudulent misrepresentation and violation of California Business Professional Code 17200. Therefore, I am asking for relief based on final supplemental order of the Southern District Court and of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013). Please see complaints filed with the Bankruptcy Court Eastern District of California- Sacramento Division and other court documents that support the basis of my claim." Claimant attached a letter that outlines the attachments to the Claimant's response stating the following are included: Basis | |

Exhibit B

Redesignate, Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification<br><br>Modified Debtor Name | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | of Claim Form, Amended Claim, Correspondence with Eddie R Jimenez/Pike Duncan, LP law firm dated March 15, 2013, Correspondence with Eddie R. Jimenez/Pike Duncan, LP, law firm dated February 20, 2013, and adversary complaints filed with the United Stated Bankruptcy Court for Eastern District of California, Sacramento.<br><br>The account was referred to Foreclosure August 6, 2009 because the account was owing for the May 1, 2009 payment. The foreclosure sale was held on January 19, 2012 as the account owed for September 2009-January 2012 payments. The property was sold for $121,125. The loan was reacquired by GMACM after the foreclosure sale and was handled in the REO department until the loan was transferred to Ocwen for servicing.<br><br>Claimant filed two proofs of claim, designated as claim numbers 241 and 246. These claims were originally included in the 50th Omnibus Objection where the Borrower Trust objected to them for Claimant's lack of standing based on his personal Chapter 7 bankruptcy (Bankruptcy Court; Eastern District of California, Case 12-bk-36170), and the fact that there was no affirmative abandonment of the claims by the Trustee. (See pages 121-128 of transcript of November 15, 2013 hearing.) In an adversary proceeding in the Claimant's bankruptcy case, filed on January 18, 2013 against GMAC/Ally Bank, Inc. and any known or unknown dba used by GMAC/Ally Bank, Inc., asserting essentially wrongful foreclosure claims (Case 13-ap-02020), the court dismissed the action for Claimant's lack of standing to assert such claims on April 4, 2013. Claimant received a discharge in the | |

3

Exhibit B
Redesignate, Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification<br><br>Modified Debtor Name | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | bankruptcy matter on January 29, 2013 and the entire matter was closed on April 23, 2013.<br><br>In the Chapter 7 proceeding, Claimant originally filed Amended Schedules on October 31, 2012, which indicated contingent claims against both Residential Capital, LLC and Executive Trustee Services, LLC, individually, with a combined value of $5,000. A copy of the Amended Schedules is attached hereto as Exhibit 5. As noted, there was no action taken by the Trustee with respect to this contingent claim before Claimant received a discharge on January 29, 2013.<br><br>Claimant re-opened his personal Chapter 7 bankruptcy and on June 5, 2013, Claimant filed a Motion to Compel Abandonment, and also on the same date filed further Amended Summary of Schedules, which showed claims 241 and 246 on Schedule B, at a combined value of $5,000. A copy of the Amended Summary of Schedules is attached to the Objection as Exhibit 6. On August 13, 2013, Claimant successfully re-opened his personal bankruptcy to request the Trustee formally abandon certain properties, including the claims pending in the ResCap bankruptcy, which Claimant asserted to be of, "'inconsequential value and benefit to the estate.'"<br><br>Claimant's motion was uncontested and the bankruptcy court granted the relief sought on December 19, 2013. The Trustee filed his report of no distribution on March 12, 2014, in which the requested property was abandoned. Because Claimant valued his claims in the amount of $5,000, claim 246 should be reduced and allowed as general unsecured claims against GMAC in the amount of $5,000 | |

Exhibit B
Redesignate, Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification<br><br>Modified Debtor Name | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | (as claim 241 is being disallowed pursuant to the reasons listed on Exhibit A), and he should not be allowed to argue in this bankruptcy proceeding that his claim has any greater value.<br><br>The Borrower Trust is prepared to allow this claim in the reduced amount in order to expedite the resolution of this claim. In the event the Claimant contests the reduced amount of this claim, the Borrower Trust reserves its right to seek the disallowance of the entire claim. | |

5