# **Exhibit C**

Exhibit C

Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 4734 | Carol Dawson and Terry Clark<br><br>911 Centers Street Charleston, WV 25311<br><br>$79,000 Secured Claim<br><br>GMAC Mortgage, LLC | $4,300 General Unsecured Claim | This claim involves two separate loans. One loan (the "Dawson Loan") was originated in the amount of $67,150 by non-Debtor Equity Resources Inc. on or about April 9, 1998. Debtor GMAC Mortgage serviced the loan from May 19, 2005 until servicing transferred to SN Servicing Group in November 6, 2006. At time of servicing transfer to SN Servicing Group, the account was owing for the February 1, 2002 through November 1, 2006 payments.<br><br>The allegations related to the Dawson loan primarily relate to origination claims (predatory lending, fraud, joint venture and conspiracy) and servicing claims (breach of good faith and fair dealing and illegal pursuit of foreclosure). Debtors have no liability for the origination claims because no Debtor was involved in the origination of this loan. Additionally, the servicing allegations do not appear to be made against Debtors, but against other parties. Debtors have not been involved in the servicing of this loan since 2006. At the time GMAC Mortgage began servicing, the loan was already in foreclosure status. All foreclosure activity was placed on hold due to litigation. At the time servicing transferred in 2006 no foreclosure had been completed by a debtor entity.<br><br>Another loan (the "Clark Loan") was originated in the amount of $79,189.58 by non-Debtor Travelers Bank & Trust on or about April 14, 1998. Debtor GMAC Mortgage serviced the loan from May 19, 2005 until February 9, 2007 when servicing of the loan was transferred to Private Capital Group, LLC. At the time of service release to Private Capital Group, LLC, the account was owing for the February 20, 2002-February 1, 2007 payments. | 12-13 |

1

Exhibit C

Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | The allegations related to the Clark loan allege (i) unlawful debt collection; (ii) that the property was relinquished; (iii) claimants were discharged in a bankruptcy proceeding that was filed in November 2002; and (iv) that GMAC Mortgage continued to seek payment from claimant in July 2005. Claimant also alleges GMAC Mortgage communicated with claimants when they were represented by counsel in violation of WV Code 46A-2-128(e).<br><br>Bankruptcy was filed by Pat and Terry Clark as joint debtors on August 8, 2002.<br><br>Between July and November 2005, GMACM sent six or seven notices to claimants, some of which indicated that the communication was an attempt to collect a debt. Under West Virginia law, such notices are permissible when they include a disclosure that the collector is not seeking to collect if the debt has already been discharged in bankruptcy. Based on a review of its books and records, one of the letters sent to claimants does not include the required disclosure. While it is unclear that the letter involved an attempt to collect on a debt, in order to expedite the resolution of this claim, the Borrower Trust is prepared to allow statutory damages of $4,300. In the event the Claimants contest this amount, the Borrower Trust reserves its right to seek the disallowance of the entire claim.<br><br>With regard to the allegation that the GMACM communicated with claimants when they were represented by counsel, the Debtors' books and records do not show that the Claimants ever informed GMACM, either on paper or electronically, that the consumer was represented by counsel, as required by the statute. Further, the Claimants make no allegations regarding when or how GMACM allegedly became aware of the Claimants' legal representation. As a result, the | |

Exhibit C

Reclassify, Reduce and Allow Borrower Claim

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Modified Claim Amount/ Classification | Reason for Modification | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimant is not entitled to statutory damages based on this allegation. | |