**Exhibit A**

```
Timothy J. Halloran – 104498
Karen Stromeyer - 245712
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Plaintiffs
BERNARD WARD and COLLEEN HALLORAN
```

ENDORSED
FILED
San Francisco County Superior Court

JUN - 8 2011

CLERK OF THE COURT
BY:  PARAM NATT
         Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

BERNARD WARD, and COLLEEN HALLORAN,

    Plaintiffs,

v.

GMAC MORTGAGE, LLC, and DOES 1-20,

    Defendants.

Case No. CGC-11-511574

COMPLAINT FOR:

1. BREACH OF CONTRACT
2. NEGLIGENCE
3. WRONGFUL FORECLOSURE [Civ. Code § 2920 et seq.]
4. TO SET ASIDE WRONGFUL SALE
5. INTENTIONAL MISREPRESENTATION
6. NEGLIGENT MISREPRESENTATION
7. FRAUD
8. UNFAIR BUSINESS PRACTICES [Bus. & Prof. § 17200 et seq.]
9. DECLARATORY RELIEF
10. INJUNCTIVE RELIEF
11. SPECIFIC PERFORMANCE

AND DEMAND FOR JURY TRIAL

Plaintiffs BERNARD WARD and COLEEN HALLORAN allege against Defendants GMAC MORTGAGE, LLC and DOES 1-20 as follows:

### GENERAL ALLEGATIONS

1. The entirety of this Complaint is pled upon information and belief, and each allegation contained here is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIALCOMPLAINT FOR:

**Parties and Jurisdiction:**

2. Plaintiff COLLEEN HALLORAN is a resident of San Francisco, California. COLLEEN HALLORAN holds power of attorney for Plaintiff BERNARD WARD, and at all times material to this complaint she resided in the City and County of San Francisco.

3. The real property at issue herein is situated at 3300 Kirkham Street, in the City and County of San Francisco, California.

4. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint Defendant GMAC MORTGAGE, LLC ("GMAC") was a limited liability company organized under the laws of the State of Delaware, duly qualified to do business in the State of California.

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued in this complaint as Does 1 through 20, and each of them, and therefore sue these Defendants by fictitious names. Plaintiffs will amend this complaint to allege these Defendants' true names and capacities when ascertained.

6. At all times mentioned in this Complaint, GMAC and Does 1 through 20, and each of them, were individuals or business entities, form unknown, who resided or did business in the State of California.

7. Plaintiffs are informed, believe, and thereon allege that each Defendant is contractually, strictly, negligently, intentionally, vicariously, or otherwise legally responsible in some manner for the acts, omissions and occurrences, alleged in this complaint, and thereby were the proximate cause of Plaintiffs' damages as set forth herein.

8. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, each of the Defendants was the agent and employee of each of the other remaining Defendants, and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment, and each defendant has ratified and approved the acts of its agent.

9. Plaintiffs are informed, believe, and allege, that each of the Defendants was the successor in interest to each of the remaining Defendants, and on that basis is liable for any act or omission of the Defendants alleged in this Complaint.

10. Plaintiffs are informed, believe, and allege that venue is proper in this county because one of the Defendants resides here, the property at issue is located here, and the transactions at issue herein occurred in the City and County of San Francisco.

**General Factual Allegations:**

11. On or about 2001, Plaintiffs purchased certain real property known as 3300 Kirkham Street, in the City and County of San Francisco California ("Subject Property").

12. On or about October 25, 2006, Plaintiffs entered into a Mortgage and Deed of Trust to Secure Property and promissory note dated October 25, 2006 secured by the Mortgage and Deed of Trust to Secure Property for the mortgage loan on the Subject Property (collectively "Mortgage Loan").

13. Plaintiffs made each payment due under the Mortgage Loan.

14. Plaintiffs are informed, believe, and thereon allege that at some time in early 2010, the Mortgage Loan was transferred to GMAC. The Mortgage Loan for the subject property is administered by GMAC as Loan No. 8940. GMAC expressly or impliedly, was assigned all the rights and liabilities under the Mortgage Loan and thereby took of the benefits of the Mortgage Loan and became liable to Plaintiff for all liabilities arising under the execution of the Mortgage Loan and performance of the terms of the Mortgage Loan.

