**<u>Exhibit B</u>**

12-12020-mg    Doc 9980-14    Filed 07/14/16    Entered 07/14/16 11:26:55    Huber Decl.
Exhibit B    Pg 2 of 9

Identifier: *****8940   Doc Type: LMIT
000095

**GMAC Mortgage**

July 22, 2011

BERNARD V WARD
3300 KIRKHAM STREET
SAN FRANCISCO, CA 94122

Re: Account Number ****8940
3300 KIRKHAM STREET
SAN FRANCISCO, CA 94122

Dear BERNARD V WARD

**Congratulations! Your request for a loan modification has been approved subject to the following:**
- Receipt of your contribution in the form of certified funds
- Receipt of the signed and notarized loan modification agreement and any attachments
- Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $3,253.24 in the form of certified funds, is due in our office by August 1, 2011.
- The interest rate is 2.75000%.
- The first modified payment begins September 1, 2011.

| | |
|---|---|
| Principal and Interest | $2,620.12 |
| Escrow | $610.00 |
| **Total Payment** | **$3,230.12** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs -- excluding late charges -- may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by August 1, 2011. Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 800-766-4622 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose only.

If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may chose to pursue will be exercised against the property only.

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number: 84102
Custodian ID: RD1

———————————————— [Space Above This Line For Recorder's Use] ————————————————

## NON-HAMP LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this 1st day of August 2011 ("Effective Date") between BERNARD V WARD ("Borrower") and GMAC Mortgage, LLC, Lender/Servicer or Agent for Lender/Servicer ("Lender"), Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated October 25, 2006 and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender/Servicer or Agent for Lender/Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable recorded in the real property records of SAN FRANCISCO County, California and (2) that certain promissory note ("Note") dated October 25, 2006 in the original principal sum of Nine Hundred Five Thousand Dollars and No Cents ($905,000.00) executed by Borrower. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3300 KIRKHAM STREET, SAN FRANCISCO CA, 94122, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $1,143.326.94.

2. The Maturity Date is November 1, 2046.

3. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4. Interest will be charged on the unpaid, non-deferred, "New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 2.75000% from August 1, 2011 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5. Borrower promises to make monthly principal and interest payments of $2,620.12, beginning on September 1, 2011, and continuing thereafter on the same day of each succeeding month, according to the Payment Schedule below until all principal and interest is paid in full. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

If Step Rate:
## PAYMENT SCHEDULE

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 2.75000% | August 1, 2011 | $2,620.12 | $610.00, adjusts periodically | $3,230.12, adjusts periodically | September 1, 2011 | August 1, 2016 |
| 3.75000% | August 1, 2016 | $3,572.90 | Adjusts Periodically | Adjusts Periodically | September 1, 2016 | August 1, 2017 |
| 4.50000% | August 1, 2017 | $4,287.48 | Adjusts Periodically | Adjusts Periodically | September 1, 2017 | November 1, 2046 |

6. If on November 1, 2046 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance" as provided for in this Agreement, Borrower will pay these amounts in full on that date.

7. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein

contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____    _____    _____
Date               BERNARD V WARD              Witness Signature

                                               _____
                                               Print

_____    _____    _____
Date

_____    _____    _____
Date

_____    _____    _____
Date

## CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGEMENT

State of California

County of _____

On _____ before me, _____,
(Here insert name and title of the officer)

Personally appeared_____,

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____        (Notary Seal)
Signature of Notary Public

Mortgage Electronic Registration Systems, Inc nominee for Lender

By: _____
        Authorized Officer

Date: _____

**LENDER ACKNOWLEDGMENT**

State of  IOWA
County of

On this ____day of _____, 20____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of Mortgage Electronic Registration Systems, Inc nominee for Lender and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _____