## **Exhibit 4**

Claim #684  Date Filed: 9/24/2012

**The Debtor has listed your claim as Contingent, Unliquidated, and Disputed on Schedule F as a General Unsecured claim in the amount of $0.00. You MUST timely file a Proof of Claim or you will be forever barred from recovery.**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: GMAC Mortgage, LLC | Case Number: 12-12032 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Bernard Ward and Colleen Halloran v GMAC Mortgage LLC and DOES 1 20

Name and address where notices should be sent:  NameID: 10986087
Bernard Ward and Colleen Halloran v GMAC Mortgage LLC and DOES 1 20
Murphy Pearson Bradley and Feeney
88 Kearny St 10th Fl
San Francisco, CA 94108

Telephone number: (415) 788-1900   email: Thalloran @ mpbf. com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number: _____   email: _____

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**1. Amount of Claim as of Date Case Filed: $ $1,000,000.00**
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Breach of Contract, Fraud
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
__ __ __ __

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**
Value of Property: $_____   Annual Interest Rate _____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: _____

**9. Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor.   ☒ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Karen Shumeyer
Title: Attorney
Company: Murphy, Pearson, Bradley Feeney
Address and telephone number (if different from notice address above):

(Signature) _____ (Date) 09/18/12

Telephone number: 415/788-1900   Email: Kshumeyer@mpbf.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
SEP 24 2012
KURTZMAN CARSON CONSULTANTS

COURT USE ONLY



**MURPHY PEARSON**
**BRADLEY & FEENEY**

A Professional Corporation

WWW.MPBF.COM

88 Kearny Street, Suite 1000
San Francisco, CA 94108
Telephone  415-788-1900
Facsimile  415-393-8087

September 19, 2012

**VIA U.S. MAIL**

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

<div align="center">

Re:    **Ward v. GMAC**
       **Our File No.:  XCHL.115017.1**

</div>

Dear Sir/Madam:

Enclosed please find an original and one copy of a Proof of Claim, submitted on behalf of Bernard Ward and Colleen Halloran.

Please conform the copy as having been filed and/or received and return it to us in the enclosed self-addressed, stamped envelope.

Thank you for your assistance in this regard.

Very truly yours,

Gena G. James
Legal Assistant

GGJ.20479953.doc
Enclosures

1  Timothy J. Halloran – 104498
   Karen Stromeyer - 245712
2  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
3  San Francisco, CA  94108-5530
   Tel:   (415) 788-1900
4  Fax:   (415) 393-8087

5  Attorneys for Plaintiffs
   **BERNARD WARD and COLLEEN**
6  **HALLORAN**

7

**ENDORSED**
**FILED**
San Francisco County Superior Court

JUN – 8 2011

CLERK OF THE COURT
BY:  PARAM NATT
                    Deputy Clerk

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **CITY AND COUNTY OF SAN FRANCISCO**

10

11  BERNARD WARD, and COLLEEN
    HALLORAN,
12
            Plaintiffs,
13
14  v.
15
16  GMAC MORTGAGE, LLC, and DOES 1-20,
17          Defendants.
18
19
20
21

Case No. **GC - 11 - 511574**

**COMPLAINT FOR:**

1.  **BREACH OF CONTRACT**
2.  **NEGLIGENCE**
3.  **WRONGFUL FORECLOSURE [Civ.
    Code § 2920** *et seq.***]**
4.  **TO SET ASIDE WRONGFUL SALE**
5.  **INTENTIONAL
    MISREPRESENTATION**
6.  **NEGLIGENT
    MISREPRESENTATION**
7.  **FRAUD**
8.  **UNFAIR BUSINESS PRACTICES
    [Bus. & Prof. § 17200** *et seq.***]**
9.  **DECLARATORY RELIEF**
10. **INJUNCTIVE RELIEF**
11. **SPECIFIC PERFORMANCE**

**AND DEMAND FOR JURY TRIAL**

22      Plaintiffs BERNARD WARD and COLEEN HALLORAN allege against Defendants GMAC

23  MORTGAGE, LLC and DOES 1-20 as follows:

24                          **GENERAL ALLEGATIONS**

25      1.      The entirety of this Complaint is pled upon information and belief, and each allegation

26  contained here is likely to have evidentiary support after a reasonable opportunity for further

27  investigation or discovery.

28

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIALCOMPLAINT FOR:

**Parties and Jurisdiction:**

2.     Plaintiff COLLEEN HALLORAN is a resident of San Francisco, California. COLLEEN HALLORAN holds power of attorney for Plaintiff BERNARD WARD, and at all times material to this complaint she resided in the City and County of San Francisco.

3.     The real property at issue herein is situated at 3300 Kirkham Street, in the City and County of San Francisco, California.

4.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint Defendant GMAC MORTGAGE, LLC ("GMAC") was a limited liability company organized under the laws of the State of Delaware, duly qualified to do business in the State of California.

5.     Plaintiffs are ignorant of the true names and capacities of Defendants sued in this complaint as Does 1 through 20, and each of them, and therefore sue these Defendants by fictitious names. Plaintiffs will amend this complaint to allege these Defendants' true names and capacities when ascertained.

6.     At all times mentioned in this Complaint, GMAC and Does 1 through 20, and each of them, were individuals or business entities, form unknown, who resided or did business in the State of California.

7.     Plaintiffs are informed, believe, and thereon allege that each Defendant is contractually, strictly, negligently, intentionally, vicariously, or otherwise legally responsible in some manner for the acts, omissions and occurrences, alleged in this complaint, and thereby were the proximate cause of Plaintiffs' damages as set forth herein.

8.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, each of the Defendants was the agent and employee of each of the other remaining Defendants, and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment, and each defendant has ratified and approved the acts of its agent.

9.     Plaintiffs are informed, believe, and allege, that each of the Defendants was the successor in interest to each of the remaining Defendants, and on that basis is liable for any act or omission of the Defendants alleged in this Complaint.

- 2 -
COMPLAINT AND DEMAND FOR JURY TRIAL

10.    Plaintiffs are informed, believe, and allege that venue is proper in this county because one of the Defendants resides here, the property at issue is located here, and the transactions at issue herein occurred in the City and County of San Francisco.

