1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10            Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            July 13, 2016

19            4:08 PM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2   Telephone Conference, on the Record, Regarding Reed Claims

3   Objection.   Pre-trial Conference set for 09/15/2016 at 10:00 am.

4   Trial set for September 26 at 9:00 AM, continuing day to day on

5   September 27th, September 28th, September 29th and September

6   30th.

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Transcribed by:   Penina Wolicki

21   eScribers, LLC

22   700 West 192nd Street, Suite #607

23   New York, NY 10040

24   (973)406-2250

25   operations@escribers.net

3

1

2  A P P E A R A N C E S :  (TELEPHONICALLY)

3  REED SMITH LLP

4       Attorneys for ResCap Borrower Claims Trust

5       1717 Arch Street

6       Suite 3100

7       Philadelphia, PA 19103

8

9  BY:   BARBARA K. HAGER, ESQ.

10

11

12

13  FRANK J. REED, IV

14       Claimant - Pro Se

15

16

17

18

19

20

21

22

23

24

25

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                        **4**

1                        P R O C E E D I N G S

2              THE COURT:  All right, this is Judge Glenn.  We're on

3    the record in Residential Capital, number 12-12020.  This is a

4    telephone conference scheduled pursuant to paragraph 4 of an

5    order entered by the Court on June 30th, 2016.

6              May I have the appearances, please?

7              MR. REED:  Frank Reed, pro se.

8              THE COURT:  Thanks, Mr. Reed.

9              MS. HAGER:  Good afternoon, Your Honor.  This is

10   Barbara Hager with Reed Smith, counsel for the ResCap Borrower

11   Claims Trust.

12             THE COURT:  Okay.  Ms. Hager, tell me where we are.

13             MS. HAGER:  Yes, Your Honor.  Mr. Reed served us with

14   a request to have Mr. Marquis' deposition on July 19th.  Mr.

15   Marquis is the Borrower Claims Trus'st rebuttal expert on

16   credit.

17             I had several email conversations with Mr. Reed about

18   scheduling of the deposition.  Ultimately, Mr. Reed requested

19   that we have the deposition proceed in Philadelphia at Reed

20   Smith's office, which is contrary to what is listed in the

21   order.  Your Honor had wanted us to be in New York.  I think

22   that was due to a presumed convenience for Mr. Reed at the

23   time.

24             Based on his current position, he prefers it in

25   Philadelphia, and it's certainly fine with us.  And we will

1  make Mr. Marquis available at the scheduled date and time,

2  again, which is next week on the 19th.

3          THE COURT:  Let me just stop you there.  That's fine

4  with me.  If the parties agree that it's in Philadelphia,

5  that's satisfactory to me.

6          MS. HAGER:  Okay, thank you.  So with respect to the

7  deposition of a representative of the Trust and also a request

8  for production of documents that was served, I did have some

9  concerns about those that I wanted to discuss today, which I

10 brought to Mr. Reed's attention yesterday, but I think he was

11 out of town and couldn't really access his documents to talk

12 about it.

13         Specifically, Mr. Reed served the trust with a request

14 for production of documents and also a notice of deposition.

15 The notice of deposition sets the deposition for July 29th.  No

16 location was listed in the notice, but Mr. Reed and I discussed

17 it, and that one will proceed in Philadelphia at Reed Smith's

18 offices as well.  The parties agreed to that.

19         He, earlier this week, I believe, asked if we could

20 change the date from July 29th to a date that's earlier in that

21 week, I believe the 26th or the 27th.  I checked with our

22 witness, and our witness is not available those days due to

23 prior commitments.  So I've got her set for the 29th as

24 noticed; and she'll be made available in Philadelphia, as I

25 said.

1      THE COURT:  Okay, that's -- Mr. Reed, does that work

2  for you?

