Hearing Date and Time: (if ordered by Court)
Response Deadline: (if ordered by Court)

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                ) Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL LLC et al.,                       ) Chapter 11
                                                      )
            Debtors.                                  ) Jointly Administered
                                                      )
                                                      )
                                                      )


# MOTION FOR RECUSAL AND/OR DISQUALIFICATION
# PURSUANT TO F.R.B.P. 5004 AND 28 U.S.C. § 455

**Proof of Claim Nos.: 3708, 3759, 4736, 4759**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Frank Reed ("Reed") hereby respectfully moves the Court pursuant to Federal Rule of Bankruptcy Procedure 5004 and 28 U.S.C. § 455 for recusal of Judge Martin Glenn from Reed's claims against the ResCap Borrower Trust. I respectfully submit that recusal is warranted on two grounds: (1) Judge Glenn has expressly found me to not be a credible witness with respect testimony which I provided during the evidentiary hearing held on September 15-16, 2014; and (2) Judge Glenn has developed and displayed an undeniably antagonistic view of myself and my claims. In light of the District Court's partial reversal of this Court's October 6, 2014 decision, and the remand for further hearing and trial, Judge Glenn will again sit as the trier of fact with respect to my remanded claims, and will again be presented with my testimonial evidence. Accordingly, I respectfully submit that recusal is warranted and necessary.

I must note that this motion is not born of any personal issues with the Court – indeed, I like and respect Judge Glenn, and I appreciate that the Court has had to deal with this particular bankruptcy on a constant basis for practically four years. Nonetheless, my only concern is that there be no doubt that my claims and evidence will be considered without any partiality, and that I not start from a position where I am already viewed as an "exaggerat[or]"[1], a "hardly deserving claimant"[2], and as not being credible[3].

## BACKGROUND FACTS/SUMMARY

1.  The crux of my claims and contentions is straightforward – when I missed two mortgage payments with respect to a residential property located at 817 Matlack Drive, Moorestown, New Jersey, debtor GMACM filed a foreclosure action against me without any prior notice, in direct contravention of the terms of the mortgage contract and New Jersey statutory obligations. The only immediate right of action that the Debtor had upon the mortgage

---

[1] See Transcript of August 11, 2014 telephone hearing at page 10, line 24. [ECF Doc # 7383].
[2] See October 6, 2014 Memorandum Opinion and Order at page 52. [ECF Doc # 7619].
[3] See, for example, October 6, 2014 Memorandum Opinion and Order at pages 26-27. [ECF Doc # 7619].

default was the right to send a notice of an intention to foreclose, with an opportunity to cure. The mortgage contract specifically enjoined the parties from taking "any judicial action" without first giving notice.

2.  However, the Debtor instead filed a foreclosure action without having providing the statutorily and contractually required notice. It was also discovered, during the course of this bankruptcy proceeding, that the Debtor did not even have standing to file the foreclosure action in that it had not been assigned the mortgage and note when it filed the foreclosure action, yet the Debtor stated that it did. [ECF Doc # 7619, pg.12[4]]

3.  An evidentiary hearing regarding my permitted claims was held by the Court on September 15 and 16, 2014. [ECF Doc # 7560, 7561].

4.  The Court issued a Memorandum Opinion and Order on October 6, 2014, dismissing numerous of my claims, but also holding in part that the Debtor's conduct in filing the foreclosure action was wrongful, and awarding as damages the attorney fees I incurred in the underlying state court action. [ECF Doc # 7619]

5.  I filed a Notice of Appeal on October 20, 2014, asserting numerous grounds for appeal, including my position that the Court erred when, prior to the evidentiary hearing, it *sua sponte* dismissed a large portion of my damage claims and ordered that I could only seek damages regarding, and present evidence with respect to, the foreclosure property. [ECF Doc # 7674]

6.  On appeal, the District Court agreed, holding that the Court erred when it summarily excluded my indirect damage claims and remanding "for further proceedings to

