UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
    Post-Effective Date Debtors                                               Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,                         Case No. 12-12020-mg
v.
RICHARD D. RODE,
    Creditor-Beneficiary

---

MOTION IN LIMINE TO PRECLUDE THE DECLARATION OF SARAH LATHROP;  TO
STRIKE THE DECLARATION OF SARAH LATHROP AS DIRECT TESTIMONY;
AND ALTERNATIVE OBJECTIONS TO SPECIFIC CONTENTS
OF THE DECLARATION OF SARAH LATHROP,
(CLAIM NOS. 5610 AND 5612)

---

      Richard D. Rode (Mr. Rode) moves the Court, in limine, to preclude the Declaration of Sarah Lathrop as Direct Testimony,  to strike the Declaration of Sarah Lathrop as Direct Testimony as inadmissible, having not been made upon personal knowledge, being based upon hearsay, to which no exception applies, as irrelevant as set forth below, and for failure to authenticate documents.  The following is also Mr. Rode's Alternative Objection to the Declaration of Sarah Lathrop as Direct Testimony as to the specific statements and Exhibits referred to therein, on the following grounds:

      1.  Ms. Lathrop's statements at ¶¶ 1-4 do not establish a basis for her claimed personal knowledge of the facts set forth in ¶¶ 5, 6, and 7, which is required for Ms. Lathrop's testimony to be admissible under Rule 602 of the Federal Rules of Evidence, which are in any event irrelevant to the determination of Mr. Rode's claims under Rule 401 of the Federal Rules of Evidence.  Nothing contained in ¶¶ 5, 6, and 7 has any tendency to make a fact more or less probable than it would be without the evidence and the facts contained therein, even if true, and

1

personally known to Ms. Lathrop are of no consequence in determining the action.

2. Ms. Lathrop's statements at ¶¶ 1-4 do not establish a basis for her claimed personal knowledge of the facts set forth in ¶¶ 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, contrary to Rule 602 of the Federal Rules of Evidence.

3. Ms. Lathrop's statements at ¶¶ 8, 9, 11, 12, 13, 14, 15, 16, part of 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 are hearsay and almost are entirely based on the Declaration of Kathy Priore filed in these proceedings on April 9, 2015 as Doc. 8452-3 and its Exhibits A, B, C, G, I, K, L, M and N. There is no showing that Kathy Priore is unavailable to testify for the proponent of her April 9, 2015 Declaration, pursuant to Rule 805(a)(5). The Priore Declaration was prepared specifically for litigation and is not a business record within the exception at Rule 803(6).

4. Moreover, Ms. Lathrop identifies the Priore Declaration from which the Exhibits upon which she relies as the "Supp. Decl." in ¶¶ 8, 9, 13, 14, 15, 16, 17, 21, 22, 23, 27, 29, and 30, whereas Doc. 8452-3 and its Exhibits are the initial Declaration of Kathy Priore. There is a Supplemental Declaration of Kathy Priore at Doc. 8603, to which no Exhibits are attached.

5. At ¶13, Ms. Lathrop refers to "Servicing Notes" as Exhibit G to Supp. Decl. and at ¶ 25, the Lathrop Declaration states, "See Servicing Notes." Presumably, Ms. Lathrop is referring once again to Exhibit G to Supp. Decl., which indicates that the Servicing Notes upon which Ms. Lathrop relies are those presented by Kathy Priore because ¶25 contains a verbatim recitation, cut and pasted from second sentence of ¶18 of the Priore Declaration. There is no independent authentication by an individual with personal knowledge of the authenticity of Exhibit G to the Priore Declaration. Rule 901 of the Federal Rules of Evidence provides for Authenticating or

Identifying Evidence:

(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
(b) Examples. The following are examples only — not a complete list — of evidence that satisfies the requirement:
(1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.

6. Ms. Lathrop's Declaration does not establish the authenticity of the Servicing Notes attached to the Priore Declaration as Exhibit G. She has not established personal knowledge of the authenticity of Ms. Priore's Exhibit G.

7. Moreover, Exhibit G is facially unreliable and inconsistent with Ms. Lathrop's Declaration in which she states that the basis for her personal knowledge is the Debtors' Books and Records and the Debtors' Schedules and Statements of Financial Affairs (there are 51 Debtors in the consolidated Chapter 11 Case No. 12-12020.)

8. At ¶10, Ms. Lathrop which declares, without authenticated evidence or other basis for her personal knowledge of the fact, that Homecomings Financial, LLC began servicing the Rode account on April 18, 2003 and the first entry on Exhibit G purports to be May 3, 2007. Over four (4) years of account records are missing from Exhibit G and Exhibit G is, therefore, unreliable.

