Hearing Date:  August 15, 2016 at 9:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE TO PRECLUDE THE
INTRODUCTION OF TESTIMONY OF BILL PAATALO**

ny-1240714

The ResCap Borrower Claims Trust (the "Trust"), as successor in interest to the above-captioned debtors (the "Debtors") with respect to Borrower Claims, hereby submits this motion in limine (the "Motion"), pursuant to Rules 401 and 402 of the Federal Rules of Evidence, for an order excluding from evidence the testimony of Bill Paatalo (the "Witness") submitted in support of the response of Richard D. Rode (the "Claimant") to the *Objection of the ResCap Borrower Claims Trust to Claim Numbers 5610 and 5612 Filed By Richard D. Rode* [Dkt. No. 8452] (the "Objection") as to claim numbers 5610 and 5612 filed by Claimant (the "Claims").

## PRELIMINARY STATEMENT

1. The Claimant's sole remaining claims against the Debtors' estates for which the Court has scheduled a trial are his claims against GMACM and Homecomings for breach of a loan modification agreement that was to be effective as of October 1, 2009 (the "Modification Agreement"). *See Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* [Dkt. No. 9094] (the "Memorandum Opinion") at 28. Despite the narrow scope of this remaining claim, the Claimant seeks to introduce the Witness as an expert who will offer up opinions regarding (1) how the Claimant's mortgage loan was initially funded, (2) whether the beneficiary of the note and deed of trust securing his mortgage loan properly perfected their interest in those documents, and (3) whether the investors in securities that are backed by a pool of residential mortgage loans that, according to the Claimant, includes the Claimant's loan are receiving payments on those securities (the "Opinions"). These three

Opinions are not relevant to the question of whether GMACM and/or Homecomings are liable to the Claimant for damages arising out of a breach of the Modification Agreement.[1]

2. Based on the foregoing and as demonstrated more fully herein, pursuant to Fed. R. Evid. 401 and 402, any testimony by the Witness regarding the Opinions should be precluded from evidence in connection with the evidentiary hearing on the Objection.

## STATEMENT OF FACTS

3. The Claimant is a borrower under a residential mortgage loan (the "Mortgage Loan") that was originated by SouthTrust Mortgage Corporation ("SouthTrust") on or about March 18, 2003. The Mortgage Loan is evidenced by a note in the amount of $265,175.00 (the "Note"), which was secured by a deed of Trust (the "Deed of Trust") of real property located at 2301 West Lawther Lane, Deer Park Texas, 77536 (the "Property").

4. Debtor Residential Funding Corporation ("RFC") purchased the Mortgage Loan from SouthTrust, and transferred its interest in the Loan to Deutsche Bank Trust Company Americas ("Deutsche Bank") when the Mortgage Loan was securitized on or around June 1, 2003, upon Deutsche Bank's appointment as trustee.

5. Homecomings serviced the Mortgage Loan from approximately April 18, 2003 until July 1, 2009.

6. On July 1, 2009, GMACM began servicing the Mortgage Loan for Deutsche Bank, and continued to do so until servicing of the Mortgage Loan was transferred to Ocwen Loan Servicing, LLC on February 16, 2013 in connection with the Debtors' sale of their loan servicing platform.

---

[1] Because the Witness's proposed testimony is inadmissible, the Trust is not objecting to the Witness's qualifications as an expert or the characterization of the Witness's report as an expert report at this time, but reserves the right to do so at trial.

2

ny-1240714

7. GMACM approved the Claimant for a loan modification on August 24, 2009, with a payment due date of October 1, 2009. The Claimant returned the signed Modification Agreement to GMACM on October 5, 2009. On October 7, 2009, GMACM countersigned the Modification Agreement. Due to circumstances that GMACM's loss mitigation department became aware of only after the Modification Agreement had been countersigned, GMACM determined that the Modification Agreement should be voided and never returned the Modification Agreement to the Claimant.

8. On July 21, 2011, the Claimant commenced a lawsuit (the "Texas Litigation") against Homecomings and GMACM in District Court of Harris County Texas, 125th Judicial District, seeking unspecified damages (actual, exemplary, and attorneys' fees) on account of various state law causes of action related to the Debtors' servicing of the Claimant's mortgage loan—specifically, breach of contract, fraud in the inducement, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

9. The Texas Litigation was stayed upon the commencement of the Debtors' chapter 11 cases on May 12, 2012, and was subsequently dismissed without prejudice.

10. On November 16, 2012, the Claimant filed Claim No. 5610 against ResCap in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim) and Claim No. 5612 against Homecomings in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim). Pursuant to the *Stipulation of Richard D. Rode to Reclassification and Redesignation of Claim #5610 Pursuant to Debtors' Thirty-Sixth Omnibus Objection to Claims* [Dkt. No. 5758], Claim No. 5610 was reclassified as a claim against GMACM.

11. Both of the Claims are based on "Escrow Overage/Overpayments, Mortgage Fraud, Damages, Respa Violation, Contingent."  See Exhibits 1-A and 1-B.  No supporting documentation was attached to the Claims.  The Claimant later supplemented the Claims with copies of the amended petition that he had filed in the Texas Litigation.

12. On April 9, 2015, the Trust filed the Objection.

13. On September 2, 2015, the Court entered the Memorandum Opinion, which sustained the objection as to all of the causes of action set forth in the Claims except the claims for breach of contract.

14. On July 21, 2006, the Court entered the *Joint Pretrial Order* [Dkt. No. 9994] with respect to the evidentiary hearing on the Claimant's surviving breach of contract claims.  Consistent with the Memorandum Opinion, the Joint Pretrial Order expressly limits the issues to be tried to those related to GMACM's alleged breach of the Modification Agreement.

**ARGUMENT**

15. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

16. As this Court has already explained, the only claim that survives the Memorandum Opinion is the Claimant's breach of contract claim, and the only issue that is currently before the Court is whether the Claimant can establish the validity of that claim and whether any damages flow from it.  See Tr. of Mar. 9, 2016 Telephonic Conference at 8:5-10.  None of the Opinions to be offered by the Witness are of consequence in determining those issues.

17. The first Opinion offered by the Witness appears to be provided to support claims that the Debtors violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et

4

ny-1240714

seq. ("RESPA") in connection with the origination of the Mortgage Loan. The Memorandum Opinion sustained the Trust's Objection to the Claimant's RESPA claim. See Mem. Op. at 40. Accordingly, any evidence offered to substantiate the existence of RESPA violations is not relevant here.

18.     The second Opinion offered by the Witness is apparently intended to show that the Note and Deed of Trust were not validly perfected. Even if true, that fact would have no bearing on whether GMACM or Homecomings breached the Modification Agreement. Moreover, the Claimant's attempt to challenge the chain of title with respect to the Mortgage Loan was also expressly foreclosed under the Memorandum Opinion. See Mem. Op. at 16-17.

19.     The third Opinion offered by the Witness appears to relate to how payments and proceeds of the Mortgage Loan flow through to investors in securities backed by a pool of residential mortgage loans that allegedly includes the Mortgage Loan. As the Court has already noted, the securitization of the Mortgage Loan has "absolutely nothing" to do with the Claimant's breach of contract claim. See Tr. of Mar. 9, 2016 Telephonic Conference at 8:5-12.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court preclude the *Declaration of Bill Paatalo Offered as Direct Testimony* [Dkt. No. 9992] from being admitted into evidence, exclude the Witness from testifying at the evidentiary hearing on the Objection, and grant such other and further relief as this Court may deem proper.

| | |
|---|---|
| Dated: July 29, 2016<br>New York, New York | /s/  Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>250 W. 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |