Hearing Date:  August 15, 2016 at 9:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF TESTIMONY OF LARRY R. WICKSTROM AND <u>RELATED EXHIBITS</u>**

ny-1240848

The ResCap Borrower Claims Trust (the "Trust"), as successor in interest to the above-captioned debtors (the "Debtors") with respect to Borrower Claims, hereby submits this motion in limine (the "Motion"), pursuant to Rules 401 and 402 of the Federal Rules of Evidence, for an order excluding from evidence the testimony of Larry R. Wickstrom (the "Witness") and related exhibits submitted in support of the response of Richard D. Rode (the "Claimant") to the *Objection of the ResCap Borrower Claims Trust to Claim Numbers 5610 and 5612 Filed By Richard D. Rode* [Dkt. No. 8452] (the "Objection") as to claim numbers 5610 and 5612 filed by Claimant (the "Claims").

## PRELIMINARY STATEMENT

1.  The Claimant's sole remaining claims against the Debtors' estates for which the Court has scheduled a trial are his claims against GMACM and Homecomings for breach of a loan modification agreement that was to be effective as of October 1, 2009 (the "Modification Agreement"). *See Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* [Dkt. No. 9094] (the "Memorandum Opinion") at 28. Despite the narrow scope of the upcoming evidentiary hearing, the Claimant seeks to introduce testimony by the Witness establishing how the Claimant's counsel obtained certain records (the "Securitization Records") that purportedly relate to the validity of the securitization trust that holds an interest in payment streams derived from a pool of residential mortgage loans including, according to the Claimant, the Claimant's mortgage loan. The Claimant also seeks to introduce those records into evidence. The validity of the securitization is not one of the contested issues currently before the Court and is not relevant to the question of whether GMACM and/or Homecomings are liable to the Claimant for damages arising out of a breach of the Modification Agreement.

ny-1240848

2.   Based on the foregoing and as demonstrated more fully herein, pursuant to Fed. R. Evid. 401 and 402, the Securitization Records and any testimony by the Witness seeking to authenticate the Securitization Records should be precluded from evidence in connection with the evidentiary hearing on the Objection.

## STATEMENT OF FACTS

3.   The Claimant is a borrower under a residential mortgage loan (the "Mortgage Loan") that was originated by SouthTrust Mortgage Corporation ("SouthTrust") on or about March 18, 2003.  The Mortgage Loan is evidenced by a note in the amount of $265,175.00 (the "Note"), which was secured by a deed of Trust (the "Deed of Trust") of real property located at 2301 West Lawther Lane, Deer Park Texas, 77536 (the "Property").

4.   Debtor Residential Funding Corporation ("RFC") purchased the Mortgage Loan from SouthTrust, and transferred its interest in the Loan to Deutsche Bank Trust Company Americas ("Deutsche Bank") when the Mortgage Loan was securitized on or around June 1, 2003, upon Deutsche Bank's appointment as trustee.

5.   Homecomings serviced the Mortgage Loan from approximately April 18, 2003 until July 1, 2009.

6.   On July 1, 2009, GMACM began servicing the Mortgage Loan for Deutsche Bank, and continued to do so until servicing of the Mortgage Loan was transferred to Ocwen Loan Servicing, LLC on February 16, 2013 in connection with the Debtors' sale of their loan servicing platform.

7.   GMACM approved the Claimant for a loan modification on August 24, 2009, with a payment due date of October 1, 2009.  The Claimant returned the signed Modification Agreement to GMACM on October 5, 2009.  On October 7, 2009, GMACM countersigned the Modification Agreement.  Due to circumstances that GMACM's loss

2

ny-1240848

mitigation department became aware of only after the Modification Agreement had been countersigned, GMACM determined that the Modification Agreement should be voided and never returned the Modification Agreement to the Claimant.

8. On July 21, 2011, the Claimant commenced a lawsuit (the "Texas Litigation") against Homecomings and GMACM in District Court of Harris County Texas, 125th Judicial District, seeking unspecified damages (actual, exemplary, and attorneys' fees) on account of various state law causes of action related to the Debtors' servicing of the Claimant's mortgage loan—specifically, breach of contract, fraud in the inducement, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

9. The Texas Litigation was stayed upon the commencement of the Debtors' chapter 11 cases on May 12, 2012, and was subsequently dismissed without prejudice.

10. On November 16, 2012, the Claimant filed Claim No. 5610 against ResCap in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim) and Claim No. 5612 against Homecomings in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim). Pursuant to the *Stipulation of Richard D. Rode to Reclassification and Redesignation of Claim #5610 Pursuant to Debtors' Thirty-Sixth Omnibus Objection to Claims* [Dkt. No. 5758], Claim No. 5610 was reclassified as a claim against GMACM.

11. Both of the Claims is based on "Escrow Overage/Overpayments, Mortgage Fraud, Damages, Respa Violation, Contingent." See Exhibits 1-A and 1-B. No supporting documentation was attached to the Claims. The Claimant later supplemented the Claims with copies of the amended petition that he had filed in the Texas Litigation.

12. On April 9, 2015, the Trust filed the Objection.

3

ny-1240848

13.  On September 2, 2015, the Court entered the Memorandum Opinion, which sustained the objection as to all of the causes of action set forth in the Claims except the claims for breach of contract.

14.  On July 21, 2006, the Court entered the *Joint Pretrial Order* [Dkt. No. 9994] with respect to the evidentiary hearing on the Claimant's surviving breach of contract claims. Consistent with the Memorandum Opinion, the Joint Pretrial Order expressly limits the issues to be tried to those related to GMACM's alleged breach of the Modification Agreement.

## ARGUMENT

15.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

16.  As this Court has already explained, the only claim that survives the Memorandum Opinion is the Claimant's breach of contract claim, and the only issue that is currently before the Court is whether the Claimant can establish the validity of that claim and whether any damages flow from it. See Tr. of Mar. 9, 2016 Telephonic Conference at 8:5-10. Neither the Securitization Records nor the testimony to be offered by the Witness relating to the Securitization Records are of consequence in determining those issues.

17.  The Witness's direct testimony appears to be offered for the purpose of authenticating the Securitization Records. The Securitization Records appear to be offered for the purpose of demonstrating that the process through which the payments and proceeds of residential mortgage loans (including allegedly the Claimant's Mortgage Loan) were pooled and used to back certain securities issued to investors was somehow improper. As the Court has already noted, the securitization of the Mortgage Loan has "absolutely nothing" to do with the Claimant's breach of contract claim. See Tr. of Mar. 9, 2016 Telephonic Conference at 8:5-12.

4

ny-1240848

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court exclude the *Declaration Under Penalty of Perjury as Direct Testimony of Larry R. Wickstrom in Contested Claims Proceedings on Objection to Claims Nos. 5610 and 5612* [Dkt. No. 9995] from being admitted into evidence including each of the exhibits appended thereto, exclude the testimony of the Witness from the evidentiary hearing on the Objection, and grant such other and further relief as this Court may deem proper.

Dated: July 29, 2016  
      New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Erica J. Richards  
MORRISON & FOERSTER LLP  
250 W. 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for The ResCap Borrower Claims Trust*