UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:____7/12/16___            │
└─────────────────────────────────────┘
```

-------------------------------------------------------------- X

In the Matter of                                             :
                                                             :
Residential Capital, LLC.                                    :
-------------------------------------------------------------- X          15-CV-7139 (VEC)

PHILIP EMIABATA and SYLVIA EMIABATA,                         :
                                                             :          MEMORANDUM &
                                          Appellant,         :              ORDER
                                                             :
                  -against-                                  :
                                                             :
RESCAP BORROWER CLAIMS TRUST,                                :
                                                             :
                                           Appellee.         :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Appellants Philip and Sylvia Emiabata appeal from two orders of the United States

Bankruptcy Court for the Southern District of New York (Martin Glenn, B.J.) (the "Bankruptcy

Court"): (1) denying Appellants' motion for a conference after the Bankruptcy Court had denied

the Appellants' motion to compel discovery; and (2) sustaining Residential Capital, LLC's

("ResCap") omnibus objection to Appellants' claim. For the following reasons, the Bankruptcy

Court's decisions are AFFIRMED, and the case is DISMISSED.

## BACKGROUND

This appeal is the product of Appellants' struggle to pay a mortgage loan that they could

not afford. On August 29, 2002, Appellants obtained a $247,400 mortgage loan from non-debtor

Home Loan Corporation for property located at 508 Evening Grosbeak Drive in Pflugerville, TX

("the Property"). Memorandum Opinion and Order Sustaining the Rescap Borrower Claims

Trust's Objection to Claim Nos. 3910 and 4805 Filed by Philip and Sylvia Emiabata ("Final

Order") at 2  (Bankr. Dkt. 9111).[1]  The servicing of the loan passed to Debtor Homecomings

Financial on January 29, 2003, to Debtor GMAC Mortgage on July 1, 2009, and to non-debtor

Ocwen Loan Servicing on February 16, 2013.  *Id.*  Debtor ResCap purchased the loan from

Home Loan Corporation and appointed JP Morgan Chase Bank as Trustee on or about March 1,

2003.  *Id.*

 ResCap required all borrowers to insure their mortgaged property.  Because Appellants

failed to provide proof of insurance in 2003 and for much of 2004, Debtors purchased insurance

for the Property and charged Appellants' escrow account for the premiums.  Final Order at 3;

Order Granting Obj. Ex. A, at 13-14.

 In 2005, Appellants filed for bankruptcy under Chapter 13 of the Bankruptcy Code,

Order Granting Obj. Ex. A, at 6, and between June 21, 2005 and September 15, 2007, they made

minimal loan payments.  Final Order at 3-4.  Debtors applied payments to the loan in order of the

oldest outstanding payment; by September 2007, when the Chapter 13 action was dismissed,

Appellants' payments were only current through September 2005.  Final Order at 4.

 To assist Appellants with their outstanding loan payments, Debtors approved Appellants

for loan modifications on October 30, 2007[2] and again on December 5, 2007.  *Id.* at 4-5.  Debtors

ultimately cancelled both modifications because Appellants did not follow the terms of the loan

modification, including by failing to make the initial payment.  *Id.* at 5.  After the two

unsuccessful loan modifications, Debtors approved foreclosure on the Property and scheduled

multiple foreclosure sales between 2008 and 2013.  *Id.* at 6.  The foreclosure process was stayed

several times (Appellants filed for bankruptcy; Debtors offered further loan modification and

---

[1] Bankruptcy Court docket entries in Bankruptcy No. 12-12020 (MG), the case that is the subject of this appeal, are cited as "Bankr. Dkt.," and docket entries in the appeal before this Court are cited as "Dkt."

[2] There is a slight discrepancy in ResCap's records; it is possible Debtors approved the first loan modification on November 2, 2007.  Supplemental Decl. Ex. E at 45.

repayment plans; Debtors were reviewing Appellants' payment application challenges), and

never actually occurred. *Id.*; Order Granting Obj. Ex. A at 7, 9-10, 12. By February 2013,

Appellants' loan account payment was current through February 2006. Final Order at 6.

On October 25, 2011, Appellants initiated a lawsuit against Debtors ResCap and

GMACM in the United States District Court for the Eastern District of Massachusetts

("Massachusetts Action"), but, because Debtors had filed for bankruptcy and the claims raised

by the Appellants could be resolved by the Bankruptcy Court, the district court dismissed the

Massachusetts Action on January 30, 2015. *Id.* at 7. On November 9, 2012, Appellants filed

two proofs of claim in Bankruptcy Court against Debtors totaling $500,000. *Id.* Appellants

incorporated the following claims by reference to the complaint filed in the Massachusetts

Action: "deceptive trade practices, fraud, non-disclosure," discrepancies between the type and

rate of loan Appellants wanted and received, a shortage of acreage in the title, wrongful

foreclosure, wrongful denial of loan modifications, misapplication of payments from June 2005

through September 2007, failure to provide a 1099 form upon request, and wrongfully charging

Appellants for an insurance policy in 2003 and 2004. *Id.* at 7-8.

The Trust for the Debtors filed an omnibus objection to Appellants' claims, Appellants

opposed the objection, and the Trust filed a supplemental objection. *Id.* at 8. Appellants also

filed motions to compel discovery and to extend time to respond to the supplemental objection.

*Id.* at 8-9 (citing Bankr. Dkts. 8821, 8822).[3] The Bankruptcy Court denied the motions as

premature and moot, respectively. Final Order at 9 (citing Bankr. Dkt. 8854). Specifically, the

Bankruptcy Court stated that the objection to Appellants' claims "raise[s] legal issues

challenging the sufficiency of the pleading of such Claims" and that the Appellants were "not

---

[3]      Appellants' discovery requests were extremely broad. For example, Appellants requested "all documents,
all evidence" for any case ResCap had settled or litigated during their bankruptcy proceedings. Creditors Motion to
Compel Discovery at 4-6 (Bankr. Dkt. 8821).

entitled to discovery at this stage of the pleadings." Order Denying Discovery Motions Filed by

Philip and Sylvia Emiabata at 2 (Bankr. Dkt. 8854). On August 26, 2015, Appellants filed an

expedited motion requesting a conference, clarity on discovery, and adjournment of the

September 3, 2015 hearing on Debtors' Trust's omnibus objections ("Motion for Conference").

Final Order at 9 (citing Bankr. Dkt. 9065). The Bankruptcy Court promptly denied the motion

("Conference Order"). Final Order at 9 (citing Bankr. Dkt. 9066).

On September 2, 2015, Appellants filed a notice of appeal from the Conference Order

("First Appeal") and a motion to stay resolution of the objections pending appeal. Final Order at

9 (citing Bankr. Dkts. 9110, 9102); Dkt. 1. On September 4, 2015, the Bankruptcy Court denied

the motion to stay and sustained the Trust's objection to the Appellants' claims. *See* Final Order.

Appellants filed another notice of appeal, this one from the Final Order, alleging that their First

Appeal had divested the Bankruptcy Court of jurisdiction. Dkt. 9.

## DISCUSSION

District courts have appellate jurisdiction over bankruptcy court rulings under 28 U.S.C.

§ 158(a)(1). A district court reviews *de novo* conclusions of law, including jurisdictional

questions, and reviews factual findings for clear error. *In re Barnet*, 737 F.3d 238, 242 (2d Cir.

2013); *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2008). A district court reviews

discovery rulings for abuse of discretion, showing deference to the bankruptcy court's authority

over pre-trial motions. *See In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998)

("[R]ulings with regard to discovery are reversed only upon a clear showing of an abuse of

discretion."). To have abused its discretion, the bankruptcy court must have reached a judgment

that "cannot be located within the range of permissible decisions." *In re Litas Int'l, Inc.*, No. 04

CIV. 620 (GEL), 2004 WL 1488114, at *3 (S.D.N.Y. June 30, 2004) (quoting *Money Group, Inc.*

*v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 143-44 (2d Cir. 2004)); *see Tesser v. Bd. of Educ.,* 370 F.3d 314, 318 (2d Cir. 2004) (describing abuse of discretion as "act[ing] in an arbitrary and irrational fashion").

## I. The Bankruptcy Court Had Jurisdiction to Resolve the Objection to Appellants' Claims

Typically, filing a notice of appeal "confers jurisdiction on the [appellate court] and divests the [trial] court of control over those aspects of the case involved in the appeal." *In re Winimo Realty Corp.*, 270 B.R. 99, 105 (S.D.N.Y. 2001) (quoting *United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996)) (alternations in the original). "The divestiture of jurisdiction rule is, however, not a per se rule. . . . [I]ts application is guided by concerns of efficiency and is not automatic." *Rodgers*, 101 F.3d at 251. Jurisdiction is not divested when an appeal is based on a non-final order or is not a proper interlocutory appeal. *See id.* at 252 ("[N]otice of appeal from a [trial court] order that was non-final did not divest the jurisdiction of the [trial court].").

The district court has jurisdiction over bankruptcy appeals "from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a).[4] While a "final order" is a flexible standard in bankruptcy court, the order must "finally dispose of a discrete dispute within the larger case." *In re Lyondell Chemical Co.*, No. 11-MC-387 (JPO), 2012 WL 163192, at *2 (S.D.N.Y. Jan. 18, 2012) (citing *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992)). "'[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted.'" *In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 160 (2d Cir. 2006) (quoting *In re Fugazy Exp., Inc.*, 982 F.2d at 775-76). Here, neither the denial of discovery nor the denial of a requested

---

[4]     Although 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003 require the appellant to request leave to file an interlocutory appeal, failure to do so is a mere "procedural oversight" that "does not bar" appeal. *In re Orange Boat Sales*, 239 B.R. 471, 473 (S.D.N.Y. 1999).

conference determined a claim on which relief could be granted.  Accordingly, the Conference

Order was not a final order.

Interlocutory appeals, in contrast to appeals of final orders, are "strongly disfavored." *In re Anderson*, 550 B.R. 228, 234 (S.D.N.Y. 2016).  The moving party has the burden of establishing the exceptional nature of the appeal as well as proving that the appeal: "involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (quoting 28 U.S.C. § 1292(b)).  Appellants' First Appeal did not involve a controlling question of law, and "[o]rdinarily, discovery orders are non-appealable interlocutory orders." *Lothian Oil (USA), Inc. v. Sokol*, 526 Fed. App'x 105, 108 (2d Cir. 2013).  A bankruptcy court's denial without prejudice of a motion to compel discovery does not meet the standard for an interlocutory appeal.  *See In re Chateaugay Corp.*, 120 B.R. 707, 712 (S.D.N.Y. 1990).  Neither does an order denying a request for a conference.

Because the Bankruptcy Court's denial of their motion to compel discovery was not appealable as either a final order or an interlocutory appeal, Appellants' First Appeal did not divest the Bankruptcy Court of jurisdiction.  To the extent that Appellants renewed their appeal of the Conference Order in their appeal of the Final Order, their arguments will be considered here.

## II. The Bankruptcy Court Did Not Abuse Its Discretion by Denying the Motion to Compel Discovery

A burden-shifting framework applies to resolve proofs of claim in bankruptcy court proceedings.  A claim filed in a bankruptcy proceeding against a debtor that is "properly executed and filed . . . constitute[s] *prima facie* evidence of the validity . . . of the claim." *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (citing Fed. R. Bankr. P. 3001(f)).  A

debtor may overcome the *prima facie* claim by offering evidence to refute any allegation

essential to the claim. *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000),

*aff'd,* 242 F.3d 367 (2d Cir. 2000). The burden then shifts back to the claimant to show by a

"preponderance of evidence that under applicable law the claim should be allowed." *In re*

*Motors Liquidation Co*., No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26,

2013) (citation omitted).

      If after applying the burden-shifting framework the bankruptcy court finds that a

claimant's claims are "unenforceable against the debtor and property of the debtor, under any

agreement or applicable law," those claims may be disallowed. *In re Residential Capital, LLC*,

No. 15 CIV. 7140 (LGS), 2016 WL 3136869, at *3 (S.D.N.Y. June 2, 2016) (quoting 11 U.S.C.

§ 502(b)(1)). While *pro se* claimants receive special consideration from courts, even their claims

must "be supported by specific and detailed factual allegations sufficient to provide the court and

the defendant with 'a fair understanding of what the [claimant] is complaining about and . . .

whether there is a legal basis for recovery.'" *In re Residential Capital, LLC*, 489 B.R. 489, 494

(Bankr. S.D.N.Y. 2013) (quoting *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d

Cir. 2005)).

      Appellants claim that discovery was necessary in order to defend fully their claims from

Debtors' objections. Appellants' Br. at 3 (Dkt. 11). The burden-shifting framework does not

alter the abuse of discretion standard applicable to rulings on discovery. *See In re DG*

*Acquisition Corp.*, 151 F.3d at 79. When a claimant is "merely speculating that further discovery

will yield evidence of legally cognizable [claims]," the bankruptcy court's denial of discovery is

not an abuse of discretion. *In re Rockefeller Ctr. Properties*, 46 F. App'x 40, 43 (2d Cir. 2002)

(affirming the bankruptcy court's grant of partial summary judgment). Here, the Bankruptcy

Court's decision was within the range of permissible decisions and was not arbitrary or irrational.

No amount of discovery would have aided the Appellants in demonstrating the legal sufficiency of more than half of their claims.[5]  As the Bankruptcy Court held, a number of Appellants' claims fail on their face because they do not implicate Debtors, are time-barred, or fail to state a claim.  All of Appellants' claims that are rooted in the loan origination—including the allegedly defective title, an allegedly unfulfilled promise to convert the loan to a 30-year fixed-rate loan after one year, and the allegedly wrongful grant of a sub-prime loan when Appellants wanted a different loan—arose before Debtor ResCap purchased the loan.  Because Debtors were not involved in the loan origination, they cannot be liable for claims arising out of loan origination.  Final Order at 12.  Appellants' claims regarding the insurance escrow, the application of payments from 2005 through 2007, and alleged fraud are time-barred because Texas has a four-year statute of limitations for breach of contract and fraud claims, Tex. Civ. Prac. & Rem. Code Ann. §16.004 (West 2014), and a two-year statute of limitations for deceptive trade practice claims, Tex. Bus. & Com. Code Ann. § 17.565 (West 2015).  Appellants raised those claims in the first instance in the Massachusetts Action filed on October 25, 2011, but those claims arose well over four years prior to that filing.  Final Order at 12-13.  Finally, with respect to Appellants' wrongful foreclosure claim, under Texas law, "a foreclosure sale has to actually occur in order to give rise to a wrongful foreclosure claim—otherwise no property has been 'lost.'"  Final Order at 11 (citing *Durkay v. Madco Oil Co.,* 862 S.W.2d 14, 21 (Tex. App. 1993)); *see Baker v. Countrywide Home Loans, Inc.* No. CIV A 308-CV-0916-B, 2009 WL

---

[5]        Texas law applies to determine the legal validity of Appellants' claims because the Property is located in Texas and the loan was originated in Texas.  *See In re Canney*, 284 F.3d 362, 370 (2d Cir. 2002) (noting that in the context of a bankruptcy dispute, "property interests are created and defined by state law" (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979))).

1810336, at *4 (N.D. Tex. June 24, 2009) (holding that individuals who do not lose possession of their property have no claim for relief under wrongful foreclosure and noting that "courts in Texas do not recognize an action for attempted wrongful foreclosure"). During the time ResCap and its subsidiaries owned and managed Appellants' loan, they did not conclude a foreclosure sale, despite having scheduled foreclosure sales on multiple occasions. Final Order at 11; *see generally* Supplemental Decl. Ex. E. Thus, Appellants' wrongful foreclosure claim is also facially without merit. Because no amount of discovery could cure the legal insufficiencies of these claims, the Bankruptcy Court did not abuse its discretion by denying discovery as to those claims.

The Bankruptcy Court dismissed Appellants' remaining claims on the basis that the Trust provided "sufficient evidence" to rebut them without first allowing Appellants to take discovery in support of those claims, *see* Final Order at 14, as Debtors offered irrefutable evidence that rendered any additional discovery futile. The Bankruptcy Court credited the service and payment logs offered by Debtors to find the "Debtors approved [Appellants] for more than one loan modification . . . [and] that the modifications were ultimately cancelled due to the fault of [Appellants]." *Id.* Appellants' speculation, without explanation, that the service and payment logs are inaccurate does not suffice to state a claim, and discovery would not have aided in their quest.[6] Similarly, with respect to Appellants' request for a 1099 form, which is filed by a financial entity in connection with the cancellation of a debt, Appellants did not allege any facts that demonstrated their debt had been cancelled, and Debtors demonstrated that, in fact, Appellants' debt had not been cancelled. No additional discovery could have refuted Debtors' evidence, and it is purely speculative whether additional discovery would have yielded evidence

---

[6]     Presumably, the Appellants themselves would have documentary evidence within their custody or control that could prove Debtors' documents were inaccurate if, indeed, they were inaccurate.

in support of these claims.[7]  Accordingly, because discovery would not have affected the ability

of the Appellants to state legally cognizable claims for relief, the Bankruptcy Court did not abuse

its discretion in denying Appellants' request for discovery.

## CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED.  The Clerk

of Court is respectfully directed to terminate the case, to mail a copy of this Memorandum &

Order to Appellants, and to note on the docket that the mailing was completed.


**SO ORDERED.**


**Date:  July 12, 2016**                                  **VALERIE CAPRONI**
      **New York, New York**                        **United States District Judge**

---

[7]       Here again, presumably Appellants themselves would have documentary evidence within their custody or control demonstrating that their debt had been cancelled if, in fact, that occurred.