UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE RESIDENTIAL CAPITAL, LLC,                   15 Civ. 8340 (PKC)

      Debtor.
                                                    Chapter 11
                                                    Case No. 12-12020 (MG)

-----------------------------------------------------------------x
MICHAEL E. BOYD,
                                                      MEMORANDUM
                                                      AND ORDER

      Appellant,

  -against-

RESCAP BORROWER CLAIMS TRUST,

      Appellee.
-----------------------------------------------------------------x

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 7-28-16 |

CASTEL, District Judge:

        Appellant Michael E. Boyd appeals an order of the Bankruptcy Court (Martin Glenn, U.S.B.J.) sustaining Appellee ResCap Borrower Claims Trust's (the "Trust") objection to Boyd's proof of claim against debtor GMAC Mortgage, LLC ("GMACM"). (Dkt. 1). Boyd asserts that the Bankruptcy Court lacked jurisdiction to adjudicate his proof of claim. For the reasons explained below, the Bankruptcy Court's Order sustaining the Trust's objection to Boyd's proof of claim is affirmed and the appeal is dismissed.

BACKGROUND.

        On May 14, 2012, Residential Capital, LLC and its subsidiaries, including GMACM, a home mortgage originator, (collectively the "Debtors"), filed a voluntary petition for relief with the Bankruptcy Court under Chapter 11 of the United States Bankruptcy Code. (Order Confirming Second Amended Joint Chapter 11 Plan (the

"Confirmed Plan") (Doc. 6065). Thereafter, the Bankruptcy Court approved procedures for filing proofs of claim against the Debtors and approved the terms of the Joint Chapter 11 Plan, which created, among other entities, the Trust. (Order Approving Claims Procedures (Doc. 3294); Confirmed Plan (Doc. 6065)).[1] The Trust has the responsibility to "(i) direct the processing, liquidation, and payment of the Allowed Borrower Claims . . . and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." (Appendix 1 to the Confirmed Plan, p. 67 (Doc. 6065-1)). On October 4, 2012, Michael Boyd filed his proof of claim against GMACM asserting a secured claim for $186,000. (ResCap Borrower Claims Trust Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) Exhibit A, p. 40 (Doc. 7552-2)).

Boyd's claim against GMACM relates to two loans secured by mortgages on two different residential properties purchased by Boyd. See In re Residential Capital, LLC, 522 B.R. 458, 460 (Bankr. S.D.N.Y. 2014); (Doc. 7859). GMACM serviced both of those loans from the spring of 2007 until February 16, 2013. See Id. In 2011, Boyd filed a complaint in the United States District Court for the Northern District of California asserting claims of "unconscionability to contract and adhesion to real property" against GMACM, seeking to contest the liens on the two properties being serviced by GMACM. See Id. In 2012, the district court dismissed Boyd's complaint with prejudice for failure to state a claim. See Id. Boyd appealed the decision of the district court to the United States Court of Appeals for the Ninth Circuit, which affirmed the dismissal of Boyd's complaint. See Id.; Boyd v. GMAC Mortgage LLC, 584 F.

---

[1] "Doc." refers to the documents as docketed in the underlying Chapter 11 action: 12-1202 (MG).

App'x 656, 657 (9th Cir. 2014). Boyd's proof of claim in the Chapter 11 proceeding is based on the cause of action asserted in the California district court.

During the Chapter 11 proceeding, the Trust objected to Boyd's proof of claim three times on grounds that, among other things, the claim was barred by the doctrine of *res judicata* because of the California district court's Order of Dismissal. (Doc. 7552; 8042; 8859). The Bankruptcy Court overruled the Trust's first two objections without prejudice because the district court's Order of Dismissal was not final for purposes of *res judicata*. At the time of the Trust's first objection, Boyd's petition for rehearing was pending before the Ninth Circuit. See In re Residential Capital, LLC, 522 B.R. at 460; (Doc. 7859). And, at the time of the Trust's second objection, Boyd's petition for a writ of certiorari was pending before the Supreme Court. See In re Residential Capital, LLC, 2015 WL 1567131, at *4 (Bankr. S.D.N.Y. Apr. 3, 2015); (Doc. 8420). Ultimately, the Bankruptcy Court sustained the Trust's third objection to Boyd's proof of claim because, at that time, both of Boyd's petitions had been denied, and, thus, the district court's Order of Dismissal was final for purposes of *res judicata*. (Doc. 9120). Boyd now appeals the Bankruptcy Court's Order sustaining the Trust's objection to his proof of claim.

DISCUSSION.

    I.    Standard of Review:

A bankruptcy court's legal conclusions are reviewed de novo. In re Zarnel, 619 F.3d 156, 161 (2d Cir. 2010). Its factual determinations are reviewed for clear error. In re Penn Traffic Co., 524 F.3d 373, 378 (2d Cir. 2008); Rule 8013, Fed. R. Bankr. P.

3

II.  Application:

Boyd asks this Court to vacate the Bankruptcy Court's Order sustaining the Trust's objection to his claim against GMACM. His sole argument on appeal is that the Bankruptcy Court lacked subject matter jurisdiction over his proof of claim. Boyd is mistaken. The Bankruptcy Court had jurisdiction to adjudicate Boyd's proof of claim against GMACM.

"A bankruptcy court's power to 'enter appropriate orders and judgments' in a given bankruptcy proceeding . . . hinges on whether the proceeding is 'core' or 'related' . . . ." In re CBI Holding Co., Inc., 529 F.3d 432, 460 (2d Cir. 2008) (internal citation omitted). 28 U.S.C. § 157(b)(1) grants bankruptcy judges authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11." Section 157(b)(2)(B) then explains that the "allowance or disallowance of claims against the estate" are "core proceedings." 28 U.S.C. § 157. Accordingly, "[f]iling a proof of claim against a bankruptcy estate triggers the process of 'allowance and disallowance of claims,' and, therefore, a creditor who files such a claim subjects itself to the bankruptcy court's equitable jurisdiction in proceedings affecting that claim." In re CBI Holding Co., Inc., 529 F.3d at 466 (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989)); see also Langenkamp v. Culp, 498 U.S. 42, 45 (1990) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."). Even a proceeding that involves a party's state law claims will implicate "the core of the federal bankruptcy function of restructuring debtor-creditor rights," where it "involves the determination of an objection to a proof of claim filed in

4

the bankruptcy case." In re Manville Forest Products Corp., 896 F.2d 1384, 1390 (2d Cir. 1990).

Boyd offers two reasons why the Bankruptcy Court did not have jurisdiction over his proof of claim. First, Boyd argues that the Bankruptcy Court could not lawfully adjudicate his proof of claim because it involved state law causes of action. And, second, Boyd asserts that that his filing of a tort complaint with the United States Department of the Treasury during the pendency of the Chapter 11 proceedings, claiming that the United States Government committed "gross negligence" and "willful misconduct" when using Troubled Asset Relief Program funds, precluded the Bankruptcy Court from having jurisdiction over his proof of claim. (Doc. 8065). Both of Boyd's arguments are unavailing.

The jurisdictional analysis in this case is straightforward. Boyd submitted to the jurisdiction of the Bankruptcy Court when he filed his proof of claim against GMACM. See In re CBI Holding Co., Inc., 529 F.3d at 466. The fact that the proof of claim implicated state law claims against GMACM is of no moment. "[T]he mere fact that [a] claim raises issues of state law does not preclude a holding that the adversary proceeding is core. [] The relevant inquiry is whether the nature of this adversary proceeding, rather than the state or federal basis for the claim, falls within the core of federal bankruptcy power." In re Manville Forest Products Corp., 896 F.2d at 1389 (internal citation omitted). When Boyd filed his proof of claim in the Bankruptcy Court he "triggered the process of 'allowance and disallowance of claims,'" which is a proceeding implicating the core powers of the bankruptcy courts, and thus submitted to the Bankruptcy Court's jurisdiction. In re CBI Holding Co., Inc., 529 F.3d at 466.

In addition, Boyd's argument regarding the tort claim he filed with the Treasury Department has no basis in law. His filing of a subsequent complaint does not bear on the Bankruptcy Court's jurisdiction to address an objection to a proof of claim already filed in a Chapter 11 proceeding. In sum, the Bankruptcy Court had jurisdiction over Boyd's proof of claim.

Boyd also asks this Court to transfer this appeal to the Northern District of California and to grant him leave to add GMACM to his action pending in that court. On July 29, 2015, Boyd filed another civil action in the Northern District of California against the United States, the State of California, and GMACM on the basis of the complaint he submitted to the Treasury Department. (Doc. 8947). Because his naming GMACM as a defendant violated the Bankruptcy Court's automatic stay, Boyd dismissed the action against GMACM under threat of contempt. (Doc. 8988). Boyd then asked the Bankruptcy Court for relief from the stay so that he could pursue his civil action against GMACM. (Doc. 8988). The Bankruptcy Court did not consider Boyd's Lift Stay Motion because Boyd did not pay the filing fee. (Doc. 9120). Nevertheless, the Bankruptcy Court wrote that "if the motion were properly before the Court, it would be denied because the terms of the confirmed Plan bar Boyd from asserting any of his claims against GMACM." (Doc. 9120).

There is no evident connection between Boyd's second civil action in the Northern District of California and his proof of claim or appeal in the Southern District of New York. The Court has already denied Boyd's motion to transfer as improper. (Dkt. 13). And, to the extent Boyd is asking this Court to grant him relief from the automatic

stay, the Court denies that motion as well. Boyd provides no cause why the Court should grant him such relief.

CONCLUSION.

The Bankruptcy Court's order is AFFIRMED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:    New York, New York
         July 27, 2016