| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | Princeton Forrestal Village |
| New York, New York 10019 | 136 Main Street, Suite 250 |
| Telephone: (212) 468-8000 | Princeton, New Jersey 08540 |
| Facsimile: (212) 468-7900 | Telephone: (609) 987-0050 |
| Norman S. Rosenbaum | Facsimile: (609) 951-0824 |
| Jordan A. Wishnew | Barbara K. Hager, *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE MOTION OF FRANK REED FOR RECUSAL AND/OR DISQUALIFICATION PURSUANT TO F.R.B.P. 5004 AND 28 U.S.C. § 455**

ny-1241670

The ResCap Borrower Claims Trust (the "Trust") successor in interest to the above captioned debtors with respect borrower claims in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submits this objection (the "Objection") to the motion of Frank Reed ("Mr. Reed") for recusal and/or disqualification pursuant to F.R.B.P. 5004 and 28 U.S.C. § 455 (Docket No. 9989) (the "Disqualification Motion"). In support of the Objection, the Trust respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Court should deny the Disqualification Motion because Mr. Reed has provided no credible explanation as to why this Court's impartiality might reasonably be questioned under 28 U.S.C. § 455. Regardless, Mr. Reed simply has not and cannot meet the substantial burden imposed upon him by applicable law for the granting of such extraordinary relief. Moreover, Mr. Reed's spurious allegations are belied by the record of these Chapter 11 Cases. Mr. Reed's allegation that Judge Glenn has an active bias against him is nothing short of reckless. This Court has been extremely accommodating to Mr. Reed as a *pro se* litigant and has made extensive efforts to assure that Mr. and Mrs. Reed's proofs of claim, similar to the claims asserted by all other borrowers whose claims have been contested in these Chapter 11 cases, receive a thorough and prompt adjudication. The Court has devoted countless hours to addressing Mr. Reed's claims and has scheduled an additional two full days of trial in September, notwithstanding the Court's busy calendar.

2. Finally, even if Mr. Reed had made a colorable argument for the Court's disqualification under 28 U.S.C. § 455, disqualification would still be inappropriate because the assignment of a new judge to this contested matter would

require the new judge to acquaint him/herself with the well-developed and voluminous record in this 2.5-year old case. That would entail a massive waste of time and expense both for the Trust and the Court. In the event Mr. Reed's claims remain undetermined for an extended period of time, this could potentially delay the Trust's ability to complete the claims reconciliation process and meaningfully effect distributions to holders of allowed claims. The imposition of such a burden on these proceedings is a factor relevant to the determination of the Disqualification Motion. Accordingly, the Trust requests that the Disqualification Motion be denied.

## RELEVANT BACKGROUND

**A.  The July 9, 2014 Hearing, the July 11, 2014 Order and the September 2014 Trial**

3. On July 9, 2014, the Court held a hearing on the Trust's Objection to the Reed Claims. On July 11, 2014, the Court entered an Order Sustaining In Part and Overruling Without Prejudice in Part the ResCap Borrower Claims Trust's Objection to the Reed Claims and Setting Evidentiary Hearing. (Docket No. 7246)

4. The evidentiary hearing was held on September 15 and 16, 2014. The Court entered an Opinion on October 6, 2014. (Docket No. 7619).

**B.  The Disqualification Motion**

5. On July 18, 2016, Mr. Reed filed the Disqualification Motion. In it, Mr. Reed asserts that Judge Glenn's recusal is warranted because: "(1) Judge Glenn has…found [Reed] to not be a credible witness with respect testimony which [Reed] provided during the evidentiary hearing held on September 15-16, 2014; and (2) Judge

Glenn has developed and displayed an undeniably antagonistic view of [Reed] and [his] claims." Motion at p.1.

6. As purported factual support for his blanket assertions, Mr. Reed asserts that, "The Court also stated in its decision that [Reed is] an 'undeserving' claimant. Motion ¶ 10, *quoting* D.E. 7619 at 1, 52. According to Mr. Reed, "[i]t is clear that Judge Glenn's view of [Reed's] claims has been clouded by the fact that [Reed is] a defaulted mortgage borrower, having made many references to that fact during the course of this litigation, often in response to [Reed's] specific claim that the Debtor did not have a right to foreclose when it did, and despite the fact that [Reed's] default status is absolutely not relevant to [his] claims." Motion ¶ 11.

7. Mr. Reed's further evidence of the Court's purported bias against him is premised on his subjective perception of Judge Glenn's demeanor during prior court proceedings –

> Judge Glenn has on numerous occasions exhibited frustration, impatience and antagonism at my contention that the Debtor's filing of the subject foreclosure action was improper and unwarranted, always retorting in those instances with the wholly irrelevant fact that I am a defaulted mortgage borrower who has not made payments in many years and with the incorrect statement the Debtor had an absolute right to foreclose.

Motion ¶ 14; *see also* Motion ¶¶ 15-18.

8. Accordingly, the Disqualification Motion seeks to disqualify this Court, pursuant to Fed. R. Bankr. P. 5004 and 28 U.S.C. § 455(a)-(b)(1), from hearing "Reed's claims against the ResCap Borrower [Claims] Trust." Motion at p. 1.

**OBJECTION**

9. Disqualification for bias is governed by 28 U.S.C. § 455, which is made applicable to the Chapter 11 Cases and these proceedings by Bankruptcy Rule 5004(a). Section 455 states, in pertinent part, that:

> [a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned [including] [w]here he has a personal bias or prejudice concerning a party….

28 U.S.C. § 455(a)-(b)(1) (2006).

10. The purpose of section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148 (S.D.N.Y. 2012) (citation omitted). The test for recusal under section 455(a) is "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *Id.* at 149 (citation omitted). "The alleged bias and prejudice [sufficient to warrant disqualification] must stem from an *extrajudicial* source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added); *accord Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992).

11. "To establish a basis for recusal, movants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Da Silva Moore*, 868 F. Supp. 2d at 150 (internal quotation and citation omitted). *See also United States v.*

*Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) ("A judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'") (citation omitted). As the Second Circuit has noted, "a judge has an affirmative duty ... not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.,* 572 F.2d 953, 958 (2d Cir. 1978) (internal quotation and citation omitted). *See also Da Silva Moore*, 868 F. Supp. 2d at 151 (noting that "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions ...") (citation omitted).

12.  Finally, discretion is confided in the judge against whom disqualification is sought to determine whether to disqualify himself. *See In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) (judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion); *see also In re Kensington Int'l Ltd.,* 353 F.3d 211, 224 (3d Cir. 2003) (determination of recusal motion by presiding judge is particularly appropriate where the judge has presided over a complex litigation for an extended period).

### A.    **The Court Is Not Biased Against Mr. Reed**

13.  Mr. Reed argues that the Court is biased because (i) Judge Glenn found during the September 2014 evidentiary hearing that Mr. Reed's testimony was not credible and (ii) Judge Glenn has an antagonistic view of Mr. Reed's claims and has demonstrated frustration and impatience at Mr. Reed's contention that foreclosure was

5

ny-1241670

improper and unwarranted.  Mr. Reed's assertion that the Court is biased against him is unfounded.

14. As an initial matter, contrary to Mr. Reed's suggestion of bias, the Court found against GMACM, holding that GMACM improperly filed a foreclosure action against Mr. Reed and awarding damages to Mr. Reed for violating the New Jersey Consumer Fraud Act.  The fact that the Court found in favor of Mr. Reed directly contradicts his allegations and unmasks his baseless claims.

15. In addition, much of Reed's "evidence" of the Court's bias is taken out of context.  While the Court did find some of Mr. Reed's testimony not credible, it was largely because Mr. Reed testified in a contradictory manner in a prior deposition.

16. Specifically, during the evidentiary hearing Mr. Reed attempted to prove that he was approved for a refinance through TD/Commerce Bank.  In doing so, he testified that (1) he applied to refinance the Loan on the Property with Commerce Bank for a cash-out refinance before the Foreclosure Action was filed; (2) he was going to be approved for a refinance; and (3) the refinance was denied because of the Foreclosure Action.  However, contradictory testimony was introduced by the Trust which undermined Mr. Reed's testimony.  Specifically, in connection with the Jacobs' lawsuit against him in 2009, Mr. Reed testified under oath that (1) he applied for a refinance of the Second Mortgage with Commerce Bank for $250,000; (2) the loan was not approved by Commerce Bank; (3) the process died down due to his belief that he was going to sell the Property, making a refinance unnecessary. (Docket No. 7619, at 26-27).  It was in light of the contradictory testimony concerning the same purported transaction that the Court found the testimony not credible.  This reality stands in stark contrast to Mr.

6

Reed's contention that Judge Glenn *generally* finds him not to be a credible witness. This is not evidence that Judge Glenn has any bias against Mr. Reed that would bear on his findings in the upcoming evidentiary hearing.

17. Comments made by Judge Glenn concerning Mr. Reed's default status are likewise unavailing for purposes of his Motion. Specifically, Judge Glenn's statements that Mr. Reed is in default and has not paid the mortgage payment or real estate taxes and insurance for years were admitted by Mr. Reed. The fact of Mr. Reed's default is true. Tellingly, this fact was not used against Mr. Reed and indeed seemingly did not bear on the Court's ultimate conclusion that GMACM did not take all necessary steps to properly effectuate a foreclosure on the defaulted loan. Therefore, it fails to demonstrate bias.

18. As a result, Mr. Reed has identified no basis for why the Court's impartiality might reasonably be questioned with respect to him.

### B. Disqualification of This Court Could Jeopardize the Administration of These Chapter 11 Cases

19. As a final matter, the granting of the Disqualification Motion at this stage of the litigation with Mr. Reed would be highly prejudicial to the Trust. This Court is intimately aware of the details of this contested claims matter, having presided over it for the past 27 months. Assigning another judge in the weeks leading up to a scheduled evidentiary hearing would entail a massive waste of time and expense which the Trust would have to bear. In fact, those who ultimately may suffer the most from such a development are those borrowers who hold allowed claims against the Debtors, to whom distributions may be delayed due to Mr. Reed's personal (but unsubstantiated) mistrust of the Court. Given this Court's expertise with the litigation with Mr. Reed,

7

ny-1241670

these Chapter 11 Cases and their advanced stages, this Court should be reluctant to grant the Disqualification Motion, even if Mr. Reed had established a colorable basis for disqualification under 28 U.S.C. § 455, which he plainly has not. *See Nat'l Auto Brokers,* 572 F.2d at 958 (A judge should not "disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.") (citation and internal quotation omitted).

## CONCLUSION

20.    Accordingly, for the reasons set forth herein, the Trust respectfully request that the Court deny the Disqualification Motion and grant such other and further relief as the Court deems just and proper.

Dated: August 5, 2016  
      New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

-and-

Barbara K. Hager, *admitted pro hac vice*  
REED SMITH LLP  
Princeton Forrestal Village  
136 Main Street, Suite 250  
Princeton, New Jersey 08540  
Telephone: (609) 987-0050  
Facsimile: (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*