**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

## ORDER DENYING ERLINDA ABIBAS ANIEL'S MOTION FOR RECONSIDERATION

Pending before the Court is Erlinda Abibas Aniel's ("Aniel") motion for reconsideration (the "Motion," ECF Doc. # 9872). Aniel filed a supplement to the Motion (ECF Doc. # 9878). The ResCap Borrower Claims Trust (the "Trust") objected (the "Objection," ECF Doc. # 8237)[1] to Claim Numbers 416 and 417 (the "Claims," ECF Doc. # 8237-5) filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel (collectively, the "Claimants" or the "Aniels"). On June 30, 2015, the Court sustained in part and overruled in part the Trust's Objection to the Aniel's Claims. (*See Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Liquidating Trust and the ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Prior Opinion," ECF Doc. # 8820).) The Prior Opinion sustained the Objection to the Claims as to all but four causes of action (the "Causes of Action"): wrongful foreclosure, fraudulent concealment, declaratory relief/setting aside of trustee's sale, and violation of the California Business & Professional Code, referred to as the "unfair competition law" (the "UCL"). (Prior Op. at 47.) The Prior Opinion identified one limited disputed factual issue applicable to all four remaining causes of action: whether Mira Smoot ("Smoot"), a GMAC Mortgage, LLC ("GMACM") employee, had authority to execute the 2011 Assignment and

---

[1] The Objection was filed by the ResCap Liquidating Trust and the ResCap Borrower Claims Trust (collectively, the "Trusts"). The ResCap Borrower Claims Trust proceeded with the evidentiary hearing. All references herein to the "Trust" shall refer to the ResCap Borrower Claims Trust.

whether Smoot validly did so. (*See* Prior Op. at 34, 47.) The Court held a hearing on March 24, 2016 and took the matter under submission. On April 20, 2016, the Court entered an Opinion and Order (the "Opinion," ECF Doc. # 9850)[2] sustaining the Objection and disallowing and expunging the Claims. Familiarity with the Opinion is assumed.

Aniel Filed the Motion seeking reconsideration of the Opinion on the basis that the Court (i) did not resolve the issue of whether Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC, (ii) did not resolve the issue of whether the 2011 Assignment was valid, and (iii) improperly assumed that the 2008 Power of Attorney could provide the legal basis for the 2011 Assignment and failed to consider Aniel's testimony that her Deed of Trust was transferred to HSBC in 2009. The Court concludes that Aniel has not established grounds for reconsideration of the Opinion. Therefore the Motion is **DENIED**.

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

S.D.N.Y. LBR 9023-1(a).[3] Bankruptcy Rule 9006, which governs the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:

---

[2]    As capitalized terms not herein defined shall have the meanings as defined in the Opinion.

[3]    Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* S.D.N.Y. LBR 9023-1 cmt.

2

>> (A) exclude the day of the event that triggers the period;
>
>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
>> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANK. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)). Aniel's Motion was filed seven days after the Opinion was issued, and it is therefore timely under Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). However, relief under Bankruptcy Rule 9023 is not warranted because Aniel has not identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

In order to establish grounds for reconsideration, a "movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005); *see also Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court."). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d

3

Cir. 1998) (discussing reconsideration under FRCP 59). Parties cannot use a motion for reconsideration to advance new facts or arguments and may not submit affidavits or new material. *Asia Global Crossing*, 332 B.R. at 524; *accord Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997). "The standard for granting motions to reargue is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Adams*, 686 F. Supp. at 418 (citations omitted); *see also Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003).

Because Aniel is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, the Motion fails to identify adequate grounds for relief. Aniel does not seek relief on the basis of any mistake, inadvertence, surprise, or excusable neglect, and she has not identified any newly discovered evidence, fraud, misrepresentation, or misconduct. *See* FED. R. CIV. P. 60(b)(1)–(3). Nor has she identified that the judgment is void or has been satisfied, released, discharged, or is otherwise no longer equitable. *See id.* 60(b)(4)–(5). Relief under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)). Aniel has not set forth any extraordinary circumstances or extreme and undue hardship required for relief under FRCP 60(b)(6). Rather, the Motion rehashes and restates Aniel's earlier arguments and points to errors she alleges the Court made in the Opinion.

Aniel first argues that the Court failed to consider and rule on whether Smoot had sufficient authority to execute the 2011 Assignment as an authorized officer of HSBC. (*See* Mot.

4

at 4.) Aniel contends that the Court did not rule on this issue as it did not restate it in the Opinion. (*Id.*) Aniel's framing of this issue is incorrect and this argument fails as the Court found that Smoot was an authorized officer of GMACM and the 2008 Power of Attorney granted by HSBC to GMACM provided the necessary authority for Smoot to sign the 2011 Assignment on behalf of HSBC.

Aniel next argues that the 2011 Assignment was not valid because, among other things, Smoot signed as an authorized officer of GMACM and not on behalf of HSBC and thus, HSBC, did not affirmatively or positively act to effect the assignment. (*Id.* at 11.) This argument too fails, because, as noted above, Smoot was an authorized officer of GMACM and the 2008 Power of Attorney granted by HSBC to GMACM provided the necessary authority for Smoot to sign the 2011 Assignment on behalf of HSBC.

Aniel next argues that the Court improperly assumed that the 2008 Power of Attorney could provide the legal basis for the 2011 Assignment and also argues that since her Deed of Trust was transferred to HSBC in 2009, the previous 2008 Power of Attorney could not serve as a grant of authority for the 2011 Assignment. (*Id.* at 12–14.) These arguments too fail, as they are restatements of arguments that the Court previously considered in the Opinion. The 2008 Power of Attorney did not purport to convey to GMACM power over a certain deed of trust then held by HSBC, but rather it conveyed to GMACM HSBC's powers over deeds of trust then owned or thereafter acquired and deposited into securitization trusts for which GMACM acted as loan servicer. (*See* Op. at 9.) As such, the 2008 Power of Attorney gave GMACM the proper authority to execute the 2011 Assignment on behalf of HSBC.

[*REMAINDER OF PAGE INTENTIONALLY BLANK*]

For the reasons explained above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   August 9, 2016
         New York, New York

                                          <u>     **/s/Martin Glenn**         </u>
                                                MARTIN GLENN
                                          United States Bankruptcy Judge