MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Benjamin W. Butterfield

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING RESCAP BORROWER
CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM NO. 4394 FILED BY
<u>ERIK L. KNUTSON</u>**

1.      The undersigned hereby certifies that, as of the date hereof, he is not

aware of any answer, objection or other responsive pleading to the relief sought in the

following claim objection, filed by the ResCap Borrower Claims Trust on June 24, 2016

(the "Claim Objection"):

> *ResCap Borrower Claims Trust's Objection to Proof of
> Claim No. 4394 Filed by Erik L. Knutson* [Docket No.
> 9953].

2.      The undersigned further declares that he has caused a review of the

Court's docket in these cases and has not been advised that any other answer, objection or

other responsive pleading to the Claim Objection appears thereon. The deadline for filing

responses to the Claim Objection, July 15, 2016, has passed.

ny-1243084

3.      In accordance with the *Order Under Bankruptcy Code Sections 102(1),*

*105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy*

*Rule 2002-2 Establishing Certain Notice, Case Management and Administrative*

*Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management

Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28

U.S.C. § 1746.

4.      Accordingly, for the reasons set forth in the Claim Objection, the ResCap

Borrower Claims Trust Trust respectfully requests that the proposed order granting the

Claim Objection, annexed hereto as Exhibit 1, be entered in accordance with the

procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2016
      New York, New York

                                /s/ Jordan A. Wishnew
                                Norman S. Rosenbaum
                                Jordan A. Wishnew
                                Benjamin W. Butterfield
                                MORRISON & FOERSTER LLP
                                250 West 55th Street
                                New York, New York 10019
                                Telephone: (212) 468-8000
                                Facsimile: (212) 468-7900

                                *Counsel for the ResCap Borrower Claims*
                                *Trust*

ny-1243084

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                                  )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,     )        Chapter 11
)
Debtors.                                     )        Jointly Administered
)
---------------------------------------------------------------------

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S**
**OBJECTION TO PROOF OF CLAIM NO. 4394 FILED BY**
<u>**ERIK L. KNUTSON**</u>

Upon the objection (the "**Objection**")[1] of the ResCap Borrower Claims Trust (the

"**Borrower Trust**") established pursuant to the terms of the confirmed Plan filed in the Chapter

11 Cases, as successor in interest to the above-captioned debtors (collectively, the "**Debtors**")

with respect to Borrower Claims, to Proof of Claim Number 4394 (the "**Proof of Claim**") filed

by Erik L. Knutson, seeking entry of an order (the "**Order**") pursuant to section 502(b) of title

11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007(a) of the Federal Rules

of Bankruptcy Procedure, disallowing and expunging the Proof of Claim on the basis that the

Debtors have no liability with respect to the Proof of Claim, all as more fully set forth in the

Objection; and the Court having jurisdiction to consider the Objection and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection

having been provided; and upon consideration of the Objection, the *Declaration of Sara Lathrop*

*in Support of ResCap Borrower Claims Trust's Objection to Proof of Claim No. 4394 Filed by*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Erik L. Knutson*, and the *Declaration of William G. Fig Concerning ResCap Borrower Claims Trust's Objection to Proof of Claim No. 4394 Filed by Erik L. Knutson*; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Objection is sustained to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Proof of Claim is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Proof of Claim such that it is no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Proof of Claim; and it is further

ny-1235378

-3-

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
       New York, New York

                                       _____
                                       THE HONORABLE MARTIN GLENN
                                       UNITED STATES BANKRUPTCY JUDGE

ny-1235378