Response Date: September 8, 2016

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone:    (609) 987-0050
Facsimile:    (609) 951-0824
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*

*Co-Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE
TO EXCLUDE THE EXPERT TESTIMONY OF CHRISTY ZOLTUN DONATI**

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude the purported expert report and testimony of Christy Zoltun Donati ("Ms. Donati") offered by the Claimant Frank J. Reed III ("Claimant").

Ms. Donati's report (the "Report"), unchanged from her original submission, purports to "discuss the legal and professional standards that are recognized and adhered to in the preparation, filing, and prosecuting of foreclosure actions in the State of New Jersey; and to discuss why these standards exist and the importance of strict compliance with these standards." Report, p. 1. A true and correct copy of the Report is attached hereto as **Exhibit A**. Ms. Donati's Report does not pass muster under the rules governing expert testimony. It should be stricken, and Ms. Donati should be precluded from testifying for the below reasons.

This Court has already aptly found that the Report is "not admissible at trial" as it is "filled with impermissible hearsay"; "stray[s] into areas beyond the witnesses' apparent expertise" and "contain[s] faulty analysis and unsupported conclusions." Order, 9/18/14 (No 7499). The Borrower Trust submits that this Court correctly found the Report was inadmissible and, as it has neither been revised nor has there been a change in the underlying law, the Report should be stricken. The Borrower Trust further contends that Ms. Donati should be precluded from testifying for the below reasons.

First, as a threshold matter, the opinions expressed in the Report consist of little more than observations and opinions on either the application of law to facts or issues of law. Such opinions are the province of this Court alone, and are not the proper subject of expert testimony.

Second, the opinions set forth by Ms. Donati are plainly irrelevant to the issues at hand and will not assist the trier of facts in reaching a conclusion. Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether Claimant

suffered any cognizable damages caused by the Foreclosure Action. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). There is no dispute as to the foreclosure process in New Jersey which is the crux of Ms. Donati's report. Simply stated, the opinions in her report are completely irrelevant, unrelated to any triable issues and not helpful to the trier of fact because the opinions she raised are lay matters which do not bear on Claimant's alleged damages.

Third, the Report does not meet the standards for admissibility of expert testimony set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and subsequent case law and rules. Ms. Donati's report is bare in analysis and replete with unsupported conclusions. Even if her analysis had any relevance, her opinions are devoid of any reliable, consistent, or testable methodology.

Fourth, Ms. Donati is not qualified to provide an expert opinion on the issues at hand. Merely claiming to have practiced as a foreclosure attorney does not qualify Ms. Donati to proffer expert opinion in this trial. Ms. Donati has not demonstrated that she has sufficient expertise in the issues litigated in this case.

As such, Ms. Donati's Report should be stricken and she should be precluded from testifying at trial.

## RELEVANT FACTS

Ms. Donati's Report largely discusses the foreclosure process in New Jersey, including the Fair Foreclosure Act ("FFA"), which is not even at issue in this contested matter. Beyond the introductory and experience sections, the Report consists of the following topics: (i) Analysis of the Reed File; (ii) the Regulators Opinions – Negligence/Wrongful Acts; (iii) Continued Negligent Prosecution of the Foreclosure; (iv) Reed Modification; (v) Conclusion re: Foreseeability; and, (vi) Conclusion re: Liability. See generally Report.

While this Court originally found Ms. Donati was "permitted to testify regarding New Jersey foreclosure custom, practice, and procedure," see September 8, 2014 Order, Dkt. No. 7499, this testimony is not relevant to the remaining issue of whether Claimant suffered any cognizable damages. As discussed below, none of the opinions contained in the Report will assist the trier of fact and most are legal conclusions which are improper.

## ARGUMENT

### 1. Ms. Donati's Report Should Be Excluded Because The Report Consists Entirely Of Impermissible Legal Conclusions

The Second Circuit Court of Appeals has repeatedly held that "[a]s a general rule an expert testimony on issues of law is inadmissible." United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991). See also, Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."); Marx & Co., Inc. v. Diners' Club, Inc., 550 F.2d 505, 510 (2d Cir. 1977) ("The special legal knowledge of the judge makes the witness' testimony superfluous."); In re Initial Pub. Offering Securities Litig., 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("This Court has repeatedly held that the testimony of an expert on matters of domestic law is inadmissible for any purpose.") (internal quotation marks and citation omitted).

Applying this rule, courts routinely preclude experts from testifying as to statutes and case law, the interpretation of law, and the application of law to the facts. See e.g., F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1258 (2d Cir. 1987) (affirming exclusion of expert-attorney's testimony that contracts were unenforceable for lack of essential terms); Marx, 550 F.2d at 508-10 (testimony of expert who "gave his opinion as to the legal standards which . . . governed [defendants'] conduct," provided "legal opinions as to the meaning of the contract terms at issue," and "repeatedly gave his conclusions as to the legal significance of various

- 4 -

facts adduced at trial" should have been excluded); Highland Capital Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 465-66 (S.D.N.Y. 2005) (excluding expert report that "set[] forth the governing statutes and case law that underlie criminal violations of the securities laws" and "discusse[d], through reference to case law, the type of conduct that [the expert] believe[d] would constitute a criminal violation of [securities laws]"); Music Sales Corp. v. Morris, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999) (excluding expert affidavit that "almost wholly expresses legal conclusions on the meaning of the 1976 [Copyright] Act"); CFM Commc'ns, LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1235-37 (E.D. Cal. 2005) (excluding expert report that reads "like a legal brief," "features numerous citations to federal court opinions," and "applies a variety of regulatory law to facts").

Here, Ms. Donati's Report seeks to do precisely what the case law proscribes. Her Report opines on a host of legal issues, which is not the proper province of expert opinion. The Report does indeed read like a legal memorandum. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) (finding where an expert offers an opinion as to the legal implications of the facts, that testimony also encroaches on the responsibilities of the judge and jury, and is inadmissible). She begins the report by referring to various foreclosure-related propositions from case law and citing the New Jersey Practice manual and Wikipedia for the following propositions:

- both default and pre-complaint notice of default are required before a lender can foreclose;
- the background and purpose of the FFA;
- the legal requirement of a plaintiff's standing to foreclose; and,
- purpose of filing and removing a lis pendens.

See Report, pp. 3-9.

- 5 -

Simply listing out legal and non-legal sources is not the purpose of an expert report and certainly the function of applying the facts of the case to the law rests solely with the trier of fact. Further, the use of Wikipedia as a source by any purported expert is baffling as it is a webpage that can be edited by anyone and its contents are, therefore, not credible.

On pages 10 and 11 of the Report, Donati goes on to incorporate the "opinion" of the Federal Reserve Board into her Report by citing to excerpts of testimony by Scott Alvarez, General Counsel, Board of Governors of the Federal Reserve System and Julie Williams, First Senior Deputy Comptroller and Chief Counsel, Office of the Comptroller of Currency ("OCC") and also to a statement made by the OCC in connection with the Interagency Review of Foreclosure Policies. *See* Report, pp. 10-11. Ms. Donati states that these excerpts are a "legally valid basis" for the determination that GMACM committed a negligent and/or wrongful act. *Id*. at p. 12. She then concludes that "the debtors, as a matter of law, have indisputably committed both a negligent and/or a wrongful act against the Reeds." *See id.* at p. 12.

Lastly, on pages 13 and 14 Ms. Donati offers her conclusions as to GMACM's liability for negligence, fraud and breach of contract. *See id.* at p. 12. Once again, each of these is an improper legal conclusion. For example:

- After claiming to have reviewed documents and the law, Ms. Donati concludes that she found "seven (7) wrongful acts" which constitute negligence, these include, "GMACM's failure to honor the loan modification" and to "remove "lis pendens". This list is nothing but conclusions of law. *See id.* at pp. 13-14.

- Ms. Donati also concludes in her professional opinion that "GMACM also committed fraud on the Chancery Court and the Reeds vis-à-vis its pleadings and filings related to the Reed 2008 foreclosure" by representing itself to be the holder of the note and assignee of the mortgage when it was not. Again, Ms. Donati makes a legal conclusion, not an expert opinion, by stating that a specific action or inaction by GMACM violated common law. *See id*. at p. 14

- 6 -

- Further, Ms. Donati goes on to conclude that if "GMACM does indeed prove to be the owner/holder of the note and/or mortgage, then it would be in breach of contract" for failure to send the NOI and the notice required by the note and mortgage. Once again, this is nothing more than a legal conclusion which is properly the province of the trier of fact. *See id.*

In sum, each and every one of Ms. Donati's opinions constitute a blatant, improper legal conclusion. Beyond the improper opinions, the Report is rife with citations to law, rendering it more of a legal memorandum than expert report. Simply stated, Ms. Donati's "opinions" are matters reserved for this Court. Accordingly, the Report violates relevant Second Circuit authority and should be excluded.

### 2. The Opinions Expressed By Ms. Donati Are Irrelevant To The Issues At Hand And Will Not Assist The Trier Of Fact

This Court does not need "expert" testimony to understand commonly known facts. See e.g., U.S. v. Didomenico, 985 F.2d 1159, 1163 (2d Cir. 1993) (concluding "that the district court was well within the bounds of discretion in excluding [claimant's psychiatric expert's] testimony because the testimony did not meet the helpfulness criterion of Rule 702") (citations omitted); Grdinich v. Bradlees, 187 F.R.D. 77, 82 (S.D.N.Y. 1999) (excluding claimant's expert and finding that "[e]xpert testimony is not admissible when it addresses lay matters which a jury is capable of understanding and deciding without the expert's help.") (citations omitted).

Here, the opinions of Ms. Donati are irrelevant and not helpful to the trier of fact. First, the claim that GMACM and RFC violated the FFA has long been disposed of. *See* July 11, 2014 Order, p. 2. Further, any opinions concerning the accrual of the right to foreclose, standing, the lis pendens process, and the continued negligent prosecution of the foreclosure are no longer at issue. *See* Report, pp. 3-9, 12. Ms. Donati's needless argument on matters already resolved, recitations of the law and assertion of legal conclusions cannot assist the trier of fact in any way, but will only add confusion and squander precious time in a restricted trial schedule. Daubert,

509 U.S. at 591-92 (finding an expert opinion must be "relevant" so as to assist the trier of fact); see also Fed. R. Evid. 702. Ms. Donati should be precluded from offering expert testimony at trial.

### 3. Ms. Donati Does Not Use Relevant Or Reliable Methods, And Therefore Her Opinions Do Not Satisfy The Daubert Standard

None of Ms. Donati's so-called "methodologies" are based on actual facts in evidence. Further, Ms. Donati's Report is bare in analysis and replete with legal and factual conclusions. As such, the Report and Ms. Donati's testimony should be excluded.

An expert opinion must have "a reliable basis in the knowledge and experience of [the expert's] discipline." Daubert, 509 U.S. at 591-92. See also Fed. R. Evid. 702 (permitting expert testimony only if, among other things, "(c) the testimony is the product of reliable principles and methods and the expert has reliably applied the principles and methods to the facts of the case"). Although there is no definitive test for determining the reliability of expert testimony, the Supreme Court has identified a number of factors bearing on reliability, including "(1) whether a theory or technique 'can be (and has been) tested,' (2) whether the theory or technique has been subjected to peer review and publication, (3) a technique's 'known or potential rate of error,' and 'the existence and maintenance of standards controlling the technique's operation,' and (4) whether a particular technique or theory has gained 'general acceptance' in the relevant scientific community." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002) (quoting Daubert, 509 U.S. at 593-94) (internal citations omitted). The Supreme Court of the United States has expressly extended Daubert and its reliability requirements beyond scientific testimony to encompass all expert testimony. *See also*, Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999); Davis v. Carroll, 937 F. Supp. 2d 390, 417 (S.D.N.Y. 2013) ("Neither Daubert nor Kumho Tire tolerates expert testimony that

- 8 -

departs from scientific or professional standards and cannot be independently justified as a reliable analytical tool.") .

Here, even if this Court held that Ms. Donati's opinions are not legal conclusions and are helpful to the trier of fact, the Report meets none of the foregoing indicia of reliability and utterly fails to satisfy the requirements of F.R.E. 702. Ms. Donati does not use a reliable, scientific or professional tool in justifying her opinions. Instead, Ms. Donati jumps to her conclusions without analysis. For example:

- After citing to the testimony of Mr. Alvarez and Ms. Williams, Ms. Donati hastily concludes that, "It is without question that the [sic] GMACM did in fact commit the acts described in items 2 and 14 of the Testimony cited immediately above vis a vis the Reeds." Report, p. 11.

- Ms. Donati peppers her Report with assumptions such as, "It is well understood in the foreclosure profession/industry that it is quite foreseeable that the very act of filing a foreclosure is extremely harmful to the individual(s) being foreclosed". Report, p. 12.

- Ms. Donati appears to justify her conclusions not with a theory or technique but by prefacing them with "in my professional opinion." This does not meet scientific or professional standards.

Because Ms. Donati does not employ any relevant or reliable methods, her opinions do not satisfy Daubert. Accordingly, her Report should be stricken and her testimony should be excluded from trial.

   **4. Ms. Donati's Report Should Be Excluded Because She Is Not Qualified To Provide An Expert Opinion On Any Of The Issues At Hand**

An expert witness may not offer opinions falling outside of the areas in which she is qualified as an expert by knowledge, skill, experience, training, or education. See Fed. R. Evid. 702; United States v. Chang, 207 F.3d 1169, 1172-73 (9th Cir. 2000) (affirming exclusion of defense expert because he lacked the "specific" expertise necessary to offer helpful testimony). See also, Garnac Grain Co., Inc. v. Blackley, 932 F.2d 1563, 1566 (8th Cir. 1991) (finding

witnesses' practical knowledge, including employment in claimant-company's accounting department for 22 years and role in implementing company's internal controls, did not provide them with requisite expertise in auditing or accounting to opine as to auditing issues or compliance with GAAS, and affirming exclusion of their testimony); Gray v. Briggs, 45 F. Supp. 2d 316, 323-24 (S.D.N.Y. 1999) (finding expert, whose expertise resided primarily in the securities industry, lacked sufficient knowledge of and experience with ERISA to offer opinions involving ERISA, and thereby excluding opinions).

Ms. Donati asserts that she is qualified to opine on the legal issues regarding foreclosure actions because she previously worked as a foreclosure attorney for four (4) years. Report at p.1. As the court noted in Garnac Grain Co., Inc. v. Blackley, working in an accounting department does not necessarily provide someone with the requisite expertise in auditing. Garnac Grain Co., 932 F.2d at 1566. Here, merely practicing as a foreclosure attorney does not qualify Ms. Donati to proffer opinions about Claimant's damages. As in United States v. Chang, Ms. Donati lacks the specific expertise necessary to offer helpful testimony. *See* United States v. Chang, 207 F.3d at 1172-73.

## CONCLUSION

For these reasons, the Borrower Trust respectfully requests that Christy Zoltun Donati be precluded from testifying at trial and that her Report be stricken.

Dated:  August 12, 2016
    New York, New York

*/s/ Barbara K. Hager*
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile:  (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

- 11 -

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude the Expert Report and Testimony of Christy Zoltun Donati, is **GRANTED**.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

                                                  MARTIN GLENN
                                                  United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the foregoing Motion in Limine to Exclude the Expert Testimony of Christie Zulton Donati to be sent to the following parties via Electronic Mail:

>Frank Reed
>Pro Se Claimant
>817 Matlack Drive
>Moorestown, NJ  08057
>frankreednj@aol.com

>*/s/ Barbara K. Hager*
>Barbara K. Hager