Response Date: September 8, 2016

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:    (212) 468-8000<br>Facsimile:    (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br><br>*Counsel for the ResCap Borrower Claims Trust* | **REED SMITH LLP**<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>Telephone:    (609) 987-0050<br>Facsimile:    (609) 951-0824<br>Diane A. Bettino<br>Barbara K. Hager, *admitted pro hac vice*<br><br>*Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  ) | Case No. 12-12020 (MG) |
|          ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,  ) | Chapter 11 |
|          ) | |
| Debtors.  ) | Jointly Administered |
|          ) | |

**THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE CONCERNING CLAIMANT'S ATTORNEYS' FEES**
**ALLEGEDLY INCURRED IN DEFENSE OF THE FORECLOSURE ACTION**

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence offered by the Claimant Frank J. Reed III ("Claimant" or "Reed") that was already presented in the underlying litigation.

In connection with the September 2014 trial, Claimant put on evidence of attorneys' fees he incurred in defense of the Foreclosure Action. This Court held that the evidence regarding, one of Mr. Reed's attorneys, Mr. Jeffrey S. Walters, was inadmissible as Mr. Reed was unable to attribute any of Walters' fees to the Foreclosure Action.

Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether the Claimant suffered any cognizable damages caused by the Foreclosure Action. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). As such, the issue regarding Claimant's attorneys' fees is not an issue ordered for remand. In fact, the Appellate Court implicitly affirmed this Court's ruling excluding evidence. Mr. Reed should not be permitted to admit evidence at the upcoming trial related to his attorneys' fees as it would constitute a retrial of an issue already determined by this Court in favor of the Borrower Trust and, therefore, is precluded by the Mandate Rule and The Law of The Case Doctrine.

This matter is not on remand to retry the entire case, but instead to allow Claimant to put on evidence previously barred from the 2014 Trial. For these reasons, Claimant should be wholly precluded from offering evidence concerning his attorneys' fees as Claimant has already had his chance to litigate this theory and present this evidence. The Court should not permit Claimant a second bite at the apple.

**RELEVANT FACTS**

At the evidentiary hearing, Claimant offered evidence of attorneys' fees he had allegedly incurred as the result of the Foreclosure Action. Specifically, in connection with the Foreclosure Action, Claimant allegedly retained several lawyers, including Jeffrey S. Walters (who Reed admits was only minimally involved (see Sept. 16, 2014 Tr. 48:11–14)), Linda Campbell, and Matt McCrink.

In the October 6, 2014 Order and Memorandum, this Court specifically held that Mr. Reed was unable to attribute any of Jeffrey S. Walters, Esq.'s fees to the Foreclosure Action.[1] Bankr. Doc. 7619 ("Order and Memorandum") at 13-14. Thus, this Court did not consider any evidence of Mr. Walters' fees in its factual findings and holding because it determined the fees were not related to the Foreclosure Action and, therefore, not recoverable.

On appeal the Second Circuit reversed only "the ruling limiting the scope of damages evidence permitted," and affirmed the remainder of the Bankruptcy Court's decisions. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 1 (S.D.N.Y. December 23, 2015). In so reasoning, the Appellate Court affirmed this Court's decision to exclude the evidence related to Mr. Walters' fees.

**ARGUMENT**

Claimant's proffered evidence concerning attorneys' fees incurred in the defense of the Foreclosure Action, including Mr. Walters' alleged fees must be excluded for several reasons. First, Claimant's evidence regarding the attorneys' fees was previously presented to the Court during the underlying trial and the Court's ruling with regard to that evidence is the law of the case. Claimant may not simply challenge or ignore those rulings on remand because he is

---

[1] The Court did find Mr. Reed adequately demonstrated that the fees charged by two other attorneys Linda Campbell and Matt McCrink were incurred as a result of the Foreclosure Action, for a total of $5,823.00. Bankr. Doc. 7619 ("Order and Memorandum") at 13.

displeased with them. Second, the Second Circuit remanded the matter for a narrow purpose: to allow Claimant to put on evidence of damages that he was precluded from presenting at the first trial. Not only was the evidence concerning the attorneys' fees presented and considered by the Court, this Court's ruling was affirmed by the Appellate Court and outside the scope of the narrow issue on remand. Third, the presentation of such evidence would prejudice the Borrower Trust as it would compel the Borrower Trust to re-litigate an issue already decided in its favor and not subject to the Appellate Court's remand order thereby increasing the length of the trial and detracting from the focus and efficiency of the proceedings. The court rules cited above and discussed in detail below are designed to prevent re-litigation of issues, prevent undue prejudice, and conserve judicial resources in situations such as the one present here; the evidence should be excluded on this basis.

### A.    Issue Outside The Scope Of The Remand And Any Re-Litigation Is Precluded By The Mandate Rule And The Law Of The Case Doctrine

This Court already decided, and the Second Circuit affirmed the exclusion of Mr. Walters' attorneys' fees. Controlling precedent requires this Court to address only those issues that were remanded to it. In situations like this "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone" by the appellate court, the district court must not "reopen[] the issue on remand unless the mandate can reasonably be understood as permitting it to do so." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)) (citing multiple cases).

Specifically, the "mandate rule" prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate. Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (citing Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

Here, this Court determined that Mr. "Reed was unable to attribute any of Walters' fees to the Foreclosure Action." Memorandum and Order at 13-14. This holding is still good law. The Appellate Court affirmed the exclusion of that evidence and limited remand to evidence of damages excluded from the initial trial. Aydin Corp. (West) v. Widnall, 121 F.3d 726 (Fed. Cir. 1997) ("a trial court on remand may not reexamine, beyond the scope of the remand order, any issues that were addressed, either explicitly or implicitly, by an appellate court."); see also Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers, No. 99-CV-4341 BMC RML, 2010 WL 3619708, at *10, n.9 (E.D.N.Y. Sept. 10, 2010) (finding that because the remand was limited to whether the damages phase of the litigation conferred a common benefit under a specific line of case law, plaintiffs arguments that were beyond the scope of the Second Circuit's remand would not be addressed); Pordy v. Land O'Lakes, Inc., No. 01 CIV. 579 (JSR), 2005 WL 1875728, at *1, n.4 (S.D.N.Y. Aug. 9, 2005), aff'd, 194 F. App'x 918 (Fed. Cir. 2006) (finding that although both sides' papers addressed issues well beyond the scope of the remand, this court will only address those arguments relevant to the remand).[2]

This Court already rejected Claimant's same arguments concerning Mr. Walters' attorneys' fees during the original proceedings before the Court nearly two years ago. This Court was not asked to re-address them on remand. Given that this issue is outside the scope of the Second Circuit's Remand Order, the Court should decline to revisit its prior decision.

---

[2]  Additionally, under these circumstances, the Court's ruling on the matter is law of the case and should not be reconsidered. "The law of the case doctrine counsels against revisiting [] prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006).

### B. The Borrower Trust Will Be Unduly Prejudiced If Claimant Is Permitted To Introduce Evidence Concerning Attorneys' Fees

This Court should preclude any evidence concerning the Mr. Reed's attorneys' fees incurred in the defense of the Foreclosure Action as it would be a waste of judicial resources and unfairly prejudice the Borrower Trust. Indeed, the Borrower Trust will be prejudiced by having to defend against this identical issue a second time – an issue already decided by this Court and not subject to the Appellate Court's remand order. Allowing Claimant to re-present this evidence and argument would increase the length of the trial and would detract from the focus and efficiency of the proceedings. As such, Claimant should not be permitted to present evidence concerning attorneys' fees incurred in defending the Foreclosure Action, including Mr. Walters' fees, which were excluded by this Court as attributable to the foreclosure, and the Court should decline to revisit its prior decision.

### CONCLUSION

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding any fees incurred as a result of defending against the Foreclosure Action.

| | |
|---|---|
| Dated:  August 12, 2016<br>         New York, New York | */s/ Barbara K. Hager*<br>Diane A. Bettino<br>Barbara K. Hager, *admitted pro hac vice*<br>REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>Telephone: (609) 987-0050<br>Facsimile:  (609) 951-0824<br><br>*Co-Counsel for The ResCap Borrower Claims Trust*<br><br>-and-<br><br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

# [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Attorneys' Fees Allegedly Incurred in Defense of the Foreclosure Action, is **GRANTED**.

It is **FURTHER ORDERED** that all evidence, testimony, and argument regarding any fees incurred as a result of defending against the Foreclosure Action will be inadmissible at trial, including evidence of Mr. Jeffrey S. Walters' fees, as Claimant has previously presented such evidence to this Court.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the foregoing Motion in Limine to Exclude Evidence Concerning Claimant's Attorneys' Fees Allegedly Incurred in Defense of the Foreclosure Action to be sent to the following parties via Electronic Mail:

>Frank Reed
>Pro Se Claimant
>817 Matlack Drive
>Moorestown, NJ  08057
>frankreednj@aol.com

>*/s/ Barbara K. Hager*
>Barbara K. Hager