**Response Date: September 8, 2016**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | Princeton Forrestal Village |
| New York, New York 10019 | 136 Main Street, Suite 250 |
| Telephone:    (212) 468-8000 | Princeton, New Jersey 08540 |
| Facsimile:    (212) 468-7900 | Telephone:    (609) 987-0050 |
| Norman S. Rosenbaum | Facsimile:    (609) 951-0824 |
| Jordan A. Wishnew | Diane A. Bettino |
| | Barbara K. Hager, *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | |
| | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE CONCERNING CLAIMANT'S**
**EXPERT WITNESS FEES AS DAMAGES**

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence of expert witness fees offered by the Claimant Frank J. Reed III ("Claimant") as proof of damages.

In connection with the October 2014 trial, Claimant was awarded attorneys' fees he incurred in defense of the Foreclosure Action. This Court held that Claimant spent $5,823.00 on attorneys' fees and granted Mr. Reed fees treble damages in connection with those fees incurred.

Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether the Claimant suffered any cognizable damages caused by the Foreclosure Action, which were categorically excluded by the lower court. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). As such, the issue regarding Claimant's expert fees is not an issue ordered for remand. In fact, the Appellate Court implicitly affirmed this Court's previous ruling in all other respects. Mr. Reed should not be permitted to admit evidence at the upcoming trial related to his expert fees as these fees are not permitted under New Jersey law and the determination of any such additional damages is outside the scope of Appellate Review and, therefore precluded.

This matter is not on remand to retry the entire case, but instead to allow Claimant to put on evidence previously barred from the 2014 trial. For these reasons, Claimant should be wholly precluded from offering evidence concerning his expert witness fees.

**RELEVANT FACTS**

In connection with the October 2014 trial, Claimant was awarded attorneys' fees he incurred in defense of the Foreclosure Action. This Court held that Claimant spent $5,823.00 on attorneys' fees and granted Mr. Reed fees treble damages in connection with those fees incurred.

On appeal the Second Circuit reversed only "the ruling limiting the scope of damages evidence permitted," and affirmed the remainder of the Bankruptcy Court's decisions. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 1 (S.D.N.Y. December 23, 2015). Claimant now seeks to introduce evidence related to his expert witness fees.

## ARGUMENT

Claimant's proffered evidence concerning expert witness fees incurred in the defense of the Foreclosure Action must be excluded for several reasons. First, Claimant's evidence regarding the expert witness fees is not permissible evidence under the applicable law. Josantos Const. v. Bohrer, 326 N.J. Super. 42, 740 A.2d 653 (App. Div. 1999) (Expert witness fees are not encompassed within the phrase "reasonable costs of suit" allowable under Consumer Fraud Act). Second, the Second Circuit remanded the matter for a narrow purpose: to allow Claimant to put on evidence of damages that he was precluded from presenting at the first trial. Any evidence concerning Claimant's expert witness fees is outside the scope of the narrow issue on remand. Third, the presentation of such evidence would prejudice the Borrower Trust as it would compel the Borrower Trust to litigate an issue not subject to the Appellate Court's remand order and prohibited under the applicable law thereby increasing the length of the trial and detracting from the focus and efficiency of the proceedings. The case law cited above and discussed in detail below are designed to prevent undue prejudice and conserve judicial resources in situations such as the one present here; the evidence should be excluded on this basis.

    A.    **The Award of Expert Fees Are Not Permissible Under the New Jersey Consumer Fraud Act**

The general rule is that litigants bear their own expenses for fees and costs, except where specifically authorized by statute, rule, or agreement. Velli v. Rutgers Casualty Ins. Co., 608

*A*.2d 431 (N.J. Super. Ct. App. Div.), certif. denied, 617 A.2d 1220 (N.J. 1992).  Expert fees are not taxable costs under N.J. Stat. 22A:2-8.  Buccinna v. Micheletti, 710 A.2d 1019 (N.J. Super. App. Div. 1998).  Concerning the New Jersey Consumer Fraud Act, New Jersey Courts have consistently held that the Legislature did **not** intend the phrase "reasonable costs of suit" to encompass expert fees.  Josantos Const., 740 A.2d at 656 ("In our view, expert witness fees are not encompassed within the phrase 'reasonable costs of suit.'").

Specifically, the Josantos Court explained, "[w]hen the Legislature intends the recovery of expert fees, it is perfectly capable of saying so explicitly."  Id. (citing New Jersey Stat. 39:6A-34 (expert fees recoverable in *de novo* trial following rejected automobile arbitration award) and *N.J.S.A.* 54:51A-22 (expert fees recoverable as litigation costs when taxpayer prevails on certain tax matters)).  The Josantos Court went on to clarify:

> Expert fees are properly classified as litigation costs, as N.J.S.A. 54:51A-22 demonstrates. Thus a general provision allowing recovery of "all reasonable litigation costs" is arguably sufficient to encompass expert fees. See, Weed v. Casie Enter., 279 N.J.Super. 517, 533, 653 *A*.2d 603 (App. Div. 1995), so indicating in the context of *N.J.S.A.* 2A:15-59.1, the "frivolous litigation" statute. Accord, Fagas v. Scott, 251 N.J.Super. 169, 197-200, 597 A.2d 571 (Law Div. 1991).  Here the Legislature chose the broader phrase "reasonable costs of suit." We have found no reported case under the Consumer Fraud Act that has awarded expert fees.  In our view, they are not intended within the statutory language.

Josantos Const., 740 A.2d at 656–57; St. Louis, L.L.C. v. Anthony & Sylvan Pools Corp., No. A-3754-04T3, 2006 WL 1585739, at *10 (N.J. Super. Ct. App. Div. June 12, 2006) ("The CFA does not provide that a prevailing party may receive expert's fees"); see also Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc., No. A-1485-07T2, 2009 WL 2365960, at *19  (N.J. Super. Ct. App. Div. July 30, 2009) (finding franchisee was not entitled to receive expert witness fees under the Franchise Practices Act. N.J.S.A. 56:10-10 stating New Jersey's "jurisprudence on

this subject has been marked by a strong adherence to the general prohibition of expert fee awards in the absence of manifest statutory authority").[1]

Moreover, since Josantos was decided, "the Legislature has amended the CFA several times, but has not included a provision that would permit a prevailing plaintiff to recover expert's fees." St. Louis, L.L.C., 2006 WL 1585739, at *10. This failure to amend the CFA is evidence that a prevailing plaintiff, while entitled to counsel fees, is not statutorily entitled to expert's fees. See Mass. Mut. Life Ins. Co. v. Manzo, 116, 584 A.2d 190 (N.J. 1991) (failure to modify judicial determination is evidence of legislative support for judicial construction of statute). Hence, Claimant is not entitled to recover an expert's fees.

### B. Issue Outside the Scope Of The Remand And Any Evidence Is Precluded By The Mandate Rule

Controlling precedent requires this Court to address only those issues that were remanded to it. In situations like this "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone" by the appellate court, the district court must not "reopen[] the issue on remand unless the mandate can reasonably be understood as permitting it to do so." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)) (citing multiple cases).

Specifically, the "mandate rule" prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate. Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (citing Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

---

[1] Similar reasoning has led to denial of awards of expert fees to prevailing plaintiffs under the no-fault auto insurance statutes. Velli v. Rutgers Cas. Ins. Co., 257 N.J.Super. 308, 309-10 (App.Div.), certif. denied, 130 N.J. 597 (1992); Helton v. Prudential Prop. & Cas. Ins. Co., 205 N.J.Super. 196, 204 (App.Div. 1985).

Here, this Court determined that Mr. Reed was entitled to attorneys' fees. Memorandum and Order at 13-14. There was no award of expert witness fees and the Appellate Court limited remand to evidence of damages **categorically excluded** from the initial trial – expert witness fees do not fall in the scope of the remand. Aydin Corp. (West) v. Widnall, 121 F.3d 726 (Fed. Cir. 1997) ("a trial court on remand may not reexamine, beyond the scope of the remand order, any issues that were addressed, either explicitly or implicitly, by an appellate court."); see also Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers, No. 99-CV-4341 BMC RML, 2010 WL 3619708, at *10, n.9 (E.D.N.Y. Sept. 10, 2010) (finding that because the remand was limited to whether the damages phase of the litigation conferred a common benefit under a specific line of case law, plaintiffs arguments that were beyond the scope of the Second Circuit's remand would not be addressed); Pordy v. Land O'Lakes, Inc., No. 01 CIV. 579 (JSR), 2005 WL 1875728, at *1, n.4 (S.D.N.Y. Aug. 9, 2005), aff'd, 194 F. App'x 918 (Fed. Cir. 2006) (finding that although both sides' papers addressed issues well beyond the scope of the remand, this court will only address those arguments relevant to the remand).

Given that this issue is outside the scope of the Second Circuit's Remand Order, the Court should exclude all evidence of expert witness fees.

### C. The Borrower Trust Will Be Unduly Prejudiced If Claimant Is Permitted To Introduce Evidence Concerning Expert Witness Fees

This Court should preclude any evidence concerning Mr. Reed's expert witness fees incurred in this case or the Foreclosure Action as it would be a waste of judicial resources and unfairly prejudice the Borrower Trust. Indeed, the Borrower Trust will be prejudiced by having to defend against this identical issue a second time – an issue already decided by this Court and not subject to the Appellate Court's remand order. Allowing Claimant to present this evidence and argument would increase the length of the trial and would detract from the focus and

efficiency of the proceedings. As such, Claimant should not be permitted to present evidence concerning expert witness fees incurred in this action or the Foreclosure Action.

## **CONCLUSION**

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding any expert witness fees incurred as a result of this case and/or defending against the Foreclosure Action.

Dated:  August 12, 2016
       New York, New York

*/s/ Jordan A. Wishnew*
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

-and-

Diane A. Bettino
Barbara K. Hager, *pro hac vice pending*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile:  (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**[PROPOSED] ORDER**

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Expert Witness Fees Allegedly Incurred in This Action and/or Defense of the Foreclosure Action, is **GRANTED**.

It is **FURTHER ORDERED** that all evidence, testimony, and argument regarding any expert witness fees incurred as a result of this action and/or the Foreclosure Action will be inadmissible at trial.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the foregoing Motion in Limine to Exclude Evidence of Claimant's Expert Witness Fees as Damages to be sent to the following parties via Electronic Mail:

>Frank Reed
>Pro Se Claimant
>817 Matlack Drive
>Moorestown, NJ  08057
>frankreednj@aol.com

>*/s/ Barbara K. Hager*
>Barbara K. Hager