Response Date: September 8, 2016

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone:    (609) 987-0050
Facsimile:    (609) 951-0824
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*

*Co-Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

# THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE
## TO EXCLUDE EVIDENCE OF DAMAGES AT TRIAL

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence of certain damages offered by the Claimant Frank J. Reed III ("Claimant" or "Reed") at trial. Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether the Claimant suffered any ***cognizable*** damages caused by the Foreclosure Action. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). As such, Claimant's proffered damages evidence concerning the two Virginia properties, the three New Jersey properties (hereinafter defined), and the deficiency judgment must be excluded.

First, the Court should exclude any evidence of damages or economic loss related to 9717 Old Dell Trace, Richmond, Virginia ("Old Dell Trace") as the evidence presented is far too attenuated from the foreclosure to establish causation and Claimant has produced no supporting documentation of any asserted damages amounts. For instance, despite using the appraisal value as the sum certain for Claimant's lost profits figure, the Old Dell Trace property was never completed and, thus, never "worth" the amount for which it was prospectively appraised.

The Court should also exclude any evidence of damages stemming from the hypothetical sale of the unbuilt and unrealized 133 Brookschase Lane, Richmond, Virginia ("Brookschase Lane") property for similar, even more persuasive reasons. Specifically, after owning the vacant lot at Brookschase Lane for two years, and never making any improvements to the land, Claimant sold the land for approximately $150,000 in profit. Yet Claimant would have this Court believe that it was the foreclosure, two years after the purchase of Brookschase Lane that prevented Claimant from building on the land, and that, in turn, rendered the Borrower Trust liable for the amount of profit lost from the future third-party purchase of a fictitious home.

Further, Claimant's contention that he should be awarded duplicative damages is not supported under any law. For example, the Borrower Trust cannot be held liable for Claimant's personal obligations, such as the deficiency judgment resulting from Claimant's loan to TD Bank and the various bills from contractors or other individuals hired by Claimant. Regardless of whether Claimant was able to secure financing following the foreclosure, he would have been obligated to pay those debts. Additionally, any claim that Mr. Reed should be awarded damages for the value of cash invested in the various properties as well as lost profits from their ultimate sale, inherently seeks a windfall.

For these reasons, Claimant should be wholly precluded from offering evidence concerning damages related to Claimant's various properties. Further, any evidence of damages related to the deficiency judgment resulting from the Foreclosure Action should also be barred.

## **RELEVANT FACTS**

On July 28, 2014, during a status conference, this Court limited the damages that Claimant could pursue to economic damages directly related to the Property. Bankr. Doc. 7320 ("July 28 Hr'g").

In appealing the decision, Mr. Reed argued the categorical exclusion of damages outside of the value and alienability of the 817 Matlack Drive, Moorestown, New Jersey ("Matlack Property") and cost of defending the Foreclosure Action prevented them from recovering the full amount of damages to which he was entitled. For example, the Claimant sought to introduce evidence regarding his alleged improvements of and loss profits concerning two Virginia properties, Old Dell Trace and Brookschase Lane (collectively, the "Virginia Properties"). Additionally, Mr. Reed claimed the long-term tenant of the New Jersey rental properties located at 52 Stone Hollow Drive, Block 12701, Lot 7 Winslow Township, NJ 08081, 318 Columbia Avenue, Block 20, Lot 14, Stratford Borough, NJ 08084, 21 Darian Drive, Block 469.06, Lot 26

- 3 -

Cherry Hill Township, NJ 08003 (collectively the "New Jersey Properties"), chose not to renew its lease due to the Foreclosure Action. <u>Reed</u>, No. 15-cv-02375, Dkt. No. 16 at 17. Finally, Mr. Reed attempts to assert he suffered damages in the form of the deficiency judgment filed against him, following the foreclosure, under the terms of the note.

On appeal, the Second Circuit reversed only "the ruling limiting the scope of damages evidence permitted," and affirmed the remainder of the Bankruptcy Court's decisions. <u>See</u> <u>Reed v. ResCap Borrower Claims Trust</u>, No. 15-cv-02375, Dkt. No. 16 at 1 (S.D.N.Y. December 23, 2015). Notably, the Appellate Court did **not** find all of Mr. Reed's evidence was admissible. It merely held that they lower court did not engage in a specific evaluation of the proof that Mr. Reed proposed to offer. Thus, the Appellate Court reversed the ruling excluding the damages to the extent that the exclusion was categorical as it did not have a basis to review the holding. *Id.* at 7, 18. Moreover, the Appellate Court took "no position regarding whether the evidence that the Reeds seek to introduce will meet the standard required for the Reeds to recover." *Id.* at 18. In fact, the Appellate Court took no position as to whether the proffered evidence met applicable standards of admissibility, stating that some evaluation of the proffered evidence was needed "to determine whether it meets that standard." <u>Id.</u> at 19.

## **ARGUMENT**

Under the New Jersey Consumer Fraud Act ("CFA"), the Claimant is entitled to recover "ascertainable losses" directly related to the Borrower Trust's CFA violation. The New Jersey Supreme Court has explained that an "ascertainable loss" within the meaning of the CFA must be "an actual loss" that is "quantifiable or measureable" and not "hypothetical or illusory." <u>Thiedemann v. Mercedes-Benz USA, LLC</u>, 872 A.2d 783, 792-93 (N.J. 2005). Moreover, any damages stemming from the harm must be reasonably foreseeable. <u>Pickett v. Lloyd's</u>, 621 A.2d

445, 454 (N.J. 1993). "There is no calculation of "damages sustained" unless the ascertainable loss requirement is first satisfied." D'Agostino v. Maldonado, 216 N.J. 168, 193, 78 A.3d 527, 542 (2013); Parker v. Howmedica Osteonics Corp., Civ. No. 07-02400, 2008 U.S. Dist. LEXIS 2570, 2008 WL 141628, at *4 (D.N.J. Jan. 14, 2008) ("When a plaintiff fails to give particulars regarding their ascertainable loss, and when they offer broad and conclusory allegations, the ascertainable loss requirement has not been met").[1]

A party alleging damages must provide sufficient evidence of such damages prior to a trial. See Interfilm, Inc. v. Advanced Exhibition Corp., 249 A.D. 2d 242, 243, 672 N.Y.S. 2d 309 (1st Dept 1998) (denying a claim for lost profits where the evidence produced in support of such claims was "inadequate to show the exact nature and extent of the claimed reliance damages...."). The legal rules cited above and discussed in detail below are designed to prevent the introduction of conclusory and speculative evidence such as that offered by Claimant and the evidence discussed herein should be excluded on this basis.

## I. This Court Should Exclude Any Damages Relating To The Old Dell Trace And Brookschase Lane Properties As Mr. Reed Has Failed To Present Evidence Sufficient To Meet His Burden Of "Reasonable Certainty"

### A. Damages Evidence That Is Purely Speculative Is Not Permissible At Trial

A party seeking to prove damages bears the burden of proving such damages by competent and sufficient evidence. See City of New York v. State of New York, 27 A. D. 3d 1, 801 N.Y.S. 2d 8 (1st Dept 2005). While proof of damages may be through oral testimony as well as through documentary evidence, Peak v. Northway Travel Trailers, Inc., 811 N.Y.S. 2d 798 (3rd Dept 2006), it is axiomatic that damages must be shown through *competent evidence*. See Pasargad Carpets, Inc. v. A& R Real Estate, Inc., 701 N.Y.S. 2d 409, 410 (1st Dept 2000) (emphasis added); Grunwald v. Bronkesh, 131 N.J. 483, 495 (1993) (finding damages must be

---

[1] New York law is substantially similar regarding the exclusion of speculative or conclusory damages evidence.

real and substantial and not speculative). Further, a party must establish that an alleged harm was the "direct and proximate cause of the losses claimed." *Laub v. Faessel*, 297 A.D.2d 28, 30, 745 N.Y.S.2d 534, 536 (1st Dep't 2002) (emphasis added).

For example, in *Bell Atl. Network Servs., Inc. v. P.M. Video Corp.*, the defendant alleged that, as a result of the defendants' fraudulent conduct, it suffered hundreds of millions of dollars in lost profits. The appellate court affirmed the trial court finding that plaintiff's damages claims were too speculative for consideration by a jury. 730 A.2d 406, 418-19 (N.J. Super. App. Div. 1999). In rejecting the claim on the ground that the evidence of lost profits could not be established with reasonable certainty, the trial judge emphasized the following points:

> (1) the substantial discrepancy between the projections of PMV's two experts; (2) the national LSI company never came into existence; (3) the national LSI concept was contingent on the development of a complex network of interlocking companies, none of which has been created; (4) the profitability of the national LSI would have depended on the formation of numerous collateral agreements with independent service providers and their agreement to accept PMV's demands for set percentages of each provider's revenue stream; (5) the business plan was unique and untested; (6) the products, home automation and video-on-demand, were new and both industries were "still in a very preliminary planning stage and [were] years away from the mass-marketing penetration that PM[V] envision[ed]….The trial judge also concluded that "[g]iven the substantial start-up costs associated with these projects, the future profitability of home automation products and related services is far from certain."

*Bell Atl. Network Servs., Inc.*, 730 A.2d at 420-21.

Here, Claimant's evidence of lost profits resulting from the Old Dell Trace and Brookschase Lane properties are comparably attenuated. Initially, Claimant presents little to no reliable evidence that his cash flow was stunted because of the foreclosure and, therefore, he was not able to complete the renovations.[2] *Kenford*, 67 N.Y.2d at 262, 502 N.Y.S.2d at 133 (finding where a damages claim is based on "speculation and conjecture," it should be excluded as a matter of law). In fact, much of Claimant's damages evidence is his own self-serving testimony.

---

2   *See also* Motion *in Limine* to Exclude Expert Evan D. Hendricks.

- 6 -

Further, as indicated in more detail below, Claimant produces no concrete evidence of money damages, but instead continuously approximates without explanation final figures representing his alleged harm.  Mid-State Precast System, Inc. v. Corbetta Const. Co., Inc., 202 A.D. 2d 702, 608 N.Y.S. 2d 546, 548 (3rd Dept 1994) (denying a claim for delay damages where the proof presented thereof consisted of "estimates" that were "subjective as well as speculative").  For example, there is no supported total of the cash invested in the Old Dell Trace Property and no final totals on any liens associated with either Virginia Property.

### B. Claimant's Damages Methodology Is Dependent On A Series Of Unsupported Assumptions And Falls To Establish Damages With Reasonable Certainty

To be recoverable, the law requires a reasonably accurate and fair basis for the computation of alleged lost profits.  A. L. Floors, Inc. v. Westminster Communities, Inc., 355 N.J. Super. 416, 424 (2002).  Further, whatever method used by a party to prove damages, such method must show that the damages alleged are "reasonably certain" and not speculative, possible or imaginary.[3]  See Kenford Co. v. County of Erie, 67 N.Y.2d 257, 261 (1986).  Here, Claimant's methodology in calculating his alleged damages is neither accurate nor reasonable.

First, with regard to the Old Dell Trace Property, Claimant's methodology hinges on the assumption that he would have finished the renovation, found a purchaser (who was also willing to pay the appraised value), and sold the property to such a purchaser for the appraisal price.  As such, Claimant argues his alleged damages are the amount of the appraised value of Old Dell Trace.  However, Claimant failed to produce any evidence regarding (but not limited to): (1) the final cost of the renovations, (2) what work was needed to finish the renovations, such that Old

---

[3] As set forth more fully in the Motion in Limine to Exclude Mr. Hendricks' expert testimony, Mr. Hendricks offers exactly the type of damages methodology that has consistently been viewed as too speculative to support recovery as it rests on "a multitude of assumptions" that require "speculation and conjecture," and should therefore be excluded as a matter of law.  Kenford, 67 N.Y.2d at 262.

Dell Trace could be listed for sale, (3) how much the remaining renovations would cost, (4) whether there were any interested purchasers, and/or (5) whether Old Dell Trace was subject to any liens. Stanley Co. of Am. v. Hercules Powder Co., 108 A.2d 616, 626 (N.J. 1954) ("Loss of profits, where based on sound fact and not on mere opinion evidence without factual support, is recognized as a proper measure of damages if 'capable of being estimated with a reasonable degree of certainty'").

Even more egregiously, with regard to the Brookschase Lane Property, Claimant relies on his self-serving testimony that he would have built a home on the lot, that the home would have been worth substantially more than the lot, that there would have been a buyer to purchase that home, and that Mr. Reed would have, therefore, made a profit. Literally taken, Claimant's methodology requires this Court to assume Mr. Reed would have built and sold a fictitious home to a fictitious third-party for a profit – following whatever un-enumerated costs or liens would be incurred in building the home. J.L. Davis & Associates v. Heidler, 622 A.2d 923, 930 (N.J. Super. App. Div. 1993) (finding insufficient the contractor's "bare assertion that he suffered $3000 in lost profits" as "there was no evidence presented as to the costs that were or would have been incurred to complete the project or upon which to calculate such profits").

Claimant makes entirely speculative claims hinged on assumptions about the amount of proceeds he would have earned based on the actions of unidentified third parties' future actions. Batchelor v. Procter & Gamble Co., No. CIV.A. 14-2424 JLL, 2014 WL 6065823, at *5 (D.N.J. Nov. 13, 2014) (finding plaintiff failed to plead ascertainable loss as a result of defendant's defective hair product as plaintiff did not allege the date when the customers stopped going to her hair salon, how much money they spent there, whether plaintiff herself suffered economic

loss or if it was suffered by her business, or facts that demonstrate either an out-of-pocket loss or a demonstration of loss in value).

The speculative nature of Claimant's methodology is further underscored by the fact that his damages estimate varies depending on what assumptions are made about his behavior following the notation of foreclosure. If Claimant had chosen to rent or sell or move in to any one of the properties, his entire theory changes. As the case law demonstrates, conjecture about what a party may have done absent the alleged harm is far too speculative to support a damages award. *Compare Lama Holding Co. v. Smith Barney Inc*., 88 N.Y.2d 413, 422, 646 N.Y.S.2d 76,80 (1996) (plaintiffs in fraud actions cannot recover on a theory that, absent the fraud, they might have engaged in some other more profitable transaction because the loss of such bargains is "undeterminable and speculative"). In sum, because Claimant's methodology rests on such a "multitude of assumptions" about uncertain events, it is speculative as a matter of law. As a result, the Court should preclude Claimant from presenting this methodology or any evidence in an attempt to support it.

**II.     Evidence Of Loss Rent And Lost Profit Damages Related To The New Jersey Properties Are Not Admissible As They Are Speculative And Seek Duplicative Recovery**

Claimant has failed to show the Foreclosure Action resulted in loss rental income.

In *Cromartie v. Carteret Sav. & Loan*, 277 N.J. Super. 88, 95, 649 A.2d 76, 79 (App. Div. 1994), plaintiffs' property burned down without fire insurance protection. They sued the bank that acted as the servicing agent for the mortgagee bank. The jury found that Carteret had "breached its contractual obligation when it permitted the fire insurance on the Cromarties' property to lapse without notifying them." *Cromartie,* 277 *N.J.Super.* at 96, 649 *A.*2d 76. The appellate court remanded for a new trial on damages which had included a claim for lost rents on the property finding the lost rent award unsustainable since "the Cromarties did not prove their

- 9 -

expenses in operating the property and therefore did not prove their lost profits." *Id.* at 103, 649 *A*.2d 76.  Analogously, Claimant has not set forth any evidence of operating expenses or cost to maintain the properties. Therefore, Claimant cannot show lost profits in the form of rental income.  This Court should not permit Claimant to proceed at trial to prove a claim against the Borrower Trust for alleged damages based solely upon speculation, unsupported by competent evidence and lacking the requisite certainty required for a damages claim.

### III.   Claimant Should Be Precluded From Presenting Evidence Of Damages That Are Not Causally Related To The Alleged Conduct In This Case

Even if the Court concludes that Claimant's methodology regarding his various damages figures should not be precluded because it is inherently speculative, the evidence still should be precluded as a matter of law because it improperly seeks to recover losses that were not caused by the alleged harm in this case.

A Party must establish that the alleged misrepresentation was the legal cause of any damages.  It is not enough for a plaintiff to claim that "but for" an alleged misrepresentation she would have taken a different course of action and thereby avoided losses. Rather, a plaintiff must establish that the alleged misrepresentation "directly caused the loss about which plaintiff complains," i.e., "proximate" or "loss causation." *Laub v. Faessel*, 297 A.D.2d 28, 31,745 N.Y.S.2d 534, 536 (1st Dep't 2002). Thus, it is axiomatic that a defendant is not liable for any losses suffered from a change in the value of a plaintiff's investment that is due not to the defendant's actions, but rather to other market forces, changes to a party's prospects, or other factors.

For example, it is equally reasonable to assume that Claimant would have failed to sell, build, or rent any of the above discussed properties due to the 2008 housing crisis. See, e.g., Guth v. Tazewell Cty., 698 F.3d 580 (7th Cir. 2012) (finding no but for causation as the

defendant bore no responsibility for the 2008 economic downturn, and hence it was not liable for the reduction in property value). Further still, the attenuated nature of Claimant's claim for foreclosure losses is subject to the fundamental principles of causation. Simply put, by filing the foreclosure (improper as it may have been), the Borrower Trust did not thereby render itself liable for all future misfortunes suffered by Claimants.  See generally, Joan Ryno, Inc. v. First Nat. Bank of S. Jersey, 506 A.2d 762, 768 (N.J. Super. App. Div. 1986).

**IV.    Claimant Cannot Collect Duplicative Damages For the Same Economic Loss**

The Consumer Fraud Act does not sanction duplicative damages for same economic loss. 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 547 A.2d 1134, 1143 (N.J. Super. App. Div. 1988).  Here, Claimant seeks double recovery in a number of instances.

First, Claimant cannot recover the full-appraised value of the Old Dell Trace property as well as the amounts he paid general contractors to perform renovation work. See, e.g., Romano v. Galaxy Toyota, 945 A.2d 49, 58 (N.J. Super. App. Div. 2008) (finding that the measure of plaintiff car purchaser's ascertainable loss for CFA purposes could not be the purchase price she paid for the automobile, but the difference between the vehicle she received and the vehicle as represented at purchase).  Inherently, whatever monies Mr. Reed invested in the property, including all of his own bills and expenses relating to the renovation work, would be assumed into the final sale value of the home.  As a corollary, assuming Mr. Reed got the financing he needed to finish the renovations to Old Dell Trace, Mr. Reed would have needed to pay any contractor or other individual he hired to perform work.  Mr. Reed's independent contractual obligations cannot be the source of a damages figure, especially one that is subsumed by the ultimate sale price of the home.

Further, Claimant cannot doubly recover lost rent as well as lost profit from the rent. Specifically, Mr. Reed claims that, as a result of the Foreclosure Action, his tenants decided to

move out of the New Jersey Properties. Claimant contends that he would have been able to use the rental income to pay the mortgage on the properties, and avoid foreclosure. Despite, stating that the money would be used to pay off Claimant's loans, Claimant contends he lost profits as a result of the tenant evacuation. *V.A.L. Floors, Inc.*, 355 N.J. Super. at 423, 810 A.2d at 629 ("Lost profits' signif[y] the difference between gross income and the costs or expenses which had to be expended to produce the income").

Finally, in seeking damages based on the deficiency judgment against him, Claimant is essentially seeking to have the Borrower Trust pay off a loan that he has already enjoyed the benefit of. There is simply no logical argument that the Borrower Trust should have to pay off Mr. Reed's previously secured loan that remained his personal obligation. *Policastro v. Jackson Auto Body/Complete Collision Centers*, 2010 WL 4961738 (N.J. Super. Ct. App. Div. 2010) (per curiam) (plaintiff did not sustain an ascertainable loss because "her claimed loss consisted of costs that she was otherwise obligated to pay;" thus, no damages award warranted even though defendant violated the Consumer Fraud Act) *certification denied*, 205 N.J. 273, 15 A.3d 21 (2011).

**V.     The Borrower Trust Will Be Unduly Prejudiced If Claimant Is Permitted To Introduce Evidence Concerning Speculative Damages**

This Court should preclude any evidence concerning speculative and conclusory damages as it would be a waste of judicial resources and unfairly prejudice the Borrower Trust. Indeed, the Borrower Trust will be prejudiced by having to defend against a number of claims for which there is no supporting evidence. Allowing Claimant to present this evidence and argument would dramatically increase the length of the trial, and would cause the trial to devolve into a lengthy sideshow that would detract from the focus and efficiency of the proceedings. As such,

Clamant should not be permitted to present evidence concerning speculative damages and the Court should grant the Borrower Trust's motion to exclude the same.

## CONCLUSION

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding Claimant's speculative damages.

Dated: August 12, 2016
      New York, New York

*/s/ Barbara K. Hager*
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

# [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Damages, is **GRANTED**.

It is **FURTHER ORDERED** that any evidence of damages deemed speculative, including testimony regarding the same will be inadmissible at trial.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the foregoing Motion in Limine to Exclude Damages Evidence to be sent to the following parties via Electronic Mail:

>Frank Reed
>Pro Se Claimant
>817 Matlack Drive
>Moorestown, New Jersey 08057
>frankreednj@aol.com

>*/s/ Barbara K. Hager*
>Barbara K. Hager