Response Date: September 8, 2016

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone:     (609) 987-0050
Facsimile:     (609) 951-0824
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*

*Co-Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------------------

# THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE
# <u>TO EXCLUDE EVIDENCE NOT PREVIOUSLY PRODUCED</u>

## <u>PRELIMINARY STATEMENT</u>

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence offered by the Claimant Frank J. Reed III ("Claimant") that was not produced in discovery in connection with the September 2014 evidentiary hearing.

Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether the Claimant suffered any cognizable damages caused by the Foreclosure Action.  See <u>Reed v. ResCap Borrower Claims Trust</u>, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015).  In connection with the prior litigation,[1] Claimant had many months to produce documents supporting his allegations, including documents evidencing his history of credit reporting.  Further, despite numerous requests by counsel for the Borrower Trust, Claimant failed to produce any credit reports relevant to the sole issue remaining in this case.  Only now in connection with remand as Claimant produced credit reports.  As such, Claimant should be precluded from presenting any credit reports at trial.  Moreover, the credit reports that have been produced are insufficient to prove either any improper reporting by GMACM or any alleged damages that allegedly were caused thereby.  The Borrower Trust further contends that Mr. Hendricks should be precluded from testifying about any damage to the Claimant's credit as a result of any credit reports not already in evidence.

This Court has already aptly found that Claimant had not provided credit reports to establish that his credit had been harmed.  The report and partial report that have been recently produced are not sufficient evidence on which to prove damages or base expert testimony, as discussed in detail herein.[2]  Claimant has produced no credit reports from the 2008 time-frame.

---

[1]    <u>Reed v. GMAC Mortgage, LLC</u>, NJ Superior Ct., Burlington Cty, No L-1526-10.

[2]    Neither of these reports is relevant to the issues here as the page from the 2006 report provides no specific account or trade line information, and the 2011 report was generated three years after the alleged harm.

Because Claimant failed previously to produce any evidence as to his credit reporting, he should be wholly precluded from offering such evidence now purporting to prove either any improper reporting by GMACM or any alleged damages that allegedly were caused thereby. Further, any additional evidence of credit reporting should be excluded at the time of trial because Claimant failed to previously produce this material, and has made no attempt to show that it was not reasonably available before now.

## **RELEVANT FACTS**

During the prior litigation, counsel requested, in its demand for document production on July 17, 2014, that Mr. Reed produce "All credit reports since 2006" and "All documents that refer to or reflect any inquiries made on your credit report." Additionally, Mr. Hendricks, Mr. Reed's expert, testified that he relied on two credit reports in establishing his opinion with regard to Claimant's damages.

Notwithstanding the requests for credit reports and the applicable discovery rules, the Borrower Trust has been provided with one full credit report from 2011, three years after the purported harm occurred. The only other "evidence" of Claimant's credit is a piece of credit report from 2006 – again well outside the relevant time-frame – which is virtually incapable of being authenticated as it contains no trade lines or specific credit information. Notably, the one-page 2006 report belong to Ms. Reed, while the 2011 Report is Mr. Reed's. Neither of these were produced to the Borrower Trust in connection with the September 2014 evidentiary hearing.

## **ARGUMENT**

The 2006 and 2011 credit reports should be excluded from trial. Claimant failed, without explanation, to present this evidence during the discovery period in leading up to the September 2014 evidentiary hearing. Claimant has given no reasonable explanation for this failure.

Discovery disclosures are governed in Second Circuit by the following:

Rule 26. Duty to Disclose; General Provisions Governing Discovery…

(A) In General.  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: …. (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

….

(e) Supplementing Disclosures and Responses. (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…

The failure to make disclosures as required by the foregoing is governed by Rule 37—Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.  Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").  The rule's purpose is to provide parties with an incentive to disclose, in a timely manner, all material evidence and to prevent the practice of "sandbagging" an adversary with new evidence at trial.  Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp., 77 F. Supp. 2d 446, 458-459 (S.D.N.Y. 1999) (citing James Wm. Moore, et. al. Moore's Federal Practice, P 37.60[1] (1999)).  Any attempt to introduce additional credit reports for the first time after the close of discovery is just the type of "sandbagging" that the rule is designed to prevent, and this evidence should be excluded on this basis alone.

**A.    Evidence Not Produced In Discovery Will Be Excluded Absent A Showing That The Failure To Disclose Was Harmless**

When a party fails to obey an order or to provide or permit discovery, Rule 37 enables the court to make such orders as are just, including "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B). "A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2) ...." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991). When a party fails to respond to discovery requests concerning a core trial issue such as damages, preclusion is an appropriate remedy. See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1177 (2d Cir. 1988) (dismissal of third-party action was appropriate where third-party plaintiff failed to produce any meaningful discovery regarding its damages, despite three court orders); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) (preclusion of evidence relating to damages was warranted where plaintiff failed to respond despite several court orders).

When considering whether to exclude the evidence under Fed. R. Civ. P. 37, courts in the United States Court of Appeals for the Second Circuit have considered four factors: (1) the party's explanation for the failure to comply; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 181-82 (S.D.N.Y. 2008).

Ultimately, under Rule 37, a party that without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as

evidence on a motion any witness or information not so disclosed. Fed. R. Civ. P. 37(c)(1); see also Haas v. Del. & Hudson Ry. Co., 2008 U.S. App. LEXIS 13417, 4 (2d Cir. June 24, 2008). For example, in Highland, the court found that the evidence in question was filed *after discovery was closed* and the proponent of the evidence there offered no explanation as to why the evidence was not produced earlier.  Therefore, the court held that the moving parties would be prejudiced and a continuance would have been impractical.  Highland, 551 F. Supp. 2d at 182.

Such is the case here, where Claimant failed to previously produce the credit reports, despite multiple requests.  Indeed, the Claimant can point to no justification for his years of delay.

**B.    Claimant Here Failed To Produce Any Relevant Credit Reports Despite Multiple Requests And Such Failure Harms The Borrower Trust**

In this case, Claimant failed to disclose the evidence at issue during the discovery period pertinent to the September 2014 evidentiary hearing.  As a result, the Court precluded his expert Evan Hendricks from providing testimony related to credit reports.  Not only should the credit reports have been produced in the prior litigation and in response to Rule 26, but they also should have been produced in response to the Borrower Trust's multiple formal and informal requests propounded to Claimant throughout the history of this action, including multiple Requests for Production of Documents and a Trial Subpoena requesting same as well as oral requests by the undersigned. Claimant has given no reasonable explanation as to why this evidence was not previously produced.  In light of the above, it is clear that this evidence should have been disclosed earlier.  Likewise, it is undisputed that Claimant failed to disclose this information before the close of discovery and has also failed to provide any explanation for this failure.  As such, any additional credit reports should be excluded from evidence.

**CONCLUSION**

- 6 -

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding any credit reports not in evidence.

Dated:  August 12, 2016          /s/ Barbara K. Hager
          New York, New York     Diane A. Bettino
                                 Barbara K. Hager, *admitted pro hac vice*
                                 REED SMITH LLP
                                 Princeton Forrestal Village
                                 136 Main Street, Suite 250
                                 Princeton, New Jersey 08540
                                 Telephone: (609) 987-0050
                                 Facsimile:  (609) 951-0824

                                 *Co-Counsel for The ResCap Borrower Claims Trust*

                                 -and-

                                 Norman S. Rosenbaum
                                 Jordan A. Wishnew
                                 MORRISON & FOERSTER LLP
                                 250 West 55th Street
                                 New York, New York 10019
                                 Telephone: (212) 468-8000
                                 Facsimile: (212) 468-7900

                                 *Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

## [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *in Limine*

to Exclude Evidence Not Previously Produced is **GRANTED**.

It is **FURTHER ORDERED** that any evidence concerning Claimant's credit reports,

including expert testimony regarding the same will be inadmissible at trial.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____

New York, New York

_____

MARTIN GLENN

United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ----------------------------------------------------------------- ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the

foregoing Motion in Limine to Exclude Evidence Not Produced in the Court of Discovery to be

sent to the following parties via Electronic Mail:

Frank Reed
Pro Se Claimant
817 Matlack Drive
Moorestown, NJ  08057
frankreednj@aol.com

*/s/ Barbara K. Hager*
Barbara K. Hager