Response Date: September 8, 2016

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone:     (609) 987-0050
Facsimile:     (609) 951-0824
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*

*Co-Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE CONCERNING CLAIMANT'S ATTEMPTS TO
REFINANCE THE MATLACK PROPERTY, INCLUDING TESTIMONY FROM MR.
ROBERT CURLEY, AS EVIDENCE OF THE REFINANCE WAS ALREADY
<u>PRESENTED IN THE UNDERLYING ACTION</u>**

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence offered by the Claimant Frank J. Reed III ("Claimant") that was already presented in the underlying litigation.

In connection with the October 2014 trial, Claimant put on evidence that Commerce Bank as the predecessor to TD Bank, N.A. (together "TD Bank"), approved a loan to refinance the property located at 817 Matlack Drive, Moorestown, New Jersey ("Matlack Property") then subsequently denied him due to the foreclosure. Claimant testified to these matters himself and also attempted to admit into evidence two letters from TD Bank concerning the denial ("TD Bank Letters"). This Court held that the letters were inadmissible as they were not authenticated by TD Bank, specifically, Robert Curley.[1] The Court also held that Claimant had not supplied any written loan applications for a loan from TD Bank against the Matlack Property and failed to explain the discrepancies in Mr. Reed's prior deposition testimony relating to financing from TD Bank.

Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether the Claimant suffered any cognizable damages caused by the Foreclosure Action. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). As such, the refinancing of the Matlack Property is not an issue ordered for remand. In fact, ***the Appellate Court specifically affirmed this Court's ruling excluding the TD Bank Letters***. If either Mr. Reed or Mr. Curley is permitted to testify at the upcoming trial, any such evidence concerning the refinancing of the Matlack Property would constitute a retrial of an issue already determined by this Court in favor of the Borrower Trust is precluded by the Mandate Rule and The Law of The Case Doctrine.

---

[1] Robert Curley failed to appear at trial although he was subpoenaed.

This matter is not on remand to retry the entire case, but instead to allow Claimant to put on evidence previously barred from the 2014 Trial. For these reasons, Claimant should be wholly precluded from offering evidence concerning the attempted refinancing of the Matlack Property and any damages that allegedly were caused thereby. Further, any additional testimony by Mr. Curley concerning TD Bank's denial should also be barred. Claimant has already had his chance to litigate this theory and present this evidence. The Court should not permit Claimant a second bite at the apple.

### **RELEVANT FACTS**

On July 28, 2014, during a status conference, this Court limited the damages that Claimant could pursue to economic damages directly related to the Property. During this conference, the parties also discussed two letters from TD Bank's predecessor Commerce Bank (together, "TD Bank") that Claimant wanted to offer as evidence. The Borrower Trust informed this Court that it planned to object to the letters on authenticity grounds, and this Court told Claimant that he needed to obtain a declaration or affidavit from TD Bank to authenticate the letters. Bankr. Doc. 7320 ("July 28 Hr'g") at 30-33.

At the evidentiary hearing on September 15-16, 2014, Claimant offered evidence that he had attempted to refinance the Property but had been unable to obtain financing because of the Foreclosure Action. Additionally, he sought to introduce two letters from TD Bank. The first letter, written in 2012, stated that Mr. Reed had been denied financing in 2008 because of the foreclosure proceedings. See Bankr. Doc. 7153-8. The second, written in 2014, stated that the 2012 letter was provided pursuant to the Equal Credit Opportunity Act. Bankr. Doc. 7557, Sept. 8, Hr'g at 29:17-21. The Bankruptcy Court did not consider either letter in its factual findings because it determined that the letters were inadmissible hearsay, a decision that Mr. Reed appeals and that is addressed in more depth below.

At the evidentiary hearing, Claimant also testified in support of his argument that the refinancing was retracted as a result of the foreclosure. Specifically, he testified that he thought he had options for refinancing in place, but that TD Bank ultimately refused him refinancing due to the Foreclosure Action. Bankr. Doc. 7561 ("Sept. 16 Hr'g") at 80:19-25. The Borrower Trust rebutted this testimony using Mr. Reed's 2009 deposition in which he testified that he had applied to Commerce Bank to refinance the second mortgage on the Property (not the Mortgage at issue here) and the loan "wasn't disapproved," but the "process kind of died" because Mr. Reed planned to sell the house to the Jacobs. Sept. 16 Hr'g 109:3-15. Further, the Borrower Trust put forth evidence that Claimant did not fill out written applications for refinancing from either bank. See Sept. 15 Hr'g 47:8-16, 48:4-9; Sept. 16 Hr'g 98:7-16.

In an effort to be accommodate Claimant, this Court permitted Mr. Robert Curley, the author of the letters, to come to court to testify despite the fact that he was not identified on the witness list. Sept. 15 Hr'g 163:3-5. Mr. Curley did not appear or testify at the hearing. Additionally, this Court did not find Mr. Reed's explanation of the discrepancies between his 2009 deposition and his testimony at the evidentiary hearing credible, and concluded that he had not established that he was denied refinancing due to the Foreclosure Action. October 6, 2014, Memorandum Opinion and Order Determining the Amount of Allowed Claim of Frank and Christina Reed (the "Final Order") at 26-27.

On appeal the Second Circuit reversed only "the ruling limiting the scope of damages evidence permitted," and affirmed the remainder of the Bankruptcy Court's decisions. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 1 (S.D.N.Y. December 23, 2015). Moreover, the appellate Court specifically affirmed this Court's finding concerning the two TD Bank Letters stating:

> The hearsay exception for records of a regularly conducted activity requires that the record at issue be "made at or near the time" of the act or event recorded. Federal Rule of Evidence 803(6). The letters at issue were written in 2012 and 2014, and concern the alleged denial of refinancing to Mr. Reed in 2008. Given the significant delay between the event records and the preparation of the documents, the Bankruptcy Court clearly did not abuse its discretion in excluding the letters.

Id. at 19. In so reasoning, the Appellate Court affirmed this Court's decision to exclude the TD Letters.

**ARGUMENT**

Claimant's proffered evidence concerning the refinancing of the Matlack Property must be excluded for several reasons. First, Claimant's evidence regarding the Matlack refinance was previously presented to the Court during the underlying trial and the Court's ruling with regard to that evidence is the law of the case. Claimant may not simply challenge or ignore those rulings on remand because he is displeased with them. Second, the Second Circuit remanded the matter for a narrow purpose: to allow Claimant to put on evidence of damages that he was precluded from presenting at the first trial. Not only was the evidence concerning the Matlack refinancing presented and considered by the Court, this Court's ruling was affirmed by the Appellate Court and outside the scope of the narrow issue on remand. Third, the presentation of such evidence would prejudice the Borrower Trust as it would compel the Borrower Trust re-litigate an issue already decided in its favor and not subject to the Appellate Court's remand order, would dramatically increase the length of the trial, and would cause the trial to devolve into a lengthy sideshow that would detract from the focus and efficiency of the proceedings.

The court rules cited above and discussed in detail below are designed to prevent re-litigation of issues, prevent undue prejudice, and conserve judicial resources in situations such as the one present here; the evidence should be excluded on this basis.

### A. Issue Outside the Scope of the Remand and Any Re-Litigation Is Precluded By The Mandate Rule and The Law of The Case Doctrine.

This court already decided, and the Second Circuit affirmed the exclusion of the TD Bank Letters. Controlling precedent requires this Court to address only those issues that were remanded to it. In situations like this "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone" by the appellate court, the district court must not "reopen[] the issue on remand unless the mandate can reasonably be understood as permitting it to do so." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)) (citing multiple cases).

Specifically, the "mandate rule" prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate. Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (citing Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

Here, this Court determined that the TB Bank Letters were inadmissible hearsay and Mr. Reed's explanation that he was denied refinancing due to the Foreclosure Action was not credible. Those holdings are still good law. The Appellate Court affirmed the exclusion of that evidence and limited remand to evidence of damages excluded from the initial trial. Aydin Corp. (West) v. Widnall, 121 F.3d 726 (Fed. Cir. 1997) ("a trial court on remand may not reexamine, beyond the scope of the remand order, any issues that were addressed, either explicitly or implicitly, by an appellate court."); see also Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers, No. 99-CV-4341 BMC RML, 2010 WL 3619708, at *10, n.9 (E.D.N.Y. Sept. 10, 2010) (finding that because the remand was limited to whether the damages phase of the litigation conferred a common benefit under a specific line of case law, plaintiffs arguments that were beyond the scope of the Second Circuit's remand would not be addressed); Pordy v.

Land O'Lakes, Inc., No. 01 CIV. 579 (JSR), 2005 WL 1875728, at *1, n.4 (S.D.N.Y. Aug. 9, 2005), aff'd, 194 F. App'x 918 (Fed. Cir. 2006) (finding that although both sides' papers addressed issues well beyond the scope of the remand, this court will only address those arguments relevant to the remand).[2]

This Court already rejected Claimant's same arguments concerning the Matlack Property during the original proceedings before the Court nearly two years ago. This Court was not asked to re-address them on remand. Given that this issue is outside the scope of the Second Circuit's Remand Order, the Court should decline to revisit its prior decision.

### B. The Borrower Trust Will Be Unduly Prejudiced If Claimant is Permitted to Introduce Evidence Concerning Refinancing the Matlack Property

This Court should preclude any evidence concerning the refinancing of the Matlack Property as it would be a waste of judicial resources and unfairly prejudice the Borrower Trust. Indeed, the Borrower Trust will be prejudiced by having to defend against this identical issue a second time—an issue already decided in its favor and not subject to the Appellate Court's remand order. Allowing Claimant to re-present this evidence and argument would dramatically increase the length of the trial, and would cause the trial to devolve into a lengthy sideshow that would detract from the focus and efficiency of the proceedings. As such, Clamant should not be permitted to present evidence concerning refinancing of the Matlack Property and the Court should decline to revisit its prior decision.

---

[2] Additionally, under these circumstances, the Court's ruling on the matter is law of the case and should not be reconsidered. "The law of the case doctrine counsels against revisiting [] prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006).

## CONCLUSION

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding the refinancing of the Matlack Property.

Dated:  August 12, 2016  
        New York, New York

*/s/ Barbara K. Hager*
Diane A. Bettino  
Barbara K. Hager, *admitted pro hac vice*  
REED SMITH LLP  
Princeton Forrestal Village  
136 Main Street, Suite 250  
Princeton, New Jersey 08540  
Telephone: (609) 987-0050  
Facsimile:  (609) 951-0824  

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Attempts To Refinance The Matlack Property, Including Testimony From Mr. Robert Curley, is **GRANTED**.

It is **FURTHER ORDERED** that any evidence concerning Claimant's attempts to refinance the Matlack Property, including testimony regarding the same will be inadmissible at trial as Claimant has previously presented such evidence to this Court.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day August, 2016, I caused a true and correct copy of the foregoing Motion in Limine to Exclude Evidence Concerning Claimant's Attempts to Refinance the Matlack Property, including Testimony from Mr. Robert Curley to be sent to the following parties via Electronic Mail:

                Frank Reed
                Pro Se Claimant
                817 Matlack Drive
                Moorestown, NJ  08057
                frankreednj@aol.com

                */s/ Barbara K. Hager*
                Barbara K. Hager