**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION FOR RECUSAL AND/OR DISQUALIFICATION FILED BY CLAIMANT FRANK REED**

Frank Reed ("Reed"), a claimant in these chapter 11 cases, filed a motion pursuant to Fed. R. Bankr. P. 5004 and 28 U.S.C. § 455 seeking to have me recuse myself from the contested matter concerning the objection to Reed's bankruptcy claim. ("Recusal Motion," ECF Doc. # 9989.) The ResCap Borrower Claims Trust ("Trust") opposes the Recusal Motion. (ECF Doc. # 10027.) Trial of the remaining portion of this contested matter is scheduled to begin on September 26, 2016. For the reasons stated below, the Recusal Motion is **DENIED.**

In prior proceedings, familiarity with which is assumed, the Court initially entered an order sustaining in part and overruling in part the Trust's objection to Reed's claims. (*See Order Sustaining in Part and Overruling Without Prejudice in Part the ResCap Borrower Trust's Objection to the Reed Claims and Setting Evidentiary Hearing*, ECF Doc. # 7246, dated July 9, 2014.) On September 15-16, 2014, the Court conducted a two-day trial of Reed's remaining claims. On October 6, 2014, the Court issued a *Memorandum Opinion and Order Determining the Amount of Allowed Claim of Frank and Christina Reed*. *(See In re Residential Capital, LLC,* 517 B.R. 462 (Bankr. S.D.N.Y. 2014).) The Court determined that "the only claim on which the Reeds may recover damages is the [New Jersey Consumer Frauds Act ("CFA")] claim. With respect to that claim, the only recoverable damages proven by the Reeds by a preponderance of the evidence are the attorneys' fees the Reeds incurred in defending the [New Jersey]

Foreclosure Action. Trebled under the CFA, the Reeds have established a claim in the amount of $17,469.00, which is determined to be the allowed amount of their unsecured claim." *Id.* at 495-96.

Reed appealed to the district court, which affirmed in part and reversed in part and remanded. (*See Reed v. ResCap Borrower Claims Trust (In re Residential Capital, LLC)*, 552 B.R. 50 (S.D.N.Y. 2015)). The district court concluded that the bankruptcy court erred by categorically excluding evidence that may support additional allowable damages under New Jersey law, and remanded the case to the bankruptcy court "to determine whether the Reeds sustained any cognizable damages as a direct result of the Foreclosure Action beyond the damages relating to the Property on which the Bankruptcy Court has already heard and evaluated the evidence." *Id.* at 69.

Following remand, the Court has conducted numerous hearings, entered orders permitting the parties to take additional discovery on the issues remanded by the district court, and scheduled the trial of the remaining issues beginning on September 26, 2016.

Reed's Recusal Motion argues two grounds for recusal: "(1) Judge Glenn has expressly found me to not be a credible witness with respect to testimony which I provided during the evidentiary hearing held on September 15-16, 2014; and (2) Judge Glenn has developed and displayed an undeniably antagonistic view of myself and my claims. In light of the District Court's partial reversal of this Court's October 6, 2014 decision, and the remand for further hearing and trial, Judge Glenn will again sit as trier of fact with respect to my remanded claims, and will again be presented with my testimonial evidence. Accordingly, I respectfully submit that recusal is warranted and necessary." Recusal Motion at unnumbered page 2.

2

One of the factual issues that arose in the earlier trial concerned Reed's efforts to arrange refinancing of his home mortgage. The Court found that Reed's testimony about his effort to refinance with Commerce Bank was not credible. The Court's opinion stated as follows:

> The Court finds that Reed's testimony regarding his attempts to refinance the Property with Commerce Bank was not credible. Reed relies solely on his own testimony to establish that (1) he applied to refinance the Loan on the Property with Commerce Bank for a cash-out refinance before the Foreclosure Action was filed; (2) he was going to be approved for a refinance; and (3) the refinance was denied because of the Foreclosure Action. However, Reed told a very different story in connection with the Jacobs' lawsuit against him in 2009. Then, at a deposition in which Reed was represented by counsel, he testified under oath that (1) he applied for a refinance of the *Second Mortgage* with Commerce Bank for $250,000; (2) the loan was not approved by Commerce; (3) the process died down due to his belief that he was going to sell the Property, making a refinance unnecessary. (*See* Sept. 16, 2014 Tr. 106:1–107:20, 109:3–110:3.) Reed's "explanation" of these discrepancies in his sworn testimony was not credible. In light of this conflicting testimony and lack of corroboration, the Court does not credit Reed's claim that he was denied a cash-out refinance from Commerce Bank because of the Foreclosure Action.

*Id.* at 481-82. The Court made its credibility determination based on the evidence introduced into the trial record. Factual findings based on evidence admitted at trial do not support recusal. The Court credited other portions of Reed's testimony resulting in the award of an allowed unsecured claim. The bankruptcy court decision with respect to the property that was subject to foreclosure—to which Reed's testimony discussed above related—was affirmed on appeal.

Reed also takes issue with the Court's opening description of the case in the Court's prior written opinion. The Court stated as follows:

> This is a case involving, on the one hand, seemingly undeserving borrowers—who have not paid their mortgage, property taxes, or homeowners' insurance for over seven years but continue to

3

>occupy their home—and, on the other, a loan servicer that was willing to cut corners and ignore applicable law while proceeding with an improperly filed foreclosure action.

*Id.* at 466. As of the date of the earlier opinion, it was undisputed that Reed had not made any mortgage payments, paid any real estate taxes or paid for homeowner's insurance for seven years. That was a true statement then and remains true now, except that the period of non-payment extends into 2016. But Reed's failure to make any payments did not excuse the Debtor's misconduct in its failed effort to foreclose on Reed's home. Despite the failure to make any payments, the Court found that Reed established his claim under the New Jersey Consumer Frauds Act, and the Court determined that Reed was entitled to an allowed unsecured claim in the amount of damages proved at trial. While Reed obviously believed he was (and is) entitled to a larger allowed claim, that does not provide a basis to challenge the judge from continuing to preside over the case on remand.

Disqualification for bias is governed by 28 U.S.C. § 455, made applicable to the Chapter 11 Cases and contested matters by Bankruptcy Rule 5004(a). Section 455 states, in pertinent part, that:

>Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>He shall also disqualify himself in the following circumstances:
>(1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a)-(b)(1).

The test for recusal under section 455(a) is "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 149 (S.D.N.Y. 2012) (citation omitted). "The alleged bias and prejudice must stem from an

4

*extrajudicial* source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added); *accord Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992). The moving party must overcome a presumption of impartiality, and the burden for doing so is substantial. *Da Silva Moore,* 868 F. Supp. 2d at 150. As the Second Circuit has stated, "a judge has an affirmative duty . . . not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.,* 572 F.2d 953, 958 (2d Cir. 1978) (internal quotation and citation omitted). *See also Da Silva Moore*, 868 F. Supp. 2d at 151 (noting that "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions") (citation omitted).

Rather than showing bias against Reed, the record reflects that the Court was solicitous of Reed's status as a *pro se* litigant, granting Reed additional leeway to prove his claim that probably would not be accorded to litigants with counsel. Indeed, the district court recognized this fact in its opinion. *See* 552 B.R. at 66 n.13 ("The Court further notes that the Bankruptcy Court was generally solicitous of Mr. Reed's status as a *pro se* litigant.")

The Recusal Motion fails to meet the high bar for obtaining recusal of a trial judge. Reed may be disappointed in the result at his first trial, the result from which has, for the most part, been affirmed on appeal. The remand raises important issues as to which Reed will have

5

the opportunity to prove his entitlement to a larger allowed claim. The result of that trial will depend on the evidence and the law, not on any bias.

**IT IS SO ORDERED.**

Dated: August 17, 2016
New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge