**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

––––––––––––––––––––––––––––––––––––––––––– )
| | )
In re: | ) | Case No. 12-12020 (MG)
| | )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11
| | )
Debtors. | ) | Jointly Administered
| | )
––––––––––––––––––––––––––––––––––––––––––– )

### ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S
### OBJECTION TO PROOF OF CLAIM NO. 4394 FILED BY
### <u>ERIK L. KNUTSON</u>

Upon the objection (the "**Objection**")[1] of the ResCap Borrower Claims Trust (the

"**Borrower Trust**") established pursuant to the terms of the confirmed Plan filed in the Chapter

11 Cases, as successor in interest to the above-captioned debtors (collectively, the "**Debtors**")

with respect to Borrower Claims, to Proof of Claim Number 4394 (the "**Proof of Claim**") filed

by Erik L. Knutson, seeking entry of an order (the "**Order**") pursuant to section 502(b) of title

11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007(a) of the Federal Rules

of Bankruptcy Procedure, disallowing and expunging the Proof of Claim on the basis that the

Debtors have no liability with respect to the Proof of Claim, all as more fully set forth in the

Objection; and the Court having jurisdiction to consider the Objection and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection

having been provided; and upon consideration of the Objection, the *Declaration of Sara Lathrop*

*in Support of ResCap Borrower Claims Trust's Objection to Proof of Claim No. 4394 Filed by*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Erik L. Knutson, and the *Declaration of William G. Fig Concerning ResCap Borrower Claims Trust's Objection to Proof of Claim No. 4394 Filed by Erik L. Knutson*; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Objection is sustained to the extent provided herein; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the Proof of Claim is hereby disallowed and expunged in its entirety with prejudice; and it is further

**ORDERED** that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Proof of Claim such that it is no longer maintained on the Debtors' Claims Register; and it is further

**ORDERED** that the Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

**ORDERED** that this Order shall be a final order with respect to the Proof of Claim; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:    August 17, 2016
          New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge