Hearing Date and Time: October 13, 2016 at 2:00 p.m. (Prevailing Eastern Time)
Response Deadline: September 1, 2016 at 4:00 p.m. (Prevailing Eastern Time)

| | |
|---|---|
| Wendy Alison Nora<br>ACCESS LEGAL SERVICES<br>310 Fourth Ave. S., Suite 5010<br>Minneapolis, Minnesota<br>Telephone: (612) 333-4144<br>Facsimile: (612) 206-3170<br><br>*Attorney for Richard D. Rode* | MORRISON & FOERSTER LLP<br>250 W. 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Erica J. Richards<br><br>*Counsel for The ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF JOINT MOTION TO VACATE THE OPINION
AND ORDER SUSTAINING IN PART AND OVERRULING IN
PART THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION
TO CLAIM NOS. 5610 AND 5612 FILED BY RICHARD D. RODE**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Joint Motion to Vacate the Opinion and Order Sustaining In Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **October 13, 2016 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

ny-1243801

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 523 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 1, 2016 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Erica J. Richards); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Liquidating Trust, Jill Homer (Jill.Homer@rescapestate.com) and Paul Grande, ResCap Liquidating Trust Chief Treasury Director (paul.grande@rescapestate.com); (e) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022 (Attention: Daniel J. Flanigan); and (f) counsel to Richard D. Rode, Access Legal Services, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415 (Attention: Wendy Alison Nora).

ny-1243801

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely filed, served and received in accordance with this Notice, the Court may enter the proposed order without further notice or hearing.

Dated:  August 22, 2016
         New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-and-

/s/ Wendy Alison Nora
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Ave. South
Suite 5010
Minneapolis, Minnesota 55415

*Counsel for Richard D. Rode*

Hearing Date: October 13, 2016 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: September 1, 2016 at 4:00 p.m. (Prevailing Eastern Time)

| | |
|---|---|
| Wendy Alison Nora<br>ACCESS LEGAL SERVICES<br>310 Fourth Ave. S., Suite 5010<br>Minneapolis, Minnesota<br>Telephone: (612) 333-4144<br>Facsimile: (612) 206-3170<br><br>*Attorney for Richard D. Rode* | MORRISON & FOERSTER LLP<br>250 W. 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Erica J. Richards<br><br>*Counsel for The ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ )
In re:                                                             )   Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,                                  )   Chapter 11
                                                                   )
       Debtors.                                                    )   Jointly Administered
------------------------------------------------------------------ )

**JOINT MOTION**
**TO VACATE THE OPINION AND ORDER SUSTAINING IN PART AND**
**OVERRULING IN PART THE RESCAP BORROWER CLAIMS TRUST'S**
**OBJECTION TO CLAIM NOS. 5610 AND 5612 FILED BY RICHARD D. RODE**

Richard D. Rode ("Mr. Rode"), by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, *pro hac vice*, and The ResCap Borrower Claims Trust (the "Trust"), as successor in interest to the above-captioned debtors (the "Debtors") with respect to Borrower Claims, by its undersigned attorneys (collectively the "Parties"), jointly move the Court to vacate its *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* [Docket No. 9094] (the "Opinion & Order"), pursuant to Fed. R. Bankr. P. 9024, making F. R.

ny-1243127 v3

Civ. P. 60 applicable to cases under the United States Bankruptcy Code, and (except as otherwise noted below) jointly represent as follows:

1.  On November 16, 2012, Mr. Rode filed the following proofs of claim in the Chapter 11 Cases (the "Proofs of Claim")":

    a. Claim No. 5610 against Residential Capital, LLC ("ResCap") in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim); and

    b. Claim No. 5612 against Homecomings Financial, LLC ("Homecomings") in the amount of $1,262,000 (comprised of a $339,000 secured claim and a $923,000 unsecured claim).

2.  Pursuant to the *Stipulation of Richard D. Rode to Reclassification and Redesignation of Claim #5610 Pursuant to Debtors' Thirty-Sixth Omnibus Objection to Claims* [Dkt. No. 5758], Claim No. 5610 was reclassified as a claim against GMAC Mortgage, LLC ("GMACM").

3.  On April 9, 2015, the Trust filed an objection to the Proofs of Claim [Docket No. 8452] (the "Claims Objection").

4.  On September 2, 2015, this Court entered the Opinion & Order sustaining, in part, and overruling, in part, the Claims Objection [Docket No. 9094].

5.  On August 8, 2016, the Parties entered into a confidential settlement agreement (the "Settlement Agreement"), pursuant to which the Parties compromised, settled and resolved the issues between them pertaining to the Proofs of Claim and the Claims Objection and all matters related thereto involving the Parties, known and unknown, effective as of August 8, 2016.

2

ny-1243127 v3

6. The Parties have agreed that the Opinion & Order shall have no preclusive effect, whether under the doctrines of res judicata or collateral estoppel (also known as claim preclusion and issue preclusion) or otherwise because the issues between the Parties will not be finally adjudicated in evidentiary proceedings and will not be subject to appeal.

7. F. R. Civ. P. 60(b) allows for the vacation of the Opinion & Order on the following grounds applicable to this joint motion:

   a. F. R. Civ. P. 60(b)(5) provides that the Opinion & Order may be vacated on the basis that "applying the [Opinion and Order] *prospectively* is no longer equitable" (emphasis added), and that basis applies here because the Opinion and Order was interlocutory and the Parties have resolved the issues between them prior to a final evidentiary hearing or on appeal; and

   b. F. R. Civ. P. 60(b)(6) provides that the Opinion & Order may be vacated on the basis that relief is otherwise justified, and here, such relief is justified because the Opinion & Order was interlocutory, has not been litigated to conclusion at a final evidentiary hearing or on appeal, and the dispute has been resolved between the Parties.

8. Mr. Rode represents that he is presently defending against the attempt of third parties to proceed in nonjudicial foreclosure proceedings against his Homestead where he resides with his wife, Maudeena Rode, located at 2301 W. Lawther Drive, Deer Park, Harris County, Texas 77536. Mr. Rode further represents that such defense is being asserted through his filing of a new action for legal and equitable relief in the Harris County District Court in Houston, Texas (the "Texas District Court Action").

9.  Mr. Rode represents that the Texas District Court Action involves the equitable defense of Mr. Rode's Homestead and claims at law against non-Debtor third parties that were not released under the Settlement Agreement (the "Non-Released Parties" as defined in the Settlement Agreement) for actions and omissions both before and after the commencement of the Debtors' Chapter 11 proceedings on May 14, 2012, who may be or may claim to be assignees or successors-in-interest to the Debtors or may claim to have acted as or at the direction of Debtors' agents or employees.  Mr. Rode further represents that additional third parties who are Non-Released Parties may be joined in the Texas District Court Action or in related actions who may seek to defend on the basis that they were acting as authorized agents of the Debtors, as assignees of the Debtors, as the Debtors' successors-in-interest or who may claim to have acted as or at the direction of Debtors' agents or employees.

10. Mr. Rode represents that the issues between Mr. Rode and the Non-Released Parties arise, in part, from the purported securitization of the Note made payable to and the Deed of Trust granted to SouthTrust Mortgage Corporation on March 19, 2003, placed in issue in these proceedings when Mr. Rode filed the Proofs of Claim, resulting in the interlocutory Opinion & Order.

11. Because all of the issues arising from Mr. Rode's Proofs of Claim between Mr. Rode and the Debtors have been compromised, settled and resolved between the Parties, while preserving Mr. Rode's rights to proceed against Non-Released Parties, applying this Court's Opinion & Order *prospectively* (to the extent such Opinion & Order could result in an increase in Mr. Rode's litigation burden, requiring him to spend litigation resources in an effort to demonstrate that the Opinion & Order has no preclusive effect), would be inequitable for the following, nonexclusive reasons:

a. The Settlement Agreement has compromised, settled and resolved the issues between the Parties, preserving Mr. Rode's rights to proceed against the Non-Released Parties. Mr. Rode represents that Non-Released Parties have no legal basis to defend against Mr. Rode's claims or oppose his equitable defenses on the basis that the Settlement Agreement provides them with any rights based on privity of contract with the Debtors related to the Proofs of Claim filed in these proceedings that could not adjudicate or determine their interests in the disputed transaction, but is concerned that the Non-Released Parties might attempt to claim the benefit of the Settlement Agreement to which they were not and could not have been parties. Mr. Rode contends that such actions by the Non-Released Parties could potentially increase the litigation burden to Mr. Rode in the Texas District Court Action and defeat what, in Mr. Rode's view, is a substantial portion of the consideration for the Settlement Agreement provided to Mr. Rode by the Trust, which is to preserve his claims against Non-Released Parties.

b. Part of the consideration provided by Mr. Rode to the Trust is an end to the litigation burden to the Trust on terms the Parties have agreed shall be confidential, but which, by the terms of the Settlement Agreement, could be introduced in connection with the Texas District Court Action under certain circumstances and subject to certain limitations in order for Mr. Rode to receive the benefit thereof. Introducing the Settlement Agreement in the Texas District Court Action could have the effect of increasing the litigation burden on the Trust.

As a result, any attempt of the Non-Released Parties to rely on any determination in the Opinion and Order could negatively affect the Parties to the Settlement Agreement and the intended effect thereof.

12. For the nonexclusive reasons set forth in paragraph 11 above, the Parties respectfully request that this Court exercise its discretion and vacate the Opinion & Order to provide the Parties the maximum benefit of their bargained-for consideration in the Settlement Agreement pursuant to F. R. Civ. P. 60(b)(5).

13. This Court should also exercise its discretion and vacate the Opinion & Order pursuant to F. R. Civ. P. 60(b)(6) on the basis that doing so is otherwise justified because the Opinion & Order was interlocutory and has not been litigated to conclusion at a final evidentiary hearing or on appeal. The dispute has been resolved between the Parties and the relief requested by this joint motion is intended to put an end to future disputes in litigation between Mr. Rode and Non-Released Parties concerning the effect of the Opinion & Order and is in the interests of justice and judicial economy.

**WHEREFORE**, pursuant to F. R. Civ. P. 60(b)(5) and 60(b)(6), the Parties jointly move the Court to enter the Order attached as <u>Exhibit A</u> hereto.

Dated: August 22, 2016         /s/ Wendy Alison Nora
                               Wendy Alison Nora
                               ACCESS LEGAL SERVICES
                               310 Fourth Ave. South
                               Suite 5010
                               Minneapolis, Minnesota 55415

                               *Counsel for Richard D. Rode*

Dated: August 22, 2016         /s/ Norman S. Rosenbaum
                               Norman S. Rosenbaum
                               Jordan A. Wishnew
                               Erica J. Richards
                               **MORRISON & FOERSTER LLP**
                               250 West 55th Street
                               New York, New York 10019
                               Telephone: (212) 468-8000
                               Facsimile: (212) 468-7900

                               *Counsel for The ResCap Borrower Claims Trust*

ny-1243127 v3

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING JOINT MOTION
TO VACATE THE OPINION AND ORDER SUSTAINING IN PART AND
OVERRULING IN PART THE RESCAP BORROWER CLAIMS TRUST'S
OBJECTION TO CLAIM NOS. 5610 AND 5612 FILED BY RICHARD D. RODE**

Upon the joint motion (the "<u>Motion</u>")[1] of Richard D. Rode and The ResCap Borrower Claims Trust, as successor to Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") with respect to Borrower Claims, seeking entry of an order, pursuant to F. R. Civ. P. 60(b)(5) and 60(b)(6), which are made applicable to these cases pursunt to Fed. R. Bankr. P. 9024, vacating the *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode* [Docket No. 9094] (the "<u>Opinion & Order</u>"); and for the reasons set forth in the Motion; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

ny-1243127

found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that, that the Opinion and Order is vacated pursuant to F. R. Civ. P. 60(b)(5) and 60(b)(6) and shall be of no prospective force and effect.

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
        New York, New York

                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

ny-1243127