**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) **NOT FOR PUBLICATION** |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) Case No. 12-12020 (MG) |
|  | ) |
| Debtors. | ) Chapter 11 |
|  | ) |
|  | ) (Jointly Administered) |

**MEMORANDUM OPINION AND ORDER SUSTAINING THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 3725 FILED BY DIEM TRANG NGUYEN**

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Attorneys for the ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:   Norman S. Rosenbaum, Esq.
        Jessica J. Arett, Esq.

DIEM TRANG NGUYEN
*Pro Se Claimant*
P.O. Box 12139
Westminster, California 92685
By:   Diem Trang Nguyen

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the ResCap Borrower Claims Trust's (the "Trust") Ninety-Second Omnibus Claims Objection (the "Objection," ECF Doc. # 9486), solely as it relates to proof of claim number 3725 (the "Claim") filed by Diem Trang Nguyen (the "Claimant" or the "Respondent").[1] By the Objection, the Trust seeks to expunge and disallow the Claim. The

---

[1]   The Objection is supported by the declarations of Sara Lathrop (the "Lathrop Declaration," Obj. Ex. 2) and Norman S. Rosenbaum (the "Rosenbaum Declaration," Obj. Ex. 3).

Claimant filed an opposition to the Objection (the "Opposition," ECF Doc. # 9905). Thereafter, the Trust filed a reply (the "Reply," ECF Doc. # 9929).[2]

The Court held a hearing on June 15, 2016 (the "Hearing"). The Claimant did not appear at the Hearing. At the conclusion of the Hearing, the Court took the matter under submission.

As detailed below, the Court concludes that most of the Claimant's causes of action are barred by *res judicata* and collateral estoppel. With respect to the remainder of the causes of action, the Trust adequately shifted the burden by rebutting the *prima facie* validity of the Claim and the Claimant thereafter failed to meet her burden of establishing the viability of the Claim. Therefore, the Objection is **SUSTAINED** and the Claim is **DISALLOWED** and **EXPUNGED**.

## I.    BACKGROUND

### A.    Background Facts

GMAC Mortgage LLC ("GMACM") f/k/a GMAC Mortgage Corporation dba ditech.com originated a loan in the amount of $296,000 to the Claimant on July 17, 2006 (the "Loan"), secured by a deed of trust on property located at 4004 West Fifth Street, #26, Santa Ana, California 92703 (the "Property"). (Reply ¶ 6 (citing Suppl. Decl. Exs. B–C).) Ultimately, GMACM transferred its interest to Federal National Mortgage Association ("Fannie Mae"). (*Id.* (citing Suppl. Decl. ¶ 5).)

GMACM serviced the Loan from origination until it transferred servicing of the Loan to Nationstar Mortgage, LLC ("Nationstar") on December 1, 2008. (*Id.* ¶ 7.) The Respondent defaulted on the Loan in 2009, and as a result a Notice of Default was recorded against the Property on May 6, 2010. (*Id.* ¶ 8. (citing Suppl. Decl. Ex. E).)

---

[2]    The Reply is supported by the supplemental declaration of Sara Lathrop (the "Supplemental Lathrop Declaration," Reply Ex. 1).

2

1. The Federal Action

On May 28, 2010, the Respondent filed a complaint (the "First Complaint") against GMACM, Nationstar, and Fannie Mae in the Superior Court of the State of California, Orange County (the "State Court"), Case No. 30-2010-00376811 (after removal, the "Federal Action"), asserting causes of action for mortgage fraud, predatory lending, violation of Truth in Lending Act ("TILA") –Regulation Z, Negligence, Punitive Damages, and Violation of Real Estate Settlement and Procedures Act ("RESPA"). (*Id.* ¶ 9.) On July 1, 2010, Nationstar removed the First Complaint to the United States District Court for the Central District of California (the "District Court"), Case No. 10-cv-01007 (CJC). (*Id.*) The notice of removal states that the First Complaint arises under two federal statutes, TILA and RESPA, and therefore, the District Court can exercise Supplemental Jurisdiction over the remaining causes of action under 28 U.S.C. § 1367. (*Id.*)

On October 21, 2010, the District Court dismissed the First Complaint with prejudice (the "District Court Dismissal Order"). (*Id.* ¶ 10.) On September 14, 2011, the Respondent moved to vacate the judgment under FED. R. CIV. P. 60(b). (*Id.*) The District Court denied that motion on October 6, 2011 (the "60(b) Order"). (*Id.*) On October 11, 2011, the Respondent appealed the 60(b) Order to the United States Court of Appeals for the Ninth Circuit, Case No. 11-56774. (*Id.*) That appeal was stayed by the Debtors' bankruptcy case. (*Id.*)

2. The State Litigation

On July 6, 2010, the Respondent commenced an action in the State Court by filing another complaint (the "Second Complaint"), asserting causes of action against GMACM, Nationstar, and Fannie Mae. (*Id.* ¶ 11.) The Respondent subsequently amended the Second Complaint three times, resulting in a third amended complaint (the "Third Amended Complaint")

3

being filed on June 13, 2011. (*Id.*) The Third Amended Complaint, in relevant part, asserted the following twelve causes of action against GMACM:

| | |
|---|---|
| First Cause of Action: | Breach of Written Contract – the Original Deed of Trust; |
| Sixth Cause of Action: | Wrongful Foreclosure; |
| Seventh Cause of Action: | Quiet Title; |
| Eighth Cause of Action: | Slander of Title; |
| Ninth Cause of Action: | Cancellation of Instruments – NOD, SOT, Assignments of DOTS, NOTS, Publication of NOTS, TDUS; |
| Tenth Cause of Action: | Promissory Estoppel; |
| Eleventh Cause of Action: | Negligence; |
| Twelfth Cause of Action: | Negligent Misrepresentation; |
| Thirteenth Cause of Action: | Breach of the Covenant of Good Faith and Fair Dealing; |
| Fourteenth Cause of Action: | Fraud; |
| Sixteenth Cause of Action: | Unfair Practices under California Business & Professions Code Section 17200, et seq.; and |
| Seventeenth Cause of Action: | Declaratory Relief. |

(*Id.*)

GMACM filed a demurrer to the Third Amended Complaint on July 14, 2011. (*Id.* ¶ 12.) On January 5, 2012, the State Court entered a judgment of dismissal, dismissing the Third Amended Complaint with prejudice (the "State Court Dismissal Order"). (*Id.*)

On April 2, 2012, the Respondent appealed the State Court Dismissal Order to the California Court of Appeal, Fourth Appellate District, Division 3, Case No. G046818 (the "State Court Appeal"). (*Id.* ¶ 13.) The State Court Appeal was stayed as a result of the Debtors' bankruptcy cases. (*Id.*)

### 3. The Unlawful Detainer Action

On May 25, 2011, Fannie Mae filed an unlawful detainer action against the Claimant in the State Court, Case No. 30-2011-00478223-CL-UD-CJC (the "Unlawful Detainer Action"). (*Id.* ¶ 14.) On August 16, 2011, a judgment was entered in Fannie Mae's favor in the Unlawful Detainer Action (the "Unlawful Detainer Judgment"). (*Id.*) The Claimant appealed the

4

Unlawful Detainer Judgment on August 29, 2011 to the Appellate Division of the State Court (the "Appellate Court"), Case No. 2011-00503545, and the Unlawful Detainer Judgment was affirmed on April 27, 2012. (*Id.*)

### B. The Claim

On or about November 8, 2012, the Claimant filed the Claim against Debtor Residential Capital, LLC ("ResCap"), asserting a general unsecured claim in an unliquidated amount. (*Id.* ¶ 5.) The basis for the Claim, as stated on the proof of claim form, is "wrongful foreclosure of [P]roperty." Additionally, the proof of claim form states that "wrongful foreclosure cases [are] pending appeal at federal and state courts: 11-56774 and G046818." (*Id.*)

### C. The Objection

The Trust seeks to disallow and expunge the Claim in its entirety on the ground that the Claim is not a liability of the Debtors.[3] (Obj. ¶ 2; Ex. A at 28.)

The Trust argues that the Debtor has no liability for any wrongful foreclosure claims, because the Unlawful Detainer Judgment was entered in favor of Fannie Mae on August 16, 2011 and the Unlawful Detainer Judgment was affirmed on April 27, 2012. (Obj. Ex. A at 30.) The Trust contends that the Unlawful Detainer Judgment in Fannie Mae's favor necessarily decided that the foreclosure sale was valid and, therefore, any claims related to the foreclosure are barred. (*Id.* at 31.)

With respect to the remaining general claims related to the deed of trust, the Trust argues that the Debtor is not liable because the Claimant has either failed to properly plead any viable cause of action, the allegations are related to servicing or foreclosure conduct of non-Debtor defendants, or because the allegations relate to an alleged failure of Debtor to send Claimant

---

[3] The Trust indicated in the Objection that "[the Claimant's] claim was mistakenly included on the order entered on the Debtors' Fifty-First Objection to Claims (Books and Records Claims–Res Judicata and Wrong Debtor), entered on December 19, 2013." (Obj. Ex. A at 28.)

notices regarding Nationstar's interest in the deed of trust.  (*Id.*)  Specifically, the Trust makes the following arguments:

- Promissory Estoppel:  Claimant's promissory estoppel claim fails because promissory estoppel requires "evidence that: (1) a clear and certain promise was made; (2) it was foreseeable that the promisee would rely on the promise; (3) a promisee reasonably relied on the promise; and (4) as a result, the promisee suffered a substantial detriment."  (1 MILLER & STARR, CALIFORNIA REAL ESTATE § 1:52 (3d ed. 2003).)  In this case, the claim fails to allege that a clear and certain promise was made by GMACM.

- Breach of Contract:  Claimant's breach of contract claim fails because the alleged breach of the note/deed of trust is not alleged with specificity.

- Good Faith and Fair Dealing:  Claimant's breach of the covenant of good faith and fair dealing claim fails because the implied covenant cannot impose substantive duties beyond those incorporated in the specified terms of the agreement, nor can it be stretched to prohibit a party from doing that which the agreement expressly permits.

- Slander of Title:  The Claimant's slander of title claim is premised on the improper filing of notices that are required under California's non-judicial foreclosure laws.  However, the filing of the notices is a privileged act under CAL. CIV. CODE § 47, and therefore is not actionable unless the Claimant alleges actual malice, which the Claimant does not.  Additionally, the Claimant's slander of title claim cannot succeed because there has been no tender of the amount owed, a condition precedent to asserting a slander of title claim or a quiet title claim.

- Cancellation of Instrument:  The Claimant's cancellation of instrument claim fails because it is premised on the allegation that GMACM is not permitted to transfer the deed of trust but such transfer is contemplated in the note and the deed of trust.

- Negligent Misrepresentation:  The Claimant fails to assert a cause of action for negligent misrepresentation because this cause of action requires a showing of a special duty to the Claimant, and the Debtors did not owe a special duty to the Claimant here.  "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991).

- Fraud:  Claimant's fraud claim fails because it is not sufficiently pled. The fraud claim does not allege what misrepresentation was made, who made the misrepresentation, or when the alleged misrepresentation was made.  The Claim also fails to allege that the alleged misrepresentation was intentional, that the Claimant relied on the alleged misrepresentation, or how the Claimant was damaged by the alleged misrepresentation.

- Business & Professions Code Violation:  The Claimant's claim for violation of the Business & Professions Code fails because it is premised on the exact same conduct as the remaining causes of action, and because those causes of action fail, the claim for violation of the Business & Professions Code must also fail.

(*Id.* at 31–34.)

Additionally, the Trust argues that the Claimant's allegations that the Debtors failed to send notice of the loan transfer overlooks the terms of the judicially noticeable deed of trust, which does not require written notice. (*Id.* at 34.) The deed of trust states that, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times *without prior notice* to Borrower." (*Id.* (emphasis added).)

### D.     The Opposition

In response, the Claimant argues that the Debtors have failed to present a valid basis for disallowance of the Claim. (Opp'n at 2.) The Claimant argues that "[r]estitution can be recovered in the underlying unlawful detainer action when a judgment for the landlord is reversed *or* in a separate action instituted to recover losses incurred as a result of a reversed judgment." (*Id.* at 3 (emphasis in original).) The Claimant also argues that the District Court Dismissal Order is not a final decision and that it is not barred by *res judicata* because it has not been affirmed on appeal. (*Id.* at 4.)

Additionally, the Claimant argues that the Trust mistakenly asserts that the Claim should be disallowed because it was "filed in the wrong case" pursuant to FED. R. BANKR. P. 3007(d)(2).

7

(*Id.* at 5.) The Claimants requests: (i) several servicing documents; and (ii) documents related to the alleged wrongful foreclosure. (*Id.* at 5–6.)

### E. The Reply

In the Reply, the Trust notes that the Claimant only addresses the Trust's arguments as to (1) the *res judicata* effect of the District Court Dismissal Order and (2) the wrongful foreclosure claim in the Response. (Reply ¶ 17.) As such, the Trust assumes that the Claimant does not contest its arguments as to the other causes of action asserted in the Third Amended Complaint and dismissed pursuant to the State Court Dismissal Order. (*Id.*)

With respect to the *res judicata* effect of the District Court Dismissal Order, the Trust argues that courts are clear that when a prior action is decided based on federal question jurisdiction, federal law is used to determine its *res judicata* effect. (*Id.* ¶ 18.) In this case, the Trust contends that it is uncontested that the jurisdiction of the District Court was based on federal question jurisdiction. (*Id.*) Importantly, given that this case involves a federal question, "[t]he established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." (*Id.* ¶ 19 (citing *Robinson v. Allstate*, 706 F. Supp. 2d 320, 324–25 (W.D.N.Y. 2010), *aff'd sub nom.*, *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7 (2d Cir. 2013) (internal citation omitted)).) Accordingly, the Claimant has failed to demonstrate why the claims related to the First Complaint are not barred by the doctrine of *res judicata*. (*Id.* at ¶ 20.)

With respect to the claim for wrongful foreclosure and all other claims based on the invalidity of the foreclosure sale, the Trust argues that it is unclear how restitution would be applicable in this case because the Claimant has failed to assert that the Unlawful Detainer Judgment was reversed. (*Id.* ¶ 21.) Additionally, the Trust contends that California courts are

8

clear that a judgment in an unlawful detainer action, in which the action is brought following a foreclosure pursuant to CAL. CIV. PROC. CODE § 1161a (as was the case here), conclusively determines the validity of the sale because such issues are conclusively determined as part of the unlawful detainer action. (*Id.* ¶ 22.) Thus, the Unlawful Detainer Judgment obtained by Fannie Mae in this case not only precludes a cause of action for wrongful foreclosure against GMACM, but it also precludes all of the other causes of action that are premised on the invalidity of the foreclosure sale, including the claims for quiet title, slander of title, cancellation of instruments, negligence, and declaratory relief. (*Id.*)

## II.    DISCUSSION

### A.    Claims Objections

Correctly filed proofs of claim "constitute[] prima facie evidence of the validity [and amount of the claim] . . . . To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), *aff'd*, 242 F.3d 367 (2d Cir. 2000) (citations omitted). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks and citations omitted). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

"Federal pleading standards apply when assessing the validity of a proof of claim." *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014); *see also In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)). Accordingly, a claimant must allege "enough facts to state a claim for relief that is *plausible* on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted). The court must accept all factual allegations as true, discounting legal conclusions clothed in factual garb. *See, e.g.*, *id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true" (citing *Iqbal*, 556 U.S. at 678)). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

10

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

To support claims grounded in fraud, Federal Rule of Civil Procedure 9(b) requires the claimant to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Federal Rule of Civil Procedure 9(b) is grounded in the purpose "to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties." *Silverman v. Arctrade Capital, Inc. (In re Arctrade Fin. Techs. Ltd.)*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005) (internal quotation marks and citation omitted).

Although "[claims] drafted by *pro se* [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'" *Kimber v. GMAC Mortg., LLC (In re*

11

*Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (ellipsis in original) (quoting *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005)).

### B.     Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted). The doctrine of *res judicata* precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims. *Id.* When federal jurisdiction in a prior case is based on *federal question jurisdiction*, with the court exercising <u>supplemental</u>—not diversity—jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies. *See U.S. v. Ringley*, 750 F. Supp. 750, 755 (W.D. Va. 1990), *aff'd*, 985 F.2d 185 (4th Cir. 1993) (stating that "[f]ederal law governs the question whether a prior federal court judgment based on federal question jurisdiction is *res judicata* in a [subsequent] case also brought under federal question jurisdiction." (internal quotations and citation omitted)); *Chudacoff v. Univ. Med. Ctr.*, 525 Fed. App'x 530, 531 (9th Cir. 2013) (applying federal common law rules of *res judicata* to a judgment rendered by a federal court exercising federal-question jurisdiction and supplemental jurisdiction over state law claims); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (federal rule of *res judicata* applied when court in federal question case exercised supplemental jurisdiction over some state law claims).

In a federal question case, the Court applies the "uniform federal rules" of *res judicata* announced by the Supreme Court. *See Taylor*, 553 U.S. at 891 ("The preclusive effect of a federal-court judgment is determined by federal common law. . . . For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res

judicata.") (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)).[4]

The "uniform federal rules" do not incorporate state law.

*Res judicata* "applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same [claim, or] cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (citation omitted).

### C.     Res Judicata and Collateral Estoppel Bar Most of the Causes of Action

With respect to the *res judicata* effect of the District Court Dismissal Order, federal *res judicata* law applies to bar the Claimant's claims arising out of the Federal Action. The Federal Action was removed from state court to federal district court based on federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a). As discussed above, federal *res judicata* law applies to the federal claims for which jurisdiction was based on federal question jurisdiction and also to the state law claims on which the federal court exercised supplemental jurisdiction. As such, federal *res judicata* law applies in this instance.

Under federal *res judicata* law, a decision is final unless and until it is reversed on appeal. *See Lumpkin v. Jordan*, 57 Cal. Rptr. 2d 303 (Cal. Ct. App. 1996). Federal *res judicata* law "applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same [claim, or] cause of action." *Teltronics Servs., Inc.*, 762 F.2d at 190 (citation omitted). In this case, it is undisputed that the same parties or their privies are involved.

---

[4]     By contrast, in diversity cases, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor*, 553 U.S. at 891 n.4 (citing *Semtek*, 531 U.S. at 508); *cf. Robinson v. City of Phoenix*, Case No. CV10-1044 PHX DGC, 2010 WL 4054167, at *2 n.1 (D. Ariz. Oct. 15, 2010) (citing *Semtek* to explain that "[a]lthough a federal court sitting in diversity must apply the *res judicata* doctrine of the state in which it sits, this is not a diversity case—it is a case involving federal-question and supplemental jurisdiction." (citation omitted)).

13

There is a final judgment on the merits. The District Court's Dismissal Order has not been reversed. The Claimant has not pointed to any reason that would indicate that the District Court was not a court of "competent jurisdiction" to render a judgment. The Claim is based upon the same nucleus of facts that were or could have been alleged in the Federal Action. Consequently, the fourth and final prong of the federal *res judicata* analysis is satisfied, and the Claim is barred by res judicata.

With respect to the State Litigation claims, the Court holds that the Claimant's wrongful foreclosure claim and the related claims are barred by the doctrine of collateral estoppel.[5] Collateral estoppel under California law requires a party to establish the following: "(1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Syufy Enters. v. City of Oakland*, 128 Cal. Rptr. 2d 808, 816 (Cal. Ct. App. 2002) (citation omitted). Under California law, the Appellate Courts' affirmance of the trial court's judgment in the Unlawful Detainer Action is a final judgment on the merits with preclusive effect against claims brought in a subsequent lawsuit that are "directly connected with the conduct of the sale [of the relevant property]." *Vella v. Hudgins*, 572 P.2d 28, 30 (Cal. 1977) (citations omitted); *see also* CAL. R. CT. 8.888(a). Based on the Appellate Court's holding, the wrongful foreclosure cause of action asserted in the Claimant's Third Amended Complaint clearly falls within the preclusive effect of the Appellate Court's judgment. Therefore, the Trust's Objection to the Claims' wrongful foreclosure cause of action is **SUSTAINED**.

---

[5] Specifically, the Claimant's sixth, seventh, eleventh, and seventeenth causes of action for wrongful foreclosure, quiet title, negligence and declaratory relief, respectively, are collaterally estopped.

### D.  Claimant Fails to Establish Her Remaining Claims

With respect to other causes of action—breach of contract, slander of title, cancellation of instruments, promissory estoppel, negligent misrepresentation, breach of covenant of good faith and fair dealing, fraud, and violation of the Business & Professions code (collectively, the "Non-Foreclosure Claims")—the Trust has adequately refuted "at least one of the allegations essential to the [Non-Foreclosure Claims]," and therefore, the burden of proof shifts to the Claimant. *In re Reilly*, 245 B.R. at 773.  The Claimant, who did not appear at the Hearing, has failed to establish the viability of these causes of action.  Additionally, with respect to many of these claims, the Claimant failed to address the merits of any of the claims in her Opposition.  Hence, the Trust's Objection to the other causes of action is also **SUSTAINED**.

### III.  CONCLUSION

The Court finds and concludes that the Trust adequately shifted the burden of proof to the Claimant by way of its Objection and Reply and that the Claimant thereafter failed to satisfy her burden in establishing the viability of the Claim.  The Objection is **SUSTAINED** and the Claim is **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:   August 25, 2016
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

15