DIEM TRANG NGUYEN
PO Box # 12139
Westminster,CA  92685
Email: DIEM.HOME@GMAIL.COM

Counsel: DIEM T NGUYEN – PRO PER



**UNTIED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

**In re:**

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,

          Debtors.

**Chapter 11**

**Case No. 12-12020 (MG)**

**(Jointly Administered)**

**CLAIMANT DIEM TRANG NGUYEN
CLAIM NO. 3725**

**CLAIMANT DIEM TRANG NGUYEN'S MOTION PURSUANT TO §§105 AND 502(J)**

**OF TITLE 11, UNITED STATES CODE AND RULE 3008 OF THE FEDERAL RULES**

**OF BANKRUPTCY PROCEDURE SEEKING (a) RECONSIDERATION OF THIS**

**COURT'S ORDER DATED AUGUST 25,2016  GRANTING THE TRUST'S NINETY-**

**SECOND OMNIBUS OBJECTION TO CLAIM # 3725 FILED BY CLAIMANT DIEM**

**TRANG NGUYEN AGAINST THE DEBTORS, AND**

1

**(b) THE ENTRY OF AN ORDER MODIFYING THOSE ORDERS**

TO     **HONORABLE MARTIN GLENN**

      **UNITED STATES BANKRUPTCY JUDGE:**


Claimant Diem Trang Nguyen, Claim # 3725 respectfully submits this motion (the "Motion") pursuant to §§105 and 502(j) of Title 11, United States Code (the "Bankruptcy Code") and Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking (a) reconsideration of this Court's Order dated August 25,2016 granting the Morrison & Foerster LLP's ninety-second omnibus objection to claim # 3725 filed by Claimant Diem Trang Nguyen against the Debtors, and (b) the entry of an order modifying those orders

### BACKGROUND

1. On April 13,2016, Claimant Diem Trang Nguyen (its title and/or "Claimant") and Morrison & Foerster LLP (its title and/or "Trustee") stipulated to extending the hearing date to June 15,2016.

2. On May 10,2016, Claimant served the Trustee her Opposition

3. On May 16,2016, Claimant and the Trustee stipulated to moving the Hearing date from June 15,2016 to September 14,2016 via phone.

4. On Jun 09.2016, the Trustee filed its Reply to Claimant's Opposition.

5. On June 15,2016, this Court held the Hearing in regards to the Trustee's Objection to Claimant's claim # 3725.

6. On August 25,2016, this Court issued its Opinion sustaining Claimant's claim #3725

2

## RELIEF REQUEST

Claimant Diem Trang Nguyen, Claim # 3725 respectfully submits this Motion pursuant to §§105 and 502(j) of Title 11, United States Code (the "Bankruptcy Code") and Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking (a) reconsideration of this Court's Order dated August 25,2016 granting the Morrison & Foerster LLP's ninety-second omnibus objection to claim # 3725 filed by Claimant Diem Trang Nguyen against the Debtors, and (b) the entry of an order modifying those orders allowing Claimant to establish the viability of her "Non-Foreclosure Claims."

## THE BASIS FOR THE RELIEF REQUESTED

Bankruptcy Code §105 grants the Court the authority to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

Bankruptcy Code §502(j) provides in relevant part that:

[a] claim that has been allowed or disallowed may be reconsidered for cause.
A reconsidered claim may be allowed or disallowed according to the
equities of the case. 11 U.S.C. §502(j).

What may constitute cause under Bankruptcy Code §502(j) "falls upon the equitable judgment of the court and is within the sound discretion of the court." *In re Coudert Bros. LLP*, 2009 WL 2928911, *1 (Bankr. S.D.N.Y. 2009)(quoting *In re Flagstaff Foodservice Corp.*, 56 B.R. 910, 913 (S.D.N.Y.1986)); see also *In re Smith*, 305 Fed.Appx. 683, 2008 WL 5220903 (2d Cir. 2008); *In re Dana Corp.*, et al., 2008 WL 724220, *2 (Bankr. S.D.N.Y. 2008); *In re Johansmeyer*, 231 B.R. 467, 470 (E.D.N.Y. 1999); Advisory Committee

3

Note to Fed. R. Bankr.P. 3008 ("Reconsideration of a claim that has been previously allowed or
disallowed after objection is discretionary with the court.").

Bankruptcy Rule 3008 provides:

[a] party in interest, may move for reconsideration of an order allowing or

disallowing a claim against the estate. The court after a hearing on notice

shall enter an appropriate order.

Bankruptcy courts, when asked to reconsider allowance or disallowance of proofs of
claim, have broad discretion under Bankruptcy Code §502(j) and Bankruptcy Rule 3008.

"[I]t has been frequently noted that 'the bankruptcy court's discretion in deciding
whether to reconsider a claim is virtually plenary.'" *Coudert Bros. LLP*, supra, note 3, at *1
(quoting *In re Enron Corp.*, 352 B.R. at 367 ("As the Advisory Committee Note to the
Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to
reconsider a claim is virtually plenary...")); see also *In re Dana Corp.*, supra, at *2.

If reconsideration is granted, the court may readjust the claim "according to the
equities of the case." See *In re Smith*, supra, note 5, at *3-4; see also *In re Tender Loving Care
Health Care Servs.*, Inc., 377 B.R. 798 (E.D.N.Y. 2007)

On August 25,2015, the Trustee sent Claimant this Court's Order sustaining her claims
and part of its Opinion is that Claimant failed to make appearance at the Hearing to establish the
viability of her "Non-Foreclosure claims." (Opinion ¶ D) Upon receiving this Court's Order,
Claimant met and confer with the Trustee in regards to the Hearing date of June 15,2016 as
mentioned in this Court's Order. Exhibit A  Upon meeting and conferring with the Trustee in
regards to this Court's Order dated August 25,2016, the Trustee sent Claimant several

4

correspondences in regards to the hearing date of June 15,2016.  Exhibit A,B  The Trustee sent

Claimant the Notice of Adjournment dated April 15,2016, but said notice was on April 15,2016

prior to any further stipulation after the facts.  The Trustee sent Claimant email correspondences

between Claimant and the Trustee but said email correspondences were in March and May 2016

prior to any further stipulation after the facts.  The Trustee further sent Claimant an Affidavit of

Service by Legal Vision Consulting Group dated June 14,2016 in regards to the "**Amended**

**Proposed Agenda** For Matters Scheduled To Be Heard on June 15,2016 at 10:00AM

(PREVAILING EASTER TIME) (Docket No. 9936) (emphasis added).  Exhibit B  The service

of this amended proposed agenda was sent on June 14,2016 in regards to the hearing to be held

on June 15,2016.  Clearly the notice in regards to an amended proposed agenda about a hearing

to be held on June 15,2016 served on June 14,2016 is not sufficient allowing Claimant to make

preparation for the hearing.  Claimant is an indigent.  Claimant **DOES NOT** possess a cell

phone nor carry any portable digital gadget with her at all relevant time where she can access any

form of electronic notices within seconds of its services.  Claimant is residing out of state and

not residing in New York.  Claimant would need to make several forms of preparation such as

preparing a respond for the Reply and for oral arguments at the Hearing as well as Court Call.

Court Call required that party utilizing its service to provide at least three (3) days notice in

advance, http://courtcall.com/attorneys/faqs-attorney/

On May 10,2016,  Claimant served the Trustee her Opposition.  On May 16,2016,

Claimant and the Trustee stipulated to moving the Hearing date from June 15,2016 to September

14,2016 via phone.  On Jun 09,2016, the Trustee filed its Reply to Claimant's Opposition.

Claimant had assumed that she still had sufficient time to prepare respond for the Reply at the

hearing to be held in September.   After the hearing date of June 15,2016, the Trustee did not

send Claimant any notices regarding said Hearing.   It would have given Claimant time to make

rebuttal about the Hearing date of  June 15,2016 prior to this Court issued it Order on August

25,2016.

The Trustee has made similar error in the past in that Claimant's claim # 3725 was

expunged without Claimant's knowledge until Claimant called to inquire the status.  Exhibit C

Claimant has been consistently in contact with Mr. Jordan Wishnew from Morrison & Foerster

LLP, the Trustee regarding her claim and thus, she would not have deliberately failed to make

appearance causing her claim to be expunged at this stage.  Claimant properly and timely filed

her objection clearly indicated that Claimant never abandoned her claims.

Thus, **GOOD CAUSE SHOWING** that this Court should **GRANT** Claimant Diem

Trang Nguyen's Motion for Reconsideration seeking  (a)   reconsideration of this Court's Order

dated August 25,2016  granting the Morrison & Foerster LLP's ninety-second omnibus objection

to claim # 3725 filed by Claimant Diem Trang Nguyen against the Debtors, and (b) the entry of

an order modifying those orders allowing Claimant to establish the viability of her "Non-

Foreclosure Claims."

### MEET AND CONFER

Claimant properly met and confer with the Trustee in regards to this Motion.  The Trustee

has accepted service by Claimant via email and waived third party service in regards to this

Motion for Reconsideration.  Exhibit A

### CONCLUSION

6

Thus, **GOOD CAUSE SHOWING** that this Court should **GRANT** Claimant Diem

Trang Nguyen's Motion for Reconsideration seeking (a) reconsideration of this Court's Order

dated August 25,2016  granting the Morrison & Foerster LLP's ninety-second omnibus objection

to claim # 3725 filed by Claimant Diem Trang Nguyen against the Debtors, and (b) the entry of

an order modifying those orders allowing Claimant to establish the viability of her "Non-

Foreclosure Claims."


Dated: August 30, 2016


                                        Diem Trang Nguyen


                                        Diem Trang Nguyen
                                        Claimant, Self-Represented
                                        Claim # 3725

### Certificate of eService

I, the undersigned, declare that I am over the age of 18. I am the party to this action. I am the resident of Orange County where the mailing took place. My mailing address / place of business is: **DIEM T NGUYEN, PO BOX # 12139, WESTMINSTER,CA 92685** .

**On the date below I served a copy, with all exhibits, of the following document (s):**
**Case Name:** In re RESIDENTIAL CAPITAL, LLC, et al.,
**Case No.:** 12-12020 (MG)

**On all interested parties in the said case addressed as follows:**

1 **CLAIMANT DIEM TRANG NGUYEN'S MOTION PURSUANT TO §§105 AND 502(J) OF TITLE 11, UNITED STATES CODE AND RULE 3008 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING (a) RECONSIDERATION OF THIS COURT'S ORDER DATED AUGUST 25,2016  GRANTING THE TRUST'S NINETY-SECOND OMNIBUS OBJECTION TO CLAIM # 3725 FILED BY CLAIMANT DIEM TRANG NGUYEN AGAINST THE DEBTORS, AND (b) THE ENTRY OF AN ORDER MODIFYING THOSE ORDERS**

   **To the following parties :**

| |
|---|
| **MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Tel: 212-468-8000<br>Email: JWishnew@mofo.com<br>Attn: Mr. Wishnew, Jordan A<br>Attorney for: Residential Capital, LLC |

  **XXX  (via  EMAIL )** at email addresses:  JWishnew@mofo.com and JArett@mofo.com on **08/30/2016** at WESTMINSTER  CITY, CA.

Executed on **08-30-2016** at  WESTMINSTER, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08· 3 0· 2016

Diem T Nguyen

Exhibit A

 Gmail

Diem Nguyen <diem.home@gmail.com>

---

## ResCap - Opinion and Order

---

**Diem T Nguyen** <diem.home@gmail.com>                                   Thu, Aug 25, 2016 at 10:45 PM
To: "Wishnew, Jordan A." <JWishnew@mofo.com>
Cc: "Arett, Jessica Jean" <JArett@mofo.com>

Jordan

There were no email but that does not mean we never talked about this.  This is not the first time you made an error and arranged a hearing regarding my claim at the bankruptcy.  The other time was also admitted by you that it was expunged without even my knowledge until I called you to find out the status of it.  I am stressing out.  I have been in constant contact with you about my claim.  I did not even get any notice after the fact about the status of the hearing as otherwise, it would have allowed me the opportunity to file some form of rebuttal about the hearing date before the Court issued its Opinion.

Regardless, it would not be prejudiced to GMAC were the hearing date of Sept 14. IT is now prejudiced against me because the court said that I failed to appear at the hearing on June 15 to make argument.  I am now barred because of this misunderstanding.

Diem.

On Thu, Aug 25, 2016 at 6:04 PM, Wishnew, Jordan A. <JWishnew@mofo.com> wrote:
> Ms. Nguyen:
>
> Kindly provide us with any written correspondence in your possession in which the parties mutually agreed to have
> a hearing on this matter held on September 14.
>
> Thank you.
>
> Regards,
> Jordan
>
> On Aug 25, 2016, at 7:21 PM, Diem T Nguyen <diem.home@gmail.com> wrote:
>
>> Jessica
>>
>> The issue is not just about filing a "sur-reply"  It is about giving proper reasonable notices that the
>> hearing on JUne 15,2016 to be held as scheduled when in fact, was supposed to be moved to Sept.
>> 14, 2016. Now, were you to decide on the eleventh hour that the schedule to be remained AS IS as
>> originally scheduled and gave me that notice of your change of mind on the eleventh hour, that is not
>> reasonable.  The hearing was supposed to be moved to Sept. 14.  So you changed your mind on the
>> eleventh hour and kept the original date, that is not reasonable.  The email you sent me were way
>> back in March between  correspondences between me and Mr. Wishnew of which took place before I
>> filed my Opposition and he filed the Reply.
>>
>> The Court's Opinion clearly stated that Claimant failed to appear at the Hearing to establish the
>> viability of her "Non-Foreclosure Claims." (Exhibit A Opinion ¶ D)
>>
>> Your argument below failed to admit the facts that you agreed to move the hearing date to Sept. 14
>> but changed your mind on the eleventh hour and kept the original hearing date.  Your notices about
>> the hearing on June 15 were given to me on the eleventh hour and on the hearing date which is
>> absurd.
>>
>> Diem
>>
>> On Thu, Aug 25, 2016 at 4:01 PM, Arett, Jessica Jean < JArett@mofo.com> wrote:
>>
>>> Ms. Nguyen,

---

Attached is a pdf of the email correspondence. I think we have provided sufficient documentation that you were provided notice of the hearing and the reply, which were sent to you both electronically and via mail. I will note that as the respondent, you were not entitled to submit a response to our reply (the court does not allow sur-replies). The reply and the agenda were timely served in accordance with the court's procedures.


Regards,

Jessica


**From:** Diem T Nguyen [mailto:diem.home@gmail.com]
**Sent:** Thursday, August 25, 2016 6:42 PM

**To:** Arett, Jessica Jean
**Cc:** Wishnew, Jordan A.
**Subject:** Re: ResCap - Opinion and Order


Jessica


For some odd reason, I am unable to open the "email" file you sent me. Can you send me via a different option? I agreed to June 15 but at the time, I did not know that Mr. Wishnew was going to file additional documents and records on June 09 without giving me sufficient time and notice to prepare rebuttal, responds, etc. and for the hearing.


I have been frantically shifting through my email with Mr. Wishnew, all of our emails were before he filed the reply on June 09. You submitted services by a third party named Richie Lim stating that the hearing date to be held on June 15 while the service date was on June 14 and 25, 2016. I am at odd about your reasoning on this services and expect me to hold up. It is not even sufficient time to respond as you are assuming that I am glue to the email 24/7.


I am at odd about this hearing date and shock! I did not realize he kept this hearing date. In fact, I never received any notices about this hearing date after the fact. I was under the impression that he moved it to Sept. 14,2016.


Diem.


On Thu, Aug 25, 2016 at 3:16 PM, Arett, Jessica Jean <JArett@mofo.com> wrote:

Ms. Nguyen,


Attached are certificates of service demonstrating that you were served with our reply, as well as the notice of the adjournment of the hearing and the hearing agenda. All three documents were sent to your email address. Additionally, the reply and the notice of adjournment were mailed to

the address listed on your opposition. I've also attached an email correspondence with Mr. Wishnew where you agree to the June 15 hearing date.

We will accept service of anything you wish to file with the court via email, sent to either Mr. Wishnew or myself.

Regards,

Jessica

**Jessica Arett**

Morrison & Foerster LLP

250 West 55th Street | New York, NY 10019-9601

P: +1 (212) 336.4353

JArett@mofo.com | www.mofo.com

**From:** Diem T Nguyen [mailto:diem.home@gmail.com]
**Sent:** Thursday, August 25, 2016 4:59 PM
**To:** Arett, Jessica Jean
**Cc:** Wishnew, Jordan A.
**Subject:** Re: ResCap - Opinion and Order

Ms. Arett,

I just received an automatic respond from Mr. Wishnew that he is out of the office until Aug. 28, 2016.  Please scroll the email below and see my request .

I intend on seeking the court to re-open this matter and will file said application within this week and/or next week. Please accept service directly from me via email here similar to my opposition. Awaiting to hear from you.

Diem.

On Thu, Aug 25, 2016 at 1:40 PM, Diem T Nguyen <diem.home@gmail.com> wrote:

Mr. Wishnew,

I am skimping through this opinion. I am shock to discover that you held the hearing on June 15,2016. You filed a reply to my opposition on June 10. The new hearing date was supposed to be in September. YOu changed this hearing date back to June 15 without giving me proper time and notices to prepare to respond to your reply and the hearing.

I am working on seeking the court to re-open this matter and will file said application within this week and/or next week. Please take note and notice is hereby given. Would you please accept service directly from me via email here similar to my opposition? Awaiting to hear from you.

Diem.

On Thu, Aug 25, 2016 at 9:57 AM, Arett, Jessica Jean <JArett@mofo.com> wrote:

Ms. Nguyen,

Attached, please find the opinion and order entered this morning sustaining the objection to your proof of claim. A hard copy of the order will also be mailed your address.

Regards,

Jessica

**Jessica Arett**

Morrison & Foerster LLP

250 West 55th Street | New York, NY 10019-9601

P: +1 (212) 336.4353

JArett@mofo.com | www.mofo.com

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an

intended addressee is prohibited. If you received this message in error, please delete it and advise
the sender by reply email.

---------- Forwarded message ----------
From: "Wishnew, Jordan A." <JWishnew@mofo.com>
To: "Arett, Jessica Jean" <JArett@mofo.com>
Cc:
Date: Wed, 11 May 2016 00:31:52 +0000
Subject: FW: Diem Trang Nguyen vs. GMAC, Residential Capital, LLC, et al., case no. 12-12020
(MG), claim # 3725

**From:** Diem T Nguyen [mailto:diem.home@gmail.com]
**Sent:** Tuesday, May 10, 2016 8:31 PM
**To:** Wishnew, Jordan A.
**Subject:** Re: Diem Trang Nguyen vs. GMAC, Residential Capital, LLC, et al., case no. 12-12020
(MG), claim # 3725

Dear Mr. Wishnew,

Please kindly see attached my opposition to your objection in regards to my claim# 3725

B. Rgds ,Diem.

On Sun, May 8, 2016 at 7:13 PM, Wishnew, Jordan A. <JWishnew@mofo.com> wrote:

Yes, on behalf of the ResCap Borrower Claims Trust, you can email me a copy of your opposition.

**From:** Diem T Nguyen [mailto:diem.home@gmail.com]
**Sent:** Sunday, May 08, 2016 10:12 PM
**To:** Wishnew, Jordan A.
**Subject:** Re: Diem Trang Nguyen vs. GMAC, Residential Capital, LLC, et al., case no. 12-12020
(MG), claim # 3725

Dear Mr.Wishnew,

Please kindly accept this as formal meet and confer.  I am still working on my opposition to your
objection.

Being pro se, I contacted the bankruptcy court and was told that since I am pro se, I am not required
to file my opposition electronically but rather mail them my opposition.  I would like to inquire if you
would waive service by third party and accept service directly from me.  In other words, would you
stipulate to the fact that I will mail you my opposition as opposed to me hiring a third party to serve
you my opposition.  IF yes, would you further accept my service via email.  In other words, I will
email you my opposition as opposed to mailing them to you.

Awaiting to hear from you.


Sincerely,

Diem T Nguyen



On Wed, Apr 13, 2016 at 1:42 PM, Diem T Nguyen <diem.home@gmail.com> wrote:

Dear Mr. Wishnew,


I just realized that I never responded to your email below of which I thought I did.  I must have gotten side track because of my pregnancy issues.  Yes, thank you kindly for your extending the time frame for me to file my respond.  I will file my opposition by May 20,2016.


Thank You again.


Sincerely,

Diem.


On Tue, Mar 15, 2016 at 6:37 AM, Wishnew, Jordan A. <JWishnew@mofo.com> wrote:

Ms. Nguyen:


We would propose holding a hearing on the claim objection on June 15, and have you file your response by Friday, May 20. I hope everything goes smoothly.  At your earliest convenience, let me know if this timeframe works for you. Thank you.


Regards,

Jordan Wishnew



==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail JWishnew@mofo.com, and delete the message.



====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an
intended addressee is prohibited. If you received this message in error, please delete it and advise
the sender by reply email.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is
prohibited. If you received this message in error, please delete it and advise the sender by reply email.

Exhibit B

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------ x
                                :
In re                           :      Chapter 11
                                :
RESIDENTIAL CAPITAL, LLC,       :      Case No. 12-12020 (MG)
et al..,¹                       :
                                :
                   Debtor. :
------------------------------ x
```

### AFFIDAVIT OF SERVICE

I, Richie Lim, am employed with Legal Vision Consulting Group in the county of Los Angeles, State of California. I depose and say that on June 14, 2016, I caused true and correct copies of the following document(s) to be served via (i) e-mail service to the parties listed in **Exhibit A**, (ii) via first-class mail, postage pre-paid, to the parties listed in **Exhibit B** and (iii) via overnight mail by placing the documents in a sealed envelope, affixing a pre-paid air bill, and delivering envelopes to a overnight courier location in Los Angeles, California to the parties listed on the Service List in **Exhibit C** attached hereto:

- **AMENDED PROPOSED AGENDA FOR MATTERS SCHEDULED TO BE HEARD ON JUNE 15, 2016 AT 10:00 A.M. (PREVAILING EASTERN TIME)(Docket No. 9936)**
- **NOTICE REGARDING TELEPHONIC PARTICIPATION IN THE HEARING SCHEDULED FOR JUNE 15, 2016 AT 10:00 A.M. (ET)(Docket No. 9933)**

Dated: June 15, 2016

Richie Lim
Legal Vision Consulting Group
1801 Century Park East Suite 350
Los Angeles, CA 90067

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

{State of California         }
{                            } ss.
{County of Los Angeles       }

Subscribed and sworn to (or affirmed) before me on this 15th day of June, 20 16, by, Richie Lim _____ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

AILEEN MOON HOKAMA
Commission # 2145113
Notary Public - California
Los Angeles County
My Comm. Expires Mar 4, 2020

12-12020-mg    Doc 9939    Filed 06/15/16    Entered 06/15/16 16:39:58    Main Document
Pg 3 of 5

## EXHIBIT A

Lauren.Delehey@rescapestate.com;

Deanna.horst@rescapestate.com;

Nicholas.kosinski@rescapestate.com;

Dflanigan@polsinelli.com;

Tracy.Davis2@usdoj.gov;

Linda.Riffkin@usdoj.gov;

Brian.Masumoto@usdoj.gov;

Dziehl@pszjlaw.com;

Mbove@pszjlaw.com;

Joseph.weinstein@squiresanders.com;

Peter.zisser@squiresanders.com;

Keckstein@kramerlevin.com;

Pbentley@kramerlevin.com;

Dmannal@kramerlevin.com;

Diem.home@gmail.com;

B_blake8@yahoo.com;

Chris@myfaircredit.com;

dbradshaw@helfandlaw.com;

kreynolds@mklawnyc.com;

Crystal@crystalforthepeople.com

# **EXHIBIT B**

Linda A. Rifkin & Brian S. Masumoto
U.S. Trustee
Southern District of New York
201 Varick Street Suite 1006
New York, NY 10014

## OVERNIGHT SERVICE LIST

Gwendolyn B, Hawthorne
2377 Scott Oaks Trail SW
Marietta, GA 30008

Charles C. Heyward Living Trust
14120 Bishop Claggett Ct
Upper Marlboro, Maryland 20772

Mary Perkins White
PO Box 489
Gig Harbor, WA 98335

Exhibit C

Hearing Date and Time: February 25, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: February 8, 2016 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S**
**NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY**
**BORROWER CLAIMS AND (II) ALLOWED IN FULL BORROWER CLAIM**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Borrower Claims Trust's Ninety-Second Omnibus Objection to Claims ((I) No Liability Borrower Claims and (II) Allowed in Full Borrower Claim* (the "Omnibus Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **February 25, 2016 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern

2af2

s2ffffff

| Claim No(s). | Name and Address / Claim Amount / Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | freeze letter, and that the payment should not go up. Debtors explained that the payment change letter was sent for informational purposes. Claimants also inquired about refinancing at that time and the Debtors provided them with the phone number of the department that handles refinancing. Claimants contacted Debtors again on December 29, 2009 to inquire why their loan interest rate has not reset. Debtors explained about the Blanket Modification and rate freeze letter. Claimants asked for the loan terms to go back to what they were at origination, as well as a copy of the letter. Debtors sent a copy of letter, but also advised the Claimants that it may not be possible to change the terms of the loan back. Claimants did not contact Debtors again until October of 2011, when a Qualified Written Request was received. Debtors responded to that request on November 4, 2011. Debtors again explained the rate freeze by the Investor, and that the Claimants were made aware of it, as well as refinance options when the market turned. | |
| 3725 | DIEM TRANG NGUYEN  PO BOX 12139 Westminster, CA 92685  UNLIQUIDATED | Res Judicata and General No Liability | This claim was mistakenly included on the order entered on the Debtors' Fifty-First Objection to Claims (Books and Records Claims— Res Judicata and Wrong Debtor), entered on December 19, 2013.  Loan was originated by GMAC Mortgage Corporation dba ditech.com on July 17, 2006. GMAC Mortgage transferred its interest to Fannie Mae. GMAC Mortgage serviced the loan from origination until servicing was transferred to Nationstar | 7-8, 14 |

28