<u>**Exhibit 4**</u>

B 10 (Official Form 10) (12/11)

| United States Bankruptcy Court    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Residential Capital, LLC, et al.,  Claim v. GMAC Mortgage LLC | Case Number:<br>Case No. 12-12020 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Gerard Wiener, for himself and as representative of the Estate of roland Wiener | **COURT USE ONLY** |
| Name and address where notices should be sent:<br>Gerard Wiener<br>c/o David J. Brown, Attorney at Law<br>1135 Ulloa Street, San Francisco CA 94127<br><br>Telephone number: (415) 716-7786    email: djbrown2008@gmail.com | ❏ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:          email: | ❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**          $            299,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    Fraud, violation of statute, wrongful foreclosure, negligence
(See instruction #2)

| 3.  Last four digits of any number by which creditor identifies debtor:<br><br>    0   7   0   0 | 3a. Debtor may have scheduled account as:<br><br>Disputed claim<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

| 4. Secured Claim (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ❏Real Estate  ❏Motor Vehicle  ❏Other<br>**Describe:**<br><br>**Value of Property: $**_____<br><br>**Annual Interest Rate**_____% ❏Fixed  or  ❏Variable<br>**(when case was filed)** | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**<br><br>            $_____<br><br>**Basis for perfection:** _____<br><br>**Amount of Secured Claim:**    $_____<br><br>**Amount Unsecured:**          $_____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br><br>$_____ |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this pro



B 10 (Official Form 10) (12/11)   2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Attached is copy of Third Amended Complaint against GMAC Mortgage LLC, & Statement

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  David J. Brown
Title:  Attorney at Law
Company:   /s/ David J. Brown   11/09/2012
Address and telephone number (if different from notice address above):   (Signature)   (Date)
 1135 Ulloa Street, San Francisco, CA 94127

Telephone number: (415) 716-7786   email: djbrown2008@gmail.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

DAVID J. BROWN
1135 Ulloa Street
San Francisco, CA 94127
Telephone: (415) 716-7786
E-Mail: djbrown2008@gmail.com

Attorney for Gerard Wiener

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
|   |   |
|---|---|
| In re: | : |
|   | : **Chapter 11** |
| **Residential Capital, LLC, *et al.,*** | : |
|   | : **Case No. 12-12020** |
| Debtors, | : |
|   | : **Jointly Administered** |
-------------------------------------------------------X

### STATEMENT FOR PROOF OF CLAIM OF GERARD WIENER

Gerard Wiener, for himself and as the representative of the Estate of Roland Wiener,

bases his claim against debtor GMAC Mortgage, LLC, on his pending claims against GMAC

Mortgage pending in the United States District Court, Eastern District of Michigan.  He reserves

all rights that exist or may come into existence to request a jury trial and have the claim lawsuit

resolved in the District Court in Michigan  or the United States District Court in the southern

District of New York.  What is attached to his Proof of Claim is the now operative Third

Amended Complaint in the case.  Hundreds of pages of documents support his claim and are on

1

file in that case.

      Dated:  November 9, 2012
      San Francisco, California

                          Respectfully Submitted

                          **DAVID J. BROWN**

                          /s/ David J. Brown_____
                          David J. Brown, CA Bar No. 56628
                          1123 Ulloa Street
                          San Francisco, CA 94127
                          Telephone:  (415) 716-7786
                          E-Mail:  djbrown2008@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD WIENER, individually, and as
Personal Representative of the Estate of
Roland C. Wiener,

      Plaintiff,

    v

BANKERS TRUST COMPANY, a foreign
Company, and GMAC MORTGAGE, LLC, a
Delaware corporation, and FEDERAL HOME LOAN
MORTGAGE CORPORATION, a foreign corporation,
and JEFFREY BASKIN, an individual and LAUREN
NEWMAN, an individual, and FIFTH THIRD MORTGAGE -
MI, LLC, a foreign limited liability company.

      Defendants

    and

JEFFREY BASKIN, an individual, and LAUREN
NEWMAN, an individual,

      Defendants/Counter-Plaintiffs/Cross-
      Plaintiffs,

    v.

GERARD WIENER, individually, and as Personal
Representative of the Estate of Roland C. Wiener,

    and

Case No. 11-10770
Hon. George Caram Steeh

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

FEDERAL HOME LOAN MORTGAGE CORPORATION, a
Foreign corporation,

        Defendant/Cross-Defendant.

| | |
|---|---|
| Gavin J. Fleming (P68366) | Frank M. Deluca (P41604) |
| Channelle Kizy White (P69678) | Attorneys for Bankers Trust and GMAC |
| Attorneys for Plaintiffs | McKelvie DeLuca, PC |
| Beals Hubbard, PLC | 280 West Maple Road |
| 30665 Northwestern Highway, Ste. 100 | Suite 300 |
| Farmington Hills, MI 48334 | Birmingham, MI 48009 |
| 248-932-1101 | 248-952-5100 |
| | |
| Bruce M. Gorosh (P35455) | Daniel P. Perk (P39004) |
| Attorneys for Jeffrey Baskin and Lauren | Attorneys for Federal Home Loan Mortgage |
| Newman | Corporation |
| Lefkofsky & Gorosh PC | Miller Johnson |
| 31500 Northwestern Highway | 303 North Rose Street |
| Suite 105 | Suite 600 |
| Farmington Hills, MI 48334 | Kalamazoo, MI 49007 |
| 248-855-5508 | 269-226-2958 |

## THIRD AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

        NOW COME Plaintiffs, by and through their attorneys, Beals Hubbard, PLC, and for

their Third Amended Complaint, state as follows:

        1.        Plaintiff Gerard Wiener is an individual person, the son of the late Roland C.

Wiener, and the Personal Representative of the Estate of Roland C. Wiener (the "Estate").

        2.        The real property which is the subject matter of this litigation and as asset of the

estate is located at 1946 Parmenter Boulevard, Building 53, Apartment 305, Royal Oak, Oakland

County, Michigan 48073 (the "Property").

        3.        On information and belief, Defendant Bankers Trust Company (Bankers Trust) is

a foreign corporation that engages in, among other things, purchasing mortgages from other

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

entities, which mortgages secured loans on real properties in Michigan, including the subject property, and is therefore amenable to the court's general personal jurisdiction pursuant to MCL 600.711.

4.      Defendant GMAC Mortgage, LLC ("GMAC"), is a Delaware corporation that engages in continuous, systematic business in Michigan, and is therefore amenable to the court's general personal jurisdiction under MCL 600.711.

5.      Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), is a foreign corporation, doing business in the State of Michigan, County of Oakland and therefore has sufficient minimum contacts with the State of Michigan to be amenable to this court's general jurisdiction.

6.      Defendants, Jeffrey Baskin and Lauren Newman are, upon information and belief, residents of the State of Michigan and presently claim to have an ownership interest in the Property. Ex. A.

7.      Defendant, Fifth Third Bank, is a federally chartered Bank claiming a mortgage interest in the Property.

8.      Venue is appropriate in this court because the property that is subject matter of this lawsuit is located in Royal Oak, Oakland County, Michigan; thus the Estate was opened in Oakland County Probate Court; and because some of the acts giving rise to this lawsuit occurred in Oakland County, Michigan.

## COMMON ALLEGATIONS

9.      Plaintiff realleges and incorporates by reference the allegations in paragraph 1 through 7.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

10.     In May, 1972, the deceased Roland Wiener purchased the subject real property located at 1946 Parmenter Boulevard, Apartment 305, Building 53, Segment 19, Royal Oak, Michigan 48073, more particularly described as:

> Apartment 305, Building 53, of Coventry Parkhomes-Segment 19 Condominium, according to the Master Deed recorded in Liber 5753, page 52, last amended by amendment recorded in Liber 14227, Page 725, Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 240, and any amendments thereto, together with an undivided interest in the general common elements and limited common elements as set forth in the above-described Master Deed in Act 59 or the Public Acts of 1978, as amended. Parcel Identification No. 63-72-20-32-476-086.

11.     On February 12, 1997, to refinance his purchase of the property, Roland Wiener borrowed money from Homecomings Financial Network. The loan was secured by a mortgage, now held by defendant Bankers Trust as Trustee by assignment.

12.     On information and belief, as of February 2010, the amount due and owing on the mortgage was approximately $69,000.00.

13.     On information and belief, defendant GMAC does not own or hold the mortgage, but is the servicer of the mortgage who collects amounts due on behalf of the owner or holder of the mortgage.

14.     On January 23, 2009, Roland Wiener died intestate. On June 30, 2009, Gerard Wiener opened Roland Wiener's estate and became its personal representative. (Oakland County Probate Court case number 2009-324047-DE).

15.     In addition to Gerard Wiener, there are two other heirs of Roland Wieners' estate, Alice Wiener and Charlotte Wiener, the daughters of Roland Wiener and sisters of Plaintiff Gerard Wiener.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

16.    In November 2008, some two months prior to his father's death, Plaintiff contacted GMAC as attorney-in-fact for Roland Wiener, seeking to refinance the mortgage.

17.    Subsequent to Roland Wiener's death in January 2009, Plaintiff had dealings/contacts with GMAC as follows:

18.    On or about February 4, 2009, Plaintiff called GMAC to discuss the mortgage. He was kept on hold for 46 minutes, then transferred to the Assumptions Department, which told him they could not speak with him unless they had a probate court letter of authority. He advised them that an estate had not been opened, but that he would send the death certificate. He also provided all of his contact information and requested that they add it to the file. He continued to make the mortgage payments.

19.    On February 20 and 27 and March 6 and 13, 2009, Plaintiff called GMAC to discuss the mortgage and whether there was mortgage life insurance. He was either disconnected, improperly routed, or informed that they had not received the death certificate and, therefore, could not speak with him. Plaintiff offered them his attorney's name and contact information.

20.    On March 3, 2009, Plaintiff sent a letter to Defendant GMAC's Waterloo, Iowa, Assumptions Department explaining the status of matters.

21.    On March 27, 2009, Plaintiff called GMAC and informed that, because the Estate could not reach the appropriate representative to discuss the status of the mortgage, including the removal of improper and unnecessary fees and charges, Plaintiff indicated that the Estate would deem GMAC in breach of its obligations under the Mortgage and Note. He was advised that they still had not received the death certificate.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

22.     On April 15, 2009, Plaintiff called GMAC again.  He was on hold for 42-plus minutes and disconnected before the Assumptions Department refused to deal with him, except for recommending that the estate quit-claim the property to them.  They advised him that they would speak with him when they received his letters of authority.  He requested to speak with a supervisor or someone else in authority.  They refused.

23.     On April 29 and May 6, 2009, Plaintiff called GMAC again.  He again provided his contact information.

24.     On June 30, 2009, Plaintiff called GMAC again to inform them that the estate had been opened.  They instructed him to send his letters of authority and the death certificate to the Assumptions Department.  He was told that it would take about a week.  He gave them the probate case number.

25.     On July 6, 2009, he called GMAC to say he would send the documents by mail, and that GMAC could verify the information online.  They said they did not confirm online and advised that the best course was to fax them the documents.

26.     On July 7, 2009, Plaintiff called GMAC again.  They would not speak with him without having his letters of authority.  Plaintiff's attorney immediately faxed plaintiff's letters of authority to the GMAC Assumptions Department.

27.     On July 9, 2009, Plaintiff called GMAC to confirm receipt with the Assumptions Department.  They had not received them.  They transferred him to the Collections Department, who said it looked like they had something from him, but that they needed to "access the file." He was then transferred back to Assumptions, which assured him they had received nothing.  He was told that it could take "up to a couple weeks" for them to receive the fax.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

28.     On July 16, 2009, Plaintiff again called GMAC. He was told that they still had not received the documents. They advised him to wait two more weeks to "give it time to get into their system" and, in response to his inquiry, said it would not do any good to speak with anyone else there (such as a supervisor). Plaintiff again provided his contact information.

29.     On July 28, 2009, Plaintiff called GMAC again, informing them that he was able to personally hand-deliver the documents in the Detroit area if they still had not received them. They had not received the documents and requested that he re-fax them.

30.     On July 30, 2009, Plaintiff's attorney re-faxed Plaintiff's letters of authority and the death certificate to GMAC.

31.     From February 4 through August 7, 2009, as documented by Paypal transactions, Skype and AT&T telephone records, email records and his personal notes, Gerard Wiener attempted to communicate with GMAC some 53 times to discuss the mortgage and possible payoff or loan modification options, and the cessation of monthly payments for costly "add-ons" which plaintiff deemed to be worthless.

32.     On August 7, 2009, Plaintiff called GMAC again. He was informed that GMAC had not received anything, and to wait 30-45 days. On the same date, Plaintiff's attorney again re-faxed the documents to GMAC. On the same date, Plaintiff emailed GMAC detailing his frustration in dealing with them, and requesting assistance.

33.     On August 11, 2009, Plaintiff received an email response from GMAC, apologizing for his "phone experience" and advising him that his information had not been updated in their system. They wrote that it was "taking about 30 days for the Assumptions Department to process incoming mail and/or faxes." Plaintiff called them, saying it had been

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

much more than 30 days since he first sent the documents. He was advised to continue to wait. He then sent another email to GMAC and was sent the same response (to wait 30 days).

34.    On August 13, 2009, Plaintiff learned that Defendant GMAC had foreclosed on the mortgage, and that the property was scheduled for a September 8, 2009 sheriff's sale. He called Orlans Associates, PC ("Orlans"), GMAC's foreclosure attorneys, objecting to the foreclosure and sale. Orlans said they would let GMAC know, and for Plaintiff to have his attorney send the letters of authority and death certificate to Orlans. On August 14, 2009, Plaintiff's attorney faxed both documents to Orlans.

35.    On August 17, 2009, Plaintiff's attorney sent an overnight letter to Orlans requesting a meeting under the July 5, 2009 Michigan foreclosure statute (MCL 600.3205a-c). His attorney was informed that the request was too late because Orlans had sent a notice to Roland Wiener on July 10, 2009 (three days after plaintiff's attorney first faxed plaintiff's letters of authority to GMAC), and that the 14 days provided for by the statute for such a request had passed.

36.    In an August 18, 2009 telephone conference with Orlans, plaintiff's attorney learned that the first-class letter/notice to Roland Wiener regarding foreclosure had been returned to Orlans on July 30, 2009 marked, "Deceased-Unable To Forward," and that the same letter, sent by certified mail, had been returned, unsigned for on August 7, 2009.

37.    On August 21, 2009, Plaintiff's attorney spoke with GMAC Assumptions Department. They confirmed receipt of plaintiff's letters of authority and Roland Wiener's death certificate. On the same date, Plaintiff himself spoke with GMAC. He requested a meeting with GMAC as provided for by the new statute. GMAC said it was up to Orlans at that point. On the

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

same date, Plaintiff's attorney called Orlans and left two voice mail messages requesting a meeting with GMAC.

38.   On August 24, 2009, Plaintiff's attorney sent Orlans Associates a letter by overnight mail and telefax, requesting adjournment of the foreclosure sale while plaintiff explored a loan modification with GMAC. The letter detailed Plaintiff's six months of contacts and attempted contacts with GMAC since approximately February 4, 2009, and contended that GMAC knew or had reason to know that Roland Wiener had died, and that neither the deceased Mr. Wiener (obviously) nor his estate had been provided with the required statutory notice of GMAC's intent to foreclose.

39.   On information and belief, HOPE/KEYCHAIN ALLIANCE, Detroit Hope Partnership (HOPE), is a program created and operated by Defendant GMAC to assist mortgagors in saving their homes from foreclosure.

40.   Patricia Scully ("Scully") was at all times pertinent to this lawsuit the Community Relations Manager for HOPE, acting for, on behalf, and as the agent of Defendant GMAC.

41.   On August 25, 2009, Plaintiff's attorney received a voice mail message from "Patricia Scully from GMAC. I am the community relations person in loss mitigation right here in St. Clair Shores, Michigan, and I'm the person you need to speak with." She apologized for "all this brouhaha" over the last several months. During a phone conversation with Plaintiff's attorney the same day, she said that she had authority to act on behalf of GMAC regarding "loss mitigation." She said she would adjourn the sheriff's sale for 30 days. She emailed Plaintiff's attorney a copy of her email to Orlans requesting that the September 8, 2009 sheriff's sale be adjourned to October 13, 2009 "to allow more time for loss mitt." (The sale was actually adjourned to October 20).

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

42.   Patricia Scully's email information identified her as the Community Relations Manager, GMAC ResCap, Homecomings Financial/Keychain Alliance, Detroit HOPE Partnerhip.

43.   Also on August 25, Plaintiff's attorney received a call from "Ms. Ross" of GMAC. She reported that GMAC had received the death certificate but needed a loss mitigation plan in order to adjourn the sheriff's sale. I informed her that I had spoken with Scully, who had already adjourned the sale. She said she would defer to Scully, then, and would call her. She said that she, Ross, was merely calling because GMAC Waterloo (Iowa) had requested that she do so.

44.   On September 10, 2009, following telephone conversations with her, Plaintiff emailed Scully requesting to meet with her. On September 15, Scully replied regarding when within the next two weeks would be a good time for plaintiff to meet.

45.   On or about September 28, 2009, Plaintiff's attorney learned that Plaintiff had suffered a stroke. On September 30, Plaintiff's attorney therefore called Scully and left voice mail messages on her office and mobile phones requesting the full 90 days provided for by the statute to work out a modification of the mortgage loan. Plaintiff's attorney called Scully again on October 5 and left messages. He also sent Scully an email message indicating, among other things, that a successor personal representative might have to be appointed, requiring additional time to continue the mortgage modification discussions with her.

46.   On October 5, 2009, plaintiff's attorney received an email from Scully, saying she had spoken with Plaintiff's sister regarding Plaintiff's condition, and that she, Scully, would adjourn the sale.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

47.     On October 8, 2009, Scully sent a proposed six-month "forbearance agreement" to forestall the sheriff's sale while Plaintiff and GMAC came to an agreement regarding a modification.  The agreement provided for a monthly payment of one-half the usual amount, beginning November 10, 2009.

48.     On October 14, 2009, Plaintiff's attorney emailed Scully that the estate was inclined to enter the forbearance agreement, with a requested change of the payment due date from the 10th to the 15th; that Plaintiff would sign the agreement; and to please advise by what means Plaintiff should submit the agreement.  On the same date, Scully adjourned the sheriff's sale from October 20 to November 17, 2009 "to allow more time for loss mitt options."

49.     On November 13 and November 16, 2009, though Scully had not yet responded to his requested due-date change in the forbearance agreement or to say how the agreement should be submitted, plaintiff attempted to pay GMAC the agreed-upon revised amount by the same method he had used to make the regular mortgage payments.  He could no longer access the account.  He emailed Scully to that effect.

50.     On November 16, 2009, Scully emailed plaintiff in response that he probably could not access the account because she had not received confirmation that plaintiff would sign the special forbearance agreement, and that the 50 percent payment amount was no longer an option.  She wrote that she needed "all the financials/HAMP pkg."  She questioned her ability to adjourn the November 17 sale on such short notice, but she emailed the application forms Plaintiff needed to submit.

51.     On November 17, 2009, Scully emailed plaintiff's attorney that she had adjourned the sale for one week, or until November 24.  She wrote that she "needed HAMP pkg completed so I can submit it for loss mitigations options."

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

52.    On November 19, 2009, Scully emailed plaintiff offering a plan she described as "the bottom line:" The payment would reduce for six months to 70 percent of the regular amount, " give the estate time to figure out what they want to do." She needed the paperwork submitted by the next day to request the "Special Forbearance." Otherwise, she would assume that Plaintiff had decided to let the property "go to FC sale on 11/24."

53.    On November 20, 2009, Plaintiff faxed the paperwork to Scully. On November 23, 2009, Scully emailed Plaintiff and his attorney that she had "received the fax  you sent over last week," and that she would have Plaintiff's sister "complete the assumption pkg" that had been sent to Plaintiff in September 2009. She also advised that *the FC [foreclosure] sale has been adjourned to 12/29/2009.*

54.    On December 23, 2009, Plaintiff emailed Scully that his sister had completed the forms, which were faxed to Scully that date. Plaintiff reminded Scully that the sheriff's sale was scheduled for December 29.

55.    On December 28, 2009, Plaintiff's attorney emailed Scully, reminding her to adjourn the sheriff's sale while the loan workout was underway. His attorney also called Scully on her mobile phone and left a voicemail message. Plaintiff also called and emailed her.

56.    On December 29, 2009, Plaintiff's attorney called Scully again and left a message. Scully never responded in any way to the application/documents which were submitted, or to the telephone and email messages which Plaintiff and his attorney left for her.

57.    With Scully still having not responded, on January 8, 2010, plaintiff contacted defendant GMAC. He learned that the property had been sold at sheriff's sale on January 5, 2010. The property was purchased by the Federal Home Loan Mortgage Corporation for $65,000.00.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

58.   The redemption period under the sheriff's sale expired on July 5, 2010.

59.   Neither Defendant GMAC nor Scully have ever said, in writing or otherwise, why they abandoned the mortgage workout effort which was underway with the estate and caused the property to be sold at the sheriff's sale.

60.   On June 20, 2010, this Court entered an Order tolling the Statutory Redemption Period until further order of the Court.

61.   The parties Stipulated to the Entry of the Order.

62.   On October 5, 2010, counsel for Defendants, GMAC and Bankers Trust sent a letter to this Court indicating that, notwithstanding the June 20, 2010 Order, GMAC/Bankers Trust/Federal Home Loan Mortgage Corporation sold the Property to Jeffrey Baskin and Lauren Newman in August, 2010. **Ex. A.**

63.   GMAC claims it notified Federal Home Loan Mortgage Corporation in writing to place a hold on the Property and not to sell it; yet, to date, this "writing" has not been produced.

## COUNT 1: VIOLATION OF MCL 600.3205a-c

64.   Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 62.

65.   Pursuant to MCL 300-3205a(1), Defendants were required to serve a written notice on Plaintiff that contained the following information, in part:

> d.   …[T]he borrower may request a meeting with the designated agent to attempt to work out a modification of the mortgage loan to avoid foreclosure;
> e.   That if the borrower requests the meeting, foreclosure proceedings will not be commenced until 90 days after the notice is sent; …
> g.   If the borrower meets the criteria for a modification under 600.3205c(1), but borrower is not offered a modification, the foreclosure must proceed before a judge instead of by advertisement.

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

66.     On or about August 18, 2009, Plaintiff's attorney obtained from the Orlans law firm the notice which had been sent to Roland Wiener on July 10.

67.     Thereafter, as set forth above, Defendant offered and Plaintiff accepted the offer to submit an application to forestall further foreclosure of the mortgage and the sheriff's sale of the property " to give the estate time to figure out what it wanted to do."

68.     While the forbearance arrangement and Plaintiff's sister's assumption application were pending, Defendant GMAC abandoned consideration and review of Plaintiff's application, and despite its representations to the contrary, continued with the foreclosure proceedings, including the sheriff's sale.

69.     By abandoning the workout process mid-stream, Defendant GMAC thwarted Plaintiff estate's right to have Defendant GMAC determine whether the estate met the criteria for a modification under MCL 600.3250c(1)(a).

70.     MCL 600.3205c(1)(b) required Defendant GMAC to modify the terms of the mortgage using one or more of the features provided for therein. Plaintiff submits that, applying the features, it likely would have been eligible for a loan modification.

71.     If Plaintiff met the criteria but was not offered a modification, the foreclosure would have to proceed before a judge, pursuant to MCL 600.3103 *et seq*,. rather than by advertisement.

72.     Although Plaintiff may be eligible for a loan modification, Defendant GMAC is foreclosing on the subject mortgage by advertisement.

73.     Defendants GMAC and Bankers Trust are in violation of MCL 600.3205a-c in ways including, but not necessarily limited to, the following:

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

a. By failing to provide Plaintiff with a copy of the calculations made to determine its eligibility for a loan modification, in violation of MCL 600.3205c(5)(a);

b. By failing to provide Plaintiff with a copy of the program, process, or guidelines under which Defendant GMAC would make its determination, in violation of MCL 600.3205c(5)(b); and

c. By failing to proceed to foreclosure by judicial action, and, instead, by proceeding by advertisement, in violation of MCL 600.3405c(6).

WHEREFORE, Plaintiff Gerard Wiener, individually and as Personal Representative of the Estate of Roland C. Wiener, respectfully requests that this Court enter and order:

A) Staying and holding in abeyance the redemption period on the sheriff's sale of the subject property;

B) Rescinding, cancelling, voiding and/or setting aside the sheriff's sale of the subject property;

C) Restraining Defendants GMAC and Bankers Trust, and permanently enjoining Defendants from conveying, selling, or otherwise encumbering the property, and from commencing any eviction or summary proceedings against Plaintiff;

D) Enjoining Defendants GMAC and Bankers Trust, and its agents or attorneys, from foreclosing by advertisement on the subject mortgage; and ordering that Defendants foreclose, if at all, by judicial action under MCL 600.3103 *et seq,*:

E) That Defendants GMAC and Bankers Trust and their agents provide Plaintiff with a copy of the calculations they made to determine Plaintiff's eligibility for a loan modification;

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

F)  That Defendants GMAC and Bankers and their agents provide Plaintiff with a copy of the program, process, or guidelines under which they make their loan modification calculations;

G)  Any other relief this Court deems just and necessary in the interests of justice.

### COUNT II: NEGLIGENCE

74.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 72.

75.     Defendants GMAC and Bankers Trust owed Plaintiff a duty to exercise the appropriate standard of care, to follow through with the special forbearance and other proceedings it initiated with Plaintiff regarding modification of the mortgage at issue, to determine whether Plaintiff was eligible for a loan modification using the process and calculations set forth in MCL 600.3205c(1)(a) and (b), and otherwise to follow the law as set forth in MCL 600.3205a-c.

76.     Defendants GMAC and Bankers Trust breached their duty in several ways including, but not limited to:

a.  By abandoning the loan modification process in which Plaintiff was engaged without justification and without notification to Plaintiff;

b.  By failing to adjourn the December 29, 2009 sheriff's sale to a date which would accommodate the forbearance agreed to and relied upon by Plaintiff;

c.  By failing to determine Plaintiff's eligibility for a loan modification;

d.  By failing to provide Plaintiff with a a copy of the calculations Defendants GMAC and Bankers Trust made to determine Plaintiff's eligibility for a loan modification; and/or

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

e.  By failing to provide Plaintiff with a copy of the program, process, or guidelines under which Defendants GMAC and Bankers Trust make their loan modification calculations.

77.   As an actual, direct and proximate result of Defendant GMAC's and Bankers Trust's breach of their duties, Plaintiff was injured by, among other things, having suffered significant mental and emotional injuries and substantial economic loss, having expended substantial resources for maintenance, improvement and other expenses relative to the subject property, and economic losses due to the incidental and consequential costs, including legal fees, of Defendants' negligence and outrageous, unjustifiable conduct.  Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiff Gerard Wiener, individually and as Personal Representative of the Estate of Roland Wiener, respectfully requests this honorable court to enter an award of actual damages in excess of $25,000, as well as exemplary damages in Plaintiff's favor and against Defendants, and award such other relief as this court deems necessary in the interests of justice.

## COUNT III: BREACH OF CONTRACT

78.   Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 – 76.

79.   On or about November 20, 2009, Plaintiff entered a forbearance agreement with Defendants GMAC and Bankers Trust, whereby the mortgage loan payment would be reduced for a period of six months to allow Plaintiff time to do a loan modification agreement or otherwise save the property from foreclosure and sheriff's sale.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

80.     On or about November 20, 2009, Plaintiff submitted the paperwork necessary for the agreement and for having his sister, an heir of Roland Wiener and an interested party of the estate, considered to assume the mortgage.

81.     Defendants GMAC and Bankers Trust breached the agreement by not reducing the mortgage loan payment as agreed, by not providing Plaintiff time to be considered for a loan modification agreement or for Plaintiff's sister to assume the mortgage, as agreed, and by not holding the foreclosure and sheriff's sale in abeyance, as agreed.

82.     As a direct and proximate result of Defendants GMAC and Bankers Trust's breach of the agreement, Plaintiff has suffered and continues to suffer economic losses in excess of $25,000.00 due to the incidental and consequential costs, including the accruing costs of this lawsuit, of Defendants' breach of the agreement.

WHEREFORE, Plaintiff Gerard Wiener, individually and as Personal Representative of the Estate of Roland Wiener, respectfully requests this honorable court to enter an award of actual damages in excess of $25,000, as well as exemplary damages in Plaintiff's favor and against Defendants, and award such other relief as this court deems necessary in the interests of justice.

## COUNT IV: AGENCY/RESPONDEAT SUPERIOR

83.     Plaintiff realleges and incorporates by references the allegations in paragraphs 1-81.

84.     At all relevant times, Patricia Scully held herself out as an employee of Defendant GMAC, and identified herself as the person Plaintiff needed to speak with regarding mortgage loan loss mitigation.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

85.     At all relevant times, Scully was acting with actual, implied or apparent authority and within the scope of her employment with Defendant GMAC.

86.     At all relevant times, Defendant GMAC was acting with actual, implied or apparent authority and within the scope of its responsibilities as the agent and services of the mortgage loan owned by Defendant Bankers Trust.

87.     Accordingly, Defendant GMAC and Bankers Trust are liable for Scully's tortious acts as set forth in this Complaint, pursuant to doctrines of agency and respondeat superior.

WHEREFORE, Plaintiff Gerard Wiener, individually and as Personal Representative of the Estate of Roland Wiener, respectfully requests this honorable court enter an award of actual damages against Defendants in excess of $25,000, and award such other relief as this court deems necessary in the interests of justice.

## COUNT V: TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

88.     Plaintiff realleges and incorporates by references the allegations in paragraphs 1-86.

89.     Plaintiff was eligible for a loan modification using the process and calculations set forth in MCL 600.3205c(1)(a) and (b) and/or was in the process of being considered by Defendants GMAC and Bankers Trust for such loan modification or other relief, and/or had not been ruled ineligible by Defendants.

90.     Despite that Plaintiff was eligible for a loan modification, was in the process of being considered for same, or had not been ruled ineligible for such modification, Defendants GMAC and Bankers Trust are foreclosing by advertisement rather than by judicial action, in violation of MCL 600.3101, *et seq.*

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

91.     Defendants GMAC and Bankers Trust have violated MCL 600.3205c(5)(a) by failing to make calculations and/or to provide Plaintiff with a copy of the calculations they made to determine Plaintiff's eligibility for a loan modification.

92.     Defendants GMAC and Bankers Trust have violated MCL 600.3205c(5)(b) by failing to make a determination and/or provide Plaintiff with a copy of the program, process or guidelines under which they made their loan modification determination regarding Plaintiff's application and eligibility for a loan modification.

93.     Based upon the foregoing facts, Plaintiff is entitled to injunctive relief that, among other things, enjoins Defendants from continuing to foreclose on the mortgage by advertisement, that sets aside the sheriff's sale, and that stays the running of the redemption period that expires on July 5, 2010.

94.     In addition to the statutory violations set forth above, Plaintiff has stated valid causes of action against Defendants.  Unless the Court stays the running of the redemption period, Plaintiff will suffer an irreparable injury in that he will be wrongfully dispossessed of his father's home and the property of the estate, and of his rights under MCL 600.3205a-c.

95.     Defendants will not be unfairly prejudiced by the issuance of a temporary restraining order because their right to foreclosure, if any, is still preserved.

96.     Plaintiff is likely to prevail on the merits of the underlying causes of action.

97.     In the absence of injunctive relief, Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Gerard Wiener respectfully requests this Court to enter and order as follows:

A) Staying and holding in abeyance the redemption period on the sheriff's sale of the subject property;

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

B) Rescinding, cancelling, voiding and/or setting aside the sheriff's sale of the subject property;

C) Restraining Defendants GMAC and Bankers Trust, and permanently enjoining Defendants from conveying, selling, or otherwise encumbering the property, and form commencing any eviction or summary proceedings against Plaintiff;

D) Enjoining Defendants GMAC and Bankers Trust, and its agents or attorneys, from foreclosing by advertisement on the subject mortgage; and ordering that Defendants foreclose; if at all, by judicial action under MCL 600.3101 *et seq.*;

E) That Defendants GMAC and Bankers Trust and their agents provide Plaintiff with a copy of the calculations they made to determine Plaintiff's eligibility for a loan modification;

F) The Defendants GMAC and BANKERS and their agents provide Plaintiff with a copy of the program, process, or guidelines under which they make their loan modification calculations;

G) Any other relief this Court deems just and necessary in the interests of justice.

## COUNT VI—CONVERSION/STATUTORY CONVERSION

98. Plaintiffs restate and reallege the allegations contained in Paragraphs 1 – 96 of the Complaint as if the same were fully set forth herein.

99. Statutory conversion is converting property or knowingly buying, receiving, or aiding in the concealment of any converted property.

100. The Property is an asset of the Estate of Roland C. Weiner.

101. Federal Home Loan Mortgage Corporation, GMAC, and/or Bankers Trust knew or should have known that the Property was not to be disposed of.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

102.    With the exception of Jeffrey Baskin and Lauren Newman, Defendants in concert willfully and wrongfully asserted possession and control over the Property as well as aided in the conversion of the Property.

103.    Defendant has an obligation to return the Property, but Defendants has failed to do so.

104.    As a result of Defendants' common law and statutory conversion, Plaintiffs have suffered actual damages, including but not limited to compensatory damages, consequential damages and/or exemplary damages.

105.    As a result of Defendant's statutory conversion, Plaintiff is entitled to treble damages pursuant to MCL 600.2919a.

WHEREFORE, Plaintiff Gerard Wiener respectfully requests this Court to enter an order requesting that the Property be returned, awarding actual damages, including but not limited to compensatory damages, consequential damages, exemplary damages, and treble damages, costs and attorney fees, and any further relief the Court deems equitable and just.

## COUNT VII—DECLARATORY JUDGMENT

106.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 – 104 of the Complaint as if the same were fully set forth herein.

107.    Because Defendants have sold the Property in violation of this Court's June 20, 2010 Order, Plaintiffs require this Court to declare the legal rights and duties of all parties to this case.

108.    This Court has jurisdiction over the parties' disputes because it would have jurisdiction over the same claims in which the Plaintiffs seek relief.

109.    Under MCR 2.605, therefore, declaratory relief is appropriate.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

WHEREFORE, Plaintiffs respectfully request that this Court declare the rights of Plaintiffs and the duties of all Defendants relative to the Property; specifically, Plaintiffs request that this Court return all parties to the status quo as of June 20, 2010, and award Plaintiffs any further relief that the Court deems equitable and just.

## COUNT VIII—ACTION TO DETERMINE INTEREST IN LAND UNDER MCR 3.411

110.    Plaintiffs restate and reallege the allegations contained in paragraph 1-108 of the Complaint as if the same were fully set forth herein.

111.    As set forth in detail above, Defendants, GMAC, Bankers Trust and/or Federal Home Loan Mortgage Corporation sold the Property to Jeffrey Baskin and Lauren Newman in August, 2010. **Ex. A.**

112.    There is no dispute that the sale was in violation of this Court's June 20, 2010 Order.

WHEREFORE, Plaintiffs respectfully request that Court enter an order:

A.    Setting aside the August, 2010 sale;

B.    Discharging any liens, mortgages currently encumbering the Property;

C.    Awarding any further relief the Court deems equitable and just.

## COUNT IX—SLANDER OF TITLE UNDER MICHIGAN COMMON LAW AND MCLA § 565.108 BANKER'S TRUST/GMAC AND FREDDIE MAC

112.    Plaintiffs restate and reallege the allegations contained in paragraph 1-111 of the Complaint as if the same were fully set forth herein.

113.    As set forth in detail above, GMAC/Banker's Trust commenced foreclosure proceedings illegally and in violation of applicable Michigan law.

114.    GMAC/Banker's Trust commenced foreclosure proceedings even though Plaintiffs and GMAC had agreed to modify the underlying mortgage.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

115.    GMAC/Banker's Trust's conduct was therefore malicious.

116.    GMAC/Banker's Trust filed false notices of foreclosure by advertisement that were patently untrue on their face.

117.    GMAC/Banker's Trust also facilitated the sale of the property in derogation of Court order and a lis pendens, causing a false deed to be filed in the chain of title.

118.    As a direct and proximate result of Banker's Trust/GMAC's conduct, Plaintiffs have suffered special damages, including, but not limited to, legal fees and costs.

119.    As noted above in detail, Freddie Mac caused the property to be sold and a deed to be recorded in derogation of a Court order and properly filed lis pendens.

120.    Freddie Mac knew of the existence of the Court Order either directly or through its agent, GMAC/Banker's Trust.

121.    Freddie Mac further knew that it did not have title to the property.

122.    Freddie Mac filed a false deed in the chain of title.

123.    As a direct and proximate result of Freddie Mac's conduct Plaintiffs have suffered special damages, including, but not limited to, legal fees and costs.

WHEREFORE, Plaintiffs respectfully request that Court enter an order:

A.    Setting aside the August, 2010 sale;

B.    Discharging any liens, mortgages currently encumbering the Property;

C.    Awarding Plaintiffs all of the legal fees and costs they have incurred in removing the deed from Freddie Mac to Newman and Baskin from the chain of title;

D.    Awarding any further relief the Court deems equitable and just.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

Respectfully Submitted,

Beals Hubbard, PLC

/s/Gavin J. Fleming
  Gavin J. Fleming (P68366)
  Channelle Kizy-White (P69678)
  Attorneys for Plaintiffs
  Beals Hubbard, PLC
  30665 Northwestern Highway, Ste. 100
  Farmington Hills, MI 48334
Dated: November 8, 2011          248-932-1101

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101