**Exhibit 7**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD WIENER, individually, and as
Personal Representative of the Estate of
Roland C. Wiener

                                        U.S. Dist. Ct. Case No. 11-10770-GCS-PJK

        Plaintiff,

v.                                      Oakland County Case No. 10-111283-CH

BANKERS TRUST COMPANY, a foreign company,
GMAC MORTGAGE, LLC, a Delaware corporation,
and FEDERAL HOME LOAN MORTGAGE CORPORATION,
a foreign corporation, and JEFFREY BASKIN, an individual,
and LAUREN NEWMAN, an individual,

        Defendants,
and

JEFFREY BASKIN, an individual, and LAUREN NEWMAN,
an individual,

        Defendants/Counter-Plaintiffs/Cross-Plaintiffs,
v.

GERARD WIENER, individually, and as Personal Representative
of the Estate of Roland C. Wiener,

        Plaintiff/Counter-Defendant,
and

FEDERAL HOME LOAN MORTGAGE CORPORATION, a foreign corporation,

        Defendant/Cross-Defendant.

_____

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

1

Gavin J. Fleming (P68366)
Channelle Kizy White (P69678)
Attorneys for Plaintiff
Beals Hubbard, PLC
30665 Northwestern Highway, Ste. 100
Farmington Hills, MI 48334
248-932-1101

Frank M. Deluca (P41604)
Attorneys for Bankers Trust and GMAC
McKelvie DeLuca, PC
280 West Maple Road
Suite 300
Birmingham, MI 48009
248-952-5100

Bruce M. Gorosh (P35455)
Attorneys for Jeffrey Baskin
and Lauren Newman
Lefkofsky & Gorosh PC
31500 Northwestern Highway
Suite 105
Farmington Hills, MI 48334
248-855-5508

David J. Brown (CA Bar # 56620)
Attorney for Plaintiff
1135 Ulloa Street
San Francisco, CA 94127
415-716-7786

## PLAINTIFFS, THE ESTATE OF ROLAND C. WIENER AND GERARD WIENER'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

2

# **TABLE OF CONTENTS**

Index of Authorities………………………………………………………………….….4

Introduction…………………………………………………………………………….6

Argument………………………………………………………………………………7

    A.  Standard for Motion for Summary Judgment…………....................................7

    B.  The Big Difference…………………………………………………………..8

    C.  The MDs Do Not Provide Evidence For Many Of The "Facts" Upon Which They Rely………………………………………………………………………….10

    D.  Further Argument……………………………………………………………13

        1. There Are Genuine Issues of Material Facts As to Plaintiffs' MCLA 600.3205 Claims……………………………………………………………………13

        2. Defendants' Failure to Provide Critical Calculations and Information Regarding the Denial of Plaintiff's Attempt to Obtain a Loan Modification Results in Defendants' Failure to "Substantially Comply" with Michigan's Foreclosure Statute……………………………………………………………...….15

        3. The Forebearance Agreement Entered into by Plaintiff and Defendants on November 20, 2009 Created a Contractual Obligation on Defendants' Part Which Defendant Subsequently Breached……………………………… ……16

        4. Plaintiff's Negligence Claim Survives Summary Judgment Because Defendants Violated a Specific Legal Duty that is Separate and Distinct from the Contract Governing the Relationship Between the Parties……………………….…..18

        5. Declaratory Judgment is Appropriate and Should be Granted in Favor of Plaintiff………………………………………………………………...…..20

Conclusion…………………………………………………………………...…….21

**BEALS HUBBARD, P.L.C.**
**ATTORNEYS & COUNSELORS**
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

## **INDEX OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986)

*Brown v. Village Green Management Co.*, 342 F.3d 620, 628, 2003 Fed.App. 0315P (6th Cir. 2003)

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)

*Detroit Trust Co. v. Agozzino*, 280 Mich 402, 406, 273 N.W. 747 (1937)

*Durant v. State*, 456 Mich. 175, 208-09, 566 N.W.2d 272 (1997)

*Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 467,683 N.W.2d 587 (2004)

*Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005)

*Kent v. Bell*, 374 Mich 646, 654, 132 N.W.2d 601 (1965)

*McDonald v. Scheifler*, 323 Mich 117, 126, 34 N.W.2d 573 (1948)

*Menken v. 31st Dist. Court*, 179 Mich. App. 379, 380, 445 N.W.2d 527 (1989)

*Michigan Bank, Nat'l Asso. V. William J. Kahlich, Inc.*, 23 Mich.App 483, 179 N.W.2d 29 (1970)

*Provenz v. Miller, 102 F. 3d 1478, 1483 (9 Cir. 1996)*

*Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683 (1974)

*Seay v. Tennessee Valley Authority*, 339 F. 3d 454, 481-482 (6 Cir. 2002)

*Thurn v. McAra*, 374 Mich. 22, 24; 130 N.W.2d 887 (1964)

*Wulff v. Otis Elevator Co.*, 2011 WL 3903213 at *3 (Mich. Ct. App. September 6, 2011)

**RULES**

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 56(c)

MCR 2.605

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

4

## STATUTES

MCLA 600.3205

MCLA 600.3103

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

5

I.    **INTRODUCTION**

Defendants Bankers Trust Company ("Bankers Trust") and GMAC Mortgage, LLC's ("GMAC") have moved for Summary Judgment under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 56(c).  Numerous issues of contested material fact together with seemingly uncontested facts that cut in plaintiffs' favor require denial of the requested summary judgment.  Furthermore, to the extent the motion asserts a failure to adequately state claims, the defendants are mistaken.  As a result, this court should deny the motion in its entirety.

The moving defendants ("MoDe") make numerous factual assertions and some legal without showing any support for their facts or law.  On the fact side, the MD must present admissible evidence of material facts. FRCP Rule 56(c)(1) & (2).  Few of MD's facts show any support whatsoever.   Some that have purported evidence in support suffer from gross mischaracterization of the claimed evidence.

Generally speaking, the MD cannot correct their evidentiary problems in a reply with new material; but if they do and the court chooses to permit it, the new material in the reply cannot be considered by the court unless a reasonable chance is given to the opposing party to consider, comment on it, and otherwise respond to it.  *Seay v. Tennessee Valley Authority*, 339 F. 3d 454, 481-482 (6 Cir. 2002); *Provenz v. Miller*, 102 F. 3d 1478, 1483 (9 Cir. 1996).

MD's evidentiary problems alone scuttle their motion.  However, even if there were some admissible evidence to support their facts, major triable issues of fact exist.  The major contested issues of material fact requiring trial include, without limitation:

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

6

\*      Whether or not GMAC through its agents changed at the last minute the forbearance it was offering as a forbearance agreement to the plaintiffs and then without adequate warning foreclosed.

\*      Whether or not the plaintiffs effectively accepted the original forbearance program offered by GMAC and its agents by certain actions in a manner not vitiated by the statute of frauds.

\*      Whether or not the plaintiffs attempts to make payment under the originally offered forbearance program was thwarted by GMAC and its agents.

\*      Whether or not GMAC and its agents "end game" of changing the forbearance program at the last minute after the plaintiffs had accepted the originally offered program, was part of a continuing pattern and practice of interfering with borrowers and their successor's rights and remedies regarding avoiding foreclosure on mortgaged property.

Uncontested material facts cutting in favor of the plaintiffs include:

\*      By stipulation of the parties, the Oakland County Circuit Court on June 20, 2010 ordered a toll of the statutory redemption applicable to the subject property period until further court action.

\*      After foreclosing on the family home on January 5, 2010, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") sold the property to third parties in direct violation of the Oakland County Circuit Court's June 30, 2010 Order which tolled the statutory redemption period until further court action.  Exhibit A hereto.

\*      A *Lis Pendens* giving notice of the state court tolling order was recorded on the property on June 22, 2010.  Exhibit B hereto.


## II.    **ARGUMENT**

## A.    **STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

For a defendant to prevail on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must appear beyond a doubt that that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

7

(1957).  The complaint should be construed in the light most favorable to the plaintiff, and its allegations are taken as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683 (1974).

Summary judgment is appropriate when the Court, having viewed the evidence in the *light most favorable to the non-moving party*, finds that "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . ."  Fed. R. Civ. P. 56(c); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  Importantly, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986).

If the moving party makes a *proper* motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine issue.  *Id*.  The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(c).

For the reasons set forth below, Defendants' Motion for Summary Judgment should be denied in its entirety.

**B.    THE BIG DIFFERENCE:**

**THE MDs IMPROPERLY CHARACTERIZE THEMSELVES AS OVERLY TOLERANT LENDERS WHO TRIED THEIR BEST TO ASSIST THE PLAINTIFFS BUT AS TIME PASSED, THEY FELT IT NECESSARY TO FORECLOSE.**

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

8

**THE PLAINTIFFS SHOW THAT THEY WERE CONTINUOUSLY BADLY TREATED BY THE LENDER AND ITS AGENTS BY NOT BEING CLEAR, HONEST, FORTHRIGHT OR FAIR WITH RESPECT TO THEM.**

**THESE CONFLICTING POSITIONS ARISE FROM FACTUAL CONFLICTS ABOUT WHAT HAPPENED AND WHY**

Here is what happened.

1.      From shortly after Gerard Wiener's father's death until the end of the first week in August of 2009, a period of 5+ months, the MDs would not deal with Gerard Wiener in any substantive respect and treated him  poorly regarding his efforts to initiate a dialogue with them.  See Affidavit of Gerard Wiener ("Wiener Affd."), Exhibit __, hereto, at Paragraphs 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20.  Also See Affidavit of Walter Pookrum, Esq (Pookrum Affd."), Exhibit __, hereto, at Paragraphs 3, 4, 6, 7, 8, and 9.[1]

2.      In mid-August, 2009 until the end of the first week of October, 2009, the plaintiffs and their attorney sere at first still being ignored and flimflammed by the MDs but finally were able to get some dialogue initiated after they noted to the MDs that their purported upcoming attempts at foreclosure would violate their rights.  See Affidavit of Gerard Wiener ("Wiener Affd."), Exhibit __, hereto, at Paragraphs 20-44.  Also See Affidavit of Walter Pookrum, Esq (Pookrum Affd."), Exhibit __, hereto, at Paragraphs 9-20.

3.      In mid-October, 2009 to the end of the year, two attempts at a deal occurred. From the plaintiffs perspective a deal was made based on a slightly modified version of an October 8th proposal, but was prevented from being implemented after agreement was

---

[1] The plaintiffs feel it necessary to point the court to a fair amount of evidence the believe the court needs to review in considering their opposition to the motion.  Hopefully our pointers will reduce that  burden to some degree but it is what it is.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

9

adequately reached because the MDs at the last minute prevented Gerard Wiener from making payment under the plan, and then the MDs purported to "withdraw" that deal and undertake to see if another deal with different terms could be reached. After Gerard Wiener and his sister fulfilled the MDs requirements, the MD's representative went silent, disappeared, and the MDs foreclosed on the property with no warning or communication. See Affidavit of Gerard Wiener ("Wiener Affd."), Exhibit __, hereto, at Paragraphs 45-53. Also See Affidavit of Walter Pookrum, Esq (Pookrum Affd."), Exhibit __, hereto, at Paragraphs 18-29.

Even in this third phase of the MDs activity, it still hard-timed the estate's attorney about his authority even though they had been dealing with him for some time. Specifically, the Orlans firm required Mr. Pookrum to submit a letter of authorization before it would talk with him after the foreclosure. See Affidavit of Walter Pookrum, Esq (Pookrum Affd."), Exhibit __, hereto, at Paragraph 29. GMAC also claimed not to know who their purported representative, Ms. Scully was. See Affidavit of Walter Pookrum, Esq (Pookrum Affd."), Exhibit __, hereto, at Paragraphs 30-31.

## C.  THE MDs DO NOT PROVIDE EVIDENCE FOR MANY OF THE "FACTS" UPON WHICH THEY RELY

In a summary judgment motion to successfully assert a fact as being uncontested, the moving parties must prove their claimed "uncontested facts" with appropriate evidence. FRCP Rule 56 (b). Here they do not prove many:

1. *The MDs assert GMAC negotiated with the plaintiffs for five months.*

No meaningful proof of that statement is offered. What really occurred is the litany of bad faith shown by the MDs via GMAC. The situation was far more complex

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

than that portrayed by the MDs.  See citations to the Wiener Affd. And Pookrum Affd. In Paragraph B above.

Indeed, Defendants allege that GMAC *negotiated* with Plaintiff for five months in an attempt to workout a loan modification. Although Plaintiff did engage in communications with GMAC over a five month period, that time can hardly be characterized as a "negotiation." Instead, representatives of GMAC, including Scully in her capacity as a "loss mitigator," consistently failed to respond to Plaintiff's attempt to obtain a loan modification.  While Plaintiff complied with every request for documentation that GMAC or Scully demanded, Plaintiff was not afforded that same courtesy.  Indeed, Plaintiff often had to leave numerous voicemail messages and emails before getting a single response in return.

The situation is made more complex by the claims by the MDs that there was no deal because of the statute of frauds, but the plaintiffs breached it by not making a payment (when the MDs prevented the plaintiffs from doing so, and did not respond to Gerard Wiener's request for further instructions as how to make the payment.  See Wiener Affd. at Paragraphs 45-46.).

2.    *Plaintiff failed to redeem the property within the 6-month statutory period.*

What is wrong with this is that because of the court order tolling the redemption period until further court order, Exhibit __, hereto, the 6-month statutory period is neither material nor relevant.  Nothing required redemption within a 6-month period.  This is particularly galling since the MD's attorney stipulated to the order.

3.    *Plaintiff concedes in the Complaint that the Mortgage Loan was in default.*

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

Plaintiff cites to Paragraph 18 of the Original Complaint as the "proof" of this statement. That is not what Paragraph 18 says. It reads: "On March 27, 2009, Plaintiff called GMAC and informed them that the estate had difficulty making the mortgage payments." What Gerard Wiener says on the the subject of why the mortgage loan was not being paid is: "I have had the financial wherewithal to pay the mortgage in full at any time and withheld payment because of the outrageous manner in which GMAC treated me and the Estate; and also because it had inappropriately loaded up the Loan on my 80+-year old father with additional payments for things he did not really need such as credit protection and other purported services he did not require." Wiener Affd. at Paragraph 10. Furthermore the way the MDs acted resulted in a breach of the loan and mortgage documents that excused payment.

4. ***The MDs say that "[i]n order to ensure adequate time to discuss a loan modification, GMAC adjourned the sheriff's sale multiple times over the following five months far more than the 90 day statutory period referenced in Plaintiff's Complaint.***

The offer no proof that their motivation was "to ensure adequate time to discuss a loan modification." The Plaintiffs in the Pookrum Affd. at Paragraphs 10, 11 and 12, and Exhibit [x4]__, show that the motivation to postpone the foreclosure sale was to solve the problems raised by their improper notices to a dead man, their failure to deal promptly with the Wiener Estate, and at the end, their sneakiness in wanting to foreclose without following-up on their revised offer to forbear. Their behavior started as ignoring the problem, perhaps hoping that it would go away, to in essence a pump-fake that consisted of proposing a new temporary forbearance plan while the foreclosure process silently moved along.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

12

5.     *The MDs claim that it is undisputed that after January 5, 2010, GMAC and Bankers Trust had no interest in or control over the property.*

They offer no proof of this.  Also if GMAC had no interest in or control over the property, why did its attorney agree to the stipulated court order tolling the redemption period, and on February 2, 22, and 24, 2010 did GMAC representative continue to deal with Mr. Pookrum.

6.     *The MDs say  to avoid liability for what later happened that GMAC notified Defendant Freddie Mac of the Order tolling the redemption period.  Un fortunately, due to an administrative error, the property was not property identified in Freddie Mac's records as one to be held until after the statutory six-month redemption period expired.*

They offer no proof at all of these facts.

**D.     FURTHER ARGUMENT**

In their attempt to characterize the improper sale of the property as a simple "administrative error," the MDs present a story that is replete with inaccuracies.  Accordingly, several genuine issues of material fact exist, rendering summary judgment inappropriate at this time.

In addition, the MDs repeatedly assert that Plaintiff failed to sign the forbearance agreement that Scully sent on October 8, 2009.  What Defendants fail to mention is that Scully completely ignored Plaintiff's attorney's request to agree to a change to the payment due date.  Instead, Scully responded on November 16, 2009, *over one month after Plaintiff's attorney's request*, and indicated that the offer was no longer valid.  Thus, a genuine issue of material fact exists with regard to Plaintiff's failure to sign the forbearance agreement.  If one looks at the relevant statute of fraud as recited in the moving papers, it does not require a signature of the borrower, only one of the appropriate lender representative.

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

13

Moreover, Defendants allege that Plaintiff failed to continue making reduced payments pursuant to the forbearance agreement. However, Defendants conveniently ignore the fact that Plaintiff attempted to make payment but was denied access to his account. Importantly, Plaintiff notified Scully immediately of the problem.

1. **THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO PLAINTIFFS' MCLA 600.3205 CLAIMS.**

    a.   **Because Defendants' Failed to Substantially Comply with the Statute, the Foreclosure Sale Should be Set Aside.**

Defendants' violation of the Michigan foreclosure statute is clear. In their Motion for Summary Judgment, Defendants correctly assert that the statute only requires "substantial compliance" by the mortgagee. However, in denying Plaintiff's attempt to work out a loan modification, Defendants' fell woefully short of meeting that standard.

    b.   **Defendants' Violation of this Court's Order to Toll the Statutory Redemption Period Created Good Cause Sufficient to Set Aside the Foreclosure Sale.**

Despite Plaintiff's diligent attempts to meet all of GMAC and Scully's demands, and both parties exasperating failure to respond, GMAC sold the property at a sheriff's sale on January 5, 2010. Accordingly, the redemption period under the sheriff's sale was set to expire on July 5, 2010.

Under Michigan law, "[s]tatutory foreclosures should not be set aside without some very good reasons therefor." *Detroit Trust Co. v. Agozzino*, 280 Mich 402, 406, 273 N.W. 747 (1937) (quoting *Markoff v. Tournier*, 229 Mich. 571 (1925)). "A strong case of fraud, irregularity, and some peculiar exigency, [is required] to warrant a court in setting [a foreclosure sale] aside." *Id.* (quoting *Page v. Kress*, 80 Mich. 85, 89 (1890)).

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

14

Here, such an exigency exists because of Defendants' failure to obey the Court Order. On June 20, 2010, *before the statutory redemption period expired*, the state Court entered an Order to toll the statutory redemption period until further notice of the Court. Importantly, all parties stipulated to that Order. In addition, Plaintiff served a Notice of Lis Pendens on Defendants, which secured Plaintiff's claim to the property so that the subsequent sale would not diminish Plaintiff's right to the property.

However, on October 5, 2010, counsel for GMAC and Bankers Trust sent a letter to the Court indicating that, despite this Court's Order to toll the statutory redemption period, Freddie Mac sold the property to Defendants' Baskin and Newman. Allegedly, GMAC notified Freddie Mac in writing to place a hold on the property, but due to an "administrative error," the property was not properly identified in Freddie Mac's records as one to be held until after the statutory redemption period. Interestingly, the purported "writing" has not been produced to this date.

### 2. DEFENDANTS' FAILURE TO PROVIDE CRITICAL CALCULATIONS AND INFORMATION REGARDING THE DENIAL OF PLAINTIFF'S ATTEMPT TO OBTAIN A LOAN MODIFICATION RESULTS IN DEFENDANTS' FAILURE TO "SUBSTANTIALLY COMPLY" WITH MICHIGAN'S FORECLOSURE STATUTE.

MCL 300-3205a(1) expressly provides that the Defendants were required to serve a written notice on Plaintiff that contained the following information, in part:

> d. …[T]he borrower may request a meeting with the designated agent to attempt to work out a modification of the mortgage loan to avoid a foreclosure;
> e. That if the borrower requests the meeting, foreclosure proceedings will not be commenced until 90 days after the notice is sent;
> g. If the borrower meets the criteria for a modification under 600,3205c(1), but borrower is not offered a modification, the foreclosure must proceed before a judge instead of by advertisement.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

15

Indeed, Orlans sent a notice of the pending foreclosure, but instead of sending it to Plaintiff, Orlans sent the notice to Plaintiff's deceased father, Mr. Wiener. Thereafter, Plaintiff received the notice and accepted Defendants' offer to submit an application to delay foreclosure of the mortgage. However, while the application was pending, GMAC abandoned consideration and continued with foreclosure proceedings. Additionally, GMAC failed to inform Plaintiff of the criteria that it used to deny Plaintiff's request to modify. Accordingly, Defendants were required to proceed by judicial foreclosure, pursuant to MCL 600.3103, rather than proceeding by advertisement.

### 3. THE FORBEARANCE AGREEMENT ENTERED INTO BY PLAINTIFF AND DEFENDANTS ON NOVEMBER 20, 2009, CREATED A CONTRACTUAL OBLIGATION ON DEFENDANTS' PART WHICH DEFENDANT SUBSEQUENTLY BREACHED.

On or about November 20, 2009, Plaintiff entered into a forbearance agreement with GMAC and Bankers Trust. *See* Forbearance Agreement, attached as **Ex D**. The purpose of the forbearance agreement was to reduce the monthly mortgage payment for six months and to give Plaintiff the time to modify the loan and prevent the foreclosure sale.

To state a breach of contract claim under Michigan law, a plaintiff must first establish the elements of a valid contract. *Brown v. Village Green Management Co.*, 342 F.3d 620, 628, 2003 Fed.App. 0315P (6th Cir. 2003). The elements of a valid contract in Michigan are: (1) parties competent to contract; (2) a proper subject matter; (3) a legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Id.* Once a valid contract has been established, a plaintiff seeking to recover on a breach of contract theory must then prove by a preponderance of the evidence the terms of the contract, that the defendant breached the terms of the contract, and the breach caused the plaintiff's injury. *Id.*

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

16

Clearly, all of the elements of a valid contract exist in this case. The bargained for exchange of mutuality between Plaintiff and GMAC provided valuable consideration to satisfy Michigan's requirements for a valid contract. Although Defendants repeatedly point out that Plaintiff did not sign the forbearance agreement, Plaintiff clearly expressed its intention to enter the forbearance agreement in an email to Scully on October 14, 2009. In the email, Plaintiff's attorney merely requested a change of the payment due date from the 10th to the 15th of every month, but in typical fashion, Scully failed to respond. However, that same day, Scully adjourned the sheriff's sale from October 17 to November 17, 2009 to allow for more loss mitigation options. Finally, Plaintiff attempted to pay the agreed upon amount on November 15, 2009 as required under the Forbearance Agreement. Thus, GMAC and Bankers Trust breached the agreement by not reducing the mortgage payment, not providing Plaintiff time to be considered for a loan modification, and by not holding the foreclosure and sheriff's sale in abeyance, as agreed.

The emails the parties exchanged clearly form a valid contract, *which Plaintiff attempted to perform on November 15, 2009*. Thus, GMAC's claims to the contrary are disingenuous at best.

Furthermore, there are genuine issues of material fact as to whether the modification passes muster under the Statute of Frauds. At the outset, it is settled law that the Statute of Frauds cannot be utilized to commit fraud. *Thurn v. McAra*, 374 Mich. 22, 24; 130 N.W.2d 887 (1964)(emphasis added). In *Thurn*, the Michigan Supreme Court made clear that: *"[w]hile such statutes are designed to thwart false claims against another's property, particularly a decedent's, in most jurisdictions they are not permitted to be used as a weapon in the arsenal of those who otherwise would be unjustly enriched by their own wrongdoing." Thurn v. McAra,*

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

17

374 Mich. at 24 (1964)(emphasis added). Put another way, "the *statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice.*" *Kent v. Bell*, 374 Mich 646, 654, 132 N.W.2d 601 (1965) (emphasis added). It has also been long established that "if one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, *equity will regard the contract as removed from the operation of the statute.*" *McDonald v. Scheifler*, 323 Mich 117, 126, 34 N.W.2d 573 (1948) (*quoting Guzorek v Williams*, 300 Mich 633, 638 (1942). This is especially true where, as here, the parties had an agreement.

The Michigan Court of Appeals has also allowed oral modifications of loan documents to proceed to trial. *See, eg, Michigan Bank, Nat'l Asso. V. William J. Kahlich, Inc.*, 23 Mich.App 483, 179 N.W.2d 29 (1970) (In bank's action against guarantor on note, testimony that *bank orally agreed* that it would not honor any check drawn on borrower's account unless it was countersigned by guarantor was admissible without violating parol evidence rule for purpose of determining whether written guaranty was adopted by parties as complete integration of their agreement or whether it included separate consistent oral agreement, thereby warranting trial court's denial of bank's summary judgment motion.)

In summary, Defendants' reliance on the Statute of Frauds is wholly misplaced.

### 4.. PLAINTIFF'S NEGLIGENCE CLAIM SURVIVES SUMMARY JUDGMENT BECAUSE DEFENDANTS VIOLATED A SPECIFIC LEGAL DUTY THAT IS SEPARATE AND DISTINCT FROM THE CONTRACT GOVERNING THE RELATIONSHIP BETWEEN THE PARTIES.

Where there is a contract at issue and the plaintiff brings claims for both breach of contract and tort, a violation of a specific legal duty that is "separate and distinct" from the

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

contract must exist to allow the tort claim. *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 467,683 N.W.2d 587 (2004). A separate and distinct duty can arise by statute or by a number of preexisting tort principles. *Wulff v. Otis Elevator Co.*, 2011 WL 3903213 at *3 (Mich. Ct. App. September 6, 2011).

Here, a contract governing the rights and obligations is the Note and Mortgage. However, the Michigan foreclosure statute created a separate and distinct obligation for Defendants to determine Plaintiff's eligibility for a loan modification using the process and calculations set forth in MCL 600.3205c(1)(a) and (b), and to otherwise follow the law as set forth in MCL 600.3205a-c. There has been a recent settlement on a nationwide basis regarding mortgage servicing behavior which seems to define a standard of care owed by a servicer to a borrower. Discussion of that settlement can be found at URL http://www.nationalforeclosuresettlement.com/. From that web-site the materials in Exhibit ___x5 can be found at http://www.atg.wa.gov/uploadedFiles/Home/About_the_Office/Cases/National_Mortgage_Settlement/Servicing%20Standards%20Highlights.pdf. Note that many of these standards were not followed by the MDs here.

GMAC and Bankers Trust breached their duty in several ways. Specifically, Defendants abandoned the loan modification in which Plaintiff was engaged without any justification. In addition, Defendants failed to adjourn the December 29, 2009 sheriff's sale to a date that would accommodate the forbearance agreement reasonably relied on by Plaintiff. Moreover, Defendants' failed to provide Plaintiff with a copy of the calculations used to determine Plaintiff's eligibility for a loan modification or provide any insight into the process or guidelines under which Defendants made loan modification calculations.

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

19

As a direct result of Defendants' breach, Plaintiff suffered significant injury in the form of emotional injury and economic loss. Prior to the foreclosure sale, Plaintiff had expended substantial resources for the maintenance, improvement, and other expenses relating to the subject property.  Accordingly, Plaintiff suffered economic losses due to the incidental and consequential costs, including legal fees, because of Defendants' outrageous sale of the property. Plaintiff is therefore entitled to damages.

### 5.  DECLARATORY JUDGMENT IS APPROPRIATE AND SHOULD BE GRANTED IN FAVOR OF PLAINTIFF.

Declaratory action is available to a party when necessary to guide his or her conduct in order to preserve his or her future rights.  *Menken v. 31st Dist. Court*, 179 Mich. App. 379, 380, 445 N.W.2d 527 (1989).  In addition, declaratory judgment is designed to give litigants access to courts to preliminarily determine their rights and minimize avoidable losses and unnecessary accrual of damages.  *Durant v. State*, 456 Mich. 175, 208-09, 566 N.W.2d 272 (1997).

Because Defendants sold the property in violation of this Court's Order, Plaintiff is entitled to have this Court declare the legal rights and duties of the parties.  This Court has jurisdiction over the parties' dispute because it would have jurisdiction over the same claims in which Plaintiff seeks relief.  Accordingly, declaratory relief is appropriate under MCR 2.605.

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

20

## III.    CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' Motion for

Summary Judgment.

Respectfully submitted,

BEALS HUBBARD, PLC

By:    s/Gavin J. Fleming_____

Gavin J. Fleming, (P68366)
Channelle Kizy White (P69678)
Attorneys for Plaintiff
Beals Hubbard, PLC
30665 Northwestern Highway, Ste. 100
Farmington Hills, MI 48334
Dated:  March 9, 2012              248-932-1101

DAVID J. BROWN

By:    s/David J. Brown_____

David J. Brown (CA 56628)
Attorney for Plaintiffs
1135 Ulloa Street
San Francisco, CA 94127
Dated:  March 9, 2012              415-716-7786

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

21