**Exhibit 9**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD WIENER, individually,
and as personal representative
of the estate of ROLAND WIENER,

        Plaintiff,

v.

Case No. 11-CV-10770
HON. GEORGE CARAM STEEH

GMAC MORTGAGE, LLC, a Delaware
corporation,

        Defendant,

AND

JEFFREY BASKIN, an individual,
and LAUREN NEWMAN, an individual,

        Counter-Plaintiffs,

v.

FEDERAL HOME LOAN
MORTGAGE CORPORATION,
a foreign corporation,

        Defendant/Cross-Defendant.

_____/

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
GMAC MORTGAGE'S RENEWED MOTION FOR SUMMARY
JUDGMENT (#89) PENDING BANKRUPTCY COURT DETERMINATION

On June 22, 2010, plaintiffs filed a complaint in Oakland County Circuit Court asserting various claims relating to the foreclosure of Roland Weiner's property and seeking to have the foreclosure sale set aside. On February 24, 2011, the case was

-1-

removed to this court. On November 8, 2011, plaintiff filed a third amended complaint. Following motions for dismissal or summary judgment, the court granted judgment in favor of defendants Bankers Trust Company, Freddie Mac, Jeffrey Baskin, Lauren Newman, and Fifth Third Mortgage. At the time of the ruling, the case was stayed as to defendant GMAC Mortgage, LLC (GMAC) as a result of GMAC's bankruptcy filing. Thus, the court was unable to rule on GMAC's motion for summary judgment.

On July 18, 2012, plaintiff filed a motion for relief from the automatic stay as to GMAC in the pending bankruptcy action. The parties agreed to a stipulation modifying the automatic stay. Pursuant to the stipulation, plaintiff could depose two witnesses of GMAC and then the parties could move forward with GMAC's motion for summary judgment in this case. The depositions were taken on November 29 and 30, 2012.

On December 20, 2012, GMAC filed a renewed motion for summary judgment. In response, plaintiff asserts that GMAC's renewed motion for summary judgment should not be granted because GMAC did not fulfill the prerequisites for bringing the motion according to the stipulation entered into between the parties in the bankruptcy proceeding. Plaintiff claims the requirement of two depositions of GMAC's witnesses was not adequately met. Plaintiff claims Robert Montoya, GMAC's Rule 30(b)(6) witness, was "virtually worthless" and not prepared to address the designated topics. Plaintiff argues that GMAC therefore never provided a qualified person most knowledgeable, "an absolute pre-requisite to GMAC being permitted to seek determination of its summary judgment motion in this Court."

GMAC argues that it fulfilled the stipulation requirements. GMAC argues plaintiff's counsel questioned Montoya for three and a half hours and did not reserve further questioning at the end of the deposition. In the stipulation in dispute, the bankruptcy court

"retain[ed] jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order." The issue of whether GMAC complied with the stipulation and order certainly falls within that scope. This court therefore declines determination of GMAC's renewed motion for summary judgment until the bankruptcy court decides the issue of whether GMAC satisfied the necessary prerequisites for renewing its summary judgment motion. This court will defer consideration of the motion for summary judgment until the bankruptcy court makes this determination. Accordingly, defendant GMAC's renewed motion for summary judgment (Doc. 89) hereby is DENIED WITHOUT PREJUDICE and may be renewed upon the bankruptcy court's determination as discussed above.

    IT IS SO ORDERED.

Dated: May 14, 2013

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk