**Hearing Date:  September 14, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: September 13, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF RESCAP BORROWER CLAIMS TRUST'S MOTION**
**_IN LIMINE_ TO EXCLUDE TESTIMONY OF RHONDA GOSSELIN**

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *ResCap Borrower Claims Trust's Motion In Limine to Exclude Testimony of Rhonda Gosselin* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **September 14, 2016 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**").

ny-1246626

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 13, 2016 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Jessica J. Arett); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Liquidating Trust, Jill Horner (Jill.Horner@rescapestate.com) and Paul Grande, ResCap Liquidating Trust Chief Treasury Director (paul.grande@rescapestate.com); (e) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022 (Attention: Daniel J. Flanigan); and (f) counsel to Rhonda Gosselin, Laird J. Heal, Esq., 36 Central Square, Suite 4, Boston, MA 02128-1911.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motion, the Bankruptcy Court may deem

2

ny-1246626

any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated:  September 9, 2016
        New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF RHONDA GOSSELIN**

ny-1246349

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (as defined below), hereby submits this motion *in limine* to exclude Rhonda Gosselin as a witness at trial.

### PRELIMINARY STATEMENT

1. Pursuant to the unambiguous pretrial order agreed to by the parties and entered by the Court on June 29, 2016 [Docket No. 9959] (the "Pretrial Order"), "written direct testimony of each witness that the parties intend to call at trial shall be exchanged **not later than September 1, 2016**." Pretrial Order at 11 (emphasis in original). In addition, "Neither party shall be permitted to call any witness to testify at trial (except rebuttal witnesses, if any) unless such witness's direct testimony has been provided to the opposing party by September 1, 2016." Id. at 12.

2. Ms. Gosselin, after being granted an extension by the Borrower Trust to file her direct testimony on September 2, 2016, failed to submit her direct testimony by that date or request an additional extension. Rather, she provided her direct testimony on September 8, 2016, less than a week before the scheduled evidentiary hearing. The Borrower Trust's efforts to prepare for the upcoming contested evidentiary hearing have been impaired by Ms. Gosselin's delinquencies. Accordingly, pursuant to the clear instructions in the Pretrial Order, Ms. Gosselin should not be permitted to testify at trial. To allow otherwise would greatly prejudice the Borrower Trust and provide Ms. Gosselin with an unfair advantage at the upcoming evidentiary hearing.

ny-1246349

## RELEVANT FACTUAL BACKGROUND

3. Ms. Gosselin filed proof of claim 3862 (the "Claim") against Debtor GMACM, based on various causes of action related to Ms. Gosselin's mortgage loan. The Borrower Trust objected to the Claim, and in two previous orders, this Court sustained in part and overruled in part that objection, finding that there were disputed issues of fact that needed to be resolved at an evidentiary hearing. See Docket Nos. 8516 and 8972. After a period of discovery, the parties jointly submitted the Pretrial Order on June 17, 2016, which created a schedule for how the case was to proceed through trial, to be held on September 15, 2016 at 9:00 a.m.. The Court entered the Pretrial Order on June 29, 2016.

4. As part of the schedule, the Pretrial Order required both parties to exchange written direct testimony by September 1, 2016 for each witness the parties intend to call at trial. See Pretrial Order at 12. The Pretrial Order explicitly states that no witness may be called to testify if such witness' direct testimony is not provided by that date. See id.

5. On September 1, 2016, counsel for Ms. Gosselin reached out to counsel for the Trust to request an extension of the deadline to submit the written direct testimony to September 2, 2016. The Borrower Trust agreed to the extension. However, counsel for Ms. Gosselin neither provided her written direct testimony by the new deadline nor requested a further extension.

6. Ms. Gosselin has also failed to comply with additional deadlines under the Pretrial Order. Her pretrial memorandum of law was to be filed no later than September 1, 2016; however, Ms. Gosselin did not file said document until September 9, 2016, less than a week before trial. Furthermore, the Pretrial Order also required both parties to exchange witness and exhibit lists, as well as pre-marked exhibits, by no later than 5:00

2

ny-1246349

p.m. on September 8, 2016. However, to date, Ms. Gosselin has not provided such documents.

## ARGUMENT

7. Federal Rule of Civil Procedure 16(f)(1)(C) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Under Federal Rule of Civil Procedure 37(b)(2)(A), a court may sanction a party for failing to comply with a court order by, *inter alia*, precluding certain evidence. See Fed. R. Civ. P. 37(b)(2)(A). Such relief has been granted by other courts in this district. See e.g. Max Impact, LLC v. Sherwood Grp., Inc., No. 09-cv-902 (JGK) (HBP), 2014 WL 902649, at *8 (S.D.N.Y. Mar. 7, 2014) (granting a request to preclude party from using evidence that was produced later than required by the court's order).

8. Additionally, the relief requested by the Borrower Trust is explicitly provided for in the Pretrial Order, and therefore is even more appropriate than might normally be the case in such situations. The schedule in the Pretrial Order required the parties to exchange written direct testimony two weeks before trial in order to give each party enough time to prepare their respective cases. By failing to comply with the Pretrial Order and submitting the written direct testimony of Ms. Gosselin a week later than was required, Ms. Gosselin has significantly prejudiced the Borrower Trust by taking a full week from its time to prepare for trial. In contrast, the Borrower Trust timely provided Ms. Gosselin with the written direct testimony of Sara Lathrop, which Ms. Gosselin has been able to unfairly review in the week that followed while also in preparing her own declaration and trial memorandum.

9. The failure to provide the written direct testimony was not Ms. Gosselin's only violation of the Pretrial Order. In fact, Ms. Gosselin has failed to comply with every deadline provided for in that order. She also submitted her pretrial memorandum more than one week late, again greatly prejudicing the Borrower Trust by depriving it of more than a week from its preparation time. Additionally, as of the date of this motion, Ms. Gosselin has yet to provide the Borrower Trust with copies of her exhibits or even her final exhibit list. Without the exhibits, the Borrower Trust cannot effectively prepare to cross examine Ms. Gosselin.

10. Given Ms. Gosselin's blatant disregard for the schedule entered by this Court, the Court should grant this motion and exclude Ms. Gosselin's testimony, as provided for under the Pretrial Order. To do otherwise would reward Ms. Gosselin for her delinquency at a great prejudice to the Borrower Trust.

## **CONCLUSION**

WHEREFORE, the Borrower Trust respectfully requests that this Court enter an Order excluding Ms. Gosselin from being called as a witness at trial.

Dated: September 9, 2016
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

5

ny-1246349

# **Exhibit 1**

**Proposed Order**

ny-1246349

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                )
In re:                                          )   Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )   Chapter 11
                                                )
                           Debtors.             )   Jointly Administered
                                                )
---------------------------------------------------------------

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN
LIMINE TO EXCLUDE TESTIMONY OF RHONDA GOSSELIN**

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* to Exclude Testimony of Rhonda Gosselin, is **GRANTED**.

It is **FURTHER ORDERED** that all testimony from Rhonda Gosselin will be inadmissible at trial.

**IT IS SO ORDERED.**

Dated:_____, 2016
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1246349