| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | Princeton Forrestal Village |
| New York, New York 10019 | 136 Main Street, Suite 250 |
| Telephone:   (212) 468-8000 | Princeton, New Jersey 08540 |
| Facsimile:   (212) 468-7900 | Telephone:   (609) 987-0050 |
| Norman S. Rosenbaum | Facsimile:   (609) 951-0824 |
| Jordan A. Wishnew | Diane A. Bettino |
| | Barbara K. Hager, *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | |
| | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

### THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PREVIOUSLY PRODUCED

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence offered by the Claimant Frank J. Reed III ("Claimant" or "Mr. Reed") that was not produced in discovery in connection with the September 2014 evidentiary hearing, specifically evidence of Mr. Reed's credit reports.

### PRELIMINARY STATEMENT

Mr. Reed contends that the Borrower Trust is somehow wasting the Court's resources by filing a motion to ensure that Mr. Reed will not introduce credit reports not in evidence as a means to establish damages for his claim of inaccurate credit reporting.  First, imminently prior to the Borrower Trust's deadline for filing pre-trial motions, Mr. Reed told the undersigned that

Mr. Hendricks would not testify at trial. Mr. Reed made no mention of the credit reports at that time, and ***still seeks their admission*** in his Opposition to the Motion *In Limine* to Exclude Evidence Not Previously Produced.[1]

The Borrower Trust does not contest Mr. Reed's decision to withdraw Mr. Hendricks' Report and testimony. However, to the extent that Mr. Reed requests that this Court wait until trial to determine the admissibility of credit reports, the Borrower Trust seeks a ruling that any such reports be deemed inadmissible.

The credit reports that have been produced in this litigation are insufficient to prove either any improper reporting by GMACM or any alleged damages that allegedly were caused thereby.[2] More importantly, this Court has already aptly found that Claimant had not produced any credit reports in connection with the September 2014 trial to establish that his credit had been harmed. The Court should therefore not permit him to introduce them now at this limited trial.

## ARGUMENT

The 2006 and 2011 credit reports should be excluded from trial. Claimant failed, without explanation, to present this evidence during the discovery period leading up to the September 2014 evidentiary hearing. Claimant has given no reasonable explanation for this failure. Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information... to supply evidence on a motion, at a hearing, or at a

---

[1]  Notably, Mr. Reed only now, three weeks before trial and after the close of all discovery, has withdrawn the breach of contract claim as well as his claim for expert fees. Considering his eleventh-hour litigation decisions, it is perplexing why Mr. Reed would accuse the Borrower Trust of "needlessly" wasting the parties' resources. The Borrower Trust had already drafted the motion to exclude Mr. Hendricks Report and testimony and in the abundance of caution filed the present motion to exclude the admission of any credit reports (footnoting the request to preclude any testimony from Mr. Hendricks relating to the same).

[2]  Neither of these reports is relevant to the issues here as the page from the 2006 report provides no specific account or trade line information, and the 2011 report was generated three years after the alleged harm.

trial, unless the failure was substantially justified or is harmless"). The rule's purpose is to provide parties with an incentive to disclose, in a timely manner, all material evidence and to prevent the practice of "sandbagging" an adversary with new evidence at trial. Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp., 77 F. Supp. 2d 446, 458-459 (S.D.N.Y. 1999) (citing James Wm. Moore, et. al. *Moore's Federal Practice*, P 37.60[1] (1999)). Any attempt to introduce additional credit reports for the first time after the close of discovery is just the type of "sandbagging" that the rule is designed to prevent, and this evidence should be excluded on this basis alone.

Claimant has given no reasonable explanation as to why this evidence was not previously produced. Not only should the credit reports have been produced in the prior litigation and in response to Rule 26, but they also should have been produced in response to the Borrower Trust's multiple formal and informal requests propounded to Claimant throughout the history of this action, including multiple Requests for Production of Documents and a Trial Subpoena requesting same as well as oral requests by the undersigned.

Rule 37 enables this Court to make "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) (preclusion of evidence relating to damages was warranted where plaintiff failed to respond despite several court orders).

As Mr. Reed has still failed to articulate any substantial justification for his failure to disclose information required by Fed. R. Civ. P. 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), the Borrower Trust would be prejudiced by its

introduction at trial.  <u>Highland Capital Mgmt., L.P. v. Schneider</u>, 551 F. Supp. 2d 173, 182 (S.D.N.Y. 2008).  Because Mr. Reed failed to previously produce the credit reports, despite multiple requests and years of delay, the evidence should be precluded.

## **CONCLUSION**

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding any credit reports not in evidence.

Dated:  September 13, 2016
       New York, New York

*/s/ Barbara K. Hager*
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile:  (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *in Limine* to Exclude Evidence Not Previously Produced is **GRANTED**.

It is **FURTHER ORDERED** that any evidence concerning Claimant's credit reports, including expert testimony regarding the same will be inadmissible at trial.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day September, 2016, I caused a true and correct copy of the foregoing Reply in Support of the Motion in Limine to Exclude Evidence Not Produced to be sent to the following parties via Electronic Mail:

> Frank Reed
> Pro Se Claimant
> 817 Matlack Drive
> Moorestown, NJ  08057
> frankreednj@aol.com

            */s/ Barbara K. Hager*
             Barbara K. Hager