| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | Princeton Forrestal Village |
| New York, New York 10019 | 136 Main Street, Suite 250 |
| Telephone:    (212) 468-8000 | Princeton, New Jersey 08540 |
| Facsimile:    (212) 468-7900 | Telephone:    (609) 987-0050 |
| Norman S. Rosenbaum | Facsimile:    (609) 951-0824 |
| Jordan A. Wishnew | Diane A. Bettino |
| | Barbara K. Hager, *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | |
| | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING CLAIMANT'S ATTEMPTS TO REFINANCE THE MATLACK PROPERTY, INCLUDING TESTIMONY FROM MR. ROBERT CURLEY, AS EVIDENCE OF THE REFINANCE COULD HAVE BEEN PRESENTED IN THE UNDERLYING ACTION**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this Reply in Support of Its Motion *In Limine* to Exclude Evidence Concerning Claimant's Attempts to Refinance the Matlack Property, Including Testimony From Mr. Robert Curley ("Mr. Curley"), offered by the Claimant Frank J. Reed III ("Claimant" or "Mr. Reed") that could have been presented in the underlying litigation.

**PRELIMINARY STATEMENT**

The upcoming hearing is not a re-trial for the purpose of providing Mr. Reed a second bite at the apple to put on evidence that he could have presented in the prior hearing. See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23,

2015) (specifically affirming this Court's ruling excluding the TD Bank Letters). The Court permitted Mr. Curley to testify at the September 2014 trial but he failed to appear. Because his testimony was permitted, Mr. Reed should not be able to offer the same evidence again since this matter is only on re-trial on a limited basis to allow Mr. Reed to present evidence that was previously precluded.

Specifically, in connection with the September 2014 trial, Claimant put on evidence that Commerce Bank as the predecessor to TD Bank, N.A. (together "TD Bank"), approved a loan to refinance the property located at 817 Matlack Drive, Moorestown, New Jersey ("Matlack Property") then subsequently denied him due to the Matlack Foreclosure. Claimant testified to these matters himself and also attempted to admit into evidence two letters from TD Bank concerning the denial ("TD Bank Letters"). This Court held that the letters were inadmissible as they were not authenticated by TD Bank, specifically, Robert Curley. Mr. Reed subpoenaed Mr. Curley to testify but Mr. Curley failed to appear.

At that time Mr. Reed argued that he was trying to either refinance the Matlack Property or sell it. This Court found that Mr. Reed failed to prove either theory and therefore awarded no damages stemming from the failed refinance or sale – a ruling the Appellate Court affirmed. Following remand Mr. Reed is now permitted to put on evidence of damages relating to <u>other</u> properties which was previously excluded. This purported testimony from Mr. Curley is the same as that which he sought to introduce during the September 2014 trial and pertains only to the Matlack Property. Testimony from Mr. Curley was not evidence which was excluded by this Court in connection with the September 2014 trial and should not, therefore, be permitted at this time.

For these reasons, Claimant should be wholly precluded from offering evidence concerning the attempted refinancing of the Matlack Property and any damages that allegedly were caused thereby. Any testimony by Mr. Curley concerning TD Bank's denial should be barred because such testimony was not previously excluded by this Court. If either Mr. Reed or Mr. Curley is permitted to testify at the upcoming trial, any such evidence concerning the refinancing of the Matlack Property would constitute a re-trial of an issue already determined by this Court in favor of the Borrower Trust and is precluded by the Mandate Rule and The Law of The Case Doctrine.

## ARGUMENT

Mr. Reed's broad spectrum arguments that he should be permitted to present evidence that he failed to introduce at the prior hearing are unpersuasive. First, for the reasons thoroughly set forth in the Borrower Trust's opening motion, (1) Mr. Reed's evidence regarding the Matlack Property refinance is outside the narrow purpose of remand: to put on evidence of damages that he was precluded from presenting at the first trial; (2) the Appellate Court affirmed this Court's ruling with respect to the TD Bank Letters in the absence of Mr. Curley's testimony; and (3) the Borrower Trust would be prejudiced by having to re-litigate an issue that is not properly on remand. Moreover, the direct testimony of Mr. Curley (and all of the witnesses) is limited to that which is in the declarations. Mr. Reed's arguments concerning statements made by Mr. Curley at his deposition should not be permitted as direct testimony in any event as it is outside the scope of Mr. Curley's Declaration.[1] While Mr. Reed argues that he wants to use Mr. Curley's testimony for a different purpose now, the fact remains that it is the same testimony about the same issue – the denial of a loan secured by the Matlack Property. Although Mr. Reed is attempting to add facts about a purported cross-collateralization amongst various properties, no

---

[1]  A true and correct copy of the Curley Declaration is attached hereto as **Exhibit A**.

matter the angle, the facts and testimony are about the same loan, regarding the same property, and are outside the scope of the remand order.

The evidence should be excluded on this basis.

### A.  Issue Outside the Scope of the Remand and Any Re-Litigation Is Precluded By The Mandate Rule and The Law of The Case Doctrine

This Court determined that the TD Bank Letters were inadmissible hearsay and Mr. Reed's explanation that he was denied refinancing due to the Matlack Foreclosure was not credible. Those holdings are still good law.[2] The Appellate Court affirmed the exclusion of that evidence and limited remand to evidence of damages excluded from the initial trial. Aydin Corp. (West) v. Widnall, 121 F.3d 726 (Fed. Cir. 1997) ("a trial court on remand may not reexamine, beyond the scope of the remand order, any issues that were addressed, either explicitly or implicitly, by an appellate court."); see also Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers, No. 99-CV-4341 BMC RML, 2010 WL 3619708, at *10, n.9 (E.D.N.Y. Sept. 10, 2010) (finding that because the remand was limited to whether the damages phase of the litigation conferred a common benefit under a specific line of case law, plaintiff's arguments that were beyond the scope of the Second Circuit's remand would not be addressed).

This Court already rejected Claimant's same arguments concerning the Matlack Property during the original proceedings before the Court nearly two years ago. This Court was not asked to re-address them on remand. As such, the Borrower Trust will be unduly prejudiced if Claimant is permitted to introduce evidence concerning refinancing the Matlack Property. Given

---

[2]  Additionally, under these circumstances, the Court's ruling on the matter is law of the case and should not be reconsidered. "The law of the case doctrine counsels against revisiting [] prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006).

- 4 -

that this issue is outside the scope of the Second Circuit's Remand Order, the Court should decline to revisit its prior decision.

### B. Mr. Curley's Testimony Should Be Limited To That Identified In His Declaration

Mr. Reed's arguments that he should be able to re-characterize the purpose and factual testimony of Mr. Curley in order to make the support for his claims for damages as to the other properties (evidence of which was not presented below) is unpersuasive. Mr. Curley's testimony is limited to those topics identified in his Declaration, including the application process for commercial lending at TD Bank, the historical relationship between TD Bank and Mr. Reed, and the alleged loan approval.[3] See Ex. A. Moreover, this is the same testimony that Mr. Reed failed to introduce into evidence during the September 2014 trial, despite an express Order from the Court permitting the same.

Thus, even if Mr. Curley is permitted to testify, the additional deposition topics articulated by Mr. Reed in the Response will not be included in Mr. Curley's direct testimony pursuant to this Court's directive. For example, Mr. Curley's testimony concerning "the issuances of a line-of-credit to Reed, using Matlack cross-collateralized other property, because Reed had cash flow needs… and was in the process of selling" one or more of his properties is not covered under Mr. Curley's declaration and not permissible testimony. See Claimant's Opposition to The Borrower Trust's Motion Exclude Evidence Concerning Claimant's Attempts to Refinance the Matlack Property, Including Testimony From Mr. Robert Curley ("Cl.'s Opp") at ¶ 24.

---

[3] Notably, Mr. Reed himself did present testimony regarding these issues. Specifically, Claimant offered evidence that he had attempted to refinance the Property but had been unable to obtain financing because of the Matlack Foreclosure.

- 5 -

## CONCLUSION

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding the refinancing of the Matlack Property, including the testimony of Mr. Robert Curley.

| | |
|---|---|
| Dated: September 13, 2016<br>New York, New York | */s/ Barbara K. Hager*<br>Diane A. Bettino<br>Barbara K. Hager, *admitted pro hac vice*<br>REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>Telephone: (609) 987-0050<br>Facsimile: (609) 951-0824<br><br>*Co-Counsel for The ResCap Borrower Claims Trust*<br><br>-and-<br><br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**[PROPOSED] ORDER**

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Attempts To Refinance The Matlack Property, Including Testimony From Mr. Robert Curley, is **GRANTED**.

It is **FURTHER ORDERED** that any evidence concerning Claimant's attempts to refinance the Matlack Property, including testimony regarding the same will be inadmissible at trial as Claimant has previously presented, or could have presented, such evidence to this Court.

The Borrower Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

# EXHIBIT A

## AFFIDAVIT OF ROBERT CURLEY

STATE OF NEW JERSEY

COUNTY OF CAMDEN

I, Robert Curley, being duly sworn, state as follows:

1. I am over the age of twenty one (21) years and a resident of the state of New Jersey. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

2. I am employed with TD Bank, N.A. ("TD Bank") as a Market President for TD Bank's South Jersey Region.

3. On August 20, 2012, July 8, 2014 and March 31, 2016, I wrote letters (the "Letters") to Mr. Frank Reed in connection with a certain loan application previously submitted by Mr. Reed to TD Bank's predecessor, Commerce Bank, N.A.

4. The Letters, which were kept in the regular course of business of TD Bank, N.A, are attached hereto and, to the best of my knowledge, are true and accurate copies of the originals and are true and accurate so far as they relate to the subject matter thereof.

FURTHER, AFFIANT SAYETH NOT.

By: _____
Robert Curley
Title: Market President, South Jersey

Sworn to and subscribed before me this
11 day of April, 2016

Confidential

Sworn to and subscribed before me this \_\_\_11th\_\_\_ day of April 2016.
In witness whereof, I have hereunto set my hand and affixed my
official seal in the City of Cherry Hill, County of Camden and State of New Jersey.

_____
Notary Public
My Commission expires: 4/4/21

Comm # 2406980

2

ConfidentialDM1\6649750.1



**Bank**
America's Most Convenient Bank

TD Bank, N.A.
1701 Route 70 East
Cherry Hill, NJ 08034
T: 888-751-9000
www.tdbank.com

August 20, 2012

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057

Re: Declination of Loan Secured by 817 Matlack Drive, Moorestown, NJ

Dear Mr. Reed:

As stated in your letter dated August 20, 2012, you were declined by TD Bank for a loan secured by the above property back in early 2008. The reason you were declined was due to a pending foreclosure of your first mortgage on this property that was uncovered during our underwriting process.

Sincerely,

TD Bank, N.A.

Robert E. Curley, III
Market President,



TD Bank
America's Most Convenient Bank
1701 Route 70 East
Cherry Hill, NJ 08003-5409
1-888-751-9000

July 8, 2014

To Whom It May Concern:

Please be advised that my letter dated August 20, 2012 to Frank Reed regarding the declination of a loan on his property located at 817 Matlack Drive Mooresetown, NJ 08057, was provided pursuant to the Equal Credit Opportunity Act.

Sincerely,

Robert E. Curley, III



**TD Bank**
America's Most Convenient Bank®
1701 Route 70 East
Cherry Hill, NJ 08034-5400
T 888 751 9000

tdbank.com

March 31, 2016

c/o Frank Reed
817 Matlack Drive
Moorestown, NJ  08057

To Whom It May Concern:

I am the South Jersey Market President for TD Bank, (formerly Commerce Bank), and my office is located at 1701 Route 70 East, Cherry Hill, NJ.  I have personally known Frank Reed since 1993, shortly after he started a business banking relationship with my employer Commerce Bank in 1992.  Over the years, our business banking relationship, involved numerous lending transactions, through 2008.

As I had done so in previous transactions with Frank, in 2008 I orally informed Frank that I had contingently approved his oral request for a cash out business loan using his house located at 817 Matlack Drive, Moorestown, NJ  08057 as collateral.  The letters to and from me, which are attached to this letter, accurately represent the facts relating to the disposition of that loan.

Very truly yours,

Robert E. Curley, III
South Jersey Market President
TD Bank, America's Most Convenient Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day September, 2016, I caused a true and correct copy of the foregoing Reply in Support of Borrower Trust's Motion *in Limine* to Exclude Evidence Concerning Claimant's Attempts to Refinance the Matlack Property, Including Testimony from Mr. Robert Curley, as Evidence of the Refinance was Already Presented in the Underlying Action to be sent to the following parties via Electronic Mail:

> Frank Reed
> Pro Se Claimant
> 817 Matlack Drive
> Moorestown, NJ  08057
> frankreednj@aol.com


> */s/ Barbara K. Hager*
>   Barbara K. Hager