**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone:   (609) 987-0050
Facsimile:   (609) 951-0824
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*

*Co-Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES AT TRIAL**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion *in limine* to exclude evidence of certain damages offered by the Claimant Frank J. Reed III ("Claimant" or "Reed") at trial.[1]

**PRELIMINARY STATEMENT**

Following the Appellate Court's decision on December 23, 2015, the only issue remaining for determination is whether Mr. Reed suffered any ***cognizable*** damages caused by the Foreclosure on the Matlack property ("Matlack Foreclosure"). See Reed v. ResCap Borrower Claims Trust, No. 15-cv-02375, Dkt. No. 16 at 19 (S.D.N.Y. December 23, 2015). As such, Mr.

---

[1] Mr. Reed has withdrawn his claim for damages as to the 133 Brookschase Lane, Richmond, Virginia ("Brookschase Lane") property. See Claimant's Opposition to The Borrower Trust's Motion Exclude Evidence of Damages ("Cl.'s Opp.") at ¶ 36.

Reed's proffered damages evidence concerning the two Virginia properties, the three New Jersey properties (hereinafter defined), and the deficiency judgment must be excluded.

Mr. Reed spends the vast majority of his opposition making the point that the unlawful conduct need not be the sole cause of the loss, but need only to "have contributed to the loss." While Mr. Reed is correct that the New Jersey Consumer Fraud Act ("CFA") does not require that the allegedly unlawful conduct serve as the lone cause of Mr. Reed's loss, it still must be ***a cause***. Liebler v. LG Elecs., U.S.A., Inc., No. 14-CV-03500 JLL JAD, 2015 WL 3561590, at *4 (D.N.J. June 4, 2015).

Mr. Reed entirely ignores the Borrower Trust's arguments that the evidence presented by Mr. Reed regarding his damages is too attenuated and too speculative to serve as a cause. Further, Mr. Reed also ignores that in addition to an actual causal connection, damages under the CFA must still be reasonably foreseeable. Similarly, Mr. Reed fails to explain how his losses are quantifiable as required under the CFA.

In fact, Mr. Reed has failed to submit evidence sufficient to show any causal nexus between the unlawful conduct and the alleged damages. Additionally, even if a causal connection were established, Mr. Reed does not present sufficient evidence of his losses. He points to his past experience selling properties, but rather than substantiating his damages using tax returns or rational monetary calculations, he claims that he <u>may</u> have sold Old Dell Trace, which would have netted him a profit (the calculation for which is incomprehensible and unsupported). Alternatively, Mr. Reed argues he <u>may</u> have rented Old Dell Trace, which would have netted a separate amount of monthly income (assuming he could have finished the renovations and found a renter willing to pay). Amidst the myriad of options, Claimant has

produced no supporting documentation of any asserted damages amounts for the alleged economic loss related to 9717 Old Dell Trace, Richmond, Virginia ("Old Dell Trace").[2]

Moreover, the fact that Mr. Reed neither sold nor rented Old Dell Trace cannot be contributed to the Borrower Trust because there is no evidence that the failure to do so was in any way caused by the foreclosure on the Matlack Property ("Matlack foreclosure"). The only clarity about Mr. Reed's argument is that he is trying to blame all of his financial issues, which started long before the Matlack Foreclosure, on a singular event incapable of causing (or being even a cause of) the innumerable of consequences of having a real estate business at the height of the housing crisis.

Mr. Reed's arguments do not establish an adequate causal connection under even the most lenient of circumstances. For these reasons, Mr. Reed should be wholly precluded from offering evidence concerning damages related to Mr. Reed's various properties. Further, any evidence of damages related to the deficiency judgment resulting from the Matlack Foreclosure Action should also be barred. Finally, any claim that Mr. Reed should be awarded damages for personal obligations or the value of cash invested in the various properties as well as lost profits from their ultimate sale, inherently seeks a windfall, which is not contemplated under the statute.

## ARGUMENT

The New Jersey Supreme Court has explained that an "ascertainable loss" within the meaning of the CFA must be "an actual loss" that is "quantifiable or measureable" and not "hypothetical or illusory." Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 792-93 (N.J. 2005). Moreover, any damages stemming from the harm must be *reasonably foreseeable*.

---

[2] The speculative nature of Claimant's methodology is further underscored by the fact that his damages estimate varies depending on what assumptions are made about his behavior following the notation of foreclosure.

In re Mercedes-Benz Tele Aid Contract Litig., 267 F.R.D. 113, 150 (D.N.J. 2010) (stating "every jurisdiction seeks to assure that plaintiffs can recover compensatory damages [under the CFA] for any pecuniary loss suffered as the result of foreseeable reliance on a defendant's misrepresentations"). "There is no calculation of 'damages sustained' unless the ascertainable loss requirement is first satisfied." D'Agostino v. Maldonado, 216 N.J. 168, 193, 78 A.3d 527, 542 (2013); Parker v. Howmedica Osteonics Corp., Civ. No. 07-02400, 2008 U.S. Dist. LEXIS 2570, 2008 WL 141628, at *4 (D.N.J. Jan. 14, 2008) ("When a plaintiff fails to give particulars regarding their ascertainable loss, and when they offer broad and conclusory allegations, the ascertainable loss requirement has not been met").[3]

A party alleging damages must provide sufficient evidence of such damages prior to a trial. See Interfilm, Inc. v. Advanced Exhibition Corp., 249 A.D. 2d 242, 243, 672 N.Y.S. 2d 309 (1st Dept 1998) (denying a claim for lost profits where the evidence produced in support of such claims was "inadequate to show the exact nature and extent of the claimed reliance damages...."). The legal rules cited above and discussed in detail below are designed to prevent the introduction of conclusory and speculative evidence such as that offered by Claimant and the evidence discussed herein should be excluded on this basis.

### I. This Court Should Exclude Any Damages Relating To Old Dell Trace As Mr. Reed's Damages Evidence Is Unsupported And Purely Speculative

Claimant presents little to no reliable evidence that his cash flow was stunted because of the Matlack Foreclosure and, therefore, he was not able to complete the renovations on Old Dell Trace.[4] See Kenford Co. v. County of Erie, 67 N.Y.2d 257, 262 (1986) (finding where a damages claim is based on "speculation and conjecture," it should be excluded as a matter of law). In fact, much of Mr. Reed's damages evidence is his own self-serving testimony. Mid-

---

[3] New York law is substantially similar regarding the exclusion of speculative or conclusory damages evidence.
[4] *See also* Motion *in Limine* to Exclude Testimony of Mr. Robert Curley.

- 4 -

<u>State Precast System, Inc. v. Corbetta Const. Co., Inc.</u>, 202 A.D. 2d 702, 608 N.Y.S. 2d 546, 548 (3rd Dept 1994) (denying a claim for delay damages where the proof presented thereof consisted of "estimates" that were "subjective as well as speculative").

Mr. Reed argues that New Jersey law will not preclude recovery of damages simply because a plaintiff may not be able to fix his damages with precision. Cl.'s Opp. at ¶ 27. However, the case law cited by plaintiff contemplates proof as to lost profits consisting of testimony and other evidence about the "normal profit margin" of a business as applied to the facts and monetary figures of the case. <u>V.A.L. Floors, Inc. v. Westminster Communities, Inc.</u>, 810 A.2d 625, 631 (N.J. Super. App. Div. 2002). Moreover, the <u>V.A.L. Floors, Inc.</u> Court requires "a certain ***standard or fixed method by which profits sought to be recovered may be estimated and determined with a fair degree of accuracy***." <u>Id.</u> (citations omitted).

In other words, Mr. Reed must still prove damages through ***sufficient methodology and "competent evidence"***. <u>See Pasargad Carpets, Inc. v. A& R Real Estate, Inc.</u>, 701 N.Y.S. 2d 409, 410 (1st Dept 2000) (emphasis added); <u>Bell Atl. Network Servs., Inc. v. P.M. Video Corp.</u>, 730 A.2d 406, 418-19 (N.J. Super. App. Div. 1999) (rejecting the claim on the ground that the evidence of lost profits could not be established with reasonable certainty). He has failed to do so. Instead, Mr. Reed asks this Court to assume that the renovations would have been completed and Mr. Reed would have found a purchaser (who was also willing to pay the appraised value).

In addition to asking the Court to make such an attenuated leap as to the sale of the Property, Mr. Reed also asks this Court to conclude (without any supporting evidence) a number of factors necessary to conclude an ultimate damages amount, including: (1) the final cost of the renovations, (2) what work was needed to finish the renovations, such that Old Dell Trace could be listed for sale, (3) how much the remaining renovations would cost, (4) whether there were

- 5 -

any interested purchasers, and/or (5) whether Old Dell Trace was subject to any liens. Batchelor v. Procter & Gamble Co., No. CIV.A. 14-2424 JLL, 2014 WL 6065823, at *5 (D.N.J. Nov. 13, 2014) (finding plaintiff failed to plead ascertainable loss as a result of defendant's defective hair product as plaintiff did not allege the date when the customers stopped going to her hair salon, how much money they spent there, whether plaintiff herself suffered economic loss or if it was suffered by her business, or facts that demonstrate either an out-of-pocket loss or a demonstration of loss in value); see also J.L. Davis & Associates v. Heidler, 622 A.2d 923, 930 (N.J. Super. App. Div. 1993) (finding insufficient the contractor's "bare assertion that he suffered $3000 in lost profits" as "there was no evidence presented as to the costs that were or would have been incurred to complete the project or upon which to calculate such profits").

As the case law demonstrates, conjecture about what a party may have done absent the alleged harm is far too speculative to support a damages award.[5] Compare Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 422, 646 N.Y.S.2d 76, 80 (1996) (plaintiffs in fraud actions cannot recover on a theory that, absent the fraud, they might have engaged in some other more profitable transaction because the loss of such bargains is "undeterminable and speculative"). As a result, the Court should preclude Claimant from presenting any "evidence" of damages related to lost profits concerning Old Dell Trace.

**II.     Claimant Cannot Collect Duplicative Damages For the Same Economic Loss**

The Consumer Fraud Act does not sanction duplicative damages for same economic loss. 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 547 A.2d 1134, 1143 (N.J. Super. App. Div. 1988). Here, Mr. Reed seeks double recovery in a number of instances.

---

[5]   Similarly, Mr. Reed has failed to address the Borrower Trust's argument that under Cromartie v. Carteret Sav. & Loan, 277 N.J. Super. 88, 95, 649 A.2d 76, 79 (App. Div. 1994) Mr. Reed has not set forth sufficient evidence of lost rent as he failed to set forth any evidence of operating expenses or cost to maintain the properties. Therefore, Claimant cannot show lost profits in the form of rental income.

First, Mr. Reed cannot recover the full-appraised value of the Old Dell Trace as well as the amounts he paid general contractors to perform renovation work. See, e.g., Romano v. Galaxy Toyota, 945 A.2d 49, 58 (N.J. Super. App. Div. 2008) (finding that the measure of plaintiff car purchaser's ascertainable loss for CFA purposes could not be the purchase price she paid for the automobile, but the difference between the vehicle she received and the vehicle as represented at purchase). Inherently, whatever monies Mr. Reed invested in Old Dell Trace, would be assumed into the final sale value of the home. As a corollary, assuming Mr. Reed got the financing he needed to finish the renovations to Old Dell Trace, Mr. Reed would have needed to pay any contractor or other individual he hired to perform work. Mr. Reed's independent contractual obligations cannot be the source of a damages figure, especially one that is subsumed by the ultimate sale price of the home.

Further, Mr. Reed cannot doubly recover lost rent as well as lost profit from the rent. Specifically, Mr. Reed claims that, as a result of the Matlack Foreclosure Action, his tenants decided to move out of the New Jersey Properties. Mr. Reed contends that he would have been able to use the rental income to pay the mortgage on the properties, and avoid foreclosure. Despite stating that the money would be used to pay off his loans, Mr. Reed contends he lost profits as a result of the tenant evacuation. V.A.L. Floors, Inc., 810 A.2d at 629 ("Lost profits' signif[y] the difference between gross income and the costs or expenses which had to be expended to produce the income").

Finally, in seeking damages based on the deficiency judgment against him, Mr. Reed is essentially seeking to have the Borrower Trust pay off a loan that he has already enjoyed the benefit of. There is simply no logical argument that the Borrower Trust should have to pay off Mr. Reed's previously secured loan that remains his personal obligation. Policastro v. Jackson

Auto Body/Complete Collision Centers, 2010 WL 4961738 (N.J. Super. Ct. App. Div. 2010) (per curiam) (plaintiff did not sustain an ascertainable loss because "her claimed loss consisted of costs that she was otherwise obligated to pay;" thus, no damages award warranted even though defendant violated the Consumer Fraud Act) *certification denied*, 205 N.J. 273, 15 A.3d 21 (2011).

## **CONCLUSION**

For the foregoing reasons, the Borrower Trust respectfully requests that this Court enter an Order excluding at trial all evidence, testimony, and argument regarding Claimant's speculative damages.

Dated: September 13, 2016
New York, New York

*/s/ Barbara K. Hager*
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## [PROPOSED] ORDER

It is **HEREBY ORDERED** that the ResCap Borrower Claims Trust's Motion *In Limine* To Exclude Evidence Concerning Claimant's Damages, is **GRANTED**.

It is **FURTHER ORDERED** that any evidence of damages deemed speculative, including testimony regarding the same will be inadmissible at trial.

The Trust's counsel shall serve a copy of this Order on Frank Reed.

**IT IS SO ORDERED.**

Dated: _____
New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day September, 2016, I caused a true and correct copy of the foregoing ResCap Borrower Claims Trust's Reply in Support of 'its Motion in Limine to Exclude Evidence of Damages at Trial to be sent to the following parties via Electronic Mail:

> Frank Reed
> Pro Se Claimant
> 817 Matlack Drive
> Moorestown, New Jersey 08057
> frankreednj@aol.com

> */s/ Barbara K. Hager*
> Barbara K. Hager