# United States Bankruptcy Court

Southern District of New York
Manhatten Division

|  |  |
|---|---|
| | ) |
| In Re RESIDENTIAL CAPITAL, LLC, et al, ) | Chapter 11 |
| Debtors ) | |
| ) | Debtor Case No. 12-12020-MG |
| ) | (consolidated) |

**RHONDA GOSSELIN'S OPPOSITION TO MOTION IN LIMINE[#10093]**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Claimant Rhonda Gosselin files her Opposition to the Motion[Document Number 10093]

in Limine, giving good reason to <u>deny</u> the Motion[#10093]:

## I.   RESPONSES AND OPPOSITION

1.      Admitted that the pretrial order[#9959] specified that the memoranda and

direct testimony were to be exchanged by September 1.

2.      Also admitted that an extension was agreed to by moving counsel and it

was until September 8 before it was provided.  Denied that there has any prejudice for the

delay.

3.      Admitted that a joint pretrial order was submitted on June 17, 2016, and

the matter was scheduled for September 15, 2016, at 9:00 a.m..

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Movant cites Max Impact, LLC v. Sherwood Group, No. 09-cv-902 (S.D.

New York, March 7, 2014) for authority.  The opinion refers to *Patterson v. Balsamico*,

440 F.3d 104, 117 (2d Cir. 2006) which "identified four factors to be considered in

determining whether preclusion is an appropriate sanction:  (1) the party's explanation for

the failure to comply with the [disclosure obligation]; (2) the importance of the testimony

of the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of

having to prepare to meet the new testimony; and (4) the possibility of a continuance."  In

this case, the delay, while it was partly due because Ms. Gosselin was not able to continue on Sept 1, was also due to the continued effects the undersigned suffers after a stroke, which led him to withdraw and only agreed to reappear when Ms. Gosselin was unable to find any attorney to prosecute her claim. The importance of the testimony was clearly paramount; although Ms. Gosselin's testimony from her deposition and the exhibits are a substitution, movant simply wishes to hit a home run. There is no real prejudice despite its claim. There is no suggestion that Ms. Gosselin is seeking to introducing anything that is not already on the record, and the deposition has been in its hands for months if not years. Finally, there is no suggestion that a continuance would not be adequate to cure any such delay in preparation.

8.      Movant simply recites a litany without giving any real reasons that it is prejudiced in its preparation.

9.      Denied that movant has been prejudiced. Almost every exhibit was to be introduced by the reorganized debtors.

10.     The Court should give a reasonable consideration under the Americans with Disabilities Act, as amended. There is no real prejudice aside from the offence to the schedule, and as the recent status report[#10096] makes it clear, the ResCap Borrower Claims Trust has only 25 unresolved claims, and its schedule would clearly allow for a continuance if the Court orders.

## II.  CONCLUSION

WHEREFORE, Rhonda Gosselin, creditor, asks that the Motion be denied, and for such other and further relief as the Court should find merited in the interests of

justice.

Dated:  September 13, 2016

Respectfully Submitted for
Rhonda Gosselin

/s/ Laird J. Heal
Laird J. Heal
38 Central Square, Suite 4
Boston, MA 02128
617-851-0232
617-561-1455 (facsimile)
LairdHeal@LH-Law-Office.com
*Counsel to Rhonda Gosselin*

/s/ Laird J. Heal

Dated:  September 13, 2016

CERTIFICATE OF SERVICE

I hereby certify that immediately upon receipt of the Notice of Electronic Filing, I will
immediately cause service of the within included Memorandum by first class mail,
together with this Certificate of Service, upon any party not shown here as receiving
electronic service, namely:

**By Electronic Service**

Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601

**By First-Class Mail**

/s/ Laird J. Heal
Laird J. Heal