Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone:  (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No.  12-12020  (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OPPOSITION OF CLAIMANT FRANK J. REED III TO RESCAP BORROWER CLAIMS TRUST'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE "CONCERNING CLAIMANT'S ATTEMPTS TO REFINANCE THE MATLACK PROPERTY, INCLUDING TESTIMONY FROM MR. ROBERT CURLEY"**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Claimant Frank Reed ("Reed") hereby submits this opposition to the motion *in limine* filed by The ResCap Borrower Claims Trust ("ResCap"), by which ResCap seeks to "exclude evidence concerning claimant's attempts to refinance the Matlack property, including testimony from Mr. Robert Curley, as evidence of the refinance was already presented in the underlying action". See ResCap's Motion [ECF Doc. # 10042]. In support of his opposition, Reed respectfully states as follows:

**PRELIMINARY STATEMENT**

1. ResCap has filed the instant motion *in limine* seeking to: (1) exclude the lay fact testimony of Robert Curley; and (2) to exclude evidence concerning Reed's attempts to refinance the Matlack property. [ECF Doc. # 10042].

2. It is ResCap's position that, since the Court heard evidence from Reed in the 2014 evidentiary hearing regarding his efforts to refinance the Matlack property, no further testimony should be allowed regarding the refinance effort. It is ResCap's further position that, since two letters from TD Bank were not admitted into evidence during in the 2014 evidentiary hearing (because Reed could not authenticate them), TD Bank witness Robert Curley should be excluded from providing any testimony in the upcoming trial. See ResCap Motion, pg.1 [ECF Doc. # 10042].

3. It is curious indeed how ResCap logically expects the September 26, 2016 trial to go forward without anyone ever mentioning either: (1) the financial transactions related to the Matlack property after the improper foreclosure action that was filed; and (2) the downstream consequences of that foreclosure, including the breakdown of Reed's long-standing business relationship with TD Bank and Robert Curley.

4. The breakdown of that relationship had, of course, other consequences aside from direct loss to the Matlack property – which was the only damage issue allowed during the 2014 trial. These 'other consequences' were excluded from the 2014 trial.

5. ResCap's motion completely fails to address the extensive testimony that Mr. Curley gave regarding these now-relevant (as a result of remand) 'other consequences' issues during his deposition. As discussed in more detail below, Mr. Curley testified during his May 31, 2016 deposition that the bank was negotiating the issuance of a line-of-credit to Reed, PARTIALLY using Matlack as collateral, (his intent was to cross collateralize the line of credit with other properties), because Reed's cash flow for his property buying/renovating/selling business was temporarily less liquid and he was in the process of selling one or two of his investment/rental properties. Mr. Curley testified that the bank decided not to extend the line of credit because it learned of the GMACM foreclosure. The interruption of this banking relationship had a domino effect on Reed's property business and interests, which, of course, is properly the subject of the upcoming trial per the District Court's remand.

6. ResCap's suggestion that the exclusion of two TD Bank letters during the 2014 evidentiary hearing somehow bars Mr. Curley from now providing evidence and testimony is ludicrous to the point that it dangerously and carelessly stretches the already-inflated bounds of zealous advocacy.

7. Equally absurd is ResCap's request that no testimony be allowed regarding any refinance efforts regarding the Matlack property as Mr. Curley's testimony has revealed that the line of credit was to involve MORE than the Matlack property. While Reed has no interest in or intention of re-litigating the same issues which were conclusively determined by the Court in the 2014 trial, i.e. the amount of damages to the Matlack property, that does not logically or reasonably foreclose any reference to or testimony regarding refinance efforts or other financial transactions concerning the Matlack property if same can or will establish Reed's other damages claims.

8. For obvious reasons, ResCap can cite to no legal authority which supports such an illogical restriction. Rather, ResCap offers cursory and frantic 'red herring' justifications such

as, that Reed's supposed introduction of such evidence would upset or violate the "law of the case" rule, and that ResCap would suffer prejudice because it would be forced to:

> re-litigate an issue already decided in its favor and not subject to the Appellate Court's remand order, would dramatically increase the length of the trial, and would cause the trial to devolve into a lengthy sideshow that would detract from the focus and efficiency of the proceedings.

[See ResCap Motion, pg.5 (ECF Doc. # 10042)].

9. None of these dramatic concerns are realistic or genuine. By calling Mr. Curley as a witness and/or by presenting evidence of financial transactions incidentally involving the Matlack property, Reed will not be attempting to re-litigate the narrow issue that was before the Court in the 2014 trial (ie, damage to Reed relating specifically to the Matlack property) – Reed will simply be attempting to establish his other damages relating to his other business ventures and properties, as he wanted to do in the first instance, and as now specifically directed by the District Court.

10. It is interesting to note that ResCap's Motion wholly fails to address the fact that Mr. Curley testified under oath during his deposition that Reed's rental property financing was pulled and his properties taken due to the fraudulent 2008 foreclosure.

11. Accordingly, it is respectfully submitted that ResCap's motion seeking exclusion of the testimony of Robert Curley and/or of evidence which concerns Reed's attempts to refinance the Matlack property must be denied.

## BACKGROUND

12. The crux of Reed's claims and contentions is straightforward – when Reed missed two mortgage payments with respect to a residential property located at 817 Matlack Drive in Moorestown, New Jersey, debtor GMAC Mortgage, LLC ("GMACM") filed a foreclosure action against Reed without any prior notice, in direct contravention of the terms of the mortgage contract and New Jersey statutory obligations.

13. The only immediate right of action that GMACM had upon the mortgage default was the right to send a notice of an intention to foreclose, with an opportunity to cure. The mortgage contract specifically enjoined the parties from taking "any judicial action" without first giving notice. However, GMACM instead filed a foreclosure action without having providing the statutorily and contractually-required notice.

14. It was also discovered, during the course of this bankruptcy proceeding, that GMACM did not even have standing to file the foreclosure action in that it had not been assigned the mortgage and note when it filed the foreclosure action, yet GMACM stated that it did. [ECF Doc # 7619, pg.12[1]].

15. An evidentiary hearing regarding Reed's permitted claims was held by the Court on September 15 and 16, 2014. [ECF Doc # 7560, 7561].

16. The Court issued a Memorandum Opinion and Order on October 6, 2014, dismissing numerous of Reed's claims, but also holding in part that GMACM's conduct in filing the foreclosure action was wrongful, and awarding as damages the attorney fees Reed incurred in the underlying state court action. [ECF Doc # 7619].

17. This Court specifically held that GMACM breached its contract with Reed by failing to send a Notice of Intent prior to bringing the Foreclosure Action, and that GMACM had violated the New Jersey Consumer Fraud Act when it misrepresented in the Foreclosure Action that it owned the Note, and that as a result it had standing to foreclose.

18. Reed filed a Notice of Appeal on October 20, 2014, asserting numerous grounds for appeal, including the position that the Court erred when, prior to the evidentiary hearing, it

---

[1] The Court stated in its October 6, 2014 opinion that: "the record before this Court establishes that GMACM did not have standing to bring the Foreclosure Action when it was filed for three reasons: First, GMACM did not obtain an assignment of the Mortgage until after the Foreclosure Action was filed; second, the assignment to GMACM that was executed on behalf of MERS by GMACM's employee, Jeffrey Stephan, falsely stated that MERS transferred the Note to GMACM, an impossibility since MERS did not own or have authority to transfer the Note; and third, GMACM did not hold the Note or demonstrate that it was given authority to bring the Foreclosure Action on behalf of the noteholder. These grounds would have been fatal to GMACM's effort to foreclose on the Property when it commenced the Foreclosure Action, apart from GMACM's failure to provide the Reeds with the NOI under New Jersey's FFA."

*sua sponte* dismissed a large portion of Reed's damage claims and ordered that Reed could only seek damages regarding, and present evidence with respect to, the foreclosure property at 817 Matlack. [ECF Doc # 7674].

19. On appeal, the District Court held that the Court erred when it summarily excluded the indirect damage claims, and remanded the matter "for further proceedings to determine whether the Reeds suffered any cognizable damages caused by the Foreclosure Action, but not directly related to the Property". [15-cv-02375-GHW, Document 16, pg.18-19][2]

20. The only issue remaining to be tried during the scheduled evidentiary hearing is the extent of Reed's damages – under breach of contract and the CFA – related to properties and ventures in addition to the improperly-foreclosed-upon Matlack property.

**Deposition of Robert Curley**

21. Mr. Curley was deposed by ResCap on May 31, 2015. See Curley deposition transcript.

22. During the deposition, Mr. Curley testified that he oversees all commercial and small business lending throughout southern New Jersey, and has done so since March 2008. Curley Dep. at 15:12-19. He became a commercial and small business lender in 1993. Curley Dep. at 17:15-19.

23. Mr. Curley noted that the Reeds "paid us back millions of dollars [on various loans] over a fifteen-year period". Curley Dep. at 87:18-23.

24. Mr. Curley testified that the bank was negotiating the issuance of a line-of-credit to Reed, using Matlack **cross collateralized** other property, because Reed had cash flow needs for his property buying/renovating/selling business, and he was in the process of selling one or

---

[2] The District Court stated in its December 23, 2015 decision that: "New Jersey law requires that the Reeds' damages be "ascertainable" or "foreseeable." But the law does not support the exclusion of indirect damages, such as lost profits, so long as they meet those requirements. The court's conclusory culling of a category of damages prior to the evidentiary hearing created the possibility that an ascertainable or foreseeable loss directly caused by the Foreclosure Action was overlooked".

two of his investment/rental properties. Curley Dep. at 82:5-20, 86:11-21. Indeed, Reed was contingently approved. Curley Dep. at 107:13-21.

25. Additionally and supporting Reed's claims that he lost his rentals due to the fraudulent 2008 foreclosure, Mr. Curly states unequivocally that the "$665,000 loan", (which was the rental property financing was sent to asset recovery SOLEY because of the forecolosure. Curley Dep. at 89:2-15 and 104:11-15.

26. Mr. Curley also testified that the bank decided not to extend the line of credit because it learned of the Matlack lis pendens and GMACM foreclosure, thus effectively ending the business relationship.

## ARGUMENT

27. It is anticipated that Mr. Curley's testimony at trial in this matter will be of a similar nature and subject-matter as that noted above. That is, his testimony will concern Reed's long-time business relationship with the bank and Mr. Curley, Reed's efforts to obtain funding and a line of credit to continue his real estate ventures, AND the loss of financing for Reed's EXISITNG rental properties, and the breakdown of the relationship Reed had with TD Bank after GMACM filed the subject foreclosure action in violation of the New Jersey Consumer Fraud Act and in breach of the mortgage contract and note.

28. Surely, it is absurd to suggest that the refusal to admit two letters, on foundation grounds, in a prior, more-limited evidentiary hearing, somehow precludes a witness from testifying in a subsequent evidentiary hearing, where the holdings in the original hearing will not be disturbed or affected (other than in the manner directed on remand).

29. Similarly, exclusion of any evidence which relates to or concerns the Matlack property is illogical and vastly overreaching ESPEECIALLY since Matlack was only one of the properties that would have secured the further credit. The foreclosure on the Matlack property lies at the center of the universe of Reed's claims. Much like a stone that is dropped into a pond,

creating outwardly-spreading ripples, the unlawful foreclosure on the Matlack property caused downstream loss to Reed. ResCap is suggesting that only the ripples may be discussed, while no mention can be made of the stone.

30. Pursuant to the New Jersey Consumer Fraud Act and New Jersey law, under which Reed seeks damages and under which ResCap has already be found liable, a claimant need only show a causal connection between the defendant's unlawful conduct and plaintiff's ascertainable loss. See *Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 564 (D.N.J. 2010). Also, the unlawful conduct need not be shown to be the sole cause of plaintiff's loss, but may be shown merely to have contributed to the loss. See *Arcand v. Brother Int'l Corp.*, 673 F.Supp. 2d 282 ( D.N.J. 2009). As stated by the New Jersey Supreme Court in *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 872 A.2d 783 (2005):

> The certainty implicit in the concept of an "ascertainable" loss is that it is quantifiable or measurable. Moreover, it need not yet have been experienced as an out-of-pocket loss to the plaintiff. *See, e.g., Cox, supra,* 138 *N.J.* at 22–23, 647 *A*.2d 454 (noting that to demonstrate "loss" victim need not have actually spent money to perform repairs to correct defendant's errors in performing kitchen renovation). An "estimate of damages, calculated within a reasonable degree of certainty" will suffice to demonstrate an ascertainable loss. *Id.* at 22, 647 *A*.2d 454.
>
> [*Id.*, 183 N.J. at 248-49, 872 A.2d at 793].

31. Furthermore, New Jersey "permit[s] considerable speculation by the trier of fact as to damages" and the "fact that a plaintiff may not be able to fix its damages with precision will not preclude recovery of damages". *V.A.L. Floors, Inc. v. Westminster Communities, Inc.*, 355 N.J. Super. 416, 424-25, 810 A.2d 625, 630 (App. Div. 2002). See *Inter Med. Supplies, Ltd. v. EBI Med. Sys., Inc.*, 181 F.3d 446, 463 (3d Cir. 1999)("Although New Jersey law requires a "reasonably accurate and fair basis for the computation of alleged lost profits," the fact that a plaintiff may not be able to fix its damages with precision will not preclude recovery of damages")(internal citation omitted).

32. This Court is, of course, perfectly capable of discerning relevant evidence, weighing its probative value versus its prejudicial effect, and rejecting improper inferences or intrusions upon its role. See *Henry v. Champlain Enters. Inc.*, 288 F. Supp. 2d 202, 221 (N.D.N.Y. 2003)(a trial court should be able to separate the "wheat from the chaff"); see also *Rondout*, 321 F. Supp. 2d at 474 ("In non jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence")(quoting 11 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2885 (2d ed. 1995)).

**CONCLUSION**

Based upon the foregoing, claimant Frank Reed III respectfully request that this Court deny the ResCap Borrower Claims Trust's Motion *In Limine* to exclude the testimony of Robert Curley or Reed's refinance efforts.

Dated: Moorestown, New Jersey
September 7, 2016

Respectfully Submitted,

By: ________________________
Frank Reed, *pro se*