**Hearing Date and Time:  TBD**
**Response Date:  September 8, 2016**

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone:  (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No.  12-12020  (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OPPOSITION OF CLAIMANT FRANK J. REED III TO RESCAP
BORROWER CLAIMS TRUST'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF "ATTORNEYS' FEES ALLEGEDLY
INCURRED IN DEFENSE OF THE FORECLOSURE ACTION"
(referring specifically to attorney Jeffrey S. Walters)**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Claimant Frank Reed ("Reed") hereby submits this opposition to the motion *in limine* filed by The ResCap Borrower Claims Trust ("ResCap"), by which ResCap seeks to exclude evidence concerning "attorneys' fees allegedly incurred in defense of the foreclosure action", referring to the attorney's fees which Reed incurred with attorney Jeffrey S. Walters, Esq.  See ResCap's Motion, pg.2 [ECF Doc. # 10038].  In support of his opposition, Reed respectfully states as follows:

**ARGUMENT**

1.      ResCap has filed the instant motion *in limine* seeking to exclude any evidence in the upcoming trial with respect to the legal fees which Reed incurred in the defense of the foreclosure action which GMACM had filed against Reed with respect to services provided by attorney Jeffrey S. Walters.  [ECF Doc. # 10038].

2.      However, the entire premise of ResCap's motion is faulty, requiring denial of the motion.  <u>Reed is not seeking to recover any attorney's fees in the remanded evidentiary hearing regarding Attorney Walter's defense of Reed in the underlying foreclosure action (which is what ResCap is seeking to exclude)</u>.  Rather, Reed is seeking to recover the attorney fees that he incurred with respect to Mr. Walters' representation of Reed in actions <u>other than</u> the foreclosure action.

3.      After the prior 2014 evidentiary hearing, the Court determined that Reed was not entitled to any foreclosure defense fees with respect to Mr. Walter's because Reed could not establish that Mr. Walter's provided legal services with respect to the foreclosure action.  And since the 2014 evidentiary hearing was limited to only damages and fees that Reed sustained with respect to the actual foreclosure action and the Matlack property itself, Reed could not recover.  See Court' October 6, 2014 Order Deciding Objections, pg.13-14 (stating that "Reed was unable to attribute any of Walters' fees to the foreclosure action", but awarding fees that

Reed did incur with other attorneys that were involved in the foreclosure action itself). [ECF Doc. # 7619]. See also September 15, 2014 Hearing Transcript, 183:21-25 [ECF Doc. # 7560].

4. So in other words, in the context of this remanded hearing, Reed's statement of the damages that he is seeking, as incorporated into the parties' Joint Pretrial Order, does not include a request for fees he incurred as a result of Attorney Walters' defense of the foreclosure action – rather Reed seeks fees he incurred in Walters' representation of him in other actions that arose out of or were related to the havoc wrecked by GMACM's wrongful foreclosure. See Joint Pretial Order [ECF Doc. # 10043]. Accordingly, the relief sought by ResCap is moot.

5. It logically follows that, given the District Court's reinstatement of the indirect non-foreclosure lawsuit and non-Matlack damages which Reed contends he sustained, and remand for trial on that issue, Attorney Walters' previously unconsidered fees are now entirely relevant, and they are recoverable under New Jersey's Consumer Fraud Act.

6. This is not re-litigation of the same fee, since the Walters' fee was previously (prior to remand) outside the scope of damages that the Court was allowing Reed to present evidence on. That is no longer the case, and so, Reed must be allowed to present evidence regarding the Walters' fee.

7. As noted by the District Court, "[t]he Bankruptcy Court's decision limiting the scope of damages evidence is therefore reversed, and the case is remanded for further proceedings to determine whether the Reeds suffered any cognizable damages caused by the Foreclosure Action, but not directly related to the Property". [15-cv-02375-GHW, Document 16, pg.19].

8. Pursuant to the New Jersey Consumer Fraud Act and New Jersey law, under which Reed seeks damages and under which ResCap has already be found liable, a claimant need only show a causal connection between the defendant's unlawful conduct (already determined to have been the wrongful filing of foreclosure) and plaintiff's ascertainable loss (the attorney fees that Reed incurred in the various resulting litigation arising out of the wrongful filing). See

*Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 564 (D.N.J. 2010).  Also, the unlawful conduct need not be shown to be the sole cause of plaintiff's loss, but may be shown merely to have contributed to the loss.  See *Arcand v. Brother Int'l Corp.*, 673 F.Supp. 2d 282 ( D.N.J. 2009).

        9.        Mr. Walters' fees are directly within the scope of the District Court's remand.

## CONCLUSION

Based upon the foregoing, claimant Frank Reed III respectfully requests that this Court deny the ResCap Borrower Claims Trust's Motion *In Limine* to exclude credit report evidence.

Dated: Moorestown, New Jersey
       September 8, 2016

                                          Respectfully Submitted,

                                          By: _____
                                            Frank Reed, *pro se*