Hearing Date and Time:  TBD
Response Date:  September 8, 2016

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone:  (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OPPOSITION OF CLAIMANT FRANK J. REED III TO RESCAP
BORROWER CLAIMS TRUST'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE "NOT PREVIOUSLY PRODUCED"
(CREDIT REPORT EVIDENCE AND HENDRICKS TESTIMONY)**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Claimant Frank Reed ("Reed") hereby submits this opposition to the motion *in limine* filed by The ResCap Borrower Claims Trust ("ResCap"), by which ResCap seeks to "exclude evidence not previously produced", referring specifically to evidence regarding damage to Reed's credit standing / credit reports. See ResCap's Motion [ECF Doc. # 10041]. In support of his opposition, Reed respectfully states as follows:

**PRELIMINARY STATEMENT & ARGUMENT**

1.      ResCap has filed the instant motion *in limine* seeking to exclude the presentation of "any credit reports at trial" because they were not produced in connection with the first September 15-16, 2014 evidentiary hearing held in this matter, and that expert Evan Hendricks "should be precluded from testifying about any damage to the Claimant's credit as a result of any credit reports not already in evidence". See ResCap Motion, pg.2 [ECF Doc. # 10041].

2.      In making the instant motion, ResCap inexplicably ignores the fact that on or before August 12, 2016, Reed provided notice to ResCap that he is withdrawing Evan Hendricks as an expert for the remanded evidentiary hearing. In addition, Reed's statement of the damages he is seeking, as incorporated into the parties' Joint Pretrial Order, does not include a 'damage to credit' component. [ECF Doc. # 10043].

3.      In light of Reed's prior indication that he is withdrawing Evan Hendricks as an expert, and the exclusion of a credit damage component to Reed's statement of sought damages, ResCap should not have filed the instant motion, or at the very least, should have withdrawn it, rather than needlessly waste the parties' and the Court's resources with multiple meritless motions *in limine*.

4.      This is especially unfortunate and disappointing in light of ResCap's unwavering refusal to engage in any discussion regarding a potential resolution of Reed's post-remand claims, despite the fact that ResCap (via debtor GMACM) has already been adjudged liable under the New Jersey Consumer Fraud Act and for breach of contract, and on remand is facing

an expanded damages inquiry.  Instead, against its own interests and the goals of this bankruptcy, ResCap has chosen to be hyper-litigious in its conduct of post-remand discovery and motion practice, as evidenced by the meritless motion at bar.

5. Furthermore, the credit reports which were produced in connection with the upcoming remanded hearing were produced in compliance with, and as a result of, the Court's post-remand Orders directing discovery [ECF Doc. # 9620, 9962] and ResCap's demands in this action.

6. Nonetheless, it is respectfully submitted that the credit reports that have been submitted by Reed should not be excluded from evidence on a *per se* basis at this juncture. <u>ResCap has had well over two years to seek appropriate relief under the FCRP and/or FRBP with respect to supposedly overdue credit report discovery</u>.  If the need to introduce credit report evidence arises during trial, the Court is well-equipped to properly deal with the particulars of their applicability or admissibility at that time, rather than issue an unwarranted blanket exclusion *in limine*.

7. This Court is, of course, perfectly capable of discerning relevant evidence and weighing its probative value versus its prejudicial effect.  See *Henry v. Champlain Enters. Inc.*, 288 F. Supp. 2d 202, 221 (N.D.N.Y. 2003)(a trial court should be able to separate the "wheat from the chaff"); see also *Rondout*, 321 F. Supp. 2d at 474 ("In non jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence")(quoting 11 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2885 (2d ed. 1995)).

## CONCLUSION

Based upon the foregoing, claimant Frank Reed III respectfully requests that this Court deny the ResCap Borrower Claims Trust's Motion *In Limine* to exclude credit report evidence.

Dated: Moorestown, New Jersey
September 8, 2016

Respectfully Submitted,


By: _____
Frank Reed, *pro se*