Hearing Date and Time:  TBD
Response Date:  September 8, 2016

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone:  (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OPPOSITION OF CLAIMANT FRANK J. REED III TO RESCAP
BORROWER CLAIMS TRUST'S MOTION *IN LIMINE* TO EXCLUDE THE
EXPERT REPORT AND TESTIMONY OF CHRISTY ZOLTUN DONATI, ESQ.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Claimant Frank Reed ("Reed") hereby submits this opposition to the motion *in limine* filed by The ResCap Borrower Claims Trust ("ResCap"), by which ResCap seeks the exclusion of the expert report and testimony of Christy Zoltun Donati, Esq. In support of his opposition, Reed respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Christy Zoltun Donati, Esq. is an attorney licensed to practice law in the States of New Jersey and Pennsylvania. She is particularly knowledgeable and experienced with respect to residential foreclosure litigation, practice and custom in New Jersey, as well as the statutes and requirements relevant thereto. Ms. Donati has filed or been otherwise involved in over five thousand (5,000) foreclosure lawsuits.

2. Ms. Donati previously issued a written opinion which Reed provided to ResCap prior to the first evidentiary hearing held in this matter on September 15-16, 2014 (the "2014 Donati Report").

3. Prior to the first evidentiary hearing, the Court issued an Order excluding the 2014 Donati Report from being introduced at the hearing, partially granting ResCap's motion *in limine* to exclude Ms. Donati's report and testimony. [ECF Doc. # 7499]. However, the Court denied that branch of ResCap's motion which sought to exclude Ms. Donati's testimony at the then-upcoming hearing, and ultimately allowed Ms. Donati to testify as an expert regarding foreclosure practice and procedure during the evidentiary hearing held on September 15-16, 2014.

4. Thus, Ms. Donati testified at the 2014 evidentiary hearing regarding the legal and professional standards that are recognized, utilized and adhered to in the preparation, filing and prosecution of foreclosure actions in New Jersey, as well as the alleged departure from those standards and practices in the context of Reed's dispute with the debtors.

5. Now, ResCap has filed the instant motion *in limine* seeking again to strike Ms. Donati's expert report, and seeking again to preclude her testimony at the hearing scheduled to begin in this matter on September 26, 2016, asserting the same exact arguments in support of its motion that it employed in 2014. See ResCap's Motion [ECF Doc. # 10036].

6. However, the Court has already previously rejected ResCap's arguments that Ms. Donati is not qualified to testify as an expert, and has already previously allowed Ms. Donati to testify as an expert at trial – she is clearly qualified. Since the upcoming evidentiary hearing is a remand of the same matter, and is essentially a continuation or supplementation of the prior hearing, she remains a qualified expert.

7. Furthermore, the Court's ruling on the issue of Ms. Donati's provision of expert testimony is law of the case and should not be reargued. See *United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006)("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice")(internal quotation marks omitted).

8. ResCap asserts the following four grounds in support of its motion, focusing almost exclusively on the already-excluded 2014 Donati Report, and glossing over the fact that Ms. Donati has already been determined to be a proper testimonial expert witness in the face of the same exact arguments by ResCap:

> (1) the "opinions expressed in the Report consist of little more than observations and opinions on either the application of law to facts or issues of law", and "[s]uch opinions are the province of [the] Court alone, and are not the proper subject of expert testimony";
>
> (2) "the opinions set forth by Ms. Donati are plainly irrelevant to the issues at hand and will not assist the trier of facts in reaching a conclusion";
>
> (3) the Report does not meet the standards for admissibility of expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and
>
> (4) "Ms. Donati is not qualified to provide an expert opinion on the issues at hand" by "[m]erely claiming to have practiced as a foreclosure attorney".

[See pgs 2-3 of ResCap's Motion (ECF Doc. # 10036)].

9. It is respectfully submitted that Ms. Donati's report should not be stricken, and that Ms. Donati should be allowed to provide testimony as an expert. The Court, as the trier of fact in the coming bench trial, is more than capable of assessing Ms. Donati's qualifications as an expert on the matters at bar, discerning the relevant expert evidence offered, weighing its probative value versus its prejudicial effect, and excluding improper inferences or testimony, if any, from its decisional analysis.

10. First, contrary to the ResCap Trust's argument, Ms. Donati's report does not infringe upon or usurp the Court's role, and certainly, nor will her testimony. The fundamental and central wrong which was the basis Reed's various resulting claims (including the still extant – and liability having been determined in favor of Reed for – Breach of Contract and NJ Consumer Fraud Act) is the premature filing of a foreclosure lawsuit in violation of New Jersey law and procedure as well as the parties' contracts, and the failure to withdraw the lis pendens after dismissal of the foreclosure suit. Clearly, Ms. Donati's expertise as a New Jersey foreclosure attorney and her knowledge of New Jersey custom, practice, law and procedure specific to the foreclosure process, and the foreseeability of the consequences of a wrongful foreclosure for purposes of breach of contract damages, is inherently relevant to this matter, and her provision of testimony and opinion on these issues, though they may by necessity touch on or deal with 'legal issues', does not and will not encroach on or usurp the Court's role as the final arbiter of the facts and law. ResCap's suggestion otherwise is without merit.

11. Second, Ms. Donati's report and expert testimony are relevant and will assist the Court in assessing the facts and purported wrongs relevant to the Reeds' claims, and the foreseeability of the consequences of a wrongful foreclosure for purposes of assessing breach of contract damages.

12. Third, Ms. Donati's report meets the standards for admissibility of expert testimony under *Daubert*, Federal Rule of Evidence 702, and relevant case law. Reed's claims

have their genesis in GMACM's premature filing of a foreclosure action, and for which GMACM did not even have standing. Based on her experience as a New Jersey foreclosure attorney, Ms. Donati opines as to the accrual of the right to foreclose, the Fair Foreclosure Act, standing, and the prosecution of a foreclosure. It is respectfully submitted that her report and testimony will be relevant so as to assist the trier of fact, and have a reliable basis in the knowledge and experience of her discipline.

13.     Fourth, Ms. Donati is indeed qualified to weigh in as an expert on the issues with respect to which she will opine – namely, with respect to residential foreclosure litigation, practice and custom in New Jersey, and the foreseeability of the consequences of a wrongful foreclosure for purposes of breach of contract damages. ResCap makes no substantive argument in this regard. Ms. Donati has filed or otherwise been involved with over 5,000 foreclosure actions, and is extensively familiar with the custom and practice of foreclosure litigation and related issues. Indeed, Ms. Donati has already been determined by this Court to be an expert on New Jersey foreclosure practice.

14.     Accordingly, it is respectfully submitted that exclusion of the report and testimony of Christy Zoltun Donati, Esq. as an expert is not warranted and ResCap's motion should be denied.

**BACKGROUND**

15.     The crux of Reed's claims and contentions is straightforward – when Reed missed two mortgage payments with respect to a residential property located at 817 Matlack Drive in Moorestown, New Jersey, debtor GMAC Mortgage, LLC ("GMACM") filed a foreclosure action against Reed without any prior notice, in direct contravention of the terms of the mortgage contract and New Jersey statutory obligations.

16.     The only immediate right of action that GMACM had upon the mortgage default was the right to send a notice of an intention to foreclose, with an opportunity to cure. The mortgage contract specifically enjoined the parties from taking "any judicial action" without first

giving notice. However, GMACM instead filed a foreclosure action without having providing the statutorily and contractually-required notice.

17.     It was also discovered, during the course of this bankruptcy proceeding, that GMACM did not even have standing to file the foreclosure action in that it had not been assigned the mortgage and note when it filed the foreclosure action, yet GMACM stated that it did. [ECF Doc # 7619, pg.12[1]].

18.     An evidentiary hearing regarding Reed's permitted claims was held by the Court on September 15 and 16, 2014. [ECF Doc # 7560, 7561].

19.     The Court issued a Memorandum Opinion and Order on October 6, 2014, dismissing numerous of Reed's claims, but also holding in part that GMACM's conduct in filing the foreclosure action was wrongful, and awarding as damages the attorney fees Reed incurred in the underlying state court action. [ECF Doc # 7619].

20.     This Court specifically held that GMACM breached its contract with Reed by failing to send a Notice of Intent prior to bringing the Foreclosure Action, and that GMACM had violated the New Jersey Consumer Fraud Act when it misrepresented in the Foreclosure Action that it owned the Note, and that as a result it had standing to foreclose.

21.     Reed filed a Notice of Appeal on October 20, 2014, asserting numerous grounds for appeal, including the position that the Court erred when, prior to the evidentiary hearing, it *sua sponte* dismissed a large portion of Reed's damage claims and ordered that Reed could only seek damages regarding, and present evidence with respect to, the foreclosure property at 817 Matlack. [ECF Doc # 7674].

---

[1] The Court stated in its October 6, 2014 opinion that: "the record before this Court establishes that GMACM did not have standing to bring the Foreclosure Action when it was filed for three reasons: First, GMACM did not obtain an assignment of the Mortgage until after the Foreclosure Action was filed; second, the assignment to GMACM that was executed on behalf of MERS by GMACM's employee, Jeffrey Stephan, falsely stated that MERS transferred the Note to GMACM, an impossibility since MERS did not own or have authority to transfer the Note; and third, GMACM did not hold the Note or demonstrate that it was given authority to bring the Foreclosure Action on behalf of the noteholder. These grounds would have been fatal to GMACM's effort to foreclose on the Property when it commenced the Foreclosure Action, apart from GMACM's failure to provide the Reeds with the NOI under New Jersey's FFA."

22. On appeal, the District Court held that the Court erred when it summarily excluded the indirect damage claims, and remanded the matter "for further proceedings to determine whether the Reeds suffered any cognizable damages caused by the Foreclosure Action, but not directly related to the Property". [15-cv-02375-GHW, Document 16, pg.18-19][2]

23. The only issue remaining to be tried during the scheduled evidentiary hearing is the extent of my damages – under breach of contract and the CFA – related to properties and ventures in addition to the improperly-foreclosed-upon Matlack property.

## ARGUMENT

24. It is well-settled that the Court has wide discretion in determining the qualification and competency of a witness to express an opinion as an expert. See generally, *U.S. v. Bermudez*, 526 F.2d 89 (2d Cir. 1975), certiorari denied 96 S.Ct. 2166, 425 U.S. 970; *U.S. v. Green*, 523 F.2d 229 (2d Cir. 1975), certiorari denied 96 S.Ct. 858, 423 U.S. 1074.

25. As a threshold matter, in the impending bench trial, the Court's role as gatekeeper with respect to expert evidence is much less critical than in a jury trial, since a judge is "presumed to be able to exclude improper inferences from his or her own decisional analysis." *Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 473-74 (N.D.N.Y. 2004).

26. This Court is, of course, perfectly capable of discerning relevant evidence, weighing its probative value versus its prejudicial effect, and rejecting improper inferences or intrusions upon its role. See *Henry v. Champlain Enters. Inc.*, 288 F. Supp. 2d 202, 221 (N.D.N.Y. 2003)(a trial court should be able to separate the "wheat from the chaff"); see also *Rondout*, 321 F. Supp. 2d at 474 ("In non jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.")(quoting 11 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §

---

[2] The District Court stated in its December 23, 2015 decision that: "New Jersey law requires that the Reeds' damages be "ascertainable" or "foreseeable." But the law does not support the exclusion of indirect damages, such as lost profits, so long as they meet those requirements. The court's conclusory culling of a category of damages prior to the evidentiary hearing created the possibility that an ascertainable or foreseeable loss directly caused by the Foreclosure Action was overlooked".

2885 (2d ed. 1995)). See also *Arista Records Inc. v. Launch Media, Inc.*, 2006 WL 2591086 (S.D.N.Y. Sept. 8, 2006)(finding motions to exclude expert testimony and reports "premature […], as issues pertaining to the expert witnesses are more appropriately addressed and resolved during the course of the trial").

### A. Ms. Donati's Expert Testimony Will Not Infringe Upon Or Usurp The Court's Role

27.    The ResCap Trust attacks Ms. Donati's report on the ground that it constitutes a legal opinion. The Debtors' argument is based upon a fundamental misconception of the purpose for which the report and testimony are offered.

28.    Ms. Donati's report does not infringe upon or usurp the Court's role, nor will her testimony. The fundamental and central wrong which is the basis the Reeds' two successful claims (breach of contract and violation of the NJ CFA) is the premature filing of a foreclosure lawsuit in violation of New Jersey law and GMACM's failure to have standing prior to filing the underlying foreclosure, contrary to its representations.

29.    Clearly, Ms. Donati's expertise as a New Jersey foreclosure attorney and her knowledge of New Jersey custom, practice, law and procedure specific to the foreclosure process, and the foreseeability of the consequences of a wrongful foreclosure for purposes of breach of contract damages, is inherently relevant to this matter, and her provision of testimony and opinion on these issues, though they obviously and by necessity touch on or deal with 'legal issues', does not and will not encroach on or usurp the Court's role as the final arbiter of the facts and law.

30.    Although an expert's testimony on pure issues of law is inadmissible, "[a]n expert may, however, include factual conclusions and opinions embodying legal conclusions that encroach upon the court's duty to instruct upon the law." *Pereira v. Cogan*, 281 B.R. 194, 198 (Bankr. S.D.N.Y. 2002)(citing, inter alia, *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).

31.    "The testimony of a legal expert is admissible as to the ordinary practices of those engaged in the business of law, legal studies, or law-related fields, or as to trade customs and

usages of those so employed." *Music Sales Corp. v. Morris*, 73 F.Supp.2d 364, 381 (S.D.N.Y. 1999). See also See *Marx & Co. v. The Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir.1977)(holding that lawyer's testimony would be admissible on the same basis as the testimony of other professionals, such as doctors, i.e., concerning the ordinary practice or trade customs of like professionals).

32. Trial courts have considerable discretion to admit expert evidence if it will assist the trier of fact in understanding the evidence and will not usurp the function of the jury and the trial judge. See, e.g., *Gould Paper Corp. v. Boise Cascade Corp.*, No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000). "Such deference is particularly profound with respect to bench trials because the trial court is presumed to be able to exclude improper inferences from his or her own decisional analysis." *Rondout*, 321 F. Supp. 2d at 474 (internal quotations omitted).

33. Accordingly, pre-trial motions seeking to exclude expert testimony are routinely denied, as such challenges to experts are better addressed through cross-examination, where the trial judge can separate the "wheat from the chaff." *Henry*, 288 F. Supp. 2d at 221; see also *Arista Records Inc. v. Launch Media, Inc.*, 2006 WL 2591086 (S.D.N.Y. Sept. 8, 2006)(finding motions to exclude expert testimony and reports "premature . . . , as issues pertaining to the expert witnesses are more appropriately addressed and resolved during the course of the trial"). See also *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004)(deferring to the expert testimony of an experienced claims administrator in determining the claim value threshold for receiving an allocation of settlement proceeds); *In re Specialty Prods. Holding Corp.*, 2013 U.S. Bankr. LEXIS 2051 (Bankr. D. Del. May 20, 2013)(conducting claims estimation trial using expert reports and prior tort history to estimate contingent and liquidated asbestos claims).

34. The cases cited by ResCap in which expert testimony was excluded because it offered legal opinions are inapposite, as they involve the provision of potential expert testimony in matters involving a jury.

35. Indeed, as is made clear from the case law cited by ResCap, the overriding concern expressed by the courts in this Circuit when confronted with expert testimony which may touch on legal issues is that an expert should not usurp the court's role of instructing the jury, and should not usurp the jury's role of trying the facts – both of these concerns are not at issue in this contested matter. See e.g. *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992)("Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard—explicit or implicit—to the jury. […]. Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury"); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1258 (2d Cir. 1987)("Finally, the district court did not err in excluding Raysman's proposed testimony that the Contracts were unenforceable for lack of essential terms. "It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge"); *Highland Capital Management, L.P. v. Schneider*, 379 F.Supp.2d 461, 468 (S.D.N.Y. 2005)("In deciding whether expert testimony will be helpful to the fact-finder, the Court must determine whether the testimony "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it").

36. Furthermore, *U.S. v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), which is also relied on by ResCap, in fact supports admission of Ms. Donati's opinion. In that case, the trial court admitted expert testimony on "general background on federal securities regulation and the filing requirements." *Id*. at 1294-95. The Second Circuit affirmed the admission of the testimony, in part, because the judge provided a limiting instruction to the jury, stating that the expert "is not here to give his opinion as to what the law requires." *Id*. Of course, in a bench trial, no such

limiting instruction is necessary because the Court is well-aware of the role of experts. *Bilzerian* establishes that the mere fact that an expert witness's testimony touches upon legal issues relevant to the case does not render his opinion inadmissible.

37. Not surprisingly, ResCap fails to cite to any case law in support of its argument which involves the use of an expert in a contested matter. Indeed, ResCap does not cite any case law in support of its argument which involves the use of an expert in a bankruptcy proceeding. It does not even cite to a case which involves a bench trial.

## B. Ms. Donati's Expert Testimony Will Assist The Court

38. Ms. Donati's expert testimony will assist the Court in assessing the facts and foreseeability relevant to ResCap's breach of contract liability and resulting damages.

39. Thus, the basis of ResCap's second argument – that the issues on which Ms. Donati will testify have already been fully resolved – is without merit.

40. Rule of Evidence 702, titled "Testimony by Expert Witness", states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

41. "Federal Rule of Evidence 702 permits a court to allow the testimony of a witness whose knowledge, skill, training, experience or education will assist a trier of fact in understanding an area involving specialized subject matter." *United States v. Molina*, 172 F.3d 1048, 1056 (8th Cir. 1999).

42. It is respectfully submitted that Ms. Donati's testimony, as a New Jersey foreclosure attorney with extensive knowledge and experience regarding New Jersey foreclosure custom and practice, will be relevant so as to assist the trier of fact in the determination of the foreseeability of breach of contract damages, and have a reliable basis in the knowledge and experience of her discipline, and so, will satisfy the standards for admissibility of expert testimony under Rule of Evidence 702.

43. Rule of Evidence 703, titled "Bases of an Expert's Opinion Testimony", states:

> **An expert may base an opinion on facts or data in the case that the expert has been made aware of** or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

[Emphasis added].

44. The Advisory Committee's notes to Rule 703 emphasize that the facts and data upon which expert opinion is based may be derived from any one of three sources. The first is first-hand observation, and the second method is the use of the familiar hypothetical question or having the expert attend the trial and hear the testimony establishing the facts. The third source, according to the Committee, is: "the presentation of data to the expert outside of court and by his own perception. In this respect, the rule is designed to broaden the basis for expert opinions beyond that current in many jurisdictions, and to bring the judicial practice in line with the practice of the experts themselves when not in court".

45. Trial courts have considerable discretion to admit expert evidence if it will assist the trier of fact in understanding the evidence and will not usurp the function of the jury and the trial judge. See *Gould Paper Corp. v. Boise Cascade Corp.*, No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000)("The Committee Note to the recent amendment of

Fed.R.Evid. 702 states that "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule' ").

46.    It is respectfully submitted that Ms. Donati's testimony should not be excluded, and the ResCap Trust's motion should be denied.  See *First Union Nat. Bank v. Benham*, 423 F.3d 855 (8th Cir. 2005)(holding that disallowing an attorney's expert testimony on the issue of legal malpractice, on grounds that the expert's conclusions were based on his own experience and not the experience of other lawyers, was abuse of discretion, given that the rule governing admissibility of expert testimony allows a witness to qualify as expert based on his own knowledge, skill, experience, training, or education, and that testimony of the attorney, who had been licensed in state for more than 36 years, had practiced extensively in area of mergers and acquisitions, and had based his testimony upon parties' depositions, witnesses, and the facts and circumstances surrounding underlying merger, was not so fundamentally unsupported that it could offer no assistance to the trier of fact).

47.    In *Spitzer v. Stichman*, 278 F.2d 402 (2d Cir. 1960), a proceeding for reorganization of a corporate debtor which was operating a commuter railroad, the problem of valuation of the railroad was complicated by the possibility that some part or all of the debtor's commuter railroad plant might be purchased or condemned by a public authority at some indeterminate time in future.  The court of appeals held that there was no abuse of discretion by the trial court in permitting an attorney who had handled a great many real estate operations and reorganizations to testify as to his opinion as to maximum price likely to be realized in sale of railroad plant to the public authority.  *Id*. at 409.

    C.   **Ms. Donati's Opinion Testimony Will Meet The Standards For Admissibility Of Expert Testimony Under Federal Rule Of Evidence 702**

48.    ResCap contends that Ms. Donati's report does not meet the standards for admissibility of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Rule of Evidence 702.[3]

49.    It is submitted that Ms. Donati's report meets the standards for admissibility of expert testimony under *Daubert*, Federal Rule of Evidence 702, and relevant case law.

50.    Reed's claims have their genesis in GMACM's premature filing of a foreclosure action, and for which GMACM did not even have standing to file. Based on her experience as a New Jersey foreclosure attorney, Ms. Donati opines as to the accrual of the right to foreclose, the Fair Foreclosure Act, standing, and the prosecution of a foreclosure. It is respectfully submitted that her report and testimony will be relevant so as to assist the trier of fact, and have a reliable basis in the knowledge and experience of her discipline.

51.    Clearly, her expertise and testimony have relevance to the issues which will be before the Court.

52.    ResCap's calling into question of whether Ms. Donati utilized or will utilize relevant or reliable "methods" in providing her expert opinion is misplaced in that ResCap's generic criticism is more appropriate with respect to and is geared towards expertise involving medical, scientific, engineering and computational issues, as is evident from the case law that ResCap cites. See, e.g. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002)(involving proposed expert testimony of a treating physician and an industrial hygienist concerning personal injury caused by exposure to paint fumes); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)(involving proposed expert testimony of a tire failure

---

[3] In 2000, Rule 702 of the Federal Rules of Evidence was amended to codify the factors outlined in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) regarding the admissibility of expert testimony. In *Daubert*, the Supreme Court announced that trial courts must perform a gate-keeping function in determining the admissibility of expert testimony. The *Daubert* factors, which were not intended to be exhaustive nor to be applicable in every case, include: (1) whether the technique or theory utilized by the expert can be tested and had been tested; (2) whether the technique or theory had been the subject of peer review and publication; (3) the potential rate of error and "the existence and maintenance of standards controlling the techniques operation;" and (4) the general acceptance of the expert's theory or technique in the relevant scientific community.

analyst/engineer in a product liability action); *Davis v. Carroll*, 937 F. Supp. 2d 390, 417 (S.D.N.Y. 2013)(involving proposed testimony of an art appraiser in action involving conversion and fraud claims between artwork owner and art dealer).

53. On the contrary, where, as here, the trier of fact is the court and the proposed expert is to provide testimony that may be relevant and reliable, the testimony may be admitted in the court's discretion, even if the testimony concerns issues which are 'legal' in nature by virtue of the issues in dispute. See *Rochester Gas and Elec. Corp. v. GPU, Inc.*, 355 Fed.Appx. 547, 551 (2d Cir. 2009)(in matter involving a piercing of the corporate veil issue, affirming the district court's admission of expert testimony during bench trial about a subsidiary's corporate structure and evidence of dominance by subsidiary's parent for conducting its veil-piercing analysis – reasoning that the district court clearly understood the limits of the expert's role, observing that it was for the court alone to determine whether the facts met the standard for piercing the corporate veil).

54. Indeed, as expressly stated by Rule of Evidence 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue". See *In re Lake States Commodities, Inc.*, 271 B.R. 575, 586 (Bkrtcy.N.D.Ill. 2002)("Under F.R.E. 704, the expert's testimony may embrace an ultimate issue to be decided by the trier of fact").

55. It is respectfully submitted that Ms. Donati's report and testimony, as a New Jersey foreclosure attorney with extensive knowledge and experience regarding New Jersey foreclosure custom and practice, and the foreseeable consequences of a foreclosure, will be relevant so as to assist the trier of fact regarding Reed's breach of contract damages, and have a reliable basis in the knowledge and experience of her discipline, and so, will satisfy the standards for admissibility of expert testimony under Rule of Evidence 702.

56. It is certainly without question that Ms. Donati's testimony will aid the Court as the trier of fact and should thus be allowed in light of her significant experience with New Jersey foreclosure custom and practice, especially so since she has already been recognized by this

Court as an expert regarding New Jersey foreclosures. See, e.g., *In re Best Prods. Co.*, 168 B.R. 35 (Bankr. S.D.N.Y. 1994)(court used examiner's report as a reference and relied on its analysis of potential claims and related issues in assessing whether a settlement could be approved).

57. The Court can determine during the course of Ms. Donati's testimony whether her experience and analysis is sufficiently reliable for the issues on which she will be providing testimony. See *Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536 (2d Cir. 1989)(holding that an expert was properly allowed to testify as to the value of a corporate party to merger agreement; the record indicated that the witness had considerable experience in the field of mergers and acquisitions and was qualified to evaluate the corporation's assets, and to the extent that he may have departed from general valuation practices or adopted procedures subject to criticism, there was ample opportunity for such facts to be elicited and argued to the jury); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744-45 (3d Cir. 1994)("A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence").

D. **Ms. Donati Is Qualified To Weigh In As An Expert On The Issues With Respect To Which She Will Opine**

58. Finally, ResCap contends that Ms. Donati is not qualified to weigh in as an expert "on the issues at hand". ResCap does not present any substantive challenge to Ms. Donati's experience or suitability, but rather, suggests in cursory fashion that she may not have relevant experience to proffer opinions about damages. See ResCap Motion, pg.10 [ECF Doc. # 10036].

59. Ms. Donati has filed or has otherwise been involved with over five thousand foreclosure actions, and is extensively familiar with the custom and practice of such litigation in New Jersey. Indeed, she has already been determined to be an expert by this Court with respect to foreclosure practice in New Jersey.

60.    The Court has wide discretion in determining the qualification and competency of a witness to express an opinion as an expert. See generally, *U. S. v. Bermudez*, 526 F.2d 89 (2d Cir. 1975), certiorari denied 96 S.Ct. 2166, 425 U.S. 970; *Gould Paper Corp. v. Boise Cascade Corp.*, No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 2000 WL 1694321 (S.D.N.Y. Nov. 13, 2000)(admitting expert testimony on banking practice based on expert's experience as in-house counsel to a major bank).

61.    A proposed expert's lack of specialization or lengthy experience in certain areas does not go to the admissibility of the expert's opinion, but rather, affects its weight.  See e.g. *Santana Marine Service, Inc. v. McHale*, 346 F.2d 147, 148 (5th Cir. 1965)(holding that District Court was justified in finding that one of the plaintiffs was qualified to testify as an expert, where he testified that he had six years of practical experience in designing, making, and installing lift devices and that he had done considerable home study of recognized scientific treatises in the field); *Bank of New York Mellon Trust Co., Nat. Ass'n v. Solstice ABS CBO II, Ltd.*, 910 F.Supp.2d 629 (S.D.N.Y. 2012)(holding that an investment banking firm officer, who had, since 2001: structured synthetic residential mortgage-backed securities (RMBS) transactions; priced RMBS; and supervised the determination of assumptions used to determine the cash flows from RMBS – had sufficient experience in dealing with RMBS to offer an opinion regarding future RMBS cash flows as it related to an early termination payment under a cash flow swap agreement).

62.    "[T]he 'touchstone' of admissibility is helpfulness to the trier of fact."  *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991).  Clearly, in light of her relevant experience, Ms. Donati is qualified to testify as an expert. See *U.S. S.E.C. v. Zwick*, 317 Fed.Appx. 34 (2d Cir. 2008)(holding that expert testimony on broker-dealers' securities transaction markups was admissible in a securities fraud action against broker-dealers, where the expert's testimony as to whether markups were excessive, as would give rise to broker-dealers'

fraud liability, was based on the expert's experience in securities industry as a trader and his opinion on what constituted an excessive markup for securities at issue).

## CONCLUSION

Based upon the foregoing, claimant Frank Reed III respectfully requests that this Court deny the ResCap Borrower Claims Trust's Motion *In Limine* to exclude the expert report and testimony of Christy Zoltun Donati, Esq.

Dated: Moorestown, New Jersey
September 7, 2016

Respectfully Submitted,

By: _____
Frank Reed, *pro se*