**Frank Reed**

817 Matlack Drive
Moorestown, NJ 08057
FrankReedNJ@aol.com

September 7, 2016

Judge Martin Glenn
US Bankruptcy Court
1 Bowling Green
New York, NY 1004


RE:             Reed v Rescap Borrower's Claims Trust
                Case No.  12-12020

**WITHDRAWAL OF BREACH OF CONTRACT DAMAGES CLAIM**

Dear Judge Glenn:

Upon reviewing the law and facts of the present case, I hereby notify the Court that I will not be pursuing damages under the liability created by the Debtor's Breach of Contract.

I will, however, be pursuing the ascertainable losses that I believe that I have sustained by way of the Debtor's violation of the New Jersey Consumer Fraud Act.

I have chosen to take this course of action for two reasons, and they are as follows:

1) As the Court is already aware, I have physical impairments, and these have gotten progressively worse.  As such it will be next to impossible for me to withstand a week long trial.  I honestly believe that I will not even be able to repeat my appearance in 2014.

2) The standard of proof and the legal prongs required so that I may recover pursuant to the New Jersey Consumer Fraud Act, (NJCFA), are NOT the same as those that exist under Breach of Contract.  Two examples, of MAJOR differences are:

   a) the fact that foreseeability is NOT a requirement under The NJCFA, whereas it is under Breach of Contract.

   b) …a causal connection must be shown between the defendant's unlawful conduct and plaintiff's ascertainable loss. See payan v. Greenpoint Mortg. Funding, 681 F. Supp. 2d 564 (D.N.J. 2010). **However, the wrongful conduct need not be shown to be the SOLE CAUSE of plaintiff's loss, but may be shown merely to have contributed to the loss.** Arcand v. Brother Int'l Corp., 673 F.. Supp. 2d 282 ( D. N. J. 2009) (noting that this is not the rule for common law fraud).

I believe that it is in the best interest of all involved to simplify this matter.

I am also concerned that there may be a conflation of the prongs required for Breach of Contract versus a violation of the New Jersey Consumer Fraud Act.  So, I have selected a few excerpts from controlling New Jersey law to clarify for the record what the governing law of this case is for our trial.  Please see below:


From Gonzalez v. Wilshire Credit Corp.

> The CFA is intended to be applied broadly in order to accomplish its remedial purpose, namely, to root out consumer fraud, Lemelledo v. Beneficial Mgmt. Corp. of Am., 150 N.J. 255, 264 (1997), and therefore to be liberally construed in favor of the consumer, Cox, supra, 138 N.J. at 15.
>
> [CFA] [has been] one of constant expansion of consumer protection. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 604 (1997).
>
> A consumer who can prove (1) an unlawful practice, (2) an ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss, is entitled to legal and/or equitable relief, treble damages, and reasonable attorneys fees, N.J.S.A. 56:8-19. Lee, supra, 203 N.J. at 521 (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)).


Thiedemann et al v. Mercedes-Benz USA, L.L.C.

> The certainty implicit in the concept of an "ascertainable" loss is that it is quantifiable or measurable. Moreover, it need not yet have been experienced as an out-of-pocket loss to the plaintiff. See, e.g., Cox, supra, 138 N.J. at 22-23, 647 A.2d 454 (noting that to demonstrate "loss" victim need not have actually spent money to perform repairs to correct defendant's errors in performing kitchen renovation). **An "estimate of damages, calculated within a reasonable degree of certainty" will suffice to demonstrate an ascertainable loss.** Id. at 22, 647 A.2d 454.


Additionally, with regard to speculation and uncertainty of damages in New Jersey law, please see the following:

From FLOORS INC 3L v. WESTMINSTER COMMUNITIES INC

> **In fact, we do permit considerable speculation by the trier of fact as to damages.** In Tessmar v. Grosner, 23 N.J. 193, 128 A.2d 467 (1957), the Court [***13] stated that **"[t]he rule relating to the uncertainty of damages applies to the uncertainty as to the fact of damage and not as to its amount,** and where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery." Id. at 203, 128 A.2d 467 (citations omitted). Although we require a "reasonably accurate and fair basis for the computation of alleged lost profits," J.L. Davis & Assocs, supra, 263 N.J. Super.

At 276, 622 A.2d 923 (quoting Borbonus v. Daoud, 34 N.J. Super. 54, 61, 111 A.2d 443 (Ch.Div.1955)), the **"fact that a plaintiff may not be able to fix its damages with precision will not preclude recovery of damages."** Inter Medical Supplies v. EBI Medical Systems, 181 F.3d 446, 463 (3rd Cir.1999) (citing American Sanitary Sales Co. v. State, Dep't of Treasury, 178 N.J. Super. 429, 435, 429 A.2d 403 (App. Div.), certif. denied, 87 N.J. 420, 434 A.2d 1094 (1981)).

Please be guided accordingly.

Sincerely,


Frank Reed
Creditor, Pro Se