UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER GRANTING IN PART THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF STEVIE WATSON**

The ResCap Borrower Claims Trust ("Trust") has moved *in limine* to exclude the expert testimony of Stevie Watson ("Watson") at the trial of the contested matter of the claim of Frank Reed ("Reed"). (ECF Doc. # 10037.) Reed submitted an opposition. (ECF Doc. # _____.) The Trust filed a reply. (ECF Doc. # 10101.) Reed's opposition argues that Watson's June 20, 2012 letter, which Reed submitted as an expert report, was prepared for a Federal Reserve Board review of an earlier claim Reed submitted. The Watson "expert" report relates to alleged economic loss suffered by Reed in connection with the "Old Dell Trace" property in Richmond, Virginia. The June 20, 2012 letter is attached to Watson's declaration dated March 30, 2016. Other than stating that she is "a Realtor who has done a variety of real estate transactions with Frank Reed," Watson Decl. ¶ 1, Watson's qualifications to provide an expert opinion on Reed's economic loss have not been established. Watson's methodology apparently is to rely in substantial part on an appraisal prepared by someone else at a different date with no foundation established regarding that appraisal, and then comparing the opinion as to value in that appraisal with a tax assessment of the property. The motion *in limine* includes quotations from Watson's deposition in this contested matter. The testimony tends to show that Watson's opinion is based

on substantial part on unsupported "guesstimates" and "assumptions" that Watson made but are not contained in her opinion.

The Court concludes that Watson's expert report is not admissible. Reed also argues that Watson will also testify as a fact witness regarding her work in marketing the Dell Trace property. Whether Watson can offer competent admissible evidence as a fact witness will be determined at trial.

Therefore, the motion *in limine* is **GRANTED** to the extent that Watson's expert report will be excluded from evidence.

**IT IS SO ORDERED.**

Dated:   September 14, 2016
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge