**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES AT TRIAL**

The ResCap Borrower Claims Trust ("Trust") has moved *in limine* to exclude evidence of damages at trial relating to two Virginia properties, three New Jersey properties, and a deficiency judgment. (ECF Doc. # 10040.) Reed submitted an opposition. (ECF Doc. # _____.) The Trust filed a reply. (ECF Doc. # 10100.) This contested matter is back in this Court on remand from the district court, which affirmed in part and reversed in part this Court's prior decision after trial.

With respect to the two Richmond, VA properties—Old Dell Trace and Brookstrace—the motion *in limine* is **DENIED**. The Court needs to hear the evidence at trial before determining whether the alleged damages with respect to these two properties are too speculative and whether Reed's methodology in computing alleged damages is permissible.

With respect to the two New Jersey properties, Reed seeks to recover damages for loss of rent and lost profits. The Trust contends that Reed has failed to establish that the Debtors' conduct was the legal cause for any damages relating to these properties. Again, the motion *in limine* is **DENIED**. The Court will determine whether the alleged damages are recoverable after hearing the evidence at trial.

The also Trust argues that Reed is seeking duplicative damages for the same economic loss. Duplicative damages may not be recovered, but it is not clear at this stage whether that is

what Reed is attempting to do. Reed can properly offer alternative measures of damages, but duplicative recovery will not be permitted. In any event, the time to address this argument will be after all of the admissible evidence admitted at trial. The Court cannot determine at this stage what the alleged duplicative damages are. Therefore, the motion *in limine* on these grounds is **DENIED.**

Finally, the Trust argues that it will be unduly prejudiced if Reed is permitted to introduce evidence "concerning speculative damages." This will be bench trial and not a jury trial. The risk of prejudice is minimal or non-existent. Reed's proffered evidence will still have to satisfy the rules of evidence to be admitted at trial. Nothing in this order precludes the Trust's counsel from asserting timely objections to evidence at trial.

Therefore, the motion *in limine* is **DENIED.**

**IT IS SO ORDERED.**

Dated:   September 14, 2016
         New York, New York

                                        ___*Martin Glenn*_____
                                        MARTIN GLENN
                                        United States Bankruptcy Judge