UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------
                                   )

In re:                             )         Case No. 12-12020 (MG)
                                   )

RESIDENTIAL CAPITAL, LLC, et al.,    )         Chapter 11
                                   )

                Debtors.         )         Jointly Administered
                                   )
-------------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S SECOND OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the Plan, seeking entry of an enforcing the release and injunctive provisions of the Plan and Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and the *Declaration of Kathy Priore in Support of the ResCap Liquidating Trust's Second Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* annexed to the Motion as **Exhibit 2**; and the Court having found and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

determined that the relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as provided herein.

2. No later than fourteen days after entry of this Order, the Litigation Parties listed on **Annex A** shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3. If a Litigation Party fails to dismiss their monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4. Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5. The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Order Notice**") in each court before which a Litigation subject to this Order is pending, including a

description of this Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: September 15, 2016
      New York, New York

                                                 **/s/Martin Glenn**
                                                 MARTIN GLENN
                                  United States Bankruptcy Judge

**Annex A**

**Litigation Parties**

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Azzam A. Abdo | Abdo v NationStar LLC, et al | Santa Clara County, California Superior Court | 114CV266123 | Azzam Abdo<br>1580 Aldrich Way<br>San Jose, CA 95121 | Fraud, Intentional Interference with Prospective Economical Advantage, Interference with Contractual Relations, Negligence, Breach of Good Faith and Fair Dealing, Fradulent Business Practice, Defamation, Breach of Fiduciary Duty, Violation of Privacy | 11/25/2015<br>3/7/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 2 | Robert Castro and Jesusita Castro | Castro v. GMAC Mortgage, LLC, et al. | Riverside County, California Superior Court | RIC 1306794 | Cyrus Anvaripour<br>Anvaripour & Anaripour<br>5240 Zelzah Ave. # 206<br>Encino, CA 91316 | Fraud, Negligent Misrepresentation, Negligence | 11/25/2015<br>3/7/2016 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 3 | Alan Gjurovich and Star Hills | Alan Gjurovich and Starr Hills v. GMAC Mortgage, LLC, et al. | California Court of Appeal-Fifth District | F064464 | Alan Gjurovich<br>c/o 934 W. Henderson # 132<br>Porterville, CA 93257<br>and<br>Starr Hills<br>c/o Alan Gjurovich<br>934 W. Henderson PMB#132<br>Porterville, CA 93257 | Fraud, Constructive Fraud, Deceit, Abuse of Process, Breach of Fiduciary Duty, Unlawful and Fraudulent Conversion of Real Property, Conspiracy | 11/25/2015<br>3/7/2016<br><br>2/23/2016<br>6/20/2016 | The parties did not file a timely proof of claim, and the Court previously entered an order noting they are enjoined from pursuing their claims against the Debtors [Docket 9317] | The parties have not withdrawn their monetary claims asserted against the Debtors despite the Court's prior order. |
| 4 | William Kimbrough IV and Catherine Kimbrough | Kimbrough v. Paramount Residential Mortgage Group, Inc., et al. | Riverside County, California Superior Court | RIC1120394 | William Kimbrough, IV and Catherine Kimbrough<br>35533 Yellowstone Street<br>Winchester, CA 92596 | Breach of Contract, Intentional Misrepresentation, Concealment/Deceit | 11/25/2015<br>3/7/2016 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 5 | Charles Laughlin | Laughlin v. Homecomings Financial, LLC, et al. | Butte County, California Superior Court | 151457 | Charles Laughlin<br>110 Silver Bar Drive<br>Oroville CA 95966 | Violation of Truth in Lending Act, Violation of Real Estate Settlement Procedures Act | 11/25/2015<br>3/7/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 6 | Christina Marie Powderly, and Paul Joseph Powderly | Powderly v. GMAC Mortgage, LLC, et al. | Orange County, California Superior Court | 30-2012-00579434-CU-MC-CJC | Christina Marie Powderly and<br>Paul Joseph Powderly<br>522 South Helena Street<br>Anaheim, CA 92805 | Violation of Truth in Lending Act, Fraud as Fiduciary, Fraud, Intentional Misrepresentation, Breach of Fiduciary Duty, Violation of California Bus. Code Section 17200, Predatory Mortgage Servicing | 11/25/2015<br>3/7/2016 | The parties' proofs of claim were expunged by Court order [Docket 4328 and 5892]. | Counsel to the Liquidating Trust has spoken with the party, but has been unable to effectuate a consensual withdrawal of the monetary claims asserted against the Debtors. |

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 7 | Richard B. Williams | Richard B. Williams vs. GMAC, and Does 1-50 | Riverside County, California Superior Court-Superior Court | RIC 1214291 | Richard B. Williams 3980 Ash Street Lake Elsinore, CA 92530 and Ozmar Law Firm 6 North First St. Suite 105 Arcadia, CA 91006 | Breach of Contract, Promissory Estoppel, Fraud, Negligent Misrepresentation, Civil Conspiracy to Commit Fraud, Slander of Title, Libel, Violation of FDCPA, Invasion of Privacy, Breach of the Duty of Good Faith and Fair Dealing, State Law Violations | 11/25/2015 3/7/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 8 | Stephen F. Buzzell and Kimberly B. Buzzell | Buzzell v. JPMorgan Chase Bank, Residential Funding Corporation, John Doe and Jane Doe | USDC-ED-Virginia | 3:13-cv-00668 | Mr. and Mrs. Stephen Buzzell P. O. Box 136 Topping, VA 23169 | Breach of Contract, Constructive Fraud | 5/??/2015 3/7/16 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 9 | The Estate of C. Frank Harris, Its Successors and/or Assigns | The Estate of C. Frank Harris, Its Successors and/or Assigns v. Meritplan Insurance Company, et al. | Jackson County, Oregon Circuit Court | Case No. 122230L3 | Ronald Morgan 1990 Foots Creek Right Fork Road Gold Hill, OR 97525 | Tortious Breach of Contract, Tortious Interference, Unfair Claim Settlement Practices, Bad Faith | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 10 | John S. Kuehl | Kuehl vs. U.S. Bank National Association as Trustee RFMSI 2004S7; GMAC Mortgage, LLC, et al. | Maricopa County, Arizona Superior Court | CV2012-056295 | Kelly McCoy, PLC340 E. Palm LaneSuite 300Phoenix, AZ 85004 | Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Negligence, Fraud, Negligent Misrepresentation | 2/23/20166/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 11 | William D. McCann | McCann vs GMAC Mortgage LLC; Homecomings Financial Network; et al. | Douglas County, Nevada District Court | 13-CV-0296 | William D. McCann, Esq. P.O. Box 370 Genoa, NV 89411 | Although the party does not set out clear causes of action, he appears to demand damages, costs and fees. | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 12 | Michael S. Rourke | Rourke v. Homecomings Financial, LLC, et al. | San Luis Obispo County, California Superior Court | CV130116 | Mr. Michael S. Rourke 370 Hill Street San Luis Obispo, CA 93405 | Breach of Contract, Wrongful Foreclosure, Fraud and Deceit, Unfair Business Practices, Conspiracy, Unjust Enrichment, Breach of Implied Covenant of Good Faith and Fair Dealing | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 13 | Tim Beebe Daniel L. Hammond | Beebe Vs. GMAC Mortgage, LLC | UDSC-WD-Missouri | 4:14-cv-00613 | Tim Beebe Danny Hammond 617 NE Tudor Road Unit 7 Lees Summit, MO 64086 | Wrongful Foreclosure, Wrongful Eviction, Breach of Fiduciary Duty, State Law Violations | 2/23/2016 6/20/2016 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 14 | Daisha Williams and Bey Family Trust | Daisha Williams and Bey Family Trust v. Homecomings Financial LLC | USDC-ED-Pennsylvania | 12-cv-1362 | Daisha Williams 435 West Hansberry Street Philadelphia, PA 19144 | Violation of Truth in Lending Act, Violation of Home Ownership and Equity Protection Act, Violation of Real Estate Settlement Procedures Act | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 15 | Peter Gaskill | Gaskill v GMAC Mortgage, LLC, et al. | USDC-WD-Missouri | 4:15-cv-00149 | Peter Gaskill 518 West 10th Street Kansas City, MO 64105 | Wrongful Filing of False Instrument/Document in Order to Create Lien on Real Property, Violation of the Missouri Merchandising Practices Act, Civil Claim under RICO | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 16 | Edgart Gonzalez | Gonzalez v. Homecomings Financial, LLC, et al. | U.S. Court of Appeal-9th Circuit | 11-60027 | Mr. Edgar F. Gonzalez 123 407 W Imperial Hwy Ste H Brea, CA 92821-4803 | Misrepresentation, Breach of Contract, Violation of Truth in Lending Act, Failure to Disclose Fees as Finance Charge, Unreasonable Charges for Appraisal, Failure to Honor Rescission Demand, Fraud | 2/23/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 17 | Richard C. Wilkerson | Wilkerson v. GMAC Mortgage, LLC | Utah County, Utah, Orem City Justice Court-Fourth Judicial District | Civil No. 128900317 | Richard C. Wilkerson 1905 South Laguna Vista Drive Orem, UT 84058 | Wrongful Retention of Payoff Funds | 4/18/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 18 | William Kent Knight | Knight v GMAC Mortgage, LLC | Midland County, Texas District Court | CC16414 | Alan H. Meyers, Esq. Law Offices of Alan H. Meyers, P.C. 505 N. Big Spring Suite 104 Midland, TX 79701 | Although the party does not set out clear causes of action, it appears to demand damages, costs and fees. | 4/18/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

|    | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 19 | Irina Schmidt | Schmidt v. GMAC Mortgage, LLC aka Ally Financial, Inc. | Jefferson Parish, Louisiana District Court-24th Judicial District | 716-448 | Irene Schmidt 3608 Wanda Lynn Drive Metairie, LA 70002 | Illegal Loan Modification | 4/18/2016 6/20/2016 | The party's proof of claim was expunged by Court order [Docket 7440]. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 20 | Abosede Eboweme | Eboweme v GMAC Mortgage, LLC et al. | Tarrant County, Texas-District Court | 342-258269-12 | Abosede Eboweme 4617 Covington Court Grand Prairie, TX 75052 | Wrongful Foreclosure, Intentional Infliction of Emotional Distress | 4/18/2016 6/20/2016 | The party's proof of claim was expunged by Court order [Docket 8587]. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 21 | Anita Washington | Washington v. GMAC Mortgage Corporation dba Ditech.com, a Delaware Corporation; GMAC Mortgage LLC dba Ditech Company, et al. | Sacramento County, California Superior Court | 34-2012-00135587 | Anita Washington 1168 Socorro Way Sacramento, CA 95833-2831 | Negligence, Breach of Contract | 4/18/2016 6/20/2016 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

**<u>Annex B</u>**

**Enforcement Order Notice**

**[CAPTION]**

**NOTICE OF BANKRUPTCY COURT ORDER**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1. On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2. On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"). The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3. On [Date], the Bankruptcy Court entered the attached [*Order Granting ResCap Liquidating Trust's Second Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*] which (i) bars [Litigation Party] from continuing to prosecute monetary claims against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Litigation Party] continues in its refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this ____ day of _____, 2016.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap