**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM, (III) RECLASSIFY, REDUCE AND ALLOW BORROWER CLAIM AND (IV) REDESIGNATE AND ALLOW BORROWER CLAIM)**

Upon the Ninety-Fourth omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims; modifying the Reduce and Allow Borrower Claims and the Reclassify, Reduce and Allow Borrower Claim; and redesignating the Redesignate and Allow Borrower Claim, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1236786

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Sara Lathrop in Support of the ResCap Borrower Claims Trust's Ninetieth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redesignate, Reclassify, Reduce and Allow Borrower Claim, (III) Reclassify, Reduce and Allow Borrower Claim, and (IV) Redesignate and Allow Borrower Claim)*, annexed thereto as Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Ninetieth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redesignate, Reclassify, Reduce and Allow Borrower Claim, (III) Reclassify, Reduce and Allow Borrower Claim, and (IV) Redesignate and Allow Borrower Claim)*, annexed thereto as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit B annexed hereto (the "Redesignate, Reclassify, Reduce and Allow Borrower

Claim") is hereby redesignated, reclassified, reduced and allowed as provided for on Exhibit B; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit C annexed hereto (the "Reclassify, Reduce and Allow Borrower Claim") is hereby reclassified, reduced and allowed as provided for on Exhibit C under the column "*Modified Claim Amount/Classification*"; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit D annexed hereto (the "Redesignate and Allow Borrower Claim") is hereby redesignated and allowed as provided for on Exhibit D under the column "*Modified Debtor Name*"; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent ("KCC"), is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that KCC is directed to modify the Redesignate, Reclassify, Reduce and Allow Borrower Claim, the Reclassify, Reduce and Allow Borrower Claim, and the Redesignate and Allow Borrower Claim as set forth on the schedules attached hereto as Exhibit B, Exhibit C and Exhibit D, respectively, so that such claims are reflected on the Claims Register in a manner consistent with this Order; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, Exhibit C, or Exhibit D annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A, Exhibit B, Exhibit C, or Exhibit D annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, the Redesignate, Reclassify, Reduce and Allow Borrower Claim identified on Exhibit B, the Reclassify, Reduce and Allow Borrower Claim identified on Exhibit C annexed hereto, and the Redesignate and Allow Borrower Claim identified on Exhibit D, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:   September 20, 2016
        New York, New York

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                     United States Bankruptcy Judge