**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| Residential Capital, LLC, et al., | Chapter 11 |
| Debtors | Jointly Administered |

**JOINT PRETRIAL ORDER**

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.    NATURE OF THE CASE**

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan filed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (as defined in the Plan), by and through its undersigned counsel, together with Frank Reed ("Claimant"), hereby file their Joint Pre-Trial Memorandum in connection with the evidentiary hearing on the Borrower Trust's Objection ("Objection") to proof of claim 3759 against GMAC Mortgage, LLC ("GMACM") filed by Claimant ("Proof of Claim").

An evidentiary hearing was held on the Trust's Objection on September 15 and 16, 2014. The Court entered an Opinion dated October 6, 2014 finding a breach of contract and violation of the NJCFA. The Court further held that the Claimant did not prove entitlement to damages for the breach of contract but did prove $5,823 in damages for attorneys' fees related to the foreclosure action which the Court trebled under the New Jersey Consumer Fraud Act ("CFA"). The Claimant appealed to the United States District Court for the Southern District of New York. In an Order and Opinion dated December 23, 2015, Judge Woods affirmed in part and revered in part.  Significantly, Judge Woods reversed and remanded to the Bankruptcy Court to determine whether Claimant sustained any cognizable damages as a result of the Foreclosure Action beyond the damages relating to the Property on which the Bankruptcy Court has already heard and evaluated evidence.

**II.    BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT**

1

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code section 502(b) and Bankruptcy Rule 3007. This is a core proceeding and the court can enter a final order. The parties do not consent to the bankruptcy judge entering a final order.

### III. STIPULATED FACTS

Frank Reed and Christina owned property commonly known as:

9717 Old Dell Trace Richmond, VA
133 Brookschase Lane Richmond, VA
52 Stone Hollow Drive Sicklerville, NJ
318 Columbia Ave Stratford, NJ
21 Darien Drive Cherry Hill, NJ

In 2009, Mr. Reed was renovating and expanding the house located at 9717 Old Dell Trace Richmond, VA

### IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

#### A. Claimant's Contentions

1. Since 1990, claimant was continuously engaged in the acts of buying, improving, renting and selling, for profit, various houses in both New Jersey and Virginia, and that claimant relied on the use of borrowed funds, and/or help from others, to make this possible.

   In relation to said properties, Claimant contends that GMACM's fraudulent foreclosure filed against 817 Matlack Drive Moorestown, NJ was at least **a** reason, if not **the** reason, that either funding or assistance was not extended to Claimant, resulting in the wrongful interruption of Claimant's ongoing concerns. This wrongful interruption caused the loss of said related properties along with any, sunk costs, profits or revenue from such properties AND the accumulation of both debts and expenses related to these properties that otherwise would NOT have been accumulated or expended.

   As the record indicates, GMACM has already been found to have committed fraud under the NJCFA. Pursuant to the NJCFA and other relevant evidentiary law on damages, Claimant merely has to prove that GMACM's bad act was **"a"** cause of ascertainable loss. Notably, New Jersey permits considerable speculation as to the actual damages when a

2

harm has been proven – as has been done so in this case. As, such any assertion that Claimant's damages are speculative and therefore fail is, and would be, inappropriate as a matter of law, and therefore they should be ignored at trial, if not completely barred as irrelevant and/or prejudicial.

Sufficient evidence has been produced by Claimant to satisfy the evidentiary requirements of causation and ascertainability under the NJCFA to easily allow this Court to estimate, (as estimation is the proper role of the Court under the NJCFA), the damages inflicted, and remedies - both legal and / or equitable - to be calculated and fashioned accordingly.

Specifically, the afore mentioned properties are as follows:

>9717 Old Dell Trace Richmond, VA
>133 Brookschase Lane Richmond, VA
>52 Stone Hollow Drive Sicklerville, NJ
>318 Columbia Ave Stratford, NJ
>21 Darien Drive Cherry Hill, NJ

As to 9717 Old Dell Trace Richmond, VA and 133 Brookschase Lane Richmond, VA the interruption of cash flow and / or assistance caused the projects at each location to remain incomplete and either lost to foreclosure or sold at a discounted amount under financial duress. This caused the loss of profits, (via rentals revenues or sales revenues), that would have otherwise been realized but for the wrongful interruption. Additionally, there are debts incurred that remain unpaid and sunk costs which remain unrecovered and should be awarded Claimant in the alternative if profits remain unproven to the Court's satisfaction.

As to, the rental properties located at 52 Stone Hollow Drive Sicklerville, NJ, 318 Columbia Ave Stratford, NJ, and 21 Darien Drive Cherry Hill, NJ, those properties were taken back by TD Bank in foreclosure.

This foreclosure was caused by either of the following, individually or in combination:

a)   GMAC's wrongful filing of the fraudulent foreclosure on 817 Matlack Drive Moorestown, NJ causing TD bank to no longer want to do business with the Claimant

b)   the loss of Claimant's cash flow due to GMAMC's fraudulent foreclosure.

The damages with respect to these rental properties are the following:

3

    a)      the loss of the future rental streams as the President of Oxford House, the tenants testified at his deposition that Oxford House would have continued to rent the properties infinitum.

    b)      The leases have been produced as well as other evidence relating to the properties allowing for the ascertainability of the value of the loss

In addition to the ascertainable monetary damages, Claimant is now equitably and legally homeless.  A final order requiring the sale of his home due to nonpayment of the note has been entered, and it is now simply a matter of time until he must vacate the property to which he no longer has title.  This condition is a direct result of Claimant's loss of his properties and business relationships and the economic benefits that he routinely derived from them over the course of decades.

There are two attorneys who who's bills are recoverable under the Remand order from the District Court.

First, is Dennis Whelan.  Mr. Whelan provided advice and defensive legal action that was intended to save 9717 Old Dell Trace Richmond, VA from foreclosure.  This foreclosure was done as the house was not finished and rented or sold to which would have serviced the debt on the property.  This was the only way to service the debt on the property as my cash flow was interrupted by the fraudulent foreclosure filed by GMACM.

Perhaps the fees of Mr. Whelan are not legal fees in the as defined by the NJCFA as they did not accrue as legal counsel in an action against the Debtor GMACM, but they are in fact expenses or debts that were incurred due to the wrongful act of the Debtor.  They are as valid as any fees for any contractor who tried to save the property at 9717 Old Dell Trace Richmond, VA.

With regard to Mr. Walters' fees, well now that is a different story.  Mr. Walter's fees were presented at trial in 2014 and were struck by the Court PRECISELY because they were legal fees directly related to properties other than 817 Matlack Drive Moorestown, NJ and business ventures.  They were incurred in litigation against the Debtor.  Therefore Mr. Walter's fees are directly within the scope of the District Court's remand.

As to the recoverability of expert fees, Claimant is under the belief that they are contemplated under the NJCFA and briefing will be provided if necessary.

The NJCFA, as a remedial law, serves two purposes:  1) to make a victim of the a fraud covered by the NJCFA whole again and 2) to punish the bad actor for their fraudulent act.

4

That being said, there is one other final measure of ascertainable loss that may be considered by the Court, and that is the dollar amount of the lost loan revenue. Claimant would likely have received a minimum of $200,000 from TD Bank and $300,000 form Joan Kline for a total of $500,000. The Trust should replace that cash and interest from the date of the wrongful act so that Claimant may attempt to move forward with his real estate concerns. This act would clearly fall within both the legal and equitable powers of the Court bestowed upon it by the NJCFA. Briefing could be supplied if and when the Court would require it.

### B. Borrower Trust's Contentions

On remand, the Claimant is limited to putting on evidence to prove damages based on the Court's findings of fact in the Opinion that GMACM failed to send the Notice of Intent to foreclose prior to the filing of the foreclosure complaint and the inaccurate statement in the foreclosure complaint that GMACM held the note.

No evidence has been produce during discovery to prove the proposition that Claimant suffered damages related to other real property or other business ventures, let alone that any such damages are attributable to the Trust. Each item of damages is set forth below, together with the evidentiary issues attendant to each.

#### 1. Property located at 9717 Old Dell Trace, Richmond, Virginia ("Old Dell Trace").

Claimant alleges that because of the foreclosure on Matlack, he was unable to fund completion of the renovation of Old Dell Trace. He further states that because he could not complete the renovation, he could not sell or rent Old Dell Trace and was foreclosed on by the mortgage holder. Claimant is seeking to recover the "subject to" appraised value of the property and recovery of the funds he expended for the renovation. Claimant cannot prove any relationship between the alleged issues with the Old Dell Trace property and the foreclosure. Even if he could, he cannot prove entitlement to damages under the claims in this case.

As an initial matter, there is overlap between the funds expended to pay for the renovations and the anticipated value after those renovations are complete. Essentially the funds used to complete the project are already included in the anticipated value. Further, there is no evidence as to the total cost of the renovation either anticipated or actually incurred nor is there any evidence of the amount of liens on the property which would have been netted against any sale of the property. In addition and perhaps

5

fatally, there is no evidence of any buyers or interested renters at the asserted sales price and rental price respectively.

The Trust will prove that Claimant had funds available during the applicable time-period that he affirmatively chose to use for things other than maintaining the mortgage payments on Old Dell Trace and completing the renovations.

**2.    Property located at 133 Brookschase Lane, Richmond, Virginia ("Brookschase")**

Claimant alleges that because of the foreclosure on Matlack, he was unable to fund completion of a house on this lot. As a result, he claims he could not sell Brookschase for market value. Claimant cannot prove these contentions are attributable to GMACM.

As with the property at Old Dell Trace, there is no evidence as to the total cost of the anticipated improvements, the amount of liens, the "as completed" value or whether there was a buyer for the completed property.

Indeed, Claimants own evidence will prove that he owned this unimproved lot for two years and had not begun building a house when he sold the land for a profit.

**3.    Rental properties located in New Jersey.**

Claimant will offer evidence via a declaration from the CEO of the company that was renting from Claimant that the tenants moved out of three rental properties in New Jersey "due to foreclosure." However, the Trust will prove that the foreclosure referenced in the letter is the foreclosure of the rental properties themselves, not of Matlack. In fact, the CEO testified in his deposition that the tenants were unaware of the foreclosure on Matlack. Therefore, Claimant cannot prove that the tenants moved out because of the foreclosure on Matlack.

Claimant's argument for recover of lost rentals will fail as that is not a recoverable item of damages. Further, Claimant cannot recover for the deficiency judgment TD Bank has against him as that is not an amount he owes because of GMACM. Rather, it is merely the repayment of his debt to TD Bank which he is obligated to pay under the terms of his loan documents with TD Bank.

**4.    Attorneys' Fees and Expert's Fees**

>       Claimant has not supplied evidence of attorneys' fees or expert's fees for services provided on properties other than Matlack which are attributable to GMACM. Specifically, the declaration from Dennis Whelan is for services provided in connection with the Old Dell Trace property. As stated above, Claimant cannot prove that the foreclosure on Old Dell Trace was caused by GMACM. Claimant also supplied a declaration from Jeffrey Walters who represented him from 2010 to 2012 in connection with Reed's affirmative claims against GMACM. However, the Court previously determined that such fees are not recoverable.
> .
>       As for expert fees incurred in connection with the September 2014 trial and the retrial, each party under the Rules is to bear its own expert witness fees for preparation of the reports and appearance at trial.

   **5.    Lost earnings**

>       Claimant advised on August 12, 2016 that he is withdrawing this item of damages.

## V.    ISSUES TO BE TRIED

Whether the Claimant suffered recoverable damages caused by the breach of contract and/or violation of the CFA which are related to (i) real property other than Matlack or (ii) business ventures unrelated to Matlack.

If the Claimant proves that he suffered damages as stated above, the quantifiable amount of those damages.

## VI.    PLAINTIFF'S EXHIBITS

1.    All documents submitted by either party at trial in September 2014.

2.    Report of Christi Donati

3.    Current 21st Mortgage Bill

4.    2010 Tax Return

5.    Sale record of 72 Broadacre Drive Mt. Laurel, NJ

6.    Hud 1 purchase of 9717 Old Dell Trace Richmond, VA

7.    Foreclosure amount 9717 Old Dell Trace Richmond, VA

8.    2nd Mortgage 9717 Old Dell Trace Richmond, VA

9.    Purchase documents of 72 Broadacre Drive

10. Purchase documents of 817 Matlack Drive Moorestown, NJ

11. Foreclosure documents for New Jersey Rentals

12. TD Bank Demand of Oxford Tenants

13. TD active monetary judgment

14. Prior to renovations pictures 9717 Old Dell Trace

15. 2011 tax return

16. 2013 tax return

17. 2014 tax return

18. 2012 tax return

19. TD supplemental 3 of 4

20. TD supplemental 2 of 4

21. TD supplemental 4 of 4

22. TD supplemental 1 of 4

23. TD Bank response to 11-14-2011 subpoena

24. 817 post card

25. certified (Henrico Virginia) documents

26. view from dining room 9717 – picture

27. formal living room 9717 – picture

28. lower foyer 9717 – picture

29. family room 9717 – picture

30. breakfast room 9717 – picture

31. foyer 9717 – picture

32. master bedroom 9717 – picture

33. Walters' Declaration and attachments

34. TD Bank Declaration

35. 2nd TD Bank Declaration

36. Maines Declaration, and deposition

37. Kline Declaration, deposition, attachments and/or exhibits

38. Donati declaration, and attachments

39. Declaration of Dennis Whelan with attachments

40. Deposition of Dennis Whelan with exhibits

41. Oxford (rentals) Declaration with attachment

42. James Suhr Declaration with attachments

43. James Suhr Deposition with exhibits

44. Nathan Sowder Declaration with attachments

45. Nathan Sowder Deposition with exhibits

46. Derrick Rosser Declaration with attachments

47. Derrick Rosser Deposition with exhibits

48. Russ Beck Declaration with attachments

49. Russ Beck Deposition with exhibit

50. Fred Pryor – Hauling declaration with attachments

51. Fred Pryor – Hauling deposition with exhibits

52. Stanley Woodworth – declaration with attachments

53. Martha Clampitt Rental Declaration with attachments

54. Martha Clampitt Deposition with Exhibits

55. Pedro Chicas Declaration with attachments

56. Alex Uminsky Declaration with attachments

57. Alex Uminsky Deposition with attachments

58. Reed Declaration

59. Declaration of Beth Welch with attachments

60. Reed Depositions with exhibits

61. Appraisal of 817 Matlack Drive Moorestown, NJ completed by Robert Macaffery

62. GMACM system notes pertaining to the first mortgage RFC1096-RFC1255

63. GMACM system notes pertaining to the second mortgage RFC1448-RFC1473

64. TD Bank 2011 1099-A relating to New Jersey rental properties RFC 803

65. Letter from Dembo and Saldutti to Oxford House dated June 17, 2010 RFC 807-RFC 808

66. Home Equity Line of Credit Agreement and Disclosure Statement between Frank and Christina Reed and Commerce Bank, N.A. dated September 19, 2003 RFC 809-RFC816

67. Mortgage between Frank and Christina Reed dated February 20, 2004 RFC817-RFC 828

68. Home Equity Line of Credit Agreement and Disclosure Statement Change in Terms Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated February 20, 2004  RFC 829-RFC836

69. Mortgage between Frank and Christina Reed dated August 29, 2003 RFC837-RFC 843

70. HUD-1 dated August 24, 2005 for transaction between Frank and Christian Reed and Commerce Bank, N.A. RFC 844-RFC 845

71. Business Loan Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC846-RFC 850

72. Promissory Note in the amount of $365,500 between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC851-RFC 853

73. Mortgage between Frank and Christina Reed dated August 24, 2005 RFC854-RFC 860

74. Check to Frank and Christina Reed in the amount of $365,500 dated August 24, 2005 RFC 861

75. Disbursement Request and Authorization dated August 24, 2005 RFC862-RFC 866

76. Change in Terms Agreement dated February 28, 2006 RFC867

77. Change in Terms Agreement dated August 14, 2006 RFC868-RFC 869

78. Modification Agreement dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 870-RFC 876

79. Amended and Restated Promissory Note dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 877-RFC882

80. Term Note dated June 5, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 883-RFC 888

81. TD Bank underwriting file for April 11, 2008 business loan on NJ rental properties RFC 889-RFC 952

82. Letter from Frank Reed to Robert Curley dated August 20, 2012 RFC 953

83. Financial statements and handwritten summary produced by Joan Kline RFC 1038-RFC 1049

84. Letter from James Burns to Paul Molloy dated October 31, 2011 RFC 1060

85. Letter from James Burns to Paul Molloy dated November 17, 2011 RFC 1061

86. Oxford House's file concerning Frank Reed NJ rental properties RFC 1050-RFC 1095

87. Deposition of Oscar Marquis with exhibits

88. Deposition of Sarah Lathrop with exhibits


VII.  **DEFENDANT'S EXHIBITS**

A. GMACM system notes pertaining to the first mortgage RFC1096-RFC1255

B. GMACM system notes pertaining to the second mortgage RFC1448-RFC1473

C. *Reed v. Citigroup*, D.N.J. No. 12-2934 Plaintiff's Motion for Summary Judgment RFC556-RFC662

D. *Reed v. Citigroup*, D.N.J. No. 12-2934 Order denying Plaintiff's Motion for Summary Judgment RFC663-RFC716

E. *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Judgment and Opinion RFC1474-1500

F. *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Opening Brief RFC1601-1645

11

G.  *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Appellee's Response RFC1529-1600

H.  *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Reply Brief RFC 1501-1528

I.  *Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 docket RFC 1719-1725

J.  *Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 Plaintiff's Objection to Defendant's Motion to Dismiss RFC 1745-1801

K.  *Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 Plaintiff's surreply in Support of Objection to Defendant's Motion to Dismiss RFC1726-1743

L.  *Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529

M.  Federal Income Tax returns for Frank and Christina Reed 2010 RFC 738-742

N.  Federal and State Income Tax returns for Frank and Christina Reed 2011 RFC 743-765

O.  Federal Income Tax returns for Frank and Christina Reed 2012 RFC 766-769

P.  Federal Income Tax returns for Frank and Christina Reed 2013 RFC 770-779

Q.  Federal and State Income Tax returns for Frank and Christina Reed 2014 RFC 780-798

R.  Social Security Award Letter for Frank Reed dated April 29, 2016 RFC 799-RFC 801

S.  TD Bank 2011 1099-A relating to New Jersey rental properties RFC 803

T.  Letter from Dembo and Saldutti to Oxford House dated June 17, 2010 RFC 807-RFC 808

U.  Home Equity Line of Credit Agreement and Disclosure Statement between Frank and Christina Reed and Commerce Bank, N.A. dated September 19, 2003 RFC 809-RFC816

V.  Mortgage between Frank and Christina Reed dated February 20, 2004 RFC817-RFC 828

W.  Home Equity Line of Credit Agreement and Disclosure Statement Change in Terms Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated February 20, 2004  RFC 829-RFC836

12

X.   Mortgage between Frank and Christina Reed dated August 29, 2003 RFC837-RFC 843

Y.   HUD-1 dated August 24, 2005 for transaction between Frank and Christian Reed and Commerce Bank, N.A. RFC 844-RFC 845

Z.   Business Loan Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC846-RFC 850

AA.  Promissory Note in the amount of $365,500 between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC851-RFC 853

BB.  Mortgage between Frank and Christina Reed dated August 24, 2005 RFC854-RFC 860

CC.  Check to Frank and Christina Reed in the amount of $365,500 dated August 24, 2005 RFC 861

DD.  Disbursement Request and Authorization dated August 24, 2005 RFC862-RFC 866

EE.  Change in Terms Agreement dated February 28, 2006 RFC867

FF.  Change in Terms Agreement dated August 14, 2006 RFC868-RFC 869

GG.  Modification Agreement dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 870-RFC 876

HH.  Amended and Restated Promissory Note dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 877-RFC882

II.  Term Note dated June 5, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 883-RFC 888

JJ.  TD Bank underwriting file for April 11, 2008 business loan on NJ rental properties RFC 889-RFC 952

KK.  Letter from Frank Reed to Robert Curley dated August 20, 2012 RFC 953

LL.  Financial statements and handwritten summary produced by Joan Kline RFC 1038-RFC 1049

MM.  Letter from James Burns to Paul Molloy dated October 31, 2011 RFC 1060

NN.  Letter from James Burns to Paul Molloy dated November 17, 2011 RFC 1061

OO.  Oxford House's file concerning Frank Reed NJ rental properties RFC 1050-RFC 1095

  PP.  Print out of Barbara Hager C drive showing documents produced by Evan Hendricks RFC 521

  QQ.  Expert Report of Oscar Marquis dated August 20, 2014

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

**The Trust's Objections**

The Trust objects to the Reports of Watson and Donati on the basis of hearsay. Claimant has withdrawn Mr. Hendrick's report and will not offer Mr. Hendricks at trial.

The Trust objects to the various Declarations, either partially or in their entirety, as hearsay and on relevance grounds.

The Trust objects to the introduction of the appraisal of 817 Matlack Drive Moorestown, NJ completed by Robert Macaffery as hearsay and relevance grounds.

The Trust objects to exhibits 3, 6, 7, 8, 9, 10, 11, 24 because they were either never produced during the course of this litigation or they are insufficiently described.

The Trust objects to exhibit 59. The Trust previously agreed to the admissibility of the Henrico county land records, accordingly, the declaration is unnecessary.

The Trust objects to documents 61 and 87 on the grounds of relevance.

**Claimant's Objections**

Claimant Objects to the report of Mr. Marquis n relevance.

Claimant objects to the following Trust Exhibits on the grounds of relevance:

  GMACM system notes pertaining to the first mortgage RFC1096-RFC1255

  GMACM system notes pertaining to the second mortgage RFC1448-RFC1473

  *Reed v. Citigroup*, D.N.J. No. 12-2934 Plaintiff's Motion for Summary Judgment RFC556-RFC662

  *Reed v. Citigroup*, D.N.J. No. 12-2934 Order denying Plaintiff's Motion for Summary Judgment RFC663-RFC716

  *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Judgment and Opinion RFC1474-1500

  *Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Opening Brief RFC1601-1645

*Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Appellee's Response RFC1529-1600

*Reed v. Citigroup*, U.S. Ct. App 3d Cir., No. 15-2094 Reply Brief RFC 1501-1528

*Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 docket RFC 1719-1725

*Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 Plaintiff's Objection to Defendant's Motion to Dismiss RFC 1745-1801

*Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529 Plaintiff's surreply in Support of Objection to Defendant's Motion to Dismiss RFC1726-1743

*Reed v. Taylor Bean and Whitacre, et al*, U.S.D.C., E.D.Va, No 15-00529

Federal Income Tax returns for Frank and Christina Reed 2010 RFC 738-742

Federal and State Income Tax returns for Frank and Christina Reed 2011 RFC 743-765

Federal Income Tax returns for Frank and Christina Reed 2012 RFC 766-769

Federal Income Tax returns for Frank and Christina Reed 2013 RFC 770-779

Federal and State Income Tax returns for Frank and Christina Reed 2014 RFC 780-798

Social Security Award Letter for Frank Reed dated April 29, 2016 RFC 799-RFC 801

TD Bank 2011 1099-A relating to New Jersey rental properties RFC 803

Letter from Dembo and Saldutti to Oxford House dated June 17, 2010 RFC 807-RFC 808

Home Equity Line of Credit Agreement and Disclosure Statement between Frank and Christina Reed and Commerce Bank, N.A. dated September 19, 2003 RFC 809-RFC816

Mortgage between Frank and Christina Reed dated February 20, 2004 RFC817-RFC 828

Home Equity Line of Credit Agreement and Disclosure Statement Change in Terms Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated February 20, 2004  RFC 829-RFC836

Mortgage between Frank and Christina Reed dated August 29, 2003 RFC837-RFC 843

HUD-1 dated August 24, 2005 for transaction between Frank and Christian Reed and Commerce Bank, N.A. RFC 844-RFC 845

Business Loan Agreement between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC846-RFC 850

Promissory Note in the amount of $365,500 between Frank and Christina Reed and Commerce Bank, N.A. dated August 24, 2005 RFC851-RFC 853

Mortgage between Frank and Christina Reed dated August 24, 2005 RFC854-RFC 860

Check to Frank and Christina Reed in the amount of $365,500 dated August 24, 2005 RFC 861

Disbursement Request and Authorization dated August 24, 2005 RFC862-RFC 866

Change in Terms Agreement dated February 28, 2006 RFC867

Change in Terms Agreement dated August 14, 2006 RFC868-RFC 869

Modification Agreement dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 870-RFC 876

Amended and Restated Promissory Note dated January 25, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 877-RFC882

Term Note dated June 5, 2008 between Frank and Christina Reed and Commerce Bank, N.A. RFC 883-RFC 888

TD Bank underwriting file for April 11, 2008 business loan on NJ rental properties RFC 889-RFC 952

Letter from Frank Reed to Robert Curley dated August 20, 2012 RFC 953

Financial statements and handwritten summary produced by Joan Kline RFC 1038-RFC 1049

Letter from James Burns to Paul Molloy dated October 31, 2011 RFC 1060

Letter from James Burns to Paul Molloy dated November 17, 2011 RFC 1061

Oxford House's file concerning Frank Reed NJ rental properties RFC 1050-RFC 1095

Print out of Barbara Hager C drive showing documents produced by Evan Hendricks RFC 521

Expert Report of Oscar Marquis dated August 20, 2014

Claimant objects to the following documents on the grounds of hearsay and authenticity:

GMACM system notes pertaining to the first mortgage RFC1096-RFC1255

GMACM system notes pertaining to the second mortgage RFC1448-RFC1473

16

**IX.    CLAIMANT'S WITNESS LIST**

1. Frank Reed
2. Alex Uminski
3. Stevie Watson
4. Pedro Chicas
5. Martha Clampitt
6. Stanley Woodworth
7. Fred Pryor
8. Russow E. Beck, III
9. Derrick Rosser
10. Nathan Sowder
11. James Suhr
12. Paul Molloy
13. Dennis Whelan
14. Christi Donati
15. Joan Kline
16. Robert Maines
17. Robert Curley
18. Jeffrey Walters
19. Peter Mcaffery –authentication witness

**X.    BORROWER TRUST'S WITNESS LIST**

A. Oscar Marquis (rebuttal expert on credit)

B. Sara Lathrop

**XI.    RELIEF SOUGHT**

The plaintiff shall set forth the precise relief sought, including each element of damages.

**Sale of 9717 Old Dell Trace:**

$400,000 for the lost profit on 9717 Old Dell Trace Richmond, VA
$400,000 sunk costs in 9717 Old Dell Trace Richmond, VA
$90,000 for 2nd loan still outstanding to Chase bank

**or if held for rental:**

$5,500 per month – $1,250 per month real estate taxes = $4,250 per month cash flow

Assuming life expectancy of Mrs. Reed pursuant to the US Social Security administration should be 86.6 the lost, UNADVANCED or UNINCREASED cash

17

flow, from the rental with 42 years of ownership. The calculation of that number being the following:

  42 years x 12 months per year x $4,250 = $2,142,000 TOTAL

**Sale of 133 Brookschase Lane Richmond, VA**

>$400,000 projected profit based on previous like projects
>or sunk costs of $7,236

**Deficiency Judgment owed to TD Bank for rentals:**

>$747,206.57 or such amount that is the true amount to satisfy TD Bank for its deficiency and/or loss related to the rental properties at:
>
>318 Columbia Avenue Stratford, NJ
>21 Darien Drive Cherry Hill, NJ
>52 Stone Hollow Drive Sicklerville, NJ

**Lost rental cash flow from New Jersey Rental Properties:**

>$1750   rent per month 52 Stone Hollow Drive Sicklerville, NJ
>$2400   rent per month 21 Darien Drive Cherry Hill, NJ
>$1700   rent per month 318 Columbia Avenue Stratford, NJ

$5,850 - $117 (real estate taxes) = $5,733 net per month

Assuming life expectancy of Mrs. Reed pursuant to the US Social Security administration should be 86.6 the lost, UNADVANCED or UNINCREASED cash flow, from the rental properties is 42 years of ownership. The calculation of that number being the following:

  42 years x 12 months per year x $5,733 = $2,889,432 TOTAL

**Lost value of the properties themselves when taken:**

>$242,000 21 Darien Drive Cherry Hill, NJ
>$180,000 52 Stone Hollow Drive Sicklerville, NJ
>$105,000 318 Columbia Avenue Stratford, NJ
>$527,000 Total

18

**Homelessness:**

In addition to the ascertainable monetary damages, Claimant is now equitably and legally homeless. A final order requiring the sale of his home due to nonpayment of the note has been entered, and it is now simply a matter of time until he must vacate the property to which he no longer has title. This condition is a direct result of Claimant's loss of his properties and business relationships and the economic benefits that he routinely derived from them over the course of decades.

Remedy Sought: The unwinding of the sale of the Reed Note to 21st Mortgage and the cancellation of the debt. New Jersey Constructive Trust Law provides a VERY clear and clean path to effectuate this. It is the MOST cost effective way to resolve this case and will be briefed.

**Lost Loan Revenue – a Legal and/or Equitable Remedy:**

The NJCFA, as a remedial law, serves two purposes: 1) to make a victim of the a fraud covered by the NJCFA whole again and 2) to punish the bad actor for their fraudulent act.

That being said, there is one other final measure of ascertainable loss that may be considered by the Court, and that is the dollar amount of the lost loan revenue. Claimant would likely have received a minimum of $200,000 from TD Bank and $300,000 form Joan Kline for a total of $500,000. The Trust should replace that cash and interest from the date of the wrongful act so that Claimant may attempt to move forward with his real estate concerns. This act would clearly fall within both the legal and *equitable* powers of the Court bestowed upon it by the NJCFA. Briefing could be supplied if and when the Court would require it.

**Attorneys' Fees:**

Claimant seeks the payment of the outstanding bills of both Jeffery S. Walters and Dennis Whelan and the reimbursement of any fee paid to them by Claimant.

*/s/ Frank Reed*
Frank Reed, Pro Se Claimant
817 Matlack Drive
Moorestown, NJ  08057

*/s/ Barbara K. Hager*
Diane A. Bettino
Barbara K. Hager, *admitted pro hac vice*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824

*Co-Counsel for The ResCap Borrower Claims Trust*

-and-

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

**IT IS SO ORDERED.**

Dated:   September 21, 2016
         New York, New York

     **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge