# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING INTERIM DISTRIBUTION
## AND DISPUTED CLAIMS RESERVE

Upon the *ResCap Borrower Claims Trust's Motion for Order Authorizing Interim Distribution And Establishing Disputed Claims Reserve*, dated September 22, 2016 (the "Motion")[1] seeking entry of an order authorizing an Interim Distribution to certain Borrower Claimants in the case, establishing a Disputed Claims Reserve for certain disputed claims in Classes R-5 (ResCap Unsecured Borrower Claims), GS-5 (GMACM Unsecured Borrower Claims), RS-5 (RFC Unsecured Borrower Claims) and Executive Trustee Services, LLC ("ETS") (collectively, the "Disputed Class 5 Claims and ETS Borrower Claims") in connection with the Interim Distribution to be made under the Plan, and authorizing that no reserve be established for certain Disallowed Borrower Claims On Appeal, and estimating such Disallowed Borrower Claims On Appeal at $0 for the purpose of the Interim Distribution; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Peter S. Kravitz in support of the Motion (the "Kravitz Declaration"); and the Court having held a hearing on the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

Motion on October ___, 2016 (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, the ResCap Borrower Claims Trust, Borrower Claimants, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Kravitz Declaration, and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1. The Motion is GRANTED as set forth herein.

2. The Disputed Claims Reserve of $4,638,130.88, as set forth in the Motion, is approved in all respects including establishing no reserve for the Disallowed Borrower Claims On Appeal. Establishment of the Disputed Claims Reserve is without prejudice to the rights of the Borrower Claims Trust to contest the merits and allowance of each of the Disputed Claims being reserved for, and neither the Borrower Claims Trust nor this Court is making a determination that the Debtors, the Debtors' estates, or the Trust is liable on account of any Disputed Claims in any amount.

3. Each of the Disallowed Borrower Claims On Appeal is estimated at $0 for the purpose of the Interim Distribution.

4. The Borrower Claims Trust is authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan, the Borrower Claims Trust, and to implement the terms of this Order. Nothing herein or in the Motion or any action by the Borrower Claims Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of

any Disputed Claim, and the Borrower Claims Trust reserves all of its rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve. All Borrower Claims that have not been specifically Allowed, whether by order of this Court or an express duly authorized written agreement executed by the Borrower Trust, constitute Disputed Claims and shall remain so unless and until they are Disallowed or become Allowed Claims.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
      New York, New York

 

THE HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE