UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>                                      Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER REQUIRING JOAN KLINE TO APPEAR AND TESTIFY AT TRIAL ON THURSDAY, SEPTEMBER 29, 2016, OR IN THE ALTERNATIVE, TO SHOW CAUSE AT THAT TIME WHY SHE SHOULD NOT BE HELD IN CONTEMPT PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 45(g)</u>**

Claimant Frank Reed served a trial subpoena on Joan Kline ("Kline"), requiring her attendance to testify at the trial of this contested matter on Monday, September 26, 2016. The trial of this contested matter is scheduled for this week so postponing Klein's appearance for a later date is not an option.

Kline failed to appear to testify on September 26, 2016 as commanded by the subpoena. Reed has filed a certificate of service showing personal service of the subpoena on Kline along with payment of the required appearance and mileage fees. Kline was previously deposed in this matter on May 10, 2016. She testified that her residence address is 250 Brae Bourn Road, Huntingdon Valley, PA. (Kline deposition at page 9, lines 7–10.) A search of Google Maps shows that Kline's residence address is 85.2 miles from the courthouse. Federal Rule of Civil Procedure 45(c)(1)(A) provides that a subpoena "may command a person to attend a trial . . . within 100 miles of where the person resides . . . ." Failure to comply with a trial subpoena is punishable by contempt under Rule 45(g).

In Kline's absence from Court on September 26, 2016, Reed offered in evidence Kline's May 10, 2016 deposition testimony in lieu of her live appearance. The Trust's counsel objected

to the use of the deposition based on a hearsay objection.  Federal Rule of Evidence ("FRE") 804(b)(1)(A) provides that prior deposition testimony is not excluded by the hearsay rule if the deponent is "unavailable as a witness."  Because Kline resides within 100 miles of the courthouse, she is within the subpoena power of the court and, absent some other showing, Kline is "available."

FRE 804(a)(2) provides that a deponent is unavailable if she "refuses to testify about the subject matter *despite a court order to do so*."  (Emphasis added.)  Reed's only other alternative permitting use of the deposition would be to show that "the statement's proponent has not been able, by process or other reasonable means, to procure the [witness's] attendance."  FRE 804(a)(5).  Reed has moved to hold Klein in contempt because of her failure to appear and testify.  Seeking to compel Kline's testimony by contempt is a "reasonable means."

A court "will normally preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance."  9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2465, at 531 (3d ed. 2008).  Due process requires basic procedural protections of adequate notice and an opportunity to be heard before being subject to sanctions.  *Id.*

**Consequently, the Court orders that Kline shall appear in person at a hearing on September 29, 2016, at 9:00 a.m., in Courtroom 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, either to testify at the trial or, in the alternative, to explain why she should not be held in civil contempt and subject to sanctions, including possibly a monetary award to Reed or confinement in jail until Kline testifies.**

Reed shall serve a copy of this Order on Kline on or before 6:00 p.m., September 27, 2016, by email or facsimile.  Reed shall promptly file a certificate of service of this Order on the docket.

**IT IS SO ORDERED.**

Dated:    September 27, 2016
         New York, New York

                                    ___*Martin Glenn*_____
                                       MARTIN GLENN
                                    United States Bankruptcy Judge