UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 26, 2016

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

        Debtors.

Chapter 11
Case No. 12-12020 (MG)

ERLINDA ABIBAS ANIEL,

        Appellant,

-against-

RESCAP LIQUIDATING TRUST,

        Appellee.

**ORDER**

15 Civ. 6919 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Erlinda Abibas Aniel has appealed United States Bankruptcy Judge Martin Glenn's June 30, 2015 order sustaining ResCap Liquidating Trust's objections to Aniel's claim for wrongful foreclosure, and expunging the claim. (Notice of Appeal (Dkt. No. 1); see also Order (Bankr. Dkt. No. 8820)) Aniel disputes Judge Glenn's conclusion that she lacks Article III standing to contest the foreclosure. For the reasons stated below, the appeal will be denied and the order of the Bankruptcy Court will be affirmed.

## BACKGROUND

### I.    RELEVANT FACTS

#### A.    The Loan

        This case arises from a foreclosure on a property located at 801 Foothill Drive in San Mateo, California. On March 22, 2007, Raul and Corazon Estiva – non-parties to this action – obtained a $1 million loan from MortgageIT, Inc. (Note (Bankr. Dkt. No. 8237-8)) The loan

note was secured by the 801 Foothill Drive property. (Deed of Trust (Bankr. Dkt. No. 8237-9) at 4[1]) Appellant Aniel was not a party to the loan note or deed of trust. (See Note (Bankr. Dkt. No. 8237-8); Deed of Trust (Bankr. Dkt. No. 8237-9))

On December 15, 2008, Executive Trustee Services, LLC ("ETS") – the substitute trustee on the loan (see Substitution of Trustee (Bankr. Dkt. No. 8237-12)) – issued a notice of default to the Estivas. (Notice of Default (Bankr. Dkt. No. 8237-11)) The Estivas failed to cure their default on the loan, and ETS issued a notice of foreclosure sale on March 18, 2009. (Notice of Trustee's Sale (Bankr. Dkt. No. 8237-13))

On February 3, 2011, Corazon Estiva executed a grant deed providing that Appellant Erlinda Aniel and her husband, Fermin Aniel, each had a one percent interest in the title of the property.[2] (Grant Deed (Bankr. Dkt. No. 8237-20)) The Aniels did not assume any obligation as to the Estivas' mortgage. (See Note (Bankr. Dkt. No. 8237-8); Deed of Trust (Bankr. Dkt. No. 8237-9)) On March 10, 2011, HSBC purchased the property at a foreclosure sale. (Trustee's Deed Upon Sale (Bankr. Dkt. No. 8237-21))

B.   **The Aniels' Bankruptcy and Litigation History**

On February 25, 2009, Appellant Aniel and her husband, Fermin Aniel, filed a Chapter 11 bankruptcy petition in the Northern District of California. (N.D. Cal. Bankr. Dkt. Sheet (Bankr. Dkt. No. 8237-14)) The Aniels listed a fee simple ownership interest in the 801 Foothill Drive property on their amended bankruptcy schedule. (Aniel Amended Schedule

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Filing system.

[2] Aniel also asserts that she entered into an agreement with the Estivas in which they promised her a "50% ownership in the property and 50% of any profits received from the property." (Appellant Br. (Dkt. No. 16) at 10; Aniel Opp. (Bankr. Dkt. No. 8370), Ex. 1 (Erlinda Aniel Decl.) ¶ 13) The record does not reveal when Aniel entered into this agreement. Moreover, as Judge Glenn noted, Aniel has presented no documentary evidence of any such agreement. (Bankr. Dkt. No. 8820 at 20)

2

(Bankr. Dkt. 8237-15) at 10) On August 2, 2010, the Aniels' Chapter 11 case was converted to a Chapter 7 case pursuant to 11 U.S.C. § 701 et seq. (N.D. Cal. Bankr. Dkt. Sheet (Bankr. Dkt. No. 8237-14)) On November 2, 2010, the California bankruptcy court entered an order authorizing the Chapter 7 trustee to abandon, inter alia, the Aniels' purported interest in the 801 Foothill Drive property (Bankr. Dkt. No. 8237-17)), and on December 2, 2010, the court granted the Aniels a discharge (Bankr. Dkt. No. 8237-16)).

On February 2, 2011, the Aniels filed a complaint in California Superior Court asserting state law claims against multiple defendants, including GMAC Mortgage ("GMACM"), ETS, HSBC, and Mortgage Electronic Registration Systems, Inc. ("MERS"), arising from the foreclosure. (See CA Sup. Ct. Cmplt. (Bankr. Dkt. No. 8237-4) at 10-33) On March 7, 2011, the GMACM, ETS, HSBC, and MERS defendants filed a demurrer, which the Superior Court sustained without leave to amend on June 8, 2011. (CA Superior Ct. Dkt. Sheet (Bankr. Dkt. No. 8237-19)) The Aniels appealed to the California Court of Appeal on February 2, 2012, but the appeal was stayed on May 14, 2012, as a result of the instant bankruptcy proceeding. (Bankr. Dkt. No. 1; see also 11 U.S.C. § 362 (providing for an automatic stay of litigation against a debtor following the filing of a bankruptcy petition))

## II.    PROCEDURAL HISTORY

On May 14, 2012, Residential Capital, LLC and its indirect subsidiaries, including ETS and GMACM, filed petitions for voluntary relief under Chapter 11 of the United States Bankruptcy Code, § 1101 et seq., in the United States Bankruptcy Court for the Southern District of New York. (Bankr. Dkt. No. 1)

On June 19, 2012, Erlinda, Fermin, and Marc Aniel filed Claim Numbers 112 and 114 – the claims at issue in this appeal[3] – asserting a $10,000 general unsecured claim against Debtor ETS and a $1,075,000 secured claim against Debtor GMACM. (Proof of Claims (Bankr. Dkt. No. 8237-4))

On December 11, 2013, Judge Glenn entered an order approving the terms of Residential Capital's Chapter 11 plan. (Bankr. Dkt. No. 6065-1) On December 17, 2013 – the Effective Date of the Plan – ResCap Liquidating Trust was established "to make distributions and other payments in accordance with the Plan and the Liquidating Trust agreement," and to handle the affairs of the Debtors' estates. (Id. at 42)

On March 5, 2015, the Trust filed an objection to the Aniels' claims on the grounds that they failed to state a viable cause of action. (Bankr. Dkt. No. 8237) On June 30, 2015, Judge Glenn sustained the objection, finding that the Aniels lacked standing to challenge the 801 Foothill Drive foreclosure. (Bankr. Dkt. No. 8820 at 21) Judge Glenn concluded that the Aniels did not have a sufficient interest in the property to challenge the foreclosure sale, because they were not parties to the loan agreement at the time the foreclosure sale took place. (Id. at 20) On July 9, 2015, the Aniels moved for reconsideration. (Bankr. Dkt. No. 8897) Judge Glenn denied the Aniels' motion for reconsideration on August 18, 2015. (Bankr. Dkt. No. 9027)

On August 24, 2015, Erlinda Aniel filed the instant appeal. (Dkt. No. 1) Aniel alleges that she had a fifty percent interest in the 801 Foothill Drive property, and "lost all her interest in the property" as a result of the foreclosure sale. (Appellant Br. (Dkt. No. 16) at 8-9) Aniel states that her interest in the property is established by (1) an agreement with Raul Estiva,

---

[3] While the underlying claims were filed by Erlinda, Fermin, and Marc Aniel, Erlinda Aniel is the only named appellant.

4

under which Aniel agreed to make payments on the mortgage, maintain the property, collect rent, and pay insurance and taxes in exchange for "a 50% ownership in the property and 50% of any profits received from the property" (Id. at 8-10); (2) the grant deed, executed on February 3, 2011, that transferred a 1 percent interest in the deed to Erlinda Aniel and a 1 percent interest to Fermin Aniel (Id. at 8); and (3) Aniel's Amended Schedule in her Chapter 11 bankruptcy case. (Id.)

## DISCUSSION

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(1), district courts are vested with appellate jurisdiction over bankruptcy court rulings. When sitting as an appellate court, the district court may "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. "A district court reviews a bankruptcy court's findings of fact for clear error. . . ." In re Bernard L. Madoff Inv. Sec. LLC, 531 B.R. 345, 350 (S.D.N.Y. 2015) (citing In re Bell, 225 F.3d 203, 209 (2d Cir. 2000); In re Metaldyne Corp., 421 B.R. 620, 624 (S.D.N.Y. 2009)).

A finding of fact is clearly erroneous where,

> "although there is evidence to support it, the . . . court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). While the trial court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. See 9C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2585 (1995). If two views of evidence are possible, the trial judge's choice between them cannot be clearly erroneous. See Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985). "To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force

5

of a five-week-old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228 (7th Cir.), cert. denied, 493 U.S. 847 (1989).

H & C Dev. Group, Inc. v. Miner (In re Gregory & Dawn Miner), 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999).

A bankruptcy judge's conclusions of law are reviewed de novo. Official Comm. of Unsecured Creditors of AppliedTheory Corp. v. Halifax Fund, L.P. (In re AppliedTheory Corp.), 493 F.3d 82, 85 (2d Cir. 2007). When reviewing an issue de novo, the Court "decide[s] the issue as if no decision had previously been rendered." In re Miner, 229 B.R. at 565.

Mixed questions of law and fact are reviewed "de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." Bay Harbor Mgmt., L.C. v. Lehman Bros. Holdings, Inc. (In re Lehman Bros. Holdings, Inc.), 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.), 554 F.3d 300, 316 n.11 (2d Cir.2009)).

## II. THE BANKRUPTCY COURT PROPERLY CONCLUDED THAT APPELLANT LACKS STANDING

### A. Applicable Law

It is well established that "'[a] plaintiff must demonstrate standing for each claim and form of relief sought.'" Carver v. City of New York, 621 F.3d 221, 225 (2d Cir. 2010) (quoting Baur v. Veneman, 352 F.3d 625, 642 n.15 (2d Cir. 2003)). "'Because standing is jurisdictional under Article III of the United States Constitution, it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.'" Picard v. JPMorgan Chase & Co., 460 B.R. 84, 91 (S.D.N.Y. 2011) (quoting Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991)), aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC., 721 F.3d 54 (2d Cir. 2013).

> [T]he "irreducible constitutional minimum" of standing consists of three elements. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Id., at 560-561; Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan, 504 U.S. at 560). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (quoting Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1150 n.5 (2013)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560 n.1). "'As a general rule,' this means 'plaintiff must have personally suffered.'" In re the Bear Stearns Companies, Inc. Sec., No. 08 MDL 1963 (RWS), 2016 WL 4098385, at *17 (S.D.N.Y. July 25, 2016) (quoting W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 107 (2d Cir. 2008)). "Concreteness" refers to an injury that is "real, and not abstract." Spokeo, 136 S. Ct. at 1548 (internal quotation marks omitted).

### B. Analysis

Aniel argues that – although she was never a party to the loan note or deed of trust – she has standing to challenge the foreclosure because she has an equitable ownership interest in the 801 Foothill Drive property as a result of, inter alia, tax, home insurance, and mortgage

payments she made relating to the property.[4] (Appellant Br. (Dkt. No. 16) at 9–10) Aniel claims that she suffered a concrete injury when the Debtors foreclosed on the property, because she thereby "lost all her interest in the property and all of her investments and contributions to the property." (Id. at 8-10)

Judge Glenn found that Anolik v. Bank of Am. Loans, No. 2:11-CV-00406-MCE, 2011 WL 1549291 (E.D. Cal. Apr. 21, 2011) forecloses Appellant's claim. (Bankr. Dkt. No. 8820 at 20) In Anolik, the court held that plaintiff lacked standing to challenge the validity of a foreclosure proceeding because plaintiff (1) "was not the borrower on the subject loan," and (2) "had not assumed the obligations under the loan in writing and with the lender's consent, as required by the Deed of Trust." Anolik, 2011 WL 1549291, at *3.

Moreover, in Worthy-Pugh v. Deustche Bank Nat'l Tr. Co., No. 3:14-CV-1620 (AWT), 2016 WL 2944535, at *3 (D. Conn. Jan. 29, 2016), the court likewise held that plaintiff "lack[ed] standing to challenge the foreclosure proceedings because he was not a party to the Note or the Mortgage." Although plaintiff resided at the property at issue, he did not have the requisite "cognizable legally protected interest in the Property" to sufficiently allege an injury-in-fact. Id.; see also Robertson v. GMAC Mortg. LLC, 982 F. Supp. 2d 1202, 1206-08 (W.D. Wash. 2013) (the law does not permit "any person with an interest in the property" to sue a lender for wrongful foreclosure; a person has standing only if he or she has a "financial stake in the loan transaction" (emphasis added)).

Here, as in Anolik, the Estivas' deed of trust required the execution of a formal agreement – with the lender's consent – in order for a third party, such as Aniel, to assume any obligations under the loan. (Deed of Trust (Bankr. Dkt. No. 8237-9) at 11 ("Borrower shall not

---

[4] The record contains no documentary evidence of such payments, nor does it indicate when any such payments were made.

8

be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing.")) Assuming arguendo that Erlinda Aniel held a one percent interest in the title of the property pursuant to the grant deed, Aniel never formally assumed any part of the Estivas' obligations under the mortgage. (See Appellant Br. (Dkt. No. 16) at 10-11) Accordingly, Aniel cannot allege an injury-in-fact based on the foreclosure.[5] See Worthy-Pugh, 2016 WL 2944535, at *3; Robertson, 982 F. Supp. 2d at 1206–08; Anolik, 2011 WL 1549291, at *3.

Aniel argues, however, that she has standing because (1) she "listed the subject property as her property" in her bankruptcy petition; (2) "Appellees never challenged her standing in the Bankruptcy Court"; and (3) "[t]he California Bankruptcy Court even abandoned the subject property from Appellant's estate." (Appellant Br. (Dkt. No. 16) at 13)

The fact that the Aniels listed an interest in the 801 Foothill Drive property in documents they submitted during their bankruptcy proceeding is not evidence that Appellant actually had an interest in that property. Nor did the bankruptcy court handling the Aniels' petition make a finding as to whether the Aniels had an interest in the 801 Foothill Drive property.

The fact that Appellees never "challenge[d] Appellant's disclosure of [her alleged] ownership interest" in the property during the Aniels' bankruptcy proceeding (see id.) is irrelevant, because Appellees were not parties to the Aniels' California bankruptcy proceeding.

---

[5] To the extent that Aniel argues that the Estivas had promised her a "50% ownership in the property and 50% of any profits received from the property" (see Appellant Br. (Dkt. No. 16) at 10), as noted above, there is no documentary evidence of any such agreement. (Bankr. Dkt. No. 8820 at 20) In any event, under Anolik, any such agreement would not be sufficient to establish standing.

9

Finally, as Judge Glenn noted in denying Aniel's motion for reconsideration, "Aniel's chapter 7 trustee could only abandon whatever ownership interest in [801 Foothill Drive] that Aniel possessed before she filed for bankruptcy; the abandonment of her alleged ownership interest could not augment her rights and confer her with co-borrower status under the loan." (Bankr. Dkt. No. 9027 at 6) In short, the fact that Aniel's Chapter 7 trustee abandoned any ownership interest Aniel had in 801 Foothill Drive does not establish that she had an ownership interest in that property, much less that she had assumed obligations under the loan concerning that property.[6]

\* \* \* \*

Because Aniel has not demonstrated an injury-in-fact, Judge Glenn made no error in concluding that she lacks Article III standing to challenge the foreclosure.

## CONCLUSION

For the reasons stated above, the judgment of the Bankruptcy Court for the Southern District of New York is affirmed. This appeal is dismissed in its entirety and the Clerk of the Court is directed to close this case.

Dated: New York, New York
      September 24, 2016        SO ORDERED.

*Paul G. Gardephe* (signature)
Paul G. Gardephe
United States District Judge

---

[6] Aniel also argues that Judge Glenn's "factual and legal determination of Appellant's standing . . . was outside of [his] jurisdiction at the time[,] because that issue was already pending in the California Court of Appeals." (Appellant Br. (Dkt. No. 16) at 11) Judge Glenn was required to address Aniel's standing, however, because she had filed a claim in the bankruptcy proceeding before him, and Article III standing is a threshold requirement for asserting a claim in federal court. See Picard, 460 B.R. at 91.