Hearing Date:  October 13, 2016 at 2:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- )
In re:                                                                 )    Case No. 12-12020 (MG)
                                                                       )
RESIDENTIAL CAPITAL, LLC, et al.,                                      )    Chapter 11
                                                                       )
                                    Debtors.                           )    Jointly Administered
                                                                       )
---------------------------------------------------------------------- )

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
OBJECTION TO CLAIM NUMBER 684 FILED BY BERNARD WARD
AND COLLEEN HALLORAN**

ny-1248755

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................................1

II.  REPLY ........................................................................................................................2

    A.   The Claimants Have Not Demonstrated The Existence of an Enforceable Contract ..........................................................................................................2

    B.   The Statute of Frauds Applies to the Letters ............................................3

    C.   The Lack of Damages Precludes All of the Causes of Action ...............6

    D.   GMACM Did Not Owe Claimants a Duty of Care ................................7

    E.   The Claimants Have Failed to Allege the Elements of a Fraud Claim...................9

    F.   The Wrongful Foreclosure Claim is Moot ...............................................10

    G.   The Claimants UCL Claim Also Fails......................................................10

    H.   The Lathrop Declaration is Admissible..................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aceves v. U.S. Bank, N.A.,
  120 Cal. Rptr. 3d 507 (Cal. Ct. App. 2011)................................................................................5

Alvarez v. BAC Home Loans Servicing, L.P.,
  176 Cal. Rptr. 3d 304 (Cal. Ct. App. 2014)................................................................................7

Am. Emp'rs. Grp., Inc. v. Emp't Dev. Dep't,
  65 Cal. Rptr. 3d 233 (Cal. Ct. App. 2007).................................................................................3

Anderson v. Deloitte & Touche LLP,
  66 Cal. Rptr. 2d 512 (Cal. Ct. App. 1997).................................................................................9

Aspiras v. Wells Fargo Bank, N.A.,
  162 Cal. Rptr. 3d 230 (Cal. Ct. App. 2013)................................................................................8

Benson v. Ocwen Loan Servicing, LLC,
  562 Fed. Appx. 567 (9th Cir. 2014) ...........................................................................................8

Biakanja v. Irving,
  320 P.2d 16 (Cal. 1958)..............................................................................................................7

Crowell v. Downey Reg'l Med. Ctr. Hosp., Inc.,
  No. B167785, 2004 WL 909449 (Cal. Ct. App. Apr. 29, 2004) .................................................5

Garcia v. World Savs., FSB,
  107 Cal. Rptr. 3d 683 (Cal. Ct. App. 2010)................................................................................5

Griffin v. Green Tree Servicing, LLC,
  No. cv-14-09408 MMM (VBK), 166 F. Supp. 3d 1030.............................................................8

Kruse v. Bank of Am.,
  248 Cal. Rptr. 217 (Cal. Ct. App. 1988).....................................................................................3

Laks v. Coast Fed. Savs. & Loan Ass'n,
  131 Cal. Rptr. 836 (Cal. Ct. App. 1976).....................................................................................4

Lueras v. BAC Home Loans Servicing L.P,
  163 Cal. Rptr. 3d 804 (Cal. Ct. App. 2013)............................................................................7, 8

Newgent v. Wells Fargo Bank, N.A.,
  No. 09-cv-1525 WQH (WMC), 2010 WL 761236 (S.D. Cal. Mar. 2, 2010) ............................4

Nymark v. Heart Fed. Savs. & Loan Ass'n,
  283 Cal. Rptr. 53 (Cal. Ct. App. 1991).......................................................................................7

Wilk v. Vencill,
 180 P.2d 351 (Cal. 1947)..................................................................................................5

**STATUTES**

CAL. CIV. CODE § 1623 ................................................................................................................5, 6

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the Chapter 11 plan (the "Plan") confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with regard to Borrower Claims (as defined below), hereby submits this reply (the "Reply"), together with the supplemental declaration of Sara Lathrop, Senior Claims Analyst to the Borrower Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimants Bernard Ward and Colleen Halloran (the "Claimants") [Docket No. 10132] (the "Response") to the *Objection of The ResCap Borrower Claims Trust To Claim Number 684 Filed By Bernard Ward and Colleen Halloran* [Docket No. 9980] (the "Objection").[1]  In further support of the Objection, the Borrower Trust respectfully represents as follows:

I.     PRELIMINARY STATEMENT

1. Based on the record before the Court, the Claimants have not met the requisite burden of proof with respect to the Claim because the Claimants fail to allege one or more of the necessary elements of each of the underlying causes of action. For example, the Claimants cannot demonstrate a breach of contract claim because there was no meeting of the minds between the parties and the alleged agreement does not meet the requirements under the statute of frauds. The Claimants' negligence claim fails because they have not demonstrated that GMACM owed them a duty of care, and the Claimants' fraud claims also fail because the Claimants cannot show that GMACM did not intend to execute a loan modification with the Claimants at the time it informed the Claimants that they were approved. Additionally, all of the

---

[1]     Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

1

ny-1248755

above causes of action fail for lack of damages. Moreover, the Claimants' wrongful foreclosure claim is moot because the foreclosure was rescinded. Finally, the Claimants' cause of action under the UCL fails because the only relief permitted under that statute (i.e., equitable relief) is not available in these Bankruptcy Proceedings. For these reasons, as set forth below and in the Objection, the Claim should be disallowed and expunged from the Claims Register in its entirety.

## II.    REPLY

### A.    The Claimants Have Not Demonstrated The Existence of an Enforceable Contract

2.    In the Response, the Claimants assert that there was a sufficient meeting of the minds as to the alleged loan modification contract because the "essential" terms of the Permanent Loan Modification were agreed to in the April 22 and the April 28 Letters, namely the amount of the monthly payment, the modified interest rate, the date of the first payment, and the number of payments under the modified loan. See Response ¶ 32. As an initial matter, as discussed in the Objection, there are a number of terms that were not included in those letters that are just as "essential" as the terms that were listed, including the due date of the monthly payments, the rights of the parties upon breach of the agreement, the modified principal balance, and the maturity date of the loan. See Objection ¶ 37. While the Claimants assert that such terms are not necessary for the formation of an enforceable loan modification, without such terms, it is difficult to understand how the contract could have been enforced by either side. And perhaps most importantly, neither letter included the step interest rate, which the Claimants now admit was part of the proposed agreement. See Response ¶ 44.

3.    Furthermore, only one of the "essential" terms noted by the Claimants, the amount of the monthly payment, was in both the April 22 and the April 28 Letters. The number of payments and the initial payment date were only listed in the April 22 Letter. Moreover, in

2

ny-1248755

addition to omitting the step interest rate, the two letters differ as to the initial interest rate, with the April 22 Letter listing 2.88% and the April 28 Letter listing 2.875%. Thus, even the more limited "essential terms" asserted by the Claimants were not agreed to in the two letters. As noted in the Objection, "the failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract." Am. Emp'rs. Grp., Inc. v. Emp't Dev. Dep't, 65 Cal. Rptr. 3d 233, 241 (Cal. Ct. App. 2007) (citation omitted).

4. Additionally, the Claimants fail to address the argument that neither the April 22 nor the April 28 Letter were intended to form the actual permanent loan modification. As discussed in paragraph 39 of the Objection, it is clear that a more formal contract was to follow the letters. This is evidenced by the April 22 Letter, which stated "I understand that while it has been approved, the paperwork may not arrive in time for a May 1 payment date…" See April 22 Letter, attached as Exhibit 3 to the Proof of Claim (which is Exhibit 4 to the Objection). "A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent." Kruse v. Bank of Am., 248 Cal. Rptr. 217, 229 (Cal. Ct. App. 1988) (citation omitted). As a result, there was not a meeting of the minds because the letters were not intended to bind the parties. Rather, it was clearly expressed to the Claimants that the actual contract would follow. Therefore, the Claimants have not demonstrated the existence of a valid permanent loan modification contract, and their breach of contract claim fails as a matter of law.

B. **The Statute of Frauds Applies to the Letters**

5. As was discussed in the Objection, the letters also cannot form a contract because they were not executed and do not meet the requirements of the statute of frauds. See

3

ny-1248755

Objection ¶ 42. The Claimants assert that the Borrower Trust is precluded from making such an argument under the doctrine of promissory estoppel. See Response at 10-16. However, the Claimants cannot demonstrate their right to assert promissory estoppel because they have failed to demonstrate that they relied to their detriment on any promise by GMACM.

6. As stated by the Claimant, a claim for promissory estoppel requires that the following elements be established: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by the reliance." Laks v. Coast Fed. Savs. & Loan Ass'n, 131 Cal. Rptr. 836, 839 (Cal. Ct. App. 1976). The Claimants assert that they relied on GMACM's statements by not seeking alternative loan financing from another lender, or seeking bankruptcy relief to restructure the loan. See Response ¶ 40. As an initial matter, the Claimants allege neither what alternative financing they could have pursued but for the foreclosure, nor how they could have restructured their loan to their benefit through the bankruptcy process. Courts in similar situations have granted motions to dismiss where plaintiffs fail to assert facts to support their allegations of detrimental reliance. See Newgent v. Wells Fargo Bank, N.A., No. 09-cv-1525 WQH (WMC), 2010 WL 761236, at *7 (S.D. Cal. Mar. 2, 2010) (granting a motion to dismiss where the plaintiff "does not … allege facts that could establish that Plaintiff would have been successful in delaying the foreclosure sale, renegotiating [the] loan, and retaining possession of the home.") Therefore, the Claimants cannot demonstrate detrimental reliance.

7. Additionally, and perhaps more fundamentally, the Claimants do not demonstrate any action by GMACM that prevented them from pursuing the alternatives they allegedly would have pursued. After the rescission of the foreclosure, the Claimants were free to

4

ny-1248755

refinance the loan or file for bankruptcy, but they did not do so. This is in sharp contrast to the cases cited by the Claimants, which all involved situations where the plaintiff was permanently harmed as a result of the reliance. See e.g. Wilk v. Vencill, 180 P.2d 351, 354 (Cal. 1947) (holding that a plaintiff detrimentally relied on the defendant's promise to sell him the house by foregoing the opportunity to purchase another house that was sold to someone else); Garcia v. World Savs., FSB, 107 Cal. Rptr. 3d 683, 688 (Cal. Ct. App. 2010) (finding detrimental reliance where the plaintiff closed on a loan that they would not have but for the promise of the defendant); Aceves v. U.S. Bank, N.A., 120 Cal. Rptr. 3d 507, 516-17 (Cal. Ct. App. 2011) (finding detrimental reliance where a plaintiff lost her right to convert her bankruptcy to a chapter 13 proceeding by not converting in time under the statute in reliance on the defendant's promise). As a result, the Claimants have not demonstrated how they were placed in a worse position than they were in prior to the alleged agreement in April 2011, and have therefore failed to demonstrate the necessary elements of promissory estoppel.

8.  The Claimants also assert that the Borrower Trust is precluded from applying the statute of frauds because of Cal. Civil Code § 1623, which states:

> Where a contract, which is required by law to be in writing, is prevented from being put into writing by the fraud of a party thereto, **any other party who is by such fraud led to believe that it is in writing**, and acts upon such belief to his prejudice, may enforce it against the fraudulent party.

CAL. CIV. CODE § 1623 (West 2016) (emphasis added). The Claimants state that this section applies because GMACM fraudulently stated that the loan modification "would be put in writing" when that was not the case. See Response ¶ 51. However, this statement itself demonstrates that the Claimants never believed that the loan modification actually was in writing, just that it would be reduced to writing in the future. See Crowell v. Downey Reg'l Med. Ctr. Hosp., Inc., No. B167785, 2004 WL 909449, at *8 (Cal. Ct. App. Apr. 29, 2004)

5

(holding that § 1623 did not apply where the appellant admitted that he knew the written agreement was "being prepared" and was not misled to believe a written contract actually existed). Therefore, because there was no belief that the contract was in writing, and no statement by GMACM that would have suggested that there was a written contract, Cal. Civil Code § 1623 does cannot apply and the Claimants' breach of contract claim is barred by the statute of frauds.

### C.     The Lack of Damages Precludes All of the Causes of Action

9.     A crucial element to any of the Claimants' causes of action is damages resulting from the actions of GMACM. As was discussed in the Objection, the Claimants were offered additional loan modifications in July 2011 and March 2012 that had the same or better terms as the terms discussed in April 2011. See Objection at ¶¶ 27-30. This, along with the fact that the foreclosure was rescinded less than twenty-five days after the foreclosure sale and the Claimants' credit was not affected, means that, had the Claimants accepted either of these offers, they would have been in the exact same (or better) position that they would have been in had the loan modification been executed in April 2011. As a result, the Claimants cannot demonstrate that the alleged actions of GMACM caused them any harm.

10.     Claimants assert in the Response that they did not receive such modification offers; however, the Books and Records demonstrate that a letter was sent to the Claimants on July 22, 2011 conveying the Second Loan Modification. See Supplemental Declaration ¶ 4; see also Servicing Notes, attached as Exhibit E to the Lathrop Declaration and the Second Loan Modification Agreement, attached as Exhibit B to the Huber Declaration. The Books and Records also demonstrate that a letter was sent to the Claimants on March 12, 2012 conveying the Third Loan Modification Agreement. See Supplemental Declaration ¶ 5. Had the

Claimants accepted either of these offers, they would not have been in a worse position, and therefore, they cannot demonstrate the damages element of any of their causes of action.

### D. GMACM Did Not Owe Claimants a Duty of Care

11. The Claimants also assert that they have stated a claim for negligence, arguing that GMACM owed them a duty of care with regard to their loan modification. See Response ¶¶ 63-72. As an initial matter, as discussed in ¶¶ 9-10 supra, whether GMACM owes a duty to the Claimants is irrelevant, as the rescission of the foreclosure and the fact that the Claimants were offered permanent loan modifications shortly after GMACM's error means that the Claimants were not damaged by the alleged negligence. Nevertheless, even if damages could be demonstrated, the Claimants have not demonstrated that GMACM owed them a duty of care.

12. The Claimants note that there is some disagreement among the California appellate courts concerning whether a servicer owes a duty of care to a borrower when processing a loan modification application. See Response ¶ 61, citing Lueras v. BAC Home Loans Servicing L.P, 163 Cal. Rptr. 3d 804 (Cal. Ct. App. 2013) (finding that a residential lender does not owe a duty of care to a borrower) and Alvarez v. BAC Home Loans Servicing, L.P., 176 Cal. Rptr. 3d 304, 310 (Cal. Ct. App. 2014) (holding the opposite). This disagreement comes down to how courts should apply the factors identified Biakanja v. Irving, 320 P.2d 16 (Cal. 1958), which was cited by the California Supreme Court in Nymark v. Heart Fed. Savs. & Loan Ass'n when determining that a lender does not owe a duty of care to a borrower. 283 Cal. Rptr. 53 (Cal. Ct. App. 1991). In Lueras, the court addressed whether a loan lender that orally agreed to modify a loan was negligent for not following through on that agreement. The California Court of Appeals held that a lender's obligations related to a loan modification "are created solely by the loan documents, statutes, regulations, and relevant directives…." Lueras, at 820. The court further reasoned that "[t]he Biakanja factors do not support imposition of a

7

common law duty to offer or approve a loan modification" and that "[i]f the modification was necessary due to the borrower's inability to repay the loan…" then the lender did not create the need for the modification and "no moral blame would attach to the lender's conduct." Id. Therefore, because the lender did not cause the Plaintiff's inability to make his monthly payment, there was no duty of care owed by the lender as a matter of law. Id. at 821.

13. The majority of courts in California, including the United States Court of Appeals for the Ninth Circuit, have held that Lueras properly states the law. See Benson v. Ocwen Loan Servicing, LLC, 562 Fed. Appx. 567, 569-70 (9th Cir. 2014) (citing Lueras and holding, "The district court did not err in dismissing Benson's negligence claim against Ocwen and HSBC for failure to state a claim, because neither Ocwen nor HSBC owed Benson a common law duty of care. The duty of care imposed on construction lenders, does not apply in the residential loan context.") (internal citations omitted); see also Aspiras v. Wells Fargo Bank, N.A., 162 Cal. Rptr. 3d 230, 243 (Cal. Ct. App. 2013) ("the handling of loan modification negotiations or servicing is a typical lending activity that precludes imposition of a duty of care."); Griffin v. Green Tree Servicing, LLC, No. cv-14-09408 MMM (VBK), 166 F. Supp. 3d 1030, 1053 (C.D. Cal. Apr. 9, 2015) ("[A]lthough not without doubt, the court finds that the weight of California and Ninth Circuit authority leaves intact the general rule that a lender owes no duty to a borrower unless it steps outside its conventional role as lender. Because negotiation of a loan modification does not fall outside this role, [plaintiff] has not adequately alleged that defendants owed her a duty of care, and her negligence claim must be dismissed.") Therefore, while there is a split in authority, the Borrower Trust submits that the more compelling reasoning supports a finding that a mortgage servicer does not owe a duty of care when reviewing a

8

borrower for a loan modification. As a result, the Claimants' negligence claim fails as a matter of law.

### E. The Claimants Have Failed to Allege the Elements of a Fraud Claim

14. The Claimants newly assert that they have sufficiently stated a claim for fraud because "Claimants were informed that they were approved for a permanent loan modification" and that if the May payment was made "no foreclosure proceedings would go forward…." See Response ¶ 55. However, in order to plead a claim for fraud, the Claimants must demonstrate that the statement was false, GMACM knew of its falsity when it made the statement, and GMACM intended to defraud the Claimants. See Anderson v. Deloitte & Touche LLP, 66 Cal. Rptr. 2d 512 (Cal. Ct. App. 1997).

15. There is nothing before the Court to suggest that the statement was false when made, since GMACM did in fact approve the Claimants for a loan modification and clearly intended to follow through with a permanent modification. The fact that an error was made after GMACM's conversation with the Claimants does not demonstrate that GMACM had knowledge at the time the statements that the modification would not be executed. Therefore, the Claimants have failed to sufficiently allege the elements of fraud to meet the heightened pleading standards of Rule 9.

16. Finally, as with all of the Claimants' other causes of action, the Claimants have failed to demonstrate how they were damaged by the alleged misrepresentations. As discussed in ¶¶ 9-10 *supra*, the Claimants did not lose their home in foreclosure, their credit was not affected, and they were offered a new and substantially similar loan modification in July 2011. As a result, the Claimants' fraud claims also fail for lack of damages.

### F. The Wrongful Foreclosure Claim is Moot

17. The Claimants assert that there was no evidence provided to demonstrate that the foreclosure sale was rescinded, and therefore the wrongful foreclosure claim is not moot. Such statements are surprising, given that they have continued to live in their home for the last five years. Nevertheless, a copy of the rescission of the foreclosure sale is attached hereto as <u>Exhibit 2</u>. Since the foreclosure was rescinded, the Claimants cannot assert a cause of action for wrongful foreclosure.

### G. The Claimants UCL Claim Also Fails

18. The Claimants only address the Borrower Trust's objection to the UCL claim by pointing to their other causes of action. As demonstrated above, because the other causes of action fail as a matter of law, the UCL claim similarly fails. Furthermore, the Claimants do not address the Borrower Trust's other arguments that the only relief permitted for a UCL claim (restitution and injunctive relief) is not available here. As a result, the Claimants' UCL claim fails as a matter of law for this additional reason.

### H. The Lathrop Declaration is Admissible

19. The Claimants also assert that the Lathrop Declaration, and specifically its references to the Servicing Notes, is inadmissible on grounds of lack of foundation. <u>See</u> Response ¶ 76. However, all of the statements made by Ms. Lathrop are based on information maintained in the Debtors' books and records, including the servicing notes, which are records that were kept in the Debtors' ordinary course of business. Ms. Lathrop described in her declaration her prior employment with the Debtors and her familiarity with the Debtors' books and records, and thus has established foundation for the admission of the servicing notes.

WHEREFORE, the Borrower Trust respectfully requests that the Court grant the relief requested in the Objection by disallowing and expunging the Claim in its entirety.

Dated: October 10, 2016
     New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

11

ny-1248755