**POLSINELLI**
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 644-2090
Facsimile: (212) 684-0197

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## NOTICE OF FILING AMENDED EXHIBIT

**PLEASE TAKE NOTICE** that the undersigned hereby files an Amended Exhibit C to the *Motion of ResCap Borrower Claims Trust for Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve*, filed on September 22, 2016, as Docket No. 10136 (the "**Motion**"). Exhibit C to the Motion is a chart of the Disallowed Claims on Appeal that has been amended to correct the claims referenced for Claimant Erlinda Aniel only. The corrected items are in bold and italicized on the attached Exhibit C – Amended. The reason for the amendment is described in the attached correspondence.

54867129.1

12-12020-mg    Doc 10177    Filed 10/10/16    Entered 10/10/16 19:17:42    Main Document
Pg 2 of 7

Dated: October 10, 2016       */s/ Daniel J. Flanigan*
      New York, New York      Daniel J. Flanigan
                                   **POLSINELLI**
                                   600 3rd Avenue, 42nd Floor
                                   New York, NY 10016
                                   Telephone: (212) 644-2090
                                   Facsimile: (212) 684-0197
                                   dflanigan@polsinelli.com

                                   *Counsel for ResCap Borrower Claims Trust*

2

54867129.1

# EXHIBIT C - AMENDED

# DISALLOWED CLAIMS ON APPEAL

| **Claimant** | **Claim #** | **Amount** |
|---|---|---|
| Erlinda Aniel | *Claim #416* | *Unliquidated* |
|  | Claim #417 | Unliquidated |
| Michael Boyd | Claim #960 | $   186,000.00 |
| Philip Emiabata | Claim #3910, #4085 | $   500,000.00 |
| Thomas La Casse | Claim #3856 | $26,500,000.00 |
| Barry F. Mack | Claim #386 | $2,850,000.00 |
| Patricia McNerney/Susan Gray | Claim #s 4758, 4757(Gray) Claim #s 4764, 4762 (McNerney) | $   122,481.59  $   600,000.00 |
| Gregory Morse | Claim #'s 5680, 5682 | $6,475,662.00 |
| Francine Silver | Claim #61 | $ 3,000,000.00 |
| Tia Smith | Claim #3889, #4129, #4134, #4139 | $ 3,000,000.00 |
| Total |  | *$43,234,143.59* |

12-12020-mg    Doc 10177    Filed 10/19/16    Entered 10/19/16 19:03:43    Main Document
Pg 4 of 2

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

September 22, 2016

The Honorable Judge Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Courtroom 501
One Bowling Green
New York, New York 10004-1408



Re: *In re: Residential Capital, LLC, et al.*, Case No. 12-12020

Dear Judge Glenn:

    I wrote this letter to seek clarification on my claims, which are the subject of a motion made by the Rescap Borrowers' Claims Trust for an order authorizing the interim distribution and establishing a disputed claims reserve.

    The attached Exhibit "C" of their Motion "Disallowed Claims on Appeal", listed only two out of my four claims against the Trust in the following order:

    **1. Claim # 114 in the amount of $1,085,000.00 against GMAC Mortgage, LLC, including $10,000.00 for attorney's fees.**

    **2. Claim # 417 in an unliquidated amount against Executive Trustees Services ("ETS").**

    However, I filed two other proof of claims against the Debtors which were not disclosed in the exhibit. Those are the following:

    **A. Claim # 112 against Executive Trustees Services in the amount of $1,085,000.00, including the $10,000.00 attorney's fees.**

    **B. Claim # 416 against GMAC Mortgage, LLC, in an unliquidated amount.**

    For clarification purposes, does this mean that claim # 112 and claim # 416 are deemed allowed claims that will not be effected by the instant motion?

    Before I file my objection to this motion, I would like clarification on this issue by the Borrower Claims Trust to avoid any further confusion on my part.

Letter in Re: Motion for interim distribution    1

Respectfully,

*[signature]*

Erlinda Abibas Aniel

Cc:

Counsel to the ResCap Liquidating Trust and ResCap Borrower Claims Trust
Jordan A. Wishnew, and Jessica J. Arett
Morrison and Foerster
250 West 55th Street
New York, NY  10019-9601



900 W. 48th Place, Suite 900, Kansas City, MO 64112 • (816) 753-1000

September 28, 2016

Daniel J. Flanigan
(816) 360-4260
dflanigan@polsinelli.com

**VIA FEDERAL EXPRESS
AND EMAIL DELIVERY**

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA  94010
bootsaniel1952@yahoo.com

Dear Ms. Aniel:

    We are counsel for the ResCap Borrower Claims Trust ("Borrower Trust") and submit this response to your September 22, 2016 letter inquiry.  The letter references four Proofs of Claims, 112, 114, 416 and 417.  In response to your inquiry, please note that each of those claims has been disallowed as further explained below.

Claims 416 and 417

    Claims 416 and 417 are Borrower Claims per the Revised Second Amended Plan which were objected to by the Borrower Trust.  After a trial, claims 416 and 417 were disallowed by a Memorandum Opinion and Order on April 20, 2016.  (Docket No. 9850).  A motion for reconsideration (Docket No. 9872) ("Motion") and supplement to the Motion (Docket No. 9878) were denied on August 9, 2016.  (Docket No. 10031).  An appeal was filed from the Memorandum Opinion and Order and the denial of the Motion for Reconsideration on August 11, 2016.  (Docket No. 10044).  That appeal is fully briefed and awaits decision by the United States District Court for the Southern District of New York.

    As Borrower Claims these two claims are the only claims that concern the Borrower Trust.  Exhibit C attached to the Motion of ResCap Borrower Claims Trust For Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve lists claims 114 and 417 as on appeal with respect to Ms. Aniel when it should have listed claims 416 and 417 as on appeal.  Please be advised that prior to the October 13, 2016 hearing, Exhibit C will be corrected and submitted to the Bankruptcy Court to list claims <u>416 and 417</u> as the only Aniel <u>Borrower Claims</u> on appeal.

---

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Nashville
New York    Palo Alto    Phoenix    St. Louis    San Francisco    Washington, D.C.    Wilmington

Polsinelli PC, Polsinelli LLP in California

54866168.1



September 28, 2016
Page 2

## Claims 112 and 114

Claims 112 and 114 were not Borrower Claims because the claims involved loans to which the Aniels were not a party so the ResCap Liquidating Trust (Liquidating Trust") objected to those two claims. (Docket No. 8237). Claims 112 and 114 were disallowed by Memorandum Opinion and Order on June 30, 2015. (Docket No. 8820). The Aniels filed a motion for reconsideration on July 9, 2015 (Docket No. 8897) which was denied on August 18, 2015 (Docket No. 9027). The Aniels appealed on August 24, 2015 (Docket No. 9055). The United States District Court for the Southern District of New York affirmed the disallowance of claims 112 and 114 on September 26, 2016. Because these two claims are the responsibility of the Liquidating Trust, they will not be listed on Exhibit C attached to the Motion of ResCap Borrower Claims Trust For Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve.

Sincerely,

*(signature)*

Dan Flanigan

DJF:fg

54866168.1