Hearing Date: October 13, 2016 at 10:00 a.m. (Prevailing Eastern Time)

Objection Deadline: October 04, 2015 at 3:00 p.m. (Prevailing Eastern Time)

ERLINDA ABIBAS ANIEL
75 Tobin Clark Dr.
Hillsborough, CA 94010
Claimant in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | |
| RESIDENTIAL CAPITAL, LLC, et al., | |
| Debtors. | Case No. 12-12020-MG |
| | **Chapter 11** |
| | Jointly Administered |

**ERLINDA ABIBAS ANIEL'S OBJECTION TO THE MOTION OF RESCAP BORROWER CLAIMS TRUST FOR ORDER AUTHORIZING INTERIM DISTRIBUTION AND ESTABLISHING DISPUTED CLAIMS RESERVE**

**TO THE HONORABLE JUDGE MARTIN GLENN:**

Claimant, Erlinda Abibas Aniel, in Pro Per, respectfully submits her objection to Rescap Borrower Claims Trust's Motion for order authorizing interim distribution and establishing disputed claims reserve. Claimant is an affected party as her disallowed claims on appeal would be gravely effected by the proposed order by the Borrower Claims Trust. Claimant only objects to the proposed $0 reserve for the disallowed claims on appeal.

**Leaving $0 reserve for disallowed claims on appeal is highly unfair to the Claimant**

The Rescap Borrower Claims Trust seeks to essentially make all disallowed claims on appeal moot by not reserving any amount for any claims recovered that could be remanded back to the Bankruptcy Court by the Appellate Court. Should this Court approve such a motion, it would cause great prejudice to the few remaining claims that are remaining on appeal. Specifically, for the Claimant, she has two pending appeals. The first was recently concluded on September 26, 2016, case number CV-06919-PGG, in the United States District Court for the Southern District of New York. Claimant's filed proof of claims 112 and 114 were the subject of the appeal. Court affirmed the Bankruptcy's order expunging the claims. Claimant has filed an appeal on that decision to the United States Court of Appeals on September 28, 2016.

Her other pending appeal has not been fully adjudicated. See case number CV-03704-AJN. Claimant filed an appeal for the Bankruptcy Court's Order expunging claims 416 and 417 in the United States District Court for the Southern District of New York. That appeal is still currently awaiting a decision. Should the District Court reverse and remand her case and claim back to the bankruptcy court, Claimant would be left with no recourse to assert her claims because there would be no reserve funds available to her. Rescap's attempt to not reserve any funds for disallowed claims pending appeal intrudes on the District Court's and any other higher court's jurisdiction to properly review the Bankruptcy Court's decision. Rescap's proposed order and motion does not leave any

Objection                                                                                                   1

reserve funds for the possibility that any of the remaining disallowed claims on appeal would be remanded back to the Bankruptcy Court. Rescap seeks to take away all remaining due process right afforded to the Claimants to seek review of the decision made by the Bankruptcy Court. This Court should not approve Rescap's request that is so highly unfair to the Claimants and does not leave Claimants any reserve funds in the event they succeed in their appeals.

**Rescap's disregard to the Claimants' appeals are improper**

In support of Debtors' claim that there should not be any funds on reserve for disallowed claims pending appeal, Rescap claims that those appeals would not be successful and are essentially a delay tactic used by the claimants. That argument displays a complete lack of respect to the Claimants and their rights to appeal. There is precedence of orders made by the Bankruptcy Court that were later reversed and remanded by the Appellate Courts. See Moss v. Rescap Borrower Claims Trust (In Re Residential Capital, LLC), Case Number 15 Civ. 7140 and In Re: Reed v. Residential Borrower Claims Trust Case Number 1:15-cv-02375-GHW. Both those cases involved claims that were disallowed or expunged by the Bankruptcy Court only to be overturned and remanded back by the District Court. Rescap can not assume that each and every disallowed claim pending on appeal would be affirmed. Rescap also suggests that Claimant should file a request for a stay pending appeal should they wish to contest the motion to create a zero fund reserve. That is also an improper request because Claimants are not seeking any equitable remedy against Rescap. A stay pending appeal is an equitable remedy for an appellant to seek in order to preserve any equitable claims it has against the appellee. In the Claimant's specific appeals, she only seeks monetary and declaratory relief against Rescap. None of Claimant's relief require a stay pending appeal.

**Rescap has not proven that its estimate of zero is necessary to achieve its completion of the confirmed plan ♠**

Objection                                                                                                  2

Rescap argues that it cannot move forward with the distribution of the allowed settled claims because of the amount still reserves for disallowed claims pending appeal. Nothing should prevent Rescap from achieving its goal in distributing funds for those allowed claims while still reserving funds for disallowed claims pending appeal. Rescap makes no argument that the reserve would not be enough to satisfy the allowed claims. Therefore, it is unnecessary to request a reduction of zero when not doing so would not have any adverse effect on allowed claims. Claimant believes that this is another attempt by Rescap to circumvent and create even more obstacles for Claimant to face while still asserting her rights to appellate review. This Court should not further burden Claimants that are simply exercising their rights to the appellate process by granting such an unnecessary request.

**Rescap should make an individual motion for each disallowed claim pending appeal.**

Rescap makes a broad assertion that all of the disallowed claims pending appeal would not likely survive appeal. Rescap failed to make specific arguments for each disallowed claim as to why they believe Claimants are "over-reaching". With such a grave impact on Claimant's pending appeals should the Court approve the motion, Claimant is also forced to make a general objection to the motion without reasoning why Rescap believes her specific disallowed claim pending appeal would not survive appeal. Therefore, should the Court continue to consider such an unfair motion, Claimant proposes that Rescap instead make individuals motions for each disallowed claim pending appeal. With that, Claimants can fully brief the issues and whichever claims survives such a motion, the court would reserve the claim amount in the trust. This is a more equitable option for all interested parties.

**Conclusion**

Claimant has already begun and is currently in the middle of an appellate review of her disallowed claims. A reduction of the reserve amount to zero would essentially

render her appeal moot. This is an improper request because it assumes a result that has not occurred yet. Also, reducing the reserve amount does not have any impact on the distribution of allowed claims. This is just another attempt by Rescap to burden claimants that continue their fight to assert their claims against Rescap. Therefore, Claimant respectfully objects to the request for a zero amount of reserved funds for disallowed claims pending appeal.

Respectfully Submitted,

_____ 9/29/16

Erlinda Abibas Aniel

Claimant in Pro Per

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was mailed on September 29, 2016 to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, New York 10004-1408

Polsinelli
600 Third Avenue, 42nd Floor
New York, NY 10016
(Attention: Daniel J. Flanigan), as counsel to the ResCap Borrower Claims Trust

The Office of the United States Trustee for the Southern District of New Yor,
U.S. Federal Office Building
201 Varick Street, Suite 1006,
New York, NY 10014
(Attention: Linda A. Riffkin and Brian S. Masumoto)

The ResCap Liquidating Trust,
Jill Horner (Jill.Horner@rescapestate.com)

ResCap Liquidating Trust Chief Treasury Director Paul Grande
(paul.grande@rescapestate.com);

The ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
(Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Jessica J. Arett).

Erlinda Abibas Aniel
75 Tobin Clark Dr.
Hillsborough, CA 94010

Erlinda Abibas Aniel, Claimant in Pro Per

Objection                                                                                               5