UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING INTERIM DISTRIBUTION
AND DISPUTED CLAIMS RESERVE**

Pending before the Court is the *ResCap Borrower Claims Trust's Motion for Order Authorizing Interim Distribution And Establishing Disputed Claims Reserve*, dated September 22, 2016 (the "Motion," ECF Doc. # 10136)[1] seeking entry of an order authorizing an Interim Distribution to certain Borrower Claimants in the case, establishing a Disputed Claims Reserve for certain disputed claims in Classes R-5 (ResCap Unsecured Borrower Claims), GS-5 (GMACM Unsecured Borrower Claims), RS-5 (RFC Unsecured Borrower Claims) and Executive Trustee Services, LLC ("ETS") (collectively, the "Disputed Class 5 Claims and ETS Borrower Claims") in connection with the Interim Distribution to be made under the Plan; and

The Court, having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Peter S. Kravitz in support of the Motion (the "Kravitz Declaration," ECF Doc. # 10136-2); and the Court having considered the Objections filed in opposition to the Motion (the "Objections" and the Claimants filing the Objections, the "Objectors"); and the Court having held a hearing on

---

[1] Capitalized terms not otherwise defined or modified herein shall have the meanings ascribed to such terms in the Motion.

the Motion on October 13, 2016 (the "Hearing") at which it heard and considered the arguments and statements of counsel for the Borrower Claims Trust and those Objectors who appeared and participated in the Hearing; and

The Court, having determined that, except as otherwise provided in this Order, (1) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, the ResCap Borrower Claims Trust, Borrower Claimants, and all parties in interest; (2) and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (3) the legal and factual bases set forth in the Motion, Kravitz Declaration, and at the Hearing establish just and sufficient cause to grant the requested relief therein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1. The Motion is **GRANTED** and the Objections are **OVERRULED** except as provided herein with regard to a special reserve for Disallowed Claims on Appeal.

2. A Disputed Claims Reserve for those Disputed Borrower Claims listed on Exhibit D to the Motion shall be established in the respective amounts listed for each Claim on Exhibit D and maintained until such Claim is no longer a Disputed Borrower Claim.[2] The Trust shall also establish a separate reserve ("Special Reserve") in the amount of $500,000.00 for the Disallowed Borrower Claims On Appeal to the extent those Claimants prevail on appeal and are able ultimately to establish an Allowed Claim with respect to which they may be entitled to distributions from the Borrower Trust in accordance with the Plan, the Confirmation Order, the Borrower Trust Agreement, and any further orders of this Court. Establishment of the Disputed

---

[2] "Disputed Borrower Claim" is defined in the Plan as "any Borrower Claim that is not Allowed, until it is disallowed or expunged by Final Order, written agreement, or under the Plan."

2

Claims Reserve and the Special Reserve is without prejudice to the rights of the Borrower Claims Trust to contest the merits and allowance of each of the Disputed Claims being reserved for, and neither the Borrower Claims Trust nor this Court is making a determination that the Debtors, the Debtors' estates, or the Trust is liable on account of any Disputed Claims in any amount.

3. The Borrower Claims Trust is authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve and Special Reserve consistent with the terms of the Plan, the Borrower Claims Trust, and to implement the terms of this Order. Nothing herein or in the Motion or any action by the Borrower Claims Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the Borrower Claims Trust reserves all of its rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve. All Borrower Claims that have not been specifically Allowed, whether by order of this Court or an express duly authorized written agreement executed by the Borrower Trust, constitute Disputed Claims and shall remain so unless and until they are Disallowed or become Allowed Claims.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Dated: October 26, 2016
    New York, New York

                                         _/s/Martin Glenn_____
                                         MARTIN GLENN
                                         United States Bankruptcy Judge