UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESIDENTIAL CAPITAL, LLC, et al.,
   Post-Effective Date Debtors                                   Chapter 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RESCAP BORROWER CLAIMS TRUST,           Case No. 12-12020-mg
   Objector
v.
RICHARD D. RODE,
    Creditor-Beneficiary

---

**DESIGNATION OF CONTENTS OF RECORD ON APPEAL**

---

     **NOW COMES** Richard D. Rode (Creditor), by his attorney, Wendy Alison Nora, pursuant to Fed. R. Bankr. P. 8009, and designates the following documents as his contents of the record on appeal (Notice of Appeal, filed on October 27, 2017 as Doc. 9647):

1.  Doc. 8452: Objection to Creditor's Proofs of Claim ## 5610 and 5712

2.  Doc. 8561: Creditor's Response to Objection to Proofs of Claim ##5610 and 5612

3.  Doc. 8603: May 12, 2015 Reply to Creditor's Response

4.  Doc. 9094: September 2, 2015 Memorandum Opinion and Order Sustaining in Part and Overruling in Part the RESCAP Borrower Claims Trust's Objection to Claim Nos. 5610 and 5612 Filed by Richard D. Rode (the Opinion and Order)

5.  Doc. 10068: Notice of Hearing on Joint Motion for Relief from the September 2, 2015 Opinion and Order and attached Stipulation for Entry of Order setting hearing for October 13, 2016

6.  Partial Transcript of Hearing on October 13, 2016 at pages 19-26 (attached hereto)


      [REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Dated at Madison, Wisconsin this 10th day of October, 2016.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES, admitted pro hac vice in
the United States Bankruptcy Court for the Southern District of New York
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 203-3170
E-mail: accesslegalservices@gmail.com
Wisconsin Bar #1017043
Minnesota Bar #165906

# DECLARATION OF SERVICE

Wendy Alison Nora declares that on November 10, 2016 she filed the foregoing Designation of Contents of Record on Appeal with the United States Bankruptcy Court for the Southern District of New York and thereby served all parties and their counsel who are capable of receiving service by CM/ECF.

*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*October 13, 2016*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*

**Min-U-Script® with Word Index**

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  - - - - - - - - - - - - - - - - - - -x
 5  In the Matters of:
 6  RESIDENTIAL CAPITAL, LLC, et al.,        Case No.
 7            Debtors.                       12-12020-mg
 8  - - - - - - - - - - - - - - - - - - -x
 9  GMAC MORTGAGE, LLC,                      Case No.
10            Debtor.                        12-12032-mg
11  - - - - - - - - - - - - - - - - - - -x
12  ROSEBERRY,
13                Plaintiff,
14      -against-                            Adv. Proc. No.
15  GMAC MORTGAGE, LLC, et al.,              16-01202-mg
16                Defendants.
17  - - - - - - - - - - - - - - - - - - -x
18            United States Bankruptcy Court
19            One Bowling Green
20            New York, New York
21            October 13, 2016
22            2:09 PM
23  B E F O R E:
24  HON. MARTIN GLENN
25  U.S. BANKRUPTCY JUDGE
```

1
2  Re: Adv. Proc. No. 16-01202-mg:
3  (CC: Doc. no. 1) Pre-Trial Conference
4
5  Re: Case No. 12-12020-mg:
6  Doc# 10136 Motion to Approve / Motion of ResCap Borrower Claims
7  Trust for Order Authorizing Interim Distribution and
8  Establishing Disputed Claims Reserve.
9
10 Doc# 10168 Case Management Conference on ResCap Borrower Claims
11 Trusts Seventy-Fifth Omnibus Objection to Claims (No-Liability
12 Borrower Claims) Solely as it Relates to the Claim filed by
13 Rhonda Gosselin.
14
15 Doc# 10092 Motion for Objection to Claim(s) Number: 2892.
16
17 (CC: Doc# 10068, Doc. 10085) Joint Motion to Vacate the Opinion
18 and Order Sustaining in Part and Overruling in Part the ResCap
19 Borrower Claims Trusts Objection to Claim Nos. 5610 and 5612.
20
21 (CC: Doc# 9980, 10132) ResCap Borrower Claims Trusts Objection
22 to Claim No. 684.
23
24
25

Doc# 10136 Motion of ResCap Borrower Claims Trust for Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve.

Transcribed by:  David Rutt

eScribers, LLC

700 West 192nd Street, Suite #607

New York, NY 10040

(973)406-2250

operations@escribers.net

```
 1
 2   A P P E A R A N C E S :
 3   MORRISON & FOERSTER LLP
 4       Attorneys for the ResCap Borrower Claims Trust
 5       250 West 55th Street
 6       New York, NY 10019
 7
 8   BY:   JORDAN A. WISHNEW, ESQ.
 9         NORMAN S. ROSENBAUM, ESQ.
10
11
12   ACCESS LEGAL SERVICES
13       Attorneys for Richard D. Rode and Tia Smith
14       310 Fourth Avenue South
15       Suite 5010
16       Minneapolis, MN 55415
17
18   BY:   WENDY ALISON NORA, ESQ. (TELEPHONICALLY)
19
20
21
22
23
24
25
```

```
 1
 2   DUANE MORRIS LLP
 3        Attorneys for Ocwen Loan Servicing, LLC and Deutsche Bank
 4        30 South 17th Street
 5        Philadelphia, PA 19103
 6
 7   BY:  BRIAN J. SLIPAKOFF, ESQ. (TELEPHONICALLY)
 8
 9
10   LAIRD J. HEAL, ATTORNEY AT LAW
11        Attorneys for Rhonda Gosselin
12        120 Chandler Street
13        Suite 2R
14        Worcester, MA, 01609
15
16   BY:  LAIRD J. HEAL, ESQ.
17
18
19   MURPHY PEARSON BRADLEY & FEENEY
20        Attorneys for Bernard Ward and Colleen Halloran
21        88 Kearny Street
22        10th Floor
23        San Francisco, CA 94108
24
25   BY:  KAREN K. STROMEYER, ESQ. (TELEPHONICALLY)
```

```
 1
 2   SEVERSON & WERSON, APC
 3        Attorneys for GMAC Mortgage, LLC
 4        One Embarcadero Center
 5        Suite 2600
 6        San Francisco, CA 94111
 7
 8   BY:  GREGORY L. HUBER, ESQ. (TELEPHONICALLY)
 9
10
11   POLSINELLI PC
12        Attorneys for Peter S. Kravitz in His Capacity as Trustee
13         of the ResCap Borrower Claims Trust
14        900 Third Avenue
15        21st Floor
16        New York, New York 10022
17
18   BY:  DANIEL J. FLANIGAN, ESQ.
19
20
21   ALSO APPEARING (TELEPHONICALLY):
22        PETER S. KRAVITZ, Trustee of the ResCap Borrower Claims
23         Trust
24        ERLINDA ABIBAS ANIEL, PRO SE
25        RICHARD D. RODE, PRO SE
```

1   money to try this case.  Take your best shot at seeing whether
2   you can get everything resolved.  I'm not asking you to change
3   your position, but I just -- it's going to cost both sides
4   money to go to trial in the case.  And based on my prior
5   ruling, there clearly was an issue for trial.
6           So, I'll let you know, Mr. Heal, when the trial date
7   is.
8           MR. HEAL:  Well, thank you, Your Honor.
9           THE COURT:  Okay.
10          What's the next matter, Mr. Wishnew?
11          MR. WISHNEW:  Thank you, Your Honor.  Your Honor, item
12  4 on page 3, under the heading "Uncontested Matters with
13  Certificates of No Objection", Your Honor, this is the Trust's
14  objection to claim 2892 filed by Gerard Wiener for himself and
15  as representative for the Estate of Roland Wiener.  Objection
16  was filed.  No response was received.  I believe we filed a
17  certificate of no objection.  Happy to walk through the
18  arguments, Your Honor, or else we would ask that -- for the
19  reasons set forth in the objection and supporting declarations,
20  that the matter be granted.
21          THE COURT:  Okay, the objection to claim number 2892
22  filed by Gerard Wiener for himself and as representative of the
23  Estate of Roland Wiener -- the objection to the claim was filed
24  as ECF docket number 10092 and it's claim number 2892.  In the
25  objection, the Trust filed the declaration of Sarah Lathrop,

1  which is at ECF 10092-3.  No pleadings have been filed in
2  response to the objection.  On October 6, 2016, the Trust filed
3  a certificate objection, which is -- a certificate of no
4  objection; it's at ECF 10170.
5         The Court has reviewed the objection, and my general
6  view when there're uncontested motions and a CNO filed is to
7  review the moving papers to determine whether it has
8  established a prima facie basis for the relief the Trust is
9  seeking, here the expungement of the claim.
10        This claim asserted claims under MCL Section 600.3205,
11 allegations of irregularities in the foreclosure sale, breach-
12 of-contract claim, negligence, conversion, slander of title,
13 and declaratory and injunctive relief.  The Court has reviewed
14 the moving papers; again, no response was filed.  The moving
15 papers establish a prima facie basis for the -- factual and
16 legal, for the relief that's being sought.  The objection is
17 sustained and the claim is expunged.
18        MR. WISHNEW:  Thank you very much, Your Honor.
19        Your Honor, that brings us to item number 5 on page 3
20 of today's agenda, and I will cede the podium to my colleague,
21 Mr. Rosenbaum.
22        THE COURT:  Okay.
23        MR. ROSENBAUM:  Your Honor, Norm Rosenbaum, Morrison &
24 Foerster, for the ResCap Borrower Claims Trust.
25        THE COURT:  All right, let me see.

1              Mr. Rode, are you on the phone?
2              MS. NORA:  Oh.  This is Attorney Wendy Alison Nora,
3    and I know he was on the phone when we checked in with your
4    clerk, Your Honor.
5              THE COURT:  Okay.  I see it checked on the list.
6              THE COURTCALL OPERATOR:  And this is the operator.
7              THE COURT:  Yes.
8              THE COURTCALL OPERATOR:  He is not currently
9    connected, but I do see another line dialing in; so he may be
10   back with us in just a moment.
11             THE COURT:  Okay.  Thanks very much.
12             THE COURTCALL OPERATOR:  Um-hum.
13             THE COURT:  All right.  Mr. Rosenbaum, go ahead.
14             MR. ROSENBAUM:  Your Honor, this was a joint motion
15   filed by counsel for Mr. Rode and the Trust, to vacate this
16   Court's opinion entered in the Rode matter; it was entered on
17   September 2nd, 2015, docket number 9094.  As Your Honor may
18   recall, we were -- we had completed discovery with Mr. Rode and
19   we were on the road to trial.  I don't believe a trial had been
20   scheduled, but we had basically completed discovery, and then
21   we were able to reach a settlement with Mr. Rode, who's
22   represented by Ms. Nora.  We documented and completed that
23   settlement and consummated that settlement.
24             As part of that settlement, the parties agreed -- I
25   will add, Your Honor, that the settlement stipulation itself is

1   confidential.  The provision I'm about to describe to you as to

2   why we're here this afternoon is not confidential.  If Ms. Nora

3   agrees -- disagrees, I'd appreciate it if she let me know

4   now -- let the Court know now, before I continue.

5              THE COURT:  Do you disagree, Ms. Nora?

6              MS. NORA:  There are circumstances under which the

7   confidentiality of the agreement would be nullified and among

8   them is if we have to litigate matters that we are seeking to

9   have the Court vacated.  That will result, according to the

10  terms of the settlement agreement, of the settlement agreement

11  becoming public, except for the amount of the settlement.

12             THE COURT:  Mr. Rosenbaum, is vacating my prior

13  decision a condition to the effectiveness of the settlement?

14             MR. ROSENBAUM:  No, it's not, Your Honor.  The

15  condition was that the parties file this --

16             THE COURT:  Seek --

17             MR. ROSENBAUM:  -- joint --

18             THE COURT:  Okay.

19             MR. ROSENBAUM:  -- joint motion seeking this request.

20             THE COURT:  Okay.

21             MR. ROSENBAUM:  And that we're able to disclose under

22  the terms of the settlement.

23             THE COURT:  Okay.  All right.  Go ahead.

24             I'll tell both sides, and I'll hear from both of you,

25  I know of no legal basis for you to seek to have the opinion of

1   this Court vacated.  The opinion was handed down a very long
2   time ago; it was -- I think it sustained in part and overruled
3   in part the Trust's objection to the Rode claim.  There was
4   then discovery.  And I guess initially Mr. Rode was pro se and
5   then Ms. Nora appeared for him.
6           What's the legal basis for seeking to have me vacate
7   my opinion?
8           MS. NORA:  It is no longer that the -- just and
9   appropriate that the Court's prior order continue to be in full
10  force and effect.  It's an equitable argument under the Federal
11  Rules of Civil Procedure 60(b) -- I believe it's (5); I think
12  we used both (5) and (6), Your Honor -- because we settled and
13  we gave up our right to appeal, and there has been discovery of
14  new evidence that we tried to bring in and weren't allowed to
15  amend.  And the real problem with this is that, for purposes of
16  defending Mr. Rode's homestead, we don't want to have to argue
17  with the successors-in-interest, as to any claim or issue
18  preclusion, also known as res judicata and collateral estoppel,
19  arising from the Court's prior order, because it was an
20  interlocutory order and was not final.  And it would be a
21  burden to Mr. Rode to have to engage in litigation where the
22  new parties involved in the transaction might seek to rely on
23  the Court's interlocutory order.
24          THE COURT:  Anything you want to add, Mr. Rosenbaum?
25          MR. ROSENBAUM:  I don't, Your Honor.  As we said in

1    the joint motion, we're relying on Rule 60(b)(4) and (5).  And
2    I would agree that the order --
3            THE COURT:  Well, (4) is the judgment is void.  The
4    judgment is clearly not void.  (5) is the judgment has been
5    satisfied, released or discharged; it is based on an earlier
6    judgment that has been reversed or vacated or applying it
7    prospectively as no longer equitable.  The judgment --
8            MS. NORA:  That's our ground --
9            THE COURT:  -- hasn't been satisfied, released or
10   discharged; it hasn't been reversed or vacated.  I suppose your
11   argument is applying it prospectively is no longer equitable?
12           MR. ROSENBAUM:  That's correct, Your Honor.
13           MS. NORA:  That is -- yes, Your Honor.  We ask the
14   Court to use its equitable powers to relieve us from
15   interlocutory judgment that could create problems with the
16   defense of Mr. Rode's homestead, because we settled this matter
17   for very good reasons that the parties participating in the
18   settlement felt were in the best interests of both Mr. Rode and
19   the Trust; was also in the interest of judicial economy.  But
20   to have an interlocutory order be how to -- possibly being res
21   judicata or collateral estoppel, is a burden to Mr. Rode and
22   will result in the terms of the settlement becoming public,
23   except for the amount.
24           THE COURT:  Mr. Rosenbaum, I don't remember now, was
25   the Rode opinion a published opinion?

1           MR. ROSENBAUM:  It --
2           THE COURT:  Is there a B.R. cite for it?
3           MR. ROSENBAUM:  No, there isn't, Your Honor.  Let
4   me -- I can turn to it now.  If you'd bear with me for a
5   second.  I don't believe it was submitted for publication, Your
6   Honor.
7           THE COURT:  Well, it's still on Westlaw, even if it
8   wasn't designated for publica -- I don't remember.  I just
9   didn't -- I mean, I didn't go back to look.  It usually says
10  right on the first page whether it's for publication or not.
11          MR. ROSENBAUM:  It's at docket number 9094 and it's
12  not for publication.
13          THE COURT:  Okay.  The issue -- my concern is that in
14  the course of the ResCap case, I have had to resolve questions
15  of law under twenty-six different states' law, Texas being a
16  repeat state, meaning by "a repeat state" that there have been
17  multiple claims asserted that have hinged on -- that were
18  determined under Texas state law.
19          I have often -- when a new one comes up, I frequently
20  cite to a prior opinion of mine that resolves questions of
21  state law.  And so my reluctance -- it certainly is nothing
22  personal to Mr. Rode or Ms. Nora, but the issue becomes whether
23  I rely on my own prior decisions in reaching questions of, in
24  this case, Texas law.  That's my reluctance in doing so.
25          What's the date of the opinion?

1      MS. NORA:  September 2nd of 2015, Your Honor.

2      MR. ROSENBAUM:  That's correct, Your Honor.

3      THE COURT:  Um-hum.

4      MS. NORA:  And I would like to draw the Court's
5 attention to subsection (6) of Rule 60(b), which is any other
6 reason that justifies relief.  And --

7      THE COURT:  Yes, and I've given you the reason that
8 doesn't justify relief:  that I have multiple issues arise
9 under state law in ResCap.  I don't know how many of the
10 remaining unresolved claims arise under Texas law, but I
11 tend -- how many pages was the first decision, Mr. Rosenbaum?

12     MS. NORA:  It was substantial.  It was over twenty
13 pages, Your Honor.

14     THE COURT:  Right.

15     MS. NORA:  I'm pulling it up right now.

16     THE COURT:  Right.  Mr. Rosenbaum has it in front of
17 him.

18     MR. ROSENBAUM:  Thank you, Your Honor.  It is a forty-
19 page opinion, Your Honor.

20     THE COURT:  Right.  The request for relief is denied.
21 It may not have any -- I'm not -- in denying the request, I
22 want to make it crystal clear that I am not addressing the
23 issue of what, if any, preclusive effect that decision may have
24 on any other matter that's pending.  It certainly is not my
25 intention to limit or restrict Mr. Rode's rights against any

1   other parties, but -- and if this -- when I say if it were a
2   one-off matter, the issues of Texas law that I had to address
3   in reaching that first opinion were unlikely ever to occur
4   again before me.  I would probably have much less -- I wouldn't
5   have the same level of opposition to vacating it.
6           While it says, "Not for publication", you can go to
7   Westlaw; you'll find it.  It's there.  So, the motion to vacate
8   the opinion is denied.
9           MR. ROSENBAUM:  Thank you, Your Honor.  Your Honor,
10  the next --
11          MS. NORA:  Thank you, Your Honor.
12          MR. ROSENBAUM:  -- the next matter on the agenda is
13  the first contested matter.
14          THE COURT:  Okay.
15          MR. ROSENBAUM:  It's the ResCap Borrower Claims
16  Trust's objection to claim number 684 filed by Bernard Ward and
17  Colleen Halloran.
18          THE COURT:  Okay, is --
19          MR. ROSENBAUM:  And --
20          THE COURT:  -- the --
21          MR. ROSENBAUM:  -- I'll cede the podium to
22  Mr. Wishnew.
23          THE COURT:  Okay.  Is Ward -- Halloran's counsel on
24  the phone?
25          MS. STROMEYER:  Yes.  Good morning, Your Honor.  Karen