1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -x

In the Matters of:

RESIDENTIAL CAPITAL, LLC, et al.,     Case No.

        Debtors.                      12-12020-mg

- - - - - - - - - - - - - - - - - - - - -x

HAWTHORNE,

        Plaintiff,

    - against -                              Adv. Proc. No.

GMAC MORTGAGE, LLC, et al.,                  12-02050-mg

        Defendants.

- - - - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        One Bowling Green

        New York, New York

        November 17, 2016

        11:05 AM

B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

1
2  (CC: Doc# 9980, 10132) ResCap Borrower Claims Trusts Objection
3  to Claim No. 684.
4
5  Adversary proceeding: 12-02050-mg Hawthorne v. GMAC MORTGAGE,
6  LLC et al
7  (CC: Doc# 40) Joint Motion of the ResCap Liquidating Trust and
8  the ResCap Borrower Claims Trust for (I) Dismissal of Adversary
9  Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP
10 12(b)(6), and (II) Disallowance of Proofs of Claim Nos. 6273
11 and 6274.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Adversary proceeding: 12-02050-mg Hawthorne v. GMAC MORTGAGE, LLC et al

(CC: Doc. no. 44) Motion to Dismiss Adversary Proceeding by Defendants Mortgage Electronic Registration System, Inc., Duane Thompson, Judy Faber, and U.S. Bank National Association for failure to state a claim upon which relief can be granted, lack of personal jurisdiction, and insufficient service of process, and, Motion to Join /Limited Joinder of Points and Authorities in Support of Dismissal from Joint Motion of the ResCap Liquidating Trust and the Rescap Borrower Claims Trust for (i) Dismissal of Adversary Proceeding pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(6), and (ii) Disallowance of Proofs of Claim Nos. 6273 and 6274.

Transcribed by:  Sharona Shapiro
eScribers, LLC
700 West 192nd Street, Suite #607
New York, NY 10040
(973)406-2250
operations@escribers.net

A P P E A R A N C E S:

MORRISON & FOERSTER LLP

    Attorneys for ResCap Borrower Claims Trust

       and ResCap Liquidating Trust

    250 West 55th Street

    New York, NY 10019

BY:   JESSICA J. ARETT, ESQ.


TROUTMAN SANDERS LLP

    Attorneys for nondebtor defendants

    875 Third Avenue

    New York, NY 10022

BY:   GABRIELLA ZAHN-BIELSKI, ESQ.


TROUTMAN SANDERS LLP

    Attorneys for nondebtor defendants

    600 Peachtree Street, NE Suite 5200

    Atlanta, GA 30308

BY:   MATTHEW R. BROOKS, ESQ.

P R O C E E D I N G S

1
2          THE CLERK:  All rise.
3          THE COURT:  Please be seated.  We're here in
4  Residential Capital, 12-12020, and also in several adversary
5  proceedings in ResCap, Hawthorne v. GMAC Mortgage, LLC,
6  12-02050, and Roseberry v. GMAC Mortgage, LLC, adversary
7  proceeding 16-01202.
8          Ms. Arett?
9          MS. ARETT:  Good morning, Your Honor.  And just to
10 clarify, the Roseberry hearing has been adjourned to January,
11 so --
12         THE COURT:  Okay.  It's sitting right here in front of
13 me; that's why.
14         MS. ARETT:  So Jessica Arett, Morrison & Foerster, on
15 behalf of the ResCap Borrower Claims Trust and the ResCap
16 Liquidating Trust.
17         THE COURT:  Okay.
18         MS. ARETT:  So as we just said, the sole item on the
19 agenda is the adversary proceeding filed by Ms. Gwendolyn
20 Hawthorne, case number 12-02050, as well as Ms. Hawthorne's
21 related proofs of claim, claim numbers 6273 and 6274.
22         THE COURT:  Is Ms. Hawthorne -- she's not here; is she
23 on the telephone?
24         MS. ARETT:  I --
25         THE COURT:  Ms. Hawthorne, are you making an

1  appearance?
2           No appearance being made.
3           You were about to say something?  I'm sorry.
4           MS. ARETT:  Oh, yeah, I was just going to say that
5  Gabriella Zahn-Bielski is also here as counsel to the nondebtor
6  defendants.  I'll let her make her appearance.
7           THE COURT:  Thank you.
8           MS. ZAHN-BIELSKI:  Good morning, Your Honor.
9  Gabriella Zahn-Bielski, from Troutman Sanders, on behalf of the
10 nondebtor defendants, MERS, Mr. Thompson, Ms. Faber, and U.S.
11 Bank.  I believe my colleague, Matthew Brooks, is also on the
12 phone.
13          THE COURT:  All right.
14          MR. BROOKS:  Good morning.
15          THE COURT:  Good morning.  Thank you.
16          MS. ZAHN-BIELSKI:  So Your Honor, Ms. Hawthorne filed
17 the adversary proceeding complaint in November of 2012, and the
18 adversary was subject to the procedures for management of
19 adversary proceedings commenced by borrowers.  And pursuant to
20 those procedures this matter has been adjourned several times
21 to allow Ms. Hawthorne the opportunity to discuss the terms of
22 a potential loan modification with Ocwen.  At the Court's
23 direction, Morrison & Foerster has facilitated discussions
24 between Ocwen and Ms. Hawthorne in order to ensure that the
25 loan modification paperwork was submitted to the proper

1  parties.
2  　　　　We learned early this year that Ms. Hawthorne received
3  a loan modification from Ocwen on October 30th, 2015.  And so,
4  pursuant to the scheduling order entered by Your Honor on
5  September 27th, 2016, the Trust filed the joint motion of the
6  ResCap Liquidating Trust and the ResCap Borrower Claims Trust
7  for dismissal of adversary proceeding pursuant to Bankruptcy
8  Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6) and,
9  two, the disallowance of proofs of claim number 6273 and 6274
10 filed by the plaintiff.  That was filed at docket number 40.
11 The scheduling order for that motion received Ms. Hawthorne to
12 file and serve any objections to the motion to dismiss and any
13 response to the claims objection by October 21st, 2016, and no
14 response was received.  And then additionally, the nondebtor
15 defendants filed a motion to dismiss and joinder to the Trust
16 motion on November 2nd, 2016 at docket number 44.
17 　　　　Ms. Hawthorne's complaint asserts causes of action
18 under RICO and the Fair Debt Collection Practices Act.  Ms.
19 Hawthorne's complaint should be dismissed for several reasons.
20 First, the primary relief requested in the complaint is the
21 loan modification, which Ms. Hawthorne has now received, and as
22 a result there is no additional relief for the Court to grant.
23 Second, Ms. Hawthorne's RICO and FDCPA claims should be
24 dismissed because they fail to state a claim upon which relief
25 can be granted.

1 Ms. Hawthorne's RICO claim fails because she does not
2 allege that the debtors engaged in any racketeering activity or
3 that there existed an enterprise involving the debtors and the
4 defendants. This Court has denied similar RICO claims where
5 borrowers similarly failed to sufficiently plead such claims,
6 for example, your order sustaining the objection to Caren
7 Wilson, which was at docket number 6739.
8 This claim also fails because Ms. Hawthorne does not
9 allege any injury resulting from the alleged RICO violations.
10 Ms. Hawthorne's FDCPA claim fails because she neither alleges
11 that the debtors were acting as debt collectors nor alleges
12 that the debtors violated any provision of the FDCPA. And
13 finally, this claim also fails because Ms. Hawthorne does not
14 allege any damages that resulted from the alleged FDCPA
15 violations.
16 So as a result, the Liquidating Trust requests that
17 the Court dismiss the adversary proceeding pursuant to
18 Bankruptcy Rule 7012(b) and FRCP 12(b)(6).
19 Ms. Hawthorne's proofs of claim should also be
20 expunged for various reasons. First, the proofs of claim were
21 not timely filed. They were stamped as filed on November 29th,
22 2012, thirteen days after the general bar date, which was
23 November 16th, 2012.
24 Second, the proofs of claim do not contain sufficient
25 supporting documentation to substantiate a legal or factual

1  basis to assert the claims.  The proof of claim merely set
2  forth the aggregate claim amount and real property address with
3  no explanation or supporting documentation.
4         And finally, the Trust did not identify any
5  conceivable basis for liability, other than the claims already
6  asserted by Ms. Hawthorne in the adversary proceeding that, as
7  previously discussed, are without merit.
8         As a result, we believe the proofs of claim should be
9  expunged for the same reasons as set forth in the motion to
10 dismiss.  So Ms. Hawthorne has failed to demonstrate the
11 existence of a valid claim against any debtor entity and the
12 Borrower Trust requests that the Court disallow and expunge
13 claims 6273 and 6274.
14        THE COURT:  Thank you very much.
15        Do you wish to be heard as well?
16        MS. ZAHN-BIELSKI:  Just briefly.
17        THE COURT:  Go ahead.
18        MS. ZAHN-BIELSKI:  Good morning, Your Honor.
19 Gabriella Zahn-Bielski from Troutman Sanders again on behalf of
20 the nondebtor defendants.
21        THE COURT:  Good morning.
22        MS. ZAHN-BIELSKI:  We joined in the Trust's motion to
23 dismiss, and I just want to reiterate that the merits and
24 arguments set forth in their motion equally apply to my clients
25 as well, and also reiterate the fact that Ms. Hawthorne has

1  been entirely unresponsive, not only to these motions but also,
2  in general, to any and all communications from us since she got
3  her loan modification back in October of 2015.  And for those
4  reasons, we respectfully request that the Court dismiss this
5  complaint in its entirety.  Thank you.
6          THE COURT:  Thank you very much.
7          All right.  Pending before the Court are two motions
8  to disallow proofs of claim numbers 6273 and 6274 and dismiss
9  the adversary proceeding initiated by Gwendolyn Hawthorne in a
10 case captioned Hawthorne v. GMAC Mortgage, LLC, et al.,
11 adversary proceeding 12-02050.
12         The ResCap Liquidating Trust and the ResCap Borrower
13 Claims Trust jointly filed their motion to dismiss at ECF
14 docket number 40.  And Mortgage and Electronic Registration
15 System, Inc., Duane Thompson, Judy Faber, and U.S. Bank
16 National Association jointly filed their motions to dismiss at
17 ECF docket number 44.
18         No objections or responses to the motion have been
19 filed, and on November 15th, 2016, certificates of no objection
20 were filed by the the ResCap Liquidating Trust and the ResCap
21 Borrower Claims Trust -- that's at ECF docket number 46 -- and
22 by MERS, Thompson, Faber, and U.S. Bank; that's at ECF docket
23 number 49.
24         With respect to the motions to dismiss the plaintiff's
25 complaint, the Court finds that pursuant to Bankruptcy Rule

1    7012 and Federal Rule of Civil Procedure 12(b)(6), the
2    complaint should be dismissed for failure to state a claim upon
3    which relief can be granted.  Plaintiff's claim, brought under
4    the Racketeer Influenced and Corrupt Organizations Act, RICO,
5    involve allegations of fraud and do not satisfy the heightened
6    pleading standard set forth in Federal Rule of Civil Procedure
7    9(b).
8         Plaintiff's claims brought under the Fair Debt
9    Collection Practices Act also fail as the complaint does not
10   allege facts sufficient to state a claim under the FDCPA.
11   Additionally, plaintiff has not sufficiently alleged that she
12   has been injured by the actions of any of the defendants.  The
13   plaintiff defaulted on her mortgage but was later able to work
14   out a loan modification.  This appears to be the very relief
15   that the plaintiff sought in hearings held in this court on
16   August 28th, 2013 and April 24, 2014.  Accordingly, for the
17   foregoing reasons the complaint is dismissed in its entirety
18   with prejudice.
19        With respect to proofs of claim number 6273 and 6274,
20   the Court finds the claims should be disallowed and expunged.
21   The plaintiff failed to include relevant supporting
22   documentation to support the proofs of claim, and the Court has
23   no legal or factual basis to find that the claims have merit.
24   An order will be entered on the docket reflecting the Court's
25   ruling.

1        Ms. Arett, I would request that you prepare an order
2   essentially that would state for the reasons stated on the
3   record the complaint is dismissed with prejudice.
4        The motions to dismiss -- put both in there -- and the
5   motion to expunge the claim are granted.
6        MS. ARETT:  We will do that, Your Honor.
7        THE COURT:  Thank you very much.
8        Okay.  We're adjourned.
9        MS. ARETT:  Thank you.
10       MS. ZAHN-BIELSKI:  Thank you, Your Honor.
11    (Whereupon these proceedings were concluded at 11:14 AM)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2                           I N D E X
 3   RULINGS:                                    PAGE    LINE
 4   Plaintiff's claim brought under              11      8
 5   the Fair Debt Collection Practices
 6   Act dismissed in its entirety with prejudice
 7   Claims 6273 and 6274 are to be               11      11
 8   disallowed and expunged
 9   Motions to dismiss granted                   12      22
10   Motion to expunge claims granted             12      22
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

I, Sharona Shapiro, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Sharona Shapiro*

_____

Sharona Shapiro (CET**D-492)

AAERT Certified Electronic Transcriber

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date: November 18, 2016

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg                                                                                                 November 17, 2016

# # #

**#607 (1)**
    3:22

# /

**/Limited (1)**
    3:9

# A

**able (1)**
    11:13
**Accordingly (1)**
    11:16
**Act (3)**
    7:18;11:4,9
**acting (1)**
    8:11
**action (1)**
    7:17
**actions (1)**
    11:12
**activity (1)**
    8:2
**additional (1)**
    7:22
**additionally (2)**
    7:14;11:11
**address (1)**
    9:2
**adjourned (3)**
    5:10;6:20;12:8
**Adversary (16)**
    2:5,8;3:2,4,12;5:4,
    6,19;6:17,18,19;7:7;
    8:17;9:6;10:9,11
**again (1)**
    9:19
**against (1)**
    9:11
**agenda (1)**
    5:19
**aggregate (1)**
    9:2
**ahead (1)**
    9:17
**al (3)**
    2:6;3:3;10:10
**allegations (1)**
    11:5
**allege (4)**
    8:2,9,14;11:10
**alleged (3)**
    8:9,14;11:11
**alleges (2)**
    8:10,11
**allow (1)**
    6:21
**amount (1)**
    9:2

**appearance (3)**
    6:1,2,6
**appears (1)**
    11:14
**apply (1)**
    9:24
**April (1)**
    11:16
**Arett (10)**
    5:8,9,14,14,18,24;
    6:4;12:1,6,9
**arguments (1)**
    9:24
**assert (1)**
    9:1
**asserted (1)**
    9:6
**asserts (1)**
    7:17
**Association (2)**
    3:6;10:16
**August (1)**
    11:16
**Authorities (1)**
    3:9

# B

**back (1)**
    10:3
**Bank (4)**
    3:6;6:11;10:15,22
**Bankruptcy (5)**
    2:9;3:12;7:7;8:18;
    10:25
**bar (1)**
    8:22
**basis (3)**
    9:1,5;11:23
**behalf (3)**
    5:15;6:9;9:19
**Borrower (8)**
    2:2,8;3:11;5:15;
    7:6;9:12;10:12,21
**borrowers (2)**
    6:19;8:5
**both (1)**
    12:4
**briefly (1)**
    9:16
**Brooks (2)**
    6:11,14
**brought (2)**
    11:3,8

# C

**can (3)**
    3:7;7:25;11:3
**Capital (1)**
    5:4
**captioned (1)**
    10:10

**Caren (1)**
    8:6
**case (2)**
    5:20;10:10
**causes (1)**
    7:17
**CC (3)**
    2:2,7;3:4
**certificates (1)**
    10:19
**Civil (3)**
    7:8;11:1,6
**Claim (26)**
    2:3,10;3:7,14;
    5:21,21;7:9,24;8:1,8,
    10,13,19,20,24;9:1,2,
    8,11;10:8;11:2,3,10,
    19,22;12:5
**Claims (17)**
    2:2,8;3:11;5:15;
    7:6,13,23;8:4,5;9:1,
    5,13;10:13,21;11:8,
    20,23
**clarify (1)**
    5:10
**CLERK (1)**
    5:2
**clients (1)**
    9:24
**colleague (1)**
    6:11
**Collection (2)**
    7:18;11:9
**collectors (1)**
    8:11
**commenced (1)**
    6:19
**communications (1)**
    10:2
**complaint (10)**
    6:17;7:17,19,20;
    10:5,25;11:2,9,17;
    12:3
**conceivable (1)**
    9:5
**concluded (1)**
    12:11
**contain (1)**
    8:24
**Corrupt (1)**
    11:4
**counsel (1)**
    6:5
**COURT (23)**
    5:3,12,17,22,25;
    6:7,13,15;7:22;8:4,
    17;9:12,14,17,21;
    10:4,6,7,25;11:15,
    20,22;12:7
**Court's (2)**
    6:22;11:24

# D

**damages (1)**
    8:14
**date (1)**
    8:22
**days (1)**
    8:22
**Debt (3)**
    7:18;8:11;11:8
**debtor (1)**
    9:11
**debtors (4)**
    8:2,3,11,12
**defaulted (1)**
    11:13
**Defendants (7)**
    3:5;6:6,10;7:15;
    8:4;9:20;11:12
**demonstrate (1)**
    9:10
**denied (1)**
    8:4
**direction (1)**
    6:23
**disallow (2)**
    9:12;10:8
**Disallowance (3)**
    2:10;3:13;7:9
**disallowed (1)**
    11:20
**discuss (1)**
    6:21
**discussed (1)**
    9:7
**discussions (1)**
    6:23
**Dismiss (12)**
    3:4;7:12,15;8:17;
    9:10,23;10:4,8,13,
    16,24;12:4
**Dismissal (4)**
    2:8;3:10,12;7:7
**dismissed (5)**
    7:19,24;11:2,17;
    12:3
**Doc (1)**
    3:4
**Doc# (2)**
    2:2,7
**docket (8)**
    7:10,16;8:7;10:14,
    17,21,22;11:24
**documentation (3)**
    8:25;9:3;11:22
**Duane (2)**
    3:5;10:15

# E

**early (1)**
    7:2

**ECF (4)**
    10:13,17,21,22
**Electronic (2)**
    3:5;10:14
**engaged (1)**
    8:2
**ensure (1)**
    6:24
**entered (2)**
    7:4;11:24
**enterprise (1)**
    8:3
**entirely (1)**
    10:1
**entirety (2)**
    10:5;11:17
**entity (1)**
    9:11
**equally (1)**
    9:24
**eScribers (1)**
    3:21
**essentially (1)**
    12:2
**et (3)**
    2:6;3:3;10:10
**example (1)**
    8:6
**existed (1)**
    8:3
**existence (1)**
    9:11
**explanation (1)**
    9:3
**expunge (2)**
    9:12;12:5
**expunged (3)**
    8:20;9:9;11:20

# F

**Faber (4)**
    3:6;6:10;10:15,22
**facilitated (1)**
    6:23
**fact (1)**
    9:25
**facts (1)**
    11:10
**factual (2)**
    8:25;11:23
**fail (2)**
    7:24;11:9
**failed (3)**
    8:5;9:10;11:21
**fails (4)**
    8:1,8,10,13
**failure (2)**
    3:7;11:2
**Fair (2)**
    7:18;11:8
**FDCPA (5)**
    7:23;8:10,12,14;

| | | | | |
|---|---|---|---|---|
| 11:10 | **hearings (1)** | 11:13 | **nondebtor (4)** | **Please (1)** |
| **Federal (3)** | 11:15 | **learned (1)** | 6:5,10;7:14;9:20 | 5:3 |
| 7:8;11:1,6 | **heightened (1)** | 7:2 | **nor (1)** | **Points (1)** |
| **file (1)** | 11:5 | **legal (2)** | 8:11 | 3:9 |
| 7:12 | **held (1)** | 8:25;11:23 | **Nos (2)** | **potential (1)** |
| **filed (12)** | 11:15 | **liability (1)** | 2:10;3:14 | 6:22 |
| 5:19;6:16;7:5,10, | **Honor (7)** | 9:5 | **November (5)** | **Practices (2)** |
| 10,15;8:21,21;10:13, | 5:9;6:8,16;7:4; | **Liquidating (7)** | 6:17;7:16;8:21,23; | 7:18;11:9 |
| 16,19,20 | 9:18;12:6,10 | 2:7;3:11;5:16;7:6; | 10:19 | **prejudice (2)** |
| **finally (2)** | | 8:16;10:12,20 | **number (10)** | 11:18;12:3 |
| 8:13;9:4 | **I** | **LLC (6)** | 5:20;7:9,10,16; | **prepare (1)** |
| **find (1)** | | 2:6;3:3,21;5:5,6; | 8:7;10:14,17,21,23; | 12:1 |
| 11:23 | **identify (1)** | 10:10 | 11:19 | **previously (1)** |
| **finds (2)** | 9:4 | **loan (6)** | **numbers (2)** | 9:7 |
| 10:25;11:20 | **II (2)** | 6:22,25;7:3,21; | 5:21;10:8 | **primary (1)** |
| **First (2)** | 2:10;3:13 | 10:3;11:14 | **NY (1)** | 7:20 |
| 7:20;8:20 | **Inc (2)** | | 3:23 | **Procedure (3)** |
| **Foerster (2)** | 3:5;10:15 | **M** | | 7:8;11:1,6 |
| 5:14;6:23 | **include (1)** | | **O** | **procedures (2)** |
| **foregoing (1)** | 11:21 | **making (1)** | | 6:18,20 |
| 11:17 | **Influenced (1)** | 5:25 | **Objection (4)** | **proceeding (13)** |
| **forth (4)** | 11:4 | **management (1)** | 2:2;7:13;8:6;10:19 | 2:5,9;3:2,4,12;5:7, |
| 9:2,9,24;11:6 | **initiated (1)** | 6:18 | **objections (2)** | 19;6:17;7:7;8:17; |
| **fraud (1)** | 10:9 | **matter (1)** | 7:12;10:18 | 9:6;10:9,11 |
| 11:5 | **injured (1)** | 6:20 | **October (3)** | **proceedings (3)** |
| **FRCP (3)** | 11:12 | **Matthew (1)** | 7:3,13;10:3 | 5:5;6:19;12:11 |
| 2:9;3:13;8:18 | **injury (1)** | 6:11 | **Ocwen (3)** | **process (1)** |
| **front (1)** | 8:9 | **merely (1)** | 6:22,24;7:3 | 3:8 |
| 5:12 | **insufficient (1)** | 9:1 | **only (1)** | **proof (1)** |
| | 3:8 | **merit (2)** | 10:1 | 9:1 |
| **G** | **involve (1)** | 9:7;11:23 | **operations@escribersnet (1)** | **Proofs (11)** |
| | 11:5 | **merits (1)** | 3:25 | 2:10;3:13;5:21; |
| **Gabriella (3)** | **involving (1)** | 9:23 | **opportunity (1)** | 7:9;8:19,20,24;9:8; |
| 6:5,9;9:19 | 8:3 | **MERS (2)** | 6:21 | 10:8;11:19,22 |
| **general (2)** | **item (1)** | 6:10;10:22 | **order (6)** | **proper (1)** |
| 8:22;10:2 | 5:18 | **modification (6)** | 6:24;7:4,11;8:6; | 6:25 |
| **GMAC (5)** | | 6:22,25;7:3,21; | 11:24;12:1 | **property (1)** |
| 2:5;3:2;5:5,6; | **J** | 10:3;11:14 | **Organizations (1)** | 9:2 |
| 10:10 | | **morning (6)** | 11:4 | **provision (1)** |
| **Good (6)** | **January (1)** | 5:9;6:8,14,15; | **out (1)** | 8:12 |
| 5:9;6:8,14,15; | 5:10 | 9:18,21 | 11:14 | **Pursuant (7)** |
| 9:18,21 | **Jessica (1)** | **Morrison (2)** | | 2:9;3:12;6:19;7:4, |
| **grant (1)** | 5:14 | 5:14;6:23 | **P** | 7,8;8:17;10:25 |
| 7:22 | **Join (1)** | **MORTGAGE (8)** | | **put (1)** |
| **granted (4)** | 3:9 | 2:5;3:2,5;5:5,6; | **paperwork (1)** | 12:4 |
| 3:7;7:25;11:3;12:5 | **Joinder (2)** | 10:10,14;11:13 | 6:25 | |
| **Gwendolyn (2)** | 3:9;7:15 | **Motion (15)** | **parties (1)** | **R** |
| 5:19;10:9 | **joined (1)** | 2:7;3:4,9,10;7:5, | 7:1 | |
| | 9:22 | 11,12,15,16;9:9,22, | **Pending (1)** | **Racketeer (1)** |
| **H** | **Joint (3)** | 24;10:13,18;12:5 | 10:7 | 11:4 |
| | 2:7;3:10;7:5 | **motions (5)** | **personal (1)** | **racketeering (1)** |
| **Hawthorne (19)** | **jointly (2)** | 10:1,7,16,24;12:4 | 3:8 | 8:2 |
| 2:5;3:2;5:5,20,22, | 10:13,16 | **much (3)** | **phone (1)** | **real (1)** |
| 25;6:16,21,24;7:2, | **Judy (2)** | 9:14;10:6;12:7 | 6:12 | 9:2 |
| 11,21;8:8,13;9:6,10, | 3:6;10:15 | | **plaintiff (5)** | **reasons (6)** |
| 25;10:9,10 | **jurisdiction (1)** | **N** | 7:10;11:11,13,15, | 7:19;8:20;9:9; |
| **Hawthorne's (7)** | 3:8 | | 21 | 10:4;11:17;12:2 |
| 5:20;7:17,19,23; | | **National (2)** | **plaintiff's (3)** | **received (4)** |
| 8:1,10,19 | **L** | 3:6;10:16 | 10:24;11:3,8 | 7:2,11,14,21 |
| **heard (1)** | | **neither (1)** | **plead (1)** | **record (1)** |
| 9:15 | **lack (1)** | 8:10 | 8:5 | 12:3 |
| **hearing (1)** | 3:7 | **New (1)** | **pleading (1)** | **reflecting (1)** |
| 5:10 | **later (1)** | 3:23 | 11:6 | 11:24 |

**Registration (2)**
3:5;10:14
**reiterate (2)**
9:23,25
**related (1)**
5:21
**relevant (1)**
11:21
**relief (6)**
3:7;7:20,22,24;
11:3,14
**request (2)**
10:4;12:1
**requested (1)**
7:20
**requests (2)**
8:16;9:12
**ResCap (14)**
2:2,7,8;3:10,11;
5:5,15,15;7:6,6;
10:12,12,20,20
**Residential (1)**
5:4
**respect (2)**
10:24;11:19
**respectfully (1)**
10:4
**response (2)**
7:13,14
**responses (1)**
10:18
**result (3)**
7:22;8:16;9:8
**resulted (1)**
8:14
**resulting (1)**
8:9
**RICO (6)**
7:18,23;8:1,4,9;
11:4
**right (3)**
5:12;6:13;10:7
**rise (1)**
5:2
**Roseberry (2)**
5:6,10
**Rule (8)**
2:9;3:12;7:8,8;
8:18;10:25;11:1,6
**ruling (1)**
11:25

**S**

**same (1)**
9:9
**Sanders (2)**
6:9;9:19
**satisfy (1)**
11:5
**scheduling (2)**
7:4,11
**seated (1)**

5:3
**Second (2)**
7:23;8:24
**September (1)**
7:5
**serve (1)**
7:12
**service (1)**
3:8
**set (4)**
9:1,9,24;11:6
**several (3)**
5:4;6:20;7:19
**Shapiro (1)**
3:20
**Sharona (1)**
3:20
**similar (1)**
8:4
**similarly (1)**
8:5
**sitting (1)**
5:12
**sole (1)**
5:18
**sorry (1)**
6:3
**sought (1)**
11:15
**stamped (1)**
8:21
**standard (1)**
11:6
**state (5)**
3:7;7:24;11:2,10;
12:2
**stated (1)**
12:2
**Street (1)**
3:22
**subject (1)**
6:18
**submitted (1)**
6:25
**substantiate (1)**
8:25
**sufficient (2)**
8:24;11:10
**sufficiently (2)**
8:5;11:11
**Suite (1)**
3:22
**Support (2)**
3:10;11:22
**supporting (3)**
8:25;9:3;11:21
**sustaining (1)**
8:6
**System (2)**
3:5;10:15

**T**

**telephone (1)**
5:23
**terms (1)**
6:21
**thirteen (1)**
8:22
**Thompson (4)**
3:6;6:10;10:15,22
**timely (1)**
8:21
**times (1)**
6:20
**Transcribed (1)**
3:20
**Troutman (2)**
6:9;9:19
**Trust (17)**
2:7,8;3:11,11;
5:15,16;7:5,6,6,15;
8:16;9:4,12;10:12,
13,20,21
**Trusts (1)**
2:2
**Trust's (1)**
9:22
**two (2)**
7:9;10:7

**U**

**under (4)**
7:18;11:3,8,10
**unresponsive (1)**
10:1
**upon (3)**
3:7;7:24;11:2

**V**

**valid (1)**
9:11
**various (1)**
8:20
**violated (1)**
8:12
**violations (2)**
8:9,15

**W**

**West (1)**
3:22
**Whereupon (1)**
12:11
**Wilson (1)**
8:7
**wish (1)**
9:15
**without (1)**
9:7
**work (1)**
11:13

**Y**

**year (1)**
7:2
**York (1)**
3:23

**Z**

**Zahn-Bielski (9)**
6:5,8,9,16;9:16,18,
19,22;12:10

**1**

**10040 (1)**
3:23
**10132 (1)**
2:2
**11:14 (1)**
12:11
**12-02050 (3)**
5:6,20;10:11
**12-02050-mg (2)**
2:5;3:2
**12-12020 (1)**
5:4
**12b6 (5)**
2:10;3:13;7:8;
8:18;11:1
**15th (1)**
10:19
**16-01202 (1)**
5:7
**16th (1)**
8:23
**192nd (1)**
3:22

**2**

**2012 (3)**
6:17;8:22,23
**2013 (1)**
11:16
**2014 (1)**
11:16
**2015 (2)**
7:3;10:3
**2016 (4)**
7:5,13,16;10:19
**21st (1)**
7:13
**24 (1)**
11:16
**27th (1)**
7:5
**28th (1)**
11:16
**29th (1)**
8:21
**2nd (1)**

7:16

**3**

**30th (1)**
7:3

**4**

**40 (3)**
2:7;7:10;10:14
**44 (3)**
3:4;7:16;10:17
**46 (1)**
10:21
**49 (1)**
10:23

**6**

**6273 (7)**
2:10;3:14;5:21;
7:9;9:13;10:8;11:19
**6274 (7)**
2:11;3:14;5:21;
7:9;9:13;10:8;11:19
**6739 (1)**
8:7
**684 (1)**
2:3

**7**

**700 (1)**
3:22
**7012 (1)**
11:1
**7012b (4)**
2:9;3:13;7:8;8:18

**9**

**973406-2250 (1)**
3:24
**9980 (1)**
2:2
**9b (1)**
11:7