Hearing Date:  December 12, 2016 at 11:00 a.m. (ET)
Objection Deadline:  December 5, 2016 at 4:00 p.m. (ET)

**POLSINELLI**
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone:  (212) 644-2090
Facsimile:  (212) 684-0197

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION FOR ORDER EXTENDING
THE TERM OF THE BORROWER CLAIMS TRUST**

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Motion for Order Extending the Term of the Borrower Claims Trust* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **December 12, 2016 at 11:00 a.m. (Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

55321258.2

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 5, 2016 at 4:00 p.m. (Eastern Time)**, upon (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 100041408; (b) Polsinelli, 600 Third Avenue, 42nd Floor, New York, NY 10016 (Attention: Daniel J. Flanigan), as counsel to the ResCap Borrower Claims Trust; (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Liquidating Trust, Jill Horner (Jill.Horner@rescapestate.com) and ResCap Liquidating Trust Chief Treasury Director Paul Grande (paul.grande@rescapestate.com); and (e) The ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Jessica J. Arett).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: November 23, 2016
New York, New York

*/s/ Daniel J. Flanigan*
Daniel J. Flanigan
**POLSINELLI**
600 3rd Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 644-2090
Facsimile: (212) 684-0197
dflanigan@polsinelli.com

*Counsel for ResCap Borrower Claims Trust*

2

55321258.2

Hearing Date:  December 12, 2016 at 11:00 a.m. (Eastern Time)
Objection Deadline:  December 5, 2016 at 4:00 p.m. (Eastern Time)

**POLSINELLI**
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 644-0199
Facsimile: (212) 684-0197

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION FOR ORDER EXTENDING THE TERM
OF THE BORROWER CLAIMS TRUST**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**," "**Borrower Trust**," or "**Trust**"), as successor to the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), hereby submit this motion (the "**Motion**") for entry of an order in substantially the form annexed hereto as **Exhibit A** (the "**Proposed Order**") pursuant to sections 105(a) and 1141 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] (the

1

55313944

"**Confirmation Order**"), the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] as attached to the Confirmation Order as Appendix 1 [Docket 6065-1] (the "**Plan**"), and the *ResCap Borrower Claims Trust Agreement*, dated December 17, 2013, by and among Peter S. Kravitz, as Borrower Claims Trustee, Province East LLC, as Delaware Trustee, and each of the Debtors [Docket No. 6136](as amended, the "**Trust Agreement**"), extending the term of the Borrower Claims Trust for a period of two years from the third anniversary of the Effective Date (i.e. December 17, 2013), through and including December 17, 2018.  In support of the Motion, the Borrower Trust represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 105 and 1334.  Further, pursuant to the Plan, the Court retained jurisdiction to "issue such orders in aid of execution of the Plan."  See Plan, Art. XII.  This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 1141 and Bankruptcy Rule 9006(b)(1).

## BACKGROUND

3.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors managed and operated their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until the effective date of the Plan, which established the Liquidating Trust and the Borrower Trust as successors to the Debtors in certain respects.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On August 29, 2012, the Bankruptcy Court entered an order establishing: (i) November 9, 2012 as the deadline for Creditors to file proofs of claim against the Debtors (the "**General Bar Date**"), and (ii) November 30, 2012 as the deadline for governmental units to file proofs of claim [Docket No. 1309]. Due to events precipitated by Hurricane Sandy, the Bankruptcy Court approved an extension of the General Bar Date to November 16, 2012 [Docket No. 2093].

5. On March 21, 2013, the Bankruptcy Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Procedures Order**").

6. On December 11, 2013, the Court entered the Confirmation Order confirming the Plan. The Plan created the Borrower Trust for the primary purpose of resolving Borrower Claims and making distributions thereon. In furtherance of that purpose, the Plan provided that the Borrower Trust would succeed to the rights and duties of the Debtors under the Claims Procedures Order with respect to Borrower Claims. The Plan further provided for the transfer by the Debtors to the Borrower Trust of $57.6 million (which, as of confirmation, was reduced to $56.1 million due to certain credits for pre-confirmation payments made by Debtors to certain Borrower Claimants in settlement of their claims) ("**Borrower Trust Fund**").[1]

7. The amount of the Borrower Trust Fund was established pursuant to the Global Settlement memorialized in the Plan Support Agreement among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("**AFI**"), and the Consenting Claimants, dated May 23, 2013 [Docket No. 3814] ("**PSA**"), which furnished the basic blueprint for the Plan, in an amount estimated to be sufficient to provide Borrower Claimants with recoveries at least equal to recoveries of the respective non-Borrower Unsecured Creditors at the applicable Debtor Group,

---

[1] The additional amount of $3,200,000.00 was transferred to the Trust for the intended purpose of covering the Trust's estimated expenses of administration.

primarily the Residential Funding Company ("**RFC**") and GMAC Mortgage, LLC ("**GMACM**") groups ("**Comparable Recoveries**").[2]  Borrower Claimants were classified as follows under the Plan: (i) Class R-5 (ResCap Unsecured Claims)[3]; (ii) Class GS-5 (GMACM Unsecured Claims); (iii) Class RS-5 (RFC Unsecured Claims), and (iv) ETS.  The respective Comparable Recovery percentages, which for all purposes of the Borrower Trust were finally fixed under the Plan and not subject to further modification for any reason including subsequent developments in the administration of the Liquidating Trust, were as follows:  Residential Capital, LLC ("**ResCap**") – **36.3%,** GMACM – **30.1%,** ETS – **100.0%** and **RFC– 9.0%** ("**Comparable Recovery Percentages**"**)**.

## THE CLAIMS RESOLUTION PROCESS/ THE INTERIM DISTRIBUTION AND RESERVE ORDER

8. More than 3,000 Borrower Claims were filed in these cases.  Prior to confirmation of the Plan, the Debtors had made substantial progress resolving Borrower Claims, but, as of confirmation, there were approximately 1420 unresolved Borrower Claims, which included most of the large, controversial, and hotly contested individual Borrower Claims, many of which were filed in absurdly inflated amounts.  The Borrower Trust has been able to reduce that amount so that now there are only 16 (excluding duplicates) unresolved Borrower Claims ("**Unresolved Borrower Claims**") remaining, in two categories of Unresolved Claims:  (1) Claims that are disputed by the Borrower Claims Trust that have not been allowed or disallowed by the Court

---

[2] The discussion herein is based on the Plan, the Disclosure Statement, and the thorough discussion of the creation and funding of the Borrower Trust and the True-Up process contained in the *Direct Testimony of William R. Thompson* [Docket No. 5713] ("**Thompson Testimony**")**.**

[3] While these are identified as a possible class in the Plan, the Borrower Trust believes, based on representations made by the Debtor and Committee professionals, that there are no valid Borrower claims against ResCap.  The Debtor and Committee professionals' representations are reflected in the fact that there is no discussion at all in the Plan or Disclosure Statement of any Borrower Claims against ResCap, no funds were allocated for payment of those Claims, and the Borrower Claims True-Up analysis identified no such Claims.  The absence of such Claims is also evidenced by the fact that there have been no such Claims Allowed to date.

55313944

and (2) Claims disallowed by the Court where the Court's orders of disallowance have been appealed (the "**Disallowed Claims On Appeal**").  However, the remaining Borrower Unresolved Claims, especially the Disallowed Claims On Appeal are asserted in large amounts.

9. On October 26, 2016, the Court entered its *Order Authorizing Interim Distribution and Disputed Claims Reserve* [Docket No. 10197] (the "**Distribution Order**") granting the *Motion of Rescap Borrower Claims Trust for Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve* [Docket No. 10136] (the "**Distribution Motion**").  The Distribution Order authorized and directed the Trust to (1) make a distribution to the holders of Allowed Borrower Claims in the aggregate amount of $48,435,226,.87 (the "**Interim Distribution**"), which the Trust plans to commence during the week of November 28, 2016), (2) establish Disputed Claims Reserves for those Disputed Borrower Claims listed on Exhibit D to the Distribution Motion in the respective individual amounts listed for such Claims on Exhibit D to the Distribution Motion (the aggregate amount of the Reserves for these Claims was $4,638,130.88), and (3) establish a Special Reserve in the aggregate amount of $500,000.00 for the benefit of holders of Disallowed Borrower Claims On Appeal listed on Exhibit C to the Motion.

### TERM OF TRUST/ LIKELIHOOD OF SUBSTANTIAL ADDITIONAL DISTRIBUTIONS

10. The Borrower Claims Trust was created for an initial term of three years subject to further extension by the Court upon motion filed within the six months prior to the third anniversary of the Effective Date of the Plan.  Trust Agreement, Section 11.1(a).  Such initial term expires on December 17, 2016.

11. The Trust must be continued in order to complete its primary mission—to resolve all Disputed Borrower Claims and make one or more additional distributions to holders of

Allowed Claims. It is highly likely that, once the various unresolved Borrower Claims have been finally resolved, there will be substantial funds released from the Reserves established by the Distribution Order, which exceed $5,000,000.00, for distribution to holders of Allowed Borrower Claims.. Such distributions will very substantially exceed anticipated expenses of the Borrower Trust in connection with wrapping up its affairs including resolution of all Unresolved Borrower Claims. In addition, it is possible that, as provided in the Kessler Settlement Agreement [Exhibit 5, Docket No. 4451], the Borrower Claims Trust may be entitled to additional proceeds from the lawsuit being prosecuted jointly by the Kessler Class and the Rescap Liquidating Trust against certain insurance companies "**Insurance Recovery Litigation**"). Thus, it is in the best interest of the beneficiaries of the Borrower Trust that the term of the Trust be extended to allow the Trust to complete its mission of resolving all Disputed Borrower Claims and making a final distribution to holders of Allowed Borrower Claims and thereafter liquidating the Trust.

## RELIEF REQUESTED

12. The Trust seeks entry of the Proposed Order extending the term of the Trust through and including December 17, 2018, without prejudice to further extensions.

## BASIS FOR RELIEF

13. The Trust Agreement provides at Section 11.1(a) that the Bankruptcy Court may extend the term of the Trust if it "determines that a fixed-period extension is necessary to facilitate or complete the recovery and liquidation of the Borrower Claims Trust Assets . . ." As set forth above in this Motion, despite the Trust's best efforts, the liquidation is now incomplete and dependent on the resolution of litigation including appeals, the timing of resolution of which is beyond the exclusive control of the Trust.

14.     As set forth in this Motion above, the need to continue to resolve Disputed Borrower Claims for which more than $5 million in Reserves has been set aside, and the possibility of a substantial additional distribution once those Claims are finally resolved, plus the possibility of further recovery and consequent distribution from unliquidated Borrower Claims Trust Assets in the form of the Trust's right to recover certain proceeds from the recovery in the Insurance Recovery Litigation, are more than sufficient cause for the limited extension requested herein.

## NOTICE

15.     The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141], as well as to all holders of Unresolved Borrower Claims, Disallowed Claims On Appeal, and Allowed Borrower Claims. The Borrower Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Borrower Trust requests that this Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just.

Dated:  November 23, 2016           /s/ Daniel J. Flanigan
         New York, New York          Daniel J. Flanigan
                                     **POLSINELLI**
                                     600 3rd Avenue, 42nd Floor
                                     New York, New York 10016
                                     Telephone: (212) 644-0199
                                     Facsimile: (212) 684-0197

                                     *Counsel for Borrower Claims Trust*