UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
```
                                                  )
In re:                                            )    Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                 )    Chapter 11
                                                  )
                                Debtors.          )    Jointly Administered
                                                  )
```

### AMENDED ORDER DENYING DIEM TRANG NGUYEN'S MOTION FOR RECONSIDERATION

Pending before the Court is Diem Trang Nguyen's ("Nguyen," or the "Claimant") motion for reconsideration (the "Motion," ECF Doc. # 10083).[1] Nguyen asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's objection to Nguyen's claim. For the reasons explained below, the Motion is **DENIED**.

### BACKGROUND

The ResCap Borrower Claims Trust (the "Trust") objected to Claim Number 3725[2] (the "Claim"), filed by Nguyen, as part of their *Ninety-Second Omnibus Claims Objection* (the "Objection," ECF Doc. # 9486). Thereafter, the Claimant filed an opposition to the Objection (the "Opposition," ECF Doc. # 9905), and the Trust subsequently filed a reply (the "Reply," ECF Doc. # 9929). The Court held a hearing on the matter on June 15, 2016 (the "Hearing"), at which the Claimant did not appear. At the conclusion of the Hearing, the Court took the matter under submission. On August 25, 2016, the Court entered the *Memorandum Opinion and Order*

---

[1]    The Motion is titled the *Claimant Diem Trang Nguyen's Motion Pursuant to §§ 105 and 502(J) of Title 11, United States Code and Rule 3008 of the Federal Rules of Bankruptcy Procedure Seeking (a) Reconsideration of This Court's Order Dated August 25, 2016 Granting the Trust's Ninety-Second Omnibus Objection to Claim # 3725 Filed by Claimant Diem Trang Nguyen Against the Debtors, and (b) the Entry of an Order Modifying Those Orders.*

[2]    On or about November 8, 2012, the Claimant filed a proof of claim (the "Claim") against debtor Residential Capital, LLC ("ResCap"), asserting a general unsecured claim in an unliquidated amount. The basis for the Claim, as stated on the proof of claim form, is "wrongful foreclosure of [P]roperty." Additionally, the proof of claim form states that "wrongful foreclosure cases [are] pending appeal at federal and state courts: 11-56774 and G046818."

*Sustaining the ResCap Borrower Claims Trust's Objection to Claim No. 3725 Filed by Diem Trang Nguyen* (the "Order," ECF Doc. # 10070).  The Claimant now asks the Court to reconsider the Order, arguing that the Trust had "stipulated to moving the Hearing date from June 15, 2016 to September 14, 2016 via phone," then on June 14, 2016 informed Nguyen that the June 15, 2016 hearing was going forward leaving the Claimant with insufficient time to make arrangements to travel to or prepare for the Hearing.  (Motion at 5.)

## DISCUSSION

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause."  11 U.S.C. § 502(j).  The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases).  Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure ("Rule") 59, which allows a party to move to alter or amend a judgment.  *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59.  Bankruptcy Rule 9024 incorporates Rule 60, which authorizes relief from a final order under certain circumstances.  *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b).

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment."  FED. R. BANKR. P. 9023 (emphasis added).  The Claimant, appearing *pro se*, filed the Motion on August 31, 2016, less than fourteen days after the Court entered the Disallowance Order, and it is therefore timely under Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a).

Rule 60(b), applicable to this proceeding through Bankruptcy Rule 9024, permits a court to grant relief from a final judgment or order for, among other things, "mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). Relief from a final judgment or order may also be appropriate where "fraud . . . , misrepresentation, or misconduct by an opposing party" is present. FED. R. CIV. P. 60(b)(3). Whether to grant a motion for relief under Rule 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from an order under Rule 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The moving party bears a heavy burden because [Rule] 60 provides extraordinary relief and is, therefore, generally viewed with disfavor." *In re Barquet Grp., Inc.*, 477 B.R. 454, 460–61 (Bankr. S.D.N.Y. 2012) (citing *Bowman v. Jack Bond (In re Bowman)*, 253 B.R. 233, 240 (8th Cir. B.A.P. 2000)).

A movant seeking relief pursuant to Rule 60(b)(3) "must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct," *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F.Supp.2d 309, 312 (S.D.N.Y. 2003) (citations omitted), and "that this conduct prevented [the movant] from fully and fairly presenting his case," *id.* (citation and internal quotation marks omitted).

As noted above, Claimant alleges that "[o]n May 16, 2016, Claimant and the Trustee stipulated to moving the Hearing date from June 15, 2016 to September 14, 2016 via phone."

(Motion at 5.)³  Claimant also states that on June 14, 2016, the day before the Hearing, Claimant received an "Amended Proposed Agenda for Matters Scheduled to be Heard on June 15, 2016 at 10:00 a.m.," and thus did not have sufficient time to prepare for the hearing. (*Id*.)  The Motion suggests that Nguyen was indeed aware that this matter would be heard at the June 15, 2016 hearing, but because Nguyen is "residing out of state" and needed to make preparations for oral arguments, Nguyen did not or could not attend the Hearing.  (*Id*.)  The Court regularly permits out of state lawyers and *pro se* parties to appear by telephone.  Nguyen's personal appearance was not required.

Rule 60(b)(3) requires a showing by "clear and convincing evidence" that an opposing party engaged in misrepresentation or other misconduct, but Claimant has not presented the Court with any evidence of an alleged mutually agreed-upon adjournment of the June 15, 2016 hearing.  The Motion suggests that the Trust acted inappropriately or disingenuously, but without evidentiary support, these assertions alone do not provide sufficient grounds to grant the Motion.  In bringing the Motion, Nguyen bears a heavy burden, and without any evidence supporting Nguyen's contentions, the extraordinary relief found in Rule 60 is inappropriate.  The basis for the Court's ruling sustaining the objection and expunging Nguyen's claim is clearly set forth in the prior Order.  Nguyen has not set forth any basis to question the correctness of the earlier ruling.

---

³    Attached to the Motion at Exhibit A is a series of e-mail correspondences between Nguyen and the Trust where Nguyen asserts that the Trust "agreed to move the hearing date to Sept. 14 but changed [its] mind on the eleventh hour and kept the original hearing date [of June 15, 2016]." (Motion at Ex. A.)  The Trust then requests any written correspondence between the parties where an adjournment is mutually agreed upon, and Nguyen maintains that such an agreement was reached over the phone.  (*Id*.)

4

## CONCLUSION

For the reasons stated above, the Court concludes that the Claimant has not established that relief from the Order is warranted under Rule 60(b), and the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 29, 2016
       New York, New York

                                                **/s/Martin Glenn**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge