MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

December 27, 2016

Writer's Direct Contact
+1 (212) 336.4328
JWishnew@mofo.com

By E-Mail & Overnight Mail

Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC, et. al., Case No. 12-12020
      Claim No. 4445 Filed by Alan Moss

Dear Judge Glenn:

We represent the ResCap Borrower Claims Trust (the "Borrower Trust") in connection with its objection (the "Objection") to the above-referenced proof of claim filed by Alan Moss (the "Claimant"). By this letter, the Borrower Trust asks for a pre-motion conference pursuant to Local Bankruptcy Rule 7056-1 and Paragraph 6(a) of the *Case Management and Scheduling Order Regarding ResCap Borrower Claims Trust's Objection to Claim Number 4445 Filed by Alan Moss* [Docket No. 10166] as a prelude to filing a summary judgment motion in the above matter as to three issues.

The first issue is whether Mr. Moss can maintain causes of action for negligence, fraud, or intentional infliction of emotional distress where the alleged harm was caused by a foreclosure proceeding that was initiated as a result of Mr. Moss' default on his loan. *See Bergman v. Bank of America, N.A.*, No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013) (plaintiff could not show that her damages were caused by an alleged improper substitution of trustee, even where malice was demonstrated, because the plaintiff was in default at the time of the foreclosure); *Freeman v. King*, Case No. B181091, 2007 WL 1289810 (Cal. Ct. App. May 3, 2007) (holding that improper notice of foreclosure sale did not cause the plaintiff to incur attorney's fees defending the foreclosure because the foreclosure was caused by the borrower's default on the loan); *Walton v. Morg. Elec. Reg. Sys. Inc.*, 507 Fed. Appx. 720, 721 (9th Cir. 2013) ("[Plaintiff] cannot prevail on her negligence claim because even if Appellees kept inaccurate records, she admits that she fell behind on her payments and has not alleged that she could have avoided the default.").

ny-1266466

MORRISON | FOERSTER

Hon. Martin Glenn, USBJ
December 27, 2016
Page Two

The second issue is whether Mr. Moss can show that Executive Trustee Services, LLC owed him a legal duty to examine the chain of title of Mr. Moss' mortgage to determine if the entity appointing it as substitute trustee had the authority to do so. *See Cedano v. Aurora Loan Servcs LLC (In re Cedano)*, 470 B.R. 522, 534 (B.A.P. 9th Cir. 2012) (holding that a plaintiff could not assert that a substitute trustee breached a duty of care by alleging that the trustee did not sufficiently ascertain the validity of the foreclosure documents).

The final issue is whether Mr. Moss' allegations can support a claim for intentional infliction of emotional distress in light of *Aguinaldo v. Ocwen Loan Serv., LLC*, Case No. 12-CV-01393-EJD, 2012 WL 3835080 (N.D. Cal. Sep. 4, 2012); *Davenport v. Litton Loan Serv., LP*, 725 F. Supp. 2d 862 (N.D. Cal. 2010); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185 (S.D. Cal. 2010) (holding that foreclosure on a property does not amount to outrageous conduct required to support a claim for intentional infliction of emotional distress).

Additionally, the Borrower Trust respectfully proposes that if the Court is willing to conduct a pre-motion conference, it do so at the omnibus hearing now scheduled for January 11, 2017 at 10:00 a.m. eastern standard time.

Respectfully submitted,

/s/ Jordan A. Wishnew

Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

ny-1266466