



## Foreclosure Commitment

AGENT FOR:

**First American Title Insurance Company**

**SCHEDULE A**

Foreclosure Reference No.: ███████

Foreclosure Commitment No.: ███████

Charge: $250.00

1. Effective Date: July 20, 2016 at 8:00 A.M.

2. Policy (or Policies) to be issued:

   a.  ☐  ALTA Owner's Policy of Title Insurance (6-17-06)

   Proposed Insured: NONE

   b.  ☐  ALTA Loan Policy of Title Insurance (6-17-06)

   Proposed Insured: NONE

3. The estate or interest in the land described or referred to in this Commitment is:

   Fee Simple

4. Title to the Fee Simple estate or interest in the land is at the Effective Date vested in:

   Jason T Knowles and Heather Bontempi

5. The land referred to in this Commitment is described as follows:

   LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

By: _____

        Title Officer: Mike Garza

| SCHEDULE BI – REQUIREMENTS | Foreclosure Commitment No.: ▮▮▮ |
|---|---|
| | Foreclosure Reference ▮▮▮ |

NOTE: This is a foreclosure commitment only and has been issued for foreclosure purposes only and as such should not be relied upon for a Real Estate Transaction. This is not a commitment to insure, and no insurance is provided by this foreclosure commitment, nor is the company liable for errors or omissions in this foreclosure report. This commitment is not an abstract, examination, report, or representation of fact or title and does not create and shall not be the basis of any claim for negligence, negligent misrepresentation or other tort claim or action. Liability hereunder is exclusively, strictly and specifically limited to amounts paid for the commitment.

If a commitment for Title Insurance is desired, the identity of the entities to be insured and policy amounts must be disclosed to this Company and at that time this Company may be willing to issue a Commitment for Title Insurance disclosing all requirements for issuance of the policy as well as any additional exceptions which may be deemed necessary.

1.  We have been informed that the Mortgage shown in Book 968 at Page 2378 is being foreclosed.  In order to Foreclose the Mortgage appropriate proceedings will need to be commenced in the District Court of Leavenworth County, and concluded in strict compliance with the law and the orders of said court.
    The filing of a petition praying for foreclosure of the mortgage against the parties named in Paragraph 3 of Schedule A. hereof, and against the other parties who appear to claim interests in or liens upon land inferior or superior to the mortgage being foreclosed, including but not limited to:

    Join: Jason T Knowles

    Join: Heather Bontempi

    Join: Secretary of Housing and Urban Development

In connection with the foreclosure of the above Mortgage, we require the following:

A.  Proper service of all named defendants;

B.  A journal entry of the judgment declaring the lien of the mortgage paramount to the interests of all defendants, and adjudging it foreclosed;

C.  Sheriff's sale, pursuant to proper order and notice;

D.  Expiration of the redemption rights of all parties having a right to redeem, and delivery of a proper Sheriff's Deed to the lawful holder of the Sheriff's certificate of purchase on the date of expiration of said rights;

E.  Order confirming sale; and

F.  Proof that the Mortgagee has obtained possession of the premises in question from the Mortgagor and any person claiming through him.

NOTE: We reserve the right to make additional requirements in connection with the following matters.

G.  The form of the foreclosure proceedings;

H.  The identity of the proposed insured and the sale price, when the same become known; and

I.  Federal Tax Liens or Bankruptcy proceedings intervening subsequent to the date of this report and prior to acquisition of title by the proposed insured.

J.  Payment of Assessments, Dues and/or Liens levied by the Homeowners Association of said Subdivision, if any.

K.  Payment of Special Assessments and/or Taxes levied by the City of Leavenworth and/or County of Leavenworth, if any.

| **SCHEDULE BII – EXCEPTIONS** | Foreclosure Commitment |
| --- | --- |
| | Foreclosure Reference ███████ |

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Right or claims of parties in possession not shown by the Public Records.

2.  Easements, or claims of easements, not shown by the Public Records.

3.  Any encroachment, encumbrance, violation, variation or adverse circumstances affecting Title that would be disclosed by an accurate and complete survey of the Land or that could be ascertained by an inspection of the Land.

4.  Any lien, or right to lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the Public Records.

5.  Taxes, or special assessments, if any, not shown as existing liens by the Public Records.

6.  Loss or damage by reason of there being recorded in the Public Records, any deeds, mortgages, lis pendens, liens or other title encumbrances subsequent to the commitment date and prior to the effective date of the final Policy.

7.  Taxes and assessments for the year 2016, and subsequent years.

8.  N/A

9.  Building Setback Lines, Easements, Rights of Way, Encroachments, Overlaps, Servitudes, Leases, Grants, Reservation of Minerals, Mineral Rights, Water Rights, Oil & Gas Rights, on, above, or below the surface of the land, Covenants, Conditions and Restrictions, including a provision for subdivision assessments or Homeowners Associations Declaration, Party Walls, if any, and any amendment thereto, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin to the extent such covenants, conditions or restrictions violate 42 USC 3604.

10. Tenancy rights, either as month to month or by virtue of written lease of any party now in possession of the premises in question.

11. Mortgage executed by Jason T Knowles, a single man to Mortgage Electronic Registration Systems, Inc. as nominee for Concord Mortgage Company, dated November 17, 2005 and recorded November 17, 2005, as Document No.  in Book 968 at Page 2378, securing $120,783.00.

    NOTE: Assignment of above Mortgage from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, by the instrument dated November 5, 2009 and recorded November 16, 2009, as Document No. 2009R11306.

    NOTE: Terms and provisions of the Modification Agreement for the above Mortgage dated November 17, 2005 recorded July 2, 2013as Document No. 2013R06325.

    NOTE: Assignment of above Mortgage from Bank of America, N.A. successor by merger to BAC Home Loans Serviciing, LP fka Countrywide Home Loans Servicing LP to The Secretary of Housing and Urban Development, by the instrument dated September 4, 2014 and recorded February 12, 2015, as Document No. 2015R00879.

    NOTE: Assignment of above Mortgage from Secretary of Housing and Urban Development, by Caliber Home Loans, Inc as attorney in fact to U.S. Bank Trust, N.A. as trustee for LSF, Master Participation Trust, by the instrument dated January 14, 2015 and recorded February 12, 2015, as Document No. 2015R00880.

12. Mortgage executed by Jason T Knowles to Secretary of Housing and Urban Development, dated April 15, 2013 and recorded July 2, 2013, as Document No. 2013R06324, securing $12,820.75.

NOTE: For informational purposes only we submit the following tax figures and property address, if known. We assume no liability for the correctness of the same.

Commonly known as: 307 North 16th Street, Leavenworth, KS  66048

Tax Year: 2015
Tax ID No.: 06901
Assessed Value: $13145
Tax Amount: $1,702.16 Paid
Includes the following Special Assessments, if any: Not Reported
Delinquent Taxes, if any: None

NOTE: For Informational purposes only we submit the following Homeowner's Association contact information, if known. We assume no liability for the information provided and/or the correction of the same.

HOA/COA contact information is not found.

Entered in the transfer record in my office this

____ day of __August__ 20_07_

_Linda A. Scheley_ by D. Cox

**County Clerk**

DOC #:    2007R05547
STACY R. DRISCOLL/REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
08/16/2007          12:37PM
RECORDING FEE:    20.00
INDEBTEDNESS:      0.00
PAGES:    4

This document prepared by:                    )
Name:        Ted Woloszyk                       )
Firm/Company:   LandAmerica Onestop            )
Address:      600 Clubhouse Dr.                 )
Address 2:                                      )
City, State, Zip:   Moon Twp, PA 15108          )
Phone:                                          )
Recording Requested by &                        )
When Recorded Return To:                        )
    US Recordings, Inc.                         )
    2925 Country Drive Ste 201                  )
    St. Paul, MN 55117                          )

-------Above This Line Reserved For Official Use Only-------

**PURSUANT TO K.S.A. 79-1437e (a) (4)** - A Kansas Real Estate Sales Validation
Questionnaire is not required for this Deed due to exception (4) A transfer of Title by way of gift,
donation or contribution stated in the deed or other instrument.

### QUITCLAIM DEED (4)
TITLE OF DOCUMENT

**KNOW ALL MEN BY THESE PRESENTS THAT:**

THIS DEED, made this 26 day of _July_ , 20_7_,
between GRANTOR(S), Jason T. Knowles, a single person, whose mailing address is 307 North 16th
Street, Leavenworth KS 66048, of the first part, and GRANTEE(S), Jason T. Knowles, single and
Heather Bontempi, single, whose mailing address is 307 North 16th Street, Leavenworth KS 66048,,
of the second part:

WITNESSETH, that party of the first part, in consideration of the sum of NO
CONSIDERATION to Grantor(s) duly paid by Grantee(s), the receipt of which is hereby acknowledged,
do by these presents, Remise, Release and Quitclaim unto party of the second part, their heirs and assigns,
all the following described real estate situated in Sedgwick County, Kansas, to wit:

### SEE LEGAL DESCRIPTION AT EXHIBIT A

Assessor's Parcel Number: **078-27-0.40-10.010.00**
MORE commonly known as: 307 North 16th Street, Leavenworth KS 66048

Prior instrument reference: Book 0968, Page 2377, of the Recorder of **Leavenworth** County,
Kansas.

SUBJECT TO any Restrictions, Conditions, Covenants, Rights, Rights of Way, Easements and
Special Assessments now of record

WITH THE APPURTENANCES and all the estate, title, and interest of the said party of the first
part therein;

TO HAVE AND TO HOLD, all and singular, the above-described premises, together with the
tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, unto the
said party of the second part, their heirs and assigns, forever.

- Quitclaim Deed - Page 1 -

Whenever used, the singular number shall include the plural, the plural the singular and the use of any gender shall be applicable to all genders.

WITNESS Grantor hand(s) this the 26 day of July , 200 7 .

_____
Grantor
Jason T. Knowles

Signed in the presence of:

_____

_____

STATE OF Kansas

COUNTY OF Leavenworth

BE IT REMEMBERED, that on this 26 day of July , 200 7 before me, Jason T. Knowles Jane the undersigned, Notary Public, in and for the County and State aforesaid, personally appeared Jason T. Knowles who is/are personally known to me or proved to me on the basis of satisfactory evidence to be the same person(s) who executed the foregoing deed and duly acknowledged the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal on the day and year last above written.

**NOTARY STAMP/SEAL**

JANIE STOCKMAN
Notary Public
State of Kansas
My Commission Expires 12/12/07

Before me, Janie Stockman
Notary Public
Print Name: Janie Stockman

My commission expires: 12/12/07

JANIE STOCKMAN
Notary Public
State of Kansas
My Commission Expires 12/12/07

– Quitclaim Deed - Page 2 –

**Grantor(s) Name, Address, phone:**
Jason T. Knowles
307 North 16th Street
Leavenworth KS 66048

**Grantee(s) Name, Address, phone:**
Jason T. Knowles and Heather Bontempi
307 North 16th Street
Leavenworth KS 66048

**SEND TAX STATEMENTS TO GRANTEE**

- Quitclaim Deed - Page 3 -

EXHIBIT A

ALL THE FOLLOWING DESCRIBED REAL ESTATE IN THE COUNTY OF LEAVENWORTH, STATE OF KANSAS, TO-WIT:

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.



- Quitclaim Deed - Page 4 -

# GENERAL WARRANTY DEED

*(Following Kansas Statutory Warranty Form)*

This 17th day of    November    ,    2005

Charles A. Benson and Theresa M. Benson, husband and wife
aka Theresa Benson

### CONVEY(S) AND WARRANT(S) TO:

Jason T. Knowles a single person

*their heirs and assigns, all the following described REAL ESTATE in the County of Leavenworth, State of Kansas, to-wit:*

Lot 9, MICHAEL REPLAT, City of Leavenworth, Leavenworth County, Kansas.

*for the sum of One Dollar and other Good and Valuable Consideration.*

### EXCEPT AND SUBJECT TO:

Easements, restrictions, reservations, and covenants now of record, all taxes, both general and special not now due and/or payable.

_____
Charles A. Benson

*Theresa Benson*
Theresa M. Benson

STATE OF Kansas

COUNTY OF Leavenworth

I, Loreal Guenther _____ , a Notary Public of the County and State first above written, do hereby certify that Charles A. Benson and Theresa M. Benson husband and wife personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 17th day of November _____ , 2005

_____
Notary Public

My Commission Expires:

(SEAL)

STATE OF KANSAS
COUNTY OF LEAVENWORTH SS
FILED FOR RECORD

2005 NOV 17  P 4:41

STACY R. DRISCOLL
REGISTER OF DEEDS

LOREAL GUENTHER
MY COMMISSION EXPIRES
August 18, 2009
OFFICIAL SEAL

Entered in the transfer record in my office this
6th day of November , 20 05
Linda A. Scheer by B. Col
County Clerk

BK 0968 PG 2377

Return To:
CONCORD MORTGAGE COMPANY
15333 NORTH PIMA ROAD, SUITE 370
SCOTTSDALE, AZ 85260

MIN: 1001013000000007047
MERS Phone: 1-888-679-6377
LOAN NO.:
ESCROW NO.

Prepared By:

CONCORD MORTGAGE COMPANY
15333 NORTH PIMA ROAD, SUITE 370
SCOTTSDALE, AZ 85260
(602) 395-1600

—————————————————[Space Above This Line For Recording Data]—————————————————

State of Kansas

# MORTGAGE

FHA Case No.

THIS MORTGAGE ("Security Instrument") is given on     NOVEMBER 17, 2005
The Mortgagor is
JASON T KNOWLES, A SINGLE MAN

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
CONCORD MORTGAGE COMPANY

("Lender") is organized and existing under the laws of     ARIZONA     , and has an address of   15333 NORTH PIMA ROAD, SUITE 370, SCOTTSDALE, AZ 85260
. Borrower owes Lender the principal sum of
ONE HUNDRED TWENTY THOUSAND SEVEN HUNDRED EIGHTY THREE AND NO/100 X X X X X X X X X X
Dollars (U.S. $     120,783.00     ),
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
DECEMBER 01, 2035     . This Security Instrument secures to Lender: (a) the repayment of the debt

FHA Kansas Mortgage with MERS - 4/96
VMP-4N(KS) (0309)

Initials:
Amended 2/01

Page 1 of 9     LENDER SUPPORT SYSTEMS INC. MERSKS.NEW (15/04)

evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in          LEAVENWORTH
County, Kansas:
LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

Parcel ID Number:  PARCEL NO.:  079-27-0-40-10-010
which has the address of          307 NORTH 16TH STREET          [Street]
          LEAVENWORTH          [City] , Kansas          66048-          [Zip Code]
("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.
1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable

VMP-4N(KS) (0305)          Page 2 of 8          Initials: __

BK 0 9 6 8 PG 2 3 7 9

amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later

BK0968PG2380

BK0968PG2381

sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

VMP-4N(KS) (9305)    Page 4 of 8

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

   (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

   10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

   11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

   12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

VMP-4N(KB) (0305)                    Page 6 of 9                    Initials: _____

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

VMP-4N(KS) (0305)                          Page 6 of 8                          Initials: ____

BK 0 9 6 8 PG 2 3 8 3

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all reasonable expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney fees, to the extent allowed by applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower.

20. **Waiver of Redemption.** Borrower waives all rights of redemption to the extent allowed by law.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Adjustable Rate Rider        ☐ Condominium Rider                    ☐ Growing Equity Rider
☐ Graduated Payment Rider   ☐ Planned Unit Development Rider   ☐ Rehabilitation Loan Rider
☐ Other(s) [specify]

VMP-4N(KS) (0305)                        Page 7 of 8                        Initials: ___

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____
                                    -Witness

_____
                                    -Witness

_____(Seal)          _____(Seal)
JASON T KNOWLES              -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                             -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                             -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                             -Borrower                                        -Borrower

STATE OF KANSAS
        BE IT REMEMBERED, that on this    17th    day of    November, 2005    Leavenworth County ss:
before me, the undersigned, a Notary Public in and for the County and State aforesaid, personally appeared
JASON T KNOWLES

to me personally known to be the same person(s) who executed the above and foregoing instrument of writing, and duly acknowledged the execution of same.
        IN WITNESS WHEREOF, I have hereunto set my hand and Notarial Seal on the day and year last above written.

My Commission Expires:

_____
                             Notary Public

LOREAL GUENTHER
MY COMMISSION EXPIRES
August 18, 2009
OFFICIAL SEAL

_____
                             Type Name    Loreal Guenther

VMP-4N(KS) (0205)                          Page 8 of 9

        STATE OF KANSAS
COUNTY OF LEAVENWORTH-SS
      FILED FOR RECORD

2005 NOV 17 P 4:42 ☺

STACY R. DRISCOLL
REGISTER OF DEEDS

REGISTRATION FEE
Amount of Indebtedness $ 120,783.00
AMT $ __314.04__
Paid this __17__ day of __NOV__ 20 05
_____
Register of Deeds, Leavenworth County, Ks.

Doc #:    2009R11306
STACY R. DRISCOLL/REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
11/16/2009        12:22PM
RECORDING FEE:    9.00
INDEBTEDNESS:     0.00
PAGES: 2

*(Space Above reserved for Recorder of Deeds certification)*

**TITLE OF DOCUMENT:** Assignment of Mortgage

**DATE OF DOCUMENT:**    11/5/2009

**GRANTOR(S):**    Mortgage Electronic Registration System, Inc

**GRANTOR(S) ADDRESS:**    P.O. Box 2026 , Flint, MI 48501

**GRANTEE(S):**    BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
SERVICING LP

**GRANTEE(S) ADDRESS:**    7105 Corporate Drive , Plano, Texas 75093

**REFERENCE BOOK AND PAGE(S):**    Book 0968 Page 2378

**LEGAL DESCRIPTION:**

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

Our file # KNOJABAC

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, comes now for Mortgage Electronic Registration Systems, Inc. as nominee for Concord Mortgage Company(herein "Assignor") ; whose address is: P.O Box 2026, Flint, MI 48501, its successors and assigns, on behalf of and with authority of Concord Mortgage Company and hereby assigns and transfers to , BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP (herein "Assignee"); whose address is: 7105 Corporate Drive , Plano, TX 75093 , its successors and assigns, all its right, title and interest in and to a certain Mortgage executed by Jason T Knowles,a single man, and given to secure payment of  $120,783.00 which Mortgage is of record in Book 0968 at Page 2378 of the land records of Leavenworth County, State of KS, encumbering the following legal description, to-wit:

**LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.**

Signed on the __5__ day of __Nov.__ , 2009.

Mortgage Electronic Registration Systems, Inc.

By: _Sara Knittel_

Its: _Certifying Officer_

State of Missouri ⎞
                 ⎟ss
County of St. Louis ⎠

I, the undersigned Notary Public in and for said county and state, hereby certify that _Sara Knittel_ , whose name appears as _Certifying Officer_ of Mortgage Electronic Registration Systems, Inc., signed the foregoing instrument and who is known to me, acknowledged before me on this date having been informed of the content of said conveyance, that as such, and with full authority executed and delivered the same voluntarily for and as the act of said corporation.

GIVEN UNDER MY HAND THIS DATE   __11/6/09__ .

_N. Hanna_
Notary Public
My Commission Expires:  _N. Hanna_
K&M Filename: KNOJABAC

"NOTARY SEAL"
N. Hanna, Notary Public
Jefferson County, State of Missouri
My Commission Expires 2/7/2012
Commission # 08482286

Doc #: 2015R00879
STACY R. DRISCOLL
REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
02/12/2015 10:53AM
RECORDING FEE: $15.00

INDEBTEDNESS: 0
PAGES: 2

| | |
|---|---|
| This space for Recorder's use | |
| Recording Requested By:<br>Bank of America, N.A.<br>Prepared By:<br>Ralph Flores<br>800-444-4302 | When recorded mail to:<br>WELLS FARGO<br>ATTN: NANCY<br>CHOUANARD<br>751 KASOTA AVE<br>MINNEAPOLIS, MN 55414 |

DocID# 169▮▮▮▮▮▮▮11859

Property Address:
307 North 16th Street
Leavenworth, KS 66048-1602
KS06-AM  30372314   9/5/2014  HOLSTRI

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 does hereby grant, sell, assign, transfer and convey unto THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH STREET S.W., WASHINGTON, DC 20410 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:                MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                            NOMINEE FOR CONCORD MORTGAGE COMPANY, ITS SUCCESSORS
                            AND ASSIGNS
Borrower(s):                JASON T KNOWLES, A SINGLE MAN
Date of Mortgage:           11/17/2005
Original Loan Amount:       $120,783.00
Recorded in Leavenworth County, KS on: 11/17/2005, book 0968, page 2378 and instrument number N/A

Property Legal Description:

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
9/4/14

                            BANK OF AMERICA, N.A., SUCCESSOR BY
                            MERGER TO BAC HOME LOANS SERVICING, LP,
                            FKA COUNTRYWIDE HOME LOANS SERVICING
                            LP

                            By: _____
                            Melissa A. Taylor, Vice President

State of California
County of Ventura

On **SEP 0 4 2014** before me, _____**Marivel Castro**_____, Notary Public, personally appeared Melissa A. Taylor, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand end official seal.

Notary Public: _____**Marivel Castro**_____ (Seal)
My Commission Expires: ___**Exp. June 28, 2018**___

MARIVEL CASTRO
COMM.# 2072738
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires June 28, 2019

DocID# 169▨▨▨▨1859

Leavenworth County, Register of Deeds  2015R00879

Doc #: 2015R00880
STACY R. DRISCOLL
REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
02/12/2015 10:53AM
RECORDING FEE: $15.00

INDEBTEDNESS: 0
PAGES: 2

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

Space Above This Line For Recorder's Use

Prepared By:    Nancy Ortiz          Loan Number: ████████
MERS Min:      100101300000007047    Caliber Document ID# ████████

Parcel ID: --

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned SECRETARY OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH ST, S.W., WASHINGTON D.C. 20410, hereby grants, assigns and transfers to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST whose address is 2711 N HASKELL AVENUE, 1700 , DALLAS, TEXAS 75204 all beneficial interest under that certain Deed of Trust dated 11/17/2005 executed by JASON T KNOWLES, A SINGLE MAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CONCORD MORTGAGE COMPANY , ITS SUCCESSORS AND ASSIGNS in the amount of $120,783.00 and recorded on 11/17/2005 as instrument # --, in Book/Volume or Liber No. 0968 , Page/folio 2378 of Official Records in the County Recorder's office of LEAVENWORTH County, KS, describing land herein as: 'SEE ATTACHED 'EXHIBIT A'.

Property Address:    307 NORTH 16TH STREET, LEAVENWORTH KS 66048
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated this 14th day of January of 2015          SECRETARY OF HOUSING AND URBAN
                                                DEVELOPMENT, BY CALIBER HOME LOANS, INC., AS
                                                ATTORNEY IN FACT

_Brandi Coulter_
Witness #1  Brandi Coulter

_Kerry Brashears_
Witness #2  Kerry Brashears

                                                By:        Amy Schroeder
County of  Oklahoma )                            Title:     Authorized Signatory
State of  Oklahoma )

On January 14, 2015 before me, Nancy Ortiz, a Notary Public in and for Oklahoma County, in the State of Oklahoma, personally appeared, Amy Schroeder, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal.

Notary Name:   Nancy Ortiz          My Commission Expires:      9/29/2016

# Exhibit A

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

Doc #:    2013R06325
STACY R. DRISCOLL/REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
07/02/2013        01:59PM
RECORDING FEE:    48.00
MTG REG TAX FEE: 25.45
INDEBTEDNESS:    9790.29
PAGES:  11

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

MODIFICATION AGREEMENT

RECORDING REQUESTED BY &
RETURN TO:
BANK OF AMERICA, N.A.
ATTN: HOME RETENTION DIVISION
11802 RIDGE PARKWAY, STE 100
BROOMFIELD, CO 80021

Prepared by: LEROY TRUJILLO
BANK OF AMERICA
11802 RIDGE PARKWAY, STE 100
BROOMFIELD, CO 80021
REC # 438767 – SUB #13008888

**GRANTOR(S): JASON T. KNOWLES**
**GRANTEE:   [Bank of America, N.A.]**
**PREV–REC INFO : 11/5/2009 BOOK: 0968 PAGE: 2378 INST# 2009R11306**
**ORIG. MTG.  $ 120,783.00**
**NEW. MTG.  $ 130,573.29**
**NEW MONEY. $ 9,790.29**

WHEN RECORDED MAIL TO:
ATTN – HOME RETENTION RECORDING
Bank of America, N.A.
11802 Ridge Parkway, Suite 100
Broomfield, CO    80021

**Recording Requested By:**

Bank of America, N.A.

Document No.: ████████████

_____    Space Above for Recorder's Use    _____

## LOAN MODIFICATION AGREEMENT

**Borrower ("I")[1]:** JASON T KNOWLES

**Lender or Servicer ("Lender"):** Bank of America, N.A.

**Date of first-lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):** November 17, 2005

**FHA Loan Number:** ████████████

**Property Address ("Property"):** 307 NORTH 16TH STREET, LEAVENWORTH, KS 66048

See attached Exhibit "A" for Legal Description

**Recording Information:** Mortgage recorded in Book/Liber _____ at page(s) _____ of the _____ _____ Records of _____

(Name of Records)                    (County and State, or Other Jurisdiction)

[1] If more than one Borrower or Mortgagor executes this document, each is referred to as "I." Words signifying the singular (such as "I") include the plural (such as "we") and vice versa where appropriate.

FHA-HAMP Loan Modification Agreement        One- to Four-Family Bank of America, N.A. (rev. 111219/11)

**Important Disclosures:** The Federal Housing Administration (FHA) requires that the Lender provide you with information to help you understand the modified mortgage and partial claim terms that are being offered to you. The Lender must timely provide you with clear and understandable written information about the terms, costs, and risks of the modified mortgage to enable the Borrower to make informed decisions. This information is included below. Please read it carefully.

If my representations in Section 1 are true in all material respects and if I have satisfied all of the preconditions in Section 2, this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, modify (1) the Mortgage on the Property and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are called the "Loan Documents." Capitalized terms used in this Agreement and not otherwise defined have the meanings set forth in the Mortgage and/or Note, as applicable.

1.  **My Representations.** I certify, represent to Lender, and agree:

    A.  I am experiencing a financial hardship. As a result, (1) I am in default under the Loan Documents and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments due under the Loan Documents.

    B.  I live in the Property as my principal residence. The Property has not been condemned.

    C.  Except as approved in writing by the FHA or Lender, there has been no change in the ownership of the Property since I signed the Loan Documents.

    D.  I have provided documentation for all income that I receive. I am not required to disclose child support or alimony, unless I chose to rely on such income to qualify for the FHA-Home Affordable Modification Program ("Program").

    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including (but not limited to) the documents and information regarding my eligibility for the Program, are true and correct.

    F.  I have made all payments required under a trial period plan, as required under the Program.

2.  **Acknowledgements and Preconditions to Modification.** I understand, acknowledge, and agree:

    A.  As a precondition to receiving this proposed modification of the Loan Documents, I must accept and fully execute the FHA's required subordinate mortgage (also called a Partial Claim Note and Security Instrument).

B. Prior to the Modification Effective Date (as defined in Section 3), if Lender determines that any of my representations in Section 1 are no longer true and correct, (1) the Loan Documents will not be modified, (2) this Agreement will not be valid, and (3) the Lender will have all of the rights and remedies provided by the Loan Documents.

C. The Loan Documents will not be modified unless the Modification Effective Date (as defined in Section 3) has occurred.

D. The Lender has no obligation to make any modification of the Loan Documents if any of the requirements under this Agreement has not been met.

3. **The Modification.** If my representations in Section 1 continue to be true and correct and all preconditions to the modification in Section 2 have been met, the Loan Documents will automatically become modified (the "Modified Loan Documents") on June 1, 2013 (the "Modification Effective Date") and Lender will waive all due and unpaid late charges.

A. The new Maturity Date will be: May 1, 2043

B. The new principal balance of my Note will be $130,573.29 (the "New Principal Balance").

C. I promise to pay the New Principal Balance, plus interest, to the order of Lender.

D. The annual interest rate on the New Principal Balance will be 3.875%, beginning May 1, 2013, both before and after any new default. This fixed interest rate will remain in effect until principal and interest and all of the obligations due under the Modified Loan Documents are paid in full.

E. On June 1, 2013 and on the first day of each month thereafter until all of the obligations due under the Modified Loan Documents are paid in full, Borrower must make monthly payments of $905.98 (each, a "Monthly Payment"). Each Monthly Payment includes principal and interest of $614.00, plus the current required escrow payment of $291.98. My required escrow payments will likely adjust periodically in accordance with applicable law. If an escrow adjustment occurs, my total monthly payment would change accordingly.

F. I will be in default if I do not comply with the terms of the Modified Loan Documents.

4. **Additional Agreements.** I understand and agree:

A. I accept the risks of entering into this Agreement. These risks include (but are not limited to):

(1) The FHA's subordinate lien will require a balloon payment when I pay off, sell, or refinance the Property, which may make these things more difficult to do. The FHA's subordinate lien may also make it more difficult to get additional subordinate lien financing.

(2) My modified loan will have a fixed interest rate that will not change. As a result, if the interest rate in my Loan Documents could go up and down based on changes in an index, my new fixed interest rate might sometimes be higher than I would have paid before this modification.

B.    All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the Property has been transferred to one spouse in the divorce decree, in which event the spouse who no longer has an interest in the Property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) the Lender has waived this requirement in writing.

C.    This Agreement supersedes the terms of any modification, forbearance, trial period plan, or workout plan that I entered into with Lender before the date of this Agreement.

D.    Except to the extent modified by this Agreement, I will comply, with all covenants, agreements, and requirements of the Loan Documents, including (but not limited to) my agreement to pay all taxes, insurance premiums, assessments, Escrow Items, impounds, and all other similar obligations, the amounts of which may change in accordance with the terms of my Modified Loan Documents.

E.    The Modified Loan Documents are duly valid, binding agreements, enforceable in accordance with their terms and are hereby ratified and confirmed.

F.    All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement satisfies or releases any obligation in the Loan Documents. Except as expressly modified by this Agreement, I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents and this Agreement.

G.    I will fully cooperate with Lender in obtaining any title endorsement(s) or similar title insurance product(s) and/or any subordination agreement(s) that are necessary or required by Lender's procedures and/or the Program to ensure that the Mortgage, as modified by this Agreement, is in first-priority lien position and is fully enforceable. The terms of this Agreement will not become effective, and this Agreement will be null and void, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s) on or before the Modification Effective Date.

H.  If an error is detected after execution of this Agreement, I will execute any documents reasonably necessary to (1) consummate the terms and conditions of this Agreement and/or (2) correct the terms and conditions of this Agreement (a "Corrected Agreement"). If I receive a Corrected Agreement from Lender, this Agreement will be void and of no legal effect. If I elect not to sign a Corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Program.

I.  Lender will collect and record, as applicable, personal Information about me, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity ("Personal Information"). In addition, I consent to the disclosure of my Personal Information and the terms of the trial period plan and this Agreement by Lender to (1) any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s), (2) companies that perform support services for the Program, and (3) any HUD-certified housing counselor.

J.  If any document related to the Loan Documents and/or this Agreement is lost, misplaced, or otherwise missing, I will comply with Lender's request to execute, acknowledge, initial, and deliver to Lender any documents Lender deems necessary ("Replacement Documents"). I will deliver the Replacement Documents within ten days after I receive Lender's written request for such Replacement Documents.

In Witness Whereof, Lender and I have executed this Agreement.

SIGNED AND ACCEPTED THIS __22__ DAY OF _May_

Borrower:

_____

JASON T KNOWLES

ALL SIGNATURES MUST BE ACKNOWLEDGED

STATE OF _Kansas_

COUNTY OF _Leavenworth_

On _May 22, 2013_ , before me, _Linda S Genovoli_ , Notary
Public, personally

appeared _Jason T Knowles_ , personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument, the person or entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Linda S Genovoli_                          _Aug 20, 2013_
Notary Signature                            Commission Expiration Date

_Linda S Genovoli_  _1101 Spruce_
Printed Name Place Seal Here  _Leavenworth_
                              _Kansas 66048_

The following mortgagor is not a Borrower, but has an ownership interest in the
Property and is signing solely to consent to this Modification as a mortgagor:

MORTGAGOR:

_Jason T Knowles_  _5/22/13_
Signature                        Date

_Jason T Knowles_
Name (typed or printed)

STATE OF _Kansas_

COUNTY OF _Leavenworth_

On _May 22, 2013_, before me, _Linda S Arwood_, Notary
Public, personally

appeared _Jason T Knowleys_, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument, the person or entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Linda S Arwood_  _Aug 20 2013_
Notary Signature                        Commission Expiration Date

_Linda S Arwood_  _1101 Spruce/_
Printed Name Place Seal Here    _Leavenworth Kansas 66048_

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans
Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____    Dated: _____

Name: _____
Title : _____

STATE OF *Kansas*

COUNTY OF *Leavenworth*

On *May 22, 2013*, before me, *Linda S Arnold*, Notary
Public, personally

appeared *Jason T Knowles*, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument, the person or entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____        *Aug 20, 2013*
Notary Signature    *1101 Spruce*    Commission Expiration Date

*Linda S Arnold*    *Leavenworth*
Printed Name Place Seal Here    *Kansas*
*66048*

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans
Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____          Dated:  MAY 3 1 2013

Name:  **Andre Bandelier**
Title :  **ASSISTANT SECRETARY**

STATE OF Colorado
COUNTY OF Broomfield

On  MAY 3 1 2013 , before me,  **Lynn Holdsworth** _____, Notary
Public, personally
appeared **Andre Bandelier** _____, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument, the person or entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.                    DEC 2 7 2015

_____                    _____
Notary Signature                                          Commission Expiration Date
**Lynn Holdsworth**

Printed Name Place Seal Here

```
LYNN HOLDSWORTH
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires Dec. 27 2015
```

EXHIBIT A

LEGAL DESCRIPTION

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

Parcel ID Number: PARCEL NO.: 078-27-0-40-10-010
which has the address of          307 NORTH 16TH STREET                    [Street]
                    LEAVENWORTH                    [City] , Kansas      68048-      [Zip Code]
("Property Address");

Doc #:    2013R06324
STACY R. DRISCOLL/REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
07/02/2013        01:57PM
RECORDING FEE:    36.00
MTG REG TAX FEE: 33.33
INDEBTEDNESS:    12820.75
PAGES:  8

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## MORTGAGE

RECORDING REQUESTED BY &
RETURN TO:
BANK OF AMERICA, N.A.
ATTN: HOME RETENTION DIVISION
11802 RIDGE PARKWAY, STE 100
BROOMFIELD, CO  80021

Prepared by: LEROY TRUJILLO
BANK OF AMERICA
11802 RIDGE PARKWAY, STE 100
BROOMFIELD, CO  80021
REC # 438766 – SUB #13008888

36/ 33.33

BoA

**GRANTOR(S): JASON T. KNOWLES**
**GRANTEE:  [Bank of America, N.A.]**
**MARTIAL STATUS:  A SINGLE MAN**

SPACE ABOVE FOR RECORDER USE

**WHEN RECORDED MAIL TO:**
Bank of America, N.A.
1001 Liberty Avenue, Suite 675
Pittsburgh, PA 12222

**PREPARED BY:**
Bank of America, N.A.

FHA/VA Case No, █████████
Doc ID ██████████████
See Exhibit B for assignments of record if applicable

# MORTGAGE

THIS MORTGAGE ("Security Instrument"), is given on April 15, 2013. The Mortgagor(s)
are JASON T KNOWLES, whose address is 307 NORTH 16TH STREET,
LEAVENWORTH, KS 66048 ("Borrower"). This Security Instrument is given to the
Secretary of Housing and Urban Development, and whose address is **Department of
Housing and Urban Development, Attention: C&L Service Corp./ Morris-Griffin
Corp. 2488 E 81st Street, Suite 700, Tulsa, OK 74137 ("Lender")**. Borrower owes
Lender the principal sum of $12,820.75. This debt is evidenced by Borrower's note
dated the same date as this Security Instrument ("Note"), which provides for the full
debt, if not paid earlier, due and payable on May 1, 2043. This Security Instrument
secures to Lender: (a) the repayment of the debt evidenced by the Note, and all
renewals, extensions and modifications of the Note: (b) the payment of all other sums,
with interest, advanced under Paragraph 2 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under
this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, warrant, grant and convey to the Lender, with power of sale, the following
described property located in LEAVENWORTH County, State of Kansas: which has the
address 307 NORTH 16TH STREET, LEAVENWORTH, KS 66048 (See Exhibit A for
Legal Description if applicable) ("Property Address") more particularly described as
follows:

**KANSAS** - SUBORDINATE MORTGAGE - 7/99 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM                              Page 1 of 6

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.    **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note, together with interest or other charges as provided in the Note and the Security Instrument.

2.    **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY.** If (A) Borrower does not keep all promises and agreements made in this Security Instrument, or (B) someone, including Borrower, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 2 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give Borrower notice before Lender may take any of these actions.

Borrower will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 2. This Security Instrument will protect Lender in case Borrower does not keep this promise to pay those amounts with interest.

Borrower will pay those amounts to Lender when Lender sends Borrower a notice requesting that Borrower do so. Borrower will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and Borrower may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 2, Lender does not have to do so.

KANSAS - SUBORDINATE MORTGAGE - 7/99 - HUD INSTRUMENT

FHA- PARTIAL CLAIM                    Page 2 of 6

3.    **BORROWER NOT RELEASED; FORBEARANCES BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

4.    **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note; (a) is consigning this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

5.    **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: C&L Service Corp./Morris-Griffin Corp. 2488 E 81st Street, Suite 700, Tulsa, OK 74137 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

6.    **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

7.    **BORROWER'S COPY.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**KANSAS** - SUBORDINATE MORTGAGE - 7/99 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM                                 Page 3 of 6

8.     **ACCELERATION; REMEDIES.** If Borrower fails to keep any promise or
agreement made in this Security Instrument, including the promise to pay,
when due, the amount owed under the Note and under this Security
Instrument, Lender, prior to acceleration, shall give notice to Borrower as
provided in paragraph 5 hereof specifying: (1) the breach; (2) the action
required to cure such breach; (3) a date, not less than 10 days from the date
the notice is mailed to Borrower, by which such breach must be cured; and (4)
that failure to cure such breach on or before the date specified in the notice
may result in acceleration of the sums secured by this Security Instrument
foreclosure by judicial proceedings, and sale of the Property. The notice shall
further inform Borrower of the right to reinstate after acceleration and the right
to assert in the foreclosure proceeding the non-existence of a default or any
other defense of Borrower to acceleration and foreclosure. If the breach is not
cured on or before the date specified in the notice, Lender, at Lender's option,
may declare all of the sums secured by this Security Instrument to be
immediately due and payable without further demand and may foreclose this
Security Instrument by judicial proceeding. Lender shall be entitled to collect in
such proceeding all expenses of foreclosure, including, but not limited to,
reasonable attorney's fees, court costs, and costs of documentary evidence,
abstracts and title reports.

If the Lender's interest in this Security Instrument is held by the Secretary and
the Secretary requires immediate payment in full under the Paragraph 7 of the
Subordinate Note, the Secretary may invoke the nonjudicial power of sale
provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12
U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated
under the Act to commence foreclosure and to sell the Property as provided in
the Act. Nothing in the preceding sentence shall deprive the Secretary of any
rights otherwise available to a Lender under this paragraph or applicable law.

**KANSAS** - SUBORDINATE MORTGAGE - 7/99 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM                              Page 4 of 6

9.    **BORROWER'S RIGHT TO REINSTATE.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amounts due under the Note and this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if the Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

10.    **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing indebtedness secured by this Security Instrument. Trustee shall release this Security Instrument to Trustee without charge to Borrower. Borrower shall pay all costs of recordation, if any.

11.    **REDEMPTION.** Borrower, to the extent allowed by law, hereby waives any and all rights of redemption in the event of foreclosure of this Mortgage.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

---

**KANSAS** - SUBORDINATE MORTGAGE - 7/99 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM                    Page 5 of 6

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any riders(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____
JASON T KNOWLES

_____

State of Kansas

County _Leavenworth_

This instrument was acknowledged before me on (Date) _May 22ⁿᵈ 2013_

by _Jason T Knowles_
(Borrower(s) Name Printed)

_____
(Signature of notarial officer)

_____
(Title or rank)

My appointment expires: _Aug 20, 2013_

(Space Below This Line Reserved For Lender and Recorder)

**KANSAS** - SUBORDINATE MORTGAGE - 7/99 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM                    Page 6 of 6

EXHIBIT A

LEGAL DESCRIPTION

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

Parcel ID Number: PARCEL NO.:  078-27-0-40-19-010
which has the address of                    307 NORTH 16TH STREET                    [Street]
                              LEAVENWORTH                   [City] , Kansas        66048-        [Zip Code]
("Property Address");

Leavenworth County, Register of Deeds  2013R06324

```
TXDSPTMHR1                    Billing Information              Year - 2015
Type - 1) REAL ESTATE        Identifier - 06901
Taxpayer - KNOWLES,JASON T &  BONTEMPI,HEATHER
Owner-2                                       Original
Unit / Levy    Current 001   132.990      001   132.990    Total
Levied Tax             1,702.16                 1,702.16    Paid          1,702.16
               1 __ _____    __ _____    Total
               2 __ _____    __ _____    Due  _____
               3 __ _____    __ _____    Crds _____
               4 __ _____    __ _____    War/Red  # _____
               5 __ _____    __ _____    Statement#    31004
             1 __ _____      __ _____
             2 __ _____      __ _____
             3 __ _____      __ _____                     Ex
Total Tax            1,702.16                 1,702.16                      Cd
Current Valuations - Total         13,145      SG Exempt  2300
Class R  Land     2873   Imp    10272  New Imp _____  Exempt _____ __
Class __ Land _____  Imp _____  New Imp _____  Exempt _____ __
Class __ Land _____  Imp _____  New Imp _____  Exempt _____ __
Original Valuations - Total        13,145      SG Exempt   2300
Class R  Land     2873   Imp    10272
Class __ Land _____  Imp _____
Class __ Land _____  Imp _____
F3=Exit  F5=Refresh  F10=Payment  F12=Cancel  F13=Comments  F14=InFull
```

TXDSPRCTR1                          Tax Payment Inquiry
Year - 2015    Type - 1) REAL ESTATE        Tract ID - 06901
Taxpayer - KNOWLES,JASON T &  BONTEMPI,HEATHER

```
                         --------------------Receipt------------------   Protest Posting
                                                                           (Y/N)   Date
Batch#      Stmt#    Date      Time     Number        Amount
48,743     31004  12/15/2015 09:46 AM   15939          851.08    Pd  N  12/15/2015
                                                       851.08    Tx
                                                                 Sp
                                                                 In
                                                                 Fe

49,854     31004  05/02/2016 12:28 PM   42337          851.08    Pd  N  05/02/2016
                                                       851.08    Tx
                                                                 Sp
                                                                 In
                                                                 Fe
```

                                                                      Bottom

    F3=Exit     F9=Payment     F10=Next     F11=Drop/Fold     F12=Cancel

Doc #: 2015R07353
STACY R. DRISCOLL
REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
09/11/2015 08:56AM
RECORDING FEE: $15.00

Recording Requested By:
OCWEN LOAN SERVICING, LLC

INDEBTEDNESS: 0
PAGES: 2

When Recorded Return To:

LIEN RELEASE
OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

## CERTIFICATE OF RELEASE

OCWEN LOAN SERVICING, L.L.C. #:8446081207 "KNOWLES" Lender ID:CO-12233 Leavenworth, Kansas PIF:
KNOW ALL MEN BY THESE PRESENTS that GMAC MORTGAGE, LLC, BY OCWEN LOAN SERVICING, LLC, ITS
ATTORNEY IN FACT, present Mortgagee of a certain Mortgage, to secure the amount of $34,500.00, whose parties,
dates and recording information are below, does hereby cancel and discharge said Mortgage.

Original Mortgagor: JASON T. KNOWLES AND HEATHER BONTEMPI
Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), (SOLELY AS
NOMINEE FOR LENDER, CAPITAL ONE HOME LOANS, LLC) ITS SUCCESSORS AND/OR ASSIGNS
Dated: 07/26/2007 Recorded: 08/16/2007 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.:
2007R05548, in the records of the Register of Deeds of Leavenworth County, State of Kansas

Legal: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

Property Address: 307 NORTH 16TH STREET, LEAVENWORTH, KS 66048

IN WITNESS WHEREOF, the undersigned, by the officers duly authorized, has duly executed as a free act and
deed, the foregoing instrument.

GMAC MORTGAGE, LLC, BY OCWEN LOAN SERVICING, LLC, ITS ATTORNEY IN FACT
On __SEP 0 3 2015__

By: _____
Dona Marlee Storey, Vice President

STATE OF Iowa
COUNTY OF Black Hawk

On __SEP 0 3 2015__, before me, A. ARNOLD, a Notary Public in and for Black Hawk in the State of Iowa,
personally appeared Dona Marlee Storey, Vice President of GMAC MORTGAGE, LLC, BY OCWEN LOAN
SERVICING, LLC, ITS ATTORNEY IN FACT, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
A. ARNOLD
Notary Expires: 04/03/2018 #772396

A ARNOLD
COMMISSION NO.772396
MY COMMISSION EXPIRES
APRIL 3, 2018

(This area for notarial seal)

*AST*ASTGMAC*09/02/2015 03:55:36 PM* GMAC4DGMAC0000000000000004674856* KSLEAVE* 8446081207 KSSTATE_MORT_REL NPIF *MMS*MMSGMAC*

# EXHIBIT A

ALL THE FOLLOWING DESCRIBED REAL ESTATE IN THE COUNTY OF LEAVENWORTH, STATE OF KANSAS, TO-WIT:

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

TAX ID #: 078-37-0-40-10.010.00

BY FEE SIMPLE DEED FROM CHARLES A. BENSON AND THERESA M. BENSON AKA THERESA BENSON AS SET FORTH IN DEED BOOK 0961, PAGE 2377 AND RECORDED ON 11/17/2005, LEAVENWORTH COUNTY RECORDS.

THE SOURCE DEED AS STATED ABOVE IS THE LAST RECORD OF VESTING FILED FOR THIS PROPERTY. THERE HAVE BEEN NO VESTING CHANGES SINCE THE DATE OF THE ABOVE REFERENCED SOURCE.

Doc #:    2007R05548
STACY R. DRISCOLL/REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
08/16/2007        12:40PM
RECORDING FEE:    28.00
MTG REG TAX FEE: 89.70
INDEBTEDNESS:    34500.00
PAGES:    6

Recording Requested by &
When Recorded Return To:
    US Recordings, Inc.
    2925 Country Drive Ste 201
    St. Paul, MN 55117

# MORTGAGE

MIN

**THIS MORTGAGE** is made this    26th    day of        July 2007
between the Mortgagor, Jason T. Knowles, single and Heather Bontempi, single

                                    (herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter
defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679-MERS.
Capital One Home Loans, LLC

                                    , ("Lender") is organized and
existing under the laws of        the United States of America
and has an address of 12800 Foster Street, Overland Park, KS 66213

    WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $34,500.00
which indebtedness is evidenced by Borrower's note dated        July 26, 2007        and
extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and
interest, with the balance of the indebtedness, if not sooner paid, due and payable on
    July 31, 2022 ;
    TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest
thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect
the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein
contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and
Lender's successors and assigns) and to the successors and assigns of MERS, the following described
property located in the County of        LEAVENWORTH
State of Kansas:
See Attached:

which has the address of 307 North 16th Street                    [Street]
Leavenworth                        [City], Kansas    66048    [ZIP Code]
(herein "Property Address");

                                                0

KANSAS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(KS) (0510)                Page 1 of 5            Initials            Form 3817
MW 04/02        VMP Mortgage Solutions, Inc (800)521-7291                Amended 2/01

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

0

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

O

-76N(KS) (0610)                    Page 3 of 5                    Initials _____    Form 3817

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 20 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs and collection agency fees, to the extent allowed by applicable law, costs of documentary evidence, abstracts and title reports.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Appointment of Receiver. Upon acceleration under paragraph 17 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following judicial sale, Lender shall be entitled, to the extent provided by applicable law, to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, and premiums on receiver's bonds, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. Release. Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. Consumer Credit Code. If Lender has signed in the space that follows, Lender and Borrower agree that the loan secured by this Mortgage shall be subject to the Kansas Uniform Consumer Credit Code, and that the rates of the K.S.A. 16a-2-401 apply:

Capital One Home Loans, LLC                                                    [Name]
Lela Myers                          Post .Closing Manager            [Title] (for Lender).

22. Redemption. Borrower, to the extent allowed by law, hereby waives any and all rights of redemption in the event of foreclosure of this Mortgage.

-T6N(KS) (0510)                    Page 4 of 5                    Initials _____    Form 3817

23. **Notice to Consumer.   1.** Do not sign this agreement before you read it.   **2.** You are entitled to a copy of this agreement.   **3.** You may prepay the unpaid balance at any time without penalty.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)        _____ (Seal)
Jason T. Knowles            -Borrower        Heather Bontempi            -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                    -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                    -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                    -Borrower

(Sign Original Only)

STATE OF KANSAS,        Leavenworth                County ss:
BE IT REMEMBERED, that on this 26th        day of        July 2007        , before me, the undersigned, a Notary Public in and for the County and State aforesaid, personally appeared Jason T. Knowles, single and Heather Bontempi, single

, to me personally known to be the same person(s) who executed the above and foregoing instrument of writing, and duly acknowledged the execution of same.

IN WITNESS WHEREOF, I have hereunto set my hand and Notarial Seal on the day and year last above written.

My Commission Expires: 12/12/07

_____
Notary Public

Janie Stockman
Type Name

JANIE STOCKMAN
Notary Public
State of Kansas
My Commission Expires 12/12/07

## EXHIBIT A

ALL THE FOLLOWING DESCRIBED REAL ESTATE IN THE COUNTY OF LEAVENWORTH, STATE OF KANSAS, TO-WIT:

LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS.

TAX ID #: 078-27-0.40-10.010.00

BY FEE SIMPLE DEED FROM CHARLES A. BENSON AND THERESA M. BENSON AKA THERESA BENSON AS SET FORTH IN DEED BOOK 0968, PAGE 2377 AND RECORDED ON 11/17/2005, LEAVENWORTH COUNTY RECORDS.

THE SOURCE DEED AS STATED ABOVE IS THE LAST RECORD OF VESTING FILED FOR THIS PROPERTY. THERE HAVE BEEN NO VESTING CHANGES SINCE THE DATE OF THE ABOVE REFERENCED SOURCE.



```
Doc #: 2013R11193
STACY R. DRISCOLL
REGISTER OF DEEDS
LEAVENWORTH COUNTY
RECORDED ON
11/27/2013 08:24AM
RECORDING FEE: $9.00

INDEBTEDNESS: 0
PAGES: 2
```

## Assignment of Mortgage

Dated: November 21, 2013

MIN: 10039322007385092 4
MERS Phone: 888-679-6377

*79139511*

For value received Mortgage Electronic Registration Systems, Inc., as nominee for Capital One Home Loans, LLC, its successors and assigns the undersigned hereby grants, assigns and transfers to GMAC Mortgage, LLC, in C/O Ocwen Loan Servicing, LLC, 1100 Virginia Drive, Suite 175, Fort Washington, PA 19034, all beneficial interest under a certain Mortgage dated July 26, 2007 executed by JASON T KNOWLES AND HEATHER BONTEMPI and recorded in Book XX on Page(s) XX as Document Number 2007R05548 on August 16, 2007 in the office of the Register of Deeds of Leavenworth County, Kansas.

\*\*See Attached Exhibit A for Legal Description

> Mortgage Electronic Registration Systems, Inc., as nominee for Capital One Home Loans, LLC, its successors and assigns

By: _____

Louis Matthew Trejo III,
Vice President

STATE OF Minnesota          )
                            ) SS
COUNTY   Ramsey             )

On November 21, 2013 before me, Pang Mee Yang , Notary Public in and for said State personally appeared Louis Matthew Trejo III , Vice President of Mortgage Electronic Registration Systems, Inc., personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Prepared By:
Peter Chang
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

Pang Mee Yang, Notary Public
My commission expires: January 31, 2017

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

## Exhibit A Legal Description

ALL THE FOLLOWING DESCRIBED REAL ESTATE IN THE COUNTY OF LEAVENWORTH, STATE OF KANSAS, TO-WIT: LOT 9, MICHAEL REPLAT, CITY OF LEAVENWORTH, LEAVENWORTH COUNTY, KANSAS, BY FEE SIMPLE DEED FROM CHARLES A. BENSON AND THERESA M. BENSON AKA THERESA BENSON AS SET FORTH IN DEED BOOK 0968, PAGE 2377 AND RECORDED ON 11/17/2005, LEAVENWORTH COUNTY RECORDS. THE SOURCE DEED AS STATED ABOVE IS THE LAST RECORD OF VESTING FILED FOR THIS PROPERTY. THERE HAVE BEEN NO VESTING CHANGES SINCE THE DATE OF THE ABOVE REFERENCED SOURCE. SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.