1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


RESIDENTIAL CAPITAL, LLC, et al.,


        Debtors.

- - - - - - - - - - - - - - - - - - - -x



                United States Bankruptcy Court

                One Bowling Green

                New York, New York


                January 11, 2017

                10:05 AM




B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

1

2    (CC: Doc# 10273) Telephonic Pre-Motion Conference in connection

3    with Alan Moss.

4

5    Telephonic Discovery Conference on the Record.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20    Transcribed by:  Dena Page

21    eScribers, LLC

22    352 Seventh Avenue, Suite #604

23    New York, NY 10001

24    (973)406-2250

25    operations@escribers.net

1

2    A P P E A R A N C E S: (TELEPHONICALLY)

3    MORRISON & FOERSTER LLP

4        Attorneys for ResCap Borrower Claims Trust and ResCap

5            Liquidating Trust

6        250 West 55th Street

7        New York, NY 10019

8

9    BY:    NORMAN S. ROSENBAUM, ESQ.

10        JORDAN A. WISHNEW, ESQ.

11        JESSICA J. ARETT, ESQ.

12

13

14    ALSO PRESENT:

15        ALAN I. MOSS, Party Pro Se

16

17

18

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, et al.                     4

1                    P R O C E E D I N G S

2           THE COURT:  All right.  This is Judge Glenn.  We're on

3    the record in Residential Capital, number 12-12020.  This is a

4    pre-motion conference regarding claim 4445, filed by Alan Moss.

5    May I have the appearances, please?  First, for ResCap?

6           MR. WISHNEW:  Good morning, Your Honor.  Jordan

7    Wishnew and Jessica Arett at Morrison & Foerster for the ResCap

8    Borrower Claims Trust.

9           THE COURT:  All right.  And for Mr. Moss?

10          MR. MOSS:  Alan Moss, appearing pro per.

11          THE COURT:  Thank you very much, Mr. Moss.

12          Mr. Wishnew, are you or Ms. Arett going to address the

13   Court?

14          MR. WISHNEW:  I will address the Court, Your Honor.

15          THE COURT:  Thank you.  Please go ahead.

16          MR. WISHNEW:  Okay.  Your Honor, we're here on the

17   trust's request to file a motion for summary judgment

18   concerning the pending claim objection.  Our request was

19   docketed at 10273, filed on December 27th of last year.

20          Your Honor, there are three issues that we seek to

21   move forward on summary judgment on.

22          The first is whether Mr. Moss can maintain a cause of

23   action for negligence, fraud, or intentional infliction of

24   emotional distress for the alleged harm that was caused by a

25   foreclosure proceeding that initiated as a result of Mr. Moss'

1  default on his loan.

2          Our basic point, Your Honor, is that, notwithstanding

3  any action taken by the debtors, the fact of the matter is that

4  before those actions were taken, Mr. Moss was in default on his

5  loan and that the foreclosure would have proceeded, regardless

6  of the actions of ETS, and that, as a result, any damages that

7  Mr. Moss incurred are solely a result of his own default, as

8  opposed to any actions by the debtors.

9          The second issue, Your Honor, that we would like to

10  move for summary judgment on is whether Mr. Moss can sustain a

11  cause of action of negligence, based upon the fact of ETS owing

12  him a duty or not.  It's our position that, under California

13  law, ETS did not owe him a legal duty to examine the chain of

14  title, and that without being able to demonstrate that a duty

15  was breeched, Mr. Moss' claim for negligence must fail.

16          Lastly, Your Honor, it's the trust's position that Mr.

17  Moss' allegations cannot support a claim for intentional

18  infliction of emotional distress in light of the case law in

19  California, which has held that the act of foreclosure does not

20  rise to the level of such outrageous conduct so as to

21  constitute the intentional infliction of emotional distress.

22  The cases that we would be relying upon are set forth in our

23  letter and we would be prepared to submit briefing as promptly

24  as the Court would like, should the Court allow us to move

25  forward.

1          THE COURT:  Let me ask, Mr. Wishnew, what, if any,

2    claims would remain if you were successful in getting summary

3    judgment on the three issues that you've raised?

4          MR. WISHNEW:  No claims would remain, Your Honor.

5          THE COURT:  All right.

6          Mr. Moss, let me hear you.

7          MR. MOSS:  Thank you, Your Honor.  I don't want to

8    argue the points of Mr. Wishnew and what he said.  I don't

9    think he is correct.  This is based on a state court --

10          THE COURT:  I'm sorry.  I'm having a little trouble

11   hearing you.  If you're speaking in a speakerphone, could you

12   pick up the phone?

13          MR. MOSS:  Sure.  I'm sorry.

14          THE COURT:  Go ahead.

15          MR. MOSS:  I'm on a cell phone.

16          THE COURT:  Okay.

17          MR. MOSS:  My landline was knocked out yesterday.

18   That's why I --

19          THE COURT:  Okay.  I can hear you clearly now.  Go

20   ahead.

21          MR. MOSS:  Okay.  All right.  So I don't want to -- I

22   don't think it's the appropriate time to debate Mr. Wishnew on

23   what he just said.  I don't think what he said is correct,

24   though.  This claim was based directly on a lawsuit that was

25   pending in the California State Court at the time the

1  bankruptcy was filed.  That lawsuit was based on solid

2  California law; that's why it was filed.  And I don't think I

3  should say much more, other than that.

4          THE COURT:  Okay.

5          Mr. Wishnew, how quickly can you file your summary

6  judgment motion?

7          Let me just, before I get to that --

8          MR. MOSS:  Oh --

9          THE COURT:  -- I --

10          MR. MOSS:  -- can I --

11          THE COURT:  Hold on, Mr. Moss.  I'll give you -- I

12  know you have a discovery issue you want to raise, and we'll

13  get to that in a minute, okay?

14          MR. MOSS:  Actually, on this point, actually, I --

15          THE COURT:  Yes, go ahead.

16          MR. MOSS:  -- wanted to say something else.

17          THE COURT:  Sure.

18          MR. MOSS:  Thank you.  What I wanted to raise right

19  now is that I believe that filing a summary judgment motion now

20  is premature.  The status and posture of this case is that the

21  Court denied my claim; it was appealed to district court,

22  reversed and remanded with directions to review that decision.

23  And I think that that should be the first step.  The issue

24  there was whether there was malice or not, giving rise to

25  immunity.  And it seems to me that that, procedurally, should

1   be the next step, prior to the filing of any summary judgment

2   motion.

3           MR. WISHNEW:  Your Honor --

4           MR. MOSS:  That's what I wanted to say.  Thank you.

5           THE COURT:  Thank you.

6           MR. WISHNEW:  May I address that point, Your Honor?

7           THE COURT:  Yes, go ahead.

8           MR. WISHNEW:  Thank you.  So Mr. Moss is correct.  The

9   issue that was on remand was whether there was actual malice,

10  which would deprive the trust of the defense we had asserted

11  about immunity of our actions.  The immunity question was the

12  basis on which the Court had previously sustained our

13  objection.  The immunity point is not at issue in our summary

14  judgment request.  Rather, we are addressing the substantive

15  basis of the alleged causes of action, and not putting immunity

16  at issue here.

17          So there's no reason for the discovery concerning

18  actual malice to proceed because, at this point, there's no

19  factual disputes concerning -- at least, our position is

20  there's no factual dispute concerning the three causes of

21  action.

22          THE COURT:  All right.  Thank you.  Mr. Wishnew, when

23  would you be able to file your motion?

24          MR. WISHNEW:  I'm just looking at my calendar, Your

25  Honor.  By the 27th, Your Honor -- January 27th.

1          THE COURT:  What I started to say is this case is

2    going to move; we're going to get this case resolved, one way

3    or the other.  I'm going to permit you to file your summary

4    judgment motion, but it needs to be filed by noon on January

5    23rd.

6          MR. WISHNEW:  Okay.

7          THE COURT:  Are there any facts on which you're

8    relying on the summary judgment motion?  Or essentially, are

9    you arguing this is a matter of law?

10         MR. WISHNEW:  We are arguing this is a matter of law,

11   Your Honor.  The only fact that we would have to make is that

12   we believe Mr. Moss was in default of his loan prior to these

13   actions, and we're going to rely upon the servicing notes that

14   we utilized in prior court proceedings.

15         THE COURT:  All right.

16         All right.  I'm going to permit you to file your

17   summary judgment motion on or before noon on January 23.

18         And Mr. Moss, I know you're appearing pro se, but am I

19   correct, you're a lawyer?

20         MR. MOSS:  I am.

21         THE COURT:  Okay.

22         All right.  I'm going to require any opposition to the

23   motion to be filed by noon on February 6th.  It's two weeks.

24   And any reply brief must be filed by Friday, February 10th.

25   Reply brief is limited to ten pages.  The motion and the

1  opposition to the motion, other than any -- the page limits

2  don't count on affidavits or exhibits, but they do on the

3  briefs.  Briefs in support or in opposition to the motion are

4  limited to twenty-five pages; hopefully, they'll be shorter.

5  And as I say, the reply brief is ten pages.  The brief --

6          MR. WISHNEW:  Thank you, Your Honor.

7          THE COURT:  -- in support and the opposition brief

8  must have table of contents and table of authorities.

9          After the briefing is completed, I'll determine when

10  to schedule argument.  Since Mr. Moss is in California, I will

11  permit him, if he wishes, to appear by telephone at a hearing

12  on the motion.

13          Now, Mr. Moss, I think you wanted to raise, as I

14  understand it through one of my law clerks with whom you spoke,

15  that there was a discovery issue you wanted to raise?

16          MR. MOSS:  No.  I think the trust wanted to raise --

17          THE COURT:  Okay.

18          MR. MOSS:  -- the discovery issue.  I wanted to raise

19  the issue that there are certain paragraphs within the case

20  management order that Your Honor issued that have not been

21  complied with.  And I wanted to bring that to the Court's

22  attention.

23          THE COURT:  What is it about the case management order

24  that you believe have not been complied with?

25          MR. MOSS:  Paragraph 3(b), which ordered us to meet

1    and confer about expert disclosure.  Paragraph 6 about meeting

2    and conferring within fourteen days after the date of the order

3    and within fourteen days after the close of fact discovery.

4    And paragraph 8, which was about scheduling a CMC; that one's

5    not so important to me.

6              THE COURT:  I'm sorry, I couldn't understand you

7    clearly there.  Just repeat that last one:  paragraph 8.

8              MR. MOSS:  And lastly, paragraph 8, about scheduling

9    the next case management conference.  That one's not so very

10   important.

11             But the other ones, I think they're mandatory.  And at

12   our last conference, Your Honor stated, specifically, that you

13   wanted us to confer and meet the requirements of the order.

14             THE COURT:  All right.

15             Let me ask, Mr. Wishnew, do you contemplate calling an

16   expert witness?

17             MR. WISHNEW:  No, Your Honor.

18             THE COURT:  Okay.  Mr. Moss, I put in the provisions

19   about expert witnesses, even though in most cases, frankly,

20   there are no experts.  So if they are not calling an expert,

21   well, there's nothing for them to disclose about an expert.

22             Did you plan on calling an expert?

23             MR. MOSS:  I was considering it, but the time has now

24   passed on that, so --

25             THE COURT:  Well, let me just --

1          MR. MOSS:  -- I think that --

2          THE COURT:  Let me ask:  is there an expert witness

3   whom you wish to call as a witness?

4          MR. MOSS:  Depending on the conference that I would

5   have had, if they informed me they were calling an expert, I

6   would have definitely called an expert.  And in any event, I

7   was considering doing so on my behalf.  But that's all the

8   answer I can provide to you.

9          THE COURT:  Well, I think what we'll do is, again,

10  this case is going to move.  But we'll move forward with the

11  summary judgment motion.  The trust seems to believe that they

12  can get summary judgment that'll dispose of the whole case.

13  We'll move forward on the schedule I had given on that.

14         With respect to the experts, Mr. Wishnew indicates

15  that the trust doesn't have an expert it wishes to call, so

16  there's no disclosure that would be required on it.

17         With respect to settlement, Mr. Wishnew, have you

18  conferred with Mr. Moss regarding settlement?  That, I do

19  enforce.

20         MR. WISHNEW:  Sure, Your Honor.  The problem, Your

21  Honor, is we've not had a settlement conference because we

22  haven't gotten discovery from Mr. Moss on his damages.  And so

23  the problem --

24         THE COURT:  All right.  So let's deal with that first.

25  Tell me, what's the discovery issue you have, Mr. Wishnew?

1          MR. WISHNEW:  Sure.  The discovery issue, Your Honor,

2    is we served our discovery on November 11th by email on Mr.

3    Moss.  The close of fact discovery was December 13th.  We got

4    responses from Mr. Moss on December 15th blanketly --

5          THE COURT:  Stop, just for a second.  The cutoff of

6    fact discovery was when?

7          MR. WISHNEW:  December 13th.

8          THE COURT:  And you served your discovery on November

9    11th?  Is that what you said?

10          MR. WISHNEW:  Correct, Your Honor.  Yes.

11          THE COURT:  Okay.  And did you get a response from Mr.

12    Moss?

13          MR. WISHNEW:  We did, on December 15th.

14          THE COURT:  All right.  And did --

15          MR. WISHNEW:  The response from Mr. Moss was I

16    blanketly object to your discovery because it was untimely.

17    And we didn't get any substantive responses to our

18    interrogatories, request for omissions, or request for

19    production of documents, which included among them an

20    itemization and explanation of his claim and his damages.

21          So it's a bit of a catch-22, Your Honor --

22          THE COURT:  Okay.

23          MR. WISHNEW:  -- where we can't really have a

24    productive discussion if we don't have the information on which

25    he's relying.

1        THE COURT:  All right.  Mr. Moss, explain your

2   objection to the discovery request because if you were served

3   on November 11th, it would have been timely for responses

4   before the cutoff of fact discovery.  So what's your response

5   to that?

6        MR. MOSS:  My response is set forth in detail in the

7   letter to ResCap.  It is that they propounded their discovery

8   too late, such that the responses were due on the 15th of

9   December, which is after the fact discovery cutoff date.

10        THE COURT:  So Mr. Wishnew said that they propounded

11   it on November 11th.  Do you agree or disagree?

12        MR. MOSS:  I agree they were propounded on the 11th.

13   I didn't --

14        THE COURT:  And --

15        MR. MOSS:  Under --

16        THE COURT:  And why hasn't -- if they propounded it on

17   November 11th, responses would have been due prior to the

18   cutoff of fact discovery.  Do you disagree with that?

19        MR. MOSS:  I'm sorry.  I didn't catch the last --

20        THE COURT:  Okay.  Let me repeat it.

21        MR. MOSS:  -- thing that Your Honor said.

22        THE COURT:  Okay.  You've agreed that the discovery

23   was propounded on November 11th.  And if that's the case, then

24   the responses to the discovery would have been due, even with

25   the weekend, no later than December 12th, which was before the

1   fact discovery cutoff.  On what do you base your argument that

2   the propounded discovery was not timely served?

3         MR. MOSS:  I based it on the provisions of FRCP 5 and

4   FRCP 6.  The discovery was propounded on me -- it was sent to

5   me by email, but that was not good service.  We had no

6   agreement for electronic service.  I received it by mail -- it

7   was mailed on the 12th, actually -- I have the postmarked

8   envelope -- not on the 11th, because the 11th was actually

9   Veteran's Day.  It was a holiday and the post office was

10  closed.  And under FRCP 6, three days were added to that date,

11  so that the due date for the discovery was after the fact

12  discovery cutoff date.

13        If I may, Your Honor, I have one more thing, and that

14  is that the position of the trust is not the time limits that

15  we are now discussing, but rather that, as long as they

16  propounded discovery prior to the date of the fact discovery

17  cutoff, then they have timely propounded, even though the

18  response --

19        THE COURT:  I don't think that's their position.  I

20  think their position is they served the discovery -- you said

21  they sent it by email on January -- excuse me, on November 11,

22  and that was more than thirty days before the cutoff of fact

23  discovery.  And I think their position is they timely served

24  it.  But we're going to stop right there.

25        I'm going to enter a written order requiring that you

1   respond to all of the served discovery on or before 5 p.m.

2   January 20th, 2017.  If you have objections, other than failure

3   to timely serve the discovery, they're preserved, but they'd

4   better not be frivolous objections.

5         I want the discovery served -- discovery responses

6   served.  Once they're served, within two weeks thereafter, I

7   expect the parties to confer on settlement.  It's important

8   that there be a relatively level playing field in order for the

9   parties intelligently to discuss settlement.

10        To be clear, the parties need to meet and confer on

11  the subject of settlement on or before 5 p.m., Friday, February

12  3rd, 2017.

13        MR. WISHNEW:  Your Honor, this is Jordan Wishnew --

14        THE COURT:  Yes.

15        MR. WISHNEW:  -- of Morrison & Foerster.  One point of

16  confirmation.  The meet and confer concerning settlement, we

17  can do that telephonically, correct?

18        THE COURT:  Yes, you can.  Because Mr. Moss is in

19  California and you're in New York, I'll permit you to confer by

20  telephone.

21        MR. WISHNEW:  Very good.  Thank you, Your Honor.

22        THE COURT:  Okay.  But it's essentially two weeks

23  after the discovery responses are due.  And the time -- well,

24  let's make sure that -- I don't want any games played about the

25  form of the responses.  I don't want to hear that you haven't

1  fairly responded to the discovery.  Your ability to object, if

2  you have objections that go to the specifics of the questions,

3  that's preserved.  But it's essential that the trust know the

4  basis for your claim and for what damages you're seeking and

5  how you support it.  I appears to me that that's what -- at

6  least, in part -- the thrust of the discovery requests are.

7          So all right.  Anything else, Mr. Wishnew?

8          MR. WISHNEW:  No, that's it for today, Your Honor.

9          THE COURT:  Anything else, Mr. Moss?

10          MR. MOSS:  Your Honor, I would respectfully request --

11  I mean, I -- I mean, I need to say for the record that I

12  don't -- that your order regarding discovery, I don't think --

13          THE COURT:  Mr. Moss, let me stop you.  Once I rule, I

14  don't permit parties to further argue my ruling, okay?

15          MR. MOSS:  But can I issue -- the 20th is very nearby.

16  There's voluminous discovery requests.  And to be honest, I

17  don't know that I can -- because of other things that are

18  pending here, I don't know that I can complete -- I can try, I

19  just don't know that I can do it by the 20th --

20          THE COURT:  Well, Mr. Moss --

21          MR. MOSS:  -- because of the --

22          THE COURT:  Mr. Moss, I believe that your objections

23  to the untimely discovery are not well taken.  This case has

24  been going on for quite some time.  If you don't know by now

25  what the basis for your claim and what your damages are, I find

1  that hard to believe.  You are a lawyer.

2          I'm going to enter a written order requiring -- just

3  to review; I'm not going to arrange for all of you today --

4  with respect to the summary judgment motion, the trust will

5  file a summary judgment motion on or before noon on January

6  23rd, memorandum in support not to exceed twenty-five pages, to

7  contain table of contents and table of authorities.

8          Mr. Moss has until noon on February 6th, 2017 to file

9  his opposition.  Memorandum in opposition is limited to twenty-

10  five pages, including a table of -- not within those twenty-

11  five -- twenty-five pages.  It should include a table of

12  contents and table of authorities.

13          The trust will file a reply on or before noon on

14  February 10th, not to exceed ten pages.

15          Mr. Moss is to respond to all of the trust's discovery

16  on or before 5 p.m., January 20th, 2017.

17          The parties are to meet and confer by telephone on or

18  before 5 p.m. -- that's New York time -- February 3, 2017, on

19  the subject of settlement.

20          Mr. Wishnew, after the February 3rd date, what's the

21  next date on which a Residential Capital hearing is being held;

22  do you know?

23          MR. WISHNEW:  Let me check my calendar one moment,

24  Your Honor.

25          I think February 28th, Your Honor.

RESIDENTIAL CAPITAL, LLC, et al.                    19

1       THE COURT:  All right.  I see, on my calendar -- yes,

2   and my court deputy has confirmed a meeting on February 28th is

3   the next scheduled hearing.

4       The next case management conference in connection with

5   the objection to the Moss claim will be scheduled for 11 a.m.,

6   New York time, on February 28th.  There are several matters on

7   the calendar at 10.  In deference to Mr. Moss being in

8   California, I'll schedule this for 11, so that it's a little

9   later in the morning for him.  He can appear by telephone.

10      Mr. Wishnew, make sure you confirm with Mr. Moss to

11  make sure we have a -- that there's a CourtCall connection for

12  that hearing and he can appear by telephone, okay?

13      MR. WISHNEW:  Absolutely, Your Honor.

14      THE COURT:  All right.  I'll just make a note to

15  myself.  All right.  And you will enter an order setting forth

16  the various dates that we've covered today.

17      Mr. Wishnew, do you have anything else you need to

18  raise?

19      MR. WISHNEW:  That's it for today, Your Honor.

20      THE COURT:  Mr. Moss, anything else you wish to raise?

21      MR. MOSS:  No.  Thank you, Your Honor.

22      THE COURT:  All right.  All right.  We're adjourned.

23  Thank you.

24      MR. WISHNEW:  Thank you, Your Honor.

25      (Whereupon these proceedings were concluded at 10:33 AM)

1

2                              I N D E X

3   RULINGS:                                    PAGE    LINE

4   Mr. Moss ordered to respond to              15      25

5   discovery by January 20, 2017.

6   Parties ordered to meet and confer          16      10

7   on settlement by February 3, 2017.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                        C E R T I F I C A T I O N

3

4    I, Dena Page, certify that the foregoing transcript

5    is a true and accurate record of the proceedings.

6

7

8

9    _____

10   DENA PAGE

11   AAERT Certified Electronic Transcriber CET**D 629

12

13   eScribers

14   352 Seventh Ave., Suite #607

15   New York, NY 10001

16

17   Date:  January 12, 2017

18

19

20

21

22

23

24

25

**#**

**#604 (1)**
2:22

**A**

**ability (1)**
17:1
**able (2)**
5:14;8:23
**Absolutely (1)**
19:13
**act (1)**
5:19
**action (5)**
4:23;5:3,11;8:15,
21
**actions (5)**
5:4,6,8;8:11;9:13
**actual (2)**
8:9,18
**actually (4)**
7:14,14;15:7,8
**added (1)**
15:10
**address (3)**
4:12,14;8:6
**addressing (1)**
8:14
**adjourned (1)**
19:22
**affidavits (1)**
10:2
**again (1)**
12:9
**agree (2)**
14:11,12
**agreed (1)**
14:22
**agreement (1)**
15:6
**ahead (5)**
4:15;6:14,20;7:15;
8:7
**Alan (3)**
2:3;4:4,10
**allegations (1)**
5:17
**alleged (2)**
4:24;8:15
**allow (1)**
5:24
**among (1)**
13:19
**appealed (1)**
7:21
**appear (3)**
10:11;19:9,12
**appearances (1)**
4:5
**appearing (2)**

**4:10;9:18**
**appears (1)**
17:5
**appropriate (1)**
6:22
**Arett (2)**
4:7,12
**argue (2)**
6:8;17:14
**arguing (2)**
9:9,10
**argument (2)**
10:10;15:1
**arrange (1)**
18:3
**asserted (1)**
8:10
**attention (1)**
10:22
**authorities (3)**
10:8;18:7,12
**Avenue (1)**
2:22

**B**

**bankruptcy (1)**
7:1
**base (1)**
15:1
**based (5)**
5:11;6:9,24;7:1;
15:3
**basic (1)**
5:2
**basis (4)**
8:12,15;17:4,25
**behalf (1)**
12:7
**better (1)**
16:4
**bit (1)**
13:21
**blanketly (2)**
13:4,16
**Borrower (1)**
4:8
**breeched (1)**
5:15
**brief (5)**
9:24,25;10:5,5,7
**briefing (2)**
5:23;10:9
**Briefs (2)**
10:3,3
**bring (1)**
10:21

**C**

**calendar (4)**
8:24;18:23;19:1,7
**California (7)**

**5:12,19;6:25;7:2;**
**10:10;16:19;19:8**
**call (2)**
12:3,15
**called (1)**
12:6
**calling (4)**
11:15,20,22;12:5
**can (16)**
4:22;5:10;6:19;
7:5,10;12:8,12;
16:17,18;17:15,17,
18,18,19;19:9,12
**Capital (2)**
4:3;18:21
**case (12)**
5:18;7:20;9:1,2;
10:19,23;11:9;12:10,
12;14:23;17:23;19:4
**cases (2)**
5:22;11:19
**catch (1)**
14:19
**catch-22 (1)**
13:21
**cause (2)**
4:22;5:11
**caused (1)**
4:24
**causes (2)**
8:15,20
**CC (1)**
2:2
**cell (1)**
6:15
**certain (1)**
10:19
**chain (1)**
5:13
**check (1)**
18:23
**claim (10)**
4:4,18;5:15,17;
6:24;7:21;13:20;
17:4,25;19:5
**Claims (3)**
4:8;6:2,4
**clear (1)**
16:10
**clearly (2)**
6:19;11:7
**clerks (1)**
10:14
**close (2)**
11:3;13:3
**closed (1)**
15:10
**CMC (1)**
11:4
**complete (1)**
17:18
**completed (1)**
10:9

**complied (2)**
10:21,24
**concerning (5)**
4:18;8:17,19,20;
16:16
**concluded (1)**
19:25
**conduct (1)**
5:20
**confer (7)**
11:1,13;16:7,10,
16,19;18:17
**Conference (8)**
2:2,5;4:4;11:9,12;
12:4,21;19:4
**conferred (1)**
12:18
**conferring (1)**
11:2
**confirm (1)**
19:10
**confirmation (1)**
16:16
**confirmed (1)**
19:2
**connection (3)**
2:2;19:4,11
**considering (2)**
11:23;12:7
**constitute (1)**
5:21
**contain (1)**
18:7
**contemplate (1)**
11:15
**contents (3)**
10:8;18:7,12
**count (1)**
10:2
**COURT (66)**
4:2,9,11,13,14,15;
5:24,24;6:1,5,9,10,
14,16,19,25;7:4,9,11,
15,17,21,21;8:5,7,12,
22;9:1,7,14,15,21;
10:7,17,23;11:6,14,
18,25;12:2,9,24;
13:5,8,11,14,22;
14:1,10,14,16,20,22;
15:19;16:14,18,22;
17:9,13,20,22;19:1,
2,14,20,22
**CourtCall (1)**
19:11
**Court's (1)**
10:21
**covered (1)**
19:16
**cutoff (8)**
13:5;14:4,9,18;
15:1,12,17,22

**D**

**damages (5)**
5:6;12:22;13:20;
17:4,25
**date (8)**
11:2;14:9;15:10,
11,12,16;18:20,21
**dates (1)**
19:16
**Day (1)**
15:9
**days (4)**
11:2,3;15:10,22
**deal (1)**
12:24
**debate (1)**
6:22
**debtors (2)**
5:3,8
**December (7)**
4:19;13:3,4,7,13;
14:9,25
**decision (1)**
7:22
**default (4)**
5:1,4,7;9:12
**defense (1)**
8:10
**deference (1)**
19:7
**definitely (1)**
12:6
**demonstrate (1)**
5:14
**Dena (1)**
2:20
**denied (1)**
7:21
**Depending (1)**
12:4
**deprive (1)**
8:10
**deputy (1)**
19:2
**detail (1)**
14:6
**determine (1)**
10:9
**directions (1)**
7:22
**directly (1)**
6:24
**disagree (2)**
14:11,18
**disclose (1)**
11:21
**disclosure (2)**
11:1;12:16
**Discovery (41)**
2:5;7:12;8:17;
10:15,18;11:3;12:22,

12-12020-mg    Doc 10288    Filed 01/11/17    Entered 01/17/17 11:36:14    Main Document
Pg 23 of 26

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

January 11, 2017

25;13:1,2,3,6,8,16;
14:2,4,7,9,18,22,24;
15:1,2,4,11,12,16,16,
20,23;16:1,3,5,5,23;
17:1,6,12,16,23;
18:15

**discuss (1)**
16:9
**discussing (1)**
15:15
**discussion (1)**
13:24
**dispose (1)**
12:12
**dispute (1)**
8:20
**disputes (1)**
8:19
**distress (3)**
4:24;5:18,21
**district (1)**
7:21
**Doc# (1)**
2:2
**docketed (1)**
4:19
**documents (1)**
13:19
**due (5)**
14:8,17,24;15:11;
16:23
**duty (3)**
5:12,13,14

**E**

**electronic (1)**
15:6
**else (5)**
7:16;17:7,9;19:17,
20
**email (3)**
13:2;15:5,21
**emotional (3)**
4:24;5:18,21
**enforce (1)**
12:19
**enter (3)**
15:25;18:2;19:15
**envelope (1)**
15:8
**eScribers (1)**
2:21
**essential (1)**
17:3
**essentially (2)**
9:8;16:22
**ETS (3)**
5:6,11,13
**even (3)**
11:19;14:24;15:17
**event (1)**
12:6

**examine (1)**
5:13
**exceed (2)**
18:6,14
**excuse (1)**
15:21
**exhibits (1)**
10:2
**expect (1)**
16:7
**expert (10)**
11:1,16,19,20,21,
22;12:2,5,6,15
**experts (2)**
11:20;12:14
**explain (1)**
14:1
**explanation (1)**
13:20

**F**

**fact (13)**
5:3,11;9:11;11:3;
13:3,6;14:4,9,18;
15:1,11,16,22
**facts (1)**
9:7
**factual (2)**
8:19,20
**fail (1)**
5:15
**failure (1)**
16:2
**fairly (1)**
17:1
**February (10)**
9:23,24;16:11;
18:8,14,18,20,25;
19:2,6
**field (1)**
16:8
**file (8)**
4:17;7:5;8:23;9:3,
16;18:5,8,13
**filed (7)**
4:4,19;7:1,2;9:4,
23,24
**filing (2)**
7:19;8:1
**find (1)**
17:25
**First (4)**
4:5,22;7:23;12:24
**five (2)**
18:10,11
**Foerster (2)**
4:7;16:15
**foreclosure (3)**
4:25;5:5,19
**form (1)**
16:25
**forth (3)**

5:22;14:6;19:15
**forward (4)**
4:21;5:25;12:10,
13
**fourteen (2)**
11:2,3
**frankly (1)**
11:19
**fraud (1)**
4:23
**FRCP (3)**
15:3,4,10
**Friday (2)**
9:24;16:11
**frivolous (1)**
16:4
**further (1)**
17:14

**G**

**games (1)**
16:24
**given (1)**
12:13
**giving (1)**
7:24
**Glenn (1)**
4:2
**Good (3)**
4:6;15:5;16:21

**H**

**hard (1)**
18:1
**harm (1)**
4:24
**hear (3)**
6:6,19;16:25
**hearing (5)**
6:11;10:11;18:21;
19:3,12
**held (2)**
5:19;18:21
**Hold (1)**
7:11
**holiday (1)**
15:9
**honest (1)**
17:16
**Honor (35)**
4:6,14,16,20;5:2,9,
16;6:4,7;8:3,6,25,25;
9:11;10:6,20;11:12,
17;12:20,21;13:1,10,
21;14:21;15:13;
16:13,21;17:8,10;
18:24,25;19:13,19,
21,24
**hopefully (1)**
10:4

**I**

**immunity (5)**
7:25;8:11,11,13,15
**important (7)**
11:5,10;16:7
**include (1)**
18:11
**included (1)**
13:19
**including (1)**
18:10
**incurred (1)**
5:7
**indicates (1)**
12:14
**infliction (3)**
4:23;5:18,21
**information (1)**
13:24
**informed (1)**
12:5
**initiated (1)**
4:25
**intelligently (1)**
16:9
**intentional (3)**
4:23;5:17,21
**interrogatories (1)**
13:18
**issue (12)**
5:9;7:12,23;8:9,
13,16;10:15,18,19;
12:25;13:1;17:15
**issued (1)**
10:20
**issues (2)**
4:20;6:3
**itemization (1)**
13:20

**J**

**January (7)**
8:25;9:4,17;15:21;
16:2;18:5,16
**Jessica (1)**
4:7
**Jordan (2)**
4:6;16:13
**Judge (1)**
4:2
**judgment (15)**
4:17,21;5:10;6:3;
7:6,19;8:1,14;9:4,8,
17;12:11,12;18:4,5

**K**

**knocked (1)**
6:17

**L**

**landline (1)**
6:17
**last (4)**
4:19;11:7,12;
14:19
**Lastly (2)**
5:16;11:8
**late (1)**
14:8
**later (2)**
14:25;19:9
**law (6)**
5:13,18;7:2;9:9,
10;10:14
**lawsuit (2)**
6:24;7:1
**lawyer (2)**
9:19;18:1
**least (2)**
8:19;17:6
**legal (1)**
5:13
**letter (2)**
5:23;14:7
**level (2)**
5:20;16:8
**light (1)**
5:18
**limited (3)**
9:25;10:4;18:9
**limits (2)**
10:1;15:14
**little (2)**
6:10;19:8
**LLC (1)**
2:21
**loan (3)**
5:1,5;9:12
**long (1)**
15:15
**looking (1)**
8:24

**M**

**mail (1)**
15:6
**mailed (1)**
15:7
**maintain (1)**
4:22
**malice (3)**
7:24;8:9,18
**management (4)**
10:20,23;11:9;
19:4
**mandatory (1)**
11:11
**matter (3)**
5:3;9:9,10

12-12020-mg    Doc 10288    Filed 01/11/17    Entered 01/17/17 11:36:14    Main Document

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

Pg 24 of 26

January 11, 2017

matters (1)
19:6
May (3)
4:5;8:6;15:13
mean (2)
17:11,11
meet (5)
10:25;11:13;
16:10,16;18:17
meeting (2)
11:1;19:2
memorandum (2)
18:6,9
minute (1)
7:13
moment (1)
18:23
more (3)
7:3;15:13,22
morning (2)
4:6;19:9
Morrison (2)
4:7;16:15
Moss (65)
2:3;4:4,9,10,10,11,
22;5:4,7,10;6:6,7,13,
15,17,21;7:8,10,11,
14,16,18;8:4,8;9:12,
18,20;10:10,13,16,
18,25;11:8,18,23;
12:1,4,18,22;13:3,4,
12,15;14:1,6,12,15,
19,21;15:3;16:18;
17:9,10,13,15,20,21,
22;18:8,15;19:5,7,
10,20,21
Moss' (3)
4:25;5:15,17
most (1)
11:19
motion (16)
4:17;7:6,19;8:2,
23;9:4,8,17,23,25;
10:1,3,12;12:11;
18:4,5
move (7)
4:21;5:10,24;9:2;
12:10,10,13
much (2)
4:11;7:3
must (3)
5:15;9:24;10:8
myself (1)
19:15

N

nearby (1)
17:15
need (3)
16:10;17:11;19:17
needs (1)
9:4

negligence (3)
4:23;5:11,15
New (4)
2:23;16:19;18:18;
19:6
next (5)
8:1;11:9;18:21;
19:3,4
noon (6)
9:4,17,23;18:5,8,
13
note (1)
19:14
notes (1)
9:13
notwithstanding (1)
5:2
November (7)
13:2,8;14:3,11,17,
23;15:21
number (1)
4:3
NY (1)
2:23

O

object (2)
13:16;17:1
objection (4)
4:18;8:13;14:2;
19:5
objections (4)
16:2,4;17:2,22
office (1)
15:9
omissions (1)
13:18
Once (2)
16:6;17:13
one (6)
9:2;10:14;11:7;
15:13;16:15;18:23
ones (1)
11:11
one's (2)
11:4,9
only (1)
9:11
operations@escribersnet (1)
2:25
opposed (1)
5:8
opposition (6)
9:22;10:1,3,7;
18:9,9
order (9)
10:20,23;11:2,13;
15:25;16:8;17:12;
18:2;19:15
ordered (1)
10:25
out (1)

6:17
outrageous (1)
5:20
owe (1)
5:13
owing (1)
5:11
own (1)
5:7

P

Page (2)
2:20;10:1
pages (7)
9:25;10:4,5;18:6,
10,11,14
Paragraph (5)
10:25;11:1,4,7,8
paragraphs (1)
10:19
part (1)
17:6
parties (5)
16:7,9,10;17:14;
18:17
passed (1)
11:24
pending (3)
4:18;6:25;17:18
per (1)
4:10
permit (5)
9:3,16;10:11;
16:19;17:14
phone (2)
6:12,15
pick (1)
6:12
plan (1)
11:22
played (1)
16:24
playing (1)
16:8
please (2)
4:5,15
pm (4)
16:1,11;18:16,18
point (6)
5:2;7:14;8:6,13,
18;16:15
points (1)
6:8
position (7)
5:12,16;8:19;
15:14,19,20,23
post (1)
15:9
postmarked (1)
15:7
posture (1)
7:20

premature (1)
7:20
Pre-Motion (2)
2:2;4:4
prepared (1)
5:23
preserved (2)
16:3;17:3
previously (1)
8:12
prior (5)
8:1;9:12,14;14:17;
15:16
pro (2)
4:10;9:18
problem (2)
12:20,23
procedurally (1)
7:25
proceed (1)
8:18
proceeded (1)
5:5
proceeding (1)
4:25
proceedings (2)
9:14;19:25
production (1)
13:19
productive (1)
13:24
promptly (1)
5:23
propounded (9)
14:7,10,12,16,23;
15:2,4,16,17
provide (1)
12:8
provisions (2)
11:18;15:3
put (1)
11:18
putting (1)
8:15

Q

quickly (1)
7:5
quite (1)
17:24

R

raise (8)
7:12,18;10:13,15,
16,18;19:18,20
raised (1)
6:3
Rather (2)
8:14;15:15
really (1)
13:23

reason (1)
8:17
received (1)
15:6
Record (3)
2:5;4:3;17:11
regarding (3)
4:4;12:18;17:12
regardless (1)
5:5
relatively (1)
16:8
rely (1)
9:13
relying (3)
5:22;9:8;13:25
remain (2)
6:2,4
remand (1)
8:9
remanded (1)
7:22
repeat (2)
11:7;14:20
reply (4)
9:24,25;10:5;
18:13
request (7)
4:17,18;8:14;
13:18,18;14:2;17:10
requests (2)
17:6,16
require (1)
9:22
required (1)
12:16
requirements (1)
11:13
requiring (2)
15:25;18:2
ResCap (3)
4:5,7;14:7
Residential (2)
4:3;18:21
resolved (1)
9:2
respect (3)
12:14,17;18:4
respectfully (1)
17:10
respond (2)
16:1;18:15
responded (1)
17:1
response (5)
13:11,15;14:4,6;
15:18
responses (9)
13:4,17;14:3,8,17,
24;16:5,23,25
result (3)
4:25;5:6,7
reversed (1)

RESIDENTIAL CAPITAL, LLC, et al.

Case No. 12-12020-mg

January 11, 2017

7:22
**review (2)**
7:22;18:3
**right (20)**
4:2,9;6:5,21;7:18;
8:22;9:15,16,22;
11:14;12:24;13:14;
14:1;15:24;17:7;
19:1,14,15,22,22
**rise (2)**
5:20;7:24
**rule (1)**
17:13
**ruling (1)**
17:14

**S**

**schedule (3)**
10:10;12:13;19:8
**scheduled (2)**
19:3,5
**scheduling (2)**
11:4,8
**se (1)**
9:18
**second (2)**
5:9;13:5
**seek (1)**
4:20
**seeking (1)**
17:4
**seems (2)**
7:25;12:11
**sent (2)**
15:4,21
**serve (1)**
16:3
**served (10)**
13:2,8;14:2;15:2,
20,23;16:1,5,6,6
**service (2)**
15:5,6
**servicing (1)**
9:13
**set (2)**
5:22;14:6
**setting (1)**
19:15
**settlement (8)**
12:17,18,21;16:7,
9,11,16;18:19
**Seventh (1)**
2:22
**several (1)**
19:6
**shorter (1)**
10:4
**solely (1)**
5:7
**solid (1)**
7:1
**sorry (4)**

6:10,13;11:6;
14:19
**speakerphone (1)**
6:11
**speaking (1)**
6:11
**specifically (1)**
11:12
**specifics (1)**
17:2
**spoke (1)**
10:14
**started (1)**
9:1
**state (2)**
6:9,25
**stated (1)**
11:12
**status (1)**
7:20
**step (2)**
7:23;8:1
**Stop (3)**
13:5;15:24;17:13
**subject (2)**
16:11;18:19
**submit (1)**
5:23
**substantive (2)**
8:14;13:17
**successful (1)**
6:2
**Suite (1)**
2:22
**summary (15)**
4:17,21;5:10;6:2;
7:5,19;8:1,13;9:3,8,
17;12:11,12;18:4,5
**support (5)**
5:17;10:3,7;17:5;
18:6
**Sure (7)**
6:13;7:17;12:20;
13:1;16:24;19:10,11
**sustain (1)**
5:10
**sustained (1)**
8:12

**T**

**table (7)**
10:8,8;18:7,7,10,
11,12
**telephone (5)**
10:11;16:20;
18:17;19:9,12
**Telephonic (2)**
2:2,5
**telephonically (1)**
16:17
**ten (3)**
9:25;10:5;18:14

that'll (1)
12:12
**thereafter (1)**
16:6
**thirty (1)**
15:22
**though (3)**
6:24;11:19;15:17
**three (4)**
4:20;6:3;8:20;
15:10
**thrust (1)**
17:6
**timely (5)**
14:3;15:2,17,23;
16:3
**title (1)**
5:14
**today (4)**
17:8;18:3;19:16,
19
**Transcribed (1)**
2:20
**trouble (1)**
6:10
**Trust (9)**
4:8;8:10;10:16;
12:11,15;15:14;
17:3;18:4,13
**trust's (3)**
4:17;5:16;18:15
**try (1)**
17:18
**twenty- (2)**
18:9,10
**twenty-five (2)**
10:4;18:6,11
**two (3)**
9:23;16:6,22

**U**

**under (3)**
5:12;14:15;15:10
**untimely (2)**
13:16;17:23
**up (1)**
6:12
**upon (3)**
5:11,22;9:13
**utilized (1)**
9:14

**V**

**various (1)**
19:16
**Veteran's (1)**
15:9
**voluminous (1)**
17:16

**W**

**way (1)**
9:2
**weekend (1)**
14:25
**weeks (3)**
9:23;16:6,22
**what's (3)**
12:25;14:4;18:20
**Whereupon (1)**
19:25
**whole (1)**
12:12
**wish (2)**
12:3;19:20
**wishes (2)**
10:11;12:15
**WISHNEW (44)**
4:6,7,12,14,16;6:1,
4,8,22;7:5;8:3,6,8,
22,24;9:6,10;10:6;
11:15,17;12:14,17,
20,25;13:1,7,10,13,
15,23;14:10;16:13,
13,15,21;17:7,8;
18:20,23;19:10,13,
17,19,24
**within (5)**
10:19;11:2,3;16:6;
18:10
**without (1)**
5:14
**witness (3)**
11:16;12:2,3
**witnesses (1)**
11:19
**written (2)**
15:25;18:2

**Y**

**year (1)**
4:19
**yesterday (1)**
6:17
**York (4)**
2:23;16:19;18:18;
19:6

**1**

**10 (1)**
19:7
**10:33 (1)**
19:25
**10001 (1)**
2:23
**10273 (2)**
2:2;4:19
**10th (2)**
9:24;18:14

**11 (3)**
15:21;19:5,8
**11th (9)**
13:2,9;14:3,11,12,
17,23;15:8,8
**12-12020 (1)**
4:3
**12th (2)**
14:25;15:7
**13th (2)**
13:3,7
**15th (3)**
13:4,13;14:8

**2**

**2017 (5)**
16:2,12;18:8,16,18
**20th (4)**
16:2;17:15,19;
18:16
**23 (1)**
9:17
**23rd (2)**
9:5;18:6
**27th (3)**
4:19;8:25,25
**28th (3)**
18:25;19:2,6

**3**

**3 (1)**
18:18
**352 (1)**
2:22
**3b (1)**
10:25
**3rd (2)**
16:12;18:20

**4**

**4445 (1)**
4:4

**5**

**5 (5)**
15:3;16:1,11;
18:16,18

**6**

**6 (3)**
11:1;15:4,10
**6th (2)**
9:23;18:8

**8**

**8 (3)**
11:4,7,8

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

*January 11, 2017*

**9**

**973406-2250 (1)**
2:24