**Hearing Date: February 28, 2017 at 11:00 A.M. (ET)**
**Response Deadline: February 6, 2017 at 5:00 P.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

# THE RESCAP BORROWER CLAIMS TRUST'S MOTION FOR SUMMARY JUDGMENT AS TO ITS OBJECTION TO AMENDED CLAIM NO. 4445 FILED BY ALAN MOSS

ny-1268461

**PLEASE TAKE NOTICE** that, on January 23, 2017, the ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, upon the accompanying Memorandum in Support of the ResCap Borrower Claims Trust's Motion for Summary Judgment, the Borrower Trust's Local Bankruptcy Rule 7056-1 Statement of Material Facts as to Which there is No Genuine Dispute, and Declaration of Sara Lathrop in Support of the Borrower Trust's Motion for Summary Judgment, dated January 23, 2017, and exhibits thereto, moves, before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523, for an order pursuant to Fed. R. Civ. P. 56, which is made applicable to this proceeding by Fed. R. Bankr. P. 7056, granting summary judgment disallowing and expunging proof of claim no. 4445 filed by claimant Alan Moss.  The Borrower Trust consents to this Court's entry of final order and judgment.

Dated:  January 23, 2017
       New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

1

ny-1268461

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MEMORANDUM OF LAW IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S MOTION FOR SUMMARY JUDGMENT AS TO ITS OBJECTION TO AMENDED CLAIM NO. 4445 FILED BY ALAN MOSS**

ny-1268461

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1
UNDISPUTED FACTS..........................................................................................................2
STANDARDS ON THIS MOTION .......................................................................................5
ARGUMENT ...........................................................................................................................6
CONCLUSION ......................................................................................................................13

ny-1268461

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Aguinaldo v. Ocwen Loan Serv., LLC,
  Case No. 12-CV-01393-EJD, 2012 WL 3835080 (N.D. Cal. Sep. 4, 2012) ........................... 12

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ................................................................................................................. 5

Bascos v. Fed. Home Loan Mortg. Corp.,
  No. 11-CV-3968-JFW, 2011 WL 3157063 (C.D. Cal. July 22, 2011) ..................................... 9

Bergman v. Bank of Am., N.A.,
  No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013) ................................... 8, 9

Beyer v. Cty. of Nassau,
  524 F.3d 160 (2d Cir. 2008) ..................................................................................................... 5

Cabanilla v. Wells Fargo Bank, N.A.,
  Case No. E055041, 2013 WL 1633626 (Cal. Ct. App. Apr. 17, 2013) .................................. 12

Cedano v. Aurora Loan Servcs. LLC (In re Cedano),
  470 B.R. 522 (B.A.P. 9th Cir. 2012) ........................................................................................ 9

Davenport v. Litton Loan Servicing, LP,
  725 F. Supp. 2d 862 (N.D. Cal. 2010) .................................................................................... 12

Feinberg v. Bank of N.Y. (In re Feinberg),
  442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..................................................................................... 6

Freeman v. King,
  Case No. B181091, 2007 WL 1289810 (Cal. Ct. App. May 3, 2007) ..................................... 8

Friedman v. Merck & Co.,
  131 Cal. Rptr. 2d 885 (Cal. Ct. App. 2003) ........................................................................... 10

Gorzynski v. Jetblue Airways Corp.,
  596 F.3d 93 (2d Cir. 2010) ....................................................................................................... 5

Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.,
  C 10- 02842 WHA, 2010 WL 3769459 (N.D. Cal. Sept. 22, 2010) ...................................... 13

Isaac v. City of New York,
  701 F. Supp. 2d 477 (S.D.N.Y. 2010) ...................................................................................... 5

Kachlon v. Markowitz,
  85 Cal. Rptr. 3d 532 (Cal. Ct. App. 2008) ............................................................................... 9

Karimi v. GMAC Mortg.,
    No. 11-CV-00926-LHK, 2011 WL 3360017 (N.D. Cal. Aug. 2, 2011) ................................. 9

Lazar v. Superior Court of Los Angeles Cty.,
    909 P.2d 981 (Cal. 1996) ................................................................................................... 11

Le Beau v. Bank of Am., N.A.,
    Case No. G050079, 2014 WL 4809843 (Cal. Ct. App. Sept. 29, 2014) ............................ 10

Maomanivong v. Nat'l City Mortg. Co.,
    No. 13-05433-DMR, 2014 WL 4623873 (N.D. Cal. Sept. 15, 2014) ............................. 7, 10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ............................................................................................................ 6

Mehta v. Wells Fargo Bank, N.A.,
    737 F. Supp. 2d 1185 (S.D. Cal. 2010), aff'd, 510 Fed. Appx. 498 (9th Cir. 2013) ............ 12

Merrill v. Navegar, Inc.,
    28 P.3d 116 (Cal. 2001) ....................................................................................................... 7

Overton v. New York State Div. of Military & Naval Affairs,
    373 F.3d 83 (2d Cir. 2004) .................................................................................................. 5

Raleigh v. Ill. Dep't of Rev.,
    530 U.S. 15 (2000) .............................................................................................................. 6

Smith v. Superior Court of Orange Cty.,
    13 Cal. Rptr. 2d 133 (Cal. Ct. App. 1992) ......................................................................... 10

Terry v. Travelers Indem. Co.,
    No. 04-2314-MCE-GGH, 2005 WL 1984482 (E.D. Cal. Aug. 15, 2005) .......................... 10

Varnado v. Midland Funding LLC,
    43 F. Supp. 3d 985 ............................................................................................................... 7

Walton v. Mortg. Elec. Reg. Sys. Inc.,
    507 Fed. Appx. 720 (9th Cir. 2013) ..................................................................................... 8

**STATUTES**

11 U.S.C. § 502(a) ........................................................................................................................ 6

11 U.S.C. § 502(b)(1) ................................................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7056 .................................................................................................................. 5

Fed. R. Civ. P. 56(a) ..................................................................................................................... 6

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* confirmed in the above-captioned Chapter 11 Cases [Docket No. 6063] (the "Plan"), as successor in interest to the above-captioned Debtors with respect to Borrower Claims,[1] by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure, made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment.

## PRELIMINARY STATEMENT

1. Claimant Alan Moss ("Mr. Moss") filed a proof of claim against Debtor Executive Trustee Services, LLC ("ETS") for alleged damages he incurred as a result of ETS's purported mishandling of a foreclosure sale of his property in May 2009. Specifically, Mr. Moss asserts causes of action against ETS for negligence, fraud, and intentional infliction of emotional distress stemming from ETS's alleged failure to confirm that the entity appointing ETS as substitute trustee for Mr. Moss' loan (the "Loan") was, in fact, the owner of the Loan at the time of the appointment.

2. Mr. Moss cannot establish a basis for ETS's liability for any of these causes of action because ETS's actions did not lead to the foreclosure sale. There is no factual dispute that at the time that the foreclosure sale was conducted, Mr. Moss was in default under the terms of the Loan.[2] As a result, the owner of the Loan had every right to conduct the foreclosure sale. Had ETS acted differently and ensured that it was properly appointed as

---

[1] As used herein, the term "Borrower" and "Borrower Claims" have the meaning ascribed to them in the Plan.
[2] Pursuant to the Court's *Order Permitting Parties to File A Motion for Summary Judgment and Directing Parties to Respond to Discovery* [Docket No. 10284], Mr. Moss was required to respond to the Borrower Trust's discovery requests by no later than January 20, 2017 at 5:00 p.m. EST. The Borrower Trust has not received any such response from Mr. Moss.

1

ny-1268461

substitute trustee prior to conducting the sale, the foreclosure sale would still have gone forward. As a result, the foreclosure sale was caused by Mr. Moss' default on the terms of his loan, not the actions of ETS.

3. Mr. Moss also cannot support his negligence claim because he has not shown that ETS owed him a duty. In California a substitute trustee's only duties are those listed in the deed of trust and the governing statutes, which do not include a duty to assess the validity of the chain of title for the property. Further, under California law, recovery of emotional distress damages for a negligence claim is not permitted where the alleged conduct resulted in only economic loss.

4. Finally, Mr. Moss is not entitled to a claim for intentional infliction of emotional distress because there are no facts to demonstrate that ETS's actions qualified as "outrageous conduct," a required element of such cause of action.

5. Given the substantial factual deficiencies in Mr. Moss' claims and the clear legal precedent in California, the Borrower Trust respectfully requests that summary judgment be entered disallowing and expunging his claim.

**UNDISPUTED FACTS**

6. Non-Debtor CJ Mortgage, Inc. originated a loan in the amount of $612,500.00 to Mr. Moss on June 22, 2005 (the "Loan"), secured by a deed of trust on property located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Property"). See Note and Deed of Trust, attached to the 7056 Statement as Exhibit A and Exhibit B, respectively.

7. The Loan was subsequently transferred to Option One Mortgage Corp. ("Option One"). See Option One Assignment, attached to the 7056 Statement as Exhibit C.

8. Option One then transferred the Loan to TCIF, LLC ("TCIF"), and TCIF subsequently assigned the Loan to Bank of New York Trust Company ("Bank of New York").

2

ny-1268461

See TCIF Assignment and Bank of New York Assignment, attached to the 7056 Statement as Exhibit D and Exhibit E, respectively.

9. Debtor GMAC Mortgage, LLC serviced the Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. See Decl. of Sara Lathrop, attached to the 7056-1 Statement as Exhibit F, sworn on January 23, 2017, the "Lathrop Decl.".)

10. ETS was appointed as substitute trustee on September 21, 2006. See Substitution of Trustee, attached to the 7056 Statement as Exhibit G. This appointment was improper because the entity that appointed ETS did not have the authority to do so.

11. On or around August 2, 2007, GMACM sent Mr. Moss a letter indicating that the Loan was in default and owing for the July 1, 2007 payment. See August 2007 Breach Letter, attached to the 7056 Statement as Exhibit H.

12. As of September 17, 2007, the Loan was owing for the July 1, 2007 payment. See Servicing Notes at 5 of 131, attached to the 7056 Statement as Exhibit I, p. 5 of 131.

13. On September 17, 2007, GMACM referred the Loan to foreclosure because the account was owing for the July 1, 2007 payment. See Servicing Notes, p. 100 of 131.

14. ETS recorded a notice of default on September 18, 2007 (the "2007 Notice of Default"). See 2007 Notice of Default, attached to the 7056 Statement as Exhibit J.

15. As of May 7, 2009, the Loan was in default and owing for the January 1, 2008 payment. See Servicing Notes at 4 of 131.

3

ny-1268461

16. On May 7, 2009, ETS conducted a trustee sale (the "Foreclosure Proceeding") and Bank of New York acquired title in the property. ETS recorded a Trustee's Deed Upon Sale on May 18, 2009 (the "Notice of Trustee's Deed Upon Sale", and with the 2007 Notice of Default, the "Notices"), which granted title in the property to Bank of New York. See Notice of Trustee's Deed Upon Sale, attached to the 7056 Statement as Exhibit K.

17. No eviction proceedings were ever commenced against Mr. Moss and Mr. Moss was not displaced from his home. See Lathrop Dec. ¶ 8.

18. A Notice of Rescission of the Trustee's Deed Upon Sale was recorded on September 18, 2012, and a Notice of Rescission of the 2007 Notice of Default was recorded on August 19, 2013. See Notices of Rescission, attached to the 7056 Statement as Exhibit L.

19. In November 2013, Bank of New York, through Ocwen as loan servicer, completed a settlement with Mr. Moss to resolve his lawsuit against Bank of New York for its actions related to the foreclosure sale. See Lathrop Decl. ¶ 9. The terms of the settlement are confidential. See id.

20. On November 7, 2012, Mr. Moss filed a proof of claim against ETS, designated as Claim No. 4445, asserting a general unsecured claim for $750,000. See Proof of Claim, attached to the 7056 Statement as Exhibit M. With the Court's permission, Mr. Moss filed an amended claim on March 18, 2015 [Docket No. 8334] (the "Claim").

21. In response to a request from the Debtors for additional information regarding the Claim, Mr. Moss provided an itemization of his claim amount (the "Diligence Response"). See Diligence Response, attached to the 7056 Statement as Exhibit N. In the Diligence Response, Mr. Moss asserts that he is entitled to emotional distress/pain and suffering

4

damages in the amount of $730,000.  Mr. Moss also asserts that he is entitled to $18,460.98 in attorney's fees and costs associated with defending the Foreclosure Proceeding.  See id.

## STANDARDS ON THIS MOTION

22. Federal Rule of Civil Procedure 56 applies in contested matters pending in bankruptcy court.  See Fed. R. Bankr. P. 7056.  A court should grant summary judgment under Rule 56 where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Fed. R. Civ. P. 56(c)).  Non-material fact issues will not prevent a court from awarding a party summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").  Facts are material only if they "might affect the outcome of the suit under the governing law."  Overton v. New York State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (citing Anderson, 477 U.S. at 248).

23. On a motion for summary judgment, the movant bears an initial burden "to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief."  Isaac v. City of New York, 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010).  Once the movant has made this initial showing, however, the nonmoving party then must provide evidence of a genuine issue of fact in order to successfully oppose the motion.  See Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  The non-movant needs to demonstrate more than "some metaphysical doubt as to the material facts," and come forward with "specific facts showing that there is a *genuine issue for trial*."  Matsushita Elec. Indus. Co.

5

ny-1268461

v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). Otherwise, "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

24. Here, there are no triable issues of fact raised by the Proof of Claim. The issue of whether, under section 502(b)(1) of the Bankruptcy Code, Mr. Moss has stated a valid claim against the Debtors' estates, can be decided on the bases of whether Mr. Moss' allegations can support claims under the asserted causes of action, along with the undisputed facts regarding Mr. Moss' payments on his mortgage loan.

## ARGUMENT

25. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). Furthermore, the burden of persuasion once an objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010). When assessing proofs of claim, courts apply the applicable state law, which here is California. Raleigh v. Illinois Dept. of Rev., 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims.").

26. Mr. Moss asserts causes of action for negligence, fraud, and intentional infliction of emotional distress. However, Mr. Moss cannot prove the necessary elements of any of his causes of action against ETS.

6

ny-1268461

*Negligence Claims*

27. In the Claim, Mr. Moss asserts causes of action for negligence[3] against ETS because "ETS made no inquiry of recorded documents in order to verify that it was legally entitled to issue any notices." See Claim, at 6. However, Mr. Moss' negligence claim fails for numerous reasons.

28. In order to assert a cause of action for negligence under California law, Mr. Moss must demonstrate that ETS owed him a duty, that ETS breached that duty, and that Mr. Moss was damaged as a result of that breach. See Merrill v. Navegar, Inc., 28 P.3d 116, 123-24 (Cal. 2001). However, Mr. Moss can neither show that he was damaged as a result of ETS's actions nor that ETS owed him a duty of care.

29. Mr. Moss cannot show that ETS caused the damages that he asserts. Mr. Moss asserts that he is entitled to emotional distress/pain and suffering damages and attorney's fees and costs associated with defending the Foreclosure Proceeding. See Diligence Response. In fact, all of these damages are the result of Foreclosure Proceeding being commenced against him by the owner of the Loan, Bank of New York.

30. The Foreclosure Proceeding was commenced because Mr. Moss defaulted on the loan. At the time that the Foreclosure Proceeding was commenced, Mr. Moss was in default on under the terms of the Loan, and that he continued to be in default through ETS

---

[3] Mr. Moss asserts causes of action for negligence, negligence *per se*, and negligent infliction of emotional distress. Negligent infliction of emotional distress is not an independent tort doctrine in California, but rather is a form of the tort of negligence. See Varnado v. Midland Funding LLC, 43 F. Supp. 3d 985, 990 (N.D. Cal. 2014). Negligence *per se* is not a cause of action distinct from negligence; rather, it is "an evidentiary presumption that a party failed to exercise due care if: (1) it violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to a person or property; (3) the death or injury resulted from an occurrence of the nature the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or injury to his or her person or property was one of the class of persons whose protection the statute, ordinance, or regulation was adopted." Maomanivong v. Nat'l City Mortg. Co., No. 13-05433-DMR, 2014 WL 4623873, at *16 (N.D. Cal. Sept. 15, 2014) (citation omitted). Before the presumption of negligence can be applied, it must be shown that the underlying claim of ordinary negligence is viable. See id.

7

conducting the foreclosure sale. See Servicing Notes at 4-5 of 131. Thus, the owner of his loan had the right to commence foreclosure as a result of his default. See Note § 7, Deed of Trust §§ 1 and 22. ETS never owned the Loan. ETS's only role in these proceedings was to record the Notices (at the direction of the owner of the Loan) and conduct the sale of the Property, both of which have been rescinded.

31. Because ETS's recording of the Notices did not cause the commencement of the foreclosure process, ETS's actions cannot be the cause of Mr. Moss' alleged damages. See Bergman v. Bank of Am., N.A., No. C-13-00741-JCS, 2013 WL 5863057, at *16 (N.D. Cal. Oct. 23, 2013) (plaintiff could not show that her damages were caused by an alleged improper substitution of trustee, even where malice was demonstrated, because the plaintiff was in default at the time of the foreclosure); Freeman v. King, Case No. B181091, 2007 WL 1289810, at *6 (Cal. Ct. App. May 3, 2007) (holding that improper notice of a foreclosure sale did not cause the plaintiff to incur attorney's fees defending the foreclosure because the foreclosure was caused by the borrower's default on the loan); Walton v. Mortg. Elec. Reg. Sys. Inc., 507 Fed. Appx. 720, 721 (9th Cir. 2013) ("[Plaintiff] cannot prevail on her negligence claim because even if Appellees kept inaccurate records, she admits that she fell behind on her payments and has not alleged that she could have avoided the default.") In Bergman, the plaintiffs asserted damages because they were ousted from their home through the foreclosure process, lost their equity in the home, and were forced to retain counsel to challenge the foreclosure. Bergman, 2013 WL 5863057, at *23. The court held that even given these facts, the plaintiffs were not prejudiced by the foreclosure, notwithstanding the allegation that the trustee did not have authority to conduct the sale. The court held that such lack of authority was a mere irregularity in the process, and that such irregularity did not harm the plaintiffs because their default would have subject them to

8

ny-1268461

foreclosure despite the irregularity. Bergman, 2013 WL 5863057, at *21. Similarly, Mr. Moss' default granted the owner of his loan the right to commence foreclosure proceedings, and therefore he cannot blame the foreclosure on the "mere irregularities" in the process associated with the issues with ETS's substitution.

32.     Furthermore, Mr. Moss cannot show that ETS owed him a duty recognized by California law. Courts in California have held that "[a] trustee in non-judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist." See Kachlon v. Markowitz, 85 Cal. Rptr. 3d 532, 546 (Cal. Ct. App. 2008) (internal citations omitted); see also Bascos v. Fed. Home Loan Mortg. Corp., No. 11-CV-3968-JFW (JCx), 2011 WL 3157063, at *7 (C.D. Cal. July 22, 2011) (dismissing Plaintiff's claim for negligence against a substitute trustee because "a trustee under a deed of trust owes Plaintiff no duty beyond its duty contained in Cal. Civ. Code § 2924."); Karimi v. GMAC Mortg., No. 11-CV-00926-LHK, 2011 WL 3360017, at *3 (N.D. Cal. Aug. 2, 2011) ("[A]lthough a trustee under a deed of trust…, may be subject to statutory requirements, trustees are not subject to a common law duty of care.") (citation omitted). Mr. Moss alleges that ETS violated its duty to examine the chain of title. However, no such duty exists in the deed of trust securing the Property, and Mr. Moss has not identified an applicable statute nor identified a provision within the deed of trust that creates such a duty. See Cedano v. Aurora Loan Servcs. LLC (In re Cedano), 470 B.R. 522, 534 (B.A.P. 9th Cir. 2012) (holding that a plaintiff could not assert that a substitute trustee breached a duty of care by alleging that the trustee did not sufficiently ascertain the validity of the foreclosure documents). If Mr. Moss is contending that ETS owed him a duty to rescind the Notices, he has similarly

9

failed to support this contention with any authority in statute or the deed of trust. Therefore, while Mr. Moss contends that ETS owed him a duty, his contention is not supported by the law in California. Therefore, the claim for negligence must fail.

33. Mr. Moss also asserts a cause of action for negligence *per se* based on a violation of Cal. Civil Code sections 2924b and 2934. However, violations of sections 2924 and 2934 cannot constitute a breach of a duty for a negligence *per se* claim. See Maomanivong, 2014 WL 4623873, at *16 (a violation of section 2924 cannot support a breach of duty for a negligence *per se* claim); Le Beau v. Bank of Am., N.A., Case No. G050079, 2014 WL 4809843, at *9 (Cal. Ct. App. Sept. 29, 2014) (holding that allegations of violation of sections 2924 and 2934 were not sufficient to support a negligence *per se* claim because the plaintiff had not shown that the defendant owed him a duty of care). Therefore, Mr. Moss' claim under a negligence *per se* theory fails for the same reason as his negligence claim.

34. Finally, Mr. Moss is not entitled to emotional distress damages. In California, where a "plaintiff incur[s] neither physical impact nor physical damage, and whose loss (other than emotional distress) is solely economic, [the plaintiff] is entitled to neither punitive damages nor to a recovery for emotional distress." See Friedman v. Merck & Co., 131 Cal. Rptr. 2d 885, 907 (Cal. Ct. App. 2003) (citing Branch v. Homefed Bank, 8 Cal. Rptr. 2d 182, 186 (Cal. Ct. App. 1992) ("Recovery for worry, distress, and unhappiness as the result of damage to property, loss of a job or loss of money is not permitted when the defendant's conduct is merely negligent.")); Smith v. Superior Court of Orange Cty., 13 Cal. Rptr. 2d 133, 137 (Cal. Ct. App. 1992) ("mere negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff."); Terry v. Travelers Indem. Co., No. 04-2314-MCE-GGH, 2005 WL 1984482, at *2 (E.D. Cal. Aug. 15,

10

ny-1268461

2005) ("[U]nder California law, Plaintiffs' unintentional tort claims (negligence and negligent misrepresentation) will not support recovery for emotional distress arising from property damage, absent special circumstances.") As a result, Mr. Moss has failed to meet his burden of showing that he has been damaged as a result of any action taken by ETS, and his causes of action for negligence, negligence *per se*, and negligent infliction of emotional distress must fail.

*Fraud*

35.     Mr. Moss' cause of action for fraud must similarly fail. The elements of fraud in California are: (1) defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages. Lazar v. Superior Court of Los Angeles Cty., 909 P.2d 981, 984 (Cal. 1996).

36.     Mr. Moss asserts that ETS committed fraud when it recorded the Notices.[4] See ETS Complaint, attached to the Diligence Response, ¶¶ 45-54. However, for the same reasons that Mr. Moss' claim for negligence fails as discussed above, Mr. Moss has not shown how his alleged damages were caused by the Notices, rather than his own default. The Notices have been rescinded, Mr. Moss retains title to his property, and any damages incurred in defending the foreclosures were caused by his own default, as discussed in ¶¶ 29-31 *supra*. As a result, Mr. Moss has failed to show how ETS's actions resulted in any compensable damages that would support his claim.

---

[4] If Mr. Moss is premising his fraud claim on ETS's failure to rescind the notices, such claim must fail, because failure to rescind is not a representation.

11

ny-1268461

*Intentional Infliction of Emotional Distress*

37. Finally, Mr. Moss alleges a cause of action for intentional infliction of emotional distress. "The elements of a cause of action for intentional infliction of emotional distress are … (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." Cabanilla v. Wells Fargo Bank, N.A., Case No. E055041, 2013 WL 1633626, at *6 (Cal. Ct. App. Apr. 17, 2013).

38. Mr. Moss' claim for intentional infliction of emotional distress changes for the same reason as his negligence and fraud claims. As discussed in ¶¶ 29-31 *supra*, Mr. Moss' default was the cause of the foreclosure, and therefore any damages associated with the foreclosure were caused by his actions, not ETS.

39. Mr. Moss also cannot sustain a claim for intentional infliction of emotional distress because in California, foreclosing on a property does not amount to "outrageous conduct." See Aguinaldo v. Ocwen Loan Serv., LLC, Case No. 12-CV-01393-EJD, 2012 WL 3835080, at *7 (N.D. Cal. Sep. 4, 2012) ("[A]s a matter of law . . . foreclosing on property does not amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress."); Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (holding that the act of foreclosing on a home "falls shy of 'outrageous,' however wrenching the effects on the borrower."); Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010), aff'd, 510 Fed. Appx. 498 (9th Cir. 2013) ("The fact that one of [the] Defendant [lenders] employees allegedly stated that the sale would not occur but the

12

house was sold anyway is not outrageous as that word is used in this context." (citation omitted)); <u>Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.</u>, C 10- 02842 WHA, 2010 WL 3769459, at *4-5 (N.D. Cal. Sept. 22, 2010) (holding that the act of foreclosing on a home by itself does not constitute outrageous conduct for an intentional infliction of emotional distress claim). As a result, Mr. Moss cannot assert a cause of action for intentional infliction of emotional distress.

## CONCLUSION

40.    WHEREFORE, the Borrower Trust respectfully submits that the relief requested should be granted in its entirety.

Dated: January 23, 2017
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*