MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S 7056-1 STATEMENT OF MATERIAL FCTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims (as defined below), by and through its undersigned counsel, hereby submits this Statement Pursuant to Local Bankruptcy Rule 7056-1 in support of the Borrower Trust's Motion for Summary Judgment as to Its Objection to Amended Claim No. 4445 Filed By Alan Moss to set forth the facts as to which the Borrower Trust contends there are no genuine issues to be tried.

**FACTS**

1. Non-Debtor CJ Mortgage, Inc. originated a loan in the amount of $612,500.00 to Mr. Moss on June 22, 2005 (the "Loan"), secured by a deed of trust on property

ny-1183002

located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Property").  See Note and Deed of Trust, attached hereto as Exhibit A and Exhibit B, respectively.

2. The Loan was subsequently transferred to Option One Mortgage Corp. ("Option One").  See Option One Assignment, attached hereto as Exhibit C.

3. Option One then transferred the Loan to TCIF, LLC ("TCIF"), and TCIF subsequently assigned the Loan to Bank of New York Trust Company ("Bank of New York"). See TCIF Assignment and Bank of New York Assignment, attached hereto as Exhibit D and Exhibit E, respectively.

4. Debtor GMAC Mortgage, LLC serviced the Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. See Decl. of Sara Lathrop, attached to the 7056-1 Statement as Exhibit F, sworn on January 23, 2017, the "Lathrop Decl.".)

5. ETS was appointed as substitute trustee on September 21, 2006.  See Substitution of Trustee, attached to the 7056 Statement as Exhibit G.  This appointment was improper because the entity that appointed ETS did not have the authority to do so.

6. On or around August 2, 2007, GMACM sent Mr. Moss a letter indicating that the Loan was in default and owing for the July 1, 2007 payment.  See August 2007 Breach Letter, attached to the 7056 Statement as Exhibit H.

7. As of September 17, 2007, the Loan was owing for the July 1, 2007 payment.  See Servicing Notes at 5 of 131, attached to the 7056 Statement as Exhibit I, p. 5 of 131.

ny-1183002

8. On September 17, 2007, GMACM referred the Loan to foreclosure because the account was owing for the July 1, 2007 payment. See Servicing Notes, p. 100 of 131.

9. ETS recorded a notice of default on September 18, 2007 (the "2007 Notice of Default"). See 2007 Notice of Default, attached to the 7056 Statement as Exhibit J.

10. As of May 7, 2009, the Loan was in default and owing for the January 1, 2008 payment. See Servicing Notes at 4 of 131.

11. On May 7, 2009, ETS conducted a trustee sale (the "Foreclosure Proceeding") and Bank of New York acquired title in the property. ETS recorded a Trustee's Deed Upon Sale on May 18, 2009 (the "Notice of Trustee's Deed Upon Sale", and with the 2007 Notice of Default, the "Notices"), which granted title in the property to Bank of New York. See Notice of Trustee's Deed Upon Sale, attached to the 7056 Statement as Exhibit K.

12. No eviction proceedings were ever commenced against Mr. Moss and Mr. Moss was not displaced from his home. See Lathrop Dec. ¶ 8.

13. A Notice of Rescission of the Trustee's Deed Upon Sale was recorded on September 18, 2012, and a Notice of Rescission of the 2007 Notice of Default was recorded on August 19, 2013. See Notices of Rescission, attached to the 7056 Statement as Exhibit L.

14. In November 2013, Bank of New York, through Ocwen as loan servicer, completed a settlement with Mr. Moss to resolve his lawsuit against Bank of New York for its actions related to the foreclosure sale. See Lathrop Decl. ¶ 9. The terms of the settlement are confidential. See id.

15. On November 7, 2012, Mr. Moss filed a proof of claim against ETS, designated as Claim No. 4445, asserting a general unsecured claim for $750,000. See Proof of

ny-1183002

Claim, attached to the 7056 Statement as <u>Exhibit M</u>. With the Court's permission, Mr. Moss filed an amended claim on March 18, 2015 [Docket No. 8334] (the "<u>Claim</u>").

16. In response to a request from the Debtors for additional information regarding the Claim, Mr. Moss provided an itemization of his claim amount (the "<u>Diligence Response</u>"). <u>See</u> Diligence Response, attached to the 7056 Statement as <u>Exhibit N</u>. In the Diligence Response, Mr. Moss asserts that he is entitled to emotional distress/pain and suffering damages in the amount of $730,000. Mr. Moss also asserts that he is entitled to $18,460.98 in attorney's fees and costs associated with defending the Foreclosure Proceeding. <u>See</u> <u>id</u>.

| | |
|---|---|
| Dated: January 23, 2017<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |