**Exhibit F**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF SARA LATHROP IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S MOTION FOR SUMMARY JUDGMENT AS TO ITS OBJECTION TO AMENDED CLAIM NO. 4445 FILED BY ALAN MOSS**

I, Sara Lathrop, hereby declare as follows:

1. I serve as Senior Claims Analyst for the ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in the loan servicing department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I began my association with ResCap in June 2006 working as an associate in the Default Division of the loan servicing operation of GMAC Mortgage, LLC ("GMACM"). In 2008, I became a Default Quality Control Specialist, a position that I held until I became a Supervisor in the Default Division in 2009. In 2011, I became a Supervisor in the Loss Mitigation Division of GMACM's loan servicing operation, and in February 2012, I became a Manager in that division. In this role, I oversaw GMACM associates in their efforts to provide borrowers with loss mitigation options and assisted in the development of GMACM's loss mitigation policies. In January of 2013, I became

ny-1268851

the Regulatory Compliance Manager for ResCap.  I became Senior Claims Analyst for ResCap in July 2013 and continued in this role when the ResCap Liquidating Trust (the "Liquidating Trust") was established in December 2013.  In my current position as Senior Claims Analyst to the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection with the claims reconciliation process.[1]  I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Motion for Summary Judgment as to Its Objection to Amended Claim No. 4445 Filed by Alan Moss* (the "Motion").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Claims Analyst, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases with regard to Borrower Claims.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

2

ny-1268851

"Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim form and supporting documentation filed by Mr. Moss. Since the Plan became effective and the Borrower Trust was established, I, along with members of the Liquidating Trust's management or employees of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or Liquidating Trust personnel, and the Liquidating Trust's and the Borrower Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4. According to the Debtors' books and records, Debtor GMAC Mortgage, LLC serviced the Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.

5. As of September 17, 2007, the Loan was owing for the July 1, 2007 payment. See Servicing Notes, attached to the 7056 Statement as Exhibit I, p. 5 of 131.

6. On September 17, 2007, GMACM referred the Loan to foreclosure because the account was owing for the July 1, 2007 payment. See Servicing Notes, p. 100 of 131.

7. As of May 7, 2009, the Loan was in default and owing for the January 1, 2008 payment. See Servicing Notes at 4 of 131.

3

ny-1268851

8.    According to the Debtors' books and records, no eviction proceedings were ever commenced against Mr. Moss and Mr. Moss was not displaced from his home.

9.    In November 2013, Bank of New York, through Ocwen as loan servicer, completed a settlement with Mr. Moss to resolve his lawsuit against Bank of New York for its actions related to the foreclosure sale. The terms of the settlement are confidential.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2017

/s/ Sara Lathrop
Sara Lathrop
Senior Claims Analyst for ResCap
Borrower Claims Trust