```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/23/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARILYN LAWRENCE,

               Appellant,

v.

RESCAP LIQUIDATING TRUST,

               Appellee.

---

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

               Debtors.

No. 16-CV-4273 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    This is an appeal from the United States Bankruptcy Court for the Southern District of New York's May 26, 2016 Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order (the "Order").[1] ResCap Liquidating Trust (the "Trust") is the successor to Residential Capital, LLC and certain of its affiliates (together, the "Debtors"), which filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code on May 14, 2012 (the "Petition Date") with discharge effective as of December 17, 2013 (the "Effective Date"). Appellant Marilyn Lawrence, proceeding *pro se*, challenges the Order insofar as it bars

---

[1] In her Notice of Appeal, Lawrence identified an "Order Sustaining Objection" dated June 24, 2015 as the order from which she was appealing, but no order from that date pertains directly to Lawrence, and any appeal of an order from that date would be untimely. Based on Lawrence's submissions on appeal, the Court finds that Lawrence, who is proceeding *pro se*, intends to challenge the Order. ResCap Liquidating Trust is the proper appellee.

her from prosecuting a lawsuit against Executive Trustee Services, LLC ("ETS"), one of the Debtors. For the reasons that follow, the Order is affirmed.

## BACKGROUND[2]

On February 16, 2012, Lawrence filed a civil action in the Central District of California (the "California Action") against ETS and several other defendants. *See* Shifer Decl. Ex. 1, Feb. 10, 2016, Bankr. ECF No. 9615. The California Action arose out of the foreclosure of a property owned by Lawrence that was located at 5851 Seventh Avenue, Los Angeles, California (the "Seventh Avenue Address"). *See id.* In the complaint, summons, and civil cover sheet, Lawrence provided the Seventh Avenue Address as her address. *See id.* The foreclosure sale occurred around the same time that Lawrence filed the California Action, and ETS was involved in the sale. *See* Lawrence Resp. Shifer Decl. at 2, Feb. 18, 2016, Bankr. ECF No. 9664; *id.* Ex. C.

ETS and the other Debtors filed for bankruptcy on the Petition Date. On or before June 4, 2012, Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, served a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (the "Commencement Notice") on Lawrence by first class mail at the Seventh Avenue Address. *See* Loomis Aff. at 1, June 12, 2012, Bankr. ECF No. 336; *id.* Ex. C at 3446. On July 24, 2012, Lawrence filed an amended complaint in the California Action that listed a different address: 5362 West Olympic Boulevard, Apartment 1, Los Angeles, California (the "West Olympic Boulevard Address"). *See* Trust Reply Supp. Omnibus Mot. Ex. 2-A, Feb. 8, 2016, Bankr. ECF No. 9594. Lawrence did not, however, send a notice of change of address to KCC. *See* Feb. 10, 2016 Hr'g Tr. 12:22–25, Bankr. ECF No. 9637. On August 29, 2012, the Bankruptcy Court issued an order

---

[2] The facts set forth herein are taken from the record on appeal as designated by the parties. Where appropriate, the Court cites directly to the designated documents as they appear on the Bankruptcy Court docket, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y.). While the Bankruptcy Court made no findings on the record, the relevant facts do not appear to be in dispute.

setting a November 9, 2012 deadline for filing proofs of claim (the "Bar Date"). *See* Order Establishing Deadline for Filing Proofs of Claim ¶ 2, Bankr. ECF No. 1309. The order provided that any party that did not file a timely proof of claim would "be forever barred, estopped and enjoined from asserting such claim against the Debtors." *Id.* ¶ 11. On or before September 7, 2012, KCC served Lawrence with a Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice") by first class mail at the Seventh Avenue Address. *See* Cu Aff. at 2, Sept. 11, 2012, Bankr. ECF No. 1412; *id.* Ex. I at 6921. On November 7, 2012, the Bankruptcy Court extended the Bar Date to November 16, 2012 (the "Extended Bar Date") due to Superstorm Sandy. *See* Order Extending Deadline for Filing Proofs of Claim, Bankr. ECF No. 2093. Lawrence did not file a proof of claim on or before the Extended Bar Date.

On December 11, 2013, the Bankruptcy Court confirmed the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "Plan"). *See* Order Confirming Second Amended Joint Chapter 11 Plan (the "Confirmation Order"), Bankr. ECF No. 6065. As of the Effective Date, claims arising prior to the Effective Date were released, and creditors whose claims had been released were enjoined from commencing or continuing to prosecute such claims. *See* Plan §§ IX.I, IX.K, Bankr. ECF No. 6065-1; Confirmation Order ¶¶ 40, 42. Proofs of claim that were not timely filed were deemed expunged as of the Effective Date. *See* Plan § VIII.B; Confirmation Order ¶ 50(a).

On June 30, 2015, the Trust wrote to Lawrence at the West Olympic Boulevard Address, warning her that if she failed to dismiss her lawsuit against ETS, the Trust would seek a court order requiring her to do so. *See* Lawrence Objs. Omnibus Mot. Ex. A, Feb. 1, 2016, Bankr. ECF No. 9576. In August 2015, Lawrence submitted proofs of claim, which were automatically expunged as untimely pursuant to the terms of the Plan. *See* Feb. 10, 2016 Hr'g Tr. 13:2–14.

On January 8, 2016, the Trust filed a motion seeking to enforce the injunctive provisions of the Plan against Lawrence and other creditors. *See* Omnibus Mot., Bankr. ECF No. 9489. Lawrence filed objections to the motion on February 1, 2016, raising substantially the same argument that she now asserts on appeal—namely, that her claims should not have been released by the Plan because she did not receive any notice of the Bar Date prior to the Trust's June 30, 2015 letter. *See* Lawrence Objs. Omnibus Mot. at 6. The Trust replied on February 8, 2016, arguing, as it does here, that Lawrence was properly noticed and that her claims are barred by the terms of the Plan and by California state law. *See* Trust Reply Supp. Omnibus Mot. at 7–8.[3]

A hearing was held before the Honorable Martin Glenn, United States Bankruptcy Judge, on February 10, 2016. Following argument by the parties, the Bankruptcy Court instructed the Trust to file a supplemental declaration attaching Lawrence's original complaint in the California Action and proof of service of the Commencement Notice. *See* Feb. 10, 2016 Hr'g Tr. 25:4–10. The Trust submitted these materials to the Bankruptcy Court shortly after the hearing. *See generally* Shifer Decl. Lawrence responded to the declaration on February 18, 2016, reiterating her earlier arguments. *See generally* Lawrence Resp. Shifer Decl. On May 26, 2016, the Bankruptcy Court issued the Order, overruling Lawrence's objections on the merits. *See* Order ¶ 1, Bankr. ECF No. 9908. Lawrence filed this timely appeal on June 8, 2016.

## STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. *See ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 582 F.3d 422, 426 (2d Cir. 2009). Because she is proceeding *pro se*, the Court will construe Lawrence's

---

[3] The Court does not address the California state law argument and expresses no view on its merits.

4

submissions "liberally and interpret them to raise the strongest arguments that they suggest." *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quotation marks omitted).

## DISCUSSION

The issue on appeal is notice. In general, a confirmed plan binds all creditors, whether or not they have accepted the plan. *See* 11 U.S.C. § 1141(a)). "However, those creditors without notice of the plan or the claims bar date may not be bound by the plan." Robert E. Ginsberg et al., *Ginsberg and Martin on Bankruptcy* § 13.16 (5th ed. 2016). To comport with due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Lawrence does not dispute that the Bar Date Notice was mailed to her; she argues that it was sent to the wrong address. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide clear guidance regarding the proper address of a creditor. *See In re Savage*, 167 B.R. 22, 26 (Bankr. S.D.N.Y. 1994) ("Neither the statute nor rules state that the creditor be listed at a particular address."); *In re TEMSCO NC Inc.*, 537 B.R. 108, 120 (Bankr. D.P.R. 2015) ("The Bankruptcy Code provides no guidance as to what is the proper address of a creditor, [but] it is clear that such an address must provide the creditor reasonable notice of the bankruptcy proceeding." (quotation marks omitted)). But mailing a notice "to the last known address of a creditor" meets the minimum constitutional threshold "because it is 'reasonably calculated' to inform the creditor of the bar date for filing proofs of claim." *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 736 (5th Cir. 1995); *see also In re Agway, Inc.*, 313 B.R. 31, 40 (Bankr. N.D.N.Y. 2004) (holding that due process rights were not violated where debtor mailed notice to address in company's stockholder records rather than address in company's

accounts receivable records). If a creditor's address changes, the creditor "is responsible for notifying the debtor, trustee, or the court . . . to guarantee that she be given reasonable notice." *In re Eagle Bus Mfg., Inc.*, 62 F.3d at 736. "If the creditor fails to up-date her address and as a consequence does not receive a notice of the bar date that was properly mailed, she cannot later argue that her due process rights were violated." *Id.* (citing *In re Nutri\*Bevco, Inc.*, 117 B.R. 771, 781 (Bankr. S.D.N.Y. 1990) (holding that due process rights were not violated where debtor mailed bar date notice to last known address of creditor but creditor failed to designate an agent or effectively forward his mail during a three-month vacation)).

While the Bankruptcy Court did not make any findings on the record, the parties do not appear to dispute the relevant facts. The question is whether the notice that Lawrence received was legally adequate. Having considered the question *de novo*, the Court concludes that it was. KCC mailed the Commencement Notice and the Bar Date Notice to the address that Lawrence herself provided in her complaint, as well as in the accompanying summons and civil cover sheet. *See* Shifer Decl. Ex. 1. Lawrence argues that ETS should have known that the Seventh Avenue Address was incorrect because the property at that address had been foreclosed upon. But given that Lawrence is a creditor of ETS only by virtue of the claims she asserts in the California Action, it was reasonable for ETS to rely on the address that Lawrence provided when commencing that action. *See In re Agway, Inc.*, 313 B.R. at 40.

Lawrence's stronger argument is that her amended complaint, which listed the West Olympic Boulevard Address as her address and was filed before KCC circulated the Bar Date Notice (but after it circulated the Commencement Notice), should have alerted ETS to her change of address, and thus renders the Bar Date Notice inadequate. This is a closer question, but absent a showing that Lawrence explicitly notified ETS that her address had changed, the Court concludes

that mailing the Bar Date Notice to the Seventh Avenue Address satisfied due process. *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2015 WL 2256683, at *8 (Bankr. S.D.N.Y. May 11, 2015) (filing notice of appeal of a district court order with revised address did not constitute notice of change of address). KCC was not obligated to review the amended complaint to determine whether it contained a new address.

Accordingly, the Court finds no error with the Order. Although the Court is sympathetic to Lawrence, she is legally bound by the Plan. Lawrence's claims have been released, and the Plan enjoins her from prosecuting them further. *See* Plan §§ IX.I, IX.K; Confirmation Order ¶¶ 40, 42.

## CONCLUSION

The Order is affirmed, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   January 23, 2017
         New York, New York

Ronnie Abrams
United States District Judge