**Hearing Date and Time: March 23, 2017 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: March 6, 2017 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- )
                                                          )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )    Chapter 11
                                                          )
                              Debtors.                    )    Jointly Administered
                                                          )
--------------------------------------------------------- )

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S**
**NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO**
**LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW**
<u>**BORROWER CLAIMS, AND (III) ALLOW IN FULL BORROWER CLAIM)**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Borrower Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability*

*Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Allow in Full*

*Borrower Claim)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by

disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **March 23, 2017 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 523.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**March 6, 2017 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the

Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of

New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S.

Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett); (c) the Office of the United States

Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S.

Masumoto); (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue,

21st Floor, New York, NY 10022 (Attn: Daniel J. Flanigan) and (e) The ResCap

Liquidating Trust, 8400 Normandale Lake Boulevard, Suite 175, Minneapolis, MN

55437 (Attention: Kathy Priore).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  February 2, 2017
      New York, New York

                            Respectfully Submitted,

                            /s/ Norman S. Rosenbaum
                            Norman S. Rosenbaum
                            Jordan A. Wishnew
                            Jessica J. Arett
                            **MORRISON & FOERSTER LLP**
                            250 West 55th Street
                            New York, New York 10019
                            Telephone:  (212) 468-8000
                            Facsimile:  (212) 468-7900

                            *Counsel for The ResCap Borrower*
                            *Claims Trust*

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------- ) | | |

**RESCAP BORROWER CLAIMS TRUST'S**
**NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY**
**BORROWER CLAIMS, (II) REDUCE AND ALLOW BORROWER CLAIMS, AND (III)**
<u>**ALLOW IN FULL BORROWER CLAIM)**</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE  OR MODIFY CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

# TABLE OF CONTENTS

**Page**

RELIEF REQUESTED ...................................................................................................1

JURISDICTION ...........................................................................................................3

BACKGROUND ...........................................................................................................3

    General Case Background ...........................................................................................3

    Claims-related Background ..........................................................................................4

THE NO LIABILITY BORROWER CLAIMS  SHOULD BE DISALLOWED AND
    EXPUNGED.............................................................................................................5

THE REDUCE AND ALLOW BORROWER CLAIMS SHOULD BE MODIFIED.................10

THE ALLOW IN FULL BORROWER CLAIM SHOULD BE ALLOWED IN FULL
    AND RECEIVE THE TREATMENT PROVIDED FOR ALLOWED
    BORROWER CLAIMS AGAINST GMACM DEBTORS PROVIDED FOR
    UNDER THE PLAN ...............................................................................................11

NOTICE ....................................................................................................................11

NO PRIOR REQUEST.................................................................................................11

CONCLUSION ...........................................................................................................12

ny-1266535

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

In re Adelphia Commc'ns Corp.,
   Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) .......... 6

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v.
   Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
   2010) ................................................................................................................................... 6

In re Rockefeller Ctr. Props.,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
   Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
   Appx. 40 (2d Cir. 2002) ...................................................................................................... 6

STATUTES

11 U.S.C. § 501(a) ....................................................................................................................... 6

11 U.S.C. § 502(b)(1) .................................................................................................................. 6

OTHER AUTHORITIES

4-502 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J.
   Sommer eds., 16th ed. rev. 2013) ....................................................................................... 6

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant

to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the

"Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the

"Debtors") with respect to Borrower Claim (defined below) matters, by and through its

undersigned counsel, respectfully represents:

### **RELIEF REQUESTED**

1.      The Borrower Trust files this ninety-fifth omnibus objection to claims (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], and seeks

entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 1, to (i) disallow and expunge the claims listed on Exhibit A annexed to the Proposed

Order, (ii) reduce the claims listed on Exhibit B to the Proposed Order and to allow such claims

in the reduced amounts, and (iii) allow claim number 3848 filed by Atilla and Cicek Durmaz (the

"Allow in Full Borrower Claim") in the filed amount with such claim to receive the treatment

provided for under the Plan (defined below).[1]   In support of this Objection, the Borrower Trust

submits the Declaration of Sara Lathrop, Senior Claims Analyst for the ResCap Borrower Claims

Trust (the "Lathrop Declaration," attached hereto as Exhibit 2), and the Declaration of Norman

---

[1] Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration," attached hereto as Exhibit 3).

2.    The Borrower Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that the proofs of claim listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the Debtors. This determination was made after the holders of the No Liability Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Borrower Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the Claims Register.

3.    The Borrower Trust also examined the proofs of claim identified on Exhibit B to the Proposed Order and determined that the proofs of claim listed thereon (the "Reduce and Allow Borrower Claims") were filed in amounts greater than that for which the Debtors' estates are liable. The Borrower Trust seeks to modify the Reduce and Allow Borrower Claims to the amount listed under "Modified Claim Amount" on Exhibit B.

4.    The Borrower Trust also examined the Allow in Full Borrower Claim and determined it should be allowed in the filed amount against GMAC Mortgage.

5.    The proofs of claim identified on Exhibit A and Exhibit B annexed to the Proposed Order, as well as the Allow in Full Borrower Claim, solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

---

[2] The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1266535

6.      The Borrower Trust expressly reserves all rights to object on any other basis to any No Liability Borrower Claim, Reduce and Allow Borrower Claim, or the Allow in Full Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General Case Background*

8.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

10.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the effective date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

11.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee

-3-

or pursuant to an Order of the Court.  See Plan, at Art. IV.F. The Borrower Trust was established

to, among other things, "(i) direct the processing, liquidation and payment of the Allowed

Borrower Claims in accordance with the Plan, and the distribution procedures established under

the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the

Borrower Claims Trust for use in satisfying Allowed Borrower Claims."  See id.

*Claims-related Background*

12.     On May 16, 2012, the Court entered an order [Docket No. 96] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the

official claims register for the Debtors (the "Claims Register").

13.     On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").   The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").   Bar Date Order ¶¶ 2, 3.   On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

14.     On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

-4-

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

15. The Procedures Order includes specific protections for Borrowers and sets

forth a process for the Debtors or any successor in interest to follow before objecting to certain

categories of Borrower Claims (the "Borrower Claim Procedures").    The Borrower Claim

Procedures provide, *inter alia*, that prior to objecting to Borrower Claims filed with no or

insufficient documentation, the Debtors must send each such Borrower claimant a letter

requesting additional documentation in support of the purported claim (the "Request Letter").

See Procedures Order at 4.

16. Beginning in May of 2013, the Debtors sent Request Letters, substantially

in the form as those attached as Exhibit 4, to all of the Borrowers who filed the No Liability

Borrower Claims.  The Request Letters state that the claimant must respond within thirty (30)

days (the "Response Deadline") with an explanation that states the legal and factual reasons why

the claimant believes they are owed money or is entitled to other relief from the Debtors and the

claimant must provide copies of any and all documentation that the claimant believes supports

the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the

claimant does not provide the requested explanation and supporting documentation within 30

days, then the Debtors may file a formal objection to the claimant's claim, seeking to have the

claim disallowed and permanently expunged.  Id.

## THE NO LIABILITY BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

17. Based upon its review of the No Liability Borrower Claims identified on

Exhibit A annexed to the Proposed Order, the Borrower Trust determined that they do not

represent valid prepetition claims against the Debtors and should be expunged.  If the No

Liability Borrower Claims are not disallowed and expunged, then the parties who filed these

ny-1266535

proofs of claim may receive a wholly improper recovery to the detriment of other Borrowers who hold valid claims.  See Lathrop Declaration ¶ 8.

18.    Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim."  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Code section 502(a)."  4-502 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

19.    If an objection refuting at least one of the claim's essential allegations is asserted, however, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case  No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

20.    The Debtors and the Borrower Trust diligently analyzed the No Liability Borrower Claims and the allegations set forth therein and examined the Debtors' books and records in order to assess the alleged liabilities asserted.  See Lathrop Declaration at ¶¶ 4-6.  In addition, the Debtors sent Request Letters to those claimants who filed No Liability Borrower Claims with insufficient supporting documentation to allow such claimants to provide additional

support for their claims.  The holders of the No Liability Borrower Claims that received Request

Letters either failed to respond to the letters or failed to provide sufficient information to

substantiate their claims.  See id. at ¶ 4.

21.    The Borrower Trust's specific factual and/or legal reason(s) for objecting

to the allowance of each No Liability Borrower Claim is set forth on Exhibit A to the Proposed

Order under the heading titled "*No Liability Summaries*."   In general, the Borrower Trust's

objection to each No Liability Borrower Claim falls under one or more of the following eight

categories:

(i)    ***Escrow Issues***.  This category includes a claim based on the alleged improper application
or calculation of escrow amounts (the "Escrow Issues Claim").  To assess the validity of
this claim, the Borrower Trust examined the Debtors' books and records, including the
Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers and
any servicing notes and written communication between the Debtors and the applicable
Borrower(s).

Based on its review, the Borrower Trust determined that the Debtors are not liable for the
Escrow Issues Claim.  See Lathrop Decl. at ¶ 7(i).  Since the claimants asserted that the
Debtors improperly paid for items that were then added to the escrow account, the
Borrower Trust determined that these items were correctly determined to be owing under
the terms of the loan and that the escrow account was correctly charged.  The Borrower
Trust reviewed (1) the escrow statement issued to the claimants to determine if the
amount was correctly charged, (2) the history of the loan to determine if the expense was
correctly incurred, and (3) the internal servicing notes to determine if there were
discussions with the claimants regarding the charges.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court
and the claimants whose claim is identified as an Escrow Issues Claim on Exhibit A to
the Proposed Order, upon request, with copies of one or more of the following types of
documents, each of which were prepared or kept by the Debtors in the course of their
regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Escrow Statement;
- Loan Modification Agreement, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

-7-

(ii)  **_Wrongful Foreclosure_**.  This category includes claims based, either directly or indirectly, on allegations of wrongful foreclosure by the Debtors (the "Wrongful Foreclosure Claims").  To assess the validity of these claims, the Borrower Trust examined the Debtors' books and records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Specifically, the Borrower Trust reviewed Payment History, Internal Servicing Notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  See Lathrop Declaration at ¶ 7(ii).  Based on its review, the Borrower Trust determined that the Debtors are not liable for the Wrongful Foreclosure Claims.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a Wrongful Foreclosure Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Modification Agreement(s),
  - Breach of Contract Notice, and
  - Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement, if applicable;
- Pooling and Servicing Agreements, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(iii)  **_Loan Modification_**.  This category includes a claim based on loan modification issues (the "Loan Modification Claim"), which alleges, among other things, that the Debtors improperly failed to provide a loan modification.[3]  To assess the validity of this claim, the Borrower Trust examined the Debtors' books and records to verify that the Debtors

---

[3] As a regular part of the Debtors' business practices, the Debtors offered mortgage loan modifications to Borrowers in financial distress, pursuant to certain guidelines established by the investors ("Traditional Modifications").  The Home Affordable Modification Program ("HAMP") is an administrative program that was implemented in April 2009 by the United States Treasury Department to help eligible homeowners with loan modifications on their home mortgage debt.  HAMP provided the Debtors with an additional type of loan modification (a "HAMP Modification") for assisting eligible Borrowers experiencing financial distress.

-8-

followed the applicable investor guidelines and policies regarding loan modifications. Specifically, the Borrower Trust reviewed Internal Servicing Notes, Loan Payment History, and, where applicable, loan modification agreements, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor for the claimant's loan.  See Lathrop Declaration at ¶ 7(iii).

Based on its review, the Borrower Trust determined that the Debtors are not liable for the Loan Modification Claim because the Debtors complied with the applicable investor guidelines and policies governing the loan modification process.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and the claimant whose claim is identified as a Loan Modification Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;
- Servicing agreement(s), if applicable;
- Workout Packages;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Mod Agreement(s),
  - Breach of Contract Notice(s), and
  - Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement; or
- Other documents that are relevant to the reconciliation of the claim.

(iv) ***Interest Rates and Fees Collected***.  This category includes a claim based on assertions that (a) interest rates charged to the claimant were incorrect and (b) the fees charged to the claimant were incorrect or inappropriate (the "Interest Rates and Fees Collected Claim").  To assess the validity of this claims, the Borrower Trust reviewed the Debtors' books and records, including the claimant's note, any adjustable rate rider and related documents, notices and/or adjustment letters sent to the claimant, Loan Payment History and fees charged.  See Lathrop Declaration at ¶ 7 (iv).

Based on its review, the Borrower Trust has determined that the Debtors are not liable for the Interest Rates and Fees Collected Claim because the interest rates and fees charged were consistent with the governing loan documents, the Debtors' servicing policies, and

-9-

investor guidelines and/or servicing agreements.  To substantiate this determination, the Borrower Trust is prepared to provide the Court and the claimants whose claim is identified as an Interest Rates Claim or a Fees Collected Claim on <u>Exhibit A</u> to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;
- Servicing agreement(s), if applicable;
- Debtors' written communications to the claimant, including, if applicable Rate Adjustment Letters; or
- Other documents that are relevant to the reconciliation of the claim.

22.    To prevent the claimants that filed the No Liability Borrower Claims from receiving improper recoveries to the detriment of other Borrowers holding valid claims, the Borrower Trust requests that the Court disallow and expunge in their entirety each of the No Liability Borrower Claims.

<b><u>THE REDUCE AND ALLOW BORROWER CLAIMS<br>SHOULD BE MODIFIED</u></b>

23.    Based upon its review of the proofs of claim filed on the Claims Register, the Borrower Trust determined that the Reduce and Allow Borrower Claims do not reflect the correct amount of liability owed by the Debtors to the claimants, as the Borrower Trust was able to confirm that all but a portion of the allegations in the proofs of claim had no basis in the Debtors' books and records.  An explanation of the correct amount owed, as reflected in the Debtors' books and records, is set forth on <u>Exhibit B</u> under the column heading "*Reason for Modification*."  <u>See</u> Lathrop Declaration ¶ 12.

24.    The amount listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" represents the claim amount the Borrower Trust determined to be the appropriate amount due to the claimants.  <u>See</u> Lathrop Declaration ¶ 12.  The holders of the Reduce and

Allow Borrower Claims should not be allowed to recover more than they are owed. Accordingly, the Borrower Trust requests that the Court reduce the Reduce and Allow Borrower Claims to the amount listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" and allow such claims only to the extent of such modified amounts.

## <u>THE ALLOW IN FULL BORROWER CLAIM SHOULD BE ALLOWED IN FULL AND RECEIVE THE TREATMENT PROVIDED FOR ALLOWED BORROWER CLAIMS AGAINST GMACM DEBTORS PROVIDED FOR UNDER THE PLAN</u>

25.     The Allow in Full Borrower Claim was filed by Atilla and Cicek Durmaz and is currently listed on the Claims Register as a general unsecured claim against Debtor GMAC Mortgage, LLC ("<u>GMACM</u>").  Based on its review of the Allow in Full Borrower Claim, the Borrower Trust determined that it should be allowed as a general unsecured claim against GMACM in the filed claim amount of $32,718.42.  <u>See</u> Lathrop Declaration ¶ 13.  As a result, the Borrower Trust requests that the Court enter an order allowing the claim in the asserted amount so that it will receive the treatment of an Allow Borrower Claim against the GMACM Debtors provided for in Article III.D.2(f) of the Plan.

## <u>NOTICE</u>

26.     The Borrower Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Borrower Trust submits that no other or further notice need be provided.

## <u>NO PRIOR REQUEST</u>

27.     No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims, the Reduce and Allow Borrower Claims, or the Allow in Full Borrower Claim has been made by the Borrower Trust to this or any other court.

## **CONCLUSION**

WHEREFORE, the Borrower Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  February 2, 2017
        New York, New York

            /s/ Norman S. Rosenbaum
            Norman S. Rosenbaum
            Jordan A. Wishnew
            Jessica J. Arett
            MORRISON & FOERSTER LLP
            250 West 55th Street
            New York, New York 10019
            Telephone:  (212) 468-8000
            Facsimile:  (212) 468-7900

            *Counsel for The ResCap Borrower*
            *Claims Trust*

-12-

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|                                          | )  |                              |
| ---------------------------------------- | -- | ---------------------------- |
| In re:                                   | )  | Case No. 12-12020 (MG)       |
|                                          | )  |                              |
| RESIDENTIAL CAPITAL, LLC, et al.,        | )  | Chapter 11                   |
|                                          | )  |                              |
| Debtors.                                 | )  | Jointly Administered         |
|                                          | )  |                              |

------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW BORROWER CLAIMS AND (III) ALLOW IN FULL BORROWER CLAIM)

Upon the ninety-fifth omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims, reducing the Reduce and Allow Borrower Claim, and allowing the Allow in Full Borrower Claim, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

and it appearing that no other or further notice need be provided; upon consideration of the

Objection and the *Declaration of Sara Lathrop in Support of the ResCap Borrower Claims*

*Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II)*

*Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim)* annexed thereto as

Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower*

*Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II)*

*Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim)*, annexed thereto

as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is

in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest

and that the legal and factual bases set forth in the Objection establish just cause for the relief

granted herein; and the Court having determined that the Objection complies with the Borrower

Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are

disallowed and expunged with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit B annexed hereto (the "Reduce and Allow Borrower Claims") are hereby

reduced and allowed as provided for on Exhibit B; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, claim

number 3848 filed by Atilla and Cicek Durmaz (the "Allow in Full Borrower Claim") is hereby

allowed as a general unsecured claim against Debtor GMAC Mortgage, LLC in the filed amount of $32,718.42 and shall receive the treatment provided for Allowed Borrower Claims against the GMACM Debtors provided for in Article III.D.2(f) of the Plan; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to modify the Reduce and Allow Borrower Claims as set forth on the schedule attached as Exhibit B hereto so that such claims are reflected on the Claims Register in a manner consistent with this Order; and it is further

ORDERED that KCC is directed to reflect on the Claims Register that the Allow in Full Borrower Claim is allowed as a general unsecured claim against GMAC Mortgage, LLC in the amount of $32,718.42; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Allow in Full Borrower Claim and the claims listed on Exhibit A or Exhibit B annexed to this Order, and the Trust's and any

party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto or the Allow in Full Borrower Claim; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, Reduce and Allow Borrower Claim identified on Exhibit B annexed hereto, and the Allow in Full Borrower Claim, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2017
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1267131

**Exhibit A**

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1015 | Ashley Hooker<br><br>1133 Rocky Ford Rd Pontotoc, MS 38863<br><br>$34,433.39<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Wrongful Foreclosure | GMAC Mortgage Corporation DBA ditech.com originated a loan in the amount of $72,000 on March 3, 2004 to Claimant and Brad Hooker. Debtors serviced the loan until property was sold in a foreclosure sale on March 31, 2010.<br><br>Claimant asserts "wrongful foreclosure/negligence" as the basis for claim in box 2 of the proof of claim form.  On June 21, 2013, Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded on July 22, 2013. In the Claimant Response Letter, Claimant states the Basis of Claim as: "See attached materials including pleadings filed in case no 3:11-CV-71-MPM-SAR pending in US District Court – Northern District of Mississippi."  In that cause of action, the Claimant asserted causes of action for wrongful foreclosure, fraud, negligent misrepresentation, promissory and equitable estoppel.<br><br>Claimant alleges wrongful foreclosure due to not being awarded the opportunity to reinstate the account prior to the foreclosure sale being held.  This allegation has no validity as Debtors provided Claimant the information needed as well as the opportunity to reinstate the mortgage prior to the foreclosure sale being held. Debtors mailed an Options to Avoid Foreclosure letter to Claimant on October 13, 2009 and a Breach letter was mailed to Claimant on November 3, 2009. Another Breach letter was mailed to Claimant on December 1, 2009 and when a payment was not received, Debtors mailed a Loss Mitigation Foreclosure | Page 8 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Referral Letter to Claimant on December 31, 2009.<br><br>The Claimant also asserts that GMACM misrepresented that the foreclosure sale was cancelled, and that as a result the Claimant did not attend the foreclosure sale. This cause of action fails because the Debtors' books and records do not demonstrate that GMACM ever stated that the foreclosure sale was cancelled. Furthermore, even if the alleged statement was made (which it was not) the Claimant cannot demonstrate that it was made with knowledge of its falsity. Similarly, the Claimant's claim for negligent misrepresentation also fails because she cannot reasonably rely on an alleged oral statement by a GMACM representative that contradicts the plain language of the terms of the Promissory Note and Deed of Trust.<br><br>The account was referred to foreclosure on January 4, 2010 when no payment was received to bring the account current. Debtors mailed a HAMP solicitation package to Claimant on January 25, 2010 however the package was not returned. The foreclosure sale was scheduled on January 28, 2010 for March 31, 2010. Debtors spoke with borrower via phone on March 10, 2010. Borrower 1 stated he is unable to reinstate the account however he would like to keep the property. Debtors advised he can access workout package online and advised of the turnaround time for review. Borrower 1 called in and spoke with Debtors via phone on March 30, 2010. Borrower 1 stated the workout package was submitted that day for a loan modification. Debtors advised the package has not been | |

2

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | imaged yet and advised of turnaround time for review. Workout package from Borrower 1 was imaged to account March 30, 2010 however the workout package was missing proof of income for both borrowers, a hardship letter, and a signed income tax return.<br><br>Borrower 2 spoke with Debtors on March 31, 2010. Debtors advised of missing documents needed to complete workout package. Borrower 2 spoke with Debtors again on March 31. Debtors advised of missing information needed to complete workout package and that foreclosure sale postponement could be requested by Debtors once a complete workout package was received by the Debtors; however, there was no guarantee the postponement request would be approved. Debtors received some of the missing workout package documents on March 31, 2010; however the workout package was still missing proof of income for borrower 1.<br><br>Borrower 2 again spoke with Debtors via phone on March 31, 2010. Debtors advised the proof of income for borrower 1 was missing and to email the document. Debtors advised that once document was received by Debtors borrowers can request postponement of the foreclosure sale. Borrower 2 called in and spoke with Debtors again on March 31, 2010 asking if the proof of income document was received.  Debtors advised borrower 2 that it did not show the document was received and the property went to foreclosure sale that day. | |

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | On April 1, 2010, one of the Debtors' collection representatives submitted a request to the loss mitigation department to see if the foreclosure sale could be rescinded. Per servicing notes on April 5, 2010, the foreclosure sale was not approved to be rescinded; Debtors attempted to contact borrower 2 with update on rescind request; however, there was no answer and a message was left for a call back. Borrower 2 spoke with Debtors via phone on April 5, 2010 and Debtors advised foreclosure sale was not able to be rescinded. Debtors advised the foreclosure sale could not be rescinded as a complete workout package had not been received, the only option would have been to reinstate the account.<br><br>On April 28, 2011, the Claimant initiated an action against GMACM in the Circuit Court of Pontotoc Count, MS, case number CV2011-135.  GMACM removed the case to the U.S. District Court for the Northern District of Mississippi on June 3, 2011, case number 3:11cv-00071-MPM-SAA.  After conducting discovery, GMACM filed a motion for summary judgment on April 6, 2012.  The case was stayed on June 11, 2012 as a result of the Debtors' bankruptcy case. | |
| 2549 | Michael Davalos<br><br>2185 Brookside Ln SE Roanoke, VA 24014<br><br>$247,000 | Wrongful Foreclosure | Loan was originated by USAA Federal Saving Bank on October 9, 2007.  Debtor GMAC Mortgage, LLC purchased the loan from USAA and transferred its interest to Fannie Mae.   Debtors serviced the loan under a private label servicing agreement with USAA from origination until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013. | Page 8 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | GMAC Mortgage, LLC<br><br>General Unsecured | | Claimant asserts (direct quote): "Fraud leading to foreclosure, lawsuit pending in Circuit Court of Roanoke City, Virginia filed in 2011, CL 11-295" as basis for claim in box 2 of the proof of claim form.  Attached to the proof of claim was the lawsuit Claimant filed in Roakoke City, VA CL 11-295. A letter was sent to the claimants for additional information on June 21, 2013. Claimant responded on July 22, 2013, In the Claimant Response Letter Claimant states the Basis of Claimant as: "The basis for and the amount of Mr. Davalos's claim in this bankruptcy is the same as in his lawsuit filed against GMAC Mortgage LLC in Roanoke City Circuit Court. The amount sought is for actual damages, statutory damages, punitive damages, and attorney's fees as detailed in the attached amended complaint. Redacted attorney time for one of Davalos's counsel is attached showing over $12,000 in fees. Exhibit to the Complaint, has GMAC's stipulation to the core misrepresentation." Claimant also attached an email to Debtors, redacted attorney time for Claimant's Counsel, a copy of Lawsuit Claimant filed in Roanoke City, VA CL 11-295.<br><br>Claimant asserts wrongful foreclosure as the account was under review for a loan modification. Debtors have no liability for this allegation as the trial plan for the second loan modification review was not completed due to two of Claimant's payments being returned for insufficient funds and the third loan modification was denied due to Claimant not sending in all documents needed for loan modification review prior to the foreclosure sale date (which prevented the | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors from even beginning the review).<br><br>Debtors received workout package on March 31, 2010. The workout package was missing benefit award letter for $243 monthly income and a completed 456-T tax form.  Claimant spoke with Debtors via phone on April 5, 2010. Debtors advised Claimant of missing items needed to complete workout package.  Debtors also advised of the pending foreclosure sale on April 12,2010.  Foreclosure sale was postponed on April 7, 2010. Debtors received all necessary documents for workout package on April 13, 2010.  Debtors approved a three month trial plan on April 19, 2010 with payments of $652.78  due on the 29th of April, May, and June 2010.<br><br>On June 16, 2010, the trial payment Claimant made on May 29, 2010 in amount of $665.28 was returned for insufficient funds and a letter was mailed to Claimant informing him of the returned payment on June 17, 2010. A replacement payment was not received, resulting in the loan modification being denied. A denial letter was mailed to Claimant on July 12, 2010 informing Claimant of the loan modification not being approved. In addition to the May 29, 2010 payment being returned,  the final payment was also returned for insufficient funds on July 14, 2010 in the amount of $625.41 and a letter was mailed to Claimant July 15, 2010 advising of the payment being rejected for insufficient funds. Debtors also mailed a Breach letter to Claimant on July 14, 2010. In accordance with HAMP guidelines, the loan was not referred to foreclosure until August 20, 2010, more | |

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | than 30 days after the loan modification was denied.<br><br>Claimant spoke with Debtors via phone on September 1, 2010. Claimant provided verbal authorization to speak with third party, Elia Erickson, who wanted to make a payment on the account, Debtors advised Ms. Erickson that due to delinquency on account one payment would not be accepted. Ms. Erickson also inquired about loan modification and Debtors advised that it would have workout package mailed and advised has 15 days to return workout package for review. Debtors received a workout package on September 27, 2010. The workout package was not complete.<br><br>On October 5, 2010, Debtors sent Claimant a letter indicating that the workout package was not complete and that no review would begin until all of the documents were received.  Debtors received additional documents for the workout package on November 3, 2010 however the workout package was still missing documents needed for review. A 15 days missing items letter was mailed to Claimant on November 8, 2010 requesting the additional items needed for workout package. Debtors did not receive missing items needed for loan modification review resulting in the loan modification review being closed on November 29, 2010. The foreclosure sale was held on November 29, 2010.<br><br>Claimant's wrongful foreclosure claim fails for the additional reason that it seeks to have the foreclosure sale set aside, a remedy that cannot be provided by this | |

7

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Court.<br><br>Claimant's allegations that GMAC acted fraudulently in servicing his loan under the banner of USAA also fails because Claimant has not alleged how he relied on USAA, rather than GMACM, acting as servicer, or how his behavior would have changed had he known his loan was being serviced by GMACM.<br><br>Debtors' have no liability for claimant's allegations that it misrepresented that it was the holder of the note on the substitution of trustee, because the actual representation was that "GMACM is the present holder or authorized agent of the holder of the Note." This is not a misstatement, as GMACM, as servicer, is the authorized agent of the holder of the note. | |
| 1039 | John C. Grant III and Nancy E. Grant<br><br>370 Mansfield Ave Darien, CT 06820<br><br>$15,146.53<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Interest and Fees Collected | Non-Debtor USAA Federal Savings Bank originated a loan to Claimants in the amount of $1,432,000 on March 31, 2005. Debtor GMAC Mortgage serviced the loan from April 13, 2005 until the loan was paid off in February 2012.<br><br>Claimants assert "services performed" as basis for claim in box 2 of the proof of claim form. Attached to the proof of claim was a payoff letter dated February 16, 2012. A letter was sent to the claimants for additional information on June 21, 2013. A response was received on July 19, 2013. In the Response Letter, Claimants state the Basis of Claim as (direct quote): "John and Nancy Grant entered into a contract for sale of their property. Prior to closing, the Grants | Pages 9-10 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | requested that counsel for GMAC Mortgage provide a payoff letter showing all amounts purported by Plaintiff to be due and owing under the Mortgage on the Premises. Upon review of the payoff letter, the Grants determined that some of the charges listed in the payoff letter, including the penalties, late fees and per diem interest, were excessive. The Grants requested that GMAC Mortgage provide the source of authority and back up evidence to substantiate the charges listed in the payoff letter, together with an explanation of how the per diem interest charge of $180.736415 was calculated. GMAC Mortgage LLC, refused to furnish the source of authority and back up evidence to substantiate the charges listed in the payoff letter. On February 16, 2012, the Grants conveyed the Premises to the buyers and paid off the Mortgage on the Premises together with all charges listed in the payoff letter. In paying the excessive charges listed in the payoff letter, including without limitation, the penalties, late fees, and per diem interest, GMAC Mortgage benefited from receiving monies in excess of what was owed by the Grants to their detriment. As a result, GMAC Mortgage was unjustly enriched while John and Nancy Grant have sustained damages. Accordingly, the Grants filed a counterclaim for unjust enrichment against GMAC Mortgage." Claimants attached the same documents to the response that were attached to the original Proof of Claim.<br><br>Claimant asserts that some of the charges on the payoff letter, including penalties, late fees and per diem interest were excessive. Debtors have no liability | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | in this claim as the fees, penalties and per diem interest were assessed appropriately.<br><br>At the time of payoff, the account was past due for March 1, 2010 through February 1, 2012 payments resulting in $99,328.29 in interest due on the account and $11,523.92 due in late fees assessed in accordance with the mortgage note, section 7 that states "If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment."<br><br>The per diem interest would have been calculated by taking the principal balance due, $1,319,376.09 (found on payment history) times the interest rate of 5% (found on mortgage note) and then divide by 365 days in a year: $1,319,376.09 *0.05 = $65,968.80/365= $180.736415 which matches what the Claimant was advised. |  |
| 4930 | James P. Kennedy<br><br>700 E. Sonora Rd. Palm Springs, CA 92264 | Escrow Issues | The loan was originated by GMAC Mortgage on September 28, 1993 in amount of $272,000 and Debtors serviced loan until it was transferred to Ocwen on February 15, 2013.<br><br>Claimant asserts "Trust account violations, breach of contract, California Civil Code 2954, Negligence and RESPA Violations" as basis for claim attached an | Page 7 |

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | $34,363.80<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | | explanation of the claim, copy of Mortgage Note and Deed, Escrow Analysis Statement, Monthly Account Statements, Check Copy, Correspondence from Debtors, Letter from Claimant to Debtor, QWR Request, Foreclosure Repay Agreement, Loan Payment History, QWR Response from Debtor, 2010 Income Tax Return page 1. Claimant alleges that the Debtors improperly added an escrow account and charged claimants for a lender placed insurance policy and that Debtors also improperly charged claimants for property taxes.  Claimants also alleges that Debtors failed to respond to written requests.<br><br>Debtors are not liable for Claimant's damages for $1000 due to Debtors not responding to Debt Validation Request sent December 29, 2009.  Debtors did send letter to Claimant on January 11, 2010 providing Claimant with Debt Validation letter, a copy of mortgage note, deed, HUD-1, and Payment History.  Debtors also provided letter explaining that escrow account was added due to delinquent taxes.  Debtors contacted county in May 2009 and Debtors were advised the tax payment was applied to December 2008 taxes due and if Claimant made that tax payment Claimant would need to contact county.<br><br>Debtors are not liable for Claimant's damages of $2000 due to Debtors not responding to QWR Request sent January 19, 2012. Debtors received Claimant's QWR on January 24, 2012 and a QWR acknowledgement letter was mailed to Claimant on January 25, 2012. Debtors sent complete QWR response on February 6, 2012 including a copy of mortgage deed and note, HUD-1, payment history, | |

11

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | payoff statement, monthly account statement, and escrow analysis statements as well as a copy of Claimant's original QWR request letter.<br><br>Debtors are not liable for Claimant's damages of $2000 due to Debtors not responding to QWR Request sent May 14, 2012. Debtors received Claimant's QWR on May 21, 2012 and a QWR acknowledgement letter was mailed to Claimant on May 22, 2012.  Debtors sent complete QWR response on June 5, 2012 including a copy of the first QWR response sent February 6, 2012. Debtors explained why tax refund was not sent to claimant in 2008, provided approved repayment plans on account and why plans were cancelled.<br><br>Debtors are not liable for Claimant's damages of $2000 due to Debtors not responding to QWR Request sent August 4, 2012. Debtors received Claimant's QWR on August 8, 2012 and a QWR acknowledgement letter was mailed to Claimant on August 9, 2012. Debtors sent complete QWR response on August 10, 2012 including payment history, copies of prior QWR responses dated January 6, 2012, June 5, 2012 and July 26, 2012 with correspondence.  Letter advised of current unpaid principal balance, July and August 2012 payments due with $257.88 due in late fees and $83 due from a BPO.<br><br>Debtors are not liable for Claimant's assertion that an improper escrow account was added to the account because Debtors paid out taxes and insurance due to being notified of delinquent taxes by the county and due to a lack of proof of | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | insurance.  On August 22, 2008, Debtors obtained a lender placed insurance policy for the property and mailed an escrow statement to Claimant on August 27, 2008 which stated the deficit in the escrow account due to the addition of an insurance policy to Claimant's account.  Claimant spoke with Debtors via phone on September 5, 2008. Claimant called to discuss the letter received regarding the escrow shortage and Debtors transferred Claimant to insurance department/Balboa. Debtors did not receive proof of insurance from Claimant resulting in the lender placed insurance policy remaining on the account. Debtors received an insurance refund on December 1, 2010 and the lender placed insurance policy ceased.<br><br>Debtors were notified by San Francisco County on October 4, 2008 that there were delinquent taxes due for property in amount of $2,478.80 and a penalty of $461.52 resulting in Debtors paying out delinquent amount due to prevent a tax sale from occurring on the property.  Claimant spoke with Debtors via phone on October 28, 2008 and Debtors informed Claimant of tax payment made. |  |

13

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 5634 | Aubrey Manuel<br><br>1036 W 46th Street<br>Los Angeles, CA 90037<br><br>$170,000<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Loan Modification; Wrongful foreclosure | GreenPoint Mortgage Funding originated the loan on February 17, 2006 in amount of $380,000. Debtors' involvement with Claimant's loan was limited to servicer of the loan. Debtor GMAC Mortgage, LLC serviced the loan from May 3, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "illegal foreclosure" as basis for claim. Claimant also attached a record of the documents filed in Superior Court Case Number BC473015 against Greenpoint Mortgage. A letter was mailed to Claimant on June 21, 2013 requesting additional information and Claimant replied on July 22, 2013.<br><br>Debtors have no liability for wrongful foreclosure claims and loan modification claims because Debtors handled all aspects of the loan modification process appropriately and Claimant was not damaged by the assistance Debtors provided to Claimant.<br><br>Debtors' records show that Claimant's account fell behind when the November 1, 2008 payment was not made within the month due. An Options to Avoid Foreclosure Letter was mailed to Claimant on December 15, 2008 as the account was due for November and December 2008 payments at that time.<br><br>A Breach Letter was mailed to Claimant on February 17, 2009 as the account was due for December 2008 through February 2009 payments. This letter advised Claimant had 30 days to bring account current or the loan could be referred to | Pages 8-9 |

14

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | foreclosure. A second Breach Letter was mailed to Claimant on March 17, 2009 as the account was due for January 2009 through March 2009 payments.  This letter advised Claimant had 30 days to bring account current or the loan could be referred to foreclosure.<br><br>Claimant spoke with Debtors via phone on April 1, 2009. Debtors referred Claimant to a website to obtain workout package and apply for a loan modification. Debtors did not receive a workout package for review and on April 16, 2009 a Loss Mitigation Foreclosure Referral Letter was mailed to Claimant.<br><br>On April 20, 2009, the account was referred to foreclosure.  At that time, the account was due for January 2009 through April 2009 payments. On May 6, 2009, Debtors received a workout package for review, however, proof of income was missing in the workout package.<br><br>Claimant filed Chapter 13 bankruptcy petition on August 14, 2009, Case # 0931592-2 resulting in the foreclosure being placed on hold while in active bankruptcy. The bankruptcy case was dismissed on September 20, 2009 and the foreclosure hold was removed.<br><br>Claimant filed a Chapter 7 bankruptcy petition on October 30, 2009, Case # 09-40121-1. Debtors were granted relief from Claimant's bankruptcy stay on May 31, 2010. Debtors removed foreclosure hold on June 1, 2010.  Claimant spoke with Debtors via phone on  June 22, 2010. Debtors advised Claimant that he |  |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | needed to submit a complete workout package 7 days prior to foreclosure sale in order to be considered for a loan modification. Debtors received workout package from Claimant on June 22, 2010.  Claimant spoke with Debtors via phone on June 25, 2010. Debtors advised Claimant of the missing documents needed to complete the workout package and was advised these documents were needed as soon as possible as the foreclosure sale cannot be stopped once the property is 7 business days from sale.  Debtors received missing workout documents on June 28, 2010. The foreclosure sale was placed on a 30 day hold on July 6, 2010 as a complete package was received on June 28, 2010.<br><br>The Claimant was denied a HAMP loan modification on July 6, 2010 due to the property being non-owner occupied and a new foreclosure sale date was scheduled for August 9, 2010.  The property went to foreclosure sale on August 9, 2010.<br><br>Claimant filed his first lawsuit on September 14, 2012 against GreenPoint Mortgage Funding, Inc. and GMACM, case number BC445537.  After the court sustained the demurrer with leave to amend, Claimant file an amended complaint, to which the court against sustained a demurrer from GMACM with leave to amend.  Claimant filed a second amended complaint on May 31, 2011, but voluntarily dismissed the case without prejudice on August 10, 2011.  Claimant agreed to dismiss the first lawsuit without prejudice if GMACM would reconsider him for a  loan modification.  However, GMACM never guaranteed | |

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | that he would be approved for a loan modification.  GMACM subsequently reviewed Claimant for a loan modification and determined that he did not qualify.<br><br>Claimant then filed a second case in California Superior Court, case no. 473015, on November 7, 2011.  After GMACM filed a demurrer, the court dismissed the case with prejudice on July 16, 2012.  Claimant appealed and the appeal was stayed as a result of the bankruptcy cases.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of "breach of covenant of good faith and fair dealing" or "unfair business practice."<br><br>GMACM previously objected to this claim as part of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) [Docket No. 7188].  After filing that objection, the Borrower Trust received a response from Claimant.  The parties agreed to continue the hearing on the objection and entered into negotiations to enter into a stipulation to lift the automatic stay to permit the California litigation to continue.  However, Claimant ceased responding to the Trust's efforts in late 2014. | |

**Exhibit B**

ny-1267131

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1524 | Letha M McAllister<br><br>7208 Clifford Dr. Columbia, SC 29223<br><br>$61,530<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | $15,000<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Loan was originated by First Republic Mortgage Corporation on January 29, 1999.  Debtor Residential Funding Company purchased the loan from First Republic.  The loan was originally securitized where Bankers Trust Company was appointed as trustee.  The loan was later transferred and again securitized on or about July 1, 2005 where JP Morgan Chase Bank was appointed as trustee.  Homecomings Financial Network serviced the loan from March 1, 1999 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009.  GMAC Mortgage serviced the loan until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>On the proof of claim, Claimant states the basis of damages as "violation of settlement agreement by GMAC, attorney's fees and punitive damages."  In response to a request for more information, Claimant provided an adversary complaint filed by Claimant against Debtor GMAC Mortgage on December 2, 2011, in the US Bankruptcy Court, District of South Carolina, BK Case No. 03-03425.  The adversary complaint relates to a previous adversary proceeding also filed by Claimant in a prior bankruptcy in which a settlement was entered into between Claimant and Debtor Homecomings Financial on or about June 16, 2009.  Claimant alleges that Debtor GMAC Mortgage has violated the settlement agreement by failing to mark the account as current and that this failure is a violation of SCC 29-3-320 and a violation of the discharge injunction under 11 USC Section 524.  Claimant also alleges that Debtor failed to correct credit reporting as | Pages 10-11 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | required by the settlement agreement.<br><br>Based on the Settlement agreement signed June 16, 2009, Debtors were to: 1) mark both the first and second mortgages "current" as of June 1, 2009; 2) credit Claimant's account for any late charges, BPO's and property inspection fees assessed to either loan after April 7, 2008; 3) delete any negative trade reference reported to any credit bureau after April 7, 2008; and 4) pay to counsel for Claimant the sum of $3,500 for attorney fees. After reviewing the Debtors' servicing notes the Borrower Trust acknowledges that there is 1) no record of the first or second mortgage being marked current in the payment history or the servicing notes; 2) no record of either account being credited for late charges, BPO's, or inspection fees at the time of the settlement being completed; 3) there is nothing in the servicing notes documenting that the credit bureaus were contacted to remove the negative reporting from April 2008 through June 2009; and 4) servicing notes and payment history do not reflect that $3,500 was paid out for attorney fees.<br><br>Claimant provides no explanation for her asserted claim amount of $61,530. On the civil cover sheet for the adversary proceeding, Claimant listed a demand of $15,000. As a result, the claim should be reduced to $15,000 and allowed as a general unsecured claim in that amount. | |

sf-3727096

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 4921 | Latif Matt and Roxanne Bonser<br><br>1322 W. Fairview St. Allentown, Pa 18102<br><br>$10,470<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | $789<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Debtor GMAC Mortgage originated the loan on August 10, 2001 in amount of $19,000 and serviced the loan until it was extinguished July 2012. The loan was an interest only loan, meaning that monthly payments did not reduce the loan's principal balance.<br><br>Claimants assert "damages in 11-02080, (Bky E.D.Pa)" as basis for claim. Claimants also attached a breakdown of damages. A letter was mailed to Claimants on June 21, 2013 requesting additional information however there was no response received from Claimants. In the complaint filed in the adversary proceeding, Claimants assert that the Debtors improperly charged fees to Claimants because the amount of fees that were charged exceeded the amount of fees claimed on the proof of claim filed by Debtor GMACM in Claimants' bankruptcy case. Claimants also assert that Debtors failed to apply payments made by Claimants to the principal balance of their loan.<br><br>Claimants filed a voluntary petition for bankruptcy under chapter 13 of the bankruptcy code on March 8, 2007.  GMACM filed a proof of claim in the bankruptcy, asserting a claim for $4,355.30, which was based on $1,156.50 in fees and costs and $3,198.80 in delinquent payments.  On March 6, 2008, the bankruptcy plan was confirmed, which provided for payment of the amount owed to GMACM.<br><br>The Debtors are not liable for failing to reduce claimants' principal balance with | Pages 10-11 |

sf-3727096

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | each payment because claimants' loan was an interest only loan, and therefore the payments that were made did not cover any of the loan principal.  The Borrower Trust reviewed the payment history on Claimants' loan and determined that each payment was properly applied to claimants' account.  Claimants asserted that their account should have been current once their bankruptcy plan was completed, but the payments made under their bankruptcy plan only covered payments that were owing prepetition; it did not cover payments that were due after the claimants' petition date.  Claimants did not make all of the payments that were due after the bankruptcy petition date, which is the reason that their account continued to be delinquent after they completed payments under their bankruptcy plan.<br><br>The Debtors are not liable for improperly charging any fees after the commencement of claimants' bankruptcy case on March 8, 2007.  The Borrower Trust reviewed the fees that were charged after the bankruptcy was filed, and did not identify any fees charged that were improper.  Claimants allege that the fees charged were improper because they exceed the amount of fees that GMACM indicated in GMAC's proof of claim.  However, the fees included in GMACM's proof of claim accounted only for fees incurred as of the commencement of claimants' bankruptcy case.  Additional fees were levied against the account after the commencement of the bankruptcy case, and there is nothing in the Debtors' books and records to suggest those fees were improper. | |

sf-3727096

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | According to the Debtors' books and records, the Debtors improperly charged fees to claimants' account before claimants' bankruptcy petition date that were not part of the proof of claim filed by GMACM.  As of March 8, 2007, the Claimants had been charged a total of $1,756.50 in fees, $600 more than the amount claimed on GMACM proof of claim.  Debtors' books and records do not reflect that the $600 was ever credited to the claimants account after the claimants' bankruptcy plan was confirmed.  As a result, the claim should be reduced to $600, plus interest.  In Pennsylvania, prejudgment interest is awarded at the statutory rate of 6%.  *See* 41 P.S. § 202.  Thus, an annual interest payment of $36 (per diem interest of $0.10) was earned on $600.  Thus, in the five years and 65 days that past between the claimants' petition date and the Debtors' petition date, $189 in interest accrued, for a total claim amount of $789. | |

sf-3727096

**<u>Exhibit 2</u>**

**Lathrop Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                Debtors.                     )    Jointly Administered
                                                             )
------------------------------------------------------------ )

### DECLARATION OF SARA LATHROP IN SUPPORT OF
### RESCAP BORROWER CLAIMS TRUST'S NINETY-FIFTH OMNIBUS OBJECTION
### TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW
### BORROWER CLAIMS, AND (III) ALLOW IN FULL BORROWER CLAIM)

I, Sara Lathrop, hereby declare as follows:

1.      I serve as Senior Claims Analyst for the ResCap Borrower Claims Trust

(the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter*

*11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured*

*Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases.  During the

Chapter 11 Cases, I served as Regulatory Compliance Manager and Loss Mitigation Manager in

the loan servicing department of Residential Capital, LLC ("ResCap"), a limited liability

company organized under the laws of the state of Delaware and the parent of the other debtors in

the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I began my association with

ResCap in June 2006 working as an associate in the Default Division of the loan servicing

operation of GMAC Mortgage, LLC ("GMACM").  In 2008, I became a Default Quality Control

Specialist, a position that I held until I became a Supervisor in the Default Division in 2009.  In

2011, I became a Supervisor in the Loss Mitigation Division of GMACM's loan servicing

operation, and in February 2012, I became a Manager in that division.  In this role, I oversaw

GMACM associates in their efforts to provide borrowers with loss mitigation options and

assisted in the development of GMACM's loss mitigation policies.  In January of 2013, I became

the Regulatory Compliance Manager for ResCap.  I became Senior Claims Analyst for ResCap

in July 2013 and continued in this role when the ResCap Liquidating Trust (the "<u>Liquidating

Trust</u>") was established in December 2013.  In my current position as Senior Claims Analyst to

the Borrower Trust, among my other duties, I continue to assist the Borrower Trust in connection

with the claims reconciliation process.[1]  I am authorized to submit this declaration (the

"<u>Declaration</u>") in support of the *ResCap Borrower Claims Trust's Ninety-Fifth Omnibus

Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims,

and (III) Allow in Full Borrower Claim)* (the "<u>Objection</u>").[2]

2.       Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations, information learned from my

review of relevant documents and information I have received through my discussions with other

former members of the Debtors' management or other former employees of the Debtors, the

Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon

to testify, I could and would testify competently to the facts set forth in the Objection on that

basis.

3.       In my capacity as Senior Claims Analyst, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases with regard to Borrower Claims.  Except

as otherwise indicated, all statements in this Declaration are based upon my familiarity with the

Debtors' books and records that were prepared and kept in the course of their regularly

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

sf-3727103

conducted business activities (the "Books and Records"), the Debtors' schedules of assets and

liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the

"Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.

I or my designee at my direction have reviewed and analyzed the proof of claim forms and

supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the

Proposed Order.  Since the Plan became effective and the Borrower Trust was established, I,

along with members of the Liquidating Trust's management or employees of the Liquidating

Trust have consulted with the Borrower Trust to continue the claims reconciliation process,

analyze claims, and determine the appropriate treatment of the same.  In connection with such

review and analysis, where applicable, I or Liquidating Trust personnel, and the Liquidating

Trust's and the Borrower Trust's professional advisors have reviewed (i) information supplied or

verified by former personnel in departments within the Debtors' various business units, (ii) the

Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the

Claims Register maintained in the Debtors' Chapter 11 Cases.

### The No-Liability Borrower Claims

4.      I, with the support of employees of the Liquidating Trust, diligently

evaluated any information provided by the claimants who filed the No Liability Borrower

Claims, listed on Exhibit A to the Proposed Order.  In accordance with the Borrower Claim

Procedures, the Debtors previously contacted those Borrowers who filed the No Liability

Borrower Claims if the claims were filed with insufficient or no supporting documentation, and

the Borrowers were asked to provide additional information so that the Debtors could reconcile

the claimants' filed claims with the Debtors' books and records.  Beginning in May of 2013, the

Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the

3

Objection, to all of the Borrowers that filed the No Liability Borrower Claims requesting additional documentation in support of their respective claim.  The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

5.        I thoroughly reviewed the No Liability Borrower Claims listed on <u>Exhibit A</u> to the Proposed Order, together with information contained within the Debtors' books and records.

6.        These efforts led to the conclusion that there is no present liability due and owing to such claimants and the specific objections to the allowance of such claims are set forth on <u>Exhibit A</u> to the Proposed Order in the column titled *"No Liability Summaries."*  The explanations for the requested disallowance of each claim set forth under the heading titled *"No Liability Summaries"* are incorporated by reference into this Declaration as if fully set forth herein.

7.        In general, the Borrower Trust's objection to each No Liability Borrower Claim falls under one or more of the following nine categories:

(i)        ***Escrow Issues***.  This category includes a claim based on the alleged improper application or calculation of escrow amounts (the "<u>Escrow Issues Claim</u>").  To assess the validity of this claim, the Borrower Trust examined the Debtors' books and records, including the Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers and any Internal Servicing Notes and written communication between the Debtors and the applicable Borrower(s).

Based on its review, the Borrower Trust determined that the Debtors are not liable for the Escrow Issues Claim.  <u>See</u> Objection at ¶ 21(i).  Since the claimants asserted that the Debtors improperly paid for items that were then added to the escrow account, the Borrower Trust determined that these items were correctly determined to be owing under the terms of the loan and that the escrow account was correctly charged.  The Borrower Trust looked at (1) the escrow statement issued to the claimants to determine if the amount was correctly charged, (2) the history of the loan to determine if the expense was correctly incurred, and (3) the internal servicing notes to determine if there were discussions with the claimants regarding the charges.

4

(ii)    ***Wrongful Foreclosure***.  This category includes claims based, either directly or indirectly, on allegations of wrongful foreclosure by the Debtors (the "Wrongful Foreclosure Claims").  To assess the validity of these claims, the Borrower Trust examined the Debtors' books and records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Specifically, the Borrower Trust reviewed Payment History, Internal Servicing Notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  Based on its review, the Borrower Trust determined that the Debtors are not liable for the Wrongful Foreclosure Claims.  See id at ¶ 21(ii).

(iii)    ***Loan Modification***. This category includes a claim based on loan modification issues (the "Loan Modification Claim"), which alleges, among other things, that the Debtors improperly failed to provide a loan modification.[3]  To assess the validity of this claim, the Borrower Trust examined the Debtors' books and records to verify that the Debtors followed the applicable investor guidelines and policies regarding loan modifications. Specifically, the Borrower Trust reviewed Internal Servicing Notes, Loan Payment History, and, where applicable, loan modification agreements, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor for the claimant's loan.

Based on its review, the Borrower Trust determined that the Debtors are not liable for the Loan Modification Claim because the Debtors complied with the applicable investor guidelines and policies governing the loan modification process.  See id at ¶ 21(iii).

(iv)    ***Interest Rates and Fees Collected.***  This category includes a claim based on assertions that (a) interest rates charged to the claimant were incorrect and (b) the fees charged to the claimant were incorrect or inappropriate (the "Interest Rates and Fees Collected Claim").  To assess the validity of this claims, the Borrower Trust reviewed the Debtors' books and records, including the claimant's note, any adjustable rate rider and related documents, notices and/or adjustment letters sent to the claimant, Loan Payment History and fees charged.

---

[3] As a regular part of the Debtors' business practices, the Debtors offered mortgage loan modifications to Borrowers in financial distress, pursuant to certain guidelines established by the investors ("Traditional Modifications").  The Home Affordable Modification Program ("HAMP") is an administrative program that was implemented in April 2009 by the United States Treasury Department to help eligible homeowners with loan modifications on their home mortgage debt.  HAMP provided the Debtors with an additional type of loan modification (a "HAMP Modification") for assisting eligible Borrowers experiencing financial distress.

sf-3727103

Based on its review, the Borrower Trust has determined that the Debtors are not liable for the Interest Rates and Fees Collected Claim because the interest rates and fees charged were consistent with the governing loan documents, the Debtors' servicing policies, and investor guidelines and/or servicing agreements.  See id at ¶ 21(iv).

8.      If the No Liability Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other Borrower claimants.

9.      Before filing this Objection, to the best of my knowledge, the Borrower Trust fully complied with all applicable provisions of the Borrower Claim Procedures set forth in the Procedures Order.

10.     Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A to the Proposed Order, I have determined that each No Liability Borrower Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

### The Reduce and Allow Borrower Claims

11.     I reviewed the Reduce and Allow Borrower Claims listed on Exhibit B to the Proposed Order, together with information contained within the Debtors' books and records.

12.     These efforts led to the conclusion that the Reduce and Allow Borrower Claims do not reflect the correct amount of liability owed by the Debtors to the claimant.  I confirmed that all but a portion of the allegations in the proofs of claim had no basis in the Debtors' books and records.  An explanation of the correct amounts owed, as determined by the Borrower Trust to be appropriate, is set forth on Exhibit B under the column heading "*Reason for Modification.*"

6

### The Allow in Full Borrower Claim

13.     The Allowed in Full Borrower Claim was filed by Atilla and Cicek Durmaz (the "Durmazes") and is currently listed on the Claims Register as a general unsecured claim against Debtor GMAC Mortgage, LLC ("GMACM").  Based on its review of the Allowed in Full Borrower Claim, the Borrower Trust determined that it should be allowed as a general unsecured claim against GMACM in the filed claim amount of $32,718.42.

14.     On August 5, 2011, the  Durmazes were awarded an involuntary dismissal of a foreclosure action initiated by GMACM.  On October 4, 2013, the court ordered that the Durmazes be awarded attorney's fees and costs in the amount of $32,718.42.  As a result, the Borrower Trust requests that the Court enter an order allowing the claim in the asserted amount so that it will receive the treatment of an Allowed Borrower Claim against the GMACM Debtors provided for in Article III.D.2(f) of the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 2, 2017

/s/ Sara Lathrop
Sara Lathrop
Senior Claims Analyst for ResCap
Borrower Claims Trust

sf-3727103

## **Exhibit 3**

**Rosenbaum Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                             )    Chapter 11
                                                                     )
                                          Debtors.                   )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

### DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF RESCAP BORROWER CLAIMS TRUST'S NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW <u>BORROWER CLAIMS, AND (III) ALLOW IN FULL BORROWER CLAIM)</u>

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, NY 10019.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "<u>Debtors</u>").  Following the Effective Date,[1] M&F has been retained as counsel to the ResCap Borrower Claims Trust (the "<u>Trust</u>").

2.      I submit this declaration in support of the Objection and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), approving (i) claim objection procedures; (ii) Borrower Claim procedures; (iii) settlement procedures; and (iv) schedule amendment

---

[1] Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the *ResCap Borrower Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim* (the "<u>Objection</u>")

procedures [Docket No. 3294] (the "Claim Objection Procedures Order").

3.       It is my understanding that in connection with the filing of the Objection, prior to the Effective Date of the Plan, the Debtors complied with the Borrower Claim Procedures. I have been advised by M&F attorneys under my supervision that, prior to the Plan's Effective Date, in accordance with the Claims Objection Procedures Order, the Debtors first reviewed a preliminary Borrower Claim List (as such term is defined in the Claims Objection Procedures Order), and then determined if such claims contradicted the information in the Debtors' books and records. Thereafter, the Debtors identified those claimants who should receive a Request Letter.

4.       To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors' Committee, agreed should receive a Request Letter, with the Debtors providing copies of such letters to Special Counsel. The Debtors sent a Request Letter to each Borrower that filed a No Liability Borrower Claim, Reduce and Allow Borrower Claim, and Allow in Full Borrower Claim.

5.       To the best of my knowledge, prior to the filing of the Objection, the Debtors and the Trust have fully complied with all other applicable terms of the Claim Objection Procedures Order.[2]

---

[2] The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel. As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.). Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on February 2, 2017

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

3

## Exhibit 4

**Request Letters**

    MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)      **Claims.Management@gmacrescap.com**; or
      (ii)     **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.



MORRISON | FOERSTER

July 21, 2013

**Claim Number: XXX**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount. In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

Residential Capital, LLC   P.O. Box 385220  Bloomington, Minnesota  55438

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)    **Claims.Management@gmacrescap.com**; or
      (ii)   **Residential Capital, LLC**
           **P.O. Box 385220**
           **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

 **MORRISON** | **FOERSTER**

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220    Bloomington, Minnesota 55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

       (i)      **Claims.Management@gmacrescap.com; or**
      (ii)     **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

Claim Number: XXXX

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the
jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage,
LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before
the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the
"ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are
asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did
not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically
understand why you believe you are owed money or are entitled to other relief from one or more of the
Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the
Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need
you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of
Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must**
respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual
reasons why you believe you are owed money or are entitled to other relief from one or more of the
Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide
copies of any and all documentation that you believe supports the basis for your claim.   Included with this
letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal
objection to your Proof of Claim on one or more bases, including the basis that you failed to provide
sufficient information and documentation to support your claim, and your claim may be disallowed and
permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for
your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will
be denied.  Therefore, it is very important that you respond by the date stated above with the requested
information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**

      (i)    **Claims.Management@gmacrescap.com; or**
      (ii)    **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

**ResCap**                    MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown". In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

    (i)    **Claims.Management@gmacrescap.com, or**
    (ii)    **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.