Alan Moss
P.O. Box 721
Moss Beach CA 94038
Telephone:   (415)494-8314
Facsimile:   (650)728-0738

Attorney *In Propria Personum*

RECEIVED

FEB - 7 2017

U.S. ...
SO ...

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### MANHATTAN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>RESIDENTIAL CAPITAL, LLC, *ET AL.*<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

BANKRUPTCY CASE NO. 12-12020-MG
CHAPTER 11

Jointly Administered
(Executive Trustee Services, Case No. 12-12028)

**CLAIMANT'S RESPONSE TO DEBTOR'S 7056-1 STATEMENT OF MATERIAL FACTS**

[Claim No. 4445]
Hearing Date: February 28, 2017
Hearing Time: 11:00 A.M.

The following are the proffered alleged undisputed facts, followed by Claimant's response:

1. Non-debtor CJ Mortgage, Inc. originated a loan in the amount of $612,500.00 to Mr. Moss on June 22, 2005(the "Loan"), secured by a deed of trust on property located at 86 San Lucas Ave., Moss Beach CA 94038(the "Property").  See Note and Deed of

1  Trust, attached to Exhibit A nd Exhibit B respectively.

2  RESPONSE:

3      No opposition.

4

5  2.  The Loan was subsequently transferred to Option One Mortgage Corp.("Option

6  One").  See Option One Assignment, attached hereto as Exhibit C.

7  RESPONSE:

8      No opposition.

9

10  3.   Option One then transferred the Loan to TCIF, LLC("TCIF"), and TCIF

11  subsequently assigned the Loan to Bank of New York Trust Company("Bank of New

12  York").  See TCIF Assignment and Bank of New York Assignment, attached hereto as

13  Exhibit D and Exhibit E respectively.

14  RESPONSE:

15      Dispute. First, Exhibit D purports to be an assignment from Option One Mortgage

16  to an entity named TCIF, LLC, but the date of the assignment, May 7, 2008, has been

17  crossed out and a new date, September 15, 2007, put in by hand.  Further, the date of

18  the notarization has been changed from May 7, 2007 to May 7, 2008.  There is no

19  evidence that this document is a copy of the real document, if there is such a document,

20  or what the date of the assignment and notarization was.  The Trust offers no evidence

21  on any of this.  Therefore, this exhibit is inherently unreliable and is objected to.

22      Second, Exhibit E purports to be a copy of an assignment from TCIF, LLC to The

23  Bank of New York dated April 29, 2008. But if the real date on Exhibit D is actually May

24  7, 2008, TCIF did not own that which it is purporting to transfer its interest in.  This

25  document is likewise objected to for any purpose other than it may be a copy of a

26

1   document filed with the San Mateo County Recorder.

2

3   4.   Debtor GMAC Mortgage, LLC serviced the Loan from March 14, 2006 until

4   servicing was transferred to Ocwen Loan Servicing, LLC("Ocwen") on February 16,

5   2013.

6   RESPONSE:

7         Unknown what dates GMAC serviced the loan.

8

9   5. ETS was appointed as substitute trustee on September 21, 2006.  See Substitution

10  of Trustee, attached to the 7056 Statement as Exhibit G.   This appointment was

11  improper because the entity that appointed ETS did not have the authority to do so.

12  RESPONSE:

13        ETS was never appointed as substitute trustee.  There was an attempt evidently

14  to substitute ETS as trustee by an entity named TCIF REO2,LLC who had theretofore

15  never appeared on title.  Further, the date of Exhibit G is September 21, 2006, and the

16  date that something called TCIF, LLC was assigned the property was September 5,

17  2007.  Therefore, there was no valid substitution or as the Trust says, appointment.

18

19  6. On or around August 2, 2007, GMACM sent Mr. Moss a letter indicating that the

20  Loan was in default and owing for the July 1, 2007 payment.  See August 2007 Breach

21  Letter, attached to the 7056 Statement as Exhibit H.

22  RESPONSE:

23        Exhibit H appears to be a copy of, actually generated somehow, of a letter

24  purported to be sent to the undersigned.  The undersigned has no recollection of

25  receiving such a letter, cannot determine if it is real and generated at the time stated, and

26

1    therefore objects to this exhibit.

2

3    7. As of September 17, 2007, the Loan was owing for the July 1, 2007 payment. See

4    Servicing Notes at 5 of 131, attached to the 7056 Statment as Exhibit I, p. 5 of 131.

5    RESPONSE:

6          Disputed. The referenced document sets forth no such information. Further, this

7    document is attached to the Declaration of Sara Lathrop and there is no indication as to

8    how this document was created. It is therefore not admissible. Further, Ms. Lathrop

9    makes statements about the undersigned account which are patently false.

10

11   8. On September 17, 2007, GMACM referred the Loan to foreclosure because the

12   account was owing for the July 1, 2007 payment. See Servicing Notes, P. 100 of 131.

13   RESPONSE:

14         Disputed. The referenced page makes no such statement.

15

16   9. ETS recorded a notice of default on September 18, 2007(the 2007 Notice of

17   Default"). See 2007 Notice of Default, attached to the 7056 Statement as Exhibit J.

18   RESPONSE:

19         Exhibit J appears to be a copy of a document filed with the San Mateo Recorder.

20   However, no import can be given this document as the issuing entity had no ownership

21   of the described property, nor the authority to issue said notice.

22

23   10. As of May 7, 2009, the Loan was in default and owing for the January 1, 2008

24   payment. See Servicing Notes at 4 of 131.

25   RESPONSE:

26

1    Objection. No such information appears on the referenced page.

2

3    11.  On May 7, 2009, ETS conducted a trustee sale(the "Foreclosure Proceeding") and

4    Bank of New York acquired title in the property.  ETS recorded a Trustee's Deed Upon

5    Sale on May 18, 2009(the Notice of Trustee's Deed upon Sale", and with the 2007

6    Notice of Default, the "Notices"), which granted title in the property to Bank of New

7    York.  See Notice of Trustee's Deed Upon Sale, attached to the 7056 Statement as

8    Exhibit K.

9    RESPONSE:

10   It is unknown what the date of the trustee's sale was.  Admitted that on May 18,

11   2009, a Trustee's Deed of Sale was recorded.  In all other respects, all remaining

12   information is disputed.

13

14   12. No eviction proceedings were ever commenced against Mr. Moss and Mr. Moss was

15   not displaced from his home.  See Lathrop Dec. ¶8.

16   RESPONSE:

17   Disputed.  This is a false statement.  The Declaration of Sara Lathrop is unreliable.

18   There were two eviction proceedings that were commenced by BONY against the

19   undersigned.  See Action No. CLJ199935, Superior Court of San Mateo County.

20

21   13.  A Notice of Rescission of the Trustee's Deed Upon Sale was recorded on

22   September 18, 2012, and a Notice of Rescission of the 2007 Notice of Default was

23   recorded on August 19, 2013.  See Notice of Rescission, attached to the 7056 Statement

24   as Exhibit L.

25   RESPONSE:

26

1    Undisputed that such filings took place. Neither document was ever

2  provided to the undersigned.

3

4  14. In November 2013, Bank of New York, through Ocwen as loan servicer, completed

5  a settlement with Mr. Moss to resolve his lawsuit against Bank of New York for its

6  action related to the foreclosure sale. See Lathrop Decl. ¶9. The terms of the settlement

7  are confidential. See id.

8  RESPONSE:

9    Disputed.

10

11  15. On November 7, 2012, Mr. Moss filed a proof of claim against ETS, designated as

12  Claim No. 4445, asserting a general unsecured claim for $750,000. See Proof of Claim,

13  attached to the 7056 Statement as Exhibit M. With the Court's permission, Mr. Moss

14  filed an amended claim on March 18, 2015[Docket No. 8334](the "Claim").

15  RESPONSE:

16    Undisputed.

17

18  16. In response to a request form the Debtors for additional information regarding the

19  Claim, Mr. Moss provided an itemization of his claim amount(the "Diligence Response").

20  See Diligence Response, attached to the 7056 Statement as Exhibit N. In the Diligence

21  Response, Mr. Moss asserts that he is entitled to emotional distress damages, pain and

22  suffering damages in the amount of $730,000. Mr. Moss also asserts that he is entitled

23  to $18,460.98 in attorney's fees and costs associated with defending the Foreclosure

24  Proceeding. See id.

25

26

RESPONSE:

     Undisputed.

Dated: February 6, 2017

                                   Respectfully submitted,

                                   ALAN MOSS

                               Attorney In Pro Per