1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:   (415)494-8314
3  Facsimile:   (650)728-0738

4  Attorney *In Propria Personum*

5

6

7

8

9               IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE SOUTHERN DISTRICT OF NEW YORK
                           MANHATTAN DIVISION
10

11

12                                    )   BANKRUPTCY CASE No. 12-12020-MG
                                      )   CHAPTER 11
13  IN RE:                            )
                                      )
14                                    )   Jointly Administered
                                      )   (Executive Trustee Services, Case No. 12-
15                                    )   12028)
                                      )
16  RESIDENTIAL CAPITAL, LLC, *ET*    )   DECLARATION OF ALAN MOSS IN
    *AL*.                             )   SUPPORT OF CLAIMANT'S RESPONSE TO
17                                    )   DEBTOR'S MOTION FOR SUMMARY
                                      )   JUDGMENT
18                                    )
                          Debtors.)       [Claim No. 4445]
19  _____)       Hearing Date: February 28, 2017
                                          Hearing Time: 11:00 A.M.
20

21          I, Alan Moss, declare as follows:

22  1. I am the Claimant in this matter and readily familiar with the facts of this matter.  All

23  matters stated herein are within my personal knowledge.  If called to testify, I would

24  state as follows:

25  2. Attached hereto are accurate copies of documents I personally received from debtor

26

DECLARATION OF ALAN MOSS IN SUPPORT OF HIS
RESPONSE TO DEBTOR'S MOTION FOR
SUMMARY JUDGMENT RE:CLAIM NO. 4445                        BANKRUPTCY ACTION NO. 12-12020-MG

1  ResCap as part of this litigation:

2      A.    Responses from Executive Trustee Services LLC to interrogatories
3            propounded by the undersigned;

4      B.    Responses from Executive Trustee Services LLC to Requests For
5            Admission propounded by the undersigned;

6      C.    Responses from ResCap to interrogatories propounded by the undersigned;

7      D.    Responses from ResCap to Requests For Admission propounded by the
8            undersigned.

9  3. As can be seen from the responses aforementioned, ResCap provided not one piece
10 of paper generated by ETS. All of the rcords prodcued were from ResCap.

11 4. As can be seen from the responses aforementioned, there is no evidence in any of the
12 service reports that were filed by ResCap with their motion for summary judgment that
13 it ever issued instructions to ETS to initiate foreclosure proceedings;

14 5. As can be seen from the responses aforementioned, there is no evidence in any of the
15 service reports that were filed by ResCap with their motion for summary judgment that
16 the Trust admits that ETS was not lawfully substituted as trustee in this matter and that
17 ETS was not the legal trustee when it issued the Notice of Default, the Notice of
18 Trustees Sale and the Trustee's Deed Upon Sale.

19

20     I declare under the laws of California that the foregoing is true and correct.

21

22 Dated: February 6, 2017

23                                          Respectfully submitted,

24                                          _____

25                                               ALAN MOSS

26

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Case No. 12-12020 (MG) |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| | : | |

**THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT'S FIRST SET OF INTERROGATORIES DIRECTED AT EXECUTIVE TRUSTEE SERVICES, LLC *ET AL***

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Interrogatories (the "Interrogatories"), dated October 17, 2016.

## GENERAL OBJECTIONS

1.      The Borrower Trust objects to the Interrogatories to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.      The Borrower Trust objects to the Interrogatories to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure.  The Borrower Trust also objects to the Interrogatories to the extent they are vague and ambiguous.

1

ny-1253303

3.      The Borrower Trust objects to the Interrogatories to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine.  To the extent that the Interrogatories call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

4.      The Borrower Trust objects to the Interrogatories to the extent they purport to require the Borrower Trust to provide information outside its possession, custody or control.

5.      The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.  The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

6.      The Borrower Trust has not completed discovery or preparation for the evidentiary hearing in this litigation and reserves the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery.  The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained.  These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the Borrower Trust's right to amend or supplement these

responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

7.    The Borrower Trust objects to the Interrogatories to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation. The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: March 2006 through February 2013.

8.    These responses are made without in any way waiving or intending to waive:

(i)    any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories or the subject matter thereof;

(ii)    the right to object on any ground to the use of the information provided in response to the Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii)    the right to object on any ground at any time to a demand for further response to the Interrogatories; and/or

(iv)    the right at any time to revise, supplement, correct, or add to these responses and objections.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

If YOUR response to each of the Requests for Admission Set One, served on YOU concurrently herewith, is other than an unqualified affirmative, state each and every fact upon which YOU relied in denying said Request for Admission.

### RESPONSE TO INTERROGATORY NO. 1

The Borrower Trust received notice from Mr. Moss that this Interrogatory was being withdrawn.

## INTERROGATORY NO. 2

If YOU claim that YOU were lawfully appointed as Trustee of Deed of Trust No. 15070373, set forth the date on which YOU claim to have been lawfully appointed as Trustee of Deed of Trust No. 15070373.

## RESPONSE TO INTERROGATORY NO. 2

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: Executive Trustee Services, LLC was substituted as Trustee of Deed of Trust No. 15070373 on September 21, 2006 by TCIF REO2, LLC. According to the relevant assignments, it appears that TCIF REO2, LLC did not have the authority to substitute a trustee at that time. As a result, the Borrower Trust does not claim that Executive Trustee Services, LLC was lawfully appointed as Trustee of Deed of Trust No. 15070373 at that time.

## INTERROGATORY NO. 3

If YOU claim that YOU were instructed to issue a Notice of Default as against the PROPERTY, set forth the date on which YOU claim that YOU received instructions to issue a Notice of Default against the PROPERTY.

## RESPONSE TO INTERROGATORY NO. 3

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: the Borrower Trust does not possess the information necessary to answer this Interrogatory.

4

## INTERROGATORY NO. 4

If YOU claim that YOU were instructed to issue a Notice of Default as against the
PROPERTY, IDENTIFY who YOU received instructions from to issue a Notice of Default
against the PROPERTY.

## RESPONSE TO INTERROGATORY NO. 4

Without waiving the General Objections and any foregoing specific objections, the
Borrower Trust responds as follows: Pursuant to the Debtors' regular business practices,
Executive Trustee Services, LLC received instructions to issue a Notice of Default against the
Property from GMACM.

## INTERROGATORY NO. 5

If YOU claim that YOU were instructed to issue a Notice of Default as against the
PROPERTY, IDENTIFY any and all documents, with specificity for a Request for Production of
Documents, which YOU claim contained instructions to YOU to issue a Notice of Default as
against the PROPERTY.

## RESPONSE TO INTERROGATORY NO. 5

Without waiving the General Objections and any foregoing specific objections, the
Borrower Trust responds as follows: The Borrower Trust does not possess documents that
contain instructions to Executive Trustee Services, LLC to issue a Notice of Default as against
the Property.

ny-1253303

Dated: November 16, 2016

Sara Lathrop
Senior Claims Analyst for the ResCap
Borrower Claims Trust

STATE OF Minnesota
COUNTY OF Hennepin, SS

On the 16 day of November, 2016 personally appeared Sara Lathrop, Senior Claims Analyst for

best of her knowledge, information and belief.

Before me,

Notary Public

commission expires
a/31/2021

KATY R KELLEY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021

AS TO OBJECTIONS:


Dated:  November 16, 2016                      /s/ Jordan A. Wishnew
          New York, New York                   Norman S. Rosenbaum
                                               Jordan A. Wishnew
                                               Jessica J. Arett
                                               MORRISON & FOERSTER LLP
                                               250 West 55th St.
                                               New York, New York 10019
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Counsel for The ResCap Borrower Claims*
                                               *Trust and the ResCap Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | : |
| | : Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |
| | : Chapter 11 |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : |
| | : |

## THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT'S REQUESTS FOR ADMISSIONS TO DEBTOR RESCAP SET ONE

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Requests for Admissions (the "Requests"), dated October 17, 2016.

### GENERAL OBJECTIONS

1.   The Borrower Trust objects to the Requests to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.   The Borrower Trust objects to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure. The Borrower Trust also objects to the Requests to the extent they are vague and ambiguous.

1

3.      The Borrower Trust objects to each Request to the extent that they seek a legal

conclusion. *See Shultz v. Wilson Bldg., Inc.*, 1969 U.S. Dist. LEXIS 9386 (S.D. Tex. Aug. 14,

1969) (holding "requests for admissions which [n]ecessitate a legal conclusion are generally

considered objectionable."); *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at

*2 (S.D.N.Y. Dec. 9, 2003) (dismissing "request for admissions as improper because the

admissions sought legal conclusions"); *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405,

1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (holding the requests need not be answered

because they "do not ask for admissions of fact but instead call for plaintiffs to draw legal

conclusions"); *Rivers Elec. Co., Inc. v. 4.6 Acres of Land Located in Town of Catskill, County of

Greene*, No. 89-cv-442, 1991 WL 255374, at *4 (N.D.N.Y. Nov. 25, 1991) (holding requests that

call for "legal conclusions [are] not the proper subject matter for . . . a request for admissions");

*English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding plaintiffs' request for admission

that the defendant was subject to statutes relevant to the action "calls for a legal conclusion and

therefore it is beyond the scope of a request for admissions"); *Golden Valley Microwave Foods,

Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1990) (holding alleged patent

infringer's requests for admissions seeking from patent holder bald legal conclusion that certain

patent claims were invalid were improper).

4.      Rather than admitting or denying any Request to Admit, the Borrower Trust

reserves the right to respond by stating an objection. *See Russo v. Baxter Healthcare Corp.*, 51

F. Supp. 2d 70, 78 (D.R.I. 1999) ("Where a party has objected to a request for admission the

burden is on the requesting party to move for an order to test the validity of the objection.")

(citing Fed. R. Civ. P. 36 advisory committee's note ("The requirement that the objecting party

2

move automatically for a hearing is eliminated, and the burden is on the requesting party to move

for an order.")).

5.      The Borrower Trust objects to the Requests to the extent they seek information

that is protected by the attorney-client privilege, that is protected by the work product doctrine,

that was prepared in anticipation of litigation, that constitutes or discloses the mental

impressions, conclusions, opinions, or legal theories of any attorney or other representative of the

Borrower Trust concerning this or any other litigation, or that are protected by any other

privilege or doctrine.  To the extent that the Requests call for information protected by the

attorney-client privilege, attorney work product immunity, or other privileges or immunities,

such information will not be provided.

6.      The Borrower Trust objects to the Requests to the extent they purport to require

the Borrower Trust to provide information outside their possession, custody, or control.

7.      The Borrower Trust objects to any explicit or implicit characterization of facts,

events, circumstances, or issues in the Requests.  The Borrower Trust's responses are not

intended to mean that the Borrower Trust agrees with or accept any explicit or implicit

characterization of facts, events, circumstances, or issues in the Requests.

8.      The Borrower Trust has not completed discovery or preparation for trial in this

litigation and reserve the right to rely upon any evidence subsequently discovered or that may

otherwise come to light during discovery.  The Borrower Trust expressly reserves the right to

supplement or amend these responses if and when any such additional information is ascertained.

These responses are made by the Borrower Trust subject to and without waiving the Borrower

Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but

that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the

3

Borrower Trust's right to amend or supplement these responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

9.      The Borrower Trust objects to the Requests to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation.  The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: March 2006 through February 2013.

10.     These responses are made without in any way waiving or intending to waive:

(i)     any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Requests or the subject matter thereof;

(ii)    the right to object on any ground to the use of the information provided in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii)   the right to object on any ground at any time to a demand for further response to the Requests; and/or

(iv)    the right at any time to revise, supplement, correct, or add to these responses and objections.

**Request No. 1:**

At no time did YOU instruct Executive Trustee Services, LLC in writing to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 1:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 1 as follows:  The request is denied because, after a reasonable inquiry was made to obtain sufficient information, the Borrower Trust lacks sufficient information to admit or deny the request.

4

**Request No. 2:**

At no time did YOU instruct Executive Trustee Services, Inc. in writing to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 2:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "Executive Trustee Services, Inc." refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 2 as follows: Admit that no time did the Debtors instruct Executive Trustee Services, Inc. in writing to issue a Notice of Default as against the Property.

**Request No. 3:**

At no time did YOU instruct ETS Services, LLC to issue in writing a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 3:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "ETS Services, LLC" refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 3 as follows: Admit that at no time did YOU instruct ETS Services, LLC to issue in writing a Notice of Default as against the PROPERTY.

**Request No. 4:**

At no time did YOU instruct Executive Trustee Services, LLC orally to issue a Notice of

Default as against the PROPERTY.

**Response and Specific Objections to Request No. 4:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 4 as follows: The request is denied because, after a reasonable inquiry was made to obtain sufficient information, the Borrower Trust lacks sufficient information to admit or deny the request.

**Request No. 5**

At no time did YOU instruct Executive Trustee Services, Inc. orally to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 5**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "Executive Trustee Services, Inc." refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 5 as follows: Admit that at no time did any Debtor instruct Executive Trustee Services, Inc. orally to issue a Notice of Default as against the Property.

**Request No. 6:**

At no time did YOU instruct ETS Services, LLC to issue orally a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 6:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "ETS Services, LLC" refers to. Subject to and

6

without waiving its objections, the Borrower Trust responds to Request No. 6 as follows: Admit that at no time did any Debtor instruct ETS Services, LLC orally to issue a Notice of Default as against the Property.

**Request No. 7:**

YOU do not have in YOUR possession any DOCUMENT in which Executive Trustee Services, LLC was instructed to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 7:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 7 as follows: Admit that the Borrower Trust does not have in its possession any document in which Executive Trustee Services, LLC was instructed to issue a Notice of Default as against the property.

**Request No. 8:**

YOU do not have in YOUR possession any DOCUMENT in which Executive Trustee Services, Inc. was instructed to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 8:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "Executive Trustee Services, Inc." refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 8 as follows: Admit that the Borrower Trust does not have in its possession any document in which Executive Trustee Services, Inc. was instructed to issue a Notice of Default as against the Property.

7

**Request No. 9:**

YOU do not have in YOUR possession any DOCUMENT in which ETS Services, LLC was instructed to issue a Notice of Default as against the PROPERTY.

**Response and Specific Objections to Request No. 9:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "ETS Services, LLC" refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 9 as follows: Admit that the Borrower Trust does not have in its possession any document in which ETS Services, LLC was instructed to issue a Notice of Default as against the Property.

**Request No. 10:**

At no time did YOU instruct Executive Trustee Services, LLC to issue a Notice of Trustee Sale as against the PROPERTY.

**Response and Specific Objections to Request No. 10:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 10 as follows: Denied.

**Request No. 11:**

At no time did YOU instruct Executive Trustee Services, Inc. to issue a Notice of Trustee Sale as against the PROPERTY.

**Response and Specific Objections to Request No. 11:**

In addition to the General Objections above, the Borrower Trust objects to this request on

8

the grounds that it is vague as to what entity "Executive Trustee Services, Inc." refers to. Subject

to and without waiving its objections, the Borrower Trust responds to Request No. 11 as follows:

Admit that at no time did GMAC Mortgage, LLC instruct Executive Trustee Services, Inc. to

issue a Notice of Trustee Sale as against the Property.

**Request No. 12:**

At no time did YOU instruct ETS Services, LLC to issue a Notice of Trustee Sale as

against the PROPERTY.

**Response and Specific Objections to Request No. 12:**

In addition to the General Objections above, the Borrower Trust objects to this request on

the grounds that it is vague as to what entity "ETS Services, LLC." refers to. Subject to and

without waiving its objections, the Borrower Trust responds to Request No. 12 as follows:

Admit that at no time did any Debtor instruct ETS Services, LLC to issue a Notice of Trustee

Sale as against the Property.

**Request No. 13:**

YOU do not have in YOUR possession any DOCUMENT in which Executive Trustee

Services, LLC was instructed to issue a Notice of Trustee Sale as against the PROPERTY.

**Response and Specific Objections to Request No. 13:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 13 as follows: Admit that the Borrower Trust does not have in its possession any document

in which Executive Trustee Services, LLC was instructed to issue a Notice of Trustee Sale as

9

against the property.

**Request No. 14:**

YOU do not have in YOUR possession any DOCUMENT in which Executive Trustee Services, Inc. was instructed to issue a Notice of Trustee Sale as against the PROPERTY.

**Response and Specific Objections to Request No. 14:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "Executive Trustee Services, Inc." refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 14 as follows: Admit that the Borrower Trust does not have in its possession any document in which Executive Trustee Services, Inc. was instructed to issue a Notice of Trustee Sale as against the Property.

**Request No. 15:**

YOU do not have in YOUR possession any DOCUMENT in which ETS Services, LLC was instructed to issue a Notice of Trustee Sale as against the PROPERTY.

**Response and Specific Objections to Request No. 15:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "ETS Services, LLC." refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 15 as follows: Admit that the Borrower Trust does not have in its possession any documents in which ETS Services, LLC was instructed to issue a Notice of Trustee Sale as against the Property.

10

**Request No. 16:**

Subsequent to September 18, 2007, the only Notice of Trustee Sale that was recorded as to the PROPERTY was recorded on or about May 22, 2008.

**Response and Specific Objections to Request No. 16:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 16 as follows:  Admit that, subsequent to September 18, 2007, the only Notice of Trustee Sale that was recorded as to the Property was recorded on or about May 22, 2008.

**Request No. 17:**

The Notice of Trustee Sale which was recorded on or about May 22, 2008 did not contain any information regarding efforts to contact the defendant herein to ascertain his financial situation.

**Response and Specific Objections to Request No. 17:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery.  Subject to and without waiving its objections, the Borrower Trust responds to Request No. 17 as follows:  Admit that the Notice of Trustee Sale which was recorded on or about May 22, 2008 did not contain any information regarding efforts to contact the defendant herein to ascertain his financial situation.

**Request No. 18:**

On June 13, 2008, the trustee conducting the trustee sale of the property did not announce a continuation of the sale to the exact date of May 7, 2009.

11

**Response and Specific Objections to Request No. 18:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 18 as follows: Denied.

**Request No. 19:**

On June 13, 2008, YOU instructed the trustee to cancel the sale of the PROPERTY.

**Response and Specific Objections to Request No. 19:**

The Borrower Trust further objects on the grounds that it is vague and ambiguous. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 19 as follows: Denied. GMAC Mortgage, LLC postponed the foreclosure sale on June 12, 2008.

**Request No. 20:**

At no time did YOU substitute a new trustee in place of Executive Trustee Services, LLC FKA Executive Trustee Services, Inc. as to Deed of Trust No. 15070373.

**Response and Specific Objections to Request No. 20:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 20 as follows: Admit that at no time did any Debtor substituted a new trustee in place of Executive Trustee Services, LLC FKA Executive Trustee Services, Inc. as to Deed of Trust No. 15070373.

ny-1252309

**Request No. 21:**

YOU were not a beneficiary of Deed of Trust No. 15070373 on or before September 20, 2006.

**Response and Specific Objections to Request No. 21:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 21 as follows: Denied. GMACM Mortgage, LLC serviced the loan beginning on March 14, 2006.

**Request No. 22:**

On May 7, 2009, Executive Trustee Services was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Response and Specific Objections to Request No. 22:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "Executive Trustee Services" refers to. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 22 as follows: Admit that on May 7, 2009, Executive Trustee Services was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Request No. 23:**

On May 7, 2009, Executive Trustee Services, LLC was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Response and Specific Objections to Request No. 23:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 23 as follows:  Admit that on May 7, 2009, Executive Trustee Services, LLC. was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Request No. 24:**

On May 7, 2009, ETS Services, LLC was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Response and Specific Objections to Request No. 24:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to what entity "ETS Services, LLC" refers to.  Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as follows:  Admit that on May 7, 2009, ETS Services, LLC was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**Request No. 25:**

The document attached hereto as EXHIBIT A, is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2007-051106, recorded April 4, 2007.

**Response and Specific Objections to Request No. 25:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 25 as follows:  Admit that the document attached to the Requests as EXHIBIT A, is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2007-051106, recorded April 4, 2007.

14

**Request No. 26:**

The document attached hereto as EXHIBIT B, is a true and accurate copy of the

document recorded by the County Recorder of San Mateo County as Document No. 2006-

017410, recorded February 3, 2006.

**Response and Specific Objections to Request No. 26:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 26 as follows:  Admit that the document attached to the Requests as EXHIBIT B, is a true

and accurate copy of the document recorded by the County Recorder of San Mateo County as

Document No. 2006-017410, recorded February 3, 2006.


**Request No. 27:**

The document attached hereto as EXHIBIT C, is a true and accurate copy of the

document recorded by the County Recorder of San Mateo County as Document No. 2006-

170399, recorded November 10, 2006.

**Response and Specific Objections to Request No. 27:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 27 as follows:  Admit that the document attached to the Requests as EXHIBIT C, is a true

and accurate copy of the document recorded by the County Recorder of San Mateo County as

Document No. 2006-170399, recorded November 10, 2006.


**Request No. 28:**

The document attached hereto as EXHIBIT D, is a true and accurate copy of the

15

ny-1252309

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |
| | : Chapter 11 |
| Debtors. | : Jointly Administered |
| | : |
| | : |
| | : |

## THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT'S FIRST SET OF INTERROGATORIES DIRECTED AT RESCAP

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the

ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel,

hereby objects and responds to the Claimant's First Set of Interrogatories (the "Interrogatories"),

dated October 17, 2016.

### GENERAL OBJECTIONS

1.    The Borrower Trust objects to the Interrogatories to the extent that they seek to

impose a burden or obligation beyond those required or permitted by the Federal Rules of

Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the

Court.

2.    The Borrower Trust objects to the Interrogatories to the extent they are overly

broad, unduly burdensome or seek information that is not relevant to the outstanding disputed

issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope

of discovery permitted by the Federal Rules of Bankruptcy Procedure.  The Borrower Trust also

objects to the Interrogatories to the extent they are vague and ambiguous.

1

3.      The Borrower Trust objects to the Interrogatories to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine. To the extent that the Interrogatories call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

4.      The Borrower Trust objects to the Interrogatories to the extent they purport to require the Borrower Trust to provide information outside its possession, custody or control.

5.      The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories. The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

6.      The Borrower Trust has not completed discovery or preparation for the evidentiary hearing in this litigation and reserves the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery. The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the Borrower Trust's right to amend or supplement these

2

responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

7.     The Borrower Trust objects to the Interrogatories to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation.  The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: July 2005 through February 2013.

8.     These responses are made without in any way waiving or intending to waive:

(i)     any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories or the subject matter thereof;

(ii)     the right to object on any ground to the use of the information provided in response to the Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii)     the right to object on any ground at any time to a demand for further response to the Interrogatories; and/or

(iv)     the right at any time to revise, supplement, correct, or add to these responses and objections.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

If YOUR response to each of the Requests for Admission Set One, served on YOU concurrently herewith, is other than an unqualified affirmative, state each and every fact upon which YOU relied in denying said Request for Admission.

### RESPONSE TO INTERROGATORY NO. 1

The Borrower Trust received notice from Mr. Moss that this Interrogatory was being withdrawn.

ny-1253302

**INTERROGATORY NO. 2**

As to the Declaration of Deanna Horst, PACER Doc. No. 7904-1, filed December 19, 2014, filed in Action No. 12-12020, U.S. Bankruptcy Court, Southern District of New York, IDENTIFY the PERSON or PERSONS who failed "to communicate timely, notice of conditions that would have warranted a cancellation of the foreclosure."

**RESPONSE TO INTERROGATORY NO. 2**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: GMAC Mortgage, LLC, as servicer, was responsible for communicating with Executive Trustee Services, LLC regarding conditions that would have warranted a cancellation of the foreclosure.

**INTERROGATORY NO. 3**

As to the Declaration of Deanna Horst, PACER Doc. No. 7904-1, filed December 19, 2014, filed in Action No. 12-12020, U.S. Bankruptcy Court, Southern District of New York, IDENTIFY each and every condition "that would have warranted a cancellation of the foreclosure."

**RESPONSE TO INTERROGATORY NO. 3**

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows: The Borrower Trust does not know what the specific language in the Notice of Rescission of Trustee's Deed Upon Sale refers to. The decision to rescind was made on the basis of the chain of title. Specifically, there was concern that the recorded assignments suggested Bank of New York was assigned the loan by TCIF before a proper assignment was made to TCIF by Option One.

ny-1253302

## INTERROGATORY NO. 4

As to the declaration of Deanna Horst, PACER Doc. No. 7904-1, filed December 19, 2014, filed in Action No. 12-12020, U.S. Bankruptcy Court, Southern District of New York, state each and every fact upon which Ms. Horst issued the statement "The foreclosure sale was conducted by the Debtor in error due to a failure to communicate timely, notice of conditions that would have warranted a cancellation of the foreclosure."

## RESPONSE TO INTERROGATORY NO. 4

Without waiving the General Objections and any foregoing specific objections, the Borrower Trust responds as follows:  The statement by Deanna Horst was based entirely on the language contained in the Notice of Rescission of Trustee's Deed Upon Sale that was filed in the San Mateo County Recorder's Office on September 13, 2012.

5

Dated: November 16, 2016

Sara Lathrop
Senior Claims Analyst for the ResCap
Borrower Claims Trust

STATE OF Minnesota
COUNTY OF Hennepin , SS

On the 16 day of November, 2016 personally appeared Sara Lathrop, Senior Claims Analyst for

best of her knowledge, information and belief.

Before me,

KATY R KELLEY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021

Notary Public
Commission expires 01/31/2021

AS TO OBJECTIONS:


Dated:  November 16, 2016                    /s/ Jordan A. Wishnew
        New York, New York                  Norman S. Rosenbaum
                                            Jordan A. Wishnew
                                            Jessica J. Arett
                                            MORRISON & FOERSTER LLP
                                            250 West 55th St.
                                            New York, New York 10019
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel for The ResCap Borrower Claims
                                            Trust and the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |
| | : Chapter 11 |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : |
| | : |

### THE RESCAP BORROWER CLAIMS TRUST'S RESPONSES AND OBJECTIONS TO CLAIMANT'S REQUESTS FOR ADMISSIONS TO DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC SET ONE

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the ResCap Borrower Claims Trust (the "Borrower Trust"), by and through its undersigned counsel, hereby objects and responds to the Claimant's First Set of Requests for Admissions (the "Requests"), dated October 17, 2016.

### GENERAL OBJECTIONS

1.      The Borrower Trust objects to the Requests to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.      The Borrower Trust objects to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the outstanding disputed issue of fact defined by the Bankruptcy Court in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Bankruptcy Procedure.  The Borrower Trust also objects to the Requests to the extent they are vague and ambiguous.

1

3.      The Borrower Trust objects to each Request to the extent that they seek a legal conclusion. *See Shultz v. Wilson Bldg., Inc.*, 1969 U.S. Dist. LEXIS 9386 (S.D. Tex. Aug. 14, 1969) (holding "requests for admissions which [n]ecessitate a legal conclusion are generally considered objectionable."); *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at *2 (S.D.N.Y. Dec. 9, 2003) (dismissing "request for admissions as improper because the admissions sought legal conclusions"); *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405, 1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (holding the requests need not be answered because they "do not ask for admissions of fact but instead call for plaintiffs to draw legal conclusions"); *Rivers Elec. Co., Inc. v. 4.6 Acres of Land Located in Town of Catskill, County of Greene*, No. 89-cv-442, 1991 WL 255374, at *4 (N.D.N.Y. Nov. 25, 1991) (holding requests that call for "legal conclusions [are] not the proper subject matter for . . . a request for admissions"); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding plaintiffs' request for admission that the defendant was subject to statutes relevant to the action "calls for a legal conclusion and therefore it is beyond the scope of a request for admissions"); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1990) (holding alleged patent infringer's requests for admissions seeking from patent holder bald legal conclusion that certain patent claims were invalid were improper).

4.      Rather than admitting or denying any Request to Admit, the Borrower Trust reserves the right to respond by stating an objection. *See Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 78 (D.R.I. 1999) ("Where a party has objected to a request for admission the burden is on the requesting party to move for an order to test the validity of the objection.") (citing Fed. R. Civ. P. 36 advisory committee's note ("The requirement that the objecting party

move automatically for a hearing is eliminated, and the burden is on the requesting party to move for an order.")).

5.    The Borrower Trust objects to the Requests to the extent they seek information that is protected by the attorney-client privilege, that is protected by the work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Borrower Trust concerning this or any other litigation, or that are protected by any other privilege or doctrine.  To the extent that the Requests call for information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

6.    The Borrower Trust objects to the Requests to the extent they purport to require the Borrower Trust to provide information outside their possession, custody, or control.

7.    The Borrower Trust objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.  The Borrower Trust's responses are not intended to mean that the Borrower Trust agrees with or accept any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

8.    The Borrower Trust has not completed discovery or preparation for trial in this litigation and reserve the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery.  The Borrower Trust expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Borrower Trust subject to and without waiving the Borrower Trust's right to introduce, use, or refer to information that the Borrower Trust presently has, but that the Borrower Trust has not yet had sufficient time to analyze and evaluate, as well as the

3

Borrower Trust's right to amend or supplement these responses in the event that any information previously available to the Borrower Trust is unintentionally omitted from these responses.

9.  The Borrower Trust objects to the Requests to the extent they seek answers to questions that relate to time periods outside the period relevant to this Litigation. The Borrower Trust will produce documents related to the period that the Mortgage Loan was serviced by the Debtors: March 2006 through February 2013.

10.  These responses are made without in any way waiving or intending to waive:

(i)   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Requests or the subject matter thereof;

(ii)  the right to object on any ground to the use of the information provided in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii) the right to object on any ground at any time to a demand for further response to the Requests; and/or

(iv)  the right at any time to revise, supplement, correct, or add to these responses and objections.

## REQUEST NO. 1:

At no time from June 27, 2005 to the present time did **YOU** receive instructions from ResCap to issue a Notice of Default as against the **PROPERTY.**

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 1:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 1 as follows:  Admit that at no time from June 27, 2005 to the present did Executive Trustee Services, LLC receive instructions from ResCap to issue a Notice of Default.

4

**REQUEST NO. 2:**

At no time from June 27, 2005 to the present time did **YOU** receive instructions from

GMAC Mortgage to issue a Notice of Default as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 2:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 2 as follows:  Denied.

**REQUEST NO. 3:**

At no time from June 27, 2005 to the present time did **YOU** receive instructions from

Ally Financial to issue a Notice of Default as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 3:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 3 as follows:  Admit that at no time from June 27, 2005 to the present did Executive Trustee

Services, LLC receive instructions from Ally Financial to issue a Notice of Default.

**REQUEST NO. 4:**

At no time from June 27, 2005 to the present time did **YOU** receive instructions from

ResCap to issue a Notice of Trustee Sale as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 4:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 4 as follows:  Admit that at no time from June 27, 2005 to the present did Executive Trustee

Services, LLC receive instructions from ResCap to issue a Notice of Default.

ny-1252315

**REQUEST NO. 5:**

At no time from June 27, 2005 to the present time did **YOU** receive instructions from

GMAC Mortgage to issue a Notice of Trustee Sale as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 5:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 5 as follows:  Denied.


**REQUEST NO. 6:**

At no time from June 27, 2005 to the present time did **YOU** receive instructions from

Ally Financial to issue a Notice of Trustee Sale as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 6:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 6 as follows:  Admit that at no time from June 27, 2005 to the present did Executive Trustee

Services, LLC receive instructions from Ally Financial to issue a Notice of Default.


**REQUEST NO. 7:**

**YOU** do not have in **YOUR** possession any **DOCUMENT** in which **YOU** were

instructed to issue a Notice of Default as against the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 7:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 7 as follows:  Admit.

6

ny-1252315

**REQUEST NO. 8**:

YOU do not have in **YOUR** possession any **DOCUMENT** in which **YOU** were instructed to issue a Notice of Trustee Sale as against the **PROPERTY**.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 8**:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 8 as follows:  Admit.

**REQUEST NO. 9**:

Subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the **PROPERTY** was recorded on or about May 22, 2008.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 9**:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 9 as follows:  Admit that subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the Property was recorded on or about May 22, 2008.

**REQUEST NO. 10**:

On June 13, 2008, the trustee conducting the trustee sale of the property did not announce a continuation of the sale to the exact date of May 7, 2009.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 10**:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 10 as follows:  Denied.

7

**REQUEST NO. 11:**

On June 13, 2008, **YOU** were instructed to cancel the sale of the **PROPERTY.**

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 11:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 11 as follows: Denied. On June 12, 2008, Executive Trustee Services, LLC was instructed to cancel the sale of the Property.

**REQUEST NO. 12:**

As to Deed of Trust No. 15070373, ResCap did not substitute **YOU** as trustee.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 12:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 12 as follows: Admit that as to Deed of Trust No. 15070373, ResCap did not substitute Executive Trustee Services, LLC as trustee.

**REQUEST NO. 13:**

As to Deed of Trust No. 15070373, GMAC did not substitute **YOU** as trustee.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 13:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 13 as follows: Admit as to Deed of Trust No. 15070373, GMAC did not substitute Executive Trustee Services, LLC as trustee. Executive Trustee Services, LLC was substituted as trustee by TCIF REO2, LLC.

8

**REQUEST NO. 14:**

As to Deed of Trust No. 15070373, Ally Financial did not substitute **YOU** as trustee.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 14:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 14 as follows:  Admit that as to Deed of Trust No. 15070373, Ally Financial did not

substitute Executive Trustee Services, LLC as trustee.

**REQUEST NO. 15:**

On May 7, 2009, **YOU** were not the trustee of Deed of Trust No. 15070373.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 15:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 13 as follows:  Admit that on May 7, 2009, Executive Trustee Services, LLC was not the

trustee of Deed of Trust No. 15070373 because the entity appointing Executive Trustee Services,

LLC as substitute trustee did not have sufficient authority to do so.

**REQUEST NO. 16:**

TC1F, LLC substituted **YOU** as trustee of Deed of Trust No. 15070373 on September 15,

2007.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 16:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 16 as follows:  Denied.  Executive Trustee Services, LLC was substituted as trustee of Deed

of Trust No. 15070373 on September 15, 2007 by TCIF REO2, LLC.

**REQUEST NO. 17:**

At no time did **YOU** undertake any investigation to ascertain whether **YOU** were

lawfully substituted as the trustee of Deed of Trust No. 15070373.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 17:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 17 as follows:  The request is denied because, after a reasonable inquiry was made to obtain

sufficient information, the Borrower Trust lacks sufficient information to admit or deny the

request.


**REQUEST NO. 19:**

At no time did **YOU** examine the website of the Recorder of San Mateo County,

California, to determine if you were lawfully appointed as trustee of Deed of Trust

No. 15070373.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 19:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 19 as follows:  The request is denied because, after a reasonable inquiry was made to obtain

sufficient information, the Borrower Trust lacks sufficient information to admit or deny the

request.


**REQUEST NO. 20:**

The California Superior Court in and for the County of San Mateo entered default against

**YOU** on June 17, 2011.

ny-1252315

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 20:

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is irrelevant to the issues that are in the case and thus outside the scope of discovery. Subject to and without waiving its objections, the Borrower Trust responds to Request No. 20 as follows: Admit that the California Superior Court in and for the County of San Mateo entered default against Executive Trustee Services, LLC on June 17, 2011.

## REQUEST NO. 21:

**YOU** do not have in **YOUR** possession any **DOCUMENT** in which ETS Services, LLC was instructed to issue a Notice of Trustee Sale as against the **PROPERTY.**

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 21:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 21 as follows: Admit that the Borrower Trust does not have in its possession any document in which ETS Services, LLC was instructed to issue a Notice of Trustee Sale as against the Property.

## REQUEST NO. 22:

Subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the **PROPERTY** was recorded on or about May 22, 2008.

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 22:

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 22 as follows: Admit that subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the Property was recorded on or about May 22, 2008.

11

**REQUEST NO. 23:**

The Notice of Trustees Sale which was recorded on or about May 22, 2008 did not contain any information regarding efforts to contact the defendant herein to ascertain his financial situation.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 23:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 23 as follows:  Admit that the Notice of Trustees Sale which was recorded on or about May 22, 2008 did not contain any information regarding efforts to contact the defendant herein to ascertain his financial situation.

**REQUEST NO. 24:**

On June 13, 2008, the trustee conducting the trustee sale of the property did not announce a continuation of the sale to the exact date of May 7, 2009.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 24:**

In addition to the General Objections above, the Borrower Trust objects to this request because it is identical to Request No. 10.  Subject to and without waiving its objections, the Borrower Trust responds to Request No. 24 as follows: Denied.

**REQUEST NO. 25:**

On May 7, 2009, Executive Trustee Services was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

12

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 25:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to the entity name "Executive Trustee Services." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 25 as follows: Admit that on May 7, 2009, Executive Trustee Services was not the lawfully substituted trustee of Deed of Trust No. 15070373.

**REQUEST NO. 26:**

On May 7, 2009, Executive Trustee Services, LLC was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 26:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it calls for a legal conclusion.

**REQUEST NO. 27:**

On May 7, 2009, ETS Services, LLC was not the lawfully-substituted trustee of Deed of Trust No. 15070373.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 27:**

In addition to the General Objections above, the Borrower Trust objects to this request on the grounds that it is vague as to the entity name "ETS Services, LLC." Subject to and without waiving its objections, the Borrower Trust responds to Request No. 27 as follows: Admit that on May 7, 2009, ETS Services, LLC was not the trustee of Deed of Trust No. 15070373.

13

**REQUEST NO. 28:**

The document attached hereto as **EXHIBIT A,** is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2007-051106, recorded April 4, 2007.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 28:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 28 as follows:  Admit that the document attached hereto as Exhibit A, is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2007-051106, recorded April 4, 2007.

**REQUEST NO. 29:**

The document attached hereto as **EXHIBIT B,** is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2006-017410, recorded February 3, 2006.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 29:**

Subject to and without waiving its objections, the Borrower Trust responds to Request No. 29 as follows:  Admit that the document attached hereto as Exhibit B, is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2006-017410, recorded February 3, 2006.

**REQUEST NO. 30:**

The document attached hereto as **EXHIBIT C,** is a true and accurate copy of the document recorded by the County Recorder of San Mateo County as Document No. 2006-

14

170399, recorded November 10, 2006.

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 30:

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 30 as follows:  Admit that the document attached hereto as Exhibit C, is a true and accurate

copy of the document recorded by the County Recorder of San Mateo County as Document

No. 2006-170399, recorded November 10, 2006.


## REQUEST NO. 31:

The document attached hereto as **EXHIBIT D**, is a true and accurate copy of the

document recorded by the County Recorder of San Mateo County as Document No. 2008-

069108, recorded June 16, 2008.

## RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 31:

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 31 as follows:  Admit that the document attached hereto as Exhibit D, is a true and accurate

copy of the document recorded by the County Recorder of San Mateo County as Document

No. 2008-069108, recorded June 16, 2008.


## REQUEST NO. 32:

The document attached hereto as **EXHIBIT E,** is a true and accurate copy of the

document recorded by the County Recorder of San Mateo County as Document No. 2008-

069109, recorded June 16, 2008.

15

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 32:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 32 as follows:  ~~Admit that~~ the document attached hereto as Exhibit E, is a true and accurate

copy of the document recorded by the County Recorder of San Mateo County as Document

No. 2008-069109, recorded June 16, 2008.

**REQUEST NO. 33:**

The document attached hereto as **EXHIBIT A** is the identical document filed in Action

No. 12-12020 filed December 19, 2014 as PACER Doc. No. 7904-1, P. 75-77.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 33:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 33 as follows:  Admit that the document attached hereto as Exhibit A is the identical

document filed in Action No. 12-12020 filed December 19, 2014 as PACER Doc. No. 7904-1,

P. 75-77.

**REQUEST NO. 34:**

The document attached hereto as **EXHIBIT B** is not included in PACER Doc.

No. 7904-1.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 34:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 34 as follows:  Admit that the document attached hereto as Exhibit B is not included in

PACER Doc. No. 7904-1.

16

**REQUEST NO. 35:**

The document attached hereto as **EXHIBIT C** is the same document filed in Action

No. 12-12020 filed December 19, 2014 as PACER Doc. 7904-1, P. 83.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 35:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 35 as follows:  Admit that the document attached hereto as Exhibit C is the same document

filed in Action No. 12-12020 filed December 19, 2014 as PACER Doc. 7904-1, P. 83.


**REQUEST NO. 36:**

The document attached hereto as **EXHIBIT D** is the identical document filed in Action

No. 12-12020 filed on December 19, 2014 as PACER Doc. 7904-1, P. 79.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 36:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 36 as follows:  Admit that the document attached hereto as Exhibit D is the identical

document filed in Action No. 12-12020 filed on December 19, 2014 as PACER Doc. 7904-1,

P. 79.


**REQUEST NO. 37:**

The document attached hereto as **EXHIBIT E** is the identical document filed in Action

No. 12-12020 filed on December 19, 2014 as PACER Doc. 7904-1, P. 81.

**RESPONSE AND SPECIFIC OBJECTIONS TO REQUEST NO. 37:**

Subject to and without waiving its objections, the Borrower Trust responds to Request

No. 37 as follows:  Admit that the document attached hereto as Exhibit E is the identical

17

document filed in Action No. 12-12020 filed on December 19, 2014 as PACER Doc. 7904-1,

P. 81.


Dated: November 16, 2016
      New York, New York

/s/ Jordan A. Wishnew
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims
Trust and the ResCap Liquidating Trust*

18