## Exhibit 3

**Declaration of Jordan Wishnew**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               )    Chapter 11
                                                                )
                                          Debtors.              )    Jointly Administered
                                                                )
--------------------------------------------------------------- )

### DECLARATION OF JORDAN WISHNEW IN SUPPORT OF THE RESCAP BORROWER TRUST'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT AS TO ITS OBJECTION TO AMENDED CLAIM NO 4445 FILED BY ALAN MOSS

Jordan A. Wishnew, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am an attorney in the law firm of Morrison & Foerster LLP ("M&F").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, NY 10019.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "Debtors").  Following the Effective Date,[1] M&F has been retained as counsel to the ResCap Borrower Claims Trust (the "Trust").

2.      Attached hereto as Exhibit A is a true and correct copy of Alan Moss' Amended Responses to the Trust's Requests for Admission, dated January 20, 2017.

---

[1] Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the *ResCap Borrower Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim* (the "Objection")

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on February 13, 2017

/s/ Jordan A. Wishnew
Jordan A. Wishnew

**Exhibit A**

1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone:  (415)494-8314
   Facsimile:   (650)728-0738
4
   In Propria Personum
5

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9          IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                         )   BANKRUPTCY CASE No.  12-12020-MG
                                  )   CHAPTER 11
13                                )
                                  )
14                                )   Jointly Administered
    RESIDENTIAL CAPITAL LLC, et al,)   (Executive Trustee Services, Case No.
15                                )   12-12028)
                                  )
16                                )   [Claim No. 4445]
                                  )
17                                )
                                  )   CREDITOR ALAN MOSS' AMENDED
18              Debtors.          )   RESPONSES TO REQUEST FOR
                                  )   ADMISSIONS FROM DEBTOR
19  _____ )   RESCAP

20

21  PROPOUNDING PARTY:      DEBTOR RESCAP BORROWERS CLAIMS TRUST

22  RESPONDING PARTY:       CLAIMANT ALAN MOSS

23  DISCOVERY DOCUMENT:     REQUESTS FOR ADMISSION

24  SET NUMBER:             ONE(1)

25          Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy

26

1  Procedure, Rules 26 and 36 od the Federal Rules of Civil Procedure, the Claimant hereby

2  objects and responds to the Borrowers Trust First Set of Requests For Admission dated

3  November 11, 2016.

4                              **GENERAL OBJECTIONS**

5    1.    The Claimant objects to the Requests to the extent that they seek to impose

6          a burden or obligation beyond those required or permitted by the Federal

7          Rules of Bankruptcy Procedure, the Local Rules of this Court, other

8          applicable law, or any order of the Court.

9    2.    The Claimant objects to the Requests to the extent they are overly broad,

10         unduly burdensome or seek information that is not relevant to the

11         outstanding disputed issue of fact defined by the Bankruptcy Court in this

12         litigation, or are otherwise outside the scope of discovery permitted by the

13         Federal Rules of Bankruptcy Procedure. The Claimant also objects to the

14         Requests to the extent they are vague and ambiguous.

15   3.    The Borrower Trust objects to each Request to the extent that they seek a

16         legal conclusion. *See Shultz v. Wilson Bldg., Inc.* 1969 U.S. Dist. LEXIS

17         9386 (S.D. Tex. August 14, 1969)(holding "requests for admissions which

18         [n]ecessitate a legal conclusion are generally considered objectionable.");

19         *Norley v. HSBC Bank USA*, No. 03-cv-2318, 2003 WL 22890402, at

20         *2(SDNY Dec. 9, 2003)(dismissing "request for admissions as improper

21         because the admissions sought legal conclusions"); *Samborski v. Linear

22         Abatement Corp.*, NO. 96-cv-1405, 1997 WL 55949, at *1(SDNY Feb. 11,

23         1997)(holding the requests need not be answered because they "do not ask

24         for admissions of fact but instead call for plaintiffs to draw legal

25         conclusions.""); *Rivers Elec. Co., Inc. V. 4.6 Acres of Land Located In*

26

1    *Town of Catskill, County of Greene,* No. 89-cv-442, 1991 WL 255374, at

2    *4(NDNY Nov. 25, 1991)(holding requests that call for "legal conclusions

3    [are] not the proper subject matter for...a request for admissions"); *English

4    v. Cowell,* 117 F.R.D. 132, 135(C.D. Ill. 1986)(holding plaintiffs' request

5    for admission that the defendant was subject to statutes relevant to the

6    action "calls for a legal conclusion and therefore it is beyond the scope of

7    a request for admissions");  *Golden Valley Microwave Foods, Inc. v.

8    Weaver Popcorn Co., Inc.,* 130 F.R.D. 92(N.D.Ind. 1990)(holding alleged

9    patent infringer's requests for admissions seeking from from patent holder

10    bald legal conclusion that certain patent claims were invalid were improper.)

11    4.    Rather than admitting or denying any Request to Admit, the Claimant

12    reserves the right to respond by stating an objection. *See Russo v. Baxter

13    healthcare Corp.* 51 F.Supp. 2d 70, 78(D.R.I. 1999)("Where a party has

14    objected to a request for admission the burden is on the requesting party to

15    move for an order to test the validity of the objection.")(citing Fed.R.Civ.P.

16    36 advisory committee's note("The requirement that the objecting party

17    move automatically for a hearing is eliminated, and the burden is on the

18    requesting party to move for an order.)).

19    5.    The Claimant objects to the Requests to the extent they seek information

20    that is protected by the attorney-client privilege, that is protected by the

21    work product doctrine, that was prepared in anticipation of litigation, that

22    constitutes or discloses the mental impressions, conclusions, opinions, or

23    legal theories of an attorney or other representative of the Claimant

24    concerning this or any other litigation, or that are protected by any other

25    privilege or doctrine.  To the extent that the Interrogatories  call for

26

CLAIMANT'S AMENDED RESPONSES TO REQUEST
FOR ADMISSION FROM DEBTOR RESCAP                - 3 -                    Action No. 12-12020

information protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such information will not be provided.

6.  The Claimant objects to the Requests to the extent they purport to require the Claimant to provide information outside its possession, custody or control.

7.  The Claimant objects to any explicit or implicit characterizations of facts, events, circumstances, or issues in the Requests. The Claimants responses are not intended to mean that the Claimant agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

8.  The Claimant has not completed discovery or preparation for the evidentiary hearing in this litigation and reserves the right to rely upon any evidence subsequently discovered or that may otherwise come to light during discovery. The Claimant expressly reserves the right to supplement or amend these responses if and when any such additional information is ascertained. These responses are made by the Claimant subject to and without waiving the Claimants right to introduce, use or refer to information that the Claimant presently has, but that the Claimant has not yet had sufficient time to analyze and evaluate, as well as the Claimants right to amend or supplement these responses in the event that any information previously available to the Claimant is unintentionally omitted from these responses.

9.  The Claimant objects to the requests to the extent they seek answers to questions that relate to time periods outside the period relevant to this

1    litigation, which is the period that the Mortgage Loan was serviced by the

2    Debtors:  March 2006 through February 2013.

3        10.    These responses are made without in any way waiving or intending to

4        waive:

5           (i.)    any objections as to the competency, relevancy, materiality, privilege,

6                or admissibility s evidence, for any purpose, of any information

7                provided in response to the Interrogatories or the subject matter

8                thereof;

9          (ii.)    the right to object on any ground to the use of the information

10                provided in response to the Interrogatories or the subject matter

11                thereof in any trial, hearing, or other stage of the proceedings;

12          (iii.)    the right to object on any ground at any time to a demand for further

13                response to the Interrogatories; and/or

14          (iv.)    the right at any time to revise, supplement, correct, or add to these

15                responses and objections.

16

17    **SPECIFIC OBJECTION APPLICABLE TO,**

18    **AND ASSERTED AGAINST, EACH AND EVERY INTERROGATORY**

19    **PROPOUNDED BY THE BORROWER TRUST**

20

21        Each Request For Admission propounded by the Borrower Trust has been

22    untimely propounded under the Federal Rules Of Procedure, the Federal Rules of

23    Bankruptcy Procedure and the Case Management And Scheduling Order Regarding

24    ResCap Borrower's Claims Trust's Objection To Claim Number 4445 Filed By Alan

25    Moss(PACER No. 10166, filed October 5, 2016).

26

1    According to the "Certificate of Service" attached thereto, Debtors, and each

2  of them, purportedly served interrogatories on Claimant electronically on November 11,

3  2016. The Proof of Service, done by "certification," states that it was mailed via USPS

4  overnight mail on the same date, to wit November 11, 2016. However, November 11,

5  2016 was Veterans Day and the USPS was closed for the National Holiday on that date;

6  therefore, these interrogatories could not have been, and were not, served on November

7  11, 2016. In fact, the package was allegedly accepted by the USPS on November 12,

8  2016, a Saturday, according to the USPS website "priority express mail" slip attached to

9  the package; this sets forth in handwriting that the package is scheduled to be delivered

10  on November 15, 2016.

11    By its terms, the Scheduling Order requires fact discovery to close on

12  December 13, 2016.

13    The Federal Rules of Civil Procedure controls the time requirements for the

14  service of documents in this case.

15    FRCP 5(b)(2) specifically states *inter alia*:

16    **"(b)  Service: How Made**

17       **(2) Service In General**

18          (C):  mailing it to persons last known address–in which

19              event service is complete upon mailing;

20          (E)  sending it by electronic means *if the person consented*

21              *in writing*-- in which event service is complete upon

22              transmission, but is not effective if the serving party

23              learns that it did not reach the person to be served..."

24

25    Further, FRCP 6 provides in relevant part:

26

---

1    **"FRCP 6: Computing and extending time:**

2    **(a) Computing Time:**

3    The following rules apply in computing any time period

4    specified in these rules:

5    **(1.) Period Stated in days or a longer unit:**

6    (d) Additional Time After Certain Kinds of Service:

7    When a person may or must act within a specified time

8    after being served and service is made under Rule

9    5(b)(2)(C), (D), (E) or (F), 3 days are added after the

10   period would otherwise expire under Rule 6(a).[1]

11   First, regarding electronic service under FRCP 5(b)(2)(E), there is no

12   "consent in writing" in existence to being served electronically as required by FRCP

13   5(b)(2)(E). Even if there was such consent, the three additional days would make service

14   untimely.

15   Second, regarding service by mail, adding three days to November 12, 2016

16   results in a due date of December 15, 2016, two days after the date of fact discovery cut-

17   off.

18   Therefore, these Interrogatories were propounded too late and are untimely.

19   Accordingly, no responses are due.

20   **FURTHER SPECIFIC OBJECTION APPLICABLE TO,**

21   **AND ASSERTED AGAINST, EACH AND EVERY INTERROGATORY**

22   **PROPOUNDED BY THE BORROWER TRUST**

23   _____

24   [1] This text is effective until December 1, 2016. An amended version became effective December
     1, 2016 which eliminated the requirement of 3 additional days on electronic service. Since the "triggering"

25   event occurred prior to December 1, 2016, it is the quoted version which is controlling.

26

CLAIMANT'S AMENDED RESPONSES TO REQUEST
FOR ADMISSION FROM DEBTOR RESCAP                    -7-                    Action No. 12-12020

1       These amended responses, and each of them, are being provided pursuant

2  to Court Order dated January 11, 2017. It is Claimant's position that this Order is

3  erroneous and without legal foundation, and that in overruling Claimant's original

4  responses and objections, the Court erred and violated the Federal Rules of Civil

5  Procedure. This objection is reserved for further proceedings, if and when this matter

6  is appealed.

7

8       **<u>RESPONSES TO REQUESTS FOR ADMISSION</u>**

9  **REQUEST FOR ADMISSION NO. 1:**

10       On June 22, 2005, CJM provided You the Mortgage Loan in the principal amount

11  of $612,500.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

13       This Request for Admission is objected to on the basis that it is vague and

14  ambiguous as to the term Mortgage Loan. There is no such thing in California.

15

16  **REQUEST FOR ADMISSION  NO. 2:**

17       The Mortgage Loan is evidenced by a Note to CJM executed by the Claimant on

18  June 22, 2005 (the "Note").

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

20       This Request for Admission is objected to on the basis that it is vague and

21  ambiguous as to the term Mortgage Loan. There is no such thing in California.

22

23  **REQUEST FOR ADMISSION  NO. 3:**

24       The Mortgage Loan is secured by a deed of trust on the Property (the "Deed of

25  Trust").

26

1    **RESPONSE TO REQUEST FOR ADMISSION  NO. 3:**

2         This Request for Admission is objected to on the basis that it is vague and

3    ambiguous as to the term Mortgage Loan.  There is no such thing in California.

4

5    **REQUEST FOR ADMISSION  NO. 4:**

6         GMACM serviced the Mortgage Loan from March 14, 2006 until February 16,

7    2013.

8    **RESPONSE TO REQUEST FOR ADMISSION  NO. 4:**

9         This Request for Admission is objected to on the basis that it is vague and

10   ambiguous as to the term Mortgage Loan.  There is no such thing in California.

11

12   **REQUEST FOR ADMISSION  5:**

13        The Deed of Trust required the Claimant to make monthly payments on the

14   Mortgage Loan on the first day of each month, beginning with August 1, 2005.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

16        This Request for Admission is objected to on the basis that it is vague and

17   ambiguous as to the term Mortgage Loan.  There is no such thing in California.

18

19   **REQUEST FOR ADMISSION  NO. 6:**

20        On or around April 12, 2006, the Claimant received a letter indicating that the

21   mortgage loan was in default and owing for the August 1, 2005 payment.

22   **RESPONSE TO REQUEST FOR ADMISSION  NO. 6:**

23        Subject to and without waiving its objections, this RFA is Denied on the basis that,

24   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

25   sufficient information to be able to admit or deny this RFA.

26

**REQUEST FOR ADMISSION NO. 7:**

After making a payment on or around April 13, 2006, the Mortgage Loan was owing for the March 1, 2006 payment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

.

**REQUEST FOR ADMISSION NO. 8:**

The Claimant did not timely make the monthly payment due on the Mortgage Loan on March 1, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 9:**

The Claimant did not timely make the monthly payment due on the Mortgage Loan on April 1, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 10:**

The Claimant did not timely make the monthly payment due on the Mortgage Loan on May 1, 2006.

/ / /

1 **RESPONSE TO REQUEST FOR ADMISSION  NO. 10:**

2     Subject to and without waiving its objections, this RFA is Denied on the basis that,

3 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4 sufficient information to be able to admit or deny this RFA.

5

6 **REQUEST FOR ADMISSION 11:**

7     On or around May 15, 2006, the Claimant made a payment on the Mortgage Loan

8 that paid the payment due on March 1, 2006.

9 **RESPONSE TO REQUEST FOR ADMISSION  NO. 11:**

10     Subject to and without waiving its objections, this RFA is Denied on the basis that,

11 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

12 sufficient information to be able to admit or deny this RFA.

13

14 **REQUEST FOR ADMISSION  NO. 12:**

15     On or around May 15, 2006, the Claimant received a letter indicating that the

16 mortgage loan was in default and owing for the April 1, 2006 payment.

17 **RESPONSE TO REQUEST FOR ADMISSION  NO. 12:**

18     Subject to and without waiving its objections, this RFA is Denied on the basis that,

19 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20 sufficient information to be able to admit or deny this RFA.

21

22 **REQUEST FOR ADMISSION NO. 13:**

23     The Claimant did not timely make the monthly payment due on the Mortgage Loan

24 on June 1, 2006.

25 / / /

26

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

2    Subject to and without waiving its objections, this RFA is Denied on the basis that,

3 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4 sufficient information to be able to admit or deny this RFA.

5

6 **REQUEST FOR ADMISSION NO. 14:**

7    As of June16, 2006, the Mortgage Loan was owing for the April 1, 2006 payment.

8 **RESPONSE TO REQUEST FOR ADMISSION  NO. 14:**

9    Subject to and without waiving its objections, this RFA is Denied on the basis that,

10 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

11 sufficient information to be able to admit or deny this RFA.

12

13 **REQUEST FOR ADMISSION  NO. 15:**

14    The Claimant did not timely make the monthly mortgage payment due on the

15 Mortgage Loan on July 1, 2006.

16 **RESPONSE TO REQUEST FOR ADMISSION  NO. 15:**

17    Subject to and without waiving its objections, this RFA is Denied on the basis that,

18 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

19 sufficient information to be able to admit or deny this RFA.

20

21 **REQUEST FOR ADMISSION  NO. 16:**

22    The Claimant did not timely make the monthly mortgage payment due on the

23 Mortgage Loan on August 1, 2006.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

25    Subject to and without waiving its objections, this RFA is Denied on the basis that,

26

1    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

2    sufficient information to be able to admit or deny this RFA.

3

4    **REQUEST FOR ADMISSION   NO. 17:**

5        The Claimant did not timely make the monthly mortgage payment due on the

6    Mortgage Loan on September 1, 2006.

7    **RESPONSE TO REQUEST FOR ADMISSION   NO. 17:**

8        Subject to and without waiving its objections, this RFA is Denied on the basis that,

9    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

10   sufficient information to be able to admit or deny this RFA.

11

12   **REQUEST FOR ADMISSION NO. 18:**

13       The Claimant did not timely make the monthly mortgage payment due on the

14   Mortgage Loan on October 1, 2006.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

16       Subject to and without waiving its objections, this RFA is Denied on the basis that,

17   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

18   sufficient information to be able to admit or deny this RFA.

19

20   **REQUEST FOR ADMISSION NO. 19:**

21       The Claimant did not timely make the monthly mortgage payment due on the

22   Mortgage Loan on November 1, 2006.

23

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25       Subject to and without waiving its objections, this RFA is Denied on the basis that,

26

1  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

2  sufficient information to be able to admit or deny this RFA.

3

4  **REQUEST FOR ADMISSION NO. 20:**

5      The Claimant did not timely make the monthly mortgage payment due on the

6  Mortgage Loan on December 1, 2006.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

8      Subject to and without waiving its objections, this RFA is Denied on the basis that,

9  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

10  sufficient information to be able to admit or deny this RFA.

11

12  **REQUEST FOR ADMISSION NO. 21:**

13      On or around December 1, 2006, the Claimant spoke to a representative at

14  GMACM and agreed to a repayment plan (the "First Repayment Agreement") that included

15  a deposit of $30,000.00 due by December 8, 2006 and five remaining monthly payments

16  of $11,700 per month.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

18      Subject to and without waiving its objections, this RFA is Denied on the basis that,

19  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20  sufficient information to be able to admit or deny this RFA.

21

22  **REQUEST FOR ADMISSION  NO. 22:**

23      On or around December 11, 2006, the Claimant made a payment on the Mortgage

24  Loan of $30,000 which covered the April through August 2006 mortgage payments,

25  making the Mortgage Loan owing for the September 1, 2006 payment.

26

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

2      Subject to and without waiving its objections, this RFA is Denied on the basis that,

3  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4  sufficient information to be able to admit or deny this RFA.

5

6  **REQUEST FOR ADMISSION NO. 23:**

7      On or around January 16, 2007, the Claimant made a payment on the Mortgage

8  Loan of $12,067.27 which covered the September and October 2006 mortgage payments,

9  making the Mortgage Loan owing for November 1, 2006.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

11      Subject to and without waiving its objections, this RFA is Denied on the basis that,

12  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

13  sufficient information to be able to admit or deny this RFA.

14

15  **REQUEST FOR ADMISSION NO. 24:**

16      On or around February 10, 2007, the Claimant made a payment on the Mortgage

17  Loan of $12,000 which covered the November and December 2006, making the

18  Mortgage Loan owing for the January 1, 2007 payment.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20      Subject to and without waiving its objections, this RFA is Denied on the basis that,

21  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

22  sufficient information to be able to admit or deny this RFA.

23

24  **REQUEST FOR ADMISSION 25:**

25      On or around March 21, 2007, the Claimant made a payment on the Mortgage

26

1   Loan of $12,000 which covered the January and February 2007, making the Mortgage

2   Loan owing for the March 1, 2007 payment.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

4       Subject to and without waiving its objections, this RFA is Denied on the basis that,

5   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

6   sufficient information to be able to admit or deny this RFA.

7

8   **REQUEST FOR ADMISSION NO. 26:**

9       On or around April 16, 2007, the Claimant received a letter indicating that the

10   mortgage loan was in default and owing for the March 1, 2007 payment.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

12       Subject to and without waiving its objections, this RFA is Denied on the basis that,

13   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

14   sufficient information to be able to admit or deny this RFA.

15

16   **REQUEST FOR ADMISSION NO. 27:**

17       On or around April 16, 2007, the Claimant spoke with a representative of GMACM

18   and was advised that the First Repayment Plan was cancelled due to non-payment.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

20       Subject to and without waiving its objections, this RFA is Denied on the basis that,

21   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

22   sufficient information to be able to admit or deny this RFA.

23

24   **REQUEST FOR ADMISSION NO. 28:**

25       The Claimant made a payment on or around April 23, 2007 that covered the March

26

1 and April 1, 2007 payment.

**RESPONSE TO REQUEST FOR ADMISSION   NO. 28:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION  NO. 29:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on June 1, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 30:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on June 1, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION 31:**

On or around June 4, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the May 1, 2007 payment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 32:**

The Claimant made a payment on or around June 25, 2007 that covered the May 1, 2007 payment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 33:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on July 1, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 34:**

On or around July 3, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the June 1, 2007 payment.

/ / /

1    **RESPONSE TO REQUEST FOR ADMISSION   NO. 34:**

2         Subject to and without waiving its objections, this RFA is Denied on the basis that,

3    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4    sufficient information to be able to admit or deny this RFA.

5

6    **REQUEST FOR ADMISSION   NO. 35:**

7         The Claimant made a payment on or around August 1, 2007 that covered the June

8    1, 2007 payment.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

10         Subject to and without waiving its objections, this RFA is Denied on the

11    basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant

12    lacks sufficient information to be able to admit or deny this RFA.

13

14    **REQUEST FOR ADMISSION   NO. 36:**

15         The Claimant did not timely make the monthly mortgage payment due on the

16    Mortgage Loan on August 1, 2007.

17    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

18         Subject to and without waiving its objections, this RFA is Denied on the basis that,

19    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20    sufficient information to be able to admit or deny this RFA.

21

22    **REQUEST FOR ADMISSION NO. 37:**

23         On or around August 2, 2007, the Claimant received a letter indicating that the

24    mortgage loan was in default and owing for the July 1, 2007 payment.

25    / / /

26

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

2       This Request For Admission is objected to on the basis set forth hereinabove under

3  General Objections and Special Objection, each of which is incorporated herein by

4  reference as though fully set forth herein.

5

6  **REQUEST FOR ADMISSION NO. 38:**

7       The Claimant did not timely make the monthly mortgage payment due on the

8  Mortgage Losan on September 1, 2007.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10      Subject to and without waiving its objections, this RFA is Denied on the basis that,

11  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

12  sufficient information to be able to admit or deny this RFA.

13

14  **REQUEST FOR ADMISSION NO. 39:**

15      The Claimant did not timely make the monthly mortgage payment due on the

16  Mortgage Loan on October 1, 2007.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

18      Subject to and without waiving its objections, this RFA is Denied on the basis that,

19  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20  sufficient information to be able to admit or deny this RFA.

21

22  **REQUEST FOR ADMISSION NO. 40:**

23      The Claimant did not timely make the monthly mortgage payment due on the

24  Mortgage Loan on November 1, 2007.

25  / / /

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 41:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on December 1, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION   NO. 42:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on January 1, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Subject to and without waiving its objections, this RFA is Denied on the basis that, after a reasonable inquiry was made to obtain sufficient information, Claimant lacks sufficient information to be able to admit or deny this RFA.

**REQUEST FOR ADMISSION   NO. 43:**

The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on February 1, 2008.

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

2      Subject to and without waiving its objections, this RFA is Denied on the basis that,

3  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4  sufficient information to be able to admit or deny this RFA.

5

6  **REQUEST FOR ADMISSION NO. 44:**

7      The Claimant did not timely make the monthly mortgage payment due on the

8  Mortgage Loan on March 1, 2008.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

10     Subject to and without waiving its objections, this RFA is Denied on the basis that,

11  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

12  sufficient information to be able to admit or deny this RFA.

13

14  **REQUEST FOR ADMISSION 45:**

15     The Claimant did not timely make the monthly mortgage payment due on the

16  Mortgage Loan on April 1, 2008.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

18     Subject to and without waiving its objections, this RFA is Denied on the basis that,

19  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20  sufficient information to be able to admit or deny this RFA.

21

22  **REQUEST FOR ADMISSION NO. 46:**

23     The Claimant did not timely make the monthly mortgage payment due on the

24  Mortgage Loan on May 1, 2008.

25  / / /

26

1  **RESPONSE TO REQUEST FOR ADMISSION   NO. 46:**

2      Subject to and without waiving its objections, this RFA is Denied on the basis that,

3  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

4  sufficient information to be able to admit or deny this RFA.

5

6  **REQUEST FOR ADMISSION  NO. 47:**

7      The Claimant did not timely make the monthly mortgage payment due on the

8  Mortgage Loan on June 1, 2008.

9  **RESPONSE TO REQUEST FOR ADMISSION  NO. 47:**

10      Subject to and without waiving its objections, this RFA is Denied on the basis that,

11  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

12  sufficient information to be able to admit or deny this RFA.

13

14  **REQUEST FOR ADMISSION  NO. 48:**

15      By or before June 11, 2008, the claimant became aware that a foreclosure sale of

16  the Property was scheduled for June 13, 2008.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

18      Subject to and without waiving its objections, this RFA is Denied on the basis that,

19  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

20  sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

21  to in that it is vague and ambiguous as to the term "became aware."

22

23  **REQUEST FOR ADMISSION  NO. 49:**

24      On or around June 11, 2008, the Claimant contacted GMACM by phone to request

25  a loan modification.

26

1  RESPONSE TO REQUEST FOR ADMISSION NO. 49:

2      Admit that Claimant did have a conversation with debtor around that date, but in

3  all other ways, denied.

4

5  REQUEST FOR ADMISSION  NO. 50:

6      During the conversation on or around June 11, 2008, GMACM offered the

7  Claimant a six-month foreclosure repayment agreement(the "Second Repayment

8  Agreement").

9  RESPONSE TO REQUEST FOR ADMISSION NO. 50:

10     Subject to and without waiving its objections, this RFA is Denied on the basis that,

11  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

12  sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

13  to on the basis that it is vague and ambiguous as to the term "Second Repayment

14  Agreement," which is an unknown term to Claimant.

15

16  REQUEST FOR ADMISSION 51:

17     The Second Repayment Agreement consisted of $50,000 down payment, as well

18  as six monthly payments of $6,740.78.

19  RESPONSE TO REQUEST FOR ADMISSION  NO. 51:

20     Subject to and without waiving its objections, this RFA is Denied on the basis that,

21  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

22  sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

23  to on the basis that it is vague and ambiguous as to the term "Second Repayment

24  Agreement," which is an unknown term to Claimant.

25  / / /

26

1  **REQUEST FOR ADMISSION NO. 52:**

2      The Claimant paid the $50,000 down payment required by the Second Repayment

3  Agreement on or around June 13, 2008.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

5      Subject to and without waiving its objections, this RFA is Denied on the basis that,

6  after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

7  sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

8  to on the basis that it is vague and ambiguous as to the term "Second Repayment

9  Agreement," which is an unknown term to Claimant.  Admit that Claimant paid $50,000

10 to debtor somewhere around that time period, but deny that it was "required" by any so-

11 called "Second Repayment Plan."

12

13 **REQUEST FOR ADMISSION NO. 53:**

14     On or around June 13, 2008, the Claimant received a copy of the Second

15 Repayment Agreement.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

17     Subject to and without waiving its objections, this RFA is Denied on the basis that,

18 after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

19 sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

20 to on the basis that it is vague and ambiguous as to the term "Second Repayment

21 Agreement," which is an unknown term to Claimant.  Deny that Claimant ever received

22 any such document.

23

24 **REQUEST FOR ADMISSION NO. 54:**

25     The Claimant did not make the payment under the Second Repayment Agreement

26

1   due on July 12, 2008.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

3       Subject to and without waiving its objections, this RFA is Denied on the basis that,

4   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

5   sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

6   to on the basis that it is vague and ambiguous as to the term "Second Repayment

7   Agreement," which is an unknown term to Claimant.

8

9   **REQUEST FOR ADMISSION NO. 55:**

10       The Claimant did not make the payment under the Second Repayment Agreement

11   due on August 12, 2008.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

13       Subject to and without waiving its objections, this RFA is Denied on the basis that,

14   after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

15   sufficient information to be able to admit or deny this RFA. Further, this RFA is objected

16   to on the basis that it is vague and ambiguous as to the term "Second Repayment

17   Agreement," which is an unknown term to Claimant.

18

19   **REQUEST FOR ADMISSION NO. 56:**

20       On or around August 21, 2008, the Claimant sent a personal check to GMACM in

21   the amount of $6,000.00 (the "August 2008 check").

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

23       Admit that Claimant did send a check, in the approximate amount of $6,000, at

24   some time around August 2008. In all other respects, denied.

25

26

---

1    **REQUEST FOR ADMISSION   NO. 57:**

2    The August 2008 check was returned to the Claimant on or around August 25,

3    2008.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

5    Subject to and without waiving its objections, this RFA is Denied on the basis that,

6    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

7    sufficient information to be able to admit or deny this RFA.

8

9    **REQUEST FOR ADMISSION NO. 58:**

10    The Claimant did not make any payments on the Mortgage Loan to GMACM after

11    the August 2008 check was returned.

12    **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

13    Subject to and without waiving its objections, this RFA is Denied on the basis that,

14    after a reasonable inquiry was made to obtain sufficient information, Claimant lacks

15    sufficient information to be able to admit or deny this RFA. Further objection on the basis

16    that this RFA assumes facts not in evidence as Claimant is not aware of, nor has admitted

17    to receiving any such check.

18

19    **REQUEST FOR ADMISSION NO. 59:**

20    The Claimant was aware of the foreclosure sale that occurred on May 7, 2009

21    prior to the date of the sale.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

23    Objection. This RFA is vague and ambiguous as to the term "aware of" and also

24    as to time requirement necessitated by this RFA.  Admit that at some point in time

25    Claimant was informed that a sale had occurred.

26

1  **REQUEST FOR ADMISSION NO. 60:**

2      On September 8, 2012, a Notice of Rescission of the Trustee's Deed Upon Sale

3  was recorded(the "Rescission").

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

5      Objection. This RFA is vague as to time and no such imputation is admitted to that

6  Claimant was informed of this document at the date stated or for months afterward. On

7  that basis, denied.  However, it is admitted that such a document with that title was

8  recorded on that date, but only because it can be located on a publicly accessible website.

9

10  **REQUEST FOR ADMISSION NO. 61:**

11      The Claimant is currently in default under the terms of the Note.

12  **RESPONSE TO REQUEST FOR ADMISSION  NO. 61:**

13      Denied.

14

15  **REQUEST FOR ADMISSION  NO. 62:**

16      The Claimant is currently in default under the terms of the Mortgage Loan.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

18      Denied.

19

20  **REQUEST FOR ADMISSION  NO. 63:**

21      A foreclosure has not been completed on the Property since the Rescission on

22  September 8, 2012.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

24      Objection. Vague and ambiguous as to the term "completed." Claimant does not

25  know what that means in the context of California law.

26

**REQUEST FOR ADMISSION NO. 64:**

The Claimant still resides in the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Admit.

**REQUEST FOR ADMISSION NO. 65:**

The Claimant continues to hold title to the Property, subject to the Note and the Deed of Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Admit.

**REQUEST FOR ADMISSION NO. 66:**

The Claimant entered into a settlement agreement with the Bank of New York Trust Company and Ocwen Loan Servicing, LLC to resolve litigation that you filed against Bank of New York Trust Company.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

This Request For Admission is objected to on the basis that it seeks confidential information.

DATED: January _____, 2017

_____

**ALAN MOSS**

Attorney In Pro Per

## PROOF OF SERVICE

**COURT:     UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CASE NAME:** *IN RE RESCAP, LLC ET AL.*

**ACTION NO.: ACTION NO. 12-12020**

       I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

**CLAIMANT'S AMENDED RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY DEBTOR RESCAP**

on the party(ies) set out in said document by causing a true copy thereof to be:

[  ]    Delivered via e-mail to the e-mail address set forth below next to the recipient's name.

[  ]    By U.S. mail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then placed in the designated office area for outgoing mail.

[  ]    By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[  ]    Delivered by hand to the person or person's office set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[  ]    Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Jessica Arett, Esq.(j.arett@mofo.com)
MORRISON & FOERSTER
250 West 55th Street
New York NY 10019

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed this 20 nd day of January, 2017, at San Francisco, California.

_____