KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

-------------------------------------------------------------

### NOTICE OF FILING OF RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On February 21, 2017, the ResCap Liquidating Trust filed the *Ninety-Sixth Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**").

2.    A hearing (the "**Hearing**") to consider the Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, One Bowling Green, New York, New York, 10004, on **March 23, 2017 at 10:00 a.m.** (prevailing Eastern Time).

3.    Any responses to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **March 14, 2017 at 4:00 p.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Priore).

4.       If no responses to the Objection are timely filed and served to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

5.       A copy of the Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       February 21, 2017

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                /s/ Joseph A. Shifer
                                Kenneth H. Eckstein
                                Douglas H. Mannal
                                Joseph A. Shifer
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000

                                *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: March 23, 2017 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: March 14, 2017 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S NINETY-SIXTH**
**<u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON
<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT
THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this ninety-sixth omnibus objection to claims (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto as **Annex 1**, disallowing and expunging the claims listed on **Exhibit A** annexed to the Proposed Order.[1]  In support of the Objection, the Liquidating Trust submits the declaration of Jill Horner, Chief Financial Officer for the Liquidating Trust (the "**Horner Declaration**"), attached hereto as **Annex 2**, and respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,  and Article XII of the Plan (defined herein).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are section 502(b) and 502(e) of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

---

[1] Claims listed on **Exhibit A** to the Proposed Order are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.   These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2]  On December 17, 2013, the Effective Date of the Plan occurred, and the Liquidating Trust was established [Docket No. 6137].

5.      The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors.  *See* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." Plan, Art. VIII.A.3.

6.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

7.      On August 29, 2012, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").  The Bar Date Order established (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").  Bar Date Order at ¶¶ 2-3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

8.      On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

9.      To date, over 7,400 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

### RELIEF REQUESTED

10.      By this Objection, and for the reasons discussed below, the Liquidating Trust seeks to disallow and expunge the proofs of claim identified on **Exhibit A** to the Proposed Order (collectively, the "**No Liability Claims**").[3]  The No Liability Claims consist of two Disputed Claims: (i) Claim No. 5271 filed by Bank of America NA ("**Bank of America**) against Debtor GMAC Mortgage, LLC (the "**Bank of America Claim**"), and (ii) twenty-four virtually

---

[3] No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

identical claims filed by The Royal Bank of Scotland, plc and its affiliates[4] (collectively, "**RBS**")

filed against various Debtors in unliquidated amounts (the "**RBS Claims**").  Each of the No

Liability Claims are listed on Exhibit A annexed to the Proposed Order.

## OBJECTION

11.    The Liquidating Trust examined the No Liability Claims and supporting

documents filed therewith, as well as the books and records the Debtors maintained in the

ordinary course of business (the "**Books and Records**"), and determined that the No Liability

Claims fail to articulate valid obligations for which the Debtors are liable.  *See* Horner

Declaration ¶ 5.  Accordingly, the No Liability Claims should be disallowed and expunged from

the Claims Register.  If the No Liability Claims are not disallowed and expunged, then the

parties who filed these proofs of claim may potentially receive an improper recovery from the

Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries.  For the reasons set

forth below, the No Liability Claims should be disallowed and expunged.

### A.    **The Bank of America Claim**

12.    The Bank of America Claim asserts a secured claim in the amount of

$160,000.00, related to an alleged improper lien release by GMAC Mortgage, LLC, resulting in

alleged prejudice to Bank of America in its role as successor servicer to an allegedly senior loan

that was impaired by the improper lien release.  In an effort to substantiate the Bank of America

Claim, the Liquidating Trust engaged in discussions with Bank of America among counsel.  As a

result of these discussions, Bank of America has acknowledged that Bank of America no longer

services any loan, or holds any other interest, related to the subject property.  The Liquidating

---

[4] The affiliates include Greenwich Capital Derivatives, Inc.; RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.); RBS Financial Products Inc. (f/k/a Greenwich Capital Financial Products, Inc.); RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.); and Financial Asset Securities Corp.

Trust is constrained to object to the Bank of America Claim because Bank of America has refused to withdraw the Bank of America Claim despite repeated attempts by the Liquidating Trust to effectuate a consensual withdrawal.

### B.    The RBS Claims

13.    Generally, the RBS Claims assert claims related to (i) RBS' role as underwriter of certain Debtor-sponsored residential mortgage loan-backed securitizations (the "**Underwriter Indemnification Claims**"), and (ii) claims related to the purchase of whole mortgage loans from the Debtors (the "**Representation & Warranty Claims**").

14.    To the extent the RBS claims assert Underwriter Indemnification Claims, such claims should be disallowed for reasons similar to those previously explained in the *ResCap Liquidating Trust's Sixty-Seventh Omnibus Objection to Claims (No Liability – Underwriter Indemnification Claims)* [Docket No. 6988].[5]

15.    To the extent the RBS Claims assert Representation & Warranty Claims, the Liquidating Trust has been unable to substantiate any obligation owed to RBS on account of such claims based on a review of the Debtors' Books and Records.  RBS has not responded to numerous requests for such substantiating information.  To date, RBS has not yet provided any documentation supporting any liquidated amount of its alleged claims nor has it supplied any information allowing the Liquidating Trust to estimate its claim.  Accordingly, the Liquidating Trust is constrained to file this Objection to the RBS Claims.

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

---

[5] Because the RBS Claims assert claims in addition to Underwriter Indemnification Claims, the Liquidating Trust did not include the RBS Claims on the *Sixty-Seventh Omnibus Objection*. As all of the Claims subject to the *Sixty-Seventh Omnibus Objection* were consensually resolved, the Liquidating Trust withdrew the *Sixty-Seventh Omnibus Objection* on October 28, 2016 [Docket No. 10200].

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim."). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

17.     For the reasons described above, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

### **RESERVATION OF RIGHTS**

18.     To the extent not expunged by this Objection, the Liquidating Trust reserves the right to object further to any of the No Liability Claims on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Claims Objection Procedures Order

by or on behalf of any of the claimants or other interested parties; (b) object further to any No Liability Claims addressed in this Objection for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any No Liability Claims addressed in this Objection based on additional information that may be discovered upon further review by the Liquidating Trust or through discovery. In addition, as described above and as contemplated and permitted under the Claims Objection Procedures Order, the Liquidating Trust reserves and retains its rights to object to any No Liability Claim addressed in this Objection, but not ultimately expunged, on any and all available grounds.

## NOTICE

19. The Liquidating Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures Order, including upon the holders of the No Liability Claims and their counsel of record. The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein as against the holders of the No Liability Claims has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  New York, New York
         February 21, 2017

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

## **Annex 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S**
**NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the ninety-sixth omnibus objection to claims (the "**Objection**")[1] of the

ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and

expunging the No Liability Claims, as more fully described in the Objection; and it appearing

that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

Objection and the *Declaration of Jill Horner in Support of the ResCap Liquidating Trust's Ninety-Sixth Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 2**; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3.      Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

4.      The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      This Order has no res judicata, estoppel, or other effect on the allowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to each of the claims identified on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2017
          New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3454 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 2 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3455 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 3 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3457 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 4 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3458 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 5 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br><br>Stamford, CT  6901 | 3461 | 11/09/2012 | $0.00<br>$0.00<br><br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br><br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3462 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 7 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3464 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 8 | RBS Financial Products Inc. (f/k/a Greenwich Capital Financial Products, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3465 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 9 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3468 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 10 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3471 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3475 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 12 | RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3479 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3483 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 14 | RBS Financial Products Inc. (f/k/a Greenwich Capital Financial Products, Inc.)<br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3486 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 15 | Financial Asset Securities Corp.<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3489 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Greenwich Capital Derivatives, Inc.<br><br>Attn James Esposito<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3491 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 17 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3495 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 18 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3498 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 19 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3501 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 20 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3506 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
RESCAP LIQUIDATING TRUST'S NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|
| 21 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3509 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 22 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3513 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 23 | RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.)<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 3753 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 24 | The Royal Bank of Scotland, PLC<br><br>Attn Kay Lackey<br>600 Washington Boulevard<br>Stamford, CT  6901 | 4322 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 25 | Bank of America NA Successor to Countrywide Home Loans Servicing v Angela H Cutler v GMAC Mortgage LLC and C and K Homes Inc<br>Morris & Morris, P.C.<br>P.O. Box 30<br>Richmond, VA  23218 | 5271 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$160,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**<u>Annex 2</u>**

**Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JILL HORNER IN SUPPORT**
**OF RESCAP LIQUIDATING TRUST'S NINETY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS  (NO LIABILITY CLAIMS)**

I, Jill Horner, hereby declare as follows:

1.       I serve as the Chief Financial Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"). I have been employed by affiliates of ResCap since 2000, originally as the Manager of Financial Planning and Analysis for Residential Capital Group, a managerial division under Residential Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003 and expanded my role to include Financial Servicing Operations on or around 2007, a position I held until 2010, when I became interim Senior Financial Officer for the International Business Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a position I held until I became the Chief Finance Executive.

2.       In my current position as Chief Financial Officer to the Liquidating Trust, among my other duties, I continue to assist the Trust in connection with the claims reconciliation process.  I am authorized to submit this declaration (the "**Declaration**") in support of the *ResCap*

*Liquidating Trust's Ninety-Sixth Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**").[1]

3.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' and Liquidating Trust's operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' and Liquidating Trust management or other employees of the Debtors and the Liquidating Trust, professionals and consultants of the Debtors and Liquidating Trust, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4.       In my capacity as Chief Financial Officer for the Liquidating Trust, I am familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order.  Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

5.      Considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the No Liability Claims at issue, the supporting documents filed therewith, and the Books and Records, it was determined that each No Liability Claim on **Exhibit A** annexed to the Proposed Order fails to establish a claim for which the Debtors are liable.  For the reasons set forth below, the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim.

6.      The No Liability Claims consist of two Disputed Claims: (i) Claim No. 5271 filed by Bank of America NA ("**Bank of America**) against Debtor GMAC Mortgage, LLC (the "**Bank of America Claim**"), and (ii) twenty-four virtually identical claims filed by The Royal Bank of Scotland, plc and its affiliates[2] (collectively, "**RBS**") filed against various Debtors in unliquidated amounts (the "**RBS Claims**").

A.      **The Bank of America Claim**

7.      The Bank of America Claim asserts a secured claim in the amount of $160,000.00, related to an alleged improper lien release by GMAC Mortgage, LLC, resulting in alleged prejudice to Bank of America in its role as successor servicer to an allegedly senior loan

---

[2] The affiliates include Greenwich Capital Derivatives, Inc.; RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.); RBS Financial Products Inc. (f/k/a Greenwich Capital Financial Products, Inc.); RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.); and Financial Asset Securities Corp.

- 3 -

that was impaired by the improper lien release.  In an effort to substantiate the Bank of America Claim, the Liquidating Trust engaged in discussions with Bank of America among counsel.  As a result of these discussions, Bank of America has acknowledged that Bank of America no longer services any loan, or holds any other interest, related to the subject property.  The Liquidating Trust is constrained to object to the Bank of America Claim because Bank of America has refused to withdraw the Bank of America Claim despite repeated attempts by the Liquidating Trust to effectuate a consensual withdrawal.

### B.    The RBS Claims

8.    The RBS Claims assert claims related to (i) RBS' role as underwriter of certain Debtor-sponsored residential mortgage loan-backed securitizations (the "**Underwriter Indemnification Claims**"), and (ii) claims related to the purchase of whole mortgage loans from the Debtors (the "**Representation & Warranty Claims**").

9.    To the extent the RBS claims assert Underwriter Indemnification Claims, such claims should be disallowed for reasons similar to those previously explained in the *ResCap Liquidating Trust's Sixty-Seventh Omnibus Objection to Claims (No Liability – Underwriter Indemnification Claims)* [Docket No. 6988].[3]

10.    To the extent the RBS Claims assert Representation & Warranty Claims, the Liquidating Trust has been unable to substantiate any obligation owed to RBS on account of such claims based on a review of the Debtors' Books and Records.  RBS has not responded to numerous requests for such substantiating information.  To date, RBS has not yet provided any documentation supporting any liquidated amount of its alleged claims nor has it supplied any

---

[3] Because the RBS Claims assert claims in addition to Underwriter Indemnification Claims, the Liquidating Trust did not include the RBS Claims on the *Sixty-Seventh Omnibus Objection*. As all of the Claims subject to the *Sixty-Seventh Omnibus Objection* were consensually resolved, the Liquidating Trust withdrew the *Sixty-Seventh Omnibus Objection* on October 28, 2016 [Docket No. 10200].

information allowing the Liquidating Trust to estimate its claim.  Accordingly, the Liquidating

Trust is constrained to file this Objection to the RBS Claims.

11.     For the reasons described above, to avoid the possibility that these

claimants receive improper recoveries against the Debtors' estates, and to ensure that the

Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating

Trust requests that this Court disallow and expunge in their entirety each of the No Liability

Claims.

12.     If the No Liability Claims are not disallowed and expunged, the claimants

who filed these Claims may potentially receive an improper recovery to the detriment of other

creditors.

13.     Accordingly, based upon the Liquidating Trust's review and for the

reasons set forth in the Objection, I have determined that each No Liability Claim that is the

subject of the Objection should be disallowed and expunged it its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  February 21, 2017

/s/ Jill Horner
Jill Horner
Chief Financial Officer for the ResCap
Liquidating Trust