**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** Nationstar Mortgage LLC ("**Requesting Party**") asserts that it holds a mortgage and security interest on lands and premises of Leah A. Robinson with an address of 2423 Southeast Cedarwood Drive, Topeka, Kansas 66605 (the "**Mortgaged Property**");

**WHEREAS** undersigned counsel represents the Requesting Party;

**WHEREAS** the relevant land records reflect that GMAC Mortgage, LLC, one of the above-captioned debtors (the "**Debtors**" and, together with Requesting Party, the "**Parties**") may also hold a mortgage and security interest on the Mortgaged Property;

**WHEREAS** the Requesting Party has requested (the "**Request**") relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), to complete the foreclosure of its mortgage and security interests in the Mortgaged Property;

**WHEREAS** the Debtors, following a review of their records have determined that to the best of their knowledge they no longer hold an interest in the Mortgaged Property;

**WHEREAS** the Debtors have agreed to consent to the Request on the terms and conditions contained in this Stipulation and Order;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in these cases by section 362(a) of the Bankruptcy Code is modified and annulled under section 362(d) of the Bankruptcy Code, retroactive to May 14, 2012, solely to the extent necessary to permit Requesting Party to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property and enforce its rights in connection therewith.

3. The Requesting Party shall provide due notice to the Debtors, the ResCap Liquidating Trust[1], Ocwen Loan Servicing, LLC[2], and Green Tree Servicing LLC[3], in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to proceeding with a sale of the Mortgaged Property.

4. Requesting Party shall be liable for and shall reimburse and indemnify the Debtors, their successors and/or assigns (including, without limitation the Rescap Liquidating Trust and the ResCap Borrower Claims Trust, each established pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* confirmed in the above-captioned Chapter 11 Cases pursuant to an order of

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

[3] Notices should be served on Green Tree Servicing LLC via email at: Foreclosure_Team@gt-cs.com or via mail addressed to: Green Tree Servicing LLC, Mailstop: R214, 1400 Turbine Drive, Rapid City, SD 57703.

the Court dated December 11, 2013 [Dkt. No. 6065]) and their respective current and former affiliates, directors, officers, employees, agents, attorneys and other professionals and such parties respective successors and assigns (each an "**Indemnified Party**" and, collectively, the "**Indemnified Parties**") and hold the Indemnified Parties harmless from and against any and all claims, losses, liabilities, costs, disbursements, damages or expenses (including attorneys' fees and expenses and court costs) of any kind whatsoever, and shall indemnify and hold harmless each Indemnified Party from fees, time charges and disbursements of current and former employees of an Indemnified Party (collectively, "**Losses**" and each, a "**Loss**") arising out of, in connection with, in any way related to, or as a result of (i) Requesting Party's attempt to foreclose upon and any foreclosure of the Mortgaged Property and/or (ii) any challenge to the relief contained in or the scope and effect of this Stipulation and Order.

        5.        Requesting Party shall pay to the Indemnified Parties in full any amounts due for Losses under paragraph 4 within fifteen (15) days of written demand therefore.  Such written demand will contain a reasonable description of the Loss and where applicable, contain appropriate invoices, judgment or other certification of Losses for which the Indemnified Parties are obligated.  In addition, upon the written request of any Indemnified Party, Requesting Party shall advance to such Indemnified Party reasonable defense costs and disbursements which if directly incurred by such Indemnified Party would constitute a Loss.

        6.        Any and all notices to Requesting Party in connection with the indemnity set forth in paragraphs 5 and 6 above shall be sent to: Nationstar Mortgage LLC, 8950 Cypress Waters Boulevard, Coppell, TX 75019 (Attn: Bankruptcy Department).

        7.        This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9. Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such rule is waived. The Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

| GMAC MORTGAGE, LLC | NATIONSTAR MORTGAGE LLC |
|---|---|
| By: */s/ Norman S. Rosenbaum*<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: */s/ Shari S. Barak*<br>Shari S. Barak<br>**SHAPIRO, DICARO & BARAK, LLC**<br>105 Maxess Road<br>Suite N109<br>Melville, New York 11747<br>Telephone: (631) 844-9611<br>Facsimile: (631) 844-9525<br><br>*Counsel for Nationstar Mortgage LLC* |

**IT IS SO ORDERED.**

Dated: March 8, 2017
       New York, New York

                                                    _____/s/Martin Glenn_____
                                                    MARTIN GLENN
                                                    United States Bankruptcy Judge

4