**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

In re:                  :

                   :

                   :

      RESIDENTIAL CAPITAL, LLC, *et. al.*     :        Chapter 11

                   :        Case No. 12-12020 (MG)

                   :

                Debtors,     :

--------------------------------------------------------------x

                   :

THE RESCAP BORROWER CLAIMS     :

TRUST,                   :

                Objector,     :        PRETRIAL ORDER

                   :        (PROPOSED)

                   :

         - against -             :

                   :

ALAN MOSS,               :

                Claimant.     :

                   :

--------------------------------------------------------------x

      The Trust and Claimant having conferred, and having conferred with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.     NATURE OF THE CASE

*Claimant's View of the Case*

      This Claim is based on a lawsuit filed by Claimant in the Superior Court of the County of San Mateo of the State of California. At the time of the filing of this bankruptcy action, the lawsuit entitled *Alan Moss vs. Executive Trustee Services* was pending: a default had been entered by the Court, and a hearing for entry of a default judgment was set to be heard to establish damages; under California law, liability could not be contested. This lawsuit was based on claims of negligence, fraud and intentional infliction of emotional distress. This lawsuit was based upon the fact(s) that ETS was illegally appointed as trustee and had no authority to issue the requisite notices that are required by statute in California in order to initiate a non-judicial foreclosure. The debtor, ResCap, has admitted that ETS was illegally appointed and had no authority to issue any statutorily-required notices. ETS could have easily determined that it was illegally appointed as trustee and had no authority to issue any of the

notices.

*Trust's View of the Case*

Alan Moss ("Claimant") obtained a loan from non-Debtor CJ Mortgage, Inc. pursuant to the terms of a note dated June 22, 2005 (the "Note"). The Note was secured by a deed of trust (the "Deed of Trust" and, together with the Note, the "Mortgage Loan") on property located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Property"). Through a series of transfers, the Mortgage Loan was eventually assigned to Bank of New York Trust Company ("Bank of New York"). On September 21, 2006, Executive Trustee Services, LLC ("ETS") was appointed as substitute trustee for the Mortgage Loan. However, the entity appointing ETS did not have the authority to do so.

Debtor GMAC Mortgage, LLC ("GMACM") serviced the Mortgage Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 13, 2013.

The Claimant became delinquent on his mortgage payments in 2007, and ETS recorded a notice of default on September 18, 2007. The scheduled foreclosure sale was cancelled after the parties entered into a six-month foreclosure repayment agreement in June 2008. After making the down payment under the foreclosure repayment agreement, Mr. Moss did not make any other payments on the Mortgage Loan. As a result, as of May 7, 2009, the Mortgage Loan was in default and owing for the January 1, 2008 payment.

On May 7, 2009, ETS conducted a trustee's sale, at which time Bank of New York acquired title to the Property. ETS recorded a Trustee's Deed Upon Sale on May 15, 2009, which granted title in the Property to Bank of New York. At the time of the sale, ETS was not properly appointed as substitute trustee.

On July 22, 2009, the Claimant commenced litigation against Bank of New York in the Superior Court, San Mateo County ("Superior Court"). In that complaint, the Claimant sought to set aside the foreclosure sale. The Claimant also filed a parallel lawsuit against ETS in Superior Court, asserting causes of action for negligence, fraud, and intentional infliction of emotional distress. The allegations in that lawsuit form the basis for the Claimant's proof of claim.

In November 2013, Bank of New York completed a settlement with Mr. Moss that included a dismissal with prejudice of the complaint in the Bank of New York litigation.

Claimant asserts that ETS committed negligence, fraud, and intentional infliction of emotional distress when it recorded the Notices and conducted the Foreclosure Sale when it was not properly appointed as substitute trustee. Claimant asserts that he was

2

damaged by these alleged violations in the form of emotional distress and attorneys'
fees and costs.

II.     **BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE,
        AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS
        OR JUDGMENT**

This Court has core jurisdiction to hear and decide this matter under 28 U.S.C.
sections 1334(a), 1334(b), 157(a), 157(b)(1), 157(b)(2)(B), 157(c)(2) (if needed), by
consent of the parties and the Amended Standing Order of Reference in Case No. 12
MISC 00032 (filed February 1, 2012, Dkt. No. 1).  This is a core matter with respect
to which the bankruptcy court may enter final orders.

III.    **STIPULATED FACTS**

*Origination and Ownership of the Loan*

1.  On June 22 2005, CJ Mortgage, Inc. provided the Claimant with a loan (the "Loan")
    in the principal amount of $612,500, plus interest.

2.  The Loan is evidenced by a Note to CJ Mortgage Inc. executed by Alan Moss on
    June 22, 2005 (the "Note").

3.  The Mortgage Loan is secured by a deed of trust (the "Deed of Trust") on property
    located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Property").

4.  The Deed of Trust was assigned by CJ Mortgage Inc. to Option One Mortgage on or
    around June 27, 2005 and recorded with the County of San Mateo Recorders  Office
    on April 4, 2007 as Document No. 2007-051106.

5.  On October 26, 2005, Option One Mortgage Corporation substituted a new trustee in
    place of the original trustee, to wit:  Premier Trust Deed Services Inc.  Said
    substitution was recorded with the County of San Mateo Recorder's Office on
    February 3, 2006, Document No. 2006-017410.

6.  On September 21, 2006, an entity named TCIF REO2, LLC executed a "Substitution
    of Trustee," naming "Executive Trustee Services, LLC FKA Executive Trustee
    Services, Inc." as trustee.  Said document was executed by a Margie Kwaitanowski.
    Said document was recorded with the County of San Mateo Recorders Office as
    Document No. 2006-170399.

7.  The entity that recorded the Substitution of Trustee naming Executive Trustee
    Services, LLC FKA Executive Trustee Services, Inc. as trustee did not have
    authority to do so at the time of the appointment because it was not the beneficiary
    of the Deed of Trust at the time of the substitution.

8.  A Notice of Default was issued on September 17, 2007, recorded with the County of San Mateo Recorders Office as Document No. 2007-138470, by "Executive Trustee Services, LLC as agent for Beneficiary."

9.  On April 29, 2008,  Margie Kwaitanowski, signed an "Assignment of Deed of Trust", assigned the Deed of Trust to "The Bank of New York Trust Company as successor to  JPMorgan Chase Bank, N.A. as Trustee for Truman Capital Mortgage Loan Trust 2006-1."  Said assignment was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 2008-069109.

10. On May 19, 2008, a "Notice of Trustees Sale" was issued by an entity set forth as ETS Services, LLC.  Said document was recorded by the County of San Mateo Recorders Office on May 22, 2008 as Document No. 2008-059087.

11. On May 7, 2009, a "Trustee's Deed Upon Sale" was issued by Executive Trustee Services, LLC dba ETS Services, LLC.  Said document was recorded by the County of San Mateo Recorders Office as Document No. 2009-061913.  Said document states that Executive Trustee Services, LLC dba ETS Services, LLC, as trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee…Said document also states:  "This conveyance is made in compliance with the terms and provisions of the Deed of Trust ….under the authority and powers vested in the Trustee ….or as the duly appointed Trustee…." Said document further states:  "In witness thereof, Executive Trustee Services, LLC dba ETS Services, LLC as Trustee…."

12. On September 18, 2012, a document entitled "Notice of Rescission of Trustee's Deed Upon Sale" was recorded in the County of San Mateo Recorders Office as Document No. 2012-134405.  Said document states, "That the trustee has been informed by the Beneficiary that the beneficiary desires to rescind the Trustee's Deed recorded upon the foreclosure sale which was conducted in error due to a failure to communicate timely, notice of conditions which would have warranted cancellation of the foreclosure which did occur on 5/7/09."

*Servicing and Payments Toward the Loan*

13. GMACM serviced the Mortgage Loan from March 14, 2006 until February 16, 2013.

14. The Deed of Trust required the Claimant to make monthly payments on the Mortgage Loan on the first day of each month, beginning with August 1, 2005.

15. ETS recorded a notice of default on September 18, 2007 (the "2007 Notice of Default").

16. By or before June 11, 2008, the Claimant became aware that a foreclosure sale of the Property was scheduled for June 13, 2008.

4

17. On or around June 11, 2008, the Claimant contacted GMACM by phone to request a postponement and repayment schedule.

18. During the conversation on or around June 11, 2008, GMACM offered the Claimant a six-month foreclosure repayment agreement (the "Second Repayment Agreement").

19. The Second Repayment Agreement consisted of a $50,000 down payment, as well as six monthly payments of $6,740.78.

20. The Claimant paid the $50,000 payment on or around June 13, 2008.

21. On August 19, 2008, Claimant sent a letter to GMAC Mortgage.

22. On or around August 19, 2008, the Claimant sent a personal check to GMACM in the amount of $6,000 (the "August 2008 Check").

23. On May 7, 2009, ETS conducted a trustee sale, and Bank of New York as trustee acquired title in the Property.

24. ETS recorded a Trustee's Deed Upon Sale on May 15, 2009 (the "Notice of Trustee's Deed Upon Sale"), which granted title in the Property to Bank of New York.

25. On July 22, 2009, the Claimant filed litigation against Bank of New York in Superior Court, San Mateo County, CA (the "Superior Court"), case number 486130. In said complaint, the Claimant sought inter alia to set aside the 2009 trustee sale.

26. On May 5, 2011, the Claimant filed a lawsuit against ETS in the Superior Court, County of San Mateo, Action No. 505386.

27. On September 8, 2012, a Notice of Rescission of the Trustee's Deed Upon Sale was recorded (the "Rescission").

28. A foreclosure has not been completed on the Property since the Rescission on September 8, 2012.

29. The Claimant continues to hold title to the Property, subject to the Note and the Deed of Trust.

30. The Claimant still resides in the Property.

31. The Claimant entered into a settlement agreement with Bank of New York Trust Company and Ocwen Loan Servicing, LLC to resolve litigation that he filed against Bank of New York Trust Company.

ny-1272207

## IV.    PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

### A.    Claimant's Contentions

In addition to the allegation made in Claimant's pleadings in this Court:

1.    On September 21, 2006, an entity named TCIF REO2, LLC executed a pre-printed form named "Substitution of Trustee," naming "Executive Trustee Services, LLC FKA Executive Trustee Services, Inc." as trustee.  Said document was executed by a Margie Kwaitanowski as vice-president of TCIF REO2, LLC.  Said document was recorded with the County of San Mateo Recorders Office as Document No. 2006-170399.

2.    On September 21, 2006, Margie Kwaitanowski was actually an employee of GMACM whose office was located in GMACM offices.

3.    On a date uncertain, which appears to be either May 7, 2008(typed) or September 15, 2007 (hand-written above the typed dated date being struck out), Option One Mortgage Corporation executed a pre-printed form entitled "Corporation Assignment of Deed of Trust" which assigned the Deed of Trust to an entity identified as "TCIF, LLC."  Said document was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 2008-069108.

4.     The signature of the corporate officer who signed the assignment from Option One Mortgage Corporation to TCIF, LLC was notarized on May 7, 2007 or May 7, 2008.  It appears that the date of notarization of May 7, 2008 was typed, and thereafter the "7" was whited out and replaced with a hand-written "8."

5.    Said document, Document No. 2008-069108, as recorded, sets forth that the document was signed on September 15, 2007, a date which was hand-written above the typed date of May 7, 2008 which was crossed out, and notarized four months earlier on May 7, 2007.

6.    A Notice of Default was issued on September 17, 2007, recorded with the County of San Mateo Recorders Office as Document No. 2007-138470, by "Executive Trustee Services, LLC as agent for Beneficiary."  The beneficiary is not identified in the document.

7.    TCIF, LLC is a different legal entity than TCIF2, REO2, LLC.

8.     The entity that purported to substitute Executive Trustee Services, LLC as trustee on September 21, 2006, TCIF REO2,LLC, was never made the beneficiary of the Deed of Trust.  A different legal entity, TCIF, LLC was assigned the Deed of Trust on a date uncertain, either September 15, 2007 or May 7, 2008.

6

9.     On April 29, 2008,  Margie Kwaitanowski, as Assistant Vice President of TCIF, LLC, signed a pre-printed form entitled "Assignment of Deed of Trust", assigned the Deed of Trust to "The Bank of New York Trust Company as successor to  JPMorgan Chase Bank, N.A. as Trustee for Truman Capital Mortgage Loan Trust 2006-1."  Said pre-printed form was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 2008-069109.

10.    On May 19, 2008, a pre-printed form, "Notice of Trustees Sale", was issued by an entity set forth as ETS Services, LLC.  Said document was recorded by the County of San Mateo Recorders Office on May 22, 2008 as Document No. 2008-059087.

11.    On May 7, 2009, a pre-printed form entitled "Trustee's Deed Upon Sale", was issued by Executive Trustee Services, LLC dba ETS Services, LLC.  Said document was recorded by the County of San Mateo Recorders Office as Document No. 2009-061913.  Said document states that Executive Trustee Services, LLC dba ETS Services, LLC, as trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee…Said document also states:  "This conveyance is made in compliance with the terms and provisions of the Deed of Trust ….under the authority and powers vested in the Trustee ….or as the duly appointed Trustee…."  Said document further states:  "In witness thereof, Executive Trustee Services, LLC dba ETS Services, LLC as Trustee…."

12.    On September 9, 2009, Sand Canyon Corporation f/k/a Option One Mortgage Corporation purported to retroactively assign the Deed of Trust to "TCIF,LLC."  The document is dated April 4, 2009, but the signature is notarized on September 2, 2009.  Said document was recorded with the County of San Mateo Recorder's Office on September 17, 2009 as Document No. 2009-124607.

13.    On September 18, 2012, a document entitled "Notice of Rescission of Trustee's Deed Upon Sale" was recorded in the County of San Mateo Recorders Office was recorded as Document No. 2012-134405.  Said document states, "That the trustee has been informed by the Beneficiary that the beneficiary desires to rescind the Trustee's Deed recorded upon the foreclosure sale which was conducted in error due to a failure to communicate timely, notice of conditions which would have warranted  cancellation of the foreclosure which did occur on 5/7/09."

14.    On June 12, 2008, Claimant sent a letter to Alfred Hudspeth of GMAC Mortgage, enclosing a check in the amount of $50,000.00 to "cancel the sale set forth tomorrow."  No response was received.

15.    On July 23, 2008, Claimant sent a letter via telefax to Alfred Hudspeth of GMAC Mortgage, following up on the June 12, 2008 letter.  No response was received.

16.    On August 7, 2008, Claimant sent a letter via telefax to Alfred Hudspeth of GMAC Mortgage, following up on the letters of June 12, 2008 and July 23, 2008.  No response was received.

17.    The notary who notarized Document No. 2008-069108(the assignment from Option One Mortgage to TCIF, LLC) signed a Declaration under penalty of perjury on May 19, 2011, averring that he notarized the document on May 7, 2008, the date that the signatory appeared before him and signed the document, and not on the handwritten date of September 15, 2007.

18.    The litigation in Case No. 486130 was controlled and conducted by GMACM, also known as Ally Financial, and also known as ResCap, and not by the Bank of New York Trust Company, N.A.

19.    By Declaration filed in the ETS litigation referenced above, Carol Bonello, a Litigation Case Manager employed by Ally Financial, the parent of GMACM, stated that GMACM and ETS were both wholly-owned subsidiaries of Ally Financial, and that Ally Financial tendered legal defense to BONYT and ETS.

20.    ETS had and has an inherent conflict of interest and therefore could not serve in the capacity as trustee without being in violation of California law.

21.    ETS was never notified by way of a written demand issued by the then beneficiary to institute non-judicial foreclosure proceedings.

22.    There is no record of any such communication from the beneficiary to ETS.

23.    No business records of ETS have been produced by ResCap despite multiple requests to do so by Claimant.

24.    There is no record of ETS that it complied with the State of California regarding non-judicial foreclosure.

25.    There was a conspiracy to retroactively perfect chain-of-title so as to attempt to validate the illegal foreclosure sale of Claimant's home.

26.    GMACM, in controlling the litigation in *Moss vs. BONYT* for five years, never admitted or conceded that ETS was illegally appointed as trustee.

## B.    Trust's Contentions

1.    Option One transferred the Deed of Trust to TCIF, LLC ("TCIF") on or around September 15, 2007.

2.    TCIF assigned the Deed of Trust to Bank of New York Trust Company ("Bank of New York") on or around April 29, 2008.

3.    On or around April 12, 2006, the Claimant received a letter indicating that the mortgage loan was in default and owing for the August 1, 2005 payment.

4.    After making a payment on or around April 13, 2006, the Mortgage Loan was owing for the March 1, 2006 payment.

5.      The Claimant did not timely make the monthly payment due on the Mortgage Loan on March 1, 2006.

6.      The Claimant did not timely make the monthly payment due on the Mortgage Loan on April 1, 2006.

7.      The Claimant did not timely make the monthly payment due on the Mortgage Loan on May 1, 2006.

8.      On or around May 15, 2006, the Claimant made a payment on the Mortgage Loan that satisfied the payment due on March 1, 2006.

9.      On or around May 15, 2006, the Claimant received a letter indicating that the mortgage loan was in default and owing for the April 1, 2006 payment.

10.     The Claimant did not timely make the monthly payment due on the Mortgage Loan on June 1, 2006.

11.     As of June 16, 2006, the Mortgage Loan was owing for the April 1, 2006 payment.

12.     On June 16, 2006, the Mortgage Loan was referred to foreclosure because the account was owing for the April 1, 2006 payment.

13.     ETS recorded a notice of default on June 20, 2006 (the "2006 Notice of Default").

14.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on July 1, 2006.

15.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on August 1, 2006.

16.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on September 1, 2006.

17.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on October 1, 2006.

18.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on November 1, 2006.

19.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on December 1, 2006.

20.     On or around December 1, 2006, the Claimant spoke to a representative at GMACM and agreed to a repayment plan (the "First Repayment Agreement") that included a deposit of $30,000 due by December 8, 2006 and five remaining monthly payments of $11,700 per month.

21.    On or around December 11, 2006, the Claimant made a payment on the Mortgage Loan of $30,000 that covered the April through August 2006 mortgage payments, making the Mortgage Loan owing for the September 1, 2006 payment.

22.    On or around January 16, 2007, the Claimant made a payment on the Mortgage Loan of $12,067.27 that covered the September and October 2006 mortgage payments, making the Mortgage Loan owing for the November 1, 2006 payment.

23.    On or around February 10, 2007, the Claimant made a payment on the Mortgage Loan of $12,000 that covered the November and December 2006 mortgage payments, making the Mortgage Loan owing for the January 1, 2007 payment.

24.    On or around March 21, 2007, the Claimant made a payment on the Mortgage Loan of $12,000 that covered the January and February 2007 mortgage payments, making the Mortgage Loan owing for the March 1, 2007 payment.

25.    On or around April 16, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the March 1, 2007 payment.

26.    On or around April 16, 2007, the Claimant spoke with a representative of GMACM and was advised that the First Repayment Agreement was cancelled due to non-payment.

27.    The Claimant made a payment on or around April 23, 2007 that covered the March 1 and April 1, 2007 payment.

28.    The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on May 1, 2007.

29.    On May 4, 2007, a Notice of Rescission of the 2006 Notice of Default was recorded.

30.    The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on June 1, 2007.

31.    On or around June 4, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the May 1, 2007 payment.

32.    The Claimant made a payment on or around June 25, 2007 that covered the May 1, 2007 payment.

33.    The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on July 1, 2007.

34.    On or around July 3, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the June 1, 2007 payment.

10

35.     The Claimant made a payment on or around August 1, 2007 that covered the June 1, 2007 payment.

36.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on August 1, 2007.

37.     On or around August 2, 2007, the Claimant received a letter indicating that the mortgage loan was in default and owing for the July 1, 2007 payment.

38.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on September 1, 2007.

39.     On September 17, 2007, GMACM referred the Mortgage Loan to foreclosure because the account was owing for the July 1, 2007 payment.

40.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on October 1, 2007.

41.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on November 1, 2007.

42.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on December 1, 2007.

43.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on January 1, 2008.

44.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on February 1, 2008.

45.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on March 1, 2008.

46.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on April 1, 2008.

47.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on May 1, 2008.

48.     The Claimant did not timely make the monthly mortgage payment due on the Mortgage Loan on June 1, 2008.

49.     On or around July 11, 2008, GMACM received the executed Second Repayment Agreement.

50.     The Claimant did not make the payment under the Second Repayment Agreement due on July 12, 2008.

51.    On July 16, 2008, GMACM attempted to contact the Claimant via phone regarding the late payment, but the Claimant did not answer.

52.    The Claimant did not make the monthly payment under the Second Repayment Agreement due on August 12, 2008.

53.    The August 2008 Check was returned to the Claimant on or around August 25, 2008 because it was less than the amount required under the Second Repayment Agreement.

54.    The Claimant did not make any payments on the Mortgage Loan to GMACM after the August 2008 Check was returned.

55.    The Claimant was aware of the foreclosure sale that occurred on May 7, 2009 prior to the date of the sale.

## V.    Issues to be Tried

1.    Whether ETS acted with actual malice when it published the foreclosure related notices (the "Notices") which means: (1) that the publication was motivated by hatred or ill will toward the claimant, or (2) by a showing that ETS lacked reasonable grounds for belief in the truth of the publications and therefore acted in reckless disregard of the claimant's rights.

2.    Whether ETS acted with malice, as defined hereinabove, when it conducted or caused to be conducted, the Foreclosure Sale.

3.    Whether ETS acted negligently, under California law, when it published the Notices and conducted the Foreclosure Sale.

4.    Whether ETS committed fraud, under California law, when it published the Notices and conducted the Foreclosure Sale.

5.    Whether publishing the Notices or conducting the Foreclosure Sale constituted extreme or outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the Claimant.

6.    The extent of actual damages, if any, proximately and reasonably caused to the Claimant by ETS's publishing of the Notices and conducting the Foreclosure Sale.

## VI.    Claimant's Exhibits

1.    Assignment of Deed of Trust to Option One Mortgage Corp., said assignment was recorded with the County of San Mateo on April 4, 2007 as Document No. 2007-051106.

2.     Substitution of trustee by Option One Mortgage Corporation substituted a new trustee. Said substitution was recorded with the County of San Mateo Recorder's Office on February 3, 2006, Document No. 2006-017410.

3.     Substitution of Trustee, dated September 21, 2006, by TCIF REO2, LLC naming "Executive Trustee Services, LLC FKA Executive Trustee Services, Inc." as trustee. Said document was recorded with the County of San Mateo Recorders Office as Document No. 2006-170399.

4.     Assignment of Deed of Trust.  On a date uncertain, which appears to be either May 7, 2008(typed) or September 15, 2007(hand-written above the typed dated date being struck out), Option One Mortgage Corporation executed a pre-printed form entitled "Corporation Assignment of Deed of Trust" which assigned the Deed of Trust to an entity identified as "TCIF, LLC."  Said document was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 2008-069108.

5.     Notice of Default dated September 17, 2007.  Recorded with the County of San Mateo Recorders Office on September 18, 2007 as Document No. 2007-138470.

6.     Corporation Assignment of Deed of Trust from Option One Mortgage Corp. to TCIF, LLC.  Said document was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 20009-069108.

7.     Assignment of Deed of Trust dated April 29, 2008 from TCIF, LLC to The Bank of New York Trust Company as successor to JPMorgan Chase Bank, as Trustee for Truman Capital Mortgage Loan Trust 2006-1.  Said document was recorded with the County of San Mateo Recorders Office on June 16, 2008 as Document No. 20008-069109.

8.     Notice of Trustees Sale dated May 19, 2008.  Said document was recorded with the County of San Mateo Recorders Office on May 9, 2008 as Document No. 2008--059087.

9.     Trustees Deed Upon Sale dated May 7, 2009. Said document was recorded with the County of San Mateo Recorders Office on May 18, 2009 as Document No. 2009-061913.

10.    Assignment of Deed of Trust from Sand Canyon Corporation f/k/a Option One Mortgage Corp. to TCIF, LLC.

11.    Notice Of Rescission Of Trustee's Deed Upon Sale on September 13, 2012. Said document was recorded with the County of San Mateo Recorders Office on September 18, 2012 as Document No. 2012-134405.

12.    Notice Of Rescission Of Notice Of Default dated May 7, 2007. Said document was recorded with the County of San Mateo Recorders Office on May 17, 2007 as Document No. 2007--076538.

13.     Notice Of Rescission Of Notice Of Default dated January 9, 2013. Said document was recorded with the County of San Mateo Recorders Office on August 19, 2013 as Document No. 2013-2013-121648.

14.     Letter from Claimant to Alfred Hudspeth, GMAC, dated June 12, 2008.

15.     Letter from Claimant to Alfred Hudspeth, GMAC, dated July 23, 2008.

16.     Letter from Claimant to Alfred Hudspeth, GMAC, dated August 7, 2008

17.     Letter from Claimant to GMAC Mortgage dated August 19, 2008.

18.     Declaration of R.A. Salazar

19.     Declaration Of Carol Bonello

20.     Moss vs. Executive Trustee Services, Action No. CIV505386, Statement Of Damages.

21.     Settlement Agreement between Claimant and Executive Trustee Services LLC by Ocwen Loan Servicing LLC, and The Bank of New York Mellon Trust Company.

22.     Amended Responses To Plaintiff Alan Moss's Second Set of Interrogatories Pursuant to Meet and Confer Agreement Dated June 13, 2013 in Moss vs. BONYT, San Mateo County Superior Court, No. CIV486130.

23.     Discovery responses showing ResCap didn't send Demand To Initiate Foreclosure to ETS.

24.     Online ad for ETS

25.     Document Production from ResCap, certain pages re ETS

26.     Verified Complaint in The Bank of New York Trust Company, N.A. vs. Alan Moss, Action No. CLJ199935.

27.     Verified Complaint in The Bank of New York Trust Company, N.A. vs. Alan Moss, Action No. CLJ199552.

28.     ResCap Borrowers Claims Trust Responses and Objections To Claimants First Set of Interrogatories  Directed At Executive Trustee Services, LLC

29.     ResCap Borrowers Claims Trust Responses and Objections To Claimants First Set of Requests For Admission Directed At Executive Trustee Services, LLC

30.     ResCap Borrowers Claims Trust Responses and Objections To Claimants First Set of Request For Production Of Documents Directed At Executive Trustee Services, LLC

31.    ResCap Borrowers Claims Trust Responses and Objections To Claimants First Set of Request For Interrogatories Directed at ResCap

32.    ResCap Borrower Claims Trust Responses and Objections to Claimants First Set of Request for Admissions Directed at ResCap

33.    ResCap Borrower Claims Trust Responses and Objections to Claimants First Set of Request for Production of Documents Directed at Residential Capital, LLC

34.    ResCap Borrower Claims Trust Responses and Objections to Claimants Second Set of Interrogatories Directed at Executive Trustee Services, LLC

35.    ResCap Borrower Claims Trust Responses and Objections to Claimants Second Set of Interrogatories Directed at ResCap

36.    ResCap Borrower Claims Trust Responses and Objections to Claimants Second Set of Requests for Admission Directed at ResCap

37.    ResCap Borrower Claims Trust Responses and Objections to Claimants Second Set of Requests for Admission Directed at Executive Trustee Services, LLC

38.    Deposition Transcript of Marge Kawitanowski dated January 31, 2006 in *TCIF REO2, LLC vs. Leibowitz*

39.    Order Granting Defendants Motion for Sanctions in *TCIF REO2, LLC vs. Leibowitz*

40.    Order Granting Motion To Dismiss, Moss vs. BONYT, NA(USDC N.Cal. 2011) October 13, 2011.

41.    Order Denying Motion To Dismiss, Moss vs. BONYT, NA(USDC N.Cal. 2011) October 13, 2011.February 16, 2012.

## VII.    Trust's Exhibits

1.    Endorsed Note, dated June 22, 2005

2.    Mortgage Deed, dated June 22, 2005

3.    Claimant's proof of claim, including attachments

4.    Assignment of Deed of Trust from CJ Mortgage, Inc. to Option One Mortgage Corp.

5.    Assignment of Deed of Trust from Option One Mortgage to TCIF, LLC

6.    Assignment of Deed of Trust from TCIF, LLC to Bank of New York

7.    Notice of Default, recorded on June 20, 2006

ny-1272207

8.    Substitution of Trustee recorded November 10, 2006

9.    Notice of Rescission of 2006 Notice of Default, recorded on May 4, 2007

10.    Notice of Default, recorded on September 18, 2007

11.    Notice of Trustee's Sale, recorded on May 22, 2008

12.    Notice of Trustee's Deed Upon Sale, recorded on May 15, 2009

13.    Notice of Rescission of Notice of Default, recorded on August 19, 2013

14.    Notice of Rescission of the Trustee's Deed Upon Sale, recorded on September 8, 2012

15.    Letter from GMACM to Claimant, dated April 12, 2006

16.    Letter from GMACM to Claimant, dated May 15, 2006

17.    Letter from GMACM to Claimant, dated April 16, 2007

18.    Letter from GMACM to Claimant, dated June 4, 2007

19.    Letter from GMACM to Claimant, dated July 3, 2007

20.    Letter from GMACM to Claimant, dated August 2, 2007

21.    Servicing Notes

22.    Foreclosure Repayment Agreement, dated June 13, 2008

23.    Complaint for Moss v. Bank of New York

24.    Complaint for Moss v. Executive Trustee Services, LLC

25.    Diligence Response, dated July 25, 2013

26.    Creditor Alan Moss' Amended Responses to Interrogatories From Debtor ResCap

27.    Creditor Alan Moss' Amended Responses to Requests for Admission from Debtor ResCap

28.    Creditor Alan Moss' Amended Responses to Requests for Production of Documents from Debtor ResCap

29.    LPS Notes

30.    Settlement Agreement entered into between Alan Moss and Bank of New York Trust Company

16

No exhibit not listed by Claimant or the Trust may be used at trial except (a) for cross-examination purposes, (b) for rebuttal, or (c) if good cause for its exclusion from the pretrial order is shown.

## VIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

    **a.**    <u>The Parties stipulate to the authenticity of the following Exhibits</u>

1. Endorsed Note, dated June 22, 2005

2. Deed of Trust, dated June 22, 2005

3. Claimant's proof of claim, including attachments

4. Assignment of Deed of Trust from CJ Mortgage, Inc. to Option One Mortgage Corp.

5. Assignment of Deed of Trust from Option One Mortgage to TCIF, LLC

6. Assignment of Deed of Trust from TCIF, LLC to Bank of New York

7. Assignment of Deed of Trust from Sand Canyon Corporation f/k/a Option One Mortgage to TCIF, LLC dated April 4, 2009 and recorded September 17, 2009.

8. Substitution of Trustee dated October 26, 2005 and recorded February 3, 2006.

9. Substitution of Trustee dated September 21, 2006 and recorded November 10, 2006

10. Notice of Rescission of 2006 Notice of Default, recorded on May 4, 2007

11. Notice of Default,  dated September 17, 2007, recorded on September 18, 2007

12. Notice of Trustee's Sale, recorded on May 22, 2008

13. Trustee's Deed Upon Sale, dated May 7, 2009 and recorded on May 18, 2009

14. Notice of Rescission of Notice of Default, recorded on August 19, 2013

15. Notice of Rescission of the Trustee's Deed Upon Sale, recorded on September 8, 2012

16. Complaint in Moss v. Bank of New York

17. Complaint in Moss v. Executive Trustee Services, LLC

18. Diligence Response, dated July 25, 2013

19. Creditor Alan Moss' Amended Responses to Interrogatories From Debtor ResCap

20.    Creditor Alan Moss' Amended Responses to Requests for Admission from Debtor ResCap

21.    Creditor Alan Moss' Amended Responses to Requests for Production of Documents from Debtor ResCap

22.    LPS Notes

23.    Settlement Agreement entered into between Alan Moss and Bank of New York Trust Company

**b.**        Claimant's Objections

1.    Any and all purported letters from GMACM to Claimant

2.    Servicing Notes

3.    Foreclosure Repayment Agreement

**c.**        Trust's Objections

1.    Letter from Claimant to Alfred Hudspeth, GMAC, dated June 12, 2008, on grounds that it was not produced during discovery even though it was requested.

2.    Letter from Claimant to Alfred Hudspeth, GMAC, dated July 23, 2008, on grounds that it was not produced during discovery even though it was requested.

3.    Letter from Claimant to Alfred Hudspeth, GMAC, dated August 7, 2008, on grounds that it was not produced during discovery even though it was requested.

4.    Letter from Claimant to GMAC Mortgage dated August 19, 2008, on grounds that it was not produced during discovery even though it was requested.

5.    Declaration of R.A. Salazar, on grounds that it was not produced during discovery even though it was requested.

6.    Amended Responses To Plaintiff Alan Moss's Second Set of Interrogatories Pursuant to Meet and Confer Agreement Dated June 13, 2013 in *Moss vs. BONYT*, San Mateo County Superior Court, No. CIV486130, on grounds that it was not produced during discovery even though it was requested.

7.    Declaration of Carol Bonello, on grounds that it was not produced during discovery even though it was requested.

8.    Online ad for ETS, on grounds that it was not produced during discovery even though it was requested.

9.    Complaint in BONYT vs. Moss for eviction, on grounds that it was not produced during discovery even though it was requested.

18

10.    Complaint in BONYT vs. Moss for eviction, on grounds that it was not produced during discovery even though it was requested.

11.    Transcript of hearing imposing sanctions on Margie Kwaitanowski, on grounds that it was not produced during discovery even though it was requested, and is also not relevant.

12.    Deposition Transcript of Marge Kawitanowski dated January 31, 2006 in *TCIF REO2, LLC vs. Leibowitz* on grounds that it was not produced during discovery even though it was requested, and is also not relevant.

13.    Order Granting Defendants Motion for Sanctions in *TCIF REO2, LLC vs. Leibowitz* on grounds that it was not produced during discovery even though it was requested, and is also not relevant.

## IX.    Claimant's Witness List

1.    Alan Moss

## X.    Trust's Witness List

1.    Sara Lathrop

The witness listed may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.  Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

## XI.    RELIEF SOUGHT

**Relief Sought By Claimant**

Granting of Claimant's claim and overruling the Trust's objection.

**Relief Sought by Trust**

The Trust is seeking to have the Claimant's Proof of Claim disallowed and expunged.

## XII.    DEADLINES and Hearing Date

The Parties propose the following pretrial deadlines:

- Pretrial memoranda of law, which shall include a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to

establish each element, and addressing any evidentiary issues anticipated to arise during evidentiary hearing on this matter (the "Trial"), shall be filed **not later than April 24, 2017** and served on the opposing party via email.

The parties jointly propose the following pretrial deadlines:

- The parties shall participate in a telephonic pretrial conference at **2:00 p.m. prevailing Eastern Time on April 19, 2017**.
- **Not later than 5:00 p.m. prevailing Eastern Time on May 1, 2017**, each party shall provide to the Court with (but not file) two copies of (i) the respective party's final witness and exhibit lists and (ii) pre-marked exhibits (Claimant to identify their exhibits with numbers, e.g., 1, 2, 3, etc.; the Trust to identify its exhibits with letters, e.g., A, B, C, etc.), assembled sequentially in notebooks and tabbed, or, if too voluminous, with each exhibit placed in a separate manila folder with number or letter visible on the lip, and the folder placed in a suitable container or box for ready reference.  Each exhibit list shall include a description of each exhibit.  One copy of the witness and exhibit lists and one set of exhibits should be provided to opposing counsel via email.  No witnesses or exhibits that are not listed in the witness and exhibit lists may be used at the Trial.

The Trial shall take place on **May 8, 2017 at 9:00 a.m. prevailing Eastern Time**.

## XIII.  Evidentiary Hearing Procedures

### A.    Use of Exhibits During Trial

Counsel is responsible for marking his or her own exhibits. Counsel must identify for the Court and opposing counsel, and give a copy to the witness, each exhibit before using it at the Trial. All exhibits that will be shown to a witness should, if possible, be placed before the witness at the start of counsel's witness examination. Questions and arguments should be delivered from the lectern, but counsel may approach the witness without asking leave whenever it is necessary. And, if counsel is standing near the witness for the purpose of pointing something out on an exhibit, opposing counsel may also be present to observe first-hand what is being pointed out.

### B.    "Timed" Trial

The Trial will be a "timed trial," with a maximum of 6-trial hours during the course of 1 day. Each side will be allocated a maximum of 3-trial hours to use for opening statement, all direct, cross-examination and redirect witness examinations, and summation. Counsel is responsible for having her or his witnesses present and ready to testify without any delays or gaps in testimony.

### C.    Status Report

**Not later than 5:00 p.m. prevailing Eastern Time on May 1, 2017**, counsel shall submit a written status report to the Court, identifying any issues that must be resolved before the Trial starts, and also whether counsel believe the case may be resolved by settlement before the Trial begins.

20

Dated:  April 12, 2017

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

Dated:  April 12, 2017

/s/ Alan Moss
Alan Moss
P.O. Box 721
Moss Beach, CA 94038
Telephone: (415) 494-8314
Facsimile: (650) 728-0738

*Acting Pro Se*

**IT IS SO ORDERED:**

_____
**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

ny-1272207