UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUCE AND ALLOW BORROWER CLAIMS AND (III) ALLOW IN FULL BORROWER CLAIM)

Upon the ninety-fifth omnibus objection to claims (ECF Doc. # 10296, the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF Doc. # 3294) (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims, reducing the Reduce and Allow Borrower Claim, and allowing the Allow in Full Borrower Claim, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Sara Lathrop in Support of the ResCap Borrower Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim)* annexed thereto as Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Ninety-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claims, and (III) Allow in Full Borrower Claim)*, annexed thereto as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after a hearing held on the Objection on March 23, 2017; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (the "Reduce and Allow Borrower Claims") are hereby reduced and allowed as provided for on Exhibit B; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, claim number 3848 filed by Atilla and Cicek Durmaz (the "Allow in Full Borrower Claim") is hereby allowed as a general unsecured claim against Debtor GMAC Mortgage, LLC in the filed amount of $32,718.42 and shall receive the treatment provided for Allowed Borrower Claims against the GMACM Debtors provided for in Article III.D.2(f) of the Plan; and it is further

ORDERED that Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that KCC is directed to modify the Reduce and Allow Borrower Claims as set forth on the schedule attached as Exhibit B hereto so that such claims are reflected on the Claims Register in a manner consistent with this Order; and it is further

ORDERED that KCC is directed to reflect on the Claims Register that the Allow in Full Borrower Claim is allowed as a general unsecured claim against GMAC Mortgage, LLC in the amount of $32,718.42; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 (ECF Doc. # 141), the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Allow in Full Borrower Claim and the

claims listed on Exhibit A or Exhibit B annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto or the Allow in Full Borrower Claim; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, Reduce and Allow Borrower Claim identified on Exhibit B annexed hereto, and the Allow in Full Borrower Claim, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  April 26, 2017
       New York, New York

                                        **_/s/ Martin Glenn_**
                                        MARTIN GLENN
                                    United States Bankruptcy Judge