**Exhibit A**

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 2549 | Michael Davalos<br><br>2185 Brookside Ln SE Roanoke, VA 24014<br><br>$247,000<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Wrongful Foreclosure | Loan was originated by USAA Federal Saving Bank on October 9, 2007. Debtor GMAC Mortgage, LLC purchased the loan from USAA and transferred its interest to Fannie Mae. Debtors serviced the loan under a private label servicing agreement with USAA from origination until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts (direct quote): "Fraud leading to foreclosure, lawsuit pending in Circuit Court of Roanoke City, Virginia filed in 2011, CL 11-295" as basis for claim in box 2 of the proof of claim form. Attached to the proof of claim was the lawsuit Claimant filed in Roakoke City, VA CL 11-295. A letter was sent to the claimants for additional information on June 21, 2013. Claimant responded on July 22, 2013, In the Claimant Response Letter Claimant states the Basis of Claimant as: "The basis for and the amount of Mr. Davalos's claim in this bankruptcy is the same as in his lawsuit filed against GMAC Mortgage LLC in Roanoke City Circuit Court. The amount sought is for actual damages, statutory damages, punitive damages, and attorney's fees as detailed in the attached amended complaint. Redacted attorney time for one of Davalos's counsel is attached showing over $12,000 in fees. Exhibit to the Complaint, has GMAC's stipulation to the core misrepresentation." Claimant also attached an email to Debtors, redacted attorney time for Claimant's Counsel, a copy of Lawsuit Claimant filed in Roanoke City, VA CL 11-295.<br><br>Claimant asserts wrongful foreclosure as the account was under review for a loan | Page 8 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification. Debtors have no liability for this allegation as the trial plan for the second loan modification review was not completed due to two of Claimant's payments being returned for insufficient funds and the third loan modification was denied due to Claimant not sending in all documents needed for loan modification review prior to the foreclosure sale date (which prevented the Debtors from even beginning the review).<br><br>Debtors received workout package on March 31, 2010. The workout package was missing benefit award letter for $243 monthly income and a completed 456-T tax form. Claimant spoke with Debtors via phone on April 5, 2010. Debtors advised Claimant of missing items needed to complete workout package. Debtors also advised of the pending foreclosure sale on April 12, 2010. Foreclosure sale was postponed on April 7, 2010. Debtors received all necessary documents for workout package on April 13, 2010. Debtors approved a three month trial plan on April 19, 2010 with payments of $652.78 due on the 29th of April, May, and June 2010.<br><br>On June 16, 2010, the trial payment Claimant made on May 29, 2010 in amount of $665.28 was returned for insufficient funds and a letter was mailed to Claimant informing him of the returned payment on June 17, 2010. A replacement payment was not received, resulting in the loan modification being denied. A denial letter was mailed to Claimant on July 12, 2010 informing Claimant of the loan modification not being approved. In addition to the May 29, 2010 payment | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | being returned, the final payment was also returned for insufficient funds on July 14, 2010 in the amount of $625.41 and a letter was mailed to Claimant July 15, 2010 advising of the payment being rejected for insufficient funds. Debtors also mailed a Breach letter to Claimant on July 14, 2010. In accordance with HAMP guidelines, the loan was not referred to foreclosure until August 20, 2010, more than 30 days after the loan modification was denied.<br><br>Claimant spoke with Debtors via phone on September 1, 2010. Claimant provided verbal authorization to speak with third party, Elia Erickson, who wanted to make a payment on the account, Debtors advised Ms. Erickson that due to delinquency on account one payment would not be accepted. Ms. Erickson also inquired about loan modification and Debtors advised that it would have workout package mailed and advised has 15 days to return workout package for review. Debtors received a workout package on September 27, 2010. The workout package was not complete.<br><br>On October 5, 2010, Debtors sent Claimant a letter indicating that the workout package was not complete and that no review would begin until all of the documents were received. Debtors received additional documents for the workout package on November 3, 2010 however the workout package was still missing documents needed for review. A 15 days missing items letter was mailed to Claimant on November 8, 2010 requesting the additional items needed for workout package. Debtors did not receive missing items needed for loan | |

3

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification review resulting in the loan modification review being closed on November 29, 2010. The foreclosure sale was held on November 29, 2010.<br><br>Claimant's wrongful foreclosure claim fails for the additional reason that it seeks to have the foreclosure sale set aside, a remedy that cannot be provided by this Court.<br><br>Claimant's allegations that GMAC acted fraudulently in servicing his loan under the banner of USAA also fails because Claimant has not alleged how he relied on USAA, rather than GMACM, acting as servicer, or how his behavior would have changed had he known his loan was being serviced by GMACM.<br><br>Debtors' have no liability for claimant's allegations that it misrepresented that it was the holder of the note on the substitution of trustee, because the actual representation was that "GMACM is the present holder or authorized agent of the holder of the Note."  This is not a misstatement, as GMACM, as servicer, is the authorized agent of the holder of the note. | |
| 1039 | John C. Grant III and Nancy E. Grant<br><br>370 Mansfield Ave Darien, CT 06820 | Interest and Fees Collected | Non-Debtor USAA Federal Savings Bank originated a loan to Claimants in the amount of $1,432,000 on March 31, 2005. Debtor GMAC Mortgage serviced the loan from April 13, 2005 until the loan was paid off in February 2012.<br><br>Claimants assert "services performed" as basis for claim in box 2 of the proof of claim form.  Attached to the proof of claim was a payoff letter dated February 16, | Pages 9-10 |

| Claim No(s). | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | $15,146.53<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | | 2012.  A letter was sent to the claimants for additional information on June 21, 2013. A response was received on July 19, 2013. In the Response Letter, Claimants state the Basis of Claim as (direct quote): "John and Nancy Grant entered into a contract for sale of their property. Prior to closing, the Grants requested that counsel for GMAC Mortgage provide a payoff letter showing all amounts purported by Plaintiff to be due and owing under the Mortgage on the Premises. Upon review of the payoff letter, the Grants determined that some of the charges listed in the payoff letter, including the penalties, late fees and per diem interest, were excessive. The Grants requested that GMAC Mortgage provide the source of authority  and back up evidence to substantiate the charges listed in the payoff letter, together with an explanation of how the per diem interest charge of $180.736415 was calculated. GMAC Mortgage LLC, refused to furnish the source of authority and back up evidence to substantiate the charges listed in the payoff letter. On February 16, 2012, the Grants conveyed the Premises to the buyers and paid off the Mortgage on the Premises together with all charges listed in the payoff letter. In paying the excessive charges listed in the payoff letter, including without limitation, the penalties, late fees, and per diem interest, GMAC Mortgage benefited  from receiving  monies in excess of what was owed by the Grants to their detriment. As a result, GMAC Mortgage was unjustly enriched while John and Nancy Grant have sustained damages. Accordingly, the Grants filed a counterclaim for unjust enrichment against GMAC Mortgage." Claimants attached the same documents to the response that were attached to | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the original Proof of Claim.<br><br>Claimant asserts that some of the charges on the payoff letter, including penalties, late fees and per diem interest were excessive. Debtors have no liability in this claim as the fees, penalties and per diem interest were assessed appropriately.<br><br>At the time of payoff, the account was past due for March 1, 2010 through February 1, 2012 payments resulting in $99,328.29 in interest due on the account and $11,523.92 due in late fees assessed in accordance with the mortgage note, section 7 that states "If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment."<br><br>The per diem interest would have been calculated by taking the principal balance due, $1,319,376.09 (found on payment history) times the interest rate of 5% (found on mortgage note) and then divide by 365 days in a year: $1,319,376.09 *0.05 = $65,968.80/365= $180.736415 which matches what the Claimant was advised. | |

6

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 5634 | Aubrey Manuel<br><br>1036 W 46th Street<br>Los Angeles, CA 90037<br><br>$170,000<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Loan Modification; Wrongful foreclosure | GreenPoint Mortgage Funding originated the loan on February 17, 2006 in amount of $380,000. Debtors' involvement with Claimant's loan was limited to servicer of the loan. Debtor GMAC Mortgage, LLC serviced the loan from May 3, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "illegal foreclosure" as basis for claim. Claimant also attached a record of the documents filed in Superior Court Case Number BC473015 against Greenpoint Mortgage. A letter was mailed to Claimant on June 21, 2013 requesting additional information and Claimant replied on July 22, 2013.<br><br>Debtors have no liability for wrongful foreclosure claims and loan modification claims because Debtors handled all aspects of the loan modification process appropriately and Claimant was not damaged by the assistance Debtors provided to Claimant.<br><br>Debtors' records show that Claimant's account fell behind when the November 1, 2008 payment was not made within the month due. An Options to Avoid Foreclosure Letter was mailed to Claimant on December 15, 2008 as the account was due for November and December 2008 payments at that time.<br><br>A Breach Letter was mailed to Claimant on February 17, 2009 as the account was due for December 2008 through February 2009 payments.  This letter advised Claimant had 30 days to bring account current or the loan could be referred to | Pages 8-9 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | foreclosure. A second Breach Letter was mailed to Claimant on March 17, 2009 as the account was due for January 2009 through March 2009 payments.  This letter advised Claimant had 30 days to bring account current or the loan could be referred to foreclosure.<br><br>Claimant spoke with Debtors via phone on April 1, 2009. Debtors referred Claimant to a website to obtain workout package and apply for a loan modification. Debtors did not receive a workout package for review and on April 16, 2009 a Loss Mitigation Foreclosure Referral Letter was mailed to Claimant.<br><br>On April 20, 2009, the account was referred to foreclosure.  At that time, the account was due for January 2009 through April 2009 payments. On May 6, 2009, Debtors received a workout package for review, however, proof of income was missing in the workout package.<br><br>Claimant filed Chapter 13 bankruptcy petition on August 14, 2009, Case # 0931592-2 resulting in the foreclosure being placed on hold while in active bankruptcy. The bankruptcy case was dismissed on September 20, 2009 and the foreclosure hold was removed.<br><br>Claimant filed a Chapter 7 bankruptcy petition on October 30, 2009, Case # 09-40121-1. Debtors were granted relief from Claimant's bankruptcy stay on May 31, 2010. Debtors removed foreclosure hold on June 1, 2010.  Claimant spoke with Debtors via phone on  June 22, 2010. Debtors advised Claimant that he | |

8

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | needed to submit a complete workout package 7 days prior to foreclosure sale in order to be considered for a loan modification. Debtors received workout package from Claimant on June 22, 2010. Claimant spoke with Debtors via phone on June 25, 2010. Debtors advised Claimant of the missing documents needed to complete the workout package and was advised these documents were needed as soon as possible as the foreclosure sale cannot be stopped once the property is 7 business days from sale. Debtors received missing workout documents on June 28, 2010. The foreclosure sale was placed on a 30 day hold on July 6, 2010 as a complete package was received on June 28, 2010.<br><br>The Claimant was denied a HAMP loan modification on July 6, 2010 due to the property being non-owner occupied and a new foreclosure sale date was scheduled for August 9, 2010. The property went to foreclosure sale on August 9, 2010.<br><br>Claimant filed his first lawsuit on September 14, 2012 against GreenPoint Mortgage Funding, Inc. and GMACM, case number BC445537. After the court sustained the demurrer with leave to amend, Claimant file an amended complaint, to which the court against sustained a demurrer from GMACM with leave to amend. Claimant filed a second amended complaint on May 31, 2011, but voluntarily dismissed the case without prejudice on August 10, 2011. Claimant agreed to dismiss the first lawsuit without prejudice if GMACM would reconsider him for a loan modification. However, GMACM never guaranteed | |

9

ny-1248158

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | that he would be approved for a loan modification. GMACM subsequently reviewed Claimant for a loan modification and determined that he did not qualify.<br><br>Claimant then filed a second case in California Superior Court, case no. 473015, on November 7, 2011. After GMACM filed a demurrer, the court dismissed the case with prejudice on July 16, 2012. Claimant appealed and the appeal was stayed as a result of the bankruptcy cases.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of "breach of covenant of good faith and fair dealing" or "unfair business practice."<br><br>GMACM previously objected to this claim as part of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) [Docket No. 7188]. After filing that objection, the Borrower Trust received a response from Claimant. The parties agreed to continue the hearing on the objection and entered into negotiations to enter into a stipulation to lift the automatic stay to permit the California litigation to continue. However, Claimant ceased responding to the Trust's efforts in late 2014. | |

ny-1248158