**Exhibit B**

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1524 | Letha M McAllister<br><br>7208 Clifford Dr. Columbia, SC 29223<br><br>$61,530<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | $15,000<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Loan was originated by First Republic Mortgage Corporation on January 29, 1999.  Debtor Residential Funding Company purchased the loan from First Republic.  The loan was originally securitized where Bankers Trust Company was appointed as trustee.  The loan was later transferred and again securitized on or about July 1, 2005 where JP Morgan Chase Bank was appointed as trustee.  Homecomings Financial Network serviced the loan from March 1, 1999 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009.  GMAC Mortgage serviced the loan until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>On the proof of claim, Claimant states the basis of damages as "violation of settlement agreement by GMAC, attorney's fees and punitive damages."  In response to a request for more information, Claimant provided an adversary complaint filed by Claimant against Debtor GMAC Mortgage on December 2, 2011, in the US Bankruptcy Court, District of South Carolina, BK Case No. 03-03425.  The adversary complaint relates to a previous adversary proceeding also filed by Claimant in a prior bankruptcy in which a settlement was entered into between Claimant and Debtor Homecomings Financial on or about June 16, 2009.  Claimant alleges that Debtor GMAC Mortgage has violated the settlement agreement by failing to mark the account as current and that this failure is a violation of SCC 29-3-320 and a violation of the discharge injunction under 11 USC Section 524.  Claimant also alleges that Debtor failed to correct credit reporting as | Pages 10-11 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | required by the settlement agreement.<br><br>Based on the Settlement agreement signed June 16, 2009, Debtors were to: 1) mark both the first and second mortgages "current" as of June 1, 2009; 2) credit Claimant's account for any late charges, BPO's and property inspection fees assessed to either loan after April 7, 2008; 3) delete any negative trade reference reported to any credit bureau after April 7, 2008; and  4) pay to counsel for Claimant the sum of $3,500  for attorney fees.  After reviewing the Debtors' servicing notes the Borrower Trust acknowledges that there is 1) no record of the first or second mortgage being marked current in the payment history or the servicing notes; 2) no record of either account being credited for late charges, BPO's, or inspection fees at the time of the settlement being completed; 3) there is nothing in the servicing notes documenting that the credit bureaus were contacted to remove the negative reporting from April 2008 through June 2009; and 4) servicing notes and payment history do not reflect that $3,500 was paid out for attorney fees.<br><br>Claimant provides no explanation for her asserted claim amount of $61,530.  On the civil cover sheet for the adversary proceeding, Claimant listed a demand of $15,000.  As a result, the claim should be reduced to $15,000 and allowed as a general unsecured claim in that amount. | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 4921 | Latif Matt and Roxanne Bonser<br><br>1322 W. Fairview St. Allentown, Pa 18102<br><br>$10,470<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | $789<br><br>GMAC Mortgage, LLC<br><br>General Unsecured | Debtor GMAC Mortgage originated the loan on August 10, 2001 in amount of $19,000 and serviced the loan until it was extinguished July 2012. The loan was an interest only loan, meaning that monthly payments did not reduce the loan's principal balance.<br><br>Claimants assert "damages in 11-02080, (Bky E.D.Pa)" as basis for claim. Claimants also attached a breakdown of damages. A letter was mailed to Claimants on June 21, 2013 requesting additional information however there was no response received from Claimants. In the complaint filed in the adversary proceeding, Claimants assert that the Debtors improperly charged fees to Claimants because the amount of fees that were charged exceeded the amount of fees claimed on the proof of claim filed by Debtor GMACM in Claimants' bankruptcy case. Claimants also assert that Debtors failed to apply payments made by Claimants to the principal balance of their loan.<br><br>Claimants filed a voluntary petition for bankruptcy under chapter 13 of the bankruptcy code on March 8, 2007.  GMACM filed a proof of claim in the bankruptcy, asserting a claim for $4,355.30, which was based on $1,156.50 in fees and costs and $3,198.80 in delinquent payments.  On March 6, 2008, the bankruptcy plan was confirmed, which provided for payment of the amount owed to GMACM.<br><br>The Debtors are not liable for failing to reduce claimants' principal balance with | Pages 10-11 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | each payment because claimants' loan was an interest only loan, and therefore the payments that were made did not cover any of the loan principal.  The Borrower Trust reviewed the payment history on Claimants' loan and determined that each payment was properly applied to claimants' account.  Claimants asserted that their account should have been current once their bankruptcy plan was completed, but the payments made under their bankruptcy plan only covered payments that were owing prepetition; it did not cover payments that were due after the claimants' petition date.  Claimants did not make all of the payments that were due after the bankruptcy petition date, which is the reason that their account continued to be delinquent after they completed payments under their bankruptcy plan.<br><br>The Debtors are not liable for improperly charging any fees after the commencement of claimants' bankruptcy case on March 8, 2007.  The Borrower Trust reviewed the fees that were charged after the bankruptcy was filed, and did not identify any fees charged that were improper.  Claimants allege that the fees charged were improper because they exceed the amount of fees that GMACM indicated in GMAC's proof of claim.  However, the fees included in GMACM's proof of claim accounted only for fees incurred as of the commencement of claimants' bankruptcy case.  Additional fees were levied against the account after the commencement of the bankruptcy case, and there is nothing in the Debtors' books and records to suggest those fees were improper. | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reduced Claim Amount | Reduce and Allow Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | According to the Debtors' books and records, the Debtors improperly charged fees to claimants' account before claimants' bankruptcy petition date that were not part of the proof of claim filed by GMACM. As of March 8, 2007, the Claimants had been charged a total of $1,756.50 in fees, $600 more than the amount claimed on GMACM proof of claim. Debtors' books and records do not reflect that the $600 was ever credited to the claimants account after the claimants' bankruptcy plan was confirmed. As a result, the claim should be reduced to $600, plus interest. In Pennsylvania, prejudgment interest is awarded at the statutory rate of 6%. *See* 41 P.S. § 202. Thus, an annual interest payment of $36 (per diem interest of $0.10) was earned on $600. Thus, in the five years and 65 days that past between the claimants' petition date and the Debtors' petition date, $189 in interest accrued, for a total claim amount of $789. | |