```
UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


RESIDENTIAL CAPITAL, LLC, et al.,


            Debtors.


- - - - - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            April 19, 2017

            2:07 PM


B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE
```

1
2  (CC:  Doc# 10273) Pre-trial Conference in Connection with the
3  Claim(s) of Alan Moss.  Pre-trial Conference set for 4/19/17 at
4  2:00 pm.  Trial set for 05/08/2017 at 9:00 am.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20  Transcribed by:  Hana Copperman
21  eScribers, LLC
22  352 Seventh Avenue, Suite #604
23  New York, NY 10001
24  (973)406-2250
25  operations@escribers.net

```
 1
 2   A P P E A R A N C E S:
 3   MORRISON & FOERSTER LLP
 4        Attorneys for the ResCap Borrower Claims Trust
 5        250 West 55th Street
 6        New York, NY 10019
 7
 8   BY:  JESSICA JEAN ARETT, ESQ. (TELEPHONICALLY)
 9        NORMAN ROSENBAUM, ESQ. (TELEPHONICALLY)
10
11
12   ALAN MOSS (TELEPHONICALLY)
13   PARTY PRO SE
14        P.O. Box 721
15        Moss Beach, CA 94038
16
17
18
19
20
21
22
23
24
25
```

P R O C E E D I N G S

1
2      THE COURT: All right. We're on the record in
3  Residential Capital, 12-12020. This is in connection with the
4  contested claim of Alan Moss.
5      Can I have the appearances on the phone, please?
6      MS. ARETT: Jessica Arett and Norm Rosenbaum from
7  Morrison & Foerster on behalf of the Trust.
8      THE COURT: Thank you.
9      MR. MOSS: Alan Moss, the claimant.
10     THE COURT: All right. I have the proposed pre-trial
11 order in front of me.
12     Mr. Arett, do you want to -- anything you wanted to
13 raise today?
14     MS. ARETT: I think, really, the only thing is the
15 Trust did make some objections to some of Mr. Moss' exhibits on
16 grounds that we didn't receive them during discovery. On
17 Saturday, Mr. Moss provided some of those documents, but not
18 all, to the Trust. So we're continuing to have our objection
19 just on grounds that they weren't produced during discovery,
20 but also now there are some additional objections, now that
21 we've seen some of the documents on relevance grounds.
22     THE COURT: Mr. Moss, why didn't you provide the
23 documents during discovery?
24     MR. MOSS: They were -- as the Court may recall, I was
25 ordered to amend my responses to their discovery requests,

1  which I did.  And then there were relevant documents.  I said I
2  would produce them.  And in all candor, I guess I forgot to
3  send it -- them to them, but I did not hear from them saying
4  where are the documents.  There's no mutual date to exchange
5  them or anything else.
6          When I realized that, a few days ago, which was the
7  end of last week, after reviewing the proposed pre-trial order,
8  I immediately (inaudible) those documents and sent them to
9  them.  And most of which they had already seen, I believe.
10         THE COURT:  I'm sorry.  I'm having a little trouble.
11 If you're on the speakerphone, Mr. Moss, could you pick up the
12 phone, because you're not coming through clearly.  Okay?  Go
13 ahead.
14         MR. MOSS:  I'm sorry.  Is that better?
15         THE COURT:  What's the nature of the documents that
16 you just recently produced to the Trust?
17         MR. MOSS:  They were -- there were about fifty pages,
18 I believe, and they were -- I can specifically go through them,
19 but they were -- I'm sorry -- they were copies of
20 correspondence that are listed in my exhibit list, but which
21 are letters I sent to GMAC, so they should have already had
22 those.
23         In addition to that, there is a declaration which I
24 did not have, which was a notary to one of the documents in the
25 chain of title, the documents that had been whited out and each

1  obliviated, so there's a question about accepted dates.  And
2  there were discovery documents that consisted of responses from
3  GMAC in the case below that I had filed, (indiscernible)
4  foreclosure, which I'm quite certain they already had.
5          There was a declaration that was filed by an employee
6  of ETS and GMAC in the other case below, which was the basis of
7  this claim, where I sued ETS, which I'm quite sure they had.
8          There is a three-page printout from an online ad for
9  Executive Trustee Services.  There are two complaints.  There
10 are official court records where GMAC tried to evict me, and
11 actually there was a -- which I previously said there was the
12 declaration from their custodian of the records saying that
13 never happened.
14         And then, lastly, there was a transcript from an
15 individual by the name of Marge Kwaitanowski that -- who
16 was -- signed one of the assignments in the chain of title that
17 was misdated, and there was a ZIP code that dealt with a
18 transcript from an earlier case where she gave deposition
19 testimony and which the Court connected, but (indiscernible) or
20 so.
21         That's what I had provided to them.
22         THE COURT:  All right.  Let me -- first, are all of
23 the exhibits that you wish to use listed among your exhibits in
24 the pre-trial order?
25         MR. MOSS:  Are you addressing me, Your Honor?

1     THE COURT: Yes, I am.

2     MR. MOSS: Oh. And I'm sorry. Your question,
3 are -- is everything I just listed to you in my list?

4     THE COURT: So I'm looking at pages -- just a second,
5 Mr. Moss. I'm looking at pages --

6     MR. MOSS: Yeah.

7     THE COURT: -- 12, 13, 14, and 15, list a total of
8 forty-one exhibits that you've --

9     MR. MOSS: Right.

10     THE COURT: -- listed as exhibits you want to offer.
11 Are all of your exhibits listed there?

12     MR. MOSS: They are all listed there. I wanted to
13 request that one more exhibit be -- I'd be allowed to add, and
14 that is the decision from the district court in this case.

15     THE COURT: Well, if it's a decision that's a public
16 ruling from the court, you can ask me to take judicial notice
17 of it.

18     MR. MOSS: All right.

19     THE COURT: Well, here's -- I just want to -- look.
20 I'm looking at the pre-trial order. I see your list of
21 exhibits, proposed list of exhibits. I see the Trust's
22 objections. Some of the ones -- some of the exhibits that they
23 object to on the grounds that they weren't produced during
24 discovery may well be objectionable on other grounds. You
25 know, for example, I don't know. I'm not ruling on that now.

1           MR. MOSS:  All right.
2           THE COURT:  So for example, you got a lot of
3  declarations listed.  I don't know for what purpose you're
4  offering them, but anybody whose evidence you're offering in my
5  trial has to show up in court and testify and be cross-
6  examined.  So I'm just -- I don't know what the relevance of
7  some of these people are.
8           See, for example, number 18, declaration of R.A.
9  Salazar; 19, declaration of Carol Bonello.  They're not, you
10 know, you're not introducing declarations in evidence unless
11 the witness is here to be cross-examined at trial.  So I don't
12 want --
13          So Ms. Arett --
14          MR. MOSS:  Even if -- I'm sorry.  Even if they -- this
15 was a public document that was filed in a court case?
16          THE COURT:  Sure.  Absolutely. This is evidence that
17 might -- at trial in my court.  Evidence has to be competent.
18 Witnesses have to be available for cross-examination.  These
19 are recently disclosed documents, sworn declarations.  These
20 were not people whose depositions you took.
21          If someone was outside of the subpoena power of the
22 Court during the discovery period, which is long closed now,
23 you could have taken their depositions.  You could have
24 negotiated an agreement with the Trust that might have
25 permitted you to use declarations and give them an opportunity

1  to cross-examine.
2         But you're a lawyer. You don't get to -- just because
3  somebody signed a declaration under oath, and it was used in
4  evidence in another case in California, doesn't mean that it's
5  admissible here. So I'm just -- I'm not ruling on them. I'm
6  just looking at your list, and I just see that some of the
7  things -- and I'm not -- you shouldn't think, by the fact that
8  I'm not raising everything as to which the Trust has raised an
9  objection, that it's going to come in. Just be aware that if
10 the Trust objects to the admissibility of a declaration that
11 was admitted in evidence in another case, it's probably not
12 coming in here. So I don't know for what purpose, and I don't
13 want to know today, for what purpose you're offering it, but
14 just don't be surprised. That's the Rules of Evidence and the
15 Rule of Civil Procedure about witnesses at trial.
16        Let me ask -- well, Ms. Arett, are there other issues
17 you want to raise today?
18        MS. ARETT: No, not at this time, Your Honor.
19        THE COURT: Okay. I'm not -- put it this way. At
20 this stage I'm not going to preclude the exhibits because
21 they've been produced now. You may well have other objections,
22 and I'm not ruling on any other objections and don't expect you
23 to raise those other objections now. I just want -- I
24 raised -- when I saw the declarations, that's why I raised
25 them.

1            The one thing this pre-trial order doesn't address is
2    damages.  Mr. Moss, what damages are you seeking to recover?
3            MR. MOSS:  I am seeking to recover attorneys' fees,
4    and now that the settlement release in the case below has been
5    made public, there is a discrep -- there is a revaluation of
6    the money on the note and emotional -- and the associated costs
7    and then emotional damage -- emotional distress damages.
8            THE COURT:  Ms. Arett, did you take discovery on
9    damages?
10           MS. ARETT:  We asked him for any sort of documentation
11   regarding his damages, specifically, attorneys' fees.  We
12   haven't received anything in regards to that, but we've asked.
13           THE COURT:  Well, if you haven't produced -- if you're
14   seeking damages for attorneys' fees, and you haven't
15   listed -- you haven't put in any -- I didn't see any -- I
16   didn't see anything on the exhibit list, you know, invoices
17   from attorneys or anything like that.
18           You're not springing on the other side exhibits.  The
19   whole point of this pre-trial order is the only exhibits that
20   come into evidence are things that have been listed.  And I saw
21   the absence of any evidence of any exhibits that seem to bear
22   on damages.  Just be aware of that.
23           How much in attorneys' fees are you seeking to
24   recover, Mr. Moss?
25           MR. MOSS: Well, I -- excuse me.  I -- let me just

1  find the number.  I produced to them -- it is the
2  (indiscernible), including attorneys' fees that I filed in the
3  case of myself v. ETS; it has the amount of attorneys' fees,
4  which they have received.
5              THE COURT:  Can you tell me how much in attorneys'
6  fees you're seeking to recover?
7              MR. MOSS:  That document was fixed -- the assigned
8  dollar -- somewhere between 15 and 17,000 dollars.
9              THE COURT:  And that's an amount -- that's the amounts
10 that you paid?
11             MR. MOSS:  I paid part of that.  I paid about half of
12 that.
13             THE COURT:  Is that an amount that --
14             MR. MOSS:  The other part is subject --
15             THE COURT:  -- a lawyer invoiced you for?
16             MR. MOSS:  That is correct.
17             THE COURT:  And I didn't see any exhibits listed that
18 show the billing statements from lawyers.
19             MR. MOSS:  I didn't list that.  I chose, instead, to
20 use this statement of damages that's an official court document
21 here in that case.
22             THE COURT:  Well, what you've -- that's not evidence
23 in a trial.  You've got to put in evidence.  I'm going to
24 decide this case based on the evidence and the arguments, the
25 legal arguments.  But competent evidence is not a statement

1   that you filed that set forth what you think your damages are.
2   That is notice to the other side of what you're seeking to
3   recover.  That's certainly appropriate for discovery.  But
4   that's why I looked at this list of exhibits, and I didn't see
5   anything that bears on damages.
6           Now, if you're entitled to emotional distress damages,
7   which I haven't ruled on, and I'm not ruling on now, it may be
8   that there are no invoices that back that up, but to the extent
9   you're seeking to recover attorneys' fees, if your attorneys
10  invoiced you for services, whether you paid part of that or
11  not, those invoices would likely be admissible in evidence, but
12  I didn't see any of that.
13          Ms. Arett, did you get documents supporting Mr. Moss's
14  damage claim?
15          MS. ARETT:  We have not received any documents
16  supporting any of his damages.
17          THE COURT:  You know, Mr. Moss, you're going to be
18  pretty disappointed when you show up for trial and you can't
19  prove damages.  But that's -- I've made clear all along.
20  Trials involve evidence that's offered during the trial.
21          The pre-trial order made crystal clear that any
22  exhibits that are not listed -- if an exhibit's not listed,
23  it's not coming into evidence.
24          You've listed some that Ms. Arett has objected to,
25  because they weren't produced in discovery.  I'll consider her

1  objections to them at the time of trial, but the exhibits, at
2  least, are listed there, and you say you've produced them now.
3          What other categories of damages are you seeking to
4  recover, Mr. Moss?
5          MR. MOSS:  (Indiscernible).
6          THE COURT:  Mr. Moss, are you there?
7          MR. MOSS:  That's -- I'm here.  Yes.  That is it.
8  I've listed them all.
9          THE COURT:  Okay.  All right.  The pre-trial order
10 provides a schedule for providing the Court with the exhibits,
11 May 1st.  Trial's going to take place on May 8th.
12         I start a trial next Monday, which is supposed to last
13 two weeks.  What I contemplate is if the trial isn't done, I'll
14 go ahead with your trial, because it's a one-day scheduled
15 trial.  You're coming from California.  We'll go ahead on May
16 8th, even if I have to interrupt the evidence in the other
17 trial if it's not completed.  So we're going to go forward on
18 schedule.
19         And, Ms. Arett, any other issues you wish to raise?
20         MS. ARETT:  Not at this time, Your Honor.
21         THE COURT:  All right.  I'm going to -- I'm inquiring
22 of my clerks.  Do we have a Word version of it?
23         Okay.  We're going to enter the pre-trial order today.
24 I'm going to sign and enter it.  And I will see you all for
25 trial.  Is there any effort still underway to try and settle

1  the matter?

2          Mr. Moss?

3          MR. MOSS: No, there hasn't been any effort.

4          THE COURT: Ms. Arett, has there been any effort?

5          MS. ARETT: We haven't made any effort recently, Your
6  Honor.

7          THE COURT: I want the parties to -- let me -- hang on
8  a second.

9          On or before Friday, April 28th -- on or before 5 p.m.
10 New York time April 28th, I direct the parties to confer -- and
11 you can do it by telephone, since Mr. Moss is in California --
12 on the subject of settlement. If you're able to settle it,
13 please advise me promptly. Okay?

14         MS. ARETT: Well, then -- Your Honor, you said April
15 28th or April 21st?

16         THE COURT: No, I said the 28th.

17         MS. ARETT: 28th. Okay. All right.

18         THE COURT: Yes. I'm going to give you until the end
19 of next week.

20         MS. ARETT: Okay.

21         THE COURT: And notify -- you can do it sooner, but
22 I'm just trying to give a deadline that leaves some time for
23 you to talk to each other. Hopefully you can talk more than
24 once.

25         Okay? So we'll enter the pre-trial order. All right?

1         MS. ARETT:  Thank you, Your Honor.

2         MR. MOSS:  Thank you.

3         THE COURT:  Thank you very much.  We're adjourned.

4    (Whereupon these proceedings were concluded at 2:26 PM)

```
 1
 2                  C E R T I F I C A T I O N
 3
 4  I, Hana Copperman, certify that the foregoing transcript is a
 5  true and accurate record of the proceedings.
 6
 7  [signature: Hana Copperman]
 8
 9  _____
10  Hana Copperman (CET-487)
11  AAERT Certified Electronic Transcriber
12
13  eScribers
14  352 Seventh Ave., Suite #607
15  New York, NY 10001
16
17  Date:  April 20, 2017
18
19
20
21
22
23
24
25
```