UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

-------------------------------------------------------- x

Case No. 12-12020 (MG)

(Chapter 11)

Jointly Administered

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S
MOTION FOR ENTRY OF CIVIL CONTEMPT ORDER AGAINST
CHALEDEEANNKA DEBORAH ANN WILLIAMS GOYENS-BELL EBERWEIN**

**TO:    THE HONORABLE MARTIN GLENN,
         UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), and pursuant to 11 U.S.C. §§ 105(a) and 307, 28 U.S.C. §§ 157, 586 and 1334, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9020; and decisional law, does hereby file this memorandum of law in support of his motion ("Motion") for the entry of an order holding Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein ("Goyens") in civil contempt, and accordingly imposing sanctions. In addition to this Memorandum, the Motion is supported by the accompanying Declaration of Andrew D. Velez-Rivera ("Velez Decl."). In support of his Motion, the United States Trustee represents and alleges as follows:

## I.    SUMMARY STATEMENT

In June 2013, the Court entered a final judgment clearly and permanently enjoining Goyens and Robert Daniel Eberwein from filing any documents in these cases without first obtaining leave of court, and from communicating with the Court or its personnel. In these chapter 11 cases, though,

1

Goyens has violated the permanent injunction at least three times.    Specifically, she has filed two

documents, most recently a "Request for Notice," and telephoned an officer of the Clerk's Office, all

violative of the permanent injunction.

Goyens' non-compliance with the permanent injunction appears to be willful and intentional.

Due to her violation of the permanent injunction, and also because of Goyens' disregard towards this

Court and the bankruptcy system, ample cause exists to enter an order of civil contempt.

On account of Goyens' clear and convincing violation of the permanent injunction, the United

States Trustee requests that the Court enter a contempt order requiring Goyens to file a withdrawal of

her "Request for Notice" within 30 days.    The United States Trustee further requests, in the event

that Goyens fails to withdraw the document in this 30-day time frame, that a $100 daily sanction be

imposed against Goyens.    In the event that Goyens then fails to withdraw the Request for Notice

within 60 days, the United States Trustee requests that the Clerk of the Court then be directed to

restrict the Request for Notice from public view, and that the accrual of the daily sanctions be ceased.

## II.   BACKGROUND

### A.    The United States Trustee's Complaint Against Eberwein and Goyens

1.    On April 17, 2012, Goyens and Robert Daniel Eberwein filed a joint voluntary petition

for chapter 11 relief in this Court.    Case No. 12-11580 (SHL).

2.    On October 4, 2012, in such chapter 11 case, the United States Trustee filed the

Complaint for Injunctive Relief by United States Trustee ("Complaint") against Eberwein, Goyens

and others.    Adv. Pro. 12-1901 (SHL) ("A.P."), Dkt No. 1.

3.    The Complaint alleged, among other things, that Goyens had used 45 different aliases

when filing for bankruptcy throughout the nation.    Complaint, ¶ 12.

2

4.      The Complaint further alleged that between 1991 and 2009 on her own behalf or on

behalf of others, and using one or more aliases, Goyens filed 34 bankruptcy cases, six bankruptcy

appeals, four adversary proceedings, nine civil cases in the federal district courts, and six Federal

appeals nationwide.    Complaint, ¶¶ 16-100.

5.      The Complaint further alleged that between 2010 and 2012, on her own behalf or on

behalf of others and using one or more aliases, Goyens filed seven bankruptcy cases in this Court.

Complaint, ¶¶ 101-111.

6.      The Complaint further alleged that, on June 27, 2012, in Case No. 12-11486 (SHL), the

Court entered its Order Prohibiting Use of Email to Correspond with Federal Court Employees.

Complaint, ¶ 106.   "According to such Order, employees of the Court received seven emails from

"Robert Eberwein" on June 22, 2012.   The Order requires 'that Mr. Eberwein or other party in interest

or anyone affiliated or associated with any Debtor or other party in interest . . . and any recipients of the

emails sent by Robert Eberwein to the Court, is prohibited from sending emails or other forms of

electronic transmission, including facsimile, to any employee of this federal bankruptcy court, to the

Untied States Trustee (Region 2), or any employee of the United States Trustee, and to any case or

standing trustee.' "   *Id*.

7.      The Complaint further alleged that, on July 24, 2012, in Case No. 12-11486 (SHL), the

Court entered its Order Directing Submission of Documents in Electronic Format.   Complaint, ¶ 107.

"The Order finds that 'The parties listed as Debtors and/or Plaintiffs in the above-captioned cases and

adversary proceedings have repeatedly submitted voluminous paper filings. [ ] This has placed a

substantial burden on the Clerk's Office.' "   *Id*.   "The Order requires that, for any document

3

exceeding 20 pages in length filed by any party, an electronic copy of the filing also must be submitted." *Id.*

8.     The Complaint further alleged that, in 2002, the U.S. Bankruptcy Court for the Eastern District of California entered a 180-day bar order against future filings by Goyens.   Complaint, ¶ 112.

9.     The Complaint further alleged that, in 2005, the U.S. Bankruptcy Court for the Northern District of California entered a one-year bar order against future filings by Goyens. Complaint, ¶ 113.

10.     The Complaint further alleged that, in 2006, the U.S. Bankruptcy Court for the Northern District of California entered a three-year filing injunction against future filings by Goyens. Complaint, ¶ 114.

11.     The Complaint further alleged that, also in 2006, the U.S. Bankruptcy Court for the Northern District of California entered a "Permanent Filing Injunction" against Goyens.   Complaint, ¶ 116.   "Pursuant to the Permanent Filing Injunction, Defendant Goyens 'using the name Artis C. Bell or any aliases listed on the caption of this default judgment, is hereby permanently enjoined from filing, in any United States bankruptcy court, any bankruptcy case or adversary proceeding, or any document therein.' " *Id*.

12.     The Complaint further alleged:   "On January 4, 2010, the United States Trustee for Region 17 filed a motion seeking an order of civil contempt for Defendant Goyens' violation of the Permanent Filing Injunction.   On February 25, 2010 the United States Bankruptcy Court for the Northern District of California entered its Order Holding Defendant in Contempt.   Pursuant to such contempt order, the bankruptcy court held Defendant Goyens 'in contempt of court for violating the judgment in this case enjoining further bankruptcy filings.' "   Complaint, ¶ 117.

13.    The Complaint further alleged that, on January 18, 2007, the U.S. Bankruptcy Court for the Northern District of California "entered its <u>Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 105(a), Prohibiting Provision of Document Preparer Services and Imposing Fine</u> (the 'Preparer Injunction').   Pursuant to the Preparer Injunction, Defendant Goyens 'is permanently enjoined from providing to any individual or entity any service relating to the preparation of documents to be filed in any bankruptcy case,' and 'as a fine,' Defendant Goyens was ordered to return the sum of $3,000 to the debtor." Complaint, ¶ 120.

14.    The Complaint further alleged that, on February 25, 2010, the U.S. Bankruptcy Court for the Northern District of California "entered its <u>Order Holding Defendant in Contempt</u>." Complaint, ¶ 121.   "Pursuant to such contempt order, the bankruptcy court held Defendant Goyens 'in contempt of court for violating the judgment in this case enjoining her from assisting others with respect to filing bankruptcy.' *Id*.

15.    The Complaint further alleged that Goyens had been placed on the "Vexatious Litigant List" maintained by the Judicial Council of the California state courts.   Complaint, ¶¶ 122-125.

**B.    <u>The Permanent Injunction Against Goyens</u>**

16.    On June 3, 2013, the Court entered its Default Judgment and Summary Judgment Granting Injunctive Relief against Goyens ("Permanent Injunction").   A.P. Dkt. No. 13.   In relevant parts, the Permanent Injunction provides:

(B)    [Goyens], and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are:

(1)    permanently enjoined from filing any new bankruptcy case

or adversary proceeding in this and any other United States Bankruptcy

Court, and

      (2)    permanently enjoined from filing any document (including

proofs of claim) in any other bankruptcy case or adversary proceeding

without first obtaining leave to file such document from the United States

Bankruptcy Judge presiding over such bankruptcy case or adversary

proceeding.

. . .

(D)    [Goyens], and all persons in concert and participation with her,

whether acting on their own behalves or on behalves of others, and whether

using their own names or one or more aliases hereby are permanently

enjoined from sending any communications in any form, including written

papers, electronic messages, and e-mails, to any United States Bankruptcy

Judge, United States Marshals, deputy clerks, other officers of the

bankruptcy courts, and the United States Trustees and their offices

nation-wide (except for the purpose of filing a document as set forth above

in paragraph B(2) above).

*Id.*, at 11-12.

    17.    Goyens has been given service of the Permanent Injunction.   A.P. Dkt. No. 14

(Notice of Entry).

C.      **Goyens' Violations of the Permanent Injunction**

18.      In these chapter 11 cases (collectively, "Case"), on April 20, 2015, Eberwein and Goyens filed an "Ex-Parte Application Vacatur Dismissals and Request for Judicial Notice."    Dkt. No. 8597.    This document has been unilaterally "**restricted from public view**" by the Court, because it violates the Permanent Injunction.    *Id.* (bold in original docket entry).

19.      In this Case, on April 7, 2017, Goyens also filed a 62-page document captioned "Request for Special Notice – Notice of Automatic Stay of Chapter <u>15</u> Filing in the ___ District of ___" ("Request for Notice").    Dkt. No. 10358.    A handwritten notation immediately below such caption states "URGENT 9th Circuit 16-16936" ("9th Circuit Appeal").

20.      The Request for Notice does not seek specific relief from this Court.

21.      Instead, Goyens' Request for Notice is an assortment of orders and excerpts of documents filed in this Case, mortgage-related correspondence addressed to Eberwein, documents and excerpts of documents filed by Goyens in the U.S. Bankruptcy and District Courts for the Northern District of California and the Eastern District of California, a mortgage delinquency notice concerning another private individual, an "Eviction Restoration Notice" issued against Goyens by the Sheriff of Alameda County, California in 2010, and a "Notice to Vacate" issued by the Sheriff against Eberwein in 2016.    *Id.*

22.      Without redaction, the Request for Notice also includes an individual's financial information that Rule 9037 requires to be redacted.

D.      **Other Filings by Goyens in This Case**

23.      On July 16, 2012, prior to the entry of the Permanent Injunction, Goyens filed Proofs of Claim No. 295 through 313 in this Case on behalf of herself and several other claimant entities.

Claims Register, No. 295-313.   These claims were expunged in an order entered on May 15, 2015.

Dkt. No. 8620 (Exh. B).

24.      In addition, shortly before the entry of the Permanent Injunction, Goyens filed an

untitled 33-page document in this Case.    Dkt. No. 3340.   Like Goyens' later-filed Request for

Notice, the document at Dkt. No. 3340 only consists of assorted excerpts of documents filed by

Goyens and purportedly others in the U.S. Bankruptcy Courts for the Northern and Eastern Districts

of California, and mortgage-related documents concerning other private individuals.    *Id*.

**E.      Goyens' Telephone Contact with Personnel of this Court**

25.      After the entry of the Permanent Injunction, on June 10, 2016, in the U.S. District

Court for the Northern District of California, Eberwein and Goyens, among others, filed a complaint

("SF Complaint") for "Wrongful Cancellation of Extension of Credit" in relation to certain bank

accounts.   3109 King St. Property Management *et al*. v. Vasona Management *et al*., Case No.

16-cv-3219-VC ("San Francisco Action" or "SF Action").

26.      Goyens and Eberwein specifically named two officers of this Court's Clerk's Office as

defendants in their San Francisco Action.

27.      At the outset of the San Francisco Action, Goyens telephoned one of such officers to

advise her of the commencement of the San Francisco Action, and advised the officer that she was

being served with the SF Complaint through such call.

28.      On June 20, 2016, a U.S. Magistrate Judge to whom the complaint in the San

Francisco Action was assigned issued her Order Reassigning the Case; Report and Recommendation

to Dismiss the Complaint Without Prejudice.    SF Action Dkt. No. 9.   The Magistrate determined

that the SF Complaint failed to state a claim for relief.    *Id*. at 1.

29.     Later, the San Francisco District Court adopted the Magistrate's Report and Recommendation.   SF Action Dkt. No. 17.   On September 9, 2016, the San Francisco District Court entered a Judgment dismissing the SF Complaint, as amended.   SF Action Dkt. No. 31.

30.     Goyens and Eberwein appealed such Judgment to the Ninth Circuit Court of Appeals on October 14, 2016.   SF Action Dkt. No. 35.   This is the 9th Circuit Appeal referenced on the cover sheet to the Request for Notice filed in this Case.   *See* Dkt. No. 10358, at 1.

31.     On January 23, 2017, the Ninth Circuit issued an order dismissing the 9th Circuit Appeal for failure to prosecute.   Eberwein et al. v. Deutsche Bank Americas, et al., No. 16-16936, Dkt. No. 5.   Eberwein and Goyens later filed a motion to reconsider *en banc*, which the Ninth Circuit construed as a motion to reinstate their appeal.   9th Circuit Appeal Dkt. No. 7.   That motion was denied without prejudice.   *Id.*

32.     On April 10, 2017 – *i.e.*, only three days after filing the Request for Notice in this Case stating, "URGENT 9th Circuit 16-16936," – Eberwein and Goyens filed a subsequent motion to reinstate their SF Appeal.   9th Circuit Appeal Dkt. No. 8.   That motion remains pending in the Ninth Circuit.   *See id.*

## III.   ARGUMENT

### A.     The Court has Jurisdiction and Authority to Hold Goyens in Civil Contempt

The Court has broad jurisdiction to enforce the Permanent Injunction.   "Bankruptcy courts retain jurisdiction to enforce their own orders."   *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005).

Congress has granted bankruptcy courts civil contempt power through both 11 U.S.C. §

105(a) and 28 U.S.C. § 157.    *Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay

Corp.)*, 920 F.2d 183, 187 (2d Cir. 1990); *Caldwell v. Unified Capital Corp. (In re Rainbow

Magazine, Inc.)*, 77 F.3d 278, 284-85 (9th Cir. 1996).    Civil contempt proceedings arising out of

core matters are themselves core matters.    *Mountain Am. Credit Union v. Skinner*, 917 F.2d 444,

447-48 (10th Cir. 1990).

Under Bankruptcy Code section 105(a), the Court may issue orders necessary "to prevent an

abuse of process."    11 U.S.C. § 105(a).    Moreover, the Court, as an Article I court, has the inherent

power to sanction vexatious conduct presented before it.    *Rainbow Magazine, Inc.*, 77 F.3d at

283-85; *see also In re MF Global Holdings Ltd.*, 562 B.R. 41, 52 (Bankr. S.D.N.Y. 2017) ("Courts

have inherent power to enforce compliance with their lawful orders through civil contempt . . .

bankruptcy courts have power to enter civil contempt orders.")    The Court's powers under

Bankruptcy Code § 105(a) include the power to hold parties in civil contempt of court.    *Chateaugay*,

920 F.2d at 187.

Through section 105(a), Congress has impliedly recognized that this Court, as an Article I

court, has the same inherent power to sanction that the Supreme Court, in *Chambers v. NASCO, Inc.*,

501 U.S. 32 (1991), recognized exists in Article III courts.    *Rainbow Magazine*, 77 F.3d at 284.

This inherent power is vested necessarily in the Court to assist it in managing its affairs.    *Chambers*,

501 U.S. at 43.    Invoking the Court's inherent power requires a finding of bad faith, vexatious or

wanton conduct, oppression, fraud upon the Court, the delaying or disruption of litigation, or the

hampering of enforcement of a Court order.    *Id.*, 501 U.S. at 49.

Bankruptcy Rule 9020 also expressly contemplates that a bankruptcy court may hold a party in contempt of court.    *Chateaugay*, 920 F.2d at 187; *Rainbow Magazine*, 77 F.3d at 284-85.    Under Bankruptcy Rule 9020, notice and an opportunity to respond must be given to the putative contemnor. *Id*.

Civil contempt is intended "to compel a reluctant party to do what a court requires of him." *MF Global*, 562 B.R. at 52; *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986).    Furthermore, "[c]ivil contempt sanctions may also compensate for any harm that previously resulted."    *MF Global*, 562 B.R. at 52.

Under prevailing standards, Federal courts consider two factors in determining whether to hold a party in civil contempt: whether the alleged contemnor had notice of the court order and whether that person complied with the order.    *In re Keane*, 110 B.R. 477, 482-83 (S.D. Cal. 1990). Furthermore, with respect to compliance with a specific order, the Court may impose civil contempt only where (1) the underlying order is clear and unambiguous, (2) proof of non-compliance is clear and convincing, and (3) the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.    *EEOC v. Local 580*, 925 F.2d 588, 594 (2d Cir. 1991); *MF Global*, 562 B.R. at 53.    In this regard, the "clear and convincing" prong "means that the clarity of the order is such that it enables the enjoined party 'to ascertain from the four corners of the order precisely what acts are forbidden.' "    *Id.*, quoting *Monsanto Co. v. Haskel Trading, Inc.*, 13 F.Supp 2d 349, 363 (E.D.N.Y. 1998).    In addition, in the "context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate 'reasonable certainty' that a violation occurred."    *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).    And where a Court

finds contempt, "the defendant must not have diligently attempted to comply with the order." *In re
Chief Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007).

**B.**    **The Court Should Hold Goyens in Civil Contempt**

Goyens has received proper notice of the entry of the Permanent Injunction.    A.P. Dkt. No.
14.    In light of Goyens' conduct in violating the Permanent Injunction, it is necessary and
appropriate to hold her in civil contempt of court, and to order the imposition of additional
conditional sanctions.

Here, the Permanent Injunction is an enforceable order that is clear, specific and unambiguous
in its command to Goyens to perform in accordance with its operative provisions.    *International
Longshoremens Assoc., Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)
("Congress . . . [requires] that a federal court frame its orders so that those who must obey them will
know what the court intends to require and what it means to forbid.")    The Permanent Injunction is
"clear and unambiguous," in that it directs Goyens very simply to stop doing something.    That is, the
Permanent Injunction directs Goyens to merely refrain from filing any new bankruptcy cases or
adversary proceedings, from filing any document (including proofs of claim) in any bankruptcy case
or adversary proceeding, and from "sending any communications in any form" to any Court officers,
including the deputy clerks.    Because the Permanent Injunction, at its core, prohibits Goyens from
filing papers in the Court and from contacting any Court officers, compliance requires no personal
effort whatsoever from Goyens.    In other words, complying with the Permanent Injunction is a very
easy thing to do.

As evidenced plainly, however, by her filings of two documents in this Case after the entry of

the Permanent Injunction, and by her telephone call to a Court officer, Goyens has failed to comply

with two of the main commands of the Permanent Injunction.    In light of Goyens' extensive

experiences in this Court, in other Federal bankruptcy, district and appellate courts, and in the

California state courts, for almost 30 years, she cannot credibly dispute the edicts of the Permanent

Injunction, much less her understanding of them.    "We [ ] deal here with a violation of a court order

by someone one who fully understands its meaning but chooses to ignore its mandate."

*International Longshoremen's*, 389 U.S. at 76.

The audacity of filing two documents here and phoning a Court officer to tell the officer that

she's being served, means that Goyens has not reasonably tried to comply with the Permanent

Injunction.    In light of her time-tested experiences dealing with the Court and the Office of the

Clerk, both here and across the country, it is clear that Goyens is ignoring the Permanent Injunction

intentionally, if not flaunting it.    There is no indication that Goyens intends to discontinue her

prolific filings, as ordered in the Permanent Injunction, unless and until forcefully commanded

through more compelling means.

## C.    The Court May Structure a Series of Escalating Sanctions

In light of the foregoing, civil contempt sanctions are warranted here.    Once a bankruptcy

court finds contempt, it has "broad discretion to fix fines to coerce compliance."    *Stockschlaeder &*

*McDonald, Esqs. (In re Stockbridge Funding Corp.)*, 158 B.R. 914, 918 (Bankr. S.D.N.Y. 1993).    In

the civil contempt context, the Court may impose sanctions "for either or both purposes: to coerce the

defendant into compliance with the court's order, and to compensate the complainant for losses

sustained."    *Local 28 v. EEOC*, 478 U.S. 421, 443 (1986).    Sanctions "designed to compel

13

compliance with a court order [ ] are considered to be coercive and avoidable through compliance."
*International Union v. Bagwell*, 512 U.S. 821, 827 (1994).

Here, the United States Trustee seeks that the Court hold Goyens in civil contempt for the sole
purpose of compelling her compliance with this Court's lawful Permanent Injunction.    Thus, the
United States Trustee's requested sanctions, as set forth in more detail below, are civil in nature
because they are "specifically designed to complete the doing of some act," [*Hicks v. Feiock*, 485
U.S. 624, 633 (1988)], and bring "a defiant party into compliance with [a] court order."    *In re
Galleria Enters. of Maryland, Ltd.*, 102 B.R. 472, 475 (Bankr. D. Md. 1989), *quoting* Weiss,
*Contempt Powers of the Bankruptcy Court*, 6 Bankr. Dev. L.J. 205, 210 (1989).    The Permanent
Injunction has as its clear enunciated purposes Goyens' simple forbearance from filing new cases,
filing papers, and contacting Court personnel.

Although civil in nature, penalties for civil contempt may be relatively severe.    *See In re
Repp*, 218 B.R. 518 (Bankr. D. Ariz. 1998) (finding petition preparers in civil contempt for violating
prior injunction, and imposing $1.0 million sanction).    Since the purpose of civil contempt is to
coerce compliance with a lawful court order, the United States Trustee seeks that the Court exercise
its broad discretion, and enter a civil contempt order structuring a series of sequentially-escalating
sanctions.

First, on account of Goyens' wilful and intentional violation of the Permanent Injunction, the
United States Trustee requests that the Court enter an order requiring that, in this Case, Goyens file a
withdrawal of her Request for Notice within 30 days of the date of service of a contempt order.
Such a withdrawal would serve a dual purpose – it would bring Goyens back into compliance with

14

the Permanent Injunction to the extent now possible, and it would erase from the record

personally-identifiable information that Bankruptcy Rule 9037 requires be off record.

Second, the United States Trustee also requests additional remedies, in the event Goyens fails

to comply with the foregoing within a 30-day time frame.    If Goyens fails to file a withdrawal of the

Request for Notice within the 30-day time frame, the United States Trustee requests that Goyens then

be assessed a daily sanction in the amount of $100 ("Daily Sanctions").    It is requested that such

Daily Sanctions continue being accrued against Goyens until the date she files a withdrawal of the

Request for Notice.    However, in the event that Goyens fails to withdraw the Request for Notice

within 60 days from the date of entry of a contempt order, then the United States Trustee requests that

the Clerk be directed to restrict the Request for Notice from public view, and that the Daily Sanctions

cease accrual at such time and remain outstanding until fully paid.

Sanctions which accrue daily until compliance is achieved are civil in nature.    *Stockbridge*

*Funding*, 158 B.R. at 919.    Accordingly, in cases of dilatory conduct by contemnors, the bankruptcy

courts have assessed contempt fines on a daily basis, commencing as of the date the contemnor was

ordered to perform the relevant act.    *See Walker*, 257 B.R. at 493 (assessing daily fines against

petition preparer); and *In re Affairs With a Flair, Inc.*, 123 B.R. 721 (Bankr. E.D. Pa. 1990) (counsel

to chapter 7 trustee sanctioned $25 for each of 30 days he failed to file an order for distribution), *aff'd*

123 B.R. 724 (E.D. Pa. 1991).

## IV.

## **CONCLUSION**

There is clear and convincing evidence here to hold Goyens in civil contempt, and the two

fundamental requirements for holding her in civil contempt have been met.    First, through the filing

of the Motion, which intentionally includes a notice period much longer than the minimum

requirement, Goyens will be given adequate notice and due process under the circumstances.    And,

second, Goyens simply has failed to comply with the Permanent Injunction, which is plain and clear.

**WHEREFORE,** in light of the foregoing, the United States Trustee respectfully requests that

the Court find Goyens in civil contempt of this Court, and enter an order imposing the structured

sanctions set forth above, and for such other relief as the Court determines is just and proper.

Dated: New York, New York
        May 17, 2017

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE

        *By:*    */s/ Andrew D. Velez-Rivera*
                    Trial Attorney
                    U.S. Federal Office Bldg.
                    201 Varick Street, Room 1006
                    New York, New York 10014
                    Tel. (212) 510-0500; Fax (212) 668-2255

16