UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re                                                                                    Case No. 12-12020 (MG)

**RESIDENTIAL CAPITAL, LLC,** *et al.***,**                  (Chapter 11)

                                Debtors.           Jointly Administered

------------------------------------------------------------ x

### DECLARATION OF ANDREW D. VELEZ-RIVERA IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF CIVIL CONTEMPT ORDER AGAINST CHALEDEEANNKA DEBORAH ANN WILLIAMS GOYENS-BELL EBERWEIN

     I am a Trial Attorney for movant, William K. Harrington, the United States Trustee ("United States Trustee").  Within his Office, I am responsible for monitoring certain events in the chapter 11 cases captioned above on his behalf.  I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system.  If called, I would testify to the following:

     1.     On April 17, 2012, Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein ("Goyens") and Robert Daniel Eberwein filed a joint voluntary petition for chapter 11 relief in this Court.  Case No. 12-11580 (SHL).

     2.     On October 4, 2012, in such chapter 11 case, the United States Trustee filed the Complaint for Injunctive Relief by United States Trustee ("Complaint") against Eberwein, Goyens and others.  Adv. Pro. 12-1901 (SHL) ("A.P."), Dkt No. 1.  A true and correct copy of the Complaint, which I drafted and signed on behalf of the United States Trustee, is attached hereto as **Exhibit A**.

1

3. The Complaint alleged, among other things, that Goyens had used 45 different aliases when filing for bankruptcy throughout the nation. Complaint, ¶ 12.

4. The Complaint further alleged that between 1991 and 2009 on her own behalf or on behalf of others, and using one or more aliases, Goyens filed 34 bankruptcy cases, six bankruptcy appeals, four adversary proceedings, nine civil cases in the federal district courts, and six Federal appeals nationwide. Complaint, ¶¶ 16-100.

5. The Complaint further alleged that between 2010 and 2012, on her own behalf or on behalf of others and using one or more aliases, Goyens filed seven bankruptcy cases in this Court. Complaint, ¶¶ 101-111.

6. The Complaint further alleged that, on June 27, 2012, in Case No. 12-11486 (SHL), the Court entered its Order Prohibiting Use of Email to Correspond with Federal Court Employees. Complaint, ¶ 106. "According to such Order, employees of the Court received seven emails from "Robert Eberwein" on June 22, 2012. The Order requires 'that Mr. Eberwein or other party in interest or anyone affiliated or associated with any Debtor or other party in interest . . . and any recipients of the emails sent by Robert Eberwein to the Court, is prohibited from sending emails or other forms of electronic transmission, including facsimile, to any employee of this federal bankruptcy court, to the Untied States Trustee (Region 2), or any employee of the United States Trustee, and to any case or standing trustee.' " *Id*.

7. The Complaint further alleged that, on July 24, 2012, in Case No. 12-11486 (SHL), the Court entered its Order Directing Submission of Documents in Electronic Format. Complaint, ¶ 107. "The Order finds that 'The parties listed as Debtors and/or Plaintiffs in the above-captioned cases and adversary proceedings have repeatedly submitted voluminous paper filings. [ ] This has placed a

substantial burden on the Clerk's Office.' " *Id*. "The Order requires that, for any document exceeding 20 pages in length filed by any party, an electronic copy of the filing also must be submitted." *Id*.

8. The Complaint further alleged that, in 2002, the U.S. Bankruptcy Court for the Eastern District of California entered a 180-day bar order against future filings by Goyens.   Complaint, ¶ 112.

9. The Complaint further alleged that, in 2005, the U.S. Bankruptcy Court for the Northern District of California entered a one-year bar order against future filings by Goyens. Complaint, ¶ 113.

10. The Complaint further alleged that, in 2006, the U.S. Bankruptcy Court for the Northern District of California entered a three-year filing injunction against future filings by Goyens. Complaint, ¶ 114.

11. The Complaint further alleged that, also in 2006, the U.S. Bankruptcy Court for the Northern District of California entered a "Permanent Filing Injunction" against Goyens.   Complaint, ¶ 116.   "Pursuant to the Permanent Filing Injunction, Defendant Goyens 'using the name Artis C. Bell or any aliases listed on the caption of this default judgment, is hereby permanently enjoined from filing, in any United States bankruptcy court, any bankruptcy case or adversary proceeding, or any document therein.' "   *Id*.

12. The Complaint further alleged:   "On January 4, 2010, the United States Trustee for Region 17 filed a motion seeking an order of civil contempt for Defendant Goyens' violation of the Permanent Filing Injunction.   On February 25, 2010 the United States Bankruptcy Court for the Northern District of California entered its <u>Order Holding Defendant in Contempt</u>.   Pursuant to such

contempt order, the bankruptcy court held Defendant Goyens 'in contempt of court for violating the judgment in this case enjoining further bankruptcy filings.' " Complaint, ¶ 117.

13. The Complaint further alleged that, on January 18, 2007, the U.S. Bankruptcy Court for the Northern District of California "entered its <u>Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 105(a), Prohibiting Provision of Document Preparer Services and Imposing Fine</u> (the 'Preparer Injunction'). Pursuant to the Preparer Injunction, Defendant Goyens 'is permanently enjoined from providing to any individual or entity any service relating to the preparation of documents to be filed in any bankruptcy case,' and 'as a fine,' Defendant Goyens was ordered to return the sum of $3,000 to the debtor." Complaint, ¶ 120.

14. The Complaint further alleged that, on February 25, 2010, the U.S. Bankruptcy Court for the Northern District of California "entered its <u>Order Holding Defendant in Contempt</u>." Complaint, ¶ 121. "Pursuant to such contempt order, the bankruptcy court held Defendant Goyens 'in contempt of court for violating the judgment in this case enjoining her from assisting others with respect to filing bankruptcy.' *Id*.

15. The Complaint further alleged that Goyens had been placed on the "Vexatious Litigant List" maintained by the Judicial Council of the California state courts. Complaint, ¶¶ 122-125.

16. On June 3, 2013, the Court entered its Default Judgment and Summary Judgment Granting Injunctive Relief against Goyens ("Permanent Injunction"). A.P. Dkt. No. 13. In relevant parts, the Permanent Injunction provides:

> (B) [Goyens], and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are:

4

       (1)      permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court, and

       (2)      permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding.

. . .

(D)     [Goyens], and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are permanently enjoined from sending any communications in any form, including written papers, electronic messages, and e-mails, to any United States Bankruptcy Judge, United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide (except for the purpose of filing a document as set forth above in paragraph B(2) above).

*Id.*, at 11-12.    A true and correct copy of the Permanent Injunction is attached hereto as **Exhibit B.**

    17.    Goyens has been given service of the Permanent Injunction.    A.P. Dkt. No. 14 (Notice of Entry).    Attached hereto as **Exhibit C** is a true and correct copy of the Notice of Entry effectuating such service.

18. In these chapter 11 cases (collectively, "Case"), on April 20, 2015, Eberwein and Goyens filed an "Ex-Parte Application Vacatur Dismissals and Request for Judicial Notice." Dkt. No. 8597. This document has been unilaterally "**restricted from public view**" by the Court, because it violates the Permanent Injunction. *Id*. (bold in original docket entry). A true and correct copy of an excerpt of the docket containing entry no. 8597 is attached hereto as **Exhibit D.**

19. In this Case, on April 7, 2017, Goyens also filed a 62-page document captioned "Request for Special Notice – Notice of Automatic Stay of Chapter 15 Filing in the ___ District of ___" ("Request for Notice"). Dkt. No. 10358. A handwritten notation immediately below such caption states "URGENT 9th Circuit 16-16936" ("9th Circuit Appeal"). A true and correct copy of the Request for Notice is attached hereto as **Exhibit E.**

20. The Request for Notice does not seek specific relief from this Court.

21. Instead, Goyens' Request for Notice is an assortment of orders and excerpts of documents filed in this Case, mortgage-related correspondence addressed to Eberwein, documents and excerpts of documents filed by Goyens in the U.S. Bankruptcy and District Courts for the Northern District of California and the Eastern District of California, a mortgage delinquency notice concerning another private individual, an "Eviction Restoration Notice" issued against Goyens by the Sheriff of Alameda County, California in 2010, and a "Notice to Vacate" issued by the Sheriff against Eberwein in 2016. *Id*.

22. Without redaction, the Request for Notice also includes an individual's financial information that Rule 9037 requires to be redacted.

23. On July 16, 2012, prior to the entry of the Permanent Injunction, Goyens filed Proofs of Claim No. 295 through 313 in this Case on behalf of herself and several other claimant entities.

Claims Register, No. 295-313. These claims were expunged in an order entered on May 15, 2015. Dkt. No. 8620 (Exh. B).

24. In addition, shortly before the entry of the Permanent Injunction, Goyens filed an untitled 33-page document in this Case. Dkt. No. 3340. Like Goyens' later-filed Request for Notice, the document at Dkt. No. 3340 only consists of assorted excerpts of documents filed by Goyens and purportedly others in the U.S. Bankruptcy Courts for the Northern and Eastern Districts of California, and mortgage-related documents concerning other private individuals. *Id*.

25. After the entry of the Permanent Injunction, on June 10, 2016, in the U.S. District Court for the Northern District of California, Eberwein and Goyens, among others, filed a complaint ("SF Complaint") for "Wrongful Cancellation of Extension of Credit" in relation to certain bank accounts. 3109 King St. Property Management *et al*. v. Vasona Management *et al*., Case No. 16-cv-3219-VC ("San Francisco Action" or "SF Action").

26. Goyens and Eberwein specifically named two officers of this Court's Clerk's Office as defendants in their San Francisco Action.

27. At the outset of the San Francisco Action, Goyens telephoned one of such officers to advise her of the commencement of the San Francisco Action, and advised the officer that she was being served with the SF Complaint through such call.

28. On June 20, 2016, a U.S. Magistrate Judge to whom the complaint in the San Francisco Action was assigned issued her Order Reassigning the Case; Report and Recommendation to Dismiss the Complaint Without Prejudice. SF Action Dkt. No. 9. The Magistrate determined that the SF Complaint failed to state a claim for relief. *Id*. at 1. A true and correct copy of the Magistrate's order is attached hereto as **Exhibit F.**

7

29. Later, the San Francisco District Court adopted the Magistrate's Report and Recommendation.   SF Action Dkt. No. 17.   On September 9, 2016, the San Francisco District Court entered a Judgment dismissing the SF Complaint, as amended.   SF Action Dkt. No. 31.

30. Goyens and Eberwein appealed such Judgment to the Ninth Circuit Court of Appeals on October 14, 2016.   SF Action Dkt. No. 35.   This is the 9th Circuit Appeal referenced on the cover sheet to the Request for Notice filed in this Case.   See Dkt. No. 10358, at 1.

31. On January 23, 2017, the Ninth Circuit issued an order dismissing the 9th Circuit Appeal for failure to prosecute.   Eberwein et al. v. Deutsche Bank Americas, et al., No. 16-16936, Dkt. No. 5.   Eberwein and Goyens later filed a motion to reconsider *en banc*, which the Ninth Circuit construed as a motion to reinstate their appeal.   9th Circuit Appeal Dkt. No. 7.   That motion was denied without prejudice.   *Id.*

32. On April 10, 2017 – *i.e.*, only three days after filing the Request for Notice in this Case stating, "URGENT 9th Circuit 16-16936," – Eberwein and Goyens filed a subsequent motion to reinstate their SF Appeal.   9th Circuit Appeal Dkt. No. 8.   That motion remains pending in the Ninth Circuit.   *See id*.   A true and correct copy of the docket of the Ninth Circuit Appeal is attached hereto as **Exhibit G**.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this seventeenth day of May, 2017 at New York, New York.

*/s/ Andrew D. Velez-Rivera*