# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:

ROBERT DANIEL EBERWEIN and
CHALEDEEANNKA DEBORAH ANN                    Chapter 11
WILLIAMS GOYENS-BELL EBERWEIN,               Case No. 12-11580 (SHL)

                              Debtors.

----------------------------------------------------------------x

TRACY HOPE DAVIS, as                         Adv. Pro. No. 12-_____ (SHL)
UNITED STATES TRUSTEE FOR REGION 2,

                                             **COMPLAINT FOR**
vs.                                          **INJUNCTIVE RELIEF BY**
                                             **UNITED STATES TRUSTEE**

CHALEDEEANNKA DEBORAH ANN
        WILLIAMS GOYENS-BELL EBERWEIN,
dba CHALEDEEANNKA DOCUMENT
        PREPARER GOYENS-BELL,
aka ALICE WINBORN
aka ALICE E. WINBORN,
aka ALICE ELIZABETH WINBORN,
aka ARTIS BELL,
aka ARTIS C. BELL,
aka BARBARA WOODS,
aka BLACK BAY,
aka C.D.P.G.,
aka C.D.P. GOYENS,
aka CHALEDEEANNKA D GOYENS,
aka CHALEDEEANNKA D.A GOYENS,
aka CHALEDEEANNKA DA GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL (WILLIAMS),
aka CHALEDEEANNKA DEBORAH GOYENS,

(caption continues on next page)

pg. 1

aka CHALEDEEANNKA DOC PR GOYENS,
aka CHALEDEEANNKA DOC PRPR,
aka CHALEDEEANNKA DOCUMENT
     PREPARER GOYENS,
aka CHALEDEEANNKA GOYENS,
aka DEBORAH A. WILLIAMS,
aka DEBORAH ANN WILLIAMS,
aka DEE ANN GOYENS,
aka DEE ANN WILLIAMS-GOYENS,
aka FRED GOVENS,
aka FREDDIE GOYENS,
aka FREDDIE GOYENS, JR.,
aka GARLAND TYLER,
aka LIONS JUDAH SPIRITUAL WARFARE
     TRAINING MINISTRY,
aka O'LEVIA DE'AGAPE-D GOYENS,
aka O'LEVIA DE'-AGAGE-D'GOYENS,
aka O'LEVIA DEL-AGAPE GOYENS,
aka OLEVIA GOYENS,
aka ROBERT DANIEL EBERWEIN,
aka MICHELLE O'CONNOR,
aka PAUL CHRISTENSEN,
aka LISA SWAIN-MORRIS,
aka TRUSTOR FOR LEHMAN BROTHERS
     HOLDINGS,
aka PROPERTY ASSET MANAGERS,
aka 3109 KING ST. PROPERTY MGMT.,
aka C D A W G-B EBERWEIN ST.
     PROPERTY MANAGEMENT,
dba, VACA CITY TOW,

and

FEDELINA ROYBAL-ROYBAL DE AGUERO, and
FEDELINA ROYBAL DE-AGUERO 2008 TRUST,

          Defendants.

-------------------------------------------------------------------x

pg. 2

Tracy Hope Davis, the United States Trustee for Region 2 (the "Plaintiff," or the "United

States Trustee"), by and through the undersigned attorney, as and for her complaint for injunctive

relief against Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein ("Defendant

Goyens"), Fedelina Roybal-Roybal de Aguero, and Fedelina Roybal-Roybal de Aguero 2008

Trust, (collectively, "Defendant Roybal de Aguero"), pursuant to 11 U.S.C. § 105(a) and

applicable decisional law, respectfully alleges as follows:

## PARTIES

1.      Plaintiff, Tracy Hope Davis, is the United States Trustee for Region 2 (the "United States

Trustee"), with offices located at 33 Whitehall Street, 21st Floor, New York, New York  10004.

2.      Defendant Goyens is the joint debtor in Case No. 12-11580 (SHL), currently pending

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

3.      Defendant Fedelina Roybal-de Aguero is the debtor in Case No. 12-12203 (SHL),

previously pending under Chapter 13 of the Bankruptcy Code in this Court.

4.      Defendant Fedelina Roybal-de Aguero 2008 Trust is the debtor in Case No. 12-12203

(SHL), previously pending under Chapter 13 of the Bankruptcy Code in this Court.

## JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

5.      Plaintiff is the United States Trustee.  United States Trustees are officials of the

Department of Justice appointed by the Attorney General to supervise the administration of

bankruptcy cases and trustees.  See 28 U.S.C. §§ 581-589.

6.      The United States Trustee has standing to pursue her complaint under 11 U.S.C. § 307, and 28 U.S.C. § 586.

7.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.)..

8.      Venue is proper pursuant to 28 U.S.C. § 1409(a).

9.      The filing of this Complaint initiates an adversary proceeding.  Federal Rule of Bankruptcy Procedure ("Rule") 7001(7).

10.     Such adversary proceeding constitutes a core proceeding.  28 U.S.C. § 157(b)(2)(O), (P).

11.     The statutory and other predicates for the relief sought in this matter are 11 U.S.C. § 105(a), Rule 7001 and decisional law.

## FACTUAL BACKGROUND

12.     Defendant Goyens has used the following aliases when filing for bankruptcy throughout the nation: (1) Alice Winborn, (2) Alice E. Winborn, (3) Alice Elizabeth Winborn, (4) Artis C. Bell, (5) Artis Bell, (6) Barbara Woods, (7) Black Bay, (8) Chaledeeannka D Goyens, (9) C.D.P.G., (10) C.D.P. Goyens, (11) Chaledeeannka DA Goyens, (12) Chaledeeannka D.A. Goyens, (13) Chaledeeannka Deborah Ann Goyens, (14) Chaledeeannka Deborah Ann Goyens-Bell, (15) Chaledeeannka Deborah Ann Goyens-Bell (Williams), (16) Chaledeeannka Deborah Goyens, (17) Chaledeeannka Doc PR Goyens, (18) Chaledeeannka Doc PRPR, (19) Chaledeeannka Document Preparer Goyens, (20) Chaledeeannka Document Preparer Goyens - Bell, (21) Chaledeeannka Goyens, (22) Deborah A. Williams, (23) Deborah Ann Williams, (24) Dee Ann Goyens, (25) Dee Ann Williams-Goyens, (26) Fred Govens, (27) Fred Goyens, (28)

Freddie Goyens, (29) Freddie Goyens, Jr., (30) Garland Tyler, (31) Lions Judah Spiritual Warfare

Training Ministry, (32) O'Levia De'Agape -D Goyens, (33) O'Levia De'-Agage-D'Goyens, (34)

O'Levia De'Agaped'-D Goyens, (35) O'Levia Del-Agape Goyens, (36) Olevia Goyens, (37)

Robert Daniel Eberwein, (38) Michelle O'Connor, (39) Paul Christensen, (40) Lisa Swain-

Morris, (41) Trustor for Lehman Brothers Holdings, (42) Property Asset Managers, (43) 3109

King St. Property Mgmt., (44) C D A W G-B Eberwein St. Property Management, and (45) Vaca

City Tow.  This list may not be inclusive of all aliases used by Defendant Goyens.

13.        Upon information and belief, Kamaal Goyens is Defendant Goyens' son.

14.        Upon information and belief, Olevia Goyens is Defendant Goyens' daughter.

15.        Upon information and belief, Defendant Goyens has filed bankruptcy cases as and on

behalf of Olevia Goyens under the following aliases: (1) O'Levia De'Agape-D Goyens, (2)

O'Levia De'-Agage-D'Goyens, (3) O'Levia De'-Agage-D'Goyens, (4) O'Levia Del-Agape

Goyens, and (5) Olevia Goyens.

**1991:  Bankruptcy Case Filed by Defendant Goyens in the United States Bankruptcy Court
for the Western District of Missouri**

16.        On March 22, 1991, Defendant Goyens filed the Chapter 13 case styled In re Freddie

nmn and Dee Ann Goyens, Case No. 91-41035-13, in the United States Bankruptcy Court for the

Western District of Missouri.  The case was dismissed on September 4, 1991.  In this case,

Defendant Goyens filed an adversary proceeding against Mortgage Bankshares.  Adv. Pro. No.

91-4100.

## 1992 to 1994:  Bankruptcy Cases Filed by Defendant Goyens in the United States Bankruptcy Court for the Eastern District of California

17.      Between 1992 and 1994, using one or more aliases, Defendant Goyens filed at least eight bankruptcy cases and three adversary proceedings in the United States Bankruptcy Court for the Eastern District of California.  Such cases and adversary proceedings are set forth in paragraphs 18 through 25 below.

18.      On April 24, 1992, Defendant Goyens filed the Chapter 13 case styled In re Dee Ann Goyens, Case No. 92-23640.  The case was dismissed on August 17, 1992.  In this case, Defendant Goyens filed an adversary proceeding against the Internal Revenue Service.  Adv. Pro. No. 92-2254.

19.      On July 9, 1992, Defendant Goyens filed the Chapter 7 case styled In re Freddie Goyens, Jr. and Fred Goyens, Case No. 92-26018.  The case was dismissed on September 29, 1992.

20.      On July 16, 1993, Defendant Goyens filed the Chapter 13 case styled In re Fred Goyens, FR, Case No. 93-26096.  The case was dismissed on November 4, 1993.

21.      On December 14, 1993, Defendant Goyens filed the Chapter 13 case styled In re Alice E. Wilborn, Case No. 93-30391.  The case was dismissed on February 10, 1994.  In this case, Defendant Goyens filed a complaint commencing an adversary proceeding against the United States Dept. of Defense.  Adv. Pro. No. 94-2046.

22.       On December 14, 1993, Defendant Goyens also filed the Chapter 13 case styled <u>In re</u>
<u>Freddie Goyens, Jr.</u>, Case No. 93-30414.  The case was dismissed on February 10, 1994.    In this
case, Defendant Goyens filed a complaint commencing an adversary proceeding against the
United States.  Adv. Pro. No. 94-2045.

23.       On January 11, 1994, Defendant Goyens filed the Chapter 13 case styled <u>In re Deborah</u>
<u>Ann Goyens</u>, Case No. 94-20234.  The case was dismissed on May 16, 1994.

24.       On January 25, 1994, Defendant Goyens filed the Chapter 13 case styled <u>In re Freddie</u>
<u>Goyens</u>, Case No. 94-20590.  The case was dismissed on March 10, 1994.

25.       On January 25, 1994, Defendant Goyens filed the Chapter 13 case styled <u>In re Alice</u>
<u>Elizabeth Wilborn</u>, Case No. 94-20593.  The case was dismissed on March 10, 1994.

## <u>1996 to 2001:  Bankruptcy Cases Filed by Defendant Goyens in the United States Bankruptcy Court for the Eastern District of North Carolina</u>

26.       Between 1996 and 2001, using one or more aliases, Defendant Goyens filed at least seven
bankruptcy cases in the United States Bankruptcy Court for the Eastern District of North
Carolina below.  Such cases are set forth in paragraphs 27 through 33 below.

27.       On September 23, 1994, Defendant Goyens filed the Chapter 13 case styled <u>In re Deborah</u>
<u>Ann Goyens</u>, Case No. 94-02945-8-JRL.  The case was dismissed on November 14, 1994.

28.       On September 27, 1995, Defendant Goyens filed the Chapter 13 case styled <u>In re Freddie</u>
<u>Goyens, Jr.</u>, Case No. 95-03399-8-JRL.  The case was dismissed on January 10, 1996.
Defendant Goyens filed a motion to reopen the case on October 4, 1996.  The motion to reopen
was denied in an order entered on November 7, 1996.

pg. 7

29.    On January 17, 1996, Defendant Goyens filed the Chapter 13 case styled In re Freddie Goyens, Jr., Case No. 96-00241-8-JRL.  The case was dismissed on January 19, 1996.

30.    On January 18, 1996, Defendant Goyens filed the Chapter 13 case styled In re Chaledeeannka Doc. Preparer Goyens, Case No. 96-00275-8-JRL.  The case was dismissed on March 11, 1996.

31.    On October 2, 1996, Defendant Goyens filed the Chapter 13 case styled In re O'Levia De'Agaped'-D Goyens, Case No. 96-04917-8-JRL.  The case was dismissed on October 3, 1996.

32.    On January 15, 1997, Defendant Goyens filed the Chapter 13 case styled In re O'Levia De'Agape-D Goyens and Chaledeeannka D Goyens, Case No. 97-00273-8-JRL.  The case was dismissed on February 28, 1997.

33.    On June 1, 2001, Defendant Goyens filed the Chapter 13 case styled In re Chaledeeannka Goyens, Case No. 01-04233-8-JRL.  The case was dismissed on November 8, 2001.

**1996 to 1999:  Bankruptcy Appeals and Civil Cases Filed by Defendant Goyens in the United States District Court for the Eastern District of North Carolina**

34.    Between 1996 and 1999, using one or more aliases, Defendant Goyens filed at least one bankruptcy appeal and four civil cases in the United States District Court for the Eastern District of North Carolina.  Such appeals and cases are set forth in paragraphs 35 through 39 below.

35.    On February 8, 1996, Defendant Goyens filed a notice of appeal of the bankruptcy court's denial of her motion for turnover and violation of the automatic stay in Case No. 96-0275-8-JRL, commencing the appeal styled In re Chaledeeannka Document Preparer Goyens, Case No. 5:96-cv-00290-BR.  This bankruptcy appeal was dismissed by the district court on May

3, 1996. Defendant Goyens' subsequent motion for reconsideration of such dismissal was denied on December 19, 1996.

36.    On November 12, 1996, Defendant Goyens filed the action styled <u>Edgecombe County Department of Social Services v. Freddie Goyens, Jr.</u>, Case No. 5:96-cv-00946-F. This action was dismissed as "patently frivolous" on December 5, 1996.

37.    On November 24, 1998, Defendant Goyens filed a Petition for Writ of Habeus Corpus, thereby commencing the action styled <u>Chaledeeannka Deborah Goyens v. State of North Carolina</u>, Case No. 5:98-hc-00741-BO. This action was dismissed on December 17, 1998.

38.    On March 23, 1999, Defendant Goyens filed a Petition for Writ of Habeus Corpus, thereby commencing the action styled <u>Chaledeeannka Deborah Goyens v. Freddie Goyens, Jr.</u>, Case No. 5:99-hc-00195-BO. This action was dismissed on March 26, 1999, and Defendant Goyens' motion for reconsideration of such dismissal was denied on May 4, 1999.

39.    On December 6, 1999, Defendant Goyens filed the action styled <u>Chaledeeannka Document Preparer Goyens *et al.* v. North Carolina Department of Health and Human Services</u>, Case No. 4:99-cv-00196-H. The district court adopted the recommendation of a Magistrate, and on January 28, 2000, dismissed the action with prejudice.

### 1996 to 2000:  Bankruptcy and Civil Appeals Filed by Defendant Goyens in the United States Court of Appeals for the Fourth Circuit

40.    Between 1996 and 2000, using one or more aliases, Defendant Goyens filed at least four appeals in the United States Court of Appeals for the Fourth Circuit. Such appeals are set forth in paragraphs 41 through 44 below.

41.     On December 16, 1996, Defendant Goyens filed a notice of appeal of the dismissal

order entered in Case No. 5:96-cv-00946-F, thereby commencing the appeal styled <u>Edgecombe</u>

<u>County Department of Social Services v. Freddie Goyens, Jr.</u>, Appeal No. 96-2851. The Fourth

Circuit Court of Appeals dismissed the appeal on March 3, 1997 for want of prosecution.

42.     On December 18, 1996, Defendant Goyens filed a notice of appeal of the dismissal

order entered in Case No. 5:96-cv-00290-BR, thereby commencing the appeal styled <u>In re</u>

<u>Chaledeeannka Document Preparer Goyens</u>, Appeal No. 96-2852. The appeal was dismissed for

want of prosecution on February 5, 1997.

43.     On January 15, 1999, Defendant Goyens filed a notice of appeal of the dismissal order

entered in Case No. 5:98-hc-00741-BO, thereby commencing the appeal styled <u>Chaledeeannka</u>

<u>Deborah Goyens v. State of North Carolina</u>. The Fourth Circuit Court of Appeals dismissed the

appeal for failure to prosecute on March 12, 1999.

44.     On February 4, 2000, Defendant Goyens filed a notice of appeal of the dismissal order

entered with prejudice in Case No. 4:99-cv-00196-H, thereby commencing the appeal styled

<u>Chaledeeannka Document Preparer Goyens</u> <u>et al.</u> v. <u>North Carolina Department of Health and</u>

<u>Human Services</u>, Appeal No. 00-1210. The dismissal order with prejudice was affirmed on the

merits by the Fourth Circuit Court of Appeals on November 27, 2000.

**2001 to 2012:  Bankruptcy Cases and Involuntary Petitions Filed by Defendant Goyens in the United States Bankruptcy Court for the Eastern and Northern Districts of California**

45.    Between 2001 and 2009, using one or more aliases, Defendant Goyens filed at least 18 bankruptcy cases and eight adversary proceedings in the United States Bankruptcy Court for the Eastern and Northern Districts of California, and one involuntary petition in the United States Bankruptcy Court for the Eastern District of California.  Such cases and adversary proceedings are set forth in paragraphs 46 through 79 below.

46.    On July 13, 2001, Defendant Goyens filed the Chapter 13 case styled In re Chaledeeannka Goyens, Case No. 01-31870 DM, in the United States Bankruptcy Court for the Northern District of California.  The case was dismissed on December 4, 2001.

47.    On December 11, 2001, Defendant Goyens filed the Chapter 13 case styled In re Chaledeeannka Goyens, Case No. 01-33144 DM, in the United States Bankruptcy Court for the Northern District of California.  The case was converted to one under Chapter 7 on June 21, 2002, and a discharge was granted on February 10, 2003.  The case was closed on February 28, 2003.

48.    In foregoing Case No. 01-33144 DM, Defendant Goyens filed four motions to determine the non-dischargeability of certain debts.

49.    On August 8, 2002, Defendant Goyens filed the Chapter 13 case styled In re Chaledeeannka Doc Pr Goyens and Kamaal Goyens, Case No. 02-28859-A-13-J, in the United States Bankruptcy Court for the Eastern District of California.  The case was dismissed on October 24, 2002.

pg. 11

50.      In the foregoing Case No. 02-28859-A-13-J, Defendant Goyens filed her Complaint About a California Judge, Court Commissioner of Referee.

51.      On October 1, 2002, Defendant Goyens filed the Chapter 13 case styled In re Kamaal R. Goyens, Case No. 02-30868-A-13-J, in the United States Bankruptcy Court for the Eastern District of California.  The case was converted to one under Chapter 7 on November 20, 2002, and dismissed on November 27, 2002.

52.      On November 20, 2002, Defendant Goyens filed the Chapter 7 case styled In re Kamaal Romon Goyens and Chaledeeannka Document Preparer Goyens, Case No. 02-32909-B-7, in the United States Bankruptcy Court for the Eastern District of California.  The case was dismissed on December 19, 2002.

53.      On December 3, 2002, Defendant Goyens filed the Chapter 13 case styled In re C.D. P. Goyens, Case No. 02-33288-A-13, in the United States Bankruptcy Court for the Eastern District of California.  The case was converted to one under Chapter 7 on January 3, 2003, and dismissed on March 10, 2003.

54.      On December 20, 2002, Defendant Goyens filed the involuntary petition commencing the Chapter 7 case styled In re John Brezzo, Case No. 02-34013-B, in the United States Bankruptcy Court for the Eastern District of California.  On the motion of the debtor, the case was dismissed on February 13, 2003.  On February 12, 2003 (*i.e.,* one day prior to the entry of the dismissal order in the case), Defendant Goyens filed a motion to reconsider the dismissal order. The bankruptcy court denied reconsideration in an order entered on March 20, 2003.

55.    On April 5, 2004, Defendant Goyens filed the Chapter 13 case styled <u>In re</u>
<u>Chaledeeannka D.A. Goyens</u>, Case No. 04-30916 TEC, in the United States Bankruptcy Court
for the Northern District of California.  The case was dismissed on October 13, 2004.

56.    On October 14, 2004, Defendant Goyens filed the Chapter 13 case styled <u>In re Artis C.</u>
<u>Bell</u>, Case No. 04-32901 TEC, in the United States Bankruptcy Court for the Northern District of
California.  The case was dismissed on January 26, 2005.

57.    On May 16, 2005, Defendant Goyens filed the Chapter 13 case styled <u>In re</u>
<u>Chaledeeannka Deborah-Ann Goyens-Bell (Williams)</u>, Case No. 05-31546 TEC, in the United
States Bankruptcy Court for the Northern District of California.  The case was dismissed on
September 1, 2005.  Defendant Goyens filed a motion to reopen the case on June 2, 2006.  Such
motion to reopen was denied in an order entered on June 26, 2006.

58.    In Case No. 05-31546 TEC, Defendant Goyens filed a complaint commencing an
adversary proceeding against Jane McKeag, United States Bankruptcy Judge for the Eastern
District of California, and another individual.  Adv. Pro. No. 05-03326 TEC.  The adversary
proceeding was dismissed on the Court's own motion on July 8, 2005.

59.    On August 9, 2005, Defendant Goyens filed the Chapter 13 case styled <u>In re Artis C.</u>
<u>Bell</u>, Case No. 05-32521 TEC, in the United States Bankruptcy Court for the Northern District of
California.  The case was converted to one under Chapter 7 on January 9, 2006, and a discharge
order was entered on June 22, 2006.

60.    In foregoing Case No. 05-32521 TEC, Defendant Goyens filed an adversary proceeding

against David Burchard, the Chapter 13 Standing Trustee, and several other parties on February

22, 2006.  Adv. Pro. No. 06-03063 TEC.  The bankruptcy court dismissed the action on its own

motion for lack of subject matter jurisdiction, in an order entered on March 14, 2006.

61.    In foregoing Case No. 05-32521 TEC, Defendant Goyens filed motion for removal of a

divorce action pending in the Superior Court of California, County of San Francisco.

62.    On November 7, 2008, Defendant Goyens filed the Chapter 13 case styled Defendant

Goyens filed the Chapter 13 case styled In re 3109 King Street Property Mgmt / Promulgatoress

394717 and Chaledeeannka Deborah Ann Williams Eberwein Goyens-Bell, Case No. 08-36386-

B-13-J, in the United States Bankruptcy Court for the Eastern District of California.  The case

was converted to one under Chapter 7 on December 18, 2008, and a dismissal order was entered

on December 23, 2008.

63.    In the foregoing Case No. 08-36386-B-13-J, Defendant Goyens filed four adversary

proceedings against various parties, to wit:  Adv. Pro. No. 08-2633-B, against Michael Sigala et

al., Adv. Pro. No. 08-2634B, against the City of Berkeley, Adv. Pro. No. 08-02638-B, against

Christopher Appleton, and Adv. Pro. No. 08-02639-B, against Zera Demas.  All four adversary

proceedings, which consisted of actions removed from the Superior Court of California, were

remanded to such Court.

64.    In the foregoing Case No. 08-36386-B-13-J, Defendant Goyens filed 52 proofs of claim

on behalf of purported creditors in the case.

65.      On March 9, 2009, Defendant Goyens filed the Chapter 13 case styled <u>In re 3109 King</u>

<u>Street Property Mgmt / Promulgatoress 394717 and Chaledeeannka Deborah Ann Williams</u>

<u>Eberwein Goyens-Bell</u>, Case No. 09-23690-B-13-J, in the United States Bankruptcy Court for

the Eastern District of California.  An order entered on September 25, 1999 held that the case

was automatically dismissed as of April 18, 2009 pursuant to 11 U.S.C. § 521(i).

66.      In the foregoing Case No. 09-23690-B-13-J, Defendant Goyens filed 111 proofs of

claim on behalf of purported creditors in the case.

67.      On March 9, 2009, Defendant Goyens filed the Chapter 13 case styled <u>In re OSO Cold</u>

<u>Records and Kamaal Romon Goyens, Sr.</u>, Case No. 09-70509 LT, in the United States

Bankruptcy Court for the Northern District of California.  The case was dismissed in an order

entered on December 9, 2009.

68.      In the foregoing Case No. 09-70509 LT, Defendant Goyens filed Adversary Proceeding

No. 09-4560 LT against the Bank of New York on December 4, 2009.  The action was dismissed

on January 25, 2010.

69.      In the foregoing Case No. 09-70509 LT, Defendant Goyens filed a motion for a more

definitive statement and for the substitution of the Chapter 13 Standing Trustee on November 24,

2009.  The motion was denied in separate orders entered on December 7, 2009.

70.      On January 27, 2010, Defendant Goyens filed the Chapter 13 case styled <u>In re Robert</u>

<u>Daniel Eberwein</u>, Case No. 10-40860 EDJ, in the United States Bankruptcy Court for the

Northern District of California.  The case was converted to Chapter 7 on February 10, 2010, and

dismissed in an order entered on December 17, 2010.

71.      On March 26, 2010, in the foregoing Case No. 10-40860, Defendant Goyens filed Adv. Pro. No. 10-4076 (EDJ), styled Property Asset Management vs. Lisa Morris. The adversary proceeding was dismissed on May 24, 2010.

72.      On April 27, 2010, in the foregoing Case No. 10-40860 EDJ, the Court entered its Supplemental Order (Amended). In pertinent part, such Order states that: "Certain persons, including [Defendant Goyens], continue their efforts to disrupt the clerk's office of the Oakland Division of the court, and court proceedings in the above case . . . Such efforts include, without limitation, disruption of court proceedings, refusal to regard instructions from the bench in open court, refusal to regard instructions from the U.S. Marshals Service [ ], and harassment by various means of deputy clerks and other officers of the court."

73.      The Supplemental Order (Amended) further states that, upon the presentation by Defendant Goyens of a document for filing, "the judge may determine, without the necessity or a hearing, whether the document was filed in violation of this order, the [Permanent Filing] Injunction [defined in para. 116 below], or the rules of this court, and whether the document appears to have been filed with a valid purpose."

74.      The Supplemental Order (Amended) further states that if Defendant Goyens "or any person acting on behalf of [Defendant] Goyens . . . appears at the clerk's office . . . other than in the company of a Marshal, any deputy clerk may refuse to provide services to [Defendant] Goyens . . . or the person acting on behalf of Goyens."

pg. 16

75.    On January 27, 2010, Defendant Goyens filed the Chapter 13 case styled In re Robert Daniel Eberwein, Case No. 10-40860 EDJ, in the United States Bankruptcy Court for the Northern District of California.  The case was converted to Chapter 7 on February 10, 2010, and dismissed in an order entered on December 17, 2010.

76.    On April 26, 2010, prior to the dismissal of Case No. 10-40860 EDJ, styled In re Robert Daniel Eberwein, Defendant Goyens filed the Chapter 13 case styled In re Robert Daniel Eberwein, Case No. 10-11516 AJ, in the United States Bankruptcy Court for the Northern District of California.  The case was dismissed the following day, April 27, 2010.

77.    On December 13, 2010, Defendant Goyens filed the Chapter 13 case styled In re Paul Christensen, Case No. 10-14798 AJ, in the United States Bankruptcy Court for the Northern District of California.  The case was dismissed on January 3, 2011.

78.    On February 10, 2011, Defendant Goyens filed the Chapter 13 case styled In re Paul Christensen, Case No. 11-10451 AJ, in the United States Bankruptcy Court for the Northern District of California.  The case was dismissed on February 28, 2011.

79.    On March 26, 2012, Defendant Goyens filed the Chapter 13 case styled In re Artis Connelly Bell, Case No. 12-25860-A-13, in the United States Bankruptcy Court for the Eastern District of California.  The case was dismissed in an order entered on June 12, 2012.

**1992 to 2009: Bankruptcy Appeals and Civil Cases Filed by Defendant Goyens in the Bankruptcy Appellate Panel for the Ninth Circuit, and the United States District Courts for the Eastern and Northern Districts of California**

80.      Between 1992 and 2009, using one or more aliases, Defendant Goyens filed at least five bankruptcy appeals and seven civil cases in the Bankruptcy Appellate Panel for the Ninth Circuit, and the United States District Courts for the Eastern and Northern Districts of California. Such appeals and cases are set forth in paragraphs 81 through 97 below.

81.      On May 19, 1992, in the Chapter 13 case styled In re Dee Ann Goyens, Case No. 92-23640, Defendant Goyens filed a notice of appeal of an order granting relief from the automatic stay. The Bankruptcy Appellate Panel for the Ninth Circuit dismissed the appeal on November 14, 1992.

82.      On January 15, 1999, Defendant Goyens filed a notice of appeal of the dismissal order entered in Case No. 01-31870 DM, thereby commencing the appeal styled Chaledeeannka D.P. Goyens v. Social Security et al., Case No. 3:01-cv-04945-WHA in the United States District Court for the Northern District of California. In such appeal, the district court affirmed the bankruptcy court's dismissal order on February 15, 2002. A reconsideration of such affirmance sought by Defendant Goyens was denied in an order entered on April 3, 2002.

83.      On January 3, 2002, Defendant Goyens commenced the civil action styled Byron Claiborne v. Freddie Goyens, Jr. and Chaledeeannka D.P. Goyens, Case No. 3:02-cv-00032-MMC in the United States District Court for the Northern District of California. This action consisted solely of Defendant Goyens' request to proceed in forma pauperis in an unknown matter, which request was denied on January 7, 2002. A motion by Defendant Goyens for reconsideration was denied on March 1, 2002.

84.     On February 12, 2003, in the Chapter 7 case styled In re John Brezzo, Case No. 02-34013-B (United States Bankruptcy Court for the Eastern District of California), Defendant Goyens filed a notice of appeal of an order dismissing the bankruptcy case.

85.     On March 7, 2002, Defendant Goyens commenced the civil action styled Chaledeeannka D.P. Goyens v. Maxine Chesney et al., Case No. 4:02-cv-01116-CW in the United States District Court for the Northern District of California. This action, filed against the Hon. Judge Maxine M. Chesney, a District Court Judge presiding in the Northern District of California, among others, was dismissed on May 22, 2003.

86.     On March 21, 2003, in the Chapter 7 case styled In re John Brezzo, Case No. 02-34013-B (United States Bankruptcy Court for the Eastern District of California), Defendant Goyens filed a notice of appeal of an order denying reconsideration of an order dismissing the bankruptcy case.

87.     On May 29, 2002, Defendant Goyens commenced the civil action styled Chaledeeannka D.P. Goyens v. Shasta Terrace Associates et al., Case No. 4:02-cv-02591-SBA, in the United States District Court for the Northern District of California. This action was dismissed on July 15, 2002.

88.     On May 31, 2002, Defendant Goyens commenced the civil action styled Shasta Terrace Apts. v. Kamaal Goyens and Chaledeeannka D.P. Goyens, Case No. 3:02-cv-03818-JSW, in the United States District Court for the Northern District of California. This action was dismissed on July 15, 2002.

pg. 19

89.     On August 7, 2002, Defendant Goyens filed a Complaint commencing the civil action

styled <u>Chaledeeannka D.P. Goyens v. John Brezzio <i>et al</i></u>., Case No. 3:02-cv-03818-JSW, in the

United States District Court for the Northern District of California.  This action was dismissed on

April 14, 2003.

90.     On September 18, 2002, Defendant Goyens commenced the civil action styled <u>Kamaal</u>

<u>R. Goyens and Chaledeeannka D.P. Goyens v. Ford Motor Credit Company, LLC</u>, Case No.

2:02-cv-02419-WBS-JFM, in the United States District Court for the Eastern District of

California.  Following a Magistrate's recommendation that the action be dismissed, the district

court dismissed the action on January 28, 2003.

91.     On September 18, 2002, Defendant Goyens commenced the civil action styled <u>Kamaal</u>

<u>R. Goyens and Chaledeeannka D.P. Goyens v. Ford Motor Credit Company, LLC</u>, Case No.

2:02-MC-00289-WBS-JFM, in the United States District Court for the Eastern District of

California.  The action was dismissed on October 1, 2002.

92.     On September 30, 2002, Defendant Goyens filed a notice of appeal of an order granting

a motion for relief from the automatic stay in Case No. 02-28859-A-13-J, a Chapter 13 case filed

in the United States Bankruptcy Court for the Eastern District of California.

93.     On September 30, 2002, Defendant Goyens filed a notice of appeal of an order denying

her motion to set aside an order for relief from the automatic stay in Case No. 02-30868-A-13-J,

a Chapter 13 case filed in the United States Bankruptcy Court for the Eastern District of

California.

94.    On August 30, 2004, in the Chapter 13 case styled In re Chaledeeannka D.A. Goyens,

Case No. 04-30916 TEC (United States Bankruptcy Court for the Northern District of

California), Defendant Goyens filed a notice of appeal of the bankruptcy court's order for the

filing of amended required documents or dismissal. The Bankruptcy Appellate Panel for the

Ninth Circuit dismissed the appeal on November 16, 2004.

95.    On January 9, 2006, in the Chapter 13 case styled In re Artis C. Bell, Case No. 05-

32521 TEC (United States Bankruptcy Court for the Northern District of California), Defendant

Goyens filed a notice of appeal of the bankruptcy court's order denying confirmation of a

proposed Chapter 13 plan. The Bankruptcy Appellate Panel for the Ninth Circuit dismissed the

appeal for lack of jurisdiction on March 1, 2006.

96.    In the Chapter 13 case styled In re Artis C. Bell, Case No. 05-32521 TEC (United States

Bankruptcy Court for the Northern District of California), Defendant Goyens also appealed the

bankruptcy court's dismissal order on March 24, 2006. The Bankruptcy Appellate Panel for the

Ninth Circuit dismissed such appeal on December 12, 2006.

97.    On June 30, 2009, in Case No. 09-23690-B-13-J, styled In re 3109 King Street Property

Mgmt / Promulgatoress 394717 and Chaledeeannka Deborah Ann Williams Eberwein Goyens-

Bell, Defendant Goyens filed a premature notice of appeal, following a hearing in which the

bankruptcy court granted a motion to amend an order modifying the automatic stay. The order

granting the motion to amend eventually was entered on July 24, 2009. The Bankruptcy

Appellate Panel dismissed the appeal for lack of prosecution on December 1, 2009.

pg. 21

## 2002:  Civil Appeals Filed by Defendant Goyens in the United States Court of Appeals for the Ninth Circuit

98.      In 2002, using one or more aliases, Defendant Goyens filed two civil appeals in the

United States Court of Appeals for the Ninth Circuit.  Such appeals are set forth in paragraphs 99

and 100 below.

99.      On February 6, 2002, Defendant Goyens filed a notice of appeal of the denial of her

request to proceed *in forma pauperis* in civil Case No. 3:02-cv-00032-MMC (United States

District Court for the Northern District of California), thereby commencing the appeal styled

Byron Claiborne v. Freddie Goyens, Jr. and Chaledeeannka D.P. Goyens, Appeal No. 02-15277.

The Ninth Circuit Court of Appeals dismissed for lack of jurisdiction on April 15, 2002.

100.     On April 11, 2002, Defendant Goyens filed a notice of appeal of the district court's

denial of a motion to reconsider the dismissal order entered in Case No. 3:01-cv-04945-WHA, a

bankruptcy appeal.  Such appeal to the Ninth Circuit commenced the appeal styled

Chaledeeannka D.P. Goyens v. Social Security, Appeal No. 02-15798.  The Ninth Circuit Court

of Appeals dismissed the appeal due to Defendant Goyens' failure to prosecute on July 10, 2002.

## 2010-2012:  Bankruptcy Cases Filed by Defendant Goyens in this Court

101.     Between 2010 and the present, using one or more aliases, Defendant Goyens has filed

seven bankruptcy cases in this Court.  Such cases are set forth in paragraphs 102-111 below.

102.     On June 17, 2010, Defendant Goyens filed the Chapter 13 case styled In re Lisa

Swain-Morris, Case No. 10-13222 (SCC).  On the motion of the Chapter 13 Standing Trustee,

the case was dismissed on August 2, 2010.

103.        In the foregoing Case No. 10-13222 (SCC), Defendant Goyens filed a combined

opposition to the dismissal of the case, along with a motion to convert the Chapter 13 case to one

under Chapter 15, on July 19, 2010.  The motion to convert was denied on August 2, 2010.

104.        On January 5, 2012, Defendant Goyens filed the Chapter 13 case styled In re Paul

Christensen, Case No. 12-10042 (SHL).  On the motion of the Chapter 13 Standing Trustee,

venue of the case was transferred to the United States Bankruptcy Court for the Northern District

of California on April 13, 2012.  Following such transfer, the case was assigned Case No. 12-

31159-DM, and dismissed by the United States Bankruptcy Court for the Northern District of

California on April 26, 2012.

105.        On April 10, 2012, Defendant Goyens filed the Chapter 13 case styled In re Robert

Daniel Eberwein, Case No. 12-11486 (SHL).  On the motion of the Chapter 13 Standing Trustee,

the case was dismissed on July 24, 2012.

106.        On June 27, 2012, in foregoing Case No. 12-11486 (SHL), this Court entered its Order

Prohibiting Use of Email to Correspond with Federal Court Employees.  According to such

Order, employees of the Court received seven emails from "Robert Eberwein" on June 22, 2012.

The Order requires "that Mr. Eberwein or other party in interest .or anyone affiliated or

associated with any Debtor or other party in interest . . . and any recipients of the emails sent by

Robert Eberwein to the Court, is prohibited from sending emails or other forms of electronic

transmission, including facsimile, to any employee of this federal bankruptcy court, to the Untied

States Trustee (Region 2), or any employee of the United States Trustee, and to any case or

standing trustee."  The Order also applies in Case No. 12-11578 (SHL), Adv. Pro. No. 12-1574

(SHL), Case No. 12-11580 (SHL), and Case No. 12-12203 (SHL).

107.        On July 24, 2012, in foregoing Case No. 12-11486 (SHL), this Court entered its Order
Directing Submission of Documents in Electronic Format.  The Order finds that "The parties
listed as Debtors and/or Plaintiffs in the above-captioned cases and adversary proceedings have
repeatedly submitted voluminous paper filings. [ ] This has placed a substantial burden on the
Clerk's Office."  The Order requires that, for any document exceeding 20 pages in length filed by
any party, an electronic copy of the filing also must be submitted.  The Order also applies in Case
No. 12-11578 (SHL), Adv. Pro. No. 12-1574 (SHL), Case No. 12-11580 (SHL), and Case No.
12-12203 (SHL).

108.        On April 17, 2012, Defendant Goyens filed the Chapter 15 case styled In re
Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, Case No. 12-11578 (SHL).  In
this case, Defendant Goyens filed a Complaint against Bijan Gharechedaghy on April 30, 2012,
commencing Adversary Proceeding No. 12-01574 (SHL).  The case and the adversary
proceeding were dismissed in separate orders on August 7, 2012.

109.        On June 11, 2012, in the foregoing Case No. 12-11578 (SHL), Defendant Goyens filed
the Statement of Financial Affairs of Robert Daniel Eberwein, which Statement had been
previously filed in the Chapter 13 case styled In re Robert Daniel Eberwein, Case No. 10-40860
EDJ, in the United States Bankruptcy Court for the Northern District of California.

110.        On April 17, 2012, Defendant Goyens filed the Chapter 11 case styled In re Robert
Daniel Eberwein and Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, Case No.
12-11580 (SHL).  The case is currently pending in this Court.

pg. 24

111.     On August 9, 2012, Defendant Goyens filed the Chapter 13 case styled In re Robert M.

Miller, Case No. 12-13397 (SHL).  The Chapter 13 Standing Trustee has filed a motion to

change the venue of this case to the Northern District of California.  The case is currently

pending in this Court.

**The 180-Day Bar Order Entered Against Defendant Goyens in 2002**

112.     On December 20, 2002, in the case styled In re Kamaal Romon Goyens and

Chaledeeannka Document Preparer Goyens, Case No. 02-32909-B-7 (United States Bankruptcy

Court for the Eastern District of California), the court granted the United States Trustee's motion

to dismiss with prejudice.  The dismissal order barred the filing of any new bankruptcy petitions

by Defendant Goyens or her son, Kamaal Goyens, whether jointly or individually, and whether

using those names or other names, for at least 180 days, and not until all unpaid filing fees for the

following Eastern District of California cases were paid in full: (1) 02-28859-A-13-J; (2) 02-

30868-A-13-J; (3) 02-32909-B-7; and (4) 02-33288-A-13.

**The One-Year Bar Order Entered Against Defendant Goyens in 2005**

113.     On January 26, 2005, the United States Bankruptcy Court for the Northern District of

California dismissed the Chapter 13 case styled In re Artis C. Bell, Case No. 04-32901 TEC,

which was filed by Defendant Goyens.  In its Memorandum re Dismissal of Bankruptcy Case, the

bankruptcy court "instructed [the Clerk] not to accept future filings from Debtor within the next

year if the petition is not accompanied by properly completed schedules, a properly completed

Statement of Financial Affairs and, if a chapter 13 petition, a properly completed plan."

## The Three-Year Filing Injunction Issued Against Defendant Goyens in 2006

114.     On March 14, 2006, in the case styled In re Artis C. Bell, Case No. 05-32521 TEC

(United States Bankruptcy Court for the Northern District of California), the bankruptcy court

found on its own motion that Defendant Goyens had engaged in the "filing of bankruptcy cases

with incomplete and incomprehensible schedules, . . . [and] motions that are either

incomprehensible or that seek relief the court lacks jurisdiction to provide."  Based upon these

findings, the bankruptcy court entered its Order Barring Future Motions, Bankruptcy Cases, and

Adversary Proceedings by Artis Bell Without Prior Leave of Court.  Such order barred Defendant

Goyens (aka debtor, Artis C. Bell), from filing, without prior leave of court from the Honorable

Thomas E. Carlson, United States Bankruptcy Judge, until March 14, 2009:  any motion,

adversary proceeding, pleading, exhibit or other item, other than a notice of appeal, in her then

pending bankruptcy case or in Adversary Proceeding No. 06-3063 (TEC).  The order also barred

Defendant Goyens from filing any new bankruptcy case or adversary proceeding until March 14,

2009, and stated that "The Clerk shall not accept from Debtor for filing any item Debtor is barred

from filing under [ ] this order."

## The Permanent Filing Injunction Issued Against Defendant Goyens in 2006

115.     On August 9, 2006, in the United States Bankruptcy Court for the Northern District of

California, the United States Trustee for Region 17 also filed her Complaint for Permanent

Injunctive Relief Pursuant to 11 U.S.C. § 105(a).  Kistler v. Bell, (In re Bell), Adv. Pro. No. 06-

3129 (Case No. 05-32521) (TEC).  Such Complaint sought a permanent injunction "enjoining

Defendant [Goyens] and any person acting in concert with her from filing any new bankruptcy

case or adversary proceeding in the United States."

116.     On November 14, 2006, the bankruptcy court entered its <u>Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. § 105(a)</u> (the "Permanent Filing Injunction"). Pursuant to the Permanent Filing Injunction, Defendant Goyens "using the name Artis C. Bell or any aliases listed on the caption of this default judgment, is hereby permanently enjoined from filing, in any United States bankruptcy court, any bankruptcy case or adversary proceeding, or any document therein."

117.     On January 4, 2010, the United States Trustee for Region 17 filed a motion seeking an order of civil contempt for Defendant Goyens' violation of the Permanent Filing Injunction. On February 25, 2010 the United States Bankruptcy Court for the Northern District of California entered its <u>Order Holding Defendant in Contempt</u>. Pursuant to such contempt order, the bankruptcy court held Defendant Goyens "in contempt of court for violating the judgment in this case enjoining further bankruptcy filings."

118.     In connection with the hearing on the foregoing contempt motion, the United States Bankruptcy Court for the Northern District of California also entered an <u>Order Directing Clerk's Office Not to File Documents</u>. In relevant part, such order provided as follows: "Pending the hearing on the contempt motion, the Clerk is directed not to accept for filing any document by any person (other than the acting United States Trustee and her staff): (1) in any bankruptcy case involving Artis Bell or Chaledeeannka Goyens; or (2) proceeding 06-3129 and Ms. Goyens may file in adversary proceeding 06-3130 one written response to the motion for contempt, which shall not exceed 15 pages, and the Clerk shall not accept for filing any additional response to the motion for contempt, or any response that does not conform to the page limit."

**The Document Preparer Injunction Issued Against Defendant Goyens in 2007**

119.    On August 9, 2006, in the United States Bankruptcy Court for the Northern District of

California, the United States Trustee for Region 17 filed her Complaint for Permanent Injunctive

Relief and Fines Pursuant to 11 U.S.C. §§ 105(a) and 110.  Kistler v. Goyens (In re Dobard),

Adv. Pro. No. 06-3130 (Case No. 99-34016) (TEC).  Such Complaint generally sought to bar

Defendant Goyens from acting as a bankruptcy petition preparer under 11 U.S.C. § 110, and from

"in any way providing any service relating to the preparation of documents to be filed in a

bankruptcy case."

120.    On January 18, 2007, the bankruptcy court entered its Default Judgment Granting

Permanent Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 105(a), Prohibiting Provision of

Document Preparer Services and Imposing Fine (the "Preparer Injunction").  Pursuant to the

Preparer Injunction, Defendant Goyens "is permanently enjoined from providing to any

individual or entity any service relating to the preparation of documents to be filed in any

bankruptcy case," and "as a fine," Defendant Goyens was ordered to return the sum of $3,000 to

the debtor.

121.    On January 4, 2010, the United States Trustee for Region 17 filed a motion seeking an

order of civil contempt for Defendant Goyens' violation of the Preparer Injunction.  On February

25, 2010 the United States Bankruptcy Court for the Northern District of California entered its

Order Holding Defendant in Contempt.  Pursuant to such contempt order, the bankruptcy court

held Defendant Goyens "in contempt of court for violating the judgment in this case enjoining

her from assisting others with respect to filing bankruptcy."

**Defendant Goyens Is a "Vexatious Litigant" in the California State Courts**

122.    California Code of Civil Procedure section 391.7 requires that the Judicial Council of

the California courts, through its staff agency, the Administrative Office of the Courts, maintain a

"Vexatious Litigant List."

123.    In connection with Case No. RG07312218, pending in the Superior Court of

California, County of Alameda, the Judicial Council placed Defendant Goyens on such

Vexatious Litigant List on April 30, 2007, under her name and 31 other aliases, as follows: (1)

C D Goyens, (2) CDPP Goyens, (3) CDPR Goyens, (4) Chaledeeannka CDPR Goyens, (5)

Chaledeeannka D. Goyens, (6) Chaledeeannka D.A. Goyens, (7) Chaledeeannka Debora Goyens,

(8) Chaledeeannka Debora Ann Goyens, (9) Chaledeeannka Document Preparer Goyens, (10)

Freddie Goyens, (11) Kaamal R. Goyens, (12) O'Levia Del-Agape Goyens, (13) Olevia Goyens,

(14) Chaledeeannka C. Goyens, (15) Chaledeeannka Goyens Bell, (16) Chaledeeannka D.

Goyens Bell, (17) Chaledeeannka Debora Ann Goyens Bell, (18) Chaledeeannka Debora Ann

Goyens Bell Williams, (19) Chaledeeannka Goyens DBA Document Preparer Goyens, (20)

Chaledeeannka Goyens Doc Prep Goyens, (21) Chaledeeannka Goyens Document Preparer, (22)

Chaledeeannka Goyens Document Preparer Goyens Bell, (23) Chaledeeannka Goyens

Living/Work Space Property Management, (24) Chaledeeannka Goyens Promulgatoress, (25)

Chaledeeannka Goyens Property Management, (26) Chaledeeannka Goyens Relocation, (27)

Chaledeeannka Goyens Relocation for Repairs Agent, (28) Chaledeeannka Goyens Tenant in

Possession, (29) Chaledeeannka Goyens-Promulgatoress, (30) Deborah Ann Williams, (31)

Robert Eberwein, and (32) Garland Tyler.

124.    Defendant Goyens remains on the Vexatious Litigant List as of the undersigned date.

125.    Under California Code of Civil Procedure § 391(b), a "vexatious litigant" is a person who, among other things, (1) in an immediately preceding seven-year period, has commenced, prosecuted or maintained in *propia persona* at least five litigations (other than small claims matters) that have been finally determined adversely to the person or unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing; (2) after a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in *propia persona*, either the validity of the determination or the causes of action or any factual or legal issues determined by the final determination; or (3) in any litigation while acting *in propia persona*, repeatedly files unmeritorious papers or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

### 2010 to 2012:  Bankruptcy Cases Filed by Fedelina Roybal de Aguero in the United States Bankruptcy Courts for the Northern and Eastern Districts of California and the Southern District of New York

126.    Between 2010 and 2012, Defendant Roybal de Aguero filed at least nine bankruptcy cases in the United States Bankruptcy Courts for the Northern and Eastern Districts of California and the Southern District of New York.  Such cases are set forth in paragraphs 127 through 138 below.

127.    On February 10, 2010, Defendant Roybal de Aguero filed the Chapter 13 case styled In re Fedelina Roybal de Aguero, Case No. 10-41428 LT, in the United States Bankruptcy Court for the Northern District of California.  On Defendant Roybal de Aguero's own motion, the case was dismissed on February 26, 2010.

pg. 30

128.     On April 12, 2010, Defendant Roybal de Aguero filed the Chapter 7 case styled <u>In re</u>
<u>Fedelina Roybal de Aguero</u>, Case No. 10-44071 WL, in the United States Bankruptcy Court for
the Northern District of California.  On Defendant Roybal de Aguero's own motion, the case was
dismissed on April 27, 2010.

129.     On May 12, 2010, Defendant Roybal de Aguero filed the Chapter 7 case styled <u>In re</u>
<u>Fedelina Roybal de Aguero</u>, Case No. 10-45423 RE, in the United States Bankruptcy Court for
the Northern District of California.  The case was dismissed on June 8, 2010, due to Defendant
Roybal de Aguero's failure to file required documents.

130.     On June 14, 2010, Defendant Roybal de Aguero filed the Chapter 7 case styled <u>In re</u>
<u>Fedelina Roybal de Aguero</u>, Case No. 10-46732 EH, in the United States Bankruptcy Court for
the Northern District of California.  The case was dismissed on July 1, 2010.  Defendant Roybal
de Aguero filed a motion to reopen the case on March 16, 2012, which motion was denied in an
order entered on April 9, 2012.

131.     On August 5, 2010, Defendant Roybal de Aguero filed the Chapter 13 case styled <u>In re</u>
<u>Fedelina Roybal de Aguero</u>, Case No. 10-48942 WL, in the United States Bankruptcy Court for
the Northern District of California.  On the motion of the Chapter 13 Standing Trustee, the case
was dismissed on September 20, 2010, due to Defendant Roybal de Aguero's failure to file
required documents.

132.     On January 3, 2012, Defendant Roybal de Aguero filed the Chapter 13 case styled <u>In</u>
<u>re Fedelina Roybal de Aguero</u>, Case No. 12-40017 MEH, in the United States Bankruptcy Court
for the Northern District of California.  On January 19, 2012, Defendant Roybal de Aguero filed
a motion to extend the time to file all required documents, and a motion to transfer venue of the

case "to New York Bankruptcy Court Due to Property Being in Trust and Litigation in that State." Such motion was denied on January 24, 2012. On the motion of the Chapter 13 Standing Trustee, the case was dismissed in an order entered on January 27, 2012. On April 13, 2012, August Landis, the United States Trustee for Region 17, filed a motion to reopen the case to investigate the conduct of Defendant Roybal de Aguero. On April 17, 2012, Defendant Roybal de Aguero filed a letter (dated April 16, 2012), stating: "Stipulation: reopening of my case as long as I can reopen all of my cases for the rule 2004 business examination for each previous case [ ] I have already asked permission for this, which is why I asked all of my cases to be reopened." The case was reopened in an order entered on April 17, 2012.

133.    In foregoing Case No. 12-40017 MEH, the United States Trustee filed a motion for the Rule 2004 examination of Defendant Roybal de Aguero. On April 13, 2012, the United States Bankruptcy Court for the Northern District of California entered its order authorizing such examination, and requiring Defendant Roybal de Aguero to appear for examination on May 3, 2012 at the Offices of the United States Trustee, in Oakland, California. Defendant Roybal de Aguero did not appear for such examination.

134.    In foregoing Case No. 12-40017 MEH, Defendant Roybal de Aguero filed a motion entitled "United States Trustee Motion for Rule 2004 Examination, Records Request Response and Ex-Parte Application to Completely Open [Case No.] 12-40017," along with several bank records. In such motion, Defendant Roybal de Aguero stated that "I have six property that were gifts to me by Tillman Keller of Knoxville, Tennessee International Jobber before he died . . . I pray for relief that these records should satisfy that I have six separate properties, that got stolen, and are being stolen now." On August 9, 2012, the United States Bankruptcy Court for the

Northern District of California entered its order denying Defendant Roybal de Aguero's motion, stating "The court is unable to determine what relief exactly is requested. [ ] Currently, the debtor does not have an active case in the bankruptcy court. Re-opening bankruptcy case no. 12-40017 was a mere ministerial act to allow the U.S. Trustee to investigate the debtor's multiple filings."

135.    On March 16, 2012, Defendant Roybal de Aguero filed motions to reopen her Case No. 10-44071 WL, Case No. 10-45423 RE, and Case No. 10-48942 WL, in the United States Bankruptcy Court for the Northern District of California. Such motions were denied on March 27, 2012 in Case No. 10-45423 RE, on April 6, 2012 in Case No. 10-44071 WL, and on April 14, 2012 in Case No. 10-48942 WL.

136.    On March 27, 2012, Defendant Roybal de Aguero filed Chapter 13 Case No. 12-25979-B-13 in the United States Bankruptcy Court for the Eastern District of California. The case was dismissed in an order entered on April 16, 2012. Defendant Roybal de Aguero filed a motion to vacate the dismissal order on May 19, 2012. Such motion was denied on May 23, 2012.

137.    On May 18, 2012, Defendant Roybal de Aguero filed the Chapter 13 case styled In re Fedelina Roybal-de Aguero 2008 Trust, Case No. 12-12203 (SHL) in this Court. On the motion of the Chapter 13 Standing Trustee, the case was dismissed in an order entered on July 24, 2012.

138.    On July 26, 2012, Defendant Roybal de Aguero filed the Chapter 13 case styled In re Fedelina Roybal de Aguero, Case No. 12-12023 AJ, in the United States Bankruptcy Court for the Northern District of California. The case is pending, and a hearing to consider confirmation of a Chapter 13 Plan filed by Defendant Goyens has been calendared for October 10, 2012.

## 2012:  Appeals Filed by Fedelina Roybal de Aguero in the United States Bankruptcy Appellate Panel for the Ninth Circuit

139.    On February 2, 2012, in Case No. 12-40017 MEH (United States Bankruptcy Court for the Northern District of California), Defendant Roybal de Aguero filed a notice of appeal of an order denying her motion to extend time to file required documents and transferring venue of her bankruptcy case to the Southern District of New York.  Such appeal was dismissed in an order entered on June 11, 2012.

## 2012:  Proofs of Claim Filed by Fedelina Roybal de Aguero in the United States Bankruptcy Court for the Southern District of New York

140.    On July 16, 2012, in the Chapter 11 case styled In re Residential Capital, LLC et al., No. 12-12020 (MG), currently pending in this Court, Defendant Roybal de Aguero filed Proofs of Claim No. 295 through 313 on behalf of several claimant entities not including herself, against Residential Capital, LLC and several of its affiliated Chapter 11 debtors.

## COUNT ONE

### Permanent Filing Injunction Against Defendant Goyens
(11 U.S.C. § 105(a) and Decisional Law)

141.    Plaintiff incorporates herein by reference paragraphs 1 through 140 as though fully set forth herein.

142.    For a period of 21 years, between 1991 and the present, in five different Judicial Districts nation-wide, and using one or more aliases, Defendant Goyens has filed 41 bankruptcy cases, consisting of two cases under Chapter 7, one case under Chapter 11, 36 cases under Chapter 13, one case under Chapter 15, and one involuntary petition.  All of such 41 cases,

except four (including two current cases), have been dismissed.  The 41 bankruptcy cases filed by

Defendant Goyens have at times included concurrent cases.

143.    In 36 cases filed by Defendant Goyens under Chapter 13, she has never obtained an

order confirming a plan.

144.    Using one or more aliases, Defendant Goyens has filed 11 adversary proceedings since

1991, including complaints against two United States Bankruptcy Judges.  All of such adversary

proceedings either have been dismissed or left unresolved.  Defendant Goyens has not obtained a

judgment favorable to her in any of such 11 adversary proceedings.

145.    Using one or more aliases, Defendant Goyens has filed 12 bankruptcy and civil

appeals in three Judicial Districts.  All of such appeals have been dismissed or left unresolved.

Defendant Goyens has not obtained an order favorable to her in any of such 12 appeals.

146.    Using one or more aliases, Defendant Goyens has filed 11 civil cases in three Judicial

Districts.  All of such cases have been dismissed or left unresolved.  Defendant Goyens has not

obtained a judgment favorable to her in any of such 11 civil cases.

147.    Defendant Goyens is the subject of: (a) a 180-day bar order entered by the United

States Bankruptcy Court for the Eastern District of California in 2002; (b) a one-year bar order

entered by the United States Bankruptcy Court for the Northern District of California in 2005; (c)

a three-year filing injunction issued by the United States Bankruptcy Court for the Northern

District of California in 2006; (d) the Permanent Filing Injunction Issued by the United States

Bankruptcy Court for the Northern District of California in 2006; (e) the Document Preparer

Injunction Issued by the United States Bankruptcy Court for the Northern District of California in

pg. 35

2007; and (f) the Vexatious Litigant List maintained by the Judicial Council of the California
state courts.

148.    Defendant Goyens has been found in contempt twice by the United States Bankruptcy
Court for the Northern District of California -- once with respect to the Permanent Filing
Injunction and once with respect to the Document Preparer Injunction.

149.    In a 21-year history of multiple and abusive bankruptcy, civil and appellate cases filed
in her own name and under approximately 45 aliases and names of other individuals, which cases
have included the filing of several burdensome documents, Defendant Goyens has engaged
continually in conduct that is injurious, fraudulent, unfair and deceptive to creditors, this and
other Courts, and the bankruptcy process.

150.    Defendant Goyens has an extended history of filing bankruptcy cases under Chapters 7
and 13 nation-wide without sufficient grounds for obtaining either a bankruptcy discharge or
confirmation of a personal repayment plan.

151.    Defendant Goyens has an extended history of bankruptcy appeals that have failed to
result in the reversal of bankruptcy and district court orders deemed unfavorable by Defendant
Goyens.

152.    The bankruptcy, civil and appellate cases filed by Defendant Goyens have caused
sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their
respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.

153.    The bankruptcy filing history of Defendant Goyens has entailed vexation, harassment,
and needless expense to other parties.

154.    Defendant Goyens' numerous filings of bankruptcy cases and appeals in multiple courts over a prolonged period of time has placed an unnecessary burden on this and other Courts and their respective supporting personnel, thereby hindering the administration of justice.  Also, such history has placed an unnecessary burden on the United States Trustee Program, thereby hindering the administration of bankruptcy cases nation-wide.

155.    Section 105(a) of the Bankruptcy Code grants this Court the power to prevent such abuse through the issuance of an order, process or judgment, including a permanent injunction.

156.    Accordingly, Plaintiff respectfully requests that Defendant Goyens, and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases be:

(a)    permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court, and

(b)    permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding.

## COUNT TWO

**Permanent Injunction Against Defendant Goyens Regarding Access to Court Personnel, the Courthouse, the United States Trustee, and the Office of the United States Trustee (11 U.S.C. § 105(a) and Decisional Law)**

157.    Plaintiff incorporates herein by reference paragraphs 1 through 156 as though fully set forth herein.

158.    In this and other bankruptcy courts nation-wide, Defendant Goyens, in her own name and using one or more aliases, has engaged in repeated patterns of conduct disruptive to the Office of the Clerk and to the courts' judicial proceedings.

159.    Such conduct has included, without limitation, disruption of Court proceedings, the filing of unnecessarily burdensome documents, refusal to regard instructions from the bench in open Court, and harassment by various means (including repetitive email communications) of the United States Bankruptcy Judges, the United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide.

160.    Such conduct is an egregious abuse of process that hinders the administration of justice.

161.    Section 105(a) of the Bankruptcy Code grants this Court the power to prevent such abuse through the issuance of an order, process or judgment, including a permanent injunction.

162.    No other sanctions would be adequate.  Injunctive relief is appropriate and necessary to prevent the further abuse and recurrence of the Defendant's wrongful conduct.

163.    Accordingly, Plaintiff respectfully requests that Defendant Goyens, and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases be:

(a)    permanently enjoined from entering the Office of the Clerk of this or any other

United States Bankruptcy Court, without first obtaining pemission for such entry from

the Chief United States Bankruptcy Judge or, if seeking entry to the Office of the Clerk

for the purpose of filing a document (including a proof of claim) in a bankruptcy case

or adversary proceeding, without first obtaining permission from the United States

Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding, and

(b)       permanently enjoined from sending any communications in any form, including

written papers, electronic messages, and e-mails, to any United States Bankruptcy

Judge, United States Marshals, deputy clerks, other officers of the bankruptcy courts,

and the United States Trustees and their offices nation-wide (except for the purpose of

filing a document as set forth above in paragraph 158(a)).

### COUNT THREE

### Permanent Filing Injunction Against Defendant Roybal de Aguero
### (11 U.S.C. § 105(a) and Decisional Law)

164.    Plaintiff incorporates herein by reference paragraphs 1 through 163 as though fully set

forth herein.

165.    In a period of two years, between 2010 and the present, in three different Judicial

Districts nation-wide, and using one or more aliases, Defendant Roybal de Aguero has filed nine

bankruptcy cases, consisting of three cases under Chapter 7 and six cases under Chapter 13. All

of such nine cases, except a currently-pending one, have been dismissed.

166.    In three cases filed by Defendant Roybal de Aguero under Chapter 7, she has never

obtained an order of discharge. In six cases filed by Defendant Roybal de Aguero under Chapter

13, she has never obtained an order confirming a plan.

167.    Using one or more aliases, Defendant Roybal de Aguero has filed one bankruptcy

appeal, adjudicated in the United States Bankruptcy Appellate Panel for the Ninth Circuit. Such

appeal was dismissed.

168.     In a two-year history of multiple and abusive bankruptcy and appellate cases filed in

her own name and under one alias, Defendant Roybal de Aguero has engaged continually in

conduct that is injurious, fraudulent, unfair and deceptive to creditors, this and other Courts, and

the bankruptcy process.  Defendant Roybal de Aguero has a history of filing successive

bankruptcy cases under Chapters 7 and 13 nation-wide without sufficient grounds for obtaining

either a bankruptcy discharge or confirmation of a personal repayment plan.

169.     The bankruptcy and appellate cases filed by Defendant Roybal de Aguero have caused

sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their

respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.

The bankruptcy filing history of Defendant Roybal de Aguero has entailed vexation, harassment,

and needless expense to other parties.  Such history has placed an unnecessary burden on this and

other Courts and their respective supporting personnel, thereby hindering the administration of

justice.  Such history has placed an unnecessary burden on the United States Trustee Program,

thereby hindering the administration of bankruptcy cases nation-wide.

170.     Accordingly, Plaintiff respectfully requests that Defendant Roybal de Aguero, and all

persons in concert and participation with her, whether acting on their own behalves or on

behalves of others, and whether using their own names or one or more aliases, be:

(a)     permanently enjoined from filing any new bankruptcy case or adversary

proceeding in this and any other United States Bankruptcy Court, and

(b)     permanently enjoined from filing any adversary proceeding or document

(including proofs of claim) in any other bankruptcy case or adversary proceeding

pg. 40

without first obtaining leave to file from the United States Bankruptcy Judge presiding

over such bankruptcy case or adversary proceeding, as applicable.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment permanently

enjoining Defendant Goyens and Defendant Roybal de Aguero as set forth in Counts One

through Three above, and granting such further relief as the Court deems appropriate and just.

Dated: New York, New York
      October 4, 2012

                     TRACY HOPE DAVIS
                     UNITED STATES TRUSTEE

             **By:**    */s/ Andrew D. Velez-Rivera*
                    Trial Attorney
                    33 Whitehall Street, 21st Floor
                    New York, New York 10004-2209
                    Tel. No. (212) 510-0500
                    Fax No. (212) 668-2255