EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:

ROBERT DANIEL EBERWEIN and                          Chapter 11
CHALEDEEANNKA DEBORAH ANN
WILLIAMS GOYENS-BELL EBERWEIN,                      Case No. 12-11580 (SHL)

                        Debtors.

-----------------------------------------------------------------x

TRACY HOPE DAVIS, as                                Adv. Pro. No. 12-01901 (SHL)
UNITED STATES TRUSTEE FOR REGION 2,

                                                    **DEFAULT JUDGMENT
vs.                                                 AND SUMMARY JUDGMENT
                                                    GRANTING INJUNCTIVE RELIEF**

CHALEDEEANNKA DEBORAH ANN
        WILLIAMS GOYENS-BELL EBERWEIN,
dba CHALEDEEANNKA DOCUMENT
        PREPARER GOYENS-BELL,
aka ALICE WINBORN,
aka ALICE E. WINBORN,
aka ALICE ELIZABETH WINBORN,
aka ARTIS BELL,
aka ARTIS C. BELL,
aka BARBARA WOODS,
aka BLACK BAY,
aka C.D.P.G.,
aka C.D.P. GOYENS,
aka CHALEDEEANNKA D GOYENS,
aka CHALEDEEANNKA D.A GOYENS,
aka CHALEDEEANNKA DA GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL (WILLIAMS),
aka CHALEDEEANNKA DEBORAH GOYENS,

(caption continues on next page)

1

aka CHALEDEEANNKA DOC PR GOYENS,
aka CHALEDEEANNKA DOC PRPR,
aka CHALEDEEANNKA DOCUMENT
      PREPARER GOYENS,
aka CHALEDEEANNKA GOYENS,
aka DEBORAH A. WILLIAMS,
aka DEBORAH ANN WILLIAMS,
aka DEE ANN GOYENS,
aka DEE ANN WILLIAMS-GOYENS,
aka FRED GOVENS,
aka FREDDIE GOYENS,
aka FREDDIE GOYENS, JR.,
aka GARLAND TYLER,
aka LIONS JUDAH SPIRITUAL WARFARE
      TRAINING MINISTRY,
aka O'LEVIA DE'AGAPE-D GOYENS,
aka O'LEVIA DE'-AGAGE-D'GOYENS,
aka O'LEVIA DEL-AGAPE GOYENS,
aka OLEVIA GOYENS,
aka ROBERT DANIEL EBERWEIN,
aka MICHELLE O'CONNOR,
aka PAUL CHRISTENSEN,
aka LISA SWAIN-MORRIS,
aka TRUSTOR FOR LEHMAN BROTHERS
      HOLDINGS,
aka PROPERTY ASSET MANAGERS,
aka 3109 KING ST. PROPERTY MGMT.,
aka C D A W G-B EBERWEIN ST.
      PROPERTY MANAGEMENT,
dba, VACA CITY TOW,

and

FEDELINA ROYBAL-ROYBAL DE AGUERO, and
FEDELINA ROYBAL DE-AGUERO 2008 TRUST,

Defendants.

------------------------------------------------------------------x

2

## DEFAULT JUDGMENT and SUMMARY JUDGMENT
## <u>GRANTING INJUNCTIVE RELIEF</u>

On April 24, 2013, this Court held a hearing (the "Hearing") on the motion of Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), as plaintiff in the adversary proceeding captioned above (the "Adversary Proceeding"), for the entry of a default judgment, and in the alternative, for summary judgment (the "Motion"). A.P. Docket No. 12. The United States Trustee appeared at the Hearing through her counsel, Andrew D. Velez-Rivera, Esq. The Court, having considered the United States Trustee's Complaint for Injunctive Relief (the "Complaint"), the Motion, each of their supporting documents, and the record of this Adversary Proceeding and underlying case, and having heard the statements and representations made at the Hearing, hereby makes the following findings:

1.     As set forth in the Complaint, for a period of 21 years, between 1991 and the present, in five different Judicial Districts nation-wide, and using one or more aliases, Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein ("Defendant Goyens") has filed 41 bankruptcy cases, consisting of two cases under Chapter 7, one case under Chapter 11, 36 cases under Chapter 13, one case under Chapter 15, and one involuntary petition. All of such 41 cases, except four, have been dismissed. The 41 bankruptcy cases filed by Defendant Goyens have at times included concurrent cases.

2.     As set forth in the Complaint, in 36 cases filed by Defendant Goyens under Chapter 13, she has never obtained an order confirming a plan.

3.      As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

11 adversary proceedings since 1991, including complaints against two United States Bankruptcy

Judges.  All of such adversary proceedings either have been dismissed or have been left unresolved.

Defendant Goyens has not obtained a judgment favorable to her in any of such 11 adversary

proceedings.

4.      As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

12 bankruptcy and civil appeals in three Judicial Districts.  All of such appeals have been dismissed

or have been left unresolved.  Defendant Goyens has not obtained an order favorable to her in any of

such 12 appeals.

5.      As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

11 civil cases in three Judicial Districts.  All of such cases have been dismissed or have been left

unresolved.  Defendant Goyens has not obtained a judgment favorable to her in any of such 11 civil

cases.

6.      Defendant Goyens is the subject of the following:

(a)     A prior 180-day order barring future bankruptcy filings, entered by the United

States Bankruptcy Court for the Eastern District of California on December 20, 2002.  In re Kamaal

Romon Goyens and Chaledeeannka Document Preparer Goyens, Case No. 02-32909-B-7 (Docket

No. 46).

(b)     A prior, one-year bar order, entered by the United States Bankruptcy Court for

the Northern District of California on January 26, 2005.  In re Artis C. Bell, Case No. 04-32901

(TEC) (Docket No. 19).

4

(c)    A prior three-year filing injunction issued by the United States Bankruptcy Court for the Northern District of California on March 14, 2006.  In re Artis C. Bell, Case No. 05-32521 (TEC) (Docket No. 59).

(d)    A Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. § 105(a) (the "Permanent Filing Injunction") issued by the United States Bankruptcy Court for the Northern District of California on November 14, 2006.  Kistler v. Bell (In re Bell), Adv. Pro. No. 06-3129 (Case No. 05-32521) (TEC) (A.P. Docket No. 12).  Pursuant to the Permanent Filing Injunction, Defendant Goyens was enjoined on a permanent basis from "using the name Artis C. Bell or any aliases listed on the caption of this default judgment, is hereby permanently enjoined from filing, in any United States bankruptcy court, any bankruptcy case or adversary proceeding, or any document therein."  Id.

(e)    A Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 105(a), Prohibiting Provision of Document Preparer Services and Imposing Fine (the "Preparer Injunction") issued by the United States Bankruptcy Court for the Northern District of California on January 18, 2007.  Kistler v. Goyens (In re Dobard), Adv. Pro. No. 06-3130 (Case No. 99-34016) (TEC) (A.P. Docket No. 14).  Pursuant to the Preparer Injunction, Defendant Goyens was "permanently enjoined from providing to any individual or entity any service relating to the preparation of documents to be filed in any bankruptcy case."  Id.  (Collectively, the bar orders and injunctions set forth in paragraphs 6(a)-(e) of this Default Judgment are the "Prior Injunctions").

(f)    The Vexatious Litigant List maintained by the Judicial Council of the California State Courts.

7.      Defendant Goyens has been found in contempt twice by the United States Bankruptcy Court for the Northern District of California, for violating the Permanent Filing Injunction and the Document Preparer Injunction.  See Kistler v. Bell (In re Bell), Adv. Pro. No. 06-3129 (Case No. 05-32521) (TEC) (A.P. Docket No. 41, and Kistler v. Goyens (In re Dobard), Adv. Pro. No. 06-3130 (Case No. 99-34016) (TEC) (A.P. Docket No. 28) (collectively, the "Prior Contempt Orders").

8.      In this and other bankruptcy courts nation-wide, Defendant Goyens, in her own name and using one or more aliases, has engaged in repeated patterns of conduct disruptive to the Office of the Clerk and to the courts' judicial proceedings.

9.      Such conduct by Defendant Goyens has included, without limitation, disruption of Court proceedings, the filing of unnecessarily burdensome documents, refusal to regard instructions from the bench in open Court, and harassment by various means (including repetitive email communications) of the United States Bankruptcy Judges, the United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide.

10.     As set forth in the Complaint, in a period of two years, between 2010 and the present, in three different Judicial Districts nation-wide, and using one or more aliases, Defendants Fedelina Roybal de Aguero and the Fedelina Roybal de Aguero 2008 Trust (collectively, "Defendant Roybal de Aguero," and collectively with Defendant Goyens, the "Defendants") have filed nine bankruptcy cases, consisting of three cases under Chapter 7 and six cases under Chapter 13.  All of such nine cases have been dismissed.

11.     As set forth in the Complaint, in three cases filed by Defendant Roybal de Aguero under Chapter 7, she has never obtained an order of discharge.  In six cases filed by Defendant Roybal de Aguero under Chapter 13, she has never obtained an order confirming a plan.

12.     As set forth in the Complaint, using one or more aliases, Defendant Roybal de Aguero has filed one bankruptcy appeal, which was adjudicated in the United States Bankruptcy Appellate Panel for the Ninth Circuit.  Such appeal was dismissed.  In re Roybal de Aguero, Case No.12-40017 (MEH) (U.S. Bankruptcy Court for the Northern District of California), Docket No. 52.

13.     In this Adversary Proceeding, the United States Trustee filed her Complaint on October 4, 2012.  Adv. Pro. No. 12-1901 (SHL).  The Clerk issued a corresponding Summons on October 9, 2012, and service of the Complaint and Summons was given to the Defendants on October 9, 2012.  A.P. Docket Nos. 3-4.

14.     Service of the Complaint, Summons and Motion have been made upon the Defendants at their last known addresses, including with respect to Defendant Goyens, at the addresses known as 25 Amberwood Lane, Walnut Creek, California  94598, and 3131 Grand Concourse, Apt. 4-E, Bronx, New York  10468.  A.P. Docket No. 4.  Defendant Goyens specifically represented to the Court at a hearing held in the underlying Chapter 11 case on July 12, 2012, that documents could be mailed to her at such addresses.  See Transcript of Hearing, Case No. 12-11580 (SHL), Docket No. 20, at 39.

15.     The Court held an Initial Pre-Trial Conference in this Adversary Proceeding on December 4, 2012.  The Defendants failed to appear at such Conference.

16.     The Defendants have failed to file an answer or motion with respect to the Complaint within the time limit fixed by Bankruptcy Rule 7012(a), or as of the date hereof.  See A.P. Docket.

17.     The Clerk of the Court entered the default of the Defendants on the docket of this Adversary Proceeding on January 31, 2013.  A.P. Docket No. 8.

18.     No objection has been filed by the Defendants with respect to the Motion as of the date hereof.  See A.P. Docket.

7

19.    The Defendants did not appear at the Hearing on the Motion.

Based on the foregoing, the Court hereby concludes:

20.    Pursuant to Federal Rule of Civil Procedure ("Rule") 8(b)(6), as applicable in this

Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7008,

"an allegation [ ] is admitted if a responsive pleading is required and the allegation is not denied."

Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008.

21.    In a 21-year history of multiple and abusive bankruptcy, civil and appellate cases

filed in her own name and under approximately 45 aliases and names of other individuals, which

cases have included the filing of several burdensome documents, Defendant Goyens has engaged

continually in conduct that is injurious, fraudulent, unfair and deceptive to creditors, this and other

Courts, and the bankruptcy process.

22.    Defendant Goyens has an extended history of filing bankruptcy cases under Chapters

7 and 13 nation-wide without sufficient grounds for obtaining either a bankruptcy discharge or

confirmation of a personal repayment plan.

23.    Defendant Goyens has an extended history of bankruptcy appeals that have failed to

result in the reversal of bankruptcy and district court orders deemed unfavorable by Defendant

Goyens.

24.    The bankruptcy, civil and appellate cases filed by Defendant Goyens have caused

sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their

respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.

25.    The bankruptcy filing history of Defendant Goyens has entailed vexation,

harassment, and needless expense to other parties.

8

26.    Defendant Goyens' numerous filings of bankruptcy cases and appeals in multiple

courts over a prolonged period of time has placed an unnecessary burden on this and other Courts and

their respective supporting personnel, thereby hindering the administration of justice.  Also, such

history has placed an unnecessary burden on the United States Trustee Program, thereby hindering

the administration of bankruptcy cases nation-wide.

27.    The Prior Injunctions, Contempt Orders and the placement of Defendant Goyens on

the Vexatious Litigant List in the California state courts have not prevented the Defendants from

filing for bankruptcy in this Court because they are of narrow, specific scopes, and do not apply to

Defendant Roybal de Aguero.

28.     Goyens' disruptive conduct in this and other bankruptcy courts and Clerks' Offices

nation-wide  has resulted in an egregious abuse of process that hinders the administration of justice.

29.    In a two-year history of multiple and abusive bankruptcy and appellate cases filed in

her own name and under one alias, Defendant Roybal de Aguero has engaged continually in conduct

that is injurious, fraudulent, unfair and deceptive to creditors, this and other Courts, and the

bankruptcy process.  Defendant Roybal de Aguero has a history of filing successive bankruptcy cases

under Chapters 7 and 13 nation-wide without sufficient grounds for obtaining either a bankruptcy

discharge or confirmation of a personal repayment plan.

30.    The bankruptcy and appellate cases filed by Defendant Roybal de Aguero have

caused sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their

respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.  The

bankruptcy filing history of Defendant Roybal de Aguero has entailed vexation, harassment, and

needless expense to other parties. Such history has placed an unnecessary burden on this and other Courts and their respective supporting personnel, thereby hindering the administration of justice. Such history has placed an unnecessary burden on the United States Trustee Program, thereby hindering the administration of bankruptcy cases nation-wide.

31.    Under Second Circuit law, in determining whether an injunction should issue against a vexatious litigant, including a bankruptcy debtor, the Court in its discretion need only review the vexatious and harassing nature of the defendant's filing history. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). The traditional standards governing the issuance of a permanent civil injunction – i.e., irreparable harm and no remedy at law – do not apply. Id.

32.    In this Adversary Proceeding, the Defendants have not contested the offensive and prolific character of their burdensome filings and conduct, as such have been set forth in the United States Trustee's Complaint.

33.    Based on the foregoing, it appears further that appropriate notice of the Complaint and Motion have been given, that a default judgment should issue in favor of the United States Trustee in the Adversary Proceeding pursuant to Bankruptcy Code section 105(a), Federal Rule of Civil Procedure ("Rule") 55, as applicable herein by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7055, and applicable law, and that summary judgment should issue in favor of the United States Trustee in the Adversary Proceeding pursuant to Bankruptcy Code section 105(a), Rule 56, as applicable herein by Bankruptcy Rule 7056, and applicable law.

Based on the foregoing, the Court hereby enters its Default Judgment and Summary Judgment for Injunctive Relief, as follows:

**<u>DEFAULT JUDGMENT and SUMMARY JUDGMENT</u>**:

(A)    For purposes of both the Default Judgment and Summary Judgment entered hereby, all allegations made in the Complaint are deemed admitted and resolved against the Defendants.

(B)    Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are:

(1)    permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court, and

(2)    permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding.

(C)    Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are permanently enjoined from entering the Office of the Clerk of this or any other United States Bankruptcy Court, without first obtaining permission for such entry from the Chief United States Bankruptcy Judge or, if seeking entry to the Office of the Clerk for the purpose of filing a document (including a proof of claim) in a bankruptcy case or adversary proceeding, without first obtaining permission from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding.

11

(D)     Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are permanently enjoined from sending any communications in any form, including written papers, electronic messages, and e-mails, to any United States Bankruptcy Judge, United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide (except for the purpose of filing a document as set forth above in paragraph B(2) above).

(E)     Fedelina Roybal de Aguero and the Fedelina Roybal de Aguero 2008 Trust, and all persons in concert and participation with them, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases, hereby are permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court, and permanently enjoined from filing any adversary proceeding or document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding, as applicable.

Dated: New York, New York
        June 3, 2013                              */s/ Sean H. Lane*
                                                 HONORABLE SEAN H. LANE
                                                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:

ROBERT DANIEL EBERWEIN and
CHALEDEEANNKA DEBORAH ANN                    Chapter 11
WILLIAMS GOYENS-BELL EBERWEIN,               Case No. 12-11580 (SHL)

                          Debtors.
-----------------------------------------------------------------x

TRACY HOPE DAVIS, as                          Adv. Pro. No. 12-01901 (SHL)
UNITED STATES TRUSTEE FOR REGION 2,

vs.

CHALEDEEANNKA DEBORAH ANN                    **NOTICE OF ENTRY**
        WILLIAMS GOYENS-BELL EBERWEIN,
dba CHALEDEEANNKA DOCUMENT
        PREPARER GOYENS-BELL,
aka ALICE WINBORN
aka ALICE E. WINBORN,
aka ALICE ELIZABETH WINBORN,
aka ARTIS BELL,
aka ARTIS C. BELL,
aka BARBARA WOODS,
aka BLACK BAY,
aka C.D.P.G.,
aka C.D.P. GOYENS,
aka CHALEDEEANNKA D GOYENS,
aka CHALEDEEANNKA D.A GOYENS,
aka CHALEDEEANNKA DA GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL,
aka CHALEDEEANNKA DEBORAH ANN
        GOYENS-BELL (WILLIAMS),
aka CHALEDEEANNKA DEBORAH GOYENS,

(caption continues on next page)

aka CHALEDEEANNKA DOC PR GOYENS,
aka CHALEDEEANNKA DOC PRPR,
aka CHALEDEEANNKA DOCUMENT
      PREPARER GOYENS,
aka CHALEDEEANNKA GOYENS,
aka DEBORAH A. WILLIAMS,
aka DEBORAH ANN WILLIAMS,
aka DEE ANN GOYENS,
aka DEE ANN WILLIAMS-GOYENS,
aka FRED GOVENS,
aka FREDDIE GOYENS,
aka FREDDIE GOYENS, JR.,
aka GARLAND TYLER,
aka LIONS JUDAH SPIRITUAL WARFARE
      TRAINING MINISTRY,
aka O'LEVIA DE'AGAPE-D GOYENS,
aka O'LEVIA DE'-AGAGE-D'GOYENS,
aka O'LEVIA DEL-AGAPE GOYENS,
aka OLEVIA GOYENS,
aka ROBERT DANIEL EBERWEIN,
aka MICHELLE O'CONNOR,
aka PAUL CHRISTENSEN,
aka LISA SWAIN-MORRIS,
aka TRUSTOR FOR LEHMAN BROTHERS
      HOLDINGS,
aka PROPERTY ASSET MANAGERS,
aka 3109 KING ST. PROPERTY MGMT.,
aka C D A W G-B EBERWEIN ST.
      PROPERTY MANAGEMENT,
dba, VACA CITY TOW,

and

FEDELINA ROYBAL-ROYBAL DE AGUERO, and
FEDELINA ROYBAL DE-AGUERO 2008 TRUST,

              Defendants.

---------------------------------------------------------------x

**Please take notice,** that the United States Bankruptcy Court for the Southern District of

New York has entered a Default Judgment and Summary Judgment ("Judgment") in the

adversary proceeding captioned above. Adv. Pro. Docket No. 13. A true and correct copy of

such Judgment is attached hereto.

Dated: New York, New York
     June 4, 2013

             TRACY HOPE DAVIS
             UNITED STATES TRUSTEE

         *By:*    ***/s/ Andrew D. Velez-Rivera***
               Trial Attorney
               33 Whitehall Street, 21st Floor
               New York, New York 10004
               Tel. No. (212) 510-0500
               Fax No. (212) 668-2255

## CERTIFICATE OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | : ss |
| COUNTY OF NEW YORK | ) |

     I, Andrew D. Velez-Rivera, hereby declare, under penalty of perjury under the laws of the

United States of America, and pursuant to 28 U.S.C. § 1746, that on June 4, 2013, I caused to be

served copies of the NOTICE OF ENTRY, by regular mail upon each of the parties listed on the

service list below, by depositing true copies of same in sealed envelopes, with postage pre-paid

thereon, in an official depository of the United States Postal Service within the City and State of New

York.

Dated: New York, New York        ***/s/ Andrew D. Velez-Rivera***

*SERVICE LIST*

<u>Defendants</u>

Chaledeeannka Goyens
25 Amberwood Lane
Walnut Creek, CA  94598

Chaledeaankka Goyens
3131 Grand Concourse, Apt. 4-E
Bronx, NY  10468

Fedelina Roybal de Aguero
Federlina Roybal de Aguero 2008 Trust
42265 Little Lake Road
Mendocino, CA  94560

Fedelina Roybal de Aguero
Federlina Roybal de Aguero 2008 Trust
25 Amberwood Lane
Walnut Creek, CA  94598

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:

ROBERT DANIEL EBERWEIN and          Chapter 11
CHALEDEEANNKA DEBORAH ANN
WILLIAMS GOYENS-BELL EBERWEIN,     Case No. 12-11580 (SHL)

               Debtors.

----------------------------------------------------------------x

TRACY HOPE DAVIS, as           Adv. Pro. No. 12-01901 (SHL)
UNITED STATES TRUSTEE FOR REGION 2,

                               **DEFAULT JUDGMENT**
vs.                                    **AND SUMMARY JUDGMENT**
                                **GRANTING INJUNCTIVE RELIEF**

CHALEDEEANNKA DEBORAH ANN
       WILLIAMS GOYENS-BELL EBERWEIN,
dba CHALEDEEANNKA DOCUMENT
       PREPARER GOYENS-BELL,
aka ALICE WINBORN,
aka ALICE E. WINBORN,
aka ALICE ELIZABETH WINBORN,
aka ARTIS BELL,
aka ARTIS C. BELL,
aka BARBARA WOODS,
aka BLACK BAY,
aka C.D.P.G.,
aka C.D.P. GOYENS,
aka CHALEDEEANNKA D GOYENS,
aka CHALEDEEANNKA D.A GOYENS,
aka CHALEDEEANNKA DA GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
       GOYENS,
aka CHALEDEEANNKA DEBORAH ANN
       GOYENS-BELL,
aka CHALEDEEANNKA DEBORAH ANN
       GOYENS-BELL (WILLIAMS),
aka CHALEDEEANNKA DEBORAH GOYENS,


(caption continues on next page)

1

aka CHALEDEEANNKA DOC PR GOYENS,
aka CHALEDEEANNKA DOC PRPR,
aka CHALEDEEANNKA DOCUMENT
     PREPARER GOYENS,
aka CHALEDEEANNKA GOYENS,
aka DEBORAH A. WILLIAMS,
aka DEBORAH ANN WILLIAMS,
aka DEE ANN GOYENS,
aka DEE ANN WILLIAMS-GOYENS,
aka FRED GOVENS,
aka FREDDIE GOYENS,
aka FREDDIE GOYENS, JR.,
aka GARLAND TYLER,
aka LIONS JUDAH SPIRITUAL WARFARE
     TRAINING MINISTRY,
aka O'LEVIA DE'AGAPE-D GOYENS,
aka O'LEVIA DE'-AGAGE-D'GOYENS,
aka O'LEVIA DEL-AGAPE GOYENS,
aka OLEVIA GOYENS,
aka ROBERT DANIEL EBERWEIN,
aka MICHELLE O'CONNOR,
aka PAUL CHRISTENSEN,
aka LISA SWAIN-MORRIS,
aka TRUSTOR FOR LEHMAN BROTHERS
     HOLDINGS,
aka PROPERTY ASSET MANAGERS,
aka 3109 KING ST. PROPERTY MGMT.,
aka C D A W G-B EBERWEIN ST.
     PROPERTY MANAGEMENT,
dba, VACA CITY TOW,

and

FEDELINA ROYBAL-ROYBAL DE AGUERO, and
FEDELINA ROYBAL DE-AGUERO 2008 TRUST,

               Defendants.

----------------------------------------------------------------x

                2

## DEFAULT JUDGMENT and SUMMARY JUDGMENT
## GRANTING INJUNCTIVE RELIEF

On April 24, 2013, this Court held a hearing (the "Hearing") on the motion of Tracy Hope

Davis, the United States Trustee for Region 2 (the "United States Trustee"), as plaintiff in the

adversary proceeding captioned above (the "Adversary Proceeding"), for the entry of a default

judgment, and in the alternative, for summary judgment (the "Motion"). A.P. Docket No. 12. The

United States Trustee appeared at the Hearing through her counsel, Andrew D. Velez-Rivera, Esq.

The Court, having considered the United States Trustee's Complaint for Injunctive Relief (the

"Complaint"), the Motion, each of their supporting documents, and the record of this Adversary

Proceeding and underlying case, and having heard the statements and representations made at the

Hearing, hereby makes the following findings:

1.      As set forth in the Complaint, for a period of 21 years, between 1991 and the present,

in five different Judicial Districts nation-wide, and using one or more aliases, Chaledeeannka

Deborah Ann Williams Goyens-Bell Eberwein ("Defendant Goyens") has filed 41 bankruptcy cases,

consisting of two cases under Chapter 7, one case under Chapter 11, 36 cases under Chapter 13, one

case under Chapter 15, and one involuntary petition. All of such 41 cases, except four, have been

dismissed. The 41 bankruptcy cases filed by Defendant Goyens have at times included concurrent

cases.

2.      As set forth in the Complaint, in 36 cases filed by Defendant Goyens under Chapter

13, she has never obtained an order confirming a plan.

3

3.    As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

11 adversary proceedings since 1991, including complaints against two United States Bankruptcy

Judges. All of such adversary proceedings either have been dismissed or have been left unresolved.

Defendant Goyens has not obtained a judgment favorable to her in any of such 11 adversary

proceedings.

4.    As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

12 bankruptcy and civil appeals in three Judicial Districts. All of such appeals have been dismissed

or have been left unresolved. Defendant Goyens has not obtained an order favorable to her in any of

such 12 appeals.

5.    As set forth in the Complaint, using one or more aliases, Defendant Goyens has filed

11 civil cases in three Judicial Districts. All of such cases have been dismissed or have been left

unresolved. Defendant Goyens has not obtained a judgment favorable to her in any of such 11 civil

cases.

6.    Defendant Goyens is the subject of the following:

(a)    A prior 180-day order barring future bankruptcy filings, entered by the United

States Bankruptcy Court for the Eastern District of California on December 20, 2002. In re Kamaal

Romon Goyens and Chaledeeannka Document Preparer Goyens, Case No. 02-32909-B-7 (Docket

No. 46).

(b)    A prior, one-year bar order, entered by the United States Bankruptcy Court for

the Northern District of California on January 26, 2005. In re Artis C. Bell, Case No. 04-32901

(TEC) (Docket No. 19).

4

(c)    A prior three-year filing injunction issued by the United States Bankruptcy Court for the Northern District of California on March 14, 2006.  In re Artis C. Bell, Case No. 05-32521 (TEC) (Docket No. 59).

(d)    A Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. § 105(a) (the "Permanent Filing Injunction") issued by the United States Bankruptcy Court for the Northern District of California on November 14, 2006.  Kistler v. Bell (In re Bell), Adv. Pro. No. 06-3129 (Case No. 05-32521) (TEC) (A.P. Docket No. 12).  Pursuant to the Permanent Filing Injunction, Defendant Goyens was enjoined on a permanent basis from "using the name Artis C. Bell or any aliases listed on the caption of this default judgment, is hereby permanently enjoined from filing, in any United States bankruptcy court, any bankruptcy case or adversary proceeding, or any document therein."  Id.

(e)    A Default Judgment Granting Permanent Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 105(a), Prohibiting Provision of Document Preparer Services and Imposing Fine (the "Preparer Injunction") issued by the United States Bankruptcy Court for the Northern District of California on January 18, 2007.  Kistler v. Goyens (In re Dohard), Adv. Pro. No. 06-3130 (Case No. 99-34016) (TEC) (A.P. Docket No. 14).  Pursuant to the Preparer Injunction, Defendant Goyens was "permanently enjoined from providing to any individual or entity any service relating to the preparation of documents to be filed in any bankruptcy case."  Id. (Collectively, the bar orders and injunctions set forth in paragraphs 6(a)-(e) of this Default Judgment are the "Prior Injunctions").

(f)    The Vexatious Litigant List maintained by the Judicial Council of the California State Courts.

7.    Defendant Goyens has been found in contempt twice by the United States Bankruptcy Court for the Northern District of California, for violating the Permanent Filing Injunction and the Document Preparer Injunction. See Kistler v. Bell (In re Bell), Adv. Pro. No. 06-3129 (Case No. 05-32521) (TEC) (A.P. Docket No. 41, and Kistler v. Goyens (In re Dobard), Adv. Pro. No. 06-3130 (Case No. 99-34016) (TEC) (A.P. Docket No. 28) (collectively, the "Prior Contempt Orders").

8.    In this and other bankruptcy courts nation-wide, Defendant Goyens, in her own name and using one or more aliases, has engaged in repeated patterns of conduct disruptive to the Office of the Clerk and to the courts' judicial proceedings.

9.    Such conduct by Defendant Goyens has included, without limitation, disruption of Court proceedings, the filing of unnecessarily burdensome documents, refusal to regard instructions from the bench in open Court, and harassment by various means (including repetitive email communications) of the United States Bankruptcy Judges, the United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide.

10.    As set forth in the Complaint, in a period of two years, between 2010 and the present, in three different Judicial Districts nation-wide, and using one or more aliases, Defendants Fedelina Roybal de Aguero and the Fedelina Roybal de Aguero 2008 Trust (collectively, "Defendant Roybal de Aguero," and collectively with Defendant Goyens, the "Defendants") have filed nine bankruptcy cases, consisting of three cases under Chapter 7 and six cases under Chapter 13. All of such nine cases have been dismissed.

11.    As set forth in the Complaint, in three cases filed by Defendant Roybal de Aguero under Chapter 7, she has never obtained an order of discharge. In six cases filed by Defendant Roybal de Aguero under Chapter 13, she has never obtained an order confirming a plan.

6

12.    As set forth in the Complaint, using one or more aliases, Defendant Roybal de Aguero has filed one bankruptcy appeal, which was adjudicated in the United States Bankruptcy Appellate Panel for the Ninth Circuit. Such appeal was dismissed. In re Roybal de Aguero, Case No.12-40017 (MEH) (U.S. Bankruptcy Court for the Northern District of California), Docket No. 52.

13.    In this Adversary Proceeding, the United States Trustee filed her Complaint on October 4, 2012. Adv. Pro. No. 12-1901 (SHL). The Clerk issued a corresponding Summons on October 9, 2012, and service of the Complaint and Summons was given to the Defendants on October 9, 2012. A.P. Docket Nos. 3-4.

14.    Service of the Complaint, Summons and Motion have been made upon the Defendants at their last known addresses, including with respect to Defendant Goyens, at the addresses known as 25 Amberwood Lane, Walnut Creek, California 94598, and 3131 Grand Concourse, Apt. 4-E, Bronx, New York 10468. A.P. Docket No. 4. Defendant Goyens specifically represented to the Court at a hearing held in the underlying Chapter 11 case on July 12, 2012, that documents could be mailed to her at such addresses. See Transcript of Hearing, Case No. 12-11580 (SHL), Docket No. 20, at 39.

15.    The Court held an Initial Pre-Trial Conference in this Adversary Proceeding on December 4, 2012. The Defendants failed to appear at such Conference.

16.    The Defendants have failed to file an answer or motion with respect to the Complaint within the time limit fixed by Bankruptcy Rule 7012(a), or as of the date hereof. See A.P. Docket.

17.    The Clerk of the Court entered the default of the Defendants on the docket of this Adversary Proceeding on January 31, 2013. A.P. Docket No. 8.

18.    No objection has been filed by the Defendants with respect to the Motion as of the date hereof. See A.P. Docket.

19.    The Defendants did not appear at the Hearing on the Motion.

Based on the foregoing, the Court hereby concludes:

20.    Pursuant to Federal Rule of Civil Procedure ("Rule") 8(b)(6), as applicable in this

Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7008,

"an allegation [ ] is admitted if a responsive pleading is required and the allegation is not denied."

Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008.

21.    In a 21-year history of multiple and abusive bankruptcy, civil and appellate cases

filed in her own name and under approximately 45 aliases and names of other individuals, which

cases have included the filing of several burdensome documents, Defendant Goyens has engaged

continually in conduct that is injurious, fraudulent, unfair and deceptive to creditors, this and other

Courts, and the bankruptcy process.

22.    Defendant Goyens has an extended history of filing bankruptcy cases under Chapters

7 and 13 nation-wide without sufficient grounds for obtaining either a bankruptcy discharge or

confirmation of a personal repayment plan.

23.    Defendant Goyens has an extended history of bankruptcy appeals that have failed to

result in the reversal of bankruptcy and district court orders deemed unfavorable by Defendant

Goyens.

24.    The bankruptcy, civil and appellate cases filed by Defendant Goyens have caused

sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their

respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.

25.    The bankruptcy filing history of Defendant Goyens has entailed vexation,

harassment, and needless expense to other parties.

26.     Defendant Goyens' numerous filings of bankruptcy cases and appeals in multiple

courts over a prolonged period of time has placed an unnecessary burden on this and other Courts and

their respective supporting personnel, thereby hindering the administration of justice.  Also, such

history has placed an unnecessary burden on the United States Trustee Program, thereby hindering

the administration of bankruptcy cases nation-wide.

27.     The Prior Injunctions, Contempt Orders and the placement of Defendant Goyens on

the Vexatious Litigant List in the California state courts have not prevented the Defendants from

filing for bankruptcy in this Court because they are of narrow, specific scopes, and do not apply to

Defendant Roybal de Aguero.

28.     Goyens' disruptive conduct in this and other bankruptcy courts and Clerks' Offices

nation-wide  has resulted in an egregious abuse of process that hinders the administration of justice.

29.     In a two-year history of multiple and abusive bankruptcy and appellate cases filed in

her own name and under one alias, Defendant Roybal de Aguero has engaged continually in conduct

that is injurious, fraudulent, unfair and deceptive to creditors, this and other Courts, and the

bankruptcy process.  Defendant Roybal de Aguero has a history of filing successive bankruptcy cases

under Chapters 7 and 13 nation-wide without sufficient grounds for obtaining either a bankruptcy

discharge or confirmation of a personal repayment plan.

30.     The bankruptcy and appellate cases filed by Defendant Roybal de Aguero have

caused sustained annoyance, frustration and worry to the United States Bankruptcy Courts and their

respective Clerks' Offices, the United States Trustees and their respective Offices, and creditors.  The

bankruptcy filing history of Defendant Roybal de Aguero has entailed vexation, harassment, and

needless expense to other parties. Such history has placed an unnecessary burden on this and other Courts and their respective supporting personnel, thereby hindering the administration of justice. Such history has placed an unnecessary burden on the United States Trustee Program, thereby hindering the administration of bankruptcy cases nation-wide.

31.    Under Second Circuit law, in determining whether an injunction should issue against a vexatious litigant, including a bankruptcy debtor, the Court in its discretion need only review the vexatious and harassing nature of the defendant's filing history. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). The traditional standards governing the issuance of a permanent civil injunction – i.e., irreparable harm and no remedy at law – do not apply. Id.

32.    In this Adversary Proceeding, the Defendants have not contested the offensive and prolific character of their burdensome filings and conduct, as such have been set forth in the United States Trustee's Complaint.

33.    Based on the foregoing, it appears further that appropriate notice of the Complaint and Motion have been given, that a default judgment should issue in favor of the United States Trustee in the Adversary Proceeding pursuant to Bankruptcy Code section 105(a), Federal Rule of Civil Procedure ("Rule") 55, as applicable herein by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7055, and applicable law, and that summary judgment should issue in favor of the United States Trustee in the Adversary Proceeding pursuant to Bankruptcy Code section 105(a), Rule 56, as applicable herein by Bankruptcy Rule 7056, and applicable law.

Based on the foregoing, the Court hereby enters its Default Judgment and Summary Judgment for Injunctive Relief, as follows:

**DEFAULT JUDGMENT and SUMMARY JUDGMENT**:

   (A)    For purposes of both the Default Judgment and Summary Judgment entered hereby, all

allegations made in the Complaint are deemed admitted and resolved against the Defendants.

   (B)    Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in

concert and participation with her, whether acting on their own behalves or on behalves of others, and

whether using their own names or one or more aliases hereby are:

      (1)    permanently enjoined from filing any new bankruptcy case or adversary

proceeding in this and any other United States Bankruptcy Court, and

      (2)    permanently enjoined from filing any document (including proofs of claim) in

any other bankruptcy case or adversary proceeding without first obtaining leave to file such document

from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary

proceeding.

   (C)    Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in

concert and participation with her, whether acting on their own behalves or on behalves of others, and

whether using their own names or one or more aliases hereby are permanently enjoined from entering

the Office of the Clerk of this or any other United States Bankruptcy Court, without first obtaining

permission for such entry from the Chief United States Bankruptcy Judge or, if seeking entry to the

Office of the Clerk for the purpose of filing a document (including a proof of claim) in a bankruptcy

case or adversary proceeding, without first obtaining permission from the United States Bankruptcy

Judge presiding over such bankruptcy case or adversary proceeding.

(D)    Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, and all persons in

concert and participation with her, whether acting on their own behalves or on behalves of others, and

whether using their own names or one or more aliases hereby are permanently enjoined from sending

any communications in any form, including written papers, electronic messages, and e-mails, to any

United States Bankruptcy Judge, United States Marshals, deputy clerks, other officers of the

bankruptcy courts, and the United States Trustees and their offices nation-wide (except for the

purpose of filing a document as set forth above in paragraph B(2) above).

(E)    Fedelina Roybal de Aguero and the Fedelina Roybal de Aguero 2008 Trust, and all

persons in concert and participation with them, whether acting on their own behalves or on behalves

of others, and whether using their own names or one or more aliases, hereby are permanently

enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United

States Bankruptcy Court, and permanently enjoined from filing any adversary proceeding or

document (including proofs of claim) in any other bankruptcy case or adversary proceeding without

first obtaining leave to file from the United States Bankruptcy Judge presiding over such bankruptcy

case or adversary proceeding, as applicable.

Dated: New York, New York
       June 3, 2013                       */s/ Sean H. Lane*
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

12

# EXHIBIT D

(212) 715-7736
Fax : (212) 715-8000
Email: ssparling@kramerlevin.com

**Creditor Committee**
**Official Committee of Unsecured Creditors of**
**Residential Capital, LLC, et al.**

represented by **Robert J. Feinstein**
(See above for address)

**Stephen Zide**
Kramer Levin Naftalis and Frankel,
LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Fax : (212) 715-8000
Email: szide@kramerlevin.com

**Creditor Committee**
**Pachulski Stang Ziehl & Jones LLP,** *Co-*
*Counsel for the Official Committee of*
*Unsecured Creditors*

represented by **Robert J. Feinstein**
(See above for address)

**Creditor Committee**
**Pachulski Stang Ziehl & Jones LLP,** *Co-*
*Counsel for the Officila Committee of*
*Unsecured Creditors*

represented by **Robert J. Feinstein**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 04/20/2015 | 8597 | **(This document is restricted from public view, see case no. 12-1901, document no. 13)** Application for Ex Parte Relief /*Ex-Parte Application Vacatur Dismissals and Request For Judicial Notice* (related document(s)7120) filed by Robert D. Eberwein. (Suarez, Aurea) **Modified on 5/13/2015 (Bush, Brent)** (Entered: 05/11/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/08/2017 13:54:31 | | |
| **PACER Login:** | av0211:2790324:4299065 | **Client Code:** |
| | | 12-12020-mg Fil or Ent: filed Doc |