# EXHIBIT F

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

3109 KING ST PROPERTY
MANAGEMENT, et al.,

Plaintiffs,

v.

VASONA MANAGEMENT, et al.,

Defendants.

Case No. 16-cv-03219-LB

**ORDER REASSIGNING THE CASE;
REPORT AND RECOMMENDATION
TO DISMISS THE COMPLAINT
WITHOUT PREJUDICE**

Re: ECF No. 1

## OVERVIEW

Robert Eberwein and Fedelina Roybal de Aguero, d/b/a 3109 King Street Property
Management, filed a complaint for "Wrongful Cancellation of Extension of Credit" in connection
with certain bank accounts. (*See* Compl. – ECF No. 1.) They also filed applications to proceed *in
forma pauperis* — which the undersigned granted — and declined magistrate jurisdiction. (ECF
Nos. 7, 8.) The plaintiffs generally complain of frozen accounts, suspended electronic payments,
issued credit cards, and considerable "pre-authorized payments." (Compl. at 2, 13.) The complaint
is, however, confusing, ambiguous, and fails to state a claim for relief. The undersigned
accordingly directs the Clerk of Court to reassign the case to a district court judge and
recommends that the reassigned judge dismiss the complaint with leave to amend.

**ANALYSIS**

**1. *Sua sponte* screening — 28 U.S.C. § 1915(e)(2)**

The court recently granted the plaintiffs leave to proceed *in forma pauperis*. (ECF No. 8.) A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State*

United States District Court
Northern District of California

1    *Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

2    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

3    inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

4        When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that

5    a district court should grant leave to amend even if no request to amend the pleading was made,

6    unless it determines that the pleading could not possibly be cured by the allegation of other facts."

7    *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

8    **2.  The complaint does not state a plausible claim**

9        Here, the plaintiffs filed a complaint for "Wrongful Cancellation of Extension of Credit", but

10    fail to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible

11    on its face." *Iqbal*, 556 U.S. at 678. The complaint is insufficient for several reasons.

12        First, it is unclear what claims the plaintiffs assert against each of the named defendants. They

13    bring the case against nineteen different defendants, but it is unclear for what alleged wrong each

14    defendant is responsible. For example, it is unclear if they allege that they had bank accounts at

15    each of the defendant-institutions and what role the vendor-defendants (such as ATT) had in the

16    events. It is similarly unclear what connection the apparent bankruptcy proceedings have to the

17    allegations here — the only allegations that involve the IRS and the California Tax Board. (*See*

18    Compl. at 8, 14.)

19        Second, they do not identify any legal basis for their claims, and for this reason, the court

20    cannot tell if the alleged wrongful conduct is actionable under the law. For example, the plaintiffs

21    do not say if they bring the claims under state or federal law, let alone what specific legal rights

22    they seek to enforce.

23        Third, in connection with their failure to identify any applicable law, the plaintiffs do not

24    identify the basis for federal jurisdiction. Under the caption "Diversity of Citizenship," they

25    provide no relevant information as to diversity jurisdiction and — midsentence — Mr. Eberwein

26    attaches seemingly five unrelated documents (including, in this order: a deed of trust, a bankruptcy

27    court claim form, a rent stabilization program letter, a bankruptcy court order, and one page of an

28    unknown source). (Compl. at 2-7, 13-14.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Fourth, in addition to these oddly placed attachments, the plaintiffs attach several other

2    documents (without explanation) and render the complaint as a whole largely incomprehensible.

3    For example, they attach "Part 2" of the complaint, which consists of identical allegations (but

4    with the header: "Fedelina Roybal de Aguero"[1]), California State and Northern District court

5    documents, Ocwen Loan Servicing documents, and a declaration of a Christopher Spradling in

6    support of Litton Loan Servicing's removal (of a seemingly different case). (Compl. at 9-11, 15-

7    25.) The court cannot tell how these documents are related to the allegations and will not fish

8    through them to make the plaintiffs' claims; that is their responsibility.

9    Nevertheless, and despite these deficiencies, the court cannot say that amendment of the

10    complaint would be futile; the plaintiffs may have a claim for relief. The undersigned accordingly

11    recommends that the district judge dismiss the complaint with leave to amend.

12                                    **CONCLUSION**

13    The undersigned directs the Clerk of Court to reassign this action to a district court judge and

14    recommends that the district court judge 1) dismiss the complaint with leave to amend within

15    thirty days and 2) direct the Clerk to close the case if an amended complaint is not filed within

16    thirty days after the district court dismisses the complaint.

17    Any party may file objections to this report and recommendation with the district judge within

18    fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

19    N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in

20    the district court.

21    **IT IS SO ORDERED.**

22    Dated: June 20, 2016

23

24    _____
      LAUREL BEELER
      United States Magistrate Judge

25

26    _____
      [1] Ms. Roybal de Aguero appears to also be a plaintiff in the action, but she is not named in the
27    case itself, and although "Part 2" appears to be intended as her version of the complaint, it repeats
      the exact same allegations as presumptive "Part 1", even including statements such as "I The
28    Above Plaintiff Robert D Eberwein[.]" (*See, e.g.*, Compl. at 13.) The undersigned advises the
      plaintiffs to clearly state the parties to the action, including both the plaintiffs and the defendants.

<table>
<tr><td>1</td><td colspan="2">UNITED STATES DISTRICT COURT</td></tr>
</table>

1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

4    3109 KING ST PROPERTY
     MANAGEMENT, et al.,                    Case No.  3:16-cv-03219-LB

5                 Plaintiffs,

6         v.                                **CERTIFICATE OF SERVICE**

7    VASONA MANAGEMENT, et al.,

8                 Defendants.

9        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.

10

11       That on 6/21/2016, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle

12   located in the Clerk's office.

13       3109 King St Property Management
         101 Hyde Street

14       PMB 426666
         San Francisco, CA 94142

15

         Chaledeeannka D Goyens

16       101 Hyde St
         PMB 426666

17       San Francisco, CA 94142

18       Fedelina  Roybal de Aguero
         7520 Bellini Way

19       Sacramento, CA 95828

20       Robert D Eberwein
         7520 Bellini Way

21       Sacramento, CA 95828

22

23

24   Dated: 6/21/2016                        Susan Y. Soong
                                             Clerk, United States District Court

25

26

27   By: _K. Scott_____

     Lashanda Scott, Deputy Clerk to the

28   Honorable LAUREL BEELER

United States District Court
Northern District of California

# EXHIBIT G

If you view the [ Full Docket ] you will be charged for 2 Pages $0.20

### General Docket
### United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 16-16936 | **Docketed:** 10/25/2016 |
| **Nature of Suit:** 3230 Rent, Lease, Ejectment | **Termed:** 01/23/2017 |
| Robert Eberwein v. Deutsche Bank Americas, et al | |
| **Appeal From:** U.S. District Court for Northern California, San Francisco | |
| **Fee Status:** IFP | |

**Case Type Information:**
    **1)** civil
    **2)** private
    **3)** null

**Originating Court Information:**
    **District:** 0971-3 : 3:16-cv-03219-VC
    **Trial Judge:** Vince G. Chhabria, District Judge
    **Date Filed:** 06/10/2016

| **Date Order/Judgment:** 09/19/2016 | **Date Order/Judgment EOD:** 09/19/2016 | **Date NOA Filed:** 10/14/2016 | **Date Rec'd COA:** 10/17/2016 |
|---|---|---|---|

| | | |
|---|---|---|
| 10/25/2016 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF PRO SE APPELLANT. SEND MQ: Yes. The schedule is set as follows: Appellant Robert D. Eberwein opening brief due 01/23/2017. [10172444] (IV) [Entered: 10/25/2016 09:58 AM] |
| 11/04/2016 | 2 | Filed referral notice (Deputy Clerk:CKP): Referring to the district court for determination whether in forma pauperis status should continue for this appeal. [10186090] (CKP) [Entered: 11/04/2016 09:15 AM] |
| 11/25/2016 | 3 | Received copy of District Court order filed on 11/21/2016. The Court certifies that the appeal is frivolous and not taken in good faith. [10212580] (RR) [Entered: 11/28/2016 04:03 PM] |
| 12/01/2016 | 4 | Filed clerk order (Deputy Clerk: CO): A review of the district court's docket reflects that the district court has certified that this appeal is not taken in good faith and has revoked appellant's in forma pauperis status. See 28 U.S.C. § 1915(a). This court may dismiss a case at any time, if the court determines the case is frivolous. See 28 U.S.C. § 1915(e)(2). Within 35 days after the date of this order, appellant must: (1) file a motion to dismiss this appeal, see Fed. R. App. P. 42(b), or (2) file a statement explaining why the appeal is not frivolous and should go forward. If appellant files a statement that the appeal should go forward, appellant also must: (1) file in this court a motion to proceed in forma pauperis, OR (2) pay to the district court $505.00 for the filing and docketing fees for this appeal AND file in this court proof that the $505.00 was paid. If appellant does not respond to this order, the Clerk will dismiss this appeal for failure to prosecute, without further notice. See 9th Cir. R. 42-1. If appellant files a motion to dismiss the appeal, the Clerk will dismiss this appeal, pursuant to Federal Rule of Appellate Procedure 42 (b). If appellant submits any response to this order other than a motion to dismiss the appeal, the court may dismiss this appeal as frivolous, without further notice. The briefing schedule for this appeal is stayed. The Clerk shall serve on appellant: (1) a form motion to voluntarily dismiss the appeal, (2) a form statement that the appeal should go forward, and (3) a Form 4 financial affidavit. Appellant may use the enclosed forms for any motion to dismiss the appeal, statement that the appeal should go forward, and/or motion to proceed in forma pauperis. [10217455] (CKP) [Entered: 12/01/2016 01:45 PM] |
| 01/23/2017 | 5 | Filed order (Deputy Clerk: CKP) Motion to dismiss case for failure to prosecute (Cir. Rule 42-1). Pursuant to Circuit Rule 42-1, this appeal is dismissed for failure to respond to order. This order served on the district court shall constitute the mandate of this court. [10275965] (CKP) [Entered: 01/23/2017 03:14 PM] |
| 02/10/2017 | 6 | Filed Appellant Robert D. Eberwein motion to reconsider order, for enbanc review of the Clerk |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | of the Court filed on 01/23/2017. Deficiencies: None. Served on 02/10/2017. [10320521] (CW) [Entered: 02/15/2017 11:13 AM]                                                                                                                                                                                                                                                                                                 |
| 03/24/2017 | 7   | Filed order (Appellate Commissioner): On January 23, 2017, this court issued an order dismissing this appeal for failure to prosecute. See 9th Circuit Rule 42-1. Appellant's motion to reconsider en banc is construed as a motion to reinstate the appeal. So construed, the motion [6] is denied without prejudice to renewal within 21 days after the date of this order, accompanied by a response to the December 1, 2016 order. The Clerk shall send a copy of the December 1, 2016 order to appellant along with this order. (Pro Se) [10370157] (CKP) [Entered: 03/24/2017 09:26 AM] |
| 04/10/2017 | 8   | Filed Appellant Robert D. Eberwein motion to reinstate case after FRAP 42-1 dismissal. Deficiencies: None. (Document entitled "Notice of appeal rehearing") [10390484] (RR) [Entered: 04/10/2017 03:18 PM]                                                                                                                                                                                                                 |

| PACER Service Center |||
|---|---|---|
| **Transaction Receipt** |||
| U.S. Court of Appeals for the 9th Circuit - 05/03/2017 11:15:58 |||
| **PACER Login:** | av0211 | **Client Code:** | |
| **Description:** | Case Summary | **Search Criteria:** | 16-16936 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |