**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

Debtors.

Chapter 11

Case No. 12-12020

**ORDER IMPOSING CIVIL CONTEMPT AGAINST**
**CHALEDEEANNKA DEBORAH ANN WILLIAMS GOYENS-BELL EBERWEIN**

Based upon the hearing held before this Court on June 29, 2017 and the motion of the United States Trustee, William K. Harrington, the United States Trustee, for the entry of an order of civil contempt order against Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein ("Goyens"), and it appearing that appropriate notice has been given and that no objection has been made to the motion, and cause existing for the relief requested, as set forth in the record of the hearing, A brief written opinion will follow entry of this order.

**THE COURT HEREBY FINDS:**

1. On June 3, 2013, in Adversary Proceeding No. 12-1901 (SHL) ("A.P."), the Court entered its Default Judgment and Summary Judgment Granting Injunctive Relief against Goyens ("Permanent Injunction"). A.P. Dkt. No. 13.

2. In relevant parts, the Permanent Injunction provides:

(B)    [Goyens], and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are:

(1)    permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States BankruptcyCourt, and

>   >   (2)    permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding.
>
>   . . .
>
>   (D)    [Goyens], and all persons in concert and participation with her, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases hereby are permanently enjoined from sending any communications in any form, including written papers, electronic messages, and e-mails, to any United States Bankruptcy Judge, United States Marshals, deputy clerks, other officers of the bankruptcy courts, and the United States Trustees and their offices nation-wide (except for the purpose of filing a document as set forth above in paragraph B(2) above).

*Id.*, at 11-12.

2.   Goyens has received adequate and proper notice of entry of the Permanent Injunction.

3.   In these chapter 11 cases (collectively, "Case"), on April 20, 2015, after the entry of the Permanent Injunction, Goyens filed an "Ex-Parte Application Vacatur Dismissals and Request for Judicial Notice." (ECF Doc. # 8597.) This document has been unilaterally "restricted from public view" by the Court, because it violates the Permanent Injunction. *Id.*

(bold in original docket entry)

4. In this Case, on April 7, 2017, after the entry of the Permanent Injunction, Goyens also filed a 62-page document captioned "Request for Special Notice – Notice of Automatic Stay of Chapter 15 Filing in the District of_____" ("Request for Notice"). (ECF Doc. # 10358.)

5. After the entry of the Permanent Injunction, on June 10, 2016, in the U.S. District Court for the Northern District of California, Goyens, among others, filed a complaint for "Wrongful Cancellation of Extension of Credit" in relation to certain bank accounts. 3109 King St. Property Management et al. v. Vasona Management et al., Case No. 16-cv-3219-VC ("San Francisco Action").

6. Goyens specifically named two officers of this Court's Clerk's Office as defendants in the San Francisco Action.

7. At the outset of the San Francisco Action, Goyens telephoned one of such officers to advise her of the commencement of the San Francisco Action, and advised the officer that she was being served with the SF Complaint through such call.

8. The filings by Goyens of the document at ECF Doc. # 8597 and of the Request for Notice at ECF Doc. # 10358 violate the Permanent Injunction.

9. The telephone call to an officer of this Court also violates the Permanent Injunction.

**IT IS HEREBY ORDERED AND DECREED:**

A. Goyens be, and hereby is, in civil contempt of the Permanent Injunction.

B. Goyens shall file a notice of withdrawal of her Request for Notice within 30 days of the date of service of this Order.

C. In the event that Goyens fails to file a withdrawal of the Request for Notice

3

within the 30-day time frame set forth above, Goyens shall then be assessed a daily sanction in the amount of $100 ("Daily Sanctions"). Such Daily Sanctions shall continue to accrue against Goyens until the date that Goyens files a notice of withdrawal of the Request for Notice. However, in the event that Goyens fails to withdraw the Request for Notice within 60 days from the date of entry of this Order, then the Clerk shall be and hereby is directed to restrict the Request for Notice from public view, and the Daily Sanctions shall cease accrual at such time and remain outstanding until fully paid.

D. Notwithstanding the closing of the underlying chapter 11 cases, the Court shall retain jurisdiction to interpret and enforce the terms of the Permanent Injunction and this Order.

**IT IS SO ORDERED.**

Dated:   July 5, 2017
         New York, New York

                                                              **/s/Martin Glenn**
                                                          MARTIN GLENN
                                      United States Bankruptcy Judge