Mark D. Shifton, Esq. (MS8233)
**SEIGER GFELLER LAURIE LLP**
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
(609) 375-2602
(609) 751-9902 (fax)
*Attorneys for Petitioners*
*Jian Wang and Yung Fen*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In Re GMAC Mortgage, LLC                    Chapter 11

       Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    Case No.: 12-12020 (MG)

JIAN WANG and YUNG FEN
1225 RESERVOIR ROAD                         Assigned to: Hon. Martin Glenn
CHESHIRE, CONNECTICUT 06410

       Plaintiffs,        Returnable:
                                            11:00 a.m., October 17, 2017

   vs.

GMAC MORTGAGE, LLC,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## <u>NOTICE OF MOTION FOR ORDER FOR RELIEF FROM</u>
## <u>AUTOMATIC BANKRUPTCY STAY</u>

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Mark D. Shifton, Esq.,

dated August 11, 2017, and the Exhibits attached thereto, Petitioners Jian Wang and Yung Fen

will move this Court, before the Honorable Martin Glenn, United States Bankruptcy Judge,

Southern District of New York, at the United States Courthouse, Daniel Patrick Moynihan U.S.

Courthouse, 500 Pearl Street, New York, New York 10007, at 11:00 a.m. on October 17, 2017,

pursuant to Local Bankruptcy Rule 4001-1, granting Petitioners relief from the automatic

bankruptcy stay under 11 U.S. Code § 362.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 4001-1,

this motion is being filed not more than thirty days from the return date

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1,

all answering papers to this Petition must be served so as to ensure actual receipt not later than

seven days before the return date.

Dated: Princeton, New Jersey
September 22, 2017

**SEIGER GFELLER LAURIE LLP**

By: _____
        Mark D. Shifton, Esq. (MS8233)
*Attorneys for Petitioners*
*Jian Wang and Yun Feng*
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
(609) 375-2602
mshifton@sgllawgroup.com

Mark D. Shifton, Esq. (MS8233)
**SEIGER GFELLER LAURIE LLP**
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
(609) 375-2602
(609) 751-9902 (fax)
*Attorneys for Petitioners*
*Jian Wang and Yung Fen*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In Re GMAC Mortgage, LLC                    Chapter 11

              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    Case No.: 12-12020 (MG)

JIAN WANG and YUNG FEN
1225 RESERVOIR ROAD                          Assigned to: Hon. Martin Glenn
CHESHIRE, CONNECTICUT 06410

           Plaintiffs,              Returnable:
                                             11:00 a.m., October 17, 2017

      vs.

GMAC MORTGAGE, LLC,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## AFFIDAVIT OF MARK D. SHIFTON, ESQ. IN SUPPORT OF
## MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC BANKRUPTCY STAY

Mark D. Shifton, being duly sworn, hereby deposes and says as follows:

1.      I am a Partner with Seiger Gfeller Laurie LLP, counsel for Petitioners Jian Wang

and Yun Feng. I am familiar with the proceedings in this case, and I make this Affidavit based on

my personal knowledge of the facts set forth herein and in support of the instant Motion for an

Order for relief from the automatic bankruptcy stay under 11 U.S. Code § 362.

2.       Debtor GMAC Mortgage, LLC's ("GMAC") Notice of Petition under Chapter 11 of the Bankruptcy Code was filed on May 14, 2012. A true and complete copy of Debtor's Notice of Petition is attached hereto as **Exhibit A**. Pursuant to 11 U.S.C. § 362, the filing of GMAC's Notice of Petition triggered an automatic bankruptcy stay.

3.       Petitioners Jian Wang and Yun Feng ("Owners") are the owners of property known as 1225 Reservoir Road, Cheshire, Connecticut 06410 (the "Property").

4.       The Property is subject to a mortgage in the original principal amount of $520,000.00 from Robert A. Winner and Gail M. Winner, the prior owners of the Property ("the Prior Owners"), to GMAC, which mortgage was dated October 28, 2005 and recorded in Volume 2005 at Page 261 of the Cheshire Land Records (the "GMAC Mortgage").

5.       At a refinance of the Property on or about May 13, 2006, the GMAC Mortgage was paid in full, by payment of $560,343.02. A true and complete copy of the May 13, 2006 Settlement Statement is attached hereto as **Exhibit B**.

6.       Despite the May 13, 2006 settlement, and payment in full of the GMAC Mortgage as a result of that proceeding, the GMAC Mortgage was never released from the land records, or otherwise recorded as being discharged.

7.       Petitioners' counsel has discussed these facts with GMAC's counsel, who has advised there is no individual from GMAC who may execute a release of the GMAC Mortgage so that the discharge of the GMAC Mortgage may be properly recorded. Accordingly, Petitioners' only avenue of redress is to commence an action for quiet title against GMAC in Connecticut. The sole purpose of such an action would be to obtain a judgment releasing the GMAC Mortgage from the land records, so that the GMAC Mortgage may be recorded as discharged as a result of the May 13, 2006 settlement.

8.       Pursuant to Local Bankruptcy Rule 4001-1, by way of the instant motion,

Petitioners seek relief from the automatic bankruptcy stay so as to commence a quiet title action

against GMAC in Connecticut, for the sole purpose of obtaining a judgment releasing the

GMAC Mortgage from the land records.

9.       No request for this or similar relief has previously been sought by Petitioners.

Dated: Princeton, New Jersey
        September 22, 2017

                                        **SEIGER GFELLER LAURIE LLP**


                                        By: _____
                                                Mark D. Shifton, Esq. (MS8233)
                                        *Attorneys for Petitioners*
                                        *Jian Wang and Yun Feng*
                                        100 Overlook Center
                                        Second Floor
                                        Princeton, New Jersey 08540
                                        (609) 375-2602
                                        mshifton@sgllawgroup.com

# Exhibit A

B 1 (Official Form 1) (12/11)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>GMAC Mortgage, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>GMAC Mortgage Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 23-1694840 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1100 Virginia Drive<br>Fort Washington, PA<br><br>ZIP CODE 19034 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form* | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding |
| ☒ Corporation (includes LLC and LLP) | ☐ Railroad | ☐ Chapter 9 |
| ☐ Partnership | ☐ Stockbroker | ☒ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 12<br>☐ Chapter 13 |

Nature of Debts
(Check one box.)

☐ Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☒ Debts are primarily business debts

Tax-Exempt Entity
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). |
| ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. | Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $ 2,343,300. |
| ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☒ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

ny-1012325

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>GMAC Mortgage, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: None. | Case Number:<br>N/A | Date Filed:<br>N/A |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:<br>See Annex 1 | Case Number:<br>As Assigned | Date Filed:<br>Same |
| District:<br>Southern District of New York | Relationship:<br>Affiliate | Judge:<br>As Assigned |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)       (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒ No. |

| **Exhibit D**<br><br>(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |
|---|

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.)<br><br>☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |
|---|

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.)<br><br>☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>         _____<br>         (Name of landlord that obtained judgment)<br><br>         _____<br>         (Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)). |
|---|

B 1 (Official Form) 1 (1/08)                                                                                                 Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>GMAC Mortgage, LLC |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>　　Signature of Debtor<br><br>X _____<br>　　Signature of Joint Debtor<br><br>_____<br>　　Telephone Number (if not represented by attorney)<br><br>_____<br>　　Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐　I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐　Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>　　(Signature of Foreign Representative)<br><br>_____<br>　　(Printed Name of Foreign Representative)<br><br>_____<br>　　Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X　/s/ Larren M. Nashelsky<br>　　Signature of Attorney for Debtor(s)<br>Larren M. Nashelsky<br>　　Printed Name of Attorney for Debtor(s)<br>Morrison & Foerster LLP<br>　　Firm Name<br>1290 Avenue of the Americas<br>　　Address<br>New York, NY 10104<br><br>(212) 468-8000<br>　　Telephone Number<br>May 14, 2012<br>　　Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br><br>X _____<br><br>_____<br>　　Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X　/s/ James Whitlinger<br>　　Signature of Authorized Individual<br>James Whitlinger<br>　　Printed Name of Authorized Individual<br>Chief Financial Officer<br>　　Title of Authorized Individual<br>May 14, 2012<br>　　Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ANNEX 1

On May 14, 2012, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| Name of Debtor |
| --- |
| ditech, LLC |
| DOA Holding Properties, LLC |
| DOA Properties IX (Lots-Other), LLC |
| EPRE LLC |
| Equity Investment I, LLC |
| ETS of Virginia, Inc. |
| ETS of Washington, Inc. |
| Executive Trustee Services LLC |
| GMAC – RFC Holding Company, LLC |
| GMAC Model Home Finance I, LLC |
| GMAC Mortgage USA Corporation |
| GMAC Mortgage, LLC |
| GMAC Residential Holding Company, LLC |
| GMAC RH Settlement Service, LLC |
| GMACM Borrower LLC |
| GMACM REO LLC |
| GMACR Mortgage Products, LLC |
| HFN REO SUB II, LLC |
| Home Connects Lending Services, LLC |
| Homecomings Financial Real Estate Holdings, LLC |
| Homecomings Financial, LLC |

| |
|---|
| Ladue Associates, Inc. |
| Passive Asset Transactions, LLC |
| PATI A, LLC |
| PATI B, LLC |
| PATI Real Estate Holdings, LLC |
| RAHI A, LLC |
| RAHI B, LLC |
| RAHI Real Estate Holdings, LLC |
| RCSFJV2004, LLC |
| Residential Accredit Loans, Inc. |
| Residential Asset Mortgage Products, Inc. |
| Residential Asset Securities Corporation |
| Residential Capital, LLC |
| Residential Consumer Services of Alabama, LLC |
| Residential Consumer Services of Ohio, LLC |
| Residential Consumer Services of Texas, LLC |
| Residential Consumer Services, LLC |
| Residential Funding Company, LLC |
| Residential Funding Mortgage Exchange, LLC |
| Residential Funding Mortgage Securities I, Inc. |
| Residential Funding Mortgage Securities II, Inc. |
| Residential Funding Real Estate Holdings, LLC |
| Residential Mortgage Real Estate Holdings, LLC |
| RFC – GSAP Servicer Advance, LLC |
| RFC Asset Holdings II, LLC |
| RFC Asset Management, LLC |

| |
|---|
| RFC Borrower LLC |
| RFC Construction Funding, LLC |
| RFC REO LLC |
| RFC SFJV-2002, LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| GMAC MORTGAGE, LLC, | ) | Case No. 12- _____ (      ) |
|  | ) |  |
|  | ) | Joint Administration Pending |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

_____

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, GMAC

Mortgage, LLC (the "Debtor") submits the following list of the Debtor's equity security holders:

| Entity Name and Address | Percent Ownership |
|---|---|
| GMAC Residential Holding Company, LLC | 100% |

I, James Whitlinger, the Chief Financial Officer of GMAC Mortgage, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated: May 14, 2012

/s/ James Whitlinger_____
Name: James Whitlinger
Title:   Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                    )
In re                                               )      Chapter 11
                                                    )
GMAC MORTGAGE, LLC,                                 )      Case No. 12- _____  (     )
                                                    )
                                                    )      Joint Administration Pending
                                                    )
                          Debtor.                   )
                                                    )
_____

### LIST OF CREDITORS

       GMAC Mortgage, LLC (the "Debtor") and its debtor affiliates set forth on Annex

1 attached hereto (collectively, the "Debtors") each filed a petition in this Court on May 14, 2012

for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Contemporaneously with the filing of the petitions, the Debtors filed a single consolidated list of

creditors (the "Consolidated List"), in lieu of separate lists.  Due to its voluminous nature, the

Consolidated List is being submitted to the Court electronically.

       I, James Whitlinger, the Chief Financial Officer of GMAC Mortgage, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated:  May 14, 2012

                            /s/ James Whitlinger
                            Name:  James Whitlinger
                            Title:   Chief Financial Officer

Residential Capital LLC, et al.
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 1 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.500% Senior Unsecured Notes due April 2013 [4] | | 473,416,000.00 |
| 2 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 750,000,000 Euros Aggregate Principal Amount of 7.125% Notes due May 2012 [4] | | 127,671,000.00 [5] |
| 3 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.875% Senior Unsecured Notes due June 2015 [4] | | 112,227,000.00 |
| 4 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | £400,000,000 Aggregate Principal Amount of 9.875% Notes due July 2014 [4] | | 103,743,000.00 [6] |
| 5 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.500% Senior Unsecured Notes due June 2012 [4] | | 79,879,000.00 |
| 6 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | £400,000,000 Aggregate Principal Amount of 8.375% Notes due May 2013 [4] | | 59,379,200.00 [6] |
| 7 | BNYMellon<br>C/O Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036 | Phone: (212) 698-3621<br>Fax: (212) 698-3599<br>Email: hector.gonzalez@dechert.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 8 | US Bank<br>C/O Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, NY 10004 | Phone: (212) 574-1391<br>Fax: (212) 480-8421<br>Email: das@sewkis.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 9 | Deutsche Bank AG, New York<br>C/O Joe Salama<br>60 Wall Street<br>New York, NY 10005-2836 | Phone: (212) 250-9536<br>Fax: (866) 785-1127<br>Email: joe.salama@db.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 10 | Federal Housing Finance Agency<br>C/O Alfred Pollard<br>400 Seventh Street, SW | Phone: (202) 649-3804<br>Fax:<br>Email: GeneralCounsel@FHFA.org | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 11 | MBIA, Inc.<br>C/O Cadwalader, Wickersham & Taft<br>One World Financial Center<br>New York, NY 10281 | Phone: (212) 504-6373<br>Fax: (212) 504-6666<br>Email: gregory.petrick@cwt.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 12 | Ambac Assurance Corp<br>C/O Patterson Belknap Webb & Tyler<br>1133 Avenue of the Americas<br>New York, NY 10036 | Phone: (212) 336-2140<br>Fax: (212) 336-2094<br>Email: prflorienza@pbwt.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 13 | Financial Guaranty Insurance Co.<br>C/O Jones Day<br>222 East 41st Street<br>New York, NY 10017-6702 | Phone: (212) 326-7844<br>Fax: (212) 755-7306<br>Email: cball@jonesday.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 14 | Assured Guaranty Corp.<br>C/O Margaret Yanney<br>31 West 52nd Street<br>New York, NY 10019 | Phone: (212) 857-0581<br>Fax: (212) 893-2792<br>Email: myanney@assuredguaranty.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |

Residential Capital LLC, et al.
Top Unsecured Creditors
*In USD*
(All Amounts Are Estimated)

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 15 | Thrivent Financial for Lutherans<br>C/O Teresa J. Rasmussen<br>625 Fourth Avenue S.<br>Minneapolis, MN 55415-1624 | Phone: (800) 847-4836<br>Fax:<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 16 | West Virginia Investment Management Board<br>C/O Craig Slaughter<br>500 Virginia Street East, Suite 200 | Phone: (304) 345-2672<br>Fax:<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 17 | Allstate Insurance<br>C/O Quinn Emanuel Urquhart & Sullivan<br>865 S. Figueroa Street, 10th Floor | Phone: (213) 443-3000<br>Fax:<br>Email: danbrockett@quinnemanuel.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 18 | Western & Southern<br>C/O Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, NY 10110 | Phone: (212) 382-3300<br>Fax:<br>Email: dwollmuth@wmd-law.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 19 | The Union Central Life Insurance Company<br>C/O Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900 | Phone: (619) 231-1058<br>Fax: (519) 231-7423<br>Email: stevep@rgrdlaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 20 | Cambridge Place Investment Management Inc.<br>C/O Donnelly, Conroy & Gelhaar LLP<br>1 Beacon Street, 33rd Floor | Phone: (617) 720-2880<br>Fax: (617) 720-3553<br>Email: msd@dcglaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 21 | Sealink Funding Limited<br>C/O Labaton Sucharow LLP<br>140 Broadway | Phone: (212) 907-0869<br>Fax: (212) 883-7069<br>Email: jbernstein@labaton.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 22 | Stichting Pensioenfonds ABP<br>C/O Grant & Eisenhofer<br>123 S. Justison Street | Phone: (302) 622-7040<br>Fax: (302) 622-7100<br>Email: gjarvis@gelaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 23 | Huntington Bancshares Inc.<br>C/O Grant & Eisenhofer<br>123 S. Justison Street | Phone: (302) 622-7040<br>Fax: (302) 622-7100<br>Email: gjarvis@gelaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 24 | Federal Home Loan Bank of Chicago<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone: (206) 623-1900<br>Fax: (206) 623-3384<br>Email: dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 25 | Federal Home Loan Bank of Boston<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone: (206) 623-1900<br>Fax: (206) 623-3384<br>Email: dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 26 | Federal Home Loan Bank of Indianapolis<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone: (206) 623-1900<br>Fax: (206) 623-3384<br>Email: dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |

Residential Capital LLC, et al.
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 27 | Massachusetts Mutual Life Insurance Company<br>C/O Bernadette Harrigan<br>1295 State Street | Phone: (413) 788-8411<br>Fax: (413) 226-4268<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 28 | National Credit Union Administration Board<br>C/O Susman Godfrey LLP<br>1901 Avenue of the Stars, Suite 950 | Phone: (310) 789-3100<br>Fax: (310) 789-3150<br>Email: mseltzer@susmangodfrey.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 29 | The Charles Schwab Corporation<br>C/O Grais & Ellsworth LLP<br>70 East 55th Street<br>New York, NY 10022 | Phone: (212) 755-0100<br>Fax: (212) 755-0052<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 30 | New Jersey Carpenters Health Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 31 | New Jersey Carpenters Vacation Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 32 | Boilermaker Blacksmith National Pension Trust<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 33 | Police and Fire Retirement System of the City of Detroit<br>C/O Zwerling, Schachter & Zwerling<br>41 Madison Avenue<br>New York, NY 10010 | Phone: (212) 223-3900<br>Fax: (212) 371-5969<br>Email: rzwerling@zsz.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 34 | Orange County Employees Retirement System<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 35 | Midwest Operating Engineers Pension Trust Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 36 | Iowa Public Employees Retirement System<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 37 | Brian Kessler, et al<br>C/O Walters Bender Strohbehn & Vaughan, P.C.<br>2500 City Center Square, 1100 Main, Suite 2500 | Phone: (816) 421-6620<br>Fax: (816) 421-4747<br>Email: jhaake@wbsvlaw.com | Contingent Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 38 | Donna Moore<br>C/O Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Phone: (610) 822.0242<br>Fax: (610) 667.7056<br>Email: eciolko@ktmc.com | Contingent Litigation | Contingent, Unliquidated, Disputed | Unknown |

**Residential Capital LLC, et al.**
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 39 | Steven And Ruth Mitchell<br>C/O Walters Bender Stroehbehn & Vaughan, P.C<br>2500 City Center Square, 1100 Main Street<br>Kansas City, MO  64105 | Phone: (816) 421-6620<br>Fax: (816) 421-4747<br>Email: awalter@wbsvlaw.com | Settled Litigation | | 14,500,000.00 |
| 40 | Indecomm Global Services<br>200 Middlesex Essex Turnpike<br>Suite 102<br>Iselin, NJ  08830 | Phone: (732) 404-0081 Ext. 208<br>Fax:<br>Email: Rajan@indecomm.net | General Trade Payable | | 675,000.00 |
| 41 | Alan Gardner<br>C/O Williamson & Williams<br>187 Parfitt Way SW, Suite 250<br>Bainbridge Island, WA 98110 | Phone: (206) 441-5444<br>Fax: (206) 780-5557<br>Email: roblin@williamslaw.com | Settled Litigation | | 555,000.00 |
| 42 | Tiffany Smith<br>C/O Schroeter Goldmark & Bender<br>500 Central Bldg., 810 Third Ave.<br>Seattle, WA 98104 | Phone:  (206) 622-8000<br>Fax: (206) 682-2305<br>Email: info@sgb-law.com | Settled Litigation | | 275,000.00 |
| 43 | Don E. Diane M. Patterson<br>C/O Siegel Brill, P.A.<br>100 Washington Avenue South, Suite 1300<br>Minneapolis, MN 55401 | Phone: (612) 337-6100<br>Fax: (612) 339-6591<br>Email: heidifurlong@siegelbrill.com | Settled Litigation | | 157,950.00 |
| 44 | Wells Fargo & Company<br>Wf 8113, P.O. Box 1450<br> Minneapolis,  MN  55485 | Phone: (612) 667-7121<br>Fax:<br>Email: | General Trade Payable | | 121,000.00 |
| 45 | Credstar<br>12395 First American Way<br>Poway, CA 92064 | Phone: (800) 921-6700, ext 5129<br>Fax:<br>Email: LPulford@corelogic.com | General Trade Payable | | 99,773.65 |
| 46 | Emortgage Logic<br>9151 Boulevard 26, Suite 400<br>N. Richland Hills,  TX  76180-5605 | Phone: (817) 581-2900<br>Fax:<br>Email: info@emortgagelogic.com | General Trade Payable | | 87,910.00 |
| 47 | Aegis Usa Inc.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067 | Phone: +63 2 8858000<br>Fax:<br>Email: Kapil.Chopra@aegisglobal.com | General Trade Payable | | 72,116.56 |
| 48 | ISGN Fulfillment Services Inc<br>3220 Tillman Drive, Suite 301<br> Bensalem,  PA  19020 | Phone: (860) 656-7571<br>Fax:<br>Email: Scott.slifer@isgn.com | General Trade Payable | | 65,754.00 |
| 49 | US Bank<br>Corporate Trust Services<br>60 Livingston Ave<br>St. Paul, MN 55107 | Phone: (651) 495-3839<br>Fax: (866) 869-1624<br>Email:  michelle.moeller@usbank.com | General Trade Payable | | 64,000.00 |
| 50 | Deborah Pangel and Lee Sachs<br>C/O Linda Tirelli<br>One North Lexington Avenue, 11th Floor<br>White Plains, NY 10601 | Phone: (914) 946-0860<br>Fax: (914)946-0870<br>Email: WestchesterLegal@aol.com | Settled Litigation | | 55,000.00 |

Notes:
[1]    For all litigation settlements, the counterparty's attorney is listed as addressee.
[2]    General Trade Payable claims are based on balances in the Debtors' Accounts Payable system as of close of business May 11, 2012.
[3]    Estimated amount of claim for unsecured bonds represents principal balances as of 5/9/12 and does not include accrued interest or fees.
[4]    As of Indenture dated June 24, 2005 between Residential Capital Corporation and Deutsche Bank Trust Company Americas,
        as Indenture Trustee (amended on June 24, 2005, November 21, 2005, and May 16, 2008). A $20.1 million semi-annual interest payment
        due in April 2012 for the senior unsecured note maturing in April 2013 was not made.
[5]    Estimated amount of claim for EUR notes is based on an exchange rate of 1.29480 on May 11, 2012.
[6]    Estimated amount of claim for GBP notes is based on an exchange rate of 1.61418 on May 11, 2012.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                          )
In re                                     )   Chapter 11
                                          )
GMAC MORTGAGE, LLC,                       )   Case No. 12- _____  (      )
                                          )
                                          )   Joint Administration Pending
                                          )
                        Debtor.           )
_____ )

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure,

GMAC Mortgage, LLC (the "Debtor") hereby states that the following corporations directly or

indirectly own 10% or more of the Debtor's equity interests as of May 14, 2012:

| Shareholder | Percentage of Shares Held |
|---|---|
| GMAC Residential Holding Company, LLC | 100% |

I, James Whitlinger, the Chief Financial Officer of GMAC Mortgage, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated:  May 14, 2012

                                        /s/ James Whitlinger
                                        Name: James Whitlinger
                                        Title:   Chief Financial Officer

# ACTION BY WRITTEN CONSENT OF THE BOARD OF DIRECTORS
## OF GMAC MORTGAGE, LLC,
## A SUBSIDIARY OF RESIDENTIAL CAPITAL, LLC

The undersigned, being all of the Directors of GMAC Mortgage, LLC ("GMAC Mortgage"), an indirect subsidiary of Residential Capital, LLC ("ResCap"), and constituting the entire Board of Directors of GMAC Mortgage (the "Board"), acting pursuant to applicable law, hereby waives any and all requirements for the holding of a meeting, including, without limitation, any requirements as to call and notice thereof, and consents to the adoption of the following recitals and resolutions and to the actions set forth herein as of this 13th day of May, 2012, which actions shall have the same force and effect as if taken by affirmative vote at a meeting of the Board, duly called and held.

**WHEREAS**, the Board (i) has extensively reviewed the alternatives available to GMAC Mortgage, (ii) has been advised of and considered the decision of the Board of Directors of ResCap to authorize the commencement of a case under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") for itself and for certain of its direct and indirect subsidiaries, and (iii) has determined that seeking relief under the provisions of Chapter 11 of the Bankruptcy Code presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of GMAC Mortgage, its subsidiaries, creditors, employees, stakeholders and other interested parties;

**WHEREAS**, GMAC Mortgage has engaged in negotiations ranging from preliminary to late-stage with a number of prospective strategic and financial investors who expressed interest in pursuing a transaction and sale process to acquire substantially all of the assets of GMAC Mortgage pursuant to 11 U.S.C. §§ 105, 363 and 365 (a "Section 363 Sale");

**WHEREAS**, GMAC Mortgage has narrowed the field of prospective investors interested in pursuing a Section 363 Sale to Fortress Investment Group LLC ("Fortress"), a leading, highly diversified global investment management firm;

**WHEREAS**, the proposed transaction with Fortress would entail the sale of substantially all of GMAC Mortgage's assets, including its mortgage loan origination and servicing businesses, in a Section 363 Sale as part of a Chapter 11 bankruptcy proceeding filed by GMAC Mortgage, and the institution of an auction process under the supervision of the Bankruptcy Court to ensure that the price and terms obtained by GMAC Mortgage constitute the best available transaction for GMAC Mortgage (such transactions being collectively referred to herein as the "Fortress Transaction");

**WHEREAS**, the Board has determined that it is in the best interests of GMAC Mortgage that GMAC Mortgage pursue the Fortress Transaction;

**WHEREAS**, the Board has also been presented by the management of GMAC Mortgage with a proposed Superpriority Debtor-in-Possession Credit and Guaranty Agreement (the "Credit Agreement") by and among GMACM Borrower, LLC ("GMACM Borrower"), GMACM Borrower, LLC ("GMACM Borrower"; together with GMACM Borrower, the "Borrowers"), ResCap, GMAC Mortgage, Residential Funding Company, LLC, certain subsidiaries of ResCap

from time to time party thereto as guarantors (the "Guarantors"; the Guarantors, together with the Borrowers, the "Credit Parties," and each, a "Credit Party"), GMAC Mortgage and Residential Funding, as Administrators, Originators, Receivables Custodians and Servicers, GMAC Mortgage, as GMACM Servicer, certain financial institutions from time to time party thereto as lenders (the "Lenders"), Barclays Bank PLC ("Barclays"), as administrative agent for the Lenders (the "Administrative Agent"), Barclays, as collateral agent (the "Collateral Agent") and Barclays, as syndication agent, and the other persons from time to time party thereto, pursuant to which GMAC Mortgage intends to (i) provide an absolute and unconditional guaranty (the "Guaranty"), on a joint and several basis with the other guarantors, of all obligations, liabilities and indebtedness of the Credit Parties, as contemplated by or specified in the Credit Documents  (as defined below) and the Orders (as defined in the Credit Agreement) (the "Obligations") and (ii) grant to the Collateral Agent security interests, pledges and encumbrances, as contemplated by or specified in the Credit Documents and the Orders;

WHEREAS, the Board has determined GMAC Mortgage will benefit, directly or indirectly, from the loans being made under the Credit Agreement and that it is in the best interests of GMAC Mortgage to grant a lien and to guaranty the Obligations on the terms and conditions set forth in the Credit Agreement;

WHEREAS, the Board has also been presented by the management of GMAC Mortgage with an GMACM Receivables Pooling and Purchase Agreement (the "Pooling Agreement") to be entered into between GMAC Mortgage and GMACM Borrower, pursuant to which it is intended that GMAC Mortgage sell and assign certain receivables and the proceeds thereof (the "Transferred Receivables") to GMACM Borrower;

WHEREAS, pursuant to a GMACM Mortgage Loan Purchase and Contribution Agreement (the "Mortgage Loan Purchase Agreement") to be entered into between GMAC Mortgage and GMACM Borrower, it is intended that GMAC Mortgage sell and contribute certain mortgage loans and related assets (the "Transferred Mortgage Loans"; together with the Transferred Receivables, the "Transferred Assets") to GMACM Borrower;

WHEREAS, pursuant to a GMACM Receivables Purchase Agreement (the "Receivables Purchase Agreement"; together with the Pooling Agreement and the Mortgage Loan Purchase Agreement, the "GMACM Transfer Agreements") to be entered into among GMAC Mortgage, as Originator and Servicer, GMACM Borrower, and GMAC Mortgage Servicer Advance Funding Company Ltd. ("GMAC Mortgage Servicer"), as the "GSAP Transferor," it is intended that the GSAP Transferor sell and assign certain receivables to GMACM Borrower;

WHEREAS, the Board has determined that it is in the best interests of GMAC Mortgage to transfer certain assets to GMACM Borrower under the terms and conditions of the GMACM Transfer Agreements set forth above;

WHEREAS, under (a) a Satisfaction and Discharge Agreement (the "Satisfaction and Discharge Agreement") to be entered into between GMAC Mortgage, Residential Funding, GMAC Mortgage Servicer, as the "GSAP Issuer", The Bank of New York Mellon ("BONY"), and Barclays, and (b) an Omnibus Termination Agreement (together with the Satisfaction and Discharge Agreement, the "GSAP Termination Agreements") to be entered into between GMAC

Mortgage, Residential Funding, the GSAP Issuer, GMACR Mortgage Products, LLC, GMACM-GSAP Servicer Advance, LLC, BONY, MaplesFS Limited and Barclays, it is intended that the Fourth Amended and Restated Indenture, dated as of March 15, 2011 (the "GSAP Indenture"), which amends and restates the Third Amended and Restated Indenture, dated as of April 15, 2010 (as amended by Amendment No. 1 dated as of January 26, 2011), which amended and restated a Second Amended and Restated Indenture, dated as of March 6, 2008, which amended and restated a First Amended and Restated Indenture, dated as of March 18, 2005, which amended and restated an Indenture dated as of June 30, 2004 (the "Base Indenture"), among the GSAP Issuer, GMAC Mortgage, as an administrator and a servicer, Residential Funding, as an administrator and a servicer, and BONY, as indenture trustee, calculation agent and paying agent (the "GSAP Indenture Trustee"), as such Base Indenture was amended by the Series 2012-VF1 Indenture Supplement and Amendment No. 1, dated as of March 13, 2012, by and among the GSAP Issuer, GMAC Mortgage, Residential Funding, the GSAP Indenture Trustee and Barclays, as administrative agent, will be satisfied and discharged and certain ancillary agreements relating to the GSAP Indenture and the Base Indenture shall be terminated;

WHEREAS, pursuant to (a) a Payoff Letter (the "Payoff Letter") to be delivered by BMMZ Holdings LLC ("BMMZ") and acknowledged and agreed to by Residential Funding, GMAC Mortgage and ResCap and (b) certain notices (the "BMMZ Notices" and, together with the Payoff Letter, the "BMMZ Termination Agreements") delivered in connection therewith, Residential Funding and GMAC Mortgage will repurchase all mortgage loans sold by such party to BMMZ under the Master Repurchase Agreement (the "Repurchase Agreement") dated as of December 21, 2011 among Residential Funding, as seller, and GMAC Mortgage, as seller and servicer, ResCap, as guarantor and BMMZ as buyer, all obligations of Residential Funding and GMAC Mortgage under the Repurchase Agreement will be satisfied and certain ancillary agreements relating to the Repurchase Agreement shall be terminated;

WHEREAS, the Board has determined that it is in the best interests of GMAC Mortgage to enter into the GSAP Termination Agreements and the BMMZ Termination Agreements (the "Termination Agreements");

WHEREAS, in connection with entering into the Credit Agreement, the Credit Parties may negotiate, prepare, execute, deliver, acknowledge, attest and perform (or cause to be negotiated, prepared, executed, delivered, acknowledged, attested and performed) any applicable fee letters, engagement letters, commitment letters, promissory notes, guaranty agreements, collateral documents, pledge agreements, cash collateral and reimbursement agreements, deeds of trust, mortgages, control agreements, custodial agreements, other security agreements, assignments, endorsements and other instruments of transfer, intercreditor and/or subordination agreements, agency agreements, instruction letters, appointment and authorization agreements, payoff letters, financing statements, hedging agreements and other agreements, certificates, instruments and documents as may be contemplated by, related to or required in connection with the Credit Agreement or the transactions contemplated thereby (together with the Credit Agreement, Guaranty, the Receivables Purchase Agreement, Pooling Agreement and Mortgage Loan Purchase Agreement, the "Credit Documents");

WHEREAS, the Board has been presented with an Asset Purchase Agreement (the "NSM Asset Purchase Agreement"), among ResCap, Residential Funding, GMAC

Mortgage, Executive Trustee Services, LLC ("ETS LLC"), EPRE LLC ("EPRE"), ETS of Washington, Inc., ("ETS WA") and the additional sellers identified on Schedule A to the NSM Asset Purchase Agreement (together with ResCap, Residential Funding, GMAC Mortgage, ETS LLC, ETS WA and EPRE, the "Sellers"), and NationStar Mortgage LLC ("Purchaser"), pursuant to which the Sellers will sell certain of their assets to Purchaser and Purchaser will assume certain of the Sellers' Liabilities on the terms and conditions set forth in the NSM Asset Purchase Agreement (the "NSM Asset Sale");

**WHEREAS**, the Board has also been presented with a Deposit Escrow Agreement (the "Escrow Agreement"), among the Sellers, Purchaser and JPMorgan Chase Bank, NA as the Escrow Agent with respect to the Cash Deposit (as defined in the NSM Asset Purchase Agreement);

**WHEREAS**, the Board has also been presented with an Asset Purchase Agreement (the "AFI Asset Purchase Agreement," together with the NSM Asset Purchase Agreement and the Escrow Agreement, the "Asset Purchase Agreements"), between ResCap, Residential Funding and GMAC Mortgage, and BMMZ and Ally Financial Inc. ("AFI"), pursuant to which such Sellers will sell certain Whole Loans, Advances (each as defined in the AFI Asset Purchase Agreement) and other assets to BMMZ (the "AFI Asset Sale"), and AFI will guarantee the obligations of BMMZ thereunder;

**WHEREAS**, the Board has determined that it is in the best interests of GMAC Mortgage to pursue the NSM Asset Sale and the AFI Asset Sale and to enter into the Asset Purchase Agreements;

**WHEREAS**, the Board has had the opportunity to fully consider each of the strategic alternatives available to GMAC Mortgage; and

**WHEREAS**, after consideration of all factors and information the Board deemed relevant, the Board finds that (i) it is desirable for, fair to and in the best interests of GMAC Mortgage, its subsidiaries, creditors, stakeholders and other parties in interest, that GMAC Mortgage (i) file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in which the authority to operate as a debtor-in-possession will be sought (the "Chapter 11 Filing"), (ii) effect the Fortress Transaction as a Section 363 Sale, (iii) execute and deliver the Credit Agreement and the other Credit Documents, to the extent party thereto, and perform its obligations thereunder, including the provision of the Guaranty and granting of a security interest, (iv) transfer the Transferred Assets to GMACM Borrower on the terms and conditions set forth in the GMACM Transfer Agreements, (v) enter into the Termination Agreements, and (vi) enter into the Asset Purchase Agreements.

**NOW THEREFORE, BE IT RESOLVED** as follows:

## COMMENCEMENT OF BANKRUPTCY CASES

**RESOLVED**, that GMAC Mortgage is authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

RESOLVED, that each of the Authorized Officers of GMAC Mortgage (it being understood that, for the purposes of these resolutions, the "Authorized Officers" of GMAC Mortgage shall include, without limitation, the most senior officer of GMAC Mortgage and any other officer determined by the Chief Executive Officer or Chief Financial Officer of GMAC Mortgage to be an appropriate officer with respect to the action taken) is hereby authorized, empowered and directed, in the name and on behalf of GMAC Mortgage, to execute and verify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in such form and at such time as the Authorized Officer executing such petition on behalf of GMAC Mortgage shall determine;

RESOLVED, that in connection with the commencement of the Chapter 11 case by GMAC Mortgage, each Authorized Officer is authorized, in the name and on behalf of GMAC Mortgage, to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Authorized Officer considers appropriate to enable GMAC Mortgage to enter into one or more agreements to (i) guaranty the Obligations under the Credit Agreement, and (ii) utilize cash collateral on the terms and conditions such Authorized Officer or Authorized Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of GMAC Mortgage, subject to Bankruptcy Court approval;

RESOLVED, that each Authorized Officer is authorized and directed, in the name and on behalf of GMAC Mortgage, to cause GMAC Mortgage to enter into, execute, deliver, certify, file and/or record, negotiate, and perform (or direct others to do so on their behalf as provided herein), any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents, and in that connection to employ and retain legal counsel, accountants or other professionals, and to take such other actions, as in the judgment of such Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Filing contemplated hereby, with a view to the successful prosecution of such case, including any and all action necessary, proper or desirable in connection with obtaining the use of cash collateral or debtor-in-possession financing;

RESOLVED, that Tammy Hamzehpour is hereby appointed as Assistant Secretary of GMAC Mortgage;

RESOLVED, that the Board approves and endorses GMAC Mortgage taking any and all action, including authorizing a filing in the Bankruptcy Court, and to execute and deliver all documents, agreements, motions and pleadings as are necessary, proper, or desirable to enable GMAC Mortgage to carry out the filing in Bankruptcy Court contemplated hereby, pursuant to Sections 105, 363 and 365 of the Bankruptcy Code;

## SECTION 363 ASSET SALE AUTHORIZATION

RESOLVED, that the Authorized Officers, each acting alone or with one or more other Authorized Officers be, and they hereby are authorized, empowered and directed, to petition the

Bankruptcy Court to effect the Fortress Transaction through an auction process overseen by the Bankruptcy Court in a Section 363 Sale;

**RESOLVED**, that the Authorized Officers, each acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of GMAC Mortgage all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or advisable to effect the Fortress Transaction as a Section 363 Sale;

## DEBTOR-IN-POSSESSION FINANCING AUTHORIZATION

**RESOLVED**, that GMAC Mortgage is authorized to grant to the Collateral Agent and the Lenders security interests, pledges and encumbrances in and of certain property of GMAC Mortgage as provided in the Credit Agreement;

**RESOLVED**, that the form, terms and provisions of the Credit Agreement, including the Guaranty, together with all schedules and exhibits thereto, of which a draft was submitted to this Board, are advisable and fair to and in the best interests of GMAC Mortgage and are in all respects approved;

**RESOLVED**, that the Authorized Officers, each acting alone or with one or more Authorized Officers, may (i) negotiate, execute and deliver for and on behalf of GMAC Mortgage, the Credit Agreement and the other Credit Documents referred to therein to which GMAC Mortgage is a party, including the Collateral Documents (as defined in the Credit Agreement) to be delivered thereunder, in substantially the forms hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval, and (ii) negotiate, execute and deliver all other instruments, certificates, papers, agreements and other applicable Credit Documents which the Lenders, the Administrative Agent or the Collateral Agent may require in connection with the Credit Agreement in such form and of such content as any such Authorized Officer shall approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that any Authorized Officer is authorized to negotiate, execute and deliver, for and on behalf of GMAC Mortgage, any addendum to, amendment of, or other renewal or extension of the Credit Agreement, or any other Credit Documents at any time after the execution thereof, such addendum, amendment, renewal or extension to be in such form and of such content as shall be approved by the Authorized Officer who executes the same, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the execution, delivery and consummation of the transactions contemplated by the Credit Agreement, in substantially the form of and with terms and conditions as presented to the Board (with such changes or additions thereto as the Authorized Officer executing the same shall deem necessary, advisable or appropriate), and the other Credit Documents and all other instruments required or deemed necessary or desirable by any Authorized Officer in connection with the Credit Agreement and the performance by GMAC Mortgage of its obligations thereunder (including, without limitation, with respect to (i) the terms of the Guaranty and the granting of liens and security interests to be granted under the Credit

Documents and Orders and (ii) the payment of any fees and expenses associated therewith), be, and they hereby are, adopted, approved, authorized and ratified in all respects;

RESOLVED, that any Authorized Officer, or any other officer or employee of GMAC Mortgage authorized by an Authorized Officer in accordance with GMAC Mortgage's procedures, may pay any and all costs, expenses and fees, do and perform all acts and execute and deliver any further instrument, certificate or document in the name and on behalf of GMAC Mortgage in connection with the Credit Documents, as such Authorized Officer deems necessary or appropriate to carry out the purposes and intent of these resolutions, the execution thereof by such Authorized Officer of the Company to be conclusive evidence of such determination;

RESOLVED, that the authority given in these resolutions is retroactive and any and all acts authorized herein performed before the passage of these resolutions in connection with the Credit Documents are ratified and affirmed;

RESOLVED, that these resolutions shall continue in full force and effect until the Administrative Agent receives notice in writing of their revocation by a resolution duly adopted by the Board (provided that any such notice shall not affect the Credit Agreement and any other Credit Documents in effect at the time such notice is given or any outstanding borrowings and other extensions of credit from the Administrative Agent or the Lenders under the Credit Documents or otherwise);

RESOLVED, that the Credit Agreement, together with its schedules and exhibits, and any and all other Credit Documents referred to therein, submitted to this Board shall be filed by the Secretary or Assistant Secretary of GMAC Mortgage among the records of GMAC Mortgage;

## AUTHORIZATION OF CERTAIN ASSET TRANSFERS

RESOLVED, that GMAC Mortgage is authorized to (i) sell and assign the Transferred Receivables to GMACM Borrower as provided in the Pooling Agreement, and (ii) sell and contribute the Transferred Mortgage Loans to GMACM Borrower as provided in the Mortgage Loan Purchase Agreement;

RESOLVED, that the form, terms and provisions of the GMACM Transfer Agreements, together with all attachments thereto, of which a draft was submitted to this Board, are in all respects approved;

RESOLVED, that the Authorized Officers, each acting alone or with one or more Authorized Officers, may (i) negotiate, execute and deliver for and on behalf of GMAC Mortgage, the GMACM Transfer Agreements, in substantially the forms hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval, and (ii) negotiate, execute and deliver all other instruments, certificates, papers, agreements and other documents which may be required in connection with the GMACM Transfer Agreements in such form and of such content as any such Authorized Officer shall approve, such execution to be conclusive evidence of such approval;

Unanimous Written Consent of Board of GMAC Mortgage Company, LLC

ny-1040139

RESOLVED, that any Authorized Officer is authorized to negotiate, execute and deliver, for and on behalf of GMAC Mortgage, any addendum to, amendment of, or other renewal or extension of the GMACM Transfer Agreements at any time after the execution thereof, such addendum, amendment, renewal or extension to be in such form and of such content as shall be approved by the Authorized Officer who executes the same, such execution to be conclusive evidence of such approval;

RESOLVED, that any Authorized Officer, or any other officer or employee of GMAC Mortgage authorized by an Authorized Officer in accordance with GMAC Mortgage's procedures, may pay any and all costs, expenses and fees, do and perform all acts and execute and deliver any further instrument, certificate or document in the name and on behalf of GMAC Mortgage in connection with the GMACM Transfer Agreements, as such Authorized Officer deems necessary or appropriate to carry out the purposes and intent of these resolutions;

RESOLVED, that the authority given in these resolutions is retroactive and any and all acts authorized herein performed before the passage of these resolutions in connection with the GMACM Transfer Agreements are ratified and affirmed;

RESOLVED, that the GMACM Transfer Agreements, together with the attachments thereto, and any and all other documents referred to therein, submitted to GMAC Mortgage, shall be filed by the Secretary or Assistant Secretary of GMAC Mortgage among the records of GMAC Mortgage;

## AUTHORIZATION OF THE TERMINATION AGREEMENTS

RESOLVED, that the form, terms and provisions of the Termination Agreements, together with all attachments thereto, drafts of which were submitted to this Board, are in all respects approved;

RESOLVED, that the Authorized Officers, each acting alone or with one or more Authorized Officers, may (i) negotiate, execute and deliver for and on behalf of GMAC Mortgage, the Termination Agreements, in substantially the forms hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval, and (ii) negotiate, execute and deliver all other instruments, certificates, papers, agreements and other documents which may be required in connection with the Termination Agreements in such form and of such content as any such Authorized Officer shall approve, such execution to be conclusive evidence of such approval;

RESOLVED, that any Authorized Officer, or any other officer or employee of GMAC Mortgage authorized by an Authorized Officer in accordance with GMAC Mortgage's procedures, may pay any and all costs, expenses and fees, do and perform all acts and execute and deliver any further instrument, certificate or document in the name and on behalf of GMAC Mortgage in connection with the Termination Agreements, as such Authorized Officer deems necessary or appropriate to carry out the purposes and intent of these resolutions;

RESOLVED, that the authority given in these resolutions is retroactive and any and all acts authorized herein performed before the passage of these resolutions in connection with the Termination Agreements are ratified and affirmed;

RESOLVED, that the Termination Agreements, together with the attachments thereto, and any and all other documents referred to therein, submitted to GMAC Mortgage, shall be filed by the Secretary or Assistant Secretary of GMAC Mortgage among the records of GMAC Mortgage;

## AUTHORIZATION OF THE ASSET PURCHASE AGREEMENTS

RESOLVED, that the form, terms and provisions of the Asset Purchase Agreements, drafts of which were submitted to the Board, are in all respects authorized and approved;

RESOLVED, that the Authorized Officers are authorized to enter into, execute and deliver the Asset Purchase Agreements on behalf of GMAC Mortgage, and any other agreement, instrument, document, or certificate required pursuant to any or necessary or desirable to effect the purposes of the Asset Purchase Agreements (together with the Asset Purchase Agreements, the "Transaction Documents"), together with such changes therein as the Authorized Officer executing the same shall deem necessary, desirable or appropriate, such execution to be conclusive evidence of such necessity, desirability or appropriateness, and to take such other actions as may be required to be taken by GMAC Mortgage;

RESOLVED, that any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified and confirmed as the acts and deeds of the Company;

RESOLVED, that each of the Authorized Officers is authorized and directed to execute and deliver any and all agreements, instruments and other documents and to take such other actions as they deem necessary, desirable, or appropriate to carry out the purposes and intent of the foregoing resolutions;

RESOLVED, that the Assistant Secretary is authorized to prepare and to certify as a resolution of GMAC Mortgage such additional resolutions as such Authorized Officer, acting upon advice of counsel to GMAC Mortgage, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions;

## GENERAL AUTHORIZATION AND RATIFICATION

RESOLVED, that each Authorized Officer is authorized and directed, consistent with these Resolutions and with the advice of counsel to GMAC Mortgage: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection

therewith, and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby;

**RESOLVED**, that any Authorized Officer be, and each of them individually is, empowered, authorized and directed, for and on behalf of GMAC Mortgage, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, investment banking firm or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, investment banking firm or other such consultants, advisers and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefore and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken;

**RESOLVED**, that any person dealing with any Authorized Officer or Authorized Officers in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of GMAC Mortgage enforceable in accordance with its terms;

## RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES

**RESOLVED**, that the law firm of Morrison & Foerster LLP is employed as attorneys for GMAC Mortgage under a general retainer in the Chapter 11 case, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of FTI Consulting Inc. is employed to provide financial advisory services to GMAC Mortgage, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of Centerview Partners LLC is employed to provide investment banking services to GMAC Mortgage, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLP is employed as claims and noticing agent to GMAC Mortgage, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP is employed as conflicts counsel for GMAC Mortgage in GMAC Mortgage's Chapter 11 cases, subject to the approval of the Bankruptcy Court;

RESOLVED, that the firm of Rubenstein Associates, Inc. is employed as public relations consultants to GMAC Mortgage in GMAC Mortgage's Chapter 11 case, subject to the approval of the Bankruptcy Court;

RESOLVED, that any Authorized Officer is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with GMAC Mortgage 's Chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED, that all actions taken by the Authorized Officers, or any of them, prior to the date of the foregoing Resolutions adopted by consent and within the authority conferred, are ratified, confirmed, and approved in all respects as the act and deed of GMAC Mortgage.

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of GMAC Mortgage, execute this written consent, adopt the above recitals and resolutions, and direct a fully signed copy of this Action by Unanimous Written Consent of the Board of Directors to be filed with the minutes of proceedings of the Board of Directors of GMAC Mortgage.

This Action by Unanimous Written Consent of the Board of Directors may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same Action by Unanimous Written Consent of the Board of Directors of GMAC Mortgage.

Dated:  May 13, 2012                     /s/ James Whitlinger
                                         James Whitlinger


Dated:  May 13, 2012                     /s/ Joseph A. Pensabene
                                         Joseph A. Pensabene


Dated:  May 13, 2012                     /s/ Steven M. Abreu
                                         Steven M. Abreu

# Exhibit B

**A. Settlement Statement**

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ Conv. Unins. | 6. File Number: | 7. Loan Number: CHL127962209 | 8. Mortgage Insurance Case Number: |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: ROBERT M. WINNER 1225 RESERVOIR ROAD CHESHIRE, CONNECTICUT 06410 | E. Name & Address of Seller: | F. Name & Address of Lender: YOUR-BEST-RATE FINANCIAL, L.L.C. 5909 PEACHTREE DUNWOODY RD. STE. 710, ATLANTA, GEORGIA 30328 |

*(2006)* *(handwritten)*

| G. Property Location: 1225 RESERVOIR ROAD CHESHIRE, CONNECTICUT 06410 | H. Settlement Agent: GENERAL AMERICAN CORPORATION |
| | Place of Settlement: 300 GULF TOWER, 707 GRANT STREET PITTSBURGH, PA 15219 | I. Settlement Date: 05/13/2006 DISBURSEMENT: 05/18/2006 |

*PAYOFF GMAC (handwritten)*

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,581.76 | 403. | |
| 104. SEE ATTACHED ADDENDUM TO HUD-1 | 560,343.02 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 564,924.78 | 420. Gross Amount Due To Seller | .00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 597,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Second mortgage loan | | 504. Payoff of first mortgage loan | |
| | | Principal Balance $ | |
| | | Interest Adjustment $ | |
| | | Reserves ☐ Credit ☐ Deficit $ | |
| 205. | | 505. Payoff of second mortgage loan | |
| | | Principal Balance $ | |
| | | Interest Adjustment $ | |
| 206. | | 506. Second mortgage loan to Borrower | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 597,000.00 | 520. Total Reduction Amount Due Seller | .00 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 564,924.78 | 601. Gross amount due to seller (line 420) | .00 |
| 302. Less amounts paid by/for borrower (line 220) | 597,000.00 | 602. Less reductions in amt. due seller (line 520) | .00 |
| 303. Cash ☐ From ☒ To Borrower | 32,075.22 | 603. Cash ☐ To ☐ From Seller | |

form HUD-1 (3/86)
ref. Handbook 4305.2
Previous editions are obsolete

Page 1 of 2

DocMagic Forms 800-649-1362
www.docmagic.com

**L.  Settlement Charges**

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. | Total Sales/Broker's Commission based on price $            @        %  = | | |
| | Division of Commission (line 700) as follows: | | |
| 701. | $                                    to | | |
| 702. | $                                    to | | |
| 703. | Commission paid at Settlement | | |
| 704. | | | |
| 800. | Items Payable in Connection With Loan | | |
| 801. | Loan Origination Fee | | |
| 802. | Loan Discount | | |
| 803. | Appraisal Fee | | |
| 804. | Credit Report | | |
| 805. | Lender's Inspection Fee | | |
| 806. | Mortgage Insurance Application Fee | | |
| 807. | Assumption Fee | | |
| 808. | COMMITMENT FEE  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. 175.00 ECC/B | | |
| 809. | TAX SERVICE FEE  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 100.00 | |
| 810. | FLOOD L.O.L. COVERAGE  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 20.00 | |
| 811. | UNDERWRITING FEE  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 335.00 | |
| 812. | CLOSING DOC PREP  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 375.00 | |
| 813. | POST CLOSING SERVICE  to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 350.00 | |
| 814. | TAPA/APPRAISAL REVIEW   to:  YOUR-BEST-RATE FINANCIAL, L.L.C. | 125.00 | |
| 815. | | | |
| 816. | | | |
| 817. | | | |
| 900. | Items Required By Lender To Be Paid In Advance | | |
| 901. | Interest from  05/18/06      to 06/01/06        @ $  20.4452 /day | 286.23 | |
| 902. | Mortgage Insurance Premium for      months to | | |
| 903. | Hazard Insurance Premium for      years to | | |
| 904. | | | |
| 905. | | | |
| 1000. | Reserves Deposited With Lender | | |
| 1001. | Hazard Insurance        9 months @ $        112.83  per month | 1,015.47 | |
| 1002. | Mortgage Insurance        months @ $            per month | | |
| 1003. | City property taxes        months @ $            per month | | |
| 1004. | County property taxes      0 months @ $        157.41  per month | .00 | |
| 1005. | Annual assessments        months @ $            per month | | |
| 1006. |                            months @ $            per month | | |
| 1007. |                            months @ $            per month | | |
| 1008. |                            months @ $            per month | | |
| 1009. | Aggregate Adjustment | -68.19 | |
| 1100. | Title Charges | | |
| 1101. | Settlement or closing fee   to:  GENERAL AMERICAN CORPORATION | 500.00 | |
| 1102. | Abstract or title search    to:  GENERAL AMERICAN CORPORATION | 200.00 | |
| 1103. | Title examination | | |
| 1104. | Title insurance binder | | |
| 1105. | Document preparation | | |
| 1106. | Notary fees | | |
| 1107. | Attorney's fees | | |
| | (includes above items numbers: | ) | |
| 1108. | Title Insurance  to:  GENERAL AMERICAN CORPORATION | 1,118.25 | |
| | (includes above items numbers: | ) | |
| 1109. | Lender's coverage        $ | | |
| 1110. | Owner's coverage        $ | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| 1200. | Government Recording and Transfer Charges | | |
| 1201. | Recording fees:    Deed $        ; Mortgage $        ; Releases $ | 225.00 | |
| 1202. | City/county tax/stamps    Deed $        ; Mortgage $ | | |
| 1203. | State tax/stamps        Deed $        ; Mortgage $ | | |
| 1204. | | | |
| 1205. | | | |
| 1300. | Additional Settlement Charges | | |
| 1301. | Survey | | |
| 1302. | Pest Inspection | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1400. | Total Settlement Charges (enter on lines 103, Section J and 502, Section K)      ** | 4,581.76 | |

**SEE ATTACHED ADDENDUM TO HUD-1
form HUD-1 (3/86)
ref. Handbook 4305.2
Previous editions are obsolete                              Page 2 of 2**

DocMagic *Proetrs* 800-649-1362
www.docmagic.com

# ADDENDUM TO HUD-1

Loan Number: CHL127962209

File Number:

Borrower: ROBERT M. WINNER

| | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| PAYOFFS | | |
| PAYOFF: GMAC | 541,349.76 | |
| PAYOFF: FIRST 1/2 TAXES | 944.48 | |
| PAYOFF: HSBC | 10,528.70 | |
| PAYOFF: HSBC | 4,453.55 | |
| PAYOFF: GMAC | 1,584.12 | |
| PAYOFF: CAPITAL 1 | 932.87 | |
| PAYOFF: EIER 1 | 549.54 | |
| ADDENDUM PAYOFF TOTAL | 560,343.02 | |

Signature ROBERT M. WINNER        Date 5/13/06

Signature Gary M Winner        Date 5/13/06

Signature        Date

Signature        Date

Signature        Date

Signature        Date

ADDENDUM TO HUD-1        Page 1
05/10/04

DocMagic eXpress 800-649-1362
www.docmagic.com

Mark D. Shifton, Esq. (MS8233)
**SEIGER GFELLER LAURIE LLP**
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
(609) 375-2602
(609) 751-9902 (fax)
*Attorneys for Petitioners*
*Jian Wang and Yung Fen*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In Re GMAC Mortgage, LLC                    Chapter 11

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    Case No.: 12-12020 (MG)

JIAN WANG and YUNG FEN
1225 RESERVOIR ROAD
CHESHIRE, CONNECTICUT 06410

                    Plaintiffs,

        vs.

GMAC MORTGAGE, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2017, copies of the foregoing Notice of Motion for

Order for Relief from Automatic Bankruptcy Stay, Affidavit of Mark D. Shifton, Esq. in Support

of Motion for Order for Relief from Automatic Bankruptcy Stay, and Proposed Order for Relief

was filed electronically and served by mail upon all unrepresented parties and/or anyone unable

to accept the electronic filing. Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.

Dated:  Princeton, New Jersey
            September 18, 2017

                                        **SEIGER GFELLER LAURIE LLP**


                                        By: _____
                                                Mark D. Shifton, Esq. (MS8233)
                                        *Attorneys for Petitioners*
                                        *Jian Wang and Yun Feng*
                                        100 Overlook Center
                                        Second Floor
                                        Princeton, New Jersey 08540
                                        (609) 375-2602
                                        mshifton@sgllawgroup.com

Mark D. Shifton, Esq. (MS8233)
**SEIGER GFELLER LAURIE LLP**
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
(609) 375-2602
(609) 751-9902 (fax)
*Attorneys for Petitioners*
*Jian Wang and Yung Fen*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In Re GMAC Mortgage, LLC                    Chapter 11

                    Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    Case No.: 12-12020 (MG)

JIAN WANG and YUNG FEN
1225 RESERVOIR ROAD
CHESHIRE, CONNECTICUT 06410

                    Plaintiffs,

          vs.

GMAC MORTGAGE, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**<u>ORDER FOR RELIEF</u>**

Upon consideration of the Motion filed on September 22, 2017 by Petitioners Jian Wang

and Yung Fen, against the above-named debtor, seeking an Order for Relief from Automatic

Bankruptcy Stay, relief from the stay pursuant to 11 U.S.C. § 362 is hereby granted.


Dated:                                    _____

                                                   **Hon. Martin Glenn**
                                          **United States Bankruptcy Judge**