RECEIVED

RECEIVED

2017 NOV 13  PM 4: 53

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK,
(at Manhattan)

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, )<br>In Re: GMAC, Mortgage Co., et al, )<br>Debtors ) | Case No. 12-bk-12020 (MG)<br>Chapter___ Ch.11, "Joint Administration" |
| ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., )<br>Yvonne D. Lewis, et al., )<br>Plaintiffs/ Surplus Creditors, )<br>Vs. ) | Adversary Case No.: 1:12-01731<br>(Related Case No.1:12-cv-361, USDC, DC.;<br>No.2:06-cv-312, SDO; No.2:93-cv-389, SDO; |
| ) | No.2:00-cv-577, SDO; No. 05-CV-4555, |
| GMAC, Mortgage Co., et al, ) | No.2:09-cv-179, SDO; No.2:08-cv-16, SDO |
| ) | (Related Case No.96-cv-47, USDC, S.D.,OH.) |
| Defendants/ Bankrupt Debtor, ) | (96-AP-326 and 04-AP-469, COA10th Dist., OH.) |

**MOTION TO REOPEN ALL CLOSED AND RELATED U.S. BANKRUPTCY & U.S.
MULTI-DISTRICT COURT CASES FILED BETWEEN MARCH 31, 1994 TO NOV. 13,
2017; GROUNDED ON RELATED FINAL FEDERAL JUDGMENT, EQUITABLE AND
PERM. INJ. ORDERS FILED MARCH 16, 1995.**

And;

**REQUEST TO BE EXCLUDED FROM BR. CH. 7, "NO ASSET" CLASS ACTION**

And;

**MOTIONS TO TRANSFER ALL RELATED USBRC & MULTI-USDC CASES TO
CASE NO. 93-CV-389 USDC, S.D., OHIO, E. DIV. (DOC. 146); GROUNDED ON
RETAINED JURISDICTION BY PERM. INJ. & ALL WRITS ACT (28 USC § 1651).**

And;

**MOTION TO STRIKE FALSE NOTICE OF VEXATIOUS LITIGATOR SANCTIONS IN
CORE CASE NO. 12-BK-12020 S.D.N.Y. FILED OCT. 4, 2012 (DOC. 1719 AT EX. 6);
GROUNDED ON RETAINED JURISDICTION OF FRAUD SCHEME BY PERM. INJ.
ORDER FILED MARCH 16, 1995, IN CASE NO. 93-CV-389 S.D.O. (DOC. 146).**

IN THE COURT OF APPEALS FOR THE TENTH DISTRICT,
FRANKLIN COUNTY, OHIO

LEWIS, Aplt. vs. ORS/CNA et al., Apll.     Docket No. 04-AP-1135,
*(In Re: Vacy O. Webb Living Trust, Apll.)*     at CNA's AFFIDAVIT filed DEC. 29, 2003;

LEWIS, Aplt. vs. ORS/CNA, et al., Apll.     Docket No. 04-AP-1347,
*(In Re: Vacy O. Webb Living Trust, Apll.)*     at MOTION filed JAN. 27, 2005;

AMOUR, et al., Aplt. vs. HODGE, Apll.          Docket No. **94-AP-1165,**
*(In Re: Travelers Ins. Co., Aplt.)*               at JOURNAL ENTRY filed DEC. 24, 2003;

LEWIS, Aplt. vs. ORS/CNA, et al., Apll.        Docket No. **05-AP-1095,**
*(In Re: Vacy O. Webb Living Trust, Apll.)*      at JE. (BR. Stay) filed NOV. 21, 2005;

LEWIS, Aplt. vs. J.E. Wiggins et al., Apll.     Docket No. **04-AP-469**[1],
*(In Re: Hunting Nat'l. Bank, Apll.)*            at JE. (26 USC §7206) filed DEC. 14, 2004;

  LEWIS, Aplt. vs. ORS/CNA, et al., Apll.      Docket No. **05-AP-1006,**
*(In Re: Vacy O. Webb Living Trust, Apll.)*      at RECORD filed Oct. 03, 2005;

Maria AMOUR, Aplt. vs. DSI, Apll.             Docket No. **94-AP-1009,**
*(In Re: Dublin Securities Inc., Apll.)*          at *Hodge's* APPEARANCE filed 7/11/97.

LEWIS, Aplt. vs. American Equity, Apll..       Docket No. **13-AP-223**, **[11CV-12667 AIM]**
*(In Re: Travelers Ins. Co., Apll.)*             at *Participation Agrnmt.* filed 06/09/1998.

<u>CONSOLIDATED CASES BY OPERATION OF FEDERAL SECURITIES LAWS</u>
[17 CFR §§ 240.10b-5, 270.17g-1(g), 270.27d-1(a)(1), 270.38a-1(e)(1); 28 USC §§ 1651, 1334]

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO;
EASTERN DIVISION (at Columbus)

| | |
|---|---|
| **UNITED STATES of America, Ex Rel.,** ) | ACTION No.: <u>2:93-cv-389</u> |
| Securities Exchange Commission (SEC); ) | (Related Case: 2:96cv-47; 2:00cv-577; 2:06cv-312; |
| (FAA/IRS/U.S. EPA/DOL/ and DOJ) ) | 2:08-cv-75; 2:09-cv-179; Related BR Cases: 2:93 |
| (Plaintiffs/Relator) ) | -bk-55053 (consolidated cases); 2:96-bk-56040; |
| ) | 2:05-bk-75111; 2:07-bk-57237; 2:11-bk-60903) |
| VS. ) | |
| ) | JUDGE: <u>SMITH, GEORGE C.</u> |
| MIDWEST (Robert HODGE, Larry REITZ) ) | (Mag. Judge: Mark R. ABEL, Broker/ Def.) |
| & HUNTINGTON NAT'L BANK), et al. ) | |
| (Defendants/Respondents) ) | <u>COMPLAINT IN QUO WARRANTO</u> |

| | |
|---|---|
| **UNITED STATES of America, Ex Rel.,** ) | |
| On behalf of S.E.C.;D.O.T.; C.F.P.B.; FTC; ) | ACTION NO. <u>2:09-cv-00179</u> |
| H.U.D.; I.R.S.; and the U.S. DOJ, et al., ) | |
| Plaintiffs/Intervenors/Ex. Relators, ) | (related Dist. Ct. Case No. 2:93-cv-389) |
| And ) | (Related Nos.C2-8-75; 08-cv-1042, McClatchey) |
| ) | (Related Nos. C2-8-944;10-cv-330, KBHR/HNB) |
| Sidney T. Lewis, et al., ) | (Related Nos.2:96-cv-47; 98-cv-647, Hodge/Hurd) |
| Plaintiffs/Qui Tam Relators, ) | (Related Nos.2:96-cv-494; 00-cv-577 Bryk/Abels) |

---
[1] (<u>EXPLAINED BY</u>: Snell, Infra, Id., U.S. Dist. LEXIS 126367, citing **2004 WL 2895960**);

Vs.                                                ) Related BR Cases 2:93-bk-55053 (consolidated);
                                                   ) 2:96-bk-56040; 2:05-bk-75111; 2:07-bk-57237;
North American Specialty Ins. Co. (NAS),           ) 2:06-cv-312; 08-cv-16; 2:10-cv-330 [11-cr-1185];
  In Re: Larry J. McClatchey-Trustee, et al.,      )
(In Re: Myron N. Terlecky-Trustee, et al.,)        )       JUDGE: ALGENON MARBLEY
(In Re: Clyde Hardesty-Trustee, et al.,)           ) Magistrate Judge: **Mark R. ABEL**
                                                   )
          and                                      )
                                                   )
                                                   )
In Re: Travelers Ins. Co. (Indispensible Prty))    AIDER & ABETTOR, RULE 10b-5 VIOLATION;
[Interpleader of SEC RULE 17g-Claims]              ) ("Related Party" Def./Broker: **Mark R. ABEL**)
          Defendants/Respondents.                  ) ("Rel. Prty" Custodian: **Huntington** Nat'l Bank).


UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO;
EASTERN DIVISION (at Columbus)

COLUMBUS, CITY OF                          )       Civil Action No.: 2:07-cv-287
    (Plaintiff/ Counter-Defendants)        ) (Related Case: 08-cv-75; 08-cv-172; 10-cv-330);
                                           )(Removed Nos.: 07-EVH-60047; 01-EVH-60329)
VS.                                        )
                                           )
HARRIETT MANN, et al.                      )       JUDGE: HOLSCHUH
    (Defendants/ Counter-Plaintiffs)       ) Magistrate Judge:  King


United States of AMERICA, Ex. Rel.,        )       Civil Case No. 2:96-cv-47 [2:96-cv-48]
Myron N. TERLECKY, Ch.7 Trustee, et al.,   ) (Related BR Cases 2:93-bk-55053;2:05-bk-75111;
(In Re: **Dublin Securities Inc.**, DSI)   ) 2:07-bk-57237; 96-bk-56040; 2:96-adv.-2360);
          Plaintiffs,                      ) (Related Case Nos.2:08-cv-1042; 2:96-cv-494;
Vs.                                        ) 2:06-cv-312; 2:08-cv-75; 08-cv-1040; 08-cv-736)
                                           )
Dwight I. **HURD**, et al., of the Kegler firm, ) JUDGE: GEORGE C. SMITH
(In Re: Kegler, Brown, Hill & Ritter, L.P.A.) ) Magistrate Judge: Mark R. ABEL
          Defendants.                      )

Sidney T. Lewis, et al.,                   )       Action No. 2:08-cv-1040 [2:10-cv-330]
          Plaintiffs,                      ) (Related Cases 2:08-cv-73; 2:93-cv-389; 2:09-
Vs.                                        ) cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944; 2:06-
                                           ) cv-312; 08-cv-1040; 08-cv-736; 2:07-bk-57237)
James Johnston, et al.,                    )
    (Aider and Abettor; 18 USC §§ 2, 1956) )       JUDGE: HOLSCHUH
          Defendants.                      ) Magistrate Judge: TERENCE P KEMP

United States of AMERICA, et al.,          ) Cv. Forfeiture Case No. 2:10-cv-330 [11-cr-1185]

Plaintiffs,                             ) (Related BR Cases 2:93-bk-55053/ 07-bk-57237;
Vs.                                     )   2:96-ap-2360/ 05-bk-75111 (Related Case Nos.
                                        )   2:08-cv-1042; 2:93-cv-389; 96-cv-47; 96-cv-494;
James Johnston, et al., (In Re: Countrywide) )   2:06-cv-312; 08-cv-75; 08-cv-1040; 08-cv-736)
(Aider &Abet;18 USC § 2) (15 USC §78ff) )       JUDGE: SARGUS
Defendants.                             )       Magistrate Judge: ABEL

UNITED STATES of America, Ex Rel.,      )
Sidney T. LEWIS, et al.,                )
Plaintiffs                              )       Action No. 2:08-cv-1042
Vs.                                     )   (Related Case Nos. 2:08-cv-16; 2:96-cv-494;
                                        )   2:09-cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944;
Larry MCCLATCHEY, et al., of the        )   2:06-cv-312; 08-cv-1042; 08-cv-736; 2:00-cv577;
Kegler, Brown, Hill & Ritter Lawfirm    )   2:96-cv-47; 96-cv-494; 2:10-cv-330 [11cr-1185])
Defendants.                             )       JUDGE: HOLSCHUH
                                        )       Magistrate Judge: KING


**UNITED STATES of America, Ex Rel.,** )       Civil Action No.: 2:06-cv-312[2]
GMAC Mortgage Corp. as Mrtg. Assignee; )   (Related Actions: 2:93-cv-389; 2:00-cv-577)
HUNTINGTON NAT'L BANK as Assignor,)       (Related BR Cases, No. 2:93-bk-55053;
(Plaintiffs/Respondent)                 )   No. 2:05-bk-75111; No. 2:07-bk-57237)
VS.                                     ) (Removed Nos.: 05-CV-4555; 96-CV-2369, Kohl);
                                        )
Yvonne D. Lewis, et al.                 )
(Defendants/Relator)                    )       JUDGE: WATSON
                                        )       Magistrate Judge: Mark R. ABEL, Broker
                                        )


Myron N. TERLECKY (Ch. 7 panel trustee) )       Civil Action Nos. 2:00-cv-577 [2:10-cv-330]
(Plaintiffs/Appellee)                   )   (Related Actions: 2:93-cv-389; 2:96-cv-47)
                                        )   (Related Actions: 2:06-cv-312; 2:09-cv-179)
                                        ) (Related BR Cases, No. 2:93-bk-55053;
                                        )   No. 2:05-bk-75111; No. 2:07-bk-57237)
VS.                                     )
                                        )       JUDGE: SARGUS, EDMUND A.
Mark R. **ABEL**, et al. (15 USC §§ 78j, 78ff) )
(Defendants/Appellants)                 )


Sidney T. LEWIS, et al.,                )       Action No. 2:08-cv-0074 (SEC 10b-5 Violation)
Plaintiffs,                             )   (related Dist. Ct. Case No. 2:00-cv-577, Ponzi)

---

[2] (See: **Jordon v. Gilligan, 500 F.2d 701, pp.710 (6th Cir. Ohio 1974)** citing, Lubben v. Selective Service System, 453 F.2d 645, pp. 649 (1st Cir. 1972))("A party cannot be precluded from raising the issue of voidness in a direct or collateral attack because of the failure to object prior to, or at the time of, entry of the judgment");

Vs.                                    )
                                       )
Michael HOLBROOK,                      )          JUDGE: GRAHAM
       Defendants.                     )     Magistrate Judge: KING
                                       )


Sidney T. LEWIS, et al.,               )     Action No. 2:08-cv-0075 (SEC 10b-5 Violation)
       Plaintiffs,                     )     (related Dist. Ct. Case No. 2:00-cv-577, Ponzi)
Vs.                                    )
                                       )
Larry MCCLATCHEY, et al.,              )            JUDGE: MARBLEY
       Defendants.                     )     Magistrate Judge: ABEL
                                       )


Valencia Daniels (i.e., New Black Panthers); )     Action No. 2:08-cv-0016
Sidney T. LEWIS, et al.;                )     (Related Case Nos. 2:00-cv-577; 2:09-cv-944;
       Plaintiffs                      )         2:93-cv-389, at Doc. 15; 2:05-cv-844 Doc. 7)
Vs.                                    )
                                       )
                                       )     JUDGE: Algenon MARBLEY
State of Ohio (Dept. of Commerce); and, )
The Huntington National Bank (HNB), et al. )
       Defendants.                     )     Magistrate Judge: Mark R. ABEL
                                       )


John P. Bryk (Securities Fraud Claimant) )     Civil Action No.: 2:96-cv-494
       (Plaintiffs/Relator)            )     (Related Actions: 2:96-cv-47; 2:00-cv-577)
                                       ) (Related BR Nos. 2:93-bk-55053; 2:96-bk-56040;
                                       )     2:05-bk-75111; 2:07-bk-57237; 2:93-bk-55054)
VS.                                    )
                                       )     JUDGE: KINNEARY, JOSEPH P.
Dwight I. HURD (in Re: Dublin Securities) ) Magistrate Judge: Mark R. ABEL
       (Defendants/Respondent).        )


(Related Dist. Ct. Case Nos: [§10b-5, Act of 1934] )
No. C2:93-cv-389, SDO; No. C2: 96-cv-47, SDO )
No. C2: 96-cv-494, SDO; No. C2:98-cv-647, SDO )
No. C2:00-cv-577, SDO; No. C3:01cv-259, WDKY)
No. C6:01cv-1236,MDFL; No. C2:05-cv-644, SDO)
No. C2:05-cv-844, SDO; No. C2:06-cv-299, SDO )
No. C2:06-cv-312, SDO; No. C2:06-cv-467, SDO )
No. C2:07-cv-005, SDO; No. C2:07-cv-287, SDO )
No. C2:08-cv-016, SDO; No. C2:08-cv-73, SDO )
No. C2:08-cv-074, SDO; No. C2:08-cv-075, SDO )
No. C2:08-cv-172, SDO; No. 02:08-cv-736, SDO )

No. C2:08cv-1040, SDO; No. C2:08cv-1042, SDO )
No. C2:09-cv-179, SDO; No. C2:09-cv-238, SDO )
No. C2:09-cv-936, SDO; No. C2:09-cv-944, SDO )
No. C2:10-cv-330, SDO[2:11-cr-1185, SDO, Cols.])
                                                )
(Related CA. Dist. Ct. Case Nos:         )
No. 05-cv-1070, C.D.; No. 05-cv-1073, C.D. )
No. 05-cv-7821, C.D.; No. 06-cv-0392, C.D. )
No. 06-cv-5060, C.D.);                      )
                                                )
(Related COA6th Cir. Ct. Case Nos:     )
NO. 96AP-3725; NO. 96AP-3727; NO.99AP-3337)
NO. 99AP-3344; NO. 05AP-4047; NO.07AP-4224 )
NO. 08AP-3357; NO. 08AP-4554; NO.08AP-4459 )
NO. 09AP-3804; NO. 10AP-67;            )
                                                )
(Related OH. Bankr. Ct. Case Nos:      )
No. 2:93-bk-55053,SDO; No.2:96-bk-56040, SDO )
No. 2:05-bk-75111,SDO; No.2:07-bk-57237, SDO )
No. 2:11-bk-60903, SDO;          )

### U. S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

| | |
|---|---|
| In Re: Dublin Securities, Inc.,(Consolidated)) | Case No. 2:93-bk-55053 |
|   ) | (Ch.7 ) |
| Debtor(s)     ) | (Related Bankr Case No. 2:07-bk-57237; |
|   ) | (Related Dist. Ct. Case No. 2:93-cv-389,SDO) |
|   ) | (Related Dist. Ct. Case No. 2:12-cv-361,SDO) |
|   ) | (Related Adv. Pro. 96-av-2359, 96-av-2360.) |
|   ) | JUDGE: Sellers, Barbara |

| | |
|---|---|
| In Re: Robert D. HODGE, Inc.,(DSI)  ) | Case No. 2:96-bk-56040 |
|   ) | (Ch.7 ) |
| Debtor(s)     ) | (Related Bankr Case No. 2:93-bk-55053) |
|   ) | (Related Case Nos. 2:93-cv-389 & 2:96-cv-47) |
|   ) | (Related Adv. No. 96-av-0564; No. 96-av-2360.) |
|   ) | JUDGE: Calhoun, Donald E., Jr. |

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se,  ) | Case No. 2:07-bk-57237 |
|   ) | (Ch.7 ) |
| Debtor     ) | (Related Nos. 2:05-bk-75111; No.2:96-bk-56040) |
|   ) | (Related Case No.1:12-cv-361, USDC, D.C.) |
|   ) | (Related Case No.1:12-cv-363, USDC, D.C.) |

Social Security No.: xxx-xx-5959  ) JUDGE: HOFFMAN, JOHN, Jr.

In Re: Yvonne D. Lewis,    ) Case No. 2:05-bk-75111
           )  (Ch.7 )
Debtor        ) (Related Nos. 2:05-bk-75111; No.2:96-bk-56040)
           ) (Related BR Case No. 12-bk-12020, S.D., N.Y.)
Social Security No.: xxx-xx-2390 ) (Related BR Case No. 12-bk-12020, S.D., N.Y.)
           ) JUDGE: HOFFMAN, JOHN, Jr.

In Re: Estate of Bettie Jean Hamilton, ) Case No. 2:11-bk-60903
           )  (Ch.7 )
Debtor        ) (Related Case No. 2:93-bk-55053)
           ) (Related BR Case No. 12-bk-12020, S.D., N.Y.)
Social Security No.: xxx-xx-7290 ) JUDGE: HOFFMAN, JOHN, Jr.


## U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; SOUTHERN DIVISION

WHITE, et al       ) Case No. 05-cv-1070 DOC (MLGx)
vs.         ) Judge: David Carter
EXPERIAN INFORMATION  )
SOLUTIONS, INC., et al.   ) $45 MILLION DOLLAR SETTLEMENT
(Related C.A. Dist. Ct. Case Nos: ) OF NATIONAL CLASS ACTION
Case #05-cv-1073, DOC (MLGx) )
Case #05-cv-7821, DOC (MLGx) ) (Related Case No. 2:93-cv-389USDC, S.D.,
Case #06-cv-0392, DOC (MLGx) ) Ohio, E. Div., at Doc. 146, Perm. Inj. Order)
Case #06-cv-5060, DOC (MLGx) ) (Related No. 2:09-cv-179, SDO, at Doc. 3);


## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (at Manhattan)

UNITED STATES OF AMERICA, ex rel, ) Case No.: 1:13-cv-8147
Sidney T. LEWIS, et al.,    ) Related Case No. 1:12-cv-1422, S.D., N.Y.;
appearing QUI TAM,     ) Related Case No. 2:93-cv-389, USDC, S.D.,OH;
   Petitioner(s)/Relator(s),  ) Related Case No. 2:10-cv-330, USDC, S.D.,OH.;
Vs.         )
         ) JUDGE: RAKOFF
GMAC Mortgage Corporation, LLC, et al, )
  Defendants/Respondent(s).  ) Related Case No.: 4:10-cv-87, USDC, S.D., IA..


UNITED STATES OF AMERICA, ex rel, ) Case No.: 12-cv-1422

Edward O'DONNELL, et al.,                    ) Related Case No.: 4:10-cv-87, USDC, S.D., IA.,
appearing QUI TAM,                           ) Related Case Nos. 2:93-cv-389; No. 2:10-cv-330;
      Plaintiff /Relator,          ) No. 2:09-cv-179, USDC, S.D.,OH;
Vs.                                          )
                                             )  JUDGE: <u>RAKOFF</u>
                                             )
BANK OF AMERICA CORP.., et al,               )
   Defendants.                              ) (Related Case No. 1:13-cv-8147, S.D., N.Y..)


UNITED STATES OF AMERICA BEFORE THE
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.
FEDERAL DEPOSIT INSURANCE CORPORATION WASHINGTON, D.C.

In the Matter of                    )          FRB Docket No. 11-020-B-HC
ALLY FINANCIAL INC.                 )                         11-020-B-DEO
Detroit, Michigan                   )
                                    )          FDIC-11-123b
                                    )
ALLY BANK                           )
Midvale, Utah                       )
                                    )
                                    )
RESIDENTIAL CAPITAL, LLC            ) (Related Case No.<u>1:12-cv-361, USDC, DC.</u>);
Minneapolis, Minnesota              ) (Related Case No. 01-cv-1236, Id, M.D., FL.);
                                    ) (Related Case No. <u>96-cv-494, Id., S. D., OH.</u>);
and                                 ) (Related Case No. <u>05-CV-122, Id., W. D., KY.</u>);
                                    ) (Related Case No. <u>08-cv-75, Id., S. D., OH.</u>);
                                    ) (Related Case No. <u>01-CV-259, Id., W. D., KY.</u>);
GMAC MORTGAGE, LLC (15 USC § 78j)   ) (Related Case No. <u>10-cv-87, Id., S. D., IA.</u>);
Fort Washington, Pennsylvania       ) (Related Case No. <u>06-cv-312, Id., S. D., OH.</u>);


IN THE MATTER OF                    )          FRB Docket No. _____
Huntington Nat'l Bank (15 USC §§ 78j, 78ff) )  **COMPLAINT IN QUO WARRANTO**


UNITED STATES OF AMERICA BEFORE THE
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.
FEDERAL DEPOSIT INSURANCE CORPORATION WASHINGTON, D.C.

and                                 ) Related FDIC-11-123b
                                    ) Related Case No. <u>2:93-cv-389, SDO</u>;
GMAC MORTGAGE, LLC, (15 USC § 78ff) ) (Related Case No. <u>2:06-cv-312, SDO</u>;
Fort Washington, Pennsylvania       )

## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, et al.,<br>Plaintiffs,<br><br>Vs.<br><br>UNITED STATES E.P.A. and<br>LISA JACKSON, Administrator, and substituted<br>For Stephen L. Johnson, former Administrator,<br>Defendants. | ) Action No: <u>1:12-cv-00363</u>[3]<br>)(Related Case No. 1:12-0361, 5th Am. Claims)<br>) No. 01-1537 (PLF) consolidated with<br>) No. 01-1548, No. 01-1558, No. 01-1569<br>) No. 01-1578, No. 01-1582; No. 01-1597;<br>)<br>) Assigned To: <u>Jackson, Amy Berman</u>, Judge;<br>)(Related proceeding at Sierra Club v. Jackson,<br>) 813 F. Supp. 2d 149, 2011 U.S. Dist. LEXIS<br>) 109693 (D.D.C., 2011)); |
| United States of AMERICA, et al.,<br>Plaintiffs,<br><br>Vs.<br><br>Bank of AMERICA (BOA), et al.,<br>Defendants. | )<br>) Case: <u>1: 12-cv-00361</u><br>) (Related Case 1:12-cv-363, "Flight Tracks");<br>)<br>) Assigned To: <u>Rosemary M. Collyer</u>, Judge<br>)<br>)<br>)<br>) |

## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA;
## CENTRAL DIVISION

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1), 1001(a)][15 USC §§ 77n, 77q; 17 CFR § 274.127d-1]

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>vs.<br><br>AMERICAN EQUITY INVESTMENT LIFE<br>HOLDING COMPANY;<br>DAVID J. NOBLE; and<br>WENDY C. WAUGAMAN,<br>Defendants. | )<br>)    <u>Case No. 4:10-cv-87</u><br>) (Related Case No.94-CR-2155; No.11-<br>) -cv-12667, CPC, FR. CNTY., OHIO)<br>) (Related Case No.12AP-88; No.12AP-49;<br>) No.96-AP-326; No.04-AP-469;<br>) No.11-AP-875, COA10th Dist., OH.)<br>) (Related Case No.12-bk-12020, S.D., N.Y.)<br>) (Related Case No.96-cv-494, S.D., OHIO)<br>) (Related Case No.05-cv-122, W.D., KY.) |

---

[3] ""[N]or shall private property be taken for *public use*, without just compensation."" (See: Ark.
Game & Fish Comm'n v. United States, 133 S. Ct. 511, pp.515, Opinion (U.S. 2012));

### U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY;
### LOUISVILLE DIVISION

[F.R.C.P. Rule 60(b); 18 USC §§ 2, 152(4), 154(1), 242, 245(b)(2)(B), 664, 1001, 1341, 1350, 1503, 1505, 1515, 1623(c), 1956, 1962][15 USC § 77q(a)(1)-(3); 15 USC §§ 78j(b), 78bb, 78ff, 80a-9(b)(3); 80a-17(a)&(g), 80a-48; (17 C.F.R. §§ 201.340(a),(b), 240.10b-5, 240.17(g), 270.27d-1(a)(1)[4], 270.38a-1(e)(1), 274.127d-1)][14 C.F.R. §§ 34.3, 91.119, 150.21(e)][40 C.F.R. §§ 87, 1068][26 USC §§ 101(f)(3)(A), 267(b)(1)&(c)(4), 1001(a), 4261(a), 9502(d), (also see 26 CFR §§ 49.4261-1; 49.4291-1)];[29 USC §§ 1002(7)&(8), 1131, 1132(a)(1), (h),&(j), 1140, 1141];[42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]; [Supremacy Clause, U.S. Const., Art. VI, cl. 2[5], Premption];[Takings & Due Process Clause, U.S. Const., 5th & 14th AM.];

**[Exec. Order No. 12630];**

| | |
|---|---|
| BEVERLY S. MALONE, Inter Vivos Trust, et. al., <br>     Plaintiff, <br><br> vs. <br><br> AMERICAN EQUITY INVESTMENT LIFE <br> HOLDING COMPANY ("AEL") et al., and <br> ADDISON INSURANCE MARKETING (AIM) <br>     Defendants. | ) <br> )  Case No. 3:01-cv-259USDC, W.D., KY.; <br> )  (Related Case: 3:05-CV-122 W.D., KY.); <br> ) <br> )    JUDGE: JOHN HEYBURN <br> ) [Permanent Injunction, Rule 10b-5, and <br> ) [28 USC §§ 1651, 2042 explained by <br> ) Related Case Nos. 2:93-cv-389 and No. <br> ) 2:96-cv-47,USDC, S.D., Ohio, at Cols.]; |
| In RE, Anthem Inc. (NISOURCE Inc.), et. al., <br>     Anthem Data Breach Litigation, <br><br><br>     Defendants. | ) <br> )  Case No. _____; <br> )  (Related Case: 3:05-CV-122, W.D., KY.)); <br> ) Related Case Nos. 2:93-cv-389 and No. <br> ) 2:96-cv-47,USDC, S.D., Ohio, at Cols.); |

### COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT,
### FRANKLIN COUNTY (at Columbus)

| | |
|---|---|
| State of OHIO, Pff-Aplee, <br>     (Cross-Aplt) <br><br><br> v. <br><br> Dwight I. HURD, Def-Aplt, and, | )  Case No. 96APA03-326; [2:00-cv-577] <br> )   conspiracy to engage in a pattern of corrupt <br> )  activity in violation of R.C. 2923.01; <br> )  engaging in a pattern of corrupt activity <br> )  ("RICO") in violation of R.C. 2923.32; <br> )  aggravated theft, grand theft, and sale of <br> )  unregistered securities RC 1707.44(C)(1); <br> )  false representations in registering securities. |

---

[4] See: PANTER and LEWIS v. MICHAEL P. MCINTYRE 2010 U.S. Dist. LEXIS 3563, [1] (W.D., Kentucky, 2010) *"Defendants maintain that the Lewises opted out of the class."*
[5] (See: **Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-153 (U.S. 1982)**)

Robert D. HODGE, Def-Aplt, and          ) (Related Case No. 13AP-223, No 96AP -327).
Beth A. EYERMAN, Def-Aplt.              ) No. 04AP-469 (consolidated); No. 04AP-1135;
(Cross-Aple)                            ) No. 11 AP-875; No. 2:96-cv-494, USDC, SDO.)

### U.S. DISTRICT COURT, S. D. OF OHIO; EASTERN DIVISION (at Columbus)

John P. Byrk, Plf, et al., (15 USC § 78ff)    )    Case No. 2:96-cv-494; [No. 1:95-cv-1096]
Relators,                                      )    (Related Case Nos. 2:93-cv-389; 2:96-cv-47;
                                               )    2:00-cv-577; 2:06-cv-312; 2:08-cv-75)
v.                                             )    Judge: Joseph P. Kinnary
                                               )
Dwight I. HURD, Def, et al., (15 USC § 78ff)   )    RICO Enterprise (Corrupt Organization);
Respondent.                                    )    false representations in registering securities,
                                               )    See OH. v. Hurd, 1999 Ohio App. LEXIS 2047.

### UNITED STATES OF AMERICA FEDERAL TRADE COMMISSION

FEDERAL TRADE COMMISSION (FTC),          )    Case No. 123 FTC 1092-1097
Relator,                                 )    (File No. 932 3019, dated Apr. 15, 1997
v.                                       )    Terminating on Apr. 14, 2017)
                                         )    Cease and Desist ORDER, concealments and
Michael P. McIntyre, (see 15 USC § 80a-17(a)))  misrepresentations in sales of Living Trusts.
Respondent.                              )

### U.S. OF AMERICA BEFORE THE
### SECURITIES AND EXCHANGE COMMISSION

INVESTMENT COMPANY ACT OF 1940
Release No. 30006/ March 22, 2012

In the Matter of                              )
                                              ) (Related Doc. 240-12, at Exhibit 10, in
American Equity Life Annuity Account          ) Case No. 6:01-cv-1236, USDC, M.D., FL.)
6000 Westown Parkway                          )                 And
West Des Moines, Iowa 50266                   ) (Related Doc. 16, at Memorandum Opinion,
                                              ) in Case No. 3:05-cv-122, USDC, W.D., KY.)
(811-8663) 17 CFR §§ 270.17g-1(g), 240.10b-5) (Related case: 11-CV-12667, FCCCP, Ohio);

### IN THE UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

IN THE MATTER OF               )    SEC FILE NUMBER: 811-08663

| The American Equity Life Annuity Account, (REGISTRANT) (15 USC § 78ff) American Equity Inv. Life Ins. Co. ("AEL"), (DEPOSITOR). (15 USC §§ 78ff, 80a-48) | ) ) ) ) ) ) | (FILE NO. 333-46593, Form 485BPOS, filed 2-19-98, SECURITIES ACT OF 1933; FILE NO. 811-08663, Form 485BPOS, No. 1, Amend., INVSTMNT. CO. ACT OF 1940); (Related S.E.C. FILE NO. 811-03462, Flex) |
|---|---|---|

SECURITIES BEING OFFERED:
FLEXIBLE PREMIUM DEFERRED
VARIABLE ANNUITY CONTRACTS;
 And,
FLEXIBLE PREMIUM VARIABLE
LIFE INSURANCE POLICIES

)
) (S.E.C. Form N-4/A, PROSPECTUS;
)    FILM NUMBERS: 98644731 / 98644732)
) filed **JUNE 9, 1998**; [17 CFR §270.17g-1(g)]
) (Related Case No.96cv-494, USDC, S.D.,OH.,
) at Doc. 95, Final Order filed **JUNE 9, 1998**)

## UNITED STATES OF AMERICA, DEPARTMENT OF TRANSPORTATION; FEDERAL AVIATION ADMINISTRATION

IN THE MATTER OF

The City of Columbus, Ohio, Dept. of Dev.
 (AIRPORT SPONSOR)
Division of Utilities and Aviation. ("U/A"),
 (OWNER/OPERATOR). (15 USC § 78ff)

(See: Section 6102(c)(1)(d) of TEA–21[6] filed
**JUNE 9, 1998** by the U.S. Congress)

)    FAA Action: _____
)    FAA "Public Use/Land Use Controls",
)    FAR Part 150, funded under AIP Grant
)    No. 84-2-3-39-0025-03-85, based on
) "Written Assurances" see 49 USC § 47107(a),
)    and "Certifications" see 14 CFR § 150.21(e).
)
) (Compare: 53 FR 2800, SEPT. 11, 1987, PCIA;
) With: 56 FR 40242/1, SEPT. 2, 1992, PCIA)

## UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE; FEDERAL PROGRAMS

IN THE MATTER OF
The City of Columbus, Ohio, Dept. of Dev.
 (AIRPORT SPONSOR)
Non-Attainment Area, Toxic Leaded Air
Pollution from Aircraft 42 USC §7407(d)(1)(C)
Non-compliance with CAA of 1977, Amend.

)    USDOJ Action: _____
) Related Case No. C2-10-330, USDC, S.D.O.);
) Based on FAR, Parts 16.1(a)(5) and 150 et seq.
) see 49 USC §§ 47107(a), 47504; Id.§150.21(e)
) 18 USC §§ 2, 1001(a); USAM § 9-85.200;
) AIP Grant No. 84-2-3-39-0025-03-85
)

---

[6] (See: 70 FR 944, at pg. 946, Jan. 5, 2005, ("**In June 1998**, Congress adopted the Transportation Equity Act for the 21st Century (TEA–21). Section 6102(c)(1)(d) of TEA–21 amended section 107 of the CAA by extending the time period for EPA to initiate the designations process for the PM2.5 NAAQS until 3 calendar years of air quality data, measured at Federal Reference Method monitors, were gathered. The EPA … monitors by January 2001.")

IN THE UNITED STATES OF AMERICA
U.S. ENVIRONMENTAL PROTECTION AGENCY; FEDERAL PROGRAMS

| | |
|---|---|
| IN THE MATTER OF | )    US EPA Action: _____ |
| The City of Columbus, Ohio, Dept. of Dev. | )    Related Case No. 12-cv-363, Id., D. D.C.); |
| (AIRPORT SPONSOR) | )    [see 56 FR 56694, Nov. 6, 1991, FRM, at |
| Non-Attainment Area, Toxic Leaded Air | ) 42 USC § 7407(d)(1)(C) Operation of Law]; |
| Pollution from Aircraft 42 USC §7407(d)(1)(C) | )    [see 71 FR 66064, Nov. 9, 2006, FRM] |
| | )     see 40 CFR Part 30, Appx., at P.6, |
| | )    (For enforcement 42 USC § 7413(c)) |

UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY;
UNITED STATES INTERNAL REVENUE; FEDERAL PROGRAMS

| | |
|---|---|
| IN THE MATTER OF | )    US IRS Action: _____ |
| The City of Columbus, Ohio, Dept. of Dev. | )    Related Case Nos. 10-cv-87, Id., S. D., IA.; |
| (AIRPORT SPONSOR) | )    Nos. 08-cv-75 & 10-cv-330, Id., S. D., OH.; |
| | )    No. 12-cv-1422, Id., S.D., N.Y.; |
| Non-Attainment Area, Toxic Leaded Air | )    see 26 USC §§ 9502(d), 7501, 7805, 4261; |
| Pollution from Aircraft 42 USC §7407(d)(1)(C)) | ) also see 26 CFR §§ 49.4261-1; |
| Misappropriation of Funds, CAA of 1989, Am. ) | IRS Rev. Rul. 89-109, Sept. 11, 1989; |
| from December 20, 1989 to April 1, 2013. | )    (Complaint for the enforcement of Federal |
| | )     Taxation Law and Qui Tam Action) |

UNITED STATES OF AMERICA, DEPARTMENT OF HUD;
FEDERAL HOUSING ADMINSTRATION; FEDERAL PROGRAMS

| | |
|---|---|
| IN THE MATTER OF | )    US HUD Action: _____ |
| The GMAC Mortgage Co., LLC.. | )    Related Case Nos. 10-cv-87, Id., S. D., IA.; |
| (MRTG. ASSIGNEE; MRTG. SERVICER) | )  Nos. 08-cv-75 & 10-cv-330, Id., S. D., OH.; |
| | )  No. 12-cv-1422, Id., S.D., N.Y.; |
| Non-Attainment Area, | ) see 26 USC §§ 9502(d), 7501, 7805, 4261; |
| 42 USC § 7407(d)(1)(C) | ) also see 26 CFR §§ 49.4261-1; 49.4291-1; |
| under CAA of 1989, Am.. | ) IRS Rev. Rul. 89-109, Sept. 11, 1989; |
| | ) (Complaint for recovery of exempt-State |
| | ) Property Taxes in GMAC's "escrow acct."); |

IN THE UNITED STATES OF AMERICA
U.S. SENATE COMMITTEE; FEDERAL PROGRAMS

| | |
|---|---|
| IN THE MATTER OF | )    US Senate Action: _____ |
| The City of Columbus, Ohio, Dept. of Dev. | )    Related Case Nos. 10-cv-87, Id., S. D., IA.; |

(AIRPORT SPONSOR)                    )    Nos. 07-cv-287 & 10-cv-330, Id., S. D., OH.;
                                    )    No. 12-cv-1422, Id., S.D., N.Y.;
Non-Attainment Area, Toxic Leaded Air    )     see 42 USC §§ 7407(d)(1)(C), 7412, 7511;
Pollution from Aircraft 42 USC §7407(d)(1)(C))    also see 26 CFR §§ 49.4261-1;
Non-compliance with CAA of 2000-06, Am.    )    S. Rep. No. 101-228, at 128, Dec. 20, 1989;
from December 20, 1989 to April 1, 2013.    )    (Complaint for the enforcement of Federal
                                    )      Envir. Legislation and Qui Tam Action)

---

## IN THE UNITED STATES OF AMERICA
### U.S. HOUSE OF REPRESENTATIVES COMMITTEE; FEDERAL PROGRAMS

IN THE MATTER OF                    )    US House of Rep. Action: _____
The City of Columbus, Ohio, Dept. of Dev.    )    Related Case Nos. 10-cv-87, Id., S. D., IA.;
  (AIRPORT SPONSOR)                 )    Nos. 08-cv-172 & 10-cv-330, Id., S. D., OH.;
                                    )    No. 12-cv-1422, Id., S.D., N.Y.;
Non-Attainment Area, Toxic Leaded Air    )     see 42 USC §§ 7407(d)(1)(C), 7412, 7511;
Pollution from Aircraft 42 USC §7407(d)(1)(C))    also see 26 CFR §§ 49.4261-1;
Non-compliance with CAA of 2000-06, Am.    )    S. Rep. No. 101-228, at 128, Dec. 20, 1989;
from December 20, 1989 to April 1, 2013.    )    (Complaint for the enforcement of Federal
                                    )      Envir. Legislation and Qui Tam Action)

### IN THE SUPREME COURT OF OHIO

COLUMBUS BAR ASSN.                  )    Action No. 2002 - 1462;
(cf., The Board of Commissioners     )    (Related Supr. Ct. Case Nos. 2001-2202;
on Grievances and Discipline)        )    No. 1999-1140; No. 2005-150; No. 2005-168);
          Relators,                 )    (Related CPC Case Nos. 11-CV-12667; No. 03-
VS.                                 )    CV-7478; No.03-CV-474; No.05-CV-4814)
                                    )    (Related  Dist. Ct. Case No. 2:93-cv-389,SDO)
JAY M. MORELAND JR. (Review Atty.)    )
American Equity Inv. Life Ins. Co. (Issuer)    )         JUDGE: MOYER
          Respondent.               )    (see 15 USC §§ 78j(b), 78ff, 80a-17(g), 80a-27d)


STATE OF OHIO                       )    Action No. 1999 – 1140[7] [Root No. 94-CR-2156];

---

[7] (See and Compare: **EXHIBIT 1,** Subpoena Duces Tecum filed July 26, 1995 by Plaintiff-State
of OHIO and served on Huntington National Bank as *custodian of funds* for Primary 10b-5
Violators: Defendants-Dublin Securities Inc. (DSI), Robert D. Hodge, and Dwight I. Hurd of
DSI in State Criminal Case No. 94-CR-2157, FCCCP, Ohio, at Columbus; Compare With:
Shoenberger v. Agere Sys., 2007 U.S. Dist. LEXIS 73441, p.17 (E.D. Pa. Sept. 28, 2007),
"Applicable Law Under ERISA a beneficiary of a benefits plan may bring an action to recover
benefits due to him under the plan. 29 U.S.C. § 1132(a)(1)(B). … **It shall be unlawful for
any person to...discriminate against a participant or beneficiary for exercising any right
to which he is entitled under the provisions of an employee benefit plan,...or for the**

| | |
|---|---|
| (cf., Ohio Dept. of Commerce, Div. of Securities, Ponzi Scheme) Relators, VS. | ) (Related Supr. Ct. Case Nos. 2001-2202; ) No. 2002 - 1462; No. 2005-150; No. 2005-168); ) (Related FCCCP Case Nos. 11-CV-12667; 03- ) CV-7478 [05-CV-7346]; 03-CV-474; 05-CV-4814) ) (Related Dist. Ct. Case No. 2:93-cv-389,SDO) |
| DWIGHT I. HURD (Broker-Dealer/Atty.) Dublin Securities Inc., et al.(Brokerage firm)) Respondent. | ) ) JUDGE: MOYER ) (see 15 USC §§ 78j(b), 78ff, 80a-17(g), 80a-27d) |

| | |
|---|---|
| SIDNEY T. LEWIS, et al., (cf., Ohio Dept. of Commerce, Ponzi; And, U.S. SEC's Rule 10b-5, Securities Fraud) Relators, VS. | ) Action No. 2005– 150 [Root No. 03-CV-7478]; ) (Related Supr. Ct. Case Nos. 2001-2202; ) No. 2002 - 1462; No. 1999-1140; No. 2005-168); ) (Related FCCCP Case Nos. 11-CV-12667; 03- ) CV-7478 [05-CV-7346]; 03-CV-474; 05-CV-4814) ) (Related Dist. Ct. Case No. 2:93-cv-389,SDO) |
| HUNTINGTON NAT'L BANK (C/F) Dublin Securities Inc., et al. (Broker/ Client)) Respondent. | ) ) JUDGE: MOYER ) (see 15 USC §§ 78j(b), 78ff, 80a-17(g), 80a-27d) |

| | |
|---|---|
| SIDNEY T. LEWIS, et al., (cf., Ohio Dept. of Commerce, Ponzi; And, U.S. SEC's Rule 10b-5, Securities Fraud) Relators, VS. | ) Action No. 2005– 168 [Root No. 03-CV-474]; ) (Related Supr. Ct. Case Nos. 2001-2202; ) No. 2002 - 1462; No. 1999-1140; No. 2005-150); ) (Related FCCCP Case Nos. 11-CV-12667; 03- ) CV-7478 [05-CV-7346]; 03-CV-474; 05-CV-4814) ) (Related Dist. Ct. Case No. 2:93-cv-389,SDO) |
| OLD REPUBLIC SURETY CO., et al., (Ohio, Dept. of Commerce, Fidelity Bond) Respondent. | ) ) JUDGE: MOYER ) (see 15 USC §§ 78j(b), 78ff, 80a-17(g), 80a-27d) |

## IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY; OHIO;
## CIVIL DIVISION

| | |
|---|---|
| United States of America, Ex. Rel., Sidney Lewis (see 40 USC § 3114[8]), CA., On behalf of themselves and others similarly situated. | ) ) ) Civil Action No.: 1998-CV-3445 ) (Remved Cases No. 2:08-cv-172; No.2:04-cv-1155) |

purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…. 29 U.S.C. § 1140.");

[8] "While the power of eminent domain is an inherent attribute of sovereignty as limited by the just compensation clause of the fifth amendment, the exercise of this power is governed by express legislative authorization within well-defined congressional policies which necessarily must be strictly construed. (Citations Omitted)." (See: United States v. 67.59 Acres of Land, 415 F. Supp. 544, 547 (M.D. Pa. 1976));

| | | |
|---|---|---|
| (Relators/Petitioners) | ) | (Related Removed Action No.: 2:08-cv-287) |
| Vs. | ) | |
| | ) | |
| | ) | FORMER CPC JUDGE: Alan TRAVIS |
| COLUMBUS, CITY OF, et al. | ) | CPC JUDGE: ANNE TAYLOR |
| In Re: CITY ATTY., (see 53 FR 2800[9]) | ) | |
| (Respondents/Defendants) | ) | |

| | | |
|---|---|---|
| Sidney T. Lewis, et al. (Fraud Scheme Victims), | ) | Case NO. 03-CV-7478 |
| IN RE: Vacy O. Webb Inter Vivos Trust (§ 10b-5) | ) | (Related Case No. 2:93-cv-389, SDO) |
| Plaintiffs, | ) | (Related Case No. 11-CV-12667) |
| Vs. | ) | (Related Case No. 94-CR-2157) |
| | ) | |
| J. E. Wiggings, et al., (IRS Form 5498 tax preparer) | ) | JUDGE: Schnieder, Charles |
| Defendants. | ) | |

| | | |
|---|---|---|
| In Re: Vacy O. Webb living Trust (IRS Form 5498) | ) | Case NO. 05-CV-7346 |
| Huntington Nat'l Bank, et al. (§10b-5, Act of 1934) | ) | (Related Case No. 2:93-cv-389, SDO) |
| Plaintiffs/Flex-Fund's Custodian, | ) | (Related CPC Case No. 11-CV-12667) |
| Vs. | ) | |
| | ) | JUDGE: Holbrook, Michael |
| Sidney T. Lewis, et al., (29 USC §§ 1002(8), 1141) | ) | |
| Defendants/ERISA Beneficiaries. | ) | |

| | | |
|---|---|---|
| In Re: Vacy O. Webb living Trust (IRS Form 5498) | ) | Case NO. 05-JG-6455 |
| Huntington Nat'l Bank, et al. (§10b-5, Act of 1934), | ) | (Related Case No. 2:93-cv-389, SDO) |
| | ) | |
| Plaintiffs/ICA of 1940 Custodian, | ) | (Related Case No. 03-CV-7478) |
| Vs. | ) | |
| | ) | JUDGE: McIntosh, Stephen |
| Sidney T. Lewis, et al., (29 USC §§ 1002(8), 1141) | ) | |
| Defendants/ERISA Beneficiaries. | ) | |

| | | |
|---|---|---|
| GMAC Mortgage Corp, (Assignee of Mrtg. Lien), | ) | Case NO. 03-CV-6954 |
| In Re: Fed. Appropriated Property, 26 USC 4261 | ) | (Related Case NO. 1:12-cv-363, DCC |
| Huntington Nat'l Bank, (Mrtg. Lien/JE. Lien) | ) | Related Case NO. 07-EVH-60047 |
| Plaintiffs/Relators, | ) | (Related CPC Case No. 11-CV-12667) |
| Vs. | ) | |

[9] "...Specific Flight Procedures", see 53 FR 2800; cf., Doc. 5026, filed 9-11-13, in case no.1:12-bk-12020, S.D., NY., at pgs. 148, 163 & 169 of 582, 1970 FAA Impact Study, "Aircraft Emissions: Impact on Air Quality and Feasibility of Control", "Fuel Dumping", "Landings and Takeoff" (LTO) cycles; "Lead" and "Carbon Monoxide" poison; cf. 49 FR 371.

Sidney T. Lewis, et al.,                    )        JUDGE: Patrick SHEERAN
    Defendants/Alleged Trust Beneficiaries. )


In Re: Vacy O. Webb living Trust            )        Case NO. 05-CV-4555
GMAC Mortgage Corp, (Assignee of Mtg.),     )    Related Case NO. 2:06-cv-312;
Huntington Nat'l Bank, (Mtg. Lender/JE. Lien) )    Related Case NO. 05-JG-6455;
        Plaintiffs/Relators,                )    (Related Case No. 11-CV-12667)
Vs.                                         )    COMPLAINT IN QUO WARRANTO
                                            )        JUDGE: Julie M. Lynch
USA, FAA[10] and IRS, 49 USC § 40102(a)(30) )    (See 26 USC § 4261, Imposition of Tax)
        Defendants/ Living Trust Beneficiaries. )


In Re: Vacy O. Webb Living Trust (15 USC § 78j) )    Case NO. 04-CV-1268
Yvonne D. Lewis, et al. (Beneficiary of Liv. Trust), ) (Related Case Nos. 07-EVH-60047
        Plaintiffs/Successor Trustee,       )    and 11-CV-12667)
Vs.                                         )
                                            )        JUDGE: GUY L REECE II
Harriett Mann, et al. (15 USC §§ 78ff, 80a-27d-1) )
        Defendants/Living Trust Beneficiaries. )


In Re: Vacy Webb Living Trust (SEC Rule 10b-5) )    Case NO. 08-CV-10168
James JOHNSTON Jr. (see 15 USC §§ 78j(b), 78ff) ) (Related Cases, No. 11-CV-12667;
        Plaintiffs,                         )    No. 2:93-cv-389; No. 2:10-cv-330)
Vs.                                         )
                                            )
Sidney T. LEWIS, (see 29 USC §§ 1002(8), 1131) )    JUDGE: Richard A. FRYE
        Defendants.                         )


Ex. Rel. United States of America, S.E.C., )    Case NO. 11-CV-12667
In Re: Vacy Webb Living Trust Successor Trustee )
Yvonne D. Lewis, et al., (Id. §§ 1002(8), 1140), ) (Related Case Nos. 2:93-cv-389, SDO
        Plaintiffs/Relators/Intervenors,    )        and 2:00-cv-577, SDO)
Vs.                                         )
                                            )        JUDGE: Richard SHEWARD
American Equity Inv. Life Insurance Co., et al., ) ("This is a refiled case no. 10-CV-12370
Travelers Inv. Co. Asset Protection Ins. Policy, ) previously assigned to Judge R. Sheward")
        SEC Rule 17g Defendants/Respondents. )

---

[10] (See: McCarran Int'l Airport v. Sisolak 137 P.3d 1110, pp. 1116, at fnt.8, (Nev. S. Ct, July 13, 2006, Decided), US Supr. Crt. certiorari denied 2007 U.S. LEXIS 2086 (U.S., Feb. 20, 2007), "The airspace above 500 feet constitutes "navigable airspace," defined as "airspace …needed to ensure safety in the *takeoff and landing of aircraft*,"…49 U.S.C. § 40102(a)(30)");

## <u>MOTION TO REOPEN ALL CLOSED BANKRUPTCY & U.S. DIST. COURT CASES</u>

Movants, pro se, respectfully represents:

1.0. The movant/debtor is *Yvonne D. Lewis* in the above-entitled ("no asset") bankruptcy case.

1.1. The movant/debtor is *Sidney T. Lewis* in the above-entitled "related" bankruptcy case.

1.2. The non-movant/debtor is *Dublin Securities Inc. (DSI)* in the above-entitled "related" bankruptcy case.

1.3. The non-movant/debtor is *GMAC* in the above-entitled "related" bankruptcy case.

1.4. The non-movant/debtor is *Robert D. Hodge* in the above-entitled "related" bankruptcy case.

1.5. The non-movant *Estate of Bettie Jean Hamilton* is creditor in the above-entitled GMAC and *Sidney Lewis* "related" bankruptcy cases.

2.0.a. These "root" case nos. 93-bk-55053, SDO, of *DSI* were closed on **JUNE 28, 2007**.

2.0.b. This "root" case no. **96-bk-56040** SDO, of *Hodge* closed on or about **FEB. 4, 1998.**

2.1. This "root" case no. 93-cv-389 SDO, *Robert D. Hodge* was closed on **MARCH 31, 1994**.

2.2. This "related" case no. 96-cv-47 SDO, *Dwight I. Hurd/DSI* closed on **MAY 29, 1996**.

2.3. This "related" case no. 96-cv-494 SDO, of *Hurd/DSI* was closed on **SEPT. 28, 2000**.

2.4. This "related" case no. 00-cv-577 SDO, of *Mark R. Able/DSI* closed on **MAR. 30, 2001**.

2.5. This "related" case no. 05-cv-844 SDO, of *Huntington National Bank (HNB)* closed on or about **JUNE 12, 2005 (DOC 19)**.

2.6. This "related" case no. 05-bk-75111 SDO, *Yvonne D. Webb-Lewis* closed **MAR. 16, 2006.**

2.7. This "related" case no. 06-cv-312 SDO, of *GMAC* closed on or about **SEPT. 8, 2006.**

2.8. This "related" case no. 07-bk-57237 SDO, of *Sidney T. Lewis* closed on **FEB. 1, 2008.**

2.9.a. These "related" case no. 08-cv-75 SDO, of *Larry J. McClatchey* closed on **FEB. 1, 2008.**

2.9.b. "Related" case no. 08-cv-16 SDO, of *State of Ohio* closed on **MAR. 17, 2009 (DOC 3).**

2.9.c. "Related" case no. 08-cv-1042 SDO, *McClatchey* closed on **MAR. 17, 2009 (DOC 3).**

2.9.d. "Related" case #09-cv-179 SDO, *North AM. Specialty* closed **MAR. 17, 2009 (DOC 3).**

2.9.e. "Related" case no. 09-cv-179 SDO, of *HNB* closed on **MAR. 17, 2009 (DOC 3).**

2.9.f. "Related" case no. 10-cv-330 SDO, *James Johnston* closed **JUNE 28, 2013 (DOC 37).**

2.9.f. "Related" case no. 10-cv-330 SDO, *Judge E. Sargus* closed **JUNE 28, 2013 (DOC 37).**

2.9.g. "Related" case no. 13-cv-8147 SDNY, *Judge Rackoff* closed **2015.**

2.9.h. "Related" case no. 12-misc-00032 SDNY, *Judge Preska* closed **FEB. 1, 2012.**

3.0 The debtor/surplus creditor failed to schedule the following "statutory equitable relief" as an asset "in connection with" National Sorbents Inc.'s Stock, which as a result of concealment by the chapter 7 trustee Myron Terlecky in "related case" no. 93-bk-55053 (Doc. 1030) on **DEC. 27, 2005** (See: **EXHIBIT 2,** Doc. 1030) which was neither administered nor abandoned in this "related" case no. 05-bk-75111 on or before the discharge Order filed **FEB. 21, 2006,** and which the movant/surplus creditor is informed and believes has a present value in excess of $10 Million Dollars as "unearned commissions" and should be administered by a chapter 7 trustee for the benefit of surplus creditors/claimants whose identity was determinable at the date of the filing of the voluntary (chapter 7) petition on **OCTOBER 14, 2005.**

> "Liabilities are not discharged in bankruptcy unless claims thereon exist in favor of claimants whose identity is determinable at the date of the petition."

(See: <u>Brown v. O'Keefe</u>, 300 U.S. 598, 603, 57 S. Ct. 543, 546, 81 L. Ed. 827 (1937), citing Zavelo v. Reeves, 227 U.S. 625, 631, 33 S.Ct. 365, 57 L.Ed. 676, Everett v. Judson, 228 U.S. 474, 479, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A.(N.S.) 154)

THEREFORE, the movants/surplus creditors pray that these "related" closed bankruptcy cases be reopened, and prays for such other and further relief as is just and proper.

Dated: Nov. 13, 2017 _____
Sidney T. Lewis, bankrupt
Sidney T. Lewis, Surplus Creditor
Post Office Box 247916
Columbus, Ohio 43224
**(614-515-1129)**

Dated: Nov. 13, 2017 _____
Yvonne D. Lewis, bankrupt
Yvonne D. Lewis, Sur. Crdtr.
Post Office Box 247916
Columbus, Ohio 43224
**(614-515-1129)**

1875 Alvason Avenue
Columbus, Ohio 43219

1875 Alvason Avenue
Columbus, Ohio 43219

Dated: Nov. 13, 2017 _____
Sidney T. Lewis, pro se

Dated: Nov. 13, 2017 _____
Yvonne D. Lewis, pro se

## CERTIFICATE OF SERVICE

We, Sidney T. Lewis and Yvonne D. Lewis as Surplus Creditors "in connection with" the Vacy O. Webb Revocable Living Trust and Fixed Annuity Matters as National Sorbents Inc.'s Stocks (inter alia) with Huntington National Bank as custodian of funds (inter alia) certify that on **Nov. 13, 2017** the forgoing I. **"MOTION TO REOPEN..."**; II. **"REQUEST TO BE EXCLUDED..."**; III. **"MOTIONS TO TRANSFER..."**; And, IV. **"MOTION TO STRIKE..."** were served on the parties by hand delivery or regular U.S. Mail Service, Postage Prepaid.

Dated: Nov. 13, 2017 _____
Sidney T. Lewis, pro se

Dated: Nov. 13, 2017 _____
Yvonne D. Lewis, pro se

## II. REQUEST TO BE EXCLUDED FROM JND "NO ASSET" CLASS ACTION

YVONNE D. WEBB-LEWIS, *a.k.a.* YVONNE D. LEWIS *as filing bankruptcy [chapter 7] debtor* filed **OCT. 14, 2005** as discharged on **FEB. 21, 2006**, in related case no. 05-bk-75111, pro se, appearing herein as a statutory *"surplus creditor"* and *"successor-in-interest"* of $10,286,518.58 Ten Million Two Hundred Eighty Six Thousand Five Hundred Eighteen Dollars and Fifty Eight cents in *"unearned commissions[11]"*. Unearned Commission(s) were illegally paid

---

[11] (**EXPLAINED BY**: Terlecky v. Hurd (In re Dublin Sec.), 133 F.3d 377, pp.379-381 (6th Cir. Ohio 1997), "By 1992, Dublin Securities had made approximately $ 60 million in fraudulent sales in Ohio. Late that year, however, authorities seized records of the companies and Dublin Securities was eventually forced to file for bankruptcy pursuant to the provisions of Chapter 7

to alleged attorney(s) LARRY J. MCCLATCHEY and MELVIN D. WEINSTEIN serving as prohibited Securities Brokers for Dublin Securities Inc. (DSI) and as Principals (i.e., equity partners) in the law firm of EMENS, KEGLER, BROWN, HILL & RITTER (KBHR) on **DEC. 27, 2005** in related case no. 93-bk-55053. (see: **EXHIBIT 2**, Doc. 1030, filed **DEC. 27, 2005** in related case no. 93-bk-55053, $10,286,518.58, assignee KBHR law firm)    KBHR was determined to be "*in pari delicto*" in the wrongdoings as "aiders and abettors" of both the underlying Ohio State "ponzi scheme" **JULY 26, 1993** against ROBERT D. HODGE, DWIGHT I. HURD, and "DSI[12]" for "National Sorbent's Inc. (NSI) Stock" (see: **EXHIBIT 3**, KBHR's Subpoena Duces Tecum, in State of Ohio's "ponzi scheme" against Hodge and NSI's Stock, filed **JULY 26, 1993**); And, "*in pari delicto*" as "aiders and abettors" of the SEC Rule 10b-5 violations (see: 15 USC §§ 78j, 78ff) by alleged bankrupt debtor(s) HODGE and DSI through a "Prohibited Stipulation" and "Fraudulent Assignment" of $10,286,518.58 to the KBHR lawfirm, in Doc. 1030. (see: **EXHIBIT 2**)    KBHR unlawfully seized the Bankrupt Lewis's statutory "*equitable relief*" in contempt of the **"Final Judgment and Order of Permanent Injunction and Other Equitable Relief"** entered by the district court on **March 16, 1995** in related case no. 93-cv-389 as held under a "*monetary proceeds claim*" against the "*statutory fidelity bond* (see: 15 U.S.C. § 80a-17(g))" on behalf of DSI as paid-in by Interpleader, Travelers Ins. Co., as earmarked to Yvonne D. Lewis the "statutory successor" of defrauded investors VACY O. WEBB and HARRY L. WEBB pursuant to Ohio Laws, i.e., "*descent and distribution*" and "*Intestate Succession*" under *section 2105.06 of the Ohio Revised Code* (see: *O.R.C.* § 2105.06); And, the request to opt-out is pursuant to the "*Findings of Facts and Conclusion of Law*" and **"Final Judgment and Order of Permanent Injunction and Other Equitable Relief"** *incorporated herein by reference* to "related" bankruptcy case no. **96-bk-56040** incorporating findings of facts of substantial losses, **Equitable Relief Order and Permanent Injunction Order** from Case No. C-2-93-389 in the United States District Court for the Southern District of Ohio as follows:

"I. *Findings of Fact*

---

of the Bankruptcy Code. All principals of Dublin Securities were also convicted on various state criminal charges as a result of their activities…");

[12] See: Terlecky v. Hurd, 133 F.3d 377, pp.379 ("Dublin Securities was represented by the defendant law firms of Emens, Kegler, Brown, Hill & Ritter…");

On **April 12, 1993**, the <u>SEC</u> filed a complaint in the United States District Court for the Southern District of Ohio (Case No. C-2-93-389) against Midwest Investments, Inc. ("Midwest"), <u>HODGE</u>, and various other defendants ("the District Court Action"). The District Court Action included 11 counts of alleged violations of the Securities Act of 1933 and Securities Exchange Act of 1934. ... The **"Final Judgment and Order of Permanent Injunction and Other Equitable Relief"** entered by the district court on **March 16, 1995**, included findings that <u>HODGE</u> and other defendants had **"engaged in violations of the federal securities laws involving fraud and manipulation and their violations directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons."** March 16, 1995 Order, p. 3, P8."

(See: Hodge v. Hodge, 216 B.R. 932, pp. 933-934 (Bankr. S.D. Ohio 1998))

*Yvonne D. Lewis a.k.a., Yvonne D. Webb-Lewis* hereby requests to be excluded from the above-mentioned "on-going" class action against WHITE vs. EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES; and TRANS UNION, in consolidated case no. 05-cv-1070 USDC, C.D., CA., S. Div. in accordance with the terms of the "undated" first *Legal Notice of Pendency of Class Action* citing a **NOV. 13, 2017 DEADLINE** (See: **EXHIBIT 4**, "undated" *Legal Notice of Class Action* and **DEADLINE**), and with the understanding that by this request, I will <u>not</u> be entitled to share in the benefits of the vacated judgment if it is favorable to the plaintiff, and that I will <u>not</u> be bound by the final judgment rendered in this case if it is adverse to the defendant(s).

I will <u>remain</u> entitled to the benefits under the Statutory "fidelity bond" [see 15 U.S.C. § 80a-17(g)] and Statutory "Bankruptcy Blanket Bond" [see 11 U.S.C. § 322] in "related" case no. 2:09-cv-179USDC, S.D., Ohio (Doc. 3 filed **March 17, 2009**) pursuant to the **"Final Judgment** [see 15 U.S.C. §§ 78j, 78ff; 18 U.S.C. § 2[13]] **and Order of Permanent Injunction** [see 28 U.S.C. § 1651] **and Other Equitable Relief** [Id.§ 80a-17(g)]" entered by the Federal Court on **March 16, 1995** in "root" case no. 2:93-cv-389USDC, S.D., Ohio (Doc. 146) as *incorporated by reference* in "related" chapter 7 (surplus case) case of *Yvonne D. Lewis* debtor, no. 05-bk-75111 USBRC, S.D., Ohio.

---

[13] (**Explained By**: Central Bank, N.A. v. First Interstate Bank, N.A., 511 U.S. 164, 199 (U.S. 1994), cited by Terlecky v. Hurd (In re Dublin Sec.), 197 B.R. 66, pp. 68 at n.3, and pp.72 (S.D. Ohio 1996)), ("**Aiders and abettors of § 10(b) and Rule 10b-5 violations** have always been subject to criminal liability under **18 U.S.C. § 2**. See **15 U.S.C. § 78ff** (criminal liability

Dated: *Nov. 13, 2017*

*Yvonne D. Lewis*

Yvonne D. Lewis a.k.a., Yvonne D. Webb-Lewis,
Post Office Box 247916
Columbus, Ohio 43224

(see: **EXHIBIT 1,** HNB's Subpoena Duces Tecum, "ponzi", NSI's Stock, **JULY 26, 1995**)
(see: **EXHIBIT 2,** Doc. 1030, filed **DEC. 27, 2005**, $10M Stipulation in case no. 93-bk-55053)
(see: **EXHIBIT 3,** KBHR's Subpoena Duces Tecum, "ponzi", NSI's Stock, **JULY 26, 1995**)
(See: **EXHIBIT 4,** *Legal Notice of Class Action* and **DEADLINE** *after* **NOV. 13, 2017**)

### III. MOTIONS TO TRANSFER CASES

SIDNEY T. LEWIS, bankrupt debtor as Surplus Creditor in bankruptcy case no. 07-bk-57237,
and YVONNE D. LEWIS, bankrupt debtor Surplus Creditor in bankruptcy case no. 05-bk-75111
(the "Surplus Creditors") hereby move the multi-district court(s) to transfer the venue of these
related and removed adversary proceeding(s), i.e., **Adv. Pro. Nos. 06-2214; No. 06-2217; No.
96-0564; No. 96-00360 (inter alia),** in the United States Bankruptcy Court for the Southern
District of OHIO; And, **Adv. Pro. No. 12-01731 (inter alia)** in the United States Bankruptcy
Court for the Southern District of NEW YORK[14] (see: **EXHIBIT 6.1.,** Order of Ref., SDNY), to
the "root case" for the Securities Fraud Scheme commenced by the Securities Exchange
Commission (SEC) against the primary offenders and **Aiders and abettors of § 10(b) and Rule
10b-5 violation Proceeding(s)** "in connection with[15]" Huntington National Bank (HNB) as
"Custodian of Funds" for Larry Reitz for Reitz Data Communication Stocks; Robert D. Hodge
for National Sorbents Inc. Stocks; Dublin Securities Inc. (DSI) for Reitz Data and NSI stocks

---

[14] See: Lewis v. GMAC, Mortgage Co. (In re Residential Capital, LLC), 2012 Bankr. LEXIS
5115, pgs.1, 11-12 (Bankr. S.D.N.Y. Nov. 1, 2012) *"State Court Case No. 05-cv-4555, Fr.
Cnty., Ohio, filed by Sidney T. Lewis, Yvonne D. Lewis...* in an abundance of caution, this
Court has applied *FED. R. CIV. P. 56* and determined that the Lewises have failed to establish
that they are entitled to summary judgment... in their Summary Judgment Motion, Plaintiffs
appear to be bringing additional claims...");

[15] See: Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, pp.85 (U.S. 2006)
citing See O'Hagan, 521 U.S., at pp.651, 658, 117 S. Ct. 2199, and Zandford, 535 U.S., at 819-
820, 122 S. Ct. 1899)(" Under our precedents, it is enough that the fraud alleged..., is
"DECEPTION '**in connection with** the *purchase or sale of any security*,' not deception of an

(inter alia); Dwight I. Hurd; Mark R. Abel; Larry J. McClatchey; Melvin D. Weinstien; Kegler, Brown, Hill, and Ritter Lawfirm (KBH&R); Western Surety Co. (WSC); Travelers Insurance Co.; Old Republic Surety Co.; North American Specialty Ins. Co. (NAS); American Equity Investment Life Insurance Co.; CNA Surety Co. (CNA); GMAC LLC and Bank of America f.k.a. Countrywide Mortgage in United States District Court for the Southern District of OHIO, pursuant to General Order No. 05-02 filed **OCT. 24, 2005** (see and compare: **EXHIBIT 5**, GENERAL ORDER NO. 05-02, S.D., Ohio, **OCT. 24, 2005;** compare with: **EXHIBIT 6.1**, AMENDED STANDING ORDER OF REFERENCE NO. M10-468, S.D.N.Y., **FEB. 1, 2012**); 28 U.S.C. §§ 1343(a)(1)-(3), 1406(a), 1412; 11 U.S.C. § 322(a) and Bankruptcy Rules 7018, 7019 and 7087 for "JOINDER OF CLAIMS AND REMEDIES" and "TRANSFER OF ADVERSARY PROCEEDING".

In support of this Motion, the bankrupt debtors as Surplus Creditors' (the Lewises) in excess of $10M would show as follows:

1.0. The above-mentioned Adversary Proceeding(s) i.e., **Adv. Pro. Nos.** 06-2214; **No.** 06-2217 were removed to this court from the Franklin County Court of Common Pleas (FCCCP), Civ. Div, case no. 03-CV-474 (June 15, 2004, Summ. JE) for the State of Ohio, Franklin County, by voluntary petition of debtor Yvonne D. Lewis in "related" bankruptcy case no. 05-bk-75111 (the "Ch. 7, petition") against the Surety Bonds filed by Western Surety Co. (CNA Surety as underwriter) on or after **OCT. 14, 2005**.

1.2. The above-mentioned Adversary Proceeding(s) i.e., **Adv. Pro. No. 12-01731** was removed to the United States Bankruptcy Court for the Southern District of NEW YORK in "related" core case no. 12-bk-12020 from the Franklin County Court of Common Pleas (FCCCP), Civ. Div, case no. 05-CV-4555 pursuant to a **SEPT. 8, 2006**, Void Remand Order issued in case no. 05-cv-312 by the United States District Court for the Southern District of OHIO (Sept. 8, 2006, Void Remand Order) for the State of Ohio, Franklin County, by voluntary petition of debtor YVONNE D. LEWIS in "related" bankruptcy case no. 05-bk-75111 (the "Ch. 7, petition")

identifiable purchaser or seller.""");

against the bankrupt debtor GMAC Mrtg. in **Adv. Pro. No. 12-01731 S.D.N.Y** on **JUNE 22, 2012**.

1.3. These "Related" Adversary Proceeding(s),i.e. **No. 96-0564 and No. 96-00360 (inter alia)** (see: **EXHIBITS 1&3**) were removed to the United States District Court for the Southern District of OHIO in "root" case no. 93-cv-389 and "related" case no. 00-cv-577 from the Franklin County Court of Common Pleas (FCCCP), Crim. Div, case no. 93-CR-7450 and no. 94-CR-2156 (consolidated) for the State of Ohio, Franklin County, by Indictment (the "Indictment") filed by the Co-Conspirator, *STATE OF OHIO, DIV. OF SECURITIES*, as Plaintiff in related case no. 94-CR-2156FCCCP, Criminal Div. on **APRIL 14, 1994**. (See: **EXHIBIT 1**, related case no. 94-CR-04-2156 consolidated) The *first court of Jurisdiction* was determined by Findings of Facts in case no. Id.-cv-389 as follows:

> "I. *Findings of Fact*
>
> On **April 12, 1993**, the <u>SEC</u> filed a complaint in the United States District Court for the Southern District of Ohio (Case No. C-2-93-389) against Midwest Investments, Inc. ("Midwest"), <u>HODGE</u>, and various other defendants ("the District Court Action")."

(See: Hodge v. Hodge, 216 B.R. 932, pp. 933 (Bankr. S.D. Ohio 1998))

> "n.3 The Court is generally familiar with the scheme, having presided over *SEC v. Midwest Investments, Inc.*, No. C-2-93-389 (S.D. Ohio **MAY 18, 1993** and Feb. 2, 1995)...."

(See: Terlecky v. Hurd (In re Dublin Sec.), 197 B.R. 66, pp. 68 n.3 (S.D. Ohio 1996))

2.0. The above-mentioned adversary proceedings are directly-related to the *"no asset"* bankruptcy case of In re <u>YVONNE D. LEWIS,</u> which is pending (reopening) in the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Case"). This adversary proceeding involves disputes among the parties concerning the respective parties' interests in the Real and Personal Properties in the schedules of the Lewis's bankruptcy estate no. 05-bk-75111.

2.1. The above-mentioned adversary proceedings are directly-related to the *"ch.11"* bankruptcy

case of In re GMAC, which is pending (reopening) in the United States Bankruptcy Court for the Southern District of New York (the "Related Bankruptcy Case"). This adversary proceeding involves disputes among the parties concerning the respective parties' interests in the Real and Personal Properties in the schedules of the GMAC's bankruptcy estate.

2.3. The above-mentioned adversary proceedings are directly-related to the "*ch. 7*" bankruptcy case of In re Robert D. Hodge, which is pending (reopening) in the United States Bankruptcy Court for the Southern District of Ohio (the "Related Bankruptcy Case"). This adversary proceeding involves disputes among the parties concerning the respective parties' interests in the Real and Personal Properties in the schedules of the HODGE's bankruptcy estate no. **96-bk-56040**.

2.4. The above-mentioned adversary proceedings are directly-related to the "*ch. 7*" bankruptcy case of In re Dublin Securities Inc. (DSI), which is pending (reopening) in the United States Bankruptcy Court for the Southern District of Ohio (the "Related Bankruptcy Case"). This adversary proceeding involves disputes among the parties concerning the respective parties' and equitable interests in the Real and Personal Properties in the schedules of the DSI's bankruptcy estate no. **93-bk-55053**.

3.0. The Removal Petitions were filed with this U.S. District Court case no. 05-cv-312 on or before **SEPT. 8, 2006** (Order), even though related to the Adjudicated Orders on **MARCH 16, 1995** adopted in Bankruptcy Case **No. 93-bk-55053** (consolidated) and **No. 96-bk-56040** and **No. 05-bk-75111** and **No. 07-bk-57237** which are pending in the Southern District of Ohio, because Bankruptcy Rule 9027(a)(1) and the PVL requires that Lewis's applications for removal must be filed with the clerk for the district and division within which a bogus "sanction" on June 5, 2009 (Doc. 45) case no. 09-cv-179 is located in the federal court where the civil action is pending.

4.0. Grounds exist for transferring the Venue and Jurisdiction of all "Related" State criminal cases, i.e., no. 93-CR-7450 and no. 94-CR-2156 FCCCP, CR. Div. (consolidated) as filed **JULY 26, 1995** under Federal Laws for "DEPRIVATIONS OF RIGHTS UNDER COLOR

OF STATE LAW" on **MARCH 31, 1994** pursuant to 18 U.S.C. §§ 242, 2; 28 U.S.C. §§ 1334, 1343(a), 1406(a), 1412, 1651 (See: 18 U.S.C. §§ 242, 2; 28 U.S.C. §§ 1334, 1343(a), 1406(a), 1412, 1651; 42 U.S.C. §§ 1983, 1985, 1988), and under SEC Administrative Proceeding No. 3-9027 filed 'in connection with' "*Remedial Sanctions*" imposed by the SEC on Robert D. Hodge/Broker for 10b-5 violations under SEC Litigation Release No. 37674 entered **SEPT. 12, 1996** to the Bankruptcy Court for the Southern District of OHIO for the following reasons:

(a) This "root" proceeding no. 93-cv-389 is "intricately-intertwined" and "related" to the "DSI" Bankruptcy Case No. 93-CR-55053 which is now pending (reopening) to administer "newly found assets" in excess of $100M "in connection with" the 'Sale of NSI stock' through the Global Market in the Bankruptcy Court for the Southern District of Ohio.

(b) The bankruptcy trustees Myron N. TERLECKY and Clyde HARDESTY and Larry J. MCCLATCHEY in the DSI and Lewis's Bankruptcy Case and are "indispensable parties" in these multi-district proceedings, and they are located in the S.D. of Ohio's Jurisdiction under the "All Writs Act" 28 U.S.C. § 1651.

(c) This proceeding will require the adjudication of "aiders and abettors" of 10b-5 violations as conflicting interests in property of the bankruptcy estate, and the Bankruptcy Court for the Southern District of Ohio has the exclusive jurisdiction over all property of the estate pursuant to 28 U.S.C. §§ 1334(d), 1343(a),.

(d) The Bankrupt Debtor DSI's principal office was located in Worthington, Ohio, and all of the Debtor's known books and records are located in the Southern District of Ohio.

(e) Most witnesses involved in this proceeding(s), i.e., Judge George Smith, who were associated with the Debtor(s) are located in the Southern District of Ohio.

(f) All equitable relief matters related to the DSI Bankruptcy Case should be heard initially by the same bankruptcy judge and transferred to Judge George Smith.

WHEREFORE, the Petitioner prays the court to transfer the venue of these "related" adversary proceedings to the United States Bankruptcy Court for the Southern District of Ohio, case no. 05-bk-75111, or case no. 07-bk-57237, or related case no. 93-bk-55053 and for such further relief as the court may deem appropriate.

Respectfully submitted,

Dated: Nov. 13, 2017 _____     Dated: Nov. 13, 2017 _____
       Sidney T. Lewis, bankrupt                   Yvonne D. Lewis, bankrupt
       Sidney T. Lewis, Surplus Creditor          Yvonne D. Lewis, Sur. Crdtr.
       Post Office Box 247916                      Post Office Box 247916
       Columbus, Ohio 43224                       Columbus, Ohio 43224
       **(614-515-1129)**                            **(614-515-1129)**

(see: **EXHIBIT 5**, GENERAL ORDER NO. 05-02, S.D., Ohio, **OCT. 24, 2005**)
(see: **EXHIBIT 6.0**, GENERAL ORDER NO. 13-05, C.D., CA., **JULY 1, 2013**)
(see: **EXHIBIT 6.1**, AMENDED STANDING ORDER OF REFERENCE NO. M10-468, S.D.N.Y., **FEB. 1, 2012**)


## IV. <u>MOTION TO STRIKE FALSE NOTICE OF SANCTIONS UNDER 28 USC § 1651</u>

Sidney T. Lewis, bankrupt debtor as Surplus Creditor in bankruptcy case no. 07-bk-57237SDO, and Yvonne D. Lewis, bankrupt debtor Surplus Creditor in bankruptcy case no. 05-bk-75111SDO (the "Surplus Creditors") herein, moves the U.S. Bankruptcy Court to strike part of the Bankrupt GMAC's **"NOTICE OF FILING OF CERTAIN ORDERS ENTERED IN THE BANKRUPTCY CASES OF SIDNEY T. LEWIS AND YVONNE D. LEWIS"** filed Oct. 4, 2012 in bankruptcy case no. 12-bk-12020SDNY (Doc. 1719 at Exhibit 6) filed therein by GMAC's counsels Stefan W. Engelhardt and Samantha Martin of the lawfirm MORRISON & FOERSTER LLP ("MOFO") therein, and in support of Surplus Creditors' motion, bankrupt debtors' Sidney Lewis and Yvonne D. Lewis allege:

1. The part of the <u>**FALSE NOTICE**</u> (Doc. 1719 at Exhibit 6) of Bankrupt GMAC which Surplus Creditors are moving to strike, consists of 1 through 42 pages, and **EXHIBITS 1** to **EXHIBIT 8**, *beginning with* paragraph 1 on page 1, and reference to **EXHIBITS 1** to **EXHIBIT 8** on *pages 2 to 4*. All other pages from pg. 5 to pg. 42 incorporate **EXHIBITS 1** to **EXHIBIT 8**.

2. The vexatious litigator matters set forth in the above-mentioned **DOC. 1719 at EXHIBITS 1** to **6** (SEE: **DOC. 1719**) are <u>not</u> supported by U.S. District Court Judge Algenon Marbley's "certification of Familiarity with Record of Proceeding" pursuant to Fed.R.Civ.P. 63. (See: In re Keefe, 401 B.R. 520, 524-25 (B.A.P. 1st Cir. 2009) The "Related Case Memo" (SEE: **EXHIBIT 7, DOC. 3**, Related Case Memo filed **MARCH 17, 2009** in case no. 09-cv-179) filed in the subject underlying "related case" no. 09-cv-179 (Doc. 3) contained no part of the "Equitable Relief Order" nor the "Permanent Injunction Order" from the record of the proceedings in the "root" case no. 93-cv-389 (Doc. 146), and are relevant to the statutory matters "at issue" in these

"related" Multi-U.S. Bankruptcy and U.S. District Court proceedings.

3. The matters set forth in the above-mentioned Doc. 1719 at Exhibit 6, constitute an improper and unlawful attempt by bankrupt debtor GMAC to enlarge the record of proceeding in the "related" New York bankruptcy case no. 12-bk-12020 on Oct. 4, 2012. Since the vexatious litigator matters discussed in the above-mentioned Doc. 1719 at **EXHIBIT 6** are not certified or authenticated in the record of the proceedings in the "related" Ohio-U.S. District Court case no. 09-cv-179 (Doc.3 filed on March 17, 2009), pursuant to Fed.R.Civ.P. 63 & 44(b), and it is improper for a substitute judge to go beyond that record in case no. 09-cv-179 (Doc.45 filed on June 5, 2009) to make improper findings in his Void Order Imposing Sanctions on the Equitable Relief Order in favor of the "Surplus Creditors" Sidney Lewis and Yvonne D. Lewis as **"statutory successors-in-interest"** of Vacy O. Webb and Harry L. Webb in the Hodge Securities Fraud Scheme's **"Statutory Relief"** against the DSI *"statutory fidelity bond* (see: 15 U.S.C. § 80a-17(g))" pursuant to section 2105.06 of the Ohio Revised Code (see: O.R.C. § 2105.06), as incorporated by reference to *"root" case no. 93-cv-389 (Doc.146, Equitable Relief Order filed on March 16, 1995)* move to strike reference to Exhibit 6 in Doc. 1719, forthwith.

Wherefore, "Surplus Creditors" Sidney Lewis and Yvonne D. Lewis pray that the above-described part of the Debtor GMAC's **"NOTICE OF FILING OF CERTAIN ORDERS ENTERED IN THE BANKRUPTCY CASES OF SIDNEY T. LEWIS AND YVONNE D. LEWIS"** filed Oct. 4, 2012 in bankruptcy case no. 12-bk-12020SDNY (Doc. 1719 at **EXHIBIT 6**) be stricken from the record.

Dated: 11-13-17 _(signature)_                     Dated: 11-13-17 _(signature)_
Sidney T. Lewis, pro se                           Yvonne D. Lewis, pro se
P. O. Box 247916                                  P. O. Box 247916
Columbus, Ohio 43224                              Columbus, Ohio 43224
**(614-515-1129)**                                **(614-515-1129)**

(see: **EXHIBIT 7, DOC. 3,** Related Case Memo filed **MARCH 17, 2009** case no. 09-cv-179)

IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,

    Plaintiff,

    v.

DUBLIN SECURITIES, INC.
DUBLIN MANAGEMENT, INC.
DWIGHT I. HURD
ROBERT D. HODGE
BETH A. EYERMAN

    Defendants.

JUDGE WILLIAM AMMER

Case No. 94-CR-04-2432
Case No. 94-CR-04-2183
Case No. 94-CR-04-2184
Case No. 94-CR-04-2187
Case No. 94-CR-04-2188

**SUBPOENA DUCES TECUM**

To the Sheriff of Franklin County, Greetings

**YOU ARE COMMANDED TO SUMMON THE FOLLOWING NAMED PERSONS, TO WIT:**

Custodian of Records
Huntington National Bank
41 South High Street
Columbus, Ohio 43215

**DUCES TECUM:**    Produce the information listed in the ATTACHMENT.

To appear before the Honorable Judge William Ammer in the Court of Common Pleas of said Franklin County, Ohio sitting in Courtroom 2, 2nd floor, Franklin County Hall of Justice, Mound and High Streets, in the City of Columbus, on the 17th day of July, 1995 at 9:00 a.m. to testify and the truth to speak, before the Honorable Judge William Ammer, and this you shall in no wise omit and have then and there this writ.

Witness, JESSE ODDI, Clerk of the said Court of Common Pleas, at Franklin County Hall of Justice in the said City of Columbus aforesaid, this _____ day of _____, 1995.

JESSE ODDI, Clerk of the Court of Common Pleas

By _____ Deputy Clerk of the Court of Common Pleas

**EXHIBIT 1**

THE STATE OF OHIO ⎱
Franklin County, ss ⎰

I, MARYELLEN O'SHAUGHNESSY, Clerk
OF THE COURT OF COMMON
PLEAS WITHIN AND FOR
SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-
GOING IS TRULY TAKEN AND COPIED FROM THE
ORIGINAL Subpoena
NOW ON FILE IN MY OFFICE
WITNESS MY HAND AND SEAL OF SAID COUNTY
THIS 08 DAY OF 11 A.D. 2017
MARYELLEN O'SHAUGHNESSY, Clerk

By m. White Deputy

- EXHIBIT 1 -

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE:                      :

CONSOLIDATED BANKRUPTCY   :    Case No. 93-55053
    ESTATES OF             :    Case No. 93-55054
                         :    Case No. 93-55055

DUBLIN SECURITIES, INC.      :    Judge Calhoun
DUBLIN MANAGEMENT, INC. AND :
DUBLIN STOCK TRANSFER, INC.,  :

           DEBTORS.    :

### STIPULATION REGARDING CLAIM FILED BY KEGLER, BROWN, HILL & RITTER CO., LPA ASSIGNEE AND ASSIGNED CLAIM NO. 3267 IN THE DUBLIN SECURITIES, INC. BANKRUPTCY PROCEEDING

The parties hereby stipulate that the claim filed by Kegler, Brown, Hill & Ritter Co., LPA

Assignee, on or about December 7, 2005, in the amount of $10,541,758.58 and assigned Claim

No. 3267 on the Dublin Securities, Inc., claims register, shall be allowed as an unsecured non-

priority claim in the amount of $10,286,518.58, to reflect a correction as to the treatment of the

proof of claim filed by The Travelers Insurance Company, and assigned Claim 2293.

AGREED TO:

  /s/  Myron N. Terlecky             /s/ Melvin D. Weinstein per authorization
Myron N. Terlecky (0018628)          Larry J. McClatchey (0012191)
Strip, Hoppers, Leithart,              Melvin D. Weinstein (0012174)
McGrath & Terlecky Co., LPA         Kegler Brown Hill & Ritter Co., LPA
575 S. Third St.                     Capitol Square, St.1800
Columbus, OH 43215              65 East State St.
Telephone (614) 228-6345          Columbus, OH 43215
Facsimile (614) 228-6369          Telephone (614) 462-5463
Attorney for Chapter 7 Trustee       Facsimile (614) 464-2634
                                    Agent for Claimant

- EXHIBIT 2 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Stipulation was served upon the parties listed below electronically and/or by regular U. S. mail, postage prepaid, this 27th day of December, 2005, pursuant to the Local Bankruptcy Rules.

        /s/   Myron N. Terlecky
        Myron N. Terlecky  (0018628)

PARTIES SERVED:

Larry J. McClatchey, Esq.
Melvin D. Weinstein, Esq.
Kegler Brown Hill & Ritter Co., LPA
Capitol Square, St.1800
65 East State St.
Columbus, OH  43215

        And

Parties on Attached Mailing Matrix

- EXHIBIT 2 -

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,

    Plaintiff,

v.                                                                JUDGE WILLIAM AMMER

DUBLIN SECURITIES, INC.                                           Case No. 94-CR-04-2152
DUBLIN MANAGEMENT, INC.                                           Case No. 94-CR-04-2153
DWIGHT I. HURD                                                    Case No. 94-CR-04-2156
ROBERT D. HODGE                                                   Case No. 94-CR-04-2157
BETH A. EYERMAN                                                   Case No. 94-CR-04-2158

    Defendants.


**SUBPOENA DUCES TECUM**

To the Sheriff of Franklin County, Greetings:

**YOU ARE COMMANDED TO SUMMON THE FOLLOWING NAMED PERSONS, TO WIT:**

Cathy Chaugh
Records Custodian
Emens, Kegler, Brown, Hill & Ritter
65 E. State Street
Columbus, Ohio 43215-4294

**DUCES TECUM:**    Produce the retained copies of State's Exhibit 626, a letter dated May 1, 1992 to Dwight Hurd from Allen L. Handlan with attached copy of check #6250 dated May 1, 1992, State's Exhibit 610, an Agreement dated April 4, 1992 between Dwight Hurd and Emens, Kegler, Brown, Hill & Ritter Co. L.P.A., State's Exhibit 270, a Statement of Understanding and Compliance dated April 28, 1990, and State's Exhibit 66, a four page document entitled "Firm Securities Ownership and Information Policy." In addition, produce the originals of the Emens, Hurd, Kegler and Ritter billing records for the following entities: Dublin Securities, Inc., Dublin Management, Inc., Freedom First Securities, Inc., Aspen Financial Group, Inc., Feast Products, Inc., Sandcastle Boats, Inc., McCoy Avionics Corporation, Environmental Safety First Inc., National Sorbents, Inc., Smart-Tag Systems Inc., Dewey's Candy Company, Aerospace Lubricants, Inc., Teklogic Communications, Inc. and Confluence Apparel, Inc.

To appear before the Honorable Judge William Ammer in the Court of Common Pleas of said Franklin County, Ohio, sitting in Courtroom 2, 2nd floor, Franklin County Hall of Justice, Mound and High Streets, in the City of Columbus, on the 17th day of July, 1995 at 9:00 a.m. to testify and the truth to speak, before the Honorable Judge William Ammer, and you shall in no wise omit and have then and there this writ.

EXHIBIT 3

Witness, JESSE ODDI, Clerk of the said Court of Common Pleas, at Franklin County and

said City of Columbus aforesaid, this ___ day of _____

JESSE ODDI, Clerk of the Court of Common Pleas

By _____ Deputy Clerk of the Court of Common Pleas.

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk
OF THE COURT OF COMMON
PLEAS WITHIN AND FOR
SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-
GOING IS TRULY TAKEN AND COPIED FROM THE
ORIGINAL *Subpoena*
NOW ON FILE IN MY OFFICE
WITNESS MY HAND AND SEAL OF SAID COUNTY
THIS ___ DAY OF ___ A.D. 20__
MARYELLEN O'SHAUGHNESSY, Clerk

By _____ Deputy

EXHIBIT 3

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,

      Plaintiff,

      v.

DUBLIN SECURITIES, INC.
DUBLIN MANAGEMENT, INC.
DWIGHT I. HURD
ROBERT D. HODGE
BETH A. EYERMAN

      Defendants.

JUDGE WILLIAM AMMER

Case No. 94-CR-04-2162
Case No. 94-CR-04-2163
Case No. 94-CR-04-2165
Case No. 94-CR-04-2167
Case No. 94-CR-04-2168

**SUBPOENA DUCES TECUM**

To the Sheriff of Franklin County, Greetings:

**YOU ARE COMMANDED TO SUMMON THE FOLLOWING NAMED PERSONS, TO WIT:**

Cathy Chaugh
Emens, Kegler, Brown, Hill & Ritter
Capitol Square - Suite 1800
65 E. State Street
Columbus, Ohio  43215-4294

**DUCES TECUM**      See Attachment

To appear before the Honorable Judge William Ammer in the Court of Common Pleas of said Franklin County, Ohio sitting in Courtroom 2, 2nd floor, Franklin County Hall of Justice, Mound and High Streets, in the City of Columbus, on the 17th day of July, 1995 at 9:00 a.m., to testify and the truth to speak, before the Honorable Judge William Ammer, and this you shall in no wise omit and have then and there this writ.

Witness, JESSE ODDI, Clerk of the said Court of Common Pleas, at Franklin County Hall of Justice in the said City of Columbus aforesaid this 10 day of July, 1995.

JESSE ODDI, Clerk of the Court of Common Pleas

By: _BNolan_ _____ Deputy Clerk of the Court of Common Pleas

EX. 3

Attachment

**Duces Tecum:**

You are hereby requested to produce a witness to verify as to the completeness and accuracy of the following information and to bring with him/her a summary (including back-up information supporting) the following information:

Fees Billed
Fees Collected
Expenses Billed
Expenses Collected

In respect to the following clients of the law firm from 1986 through the present:

Dublin Securities, Inc.
Dublin Management, Inc.
Dublin Stock Transfer, Inc.
Freedom First, Inc.
Athens Financial
Fast Products
Sandcastle Soap
McCoy Avionics
National Screens
Dewey & Cindy
Telelock Communications
Environmental Safety First Industries (ESFI)
Smart Tag Systems
Aerospace Lubricants

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk
OF THE COURT OF COMMON
PLEAS WITHIN AND FOR
SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-
GOING IS TRULY TAKEN AND COPIED FROM THE
ORIGINAL Subpoena
NOW ON FILE IN MY OFFICE
WITNESS MY HAND AND SEAL OF SAID COUNTY
THIS 08 DAY OF 11 A.D. 20 17
MARYELLEN O'SHAUGHNESSY, Clerk

By M White Deputy

EX. 3

## ACCOUNTS REVIEW

| CLIENT NAME | BILLED TIME | EXPENSES | COLLECTED AMOUNT | OUTSTANDING |
|---|---|---|---|---|
| AGENTS FINANCIAL | 10,861.50 | 229.09 | 10,883.50 | 474. |
| FIRST PRODUCTS | 59,836.00 | 2,73 | 52,836.00 | 7,07 |
| HANDCRAFTED BOATS | 27,499.75 | 43.31 | 22,000.00 | 474. |
| MCCOY AVIONICS "Trademark/Servicemark" | 1,810.00 | 1,133.38 | 1,810.00 | 1,133. |
| MCCOY AVIONICS General Representation | 78,283.00 | 1,913.73 | 78,383.00 | 1,483. |
| NATIONAL BENEFITS | 84,019.28 | 2,389.15 | 84,029.28 | 2,389. |
| DINER'S CANDY | 37,033.25 | 2,691.14 | 37,033.25 | 2,691. |
| TECHLOGIC CORP. | 35,870.00 | 4,132.11 | 35,000.00 | 4,822. |
| ENVIRONMENTAL SAFETY FIRST EDUCATION | 31,098.50 | 1,414.48 | 31,098.15 | 1,414.49 |
| SMART TAG SYSTEMS | 83,741.15 | 8,094.90 | 83,827.25 | 8,087. |
| AEROSPACE LUBRICANTS | 93,825.59 | 10,761.76 | 91,083.43 | 10,761. |
| | | | | |
| | | | | |



EX. 3



CHESTER, WILLCOX & SAXBE

JOHN J. CHESTER

March 21, 1984

Duke W. Thomas, Esq.
Vorys, Sater, Seymour & Pease
52 East Gay Street
Columbus, Ohio 43215

Dear Duke:

Pursuant to your grand jury subpoena and our oral conversation you will find herein information concerning fees and expenses billed and received by the above firm which has been furnished to me by them as follows:

1. Dublin Securities, Inc. paid a total of $939,338.60 in legal fees and $75,230.12 in expenses. These fees and expenses were incurred in connection with a variety of matters, including general corporate representation, litigation and legislative work.

2. Dublin Management, Inc. paid $122,058.05 in fees and $22,186.90 in expenses.

3. Dublin Stock Transfer, Inc. paid $2,508.50 in fees and $106.46 in expenses.

Very truly yours,

John J. Chester

JJC/llc

EX. 3



EX. 3

Hernandez Settlement Administrator
c/o JND Class Action Administration
PO Box 91306
Seattle, WA 98111

ELECTRONIC SERVICE REQUESTED

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
K&H

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## If you received a discharge in a Chapter 7 no asset bankruptcy, you could get benefits from a class action settlement.

Name No: F2VF2AZ593

### Who Is Included?

You are a member of the settlement class ("Class") if you received an order of discharge and your credit report issued by a Defendant between March 15, 2002 and May 11, 2009 (or, for California residents in the case of TransUnion, between May 12, 2001 and May 11, 2009) reported debts as due and owing which were discharged in your bankruptcy.

*********************SNGLP

Yvonne Lewis
PO Box 247916
Columbus OH  43224-7916

349041
263

---

**LEGAL NOTICE**                                                    263

Para una notificación en Español, llamar o visitar nuestro sitio web.

A proposed settlement has been reached in a consolidated class action lawsuit alleging that Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC ("Defendants") violated the Fair Credit Reporting Act ("FCRA") and state laws by failing to employ reasonable procedures to assure maximum possible accuracy in reporting debts discharged in a Chapter 7 no asset bankruptcy or by failing to properly investigate disputes regarding such debts. Defendants deny any wrongdoing.

**Why am I receiving this notice?**

The Defendants' records indicate you may be a Class member, and the Settlement Administrator shows that you submitted a valid exclusion request in a 2009 Proposed Settlement, which was later vacated by the Court of Appeals.

**What does the settlement provide?**

The settlement provides non-monetary or monetary benefits—Class members may submit a claim for two free VantageScore Credit Scores and a free credit file disclosure. Alternatively, the settlement will also establish a $38.6 million cash fund to pay monetary claims, administrative costs for the proposed settlement, service awards to the plaintiffs, and attorneys' fees and costs of no more than 25% of the total value of the settlement, not to exceed $12 million.

**Am I a Class member?**

If you do nothing, you will be deemed to have submitted a valid request for exclusion from this settlement and will not be a Class member. You will not receive any benefits. You will not be bound by the settlement. You should consult an attorney to understand what rights, if any, you have against the Defendants.

**What are my other options?**

If you wish to participate in and be legally bound by the proposed settlement, you must submit a fully completed Claim Form (and documentation, if necessary) no later than November 13, 2017. If you would like object to any part of the proposed settlement, you may object to the settlement no later than November 13, 2017. Only Class members may participate in or object to the settlement. If you submit a claim in, or object to, this settlement, the opt-out request you previously submitted will be deemed to have been rescinded.

**When will the Court decide whether to approve the settlement?**

A Final Fairness Hearing has been scheduled for December 11, 2017 at 8:30 a.m. at Santa Ana Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, California, 92701. You are not required to attend the hearing, but you or your lawyer may do so if you wish.

**THIS NOTICE IS ONLY A SUMMARY. FOR MORE INFORMATION, CALL TOLL-FREE 1-866-237-3432 OR VISIT THE SETTLEMENT WEBSITE, WWW.BANKRUPTCYDISCHARGESETTLEMENT.COM.**

---

— EXHIBIT 4 —

FILED
JAMES BONINI
CLERK

05 OCT 24  PM 12: 02

U.S. ..... COURT
SOUTH... .ST OHIO
WEST ... ..INNATI

IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF:

BANKRUPTCY JURISDICTION AND
PROCEDURE UNDER THE BANKRUPTCY
AMENDMENTS OF 1984

GENERAL ORDER NO. 05-02

By virtue of 28 U.S.C. §§151 and 157 (a) and §104 of Title I of the Bankruptcy
Amendments Act of 1984, IT IS HEREBY ORDERED that all cases under the
Bankruptcy Act and Title 11 of the United States Code and all actions, matters or
proceedings arising under Title 11 of the United States Code or arising in or related to a
case under the Bankruptcy Act and Title 11 of the United States Code shall be referred to
the Bankruptcy Judges for this Judicial District, who shall exercise the authority
conferred under the Bankruptcy Amendments Act of 1984, except as otherwise provided
by law or by rule or order of the District Court. This Order supercedes the prior Order of
Chief Judge Carl B. Rubin, dated July 30, 1984, and filed under Case No. MS-1-84-152.

IT IS SO ORDERED:

DATED _October 24th, 2005_

Sandra S. Beckwith, Chief Judge
United States District Court

— EXHIBIT 5 —



FILED
CLERK, U.S. DISTRICT COURT

JUL - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY *Marsha Olson*
                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF | ) GENERAL ORDER NO. 13-05 |
| REFERENCE OF CASES AND PROCEEDINGS TO THE BANKRUPTCY JUDGES OF THE CENTRAL DISTRICT OF CALIFORNIA, AND REFERENCE OF APPEALS TO THE BANKRUPTCY APPELLATE PANEL | ) (Supersedes General Order Nos. ) 266, 266-A, 269, and 96-04) ) ) ) ) ) |

The following is hereby ORDERED:

(1)    <u>Referral of Bankruptcy Cases and Proceedings</u>.  Pursuant to 28 U.S.C. § 157(a), the Court hereby refers to the bankruptcy judges for the Central District of California all cases under Title 11 of the United States Code ("Title 11") and all proceedings arising under Title 11 or arising in or related to a case under Title 11.

(2)    <u>Authority of Bankruptcy Judges</u>.  The bankruptcy judges of the Central District of California may, upon consent of the parties, hear, determine, and enter final orders and judgments in any proceeding referred to the bankruptcy judges under this court's General Orders, regardless of whether that proceeding may be designated as "core" or "non-core" within the meaning of 28 U.S.C. § 157. Absent the parties' consent, the bankruptcy judges of the Central District of California may:

_ EXHIBIT 6 _

General Order No. 13-05

(a)    hear, determine, and enter final orders and judgments in all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, that may be heard and determined by a non-Article III tribunal; and

(b)    in non-core proceedings, and in core proceedings that may not be determined by a non-Article III tribunal, hear proceedings and submit proposed findings of fact and conclusions of law to the district court; any final order or judgment in such a proceeding shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(3)    <u>Jury Trials</u>.  Pursuant to 28 U.S.C. § 157(e), the court hereby specially designates all bankruptcy judges of the Central District of California to conduct jury trials, with the express consent of all the parties, in all proceedings referred to the bankruptcy judges under this court's General Orders in which the right to a jury trial applies.  Jury trials in bankruptcy court shall be subject to the jury plan in effect for the Central District.  If the parties consent to a jury trial in a proceeding before a bankruptcy judge, they will be deemed to have consented to the entry of a final order by the bankruptcy judge in that proceeding.

(4)    <u>Transferring Cases Back to District Court</u>.  If the bankruptcy judge to whom a case is assigned determines that a specific case or proceeding should be heard in the district court, that bankruptcy judge may, on the judge's own motion, transfer the case or proceeding to the district court. The transfer order shall include a statement of legal authorization as to the basis for transfer to the district court.

(5)    <u>Appeals</u>.  Pursuant to 28 U.S.C. § 158(b)(2), the court hereby authorizes a bankruptcy appellate panel to hear and determine, upon the consent of all the parties:  appeals from final judgments, orders, and decrees entered by

EX. 6

2.

General Order No. 13-05

1  bankruptcy judges from this district; and, with leave of the panel, appeals from

2  interlocutory judgments, orders, and decrees entered by bankruptcy judges from

3  this district.  The appeals the bankruptcy appellate panel may hear under this

4  paragraph include:  appeals filed in the district court on or after July 10, 1984, the

5  effective date of enactment of the Bankruptcy Amendments and Federal Judgeship

6  Act of 1984 ("Act"); and appeals transferred from the bankruptcy appellate panel to

7  the district court pursuant to section 115(b) of the Act.

8       (6)   _Effective Date_.  This General Order shall become effective upon filing

9  by the Clerk of this Court.

10

11       IT IS SO ORDERED.

12                                              _____

13                                              CHIEF UNITED STATES DISTRICT JUDGE

14

15  *Date of Approval by the Court:*          June 26, 2013

16  *Date of Filing by the Clerk:*            July 1, 2013

17

18

19

20

21

22

23

24

25

26                    —   EX. 6.   —

27

28

M-431

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 2.1.2012

12 MISC 00032

In the Matter of:                                  :          AMENDED
                                                   :        STANDING ORDER
Standing Order of Reference                        :         OF REFERENCE
Re: Title 11                                       :
                                                   :        M10-468
------------------------------------------------x

Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

SO ORDERED.

                                          /s/ Loretta A. Preska
                                          Loretta A. Preska
                                          Chief Judge

Dated:          New York, New York
                January 31, 2012

p:\bankruptcy\order-bankruptcy amendments Act 1984 re Title 11 - jan 2012.wpd

- EXHIBIT 6.1 -

FILED
JAMES BONINI
CLERK

## United States District Court
## Southern District of Ohio

09 MAR 17 PM 4: 16

Joseph P. Kinneary United States Courthouse
85 Marconi Boulevard, Suite 260
Columbus, Ohio 43215

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

James Bonini
Clerk of Court

Telephone:   614.719.3000
Facsimile:   614.719.3037

### Related Case Memorandum

### Civil Cases

TO:         (Judge Sargus, Judge Holschuh, Judge Marbley, Magistrate Judge King, Magistrate Judge

            Kemp, Magistrate Judge Abel)

FROM:       Paula Economus-Stout, Case Administrator

DATE:       March 17, 2009

SUBJECT:    Related cases re: 2:09-cv-179, 2:08-cv-16, 2:08-cv-1042

Case Caption:    Lewis et al v. North American Specialty Ins. Co. et al

Case Number:     2:09-cv-00179-EAS-TPK

File Date:       March 10, 2009

This memorandum is to notify you that the civil cover sheet on the above referenced case reflects the
following alleged related case(s):

**Related Case(s):**

Case Caption:    Daniels et al v. The State of Ohio et al

Case Number:     2:08-cv-00016-ALM-MRA

File Date:       January 4, 2008

Case Caption:    Lewis et al v. McClatchey et al

Case Number:     2:08-cv-01042-JDH-NMK

File Date:       November 4, 2008

_ EXHIBIT 7 _

The District Judges having conferred, we respond to Case Administrator Paula Economus-Stout as follows:

**Judges' Response:**

☐    We agree that the cases are **not** related and that the subject case should remain with the Judge to whom it is assigned.

☑    We agree that the cases **are** related and that the subject case should be transferred to the docket of Judge _Marbley_.

☐    We agree that although the cases **are** related, the subject case nevertheless should remain with the Judge to whom it was assigned.

☐    We are unable to agree and will accept any decision made by the Chief Judge.

_____
United States District Judge  _Edmund A Sargus_

_____
United States District Judge

_____
United States Magistrate Judge
District

_____
United States Magistrate Judge

cc: Courtroom Deputies

EX. 7