UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (ECF Doc. # 1824) (the "Procedures Order"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to commence and complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the Debtors hold or service a subordinate mortgage and security interest; and Ocwen Loan Servicing, LLC ("Requesting Party"), as Servicer for Deutsche Bank Trust Company Americas as Trustee for RALI 2007QS8; having requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with the property of Lori K. Galvao with an address of 19 Alexander Drive, Assonet, Massachusetts 02702-1721 (the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary parties; and the above-captioned debtors (the "Debtors") having consented to the relief sought in the Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Nothing in this Stipulation and Order shall be construed to provide for the annulment of or any other retroactive relief from the automatic stay.

4. Nothing in this Stipulation shall be deemed to affect the rights of any entity to contest the relative priority of Requesting Party's mortgage and security interest in the Mortgaged Property in any subsequent foreclosure proceeding.

5. The Requesting Party shall provide due notice to the Debtors and The ResCap Liquidating Trust,[2] and Green Tree Servicing LLC,[3] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

6. By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for Deutsche Bank Trust Company Americas as Trustee for RALI

---

[2] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[3] Notices should be served on Green Tree Servicing LLC via email at: Foreclosure_Team@gt-cs.com or via mail addressed to: Green Tree Servicing LLC, Mailstop: R214, 1400 Turbine Drive, Rapid City, SD 57703.

2007QS8 ("Deutsche Bank"), with authority to seek relief from the automatic stay and enter into this Stipulation on Deutsche Bank's behalf.

7. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

[*Remainder of page intentionally left blank*]

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC<br><br>By: */s/ Norman S. Rosenbaum*<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | OCWEN LOAN SERVICING, LLC, AS SERVICER FOR DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2007QS8<br><br>By: */s/ Michael A. Samuels*<br>Michael A. Samuels<br>**RAS BORISKIN, LLC**<br>900 Merchants Concourse<br>Westbury, New York 11590<br>Telephone: (516) 280-7675<br>Facsimile: (516) 280-7674<br><br>*Counsel for Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank Trust Company Americas as Trustee for RALI 2007QS8* |
|---|---|

**IT IS SO ORDERED.**

Dated: November 28, 2017
      New York, New York

                                        **/s/ Martin Glenn**
                                         MARTIN GLENN
                            United States Bankruptcy Judge