# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

In re:                                      )
                                            )
RESIDENTIAL CAPITAL, LLC et al.             )   Case No. 12-12020-MG
                                            )
                    DEBTORS.                )   Chapter 11
                                            )
Address:                                    )   Jointly Administered
**Residential Capital, LLC**                )
1177 Avenue of the Americas                 )
New York, NY 10036                          )
NEW YORK-NY                                 )
Tax ID / EIN: 20-1770738                    )
aka **Residential Capital Corporation**     )
                                            )
                                            )

**NOTICE OF MOTION FOR LEAVE TO FILE PROOF OF CLAIM OUT OF TIME AND MOTION TO ALLOW CLAIMANT TO CONTINUE TO LITIGATE DEBTOR IN THE DISTRICT COURT FOR NONDISCHARGEABILITY DETERMINATION**

To the Honorable United States Bankruptcy Court Judge for the Southern District of New York Manhattan Division:

**Notice is hereby given** that claimant Lolina Porter, pro se, hereby respectfully and humbly appeals to and move the United States Bankruptcy Court for the Southern District of New York Manhattan Division from the Order entered February 11, 2016 (ECF Doc. #9618).

- 1 -
Porter's Motion for Leave to File Proof of Claim Out Of Time Bankruptcy Petition #: 12-12020-mg

In conformity with the Official Bankruptcy Form 420A (Notice of Motion or Objection) (12/16), claimant submits the following:

## I. BACKGROUND

In October 2010, the claimant Porter's filed civil action as Pro Se Plaintiff against GMAC at the Chancery Court of Shelby County, Tennessee For the Thirtieth Judicial District at Memphis is meritorious. Please find attached copy of Porter's First Civil Complaint against GMAC, et.al. (**EXHIBIT I**).

Claimant filed for the following actions in her October 2010 Civil Complaint:

a. Complaint and Emergency Motion to Set Aside Foreclosure Judgment and Sale of Real Property (**Motion Granted**)

b. Motion for Permanent Injunctive Relief Barring Future Sale of Real Property by Defendants (**Motion Granted**, but right after Aurora managed to get out of the subject civil case while Plaintiff was not able to reply to object to any of Aurora's motions because **Claimant Porter/Plaintiff's daughter got kidnapped on December 16, 2010** and she focused on being available for saving and restoring the life of her 9 year old daughter from severe PTSD and suicidal tendency, while GMAC in 2012 has filed for Chapter 11 Bankruptcy).

c. Motion for Plaintiff's Award for Punitive Damages Including Legal and Equitable Relief (Pending due to GMAC's Chapter 11 Bankruptcy).

Claimant's intent was to be heard and be given the due process of law after an **alleged mortgage fraud by GMAC's Homecomings Financials LLC** in **enforcing a subprime loan** on her application, **declared and/or stated** their desired sugar coated income other than what the Claimant provided as her paystub and income tax returns factual numbers. **GMAC's Homecomings Financials enforcing to include a Private Mortgage Insurance** through **Genworth Insurance** as part of Claimant's responsibility to pay based on the standard "sub-prime" lending rules when borrowers only paid 10% of the sale price towards down payment. **Claimant alleged that lenders conspired with private mortgage insurance ("PMI") providers on a sub-prime variable rate loans,** that when rates go up and borrowers struggles, that the **lenders rather opt to hurry up in foreclosing the home** by creating various scenarios where the borrowers are **setup to get denied for a Loan Modification** so that the mortgage **banks can cash in from the private mortgage insurance**, hold the property **and sell it at a bargain for more cash to them.**

GMAC Homecomings transferred only the servicing of the subject property to Aurora Loan Services LLC, an alleged concerted effort by GMAC. Wherein all the aggravation of a faulty loan workout happened during the time when **Porter's husband has suffered from ischemic stroke on July 10, 2009** and was in and out of the hospital from July 2009 through mid part of 2012.

Claimant's intent was to be heard and be given the due process of law after losing her investment property (her livelihood) to an **alleged wrongful foreclosure of GMAC's new Servicer, the Aurora Loan Services. Subject property was**

**foreclosed in or around February 4, 2010.** According to Aurora Loan Services, Claimant's application for a Loan Modification is **"dependent upon the investors"** Claimant believes that this is an obvious scheme just to milk the real estate market and did not care about the Citizens of America who were trying their best to make a living in an honest way, even though the previous US President Barack Obama has declared HOPE Now to help homeowners, Claimant alleged that banks like GMAC and Aurora has continued on this concerted effort to milk the real estate industry.

After foreclosure **Aurora Loan Services LLC bought the property** as they **claim to have the highest bid**, however, after owning it, **GMAC or Aurora Loan Services or GMAC Homecomings LLC** is alleged to have claimed against the PMI through Genworth Insurance (a Private Mortgage Insurance company) for them to get paid for the money equivalent to the Loan Amount the Claimant has borrowed to purchase this subject property, so it is alleged that they got paid, yet they owned the property that they are itchy to sell for more money to them.

Claimant alleged that this may be accomplished through a secretive "pay-to-play scheme" that utilized carefully crafted "excess-of-loss""or purported "quota-share" that were intentionally designed to insulate the lender and when the banks intentionally abused the system for their gain, many Citizens of America including herself loses homes left and right to foreclosure even though the borrowers have tried so hard to apply for a Loan Modification.

At the expense of the borrowers Claimant alleged that these banks has earned a lot of money through wrongfully foreclosing on the homes with PMIs,

collecting from insurance, then reselling the foreclosed property at a lower price so that buyer comes quick and the money goes to the banks' pocket quicker too.

The Chancery Court has scheduled an initial hearing in early part of November 2010 which Porter planned and attended with hopes of being heard and be given due process of law. However, after spending for a plane ticket for a trip from CA to TN to be on time for the hearing, Porter was disappointed when the Judge called for the presence of any of the defendants but none of them came nor advised the court of their planned absence in advance to the initial hearing. The judge has rescheduled for the continuance of the hearing set in January 2011, however on November 29, 2010 defendants removed this case from the Chancery 0court to the United States District Court for the Western District of Tennessee.

In or around the week of September 22, 2017, Claimant Porter received a First Class Mail from GMAC's Legal Counsel for Civil Case named Bradley Arant Boult Cummings LLP of Nashville, Tennessee with a Stamp Post Dated September 14, 2017 (Copy Proof of Envelope is attached as **EXHIBIT II**). In this mail was the GMAC's Motion to Enforce Bankruptcy Order to the United States District Court For the Western District of Tennessee regarding the Case# 2:10-cv-2858.

In this mail enclosed another set of stapled document, it was the printed copy from PACER of the United States Bankruptcy Court Southern District of New York Judge Martin Glenn's **"Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order"** (**EXHIBIT III**) recorded on **February 11, 2016**. Claimant Porter have

noticed the Annex A – Litigation Parties wherein in the List on Row#7 is the claimant's name "Lolina Porter", in the list are several columns of which is the "Letter Sent Pursuant to Procedures Order" and on the Claimant's row#7 it states that this **Order was sent on June 30, 2015 and also on November 19, 2015**, hence on the respective column "Applicability of Plan Injunction Provisions", on Claimants row#7 it states that **"The party did not file a timely proof of claim"**.

The Claimant is not disputing the facts stated in the Litigation Parties list, however, **Claimant Porter has not received herself, nor opened an envelope containing the "Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order" prior to in or around the week of September 22, 2017.**

On October 17, 2017, Claimant Porter received a Show Cause Hearing scheduled for October 26, 2017 from the United States District Court For the Western District of Tennessee Western Division set before Chief Magistrate Judge Diane K. Vescovo for the civil case involving Porter and GMAC et al. Claimant Porter prepared **her Plaintiff's Response to the Order to Show Cause Hearing and Petition for Continuance**, personally attended the October 26, 2017 hearing and hand delivered this document to the Clerk of the Chief Magistrate Judge prior to the start of the Show Cause hearing. Copy of the aforementioned document is attached as **(EXHIBIT 3).**

## II. CONCLUSION

Since the United States Bankruptcy Court for the Southern District of New York Manhattan Division has jurisdiction over GMAC's Chapter 11 Bankruptcy

pursuant to 28 U.S.C. § 158(a)(I), and Pursuant to Bankruptcy Rule 3003(c)(3) "Time For Filing", **Claimant humbly request the honorable Judge for your consideration to allow for her to File Proof of Claim Out of Time** using the **"excusable neglect"** standard (See Pioneer Investment Services Company vs. Brunswick Associates, LP, 507 U.S. 380 (1993).

Claimant also has researched about the possibility of this debt to be one of debts to be categorized by this court as **"Nondischargeable"** if it is proven on trial that GMAC on behalf of Homecomings Financial entity has indeed committed **Mortgage Fraud** See *United States v. Wells Fargo Bank, N.A., et. al., 12-cv-7527 (S.D.N.Y.), United States v Guild Mortgage Company.*

Hence, it is the Claimant's hope that this honorable Bankruptcy Court grant the Claimant to continue to litigate GMAC at the United States District Court.

It is also the Claimant's hope that this honorable Bankruptcy Court bars GMAC (as the debtor) to enforce Bankruptcy Order on Claimant while litigation on this matter continues.

At present, the subject property of the civil case disputed located at 6131 Woodstock View Dr. Millington, TN 38053 is hereby reported by Claimant that the roof is broken and falling apart, it has no electricity and the current owner has not paid its Yard Maintenance HOA dues as specified in the HOA Rules given by the Townhouse Developers when all homeowners bought from them.

**III. WHEREFORE, PREMISES CONSIDERED, CLAIMANT PRAYS:**

1) For this Honorable Bankruptcy Court to forgive the Claimant, for she has no intentions of disrespecting the bankruptcy court rules and expectations as the

Claimant had a family emergency when her 9 year daughter who got kidnapped, was retrieved by the police but was ruined and was endangering her life, that the Claimant had to drop everything including working fulltime as a Software Engineer just to help her daughter cope with the life she now has to live after kidnapping.

2) For this Honorable Bankruptcy Court to acknowledge my statement that only in or around September 22, 2017 is when the Claimant first received and read the Order Granting ResCap Liquidating Trust's Omnibus Motion To Enforce Injunctive Provisions of Plan and Confirmation Order with the List of Litigation Parties. However, the Claimant is not disputing the dates GMAC claimed to have sent the same document to her mailing address.

3) For this Honorable Bankruptcy Court to allow the Claimant to learn if US Bankruptcy Law was created also to protect, and relieve an entity such as GMAC from being punished for "imposing unfair and abusive loan terms on borrowers" or "predatory lending", and that they can walk away without being responsible for the wrong actions made by them which caused a lot of family in distressed, felt violated, and deceived for the Defendant's greater gain.

4) For this Honorable Bankruptcy Court to order GMAC to pay Compensatory Damages to Claimant, which are intended to restore what Claimant has lost as a result of GMAC's wrongful conduct in foreclosing the property that is part of her livelihood.

5) For this Honorable Bankruptcy Court to order GMAC to pay the Loss of Rents from the time they foreclosed the subject property until the civil case in the District Court is settled.

6) For this Honorable Bankruptcy Court to order GMAC to pay the Plaintiff all PMI premiums that they have collected for the Private Mortgage Insurance that Plaintiff was paying per month since the Loan Origination with Homecomings Financials/GMAC with reasonable interest based on each year's prevailing rate since that payment started until the civil case in the District Court is settled

7) For this Honorable Bankruptcy Court to order GMAC to pay all monies, down payments, mortgage payments, interest and all monies received by Homecomings Financials, and Aurora Loan Services from the Claimant from the Loan Origination time until Aurora Loan Services, LLC foreclosed the subject property on behalf of Homecomings Financials/GMAC with reasonable interest until this case is settled.

8) For this Honorable Bankruptcy Court to order GMAC to Quiet Title the alleged Wrongfully Foreclosed Property located at 6131 Woodstock View Dr. Millington, TN 38053 back to the Claimant free and clear since Claimant was the one who paid all the premiums for the Private Mortgage Insurance where GMAC and its servicer Aurora Loan Services LLS (who no longer exist to this day as a company) is the one who benefited from the Claimant's paid premium Private Mortgage Insurance. This is so that Claimant can maintain the house and repair it back to where it will not be an empty, dilapidated structure where possible drug users may use as their hideout and to protect the surrounding community.

9) For this Honorable Bankruptcy Court to grant Claimant Leave to File Proof of Claim Out of Time.

10) For this Honorable Bankruptcy Court to grant Claimant to Continue to Litigate Debtor as Defendant in the civil case filed prior to the Debtor Filing its Chapter 11 Bankruptcy in the US District Court for further determination if the Porter's claims against the debtor is a "dischargeable debt" or "non-dischargeable debt" pursuant to 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c).

11) For this Honorable Bankruptcy Court to schedule a hearing if necessary that the Claimant may be able to explain her position.

12) For such further and other relief as to which the Claimant may be entitled that this Honorable Bankruptcy Court may judge appropriately.

So help the truth to prevail God.

**RESPECTFULLY SUBMITTED:** This 5th day of December in the year, 2017.

BY: _____,

**LOLINA PORTER, pro se**
**Claimant**
832 Monterey Rd.
Glendale, CA 91206
Telephone(Landline):      (901)-347-0372
Telephone(Mobile)   :      (818)-571-9092

STATE OF ~~NEW YORK~~ California

COUNTY OF ~~NEW YORK~~ Los Angeles

I, Lolina Porter, hereby state under oath that the facts and allegations of the complaint filed herein, and the facts and matters set forth are true and correct to the best of my knowledge, information, and belief, and that I am justly entitled to the relief sought.

_____
LOLINA PORTER

Sworn and subscribed to before me this the 5 day of December, 2017.

LAUREL PAVONE
COMM. #2188799
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Apr. 25, 2021

_____
Notary Public

- 11 -
Porter's Motion for Leave to File Proof of Claim Out Of Time Bankruptcy Petition #: 12-12020-mg

# Certificate of Service

## Notice of Motion for Leave to File Proof of Claim Out of Time and Motion to Allow Claimant to Continue to Litigate Debtor in the District Court for NonDischargeability Determination

**Claimant:**
**Lolina Porter**
832 Monterey Rd.
Glendale, CA 91206
(818)-571-9092
Email: arthinker@yahoo.com

**To be delivered to:**
**US Bankruptcy Court**
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Via United Parcel Service

Additionally, the undersigned certifies that he caused a true and correct copy of the foregoing Notice to be sent via email and/or USPS on December 5, 2017 to the following parties:

| | |
|---|---|
| represented byJessica G. Berman<br>Email: jberman@msek.com | Donald H. Cram<br>Severson & Werson, PC<br>One Embarcadero Center<br>Suite 2600<br>San Francisco, CA 94111<br>415-398-3344<br>Fax : 415-956-0439<br>Email: dcram@severson.com |
| Stefan W. Engelhardt<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212-468-8000<br>Email: sengelhardt@mofo.com | George M. Geeslin<br>Eight Piedmont Center, Suite 550<br>3525 Piedmont Road, N.E.<br>Atlanta, GA 30305-1565<br>(404) 841-3464<br>Fax : (404) 816-1108 |

| | |
|---|---|
| | Email: geeslingm@aol.com |
| Bonnie R. Golub<br>Weir & Partners, LLP<br>The Widener Bldg., Suite 500<br>1399 Chestnut Street<br>Philadelphia, PA 19107<br>(215) 665-8181<br>Fax : (215) 665-8464<br>Email: bgolub@weirpartners.com | Todd M. Goren<br>Morrison & Foerster LLP<br>250 W. 55th Street<br>New York, NY 10019<br>(212) 336-4325<br>Fax : (212) 468-7900<br>Email: tgoren@mofo.com |
| Joel C Haims<br>Morrison & Foerster LLP<br>250 W 55th Street<br>New York, NY 10019<br>(212)468-8238<br>Fax : (212)468-7900<br>Email: JHaims@mofo.com | Gary S. Lee<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>40th Floor<br>New York, NY 10022<br>(212) 468-8042<br>Fax : (212) 468-7900<br>Email: glee@mofo.com |
| Lorenzo Marinuzzi<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019-9601<br>(212) 468-8045<br>Fax : (212) 468-7900<br>Email: lmarinuzzi@mofo.com | Larren M. Nashelsky<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212-468-8000<br>Fax : 212-468-7900<br>Email: lnashelsky@mofo.com |
| Bradley Arant Boult Cummings LLp<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>205-521-8000<br>Email: jsmitht@babc.com | Anthony Princi<br>Morrison & Foerster<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212)468-8030<br>Fax : (212)468-7900<br>Email: aprinci@mofo.com |
| Steven J. Reisman<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY 10178<br>212-696-6065<br>Fax : (212) 697-1559 | Norman Scott Rosenbaum<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019<br>(212) 506-7341<br>Fax : (212) 468-7900<br>Email: nrosenbaum@mofo.com |

- 13 -
Porter's Motion for Leave to File Proof of Claim Out Of Time Bankruptcy Petition #: 12-12020-mg

| | | |
|---|---|---|
| 1 | Email: sreisman@curtis.com | |
| 2 | | |
| 3 | John W Smith T<br>**U.S. Trustee**<br>**United States Trustee**<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>(212) 510-0500 | Kayvan B. Sadeghi<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019-9601<br>212-468-8000<br>Fax : 212-468-7900<br>Email: ksadeghi@mofo.com |
| 8 | represented byAndrew D. Velez-Rivera<br>**Office of the U.S. Trustee**<br>33 Whitehall Street<br>21st. Floor<br>New York, NY 10004<br>(212) 510-0500<br>Fax : (212) 668-2255 | **Claims and Noticing Agent**<br>Kurtzman Carson Consultants LLC,<br>Claims Agent<br>Attn: James Le<br>2335 Alaska Avenue<br>El Segundo, CA 90245<br>www.kccllc.com<br>310-823-9000 |
| 14 | **Creditor Committee**<br>**Official Committee Of Unsecured Creditors**<br>represented byKenneth H. Eckstein<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>Fax : (212) 715-8000<br>Email: keckstein@kramerlevin.com | Robert J. Feinstein<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue<br>34th Floor<br>New York, NY 10017-2024<br>(212) 561-7700<br>Fax : (212) 561-7777<br>Email: rfeinstein@pszyj.com |
| 21 | Ronald J. Friedman<br>SilvermanAcampora LLP<br>100 Jericho Quadrangle<br>Suite 300<br>Jericho, NY 11753<br>(516) 479-6300<br>Fax : (516) 479-6301<br>Email: filings@spallp.com | Douglas Mannal<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9313<br>Fax : (212) 715-8000<br>Email: dmannal@kramerlevin.com |
| 27 | Robert D. Nosek<br>Certilman Balin Adler & Hyman, LLP<br>90 Merrick Avenue | Steven S. Sparling<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas |

| | |
|---|---|
| East Meadow, NY 11554<br>516-296-7000<br>Email: rnosek@certilmanbalin.com | New York, NY 10036<br>(212) 715-7736<br>Fax : (212) 715-8000<br>Email: ssparling@kramerlevin.com |
| **Creditor Committee**<br>**Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.**<br>represented by Robert J. Feinstein<br>(See above for address) | Stephen Zide<br>Kramer Levin Naftalis and Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>Fax : (212) 715-8000<br>Email: szide@kramerlevin.com |
| **Creditor Committee**<br>Pachulski Stang Ziehl & Jones LLP, Co-Counsel for the Official Committee of Unsecured Creditors<br>represented byRobert J. Feinstein<br>(See above for address) | Creditor Committee<br>Pachulski Stang Ziehl & Jones LLP, Co-Counsel for the Officila Committee of Unsecured Creditorsrepresented byRobert J. Feinstein<br>(See above for address) |