*Claimant Porter's Exhibit III*

Lolina Porter
832 Monterey Rd.
Glendale, CA 91206
901-347-0372
818-571-9092

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **LOLINA PORTER,**<br><br>　　　　Plaintiff,<br>vs.<br><br>**GMAC MORTGAGE LLC,**<br>**AURORA LOAN SERVICES LLC,**<br>**GENWORTH MORTGAGE INSURANCE,**<br><br>**AND JOHN DOES** (unknown parties claiming rights to said Deed of Trust and Note herein, ( 1-10,000), Et al, an ens legis being used to conceal fraud<br><br>　　　　Defendants. | Case No.___2:10cv02858___ |

## PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE HEARING AND PETITION FOR CONTINUANCE

**To the Honorable Chief United States Magistrate Judge:**

I, Lolina Porter Plaintiff, *pro se*, do hereby respectfully submit the following Response to the Order To Show Cause Hearing and Petition for Continuance. The complaint I filed in October 2010 at the Chancery Court of Shelby County, Tennessee For the Thirtieth Judicial District at Memphis is meritorious. My intent was to be heard and be given a due process of law. The Chancery Court has scheduled an initial hearing in early part of

November 2010 which I planned and attended with hopes of being heard and be given due process of law. However, after spending for a plane ticket for a trip from CA to TN to be on time for the hearing, I was disappointed when the Judge called for the presence of any of the defendants but none of them came nor advised the court of their planned absence in advance to the initial hearing. The judge has rescheduled for the continuance of the hearing set in January 2011, however on November 29, 2010 defendants removed this case from the Chancery court to the United States District Court for the Western District of Tennessee.

### I. PLAINTIFF'S DECLARATION OF FAMILY EMERGENCY AS THE REASON FOR NOT BEING ABLE TO RESPOND TO THE DEFENDENTS PAST MOTIONS

Come now the plaintiff, Lolina Porter acting on her own behalf by and through pro se action hereby declare that the Plaintiff and Plaintiff's family after the initial hearing at the Chancery court in November 2010, while her husband was recovering from the ischemic stroke, her then 9-year old daughter got kidnapped for 7 days from December 16, 2010 through December 24, 2010. The Plaintiff's 9- year old daughter was retrieved by the US Embassy and International Police Officer with Post Traumatic Stress Disorder. Plaintiff had to be strong for her family especially when her daughter has attempted to end her life several times between 2011 through 2015. The Plaintiff was advised by her daughter's Psychologist to not accept any office work to support the emotionally, mentally and physically disturbed daughter to protect her daughter from harming herself. In the midst of all these years from late 2010 through 2014, the Plaintiff also had called 911 multiple times whenever her husband had a semi-stroke episode, or she has to call 911 when her daughter has attempted to harm herself. On top of all these incurred added responsibilities

1  due to the unfortunate events, the Plaintiff has to remotely manage all townhouses in
2  Tennessee as the HOA Administrator responsible mainly for the accounting of all HOA fees
3  and expenses. The goal of this declaration is for the court to imagine the environment, and
4  factors that caused Plaintiff to have a very difficult life situation, as Plaintiff is hoping that the
5  court will give her the understanding of her premise and to reconsider that her non-
6  responsiveness to most of the motion filed by the defendants is not intentional, that the
7  failure of Plaintiff to respond is due to her family's unfortunate events which require her full
8  focus and support.

11  On March 19, 2012, the Plaintiff received the Defendant GMAC's First Set of
12  Interrogatories, Request for Admission, and Request for Production of Documents to
13  Plaintiff. The Plaintiff has given her best to respond the best she could given her severe
14  family emergency situation for the very reason that the Plaintiff was and is still seeking to
15  be heard, to be given that due process of law and to seek justice from the court for the
16  unfortunate events that is caused by the Defendants to the Plaintiff. Yet, after Plaintiff has
17  submitted her answers to the interrogatories, defendant GMAC has filed for Bankruptcy, and
18  when they sent Plaintiff some motions after motions to respond and claim, the Plaintiff just
19  did not have any chance to even sit down and work on the needed response, because the
20  Plaintiff's daughter has had the most difficult years from 2012 through 2014. Plaintiff has to
21  prioritize where to spend her time in between saving her daughter's life and helping her
22  husband to slowly recover from the stroke, that responding to all these motions by
23  defendant GMAC is just impossible for her to do during those times.

## II. BEFORE AND AFTER FACTS ABOUT THE AURORA LOAN SERVICES' SINCERE INTEREST IN THE MANAGEMENT OF THE SUBJECT PROPERTY

- 3 -
PORTER v. GMAC, AURORA LOAN SERVICES, LLC, GENWORTH et al.

1  At the time that the Plaintiff was asking for a Loan Modification from Aurora Loan Services
2  in 2009 after the Plaintiff got laid off from her over 7 years full time Computer Software
3  Engineering work with Washington Mutual, the recorded bank owner of the subject property
4  located at 6131 Woodstock View Drive, Millington, TN 38053 was Homecomings Financial,
5  LLC, under GMAC.

7  The defendant Aurora Loan Services' Customer Services employees that had spoken to
8  Plaintiff over and over again were made aware by the Plaintiff's July 10, 2009 situation at
9  the hospital on that day when my husband was stricken by ischemic stroke and who has
10 been confined for over 2 months.

12 Mercilessly, defendant Aurora Loan Services foreclosed on the subject property sometime
13 in the first quarter of 2010 and failed to even give me a chance to be reviewed for a loan
14 modification. The threat calls to foreclose on the subject property that the Plaintiff receives
15 was overwhelming. A day after the foreclosure bid, the Plaintiff checked who finally bought
16 the subject property and she found out that Aurora Loan Services is the new owner.

19 The subject property is a townhouse, mortgaged by the Plaintiff for the purchase amount of
20 $136,000 where Plaintiff paid 10% down to Homecomings Financial, LLC. While the Plaintiff
21 was the recorded owner/borrower, she never failed to pay the HOA fees required every
22 month.

24 However, when Aurora Loan Services becomes the new owner, they failed to communicate
25 to the Home Owners Association their position, failed and refused to pay the HOA fees
26 from February 2010 to September 2010 even though they were aware of the responsibility.
27 After about 8 months, the Plaintiff learned from other sources that Aurora Loan Services

was selling the subject property to a new buyer for the price tag of $75,000. A proper turn over would have been a smooth communication between the new owner and the Home Owners Association Administration.

Plaintiff, immediately filed a lien for nonpayment of HOA fees against the subject property's title. Aurora Loan Services at first did not want to pay the HOA fees and would like to go on with the sale, the Plaintiff finally received the HOA fees in October 2010 and right before cashing the check, the Plaintiff filed the complaint which is now the subject matter with the Case No. 2:10cv02858.

While the case was filed, Aurora Loan Services started paying the HOA fees from November 2010 up until June 2012 and then they stopped paying the HOA fees since July 2012 to present. As an HOA Administrator, I kept sending the invoice to the subject property and to the last known address the Plaintiff knows but the mail is returned undelivered.

The defendant Aurora Loan Services abandoned the subject property since July 2012, the garage door is broken (see attached Exhibit B of this document for the image of the garage door taken in May 2016), there has been no power/electricity. The Plaintiff being the HOA Administrator has received numerous complaints from the neighborhood that burglary and theft has increased due to the unpleasant sight caused by the negligence and abandonment of Aurora Loan Services to manage and maintain the subject property. The Plaintiff acting as the HOA Administrator has filed a Notice of Default against the subject property to Aurora Loan Services for non-payment of HOA fees at the Tom Leatherwood Registry of Deed.

The defendant Aurora Loan Services has hired some agency to sell the subject property again for the price of $65,000 and yet when they found out the amount of unpaid HOA fees,, they have asked for a reduction of the amount, which the Plaintiff acting as the HOA Administrator considered their request and reduced the delinquencies. However, they did not push through with the sale because their delinquent HOA fees has come close to the amount of the price they were trying to sell the subject property.

On October 18, 2017, the Plaintiff received this Order To Show Cause Hearing from the Honorable Magistrate Judge Diane K. Vescovo. The Plaintiff read through the attached documents and was surprised to learn that on page 2 of the Report and Recommendation on the Defendant's Motion for Judgment on the Pleadings, it is declared that that the court dismissed all Plaintiff's claim against Defendant Aurora Loan Services, LLC on September 9, 2011 and June 7, 2017. It also states that the only remaining defendants are Genworth and GMAC Mortgage, LLC ("GMAC").

The Plaintiff is not aware of this order from the court because in her initial complaints filed, Aurora Loan Services, LLC is liable for the distress of the Plaintiff while they were servicing the mortgage loan and even up to the time the subject property was foreclosed, defendant Aurora Loan Services, LLC bought it from Homecomings Financial/"GMAC", filing a claim from Genworth Financial's Private Mortgage Insurance whose premium is paid for by the Plaintiff, reselling the subject property to a third party, which the Plaintiff was able to stop due to Aurora Loan Services, LLC's neglect of the subject property and neglect of its obligation to pay the HOA dues for over 5 years now.

### III. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

- 6 -
PORTER v. GMAC, AURORA LOAN SERVICES, LLC, GENWORTH et al.

1) For the Plaintiff to be given due process of law.

2) To be heard on a Jury Trial.

3) For the Court to forgive the Plaintiff for she has no intentions of disrespecting the court rules and expectations, that she has not received nor read any mails sent in June 2017 for the Plaintiff has to accompany her 80 year old father to the Philippines because his oldest sister has passed away.

4) For the Plaintiff to learn if US Bankruptcy Law was created also to protect, and relieve an entity such as GMAC from being punished for "imposing unfair and abusive loan terms on borrowers" or "predatory lending", and that they can walk away without being responsible for the wrong actions made by them which caused a lot of family in distressed, felt violated, and deceived for the Defendant's greater gain?

5) For the Court to deny the Defendant GMAC's Motion for Dismissal from this case because they participated in predatory lending which led to the foreclosure of Plaintiff's real property.

6) For the Court to order from the Defendants the correct information as to who is the current owner of the subject property located at 6131 Woodstock View Dr. Millington, TN 38053.

7) Plaintiff is praying and hereby requesting the honorable Chief United States Magistrate Judge to Order the Defendants to Quiet Title the subject property back to the Plaintiff and all cost and expenses paid for by the Defendants.

8) For Aurora Loan Services, LLC & its successors to be added back in this case as one of the Defendants as I originally filed.

9) For the Plaintiff's request for Continuance be granted.

10) The Plaintiff is also requesting the honorable Chief United States Magistrate Judge to order defendant Aurora Loan Services, LLC to pay their delinquent HOA fees which the Plaintiff was forced to shoulder all the HOA fees for the subject property since defendant Aurora Loan Services' has not been responding, so that all expenses will not be neglected at the Home Owners Association level. This amount is now what the Plaintiff would like the court's help to be collected so that the funds will be paid back to her and be used for the repair of the subject property, in the Plaintiff's goal to help restore the beauty and safety of the Woodstock Hills neighborhood.

11) For GMAC to pay Compensatory Damages to Plaintiff, which are intended to restore what a plaintiff has lost as a result of GMAC's wrongful conduct.

12) For Aurora Loan Services, LLC to pay Compensatory Damages to Plaintiff, which are intended to restore what a plaintiff has lost as a result of Aurora Loan Services, LLC's wrongful conduct.

13) For Genworth Financial to show proof on when and of how much money the claim has paid Aurora Loan Services, LLC for the latter's claim on the subject property

14) For Genworth Financial to admit that they have sent an agent on their behalf without sending me proper notification, agent knocked on my door and the agent managed to talk me into letting her in my house, while I felt threatened not to allow the agent to

come in, but when I found out during our conversation from the agent himself that Aurora has filed a claim and that the agent conveyed to me that I maybe liable to Genworth afterwards. Hence, I asked the agent to leave for I felt violated by this agent inside my own home. Hence, at that time I felt that my privacy was invaded.

15) For GMAC to pay the Plaintiff all PMI premiums that they have collected for the Private Mortgage Insurance that Plaintiff was paying per month since the Loan Origination with Homecomings Financials/GMAC with reasonable interest based on each year's prevailing rate since that payment started until this case settled.

16) For GMAC to pay all mortgage payments paid by Plaintiff from the Loan Origination time until Aurora Loan Services, LLC foreclosed the subject property on behalf of Homecomings Financials/GMAC with reasonable interest until this case is settled.

17) For such further and other relief as to which the Plaintiff may be entitled that this honorable court may judge appropriately.

So help the truth to prevail God.

RESPECTFULLY SUBMITTED: This 26th day of October in the year, 2017.

BY: _____,

LOLINA PORTER, pro per

Signed reserving all my rights at UCC 1-308

STATE OF TENNESSEE

COUNTY OF SHELBY

I, Lolina Porter, hereby state under oath that the facts and allegations of the complaint filed herein, and the facts and matters set forth are true and correct to the best of my knowledge, information, and belief, and that I am justly entitled to the relief sought.

_____
LOLINA PORTER

Sworn and subscribed to before me this the 26 day of October, 2017.

_____
Notary Public

My Commission Expires
June 21, 2020

The subject property is located at —

6131 Woodstock View Dr.

Millington, TN 38053.