MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: gcohen@mcrazlaw.com
ploucks@mcrazlaw.com
jcoe@mcrazlaw.com

By:     Gary J. Cohen, # 15002
        Paul A. Loucks, # 19880
        Jeffrey J. Coe, # 30581
        20044-1/mbt
Attorneys for The City of Benson

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC, et al.,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered<br><br>**REQUEST FOR ORDER THAT THE AUTOMATIC STAY AND THE PLAN INJUNCTION DO NOT APPLY TO THE CITY OF BENSON** |

Pursuant to 11 U.S.C. §362(j), the City of Benson, a municipal corporation organized in the State of Arizona, hereby requests an Order that the automatic stay and the injunction provided for in ¶40 of the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (DE 6065) do not enjoin the cause of action commenced by the City of Benson against GMAC Mortgage, LLC ("GMAC") in the Superior Court of Arizona. The cause of action arose after the plan was confirmed and was not a Released Claim under the plan. The

City of Benson was not a creditor or a holder of any claim subject to the Bankruptcy Court's authority to discharge claims and enjoin actions of creditors, but GMAC has asserted to the Arizona Superior Court that the action is stayed and the City of Benson is subject to the Plan Injunction.

## I.    FACTUAL BACKGROUND

### City of Benson Action

1. The City of Benson is a municipality incorporated within Cochise County, Arizona with legal authority to regulate the public health, safety, and general welfare.

2. GMAC is the owner of record of real property located at 185 W. 4th St., Benson, Arizona.

3. Pursuant to Arizona Revised Statutes ("A.R.S.") §9-240(B)(21), the City of Benson is authorized to define, abate, and remove nuisances and to compel the owner or occupant of any house or premises to clean the grounds, streets and walks appurtenant and adjacent to the premises.

4. Pursuant to authority granted by A.R.S. §9-802, the City of Benson has adopted the 1997 edition of the Uniform Code for the Abatement of Dangerous Buildings which permits the City of Benson Building Official to commences proceedings to repair or demolish a building that has been determined to be a "dangerous building."

5. On April 7, 2015, the City of Benson received a complaint from the Benson Fire Department that the property located at 185 W. 4th St., Benson, Arizona was abandoned but accessible and used by vagrants.

6. On April 7, 2015, a site visit by the City of Benson showed abandoned, dilapidated motel buildings which were accessible and being used by vagrants. The Benson Building Official determined that the buildings on the property constituted "dangerous buildings."

7. Pursuant to the Benson City Code §9-2-7, the City of Benson sent a *Notice to Abate and Cost Assessment* to GMAC, the owner of record of the property, with a response date of May 28, 2015. The City of Benson received no response from GMAC.

8. On June 30, 2016, the Building Official issued a *Notice and Order of Demolition* for the buildings located on the property. The Notice and Order of Demolition required GMAC to respond by September 1, 2016. The City of Benson did not receive a response from GMAC.

9. On October 25, 2016, the City of Benson filed a *Verified Complaint and Application for Preliminary Injunction* against GMAC seeking to compel GMAC to abate the nuisance on its property. The Complaint is attached as **Exhibit A**.

10. The Superior Court of Arizona consolidated the Preliminary Injunction Hearing with a trial on the merits and after fully considering the evidence, the Superior Court issued a Judgment requiring GMAC to abate the dangerous nature of the property and authorizing the City of Benson to abate the nuisances including demolishing all structures and removing debris if GMAC failed to do so. The Arizona Superior Court Judgment provides that the City of Benson will be awarded abatement costs incurred upon submission of a Verified Statement of Costs. The Judgment is attached as **Exhibit B**.

11. GMAC failed to abate the nuisance and pursuant to the Judgment, the City of Benson demolished the buildings and removed the debris.

12. Following abatement, the City of Benson filed a Verified Statement of Costs with the Arizona Superior Court. In response, GMAC filed a *Notice of Pending Bankruptcy Proceeding*, attached as **Exhibit C**.

13. GMAC asserted to the Arizona Superior Court that the automatic stay imposed by §362 enjoins the entire state court action against GMAC. GMAC also asserted that "[b]oth the Plan and Confirmation Order provide for the extension of the automatic stay beyond the Effective Date" and that "both Section G of ¶40 of the Confirmation Order and

Article IX.I of the Plan contain an 'Injunction' provision that, among other things, enjoins all parties from 'commencing or continuing in any manner or action or other proceeding of any kind' related to claims that are released under the Plan."

14. Based on GMAC's Notice, the Arizona Superior Court stayed the case.

## GMAC Bankruptcy

15. On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC (collectively "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 cases are jointly administered under case no. 12-12020 (MG).

16. On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") (DE 6065).

17. On December 17, 2013, the Debtors filed a *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors and Occurrence of Effective Date* (DE 6137) which gave notice that the Effective Date occurred on December 17, 2013.

18. In exchange for the plan contribution from Ally, Article IX.B of the Plan provides that "the holders of Claims and Equity Interests shall be deemed to provide a full and complete discharge and release to the Ally Released Parties…" Article IX also provides for releases of Debtor claims, Ally Contract claims, and claims of junior secured note holders.

19. Paragraph 40, section G, of the Confirmation Order provides for a permanent injunction of causes of action against Released Parties which constitute Released Claims.

20. The Confirmation Order provides for a discharge and release to the fullest extent permitted by §1141 of and from any and all claims that arose prior to the Effective Date.

## II. ARGUMENT

The City of Benson properly asserted a cause of action against GMAC which first arose in April of 2015, nearly three years after the Petition Date and several months after the Effective Date. The automatic stay of §362(a) does not apply to claims that arise post-petition. *In re Chateaugay Corp.,* 86 B.R. 33, 37-38 (S.D.N.Y. 1987). A claim is a pre-petition claim only if "the claimant…possess[es] a right to payment" and "that right must have arisen prior to the filing of the bankruptcy petition." *Olin Corp. v. Riverwood Int'l (In re Manville Forest Prods.)*, 209 F.3d 125, 128 (2d Cir. 2000).

The cause of action asserted by the City of Benson is based on the voluntary post-petition actions of GMAC to refuse to abate the nuisance on its property. The City of Benson did not have any right to payment until GMAC refused to comply with its obligation to maintain the property which forced the City of Benson to incur costs to abate GMAC's dangerous buildings. Because the cause of action is a post-petition claim, it is not stayed by §362(a).

The City of Benson is not a creditor in the Bankruptcy Case and was not a holder of a claim against the GMAC estate. As a result, the claims of the City of Benson against GMAC were not discharged under ¶42 of the Confirmation Order and were not subject to the release provisions of ¶40 of the Confirmation Order. The Injunction provision of ¶40 of the Confirmation Order and Article IX of the Plan only apply to enjoin commencement or continuation of proceedings to collect Released Claims against Released Parties. The cause of action asserted by the City of Benson was not a Released Claim and is therefore not subject to the Injunction.

### III. CONCLUSION

The City of Benson has obtained a Judgment from the Arizona Superior Court based on GMAC's voluntary post-petition conduct. The proceeding is not subject to the automatic stay and the cause of action was neither discharged nor released under the Plan and Confirmation Order. Contrary to GMAC's assertions to the state court, the discharge injunction and the Plan injunction do not prevent the City of Benson from continuing the action against GMAC. The City of Benson requests an Order from this Court that the Arizona Superior Court action is not stayed by §362(a) and the City of Benson is not enjoined by the Confirmation Order from continuing its post-petition, post-confirmation action against GMAC.

RESPECTFULLY SUBMITTED this 3rd day of January, 2018.

MESCH CLARK ROTHSCHILD, PC as
BENSON CITY ATTORNEY

*Admitted Pro Hac Vice*
By: ___s/ Jeffrey J. Coe___
Gary J. Cohen
Paul A. Loucks
Jeffrey J. Coe

24V0962.DOCX