# Exhibit C

RECEIVED
JUN 28 2017
Mesch, Clark & Rothschild, P.C.

**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

John C. Lemaster (Bar No. 11588)
jlemaster@rcalaw.com

Kevin R. Heaphy (Bar No. 26266)
kheaphy@rcalaw.com

*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| CITY OF BENSON, a municipal corporate, <br><br> Plaintiff, <br><br> v. <br><br> GMAC MORTGAGE, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. CV201600530 <br><br> **GMAC MORTGAGE, LLC'S NOTICE OF PENDING BANKRUPTCY PROCEEDING** |

GMAC Mortgage, LLC ("GMAC") by and through its undersigned counsel, respectfully submits this *Notice of Pending Bankruptcy Proceeding*, and states as follows:

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases (collectively, the "Bankruptcy Cases") are being jointly administered, indexed at case no. 12-12020 (MG).

2. By filing this Notice, the undersigned hereby provides notice to the Court and the parties of the Bankruptcy Cases that the automatic stay imposed by §362 of the United States Bankruptcy Code enjoins this entire action, as asserted against GMAC, from proceeding.

3. On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the*

4221946.1
06/26/17

*Official Committee of Unsecured Creditors* (the "Confirmation Order") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 Plan, as amended (the "Plan"). The effective date under the Plan occurred on December 17, 2013 (the "Effective Date").

4. Both the Plan and Confirmation Order provide for the extension of the automatic stay beyond the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶63(g); Plan, Art. XIII.K). **Moreover, both Section G of ¶40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan.**

5. In addition, pursuant to Article XII of the Plan and ¶66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:
>
> **(a)    to allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured, or unsecured status, or amount of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the secured or unsecured status, priority, amount, or allowance of Claims or Equity Interests;**
>
> …
>
> **(c) to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;**
>
> ….

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

(Plan, Art. XII) (emphasis added). In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction.** The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶66).

6. For the avoidance of doubt, GMAC is not seeking any relief from the Court by this Notice, and is submitting this Notice solely for the purpose of providing the Court and the parties to this action with notice of the pending Bankruptcy Cases.

DATED this 26th day of June 2017.

                                          **RYLEY CARLOCK & APPLEWHITE**

                                          By /s/ *Kevin R. Heaphy*
                                              Kevin R. Heaphy
                                              Attorneys for Defendant

COPY of the foregoing mailed/e-mailed this 26th day of June 2017 to:

Gary J. Cohen
Paul A. Loucks
Jeffrey J. Coe
Mesch Clark Rothschild
259 North Meyer Avenue
Tucson, Arizona 85701
gcohen@mcrazlaw.com
ploucks@mcrazlaw.com
jcoe@mcrazlaw.com

/s/ *Brandi R. Kline*