MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:   (520) 624-8886
Fax:    (520) 798-1037
Email: gcohen@mcrazlaw.com
           ploucks@mcrazlaw.com
           jcoe@mcrazlaw.com

By:     Gary J. Cohen, # 15002
          Paul A. Loucks, # 19880
          Jeffrey J. Coe, # 30581
          20044-1/mbt
Attorneys for The City of Benson

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>Residential Capital, LLC, <u>et al</u>.,<br><br>          Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered<br><br>**REQUEST FOR ORDER THAT THE AUTOMATIC STAY AND THE PLAN INJUNCTION DO NOT APPLY TO THE CITY OF BENSON** |
|---|---|

Pursuant to 11 U.S.C. §362(j), the City of Benson, a municipal corporation organized in the State of Arizona, hereby requests an Order that the automatic stay and the injunction provided for in ¶40 of the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (DE 6065) do not enjoin the cause of action commenced by the City of Benson against GMAC Mortgage, LLC ("GMAC") in the Superior Court of Arizona. The cause of action arose after the plan was confirmed and was not a Released Claim under the plan. The

City of Benson was not a creditor or a holder of any claim subject to the Bankruptcy Court's authority to discharge claims and enjoin actions of creditors, but GMAC has asserted to the Arizona Superior Court that the action is stayed and the City of Benson is subject to the Plan Injunction.

## I.    FACTUAL BACKGROUND

### City of Benson Action

1.    The City of Benson is a municipality incorporated within Cochise County, Arizona with legal authority to regulate the public health, safety, and general welfare.

2.    GMAC is the owner of record of real property located at 185 W. 4th St., Benson, Arizona.

3.    Pursuant to Arizona Revised Statutes ("A.R.S.") §9-240(B)(21), the City of Benson is authorized to define, abate, and remove nuisances and to compel the owner or occupant of any house or premises to clean the grounds, streets and walks appurtenant and adjacent to the premises.

4.    Pursuant to authority granted by A.R.S. §9-802, the City of Benson has adopted the 1997 edition of the Uniform Code for the Abatement of Dangerous Buildings which permits the City of Benson Building Official to commences proceedings to repair or demolish a building that has been determined to be a "dangerous building."

5.    On April 7, 2015, the City of Benson received a complaint from the Benson Fire Department that the property located at 185 W. 4th St., Benson, Arizona was abandoned but accessible and used by vagrants.

6.    On April 7, 2015, a site visit by the City of Benson showed abandoned, dilapidated motel buildings which were accessible and being used by vagrants. The Benson Building Official determined that the buildings on the property constituted "dangerous buildings."

7.      Pursuant to the Benson City Code §9-2-7, the City of Benson sent a *Notice to Abate and Cost Assessment* to GMAC, the owner of record of the property, with a response date of May 28, 2015. The City of Benson received no response from GMAC.

8.      On June 30, 2016, the Building Official issued a *Notice and Order of Demolition* for the buildings located on the property. The Notice and Order of Demolition required GMAC to respond by September 1, 2016. The City of Benson did not receive a response from GMAC.

9.      On October 25, 2016, the City of Benson filed a *Verified Complaint and Application for Preliminary Injunction* against GMAC seeking to compel GMAC to abate the nuisance on its property. The Complaint is attached as **Exhibit A**.

10.     The Superior Court of Arizona consolidated the Preliminary Injunction Hearing with a trial on the merits and after fully considering the evidence, the Superior Court issued a Judgment requiring GMAC to abate the dangerous nature of the property and authorizing the City of Benson to abate the nuisances including demolishing all structures and removing debris if GMAC failed to do so. The Arizona Superior Court Judgment provides that the City of Benson will be awarded abatement costs incurred upon submission of a Verified Statement of Costs. The Judgment is attached as **Exhibit B**.

11.     GMAC failed to abate the nuisance and pursuant to the Judgment, the City of Benson demolished the buildings and removed the debris.

12.     Following abatement, the City of Benson filed a Verified Statement of Costs with the Arizona Superior Court. In response, GMAC filed a *Notice of Pending Bankruptcy Proceeding*, attached as **Exhibit C**.

13.     GMAC asserted to the Arizona Superior Court that the automatic stay imposed by §362 enjoins the entire state court action against GMAC. GMAC also asserted that "[b]oth the Plan and Confirmation Order provide for the extension of the automatic stay beyond the Effective Date" and that "both Section G of ¶40 of the Confirmation Order and

Article IX.I of the Plan contain an 'Injunction' provision that, among other things, enjoins all parties from 'commencing or continuing in any manner or action or other proceeding of any kind' related to claims that are released under the Plan."

14.    Based on GMAC's Notice, the Arizona Superior Court stayed the case.

### GMAC Bankruptcy

15.    On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC (collectively "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 cases are jointly administered under case no. 12-12020 (MG).

16.    On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") (DE 6065).

17.    On December 17, 2013, the Debtors filed a *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors and Occurrence of Effective Date* (DE 6137) which gave notice that the Effective Date occurred on December 17, 2013.

18.    In exchange for the plan contribution from Ally, Article IX.B of the Plan provides that "the holders of Claims and Equity Interests shall be deemed to provide a full and complete discharge and release to the Ally Released Parties…" Article IX also provides for releases of Debtor claims, Ally Contract claims, and claims of junior secured note holders.

19.    Paragraph 40, section G, of the Confirmation Order provides for a permanent injunction of causes of action against Released Parties which constitute Released Claims.

20.    The Confirmation Order provides for a discharge and release to the fullest

extent permitted by §1141 of and from any and all claims that arose prior to the Effective

Date.

## II.    **ARGUMENT**

The City of Benson properly asserted a cause of action against GMAC which first

arose in April of 2015, nearly three years after the Petition Date and several months after the

Effective Date. The automatic stay of §362(a) does not apply to claims that arise post-

petition. *In re Chateaugay Corp.,* 86 B.R. 33, 37-38 (S.D.N.Y. 1987). A claim is a pre-

petition claim only if "the claimant…possess[es] a right to payment" and "that right must

have arisen prior to the filing of the bankruptcy petition." *Olin Corp. v. Riverwood Int'l (In

re Manville Forest Prods.)*, 209 F.3d 125, 128 (2d Cir. 2000).

The cause of action asserted by the City of Benson is based on the voluntary post-

petition actions of GMAC to refuse to abate the nuisance on its property. The City of

Benson did not have any right to payment until GMAC refused to comply with its obligation

to maintain the property which forced the City of Benson to incur costs to abate GMAC's

dangerous buildings. Because the cause of action is a post-petition claim, it is not stayed by

§362(a).

The City of Benson is not a creditor in the Bankruptcy Case and was not a holder of a

claim against the GMAC estate. As a result, the claims of the City of Benson against GMAC

were not discharged under ¶42 of the Confirmation Order and were not subject to the release

provisions of ¶40 of the Confirmation Order. The Injunction provision of ¶40 of the

Confirmation Order and Article IX of the Plan only apply to enjoin commencement or

continuation of proceedings to collect Released Claims against Released Parties. The cause

of action asserted by the City of Benson was not a Released Claim and is therefore not

subject to the Injunction.

**III.    <u>CONCLUSION</u>**

The City of Benson has obtained a Judgment from the Arizona Superior Court based on GMAC's voluntary post-petition conduct. The proceeding is not subject to the automatic stay and the cause of action was neither discharged nor released under the Plan and Confirmation Order. Contrary to GMAC's assertions to the state court, the discharge injunction and the Plan injunction do not prevent the City of Benson from continuing the action against GMAC. The City of Benson requests an Order from this Court that the Arizona Superior Court action is not stayed by §362(a) and the City of Benson is not enjoined by the Confirmation Order from continuing its post-petition, post-confirmation action against GMAC.

RESPECTFULLY SUBMITTED this 3rd day of January, 2018.

MESCH CLARK ROTHSCHILD, PC as
BENSON CITY ATTORNEY


*Admitted Pro Hac Vice*
By:   s/ Jeffrey J. Coe
Gary J. Cohen
Paul A. Loucks
Jeffrey J. Coe

24V0962.DOCX

# Exhibit A

FILED

2016 OCT 25  PM 2: 55

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:  (520) 798-1037
Email: gcohen@mcrazlaw.com
        ploucks@mcrazlaw.com
        jcoe@mcrazlaw.com

By:    Gary J. Cohen, # 15002
        Paul A. Loucks, #19880
        Jeffrey J. Coe, #30581
        20044-1/jjc
Attorneys for Plaintiff The City of Benson

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF COCHISE

| | |
|---|---|
| CITY OF BENSON, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | No. **CV201600530**<br><br>**VERIFIED COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>DIV. 1 |

Plaintiff City of Benson ("City of Benson" or "City") hereby alleges as follows:

### GENERAL ALLEGATIONS

1.    The City of Benson is a municipality incorporated within Cochise County with legal authority to regulate the public health, safety and general welfare.

2.    All acts alleged in this Complaint occurred or are occurring in Cochise County, Arizona.

1   3.  This Court has subject matter jurisdiction over this action.

2   4.  Defendant is the owner of record of the real property located at 185 W. 4th St.,

3 Benson, Arizona, identified by tax parcel identification numbers 123-20-010B, 123-20-

4 010C, 123-20-010D, and 123-20-010E of the Cochise County Assessor's Office

5 ("Property").

6   5.  Pursuant to A.R.S. §9-240(B)(21), the City of Benson is authorized "(a) to

7 define, abate and remove nuisances, and punish persons committing nuisances, and (b) [t]o

8 compel the owner or any occupant of any house or premises to clean the grounds, stables,

9 alleys, streets and walks appurtenant and adjacent thereto."

10   6.  Article 9 of the Benson City Code ("City Code") establishes requirements for

11 maintenance of all private property, structures, and land for the purpose of promoting the

12 health, safety and welfare of the citizens of the City of Benson and protecting against

13 nuisances, blight and deterioration.

14   7.  Pursuant to City Code §9-2-6, it is unlawful for any owner, lessor, lessee,

15 manager or other person in control of private property to fail to maintain the property and

16 contiguous areas in such a manner so as to not create a public nuisance.

17   8.  The improvements on the Property constitute a public nuisance as they have

18 been maintained.

19   9.  Section 9-2-7 of the City Code requires a Notice to Abate and Cost

20 Assessment to be served upon the owner of record, as recorded in the Cochise County

21 Recorder's Office, before the City files a civil citation or complaint.

22   10.  Pursuant to authority granted by A.R.S. §9-802, the City of Benson has

23 adopted the 1997 edition of the Uniform Code for the Abatement of Dangerous Buildings

24 ("UCADB").

25

26

11.   Section 401 of the UCADB permits the Building Official to commence proceedings to cause the repair, vacation or demolition of a building that has been determined to be a "dangerous building."

12.   Section 302 of the UCADB defines a "dangerous building" as one that has any or all of eighteen listed conditions which endanger the life, health, property, or safety of the public or its occupants.

13.   Under section 401 of the UCADB, adopted by the City of Benson, after the Building Official determines that a building is a dangerous building, the Building Official is required to issue a Notice and Order directed to the owner of the dangerous buildings which describes the actions required to be taken as determined by the Building Official.

14.   In April 2015, the Benson City Zoning Administrator determined that the Property had been abandoned but was still accessible and used by vagrants.

15.   On April 7, 2015, the City Zoning Administrator sent a Notice to Abate and Cost Assessment to Defendant, the record owner of the Property, with a response date of May 28, 2015. The Notice described a public nuisance caused by "retention of dilapidated and dangerous buildings on the property which are accessible, have had a fire in one of the buildings that the City of Benson Fire Department was called out to extinguish, buildings are full of debris, trash and old furniture, yard areas have uncultivated grass, brush and weeds over ten inches in height." The Notice to Abate and Cost Assessment and accompanying photographs are attached as Exhibit A.

16.   The buildings on the Property constitute dangerous buildings as they have been maintained.

17.   Defendant did not respond to the Notice to Abate and Cost Assessment. On May 30, 2015, a site visit indicated no change on the Property or buildings.

18.   On June 30, 2016, the Building Official issued a Notice and Order of Demolition for the buildings located at the Property to the Defendant and posted the Notice

3

and Order at the Property. The Building Official determined that the buildings were "dangerous buildings" because ten of the conditions listed in the UCADB §302 existed on the Property. The Notice and Order of Demolition and accompanying photographs are attached as Exhibit B.

19.    Chapter 5 of the UCADB allows a property owner to appeal a building official's determination that a property contains dangerous buildings.

20.    The Notice and Order of Demolition required Defendant to respond by September 1, 2016.

21.    Despite the Notice to Abate and Cost Assessment issued on April 7, 2015 and the Notice and Order of Demolition issued on June 30, 2016, Defendant has neither abated the nuisance, nor demolished the buildings.

22.    Defendant has not appealed or sought administrative review of either determination.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A.    Set a hearing for a preliminary injunction to abate Defendant's violations of the Benson City Code and the Uniform Code for the Abatement of Dangerous Buildings as alleged in this Complaint.

B.    Order that the trial on the merits of this matter be accelerated pursuant to Rule 65(a)(2) Ariz. R. Civ. P. so that the trial may be consolidated with the hearing on the Plaintiff's application for Preliminary Injunction.

C.    Upon conclusion of the hearing on Plaintiff's Application for Preliminary Injunction and trial on the merits, enter a permanent order requiring Defendant, within a specified and prompt time, to demolish the buildings on the Property and abate all nuisances on the Property.

D.  Enter a permanent alternative order allowing the City of Benson to demolish and abate nuisances on the Property in the event that Defendant fails to comply within the specified time.

E.  Grant judgment in favor of the City of Benson for its costs incurred in this matter.

F.  Retain jurisdiction of this action for the purposes of enforcing the judgment and orders prayed for herein.

G.  Should the City abate the violations on the Property, enter a judgment in favor of the City of Benson for the costs of the abatement.

H.  Award such other and further relief as the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 24th day of October, 2016.

MESCH CLARK ROTHSCHILD, P.C. as
BENSON CITY ATTORNEY

By: _____
    Gary J. Cohen
    Paul A. Loucks
    Jeffrey J. Coe

\

2306859.DOCX

5

VERIFICATION

STATE OF ARIZONA        )
                        ) ss.
COUNTY OF COCHISE       )

I, Bradley J. Hamilton, being first duly sworn upon my oath, depose and say that I am the Zoning Administrator for the City of Benson, that I have read this Verified Complaint and know the contents thereof, and I believe the property and zoning allegations contained in the Verified Complaint are true based upon my information and belief.

Bradley J. Hamilton

SUBSCRIBED AND SWORN TO before me on this 13th day of September, 2016, by Brad Hamilton.

Notary Public

OFFICIAL SEAL
VICKI L. VIVIAN
Notary Public - State of Arizona
County of Cochise
MY COMMISSION EXPIRES OCTOBER 16, 2018

6

Exhibit B

MONEY JUDGMENT INFORMATION STATEMENT
PURSUANT TO A.R.S. §33-967

The Property at issue is described both in the accompanying Judgment and in Exhibit "A" hereto.   The Judgment Creditor provides the following information about the Judgment:

1.     The correct name and last known address of each Judgment Debtor and the address at which each Judgment Debtor received the summons by personal service or mail:

GMAC Mortgage, LLC                          GMAC Mortgage, LLC
f/k/a  GMAC Mortgage Corporation            c/o Corporation Service Co.
1100 Virginia Drive                         2711 Centerville Road, Suite 400
Fort Washington, PA   19034                 Wilmington, DE   19808

2.     The name and address of the Judgment Creditor:

City of Benson
120 W. 6th Street
Benson, AZ   85602

c/o Mesch, Clark & Rothschild, P.C.
259 North Meyer Avenue
Tucson AZ 85701

3.     The amount of the Judgment or decree as entered or as most recently renewed.

$   Unknown at this time; to be determined upon resubmission to Court.

4.     If the Judgment Debtor is a natural person, the Judgment Debtor's social security number, date of birth and driver license number.            N/A

5.     Whether a stay of enforcement has been ordered by the Court and the date the stay expires.        No.

23W8738.DOC

EXHIBIT "A"

LOT 10 THROUGH 14 INCLUSIVE, BLOCK 1, BRYAN'S ADDITION TO THE TOWN OF
BENSON, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY
RECORDER OF COCHISE COUNTY, ARIZONA IN BOOK 1 OF MAPS, PAGE 24.

TOGETHER WITH THE ABANDONED PORTION OF ADAMS AVENUE LYING ALONG THE
EAST LINE OF LOT 10, BLOCK 1, BRYAN'S ADDITION TO THE TOWN OF BENSON,
ABANDONED BY RESOLUTION NO. 55-85 DATED·NOVEMBER 20, 1985, RECORDED
NOVEMBER 26, 1985, AS INSTRUMENT NO. 8511-23695, RECORDS OF COCHISE COUNTY,
ARIZONA.

FILED

2016 NOV 23  AM 9: 52

TJ  CLERK ... ... ... LAR

DEPUTY____ ... ...

1  MESCH CLARK ROTHSCHILD
2  259 North Meyer Avenue
   Tucson, Arizona 85701
3  Phone: (520) 624-8886
4  Fax:   (520) 798-1037
   Email: gcohen@mcrazlaw.com
5          ploucks@mcrazlaw.com
           jcoe@mcrazlaw.com
6
7  By:   Gary J. Cohen, # 15002
         Paul A. Loucks, #19880
8        Jeffrey J. Coe, #30581
         20044-1/jjc
9  Attorneys for Plaintiff The City of Benson
10

11              **SUPERIOR COURT OF THE STATE OF ARIZONA**

12                        **COUNTY OF COCHISE**

13

14  CITY OF BENSON, a municipal              No.  CV2016-00530
    corporation,

15                                           **JUDGMENT**
                    Plaintiff,
16

17  v.

18  GMAC MORTGAGE, LLC, a Delaware
    limited liability company,
19

20                  Defendant.

21          The matter having come before the Court on Plaintiff's Application for a Preliminary

22  Injunction and the Court having granted Plaintiff's motion to consolidate the Preliminary

23  Injunction Hearing with a trial on the merits, the Court having fully considered the evidence,

24          THE COURT FINDS:

25          A.      The real property located at 185 W. 4th St., Benson, Arizona, identified by tax

26                  parcel identification numbers 123-20-010B, 123-20-010C, 123-20-010D, and

CV2015-00530
JUDGMENT

1   123-20-010E of the Cochise County Assessor's Office ("Property") is a

2   dangerous building;

3   B.    Abatement of the conditions of the building is warranted;

4   THE COURT ACCORDINGLY ORDERS, ADJUDGES, AND DECREES, as

5   follows:

6   1.    Defendant is required to abate the dangerous nature of the property, which steps may

7   include demolishing the buildings on the Property, and abate all nuisances on the Property.

8   2.    Should the Defendant fail to abate the dangerous nature of the property and all

9   nuisances on the property within 60 days, the City of Benson is hereby authorized to do so,

10  including through demolishing all structures on the Property and removing whatever

11  remaining debris is necessary to render the property nuisance-free.

12  3.    Awarding the City of Benson for its costs incurred in this matter upon submission of

13  a Verified Statement of Costs

14  4.    Retaining jurisdiction of this action for the purposes of enforcing the judgment and

15  orders prayed for herein.

16  5.    Should the City abate the violations on the Property, the City may apply no later than

17  60 days after its actions for an amended judgment in favor of the City of Benson for the

18  costs of the abatement.

19  This judgment is a final judgment entered pursuant to Ariz. R. Civ. Proc. 54(c).

20

21

22  DATED: _November 28, 2016_                    _____

23                                               Judge of the Superior Court
                                                 Cochise County

24  **CERTIFIED**                                 COUNTY OF COCHISE
    **EXACT COPY**                               STATE OF ARIZONA
25                                               The foregoing instrument is a full, true and correct
                                                 copy of the original on file in the office.
                                                 Attested _November 23_ 20_16_
26                                               MARY ELLEN DUNLAP, Clerk
                                                 By_____ Deputy

2

Exhibit C

RECEIVED

JUN 28 2017

Mesch, Clark & Rothschild, P.C.

**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

John C. Lemaster (Bar No. 11588)
jlemaster@rcalaw.com

Kevin R. Heaphy (Bar No. 26266)
kheaphy@rcalaw.com

*Attorneys for Defendant*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| CITY OF BENSON, a municipal corporate,<br><br>    Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, a Delaware<br>limited liability company,<br><br>    Defendant. | Case No. CV201600530<br><br>**GMAC MORTGAGE, LLC'S NOTICE<br>OF PENDING BANKRUPTCY<br>PROCEEDING** |

GMAC Mortgage, LLC ("GMAC") by and through its undersigned counsel, respectfully submits this *Notice of Pending Bankruptcy Proceeding*, and states as follows:

1.    On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases (collectively, the "Bankruptcy Cases") are being jointly administered, indexed at case no. 12-12020 (MG).

2.    By filing this Notice, the undersigned hereby provides notice to the Court and the parties of the Bankruptcy Cases that the automatic stay imposed by §362 of the United States Bankruptcy Code enjoins this entire action, as asserted against GMAC, from proceeding.

3.    On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the*

4221946.1
06/26/17

*Official Committee of Unsecured Creditors* (the "Confirmation Order") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 Plan, as amended (the "Plan"). The effective date under the Plan occurred on December 17, 2013 (the "Effective Date").

4.    Both the Plan and Confirmation Order provide for the extension of the automatic stay beyond the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶63(g); Plan, Art. XIII.K). **Moreover, both Section G of ¶40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan.**

5.    In addition, pursuant to Article XII of the Plan and ¶66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:
>
> **(a)    to allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured, or unsecured status, or amount of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the secured or unsecured status, priority, amount, or allowance of Claims or Equity Interests;**
> ...
>
> **(c) to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;**
> ....

---

[1]    Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

(Plan, Art. XII) (emphasis added). In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction.** The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶66).

6.      For the avoidance of doubt, GMAC is not seeking any relief from the Court by this Notice, and is submitting this Notice solely for the purpose of providing the Court and the parties to this action with notice of the pending Bankruptcy Cases.

DATED this 26th day of June 2017.

RYLEY CARLOCK & APPLEWHITE

By _/s/ Kevin R. Heaphy_
     Kevin R. Heaphy
     Attorneys for Defendant

COPY of the foregoing mailed/e-mailed
this 26th day of June 2017 to:

Gary J. Cohen
Paul A. Loucks
Jeffrey J. Coe
Mesch Clark Rothschild
259 North Meyer Avenue
Tucson, Arizona 85701
gcohen@mcrazlaw.com
ploucks@mcrazlaw.com
jcoe@mcrazlaw.com

_/s/ Brandi R. Kline_

Proposed Order

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Presentment Date and Time:
**January 18, 2018 at 12 noon**
Objection Deadline:
**January 12, 2018 at 11:59 p.m.**

-----------------------------------------------------------------x

In re:  Residential Capital, LLC, et al.,

Chapter 11 Case No. 12-12020 (MG)

Debtors.

-----------------------------------------------------------------x

## ORDER THAT THE AUTOMATIC STAY AND THE PLAN INJUNCTION
## DO NOT APPLY TO THE CITY OF BENSON

This matter came before the Court pursuant to the *Request For Order That The Automatic Stay And The Plan Injunction Do Not Apply To The City Of Benson* (DE ___) (the "Request") filed by the City of Benson, a municipal corporation organized in the State of Arizona.  The City of Benson gave due and appropriate notice on January 3, 2018, as evidenced by the Request and the Certificate of Service (DE __).  There have been no objections to the Request; and good cause appearing,

IT IS HEREBY ORDERED ADJUDGED, AND DECREED granting the Request and determining that the automatic stay and the injunction provided for in ¶40 of the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditor*s (DE 6065) do not enjoin the cause of action commenced by the City of Benson against GMAC Mortgage, LLC ("GMAC") in the Superior Court of Arizona, and the City of Benson is not enjoined by the Confirmation Order from continuing its post-petition, post-confirmation action against GMAC.

SO ORDERED
This ____day of _____, 2018, in New York, New York

_____

HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGEPLEASE

24W1352.DOCX