MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum

*Counsel for the ResCap Borrower Claims
Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE NOTICE OF
MOTION FILED BY LOLINA PORTER FOR LEAVE TO FILE PROOF OF CLAIM
OUT OF TIME AND MOTION TO LITIGATE DEBTOR IN THE DISTRICT COURT
<u>FOR NONDISCHARGEABILITY DETERMINATION</u>**

ny-1311242

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ........................................................................................................2

I.      GENERAL BACKGROUND .........................................................................2

II.     MOTION AND ORDERS IN AID OF ENFORCEMENT OF INJUNCTION
        PROVISIONS OF PLAN AND CONFIRMATION ORDER ...........................2

III.    THE DISTRICT COURT LITIGATION, ENTRY OF THE BAR DATE ORDER,
        AND RELATED NOTICE OF THE BAR DATE ............................................4

        A.     Litigation Between Movant and Debtors...............................................4

        B.     Debtors' Notices to the Movant of the Commencement of the Chapter 11
             Cases and the Bar Date...................................................................7

I.      SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT ....................9

II.     MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT ..............11

        A.     The Reason for the Delay, Including Whether it was Within the
             Reasonable Control of the Movant.......................................................13

        B.     The Danger of Prejudice to the Debtors .............................................14

        C.     Whether the Movant Acted in Good Faith ..........................................15

        D.     The Length of Delay and its Potential Impact on Judicial Proceedings..............15

## TABLE OF AUTHORITIES

**Page(s)**

Cases

Hagner v. United States,
   285 U.S. 427 (1932) .................................................................................................9

In re Alexander's Inc.,
   176 B.R. 715 (Bankr. S.D.N.Y. 1995) ...................................................................9

In re BGI, Inc.,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ...............................................12

In re BH S & B Holdings LLC,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ...............................................12

In re PT-1 Commc'ns, Inc.,
   403 B.R. 250 (Bankr. E.D.N.Y. 2009) ..................................................................12

In re WorldCom, Inc.,
   No. 02-13533 (AJG), 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005)
   (Gonzalez, J.) ..........................................................................................................9

Midland Cogeneration Venture Ltd. P'ship v. Enron (In re Enron Corp.),
   419 F.3d 115 (2d Cir. 2005) ..............................................................11, 12, 14, 15

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
   507 U.S. 380 (1993) ...............................................................................................11

Riverhead Transit Mix Corp. v. Walsh Constr. Co. (In re Riverhead Transit Mix
   Corp.),
   No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995).............9

ny-1311242

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 Plan confirmed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (defined below), hereby submits this objection (the "Objection") to the *Notice of Motion for Leave to File Proof of Claim Out of Time and Motion to Allow Claimaint to Continue to Litigate [sic] Debtor in the District Court for Nondischargeabilty Determination* [Docket No. 10451] (the "Motion") filed by Lolina Porter (the "Movant") and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Movant has not so much as even attempted to demonstrate that the Debtors did not provide Movant with sufficient notice of the Bar Date (defined below). Service of the notice of the claims Bar Date on the Movant at the Movant's Address (defined below) was sufficient service, and Movant cannot satisfy the standards for excusable neglect applicable in this District so as to permit Movant to file an untimely proof of claim. Accordingly, the Motion must be denied. Likewise, because Movant does not hold a claim against any of the Debtors, to the extent the Motion purports to seek relief from the automatic stay for purposes of Movant continuing the prosecution of the District Court Action (defined below), the Motion similarly cannot stand.[1]

---

[1] The Motion does not expressly seek relief from the automatic stay extant under section 362(a) of the Bankruptcy Code; however, read liberally the Movant apparently seeks such relief in a conclusory fashion but without addressing the for cause standards of section 362(d) of the Bankruptcy Code.

## BACKGROUND

### I.    GENERAL BACKGROUND

2.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Borrower Trust and the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") were established [Docket No. 6137].

3.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court.  <u>See</u> Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  <u>See</u> <u>id.</u>

### II.    MOTION AND ORDERS IN AID OF ENFORCEMENT OF INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER

4.     On February 19, 2015, the Liquidating Trust filed a Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order [Docket No. 8158] (the "<u>Procedures Motion</u>").  The Procedures Motion requested authorization from the Court to implement a process to facilitate the Liquidating Trust's enforcement of the release and injunctive provisions of the Plan and Confirmation Order (the "<u>Plan Injunction</u>

2

Provisions"). In particular, the objective of the Procedures Motion was to obtain the enforcement of the Plan Injunction Provisions against those parties who had litigation pending against the Debtors and where such parties had failed to file proofs of claims against the Debtors. Movant's District Court Action (defined below) was among the litigations identified in the Procedures Motion, see Declaration of William R. Thompson, attached to the Procedures Motion as Exhibit 2, and a copy of the Procedures Motion was served on the Movant at Movant's Address. See Affidavit of Service of Clarissa D. Cu [Docket No. 8194] at Exhibit E, p.7. The Court granted the Procedures Order and entered the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of the Plan and Confirmation Order, dated March 13, 2015 [Docket No 8303] (the "Procedures Order").

5.     The Procedures Order authorized the Liquidating Trust to reach out to parties who, in the good faith determination of the Liquidating Trust, had not filed proofs of claim and were violating the Injunction Provisions of the Plan by the continued prosecution of litigation against the Debtors for claims seeking monetary relief. The terms of the Procedures Order provide a full and fair opportunity for such parties to withdraw the underlying litigations on a consensual basis.

6.     In accordance with the Procedures Order, Movant was sent two letters by counsel to the Liquidating Trust advising Movant that Movant was in violation of the Plan Injunction Provisions, and specifically, that Movant had not preserved Movant's purported monetary claim against the Debtors as a consequence of Movant's failure to file a proof of claim in the Chapter 11 Cases. The first such letter was sent to Movant on June 30, 2015. See Exhibit 1. A second letter was sent on November 19, 2015. See Exhibit 2. Despite receipt of this correspondence, Movant did not withdraw the District Court Action as against GMACM.

3

7.      As contemplated by the Procedures Order, on January 8, 2016, the Liquidating Trust filed the *ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of the Plan and Confirmation Order* [Docket No. 9489] (the "<u>Plan Injunction Motion</u>").  The Plan Injunction Motion requested entry of an order enforcing the Plan Injunction Provisions.

8.      Pursuant to an Order dated February 11, 2016, the Court granted the Plan Injunction Motion [Docket No. 9618] (the "<u>Enforcement Order</u>").   Among other things, the Enforcement Order directs the parties subject to the Enforcement Order to dismiss the underlying actions with prejudice within fourteen days of the entry of the Enforcement Order.   Absent dismissal, the Enforcement Order authorizes the Liquidating Trust to seek to hold such parties in contempt and to seek sanctions for reasonable fees and costs.   To aid in its execution, the Enforcement Order permits the Liquidating Trust to file a notice in the pending litigations subject to the Enforcement Order advising of the terms of the Enforcement Order.

III.    **THE DISTRICT COURT LITIGATION, ENTRY OF THE BAR DATE ORDER, AND RELATED NOTICE OF THE BAR DATE**

A.    **Litigation Between Movant and Debtors**

9.      Movant is a pro se plaintiff in an action pending in the United States District Court for the Western District of Tennessee (the "<u>District Court</u>"), captioned *Porter v. GMAC Homecomings Financials Network, et al.,* Case No. 10-cv-02858-SHM-dkv (the "<u>District Court Action</u>").   The complaint in the District Court action names as defendants Debtor GMACM Mortgage, LLC (incorrectly named GMAC Homecomings Financials Network) and non-Debtors Aurora Loan Services LLC ("<u>Aurora</u>"), and Genworth Financial.   The action was originally commenced by Movant in the Chancery Court of Shelby County, Tennessee on or about October 22, 2010.   According to Movant, GMACM originated a mortgage loan in

4

connection with Movant's investment property located in Millington, Tennessee.  The servicing of the loan was subsequently transferred to Aurora Loan Servicing.  See Exhibit 1 to Motion.

10.    The action was removed by defendant Aurora to the District Court on or about November 29, 2010.  See District Court Docket, attached hereto as Exhibit 3, at Docket No. 1.  GMACM filed an answer to the complaint on or about December 13, 2010 [See District Court Docket, Docket No. 9].  On May 24, 2012, GMACM filed a Suggestion of Bankruptcy in the District Court Action and on June 7, 2012, the District Court entered an order staying and closing the case on an administrative basis as result of the Debtors' Chapter 11 filings.  [See District Court Docket, Docket Nos. 33, 35].

11.    In the summons and complaint filed pro se by Movant in the District Court Action, Movant, has identified Movant's address as 832 Monterey Road, Glendale, CA 91206 ("**Movant's Address**").  See Motion at Exhibit I, p. ECF 1, 7.  Likewise, in the Certificate of Service annexed to the Motion, Movant identifies Movant's address as Movant's Address.  In addition, the docket sheet in the District Court Action identifies Plaintiff's address as Movant's Address, and the pleadings filed by Movant in the District Court routinely identify Movant's address as Movant's Address.  See, e.g., Plaintiff's Motion [Dkt. No. 23], attached hereto as Exhibit 4.

12.    On October 16, 2014, counsel to GMACM filed a notice in the District Court Action advising the Court of the status of the Chapter 11 cases, the entry of the Confirmation Order and the Plan Injunction Provisions (the "**Status Notice**")[2].  A copy of the Status Notice is attached hereto as Exhibit 5. The Status Notice further advised that Movant had failed to file a proof of claim in the Chapter 11 cases and as a consequence of the Plan Injunction

---

[2] The Status Notice erroneously identifies the defendant Debtor as Homecomings Financial, LLC

Provisions, Movant was barred from continuing the District Court Action. The Status Notice reflects that it was served upon Movant at Movant's Address.

13.    On February 26, 2016, in accordance with the terms of the Enforcement Order, counsel to GMACM filed a Notice of Bankruptcy Court Order in the District Court Action [District Court Docket No. 46] notifying the District Court and Movant of the terms of the Enforcement Order and attaching a copy of the Enforcement Order. A copy of the Notice of Bankruptcy Court Order is attached hereto as <u>Exhibit 6</u>. The certificate of service annexed to the notice indicates that service was made upon Movant at Movant's Address.

14.    On May 19, 2016 upon the motion of defendant Aurora, the District Court reopened the case. <u>See</u> District Court Docket No. 51.

15.    On September 14, 2017, GMACM filed a motion in the District Court to enforce the terms of the Enforcement Order (the "<u>GMACM Motion to Enforce</u>") [District Court Docket No. 59. Specifically, Movant had not by that date dismissed the District Court Action as against GMACM. The District Court held a telephonic hearing on the GMACM Motion to Enforce on October 26, 2017. At the hearing, the District Court considered Movant's written response that was submitted to the District Court at that time. According to the District Court docket entry, Movant declined to voluntarily dismiss the District Court Action as against GMACM and after hearing argument, the District Court directed supplemental briefing. <u>See</u> District Court Docket at Docket No. 65. GMACM filed a supplemental memorandum on November 20, 2017 and Movant filed her response on December 7, 2017. <u>See</u> District Court Docket at Docket Nos. 68, 69, 70. To date, the docket does not reflect that the District Court has ruled on GMACM's motion. <u>See</u> District Court Docket.

**B.    Debtors' Notices to the Movant of the Commencement of the Chapter 11 Cases and the Bar Date**

16.    Shortly following the Petition Date, the Movant was served with notice of the pendency of the Debtors' Chapter 11 Cases at the Movant's Address.  See Affidavit of Service of Notice of Commencement [Docket No. 336], a copy of which is attached hereto as Exhibit 7[3].   The notice was served on Movant at the Movant's Address.

17.    On or about July 3, 2012, the Debtors filed the *Amended Schedules of Assets and Liabilities for GMAC Mortgage, LLC (Case No. 12-12032)* [Docket No. 685].  See GMACM Amended Schedules listing District Court Action (the "Schedules"), the relevant pages of which are annexed hereto as Exhibit 8.  The District Court Action was listed on Schedule F-3, General Litigation, Creditors Holding Unsecured Claims. The address for Movant was listed 6131 Woodstock View Rd, Millington, TN 38033 (the "Tennessee Address").   This is the address of the real property that is the subject of the District Court Action.  See Motion at 7.  The Movant was listed as having a "Contingent, Unliquidated, and Disputed" claim and as having an "Unknown" claim amount.  See Exhibit 8 at Schedule F-3.

18.    On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").[4]

19.    Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice").   The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the

---

[3]    The Borrower Trust has only included the relevant pages of the exhibits to this affidavit.

[4]    The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

ny-1311242

Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. In addition, the Bar Date Notice states that, with respect to holders of claims listed on the Debtors' Schedules:

> If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Bar Date Notice ¶ 7. The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

20.    In accordance with the Bar Date Order, on or before September 7, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served copies of the Bar Date Notice on the Movant. The Movant was served at Movant's Address and at the Tennessee Address.[5]  See Affidavit of Service of Bar Date Notice [Docket No. 1412], attached hereto as Exhibit 9[6].

---

[5]    The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which noticed potential claimants that proofs of claim against the Debtors must be

21.    Over five years after receiving notice of the Bar Date, on December 7, 2017, Movant filed the Motion, seeking permission to file an untimely proof of claim in the Chapter 11 Cases.

## ARGUMENT

## I.    SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

22.    Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed."  See In re WorldCom, Inc., No. 02-13533 (AJG), 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (citation omitted) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was properly addressed and mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." (citation omitted)).  See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Constr. Co. (In re Riverhead Transit Mix Corp.), No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served." (citation omitted)); Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Permit a Late-Filed Claim of Jorge

---

received on or before the Bar Date.  See Bar Date Notice ¶¶ 1, 3; see also Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

[6]    As stated in the Affidavit of Service, Movant was served with a customized Proof of Claim form.  Only the relevant pages of the exhibits to this affidavit are included in the exhibit.

Cerron, In re Residential Capital, LLC, et al., No. 12-12020 (MG) (Bankr. S.D.N.Y. July 31, 2014) [Docket No. 7333], at 21 (finding that claimant's "bald denial of receipt, without more, is legally insufficient to overcome the presumption of receipt."); Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy, In re Residential Capital, LLC, et al., No. 12-12020 (MG) (Bankr. S.D.N.Y. June 13, 2013) [Docket No. 3973], at 4 (determining that KCC affidavits give rise to presumption that claimant received the Bar Date Notice and notice of the commencement of the case, and claimant has not rebutted this presumption).

23.     The Bar Date Notice was duly served upon the Movant by First Class Mail at Movant's Address.  The notice was also served at the Tennessee Address.  Moreover, the notice served upon Movant's address was not returned as undeliverable.  See Affidavit of Service of Lydia Do, attached hereto as Exhibit 10.  Thus, the Bar Date Notice is presumed to have been received.  See generally, Affidavit of Service of Bar Date Notice and Affidavit of Service of Lydia Do.

24.     Movant makes no reference in the Motion as to whether Movant received notice, timely or otherwise, of the Bar Date.  However, in the Motion, Movant does acknowledge receipt of service of documents served by GMACM to Movant at Movant's Address. See Motion at 5 and Exhibit II to Motion).  Furthermore, the Movant provides no argument to contradict the presumption that these notices were, in fact, received at the address to which KCC mailed them. Movant neither asserts that Movant's Address used for mailing these notices was incorrect, nor one at which Movant does not regularly receive mail.  In fact, as noted above, there appears to be no dispute by Movant that at all relevant times, Movant's Address was a valid and continuing address for Movant for service of all relevant documents.

ny-1311242

25.    Thus, the Borrower Trust submits the presumption that Movant timely received the Bar Date Notice has not been, and cannot be, rebutted. The Debtors properly and timely notified the Movant of the commencement of these Chapter 11 Cases, and properly and timely notified the Movant of the Bar Date. KCC mailed all notices to the Movant at the address reflected in the Debtors' records shortly before the service of the Bar Date Notice. Accordingly, the Debtors satisfied due process requirements and the requirements of the Bankruptcy Code and Bankruptcy Rules.

## II.    MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

26.    The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In Pioneer,[7] the Court explained that Congress, in "empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388 (citations omitted). The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission[,]" including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii)  "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." Id. at 395.

---

[7]    Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

ny-1311242

27.    The Second Circuit takes a "hard line" approach in applying the <u>Pioneer</u> test. <u>Midland Cogeneration Venture Ltd. P'ship v. Enron (In re Enron Corp.)</u>, 419 F.3d 115, 122 (2d Cir. 2005); <u>see also In re BGI, Inc.</u>, 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the <u>Pioneer</u> factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. <u>In re Enron Corp.</u>, 419 F.3d at 122; <u>see also In re BH S & B Holdings LLC</u>, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the factor related to "the reason for the delay, including whether it was within the reasonable control of the movant…." <u>In re Enron Corp.</u>, 419 F.3d at 122 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the <u>Pioneer</u> test." <u>Id.</u> at 123 (internal quotations omitted). Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." <u>In re BH S & B Holdings LLC</u>, 435 B.R. at 168 (quoting <u>In re Nw. Airlines Corp.</u>, No. 05-17930 (ALG), 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

28.    Here, the Movant has failed to meet Movant's burden of demonstrating excusable neglect. <u>See In re PT-1 Commc'ns, Inc.</u>, 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); <u>see also In re BH S & B Holdings LLC</u>, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). The Movant's failure to "follow the clear dictates of a court rule" and provide any reasonable justification or arguments as to why he should be permitted to file a late proof of claim in the

Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings LLC, 435 B.R. at 168.

29.     Other than one citation to Pioneer, Movant does not attempt to argue that Movant has satisfied the excusable neglect standard, nor does Movant attempt to explain why Movant waited over five years to seek permission to file a late proof of claim.

### A.     The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant

30.     The Movant never denies receiving the Bar Date Notice and proffers no explanation for Movant's delay.   Movant's sole argument in support of the relief requested appears to be premised on the misguided premise that its alleged debt is "nondischargeable."

31.     The Debtors served both the notice of the pendency of the Chapter 11 Cases as well as the Bar Date Notice at a valid and actively used address for the Movant.  In addition, Movant received notice of the pendency of the Chapter 11 cases on or about May 24, 2012 when Movant filed the Suggestion of Bankruptcy in the District Court Action.  On several subsequent occasions, in accordance with the Procedures Order, Movant was notified in writing that Movant was in violation of Injunctive Provisions of the Plan as a consequence of Movant's failure to file a proof of claim.  See infra. ¶¶ 4, 6, 12, 13.

32.     Apparently, it was only in response to GMACM's supplemental briefing following a telephonic hearing held in late October of 2017 on the GMACM Motion to Enforce that Movant elected to file the Motion.  Thus, there can be no dispute that the reason for the delay was based solely on the Movant's failure to act over the past five plus years, and was well within the Movant's reasonable control.  Movant offers no explanation for the delay, let alone one of this duration.  This factor weighs heavily in favor of denying the Motion.

ny-1311242

B.      **The Danger of Prejudice to the Debtors**

33.      Although the size of Movant's purported claim is unknown at this time, the complaint filed in the District Court Action apparently relies on several causes.  The Motion itself requests multiple damages including an award of compensatory damages, lost rents, and past mortgage payments.   Regardless of the size of the alleged claim, the Debtors and the Borrower Trust would be prejudiced if the Court grants the relief requested by the Movant. Granting the Motion at this late stage would undoubtedly invite similar motions and negate the goal of finality that claims' bar dates are intended to instill.  See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims).  The Liquidating Trust and Borrower Trust (as successors to the Debtors), have worked tirelessly to reconcile the thousands of claims filed in the Chapter 11 Cases.  Such efforts permitted the Borrower Trust to make sizeable initial cash distributions to holders of Allowed Borrower Claims.  As Movant was not part of the Borrower Claims pool and did not afford either the Debtors or the Borrower Trust the opportunity to reconcile Movant's purported claim, the claim was not reserved for by the Borrower Trust.

34.      The administration of the claims pending against the Borrower Trust is nearly complete with only a handful of claims remaining, two of which are in different stages of appeal.  To allow an untimely claim at this stage would clearly prejudice the Borrower Trust and all holders of Allowed Borrower Claims.   In all likelihood, initiating the claims resolution process for Movant's purported claim would extend the administration of the Borrower Trust as it relates to claims reconciliation, potentially extend the duration of the Borrower Trust, and regardless of the merits of the claim, result in the occurrence of additional administrative expenses by the Borrowers Trust.

14

35.    The claims reconciliation process would have no end if motions seeking similar relief as that sought by the Movant are granted by the Court.  On this basis, the Motion should be denied.  Moreover, this Court has previously denied motions filed in these Chapter 11 Cases by claimants seeking an opportunity to file an untimely claim.[8]

### C.    Whether the Movant Acted in Good Faith

36.    The Borrower Trust does not contend that the Movant has acted other than in good faith, although the Borrower Trust reserves the right to seek discovery from and depose the Movant on this issue if the Court grants the relief sought by the Movant.

### D.    The Length of Delay and its Potential Impact on Judicial Proceedings

37.    Here, the delay between the Bar Date and the Motion exceeds **five years** after the Bar Date.  In light of the length of this delay, along with the lack of justifiable reasons and circumstances for the delay, the Borrower Trust submits that this <u>Pioneer</u> factor overwhelmingly favors the Borrower Trust.  See <u>In re Enron Corp.</u>, 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing <u>In re Kmart Corp.</u>, 381 F.3d 709, 714-15 (7th Cir. 2004)).

---

[8]    <u>See, e.g.</u>, <u>See</u> *Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim*, <u>In re Residential Capital, LLC, et al.</u>, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 18, 2013) [Dkt.  No. 3648]; *Order Denying Request for Late-Filed Proof of Claim Filed by Donna Chinloy*, <u>In re Residential Capital, LLC, et al.</u>, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. June 13, 2013) [Docket No. 3973]; and *Memorandum Opinion and Order Denying Motion to Allow Late Filed Claim of Michael Dockery*, <u>In re Residential Capital, LLC</u>, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Feb. 6, 2015) [Docket No. 8076].

ny-1311242

WHEREFORE, the Borrower Trust respectfully submits that the Motion should be denied and the Movant be barred from asserting any claims against the Debtors' estates.

Dated:  January 16, 2018
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

16

# **Exhibit 1**

KRAMER LEVIN NAFTALIS & FRANKEL LLP

JOSEPH A. SHIFER
ASSOCIATE
PHONE 212-715-9517
FAX 212-715-8105
JSHIFER@KRAMERLEVIN.COM

June 30, 2015

Lolina Porter
832 Monterey Road
Glendale, CA  91206

       Re:    Porter v. GMAC Homecomings Financial Network, et al., Case No. 10-cv-02858
            (U.S. District Court for the Southern District of California)

Dear Ms. Porter:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including Homecomings Financial, LLC (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at Case No. 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Under Article VIII.B of the Plan, claims that were not timely filed by the Bar Date are released as of the Effective Date. Further, both the Confirmation Order and the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. *See* Plan, Art. IX.I; Confirmation Order, ¶ 40(g).

On March 13, 2015, the Bankruptcy Court entered an order approving certain procedures for enforcing the injunctive provisions of the Plan and Confirmation Order [Docket No. 8303] (the "**Enforcement Order**"). Specifically, upon the Liquidating Trust's determination that a party is asserting monetary claims against the Debtors in a litigation but failed to file a proof of claim, the Liquidating Trust is authorized to send this letter informing the party that they are in violation of the Plan and Confirmation Order.

According to the Debtors' records, you are party to *Porter v. GMAC Homecomings Financial Network, et al.*, Case No. 10-cv-02858 pending before the U.S. District Court for the Southern District of California. The Liquidating Trust has made a good faith determination that this action asserts monetary claims against the Debtors because you assert, among other things, damages for:

- Predatory Lending

Further, according to the Liquidating Trust's records you did not timely file a proof of claim in the Bankruptcy Cases and are barred from continuing to pursue monetary claims against Homecomings Financial, LLC under the injunction provided for in the Plan and Confirmation Order. Therefore, you must immediately dismiss this action with respect to monetary claims asserted against Homecomings Financial, LLC.

***In the event you do not voluntarily dismiss this action with respect to monetary claims against Homecomings Financial, LLC within 30 days of the date hereof, or July 30, 2015, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against Homecomings Financial, LLC.***

Please do not hesitate to contact me if you disagree with the Liquidating Trust's determination that you are asserting monetary claims against the Debtors, or to further discuss this matter. In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Enforcement Order, Confirmation Order, Plan, and Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

Joseph A. Shifer

cc:    Kathy Priore, Esq., ResCap Liquidating Trust

# **<u>Exhibit 2</u>**

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

JOSEPH A. SHIFER
ASSOCIATE
PHONE 212-715-9100
FAX 212-715-8105
JSHIFER@KRAMERLEVIN.COM

November 19, 2015

Lolina Porter
832 Monterey Road
Glendale, CA  91206

> Re:  Porter v. GMAC Homecomings Financial Network, et al., Case No. 10-cv-02858
> (U.S. District Court for the Southern District of California)

Dear Ms. Porter:

On June 30, 2015, I sent you a letter in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including Homecomings Financial, LLC (collectively, the "**Debtors**").

As I informed you in my previous letter, you are barred from continuing to pursue any monetary claims against the Debtors, including those asserted in your pending action, *Porter v. GMAC Homecomings Financial Network, et al.*, Case No. 10-cv-02858, pending before the U.S. District Court for the Southern District of California, in which you assert monetary claims against Homecomings Financial, LLC.  Failure to dismiss such monetary claims is in violation of the chapter 11 plan (the "**Plan**") confirmed in the Debtors' bankruptcy cases, which remain pending before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered as Case No. 12-12020 (MG).

To date, I have not received a response from you, and, according to the Liquidating Trust's records, your action is still pending.  **If (i) you did not receive my previous letter, (ii) you have since withdrawn the action, or (iii) you do not believe your action pertains to monetary claims, please contact my colleague, Nathaniel Allard at 212-715-9100 as soon as possible.**

If you fail to voluntarily dismiss your monetary claims against Homecomings Financial, LLC by December 21, 2015, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against Homecomings Financial, LLC.

November 19, 2015
Page 2

Please do not hesitate to contact me or Nathaniel Allard at 212-715-9100 with any questions.

Very truly yours,

Joseph A. Shifer

cc:     Kathy Priore, Esq., ResCap Liquidating Trust

# **<u>Exhibit 3</u>**

PSN

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:10-cv-02858-SHM-dkv

Porter v. GMAC Homecomings Financials Network, et al.      Date Filed: 11/29/2010
Assigned to: Judge Samuel H. Mays, Jr                      Jury Demand: Plaintiff
Referred to: Chief Magistrate Judge Diane K. Vescovo       Nature of Suit: 220 Real Property:
Case in other court: Shelby Chancery, CH-10-01929-3        Foreclosure
Cause: 28:1345 Foreclosure                                 Jurisdiction: Diversity

**Miscellaneous**

**Dewun R. Settle**

**Plaintiff**

**Lolina Porter**                        represented by   **Lolina Porter**
                                                          832 Monterey Road
                                                          Glendale, CA 91206
                                                          PRO SE

V.

**Defendant**

**GMAC Homecomings Financials**          represented by   **Eric W. Smith**
**Network**                                               BRADLEY ARANT BOULT
*TERMINATED: 05/23/2011*                                  CUMMINGS
                                                          1600 Division Street
                                                          Suite 700
                                                          Nashville, TN 37203
                                                          615-252-2381
                                                          Fax: 615-252-6381
                                                          Email: esmith@babc.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Aurora Loan Services LLC**             represented by   **Heather Howell Wright**
*TERMINATED: 06/07/2017*                                  BRADLEY ARANT BOULT
                                                          CUMMINGS LLP
                                                          1600 Division Street, Suite 700
                                                          Nashville, TN 37203
                                                          615-252-2342
                                                          Fax: 615-252-6342
                                                          Email: hwright@bradley.com
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kristi W. Arth**
BRADLEY ARANT BOULT
CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
615-252-4648
Fax: 615-252-4712
Email: karth@babc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bridget Brodbeck Parkes**
BRADLEY ARANT BOULT
CUMMINGS LLP - Nashville
1600 Division Street
Suite 700
Nashville, TN 37203
615-252-3829
Email: bparkes@babc.com
*ATTORNEY TO BE NOTICED*

**James Bennett Fox , Jr.**
ADAMS AND REESE LLP
Cresent Center
6075 Poplar Ave
Ste 700
Memphis, TN 38119
901-524-5313
Fax: 901-524-5413
Email: ben.fox@arlaw.com
*TERMINATED: 02/10/2015*

**Jeffrey C. Smith**
WALLER LANSDEN DORTCH &
DAVIS, LLP
1715 Aaron Brenner Dr.
Suite 300
Memphis, TN 38120
901-288-1683
Fax: 901-288-1706
Email: jeff.smith@wallerlaw.com
*TERMINATED: 02/10/2015*

**Mindi C. Robinson**
MINDI C. ROBINSON
2339 Bellevue Ct.
Hoover, AL 35226

334-354-0274
Fax: 205-201-6260
Email: robinsmc12@gmail.com
*TERMINATED: 05/12/2016*

**Defendant**

**Genworth Financial**                    represented by    **Kristen C. Wright**
*TERMINATED: 12/07/2010*                                   BASS BERRY & SIMS PLC- Memphis
                                                           The Tower at Peabody Place
                                                           100 Peabody Place
                                                           Ste. 900
                                                           Memphis, TN 38103
                                                           901-543-5900
                                                           Email: kwright@bassberry.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**

**Defendant**

**Genworth Mortgage Insurance**           represented by    **Annie Tauer Christoff**
**Corporation**                                            BASS BERRY & SIMS PLC- Memphis
                                                           The Tower at Peabody Place
                                                           100 Peabody Place
                                                           Ste. 900
                                                           Memphis, TN 38103
                                                           901-543-5939
                                                           Fax: 901-543-5999
                                                           Email: achristoff@bassberry.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Gabrielle A. Lewis**
                                                           BASS BERRY & SIMS PLC- Memphis
                                                           The Tower at Peabody Place
                                                           100 Peabody Place
                                                           Ste. 900
                                                           Memphis, TN 38103
                                                           901-543-5719
                                                           Fax: 901-543-5999
                                                           Email: glewis@bassberry.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kristen C. Wright**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**GMAC Mortgage, LLC**                    represented by    **Heather Howell Wright**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kristi W. Arth**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Benjamin William Perry**
                                                           BRADLEY ARANT BOULT
                                                           CUMMINGS
                                                           1600 Division St
                                                           Suite 700
                                                           Nashville, TN 37203
                                                           615-252-3515
                                                           Email: bperry@babc.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Bridget Brodbeck Parkes**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2010 | 1 | NOTICE OF REMOVAL by Aurora Loan Services LLC from Shelby Chancery, case number CH-10-1929-3 (Filing fee $ 350 receipt number 0651-1175855), filed by Aurora Loan Services LLC. (Attachments: # 1 Exhibit A-GMAC Consent to Removal, # 2 Exhibit B-Genworth Consent to Removal, # 3 Exhibit C-Complaint and Other State Court Pleadings, # 4 Civil Cover Sheet)(Smith, Jeffrey) (Entered: 11/29/2010) |
| 11/30/2010 | 2 | Magistrate Judge Diane K. Vescovo added. Consent form mailed to filer. (Nabors, Willie) (Entered: 11/30/2010) |
| 11/30/2010 | 3 | Corporate Disclosure Statement by Aurora Loan Services LLC identifying Corporate Parent Lehman Brothers Holdings, Inc., Corporate Parent Aurora Bank, FSB, Corporate Parent Lehman Brothers Bancorp, Inc. for Aurora Loan Services LLC.. (Smith, Jeffrey) (Entered: 11/30/2010) |
| 12/01/2010 | 4 | Judge Samuel H. Mays, Jr and Magistrate Judge Diane K. Vescovo added. Magistrate Judge Diane K. Vescovo no longer assigned to case as presiding judge. (Nabors, Willie) (Entered: 12/01/2010) |
| 12/06/2010 | 5 | ANSWER to Complaint by Genworth Financial.(Wright, Kristen) (Entered: 12/06/2010) |
| 12/06/2010 | 6 | MOTION *to Correct Defendant Genworth Mortgage Insurance Corporation's Party Name and Memorandum in Support Thereof; Proposed Order Submitted* by Genworth Financial. (Wright, Kristen) (Entered: 12/06/2010) |

| 12/07/2010 | 7 | ORDER GRANTING 6 Motion to Correct Genworth Mortgage Insurance Corporation's Defendant Party Name. Signed by Judge Samuel H. Mays, Jr on 12/07/2010. (Mays, Samuel) (Entered: 12/07/2010) |
|---|---|---|
| 12/08/2010 | 8 | MOTION for Extension of Time to File Answer *Proposed Order Submitted* by Aurora Loan Services LLC. (Attachments: # 1 Certificate of Consultation) (Smith, Jeffrey) (Entered: 12/08/2010) |
| 12/13/2010 | 9 | ANSWER to Complaint by GMAC Homecomings Financials Network.(Smith, Eric) (Entered: 12/13/2010) |
| 12/28/2010 | 10 | MOTION to Dismiss by Aurora Loan Services LLC. (Attachments: # 1 Memorandum, # 2 Exhibit)(Robinson, Mindi) (Entered: 12/28/2010) |
| 05/23/2011 | 11 | ORDER CORRECTING THE DOCKET, ORDER GRANTING 8 MOTION for Extension of Time to File Answer filed by Aurora Loan Services LLC., ORDER DIRECTING AURORA TO FILE CHANCERY COURT RECORD, and ORDER TO SHOW CAUSE (Show Cause Response due by 6/23/2011). Motion terminated. Signed by Judge Samuel H. Mays, Jr on 5/23/2011. (Mays, Samuel) (Entered: 05/23/2011) |
| 05/25/2011 | 12 | NOTICE of Appearance by James Bennett Fox, Jr on behalf of Aurora Loan Services LLC (Fox, James) (Entered: 05/25/2011) |
| 05/25/2011 | 13 | NOTICE by Aurora Loan Services LLC re 11 Order to Show Cause, Terminate Motions,,,, *Response to Order Directing Aurora to File Chancery Court Record* (Fox, James) (Entered: 05/25/2011) |
| 06/22/2011 | 14 | NOTICE of Filing by Lolina Porter (csf) (Entered: 06/23/2011) |
| 07/07/2011 | 15 | NOTICE by Aurora Loan Services LLC re 14 Notice (Other) *Defendant Aurora's Response in Opposition to Plaintiff's Motion for Default* (Fox, James) (Entered: 07/07/2011) |
| 09/09/2011 | 16 | ORDER DENYING PLAINTIFF'S MOTION FOR A DEFAULUT JUDGMENT AGAINST AURORA, ORDER GRANTING IN PART AND DENYING 10 MOTION to Dismiss filed by Aurora Loan Services LLC, ORDER OF PARTIAL DISMISSAL AND ORDER DISSOLVING PRELIMINARY INJUCTION.. Signed by Judge Samuel H. Mays, Jr on 10-2858. (Mays, Samuel) (Entered: 09/09/2011) |
| 09/20/2011 | 17 | SCHEDULING ORDER and TRIAL SETTING, signed by Judge Samuel H. Mays, Jr on 09/19/2011. The following ddls/scheds established: motions to join parties/amend pleadings due 12/19/2011; discovery ddl 03/19/2012; dispositive motions ddl 04/19/2012. Jury Trial set Monday, 08/27/2012 at 9:30 a.m. Pretrial Conference set Friday, 07/27/2012 at 9:30 a.m. (Mays, Samuel) (Entered: 09/20/2011) |
| 10/25/2011 | 18 | SETTING LETTER: Jury Trial set Monday, 8/27/2012 at 09:30 AM in Courtroom 2 - Memphis before Judge Samuel H. Mays Jr. Pretrial Conference set Friday, 7/27/2012 at 09:30 AM in Courtroom 2 - Memphis before Judge Samuel H. Mays Jr. Proposed Pretrial Order due by 7/20/2012. (jl) (Entered: 10/25/2011) |

| 01/25/2012 | 19 | NOTICE of Appearance by Gabrielle A. Lewis on behalf of Genworth Mortgage Insurance Corporation (Lewis, Gabrielle) (Entered: 01/25/2012) |
|---|---|---|
| 01/25/2012 | 20 | NOTICE of Appearance by Annie Tauer Christoff on behalf of Genworth Mortgage Insurance Corporation (Christoff, Annie) (Entered: 01/25/2012) |
| 03/22/2012 | 21 | MOTION to Compel *and, To the Extent Necessary, Modify the Scheduling Order* by GMAC Homecomings Financials Network. (Attachments: # 1 Exhibit 1 - GMAC's first set of discovery to plaintiff, # 2 Exhibit 2 - Draft motion for entry of an agreed order, # 3 Exhibit 3 - Proposed agreed order)(Smith, Eric) (Entered: 03/22/2012) |
| 03/28/2012 | 22 | ORDER REFERRING MOTION: 21 MOTION to Compel filed by GMAC Homecomings Financials Network. Signed by Judge Samuel H. Mays, Jr on 3/28/12. (Mays, Samuel) (Entered: 03/28/2012) |
| 03/29/2012 | 23 | MOTION to Deny Defendant GMAC's Motion to Compel and, to the extent Necessary, Modify the Scheduling Order Without Considering the Date that Plaintiff Received the First Set of Interrogatories, Responses and Production of Documents and Plaintiff's Motion To Allow the Deposition be Held on the Agreed Plaintiff and GMAC's Counsel's Scheduled Date on April 16, 2012 by Lolina Porter. (Attachments: # 1 Exhibits 1 - 10)(csf) (Entered: 03/30/2012) |
| 04/11/2012 | 24 | ORDER granting 21 Motion to Compel; terminating 23 Motion - interpreted as response to Motion to Compel. Signed by Magistrate Judge Diane K. Vescovo on 4/11/2012. (Vescovo, Diane) (Entered: 04/11/2012) |
| 04/16/2012 | 25 | NOTICE of Appearance by Kristi Marie Wilcox on behalf of GMAC Mortgage, LLC (Wilcox, Kristi) (Entered: 04/16/2012) |
| 04/24/2012 | 26 | NOTICE OF LETTER to Plaintiff Regarding Attempts to File in This Case via Emails to Chambers (wjn). (Entered: 04/24/2012) |
| 05/08/2012 | 27 | MOTION to Extend Deadline *to Take Plaintiff's Deposition, proposed order submitted* by GMAC Homecomings Financials Network. (Smith, Eric) (Entered: 05/08/2012) |
| 05/15/2012 | 28 | MOTION for Extension of Time of Discovery, Motion to Allow Deposition to be Held at a Neutral Location in CA, Motion to Reset Deposition Date, Motion to Reset Pre-trial Conference, Motion for Continuance and to Reset Jury Trial Date by Lolina Porter. (Attachments: # 1 Envelope)(csf) (Additional attachment (s) added on 5/15/2012: # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6) (csf). (Entered: 05/15/2012) |
| 05/18/2012 | 29 | RESPONSE in Opposition re 28 MOTION for Extension of Time to Complete Discovery *and Extension of Deadlines* filed by Aurora Loan Services LLC. (Robinson, Mindi) (Entered: 05/18/2012) |
| 05/18/2012 | 30 | RESPONSE in Opposition re 28 MOTION for Extension of Time to Complete Discovery filed by Genworth Mortgage Insurance Corporation. (Christoff, Annie) (Entered: 05/18/2012) |
| 05/18/2012 | 31 | |

|  |  | AMENDED DOCUMENT by Genworth Mortgage Insurance Corporation. Amendment to 30 Response in Opposition to Motion . (Christoff, Annie) (Entered: 05/18/2012) |
| 05/24/2012 | 32 | ORDER granting 27 Defendants' Motion to Extend Deadline to take Plaintiff's Deposition: The time is extended from 5/23/2012 to 5/25/2012. Signed by Magistrate Judge Diane K. Vescovo on 5/24/2012. (Vescovo, Diane) (Entered: 05/24/2012) |
| 05/24/2012 | 33 | SUGGESTION OF BANKRUPTCY Upon the Record as to Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. by GMAC Homecomings Financials Network. (Smith, Eric) (Entered: 05/24/2012) |
| 05/24/2012 | 34 | ORDER granting in part and denying in part 28 Motion for Extension of Time to Complete Discovery. Signed by Magistrate Judge Diane K. Vescovo on 5/24/2012. (Vescovo, Diane) (Entered: 05/24/2012) |
| 06/07/2012 | 35 | ORDER STAYING PROCEEDINGS AND CLOSING CASE ADMINISTRATIVELY, signed by Judge Samuel H. Mays, Jr on 06/07/2012. Pursuant to §362 of Title 11 of the United States Code, all proceedings in this matter are stayed until the automatic stay is lifted by the bankruptcy court. The court deems it appropriate to close this matter administratively until such time as the automatic stay has been lifted and counsel advise that the bankruptcy proceedings have been completed. (Mays, Samuel) (Entered: 06/07/2012) |
| 06/11/2012 | 36 | MOTION to Reopen Case *to Lift Stay and Reinstate Case as to Non-Debtor Defendants* by Aurora Loan Services LLC. (Robinson, Mindi) (Entered: 06/11/2012) |
| 06/20/2012 | 37 | NOTICE of Bankruptcy and effect of Automatic Stay by Lolina Porter (wjn) (Entered: 06/20/2012) |
| 10/15/2012 | 38 | ORDER denying 36 Audora's Motion to Lift Stay without Prejudice. Signed by Judge Samuel H. Mays, Jr on 10/18/2012. (Entered: 10/18/2012) |
| 10/31/2012 | 39 | NOTICE of Change of Address by Mindi C. Robinson (Robinson, Mindi) (Entered: 10/31/2012) |
| 10/16/2014 | 40 | NOTICE by GMAC Homecomings Financials Network *of Bankruptcy Status* (Arth, Kristi) (Entered: 10/16/2014) |
| 02/06/2015 | 41 | Consent MOTION to Withdraw as Attorney *, proposed order submitted* by Aurora Loan Services LLC. (Fox, James) (Entered: 02/06/2015) |
| 02/09/2015 | 42 | NOTICE of Appearance by Kristi W. Arth on behalf of Aurora Loan Services LLC (Arth, Kristi) (Entered: 02/09/2015) |
| 02/10/2015 | 43 | ORDER GRANTING MOTION 41 FOR LEAVE TO WITHDRAW, signed by Judge Samuel H. Mays, Jr. on 02/09/2015. Attorneys J. Bennett Fox, Jr. and Jeffrey C. Smith are withdrawn from further representation of defendant Aurora Loan Services, LLC. (Mays, Samuel) (Entered: 02/10/2015) |
| 03/18/2015 | 44 | Request Granting Unopposed Motion to Award to Plaintiff the Subject Real Property Known as 6131 Woodstock View Dr. Millington, TN 38053 Free and |

| | | |
|---|---|---|
| | | Clear by Lolina Porter. (Attachments: # 1 Attachments (Photos))(csf) (Entered: 03/19/2015) |
| 03/26/2015 | 45 | NOTICE by GMAC Homecomings Financials Network *of Bankruptcy Court Order* (Attachments: # 1 Exhibit A - Bankruptcy Case Procedures Order)(Arth, Kristi) (Entered: 03/26/2015) |
| 02/26/2016 | 46 | NOTICE by GMAC Mortgage, LLC *of Bankruptcy Court Order* (Attachments: # 1 Exhibit A - Bankruptcy Court Order)(Arth, Kristi) (Entered: 02/26/2016) |
| 04/28/2016 | 47 | NOTICE of Appearance by Heather Howell Wright on behalf of Aurora Loan Services LLC, GMAC Mortgage, LLC (Wright, Heather) (Entered: 04/28/2016) |
| 04/28/2016 | 48 | MOTION to Reopen Case by Aurora Loan Services LLC, GMAC Mortgage, LLC. (Wright, Heather) (Entered: 04/28/2016) |
| 04/29/2016 | 49 | NOTICE of Appearance by Bridget Brodbeck Parkes on behalf of Aurora Loan Services LLC, GMAC Mortgage, LLC (Parkes, Bridget) (Entered: 04/29/2016) |
| 05/12/2016 | 50 | MOTION to Withdraw as Attorney by Aurora Loan Services LLC. (Robinson, Mindi) (Entered: 05/12/2016) |
| 05/19/2016 | 51 | ORDER REOPENING CASE, signed by Judge Samuel H. Mays, Jr. on 05/19/2016. The MOTION 48 of defendant Aurora Loan Services, LLC to reopen the case is GRANTED. This case is reopened and restored to the Court's active docket. (Mays, Samuel) (Entered: 05/19/2016) |
| 07/01/2016 | 52 | MOTION for Judgment on the Pleadings by Aurora Loan Services LLC. (Attachments: # 1 Memorandum in Support of Motion)(Wright, Heather) (Entered: 07/01/2016) |
| 08/15/2016 | 53 | REPORT AND RECOMMENDATIONS re 52 MOTION for Judgment on the Pleadings filed by Aurora Loan Services LLC -- Objections to R&R due by 8/29/2016. Signed by Chief Magistrate Judge Diane K. Vescovo on 8/15/2016. (Vescovo, Diane) (Entered: 08/15/2016) |
| 08/31/2016 | 54 | Pro Se MOTION Plaintiff's Petition For Rehearing and Motion To Object Proposed Findings and Recommendations and Motion To Deny Defendant's Motion For Judgment On The Pleadings and Motion To Order Defenant To Relinquish The Subject Property To Plaintiff Free And Clear and Motion To Order Defendant Aurora Loan Services To Pay The Delinquent HOA Fees by Lolina Porter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Envelope) 8/31/2016 (jld). (Entered: 08/31/2016) |
| 09/08/2016 | 55 | ORDER denying 54 Motion for Rehearing. Signed by Chief Magistrate Judge Diane K. Vescovo on 9/8/2016. (Vescovo, Diane) (Entered: 09/08/2016) |
| 06/07/2017 | 56 | ORDER ADOPTING 53 REPORT AND RECOMMENDATIONS and GRANTING Motion 52 for Judgment on the Pleadings. Signed by Judge Samuel H. Mays, Jr on 06/07/2017. (Mays, Samuel) (Entered: 06/07/2017) |
| 06/08/2017 | 57 | SCHEDULING ORDER and TRIAL SETTING, signed by Judge Samuel H. Mays, Jr on 06/08/2017. The following deadlines and schedules are established: joining parties/amending pleadings ddl: 09/08/17; discovery ddl: 12/08/17; mediation ddl: 01/08/18; dispositive motions ddl: 02/08/18. Non-Jury Trial set |

| | | |
|---|---|---|
| | | Monday, 06/25/2018 at 09:30 AM in Courtroom 2 - Memphis before Judge Samuel H. Mays, Jr. Pretrial Conference set Friday, 05/25/2018 at 10:30 AM in Courtroom 2 - Memphis before Judge Samuel H. Mays, Jr. This order will not be modified except upon showing of good cause. (Mays, Samuel) (Entered: 06/08/2017) |
| 09/07/2017 | 58 | MOTION for Judgment on the Pleadings by Genworth Mortgage Insurance Corporation. (Attachments: # 1 Memorandum in Support of Judgment on the Pleadings)(Christoff, Annie) (Entered: 09/07/2017) |
| 09/14/2017 | 59 | MOTION to Enforce Judgment *Bankruptcy Order - Proposed Order Submitted* by GMAC Mortgage, LLC. (Attachments: # 1 Exhibit Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order)(Perry, Benjamin) (Entered: 09/14/2017) |
| 10/13/2017 | 60 | ORDER TO SHOW CAUSE HEARING. Signed by Chief Magistrate Judge Diane K. Vescovo on 10/13/2017. (Vescovo, Diane) (Entered: 10/13/2017) |
| 10/13/2017 | 61 | Notice of Setting. A Show Cause Hearing has been set for **10/26/2017 at 1:30 PM in Courtroom 5 - Memphis** before Chief Magistrate Judge Diane K. Vescovo. Out of Town Counsel that wish to participate via telephone should email their information to the Court's ECF mailbox (ecf_judge_vescovo@tnwd.uscourts.gov) and to the Case Manager (chris_sowell@tnwd.uscourts.gov) at least three business days prior to the hearing. *TEXT NOTICE ONLY - THERE IS NO IMAGE ASSOCIATED WITH THIS NOTICE*(cas) (Entered: 10/13/2017) |
| 10/13/2017 | 62 | REPORT AND RECOMMENDATIONS ON 58 THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS. Signed by Chief Magistrate Judge Diane K. Vescovo on 10/13/2017. (Vescovo, Diane) (Entered: 10/13/2017) |
| 10/17/2017 | 63 | NOTICE OF TELEPHONIC HEARING: A Show Cause Hearing has been set for 10/26/2017 at 1:30 PM in Courtroom 5 before Chief Magistrate Judge Diane K. Vescovo. If you have requested permission to participate via telephone please dial **877-336-1828, use Access Code 1623522 and Security Code 2858** about 10 minutes prior to the hearing time on the day of the hearing. *TEXT NOTICE ONLY - THERE IS NO IMAGE ASSOCIATED WITH THIS NOTICE* (cas) (Entered: 10/17/2017) |
| 10/26/2017 | 64 | PRO SE MOTION to Appoint Counsel by Lolina Porter. (jrs) (Entered: 10/26/2017) |
| 10/26/2017 | 65 | Minute Entry for proceedings held before Chief Magistrate Judge Diane K. Vescovo: Show Cause Hearing held on 10/26/2017. Pro Se Plaintiff present. Counsel for Aurora and GMAC present via telephone. The Court heard from the parties on the ruling in the SD/NY Bankruptcy Court order. The Plaintiff submitted in open Court her Response to the Order to Show Cause. Copies of the Response were emailed to counsel by the Court. After reviewing the Response the Court directed the Clerk to file the Response in this matter. The Court inquired if the Plaintiff was prepared to dismiss her claims against GMAC. Plaintiff stated she was not prepared to do so at this time. The Court |

| | | |
|---|---|---|
| | | heard from counsel for GMAC. After hearing from both parties the Court instructed GMAC to file a supplement to their motion. The supplement will be due by 11/6/2017. Plaintiff's response to the supplement will be due by 11/20/2017. (Plaintiffs Counsel: Pro Se. Defendants Counsel: Annie Christoff for Genworth and Heather Wright for GMAC.) (Tape #FTR) (cas) (Entered: 10/26/2017) |
| 10/26/2017 | 66 | PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE HEARING AND PETITION FOR CONTINUANCE by Lolina Porter. (cas) (Entered: 10/26/2017) |
| 11/01/2017 | 67 | ORDER Denying 64 Plaintiff's Motion for Appointment of Counsel. Signed by Chief Magistrate Judge Diane K. Vescovo on 11/1/2017. (Vescovo, Diane) (Entered: 11/01/2017) |
| 11/20/2017 | 68 | MEMORANDUM in Support re 59 MOTION to Enforce Judgment *Bankruptcy Order - Proposed Order Submitted* filed by GMAC Mortgage, LLC. (Perry, Benjamin) (Entered: 11/20/2017) |
| 11/20/2017 | 69 | AMENDED DOCUMENT by GMAC Mortgage, LLC. Amendment to 68 Memorandum in Support of Motion *with Corrected Certificate of Service*. (Perry, Benjamin) (Entered: 11/20/2017) |
| 12/07/2017 | 70 | Pro Se Plaintiff's Response To GMAC's Supplemental Brief In Support Of Motion To Enforce Bankruptcy Order Pro Se MOTION to Dismiss GMAC'S Motion To Enforce Bankruptcy Order by Lolina Porter. (Attachments: # 1 Exhibit, # 2 Envelope) 12/7/2017 (jld). (Entered: 12/07/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/16/2018 12:27:44 | | |
| **PACER Login:** | mf1354:2923879:3945828 | **Client Code:** 73304-0000001-13849 |
| **Description:** | Docket Report | **Search Criteria:** 2:10-cv-02858-SHM-dkv |
| **Billable Pages:** | 7 | **Cost:** 0.70 |

# **Exhibit 4**

**RECEIVED** AC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE 2012 MAR 29 PM 1: 36
### WESTERN DIVISION

CLERK US. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| LOLINA PORTER, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )      No. 2:10-cv-02858 |
| | ) |
| **GMAC HOMECOMINGS FINANCIALS** | ) |
| **NETWORK and/or his successor/s/,** | ) |
| **individually, and in his official capacity** | ) |
| **as, Beneficiary, and/or Substitution** | ) |
| **Trustee, Trustee, other titles unknown to** | ) |
| **Plaintiffs, an ens legis being used to** | ) |
| **conceal fraud;** | ) |
| | ) |
| **AURORA LOAN SERVICES, LLC** | ) |
| **and/or his successor/s/, individually, and** | ) |
| **in his official capacity as, Beneficiary,** | ) |
| **and/or Substitution Trustee, Trustee,** | ) |
| **other titles unknown to Plaintiffs, an ens** | ) |
| **legis being used to conceal fraud;** | ) |
| | ) |
| **GENWORTH MORTGAGE** | ) |
| **INSURANCE CORPORATION and/or** | ) |
| **his successor/s/, individually, and in his** | ) |
| **official capacity as, Beneficiary, and/or** | ) |
| **Substitution Trustee, Trustee, other titles** | ) |
| **unknown to Plaintiffs, an ens legis being** | ) |
| **used to conceal fraud,** | ) |
| | ) |
| **AND JOHN DOES (unknown parties** | ) |
| **claiming rights to said Deed of Trust and** | ) |
| **Note herein, (1-10,000), Et. al., an ens** | ) |
| **legis being used to conceal fraud,** | ) |
| | ) |
|     **Defendants.** | ) |

---

### PRO SE PLAINTIFF'S MOTION TO DENY DEFENDANT GMAC's MOTION
### TO COMPEL AND, TO THE EXTENT NECESSARY,
### MODIFY THE SCHEDULING ORDER
### WITHOUT CONSIDERING THE DATE THAT PLAINTIFF RECEIVED
### THE FIRST SET OF INTERROGATORIES,

/

**RESPONSES, AND PRODUCTION OF DOCUMENTS
AND
PLAINTIFF'S MOTION TO ALLOW THE DEPOSITION
BE HELD ON THE AGREED PLAINTIFF AND GMAC'S COUNSEL'S
SCHEDULED DATE ON APRIL 16, 2012**

Before the Court is Pro Se Plaintiff Lolina Porter respectfully moves the court to deny

and oppose Defendant GMAC's Motion to Compel the Plaintiff to serve the complete responses

to GMAC's First Set of Interrogatories, Respond to the Request for Admission, and produce all

documents in her possession, custody, and control that are responsive to GMAC's First Set of

Interrogatories, Request for Production of Documents on April 11, 2012. In support of this

motion, Pro Se Plaintiff Lolina Porter states as follows:

1. Defendant GMAC's Counsel claimed that they served its First Set of Interrogatories,

   Request for Admission, and Requests for Production of Documents on Plaintiff Lolina

   Porter by Certified Mail and Regular Mail, postage prepaid, on February 15, 2012. Pro

   Se Plaintiff Lolina Porter did not received the claimed documents until March 20, 2012

   via email sent by GMAC's counsel Eric Smith (see **Exhibit 1**). Plaintiff is not asserting

   that Defendant GMAC did not mail the First Set of Interrogatories, but just stating the

   fact that it wasn't received by the Plaintiff and read until March 20, 2012.

2. Plaintiff Lolina Porter received the Notice of Deposition in Porter v. GMAC

   Homecomings Financial Network, et. al., No. 2:10-cv-02858, on March 14, 2012 at her

   primary home in Glendale, CA via FedEx courier, notice is dated March 12, 2012, FedEx

   Label is dated March 13, 2012. Also, the plaintiff has received via regular mail an

   envelope that came from GMAC's Counsel on March 15, 2012.

2

3. Plaintiff initiated the phone call to GMAC's counsel Eric Smith from the contact number given in the notice as the Deposition on March 14, 2012 . The Notice was initially set by Defendant GMAC's Counsel on March 19, 2012, five (5) days after Plaintiff received its Notice, hence, Plaintiff's phone call to Defendant GMAC's Counsel is to ask for an extension as Plaintiff lives in CA, she is the only one in charge of driving her children to school and driving her husband Brett Porter to work. Brett Porter has suffered from Ischemic Stroke on July 10, 2009 about six(6) months after Plaintiff Lolina Porter lost her 7 year old job due to mass layoffs at Washington Mutual. Plaintiff told GMAC's Counsel that she will call on March 15, 2012 once she finds a reasonable airline ticket price.

4. Plaintiff called GMAC's Counsel on March 15, 2012 and told him that she has not found any reasonable airline tickets considering the price and the school's spring break of her children, but told GMAC's Counsel that Plaintiff will inform him as soon as possible. GMAC's Counsel emailed Plaintiff his contact information via email on March 15, 2012 also mentioned Plaintiff's deadline for the submission of answers to First Set of Interrogatories on March 19, 2012. Plaintiff was surprised and reacted positively by asking GMAC's Counsel to please give her some time to answer those. Plaintiff at that time has not received any First Set of Interrogatories and Plaintiff assumed that the regular mail envelope received by Plaintiff on March 15, 2012 is what GMAC's Counsel was referring to as First Set of Interrogatories. After the phone conversation with Defendant GMAC's Counsel, Plaintiff opened the mail enveloped received from GMAC's Counsel.

3

5. Plaintiff Lolina Porter immediately called GMAC's Counsel to inform him that the content of that envelope is exactly the same as the Notice for Deposition. Plaintiff requested a copy of what GMAC's counsel is referring to as First Set of Interrogatories via email that the Plaintiff may be able to assess if it is reasonable to complete it by April 11, 2012.

6. GMAC's Counsel Eric Smith, emailed the Plaintiff on Monday, March 19, 2012 with first 3 attachments in PDF (Exhibit 2). When Plaintiff Lolina Porter downloaded and opened these 3 attachments, they were all 2 pages and they all have the same page. (Exhibit 3, 4, & 5)

7. Plaintiff phoned and replied to the email sent by the defendant GMAC's Counsel to inform him that the First Set of Interrogatories does not seem to be in his first email, email proof is in (Exhibit 6).

8. Defendant GMAC's Counsel, corrected his email and resent the First Set of Interrogatories as one of the attachments on March 20, 2012 (Exhibit 7). Plaintiff Lolina Porter received the email and briefly browsed the attachments, and replied to GMAC's Counsel Eric Smith via email that Plaintiff may need to evaluate and assess the bulk of job Plaintiff has to undertake in order to answer all the numerous questions in general as that day Plaintiff has to attend to her daughter's being awarded at school for Achievement Award and Student of the Month award. Proof of email sent to GMAC's Counsel on March 20, 2012 is in (Exhibit 8)

9. Plaintiff Lolina Porter on March 21, 2012, upon review and assessments of the bulk of Responses and Proof gathering time plaintiff has to take, the Plaintiff informed via email reply the Defendant GMAC's Counsel that Plaintiff needs a little bit more time than 2

weeks to submit all her responses, especially all the original documents pertaining to this case that are in her possession. Email sent to GMAC Counsel is shown on (Exhibit 9)

10. Defendant GMAC's Counsel, did not reply to Plaintiff by phone or email for about 48 hours.

11. Plaintiff received on Friday, March 23, 2012 a FedEx copy of Defendant GMAC's Counsel's Motion for the Court to Compel the Plaintiff to be forced to submit her responses on or before April 11, 2012.

12. Defendant GMAC's Counsel also did not mention in his Motion the facts he knew about Plaintiff's not receiving the First Set of Interrogatories, but asserted and assumed that the Plaintiff has received the First Set of Interrogatories on February 15, 2012.

13. Plaintiff emailed Defendant GMAC's Counsel with Plaintiff's Airline Ticket Confirmation for Plaintiff and her 5th grader during the Spring Break at their school, Plaintiff purchased tickets on March 17, 2012 based upon the willingness of the Plaintiff to attend the Noticed Deposition by Defendant GMAC with a negotiated schedule of April 16, 2012. Tickets were purchased prior to Plaintiff's receipt via electronic mail of the the First Set of Interrogatories. EMAIL IS ON (EXHIBIT 10)

14. As evidenced above, Plaintiff respectfully submits that trying to reach agreements with Defendant GMAC's Counsel based on the facts provided by Plaintiff is challenging. Pro Se Plaintiff feels it most prudent to file this motion with the Court to deny their motion to compel Plaintiff to provide responses by the date GMAC Counsel firmly holds on to, and procure an Order of this Court to have Defendant GMAC properly serve the First Set of Interrogatories to the Plaintiff via FedEx or USPS Certified Mail with Proof of Signature and to allow Plaintiff to respond on the date allowed by law based on the actual receipt

5

date and not based on the date the First Set of Interrogatories where written which in this case was February 15, 2012. That the Plaintiff signs the Receipt Card as Sender's Return Receipt and this marks the date where Plaintiff will count until the due date as required by law in responding to Interrogatories.

15. Plaintiff has endeavored to work with Defendant GMAC's Counsel Mr. Eric Smith as much as possible, to the extent that Plaintiff purchased airline tickets for herself and her daughter during their Spring Break as her husband is not capable of taking care of two children due to his medical condition, while Plaintiff's father is specially requested to take care of Plaintiff's youngest son.

WHEREFORE, Pro Se Plaintiff respectfully requests that the Court:

1.    Order the Defendant GMAC to properly serve the Defendant GMAC's First Set of Interrogatories, Request for Admission, and Request for Production of Documents to Pro Se Plaintiff Lolina Porter via FedEx or USPS Certified Mail with Return Signature of Recipient Receipt.

2.    To the extent that the initial Notice of the Deposition date was set by Defendant GMAC to be on March 19, 2012 and also has been expressed by Defendant GMAC's Counsel to Pro Se Plaintiff Lolina Porter that the deadline for the Plaintiff to submit all the responses on the First Set of Interrogatories is also March 19, 2012, Plaintiff is hereby respectfully requesting the court to deny their request of giving the Defendant GMAC several days to receive the Plaintiff's response to First Set of Interrogatories prior to the new Deposition date.

     3.     Order the Defendant GMAC to keep the Deposition date set to April 16, 2012 as airline tickets already has been secured/purchased by Plaintiff, or reimburse the Plaintiff for the entire amount if Deposition date will be rescheduled and for Defendant to purchase our new airline tickets to Memphis, TN for the new Deposition Dates Or have the Deposition be held at Plaintiff's State of Residence which is CA.

     4.     Respectfully requesting the court to Order for what is fair and just for both Pro Se Plaintiff and Defendant GMAC's Motion.

Respectfully submitted,

LOLINA PORTER
Pro Se Plaintiff
832 Monterey Rd.
Glendale, CA 91206
(818) 571-9092 9 (cell)
arthinker@yahoo.com

## CERTIFICATE OF SERVICE

Notice of this filing will be sent by Regular Mail and Certified Mail with Signature Return Receipt to:

Jeffrey C. Smith
J. Bennett Fox, Jr.
Adams and Reese LLP
80 Monroe Avenue, Suite 700
Memphis, Tennessee 38103

Kristen C. Wright
Gabrielle A. Lewis
Bass, Berry and Sims, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103

Mindi Robinson
Adams and Reese LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203

Eric W. Smith (No. 21694)
Kristi M. Wilcox (No. 30404)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203

On this ___ day of March, 2012.

WITNESSED BY: _____
MS. SEMANA F. KING

# **Exhibit 5**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

LOLINA PORTER,

        Plaintiff,

  v.

GMAC HOMECOMINGS FINANCIALS
NETWORK, AURORA LOAN
SERVICES, LLC, GENWORTH
FINANCIAL, AND JOHN DOES,

       Defendants.

Case No. 2:10-cv-2858-SHM-dkv

---

## HOMECOMINGS FINANCIAL, LLC'S NOTICE OF BANKRUPTCY STATUS

    Homecomings Financial, LLC, erroneously named GMAC Homecomings Financial Network, ("HFN") by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

    1.    On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including HFN (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases (the "Bankruptcy Cases") are being jointly administered, indexed at case number 12-12020 (MG).

    2.    On May 24, 2012, the undersigned caused to be filed in this present matter a Notice of Bankruptcy and Effect of the Automatic Stay (the "Notice") to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code (Docket # 33). Pursuant to the Notice, this entire action, as asserted

against HFN, was enjoined from proceeding pursuant to the automatic stay in effect in the Bankruptcy Cases.

3.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "Plan"). The effective date under the Plan occurred on December 17, 2013 (the "Effective Date").

4.    Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K.  **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan**.

5.    Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap

OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY

COURT." (emphasis in original).

      6.     In addition, pursuant to Article XII of the Plan and Paragraph 66 of the

Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters

pertaining to the injunction provided for in the Plan and Confirmation Order.  Specifically, the

Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence
> of the Effective Date, on and after the Effective Date, the Bankruptcy
> Court shall retain exclusive jurisdiction over all matters arising out of, or
> related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a)
> and 1142 of the Bankruptcy Code, including jurisdiction:
>
> …
>
> (c) **to hear and determine any matter, case, controversy, suit, dispute,
> or Causes of Action: (i) regarding the existence, nature, and scope of
> the releases, injunctions, and exculpation provided under the Plan,
> and (ii) enter such orders as may be necessary or appropriate to
> implement such releases, injunctions, and other provisions**;
>
> ….

(Plan, Art. XII) (emphasis added).  In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction**. The business and assets of the Debtors shall
> remain subject to the jurisdiction of this Court until the Effective Date.
> Notwithstanding the entry of this Order, from and after the Effective Date,
> the Court shall retain such jurisdiction over the Chapter 11 Cases as is
> legally permissible, including jurisdiction over those matters and issues
> described in Article XII of the Plan, including with respect to (i) insurance
> settlements and disputes involving insurance policies settled or otherwise
> addressed under or in connection with the Plan, and (ii) the Claims filed
> by WFBNA in these Chapter 11 Cases and any Claims or Causes of
> Action that may be asserted by WFBNA against any of the Ally Released
> Parties.

(Confirmation Order, ¶ 66).

      7.     According to the Debtors' records, Plaintiff did not file a proof of claim in

the Bankruptcy Cases and is barred from continuing to prosecute this action against HFN.

Within a reasonable time after the filing of this Notice of Bankruptcy Status, HFN shall contact Plaintiff in writing and request that Plaintiff agree to dismiss HFN from this action.  In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, HFN shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting Plaintiff from continuing prosecution of this action against HFN.

8.     For the avoidance of doubt, HFN is not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this action with an update as to the status of the Bankruptcy Cases.

Respectfully submitted this 16th day of October, 2014.

Respectfully submitted:

By: /s/ *Kristi Wilcox Arth*
Kristi Wilcox Arth (BPR #30404)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street
Suite 700
Nashville, Tennessee 37203
(p) 615-252-4648
(f) 615-252-4712
karth@babc.com

Case 2:10-cv-02038-SHM-dkv    Document 40    Filed 10/16/14    Page 90 of 5    PageID 910

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2014 notice of this filing will be sent by operation of the Court's electronic filing system to:

Gabrielle Lewis
Annie Christoff
BASS BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103

Mindi Robinson
ADAMS AND REESE LLP
Regions Harbert Plaza
1901 6th Avenue N., Suite 3000
Birmingham, AL 35203

James Bennett Fox, Jr.
Jeffrey C. Smith
ADAMS AND REESE LLP
Crescent Center
6075 Poplar Avenue
Suite 700
Memphis, TN 38119

and by first class U.S. mail, postage prepaid, to:

Lolina Porter
832 Monterey Road
Glendale, California 91206

/s/ *Kristi Wilcox Arth*_____
Kristi Wilcox Arth

# **<u>Exhibit 6</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LOLINA PORTER,                                    )
                                                  )
                        Plaintiff,                )
                                                  )
            v.                                    )        Case No. 2:10-cv-2858-SHM-dkv
                                                  )
GMAC HOMECOMINGS FINANCIALS                       )
AURORA LOAN SERVICES, LLC                         )
GENWORTH FINANCIAL, AND                           )
DOES,                                             )
                                                  )
                        Defendants.               )

## NOTICE OF BANKRUPTCY COURT ORDER

GMAC Mortgage, LLC ("GMACM")[1], erroneously named as GMAC Homecomings

Financial Network, by and through its undersigned counsel, respectfully submits this Notice of

Bankruptcy Court Order entered on February 11, 2016 (the "Order") in *In re: Residential*

*Capital, LLC, et al.,* pending in the United States Bankruptcy Court for the Southern District of

New York, Case Number 12-12020 (MG), and notifies the Court that the Order requires

Plaintiff, Lolina Porter ("Plaintiff"), to take all appropriate actions to dismiss with prejudice her

monetary claims against GMACM within 14 days of the entry of the Order and warns that her

intentional disregard of the Order could subject her to a contempt charge in the bankruptcy court,

as well as sanctions as the bankruptcy court deemed warranted. GMACM further notifies the

Court as follows:

1.      On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of

its direct and indirect subsidiaries, including GMACM (collectively, the "Debtors"), filed

voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States

---

[1] Reference is made to the Court's Order Correcting Docket, filed on May 23. 2011, as Document 11, in which the
Court recognized the erroneously named defendant and made correction thereto.

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors'

Chapter 11 cases (the "Bankruptcy Cases") are being jointly administered, indexed at case

number 12-12020 (MG).

2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming

Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the

Official Committee of Unsecured Creditors (the "Confirmation Order") [Bankruptcy Docket

6065][2] approving the terms of the Chapter 11 plan, as amended (the "Plan"). The effective date

under the Plan occurred on December 17, 2013 (the "Effective Date").

3.    On February 11, 2016, the Bankruptcy Court entered an Order Granting ResCap

Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation

Order, attached hereto as **Exhibit A**, which (i) bars Plaintiff, Lolina Porter from continuing to

prosecute monetary claims against GMAC under the injunction provisions of the Plan and

Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event Plaintiff

continues in her refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this 26th day of February, 2016.

Respectfully submitted,

/s/ *Kristi W. Arth*
Kristi W. Arth (No. 30404)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615-252-4648
Facsimile:  615-252-4712
karth@babc.com

---

[2] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap.

Case 2:10-cv-02058-SHM-dkv    Document 46    Filed 02/26/16    Page 90 of 3    PageID 961

## CERTIFICATE OF SERVICE

Notice of this filing will be sent by operation of the Court's electronic filing system to:

Gabrielle A. Lewis
Kristen C. Wright
Annie Tauer Christoff
Bass, Berry & Sims, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103

Mindi Robinson
Adams and Reese LLP
Regions Harbert Plaza
1901 6th Avenue North, Suite 3000
Birmingham, Alabama 35203

James Bennett Fox, Jr.
Jeffrey C. Smith
Waller Lansden Dortch & Davis, LLP
1715 Aaron Brenner Drive, Suite 300
Memphis, Tennessee  38120

and by U.S. mail to:

Lolina Porter
832 Monterey Road
Glendale, California 91206

on this 26th day of February, 2016.

/s/ Kristi W. Arth
Kristi W. Arth

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,

                    Debtors.

------------------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion (the "**<u>Motion</u>**")[1] of the ResCap Liquidating Trust (the "**<u>Liquidating Trust</u>**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the Plan, seeking entry of an enforcing the release and injunctive provisions of the Plan and Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and the *Declaration of Kathy Priore in Support of the ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* annexed to the Motion as **<u>Exhibit 2</u>**; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Motion is granted as provided herein.

2.     No later than fourteen days after entry of this Order, the Litigation Parties listed on **Annex A** shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3.     If a Litigation Party fails to dismiss its monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4.     Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5.     The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Order Notice**") in each court before which a Litigation subject to this Order is pending, including a description of this Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

- 2 -

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:   February 11, 2016
         New York, New York

                            _____/s/Martin Glenn_____
                                MARTIN GLENN
                            United States Bankruptcy Judge

- 3 -

**Annex A**

**Litigation Parties**

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures Order | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Olatunji Alabi | Alabi v. Homecomings Financial Network, et al. | U.S. Court of Appeal-7th District | 12-1270 | Olatunji Alabi 2001 South Michigan Avenue Apt. 15-M Chicago, IL 60616 | Violations of the Illinois Consumer Fraud Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 2 | Leland Anthony Neyer and June E. Neyer | Neyer v. Homecomings Financial, LLC, et al. | U.S. Court of Appeal-9th Circuit | 11-15722 | Leland Anthony Neyer and June E. Neyer P.O. Box 970 Alturas, CA 96101 | Violations of RESPA, TILA, FCRA, FDCPA, Mail Fraud, Wire Fraud, HOEPA, Fair Credit Billing Act, FTCA | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket Nos. 6155 and 7096] | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 3 | Derrick D. Peterson | Peterson v. GMAC Mortgage LLC | U.S. Court of Appeal-1st Circuit | 11-2381 | Law Offices of Neil Kreuzer 268 Newbury Street 4th Floor Boston, MA 02116 | Common Law Fraud, Violation of Massachusetts General Law Chapter 93A | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 4 | Jeff and Adele Schneidereit | Schneidereit v. Trust of the Scott & Brian Inc., et al. | U.S. Court of Appeal-9th Circuit | 13-55395 | Mr. and Mrs. Adele Schneidereit 580 Dolliver Street Pismo Beach, CA 93449 | Negligence, Rehabilitation Act, Americans With Disability Act, Federal Fair Housing Act, Unruh Civil Rights Act, Elder Abuse and Dependent Adult Civil Protection Act | 6/2/2015 11/19/2015 | The party did not file a timely proof of claim. | Despite an exchange of letters with the party, the Liquidating Trust has been unable to effectuate a consensual withdrawal of the monetary claims asserted against the Debtors. |
| 5 | Robert Sweeting | Sweeting v. GMAC Mortgage, LLC | California Court of Appeal-4th Appellate District-Division Three | G045198 | Robert Sweeting 7071 Warner Ave. Unit F81 Huntington Beach, CA 92647 | Defamation, Tortious Interference with Credit | 6/2/2015 11/19/2015 | The party's proofs of claim were expunged by Court order [Docket No. 5873]. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 6 | Allan Christopher Diwa and Dena Cristomo Carino | Diwa, et al. v. Standard Pacific Corp., et al. | USDC-ED-California | 2:09−CV−0 2005−KJM −CKD | Law Offices of Marc T. Terbeek 2648 International Blvd. Suite 115 Oakland, CA 94601 | Negligence, Breach of Contract, Breach of Fiduciary Duty, Infliction of Emotional Distress, Fraud, Violation of State/Federal Lending Laws, Unfair Business Practices, Violation of Racketeer Influenced and Corrupt Organizations (RICO) Act | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 7 | Lolina Porter | Porter v. GMAC Homecomings Financial Network, et al. | USDC-WD-Tennessee | 2:10-cv-02858-SHM-dkv | Lolina Porter 832 Monterey Road Glendale, CA 91206 | Predatory Lending | 6/30/2015 11/19/2015 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

**Annex B**

**Enforcement Order Notice**

[CAPTION]

## NOTICE OF BANKRUPTCY COURT ORDER

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1.    On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").    The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3.    On [Date], the Bankruptcy Court entered the attached [*Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*] which (i) bars [Litigation Party] from continuing to prosecute monetary claims against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Litigation Party] continues in its refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this _____ day of _____, 2016.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

# **<u>Exhibit 7</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11**
                                                            :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]                   :        **Case No. 12-12020 (MG)**
                                                            :
                                                            :
                                                            :        **(Jointly Administered)**
            **Debtors.**                                    :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Melissa Loomis, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Monthly Service List attached hereto as **Exhibit B**, via First Class Mail on the Creditor Matrix attached hereto as **Exhibit C**, and via First Class Mail on the General Servicing Customers, Subservicers, Customers in Bankruptcy, and Consumer Lending Customers (Due to the voluminous and confidential nature of these lists, the Exhibits are not attached hereto and are on file with KCC):

   1.  Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

B.  On or before May 24, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class Mail on the Home Equity Line of Credit Customers List (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

   1.  Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (Attached Hereto as Exhibit A)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)



1212020120612000000000054

12-12020-mg    Doc 10465    Filed 01/16/18    Entered 01/16/18 22:26:00    Main Document
Pg 65 of 102

   2.   Important Information Regarding Home Equity Line of Credit (Exhibit 1 to Docket No. 143)

Dated:  June 8, 2012

                                                 */s/ Melissa Loomis*
                                                   Melissa Loomis

State of California

County of Los Angeles


Subscribed and sworn to (or affirmed) before me on this 8th of June, 2012, by Melissa Loomis, proved to me on the basis of satisfactory evidence to be the person who appeared before me.


Signature:    */s/ Lydia Pastor Nino*

My Commission Expires:   *11/18/2015*

12-12020-mg    Doc 396-1    Filed 06/12/12    Entered 06/12/12 22:10:41    Exhibit A
Pg 1 of 4

# **Exhibit A**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors** | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)** |
|---|---|
| Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **June 25, 2012 at 1:00 p.m. (ET)**<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
|---|---|
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

12-12020-mg    Doc 936-3    Filed 08/12/12    Entered 08/12/12 22:09:41    Exhibit C
(Part I)    Pg 1 of 1499

# **Exhibit C**

**Exhibit 02**
**Creditor Matrix**
**Served via First Class Mail**

| Creditor Name | Creditor Notice Name | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LOLA THOMAS | | 50 SOUTH POINTE DR. | UNIT 2803 | | MIAMI BEACH | FL | 33139 | |
| LOLA VALLEY TERRACE CONDO ASSOC | | 43642 ELIZABETH | | | CLINTON TOWNSHIP | MI | 48036 | |
| Lolina Porter, pro se | LOLINA PORTER VS. GMAC HOMECOMINGS FINANCIALS NETWORK AURORA LOAN SERVICE,S LLC GENWORTH FINANCIAL AND JOHN DOES | 832 Monterey Road | | | Glendale | CA | 91206 | |
| LOLITA GRAY | | 601 READING CIR | | | LANSDALE | PA | 19446-3981 | |
| Lolita Hite | LOLITA HITE VS. THE REAL ESTATE BROKERS LENDING SERVICE, PNC MORTGAGE CORP., BANK ONE, NA | 12705-07 Locke Avenue | | | Cleveland | OH | 44108 | |
| LOLITA MALICSI AND SERVPRO | | 5120 FRAZEE RD | OF N OCEANSIDE | | OCEANSIDE | CA | 92057 | |
| LOLITA MCDADE SPENCER AND | | 3700 PHILLIPS WAY W | LOLITA SPENCER | | DURHAM | NC | 27713 | |
| LOLITA NOVENO | | 1634 HONEYSUCKLE DR | | | SAN JOSE | CA | 95122-0000 | |
| LOMA COUNTRY FARMS HOMEOWNERS | | PO BOX 172 | | | LOMA | CO | 81524 | |
| LOMA VILLA HOMEOWNERS ASSOCIATION | | PO BOX 13615 | | | CHANDLER | AZ | 85248 | |
| LOMAS DEL CERRO HOMEOWNERS ASSOC | | PO BOX 602090 | | | SAN DIEGO | CA | 92160 | |
| LOMAX III, JOHN & LOMAX, VALERIE R | | 4855 MAGNOLIA COVE DR #137 | | | KINGWOOD | TX | 77345 | |
| LOMAX LAW FIRM LLC | | 1913 GREENTREE RD STE D | | | CHERRY HILL | NJ | 08003 | |
| LOMAX, IESHIA | | 8818 ORCHARD AVE | AFFORDABLE SEWER AND DRAIN INC | | ST LOUIS | MO | 63136 | |
| LOMAX, JOHNNIE R & LOMAX, JOHN H | | 6838 ORLEANS AVE | | | NEW ORLEANS | LA | 70124-4023 | |
| LOMBARD, VORICE J & LOMBARD, BERNICE M | | 4591 ORANGE AVE UNIT 307 | | | LONG BEACH | CA | 90807 | |
| LOMBARDI AND THORNTON | | 1563 FALL RIVER AVE STE 4 | | | SEEKONK | MA | 02771-3736 | |
| LOMBARDI REAL ESTATE AND APPRAISAL | | 2205 N HERCULES AVE | | | CLEARWATER | FL | 33763 | |
| LOMBARDI, DOROTHY | | 608 N CORNWALL AVE | | | VENTNOR CITY | NJ | 08406 | |
| LOMBARDI, ETTORE | | 9581 SUNRISE LAKES BL | | | SUNRISE | FL | 33322 | |
| LOMBARDI, FRANK A | | 395 SMITH ST | | | PROVIDENCE | RI | 02908 | |
| LOMBARDI, MICHAEL | | 212 DEVON COURT | | | LINTHICUM HEIGHTS | MD | 21090 | |
| LOMBARDIAN VILLA PARK REVIEW | | 116 S MAIN ST | | | LOMBARD | IL | 60148 | |
| LOMBARDO LAW OFFICE | | 3333 N MAYFAIR RD STE 314 | | | WAUWATOSA | WI | 53222 | |
| LOMBARDO, ADAM L | | 3333 N MAYFAIR RD STE 214 | | | WAUWATOSA | WI | 53222 | |
| LOMBERA, EDGAR P | | 923 W 27TH ST | | | SAN BERNARDINO | CA | 92405 | |
| LOMELI, ABRAHAM | | 45672 DUQUESNE ST | | | INDIO | CA | 92201 | |
| LOMELI, CARLOS | | 4712 JOSEPHINE STREET | | | DENVER | CO | 80216 | |
| LOMELI, ELOY & LOMELI, OLGA | | PO BOX 1555 | | | SAN LUIS | AZ | 85349-1555 | |
| LOMELI, FELIPE & LOMELI, MARIA | | 22037 VANOWEN ST VE DR 2 | | | CANOGA PARK | CA | 91303 | |
| LOMIRA TOWN | | TAX COLLECTOR | | | LOMIRA | WI | 53048 | |
| LOMIRA TOWN | | TREASURER | | | LOMIRA | WI | 53048 | |
| LOMIRA TOWN | | W2432 LOMIRA DR | TREASURER TOWN OF LOMIRA | | BROWNSVILLE | WI | 53006 | |
| LOMIRA TOWN | | W2432 LOMIRA DR | TREASURER TOWN OF LOMIRA | | LOMIRA | WI | 53048 | |
| LOMIRA VILLAGE | TAX COLLECTOR | 425 S WATER ST | | | LOMIRA | WI | 53048-9581 | |

# **<u>Exhibit 8</u>**

Docket #0685  Date Filed: 7/3/2012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                :        Case No. 12-12020 (MG)
                                                    :
                                                    :
                                                    :        (Jointly Administered)
            Debtors.                                :
----------------------------------------------------------------x

## AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR
## GMAC MORTGAGE, LLC (CASE NO. 12-12032)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020120703000000000033

12-12020-mg    Doc 655    Filed 07/03/12    Entered 07/03/12 16:26:26    Main Document
Pg 2 of 23

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

In re: GMAC Mortgage, LLC                                    Case No. 12-12032 (MG)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 7 | $9,749,356.45 | | |
| B - Personal Property | YES | 693 | $4,340,707,468.60 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 20 | | $1,343,254,081.02 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 6 | | $1,028,973.28 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 305 | | $1,240,632,345.27 | |
| G - Executory Contracts and Unexpired Leases | YES | 310 | | | |
| H - Codebtors | YES | 5 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | 1346 | $4,350,456,825.05 | $2,584,915,399.57 | |

12-12020-mg    Doc 665    Filed 07/03/12    Entered 07/03/12 16:26:20    Main Document
Pg 75 of 102

In re: GMAC Mortgage, LLC
**Case No. 12-12032**
Schedule F-3
General Litigation
Creditors Holding Unsecured Claims

| Creditor's Name | Address 1 | Address 2 | City | State | Zip | Co-Debtor | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LLOYD E SOSA VS THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA/THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE, BY AND THROUGH ITS SERVICE-IN-FACT, GMAC MORTGAGE LLC, ITS SUCCESSORS AND/OR ASSIGNS COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE, BY AND THROUGH ITS SERVICE-IN-FACT, GMAC MORTGAGE LLC, ITS SUCCESSORS AND/OR ASSIGNS<br>Docket: 11-186<br>Matter: 713322 | 105 SOMEDAY DRIVE | | BOERNE | TX | 78006 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| LOIS M. BLANK  et al vs. GMAC MORTGAGE, LLC AND ALLY FINANCIAL<br>Docket: 705072<br>Matter: 705072 | Richard E. Hackert, Attorney at Law | 1370 Ontario Street, Suite 2000 | Cleveland | OH | 44113 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| LOLINA PORTER vs. GMAC; HOMECOMINGS FINANCIALS NETWORK; AURORA LOAN SERVICE,S LLC; GENWORTH FINANCIAL AND JOHN DOES<br>Docket: CH-10-1929-3<br>Matter: 705274 | 6131 WOODSTOCK VIEW ROAD | | MILLINGTON | TN | 38033 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| Lolita Hite vs. The Real Estate Brokers Lending Service, PNC Mortgage Corp., Bank One, NA<br>Docket: CV-12780040<br>Matter: 728455 | 12705-07 Locke Avenue | | Cleveland | OH | 44108 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| LONG CANYON GARDEN SOCIETY VS ACT PROPERTIES LLC<br>Docket: 56-2011-00400254-CL-CL-SIM<br>Matter: 718075 | 248 CHANTILLY CR | | SIMI VALLEY | CA | 93065 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| LONG, MARY WILLIAMS V. HOMECOMINGS FINANCIAL, LLC, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br>Docket: 2:11-cv-29 DPM<br>Matter: 687682 | Daggett, Donovan & Perry, PLLC | P.O. Box 389 12 S. Poplar Street | Marianna | AR | 72360-2320 | | General Litigation - Foreclosure | | X | X | X | Unknown |
| LORRAINE MCNEAL V. GMAC MORTGAGE COMPANY AND HOMECOMINGS FINANCIAL LLC<br>Docket: 09-78173-PWB<br>Matter: 703860 | Clark & Washington, PC | 3300 Northeast Expressway, Bldg 3 Suite A | Atlanta | GA | 30341 | | General Litigation - Bankruptcy | | X | X | X | Unknown |

# **Exhibit 9**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                      :

In re                                   :          **Chapter 11**
                                        :

**RESIDENTIAL CAPITAL, LLC, et al.,** [1]   :         **Case No. 12-12020 (MG)**
                                        :

                                        :

                                        :          **(Jointly Administered)**
           **Debtors.**                   :
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

     I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.   On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Monthly Service List attached hereto as **Exhibit A**, upon the Claimants and Notice Parties attached hereto as **Exhibit B**, upon the parties attached hereto as **Exhibit C**, via Overnight mail on service list attached hereto as **Exhibit D** for subsequent distribution to beneficial holders of the securities listed on the attached **Exhibit E**, and via Electronic mail upon the parties attached hereto as **Exhibit F**:

1.   Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

2.   Proof of Claim Form attached here to as **Exhibit H**

*(This space intentionally left blank)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020120911000000000007

B. On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Creditor Matrix attached hereto as **Exhibit I**

    1.   Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

    2.   [Customized] Proof of Claim Form

Dated:  September 11, 2012

                                               Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 11th of September, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

2

# EXHIBIT G

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,      )    Chapter 11
                                              )
                                Debtors.      )    Jointly Administered
                                              )
---------------------------------------------------------

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New
York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing
**November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last
date and time for each person or entity (including individuals, partnerships, corporations, joint
ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against
Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those
proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order
established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and
time for each such governmental unit to file a proof of claim against the Debtors (the
"Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims
against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced
cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for
those holders of the claims listed in section 4 below that are specifically excluded from the
General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

ny-1043431

## 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

## 4.    WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)    Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)      Any person or entity whose claim has been paid in full by any of the Debtors;

(e)      Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)      Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)      Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)      Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)      Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)      Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)      Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

### 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

12-12020-mg    Doc 9412-1    Filed 09/49/15    Entered 09/49/15 12:59:38    Exhibit
Pg 9 of 100

# EXHIBIT I

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LOIS M OLIVER REAL ESTATE | | 210 S ROSELAWN | | | ARTESIA | NM | 88210 | |
| LOIS M. CODAIR | RICHARD S. CODAIR | 45 CANDLEWOOD DRIVE | | | TOPSFIELD | MA | 01983 | |
| LOIS MILLER | | 142 B 11TH STREET | | | SEAL BEACH | CA | 90740 | |
| LOIS MURDOCK | | 2266 HIDDEN LAKES CT | | | MARTINEZ | CA | 94553 | |
| LOIS OLIVER REAL ESTATE INC | | 210 S ROSELAWN AVE | | | ARTESIA | NM | 88210 | |
| LOIS R BEASLEY CARLISLE ATT AT | | PO BOX 170767 | | | BIRMINGHAM | AL | 35217 | |
| LOIS RENFRO MORRIS ATT AT LAW | | 460 CT SQ | | | BARBOURVILLE | KY | 40906 | |
| LOIS STALEY | | 10 RACHAEL COURT | | | TROY | IL | 62294 | |
| LOIS TABBERSON GRAY ATT AT LAW | | 11971 QUAY ST | | | BROOMFIELD | CO | 80020 | |
| LOIS THOMAS | | 3113 GREENS MILL RD | | | SPRING HILL | TN | 37174 | |
| LOIZOU, PHILIP & LOIZOU, DEMETRIA | | 2413 JORDAN DR | | | PLANO | TX | 75025 | |
| LOK, JOHN P & LOK, TARAH E | | 1065 DABICH AVE | | | LANDER | WY | 82520-2636 | |
| LOKER, CHRISTOPHER B & LOKER, STEPHANIE M | | 4300 WELBY DR | | | MIDLOTHIAN | VA | 23113-3656 | |
| LOKEY, RICHARD | | 934 N MAIN ST | | | COLUMBIA | MS | 39429 | |
| LOLA E AND WAYNE C KELLY AND | | 1745 SAWMILL RD | APPLE ROOFING CORPORATION | | ELKLAND | MO | 65644 | |
| LOLA G WALKER AND TRI TECH | | 5504 W 62ND ST | RESTORATION | | LOS ANGELES | CA | 90056 | |
| LOLA THOMAS | | 50 SOUTH POINTE DR. | UNIT 2803 | | MIAMI BEACH | FL | 33139 | |
| LOLA VALLEY TERRACE CONDO ASSOC | | 43642 ELIZABETH | | | CLINTON TOWNSHIP | MI | 48036 | |
| LOLINA PORTER vs GMAC HOMECOMINGS FINANCIALS NETWORK AURORA LOAN SERVICES LLC GENWORTH FINANCIAL AND JOHN DOES | | 6131 WOODSTOCK VIEW RD | | | MILLINGTON | TN | 38033 | |
| LOLINA PORTER vs GMAC HOMECOMINGS FINANCIALS NETWORK AURORA LOAN SERVICES LLC GENWORTH FINANCIAL AND JOHN DOES | | 6131 WOODSTOCK VIEW RD | | | MILLINGTON | TN | 38033 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Lolina Porter, pro se | LOLINA PORTER VS. GMAC HOMECOMINGS FINANCIALS NETWORK AURORA LOAN SERVICE,S LLC GENWORTH FINANCIAL AND JOHN DOES | 832 Monterey Road | | | Glendale | CA | 91206 | |
| LOLITA DIAZ | BENJAMIN DIAZ | 13512 CAROLYN PLACE | | | CERRITOS | CA | 90703 | |
| LOLITA GRAY | | 601 READING CIR | | | LANSDALE | PA | 19446-3981 | |
| Lolita Hite | LOLITA HITE VS. THE REAL ESTATE BROKERS LENDING SERVICE, PNC MORTGAGE CORP., BANK ONE, NA | 12705-07 Locke Avenue | | | Cleveland | OH | 44108 | |
| Lolita Hite vs The Real Estate Brokers Lending Service PNC Mortgage Corp Bank One NA | | 12705 07 Locke Ave | | | Cleveland | OH | 44108 | |
| LOLITA MALICSI AND SERVPRO | | 5120 FRAZEE RD | OF N OCEANSIDE | | OCEANSIDE | CA | 92057 | |
| LOLITA MCDADE SPENCER AND | | 3700 PHILLIPS WAY W | LOLITA SPENCER | | DURHAM | NC | 27713 | |
| LOLITA NOVENO | | 1634 HONEYSUCKLE DR | | | SAN JOSE | CA | 95122-0000 | |
| LOMA COUNTRY FARMS HOMEOWNERS | | PO BOX 172 | | | LOMA | CO | 81524 | |
| LOMA VILLA HOMEOWNERS ASSOCIATION | | PO BOX 13615 | | | CHANDLER | AZ | 85248 | |
| LOMAS DEL CERRO II HOMEOWNERS ASSOC | | PO BOX 602090 | | | SAN DIEGO | CA | 92160 | |
| LOMAX III, JOHN & LOMAX, VALERIE R | | 4855 MAGNOLIA COVE DR #137 | | | KINGWOOD | TX | 77345 | |
| LOMAX LAW FIRM LLC | | 1913 GREENTREE RD STE D | | | CHERRY HILL | NJ | 08003 | |
| LOMAX, IESHIA | | 8818 ORCHARD AVE | AFFORDABLE SEWER AND DRAIN INC | | ST LOUIS | MO | 63136 | |
| LOMAX, JOHNNIE R & LOMAX, JOHN H | | 6838 ORLEANS AVE | | | NEW ORLEANS | LA | 70124-4023 | |
| LOMBARD, VORICE J & LOMBARD, BERNICE M | | 4591 ORANGE AVE UNIT 307 | | | LONG BEACH | CA | 90807 | |
| LOMBARDI AND THORNTON | | 1563 FALL RIVER AVE STE 4 | | | SEEKONK | MA | 02771-3736 | |
| LOMBARDI REAL ESTATE AND APPRAISAL | | 2205 N HERCULES AVE | | | CLEARWATER | FL | 33763 | |

# **<u>Exhibit 10</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                              :
In re                                         :            Chapter 11
                                              :
RESIDENTIAL CAPITAL, LLC, et al.,[1]          :            Case No. 12-12020 (MG)
                                              :
                                              :
                                              :            (Jointly Administered)
              Debtors.                        :
------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Lydia Do, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before June 4, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **LOLINA PORTER at 832 MONTEREY ROAD, GLENDALE, CA 91206**:

- **Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines**, attached hereto as **Exhibit A**

B. Additionally, on or before September 7, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **LOLINA PORTER at 832 MONTEREY ROAD, GLENDALE, CA 91206**:

*(Space Left Intentionally Blank)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

- **Notice of Deadlines for Filing Proofs of Claim**, attached hereto as **Exhibit B**

Finally, pursuant to its standard practice, KCC has tracked all returned notices in this bankruptcy case. KCC has reviewed the returned mail and confirmed that the Notice of Commencement and Bar Date Notices sent to Lolina Porter were not returned to KCC as of the date listed below.

Dated:  January 16, 2018



Lydia Do

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 16th of January, 2018, by Lydia Do, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

> STEPHANIE PARANHOS
> Notary Public – California
> Los Angeles County
> Commission # 2210581
> My Comm. Expires Aug 19, 2021

2

# EXHIBIT A

| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK** | | |
| In re Residential Capital, LLC, et al., Debtors. | **Chapter 11 Case No: 12-12020 (MG)** **(Jointly Administered)** | |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors** <br> Larren M. Nashelsky <br> Gary S. Lee <br> Lorenzo Marinuzzi <br> MORRISON & FOERSTER LLP <br> 1290 Avenue of the Americas <br> New York, New York 10104 <br> Telephone: (212) 468-8000 <br> Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)** <br> **June 25, 2012 at 1:00 p.m. (ET)** <br> 80 Broad Street, Fourth Floor <br> New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court <br> Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. − 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

2

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

# EXHIBIT B

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
|                                  | )
In re:                             | )    Case No. 12-12020 (MG)
                                   | )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )    Chapter 11
                                   | )
                        Debtors.   | )    Jointly Administered
                                   | )
-----------------------------------------------------------------

### <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New
York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing
**November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last
date and time for each person or entity (including individuals, partnerships, corporations, joint
ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against
Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those
proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order
established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and
time for each such governmental unit to file a proof of claim against the Debtors (the
"Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims
against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced
cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for
those holders of the claims listed in section 4 below that are specifically excluded from the
General Bar Date filing requirement.

## 1.     WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.     WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)      Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)      Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)      Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
        August 29, 2012

                                        BY ORDER OF THE COURT

                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

---

ny-1043431