# **Exhibit B**

**2015 WL 6123769**
Only the Westlaw citation is currently available.
United States District Court,
D. Oregon,
Portland Division.

LNV Corporation, a Nevada corporation, Plaintiff,
v.
Denise Subramaniam, Defendant.

Case No. 3:14–cv–01836–MO
|
Signed October 16, 2015

**Attorneys and Law Firms**

Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, Stephen A. Raher, Perkins Coie, LLP, Portland, OR, for Plaintiff.

Denise Subramaniam, Beaverton, OR, pro se.

**Opinion**

OPINION AND ORDER

MOSMAN, United States District Judge,

**\*1** Plaintiff LNV brings this judicial foreclosure action against Defendant Denise Subramaniam. Because there is no genuine issue that Ms. Subramaniam has defaulted against LNV, the holder of the note, I GRANT Plaintiff's motion for summary judgment [53].

*Background*

In February 2004, People's Choice Home Loan, Inc. loaned Defendant Denise Subramaniam $176,000, which was documented through an Adjustable Rate Note. At the same time that the note was signed, an Adjustable Rate Rider was signed by Ms. Subramanian. In addition, Ms. Subramaniam secured the loan with a deed of trust on her home. The terms of the deed of trust allow for the sale of Ms. Subramaniam's home in the event of an uncured default.

Through a series of transfers, Plaintiff LNV now holds the note and is the beneficiary of the trust deed. People's Choice transferred the note to Residential Funding Company, LLC ("RFC") through endorsing an allonge and then transferred the note and allonge to RFC. Similarly, RFC endorsed another allonge to the order of LNV and transferred the note and allonge to LNV, leaving LNV as the current holder of the note. LNV is also the beneficiary of the deed of trust after the trust was assigned to it by RFC.

Ms. Subramaniam defaulted on the loan either in April 2007 as Plaintiff contends, or after March 2008, when Defendant asserts she made her last payment. In any event, there is no dispute no payments were made after March 24, 2008. The remaining principal is $171,450.72. As a result of the default and in accordance with the loan agreement, LNV accelerated the loan and required immediate payment of the loan in its entirety. In December 2010, LNV sent a notice of default; in May 2012, LNV accelerated the loan. It remains uncured.

*Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed.R.Civ.P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex,* 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995) (citing Fed. R. Civ. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

*Discussion*

Under Oregon law, "[t]ransfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary." Or.Rev.Stat. ("ORS") § 86.710. "The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed ... may be foreclosed by advertisement and sale ... or, at the option of the beneficiary, may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property." *Id.; see BAC Home Loans Servicing, LP v. Hackett,* No. 3:11–CV–00416–HZ, 2013 WL 5636714, at *3 (D.Or. Oct. 11, 2013).

**\*2** To succeed in its pursuit of a judicial foreclosure, LNV needs to show that 1) Ms. Subramaniam executed a deed of trust to secure performance of an obligation to a beneficiary and that 2) Ms. Subramaniam breached that obligation. *BAC Home Loans Servicing, LP,* 2013 WL 5636714, at *3. LNV has shown both. Ms. Subramaniam has admitted that in February 2004 she refinanced her home mortgage. (Def.Resp. [94] at 3.) As part of the refinancing, Ms. Subrmaniam signed the note secured by the deed of trust. Ms. Subramaniam later defaulted on that obligation. Ms. Subramaniam has shown only that she may have made one payment after April 2007; she admits that she never made any payments to MGC Mortgage Inc., one of the loan servicers. (Def. Resp. [94] at 2.) Because it is clear that Ms. Subramaniam executed a note, secured by a deed of trust and then defaulted on that obligation, LNV is entitled to foreclose to satisfy the underlying debt.

Ms. Lamb asserts LNV is not entitled to foreclosure because 1) the note is invalid as the one submitted to the court does not match the one she was shown by Plaintiff's attorneys; 2) the signature of Dana Lantry on one of the allonges is forged; and 3) LNV does not have a clear chain of title for the deed of trust. Ms. Subramanian has not sufficiently supported these allegations to create a genuine issue of material fact.

1. Two Notes

Ms. Subramaniam's first allegation asserts that the note LNV now presents to the court is not the one she saw at the attorney's office. However, the document she has referenced as the note is rather the Adjustable Rate Rider that Ms. Subramaniam signed at the same time as the note. LNV has offered both the note and the rider to support its motion. Ms. Subramaniam has offered no further evidence that the note is a forgery and, indeed, she has admitted to signing it.

2. Lantry Signature

Ms. Subramaniam further alleges that LNV has forged Dana Lantry's signature on the allonge transferring the note from People's Choice. The only admissible evidence that Ms. Subramnaiam has offered is her own affidavit stating what Ms. Lantry said in a conversation. Ms. Subramaniam also submitted a recording of the conversation, which has been stricken from the record. In contrast, LNV has offered a sworn deposition from Ms. Lantry recounting the character and content of the conversation she had with Ms. Subramaniam. Ms. Lantry states that she was an officer of People's Choice; she was qualified to sign allonges; she signed many while with People's Choice; and while she cannot remember the particular allonge in this case, the signature on the allonge is hers. Ms. Lantry further stated that while it may not have been "entirely clear" in the conversation with Ms. Subramaniam, she "most definitely endorsed allonges" while with People's Choice. (Decl. of Dana Lantry [108] at ¶ 6.) Ms. Subramaniam has offered no sworn statements by Ms. Lantry or other evidence, beyond mere allegations, that Ms. Lantry's statements in her sworn affidavit are untrue. Ms. Subramaniam's own efforts as a handwriting analyst are insufficient.

3. Chain of Title

Ms. Subramaniam presents the affidavit of Mr. William Paatalo in an effort to call into question the recordation of the deed of trust and chain of title. The same affidavit was presented in *Surbamaniam v. Beal* where I concluded that "the loan and Deed of trust are currently held by LNV Corporation." *Subramaniam v. Beal,* No. 3:12–cv–01681–MO, 2013 WL 5462339, at *1 (D.Or. Sept. 27, 2013). Because Ms. Subramaniam

has offered nothing further, beyond her own allegations, I see no reason to change that determination now.

In addition, Oregon law states that when "the trust deed secures a promissory note, the beneficiary of the trust deed is the noteholder. *James v. ReconTrust Co.,* 845 F.Supp.2d 1145, 1156 (D.Or.2012) (noting that well-established case law has established "the note and its security may not be assigned to separate parties. The latter (*i.e.* the security) is merely an incident of the former"). As such, even if there were issues in the chain of title for the deed of trust, because LNV has shown that it is the holder of the note, it is entitled to foreclosure under the deed of trust.

*Conclusion*

**\*3** Because LNV holds the note and the deed of trust securing Ms. Subramaniam's obligation to repay her loan and because Ms. Subramaniam defaulted on that loan, LNV is entitled to judicial foreclosure in this case. I GRANT Plaintiff's Motion for Summary Judgment [53].

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 6123769

**End of Document**    © 2018 Thomson Reuters. No claim to original U.S. Government Works.