**Presentment Date and Time: March 14, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 13, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF PRESENTMENT OF**
**MOTION TO FURTHER EXTEND THE DATE BY**
**WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On March 6, 2018, the ResCap Liquidating Trust filed the *Motion to Further Extend the Date by Which Objections to Claims Must Be Filed* (the "**Motion**").

2.      The ResCap Liquidating Trust will present the Motion to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004-1408, for signature on **March 14, 2018 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **March 13, 2018 at 4:00 p.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal,

and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Nye).

4.    If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.    A copy of the Motion can be viewed and obtained for a fee via PACER at www.pacer.gov or without charge on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:    March 6, 2018
          New York, NY

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/  Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Presentment Date and Time: March 14, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 13, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby submits this motion (the "**Motion**") on behalf of the ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), to extend the date by which objections to Claims (defined below) must be filed.  In support of the Motion, the Liquidating Trust submits the declaration of Jill Horner, Chief Financial Officer for the Liquidating Trust (the "**Horner Declaration**"), attached hereto as **Exhibit 2**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

Both the Liquidating Trust and the Borrower Claims Trust have resolved virtually all proofs of claims filed in these cases. However, upon consulting with the Borrower Claims Trust with respect to the upcoming Claims Objection Deadline (which expires on March 15, 2018), the Liquidating Trust learned that there are a handful of Borrower Claims that are not subject to an objection and remain unresolved. Accordingly, by this Motion, the Liquidating Trust, as the entity empowered to seek extensions of the Claims Objection Deadline, seeks a modest 60-day extension to May 14, 2018. Based on discussions with the Borrower Claims Trust, it is expected that the outstanding claims will be resolved or otherwise addressed prior to the expiration of the extended deadline.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates of this Motion are sections 105(a) and 1141 of title of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 30,

2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 – 597 and 649] (the "**Schedules and Statements**").[1]

4.       On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

5.       On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").   Bar Date Order at ¶¶ 2-3.   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].   The Governmental Bar Date was not extended.   On March 21, 2013, the Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Objection Procedures Order**").

6.       On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official*

---

[1] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and Homecomings Financial, LLC on July 3, 2012 [Docket Nos. 683-688]. On June 9, 2014, the Court entered an order authorizing the reduction and amendment of the scheduled amounts for certain claims on the schedules for Residential Funding Company, LLC and GMAC Mortgage, LLC [Docket No. 7078].

*Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2] On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No. 6137]. The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI. The Borrower Claims Trust was also established by the Plan to resolve Borrower Claims and make distributions to Borrowers on account of Allowed Borrower Claims from a fund transferred to the Borrower Claims Trust under the Plan. *See* Plan, Art. IV.F.

7.      Article VIII.A.3 of the Plan provides that the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." In addition, Article IV.F of the Plan, as well as the provisions of the Borrower Claims Trust Agreement, provide similar resolution authority to the Borrower Claims Trust with respect to Borrower Claims.

8.      The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of administrative claims must file requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.      To date, approximately 7,499 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

including late filed claims, and one informal claim discussed below, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.[3]  The Claims consist of approximately 3,040 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts.  In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Schedules (including contingent, unliquidated, and disputed claims).

10.    Under the Plan, a Claim is considered "Allowed" if (i) it is listed on the Schedules as neither disputed, contingent nor unliquidated, or (ii) is evidenced by a timely proof of claim and as to which an objection was not filed by the Claims Objection Deadline.  *See* Plan, Art. I.A.11.  Pursuant to Article I.A.54 of the Plan, the term "Claims Objection Deadline" is defined, as "(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which motion may be approved without a hearing and without notice to any party."[4] As the Effective Date of the Plan occurred on December 17, 2013, the initial Claims Objection Deadline was Monday, September 15, 2014.[5]

---

[3] Although it is possible that untimely proofs of claims may still be filed, any such late-filed claim would be submitted years after the applicable bar date, and pursuant to the Chapter 11 Plan, shall be deemed disallowed without any further notice to or action, order, or approval of the Bankruptcy Court.  *See* Chapter 11 Plan, Art. VIII.B.

[4] Pursuant to the Plan, the Claims Objection Deadline may be extended upon motion by the Liquidating Trust. Accordingly, although all Non-Borrower Claims have been resolved, the Liquidating Trust consulted with counsel to the Borrower Claims Trust prior to submitting the Motion and is filing the Motion on behalf of the Borrower Claims Trust to allow the Borrower Claims Trust to address any remaining unresolved Borrower Claims as described herein.  The Borrower Claims Trust is supportive of the relief sought herein.

[5] 270 days following the Effective Date fell on Saturday, September 13, 2014.  Under Bankruptcy Rule 9006(a), made applicable pursuant to Article I.C. of the Plan, the Claims Objection Deadline was moved to the next day that was not a weekend day or legal holiday, *i.e.*, Monday, September 15, 2014.

11.     On August 26, 2014, the Court entered the *Order Granting Motion to Extend Date by Which Objections to Claims Must be Filed* [Docket No. 7445], extending the Claims Objection Deadline through and including June 15, 2015.  On June 10, 2015, the Court entered the *Order Granting the ResCap Liquidating Trust's Motion to Further Extend the Date by Which Objections to Claims Must be Filed* [Docket No. 8742], extending the Claims Objection Deadline through and including March 15, 2016.  On March 11, 2016, the Court entered the *Order Extending the Date by Which Objections to Claims Must be Filed* [Docket No. 9734], extending the Claims Objection Deadline through and including December 15, 2016.  On December 9, 2016, the Court entered the *Order Extending (i) the Term of the ResCap Liquidating Trust and (ii) the Date by Which Objections to Claims Must be Filed* [Docket No. 10262], extending the Claims Objection Deadline through and including September 15, 2017.  On September 8, 2017, the Court entered the *Order Extending the Date by Which Objections to Claims Must be Filed* (the "**Previous Claims Objection Deadline Order**") [Docket No. 10428].

## REQUESTED RELIEF

12.     Pursuant to the Previous Claims Objection Deadline Order, the Claims Objection Deadline was extended to March 15, 2018.  By this Motion, the Liquidating Trust (for the Borrower Claims Trust) seeks a brief extension of the Claims Objection Deadline by 60-days, through and including May 14, 2018.

## BASIS FOR RELIEF REQUESTED

13.     Pursuant to Rule 9006(b)(1) of the Bankruptcy Rules, "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1).

- 6 -

14.     Additionally, section 1141(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind all creditors and equity security holders under the plan "whether or not such creditor, equity security holder, or general partner has accepted the plan." As indicated above, Article I.A.54 of the Plan expressly provides the Court with the discretion to extend the Claims Objection Deadline, without the need for a hearing or notice.  Here, there is sufficient cause supporting an extension of the Claims Objection Deadline.

15.     The Liquidating Trust and Borrower Claims Trust continue to make significant progress in resolving Claims. To date, approximately 7,499 unsecured, secured, priority, and administrative proofs of claim have been filed in these cases, including 4,459 Non-Borrower Claims and 3,040 Borrower Claims.  To date, all 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion have been resolved, expunged, or withdrawn,[6] and 3,037 Borrower Claims with asserted liabilities of approximately $15.5 billion have been resolved, expunged or withdrawn, with only 3 Borrower Claims remaining to be resolved.  The following chart summarizes the resolution of the 7,496 resolved Claims:

---

[6] The Liquidating Trust is currently working to resolve one late filed claim.  Although the Liquidating Trust believes the claim should be automatically disallowed, *see* footnote 3, and the claimant has not filed a motion for leave to file a late claim, the Liquidating Trust is attempting to reach a consensual resolution with the claimant.  The Liquidating Trust reserves the right to object on any basis to this claim, as well as to any other late filed claim or motion for leave to file a late claim.

Further, although it is unclear what relief, if any, is sought from this Court pursuant to the *Notice of Conflicts Of Interest, Fraud and Fraud Upon The Court by Debtors in Conspiracy With Creditor LNV Corporation, ResCap Liquidating Trust and Special Insurance Coverage Counsel for the Debtors Perkins Coie LLP* [Docket No. 10469], to the extent the movants seek to assert any claims against the Debtors, the Liquidating Trust filed an objection [Docket No. 10482] and reserves the right to further object on any basis to any related claims.

| Resolved Claims Summary | | | | | |
|---|---|---|---|---|---|
| $ in millions | Total Asserted Amount | Total Claims | Wholly or Partially Unliquidated Claims | Number Disallowed | Number Allowed |
| Administrative | $        28 | 105 | 33 | 23 | 82 |
| Secured | 2 | 165 | 17 | 46 | 119 |
| Priority | 3 | 84 | 6 | 44 | 40 |
| General Unsecured | 10,574 | 1,488 | 661 | 491 | 997 |
| Resolved Prior to Effective Date | 83,937 | 2,617 | 1,514 | 883 | 1,734 |
| **Total Non-Borrower** | **94,544** | **4,459** | **2,231** | **1,487** | **2,972** |
| **Borrower** | 15,487 | 3,037 | 295 | 2,636 | 401 |
| **Total Claims** | **$ 110,031** | **7,496** | **2,526** | **4,123** | **3,373** |

1) Claims resolved prior to Effective Date include, among others, claims under the RMBS Settlement, NJ Carpenters Settlement, and the Private Securities Settlements, as well as individual claims.
2) Borrower Claims exclude 3 unresolved claims and 1 potential claim relating to pending motion to file a late-claim (*see* ¶ 20).
3) The 2,636 Borrower Claims disallowed total includes 7 claims that have been disallowed but have been appealed and are still pending on appeal.

16.    Although the claims reconciliation process to date has successfully addressed almost every single Claim, there remain a handful of unresolved Borrower Claims (the "**Unresolved Claims**").  The Unresolved Claims assert liabilities in the liquidated amount of approximately $512,579.24, plus unliquidated amounts.  The Borrower Claims Trust is currently in the process of addressing the Unresolved Claims, and expects to resolve or otherwise address them in the near term, although it is possible that the resolution of such claims will not be finalized by the current Claims Objection Deadline.

17.    As noted above, the Debtors and the Borrower Claims Trust have addressed and reconciled over 3,000 Borrower Claims.  To date, the Borrower Claims Trust is aware of only three Unresolved Claims that remain outstanding (as well as one potential additional Unresolved Claim relating to a pending motion to file a late claim, *see* ¶ 20).  This figure excludes the Borrower Claims that have been disallowed by the Court and are subject to pending appeals.

18.     Two of the Unresolved Claims are identical claims. The Borrower Claims Trust is in negotiations with the holders of these claims and is optimistic that a consensual resolution will be reached in the near term.

19.     The third Unresolved Claim of which the Borrower Claims Trust is aware is the subject of a pending adversary proceeding, *Jennifer Wilson v. Residential Capital*, LLC, Adv. No. 12-01936.  In the adversary complaint, the plaintiff seeks both equitable relief and monetary damages.   Although plaintiff failed to file a proof of claim, the Court in its Memorandum Opinion Granting Motion to Dismiss in Part With Prejudice and In Part Without Prejudice (the "**Memorandum Decision**") [Adversary Docket No. 62] deemed the complaint an informal proof of claim with respect to the request for monetary relief.  In the Memorandum Decision, the Court dismissed the complaint in part with prejudice and in part without prejudice with leave to amend. The Memorandum Decision remains the subject of an interlocutory appeal pending before the District Court (*Wilson v. Residential Capital*, LLC, Case No. 14-mc-00329-PGG). The Borrower Claims Trust assumes that the plaintiff's informal proof of claim will continue to be addressed in connection with the adversary proceeding and not through the filing of a separate objection to the informal proof of claim, and as a result, such informal proof of claim should be considered as currently the subject of a filed objection, but are referencing it herein out of an abundance of caution.

20.     Another potential Unresolved Claim of which the Borrower Claims Trust is aware is the subject of a pending motion for leave to file a late proof of claim filed by Lolina

Porter [Docket Number 10451].  The Borrower Claims Trust filed an objection to the motion on

January 19, 2018 [Docket Number 10465].[7]  The Court has not yet ruled on the motion.

21.    With the exception of the foregoing Unresolved Claims, the Borrower

Claims Trust believes that it has reconciled all other Borrower Claims.  However, the extension

of the Claims Objection Deadline will allow the Borrower Claims Trust to confirm that it has in

fact addressed and reconciled all such other Borrower Claims.

22.    Accordingly, the Liquidating Trust believes that a brief extension of the

Claims Objection Deadline to May 14, 2018 will allow the Borrower Claims Trust to resolve or

otherwise address the claims outline above and to confirm that it has addressed and reconciled all

other Borrower Claims.[8]  This extension should not prejudice claimants; to the contrary,

Borrowers should ultimately receive greater distributions if the Borrower Claims Trust is given

the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those

Claims that are improperly filed or unsubstantiated.  During this extension, the Liquidating Trust

understands that the Borrower Claims Trust will attempt to reach the consensual resolution of the

Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

23.    While additional extensions of time may be necessary – and the

Liquidating Trust (for itself and the Borrower Claims Trust) expressly reserves the right to seek

such additional extensions – the Liquidating Trust and the Borrower Claims Trust will attempt to

resolve, and, if necessary, file objections to, the Unresolved Claims before the expiration of the

extended Claims Objection Deadline.

---

[7] As an objection to the motion for leave to file a late proof of claim has been filed, the Claims Objection Deadline
need not be extended with respect to such claim, but the Trusts are referencing it herein to provide the Court with a
full understanding of the Unresolved Claims.

[8] While the Liquidating Trust believes that all Non-Borrower Claims have been reconciled, the extension sought
herein will apply to all Claims and to both the Liquidating Trust and the Borrower Claims Trust.

24.     Similar relief has been granted in other large, complex chapter 11 cases. *See In re Gen. Mar. Corp.*, No. 11-15285 (Bankr. S.D.N.Y. May 8, 2015) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately forty-one (41) months from the effective date of the plan); *In re Motors Liquidation Co. (f/k/a Gen. Motors Corp.)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately forty-one (41) months from the effective date of the plan); *In re BGI, Inc. (f/k/a Borders Grp., Inc.)*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Sept. 25, 2015) (granting the liquidating trustee's request to extend the claims objection deadline by a total of approximately forty-eight (48) months from the effective date of the plan).  Here, the total extension requested is fifty-three (53) months from the Effective Date.

## NOTICE

25.     Although Article I.A.54 of the Plan expressly states that the Liquidating Trust may move this Court to extend the Claims Objection Deadline without hearing or notice to any party, out of an abundance of caution, notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]) and to the known claimants with Unresolved Claims.  The Liquidating Trust submits that no further notice of the Motion is necessary.

## NO PRIOR REQUESTS

26.     No previous request for the relief sought herein has been made to this or any other Court.

- 11 -

## CONCLUSION

WHEREFORE, the Liquidating Trust (on behalf of the Borrower Claims Trust)

respectfully requests that the Court enter the Proposed Order, extending the Claims Objection

Deadline to May 14, 2018; and grant such other and further relief as the Court may deem proper.

Dated:  March 6, 2018
       New York, New York

                         KRAMER LEVIN NAFTALIS & FRANKEL LLP

                         /s/ Joseph A. Shifer
                         Kenneth H. Eckstein
                         Douglas H. Mannal
                         Joseph A. Shifer
                         1177 Avenue of the Americas
                         New York, New York 10036
                         Telephone: (212) 715-9100

                         *Counsel for the ResCap Liquidating Trust*

**<u>EXHIBIT 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

In re:                                                   )        Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                        )        Chapter 11
                                                         )
                            Debtors.                     )        Jointly Administered
                                                         )

-----------------------------------------------------------------------

## ORDER EXTENDING THE DATE BY WHICH
## OBJECTIONS TO CLAIMS MUST BE FILED

Upon the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), for an order to extend the Claims Objection Deadline, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided, and the relief requested in the Motion being in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Borrower Claims Trust, the Borrower Claims Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the *Declaration of Jill Horner in Support of the Motion to Further Extend the Date by Which Objections to Claims Must be Filed* annexed to the Motion as **Exhibit 2**; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Claims Objection Deadline with respect to all Claims is extended to

May 14, 2018, without prejudice to the Liquidating Trust's ability to seek further extensions for

itself and the Borrower Claims Trust for good cause shown.

3.      The Court shall retain jurisdiction relating to the interpretation and

implementation of this Order.

Dated: _____, 2018
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 2

**Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| | ) |
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

---------------------------------------------------------------

**DECLARATION OF JILL HORNER IN SUPPORT**
**OF THE MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

I, Jill Horner, hereby declare as follows:

1.       I serve as the Chief Financial Officer for the ResCap Liquidating Trust

(the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance

Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the

debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"). I have

been employed by affiliates of ResCap since 2000, originally as the Manager of Financial

Planning and Analysis for Residential Capital Group, a managerial division under Residential

Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003

and expanded my role to include Financial Servicing Operations on or around 2007, a position I

held until 2010, when I became interim Senior Financial Officer for the International Business

Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a

position I held until I became the Chief Finance Executive.  In my current position, as Chief

Financial Officer to the Liquidating Trust, among other duties, I continue to assist the Trust in

connection with the claims reconciliation process.  I am authorized to submit this declaration (the

"**Declaration**") in support of the *Motion to Further Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' and the Liquidating Trust's professionals and consultants, the Borrower Claims Trust's professionals, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Declaration on that basis.

3.      In my capacity as Chief Financial Officer, I am familiar with the claims reconciliation process in these Chapter 11 cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

4.     Considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.     To date, approximately 7,499 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.[2]  The Claims consist of approximately 3,040 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts.   In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims are identified in the Schedules (including contingent, unliquidated, and disputed claims).

6.     Since the Effective Date, the Liquidating Trust, as well as the Borrower Claims Trust, has undertaken a comprehensive review of the Claims.  To date, all 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion have been resolved, expunged, or withdrawn,[3] and 3,037 Borrower Claims with asserted liabilities of approximately

---

[2] Although it is possible that untimely proofs of claims may still be filed, any such late-filed claim would be submitted years after the applicable bar date, and pursuant to the Chapter 11 Plan, shall be deemed disallowed without any further notice to or action, order, or approval of the Bankruptcy Court.  *See* Chapter 11 Plan, Art. VIII.B.

[3] The Liquidating Trust is currently working to resolve one late filed claim.  Although the Liquidating Trust believes the claim should be automatically disallowed, *see* footnote 2, and the claimant has not filed a motion for leave to file a late claim, the Liquidating Trust is attempting to reach a consensual resolution with the claimant. The Liquidating Trust reserves the right to object on any basis to this claim, as well as to any other late filed claim or motion for leave to file a late claim.

Further, although it is unclear what relief, if any, is sought from this Court pursuant to the *Notice of Conflicts Of Interest, Fraud and Fraud Upon The Court by Debtors in Conspiracy With Creditor LNV Corporation, ResCap Liquidating Trust and Special Insurance Coverage Counsel for the Debtors Perkins Coie LLP* [Docket No. 10469],

$15.5 billion have been resolved, expunged or withdrawn, with only 3 Borrower Claims remaining to be resolved.

7.    The following chart summarizes the resolution of the 7,496 resolved Claims:

| Resolved Claims Summary | | | | | |
|---|---|---|---|---|---|
| $ in millions | Total Asserted Amount | Total Claims | Wholly or Partially Unliquidated Claims | Number Disallowed | Number Allowed |
| Administrative | $    28 | 105 | 33 | 23 | 82 |
| Secured | 2 | 165 | 17 | 46 | 119 |
| Priority | 3 | 84 | 6 | 44 | 40 |
| General Unsecured | 10,574 | 1,488 | 661 | 491 | 997 |
| Resolved Prior to Effective Date | 83,937 | 2,617 | 1,514 | 883 | 1,734 |
| **Total Non-Borrower** | **94,544** | **4,459** | **2,231** | **1,487** | **2,972** |
| **Borrower** | 15,487 | 3,037 | 295 | 2,636 | 401 |
| **Total Claims** | **$  110,031** | **7,496** | **2,526** | **4,123** | **3,373** |

1) Claims resolved prior to Effective Date include, among others, claims under the RMBS Settlement, NJ Carpenters Settlement, and the Private Securities Settlements, as well as individual claims.
2) Borrower Claims exclude 3 unresolved claims and 1 potential claim relating to pending motion to file a late-claim (*see* Motion, ¶ 20).
3) The 2,636 Borrower Claims disallowed total includes 7 claims that have been disallowed but have been appealed and are still pending on appeal.

8.    Although the claims reconciliation process to date has successfully addressed almost every single Claim, there remain a handful of unresolved Borrower Claims (the "**Unresolved Claims**"), The Unresolved Claims assert liabilities in the liquidated amount of approximately $512,579.24, plus unliquidated amounts.  I understand that the Borrower Claims Trust is currently in the process of addressing the Unresolved Claims, and expects to resolve or otherwise address them in the near term, although it is possible that the resolution of such claims will not be finalized by the current Claims Objection Deadline.

9.    The Liquidating Trust believes that briefly extending the Claims Objection Deadline to May 14, 2018 will allow the Borrower Claims Trust to resolve the handful of remaining claims.  This extension should not prejudice claimants; to the contrary, Borrowers

---

to the extent the movants seek to assert any claims against the Debtors, the Liquidating Trust filed an objection [Docket No. 10482] and reserves the right to further object on any basis to any related claims.

should ultimately receive greater distributions if the Borrower Claims Trust is given the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those Claims that are improperly filed or unsubstantiated.   During this extension, I understand that the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

10.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 6, 2018

/s/ Jill Horner
Jill Horner
Chief Financial Officer for the
ResCap Liquidating Trust