Casey B. Howard
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
choward@lockelord.com
*Counsel for LNV Corporation*

**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

### LNV CORPORATION'S JOINDER OF THE RESCAP LIQUIDATING TRUST'S OBJECTION TO THE NOTICE OF CONFLICTS OF INTEREST, FRAUD AND FRAUD UPON THE COURT BY DEBTORS IN CONSPIRACY WITH CREDITOR LNV CORPORATION, RESCAP, LIQUIDATING TRUST AND SPECIAL INSURANCE COVERAGE COUNSEL FOR THE DEBTORS PERKINS COIE LLP

LNV Corporation ("LNV"), by and through their attorneys Locke Lord LLP, hereby submit this joinder (the "Joinder") to the Objection (the "Objection") to the Notice of Conflicts of Interest, Fraud and Fraud Upon the Court by Debtors in Conspiracy with Creditor LNV Corporation, ResCap Liquidating Trust and Special Insurance Coverage Counsel for the Debtors Perkins Coie LLP (the "Motion")[1] of the ResCap Liquidating Trust (the "Trust").

In support of the Joinder, LNV states as follows:

LNV agrees with the legal arguments and assertions set forth in the Objection, and instead of duplicating such arguments and assertions herein, hereby joins in the Objection, and the relief requested therein.

---

[1] The Motion was filed at Docket No. 10469.

1

In supplement to the Objection, LNV specifically denies all factual allegations by Denise Subramaniam, Robynne A. Fauley, Tuli Molina-Wohl and Catherine Gebhardt (the "Movants") as to LNV, its employees, principals, or affiliates. The Movants' allegations as to LNV and Mr. Andrew Beal in particular, including repetitive claims of fraud and criminal conduct, are without basis in fact, and are specious and libelous. Such claims should be disregarded by this Court and, to the extent Movants persist in making such baseless allegations, Movants should be subject to sanctions. Though the Movants appear pro se, "nothing prevents a court from imposing Rule 11 sanctions on a pro se litigant who has not complied with the guidelines set forth in Rule 11." Baasch v. Reyer, 827 F. Supp. 940 (E.D.N.Y. 1993)(citing Burnett v. Grattan, 468 U.S. 42, 50 (1984); granting sanctions against pro se plaintiff for interposing a motion "which in no way raises any factual or legal argument which could justify the relief sought.") Movants here have had their respective day in Court in each of their foreclosure actions and have provided no factual or legal basis to justify any relief from this Court, particularly as to LNV, its employees, principals, or affiliates.

Ultimately, Movants' application is vague in what relief, if any, it seeks; and even more problematic, Movants provide no procedural basis for requesting any such relief, particularly as to LNV. Movants further provide no basis for which this Court has jurisdiction to grant any relief as to LNV, its employees, principals, or affiliates. In the event that the Motion is not denied outright, LNV reserves all rights to submit a further substantive response on the Motion, including the right to challenge the jurisdiction of this Court over LNV, its employees, principals, or affiliates. LNV further reserves the right to be heard before the Court with regard to the issues raised in the Objection and in this Joinder.

WHEREFORE, for the reasons set forth in the Objection and this Joinder, LNV respectfully requests that this Court enter an order denying the Motion in its entirety and rejecting all factual allegations in the Motion. LNV additionally requests such other relief as the Court deems just and proper.

Dated: March 6, 2018  
      New York, New York

Respectfully Submitted,

By: */s/ Casey B. Howard*  
Casey B. Howard  
Locke Lord LLP  
Brookfield Place  
200 Vesey Street, 20th Floor  
New York, New York 10281  
(212) 415-8600  
choward@lockelord.com  
*Counsel for LNV Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Joinder* was served via ECF upon all parties registered to receive service via ECF in this case on this 6th day of March, 2018.

      */s/ Casey B. Howard*
      Casey B. Howard