MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Adam A. Lewis

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S RESPONSE TO NOTICE TO REISSUE EXPIRED OUT DATED CHECK FUNDS BELONGING TO CORLA JACKSON <u>GMAC MORTGAGE LLC KEPT</u>**

ny-1318446

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

I.     GENERAL BACKGROUND............................................................................................ 2

II.    INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER .................. 3

III.   THE MOVANT'S LOAN HISTORY ............................................................................... 6

IV.   THE EXPUNGEMENT OF MOVANT'S PROOF OF CLAIM...................................... 7

V.    THE STATUS OF THE DISTRICT COURT ACTION ................................................... 9

ARGUMENT ........................................................................................................................... 11

MOVANT IS PRECLUDED BY THE BAR DATE ORDER AND PLAN INJUNCTION PROVISIONS FROM SEEKING ANY RELIEF WITH RESPECT TO THE UNCASHED CHECK ............................................................................... 11

ny-1318446

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Barnhill v. Johnson,
    503 U.S. 393 (1992) ................................................................................................................11

Broward Title Co. v. Jacobs (In re AppOnline.com, Inc.),
    285 B.R. 805 (Bankr. E.D.N.Y. 2002), aff'd, 321 B.R. 614 (E.D.N.Y. 2003),
    aff'd, 128 F. App'x 171 (2d Cir. 2004) ...................................................................................11

Corla Jackson v. GMAC Mortgage Corporation,
    No. 17-12563-C (11th Cir. 2017) ...........................................................................................10

Corla Jackson v. ResCap Borrower Claims Trust,
    No. 14-4637 (2d Cir. 2014) ......................................................................................................9

Corla Jackson v. ResCap Borrower Claims Trust,
    No. 14-cv-02427 (JGK) (S.D.N.Y. 2014) ............................................................................1, 8

GMAC Mortgage v. Corla Jackson,
    No. cv-2103-902210 (Cir. Ct. Ala. Mobile Cty.) .....................................................................7

In re Brigance,
    219 B.R. 486 (Bankr. W.D. Tenn. 1998), aff'd sub nom., Cash in a Flash v.
    Brown, 229 B.R. 739 (W.D. Tenn. 1999) ...............................................................................11

Plotkin v. Sunflower Beef Packers (In re Hudson Valley Quality Meats, Inc.),
    29 B.R. 67 (Bankr. N.D.N.Y. 1982) .......................................................................................11

**STATUTES**

11 U.S.C. § 1142 ............................................................................................................................5

U.C.C. § 3–802(b) ........................................................................................................................11

U.C.C. § 3–409 .............................................................................................................................11

**OTHER AUTHORITIES**

Bankruptcy Rule 1015(b) ...............................................................................................................2

The ResCap Liquidating Trust (the "Trust"), established pursuant to the terms of the Chapter 11 Plan confirmed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors"), hereby submits this response (the "Response") to the *Notice To Reissue Expired Out Dated Check Funds Belonging To Corla Jackson GMAC Mortgage LLC Kept* [Docket No. 10489] (the "Notice") filed by Corla Jackson (the "Movant") and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. By the Notice Movant requests the reissuance of a check identified in the Notice (the "Uncashed Check") that was apparently issued to "Corla and Anthony Jackson Construction" in February 2006.[1] Movant purports to support the request through spurious and unintelligible allegations of fraud. This Court previously addressed and dismissed Movant's allegations of fraud in expunging her proof of claim filed in the Chapter 11 Cases. See *Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson* [Docket No. 6363] (the "Memorandum Opinion"). Movant's appeals of the Memorandum Decision to the District Court and Court of Appeals were unsuccessful and as a result, the Memorandum Opinion has become a final order.

2. Movant's latest reiteration of fraud on the part of the Debtors and other parties is similarly unfounded. In any event, Movant has had her day before this Court. On or about November 9, 2012, Movant timely filed a proof of claim in the Chapter 11 Cases in the

---

[1] The Trust does not have access to the bank records that would indicate whether the Uncashed Check cleared the account from which it was issued and does not have the capacity to independently verify that the existence of the Uncashed Check. For purposes of this Response, the Trust assumes that the Uncashed Check was issued and did not clear the account from which it was issued as alleged by Movant, but reserves all rights with respect to these issues. Movant represents in the Notice that Movant provided the original Uncashed Check with the copy of the Notice that Movant mailed to the Court's chambers. The Trust notes that the copy of the Uncashed Check included in the Notice appears to have been endorsed to a third-party. In addition, the Trust cannot confirm that the named payee in the Uncashed Check is an entity separate and apart from the Movant.

ny-1318446

face amount $100,000,000. To the extent Movant believed she had a legitimate claim against the Debtors to the funds represented by the Uncashed Check that is dated over 6 years prior to the date of the commencement of the Chapter 11 Cases, Movant had a full and fair opportunity to assert this claim as part of the claims allowance process. Movant did not do so, either in the proof of clam she did file or in connection with a separate proof of claim. Movant is now enjoined by the Bar Date Order, the final order of this Court expunging Movant's proof of claim, and the Plan Injunction Provisions (as such terms are defined below) from seeking any relief against the Debtors, the Trust and any other Released Party (as such term is defined below) with respect to the Uncashed Check.

**I.    GENERAL BACKGROUND**

3.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.    On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

5.    On August 29, 2012, this Court entered the Bar Date Order [Docket No. 1309], which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental

2

units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

6. On December 11, 2013, the Court entered the Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

7. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

II. **INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

8. The Plan and Confirmation Order contain comprehensive release provisions (collectively, the "Plan Injunction Provisions"). Pursuant to the Plan Injunction Provisions, persons whose claims were released under the Plan are prohibited from "commencing or continuing in any manner or action or other proceeding of any kind against any

3

Released Party[2] whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims."[3] Plan Art. IX.I; <u>see</u> also Confirmation Order ¶ 40.

9.  Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."[4]

10. Further, Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

11. In addition, as this Court is aware, a central aspect of the Plan is a broad third party release (the "<u>Third Party Release</u>"), which provides as follows:

---

[2] Under the Plan, the term "Released Party" is defined as "the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and Exculpated Party, or the property or Estate of any Entity so released, discharged or exculpated." Plan Art. I.A.243. The term "Exculpated Party" includes the Debtors and the Debtors' "Representatives." Plan Art. I.A.102. The term "Representatives" expressly includes such entity's or persons attorneys, among other parties. Plan Art. I.A.245.

[3] Under the Plan, the term "Released Claims" is defined as "Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged, terminated, or satisfied pursuant to the terms of the Plan; (ii) have been released pursuant to the Plan; or (iii) are subject to exculpation pursuant to the Plan." Plan Art. I.A.242.

[4] Pursuant to the Plan, the deadline to file Administrative Claims was January 16, 2014. See *Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138].

4

> On and as of the Effective Date of the Plan, except as provided by Article IX.E, the holders of Claims and Equity Interests shall be deemed to provide a full and complete discharge and release to the Ally Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to the Debtors, including those in any way related to RMBS issued and/or sold by the Debtors or their affiliates and/or the Chapter 11 Cases or the Plan, the Consent Order, and the Order of Assessment.

Plan Art. IX.D; Confirmation Order ¶ 40. The "Ally Released Parties" – i.e. the beneficiaries of the Third Party Release – are defined to include the Debtors' "Representatives." Plan Art. I.A.21. The term "Representatives," in turn, is defined to include an "entity's former and current . . . attorneys . . . , each solely in its capacity as such." Plan Art. I.A.245. Thus, the Third Party Release provides the Debtors' current and former attorneys with a release of all claims (solely in their capacity as such).

   12. Pursuant to Article XII of the Plan, this Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan . . . , including jurisdiction . . . to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions" and "to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code." See also Confirmation Order ¶ NN ("The Plan Releases are, individually and collectively, integral to, and necessary for the successful implementation of, the Plan, essential to the Debtors' orderly liquidation and supported by reasonable consideration.").

5

ny-1318446

### III.     THE MOVANT'S LOAN HISTORY

13.     Movant is no stranger to this Court and the history of Movant's residential mortgage loan and Movant's participation in these Chapter 11 Cases is well documented. A detailed discussion of the foregoing is found in the Debtors' Objection to Proof of Claim Filed by Corla Jackson (Claim No. 4443) [Docket No. 5100] (the "Claim Objection"). The Trust will not burden the Court with repeating here the full history of Movant's involvement in the Chapter 11 Cases and with the Debtors. For context, the Trust sets forth below a brief synopsis.

14.     On May 26, 2004, Movant obtained a home mortgage loan (the "Loan") from Option One Mortgage Corporation ("Option One") and executed a note (the "Note") in the amount of $240,000.00. GMAC Mortgage, LLC ("GMACM") was the servicer on the Loan. Option One later assigned the Note to GMACM. The Note was secured by a mortgage on property located at 13230 Tom Gaston Road, Mobile, Alabama 36695-8658 (the "Property"). See Claim Objection at ¶¶ 11-12.

15.     After years of procedural wrangling, including three bankruptcies filed by Movant, on June 1, 2012, GMACM foreclosed upon the Property and purchased it at the non-judicial foreclosure sale. Id. at ¶¶ 13-25. At the time of the foreclosure, GMACM was both the servicer and the owner of the Note. In June 2012, GMACM sent a notice of demand for possession of the Property in accordance with Alabama state law. Id. at ¶25.

16.     The servicing of Movant's Loan was transferred to Ocwen Loan Servicing ("Ocwen") in connection with the sale of the Debtors' servicing platform in February of 2013. The Trust understands that an order granting GMAMC or its assigns possession of the Property was entered on or about February 22, 2017, in an action commenced in the Circuit Court of

6

Mobile County, Alabama styled as <u>GMAC Mortgage v. Corla Jackson</u>, No. cv-2013-902219 (Cir. Ct. Ala. Mobile Cty.). A copy of this order is annexed hereto as **Exhibit A**. Apparently, due to the pendency of the Eleventh Circuit Appeal discussed below, Ocwen has not taken possession of the Property.

### IV. THE EXPUNGEMENT OF MOVANT'S PROOF OF CLAIM

17. On or about January 18, 2012, Movant commenced a lawsuit against GMACM in Alabama state court that was removed by GMACM to the United States District Court for the District of Alabama, styled as Jackson v. GMAC Mortgage, LLC, Civil Action No. 1:12-CV-00111-KD-B (the "<u>District Court Action</u>"). <u>See</u> Claim Objection at ¶23. The Debtors filed a Notice of Bankruptcy in the District Court Action on May 25, 2012 and the court in the District Court Action (the "<u>Alabama District Court</u>") issued an order on May 31, 2012, placing the case on its administrative docket. Id. at ¶ 26.

18. In the early phase of the Chapter 11 Cases, Movant repeatedly sought relief from the stay to continue the District Court Action. Such requests were denied by this Court. <u>See</u> Claim Objection at ¶¶ 27-35; <u>see</u> also Memorandum Opinion at pp 2-3. In denying Movant's requests for stay relief, the "Court made clear to Ms. Jackson the she could file a proof of claim in this case … ." <u>Id</u>. at p. 3. And indeed, on November 9, 2012, Movant timely filed a proof of claim (no. 4443) against Debtors GMACM and Residential Capital, LLC in the face amount of $100,000,000, asserting secured and unsecured claims (the "<u>Jackson Claim</u>").

19. The Debtors filed the Claim Objection in September of 2013. The Jackson Claim includes over 160 pages of attachments and, to say the least, is difficult to decipher. As set forth in the Claim Objection, the Debtors used their best efforts to distill the basis for the Proof of Claim and it appeared to be predicated on the District Court Action. <u>See</u>

7

Claim Objection at ¶ 3; see also Memorandum Opinion at p. 4.  Apparently, even though the Uncashed Check was issued in 2006, the Jackson Claim does not include any claim for the amounts purportedly due Movant in connection with the Uncashed Check or seek any relief with respect to it, nor is a reference even made to the Uncashed Check.

20. As noted above, the Claim Objection provides a lengthy description of Movant's own multiple bankruptcy cases, including GMACM's participation in those cases, an overview of the District Court Action, the events leading to the foreclosure on Movant's property and an overview of Movant's activities in the Chapter 11 Cases.

21. Pursuant to the Claim Objection, the Debtors requested the expungement of the Jackson Claim in its entirety.  The Debtors contended that the Jackson Claim was precluded under judicial estoppel, that the pleadings in the District Court Action upon which the Jackson Claim were predicated were woefully deficient and that the claim was wholly lacking in merit.

22. Movant did not file a response to the Claim Objection but appeared at the hearing held on November 13, 2013 to consider the Claim Objection.  In the Memorandum Opinion the Court sustained the Claim Objection and expunged the Jackson Claim holding that the claim was barred by judicial estoppel and is wholly lacking in merit. See Memorandum Opinion at p. 19.

23. Movant appealed the Memorandum Opinion to the District Court for the Southern District of New York, Corla Jackson v. ResCap Borrower Claims Trust, No. 14-cv-02427 (JGK) (S.D.N.Y. 2014).[5]  In a Memorandum Opinion and Order dated October 8, 2014 [Docket No. 8] (the "District Court Decision"), Judge Koeltl dismissed the appeal for lack of

---

[5] Because the appeal was commenced subsequent to the Effective Date of the Plan, the ResCap Borrowers Claim Trust was substituted in the appeal as the appellee.

8

ny-1318446

jurisdiction on account of Movant's failure to timely file the Notice of Appeal. <u>See</u> District Court Decision at pp. 13-14. For completeness, Judge Koeltl also thoroughly addressed the merits of the appeal and reviewed both the judicial estoppel and merits based findings and conclusions upon which this Court expunged the Jackson Claim. Judge Koeltl concluded that this Court did not err in expunging the claim. <u>See</u> District Court Decision at pp. 7-14.

24. Movant took an appeal of the District Court Decision to the Court of Appeals for the Second Circuit, <u>Corla Jackson v. ResCap Borrower Claims Trust</u>, No. 14-4637 (2d Cir. 2014). The appeal was ultimately dismissed on procedural grounds as a consequence of Movant's repeated failure to comply with the briefing schedule and other deadlines set by the Court of Appeals. <u>See</u> Court of Appeals Docket No. 50; <u>see</u> also Court of Appeals Docket Nos. 11, 18, 22, 55, 56 and 86. Movant took no further action in the Second Circuit and did not file a petition for certiorari. As a result, the Memorandum Decision became a final order.

## V. THE STATUS OF THE DISTRICT COURT ACTION

25. On April 25, 2017, counsel to GMACM filed in the District Court Action the Status Report of GMAC Mortgage, LLC Regarding Bankruptcy Stay (the "<u>GMACM Status Report</u>"), a copy of which is annexed hereto as **Exhibit B**. In the GMACM Status Report counsel apprised the Alabama District Court of the expungement of the Jackson Claim and the outcome of the subsequent appeals. In addition, the GMACM Status Report informed the Alabama District Court of the entry by this Court of the Confirmation Order and the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of the Plan and Confirmation Order [Docket no. 8158] (the "<u>Procedures Order</u>") and the import thereof.

9

ny-1318446

26. Following the submission of the GMACM Status Report and Movant's status report, the Alabama District Court entered an Order on May 25, 2017, dismissing the case with prejudice (the "Dismissal Order"). A copy of the Dismissal Order is annexed hereto as **Exhibit C**. In the Dismissal Order, the Alabama District Court concluded that the res judicata effect of the Memorandum Decision and the discharge provisions of the Confirmation Order was dipositive of Movant's claims in the District Court Action. See Dismissal Order at pp. 2-5. In addition, the Alabama District Court noted that Movant failed to respond on a substantive basis to court's earlier order to show cause why the case should not be dismissed. Id. at pp 4-5.

27. Movant appealed the Dismissal Order to the Court of Appeals for the Eleventh Circuit, Corla Jackson v. GMAC Mortgage Corporation, No. 17-12563-C (11th Cir. 2017) (the "Eleventh Circuit Appeal"). On July 13, 2017, the Trust as successor in interest to GMAMC, filed a Notice of Bankruptcy Status in the Eleventh Circuit Appeal, a copy of which is annexed hereto as **Exhibit D**. In the Notice of Bankruptcy Status, the Trust informed the Court of Appeals of the status of the Jackson Claim, the entry of the Confirmation Order and the Procedures Order, and the Trust's intention to follow the processes approved in the Procedures Order for enforcing the Injunction Provisions of the Plan.

28. On February 1, 2018, upon consideration of Movant's application to proceed *in forma pauperis* ("IFP"), and a separate motion filed by Movant requesting the Court of Appeals to void all previous orders entered in the Alabama District Court and to grant Movant a new trial, the Court of Appeals granted Movant IFP status but denied the other motion. Also on February 1, 2018, a Memorandum was filed in the appeal advising the parties of the appellate briefing schedule. According to the Memorandum, Movant's opening brief was due on March 13, 2018. See copy of case docket in Eleventh Circuit Appeal annexed hereto as **Exhibit E**.

10

# ARGUMENT

## MOVANT IS PRECLUDED BY THE BAR DATE ORDER AND PLAN INJUNCTION PROVISIONS FROM SEEKING ANY RELIEF WITH RESPECT TO THE UNCASHED CHECK

29. Movant's request for the reissuance of the February 2006 Uncashed Check is simply an unsecured claim for sums in issue. See e.g., In re Brigance, 219 B.R. 486, 488 (Bankr. W.D. Tenn. 1998), aff'd sub nom., Cash in a Flash v. Brown, 229 B.R. 739 (W.D. Tenn. 1999), and aff'd, 234 B.R. 401 (W.D. Tenn. 1999). (uncashed check held by creditor of debtor does not constitute security for underlying obligation and creditor holds only an unsecured claim).[6] To the extent Movant had any right to recover the funds associated with the Uncashed Check from the Debtors, in order to preserve such right Movant was required to assert such claim through the filing of a proof of claim in the Chapter 11 Cases in accordance with the Bar Date Order. Movant had due notice of the Bar Date, and indeed timely filed the Jackson Claim in which the matter of the Uncashed Check was not raised. Movant did not file any other proof of claim. Accordingly, Movant is enjoined by both the Bar Date Order and the final order of this Court expunging the Jackson Claim from advancing any claim associated with the Uncashed Check.

30. Similarly, any such claim constitutes a Released Claims under the Plan, and Movant is enjoined by the Plan Injunction Provisions from commencing or continuing any

---

[6] The Uniform Commercial Code and governing case law also support the notion that a claim on a negotiable instrument (*i.e.*, on a dishonored check) is an unsecured claim. The UCC establishes that "[a] check is not an assignment of funds (U.C.C. § 3–409), nor does it convey to its holder a lien or property interest in the funds against which the check is drawn or by which it shall be paid." Plotkin v. Sunflower Beef Packers (In re Hudson Valley Quality Meats, Inc.), 29 B.R. 67, 72 (Bankr. N.D.N.Y. 1982); accord N.Y. U.C.C. § 3–802(b) (McKinney's 2001). Likewise, "receipt of a check gives the recipient no right in the funds held by the bank on the drawer's account." See Barnhill v. Johnson, 503 U.S. 393, 399 (1992). Rather, a check is merely a "promise to pay." See Broward Title Co. v. Jacobs (In re AppOnline.com, Inc.), 285 B.R. 805, 809 n.1 (Bankr. E.D.N.Y. 2002), aff'd, 321 B.R. 614 (E.D.N.Y. 2003), aff'd, 128 F. App'x 171 (2d Cir. 2004) (check that was not a certified or bank check was "merely a promise to pay").

11

action against the Debtors, the Trust and any other Released Party with respect to such claim. See Plan Articles VIII.B, IX.I; see also Confirmation Order at ¶ 40. This Court has not hesitated to enforce the Plan Injunction Provisions where warranted. See, e.g., *Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Enforcing Release of Claims Against Ally Financial Inc.* [Docket No. 6806] and *Memorandum Opinion and Order Granting in Part and Denying in Part Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction* [Docket No. 7148].

31. Although the issue is not before the Court, the continuation of the District Court Action and the Eleventh Circuit Appeal by Movant are violative of the Plan Injunction Provisions. The Trust reserves its right to enforce the Plan Injunction Provisions against Movant as provided for in the Procedures Order.

WHEREFORE, the Trust respectfully submits that the relief requested in the Notice be denied.

Dated: March 15, 2018
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Adam A. Lewis
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

12

ny-1318446