**<u>Exhibit A</u>**

ELECTRONICALLY FILED
2/22/2017 4:01 PM
02-CV-2013-902219.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GMAC MORTGAGE, LLC,            *
                              *
    Plaintiff,            *
                              *        CV-2013-902219
v.                            *
                              *
CORLA JACKSON                 *
                              *
    Defendant.            *

### ORDER

This matter coming before the Court on the Plaintiff's GMAC Mortgage, LLC (hereinafter "GMAC or Plaintiff") "Complaint for Ejectment" against Corla Jackson (hereinafter "Jackson or Defendant"). The Court has reviewed all exhibits, motions, pleas and filings of record from both parties. This Court has heard the testimony of the witnesses over three days of trial. After a review of all of the evidence produced by both the Plaintiff and the Defendant, this Court issues this Order as follows:

### FINDINGS OF FACT

This Court finds that Jackson executed a mortgage in favor of Option One Mortgage Corporation on May 26, 2004. The mortgage had an attached Adjustable Rate Rider that was executed by Jackson on the same day. Also signed on May 26, 2004 was an Adjustable Rate Note in which Jackson promised to pay $240,000.00 to Lender, Option One Mortgage Corporation. Pursuant to the Adjustable Rate Note Jackson agreed to send her payments to the Lender or to whom the Lender may transfer the Note. The Court finds that a valid assignment of the Mortgage appears in Instrument 2008050095 at Book 6409 and Page 1483 in the records of the Probate Court in Mobile County, Alabama in which Option One Mortgage Corporation sold

its rights in the Mortgage to GMAC Corporation, LLC. The Court finds that the assignment was filed on July 11, 2008, that it was validly executed, and that it represents a legally enforceable transfer of title to GMAC Mortgage Corporation, LLC. The Court further finds Jackson defaulted on her payments to the note holder, and on June 1, 2012, a valid foreclosure took place wherein Plaintiff was the highest bidder. The Court finds that a foreclosure deed was filed on June 13, 2012.

The Court finds that Defendant refused to vacate the premises after receiving proper notice to vacate after the foreclosure. The Defendant's refusal to vacate the premises resulted in a post-foreclosure possession action being filed in the District Court of Mobile, Alabama styled GMAC Mortgage, LLC v. Corla Jackson, DV-2012-902844. Plaintiff argued that since the Defendant was a holdover tenant that an action for ejectment under the Landlord and Tenant Act could take place in District Court. The District Court disagreed and determined that the proper action was an ejectment action in Circuit Court. There was no ruling on the merits at the District Court level. Thus the current case, CV-2013-902219, was transferred from the District Court to the Circuit Court and was filed on August 21, 2013.

It should be noted that the Defendant chose to represent herself at both the District and Circuit Court levels in this matter. The Defendant filed a motion to dismiss/vacate this ejectment action in the Circuit Court but Circuit Judge Joseph S. Johnston entered an Order denying same.

Before this trial commenced this Court suggested the Defendant retain counsel and notes that Defendant failed to do so. The Court finds that when the case proceeded to trial the evidence produced by both sides over the three (3) separate days of trial indicated the findings set forth herein. In an effort to allow Defendant to present her case, the Court stopped the proceedings twice to give Defendant an opportunity to procure additional documents and to hire

an attorney.    The Defendant did not retain the services of an attorney and proceeded as a pro se litigant.

At trial, the Defendant claimed that Option One Mortgage could not assign the mortgage after seeking bankruptcy protection and terminating its loan program.  The Court found evidence indicating that the fact that Option One Mortgage Corporation ceased making loans did not mean that it ceased all operations.  The Court finds that Sand Canyon is an existing entity, formerly known as Option One Mortgage Corporation, that Sand Canyon continues to operate the business of Option One Mortgage Corporation, and that it was duly authorized to and that it did execute the assignment of the Defendant's mortgage from Option One Mortgage Corporation to GMAC Mortgage, LLC.  This Court finds that the assignment dated June 19, 2008, and recorded in the Probate Records of Mobile County as Instrument 2004042906 properly assigned Jackson's mortgage from Option One Mortgage Corporation to GMAC Mortgage, LLC.

Defendant further took the position that the note and mortgage were discharged in her bankruptcies.  There was no evidence that said Defendant was discharged in any bankruptcy action.

## CONCLUSIONS OF LAW

For the reasons stated above, this Court finds that the Plaintiff GMAC Mortgage, LLC produced the mortgage and foreclosure deed, and therefore has established all of the necessary elements for ejection (*Jones v. Butler*, 286 Ala. 69, 237 So.2d 460 (1970).    Said Note and Mortgage were not discharged in Defendant's bankruptcies; and the assignment of mortgage from Option One Mortgage to GMAC Mortgage was properly executed and was a valid assignment.

## JUDGMENT

GMAC Mortgage, LLC and/or their assigns is GRANTED judgment for possession of the property located at 13230 Tom Gaston Road, Mobile, AL 36695, and Defendant is ODERED to vacate the premises no later than May 31, 2017.

Costs taxed as paid.

DONE and ORDERED this the 22nd day of February, 2017.

_____
Jay York
Circuit Judge
13th Judicial Circuit
State of Alabama