# **Exhibit B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CORLA JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.:1:12-cv-00111 |
| GMAC MORTGAGE CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STATUS REPORT OF GMAC MORTGAGE, LLC REGARDING BANKRUPTCY STAY

COMES NOW Defendant, GMAC Mortgage, LLC ("GMAC") individually, and files this *Status Report Regarding the Bankruptcy Stay* as required by this Court's April 18, 2017 Order.

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMAC Mortgage, LLC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Filing") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are being jointly administered, indexed at case number 12-12020 (MG).

2. GMAC informed the Court of the automatic bankruptcy stay in its May 25, 2012 *Notice of Bankruptcy and Effect of Automatic Stay* ("Notice of Bankruptcy").

3. In a May 31, 2012 Order, this Court stayed all claims pending resolution of GMAC's bankruptcy.

1

4. Plaintiff Corla Jackson ("Plaintiff") filed pleadings that this Court construed as requests for relief from the automatic bankruptcy stay as evidenced by its June 5, 2012 Order directing Plaintiff to seek relief from the Bankruptcy Court.

5. On July 13, 2012, the Bankruptcy Court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order").

6. GMAC filed its *Amended Notice of Bankruptcy Stay and Supplemental Servicing Order* ("Amended Notice of Bankruptcy") on August 21, 2012 informing this Court of the contours of the partial relief from stay granted by the Bankruptcy Court, and that Plaintiff's instant claims remained entirely stayed.

7. Plaintiff also sought, but was denied relief from the Bankruptcy Court in an August 16, 2012 Order, and again in an October 4, 2012 Order.

8. On December 11, 2013, the Bankruptcy Court entered an order, among other things, confirming the Debtors' Chapter 11 plan [Bankruptcy Docket No. 6065][1] (the "Confirmation Order"). A copy of the Debtors' confirmed Chapter 11 plan (the "Plan") is annexed to the Confirmation Order as Appendix 1. All claims are administered in accordance with the Plan.

9. Plaintiff filed a "Status Report" on January 13, 2014 and a "Notice of Appeal" on February 10, 2014, along with another Motion to Lift Stay the following day.

---

[1] Copies of documents reference may be obtained at no charge at http:/www.kccllc.net/rescap

2

10. On February 12, 2014, this Court denied Plaintiff's renewed motion to lift the bankruptcy stay.

11. Plaintiff filed a proof of claim in Debtors' Bankruptcy Cases, being claim 4443 ("Claim 4443"). (A Copy of Claim 4443 is attached as Exhibit "A."). The basis of Claim 4443 was premised on the same allegations set forth in the Complaint here. Claim 4443 submitted Plaintiff's allegations set forth in such Complaint to the jurisdiction of the Bankruptcy Court. Claim 4443 was expunged and dismissed pursuant to a Memorandum Opinion and Order filed in the Bankruptcy Cases on January 27, 2014 ("Memorandum Order"), as Bankruptcy Docket 6363, as full and final adjudication of allegations set out in the Complaint. (A copy of the Memorandum Opinion is attached as Exhibit "B.")

12. Thereafter, Plaintiff appealed the Memorandum Order to the United States District Court, Southern District of New York, being matter number 14-cv-2427, and that Court affirmed the Bankruptcy Court on October 19, 2014, by Order referenced as Docket 18. Appellant appealed such Order to the Second Circuit Court of Appeal, Case No., 14-4637. The Court of Appeals dismissed the action for Plaintiff's failure to adhere to Court Rules.

13. On March 13, 2015, the Bankruptcy Court entered the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation ("Enforcement Order") [Bankruptcy Docket 8303]. The Enforcement Order, (i) bars Plaintiff from continuing to prosecute this action against GMAC under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek further relief from the Bankruptcy Court in the event Appellant continues in the refusal to dismiss this action with respect to GMAC.

14. The Bankruptcy Court had jurisdiction to adjudicate Plaintiff's claims against GMAC, which it did, denying and dismissing her claims. Plaintiff is barred from any continued prosecution of this action against GMAC. Accordingly, this action should be dismissed and closed.

Respectfully submitted this 25th day of April, 2017.

/s/ Grant A. Premo
Jon H. Patterson
Grant A. Premo
jpatterson@bradley.com
gpremo@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6403

*ATTORNEY FOR DEFENDANT GMAC MORTGAGE, LLC*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of April, 2017, I filed the foregoing document with the United States District Court for the District for the Southern District of Alabama using the ECF system. I also deposited a copy of the above and foregoing in the United States Mail, postage prepaid to following:

Corla Jackson
13230 Tom Gaston Road
Mobile, Alabama 36695
*Pro Se Plaintiff*

/s/ Grant A. Premo
OF COUNSEL

5