# **Exhibit D**

No. 17-12563

# United States Court of Appeals
# for the Eleventh Circuit

──────── ♦ ────────

CORLA JACKSON,

*Appellant,*

v.

GMAC MORTGAGE CORPORATION,

*Appellee.*

──────── ♦ ────────

On Appeal from the United States District Court
for the Southern District of Alabama
Civil Action No. 1:12-cv-00111-KD-B

──────── ♦ ────────

**APPELLEE'S NOTICE OF BANKRUPTCY STATUS**

──────── ♦ ────────

Marc James Ayers
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mayers@bradley.com

COMES NOW ResCap Liquidating Trust ("Liquidating Trust"), successor to GMAC Mortgage LLC successor by merger to GMAC Mortgage Corporation ("Appellee"), and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status.

## BRIEF PROCEDURAL HISTORY

1. This matter emanates from action filed by appellant Corla Jackson ("Jackson") in the Circuit Court of Mobile County, Alabama, which was removed to the United States District Court for the Southern District of Alabama ("District Court") on February 23, 2012.

2. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC Mortgage, LLC and GMAC Mortgage Corporation (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are jointly administered, indexed at case number 12-12020 (MG).

3. Jackson filed a claim in the Debtors' bankruptcy case ("POC 4443") to which Debtors objected.

4. Following a hearing, the Bankruptcy Court ordered POC 4443 expunged and dismissed with prejudice as a result of the Debtors' Objection. (Bankruptcy Docket 5100).

5. The Bankruptcy Court's dismissal was affirmed on appeal. (*See* CV 14-2427 and CV 14-4637).

6. Based upon these rulings, the District Court entered a final judgment dismissing the case with prejudice on May 26, 2017.

## NOTICE OF BANKRUPTCY STATUS

7. On April 17, 2014, GMAC Mortgage, LLC filed Notice of Bankruptcy Filing and Entry of Confirmation Order (the "Notice") [Docket No. 2] to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code.

8. On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "Plan"). The effective date under the Plan occurred on December 17, 2013 (the "Effective Date").

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, or any other referenced bankruptcy documents, are not included as an attachment, but may be obtained at no charge at http:/www.kccllc.net/rescap

9.  Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K). **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan.**

10. Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

11. In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all

4

matters pertaining to the injunction provided for in the Plan and Confirmation Order.

Specifically, the Plan provides as follows:

### RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:

...

(c) **to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;**

....

(Plan, Art. XII) (emphasis added). In addition, the Confirmation Order provides as follows:

**Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

12.  By Order dated November 21, 2012, the Court approved the sale of the Debtors' mortgage origination and servicing platform to Ocwen Loan Servicing LLC ("Ocwen") and its designee, Walter Investment Management Corp. ("Walter") [Docket No. 2246] (the "Ocwen Sale Order"). The transactions comprising the sale of the Debtors' mortgage origination and servicing platform (the "Sale") closed in two parts: the sale to Walter closed on January 31, 2013, and the sale to Ocwen closed on February 15, 2013.

13.  On March 13, 2015, the Bankruptcy Court entered the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation ("Procedures Order"). The Procedures Order, (i) bars Jackson from continuing to prosecute this action against the Debtors under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek further relief from the Bankruptcy Court in the event that Jackson continues in the refusal to dismiss this action with respect to the Debtors.

14.  Based on a review of the Debtors' claims register, Jackson filed a claim in the Debtors' bankruptcy case ("POC 4443").

15.  Following a hearing, Judge Glenn of the United States Bankruptcy Court for the Southern District of New York ordered **POC 4443 expunged and dismissed with prejudice as a result of the Debtors' Objection.** (Bankruptcy Docket 5100).

16. The expungement of the POC represented a full and final adjudication of allegations set out in this appeal. (Id.).

17. The bankruptcy court also concluded that Jackson's POC 4443 was barred by judicial estoppel and lacks merit. (Id.).

18. The United States District Court for the Southern District of New York (CV 14-2427) affirmed the Bankruptcy Court order on appeal. (Id.)

19. Jackson then appealed to the Second Circuit Court of Appeals (CV 14-4637), which dismissed her action due to her failure to adhere to court rules. (Id.).

20. Accordingly, Jackson is barred from continuing to prosecute this action against Appellee. Within a reasonable time after the filing of this Notice of Bankruptcy Status, Appellee shall contact Jackson in writing and request that Jackson agree to dismiss Appellee from this action. In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, Appellee shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting Jackson from continuing prosecution of this action against Appellee.

21. Debtors are submitting this pleading for the purpose of providing the Court and the parties to this action with an update as to the status of the Bankruptcy Cases.

Respectfully submitted this 13th day of July, 2017.

s/ Marc James Ayers
Marc James Ayers
*Counsel for GMAC Mortgage*

<u>OF COUNSEL</u>
Marc James Ayers
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mayers@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System. I also deposited a copy of the above and foregoing in the United States Mail, postage prepaid to following:

Corla Jackson
13230 Tom Gaston Road
Mobile, AL 36695
*Pro Se*

s/ Marc James Ayers
Marc James Ayers
*Counsel for GMAC Mortgage*
