UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jennifer L. Wilson,

                           Plaintiff,

- against -

RESIDENTIAL CAPITAL, LLC;
RESIDENTIAL FUNDING COMPANY,
LLC; and Does 1 - 10, inclusively,

                           Defendants.

In re:

   RESIDENTIAL CAPITAL, LLC et al.,

                           Debtor.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/18

## ORDER

14 Civ. 3068 (PGG)

14 Misc. 329 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      On May 14, 2012, Residential Capital, LLC (the "Debtor") and related entities (including Residential Funding Company, LLC ("Residential Funding") (collectively, the "Debtors")) filed a bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of New York. (Voluntary Petition (Dkt. No. 1), at 1, 4-7, In re Residential Capital, LLC, 12 Bankr. 12020, (Bankr. S.D.N.Y. May 14, 2012)) On November 9, 2012, Jennifer Wilson, proceeding pro se, filed an adversary complaint against the Debtors and John Does 1-10 (used as a placeholder for additional Defendants Wilson believed may be liable to her). (Cmplt. (Dkt. No. 1) ¶¶ 19-20, Wilson v. Residential Capital, LLC, 12 A.P. 1936 (Bankr. S.D.N.Y. Nov. 9, 2012)) Wilson's complaint alleges breach of contract and a violation of the North Carolina Unfair & Deceptive Trade Practices Act ("UDTPA"). (Id. ¶¶ 65-99)

On April 30, 2014 and October 1, 2014, Wilson filed motions to withdraw the bankruptcy reference and a motion for leave to appeal, respectively, in the instant related cases. (See Mot. (Dkt. No. 1), In re Residential Capital, LLC, 14 Civ. 3068 (S.D.N.Y. Apr. 30, 2014); Mot. (Dkt. No. 1), In re Residential Capital, LLC, 14 Misc. 329 (S.D.N.Y. Oct. 01, 2014)).

On July 7, 2014, Bankruptcy Judge Martin Glenn dismissed Wilson's breach of contract claims in their entirety with prejudice. (See Mem. Op. (Dkt. No. 62) at 27, Wilson, 12 A.P. 1936) Judge Glenn also dismissed Wilson's UDTPA claim, but granted her leave to amend her complaint to proceed against Residential Funding (but not Residential Capital or any John Does), and to add additional parties. (See id. at 26-27) On July 22, 2014, Wilson filed a notice of appeal, and thereafter moved for leave to appeal the July 7, 2014 order. (Notice of Appeal (Dkt. No. 63), Wilson, 12 A.P. 1936; Mot. (Dkt. No. 64), Wilson, 12 A.P. 1936)

Because Wilson's motions raise overlapping issues, this Court will address both motions here.

## DISCUSSION

### I.  MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE

#### A.  Permissive Withdrawal

28 U.S.C. § 1334 vests federal district courts with "original and exclusive jurisdiction of all cases under title 11," and original but not exclusive jurisdiction of all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C.§ 1334(a), (b). 28 U.S.C. § 157(a) provides that a district court may provide that these cases "shall be referred to the bankruptcy judges for the district." This District has a standing

order that automatically refers bankruptcy cases to the Bankruptcy Court. See In re Standing Order of Reference Re: Title 11, 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012).[1]

Section 157(d), however, allows district courts to withdraw these referrals: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In exercising [their] broad discretion to withdraw the bankruptcy reference," courts should consider the following factors:

> (1) whether the bankruptcy court has constitutional authority to enter a final decision;[2] (2) judicial economy; (3) uniformity in bankruptcy administration; (4)

---

[1] The Standing Order is available at http://nysd.uscourts.gov/rules/StandingOrder_OrderReference_12mc32.pdf, and states:

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.
>
> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

[2] In In re Orion Pictures Corp., the Second Circuit instructed "district court[s] considering whether to withdraw the reference [to] first evaluate whether the claim is core or non-core. . . ." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). However, after the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), "the majority of courts in this Circuit have determined that th[is] primary Orion factor . . . ha[s] been supplanted by a determination 'of whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed de novo by a district court. . . .'" Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 12 Civ. 9408 (VM), 2013 WL 444762, at *2 n.1 (S.D.N.Y. Feb. 6, 2013) (quoting Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd., No. 12-CV-5859 (KMK), 2012 WL 5464619, at *3 (S.D.N.Y. Nov. 7, 2012)).

3

economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process and (7) the presence of a jury demand.

Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 12 Civ. 9408, 2013 WL 444762, at *2 (S.D.N.Y. Feb. 6, 2013) (citing In re Orion, 4 F.3d at 1101). As the moving party, Wilson bears the burden of showing that permissive withdrawal of the reference is warranted. See In re Ames Dept. Stores, Inc., No. M-47(PKL), 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991).

Wilson asserts that her claims against the Debtors are not core proceedings. The Court finds this argument to be wholly without merit. Nothing is more central to bankruptcy administration than determining the claims of creditors against the estate.[3] See In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 705 (2d Cir. 1995) ("[N]othing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor." (quoting In re BKW Sys., Inc., 66 B.R. 546, 548 (Bankr. D.N.H. 1986)). Section 157(b)(2)(B) provides that "[c]ore proceedings include, but are not limited to . . . (B) allowance or disallowance of claims against the estate." In order for Wilson to receive any distribution from the estate, her claim must be "allowed" under § 157(b)(2)(B). 28 U.S.C. § 157(b)(2)(B). Thus, Wilson's claims are "core" bankruptcy proceedings.

In re Manville Forest Products Corp., 896 F.2d 1384 (2d Cir. 1990) is instructive. In that case, a creditor brought a claim against a bankrupt estate for breach of contract, based on

---

[3] "Creditor" has an extremely broad definition in the Bankruptcy Code. Under 11 U.S.C. § 101, "creditor" means an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). "Claim" means "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Wilson asserts a "right to payment" against the Debtors based on her breach of contract and UDTPA claims, meaning that she has a "claim" "against the debtor." Thus, she is a "creditor" under the Bankruptcy Code.

4

a contract that the creditor and the debtor had entered into before the debtor filed a bankruptcy petition. The debtor objected to the proof of claim, the bankruptcy court conducted a bench trial concerning the claim, and it disallowed the claim. Id. at 1387-88. On appeal, the Second Circuit held that "[t]he adversary proceeding at issue . . . involve[d] a simple objection to a proof of claim and clearly falls within the literal language of § 157(b)(2)(B), which provides that all proceedings involving the 'allowance or disallowance of claims against the estate' . . . are core matters." Id. at 1389. The Second Circuit also held that Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), did not require that this claim be adjudicated by an Article III court: "[U]nlike the defendant in Marathon, [the creditor in In re Manville] filed a proof of claim in the [debtor's] Chapter 11 case. By filing a proof of claim, [the creditor] submitted itself to the equitable power of the bankruptcy court to disallow its claim." Id.

In support of this conclusion, the court quoted the following language from Matter of Wood, 825 F.2d 90 (5th Cir. 1987):

> "A claim against the estate is instituted by filing a proof of claim as provided by the bankruptcy rules. The filing of the proof invokes the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution. <u>Understood in this sense, a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy.</u>"

Id. at 1389-90 (quoting Matter of Wood, 825 F.2d at 97).[4]

---

[4] Wilson did not file a formal proof of claim under 11 U.S.C. § 501 and Bankruptcy Rule 3001. However, the bankruptcy court held that Wilson's adversary complaint served as an "informal" proof of claim. (See Mem. Op. (Dkt. No. 62), Wilson, 12 A.P. 1936, at 12-14) In a different procedural context, the Second Circuit has approved allowing claims against the estate where no formal proof of claim was filed before the bar date.

In In re PCH Associates, 949 F.2d 585 (2d Cir. 1991), the Second Circuit held that a secured creditor that did not file a proof of claim before the bar date was not barred from asserting a claim against the estate when the debtor had previously filed an adversary proceeding against the secured creditor. Id. at 605. As the court said, "the basic policy behind section 501 and the

5

Stern v. Marshall, 564 U.S. 462 (2011) does not change this analysis. Stern involved a claim for tortious interference in state probate court. After bringing this case, the plaintiff filed a bankruptcy petition. The defendant in the state case filed a proof of claim in the bankruptcy proceeding, contending that he should be able to recover damages from the bankruptcy estate because the plaintiff in the state court case had defamed him. Stern, 564 U.S. at 469-70. The debtor then filed a counterclaim for tortious interference before the bankruptcy court. The Stern court held that this counterclaim could not be constitutionally resolved in a non-Article III court. Id. at 469. Here, by contrast, Wilson has filed a claim directly against the bankruptcy estate. Accordingly, Stern is not on point.

The determination that Wilson's claims are core informs the Court's analysis of the factors courts generally consider in addressing requests to withdraw the bankruptcy reference. As noted in In re Orion Pictures Corp., "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." In re Orion Pictures Corp., 4 F.3d at 1101. Here, the most efficient venue to determine a proof of claim against the Debtor is the bankruptcy court. This approach promotes efficient use of judicial resources, minimizes the cost and delay to the

---

notice of claim rules is to ensure that all those involved in the proceeding will be made aware of the claims against the debtor's estate and will have an opportunity to contest those claims. . . . In this case, [the secured creditor's] failure to file the notice of claim has not prejudiced the interests of any third party. By virtue of the first adversary proceeding and the instant case, all claimants were aware of the potential for [the secured creditor's] claim." Id. at 605.

Although Wilson, and not the Debtors, filed the adversary complaint in this case, the same logic applies. All parties were aware of Wilson's claims against Debtors before the bar date. Thus, this Court sees no error in Judge Glenn's decision to deem Wilson's adversary complaint an informal proof of claim. Accordingly, In re Manville applies.

6

parties, promotes uniformity in administering the bankrupt estate, and prevents forum shopping by providing a predictable path in which claims against the estate are resolved.

One of the fundamental purposes of the Bankruptcy Code (and the automatic stay) is to stop the "race to the courthouse." Similar to a bank run, creditors of a struggling debtor who believe that the debtor may soon run out of assets will rationally seek to extract as much value as they can from the debtor as quickly as they can. This behavior is societally destructive, however, and Congress has provided for a more orderly approach that promotes a more efficient administration and the rehabilitation of bankrupt debtors. Were Wilson correct – that her claims against the debtor are "non-core" because they are based on state law – the Bankruptcy Code would serve little purpose.

The Court concludes that permissive withdrawal is not appropriate here.

### B. Mandatory Withdrawal

Wilson also argues that mandatory withdrawal applies. Under 28 U.S.C. § 157(d), "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." "The Second Circuit . . . construes this provision 'narrowly,' requiring withdrawal of the reference only if 'substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding.'" In re Extended Stay, Inc., 466 B.R. 188, 196 (S.D.N.Y. 2011) (quoting In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990) (citations omitted)).

As Wilson notes, her complaint "states breach of contract, violations of N.Y. trust law, N.C. state law, and deceptive acts and practices all resulting in the commission of fraud

7

upon the state court." (Pltf. Mem. (Dkt. No. 2) at 14, In re Residential Capital, LLC, 14 Civ. 3068, (S.D.N.Y. Apr. 30, 2014)). Although Wilson asserts that the laws she cites are "laws of the United States," she is incorrect. They are state laws.

The case Wilson misquotes in her brief confirms her error. The brief states: "In New York v. Exxon Corp., 932 F.2d 1020 (2d Cir. 1991), the Second Circuit held that withdrawal is required when issues are raised that would 'require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal [state] laws apart from the bankruptcy statutes.'" (See Pltf. Br. (Dkt. No. 2) at 13, In re Residential Capital, 14 Civ. 3068 (quoting New York v. Exxon Corp., 932 F.2d at 1026). The bracketed language – the reference to "state" that Wilson adds – does not appear in the case, which considers whether a bankruptcy court can properly address "federal laws apart from the bankruptcy statutes." New York v. Exxon Corp., 932 F.2d at 1026 (emphasis added).

In sum, Section 157(d) mandates withdrawal where a bankruptcy court must engage in significant interpretation of non-bankruptcy federal laws, not state law. No such interpretation was required here. Accordingly, mandatory withdrawal does not apply.

## II.    **MOTION FOR LEAVE TO APPEAL**

Wilson also requests leave to appeal the Bankruptcy Court's July 7, 2014 decision. As Wilson recognizes (Pltf. Br. (Dkt. No. 1) at 1, In re Residential Capital, 14 Misc. 329 (S.D.N.Y. Oct. 1, 2014)), she seeks to appeal an interlocutory order. Under 28 U.S.C. § 158(a)(3), district courts have discretion to hear appeals "from . . . interlocutory orders and decrees." "In determining whether to grant an interlocutory appeal under § 158(a)(3), district courts apply the standard articulated in 28 U.S.C. § 1292(b) . . . ." In re Coudert Bros. LLP Law Firm Adversary Proceedings, 447 B.R. 706, 711 (S.D.N.Y. 2011). Under § 1292(b), a district

8

judge may certify an appeal if he or she is (1) "of the opinion that such order involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

"'[I]nterlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit.'" In re Lyondell Chem. Co., No. 11 Misc. 387 (JPO), 2012 WL 163192, at *4 (S.D.N.Y. Jan. 18, 2012) (quoting Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 12 Misc. 115 (JSR), 2010 U.S. Dist. LEXIS 81492, at *3 (S.D.N.Y. Aug. 6, 2010)). Thus, "the party seeking leave for an interlocutory appeal must demonstrate 'exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Id. (quoting In re Coudert Bros., 447 B.R. at 711). Here, this Court finds that (1) there is no substantial ground for difference of opinion, (2) granting the appeal would not advance the litigation, and (3) Wilson has demonstrated no exceptional circumstances.

A "[s]ubstantial ground for difference of opinion exists where '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" Id. (quoting In re Coudert Bros., 447 B.R. at 712). The only evidence that Wilson cites on this point is that the Debtor agreed at a May 1, 2014 hearing that her claims were non-core. (Response (Dkt. No. 3) at 6, In re Residential Capital, LLC, 14 Misc. 329) As discussed above, however, this Court has concluded that Wilson's claims against the Debtors are core bankruptcy issues. Moreover, there is no doubt that the Bankruptcy Court applied the correct legal standard. (See Mem. Op. (Dkt. No. 62) at 14-16, Wilson, 12 A.P. 1936) Finally, the reason that Judge Glenn dismissed Wilson's breach of contract claims – Wilson's admission

that she was never in any contract with the Debtors – is straightforward. (See id. at 16; see also Tr. (Dkt. No. 51) at 42:4-8, Wilson, 12 A.P. 1936) The Court concludes that there is not a substantial ground for a difference of opinion.

An immediate appeal would also not materially advance the termination of the litigation. Judge Glenn gave Plaintiff leave to amend her complaint on the UDTPA claim. (See id. at 27) Thus, any relief this Court would grant in Wilson's appeal would result in the same action: Plaintiff would file an amended complaint. Furthermore, Wilson's only argument on this point is based on her motion for withdrawal of the reference being granted. (See Response (Dkt. No. 3) at 7, In re Residential Capital, LLC, 14 Misc. 329)

Finally, Wilson has demonstrated no exceptional circumstances justifying her appeal.

### III. WILSON HAS NO RIGHT TO A JURY TRIAL

In Wilson's motion for leave to file an interlocutory appeal, she also argues that she has a right to a jury trial on her claims. (Pltf. Mem. (Dkt. No. 2) at 12-13, In re Residential Capital, LLC, 14 Civ. 3068) Wilson is mistaken. As the Supreme Court has made clear, "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting [herself] to the bankruptcy court's equitable power." Lagenkamp v. Culp, 498 U.S. 42, 44 (1990) (per curiam) (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989)). In Lagenkamp, creditors filed proofs of claim against a bankrupt estate, and the trustee instituted adversary proceedings to recover voidable preferences to the creditors. Id. at 43. As the Court stated, "'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.' Respondents filed claims against the bankruptcy estate, thereby bringing themselves

within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action." Id. at 45 (quoting Granfinanciera, 492 U.S. at 58).

Although the procedural context is different, the same logic applies here. By filing a claim against the bankruptcy estate, Wilson brought herself within the equitable jurisdiction of the Bankruptcy Court. She thus has no right to a jury trial on her claims.[5]

## CONCLUSION

For the reasons stated above, Wilson's motion to withdraw the bankruptcy reference and her motion for leave to appeal are denied. The Clerk of Court is respectfully directed to terminate the motions (14 Civ. 3068 (Dkt. No. 1); 14 Misc. 329 (Dkt. No. 1) and to close these cases.

Dated: New York, New York
       March 31, 2018

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[5] As discussed above, Judge Glenn treated the adversary complaint as an informal proof of claim. Nothing in Lagenkamp suggests the right to a jury trial depends on whether the creditor's "claim" against the estate proceeds in an adversary proceeding or by a proof of claim. The alternative to Judge Glenn's approach – accepting the adversary complaint as an informal proof of claim and proceeding to the merits of Wilson's claims – would have been to dismiss Wilson's adversary complaint as improperly filed. See In re Drexel Burnham Labert Group, Inc., 148 B.R. 993, 998 (S.D.N.Y. 1992) ("A claim for damages arising from pre-petition conduct is not one of [the categories set out in Rule 7001 that can and should be commenced as adversary proceedings.]"); COLLIER ON BANKRUPTCY ¶ 7001.02 ("The filing of a proof of claim by a creditor does not commence an adversary proceeding, even though the creditor is seeking to recover money from the estate. . . . And, an adversary proceeding may not be used as a substitute for a proof of claim.") It would make little sense to give Wilson greater Seventh Amendment rights than creditors who complied with the claims allowance process.

11