Vito Genna
Clerk of the Court
U.S. Bankruptcy Court Southern District New York
One Bowling Green
New York, NY 10004-1408

March 30, 2018

RE: In re RESIDENTIAL CAPITAL, LLC, et al.
U.S. Bankruptcy Court Southern District New York, Case No: 12-12020

**TO THE IMMEDIATE ATTENTION: Honorable Judge Martin Glenn**

Your Honorable Judge Martin Glenn,

Please accept these last documents attached hereto to support the Notice (Doc. 10469) in objection to (Doc 10482) filed by ResCap Liquidating Trust and Perkins Coie joined by LNV Corporation (Doc 10485). We are four individuals giving notice of fraudulent activities to the court. We do not have electronic filing privileges which has made it more difficult for us to coordinate and file at a distance from different cities.

Thank you,

Catherine Gebhardt

Robynne A. Fauley

Juli M. Wohl

Vito Genna
Clerk of the Court
U.S. Bankruptcy Court Southern District New York
One Bowling Green
New York, NY 10004-1408

March 30, 2018

RE: In re RESIDENTIAL CAPITAL, LLC, et al.
U.S. Bankruptcy Court Southern District New York, Case No: 12-12020

## TO THE IMMEDIATE ATTENTION: Honorable Judge Martin Glenn

### Sworn Declaration of Robynne A. Fauley
### In Support of Letter to Clerk and Doc. 10469
In Objection to (Doc 10482)
Filed by ResCap Liquidating Trust, Perkins Coie joined by LNV Corporation (Doc 10485)

I hereby state that I, Robynne A. Fauley, declare that I am over the age of eighteen (18) years and have personal knowledge of the facts set forth in this letter/declaration, and if called as a witness, could and would competently testify to the facts set forth herein.

P#1. We are clearly seeking proof between Residential Funding Company, LLC, and LNV, as to who or how they could assign the note. We are making a complaint, with damages. We have most certainly suffered undisclosed and and disabling conflict of interest with these two companies, and they most prove how these assignments exist. The courts decisions have been based on documents provided from Perkins Coie, stating they were in fact legally owners of the note. We are asking to be admitted to the bankruptcy for a remedy.

# 2. We could not file claims in Chapter 11, as we did not discover this information until just recently in December 2017. Perkins Coie, was in conflict of interest by practicing foreclosure against us for years, during their " Statement of Disinterest" hiding this information for many, many past years. Dishonesty is what must allow us to re open this case.

# 3 We believe that this court does have the jurisdiction to explore the facts.

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

# 5. We received a threatening letter from Residential funding, telling us to cease and desist, o September 9th, 2014 from Houser & Allison, Emilie K. Edling, not disclosing that documents from this case were illegal and not to be used in any proceedings, as decided by the court in the 49 AG case. I called Ms. Edling, several weeks ago, in March 2018. She pretended that she knew nothing of this case. I sent her the letter that she had written to my attorney and then returned the phone call after she received it via email, and she stated, oh I am not involved any further. I then called the phone number at the bottom of her letter, stating, f you have any questions please contact Joseph Shifer, at 212-715-9517, which I then did to discuss why this was not disclosed in my court cases? I then received this objection from his firm 15 days later. It was filed 18 hours after my phone call.

# 8 The effective date for January 17th, 2013, was the date, we filed our case against Residential Funding CV 13010433 See Register of Actions enclosed. Oregon State Circuit Court was April 4th, 2013. Residential Funding removed them selves from my case on on October 21st, 2014. Ms.Fauley recently just discovered this information as of December 2017.

Ms. Fauley's attorney Dave Smith communicated nothing of this to her, and the court was informed of this fact below, in filed case 3:15-cv-01422-HZ Document 60, filed 7-12- 16 Page 4 of 23. Also refiled in Case : 16-35593, 11-03-2016 ID: 10185884 DktEntry: Page 23 0f 112. Both of which Perkins Coie had received.

*See image on following page*

Based in part thereon, and in light of a change in foreclosure law in the Ninth Circuit during pendency of this action, and since Plaintiff alleges no other causes of action, Ms. Fauley is entitled to judgment on the pleadings or alternatively, dismissal with prejudice.

**B.    Ms. Fauley Waives LR 83-11(a) Withdrawal Motion Requirement Due to Inadequate Deficient Representation by David P. Smith**

Respectfully, if it pleases the Court, Ms. Fauley waives the motion requirement of *LR. 83-11(a)* and accepts the improper withdrawal of David P. Smith [OSB #964301] ("Smith") as attorney of record since Smith abandoned and sabotaged Ms. Fauley's defense from the outset.

David P. Smith, a successful litigator for nearly 20 years, incompetently deficiently, and inadequately represented Ms. Fauley against LNV and took $68,000 in fees from her while intentionally sabotaging her defense, and

1.    was ineffective in investigation and preparation for the case;

2.    was deficient and thus prejudiced Ms. Fauley;

3.    made serious and grave errors in judgment and testimony that deprived Ms. Fauley of a fair defense and offense at the summary judgment hearing on March 29, 2016. Dkt. 51;

4.    provided bad advice;

5.    was not prepared with the requisite range of competence;

6.    Smith's performance fell below an objective standard of reasonableness;

7.    failed to investigate mitigating evidence favoring Ms. Fauley;

8.    failed to address changes in Ninth Circuit foreclosure law;

9.    failed to object to factual errors;

10.    failed to subject Plaintiffs' prima facia case to meaningful adversarial testing;

- 3 -
MOTION FOR JUDGEMENT ON THE PLEADINGS
LNV vs. FAULEY, et al, CASE NO. 3:15-cv-01422-HZ

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

# 10 - 11 We question this authority to block us from re opening, if there was hidden, concealing efforts to continue to prosecute our cases, with questionable documents, those facts do in fact deserve and need further evaluation.

# 13. Perkins Coie, filed a "Disinterested" legal document of fact, that was in fact conflictive and which prosecuting my case for years and years, did violate those statements. They should be held accountable for such statements under oath.

# 14 Here, the Objections, state this court does in fact retain exclusive jurisdiction over all matters arising out of or related to Chapter 11 cases and the plan. We believe all that was stated here in the P 14. Which is contrary to P 3.

# 15. We agree that the PC's statement of "Disinterest" filed Sept 10, 2012, should have removed them from prosecution of our case in the following years of 2013 - 2018.

Including the case that we have just filed against them Oct 18th, 2017, 3:17 cv 1656-HZ, stating that Perkins Coie, did in fact represent LNV in multiple courts , with foreclosure actions against Ms. Fauley, 3:15-cv-01422-HZ. In, Federal, State and Apellate courts. Ms. Fauley as recently as 2017,  sued Perkins Coie, Case 3-17-CV 01656RJB Document 1 Filed 10-18-17 Page 8-10 of 42. stating again here, in this case, PC, did in fact  collude with LNV, to scheme and defraud Ms Fauley of her property.  They placed upon the court a fraudulent and forged note, along with with questionable endorsements, assignments, alonges, which when compared to the endorsements on recorded instruments, show it is impossible for LNV, to have had standing to foreclose on Plaintiff's property. I

# 15.

Case 3-17-CV 01656RJB Document 1 Filed 10-18-17 Page 8-10 of 42.
Instruments:
# 2003-041141 recorded 4-3-2003 executed 7-29-02 ,
# 2007-038181 recorded 5-3-2007 executed 4-11 2007,
# 2008-074676 recorded 8-31-08 **executed 10-27-08,**
# 2008-074677 recorded 8-31-2008 **executed 3-10-08,**
# 2012-023399 recorded 4-17-2012 **executed 3-10-2006**

## III. ARGUMENT

### A. LNV Corporation Lacked Standing to Foreclose On Ms. Fauley

### From The Outset For FIVE Irrefutable Reasons

(1) LNV Corporation did not exist on March 10, 2008 (Exh. A) at the time Residential purports to assign Ms. Fauley's deed of trust and note to LNV Corporation and thus the assignment dated March 10, 2008 (Exh. E) and attached allonge (Exh. G) recorded October 31, 2008 (Exh. F) was void ab initio;

(2) the March 10, 2008 Corporation Assignment of Deed of Trust (Exh. E) was blank – LNV Corporations' name does *not* appear on it, and thus Residential assigned nothing to LNV Corporation and it was a void contract;

(3) Residential no longer held the deed of trust or the note after March 10, 2008 and therefore could not "re-record" or re-assign the deed of trust or the note to LNV Corporation or anyone else on October 31, 2008 because Residential did not have either.

(4) Because the March 10, 2008 "corporate" assignment and allonge were void ab initio, and because the October 31, 2008 recorded assignment and allonge were void ab initio, *then* the April 17, 2012 recorded assignment and allonge (Exhs. F and H ) were also void ab initio.

(5) Residential was *not* the real party in interest when it alleges it assigned the note and deed of trust to non-existent LNV Corporation on March 10, 2008.

———

-7-

Case: 16-35593, 11/02/2016, ID: 10184284, DktEntry: 10-1, Page 9 of 19

Neither the note nor the deed of trust was ever assigned to Residential before March 10, 2008 because on April 3, 2003, Washington Mutual Bank FA ("WAMU") recorded an "Assignment of Mortgage/Deed of Trust" to "Deutshe Bank Trust Company Americas as Trustee" ("Deutshe") (Exh. I), transferring all of WAMU's interest in Ms. Fauley's Property and her promissory note

to Deutshe. Then, on May 3, 2007, WAMU recorded an "Assignment of Deed of Trust" to Residential Funding Company, LLC ("Residential")(Exh. J), purportedly transferring all of its interest in Ms. Fauley's Property and promissory note to Residential, **which was legally impossible** because WAMU no longer held the note or the deed of trust after April 3, 2003, and there is no recorded assignment back to WAMU from Deutshe *prior* to the WAMU-to-Residential recorded assignment on May 3, 2007. The so-called "corrective" assignment Deutshe recorded to Residential on October 31, 2008 is void ab initio (Exh. K) because Residential's "corporate" assignment on March 10, 2008 (to the non-existent LNV Corporation) happened *7 months and 21 days before* Deutsche's "corrective" assignment to Residential on October 31, 2008. Thus, Residential was *not* the real party in interest, nor holder of the note, nor beneficiary of the deed of trust on March 10, 2008. Even if LNV Corporation existed on March 10, 2008 (which it did not), Residential lacked standing to assign Ms. Fauley's note and deed of trust to LNV Corporation or anyone else on March 10, 2008.

-8-

Case: 16-35593, 11/02/2016, ID: 10184284, DktEntry: 10-1, Page 10 of 19

**B.** The "Corporation" Assignment Of Deed Of Trust From **Residential Funding Company, LLC to LNV Corporation On March 10, 2008 Was Void Ab Initio Depriving LNV Of Any Lawful Authority to Foreclose**

Indeed, "A void thing is as no thing." *First Nat. Bank of L. A. v. Maxwell* 15 (1899) 123 Cal. 360, 371. LNV Corporation did *not* exist on March 10, 2008, evident by the **Certified Copy** of LNV's Articles of Incorporation from the Nevada Secretary of State (Exh. A) and the attached declaration of Catherine Gebhardt. Consequently, the "Corporation" Assignment of Deed of Trust from Residential to LNV on March 10, 2008 was void ab initio.

Since **LNV did not exist on March 10, 2008**, and because Deutshe recorded the alleged "corrective" assignment **7 months and 21 days** after Residential purportedly assigned the note and deed of trust to the non-existent LNV Corporation, the Assignment Residential recorded

October 31, 2008 (Exh. E) was void ab initio, and the Assignment Residential recorded April 17, 2012 (Exh. F) was void ab initio.

Residential purports to assign the promissory note and deed of trust to LNV on March 10, 2008, despite the fact the LNV did *not* exist on March 10, 2008; "TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued under said Deed of Trust." Exh. E, p.2, jurat, Mar. 10, 2008.

-9-

Case: 16-35593, 11/02/2016, ID: 10184284, DktEntry: 10-1, Page 11 of 19

LNV Corporation did not exist at the time of the purported "corporate" Assignment of Deed of Trust on March 10, 2008 and Residential was neither holder of the note, beneficiary of the deed of trust, nor real party in interest, and thus lacked legal authority to assign the note and deed of trust to the non-existent LNV Corporation. Therefore, the Corporation Assignment of Deed of Trust, dated March 10, 2008 is a void contract. "A void contract is without legal effect. (Rest.2d Contracts, § 7, com. a.) It binds no one and is a mere nullity.. (*Little v. CFS Service Corp*. (1987) 188 Cal.App.3d 1354, 1362.) Such a contract has no existence whatever. It has no legal entity for any purpose and neither action nor inaction of a party to it can validate it... . ((*Colby v. Title Ins. and Trust Co.* (1911) 160 Cal. 632, 644.)

Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire. *(Colby v. Title Ins. and Trust Co.*, 160 Cal. 632 at p. 644; *Aronoff v. Albanese*, 446 N.Y.S.2d at p. 370.). Neither Residential nor LNV can ratify the void assignment of March 10, 2008 (recorded October 31, 2008 and again on April 17, 2012), nor change its stripes from what was and is void ab initio, to what they would like it to be (merely voidable). *Id*.B. The Undated Allonge Was Void Ab Initio

Pursuant to Oregon Revised Statutes, ORS § 73.0113(2), the undated allonges (Exhs. G and H) were void ab initio since its date of issuance cannot be

- 10 -

Case: 16-35593, 11/02/2016, ID: 10184284, DktEntry: 10-1, Page 12 of 19

determined, nor the date LNV first came into possession of them. According to ORS §
73.0113(2), which reads in relevant part; "If an instrument is undated, its date is the date of its
issue or, in the case of an unissued instrument, the date it first comes into possession of a
holder." According to the jurat (Exh. G), Residential purportedly assigned the deed of trust and
transferred the note to LNV Corporation on March 10, 2008. Since Residential lacked legal
authority to transfer the note, and since LNV Corporation did not exist on March 10, 2008, the
allonge was also void ab initio.

## C. Real Party In Interest Is Not A Party To This Action

Since the March 10, 2008 "Corporation" Assignment of Deed of Trust from

Residential to LNV, and the recorded versions of it on October 31, 2008 and April 17, 2012 are
irrefutably void ab initio, LNV is not the real party in interest nor the holder of the note, nor
beneficiary of the deed of trust. The real party in interest has made no appearance in this action.
LNV attempts to assert the purported legal rights of the real party in interest by foreclosing on
Ms. Fauley, which it cannot do under a void assignment and void transfer of the note.

**F.** Residential's Transfer Of The Note And Deed Of Trust To The

## Non-Existent LNV Corporation On March 10, 2008 Was No Accident, Mistake Or Clerical Error.

In the instant case, Jeanne J. Smith, Assistant Vice President of Residential feigns ignorance of
the fact that Residential did not hold the note or deed of trust on March 10, 2008 and that LNV
did not exist on March 10, 2008. This case is *not* the first (or only) case where Residential and
LNV Corporation conspired to get a free house by recording assignments for notes and deeds of
trust they did not have. In *LNV vs. Subramaniam*, 9th CCA Case No. 15-35963, LNV
Corporation used the **F.** Residential's Transfer Of The Note And Deed Of Trust To The

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

- 14 -

Case: 16-35593, 11/02/2016, ID: 10184284, DktEntry: 10-1, Page 16 of 19

*identical* March 10, 2008 assignment from Residential to steal Ms. Subramaniam's home and throw her onto the streets. This is also not the first time that LNV used void assignments to wrongfully foreclose on a borrower. See *Randle vs. LNV*, 9th CCA Case No. 15-56097, [Motion to Appoint Special Master, Dkt. 35] (LNV's officers forged a government power of attorney on May 29, 2008 to steal $94 million dollars in property titles from…borrowers, which they. did).

Exhibits enclosed. Also note Grant Hamilton's Declaration. Exhibit number 7, P 9- 11 states that Residential funding Company, transferred the Note to Deutsche Bank TCA. which then transferred the note to Residential Funding Company and endorsed it to RFC LLC.in an along and delivering the note and the along to RFC,LLC. Then RFC, LLC, transferred the note to LNV by endorsing it to the order of LNV in an allonge and delivering the Note and Alonges to LNV.

Washington Mutual transfers my payment history to Litton Loan, Servicing LP, which was the loan server of the loans or RFC, LLC. and Mr.Hamilton states under oath, LNV is now the holder of the note and has physical possession of the Note. See document that states Litton loan has just transferred my Loan from Washington Mutual on 4-1-2005 and I will now be sending payments to them.

I paid Litton loan from  8-15-2005 - 8-13 -2008. Further records to be examined on the pay dates that may include more payments. .

# 15. PC states that they are retained to continue to defend the debtors related to residential mortgages and insurance interests.

P 16, PC Special Insurance Coverage Counsel, states that they do not hold and confirm that it does not  represent or hold an interest adverse to the debtors or their estates, and that they have performed a comprehensive review of its connections with multiple categories of the debtor's and contract counter parties. LNV is identified in the master Conflict list schedule 1 in the PC

declaration. Schedule 2 PC declaration identifies LNV as a current or former PC Client.  So question, how do they not identify that I am in a law suit with Perkins Coie representing LNV foreclosing on my  property from 2013 January to March  2018. This is not hidden? Or conflict?

17 Kathy Nye hired by Residential, states in her declaration,  (addressed further in P 1-6 Declaration below, ) is hired by ResCap Liquidating Trust.  The LiquidatingTrust has joined ResCap, May 1st, 2008, as in house litigation counsel. **That she is completely responsible and familiar with all aspects of and for management of litigation, including among others, residential mortgage -related litigation, including the borrower litigation matters pending before the court continuing through out this filing and onto this declaration on March 2, 2018.** She should then have been familiar with all of our foreclosure filings from 2013 - 2018. Including those against PC in October 2017..

18, We could not file any claims with out knowledge of this matter or that we had in fact a claim to the Chapter 11, during this period of time. Nor could we have filed a claim with out personal knowledge of what this meant in relationship to our documents, or PC's conflict of interest representing RFC, with insurance companies, while we were filing motions and lawsuits against RFC and LNV.  **Ms Nye did not notify us. Residential Funding Co, LLC, had in fact assigned the note and alonges to LNV on March 10th 2008. But PC continued as counsel.**

19 Nye states in Declaration, Debtor, Residential Funding Co, LLC, does appear in the chain of title in certain of these cases but as a former holder. And that we had a full and fair opportunity to raise our claims against the party seeing to foreclose on each Movants interest and then lists our case as April 18th, 2016, purposely **not listing our 2013 cases,** with Residential Funding Co. LLC, listed as the party that we were suing. And or their letter threatening us to remove ourselves from pursuing them further legally. They should have revealed that they had received the damages with the 49 AG, that their bad paperwork had been investigated, that it was not to be used further in any litigations, and that in their agreements with the 49AGt they had agreed to these facts.  Not only did RFC not notify us of the ruling, but did not state the inability to transfer the note. And the ability to assign the documents to LNV  was clearly stated in a statement from (Diane Meistade statement, in email Oct 27th, 2008, at 4:45 pm) about their ability to assign it

says to LNV the following.... "I disagree, since RFC was not in position ( Title Position)  to transfer the asset.)"

Ms. Nye states she is personally familiar with all aspects of RFC. LLC. And in charge of all litigations with mortgages.

Michael Barnette responds:  Since the assignment from RFC is on record, we have to correct the chain to title."  At this point the county recorders records show Wamu is the assignee of the record for this loan, RFC did assign this and shouldn't have..... ( They then begin to conspire how to fix these errors so LNV, can foreclose on Ms. Fauley. ) See 8 emails exhibits.

20. We did not and could not understand that we had rights until we unraveled this long complex and hidden scenario, that neither Residential funding, Litton Loan, MGC, or LNV were willing to reveal their roles and activities despite the 49 AG ruling, but that they spent copious amounts of money to foreclose on us with this knowledge of the bankruptcy, the investigations by the 49 AG's rulings. Our lawsuits again span the areas between : 2013 - 2018

P 21. Here they admit CSG Investments Inc., are creditors of the debtors.  **LNV is called a party to loan servicing agreements, instead of holders of the note**.  Then they are again called nothing more then a co-plaintiff capacity, with LNV not listed int the debtors schedules and that we did not file a proof of claim. Here in your Court Judge Glenn, we filed a notice not a motion, so that we could have time to get our evidence together and collect data properly and present properly, hence forth requesting a special counsel, because I am pro se. I am if you  grant such a decision, willing to file a proof of claim.  I believe and have to ask, (due to Residential Funding which is not a beneficiary), who could then assign us to LNV, which began the years of litigations? RFC, has begun a long line of re-actions that were illegal and should be held responsible for notably this action but all its following actions.  They can not have it both ways, a serving party, not a note holder, a note holder, holds and owns the note,  who is responsible? Which way is it? And if they are a servicer then how could the ownership note be assigned then to a servicer? We never, ever, received a single paper stating that they were the servicer or now

the owners of the note. The note chain and the assignment chain do not match. RFC, or LNV, they have to show us some proof.

It is also stated that the servicing platform was paid off in Feb of 2013, but we were in suit with them as of Jan of 2013. Case # 3:13-cv-00582-AC and Perkins Coie was hired by RFC, May -31-13. This BK case for RFC, was not dismissed in our case until Nov-5-2014 as a Defendant.

P 22. Litigants had just filed a notice to the court. We will in fact, with a little more time and some legal assistance, the exact identify and the exact nature of the relief requested. We were asking for a special counsel to enter this evidence we have all continued to uncover through our efforts for years. We have just begun to realize what happened. We are not attorneys and we beg the courts pardon. We believe the past courts decisions and rulings were not properly informed or transparent, nor did not grasp the nature of what had taken place. We know there has been fraud and forgery, the pieces are just being assembled for us as homeowners and victims, and are most recently Dec 2017, understood in relationship with PC, and RFC. Andy Beal/Beal Bank, Litton, MGC..

P 23. We have strong evidence worthy of examination. Although Banks have been settling behind our backs, as investors and homeowners have not been invited into the process as they should have been, (with far more transparency) Banks are and have been quietly behind the scenes, settling, for mortgage fraud, with Federal agencies, all home owners can not be wrong. And since these banks are settling on mortgage notes that are bad paper and paying what seems, is large fines, but is but a pittance for the crime and or the money they actually made, and all being done with zero recognition for the incredible misery they have caused homeowner victims who were pursued relentlessly by these banks, (after great profit), to take their homes as well. They greed is insatiable. And how much money does a bank need to live on in one life?

P. 24. Res Judicata is this nullified by corruption and concealment? We would ask this court believing that they do have jurisdiction, to hear and review our evidence. Morrison & Foerester LLC, states "IF…. the court has jurisdiction" stated in various paragraphs, and then in P 25, states again about its jurisdiction….."it is highly doubtful." We, as stated, have just found out

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

about this case and about Litton loans most recent complaints by the Consumer Financail
Protection Bureau and the Florida Attorney General filed in April 2017 which is still an active
case as of today. The pieces are still falling into place therefore, also are just being placed before
this court in our complaints and notice. According to an article in the New York Post on
September 1, 2011 titled: "Fed to fine Goldman Sachs over foreclosure practices" found online
at: https://nypost.com/2011/09/01/fed-to-fine-goldman-sachs-over-foreclosure-practices:

> *WASHINGTON — The Federal Reserve on Thursday sanctioned Goldman Sachs
> over deficient practices involving residential mortgage loan servicing and
> foreclosure processing at its former subsidiary, Litton Loan Servicing LP, in
> what's commonly referred to as the "robo-signing" scandal.*
>
> *The action orders Goldman Sachs to retain an independent consultant to review
> foreclosure proceedings initiated by Litton that were pending at any time in 2009
> or 2010 and provide remediation to borrowers who suffered financial injury as a
> result of wrongful foreclosures or other deficiencies identified.*
>
> *The Fed added that monetary sanctions are "appropriate" and that it will
> announce them later.*

At the time Litton was servicing my loan (and the others in this group) Litton was owned by
Goldman Sachs. Now all these years later we have been foreclosed upon using the very same
falsified Litton produced mortgage/foreclosure documents.

P. 25. Morrison & Foerester, LLC, state that "for the most part, the movants litigation involves
LNV"s actions to foreclose on Movants, delinquent mortgages." That is in correct. Its was RFC,
that assigned the note to LNV, when they were not the beneficiary, which has created case after
case, over and over. We are litigants figuring this out, but it took time, due to no disclosures by
RFC, or LNV. It is quoted by several sources in exhibits including recording with the County
clerks that show, that what they presented in our cases in the courts were in fact impossible, as
well as Bill Patalano's statement and investigation, along with Patrick Williams affidavit', voted
reliable sources with valid testimony included in our exhibits. We are in this court now because
we now understand what took place in those courts. And we have been trampled in the State and
Federal courts by questionable documents that were filed as if they were truthful, when they
were not. Judges believed the banks. They are and were suppose to be truthful and honorable.

P. 25 There is **no mere coincidence that PC is counsel to the Trust.** That is a ridiculous
statement made to this court. Residential funding was prosecuting myself and others, specially

in my early case in January 2013, that was not a coincidence **it was a purposeful decision. And Ms. Nye should have been aware of this and so should have PC.**

**P. 26. There has been fraud upon the past courts and upon this court in these objections, and we ask your Honor to please allow us to present a motion, a claim and hear us. We still request a special counsel since we are out of state, and several of us have disability issues. We none the less feel our cases are very valuable and worthy of your time, since we have endured much to come to these facts.**

**Kathy Nyes Declaration.**

P. 1. Ms Nye's stated that she joined ResCap on May 1st 2008. Interestingly she states she does not know anything before May 1st, 2008. According to her Declaration. All of this happened before May 1st 2008. We are March 2008. However, I believe that we need to see the IRS payment and tax history for her time at RFC from our date. None the less, she would still then be aware of everything that took place two months after her employment, (still to be determined,) and she would then still be aware of our controversial issues over the assignments from RFC to LNV, being personally involved in all litigation, stating she is involved in all home owners litigation. She would also then be award of hiring a local law firm, Ms. Emily K. Edling with Houser & Allison, and would be able to testify to all the facts surrounding those communications and the statements and the threatening of sanctions that occurred at that time. We were told by Ms. Edling, that we were un welcome in this BK, but no information was provided about the investigations or rulings, that would have in fact affected our cases.. According to Diane Mestiad, who worked for Residential funding at that time, (in the 8 enclosed emails, as exhibits sent my LNV, in discovery, which I will testify under oath was sent to us by LNV), Ms. Mestiad, states clearly, that RFC, never had the ability to do any assignments. And also RFC was aware that there was bad paper involved in all their transactions.

P. 2. States she is responsible for the management of litigation, including among others residential mortgage related litigation. We have received nothing from Ms. Nye's concerning Residential Funding LLC, in connection with ResCaps chapter 11 filing, and we are a residential mortgage that has received bad paper, and she must have been fully aware of this fact in the 49

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

AG case, and our ongoing lawsuits, one naming Residential funding as a party.  Jan 2013. She continues in her employment to date of this  declaration 3-2-18

P. 3  She states under penalty of perjury, that she is familiar and has a "personal knowledge of the Debtor' s operations, information learned from my review of relevant documents and information, through discussions with other former members of the Debtor's management or other former employees of the Debtors, The Liquidating Trust's professionals and consultants." And that if called to testify she states:  "I could and would testify competently to the facts set forth in the objection on that basis". We find this in conflict with all that we have and will present. And would hold her to account un  this information, especially under penalty of perjury, concerning all the facts that do not add up.

P. 6.  March 6th, 2013 is incorrect. Its April 4th, 2013, that we file against,Washington Mutual, FA, Residential funding Co, LLC,  Deutsche Bank Trust Company Americas as Trustee, LNV corporation and DOES, 1-20,  Debtors filed a Notice of Bankruptcy and suggestion of Automatic Stay, files to dismiss from our case on April 18th, 2013. Residential fundings request to my case to be removed is granted on on 10-21-14 Ms Nye, is then aware of the Amended Complaint where Residential funding has threatened us to remove them from our case, April 4th, 2014.  CV 13010433 The "Fauley Action", she calls it. These cases due to Residential fundings wrong assignment to LNV, when it is not a beneficiary, who's assigning nothing, to no one, since LNV does not even exist yet. This actions will cause continued long years of litigation for Ms Fauley, along with other litigants, through out 2013 - March 2018 which still continues in State court over and illegal sheriff sale by LNV. Admitted by the Sheriff on transept that is was in fact illegally sold and which is still being litigated. Clackamas County Circuit Court Case # 16CV24589.  The Respondent uses the testimony of Captain O'Shaughnessy to illustrate that the Sheriff's department has an ongoing policy of not adhering to the relevant statutory provisions of ORS 18.872. O'Shaughnessy testified that the sheriff's department decided to mark writs as "received" at a time after they are physically received by the sheriff's office. Respondent alleges in its response that it took steps to extend the deadline, however, there is nothing on the record to substantiate this. Further, even if the respondent would have extended the timeline to 150 days, the Sheriff's sale occurred 179 days after the writ of execution was issued. This was

due to LNV's aggressive early filing of evictions while Ms. Fauley is still on Appeal in the Apellate court and has just finished a cancer surgery, several days earlier. PC has rejected the stay both for her cancer surgery and her Granddaughters cancer request, which resulted in death the year before. After Mr O'Shaughnessy, under oath, states clearly that he did in deed break the law, and with a court room full of sheriffs, the Judge rules in behalf of LNV. Our normal experience of Law not being following or kept. Therefor we filed an appeal in the Oregon Supreme Court .Apellate Court No. A164792. This is currently pending. We have a super sedeos bond of 50,000.00 at this time. $ 2,500.00 paid each 15h of the month.

Is Ms. Nye's aware of these dates and fully aware of the conflicting assignments and mis-assigned Note to LNV, when they were not the beneficiary and all the ongoing lawsuits, time and expense this decision RFC has caused? Is she award of all the victims in this notice and their paper work that has been submitted before courts, that was always questionable but whom Judges trusted as banks to be reliable and accurate? Because she is aware of all facts and actions that Residential funding has taken since May 1st 2008, and has a personal knowledge of these facts, correct and can testify to these matters of question? Which would hold her responsible, under penalty of perjury?

I, Robynne A. Fauley, declare under penalty of perjury under the laws of the State of Tennessee and New York that the foregoing is true and correct.

Sincerely,

Robynne A. Fauley

Dated March 30, 2018

P.S. My exhibit index is on the following page followed by the exhibits. Each exhibit has a cover sheet identifying what exhibit it is.

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

## Exhibit Index

1. Bill Paatalo Article about eight emails between MGC employee Michael Barnett and GMAC employee Diane M. Meistad

2. The eight internal emails as received from LNV during discovery in *Fauley v Washington Mutual NA, et al.*

3. Letter dated 9/9/2014 from attorney Emily Edling of Houser & Allison, APC, counsel for Residential Funding Company, LLC.

4. Docket *Fauley v. Washington Mutual Bank NA et al* showing a Notice of Service of Process GMAC/Residential Funding 8400 Normandale Lake Blvd., Suite 350, Bloomington, MN 55437, Sheyl Mlaker, primary contact.

5. "Notice of Transfer of Servicing" Letter dated March 16, 2010 from MGC Mortgage Inc. that states: "Your present servicer is MGC Mortgage, Inc...Your new servicer will be Dovenmuelhe Mortgage, Inc...MGC Mortgage Inc., PO Box 660592, Dallas, TX 75266-0592"..." The letter explains that in 2009 two payments were inaccurately posted. It also verifies negotiation for a modification and that I may have been given "conflicting information." The letter is signed by Sharon Brock, SVP Loan Operations.

6. Litton Loan Servicing Letter dated 4/10/2005 and "Validation of Debt" letter dated 4/11/2005 where Litton states: "creditor to whom the Debt is owed is **GMAC-RFC MASTER SERVICING**. **Litton is collecting the Debt on behalf of GMAC-RFC MASTER SERVICING"**

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS: Doc.10482 & Doc 10485 FILED 3/2/2018

# EXHIBIT 1

https://livinglies.wordpress.com/2017/04/25/investigator-bill-paatalo-a-plea-to-these-conspirators-you-have-the-power-to-end-this-nightmare/

# Investigator Bill Paatalo: A Plea To These Conspirators – You Have The Power To End This Nightmare.

Posted on April 25, 2017 by Neil Garfield

*Bill Paatalo has written a heartfelt plea (see his post below) for at least one person to be relieved of stress that is about to literally kill her. In so doing he has again demonstrated his research and forensic skills as a private investigator and one more thing, his humanity.*

*The link to internal emails shows, without any reasonable doubt, both the conspiratorial linkage in creating fabricating documents AND the absence of any reference to any actual transaction in which money was paid or anything was purchased.*

*The lax audacity of these people is astonishing. Here they are actually conspiring to change the paper chain of title — which will be used for a foreclosure of property and the eviction of the owners of the property.*

By Bill Paatalo on Apr 25, 2017

http://bpinvestigativeagency.com/a-plea-to-these-conspirators-you-have-the-power-to-end-this-nightmare/

I received an email yesterday morning that starts out with this:

On Mon, Apr 24, 2017 at 9:18 AM, the author wrote:

Please help save longtime Sandy Oregon resident Robynne Fauley's life. She had major cancer surgery less than two weeks ago is getting chemo and is **VERY** ill. She will be evicted from her home on May 1st if we don't help. She has nowhere to go. The ordeal is very likely to kill her;

I happen to have some knowledge about this case, as I was called in as an expert last year to assist an ABC News investigative journalist in Dallas, TX. Unfortunately, after all the time spent conducting interviews and laying out the evidence of fraud on a platter, corporate counsel for ABC News quashed the story. I'm sure this surprises no one. The reality is that the media will continue to plug its ears, while law enforcement will continue to view and categorize crimes of counterfeiting, forgery, tax evasion, and mail/wire fraud as "civil matters" in the context of foreclosures.

So with the clock ticking, I thought I'd throw up a "Hail Mary" plea in the direction of "Diane Meistad" and the rest of these conspirators. Diane, Michael, and the rest of you – if you're out there and see this, fix it!

The following email strand (2008 Internal Emails – MGC – RFC – Quality Loan Servicing – Fauley Case) is a rare glimpse of bank employees conspiring to forge, back-date, and fraudulently produce a chain of title.

*July 11, 2008*

*From: Monica Hadley – MGC Mortgage*

*To: Chris Malapit – (Trustee) Quality Loan Service of Washington*

*Hadley: Chris, Does this loan have title issues? I was going through the original documents and the chain of title seems to be missing some assignments. It could have been that this was missed in the file and all is well. I want to make sure.*

*July 11, 2008*

*From: Chris Malapit*

*To: Monica Hadley*

*Subject: *12125 Se Laughing Water, Sandy, OR 97055* Robynne Fauley*

*The DOT was assigned to WAMU,FA as of 5/3/2007 by instrument#2007-038181. Once we are able to proceed we will then need an assignment from WAMU, FA in LNV Corporation.*

**July 14, 2008**

*From: Monica Hadley*

*To: Chris Malapit*

*Chris, That is what I see too. We received the loan from Residential Funding Company, LLC and have an AOM from RFC to LNV Corporation. Why did RFC assign the loan to WAMU? Do you have a contact at WAMU who will assign the file to LNV Corporation?*

**July 14, 2008**

*From: Chris Malapit*

*To: Monica Hadley*

*Doing more research I don't think Residential Funding Co, LLC had the authority to transfer the interest as the last bene of record per our title report was Deutsche Bank Trust not Residential Funding Co.*

**July 16, 2008**

*From: Monica Hadley – MGC Mortgage*

*To: Chris Malapit – (Trustee) Quality Loan Service of Washington*

*Subject: Subject: *12125 Se Laughing Water, Sandy, OR 97055* Robynne Fauley*

*Here is a copy of the most recent title update from the attorney office and the email chain from our attorney.*

**[FAST FORWARD]**

**October 17, 2008**

*From: Michael Barnett (MGC Mortgage, Inc.)*

*To: Shanda Foreman (entity unknown)*

*Cc: Carissa Golden (entity unknown)*

*Subject: Intervening Assignments to Deutsche Bank*

*Shanda, I have 2 RFC loans that are needing assignments from Deutsche Bank to RFC. Please check to see if they are on the list you sent to RFC. See the loan numbers below.*

*17103058/Robynne Fauley, Oregon*

*17102692/Stuart Berg, New Jersey*

**October 24, 2008**

*From: Michael Barnett*

*To: 'Meistad, Diane' (entity unknown)*

*Diane, this loan was last assigned to Washington Mutual from RFC but, prior to this assignment was assigned from Washington Mutual to Deutsche Bank and recorded in Clackamas County, Oregon. We need an assignment from Deutsche Bank to RFC and from Washington Mutual to LNV Corp. I have templates for both assignments. We will be re-recording the assignment from RFC to Washington Mutual to correct the chain of title with both of these assignments. Also, please find Note Allonge from Deutsche Bank to RFC as well. Please forward these signed assignments back to me via our federal express account #252870180. Thanks Michael.*

*(Assignments & Allonge attached)*

[Note: WAMU no longer existed on October 24, 2008. This is a huge problem! But this doesn't stop MGC from creating the necessary "templates" to solve this problem. Furthermore, Diane Meistad is believed to have been employed by RFC. Yet, MGC creates an "Alonge" from Deutsche Bank to RFC seeking RFC's execution, not Deutsche Bank.]

*October 27, 2008*

*From: Diane Meistad*

*To: Michael Barnett*

*Subject: RE: Default Assignment Request loan #7889719/17103058 (Fauley, Robynne)*

*Michael, If the assignment was recorded from WAMU to DB and another assignment f/RFC to WAMU –
technically the second assignment is 'invalid' because RFC was not in title to record the second assignment and it
should not effect title.*

*Because of the assignment was invalid technically it didn't transfer ownership.*

*October 27, 2008*

*From: Michael Barnett*

*To: Diane Meistad*

*Diane, since the assignment from RFC to WAMU is of record we have to correct the chain of title. At this point the
county recorder's office shows that WAMU is the assignee of record for this loan (which is wrong), right? RFC did
assign this loan and shouldn't have but, in order to fix this one the correct chain should be from Deutsche to RFC,
then from RFC to WAMU, then WAMU to LNV Corp, which will correct the chain of title. Litton Loan Servicing LP
prepared and recorded the assignment from RFC to WAMU, which should not have been recorded. We still need to
get this loan from RFC to LNV to properly convey this property, since we purchased it from RFC. Please call me if
you still concerns about the chain of assignments. Borrower loan #7889719/17103058 – Robynne Fauley. Thanks
Michael.*

[NOTE: This was a WAMU originated loan. WAMU sold this loan in a number of undocumented transactions that
wound up in the hands of "Deutsche Bank as Trustee." This means that the Fauley loan was securitized into some
trust years prior, to which Deutsche Bank was acting as Trustee. MGC is claiming they purchased this loan when
they clearly do not have clear title. They admit in this email that in order to correct the chain of title, they need the
final transfer from WAMU to LNV Corp, which at this point in time is an impossibility. The next responsive email
shows that Diane Meistad disagrees with MGC's position / request.]

*October 27, 2008*

*From: Diane Meistad*

*To: Michael Barnett*

*Subject: RE: Default Assignment Request loan (Fauley, Robynne)*

*I disagree since RFC was not in position (title position) to transfer the asset.*

*I will need to refer your request for this assignment to our Records Services team in Iowa to begin the process.
Diane*

[NOTE: Meistad, who is believed to work for RFC, does not believe RFC was in title position to transfer the Deed
of Trust. The reference to the "Records Services team in Iowa" means it is likely that Wells Fargo was involved as
a master servicer / custodian for the unidentified trust for which Deutsche Bank was Trustee.]

*October 27, 2008*

*From: Michael Barnett*

*To: Diane Meistad*

*Subject: RE: Default Assignment Request loan (Fauley, Robynne)*

*Okay Diane, I had my manager look at this file with me and we have determined that we need the following
assignments to correct the chain of assignments:*

*1) Corrective Assignment from WAMU TO Deutsche Bank (to correct the assignment from RFC to WAMU,
which was recorded in error) & Note Allonge*

*2) Assignment from Deutsche Bank to RFC & Note Allonge*

**3) Assignment from RFC to LNV Corp (Note allonge in file already)**

*The assignment from RFC to WAMU was recorded in error so it is not needed. We also have 2 endorsements on the original Note WAMU to RFC to Deutsche Bank which should be cancelled, to correct the Endorsement chain on the Note. We will just need the okay from you via email to cancel these endorsements. Will this work for you? Thanks Michael.*

[NOTE: MGC has decided what was done right and wrong in prior transactions for which it has no knowledge, and what now needs to be done in its own best interest to steal and harvest the home. The transfers to and from WAMU as described above would be fraud due to WAMU being defunct. Then there is the request to have RFC cancel out the endorsements and replace with allonges. The third request in the sequence states that an allonge is already in the file from RFC to LNV Corp even though there are no assignments, yet, to support that allonge. That allonge created by MGC is fraudulent, and represents yet another broken sequence in the chain of title.]

Four days after this last email on October 27, 2008, the following two attached assignments are recorded simultaneously in Clackamas County, Oregon (Recorded Assignments – October 31 2008 – Fauley). The first assignment (and I call it the "first" because of its fraudulently back-dated) is executed on "March 10, 2008" and notarized as such by "Diane Meistad" – Notary Public – State of Minnesota." The assignor is "Residential Funding Company, LLC fka Residential Funding Corporation" with no Assignee named. NO ASSIGNEE! However, the second assignment is executed on October 27, 2008 with the Assignor named as "Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company) and the Assignee – "Residential Funding Company, LLC." This assignment is also notarized by "Diane Meistad." As admitted by Meistad above, RFC was not in title position to transfer the asset as of October 27, 2008. Yet, she acquiesced to MGC's fraudulent conspiracy to forge, fabricate, and alter documents.

**So, Diane Meistad, Michael Barnett, and all the rest of you who where involved in this deceit, this one's on you. You are the only ones who can put a stop to this injustice. Robynne Fauley, who is elderly and very sick, has suffered immensely from your actions. In six-days she is scheduled to be evicted from her home. Fix this!**

Bill Paatalo

Private Investigator – OR PSID# 49411
BP Investigative Agency, LLC
(406) 328-4075
bill.bpia@gmail.com

**EXHIBIT 2**

**Carissa Golden**

| | |
|---|---|
| **From:** | Monica Hadley |
| **Sent:** | Wednesday, July 16, 2008 11:28 AM |
| **To:** | Carissa Golden |
| **Subject:** | FW: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley 17103058 |

Here is a copy of the most recent title update from the attorney office and the e-mail chain from our attorney.
Monica Hadley

---

**From:** Chris Malapit [mailto:cmalapit@qualityloan.com]
**Sent:** Monday, July 14, 2008 4:23 PM
**To:** Monica Hadley
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Doing more research I don't think Residential Funding Co. LLC had the authority to transfer the interest as the last
bene of record per our title report was Deutsche Bank Trust not Residential Funding Co.

Christian Malapit
Trustee Sale Officer
Quality Loan Service of Washington
600 Winslow Way East, #234
Bainbridge Island, WA 98110
Fax No. (866) 772-5335

---

**From:** Monica Hadley [mailto:MHadley@MGCMortgage.com]
**Sent:** Monday, July 14, 2008 12:07 PM
**To:** Chris Malapit
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Chris,

That is what I see too.  We received the loan from Residential Funding Company, LLC and have an AOM from
RFC to LNV Corporation.  Why did RFC assign the loan to WAMU?  Do you have a contact at WAMU who will
assign the file to LVN Corporation?

Monica Hadley

---

**From:** Chris Malapit [mailto:cmalapit@qualityloan.com]
**Sent:** Friday, July 11, 2008 1:51 PM
**To:** Monica Hadley
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

The DOT was assigned to WAMU, FA as of 5/3/2007 by instrument# 2007-038181.  Once we are able to proceed
we will then need an assignment from WAMU, FA in LNV Corporation.

Christian Malapit
Trustee Sale Officer
Quality Loan Service of Washington
600 Winslow Way East, #234

07/16/2008

LNV 00140

Bainbridge Island, WA 98110
Fax No. (866) 772-5335

**From:** MHadley@MGCMortgage.com [mailto:MHadley@MGCMortgage.com]
**Sent:** Friday, July 11, 2008 11:40 AM
**To:** Chris Malapit
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Chris,

Does this loan have a title issues?  I was going through the original documents and the chain of title seems to be missing some assignments.  It could have been that is was missed in the file and all is well.  I want to make sure.

Monica Hadley
469-229-8722

**From:** Monica Hadley
**Sent:** Thursday, July 10, 2008 10:12 AM
**To:** 'Chris Malapit'
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

7195 Dallas Parkway, Plano TX  75024

**From:** Chris Malapit [mailto:cmalapit@qualityloan.com]
**Sent:** Thursday, July 10, 2008 10:03 AM
**To:** Monica Hadley
**Subject:** RE: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Monica,

  Can I get a mailing address for your co.?

Christian Malapit
Trustee Sale Officer
Quality Loan Service of Washington
600 Winslow Way East, #234
Bainbridge Island, WA 98110
Fax No. (866) 772-5335

**From:** MHadley@MGCMortgage.com [mailto:MHadley@MGCMortgage.com]
**Sent:** Wednesday, July 09, 2008 1:24 PM
**To:** Chris Malapit
**Cc:** Nina-Marie Hernandez
**Subject:** FW: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Yes, your office may continue with the foreclosure when the BK is over.

The loan # will be 17103058.

You will be foreclosing in the name of LNV Corporation.

07/16/2008

LNV 00141

At the present time your contacts in Foreclosure will be:
Courtney Baiani at cbaiani@mgcmortgage.com

Cindi Cooper at ccooper@mgcmortgage.com

Thank you,
Monica Hadley

---

**From:** Michelle Conner
**Sent:** Wednesday, July 09, 2008 9:01 AM
**To:** Monica Hadley
**Subject:** FW: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

Monica,

Please let me know whether you will be using this office to continue the foreclosure after the
bankruptcy is dismissed or relief is granted.

Thanks,

Michelle Conner
AVP - Bankruptcy Manager
**MGC Mortgage, Inc.**
Toll Free:  (866) 544-9820
Direct:    (469) 229-8649
Fax:      (469) 229-8606
mconner@mgcmortgage.com
www.mgcmortgage.com

-----Original Message-----
**From:** Jacque Littlefield
**Sent:** Wednesday, July 09, 2008 7:48 AM
**To:** Michelle Conner
**Subject:** FW: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

For you.....................

-----Original Message-----
**From:** Christine Poland
**Sent:** Tuesday, July 08, 2008 8:24 PM
**To:** 'cmalapit@qualityloan.com'; Jacque Littlefield
**Cc:** 'nhernandez@qualityloan.com'
**Subject:** Re: *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley


Jacque,

Can you please respond?

---

**From:** Chris Malapit
**To:** Christine Poland
**Cc:** Nina-Marie Hernandez
**Sent:** Tue Jul 08 18:25:15 2008


07/16/2008

LNV 00142

**Subject:** *12125 Se Laughing Water, Sandy, OR, 97055* Robynne Fauley

We have been advised by Litton Loan that this loan is going to service released to MGC Mortgage, Inc. effective as of 7/1/2008. The loan is currently in active BK and our current foreclosure is on hold. Please advise if our firm will be continuing to handle the foreclosure if and when the BK is dismissed/relief granted, or can we close our file.

Christian Malapit
Trustee Sale Officer
Quality Loan Service of Washington
600 Winslow Way East, #234
Bainbridge Island, WA 98110
Fax No. (866) 772-5335

07/16/2008

LNV 00143

**Michael Barnett**
| | |
|---|---|
| **From:** | Michael Barnett |
| **Sent:** | Monday, October 27, 2008 1:32 PM |
| **To:** | 'Meistad, Diane' |
| **Subject:** | RE: Default Assignment Reqeust loan (Fauley, Robynne) |

**Importance:**    High

Okay Diane, I had my manager look at this file with me and we have determined that we need to following assignments to correct the chain of assignments:

**1) Corrective Assignment from WAMU TO Deutsche Bank (to correct the assignment from RFC to WAMU, which was recorded in error) & Note Allonge**
**2) Assignment from Deutsche Bank to RFC & Note Allonge**
**3) Assignment from RFC to LNV Corp (Note allonge in file already)**

The assignment from RFC to WAMU was recorded in error so it is not needed.  We also have 2 endorsements on the original Note **WAMU to RFC and from RFC to Deutsche Bank** which should be cancelled, to correct the Endorsement chain on the Note.  We will just need the okay from you via email to cancel these endorsements.  Will this work for you?
Thanks Michael.

Oct 27, 2008 01:04:45 PM

Expires: Nov 10, 2008 01:04:44 PM

From: diane.meistad@gmacrfc.com

To: mbarnett@mgcmortgage.com

Cc:

Subject: RE: Default Assignment Reqeust loan (Fauley, Robynne)

I disagree since RFC was not in position (title position) to transfer the asset.

I will need to refer your request for this assignment to our Records Services team in Iowa to begin the process.

Diane

--- Original Message ---
Diane, since the assignment from RFC to WAMU is of record we have to correct the chain of title. At this point the county recorder's office shows that WAMU is the assignee of record for this loan (which is wrong), right? RFC did assign this loan and shouldn't have but, in order to fix this one the correct chain should be from Deutsche to RFC, then from RFC to WAMU, then from WAMU to LNV Corp, which will correct the chain of title. Litton Loan Servicing LP prepared and recorded the assignment from RFC to WAMU, which should have not been recorded. We still need to get this loan from RFC to LNV to property convey this property, since we purchased it from RFC. Please call me if you still concerns about the chain of assignments. Borrower loan #7889719/17103058-Robynne Fauley. Thanks Michael.

LNV 00144

Received: Oct 27, 2008 08:38:36 AM
Expires: Nov 10, 2008 08:38:36 AM
From: diane.meistad@gmacrfc.com
To: mbarnett@mgcmortgage.com
Cc:
Subject: RE: Default Assignment Reqeust loan #7889719/17103058(Fauley, Robynne)

Michael,

If the assignment was recorded from WAMU to DB and another assignment f/ RFC to WAMU - Technically the second assignment in 'invalid' because RFC was not in title to record the second assignment and it should not effect title.

Because of the assignment was invalid technically it didn't transfer ownership.

--- Original Message ---

Diane, this loan was last assigned to Washington Mutual from RFC but, prior to this assignment was assigned from Washington Mutual to Deutsche Bank and recorded in Clackamas County, Oregon. We need an assignment from Deutsche Bank to RFC and from Washington Mutual to LNV Corp. I have templates for both assignments. We will be re-recording the assignment from RFC to Washington Mutual to correct the chain of title with both of these assignments. Also, please find the Note Allonge from Deutsche Bank to RFC as well. Please forward these signed assignments back to me via our federal express account #252870180. Thanks Michael.

<<OR_Non-MERS Deutsche to RFC-619513.doc>> <<OR_Non-MERS Wamu to LNV-619513.doc>> <<Allonge Deutsche Bank to RFC_BC-619513.doc>>

Michael Barnett
MGC Mortgage Inc.
(469) 229-8634 Direct
(469) 229-8604 Fax
mbarnett@mgcmortgage.com <mailto:cgolden@mgcmortgage.com>

LNV 00145

**Michael Barnett**

| | |
|---|---|
| **From:** | Michael Barnett |
| **Sent:** | Friday, October 24, 2008 5:30 PM |
| **To:** | 'Meistad, Diane' |
| **Subject:** | Default Assignment Reqeust loan #7889719/17103058(Fauley, Robynne) |

**Importance:** High

Diane, this loan was last assigned to Washington Mutual from RFC but, prior to this assignment was assigned from Washington Mutual to Deutsche Bank and recorded in Clackamas County, Oregon. We need an assignment from Deutsche Bank to RFC and from Washington Mutual to LNV Corp. I have templates for both assignments. We will be re-recording the assignment from RFC to Washington Mutual to correct the chain of title with both of these assignments. Also, please find the Note Allonge from Deutsche Bank to RFC as well. Please forward these signed assignments back to me via our federal express account #252870180. Thanks Michael.

    

OR_Non-MERS          OR_Non-MERS          Allonge Deutsche
)eutsche to RFC-61.amu   to LNV-619513        Bank to RFC_B...

Michael Barnett
MGC Mortgage Inc.
(469) 229-8634 Direct
(469) 229-8604 Fax
mbarnett@mgcmortgage.com

**Michael Barnett**

**From:** Michael Barnett
**Sent:** Friday, October 17, 2008 10:01 AM
**To:** Shanda Foreman
**Cc:** Carissa Golden
**Subject:** Intervening Assignments to Deutsche Bank

Shanda, I have 2 RFC loans that are needing assignments from Deutsche Bank to RFC.  Please
check to see if they are on the list that you sent to RFC.  See the loan numbers below:

17103058/Robynne Fauley, Oregon
17102692/Stuart Berg, New Jersey

Michael Barnett
MGC Mortgage Inc.
(469) 229-8634 Direct
(469) 229-8604 Fax
mbarnett@mgcmortgage.com

LNV 00147

# EXHIBIT 3



HOUSER
&ALLISON
A PROFESSIONAL CORPORATION

September 9, 2014

Cecilia K. Edling
T: 503.916.1363
F: 503.914.1310
cedling@houser-law.com

Licensed in OR & WA

Houser & Allison, APC
9600 SW Oak St, Ste 570
Portland, OR 97223

www.houser-law.com

*Via First-Class Mail and E-Mail*

David P. Smith
The Smith Firm, P.C.
1754 Willamette Falls Drive
West Linn, OR  97068

Re:    Fauley v. Washington Mutual Bank, FA, et al.
        USDC-Dist. Of Oregon Case No. 3:13-cv-00581-AC

Dear Mr. Smith:

I am writing to you in my capacity as counsel for Residential Funding Company, LLC.

As you are aware, on May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including Residential Funding Company, LLC (the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. Further, under Article VIII.B of the Plan, claims that were not timely filed by the Bar Date are released as of the Effective Date.

According to the Debtors' records, Robynne A. Fauley did not timely file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this action against Residential Funding Company, LLC under the injunction provided for in the Plan and Confirmation Order. Therefore, Robynne A. Fauley must immediately dismiss this action or face possible sanctions by the Bankruptcy Court for violating the injunction.

*In the event Robynne A. Fauley does not voluntarily dismiss this action within 30 days of the date hereof, or October 9, 2014, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, (ii) prohibiting Robynne A. Fauley from continuing prosecution of this action, and (iii) approving sanctions in the event Robynne A. Fauley fails to comply with the order.*

Please do not hesitate to contact me if you would like to discuss this matter in more detail. In addition, you may contact ResCap Liquidating Trust's bankruptcy counsel, Joseph A. Shifer, at 212-715-9517 or via email at jshifer@kramerlevin.com, or obtain information regarding the Bankruptcy Cases, including copies of the Confirmation Order, the Plan, and the Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

HOUSER & ALLISON, APC

Emilie Edling

EKE:jg
cc:    Joseph A. Shifer *(via first-class mail and email)*

**EXHIBIT 4**

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**Primary Contact:**
Sheryl Mlaker
GMAC/Residential Funding
8400 Normandale Lake Blvd
Suite 350
Bloomington, MN 55437

| | |
|---|---|
| **Entity:** | Residential Funding Company, LLC |
| | Entity ID Number  2506899 |
| **Entity Served:** | Residential Funding Company, LLC |
| **Title of Action:** | Robynne A. Fauley vs. Washington Mutual Bank, |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Clackamas County Circuit Court, Oregon |
| **Case/Reference No:** | CV13010465 |
| **Jurisdiction Served:** | Oregon |
| **Date Served on CSC:** | 03/08/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | David P. Smith |
| | 503-557-6550 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC.
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   | sop@cscinfo.com

# REGISTER OF ACTIONS
### CASE No. CV13010433

**ROBYNNE A FAULEY VS. WASHINGTON MUTUAL BANK**

| | | | |
|---|---|---|---|
| | | Case Type: | Declaratory Judgment |
| | | Date Filed: | 01/16/2013 |
| | | Location: | Clackamas |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | DEUTSCHE BANK TRUST COMPANY AM | |
| Defendant | DOES 1-20 | |
| Defendant | LNV CORPORATION | CHRISTOPHER A WRIGHT<br>Retained<br>206 622-8020(W) |
| Defendant | RESIDENTIAL FUNDING COMPANY L<br>Removed: 04/09/2013<br>Bankruptcy Notice Filed | |
| Defendant | WASHINGTON MUTUAL BANK | |
| Plaintiff | FAULEY, ROBYNNE A | DAVID P SMITH<br>Retained<br>503 657-6550(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/16/2013 | **Complaint**<br>Comment: $240 ck 1175 not abel;<br>Created: 01/17/2013 12:00 AM |
| 02/26/2013 | **Complaint - Amended**<br>Comment: parties/amt prayed for remain unchanged; Plaintiff: ROBYNNE A FAULEY Privately Retained: DAVID P SMITH<br>Created: 02/28/2013 12:00 AM |
| 03/14/2013 | **Affidavit - Service**<br>Comment: to Sharon Wells; Court Action: Served; Court Action Date: 03/06/2013; Defendant: RESIDENTIAL FUNDING COMPANY L<br>Created: 03/18/2013 12:00 AM |
| 03/14/2013 | **Affidavit - Service**<br>Comment: to Rylynn Poole; Court Action: Served; Court Action Date: 03/05/2013; Defendant: WASHINGTON MUTUAL BANK<br>Created: 03/18/2013 12:00 AM |
| 03/21/2013 | **Affidavit - Service**<br>Comment: to Alexa Duggan Corp trust co of NV; Court Action: Served; Court Action Date: 03/06/2013; Defendant: RESIDENTIAL FUN...<br>COMPANY L<br>Created: 03/25/2013 12:00 AM |
| 03/22/2013 | **Affidavit - Service**<br>Comment: to Scott LaScala authorized to accept; Court Action: Served; Court Action Date: 03/04/2013; Defendant: DEUTSCHE BANK<br>TRUST COMPANY AM<br>Created: 03/26/2013 12:00 AM |
| 03/28/2013 | **Notice - Bankruptcy**<br>Comment: 12-12020MG filed 5/14/12 in Southern District of New York Verified through PACER; Room: BANK; Defendant: RESIDENTI...<br>FUNDING COMPANY L<br>Created: 03/28/2013 12:00 AM |
| 04/05/2013 | **Notice**<br>Comment: of removal to Federal Court 3:13-cv-00561-AC; Defendant: LNV CORPORATION Privately Retained: CHRISTOPHER A W...<br>Created: 04/09/2013 12:00 AM |
| 04/09/2013 | **Closed**<br>Created: 04/09/2013 12:00 AM |

---

## FINANCIAL INFORMATION

**Plaintiff FAULEY, ROBYNNE A**
**Total Financial Assessment**

Skip to Main Content Logout My Account Search Menu Search Case Library, Probate and Tax Court Case Records Refine Search Back

# REGISTER OF ACTIONS
## CASE No. CV13010433

| | |
|---|---|
| ROBYNNE A FAULEY VS. WASHINGTON MUTUAL BANK | Case Type: Declaratory Judgment |
| | Date Filed: 01/16/2013 |
| | Location: Clackamas |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | DEUTSCHE BANK TRUST COMPANY AM | |
| Defendant | DOES 1-20 | |
| Defendant | LNV CORPORATION | CHRISTOPHER A WRIGHT |
| | | *Retained* |
| | | 206 622-8020(W) |
| Defendant | RESIDENTIAL FUNDING COMPANY L | |
| | Removed: 04/09/2013 | |
| | Bankruptcy Notice Filed | |
| Defendant | WASHINGTON MUTUAL BANK | |
| Plaintiff | FAULEY, ROBYNNE A | DAVID P SMITH |
| | | *Retained* |
| | | 503 657-6550(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/16/2013 | **Complaint** |
| | Comment: $240 ck 1175 not abst |
| | Created: 01/17/2013 12:00 AM |
| 02/26/2013 | **Complaint - Amended** |
| | Comment: parties/amt prayed for remain unchanged; Plaintiff: ROBYNNE A FAULEY Privately Retained: DAVID P SMITH |
| | Created: 02/28/2013 12:00 AM |
| 03/14/2013 | **Affidavit - Service** |
| | Comment: to Sharon Walls; Court Action: Served; Court Action Date: 03/06/2013; Defendant: RESIDENTIAL FUNDING COMPANY L |
| | Created: 03/18/2013 12:00 AM |
| 03/14/2013 | **Affidavit - Service** |
| | Comment: to Rylynn Poole; Court Action: Served; Court Action Date: 03/06/2013; Defendant: WASHINGTON MUTUAL BANK |
| | Created: 03/18/2013 12:00 AM |
| 03/21/2013 | **Affidavit - Service** |
| | Comment: to Alana Duggan Corp trust co of NV; Court Action: Served; Court Action Date: 03/06/2013; Defendant: RESIDENTIAL FUNDI COMPANY L |
| | Created: 03/25/2013 12:00 AM |
| 03/22/2013 | **Affidavit - Service** |
| | Comment: to Scott LeScale authorized to accept; Court Action: Served; Court Action Date: 03/04/2013; Defendant: DEUTSCHE BANK TRUST COMPANY AM |
| | Created: 03/26/2013 12:00 AM |
| 03/28/2013 | **Notice - Bankruptcy** |
| | Comment: 12-12020MG filed 5/14/12 in Southern District of New York Verified through PACER; Room: BANK; Defendant: RESIDENTIA FUNDING COMPANY L |
| | Created: 03/28/2013 12:00 AM |
| 04/06/2013 | **Notice** |
| | Comment: of removal to Federal Court 3:13-cv-00581-AC; Defendant: LNV CORPORATION Privately Retained: CHRISTOPHER A WR |
| | Created: 04/09/2013 12:00 AM |
| 04/09/2013 | **Closed** |
| | Created: 04/09/2013 12:00 AM |

---

### FINANCIAL INFORMATION

Plaintiff FAULEY, ROBYNNE A
Total Financial Assessment

**Defendant**

Residential Funding Company, LLC
*TERMINATED: 10/21/2014*

represented by  **Emilie K. Edling**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William G. Fig**
(See above for address)
*TERMINATED: 04/02/2014*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/04/2013 | 1 | Notice of Removal of Case Number CV13010433 from Circuit Court – Clackamas County. Filing Fee in amount of $350 collected. Agency Tracking ID: 0979-3243745 issued.. Filed by LNV Corporation (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet) (Wright, Christopher) (Entered: 04/04/2013) |
| 04/04/2013 | 2 | Notice of Case Assignment to Magistrate Judge John V. Acosta and Discovery and Pretrial Scheduling Order. Discovery is to be completed by 8/2/2013. Joint Alternate Dispute Resolution Report is due by 9/3/2013. Pretrial Order is due by 9/3/2013. Ordered by Magistrate Judge John V. Acosta. (sm) (Entered: 04/04/2013) |
| 04/11/2013 | 3 | Answer to Complaint following a Notice of Removal (Related Doc. 1 ). Filed by Deutsche Bank Trust Company Americas, Washington Mutual Bank FA. (Purcell, Thomas) (Entered: 04/11/2013) |
| 04/11/2013 | 4 | Corporate Disclosure Statement . Filed by Deutsche Bank Trust Company Americas, Washington Mutual Bank FA. (Purcell, Thomas) (Entered: 04/11/2013) |
| 04/11/2013 | 5 | Memorandum of Law In Support Of Defendant LNV Corp's Motion to Dismiss Counts of the First Amended Complaint; Motion to Strike; or in the alternative Motion for More Definite Statement 6 . Filed by LNV Corporation. (Wright, Christopher) Modified on 4/15/2013 to correct docket text from Motion to Memorandum (ecp). M (Entered: 04/11/2013) |
| 04/11/2013 | 6 | Motion to Dismiss for Failure to State a Claim. Filed by LNV Corporation (Related document(s): Memorandum of Law In Support Of Defendant LNV Corp's Motion to Dismiss Counts of the First Amended Complaint; Motion to Strike; or in the alternative Motion for More Definite Statemen. 5 .) (Wright, Christopher) Modified on 4/15/2013 to correct docket text from Notice to Motion (ecp). (Entered: 04/11/2013) |
| 04/11/2013 | 7 | Request for Judicial Notice *in Support of* Motion to Dismiss for Failure to State a Claim. 5 . Filed by LNV Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Wright, Christopher) (Entered: 04/11/2013) |

| 04/11/2013 | 8 | Corporate Disclosure Statement. Filed by LNV Corporation. (Wright, Christopher) (Entered: 04/11/2013) |
| 04/15/2013 | 9 | Consent Notice re Notice of Removal, 1 Filed by Deutsche Bank Trust Company Americas, Washington Mutual Bank FA (Related document(s): Notice of Removal, 1 .) (Purcell, Thomas) (Entered: 04/15/2013) |
| 04/15/2013 | 10 | Amended Request for Judicial Notice in Support of Motion to Dismiss for Failure to State a Claim, 5 . Filed by LNV Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Wright, Christopher) (Entered: 04/15/2013) |
| 04/16/2013 | 11 | **ORDER** by Judge Acosta - DENYING as MOOT Defendant LNV's Request for Judicial Notice 7 in light of LNV's filing of an amended request for judicial notice 10 . (peg) (Entered: 04/16/2013) |
| 04/16/2013 | 12 | SCHEDULING ORDER by Judge Acosta - Defendant LNV's Amended Request for Judicial Notice 10 and Motion to Dismiss 6 will both be taken under advisement as of 5/20/2013. (peg) (Entered: 04/16/2013) |
| 04/18/2013 | 13 | Notice of *Residential Funding Company, LLC's Consent to Removal* Filed by Residential Funding Company, LLC (Fig, William) (Entered: 04/18/2013) |
| 04/18/2013 | 14 | Notice of *Bankruptcy and Suggestion of Automatic Stay* Filed by Residential Funding Company, LLC (Fig, William) (Entered: 04/18/2013) |
| 04/24/2013 | 15 | Stipulated Motion To Stay LNV Corporation's Motion To Dismiss First Amended Complaint, Etc. Filed by Robynne A Fauley, LNV Corporation. (Wright, Christopher) Modified event type to motion for stay on 4/25/2013 (eib). (Entered: 04/24/2013) |
| 04/25/2013 | 16 | **ORDER** by Judge Acosta - GRANTING stipulated motion 15 to extend the time for parties' to respond to LNV's motion 6 to dismiss and motion to strike or alternatively for a more definite statement and amended request for judicial notice 10 up to and including 6/17/13. The reply deadline to motion 6 and request 10 will be due within the time frame allowed by the local rules. Motion 6 and Request 10 will now be taken under advisement as of 7/8/13. The parties have stated in motion 15 that they tend to use a significant portion of this time to explore settlement of this matter. (peg) (Entered: 04/25/2013) |
| 06/12/2013 | 17 | Second Motion for Order *To Stipulated Motion to Dismiss First Amended Complaint.* Filed by LNV Corporation. (Wright, Christopher) (Entered: 06/12/2013) |
| 06/13/2013 | 18 | **ORDER** by Judge Acosta - GRANTING the parties second stipulated motion 17 to stay briefing and court's ruling on LNV Corporation's motion to dismiss first amended complaint for an additional 30 days. DATED this 13th day of June, 2013, by United States Magistrate Judge John V. Acosta. (peg) (Entered: 06/17/2013) |
| 07/03/2013 | 19 | Notice of Attorney Withdrawal. *Michael J. Farrell & Thomas W. Purcell.* Notice of Attorney Substitution Attorney William Fig substituted as counsel of record in place of Attorney Michael J. Farrell and Thomas W. Purcell Filed |



| | | |
|---|---|---|
| | | by Deutsche Bank Trust Company Americas (Farrell, Michael) (Entered: 07/03/2013) |
| 07/15/2013 | 20 | Third Motion for Order *To Stipulated Motion to Dismiss First Amended Complaint* Motion for Order 17 , Motion to Dismiss, 6 , Motion for Stay 15 . Filed by LNV Corporation. (Wright, Christopher) (Entered: 07/15/2013) |
| 07/15/2013 | 21 | ORDER by Judge Acosta - GRANTING the parties third stipulated motion 20 to stay this matter, including briefing on the pending motions to dismiss up to and including 8/15/13. If this case has not reached a settlement by 8/15/13, the parties are to submit a proposed briefing and scheduling order by 8/16/13. (peg) (Entered: 07/15/2013) |
| 08/15/2013 | 22 | Stipulation re Motion to Dismiss 6 *Stipulation for Briefing Order* by LNV Corporation. Filed by LNV Corporation. (Attachments: # 1 Proposed Order) (Wright, Christopher) (Entered: 08/15/2013) |
| 08/20/2013 | 23 | ORDER on Stipulation 22 for Briefing Order on LNV Corporation's Motion 6 to Dismiss First Amended Complaint - (1) Plaintiff's opposition, if any, is due on or before 9/30/13. (2) LNV's reply, if any, is due by 10/7/13. (3) No later than 9/30/13, the parties shall file a proposed scheduling order with respect to discovery, requested trial date and all other appropriate court deadlines in this matter. DATED this 20th day of August, 2013, by United States Magistrate Judge John V. Acosta. (peg) (Entered: 08/26/2013) |
| 08/26/2013 | 24 | SCHEDULING ORDER by Judge Acosta - Defendant's Motion to Dismiss 6 will be taken under advisement as of 10/15/13. (peg) (Entered: 08/26/2013) |
| 09/30/2013 | 25 | Memorandum in Opposition *TO DEFENDANT LNV CORPORATION'S* to Motion to Dismiss 6 . Filed by Robynne A Fauley. (Smith, David) (Entered: 09/30/2013) |
| 09/30/2013 | 26 | Stipulated Stipulation *Scheduling Order* by All Parties. Filed by All Parties. (Smith, David) (Entered: 09/30/2013) |
| 10/01/2013 | 27 | Amended Motion for Extension of Discovery & PTO Deadlines *Stipulated.* Filed by All Plaintiffs. (Smith, David) (Entered: 10/01/2013) |
| 10/02/2013 | 28 | ORDER by Judge Acosta - GRANTING the parties' amended stipulated motion 27 to extend the case management deadlines as follows: (1) Discovery to be completed and a joint ADR report filed by 4/30/14. (2) Any dispositive motions to be filed by 6/6/14. (3) No trial related dates will be set before Judge Acosta unless or until all parties have conventionally filed their consent to jurisdiction by a United States Magistrate Judge forms. (peg) (Entered: 10/02/2013) |
| 10/07/2013 | 29 | Reply to *Plaintiff's Memorandum in Opposition* to Motion to Dismiss 6 . Filed by LNV Corporation. (Wright, Christopher) (Entered: 10/07/2013) |
| 11/22/2013 | 30 | Motion for Leave to Appear Pro Hac Vice *for Attorney Kirsten A Worley* . Filing fee in the amount of $100 collected: Agency Tracking ID: 0979-3496627. Filed by LNV Corporation. (Wright, Christopher) (Entered: 11/22/2013) |

| 11/26/2013 | 31 | Order Granting Application for Special Admission Pro Hac Vice of Kirsten A. Worley for LNV Corporation. Application Fee in amount of $100 collected. Receipt No. 0979-3496627 issued. Signed on 11/26/2013 by Magistrate Judge John V. Acosta. (eep) (Entered: 12/03/2013) |
|---|---|---|
| 12/18/2013 | 32 | Notice of Appearance of Kirsten A. Worley appearing on behalf of LNV Corporation *and Request for Special Notice*. Filed by on behalf of LNV Corporation (Worley, Kirsten) (Entered: 12/18/2013) |
| 02/19/2014 | 33 | FINDINGS and RECOMMENDATION - For the reasons stated, LNV Corp.'s motion for judicial notice 10 should be GRANTED; its motion 6 to dismiss Fauley's UTPA and common law fraud claims should be GRANTED without prejudice so Fauley can refile a complaint that conforms to federal pleading standards; LNV Corp.'s motion to dismiss the equitable relief claims and motions to strike should be DENIED, and its motion for a more definite statement should be GRANTED. The Findings and Recommendation will be referred to a district judge. Objections if any, are due by 3/5/14. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement. DATED this 19th day of February, 2014, by United States Magistrate Judge John V. Acosta. (peg) (Entered: 02/19/2014) |
| 02/19/2014 | 34 | ORDER by Judge Acosta - REFERRING Findings & Recommendation 33 to the Honorable Michael W Mosman for review. (peg) (Entered: 02/19/2014) |
| 03/21/2014 | 35 | **OPINION AND ORDER:** Upon review, I agree with Judge Acostas recommendation, and I ADOPT the F&R 33 as my own opinion. Defendant LNV Corp.s Motion for Judicial Notice 10 is GRANTED and its Motion to Dismiss 6 is GRANTED in part and DENIED in part. Signed on 3/21/14 by Judge Michael W. Mosman. (dls) (Entered: 03/21/2014) |
| 03/24/2014 | 36 | SCHEDULING ORDER by Judge Acosta - In light of the adopting of this court's Findings & Recommendation 33 , by Opinion and Order 35 on 3/21/14, Plaintiff may file an amended complaint by 4/14/14. The complaint must conform to federal pleading standards and according to the rulings as contained in the Opinion and Order. (peg) (Entered: 03/24/2014) |
| 04/02/2014 | 37 | Notice of Attorney Withdrawal: *William G. Fig and Sussman Shank LLP and Substitution of Emille K. Edling and Houser & Allison APC* Filed by Deutsche Bank Trust Company Americas, Residential Funding Company, LLC (Fig, William) (Entered: 04/02/2014) |
| 04/07/2014 | 38 | Notice of Case Reassignment: This case has been reassigned from Magistrate Judge John V Acosta to Judge Michael W Mosman. (eo) (Entered: 04/07/2014) |
| 04/14/2014 | 39 | Second Amended Complaint . Filed by Robynne A Fauley against All Defendants (Attachments: # 1 Exhibit A - H). (Smith, David) (Entered: 04/14/2014) |
| 04/15/2014 | 40 | Stipulated Motion for Extension of Discovery & PTO Deadlines *Stipulation by* |

| | | All Parties and Joint Request for Entry of Revised Scheduling Order. Filed by Robynne A Fauley. (Smith, David) (Entered: 04/15/2014) |
|---|---|---|
| 04/17/2014 | 41 | **ORDER:** GRANTING Motion for Extension of Discovery & PTO Deadlines 40 . Discovery is extended from 4/30/2014, to be completed by 10/31/2014. Expert Discovery to be completed by 10/31/2014. Dispositive Motions are extended from 6/6/2014, due by 12/31/2014. Joint Alternate Dispute Resolution Report and Pretrial Order due 30 days after the resolution of dispositive motions. Ordered by Judge Michael W. Mosman. (dls) (Entered: 04/17/2014) |
| 05/05/2014 | 42 | Stipulation to *Allow Extension of LNV Corporation's Time to Respond to Second Amended Complaint, by Plaintiff and* by LNV Corporation. Filed by LNV Corporation. (Worley, Kirsten) (Entered: 05/05/2014) |
| 05/07/2014 | 43 | Stipulated Motion for *Extension of Time*. Filed by Deutsche Bank Trust Company Americas, Residential Funding Company, LLC. (Edling, Emilie) Modified on 5/8/2014 (dls). (Entered: 05/07/2014) |
| 05/08/2014 | 44 | **ORDER:** GRANTING Motion for Extension of Time to Answer 43 . Answer is due by 6/2/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 05/08/2014) |
| 05/08/2014 | 45 | Stipulated Motion for Extension of Time *to Respond to Second Amended Complaint.* Filed by Washington Mutual Bank FA. (Purcell, Thomas) (Entered: 05/08/2014) |
| 05/14/2014 | 46 | **ORDER:** ORDER: Defendant LNV Corp.'s Stipulated Motion for Extension 42 and Defendant Washington Mutual's Stipulated Motion for Extension of Time 45 are GRANTED. Answers from all Defendants are due 6/2/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 05/14/2014) |
| 05/22/2014 | 47 | Stipulated Motion for Extension of Time to Answer *Second* Amended Complaint 39 . Filed by Washington Mutual Bank FA. (Purcell, Thomas) (Entered: 05/22/2014) |
| 05/28/2014 | 48 | **ORDER:** GRANTING Motion for Extension of Time to Answer 47 . Answers from all Defendants are extended from 6/2/2014, due by 7/2/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 05/28/2014) |
| 06/16/2014 | 49 | Notice of Attorney Substitution:Attorney John Thomas is substituted as counsel of record in place of Attorney Christopher A. Wright Filed by LNV Corporation (Thomas, John) (Entered: 06/16/2014) |
| 07/02/2014 | 50 | Motion to Dismiss for Failure to State a Claim *Against Second Amended Complaint.* Oral Argument requested. Filed by LNV Corporation. (Thomas, John) (Entered: 07/02/2014) |
| 07/02/2014 | 51 | Motion to Dismiss . Oral Argument requested. Filed by Deutsche Bank Trust Company Americas, Residential Funding Company, LLC. (Attachments: # 1 Attachment Defendant Deutsche Bank as Trustee's Memorandum of Law in Support of Motion to Dismiss) (Edling, Emilie) (Entered: 07/02/2014) |
| 07/02/2014 | 52 | Stipulated Motion for Extension of Time to Answer *Second* Amended Complaint 39 . Filed by Deutsche Bank Trust Company Americas, Residential |

|  |  | Failure to State a Claim Against Second Amended Complaint 50 60 filed by LNV Corporation. Reply is due by 10/14/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 10/06/2014) |
| 10/06/2014 | 63 | **ORDER:** GRANTING Motion for Extension of Time to File Response/Reply to Motion to Dismiss 51 filed by Residential Funding Company, LLC, Deutsche Bank Trust Company Americas. Reply is due by 10/14/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 10/06/2014) |
| 10/09/2014 | 64 | Stipulated Notice of Dismissal of Party *Defendant Washington Mutual Bank, FA* Filed by Robynne A Fauley (Smith, David) (Entered: 10/09/2014) |
| 10/14/2014 | 66 | Stipulated Motion for Extension of Time to File a Response/Reply *In Support of Motion to Dismiss* to Motion to Dismiss 51 . Filed by Deutsche Bank Trust Company Americas, Residential Funding Company, LLC. (Edling, Emilie) (Entered: 10/14/2014) |
| 10/14/2014 | 67 | Reply *In Support* to Motion to Dismiss for Failure to State a Claim *Against Second Amended Complaint* 50 Oral Argument requested. Filed by LNV Corporation. (Thomas, John) (Entered: 10/14/2014) |
| 10/17/2014 | 68 | **ORDER:** DENYING AS MOOT Motion for Extension of Time to File Response/Reply to Motion to Dismiss 51 filed by Residential Funding Company, LLC, Deutsche Bank Trust Company Americas ; GRANTING Motion for Extension of Time to File Response/Reply to Motion to Dismiss 51 filed by Residential Funding Company, LLC, Deutsche Bank Trust Company Americas. Reply is due by 10/20/2014. Ordered by Judge Michael W. Mosman. (dls) (Entered: 10/17/2014) |
| 10/20/2014 | 69 | Stipulated Motion to Dismiss *Defendant Residential Funding Company, LLC Without Prejudice*. Filed by Robynne A Fauley. (Smith, David) (Entered: 10/20/2014) |
| 10/20/2014 | 70 | *Defendant Deutsche Bank as Trustee's* Memorandum in Support of *Motion to Dismiss*. Filed by Deutsche Bank Trust Company Americas, Residential Funding Company, LLC. (Related document(s): Motion to Dismiss, 51 .) (Edling, Emilie) (Entered: 10/20/2014) |
| 10/21/2014 | 71 | **ORDER:** Granting Stipulated Motion 69 to Dismiss Defendant Residential Funding Company, LLC, without prejudice. Ordered by Judge Michael W. Mosman. (sm) (Entered: 10/21/2014) |
| 10/27/2014 | 72 | Stipulated Motion for Extension of Discovery & PTO Deadlines *Stipulation by All Parties and Joint Request for Entry of Revised Scheduling Order*. Filed by Robynne A Fauley. (Smith, David) (Entered: 10/27/2014) |
| 11/04/2014 | 73 | **OPINION AND ORDER:** I GRANT Defendant LNV Corporations 50 and Deutsche Banks 51 motions to dismiss Ms. Fauleys UTPA and fraud claims WITH PREJUDICE. Ms. Fauleys claims for declaratory and injunctive relief are dependent on her UTPA and fraud claims and are likewise DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT. Signed on 11/4/14 by Judge Michael W. Mosman. (dls) (Entered: 11/05/2014) |
| 11/04/2014 | 74 | Judgment. Based upon my Opinion and Order, IT IS ORDERED AND |

| | | |
|---|---|---|
| | | ADJUDGED that this case should be DISMISSED WITH PREJUDICE for failure to state a claim. I GRANT Defendant LNV Corporation's 30 and Deutsche Banks 31 motions to dismiss Ms. Fauley's UTPA and fraud claims WITH PREJUDICE. Plaintiffs claims for declaratory and injunctive relief are also DISMISSED WITH PREJUDICE. All pending motions are DENIED AS MOOT. Signed on 11/5/14 by Judge Michael W. Mosman. (dls) (Entered: 11/05/2014) |
| 06/18/2015 | 75 | Request for Judicial Notice of Information and Criminal Indictment and Plea Agreement of Lorraine Brown. Filed by Robynne A Fauley. (Attachments: # 1 Exhibit) (ecp) (Entered: 06/18/2015) |
| 06/18/2015 | 76 | Notice of Related Cases. Filed by Robynne A Fauley (Attachments: # 1 Exhibit) (ecp) (Entered: 06/22/2015) |
| 06/18/2015 | 77 | Motion for Relief of Judgment. Filed by Robynne A Fauley. (Attachments: # 1 Exhibit) (ecp) (Entered: 06/22/2015) |
| 06/22/2015 | 78 | Notice of Attorney Withdrawal: *for Plaintiff* Filed by Robynne A Fauley (Smith, David) (Entered: 06/22/2015) |
| 06/29/2015 | 79 | Notice of Attorney Substitution:Attorney Erick J. Haynie is substituted as counsel of record in place of Attorney John M. Thomas Filed by LNV Corporation (Richards, Gabrielle) (Entered: 06/29/2015) |
| 06/29/2015 | 80 | Motion for Extension of Time to File a Response/Reply *to Plaintiff's Motion for Relief of Judgment* to Motion 77 . Filed by LNV Corporation. (Richards, Gabrielle) (Entered: 06/29/2015) |
| 06/29/2015 | 81 | Declaration of Gabrielle D. Richards *In Support of Defendant LNV Corporation's Motion for an Extension of Time to Respond to Plaintiff's Motion for Relief of Judgment*. Filed by LNV Corporation. (Related document(s) Motion for Extension of Time to File Response/Reply to a Motion 80 .) (Richards, Gabrielle) (Entered: 06/29/2015) |
| 07/02/2015 | 82 | Amended Certificate of Service by Robynne A. Fauley of Request for Judicial Notice 75 , Notice 76 , Motion 77 Filed by Robynne A. Fauley. (ecp) (Entered: 07/02/2015) |
| 07/02/2015 | 83 | **ORDER:** GRANTING Motion for Extension of Time to File Response/Reply to Motion 77 filed by Robynne A. Fauley, Request for Judicial Notice 75 filed by Robynne A. Fauley. Responses due by 7/16/2015. Ordered by Judge Michael W. Mosman. (dls) (Entered: 07/02/2015) |
| 07/02/2015 | 84 | Response *Defendant LNV Corporation's Response Memorandum in Opposition to Plaintiff's Notice of Related Cases*. Filed by LNV Corporation. (Related document(s): Notice 76 .) (Richards, Gabrielle) (Entered: 07/02/2015) |
| 07/02/2015 | 85 | Response *Defendant LNV Corporation's Response Memorandum in Opposition to Plaintiff's Motion for Judicial Notice of Information and Criminal Indictment and Plea Agreement of Lorraine Brown*. Filed by LNV Corporation. (Related document(s): Request for Judicial Notice 75 .) (Richards, Gabrielle) (Entered: 07/02/2015) |
| | | |

| | | |
|---|---|---|
| 07/07/2015 | 86 | Clerk's Notice of Mailing to Robynne A. Fauley regarding Order on motion for extension of time to file Response/Reply, 83 . (dis) (Entered: 07/07/2015) |
| 07/16/2015 | 87 | Response *Defendant LNV Corporation's Response Memorandum in Opposition to Plaintiff's Motion for Relief from Judgment* to Motion 77 . Filed by LNV Corporation. (Richards, Gabrielle) (Entered: 07/16/2015) |
| 07/16/2015 | 88 | Declaration of *Gabrielle D. Richards in Support of Defendant LNV Corporation's Response Memorandum in Opposition to Plaintiff's Motion for Relief of Judgment.* Filed by LNV Corporation. (Related document(s): Motion - Miscellaneous 77 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Richards, Gabrielle) (Entered: 07/16/2015) |
| 07/17/2015 | 89 | Notice of Appearance of Jeffrey M. Peterson appearing on behalf of LNV Corporation Filed by on behalf of LNV Corporation (Peterson, Jeffrey) (Entered: 07/17/2015) |
| 08/04/2015 | 90 | **ORDER: DENYING** Request for Judicial Notice of Information and Criminal Indictment and Plea Agreement of Lorraine Brown 75 . Ordered by Judge Michael W. Mosman. (dis) (Entered: 08/04/2015) |
| 08/04/2015 | 91 | **ORDER: DENYING** Motion for Relief of Judgment 77 . Ordered by Judge Michael W. Mosman. (dis) (Entered: 08/04/2015) |
| 08/04/2015 | 92 | Clerk's Notice of Mailing to Robynne A. Fauley regarding Order on Request for Judicial Notice 90 and Order on Motion - Miscellaneous 91 . (dis) (Entered: 08/04/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/10/2015 08:36:17 | | | |
| PACER Login: | pc2886-3256980-3995146 | Client Code: | 009901-0001 |
| Description: | Docket Report | Search Criteria: | 3:13-cv-00581-MO Start date: 1/1/1970 End date 11/10/2015 |
| Billable Pages: | 9 | Cost: | 0.90 |

# EXHIBIT 5

March 16, 2010


Robynne Fauley
12125 SE Laughing Water Rd
Sandy OR 97055-8555


RE: Old Loan Number: 0000020350
    New Loan Number: 1424091591

## NOTICE OF TRANSFER OF SERVICING

Dear Borrower(s):

You are hereby notified that the servicing, duties with respect to your mortgage loan, that is, the responsibility to collect payments from you, will be performed on behalf of MGC Mortgage, Inc. by Dovenmuehle Mortgage, Inc., who will service your loan under a contractual arrangement with MGC Mortgage, Inc., effective April 1, 2010.

The transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing. In this case, all necessary information is combined in this one notice.

Your present servicer is MGC Mortgage, Inc. If you have any questions relating to the transfer of servicing from your present servicer before April 1, 2010, call the Customer Service Department at 866-973-3399 between 8:00 a.m. and 5:00 p.m. CST, Monday through Friday. This is a toll-free number.

Your new servicer will be Dovenmuehle Mortgage, Inc. under a contractual arrangement with MGC Mortgage, Inc.

The business address for your new servicer is:        1 Corporate Drive, Suite 360
                                                       Lake Zurich, IL 60047-8945

The toll-free telephone number of your new servicer is 877-471-7888. If you have any questions relating to the transfer of servicing to your new servicer on or after April 1, 2010, call the Customer Service Department at 877-471-7888 between 8:00 a.m. and 5:00 p.m. CST, Monday through Friday.

The date that your present servicer will stop accepting payments from you is March 31, 2010. If you choose to mail your monthly payment, the date that your new servicer will start accepting payments from you is April 1, 2010. Send all payments on or after that date to your new servicer. Please use the enclosed temporary coupon to make your next payment. You will then receive a monthly billing statement with which you may make your scheduled payments. The address for sending payments to your new servicer is:

**MGC MORTGAGE, INC.**
**P O BOX 660592**
**DALLAS TX 75266-0592**

If you would like to begin using automatic deductions with the new servicer, please sign the new automatic payment form enclosed, and submit the form to the new servicer. An extra copy of the form is enclosed for you to keep. The new servicer would then notify you of the month in which the automatic deduction will begin. Until then, please make your regular payment by check to the new servicer.

# MGC Mortgage, Inc.

7195 Dallas Parkway
Plano, Texas 75024
www.mgcmortgage.com
Tel 866-973-1399

- Two payments posted from unapplied funds on June 16, 2009 were posted inaccurately to include payment of a late fee in the amount of $111.16 for each payment. These payments were reversed and reapplied appropriately to exclude payment for late fees.

Per your request, we have verified the following property tax payments via the County of Calackamas, which were paid by you (indicated as "Borrower" below), Litton Loan Servicing, LP ("Litton"), and by MGC.

- March 2005- Paid by Borrower.
- August 2005- Paid by Borrower.
- December 2005- Paid by Borrower.
- No property tax payments were remitted to the County of Calackamas in 2006.
- January 10, 2007- Litton paid $2,429.88, which is reflected on the loan history.
- September 18, 2007- Litton paid $3,556.49, which is reflected on the loan history.
- October 2, 2007- Litton paid $43.39, which is reflected on the loan history.
- November 2007- Borrower paid $1,200.00.
- November 13, 2008- MGC paid $5,873.00, which is reflected on loan history.
- December 22, 2009- MGC paid $4,470.55, which is reflected on loan history.
- March 8, 2010- MGC paid penalties and interest of $19.69, which is not reflected on loan history because the penalties and interest were paid by MGC.

It appears that though MGC remitted the property tax payment on December 22, 2009, the County of Calackamas reflects receipt of this payment in February, 2010. The delay in payment remittance may have been caused by a processing error; therefore, MGC paid the penalties and interest as a result of the delay.

Per your additional request, you will find loan histories from MGC and Litton and a detailed payment summary which will further explain the payment postings. Furthermore, you will find a document entitled "Amortization Schedule One" which begins at the inception of your loan, and reflects a principal balance of $301,366.55 with the payment due July 1, 2009 (since your account is next due for August 1, 2009, pre-petition). Your account currently reflects a lower principal balance than Amortization Schedule One due to additional payments posted to principal which you have remitted over the life of the loan. MGC apologizes for your non-receipt of the requested items previously. Please note that future requests may be directed to Anna Schmidt at (469) 229-8774.

In regards to your Chapter 13 Bankruptcy, please be advised the Bankruptcy documents indicate that you agreed to include $25,243.18 of mortgage related debt in you Bankruptcy. We acknowledge your request for a modification in an effort to end your Chapter 13 Bankruptcy, and will stay in contact with you regarding this request. We understand that you may have been given conflicting information regarding the modification of your loan while involved in an active Bankruptcy, and we would like to ensure that you receive complete and accurate information from this date forward. Please be advised that MGC's policy excluded loans in active Bankruptcy from obtaining a modification at one time, though our policy has since been amended. Currently, your modification request is under consideration with MGC's Loss Mitigation Department. If additional information or documents are needed, we will contact you. We will also contact you upon final determination.

# MGC Mortgage, Inc.

7195 Dallas Parkway
Plano, Texas 75024
www.mgcmortgage.com
Tel 866-973-3399

Thorough research has been conducted in an effort to address each concern listed in your correspondence. If you have additional questions regarding this correspondence, please contact Anna Schmidt at (469) 229-8774 Monday through Friday from 8:00 a.m. to 5:00 p.m. Central Standard Time.

Sincerely,

Sharon Brock
SVP Loan Operations

Enclosures:    MGC Loan History
               Litton Loan History
               Current Loan Status Screens
               Amortization Schedule One
               Amortization Schedule Two
               Payment Summary

cc:            June Pelat, Texas Department of Savings and Mortgage Lending

# EXHIBIT 6

04/10/2005

LITTON 05
LOAN

2,588    49841 -001

ROBYNNE FAULEY
12125 SE LAUGHING WATER
SANDY OR 97055

RE: Loan Number: 0013858527

Dear Mortgagor:

The servicing of your mortgage loan is transferring from Washington Mutual Bank, FA (Washington Mutual) to Litton Loan Servicing LP. Please be assured that the transfer of servicing for your loan does not affect the terms of your original mortgage instruments. The effective date of transfer is 04/01/2005.

The date that Washington Mutual Bank, FA (Washington Mutual) will stop accepting payments from you is 04/01/2005. The date that Litton Loan Servicing LP will start accepting payments from you is 04/01/2005. Send all payments on or after that date to Litton Loan Servicing LP.

Please send your mortgage payments to Litton Loan Servicing LP at the payment address. You may write to us at the correspondence address or our website address.

| PAYMENT ADDRESS | CORRESPONDENCE ADDRESS | WEBSITE ADDRESS |
|---|---|---|
| Litton Loan Servicing LP | Litton Loan Servicing LP | www.littonloan.com |
| P.O. Box 4387 | 4828 Loop Central Drive | |
| Houston, Texas 77210-4387 | Houston, Texas 77081-2226 | |

Litton Loan Servicing LP will send a monthly billing statement. Please send your payment along with the temporary coupon provided below if you do not receive a statement in time for your next payment. By sending your check, please be aware that you are authorizing Litton Loan Servicing LP to use information on your check to make a one-time electronic debit for each check presented from your account at the financial institution indicated on your check. This electronic debit will be for the amount of your check. Please contact Litton's Customer Service Department or visit our website to learn about other payment options.

If you have any questions concerning the servicing of your loan, please call the Customer Service Department of Litton Loan Servicing LP toll free at (800) 247-9727, Monday through Friday, between the hours of 8:00am and 7:00pm (CST), or in the Houston, TX area at (713) 960-9876.

If you have any questions concerning the servicing of your loan prior to 04/01/2005, please contact Washington Mutual Bank, FA (Washington Mutual) toll free at (800)342-7581, 24 hours per day, except major holidays.

In January 2006, you will receive two 2005 Year End Statements. Each statement will contain IRS reporting information related to the time your loan was serviced by either Litton Loan Servicing LP or your previous servicer.

Premiums for mortgage life, accidental death, or disability insurance will not be transferred from your previous servicer. You may contact your carrier for arrangements to maintain your coverage by direct billing. Please call your previous servicer if you are unsure of your carrier's name.

If you currently have your payment automatically drafted from your checking or savings account, please be aware that this service is not transferable. Enclosed you will find the Authorization Agreement to establish an ACH draft with Litton. Please complete the form and return to Litton at the correspondence address above. You will need to send your payment in by check until you are notified that the draft process is complete.

If your loan is currently escrowed for taxes and/or insurance, Litton is required by law to analyze your loan to assure that we are not over collecting. Therefore, your payment may change in the future and we will contact you.

We assure you that we at Litton Loan Servicing LP will do everything possible to make this a smooth transition. Thank you for your mortgage business.

Sincerely,

Litton Loan Servicing LP



# LITTON LOAN SERVICING LP

*A subsidiary of C-BASS*

4828 Loop Central Drive
Houston, Texas 77081-2226

Telephone 713 940 0070
Fax 713 966 8900

4/11/2005

Robynne Fauley
12125 Se Laughing Water
Sandy, OR 97055

RE: Loan # 13858527

## VALIDATION OF DEBT NOTICE

Dear Mortgagor(s):

1.  As of the date of this Notice, Litton's records reflect that the current amount of the Debt is $332,762.57. The Debt consists of principal, interest, and if applicable, negative escrow and service fees. For further information, including a request for a payoff statement, please write the undersigned or call 1-800-999-8501. You may also visit our web site at www.littonloan.com.

2.  The creditor to whom the Debt is owed is GMAC-RFC MASTER SERVICING. Litton is collecting the Debt on behalf of GMAC-RFC MASTER SERVICING, and you may pay the Debt to Litton at the address below.

3.  Unless you notify Litton in writing within thirty (30) days after receipt of this notice that you dispute the validity of the Debt, or portion thereof, Litton will assume the Debt to be valid.

4.  Within thirty (30) days of the receipt of this notice, you may dispute in writing the validity of the Debt or any portion thereof, at which time Litton will obtain verification of the Debt and a copy of such verification will be mailed to the property address referenced above.

5.  Within thirty (30) days of receipt of this notice, you may also request in writing that Litton provide you with the name and address of original creditor.

6.  If you are not obligated on the debt, you are a debtor in bankruptcy, or the debt has been discharged in a bankruptcy proceeding, the Servicer is not attempting to collect from you personally. You are being sent this notice as a courtesy because your interest in the real estate may be affected.

If you have any questions, please call Litton at 1-800-999-8501. You may also address any questions regarding these issues to:

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, Texas 77081-2226

Sincerely,
LITTON LOAN SERVICING LP

**LITTON LOAN SERVICING LP IS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**