Vito Genna
Clerk of the Court
U.S. Bankruptcy Court Southern District New York
One Bowling Green
New York, NY 10004-1408

FILED
U.S. BANKRUPTCY COURT

To be filed as a communication
with the court

S.D.N.Y.

April 8, 2018

RE: In re RESIDENTIAL CAPITAL, LLC, et al.
U.S. Bankruptcy Court Southern District New York, Case No: 12-12020

## TO THE IMMEDIATE ATTENTION: Honorable Judge Martin Glenn

### Second Sworn Declaration of Dana Brinton

### In Support of Letter to Clerk and Doc. 10469
In Objection to (Doc 10482)
Filed by ResCap Liquidating Trust, Perkins Coie joined by LNV Corporation (Doc 10485)

I hereby state that I, Dana Brinton, declare that I am over the age of eighteen (18) years and have personal knowledge of the facts set forth in this letter/declaration, and if called as a witness, could and would competently testify to the facts set forth herein.

I wanted to provide Your Honor the exhibits attached here that are the recorded assignments of deed of trust specific to my case. Also attached are documents that show how GMAC and Residential Funding Company LLC are involved in Beal Bank's foreclosure of my home.

I am giving this court the evidence attached to this declaration to support my claims about the ResCap Debtors and LNV Corporation and D. Andrew Beal and his other business entities including Beal Bank SSB; and other corporations including, Litton Loan Servicing LP (Litton) which operates as a subsidiary of Ocwen Loan Servicing, LLC and serviced my mortgage; Deutsche Bank National Trustee Company fka Bankers Trust Company of California, N.A. (Deutsche) and Credit-Based Asset Servicing and Securitization LLC (C-BASS) because they are named on my assignments; and Provident Financial Services Inc.; The Provident Bank, DBA PCFS, Inc. also named on my assignments and the party that originated my mortgage.

The attached three assignments of mortgage were recorded in Chester County PA, all on the same day. Each assignment states in upper left corner: "*After recording, return to Beal Bank SSB, 6000 Legacy Drive, Plano, TX 75024*". The first two assignments were made up on June 24, 2007 and recorded on November 5, 2007. These documents are as follows:

1. **Doc. Id. 10800594: (Exhibit 1):** Assignment of Mortgage/Deed of Trust purportedly endorsed on June 24, 2007 by **Lela Derounen**, Vice President of Litton Loan Servicing, LP Attorney in Fact for The Provident Bank, DBA PCFS, Inc. This document / instrument is notarized on June 24, 2007 by Texas Notary Toni Traina and claims to convey beneficial interest in my mortgage from The Provident Bank, DBA PCFS, Inc. to Banker's Trust Company of California N.A. as Trustee for **Provident Bank Home Equity Loan Trust 1998-3**.

2. **Doc. Id. 10800595: (Exhibit 2):** Assignment of Mortgage/Deed of Trust endorsed on June 24, 2007 by **Lela Derounen**, Vice President of Litton Loan Servicing, LP Attorney in Fact * for Deutsche Bank National Trustee Company, solely in its capacity as Trustee  (the * below states: "* *f/k/a Bankers Trust Company of California, N.A.*"). This document is also notarized on June 24, 2007 by Texas Notary Toni Traina and purports to convey beneficial interest in my mortgage from "**That Deutsche Bank National Trust Company, solely in its capacity as Trustee under the Pooling and Servicing Agreement dated as of September 1, 1998, Home Equity Loan Asset-Backed Certificates, Series 1998-3**" to Credit-Based Asset Servicing and Securitization LLC, 335 Madison Avenue, 19th Floor, New York, NY 10017.

3. **Doc. Id. 10800596: (Exhibit 3):** Assignment of Mortgage/Deed of Trust endorsed on June 24, 2007 by **Lela Derounen**, Vice President of Credit-Based Asset Servicing and Securitization LLC. This document is notarized by Texas Notary Leticia M. Turner on October, 1 2007 and purports to convey beneficial interest in my mortgage from Credit-Based Asset Servicing and Securitization LLC to Beal Bank SSB "whose address is 6000 Legacy Drive, Plano, TX 75024."

There are problems with the facts purported on these documents.  The assignee for the prior assignment must be the same as the assignor on the next assignment.  The problem with the first two assignments in my case is that on first assignment Doc. Id. 10800594 the "assignee" is "Banker's Trust Company of California N.A. as Trustee for **Provident Bank Home Equity Loan Trust 1998-3**" but on the second assignment Doc. Id. 10800595 the "assignor" is "That Deutsche Bank National Trust Company, solely in its capacity as Trustee **under the Pooling and Servicing Agreement dated as of September 1, 1998, Home Equity Loan Asset-Backed Certificates, Series 1998-3**" (the Trust.) The name "Provident" is left out in the second assignment. SEC records for this Trust specifically state its name as: "Provident Bank Home Equity Loan Trust 1998-3 Home Equity Loan Asset-Backed Certificates, Series 1998-3" and neither assignment correctly state the official valid name of the Trust. This is a misrepresentation.

Another problem is that all three assignments are endorsed by **Lela Derounen**; but her title and the company she works for are different on each one:

> Doc. Id. 10800594:  she is **Vice President of Litton Loan Servicing, LP Attorney in Fact for The Provident Bank, DBA PCFS, Inc.**;

> Doc. Id. 10800595:  she is **Vice President of Litton Loan Servicing, LP Attorney in Fact \* for Deutsche Bank National Trustee Company, solely in its capacity as Trustee**, (both documents were notarized on June 24, 2007 by Texas Notary Toni Traina);

> Doc. Id. 10800596:  she is **Vice President of Credit-Based Asset Servicing and Securitization LLC**.  This last document is notarized by Texas Notary Leticia M. Turner on October, 1 2007.

Below is an image of her signature from my recorded assignments compared with her signature for other publically recorded documents that shows her signature on these three assignments in my case is very different from her signature on other assignments.  See **Exhibit 4** for the full size of the other Lela Derouen signature; and her signature on my assignments is in exhibits 1-3.



| | |
|---|---|
| *Signature from one of my assignments* | *Signature for another assignment (not mine)* |

There is no reference on any of these three assignments to a recorded power of attorney that gives **Lela Derounen** the right to sign in behalf of these three different companies, two on the same day.  When a person signs for a company they do not actually work for they can only do so under the authority of a recorded power of attorney; and the reference to that recorded power of attorney needs to be on the assignment.  One power of attorney recorded in my county names "DocX" and this is a company that was involved in the crimes of Lorraine Brown (*USA v. Lorraine Brown* Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.)); see **Exhibit 5.**  DocX became Lender Processing Services (LPS) and documents for others in our group are identified as being produced by LPS; and DocX which involved in mine.

Two witnesses purportedly signed the first and second assignments purportedly made on the same day (June 24, 2007). The signature of one of them "**Tamea Swanson**" do not match; and since the signatures are purported to have been made on the same day they should look pretty close to each other if

they were genuine, and these do not. They look like two different people made those signatures; see the images below for a side by side comparison:



| **Signature from first assignment** | **Signature for second assignment** |
| --- | --- |

**Both signatures were purportedly made on June 24, 2007**

On the second and third assignments is the name of "Credit-Based Asset Servicing and Securitization LLC, 335 Madison Avenue, 19th Floor, New York, NY 1001" the "Assignee" on the second assignment <u>Doc. Id. 10800595</u> and the "Assignor" on the third assignment <u>Doc. Id. 10800596</u> implies it is a company that provides "Servicing and Securitization" services. A mortgage "servicer" does not hold beneficial interest in the underlying mortgage note and deed of trust.

It is important to understand that on or around March 13, 2001 C-BASS announced a new partner; GMAC-RFC that acquired enhanced financial services group interest in C-BASS; see: https://www.thefreelibrary.com/Myers+Internet%2C+Inc.+Partners+with+Mortgage+Guaranty+Insurance+Corp.-a071620896 and this article published on November 1, 2000, titled: "**RFC Buys Stake in C-BASS. (GMAC Residential Funding Corp.)**" at: https://www.highbeam.com/doc/1G1-66296601.html; the article states:

> *You might call it a marriage between non-conforming and non-performing specialists.*
>
> *GMAC-RFC, the largest issuer of securities backed by non-agency mortgage loans in the country, has purchased a stake in C-BASS, a specialist in buying and servicing non-performing and sub-performing residential mortgage loans.*
>
> *GMAC-RFC and C-BASS jointly announced that RFC, based in Bloomington, Minn., has agreed to buy the non-majority, 46% stake in C-BASS currently held by Enhance Financial Services Group, New York.*
>
> *Enhance Financial Services Group said RFC has agreed to pay $100 million for its share, subject to certain conditions.*

GMAC-RFC hides behind other company names to deceive people like me and courts (including this court) because without doing research to figure out who is behind C-BASS you could never know that GMAC-RFC was involved in the making and recording of the three recorded assignments in my case.

Like the others securitization is involved and I am currently suffering the consequences of that securitization after 20 years. The second assignment <u>Doc. Id. 10800595</u> specifically mentions "***the***

***Pooling and Servicing Agreement dated as of September 1, 1998.***" Pooling and Servicing Agreements specify that:

1. they are governed by New York law;

2. conveyance of mortgages into the Trust are absolute sales; and

3. every conveyance MUST be recorded to assure there is no break in the chain of title.

If the terms of the Pooling and Servicing Agreement were followed then as soon as the mortgage was sold into the Trust an assignment (or two) should have been recorded to reflect that sale; this did not happen. Instead an assignment (Doc. Id. 10800594, Exhibit 1) was made by Beal Bank SSB on June 24, 2007 and recorded on November 5, 2007 – more than nine (9) years after the sale of the mortgage into the Trust should have occurred.

Beal Bank SSB is trying very hard to evict me from my home right now. This would be an egregious miscarriage of justice and would cause me to suffer irreparable harm. No amount money awarded as damages after the fact can fix the injuries I will suffer by losing my home of 20 years and being thrown into the streets with nowhere to go. The victims pray some government authority will issue a national moratorium to stop all Beal entity residential foreclosures, evictions or sales of foreclosed properties to third parties to minimize further injury to the Beal/LNV/RFC-LLC victims.

Beal entities use these assignments to give the illusion Beal Bank SSB (or other Beal corporate entities) are "holders" and "owners" of mortgage notes when they are not. According to the ResCap Liquidating Trust and LNV and Perkins Coie LLP in Doc 10482 and Doc 10485, LNV has a "Servicing Agreement" with ResCap Debtors. This is different from being an owner and holder of a note which is what LNV tells courts in foreclosures.

Knowing the true relationship between Beal Bank/LNV and other Beal foreclosing entities and the ResCap Debtors as per their agreements is important. Beal entities have perfected foreclosures AFTER the ResCap Debtors filed for Chapter 11 bankruptcy in 2012 based upon assignments that were made and recorded BEFORE the bankruptcy was filed that purport to convey mortgages from RFC-LLC to Beal entities. Misrepresentations about the nature of the transactions and "assets" conveyed, or not conveyed, as per these recorded assignments has had a long range effect and duration that continues today. Bankruptcy should not shield those who misrepresent transactions and assets.

I already added as Exhibit A to my earlier declaration a document titled "VERIFICATION" by Monica Hadley who claims to be Sr. Vice President of MGC Mortgage Inc. where she identifies MGC as "*loan servicer for LNV Corporation and Authorized Representative*" and where she also identifies herself as "*the representative of the Plaintiff corporation*" in this document that was submitted into court record

in Beal Bank SSB's foreclosure case against me. This shows the interconnection between all the Beal entities in spite of them purportedly being separate corporate entities, and also shows my connection with the others foreclosed upon by LNV.

By 2006 the ResCap Debtors were already involved in numerous lawsuits because of their business practices. By 2008 several judgments had been granted against various ResCap Debtors with large jury awards for damages. This gave ResCap Debtors a discernable motive for hiding flawed mortgages that were legally unenforceable; and for finding a private aggressive third party (Beal) willing to engage in servicing agreements disguised as sales of those flawed mortgage "assets" to shield the ResCap Debtors from additional legal and financial risk and government oversight. The manufacturing and recording of assignments like those in my case and the other Beal/LNV/RFC-LLC victims' cases allowed Beal entities to perfect foreclosures apparently in behalf of RFC-LLC and other ResCap Debtors and/or other parties acting in agreement with the Beal entities including Deutsche, J.P.Morgan Chase, Wells Fargo, and Litton aka Ocwen while the ResCap Debtors are protected under Chapter 11.

These business practices undermine the judicial workings of the court and creates biases formed by many hardworking Americans families who just want the truth to be told and are being lied to over and over and over again by banks, servicers and others involved who have been entrusted with one of our most valuable important ownership rights of having a home and the American dream of owning one. What has happened to banks and servicers over the last 10 years and the lack of trust which effects the very fabric of American society and world in which we live in. The length of time the public has been betrayed by banks and servicers who we are supposed to trust to hold our hard earned money and life savings is unconscionable. Holding banks, services and individuals accountable is the only way make to make a dent however small in stopping and halting the cloud of grief these business practices have caused in America and in the world. Many families do not want to have a mortgage ever again. This affects our economy and our banking system. Mistrust greed and betrayal is no way to grow-up a country or promote what the USA stands for. Transparency in our money and banking system is the only way to try to restore the American people to a civil democracy again. We are just a very small representation of the number of American families left holding the un-imaginable effects of these business practices.

My home was sold in a Sheriff sale November 19, 2015 to Beal Bank SSB for $1.00 on the writ. The documents recorded in my county about this sale all state that the address of Beal Bank SSB is:

1501 Woodfield Road
Schaumburg, IL 60173

Your Honor I already attached to my earlier declaration an affidavit by Marcia Swift proving that this is a false address and mail sent to this address is undeliverable and un-servable. Attached here as

**Exhibit 6** is are recorded documents with this false address and the Document Standards for the Chester County Pennsylvania Office of the Recorder of Deeds effective on January 3, 2005 which states:

> *GRANTEE'S/MORTGAGEE'S/ASSIGNEE'S MAILING ADDRESS: Must be exact, current, legible, scannable, and unambiguous...PA State Law {16 P.S. § 9781 and 21 P.S. § 625} requires that the Grantee's/Mortgagee's/Assignee's mailing address be certified with a signature....*

Also federal law 18 U.S. Code § 1342 prohibits use of fictitious names or address and federal law 18 U.S. Code § 1341 prohibits use of the mail to commit fraud.

All these recorded assignments (mine and the others that we are informing Your Honor about recorded by Beal Bank or MGC Mortgage Inc.) against real property belonging to the Beal/LNV/RFC-LLC victims show an ongoing and continuing pattern of unethical interstate business practices spanning more than a decade where Beal Bank SSB, Beal Bank USA, LNV Corporation, MGC Mortgage Inc. and other Beal entities are using mail services for purposes of recorded assignments like ours that state: "*After recording, return to Beal Bank SSB, 6000 Legacy Drive, Plano, TX 75024*" or "*After recording, return to MGC Mortgage Inc, 7195 Dallas Parkway, Plano, TX 75024*" an address that is an empty lot; or "*After recording, return to GMAC-RFC, One Meridian Crossing, Suite #100, Minneapolis, MN 55423 Record Center and Document Routing 03-03-04 Litton #18099663.*"

Any help Your Honor and this Honorable Court can provide to us would be tremendously appreciated.

I, Dana Brinton, declare under penalty of perjury under the laws of the State of Pennsylvania and New York that the foregoing is true and correct.

Thank you for listening.


Respectfully Submitted,

Dana Brinton
Dana Brinton


Dated: April 8, 2018

# EXHIBIT 1



*Cissy Farrell*
RECORDER OF DEEDS

After recording, return to:
Beal Bank SSB
6000 Legacy Drive
Plano, TX 75024
BC 600092

RETURN TO

ASSIGNMENT OF MORTGAGE / DEED OF TRUST

CAL093
Loan No.  12831921
Prev No.  3254174

UPI NO.  51-5R-45

KNOW ALL MEN BY THESE PRESENTS:

**THAT The Provident Bank, DBA PCFS, Inc.,** ("Assignor") whose address is 1 E. Fourth Street, 198D, Cincinnati, OH 45202 for value received, does by these presents grant, bargain, sell, assign, transfer and set over unto: **Bankers Trust Company of California, N.A., as Trustee for Provident Bank Home Equity Loan Trust 1998-3,** ("Assignee") whose address is 1761 E. St. Andrew's Place Santa Ana, CA 92705, all of Assignor's right, title and beneficial interest in and to that certain Deed of Trust describing land therein, recorded in the County of Chester, State of PA as follows:

| NAME OF BORROWER | DATE EXECUTED | DATE RECORDED | INSTRUMENT NUMBER | BOOK | PAGE | LOAN AMOUNT |
|---|---|---|---|---|---|---|
| Dana Brinton | 09/04/1998 | 9/4/1998 | N/A | 4418 | 359 | $135,150.00 |

TRUSTEE: N/A
BENEFICIARY: The Provident Bank, d/b/a PCFS, an an Ohio Banking Corporation

PROPERTY ADDRESS:    731 Price Street West Chester, PA 19382
TAX ID:

**TOGETHER** with the note therein described and the moneys due and to become due thereon, interest and attorney's fees and all other charges.

**THIS ASSIGNMENT** is made without recourse, representation or warranty, express or implied.

**IN WITNESS WHEREOF,** Assignor has caused this instrument to be duly executed as of this 24th day of June, 2007 by a duly authorized officer.

Witness: _____        By: _____
Tamea Swanson                                        Lela Derouen, Vice President of Litton Loan Servicing, LP,
                                                              Attorney in Fact for The Provident Bank, DBA PCFS, Inc.

Witness: _____
Shamika Smith

This Document Recorded                  Doc Id: 10800594
11/05/2007                                       Receipt #: 371885
10:01AM                                          Rec Fee: 33.50
Doc Code: ASM Chester County, Recorder of Deeds Office



10800594
B-7300 P-61
BEAL BANK

NOTARY ACKNOWLEDGEMENT

STATE OF: TEXAS
COUNTY OF: HARRIS

On the 24th day of June, 2007, before me, a Notary Public, personally appeared Lela Derouen, Vice President of Litton Loan Servicing, LP, as agent and attorney-in-fact for The Provident Bank, DBA PCFS, Inc., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledge to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_Toni Traina_

Toni Traina
Notary Public
Expiration: 11/21/2009

TONI TRAINA
Notary Public State of Texas
My Commission Expires
11-21-2009

Unofficial Copy

10800594
Page 2 of 2
B-7300 P-61

BEAL BANK                     11/05/2007 10.01A

# EXHIBIT 2



RECORDER OF DEEDS

After recording, return to:
Beal Bank SSB
6000 Legacy Drive
Plano, TX 75024
BC 600092

RETURN TO

## ASSIGNMENT OF MORTGAGE / DEED OF TRUST

CAL093
Loan No. 12831921
Prev No. 3254174

UPI NO:  51-5R-45

KNOW ALL MEN BY THESE PRESENTS:
THAT Deutsche Bank National Trustee Company, solely in its capacity as Trustee under the Pooling and Servicing Agreement dated as of September 1, 1998, Home Equity Loan Asset-Backed Certificates, Series 1998-3, ("Assignor") whose address is 1761 E. St. Andrew's Place Santa Ana, CA 92705 for value received, does by these presents grant, bargain, sell, assign, transfer and set over unto:

Credit-Based Asset Servicing and Securitization LLC
335 Madison Avenue, 19th Floor
New York, NY 10017

("Assignee") whose address is
all of Assignor's right, title and beneficial interest in and to that certain Deed of Trust describing land therein, recorded in the County of Chester, State of PA as follows:

| NAME OF BORROWER | DATE EXECUTED | DATE RECORDED | INSTRUMENT NUMBER | BOOK | PAGE | LOAN AMOUNT |
|---|---|---|---|---|---|---|
| Dana Brinton | 09/04/1998 | 9/14/1998 | N/A | 449 | 359 | $135,150.00 |

TRUSTEE: N/A
BENEFICIARY: PC75 dbible, The Providend Bank, d/b/a PC75, Inc an Ohio Banking Corporation

PROPERTY ADDRESS:   731 Price Street West-Chester, PA 19382
TAX ID:
TOGETHER with the note therein described and the moneys due and to become due thereon, interest and attorney's fees and all other charges.

THIS ASSIGNMENT is made without recourse, representation or warranty, express or implied.

IN WITNESS WHEREOF, Assignor has caused this instrument to be duly executed as of this 24th day of June, 2007 by a duly authorized officer.

Witness: _Tamea Olsa gan_
Tamea Swanson

By: _____
Lela Derouen, Vice President of Litton Loan Servicing, LP, *
Attorney in Fact for Deutsche Bank National Trustee Company,
solely in its capacity as Trustee

Witness: _Shamika Smith_
Shamika Smith

* f/k/a Bankers Trust Company
of California, N.A.

This Document Recorded
11/05/2007
10:01AM
Doc Code: ASM Chester County, Recorder of Deeds Office

Doc Id 10800595
Receipt #: 371685
Rec Fee: 33.50

10800595
PAGE 1 of 2
B-7300 P-63
BEAL 04406
Unofficial Copy
RETURN

NOTARY ACKNOWLEDGEMENT

STATE OF: TEXAS
COUNTY OF: HARRIS

On the 24th day of June, 2007, before me, a Notary Public, personally appeared Lela Derouen, Vice President of Litton Loan Servicing, LP, as agent and attorney-in-fact for Deutsche Bank National Trustee Company, solely in its capacity as Trustee under the Pooling and Servicing Agreement dated as of September 1, 1998, Home Equity Loan Asset-Backed Certificates, Series 1998-3, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledge to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.



_Toni Traina_

Toni Traina
Notary Public
Expiration: 11/21/2009

TONI TRAINA
Notary Public State of Texas
My Commission Expires
11-21-2009

BEAL BANK                    10800595
11/05/2007 10 01A           Page 2 of 2
                             B-7300 P-63

# EXHIBIT 3



RECORDER OF DEEDS

## ASSIGNMENT OF LOAN DOCUMENTS

UPI NO: 51-5R-45
After recording, please return to:
Beal Service Corp
6000 Legacy Drive
Plano, Texas 75024-3610
BC: 600092

RETURN TO

THIS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment") is made by CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC ("Assignor"), whose address is 335 Madison Avenue, 19th Floor, New York, New York, to and in favor of BEAL BANK S.S.B. ("Assignee") whose address is 6000 Legacy Drive, Plano, Texas 75024, pursuant to the terms of that certain Mortgage Loan Purchase Agreement, (the "Purchase Agreement"), effective the 31st day of August, 2007, between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Purchase Agreement, the following:

1.  that certain Mortgage from Dana A. Brinton, A Single Individual, dated September 4, 1998 and recorded September 14, 1998, in Book 4418, at Page 359, as Instrument No N/A  recorded in the Clerk's Office of the County of Chester, State of Pennsylvania, (the "Mortgage"), which secures that certain Promissory Note dated September 4, 1998, in the original principal amount of $135,150.00, executed by Dana A. Brinton and payable to the order of The Provident Bank d/b/a PCFS, Inc an Ohio Banking Corporation as modified or amended (the "Note"); Property address: 731 Price Street, West Chester, PA 19382

2.  such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note and/or the loan evidenced by the Note, including without limitation the title insurance policies and hazard insurance policies relating thereto that are in effect.

This Document Recorded
11/05/2007
10:01AM
Doc Code: ASM Chester County, Recorder of Deeds Office

Doc Id: 10800596
Receipt #: 371685
Rec Fee: 33.50

1

10800596
Page 1 of 2
BEAL BANK          11/05/2007 10:01A
B-7300 P-65

**IN WITNESS WHEREOF,** Assignor has caused this Assignment to be executed and delivered by its Authorized Representative as of the _____*1st*_____ day of October, 2007.

Credit-Based Asset Servicing and
Securitization LLC

WITNESS – Nadia Ortega

By: _____
Lela Derouen, Vice President

WITNESS – Elma Charlez

## ACKNOWLEDGMENT

STATE OF TEXAS        §
                                   §
COUNTY OF HARRIS   §

Before me, the undersigned, a Notary Public, on this day personally appeared Lela Derouen, who is personally well known to me (or sufficiently proven) to be the Vice President of Credit-Based Asset Servicing and Securitization LLC and the person who executed the foregoing instrument by virtue of the authority vested in her, and she acknowledged to me that she executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this _____ day of October 2007.

_____
Leticia M. Turner
Notary Public, State of Texas
My commission expires: 5/3/2009

LETICIA M. TURNER
MY COMMISSION EXPIRES
May 3, 2009

10800596
Page 2 of 2
B-7300 P-65

BEAL BANK               17/05/2007 10:01A

2

**EXHIBIT 4**

## DIFFERENT SIGNATURE OF LELA DEROUEN

IN WITNESS WHEREOF, Assignor has caused this instrument to be duly executed as of this 8TH day of November 2000, by a duly authorized officer.

The Bank of New York

By: _____

Lela Derouen, AVP for Litton Loan Servicing LP,
Attorney-in-fact for The Bank of New York

Witness: _Sandra Williams_
        Sandra Williams

Witness: _____
        Elizabeth H. Willard

State of: Texas

County of: Harris

On 6TH day of November, 2000, before me **JEANETTE DARILEK**, a notary public, in and for said state and county, personally appeared **LELA DEROUEN, AVP FOR LITTON LOAN SERVICING LP, ATTORNEY-IN-FACT FOR THE BANK OF NEW YORK,** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.



JEANETTE DARILEK
Notary Public, State of Texas
My Commission Expires
02-19-2002

**EXHIBIT 5**

Ret: DOCX, LLC
1111 Alderman Drive, Ste. 350
Alpharetta, GA 30005
30164040

Doc ID: 010778010003 Type: GLR
Filed: 11/03/2008 at 01:10:07 PM
Fee Amt: $14.00 Page 1 of 3
Forsyth County, GA
Douglas Sorrells Clerk Superior Ct
BK 5259 Pg 206-208

**RECORDING REQUESTED BY**
**& AFTER RECORDING RETURN TO:**
Litton Loan Servicing LP
4828 Loop Central Drive
Houston, Texas 77081
Attention: Alison S. Walas
Prepared By: KKmP

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Credit-Based Asset Servicing and Securitization LLC, a Delaware limited liability company having its principal place of business at 335 Madison Avenue, New York, NY 10017 ("CBASS") pursuant to that Servicing Agreement by and between CBASS and Litton Loan Servicing LP (the "Servicer"), dated as of December 10, 2007, hereby constitutes and appoints the officers of Servicer as CBASS's true and lawful Attorney-in-Fact, in CBASS's name, place and stead and for the CBASS's benefit, in connection with all mortgage loans serviced by the Servicer pursuant to the Servicing Agreement for the purpose of performing all acts and executing all documents in the name of CBASS as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust (the "Mortgages" and the "Deeds of Trust" respectively) and promissory notes secured thereby (the "Mortgage Notes") for which the undersigned is acting for CBASS (whether the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Litton Loan Servicing LP is acting as Servicer.

This appointment shall apply to the following enumerated transactions only:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recordings is for the purpose of correcting the Mortgage or Deed of Trust to conform/same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued or to modify the terms and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured.

New C-BASS POA
002



10888662
Page 2 of 5
DOCX                    12/02/2008 02:02P
B-7554 P-274

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to CBASS to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof or the sale of the Mortgage Note, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

    a. the substitution of CBASS serving under a Deed of Trust, in accordance with state law and the Deed of Trust;
    b. the preparation and issuance of statements of breach or non-performance;
    c. the preparation and filing of notices of default and/or notices of sale;
    d. the cancellation/rescission of notices of default and/or notices of sale;
    e. the taking of a deed in lieu of foreclosure; and
    f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e., above.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall lawfully do or cause to be done by authority hereof. This Limited Power of Attorney shall be effective as of the date hereof.



10888662
Page 3 of 5
12/02/2008 02:02P
B-7554 P-274

DOC#
2

New C-BASS POA

Recording requested by and
When recorded, return to :
Docx, LLC
1111 Alderman Drive
Suite 350
Alpharetta, GA  30005

000 - 30164040
Chester, PA

**T008**          **LLS**

**RECORDER OF DEEDS**

Ryan Costello

## LIMITED POWER OF ATTORNEY

Unofficial Copy

This Document Recorded
12/02/2008
02:02PM
Doc Code: POA Chester County  Recorder of Deeds Office

Doc Id: 10888662
Receipt #: 429531
Rec Fee: 20.50



10888662
Pgs 1 of 5
B-7554 P-274

DOCX                    12/02/2008 02:02P

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned.

IN WITNESS WHEREOF, CBASS has caused its corporate seal be hereto affixed and these presents to be signed and acknowledged in its name and behalf by Andrew Rickert, its duly elected and authorized Executive Vice President this 7th day of July, 2008.

_____ sed Asset Servicing and Securitization LLC

Title: _____ ve Vice President

Witness: _____
Name:    Scott Hendry

Witness: _____
Name:    David Mantell

STATE OF NEW YORK

COUNTY OF NEW YORK

On July 7, 2008, before me the undersigned, a Notary Public in and for said state, personally appeared Andrew Rickert, Executive Vice President of CBASS, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed that same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted and executed the instrument.

WITNESS my hand and official seal.
(SEAL)

_____
Notary Public, State of New York

SHARI L. KUSHNER
Notary Public, State of New York
No. 02KU6009225
Qualified in New York County
Commission Expires June 22, 20__

New C-BASS POA

3

10888662
Page 4 of 5
12/02/2008 02:02P
DOCX
B-7554 P-274



**GEORGIA FORSYTH COUNTY**

I, Douglas Sorrells, Clerk Superior Court in and for said County, do hereby certify that this is a true and correct copy of the original that appears on record___*P O A*___

*Deed Book 5259 Pages 206-208* this office
Given under my official signature and the seal of said Court, this _4_ day of _Nov.,_ 20 _08_ _____ Clerk
_Douglas Sorrells_ _____ Clerk
By _Dean Gravett_ _____ Deputy Clerk
Forsyth Superior Court

10888662
Page 5 of 5
B-7554 P-274

DOCX        12/02/2008 02:02P

# EXHIBIT 6

# STATEMENT OF VALUE

See reverse for instructions.

**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

State Tax Paid  -0-
Book Number  9249
Page Number  1356
Date Recorded  1|14|16

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | | | Telephone Number: |
|---|---|---|---|
| KML Law Group, P.C. | | | (215) 627-1322 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| 701 Market Street, Suite 5000 BNY Independence Center | Philadelphia | PA | 19106-1532 |

## B.  TRANSFER DATA

Date of Acceptance of Document  11/19/2015

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| SHERIFF OF CHESTER COUNTY | 610-344-6859 | BEAL BANK S.S.B. | 215-627-1322 |

| Mailing Address | | | Mailing Address | | | |
|---|---|---|---|---|---|---|
| Sheriff's Office,201 W. Market Street, Suite 1201, PO Box 2748 | | | 1501 Woodfield Road, | | | |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| West Chester | PA | 19382 | Schaumburg | IL | 60173 |

## C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 731 Price Street | West Chester – East Bradford Township |

| County | School District | Tax Parcel Number |
|---|---|---|
| Chester | Downingtown  W. Chester | 51-5R-45 |

## D. VALUATION DATA

Was transaction/part of an assignment or relocation?  Y  ⊗ N

| 1. Actual Cash Consideration =$2,001.00 | 2. Other Consideration +0 | 3. Total Consideration =$2,001.00 |
|---|---|---|
| 4. County Assessed Value $171,280.00 | 5. Common Level Ratio Factor X1.81 | 6. Computed Value =$310,016.80 |

## E.  EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed $310,016.80 | 1b. Percentage of Grantor's Interest in Real Estate 100% | 1c. Percentage of Grantor's Interest Conveyed 100% |
|---|---|---|

2. Check Appropriate Box Below for Exemption Claimed.

- [ ] Will or intestate succession _____ _____
  (Name of Decedent)    (Estate File Number)
- [ ] Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- [ ] Transfer from a trust. Date of transfer into the trust _____
  If trust was amended attach a copy of original and amended trust.
- [ ] Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- [ ] Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- [✓] Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- [ ] Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- [ ] Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- [ ] Other (Please explain exemption claimed.)

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| _Denise Butello_ | 11/19/15 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTA
RECORDER'S REFUSAL TO RECORD THE DEED**

COMMONWEALTH OF PENNSYLVANIA      :
                                     :     ss

COUNTY OF CHESTER                 :

On this **13th** day of ~~*January*~~ , two thousand and ~~fifteen~~ *Sixteen* **2016** ~~(2015)~~, personally appeared Carolyn B. Welsh, Sheriff of the County of Chester, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/it executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*[signature]* , deputy

Prothonotary

No. 10-10150

# Deed = Poll

Carolyn B. Welsh, Sheriff

TO

Beal Bank S.S.B.

The address of the Grantee is:

1501 Woodfield Road
Schaumburg, IL 60173

*Nicole E. Barron*

11453233  B: 9249 P: 1359  SHD
01/14/201611:50 AM      Page 4 of 6
KML LAW GROUP



RECORDER OF DEEDS

RETURN TO:   KML Law Group, P.C.
701 Market Street, Suite 5000
BNY Independence Center
Philadelphia, PA 19106-1532

UPI# 51-5R-45

# SHERIFF DEED
## *Know by all Men by these Presents*

**THAT I,** Carolyn B. Welsh, Sheriff of the County of Chester, in the Commonwealth of

Pennsylvania, for and in consideration of the sum of

One Dollar ($1.00)

to me in hand paid, **DO** hereby grant and convey to

Beal Bank S.S.B.

## LEGAL DESCRIPTION ATTACHED HERETO

Unofficial Copy

OC # 11453233 01/14/201611:50 AM
ecelpt #:16-01513
ec Fee: $97.00  State: $0.00  Local: $0.00
hester County, Recorder of Deeds

11453233  B: 9249 P: 1356  SHD
01/14/201611:50 AM      Page 1 of 6
KML LAW GROUP

ALL THAT CERTAIN tract of land with the improvements thereon erected, situate in East Bradford Township, Chester County, Pennsylvania, bounded and described in accordance with a survey made by T.G. Colesworthy, County Surveyor, under date of January 12, 1953, as follows:

BEGINNING At An Iron Pin Set 30 Feet North Of The Centerline Of A Public Road, Being The Continuation Of Price Street, In The Borough Of West Chester At A Corner Of Land Belonging To Blaise Joseph Giancola And Being 650 Feet West Of The West Line Of Land Conveyed To Charles C. Armet; Measured Along The North Line Of Price Street Extended Thence Leaving Price Street And Extending Along Land Of Blaise Joseph Giancola, Thence North 25 Degrees 27 Minutes 30 Seconds West, 150 Feet To The South Line Of A Proposed 16 Feet Wide Alley, Thence Extending Along The South Line Of The Proposed 16 Feet Wide Alley, South 66 Degrees 00 Minutes 30 Seconds West, 191.16 Feet To An Iron Pin A Corner Of Other Of Land Belonging To Marshall F. Brinton; Thence Extending Along Said Other Land Of Marshall F. Brinton, South 23 Degrees 59 Minutes 30 Seconds East, 149.95 Feet To An Iron Pin Set In The North Line Of The Above Mentioned Extension Of Price Street; Thence Extending Along The North Line Of Price Street By A Line Parallel To And 30 Feet North Of The Center Line Thereof, North 66 Degrees 00 Minutes 30 Seconds East, 195 Feet To The First Mentioned Point And Place Of Beginning.

CONTAINING 28,952 square feet of land be the same more or less.

TAX PARCEL #: 51-5R-45

BEING KNOWN AS: 731 Price Street, West Chester, PA 19382

Being the same premises which WEBSTER C. MORIARTA AND JOSEPH LM. BATTIN, EXECUTORS OF THE ESTATE OF CHARLES H. LIMBERGER, DECEASED, husband and wife, by deed dated 9/4/98 and recorded 9/14/98, in the Office of the Recorder of Deeds in and for Chester County, in Deed Book 4418 Page 354, granted and conveyed unto DANA A. BRINTON.

The same having been sold by me to the said grantee on the 19th day of November

Anno Domini two thousand and fifteen after due advertisement according to the

law, under and by virtue of a Writ of Execution issued on the 15th day of May

Anno Domini two thousand and fifteen out of the Court of Common Pleas, Chester County,

Pennsylvania, as of Term two thousand ten  Number 10150    at the suit of

BEAL BANK S.S.B.

vs.

DANA BRINTON A/K/A DANA A. BRINTON


IN WITNESS WHEREOF, I have hereunto affixed my signature, this *13th* day of
*January*    Anno Domini two thousand and ~~fifteen~~ *sixteen*

SEALED AND DELIVERED
in the presence of us:
*Nicole E. Barron*

*Carolyn B. Welsh*
Carolyn B. Welsh, Sheriff of Chester County

11453233  B: 9249  P: 1358  SHD
01/14/201611:50 AM        Page 3 of 6
KML LAW GROUP



SUITE 5000 – BNY MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA, PA 19106
(866) 413-2311
WWW.KMLLAWGROUP.COM

BEAL BANK S.S.B.
1501 Woodfield Road
Schaumburg, IL 60173-4982

*Plaintiff*

vs.

DANA BRINTON
**Mortgagor(s) and Record Owner(s)**
731 Price Street
West Chester, PA 19382

*Defendant(s)*

IN THE COURT OF COMMON PLEAS

OF Chester COUNTY

CIVIL ACTION - LAW

ACTION OF MORTGAGE FORECLOSURE

Docket Number: 2010-10150-RC

**Assignment of Bid**

I, the undersigned, as attorney for the successful bidder, hereby assign my bid at the Sheriff Sale dated November 19, 2015 to:

BEAL BANK S.S.B.
1501 Woodfield Road
Schaumburg, IL 60173-4982

Date: November 19, 2015

By: _____

**KML LAW GROUP, P.C.**
Michael McKeever Pa. ID 56129
Lisa Lee Pa. ID 78020
Kristina Murtha Pa. ID 61858
David Fein Pa. ID 82628
Thomas Puleo Pa. ID 27615
Jill P. Jenkins Pa. ID 306588
Victoria W. Chen Pa. ID 317741
**Attorneys for Plaintiff**

11453233  B: 9249 P: 1361  SHD
01/14/2016 11:50 AM    Page 6 of 6
KML LAW GROUP





COUNTY OF CHESTER

# OFFICE OF THE RECORDER OF DEEDS

www.chesco.org/recorder

RICK LOUGHERY., Recorder                                    EDWARD C. SWEENEY, ESQ., Solicitor
RUTH C. HUGANIR, First Deputy

## DOCUMENT STANDARDS

BEGINNING JANUARY 3, 2005, THIS OFFICE ADOPTED PRIA DOCUMENT STANDARDS. THE FOLLOWING STANDARDS ARE REQUIRED ON *ALL* DOCUMENTS SUBMITTED FOR RECORDING:

- **MARGINS:** Top of first page must have a 3 inch margin (left hand will contain 'Prepared By" and "Return To" party name, address and telephone number, followed by typed UPI number (a typed or computer generated label containing the valid UPI is acceptable. Right half must be reserved for the exclusive use of the recorder). All other margins on first page and subsequent pages should be 1 inch. Creation of a cover sheet, to bring a document into compliance, is acceptable (a cover sheet counts as an extra page when pricing a document). Submissions not meeting this standard must be accompanied by a $25.00 fee for each non-compliant document.

- **UPI NUMBER(S):**
  - Should be TYPED on the first page of each document directly below the "Return To:" party name. A typed or computer generated label, containing the valid UPI, affixed to the first page is acceptable. Documents containing numerous UPI numbers must list the first UPI on the first page; the remaining UPIs may be listed on a separate sheet of paper after the first page. Creation of a cover sheet, to bring a document into compliance, is acceptable (a cover sheet counts as an extra page when pricing a document). If the UPI number is illegible, unscannable, or possibly ambiguous, the document will be returned to secure a legible, scannable, unambiguous UPI number.
  - A document which states that the parcel is "Part of" a UPI will be accepted if the parcel has not, at the time of recording, been assigned an individual UPI number. Submitters are responsible to make this determination.
  - To verify a UPI number, please call the Bureau of Land Records at 610-344-4561/5968

  **Documents not containing a correct, verifiable, properly formatted, legible, scannable UPI number on the first page will be returned unrecorded and a $10.00 return fee will be due on resubmission of corrected document.**

- **PAPER & FONT SIZE:** All submissions should be on 8 ½" x 11" (letter size) white 20 lb paper using a font size no smaller than 10 point. Double sided printing is allowed provided the printing does not bleed through to the opposite side. Submissions not meeting this standard must be accompanied by a $25.00 fee for each non-compliant document. *NOTE: Double-sided pages count as two pages.*

- **GRANTEE'S/MORTGAGEE'S/ASSIGNEE'S MAILING ADDRESS:** Must be exact, current, legible, scannable, and unambiguous. Typewritten is preferred. In addition, PA State Law {16 P.S. § 9781 and 21 P.S. § 625} requires that the Grantee's/Mortgagee's/Assignee's mailing address be certified with a signature. Documents not meeting this standard will be returned, unrecorded, and a $10.00 return fee will be due on resubmission of the corrected document.

- **INK:** Black ink is recommended for documents, signatures and notary stamps. Blue and red ink may not scan legibly. Stamps, signatures, or handwritten items which are too light/too dark may not be legible on the scanned image. If any of these is not legible on scanning, the document will be returned to the submitter, unrecorded, and a $10.00 return fee will be due on resubmission of the corrected document.

**SAMPLE – OVER** $\longrightarrow$