**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC, *et al.*,<br><br>                              Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 12-12020 (MG)<br>(Jointly Administered) |

**MEMORANDUM OPINION AND ORDER DENYING CORLA JACKSON'S NOTICE
TO REISSUE EXPIRED OUT DATED CHECK**

*A P P E A R A N C E S:*

CORLA R. JACKSON
*Pro Se*
13230 Tom Gaston Road
Mobile, AL 36695
By:    Corla R. Jackson

MORRISON & FOERSTER LLP
*Counsel for the ResCap Liquidating Trust*
250 West 55th Street
New York, NY 10019
By:    Norman S. Rosenbaum, Esq.
       Adam A. Lewis, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Corla R. Jackson's ("Jackson") *pro se Notice to Reissue Expired Out Dated Check Funds Belonging to Corla Jackson GMAC Mortgage LLC Kept* (the "Notice," ECF Doc. # 10489), filed on February 13, 2018 and seeking the reissuance of an uncashed and expired check (the "Uncashed Check") issued in February 2006 by GMAC Mortgage, LLC ("GMAC Mortgage"), one of the debtor in this chapter 11 case (collectively, the "Debtors").[1] On March 15, 2018, the ResCap Liquidating Trust (the "Liquidating Trust," as

---

[1]    While the Uncashed Check has not been filed on the docket, the original Uncashed Check was provided to the Court with a copy of the Notice that Jackson mailed to the Court. (*See* Notice at 3.) A copy of the Uncashed

successor in interest to the Debtors, filed *The ResCap Liquidating Trust's Response to Notice to Reissue Expired Out Dated Check Funds Belonging to Corla Jackson GMAC Mortgage LLC Kept* (the "Response," ECF Doc. # 10492).

For the reasons set forth below, Jackson's Notice is **DENIED**.

## I. BACKGROUND[2]

### A. General Background

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). (*See* ECF Doc. # 59.)

On August 29, 2012, this Court entered an order (the "Bar Date Order," ECF Doc. # 1309) establishing, among other things, November 9, 2012 at 5:00 p.m. as the deadline to file proofs of claim by virtually all creditors against the Debtors, except by governmental units, and prescribed the form and manner for filing proofs of claim. (Bar Date Order ¶ 2.) On November 7, 2012, the Court entered an order extending that date to November 16, 2012 at 5:00 p.m. (the "Bar Date"). (*See* ECF Doc. # 2093.)

On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order," ECF Doc. # 6065) approving the terms of the Chapter 11 plan, as amended (the "Plan," Confirmation Order Ex. 1), filed in these Chapter 11 cases. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and the Plan was substantially consummated. (*See* ECF Doc. # 6137.)

---

Check was provided to counsel to the Liquidating Trust (as defined below), and the original Uncashed Check was returned to Jackson at Jackson's request. (*See* ECF Doc. # 10496.)
[2]    The following facts are taken from the Response.

The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. (*See* Plan, Art. VI.A–D; *see also* Confirmation Order ¶ 22.) Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. (*See* Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.)

**B.     Jackson's Loan History**

On May 26, 2004, Jackson obtained a home mortgage loan (the "Loan") from Option One Mortgage Corporation ("Option One") and executed a note (the "Note") in the amount of $240,000.00. (Resp. ¶ 14.) GMAC Mortgage was the servicer on the Loan, and was later assigned the Note by Option One. (*Id*.) The Note was secured by a mortgage on property located at 13230 Tom Gaston Road, Mobile, Alabama 36695-8658 (the "Property"). (*Id*.) On June 1, 2012, GMAC Mortgage, both servicer and owner of the Note, foreclosed upon the Property and purchased it at a non-judicial foreclosure sale. (*Id*. at ¶ 15.) In June 2012, GMAC Mortgage sent a notice of demand for possession of the Property in accordance with Alabama state law. (*Id*.)

The servicing of Jackson's Loan was later transferred to Ocwen Loan Servicing ("Ocwen") in connection with the sale of the Debtors' servicing platform in February of 2013. (*Id*. ¶ 16.) An order (*id*. Ex. A) granting GMAC Mortgage or its assigns possession of the Property was entered on February 22, 2017, in an action commenced in the Circuit Court of Mobile County, Alabama styled as *GMAC Mortgage v. Corla Jackson*, No. cv-2013-902219

(Cir. Ct. Ala. Mobile Cty). The pendency of the Eleventh Circuit Appeal discussed below appears to prevent Ocwen from taking possession of the Property. (*Id.* ¶ 16.)

### C. The Lawsuits and Expungement of Jackson's Claim

On January 18, 2012, Jackson commenced a lawsuit against GMAC Mortgage in Alabama state court, later removed to the United States District Court for the District of Alabama (the "Alabama District Court"), asserting numerous claims against the Debtors, including fraud, and styled as *Jackson v. GMAC Mortgage, LLC*, Civil Action No. 1:12-CV-00111-KD-B (the "District Court Action"). (*See* Debtors' Objection to Proof of Claim Filed by Corla Jackson (Claim No. 4443) (the "Claim Objection," ECF Doc. # 5100) ¶ 23.)

Following the filing of the Debtors' bankruptcy petitions, Jackson repeatedly sought relief from the stay to continue the District Court Action. Such requests were denied by this Court. (*See id.* ¶¶ 27–35; *see also* Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson (the "Memorandum Opinion," ECF Doc. # 6363) at 2–3.) In denying Jackson's requests for relief from stay, the "Court made clear to Ms. Jackson that she could file a proof of claim in this case . . . ." (Mem. Op. at 3 (quotation omitted).)

On November 9, 2012, Jackson timely filed a proof of claim (Proof of Claim No. 4443) against Debtors GMAC Mortgage and Residential Capital, LLC in the face amount of $100,000,000, asserting secured and unsecured claims (the "Jackson Claim"). (Resp. ¶ 18.) The Debtors filed the Claim Objection on September 18, 2013. (*See* Claim Obj.) As previously explained by the Court, the stated basis for the Jackson's Claim was: "They stole my identity [and] everything I owned causing major damages from 2005-2012 to date," and appeared to be predicated on the District Court Action. (Mem. Op. at 3–4.)

In the Memorandum Opinion, this Court sustained the Claim Objection and expunged the Jackson Claim, holding that the claim was barred by judicial estoppel and was lacking in merit. (*See* Mem. Op. at 19.)  In a Memorandum Opinion and Order dated October 8, 2014 (the "District Court Decision"), upon consideration of an appeal by Jackson of the Memorandum Opinion, the District Court for the Southern District of New York dismissed the appeal for lack of jurisdiction on account of Jackson's failure to timely file a notice of appeal, and concluded, for completeness, that the Court did not err in expunging Jackson's claim based on both judicial estoppel and the merits.  (*See Corla Jackson v. ResCap Borrower Claims Trust*, No. 14-cv-02427 (JGK) (S.D.N.Y. 2014).)  Jackson took an appeal of the District Court Decision to the Court of Appeals for the Second Circuit.  (*See Corla Jackson v. ResCap Borrower Claims Trust*, No. 14-4637 (2d Cir. 2014)). The appeal was ultimately dismissed on procedural grounds as a result of Jackson's repeated failure to comply with the briefing schedule and other deadlines set by the Court of Appeals.  (Resp. ¶ 24.)  Jackson took no further action in the Second Circuit and did not file a petition for certiorari, and as a result, the Memorandum Decision became a final order. (*Id.*)

On April 25, 2017, counsel to GMAC Mortgage filed in the District Court Action a status report regarding the bankruptcy stay (the "Status Report," Resp. Ex. B), appraising the Alabama District Court of the expungement of the Jackson Claim, the outcome of the subsequent appeals, and the entry by the Court of the Confirmation Order and the Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of the Plan and Confirmation Order (the "Procedures Order," ECF Doc. # 8303).  The Alabama District Court subsequently entered an Order on May 25, 2017, dismissing the case with prejudice (the "Dismissal Order," Resp. Ex. C) and concluding that the *res judicata* effect of the Memorandum

5

Decision and the discharge provisions of the Confirmation Order was dipositive of Jackson's claims in the District Court Action. (*Id.* ¶ 26.)

Jackson appealed the Dismissal Order to the Court of Appeals for the Eleventh Circuit, in an action styled *Corla Jackson v. GMAC Mortgage Corporation*, No. 17-12563-C (11th Cir. 2017) (the "Eleventh Circuit Appeal"). On July 13, 2017, the Trust as successor in interest to GMAC Mortgage, filed a Notice of Bankruptcy Status in the Eleventh Circuit Appeal (*id*. Ex. D), informing the Court of Appeals of the status of the Jackson Claim, the entry of the Confirmation Order and the Procedures Order, and the Liquidating Trust's intention to follow the processes approved in the Procedures Order for enforcing the Injunction Provisions of the Plan. (*Id.* ¶ 27.)

On February 1, 2018, upon consideration of Jackson's application to proceed *in forma pauperis,* and a separate motion filed by Jackson requesting the Court of Appeals to void all previous orders entered in the Alabama District Court and to grant Jackson a new trial, the Court of Appeals granted Jackson *in forma pauperis* status but denied the other motion. (*Id.* ¶ 28.) On that same day, a Memorandum (*id*. Ex. E) was filed in the appeal advising the parties of the appellate briefing schedule. (*Id.* ¶ 28.) According to the Memorandum, Jackson's opening brief was due on March 13, 2018. (*Id.*)

      D.      **Jackson's Notice**

By the *pro se* Notice, Jackson seeks the reissuance of the Uncashed Check by GMAC Mortgage. Jackson explains, among other allegations of fraud, that relief should be granted "because GMAC Mortgage . . . kept my money and destroyed my home, credit and more in reference to delayed settlement funds and claims to date . . . ." (Notice at 1.)

### E.     The Liquidating Trust's Response

The Liquidating Trust contends that Jackson's request should be denied because "[t]o the extent Movant believed she had a legitimate claim against the Debtors to the funds represented by the Uncashed Check that is dated over 6 years prior to the date of the commencement of the Chapter 11 Cases, Movant had a full and fair opportunity to assert this claim as part of the claims allowance process." (Resp. ¶ 2.)  Since Jackson did not do so, either in her November 9, 2012 proof of claim or in connection with a separate proof of claim, Jackson is now enjoined by the Bar Date Order, the final order of this Court expunging Jackson's proof of claim, and the provisions of the Plan and Confirmation Order from seeking any relief against the Debtors or the Liquidating Trust with respect to the Uncashed Check.  (*Id.*)[3]

## II.     LEGAL STANDARD

### A.     Disallowance of Claims Not Timely Filed

Section 502(b)(9) of the Bankruptcy Code empowers the court to disallow a claim with respect to which an objection has been filed if "proof of such claim is not timely filed."  11 U.S.C. § 502(b)(9).  However, because known creditors must be afforded notice "reasonably calculated, under all the circumstances to apprise" them of the pendency of the bar date, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), if a debtor that files for chapter 11 bankruptcy protection does not give "reasonable notice" to a creditor of the bankruptcy proceeding and of the applicable bar date, the creditor's proof of claim cannot be constitutionally discharged.  *In re U.S.H. Corp. of N.Y.*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998).

---

[3]     The Liquidating Trust specifies that "[t]he Trust does not have access to the bank records that would indicate whether the Uncashed Check cleared the amount from which it was issued and does not have the capacity to independently verify that the [sic] existence of the Uncashed Check.  For purposes of this Response, the Trust assumes that the Uncashed Check was issued and did not clear the account from which it was issued as alleged by Movant, but reserves all rights with respect to these issues." (Resp. ¶ 1 n.1.)

### B. The Releases Under the Bar Date Order, Plan and Confirmation Order

The Plan and Confirmation Order contain broad release provisions. Specifically, Article IX.I of the Plan provides, in relevant part:

> [A]ll Entities, including Investors, who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims[.]

Plan Art. IX.I; *see also* Confirmation Order ¶ 40. Under the Plan, the term "Released Party" is defined as "the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and Exculpated Party, or the property or Estate of any Entity so released, discharged or exculpated." Plan Art. I.A.243. The term "Released Claims" is defined as "Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged, terminated, or satisfied pursuant to the terms of the Plan; (ii) have been released pursuant to the Plan; or (iii) are subject to exculpation pursuant to the Plan." Plan Art. I.A.242. And the Plan specifically provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline

> SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT.

Plan Article VIII.B (emphasis in original). The Bar Date Order, which established November 9, 2012 as the deadline to file proofs of claim against the Debtors, later extended to November 16, 2012, similarly provides that any party that did not file a proof of claim

> [S]hall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim[.]

Bar Date Order ¶ 11.

### III.   DISCUSSION

As a preliminary matter, the Court notes that while Jackson seeks reissuance by GMAC Mortgage of the Uncashed Check, Jackson's Notice fails to provide any factual explanation as to the nature of the claim underlying the Uncashed Check or the reasons why Jackson failed or was unable, as the case may be, to cash the check before it became void, or why Jackson waited for more than 12 years after the Uncashed Check expired to seek relief. The Notice also fails to include any contentions of law or legal arguments on the basis of which the Uncashed Check should be reissued by GMAC Mortgage or the Liquidating Trust. The Court concludes that Jackson's Notice does not support granting the relief requested.

The Uncashed Check, issued to "Corla Jackson & Anthony" and "void after 60 days," is dated February 15, 2006, 6 years prior to the Petition Date on May 14, 2012. To the extent Jackson seeks to assert a prepetition claim, if any, against GMAC Mortgage or the Liquidating Trust for the claim underlying the Uncashed Check, Jackson was required to file a timely proof of claim in these Chapter 11 cases prior to the Bar Date on November 16, 2012. *See* 11 U.S.C. § 502(b)(9); ECF Doc. ## 1309, 2093. Jackson failed to file a timely proof of claim in relation with the Uncashed Check. Jackson had due notice of the Bar Date, as Jackson filed a timely proof of claim (Proof of Claim No. 4443) before the Bar Date—eventually expunged by this Court and which did not include any claim for or reference to the amounts purportedly due Jackson in connection with the Uncashed Check. Accordingly, Jackson's claim for the amounts

9

due under the Uncashed Check, if any, is deemed disallowed, discharged, released and expunged under the Bar Date Order, the Plan and the Confirmation Order, and Jackson is enjoined and precluded by the Bar Date Order, the Plan and the Confirmation Order from asserting such claim or commencing any action against the Debtors or the Liquidating Trust in connection with the Uncashed Check.  *See* Plan Articles VIII.B, IX.I; Bar Date Order ¶ 11.

### IV. CONCLUSION

For the foregoing reasons, Jackson's Notice to reissue the Uncashed Check is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 20, 2018

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge