**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER RESOLVING THE BORROWER TRUST'S OBJECTION TO PROOF OF CLAIM NO. 684 FILED BY BERNARD WARD AND COLLEEN HALLORAN**

This stipulation and order (the "Stipulation") is made and entered into between the ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and Bernard Ward and Colleen Halloran (the "Claimants", and together with the Borrower Trust, the "Parties"), through their respective counsel, to resolve the Proof of Claim (as such term is defined below).

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register"); and

**WHEREAS**, on or about September 24, 2012, the Claimants filed a proof of claim in the Chapter 11 Cases designated by KCC on the Claims Register as Claim No. 684 (the "Proof of Claim") which asserted a general unsecured claim against Debtor GMAC Mortgage LLC ("GMACM") in the amount of $1,000,000.00;

**WHEREAS**, on December 11, 2013, the Bankruptcy Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Borrower Trust was established [Docket No. 6137]; and

**WHEREAS,** the Plan provides for the creation and implementation of the Borrower Trust, which will, among other things, "direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement." See Plan, Art. IV.F. Further, pursuant to the Borrower Claims Trust Agreement:

> The Borrower Claims Trustee, or one or more Borrower Claims Trust Agents . . . shall be authorized to resolve, on behalf of the Borrower Claims Trust, all Disputed Borrower Claims without further Bankruptcy Court order . . . .

Borrower Claims Trust Agreement, Art. VI, § 6.2 [Docket No. 6136]; and

**WHEREAS**, on July 14, 2016, the Borrower Trust filed the *ResCap Borrower Claims Trust Objection to Claim No. 684 filed by Bernard Ward and Colleen Halloran* [Docket No. 9980] (the "Objection"), asserting that among other things, that the Proof of Claim did not state a valid prepetition claim against the Debtors; and

2

**WHEREAS,** on September 21, 2016, the Claimant filed a response to the Objection;

**WHEREAS**, on October 10, 2016, the Borrower Trust filed a reply in support of the Objection;

**WHEREAS**, on October 13, 2016, the Bankruptcy Court held a hearing on the Objection and denied the Objection without prejudice;

**WHEREAS**, on June 22, 2017, the Bankruptcy Court entered the *Case Management and Scheduling Order Regarding ResCap Borrower Claims Trust's Objection to Claim Number 684 Filed By Bernard Ward and Colleen Halloran* [Docket No. 10400] (the "Case Management Order"), which set discovery deadlines and required the Parties to submit a Joint Pretrial Conference order ahead of an evidentiary hearing;

**WHEREAS**, the Parties have negotiated a settlement of the Objection in good faith and at arms' length and executed and consummated a stipulation that amicably resolves the Proof of Claim and the Objection (the "Claim Settlement"); and

**WHEREAS**, the Parties no longer require the Bankruptcy Court's assistance to resolve the Objection;

**NOW, THEREFORE**, in consideration of the foregoing, the Parties, through their undersigned counsel, hereby stipulate and agree as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. The Parties acknowledge that the Claim Settlement memorializes the resolution of the Objection agreed upon by the Parties such that an evidentiary hearing on the Objection is no longer needed.

3.      The Parties are relieved of any further compliance with the Case Management Order.

4.      The Parties further acknowledge that nothing herein is intended to supersede the terms of the Claim Settlement.

5.      The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

6.      This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

7.      This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Bankruptcy Court.

[*Remainder of Page Intentionally Left Blank*]

8. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

Dated: April 19, 2018

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

Dated: April 19, 2018

/s/ Karen Stromeyer
Karen Stromeyer
Murphy, Pearson, Bradley & Feeney
88 Kearny Street
San Francisco, California 94108
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

*Counsel for Bernard Ward and Colleen Halloran*

**IT IS SO ORDERED.**

Dated: April 23, 2018
New York, New York

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge