# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

**LOLINA PORTER, *Pro Se***
***Claimant***
832 Monterey Rd.
Glendale, CA 91206
Telephone(Landline): (901)-347-0372
Telephone(Mobile)  : (818)-571-9092
E-Mail: arthinker@outlook.com/arthinker@yahoo.com

In re:                                    )
                                          )
**RESIDENTIAL CAPITAL, LLC** et al.       )    Case No. 12-12020-MG
                                          )
                            Debtors.      )    **Chapter 11**
                                          )
Address:                                  )    **Jointly Administered**
**Residential Capital, LLC**              )
**c/o ResCap Liquidating Trust**          )
**MORRISON & FOERSTER LLP 250**           )
**West 55th Street**                      )
**New York, New York 10019**              )
                                          )
                                          )
                                          )

**THE CLAIMANT PORTER'S RESPONSE TO RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE MOTION FILED BY LOLINA PORTER FOR LEAVE TO FILE PROOF OF CLAIM OUT OF TIME AND MOTION TO LITIGATE DEBTOR IN THE DISTRICT COURT FOR NON-DISCHARGEABILITY DETERMINATION**

To the Honorable United States Bankruptcy Court Judge Martin Glenn for the Southern District of New York Manhattan Division:

**The Claimant,** Lolina Porter, pro se, hereby respectfully and humbly submits this response (**the "Response"**) to the ResCap Borrower Claims Trust's Objection to the

Notice of Motion Filed by Lolina Porter for Leave to File Proof of Claim Out of Time and Motion to Litigate Debtor in the District Court for Non-dischargeability Determination **[Docket No. 10465] (the "Objection")** filed by the Counsel for the ResCap Borrower Claims Trust.

The ResCap Borrower Trust submitted their Objections [Docket No. 10465] to Lolina Porter's Notice of Motion for Leave to File Proof of Claim Out of Time and Motion to Litigate Debtor in the District Court for Non-dischargeability Determination. The ResCap Borrower Trust also recommended to the honorable Bankruptcy Judge that Movant/Claimant Porter's Motion be denied and Movant be barred from asserting any claims against the Debtor's estates.

The Claimant do hereby expresses her gratitude and thanks to the Honorable United States Bankruptcy Court Judge Glenn for granting her request of hearing in the Bankruptcy court and for allowing her to respond to the ResCap Borrower Claims Trust's Objection to the Motion Claimant Porter filed.

In conformity with the Official Bankruptcy Form 420A (Notice of Motion or Objection) (12/16), Claimant submits the following response:

I. **PRELIMINARY STATEMENT**

**Section 523(a)(2)(A) – Fraud (Non-Dischargeable Debt)**

Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from the discharge of any debt for money, property or services, to the extent such debt was obtained by false pretenses, a false representation, or actual fraud. **11 U.S.C. § 523(a)(2)(A).**

**Section 523(a)(2)(A)** requires a showing of actual fraud rather than constructive fraud or fraud implied in law. A claim of non-dischargeability under **Section 523(a)(2)(A)** requires the creditor establish each of the following elements:

1. the debtor made a representation;

2. the debtor knew at the time the representation was false;

3. the debtor made the representation with the intention and purpose of deceiving the creditor;

4. the creditor relied on the representation; and

5. the creditor sustained damage as the proximate result of the representation.

In re Apte, 96 F.3d 1319, 1322 (9th Cir. 1996); In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

**Section 523(a) (6)** provides that an individual may not be discharged from debt for **"willful and malicious injury"** by the debtor to another entity or to the property of another entity. **"Willful and malicious" does not require the creditor to prove that the debtor acted with intent to injure**. Rather, it requires only that the creditor prove that there was a **"wrongful act"** which was **"done intentionally"** and which **"necessarily produces harm"**, **"even absent proof of a specific intent to injure."**

In re Cecchini, 780 F.2d 1440, 1443 (9th Cir. 1986).

**Bankruptcy Rule 9006(b)(1) – Excusable Neglect (Allows Late Claim Filing)**

If it was a result of excusable neglect, and it listed four factors courts must consider when determining whether excusable neglect exists:

(1) the danger of prejudice to the non-moving party,

(2) the length of the delay and its potential impact on court proceedings,

(3) the reason for the delay, including whether it was within the movant's reasonable control, and

(4) whether the movant acted in good faith.

Additionally, it stated that excusable neglect is an equitable standard that requires courts to take "account of all relevant circumstances surrounding the party's omission". Claimant Porter being out of the US is excusable neglect for not responding in time, since she could not respond since she was out of the country

A motion for reconsideration is made pursuant to Federal Rule of Civil Procedure 60, as incorporated by Federal Rule of Bankruptcy Procedure 9024. Federal Rule of Civil Procedure 60(b) provides for reconsideration based on, among other things, (1) mistake, inadvertence, surprise, or **excusable neglect**; and (6) **any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) and (6).** "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice". United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "The **rule** is to be utilized only where **extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.**"

A bankruptcy court may extend the time for filing a notice of appeal for any party. Fed. R. Bankr. P. 8002(c)(1), an extension may be granted upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2).

## II. BACKGROUND

### a. Series of Events

1) **July 2009 – Sept 2011** (all throughout these times Claimant had to help her husband who suffered from ischemic stroke, drove her husband to his therapies for he lost his ability to remember a lot of words, dates, and stories of his past, and lost his ability to walk on top of managing her household with her youngest son who is going to a public elementary school.

2) **February 2010** (GMAC and its subsidiaries wrongfully foreclosed on Claimant Porter's property that was part of her family's livelihood while her husband was in and out of the hospital due to stroke)

3) **October 2010** (Claimant Filed Complaint against GMAC in the US District Court in Memphis, Tennessee)

4) **December 2010** (9 year old daughter got kidnapped in the Philippines, was retrieved after 7 days, Claimant filed a Criminal Kidnapping Case against the kidnapper)

5) **May 14, 2012** (GMAC filed Chap 11 BK, Claimant received notification)

6) **August 2013** (Claimant moved her daughter to Ireland's Christian Dormitory School named Wilson Hospital School as recommended by her Psychologist and prompted by Children's Social Services)

7) **December 11, 2013** (GMAC's Borrowers Claims Trust was established and notified claimants to file their claims) – Claimant did not receive this mail, hence, Claimant cannot respond, because she was out of the country.

8) **April 2014 – June 2017** (daughter still in Ireland until August 2014, Claimant travelled to Philippines to attend the Kidnapping hearing and also travelled to Mississippi)

9) **September 2014** (Claimant moved her daughter from Ireland to French Camp Academy in Mississippi USA, Claimant travels frequently to Mississippi in support of her daughter out of state)

10) **February 19, 2015** (GMAC's Liquidating Trust filed a motion to enforce injunction provisions of plan and confirmation order) - Claimant did not receive this mail, hence, Claimant cannot respond, because she was out of the CA State and was in TN and Mississippi most of the time.

11) **June 30, 2015** (GMAC's Trust claimed that Claimant was sent this letter the first time), Nov. 19, 2015 (GMAC's Trust claimed that Claimant was sent the same letter the second time), this letter is for them to ask Claimant to withdraw GMAC as Defendant from the filed complaint in the US District Court For The Western District of

- 6 -

Tennessee – Western Division. In both of these letters, GMAC **wrongfully claimed** that the **Claimant Porter's Filed Complaint was pending before the US District Court for the Southern District of California**. Claimant did not receive the first and second mail, hence she did not get a chance to open or even read these 2 letters at this time due to her out of CA State travel responsibilities with her daughter to Mississippi, and out of country travel responsibilities to attend the kidnapping case hearing in the Philippines.

12) January 2017, (when claimant's daughter has improved from Post Traumatic Stress Disorder (PTSD) and moved her daughter back to CA)

13) September 2017 (Claimant received the local court's Show Cause Order)

14) October 26, 2017 (Claimant personally filed a Show Cause Order Response and physically attended the Telephonic Court Hearing held at the local District Court in Western Tennessee. The District Court Judge asked Plaintiff Porter/Claimant if she was willing to voluntarily dismiss GMAC as Defendant in the Case No. 2:10-cv-2858-SHM-dkv, Plaintiff/Claimant in tears declined to voluntarily dismiss GMAC from the aforementioned Case filed by Claimant Porter as Pro Se Plaintiff). The Honorable District Court Judge Diane K. Vescovo directed GMAC to file their Supplemental

Briefing (See District Court Docket No. 65 of Case No. 2:10-cv-2858-SHM-dkv of the United States District Court For the Western District of Tennessee – Western Division (US DC for WDT – Western Div)).

15) November 20, 2017 (GMAC filed the Supplemental Briefing at US DC for WDT – Western Division)

16) December 7, 2017 – Plaintiff/Claimant Porter filed her response to the Supplemental Briefing.

The Complaint that Pro Se Plaintiff Porter (who is the Claimant in this Bankruptcy Case No. 12-12020 (MG)) filed in October 2010 **is meritorious**. Please see the complete Background in Porter's filed Motion to Allow Claims /*Motion For Leave To File Proof of Claim*, Motion to Authorize /*Motion to Allow Claimant To Continue To Litigate Debtor In The District Court* **[Docket#10451]**.

### III. CONCLUSION

a. Claimant Lolina Porter as the Borrower, was harmed deeply when GMAC Homecomings LLC promised a Loan Modification to the claimant on her livelihood rental real property located at 6131 Woodstock View Rd. Millington TN 38053, kept the Claimant/Borrower hoping for that modification yet, GMAC sold the servicing of the loan to Aurora Loan Services.

b. Aurora Loan Servicing with GMAC's knowledge played around with their scheme to intentionally create a scenario where Claimant Porter (Borrower at that time) was setup to default in the loan, even though Claimant has paid what was asked and required, followed through with the instructions from Aurora Loan Services, gave all necessary information over the phone during the interview portion yet, entered a wrong information in their system to setup the Claimant to fail, which was what GMAC & Aurora Loan Services intended to so that they can foreclose on the subject real property, GMAC's Homecomings Financial LLC to collect from the Private Mortgage Insurance (PMI), and Aurora Loan Services to buy the property at foreclosure sale and sell it at a very low price for additional gain.

c. **Inspired by hurt, feeling deceived, lost a livelihood, yet cannot afford an attorney**; the Claimant filed a complaint at the Local District Court as Pro Se. The Claimant was praying and hoping to be heard by the Judge then. However, none of the Defendants attended the first hearing set by the Local Court in Memphis, TN.

d. Nonetheless, Claimant's desire to seek justice from the court to reveal the **"wrongful act"** which was **"done intentionally"** and which **"necessarily produces harm"**- the harm from the fraud GMAC and its subsidiaries has done to the Claimant and her family did not stop right then.

e. Being out of the US for so many times from 2012 through 2017 to attend to the kidnapping case in the Philippines, and to secure her daughter's life, education and safety in Ireland as well as afterwards out of CA state into

Mississippi state, the Claimant strongly believe that these are valid **excusable neglect for not responding in time**.

f. Claimant's priority shifted due to kidnapping impact to her daughter and to her family during those years. However, Claimant Porter never quits in her heart, mind and soul to continue the fight she started about fraud caused by GMAC and their subsidiaries, because she strongly believe, that aside for her case, there are many other Borrowers out there who were harmed by the Debtor and that this **fraud GMAC committed is a non-dischargeable debt in the US Bankruptcy Law – Section 523(a)(2)(A) – Fraud.**

## IV. WHEREFORE, PREMISES CONSIDERED, CLAIMANT PRAYS:

1) For this Honorable Bankruptcy Court to forgive the Claimant, for she has no intentions of disrespecting the bankruptcy court rules and expectations as the Claimant had a family emergency when her then 9 year old daughter who was kidnapped, was retrieved by the police but suffered Post Traumatic Stress Disorder (PTSD), that the Claimant had to drop everything including working full-time as a Software Engineer just to help her daughter cope with emotional and mental disorder after kidnapping which resulted in the Claimant's need for frequent travels to Ireland, Philippines and Mississippi.

2) For this Honorable Bankruptcy Court to acknowledge Claimant's statement that only in or around September 22, 2017 is when the Claimant first received and read the Order Granting ResCap Liquidating Trust's Omnibus Motion To Enforce Injunctive Provisions of Plan and Confirmation Order with the List of Litigation Parties.

However, the Claimant is not disputing the dates GMAC claimed to have sent the same document to her mailing address.

3) For this Honorable Bankruptcy Court to allow the Claimant to learn if US Bankruptcy Law was created also to protect, and relieve an entity such as GMAC from being punished for "imposing unfair and abusive loan terms on borrowers" or "predatory lending", or for "**willful and malicious injury**" and that they can walk away without being responsible for the wrong actions made by them which caused a lot of family in distressed, felt violated, and deceived for the Debtor's greater gain.

4) For this Honorable Bankruptcy Court to order GMAC to pay Compensatory Damages to Claimant, which are intended to restore what Claimant has lost as a result of GMAC's "**willful and malicious wrongful conduct**" in foreclosing the property that is part of her livelihood.

5) For this Honorable Bankruptcy Court to order GMAC to pay the Loss of Rents from the time they foreclosed the subject property until the civil case in the District Court is settled.

6) For this Honorable Bankruptcy Court to order GMAC to pay the Plaintiff all PMI premiums that they have collected for the Private Mortgage Insurance that Plaintiff was paying per month since the Loan Origination with Homecomings Financials/GMAC with reasonable interest based on each year's prevailing rate since that payment started until the civil case in the District Court is settled

7) For this Honorable Bankruptcy Court to order GMAC to pay all monies, down payments, mortgage payments, interest and all monies received by Homecomings Financials, and Aurora Loan Services from the Claimant from the Loan Origination time until Aurora Loan Services, LLC foreclosed the subject property on behalf of Homecomings Financials/GMAC with reasonable interest until this case is settled.

8) For this Honorable Bankruptcy Court to order GMAC to Quiet Title the alleged Wrongfully Foreclosed Property located at 6131 Woodstock View Dr. Millington, TN 38053 back to the Claimant free and clear since Claimant was the one who paid all the premiums for the Private Mortgage Insurance where GMAC and its servicer Aurora Loan Services LLS (who no longer exist to this day as a company) is the one who benefited from the Claimant's paid premium Private Mortgage Insurance. This is so that Claimant can maintain the house and repair it back to where it will not be an empty, dilapidated structure where possible drug users may use as their hideout and to protect the surrounding community.

9) For this Honorable Bankruptcy Court to grant Claimant Leave to File Proof of Claim Out of Time due to **Excusable Neglect** as stated in the Claimant's Conclusion that Claimant was out of the Country frequently during those times.

10) For this Honorable Bankruptcy Court to grant Claimant to Continue to Litigate Debtor as Defendant in the civil case filed prior to the Debtor Filing its Chapter 11 Bankruptcy in the US District Court for further determination if the Porter's claims against the debtor is a **"dischargeable debt"** or **"non-dischargeable debt"** pursuant to 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c).

**11)** For this Honorable Bankruptcy Court to schedule a hearing if necessary that the Claimant may be able to explain her position. **(Granted** – Schedule of Hearing is on May 8, 2018 @ 10AM**)**

12) For such further and other relief as to which the Claimant may be entitled that this Honorable Bankruptcy Court may judge appropriately.

13) For help that the truth & fairness may prevail in the United States District and Bankruptcy Courts.

So help the truth and fairness to prevail O God.

**RESPECTFULLY SUBMITTED: This 23rd day of April in the year, 2018 .**

BY: _____,

**LOLINA PORTER, pro se
Claimant**
832 Monterey Rd.
Glendale, CA 91206
Telephone(Landline):     (901)-347-0372
Telephone(Mobile)   :    (818)-571-9092

Claimant Porter's Response to Debtor's ResCap Borrower Claims Trust's Objection to The Motion Filed by Claimant Porter on GMAC's BK Case#: 12-12020-MG

STATE OF ~~NEW YORK~~ *California*

COUNTY OF ~~NEW YORK~~ *Los Angeles*

I, Lolina Porter, hereby state under oath that the facts and allegations of the complaint filed herein, and the facts and matters set forth are true and correct to the best of my knowledge, information, and belief, and that I am justly entitled to the relief sought.

*[signature]*

LOLINA PORTER

Sworn and subscribed to before me this the 23 day of April, 2018.

LAUREL PAVONE
COMM. #2188799
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Apr. 25, 2021

Notary Public

- 14 -

Claimant Porter's Response to Debtor's ResCap Borrower Claims Trust's Objection to The Motion Filed by Claimant Porter on GMAC's BK Case#: 12-12020-MG

# Certificate of Service

**THE CLAIMANT PORTER'S RESPONSE TO RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE MOTION FILED BY LOLINA PORTER FOR LEAVE TO FILE PROOF OF CLAIM OUT OF TIME AND MOTION TO LITIGATE DEBTOR IN THE DISTRICT COURT FOR NON-DISCHARGEABILITY DETERMINATION**

**Claimant:**
**Lolina Porter**
832 Monterey Rd.
Glendale, CA 91206
(818)-571-9092
Email: arthinker@yahoo.com

**To be delivered to:**
**Honorable Judge Martin Glenn**
**US Bankruptcy Court**
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Via United Parcel Service

Via E-Mail to **Deanna_Anderson@nysb.uscourts.gov**
**Courtroom Deputy to the Honorable Martin Glenn**

**Norman Rosenbaum**
**Morrison & Foerster LLP**
ResCap Borrower Claims Trust
250 West 55th Street
New York, NY 10019-9601
Via United Parcel Service

Via E-Mail to **NRosenbaum@mofo.com**
**Norman Rosenbaum, Morrison & Foerster LLP**