Robynne Ariel Fauley
12125 SE Laughing Water Rd.
Sandy, Or 97055
503 381-6937
robynneafauley@gmail.com

By Overnight Delivery



Hon. Martin Glenn, USBJ
United States Bankruptcy Court
Souther District of New York
One Bowling Green
New York, New York 1004-1408

Re: In re Residential Capital, LLC

## UNITED STATES BANKRUPTCY COURT
## OF SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Residential Capital, LL, et al,<br>Debtors | Case No. 12-12020 (MG) |
| Robynne A. Fauley | |

## _MOTION - RESPONSE TO CONTINUE AND STAY_

Your Honor Judge Glenn,

This is a response from Pro Se Creditor Robynne A. Fauley concerning your Order Denying Notice of Conflicts of Interest, Fraud and Fraud, upon the court. Thank you for your response. Your honor. *I did NOT in fact, file a motion*, I filed an answer to the Morrison & Foerster LLP,'s response to our NOTICE. I did however mention that I requested damages in those answers, filed in response to Morrison and Foresters response. I am not sure how this order to deny was filed, I had written to *notify the court of my documents to ask permission to be accepted to file a motion into the court* and to ask for council to be appointed due to the need of an attorney, and a cancer disability. This is what I have been waiting on your Honor, your response for permission to file, and the request of council. Not being an attorney I do not understand the proper of the court or filings and lack the skills of such. I understand, I will not receive counsel now. The court has noted but not addressed the documents presented to the court. You have stated that we were deficient in not compelling or requesting, ( again *as we did not in fact file a motion.)* I am now filing this motion presenting claims against the trust of ongoing injuries and damages by Residential Funding Co. LLC, which does include criminal acts, forgery and fraud.

I am seeking the court clearly to accept my request for a decision in this matter. I believe that I did show in my documents, (placed into the courts care,) that Residential funding, illegally transferred my property to LNV, I am asking for the Court to pursue this and provide me proof of Residential fundings paperwork and activities as well as provide me a release of note, along with information showing, how they obtained my

property and how this was transferred to LNV legally. The chain of title was broken

before it arrived to Residential funding, therefore they could never then transfer it to

LNV. I am asking for a claw back and release of mortgage and note. I am requesting

Residential Funding Co, LLC, along with LNV, to communicate to the court, your honor

and myself, how this could have transpired or occurred, according to the documents I

have relayed to the court. I believe that due to RFC, LLC's actions and paperwork, LNV

has illegally pursued foreclosures based on these documents. I have and am challenging

the authenticity of them, along with visual disclosure, with these two parties before you

your honor. I am also asking for Residential Funding Co. LLC, and LNV to produce the

original note, they have always told the courts that they have, and or mortgage, (what

ever Mr Beal aka LNV,) has stated they had obtained and used to foreclose on my

property, (12125 SE Laughing Water Rd. Sandy, Or 97055.) Please note all this in

Exhibit 1.


Mr. Beal has been convicted by the IRS for sham companies, and this case,

Southgate Master Fund, llc v United States 659 F. 3d 466 ( 5th circuit 2011) and Belmont

Investments, L.L.C v United States 679F.3d339 ( 5th Circuit 2012 ) , the IRS, shows how

he defrauded homeowners with sham companies and laundered proceeds with these

fraudulent activities over seas with his sham companies. Sham companies were once

again used along with Residential Funding LLC. Please note complicit similar illegal

actions with Residential funding in my documents, also shown the Eight in house emails.

Then falsely recorded in my County Records.

I am requesting the court to compel Residential funding to provide the information on this illegal transfer, or I would ask discovery in order to open an order of discovery, to show how they could possibly transfer this with a broken chain and documents that warrant serious attention from someone who understands this type of white collar crime. I am asking to open this in order to end this.

Your honor please address the documents that I sent with my notice and previous exhibits, and allow an order to compel records in the Residential funding and the transfer of my property to LNV. If your honor were to find these facts in truth as I have presented before and now. I am asking to remove the assignment out of my land records, or file a release of mortgage and then send me the canceled records. I am requesting relief from Perkins Coie, I am filing bar complaints, due to this bankruptcy information (which I just discovered in December 2017), on PC attorneys for conflict of interest,  false declarations before the courts, with fabricated documents, shortly. Eric Haynie should have recused himself as a PC attorney, in court after court. He was aware of this Res cap decision and that they were to no longer use these fabricated documents after that decision. They were not the disinterested party they claimed they were before the court.

M & F attorneys state with the passing of the deadline for filing, administrative claims, any post petition wrongful acts, are no longer answerable. However since that time, LNV has been using the Residential Funding Co. LLC. sales of assets, against my home and property , to by pass the bankruptcy fraud,  and to otherwise launder invalid claims for the purpose of foreclosing on me, in multiple courts year after year.. Defendants own

documents raise serious doubts as to the validity of the Note, DOT, and assignments that
are the subject of this action.

Although I do not have an attorney, I am submitting what my first attorney
presented before the court in 2013, as it contains my information that I gave to him, and
relates to this matter. The  is case I have sent supports this. and I have also sent many
helpful pieces of evidence previously to the court that also support this. Judge Acosta
stated in his opinion and ruling, that there was more to pursue, when Judge Mossman
suddenly took the case and dismissed it, much to the shock of my attorney at the time,
I have been in court for over five years, and can not afford one at this time due to the all
the ongoing expenses of attorneys, and  $ 2,500.00 supersedes bond, I pay each month to
the court and which is greatly accumulated to be distributed shortly. In those days I do
not believe that courts knew that Banks were participating in fraud. They accepted
documents and declarations presented by Perkins Coie as authentic, however they were
not. Nor did Perkins Coie dismiss them selves from any of my cases not even currently.
in State court, with an illegal sheriff sale.  Now we understand and see banks on a regular
basis are paying out penalties quietly behind the scenes for exactly this type of crime
admitting they did illegal actions like mine.. Its a mere pittance compared to what they
have made and continue to make in the same dishonest manners. Homeowners receive
nothing but the loss of their homes in this great greed.

I now present my motion, or would that be a re petition to re consider, since a motion was never filed? I am presenting my first and only motion to your court before your Honor.

I thank you for a response, in order to get a ruling or a schedule formally on this motion. I appreciate your time in rehearing and reconsidering my request in this matter, which has so dreadfully affected my life for so many, many, many years, and which has some how continuously demanded my continuous efforts in order to reach the accurate truth, despite I have been compelled against all rationality.

With these tremendous expenditures and grief, I will finally once and for all, stop pursuing this, if you will examine this, with your knowledge of these transactions and the evaluation of these facts that I believe YOU understand. These opposing parties have passed documents on to the court that were questionable, and the past judges trusted as authentic.

I am clearly asking for financial damages as well, for the last five and one half years of non stop court litigation, finances with attorneys, over $120,000.00, may your Honor as well, recognize that I have paid over 12 years of monthly payments on this property, along with a $60,000.00 deposit, down at the purchase, I have spent a great amount of time away from my family and my life constantly fighting their vexatious (and half of the un necessary court appearances, to purposely drain my finances), court and foreclosures, loss of income and credit, anxiety depression, and currently having cancer. After two weeks ago, being taken to a hospital in an ambulance with heart issues and

hospitalization, due to the ongoing stress of LNV,  and they about to evict me from my

home in a few months. It is truly a great suffering and misery, since I can not even sit

down or rest in my home all these years, each and every day.  I have had three surgeries

with cancer treatments all this last year while LNV, had worked hard, to put an illegal 10

day eviction notice on my home, two days after my breast cancer surgery, during my

immediate recovery and then refused even a short stay.


### CONCLUSION.


Your Honor, I ask you to please evaluate the documents and accept this motion. In

lieu of  all of this suffering, at least prove and substantiate that *they did in fact have the*

*legal right to put me through all this harm*. I can not reverse the loss involved here in any

realistic way and they can not possibly return all that has been lost, but you your Honor,

can clarify this matter once and for all, and could put a stop this illegal unending

dishonesty and greed. You can help the strong from being bullied and stop the stealing

from the small in this world. Justice can be obtained with perseverance, even if for only

one more person.


DATED  this 24th day of April, 2018.

ROBYNNE A. FAULEY
12125 SE. Laughing Water Rd,
Sandy, Or, 97055
( 503) 381-6937
Email: robynneafauley@gmail.com

CC: Morrison & Foerster LLC
250 West 55th Street
New York, New York, 10019
Telephone ( 212) 468-8000
Norman S. Rosenbaum..


ROBYNNE A. FAULEY
Robynne Ariel Fauley
12125 SE Laughing Water Rd.
Sandy, Or 97055
503 381-6937
robynneafauley@gmail.com


## EXHIBIT ONE


Attached as an exhibit is # 1


## Case # 3:13-cv-00581-AC


## LR-7-1 CERTIFICATION

## Document 59 of 3:13-cv-00581 MO

David P. Smith, OSB #96430
The Smith Firm, P.C.
1754 Willamette Falls Dr.
West Linn, OR 97068
P:   503-657-6550
F:   866-710-0666
E:   dave@thesmithfirmpc.com
Attorney for Plaintiff Robynne A. Fauley



RECEIVED

APR 27 2018

U.S. BANKRUPTCY COURT, SDNY

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBYNNE A. FAULEY**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**WASHINGTON MUTUAL BANK, FA;**<br>**RESIDENTIAL FUNDING COMPANY,**<br>**LLC; DEUTSCHE BANK TRUST**<br>**COMPANY AMERICAS AS TRUSTEE;**<br>**LNV CORPORATION; and DOES 1-20,**<br><br>Defendants. | Case No. 3:13-cv-00581-AC<br><br>**PLAINTIFFS' MEMORANDUM IN**<br>**OPPOSITION TO DEFENDANTS LNV**<br>**CORPORATION'S AND DEUTSCHE BANK**<br>**TRUST COMPANY AMERICA'S MOTIONS**<br>**TO DISMISS PLAINTIFF'S AMENDED**<br>**COMPLAINT** |

### LR 7-1 CERTIFICATION

Counsel for Plaintiff hereby certifies that he made a good faith effort to confer with

Defendants' counsel regarding their motions, but the parties could not resolve the motions.

### OPPOSITION TO MOTIONS

Plaintiff Robynne A. Fauley ("Plaintiff"), by and through the undersigned counsel files

her Memorandum in Opposition to both Defendant LNV Corporation's ("LNV") and Defendant

Deutsche Bank Trust Company America's ("DBTCA") Motions to Dismiss Plaintiff's Amended

Complaint. This is the second motion to dismiss of LNV. The First motion raised the identical

Page 1 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

arguments that are asserted in the instant motion, and was granted in part, with leave to amend, as provided for in the Court's February 19, 2014 Findings & Recommendations ("F&R"). As instructed by the court, Plaintiff amended her pleading, yet Defendants are now taking yet a second bite at the apple, and in asking the Court to Dismiss the Amended Pleading, Defendants are impliedly arguing that the Court's F&R was incorrect to begin with. In this regard, Defendant does not raise a single argument in its current Motion that was not raised in the initial Motion.

Defendant DBTCA's Motion to Dismiss should be stricken, and in the alternative, denied. Defendant DBTCA, on April 11, 2013, filed an Answer and Affirmative Defenses to Plaintiff's original complaint. It did not make any motions to dismiss, and the claims against it were not subject to the Court's F&R. As a result, Plaintiff did not amend its claims as to Defendant DBTCA, and Defendant DBTCA waived any FRCP 12(b)(6) Motions by not having filed them against the original complaint. FRCP 12 (b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.")

Plaintiff respectfully asks the Court to deny Movants' Motion to Dismiss and requests that in the event that Movants' Motion to Dismiss is granted, then Plaintiff requests leave to amend its Complaint.

THE SMITH FIRM, P.C.
Attorneys at Law
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

# TABLE OF CONTENTS

I.  Introduction……………………………………………………………………6

II.  Points and Authorities……………………………………………………………8

III.  Conclusion……………………………………………………………………29

# TABLE OF CASES AND AUTHORITIES

FRCP 12(b)(6)……………………………………………………………………2, 8

Brunette v. Human Society of Ventura County, 294 F3d 1205, 1209 (9th Cir.) 2002…………..8

SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,
88 F3d 780, 783 (9th Cir. 1996)…………………………………………………8

McGary v. City of Portland, 386 F3d 1259, 1261 (9th Cir. 2004)
Federal Rules of Civil Procedure, Rule 8(a)……………………………………………8

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)………..9

Conley v. Gibson, (1957) 355 US 41, 45-46, 78 S.Ct. 99; Parks School of Business, Inc.
v. Symington, (9th Cir. 1995) 51 F3d 1480, 1484; In re Stac Elecs. Sec. Litig.,
89 F.3d 1399, 1403 (9th Cir. 1996)…………………………………………………9

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)………………9

Southgate Master Fund, LLC v. United States, 659 F. 3d 466  (5th Cir. 2011)………………12

Bemont Investments, L.L.C. v. United States, 679 F.3d 339 (5th Cir. 2012)………………12

Meyers v. Johanningmeier, 735 P.2d 206, 207 (Colo.App.1987)……………………………14

Akins v. Vermast, 150 Or.App. 236, 945 P.2d 640, 643 n. 7,
adhered to on reconsideration, 151 Or.App. 422, 950 P.2d 907 (1997)……………………14

Bennion Ins. Co. v. 1st OK Corp., 571 P.2d 1339, 1341-42 (Utah 1977)……………………14

Chaney v. Fields Chevrolet Co., 264 Or 21, 27, 503 P2d 1239 (1972)……………………16, 23

ORS § 646.638(6)……………………………………………………………………16

Raudebaugh v. Action Pest Control, Inc., 59 Or App 166, 171, 650 P2d 1006 (1982)
(citing Wolverton v. Stanwood, 278 Or 341, 345, 563 P2d 1203 (1977))……………………17

Page 3 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
Attorneys at Law
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Weigel v. Ron Tonkin Chevrolet Co., 298 Or 127, 134, 690 P2d 488 (1984)................17, 19

State ex rel. Redden v. Discount Fabrics, Inc., 289 Or 375, 386 n 8,
615 P2d 1034 (1980)................................................................................17, 18

ORS 646.638(1)...................................................................................17, 19

ORS 646.605(10)......................................................................................17

Luedeman v. Tri-West Constr. Co., 39 Or App 401, 404, 592 P2d 281 (1979)...................18

Sherrod v. Holzshuh, 274 Or 327, 330, 546 P2d 470 (1976)........................................18

Heierman v. Murray & Holt Motors, Inc., 44 Or App 341, 345, 605 P2d 1359 (1980)...........18

Scott v. Western International Surplus Sales, Inc., 267 Or 512, 515,
517 P2d 661 (1973)..................................................................................19

Crooks v. Pay Less Drug Stores Nw., Inc., 285 Or 481, 592 P2d 196 (1979).....................19

Paul v. Providence Health System-Oregon, 237 Or App 584, 602,
240 P3d 1110 (2010).................................................................................19

ORS 646.608(1)(f)...................................................................................19

Brandrup v. ReconTrust Co., N.A., 353 Or 688, 2013 WL 2446517 (June 6, 2013)..........20, 25

Niday v. GMAC Mortgage, LLC, 352 Or 648, 2013 WL 24467524...........................20, 25

FRCP 9(b).......................................................................................20, 21

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1296
(3d ed 2004) (supplemented periodically)...........................................................21

Allen v. Oregon Steel Mills, Inc., 1988 WL 159178 (D Or Dec 7, 1988)
(unreported case) (citing Deutsch v. Flannery, 823 F2d 1361 (9th Cir 1987)).....................21

Rembold v. Pacific First Federal Sav. Bank, 1989 US Dist LEXIS 3953 at *13,
1989 WL 35914 (D Or Apr 7, 1989) (unreported case) (citing Semegen v. Weidner,
780 F2d 727, 731 (9th Cir 1985))....................................................................21

Webb v. Clark, 274 Or 387, 391, 546 P2d 1078 (1976).............................................21

Johnson v. Mel-Ken Motors, 134 Or App 81, 89, 894 P2d 540 (1995).............................21

Page 4 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Wool v. Tandem Computers, Inc., 818 F2d 1433, 1439 (9th Cir. 1987)
(citing Semegen v. Weidner, 780 F2d 727, 734-35 (9th Cir. 1985))..............................21

Rembold 1989 US Dist LEXIS 3953, at *12.........................................................21

Rembold 1989 US Dist LEXIS 3953, at **12–13 (quoting SEC v. Seaboard Corp.,
677 F2d 1315, 1316 (9th Cir 1982))...............................................................21

ORS 12.110(1).......................................................................................22

ORS 12.040(4).......................................................................................22

Mathies v. Hoeck, 284 Or 539, 588 P2d 1 (1978)..................................................22

Bramel v. Brandt, 190 Or App 432, 79 P3d 375 (2003), rev den, 336 Or 509,
87 P3d 1136 (2004)............................................................................22, 23

Keller v. Armstrong World Industries, Inc., 197 Or App 450, 464 (2005)........................23

Gaston v. Parsons, 318 Or 247, 256..................................................................23

Ward v. Jarnport, 466, 469 (1992)....................................................................23

ORS 74.2110..........................................................................................24

ORS 73.0302 [1961 c.726 §74.2110 (Bank as holder in due course); 1993 c.545 §94]...........24

ORS 73.0303..........................................................................................24

ORS 73.0305..........................................................................................25

Reeves v. ReconTrust Co., N.A., 846 F. Supp., 1149 (D. Or. 2102)...............................26

Brodie v. Northwest Trustee Services, Inc., 2012 WL 6192723 (E.D. Wash., 2012)..............26

ORS 28.020...........................................................................................27

ORS 28.050...........................................................................................27

ORS 28.030...........................................................................................27

Barnett v. BAC Home Loan Servicing, L.P. (2011) 772 F Supp2d 1328............................28

THE SMITH FIRM, P.C.
Attorneys at Law
1734 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

# I.    INTRODUCTION

### A.    The True Lender was Omitted, Which Created an Invalid Lien.

The quickest way to resolve this dispute would be to have the Defendant LNV produce the cancelled check or copy of the wire transfer that unequivocally puts all of Plaintiff's arguments to rest; however, that will never happen. If anyone ever came into court saying I lent so and so $250,000 and I want it back, most if not all courts would say, do you have a copy of the cancelled check or wire transfer? The origination funds used for the purported Note came from another undisclosed source commonly responsible for what is referred to as a warehouse line of credit that funds transactions originated by companies like Movants, rendering the actual indebtedness to the Note uncertain.

Because the transaction was not funded directly by Washington Mutual Bank, N.A. ("WaMu") and rather was funded by an undisclosed party who was not yet mentioned on the Note and Mortgage, Movant LNV, as the purported owner (by way of assignment) of the loan, could not conceivably be the lender/creditor, which means that the **real creditor** was outside the transaction. Thus, a satisfaction of the obligation could only be given by or on behalf of the undisclosed creditor. By definition there is no way of knowing, but for off-record communication, who to go to for a satisfaction. Factually, the Promissory Note was a falsehood. And therefore, the "Security Instrument," which misstates the terms itself, is based upon a document that does not properly recite the terms of repayment.

The Security Instrument does not properly recite the terms of repayment because: (1) it fails to provide the real name of the creditor/lender, and (2) it does not include all the terms and parties to the deal. In fact, even before the loan was issued, the defendant assigned the note and deed of trust to a third party. Because the name of the real creditor/lender was undisclosed and because WaMu was falsely placed in their stead, there is no real party on the side of the lender,

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

in terms of on-record activity. This results in the lien being either imperfect or never perfected. This conclusion is unavoidable based upon the factual assumptions made here.

The payee identified on the Note is not the party to whom the money is owed, a fact and material disclosure purposefully omitted from the Plaintiff. The terms of repayment to the real payee on the obligation were subject to documents that were/are very different from the note and included multiple third parties, many of whom must pay the payments or the principal due on the obligation without regard to any actual default by the borrowers. These facts and material disclosures were also purposefully omitted from the Plaintiff.

A Note is a contract to repay borrowed money. It is a negotiable instrument governed by Article 3 of the Uniform Commercial Code (UCC). The Note, by itself, is an unsecured debt negotiated by endorsement or by transfer and delivery. It is a separate legal document from the Deed of Trust. A Deed of Trust is a lien on real estate and a security agreement. It creates a lien on the real estate as collateral for a debt, but it does not create the debt itself. The rights created by a Deed of Trust are classified as real property and these instruments are governed by local real estate law in each jurisdiction. Because the alleged Note and Deed of Trust failed to name the real Creditor/Lender, the Deed of Trust is not perfected and thus cannot secure the Note. Plaintiff alleges no lawful secured lien is in existence and seeks to remove any potential cloud that exists over Plaintiff's property.

**B.    Even if the Note and Deed of Trust were Perfected, the Assignments Recorded by the Successors/Purchasers Show that LNV Cannot Prove Ownership of the Plaintiff's Loan.**

What would also go a long way to putting this case at rest is LNV demonstrating a clear chain of title to its ownership of the Note and Deed of Trust, but as alleged in the Complaint, the documents filed by LNV to purportedly document its ownership of the loan are nothing more than illusory and fabricated documents, which on their face are unenforceable and highly suspicious.

Page 7 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

None of the Movants possess lawful title to the subject property nor do they have lawful authority to transfer, grant, sell or convey any rights, title, interest, and liens owned or held by any other party. As a result, any such transfer filed within county records is unlawful and/or void. As a result of Movant's actions, Plaintiff suffered significant injury to its property or business.

## II.    POINTS AND AUTHORITIES

### A.    STANDARDS FOR DETERMINATION OF MOTION TO DISMISS

In deciding an FRCP 12(b)(6) motion to dismiss, "[a]ll factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in favor of [plaintiff]." *Brunette v. Human Society of Ventura County*, 294 F3d 1205, 1209 (9th Cir.) 2002 ("*Brunette v. Humane Society*"). Generally, dismissal for failure to state a claim under FRCP 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim" that would entitle the plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F3d 780, 783 (9th Cir. 1996) (citation omitted). Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *McGary v. City of Portland*, 386 F3d 1259, 1261 (9th Cir. 2004) (citation omitted).

The standard for dismissal incorporates and must be viewed in light of the simplified pleading standards embodied in the Federal Rules of Civil Procedure, Rule 8(a). See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). According to Rule 8(a)(2), a complaint must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting Conley, 355 U.S. at 47).

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, (1957) 355 US 41, 45-46, 78 S.Ct. 99; *Parks School of Business, Inc. v. Symington*, (9th Cir. 1995) 51 F3d 1480, 1484; *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); and *see Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion).

## B.   FACTS

On page 7 of LNV's Motion, it attempts to dramatically oversimplify the history of the subject loan, and makes material omissions regarding the various transfers and assignments. The history obtained thus far is discussed in this memorandum, again, as a result of Defendants' Motions, but the court noted in its F&R that this is not a case of a simple transfer of a loan, and stated *"[a]t that point, the chain of title for the DOT becomes muddled."* (F&R, at 2, emphasis added)

### 1.   Plaintiff denies ever receiving $330,000 from Washington Mutual Bank, FA.

Plaintiff denies ever receiving $330,000 from Defendant Washington Mutual Bank, FA ("WaMu"), the named Lender on both the subject Note and Deed of Trust. As alleged in the Amended Complaint, on or about June 12, 2002, Plaintiff offered to enter into contracts identified as the Note(s) ("Note") and Deed of Trust(s) ("DOT"), to obtain a loan in the amount of $330,000 from WaMu; however, their acceptance was different than what Plaintiff had offered, and Plaintiff did not receive consideration for the contract. (Sec. Am. Compl. ¶ 9).

In addition and most importantly, no evidence exists of the Plaintiff ever receiving the sum of $330,000 directly from Defendant WaMu nor is there any evidence of Defendant WaMu ever directly funding the subject transaction.

Page 9 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

**2.     Even if Proof of Funding from WaMu existed, the Recorded Assignments, which were Fraudulently Obtained and Signed, Demonstrate that LNV Cannot Claim Ownership of Plaintiff's Loan.**

On or about June 12, 2002, before the DOT had even been recorded, a "Note Allonge" was purportedly prepared and signed by an entity that was not a party to the transaction with the following signature block:

> Defendant Deutsche Bank Trust Company Americas, as Trustee Company FKA Bankers Trust Company of California, N.A., as Trustee Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in-Fact.

A person by the name of Michael Mead purportedly signed it calling himself "Limited Signing Officer." The Allonge states that the loan is to be made part of the Note itself, and modifies the note as follows: "Pay to the order of Residential Funding Company, LLC…" **The Allonge was done without Plaintiff's knowledge, consent, or signature.** Plaintiff had never even heard of DBTCA in the loan transaction. The Note Allonge is attached as Exhibit "C" to the Amended Complaint (Sec. Am. Compl. ¶ 12).

Despite purported ownership of the Note in RFC, on or about July 29, 2002, WaMu purportedly assigned the Mortgage, DOT, and Note to DBTCA. This assignment was not recorded until almost a year later on April 3, 2003, and is attached to the Complaint as Exhibit "D." (Sec. Am. Compl. ¶ 13). This assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment. According to Exhibit C, it was owned by RFC.

Despite purported ownership of the Note in DBTCA, on or about April 11, 2007, RFC purportedly assigned the Mortgage, DOT, and Note back to WaMu. This assignment was recorded on May 3, 2007, and is attached to the Amended Complaint as Exhibit "E." (Sec. Am.

Page 10 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Compl. ¶ 14).  Like the assignment attached as Exhibit D, this assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment.

Despite purported ownership of the Note in WaMu, on or about October 27, 2008, DBTCA purportedly assigned (*reciting consideration for the transfer of a $330,000 secured note of $10.00*) the Mortgage, DOT, and Note to RFC.  This assignment was recorded on October 31, 2008, as document number 2008-074676 in the Official Records of Clackamas County, Oregon, and is attached to the Amended Complaint as Exhibit "F."  (Sec. Am. Compl. ¶ 15).

This assignment claims to be made by DCTCA in "favor of RESIDENTIAL FUNDING COMPANY, LLC," and conveys all beneficial interest under certain Deed of Trust... This assignment is once again signed by Michael Mead, as "Limited Signing Officer."  And notarized, it states that the undersigned, a Notary in the state of Minnesota, that "on this day personally appeared Michael Mead, who is personally well known to me (or sufficiently proven) to be the Limited Signing Officer of Residential Funding Company, LLC formerly known as Residential Funding Corporation...", but Michael Mead can't be at the same time an officer of both:

1.  Deutsche Bank Trust Company Americas; and
2.  Residential Funding Company, LLC.

*Furthermore, why would a party need to assign beneficiary interest to itself?*  Like each of the above referenced assignments, this assignment, on its face, cannot transfer valid ownership, as the assignor did not own it at the time of making the assignment.  Furthermore, the consideration recited demonstrates that the asset being assigned was worth little more than the paper on which the assignment was printed.

On or about March 10, 2008, RFC purportedly assigned (***now without reciting any consideration***) the Mortgage, DOT, and Note to ***no one***.  This assignment was recorded on October 31, 2008, as document number 2008-074677 in the Official Records of Clackamas County, Oregon, and is attached as Exhibit "G" to the Amended Complaint.  (Sec. Am. Compl. ¶ 16), and the portion of the form that would normally recite the name of the assignee is literally

Page 11 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

blank. Like the assignments referenced above, this assignment is invalid on its face. LNV Corporation was not incorporated in Nevada until March 17, 2008. According to the Nevada Secretary of State, Nevada law specifies that an entity cannot legally do business or enter into transactions prior to its incorporation date, and the notarial signature states that this assignment was signed a week earlier on March 10, 2008.

Even LNV considered the assignment meaningless and unenforceable, since on or about April 17, 2012, LNV Corporation purportedly re-recorded this very same document, as document number 2012-023399 in the Official Records of Clackamas County, Oregon, this time handwriting in the company, "LNV Corporation." This document is attached as Exhibit "H" to the Amended Complaint. (Sec. Am. Compl. ¶ 16).

Plaintiff intends to prove in this case that LNV Corporation, and its loan servicer, MGC Mortgage, Inc., the entities that currently claim ownership and servicing of the loan and right to collect payment, are nothing more than shams and shell corporations. Plaintiff is not alone. There are many other victims of LNV Corporation, MGC Mortgage Inc., and its affiliated entities, including Dovenmuehle Mortgage Inc. Each of these sham companies is owned by D. Andrew Beal, who is the sole owner of Beal Bank and Beal Financial Inc. Beal is located in Plano, Texas. Beal has a history of creating "sham" companies to use as fraudulent tax shelters. Beal's MGC and LNV are such sham companies. In addition to being used as fraudulent tax shelters, Beal uses his sham companies to defraud homeowners of their property; to defraud courts and to ultimately launder proceeds from their fraudulent activities overseas. *See Southgate Master Fund, LLC* v. *United States*, 659 F.3d 466 (5th Cir. 2011); and *Bemont Investments, L.L.C. v. United States*, 679 F.3d 339 (5th Cir. 2012). LNV, MGC, and Dovenmuehle work in collusion with each other to fund their activities by conducting fraudulent foreclosures by fabricating forged and falsified mortgage related documents. We are informed and believe that there are hundreds, if not thousands of victims of these companies.

Suffice it to say, Defendants have, since the day this loan was "documented," been

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

playing a game of "three card monty" with the Plaintiff. _Plaintiff is informed and believes that these assignments were fraudulently signed by persons who had no authority to convey an interest in the loan._

### 3. The Terms and Conditions of the Deeds of Trust do not apply to Plaintiff.

The DOT and Note are premised under a factual misrepresentation – that Defendant WaMu was really the Lender. To the contrary, Defendant WaMu was an actor that never funded the transaction and was nothing more than a naked nominee whose name was rented, and who never owned any loan receivable in connection with the funding of this loan and never acquired any stake in said loan afterwards. This fact cannot even be hidden by the Defendants, as it is evidenced in the Note Allonge, a document that was concealed from the Plaintiff.

Plaintiff contends WaMu was not the true lender/creditor and that Plaintiff's property, which was lawfully acquired by deed, silently became the product of voluminous paperwork, none of which had any authenticity, validity or value because the transaction was never completed by funding. There was no meeting of the minds and therefore no offer, no acceptance and no consideration in any of the paperwork as the real lenders/creditors who were undisclosed to the Plaintiff were presented with an entirely different set of terms of repayment than the ones presented to the Plaintiff at closing.

As a result, and similar to a tainted chain of evidence, any authority granting rights as the beneficiary from WaMu, or any other claimed beneficiary, for that matter, is of no force or effect and should be deemed void. The Note, Deed of Trust, and Assignment purposefully misrepresent who the real and true creditor is/was, thus rendering the DOT unperfected. By creating and recording fictitious assignments, a false authority was created and every document thereafter filed in public records selling, transferring or conveying an interest where none existed by LNV renders each and every document void.

Each and every document filed in public records relied on and quoted the beneficiary of the Note and DOT as WaMu which did not legally exist, but conveyed initial authority to act,

THE SMITH FIRM, P.C.
_Attorneys at Law_
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

creating a chain effect of document recordings, including but not limited to Defendants whom themselves cannot seem to determine, who, if anyone, should be the beneficiary of the Note and DOT. They claim to have assigned it no less than six times, and on several occasions, they even assigned it to themselves. On at least two occasions, they assigned it for no consideration, those documents alone demonstrate the lack of value they consider the Note and DOT to be from their perspective.

If a person has been fraudulently deceived about the nature of a document, so that he or she is excusably ignorant about what has been signed, courts recognize "fraud in the factum." *See Meyers v. Johanningmeier*, 735 P.2d 206, 207 (Colo.App.1987) (explaining relationship between statutory defense against holders in due course of negotiable instruments and the common law defense of fraud in the factum). Unlike other types of fraud, fraud in the factum yields an instrument that is void, and not merely voidable. *Akins v. Vermast*, 150 Or.App. 236, 945 P.2d 640, 643 n. 7, *adhered to on reconsideration*, 151 Or.App. 422, 950 P.2d 907 (1997); *Bennion Ins. Co. v. 1st OK Corp.*, 571 P.2d 1339, 1341-42 (Utah 1977).

### 4. No Default has occurred.

Plaintiff denies any default has occurred. A long-standing dispute has existed over misappropriation of payments and other grievances that include, but are not limited to, inaccurate statements, little to no customer service, inability to reach anyone at MGC to resolve disputes, and problems finding anyone at MGC who could/would accept payments. Furthermore, given that MGC was not even registered to conduct residential mortgage related business during a period of time that Defendants claim Plaintiff was in default, Plaintiff had no legal obligation to make payments to MGC. These grievances, the discovery that the mortgage was fraudulent from its inception and that MGC had no legal authority to collect payments, triggered this lawsuit.

A default does not take place when a payment is not made, it takes place when a payment has not been received on a legitimate loan. Indeed, anyone can make a payment on a loan as such payment need not come directly from a borrower. The subject loan is the product of

Page 14 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

securitization into the secondary market. But when the loan was purportedly taken out of the securitization, none of the Defendants were able to determine who, if anyone, owned it.

Defendant WaMu was not the investor of the subject loan transactions. It was merely the originator that acted as the lender, and deceived the Plaintiff and countless other borrowers. Plaintiff intends to prove that the lender with whom she agreed to borrow has been paid in full for the loan.

### 5. Plaintiff's Bankruptcies are a Red-herring.

Defendant LNV, once again, allocates a significant amount of time in discussing the Chapter 7 and Chapter 13 bankruptcies of the Plaintiff. Indeed, the court was presented with these very same arguments in the Defendant LNV's first set of motions to dismiss, and they were considered and rejected by the court as a basis to dismiss the complaint.

Secondly, this is nothing more than a red-herring. There is no affidavit, pleading, or statement in either of the bankruptcies in which Plaintiff concedes or acknowledges the validity of the loan, the underlying documents, and the assignments. Defendant argues that by not opposing the purported ownership/title of the loan that Plaintiff consented to it. But there is a much darker perspective on this issue as discussed directly below.

The filings submitted by LNV demonstrate that LNV's predecessor "owner" filed pleadings representing to the court that they owned the loan, but as described above, did not. When Deutsche Bank Trust Company Americas filed a motion for relief from stay on July 28, 2006, the Note Allonge provided that it was owned by Residential Funding Company, LLC. Defendant LNV must concede the mistaken chain of title in that the assignment recorded on October 31, 2008 is labeled a "Corrective Assignment of Deed of Trust." (Am Compl, Ex. F) This "corrective" assignment was not recorded until after having petitioned the bankruptcy court to provide relief from the automatic stay, so that a foreclosure of Plaintiff's property could occur. In fact, the court, relying on the petition, granted the relief sought. As a result, this should collaterally estop Deutsche Bank Trust Company Americas from claiming that anyone else may

Page 15 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

have owned the loan in 2006, but as discussed above, in 2007, Residential Funding Company, LLC filed an assignment claiming it owned the loan, and was assigning it back to WaMu (Sec. Am. Compl. Ex. E).

There were no assignments recorded between 2003 and 2007, which begs the following question: how could Residential Funding Company, LLC claim to have an interest in a loan in 2007, when Deutsche Bank Trust Company Americas had represented to the court that it owned the loan? If Deutsche Bank Trust Company Americas in fact owned the loan, then the Residential Funding Company, LLC assignment is invalid. If Residential Funding Company, LLC owned the loan, then Deutsche Bank Trust Company Americas filed a petition claiming ownership of a loan that it did not possess.

### a. Plaintiff is the Real Party in Interest.

Lastly, DBTCA argues that Plaintiff is not the real party in interest. But there is no evidence that Plaintiff's loan is property of a bankruptcy estate or trustee. Furthermore, there is no evidence that Plaintiff knew of these claims at the time the bankruptcy was filed, and as a result, there was no reason that Plaintiff would have needed to list them on a schedule of assets.

## C. PLAINTIFF HAS STATED A CLAIM UNDER THE UTPA.

### 1. Plaintiff's UTPA Claims are Not Time-Barred.

Plaintiff's claims are premised upon the fraudulent concealment of material facts using false, fraudulent and material misrepresentation by WaMu, DBTCA, and LNV. Fraudulent concealment in the pertinent sense involves concealment of the "fact that a cause of action has accrued" against the Plaintiff (and/or its assignor or the unnamed true note holder). *Chaney v. Fields Chevrolet Co.*, 264 Or 21, 27, 503 P2d 1239 (1972).

The UTPA has a discovery rule. ORS § 646.638(6) states:

> Actions brought under this section shall be commenced within one year **from the discovery** of the unlawful method, act or practice. However, whenever any complaint is filed by a prosecuting attorney to prevent, restrain or punish violations of ORS 646.608, running of the statute of limitations with respect to

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

every private right of action under this section and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof.

Plaintiff did not learn of Defendant's fraudulent concealment of material information using false, fraudulent and material misrepresentations until she began her due diligence into Defendant LNV's threats of foreclosure in 2012. This is when Plaintiff discovered that the fraudulent assignments had been recorded and the chain of title was muddled. It was also when it was discovered that LNV had a history of purchasing sub-prime/non-performing loans, using an un-licensed and affiliated servicer to take the properties, although their ownership of the note/deed of trust was disputable and highly suspect.

As a result, the Statute of Limitations should be tolled under the discovery rule and Plaintiff's UTPA claims should not be deemed time-barred.

## 2.   Plaintiff Has Stated a Violation of the UTPA.

"The general policy of the [Unlawful Trade Practices Act] UTPA is to discourage deceptive trade practices and to provide a viable remedy for consumers who are damaged by such conduct." *Raudebaugh v. Action Pest Control, Inc.*, 59 Or App 166, 171, 650 P2d 1006 (1982) (citing *Wolverton v. Stanwood*, 278 Or 341, 345, 563 P2d 1203 (1977)). The civil action that ORS 646.638 authorizes "is designed to encourage private enforcement of the prescribed standards of trade and commerce in aid of the act's public policies as much as to provide relief to the injured party." *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Or 127, 134, 690 P2d 488 (1984). The UTPA "is to be interpreted liberally as a protection to consumers." *State ex rel. Redden v. Discount Fabrics, Inc.*, 289 Or 375, 386 n 8, 615 P2d 1034 (1980).

Liability attaches if the alleged unlawful conduct was "willful." ORS 646.638(1). A "willful violation" occurs "when the [defendant] knew or should have known that the conduct . . . was a violation." ORS 646.605(10).

But the defendants' conduct need not have been intentional, unless the action is brought within one of the two statutes specifically providing for intent. The defendants' negligence in

Page 17 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1734 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

not knowing that a representation was false is sufficient. *State ex rel. Redden v. Discount Fabrics, Inc.*, 289 Or 375, 385, 615 P2d 1034 (1980). *See also Luedeman v. Tri-West Constr. Co.*, 39 Or App 401, 404, 592 P2d 281 (1979); *Sherrod v. Holzshuh*, 274 Or 327, 330, 546 P2d 470 (1976); *Heierman v. Murray & Holt Motors, Inc.*, 44 Or App 341, 345, 605 P2d 1359 (1980).

Here, despite Defendants' continued arguments to the contrary, Plaintiff has alleged the requisite elements for a UTPA claim.

### 3.    Plaintiff Has Suffered an Ascertainable Loss.

This issue was already resolved by the court in its F&R, and the court determined that Plaintiff had alleged an ascertainable loss. (F&R, at 8). The court determined that causation has not been adequately pleaded, and for that reason, Plaintiff amended her complaint to include allegations provided for in paragraph 35. (Sec. Am. Complaint., 35). In paragraph 35 of the Second Amended Complaint, Plaintiff clearly alleges at least four categories of damages (ascertainable loss) caused by Defendants' conduct.

Plaintiff is a party to a loan transaction that was never funded by WaMu (or LNV for that matter) and thus never received funds from WaMu, for which LNV now claims is due to it. Because WaMu did not perform its obligations under the Note, Plaintiff was placed into debt with entities which Plaintiff never intended to be indebted to and now suffers emotional distress that stems from the complications associated with the funding of the subject loan. Plaintiff's credit has been severely damaged as a result of the foregoing acts resulting in her credit score being lowered significantly and preventing her from obtaining credit. In addition, the Plaintiff lost a cash deposit, and hundreds of thousands of dollars (currently estimated by Plaintiff at over $380,000) in payments made on the subject loan and bears the cost of attorney fees, consultants and experts to identify the issues herein and bring this action to protect Plaintiff's rights under the law.

Page 18 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-6666
Email: dave@thesmithfirmpc.com

A consumer must have incurred an "ascertainable loss" to recover damages under the Unlawful Trade Practices Act (UTPA). ORS 646.638(1). The word *ascertainable* has been defined as "capable of being discovered, observed or established." *Scott v. Western International Surplus Sales, Inc.,* 267 Or 512, 515, 517 P2d 661 (1973).

There is no disagreement that an allegation of some ascertainable loss is essential to a UTPA claim, even though the loss might be very small. In *Crooks v. Pay Less Drug Stores Nw., Inc.,* 285 Or 481, 592 P2d 196 (1979), the loss was only $2 (the difference between a razor's advertised price and its actual sale price). The loss can be for something other than money: ORS 646.638(1) allows for loss of "property, real or personal." "Loss" means a loss of money or property that occurs as a result of an alleged UTPA violation. *Paul v. Providence Health System-Oregon,* 237 Or App 584, 602, 240 P3d 1110 (2010).

In *Weigel v. Ron Tonkin Chevrolet Co.,* 298 Or 127, 690 P2d 488 (1984), the defendant car dealer represented that an automobile that had been driven 260 miles was a new vehicle. The plaintiff purchased the vehicle with knowledge that it had been driven that far, but later discovered that the vehicle had in fact been previously sold and returned to the dealer. Although the court found that the defendant had violated ORS 646.608(1)(f) by representing the vehicle as new, one issue on appeal was whether the plaintiff had suffered an ascertainable loss of money or property as a result of the violation. The court noted that the requirement of an ascertainable loss was subject to several different interpretations. As an example, the UTPA could require that the buyer incur an actual economic loss as a result of the violation, or it could look simply to the buyer's lost expectation, regardless of market value. *Weigel,* 298 Or at 133–134. The court did not have to decide whether an objective loss in market value was necessary, however, because it found evidence sufficient to prove that a car represented as used with 260 miles had a lesser market value than a car represented as new with 260 miles. *Weigel,* 298 Or at 137.

LNV claims that it is the wholly owned subsidiary of Beal Bank, but that information is not readily available on the Nevada Secretary of State website. Furthermore, LNV was

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

conducting its mortgage business through MGC, as evidenced by the assignments attached to the complaint. What is not part of the complaint, but will be part of the evidence at trial is that MGC was not even registered to do business in the state of Oregon when it was conducting residential mortgage related business. MGC filed its Oregon registration on October 14, 2011. Yet as early as 2008, LNV was using MGC as a loan servicer on Plaintiff's loan, located in the state of Oregon.

**4.    The Allegations of Securitization in the Amended Complaint Are Not Seeking to Declare the Loan Invalid As a Result of the Securitization. They are Seeking to Declare the Loan Invalid in that No One Can Demonstrate Ownership, and the Lender was paid in full for the Loan.**

In *Brandrup v. ReconTrust Co., N.A.*, 353 Or 688, 2013 WL 2446517 (June 6, 2013), the Supreme Court of Oregon determined that a deed of trust follows an assigned note by operation of law. However, in the affirming decision in *Niday v. GMAC Mortgage, LLC*, 352 Or 648, 2013 WL 24467524, the same Court recognized that a question of fact existed as to who owned the loan, if an assignment had been made. In this case, Plaintiff has alleged the same uncertainty that the court determined stated a claim for relief. It was the securitization of the loan that gives rise to this claim, but Plaintiff is not alleging that securitization of the loan itself affords a claim for relief.

**D.    PLAINTIFF HAS STATED A CLAIM FOR FRAUD.**

In response to Defendants' first Motion to Dismiss, Plaintiff conceded that the previous pleading which was filed in state court may not comport with Federal pleading standards. As such, Plaintiff requested leave of court to amend this claim, which was allowed. Plaintiff made substantial amendments to the complaint, and has sufficiently stated this claim for relief under the federal requirements.

Under FRCP 9(b), the purpose of such specificity is:

(a) To deter groundless suits;

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

(b) To set a higher standard for suits attempting to reopen completed transactions or set aside judicial orders;

(c) To deter suits filed solely for discovery purposes; and

(d) To provide a defendant with a substantial amount of particularized information necessary to defend against a wide variety of potential conduct that might constitute fraud. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1296 (3d ed 2004) (supplemented periodically); *Allen v. Oregon Steel Mills, Inc.*, 1988 WL 159178 (D Or Dec 7, 1988) (unreported case) (citing *Deutsch v. Flannery*, 823 F2d 1361 (9th Cir 1987)).

*Rembold v. Pacific First Federal Sav. Bank*, 1989 US Dist LEXIS 3953 at *13, 1989 WL 35914 (D Or Apr 7, 1989) (unreported case) (citing *Semegen v. Weidner*, 780 F2d 727, 731 (9th Cir 1985)).

The elements of a claim of fraud under Oregon law are; "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Webb v. Clark*, 274 Or 387, 391, 546 P2d 1078 (1976); *Johnson v. Mel-Ken Motors*, 134 Or App 81, 89, 894 P2d 540 (1995). FRCP 9(b) requires particularity in pleading the circumstances of the alleged fraud. *Wool v. Tandem Computers, Inc.*, 818 F2d 1433, 1439 (9th Cir. 1987) (citing *Semegen v. Weidner*, 780 F2d 727, 734-35 (9th Cir. 1985)). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Id.* Although FRCP 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," there must be "some degree of particularity regarding the specific circumstances constituting the alleged fraud." *Rembold* 1989 US Dist LEXIS 3953, at *12. As explained in *Rembold*, "[p]laintiffs must allege 'facts demonstrating knowledge and participation sufficient to impose liability. . . .'" *Rembold* 1989 US Dist LEXIS 3953, at **12–13 (quoting *SEC v. Seaboard Corp.*, 677 F2d 1315, 1316 (9th Cir 1982)).

Page 21 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0566
Email: dave@thesmithfirmpc.com

Defendants contend that there is no allegation of a misrepresentation. But to the contrary, the Second Amended Complaint alleges each of these elements with sufficient particularity, including the element of false representations. In paragraph 40, Plaintiff alleges as follows:

> Defendants have made, on numerous occasions, the following misrepresentations, while all along the Defendants knew, or should have known, such facts to be false:
>
> A.   That the loan was owned by the Defendants claiming ownership at that time;
>
> B.   That the loan had incurred fees and penalties, most if not all, of which were not supported or justified by the purported loan documents;
>
> C.   That Plaintiff was in default under the terms of the loan.

(Sec. Am. Compl., ¶ 40). Defendants also claim that Plaintiff never alleges misrepresentation regarding origination of the loan, but this allegation is found throughout the entire Second Amended Complaint. (*See* Sec. Am. Compl., ¶ 4, 9, 10, 11, 18, 19, 24, 41-44).

Once again, Defendants also argue that the fraud claim is barred by the statute of limitations. This issue was included in Defendants' first motion to dismiss, and rejected by the court. In its current motion, Defendants argue that the pleading, even if amended, would not be within the statute of limitation, and appears to ignore that an amended pleading relates back to the date of original filing.

An action based on fraud or deceit must be commenced within 2 years after the date of discovery of the fraud or deceit. ORS 12.110(1); *see also* ORS 12.040(4). "Discovery" is triggered when the plaintiff knew or should have known of the alleged fraud. *Mathies v. Hoeck*, 284 Or 539, 588 P2d 1 (1978). Knowledge of the fraud includes the fact of the misrepresentation (or omission) and its falsity. *Bramel v. Brandt*, 190 Or App 432, 79 P3d 375 (2003), *rev den*, 336 Or 509, 87 P3d 1136 (2004).

The Plaintiff's claims are premised upon the fraudulent concealment of material facts using false, fraudulent and material misrepresentation by the Defendants. Fraudulent concealment in the pertinent sense involves concealment of the "fact that a cause of action has

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

accrued" against the defendant. *Chaney v. Fields Chevrolet Co.*, 264 Or 21, 27, 503 P2d 1239 (1972). Knowledge of the fraud includes the fact of the misrepresentation (or omission) **and its falsity**. *Bramel v. Brandt,* 190 Or App 432, 79 P3d 375 (2003), *rev den*, 336 Or 509, 87 P3d 1136 (2004).

Once again, Plaintiff did not learn of Defendants' fraudulent concealment of material information until she began her due diligence into Defendants' loan practices, and had performed a securitization and audit analysis of the subject loans in 2012. This is when Plaintiff discovered that entities other than the purported lender claimed an ownership in the subject loan, and was able to learn the life of the loan and how the parties lied about their roles in the transaction to facilitate a profit. In fact, many of the facts supporting her claim for fraud are still being discovered, as they have surfaced in other cases against LNV Corporation.

Clearly, the facts alleged in the First Amended Complaint allege that the claim was brought within the statutory time period. Moreover, when a plaintiff knew or should have known of its claim is a question of fact for the jury, and not a proper issue for a motion to dismiss or even a motion for summary judgment. *Keller v. Armstrong World Industries, Inc.*, 197 Or App 450, 464 (2005); *Gaston v. Parsons*, 318 Or 247, 256; and *Ward v. Jarnport*, 466, 469 (1992).

As a result, the Statute of Limitations should be tolled under the discovery rule and Plaintiff's UTPA claims should not be deemed time-barred.

## E.   PLAINTIFF HAS STATED A CLAIM FOR DECLARATORY JUDGMENT.

Defendants also, once again, move to dismiss Plaintiff's claim for declaratory judgment. But again, this issue was already resolved by the court in its F&R, and the court determined that Plaintiff had already sufficiently alleged a declaratory judgment action. (F&R, at 12).

### 1.   Defendant LNV is NOT a Holder in Due Course.

Defendant LNV discusses at length certain sections of the UCC, but entirely omits a

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

discussion of whether LNV, or anyone for that matter, can be considered a "Holder in Due

Course," of Plaintiff's loan, and whether Plaintiff is entitled to assert defenses arising from the

origination of the loan against LNV.  The pertinent sections of the Oregon Uniform Commercial

Code ("UCC") are discussed below, and clearly show that LNV cannot be a Holder in Due

Course, and that Plaintiff is entitled to defend enforcement of the Note and Deed of Trust.

ORS 74.2110 provides that the lender that is assigned a note must be considered a Holder

in Due Course to enforce the note:

**Bank as holder in due course**

For purposes of determining its status as a holder in due course, a bank has given
value to the extent it has a security interest in an item, if the bank otherwise
complies with the requirements of ORS 73.0302 (Holder in due course) on what
constitutes a holder in due course. [1961 c.726 §74.2110 (Bank as holder in due
course); 1993 c.545 §94]

ORS 73.0302, in pertinent part, defines "Holder in Due Course" as follows:

**73.0302 Holder in due course.** (1) Subject to ORS 73.0106 (3) and (4), "holder
in due course" means the holder of an instrument if:
   (a) The instrument when issued or negotiated to the holder does not bear such
apparent evidence of forgery or alteration or is not otherwise so irregular or
incomplete as to call into question its authenticity; and
   (b) The holder took the instrument:
   (A) For value;
   (B) In good faith;
   (C) Without notice that the instrument is overdue or has been dishonored or
that there is an uncured default with respect to payment of another instrument
issued as part of the same series…

ORS 73.0303 provides further guidance in determining what is considered sufficient

value, or consideration.

**73.0303 Value and consideration.**
        * * *
   (2) "Consideration" means any consideration sufficient to support a simple
contract. The drawer or maker of an instrument has a defense if the instrument is
issued without consideration. If an instrument is issued for a promise of
performance, the issuer has a defense to the extent performance of the promise is

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

due and the promise has not been performed. If an instrument is issued for value as stated in subsection (1) of this section, the instrument is also issued for consideration. [1993 c.545 §32]

As discussed in detail above, one of the assignments was for $10 dollars, and another assignment recited no consideration at all. (Sec. Am. Compl. ¶ 16). These assignments are invalid on their face, and clearly demonstrate that LNV cannot be a Holder in Due Course, as a they must show value and good faith. Even LNV considered the assignment meaningless and unenforceable, since on or about April 17, 2012, LNV Corporation purportedly re-recorded this very same document, this time handwriting in the company, "LNV Corporation." (Sec. Am. Compl. ¶ 16).

Even if the assignments are enforceable, Defendants grossly misstate the law and suggest that Plaintiff is without any defenses to the enforcement of the note/deed of trust, because she was not a party to the assignments. ORS 73.0305 provides that an obligor on a note retains defenses to the enforceability of the negotiable instrument, despite its assignment to third parties:

> **73.0305 Defenses and claims in recoupment.** (1) Except as stated in subsection (2) of this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
> (a) A defense of the obligor based on:
> * * *
> (B) Duress, _lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor_;
> (C) _Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms_; or
> * * *
> (2) The right of a holder in due course to enforce the obligation of a party to pay the instrument is _subject to defenses_ of the obligor stated in subsection (1)(a) of this section… [emphasis added]

Finally, Defendants' argument that Plaintiff does not have standing to dispute the assignments of the Note/Deed of Trust is absurd. First, both _Brandrup v. ReconTrust Co._, N.A., 353 Or 688, 2013 WL 2446517 (June 6, 2013), and _Niday v. GMAC Mortgage, LLC_, 352 Or 648, 2013 WL 24467524, acknowledge that a borrower is entitled to dispute ownership of a loan by

Page 25 -- PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS LNV CORPORATION'S AND DEUTSCHE BANK
TRUST COMPANY AMERICA'S MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
3:13-cv-00581-AC

THE SMITH FIRM, P.C.
Attorneys at Law
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

an assignee. Implicit in this finding is that a borrower can dispute the validity of assignments.

Second, Defendants' arguments are premised on the concept that Ms. Fauley is not a party to the assignments. Although she is not a party to the assignments, she is a party to the Note/Deed of Trust, the contracts that are being assigned. Therefore, once an assignment is made, she is no longer a distant third party, as the assignee is claiming to take ownership of a Note/Deed of Trust that she is party to. Privity of contract then exists between the borrower, and the assignee, assuming that the assignment itself is enforceable. Accordingly, she is entitled to dispute the validity of the assignment (contract), as the assignee claims to be stepping into the shoes of the original "lender."

Third, Defendants grossly overstate the court's decision in *Reeves v. ReconTrust Co., N.A.*, 846 F. Supp., 1149 (D. Or. 2102). Defendants cite Reeves for the proposition that a borrower lacks standing to dispute the validity of an assignment, but that issue was never even raised. The *Reeves* court did consider whether MERS could be an assignor as it received no consideration, but it never addressed whether a borrower, who is a party to the note/deed of trust did or did not have standing to dispute the validity of the assignment. Furthermore, the *Reeves* case is factually dissimilar. In *Reeves*, the borrower disputed the validity of a non-judicial sale, and based the case primarily on deficiencies of the lender in conducting the foreclosure. There was no claim for declaratory judgment and dispute as to ownership of the loan or whether the "lender" is a holder in due course, as there is in the case. Nor did there appear to be a series of assignments of the note/deed of trust that leave a muddled chain of title, and significant factual dispute as to whether the foreclosing entity held ownership of the loan at issue.

Similarly, Defendants' reliance on *Brodie v. Northwest Trustee Services, Inc.*, 2012 WL 6192723 (E.D. Wash., 2012) is misplaced. In that case, the allegation of the Plaintiff was that the assignment and the appointment of a successor trustee were forged and a result of "robo-signing". There is no such allegation in this case. Indeed, the *Brodie* court appears to have intentionally limited its holding to "robo-signing" cases, and relied upon similar cases in

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

reaching its decision.

Plaintiff intends to prove in its declaratory judgment action that LNV is not a Holder in

Due Course, and has stated a declaratory judgment action under ORS 28.020. ORS 28.020

provides, in part:

> Any person interested under a deed, will, written contract or other writing
> constituting a contract, or whose rights, status or other legal relations are affected
> by a . . . contract . . . may have determined any question of construction or
> validity arising under any such instrument . . . [or] contract . . . and obtain a
> declaration of rights, status or other legal relations thereunder.

Furthermore,

> The enumeration in ORS 28.010 to 28.040 does not limit or restrict the
> exercise of the general powers conferred in ORS 28.010, in any proceedings
> where declaratory relief is sought, in which a judgment will terminate the
> controversy or remove an uncertainty.

ORS 28.050.

A court may construe a contract either before or after there has been a breach. ORS

28.030. Contrary to the assertion of the Defendants, no court has determined that the Defendants

have a valid enforceable interest in the Note and DOT, and at no time has the Plaintiff conceded

such. Clearly, under Oregon's Declaratory Judgment statute Plaintiff has standing to dispute

ownership of a loan that she was the original party to.

The allegations above show that Plaintiff has discovered irregularities in the

securitization of the loan, which has caused uncertainty regarding who, if anyone, owns the loan.

Furthermore, Defendant LNV concedes that it has sought relief from the automatic stay to

conduct a foreclosure. As a result, Plaintiff is entitled to have this court determine its rights vis-

à-vis a declaratory judgment action to determine if LNV has the right to foreclose. This is

precisely the reason for Oregon Declaratory Judgment Act.

**F.    PLAINTIFF HAS STATED A CLAIM FOR INJUNCTIVE RELIEF.**

Defendants also, once again, move to dismiss Plaintiff's claim for injunctive

relief. But again, this issue was already resolved by the court in its F&R, and the court

THE SMITH FIRM, P.C.
Attorneys at Law
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-6666
Email: dave@thesmithfirmpc.com

determined that Plaintiff had essentially alleged the remedy of injunctive relief in the form of a prayer for relief, and as such, denied Defendants' motion to dismiss. (F&R, at 16 and 17). Defendants ignore the court's decision, and are essentially asking to reconsider the F&R.

Although there is no trustee's sale and foreclosure proceeding currently active, Defendant LNV has threatened to conduct a foreclosure, and has gone as far as seeking relief from the bankruptcy court to conduct a foreclosure.    Should they initiate a foreclosure, Plaintiff would seek and likely be afforded an injunction staying a foreclosure. *See Barnett v. BAC Home Loan Servicing, L.P.* (2011) 772 F Supp2d 1328 (Court issued a restraining order when the borrower, whose home was secured by deed of trust, demonstrated likelihood of success on his claim against a purported trustee, where the notice of default listed another entity as the trustee, and also listed an entity as the beneficiary other than the beneficiary listed in the assignment of trust deed).    The Note and Deed of Trust ("DOT") purposefully misrepresent who the real and true creditor is/was thus rendering the DOT unperfected.   By placing a false and misleading name on the Note and DOT, a false authority was created, and every document thereafter filed in public records selling, transferring or conveying an interest where none existed, renders each and every document void.

Should Defendants move forward with their plan to take Plaintiff's home, the irreparable harm Plaintiff will suffer if her home is sold through an unlawful non-judicial sale far outweighs any harm to Defendants.  If a non-judicial sale is permitted to happen and Plaintiff ultimately succeeds on the merits of her claims, Plaintiff will have suffered irreparable harm.   However, if Plaintiff does not succeed on her claims, Defendants would be free to continue with a non-judicial sale.   Thus, if Plaintiff does not prevail on her claims, Defendants will have ultimately lost nothing in affording Plaintiff the opportunity to have her claims adjudicated.

The public interest will certainly be served by the issuance of injunctive relief in this case, should Defendant LNV move forward with its plans to conduct a foreclosure.  To allow an

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

unlawful non-judicial sale of Plaintiff's home without first determining the validity of the underlying deed of trust undermines public interest. Defendant's own documents raise serious doubts as to the validity of the Note, DOT, and assignments that are the subject of this action. Judicial intervention may very much be warranted in favor of public interest.

## III. CONCLUSION

Based on the foregoing, Defendants' Motions should be denied or in the alternative, Plaintiff should be allowed to amend her Complaint.

DATED this 19th day of September, 2014.

THE SMITH FIRM, P.C.

/s/ David P. Smith
David P. Smith, OSB#96430
1754 Willamette Falls Drive
West Linn, OR 97068
Telephone: (503) 657-6550
Facsimile: (866) 710-0666
Email: dave@thesmithfirmpc.com
Attorney for Plaintiff Robynne A. Fauley

THE SMITH FIRM, P.C.
Attorneys at Law
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

# EXHIBIT TWO

## Original response to the court to Morrison & Foerster LLC

CC: Morrison & Foerester LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
Norman. S Rosenbaum.

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

P#1. We are clearly seeking proof between Residential Funding Company, LLC, and LNV, as to who or how they could assign the note. We are making a complaint, with damages. We have most certainly suffered undisclosed and and disabling conflict of interest with these two companies, and they most prove how these assignments exist. The courts decisions have been based on documents provided from Perkins Coie, stating they were in fact legally owners of the note.

# 2. We could not file claims in Chapter 11, as we did not discover this information until just recently in December 2017. And Perkins Coie, was in conflict of interest by hiding this information for many, many past years. Dishonesty is what must allow us to re open this case.

# 3 We believe that this court does have the jurisdiction to explore the facts.

# 5. We received a threatening letter from Residential funding, telling us to cease and desist, o September 9th, 2014 from Houser & Allison, Emilie K. Edling, not disclosing that documents from this case were illegal and not to be used in any proceedings, decided by the court. I called Ms. Edling, several weeks ago, in March 2018. She pretended that she knew nothing of this case. I sent her the letter and she stated, oh I am not involved any further. I then called the phone number at the bottom of her letter, saying f you have any questions please contact Joseph Shifer, at 212-715-9517,which I did to discuss why this was not disclosed in my court cases.. I then received this objection from his firm shortly there after.

# 8 The effective date for December 17th, 2013, was the date after we had filed our case against Residential Funding. April 4th, 2013 in Oregon State Circuit Court. They removed them selves from my case on on October 21st, 2014. We recently just discovered this information

# 10 - 11 We question this authority to block us from re opening, if there was hidden, concealing efforts to our cases, with questionable documents, that need evaluation.

# 13. Perkins Coie, filed a disinterested legal document, that was in fact conflictive and they should be held accountable for such statements.

# 14 Here, you state this court does in fact retain exclusive jurisdiction over all matters arising out of or related to Chapter 11 cases and the plan. We believe all that was stated in the paragraph. Which is contrary to P 3.

# 15. We agree that the PC's statement of Disinterest filed Sept 10, 2012, should have removed them from prosecution of our case in the following years of 2013 - 2018. Including the case that we just filed against them Oct 18th, 2018, 3:17 cv 1656-HZ, stating that they did in fact represent LNV in multiple courts in foreclosure actions against Ms. Fauley, 3:15-cv-01422-HZ, both in Federal, State and Apellate courts, stating in that case that they do suspect that they colluded with LNV, to scheme and defraud Ms Fauley of her property. That they placed upon the court note, endorsements, assignments, with questionable alleges, when compared to the endorsements on recorded instruments, which show it is impossible for LNV, to have standing to foreclose on Plaintiff's property. Instruments

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

# 15.
Case 3-17-CV 01656RJB Document 1 Filed 10-18-17 Page 8-10 of 42.

# 2003-041141 recorded 4-32003 executed 7-29-02 ,
#2007-038181 recorded 5-3-2007 executed 4-11 2007,
#2008-074676 recorded 8-31-08 **executed 10-27-08,**
# 2008-074677 recorded 8-31-2008 **executed 3-10-08,**
# 2012-023399 recorded 4-17-2012 **executed 3-10-2006**

Exhibits enclosed. Also note Grant Hamilton's Declaration. Exhibit number 7, P 9- 11 states that Residential funding Company, transferred the Note to Deutsche Bank TCA. which then transferred the note to Residential Funding Company and endorsed it to RFC LLC.in an allonge and delivering the note and the allonge to RFC,LLC. Then RFC, LLC, transferred the note to LNV by endorsing it to the order of LNV in an allonge and delivering the Note and Alonges to LNV.

Washington Mutual transfers my payment history to Litton Loan, Servicing LP was the loan server of the loans or RFC, LLC. and Mr.Hamilton states under oath, LNV is now the note older and has physical possession of the Note. See document that states Litton loan has just transferred my Loan from Washington Mutual on 4-1-2005 and I will now sending payments to them. Litton loan is convicted_____ .
I paid Litton loan from 8-15-2005 - 8-13 -2008. Further records to be examined on the pay dates.

PC states that they are retained to continue to defend the debtors related to residential mortgages and insurance interests.

P 16, PC Special Insurance Coverage Counsel, states that they do not hold and confirm that it does not represent or hold an interest adverse to the debtors or their estates, and that they have performed a comprehensive review of its connections with multiple categories of the debtor's and contract counter parties. LNV is identified in the master Conflict list schedule 1 in the PC declaration. Schedule 2 PC declaration identifies LNV as a current or former PC Client. So question, how do they not identify that I am in a law suit with Perkins Coie representing LNV foreclosing on my property from 2013 January to March 2018. This is not hidden? Or conflict?

17 Kathy Nye hired by Residential, states in her declaration, (addressed further in P 1-6 Declaration below, ) is hired by ResCap Liquidating Trust. The LiquidatingTrust has joined ResCap, May 1st, 2008, as in house litigation counsel. **That she is completely responsible and familiar with all aspects of for management of litigation, including among others residential mortgage -related litigation, including the borrower litigation matters pending before the court continuing through out this filing of March 2, 2018.** She should then have been familiar with all of our filings from 2013 - 2018. Including those against PC.

18, We could not file any claims with out knowledge of this matter or that we had in fact a claim to the Chapter 11, during this period of time, while we were filing motions and lawsuits against Residential Funding, and then LNV. **Ms Nye did not notify us. Residential Funding Co, LLC, had in fact assigned the note and alonges to LNV on March 10th 2008.**

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

19 Nye states in Declaration, Debtor, Residential Funding Co, LLC, does appear in the chain of title in certain of these cases but as a former holder. And that we had a full and fair opportunity to raise our claims against the party seeing to foreclose on each Movants interest and then lists our case as April 18th, 2016, purposely **not listing our 2013 cases,** with Residential Funding Co. LLC, listed as party that we are suing. And or their letter threatening us to remove ourselves from pursuing them further legally. They should have revealed that they had received the damages, that their paperwork had been investigated and that is twas not be used further in their agreements with the 49AG. Not only not notifying of us of the ruling, but the ability to assign the documents to LNV by statement from Diane Meistade stating in email Oct 27th, 2008, at 4:45 pm I disagree since RFC was not in position ( Title Position ) to transfer the asset.) Ms. Nye states she is personally familiar with all aspects of RFC. LLC. And in charge of all litigations with mortgages.

Michael Barnette responds:  Since the assignment from RFC is on record we have to correct the chain to tile. At this point the county recorders records show Wamu is the assignee of the record for this loan, RFC did assign this and shouldn't have….. ( They then begin to conspire how to fix these errors so LNV, can foreclose on Ms. Fauley. ) See 8 emails exhibits.

20. We did not and could not understand that we had rights until we unraveled this long complex and hidden scenario, that neither Residential funding, Litton Loan, MGC, or LNV were willing to reveal and that they spent copious amounts of money to foreclose on us with this knowledge of the bankruptcy, the investigations by the 49 AG and the rulings. Our lawsuits: 2013 - 2018

.
P 21. Here they admit CSG Investments Inc., are creditors of the debtors.  **LNV is called a party to loan servicing agreements, instead of holders of the note**. Then they are again called nothing more then a co-plaintiff capacity, with LNV not listed int he debtors schedules and that we did not file a proof of claim. We filed a notice not a motion, so that we could have time to get the forms together because I am pro se. I am preparing a proof of claim. I believe due to Residential Funding which is not a beneficiary who can assign us to LNV, which began the years of litigations, can not have it both ways, a serving party, not a note holder, a note holder, holds and owns the note, responsible? Which way is it? And if they are a servicer then how could the notes be assigned then to a servicer? We never ever received a single paper stating that they were the servicer The note chain and the assignment chain do not match. RFC, or LNV, have to show us some proof.

It is also stated that the servicing platform was paid off in Feb of 2013, but we were in suit with them as of January of 2013. Case # 3:13-cv-00582-AC and PC was hired by RFC, 5-31-13. This BK case for RFC,  was not dismissed in our case until 11-5-2014 as a Defendant.

P 22.  Litigants had just filed a notice to the court. We will in fact identify the nature of the relief requested, we were asking for a special counsel to enter this AG ruling. We have just begun to realize what happened. We are not attorneys and we beg the courts pardon. We believe the past courts decisions and rulings were not properly informed nor did not grasp the nature of what had taken place. We know there has been fraud and forgery, the pieces are just being assembling for us as homeowners and victims and are just now being understood with our relationship with PC, and RFC. Andy Beal/Beal Bank, Litton, MGC. .

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

P 23. We have strong evidence worthy of examination. Although Banks have been settling behind our backs, as investors and homeowners have not been invited into the process as they should have been with more transparency,  settling, for mortgage fraud, both in the past and most recently with Federal agencies, all home owners can not be wrong, since these banks are settling on mortgage notes that are bad paper and paying what seems is large fines, but is but a pittance for the crime and or the money they actually made, and with no recognition for the incredible misery they have caused homeowner victims who were pursued relentlessly by these banks, after great profit, to take their homes as well. Greed is insatiable.

P. 24. Res Judicata is this nullified by corruption and concealment? We would ask this court believing that they do have jurisdiction, to hear and review our evidence. Morrison & Foerester LLC, states "if" thee court has jurisdiction in various paragraphs, and then in  P 25, states again it is highly doubtful. We just found out about this case and about Litton loans recent convictions just today March 21st. 2018. The pieces are still falling into place therefore, also placed before the court.

P. 25. Morrison & Foerester, LLC, state that "for the most part, the movants litigation involves LNV"s actions to foreclose on Movants, delinquent mortgages. That is in correct. Its was Residential Funding, that assigned the note to LNV, when they were not the beneficiary,  which has created case after case, over and over. There are litigants figuring this out but it took time due to no disclosures by RFC, or LNV. It is quoted by several sources in exhibits including recording with the County clerks that show that what they presented in our cases in the courts were in fact impossible, as well as Bill Patalano, and Patrick Williams affidavit's voted reliable sources with valid testimony included in our exhibits. We are in this court now because we now understand what took place in those courts. And we have been trampled in the State and Federal courts by questionable documents that were filed as if they were truthful, when they were not. Judges believed the banks. They are and were suppose to be truthful and honorable.

P. 25 There is no mere coincidence that PC is counsel to the Trust. That is a ridiculous statement made to this court. Residential funding was prosecuting myself and others, specially in my early case in January 2013, that was not a coincidence it was a purposeful oversight.



P. 26. There has been fraud upon the past courts and upon this court in these objections, and we ask your Honor to please allow us to present a motion, a claim and hear us. We still request a special counsel since we are out of state, and several of us have disability issues. We none the less feel our cases are very valuable and worthy of your time, since we have endured much to come to these facts.



ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

**Kathy Nyes Declaration.**

P. 1. Ms Nye's stated that she joined ResCap on May 1st 2008. Interesting that she does not state she knows anything before May 1st, 2008. According to her Declaration. All of this happened before May 1st 2008 so it does not matter what she states after this date. Or in some way before this date.  However, I believe that we need to see the IRS payment and tax history for her time at RFC.  None the less, she would then be aware after two months of employment, (still to be determined,) she would then become aware of our controversial issues over the assignments from RFC to LNV, being personally involved in all litigation with home owners. She would then be award of hiring a local law firm, Ms. Emily K. Edling with Houser & Allison, and would be able to testify to all the facts surrounding those communications and threatening that occurred at that time, that we were un welcome in this BK, but no information was provided about the investigations and rulings, that would have in fact affected our cases. According to Diane Mestiad, who worked for Residential funding at that time,  (in the 8 enclosed emails, as exhibits sent my LNV, in discovery, which I will testify under oath was sent to us by LNV),  Ms. Mestiad, states clearly, that RFC, never had the ability to do new assignments.


P. 2. States she is responsible for the management of litigation, including among others residential mortgage related litigation. We have received nothing from Ms. Nye's concerning Residential Funding LLC, in connection with ResCaps chapter 11 filing and we are a residential mortgage that has received bad paper and she must have been fully aware of this fact in the 49 AG case, and our ongoing lawsuits, one naming Residential funding as a party.  Jan 2013. She continues in her employment to date of this  declaration 3-2-18

P. 3 She states under penalty of perjury, that she is familiar and has a "personal knowledge of he Debtor' s operations, information learned from my review of relevant documents and information, through discussions with other former members of the Debtor's management or other former employees of the Debtors, The Liquidating Trust's professionals and consultants. And that if called to testify she state: " I could and would testify competently to the facts set forth in the objection on that basis". We find this in conflict with all that we have and will present. And would hold her to this information, especially under penalty of perjury, concerning all the facts that do not add up.

P. 6. March 6th,  2013 is incorrect.  Its April 4th, 2013, that we file against,Washington Mutual, FA, Residential funding Co, LLC,  Deutsche Bank Trust Company Americas as Trustee, LNV corporation and DOES, 1-20,  Debtors filed a Notice of Bankruptcy and suggestion of Automatic Stay, files to dismiss from our case is April 18th, 2013.  . Residential fundings request to my case to be removed is granted on on 10-21-14 She is aware of the amended complaint where Residential funding has threatened us to remove them from our case, April 4th, 2014.  CV 13010433 The "Fauley Action", she calls it.  These cases due to Residential fundings wrong assignment to LNV, when it is not a beneficiary, who's assigning nothing,  to no one, since LNV does not exist yet. This actions will cause continued long years of litigation for Ms

ANSWER TO MORRISON & FOERSTER, LLP. OBJECTIONS FILED 3-2-18

Fauley, along with other litigants, through out 2013 - March 2018 which still continues in State court over and illegal sheriff sale by LNV. Admitted by the Sheriff on transept that is was in fact illegally sold and which is still being litigated. The Respondent uses the testimony of Captain O'Shaughnessy to illustrate that the Sheriff's department has an ongoing policy of not adhering to the relevant statutory provisions of ORS 18.872. O'Shaughnessy testified that the sheriff's department decided to mark writs as "received" at a time after they are physically received by the sheriff's office. Respondent alleges in its response that it took steps to extend the deadline, however, there is nothing on the record to substantiate this. Further, even if the respondent would have extended the timeline to 150 days, the Sheriff's sale occurred 179 days after the writ of execution was issued. This was due to LNV's aggressive early filing of evictions and then Sheriffs not being able to accomplish them within a reasonable time. Clackamas County Circuit Court Case # 16CV24589. After Mr O'Shaughnessy under oath broke the law, and a court room full of sheriffs, the Judge rules in behalf of LNV. Our normal experience of Law not being following or kept. There for we filed in the Oregon Supreme Court .Apellate Court No. A164792.

Is Ms. Nye's aware of these dates and fully aware of the conflicting assignments and mis - assigned Note to LNV, when they were not the beneficiary ? Is she award of all the victims in this notice and their paper work that submitted before courts, that was always questionable but whom Judges trusted banks to be reliable and accurate?  Because she is aware of all facts and actions that Residential funding has taken since May 1st 2008, and has a personal knowledge of these facts, correct and can testify to these matters of question? Which would hold her responsible, under penalty of perjury?
.