**Presentment Date and Time: May 14, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 11, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF**
**MOTION TO FURTHER EXTEND THE DATE BY**
**WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On May 4, 2018, the ResCap Liquidating Trust filed the *Motion to Further Extend the Date by Which Objections to Claims Must Be Filed* (the "**Motion**").

2. The ResCap Liquidating Trust will present the Motion to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004-1408, for signature on **May 14, 2018 at 10:00 a.m.** (prevailing Eastern Time).

3. Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **May 11, 2018 at 4:00 p.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee and Norman S. Rosenbaum); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer);

(d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Nye).

4. If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5. A copy of the Motion can be viewed and obtained for a fee via PACER at www.pacer.gov or without charge on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: May 4, 2018
New York, NY

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Presentment Date and Time: May 14, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 11, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby submits this motion (the "**Motion**") on behalf of the ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), to extend the date by which objections to Claims (defined below) must be filed. In support of the Motion, the Liquidating Trust submits the declaration of Jill Horner, Chief Financial Officer for the Liquidating Trust (the "**Horner Declaration**"), attached hereto as **Exhibit 2**, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

As discussed in the previous motion to extend the Claims Objection Deadline, virtually all claims in these cases have been resolved.[1] To date, all non-Borrower Claims have been resolved, and the Borrower Claims Trust is very close to resolving the few remaining Borrower Claims. While the Borrower Claims Trust continues to be make progress in resolving the remaining Borrower Claims, another modest extension is required. Accordingly, the Liquidating Trust, as the entity empowered to seek extensions of the Claims Objection Deadline, seeks another modest 60-day extension to July 13, 2018. Based on discussions with the Borrower Claims Trust, it is expected that the outstanding claims will be resolved or otherwise addressed prior to the expiration of the extended deadline.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates of this Motion are sections 105(a) and 1141 of title of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3. To date, approximately 7,499 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases,

---

[1] *See Motion to Further Extend the Date by Which Objections to Claims Must be Filed* [Docket No. 10484] (the "**Previous Motion**").

- 2 -

including late filed claims, and one informal claim discussed below, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.[2]

4. The Claims Objection Deadline has been extended by previous Court orders and is currently May 14, 2018. *See Order Extending the Date by Which Objections to Claims Must be Filed* [Docket No. 10490].

### REQUESTED RELIEF

5. By this Motion, the Liquidating Trust (for the Borrower Claims Trust) seeks a brief extension of the Claims Objection Deadline by 60-days, through and including July 13, 2018, for similar reasons to those described in the Previous Motion.

6. Although the claims reconciliation process to date has successfully addressed almost every single Claim, there remain less than a handful of unresolved Borrower Claims (the "**Unresolved Claims**"). The Unresolved Claims assert liabilities in the liquidated amount of approximately $512,570.00 plus unliquidated amounts. The Borrower Claims Trust is aware of only three Unresolved Claims that remain outstanding (as well as one potential additional Unresolved Claim relating to a pending motion to file a late claim, *see* ¶ 9).[3] This figure excludes a single Borrower Claim that has been disallowed by the Court and is the subject of a pending appeal.

---

[2] For a more fulsome background of the Chapter 11 Cases, the Plan, the Claims filed and the Claims reconciliation process, please refer to the Previous Motion. The statistics regarding the resolution of Claims remains the same as in the Previous Motion.

[3] Although it is possible that untimely proofs of claims may still be filed, any such late-filed claim would be submitted years after the applicable bar date, and pursuant to the Plan, shall be deemed disallowed without any further notice to or action, order, or approval of the Bankruptcy Court. *See* Plan, Art. VIII.B.

In addition, the Liquidating Trust understands one other late-filed claim may be voluntarily withdrawn by the claimant. Although the Liquidating Trust believes the claim should be automatically disallowed, to the extent the claimant does not withdraw the claim, the Liquidating Trust reserves the right to object on any basis to this claim, as well as to any other late filed claim or motion for leave to file a late claim.

7. Two of the Unresolved Claims are identical claims. The Borrower Claims Trust is in active negotiations with the holders of these claims and is optimistic that a consensual resolution will be reached in the near term.

8. The third Unresolved Claim of which the Borrower Claims Trust is aware is the subject of a pending adversary proceeding, *Jennifer Wilson v. Residential Capital*, LLC, Adv. No. 12-01936. In the adversary complaint, the plaintiff seeks both equitable relief and monetary damages. Although plaintiff failed to file a proof of claim, the Court in its Memorandum Opinion Granting Motion to Dismiss in Part With Prejudice and In Part Without Prejudice (the "**Memorandum Decision**") [Adversary Docket No. 62] deemed the complaint an informal proof of claim with respect to the request for monetary relief. In the Memorandum Decision, the Court dismissed the complaint in part with prejudice and in part without prejudice with leave to amend.[4] The Memorandum Decision was the subject of a request for an interlocutory appeal filed by the plaintiff that was pending before the District Court (*Wilson v. Residential Capital*, LLC, Case No. 14-mc-00329-PGG). Pursuant to an Order entered on April 3, 2018, the District Court denied the request for the interlocutory appeal. In the District Court's Order, the District Court also denied the plaintiff's motion to withdraw the reference that was pending in a related case before the District Court (*Wilson v. Residential Capital*, LLC, Case No. 14-Civ-03068-PGG). The Borrower Claims Trust assumes that to the extent plaintiff elects to continue prosecute the plaintiff's informal proof of claim (and the Borrower Claims Trust reserves all rights in connection therewith) the informal proof of claim will continue to be addressed in connection with the adversary proceeding and not through the filing of a separate objection to the informal proof of claim, and as a result, such informal proof of claim should be

---

[4] To date, the plaintiff has not filed an amended complaint in the adversary proceeding.

- 4 -

considered as currently the subject of a filed objection. Nonetheless, the Borrower Claims Trust has referenced the adversary proceeding herein out of an abundance of caution.

9. Another potential Unresolved Claim of which the Borrower Claims Trust is aware is the subject of a pending motion for leave to file a late proof of claim filed by Lolina Porter [Docket No. 10451]. The Borrower Claims Trust filed an objection to the motion on January 19, 2018 [Docket No. 10465],[5] and Ms. Porter filed a response on April 24, 2018 [Docket No. 10520]. The Court has not yet ruled on the motion, and there is a hearing scheduled on the motion for May 8, 2018 [Docket No. 10513].

10. With the exception of the foregoing Unresolved Claims, the Borrower Claims Trust believes that it has reconciled all other Borrower Claims. However, the extension of the Claims Objection Deadline will allow the Borrower Claims Trust to confirm that it has in fact addressed and reconciled all such other Borrower Claims.

11. Accordingly, the Liquidating Trust believes that a brief extension of the Claims Objection Deadline to July 13, 2018 will allow the Borrower Claims Trust to resolve or otherwise address the claims outline above and to confirm that it has addressed and reconciled all other Borrower Claims.[6] This extension should not prejudice claimants; to the contrary, Borrowers should ultimately receive greater distributions if the Borrower Claims Trust is given the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those remaining Claims that are improperly filed or unsubstantiated. While additional extensions of time may be necessary – and the Liquidating Trust (for itself and the Borrower Claims Trust)

---

[5] As an objection to the motion for leave to file a late proof of claim has been filed, the Claims Objection Deadline need not be extended with respect to such claim, but the Trusts are referencing it herein to provide the Court with a full understanding of the Unresolved Claims.

[6] While the Liquidating Trust believes that all Non-Borrower Claims have been reconciled, the extension sought herein will apply to all Claims and to both the Liquidating Trust and the Borrower Claims Trust.

- 5 -

expressly reserves the right to seek such additional extensions – the Liquidating Trust and the Borrower Claims Trust will attempt to resolve, and, if necessary, file objections to, the Unresolved Claims before the expiration of the extended Claims Objection Deadline.

## NOTICE

12.     Although Article I.A.54 of the Plan expressly states that the Liquidating Trust may move this Court to extend the Claims Objection Deadline without hearing or notice to any party, out of an abundance of caution, notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]) and to the known claimants with Unresolved Claims.  The Liquidating Trust submits that no further notice of the Motion is necessary.

## NO PRIOR REQUESTS

13.     No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Liquidating Trust (on behalf of the Borrower Claims Trust) respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline to July 13, 2018; and grant such other and further relief as the Court may deem proper.

Dated: May 4, 2018
New York, New York

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        /s/ Joseph A. Shifer
        Kenneth H. Eckstein
        Douglas H. Mannal
        Joseph A. Shifer
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100

*Counsel for the ResCap Liquidating Trust*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
|  | ) Chapter 11 |
| Debtors. | ) |
|  | ) Jointly Administered |
|  | ) |

**ORDER EXTENDING THE DATE BY WHICH**
**OBJECTIONS TO CLAIMS MUST BE FILED**

Upon the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), for an order to extend the Claims Objection Deadline, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided, and the relief requested in the Motion being in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Borrower Claims Trust, the Borrower Claims Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the *Declaration of Jill Horner in Support of the Motion to Further Extend the Date by Which Objections to Claims Must be Filed* annexed to the Motion as **Exhibit 2**; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The Claims Objection Deadline with respect to all Claims is extended to July 13, 2018, without prejudice to the Liquidating Trust's ability to seek further extensions for itself and the Borrower Claims Trust for good cause shown.

3. The Court shall retain jurisdiction relating to the interpretation and implementation of this Order.

Dated: _____, 2018
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 2**

**Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JILL HORNER IN SUPPORT
OF THE MOTION TO FURTHER EXTEND THE
DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

I, Jill Horner, hereby declare as follows:

1. I serve as the Chief Financial Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"). I have been employed by affiliates of ResCap since 2000, originally as the Manager of Financial Planning and Analysis for Residential Capital Group, a managerial division under Residential Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003 and expanded my role to include Financial Servicing Operations on or around 2007, a position I held until 2010, when I became interim Senior Financial Officer for the International Business Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a position I held until I became the Chief Finance Executive. In my current position, as Chief Financial Officer to the Liquidating Trust, among other duties, I continue to assist the Trust in connection with the claims reconciliation process. I am authorized to submit this declaration (the

"**Declaration**") in support of the *Motion to Further Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").[1]

    2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' and the Liquidating Trust's professionals and consultants, the Borrower Claims Trust's professionals, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Declaration on that basis.

    3. In my capacity as Chief Financial Officer, I am familiar with the claims reconciliation process in these Chapter 11 cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

4. Considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5. To date, approximately 7,499 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.[2] The Claims consist of approximately 3,040 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts. In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims are identified in the Schedules (including contingent, unliquidated, and disputed claims).

6. Since the Effective Date, the Liquidating Trust, as well as the Borrower Claims Trust, has undertaken a comprehensive review of the Claims. To date, all 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion have been resolved, expunged, or withdrawn,[3] and 3,037 Borrower Claims with asserted liabilities of approximately

---

[2] Although it is possible that untimely proofs of claims may still be filed, any such late-filed claim would be submitted years after the applicable bar date, and pursuant to the Chapter 11 Plan, shall be deemed disallowed without any further notice to or action, order, or approval of the Bankruptcy Court. *See* Chapter 11 Plan, Art. VIII.B.

[3] In addition, the Liquidating Trust understands one other late-filed claim may be voluntarily withdrawn by the claimant. Although the Liquidating Trust believes the claim should be automatically disallowed, to the extent the claimant does not withdraw the claim, the Liquidating Trust reserves the right to object on any basis to this claim, as well as to any other late filed claim or motion for leave to file a late claim.

$15.5 billion have been resolved, expunged or withdrawn, with only 3 Borrower Claims remaining to be resolved.

7. The following chart summarizes the resolution of the 7,496 resolved Claims:

| Resolved Claims Summary | | | | | |
|---|---|---|---|---|---|
| $ in millions | Total Asserted Amount | Total Claims | Wholly or Partially Unliquidated Claims | Number Disallowed | Number Allowed |
| Administrative | $ 28 | 105 | 33 | 23 | 82 |
| Secured | 2 | 165 | 17 | 46 | 119 |
| Priority | 3 | 84 | 6 | 44 | 40 |
| General Unsecured | 10,574 | 1,488 | 661 | 491 | 997 |
| Resolved Prior to Effective Date | 83,937 | 2,617 | 1,514 | 883 | 1,734 |
| **Total Non-Borrower** | **94,544** | **4,459** | **2,231** | **1,487** | **2,972** |
| **Borrower** | 15,487 | 3,037 | 295 | 2,636 | 401 |
| **Total Claims** | **$ 110,031** | **7,496** | **2,526** | **4,123** | **3,373** |

1) Claims resolved prior to Effective Date include, among others, claims under the RMBS Settlement, NJ Carpenters Settlement, and the Private Securities Settlements, as well as individual claims.
2) Borrower Claims exclude 3 unresolved claims and 1 potential claim relating to pending motion to file a late-claim (*see* Motion, ¶ 9).
3) The 2,636 Borrower Claims disallowed total includes 1 claim that has been disallowed but has been appealed and is still pending on appeal pursuant to a petition for rehearing filed by the Borrower claimant appellee.

8. Although the claims reconciliation process to date has successfully addressed almost every single Claim, there remain a handful of unresolved Borrower Claims (the "**Unresolved Claims**"), The Unresolved Claims assert liabilities in the liquidated amount of approximately $512,570.00 plus unliquidated amounts. I understand that the Borrower Claims Trust is currently in the process of addressing the Unresolved Claims, and expects to resolve or otherwise address them in the near term, although it is possible that the resolution of such claims will not be finalized by the current Claims Objection Deadline.

9. The Liquidating Trust believes that briefly extending the Claims Objection Deadline to July 13, 2018 will allow the Borrower Claims Trust to resolve the handful of remaining claims. This extension should not prejudice claimants; to the contrary, Borrowers should ultimately receive greater distributions if the Borrower Claims Trust is given the

opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those remaining Claims that are improperly filed or unsubstantiated. During this extension, I understand that the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2018

/s/ Jill Horner
Jill Horner
Chief Financial Officer for the
ResCap Liquidating Trust