**Presentment Date and Time: July 5, 2018 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: July 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF PRESENTMENT OF MOTION OF THE**
**RESCAP LIQUIDATING TRUST FOR AN ORDER AUTHORIZING**
**THE ACQUISITION OF PREVIOUSLY ABANDONED ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On June 21, 2018, the ResCap Liquidating Trust filed the *Motion for an Order Authorizing the Acquisition of Previously Abandoned Assets* (the "**Motion**").

2.       The ResCap Liquidating Trust will present the Motion to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004-1408, for signature on **July 5, 2018 at 12:00 p.m.** (prevailing Eastern Time).

3.       Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **July 5, 2018 at 10:00 a.m.** (prevailing Eastern Time) upon (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and

Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Kathy Nye).

4.    If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.    A copy of the Motion can be viewed and obtained for a fee via PACER at www.pacer.gov or without charge on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:    June 21, 2018
          New York, NY

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/  Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Presentment Date and Time: July 5, 2018 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: July 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**MOTION OF THE RESCAP**
**LIQUIDATING TRUST FOR AN ORDER AUTHORIZING**
**THE ACQUISITION OF PREVIOUSLY ABANDONED ASSETS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the

debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"),

hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form

attached hereto as **Exhibit 1** (the "**Proposed Order**"), authorizing the Liquidating Trust to

acquire assets (including, as discussed below, cash generated by such assets) previously

abandoned by the Debtors.  In support of the Motion, the Liquidating Trust submits the

declaration of Jill Horner, Chief Financial Officer of the Liquidating Trust (the "**Horner**

**Declaration**"), attached hereto as **Exhibit 2**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Prior to the Effective Date of the Plan and the transfer of the Debtors' assets to the Liquidating Trust, the Debtors filed the Abandonment Motion seeking to abandon certain assets that, at the time, were deemed to be net liabilities.  To protect the Liquidating Trust and the holders of units in the Liquidating Trust (i.e., the Debtors' non-borrower general unsecured creditors) from the perceived liabilities associated with holding these assets, the Debtors sought to abandon the assets to prevent their transfer to the Liquidating Trust.

2.      Among these assets were the residual interests in certain RMBS securitizations (as defined below, the Trust Certificates).  These residual interests are akin to holding the equity of the RMBS securitization – cash is distributed on the Trust Certificates only after all senior securities issued by the RMBS securitization are paid in full.  Given the predicted poor performance of the loans underlying the RMBS securitizations at the time the Abandonment Motion was filed, it seemed unlikely that the Trust Certificates would receive substantial cash distributions, yet ownership of the Trust Certificates would bring with it significant tax liabilities and tax reporting obligations.

3.      However, since the Liquidating Trust was established, some of the RMBS securitizations have performed better than expected.  In fact, all of the senior securities issued by certain of the RMBS securitizations have been paid in full, resulting in not only the payment in full of the senior securities they issued, but significant cash distributions to their Trust Certificates.  As described in more detail below, because the senior securities have been paid in full, many of the tax issues that caused the Debtors to prevent the transfer of the Trust Certificates to the Liquidating Trust have been eliminated.  Accordingly, the Liquidating Trust, as the entity responsible for unwinding the affairs of the Debtors, has determined that it is in the best interests of its unit holders to acquire the Trust Certificates and the cash that accumulated on

account thereof.  To be clear, the Liquidating Trust is not seeking to retroactively undo or rescind the Debtors' abandonment of the Trust Certificates.  Rather, the Liquidating Trust is seeking to acquire these assets anew.  While the Liquidating Trust believes that it is within its powers granted under the Plan and the Liquidating Trust Agreement to acquire the Trust Certificates, it brings this Motion out of an abundance of caution and to provide as wide as possible notice of its intentions.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The predicates of this Motion are sections 105(a) and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 60(a) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

## BACKGROUND

6.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving

the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[1]

        8.      On December 17, 2013, the Debtors filed their *Motion Pursuant to Sections 105(a) and 554(a) of the Bankruptcy Code for an Order Approving Abandonment of Debtors' Interests in Certain Estate Assets* [Docket No. 6139] (the "**Abandonment Motion**"). On January 29, 2014, the Court entered an order granting the Abandonment Motion [Docket No. 6380].[2]  The Abandonment Motion was supported by a declaration of William Tyson, at the time, the Debtors' Chief Asset Disposition Officer (the "**Tyson Declaration**"), which was attached to the Abandonment Motion as Exhibit 3.

        9.      On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**") [Docket No. 6137], and, among other things, the Liquidating Trust was established pursuant to that certain Liquidating Trust Agreement dated as of the Effective Date (the "**Liquidating Trust Agreement**") to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust issued units of beneficial interest in the Liquidating Trust to certain holders of allowed claims (as well as to a reserve for disputed claims) that are beneficiaries of the Liquidating Trust (the "**Unit Holders**").  One of the Liquidating Trust's primary functions is to manage the Debtors' assets for the benefit of Unit Holders.  In accordance with the Plan and the Liquidating Trust Agreement, the Liquidating Trust makes periodic distributions of cash to Unit Holders.  As of the date hereof, the Liquidating Trust has distributed more than $2.79 billion to Unit Holders (including distributions made on the Effective Date).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2] On April 12, 2016, the Court entered an order correcting a clerical error in the original order approving the Abandonment Motion [Docket No. 9834].

## THE ABANDONED ASSETS

10.    Among the assets that were abandoned pursuant to the Abandonment Motion were a group of securities representing residual interests in the form of trust certificates (each a "**Trust Certificate**," and, collectively, the "**Trust Certificates**") issued by certain securitization vehicles (the "**Securitization Trusts**").  Each Trust Certificate entitles its holder to receive certain cash flows from a securitized portfolio of residential mortgage loans (the "**Loans**").  The Trust Certificates that were abandoned represent the lower tranches of securities issued by the relevant Securitization Trust and, depending on the performance of the Loans underlying the relevant Securitization Trust, would receive significant cash flows only after all senior securities of the Securitization Trust were paid in full.

11.    As described more fully in the Abandonment Motion and the Tyson Declaration, the Debtors determined to abandon the Trust Certificates because it was anticipated that the Trust Certificates would yield little income yet cause Unit Holders to suffer material adverse tax consequences.  Accordingly, the Debtors sought to protect the Liquidating Trust and Unit Holders from these consequences by seeking their abandonment and thus preventing their transfer to the Liquidating Trust.[3]

12.    Specifically, if the Liquidating Trust were to have acquired the Trust Certificates while the senior securities of the Securitization Trusts were outstanding, there was a significant risk that the Unit Holders would be required to recognize "phantom income" in respect of the Trust Certificates.  This "phantom income" would result because the holder of a Trust Certificate would have taxable interest income from payments on the Loans made to a

---

[3]  In addition, the Trust Certificates were explicitly excluded from the definition of "Available Assets" under the Plan, and were classified as "Excluded Assets," thus preventing their transfer to the Liquidating Trust under section 2.5(a) of the Liquidating Trust Agreement.  *See* Schedule 6 to the Plan.

Securitization Trust by borrowers in excess of interest deductions from payments made by the

Securitization Trust on the senior securities, but would not receive cash to pay the tax, because

the Securitization Trust would use the cash received on account of the Loans to pay the senior

securities issued by the Securitization Trust (and other expenses of the Securitization Trust)

before any distributions would be made to the holder of the Trust Certificate.  Also, the holder of

a Trust Certificate would realize taxable ordinary income if a Securitization Trust paid less than

the full amount of senior securities as the result of the non-performance of the Loans.  This

income, however, could not be offset by the actual losses realized due to the non-performance of

the Loans or losses on any real estate received on foreclosure of the Loans, as such losses would

be treated as capital losses, which cannot be used to offset ordinary income.

13.    Because the Liquidating Trust is treated as a grantor trust for tax purposes,

Unit Holders are treated as owning their proportionate share of the assets of the Liquidating

Trust, and as receiving or incurring their proportionate share of the Liquidating Trust's income

and deductions.  Therefore, had the Liquidating Trust acquired the Trust Certificates while the

senior securities of the Securitization Trusts were outstanding, the Unit Holders could have been

allocated ordinary income without any corresponding distributions on account of the Trust

Certificates.

14.    In addition, the Debtors anticipated tax reporting complexities and

uncertainties resulting from the ownership by the Liquidating Trust of the Trust Certificates

while the senior securities of the Securitization Trusts were outstanding.  This included the

possibility that the Securitization Trusts would be treated as partnerships, with respect to which

the Liquidating Trust would have been required to file partnership tax returns and issue Schedule

K-1s to Unit Holders.  The Liquidating Trust, however, lacks sufficient information about the

Unit Holders, who hold in street name, to issue to them a Schedule K-1, and the Liquidating Trust likely would have incurred significant additional tax advisory and compliance costs to resolve and satisfy its reporting obligations; failure to comply with applicable reporting requirements could have subjected the Liquidating Trust to significant penalties. Since the abandonment of the Trust Certificates, however, the senior securities issued by a number of the Securitization Trusts have been paid in full, and the underlying Loans have performed better than expected. The Securitization Trusts have made—and in some cases may continue to make—significant distributions on the Trust Certificates. The recognition of phantom income has therefore ceased to be a problem. Moreover, with the payment in full of the senior securities, it is less likely that the Securitization Trusts will be classified for tax purposes as partnerships (instead, they likely will be treated as grantor trusts, the same classification that applies to the Liquidation Trust itself). In short, the potential adverse tax consequences attributable to ownership of the Trust Certificates described above have been eliminated.

15.    Consistent with the Abandonment Motion, the Trust Certificates, and the cash that has recently accumulated on account thereof, have never been reflected on the books and records of the Liquidating Trust. Instead, the funds received on account of the Trust Certificates have been held in bank accounts in the name of the Debtors. In addition, some of the checks received on account of the Trust Certificates remain uncashed by the Liquidating Trust. The Liquidating Trust also believes that certain checks were issued on account of the Trust Certificates but never received.

16.    The following table lists the Trust Certificates that the Liquidating Trust is seeking to acquire:

| Securitization Trust | Trust Certificate | Description in Abandonment Motion |
|---|---|---|
| Home Equity Loan Trust 1998-HI2 | Residual Certificate | 1998 HI2 CL A COMMON |

| Home Equity Loan Trust 2003-HI2 | Class R Certificate | 2003 HI2 CL A COMMON |
| Home Equity Loan Trust 2003-HI4 | Class R Certificate | 2003 HI4 CL A COMMON |
| Home Equity Loan Trust 2004-HI1 | Class R Certificate | 2004 HI1 CL A COMMON |
| Home Equity Loan Trust 2004-HI2 | Owners Certificate | SER 2004 HI2 CERT |
| Home Equity Loan Trust 2005-HI2 | Owners Certificate | RFC05HI2 CERT |
| Home Equity Loan Trust 2005-HI3 | Owners Certificate | RFC05HI3 CERT |
| Home Equity Loan Trust 2006-HI1 | Owners Certificate | RFC06HI1 CERT |
| Home Equity Loan Trust 2004-VFT | Owners Certificate | GMEN 2004-VFT |

17.     As of the date hereof, the total amount of cash that has accumulated on account of the Trust Certificates and been delivered to the Liquidating Trust is approximately $19 million (including checks that not have yet been cashed), with another $14.5 million yet to be delivered.  As noted, consistent with the Abandonment Motion, the Liquidating Trust has segregated the cash received (or in some instances did not cash checks received from the relevant Securitization Trust pending this Motion).  While certain of the Securitization Trusts have made final distributions, certain of the Trust Certificates are expected to generate additional cash over the life of the Securitization Trusts.

## RELIEF REQUESTED

18.     By the Motion, the Liquidating Trust seeks to acquire the Trust Certificates which were previously abandoned by the Debtors (along with the cash that has accumulated on account of the Trust Certificates).  Although the Liquidating Trust believes that acquiring the Trust Certificates and such cash is within its mandate and does not require court approval, the Liquidating Trust has filed this Motion out of an abundance of caution and to ensure sufficient notice to affected parties.

## BASIS FOR RELIEF REQUESTED

19.     Pursuant to the Liquidating Trust Agreement, the Liquidating Trust is empowered to "act to maximize the distributions to Unitholders."  *See* Liquidating Trust Agreement 6.4(c).  The Liquidating Trust Agreement also provides that the Court "shall have

- 8 -

exclusive jurisdiction over the Liquidating Trust, including, without limitation, the administration and activities of the Liquidating Trust." *See* Liquidating Trust Agreement 13.2. Further, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY, ¶ 105.01, at 105-6 (15th ed. rev. 1999). *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *TWA, Inc. v. Texaco, Inc. (In re Texaco, Inc.)*, 92 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

20.    But for the Debtors' abandonment of the Trust Certificates pursuant to the Abandonment Motion, the Trust Certificates would have been transferred to the Liquidating Trust for the benefit of Unit Holders. The adverse tax consequences associated with owning the Trust Certificates have been eliminated. Accordingly, it is the Liquidating Trust's duty, consistent with its obligation to maximize recoveries for Unit Holders, to take possession of the Trust Certificates (and the cash that has accumulated thereon) for the benefit of Unit Holders.

21.    To be clear, the Liquidating Trust is **not** seeking to retroactively undo the Debtors' abandonment of the Trust Certificates. Not only is such relief potentially contrary to section 554(a) of the Bankruptcy Code,[4] but retroactive acquisition of the Trust Certificates could also result in the adverse tax consequences described above should the Trust Certificates be treated as having been acquired by the Liquidating Trust as of the Effective Date. Instead, the

---

[4] *See, e.g., In re Mejia*, 576 B.R. 464, 469 (Bankr. S.D.N.Y. 2017) (noting that abandonment under section 554(a) is generally irrevocable).

Liquidating Trust intends to acquire the Trust Certificates (and the cash accumulated thereon) following entry of the Proposed Order by the Court.

22.    Further, because the Trust Certificates were previously abandoned by the Debtors, the Liquidating Trust has filed this Motion to ensure that any potential party that may have an interest in the Trust Certificates has received notice of the Liquidating Trust's intent to acquire the Trust Certificates.   To this end, the Liquidating Trust has reviewed the notice provisions of the documents governing the Securitization Trusts and will cause this Motion to be served on each of the Master Servicers, the Owner Trustees, the Depositors, the Indenture Trustees, the Certificate Registrars, and the Paying Agents (or the equivalent roles for a given Securitization Trust) of each of the Trust Certificates (collectively, the "**Additional Notice Parties**").   A full list of the Additional Notice Parties associated with each of the Trust Certificates is included on **Exhibit 3**.

23.    Because the potential adverse tax consequences that caused the Debtors to abandon the Trust Certificates would no longer result from holding the Trust Certificates, there is no reason why Unit Holders should be deprived of the significant value offered by the Trust Certificates.   To the best of the Liquidating Trust's knowledge, no entity currently owns, or has any claims to, the Trust Certificates, as demonstrated by the recent delivery of the cash generated on account of the Trust Certificates to the Liquidating Trust.   Accordingly, the Liquidating Trust submits that entry of the Proposed Order is appropriate.

**NOTICE**

24.    Notice of the Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]).   In

addition, notice of the Motion has been provided to the Additional Notice Parties.    The

Liquidating Trust submits that no further notice of the Motion is necessary.

## NO PRIOR REQUESTS

25.    No previous request for the relief sought herein has been made to this or

any other Court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter

the Proposed Order, and grant such other and further relief as the Court may deem proper.

Dated:  June 21, 2018
        New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the ResCap Liquidating Trust*

## **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING**
**THE ACQUISITION OF PREVIOUSLY ABANDONED ASSETS**

Upon the motion (the "**Motion**") of the Debtors[1] for entry of an order (the "**Order**"), authorizing the acquisition of previously abandoned assets, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the Declaration of Jill Horner annexed to the Motion as <u>Exhibit 2</u>; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED to the extent provided herein.

2.      Consistent with its duties under the Plan and the Liquidation Order, the Liquidating Trust is authorized to acquire the Trust Certificates along with any cash that has accumulated on account thereof.

3.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
        [            ], 2018

_____
        MARTIN GLENN
        United States Bankruptcy Judge

# EXHIBIT 2

**Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

------------------------------------------------------------

)
)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**DECLARATION OF JILL HORNER IN SUPPORT**
**OF THE MOTION OF THE RESCAP**
**LIQUIDATING TRUST FOR AN ORDER AUTHORIZING**
**THE ACQUISITION OF PREVIOUSLY ABANDONED ASSETS**

I, Jill Horner, hereby declare as follows:

1.     I serve as the Chief Financial Officer for the ResCap Liquidating Trust
(the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance
Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the
debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"). I have
been employed by affiliates of ResCap since 2000, originally as the Manager of Financial
Planning and Analysis for Residential Capital Group, a managerial division under Residential
Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003
and expanded my role to include Financial Servicing Operations on or around 2007, a position I
held until 2010, when I became interim Senior Financial Officer for the International Business
Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a
position I held until I became the Chief Finance Executive.   I am authorized to submit this

declaration (the "**Declaration**") in support of the *Motion of the ResCap Liquidating Trust for an Order Authorizing the Acquisition of Previously Abandoned Assets* (the "**Motion**").[1]

2.       In my capacity as Chief Financial Officer, I am familiar with the administration and operations of the Liquidating Trust. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, and the Debtors' and the Liquidating Trust's professionals.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Declaration on that basis.

3.       On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.       On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].

5.       On December 17, 2013, the Debtors filed their *Motion Pursuant to Sections 105(a) and 554(a) of the Bankruptcy Code for an Order Approving Abandonment of Debtors' Interests in Certain Estate Assets* [Docket No. 6139] (the "**Abandonment Motion**").  On January 29, 2014, the Court entered an order granting the Abandonment Motion [Docket No.

---

[1]       Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

6380].  The Abandonment Motion was supported by a declaration of William Tyson, at the time, the Debtors' Chief Asset Disposition Officer (the "**Tyson Declaration**"), which was attached to the Abandonment Motion as Exhibit 3.

6.       On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**") [Docket No. 6137], and, among other things, the Liquidating Trust was established pursuant to that certain Liquidating Trust Agreement dated as of the Effective Date (the "**Liquidating Trust Agreement**") to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust issued units of beneficial interest in the Liquidating Trust to certain holders of allowed claims (as well as to a reserve for disputed claims) that are beneficiaries of the Liquidating Trust (the "**Unit Holders**").  One of the Liquidating Trust's primary functions is to manage the Debtors' assets for the benefit of Unit Holders.  In accordance with the Plan and the Liquidating Trust Agreement, the Liquidating Trust makes periodic distributions of cash to Unit Holders.  As of the date hereof, the Liquidating Trust has distributed more than $2.79 billion to Unit Holders (including distributions made on the Effective Date).

7.       Among the assets that were abandoned pursuant to the Abandonment Motion were a group of securities representing residual interests in the form of trust certificates (each a "**Trust Certificate**," and, collectively, the "**Trust Certificates**") issued by certain securitization vehicles (the "**Securitization Trusts**").  Each Trust Certificate entitles its holder to receive certain cash flows from a securitized portfolio of residential mortgage loans (the "**Loans**").  The Trust Certificates that were abandoned represent the lower tranches of securities issued by the relevant Securitization Trust and, depending on the performance of the Loans

- 3 -

underlying the relevant Securitization Trust, would receive significant cash flows only after all senior securities of the Securitization Trust were paid in full.

8.        As described more fully in the Abandonment Motion and the Tyson Declaration, the Debtors determined to abandon the Trust Certificates because it was anticipated that the Trust Certificates would yield little income yet cause Unit Holders to suffer material adverse tax consequences.

9.        Specifically, if the Liquidating Trust were to have acquired the Trust Certificates while the senior securities of the Securitization Trusts were outstanding, there was a significant risk that the Unit Holders would be required to recognize "phantom income" in respect of the Trust Certificates.  This "phantom income" would result because the holder of a Trust Certificate would have taxable interest income from payments on the Loans made to a Securitization Trust by borrowers in excess of interest deductions from payments made by the Securitization Trust on the senior securities, but would not receive cash to pay the tax, because the Securitization Trust would use the cash received on account of the Loans to pay the senior securities issued by the Securitization Trust (and other expenses of the Securitization Trust) before any distributions would be made to the holder of the Trust Certificate.  Also, the holder of a Trust Certificate would realize taxable ordinary income if a Securitization Trust paid less than the full amount of senior securities as the result of the non-performance of the Loans.  This income, however, could not be offset by the actual losses realized due to the non-performance of the Loans or losses on any real estate received on foreclosure of the Loans, as such losses would be treated as capital losses, which cannot be used to offset ordinary income.

10.       Because the Liquidating Trust is treated as a grantor trust for tax purposes, Unit Holders are treated as owning their proportionate share of the assets of the Liquidating

Trust, and as receiving or incurring their proportionate share of the Liquidating Trust's income and deductions. Therefore, had the Liquidating Trust acquired the Trust Certificates while the senior securities of the Securitization Trusts were outstanding, the Unit Holders could have been allocated ordinary income without any corresponding distributions on account of the Trust Certificates.

11. In addition, the Debtors anticipated tax reporting complexities and uncertainties resulting from the ownership by the Liquidating Trust of the Trust Certificates while the senior securities of the Securitization Trusts were outstanding. This included the possibility that the Securitization Trusts would be treated as partnerships, with respect to which the Liquidating Trust would have been required to file partnership tax returns and issue Schedule K-1s to Unit Holders. The Liquidating Trust, however, lacks sufficient information about the Unit Holders, who hold in street name, to issue to them a Schedule K-1, and the Liquidating Trust likely would have incurred significant additional tax advisory and compliance costs to resolve and satisfy its reporting obligations; failure to comply with applicable reporting requirements could have subjected the Liquidating Trust to significant penalties.

12. Since the abandonment of the Trust Certificates, however, the senior securities issued by a number of the Securitization Trusts have been paid in full, and the underlying Loans have performed better than expected. The Securitization Trusts have made— and in some cases may continue to make—significant distributions on the Trust Certificates. The recognition of phantom income has therefore ceased to be a problem. Moreover, with the payment in full of the senior securities, it is less likely that the Securitization Trusts will be classified for tax purposes as partnerships (instead, they likely will be treated as grantor trusts, the same classification that applies to the Liquidation Trust itself). In short, the potential adverse

tax consequences attributable to ownership of the Trust Certificates described above have been eliminated.  Consistent with the Abandonment Motion, the Trust Certificates, and the cash that has recently accumulated on account thereof, have never been reflected on the books and records of the Liquidating Trust.  Instead, the funds received on account of the Trust Certificates have been held in bank accounts in the name of the Debtors.  In addition, some of the checks received on account of the Trust Certificates remain uncashed by the Liquidating Trust.  The Liquidating Trust also believes that certain checks were issued on account of the Trust Certificates but never received.

13.    The following table lists the Trust Certificates that the Liquidating Trust is seeking to acquire:

| Securitization Trust | Trust Certificate | Description in Abandonment Motion |
|---|---|---|
| Home Equity Loan Trust 1998-HI2 | Residual Certificate | 1998 HI2 CL A COMMON |
| Home Equity Loan Trust 2003-HI2 | Class R Certificate | 2003 HI2 CL A COMMON |
| Home Equity Loan Trust 2003-HI4 | Class R Certificate | 2003 HI4 CL A COMMON |
| Home Equity Loan Trust 2004-HI1 | Class R Certificate | 2004 HI1 CL A COMMON |
| Home Equity Loan Trust 2004-HI2 | Owners Certificate | SER 2004 HI2 CERT |
| Home Equity Loan Trust 2005-HI2 | Owners Certificate | RFC05HI2 CERT |
| Home Equity Loan Trust 2005-HI3 | Owners Certificate | RFC05HI3 CERT |
| Home Equity Loan Trust 2006-HI1 | Owners Certificate | RFC06HI1 CERT |
| Home Equity Loan Trust 2004-VFT | Owners Certificate | GMEN 2004-VFT |

14.    As of the date hereof, the total amount of cash that has accumulated on account of the Trust Certificates and been delivered to the Liquidating Trust is approximately $19 million (including checks that not have yet been cashed), with another $14.5 million yet to be delivered.  As noted, consistent with the Abandonment Motion, the Liquidating Trust has segregated the cash received (or in some instances did not cash checks received from the relevant Securitization Trust pending this Motion).  While certain of the Securitization Trusts have made final distributions, certain of the Trust Certificates are expected to generate additional cash over the life of the Securitization Trusts.

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 21, 2018

/s/ Jill Horner
Jill Horner
Chief Financial Officer for the
ResCap Liquidating Trust

**Exhibit 3**
**Additional Notice Parties**

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 1998-HI2 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |
| 1998-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 1998-HI2 | Home Loan Trust 1998-HI2 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 1998-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 10 Universal Plaza<br>Suite 2100<br>Attn: Addition Director – Bond Administration<br>Universal City, CA 91608 |
| 1998-HI2 | Fitch IBCA, Inc. | Ratings Agency | One State Street Plaza<br>33rd Floor<br>Attn: Residential Mortgage Pass-Through Monitoring<br>New York, NY 10004 |
| 1998-HI2 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10007 |
| 1998-HI2 | Moody's | Ratings Agency | 99 Church Street<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10007 |
| 1998-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Wilmington, DE 19890-0001 |
| 1998-HI2 | The Chase Manhattan Bank | Indenture Trustee/ Grantor Trustee | 450 West 33rd Street<br>10th Floor<br>Attn: Global Trust Services<br>New York, NY 10001 |
| 1998-HI2 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 700<br>Attn: Distribution - Asset-Backed Group, Home Loan Trust 1998-HI2<br>Minneapolis, MN 55437 |
| 2003-HI2 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2003-HI2 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street 12th Floor Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2003-HI2 Pittsburgh, PA 15262-00001 |
| 2003-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North 1000 North Market Street Attn: Corporate Trust Administration Wilmington, DE 19890 |
| 2003-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street Christiansted, USVI 00820-5080 |
| 2003-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd. Suite 650 Glendale, CA 91203 |
| 2003-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street Suite 400 Attn: Addition Director – Bond Administration Burbank, CA 91504-3120 |
| 2003-HI2 | JPMorgan Chase Bank | Class B Trustee | 4 New York Plaza 6th Floor Attn: Institutional Trust Services/ Structured Finance Services - Home Loan Trust 2003-HI2 New York, NY 10004 |
| 2003-HI2 | J.P. Morgan Trust Company (Cayman) Limited | Paying Agent | P.O. Box 1984 Elizabethan Square Attn: Foreign Obligation Exchange, Inc., 2003-HI2 George Town, Grand Cayman Cayman Islands BWI |
| 2003-HI2 | JPMorgan Chase Bank (London Brand) Plc | Authenticating Agent | 9 Thomas More Street Re: FOXI Home Loan Trust, Series 2003-HI2 London England E1W1YT |
| 2003-HI2 | Class B Issuer c/o Maples Finance Limited | Class B Issuer | P.O. Box 1093 Queensgate House South Church Street Attn: Foreign Obligation Exchange, Inc., 2003-HI2 George Town, Grand Cayman Cayman Islands BWI |
| 2003-HI2 | Residential Funding | Manager | 8400 Normandale Lake Boulevard Suite 700 Attn: Distribution - Asset-Backed Group, Home Loan Trust 2003-HI2 Minneapolis, MN 55437 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|--------------------|---------|
| 2003-HI2 | Administrator c/o Maple Finance Limited | Administrator | P.O. Box 1093<br>Queensgate House<br>South Church Street<br>Attn: Foreign Obligation Exchange, Inc., 2003-HI2<br>George Town, Grand Cayman<br>Cayman Islands BWI |
| 2003-HI2 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Structured Finance Department – MBS<br>New York, NY 10041 |
| 2003-HI2 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10007 |
| 2003-HI2 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 700<br>Attn: Distribution - Asset-Backed Group, Home Loan Trust 1998-HI2<br>Minneapolis, MN 55437 |
| 2003-HI2 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>Surveillance Group<br>New York, NY 10001 |
| 2003-HI2 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2003-HI2 | Home Loan Trust 2003-HI2 | Depositor | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2003-HI2 | JPMorgan Chase Bank | Grantor Trustee/ Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/ Structured Finance Services - Home Loan Trust 2003-HI2<br>New York, NY 10004 |
| 2003-HI2 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue<br>New York, NY 10179 |
| 2003-HI2 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 600<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2003-HI2 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard Suite 700 Attn: Managing Director, Structured Finance Minneapolis, MN 55437 |
| 2003-HI2 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E. Attn: MDC – Account Manager Minneapolis, MN 5414 |
| 2003-HI4 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803 Attn: Global Services Boston, MA 02210 |
| 2003-HI4 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street 12th Floor Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2003-HI4 Pittsburgh, PA 15262-00001 |
| 2003-HI4 | Wilmington Trust Company | Owner Trustee | Rodney Square North 1000 North Market Street Attn: Corporate Trust Administration Wilmington, DE 19890 |
| 2003-HI4 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street Christiansted, USVI 00820-5080 |
| 2003-HI4 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd. Suite 650 Glendale, CA 91203 |
| 2003-HI4 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street Suite 400 Attn: Addition Director – Bond Administration Burbank, CA 91504-3120 |
| 2003-HI4 | Home Loan Trust 2003-HI4 | Issuer/Depositor | c/o Wilmington Trust Company Rodney Square North 1000 North Market Street Attn: Corporate Trust Administration Wilmington, DE 19890 |
| 2003-HI4 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc. 55 Water Street 41st Floor Attn: Structured Finance Department – MBS New York, NY 10041 |
| 2003-HI4 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department 99 Church Street Surveillance Group New York, NY 10007 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2003-HI4 | JPMorgan Chase Bank | Grantor Trustee/ Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/ Structured Finance Services - Home Loan Trust 2003-HI2<br>New York, NY 10004 |
| 2003-HI4 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2003-HI4 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E.<br>Attn: MDC – Account Manager<br>Minneapolis, MN 5414 |
| 2003-HI4 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2003-HI4 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |
| 2003-HI4 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn:  Home Mortgage Loan Monitoring Group<br>New York, NY 10007 |
| 2003-HI4 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2003-HI4 | Home Loan Trust 2003-HI4 | Depositor | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2003-HI4 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue<br>New York, NY 10179 |
| 2003-HI4 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 600<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2003-HI4 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2004-HI1 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2004-HI1 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street<br>12th Floor<br>Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2003-HI4<br>Pittsburgh, PA 15262-00001 |
| 2004-HI1 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2004-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street<br>Christiansted, USVI<br>00820-5080 |
| 2004-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2004-HI1 | Home Loan Trust 2004-HI1 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2004-HI1 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Asset Backed Surveillance Department<br>New York, NY 10041 |
| 2004-HI1 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>New York, NY 10007 |
| 2004-HI1 | JPMorgan Chase Bank | Grantor Trustee/ Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/ Structured Finance Services - Home Loan Trust 2004-HI1<br>New York, NY 10004 |
| 2004-HI1 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2004-HI1 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2004-HI1 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2004-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street Suite 400 Attn: Addition Director – Bond Administration Burbank, CA 91504-3120 |
| 2004-HI1 | Moody's | Ratings Agency | 99 Church Street 4th Floor Attn: Home Mortgage Loan Monitoring Group New York, NY 10007 |
| 2004-HI1 | Standard & Poor's | Ratings Agency | 55 Water Street 41st Floor Attn: Residential Mortgage Surveillance Group New York, NY 10041 |
| 2004-HI1 | Wilmington Trust Company | Owner Trustee | Rodney Square North 1000 North Market Street Attn: Corporate Trust Administration Wilmington, DE 19890-0001 |
| 2004-HI1 | Home Loan Trust 2004-HI1 | Depositor | c/o Wilmington Trust Company Rodney Square North 1000 North Market Street Attn: Corporate Trust Administration Wilmington, DE 19890-0001 |
| 2004-HI1 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue New York, NY 10179 |
| 2004-HI1 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard Suite 600 Attn: Managing Director, Structured Finance Minneapolis, MN 55437 |
| 2004-HI1 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard Suite 250 Attn: Managing Director, Structured Finance Minneapolis, MN 55437 |
| 2004-HI1 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E. Attn: MDC – Account Manager Minneapolis, MN 5414 |
| 2004-HI2 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803 Attn: Global Services Boston, MA 02210 |
| 2004-HI2 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street 12th Floor Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2004-HI1 Pittsburgh, PA 15262-00001 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2004-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2004-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street<br>Christiansted, USVI<br>00820-5080 |
| 2004-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2004-HI2 | Home Loan Trust 2004-HI2 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2004-HI2 | Financial Guaranty Insurance Company | Credit Enhancer | 125 Park Avenue<br>New York, NY 1017 |
| 2004-HI2 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Asset Backed Surveillance Department<br>New York, NY 10041 |
| 2004-HI2 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>New York, NY 10007 |
| 2004-HI2 | JPMorgan Chase Bank | Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/<br>Structured Finance Services - Home Loan Trust 2004-HI2<br>New York, NY 10004 |
| 2004-HI2 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2004-HI2 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2004-HI2 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |
| 2004-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street<br>Suite 400<br>Attn: Addition Director – Bond Administration<br>Burbank, CA 91504-3120 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2004-HI2 | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn: Home Mortgage Loan<br>Monitoring Group<br>New York, NY 10007 |
| 2004-HI2 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage<br>Surveillance Group<br>New York, NY 10041 |
| 2004-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2004-HI2 | Home Loan Trust 2004-HI2 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2004-HI2 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue<br>New York, NY 10179 |
| 2004-HI2 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2004-HI2 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2004-HI2 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E.<br>Attn: MDC – Account Manager<br>Minneapolis, MN 5414 |
| 2005-HI2 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |
| 2005-HI2 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street<br>12th Floor<br>Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2005-HI2<br>Pittsburgh, PA 15262-0001 |
| 2005-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2005-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street<br>Christiansted, USVI<br>00820-5080 |
| 2005-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2005-HI2 | Home Loan Trust 2005-HI2 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2005-HI2 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Asset Backed Surveillance Department<br>New York, NY 10041 |
| 2005-HI2 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>New York, NY 10007 |
| 2005-HI2 | JPMorgan Chase Bank | Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/<br>Structured Finance Services - Home Loan Trust 2005-HI2<br>New York, NY 10004 |
| 2005-HI2 | Residential Funding Mortgage Securities II, Inc. | Depositor/Purchaser | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2005-HI2 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2005-HI2 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |
| 2005-HI2 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street<br>Suite 400<br>Attn: Addition Director – Bond Administration<br>Burbank, CA 91504-3120 |
| 2005-HI2 | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn: Home Mortgage Loan Monitoring Group<br>New York, NY 10007 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2005-HI2 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2005-HI2 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2005-HI2 | Home Loan Trust 2005-HI2 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2005-HI2 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue<br>New York, NY 10179 |
| 2005-HI2 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2005-HI2 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E.<br>Attn: MDC – Account Manager<br>Minneapolis, MN 5414 |
| 2005-HI3 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |
| 2005-HI3 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street<br>12th Floor<br>Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2005-HI3<br>Pittsburgh, PA 15262-00001 |
| 2005-HI3 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2005-HI3 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2005-HI3 | Home Loan Trust 2005-HI3 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2005-HI3 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Asset Backed Surveillance Department<br>New York, NY 10041 |
| 2005-HI3 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>New York, NY 10007 |
| 2005-HI3 | JPMorgan Chase Bank | Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Institutional Trust Services/ Structured Finance Services - Home Loan Trust 2005-HI3<br>New York, NY 10004 |
| 2005-HI3 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2005-HI3 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2005-HI3 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |
| 2005-HI3 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street<br>Suite 400<br>Attn: Addition Director – Bond Administration<br>Burbank, CA 91504-3120 |
| 2005-HI3 | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn:  Home Mortgage Loan Monitoring Group<br>New York, NY 10007 |
| 2005-HI3 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2005-HI3 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2005-HI3 | Home Loan Trust 2005-HI3 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2005-HI3 | Residential Funding Securities Corporation | Underwriters | 7501 Wisconsin Avenue<br>Suite 900<br>Attn: General Counsel<br>Bethesda, MD 20814 |
| 2005-HI3 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2005-HI3 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2005-HI3 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E.<br>Attn: MDC – Account Manager<br>Minneapolis, MN 5414 |
| 2006-HI1 | State Street Corporation | Current Security Custodian | 1 Iron Street - CCB803<br>Attn: Global Services<br>Boston, MA 02210 |
| 2006-HI1 | The Bank of New York Mellon Trust Association, N.A. | Indenture Trustee as Certificate Paying Agent | 500 Ross Street<br>12th Floor<br>Attn: Brendan McCarthy, Client Service Manager/ Global Trust - Mortgage Backed Securities - RFMSII 2006-HI1<br>Pittsburgh, PA 15262-00001 |
| 2006-HI1 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2006-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2006-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 1108 King Street<br>Christiansted, USVI<br>00820-5080 |
| 2006-HI1 | Home Loan Trust 2006-HI1 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2006-HI1 | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc.<br>55 Water Street<br>41st Floor<br>Attn: Asset Backed Surveillance Department<br>New York, NY 10041 |
| 2006-HI1 | Moody's Investors Service, Inc. | Ratings Agency | ABS Monitoring Department<br>99 Church Street<br>New York, NY 10007 |
| 2006-HI1 | JPMorgan Chase Bank | Indenture Trustee | 4 New York Plaza<br>6th Floor<br>Attn: Worldwide Securities Services/ Global Debt - Home Loan Trust 2006-HI1<br>New York, NY 10004 |
| 2006-HI1 | Residential Funding Mortgage Securities II, Inc. | Depositor | 8400 Normandale Lake Boulevard<br>Suite 250<br>Minneapolis, MN 55437 |
| 2006-HI1 | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>4th Floor<br>New York, NY 10001 |
| 2006-HI1 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Structured Finance Department - MBS<br>New York, NY 10041 |
| 2006-HI1 | Ocwen Loan Servicing, LLC | Master Servicer | 2255 North Ontario Street<br>Suite 400<br>Attn: Addition Director – Bond Administration<br>Burbank, CA 91504-3120 |
| 2006-HI1 | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn:  Home Mortgage Loan Monitoring Group<br>New York, NY 10007 |
| 2006-HI1 | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2006-HI1 | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |

| Deal | Contact Party | Contact Party Title | Address |
|---|---|---|---|
| 2006-HI1 | Home Loan Trust 2006-HI1 | Issuer | c/o Wilmington Trust Company<br>Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890-0001 |
| 2006-HI1 | Bear, Stearns & Co., Inc. | Underwriters | 383 Madison Avenue<br>New York, NY 10179 |
| 2006-HI1 | Residential Funding Securities Corporation | Underwriters | 7501 Wisconsin Avenue<br>Suite 900<br>Attn: General Counsel<br>Bethesda, MD 20814 |
| 2006-HI1 | Residential Funding Corporation | Seller | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2006-HI1 | Residential Funding Mortgage Securities II, Inc. | Purchaser | 8400 Normandale Lake Boulevard<br>Suite 250<br>Attn: Managing Director, Structured Finance<br>Minneapolis, MN 55437 |
| 2006-HI1 | Wells Fargo Bank Minnesota, N.A. | Custodian | 1015 10 Avenue S.E.<br>Attn: MDC – Account Manager<br>Minneapolis, MN 5414 |
| 2004-VFT | Ocwen Loan Servicing, LLC | Master Servicer | 801 North Brand Blvd.<br>Suite 650<br>Glendale, CA 91203 |
| 2004-VFT | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Administration<br>Wilmington, DE 19890 |
| 2004-VFT | Wells Fargo Bank N. | Indenture Trustee/ Certificate Paying Agent | 9062 Old Annapolis Road<br>Attn: Corporate Trust Services - GMACM Home Variable Funding Trust Equity Notes 2004<br>Columbia, MD 21045 |
| 2004-VFT | GMACR Mortgage Products, Inc. | Depositor | 100 Witmer Road<br>Attn: President re: GMACM Home Equity Notes 2004 Variable Funding Trust<br>Harsham, PA 10944 |
| 2004-VFT | MBIA Insurance Corporation | Enhancer | 113 King Street<br>Attn: Portfolio Management - Structured Finance (IPM-SF) (GMACM Home Equity Notes 2004 Variable Funding Trust)<br>Armonk, NY 10504 |

22

| Deal | Contact Party | Contact Party Title | Address |
|------|---------------|---------------------|---------|
| 2004-VFT | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn: Home Mortgage Loan Monitoring Group<br>New York, NY 10001 |
| 2004-VFT | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2004-VFT | Wells Fargo Bank N. | Indenture Trustee | N. Sixth and Marquette Avenue<br>Attn: Corporate Trust Services<br>Minneapolis, MN 55479 |
| 2004-VFT | GMACR Mortgage Products, Inc. | Servicer | 100 Witmer Road<br>Attn: Al Gentile<br>Horsham, PA 10944 |
| 2004-VFT | Moody's | Ratings Agency | 99 Church Street<br>4th Floor<br>Attn: Home Mortgage Loan Monitoring Group<br>New York, NY 10001 |
| 2004-VFT | Standard & Poor's | Ratings Agency | 55 Water Street<br>41st Floor<br>Attn: Residential Mortgage Surveillance Group<br>New York, NY 10041 |
| 2004-VFT | GMAC Mortgage Corporation | Seller | 100 Witmer Road<br>Attn: Barry Bier, Executive V.P., re: GMACM Home Equity Notes 2004 Variable Funding Trust<br>Horsham, PA 10944 |
| 2004-VFT | GMACR Mortgage Products, Inc. | Purchaser | 100 Witmer Road<br>Attn: Patty Taylor, V.P., re: GMACM Home Equity Notes 2004 Variable Funding Trust<br>Horsham, PA 10944 |
| 2004-VFT | Wells Fargo Bank N. | Indenture Trustee | 9062 Old Annapolis Road<br>Attn: GMACM Home Equity Notes 2004 Variable Funding Trust<br>Columbia, MD 21045 |
| 2004-VFT | Wilmington Trust Company | Owner Trustee | Rodney Square North<br>1000 North Market Street<br>Attn: Corporate Trust Services - GMACM Home Variable Funding Trust Equity Notes 2004<br>Wilmington, DE 19890-0001 |
| 2004-VFT | Moody's Investors Service, Inc. | Ratings Agency | 99 Church Street<br>New York, NY 10007 |

| Deal | Contact Party | Contact Party Title | Address |
|------|--------------|---------------------|---------|
| 2004-VFT | Standard & Poor's | Ratings Agency | A Division of McGraw-Hill Companies, Inc. 55 Water Street New York, NY 10004-1064 |