UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X
                                   :

In re:                                :

RESIDENTIAL CAPITAL, LLC,      :

               Debtor.       :

----------------------------------------------------X
                                   :

21ST MORTGAGE CORP., et al.,    :

             Appellant,    :

     -against-            :

INVEST VEGAS, LLC,         :

             Appellee.    :

----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/18

17 Civ. 7580 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Appellant 21st Mortgage Corporation appeals the Opinion and Order of Martin Glenn, United States Bankruptcy Judge, dated September 27, 2017, denying Appellant's motion for entry of a final judgment or order, and closing the case (the "Closure Order"). For the reasons that follow, there is no subject matter jurisdiction to review the Bankruptcy Court's prior merits rulings and, to the extent that the Closure Order is reviewable, the appeal is denied. Appellee Invest Vegas, LLC's motion for sanctions is denied.

## I.   BACKGROUND

The undisputed facts below are drawn from the record and from the Bankruptcy Court's decisions. *See In re Motors Liquidation Co.*, 777 F.3d 100, 101, 101 n.1 (2d Cir. 2015).

### A.  Factual Background

#### 1.  Appellant's Rights to the Note and Deed of Trust

The present dispute relates to whether Appellee holds clear title to real property located in Las Vegas, Nevada (the "Subject Property").  In 2016, the Bankruptcy Court answered that question in the affirmative.

Appellant holds a promissory note and first priority deed of trust (the "Deed of Trust," together with the note, the "Real Property Instruments") on the Subject Property.  The Real Property Instruments were assets of the Debtors' bankruptcy estate.  Appellant acquired all right, title and interests in the Real Property Instruments through a series of transfers that began with a bankruptcy sale order under sections 105, 363 and 365 of the Bankruptcy Code (the "Sale Order"), 11 U.S.C. §§ 105, 363, 365.  Under the terms of the Sale Order, the Bankruptcy Court retained jurisdiction over interpretation and enforcement of the Sale Order and was authorized to protect the purchaser against any claims against the purchased assets.  The underlying Subject Property itself was not an asset of the Debtors' estate.

#### 2.  Appellee's Rights to the Subject Property

At all relevant times, Meridian Private Residence Homeowners' Association ("Meridian HOA") oversaw and managed the Subject Property.  In June 2009, Meridian HOA recorded a lien for delinquent assessments against the Subject Property, and in October 2012 recorded a notice of foreclosure sale.  Proper notice of the sale was provided to Appellant, as the holder of the Real Property Instruments, in compliance with Nevada foreclosure law.  At the November 14, 2012, foreclosure sale ("HOA Lien Sale"), Meridian HOA purchased the Subject Property, and on December 19, 2012, recorded the foreclosure deed.  In 2014, Meridian HOA transferred

the Subject Property via a quitclaim deed to a third party, which in turn transferred it to

Appellee.

### B.  Procedural Background

#### 1.    Initial Nevada Proceedings

On January 14, 2015, Appellee commenced an action in Nevada state court, seeking quiet

title against all parties -- including Appellant -- that might claim an interest in the Subject

Property.  The action was removed to the United States District Court for the District of Nevada,

and Appellee moved to remand to state court.  The Nevada District Court denied the motion to

remand and referred the case to the United States Bankruptcy Court for the District of Nevada.

*Invest Vegas, LLC v. 21st Mortg. Corp.*, No. 215 Civ. 644, 2015 WL 5946683, at *6 (D. Nev.

Oct. 9, 2015).

At the same time, the Nevada District Court observed that Appellant's security interest in

the Subject Property was part of the Debtors' bankruptcy estate in this action in New York, but

that the Subject Property itself was not.  *Id.* at 3.  During the course of the Debtors' bankruptcy

proceedings, which began in May of 2012, the automatic stay under 11 U.S.C. § 362 protected

property in the Debtors' estate.  The Nevada District Court stated that the HOA Lien Sale of the

Subject Property did not violate the automatic stay, because "[t]he property protected by the

automatic stay was a security interest in the subject property -- not the subject property itself.

Therefore, when the HOA foreclosed on the subject property, it did not foreclose on property of

the bankruptcy estate at all."  *Id.* at *5.  But the Nevada District Court recognized that the

foreclosure had extinguished a security interest that was property of the Debtors' estate, and left

open the question of whether the HOA Lien Sale had violated the automatic stay by rendering

valueless the security interest.  *Id.* at *6.

On January 25, 2016, the Nevada Bankruptcy Court granted Appellant's motion to transfer the action to the Bankruptcy Court for the Southern District of New York.

## 2. Initial S.D.N.Y. Bankruptcy Court Proceeding

The parties cross-moved for summary judgment in the Bankruptcy Court. On August 30, 2016, the Bankruptcy Court denied Appellant's motion and granted Appellee's motion (the "Summary Judgment Order"). *In re Residential Capital, LLC*, 556 B.R. 555, 556 (Bankr. S.D.N.Y. 2016). The Bankruptcy Court held that the HOA Lien Sale did not violate the automatic stay because the Subject Property, which was the subject of the sale, was not property of the Debtors estate. *Id*. at 561. On September 20, 2016, the Bankruptcy Court entered judgment in favor of Appellee determining that the HOA Lien Sale had not violated the automatic stay and that the Deed of Trust owned by Appellant was extinguished under Nevada law. Appellant never appealed the Summary Judgment Order or related judgment.

On September 30, 2016, pursuant to an extension of time granted by the Bankruptcy Court, Appellant timely filed a motion for reconsideration of the Summary Judgment Order and a request for an extension of time to file an appeal. On November 10, 2016, the Bankruptcy Court denied Appellant's motion for reconsideration, as well as its request for an extension of time to appeal (the "Reconsideration Opinion"). *In re Residential Capital, LLC*, 12 Br. 12020, 2016 WL 6783316, at *6 (Bankr. S.D.N.Y. Nov. 10, 2016).

On November 21, 2016, Appellant filed a letter request for a supplemental order vacating those portions of the Bankruptcy Court's judgment and orders affirming that Appellant's security interest was extinguished by the HOA Lien Sale. The Letter also asked for an extension of the time to appeal the Reconsideration Opinion and underlying judgment. On November 21, 2016, the Bankruptcy Court extended the time to appeal the Reconsideration opinion to December 1,

2016, and permitted Appellee to respond to the letter request for the supplemental order.  Despite

the extension of time, Appellant never filed an appeal of the Reconsideration Opinion

On November 30, 2016, the Bankruptcy Court entered a supplemental order (the

"Supplemental Order") that "conditionally vacate[d] (to the extent provided below) the ruling

that the Deed of Trust owned by [Appellant] was extinguished by Nevada law."  The

Supplemental Order then remitted that issue "to the Nevada District Court in the event that the

Nevada District Court concludes, upon timely motion, that it should grant relief under Federal

Rule of Civil Procedure . . . 60(b)."  That rule provides the "Grounds for Relief from a Final

Judgment, Order, or Proceeding."  Fed. R. Civ. P. 60(b).  The Supplemental Order further stated,

"In the event the Nevada District Court denies relief under Rule 60(b), this Court's prior ruling

that the Deed of Trust was extinguished by Nevada law shall remain in full force and effect. . . .

[N]othing in this Order shall [a]ffect this Court's prior ruling that the HOA lien sale did not

violate the automatic stay."

### 3.  Second Nevada Proceeding

On January 17, 2017, Appellant filed a motion seeking relief under Rule 60(b) and

clarification of the earlier Nevada District Court Opinion.  On July 20, 2017, the Nevada District

Court denied the motion as untimely.

### 4.  Second S.D.N.Y. Bankruptcy Court Proceeding

On August 16, 2017, Appellant moved to extend its time to appeal the Supplemental

Order.  On August 24, 2017, the Bankruptcy Court denied Appellant's request ("Extension

Denial Order").  On September 21, 2017, Appellant filed an untimely Notice of Appeal of the

Extension Denial Order, but it failed to prosecute that appeal.

On September 25, 2017, in an effort to revive its right to appeal the Supplemental Order,

Appellant filed a motion for entry of final judgment on the Supplemental Order pursuant to

Federal Rules of Civil Procedure 54 and 58, or for review of the Extension Denial Order.  On

September 27, 2017, the Bankruptcy Court issued the Closure Order denying Appellant's

motion.  The Closure Order stated, "21st Mortgage [Appellant] persists in filing motions in this

Court long after this case was resolved by this Court. . . . As far as this Court is concerned, this

matter was fully resolved by this Court a long time ago.  Whether 21st Mortgage has properly

preserved *any* issues for appeal will have to be decided by some other court."  Appellant now

appeals the Closure Order "in[]as[]much as that Order provided that Appellant's interest in the

Subject Property was extinguished under Nevada Law and closed the case."

## II.     STANDARD

### A. Bankruptcy Court Review

When reviewing a bankruptcy court's decision, the district court reviews factual findings

for clear error and legal conclusions de novo.  *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483

(2d Cir. 2012).  "The bankruptcy court's discretionary rulings with regard to such matters as

scheduling and continuances are reviewed for abuse of discretion."  *In re Dana Corp.*, 574 F.3d

129, 145 (2d Cir. 2009); *accord In re Stillwater Asset Backed Offshore Fund Ltd.*, No. 16 Civ.

8883, 2018 WL 1610416, at *6 (S.D.N.Y. Mar. 30, 2018).  "An abuse of discretion may consist

of an error of law or a clearly erroneous finding of fact, or a decision that, though not necessarily

the product of a legal error or a clearly erroneous factual finding, cannot be located within the

range of permissible decisions."  *Dana Corp.*, 574 F.3d at 145 (alterations, internal citations and

quotation marks omitted).

6

### B.   Bankruptcy Rule 8002

"[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002.  The "time limit contained in Rule 8002(a) is jurisdictional, and . . ., in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014); *accord In re Wenegieme*, No. 16 Civ. 8107, 2017 WL 4286324, at *4 (S.D.N.Y. Sept. 26, 2017). Bankruptcy court denials of a request to file a late notice of appeal are reviewed for abuse of discretion.  *See In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993)); *accord Lehr Constr. Corp.*, No. 16 Civ. 4048, 2017 WL 464428, at *2 (S.D.N.Y. Feb. 2, 2017).

### III.    DISCUSSION

The Closure Order is affirmed, because no subject matter jurisdiction exists to review the Bankruptcy Court's merits holdings regarding Appellant's interest in the Subject Property, and the Closure Order was not an abuse of discretion.  Appellee's motion for sanctions is denied, because, although lacking in merit, Appellant's arguments are not so egregious as to warrant sanctions.

### A.  The Closure Order is Affirmed

The only appeal that Appellant has filed of the Bankruptcy Court's rulings in this proceeding is the instant appeal of the Closure Order.  The notice of appeal seeks review of the Closure Order "in[]as[]much as that Order provided that Appellant's interest in the Subject Property was extinguished under Nevada Law and closed the case."  But there is no extent to

which the Closure Order "provided that Appellant's interest in the Subject Property was

extinguished . . . ." The Closure Order is less than two pages long and contains no merits

discussion whatsoever, nor any reference to Appellant's security interest in the Subject Property.

Nevertheless, Appellant's argument on appeal focuses on the merits, explaining why

three prior orders -- the Summary Judgment Order, Reconsideration Opinion and Supplemental

Order -- were wrongly decided. Appellant did not appeal any of those three decisions.

Accordingly, there is no jurisdiction over this appeal to the extent that it seeks review of the

merits decisions of the Bankruptcy Court. The fourteen-day limit on the time to appeal a final

bankruptcy court order would be rendered meaningless if litigants could circumvent it as

Appellant attempts to do.

The motion that prompted the Closure Order now on appeal was Appellant's effort to

enable it, belatedly, to appeal the Supplemental Order -- by prompting the Bankruptcy Court

either to issue a final judgment or by outright extending its time to appeal. The core of

Appellant's argument for review is that the Supplemental Order, conditionally remitting the case

to the Nevada District Court for review, could not have been appealed, because it was not final,

and justice demands that Appellant have an opportunity to appeal that order's merits holding.

Appellant argues that the Bankruptcy Court therefore erred in the Closure Order by denying

Appellant's motion for entry of a final judgment pursuant to Federal Rules of Civil Procedure 54

and 58, and by declining to reverse its prior decision not to extend Appellant's time to appeal the

Supplemental Order.

Appellant premises its argument on the following language in the Supplemental Order:

[T]he issue of whether the Deed of Trust was extinguished pursuant to Nevada law upon
the [HOA Lien Sale] is remitted to the Nevada District Court in the event that the Nevada
District Court concludes, upon timely motion, that it should grant relief under . . . Rule
60(b). In the event the Nevada District Court denies relief under Rule 60(b), this Court's

8

prior ruling that the Deed of Trust was extinguished by Nevada law shall remain in full
force and effect.

Appellant argues that because the Rule 60(b) motion was still being adjudicated in the Nevada

District Court, the Supplemental Order cannot have been final, and it required a final judgment

pursuant to Rules 54 and 58 in order to appeal.  This argument fails because, as explained below,

the Supplemental Order became final when the Nevada District Court denied Appellant's Rule

60(b) motion; it was unnecessary for the Bankruptcy Court to enter judgment pursuant to Rules

54 and 58.

District courts have jurisdiction to hear appeals "from final judgments, orders, and

decrees" of bankruptcy courts.  28 U.S.C. § 158(a)(1).  The rules for what constitutes a final

appealable order "are different in bankruptcy" than they are in "ordinary civil litigation" under

28 U.S.C. § 1291.  *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691–92 (2015); *accord In re

Queen Elizabeth Realty Corp.*, 586 B.R. 95, 103–05 No. 13 Civ. 1233, 2018 WL 1229837, at *5

(S.D.N.Y. 2018).  "[I]n the bankruptcy context, the standard for finality is more flexible."  *In re

Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012).  "[O]rders in bankruptcy cases may

be immediately appealed if they finally dispose of discrete disputes within the larger case."

*Bullard*, 135 S. Ct. at 1692 (internal quotation marks omitted) (quoting *Howard Delivery Serv.,

Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)).  "[T]he order need not resolve all of

the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to

a discrete claim, including issues as to the proper relief."  *In re Fugazy Exp., Inc.*, 982 F.2d 769,

776 (2d Cir. 1992); *accord MF Glob. Holdings Ltd. v. Allied World Assurance Co.*, No. 17 Civ.

742, 2017 WL 2819870, at *2 (S.D.N.Y. June 29, 2017).[1]

---

[1] Instead of grappling with this standard for finality in bankruptcy cases, Appellant roots its
argument in the standard for relief under Rule 54 in ordinary civil cases.  None of the cases cited

Appellant's own conduct belies the reality that the Supplemental Order was final.  If the Supplemental Order was not an appealable order, then Appellant's motion -- following the Nevada court's denial of Appellant's Rule 60(b) motion -- for an extension of time to appeal the Supplemental Order was nonsensical.  And if the Supplemental Order was not an appealable order, then the decision to challenge in the instant appeal the Bankruptcy Court's denial of an extension of time to appeal the Supplemental Order is equally nonsensical.

The Supplemental Order ripened into a final order when the Nevada District Court denied the Rule 60(b) motion.  *See, e.g.*, *In re Barnet*, 737 F.3d 238, 244 (2d Cir. 2013) ("We have held that a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered . . . .").  The Supplemental Order states that "[i]n the event the Nevada District Court denies relief under Rule 60(b), this Court's prior ruling that the Deed of Trust was extinguished by Nevada law shall remain in full force and effect."  Accordingly, once the condition precedent of the Nevada District Court denying the Rule 60(b) motion was satisfied, the Supplemental Order was final.  Appellant admits this point in its memorandum of law, stating that "as a function of such denial [of the Rule 60(b) motion], the determination in the conditional Supplemental Order that Defendant's security interest had been extinguished became effective."  The Nevada District Court denied the Rule 60(b) motion on July 20, 2017.  Appellant did not timely appeal the Supplemental Order within fourteen days of that occurrence.  Instead, on August 16, 2017, Appellant made an untimely application to extend its time to appeal the Supplemental Order.

---

by Appellant deal with appeals from bankruptcy court orders and are therefore inapposite.  *See, e.g.*, *Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011).  Appellant cites no authority for the proposition that a Rule 54 analysis is appropriate in the bankruptcy context, and none is immediately apparent.

If Appellant wanted appellate review of the merits decisions of the Bankruptcy Court regarding the automatic stay and the termination of its security interest, then it should have timely appealed the Summary Judgment Order, Reconsideration Opinion or the Supplemental Order issued by the Bankruptcy Court. Having failed to appeal those decisions, Appellant cannot shoehorn a merits review into its appeal of the non-merits, two-page Closure Order. For the reasons discussed above, the Bankruptcy Court likewise was not required to afford Appellant yet another right to appeal by issuing a final judgment pertaining to the already final Supplemental Order, or by extending the time to appeal nunc pro tunc. The directive to the Clerk of Court to close the adversary proceeding is merely administrative. The rulings in the Closure Order were not an abuse of discretion, and the appeal is therefore denied.

### B. Sanctions

Appellee argues that the instant appeal merits Bankruptcy Rule 8020 sanctions. Under Bankruptcy Rule 8020, "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020. Although the Second Circuit has yet to address the issue, district courts have held that Bankruptcy Rule 8020 mirrors Rule 38 of the Federal Rules of Appellate Procedure. *See, e.g.*, *In re Taneja*, No. 17 Civ. 5618, 2018 WL 1831853, at *4 (S.D.N.Y. Apr. 16, 2018); *In re Carlton Concrete Corp.*, No. 08 Civ. 242, 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008); *In re Davis*, No. 03 Civ. 7926, 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004).

"Sanctions under Rules 38 and/or 8020 may be imposed where an appeal is totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *Taneja*, 2018 WL 1831853, at *4 (internal quotation marks omitted) (quoting *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 7 (2d Cir. 2018) (summary

11

order)).  "The standard for the imposition of such a penalty is where the appeal taken is found to be groundless, without foundation, and without merit, even though appellant did not bring it in bad faith."  *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993); *accord Laborers Int'l Union of N. Am., Local 210 v. McKinney Drilling Co.*, 393 F. App'x 736, 737 (2d Cir. 2010) (summary order); *Taneja*, 2018 WL 1831853, at *4.  Procedurally, a district court may sanction a party for a frivolous appeal "after a separately filed motion or notice from the court and reasonable opportunity to respond."  Fed. R. Bankr. P. 8020.

Appellee's motion for sanctions is denied.  Although Appellant's arguments are not meritorious -- to the point of being nearly frivolous -- they are not sufficiently egregious to merit sanctions.  *See, e.g.*, *Taneja*, 2018 WL 1831853, at *5 (awarding sanctions only after plaintiff had "been warned by numerous judges, including during the pendency of this appeal, that continuing to raise frivolous issues would result in sanctions").  Appellant's arguments were not conclusory, and Appellant attempted to cite portions of the record and case law supporting its position.  *See Carlton Concrete*, 2008 WL 4443233, at *11 n.9 ("Although the Court finds EDS's position to be extremely weak on this appeal, [Appellant] attempted (albeit unsuccessfully) to cite to case authority and portions of the record that it believed supported its position.  Thus, in its discretion, the Court concludes that there is no basis for sanctioning [Appellant] . . . .").  Accordingly, Appellee's motion for sanctions is denied.

## IV.    CONCLUSION

The judgment of the Bankruptcy Court is AFFIRMED.  Appellee's application for sanctions is DENIED.  The Clerk of Court is directed to close the case.

Dated: August 31, 2018
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**