**Hearing Date: October 18, 2018 at 11:00 a.m. (Eastern Time)**
**Objection Deadline: October 8, 2018 at 4:00 p.m. (Eastern Time)**

**POLSINELLI**
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 644-2090
Facsimile: (212) 684-0197

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION OF RESCAP BORROWER CLAIMS TRUST
FOR ORDER AUTHORIZING TERMINATION OF SPECIAL RESERVE FUND,
FINAL DISTRIBUTION TO GMACM BORROWER TRUST CLAIMANTS,
SECOND DISTRIBUTION TO RFC BORROWER TRUST CLAIMANTS,
AND OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *ResCap Borrower Claims Trust's Motion for Order Authorizing Termination of Special Reserve Fund, Final Distribution To GMACM Borrower Trust Claimants, Second Distribution To RFC Borrower Trust Claimants, And Other Related Relief* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **October 18, 2018 at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**").

65046171.1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 8, 2018 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 100041408; (b) Polsinelli, 600 Third Avenue, 42nd Floor, New York, NY 10016 (Attention: Daniel J. Flanigan), as counsel to the ResCap Borrower Claims Trust; (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Liquidating Trust, Jill Horner (Jill.Horner@rescapestate.com) and ResCap Liquidating Trust Chief Treasury Director Paul Grande (paul.grande@rescapestate.com); and (e) The ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

2

65046171.1

Dated: New York, New York  
   September 18, 2018

<u>*/s/ Daniel J. Flanigan*</u>  
Daniel J. Flanigan  
**POLSINELLI**  
600 Third Avenue, 42nd Floor  
New York, New York 10016  
Telephone: (212) 644-2090  
Facsimile: (212) 684-0197  
dflanigan@polsinelli.com

*Counsel for ResCap Borrower Claims Trust*

**Hearing Date: October 18, 2018 at 11:00 a.m. (Eastern Time)**
**Objection Deadline: October 8, 2018 at 4:00 p.m. (Eastern Time)**

**POLSINELLI**
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 644-2090
Facsimile: (212) 684-0197

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION OF RESCAP BORROWER CLAIMS TRUST
FOR ORDER AUTHORIZING TERMINATION OF SPECIAL RESERVE FUND,
FINAL DISTRIBUTION TO GMACM BORROWER TRUST CLAIMANTS,
SECOND DISTRIBUTION TO RFC BORROWER TRUST CLAIMANTS,
AND OTHER RELATED RELIEF**

64906407.3

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ..................................................................................................2

BACKGROUND ..........................................................................................................................2

THE CLAIMS RESOLUTION PROCESS..................................................................................4

RELIEF REQUESTED .................................................................................................................5

BASIS FOR RELIEF ....................................................................................................................6

NOTICE ........................................................................................................................................6

CONCLUSION..............................................................................................................................6

64906407.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

**Statutes**

11 U.S.C. § 105(a) ............................................................................................................. 1, 2, 5, 6

11 U.S.C. § 502(c) ................................................................................................................. 1, 2, 5

11 U.S.C. § 1107(a) ......................................................................................................................2

11 U.S.C. § 1142(b) ......................................................................................................... 1, 2, 5, 6

28 U.S.C. §§ 157 and 1334 ...........................................................................................................2

28 U.S.C. § 157(b) ........................................................................................................................2

28 U.S.C. §§ 1408 and 1409 .........................................................................................................2

**Other Authorities**

Bankruptcy Rule 1015(b) ..............................................................................................................2

Bankruptcy Rule 3021 ...............................................................................................................2, 5

Rule 3021 of the Federal Rules of Bankruptcy Procedure ............................................................1

64906407.3

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**," "**Borrower Trust**," or "**Trust**"), as successor to the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), hereby submits this motion (the "**Motion**") for entry of an order in substantially the form annexed hereto as **Exhibit A** (the "**Proposed Order**") pursuant to sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rule 3021 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] (the "**Confirmation Order**"), the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] as attached to the Confirmation Order as Appendix 1 [Docket 6065-1] (the "**Plan**"), and the *ResCap Borrower Claims Trust Agreement*, dated December 17, 2013, by and among Peter S. Kravitz, as Borrower Claims Trustee, Province East LLC, as Delaware Trustee, and each of the Debtors [Docket No. 6136] (as amended, the "**Trust Agreement**"). In support of the Motion, the Borrower Trust relies upon and incorporates by reference the Declaration of Daniel J. Flanigan, Borrower Claims Trustee, (the "**Flanigan Dec.**"), a copy of which is annexed hereto as **Exhibit B.**

1

64906407.3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 502(c) and 1142(b) and Bankruptcy Rule 3021.

## BACKGROUND

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors managed and operated their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until the effective date of the Plan, which established the Liquidating Trust and the Borrower Trust as successors to the Debtors in certain respects. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On August 29, 2012, the Bankruptcy Court entered an order establishing: (i) November 9, 2012 as the deadline for Creditors to file proofs of claim against the Debtors (the "**General Bar Date**"), and (ii) November 30, 2012 as the deadline for governmental units to file proofs of claim [Docket No. 1309]. Due to events precipitated by Hurricane Sandy, the Bankruptcy Court approved an extension of the General Bar Date to November 16, 2012 [Docket No. 2093].

5. On March 21, 2013, the Bankruptcy Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Procedures Order**").

6. On December 11, 2013, the Court entered the Confirmation Order confirming the Plan. The Plan created the Borrower Trust for the primary purpose of resolving Borrower Claims and making distributions thereon. In furtherance of that purpose, the Plan provided that the Borrower Trust would succeed to the rights and duties of the Debtors under the Claims Procedures Order with respect to Borrower Claims. The Plan further provided for the transfer by the Debtors to the Borrower Trust of $57.6 million (which, as of confirmation, was reduced to approximately $56.1 million due to certain credits for pre-confirmation payments

made by Debtors to certain Borrower Claimants in settlement of their claims) ("**Borrower Trust Fund**").[1]

7. The amount of the Borrower Trust Fund was established pursuant to the Global Settlement memorialized in the Plan Support Agreement among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("**AFI**"), and the Consenting Claimants, dated May 23, 2013 [Docket No. 3814] ("**PSA**"), which furnished the basic blueprint for the Plan, in an amount estimated to be sufficient to provide Borrower Claimants with recoveries at least equal to recoveries of the respective non-Borrower Unsecured Creditors at the applicable Debtor Group, primarily the Residential Funding Company ("**RFC**") and GMAC Mortgage, LLC ("**GMACM**") groups ("**Comparable Recoveries**").[2] Borrower Claimants were classified as follows under the Plan: (i) Class R-5 (ResCap Unsecured Claims)[3]; (ii) Class GS-5 (GMACM Unsecured Claims); (iii) Class RS-5 (RFC Unsecured Claims), and (iv) ETS. The respective Comparable Recovery percentages ("**Comparable Recovery Percentages**"),which for all purposes of the Borrower Trust were finally fixed under the Plan and not subject to further modification for any reason including subsequent developments in the administration of the Liquidating Trust, are as follows:

> Residential Capital, LLC ("**ResCap**") – **36.3%**,
>
> GMACM – **30.1%**,
>
> ETS – **100.0%**; and
>
> **RFC– 9.0%**

---

[1] The additional amount of $3,200,000 was transferred to the Trust for the intended purpose of covering the Trust's estimated expenses of administration.

[2] The discussion herein is based on the Plan, the Disclosure Statement, and the thorough discussion of the creation and funding of the Borrower Trust and the True-Up process contained in the *Direct Testimony of William R. Thompson* [Docket No. 5713] ("**Thompson Testimony**").

[3] While these are identified as a possible class in the Plan, the Borrower Trust believes, based on representations made by the Debtor and Committee professionals, that there are no valid Borrower claims against ResCap in this class. The Debtor and Committee professionals' representations are reflected in the fact that there is no discussion at all in the Plan or Disclosure Statement of any such Borrower Claims against ResCap, no funds were allocated for payment of those Claims, and the Borrower Claims True-Up analysis identified no such Claims. The absence of such Claims is also evidenced by the fact that there have been no such Claims Allowed to date.

3

64906407.3

## THE CLAIMS RESOLUTION PROCESS

8. More than 3,000 Borrower Claims were filed in these cases. The Debtors had made substantial progress resolving Borrower Claims prior to confirmation of the Plan and the Borrower Trust has continued this process post-confirmation. As of confirmation of the Plan in December 2013, there were approximately 1420 unresolved Borrower Claims.

9. By 2016 there remained only 35 Borrower Claims. On September 22 of that year the Borrower Trust filed its Motion ("**2016 Distribution/Reserve Motion**" or "**2016 Motion**"), requesting that the Court issue its order (1) confirming the Trustee's authorization to make an interim distribution with respect to Borrower Allowed Claims, (2) establishing a Disputed Claims Reserve in connection with such interim distribution concerning certain Disputed Borrower Claims identified in the Motion, and (3) estimating at $0 certain Disallowed Borrower Claims On Appeal identified in the Motion. On October 26, 2016 the Court issued its Order Authorizing Interim Distribution And Disputed Claims Reserve, which granted the 2016 Motion except that the Court ordered that a Special Reserve in the amount of $500,000.00 be created regarding the Disallowed Claims On Appeal "to the extent those Claimants prevail on appeal and are able ultimately to establish an Allowed Claim with respect to which they may be entitled to distributions from the Borrower Trust . . ."

10. All of the Disputed Borrower Claims have now been finally resolved, and the Disputed Claims Reserve and the remaining funds therein transferred to the Borrower Claims Reserve Trust account.

11. All of the Disallowed Claims On Appeal have been finally resolved in favor of the Borrower Trust. Thus, there is no reason to continue the Special Reserve established pursuant to the Court's October 26, 2016 Order.

12. Since all Disputed or Disallowed Borrower Claims have now been finally resolved, the Borrower Trust id in a position to make a final distribution to, and essentially close the case with respect to, the GMACM Claimants. The RFC Claimants, on the other hand, are exclusively entitled to any recoveries arising from the pending litigation brought by the Kessler Class, the Mitchell Class, and the Liquidating Trust asserting GM Insurance Rights against multiple insurers ("**Insurance Litigation**"). (See Plan, p. 70) The Insurance

4

64906407.3

Litigation is likely to take months and perhaps years to resolve. Accordingly, the GMACM Claimants are in a position to receive their final distribution in the case ("**GMACM Final Distribution**") and the RFC Claimants are in a position to receive an interim distribution ("**RFC Second Distribution**").

### **RELIEF REQUESTED**

13. The Trust has on hand, as of August 31, 2018, the amount of $5,423,756.38 including the Special Reserve of $500,000.00. The Trust has estimated its accrued and unpaid distributions and ongoing expenses now incurred but unpaid, or that are likely to be incurred through approximately October 31, 2018 (but including an amount to pay for the Trust tax return for the entire 2018 calendar year), in the amount of $243,128.38 ("**2018 Unpaid Distributions and Expense Reserve**"). After deduction of the 2018 Unpaid Distributions and Expense Reserve, the Trust will have on hand $5,180,618.00, of which $735,796.12 is properly allocated, for purposes of the GMACM Final Distribution, based on their Comparable Recovery Percentage of 30.1%, to GMACM Claimants pro rata based on the respective amounts of their Allowed Claims.

14. The remaining amount, $4,294,821.88 (after setting aside an expense reserve in the amount of $150,000.00 for Trust expenses that might be incurred after October 31, 2018 ("**Post-2018 Expense Reserve**")[4]) is available to make the RFC Second Distribution, based on their Comparable Recovery Percentage (9%), to RFC Claimants pro rata based on the respective amounts of their Allowed Claims. This Distribution may or may not be a final distribution to the RFC Claimants depending on the outcome of the Insurance Litigation.

15. By this Motion, the Borrower Trust requests, pursuant to the Confirmation Order, the Plan, the Borrower Trust Agreement, and Bankruptcy Code sections 105(a), 502(c) and 1142(b), and Bankruptcy Rule 3021, that the Court enter the Proposed Order approving the following:

---

[4] Since the Trust is remaining open solely for the benefit of the RFC Claimants, the Trust believes it is appropriate for these expenses to be charged only against the RFC Claimants.

64906407.3

(1) Termination of the Special Reserve of $500,000.00;

(2) Establishment by the Trust of the 2018 Unpaid Distributions and Expense Reserve in the amount of $243,128.38;

(3) Establishment by the Trust of the Post-2018 Expense Reserve in the amount of $150,000.00;

(4) The GMACM Final Distribution in the amount of $735,796.12; and

(5) The Second RFC Distribution in the amount of $4,294,821.88.

## BASIS FOR RELIEF

16. The relief requested herein is authorized by the Confirmation Order, the Plan, and the Borrower Trust Agreement.  In addition, the Court has broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code over the property of the estate administered under the Plan to issue any order necessary to implement the provisions of the Plan and the Bankruptcy Code. See 11 U.S.C. § 1142(b).

## NOTICE

17. The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests that this Court enter the Proposed Order granting the relief requested in this Motion, and such other and further relief as may be just and proper.

Dated:  New York, New York
       September 18, 2018

*/s/ Daniel J. Flanigan*
Daniel J. Flanigan
**POLSINELLI**
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 644-0199
Facsimile: (212) 684-0197
dflanigan@polsinelli.com

*Counsel for Borrower Claims* Trust

6