# Exhibit B

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF DANIEL J. FLANIGAN IN SUPPORT OF MOTION OF RESCAP BORROWER CLAIMS TRUST FOR ORDER AUTHORIZING INTERIM DISTRIBUTION AND ESTABLISHING DISPUTED CLAIMS RESERVE**

I, Daniel J. Flanigan, hereby declare as follows[1]:

1.      My firm has served as counsel to the Borrower Claims Trust since its inception pursuant to the *ResCap Borrower Claims Trust Agreement*, dated December 17, 2013, by and among Peter S. Kravitz, as Borrower Claims Trustee, Province East LLC, as Delaware Trustee, and each of the Debtors [Docket No. 6136] (as amended, the "**Trust Agreement**"). I have been the primary lawyer at the firm responsible for this representation and performance of the services related thereto. In that capacity I am familiar with the current status of Borrower Claims including the outstanding filed amount of unresolved Borrower Claims, the respective comparable recovery percentages that each Class of Allowed Borrower Claims is entitled to receive, the total amount available for distribution, the expenses the Trust is likely to incur in administering the Trust's affairs, and other matters relevant to the Trust's Motion For Order Authorizing Termination Of Special Reserve Fund, Final Distribution To GMACM Borrower Trust Claimants, Second Distribution To RFC Borrower Trust Claimants, And Other Related Relief to which this Declaration is appended ("**Motion**").

---

[1] All capitalized terms used but not defined herein shall have the meaning indicated in the accompanying Motion or in the Borrower Trust Agreement including in the Confirmation Order and Plan where so indicated in the Borrower Trust Agreement.

1

3.     As stated in the Motion, all of the Disputed Borrower Claims have now been finally resolved, and the Disputed Claims Reserve and the remaining funds therein transferred to the Borrower Claims Reserve Trust account.

4.     Also as stated in the Motion, all of the Disallowed Claims On Appeal have been finally resolved in favor of the Borrower Trust. More than 3,000 Borrower Claims were filed in these cases. Thus there is no reason to continue the Special Reserve established pursuant to the Court's October 26, 2016 Order.

5.     The Trust has on hand, as of August 31, 2018, the amount of $5,423,756.38 including the Special Reserve of $500,000.00.  The Trust has estimated its accrued and unpaid distributions and ongoing expenses now incurred but unpaid, or that are likely to be incurred through approximately October 31, 2018 (but including an amount to pay for the Trust tax return for the entire 2018 calendar year), in the amount of $243,128.38 ("**2018 Unpaid Distributions and Expense Reserve**").    After deduction of the 2018 Unpaid Distributions and Expense Reserve, the Trust will have on hand $5,180,618.00, of which $735,796.12 is properly allocated, for purposes of the GMACM Final Distribution, based on their Comparable Recovery Percentage of 30.1%, to GMACM Claimants pro rata based on the respective amounts of their Allowed Claims.

6.     The remaining amount, $4,294,821.88 (after setting aside an expense reserve in the amount of $150,000.00 for Trust expenses that might be incurred after October 31, 2018 ("**Post-2018 Expense Reserve**"), is available to make the RFC Second Distribution, based on their Comparable Recovery Percentage (9%), to RFC Claimants pro rata based on the respective amounts of their Allowed Claims.  This Distribution may or may not be a final distribution to the RFC Claimants depending on the outcome of the Insurance Litigation.

2

7.      The remaining amount, $4,294,821.88 (after setting aside an expense reserve in the amount of $150,000.00 for Trust expenses that might be incurred after October 31, 2018 ("Post-2018 Expense Reserve"), is available to make the RFC Second Distribution, based on their Comparable Recovery Percentage (9%), to RFC Claimants pro rata based on the respective amounts of their Allowed Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
          September 18, 2018

*/s/  Daniel J. Flanigan*
Daniel J. Flanigan