**Hearing Date and Time: November 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 26, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

### NOTICE OF MOTION OF THE RESCAP LIQUIDATING TRUST'S THIRD OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

PLEASE TAKE NOTICE that on October 5, 2018, the ResCap Liquidating Trust filed the *Third Omnibus Motion of the ResCap Liquidating Trust to Enforce Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**"). A hearing on the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court located at One Bowling Green, New York, New York 10004, Courtroom 523 on **November 5, 2018 at 10:00 a.m. prevailing Eastern time**, or as soon thereafter as counsel can be heard.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy

Court, together with a copy to the Chambers of Judge Glenn, and served so as to be received no

later than **4:00 p.m. prevailing Eastern time on October 26, 2018** (the "**Objection Deadline**"),

upon (i) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th

Street, New York, NY 10019 (Attention: Gary S. Lee and Norman S. Rosenbaum); (ii) co-

counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal,

and Joseph A. Shifer); (iii) the Office of the United States Trustee for the Southern District of

New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014

(Attention: Linda A. Riffkin); and (iv) The ResCap Liquidating Trust, 8400 Normandale Lake

Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Lauren Graham Delehey).

PLEASE TAKE FURTHER NOTICE that if no objections or other responses are

timely filed and served with respect to the Motion, the ResCap Liquidating Trust shall, on or

after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form

annexed as Exhibit 1 to the Motion, which order the Bankruptcy Court may enter without further

notice or opportunity to be heard.

Dated:  October 5, 2018
           New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

- 2 -

**Hearing Date and Time: November 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 26, 2018 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S THIRD OMNIBUS MOTION TO**
**<u>ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER</u>**

---

**THIS MOTION SEEKS TO ENFORCE THE INJUNCTIVE PROVISIONS OF THE PLAN AND CONFIRMATION ORDER BY PROHIBITING CERTAIN PARTIES FROM CONTINUING PROSECUTION OF MONETARY CLAIMS AGAINST THE DEBTORS.**

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND ACTIONS ON <u>EXHIBIT 5</u> ATTACHED HERETO.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR ACTION ON <u>EXHIBIT 5</u> ATTACHED HERETO, PLEASE CONTACT COUNSEL TO THE RESCAP LIQUIDATING TRUST, JOSEPH A. SHIFER, AT (212) 715-9100.**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

JURISDICTION ...................................................................................................................... 4

BACKGROUND ...................................................................................................................... 4

    A.    General Background ................................................................................................ 4

    B.    The Plan Injunction Provisions ............................................................................. 5

    C.    The Plan Injunction Procedures ........................................................................... 7

RELIEF REQUESTED............................................................................................................ 8

BASIS FOR RELIEF ............................................................................................................... 8

RESERVATION OF RIGHTS ................................................................................................ 9

NOTICE................................................................................................................................... 10

NO PRIOR REQUEST ........................................................................................................... 10

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

11 U.S.C. § 105.................................................................................................................1, 4, 8

11 U.S.C. § 362.......................................................................................................................5

11 U.S.C. § 524.................................................................................................................1, 4, 8

11 U.S.C. § 1141...............................................................................................................1, 4, 8

28 U.S.C. § 157......................................................................................................................4

28 U.S.C. § 1408....................................................................................................................4

28 U.S.C. § 1409....................................................................................................................4

Fed. R. Bankr. P. 1015......................................................................................................1, 4, 8

Fed. R. Bankr. P. 3020(d) .................................................................................................1, 4, 8

Fed. R. Bankr. P. 9007......................................................................................................1, 4, 8

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

      The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this motion (the "**Motion**") pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Article XII of the Plan (as defined below), and the Court's *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. 8303] (the "**Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that annexed hereto as **Exhibit 1**, enforcing the release and injunctive provisions (collectively, the "**Plan Injunction Provisions**") of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**"), which was confirmed by the order of this Court entered December 11, 2013 [Docket No. 6065] (the "**Confirmation Order**"). In support of the Motion, the Liquidating Trust submits the declaration of Lauren Graham Delehey, General Counsel to the Liquidating Trust (the "**Delehey Declaration**"), annexed hereto as **Exhibit 2**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

      1.    The Plan Injunction Provisions contained in the Plan and Confirmation Order prohibit the continued prosecution of monetary claims in litigations against the Debtors for which no proof of claim was timely filed in the Chapter 11 Cases (or if a proof of claim was filed, such claim has been expunged).

2.      To ensure the uniform enforcement of the Plan Injunction Provisions, the Court entered the Procedures Order.  The Procedures Order provides that "upon the Liquidating Trust's good faith determination" that a party is asserting monetary claims in a litigation against the Debtors in violation of the Plan Injunction Provisions, the Liquidating Trust was first to contact the party (or their counsel) by letter seeking a consensual withdrawal of the monetary claims.  In the event of noncompliance, the Liquidating Trust was then authorized to seek further relief from the Bankruptcy Court on an omnibus basis.  The Court previously approved similar relief sought in the *ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* [Docket No. 9489] (the "**First Omnibus Motion**") via two separate orders [Docket Nos. 9618, 9908] and the relief sought in the *ResCap Liquidating Trust's Second Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* [Docket No. 10047] (the "**Second Omnibus Motion**") via an order dated September 15, 2016 [Docket No. 10126].

3.      The Liquidating Trust and its counsel have continued the ongoing review of all pending litigations identified in the Procedures Motion to ensure, *inter alia*, that (i) the parties to such litigations were, in fact, asserting monetary claims against the Debtors (as opposed to a non-monetary claim or foreclosure defense), (ii) the litigation against the relevant Debtor was active, and (iii) the counterparty was aware of the injunctive provisions of the Plan and Confirmation Order.  The Liquidating Trust has confirmed that all parties subject to this Motion received notice of the Bar Date (or, to the extent such litigation was commenced after the Bar Date, received notice of the pendency of the Chapter 11 Cases via notice filed in the respective litigation).

4.      Following its review after entry of the orders with respect to the First Omnibus Motion and Second Omnibus Motion, the Liquidating Trust identified a population of an additional approximately thirty parties (the "**Specified Litigation Parties**")[1] that were in continued violation of the Plan Injunction Provisions, and counsel to the Liquidating Trust sent a letter, in a form substantially similar to that annexed hereto as **Exhibit 3**, to each of the Specified Litigation Parties (or their counsel) pursuant to the Procedures Order.

5.      As a result, the Liquidating Trust has been able to consensually resolve a number of the pending litigations asserted by the Specified Litigation Parties.  Nevertheless, certain of the Specified Litigation Parties failed to comply (or did not respond) to the Liquidating Trust's letter.  Out of an abundance of caution, the Liquidating Trust sent a second letter, in a form substantially similar to that annexed hereto as **Exhibit 4**, to those Specified Litigation Parties that did not respond to the first letter or indicated an unwillingness to withdraw their monetary claims against the Debtors.

6.      Despite receiving at least two letters from the Liquidating Trust, the parties indicated on **Exhibit 5** annexed hereto (the "**Litigation Parties**") have not responded to the letters, have not withdrawn their monetary claims against the Debtors, and continue to violate the Plan Injunction Provisions.  Accordingly, the Liquidating Trust is constrained to bring this Motion seeking to enforce the Plan Injunction Provisions against the Litigation Parties pursuant to the Procedures Order.

7.      By this Motion, the Liquidating Trust seeks entry of the Proposed Order (i) enforcing the Plan Injunction Provisions by prohibiting the Litigation Parties from continuing prosecution of their monetary claims against the Debtors, (ii) permitting the Liquidating Trust to

---

[1] The Liquidating Trust is continuing its ongoing review of all pending litigations, and may be required to bring other motions to enforce the Plan Injunction Provisions in the future.

seek sanctions in the event that a Litigation Party continues in its refusal to dismiss its monetary claims against the Debtors, and (iii) permitting the Liquidating Trust, upon entry of the Proposed Order, to file a notice in a form substantially similar to that annexed hereto as **Exhibit 6** (the "**Enforcement Order Notice**") in each court before which a Litigation Party is asserting monetary claims against the Debtors, including a description of the order and the Liquidating Trust's ability to seek sanctions.

8.      A copy of this Motion was served via first class mail with customized notice on each of the Litigation Parties.

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the Plan. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

10.      The statutory predicates for the relief requested herein are sections 105(d), 524, and 1141 of the Bankruptcy Code and Rules 1015(c), 3020(d), and 9007 of the Bankruptcy Rules.

## BACKGROUND

A.      **General Background**

11.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

12.      On May 23, 2012, this Court entered an order establishing certain notice, case management, and administrative procedures applicable to these Chapter 11 Cases [Docket No. 141] (the "**Case Management Order**").

- 4 -

13.    On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").  Pursuant to the Supplemental Servicing Order, the automatic stay imposed by section 362 of the Bankruptcy Code was modified to permit the prosecution, by a borrower, mortgagor, or lienholder, of direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, or eviction proceeding, where a final judgment permitting the foreclosure or eviction has not been awarded or, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims (collectively, the "**Non-Monetary Claims**").  *See* Supplemental Servicing Order ¶ 14(a).[2]

**B.    The Plan Injunction Provisions**

14.    On December 11, 2013, this Court entered the Confirmation Order approving the terms of the Plan. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

---

[2] Notably, pursuant to the Confirmation Order, the Plan Injunction Provisions remain subject to the Supplemental Servicing Order.  *See* Confirmation Order ¶ 63(g).  As discussed in more detail in the Procedures Motion, due to the sale and transfer of the Debtors' servicing businesses during the Chapter 11 Cases, many of the Non-Monetary Claims cannot be resolved by the Liquidating Trust and are being addressed by the successor servicer.

15.     Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets, and was deemed substituted as the party to any litigation in which the Debtors are a party. *See generally* Confirmation Order ¶¶ 26, 30, 34, 48; Plan Art. VI.

16.     Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).[3]

17.     Further, pursuant to the Plan Injunction Provisions, persons whose claims were released under the Plan are prohibited from "commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims." Plan Art. IX.I; *see also* Confirmation Order ¶ 40.

18.     In addition, pursuant to Article XII of the Plan, this Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan . . . , including jurisdiction . . . to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases,

---

[3] This Court entered an order setting the General Bar Date of November 16, 2012 [Docket No. 2093] (the "**Bar Date**"), and the Confirmation Order required holders of Administrative Claims to file requests for payment thirty days following the Effective Date, or January 16, 2014. *See also Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138].

injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions" and "to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code." *See also* Confirmation Order ¶ NN ("The Plan Releases are, individually and collectively, integral to, and necessary for the successful implementation of, the Plan, essential to the Debtors' orderly liquidation and supported by reasonable consideration.").

        C.      **The Plan Injunction Procedures**

        19.      On February 19, 2015, the Liquidating Trust filed a motion seeking entry of an order to establish procedures for the efficient management and administration of enforcement of the Plan Injunction Provisions. [Docket No. 8158] (the "**Procedures Motion**").

        20.      On March 13, 2015, this Court granted the Procedures Motion and entered the Procedures Order.

        21.      Pursuant to the Procedures Order, the Liquidating Trust is to make a good faith determination of the parties that persist in asserting monetary claims against the Debtors in litigations (collectively, the "**Litigations**") for which the party did not file a timely proof of claim (or for which the related proof of claim has been expunged).  The Liquidating Trust would then contact such party (or their counsel) by letter seeking a consensual withdrawal of the monetary claims.  In the event of noncompliance, the Liquidating Trust was then authorized to seek further relief from the Bankruptcy Court on an omnibus basis.  The Liquidating Trust was also authorized to file certain notices in the court before which a Litigation is pending describing the Plan Injunction Provisions and the existence of the Plan Injunction Procedures.

        22.      On February 11, 2016 and May 26, 2016, the Court entered orders granting the relief sought by the Liquidating Trust in the First Omnibus Motion [Docket Nos.

9618, 9908] and on September 15, 2016, the Court entered an order granting the relief sought in the Second Omnibus Motion [Docket No. 10126].

**RELIEF REQUESTED**

23.    Pursuant to sections 105(d), 524, and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d), and 9007, Article XII of the Plan, and the Procedures Order, the Liquidating Trust seeks entry of the Proposed Order (i) enforcing the Plan Injunction Provisions by prohibiting the Litigation Parties from continuing prosecution of their monetary claims against the Debtors, (ii) permitting the Liquidating Trust to seek sanctions in the event that a Litigation Party continues in its refusal to dismiss its monetary claims against the Debtors, including reasonable fees and costs incurred by the Liquidating Trust in prosecuting this Motion, and (iii) permitting the Liquidating Trust, upon entry of the Proposed Order, to file the Enforcement Order Notice in each court before which a Litigation Party is asserting monetary claims against the Debtors.

**BASIS FOR RELIEF**

24.    Pursuant to the Plan Injunction Procedures, the Liquidating Trust has made extensive efforts to achieve the consensual withdrawal of the monetary claims asserted by the Litigation Parties in the Litigations that remain pending before other courts.  However, despite these efforts, the Litigation Parties have refused to dismiss their monetary claims against the Debtors.  Accordingly, pursuant to the Procedures Order, the Liquidating Trust is authorized to file this Motion seeking enforcement of the Plan Injunction Procedures on an omnibus basis. For the Court's convenience, the Liquidating Trust has identified on Exhibit 5 hereto (i) each Litigation Party and its counsel (if any), (ii) the case caption, index number, and jurisdiction of the relevant Litigation, (iii) the applicability of the Plan Injunction Provisions to the Litigation, including the nature of the monetary claims asserted by the Litigation Party, (iv) the date on

- 8 -

which the Liquidating Trust sent the opposing party and its counsel the letters requesting dismissal of the monetary claims asserted against the Debtors, and (v) the status of discussions, if any, between the Liquidating Trust and the Litigation Party.

25.     As discussed in greater detail in the Procedures Motion, given the number of pending litigations whose continued prosecution would appear to violate the Plan Injunction Provisions, the Plan Injunction Procedures provide the Liquidating Trust with an efficient mechanism for the omnibus enforcement of the Plan Injunction Provisions.  Despite the Liquidating Trust's effort at resolving the identified Litigations on a consensual basis, the Litigation Parties identified on <u>Exhibit 5</u> have refused to dismiss their monetary claims against the Debtors.

26.     Accordingly, the Liquidating Trust respectfully submits that the approval of the Proposed Order is in accordance with the Procedures Order, the applicable Bankruptcy Rules and relevant provisions of the Plan and Confirmation Order, and is in the best interests of the estates and the Liquidating Trust's beneficiaries.

## **<u>RESERVATION OF RIGHTS</u>**

27.     The Liquidating Trust reserves the right to withdraw this Motion with respect to any of the identified Litigation Parties, and/or to seek future relief against any party, including the Litigation Parties, on any and all additional factual or legal grounds.  Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Motion, file additional papers in support of this Motion, or take any other appropriate actions with respect to the relief requested herein.

## NOTICE

28.    The Liquidating Trust has served notice of the Motion  in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order, including customized notice to each Litigation Party identified on Exhibit 5, describing the pertinent information about the relief sought, including (i) the name of the Litigation Party, (ii) the name of the Debtor or Debtors that are party to the Litigation, (iii) the case caption, index number, and jurisdiction of the relevant Litigation, (iv) the date on which the Liquidating Trust sent the Litigation Party letters requesting dismissal of the monetary claims asserted against the Debtors, (v) an explanation of the nature of the relief sought in the Motion, (vi) a description of the applicable response and hearing procedures, including the response deadline and hearing date, and (vii) instructions for how to consensually resolve the Motion.  The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

29.    No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that this Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  New York, New York
        October 5, 2018

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S
### THIRD OMNIBUS MOTION TO ENFORCE INJUNCTIVE
### PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the

"**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections

105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules

1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the

Plan, seeking entry of an order enforcing the release and injunctive provisions of the Plan and

Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and

upon consideration of the Motion and the *Declaration of Lauren Graham Delehey in Support of*

*the ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*and Confirmation Order* annexed to the Motion as **Exhibit 2**; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted as provided herein.

2.      No later than fourteen days after entry of this Order, the Litigation Parties listed on **Annex A** shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3.      If a Litigation Party fails to dismiss their monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4.      Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5.      The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Order Notice**") in each court before which a Litigation subject to this Order is pending, including a

description of this Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

9.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2018
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Annex A**

**Litigation Parties**

[See Exhibit 5 to the Motion]

## **Annex B**

**Enforcement Order Notice**

[See Exhibit 6 to the Motion]

## **Exhibit 2**

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------

**DECLARATION OF LAURNE GRAHAM DELEHEY IN SUPPORT OF THE**
**RESCAP LIQUIDATING TRUST'S THIRD OMNIBUS MOTION TO ENFORCE**
**<u>INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER</u>**

I, Lauren Graham Delehey, hereby declare as follows:

1.    I serve as General Counsel for the ResCap Liquidating Trust (the "**<u>Liquidating Trust</u>**").   Previously, I served as Chief Litigation Counsel for the Liquidating Trust, and during the Chapter 11 Cases, I served as Chief Litigation Counsel in the legal department of Residential Capital, LLC ("**<u>ResCap</u>**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "**<u>Debtors</u>**").   I joined ResCap on August 1, 2011 as in-house litigation counsel.   I am authorized to submit this declaration (the "**<u>Declaration</u>**") in support of the *ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*  (the "**<u>Motion</u>**").[1]

2.    In my role as General Counsel at ResCap, I am responsible for the management of litigation, including, among others, residential mortgage-related litigation.   In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

advisors in connection with the administration of the Chapter 11 Cases, including litigation matters before this Court.  In my current position as General Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust in connection with all aspects of litigation and the claims reconciliation process.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called upon to testify, I could and would testify competently to the facts set forth in the Motion on that basis.

4.      Following entry of the Procedures Order, the Liquidating Trust and its counsel undertook a review of the litigations identified in the Procedures Motion to ensure, *inter alia*, that (i) the parties to such litigations were in fact asserting monetary claims against the Debtors (as opposed to a non-monetary claim or foreclosure defense), (ii) the litigation against the relevant Debtor was active, and (iii) the counterparty was aware of the injunctive provisions of the Plan and Confirmation Order.

5.       Following its review, the Liquidating Trust made a good faith determination that a population of approximately thirty parties (the "**Specified Litigation Parties**")[2] were continuing to assert monetary claims against the Debtors in violation of the Plan Injunction Provisions, and counsel to the Liquidating Trust sent a letter, in a form substantially similar to that attached to the Motion as **Exhibit 3**, to each of the offending Specified Litigation Parties (or their counsel) pursuant to the Procedures Order.

6.       As a result, the Liquidating Trust has been able to consensually resolve a number of the pending litigations asserted by the Specified Litigation Parties.  Nevertheless, certain of the Specified Litigation Parties failed to comply (or did not respond) to the Liquidating Trust's letter.  Out of an abundance of caution, the Liquidating Trust sent a second letter, in a form substantially similar to that attached to the Motion as **Exhibit 4**, to those Specified Litigation Parties that did not respond to the first letter or indicated an unwillingness to withdraw their monetary claims against the Debtors.

7.       Despite receiving at least two letters from the Liquidating Trust, the parties indicated on **Exhibit 5** annexed to the Motion (the "**Litigation Parties**") have not withdrawn their monetary claims against the Debtors and continue to violate the Plan Injunction Provisions.[3]  Accordingly, the Liquidating Trust is constrained to bring this Motion seeking to enforce the Plan Injunction Provisions against the Litigation Parties pursuant to the Procedures Order.  I understand that all parties subject to this Motion received notice of the Bar Date (or, to

---

[2] The Liquidating Trust is continuing its ongoing review of all pending litigations, and may be required to bring other motions to enforce the Plan Injunction Provisions in the future.

[3] Exhibit 5 details the nature of the monetary claims asserted by the Litigation Party, the Liquidating Trust's efforts to contact each of the Litigation Parties and the current status of discussions, if any, between the Litigation Parties and the Liquidating Trust.

- 3 -

the extent such litigation was commenced after the Bar Date, received notice of the pendency of

the Chapter 11 Cases via notice filed in the respective litigation).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  October 5, 2018

  /s/ Lauren Graham Delehey
Lauren Graham Delehey
General Counsel for the ResCap
Liquidating Trust

- 4 -

## **EXHIBIT 3**

**Form of Letter**

[Date]

[Litigation Party]
[Address]

      Re:    [Litigation]

Dear [Litigation Party]:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at Case No. 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Under Article VIII.B of the Plan, claims that were not timely filed by the Bar Date are released as of the Effective Date. Further, both the Confirmation Order and the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. *See* Plan, Art. IX.I; Confirmation Order, ¶ 40(g).

On March 13, 2015, the Bankruptcy Court entered an order approving certain procedures for enforcing the injunctive provisions of the Plan and Confirmation Order [Docket No. 8303] (the "**Enforcement Order**").  Specifically, upon the Liquidating Trust's determination that a party is asserting monetary claims against the Debtors in a litigation but failed to file a proof of claim, the Liquidating Trust is authorized to send this letter informing the party that they are in violation of the Plan and Confirmation Order.

According to the Debtors' records, you are a party to [Litigation] pending before the [Court]. The Liquidating Trust has made a good faith determination that this action asserts monetary claims against the Debtors because you assert, among other things, damages for:

- [Causes of Action]

Further, according to the Liquidating Trust's records you did not timely file a proof of claim in the Bankruptcy Cases and are barred from continuing to pursue monetary claims against [Debtor Entity] under the injunction provided for in the Plan and Confirmation Order.  Therefore, you must immediately dismiss this action with respect to monetary claims asserted against [Debtor Entity].

***In the event you do not voluntarily dismiss this action with respect to monetary claims against [Debtor Entity] within 30 days of the date hereof, the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against [Debtor Entity].***

Please do not hesitate to contact me if you disagree with the Liquidating Trust's determination that you are asserting monetary claims against the Debtors, or to further discuss this matter.  In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Enforcement Order, Confirmation Order, Plan, and Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

[Counsel to the Liquidating Trust]

## <u>EXHIBIT 4</u>

**Form of Letter**

[Date]

[Litigation Party]
[Address]

       Re:    [Litigation]

Dear [Litigation Party]:

On [Date], I sent you a letter in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As I informed you in my previous letter, you are barred from continuing to pursue any monetary claims against the Debtors, including those asserted in the [Litigation], pending before the [Court], in which you assert monetary claims against [Debtor Entity].  Failure to dismiss such monetary claims is in violation of the chapter 11 plan (the "**Plan**") confirmed in the Debtors' bankruptcy cases, which remain pending before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered as Case No. 12-12020 (MG).

To date, I have not received a response from you, and, according to the Liquidating Trust's records, your action is still pending.  **If (i) you did not receive my previous letter, (ii) you have since withdrawn the action, or (iii) you do not believe your action pertains to monetary claims, please contact me as soon as possible.**

If you fail to voluntarily dismiss your monetary claims against [Debtor Entity] by [Date], the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting you from continuing prosecution of this action against [Debtor Entity].

Please do not hesitate to contact me with any questions.

          Very truly yours,

          [Counsel to the Liquidating Trust]

## **EXHIBIT 5**

**Litigation Parties**

| | Litigation Party | Case Caption | Court | Docket Number | Opposing Party Contact | Nature of Monetary Claims | Letters Sent Pursuant to Procedures | Applicability of Plan Injunction Provisions | Status of Discussions |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Joseph Fabian and David Murray | GMAC Mortgage, LLC v. Fabian, et al. | Horry County Court of Common Pleas | 2012-CP-26-4061 | Martin L. Stark, Esq. Parsons, Ouverson, Stark & Guest, PA P.O. Box 2850 Murrells Inlet, SC 29576 and Mark Brunty, Esq. 5001 N. Kings Highway, Suite 205 Myrtle Beach, SC 29572 | Damages in connection with negligent misrepresentation claims | 8/3/2017 2/2/2018 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 2 | Alan B. Redmond and Marsha R. Redmond | Redmond, et al. v. GMAC Mortgage, LLC | Lexington County Circuit Court for the 11th Judicial Circuit | 2011CP3204718 | William B. Fortino, Esq. Moore, Taylor & Thomas, P.A. 1700 Sunset Boulevard West Columbia, SC 29171 | Damages in connection with wrongful foreclosure, fraud, negligence | 8/3/2017 2/2/2018 | A settlement was reached between The Redmonds and the Borrower Claims Trust | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 3 | Josef Arnon | Arnon v. GMAC Mortgage, LLC | Seminole County Circuit Court for the 18th Judicial District | 12-CA-1450-11-L | Earnest Deloach, Esq. Young Deloach, PLLC 1115 East Livingston Street Orlando, FL 32803 | Damages in connection with negligee claims | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 4 | Saddy and Rosalina Bulla | Bulla, et al. v. US Bank Trustee NA, et al. | Broward County Circuit Court for the 17th Judicial Circuit | CACE14-017347 | Janet Spence, Esq. J.E. Spence P.A. 1900 N. University Drive, Suite 203 Pembroke Pines, FL 33024 | Breach of Workout Plan Agreement, Detrimental Reliance, Promissory Estoppel, Fraud | 8/3/2017 2/2/2018 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 5 | Patricia Herman, Esq. | GMAC Mortgage, LLC v. Herman, et al. | Orange County Circuit Court for the 9th Judicial Circuit | 48-2007-CA-010062 | Patricia Herman, Esq. Law Offices of Patricia K. Herman, P.A. 1631 Rock Spring Road, Suite 305 Apopka, FL 32712-2229 | Unfair and Deceptive Acts; Violation of Mortgage Lender Laws; Breach of Contract; Negligence, Breach of Fiduciary Duty | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 6 | Booner and Shelli Beck | Beck, et al. v. GMAC Mortgage, et al. | Comal County Circuit Court for the 433rd Judicial District | C2011-0140D | Booner and Shelli Beck 324 Charon Point Spring Branch, TX 78707 | Damages in connection with Wrongful Forclosure, Fraud, Civl Conspiracy | 8/3/2017 2/2/2018 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 7 | Joseph and Kathy Mills | Mills, et al. v. GMAC, LLC, et al. | Texas Court of Appeals for the First District | 01-11-01104-CV | Robert C. "Chip" Lane The Lane Law Firm 6200 Savoy, Suite 1150 Houston, TX 77036-3300 | Seeks damages and attorneys' fees | 8/3/2017 2/2/2018 | The parties did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 8 | Sing Min Lee | Lee v. GMAC Mortgage, LLC | Montgomery County District Court | 060200026322013 | Sing Min Lee 11701 Caplinger Road Silver Spring, MD 20904 | Violation of Real Estate Settlement Procedures Act | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 9 | Janice Ann Ganoe | Ganoe v. GMAC Mortgage, LLC | Prince William County Circuit Court | CL13-5775 | Janice Ann Ganoe 12783 Lost Creek Court Manassas, VA 20112-3455 | Asserts monetary claims | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 10 | James Bailey | Residential Funding Company, LLC v. Bailey | Broward County Circuit Court for the 17th Judicial Circuit | CACE11015086 | Joshua A. Bleil, Attorney at Law, P.A. 5855 La Gorce Circle Lake Worth, FL 33463 | Asserts monetary claims in seeking to recover on a judgment | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The party has not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |
| 11 | William Vest and Teresa Vest | GMAC Mortgage, LLC v. Vest, et al. | Broward County Circuit Court for the 17th Judicial Circuit | CACE 08 008955-08 | Joshua A. Bleil, Attorney at Law, P.A. 5855 La Gorce Circle Lake Worth, FL 33463 | Asserts monetary claims in seeking to recover on a judgment | 8/3/2017 2/2/2018 | The party did not file a timely proof of claim. | The parties have not responded to the letters sent by the Liquidating Trust pursuant to the Procedures Order. |

# EXHIBIT 6

**Enforcement Order Notice**

**[CAPTION]**

**NOTICE OF BANKRUPTCY COURT ORDER**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1.    On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").    The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3.    On [Date], the Bankruptcy Court entered the attached [*Order Granting ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order*] which (i) bars [Litigation Party] from continuing to prosecute monetary claims against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Litigation Party] continues in its refusal to dismiss monetary claims with respect to the Debtors.

Respectfully submitted this ____ day of _____, 2018.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap