Patricia K. Herman, Pro Se
c/o Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road
#305
Apopka, Florida 32712-2229
Telephone: 407-731-5823

*Non-party to action*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------

**VERIFIED OBJECTION OF PATRICIA K. HERMAN TO RESCAP LIQUIDATING TRUST'S THIRD OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

> **THIS VERIFIED OBJECTION SEEKS TO SET FORTH THAT PATRICIA K. HERMAN IS NEITHER A PARTY TO THE INSTANT ACTION, A LITIGATING PARTY, AN ENJOINED PARTY, NOR, HAS ANY PENDING CLAIMS AGAINST DEBTORS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW,** the Non-Party, **PATRICIA K. HERMAN,** (hereinafter referred to as "Ms. Herman"), pursuant to the procedures set forth in the *Notice of Hearing on the ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and*

RECEIVED
OCT 23 2018
U.S. BANKRUPTCY COURT, SDNY

*Confirmation Order* dated October 5, 2018, and respectfully avers as follows:

## PROCERUDAL HISTORY OF ORANGE COUNTY
## CASE NUMBERED 48-2007-CA-10062-O:

1. On August 20, 2007, GMAC Mortgage, LLC Successor by Merger to GMAC Mortgage Corporation (hereinafter referred to as "GMAC"), filed its *Complaint to Foreclose Mortgage* against Ms. Herman, in Orange County case numbered 48-2007-CA-10062-O. (Please see a copy of the complete docket history for Orange County case numbered 48-2007-CA-10060-O, which is attached hereto and incorporated herein as "Exhibit A").

2. On March 24, 2008, Ms. Herman filed her *Answer, Affirmative Defenses, and Counter Claim* against GMAC, which was subsequently amended on December 15, 2008. (Please see Exhibit A).

3. Approximately five (5) years into the litigation, on May 14, 2012, Ms. Herman received correspondence from GMAC informing her that "In the coming weeks, you will receive a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines in the mail. ***No action is required on your part, related to this restructuring.***" (Please see a copy of the May 14, 2012 correspondence, which is attached hereto and incorporated herein as "Exhibit B").

4. On August 24, 2012, the Orange County case was stayed, due to GMAC filing of its *Notice of Bankruptcy Filing and Supplemental Servicing Order*. (Please see a copy of the *Notice of Bankruptcy Filing and Supplemental Servicing Order*, which is attached hereto and incorporated herein as "Exhibit C").

5. On January 29, 2013, GMAC voluntarily dismissed Ms. Herman from the Orange County foreclosure action, and on February 5, 2013, an *Order of Granting Voluntary*

*Dismissal Without Prejudice as to Dismissal of Defendant Patricia K. Herman Only.* (Please see the copies of the *Notice of Voluntary Dismissal of Defendant Patricia K. Herman Only* and *Order*, which are collectively attached hereto and incorporated herein as "Exhibit D").

6. On February 6, 2013, Ms. Herman received correspondence from GMAC informing her that as of February 16, 2013, the servicing of her mortgage would be transferred to Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen"). (Please see a copy of the February 6, 2013 correspondence which is attached hereto and incorporated herein as "Exhibit E").

7. On February 16, 2013, Ms. Herman received correspondence from Ocwen informing her that, "Ocwen Loan Servicing, LLC is servicing your account on behalf of EVERBANK." (Please see a copy of the February 16, 2013 correspondence which is attached hereto and incorporated herein as "Exhibit F").

8. On January 4, 2017, Ocwen filed its *Motion to Place Case on Active Status, Motion to Substitute Party Plaintiff and Motion to Sever Counterclaims* in the Orange County foreclosure action. (Please see a copy of Ocwen's *Motion to Place Case on Active Status, Motion to Substitute Party Plaintiff and Motion to Sever Counterclaims*, is attached hereto and incorporated herein as "Exhibit G").

9. On February 14, 2017, the Orange County Court entered its *Order Placing the Case on Active Status* and its Order on Ocwen's *Motion to Place Case on Active Status, Motion to Substitute Party Plaintiff and Motion to Sever Counterclaims Order Substitution*. (Please see a copy of the orders, which are attached hereto and incorporated herein as "Exhibit H").

10. On May 1, 2017, Ocwen filed its *Notice for Trial* in the Orange County case, and an *Order for Non-Jury Trial* was entered on May 11, 2017. (Please see a copy of the *Notice for Trial* and *Order for Non-Jury Trial*, which are collectively attached hereto and incorporated herein as "Exhibit I").

11. On July 5, 2017, Ocwen filed its *Request to Produce Trial Exhibits* to Ms. Herman. (Please see a copy of the *Request to Produce Trial Exhibits*, which is attached hereto and incorporated herein as "Exhibit J").

12. On July 19, 2017, the Orange County Court entered its *Final Judgment* in favor of Ocwen. (Please see a copy of the *Final Judgment*, which is attached hereto and incorporated herein as "Exhibit K").

13. On July 31, 2017, the Orange County Court entered its *Order Directing Clerk to Change Case Style*. (Please see a copy of the *Order Directing Clerk to Change Case Style*, which is attached hereto and incorporated herein as "Exhibit L").

14. On July 4, 2018, Ms. Herman filed her *Second Amended Counter Claim*, which was accepted by the Orange County Court. (Please see a copy of Ms. Herman's *Second Amended Counter Claim* and *Order Granting Motion to Amend (Second Amended Counterclaim)*, which are collectively attached hereto, and incorporated herein as "Exhibit M").

15. On September 4, 2018, the Orange County Court entered its *Amended Final Judgment*, removing Ms. Herman's name from same. (Please see a copy of the *Amended Final Judgment*, which is attached hereto and incorporated herein as "Exhibit N").

**ARGUMENT IN SUPPORT OF OBJECTION:**

16. Ms. Herman has not pursued any claims against GMAC subsequent to its voluntary

dismissal of her from the Orange County action. (Please see Exhibit A).

17. Ms. Herman is not now attempting to pursue any claims against GMAC. (Please see Exhibit A).

18. As of February 2013, the owner of the note, that was the subject of the Orange County action, is Everbank. (Please see Exhibit B).

19. As of February 2013, the servicer of the mortgage, that was the subject of the Orange County action, is Ocwen. (Please see Exhibit C).

20. Since February 2013, GMAC has not been involved in the Orange County action, which it has previously acknowledged in paragraphs 7 and 9 of its *Notice of Bankruptcy Status,* that was filed on October 24, 2016, in the Orange County action. (Please see a copy of the *Notice of Bankruptcy Status,* which is attached hereto and incorporated herein as "Exhibit O").

21. Ms. Herman never filed a proof of claim in the "Bankruptcy Cases", because she was instructed by GMAC not to take any action, and GMAC never provided her with a proof of claim form or any applicable deadlines. (Please see Exhibit B).

22. Ocwen has already obtained a final judgment against the subject property. (Please see Exhibit K and Exhibit N).

23. Ms. Herman has no pending claims against GMAC. (Please see Exhibit A).

24. The pending counter claims in the Orange County action, are against Ocwen for damages sustained well into 2018. (Please see Exhibit A).

25. Ms. Herman has propounded discovery upon Ocwen, which it has requested on at least three (3) occasions for an extension of time, and most recently filed its responses to said discovery. (Please see copies of the requests for extensions and responses filed by

Ocwen in the Orange County action, which are collectively attached hereto and incorporated herein as "Exhibit P").

26. Ms. Herman has filed responses to Ocwen's discovery in the Orange County action. (Please see copies of Ms. Herman's responses to Ocwen's discovery, which are collectively attached hereto and incorporated herein as "Exhibit Q").

27. The litigation between Ms. Herman and Ocwen is ongoing and in its discovery stages. (Please see Exhibit A).

28. Ms. Herman is not attempting to prosecute and/or continue to prosecute any action against GMAC.

**WHEREFORE**, Ms. Herman, respectfully requests this Honorable Court:

A. Sustain Ms. Herman's *Verified Objection to ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order;*

B. Find that Ms. Herman was never provided notice of the filing a proof of claim, and even if she had, GMAC had instructed Ms. Herman that no action was required on her part, as it relates to its restructuring;

C. Find that none of Ms. Herman's amended counter claims are against any of the Debtors;

D. Find that Ms. Herman's counter claims pending in Orange County, Florida, do not infringe or violate this Honorable Court's injunctive provisions of the *Plan and Confirmation Order;*

E. Order that Ms. Herman is not an enjoined party;

F. Order that Ms. Herman's name be removed from the instant action; and,

G. Any and all other relief that this Honorable Court deems just and proper.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this *Verified Objection to ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* and that the punishment for**

knowingly making a false statement includes fines and/or imprisonment.

Dated: 10/18/2018

_____
Signature of Non-Party
Printed Name: **Patricia K. Herman**

STATE OF FLORIDA
COUNTY OF Orange

Sworn to or affirmed and signed before me on 10/18/2018 by Patricia Herman

_____
NOTARY PUBLIC OR DEPUTY CLERK

PAMELA JODHARAM
MY COMMISSION #FF181924
EXPIRES December 9, 2018
(407) 398-0153    FloridaNotaryService.com

Pamela Jodh___
Print, type, or stamp commissioned name of notary or deputy clerk.

___ Personally known
_✓_ Produced identification
Type of identification produced  FDL

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Verified Objection to ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* will be furnished on this 18th day of October 2018 via U.S. Mail Postage Prepaid to: **ResCap Liquidating Trust, Morrison & Foerster, LLP,** 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee and Norman S. Rosenbaum); **ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP,** 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); **Office of the United States Trustee for the Southern District of New York,** U.S. Federal Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin); and, **The ResCap Liquidating Trust,** 8400 Normandale Lake Boulevard, Suite 175, Minneapolis, MN 55437 (Attention: Lauren Graham Delehey).

_____
**PATRICIA K. HERMAN, ESQUIRE**
Florida Bar No.: 0113018
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida 32712-2229
407/731-5823
Email: lopkhpa@gmail.com