# Exhibit

# A

Comprehensive Case Information System

COMPREHENSIVE CASE INFORMATION SYSTEM

eportaluser

Expand All

CCIS
ORANGE COUNTY

"Providing efficient customer service through the use of technology and increasing access to the courts is at the heart of what we do."

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 482007CA010062A0010X [2007-CA-010062-O] | 08/20/2007 | ORANGE | | Reclosed | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| LEBLANC, BOB | JUDGE | | |
| LEBLANC, BOB | JUDGE AT DISPOSITION | | |
| HERMAN, PATRICIA K ESQ | ATTORNEY | | |
| ARROYAVE, NILDA ALEJANDRA ESQ | ATTORNEY | | |
| CONVERSION | UNKNOWN | | |
| STONE, JEFF A ESQ | ATTORNEY | | |
| UNKNOWN SPOUSE OF PATRICIA K H | DEFENDANT | | |
| GARCIA, MAURICIO ESQ | ATTORNEY | | |
| DOE, JANE | DEFENDANT | | |
| DOE, JOHN | DEFENDANT | | |

Dockets

Page : 1    ALL

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 329 | 10/09/2018 | Motion to Compel DEPOSITION OF COUNTER DEFENDATN S CORPORATE REPRESENTATIVE | 20 |
| | 328 | 10/09/2018 | Petition or Motion to Strike COUNTER DEFENDANT S RESPONSES TO REQUEST FOR PRODUCTION AND UNVERIFIED INTERROGATORY RESPONSES DATED OCTOBER 8, 2018 AND COMPEL DISCOVERY RESPONSES by PATRICIA K. HERMAN | 4 |
| | 327 | 10/08/2018 | Response to Request to Produce | 13 |
| | 326 | 10/08/2018 | Petition or Motion to Strike COUNTER DEFENDANT S RESPONSES TO REQUEST FOR ADMISSIONS | 4 |
| | 325 | 10/08/2018 | Notice of Service of Answers to Interrogatories | 2 |
| | 324 | 10/08/2018 | Response to Request for Admissions | 5 |
| | 323 | 10/02/2018 | Order Denying Counter-Pltfs Emergency Motion to Stay Sale | 1 |
| | 322 | 09/26/2018 | Objection TO COUNTER DEFENDANT OCWEN LOAN SERVICING, LLC S MOTION FOR ADDITIONAL EXTENSION OF | 22 |

https://www.ficcis.com/ocrs/app/caseinformation.xhtml?query=pWAWMBcWSJR9yy9cxpNzuxCM3a3FvmT83DxjFWc9Iy9f[10/17/2018 10:03:40 AM]

Comprehensive Case Information System

TIME TO RESPOND TO DISCOVERY

| No. | Date | Description | Count |
|---|---|---|---|
| 321 | 09/26/2018 | Notice for Trial Non-Jury sent to Judge | 1 |
| 320 | 09/24/2018 | Motion for Enlargement/Extension of Time TO RESPOND TO DISCOVERY COUNTER DEFENDANT OCWEN LOAN SERVICING LLC | 3 |
| 319 | 09/18/2018 | Court Minutes | 2 |
| 318 | 09/10/2018 | Motion for Enlargement/Extension of Time TO RESPOND TO DISCOVERY BY Counter-Defendant, Ocwen Loan Servicing, LLC | 3 |
| 317 | 09/10/2018 | Notice of Hearing SEPTEMBER 18, 2018 @8:30 A.M. | 1 |
| 316 | 09/07/2018 | Motion to Stay SALE | 4 |
| 315 | 09/04/2018 | Final Judgment | |
| 314 | 09/04/2018 | Amended Final Judgment | 5 |
| 313 | 08/29/2018 | Motion for Enlargement/Extension of Time to RESPOND TO DISCOVERY | 3 |
| 312 | 08/14/2018 | Petition or Motion to Strike REDUNDANT IMMATERIAL IMPERTINENT OR SCANDALOUS MATTER FROM COUNTER DEFT'S ANSWER AND AFFIRMATIVE DEFENSES | 4 |
| 311 | 08/14/2018 | Petition or Motion to Strike COUNTER DEFENDANT'S AFFIRMATIVE DEFENSES | 6 |
| 310 | 08/14/2018 | Reply to Affirmative Defenses COUNTER PLAINTIFF | 47 |
| 309 | 07/31/2018 | Answer to Counter Claim/Petition (answer to second amended counter claim) | 16 |
| 308 | 07/24/2018 | Notice Appearance of Counsel (AS CO-COUNSEL FOR COUNTER DEFENDANTAND DESIGNATION OF EMAIL ADDRESSES | 2 |
| 307 | 07/18/2018 | Notice of Hearing November 8, 2018 at 1:30 p.m. Room 2000.02 | 1 |
| 306 | 07/17/2018 | Motion for Enlargement/Extension of Time | 2 |
| 305 | 07/12/2018 | Motion for Summary Judgment COUNTER PLAINTIFF S MOTION FOR PARTIAL SUMMARY JUDGMENT | 42 |
| 304 | 07/12/2018 | Request for Admissions | 3 |
| 303 | 07/11/2018 | Copy or Copies ORDER ON COUNTER PLTFS MOTION TO VACATE FINAL JUDGMENT AND CANCEL SALE | 2 |
| 302 | 07/11/2018 | Order Granting Motion to Amend (Second Amended Counterclaim) | 2 |
| 301 | 07/09/2018 | Order on Counter Pltfs Motion for Temporary Injunction Against Counter Deft (No Action Taken) | 2 |
| 300 | 07/06/2018 | Proof of Publication Notice of Sale / July 17, 2018 at 11:00 am | 1 |
| 299 | 07/06/2018 | Order Counter Pltfs Motion to Vacate Final Judgment & Cancel Sale is Granted in PArt Sale Date 7/17/18 is Cancelled | 2 |
| 298 | 07/04/2018 | Amended Notice of Hearing at 1:45 p.m. on Friday, July, 6, 2018, | 1 |
| 297 | 07/04/2018 | Motion FOR LEAVE TO FILE SECOND AMENDED COUNTER CLAIM (cc emergency motion to judge 07/05/18) | 49 |
| 296 | 06/28/2018 | Notice of Hearing at 1:45 p.m. on Friday, July, 6, 2018 | 1 |
| 295 | 06/28/2018 | Court Minutes | 2 |
| 294 | 06/26/2018 | Notice of Hearing June 23, 2018. | 1 |
| 293 | 06/26/2018 | Motion for Protective Order: PATRICIA K. HERMAN, | 4 |
| 292 | 06/26/2018 | Order Denying Counter-Pltf VErified Emergency Motion for a Temporary Injunction Against Counter-Deft W/O Prejudice | 2 |
| 291 | 06/25/2018 | Interrogatories | 6 |
| 290 | 06/25/2018 | Notice of Service of Interrogatories | 1 |
| 289 | 06/25/2018 | Request to Produce | 3 |
| 288 | 06/25/2018 | Motion for Protective Order | 4 |
| 287 | 06/21/2018 | Notice of Sale 7/17/18 ($570.00 post sale fee paid) | 3 |

Comprehensive Case Information System

| No. | Date | Description | Pages |
|---|---|---|---|
| 286 | 06/18/2018 | Motion to Set Aside Judgment ENTERED JULY 19, 2017 AND CANCEL FORECLOSURE SALE SET FOR JULY 17, 2018 | 5 |
| 285 | 06/14/2018 | Order Rescheduling Sale to 7/17/18 | 2 |
| 284 | 06/12/2018 | Motion to Reschedule Sale | 3 |
| 283 | 04/03/2018 | Notice of Unavailability | 2 |
| 282 | 10/13/2017 | Order to Cancel Sale | 4 |
| 281 | 10/09/2017 | Motion to Cancel Sale for October 19 2017 - by plaintiff | 1 |
| 280 | 10/05/2017 | Proof of Publication | 1 |
| 279 | 10/03/2017 | Correspondence from Brock & Scott PLLC to Clerk (no attachment) | 2 |
| 278 | 09/21/2017 | Notice of Sale on 10/19/17 at 11am | 2 |
| 277 | 07/31/2017 | Order Granting Motion to Amend counter pltf's motion for order directing Clerk to change case style | 4 |
| 276 | 07/19/2017 | Notice of Filing ATTORNEY WORKSHEET FOR FORECLOSURE TRIAL DIVISION 40 | 4 |
| 275 | 07/19/2017 | Final Judgment | |
| 274 | 07/19/2017 | Final Judgment | 2 |
| 273 | 07/19/2017 | Final Disposition Form | 1 |
| 272 | 07/19/2017 | Court Minutes | 2 |
| 271 | 07/18/2017 | Order for Continuance Denied NON JURY TRIAL ; DEFT-COUNTERPLTF EXHIBITS AND WITNESSES ARE STRICKEN AS UNTIMELY | |
| 270 | 07/18/2017 | Voluntary Dismissal | 2 |
| 269 | 07/18/2017 | Notice Appearance of Counsel | 8 |
| 268 | 07/18/2017 | Original Note CANCELED | 2 |
| 267 | 07/18/2017 | Voluntary Dismissal OF COUNTS II, V, AND VII OF THE AMENDED COUNTER CLAIM | 1 |
| 266 | 07/18/2017 | Court Minutes | 2 |
| 265 | 07/17/2017 | Affidavit of Attorney's Fees | 2 |
| 264 | 07/17/2017 | Affidavit of Attorney's Fees | 2 |
| 263 | 07/17/2017 | Notice of Filing NO ATTACHMENT | |
| 262 | 07/17/2017 | Petition or Motion to Strike NOTICE OF HEARING AND CANCEL UNILATERALLY SCHEDULED HEARING FOR JULY 18, 2017 | 6 |
| 261 | 07/17/2017 | Lis Pendens | 2 |
| 260 | 07/16/2017 | Subpoena Returned Served CUSTODIAN OF RECORDS C/O FIDELITY NATIONAL TITLE OF FLORIDA INC | 3 |
| 259 | 07/14/2017 | Notice of Hearing 07/18/2017 8:30AM | 23 |
| 258 | 07/14/2017 | Notice SUBPOENA DUCES TECUM FOR TRIAL issued by attorney against Maureen Nations | 2 |
| 257 | 07/11/2017 | Notice SUBPOENA DUCES TECUM FOR TRIAL ISSUED BY ATTORNEY AGAINST CUSTODIAN OF RECORDS | 2 |
| 256 | 07/10/2017 | Witness and Exhibit List (Amended Trial) | 5 |
| 255 | 07/10/2017 | Petition or Motion to Strike Patricia Herman's emergency motion to strike notice of hearing and cancel unilaterally scheduled hearing for july 10, 2017 | 11 |
| 254 | 07/09/2017 | Request to Produce trial exhibit to counter plaintiff | 2 |
| 253 | 07/05/2017 | Witness List | 2 |
| 252 | 07/05/2017 | Notice of Hearing 07/10/2017 8:30AM | 2 |
| 251 | 07/03/2017 | Motion for Continuance non jury trial set for july 19, 2017 | 4 |

Comprehensive Case Information System

| # | Date | Description | |
|---|---|---|---|
| 250 | 06/28/2017 | Witness and Exhibit List | 4 |
| 249 | 06/28/2017 | Witness and Exhibit List | 2 |
| 248 | 06/12/2017 | Motion to Dispense with Mediation (Pltfs) | 2 |
| 247 | 06/09/2017 | Notice of Hearing 7/10/2017 830AM | 2 |
| 246 | 06/06/2017 | Motion to Amend Complaint to Add Party Defendants- OCWEN Loan Servicing, LLC | 18 |
| 245 | 05/26/2017 | Order excusing deft from attending the non-jury trial scheduled for 7/19/17 | 1 |
| 244 | 05/22/2017 | Notice ATTORNEY WORKSHET FOR FORECLOSURE TRIAL | 2 |
| 243 | 05/19/2017 | Motion to excuse deft from attending the non-jury trial scheduled for 7/19/17 2:30 | 2 |
| 242 | 05/18/2017 | Certificate of Mailing | 8 |
| 241 | 05/18/2017 | Certificate of Mailing | 7 |
| 240 | 05/18/2017 | Witness and Exhibit List | 5 |
| 239 | 05/11/2017 | Order for Non Jury Trial 7/19/17 @ 2:30 Pm | 7 |
| 238 | 05/01/2017 | Notice for Trial (Sent to Judge) | 2 |
| 237 | 04/28/2017 | Notice Appearance of Counsel AND DIRECTIONS TO CLERK TO UPDATE ATTORNEY INFORMATION | 2 |
| 236 | 02/14/2017 | Order on Plaintiff's Motion to Place Case on Active Status, Motion to Substitute Party pltf and Motion to Sever Counterclaims | 3 |
| 235 | 02/14/2017 | Order Placing Case on Active Status | 1 |
| 234 | 02/14/2017 | Court Minutes | 2 |
| 233 | 01/11/2017 | Notice of Hearing 2/14/2017 8:30am | 7 |
| 232 | 01/04/2017 | Motion TO PLACE CASE ON ACTIVE STATUS, MOTION TO SUBSTITUTE PARTY PLAINTIFF AND MOTION TO SEVER COUNTERCLAIMS, BY GMAC MORTGAGE LLC | 7 |
| 231 | 12/20/2016 | Notice of Unavailability | 2 |
| 230 | 10/24/2016 | Suggestion - Notice of Bankruptcy and Auto Stay as to GMAC Mortgage LLC Bk# 12-12020(MG) | 7 |
| 229 | 09/23/2016 | Order Denying patricia's motion to remove case from inactive status | 1 |
| 228 | 09/14/2016 | Notice of Hearing [9/23/2016 @ 10:00 am] | 2 |
| 227 | 08/18/2016 | Notice Appearance of Counsel | 2 |
| 226 | 07/12/2016 | Mail Returned - Not Delivered | 3 |
| 225 | 07/01/2016 | Notice Appearance of Counsel | 2 |
| 224 | 06/02/2016 | Order Setting Hearing 9/23/16 at 10 am | 2 |
| 223 | 10/15/2015 | Motion for Case Management Conference (GREENBROOK VILLAS AT ERROL ESTATES CONDOMINIUM ASSOCIATION) | 2 |
| 222 | 05/12/2015 | Notice Appearance of Counsel | 2 |
| 221 | 12/31/2014 | Notice Appearance of Counsel | 3 |
| 220 | 08/29/2014 | Returned Mail | 3 |
| 219 | 08/17/2014 | Motion TO REMOVE CASE FROM INACTIVE STATUS | 2 |
| 218 | 08/15/2014 | Order Placing Case on Inactive Status | 2 |
| 217 | 06/11/2014 | Notice of Hearing 08/18/14 @ 8:30am | 1 |
| 216 | 07/31/2014 | Court Minutes | 3 |
| 215 | 07/02/2014 | Order Setting Case Management Conference 7/31/14 9:00a | |

Comprehensive Case Information System

| | | | | |
|---|---|---|---|---|
| | 214 | 06/27/2014 | Court Minutes | 1 |
| | 213 | 06/27/2014 | Notice of Bankruptcy Status | 6 |
| | 212 | 06/23/2014 | Interrogatories | 8 |
| | 211 | 06/23/2014 | Notice of Service of Interrogatories | 2 |
| | 210 | 06/22/2014 | Motion for Sanctions PATRICIA K. HERMAN | 8 |
| | 209 | 06/22/2014 | Motion for Substitution of Party PATRICIA K. HERMAN | 3 |
| | 208 | 04/23/2014 | Order on Motion for Substitution of Counsel | 2 |
| | 207 | 04/23/2014 | Letter | 1 |
| | 206 | 04/18/2014 | Stipulation FOR SUBSTITUTION OF COUNSEL - GMAC MORTGAGE, LLC | 2 |
| | 205 | 04/18/2014 | Exhibit(s) | 8 |
| | 204 | 04/18/2014 | Exhibit(s) | 1 |
| | 203 | 04/18/2014 | Motion FOR SUBSTITUTION OF COUNSEL - GMAC MORTGAGE, LLC | 3 |
| | 202 | 04/18/2014 | Stipulation FOR SUBSTITUTION OF COUNSEL | 2 |
| | 201 | 04/18/2014 | Exhibit(s) OCWEN LOAN SERVICING, LLC TRANSFERRED FROM PHELAN HALLINAN PLC TO BROCK SCOTT, PLLC | 8 |
| | 200 | 04/18/2014 | Consent TO SUBSTITUTION OF COUNSEL | 1 |
| | 199 | 04/18/2014 | Petition or Motion for Substitution of Counsel | 3 |
| | 198 | 04/18/2014 | Stipulation FOR SUBSTITUTION OF COUNSEL | 2 |
| | 197 | 04/18/2014 | Exhibit(s) | 8 |
| | 196 | 04/18/2014 | Consent | 1 |
| | 195 | 04/18/2014 | Motion FOR SUBSTITUTION OF COUNSEL - GMAC MORTGAGE, LLC | 3 |
| | 194 | 04/09/2014 | Returned Mail | 4 |
| | 193 | 04/09/2014 | Returned Mail | |
| | 192 | 04/09/2014 | Returned Mail | |
| | 191 | 04/09/2014 | Returned Mail | |
| | 190 | 04/09/2014 | Returned Mail | |
| | 189 | 04/09/2014 | Returned Mail | |
| | 188 | 04/09/2014 | Returned Mail | |
| | 187 | 04/09/2014 | Returned Mail | |
| | 186 | 04/09/2014 | Returned Mail | |
| | 185 | 04/09/2014 | Returned Mail | |
| | 184 | 04/09/2014 | Returned Mail | |
| | 183 | 04/07/2014 | Notice Appearance of Counsel | 2 |
| | 182 | 03/26/2014 | Order Setting Case Management Conference 6/27/2014 @ 1:30PM AND HEARING ON ALL PENDING MOTIONS | 3 |
| | 181 | 02/24/2014 | Notice of Change of Contact Telephone Numbers | 2 |
| | 180 | 01/21/2014 | Motion for Case Management Conference Greenbrook Villas at Errol Estate Condominium Association, Inc. | 2 |
| | 179 | 10/22/2013 | Suggestion of Bankruptcy | |
| | 178 | 10/22/2013 | Response in Opposition to Patricia's Motion for Attorney's Fees | 5 |
| | 177 | 10/22/2013 | Suggestion - Notice of Bankruptcy and Auto Stay | 25 |

https://myeclipse.ebmJ9tyncrseWAWMBcWSIR8vtv0cspNzaxCM3a3FlvmT8DxjFtVcJ9ysf[10/17/2018 10:03:40 AM]

Comprehensive Case Information System

| No. | Date | Description | Pages |
|---|---|---|---|
| 176 | 04/21/2013 | Notice of Unavailability not signed | 2 |
| 175 | 03/25/2013 | Response in Opposition to PATRICIA HERMAN'S MOTION FOR ATTORNEY'S FEES AND COSTS | 5 |
| 174 | 02/28/2013 | Motion DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS | 3 |
| 173 | 02/12/2013 | Notice of Unavailability NOTICE OF UNAVAILABILITY | 3 |
| 172 | 02/05/2013 | Order of Dismissal | 2 |
| 171 | 02/05/2013 | Order of Dismissal sent to rec on 2.5.2013 | |
| 170 | 01/29/2013 | Suggestion of Bankruptcy | |
| 169 | 01/29/2013 | Suggestion - Notice of Bankruptcy and Auto Stay AMENDED Suggestion/Notice of Bankruptcy and Auto Stay Sent to Rec on 1/30/13 | 24 |
| 168 | 01/29/2013 | Notice of Dismissal | 3 |
| 167 | 01/29/2013 | Notice of Voluntary Dismissal OF DEFENDANT PATRICIA K. HERMAN ONLY; Sent to Rec on 1/30/13 | 1 |
| 166 | 09/14/2012 | Notice Appearance of Counsel NOTICE APPEARANCE OF COUNSEL | 2 |
| 165 | 09/06/2012 | Notice of Designation of Email Address Notice of Designation of Email Address | 3 |
| 164 | 08/28/2012 | Notice of Designation of Email Address | 25 |
| 163 | 08/24/2012 | Suggestion of Bankruptcy | 1 |
| 162 | 08/24/2012 | Letter | 2 |
| 161 | 08/06/2012 | Lis Pendens Lis Pendens | 2 |
| 160 | 08/03/2012 | Notice of Hearing NOTICE OF HEARING | 3 |
| 159 | 07/31/2012 | Order Denying Plaintiffs Motion Motion For Summary Judgment | 1 |
| 158 | 07/23/2012 | Letter | 5 |
| 157 | 07/17/2012 | Motion for Final Judgment AMENDED Motion for Final Judgment | 5 |
| 156 | 07/12/2012 | Affidavit in Opposition Affidavit in Opposition | 54 |
| 155 | 06/28/2012 | Notice of Filing Settlement Documents Part 2 of 2 | 50 |
| 154 | 06/28/2012 | Notice of Filing settlement documents- part 1 of 2 | 2 |
| 153 | 06/27/2012 | Notice of Filing SETTLEMENT/CLOSING DOCUMENTS EXECUTED FEBRUARY 25, 2000 | 59 |
| 152 | 05/18/2012 | Notice of Hearing 7/16/12 @ 10 am | 2 |
| 151 | 05/16/2012 | Notice Cancellation of Hearing | 23 |
| 150 | 05/07/2012 | Notice of Hearing part 2 of 2 | 38 |
| 149 | 05/07/2012 | Notice of Hearing 6/27/12 @ 11 am with copy of motion part 1 of 2 | 2 |
| 148 | 04/29/2012 | Notice of Unavailability NOTICE OF UNAVAILABILITY | 2 |
| 147 | 04/19/2012 | Motion to Compel | 2 |
| 146 | 01/19/2012 | Motion For Case Status Conference | 2 |
| 145 | 12/08/2011 | Notice of Unavailability NOTICE OF UNAVAILABILITY | 2 |
| 144 | 11/10/2011 | Notice Cancellation of Hearing 11/09/2011 @ 10 am | 1 |
| 143 | 11/09/2011 | Notice Cancellation of Hearing 11/9/11 10:00 am | 1 |
| 142 | 11/08/2011 | Notice of Filing ELECTRONIC CORRESPONDENCE DATED NOVEMBER 4, 2011 AND NOVEMBER 7, 2011 - ATTACHMENT | 2 |
| 141 | 11/08/2011 | Notice of Filing ELECTRONIC CORRESPONDENCE DATED NOVEMBER 4, 2011 AND NOVEMBER 7, 2011 | |
| 140 | 11/03/2011 | Letter | 14 |

Comprehensive Case Information System

| # | Date | Description | Count |
|---|------|-------------|-------|
| 139 | 10/31/2011 | Motion for Contempt enforcement | 7 |
| 138 | 10/31/2011 | Notice of Conflict and Motion to Strike Notice of Unilaterally Scheduled Hearing | 6 |
| 137 | 10/31/2011 | Motion for Contempt | 7 |
| 136 | 10/31/2011 | Notice of Conflict and motion to strike notice of unilaterally scheduled hearing | 6 |
| 135 | 10/19/2011 | Notice of Hearing 11/9/11 10:00 am | 2 |
| 134 | 04/18/2011 | Notice Appearance of Counsel | 2 |
| 133 | 04/18/2011 | Letter from Kerry Keane, Bradley Arant Boult Cummings, LLP | 1 |
| 132 | 02/28/2011 | Notice of Unavailability | 1 |
| 131 | 02/24/2011 | Order on Motion for Substitution of Counsel | 2 |
| 130 | 02/24/2011 | Notice Appearance of Counsel | 2 |
| 129 | 02/22/2011 | Stipulation for Substitution of Counsel | 1 |
| 128 | 02/22/2011 | Notice | 2 |
| 127 | 11/18/2010 | Notice of Unavailability of Defts atty from 11/25 thru 12/5 & 12/22 thru 1/9/11 | 1 |
| 126 | 07/22/2010 | Order on Motion for Substitution of Counsel | 3 |
| 125 | 07/15/2010 | Stipulation for Substitution of Counsel | 1 |
| 124 | 07/15/2010 | Letter Elizabeth B. Eaton | 2 |
| 123 | 05/12/2010 | Notice of Unavailability Patricia K. Herman, Esq. | 1 |
| 122 | 05/12/2010 | Notice of Unavailability Patricia K. Herman, Esq. | 1 |
| 121 | 05/11/2010 | Motion for Summary Judgment Motion for Summary Judgment | 1 |
| 120 | 05/11/2010 | Exhibits in Support of Exhibit in Support of MOTION FOR SUMMARY JUDGMENT - EXHIBIT 3 - AFFIDAVIT OF INDEBTEDNESS | 1 |
| 119 | 05/11/2010 | Exhibits in Support of Exhibit in Support of MOTION FOR SUMMARY JUDGMENT - EXHIBIT 2. NOTE | 1 |
| 118 | 05/11/2010 | Exhibits in Support of Exhibit in Support of MOTION FOR SUMMARY JUDGMENT - EXHIBIT 1, MORTGAGE | 2 |
| 117 | 11/25/2009 | Notice of Unavailability Patricia K. Herman 12/16/09-01/05/10;01/08/-01/31/10 | 2 |
| 116 | 07/21/2009 | Motion to Compel | 2 |
| 115 | 04/21/2009 | Notice of Unavailability | 1 |
| 114 | 03/31/2009 | Certificate of Service of Answer Interrogatories Certificate of Service of Answer Interrogatories VERIFIED ANSWERS TO INTERROGATORIES | 1 |
| 113 | 03/25/2009 | Certificate of Service of Answer Interrogatories Certificate of Service of Answer Interrogatories PLAINTIFF'S UNVERIFIED ANSWERS TO INTERROGATORIES | 3 |
| 112 | 03/17/2009 | Order on Motion for Substitution of Counsel | 1 |
| 111 | 03/11/2009 | Minutes Hearing | 1 |
| 110 | 03/09/2009 | Memorandum Memorandum IN RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT | 1 |
| 109 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT F | 1 |
| 108 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT E | 1 |
| 107 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT C | 1 |
| 106 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT B | 1 |
| 105 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT A | 1 |

Comprehensive Case Information System

| # | Date | Description | Count |
|---|---|---|---|
| 104 | 03/09/2009 | Exhibits in Support of Exhibit in Support of EXHIBIT D | 1 |
| 103 | 03/09/2009 | Answer to Counter Claim/Petition Answer to Counter Claim/Petition AND DEFENSES | 1 |
| 102 | 03/06/2009 | Order on Motion for Substitution of Counsel OBO PLTF | 3 |
| 101 | 03/06/2009 | Notice of Hearing | 2 |
| 100 | 03/04/2009 | Order on Motion for Substitution of Counsel for plaintiff | 1 |
| 99 | 03/03/2009 | Minutes Hearing | 1 |
| 98 | 02/23/2009 | Amended Notice of Hearing | 2 |
| 97 | 02/20/2009 | Order on Motion for Substitution of Counsel for plaintiff | 3 |
| 96 | 02/20/2009 | Notice of Hearing | 2 |
| 95 | 02/18/2009 | Interrogatories Interrogatories DEFT'S 1ST INTERROGATORIES TO PLTF | 1 |
| 94 | 02/18/2009 | Motion for Default Motion for Default PATRICKIA K HERMAN, MOTION FOR DEFAULT FINAL JUDGMENT | 1 |
| 93 | 02/18/2009 | Notice of Service of Interrogatories Notice of Service of Interrogatories NOTICE OF SERVICE OF DEFT'S INTERROGATORIES TO PLTF | 1 |
| 92 | 02/16/2009 | Request to Produce Request to Produce DEFT'S REQUEST TO PRODUCE TO PLTF | 1 |
| 91 | 01/20/2009 | Petition or Motion to Extend Time Petition/Motion to Extend Time COUNTER DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COUNTERCLAIM | 1 |
| 90 | 12/29/2008 | Order Denying | 1 |
| 89 | 12/29/2008 | Letter Letter LETTER FILED FROM ATTORNEY PATRICIA HERMAN | 1 |
| 88 | 12/29/2008 | Order Denying Order Denying ORDER DENYING PLTF MOTION TO DISMISS DEFT PATRICIA K HERMANS COUNTERCLAIM | 1 |
| 87 | 12/23/2008 | Letter Letter 2ND LETTER FILED FROM CLERK TO PATRICIA HERMAN FOR COUNTERCLAIM FEE | 1 |
| 86 | 12/16/2008 | Letter Letter LETTER FILED FROM CLERK TO PATRICIA HERMAN FOR COUNTERCLAIM FEE (SEE CLERK'S NOTES REGARDING FEE) | 1 |
| 85 | 12/15/2008 | Answer & Affirmative Defenses Answer & Affirmative Defenses AMENDED ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAIN FOR FORECLOSURE AND COUNTERCLAIM | 1 |
| 84 | 12/15/2008 | Court Minutes Court Minutes MINUTES HEARING | 1 |
| 83 | 10/20/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 12/15/2008 11:45 A.M. | |
| 82 | 08/11/2008 | Voluntary Dismissal | 1 |
| 81 | 08/11/2008 | Voluntary Dismissal Voluntary Dismissal CROSS PLAINTIFF VOLUNTARY DISMISSAL ITS CROSS COMPLAINT WITHOUT PREJUDICE AGAINST GREENBROOK VILLAS AT ERROL ESTATE (ORIGINAL COMPLAINT AND COUNTERCLAIM STILL PENDING) | |
| 80 | 08/06/2008 | Court Minutes Court Minutes MINUTES HEARING | 1 |
| 79 | 08/06/2008 | Motion to Dismiss Motion to Dismiss CROSS DEFT GREENBROOK'S MOTION TO DISMISS AND/OR STRIKE (FAX) | 1 |
| 78 | 07/24/2008 | Court Minutes Court Minutes MINUTES HEARING | 1 |
| 77 | 07/22/2008 | Notice Cancellation of Hearing Notice of Cancellation of Hearing NOTICE CANCELLATION OF HEARING 07/25/2008 AT 915AM | 1 |
| 76 | 07/22/2008 | Court Minutes Court Minutes MINUTES HEARING | 1 |
| 75 | 07/21/2008 | Order Setting Aside Default Order Setting Aside Default ORDER ON PLTF/COUNTER DEFT'S MOTION TO VACATE DEFAULT IS GRANTED | 1 |
| 74 | 07/14/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING 07/25/08 @ 9:15AM | 1 |
| 73 | 07/14/2008 | Notice of Hearing Notice of Hearing CROSS NOTICE OF HEARING 07/21/08 @ 9:15 | 1 |
| 72 | 07/11/2008 | Notice of Hearing Notice of Hearing CROSS NOTICE OF HEARING 07/21/2008 AT 915AM SENT VIA FAX | 1 |

Comprehensive Case Information System

| # | Date | Description |
|---|------|-------------|
| 71 | 07/11/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 07/25/2008 09:15 A.M. SENT VIA FAX |
| 70 | 07/10/2008 | Motion to Vacate Motion to Vacate AMENDED MOTION TO VACATE DEFAULT |
| 69 | 07/10/2008 | Amended Notice of Hearing Amended Notice of Hearing AMENDED NOTICE OF HEARING 07/21/08 @ 9:15AM |
| 68 | 07/02/2008 | Notice of Change of Address Notice of Change of Address NOTICE OF CHANGE OF ADDRESS |
| 67 | 07/02/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 07/21/2008 09:15 A.M. |
| 66 | 06/27/2008 | Motion to Dismiss Motion to Dismiss MOTION TO DISMISS COUNTERCLAIM |
| 65 | 06/23/2008 | Motion to Vacate Motion to Vacate COUNTER-DEFENDANT MOTION TO VACATE DEFAULT |
| 64 | 06/20/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 07/01/2008 08:45 A.M. |
| 63 | 06/20/2008 | Motion for Final Judgment Motion for Final Judgment COUNTER/CROSS PLTFS MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT |
| 62 | 06/19/2008 | Motion for Final Judgment Motion for Final Judgment COUNTER/CROSS PLTFS MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT WITH ATTACHED EXHIBIT |
| 61 | 06/18/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 08/06/2008 10:30 A.M. |
| 60 | 06/10/2008 | Motion for Default Motion for Default MOTION FOR DEFAULT AS TO COUNTER DEFT (GMAC MORTGAGE LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION) |
| 59 | 06/10/2008 | Default Entered by the Clerk Default Entered by the Clerk DEFAULT ENTERED BY THE CLERK (COUNTER DEFT GMAC MORTGAGE LLC SUCCESSOR BY MERER TO GMAC MORTGAGE CORPORATION) |
| 58 | 06/04/2008 | Motion to Dismiss Motion to Dismiss CROSS DEFT GREENBROOK VILLAS AT ERROL ESTATE CONDO ASSOC INC MOTION TO DISM CROSS PLTF PATRICIA HERMAN CROSS CLAIM FOR INDEMNIFICATION |
| 57 | 05/30/2008 | Motion to Dismiss Motion to Dismiss CROSS DEFT GREENBROOK VILLAS AT ERROL ESTATES CONDOMINIUM MOTION TO DISMISS AND/OR STRIKE WITH ATTCHMT |
| 56 | 05/30/2008 | Letter Letter LETTER FILED TO CLERK DANA BROXTERMAN |
| 55 | 05/29/2008 | Notice of Change of Address Notice of Change of Address COUNSEL OF RECORD NOTICE OF CHANGE OF ADDRESS AND CONTACT TELEPHONE |
| 54 | 05/29/2008 | Notice of Unavailability Notice of Unavailability NOTICE OF NON-AVAILABILITY FROM 05/30 TO 06/23/08 |
| 53 | 05/28/2008 | Summons Returned Summons Returned 20 DAY SUMMONS SRVD [05/19/2008] AS TO GMAC MORTGAGE LLC (COUNTER DEFENDANT) ORIG HANDED TO ABLE 2 PROCESS SERVICE |
| 52 | 05/20/2008 | Summons Returned Summons Returned 20 DAY SUMMONS SRVD [5/16/2008] AS TO GREENBROOK VILLAS AT ERROL ESTATE CONDOMINIUM ASSOC., INC. |
| 51 | 05/15/2008 | Order Denying Order Denying ORDER DENYING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGEMENT OF FORECLOSURE AND TAXATION OF ATTORNEY'S FEES AND COSTS |
| 50 | 05/15/2008 | Letter Letter LETTER FILED TO JUDGE FROM PATRICIA K. HERMAN, ESQ |
| 49 | 05/15/2008 | Cross Claim Summons Issued Cross Claim Summons Issued CROSS CLAIM SUMMONS ISSUED AS TO GMAC MORTGAGE LLC (COUNTER DEFENDANT) ORIG HANDED TO ABLE 2 PROCESS SERVICE |
| 48 | 05/14/2008 | Cross Claim Summons Issued Cross Claim Summons Issued CROSS CLAIM SUMMONS ISSUED AS TO GREENBROOK VILLAS AT ERROL ESTATE CONDOMINIUM ASSOCIATION INC (CROSS DEFENDANT) ORIG HANDED TO ABLE 2 PROCESS |
| 47 | 05/14/2008 | Letter Letter LETTER TO JUDGE FROM KIM F STEVENS ESQ |
| 46 | 03/28/2008 | Letter Letter LETTER FILED TO CLERK FROM GIGI PASDEO |
| 45 | 03/28/2008 | Per the Court: Free ORIGINAL NOTE & MORTGAGE |
| 44 | 03/28/2008 | Final Disposition Form Final Disposition Form FINAL DISPOSITION FORM |
| 43 | 03/28/2008 | Notice Appearance of Counsel Notice Appearance of Counsel NOTICE OF APPEARANCE OF COUNSEL PATRICIA K HERMAN ESQ ON BEHALF OF PATRICIA K HERMAN FAX |
| 42 | 03/24/2008 | Answer & Affirmative Defenses Answer & Affirmative Defenses DEFENDANT'S PATRICIA K HERMAN ANSWER & Answer & Affirmative Defenses Answer & Affirmative Defenses DEFENDANT'S PATRICIA K HERMAN ANSWER & |

Comprehensive Case Information System

| # | Date | Description | Count |
|---|------|-------------|-------|
| 41 | 03/24/2008 | AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR FORECLOSURE AND COUTER PLAINTIFF'S PATRICIA K HERMAN COUNTERCLAIM FOR UNFAIR AND DECEPTIVE ACTS AND PRACIICES IN VIOLATION OF FLORIDA STATUTE CHAPTER 501 VIOLATION OF MORTGAGE LENDERS LAWS FLORIDA STATUTE CHAPTER 494 BREACH OF REINSTATEMENT AGREEMENT;VIOLATION OF CONTRACT;CONTINUING BREACH OF | 1 |
| 40 | 03/24/2008 | Answer & Affirmative Defenses Answer & Affirmative Defenses DEFENDANT'S PATRICIA K HERMAN ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR FORECLOSURE;AND COUNTERS DEFENDANTS PLAINTIFF'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR FORECLOSURE AND COUNTER PLAINTIFF'S PATRICIA K HERMAN COUNTERCLAIM FOR UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF FLORIDA STATUTE CHAPTER 501;VIOLATION OF MORTGAGE LENDERS LAWS FLORIDA STATUTE CHAPTER 494;BREACH OF REINSTATEMENT AGREEMENT;VIOLATION OF CONTRACT;CONTINUING BREACH OF | 1 |
| 39 | 03/24/2008 | Notice Appearance of Counsel Notice Appearance of Counsel NOTICE OF APPEARANCE OF COUNSEL PATRICIA K HERMAN ESQ ON BEHALF OF PATRICIA K HERMAN | 1 |
| 38 | 03/24/2008 | Affidavit in Opposition Affidavit in Opposition AFFIDAVIT OF PATRICIA K HERMAN IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT OF FORECLOSURE AND TAXATION OF ATTORNEY'S FEES AND COSTS | 6 |
| 37 | 03/03/2008 | Notice of Hearing Notice of Hearing NOTICE OF HEARING * 03/27/2008 09:00 A.M. | 1 |
| 36 | 03/03/2008 | Letter Letter LETTER FILED TO GIGI BASDEO | 1 |
| 35 | 02/13/2008 | Affidavit of Time Affidavit of Time AFFIDAVIT OF TIME | 1 |
| 34 | 02/13/2008 | Affidavit of Attorney's Fees Affidavit of Attorney's Fees AFFIDAVIT OF ATTORNEYS FEES | 1 |
| 33 | 02/13/2008 | Affidavit of Costs Affidavit of Costs AFFIDAVIT OF COSTS | 1 |
| 32 | 02/13/2008 | Affidavit in Support Affidavit in Support AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT | 1 |
| 31 | 02/13/2008 | Motion for Summary Judgment Motion For Summary Judgment MOTION FOR SUMMARY FINAL JUDGMENT OF FORECLOSURE AND TAXATION OF ATTYS FEES AND COSTS BY GMAC MORTGAGE LLC SBM | 1 |
| 30 | 02/13/2008 | Proof of Publication Proof of Publication PROOF OF PUBLICATION PATRICIA K HERMAN;UNKNOWN SPOUSE OF PATRICIA K HERMAN 12/7 12/14 | 1 |
| 29 | 02/13/2008 | Notice of Filing Notice of Filing PLTF NOTICE OF FILING NOTICE OF ACTION | 1 |
| 28 | 02/13/2008 | Letter Letter LETTER FILED FROM ATTORNEY OYEBIMPE OYEWALE (PARALEGAL) | 1 |
| 27 | 01/10/2008 | Letter Letter Letter LETTER FILED TO ATTY CANNOT ENTER DEFAULT NO PROOF OF PUBLICATION AS TO PATRICIA K HERMAN AND UNKNOWN SPOUSE OF PATRICIA K HERMAN | 1 |
| 26 | 01/10/2008 | Default Entered by the Clerk Default Entered by the Clerk DEFAULT ENTERED BY THE CLERK AS TO ERROL ESTATE PROPERTY OWNERS ASSOCIATION INC | 1 |
| 25 | 01/04/2008 | Affidavit of Non Military Service Affidavit of Non Military Service AFFIDAVIT OF NON MILITARY SERVICE | 1 |
| 24 | 01/04/2008 | Motion for Default Motion for Default MOTION FOR DEFAULT | 1 |
| 23 | 01/04/2008 | Notice of Dropping Parties Notice of Dropping Parties NOTICE OF DROPPING PARTIES WITHOUT PREJUDICE AS TO JOHN & JANE DOE | 1 |
| 22 | 11/28/2007 | Certificate of Mailing Certificate of Mailing CERTIFICATE OF MAILING OF NOTICE OF ACTION AS TO PATRICIA K HERMAN & UNKNOWNS SPOUSE OF PATRICIA K HERMAN | 1 |
| 21 | 11/28/2007 | Notice of Action Issued Notice of Action Issued NOTICE OF ACTION ISSUED AS TO PATRICIA K HERMAN & UNKNOWNS SPOUSE OF PATRICIA K HERMAN 1 COPY TO ATTY/1 COPY TO APOPKA CHIEF | 1 |
| 20 | 11/13/2007 | Affidavit Affidavit AFFIDAVIT OF DUE AND DILIGENT SEARCH FOR SERVICE BY PUBLICATION AS TO PATRICIA K HERMAN & UNKNOWNS SPOUSE OF PATRICIA K HERMAN | 1 |
| 19 | 09/12/2007 | Affidavit of Lost or Destroyed Instrument Affidavit of Lost/Destroyed Instrument AFFIDAVIT OF LOST SUMMONS SERVED ON ERROL ESTATE PROPERTY OWNERS ASSOC INC 8/20/2007 | 1 |
| 18 | 09/12/2007 | Summons Returned Summons Returned 20 DAY SUMMONS UNSERVED PATRICIA K HERMAN | 1 |
| 17 | 09/12/2007 | Summons Returned Summons Returned 20 DAY SUMMONS SRVD [08/22/2007] GREENBROOK VILLAS AT ERROL ESTATES CONDO ASSOC INC | 1 |
| 16 | 09/12/2007 | Summons Returned Summons Returned 20 DAY SUMMONS UNSERVED UNKNOWN SPOUSE OF PATRICIA K HERMAN | 1 |

Comprehensive Case Information System

| # | Date | Description | |
|---|------|-------------|---|
| 15 | 09/12/2007 | Summons Returned Summons Returned 20 DAY SUMMONS UNSERVED JANE DOE | 1 |
| 14 | 09/12/2007 | Summons Returned Summons Returned 20 DAY SUMMONS UNSERVED JOHN DOE | 1 |
| 13 | 08/27/2007 | Answer Answer DEFT GREEBROOK VILLAS AT ERROL ESTATES CONDO ASSOC INC ANSWER TO COMPLAINT | 1 |
| 12 | 08/27/2007 | Letter Letter LETTER FILED TO CLERK FROM DANA A BROXTERMAN (FOR CLAYTON AND MCCULLOH) (WITH ENCLOSURE) | 1 |
| 11 | 08/20/2007 | Case Initiated FL SRS 2010 Update | |
| 10 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO JANE DOE ORIG AND COPY TO ATTY BY HAND | |
| 9 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO JOHN DOE ORIG AND COPY TO ATTY BY HAND | |
| 8 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO GREENBROOK VILLAS AT ERROL ESTA ORIG AND COPY TO ATTY BY HAND | |
| 7 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO ERROL ESTATE PROPERTY OWNERS ORIG AND COPY TO ATTY BY HAND | |
| 6 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO UNKNOWN SPOUSE OF PATRICIA K. HERMAN ORIG AND COPY TO ATTY BY HAND | |
| 5 | 08/20/2007 | 20 Day Summons Issued 20 Day Summons Issued 20 DAY SUMMONS ISSUED AS TO PATRICIA K. HERMAN ORIG AND COPY TO ATTY BY HAND | |
| 4 | 08/20/2007 | Initial Judge Assigned Initial Judge Assigned INITIAL JUDGE ASSIGNED ADAMS, J H 40 | 1 |
| 3 | 08/20/2007 | Complaint Complaint COMPLAINT FILED | 1 |
| 2 | 08/20/2007 | Civil Cover Sheet Civil Cover Sheet CIVIL COVER SHEET FILED | 1 |
| 1 | 08/20/2007 | Lis Pendens Lis Pendens LIS PENDENS | |

**⊞ Judge Assignment History**

**⊞ Court Events**

**⊞ Financial Summary**

**⊞ Reopen History**

# Exhibit

# B

# GMAC Mortgage

May 14, 2012

Dear Homeowner,

As you may have read or heard, Residential Capital, LLC (ResCap), recently announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11. Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage, which services your mortgage. As servicer, GMAC Mortgage collects and keeps track of your mortgage payments and ensures that they are applied to your account and properly distributed to the lenders and investors who own your loan.

The restructuring of ResCap and GMAC Mortgage does not change your obligations as a mortgage borrower. As such, you must continue to make your scheduled mortgage payments on time and in full to the address listed on your monthly account statement.

While nothing has changed in relation to the amount of your mortgage payments or where you send those payments, we understand you may have some questions. Please feel free to contact our toll-free Homeowner Hotline at (888) 926-3479 between 8 a.m. and 5 p.m. EST, or refer to http://www.kccllc.net/rescap for additional information regarding ResCap's Chapter 11 reorganization. If you have specific questions about your loan, please reach out to the customer service number listed on your monthly statement.

In the coming weeks, you will receive a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines in the mail. No action is required on your part, related to this restructuring.

For our part, everyone on the GMAC Mortgage team is committed to providing the same high level of service and responsiveness we've always shown to the homeowners whose mortgage loans are entrusted to us. We look forward to helping you continue to build equity and value in your home.

Sincerely,

Thomas Marano
Chief Executive Officer
Residential Capital, LLC

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, PA 19034

# Exhibit C

8/24/2012 1:06 PM FILED IN OFFICE - LYDIA GARDNER, CLERK CIRCUIT COURT ORANGE CO FL

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Plaintiff,

v.

PATRICIA K. HERMAN, et al.,

        Defendant.

CASE NO. 48-2007-CA-010062-O



PLAINTIFF AND COUNTER-DEFENDANT
GMAC MORTGAGE, LLC'S
NOTICE OF BANKRUPTCY FILING
AND SUPPLEMENTAL SERVICING ORDER

PATRICIA K. HERMAN,

        Counter-Plaintiff,

v.

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Counter-Defendant.

Plaintiff, counter-defendant and debtor, GMAC Mortgage, LLC ("GMAC"), by and through its undersigned counsel, and in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), respectfully submits this Notice of Bankruptcy Filing and Supplemental Servicing Order, and states as follows:

    1.    On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries including, but not limited to, GMAC, (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the

1/2366021.1

"Bankruptcy Filing") in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The Debtors' Chapter 11 cases being jointly administered, indexed at case number 12-12020 (MG).

2.     As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors.   Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11  estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

3.     On July 13, 2012, the Bankruptcy Court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order").   Paragraphs 14, 15, 16 and 17 of the Final Supplemental Order identify the categories of defenses, claims, counter-claims and third-party claims for which the automatic stay has been modified (the "Permitted Claims").   A copy of the Final Supplemental Order is attached hereto as **Exhibit A**.

4.     As set forth in the Final Supplemental Order, Permitted Claims are those asserted by a borrower, mortgagor, or lien holder that relate "exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial

2

State, or eviction proceeding…" (Exh. A, ¶ 14(a)).  Claims for monetary relief of any kind or nature and claims "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" are not Permitted Claims. (*Id.*, ¶ 14(b)).

5.    To the extent that the defenses, claims, counter-claims, cross-claims and/or third-party claims do not constitute Permitted Claims, they remain subject to the automatic stay and the continued prosecution of these claims is prohibited.

6.    With regard to this matter, defendant and counter-plaintiff Patricia Herman asserted eight (8) counterclaims against GMAC.

a.    Count I for purported violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2, *et. seq.*, does not constitute a Permitted Claim and, therefore, remains subject to the automatic stay and the continued prosecution of this claim is prohibited.

b.    Count II for purported violations of the "Mortgage Lending Laws – Fla. Stat. Ch. 494" does not constitute a Permitted Claim and, therefore, remains subject to the automatic stay and the continued prosecution of this claim is prohibited.

c.    Count III for a purported breach of contract claim, to the extent the sole remedy is a determination as to GMAC's ability to foreclose, is a Permitted Claim. However, to the extent that this claim seeks monetary relief, it remains subject to the automatic stay and the continued prosecution of the claim is prohibited.

d.    Count IV for a purported continuing breach of contract claim, to the extent the sole remedy is a determination as to GMAC's ability to foreclose, is a Permitted Claim.  However, to the extent that this claim seeks monetary relief, it remains subject to the automatic stay and the continued prosecution of the claim is prohibited.

3

e.    Count V for a purported breach of a reinstatement agreement claim, to the extent the sole remedy is a determination as to GMAC's ability to foreclose, is a Permitted Claim.  However, to the extent that this claim seeks monetary relief, it remains subject to the automatic stay and the continued prosecution of the claim is prohibited.

f.    Count VI for a purported negligence claim is moot because the Court dismissed said claim with prejudice on or about December 24, 2008.

g.    Count VII for a purported breach of fiduciary duty, does not constitute a Permitted Claim and, therefore, remains subject to the automatic stay and the continued prosecution of this claim is prohibited.

h.    Count VIII for a purported unjust enrichment claim does not constitute a Permitted Claim and, therefore, remains subject to the automatic stay and the continued prosecution of this claim is prohibited.

7.    Pursuant to paragraph 23 of the Final Supplemental Order, any dispute regarding the extent, application and/or effect of the automatic stay under the Final Supplemental Order, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York, jointly administered under Case No. 12-12020, in accordance with the Case Management Order entered in the Debtors' case [Docket No. 141] and such other and further orders as may be entered by the United States Bankruptcy Court for the Southern District of New York.[1]

8.    This notice has been mailed, with a cover letter, to *pro se* defendant and counter-plaintiff Patricia Herman.

---

[1] A copy of the Case Management Order may be obtained at no charge at http://www.kccllc.net/rescap.

4

Respectfully submitted this 23rd day of August, 2012.

_____

Christian W. Hancock (Florida Bar No. 0643521)
Nicholas J. Voelker (Florida Bar No. 88876)
**Bradley Arant Boult Cummings LLP**
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 332-8842
Facsimile: (704) 332-8858
chancock@babc.com
nvoelker@babc.com

*Attorneys for Plaintiff and Counter-Defendant GMAC
Mortgage, LLC*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via

United States mail, postage prepaid, this 23rd day of August, 2012, to the following:

Patricia K. Herman, Esq.
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida 32712-2229
Telephone No.: (407) 668-8082
Facsimile No.: (407) 668-8085
*Pro se Defendant*

Jeff A. Stone, Esq.
Clayton & McCulloh, P.A.
1065 Maitland Center Commons Boulevard
Maitland, Florida 32751
*Counsel for Greenbrook Villas at Errol Estates Condominium Association, Inc.*

Drew T. Melville, Esq.
Phelan Hallinan PLC
888 SE 3rd Avenue, Suite 201
Ft. Lauderdale, FL 33316
*Co- Counsel for Plaintiff and Counter-Defendant GMAC Mortgage, LLC*

Christian W. Hancock (FL Bar No. 0643521)
Nicholas J. Voelker (FL Bar No. 0088872)
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax:   (704) 332-8858
chancock@babc.com

*Co-Counsel for Plaintiff and Counter-Defendant GMAC Mortgage, LLC*

6

1/2366021.1

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER, CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 1 of 19

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kcclle.net/rescap for additional information.

ny-1046923



EXHIBIT
A

they service senior mortgage loans and own the junior mortgage loans on the underlying

property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions

involving the amount, validity or priority of liens on properties subject to foreclosure

proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee

fees and expenses; and the Court having considered the Whitlinger Affidavit and the Bocresion

Declaration; and the Court having entered the Interim Supplemental Order on June 15, 2012

[Docket No. 391]; and the Court having entered a final order on June 15, 2012 granting the GA

Servicing Motion on a final basis [Docket No. 401]; and the Court having entered a final order

on June 15, 2012 granting the Non-GA Servicing Motion on a final basis [Docket No. 402]; and

it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this proceeding on the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion

having been given and it appearing that no other or further notice need be provided; and the

National Association of Consumer Bankruptcy Attorneys, on its own behalf and in a

representative capacity, two individuals who are debtors under Chapter 13, and Edward Boltz,

counsel for those individuals, having filed jointly the Limited Omnibus Objection To The

Servicing Orders And Debtors' May 31, 2012 Motion For A Supplemental Order [Docket No.

221] (the "NACBA Objection"); and the Committee having filed the Omnibus Response And

Reservation Of Rights Of The Official Committee Of Unsecured Creditors To Certain Of The

Debtors' First Day Motions [Docket No. 240]; and the Debtors having filed the Omnibus Reply

To Objections To Entry Of Final Orders For Specific "First Day" Motions And Related Relief

[Docket. No. 254]; and upon the record of the hearing; and it appearing that the relief requested

ny-1046923

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 3 of 19

by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and after due deliberation thereon; and any objections to the Motion, including the

NACBA Objection, having been withdrawn, resolved, or overruled on the merits; and sufficient

cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED on a final basis, as set forth herein, and any

objections to the Motion are hereby overruled;

<u>Loss Mitigation Programs</u>

2.      The Debtors are authorized, but not directed in their sole and absolute

discretion and subject to available funding, to continue developing and implementing loss

mitigation programs and procedures in the ordinary course of their businesses *nunc pro tunc* to

the Petition Date, including, but not limited to, making incentive payments to borrowers in

connection with the closing of short sales, or vacating properties in lieu of foreclosure or eviction

proceedings, or in the form of borrower rebates for loan payoffs including honoring all

obligations related thereto that accrued in whole or in part prior to the Petition Date (collectively,

the "Loss Mitigation Programs"); <u>provided</u>, <u>however</u>, that the aggregate cash payments made by

the Debtors to individual borrowers under the Loss Mitigation Programs that are not reimbursed

to the Debtors shall not exceed $550,000 per month (the "Monthly Cap"), absent consent of the

Committee or further order of the Court; <u>provided</u>, <u>further</u>, <u>however</u>, that to the extent the

Debtors do not exceed the Monthly Cap in any month they shall be entitled to utilize the

difference between the actual amount and the Monthly Cap in any succeeding month.  The

Debtors shall provide monthly reports to the Committee and the Office of the United States

Trustee for the Southern District of New York (the "U.S. Trustee"), which reports shall be in a

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 4 of 19

form agreed to by the Debtors and the Committee and such additional information as shall be reasonably requested by the Committee, in each case, concerning the Loss Mitigation Programs.

      3.    Cash payments made by the Debtors to individual borrowers under the Loss Mitigation Programs for which the Debtors are not reimbursed shall not exceed $4.2 million in the aggregate, absent consent of the Committee or further order of the Court. For the avoidance of doubt, the limitation on the amount of cash payments provided for in this paragraph 3 is in addition to the limitation on the amount of cash payments provided for in paragraph 12 hereof.

<u>Settlement Procedures</u>

      4.    The Debtors are authorized, but not directed to compromise and settle certain claims brought by the Debtors against any non-insider third parties in connection with foreclosure, eviction, or borrower bankruptcy proceedings (each a "Settling Party") or by a Settling Party against any of the Debtors (each, a "Claim") in accordance with the following two-tiered procedures (the "Settlement Procedures"):

> <u>Tier I</u>: The Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with respect to Claims that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed prepetition claims in amounts not to exceed $40,000 in full settlement of such Claim (each, a "Tier I Settlement").

> <u>Tier II</u>: The Debtors may enter into, execute and consummate written agreements of settlement with respect to Claims that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed prepetition claims in amounts exceeding $40,000 but less than $100,000 in full settlement of such Claims (each, a "Tier II Settlement"); <u>provided</u>, that in each case:

>     (a) The Debtors must provide advance written notice (by formal or informal means, including by e-mail correspondence) of the terms of any Tier II Settlement to (x) the U.S. Trustee, 33

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 5 of 19

Whitehall Street, 21st Floor, New York, New York 10004, Attn: Brian S. Masumoto, (y) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal; and (z) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Kenneth S. Ziman and Jonathan H. Hofer (collectively the "Notice Parties")

(b) Those Notice Parties wishing to object to any proposed Tier II Settlement must serve a written objection (by formal or informal means, including by e-mail correspondence) on the Debtors, so that it is received by no later than 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days from the date the Notice Parties received written notice of such Tier II Settlement (the "Settlement Objection Deadline"). Objections should be addressed to the proposed attorneys for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Larren M. Nashelsky (LNashelsky@mofo.com) and Norman S. Rosenbaum (NRosenbaum@mofo.com).

(c) If the Debtors receive a timely objection from a Notice Party, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the Tier II Settlement in accordance with any case management orders entered in the Chapter 11 cases. An objection by a Notice Party with respect to a given Tier II Settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been delivered.

(d) If the Debtors do not receive a written objection to a Tier II Settlement from a Notice Party by the Settlement Objection Deadline, then such Tier II Settlement shall be deemed approved and the Debtors and Settling Parties may carry out the terms of such Tier II Settlement without further notice or Court approval.

5.    The Debtors shall be required to seek approval from the Court in order to enter into and consummate any proposed settlement of a Claim with a settlement amount in excess of $100,000.

6.    The Debtors are authorized in their sole discretion, but not directed, to settle claims where some or all of the consideration is being provided by a third party and/or

5

where the Debtors are releasing claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures.

7.    The Settlement Procedures are without prejudice to the right of the Debtors to seek an order of this Court approving additional or different procedures with respect to specific claims or categories of claims.  For claims relating to matters specified in paragraphs 14(a) and 15(a) of this Order that were resolved pursuant to a settlement prior to the Petition Date, but where such settlement has not been consummated, the Debtors are authorized, but not directed to, consummate said settlements in accordance with the Settlement Procedures set forth in this Order.

8.    Notwithstanding anything to the contrary contained herein, this Order shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any prepetition or postpetition controversy arising in the ordinary course of the Debtors' businesses, or resolve any controversy authorized by any other order of the Court.

9.    Nothing in this Order or the Motion shall constitute a determination or admission of liability or of the validity or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity or priority of any claim asserted.

10.    The authority granted in this Order shall not replace or obviate the need to comply with the Debtors' internal procedures, legal or otherwise, for authorizing the settlements contemplated in the Motion.  All settlements made pursuant to the Settlement Procedures shall, to the extent applicable, be made in accordance with the Debtors' settlement procedures in effect as of the Petition Date (the "Internal Settlement Protocol") and as may be amended from time; provided, however, that the Debtors shall provide the Committee and the U.S. Trustee with notice of any material changes to the Internal Settlement Protocol.

6

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 7 of 19

11.    The Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning settlements of any Claims pursuant to the Settlement Procedures.

12.    Cash payments made by the Debtors under the Settlement Procedures shall not exceed $4 million in the aggregate, absent consent of the Committee or further order of the Court.

13.    Any period prescribed or allowed by the Settlement Procedures shall be computed in accordance with Bankruptcy Rule 9006.

Limited Relief from Automatic Stay

Borrower Foreclosure And Eviction Proceedings

14.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:

(a)    except as set forth herein, a borrower, mortgagor, or lienholder (each, an "Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or

7

ny-1046923

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL
Through Pg 29 of 85

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 8 of 19

eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)   absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action;

(c)   absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Interested Party on behalf of any other Interested Party or class of Interested Parties;

(d)   under no circumstances shall an Interested Party be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order, including, without limitation, a Mandatory Monetary Claim;

(e)   the Debtors shall retain the right, upon appropriate motion and notice to any affected Interested Party, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 9 of 19

Debtors will not object to the Interested Party's telephonic participation at any hearing on the motion; and

(f)     nothing set forth herein shall preclude or limit any Interested Party from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Borrower Bankruptcy Proceedings*

15.     The automatic stay imposed by section 362(a) of the Bankruptcy Code applicable against a borrower who currently has filed, or in the future files, for bankruptcy protection under any chapter of the Bankruptcy Code (a "Bankruptcy Borrower"), is hereby modified pursuant to the following terms and conditions:

(a)     except as set forth herein, a Bankruptcy Borrower or a trustee duly appointed under the Bankruptcy Code in the Bankruptcy Borrower's bankruptcy case (a "Bankruptcy Trustee") shall be entitled to: (i) assert and prosecute or continue to prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's bankruptcy case; (ii) assert and prosecute or continue to prosecute an objection to the Debtors' motion for relief from the automatic stay filed in the Bankruptcy Borrower's bankruptcy case; (iii) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property; (iv) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce (including to reduce to $0) or fix the amount of the Debtors' claim or lien against the Bankruptcy Borrower's property; (v) prosecute appeals with respect to items (i) through (iv) above; (vi) seek an accounting from the Debtors with respect to the Bankruptcy

9

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE HYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 10 of 19

Borrower's loan; and (vii) enter into, execute and consummate a written agreement of

settlement with the Debtors where the Debtors elect to enter into such settlement in their

sole discretion (but subject to the Settlement Procedures), to resolve items (i) through (vi)

above;

(b)   except as set forth herein, a Bankruptcy Borrower shall be entitled to

(i) engage in court-supervised or court-authorized loss-mitigation programs regarding the

Bankruptcy Borrower's loan; and (ii) engage in discussions with the Debtors and execute a

modification of the Bankruptcy Borrower's loan or otherwise discuss, enter into and

consummate settlements of claims and liens in accordance with the ordinary course of the

Debtors' business and applicable law;

(c)   absent further order of the Court, the automatic stay shall remain in

full force and effect with respect to all Bankruptcy Trustee's and Bankruptcy Borrower's

direct claims, counter-claims, motions or adversary proceedings:  (i) for monetary relief of

any kind and of any nature against the Debtors; (ii) for violation of any local, state or

federal statute or other law in connection with the origination of the Bankruptcy

Borrower's loan; (iii) for relief that if granted, would have no effect on the amount,

validity or priority of the Debtors' claim or lien against a Bankruptcy Borrower or the

property of the Bankruptcy Borrower securing such claim or lien of the Debtors; or

(iv) asserted in the form of a class action or collective action; provided however, a

Bankruptcy Trustee or Bankruptcy Borrower, solely in connection with their objections to

Debtors' proof of claim permitted by paragraph 15(a)(i) or proceedings permitted by

15(a)(iii), may assert claims of the type covered by subsection (i) or (ii) of this paragraph

15(c);

ny-1046923

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 11 of 19

(d)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Bankruptcy Borrower on behalf of any other class of borrowers;

(e)    with the sole exception of objections to Debtors' proofs of claim permitted by paragraph 15(a)(i) above and proceedings described in 15(a)(iii) above and solely for purposes of reducing any such claim and not for the purpose of obtaining an affirmative recovery or award, under no circumstances shall a Bankruptcy Borrower or Bankruptcy Trustee be entitled to recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order;

(f)    the Debtors shall retain the right, upon appropriate motion and notice to any Bankruptcy Borrower or Bankruptcy Trustee, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the Debtors will not object to the Interested Party's telephonic participation at any hearing on the motion; and

(g)    nothing set forth herein shall preclude or limit any Bankruptcy Borrower or Bankruptcy Trustee from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Foreclosures By The Debtors On Senior Loans*

16.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to pending and future foreclosure actions initiated by the Debtors in cases where they act as

11

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 12 of 19

servicer for the Senior Loan and also own (or for which the applicable public land records

otherwise reflect that the Debtors hold an interest) the Junior Loan with respect to the underlying

property (collectively, the "Junior Foreclosure Actions") is hereby modified pursuant to the

following terms and conditions:

>    (a)    except as otherwise set forth herein, the Debtors shall be entitled to
> assert and prosecute Junior Foreclosure Actions, whether in a Judicial State or a Non-
> Judicial State;

>    (b)    the Debtors shall be entitled to take such actions as are necessary to
> extinguish the lien with respect to a Junior Loan or to otherwise ensure clear and
> marketable title with respect to the property underlying a Senior Loan in connection with
> any sale or other disposition of such property;

>    (c)    the Debtors shall be entitled to seek all appropriate relief with
> respect to a Senior Loan in connection with the bankruptcy cases of a Bankruptcy
> Borrower without further order of the Court; and

>    (d)    the Debtors shall provide monthly reports to the Committee and the
> U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee,
> and such additional information as shall be reasonably requested by the Committee, in
> each case, concerning Junior Foreclosure Actions.

D.    *Actions Involving Amount, Validity Or Priority Of Liens*

>    17.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to

actions involving the amount, validity, and/or priority of liens commenced by third parties

purporting to have a lien interest or other claim ("Third Party Claimants") with respect to

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg · Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 13 of 19

properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is hereby modified pursuant to the following terms and conditions:

(a)    except as otherwise set forth herein, a Third Party Claimant shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor in connection with any Title Dispute, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Third Party Claimant direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;

(c)    absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Third Party Claimant on behalf of any other Third Party Claimant or class of Third Party Claimants;

(d)    under no circumstances shall a Third Party Claimant be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of the Order;

(e)    the Debtors shall be entitled to take such actions as are necessary to clear title with respect to property that is subject to a Title Dispute or to otherwise ensure

clear and marketable title with respect to such property in connection with any sale,

foreclosure or other disposition of such property;

     (f)    the Debtors shall retain the right, upon appropriate motion and

notice to any affected Third Party Claimant, to seek to impose any provision of section

362(a) of the Bankruptcy Code modified by the Order; and

     (g)    nothing set forth herein shall preclude or limit any Third Party

Claimant from seeking relief from the automatic stay under section 362(a) of the

Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

<u>Payment of Securitization Trustee Fees and Expenses</u>

     18.    The Debtors shall continue to perform all of their respective servicing

duties and servicing related duties, including, but not limited to, their duties as master servicer,

under all the governing agreements (including, without limitation, pooling and servicing

agreements, servicing agreements, or any other agreements concerning or relating to the Debtors'

obligations to reimburse and/or indemnify for reasonable fees, costs, expenses, liabilities, and/or

losses) (collectively, the "<u>Agreements</u>") relating to Debtor-sponsored securitization transactions

and non-Debtor sponsored securitization transactions to which any of The Bank of New York

Mellon Trust Company, N.A., Wells Fargo Bank, N.A., Deutsche Bank Trust Company

Americas, Deutsche Bank National Trust Company, or U.S. Bank National Association, or any

affiliate of such entities acts as trustee for which any Debtor performs servicing duties, in each of

their respective capacities as trustee (collectively, the "<u>Trustees</u>") and one or more of the Debtors

is a party, including but not limited to, making all principal, interest or other servicing advances

(including property protection advances) and reimbursing, indemnifying, defending and holding

harmless the Trustees and the securitization trusts for any liability, loss, or reasonable fees, cost

14

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 15 of 19

or expense (including fees and disbursements of counsel or agents) incurred by any of the

Trustees in the performance of their duties or their administration of the trusts or other agencies

under the Agreements to the extent required by the Agreements.  For the avoidance of doubt, the

Debtors shall pay the reasonable, actual out-of-pocket costs and expenses of the Trustees in

connection with reviewing and analyzing the request by the Debtors to approve the MBS

Settlement Agreement, and in connection with reviewing and analyzing amendments to the

Agreements as necessary or appropriate in connection with any proposed Chapter 11 plan, the

MBS Settlement Agreement or the Platform Sale.  Notwithstanding the foregoing, nothing in this

paragraph 18 shall require any Debtor (i) to repurchase any mortgage loans on the basis of

alleged breaches of representations, warranties or other requirements of the Agreements, or make

any make-whole payments with respect to any mortgage loans pursuant to the Agreements; or

(ii) to enforce, as against any other Debtor entity or any non-Debtor affiliate, any provision of the

Agreements under which such other Debtor entity or non-Debtor affiliate are required to

repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or

other requirements of the Agreements, or make any make-whole payments with respect to any

mortgage loans pursuant to the Agreements; and nothing in this paragraph 18 shall be deemed to

impose liability on any Debtor with respect to such alleged breaches or make-whole payment

requirements.

     19.    The Trustees shall submit invoices to (a) counsel to the Debtors,

(b) counsel to the Committee, and (c) the U.S. Trustee, and all such invoices shall include (i) an

itemization of all professional fees by task with a detailed description of the work performed in

connection with such task, (ii) a description of related expenses, and (iii) a description of any

indemnity claims.  Thereafter, within thirty (30) days of presentment of such invoices, if no

ny-1046923

written objections to the reasonableness of the fees and expenses charged in any such invoice (or

portion thereof) is made by the Debtors, the Committee, or the U.S. Trustee, the Debtors are

authorized and directed to pay all reasonable fees, costs and expenses and all indemnity claims

referred to in paragraph 18 (including without limitation, attorney, financial advisor, consultant

and expert fees and costs) incurred postpetition by any of the Trustees relating to the

performance of each of the Trustees' duties or the administration of the trusts or other agencies

under the Agreements (the "Trustee Expenses") that are not subject to an objection by the

Debtors, the Committee, or the U.S. Trustee without further order from the Court. Any objection

to the payment of the Trustee Expenses shall be made only on the basis of "reasonableness," and

shall specify in writing the amount of the contested fees and expenses and a detailed basis for

such objection. To the extent an objection only contests a portion of an invoice, the undisputed

portion thereof shall be promptly paid. If any such objection to payment of an invoice (or any

portion thereof) is not otherwise resolved between the Debtors, the Committee, or the U.S.

Trustee and the issuer of the invoice, either party may submit such dispute to the Court for a

determination as to the reasonableness of the disputed amounts. This Court shall resolve any

dispute as to the reasonableness of any fees and expenses.

      20.     To the extent either the Committee, or the RMBS Trustees determine that

the Trustee Expenses were improperly or mistakenly allocated to an RMBS trust or to the

Debtors' estates, the Committee and the RMBS Trustees reserve the right to seek to correct the

allocation of the Trustee Expenses as between the RMBS trusts or the Debtors' estates in

accordance with the applicable Agreement, and such adjustment shall be the Committee's and

RMBS Trustees' sole remedy arising from a misallocation. All Trustee Expenses for which

(a) no objection under paragraph 19 has been interposed, or (b) where such an objection has been

12-12020-mg   Doc 10583-1   Filed 10/23/18   Entered 10/24/18 10:41:34   Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE THY DUG PARDNER 36 TSK CIRCUIT COURT ORANGE CO FL

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 17 of 19

interposed and the amount of Trustee Expenses determined by the Court to be reasonable, shall

be entitled to administrative expense priority in the Debtors' Chapter 11 cases notwithstanding

the entry of an order authorizing the assumption and assignment or rejection of any Agreement.

However, the Debtors will not be responsible for any fees, costs and expenses incurred with

respect to any Agreement after the entry of an order in the Debtors' Chapter 11 cases authorizing

the rejection of such Agreement.

21.     If any or all of the provisions of this Order are hereafter reversed,

modified, limited, vacated or stayed, such reversal, stay, modification or vacatur shall not affect

the validity, priority or enforceability of any Trustee Expenses incurred prior to the actual receipt

of written notice by the Trustees of the effective date of such reversal, stay, modification or

vacatur (the "Notice Date").  Notwithstanding any such reversal, stay, modification or vacatur,

the payment of any Trustee Expenses incurred prior to the Notice Date and reimbursed prior to

or after the Notice Date by the Debtors shall be governed in all respects by the original

provisions of this Order, and the Trustees shall be entitled to all of the rights, remedies,

privileges and benefits granted in this Order with respect to payment of Trustee Expenses.

22.     Notwithstanding the Debtors' obligations set forth in paragraphs 18 and

19, nothing in this Order shall be deemed to limit, extinguish, or prejudice the Debtors' rights in

any way to assume and assign or reject any Agreement in accordance with Bankruptcy Code

section 365.

Other Relief

23.     Any disputes regarding the extent, application and/or effect of the

automatic stay under this Order shall be heard and determined in the Debtors' jointly

administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern

ny-1046923

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 18 of 19

District of New York, Case No. 12-12020 in accordance with the Case Management Order
entered in the Debtors' cases [Docket No. 141] and such other and further orders as may be
entered by the Court.

24.    The Debtors are authorized and empowered to take all actions and execute
such documents as may be necessary or appropriate to carry out the relief granted herein.

25.    Nothing herein shall be deemed to limit the rights of the Debtors to
operate their business in the ordinary course, and no subsequent order shall be required to
confirm such rights.

26.    Notwithstanding the relief granted herein and any actions taken hereunder,
nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any
contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their
non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or
otherwise.

27.    Notwithstanding anything to the contrary in this Order, any action to be
taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral
order or debtor in possession financing order entered in these chapter 11 proceedings. All
amounts authorized to be paid pursuant to this Order are subject to the limitations and
restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To
the extent that there is any inconsistency between the terms of this Order and the terms of any
order relating to postpetition financing or cash collateral, the terms of the orders relating to
postpetition financing or cash collateral shall govern.

28.    Notwithstanding anything herein to the contrary, this Order shall not
modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

18

12-12020-mg    Doc 10583-1    Filed 10/23/18    Entered 10/24/18 10:41:34    Exhibit A
8/24/2012 1:06 PM FILED IN OFFICE LYDIA GARDNER CLERK CIRCUIT COURT ORANGE CO FL

12-12020-mg    Doc 774    Filed 07/13/12    Entered 07/13/12 17:05:30    Main Document
Pg 19 of 19

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

29.    Nothing in this Order shall discharge, release, or otherwise preclude any

setoff or recoupment right of the United States of America, its agencies, departments, or agents.

30.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

31.    Notwithstanding the possible applicability of Bankruptcy Rules

2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

32.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:    July 13, 2012
          New York, New York


                          _____/s/ Martin Glenn_____
                          MARTIN GLENN
                          United States Bankruptcy Judge

ny-1046923

# Exhibit

# D

eFiled in the Office of Clerk of Court, Orange County Florida 2013 Jan 29 04:46 PM Lydia Gardner

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Plaintiff,

v.

PATRICIA K. HERMAN, et al,

        Defendants.

PATRICIA K. HERMAN,

        Counter-Plaintiff,

v.

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Counter-Defendant.

CASE NO. 48-2007-CA-010062-O

**PLAINTIFF GMAC MORTGAGE, LLC'S
NOTICE OF DISMISSAL WITHOUT
PREJUDICE OF DEFENDANT
PATRICIA K. HERMAN ONLY**

**COMES NOW** Plaintiff, GMAC Mortgage, LLC ("Plaintiff"), by and through its undersigned counsel of record, hereby presents this dismissal without prejudice of Defendant Patricia K. Herman only, in the referenced action.

///

///

///

///

///

Respectfully submitted this _27ᵗʰ_ day of January, 2013.

Mark S. Wierman (Florida Bar No. 0095781)
Christian W. Hancock (Florida Bar No. 0643521)
Nicholas J. Voelker (Florida Bar No. 0088876)
Monica Wilson (Florida Bar No. 0089441)
**Bradley Arant Boult Cummings LLP**
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax:   (704) 332-8858
Primary email: nvoelker@babc.com
Secondary email: mjpalmer@babc.com;
lkish@babc.com
*Co-Counsel for Plaintiff and Counter-Defendant
GMAC Mortgage, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF GMAC MORTGAGE, LLC'S NOTICE OF DISMISSAL OF DEFENDANT PATRICIA K. HERMAN ONLY** was furnished via United States mail, postage prepaid, and/or via email, pursuant to Rule 2.516, this 29ᵗʰ day of January, 2013, to the following:

Patricia K. Herman, Esq.
Law Office of Patricia K. Herman, P.A.
Email: service2lopkhpa@gmail.com

*Pro Se Defendant*

Jeff A. Stone, Esq.
Russell E. Klemm, Esq.
Clayton & McCulloh
Primary: jstone@clayton-mcculloh.com
Primary: rklemm@clayton-mcculloh.com
Secondary: mfgroup2@clayton-mcculloh.com

*Attorneys for Greenbrook Villas at Errol Estates Condominium Association, Inc.*

Drew T. Melville, Esq.
Phelan Hallinan PLC
888 SE 3ʳᵈ Avenue, Suite 201
Ft. Lauderdale, Florida 33316
Primary: FL.Service@PhelanHallinan.com

*Attorneys for Plaintiff and Counter-Defendant GMAC Mortgage, LLC*

Christopher Eri, Esq.
Community Association Law Group
157 E. New England Avenue, Suite 340
Winter Park, Florida 32789-7007
Primary: ceri@thehoalawyer.com

*Attorneys for Errol Estate Property Owner's Association*

Mark S. Wierman (Florida Bar No. 0095781)
Christian W. Hancock (Florida Bar No. 0643521)
Nicholas J. Voelker (Florida Bar No. 0088876)
Monica Wilson (Florida Bar No. 0089441)
**Bradley Arant Boult Cummings LLP**
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax:    (704) 332-8858
Primary email: nvoelker@babc.com
Secondary email: mjpalmer@babc.com;
lkish@babc.com
*Co-Counsel for Plaintiff and Counter-Defendant GMAC Mortgage, LLC*

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Plaintiff,

v.

PATRICIA K. HERMAN, et al.,

        Defendant.

PATRICIA K. HERMAN,

        Counter-Plaintiff,

v.

GMAC MORTGAGE, LLC, SUCCESSOR
BY MERGER TO GMAC MORTGAGE
CORPORATION,

        Counter-Defendant.

CASE NO. 48-2007-CA-010062-O

**ORDER GRANTING VOLUNTARY
DISMISSAL WITHOUT PREJUDICE AS TO
DISMISSAL OF DEFENDANT PATRICIA K.
HERMAN ONLY**

**IT HAVING BEEN MADE TO APPEAR** that Plaintiff GMAC Mortgage, LLC ("Plaintiff"), desires to dismiss Defendant Patricia K. Herman without prejudice in the above-styled action.

AND THE COURT, being fully informed and advised, hereby **ORDERS AND ADJUDGES** as follows:

Defendant Patricia K. Herman is hereby dismissed without prejudice in the above-styled action.

**DONE AND ORDERED** at Orlando, Orange County, Florida, this the ~~40~~ day of ~~January,~~ February 2013.

Pursuant to the Procedures Implementing Electronic
Case Filing in Circuit Civil Cases Section 4.3,
any party not receiving a copy of this order by ECF
must be provided a paper copy of this document and
a copy of the Notice of Electronic Filing by the filer.

Paper copies will not be provided by the Court.

The Honorable Circuit Court Judge Presiding

eFiled in the Office of Clerk of Court, Orange County Florida 2013 Feb 05 01:43 PM Lydia Gardner

# Exhibit

# E

OCWEN.MORTGAGEBANKSITE.COM



# GMAC Mortgage

## Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 6, 2013

PATRICIA HERMAN
1631 ROCK SPRINGS RD # 305
APOPKA FL  32712-2229



Dear PATRICIA HERMAN,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan. There will be no change to your account number or payment address; only to the name of the company to which you make your payment. All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen. You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013. Ocwen will begin to accept payments on February 16, 2013. Send all payments due on or after that date to Ocwen. A temporary coupon is provided below for your convenience. Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen. In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service. If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access. If you use a third party payment service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan. In this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements. It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final **GMAC Mortgage annual privacy notice** and (2) your **Ocwen initial privacy notice** that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs. If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-926-3479 weekdays from 8:00 AM to 7:00 PM, Central Time. If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m. - 10:00 p.m. CT M-F and 8:00 a.m. - 2:00 p.m. Sat.

Sincerely,                                    Sincerely,

Charles R. Hoecker                            William C. Erbey
Sr. Vice President, Customer Care             President and Chief Executive Officer
GMAC Mortgage                                 Ocwen Loan Servicing, LLC

Enclosure(s)

### Your Loan Account Details
### as of 02/04/2013

Account Number:
0306854835

Property Address:
1204 N FAIRWAY DR
APOPKA FL  32712

Transfer Date:
02/16/2013

Principal Balance:
$77,986.02

Escrow Balance:
-$4,387.14

Loan Rate:
8.250%

Next Payment Due:
3/1/2007

Payment Amount:
Please refer to your
mortgage account statement

### Ocwen Loan Servicing, LLC
### Customer Care
### Contact Information

➢ Phone:
800-766-4622
Personal assistance:
6:00 a.m. - 10:00 p.m. CT M-F
and 8:00 a.m. - 2:00 p.m. Sat

24-hour automated service

Email:
ocwen@mortgagebanksite.com

Web:
ocwen.mortgagebanksite.com

Mail:
PO Box 780
Waterloo, IA  50704-0780

# Exhibit

# F

Ocwen Loan Servicing, LLC
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780



2/16/2013

O C W E N

PATRICIA HERMAN
1631 ROCK SPRINGS RD # 305
APOPKA FL  32712-2229

RE:    Account Number:        0306854835
       Property Address:      1204 N FAIRWAY DR
                              APOPKA FL 32712

Dear PATRICIA HERMAN:

We recently provided a letter advising that the servicing of your account has been transferred to Ocwen Loan Servicing, LLC. As a result of this transfer, Federal law requires that we provide you with the following information.

Ocwen Loan Servicing, LLC is servicing your account on behalf of EVERBANK, which currently owns the interest in your account. As of the date of this letter, the total amount of the debt is $129,144.04. Interest, late charges, legal costs, fees and other charges may also be included in the total amount of the debt. Please note that because interest, late charges, and other charges may continue to accrue on this account, the total amount owed may be greater than the amount indicated above.

Federal law provides that you have thirty (30) days from the date of this letter to dispute the validity of this debt or any portion thereof. If you DO NOT wish to dispute this debt or any portion thereof within the thirty-day period, we will assume the debt is valid. If you wish to dispute this debt, please notify us in writing within the thirty-day period and we will provide verification of the debt or a copy of the judgment by mail. We will also provide the name and address of the original creditor if a written request is received within the same thirty-day period.

(Continue to next page)



2/16/2013
Account Number 0306854835
Page 2

Please send all written requests to:

Ocwen Loan Servicing, LLC
Attention: Customer Care
3451 Hammond Ave
Waterloo, IA 50704-0780

NOTICE – This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:** If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice.

Note: If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

M022

# Exhibit

# G

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

GMAC Mortgage, LLC, Successor By Merger To          GENERAL JURISDICTION DIVISION
GMAC Mortgage Corporation,

                                                    Case No. 2007-CA-010062-O
            Plaintiff,

vs.

Errol Estate Property Owner's Association;
Greenbrook Villas at Errol Estates Condominium
Association, Inc.,

            Defendants.
_____/

## PLAINTIFF'S MOTION TO PLACE CASE ON ACTIVE STATUS, MOTION TO SUBSTITUTE PARTY PLAINTIFF AND MOTION TO SEVER COUNTERCLAIMS

Plaintiff, GMAC Mortgage, LLC, Successor By Merger To GMAC Mortgage Corporation, by and through its undersigned counsel, files its Motion to Place Case on Active Status, Motion to Substitute Party Plaintiff and Motion to Sever Counterclaims, and in support thereof states as follows:

1. Plaintiff filed its foreclosure complaint on or about August 20, 2007.

2. The subject case was placed on inactive status by court order entered on August 14, 2014, as there was an active bankruptcy filed by GMAC Mortgage, LLC. A copy of the Order Placing Case on Inactive Status is attached hereto as Exhibit "A".

3. The order provided that the case may be re-opened upon motion to the court.

4. The basis for the inactive status has been resolved in that subject note was sold and is now being serviced by Ocwen Loan Servicing, LLC. Therefore, the bankruptcy filed by GMAC Mortgage, LLC no longer relates to this foreclosure action.

5. Pursuant to Fla. R. Civ. P. 1.260 (c), Plaintiff requests that Ocwen Loan Servicing, LLC be substituted as the Plaintiff in this case.

6. A copy of the relevant Assignment of Mortgage into Ocwen Loan Servicing, LLC, which
has been recorded in Official Records Book 10700 at Page 4455 of the Public Records of
Orange County, Florida, is attached hereto as "Exhibit B."

7. Defendant, Patricia K. Herman, filed 8 Counterclaims against GMAC Mortgage, LLC.

8. Plaintiff seeks to have the Counterclaim issues severed from the mortgage foreclosure,
pursuant to Rule 1.270(b), Fla.R.Civ.P., as GMAC Mortgage, LLC is no longer the
Plaintiff and no longer services loan on the subject note and mortgage.

9. A trial court's decision to bifurcate claims and issues is reviewed for an abuse of
discretion. *See Roseman v. Town Square Ass'n, Inc.*, 810 So. 2d 516, 520 (Fla. 4th DCA
2001) ("the law is well settled that bifurcation is subject to the sound discretion of the
trial court.").

10. Because none of Defendant's Counterclaims affect Ocwen Loan Servicing, LLC's ability
to foreclose, severance is proper. *See Stone v. Privatbanken*, 580 So. 2d 882 (Fla. 4th
DCA 1991) (counterclaims that do not impinge on a foreclosure action may be properly
severed and considered after foreclosure action is completed).

11. Plaintiff further directs the court to the Notice of Bankruptcy Status filed by GMAC
Mortgage, LLC on October 24, 2016, and highlights the following that was explained in
said notice:

    a. Defendant, Patricia Herman's interest in the property was foreclosed out by
Greenbrook Villa's suit and, therefore, Herma's claims against GMAC are not
permitted as she is not in the class of persons or entities allowed to assert such
claims.

b.  GMAC Mortgage LLC's Chapter 11 Plan provided for an injunction against

Defendant, Patricia Herman, from continuing to prosecute against GMAC.

c.  The Bankruptcy Court retains exclusive jurisdiction over all matters arising out

or, or related to, the Chapter 11 Case, including the Defendant's Counterclaims.

WHEREFORE, Plaintiff, GMAC Mortgage, LLC, Successor By Merger To GMAC

Mortgage Corporation, prays this Court for an order granting the Motion to Place Case on Active

Status, Motion to Substitute Party Plaintiff and Motion to Sever Counterclaims, and such other

and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via

U.S. Mail on ___January 4___, 2017 to all persons shown on the following

service list.

BROCK & SCOTT, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6121
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com

By _____
    Lauren Farinas, Esq.
    Florida Bar No. 118185

## SERVICE LIST

The following persons were served by e-mail:

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com;mfgroup2@clayton-mcculloh.com

Patricia K. Herman, Esq.
1631 Rock Springs, Road, #305
Apopka, FL 32712
lopkhpa@gmail.com

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 2007-CA-010062-O

DIV 40

GMAC MORTGAGE LLC

    Plaintiff(s),

vs.

PATRICIA K HERMAN
UNKNOWN SPOUSE OF
PATRICIA K HERMAN IF ANY
ANY AND ALL UNKNOWN
PARTIES CLAIMING BY
THROUGH UN
ERROL ESTATE PROPERTY
OWNERS ASSOCIATION INC
GREENBROOK VILLAS AT
ERROL ESTATES
CONDOMINIUM ASS
JOHN DOE
JANE DOE

    Defendant(s).
_____/

## ORDER PLACING CASE ON INACTIVE STATUS

    This case came before the Court, and the Court directs the Clerk to place the case on **INACTIVE** status due to:

X       Bankruptcy    stay,    Case    No.___12-12020(mg)___    **[BKST]**

☐  Case pending resolution of another case, Case No._____**[CPRC]**

☐  Written agreement of the parties **[BWAP]**

☐  Appeal pending **[AP]**

☐  Motion to stay or abate due to Department of Justice/Attorney General settlement **[DOJ/AG]**

2007-CA-010062-O

Exhibit "A"

☐   Other (a reason must be provided in writing by the presiding judge or designee) **[OTH]**

_____

The Clerk of Court is therefore directed to remove this case from **ACTIVE** status, and designate it as an **INACTIVE** case category based on the reason checked above. The parties must return the case to active status by motion, with notice to all parties, within 30 days of the termination of grounds for inactive status, and seeking an order of court returning it to active status.

**DONE AND ORDERED** at Orlando, Orange County, Florida on this _14_ day of August, 2014.

Margaret H Schreiber
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above order was delivered to the below parties on this _____ day of _____, 20____.

Brock & Scott                    1501 Nw 49th St Ste 202
                                 Fort Lauderdale Fl 33309

Patricia K Herman, Esquire       1631 Rock Springs Rd # 305
                                 Apopka Fl 32712

Christopher Paul Eri,            4250 Alafaya Trl Ste 212-173
Esquire                          Oviedo Fl 32765

Jeff A Stone, Esquire            Clayton & Mcculloh
                                 1065 Maitland Center Commons Blvd
                                 Maitland Fl 32751

Janice Lamboy

Conformed and Mailed
AUG 15 2014
DESIREE GROSS

2007-CA-010062-O

Prepared by and return to:
Elizabeth Houston
Legal Assistant, Ext. 53019
Phelan Hallinan, PLC
Attorneys for Plaintiff
2727 West Cypress Creek Road
Ft. Lauderdale, FL 33309
Tel: 954-462-7000
Fax: 954-462-7001
Service by email: FL.Service@PhelanHallinan.com
File Number: PH # 11351
Will Call No.:

DOC# 20140068164 B: 10708 P: 4455
02/06/2014 02:59:57 PM Page 1 of 1
Rec Fee: $10.00
Deed Doc Tax: $0.00
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SR — Ret To: PHELAN HALLINAN PLC

[Space Above This Line For Recording Data]

# Assignment of Mortgage

**KNOW ALL MEN BY THESE PRESENTS:**

THAT GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION, whose address is c/o Ocwen Loan Servicing, LLC, 1100 VIRGINIA DRIVE, STE 175, FORT WASHINGTON, PA 19034, herein designated as the assignor, does hereby grant, bargain, sell, assign, transfer and set over unto OCWEN LOAN SERVICING, LLC, whose address is c/o Ocwen Loan Servicing, LLC, 1100 VIRGINIA DRIVE, STE 175, FORT WASHINGTON, PA 19034, herein designated as assignee, the mortgage executed by PATRICIA K. HERMAN, A SINGLE PERSON on February 25, 2000 and recorded on March 9, 2000 in ORANGE COUNTY, Florida at Book 5958, Page 1962, encumbering the property more particularly described as follows:

Unit # 1204, Building 4, Greenbrook Villas at Errol Estates I, a Condominium, together with undivided interests in the land, common elements and common expenses appurtenant to said units, all in accordance with and subject to the covenants, conditions, restrictions, terms and other provisions of the Declaration of Condominium of Greenbrook Villas at Errol Estates I, a Condominium, recorded January 19, 1987, in O.R. Book 3854, Page 1905, et. seq., along with subsequent Modification thereof, all in the Public Records of Orange County, Florida.

To Have and to Hold the same unto the said Assignee, its successors and assigns.

In Witness Whereof, the said Assignor has hereunto set his hand or caused these presents to be signed by its proper corporate officers, this 28 day of January, 20 14.

Signed and delivered in our presence:

Witness Name: **Darryl Harris**

Witness Name: **Derien Lewis**

State of **Pennsylvania**
County of **Montgomery**

GMAC MORTGAGE, LLC SUCCESSOR BY
MERGER TO GMAC MORTGAGE CORPORATION

By:
Name: **Sherrell Feagins**
Title: **Authorized Signer**
**Ocwen Loan Servicing, LLC, Attorney in fact**

The foregoing Instrument was acknowledged before me this 28 day of January, 20 14 by Sherrell Feagins, on behalf of the corporation. He/she [✓] is personally known to me or [ ] has produced a _____ as identification.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA NOLAN HOFFMAN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2015

Notary Public
Printed Name: **Patricia Nolan Hoffman**
My Commission Expires: **11-15-15**

PH # 11351

Exhibit "B"

# Exhibit
## H

*OCWEN Loan Sving;* ~~GMAC Mort~~

**Plaintiff**

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE AND OSCEOLA
COUNTIES, FLORIDA

CIRCUIT CIVIL DIVISION: **40**

vs.

*Patricia K. Herman, et al.*

**Defendant**

CASE NO.: **2007-CA-010062-0**

### ORDER PLACING CASE ON ACTIVE STATUS DUE TO:

This case came before the Court, and the Court has been advised that the ~~Plaintiff~~/Defendant
have/has moved to place the case on **ACTIVE** status due to:

☑ Plaintiff/defendant stipulates that the bankruptcy stay has been lifted,
Case No. *12 - 12020 (mg)*    **[BKST LFT]**

☐ Plaintiff/defendant stipulates that related case has been disposed,
Case No._____**[CPRC DISP]**

☐ Written agreement of the parties **[BWAP]**

☐ Plaintiff/defendant stipulates that pending appeal has been disposed **[AP DISP]**

☐ Plaintiff/defendant stipulates that Department of Justice/Attorney General review is
complete **[DOJ/AG DISP]**

☐ Other (a reason must be provided in writing by the presiding judge or designee)
**[OTH DISP]**

FILED IN OPEN COURT *2/14/2017*
Clerk, Cir. Ct., Orange Co., FL
By _____ D.C.

The Clerk of Court is therefore directed to remove this case from the **INACTIVE** status, and
designate it as an **ACTIVE** case category based on the reason checked above.

**DONE** and **ORDERED** in *Orange* County, Florida, this *14th* day of *Feb.* 20*17*

_____
Presiding Judge

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

GMAC MORTGAGE, LLC, SUCCESSOR BY
MERGER TO GMAC MORTGAGE
CORPORATION,
        PLAINTIFF,
VS.
PATRICIA K. HERMAN; ET AL
        DEFENDANTS.

_____/

GENERAL JURISDICTION DIVISION
CASE NO. 2007-CA-010062-O

FILED IN OPEN COURT _2/14/2017_
Clerk, Cir. Ct., Orange Co., FL

By _____RO_____ D.C.

## ORDER ON PLAINTIFF'S MOTION TO PLACE CASE ON ACTIVE STATUS, MOTION TO SUBSTITUTE PARTY PLAINTIFF AND MOTION TO SEVER COUNTERCLAIMS

        **THIS CAUSE** having come before the Court on **PLAINTIFF'S MOTION TO PLACE CASE ON ACTIVE STATUS, MOTION TO SUBSTITUTE PARTY PLAINTIFF AND MOTION TO SEVER COUNTERCLAIMS**, and the Court having heard argument of parties, having reviewed the file and the Court being otherwise duly advised, it is thereupon,

        **ORDERED AND ADJUDGED:**

1. **PLAINTIFF'S MOTION TO PLACE CASE ON ACTIVE STATUS** is hereby **GRANTED.**

2. **PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PLAINTIFF** is hereby **GRANTED.**

3. **PLAINTIFF'S MOTION TO SEVER COUNTERCLAIMS** is hereby **GRANTED.**

4. _Defendant may go forward on the counterclaim._

        **DONE AND ORDERED** in Chambers at Orange County, Florida, this 14TH day of February, 2017.

By: _____
CIRCUIT JUDGE

copies furnished to:

## SERVICE LIST

Lauren Farinas Esq.
Brock & Scott, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
FLCourtDocs@brockandscott.com

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Patricia K. Herman
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, Suite 305
Apopka, FL 32712
service2lopkhpa@gmail.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com
mfgroup2@clayton-mcculloh.com

Raquel M. Fox
3350 US Hwy 441-27
Fruitland Park, FL 34731

Sheeler Road Animal Hospital, Inc.
c/o Wayne A. Lundberg, Registered Agent
547 Sheller Avenue
Apopka, FL 32703

Michelle L. Bryan
1739 Dogwood Hill Drive
Denver, NC 28037

Wayne A. Lundberg
3350 US Hwy 441-27
Fruitland Park, FL 34731

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Ocwen Loan Servicing, LLC,                    GENERAL JURISDICTION DIVISION

        Plaintiff,                          Case No. 2007-CA-010062-O

vs.

Patricia K. Herman, et al.,

        Defendants.

_____/

## NOTICE OF CHANGE OF ATTORNEY OF RECORD AND DIRECTIONS TO CLERK TO UPDATE ATTORNEY INFORMATION

    Please be advised that while the law firm of Brock & Scott, PLLC is still the law firm representing the Plaintiff, Ocwen Loan Servicing, LLC, Attorney Jarret Berfond is now counsel of record.

## DESIGNATION OF PRIMARY E-MAIL ADDRESS

    In accordance with Fla. R. Jud. Admin. 2.516(b)(1)(A), the undersigned attorney for the Plaintiff hereby designates FLCourtDocs@brockandscott.com as their primary e-mail address.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of Notice of Change of Attorney was sent via U.S. Mail or as otherwise indicated to the parties on the attached mailing list on this _28_ day of _April_ 2017.

                                 _____
                                 Jarret Berfond, Esq.
                                 Fla Bar #: 28816
                                 BROCK & SCOTT, PLLC
                                 Attorney for Plaintiff
                                 1501 N.W. 49th Street, Suite 200
                                 Ft. Lauderdale, FL 33309
                                 Phone: (954) 618-6955
                                 Fax: (954) 618-6954

Case No. 2007-CA-010062-O          1 of 2          File # 14-F01214

## CERTIFICATE OF SERVICE

The following persons were served by e-mail or U.S. Mail:

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq., 157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Patricia K. Herman
Law Office of Patricia K. Herman, P.A., 1631 Rock Springs Road, Suite 305
Apopka, FL 32712
service2lopkhpa@gmail.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq., Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com;mfgroup2@clayton-mcculloh.com

Michelle L. Bryan
1739 Dogwood Hill Drive
Denver, NC 28037

Raquel M. Fox
3350 US Hwy 441-27
Fruitland Park, FL 34731

Sheeler Road Animal Hospital, Inc.
c/o Wayne A. Lundberg, Registered Agent, 547 Sheller Avenue
Apopka, FL 32703

Wayne A. Lundberg
3350 US Hwy 441-27
Fruitland Park, FL 34731

Case No.  2007-CA-010062-O                    2 of 2                    File # 14-F01214

# Exhibit
# I

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

OCWEN LOAN SERVICING, LLC
    PLAINTIFF,
VS.
PATRICIA K. HERMAN; ET AL.
    DEFENDANTS.

GENERAL JURISDICTION DIVISION
CASE NO.  2007-CA-010062-O

/

### NOTICE OF READINESS FOR FORECLOSURE TRIAL

    Plaintiff, **OCWEN LOAN SERVICING, LLC,** by and through its undersigned counsel,

and hereby files this Notice of Readiness for Trial to advise the Court that the instant matter is at

issue and ready to be set for trial. Plaintiff estimates that a non-jury trial on the original action

will take one (1) hour of the court's trial docket.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Readiness for

Trial was sent electronically or via U.S. Mail, on this ___1___ day of __May__ , 2017

to all parties in the attached service list.

           BROCK & SCOTT, PLLC
           Attorney for Plaintiff
           1501 N.W. 49th Street, Suite 200
           Ft. Lauderdale, FL 33309
           Phone: (954) 618-6955, ext. 6121
           Fax: (954) 618-6954
           FLCourtDocs@brockandscott.com



           By _____
           Jarret Berfond, Esq.
           Florida Bar No. 28816

## SERVICE LIST

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Patricia K. Herman
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, Suite 305
Apopka, FL 32712
service2lopkhpa@gmail.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com
mfgroup2@clayton-mcculloh.com

Raquel M. Fox
3350 US Hwy 441-27
Fruitland Park, FL 34731

Sheeler Road Animal Hospital, Inc.
c/o Wayne A. Lundberg, Registered Agent
547 Sheller Avenue
Apopka, FL 32703

Michelle L. Bryan
1739 Dogwood Hill Drive
Denver, NC 28037

Wayne A. Lundberg
3350 US Hwy 441-27
Fruitland Park, FL 34731

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 2007-CA-010062-O

OCWEN LOAN SERVICING
LLC

      Plaintiff(s),

vs.

PATRICIA K HERMAN, et al.

      Defendant(s).

_____/

## ORDER SETTING NON-JURY TRIAL

YOU ARE HEREBY NOTIFIED that a **NON-JURY TRIAL** in the above cause will be

heard before Judge Bob LeBlanc on **July 19, 2017 at 2:30 p.m.** ( 1 hour reserved ) **in Hearing**

**Room 2000.02** at 425 N. Orange Avenue, Orlando, Florida 32801 or as soon thereafter as it can

be reached. Plaintiff/Counter-Plaintiff's failure to appear shall result in dismissal of the case.

DONE AND ORDERED on this _10_ day of _May_, 20 _17_.

_____
Bob LeBlanc
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this _11_

day of _May_ , 20_17_ by using the Florida Courts E-Filing Portal System.

Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested

parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic

Filing generated by the ePortal System and by U.S. mail to the attached service list.


_Cindy Brown_

Cindy Brown, Judicial Assistant to Judge Bob LeBlanc


**If you are a person with a disability who needs any accommodation in order
to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance.  Please contact the ADA Coordinator, Human
Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510,
Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court
appearance, or immediately upon receiving this notification if the time before
the scheduled appearance is less than 7 days; if you are hearing or voice
impaired, call 711.**

### SERVICE LIST
### File # 14-F01214
### 1204 North Fairway Drive, Apopka, FL 32712

Brock and Scott, PLLC
Attorneys for Plaintiff
1501 NW 49th Street, Suite 200
Fort Lauderdale, FL 33309
FLCourtDocs@brockandscott.com

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Patricia K. Herman
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, Suite 305
Apopka, FL 32712
service2lopkhpa@gmail.com
lopkhpa@gmail.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com
mfgroup2@clayton-mcculloh.com

Raquel M. Fox
3350 US Hwy 441-27
Fruitland Park, FL 34731

Sheeler Road Animal Hospital, Inc.
c/o Wayne A. Lundberg, Registered Agent
547 Sheller Avenue
Apopka, FL 32703

Michelle L. Bryan
1739 Dogwood Hill Drive
Denver, NC 28037

Wayne A. Lundberg
3350 US Hwy 441-27
Fruitland Park, FL 34731

# EXHIBIT "A" – *for FORECLOSURE NON-JURY TRIALS*

## Guidelines for Division 40 Controlling Trial and Exhibit Testimony
## Judge Bob LeBlanc

This matter shall control all Non-Jury Foreclosure trials unless in conflict with a Case Management Order entered on the specific case.

The ATTORNEY/*PRO SE* WORKSHEET (attached) shall be completed in full by each side, be signed and dated by each, and returned to the Court and filed with the clerk of court within ten (10) days of receipt of same. A copy should be provided to opposing counsel or party.

**A.**   **REFERRAL TO MEDIATION; DEADLINE.**

    (1)   If this matter has not been previously mediated, the matter must be mediated no later than two weeks prior to the trial date. Plaintiff shall have the responsibility for setting the mediation. If costs are incurred they shall be shared equally between the plaintiff and defendant.

    (2)   Any party may move to defer or dispense with mediation upon good cause shown. However, mediation shall proceed unless a Court order specifically dispenses with mediation.

    (3)   All parties and their counsel or authorized representative, with the authority to resolve this matter must appear in person. Telephone or video appearances are not permitted.

**B.**   **DISCOVERY PROVISIONS:**

    (1)   All discovery must be completed no later than one week prior to the trial in this matter.
    (2)   Sanctions will be imposed for failure to comply with the *Florida Rules of Civil Procedure* and the *Administrative Rules of the Ninth Judicial Circuit.*
    (3)   The filing of motions that are not set for immediate hearing and heard will not toll the compliance with a requirement.
    (4)   "Compliance" with discovery and with the "Rules" means complete compliance. Failure to comply fully will constitute non-compliance.

**C.**   **EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES.**
No later than twenty (20) days before the trial, attorneys and *pro se* parties shall serve upon each other (but not file) the following:

    **(1) LIST OF ALL WITNESSES** (including known impeachment and rebuttal witnesses) which the party might call at trial. The list shall contain the name, address and telephone number of the witness and whether the witness is a liability or damage witness. Additionally, expert witnesses shall be designated as such.

(2) **SCHEDULE OF ALL EXHIBITS** which a party may offer at trial numbered sequentially. The schedules will include all depositions to be offered in evidence at trial.

## D.   REQUIREMENTS PRIOR TO TRIAL.

(a) **MEETING OF ATTORNEYS, AND PRO SE PARTIES.** No later than ten (10) working days prior to the trial, counsel who will try the case, and *pro se* parties, if any, shall meet. Attendance at this meeting is mandatory. Plaintiff's attorney (or if plaintiff is pro se, defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting.

At the meeting the attorneys, and *pro se* parties shall:

1. Discuss and attempt to settle the case.

2. Produce, examine, and INITIAL every evidentiary exhibit intended to be offered at trial; agree upon those which can be admitted as joint exhibits, those which can be admitted without objection, and identify those to which objection will be made and the grounds of each objection, and note this on a separate copy of each party's exhibit schedule. Objections not reserved or grounds not noted on such separate schedule will be deemed waived at trial. Agreements and objections will be filed with the Court no later than one week before the trial.

3. Review the witness lists and in good faith note on a separate copy which witnesses and depositions will actually be used at trial.

4. Discuss and stipulate as to those facts which will require no proof at trial.

5. Discuss, clarify and frame all factual issues of fact to be tried.

6. Identify all issues of law, procedure or evidence to be decided by the Court prior to or during trial.

7. Discuss and attempt to agree upon any other matters which will lead to a more orderly and expeditious trial, e.g., copies in lieu of originals, witnesses out of turn, which portions and how depositions will be presented, etc.

**E.    The following documents:** *Division 40 Guidelines and Procedures;* **and** *the Ninth Judicial Circuit Courtroom Decorum Policy* **are located at** *http://ninthcircuit.org/about/judges/circuit/bob-leblanc.* **It is further ordered that all counsel are charged with reading and being familiar with the contents thereof and complying therewith.**

**F.    EXPECTATIONS:** All counsel and pro se litigants are expected to be prepared and ready for trial when the matter is called for trial. Witnesses must be present and under subpoena. Failure of a party to appear at trial and to be prepared for trial may result in either a dismissal of the action or a default being entered by the Court.

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.
CIVIL DIVISION 40

Plaintiff,

vs.

Defendant.

_____/

Attorney Worksheet for Foreclosure Trial Division 40
Plaintiff/Defendant/HOA Worksheet (Circle one)

Plaintiff's counsel          Defendant or Defense counsel          HOA Counsel

_____          _____          _____

_____          _____          _____

Estimated number of hours to try case:  Pltf _____     Deft _____     HOA _____

Names of witnesses to be called and interest in case:

Plaintiff                    Defendant                    HOA

_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____

Original Mortgage is:     Filed          Lost          _____

Original Note is:         Filed          Lost          _____

Assignments/_____     Filed          Lost          _____

_____ All exhibits must be marked before the day of trial and exchanged with
opposing counsel or *pro se* litigant.  Exhibit tags may be obtained from the Trial Clerk.

Court Reporter will be ordered by:  Plaintiff          Defense          HOA     None

Chain of Holder of Mortgage/Note:

1-_____     Date of transfer _____
2-_____     Date of Transfer_____
3-_____     Date of Transfer_____
4-_____     Date of Transfer_____

Trial should not be set before_____   Reason:_____

_____
Date Completed

_____
Name of Party (please print)

_____
Signature of Party

     I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court
this _____ day of _____, 2015 by using the Florida Courts E-Filing Portal
System.  Accordingly, a copy of the foregoing is being served on this day to all
attorney(s)/interested parties identified on the ePortal Electronic Service List, via
transmission of Notices of Electronic Filing generated by the ePortal System to:

     I HERBY CERTIFY that a copy of the foregoing was furnished on this _____ day
of _____, 2015 by U.S. Mail to:

_____
Signature of Party

# Exhibit

# J

Filing # 58612858 E-Filed 07/05/2017 03:26:53 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

PATRICIA HERMAN
    *Counter-Plaintiff,*

VS.

OCWEN LOAN SERVICING, LLC.
    *Counter-Defendant.*

    GENERAL JURISDICTION DIVISION
    CASE NO.  2007-CA-010062-O

_____/

## COUNTER-DEFENDANT'S REQUEST TO PRODUCE TRIAL EXHIBITS TO COUNTER-PLAINTIFF

    Counter-Defendant, **OCWEN LOAN SERVICING, LLC** through its undersigned counsel, hereby request that Counter-Plaintiff, **PATRICIA HERMAN** produce and permit inspection and copying of the documents listed below, pursuant to FRCP Rule 1.350

    The document to be Produced:  **Trial Exhibits**

    I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on _____July 5th_____, 2017 to all persons shown on the following service list.

    BROCK & SCOTT, PLLC
    Attorney for Counter-Defendant
    1501 N.W. 49th Street, Suite 200
    Ft. Lauderdale, FL 33309
    Phone: (954) 618-6955, ext. 6121
    Fax: (954) 618-6954
    FLCourtDocs@brockandscott.com

    By_____
    Jarret Berfond, Esq.
    Florida Bar No. 28816

## SERVICE LIST

Patricia K. Herman, Esq.
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, FL 32712-2229
lopkhpa@gmail.com

# Exhibit

# K

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

OCWEN LOAN SERVICING, LLC,
      PLAINTIFF,

VS.

GENERAL JURISDICTION DIVISION

Case No. 2007-CA-010062-O

PATRICIA K. HERMAN; UNKNOWN SPOUSE OF
PATRICK K. HERMAN, IF ANY; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN NAMED
INDIVIDUAL DEFENDANT(S) WHO ARE NOT
KNOW TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN INTEREST
AS SPOUSES, HEIRS, DEVISEES, GRANTEES OR
OTHER CLAIMANTS; ERROL ESTATE PROPERTY
OWNER'S ASSOCIATION, INC; GREENBROOK
VILLAS AT ERROL ESTATES CONDOMINIUM
ASSOCIATION, INC; JOHN DOE AND JANE DOE AS
UNKNOWN TENANTS IN POSSESSION,
      DEFENDANTS.

FILED IN OPEN COURT 7/19/2017
Clerk, Cir. Ct., Orange Co., FL
By _____ D.C.

_____/

## FINAL JUDGMENT

THIS ACTION was tried before the Court on July 19, 2017. On the evidence presented

IT IS ADJUDGED that:

1.    Plaintiff, Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409, is due:

| | | |
|---|---|---|
| Principal | | $77,986.02 |
| Interest from 2/1/07 to 7/1/17 | | $67,233.24 |
| Title Search | | $400.00 |
| Prior Servicer Escrow | | $5,307.06 |
| Escrow Refunds | | $82.71 |
| Tax Disbursements 2014 | | $1,066.42 |
| Tax Disbursements 2015 | | $1,140.16 |
| Tax Disbursements 2016 | | $1,146.02 |
| Property Maintenance | | $3,329.58 |
| Property Preservation | | $310.00 |
| Property Inspections | | $1,192.29 |
| Property Appraisals | | $1,634.25 |

| Attorneys' fees | | |
|---|---|---|
| Flat Fee | $250.00 | |
| Hourly Fees | $1,555.50 | |
| Finding as to reasonable number of attorney hours: 6.8 | | |
| Finding as to reasonable attorney hourly rate: $215.00 | | |
| Finding as to reasonable number of paralegal hours: 1.1 | | |
| Finding as to reasonable paralegal hourly rate: $85.00 | | |
| Additional Flat Fee | | |
| Case Management Conference- 6/27/14 & 7/31/14 | $1,000.00 | |
| Case Management Conference- 9/23/16 | $500.00 | |
| Attorneys' fees total | | $1,805.00 |
| Subtotal | | $162,632.75 |
| LESS: Suspense Balance | | ($1.89) |
| LESS: Escrow Payments | | ($5.15) |
| **TOTAL** | | **$$162,625.71** |

2.     The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest in accordance with Section 55.03, Florida Statutes.

3.     Plaintiff holds a lien for the total sum superior to all claims or estates of defendants, on the following described property in Orange County, Florida:

UNIT # 1204, BUILDING 4, GREENBROOK VILLAS AT ERROL ESTATES I, A CONDOMINIUM, TOGETHER WITH UNDIVIDED INTERESTS IN THE LAND, COMMON ELEMENTS AND COMMON EXPENSES APPURTENANT TO SAID UNITS, C111 IN ACCORDANCE WITH AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM OF GREENBROOK VILLAS AT ERROL ESTATES I, A CONDOMINIUM, RECORDED JANUARY 19, 1987, IN O.R. BOOK 3854, PAGE 1905, ET. SEQ., ALONG WITH SUBSEQUENT MODIFICATION THEREOF, ALL IN THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

4.     If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on OCT.19, 2017, to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at 425 North Orange Avenue in Orange County in Orlando, Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):

☐     At _____, beginning at _____ on the prescribed date.

☑     By electronic sale beginning at 11:00 on the prescribed date at www.myorangeclerk.realforeclose.com.

2007-CA-010062-O                                                                                                    File # 14-F01214

5.    Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6.    On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

7.    On filing the certificate of sale, defendants and all persons claiming under or against defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

8.    Jurisdiction of this action is retained to enter further orders that are necessary or are proper including, but not limited to re-foreclosure against any subordinate interest omitted from these proceedings, determining the amounts owed to any condominium or homeowners association, issuance of a writ of possession and the entry of a deficiency judgment, when and if such deficiency is sought if the parties liable under the note have not been discharged in bankruptcy (however no deficiency may be sought if the parties liable under the note were subject to an order allowing Plaintiff or its predecessors-in-interest only in rem relief from the bankruptcy automatic stay).

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

ORDERED at Orlando, Florida, on _____July 19, 2017_____.

_____
Circuit Court Judge

    I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on _____July 19, 2017_____, 2017 to all persons shown on the following service list.

2007-CA-010062-O                                    File # 14-F01214

Copies furnished:

Nazish Zaheer, Esq.
Attorney for Plaintiff
1501 Northwest 49th Street, Suite 200
Fort Lauderdale, FL 33309

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com;mfgroup2@clayton-mcculloh.com

*Adam A. Ibbs*

#71922

# Exhibit

# L

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR
ORANGE COUNTY, FLORIDA

**PATRICIA K. HERMAN,**

     Counter Plaintiff,   CASE NO: 48-2007-CA-010062

vs.

**OCWEN LOAN SERVICING, LLC,**

     Counter Defendant.

_____/

## ORDER GRANTING COUNTER PLAINTIFF'S MOTION FOR ORDER DIRECTING CLERK TO CHANGE CASE STYLE

  **THIS CAUSE** came before this Honorable Court on the 19th day of July, 2017, on the Counter Plaintiff's ore tenus *Motion for Order Directing Clerk to Change Case Style*, and after hearing arguments, reviewing the pleadings in the Court file, and/or otherwise being fully advised in the premises, this Honorable Court finds as follows:

  A. On or about February 14, 2017, OCWEN LOAN SERVICING, LLC was substituted into this action as Party Plaintiff for GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION;

  B. OCWEN LOAN SERVICING, LLC has no objection to the amendment of the case style in this action;

it is therefore:

  **ORDERED AND ADJUDGED** as follows:

  1. The Counter Plaintiff's *Motion for Order Directing Clerk to Change Case Style* is hereby **GRANTED.**

  2. The new caption for this case shall reflect the remaining active

counterclaim:

**PATRICIA K. HERMAN,**

        Counter Plaintiff,

vs.

**OCWEN LOAN SERVICING, LLC,**

        Counter Defendant.

_____/.

**ORDERED** at Orlando, Orange County, Florida on this __3/__ day of    July, 2017.

_____

**THE HONORABLE JUDGE BOB LEBLANC**
**Circuit Court Judge**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing Order Granting the Counter Plaintiff's *Motion for Order Directing Clerk to Change Case Style* will be furnished this __3/__ day of July 2017, via Florida E-Portal to all parties of record.

_____

Judicial Assistant/Attorney