# Exhibit

# P

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Ocwen Loan Servicing, LLC                    GENERAL JURISDICTION DIVISION

          Plaintiff,                    Case No.  2007-CA-010062-O

vs.

Greenbrook Villas at Errol Estates
Condominium Association, Inc.; Errol
Estate Property Owner's Association,

          Defendants.
_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Ocwen Loan Servicing, LLC, hereinafter Plaintiff, by and through its undersigned counsel, hereby files this Motion for Extension of Time to respond to the Counter Plaintiff's Request to Produce, Notice of Service of Counter Plaintiff's First set of Interrogatories to Counter Defendant filed by the Defendant, Patricia K. Herman, and in support thereof states as follows:

1.    The undersigned represents Plaintiff in the instant action.

2.    Defendant, Patricia K. Herman, served her Counter Plaintiff's Request to Produce, Notice of Service of Counter Plaintiff's First set of Interrogatories to Counter Defendant upon Plaintiff on or about June 25, 2018.

3.    The undersigned requires additional time to consult with Plaintiff and formulate the response to the Counter Plaintiff's Request to Produce, Notice of Service of Counter Plaintiff's First set of Interrogatories to Counter Defendant.  The undersigned requests an additional thirty (30) days to serve responses from the current due date.



4.    On July 11, 2018, the Court granted Defendant/Counter Plaintiff's motion for leave to file a second amended counterclaim.    As such, there is no prejudice to Defendant/Counter Plaintiff.

5.    This Motion is made in good faith and not for the purposes of delay.

WHEREFORE, Plaintiff, Ocwen Loan Servicing, LLC, prays this Court for an order granting the Motion for Extension of Time, and such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Extension of Time, was mailed electronically or via U.S. Mail on July 17, 2018 to all persons shown on the following service list.

> BROCK & SCOTT, PLLC
> Attorney for Plaintiff
> 1501 N.W. 49th Street, Suite 200
> Ft. Lauderdale, FL 33309
> Phone: (954) 618-6955, ext. 6111
> Fax: (954) 618-6954
> FLCourtDocs@brockandscott.com
>
> By _____
> Allegra Knopf, Esq.
> Florida Bar No. 307660

**Shaib Y. Rios, Esq.**
**FL Bar No. 28316**

The following persons were served by e-mail:

Errol Estate Property Owner's Association
c/o Christopher Eri, Esq.
157 E. New England Ave., Suite 340
Winter Park, FL 32789
ceri@thehoalawyer.com

Greenbrook Villas at Errol Estates Condominium Association, Inc.
c/o Jennifer L. Davis, Esq.
Clayton & McCulloh, 1065 Maitland Center Commons Blvd.
Maitland, FL 32751
jdavis@clayton-mcculloh.com;mfgroup2@clayton-mcculloh.com

Filing # 77109071 E-Filed 08/28/2018 12:48:23 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

**PATRICIA K. HERMAN,**

        Counter Plaintiff,

vs.

**OCWEN LOAN SERVICING, LLC,**

        Counter Defendant.

_____/

**CASE NO.: 48-2007-CA-010062**

**COUNTER-DEFENDANT OCWEN LOAN SERVICING, LLC'S**
**MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Counter-Defendant, Ocwen Loan Servicing, LLC ("Ocwen" or "Counter-Defendant"), by and through its undersigned counsel, seeks an extension of time to respond to Counter-Plaintiff's Request for Production, Request for Admissions and First Set of Interrogatories to Counter-Defendant. In support hereof, Counter-Defendant states as follows:

1.      On June 25, 2018 Counter-Plaintiff served the Request for Production, Request for Admissions and First Set of Interrogatories upon Ocwen (the "Discovery").

2.      On July 17, 2018, Ocwen filed a motion seeking a 30-day extension of time to respond to the Discovery.

3.      The undersigned counsel was only recently retained by Ocwen and requires additional time to review the Discovery and consult with Ocwen in order to prepare appropriate responses.

4.      On August 23, 2018, the undersigned counsel contacted Counter-Plaintiff Patricia K. Herman by e-mail to request an extension through and including Monday, September 10, 2018. The undersigned counsel has not yet received any response from Counter-Plaintiff.

5.    Due to an error in calendaring, the instant motion was not filed by the expiration on

Friday, August 24, 2018 of Ocwen's previous requested extension of time.    Counter-Plaintiff

submits that the belated filing of this Motion was due to excusable neglect and is not prejudicial

to any party to this action.

6.    Ocwen states that it is not making the instant request for purposes of delay or

harassment, and no parties would be prejudiced by granting the relief sought herein.

**WHEREFORE**, Counter-Defendant OCWEN LOAN SERVICING, LLC respectfully

requests that the Court enter an Order granting Ocwen 's Motion for Extension to Respond to

Discovery together with such other relief that this Court deems just and appropriate.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

By:/s/ *Linda M. Reck*
        Patrick G. Broderick, Esq.
        Florida Bar No. 88568
        *broderickp@gtlaw.com*
        *FLService@gtlaw.com*
        Linda M. Reck, Esq.
        Florida Bar No. 669474
        *reckl@gtlaw.com*
        *shelnutl@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By:*/s/ Linda M. Reck*
LINDA M. RECK

WPB 384294330v2

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

PATRICIA K. HERMAN,

       Counter Plaintiff,

vs.                                                     CASE NO.: 48-2007-CA-010062

OCWEN LOAN SERVICING, LLC,

       Counter Defendant.

_____/

## COUNTER-DEFENDANT OCWEN LOAN SERVICING, LLC'S
## MOTION FOR ADDITIONAL EXTENSION OF TIME TO RESPOND TO DISCOVERY

Counter-Defendant, Ocwen Loan Servicing, LLC ("Ocwen" or "Counter-Defendant"), by and through its undersigned counsel, seeks an extension of time to respond to Counter-Plaintiff's Request for Production, Request for Admissions and First Set of Interrogatories to Counter-Defendant. In support hereof, Counter-Defendant states as follows:

1.      On June 25, 2018 Counter-Plaintiff served the Request for Production, Request for Admissions and First Set of Interrogatories upon Ocwen (the "Discovery").

2.      On July 17, 2018, Ocwen filed a motion seeking a 30-day extension of time to respond to the Discovery.

3.      On August 28, 2018, Ocwen filed a motion seeking an extension of time through today, September 10, 2018 to respond to the Discovery because the undersigned counsel had been recently retained by Ocwen.

4.      Since that time, however, the undersigned counsel has had professional and personal obligations that delayed finalizing the responses to Discovery in this matter. Specifically, the undersigned counsel prepared for and attended a trial in Pasco County and then was out of the

office for several days due to an unexpected family matter. As a result, Ocwen and the undersigned counsel require an additional two weeks to complete and finalize responses to the Discovery.

5. On September 10, 2018, the undersigned counsel contacted Counter-Plaintiff Patricia K. Herman by e-mail to request an extension through and including September 24, 2018. The undersigned counsel has not yet received any response from Counter-Plaintiff.

6. Ocwen states that it is not making the instant request for purposes of delay or harassment, and no parties would be prejudiced by granting the relief sought herein.

**WHEREFORE**, Counter-Defendant OCWEN LOAN SERVICING, LLC respectfully requests that the Court enter an Order granting Ocwen 's Motion for Extension to Respond to Discovery together with such other relief that this Court deems just and appropriate.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

By:/s/ *Linda M. Reck*
Patrick G. Broderick, Esq.
Florida Bar No. 88568
*broderickp@gtlaw.com*
*FLService@gtlaw.com*
Linda M. Reck, Esq.
Florida Bar No. 669474
*reckl@gtlaw.com*
*shelnutl@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By:/s/ *Linda M. Reck*
LINDA M. RECK

*WPB 384303773v1*

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

PATRICIA K. HERMAN,

       Counter Plaintiff,

                                   CASE NO.: 48-2007-CA-010062

vs.

OCWEN LOAN SERVICING, LLC,

       Counter Defendant.

_____/

## COUNTER-DEFENDANT OCWEN LOAN SERVICING, LLC'S
## NOTICE OF SERVICE OF UNVERIFIED RESPONSES TO FIRST SET OF
## INTERROGATORIES

       Counter-Defendant, Ocwen Loan Servicing, LLC ("Ocwen" or "Counter-Defendant"), by

and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.340, hereby

gives notice of serving its unverified Responses to Counter-Plaintiff's First Set of Interrogatories.

       [REMAINING PAGE INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By: */s/ Linda M. Reck*
LINDA M. RECK

*WPB 384321304v1*

Filing # 79025039 E-Filed 10/08/2018 05:47:19 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

**PATRICIA K. HERMAN,**

      Counter Plaintiff,

**CASE NO.: 48-2007-CA-010062-O**

vs.

**OCWEN LOAN SERVICING, LLC,**

      Counter Defendant.

_____/

## COUNTER-DEFENDANT'S RESPONSES TO REQUEST FOR ADMISSIONS

Counter-Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen") by its undersigned counsel, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, hereby responds to the Request for Admissions to Counter Defendant filed by Counter-Plaintiff, PATRICIA K. HERMAN's ("Ms. Herman") on July 12, 2018 as follows:

### GENERAL OBJECTIONS AND RESPONSES

Ocwen objects generally to the Request for Admissions to the extent that it seeks to impose obligations Ocwen greater than that which is required by applicable law and/or the Florida Rules of Civil Procedure.

Ocwen objects generally to the Request for admissions to the extent it seeks privileged information including, but not limited to, information protected by the work product doctrine and/or the attorney-client privilege.

Any Request not specifically admitted herein shall be deemed denied.

Notwithstanding the foregoing objections, and without waiving them, Ocwen responds to the specific Requests as follows:

## SPECIFIC RESPONSES

1.      You are the current title owner of the property that is subject to the note and mortgage in this action.

**RESPONSE**: Denied.

2.      The subject note and mortgage does not authorize for the collection of private mortgage insurance premiums.

**RESPONSE**: Ocwen admits that the subject Note and Mortgage do not expressly require the borrower to pay a *private* mortgage insurance premium as part of the monthly payment, but the subject Note and Mortgage do require the borrower to pay a mortgage insurance premium as part of the monthly payment.

3.      The subject note and mortgage does not authorize for the collection of hazard insurance premiums.

**RESPONSE**: Denied.

4.      Between March 2000 through July 2018, on a monthly basis, you have removed monies for the payment of private mortgage insurance premiums from Ms. Herman's escrow account.

**RESPONSE**: Denied.

5.      Between March 2000 through July 2018, on a monthly basis, you have charged monies for the payment of private mortgage insurance premiums to Ms. Herman's escrow account.

**RESPONSE**: Denied.

6.      Between March 2016 through July 2018, you have removed monies for the payment of hazard insurance premiums from Ms. Herman's escrow account.

**RESPONSE**: Denied.

7.    Between March 2016 and July 2018, you have charged monies for the payment of hazard insurance premiums to Ms. Herman's escrow account.

**RESPONSE**: Denied.

8.    Between March 2000 through July 2018, on a monthly basis, you have charged late fees to Ms. Herman's account.

**RESPONSE**: Denied.

9.    You utilized incorrect data to service Ms. Herman's loan.

**RESPONSE**: Denied.

10.    You failed to verify the accuracy of the terms of repayment of Ms. Herman's loan.

**RESPONSE**: Denied.

11.    Between March 2000 through July 2018, you have unilaterally and repeatedly increased Ms. Herman's monthly mortgage loan payment.

**RESPONSE**: Denied.

12.    You admitted to Ms. Herman that subject note and mortgage did not authorize the collection of private mortgage insurance from her escrow account.

**RESPONSE**:  Ocwen objects to this Request as vague and ambiguous because it does not provide a time frame for which it seeks an admission.  Subject to and without waiver of its objection, Ocwen refers Ms. Herman to its response to Request for Admission number 2.

13.    You attempted to alter Ms. Herman's closing/settlement documents to authorize the collection of private mortgage insurance premiums from her escrow account.

**RESPONSE**: Denied.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

By:/s/ *Linda M. Reck*
    Patrick G. Broderick, Esq.
    Florida Bar No. 88568
    *broderickp@gtlaw.com*
    *FLService@gtlaw.com*
    Linda M. Reck, Esq.
    Florida Bar No. 669474
    *reckl@gtlaw.com*
    *shelnutl@gtlaw.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 8, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By:/s/ *Linda M. Reck*
    LINDA M. RECK

WPB 384282132v2

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

PATRICIA K. HERMAN,

        Counter Plaintiff,

                                    CASE NO.: 48-2007-CA-010062

vs.

OCWEN LOAN SERVICING, LLC,

        Counter Defendant.

_____/

## COUNTER DEFENDANT'S RESPONSE TO COUNTER PLAINTIFF'S REQUEST TO PRODUCE

Counter-Defendant OCWEN LOAN SERVICING LLC ("Ocwen") by its undersigned counsel and pursuant to Fla. R. Civ. P. 1.350, hereby responds and objects to the Request to Produce filed by Counter-Plaintiff, PATRICIA K. HERMAN ("Ms. Herman") on June 25, 2018 as follows:

### GENERAL OBJECTIONS AND RESPONSES

1.    Ocwen objects to the Request to Produce to the extent that it seeks documents representing communications between Ocwen and its counsel. Ocwen will not produce any documents that are privileged from disclosure based on the attorney-client privilege. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Ocwen does not object to a specific Request on the basis on an applicable privilege. Although extreme care has been taken and continues to be made to exclude such items from production, Ocwen does not waive such protections with respect to any information or documents that are produced inadvertently.

2.    Ocwen objects to the Request to Produce to the extent that it seeks documents representing attorney work product. Ocwen will not produce any documents that are protected from disclosure based on the work product doctrine. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Ocwen does not object to a specific Request on the basis of an applicable privilege. Although extreme care has been taken and continues to be made to exclude such items from production, Ocwen does not waive such protections with respect to any information or documents that are produced inadvertently.

3.    Ocwen objects to the Request to Produce to the extent it seeks documents that are private, confidential or commercially sensitive information. Such documents will be provided by Ocwen only upon entry of, and subject to, an appropriate protective order or a suitable confidentiality agreement agreed upon and executed by and between the parties.

4.    Ocwen construes each document request in the Request to Produce not to seek, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, documents selected and assembled by counsel for the purpose of preparing to represent Ocwen on its behalf, and in preparing court pleadings and other papers, communications between Ocwen and its counsel, and other documents and communications that have come into existence because of anticipated or actual litigation.

5.    Ocwen objects to the production of "any" documents to the extent that the Request to Produce seeks to require Ocwen to do more than use reasonable diligence to locate responsive and non-privileged documents based on an examination of those files that reasonably may be expected to yield such documents.

6.      Ocwen objects generally to the Request to Produce to the extent that it imposes any obligation that is inconsistent with, or greater than that which is required by, the Florida Rules of Civil Procedure or any other applicable rule or law.  Ocwen will construe and respond to the Request to Produce in accordance with the requirements of the Florida Rules of Civil Procedure and Local Rules and any other applicable rule or law.

7.      Ocwen objects generally to the Request to Produce to the extent that it purports to impose upon Ocwen a duty to secure and produce documents or things not within its possession, custody or control.  Ocwen further objects to the Request to Produce to the extent that it purports to seek discovery of documents that are in the possession, custody or control of Ocwen's parents or affiliates having corporate identities separate and apart from Ocwen and therefore not in Ocwen's possession, custody or control.

8.      Ocwen objects to the Request to Produce to the extent that it purports to impose an obligation on Ocwen to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) from readily accessible sources (including electronic sources) where responsive documents can reasonably be expected to be found.

9.      Ocwen objects generally to the Request to Produce to the extent that it purports to require preservation and/or production of electronically stored information ("ESI") that is not stored on active systems, but is stored on systems, backup tapes and other media that are no longer part of normal business operations.  Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources.  Because of the lack of relevance of such ESI and the cost associated with searching, preserving and accessing these data sources, Ocwen will not search the ESI sources described above.

10.     Ocwen objects generally to the Request to Produce to the extent that it purports to require Ocwen to create or generate documents that do not exist currently. Ocwen's responses and objections shall not be construed as representations of the existence or non-existence of specific documents in its possession, custody or control.

11.     A statement that Ocwen will produce documents responsive to a Request means that Ocwen will produce responsive documents located within its possession, custody, and control, at the offices of Ocwen's counsel or where said documents may be located presently, and at a time mutually convenient for the parties and their respective counsel. Alternatively, at the request of Ms. Herman, copies of the responsive documents will be provided at Ms. Herman's sole cost and expense. By producing documents pursuant to any Request, Ocwen does not (a) admit that such documents (or related documents) are properly discoverable, (b) waive any objection which might otherwise be made to such documents, or (c) admit that any such documents are admissible at trial. Ocwen reserves the right to object to the use and/or introduction into evidence of any documents produced in response to the Request to Produce.

12.     These General Objections shall be deemed to be applicable to and continuing with respect to any Specific Request responded to below. The General Objections asserted above are hereby incorporated into each of the responses set forth herein. Such objections are not waived, nor in any way limited, by any response to any Specific Request.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections and Responses, which are incorporated by reference in each of the following responses, Ocwen responds to the Request to Produce as follows:

1.      A copy of the mortgage at issue in this action.

   **RESPONSE:** Ocwen states that a copy of the mortgage at issue in this
   action was attached to the Complaint filed in this action and to the Second
   Amended Counterclaim filed by Ms. Herman in this action.
   Notwithstanding, Ocwen further states that it will produce a copy of the
   subject mortgage.

2.      A copy of the note at issue in this action.

   **RESPONSE:** Ocwen states that a copy of the note at issue in this action
   was attached to the Complaint filed in this action. Notwithstanding, Ocwen
   further states that it will produce a copy of the subject note.

3.      A copy of any document(s) showing transfer of interest or title from Greenbrook

Villas at Errol Estate, a Condominium Association, Inc. to Ocwen Loan Servicing LLC.

   **RESPONSE:** Ocwen objects to this Request as overbroad, vague and
   ambiguous because it fails to identify the property or other item that would
   be the subject of the purported transfer of interest or title and fails to identify
   any time period for which it seeks information. Ocwen also objects to this
   Request on the basis that it seeks documents that are not relevant to the
   Counterclaims that remain pending in this action – the Counterclaims do
   not concern title to the real property that was the subject of the foreclosure
   action and judgment. To the extent that this Request refers to a transfer of
   interest or title to the real property that is the subject of this foreclosure
   action, Ocwen states that it has no documents in its possession, custody or
   control that it believes are responsive to this Request.

4.      Documents showing a complete history of the loan ownership history.

   **RESPONSE:** Ocwen objects to this Request as overbroad, vague and
   ambiguous because it fails to identify the loan for which it seeks information
   and any time period for which it seeks information. Moreover, this Request
   seeks documents that are not relevant to the Counterclaims that remain
   pending in this case because it appears to seek information dating back to
   February 2000, which is beyond any statute of limitations applicable to the
   Counterclaims, and the Counterclaims do not raise any issues regarding the
   ownership of the subject loan. Ocwen objects to this Request to the extent
   that it seeks documents that are protected by the attorney-client, work
   product or other privileges, or that is otherwise confidential, private or
   commercially sensitive by seeking documents without any limitations as to
   author, recipient, date, substance or circumstances. Subject to and without

waiver of its General and Specific objections, Ocwen states that it will produce non-privileged documents that it believes are responsive to this Request to the extent they exist and are in Ocwen's possession, custody and control and will produce confidential documents only upon entry of, and subject to, a suitable confidentiality agreement agreed upon and executed by the parties.

5.    Documents showing a complete loan servicer history.

**RESPONSE:**  Ocwen objects to this Request as overbroad, vague and ambiguous because it fails to identify the loan about which it seeks information and identify any time period for which it seeks information. Moreover, this Request seeks documents that are not relevant to the Counterclaims that remain pending in this case because it appears to seek information dating back to February 2000, which is beyond any statute of limitations applicable to the Counterclaims. Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive by seeking documents without any limitations as to the author, recipient, date, substance or circumstances. Subject to and without waiver of its General and Specific objections, Ocwen states that it will non-privileged documents that it believes are responsive to this Request to the extent they exist and are in Ocwen's possession, custody and control and will produce confidential documents only upon entry of, and subject to, a suitable confidentiality agreement agreed upon and executed by the parties.

6.    A complete account history for the loan at issue in this action, for the period of time

commencing February 2000 up and though June 2018.

**RESPONSE:**  Ocwen objects to this Request as overbroad and seeking documents that are not relevant to the Counterclaims that remain pending in this case because it seeks information dating back to February 2000, which is beyond any statute of limitations applicable to the Counterclaims. Ocwen objects to this Request to the extent that it seeks documents that are not in Ocwen's possession, custody or control by seeking documents created and/or maintained before Ocwen acquired the servicing rights to the loan that that is the subject of the Counterclaims. Ocwen objects to this Request as vague and ambiguous because it fails to define or otherwise provide guidance as to the meaning of the phrase "account history" as used in this Request. As phrased, Ocwen is unsure of what specific historical information about the account that this Request seeks. Subject to and without waiver of its General and Specific objections, Ocwen states that it will produce documents that it believes are responsive to this Request to the extent they exist and are in Ocwen's possession, custody and control.

7.    A complete history of the application of payments on the loan at issue in this action,

for the period of time commencing February 2000 up and through June 2018.

> **RESPONSE:**  Ocwen objects to this Request as overbroad and seeking
> documents that are not relevant to the Counterclaims that remain pending
> in this case because it seeks information dating back to February 2000,
> which is beyond any statute of limitations applicable to the Counterclaims.
> Ocwen objects to this Request to the extent that it seeks documents that are
> not in Ocwen's possession, custody or control by seeking documents
> created and/or maintained before Ocwen acquired the servicing rights to the
> loan that that is the subject of the Counterclaims.  Ocwen objects to this
> Request as duplicative in that it appears to seek the same substantive
> information as Request Number 6.  Subject to and without waiver of its
> General and Specific objections, Ocwen states that it will produce
> documents that it believes are responsive to this Request to the extent they
> exist and are in Ocwen's possession, custody and control.

8.    A copy of any and all correspondence sent to the Counter Plaintiff from Counter

Defendant and/or Counter Defendant's agents.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
> ambiguous because it fails to identify the date, subject, substance or
> circumstances of the correspondence it seeks.  Moreover, this Request seeks
> documents that are not relevant to the Counterclaims that remain pending
> in this case because it seeks information for an unlimited time frame, which
> is beyond any statute of limitations applicable to the Counterclaims, and
> contains no limitations as to the subject matter of the correspondence it
> seeks.  As phrased and by seeking "any and all" correspondence, this
> Request is not narrowly tailored to those issues that remain pending in the
> Counterclaims.

9.    A copy of any and all correspondence sent to the Counter Defendant and/or Counter

Defendant's agents from Counter Plaintiff.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
> ambiguous because it fails to identify the date, subject, substance or
> circumstances of the correspondence it seeks.  Moreover, this Request seeks
> documents that are not relevant to the Counterclaims that remain pending
> in this case because it seeks information for an unlimited time frame, which
> is beyond any statute of limitations applicable to the Counterclaims, and
> contains no limitations as to the subject matter of the correspondence it
> seeks.  As phrased and by seeking "any and all" correspondence, this

Request is not narrowly tailored to those issues that remain pending in the Counterclaims.

10.    A copy of any notice of default and/or acceleration of loan Counter Defendant sent to Counter Plaintiff.

> **RESPONSE:**  Ocwen objects to this Request as vague, ambiguous and overbroad because it fails to identify the loan about which it seeks information and fails to identify any time period for which it seeks information. Moreover, this Request seeks information that is not relevant to the Counterclaims that remain pending in this case because it refers to a "notice of default and/or acceleration of loan" when neither the subject note nor the subject mortgage contains any such requirement. Moreover, this Interrogatory seeks information pertaining to the foreclosure of the mortgage that has already occurred and to which Ms. Herman was and is not a party.  None of the pending Counterclaims contain any allegations pertaining to a default or acceleration of debt.

11.    A copy of any and all documents, notes, memoranda and/or any other correspondence or papers relating to the assignment of the note and mortgage to Counter Defendant from the prior mortgage lender.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and ambiguous because it fails to identify any time period for which it seeks information and seeks "any and all ... papers" without any limitations as to the author, recipient, substance, date or circumstances of the documents. Moreover, this Request seeks documents that are not relevant to the Counterclaims that remain pending in this case because it appears to seek information dating back to February 2000, which is beyond any statute of limitations applicable to the Counterclaims, and because the Counterclaims do not raise any issues regarding the assignment of the subject note and mortgage to Ocwen.  Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive because it seeks "any and all ... papers" without any limitations as to the author, recipient, substance, date or circumstances of the documents.

12.    A copy of any and all documents, notes, memoranda and/or any other correspondence or papers relating to the assignment of the note and mortgage to the prior mortgage lender from Counter Defendant.

> **RESPONSE:** Ocwen objects to this Request as overbroad, vague and ambiguous because it fails to identify any time period for which it seeks information and seeks "any and all ... papers" without any limitations as to the author, recipient, substance, date or circumstances of the documents. Moreover, this Request makes little sense as phrased –it seeks documents relating to an assignment to a prior mortgage lender from Ocwen when Ocwen is the current holder of the mortgage as shown by the Amended Final Judgment entered in this action. It also seeks documents that are not relevant to the Counterclaims that remain pending in this case because it appears to seek information dating back to February 2000, which is beyond any statute of limitations applicable to the Counterclaims, and the Counterclaims do not raise any issues regarding an assignment of the subject note and mortgage by Ocwen to another entity. Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive because it seeks "any and all ... papers" without any limitations as to the author, recipient, substance, date or circumstances of the documents.

13.    A copy of all correspondence, note, electronic messages, and any and all documents relating to the collection of private mortgage insurance by Counter Defendant.

> **RESPONSE:** Ocwen objects to this Request as overbroad, vague and ambiguous because it fails to identify any time period for which it seeks information and fails to identify the loan or account about which it seeks information. Ocwen objects to this Request on the basis that it seeks information that is not relevant to the pending Counterclaims in this case because it seeks "any and all ... documents relating to the collection of private mortgage insurance" by Ocwen without any limitations as to the loans, accounts or circumstances of such alleged collection. As phrased, this Request is not limited to Ms. Herman's loan or the issues raised in her Counterclaims. Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive because it seeks "any and all" documents relating to a subject without any limitations as to the author, recipient, substance, date or circumstances of the documents.

14.    A copy of all correspondence Counter Defendant relies upon for the authorization

of the deduction of private mortgage insurance payments from Ms. Herman's escrow account.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
> ambiguous because it fails to identify any time period for which it seeks
> information and fails to provide a definition for or guidance as to the
> meaning of the word "correspondence" as used in this Request. Moreover,
> this Request seeks documents based on the premises that Ocwen relies upon
> "correspondence" to authorize certain deductions and that Ocwen has made
> deductions of "private mortgage insurance payments" from Ms. Herman's
> escrow account, neither of which are true.  Ocwen objects to this Request
> to the extent that it seeks documents that are protected by the attorney-client,
> work product or other privileges, or that is otherwise confidential, private
> or commercially sensitive because it seeks "all correspondence" without
> any limitations as to the author, recipient, substance, date or circumstances
> of the documents.

15.    A copy of any and all amended settlement documents sent from Counter Defendant

to Counter Plaintiff for execution.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
> ambiguous because it fails to identify any time period for which it seeks
> information and fails to provide a definition for or guidance as to the
> meaning of the phrase "settlement documents" as used in this Request.
> Ocwen neither originated Ms. Herman's loan nor settled any claims in this
> action. Ocwen objects to this Request because it seeks documents that are
> not relevant to the Counterclaims that remain pending in this case because
> it appears to seek information dating back to February 2000, which is
> beyond any statute of limitations applicable to the Counterclaims.  Ocwen
> objects to this Request to the extent that it seeks documents that are not in
> Ocwen's possession, custody or control by seeking documents created
> and/or maintained before Ocwen acquired the servicing rights to the loan
> that that is the subject of the Counterclaims.

16.    A copy of any documents which Counter Defendant relies upon in its

modification(s) of Counter Plaintiff's monthly mortgage payments.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
> ambiguous because it fails to identify any time period for which it seeks
> information and fails to provide a definition for or guidance as to the
> meaning of the term "modification" as used in this Request, especially
> considering that such term has a specific legal meaning in the context of
> mortgage loans. Moreover, this Request seeks documents based on the

premise that Ocwen makes such "modification(s)" to Ms. Herman's monthly mortgage payments. Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive because it seeks "any documents" without any limitations as to the author, recipient, substance, date or circumstances of the documents.

17.    A detailed analysis of the escrow account associated with the note, mortgage and/or loan at issue in this instant action.

> **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and ambiguous because it fails to identify any time period for which it seeks information. Ocwen objects to this Request on the basis that it seeks documents that are not relevant to the Counterclaims that remain pending in this case because it seeks information dating back to February 2000, which is beyond any statute of limitations applicable to the Counterclaims. Ocwen objects to this Request to the extent that it seeks documents that are not in Ocwen's possession, custody or control by seeking documents created and/or maintained before Ocwen acquired the servicing rights to the loan that that is the subject of the Counterclaims. Ocwen objects to this Request as duplicative in that it appears to seek the same substantive information as Request Number 6. Subject to and without waiver of its General and Specific objections, Ocwen states that it will produce documents that it believes are responsive to this Request to the extent they exist and are in Ocwen's possession, custody and control.

18.    Any and all documents upon which Counter Defendant intends to base its defense to the Counter Plaintiff's Counter Claim at issue in this instant action.

> **RESPONSE:**  Ocwen objects to this Request to the extent that it seeks documents that are protected by the attorney-client, work product or other privileges, or that is otherwise confidential, private or commercially sensitive because it seeks "any documents" without any limitations as to the author, recipient, substance, date or circumstances of the documents. Subject to and without waiver of its General and Specific objections, Ocwen states that it will produce documents that it believes are responsive to this Request to the extent they exist and are in Ocwen's possession, custody and control and will produce confidential documents only upon entry of, and subject to, a suitable confidentiality agreement agreed upon and executed by the parties.

19.    A complete copy of the Counter Defendant's file on the note, mortgage, and/or loan

at issue in this instant action, including, but not limited to: records, office notes, correspondence,

memos, consultations, histories and reports.

>    **RESPONSE:**  Ocwen objects to this Request as overbroad, vague and
>    ambiguous because it fails to identify any time period for which it seeks
>    information. Ocwen objects to this Request on the basis that it seeks
>    information that is not relevant to the Counterclaims that remain pending in
>    this case by seeking a copy of Ocwen's entire file without any limitations
>    whatsoever.  Ocwen objects to this Request to the extent that it seeks
>    documents that are protected by the attorney-client, work product or other
>    privileges, or that is otherwise confidential, private or commercially
>    sensitive because it seeks Ocwen's entire file without any limitations as to
>    the author, recipient, substance, date or circumstances of the documents.

20.    Any and all reports or opinions prepared by expert witnesses retained by Counter

Defendant and whom Counter Defendant to use as an expert witness at trial.

>    **RESPONSE:**  Ocwen objects to this Request to the extent that it seeks
>    documents that are protected by the attorney-client, work product or other
>    privileges, because Ocwen and its counsel have not yet determined whether
>    it will retain and use at trial any expert witnesses.  Ocwen will make
>    disclosures and produce reports in accordance with and pursuant to the
>    applicable Florida Rules of Civil Procedure, Local Rules and court orders.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 420-5909

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

By:/s/ *Linda M. Reck*
    Patrick G. Broderick, Esq.
    Florida Bar No. 88568
    *broderickp@gtlaw.com*

Page 12 of 13

*FLService@gtlaw.com*
Linda M. Reck, Esq.
Florida Bar No. 669474
*reckl@gtlaw.com*
*shelnutl@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By:/s/ *Linda M. Reck*
LINDA M. RECK

WPB 384282131v2

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

PATRICIA K. HERMAN,

      Counter Plaintiff,

                                              CASE NO.: 48-2007-CA-010062

vs.

OCWEN LOAN SERVICING, LLC,

      Counter Defendant.

_____/

### COUNTER-DEFENDANT OCWEN LOAN SERVICING, LLC'S
### NOTICE OF SERVICE OF VERIFIED RESPONSES TO FIRST SET OF
### INTERROGATORIES

      Counter-Defendant, Ocwen Loan Servicing, LLC ("Ocwen" or "Counter-Defendant"), by

and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.340, hereby

gives notice of serving its Verified Responses to Counter-Plaintiff's First Set of Interrogatories.

      [REMAINING PAGE INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2018, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the State of Florida e-filing system which will send a

notice of electronic service to:

Allegra Knopf, Esq.
BROCK & SCOTT, PLLC
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
*FLCourtDocs@brockandscott.com*

Christopher Eri, Esq.
157 E. New England Ave., Ste. 340
Winter Park, FL 32789
*ceri@thehoalawyer.com*

Jennifer L. Davis, Esq.
Clayton & McCulloh
1065 Maitland Center Commons Blvd.
Maitland, FL 32751

Patricia K. Herman, Esq.
1631 Rock Springs Road, #305
Apopka, FL 32712
*Service2lopkhpa@gmail.com*

By:/s/ *Linda M. Reck*
LINDA M. RECK

WPB 384328122v1

Page 2 of 2

# Exhibit

# Q

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR
ORANGE COUNTY, FLORIDA

**PATRICIA K. HERMAN,**
            Counter Plaintiff,

vs.                                            CASE NO.:   **48-2007-CA-010062**

**OCWEN LOAN SERVICING LLC,**
            Counter Defendant.
_____/

## COUNTER PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF COUNTER DEFENDATN'S CORPORATE REPRESENTATIVE

**COMES NOW**, the Counter-Plaintiff, **PATRICIA K. HERMAN,** (hereinafter referred to as "Ms. Herman"), by and through the undersigned attorney, and hereby files her *Motion to Compel Deposition of Counter Defendant's,* **OCWEN LOAN SERVICING, LLC** (hereinafter referred to as "Ocwen"), *Corporate Representative,* and as grounds thereof states as follows:

1.      On August 3, 2018, Ms. Herman sent her first request to Ocwen for available dates for the deposition of its Corporate Representative. (Please see a copy of the August 3, 2018 e-mail, which is attached hereto and incorporated herein as "Exhibit A").

2.      Subsequent to her initial August 3, 2018 request for availability, Ms. Herman has requested of Ocwen on numerous occasions for the availability of its Corporate Representative for deposition. (Please see a copy of the e-mails which are collectively attached hereto and incorporated herein as "Exhibit B").

3.      As of the date of the filing of the instant motion, Ocwen has failed and refused to provide Ms. Herman with dates for the deposition of its Corporate

Representative.

4.      Ocwen's refusal to allow Ms. Herman to depose its Corporate
Representative is intentional.

5.      Ocwen has already refused to answer, produce and/or file its responses to
Ms. Herman's prior discovery requests, and has lodged untimely objections
to both the answering of interrogatories and admissions, as well as the
production of documents requested by Ms. Herman.

6.      As of the date of the filing of this instant objection, Ocwen has not provided
one (1) answer to the requested interrogatories, not one (1) of the requested
documents, not one (1) answer to the request for admissions, and not one
(1) date of availability for the deposition of its Corporate Representative.

7.      Ocwen has been fully represented at every stage throughout the instant
proceeding.

8.      Ms. Herman has been obligated to pay attorney's fees and costs in bringing
this matter to this Honorable Court's attention.

9.      Ms. Herman respectfully requests that this Honorable Court find Ocwen
liable for said attorney's fees and costs association with the necessity of
bring this matter to this Honorable Court's attention.

**WHEREFORE**, the Counter Plaintiff, Patricia K. Herman, respectfully requests
this Honorable Court:

A.  Grant Ms. Herman's *Motion to Compel Deposition of Counter Defendant's,
Corporate Representative;*

B.  Order that Ocwen make its Corporate Representative available to be deposed
by Ms. Herman on a date she do chooses;

C. Ordering Ocwen to be responsible for all costs and fees associated with the deposition of its Corporate Representative;

D. Awarding Ms. Herman her attorney's fees and costs associated with the instant motion; and,

E. Awarding any and all other relief that this Honorable Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Compel Deposition of Counter Defendant's Corporate Representative* will be furnished on this 9th day of October 2018 via Florida E-Filing Portal to all parties of record in this action.

/s/ Patricia K. Herman
**PATRICIA K. HERMAN, ESQUIRE**
Florida Bar No.: 0113018
**Law Office of Patricia K. Herman, P.A.**
1631 Rock Springs Road, #305
Apopka, Florida 32712-2229
407/731-5823
Email: lopkhpa@gmail.com

# Exhibit

# A

 Gmail                                            **lopkhpa herman <lopkhpa@gmail.com>**

---

## Herman v Ocwen REQUEST FOR DATES
1 message

---

**Patricia K. Herman, Esquire <lopkhpa@gmail.com>**                    Fri, Aug 3, 2018 at 10:37 AM
To: Kara Fredrickson <kara.fredrickson@brockandscott.com>, flcourtdocs@brockandscott.com
Bcc: lopkhpa@gmail.com

Good morning Attorney Fredrickson :

I intend to depose the corporate representative of Ocwen.  Please advise which date best accommodates your schedule.
Thank you!

August: 20 through 31; and,
September: 1 through 28.


Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail:  lopkhpa@gmail.com

# Exhibit

# B

 Gmail

lopkhpa herman <lopkhpa@gmail.com>

## 14-F01214 RE: Herman v Ocwen REQUEST FOR DATES
9 messages

**Allegra Knopf** <Allegra.Knopf@brockandscott.com>                    Fri, Aug 3, 2018 at 11:42 AM
To: "lopkhpa@gmail.com" <lopkhpa@gmail.com>
Cc: "reckl@gtlaw.com" <reckl@gtlaw.com>

Good morning,

Your request to depose an Ocwen corporate representative was forwarded to me.  The litigation of this matter is being
handled by Greenberg Traurig.  A copy of their Notice of Appearance is attached.  Accordingly, they would handle the
deposition.

I have copied them on this email.

**Allegra Knopf**
Associate Attorney
Foreclosure

Brock & Scott, PLLC
Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Ph : (954) 618-6955 x6111
Allegra.Knopf@brockandscott.com

**This firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for
that purpose.**

**SERVING NORTH CAROLINA, SOUTH CAROLINA, TENNESSEE, GEORGIA, FLORIDA, VIRGINIA, MARYLAND,
MICHIGAN, & ALABAMA.**

**FDCPA: This firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be
used for that purpose.**

**CONFIDENTIALITY NOTICE:** This email message, including any attachments, is for the sole use of the intended
recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure or distribution is
prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the
original message.

DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT ("UETA") (FLORIDA STATUTES SECTION
668.50): If this communication concerns negotiation of a contract or agreement, UETA does not apply to this
communication. Contract formation in this matter shall occur only with manually affixed original signatures on original
documents.

📎 **Notice Appearance Of Counsel.pdf**
134K

**Patricia K. Herman, Esquire** <lopkhpa@gmail.com>                    Fri, Aug 3, 2018 at 11:48 AM
To: Allegra Knopf <Allegra.Knopf@brockandscott.com>

Cc: "reckl@gtlaw.com" <reckl@gtlaw.com>
Bcc: lopkhpa@gmail.com

Thank you.

Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail: lopkhpa@gmail.com
[Quoted text hidden]

    <Notice Appearance Of Counsel.pdf>

---

reckl@gtlaw.com <reckl@gtlaw.com>                                          Fri, Aug 17, 2018 at 2:40 PM
To: lopkhpa@gmail.com
Cc: Allegra.Knopf@brockandscott.com

Good afternoon Ms. Herman:

Following up on the below, please provide me with proposed deposition dates as well as a list of topics for the Ocwen
corporate representative deposition.

Thank you,

**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254.2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography





From: Allegra Knopf [mailto:Allegra.Knopf@brockandscott.com]
Sent: Friday, August 3, 2018 11:43 AM
To: lopkhpa@gmail.com
Cc: Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>
Subject: 14-F01214 RE: Herman v Ocwen REQUEST FOR DATES

[Quoted text hidden]

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

---

**Patricia K. Herman, Esquire** <lopkhpa@gmail.com>                     Fri, Aug 17, 2018 at 2:52 PM
To: reckl@gtlaw.com
Cc: Allegra.Knopf@brockandscott.com
Bcc: lopkhpa@gmail.com

Good afternoon.

August 20 through 31, 2018, and, September 1 through 28, 2018. Any day excluding Saturdays.

The topics for the deposition will be the issues stated in the counterclaim.

Let me know if you need anything further.

Thank you.
Sincerely,
Patricia


Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail: lopkhpa@gmail.com
[Quoted text hidden]

---

**reckl@gtlaw.com** <reckl@gtlaw.com>                     Tue, Aug 21, 2018 at 2:49 PM
To: lopkhpa@gmail.com
Cc: Allegra.Knopf@brockandscott.com

Good afternoon Ms. Herman:


I will need to confirm my client's availability, but I'm generally available during the week of September 10 or September 17. Is there a particular date during one of those weeks that you would prefer?


Thank you,


**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254.2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography

 GreenbergTraurig



**From:** Patricia K. Herman, Esquire [mailto:lopkhpa@gmail.com]
**Sent:** Friday, August 17, 2018 2:53 PM
**To:** Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>
**Cc:** Allegra.Knopf@brockandscott.com
**Subject:** Re: 14-F01214 RE: Herman v Ocwen REQUEST FOR DATES

[Quoted text hidden]

---

lopkhpa herman <lopkhpa@gmail.com>                                    Tue, Aug 21, 2018 at 3:36 PM
To: reckl@gtlaw.com
Bcc: Law office <lopkhpa@gmail.com>

Good afternoon Attorney Reck:

I am unavailable on September 18, 2018.  Thank you for your prompt response.
I am available on the other dates that you are available.  As such, I will mark all dates on my calendar as busy, to allow
you to obtain your client's availability.  Please let me know which date when you obtain same.

Thank you!

Sincerely,
Patricia
[Quoted text hidden]
--
*Patricia K. Herman, Esquire*

Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida  32712-2229
407-731-5823
Service E-Mail:  service2lopkhpa@gmail.com
General E-Mail:  lopkhpa@gmail.com

---

reckl@gtlaw.com <reckl@gtlaw.com>                                    Wed, Aug 22, 2018 at 4:18 PM
To: lopkhpa@gmail.com


Good afternoon:


I will let you know as soon as I confirm my client's availability.  In the meantime, please let me know if you will agree to an
extension of time through September 10, 2018 for my client to serve responses to your written discovery.  I've only
recently appeared in this case and am still compiling the information required for the responses.  We will make sure to
schedule the deposition so that you have sufficient time to review the responses in advance.


Thank you,

**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography



**GT** GreenbergTraurig

**From:** lopkhpa herman [mailto:lopkhpa@gmail.com]
**Sent:** Tuesday, August 21, 2018 3:37 PM
**To:** Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

Good afternoon.

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Ph : (954) 618-6955 x6111
Allegra.Knopf@brockandscott.com

**This firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

**SERVING NORTH CAROLINA, SOUTH CAROLINA, TENNESSEE, GEORGIA, FLORIDA, VIRGINIA, MARYLAND, MICHIGAN, & ALABAMA.**

**FDCPA: This firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

**CONFIDENTIALITY NOTICE:** This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender

by reply email and destroy all copies of the original message.

DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT ("UETA") (FLORIDA STATUTES SECTION 668.50): If this communication concerns negotiation of a contract or agreement, UETA does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

--

*Patricia K. Herman, Esquire*

Law Office of Patricia K. Herman, P.A.

1631 Rock Springs Road, #305

Apopka, Florida  32712-2229

407-731-5823

Service E-Mail:  service2lopkhpa@gmail.com
General E-Mail:  lopkhpa@gmail.com

---

**lopkhpa herman** <lopkhpa@gmail.com>                                   Fri, Sep 7, 2018 at 12:11 PM
To: reckl@gtlaw.com
Bcc: Law office <lopkhpa@gmail.com>

Good afternoon:

Please advise of your client's availability for deposition.  This is third request.  Thanks!

Sincerely,

Patricia
[Quoted text hidden]

---

**reckl@gtlaw.com** <reckl@gtlaw.com>                                    Mon, Sep 10, 2018 at 5:16 PM
Reply-To: reckl@gtlaw.com
To: lopkhpa@gmail.com.rpost.org
Cc: shelnutl@gtlaw.com.rpost.org

Ms. Herman:

Due to an unexpected family matter, I've been out of the office and am now trying to catch up on various matters.  I will speak with my client for an update on deposition dates and get back to you.  Also, we will need some additional time to complete the discovery responses and plan to file a motion seeking an additional two weeks today.  Please let me know if you have any objection to that extension.  Again, we will make sure to schedule the deposition so that you have time to review the discovery responses in advance.

Lastly, I saw that you filed a notice of hearing for next Tuesday, September 18. However, that date was not cleared with my office in advance as required by the Judge's procedures. I'm working on moving a few things around to accommodate that date but please make sure to clear any and all hearing dates with my office in advance as required by the Judge.

Thank you,

**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography





**From:** lopkhpa herman [mailto:lopkhpa@gmail.com]
**Sent:** Friday, September 7, 2018 12:12 PM

[Quoted text hidden]

[Quoted text hidden]

 Gmail

lopkhpa herman <lopkhpa@gmail.com>

---

## Herman v. Ocwen Loan Servicing, Case No. 48-2007-CA-010062 // September 18, 2018 Hearing

9 messages

---

**reckl@gtlaw.com** <reckl@gtlaw.com>                          Mon, Sep 17, 2018 at 12:23 PM
To: ctjacb1@ocnjcc.org
Cc: lopkhpa@gmail.com

Good afternoon:


I received the attached Notice of Hearing from Counter-Plaintiff, who did not clear the hearing date and time with my office.  Because of this, I don't know whether Ms. Herman (who is copied on this e-mail) confirmed this date with you pursuant to Judge LeBlanc's procedures.  Could you please advise as to whether this hearing is on the docket for tomorrow morning?


Sincerely,


**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography


 GreenbergTraurig



---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

---

📎 **384303370_v 1_2018.09.10 Notice of Hearing - September 18 2018.PDF**
   63K

---

**lopkhpa herman** <lopkhpa@gmail.com>                          Mon, Sep 17, 2018 at 12:51 PM
To: reckl@gtlaw.com
Cc: "Brown, Cindy" <ctjacb1@ocnjcc.org>
Bcc: "Patricia K. Herman, Esquire" <lopkhpa@gmail.com>

Good morning.  I attempted to coordinate dates on this hearing with Attorney Reck's office on three (3) separate occasions, to wit:  August 14, 2018; August 20, 2018: and, September 7, 2018.  I filed and served the notice of hearing on September 10, 2018.  On September 10, 2018, I received correspondence from Attorney Reck indicating receipt of the notice of hearing; advising that she would accommodate that date; and instructing me clear all dates with her office.

Judge LeBlanc's procedures for the setting of these motions are as follows:

" Ex Parte/Short Matters: Ex Parte and Short Matters are uncontested or very brief  (5 minute)  hearings held  Monday through Thursday at 8:30 a.m.   This is not a "motion calendar."  Uncontested matters will be handled first, followed  by  short  contested  matters which will  be  handled  in  the  order in which  the attorneys appear; therefore, ex parte matters should arrive  early.  If no matters remain pending at 9:00 a.m. on trial weeks and 9:30 a.m. on hearing weeks,  ex parte/short matters will close.    Types of motions suitable for hearing at short matters are simple motions to dismiss, to strike affirmative defenses, for more definite statement, to amend pleadings, short discovery motions, protective orders, objections to CMEs, Motions for Summary Judgment after default (not  foreclosures), etc.  Please furnish your Motion and Notice of Hearing to the Court at least 48 hours prior to the hearing so that the Court can prepare for the hearing.  No telephone hearings are permitted during ex parte or short matters."

The hearing was scheduled in accordance with Judge LeBlanc's hearing procedures for foreclosure case motions.

I have attached copies of the three emails sent to opposing counsel requesting dates, and the September 10, 2018 response.

I am not cancelling the hearing.  Please advise if anything further is required.

Thank you


Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail:  lopkhpa@gmail.com
[Quoted text hidden]

> <384303370_v 1_2018.09.10 Notice of Hearing - September 18 2018.PDF>

---

**2 attachments**

📄 **Gmail - Re_ Request for Hearing Time - HERMAN V. OCWEN - 28-2007-10062-O. Second Request.pdf**
   103K

📄 **Gmail - 14-F01214 RE_ Herman v Ocwen REQUEST FOR DATES.pdf**
   189K

---

**Brown, Cindy** <ctjacb1@ocnjcc.org>                                                    Mon, Sep 17, 2018 at 1:27 PM
To: "reckl@gtlaw.com" <reckl@gtlaw.com>
Cc: "lopkhpa@gmail.com" <lopkhpa@gmail.com>


Judge LeBlanc hears short matter/ex parte hearings Monday – Thursday at 8:30 a.m.  These hearings are not kept on his motion calendar.  Parties are to coordinate a date and time, file your notice and then show up for the hearing.


*Cindy Brown*

*Judicial Assistant to*

*Judge Bob LeBlanc*

*Circuit Civil Division 40*

*Ph: (407) 836-2012*

*Fax: (407) 835-5254*

**From:** reckl@gtlaw.com <reckl@gtlaw.com>
**Sent:** Monday, September 17, 2018 12:24 PM
**To:** Brown, Cindy <ctjacb1@ocnjcc.org>
**Cc:** lopkhpa@gmail.com
**Subject:** Herman v. Ocwen Loan Servicing, Case No. 48-2007-CA-010062 // September 18, 2018 Hearing

Good afternoon:

I received the attached Notice of Hearing from Counter-Plaintiff, who did not clear the hearing date and time with my office. Because of this, I don't know whether Ms. Herman (who is copied on this e-mail) confirmed this date with you pursuant to Judge LeBlanc's procedures. Could you please advise as to whether this hearing is on the docket for tomorrow morning?

Sincerely,

**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

**reckl@gtlaw.com** <reckl@gtlaw.com>                                      Mon, Sep 17, 2018 at 1:29 PM
To: ctjacb1@ocnjcc.org
Cc: lopkhpa@gmail.com

Thank you.


**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography


## GT GreenbergTraurig




**From:** Brown, Cindy [mailto:ctjacb1@ocnjcc.org]
**Sent:** Monday, September 17, 2018 1:27 PM
**To:** Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>
**Cc:** lopkhpa@gmail.com
**Subject:** RE: Herman v. Ocwen Loan Servicing, Case No. 48-2007-CA-010062 // September 18, 2018 Hearing

[Quoted text hidden]

---

**reckl@gtlaw.com** <reckl@gtlaw.com>                                        Mon, Sep 17, 2018 at 1:35 PM
To: lopkhpa@gmail.com


Ms. Herman:


Please note that flservice@gtlaw.com is used solely for service of documents, not communications with my office.  None of the e-mails that you have attached have any request to me or my assistant (shelnutl@gtlaw.com) to coordinate a hearing date.  My response was regarding a request for deposition dates, not hearing dates.  The purpose of my e-mail was to make sure that neither of us wasted time and money showing up for a hearing that didn't make the docket.


Sincerely,


**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig



From: lopkhpa herman [mailto:lopkhpa@gmail.com]
Sent: Monday, September 17, 2018 12:52 PM
To: Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>
Cc: Brown, Cindy <ctjacb1@ocnjcc.org>
Subject: Re: Herman v. Ocwen Loan Servicing, Case No. 48-2007-CA-010062 // September 18, 2018 Hearing

[Quoted text hidden]

---

**Patricia K. Herman, Esquire** <lopkhpa@gmail.com>                                    Mon, Sep 17, 2018 at 1:35 PM
To: "Brown, Cindy" <ctjacb1@ocnjcc.org>
Cc: "reckl@gtlaw.com" <reckl@gtlaw.com>
Bcc: lopkhpa@gmail.com

Thank you.


Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail: lopkhpa@gmail.com

On Sep 17, 2018, at 1:27 PM, Brown, Cindy <ctjacb1@ocnjcc.org> wrote:

> Judge LeBlanc hears short matter/ex parte hearings Monday – Thursday at 8:30 a.m. These hearings are
> not kept on his motion calendar. Parties are to coordinate a date and time, file your notice and then show
> up for the hearing.



*Cindy Brown*

*Judicial Assistant to*

*Judge Bob LeBlanc*

*Circuit Civil Division 40*

*Ph: (407) 836-2012*

*Fax: (407) 835-5254*

**From:** reckl@gtlaw.com <reckl@gtlaw.com>
**Sent:** Monday, September 17, 2018 12:24 PM
**To:** Brown, Cindy <ctjacb1@ocnjcc.org>
**Cc:** lopkhpa@gmail.com
**Subject:** Herman v. Ocwen Loan Servicing, Case No. 48-2007-CA-010062 // September 18, 2018 Hearing

Good afternoon:

I received the attached Notice of Hearing from Counter-Plaintiff, who did not clear the hearing date and time with my office. Because of this, I don't know whether Ms. Herman (who is copied on this e-mail) confirmed this date with you pursuant to Judge LeBlanc's procedures. Could you please advise as to whether this hearing is on the docket for tomorrow morning?

Sincerely,

Linda M. Reck
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254-2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography

<image001.jpg>

<~WRD000.jpg>

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

---

**Patricia K. Herman, Esquire** <lopkhpa@gmail.com>                    Mon, Sep 17, 2018 at 1:48 PM
**To:** reckl@gtlaw.com
**Bcc:** lopkhpa@gmail.com

That was the address that was originally provided by your co-counsel, which I had emailed as well. Which address do you want me to use in the future, this one?

Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail:  lopkhpa@gmail.com
[Quoted text hidden]

---

**reckl@gtlaw.com** <reckl@gtlaw.com>                                  Mon, Sep 17, 2018 at 2:11 PM
**To:** lopkhpa@gmail.com

Ms. Herman:

For scheduling requests, please use this e-mail address with a copy to my assistant, shelnutl@gtlaw.com.

For service of documents, please use this e-mail address, shelnutl@gtlaw.com and flservice@gtlaw.com.

Thank you,

**Linda M. Reck**
Of Counsel
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T 407.254.2643 | F 407.650.8428 |
reckl@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig



**From:** Patricia K. Herman, Esquire [mailto:lopkhpa@gmail.com]
**Sent:** Monday, September 17, 2018 1:49 PM
**To:** Reck, Linda M. (OfCnsl-Orl-LT) <reckl@gtlaw.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Patricia K. Herman, Esquire** <lopkhpa@gmail.com>                    Mon, Sep 17, 2018 at 3:01 PM
To: reckl@gtlaw.com
Bcc: lopkhpa@gmail.com

Will do.  Do you have any dates for the deposition of Ocwen's Corporate Representative?

Patricia K. Herman, Esquire
Law Office of Patricia K. Herman, P.A.
1631 Rock Springs Road, #305
Apopka, Florida. 32712-2229
Phone: 407-731-5823
E-mail:  lopkhpa@gmail.com
[Quoted text hidden]

*Procedure 1.340* and *1.350.*

14.     Ocwen has been fully represented at every stage throughout the instant proceeding.

15.     On September 26, 2018, Ms. Herman filed her *Objection to Counter Defendant, Ocwen Loan Servicing, LLC's, Motion for Additional Extension of Time to Respond to Discovery.*

16.     Ms. Herman has been obligated to pay attorney's fees and costs in bringing this matter to this Honorable Court's attention.

17.     Ms. Herman respectfully requests that this Honorable Court find Ocwen liable for said attorney's fees and costs association with the necessity of bring this matter to this Honorable Court's attention.

**WHEREFORE,** the Counter Plaintiff, Patricia K. Herman, respectfully requests this Honorable Court:

A.  Grant Ms. Herman's *Motion to Strike Counter Defendant's Unverified Responses to Interrogatories* and *Responses to Request for Production;*

B.  Grant Ms. Herman's *Motion to Compel Discovery Responses;*

C.  Order Ocwen to provide full responses to Ms. Herman's discovery requests within twenty-four (24) hours;

D.  Deem Ocwen's objections to Ms. Herman's discovery requests to be untimely;

E.  Strike Ocwen's objections to Ms. Herman's discovery requests;

F.  Awarding Ms. Herman her attorney's fees and costs associated with the instant motion; and,

G.  Awarding any and all other relief that this Honorable Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to*

*Strike Counter Defendant's Responses to Request for Production and Unverified Interrogatory Responses Dated October 8, 2018 and Compel Discovery Responses* will be furnished on this 9th day of October 2018 via Florida E-Filing Portal to all parties of record in this action.

/s/ Patricia K. Herman
**PATRICIA K. HERMAN, ESQUIRE**
Florida Bar No.: 0113018
**Law Office of Patricia K. Herman, P.A.**
1631 Rock Springs Road, #305
Apopka, Florida 32712-2229
407/731-5823
Email: lopkhpa@gmail.com