KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP LIQUIDATING TRUST'S MOTION FOR (I) AN ORDER EXTENDING THE TERM OF THE RESCAP LIQUIDATING TRUST AND (II) A FINAL DECREE CLOSING CERTAIN JOINTLY ADMINISTERED CHAPTER 11 CASES**

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and in accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [ECF No. 141], the undersigned hereby certifies as follows:

1.  On November 5, 2018, the ResCap Liquidating Trust filed the *Motion for (i) an Order Extending the Term of the ResCap Liquidating Trust and (ii) a Final Decree Closing Certain Jointly Administered Chapter 11 Cases* [ECF No. 10590] (the "**Motion**"). The hearing on the Motion is scheduled for December 4, 2018 at 2:00 p.m. (prevailing Eastern Time).

2. The Motion set forth that objections to the Motion were to be filed and served so that they were actually received no later than November 16, 2018 at 4:00 p.m. (prevailing Eastern Time).

3. The undersigned hereby certifies that, as of the date hereof, no objection to the Motion has been received. Undersigned counsel further certifies that he has reviewed the docket in this case and no answer, objection or other response to the Motion appears thereon.

4. In accordance with Local Rule 9075-2, this certificate is being filed at least forty-eight (48) hours after expiration of the deadline for parties to file and serve any objection or responsive pleading to the Motion.

5. Accordingly, the ResCap Liquidating Trust respectfully requests that the Court enter (i) the proposed order granting the Motion, a copy of which is attached hereto as Exhibit A, and (ii) the final decree, a copy of which is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2018
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER EXTENDING THE TERM OF THE RESCAP LIQUIDATING TRUST

This matter coming before the Court on the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust, which is successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, for entry of an order pursuant the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Chapter 11 Plan**"), extending the term of the Liquidating Trust for an additional one year; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other or further notice need be provided; and the Court having reviewed the Motion and the Declaration of Jill Horner in Support of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The duration of the Liquidating Trust, as described in Section 12.1(a) of the Liquidating Trust Agreement, is extended through and including December 17, 2019, without prejudice to the Liquidating Trust's ability to (i) seek further extensions or (ii) dissolve the Liquidating Trust in accordance with the Chapter 11 Plan and the Liquidating Trust Agreement.

3. The Court shall retain jurisdiction relating to the interpretation and implementation of this Order.

Dated: _____, 2018
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

           Debtors.

------------------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**FINAL DECREE PURSUANT TO SECTION 350(A) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**
**CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES**

This Court having considered the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for a final decree in the Chapter 11 Cases of GMAC Mortgage, LLC and Residential Funding, LLC (the "**Closing Debtors**") as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors, and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules, a final decree is hereby entered in the cases of the Closing Debtors and such cases are closed.

3. The Liquidating Trust shall provide the Office of the United States Trustee with an estimate of the disbursements made by the Closing Debtors from the Petition Date through the date hereof, and the Liquidating Trust shall pay any fees owing under 28 U.S.C. § 1930(a)(6) in connection therewith. The Debtors shall continue to report disbursements and pay any fees owing under 28 U.S.C. § 1930(a)(6) on a quarterly basis for the Chapter 11 Cases of Residential Capital, LLC.

5. This Court shall have jurisdiction with respect to issues arising in connection with the Plan or under this Final Decree.

Dated: _____, 2018
      New York, New York

                                          UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK

By:     /s/ Brian S. Masumoto
        Trial Attorney