**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S THIRD OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion (the "Motion")[1] of the ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the Plan, seeking entry of an order enforcing the release and injunctive provisions of the Plan and Confirmation Order; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and the *Declaration of Lauren Graham Delehey in Support of the ResCap Liquidating Trust's Third Omnibus Motion to Enforce Injunctive Provisions of Plan and*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*Confirmation Order* annexed to the Motion as Exhibit 2; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as provided herein.

2. No later than fourteen days after entry of this Order, the Litigation Parties listed on Annex A shall take all appropriate actions to dismiss their monetary claims against the Debtors with prejudice within such time frame.

3. If a Litigation Party fails to dismiss their monetary claims against the Debtors within such fourteen-day period, this Court, upon further motion of the Liquidating Trust, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan Injunction Provisions by virtue of such Litigation Party's actions against the Debtors in violation of the Plan and Confirmation Order.

4. Further, in connection with any contempt proceeding against a Litigation Party, the Liquidating Trust shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Liquidating Trust after the date of this Order in connection with this matter.

5. The Liquidating Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as Annex B (the "Enforcement Order Notice") in each court before which a Litigation subject to this Order is pending, including a description of this

Order and the Liquidating Trust's ability to seek sanctions in the event of non-compliance with this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  December 3, 2018
        New York, New York

                                      **_/s/ Martin Glenn_**
                                      MARTIN GLENN
                               United States Bankruptcy Judge