UNITED STATES BANKRUPTCY COURT　　　　　Hearing Date: March 26, 2019
SOUTHERN DISTRICT OF NEW YORK　　　　　　Hearing Time: 2:00 p.m.
-----------------------------------------------------------x
In re:

RESIDENTIAL CAPITAL, LLC, et al.　　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　Case No. 12-12020 (MG)

　　　　　　　　　　　Debtors.　　　　　　　(Jointly Administered)

　　　　　　　　　　　　　　　　　　　　　　Case No. 12-12032

-----------------------------------------------------------x

### NOTICE OF MOTION SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(a) AND FEDERAL BANKRUPTCY RULE 4001

**PLEASE TAKE NOTICE** that Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust A ("Movant") seeks relief from the automatic stay as to the property located at 369-2 Philbrook Road Sanborton, NH 03269 (the "Premises") and will move before the Honorable Martin Glenn, United States Bankruptcy Judge in the Courtroom located at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY on March 26, 2019 at 2:00 p.m., or as soon thereafter as counsel may be heard, for an Order pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §105(a) and 362(d) seeking relief from the automatic stay as to Movant's interest in the Premises; waiving the fourteen (14) day automatic stay invoked pursuant to F.R.B.P. 4001(a)(3); and granting Movant such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be

filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date and upon any other person whose interest would be affected if the objection is sustained.

Dated: Syosset, New York
       March 6, 2019

Respectfully,

ROACH & LIN, P.C.

 /s/ Tracy Schreiber-Banks
 By: Tracy Schreiber-Banks, Esq.
 Attorneys for Secured Creditor
 Wilmington Savings Fund Society, FSB, as trustee for
 Upland Mortgage Loan Trust A
 6901 Jericho Turnpike, Suite 240
 Syosset, NY  11791
 (516) 938-3100 Ext.129

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

RESIDENTIAL CAPITAL, LLC, et al.

          Debtors.

-----------------------------------------------------------x

Hearing Date: March 26, 2019
Hearing Time: 2:00 p.m.

**AFFIRMATION IN SUPPORT**

Chapter 11
Case No. 12-12020 (MG)

(Jointly Administered)

Case No. 12-12032

  Tracy Schreiber-Banks, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

  I am associated with Roach & Lin, P.C., attorneys of record for Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust A (hereinafter "Applicant"). I have reviewed the file maintained by this office and based on the documents, pleadings, notes and other memoranda contained herein, I am familiar with the within proceedings

  I make this affirmation in support of Applicant's motion seeking an Order: (i) terminating the automatic stay imposed by operation of 11 U.S.C. Section 362(a) as to the real property known as 369-2 Philbrook Road Sanbornton, NH 03269 (the "Premises"); (ii) waiving the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001(a)(3); and (iii) granting Applicant such other and further relief as is just and proper.

  The Bankruptcy Court has jurisdiction over this matter pursuant to 11 U.S.C. Section 1334. This is a core proceeding pursuant to 11 U.S.C. Section 157(b).

## BACKGROUND

1. The Debtors (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on May 14, 2012, at which time an Order directing Joint Administration of the Chapter 11 case of Residential Capital with case number 12-12031 was also issued by this Court.

2. On April 6, 2012, a note evidencing a debt of $180,000.00 was executed by Jennifer Cawleti and Henry Audet to Ally Bank Corporation. Jennifer Cawleti and Henry Audet also executed a mortgage to Mortgage Electronic System Registrations, Inc. as nominee for Ally Bank Corporation in the amount of $180,000.00. (See **Exhibit "A"** for copy of the Blank Endorsed Note and Recorded Mortgage). Said note and mortgage were subsequently transferred to Applicant. (See **Exhibit "B"** for copy of the Assignments of Mortgage.)

3. The subject mortgage is currently in default under the Note and Mortgage for the installments due on August 1, 2014 and each payment due thereafter. As of February 28, 2019, the approximate amount due Movant was $236,335.36.

4. Although the Debtor is in default, Movant is stayed from initiating foreclosure proceedings due to the impending bankruptcy case.

**DEBTOR HAS NO EQUITY IN THE SUBJECT PREMISES AND
SAID PREMISES IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.
THE AUTOMATIC STAY MUST THEREFORE, BE VACATED AS TO APPLICANT.**

5. Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court shall grant relief from the automatic stay and allow a creditor to take acts against real property where the Debtor does not have any equity in such property and such property is not necessary to an effective

reorganization. See 11 U.S.C. §362(d)(2)(A) and (B).

6.    In the instant case, Applicant is entitled to relief from stay because the Debtor herein clearly does not have any equity in the subject premises and said premises is not necessary to an effective reorganization.

7.    A foreclosure title search of the subject Premises revealed that aside from the first mortgage held by Applicant in the approximate sum of $236,335.36, there is also a second mortgage on the Premises held by GMAC Mortgage USA Corporation in the approximate amount of $48,400.00 totaling $284,735.36 in liens against the Premises. (See **Exhibit "C"** for copy of the foreclosure title search.

8.    Annexed hereto as **Exhibit "D"** is a copy of Applicant's Brokers Price Opinion which values the subject premises at approximately $225,000.00. Thus, based on the foregoing, there is clearly no equity left in the Premises to adequately protect Applicant for the duration of the case since the liens against the Premises far outweigh the value of the subject Premises.

9.    The estate would be better off if it were rid of this additional burden because as the total indebtedness owed Applicant continues to accrue, the extent of the proceeds available to other creditors after a potential foreclosure sale continues to diminish. Upon information and belief, and based upon the fair market value of the property, the disposition costs and exemptions thereon, the Debtors have no non-exempt equity in the premises sought to be foreclosed.

10.    It should be noted that Applicant intended to enter into a Stipulation of Settlement Vacating the Automatic Stay with Debtor's counsel. However, after providing Debtor's counsel with documentation and verification of our lien position as requested, we have yet to receive the Stipulation thereby forcing us to bring the instant motion. With that being said, clearly the Premises

is not necessary to an effective reorganization if Debtor's counsel is agreeing to vacatur of the automatic stay.

11. Based on the foregoing, it is respectfully submitted that good cause exists to vacate the automatic stay of 11 U.S.C. §362 to allow Applicant to maintain a foreclosure action on its mortgage and it is further requested that this Court waive the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001(a)(3) so Applicant may immediately commence and/or resume the foreclosure proceedings.

**WHEREFORE**, Applicant respectfully requests an Order of this Court be granted: (i) vacating the automatic stay by virtue of 11 U.S.C. Section 362 so as to allow Movant to resume its action to foreclose on the subject Premises; (ii) waiving the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001(a)(3); and (iii) for such other and further relief as the Court may deem just and proper.

Dated: Syosset, New York
       March 6, 2019

Respectfully,

ROACH & LIN, P.C.

/s/Tracy Schreiber-Banks
By: Tracy Schreiber-Banks, Esq.
Attorneys for Secured Creditor
Wilmington Savings Fund Society, FSB, as trustee for
Upland Mortgage Loan Trust A
6901 Jericho Turnpike, Suite 240
Syosset, NY  11791
(516) 938-3100 Ext.129