EXHIBIT "C"



## CARRINGTON
#### TITLE SERVICES

Order Number: 101-10003380  - 2 Owner Search

Search Date: 08/29/2017        Effective Date: 08/23/2017

## Customer Information

Customer Name:   JENNIFER CAWELTI
Property Address:  369 -2 PHILBROOK ROAD, SANBORNTON, NH 03269
                   LOT: , BLOCK:
County:           BELKNAP

## Title Vested In

Title Vested In:   HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP

## Deed Information

Grantee:   HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP
Grantor:   BRIAN S. BURBACH AND LAURA B. BURBACH, F/K/A LAURA B. FALARDEAU, HUSBAND AND WIFE
Dated:     07/12/2007
Recorded:  07/13/2007
Book:   2423        Page: 754        Clerk's File Year: 2007        No: 0710646
Comments:

Grantee:   BRIAN S. BURBACH AND LAURA B. FALARDEAU
Grantor:   CITIBANK, N.A. AS TRUSTEE FOR REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS, INC., SERIES 1999-H1 A CORPORATION
Dated:     02/10/2005
Recorded:  03/04/2005
Book:   2147        Page: 126        Clerk's File Year: 2005        No:
Comments:

Legal Description:  See Attached Exhibit "A"

## Tax Information

Tax Year:
Taxing Authority:
Gross Amount:
Next Due Date:
Tax ID:         18/031
Status:

Comments:  FISCAL YEAR 2017 FIRST HALF DUE JULY 11, 2017 $2,211.00 PAID, SECOND HALF TO BE DETERMINED

INFORMATION OBTAINED VERBALLY. THERE IS NO TAX BILL AVAILABLE TO UPLOAD.

## Assessment Information

Land: $59,400.00     Building/Improvements: $127,700.00     Assessed Value: $1,871,000.00

## Mortgage Information

| | |
|---|---|
| Mortgagee: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. FOR ALLY BANK CORP. |
| Mortgagor: | HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE |
| Amount: | $180,000.00 |
| Trustee: | N/A |
| Dated: | 04/06/2012 |
| Recorded: | 04/13/2012 |
| Open Ended: | NO |

| Book: | 2766 | Page: 385 | Clerk's File Year: 2012 | No: 1203929 |
|---|---|---|---|---|
| Assigned to: | DITECH FINANCIAL LLC | | Recorded: 03/06/2017 | |
| Book: | 3092 | Page: 505 | Clerk's File Year: 2017 | No: 1702184 |

Maturity Date: 05/01/2042

Comments: ASSIGNMENT OF MORTGAGE FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS DESIGNATED NOMINEE FOR ALLY BANK CORP., TO OCWEN LOAN SERVICING. LLC, IN BOOK 2938, PAGE 0747, RECORDED ON 10/24/2014.

CORPORATE ASSIGNMENT OF MORTGAGE FROM OCWEN LOAN SERVICING, LLC. TO FEDERAL HOME LOAN MORTGAGE CORPORATION, IN BOOK 2980, PAGE 0988, RECORDED ON 07/16/2015.

ASSIGNMENT OF MORTGAGE FROM OCWEN LOAN SERVICING, LLC., TO RESIDENTIAL CREDIT SOLUTIONS, INC., IN BOOK 2991, PAGE 0025, RECORDED ON 09/10/2015.

| | |
|---|---|
| Mortgagee: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. FOR GMAC MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY F/K/A GMAC MORTGAGE CORPORATION |
| Mortgagor: | HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE |
| Amount: | $48,400.00 |
| Trustee: | N/A |
| Dated: | 07/12/2007 |
| Recorded: | 07/13/2007 |
| Open Ended: | NO |

| Book: | 2423 | Page: 777 | Clerk's File Year: 2007 | No: |
|---|---|---|---|---|
| Assigned to: | | | Recorded: | |
| Book: | | Page: | Clerk's File Year: | No: |

Maturity Date: 07/11/2022

Comments: SUBORDINATION AGREEMENT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., TO ALLY BANK CORP., IN BOOK 2766, PAGE 0402, RECORDED ON 04/13/2012.

## Names Searched

JENNIFER CAWELTI, JENNIFER AUDET, HENRY AUDET, BRIAN S BURBACH, LAURA B BURBACH, LAURA B FALARDEAU

## Judgment and Lien Information

NONE

Comments: NO PLAN AVAILABLE

FIND NO RELEASE FOR MORTGAGES REPORTED

GENERAL LIENS FOUND: NONE

FEDERAL LIENS FOUND: NONE

COUNTY UCC FOUND: NONE

JUDGMENTS FOUND: NONE

### EXHIBIT A (Legal Description)

**THE FOLLOWING:**

**TWO (2) CERTAIN TRACTS OR PARCELS OF LAND, TOGETHER WITH THE BUILDINGS THEREON, SITUATED IN THE TOWN OF SANBORNTON, COUNTY OF BELKNAP, STATE OF NEW HAMPSHIRE BOUNDED AND DESCRIBED AS FOLLOWS:**

**TRACT I**

**BEGINNING AT THE NORTHWESTERLY CORNER OF LAND FORMERLY OF BILODEAU; THENCE WESTERLY BOUNDING ON LAND FORMERLY OWNED BY RICHARDSON 204 FEET; THENCE SOUTHERLY 65 FEET; THENCE EASTERLY 181 FEET TO LAND FORMERLY OF BILODEAU; THENCE NORTHERLY ALONG LAND OF SAID BILODEAU 65 FEET TO POINT BEGUN AT. MEANING TO CONVEY THE NORTHEAST CORNER OF LAND NOW OR FORMERLY OF BRALEY. GRANTING A RIGHT OF WAY ACROSS LAND NOW OR FORMERLY OF SAID BRALEY TO THE HIGHWAY DESCRIBED AS FOLLOWS:**

**BEGINNING AT THE NORTHWESTERLY CORNER OF SAID LAND GOING WESTERLY ALONG LAND FORMERLY OWNED BY RICHARDSON TO THE HIGHWAY.**

**TRACT II**

**BEGINNING AT AN IRON PIN DRIVEN IN THE GROUND BY A STONE WALL DIVIDING LAND FORMERLY OF GREENFIELD AND LAND FORMERLY OF A RICHARDSON, NOW OF ERNEST WOODMAN, 187 FEET 41/2 INCHES, MORE OR LESS, FROM THE EASTERLY SIDE OF SAID ROAD; THENCE RUNNING IN AN EASTERLY DIRECTION ALONG SAID WALL 28 FEET, MORE OR LESS, TO AN IRON PIN DRIVEN IN THE GROUND AT THE NORTHWESTERLY CORNER OF LAND DEEDED BY BRALEY TO PEASLEE, DATED JULY 1, 1937, RECORDED IN THE BELKNAP COUNTY REGISTRY OF DEEDS, BOOK 237, PAGE 422; THENCE TURNING AND RUNNING SOUTHERLY ALONG SAID PEASLEE LAND AND PARTLY ALONG A WIRE FENCE 65 FEET TO AN IRON PIN DRIVEN IN THE GROUND; THENCE**

TURNING AND RUNNING EASTERLY 181 FEET ALONG SAID PEASLEE LAND AND A WIRE FENCE TO AN IRON PIN DRIVEN IN THE GROUND AT THE SOUTHEASTERLY CORNER OF SAID PEASLEE LAND; THENCE TURNING AND RUNNING SOUTHERLY ALONG LAND FORMERLY OF BILODEAU, NOW OF LAKES MILLING LUMBER CO. AND THE REMAINS OF A STONE AND WIRE FENCE 122 FEET TO AN IRON PIN IN THE GROUND AT THE CORNER OF A WALL; THENCE TURNING AND RUNNING WESTERLY ALONG STONE WALL AND WIRE FENCE AND LAND FORMERLY OF BILODEAU, NOW OF TILTON, 205 FEET TO AN IRON PIN IN SAID WALL; THENCE TURNING AND RUNNING ABOUT NORTHERLY ALONG LAND RETAINED BY EMMA A. GREENFIELD 175 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

Tax ID: 18/031

Property Location: 369 PHILBROOK RD #2    MAP ID: 18/ 031/ /    Bldg Name:    State Use: 1010
Vision ID: 1411    Bldg #: 1    Sec #: 1  of 1    Card 1  of 1    Print Date: 04/20/2017 11:22

## VISION

1510
SANBORNTON, NH

**CURRENT OWNER**

AUDET, HENRY
CAWELTI, JENNIFER
369 PHILBROOK ROAD #2

SANBORNTON, NH 03269
Additional Owners:

| TOPO | UTILITIES | STRT/ROAD | LOCATION |
|---|---|---|---|
| 4 Rolling | 5 Well | 3 Unpaved | 3 Rural |
| | 6 Septic | | |

**CURRENT ASSESSMENT**

| Code | Appraised Value | Assessed Value |
|---|---|---|
| 1010 | 113,000 | 113,000 |
| 1010 | 59,400 | 59,400 |
| 1010 | 14,700 | 14,700 |

Description
RESIDNTL
RES LAND
RESIDNTL

Total: 187,100

**SUPPLEMENTAL DATA**

Other ID:    001451
              000000
ACCT # 1     005313
ACCT # 2     000000

**PREVIOUS ASSESSMENTS (HISTORY)**

| Assessed Value | Yr | Code | Assessed Value | Yr | Code | Assessed Value |
|---|---|---|---|---|---|---|
| 109,900 | 2005 | 1010 | 127,100 | 2004 | 1010 | 111,200 |
| 85,400 | 2005 | 1010 | 42,300 | 2004 | 1010 | 29,800 |
| 15,000 | 2005 | 1010 | 15,000 | 2004 | 1010 | 15,000 |

Total: 210,300    Total: 184,400    Total: 156,000

GIS ID:

**RECORD OF OWNERSHIP**

| BK-VOL/PAGE | SALE DATE | q/u | v/i | SALE PRICE | V.C. |
|---|---|---|---|---|---|
| AUDET, HENRY          2420/0754 | 07/12/2007 | Q | I | 242,333 | 00 |
| BURBACH, BRIAN S      2147/0136 | 02/10/2005 | Q | I | 162,000 | 37 |
| CITBANK, N.A.         2142/0178 | 01/05/2005 | U | I | 0 | 51 |
| DU LAC, LUCIEN & ELIZABETH  1480/0411 | 07/17/1998 | U | V | | 1N |

ASSOC PID#

Total:

**EXEMPTIONS**

| Year | Type | Description | Amount | Code |
|---|---|---|---|---|

**OTHER ASSESSMENTS**

| Description | Number | Amount | Comm. Int. |
|---|---|---|---|

Total:

This signature acknowledges a visit by a Data Collector or Assessor

**APPRAISED VALUE SUMMARY**

Appraised Bldg. Value (Card)         112,300
Appraised XF (B) Value (Bldg)            700
Appraised OB (L) Value (Bldg)         14,700
Appraised Land Value (Bldg)           59,400
Special Land Value                         0
Total Appraised Parcel Value         187,100
Valuation Method:                          C
Exemptions                                 0
Adjustment:                                0
Net Total Appraised Parcel Value     187,100

**ASSESSING NEIGHBORHOOD**

| NBHD/ SUB | NBHD Name | Street Index Name | Tracing | Batch |
|---|---|---|---|---|
| A100A | RES | | | |

**NOTES**

FUNC = HT
11: ADJ DET/DEP/OB/SKETCH
15: ADJ DET/SKTCH

BEIGE  1A
HAVE OIL FURNACE NOT
CONNECTED-OWNER
OB2 ATT TO FGR
OB3 NO WATER, NOT WORKING
OB3 ATT TO OB4 + OB5

**VISIT/ CHANGE HISTORY**

| Date | Type | IS | ID | Cd | Purpose/Result |
|---|---|---|---|---|---|
| 04/07/2015 | | | CC | 56 | Field Review |
| 02/10/2011 | | | CC | 56 | Field Review |
| 11/14/2007 | | | BP | 55 | Sales Review |
| 08/07/2003 | | | FA | 00 | Measur Listed |

**BUILDING PERMIT RECORD**

| Permit ID | Issue Date | Type | Description | Amount | Code | Description | Insp. Date | % Comp. | Date Comp. | Comments |
|---|---|---|---|---|---|---|---|---|---|---|

**LAND LINE VALUATION SECTION**

| B# | Use Code | Use Description | Zone | D | Front | Depth | Units | Unit Price | I. Factor | S.A | Acre C. Disc Factor Ide | ST. Idx | C. Factor | Adj | Notes-Adj | Special Pricing | | | S.Adj Fact | Adj. Unit Price | Land Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1010 | 1 Family | COM | | | | 0.90 AC | 74,965.00 | 1.1002 | 5 | 1.0000 | A12 | 1.00 | 0.80 | | | Spec Use | Spec Code | 1.00 | 65,984.19 | 59,400 |

Total Card Land Units: 0.90 AC    Parcel Total Land Area:0.9 AC    Total Land Value: 59,400

Property Location: 369 PHILBROOK RD #
Vision ID: 1411

MAP ID: 18/ 031/ / /

Bldg Name:
Sec #: 1 of 1    Card 1    of 1    1 of 1

Bldg #: 1

State Use: 1010
Print Date:04/20/2017 11:22



## CONSTRUCTION DETAIL

| Element | Cd | Ch | Description |
|---|---|---|---|
| Style | 01 | | Ranch |
| Model | 01 | | Residential |
| Grade | 03 | | Average |
| Stories | 1 | | 1 Story |
| Occupancy | 1 | | |
| Exterior Wall 1 | 25 | | Vinyl Siding |
| Exterior Wall 2 | | | |
| Roof Structure | 03 | | Gable/Hip |
| Roof Cover | 03 | | Asph/F Gis/Cmp |
| Interior Wall 1 | 04 | | Plywood Panel |
| Interior Wall 2 | 05 | | Drywall/Sheet |
| Interior Flr 1 | 12 | | Hardwood |
| Interior Flr 2 | 14 | | Carpet |
| Heat Fuel | 02 | | Oil |
| Heat Type | 04 | | Forced Air-Duc |
| AC Type | 01 | | None |
| Total Bedrooms | 02 | | 2 Bedrooms |
| Total Bthrms | 2 | | |
| Total Half Baths | 0 | | |
| Total Xtra Fixtrs | | | |
| Total Rooms | 5 | | 5 Rooms |
| Bath Style | 02 | | Average |
| Kitchen Style | 02 | | Modern |

## CONSTRUCTION DETAIL (CONTINUED)

| Element | Cd | Ch | Description |
|---|---|---|---|

### MIXED USE

| Code | Description | Percentage |
|---|---|---|
| 1010 | 1 Family | 100 |

### COST/MARKET VALUATION

| | |
|---|---|
| Adj Base Rate: | 69.27 |
| | 145,952 |
| Net Other Adj: | 10,000.00 |
| Replace Cost | 155,952 |
| AYB | 1970 |
| EYB | 1990 |
| Dep Code | G |
| Remodel Rating | |
| Year Remodeled | |
| Dep % | 23 |
| Functional Obslnc | 5 |
| External Obslnc | 0 |
| Cost Trend Factor | 1 |
| Condition | |
| % Complete | |
| Overall % Cond | 72 |
| Apprais Val | 112,300 |
| Dep % Ovr | 0 |
| Dep Ovr Comment | |
| Misc Imp Ovr | |
| Misc Imp Ovr Comment | |
| Cost to Cure Ovr | 0 |
| Cost to Cure Ovr Comment | |

## OB-OUTBUILDING & YARD ITEMS(L) / XF-BUILDING EXTRA FEATURES(B)

| Code | Description | Sub | Sub Descript | L/B | Units | Unit Price | Yr | Gde | Dp Rt | Cnd | %Cnd | Apr Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SPL2 | POOL IG VIN | | | L | 648 | 27.00 | 2003 | 0 | | | 50 | 8,700 |
| SHD2 | SHD FR ELEC | | | L | 192 | 13.00 | 2003 | 0 | | | 50 | 1,200 |
| FEN | FEN HIGH | | | L | 192 | 18.00 | 2003 | 0 | | | 50 | 1,700 |
| SHD1 | SHD FR BASIC | | | L | 192 | 10.00 | 2003 | 0 | | | 50 | 1,000 |
| PATI | PATIO AVG | | | L | 1,056 | 3.00 | 2003 | 0 | | | 50 | 1,600 |
| DPI | DRIVE SMALL | | | L | 1 | 500.00 | 2003 | 0 | | | 100 | 500 |
| HRT | HEARTH | | | B | 1 | 1,000.00 | 1990 | 1 | | | 100 | 700 |

## BUILDING SUB-AREA SUMMARY SECTION

| Code | Description | Living Area | Gross Area | Eff. Area | Unit Cost | Undeprec. Value |
|---|---|---|---|---|---|---|
| BAS | First Floor | 1,660 | 1,660 | 1,660 | 69.27 | 114,988 |
| YR1 | Crawl Space | 0 | 396 | 0 | 0.00 | 0 |
| FBM | Basement Finished | 0 | 252 | 76 | 20.89 | 5,265 |
| FGR | Garage Finished | 0 | 316 | 139 | 24.31 | 9,629 |
| UBM | Basement Unfinished | 0 | 1,012 | 202 | 13.83 | 13,993 |
| UST | Utility, Storage, Unfinished | 0 | 30 | 5 | 11.55 | 346 |
| WDK | Deck Wood | 0 | 254 | 25 | 6.82 | 1,732 |
| | **Ttl Gross Liv/Lease Area:** | 1,660 | 4,000 | 2,107 | | 155,952 |

Property Location: 369 PHILBROOK RD #2

MAP ID: 18/ 031/ / /

Bldg Name:

State Use: 1010

Vision ID: 1411

Bldg #:   1 of   Sec #:   1 of   1   Card   1   of   1

Print Date: 04/20/2017 11:22

**VISION**

1510
SANBORNTON, NH

### CURRENT OWNER

AUDET, HENRY
CAWELTI, JENNIFER
369 PHILBROOK ROAD #2

SANBORNTON, NH 03269
Additional Owners:

Other ID:

| | |
|---|---|
| ACCT # 1 | |
| ACCT # 2 | |

GIS ID:

| TOPO. | UTILITIES | STRT./ROAD | LOCATION |
|---|---|---|---|
| 4 Rolling | 5 Well | 3 Unpaved | 3 Rural |
| | 6 Septic | | |

### SUPPLEMENTAL DATA

| Other ID: | 001451 |
|---|---|
| | 000000 |
| | 005313 |
| | 000000 |

### CURRENT ASSESSMENT

| Code | Description | Appraised Value | Assessed Value |
|---|---|---|---|
| 1010 | RESIDNTL | 113,000 | 113,000 |
| 1010 | RES LAND | 59,400 | 59,400 |
| 1010 | RESIDNTL | 14,700 | 14,700 |

Total:   187,100

### PREVIOUS ASSESSMENTS (HISTORY)

| Assessed Value | Yr. | Code | Assessed Value | Yr. | Code | Assessed Value | Yr. | Code |
|---|---|---|---|---|---|---|---|---|
| 109,900 | 2005 | 1010 | 127,100 | 2004 | 1010 | 111,200 | | 1010 |
| 85,400 | 2005 | 1010 | 42,300 | 2004 | 1010 | 29,800 | | 1010 |
| 15,000 | 2005 | 1010 | 15,000 | 2004 | 1010 | 15,000 | | 1010 |

Total:   210,300   Total:   184,400   Total:   156,000

*This signature acknowledges a visit by a Data Collector or Assessor*

### RECORD OF OWNERSHIP

| | BK-VOL/PAGE | SALE DATE | q/u | v/i | SALE PRICE | V.C |
|---|---|---|---|---|---|---|
| AUDET, HENRY | 2423/0754 | 07/12/2007 | Q | I | | 60 |
| BURRACH, BRIAN S | 2147/0126 | 02/10/2005 | Q | I | 242,333 | 37 |
| CITIBANK, NA | 2142/0718 | 01/05/2005 | U | I | 162,000 | 51 |
| DUL AC, LUCIEN & ELIZABETH | 1480/0411 | 07/17/1998 | U | V | | 1N |

ASSOC PID#

### APPRAISED VALUE SUMMARY

| | |
|---|---|
| Appraised Bldg. Value (Card) | 112,300 |
| Appraised XF (B) Value (Bldg) | 700 |
| Appraised OB (L) Value (Bldg) | 14,700 |
| Appraised Land Value (Bldg) | 59,400 |
| Special Land Value | |
| Total Appraised Parcel Value | 187,100 |
| Valuation Method: | C |
| Exemptions | 0 |
| Adjustment: | 0 |
| Net Total Appraised Parcel Value | 187,100 |

### EXEMPTIONS

| Year | Type | Description | Amount | Code |
|---|---|---|---|---|

Total:

### OTHER ASSESSMENTS

| Description | Number | Amount | Comm. Int. |
|---|---|---|---|

Total:

### ASSESSING NEIGHBORHOOD

| NBHD/ SUB | NBHD Name | Street Index Name | Tracing | Batch |
|---|---|---|---|---|
| A180/A | RES | | | |

### NOTES

FUNC = HT
BEICE = 1A
11: ADJ DET/DEP/OB/SKETCH
15: ADJ DET/SKTCH
CONNECTED-OWNER
HAVE OIL FURNACE NOT
0B2 ATT TO FGR
0B2 NO WATER, NOT WORKING
0B3 ATT TO 0B4 + 0B5

### VISIT/ CHANGE HISTORY

| Date | IS | ID | Cd. | Purpose/Result |
|---|---|---|---|---|
| 04/07/2015 | | CC | 56 | Field Review |
| 02/10/2011 | | CC | 56 | Field Review |
| 11/14/2007 | | BP | 55 | Sales Review |
| 08/07/2003 | | FA | 00 | Measur Listed |

### BUILDING PERMIT RECORD

| Permit ID | Issue Date | Type | Description | Amount | Insp. Date | % Comp. | Date Comp. | Comments |
|---|---|---|---|---|---|---|---|---|

### LAND LINE VALUATION SECTION

| # | Use Code | Use Description | Zone | D | Front | Depth | Units | Unit Price | I. Factor | S.A | Acre C. Disc Factor | ST. Idx | C. Adj | Notes-Adj | Special Pricing | | S. Adj Fact | Adj. Unit Price | Land Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | Spec Use | Spec Code | | | |
| 1 | 1010 | 1 Family | COM | | | | 0.90 | AC | 74,965.00 | 1.1002 | 5 | 1.0000 | 1.00 | A12 | 0.80 | | | 1.00 | 65,984.19 | 59,400 |

Total Card Land Units:   0.90   AC   Parcel Total Land Area:0.9 AC   Total Land Value:   59,400

**Property Location:** 369 PHILBROOK RD #
**Vision ID:** 1411

**MAP ID:** 18/ 033/ / /

**Bldg Name:**
**Sec #:** 1 of 1    **Card** 1    **of** 1    **Bldg #:** 1 of 1

**State Use:** 1010
**Print Date:** 04/20/2017 11:22



## CONSTRUCTION DETAIL

| Element | Cd. | Ch | Description |
|---|---|---|---|
| Style | 01 | | Ranch |
| Model | 01 | | Residential |
| Grade | 03 | | Average |
| Stories | 1 | | 1 Story |
| Occupancy | 1 | | |
| Exterior Wall 1 | 25 | | Vinyl Siding |
| Exterior Wall 2 | | | |
| Roof Structure | 03 | | Gable/Hip |
| Roof Cover | 03 | | Asph/F Gls/Cmp |
| Interior Wall 1 | 04 | | Plywood Panel |
| Interior Wall 2 | 05 | | Drywall/Sheet |
| Interior Flr 1 | 12 | | Hardwood |
| Interior Flr 2 | 14 | | Carpet |
| Heat Fuel | 02 | | Oil |
| Heat Type | 04 | | Forced Air-Duc |
| AC Type | 01 | | None |
| Total Bedrooms | 02 | | 2 Bedrooms |
| Total Bthrms | 2 | | |
| Total Half Baths | 0 | | |
| Total Xtra Fixtrs | | | |
| Total Rooms | 5 | | 5 Rooms |
| Bath Style | 02 | | Average |
| Kitchen Style | 02 | | Modern |

## CONSTRUCTION DETAIL (CONTINUED)

| Element | Cd | Ch | Description |
|---|---|---|---|

### MIXED USE

| Code | Description | Percentage |
|---|---|---|
| 1010 | 1 Family | 100 |

### COST/MARKET VALUATION

| | |
|---|---|
| Adj. Base Rate: | 69.27 |
| | 145,952 |
| Net Other Adj | 10,000.00 |
| Replace Cost | 155,952 |
| AYB | 1970 |
| EYB | 1990 |
| Dep Code | G |
| Remodel Rating | |
| Year Remodeled | |
| Dep % | 23 |
| Functional Obslnc | 5 |
| External Obslnc | 0 |
| Cost Trend Factor | 1 |
| Condition | |
| % Complete | |
| Overall % Cond | 72 |
| Apprais Val | 112,300 |
| Dep % Ovr | 0 |
| Dep Ovr Comment | |
| Misc Imp Ovr | 0 |
| Misc Imp Ovr Comment | |
| Cost to Cure Ovr | 0 |
| Cost to Cure Ovr Comment | |

### OB-OUTBUILDING & YARD ITEMS(L) / XF-BUILDING EXTRA FEATURES(B)

| Code | Description | Sub | Sub Descrip | L/B | Units | Unit Price | Yr | Gde | Dp Rt | Cnd | %Cnd | Apr Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SPL2 | POOL IG VIN | | | L | 648 | 27.00 | 2003 | | 0 | 50 | 50 | 8,700 |
| SHD2 | SHD FR ELEC | | | L | 192 | 13.00 | 2003 | | 0 | 0 | 50 | 1,200 |
| SHD3 | SHED FR MED | | | L | 192 | 18.00 | 2003 | | 0 | 0 | 50 | 1,700 |
| SHD1 | SHD FR BASIC | | | L | 192 | 10.00 | 2003 | | 0 | 0 | 50 | 1,000 |
| PAT1 | PATIO AVG | | | L | 1,056 | 3.00 | 2003 | | 0 | 0 | 50 | 1,600 |
| DP1 | DRIVE SMALL | | | L | 1 | 500.00 | 2003 | | 0 | 0 | 100 | 500 |
| FRT | HEARTH | | | B | 1 | 1,000.00 | 1990 | | 1 | | 100 | 700 |

### BUILDING SUB-AREA SUMMARY SECTION

| Code | Description | Living Area | Gross Area | Eff. Area | Unit Cost | Undeprec. Value |
|---|---|---|---|---|---|---|
| BAS | First Floor | 1,660 | 1,660 | 1,660 | 69.27 | 114,988 |
| CRL | Crawl Space | 0 | 296 | 0 | 0.00 | 0 |
| FBM | Basement Finished | 0 | 252 | 76 | 20.89 | 5,265 |
| FGR | Garage Finished | 0 | 396 | 139 | 24.31 | 9,629 |
| UBM | Basement Unfinished | 0 | 1,012 | 202 | 13.83 | 13,993 |
| UST | Utility, Storage Unfinished | 0 | 30 | 5 | 11.55 | 346 |
| WDK | Deck Wood | 0 | 254 | 25 | 6.82 | 1,732 |
| | Ttl. Gross Liv/Lease Area: | 1,660 | 4,000 | 2,107 | | 155,952 |

Doc # 0710646   Jul 13, 2007 3:19 PM
Book 2423 Page 0754     Page 1 of 3
Registrar of Deeds, Belknap County

*Rachel M. Normandin*  27

RETURN TO:    Central & Northern Title Co., Inc.
426 Main Street
Laconia, NH 03246



STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION     REAL ESTATE TRANSFER TAX
****3 Thousand 6 Hundred 35 Dollars
07/13/2007    BE811615s ****3635.00
VOID IF ALTERED

## STATUTORY FORM OF WARRANTY DEED

We, **BRIAN S. BURBACH AND LAURA B. BURBACH**, f/k/a **LAURA B. FALARDEAU**, husband and wife of 369-2 Philbrook Road, Sanbornton, County of Belknap, State of New Hampshire (03269), for consideration paid, grant to **HENRY AUDET AND JENNIFER CAWELTI**, husband and wife of 120 Sherwood Drive, Tilton, County of Belknap, State of New Hampshire (03276), as joint tenants with rights of survivorship with **WARRANTY COVENANTS**, the following:

Two (2) certain tracts or parcels of land, together with the buildings thereon, situated in the **Town of Sanbornton, County of Belknap, State of New Hampshire** bounded and described as follows:

TRACT I

Beginning at the northwesterly corner of land formerly of Bilodeau; thence westerly bounding on land formerly owned by Richardson 204 feet; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows:

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

1

## TRACT II

Beginning at an iron pin driven in the ground by a stone wall dividing land formerly of Greenfield and land formerly of a Richardson, now of Ernest Woodman, 187 feet 4¼ inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 28 feet, more or less, to an iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaslee, dated July 1, 1937, recorded in the Belknap County Registry of Deeds, Book 237, Page 422; thence turning and running southerly along said Peaslee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaslee land and a wire fence to an iron pin driven in the ground at the southeasterly corner of said Peaslee land; thence turning and running southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau, now of Tilton, 205 feet to an iron pin in said wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

Together with a right to pass and repass from said highway on foot or by vehicle across land of the said Greenfield along the northerly side of Greenfield's property, and subject to a similar right of way deeded to Peaslee and included in the conveyance above referred to.

**Meaning and intending** to describe and convey the same premises conveyed to the within grantors herein by deed of Citibank, NA, as Trustee for Registered Holders of Merrill Lynch Mortgage Investors, Inc., dated February 10, 2005 and recorded in the Belknap County Registry of Deeds at **Book 2147, Page 0126.**

We, **Brian S. Burbach and Laura B. Burbach**, hereby release all rights of homestead and any other interests in the premises herein conveyed.

Executed this 12 day of ___Quluy___, 2007.

_____
Brian S. Burbach

_____
Laura B. Burbach, f/k/a Laura B. Falardeau

2

Book 2423 Page 0756    Page 3 of 3

29

STATE OF _New Cumpshire_
COUNTY OF _Bellknap_

This instrument was acknowledged before me on this _12_ day of _July_, 2007 by **Brian S. Burbach** and **Laura B. Burbach, f/k/a Laura B. Falardeau**

Notary Public

My commission expires: _9|17|08_

3



RETURN TO: Per Stanne
GATE
P.O. BOX 7229
Gilford NH

RECEIVED
2015 MAR -4  AM 10:46
REGISTRY OF DEEDS
BELKNAP COUNTY
Registrar

$03568

STATE OF NEW HAMPSHIRE

702220

## WARRANTY DEED

**CITIBANK, N.A. as Trustee for Registered Holders of Merrill Lynch Mortgage Investors, Inc., Series 1999-H1** a corporation duly established under the laws of the United States of America and having its usual place of business at 399 Park Avenue, New York, NY  10043

For Consideration Paid  ONE HUNDRED SIXTY TWO THOUSAND AND 00/100
($162,000.00) DOLLARS

grants to  **Brian S. Burbach and Laura B. Palardeau**

with WARRANTY COVENANTS the following described premises:

Two certain tracts or parcels of land, together with the buildings thereon, situated in the Town of Sanbornton, County of Belknap, State of New Hampshire bounded and described as follows:

**TRACT I**

Beginning at the northwesterly corner of land formerly of Bilodeau; thence westerly bounding by land formerly owned by Richardson 204 feet; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows;

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

**TRACT II**

Beginning at an iron pin driven in the ground by a stone wall dividing land formerly of Greenfield and land formerly of Richardson, now of Ernest Woodman, 187 feet 4 ½ inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 28 feet, more or less, to an iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaslee, dated July 1, 1937, recorded in the Belknap County Registry of Deeds, Book 217, Page 422; thence turning and running southerly along said Peaslee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaslee land and a wire fence to an iron pin driven in the ground at the southeasterly corner of said Peaslee land; thence turning and running southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau, now of Tilton, 205 feet to an iron pin in mid wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

Together with a right to pass and repass from said highway on foot or by vehicle across land of the said Greenfield along the northerly side of Greenfield's property, and subject to a similar right of way deeded to Peaslee and included in the conveyance above referred to.

BK 2147 PG 0126

Seller makes no representations or warranties, of any kind or nature whatsoever, whether expressed, implied, implied by law, or otherwise concerning the condition of the title of the property.

For Grantor's title, see Foreclosure Deed dated January 13, 2005 and recorded with the Belknap County Registry of Deeds in Book 2142, Page 718.

This conveyance does not constitute a transfer of all or substantially all of the corporate assets of Citibank, N.A. as Trustee for Registered Holders of Merrill Lynch Mortgage Investors, Inc., Series 1999-III, in New Hampshire.

Witness the execution and the corporate seal of said corporation this _10_ day of February, 2005.

CITIBANK, N.A. as Trustee for Registered Holders of Merrill Lynch Mortgage Investors, Inc., Series 1999-III
By: Litton Loan Servicing, LP, attorney in fact

By: _____
Chris McCormick
Assistant Vice President

STATE OF _TEXAS_

Harris _____ ss.                                  February _10_, 2005

Then personally appeared the above named    CHRIS MCCORMICK          , the
Authorized Signatory         of Litton Loan Servicing, LP, attorney in fact for Citibank, N.A.
as Trustee for Registered Holders of Merrill Lynch Mortgage Investors, Inc., Series 1999-III and
he/she, being duly authorized in his /her capacity aforesaid, executed the foregoing instrument as
his/her free act and deed the free act and deed of Citibank, N.A. as Trustee for Registered Holders
of Merrill Lynch Mortgage Investors, Inc., Series 1999-III, before me

_Lynnell Marlow_

LYNNELL MARLOW
MY COMMISSION EXPIRES
January 8, 2008

Notary Public
My Commission Expires:

BK 2147 PG 0127



Doc # 0710648   Jul 13, 2007 3:24 PM
Book 2423 Page 0777    Page 1 of 7
Registrar of Deeds, Belknap County

CENTRAL & NORTHERN TITLE CO., INC.
426 MAIN STREET
LACONIA NH 03246

RETURN BY MAIL TO:
GMAC Mortgage, LLC
Records Management
100 Witmer Road
Horsham, PA 19044-0963

Closed End Loan No.: ▮▮▮▮▮▮
Branch No.: 903
Loan Product: CE 15YBalloon 100%CLTVPiggyback

## MORTGAGE

THIS MORTGAGE is made this 12th day of July, 2007, between the Mortgagor, Henry Auslei and Jennifer Cawelf*who reside(s) at 369-2 Philbrook , Sanbornton, New Hampshire 03269 (herein "Borrower"), and the Mortgagee, GMAC Mortgage, LLC, a Delaware limited liability company f/k/a GMAC Mortgage Corporation, 100 Witmer Road, Horsham, PA (19044-0963) (herein "Lender") and the Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026 ("MERS") acting solely as nominee for Lender and Lender's successors and assigns under this Mortgage.

*husband and wife

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $48,400.00, which indebtedness is evidenced by Borrower's note dated July 12, 2007 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on July 11, 2022;

TO SECURE to Borrower irrevocably mortgages, grants and conveys to MERS acting solely as a nominee for Lender and Lender's successors and assigns and also as mortgagee under this Mortgage the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey MERS acting solely as a nominee for , with power of sale, the following described property located in the County of Belknap, State of New Hampshire.

See Attached Schedule A

which has the address of   369-2 Philbrook, Sanbornton
                                  (Street)                        (City)
New Hampshire 03269 (herein "Property Address");
                (Zip Code)

NEW HAMPSHIRE-SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT

_k. Ha_

Book 2423 Page 0779    Page 3 of 7

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property for the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2.  **Funds for Taxes and Insurance.** Subject to applicable law or a waiver by Lender, Borrower shall pay to Lender on the N/A day of each month, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installment for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3.  **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then as set forth in the Note.

4.  **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

Book 2423 Page 0778     Page 2 of 7

Unofficial Document     Unoff

**Exhibit A**

Two certain tracts or parcels of land, together with the buildings thereon, situated in the Town of Sanbornton, County of Belknap, State of New Hampshire bounded and described as follows:

**TRACT I**

Beginning at the northwesterly corner of land formerly of Bilodeau; thence westerly bounding on land formerly owned by Richardson 204 feet; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows:

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

**TRACT II**

Beginning at an iron pin driven in the ground by a stone wall dividing land formerly of Greenfield and land formerly of Richardson, now of Ernest Woodman, 187 feet 4 1/4 inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 28 feet, more or less, to an iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaselee, dated July 1, 1937, recorded in the Belknap County Registry of Deeds, Book 237, Page 422; thence turning and running southerly along said Peaselee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaselee land and a wire fence to an iron pin driven in the ground at the southeasterly corner of said Peaselee land; thence turning and running southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau, now of Tilton, 205 feet to an iron pin in said wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

Together with the right to pass and repass from said highway on foot or by vehicle across land of the said Greenfield along the northerly side of Greenfield's property, and subject to a similar right of way deeded to Peaselee and included in the conveyance above referred to.

Meaning and intending to describe and convey the same premises as conveyed to Henry Audet and Jennifer Cawelti by deed of Brian S. Burbach and Laura B. Burbach fka Laura B. Falardeau of even or near date to be recorded herewith at the Belknap County Registry of Deeds.

Cawelti07-0154

Unofficial Document    Unoff

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease of this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceeding against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender shall have the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail copies of a notice of sale in the manner provided by applicable law to Borrower and to the other persons described by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender shall deliver to the purchaser Lender's deed conveying indefeasible title to the Property so sold, discharged of all rights of redemption by Borrower. Lender or Lender's designee may purchase the Property at any sale. The proceeds of any sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

20. Release. Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void and Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. Waiver of Homestead, Dower and Curtesy. Borrower hereby waives all rights of homestead exemption in the Property and relinquishes all rights of dower and curtesy in the Property.

22. MERS. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage, but, if necessary to comply with local law or custom MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including but not limited to, releasing and canceling this Mortgage.

*(This space has been left blank intentionally)*

Book 2423 Page 0783    Page 7 of 7

Unofficial Document    Unoff

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Signed, sealed and delivered in the presence of:

_____    _____ (Seal)
                            Borrower - Jennifer Cavelti

_____    _____ (Seal)
                            Borrower - Henry Audet

_____    _____ (Seal)
                            Borrower -

_____    _____ (Seal)
                            Borrower -

State of    NEW HAMPSHIRE

(County) of    BELKNAP

This instrument was acknowledged before me on    7/12/07  by
                                                  (date)

Jennifer Cavelti
Henry Audet

(name(s) of person(s))

_____
(Signature of notarial officer)

(Seal, if any)

Notary
Title (and Rank)

[My commission expires:    9/11/08

Unofficial Document    Unoff

Doc # 1203930    Apr 13, 2012 10:35 AM
Book 2786 Page 0402    Page 1 of 4
Register of Deeds, Belknap County

Return To:
LSI-LPS
East Recording Solutions
700 Cherrington Parkway
Coraopolis, PA 15108

Prepared By: Jeff Oden
GMAC Mortgage, LLC
3451 Hammond Ave.
Waterloo IA 50702

### SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT, made February 23, 2012, present owner and holder of the Mortgage and Note first hereinafter described and hereinafter referred to as Mortgage-Electronic Registration Systems, Inc., ('MERS')

**WITNESSETH:**

THAT WHEREAS JENNIFER CAWELTI and HENRY AUDET, residing at 369-2 PHILBROOK, SANBORNTON, NH 03269, did execute a Mortgage dated July 12, 2007 to Mortgage Electronic Registration Systems, Inc., ('MERS'), covering:

SEE ATTACHED

To Secure a Note in the sum of $48,400.00 dated July 12, 2007 in favor of Mortgage Electronic Registration Systems, Inc., ('MERS'), which Mortgage was recorded July 13, 2007 at Book 2423, Page 0777, County of BELKNAP.

WHEREAS, Owner has executed, or is about to execute, a Mortgage and Note in the sum of (Not to exceed) $187,400.00 dated  Apr. 6, 2012  in favor of Ally Bank Corp., here in after referred to as "Lender", payable with interest and upon the terms and conditions described therein, which mortgage is to be recorded concurrently herewith; and

WHEREAS, it is a condition precedent to obtaining said loan that Lender's mortgage last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land herein before described, prior and superior to the lien or charge of Mortgage Electronic Registration Systems, Inc., ('MERS')mortgage first above mentioned.

NOW THEREFORE, in consideration of the mutual benefits accruing to the parties hereto, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

Book 2766 Page 0403    Page 2 of 4

(1) That said mortgage securing said note in favor of Lender, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of Mortgage Electronic Registration Systems, Inc., ('MERS') mortgage first above mentioned, including any and all advances made or to be made under the note secured by Mortgage Electronic Registration Systems, Inc., ('MERS'). mortgage first above mentioned.

(2) Nothing herein contained shall affect the validity or enforceability of Mortgage Electronic Registration Systems, Inc., ('MERS'), mortgage and lien except for the subordination as aforesaid.

WITNESSED BY:

Mortgage Electronic Registration Systems, Inc., ('MERS')

By: _____
Jami M. Beranek

Title:    Assistant Secretary

Attest: _____
Amber Swanger

Title:    Assistant Secretary

STATE OF IOWA
ss:
COUNTY OF BLACK HAWK

On 2-28-12, before me Jodi Verly, a notary public in and for the said county, personally appeared Jami M. Beranek known to me to be an Assistant Secretary of Mortgage Electronic Registration Systems, Inc., ('MERS') and Amber Swanger known to me to be an Assistant Secretary of Mortgage Electronic Registration Systems, Inc., ('MERS'), Solely Defined As Nominee For The Lender, GMAC Mortgage, LLC, the Limited Liability Company that executed the within instrumental also known to me (or proved to me on the basis of satisfactory evidence to be the person who executed the with instrument, behalf of the Limited Liability Company herein named and acknowledged to me that such Limited Liability Company executed the same.

WITNESS my hand and notarial seal.

_____
Notary Public

JODI VERLY
IOWA NOTARIAL SEAL
COMMISSION #
MY COMMISSION EXPIRES



Book 2766 Page 0404    Page 3 of 4

Unofficial Document    Unoff

**Exhibit A**

The following described property:

Two (2) certain tracts or parcel of land, together with the buildings thereon, situated in the Town of Sanbornton, County of Belknap, State of New Hampshire bounded and described as follows:

Tract I

Beginning at the Northwesterly corner of land formerly of Bilodeau; thence westerly bounding on land formerly owned by Richardson 204; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows:

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

Tract II

Beginning at an iron pin driven in the ground by a stone dividing land formerly of Greenfield and land formerly of a Richardson, now of Ernest Woodman, 187 feet 4 1/4 inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 28 feet, more or less, to an iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaslee, dated July 1, 1937, recorded in the Belknap County registry of Deed, Book 237, Page 422; thence turning and running southerly along said Peaslee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaslee land and a wire fence to an iron pin driven in the ground at the Southeasterly corner of said Peaslee land; thence turning and running Southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau, now of Tilton, 205 feet to an iron pin in said wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

Book 2766 Page 0405     Page 4 of 4

Unofficial Document     Unoff

Together with a right to pass and repass from said highway on foot or by vehicle across
land of the said Greenfield along the northerly side of Greenfield's property, and subject to
a similar right of way deeded to Peaslee and included in the conveyance above referred to.

Assessor's Parcel No:     SANB M:018 B:031

Unofficial Document     Unofficial Docum

Doc # 1203929   Apr 13, 2012 10:34 AM
Book 2766 Page 0385    Page 1 of 17
Register of Deeds, Belknap County

*Barbara R. Luther*

C/H
L-CHIP
BEA035854

⊂30

Return To:
LSI-LPS
East Recording Solutions
700 Cherrington Parkway
Coraopolis, PA 15108

Prepared By:
John Doumaux
1100 Virginia Drive
Fort Washington, PA   19034

———————————[Space Above This Line For Recording Data]———————————

## MORTGAGE

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated 04/06/2012
together with all Riders to this document.
(B) "Borrower" is Henry Audet and Jennifer Cawelti, husband and wife

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

04/06/2012 10:35am

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3030  1/01

VMP-6A(NH) (0810)
Page 1 of 15      Initials:
VMP Mortgage Solutions, Inc.

(D) "Lender" is Ally Bank Corp.

Lender is a Bank Chartered
organized and existing under the laws of Utah
Lender's address is 1100 Virginia Drive, Fort Washington, PA  19034

(E) "Note" means the promissory note signed by Borrower and dated 04/06/2012
The Note states that Borrower owes Lender One Hundred Eighty Thousand

                                                                Dollars

(U.S. $180,000.00            ) plus Interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than May 1, 2042              .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider      ☐ Condominium Rider                ☐ Second Home Rider
☐ Balloon Rider              ☐ Planned Unit Development Rider   ☐ 1-4 Family Rider
☐ VA Rider                   ☐ Biweekly Payment Rider          ☐ Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

04/06/2012 10:35am

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP-6A(NH) (0810)                          Page 2 of 15          Initials:          Form 3030   1/01

32

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor In Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS with mortgage covenants, and with power of sale, the following described property located in the  County                                     of Belknap                                     :

[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

The Assessor's Parcel Number (Property Tax ID#) for the Real Property is
SANB M:018 B:031. See Attached Legal Description

Parcel ID Number: SANB M:018 B:031                which currently has the address of
369-2 Philbrook Rd                                                            [Street]
Sanbornton                               [City], New Hampshire 03269        [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

04/06/2012 10:35am

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP-6A(NH) (0810)                              Page 3 of 15       Initials:            Form 3030   1/01

33

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail copies of a notice of sale in the manner provided by Applicable Law to Borrower and other persons prescribed by Applicable Law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender shall deliver to the purchaser Lender's deed conveying indefeasible title to the Property, discharged of all rights of redemption by Borrower. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Discharge. The Lender, within 60 days after this Security Instrument is satisfied and having reasonable charges tendered to the Lender, shall cause the discharge of this Security Instrument to be recorded in the registry of deeds where the Property lies. The recording fees associated with the discharge of this Security Instrument may be charged to the Borrower, if the Borrower received written disclosure that such fees would be so charged. The Lender shall provide written confirmation of the discharge within the 60-day period to the payor of the final payment in satisfaction of this Security Instrument.

24. Releases. Borrower, and Borrower's spouse, if any, release all rights of homestead in the Property and release all rights of curtesy and other interests in the Property.

25. Attorneys' Fees. Pursuant to New Hampshire Revised Statutes Annotated Section 361-C:2, in the event that Borrower shall prevail in (a) any action suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

04/06/2012 10:35am

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

VMP-6A(NH) (0810)    Page 13 of 15    Initials: _____    Form 3030   1/01

34

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____          _____(Seal)
                                          Jennifer Cawelti            -Borrower

_____          _____(Seal)
                                          Henry Audet                -Borrower

_____(Seal)               _____(Seal)
               -Borrower                                             -Borrower

_____(Seal)               _____(Seal)
               -Borrower                                             -Borrower

_____(Seal)               _____(Seal)
               -Borrower                                             -Borrower

04/06/2012 10:35am

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP-6A(NH) (0810)                    Page 14 of 15                    Form 3030  1/01

Book 2766 Page 0399    Page 15 of 17

35

**STATE OF NEW HAMPSHIRE**
(County) of Belknap

This instrument was acknowledged before me on April 6, 2012                    by
Henry Audet and Jennifer Cawelti, husband and wife

(Seal, if any)

_Karlene M. Savage_
(Signature of Notarial Officer)

_Notary Public_
Title (and rank)

My Commission Expires: 01/16/2013

36

## Exhibit A

The following described property:

Two (2) certain tracts or parcel of land, together with the buildings thereon, situated in the Town of Sanbornton, County of Belknap, State of New Hampshire bounded and described as follows:

### Tract I

Beginning at the Northwesterly corner of land formerly of Bilodeau; thence westerly bounding on land formerly owned by Richardson 204; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows:

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

### Tract II

Beginning at an Iron pin driven in the ground by a stone dividing land formerly of Greenfield and land formerly of a Richardson, now of Ernest Woodman, 187 feet 4 1/4 inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 28 feet, more or less, to an Iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaslee, dated July 1, 1937, recorded in the Belknap County registry of Deed, Book 237, Page 422; thence turning and running southerly along said Peaslee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaslee land and a wire fence to an iron pin driven in the ground at the Southeasterly corner of said Peaslee land; thence turning and running Southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau, now of Tilton, 205 feet to an iron pin in said wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

37

Together with a right to pass and repass from said highway on foot or by vehicle across land of the said Greenfield along the northerly side of Greenfield's property, and subject to a similar right of way deeded to Peaslee and included in the conveyance above referred to.

Assessor's Parcel No:    SANB M:018 B:031

Doc # 1409860   Oct 24, 2014 1:17 PM
Book 2938 Page 0747   Page 1 of 1
Register of Deeds, Belknap County
*Barbara R. Luther*

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

Prepared By:
Pravellika Konacalli
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

## Assignment of Mortgage

Dated: October 20, 2014

For value received Mortgage Electronic Registration Systems, Inc. ("MERS"), as designated nominee for Ally Bank Corp., beneficiary of the security instrument, its successors and assigns, P.O. Box 2026, Flint, MI 48501-2026, the undersigned hereby grants, assigns and transfers to Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, all beneficial interest under a certain Mortgage dated April 6, 2012 executed by HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE and recorded in Book 2766 on Page(s) 0385 as Document Number 1203929 on April 13, 2012 of real estate records for the County of Belknap, New Hampshire.

Mortgage Electronic Registration Systems, Inc.
("MERS"), as designated nominee for Ally Bank
Corp., beneficiary of the security instrument, its
successors and assigns

By: _____

Marcy Kay Koopman,
Assistant Secretary

STATE OF Minnesota        )
                          ) SS
COUNTY   Ramsey           )

*U04922611*

On October 20, 2014 before me, Pang Mee Yang, Notary Public in and for said State personally appeared Marcy Kay Koopman, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. ("MERS"), as designated nominee for Ally Bank Corp., beneficiary of the security instrument, its successors and assigns, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

Pang Mee Yang, Notary Public
My Commission expires: January 31, 2017



Doc # 1506724   Jul 16, 2015 2:23 PM
Book 2980 Page 0968    Page 1 of 1
Register of Deeds, Belknap County

Recording Requested By
OCWEN LOAN SERVICING, LLC

When Recorded Return To

OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

**CORPORATE ASSIGNMENT OF MORTGAGE**

Belknap, New Hampshire
SELLER'S SERVICING        "AUDET"
SELLER'S LENDER IGR: OW 401
OLD SERVICING

Date of Assignment: March 20th, 2015
Assignor: OCWEN LOAN SERVICING, LLC at 1661 WORTHINGTON RD, SUITE 100, WEST PALM BEACH, FL 33409
Assignee: FEDERAL HOME LOAN MORTGAGE CORPORATION at 8200 JONES BRANCH DRIVE, MCLEAN, VA 22102-3110

Executed By: HENRY AUDET AND JENNIFER CAWELTI, HUSBAND AND WIFE  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS") SOLELY AS NOMINEE FOR ALLY BANK CORP. ITS SUCCESSORS AND/OR ASSIGNS
Date of Mortgage: 04/09/2012 Recorded: 04/13/2012 in Book/Reel/Liber: 2768 Page/Folio: 0386 as Instrument No: 1203929 in the County of Belknap, State of New Hampshire

Property Address: 398-2 PHILBROOK RD, SANBORNTON, NH 03269

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $180,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

OCWEN LOAN SERVICING, LLC
On  MAR 2 7 2015

By:
Vicki Pownall
Signer       AUTHORIZED

STATE OF      Iowa
COUNTY OF      Black Hawk

On  MAR 2 7 2015  before me    Karna Smith    , a Notary Public in and for    Black Hawk
in the State of    Iowa    , personally appeared    Vicki Pownall    , Authorized Signer,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

Karen Smith

Notary Expires  6/18/17

KAREN SMITH
COMMISSION NO.784540
MY COMMISSION EXPIRES
April 18, 2017

(This area for notarial seal)

*TPM*TPMSPMAC*03/26/2015 12:47:27 PM*                                        *BELKN*
NHSTATE_MORT_ASSIGN_ASSN * *VP*OLOMAC*



Doc # 1508885    Sep 10, 2015 11:25 AM
Book 2991 Page 0025    Page 1 of 1
Register of Deeds, Belknap County

When Recorded Return To:
Indecomm Global Services
As Recording Agent Only
1260 Energy Lane
St. Paul, MN 55108

Prepared By:
Dinesh Mallige
1260 Energy Lane
ST Paul, MN 55108

**Assignment of Mortgage**

Dated: September 3, 2015

For value received Ocwen Loan Servicing, LLC, 1561 Worthington Road, Suite 100, West Palm
Beach, FL 33409, the undersigned hereby grants, assigns and transfers to Residential Credit
Solutions, Inc., 4708 Mercantile Drive, Fort Worth, TX 76137, all beneficial interest under a certain
Mortgage dated April 6, 2012 executed by HENRY AUDET AND JENNIFER CAWELTI, HUSBAND
AND WIFE and recorded in Book 2766 on Page(s) 0385 as Document Number 1203929 on April 13,
2012 of real estate records for the County of Belknap, New Hampshire.

Ocwen Loan Servicing, LLC

By: _____

Elizabeth Richardson,
Assistant Secretary

STATE OF Minnesota                    }
COUNTY  Hennepin                      } SS

On September 3, 2015 before me, Randy Kiko Chon , Notary Public in and for said State personally
appeared Elizabeth Richardson , Assistant Secretary of Ocwen Loan Servicing, LLC, personally
known to me to be the person whose name is subscribed to the within instrument and acknowledged to
me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the
instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my
hand and official seal.

_____

Randy Kiko Chon, Notary Public
My Commission expires: January 31, 2017

RANDY KIKO CHON
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

**BK 03092 PG 00505**   # 1702184
03/06/2017 12:19:03 PM
BK: 3092  PG: 505 PAGE 1 OF 4
REGISTER OF DEEDS, BELKNAP COUNTY
JUDITH A. MCGRATH

Unofficial Document

*Judith A. McGrath*



Unofficial Document    Unofficial Document

## COVER PAGE

Document Type: Assignment of Mortgage/Deed of Trust

Recording Requested By and
When Recorded Return To:
Ditech Financial LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

ASSIGNOR(S) NAME:

ASSIGNEE(S) NAME/ADDRESS:

Property Address:
369-2 PHILBROOK RD
SANBORNTON, NH 03269

Unofficial Document    Unofficial Document

DT001  RCS AWL10653815  CPA_CVRPG.ptk

**BK 03092 PG 00506**

Unofficial Document    Unofficial D

Prepared by and Return To:
Jordyn Carney
Ditech Financial LLC
EX-NTC
2100 E. Elliot Road
Mail Stop T330
Tempe, AZ 85284
(868) 315-8733

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned holder of a Mortgage (herein "Assignor") whose address is c/o 2100 E. Elliot Road Tempe, AZ. 85284, does hereby grant, sell, assign, transfer and convey, unto Ditech Financial LLC, whose address is 2100 E. Elliot Road, T-314, Tempe, AZ. 85284 its successor and assigns, all its right, title and interest in and to a certain Mortgage described below and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

| | |
|---|---|
| Executor: | Henry Audet and Jennifer Cawelti, husband and wife |
| Date Executed: | April 6, 2012 |
| Amount: | $180,000.00 |
| Recorded Date | April 13, 2012 |
| Book/Page/Instrument Number: | Book 2766, Page 0385, Document # 1203929 |
| County: | Belknap |
| State: | NH |

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on December 23, 2016

**BK 03092 PG 00507**

Unofficial Document    Unofficial D

Federal Home Loan Mortgage Corporation

Witness: _Dawn Bevrly_

BY: _____
Name: _Tamilyn Parker_
Title: _Assist Treasurer_

Witness: _Timya Callahan_

State of _Virginia_

County of _Fairfax_

On _12/23/16_ , before me, the undersigned, personally appeared _Tamika Parker_ , _Assistant Treasurer_ for _Federal Home Loan Mortgage Corp._ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the City of _Fairfax_ , State of _Virginia_

Notary Public

_Angela Renee Wright_
Notary Public
Reg# 7676308
Commonwealth of Virginia
Commission Exp. 2/28/17

Unofficial Document    Unofficial Document

# BK 03092 PG 00508

Unofficial Document    Unofficial D

## Exhibit "A"

The following described property:

Two (2) certain tracts or parcel of land, together with the buildings thereon, situated in the Town of Sanbornton, County of Belknap, State of New Hampshire bounded and described as follows:

Tract I

Beginning at the Northwesterly corner of land formerly of Bilodeau; thence westerly bounding on land formerly owned by Richardson 204; thence southerly 65 feet; thence easterly 181 feet to land formerly of Bilodeau; thence northerly along land of said Bilodeau 65 feet to point begun at. Meaning to convey the northeast corner of land now or formerly of Braley. Granting a right of way across land now or formerly of said Braley to the highway described as follows:

Beginning at the northwesterly corner of said land going westerly along land formerly owned by Richardson to the highway.

Tract II

Beginning at an iron pin driven in the ground by a stone dividing land formerly of Greenfield and land formerly of a Richardson, now of Ernest Woodman, 187 feet 4 1/4 inches, more or less, from the easterly side of said road; thence running in an easterly direction along said wall 26 feet, more or less, to an iron pin driven in the ground at the northwesterly corner of land deeded by Braley to Peaslee, dated July 1, 1937, recorded in the Belknap County registry of Deed, Book 237, Page 422; thence turning and running southerly along said Peaslee land and partly along a wire fence 65 feet to an iron pin driven in the ground; thence turning and running easterly 181 feet along said Peaslee land and a wire fence to an iron pin driven in the ground at the Southeasterly corner of said Peaslee land; thence turning and running Southerly along land formerly of Bilodeau, now of Lakes Milling Lumber Co. and the remains of a stone and wire fence 122 feet to an iron pin in the ground at the corner of a wall; thence turning and running westerly along stone wall and wire fence and land formerly of Bilodeau; now of Tilton, 205 feet to an iron pin in said wall; thence turning and running about northerly along land retained by Emma A. Greenfield 175 feet, more or less, to the point of beginning.

Together with a right to pass and repass from said highway on foot or by vehicle across land of the said Greenfield along the northerly side of Greenfield's property, and subject to a similar right of way deeded to Peaslee and included in the conveyance above referred to.

Assessor's Parcel No:    SANB M:01B B:031

