EDAR ROGLER
1311 Delaware Avenue, S.W., Unit #S-345
Washington, D.C. 20024

March 11, 2019

✓ The Honorable U.S. Bankruptcy Judge Martin Green
U.S. Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

MORRISON & FOERSTER, LLP
Attorney for Debtors and Debtors-In-Possession
1290 Avenue of Americas
New York, New York 10104

RE: Fraudulent Conversion of Assets of Debtor?
In re Residential Accredit Loans, Inc., 1:12-BK-12020

Dear Your Honor and Attorneys for Debtors and Debtors-in-Possession:

This letter is being written to determine if the Court authorized Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-through Certificates, Series 2006-QS12 ("the Trustee") to use the debtor's money to purchase a defaulted mortgage loaned by PNC Bank to Alan Ullberg, Attorney at Law ("Ullberg") at a non-judicial auction on or about April 7th, 2015. The security was not an interest in real property. Said mortgage loan was secured by Ullberg's membership certificate in a cooperative apartment, River Park Mutual Homes, Inc. ("RPMH"). According to the Recorder of Deeds for the District of Columbia, PNC Bank released the mortgage in 2016 and Ullberg still owns the membership free and clear of any encumbrances. As far as the records are concerned, Residential Accredit Loans, Inc. never was involved in the mortgage loaned to Ullberg. The unit is not renovated. The membership was not worth $110,000.00.

Unit #S-345 was rented to me in 2012. I am a senior citizen and disabled. The apartment is under rent control. The Trustee has been unlawfully trying to self-evict me, has made false reports to the Metropolitan Police Department, and filed a false ejectment complaint against me. The complaint, copy enclosed, has been dismissed. The complaint does not alleged that the Trustee has legal title but some sort of "equitable title." However the Trustee never paid the transfer taxes and failed to record any title transfer with the Recorder of Deeds. The complaint is not verified. The Kevin Kernan, the attorney for RPMH has called this a messy, straw man sale. He wrote me a letter dated December 11, 2018, copy enclosed, trying to refund me six thousand dollars ($6,000.00) of my past rent that I paid to RPMH. I have voided the check. If the debtor owns the membership then the money belongs to the debtor and not to me. I believe that this is fraud in many ways.

RECEIVED
MAR 14 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

I have attempted to read the complex and lengthy docket for this Chapter 11 bankruptcy case and cannot locate any permission for the Trustee to make purchases in the debtors name and with the debtor's money and have the debtor pay for attorneys' fees and costs. I can only find the Plan and documents that the Trustee was only authorized by the Bankruptcy Court to pool and service specific mortgage loans of Residential Accredit Loans, Inc.

I do not know if the Trustee took $110,000 from the debtor to make this purchase. But The Trustee is using the debtor's name for the harassment and false and malicious lawsuit against me. The attempted return of my rent payments is part of the fraud. Had I cashed the check, RPMHs and the Trustee would falsely allege that I never paid rent.

Even if the Trustee did not take the $110,000 from the debtor, there is a question of who is paying the attorney fees and costs. I count that the Trustee has six to eight attorneys hired to fight me. I filed for an injunction, but too much time has passed and I need surgeries. I dismissed the suit and will re-file in the United States District Court of Southern New York or Superior Court of the District of Columbia if any more adverse action is taken against me. In the meantime, I would like to inquire as to whether or not this was a lawful, authorized transaction. If not, would you please investigate it further? It looks to me that the Trustee is using the debtor's money to pay for things that are not to the benefit of the debtor and that the debtor is paying for attorneys' fees and costs that have nothing to do with pooling and servicing mortgage loans for the debtor.

Thank you very much in advance for your anticipated attention to this serious matter.

Sincerely,

Edar Rogler

Please send correspondence to me at:
PO Box 58097
Washington DC
20037-8097

DATE:12/10/2018  CK#:1035  TOTAL:$6,000.00***  BANK:River Park Mutual Homes - Oper(511ap2)
PAYEE:Edar Rogler(t0019492)

| Property Address - Code | Invoice - Date | Description | Amount |
|---|---|---|---|
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 0 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 10 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 11 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 12 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 13 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 14 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 15 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 16 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 17 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 18 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 19 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 2 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 4 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 6 | Quick Refund | 400.00 |
| River Park Mutual Homes - 511 | :QuickRefund-77836 - 8 | Quick Refund | 400.00 |
|  |  |  | 6,000.00 |

Filed
D.C. Superior Court
11/14/2018 11:33AM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS12<br>c/o McCabe Weisberg & Conway LLC<br>312 Marshall Ave Suite 800<br>Laurel MD, 20707<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Edar Rogler<br>1311 Delaware Avenue Southwest, Unit s-345<br>Washington, DC 20024<br><br>　　　　　　　　　Defendant(s). | Case No.: |

## COMPLAINT FOR EJECTMENT

### ACTION INVOLVING REAL PROPERTY

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS12 ("Plaintiff") by and through counsel, Michael Cantrell, Gregory Carroll, Patrick Jules, and McCabe, Weisberg & Conway LLC, files this action seeking an ejectment of those persons in unlawful possession of 1311 Delaware Avenue Southwest, Unit s-345, Washington, DC 20024, pursuant to *D.C. Code §16-1101 et seq.* and the Court's general equitable powers, and in support thereof, states as follows:

### PARTIES AND JURISDICTION

1. This action seeks the recovery of certain real property located within the District of Columbia at 1311 Delaware Avenue Southwest, Unit s-345, Washington, DC 20024 ("Property"), more specifically described as:

18-801097 gcar 11.7.2018

By virtue of Deed of Trust recorded in the land records of the District of Columbia recorded on , as Instrument Number , and in accordance Judgment filed on «judgement_date» in case and at the request of the party secured thereby, the undersigned Substitute Trustees will offer to sell at public auction, within the office of HARVEY WEST AUCTIONEERS, INC., 5335 Wisconsin Avenue, NW, Suite 440, Washington, DC 20015-2034,
on April 7, 2015 at 12.30 PM, the land and premises situated in the District of Columbia and designated as and being LOTS NUMBERED 285 THROUGH 300, BOTH INCLUSIVE, IN SQUARE NUMBERED 546 IN A SUBDIVISION MADE BY THE DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY AS PER PLAT RECORDED IN LIBER 141 AT FOLIO 36 IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA. SAID PROPERTY NOW KNOWN FOR ASSESSMENT AND TAXATION PURPOSES AS LOT 819 IN SQUARE 546.. and more particularly described in said Deed of Trust.

2. The Court has personal jurisdiction over the Defendant and the Property herein.

3. Defendant or parties claiming rights through Defendant are currently in possession of the Property.

4. Venue is proper in the Superior Court of the District of Columbia.

## FACTS

5. Alan Ullberg (hereinafter "the Former Owner(s)") formerly owned the Property subject to a Loan Security Agreement secured by a Stock Certificate which memorialized money loaned.

6. The Former Owner(s)' rights were terminated through operation of a foreclosure sale on April 7, 2015, whereupon Plaintiff received equitable title to the shares in the Cooperative by virtue of the Memorandum of Purchase, attached hereto as EXHIBIT A.

7. On or about April 12, 2018 Plaintiff learned that the Property was occupied by Edar Rogler ("Occupant").

8. On or about October 6, 2018 Plaintiff served a Notice to Quit by posting on the Property for the Occupant.

18-801097 gcar 11.7.2018

9. The Notice to Quit provided the Occupant 30 days to vacate.

10. The Occupant unlawfully and without right continues to openly, and notoriously exercise exclusive possession of the Property adverse to Plaintiff's possessory rights.

### COUNT I - EJECTMENT

Plaintiff incorporates by reference all those facts and allegations contained above.

11. Plaintiff brings this action for ejectment against Edar Rogler ("Occupant"), who is believed to currently and unlawfully occupy the Property, in accordance with D.C. Code § 16-1101[1], § 16-1103[2], and § 16-1104(a)[3].

12. Plaintiff holds title to the Property in fee simple absolute, as demonstrated by the Substitute Trustees' Deed previously referenced as **EXHIBIT A**.

13. Since Plaintiff obtained title on April 7, 2015 it has not been able to possess the Property, as the Occupant has been in possession of the Property.[4]

14. The Occupant does not have any rights to possess or occupy the Property, as they hold no present, or future leasehold interest in the Property and any contract previously held lacks privity with Plaintiff.

---

[1] D.C. Code § 16-1101 provides: (a) A civil action based upon a cause of action in ejectment, may be brought against: (1) the person actually occupying the premises claimed, either in person or by tenant

[2] D.C. Code § 16-1103 requires among other things that Plaintiff state that: "…(1) he was possessed of the premises, and while he was so possessed the defendant entered wrongfully into possession thereof, and withholds the possession of the premises from the plaintiff, or wrongfully detains possession; or (2) *the defendant is wrongfully exercising acts of ownership over the premises.*" (Emphasis added.)

[3] D.C. Code § 16-1104(a) provides that "…in an action of ejectment it is sufficient to entitle the plaintiff to relief to show that he is entitled, as against the defendant, to the immediate possession of the premises claimed, and that the defendant is: (1) in possession of the premises, and is holding adversely to the plaintiff; or (2) exercising acts of ownership over the premises, adversely to the plaintiff."

[4] Access to the Property has been provided sparingly and only on a schedule dictated by the Occupant.

18-801097 gcar 11.7.2018

15. Plaintiff has neither transferred title to the Occupant, nor entered into a lease agreement with the Occupant or any governmental agency.

16. At no time since Plaintiff learned of the Occupant's open and notorious possession of the Property has the Occupant provided a deed transferring interest to her.

17. Plaintiff has never consented to the Occupants use and occupancy of the Property.

**WHEREFORE**, Plaintiff prays this Honorable Court grant the following relief:

A) That this Court find that Plaintiff is entitled to the immediate recovery and possession of the Property; and find

B) That Plaintiff holds title in fee absolute and Edar Rogler ("Occupant") is occupying the Property without right; and find

C) That the Occupant refuses to grant uninhibited access to the Property that Plaintiff is entitled to as Owner of the Property; and find

D) That Plaintiff is entitled to Judgment for immediate recovery and possession of the Property; and order

E) That Plaintiff is entitled to a Writ of Possession and an order of Ejectment of the Occupant from the Property; and

F) That this Court grant such further relief as may be necessary, proper and just under the circumstances.

18-801097 gcar 11.7.2018

LAW OFFICES
# McCABE, WEISBERG & CONWAY, LLC

312 MARSHALL AVENUE
SUITE 800
LAUREL, MD 20707
(301) 490-3361
FAX (301) 490-1568
Also servicing The District of Columbia

1727 KING STREET
SUITE 318
ALEXANDRIA, VA 22314
(571) 449-9350
FAX (855) 845-2581

October 2, 2018

Edar Rogler and All Occupants
1311 Delaware Ave Sw Unit s-345
Washington, D.C. 20024

Re:  Property: **1311 Delaware Ave SW Unit s-345, Washington, D.C. 20024**

This Notice is being sent to you pursuant to D.C. Code Title 42 Chapter 32. You are an occupant of a former owner who has been foreclosed on and pursuant to D.C. Code § 42-522 you are now a tenant at will and your ability to stay in the Property is terminable upon the expiration of a 30 day Notice to Quit pursuant to D.C. Code § 42-3203. This notice serves as your 30 day notice to quit and vacate the Property occupied by you. You must vacate the property of all personals and persons by no later than 30 days after the service of this notice. If you fail to vacate, the Owner can take such action as is appropriate to evict you. In order for the Owner to evict you, the Owner first must file in D.C. Superior Court a suit for possession of the property based upon your failure to vacate. If the Owner accepts payments after the date this Notice is served, the Owner is not agreeing to waive any of its rights under this Notice. Service of this Notice is not an admission by the owner and/or agent that the property is subject to any part of D.C. Law 6-10 and/or that you are entitled to raise that law as a defense to this Notice.

Our office represents the current owner of the above referenced Property, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS12, which obtained the Property as a result of the foreclosure sale held on April 7, 2015.

**The Protecting Tenants at Foreclosure Act (PTFA)** provides bona fide tenants with certain rights and lease protections when the Property is acquired by a new entity through foreclosure. None of your rights as a tenant under state or local laws are negatively impacted by the PTFA.

UNDER THE PTFA, IF YOU ARE A "BONA FIDE" TENANT YOU HAVE THE RIGHT, IN MOST CASES, TO CONTINUE AS A TENANT FOR THE REMAINDER OF YOUR LEASE TERM OR AT LEAST 90 DAYS FROM THE DATE OF THIS NOTICE TO VACATE, WHICHEVER IS LONGER.

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy, or if you have been granted a bankruptcy discharge, this is not an attempt to collect a debt from you, nor is it an attempt to impose personal liability on you for the debt.

Page | 1

18-801097

If you are a tenant of the former owner of the property, and not the child, spouse, or parent of the former owner of the property, you may be entitled to additional rights as provided in the Protecting Tenants at Foreclosure Act of 2009 (PTFA), including the right to remain in the property for 90 days from the date of receipt of this notice, before dispossessory proceedings are initiated against you.

Please contact us immediately to let us know if you believe that you are a "bona fide" tenant living at the Property and provide us with proof of the same, such as a signed copy of your lease. If you do not have a written lease, please provide us with a summary of the terms of your oral lease. In addition, please provide us with rent receipts or proof of rent payment, utilities bills, or other documentation evidencing the fact that you are a tenant living at the Property, and an email address or telephone number at which you can be reached.

If we do not hear from you, you will not lose any legal rights, but we may take legal action to attempt to remove you from the Property.

This firm is prohibited from giving you legal advice and cannot direct you on how to proceed.

Very truly yours,

McCabe, Weisberg & Conway, LLC

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy, or if you have been granted a bankruptcy discharge, this is not an attempt to collect a debt from you, nor is it an attempt to impose personal liability on you for the debt.



# HARVEY WEST
## AUCTIONEERS, INC
*Established 1950*

5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

202-463-4567    410-828-6856 fax    http://hwestauctions.com

## MEMORANDUM OF PURCHASE
## AT PUBLIC AUCTION
## WASHINGTON, DC

Property Address: 1311 Delaware Avenue SW, S345, Washington, DC 20024

Time of Sale: 12:30PM

Date of Sale: APRIL 7, 2015

Sold to:

- BEING THE HIGHEST BIDDER IN THE AMOUNT OF    $ 110,000
- ADVERTISING: WASHINGTON POST    $
- AUCTIONEER'S FEE    $
- TOTAL AMOUNT DUE FROM LENDER    $
- RECIEVED FROM    $
- DEPOSITED IN THE AMOUNT OF**    $

**no reduction of interest due to overpayment of deposit

DEUTSCHE BANK TRUST Co. AMERICAS
AS TRUSTEE RALI 2006-QS16

Auctioneer's signature

Deena Bull (?)
Substitute Trustee's signature

Purchaser's signature

# HARVEY WEST
## AUCTIONEERS, INC
*Established 1950*

5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

202-463-4567    410-828-6856 fax    http://hwestauctions.com

---

**Trustees Sale - DC**

SAMUEL I. WHITE, P.C.
611 Rockville Pike, Suite 100
Rockville, MD 20852
PUBLIC AUCTION SALE
SHARES OF CAPITAL STOCK
/MEMBERSHIP SHARES OF
PLAZA WEST COOPERATIVE ASSOCIATION, INC.
a cooperative housing corporation, entitling the owner
thereof to possession of a dwelling unit
KNOWN AS
1311 DELAWARE AVENUE SW S345
WASHINGTON, DC 20024
SALE ON
APRIL 7, 2015 at 12:30PM
By virtue of the power and authority contained in a certain Security Agreement from Alan D. Ullberg, default having occurred under the terms thereof, the secured creditor by its undersigned attorney will sell at Public Auction AT THE OFFICE OF HARVEY WEST AUCTIONEERS, INC. LOCATED AT 5335 WISCONSIN AVENUE, NW, Suite 440, WASHINGTON, DC 20015.
All the membership shares described in said Security Agreement being RIVER PARK MUTUAL HOMES, INC., shares of Capital Stock of the RIVER PARK MUTUAL HOMES INC. allocated to 1311 Delaware Avenue SW, S345, Washington, DC 20024, together with all rights, duties and obligations under the terms of a certain Occupancy Agreement dated June 9, 2006 between Alan D. Ullberg and the RIVER PARK MUTUAL HOMES INC. Subject to the terms, provisions and conditions contained in the Articles of Incorporation, By-Laws, Occupancy Agreement and House Rules of the RIVER PARK MUTUAL HOMES, INC.
The membership shares will be sold subject to their proportionate share of certain underlying purchase money mortgage. The exact amount due thereon will be announced at time of sale and subject to all conditions, liens, restrictions and agreements of record affecting same, and subject to any assessments including assessments pursuant to D.C. Code Sections 42-1903.13.
TERMS OF SALE: A cash deposit, certified check or cashier's check in the amount of $20,000.00 will be required of the purchaser at the time and place of sale, except that the Secured Party will not be required to give a deposit. Balance to be paid in cash 30 days following sale. Interest to be charged at the rate of 7.250% per annum on the unpaid purchase price from date of sale to date of settlement. All costs incident to the transfer of membership shares shall be borne by the purchaser. All adjustments of cooperative fees and assessments will be made as to date of sale, and to be assumed by the purchaser. In the event that the purchaser fails to go to settlement as required, the property shall be resold at purchaser's risk and expense and the deposit is forfeited. Trustee cannot guarantee clear title, or the purchaser's ability to obtain title insurance.

DANIEL J. PESACHOWITZ, ESQUIRE
Attorney

HARVEY WEST
AUCTIONEERS, INC.

MARCH 23, 25, 27, 31; APRIL 2, 2015    11895938

Respectfully Submitted,

/s/ Gregory J. Carroll   (gcar 11.12.18)
Michael T. Cantrell, Esq., No. 387615
Gregory Carroll, Esq., No. 485493
Patrick Jules, Esq., No. 1011142
McCabe Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, Maryland 20707
301-490-3361
Attorneys for Plaintiff
dcforeclosure@mwc-law.com

18-801097 gcar 11.7.2018