UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

) Case No. 12-12020 (MG)
)
)
) **DECLARATION OF JAY GERACI ON**
) **BEHALF OF KCC CLASS ACTION**
) **SERVICES LLC RE: SUPPORT OF**
) **PLAINTIFFS' MOTION FOR APPROVAL**
) **OF DISTRIBUTION OF THE NET**
) **SETTLEMENT FUND TO ELIGIBLE**
) **CLASS MEMBERS**

I, **JAY GERACI,** declare:

1. I am a Senior Project Manager at KCC Class Action Services LLC, located at 3301 Kerner Boulevard, San Rafael, California. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. The purpose of this declaration is to provide the Court with a brief summary of the Settlement Administration and to provide information related to the proposed distribution of the settlement fund in this matter.

3. Unless otherwise defined, the capitalized terms used herein shall have the meaning

1
Declaration of JAY GERACI Re: Support of Plaintiff's Motion for Approval of Distribution

defined in the Stipulation and Agreement of Settlement with Rothstein Plaintiffs, dated December 29, 2015 (ECF No. 9491-3) (hereinafter the "Stipulation"), and Order Preliminarily Approving Proposed Settlement with the Rothstein Plaintiffs and Providing for Notice, dated February 9, 2016 (ECF No. 9609) (hereinafter the "Preliminary Approval Order"). The term "Recognized Loss" shall have the same meaning as specified in the Plan of Allocation, page 31 ¶¶ 36-38 of the Stipulation.

4. KCC was retained as the independent third-party Administrator to supervise and administer the notice procedure and Net Settlement Fund. Specifically, KCC has processed exclusion requests and calculated allocation award amounts for Settlement Class Members as set forth in the Plan of Allocation (approved by this Court) and is prepared to distribute the Net Settlement Fund upon Court approval.

5. I make this declaration in support of Plaintiffs' application for an Order approving KCC's administrative determinations and authorizing distribution of the Net Settlement Fund to the Settlement Class Members.

**ADMINISTRATION SUMMARY**

6. Throughout the administration of this settlement, KCC has provided communication with Settlement Class Members via telephone, electronic mail, and postal mail.

7. On or before March 4, 2016, KCC CLASS ACTION SERVICES LLC ("KCC") caused an Interactive Voice Response (the "IVR") system to be established (844-830-5220), and automated attendant answered the calls, and presented callers with a series of choices in response to basic questions. The IVR also provided opportunity for Settlement Class Members to record individual requests for Notice Packets.

8. On or before March 4, 2016, KCC caused a dedicated website to be established

(www.GMACMortgageLenderPlacedInsuranceClassActionSettlement.com). The Settlement Website, which KCC continues to maintain, enables Settlement Class Members to obtain information about the Settlement, provides access to important dates relevant to the Settlement, including the exclusion and objection filing deadlines. The Settlement Website also provides important documents relevant to the Settlement, including the Class Notice and Publication Notice, which are available for downloading by Settlement Class Members.

9. In accordance with the Preliminary Approval Order, KCC caused a press release to be distributed on February 23, 2016. KCC caused the Publication Notice to publish as an eighth page on Page 2D of the February 23 issue of *USA Today*. *See* Exhibit D of Declaration of Jay Geraci on Behalf of KCC Class Action Services LLC re: Database Hosting and Programming Services and Notice Procedures in Connection with the Rothstein Class Action Settlement, dated April 25, 2016.

10. In accordance with the Preliminary Approval Order, on March 4, 2016 KCC caused 143,973 Summary Direct U.S. Mail Postcard Notices to be mailed by First Class postage from the U.S. Post Office.

11. KCC received no objections prior to the deadline of May 10, 2016.

12. KCC received eight requests for exclusions prior to the exclusion deadline of May 10, 2016. The eight individuals who requested to be excluded are not included in the distribution.

**FUNDING**

13. As of the date of this declaration, the Net Settlement Fund balance is $3,904,189.74. This aggregate amount is comprised of monies remaining: (a) after payment of Court-approved Attorney Fees and Expenses; (b) after payment of the incentive awards to Named Plaintiffs; (c) after payment of Escrow Fees to the bank; and (d) compounded interest earned on the funds.

14. The Net Settlement Fund will be reduced by KCC's outstanding administration fees of $65,000, and payment to Kanter Financial for services regarding Forensic Accounting Expert fees in the amount of $5,321.25. Once these deductions are made, there will be $3,833,868.49 remaining for Class Member payments.

**ALLOCATION & DISTRIBUTION**

15. All procedures performed by KCC with respect to the distribution of the Net Settlement Fund are subject to the supervision and direction of Lead Counsel and the Court. Assuming the Court approves the Proposed Distribution of the Net Settlement Fund, KCC will finalize calculations of the *pro rata* distribution amounts for each Settlement Class Member based upon the Plan of Allocation.

16. If approved by this Court, KCC will conduct a distribution of the available balance of the Net Settlement Fund.

17. The initial class list was comprised of 143,973 Class Members. After removing the eight Class Members that excluded themselves the class list for distribution consisted of 143,965 Class Members. *See* Declaration of Jay Geraci, dated April 25, 2016.

18. The Plan of allocation provides that the Net Settlement Fund shall be allocated to Settlement Class Members *pro rata* based on the Recognized Loss of each Settlement Class Member relative to the total Recognized Losses of all Settlement Class Members. The Recognized Loss of each Settlement Class member shall equal 25% of the total amount that GMACM recouped or recovered from the loan payments of that Settlement Class Member for Lender-Placed Insurance during the Class Period, as determined by the computerized analysis of the Class Data conducted by Kanter Financial and KCC.

19. As set forth in the Stipulation, KCC and Kanter Financial determined that there were

2,997 Class Members whose payment histories could not be analyzed algorithmically due to data errors or other discrepancies (less than 1% of the Class Members). The Plan of Allocation provides that those Class Members are to have their Recognized Losses computed based on the assumption that GMAC recouped or recovered from them 42.5% of the LPI charges imposed (a percentage that reflects the rate at which GMACM recouped or recovered Lender-Placed Insurance charges from borrowers in the aggregate during the Class Period).

20. The Plan of Allocation additionally provides that only Settlement Class Members whose allocation is $10 or more will receive a distribution. The total of all Settlement Class Member allocations below $10 constitutes a gross-up residual. The gross-up residual is to be re-allocated among the Settlement Class Members whose allocation is $10 or more in accordance with their Recognized Losses.

21. KCC, in coordination with Kanter Financial, has now conducted the analysis called for by the Plan of Allocation. The total award basis[1] equating to a $10 minimum payment was determined to be $844.13.

22. KCC determined that 90,862 Class Members whose total award basis was $301,924,193.43 were found to be above the $10 minimum. The aggregate allocation to the 90,862 Class Members was $3,833,414.49. Upon approval of the Distribution Order, KCC will issue settlement checks to the 90,862 Class Members. The Average settlement check amount will be approximately $42.00. The Class Members will have 120 days from the distribution date to cash their settlement check. A list of 90,862 Class Member anonymized account numbers approved for distribution is attached hereto as Exhibit A.

---

[1] The "award basis" represents the total amount that GMACM recouped or recovered from the loan payments of each Settlement Class Member for Lender-Placed Insurance during the Class Period and which is used to determine their Recognized Loss and *pro rata* share of the settlement.

23. KCC determined that 56,100 Class Members whose total award basis was $21,705,685.24 were found to be below the $10 minimum. In accordance with the Plain of Allocation, the gross-up residual for this group is to be re-allocated among the Class Members whose allocations are $10 or more. KCC determined that the gross-up residual from the 56,100 Class Members is approximately $257,135.00. A list of the 56,100 Class Member anonymized account numbers under the $10 minimum is attached hereto as Exhibit B.

24. In the process of conducting the allocation analysis called for by the Plan of Allocation, KCC, in coordination with Kanter Financial and Class Counsel, discovered that, due to an oversight, 2,125 of the 2,997 Class Members whose payment histories could not be analyzed algorithmically were not included in the list of Class Members to whom KCC was instructed to mail Postcard Notice. Those Class Members have now been added to the class list. As a result, the class list now consists of 146,962 Class Members. The total award basis for the 146,962 Class Members is $323,629,878.67. Furthermore, of the 2,125 Class Members added to the class list, KCC determined that 306 are eligible to receive Distributions, which total $6,837.73. On March 19, 2019, KCC received from the Borrowers Claims Trust de-anonymized data with respect to 303 of those Class Members in order to effectuate their distributions. KCC expects to receive de-anonymized data with respect to the remaining three class members from the Borrowers Claims Trust shortly. Those Class Members are included in the 90,862 Class Members to whom KCC will issue settlement checks.

25. If this Court approves distribution of the Net Settlement Fund, KCC will prepare checks for the distribution and registers of such distributions and send the payments by US first class mail to eligible Settlement Class Members. Distribution checks will bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION AFTER THE DATE OF DISTRIBUTION" so as to encourage Settlement Class Members to promptly cash their distributions, and to avoid or reduce future

expenses relating to unpaid distributions.

26. Replacement payments for distributions will be made upon request by payee, and KCC will respond to inquiries about distribution amounts and loss calculations. Settlement Class Members who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to such stale-dated checks will be subject to re-distribution.

27. If the Court grants the motion for distribution, KCC will undertake the following tasks: final calculation of amounts to be distributed to eligible Settlement Class Members in accordance with the terms set forth in the Plan of Allocation, which provides the *pro rata* distribution of the Net Settlement Fund; prepare payments and payment registers; perform the Office of Foreign Assets Control ("OFAC") verification; mail check via prepaid US first class mail; issue replacement checks upon request by payee; and answer inquiries about distribution calculation and payments.

28. If any balance is remaining in the Net Settlement Fund after six (6) months from the date of distribution, KCC will calculate additional fees and expenses for the estimated costs of an additional distribution, as well as payment of any estimated taxes, costs of preparing appropriate tax returns, and escrow fees, and provide such information to Plaintiffs to determine if it is economically feasible to prepare and dispense a second distribution to all Settlement Class Members, who in the initial distribution: (1) cashed their Distribution Payment, and (2) are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining funds.

29. If any funds remain in the Net Settlement Fund after determining that re-distribution is not cost-effective, the funds shall be donated to a non-sectarian, not-for-profit 501(c)(3) organization service the public interest, to be designated by Lead Counsel and approved by the District Court.

## CONCLUSION

30. For the foregoing reasons, it is respectfully requested that this Court enter an Order:

    a. approving KCC's determination and authorizing the *pro rata* distribution of the Net Settlement Fund to the eligible Settlement Class Members; and

    b. authorizing KCC to destroy any records in paper form relating to the Settlement one calendar year after final distribution of the Net Settlement Fund, and records in electronic form relating to the Settlement three calendar years after final distribution of the Net Settlement Fund.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 3rd day of May 2019 at Novato, California.

_____
JAY GERACI