UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br>Chapter 11<br>Jointly Administered<br><br>Objection Date: May 21, 2019@ 4:00 pm. (ET)<br>Hearing Date: May 28, 2019 @ 11:00 am. (ET) |

**[PRPOSED] ORDER AUTHORIZING DISTRIBUTION
OF THE NET SETTLEMENT FUND
IN THE *ROTHSTEIN* CLASS ACTION SETTLEMENT (CLAIM NOS. 4074 AND 3966)**

WHEREAS, by its Final Approval Order dated May 25, 2016 [Doc. 9907], this Court approved the terms of the Stipulation[1] and the Plan of Allocation for distributing the settlement proceeds to eligible Class Members; and

WHEREAS, this Court has directed the parties to administer the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the Notice of (i) Pendency of Class Action; (ii) Proposed Settlement and Plan of Allocation; (iii) Settlement Fairness Hearing; and (iv) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), provides that distribution of the Net Settlement Fund will not occur until after the Borrower Claims Trust has distributed the full Settlement Amount to the Escrow Agent; and

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Rothstein Plaintiffs, dated December 29, 2015 (the "Stipulation"), which is attached as Exhibit 1 to the Declaration of Mark A. Strauss dated January 11, 2016, and which was filed with the Court on January 11, 2016 [Doc. 9491-3].

WHEREAS, following an interim, partial distribution by the Borrowers Claims Trust, the Escrow Agent received the full Settlement Amount from the Borrower Claims Trust on or about November 13, 2018; and

WHEREAS, the Settlement Administrator, in coordination with Plaintiffs' Forensic Accounting Expert, has completed the process of identifying and determining the amounts of the Distributions to be paid to each qualified Class Member in accordance with the Plan of Allocation, based on the Class Data produced by the Settling Debtors; and

WHEREAS, Class Counsel now seeks authorization to distribute the proceeds of the Settlement Fund to eligible Class Members, after the payment of any taxes and unpaid costs or expenses; and

WHEREAS, this Court has retained jurisdiction of this litigation with respect to enforcement of the terms of the Stipulation, including considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the distribution of the Net Settlement Fund to eligible Class Members.

NOW, THEREFORE, upon reading and filing of: (1) the Motion and Incorporated Memorandum of Law of the Rothstein Plaintiffs (Claim Nos. 4074 and 3966) to Authorize Distribution of the Net Settlement Fund to Eligible Class Members; (2) the supporting Declaration of Mark A. Strauss, dated May 3, 2019; (3) the supporting Declaration of Jay Geraci, dated May 3, 2019 ("Geraci Declaration") and the exhibits attached thereto; and (4) upon all prior proceedings heretofore, and after due deliberation, it is hereby:

ORDERED, that the administrative determinations of KCC with respect to identifying and determining the amounts of the Distributions to be paid to each qualified Class Member in accordance with the Plan of Allocation, based on the Class Data produced by the Settling

Debtors, as set forth in Exhibit A to the Geraci Declaration, are adopted and hereby accepted; and it is further

ORDERED, that the administrative determinations of KCC with respect to identifying the Class Members who are ineligible to receive distributions under the Plan of Allocation, as set forth in Exhibit B to the Geraci Declaration, are adopted and hereby accepted; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that the balance of the Settlement Fund, after deducting payments previously allowed or set forth herein, shall be distributed to the eligible Class Members listed on Exhibit A of the Geraci Declaration under the Plan of Allocation in proportion to each eligible Class Member's Recognized Loss as compared to the total Recognized Loss of all eligible Class Members as shown on Exhibit A; and it is further

ORDERED, that the checks for distribution to the eligible Class Members shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION AFTER THE DATE OF DISTRIBUTION." Class Counsel and KCC are authorized to take appropriate action to locate and/or contact any eligible Class Member who has not cashed his, her or its check within said time; and it is further

ORDERED, that the costs of such services to locate and reissue payments to such eligible Class Members shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

ORDERED, that (a) six (6) months after the initial distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the Settlement

3

Administrator has made reasonable efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be redistributed, if economically feasible, to Settlement Class Members who have cashed their initial distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution; and (b) if there is any balance remaining in the Net Settlement Fund after distribution or redistribution to eligible Class Members, then such remaining funds, after payment of any further notice and administration expenses and taxes, shall be donated to a non-sectarian, not-for-profit 501(c)(3) organization serving the public interest, to be designated by Class Counsel and approved by the Court after the submission of a supplemental filing; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Distribution, or who are otherwise involved in the administration or taxation of the Settlement Fund, or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, beyond the amount allocated to eligible Class Members; and it is further

ORDERED, that this Order shall not release any claim by Plaintiffs against the Settlement Administrator with respect to distributions, if any, if later discovered to have been

4

made not substantially in accordance with the Stipulation, the Plan of Allocation or any order of the Court; and it is further

ORDERED, that KCC is hereby authorized to destroy any records in paper form relating to the Settlement one year after final distribution of the Net Settlement Fund, and records in electronic form relating to the Settlement three years after final distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this litigation.

**IT IS SO ORDERED.**

Dated: New York, New York
May ___, 2019

                                             /s/ Martin Glenn
                                             MARTIN GLENN
                                     United States District Judge

5