# RESCAP BORROWER CLAIMS TRUST
# 1100 Main St., Suite 2500
# Kansas City, MO 64105

July 17, 2019

**VIA ECF**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    *In re Residential Capital LLC, et al., Case No. 12-12020 (MG)*[1]
            *Report on Status of the ResCap Borrower Claims Trust*

Dear Judge Glenn:

This letter is in response to the Court's request on June 26 to Mr. Shifer, counsel for the Liquidating Trust, during the hearing on the Liquidating Trust's quarterly report that the ResCap Borrower Claims Trust (the "Borrower Trust") provide a status report of the Borrower Trust's claims and litigation resolution process.

Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "Plan").

The Borrower Trust has completed the claims reconciliation process. All claims have been reconciled though a combination of settlements and litigation, and all appeals from this Court's orders adjudicating Disputed Borrower Claims[2] have been concluded.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

[2] "Disputed Borrower Claim" means any Borrower Claim that is not Allowed, until it is disallowed or expunged by Final Order, written agreement, or under the Plan. See the Plan [Docket 6065-1] at Article I, A., 81.

ny-1696716

July 17, 2019
Page **2** of **2**

There were no allowed Borrower Claims against any of the ResCap Debtors.

The Borrower Trust has made a final distribution to the holder of an allowed Borrower Claim against the Executive Trustee Services Debtor.

The Borrower Trust has made interim and final distributions to all holders of allowed Borrower Claims against the GMACM Debtors.

In addition, the Borrower Trust has made two interim distributions to holders of allowed Borrower Claims against the RFC Debtors. As provided for in the Plan, holders of allowed Borrower Claims against the RFC Debtors are entitled to a further distribution to the extent the Borrower Trust realizes a recovery from the pending insurance coverage adversary proceeding captioned *Rowena Drennan et al. v. Certain Underwriters at Lloyds of London et al.*, Adv. Pro. No. 15-01025 (SHL) (the "Adversary Proceeding"). If the Borrower Trust does not realize a recovery in the Adversary Proceeding it is likely no further distributions will be made to the holders of allowed Borrower Claims against the RFC Debtors.

Other than the outcome of the Adversary Proceeding as described above, the Borrower Trust has no interest in any other litigation, and is not a party in any other unresolved litigation. With respect to the Adversary Action, the cross motions for summary judgement on the Insurer Defendants' two principal exclusion defenses, as mentioned by Mr. Shifer, were filed (03/16/2018), fully briefed (05/11/2018) and argued (07/18/2018) in the Adversary Proceeding and the motions remain *sub judice*. Because of the importance of these two exclusion defenses – the Insurer Defendants stated in their briefing that: "…[T]he resolution of the application of the fee exclusions in the insurance policies to the underlying claims may be dispositive of this insurance coverage dispute or, at a minimum, significant to the parties' assessments of their prospects in this litigation" (Doc. No. 338-1) at p.1 - discovery has been held in abeyance pending a ruling on the cross motions. When the Adversary Proceeding is finally resolved and the Borrower Trust's recovery therefrom has been distributed to holders of allowed Borrower Claims against RFC, the Borrower Trust expects that it will be in a position to terminate the Borrower Trust.

The Borrower Trust is available for a status conference should the Court require any further detail with respect to these matters.

Respectfully submitted,

RESCAP BORROWER CLAIMS TRUST

By: *R. Frederick Walters*
R. Frederick Walters, Trustee