# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (I) MODIFYING THE COURT'S ORDER APPROVING PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR CONTINUE ACTIONS TO FORECLOSE ON SENIOR LIENS, (II) CLARIFYING THE SCOPE OF THE PLAN INJUNCTION PROVISIONS, (III) TO THE EXTENT NECESSARY, MODIFYING THE AUTOMATIC STAY AND PLAN INJUNCTION PROVISIONS TO PERMIT THIRD PARTIES TO COMMENCE AND COMPLETE ACTIONS TO FORECLOSE ON SENIOR LIENS AND NON-MONETARY CAUSES OF ACTION SEEKING TO CLEAR OR QUIET TITLE AND (IV) MODIFYING THE COURT'S ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF THE PLAN AND CONFIRMATION ORDER**

Upon the motion (the "***Motion***")[1] of the ResCap Liquidating Trust (the "***Liquidating Trust***"), as successor in interest to the debtors (collectively, the "***Debtors***") in the above-captioned cases for an order, pursuant to sections 105(a), 105(d), 362(d), 524, and 1141 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Article XII of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "***Plan***"), as confirmed by order of this Court entered December 11, 2013 [Docket No. 6065] (the "***Confirmation Order***"), (i) modifying the *Order Approving Procedures by Which Third Parties May Request and Obtain*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

ny-1559155

*Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* [Docket No. 1824] (the "**Senior Lien Stay Relief Order**"); (ii) clarifying that the Plan Injunction Provisions permit the commencement and continuation of actions (each a "**Quiet Title Action**") by third parties asserting non-monetary quiet title claims or other non-monetary relief against the Liquidating Trust and/or one or more of the Debtors seeking to correct the applicable land records in instances where a mortgage was allegedly not properly released, transferred, or assigned (each a "**Quiet Title Claim**"); (iii) modifying the automatic stay (to the extent applicable) and Plan Injunction Provisions solely to the extent necessary to permit third parties to commence (a) Senior Lien Foreclosure Actions or (b) Quiet Title Actions against the Liquidating Trust and/or one or more Debtors; (iv) confirming that the Plan Injunction Provisions shall continue to prohibit monetary claims against the Released Parties (as defined in the Plan)[2] in connection with or related to any (x) Senior Lien Foreclosure Action or (y) or any Quiet Title Action or the Debtors' alleged failure to properly release, transfer, or assign mortgages during the time when one or more of them acted as the servicer of the loan in issue or held an interest in such loan; and (v) modifying the Court's Order Granting the Motion Establishing Procedures Enforcing Injunctive Provisions of the Plan and Confirmation Order [Docket No 8303] (the "**Plan Injunction Procedures Order**"), all as more fully set forth in the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT**:

---

[2] The Plan defines "Released Party" to include "the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and Exculpated Party, of the property or Estate of any Entity so released, discharged or exculpated." Plan Art. I.A.243.

1. The relief requested in the Motion is GRANTED as provided herein.

2. The automatic stay and the Plan Injunction Provisions are hereby modified, to the extent applicable, solely to the extent required to permit the commencement and continuation of causes of actions asserting non-monetary Quiet Title Claims or other non-monetary relief against the Liquidating Trust and/or one or more of the Debtors in connection with (i) Senior Lien Foreclosure Actions and (ii) Quiet Title Actions.

3. The Stay Relief Procedures under and as defined in the Senior Lien Stay Relief Order, from and after the date of entry of this Order, shall apply only with respect to a property that is included on the list of Mortgaged Assets identified on Exhibit 2 to the Motion.

4. The Liquidating Trust is authorized to default and permit the entry of a default judgment in any Quiet Title Action asserting only non-monetary Quiet Title Claims or in any Senior Lien Foreclosure Action asserting only non-monetary claims, in each case relating to properties other than the Mortgage Assets. The Liquidating Trust's default and acquiescence in the entry of a default judgment in accordance with this Order shall not be used by any party as a basis to seek any other or further relief against the Liquidating Trust, the Debtors, or any other Released Party.

5. Except to the extent set forth in paragraphs 2 and 3, (i) the Plan Injunction Provisions and automatic stay shall remain in full force and effect and shall continue to permanently enjoin and preclude the commencement or continuation of Quiet Title Actions or Senior Lien Foreclosure Actions or the assertion in such actions of any claims prohibited by the Plan Injunction Provisions or the automatic stay, as applicable, including, but not limited to, claims arising from or related to the Debtors' alleged failure to properly release, transfer, or assign mortgages during the time when they acted as the servicer of a loan, and (ii) nothing

herein shall be deemed to modify the Supplemental Servicing Order and Senior Lien Stay Relief Order, each of which shall remain in full force and effect in accordance with its terms.

6. Paragraph 3(h) of the Plan Injunction Enforcement Order is amended to include the following additional language to be inserted at the end of the existing paragraph 3(h):

> ; provided, however, that following the entry of an Omnibus Enforcement Order, nothing set forth in this Order shall require the Liquidating Trust to seek any further relief from this Court, including the prosecution of a motion seeking to hold a Plaintiff in contempt of court for failure to comply with an Omnibus Enforcement Order and nothing set forth herein shall preclude any court before which a Litigation is pending from exercising its discretion to dismiss the Litigation and taking judicial notice of the Plan, the Confirmation Order, the Plan Injunction Provisions, and any Omnibus Enforcement Order.

7. To the extent necessary, parties to Senior Lien Foreclosure Actions and Quiet Title Actions permitted by this Order can effect service on the Debtors and the Liquidating Trust at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Suite 920, Bloomington, MN 55437.  Following the termination of the Liquidating Trust, the Liquidating Trust, the Liquidating Trust Manager, the Liquidating Trust Board Members, and any current or former employee of the Liquidating Trust or the Debtors shall have no obligation to accept any service of process on behalf of the Liquidating Trust or any Debtor, and no such service shall be deemed effective upon the Liquidating Trust or any Debtor.

8. The Liquidating Trust is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

ny-1559155

Dated: New York, New York
       July __, 2019

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE