Presentment Date and Time: **July 26, 2019 at 12:00 p.m. (ET)**
Objection Deadline: **July 25, 2019 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT
TO 11 U.S.C. §§ 105, 1141 AND 362(d) MODIFYING, TO THE EXTENT NECESSARY,
THE PLAN INJUNCTION PROVISIONS AND THE AUTOMATIC STAY
IMPOSED BY 11 U.S.C. § 362(a)**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Pursuant to 11 U.S.C. §§ 105, 1141 and 362(d) Modifying, to the Extent Necessary, the Plan Injunction Provisions and the Automatic Stay Imposed by 11 U.S.C. § 362(a)* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 523, for signature on **July 26, 2019 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

ny-1705144

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 25, 2019 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for The ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Norman S. Rosenbaum); (b) co-counsel for The ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); and (d) Law Office of Christopher U. Robles, 5860 Citrus Boulevard, Suite D #18, New Orleans, LA 70123.

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

| | |
|---|---|
| Dated: July 19, 2019<br>New York, New York | Respectfully submitted,<br><br>*/s/ Norman S. Rosenbaum*<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Liquidating Trust* |

ny-1705144

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. §§ 105, 1141 AND 362(d) MODIFYING, TO THE EXTENT NECESSARY, THE PLAN INJUNCTION PROVISIONS AND THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

This Stipulation and Order (the "**Stipulation and Order**") is made and entered into by, between, and among (i) the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the Plan (defined below), and (ii) Scott Gerard Gaubert ("**Gaubert**" together with the Liquidating Trust, each a "**Party**" and collectively, the "**Parties**"):

**Recitals**

**WHEREAS**, on May 14, 2012, Residential Capital, LLC and certain of its affiliates, including GMAC Mortgage, LLC ("**GMACM**") (collectively, the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are being jointly administered under Case No. 12-12020 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

**WHEREAS**, on December 11, 2013, after a confirmation hearing, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in the ResCap Case [ECF No. 6065]. On December 17, 2013, the Plan went effective (the "**Effective Date**") [ECF

ny-1644609

No. 6137] and the Liquidating Trust was created pursuant to the Plan, Confirmation Order and the Liquidating Trust Agreement (as defined in and authorized under the confirmed Plan);

**WHEREAS**, among other provisions, the Plan provides that from and after the Effective Date, the holders of any and all claims that were released in accordance with the Plan (including claims for which no proof of claim was filed by the applicable bar date) are prohibited from "commencing or continuing in any manner or action or other proceeding of any kind against any Released Party[1] whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims." Plan Art. IX.I; *see also* Confirmation Order ¶ 40. The injunction provisions provided for in the Plan and Confirmation Order are referred to herein as the "***Plan Injunction Provisions***";

**WHEREAS,** Scott Gerard Gaubert (the "**Gaubert**") asserts that he is the owner of property located at 903 Fern Street, Luling Louisiana 70070, which is more particularly described in Exhibit A attached herein (the "**Property**");

**WHEREAS,** Gaubert asserts that (i) the relevant land records reflect that GMACM is listed as holding a mortgage against the Property that was originally held by Ameriquest Mortgage Company; (ii) such mortgage inscription was recorded on June 27, 2005 in MOB 1085/811 of the St. Charles Parish, State of Louisiana mortgage records (the "**Mortgage**") as security for a loan; (iii) the loan is identified as loan no. 0307627312; and (iv) that certain other Debtor parties may appear as assignees of the Mortgage;

---

[1] The Plan defines "Released Party" to include "the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and Exculpated Party, or the property or Estate of any Entity so released, discharged or exculpated." Plan Art. I.A.243. Among other parties, "Exculpated Party" includes the Debtors. Plan Art. I.A.102

2

**WHEREAS,** Gaubert asserts that in or around December 2010, he paid off the remaining balance under the loan in full and as a result the Mortgage should have been discharged; however, Gaubert asserts that the applicable land records reflect the Mortgage as an existing encumbrance on the Property;

**WHEREAS,** to the extent applicable, Gaubert requests relief from the automatic stay extant under section 362(a) of the Bankruptcy Code and the Plan Injunction Provisions to permit Gaubert to commence an appropriate action in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana (the "**State Court**") for the sole purpose of obtaining an appropriate release of the aforementioned mortgage in the State Court, which Gaubert contends will have the effect of cancelling said Mortgage from the mortgage records and clearing title to the property (the "**State Court Action**") and to the extent necessary, name the Liquating Trust, GMACM and any other Debtor as nominal defendants in the State Court Action (the "**Request for Relief**").  The State Court Action will be limited to equitable relief only and Gaubert will not seek any damages or other relief against the Liquidating Trust, any of the Debtors or any other Released Party (as such term is defined in the Plan);

WHEREAS, Gaubert acknowledges and agrees that any claim he may hold against any Debtor or the Liquidating Trust constitutes a Released Claim under the Plan and Confirmation Order;

**WHEREAS,** the Liquidating Trust following a review of its records has determined that to the best of its knowledge it holds no interest in the Mortgage or Property;

**WHEREAS,** the Liquidating Trust has agreed to consent to the Request for Relief on the terms and conditions contained in this Stipulation and Order;

3

ny-1644609

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request for Relief is granted as set forth herein.

2. To the extent applicable: (a) the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code; and (b) the Plan Injunction Provisions are modified under sections 105(a), 105(d) and 1141 of the Bankruptcy Code, in each case to the extent necessary to allow Gaubert to commence and prosecute the State Court Action and name the Liquidating Trust and/or any Debtor as a nominal Defendant in the State Court Action; provided, however, such relief is limited to the assertion of non-monetary claims to quiet title to the Property and in all other respects the automatic stay and Plan Injunction Provisions remain in full force and effect in accordance with their terms.

3. Nothing in this Stipulation and Order shall be construed to provide for the annulment of or any other retroactive relief from the automatic stay.

4. Gaubert shall provide due notice to the Debtors, and the Liquidating Trust[2] in connection with any action to be taken with respect to the Property, in accordance with and to the extent required by applicable state law.

5. By entering into this Stipulation and Order, counsel to Gaubert hereby represents that it is authorized enter into this Stipulation on Gaubert's behalf.

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

---

[2] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Suite 920, Bloomington, MN 55437.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Gaubert is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| The ResCap Liquidating Trust | SCOTT G. GAUBERT |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Liquidating Trust* | By:/s/ Christopher U. Robles<br>Law Office of Christopher U. Robles<br>Christopher U. Robles<br>5860 Citrus Boulevard, Suite D #18<br>New Orleans, La 70123<br>Telephone 504-276-2537<br>Facsimile: 504-336-2752<br><br>*Counsel for SCOTT GERARD GAUBERT* |

APPROVED AND SO ORDERED

This ___ day of July, 2019, in New York, NY.

_____
**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Exhibit A

**A CERTAIN LOT OR PORTION OF GROUND**, situated in Boutte, St. Charles Parish, Louisiana, in Section 48 Township 13 South, Range 21 East, in what is known as **KELLOGG SUBDIVISION NO. 2**, a subdivision of Ellington Farms Lots 9, 10, and a 100 foot strip of Fam Lot 11, all in accordance with plat of survey prepared by DeLaureal Engineers, Inc. dated January 17, 1973, a copy of which is recorded in the Office of the Clerk of Court of St. Charles Parish for reference: according to said plat, the lot herein is designated as LOT 17, BLOCK K, and measures as follows:

**LOT 17, BLOCK K** is bounded by Fifth Street, Kellogg Drive and Monsanto Avenue. Said Lot 17 commences at a distance of 70 feet from the corner of Fern Drive (formerly Fifth Street), and Kellogg Drive measures thence 71 feet front on Fern Drive (formerly Fifth Street), same width in the rear, by a depth of 105 feet between equal and parallel lines.

IMPROVEMENTS THEREON BEAR 903 FERN STREET LULING, LOUISIANA 70070 AS ITS MUNICIPAL.