**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:  RESIDENTIAL CAPITAL, LLC, et al,      ]
                                              ]      CASE NO.:  12-12020 (MG)
                        Debtors.              ]
                                              ]
                                              ]
                                              ]

R E C E I V E D
DEC 2 3 2019
U.S. BANKRUPTCY COURT
SO. DIST. NEW YORK

## MOTION TO ACCEPT PROOF OF CLAIM LATE AND HEREWITH

Now comes Creditor Andrew R. Shaddock and says he had not received notice of the Bankruptcy of the debtor except through local counsel's receipt of the attached Exhibit "A", the Notice of Bankruptcy.

The attached Exhibits "B" (State Court Complaint and "C" Massachusetts General Laws Chapter 93A Demand Letter indicate the nature of my claim against the Debtor.

WHEREFORE, Creditor moves this Honorable Court allow him to file his Proof of Claim Exhibit "D" late and herewith.

Dated:  12·19·19

_____
Andrew R. Shaddock

# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 14-675

ANDREW R. SHADDUCK, )
)
Plaintiff, )
)
GMAC MORTGAGE, LLC AND )
GMAC BANK, )
)
Defendants. )

## GMAC MORTGAGE, LLC'S NOTICE OF BANKRUPTCY STATUS

GMAC Mortgage, LLC ("GMACM"), by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

1.     On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMACM (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases (the "Bankruptcy Cases") are being jointly administered, indexed at case number 12-12020 (MG).

2.     On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") [Bankruptcy

Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "Plan"). The effective date under the Plan occurred on December 17, 2013 (the "Effective Date").

3.    Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K). **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan.**

4.    Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

5.    In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the Plan provides as follows:

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:

...

**(c) to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;**

....

(Plan, Art. XII) (emphasis added). In addition, the Confirmation Order provides as follows:

**Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

6.      According to the Debtors' records, Plaintiff did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this action against GMACM. Within a reasonable time after the filing of this Notice of Bankruptcy Status, GMACM shall contact Plaintiff in writing and request that Plaintiff agree to dismiss GMACM from this action. In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, GMACM shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting Plaintiff from continuing prosecution of this action against GMACM.

7.     For the avoidance of doubt, GMACM is not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this action with an update as to the status of the Bankruptcy Cases.

GMAC MORTGAGE LLC
By its attorney,



Amy B. Hackett (#676345)
ahackett@mccarter.com
Richard E. Briansky (BBO# 632709)
rbriansky@mccarter.com
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Tel: (617) 449-6567

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this 14th day of October, 2014, a copy of the foregoing was served via First Class U.S. Mail on the following:

Steven R. Weiner, Esq.
930 Main Street
Springfield, MA 01103

ME1 19060290v.1

# EXHIBIT "B"

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

ANDREW R. SHADDUCK,     ]
                               ]
        Plaintiff,     ]
                               ]
vs.                          ]      PLAINTIFF'S COMPLAINT
                               ]
GMAC MORTGAGE, LLC and     ]
GMAC BANK,     ]
                               ]
        Defendants.     ]

1. The Plaintiff is Andrew R. Shadduck an individual who resides at 45 Middlesex Street, City of Springfield, County of Hampden, Commonwealth of Massachusetts. The Plaintiff Andrew R. Shadduck is hereinafter referred to as the Plaintiff.

2. The Defendant is GMAC Mortgage, LLC having a principle place of business at 3451 Hammond Avenue, Waterloo, Iowa. The Defendant GMAC Mortgage, LLC is hereinafter referred to as the Defendant GMAC Mortgage.

3. The Defendant is GMAC Bank having a principle place of business at 1100 Virginia Drive, Fort Washington, Pennsylvania. The Defendant GMAC Bank is hereinafter referred to as the Defendant GMAC Bank.

4. The Plaintiff had mortgaged his premises in the Hampden County Registry of Deeds in Book 17512, Book 424. Said mortgage encumbering the real estate known as 45 Middlesex Street, Springfield, Massachusetts. The original mortgagee was Mortgage Electric Systems.

5. The Defendants GMAC Bank and GMAC Mortgage foreclosed on the premises.

6. The Defendants were sent a 93A demand letter on October 12, 2011.

7. The Plaintiff had been the subject of misrepresentation by the Defendants that told him on different dates, different parties and/or addresses to which to send monies to reinstate the mortgage loan and to bring the same current.

8. As a result of this misrepresentation, the Plaintiff had sent a certain Peoples United Bank cashier's check number 7167002 in the amount of Twelve Thousand and 00/100 ($12,000.00) Dollars.

9. The foreclosing mortgagee Defendant GMAC Mortgage and Defendant GMAC Bank misrepresented and gave contradictory information to the Plaintiff as to where to send the check which would bring the mortgage current and reinstate the same by agreement.

## COUNT I

10. The Plaintiff restates and realleges each and every allegation contained in the Complaint.

11. The Defendant GMAC Mortgage has acted in a manner which is unfair and deceptive.

12. The Defendant GMAC Mortgage received a 93A demand letter on October 17, 2011 (see Exhibit "A" photocopy of green card and Exhibit "B" photocopy o f 93A demand letter).

WHEREFORE, the plaintiff demands this Honorable Court assess double or treble damages and award attorneys fees pursuant to Chapter 93A, Sections 2 and 9.

## COUNT II

13. The Plaintiff restates and realleges each and every allegation contained in the Complaint.

14. The Defendant GMAC Bank has acted in a manner which is unfair and deceptive.

15. The Defendant GMAC Bank received a 93A demand letter on October 17, 2011 (see Exhibit "A" photocopy of green card and Exhibit "B" photocopy of 93A demand letter).

WHEREFORE, the plaintiff demands this Honorable Court assess double or treble damages and award attorneys fees pursuant to Chapter 93A, Sections 2 and 9.

## COUNT III

16. The Plaintiff restates and realleges each and every allegation contained in the Complaint.

17. The Plaintiff states that Defendants GMAC Bank and GMAC Mortgage breached their contract and agreement with the Plaintiff to allow him to restate the property upon payment of monies.

WHEREFORE, the Plaintiff demands judgment against Defendants in an amount to be determined by the Court together with interest and costs of Court and the Plaintiff

requests an order ordering the Defendants to reconvey the property wrongfully foreclosed upon.

> The Plaintiff,
> Andrew R. Shaddock,
> By His Attorney,

Dated:

> _____
> Steven R. Weiner, Esquire
> BBO# 520090
> 930 Main Street
> Springfield, MA  01103
> (413) 781-1154

## COUNT I SOUNDS IN TORT/CONSUMER PROTECTION/93A AGAINST DEFENDANT GMAC MORTGAGE

## COUNT II SOUNDS IN TORT/CONSUMER PROTECTION/93A AGAINST DEFENDANT GMAC BANK

## COUNT III SOUNDS IN CONTRACT AGAINST BOTH DEFENDANTS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Orlans Moran, PLLC
P.O. Box 5041,
Troy, MI 48007-5041

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ [ ] Agent
[ ] Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? [ ] Yes
If YES, enter delivery address below: [ ] No

3. Service Type
[ ] Certified Mail    [ ] Express Mail
[ ] Registered        [ ] Return Receipt for Merchandise
[ ] Insured Mail      [ ] C.O.D.

4. Restricted Delivery? (Extra Fee)    [ ] Yes

2. Article Number    7010 2750 0002 3585 6764
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BMC Bank
1100 Virginia Drive
Fort Washington, PA
19034

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    Greg Caya    [ ] Agent
[ ] Addressee

B. Received by (Printed Name)    C. Date of Delivery
OCT 7 2011

D. Is delivery address different from item 1? [ ] Yes
If YES, enter delivery address below: [ ] No

3. Service Type
[ ] Certified Mail    [ ] Express Mail
[ ] Registered        [ ] Return Receipt for Merchandise
[ ] Insured Mail      [ ] C.O.D.

4. Restricted Delivery? (Extra Fee)    [ ] Yes

2. Article Number    7010 2750 0002 3585 6757
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Exhibit "A"

Exhibit "B"

**Steven R. Weiner, Esquire**
Attorney at Law
930 Main Street
Springfield, MA  01103
Telephone 413-781-1154
Fax Number 413-732-2946

October 12, 2011

GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA  50702

ORLANS MORAN, PLLC
P.O. Box 5041
Troy, MI  48007-5041

GMAC Bank
1100 Virginia Drive
Fort Washington, PA  19034

RE:    MORTGAGOR:  ANDREW R. SHADDOCK
ORIGINAL MORTGAGEE:  MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
PROPERTY ADDRESS: 45 MIDDLESEX STREET, SPRINGFIELD, MA
LOAN NO.:  602158571

Dear Sir/Madam:

Please note that I represent Andrew R. Shaddock of Holyoke, Massachusetts.

Mr. Shaddock was the mortgagor of the above referenced property, Hampden County
Registry of Deeds Book 17512, Page 424.

After Mr. Shaddock fell behind on his mortgage, he contacted both the law offices of
Orlans Moran as well as GMAC offices by telephone.

Mr. Shaddock obtained monies to reinstate the mortgage and bring the same current.  I
enclose herewith a photocopy of a certain Peoples United Bank cashier's check number 7167002
in the amount of Twelve Thousand and 00/100 ($12,000.00) Dollars.

GMC Mortgage, LLC
GMAC Bank
Orlans Moran, PLLC
October 12, 2011
Page 2

Mr. Shaddock was prevented as a result of unfairness and deception from reinstating this mortgage by the unfairness and deception perpetrated upon him by both Orlans Moran, PLLC and GMAC Bank. Mr. Shaddock contacted both the mortgagee and the attorney for the mortgagee and was told on numerous dates including but not limited to September 19, 2011 and other dates within the last two months that they could not get a reinstatement figure to him and that the other party either the law firm or the bank had to give him the reinstatement figure.

As a result of both parties failing to give Mr. Shaddock a reinstatement figure with which he could obtain a reinstatement of the mortgage or with a payoff figure in order to facilitate a refinance figure, he was unable to pay the monies to the mortgagee and the property has been foreclosed upon.

Under Massachusetts General Laws Chapter 183, Section 54D, a payoff statement must be provided to the requesting party within five business days.

Mr. Shaddock requested both a payoff figure and a reinstatement figure in the month of September and has not been provided with either figure as of the writing of this letter.

This is a violation of Massachusetts General Laws Chapter 183, Section 54D. Likewise, this is a violation of Massachusetts General Laws Chapter 93A, Sections 2 and 9 which provides in relevant part that a violation of any other statute is a violation of Chapter 93A.

In addition to failing to properly and appropriately respond to the inquiry for the purposes of obtaining a payoff figure, you compounded the unfairness and deception by contradictory advice stating to Mr. Shaddock by Orlans Moran that he had to obtain the payoff figure and reinstatement figure from GMAC while GMAC told him that he had to obtain a payoff of figure and a reinstatement figure from Orlans Moran.

There could be nothing conceivably more unfair than the two, active foreclosing mortgagee and attorney for the foreclosing mortgagee, acting in a manner that is other than in concert and in telling Mr. Shaddock the exact opposite information.

Furthermore, the unfairness and deception was greater than otherwise since Orlans Moran and GMAC both knew from the relationship of client and attorney what the other party was involved in and what the activity of each party was toward Mr. Shaddock.

GMAC Mortgage, LLC
GMAC Bank
Orlans Moran, PLLC
October 12, 2011
Page 3


The unfairness has caused Mr. Shaddock to lose all of the equity in the property and to have his credit rating injured.

## INVITATION TO SETTLE

You are herewith invited to settle this matter as follows:

1. By conveying the property back to Mr. Shaddock upon his payment of the reinstatement monies to you.

2. By payment of attorney's fees which are as indicated on the reasonable attorney's fee bill.

Should you fail to make a reasonable, written offer of settlement within the next thirty days, Mr. Shaddock has authorized the undersigned to bring suit in a Court of appropriate jurisdiction claiming trebling of damages and attorney's fees.

May I hear from you?

Very truly yours,


Steven R. Weiner, Esquire

SRW/klm
Enclosure

Certified Mail
Return Receipt Requested
7010 2780 0002 2585 6795
GMAC Mortgage, LLC

GMAC Bank
7010 2780 0002 2585 6757

Orland Moran, PLLC
7010 2780 0002 2585 6764

cc  Andrew Shaddock

**Steven R. Weiner, Esquire**
Attorney at Law
930 Main Street
Springfield, MA  01103
Telephone 413-781-1154
Fax Number 413-732-2946

October 12, 2011

GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA  50702

GMAC Bank
1100 Virginia Drive
Fort Washington, PA  19034

ORLANDS MORAN, PLLC
P.O. Box 5041
Troy, MI  48007-5041

RE:  MORTGAGOR:  ANDREW R. SHADDOCK
ORIGINAL MORTGAGEE:  MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
PROPERTY ADDRESS:  45 MIDDLESEX STREET, SPRINGFIELD, MA
LOAN NO.:  602158571

For professional services rendered as follows:

| | |
|---|---|
| 10/3/11 – Meet with client | 1.5 |
| 10/4/11 – Research | 2.0 |
| 10/5/11 – Research at Registry of Deeds | 1.0 |
| 10/5/11 – Begin 93A demand | 1.2 |
| 10/7/11 – Complete 93A demand | 1.4 |

7.1 hours @ $285.00    $2,023.25

Plus Disbursements:

Purchase Photocopies    20.00

Total Balance Due and Owing ........................................................    $2,043.25

**People's United Bank**

**Cashier's Check**

**7167002**

Reference 45 MIDDLESEX ST    Date 10/03/2011

45603-A186031

Pay    $*******12,000.00*******

TWELVE THOUSAND   DOLLARS AND   ZERO   CENTS

To the
Order of    *GMAC MORTGAGE*

## CASHIER'S CHECK
### COPY - NOT NEGOTIABLE

Notice to Customers: The purchase of an indemnity
bond may be required before this check will be replaced
or refunded in the event it is lost, misplaced or stolen.

Authorized Signature
Customer Copy

If the check is lost, present this copy to People's United Bank

Member FDIC  CK-002

# EXHIBIT "C"

Exhibit "B"

# Steven R. Weiner, Esquire
Attorney at Law
930 Main Street
Springfield, MA  01103
Telephone 413-781-1154
Fax Number 413-732-2946

October 12, 2011

GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA  50702

ORLANS MORAN, PLLC
P.O. Box 5041
Troy, MI  48007-5041

GMAC Bank
1100 Virginia Drive
Fort Washington, PA  19034

RE:    MORTGAGOR:  ANDREW R. SHADDOCK
ORIGINAL MORTGAGEE:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
PROPERTY ADDRESS: 45 MIDDLESEX STREET, SPRINGFIELD, MA
LOAN NO.:  602158571

Dear Sir/Madam:

Please note that I represent Andrew R. Shaddock of Holyoke, Massachusetts.

Mr. Shaddock was the mortgagor of the above referenced property, Hampden County Registry of Deeds Book 17512, Page 424.

After Mr. Shaddock fell behind on his mortgage, he contacted both the law offices of Orlans Moran as well as GMAC offices by telephone.

Mr. Shaddock obtained monies to reinstate the mortgage and bring the same current.  I enclose herewith a photocopy of a certain Peoples United Bank cashier's check number 7167002 in the amount of Twelve Thousand and 00/100 ($12,000.00) Dollars.

GMC Mortgage, LLC
GMAC Bank
Orlans Moran, PLLC
October 12, 2011
Page 2

Mr. Shaddock was prevented as a result of unfairness and deception from reinstating this mortgage by the unfairness and deception perpetrated upon him by both Orlans Moran, PLLC and GMAC Bank. Mr. Shaddock contacted both the mortgagee and the attorney for the mortgagee and was told on numerous dates including but not limited to September 19, 2011 and other dates within the last two months that they could not get a reinstatement figure to him and that the other party either the law firm or the bank had to give him the reinstatement figure.

As a result of both parties failing to give Mr. Shaddock a reinstatement figure with which he could obtain a reinstatement of the mortgage or with a payoff figure in order to facilitate a refinance figure, he was unable to pay the monies to the mortgagee and the property has been foreclosed upon.

Under Massachusetts General Laws Chapter 183, Section 54D, a payoff statement must be provided to the requesting party within five business days.

Mr. Shaddock requested both a payoff figure and a reinstatement figure in the month of September and has not been provided with either figure as of the writing of this letter.

This is a violation of Massachusetts General Laws Chapter 183, Section 54D. Likewise, this is a violation of Massachusetts General Laws Chapter 93A, Sections 2 and 9 which provides in relevant part that a violation of any other statute is a violation of Chapter 93A.

In addition to failing to properly and appropriately respond to the inquiry for the purposes of obtaining a payoff figure, you compounded the unfairness and deception by contradictory advice stating to Mr. Shaddock by Orlans Moran that he had to obtain the payoff figure and reinstatement figure from GMAC while GMAC told him that he had to obtain a payoff of figure and a reinstatement figure from Orlans Moran.

There could be nothing conceivably more unfair than the two, active foreclosing mortgagee and attorney for the foreclosing mortgagee, acting in a manner that is other than in concert and in telling Mr. Shaddock the exact opposite information.

Furthermore, the unfairness and deception was greater than otherwise since Orlans Moran and GMAC both knew from the relationship of client and attorney what the other party was involved in and what the activity of each party was toward Mr. Shaddock.

GMAC Mortgage, LLC
GMAC Bank
Orlans Moran, PLLC
October 12, 2011
Page 3

The unfairness has caused Mr. Shaddock to lose all of the equity in the property and to have his credit rating injured.

## INVITATION TO SETTLE

You are herewith invited to settle this matter as follows:

1. By conveying the property back to Mr. Shaddock upon his payment of the reinstatement monies to you.

2. By payment of attorney's fees which are as indicated on the reasonable attorney's fee bill.

Should you fail to make a reasonable, written offer of settlement within the next thirty days, Mr. Shaddock has authorized the undersigned to bring suit in a Court of appropriate jurisdiction claiming trebling of damages and attorney's fees.

May I hear from you?

Very truly yours,

Steven R. Weiner, Esquire

SRW/klm
Enclosure

Certified Mail
Return Receipt Requested
7010 2780 0002 2585 6795
GMAC Mortgage, LLC

GMAC Bank
7010 2780 0002 2585 6757

Orland Moran, PLLC
7010 2780 0002 2585 6764

cc  Andrew Shaddock

**Steven R. Weiner, Esquire**

Attorney at Law
930 Main Street
Springfield, MA  01103
Telephone 413-781-1154
Fax Number 413-732-2946

October 12, 2011

GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA  50702

GMAC Bank
1100 Virginia Drive
Fort Washington, PA  19034

ORLANDS MORAN, PLLC
P.O. Box 5041
Troy, MI  48007-5041

RE:    MORTGAGOR:  ANDREW R. SHADDOCK
ORIGINAL MORTGAGEE:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
PROPERTY ADDRESS:  45 MIDDLESEX STREET, SPRINGFIELD, MA
LOAN NO.:  602158571

For professional services rendered as follows:

| | |
|---|---|
| 10/3/11 – Meet with client | 1.5 |
| 10/4/11 – Research | 2.0 |
| 10/5/11 – Research at Registry of Deeds | 1.0 |
| 10/5/11 – Begin 93A demand | 1.2 |
| 10/7/11 – Complete 93A demand | 1.4 |

7.1 hours @ $285.00         $2,023.25

Plus Disbursements:

Purchase Photocopies         20.00

Total Balance Due and Owing ........................................................ $2,043.25



**People's United Bank**

Reference _45 MIDDLESEX ST_     Date _10/03/2011_

Cashier's Check

**7167002**

45503-A186031

**Pay**     $*******12,000.00*******

TWELVE THOUSAND DOLLARS AND ZERO CENTS

**To the Order of** _*GMAC MORTGAGE*_

## CASHIER'S CHECK
### COPY - NOT NEGOTIABLE

Notice to Customers: The purchase of an indemnity
bond may be required before this check will be replaced
or refunded in the event it is lost, misplaced or stolen.

Authorized Signature
Customer Copy

**If the check is lost, present this copy to People's United Bank**

Member FDIC  CK-002

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Residential Capital LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 12-12020 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Andrew R Shaddock

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Andrew R Shaddock
Number Street: 276 Longhill ST
City State ZIP Code: Springfield MA 01108
Contact phone: 413-231-2177
Contact email: drulandshad@gmail.com

Where should payments to the creditor be sent? (if different)

Name _____
Number Street _____
City State ZIP Code _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ____ ____ ____ ____ ____ ____ ____ ____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ____/____/____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                     Proof of Claim

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

---

**7. How much is the claim?**    $ _231,000.00_

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Wrongful Foreclosure  Hampden County_
_Superior Court  14-675_

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate (when case was filed)** _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

---

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

Proof of Claim

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No
☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10  07  2019
                  MM / DD / YYYY

Signature  *Andrew S____*

**Print the name of the person who is completing and signing this claim:**

Name  *Andrew          R          Shaddoch*
      First name       Middle name      Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                    State    ZIP Code

Contact phone  _____    Email  _____

Official Form 410

## CERTIFICATE OF SERVICE

I, Andrew R. Shaddock hereby certify that on this ___/ ᴐ___ day of
_____ O ᴄ ᴛ ᴇ ___, 2019 I caused a copy of the foregoing document to be served upon the
parties in this action by mailing a copy of the same, postage prepaid, first class mail upon Amy
Hackett, Esquire, McCARTER & ENGLISH, LLP, 265 Franklin Street, Boston, MA  02110.

Andrew R. Shaddock