POLSINELLI
Daniel J. Flanigan, Esq.
Jason A. Nagi, Esq.
900 Third Avenue, 21st Floor
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **RESIDENTIAL CAPITAL, LLC, et al** | ) | **Case No. 12-12020(MG)** |
| | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

_____

**THE RESCAP BORROWER CLAIMS TRUST'S**
**OBJECTION TO ANDREW R. SHADDOCK'S**
**MOTION TO ACCEPT PROOF OF CLAIM LATE AND HEREWITH**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND .......................................................................................................................2

I.      GENERAL BACKGROUND...........................................................................................2

II.     ENTRY OF THE BAR DATE ORDER, RELATED NOTICE OF THE BAR DATE,
        AND SUBSEQUENT NOTICE TO MOVANT………………………………………..2

ARGUMENT ............................................................................................................................5

I.      SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT ....................................5

II.     MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT.................7

        A.      The Reason for the Delay, Including Whether it was Within the
                Reasonable Control of the Movant.......................................................................9

        B.      The Danger of Prejudice to the Debtors ............................................................10

        C.      Whether the Movant Acted in Good Faith..........................................................11

        D.      The Length of Delay and its Potential Impact on Judicial Proceedings ............ 11

## EXHIBIT LIST

Exhibit 1: Jill Horner Declaration

Exhibit 2: Affidavit of Service of Lydia Do

# TABLE OF AUTHORITIES

**Cases**
**Page(s)**

Hagner v. United States,
    285 U.S. 427 (1932) ...........................................................................5

In re Alexander's Inc.,
    176 B.R. 715 (Bankr. S.D.N.Y. 1995)..............................................5

In re BGI, Inc.,
    476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ..........................8

In re BH S & B Holdings LLC,
    435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) .......................8, 9

In re Kmart Corp.,
    381 F.3d 709 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543
    U.S. 1056 (2005) .........................................................................12

In re Nw. Airlines Corp.,
    No. 05-17930 (ALG), 2007 WL 498285 (Bankr. S.D.N.Y. Feb. 9, 2007).........................8

In re PT-1 Communications, Inc.,
    403 B.R. 250 (Bankr. E.D.N.Y. 2009) ..............................................8

In re WorldCom, Inc.,
    No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) ...........5

Midland Cogeneration Venture Limited Partnership v. Enron (In re Enron Corp.),
    419 F.3d 115 (2d Cir. 2005)...............................................................8

Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,
    507 U.S. 380 (1993) ......................................................................7, 8

Riverhead Transit Mix Corp. v. Walsh Construction Co. (In re Riverhead Transit Mix Corp.),
    No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995)……………..5-6

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 Plan[1] confirmed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (defined below), hereby submits this objection (the "Objection") to the *Motion to Accept Proof of Claim Late and Herewith* [Docket No. 10679] (the "Motion") filed by Andrew R. Shaddock (the "Movant"). In support of the Objection, the Borrower Trust submits the declaration of Jill Horner, Chief Finance Executive at Residential Capital, LLC (the "Jill Horner Declaration"), annexed hereto as Exhibit 1, and the Affidavit of Service of Lydia Do, of Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors (the "Do Affidavit"), annexed hereto as Exhibit 2. In further support of the Objection, the Borrower Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Motion should be denied because the Movant has failed to demonstrate that the Debtors did not provide Movant with sufficient notice of the Bar Date (defined below). Service of the notice of the claims Bar Date on the Movant at the Movant's Address (defined below) was proper service, and subsequent notice in 2014 to Movant's counsel that Movant failed to timely file a claim makes clear that Movant has had longstanding knowledge of his failure to timely file a claim.  Accordingly, the Movant cannot satisfy the standards for excusable neglect applicable in this District so as to permit the Movant to file an untimely proof of claim.

---

[1] Terms defined in this paragraph and the Preliminary Statement shall have the meanings ascribed to such terms in the Objection.

1

**BACKGROUND**

I.    **GENERAL BACKGROUND**

2.       On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Borrower Trust and the ResCap Liquidating Trust were established [Docket No. 6137].[2]

3.       The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

II.   **ENTRY OF THE BAR DATE ORDER, RELATED NOTICE OF THE BAR DATE, AND SUBSEQUENT NOTICE TO MOVANT**

4.       The Movant's Address, as reflected in the Debtors' records at the time of the Petition Date, is: 1106 Main St., Holyoke, MA 01040.[3]

---

[2] The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[3] Debtors' records identify the Property Address as being located at 45 Middlesex Street, Springfield, MA 01109; however, the same records identify 1106 Main St., Holyoke, MA 01040 as the Mailing Address for Movant. Jill Horner Declaration, ¶5.

5.      On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").[4]

6.      Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice"). The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. In addition, the Bar Date Notice states that, with respect to holders of claims listed on the Debtors' Schedules:

> If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Bar Date Notice ¶ 7. The Bar Date Notice further states:

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE**

---

[4] The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

**DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING
FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

7.      In accordance with the Bar Date Order, on or before October 5, 2012, Kurtzman
Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a copy of the
Bar Date Notice on the Movant directly to him by serving such notice via First Class Mail at
Movant's Mailing Address contained in Debtors' files.[5] See Do Affidavit ¶ A.

8.      Thereafter, in September 2014, Movant filed suit against GMAC Mortgage, LLC
and GMAC Bank before the Superior Court of Massachusetts ("Movant's Lawsuit"), which is
the underlying claim for which Movant seeks leave to file an untimely Proof of Claim. [Docket
No. 10679 at pp. 1, 7-16]. In Movant's Lawsuit, Movant was represented by counsel, Steven R.
Weiner, whose mailing address was 930 Main Street, Springfield, MA 01103.  [Docket No.
10679 at p. 10]

9.      As part of Movant's Lawsuit, counsel for GMAC Mortgage, LLC filed *GMAC
Mortgage, LLC's Notice of Bankruptcy Status* ("Notice of Bankruptcy Status"). [Docket No.
10679 at pp. 2-6].  The Notice of Bankruptcy Status was served on Movant's attorney, Steven R.
Weiner, via First Class U.S. Mail, on October 14, 2014. [Docket No. 10679 at p. 6]

10.      The Notice of Bankruptcy Status informed Movant, *inter alia*, of the
following:

> Article VIII.B of the Plan provides that the claim of any creditor of the Debtors
> that failed to file a proof of claim by the applicable deadline "SHALL BE
> DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED
> AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO

---

[5] The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition
of *USA Today*, which noticed potential claimants that proofs of claim against the Debtors must be received on or
before the Bar Date. See Bar Date Notice ¶¶ 1, 3; see also Amended Affidavit of Publication re: Notice of Deadlines
for Filing Proofs of Claim in the Wall Street Journal and USA Today [Docket No. 1660]. In addition, a copy of the
Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at
*http://www.kccllc.net/rescap.*

OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT."

[Docket No. 10679 at p. 4, ¶4].

11.     Further, the Notice of Bankruptcy Status informed Movant of the following:

According to the Debtors' records, Plaintiff did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this action against GMACM. …

[Docket No. 10679 at p. 5, ¶6].

12.     For more than seven years after receiving notice of the Bar Date and for more than five years after receiving the Notice of Bankruptcy Status, on or about December 19, 2019, Movant mailed the instant motion to the Court, seeking permission to file an untimely proof of claim in the Chapter 11 Cases.

## **ARGUMENT**

## I.    **SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT**

13.     Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." See In re WorldCom, Inc., No. 02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was properly addressed and mailed); see also Hagner v. U.S., 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."). See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed

to be received); <u>Riverhead Transit Mix Corp. v. Walsh Const. Co. (In re Riverhead Transit Mix Corp.),</u> No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served"); Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Permit a Late-Filed Claim of Jorge Cerron, <u>In re Residential Capital, LLC, et al.,</u> No. 12-12020 (MG), Docket No. 7333 at 21 (Bankr. S.D.N.Y. July 31, 2014) (finding that claimant's "bald denial of receipt, without more, is legally insufficient to overcome the presumption of receipt."); Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy, <u>In re Residential Capital, LLC, et al.,</u> No. 12-12020 (MG), Docket No. 3973 at 4 (Bankr. S.D.N.Y. June 13, 2013) (determining that KCC affidavits give rise to presumption that claimant received the Bar Date Notice and notice of the commencement of the case, and claimant has not rebutted this presumption); Memorandum Opinion and Order Denying Motion to Allow Late Filed Claim of Michael Dockery, <u>In re Residential Capital, LLC, et al.,</u> No. 12-12020 (MG), Docket No. 8076 at 10-11 (Bankr. S.D.N.Y. February 6, 2015) (presumption that claimant received Bar Date Notice raised by affidavit of person who supervised or carried out mailing).

14.     The Bar Date Notice was duly served upon the Movant personally by mailing to Movant's Address.  The Bar Date Notice was never returned as undeliverable.  <u>See</u> <u>Do Affidavit</u> ¶ A. Thus, the Bar Date Notice is presumed to have been received.

15.     In the instant motion, Movant makes the unsupported assertion that he never received any notice concerning the bankruptcy, contending that:

> he had not received notice of the Bankruptcy of the debtor ***except*** through local counsel's receipt of the attached Exhibit "A", the Notice of Bankruptcy.

[Docket No. 10679 at p. 1] (emphasis added).  This single sentence is the sole basis provided by Movant as justification for his motion and request for permission to file his claim late.  [See id.].

16.      Movant's unsupported assertion, without more, regarding the lack of notice is legally insufficient to rebut the presumption that he did in fact receive the Bar Date Notice. Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Permit a Late-Filed Claim of Jorge Cerron, In re Residential Capital, LLC, et al., No. 12-12020 (MG), Docket No. 7333 at 21 (Bankr. S.D.N.Y. July 31, 2014) (finding that claimant's "bald denial of receipt, without more, is legally insufficient to overcome the presumption of receipt.").

17.      Thus, the Borrower Trust submits the presumption that Movant timely received the Bar Date Notice has not been, and cannot be, rebutted. The Debtors properly and timely notified the Movant of the commencement of these Chapter 11 Cases, and properly and timely notified the Movant of the Bar Date by mailing the Bar Date Notice to the Movant at the address reflected in the Debtors' records, as demonstrated by the Do Affidavit. Accordingly, the Debtors satisfied due process requirements and the requirements of the Bankruptcy Code and Bankruptcy Rules.

## II.      MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

18.      The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs.  Ltd. P'ship, 507 U.S. 380 (1993). In Pioneer,[6] the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388 (citations omitted). The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at

---

[6] Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

7

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii) "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." Id. at 395.

19.    The Second Circuit takes a "hard line" approach in applying the Pioneer test. Midland Cogeneration Venture Ltd. P'ship v. Enron (In re Enron Corp.), 419 F.3d 115, 122 (2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. In re Enron Corp., 419 F.3d at 122; see also In re BH S & B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the factor related to "the reason for the delay, including whether it was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 122 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal quotations omitted). Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Nw. Airlines Corp., No. 05-17930 (ALG), 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

20.    Here, the Movant has failed to meet his burden of demonstrating excusable neglect. See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); see also In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). The Movant's failure to "follow the clear dictates of a court rule" and provide any reasonable justification or arguments as to why he should be permitted to file a late proof of claim in the Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings LLC, 435 B.R. at 168.

**A.    The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

21.    Although not clearly stated, it appears that the Movant's sole basis for his motion and request for permission to file his claim late is his unsupported assertion that he received no notice concerning the bankruptcy.  However, as noted above, a "bald denial of receipt, without more, is legally insufficient to overcome the presumption of receipt."  Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Permit a Late-Filed Claim of Jorge Cerron, In re Residential Capital, LLC, et al., No. 12-12020 (MG), Docket No. 7333 at 21 (Bankr. S.D.N.Y. July 31, 2014).

22.    Further, even assuming that Movant did not in fact receive the Bar Date Notice (which the Borrower Trust denies) despite such notice being mailed to Movant's Address, he acknowledges receipt of the Notice of Bankruptcy Status that was filed in Movant's Lawsuit in October 2014, more than five years ago.  [Docket No. 10679 at p. 1 (acknowledging that he received the Notice of Bankruptcy Status "through local counsel's receipt"; see also Docket No. 10679 at p. 6 (certificate of service showing service upon Movant's attorney)].

9

23.     Importantly, the Notice of Bankruptcy Status (which Movant acknowledges receipt thereof) advised Movant, *inter alia*, that (1) he failed to file a proof of claim, and (2) such failure would preclude him from receiving any distributions unless a late proof of claim is deemed timely filed by an order of the bankruptcy court.  [Docket No. 10679 at pp. 4, 6].

24.     Despite receiving the Notice of Bankruptcy Status in 2014, and despite being aware that he had failed to file a proof of claim, Movant took no action to protect his rights until filing the instant motion in late December 2019.    Movant makes no attempt to explain the reason for his failure to act in the intervening five years since he received the Notice of Bankruptcy Status in 2014.  In the matter before the Court, the reason for the delay was based solely on the Movant's failure to act over at least the past five years,[7] and was within the Movant's reasonable control. Accordingly, this factor weighs heavily in favor of denying the Motion.

### B.    The Danger of Prejudice to the Debtors

25.     In his proposed Proof of Claim, Movant asserts that his claim against Debtor is in the amount of $231,000.00.  The Debtors and the Borrower Trust would be prejudiced if the Court grants the relief requested by the Movant. Granting the Motion would undoubtedly invite similar motions and negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). The Debtors, and now the ResCap Liquidating Trust and Borrower Trust (as successors to the Debtors), have been tirelessly working to reconcile the thousands of claims filed in the Chapter 11 Cases in order to make initial and final cash distributions to holders of Allowed Borrower Claims asserted against Debtor. At this stage of the

---

[7] The period of time is seven years from the date that the Bar Date Notice was mailed to Movant in 2012.

bankruptcy, all funds allocated for distributions to holders of Allowed Borrower Claims against GMAC Mortgage have already been distributed [Docket Nos. 10197 and 10582], so no funds remain to satisfy whatever claim Movant now seeks to assert in the bankruptcy. At this time, the only remaining funds in the Borrower Trust have been allocated for payment of Trust operating expenses necessary to keep the Trust open during the time necessary to resolve the insurance coverage adversary action which recovery, if any, is payable only to holders of Allowed Claims against the debtor, Residential Funding Company ("RFC"), and upon final resolution of the insurance coverage adversary action make a final distribution to holders of Allowed Claims against RFC. None of the remaining funds are allocated for either defending against or distributions to holders of Allowed Claims against GMAC Mortgage. The claims reconciliation process would have no end if motions seeking similar relief as that sought by the Movant are granted by the Court. On this basis, the Motion should be denied. Moreover, this Court has previously denied motions filed in these Chapter 11 Cases by claimants seeking an opportunity to file an untimely claim.[8] Accordingly, this factor weighs heavily in favor of denying the Motion.

### C.     Whether the Movant Acted in Good Faith

---

[8] See, e.g., See Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013); Order Denying Request for Late-Filed Proof of Claim Filed by Donna Chinloy [Docket No. 3973] In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. June 13, 2013); and Memorandum Opinion and Order Denying Motion to Allow Late Filed Claim of Michael Dockery [Docket No. 8076] In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. February 6, 2015).

The Court also denied the motion filed by Julio Solano requesting, among other things, to file a late proof of claim, but approved the Debtors' and Mr. Solano's resolution of issues, which provided for a modification of the automatic stay to allow Mr. Solano to pursue non-monetary claims in his state court action. See Stipulation and Order Resolving (I) Motions by Julio Solano (A) for Relief from the Automatic Stay and (B) to File a Late Proof of Claim and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. July 15, 2013).

Notably, these unsuccessful attempts to obtain leave to file late claims were filed years before the instant motion was filed. As such, the delays in the earlier unsuccessful motions were significantly shorter than the seven-year delay here, yet those motions were still denied. The prejudice here is even greater given the time that has elapsed and the distributions that have already been made.

26.     The Borrower Trust currently has no information whether the Movant has acted in good or bad faith, other than his filing the one-page motion with no explanation as to the basis for requesting leave to file the proof of claim more than seven years after the Bar Date and with no explanation regarding the reason for his delay.  Based on this information, there is certainly reason to question whether the Movant has acted in good faith.

### D.    The Length of Delay and its Potential Impact on Judicial Proceedings

27.     Here, the delay between the Bar Date and the Motion is more than **seven years** after the Bar Date. Other courts have rejected late claims with significantly shorter delays. Memorandum Opinion and Order Denying Motion to Allow Late Filed Claim of Michael Dockery, In re Residential Capital, LLC, et al., No. 12-12020 (MG), Docket No. 8076 at 10-11 (Bankr. S.D.N.Y. February 6, 2015) (collecting cases where courts rejected claims filed three and one-half months, six months, and fifteen months, respectively after bar date). In light of the length of this extreme delay, along with the lack of justifiable reasons and circumstances for the delay, the Borrower Trust submits that this Pioneer factor overwhelmingly favors the Borrower Trust. See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

WHEREFORE, the Borrower Trust respectfully submits that the Motion should be denied and the Movant be barred from asserting any claims against the Debtors' estates.[9]

---

[9] The Borrower Claims Trust submits this objection on the procedural basis that it is untimely and because Movant has failed to demonstrate excusable neglect, as set forth above.  In order to conserve resources, the Borrower Claims Trust has not addressed the substantive merits of Movant's proof of claim herein.  However, if the Court should grant Movant's motion and allow him leave to file his proof of claim, the Borrower Claims Trust reserves the right to file an objection to address the substantive merits of Movant's proof of claim.

Dated: February 4, 2020

POLSINELLI

/s/ Daniel J. Flanigan
Daniel J. Flanigan, Esq.
Jason A. Nagi, Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)

*Counsel for the ResCap Borrower Claims Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2020, a true and correct copy of *The ResCap Borrower Claims Trust's Objection to Andrew R. Shaddock's Motion to Accept Proof of Claim Late and Herewith* was served electronically to all the interested parties registered to receive ECF notification from the court, and served by First-Class United States Mail to:

Andrew R. Shaddock
276 Longhill Street
Springfield, MA 01108

/s/ Daniel J. Flanigan