# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                             :    Chapter 11
:
RESIDENTIAL CAPITAL, LLC, et al.,[1] :    Case No. 12-12020 (MG)
:
:
:    (Jointly Administered)
Debtors.                        :
---------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Lydia Do, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before October 5, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **Andrew R. Shaddock, 1106 Main St, Holyoke, MA, 01040.** As of the date of this Affidavit, the mailing to this address has not been returned to KCC as undeliverable:

- **Notice of Deadlines for Filings Proofs of Claim**, attached hereto as **Exhibit A**

Dated: February 3, 2020

Lydia Do

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 3rd of February 2020, by Lydia Do, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

TORI L. HARRIS
Notary Public - California
Los Angeles County
Commission # 2283822
My Comm. Expires Mar 31, 2023

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

# EXHIBIT A

# ResCap

Residential Capital, LLC (ResCap), previously announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11.   Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage. You are receiving this letter because you have been identified as a current customer, or were at one time considering completing a loan application with GMAC Mortgage.

From time to time throughout these Chapter 11 proceedings, you may receive legal notices in the mail related to ResCap's bankruptcy case. Enclosed with this letter is a legal document, which is being mailed to a wide range of parties. The legal notice enclosed with this letter relates to the process for filing "Proofs of Claim" in our Chapter 11 proceedings. This notice is being sent to <u>potential</u> creditors who are or may be owed payment for obligations that arose prior to May 14, 2012, the date that ResCap filed for Chapter 11.

ResCap is providing this notice to <u>all</u> customers and mortgage loan applicants not because ResCap believes that you have claims against ResCap, but because ResCap may be unaware of claims a customer believes he or she may have.

The enclosed notice describes the "Bar Date" – the legal deadline by which any creditor must file a Proof of Claim in these Chapter 11 proceedings for any obligations that arose prior to May 14, 2012. **The Bar Date is November 9, 2012 at 5:00 p.m. (Eastern Time).**

Please review the enclosed notice materials carefully. If you believe you have a claim against the Debtors for a matter or obligation that arose prior to May 14, 2012, you must file a Proof of Claim by November 9, 2012 at 5:00 p.m. (Eastern Time), in accordance with the procedures set forth in the notice.  **A Proof of Claim form may be obtained at www.kccllc.net/rescap**.

If you are a defendant in a foreclosure action you do not need to file a Proof of Claim to protect your defense to foreclosure, unless you have asserted any affirmative defenses that request monetary relief. You do not need to file a Proof of Claim for you mortgage amount.  Your obligations under your loan agreement have not changed.  As such, you should continue to make your scheduled loan payments on time and in full to the address listed on your monthly account statement.

**For additional information, please contact the ResCap Restructuring Hotline at 888-926-3479, or submit an inquiry at www.kccllc.net/rescap**.  If you require legal advice, however, you may also wish to consult a lawyer to discuss the filing of a Proof of Claim.

Thank you for your continued support.

Residential Capital, LLC

ny-1058838

| **If you have any questions related to this notice, please call (888) 926-3479** |
|---|

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

ny-1043431

3.     WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

> (i) **If by mail or overnight courier**:
>
> ResCap Claims Processing Center, c/o KCC
> PO Box 5004
> Hawthorne, CA 90250

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date. Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.     WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)     Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)     Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c) Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d) Any person or entity whose claim has been paid in full by any of the Debtors;

(e) Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f) Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g) Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h) Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; *provided*, *however*, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i) Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j) Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

ny-1043431

    (k)    Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

**7.     THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

ny-1043431

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

**8.    RESERVATION OF RIGHTS**

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
        August 29, 2012

             BY ORDER OF THE COURT

             Gary S. Lee
             Lorenzo Marinuzzi
             MORRISON & FOERSTER LLP
             1290 Avenue of the Americas
             New York, New York 10104

             *Counsel for the Debtors and*
             *Debtors in Possession*

**If you have any questions related to this notice, please call (888) 926-3479**

ny-1043431