Hearing Date: December 8, 2020 at 10:00 a.m. (ET)
Objection Deadline: November 24, 2020 at 5:00 p.m. (ET)

POLSINELLI
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 684-0199
dflanigan@polsinelli.com

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THIRD MOTION FOR ORDER EXTENDING THE TERM OF
THE RESCAP BORROWER CLAIMS TRUST**

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Third Motion for Order Extending the Term of the ResCap Borrower Claims Trust* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **December 8, 2020, at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**").**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be

served, so as to be received no later than **November 24, 2020 at 5:00 p.m. (Prevailing Eastern Time)**, upon (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 100041408; (b) Polsinelli, 600 Third Avenue, 42nd Floor, New York, NY 10016 (Attention: Daniel J. Flanigan), as counsel to the ResCap Borrower Claims Trust; (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Liquidating Trust, Jill Horner (Jill.Horner@rescapestate.com) and ResCap Liquidating Trust Chief Treasury Director Paul Grande (paul.grande@rescapestate.com).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated:  New York, New York
         November 9, 2020

                                        POLSINELLI

                                        By: */s/ Daniel J. Flanigan*
                                             Daniel J. Flanigan
                                             600 Third Avenue, 42nd Floor
                                             New York, New York 10016
                                             (212) 684-0199
                                             Fax No. (212) 684-0197
                                             dflanigan@polsinelli.com

                                        *Counsel for Borrower Claims Trust*

Hearing Date:  December 8, 2020 at 10:00 a.m. (Eastern Time)
Objection Deadline:  November 24, 2020 at 5:00 p.m. (Eastern Time)

POLSINELLI
Daniel J. Flanigan
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 684-0199
dflanigan@polsinelli.com

*Counsel for ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THIRD MOTION FOR ORDER EXTENDING THE TERM
OF THE BORROWER CLAIMS TRUST**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**," "**Borrower Trust**," or "**Trust**"), as successor to the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), hereby submits this motion (the "**Motion**") for entry of an order in substantially the form annexed hereto as **Exhibit A** (the "**Proposed Order**") pursuant to sections 105(a) and 1141 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] (the

1

"**Confirmation Order**"), the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] as attached to the Confirmation Order as Appendix 1 [Docket 6065-1] (the "**Plan**"), and the *ResCap Borrower Claims Trust Agreement*, dated December 17, 2013, by and among Peter S. Kravitz, as Borrower Claims Trustee, Province East LLC, as Delaware Trustee, and each of the Debtors [Docket No. 6136](as amended, the "**Trust Agreement**"), extending the term of the Borrower Claims Trust for a period of up to two (2) years from the seventh (7th) anniversary of the Effective Date (i.e. December 17, 2020), through and including December 17, 2022 (subject to possible earlier termination in accordance with the Plan and Borrower Trust Agreement). In support of the Motion, the Borrower Trust represents as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 105 and 1334. Further, pursuant to the Plan, the Court retained jurisdiction to "issue such orders in aid of execution of the Plan." See Plan, Art. XII. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 1141 and Bankruptcy Rule 9006(b)(1).

## BACKGROUND

3.       On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors managed and operated their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until the effective date of the Plan, which established the Liquidating Trust and the Borrower Trust as successors to the Debtors in certain respects. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.     On December 11, 2013, the Court entered the Confirmation Order confirming the Plan. The Plan created the Borrower Trust for the primary purpose of resolving Borrower Claims and making distributions thereon. In furtherance of that purpose, the Plan provided that the Borrower Trust would succeed to the rights and duties of the Debtors under the Claims Procedures Order with respect to Borrower Claims. The Plan further provided for the transfer by the Debtors to the Borrower Trust of $57.6 million (which, as of confirmation, was reduced to $56.1 million due to certain credits for pre-confirmation payments made by Debtors to certain Borrower Claimants in settlement of their claims) ("**Borrower Trust Fund**").[1]

5.     The amount of the Borrower Trust Fund was established pursuant to the Global Settlement memorialized in the Plan, in an amount estimated to be sufficient to provide Borrower Claimants with recoveries at least equal to recoveries of the respective non-Borrower Unsecured Creditors at the applicable Debtor Group, primarily the Residential Funding Company ("**RFC**") and GMAC Mortgage, LLC ("**GMACM**") groups ("**Comparable Recoveries**").[2]  Borrower Claimants were classified as follows under the Plan: (i) Class R-5 (ResCap Unsecured Claims)[3]; (ii) Class GS-5 (GMACM Unsecured Claims); (iii) Class RS-5 (RFC Unsecured Claims), and (iv) ETS.  The respective Comparable Recovery percentages, which for all purposes of the Borrower Trust were finally fixed under the Plan and not subject to further modification for any reason

---

[1] The additional amount of $3,200,000.00 was transferred to the Trust for the intended purpose of covering the Trust's estimated expenses of administration.

[2] The discussion herein is based on the Plan, the Disclosure Statement, and the thorough discussion of the creation and funding of the Borrower Trust and the True-Up process contained in the *Direct Testimony of William R. Thompson* [Docket No. 5713] ("**Thompson Testimony**")**.**

[3] While these are identified as a possible class in the Plan, the Borrower Trust believes, based on representations made by the Debtor and Committee professionals, that there are no valid Borrower claims against ResCap.  The Debtor and Committee professionals' representations are reflected in the fact that there is no discussion at all in the Plan or Disclosure Statement of any Borrower Claims against ResCap, no funds were allocated for payment of those Claims, and the Borrower Claims True-Up analysis identified no such Claims.  The absence of such Claims is also evidenced by the fact that there have been no such Claims Allowed to date.

including subsequent developments in the administration of the Liquidating Trust, were as follows: Residential Capital, LLC ("**ResCap**") – **36.3%,** GMACM – **30.1%,** ETS – **100.0%** and **RFC– 9.0%** ("**Comparable Recovery Percentages**").

### THE CLAIMS RESOLUTION PROCESS/ THE FINAL DISTRIBUTION TO GMACM CLAIMANTS AND SECOND INTERIM DISTRIBUTION TO RFC CLAIMANTS

6. On October 26, 2016, the Court entered its *Order Authorizing Interim Distribution and Disputed Claims Reserve* [Docket No.10197] granting the *Motion of Rescap Borrower Claims Trust for Order Authorizing Interim Distribution and Establishing Disputed Claims Reserve* [Docket No. 10136]. The Distribution Order authorized and directed the Trust to make a distribution to the holders of Allowed Borrower Claims in the aggregate amount of $48,435,226,.87, which occurred as ordered.

7. By October 2018 all Borrower Claims had been resolved. On October 22, 2018, the Court entered its *Order Authorizing Termination of Special Reserve Fund, Final Distribution to GMACM Borrower Trust Claimants, Second Distribution to RFC Borrower Trust Claimants, and Other Related Relief* granting the Borrower Trust's Motion to make a final distribution to GMACM Claimants and an interim distribution to RFC Claimants, which distribution was completed.

8. The second distribution made to RFC Claimants has been characterized as an <u>interim</u> distribution because of the possibility of a substantial <u>additional</u> distribution exclusively to the RFC Claimants as beneficiaries of a possible award or settlement in the pending litigation being prosecuted jointly by the Borrower Trust and the Liquidating Trust against various insurance companies ("**Insurance Recovery Litigation"**). However, the Litigation is complex and hotly contested and is likely to take at least an additional two (2) years to resolve. While the

4

Litigation may well take even longer than two years to resolve, the Borrower Trust is suggesting an extension of up to just two (2) years, a date not too far in the future, so the Court can review the situation at that time.

9. The Borrower Claims Trust was created for an initial term of three (3) years subject to further extension by the Court upon motion filed within the six (6) months prior to the third anniversary of the Effective Date of the Plan. Trust Agreement, Section 11.1(a). Pursuant to the Trust's Motions, the Court has twice extended the term of the Trust for two (2) years each. The second additional term will expire on December 17, 2020.

## RELIEF REQUESTED

10. The Trust seeks entry of the Proposed Order extending the term of the Trust up to and through and including December 17, 2022 (subject to possible earlier termination in accordance with the Plan and Borrower Trust Agreement), without prejudice to further extensions.

## BASIS FOR RELIEF

11. The Trust Agreement provides at Section 11.1(a) that the Bankruptcy Court may extend the term of the Trust if it "determines that a fixed-period extension is necessary to facilitate or complete the recovery and liquidation of the Borrower Claims Trust Assets . . ." As set forth above in this Motion, despite the Trust's best efforts, the liquidation is still incomplete. Certain administrative matters must still be resolved with respect to the final GMACM distribution, and there is the possibility of further substantial recovery for the RFC Claimants from the Insurance Recovery Litigation, which are more than sufficient cause for the limited extension requested herein.

## NOTICE

12. The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141]. The Borrower Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Borrower Trust requests that this Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just.

Dated: New York, New York
       November 9, 2020

                                            POLSINELLI

                                            By: */s/ Daniel J. Flanigan*
                                                     Daniel J. Flanigan
                                                     600 Third Avenue, 42nd Floor
                                                     New York, New York 10016
                                                     (212) 684-0199
                                                     Fax No. (212) 684-0197
                                                     dflanigan@polsinelli.com

                                            *Counsel for Borrower Claims Trust*