Jackie Gaff
7516 Bluebonnet Blvd. # 284 Baton Rouge, LA 70810
3557CanyonExodus23@gmail.com

November 8, 2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, NY 10004-1408



Dear Honorable Judge:

   I am writing because according to evidence presented it appears in case 12-12020-MG the Bankruptcy Court may not have been made aware of additional assets held by Ally Financial, Inc. f/k/a GMAC f/k/a Homecomings which deprived Creditors from receiving a fair settlement according to 11 USC §§1121, 1125 and 18 USC §152.

   Ally f/k/a GMAC f/k/a Homecomings Financial did not follow the laws and regulations imposed on banking, finance, debt collection, and Consent Decrees implemented to assure fair treatment of homeowners. Ally f/k/a/ GMAC f/k/a Homecomings on December 1, 2007 combined the total payment amount of the second note $23,277.09 into the total amount of the first note yielding a new total of $142,231.03[1]  for the property 3557 Canyon Road, Grand Prairie, TX 75052. This was not put in writing; their representative Mr. Cantu stated since they held both notes they could just combine the 1st and 2nd note so there would only be one bill to pay moving forward. I never received a separate billing statement for the second note from that point forward.

   Ally f/k/a GMAC were given directives to follow by the Government through multiple settlements, Consent Orders and the Bankruptcy Court. They chose to sell their toxic assets based on facially invalid documents which are fraud on their face. They knew these documents were fraud on their face 1) because multiple governmental agencies admonished them for it 2) Ally and its subsidiaries negotiated through their bankruptcy that they could not be held liable for any of their fraudulent activity. This has caused harm to me and other homeowners like me because of their illegal activity. The original loans of the Plaintiff were predatory lending through an adjustable-rate mortgage, and interest only balloon note[2]. These instruments caused the Economic Crash of 2007 where most homeowners lost their homes. God blessed me to keep making the exorbitant payments and then I became a direct beneficiary of Government Programs and Consent Decrees to keep my home.

   Now because a Civil Action 4:20-cv-644 Jackie Gaff vs Ally Financial, Inc. I have come to learn my claims against Ally were not discharged by ResCap's Bankruptcy. Plaintiff read the 12-12020-MG Doc 6065-1[3] and nowhere in this document will you find RAMP 2007RP2 or

---

[1] see Exhibits K, L, M in CIVIL ACTION 4:20-cv-644 Jackie Gaff vs Ally Financial, Inc

[2] Predatory Lending is any lending practice that imposes unfair or abusive loan terms on a borrower. It is also any practice that convinces a borrower to accept unfair terms through deceptive, coercive, exploitive or unscrupulous actions for a loan. www.debt.org.

[3] See Exhibit B http://www.kccllc.net/rescap/document/1212020131211000000000009 Case 12-12020-mg Doc 6065-1 pages 127-265

Residential Asset Mortgage Products, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1. These are the names of the Trusts where the loans were allegedly contained. The Trusts are listed in alphabetical order the RAMP listings can be found on pages 173-177, 198-204, 232-234, 254-255.

**I ask the Bankruptcy Court to take Judicial Notice of this exclusion and to take all appropriate action in rendering justice.** The Court gave Ally f/k/a GMAC an opportunity and they betrayed the goodwill of the court, the government, and the people they served.

The Trust where the loans were allegedly held was either RAMP 2007RP2 or Residential Asset Mortgage Products, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1. The documents provided by PHH Mortgage Corporation (Ocwen owns this company) does not prove who owns the two loans. These two different Trusts are nonexistent in the Security and Exchange Commission (SEC) EDGAR system that supplies information regarding the registration of Mortgage-Backed Securities Trusts.[4]

The Court should also be aware that according to the evidence the Trustees, Bank of America, and US Bank, have falsified the existence of these two Trusts or it may be as Bank of America declared that *These Assignments did not transfer any interest to BANA, and BANA was never the Trustee, the assignee, the holder, the investor, or the servicer of the loans at issue.* [5]

The evidence also suggests that Ally f/k/a GMAC, and now PHH, PHHMC, OFC and OLS was negligent and never bothered to check the accuracy of the documents listing Trusts that according to the evidence do not exist. Therefore, their documents which are facially invalid and fraud on their face are being allowed in foreclosure filings against me and probably others over the last eight years.

This is especially important because others in the mortgage industry have learned from and are practicing these illegal and unethical behaviors of Ally f/k/a GMAC. For example, PHH f/k/a Ocwen is now sending me correspondence under the name of Newrez. Their attorney sent me information in November 2019 that documents they have no history of the loans prior to May 2007. Additionally:

> Documents provided by Dykema and PHH in November 2019 shows that Ocwen **WRONGFULLY REVERSED PLAINTIFF'S PAYMENTS**[6] with no citation or explanation for the REVERSAL. It was not an NSF fee because Plaintiff paid through the automatic bill pay option of her bank who mailed paper checks to Ocwen. Therefore, the evidence shows Ocwen falsified the payment history, Ibid, and used inaccurate and incomplete information that erroneously triggered a Default[7]. Plaintiff

---

[4] See CIVIL ACTION 4:20-cv-644 Jackie Gaff vs Ally Financial, Inc et al. Doc 106 Plaintiff Opposition to Ally Financial, Inc. Motion to Dismiss Doc 97, 98 Exhibit E

[5] Ibid, Doc 78 page 2

[6] Ibid, Doc 84-12 page 6 and 84-13 page 4 and 5

[7] Courts have found that allegations of foreclosing on borrowers performing on loan modification agreements meet the Rule 12(b) (6) standard for state law unfairness and deception claims. See. e.g,. Khan v. OneWest Bank, No. 16-8074 2017 WL 1344535, at *8 (N.D. Ill. April 12, 2017) (allowing state unfairness and deception claims where borrower alleged that Ocwen tricked her into making timely payments under a loan modification agreement but then

did not miss payments Ocwen used unfair and deceptive practices to make it appear that she defaulted on the loans, At this same time Ocwen put a "correction of assignment" into the records four years after the original Assignment to which they were not a party of the transaction to even verify the correction. This was done to assert a false claim[8] and file foreclosure in April 2016 against Plaintiff, and is another example of MBS changing paperwork after the fact to file wrongful foreclosure this shows unfair, deceptive and plausible fraud.    These actions by MBS WRONGFULLY FORCED Plaintiff out of the HAMP Modification finally approved by Ocwen in 2014 (the process began GMAC over a year prior, while the Consent Decree with the Department of Justice was being developed); which gave the Plaintiff a 2% fixed interest rate, reduced the principal by $40,000 and had monthly payments of $795 just as the Consent Decree Ordered" and FORCED her into another adjustable-rate mortgage, increased her principal by $41,688.80 and raised her payments to $1,181[9] [10]

America is a land of laws.  Citizens have to trust in the judiciary otherwise we have no reason to follow the law that others willfully break for profit if the Court turns a blind eye to strategic and willful breaking of regulations, rules, laws, consent decrees.

I am writing to request an additional investigation into whether additional assets were not declared to the Bankruptcy Court held by Ally Financial, Inc. and its subsidiaries which deprived the Creditors from receiving a fair settlement according to 11 USC §§1121, 1125 and 18 USC §152 and to take any and all action available to set the precedent that perpetual breaking of the law will not go unadjudicated by the Courts.  Also, to request an opinion of the Court to determine that since the Trusts allegedly associated with my loans were covered under the bankruptcy 12-12020-MG according to Doc 6065-1.

Thank you for your assistance.  If additional information is needed, please let me know my contact information is listed above.

Sincerely,

Jackie Gaff

---

treated her as if she was in default); Wigod v. Wells Fargo Bank, NAT 673 F.3d 547, 575-576 (7th Cir. 2012) Defendants' head of Loss Mitigation understood that such conduct would result in "a UDAP every single time," Doc 84-7 item 199.

[8] Id, See Doc 87-8

[9] Id, See Doc 84-5 page 4 on December 19, 2013 CFPB issued a press release that stated ... Over a three year period, Ocwen must complete sustainable loan modifications that result in principal reduction totaling $2billion. In 2014 Ocwen met this criteria; however in 2016 it faked conditions to put Plaintiff back in a non-sustainable adjustable rate mortgage. see Doc 84-13 page 7

[10] Id, See Doc 87 Item 2.