15. In approximately May 2009, Plaintiffs began experiencing financial difficulties in making their monthly payments.

16. In or about December 2009 GMAC began non-judicial foreclosure proceedings related to the Subject Property.

17. In or about August 2010 Plaintiffs, through their counsel, requested a loan modification pursuant to the Home Affordable Modification Program ("HAMP").

18. On or about August 26, 2010, GMAC sent correspondence to Plaintiffs denying a loan modification under HAMP claiming that the principal balance exceed the program limits.

19. On or about September 9, 2010, counsel for Plaintiffs sent correspondence to GMAC Loss Mitigation further attempting to cure the delinquent amounts owing and negotiate a loan modification for Loan No. 8940 for the Subject Property. Additional financial analysis for

-3-
COMPLAINT AND DEMAND FOR JURY TRIAL

1  Plaintiffs was provided to GMAC demonstrating that Plaintiffs were eligible for loan modification
2  under HAMP.
3      20.    On or about January 14, 2011, Plaintiffs and GMAC entered into a written Repayment
4  Agreement ("Repayment Agreement"). A true and correct copy of the Repayment Agreement is
5  attached hereto as Exhibit 1 and incorporated herein as though fully set forth in full. The Repayment
6  Agreement expressly amended and supplemented (1) the Mortgage and Deed of Trust to Secure
7  Property for the Subject Property dated October 25, 2006; and (2) the promissory note dated October
8  25, 2006 secured by the Mortgage and Deed of Trust to Secure Property for the Subject Property dated
9  October 25, 2006. GMAC is expressly identified as the Lender in these documents. The Repayment
10 Agreement set forth a payment schedule to be made to suspend foreclosure activity on the account:
11 payments of $3,260.26 due on February 1, 2011, March 1, 2011, and April 1, 2011.
12     21.    Plaintiffs timely made all required payments under the Repayment Agreement.
13     22.    In accordance with the Repayment Agreement, on or about January 23, 2011 payment
14 in the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the February obligation. This
15 payment was accepted by GMAC.
16     23.    In accordance with the Repayment Agreement, on or about February 19, 2011, payment
17 in the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the March obligation. This
18 payment was accepted by GMAC.
19     24.    In accordance with the Repayment Agreement, on or about March 22, 2011, payment in
20 the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the April obligation. This payment
21 was accepted by GMAC. True and correct copies of checks establishing payments made by Plaintiffs
22 and accepted by GMAC pursuant to the Repayment Agreement are attached hereto as Exhibit 2.
23     25.    On or about April 21, 2011, an individual who identified himself as an agent at Loss
24 Mitigation at GMAC informed counsel for Plaintiff in a telephone conference that Plaintiffs have been
25 approved as of April 21, 2011, for a permanent modified traditional modification to the loan with an
26 APR of 2.88% ("Permanent Loan Modification"). The 432 modified payments of principal, interest,
27 and PMI were to be $3,253.24 per month.
28     26.    Counsel for Plaintiffs confirmed the approval of the Permanent Loan Modification and

1  the modified loan terms in correspondence sent via email and facsimile to GMAC Loss Mitigation on
2  April 22, 2011, noting that while he was informed that the paperwork may not arrive in time for a May
3  1 payment, Plaintiffs would proceed to make the first payment on May 1 on a timely basis. A true and
4  correct copy of this correspondence is attached hereto as Exhibit 3 and incorporated herein.

5  27.  Plaintiffs performed under the Permanent Loan Modification making payment in the
6  amount of $3,253.24 to GMAC on or about April 26, 2011, to meet the May obligation. A copy of this
7  check is attached hereto as Exhibit 4. This payment was accepted by GMAC.

8  28.  On or about April 28, 2011, GMAC sent the paperwork to Plaintiffs' counsel via United
9  States mail in the form of a letter **confirming that the traditional permanent loan modification was**
10 **approved on April 21, 2011,** with an effective date of May 1, 2011. The correspondence confirms
11 that the scheduled monthly payment was $3,253.24. A true and correct copy of this correspondence is
12 attached hereto as Exhibit 5 and incorporated herein. The parties were then in contract for the
13 Permanent Loan Modification.

14 29.  Despite the fact that GMAC was aware Plaintiffs were represented by counsel, almost
15 one month after GMAC had entered into the Permanent Loan Modification with Plaintiff, GMAC sent
16 a letter sent via United States mail dated May 17, 2011 to Plaintiffs' home stating that Plaintiffs'
17 request for a loan modification was denied because "[w]e service your loan on behalf of an investor or
18 group of investors that has not given us authority to modify your loan under the program requested."
19 A true and correct copy of this correspondence is attached hereto as Exhibit 6 and incorporated herein.
20 The letter further states "[w]e will continue to work with you to explore other options that may be
21 available for your circumstances." This letter was not received by Plaintiffs until May 21, 2011.

22 30.  Unbeknownst and with no notice to Plaintiffs or their counsel, and in violation of the
23 Permanent Loan Modification, on May 20, 2011, GMAC foreclosed on the Subject Property and
24 allegedly sold it at a public sale that same date.

25 31.  Upon receipt of the May 17, 2011 correspondence from GMAC, Plaintiffs' counsel
26 immediately contacted GMAC on May 23, 2007, where they were informed for the first time by the
27 foreclosure company for GMAC that the property was purchased by GMAC. An individual who
28 identified himself as an agent of GMAC, "Brett Becker" (800) 850-4622 ext. 2367483 ("Brett"), also

- 5 -
COMPLAINT AND DEMAND FOR JURY TRIAL

stated in reference to the May 17 letter that the "investor group" was Wells Fargo Bank. This is the first time Plaintiffs had heard that GMAC allegedly was not the owner of the Mortgage Loan.

32.  At all times and in all oral and written communications with the Plaintiffs prior to this communication GMAC had identified themselves as the holder of the Mortgage Loan. At all times and in all dealings with Plaintiffs GMAC represented and held itself out as all times as having the final authority to approve and enter into contracts related to the Mortgage Loan.

33.  Later that day, Plaintiffs' counsel sent via facsimile and email a Notice of Dispute for illegal foreclosure and breach of contract to Loss Mitigation for GMAC demanding that it acknowledge and perform under the Permanent Loan Modification, and accordingly to set aside the wrongful foreclosure and sale of the Subject Property.

34.  In several conversations with the GMAC agent identified as Brett, counsel for Plaintiffs was informed that the foreclosure process for the Subject Property was "under review" by GMAC and "working its way up the ladder," and that while this process was underway the status quo at the property would be maintained, and there would be no further sale or transfer of the property in any fashion. This agreement to preserve the status quo was confirmed in writing by Plaintiffs' counsel in correspondence sent to GMAC via facsimile and email on May 25, 2011.

35.  In correspondence sent to Plaintiffs via United States mail dated May 23, 2011, GMAC enclosed check no. 12184971 issued by GMAC Mortgage, in the amount of $3,715.42 made payable to BERNARD V. WARD. The accompanying unsigned cover letter did not state what the check represents, or why it was issued to WARD. Instead the letter states that "these funds do not represent the full amount due to reinstate your account at this time." Plaintiffs are informed and believe and thereon allege that this payment by GMAC was an attempt to refund the payment made by Plaintiffs pursuant to the Permanent Loan Modification, and constituted a breach of the Permanent Loan Modification by refusing to accept timely tendered funds in accordance with the agreement. The letter then goes on to state that the account "has been transferred to our attorney to begin foreclosure proceedings." This is statement is false, as the property was foreclosed on and *sold to GMAC* on May 20, *three days before* GMAC claims in this correspondence that it will begin foreclosure process. A true and correct copy of this correspondence is attached hereto as Exhibit 7 and incorporated herein.

36. On June 3, 2011, in violation of the oral representations of GMAC's agent Brett that the status quo at the property would be maintained, and that there would be no further sale or transfer of the Subject Property in any fashion while the foreclosure and sale were under review, agents of GMAC posted a notice to quit on the Subject Property, effectively beginning eviction proceedings to disposes Plaintiffs of their rightful possession of the property under the Permanent Loan Modification.

37. To date GMAC has refused to honor and abide by the terms of the Permanent Loan Modification.

38. To date GMAC has also failed to produce promissory note showing the owner of the Subject Property, and the holder of mortgage.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against all Defendants)

39. Plaintiffs incorporate by reference paragraphs 1-38 as though fully set forth here.

40. On April 21, 2011, GMAC and Plaintiffs entered into a contract for a Permanent Loan Modification for the mortgage on the Subject Property. This contract was confirmed in written correspondence dated April 28, 2011 by GMAC to Plaintiff's counsel.

41. At all times GMAC represented to Plaintiffs and Plaintiffs' agents that they were the lender and held the promissory note, and had the actual and final authority to enter in to contracts related to the Mortgage Loan for the Subject Property.

42. Plaintiffs have performed all conditions, covenants, and promises required on Plaintiff's part to be performed in accordance with the terms and conditions of the agreement.

43. GMAC breached their contract with Plaintiffs by returning the payment made by Plaintiffs pursuant to the April 21, 2011 Permanent Loan Modification.

44. GMAC further breached their contract by foreclosing on the Subject Property in violation of the April 21, 2011 Permanent Loan Modification.

45. GMAC further breached their contract with Plaintiffs by selling the Subject Property in violation of the April 21, 2011 Permanent Loan Modification.

46. GMAC further breached the contract with Plaintiffs by beginning eviction procedures against Plaintiffs in violation of their rightful possessory rights pursuant to the April 21, 2011

1  Permanent Loan Modification.

2      47.    In addition to attorney's fees and costs incurred to enforce the contract between GMAC and Plaintiffs, Plaintiffs are wrongfully in danger of losing their home, the equity in their home, have suffered damage to their creditworthiness, and the title to the Subject Property has been damaged by Defendants wrongful recording of documents and notices. The repeated misrepresentations and refusal to honor their written and oral agreements has caused Plaintiffs to suffer constant anxiety and to suffer severe emotional distress throughout the loan modification process to the present. Plaintiffs have incurred money damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Negligence Against GMAC)

48.    Plaintiffs incorporate by reference paragraphs 1-47 as though fully set forth here.

49.    As all times relevant herein, GMAC, acting as lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting, and servicing of loan records, including but not limited to accurate crediting of payments made by Plaintiffs.

50.    In the taking of the actions alleged above, and in failing to take the action alleged above, GMAC breached their duty of care and skill to Plaintiffs in the servicing of Plaintiffs' loan by, among other things, failing to accurately credit the payments made under the Permanent Loan Modification, preparing and filing false documents, foreclosing on the Subject Property, and sale of the Subject Property without having the legal authority and proper documentation to do so.

51.    As a direct and proximate result of the negligence and carelessness of GMAC Plaintiff has suffered attorney's fees and costs incurred to enforce the contract between GMAC and Plaintiffs, Plaintiffs are wrongfully in danger of losing their home, the equity in their home, have suffered damage to their creditworthiness, and the title to the Subject Property has been damaged by Defendants wrongful recording of documents and notices. The repeated misrepresentations and refusal to honor their written and oral agreements has caused Plaintiffs to suffer constant anxiety and to suffer severe emotional distress throughout the loan modification process to the present. Plaintiffs have incurred money damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

(Wrongful Foreclosure Against all Defendants)

52. Plaintiffs incorporate by reference paragraphs 1-51 as though fully set forth here.

53. Plaintiffs and GMAC had a valid written contract to cure any prior default on the Subject Property and to modify the loan payments.

54. Plaintiffs performed all necessary terms as required by the contract.

55. Under such circumstances Defendants and each of them had no valid basis for exercising the power of sale under the non-judicial foreclosure statutes, Civil Code § 2920 *et seq.*

56. The Mortgage Loan documents permitted foreclosure of the borrower only if in default, but Plaintiffs were not in default, as the Mortgage Loan was modified by the Permanent Loan Modification and Plaintiffs timely met all of their obligations under the Permanent Loan Modification.

57. The foreclosure was therefore invalid and void as there was no legal basis for the foreclosure exercised by GMAC.

58. Plaintiffs have been damaged by the wrongful foreclosure. Plaintiffs' credit has been impaired, and they are threatened with the eminent loss of their property despite the fact that they have made all payments in accordance with the loan agreement. Unless enjoined, Plaintiffs will suffer irreparable harm and will not have an adequate remedy at law.

59. As a proximate result of the negligent actions of both Defendants, Plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

### FOURTH CAUSE OF ACTION

(To Set Aside Wrongful Sale Against All Defendants)

60. Plaintiffs incorporate by reference paragraphs 1-59 as though fully set forth here.

61. GMAC never had the legal authority to exercise the power of sale as an assignee of the Mortgage Loan because although the loan documents permitted the foreclosure if the borrower was in default, the loan was not in default because it was modified by the Permanent Loan Modification, and Plaintiffs has timely met all of their obligations under the Permanent Loan Modification.

62. Plaintiff is informed and believes, and thereon alleges that GMAC was the purchaser of

- 9 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1 the Subject Property at the sale. GMAC had actual knowledge of the Permanent Loan Modification
2 and Plaintiffs' legitimate interests in the property pursuant to the Permanent Loan Modification.

3    63.    Therefore for the reasons stated herein, the sale was at all times void due to the
4 wrongful non-judicial foreclosure.

5    64.    Plaintiffs are therefore entitled to a order setting aside the sale and canceling any
6 transfer of the deed to the Subject Property.

### FIFTH CAUSE OF ACTION

**(Intentional Misrepresentation Against All Defendants)**

9    65.    Plaintiffs incorporate by reference paragraphs 1-64 as though fully set forth here.

10    66.    Defendants and each of them represented to Plaintiffs that they were working with them
11 to secure a loan modification and to cure the default in the property; that Plaintiffs had been approved
12 for a permanent loan modification as of April 21, 2011 with an effective date of May 1, 2011; that
13 GMAC was the Lender under the promissory note; that GMAC had authority to enter into contract
14 regarding the Mortgage Loan on the Subject Property; and that following the wrongful foreclosure and
15 sale of the Subject Property on May 20, 2011, that while these transactions were under review by
16 GMAC the status quo at the Subject Property would remain the same and there would be no efforts by
17 GMAC to further no further sale or transfer of the property in any fashion.

18    67.    These representations were false. GMAC has not acknowledged or performed under
19 the April 21, 2011 Permanent Loan Modification, and following the discovery of the wrongful
20 foreclosure and sale of the Subject Property, despite numerous oral and written representations,
21 GMAC suddenly on May 23, 2007 represented for the first time that it was in fact not lender and had
22 no authority to enter into agreements without the consent of the holder of the lender and holder of the
23 promissory note for the Subject Property. On this same date GMAC represented for the first time that
24 the lender and holder of the promissory note for the Subject Property was Wells Fargo Bank. Plaintiff
25 is informed and believes, and thereon alleges that the representation that Wells Fargo Bank was not the
26 holder of the promissory note for the Subject Property, but that explanation was used in efforts to avoid
27 performance by GMAC under the Permanent Loan Modification.

28    68.    At all times alleged herein GMAC had superior knowledge to Plaintiffs as to its status

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  under the promissory note, and the identity of the holder of the promissory note for the Subject
2  Property. Despite numerous demands to GMAC by Plaintiffs, GMAC has refused to produce the
3  promissory note for the Subject Property.

4  69.  GMAC by and through its agents knew that the representations were false when they
5  were made, or that the representations were made recklessly and without regard for the truth.

6  70.  GMAC intended that Plaintiffs rely on his representations, and accepted Plaintiffs'
7  performance under the Permanent Loan Modification.

8  71.  As a proximate cause of the fraud and deceit alleged, Plaintiffs have sustained damages,
9  including, attorney's fees and costs to enforce the terms of the written Permanent Loan Modification,
10 and diminution in the value and equity in the properties, in an amount to be determined at trial. In
11 addition, Plaintiffs have been forced to pay costs and attorneys' fees. Plaintiffs have been damaged in
12 the amount to be determined at trial.

13 72.  In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud,
14 and malice as defined in Civil Code § 3294, and Plaintiffs are entitled to punitive damages to make an
15 example of and to punish these Defendants in addition to actual damages.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation Against All Defendants)

18 73.  Plaintiffs incorporate by reference paragraphs 1-72 as though fully set forth here.

19 74.  Defendants and each of them represented to Plaintiffs that they were working with them
20 to secure a loan modification and to cure the default in the property; that Plaintiffs had been approved
21 for a permanent loan modification as of April 21, 2011 with an effective date of May 1, 2011; that
22 GMAC was the Lender under the promissory note; that GMAC had authority to enter into contract
23 regarding the Mortgage Loan on the Subject Property; and that following the wrongful foreclosure and
24 sale of the Subject Property on May 20, 2011, that while these transactions were under review by
25 GMAC the status quo at the Subject Property would remain the same and there would be no efforts by
26 GMAC to further no further sale or transfer of the property in any fashion. .

27 75.  GMAC has not acknowledged or performed under the April 21, 2011 Permanent Loan
28 Modification, and following the discovery of the wrongful foreclosure and sale of the Subject Property,

1  despite numerous oral and written representations, GMAC suddenly on May 23, 2007 represented for
2  the first time that it was in fact not lender and had no authority to enter into agreements without the
3  consent of the holder of the lender and holder of the promissory note for the Subject Property. On this
4  same date GMAC represented for the first time that the lender and holder of the promissory note for
5  the Subject Property was Wells Fargo Bank. Plaintiff is informed and believes, and thereon alleges
6  that the representation that Wells Fargo Bank was not the holder of the promissory note for the Subject
7  Property, but that explanation was used in efforts to avoid performance by GMAC under the
8  Permanent Loan Modification.

9      76.    At all times alleged herein GMAC had superior knowledge to Plaintiffs as to its status
10  under the promissory note, and the identity of the holder of the promissory note for the Subject
11  Property. Despite numerous demands to GMAC by Plaintiffs, GMAC has refused to produce the
12  promissory note for the Subject Property.

13      77.    GMAC by and through its agents had no reasonable ground for believing the
14  representations were when they were made.

15      78.    GMAC intended that Plaintiffs rely on their representations, and accepted Plaintiffs'
16  performance under the Permanent Loan Modification.

17      79.    Plaintiffs reasonably relied on GMAC's representations as GMAC at all times in their
18  dealing with Plaintiffs held themselves out as the lender under the promissory note for the Subject
19  Property and as having the authority to enter into contract related to the Mortgage Loan on the Subject
20  Property.

21      80.    Plaintiffs' reliance on Defendant's representation was a substantial factor in causing
22  Plaintiffs' harm.

23      81.    As a proximate cause of the acts alleged, Plaintiffs have sustained damages, including,
24  attorney's fees and costs to enforce the terms of the written Permanent Loan Modification, and
25  diminution in the value and equity in the properties, in an amount to be determined at trial. In addition,
26  Plaintiffs have been forced to pay late payment fees, and costs to remove liens, and attorneys' fees
27  necessary to do so. Plaintiffs have been damaged in the amount to be determined at trial.
28

## SEVENTH CAUSE OF ACTION

**(Fraud Against All Defendants)**

82. Plaintiffs incorporate by reference paragraphs 1-81 as though fully set forth here.

83. GMAC had actual knowledge of the Permanent Loan Modification and the material terms, the actual status of Plaintiff's account, the notices, assignments, and transfers of the Promissory Note, and terms and status of the Mortgage Loan. GMAC made representations to Plaintiffs orally and in writing that they were the lender under the promissory note, that they owned the note, and that they had full and final authority to enter into and make contracts regarding the Mortgage Loan on the Subject Property which they knew to be false.

84. GMAC had actual knowledge that Plaintiff made payments pursuant to the Permanent Loan Modification, and had actual knowledge that Plaintiff had performed all obligations required under the Permanent Loan Modification, and provided proof of those payments to GMAC, yet GMAC used the material information in its possession to foreclose on the Subject Property and to subsequently purchase the Subject Property that same day.

85. Additionally GMAC concealed material facts known to them but not to Plaintiffs payments regarding notices, payments, assignments, and transfers related to the Mortgage Loan and promissory note on the Subject Property with the intent to defraud Plaintiffs.

86. The Defendants made the above-referenced false representations, concealments, and non-disclosures with knowledge of the misrepresentations intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs' justifiably relied upon, resulting to detriment to their credit standing, costs, and loss of their property. Plaintiffs were unaware of the true facts, and if Plaintiffs had known the true facts, Plaintiffs would have among other things taken immediate legal action to save their house

87. As a result of GMAC's fraudulent conduct, Plaintiffs have suffered compensatory, general, and special damages in an amount according to proof.

88. In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud, and malice as defined in Civil Code section 3294, and Plaintiffs are entitled to punitive damages to make an example of and to punish these Defendants in addition to actual damages.

### EIGHTH CAUSE OF ACTION
(Unfair Business Practices Against All Defendants)

89. Plaintiffs incorporate by reference paragraphs 1-88 as though fully set forth here.

90. California Business & Professions Code section 17200 *et seq.* prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice ..." and conduct which is likely to deceive and is fraudulent within the meaning of Section 17000.

91. As more fully described above, GMAC's acts and practices are likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to date.

92. Specifically, GMAC engages in deceptive business practices in the servicing of mortgage loans, loan modifications, assignments of notes, deeds of trusts, and foreclosures of residential mortgages foreclosure by, among other things (1) concealing material facts related to mortgage loans, loan modifications, assignments of notes, deeds and trusts for loans which they service; (2) failing to properly and accurately credit customer payments to loans and loan modifications; (3) improperly characterizing customers loans as being in default in order to foreclose on the managed property; (4) treating borrowers as if they are in default on their loans although they have meet all of the obligations due thereunder; (4) systematically refusing to acknowledge and perform valid oral and written agreements entered into with borrowers; (5) executing and recording false and misleading documents.

93. The forgoing business practices have caused substantial harm to California consumers.

94. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of GMAC, Plaintiffs and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted fees, costs, damage to creditworthiness and emotional distress to enforce their legal rights.

95. By reason of the foregoing, GMAC have been unjustly enriched and should be required to disgorge their illegal profits and/or make restitution to Plaintiffs and other consumers who have been harmed, and GMAC should be enjoined from continuing in such practices pursuant to Business and Professions Code sections 17203 and 17204. Plaintiffs are therefore entitled to injunctive relief and attorney's fees.

## NINTH CAUSE OF ACTION

**(Declaratory Relief Against All Defendants)**

96. Plaintiffs incorporate by reference paragraphs 1-95 as though fully set forth here.

97. A dispute has arisen between and among Plaintiffs and Defendants and each of them as to duties and obligations of the respective parties with regard to the Subject Property, the Mortgage Loan, and the foreclosure and sale of the Subject Property.

98. Plaintiffs have right to title and possession of the Subject Property pursuant to the Permanent Loan Modification.

99. Defendants have taken actions in violation of their statutory, legal, and contractual duties. An actual dispute exists between the parties as to the ownership of the Subject Property and the enforcement of the Permanent Loan Modification.

100. These disputes also include, but are not limited, to the ownership rights and the validity of the foreclosure and sale of the Subject Property.

101. A judicial declaration of rights and duties of the parties herein are necessary and appropriate to determine the actual status and validity of the promissory note, deed of trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees, foreclosure and sale related to the Subject Property, and each party's respective rights thereto.

## TENTH CAUSE OF ACTION

**(Injunctive Relief Against All Defendants)**

102. Plaintiffs incorporate by reference paragraphs 1-101 as though fully set forth here.

103. Defendants and each of them engaged in wrongful acts in foreclosing on the subject property in breach of the written permanent loan modification and subsequently selling the subject property to GMAC. The further alienation, transfer, sale, or encumbrance of this property by Defendants and each of them will cause Plaintiffs irreparable injury unless restrained by an order of this Court. Plaintiffs are in immediate damager of irreparable injury as the subject real property is unique, and Defendants' alienation, transfer, sale, or encumbrance of this property would interfere with Plaintiff's legitimate rights to this property, including but not limited to ownership, possession, use, and enjoyment.

1  104.  Plaintiffs have no adequate remedy at law for the injuries which they will suffer if the acts of GMAC are not restrained.

105.  Unless the acts of GMAC are restrained the situation of Plaintiffs will be materially worsened in that they will be dispossessed of their home, the residence will be further wrongfully transferred or encumbered.

### ELEVENTH CAUSE OF ACTION
### (Specific Performance Against GMAC)

106.  Plaintiffs incorporate by reference paragraphs 1-105 as though fully set forth here.

107.  Plaintiffs and GMAC had a valid, written contract for a Permanent Loan Modification for the Subject Property.

108.  Pursuant to the terms of the contract upon the performance of Plaintiffs, Plaintiffs were to hold and maintain rightful title to the Subject Property and were entitled to all rights and privileges attendant thereto, including but not limited to use and possession of the Subject Property.

109.  Plaintiffs have performed all conditions, covenants, and promises required on Plaintiff's part to be performed in accordance with the terms and conditions of the agreement.

110.  GMAC breached the contract by refusing to accept Plaintiffs payments in performance on the Permanent Loan Modification, refusing to acknowledge and honor the written Permanent Loan Modification, foreclosing on the Subject Property in violation of the Permanent Loan Modification, and selling the property in violation of the Permanent Loan Modification.

111.  To date despite multiple demands by Plaintiffs, GMAC has refused to honor and perform under the terms of the Permanent Loan Modification.

112.  Due the wrongful acts of GMCA, Plaintiffs have been dispossessed of their rightful ownership interest in the Subject Property, and the rights to performance of GMAC under the Permanent Loan Modification.

113.  Plaintiffs have no other adequate remedy at law to reinstate their rights and the benefits due to them under the Permanent Loan Modification.

114.  Accordingly, Plaintiffs are entitled to an order from the Court requiring GMAC to acknowledge and perform under the Permanent Loan Modification.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs BERNARD WARD and COLEEN HALLORAN pray for judgment against Defendants, and each of them, on all causes of action as follows:

1. Actual damages suffered according to proof at trial;
2. For a declaration of the rights and duties of the parties, specifically that the foreclosure of the Subject Property was wrongful;
3. For an order setting aside the wrongful sale of the subject property and canceling any wrongful transfer of title attendant thereto;
4. For a Temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants from engaging in the following acts:
   a. Evicting Plaintiffs from the Subject Property;
   b. Offering or advertising the Subject Property for sale; and
   c. Transferring or conveying title to the Subject Property to any person or entity.
5. For an order compelling Defendants to specifically perform the under the April 21, 2011 Permanent Loan Modification;
6. Prejudgment interest at the maximum legal rate;
7. Punitive damages according to proof;
8. Court costs and Attorney's fees; and
9. Any other and further relief that the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs BERNARD WARD and COLEEN HALLORAN demand a jury trial on each and all of the causes of action set forth in this Complaint.

DATED: June 8, 2011

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Timothy J. Halloran
Attorneys for Plaintiffs
BERNARD WARD and COLLEEN HALLORAN

20262218.doc

- 17 -
COMPLAINT AND DEMAND FOR JURY TRIAL