**General Factual Allegations:**

11.    On or about 2001, Plaintiffs purchased certain real property known as 3300 Kirkham Street, in the City and County of San Francisco California ("Subject Property").

12.    On or about October 25, 2006, Plaintiffs entered into a Mortgage and Deed of Trust to Secure Property and promissory note dated October 25, 2006 secured by the Mortgage and Deed of Trust to Secure Property for the mortgage loan on the Subject Property (collectively "Mortgage Loan").

13.    Plaintiffs made each payment due under the Mortgage Loan.

14.    Plaintiffs are informed, believe, and thereon allege that at some time in early 2010, the Mortgage Loan was transferred to GMAC.  The Mortgage Loan for the subject property is administered by GMAC as Loan No.█████8940.  GMAC expressly or impliedly, was assigned all the rights and liabilities under the Mortgage Loan and thereby took of the benefits of the Mortgage Loan and became liable to Plaintiff for all liabilities arising under the execution of the Mortgage Loan and performance of the terms of the Mortgage Loan.

15.    In approximately May 2009, Plaintiffs began experiencing financial difficulties in making their monthly payments.

16.    In or about December 2009 GMAC began non-judicial foreclosure proceedings related to the Subject Property.

17.    In or about August 2010 Plaintiffs, through their counsel, requested a loan modification pursuant to the Home Affordable Modification Program ("HAMP").

18.    On or about August 26, 2010, GMAC sent correspondence to Plaintiffs denying a loan modification under HAMP claiming that the principal balance exceed the program limits.

19.    On or about September 9, 2010, counsel for Plaintiffs sent correspondence to GMAC Loss Mitigation further attempting to cure the delinquent amounts owing and negotiate a loan modification for Loan No. █████8940 for the Subject Property.  Additional financial analysis for

 

1  Plaintiffs was provided to GMAC demonstrating that Plaintiffs were eligible for loan modification

2  under HAMP.

3      20.    On or about January 14, 2011, Plaintiffs and GMAC entered into a written Repayment

4  Agreement ("Repayment Agreement"). A true and correct copy of the Repayment Agreement is

5  attached hereto as Exhibit 1 and incorporated herein as though fully set forth in full. The Repayment

6  Agreement expressly amended and supplemented (1) the Mortgage and Deed of Trust to Secure

7  Property for the Subject Property dated October 25, 2006; and (2) the promissory note dated October

8  25, 2006 secured by the Mortgage and Deed of Trust to Secure Property for the Subject Property dated

9  October 25, 2006. GMAC is expressly identified as the Lender in these documents. The Repayment

10 Agreement set forth a payment schedule to be made to suspend foreclosure activity on the account:

11 payments of $3,260.26 due on February 1, 2011, March 1, 2011, and April 1, 2011.

12     21.    Plaintiffs timely made all required payments under the Repayment Agreement.

13     22.    In accordance with the Repayment Agreement, on or about January 23, 2011 payment

14 in the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the February obligation. This

15 payment was accepted by GMAC.

16     23.    In accordance with the Repayment Agreement, on or about February 19, 2011, payment

17 in the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the March obligation. This

18 payment was accepted by GMAC.

19     24.    In accordance with the Repayment Agreement, on or about March 22, 2011, payment in

20 the amount of $3,260.26 was made by Plaintiffs to GMAC to meet the April obligation. This payment

21 was accepted by GMAC. True and correct copies of checks establishing payments made by Plaintiffs

22 and accepted by GMAC pursuant to the Repayment Agreement are attached hereto as Exhibit 2.

23     25.    On or about April 21, 2011, an individual who identified himself as an agent at Loss

24 Mitigation at GMAC informed counsel for Plaintiff in a telephone conference that Plaintiffs have been

25 approved as of April 21, 2011, for a permanent modified traditional modification to the loan with an

26 APR of 2.88% ("Permanent Loan Modification"). The 432 modified payments of principal, interest,

27 and PMI were to be $3,253.24 per month.

28     26.    Counsel for Plaintiffs confirmed the approval of the Permanent Loan Modification and

- 4 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  the modified loan terms in correspondence sent via email and facsimile to GMAC Loss Mitigation on

2  April 22, 2011, noting that while he was informed that the paperwork may not arrive in time for a May

3  1 payment, Plaintiffs would proceed to make the first payment on May 1 on a timely basis. A true and

4  correct copy of this correspondence is attached hereto as Exhibit 3 and incorporated herein.

5       27.     Plaintiffs performed under the Permanent Loan Modification making payment in the

6  amount of $3,253.24 to GMAC on or about April 26, 2011, to meet the May obligation. A copy of this

7  check is attached hereto as Exhibit 4. This payment was accepted by GMAC.

8       28.     On or about April 28, 2011, GMAC sent the paperwork to Plaintiffs' counsel via United

9  States mail in the form of a letter **confirming that the traditional permanent loan modification was**

10 **approved on April 21, 2011**, with an effective date of May 1, 2011. The correspondence confirms

11 that the scheduled monthly payment was $3,253.24. A true and correct copy of this correspondence is

12 attached hereto as Exhibit 5 and incorporated herein. The parties were then in contract for the

13 Permanent Loan Modification.

14      29.     Despite the fact that GMAC was aware Plaintiffs were represented by counsel, almost

15 one month after GMAC had entered into the Permanent Loan Modification with Plaintiff, GMAC sent

16 a letter sent via United States mail dated May 17, 2011 to Plaintiffs' home stating that Plaintiffs'

17 request for a loan modification was denied because "[w]e service your loan on behalf of an investor or

18 group of investors that has not given us authority to modify your loan under the program requested."

19 A true and correct copy of this correspondence is attached hereto as Exhibit 6 and incorporated herein.

20 The letter further states "[w]e will continue to work with you to explore other options that may be

21 available for your circumstances." This letter was not received by Plaintiffs until May 21, 2011.

22      30.     Unbeknownst and with no notice to Plaintiffs or their counsel, and in violation of the

23 Permanent Loan Modification, on May 20, 2011, GMAC foreclosed on the Subject Property and

24 allegedly sold it at a public sale that same date.

25      31.     Upon receipt of the May 17, 2011 correspondence from GMAC, Plaintiffs' counsel

26 immediately contacted GMAC on May 23, 2007, where they were informed for the first time by the

27 foreclosure company for GMAC that the property was purchased by GMAC. An individual who

28 identified himself as an agent of GMAC, "Brett Becker" (800) 850-4622 ext. 2367483 ("Brett"), also

1    stated in reference to the May 17 letter that the "investor group" was Wells Fargo Bank. This is the

2    first time Plaintiffs had heard that GMAC allegedly was not the owner of the Mortgage Loan.

3        32.    At all times and in all oral and written communications with the Plaintiffs prior to this

4    communication GMAC had identified themselves as the holder of the Mortgage Loan. At all times

5    and in all dealings with Plaintiffs GMAC represented and held itself out as all times as having the final

6    authority to approve and enter into contracts related to the Mortgage Loan.

7        33.    Later that day, Plaintiffs' counsel sent via facsimile and email a Notice of Dispute for

8    illegal foreclosure and breach of contract to Loss Mitigation for GMAC demanding that it

9    acknowledge and perform under the Permanent Loan Modification, and accordingly to set aside the

10    wrongful foreclosure and sale of the Subject Property.

11        34.    In several conversations with the GMAC agent identified as Brett, counsel for Plaintiffs

12    was informed that the foreclosure process for the Subject Property was "under review" by GMAC and

13    "working its way up the ladder," and that while this process was underway the status quo at the

14    property would be maintained, and there would be no further sale or transfer of the property in any

15    fashion. This agreement to preserve the status quo was confirmed in writing by Plaintiffs' counsel in

16    correspondence sent to GMAC via facsimile and email on May 25, 2011.

17        35.    In correspondence sent to Plaintiffs via United States mail dated May 23, 2011, GMAC

18    enclosed check no. 12184971 issued by GMAC Mortgage, in the amount of $3,715.42 made payable to

19    BERNARD V. WARD. The accompanying unsigned cover letter did not state what the check

20    represents, or why it was issued to WARD. Instead the letter states that "these funds do not represent

21    the full amount due to reinstate your account at this time." Plaintiffs are informed and believe and

22    thereon allege that this payment by GMAC was an attempt to refund the payment made by Plaintiffs

23    pursuant to the Permanent Loan Modification, and constituted a breach of the Permanent Loan

24    Modification by refusing to accept timely tendered funds in accordance with the agreement. The letter

25    then goes on to state that the account "has been transferred to our attorney to begin foreclosure

26    proceedings." This is statement is false, as the property was foreclosed on and *sold to GMAC* on May

27    20, *three days before* GMAC claims in this correspondence that it will begin foreclosure process. A

28    true and correct copy of this correspondence is attached hereto as Exhibit 7 and incorporated herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

36. On June 3, 2011, in violation of the oral representations of GMAC's agent Brett that the status quo at the property would be maintained, and that there would be no further sale or transfer of the Subject Property in any fashion while the foreclosure and sale were under review, agents of GMAC posted a notice to quit on the Subject Property, effectively beginning eviction proceedings to disposes Plaintiffs of their rightful possession of the property under the Permanent Loan Modification.

37. To date GMAC has refused to honor and abide by the terms of the Permanent Loan Modification.

38. To date GMAC has also failed to produce promissory note showing the owner of the Subject Property, and the holder of mortgage.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against all Defendants)

39. Plaintiffs incorporate by reference paragraphs 1-38 as though fully set forth here.

40. On April 21, 2011, GMAC and Plaintiffs entered into a contract for a Permanent Loan Modification for the mortgage on the Subject Property. This contract was confirmed in written correspondence dated April 28, 2011 by GMAC to Plaintiff's counsel.

41. At all times GMAC represented to Plaintiffs and Plaintiffs' agents that they were the lender and held the promissory note, and had the actual and final authority to enter in to contracts related to the Mortgage Loan for the Subject Property.

42. Plaintiffs have performed all conditions, covenants, and promises required on Plaintiff's part to be performed in accordance with the terms and conditions of the agreement.

43. GMAC breached their contract with Plaintiffs by returning the payment made by Plaintiffs pursuant to the April 21, 2011 Permanent Loan Modification.

44. GMAC further breached their contract by foreclosing on the Subject Property in violation of the April 21, 2011 Permanent Loan Modification.

45. GMAC further breached their contract with Plaintiffs by selling the Subject Property in violation of the April 21, 2011 Permanent Loan Modification.

46. GMAC further breached the contract with Plaintiffs by beginning eviction procedures against Plaintiffs in violation of their rightful possessory rights pursuant to the April 21, 2011

COMPLAINT AND DEMAND FOR JURY TRIAL



1  Permanent Loan Modification.

2       47.     In addition to attorney's fees and costs incurred to enforce the contract between GMAC

3  and Plaintiffs, Plaintiffs are wrongfully in danger of losing their home, the equity in their home, have

4  suffered damage to their creditworthiness, and the title to the Subject Property has been damaged by

5  Defendants wrongful recording of documents and notices.  The repeated misrepresentations and refusal

6  to honor their written and oral agreements has caused Plaintiffs to suffer constant anxiety and to suffer

7  severe emotional distress throughout the loan modification process to the present.  Plaintiffs have

8  incurred money damages in an amount to be determined at trial.

9                           **SECOND CAUSE OF ACTION**

10                              **(Negligence Against GMAC)**

11      48.     Plaintiffs incorporate by reference paragraphs 1-47 as though fully set forth here.

12      49.     As all times relevant herein, GMAC, acting as lender and loan servicer, had a duty to

13  exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and

14  fulfill the other incidents attendant to the maintenance, accounting, and servicing of loan records,

15  including but not limited to accurate crediting of payments made by Plaintiffs.

16      50.     In the taking of the actions alleged above, and in failing to take the action alleged

17  above, GMAC breached their duty of care and skill to Plaintiffs in the servicing of Plaintiffs' loan by,

18  among other things, failing to accurately credit the payments made under the Permanent Loan

19  Modification, preparing and filing false documents, foreclosing on the Subject Property, and sale of the

20  Subject Property without having the legal authority and proper documentation to do so.

21      51.     As a direct and proximate result of the negligence and carelessness of GMAC Plaintiff

22  has suffered attorney's fees and costs incurred to enforce the contract between GMAC and Plaintiffs,

23  Plaintiffs are wrongfully in danger of losing their home, the equity in their home, have suffered

24  damage to their creditworthiness, and the title to the Subject Property has been damaged by Defendants

25  wrongful recording of documents and notices.  The repeated misrepresentations and refusal to honor

26  their written and oral agreements has caused Plaintiffs to suffer constant anxiety and to suffer severe

27  emotional distress throughout the loan modification process to the present.  Plaintiffs have incurred

28  money damages in an amount to be determined at trial.

-8-

## THIRD CAUSE OF ACTION

### (Wrongful Foreclosure Against all Defendants)

52.     Plaintiffs incorporate by reference paragraphs 1-51 as though fully set forth here.

53.     Plaintiffs and GMAC had a valid written contract to cure any prior default on the Subject Property and to modify the loan payments.

54.     Plaintiffs performed all necessary terms as required by the contract.

55.     Under such circumstances Defendants and each of them had no valid basis for exercising the power of sale under the non-judicial foreclosure statutes, Civil Code § 2920 *et seq*.

56.     The Mortgage Loan documents permitted foreclosure of the borrower only if in default, but Plaintiffs were not in default, as the Mortgage Loan was modified by the Permanent Loan Modification and Plaintiffs timely met all of their obligations under the Permanent Loan Modification.

57.     The foreclosure was therefore invalid and void as there was no legal basis for the foreclosure exercised by GMAC.

58.     Plaintiffs have been damaged by the wrongful foreclosure.  Plaintiffs' credit has been impaired, and they are threatened with the eminent loss of their property despite the fact that they have made all payments in accordance with the loan agreement.  Unless enjoined, Plaintiffs will suffer irreparable harm and will not have an adequate remedy at law.

59.     As a proximate result of the negligent actions of both Defendants, Plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

## FOURTH CAUSE OF ACTION

### (To Set Aside Wrongful Sale Against All Defendants)

60.     Plaintiffs incorporate by reference paragraphs 1-59 as though fully set forth here.

61.     GMAC never had the legal authority to exercise the power of sale as an assignee of the Mortgage Loan because although the loan documents permitted the foreclosure if the borrower was in default, the loan was not in default because it was modified by the Permanent Loan Modification, and Plaintiffs has timely met all of their obligations under the Permanent Loan Modification.

62.     Plaintiff is informed and believes, and thereon alleges that GMAC was the purchaser of

- 9 -

1  the Subject Property at the sale.  GMAC had actual knowledge of the Permanent Loan Modification

2  and Plaintiffs' legitimate interests in the property pursuant to the Permanent Loan Modification.

3         63.     Therefore for the reasons stated herein, the sale was at all times void due to the

4  wrongful non-judicial foreclosure.

5         64.     Plaintiffs are therefore entitled to a order setting aside the sale and canceling any

6  transfer of the deed to the Subject Property.

7  <center>**FIFTH CAUSE OF ACTION**</center>

8  <center>**(Intentional Misrepresentation Against All Defendants)**</center>

9         65.     Plaintiffs incorporate by reference paragraphs 1-64 as though fully set forth here.

10         66.     Defendants and each of them represented to Plaintiffs that they were working with them

11  to secure a loan modification and to cure the default in the property; that Plaintiffs had been approved

12  for a permanent loan modification as of April 21, 2011 with an effective date of May 1, 2011; that

13  GMAC was the Lender under the promissory note; that GMAC had authority to enter into contract

14  regarding the Mortgage Loan on the Subject Property; and that following the wrongful foreclosure and

15  sale of the Subject Property on May 20, 2011, that while these transactions were under review by

16  GMAC the status quo at the Subject Property would remain the same and there would be no efforts by

17  GMAC to further no further sale or transfer of the property in any fashion.

18         67.     These representations were false.  GMAC has not acknowledged or performed under

19  the April 21, 2011 Permanent Loan Modification, and following the discovery of the wrongful

20  foreclosure and sale of the Subject Property, despite numerous oral and written representations,

21  GMAC suddenly on May 23, 2007 represented for the first time that it was in fact not lender and had

22  no authority to enter into agreements without the consent of the holder of the lender and holder of the

23  promissory note for the Subject Property.  On this same date GMAC represented for the first time that

24  the lender and holder of the promissory note for the Subject Property was Wells Fargo Bank.  Plaintiff

25  is informed and believes, and thereon alleges that the representation that Wells Fargo Bank was not the

26  holder of the promissory note for the Subject Property, but that explanation was used in efforts to avoid

27  performance by GMAC under the Permanent Loan Modification.

28         68.     At all times alleged herein GMAC had superior knowledge to Plaintiffs as to its status

1   under the promissory note, and the identity of the holder of the promissory note for the Subject

2   Property. Despite numerous demands to GMAC by Plaintiffs, GMAC has refused to produce the

3   promissory note for the Subject Property.

4        69.    GMAC by and through its agents knew that the representations were false when they

5   were made, or that the representations were made recklessly and without regard for the truth.

6        70.    GMAC intended that Plaintiffs rely on his representations, and accepted Plaintiffs'

7   performance under the Permanent Loan Modification.

8        71.    As a proximate cause of the fraud and deceit alleged, Plaintiffs have sustained damages,

9   including, attorney's fees and costs to enforce the terms of the written Permanent Loan Modification,

10  and diminution in the value and equity in the properties, in an amount to be determined at trial. In

11  addition, Plaintiffs have been forced to pay costs and attorneys' fees. Plaintiffs have been damaged in

12  the amount to be determined at trial.

13       72.    In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud,

14  and malice as defined in Civil Code § 3294, and Plaintiffs are entitled to punitive damages to make an

15  example of and to punish these Defendants in addition to actual damages.

16              **SIXTH CAUSE OF ACTION**

17           **(Negligent Misrepresentation Against All Defendants)**

18       73.    Plaintiffs incorporate by reference paragraphs 1-72 as though fully set forth here.

19       74.    Defendants and each of them represented to Plaintiffs that they were working with them

20  to secure a loan modification and to cure the default in the property; that Plaintiffs had been approved

21  for a permanent loan modification as of April 21, 2011 with an effective date of May 1, 2011; that

22  GMAC was the Lender under the promissory note; that GMAC had authority to enter into contract

23  regarding the Mortgage Loan on the Subject Property; and that following the wrongful foreclosure and

24  sale of the Subject Property on May 20, 2011, that while these transactions were under review by

25  GMAC the status quo at the Subject Property would remain the same and there would be no efforts by

26  GMAC to further no further sale or transfer of the property in any fashion.

27       75.    GMAC has not acknowledged or performed under the April 21, 2011 Permanent Loan

28  Modification, and following the discovery of the wrongful foreclosure and sale of the Subject Property,

1  despite numerous oral and written representations, GMAC suddenly on May 23, 2007 represented for

2  the first time that it was in fact not lender and had no authority to enter into agreements without the

3  consent of the holder of the lender and holder of the promissory note for the Subject Property. On this

4  same date GMAC represented for the first time that the lender and holder of the promissory note for

5  the Subject Property was Wells Fargo Bank. Plaintiff is informed and believes, and thereon alleges

6  that the representation that Wells Fargo Bank was not the holder of the promissory note for the Subject

7  Property, but that explanation was used in efforts to avoid performance by GMAC under the

8  Permanent Loan Modification.

9      76.    At all times alleged herein GMAC had superior knowledge to Plaintiffs as to its status

10  under the promissory note, and the identity of the holder of the promissory note for the Subject

11  Property. Despite numerous demands to GMAC by Plaintiffs, GMAC has refused to produce the

12  promissory note for the Subject Property.

13      77.    GMAC by and through its agents had no reasonable ground for believing the

14  representations were when they were made.

15      78.    GMAC intended that Plaintiffs rely on their representations, and accepted Plaintiffs'

16  performance under the Permanent Loan Modification.

17      79.    Plaintiffs reasonably relied on GMAC's representations as GMAC at all times in their

18  dealing with Plaintiffs held themselves out as the lender under the promissory note for the Subject

19  Property and as having the authority to enter into contract related to the Mortgage Loan on the Subject

20  Property.

21      80.    Plaintiffs' reliance on Defendant's representation was a substantial factor in causing

22  Plaintiffs' harm.

23      81.    As a proximate cause of the acts alleged, Plaintiffs have sustained damages, including,

24  attorney's fees and costs to enforce the terms of the written Permanent Loan Modification, and

25  diminution in the value and equity in the properties, in an amount to be determined at trial. In addition,

26  Plaintiffs have been forced to pay late payment fees, and costs to remove liens, and attorneys' fees

27  necessary to do so. Plaintiffs have been damaged in the amount to be determined at trial.

28

## SEVENTH CAUSE OF ACTION

### (Fraud Against All Defendants)

82.     Plaintiffs incorporate by reference paragraphs 1-81 as though fully set forth here.

83.     GMAC had actual knowledge of the Permanent Loan Modification and the material terms, the actual status of Plaintiff's account, the notices, assignments, and transfers of the Promissory Note, and terms and status of the Mortgage Loan. GMAC made representations to Plaintiffs orally and in writing that they were the lender under the promissory note, that they owned the note, and that they had full and final authority to enter into and make contracts regarding the Mortgage Loan on the Subject Property which they knew to be false.

84.     GMAC had actual knowledge that Plaintiff made payments pursuant to the Permanent Loan Modification, and had actual knowledge that Plaintiff had performed all obligations required under the Permanent Loan Modification, and provided proof of those payments to GMAC, yet GMAC used the material information in its possession to foreclose on the Subject Property and to subsequently purchase the Subject Property that same day.

85.     Additionally GMAC concealed material facts known to them but not to Plaintiffs payments regarding notices, payments, assignments, and transfers related to the Mortgage Loan and promissory note on the Subject Property with the intent to defraud Plaintiffs.

86.     The Defendants made the above-referenced false representations, concealments, and non-disclosures with knowledge of the misrepresentations intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs' justifiably relied upon, resulting to detriment to their credit standing, costs, and loss of their property. Plaintiffs were unaware of the true facts, and if Plaintiffs had known the true facts, Plaintiffs would have among other things taken immediate legal action to save their house

87.     As a result of GMAC's fraudulent conduct, Plaintiffs have suffered compensatory, general, and special damages in an amount according to proof.

88.     In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud, and malice as defined in Civil Code section 3294, and Plaintiffs are entitled to punitive damages to make an example of and to punish these Defendants in addition to actual damages.

## EIGHTH CAUSE OF ACTION
### (Unfair Business Practices Against All Defendants)

89.     Plaintiffs incorporate by reference paragraphs 1-88 as though fully set forth here.

90.     California Business & Professions Code section 17200 *et seq.* prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice …" and conduct which is likely to deceive and is fraudulent within the meaning of Section 17000.

91.     As more fully described above, GMAC's acts and practices are likely to deceive, constituting a fraudulent business act or practice.  This conduct is ongoing and continues to date.

92.     Specifically, GMAC engages in deceptive business practices in the servicing of mortgage loans, loan modifications, assignments of notes, deeds of trusts, and foreclosures of residential mortgages foreclosure by, among other things (1) concealing material facts related to mortgage loans, loan modifications, assignments of notes, deeds and trusts for loans which they service; (2) failing to properly and accurately credit customer payments to loans and loan modifications; (3) improperly characterizing customers loans as being in default in order to foreclose on the managed property; (4) treating borrowers as if they are in default on their loans although they have meet all of the obligations due thereunder; (4) systematically refusing to acknowledge and perform valid oral and written agreements entered into with borrowers; (5) executing and recording false and misleading documents.

93.     The forgoing business practices have caused substantial harm to California consumers.

94.     As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of GMAC, Plaintiffs and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted fees, costs, damage to creditworthiness and emotional distress to enforce their legal rights.

95.     By reason of the foregoing, GMAC have been unjustly enriched and should be required to disgorge their illegal profits and/or make restitution to Plaintiffs and other consumers who have been harmed, and GMAC should be enjoined from continuing in such practices pursuant to Business and Professions Code sections 17203 and 17204.  Plaintiffs are therefore entitled to injunctive relief and attorney's fees.

## NINTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

96.   Plaintiffs incorporate by reference paragraphs 1-95 as though fully set forth here.

97.   A dispute has arisen between and among Plaintiffs and Defendants and each of them as to duties and obligations of the respective parties with regard to the Subject Property, the Mortgage Loan, and the foreclosure and sale of the Subject Property.

98.   Plaintiffs have right to title and possession of the Subject Property pursuant to the Permanent Loan Modification.

99.   Defendants have taken actions in violation of their statutory, legal, and contractual duties.  An actual dispute exists between the parties as to the ownership of the Subject Property and the enforcement of the Permanent Loan Modification.

100.   These disputes also include, but are not limited to, the ownership rights and the validity of the foreclosure and sale of the Subject Property.

101.   A judicial declaration of rights and duties of the parties herein are necessary and appropriate to determine the actual status and validity of the promissory note, deed of trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees, foreclosure and sale related to the Subject Property, and each party's respective rights thereto.

## TENTH CAUSE OF ACTION

### (Injunctive Relief Against All Defendants)

102.   Plaintiffs incorporate by reference paragraphs 1-101 as though fully set forth here.

103.   Defendants and each of them engaged in wrongful acts in foreclosing on the subject property in breach of the written permanent loan modification and subsequently selling the subject property to GMAC.  The further alienation, transfer, sale, or encumbrance of this property by Defendants and each of them will cause Plaintiffs irreparable injury unless restrained by an order of this Court.  Plaintiffs are in immediate damager of irreparable injury as the subject real property is unique, and Defendants' alienation, transfer, sale, or encumbrance of this property would interfere with Plaintiff's legitimate rights to this property, including but not limited to ownership, possession, use, and enjoyment.

- 15 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1      104.   Plaintiffs have no adequate remedy at law for the injuries which they will suffer if the

2  acts of GMAC are not restrained.

3      105.   Unless the acts of GMAC are restrained the situation of Plaintiffs will be materially

4  worsened in that they will be dispossessed of their home, the residence will be further wrongfully

5  transferred or encumbered.

6                        **ELEVENTH CAUSE OF ACTION**

7                    **(Specific Performance Against GMAC)**

8      106.   Plaintiffs incorporate by reference paragraphs 1-105 as though fully set forth here.

9      107.   Plaintiffs and GMAC had a valid, written contract for a Permanent Loan Modification

10  for the Subject Property.

11      108.   Pursuant to the terms of the contract upon the performance of Plaintiffs, Plaintiffs were

12  to hold and maintain rightful title to the Subject Property and were entitled to all rights and privileges

13  attendant thereto, including but not limited to use and possession of the Subject Property.

14      109.   Plaintiffs have performed all conditions, covenants, and promises required on

15  Plaintiff's part to be performed in accordance with the terms and conditions of the agreement.

16      110.   GMAC breached the contract by refusing to accept Plaintiffs payments in performance

17  on the Permanent Loan Modification, refusing to acknowledge and honor the written Permanent Loan

18  Modification, foreclosing on the Subject Property in violation of the Permanent Loan Modification,

19  and selling the property in violation of the Permanent Loan Modification.

20      111.   To date despite multiple demands by Plaintiffs, GMAC has refused to honor and

21  perform under the terms of the Permanent Loan Modification.

22      112.   Due the wrongful acts of GMCA, Plaintiffs have been dispossessed of their rightful

23  ownership interest in the Subject Property, and the rights to performance of GMAC under the

24  Permanent Loan Modification.

25      113.   Plaintiffs have no other adequate remedy at law to reinstate their rights and the benefits

26  due to them under the Permanent Loan Modification.

27      114.   Accordingly, Plaintiffs are entitled to an order from the Court requiring GMAC to

28  acknowledge and perform under the Permanent Loan Modification.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs BERNARD WARD and COLEEN HALLORAN pray for judgment against Defendants, and each of them, on all causes of action as follows:

1.    Actual damages suffered according to proof at trial;

2.    For a declaration of the rights and duties of the parties, specifically that the foreclosure of the Subject Property was wrongful;

3.    For an order setting aside the wrongful sale of the subject property and canceling any wrongful transfer of title attendant thereto;

4.    For a Temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants from engaging in the following acts:

    a.  Evicting Plaintiffs from the Subject Property;

    b.   Offering or advertising the Subject Property for sale; and

    c.  Transferring or conveying title to the Subject Property to any person or entity.

5.    For an order compelling Defendants to specifically perform the under the April 21, 2011 Permanent Loan Modification;

6.    Prejudgment interest at the maximum legal rate;

7.    Punitive damages according to proof;

8.    Court costs and Attorney's fees; and

9.    Any other and further relief that the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs BERNARD WARD and COLEEN HALLORAN demand a jury trial on each and all of the causes of action set forth in this Complaint.

DATED: June 8, 2011

                                  MURPHY, PEARSON, BRADLEY & FEENEY

                                  By

                                    Timothy J. Halloran
                                    Attorneys for Plaintiffs
                                    BERNARD WARD and COLLEEN HALLORAN

20262218.doc


# GMAC Mortgage

P.O. Box 4622
Waterloo, IA 50704-4622

01/14/2011

6

BERNARD V WARD
3300 KIRKHAM STREET
SAN FRANCISCO CA 94122

Re: Loan Number ███8940

Property    3300 KIRKHAM STREET
SAN FRANCISCO CA 94122-0000

Dear BERNARD V WARD

This Repayment Agreement, ('Agreement'), Made 01/14/2011, (the 'Effective Date'), between BERNARD V WARD and GMAC Mortgage, LLC, ('Lender') and amends and supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated 10/25/2006 and (2) the promissory note ('Note') bearing the same date as , and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument.

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows, (notwithstanding anything to the contrary in the Note or Security Instrument):

1. Payments must be received on or before the due date provided for in this Agreement or the Agreement will be null and void.

2. All payments must be mailed to:

   GMAC Mortgage, LLC
   Attn: Payment Processing Center
   3451 Hammond Avenue
   Waterloo, IA 50702

3. There presently remains an outstanding indebtedness to the "Lender" pursuant to a note (the 'Note') and mortgage (the 'Mortgage') or equivalent Security Instrument executed on 10/25/2006 in the original principal amount of $905,000.00.

4. This Agreement, as well as any subsequent modification of your original Note and Mortgage, will require you to escrow for the payment of your real state taxes and\or the premiums for any required insurance coverage. Any prior waiver of escrows by the "Lender" is no longer in effect. "Lender" will draw on this escrowed funds to pay your real estate taxes and insurance premiums as they come due.

EXHIBIT 1

Please note that your escrow payment amount will adjust if your taxes, insurance premiums, mortgage insurance premiums, and/or assessment amounts change, so the amount of your monthly payment will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $575.12. This amount is included in the loan payment; you do not need to remit this amount separately.

5. "Lender" has instituted foreclosure proceedings against the property securing the indebtedness and the foreclosure will continue to be in full force and effect until the default described herein is cured except as otherwise provided for in this agreement.

6. "Lender" agrees to suspend foreclosure activity on your delinquent account provided that you execute and return this Agreement, along with the initial payment toward the delinquency in the amount of $3,260.26, by 02/01/2011.

7. You will be required to make 3 payments according to the following schedule.

| Date | Amount |
|---|---|
| 02/01/2011 | $3,260.26 |
| 03/01/2011 | $3,260.26 |
| 04/01/2011 | $3,260.26 |

If you were previously required to remit payments by certified funds, this requirement extends through the Workout Plan.

8. Once all scheduled payments have been received, your situation will be reviewed to determine the best option for resolving the remaining delinquency.

9. If you file for bankruptcy protection, at any time during the period covered by this Agreement and the schedule of payments, this Agreement will be automatically voided.

10. We will honor this Agreement as long as all of the described conditions and requirements are met. If, at any time, you fail to comply with any of the provisions of this Agreement, this Agreement will be considered null and void and we will resume foreclosure.

11. If the Agreement is cancelled, terminated, or rescinded for any reason, all funds received will be applied to your loan and none will be refunded.

12. It is expressly understood and agreed that the default is not cured or waived by acceptance of any monies paid hereunder.

If you should have any questions, please contact us at 1-800-850-4622.

Loan Modification Department

**Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose only.**

Loan Number ███ 8940

Please sign and return this Agreement by 02/01/2011.

_Colleen M Lallour_  Power of attorney for Bernard V Ward 1-23-

**BERNARD V WARD**                    Date                                                                          Date

Fax to: 1-866-340-5043

Check #7108 cleared on 02/01/2011 for $3,260.26                    https://rb.sffire...org/User/MainTransactions/List?Page=7&Ac...

**BERNARD V. WARD**
**COLLEEN M. HALLORAN**
3300 KIRKHAM ST
SAN FRANCISCO, CA 94122

7108

11-7650/3210

1/23/11

Pay to the
Order of    GMAC Mortgage                                    $ 3260.26

— three thousand two hundred sixty 26/100    Dollars

SF Fire Credit Union
3201 California Street
San Francisco, CA 94118-1903
(888) 499 FIRE  www.sffirecu.org

For ▮▮▮▮▮ 3940

3 of 1

EXHIBIT 2

5/23/11 5:03 PM

Check #7118 cleared on 02/25/2011 for $3,260.26          https://rb.sffire...org/User/MainTransactions/List?Page=5&Ac...



BERNARD V. WARD
COLLEEN M. HALLORAN
3300 KIRKHAM ST
SAN FRANCISCO, CA 94122

7118
11-7650/3210

Date 2/19/11

Pay to the Order of    GMAC Mortgage    $ 3260.26

Three thousand five hundred Sixty + 26/100    Dollars

SF Fire Credit Union
3201 California Street
San Francisco, CA 94118-1903

For ( _____ 8940 )    Colleen M Halloran

Check #7139 cleared on 04/01/2011 for $3,266.26

https://rb.sffire.org/User/MainTransactions/List?Page=3&Ac...



BERNARD V. WARD
COLLEEN M. HALLORAN
3300 KIRKHAM ST
SAN FRANCISCO, CA 94122

7139
11-7650/3210

3-22-11    Date

Pay to the
Order of    G-MAC    NB    $ 3266.26

Three thousand two hundred sixty 26/100    Dollars

SF Fire Credit Union
3201 California Street
San Francisco, CA 94118-1803

Colleen M Halloran

1 of 1    5/23/11 4:59 PM



**MURPHY PEARSON
BRADLEY & FEENEY**

A Professional Corporation

WWW.MPBF.COM

88 Kearny Street, Suite 1000
San Francisco, CA 94108
Telephone  415-788-1900
Facsimile  415-393-8087
thalloran@mpbf.com

April 22, 2011

**VIA FACSIMILE AND EMAIL**

Loss Mitigation
233 Gibraltar Road, Suite 600
Horsham, PA  19044
Fax: 866-709-4744
Email: financialpackage@gmacm.com

> **Re:**  **Ward: GMAC**
> **Account Number**  ███████ 8940
> **Our File No.:  ZZTM.989105.1**

Dear Sir or Madam:

This will confirm my recent conversation with your unit confirming that the borrower has been approved, as of April 21, 2011, for a modified traditional modification with an APR rate of 2.88%. The 432 modified payments of principal, interest, and PMI amount to $3,253.24 per month. The principal and interest payment of that sum being $2,678.12.

I understand that while it has been approved, the paperwork may not arrive in time for a May 1 payment date and that my clients will proceed to make the first payment on May 1 in a timely basis.

If there are any questions or if this information is in any way inaccurate, please confer with me via email at the above email account or by facsimile.

Very truly yours,

Timothy J. Halloran

TJH:tlh.20156547

EXHIBIT 3

SAN FRANCISCO          LOS ANGELES          SACRAMENTO

Check #7156 cleared on 05/02/2011 for $3,253.24

**BERNARD V. WARD**
**COLLEEN M. HALLORAN**
3300 KIRKHAM ST
SAN FRANCISCO, CA 94122

APR 29 2011

7156

11-7680/3210

4-26-11

Pay to the
Order of _GMAC Mortgage Co_    $3,253.24

Three thousand two hundred fifty three 34/100 Dollars

**SF Fire Credit Union**
3201 California Street
San Francisco CA 94118-1908
(888) 499 FIRE  www.sffire...

For _Loan #_    8940    _Colleen M Halloran_

1 of 1

EXHIBIT 4

5/3/11 5:06 PM

# GMAC Mortgage

April 28, 2011

Timothy J Halloran
88 Kearny Street Suite 1000
San Francisco CA 94108

BY: TH

RE:     Account Number        ███████8940
        Mortgagor             Bernard V Ward
        Property Address      3300 Kirkham Street
                              San Francisco CA 94122

Dear Timothy J Halloran:

This letter is in response to your inquiry regarding loan modification on the above referenced account.

Please be advised, the traditional permanent modification was approved on April 21, 2011 with an effective date of May 1, 2011. As indicated in your correspondence, the scheduled monthly payment of $3,253.24 includes the principal and interest payment being $2,678.12. The modified interest rate is 2.875%.

With any questions regarding the loan modification, please contact our Loss Mitigation Department at 1-800-850-4622.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

DC

www.gmacmortgage.com      Tel: (800)766-4622
3451 Hammond Ave
Waterloo, IA 50702


EXHIBIT 5

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

05/17/11

BERNARD V WARD

3300 KIRKHAM STREET

SAN FRANCISCO      CA 94122

RE:   Account Number       ▇940
      Property Address    3300 KIRKHAM STREET

                   SAN FRANCISCO       CA 94122-0000

Dear   BERNARD V WARD

In connection with your request for a loan modification, we regret to inform you that your
request has been denied for the following reason(s):

[]   The financial information provided shows you have insufficient income to support your
request. We recommend you consider selling your property. If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

[]   The financial information provided shows that your income is sufficient to cover your
existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]   While you do not have sufficient income to support all of your monthly expenses, some of
your expenses could be reduced. We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

[]   We previously requested additional information from you which has not been
received; therefore, we are unable to continue our review for workout solutions.

[X]   We service your loan on behalf of an investor or group of investors that has not given us
authority to modify your loan under the program requested.

EXHIBIT 6

05/17/11
Account Number 8940
Page Two

[] The payment we received does not represent the correct amount as specified in the agreement.

[] The required payment was not received by the payment due date as specified in the agreement.

[] We have not received the properly signed and executed agreement.

[] You did not meet the requirement (s) for the Home Affordable Unemployment Program.

[] We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[]

[]

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 877-928-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department

Loan Servicing



05/17/11
Account Number ███████8940
Page Three

Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:** If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

**Residents of North Carolina:** **If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks, website, www.nccob.gov.**

**Residents of New York:** **If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Banking Department at 1-877-226-5697 or www.banking.state.ny.us.**

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: Equifax Information Services LLC,

Address: P.O. Box 740241, Atlanta, GA 30374-0241

Telephone number: 800-685-1111   www.equifax.com

*If you have any questions regarding this notice, you should contact:*
Creditor's name: GMAC Mortgage, LLC
Creditor's address: PO Box 780  Waterloo IA 50704-0780
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission,
5:90

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

05/23/11

BERNARD V WARD

3300 KIRKHAM STREET
SAN FRANCISCO    CA 94122

RE:    Account Number      ████8940
       Property Address    3300 KIRKHAM STREET
                           SAN FRANCISCO    CA 94122-0000

Dear   BERNARD V WARD

PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Enclosed please find GMAC Mortgage, LLC check in the amount of $3,715.42. These funds do not represent the full amount due to reinstate your account at this time.

Your account has been transferred to our attorney to begin foreclosure proceedings. Additional fees and costs have incurred. If it is your intent to reinstate your account in full, please contact the attorney below for the reinstatement amounts. Only the correct amount in the form of certified funds will be acceptable.

       EXECUTIVE TRUSTEE SERVICES, LLC
       1100 Virgina Drive (190-FTW-D40)
       Fort Washington PA 19034
       800-665-3932

If you cannot afford to reinstate your mortgage, there may be alternatives available to help you avoid foreclosure. Contact the Loss Mitigation Department at GMAC Mortgage, LLC immediately at 800-850-4622 to discuss these options.

Foreclosure Department
Loan Servicing

7:53

EXHIBIT 7

| CHECK DATE | PAYEE | ID | ORG | CHECK NO | AMOUNT |
|---|---|---|---|---|---|
| 05  23  11 | BERNARD V WARD | 0000000000000 | | 12184971 | 3,715.42 |
| | | | | REQUESTED BY | |

| I.D.#/DUE DATE | ADDRESS | DESCRIPTION/ID NUMBER | AMOUNT |
|---|---|---|---|
| | | OTHER | |
| | | ████ 8940 | |
| | | CSH/ LETTER 7:53 | |
| | | GC | |

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW.

| CHECK DATE | **GMAC Mortgage** | CHECK NO. | JPMorgan Chase Bank, N.A. Chicago, Illinois | AMOUNT | 70-2322 719 |
|---|---|---|---|---|---|
| 05  23  11 | | 12184971 | | $3,715.42 | |

**THREE THOUSAND SEVEN HUNDRED FIFTEEN DOLLARS AND 42 CENTS**

PAY TO THE
ORDER OF

GMAC MORTGAGE DISBURSEMENTS

BERNARD V WARD

3300 KIRKHAM STREET

SAN FRANCISCO    CA    94122

VOID AFTER 60 DAYS