3      MR. REED:  Yes.  Yes, Your Honor.

4      THE COURT:  Okay, that's fine.  Go ahead, Ms. Hager.

5      MS. HAGER:  Now, I mentioned a concern.  In the

6  deposition notice, Mr. Reed listed out his topic areas, as Your

7  Honor had directed, and he has listed seventeen different topic

8  areas.  By and large, Your Honor, I believe them to be

9  generally overbroad and vague.  But more specifically, they

10  don't seem to relate to the damages that are at issue.

11      Likewise, there's a similar issue in the request for

12  production of documents which there are, I think, a similar

13  number of topic areas; and likewise, the vast majority of those

14  don't appear to pertain to the damages that are being sought at

15  this time.

16      I can go through and give some examples, to maybe give

17  some context.  I'm look --

18      MR. REED:  Let -- can I just interject something?

19  Your Honor, I am wholeheartedly amenable to reducing the list

20  and going through it in a congenial matter with Ms. Hager so as

21  not to trouble the Court, and if we can't come up with a

22  solution in the next couple of days, I would like her to, you

23  know, refer back to you.  But I'm more than welcome for her

24  input.  You know, sometimes, as I said, I do things that I --

25  or do one of these things that are outside the scope of what

1    we're trying to accomplish.  And I think we can possibly work

2    together on this to reduce it, if not eliminate the concern.

3            THE COURT:  Well, let me just say -- and I do want you

4    to try and do that.  Given that Mr. Reed is not a lawyer, I've

5    tried to bend over backwards throughout within appropriate

6    limits to see if we can work this through and get this trial

7    done.

8            I would note that in paragraph 1 of the June 30th

9    order, the last sentence provides:  "The documents requested

10   must relate to Mr. Reed's business opportunities and ventures

11   for which he is seeking damages."

12           So that is the operative -- in my view, the operative

13   provision of the order concerning discovery -- scheduling

14   discovery.  I think the two of you ought to try -- let me ask

15   you, Ms. Hager, have you tried to work through this with Mr.

16   Reed so far?

17           MS. HAGER:  Well, Your Honor, I did, but it was

18   perhaps on short notice.  I emailed him yesterday a

19   comprehensive email, and he, I think was out of town.

20           THE COURT:  Okay.

21           MS. HAGER:  And he responded to my email but said that

22   he didn't have access and didn't have time at that moment to go

23   through and respond.  So what I hear him saying now is he just

24   needs a little more time to take a look at what he asked for.

25   And yeah, I'm happy to work with him on it.  My only concern

1  would be maybe not so much with the documents as with the

2  topics for the deposition that I've got my witness set to come

3  on the 29th.  I told her that probably after this status

4  conference today, I'd get back with her and tell her whether or

5  not she should go ahead and book her travel, et cetera.

6          My concern would be that if we wait a couple days,

7  which then spills over into early next week, and still have an

8  issue, we'll be back here perhaps talking Tuesday or Wednesday

9  of next week, not sure what the resolution of that will be, but

10 then I'm bumping up against the 29th as my deadline.  Well, I

11 should say it's actually Mr. Reed's deadline.  But I, of

12 course, have a concern about my witness and her schedule.

13         So as long as Mr. Reed is understanding of that time

14 constraint --

15         MR. REED:  Yes.

16         MS. HAGER:  -- if we can work through this within the

17 next couple of days, I'm happy to do that.

18         THE COURT:  Well, here's what I'd like to do.  And I

19 do want you to -- it does need to be done quickly, because

20 we've got to hold -- I'm going to hold you all to the deadlines

21 on completing the discovery.  So I'm going to schedule another

22 telephone conference for Monday, July 18th at 12 noon.  And Ms.

23 Hager, I'd ask you to arrange the call-in information for it.

24 Is that date and time available to you, Ms. Hager?

25         MS. HAGER:  I'm available at that date and time, Your

1    Honor.

2            THE COURT:  Mr. Reed are you available then?

3            MR. REED:  Yes.

4            THE COURT:  Okay.  This has got to get resolved by

5    then, it seems to me, because Ms. Hager has to be able to

6    prepare her witness.

7            MR. REED:  I'll --

8            THE COURT:  So the two of you really ought to try and

9    talk tomorrow and see if you could hammer this out.  If you're

10   able to resolve these issues so that the -- I'm fitting this

11   telephone conference in, in an otherwise busy day in a busy

12   week next week.  And so if you're able to work this out

13   satisfactorily, Ms. Hager, just file a short letter and call

14   one of my law clerks and let her know it's unnecessary to have

15   the telephone conference on Monday, July 18th, at noon.  Okay?

16           MS. HAGER:  Yes, Your Honor.

17           THE COURT:  Okay.  I'll give Mr. Reed a chance to

18   speak in a minute.  But are there any other issues you want to

19   raise, Ms. Hager?

20           MS. HAGER:  No, Your Honor, that was it.  Thank you.

21           THE COURT:  Okay.  Mr. Reed, go ahead.

22           MR. REED:  Yeah, I have an issue.  The transcripts and

23   exhibits from the depositions that have been over for quite

24   some time, I was under the impression that I was going to

25   receive, and I have not received them.

1          THE COURT:  I'm just having a little trouble hearing

2     you, so just say it again for me, if you would?

3          MR. REED:  In our last -- in our last hearing in New

4     York, Ms. Hager agreed to provide to me the copies of

5     deposition transcripts and the exhibits from those depositions

6     so that I could not have to pay for them, and I had time to

7     review them.  And I thought I would be getting them, you

8     know -- there was nothing said, but I presumed that she had

9     them and that I would be getting them shortly thereafter, but I

10    have yet to get them.

11         THE COURT:  Okay.  Let me ask Ms. Hager about that.

12         MR. REED:  I'll find it if I could, so --

13         THE COURT:  Okay, stop, Mr. Reed.  Let me just -- I

14    remember the discussion.  I have the transcript here as well,

15    if I have to look at it.  But I copied -- I brought the

16    transcript out as well.  But what's the answer, Ms. Hager?

17         MS. HAGER:  Yes, Your Honor.  We did agree to that.

18    We will certainly get them out.  I at some point had a

19    conversation with my assistant about it.  I think at the time

20    we didn't have all the transcripts back, and we definitely

21    didn't have all the exhibits back.  And I think we -- sort of,

22    it went by the wayside, and my apologies for that.

23         I will certainly get those out.  She's out this week.

24    I --

25         THE COURT:  No, you're going to have to have somebody

1    else.  I want Mr. Reed to have them --

2                MS. HAGER:  Okay.

3                THE COURT:  -- by Friday at --

4                MS. HAGER:  I'll have somebody look for it.

5                THE COURT:  -- at noon.

6                MS. HAGER:  Sure.

7                THE COURT:  Because I want -- he may have some issues

8    after he gets copies of them to finalize an agreement with you,

9    which is fair.  I didn't give you a deadline.  I had assumed it

10   would happen fairly quickly.  But I'm giving you a deadline,

11   Friday at noon to get him the transcripts and the exhibits.

12               MS. HAGER:  Sure, we'll have that happen.

13               THE COURT:  Okay.  Mr. Reed, is that okay?

14               MR. REED:  It's -- Your Honor, I'll deal with whatever

15   I can.  I appreciate your help.

16               THE COURT:  Okay.  And make sure you let Ms. Hager

17   know where you want them delivered.  Okay?  I don't want Ms.

18   Hager to make -- to be clear, when I'm setting that deadline,

19   that's not to put them in the mail, that's to actually have

20   them in Mr. Reed's hands.

21               MR. REED:  We trade things electronically.  Is that --

22               THE COURT:  I'll leave it to the two of you.

23   Hopefully you'll -- that you ought to be able to solve, okay?

24               MR. REED:  Okay.

25               MS. HAGER:  Yes, Your Honor.

1          THE COURT:  Okay.  Any other issues, Mr. Reed?

2          MR. REED:  Not at this moment, Your Honor.

3          THE COURT:  Okay.  All right.  I appreciate you both

4    working cooperatively to move this along.  And so you'll let me

5    know, Ms. Hager, whether we need to go ahead with the phone

6    conference on Monday, July 18th at noon.  Okay?

7          MS. HAGER:  Yes, Your Honor.

8          THE COURT:  Okay, thanks very much, everybody.  We're

9    adjourned.

10          MS. HAGER:  Thank you.

11       (Whereupon these proceedings were concluded at 4:21 PM)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                        C E R T I F I C A T I O N

3

4    I, Penina Wolicki, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9    _Penina Wolicki_

10   _____

11   PENINA WOLICKI

12   AAERT Certified Electronic Transcriber CET**D-569

13

14   eScribers

15   700 West 192nd Street, Suite #607

16   New York, NY 10040

17

18   Date:  July 14, 2016

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

July 13, 2016

## A

**able (4)**
9:5,10,12;11:23
**access (2)**
5:11;7:22
**accomplish (1)**
7:1
**actually (2)**
8:11;11:19
**adjourned (1)**
12:9
**afternoon (1)**
4:9
**again (2)**
5:2;10:2
**against (1)**
8:10
**agree (2)**
5:4;10:17
**agreed (2)**
5:18;10:4
**agreement (1)**
11:8
**ahead (4)**
6:4;8:5;9:21;12:5
**along (1)**
12:4
**amenable (1)**
6:19
**apologies (1)**
10:22
**appear (1)**
6:14
**appearances (1)**
4:6
**appreciate (2)**
11:15;12:3
**appropriate (1)**
7:5
**areas (3)**
6:6,8,13
**arrange (1)**
8:23
**assistant (1)**
10:19
**assumed (1)**
11:9
**attention (1)**
5:10
**available (6)**
5:1,22,24;8:24,25;
9:2

## B

**back (5)**
6:23;8:4,8;10:20,
21
**backwards (1)**
7:5
**Barbara (1)**

**4:10**
**Based (1)**
4:24
**bend (1)**
7:5
**book (1)**
8:5
**Borrower (2)**
4:10,15
**both (1)**
12:3
**brought (2)**
5:10;10:15
**bumping (1)**
8:10
**business (1)**
7:10
**busy (2)**
9:11,11

## C

**call (1)**
9:13
**call-in (1)**
8:23
**can (6)**
6:16,18;7:1,6;
8:16;11:15
**Capital (1)**
4:3
**certainly (3)**
4:25;10:18,23
**cetera (1)**
8:5
**chance (1)**
9:17
**change (1)**
5:20
**checked (1)**
5:21
**Claims (2)**
4:11,15
**clear (1)**
11:18
**clerks (1)**
9:14
**commitments (1)**
5:23
**completing (1)**
8:21
**comprehensive (1)**
7:19
**concern (5)**
6:5;7:2,25;8:6,12
**concerning (1)**
7:13
**concerns (1)**
5:9
**concluded (1)**
12:11
**conference (6)**
4:4;8:4,22;9:11,

**15;12:6**
**congenial (1)**
6:20
**constraint (1)**
8:14
**context (1)**
6:17
**contrary (1)**
4:20
**convenience (1)**
4:22
**conversation (1)**
10:19
**conversations (1)**
4:17
**cooperatively (1)**
12:4
**copied (1)**
10:15
**copies (2)**
10:4;11:8
**counsel (1)**
4:10
**couple (3)**
6:22;8:6,17
**course (1)**
8:12
**COURT (29)**
4:2,5,8,12;5:3;6:1,
4,21;7:3,20;8:18;9:2,
4,8,17,21;10:1,11,13,
25;11:3,5,7,13,16,
22;12:1,3,8
**credit (1)**
4:16
**current (1)**
4:24

## D

**damages (3)**
6:10,14;7:11
**date (5)**
5:1,20,20;8:24,25
**day (1)**
9:11
**days (4)**
5:22;6:22;8:6,17
**deadline (5)**
8:10,11;11:9,10,18
**deadlines (1)**
8:20
**deal (1)**
11:14
**definitely (1)**
10:20
**delivered (1)**
11:17
**deposition (10)**
4:14,18,19;5:7,14,
15,15;6:6;8:2;10:5
**depositions (2)**
9:23;10:5

**different (1)**
6:7
**directed (1)**
6:7
**discovery (3)**
7:13,14;8:21
**discuss (1)**
5:9
**discussed (1)**
5:16
**discussion (1)**
10:14
**documents (6)**
5:8,11,14;6:12;
7:9;8:1
**done (2)**
7:7;8:19
**due (2)**
4:22;5:22

## E

**earlier (2)**
5:19,20
**early (1)**
8:7
**electronically (1)**
11:21
**eliminate (1)**
7:2
**else (1)**
11:1
**email (3)**
4:17;7:19,21
**emailed (1)**
7:18
**entered (1)**
4:5
**et (1)**
8:5
**everybody (1)**
12:8
**examples (1)**
6:16
**exhibits (4)**
9:23;10:5,21;
11:11
**expert (1)**
4:15

## F

**fair (1)**
11:9
**fairly (1)**
11:10
**far (1)**
7:16
**file (1)**
9:13
**finalize (1)**
11:8
**find (1)**

**10:12**
**fine (3)**
4:25;5:3;6:4
**fitting (1)**
9:10
**Frank (1)**
4:7
**Friday (2)**
11:3,11

## G

**generally (1)**
6:9
**gets (1)**
11:8
**Given (1)**
7:4
**giving (1)**
11:10
**Glenn (1)**
4:2
**Good (1)**
4:9

## H

**HAGER (34)**
4:9,10,12,13;5:6;
6:4,5,20;7:15,17,21;
8:16,23,24,25;9:5,
13,16,19,20;10:4,11,
16,17;11:2,4,6,12,16,
18,25;12:5,7,10
**hammer (1)**
9:9
**hands (1)**
11:20
**happen (2)**
11:10,12
**happy (2)**
7:25;8:17
**hear (1)**
7:23
**hearing (2)**
10:1,3
**help (1)**
11:15
**here's (1)**
8:18
**hold (2)**
8:20,20
**Honor (16)**
4:9,13,21;6:3,7,8,
19;7:17;9:1,16,20;
10:17;11:14,25;12:2,
7
**Hopefully (1)**
11:23

## I

**impression (1)**

12-12020-mg    Doc 9983    Filed 07/14/16    Entered 07/15/16 15:04:11    Main Document

RESIDENTIAL CAPITAL, LLC, et al.                    Pg 15 of 16
Case No. 12-12020-mg                                                                July 13, 2016

9:24
**information (1)**
  8:23
**input (1)**
  6:24
**interject (1)**
  6:18
**into (1)**
  8:7
**issue (4)**
  6:10,11;8:8;9:22
**issues (4)**
  9:10,18;11:7;12:1

## J

**Judge (1)**
  4:2
**July (6)**
  4:14;5:15,20;8:22;
  9:15;12:6
**June (2)**
  4:5;7:8

## L

**large (1)**
  6:8
**last (3)**
  7:9;10:3,3
**law (1)**
  9:14
**lawyer (1)**
  7:4
**leave (1)**
  11:22
**letter (1)**
  9:13
**Likewise (2)**
  6:11,13
**limits (1)**
  7:6
**list (1)**
  6:19
**listed (4)**
  4:20;5:16;6:6,7
**little (2)**
  7:24;10:1
**location (1)**
  5:16
**long (1)**
  8:13
**look (4)**
  6:17;7:24;10:15;
  11:4

## M

**mail (1)**
  11:19
**majority (1)**
  6:13
**Marquis (2)**

4:15;5:1
**Marquis' (1)**
  4:14
**matter (1)**
  6:20
**May (2)**
  4:6;11:7
**maybe (2)**
  6:16;8:1
**mentioned (1)**
  6:5
**minute (1)**
  9:18
**moment (2)**
  7:22;12:2
**Monday (3)**
  8:22;9:15;12:6
**more (3)**
  6:9,23;7:24
**move (1)**
  12:4
**much (2)**
  8:1;12:8
**must (1)**
  7:10

## N

**need (2)**
  8:19;12:5
**needs (1)**
  7:24
**New (2)**
  4:21;10:3
**next (6)**
  5:2;6:22;8:7,9,17;
  9:12
**noon (5)**
  8:22;9:15;11:5,11;
  12:6
**note (1)**
  7:8
**notice (5)**
  5:14,15,16;6:6;
  7:18
**noticed (1)**
  5:24
**number (2)**
  4:3;6:13

## O

**office (1)**
  4:20
**offices (1)**
  5:18
**one (3)**
  5:17;6:25;9:14
**only (1)**
  7:25
**operative (2)**
  7:12,12
**opportunities (1)**

7:10
**order (4)**
  4:5,21;7:9,13
**otherwise (1)**
  9:11
**ought (3)**
  7:14;9:8;11:23
**out (9)**
  5:11;6:6;7:19;9:9,
  12;10:16,18,23,23
**outside (1)**
  6:25
**over (3)**
  7:5;8:7;9:23
**overbroad (1)**
  6:9

## P

**paragraph (2)**
  4:4;7:8
**parties (2)**
  5:4,18
**pay (1)**
  10:6
**perhaps (2)**
  7:18;8:8
**pertain (1)**
  6:14
**Philadelphia (5)**
  4:19,25;5:4,17,24
**phone (1)**
  12:5
**please (1)**
  4:6
**PM (1)**
  12:11
**point (1)**
  10:18
**position (1)**
  4:24
**possibly (1)**
  7:1
**prefers (1)**
  4:24
**prepare (1)**
  9:6
**presumed (2)**
  4:22;10:8
**prior (1)**
  5:23
**pro (1)**
  4:7
**probably (1)**
  8:3
**proceed (1)**
  4:19;5:17
**proceedings (1)**
  12:11
**production (3)**
  5:8,14;6:12
**provide (1)**
  10:4

**provides (1)**
  7:9
**provision (1)**
  7:13
**pursuant (1)**
  4:4
**put (1)**
  11:19

## Q

**quickly (2)**
  8:19;11:10
**quite (1)**
  9:23

## R

**raise (1)**
  9:19
**really (2)**
  5:11;9:8
**rebuttal (1)**
  4:15
**receive (1)**
  9:25
**received (1)**
  9:25
**record (1)**
  4:3
**reduce (1)**
  7:2
**reducing (1)**
  6:19
**REED (36)**
  4:7,7,8,10,13,17,
  18,19,22;5:13,16,17;
  6:1,3,6,18;7:4,16;
  8:13,15;9:2,3,7,17,
  21,22;10:3,12,13;
  11:1,13,14,21,24;
  12:1,2
**Reed's (4)**
  5:10;7:10;8:11;
  11:20
**refer (1)**
  6:23
**relate (2)**
  6:10;7:10
**remember (1)**
  10:14
**representative (1)**
  5:7
**request (4)**
  4:14;5:7,13;6:11
**requested (2)**
  4:18;7:9
**ResCap (1)**
  4:10
**Residential (1)**
  4:3
**resolution (1)**
  8:9

**resolve (1)**
  9:10
**resolved (1)**
  9:4
**respect (1)**
  5:6
**respond (1)**
  7:23
**responded (1)**
  7:21
**review (1)**
  10:7
**right (2)**
  4:2;12:3

## S

**satisfactorily (1)**
  9:13
**satisfactory (1)**
  5:5
**saying (1)**
  7:23
**schedule (2)**
  8:12,21
**scheduled (2)**
  4:4;5:1
**scheduling (2)**
  4:18;7:13
**scope (1)**
  6:25
**se (1)**
  4:7
**seeking (1)**
  7:11
**seem (1)**
  6:10
**seems (1)**
  9:5
**sentence (1)**
  7:9
**served (3)**
  4:13;5:8,13
**set (2)**
  5:23;8:2
**sets (1)**
  5:15
**setting (1)**
  11:18
**seventeen (1)**
  6:7
**several (1)**
  4:17
**short (2)**
  7:18;9:13
**shortly (1)**
  10:9
**similar (2)**
  6:11,12
**Smith (1)**
  4:10
**Smith's (2)**
  4:20;5:17

**solution (1)**
  6:22
**solve (1)**
  11:23
**somebody (2)**
  10:25;11:4
**sometimes (1)**
  6:24
**sort (1)**
  10:21
**sought (1)**
  6:14
**speak (1)**
  9:18
**Specifically (2)**
  5:13;6:9
**spills (1)**
  8:7
**status (1)**
  8:3
**still (1)**
  8:7
**stop (2)**
  5:3;10:13
**sure (4)**
  8:9;11:6,12,16

**T**

**talk (2)**
  5:11;9:9
**talking (1)**
  8:8
**telephone (4)**
  4:4;8:22;9:11,15
**Thanks (2)**
  4:8;12:8
**thereafter (1)**
  10:9
**thought (1)**
  10:7
**throughout (1)**
  7:5
**today (2)**
  5:9;8:4
**together (1)**
  7:2
**told (1)**
  8:3
**tomorrow (1)**
  9:9
**topic (3)**
  6:6,7,13
**topics (1)**
  8:2
**town (2)**
  5:11;7:19
**trade (1)**
  11:21
**transcript (2)**
  10:14,16
**transcripts (4)**
  9:22;10:5,20;

  11:11
**travel (1)**
  8:5
**trial (1)**
  7:6
**tried (2)**
  7:5,15
**trouble (2)**
  6:21;10:1
**Trus'st (1)**
  4:15
**Trust (3)**
  4:11;5:7,13
**try (3)**
  7:4,14;9:8
**trying (1)**
  7:1
**Tuesday (1)**
  8:8
**two (3)**
  7:14;9:8;11:22

**U**

**Ultimately (1)**
  4:18
**under (1)**
  9:24
**unnecessary (1)**
  9:14
**up (2)**
  6:21;8:10

**V**

**vague (1)**
  6:9
**vast (1)**
  6:13
**ventures (1)**
  7:10
**view (1)**
  7:12

**W**

**wait (1)**
  8:6
**wayside (1)**
  10:22
**Wednesday (1)**
  8:8
**week (8)**
  5:2,19,21;8:7,9;
  9:12,12;10:23
**welcome (1)**
  6:23
**what's (1)**
  10:16
**Whereupon (1)**
  12:11
**wholeheartedly (1)**
  6:19

**within (2)**
  7:5;8:16
**witness (5)**
  5:22,22;8:2,12;9:6
**work (7)**
  6:1;7:1,6,15,25;
  8:16;9:12
**working (1)**
  12:4

**Y**

**yesterday (2)**
  5:10;7:18
**York (2)**
  4:21;10:4

**1**

**1 (1)**
  7:8
**12 (1)**
  8:22
**12-12020 (1)**
  4:3
**18th (3)**
  8:22;9:15;12:6
**19th (2)**
  4:14;5:2

**2**

**2016 (1)**
  4:5
**26th (1)**
  5:21
**27th (1)**
  5:21
**29th (5)**
  5:15,20,23;8:3,10

**3**

**30th (2)**
  4:5;7:8

**4**

**4 (1)**
  4:4
**4:21 (1)**
  12:11