---

[4] The Court stated in its October 6, 2014 opinion that: "the record before this Court establishes that GMACM did not have standing to bring the Foreclosure Action when it was filed for three reasons: First, GMACM did not obtain an assignment of the Mortgage until after the Foreclosure Action was filed; second, the assignment to GMACM that was executed on behalf of MERS by GMACM's employee, Jeffrey Stephan, falsely stated that MERS transferred the Note to GMACM, an impossibility since MERS did not own or have authority to transfer the Note; and third, GMACM did not hold the Note or demonstrate that it was given authority to bring the Foreclosure Action on behalf of the noteholder. These grounds would have been fatal to GMACM's effort to foreclose on the Property when it commenced the Foreclosure Action, apart from GMACM's failure to provide the Reeds with the NOI under New Jersey's FFA."

determine whether the Reeds suffered any cognizable damages caused by the Foreclosure Action, but not directly related to the Property". [15-cv-02375-GHW, Document 16, pg.18-19][5]

7. Accordingly, the remanded claims are to be heard and decided by Judge Glenn, and a scheduling conference is to be held on June 24, 2016.

8. Judge Glenn has, at numerous points during this litigation, made his decidedly antagonistic feelings known regarding my character, credibility and deservedness as a claimant.

9. The Court, acting as trier of fact, stated in its October 6, 2014 decision its opinion and conclusion that I am not a credible witness. [ECF Doc # 7619, pg.26-27]

10. The Court also stated in its decision that I am an "undeserving" claimant. [ECF Doc # 7619, pg.1, 52]

11. It is clear that Judge Glenn's view of my claims has been clouded by the fact that I am a defaulted mortgage borrower, having made many references to that fact during the course of this litigation, often in response to my specific claim that the Debtor did not have a right to foreclose when it did, and despite the fact that my default status is absolutely not relevant to my claims. My default status is not a defense to, nor is it actually material to, the wrongs that I have alleged (and to a degree, proven) and the damages that those wrongs caused.

12. Nonetheless, Judge Glenn stated in the October 6, 2014 decision that, "[t]he Reeds are hardly deserving claimants; they have resided in the Property for the majority of the time that has passed since early 2008 without paying their mortgage, late charges, property taxes or insurance premiums". [ECF Doc # 7619, pg.52]

13. Judge Glenn also stated in the decision that, "[t]his is a case involving, on the one hand, seemingly undeserving borrowers—who have not paid their mortgage, property taxes, or

---

[5] The District Court stated in its December 23, 2015 decision that: "New Jersey law requires that the Reeds' damages be "ascertainable" or "foreseeable." But the law does not support the exclusion of indirect damages, such as lost profits, so long as they meet those requirements. The court's conclusory culling of a category of damages prior to the evidentiary hearing created the possibility that an ascertainable or foreseeable loss directly caused by the Foreclosure Action was overlooked".

homeowners' insurance for over seven years but continue to occupy their home". [ECF Doc # 7619, pg.1]

14. In addition to characterizing me as an undeserving claimant, Judge Glenn has on numerous occasions exhibited frustration, impatience and antagonism at my contention that the Debtor's filing of the subject foreclosure action was improper and unwarranted, always retorting in those instances with the wholly irrelevant fact that I am a defaulted mortgage borrower who has not made payments in many years and with the incorrect statement the Debtor had an absolute right to foreclose.

15. For example, Judge Glenn stated as follows during the July 9, 2014 objection hearing:

> THE COURT: [...] GMACM tried to fix the problem, and the [state] trial court found it didn't work; the fix didn't work. And so Mr. Reed has apparently, quite successfully, lived in this house since how long without mortgage payment, 2008?
>
> MR. REED: That's correct, Your Honor.
>
> THE COURT: Okay.
>
> MR. REED: But I -- I would have had a house free and clear.
>
> THE COURT: Well, I don't know whether you would have or not, but you've lived in this house since 200- -- Mr. Reed has lived in the house since 2008 without making a single mortgage payment. But GMACM was unsuccessful in its efforts to foreclose, and apparently gave up after the second effort.
>
> [ECF Doc # 7259, 64:2-15]

16. Judge Glenn also stated the following during the July 9, 2014 objection hearing:

> THE COURT: Their fault was in not being able to establish they gave you the required notice.
>
> MR. REED: Their fault was filing foreclosure without -
>
> THE COURT: Nonsense. Nonsense. You didn't pay your mortgage, that's why they filed a foreclosure. New York -- New Jersey law requires something very specific to commence a foreclosure action, and they couldn't prove that they did it. And so you were successful in getting the foreclosure action dismissed without prejudice -- without prejudice. It wasn't a malicious use of process.

[ECF Doc # 7259, 82:17-83:2]

------------

> THE COURT: Commencing a foreclosure action against somebody who hadn't paid their mortgage is not a malicious use of process. They couldn't -- the foreclosure action was dismissed without prejudice because they didn't satisfy the technical requirement of the foreclosure act, not that they didn't have the absolute right to commence a foreclosure against you.

[ECF Doc # 7259, 84:9-14].

17. Judge Glenn further stated in the July 11, 2014 Order which resulted from the objection hearing:

> As the Court said at the hearing, nothing presented in the Claims or the Response supports a claim for malicious use of process. The Foreclosure Action was instituted because the Reeds were delinquent on their mortgage payments. The Reeds have not made any mortgage payments on this loan since January 4, 2008. The Reeds cannot establish a claim for malicious use of process, and the Trust's Objection to this claim (Claim No. 6) is SUSTAINED.

[ECF Doc. # 7246, pg.9].

18. Judge Glenn also irately stated the following during the September 16, 2014 evidentiary hearing:

> MR. REED: [...] Being served with the foreclosure itself [without any prior notice] blew my mind and my wife's mind.
>
> THE COURT: Mr. Reed, how could it have blown your mind when you hadn't paid your mortgage for months and you haven't paid it since then? That's what defies belief on my part. You have not paid a penny since early 2008. So how you think you're exempt from foreclosure of your home, when you haven't paid your mortgage, is what I have problems with. I understand your arguments about whether GMACM dotted the i's and crossed the t's and could have or should have filed the foreclosure action that they did file when they did. But the fact that the mortgagee, the holder of the note, could bring an action to foreclose on your home, is beyond dispute, Mr. Reed. It is simply beyond dispute.

[ECF Doc. # 7561, 35:22-36:]

19. It is troubling that the Court continually has difficulty looking past, and unduly focuses on, the fact that I was briefly delinquent in my mortgage payments at the time that a foreclosure was wrongfully filed, or that payments on the property have not been made since the

Debtor's wrongful acts, where those issues are not actually defenses to, nor are they actually material to, the wrongs alleged and the damages caused thereby.

20. It is obvious that Judge Glenn has an issue with and a prejudice towards my being a defaulted borrower for an extended period of time, despite the fact that that is irrelevant to my claims.

21. Moreover, it must be noted that, contrary to the ongoing belief held by the Court that I am an undeserving claimant at the expense of an aggrieved noteholder, the noteholder in the current state court foreclosure action is seeking a judgment for approximately $350,000 less than the current value of the property. The noteholder will inevitably be made whole. However, the undeniable wrong committed by the Debtor, and its consequences to me, remain. When the Debtor filed its foreclosure action against me, it had as much right as my mailman to file the foreclosure action – that is to say, it had none. This is because, just like would be the case if my mailman filed a foreclosure action against me, the Debtor had no standing to file because it had not been assigned the note and/or mortgage. See footnote 4 herein.

22. Judge Glenn also stated during an August 11, 2014 telephone hearing that I **"have a tendency to exaggerate"**, referring to my supposedly exaggerated shock and surprise during a prior hearing when the Court announced that it was *sua sponte* dismissing all of my indirect damage claims. [ECF Doc # 7383, 10:24]. This is particularly notable, as my shock *was* justified. The appeal results demonstrate that, as the District Court agreed that the conclusory dismissal was improper.

## LEGAL ARGUMENT

23. I respectfully submit that recusal is warranted on two grounds: (1) Judge Glenn has already expressly found me to not be a credible witness with respect testimony which I provided during the evidentiary hearing; and (2) Judge Glenn has developed and displayed an undeniably antagonistic view of myself and my claims.

24. 28 U.S.C. § 455, applicable to bankruptcy judges pursuant to Federal Rule of Bankruptcy Procedure 5004(a)[6], mandates recusal in certain specific circumstances where partiality is presumed. *U.S. v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000).

25. 28 U.S.C.A. § 455, titled "Disqualification of justice, judge, or magistrate judge", states in relevant part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

26. Thus, pursuant to Section 455(a), a judge must disqualify himself if his impartiality might reasonably be questioned, and pursuant to Section 455(b)(1), a judge must disqualify himself if he has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455.

27. I respectfully submit that recusal is required under both Sections 455(a) and 455(b)(1).

28. "Notably, under § 455(a), recusal is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could ***reasonably question*** the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

29. The Court of Appeals has stated the standard for recusal under § 455(a) as follows:

> [A] court of appeals must ask the following question: Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased

---

[6] F.R.C.P. 5004(a) states: "Disqualification of Judge. A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

> differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?
>
> [*Diamondstone v. Macaluso*, 148 F.3d 113, 120–21 (2d Cir.1998) quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992)].

30. The standard is "designed to promote public confidence in the impartiality of the judicial process." *SEC v. Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988). The existence of the appearance of impropriety is to be determined "not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *Id.*

31. "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case". *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012).

32. Section 455(a) complements § 455(b)(1), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed. *United States v. Bayless, supra.*

33. Recusal under 28 U.S.C. § 455(b)(1) is required if actual bias or prejudice is proved by compelling evidence. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).

34. "A charge of personal bias or prejudice in general presupposes the existence of a mental attitude manifesting a predisposition in favor or against a particular person or thing. As applied to a judge, the concept suggests that the judge has a wrongful or inappropriate inclination or preconceived opinion toward a person or matter that improperly sways judgment and renders the judge incapable of performing official duties fairly and impartially. The most critical element of these principles is that the judge comes to the matter at hand already possessing the particular

disqualifying leaning, as may be demonstrated by a clear record of expressions or other actions consistent with the improper disposition". *Teachers4Action v. Bloomberg*, 552 F. Supp. 2d 414, 415 (S.D.N.Y. 2008).

35.    In this matter, I respectfully submit that recusal is warranted under 28 U.S.C. § 455(a) and § 455(b)(1). The Court has already expressly and wrongfully found me to not be a credible witness, as I am "an exaggerator" and the Court has expressed and displayed an undeniably antagonistic view of myself and my claims. Thus, there is both an appearance of partiality, and actual bias and prejudice.

## CONCLUSION

Based upon the foregoing, I respectfully request that Judge Glenn recuse himself from this action pursuant to Federal Rule of Bankruptcy Procedure 5004 and 28 U.S.C. § 455.

Dated: Moorestown, New Jersey
June 24, 2016

Respectfully Submitted,

By: _____
Frank Reed, *pro se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of Frank Reed's Motion for Recusal was served by hand upon the following:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

I further certify that a copy of the foregoing was emailed and mailed by overnight mail on the date set forth below to the following:

MORRISON & FOERSTER LLP
Attorneys for ResCap Borrower Claims Trust
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Jordan A. Wishnew, Esq.

REED SMITH LLP
Attorneys for ResCap Borrower Claims Trust
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Barbara K. Hager, Esq.

Dated: Moorestown, New Jersey
July 15, 2016

Respectfully Submitted,

By: _____
Frank Reed, *pro se*