9. Furthermore, at ¶9 Ms. Lathrop declares, again without auhenticated evidence or other basis for her personal knowledge of the fact, "Debtor Residential Funding Company ('RFC') purchased the Mortgage from SouthTrust,[1] and transferred its interest in the Loan to Deutsche

---

[1] Ms. Lathrop does not provide SouthTrust's full name demonstrating her lack of personal knowledge based on the "Debtors' Books and Records."

3

Bank Trust Company Americas ("Deutsche Bank[2])" when the Mortgage Loan was securitized on around June 1, 2003, upon Deutsche Bank's appointment as trustee. The Note was endorsed by SouthTrust to RFC and from RFC to Deutsche Bank, as trustee. Id.[3] An assignment of the Deed of Trust was executed on April 16, 2010 from MERS to Deutsche Bank. See Exhibit C to the Supp. Decl.[4]

10. Ms. Lathrop's statements in ¶¶ 8, 9, 11, 12, 13, 14, 15, 16, part of 17, part of 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, and 30 are not admissible under any recognized exception to the Rule Against Hearsay at Rule 802 of the Federal Rules of Evidence under Rules 803 805(a)(5) or 807.

11. Ms. Lathrop's statement in part of ¶17, "Although GMACM was the servicer for the Mortgage Loan at the time the Modification Agreement was prepared, Homecomings was incorrectly named as the signatory under the Modification Agreement," appears to have been supplied for Ms. Lathrop's Declaration to address an issue raised in this Court's September 2, 2015 Opinion at footnote 7, but there is no foundation provided for Ms. Lathrop's personal knowledge of that fact, contrary to Rule 602 of the Federal Rules of Evidence.

12. Ms. Lathrop's statement at ¶24 appears to have been constructed solely for the purpose of supporting the defenses of frustration of purpose and unilateral mistake does not

---

[2] Deutsche Bank Trust Company Americas is not "Deutsche Bank." Ms. Lathrop has not authenticated Exhibits A or B to state, based on personal knowledge, that either "RFC" engaged in a loan securitization transaction on or around June 1, 2003.

[3] Id. refers to Priore Exhibits A and B, which have not been authenticated or identified by any person with personal knowledge of their authenticity. Ms. Lathrop has no personal knowledge of the authenticity of Exhibits attached to the Priore Declaration.

[4] Exhibit C has not been authenticated. Ms. Lathrop has no personal knowledge of the authenticity of Exhibits attached to the Priore Declaration.

4

provide any foundation for the statements contained therein necessary to show that the contents of ¶24 is based on Ms. Lathrop's personal knowledge.

13. Many of Ms. Lathrop's statements are word-processed verbatim by the process of "cut and paste" from the April 9, 2015 Declaration of Kathy Priore. See for example the Priore Declaration ¶18, which appears to be identical to Ms. Lathrop's ¶24, and the Priore Declaration ¶22 which appears to be recited verbatim at Ms. Lathrop's ¶ 23, except for the modified verbiage identifying Exhibits M and N which directly refer to the Priore Declaration compared to the Priore Declaration which refers to the Exhibits attached to the actual Declaration.

14. Kathy Priore is an employee of the RESCAP Liquidating Trust who signed the Declaration to which Exhibits A-Y are attached and which were filed on April 9, 2016 as Doc. 8432-3.

15. Kathy Priore has not been shown by the proponent of the Declaration and its Exhibits A, B, C, G, I, K, L, M and N to be unavailable to testify at the evidentiary hearing in these contested claims proceedings as required by Rule 804(a)(5) of the Federal Rules of Evidence.

16. The Objector cannot introduce the statements of Kathy Priore by having Ms. Lathrop rely upon Ms. Priore's statements.

17. The statements of Ms. Priore are not records of regularly conducted business activity under Rule 803(6) of the Federal Rules of Civil Procedure and no other hearsay exception applies.

18. Ms. Lathrop's attempt to testify to the Declaration of Kathy Priore filed in these proceedings on April 9, 2015 as Doc. 8452-3 and its Exhibits A, B, C, G, I, K, L, M and N in ¶¶ 8, 9, 11, 12, 13, 14, 15, 16, part of 17, part of 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, and 30 is

entirely hearsay and none of Ms. Lathrop's statements are admissible under a hearsay exception under Rule 803, 805(a)(5) or 807 of the Federal Rules of Evidence.

19. Ms. Lathrop's statement at ¶31 to the effect that Mr. Rode occupies his Homestead, of which she has no personal knowledge, is admitted by Mr. Rode and Ms. Lathrop's testimony is not required to establish that fact.

20. Ms. Lathrop's statements at ¶¶ 32, 33, and 34 are judicially noticeable facts for which her testimony is not required.

21. The Objector is proceeding on three (3) defenses to Mr. Rode's claims: (1) that the breaching party unilateral mistake, (2) the breaching party's purpose in entering into the contract was frustrated and (3) that Mr. Rode independently breached the Loan Modification Agreement.

22. Ms. Lathrop has no personal knowledge of the facts upon which the purported defense of unilateral mistake depend which appear in ¶24. The facts stated in Ms. Lathrop's ¶24 therein are essentially verbatim recitation of Ms. Priore's April 9, 2015 Declaration at ¶18 and is hearsay, and are not admissible over objection by a recognized exception to hearsay under Rule 803 of the Federal Rules of Evidence, herewith made and preserved.

23. Ms. Lathrop has no personal knowledge of the facts upon which the purported defense of frustration of purpose depends. Her statements at ¶¶ 24, 25 and 26 without foundation, are hearsay, and are not admissible over objection by recognized exception to hearsay under Rules 803, 805 or 807 of the Federal Rules of Evidence, herewith made and preserved.

25. The Priore Declaration's Exhibits A, B, C, G, H, I, L, M and N have not been authenticated either Ms. Priore nor by Ms. Lathrop.

26. Ms. Lathrop has no personal knowledge of the facts upon which the purported defense of "independent breach" depends. Her statement in ¶ 27 is a verbatim recitation of the statement of Kathy Priore. Kathy Priore has not been shown to be unavailable to testify by the proponent of testimony as required by Rule 805(a)(5) of the Federal Rules of Evidence.

27. The identical, verbatim statements of both Ms. Priore and Ms. Lathrop contradict the contents of Exhibits M and N in which Attorney Uzick does not reject the Loan Modification Agreement, on behalf of Mr. Rode, but is seeking the return of the execution Loan Modification Agreement to establish a novation under Texas contract law. See *Honeycutt v. Billingsley*, 992 S.W.2d 570, 576 (Tex. App.-Houston [1st Dist.] 1999, pet. denied), "Novation is the substitution of a new agreement between the same parties or the substitution of a new party on an existing agreement [citations admitted] Therefore, only the new obligation may be enforced."

28. Seeking confirmation of the existence of the novation is not a breach of the agreement, so that it may be enforced is the responsibility of all lawyers in contracts involving modifications of contract terms.

29. The Declaration of Sarah Lathrop is inadmissible for lack of personal knowledge.

30. The Declaration of Sarah Lathrop relies on the out of court statements of Kathy Priore, to which no hearsay exception applies.

31. The Lathrop Declaration is an apparent attempt to avoid having the proponent of the statements of Kathy Priore produce Kathy Priore, who signed the Declaration filed in these proceedings on April 9, 2015 as Doc. 8452-3 and its Exhibits A-Y, for cross-examination by Mr. Rode in these proceedings, without any showing of her unavailability to the proponent as required by Rule 805(a)(5) of the Federal Rules of Evidence.

32. The Lathrop Declaration fails to authenticate the documents upon which Ms. Lathrop relies as required by Rule 901 of the Federal Rules of Evidence.

33. There is no authentic, reliable, direct evidence to support the Objector's defenses.

**WHEREFORE**, Mr. Rode moves the Court to preclude the Declaration of Sarah Lathrop as direct testimony, in limine and/or strike the Declaration of Sarah Lathrop from the record pursuant to Rules 402, 602, 802, 803(6), 805(a)(5), 807 and 901 of the Federal Rules of Evidence as inadmissible for irrelevance, lack of personal knowledge, failure to authentic documents and as inadmissible hearsay for failure to demonstrate an exception under Rule 803, 805(a)(5) or 807 of the Federal Rules of Evidence. Mr. Rode herewith preserves his objections to the Declaration of Sarah Lathrop as direct testimony and the unauthenticated documents referred to therein.

Dated at Madison, Wisconsin this 29th day of July, 2016.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
(612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com
Minnesota Attorney Bar #0165906
Wisconsin Attorney ID #1017043

**UNSWORN DECLARATION OF SERVICE**

The above-captioned document filed by CM/ECF on July 29, 2016 and was thereby served all parties and their counsel capable of service by CM/ECF in these proceedings.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora