**Hearing Date and Time: December 1, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Deadline for Objections: November 21, 2022 at 5:00 p.m. (Prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Joseph A. Shifer
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION FOR AN ORDER EXTENDING**
**THE TERM OF THE RESCAP LIQUIDATING TRUST**

PLEASE TAKE NOTICE that on November 8, 2022, the ResCap Liquidating Trust filed

the *Motion for an Order Extending the Term of the ResCap Liquidating Trust* (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will take place on

**December 1, 2022, at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Martin

Glenn of the United States Bankruptcy Court for the Southern District of New York, Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523

(the "Bankruptcy Court"). The hearing will be conducted by way of Zoom for Government,

which requires registration of an eCourtAppearance by 4 p.m. the business day before the

hearing. The link with information and instructions for registering an eCourtAppearance can be

found on the Court website here: <u>https://www.nysb.uscourts.gov/content/chief-judge-martin-</u>

<u>glenn</u>.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court, together with a copy to the Chambers of Judge Glenn, and served so as to be received no later than **5:00 p.m. (prevailing Eastern time) on November 21, 2022** (the "**Objection Deadline**")**,** upon (i) counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Joseph A. Shifer and Nathaniel Allard); (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (iii) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Jill Horner).

PLEASE TAKE FURTHER NOTICE that if no objections or other responses are timely filed and served with respect to the Motion, the ResCap Liquidating Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which the Bankruptcy Court may enter without further notice or opportunity to be heard.

Dated: November 8, 2022
      New York, New York

                 KRAMER LEVIN NAFTALIS & FRANKEL LLP

                 /s/ *Joseph A. Shifer*
                 Kenneth H. Eckstein
                 Joseph A. Shifer
                 Nathaniel Allard
                 1177 Avenue of the Americas
                 New York, New York 10036
                 Telephone: (212) 715-9100
                 Facsimile: (212) 715-8000

                 *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: December 1, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Deadline for Objections: November 21, 2022 at 5:00 p.m. (Prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Joseph A. Shifer
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION FOR AN ORDER EXTENDING THE TERM OF**
**THE RESCAP LIQUIDATING TRUST**

## Table of Contents

**Page**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

JURISDICTION ...................................................................................................................2

RELEVANT BACKGROUND .............................................................................................3

     A.      The Chapter 11 Cases ..........................................................................................3

     B.      The Liquidating Trust ..........................................................................................4

     C.      Claims ..................................................................................................................6

REQUEST FOR RELIEF ....................................................................................................8

BASIS FOR RELIEF ..........................................................................................................8

NO PRIOR REQUEST ......................................................................................................11

NOTICE .............................................................................................................................11

CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Boylan Int'l, Ltd.*,
    452 B.R. 43 (Bankr. S.D.N.Y. 2001) ...................................................................... 11

*Drennan v. Certain Underwriters at Lloyd's of London*, Adv. Case No. 15-1025-
    DSJ (Bankr. S.D.N.Y.) ...................................................................................... 10

*In re Fabrikant & Sons, Inc.*,
    Case No. 06-12737 (SMB) (Bankr. S.D.N.Y. Apr. 15, 2013) .............................. 11

*In re Motors Liquidation Co. (f/k/a General Motors Corp.)*,
    Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Dec. 7, 2015) ................................ 10

*ResCap Liquidating Trust v. Primary Residential Mortgage, Inc.*
    No. 19-CV-3451 (D. Minn.) ................................................................................. 10

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................ 3

11 U.S.C. § 350 ............................................................................................................. 3

11 U.S.C. § 1141 ........................................................................................................... 3

28 U.S.C. § 157 ......................................................................................................... 2, 3

28 U.S.C. § 1334 ........................................................................................................... 2

28 U.S.C. § 1408 ........................................................................................................... 3

28 U.S.C. § 1409(a) ...................................................................................................... 3

**Other Authorities**

Fed. R. Bankr. P. 1015(b) ............................................................................................. 3

Fed. R. Bankr. P. 1141 ................................................................................................. 3

Fed. R. Bankr. P. 3022 ................................................................................................. 3

Fed. R. Bankr. P. 9006(b) ......................................................................................... 3, 9

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (the "**Debtors**") in the above-captioned chapter 11 cases, hereby files this motion (the "**Motion**") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**") pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Chapter 11 Plan**")[1] extending the term of the Liquidating Trust for an additional two years, through and including December 17, 2024. In support of the Motion, the Liquidating Trust submits the declaration of Jill Horner, Chief Financial Officer for the Liquidating Trust (the "**Horner Declaration**"), annexed hereto as **Exhibit B**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. For nearly nine years, the Liquidating Trust and its management, employees and professionals have diligently pursued their mandate to maximize recoveries to Unitholders. That work is now nearly complete and a further extension of the Liquidating Trust is necessary only to resolve two pending litigation matters.

2. Specifically, the Liquidating Trust continues to pursue two remaining valuable affirmative litigation claims that it expects will result in future distribution to Unitholders. *First*, of the number of RMBS Litigations (defined below) initiated by the Liquidating Trust, all have been settled or successfully tried to a jury, with only one such case remaining – in August 2020, the Minnesota Federal District Court issued a $5.4 million judgment in the Liquidating Trust's favor and the Liquidating Trust was further granted $16.6 million of attorney fees, costs and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Chapter 11 Plan.

interest; the defendants appealed to the United States Court of Appeals for the Eighth Circuit, and that appeal remains pending (and accordingly, is the only remaining RMBS Litigation).

3.    *Second*, the Liquidating Trust is the plaintiff in a pending adversary proceeding related to an insurance coverage dispute with certain insurers, currently pending before Judge David S. Jones, in which the Liquidating Trust asserts a right to reimbursement for defense costs and pre-bankruptcy settlements paid to certain class action plaintiffs in excess of $73 million, plus interest and costs. In December 2019, Judge Sean H. Lane issued a partial summary judgment ruling in favor of the Trust. Cross motions for summary judgment were completed and oral argument was heard before Judge Jones in the second quarter of 2022.

4.    Despite this record of progress, the Liquidating Trust needs additional time to fully achieve its purpose, beyond December 17, 2022, the date on which the Liquidating Trust is currently scheduled to dissolve.[2] Dissolving the Liquidating Trust before it has had time to complete its work would be detrimental to Unitholders. Therefore, in accordance with the Chapter 11 Plan and the Liquidating Trust Agreement (which both anticipated that such extensions would be necessary), the Liquidating Trust seeks entry of the Proposed Order extending the Liquidating Trust's term for a period of two years, through and including December 17, 2024.

## JURISDICTION

5.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Further, pursuant to the Chapter 11 Plan, the Court retained jurisdiction to "issue such

---

[2] Under the terms of the Chapter 11 Plan and the Liquidating Trust Agreement, the Liquidating Trust was to terminate on the earlier of: (a) the distribution of all Liquidating Trust Assets, (b) the determination of the Liquidating Trust Board to terminate the Liquidating Trust, (c) the completion of all distributions required to be made under the Liquidating Trust Agreement, or (d) the third anniversary of the Effective Date, subject to multiple, fixed-term extensions with approval of the Court. On December 1, 2020, the Court entered an order extending the term of the Liquidating Trust for two years, through December 17, 2022 [Docket No. 10703]. *See infra* ¶ 17.

orders in aid of execution of the Plan." *See* Chapter 11 Plan, Art. XII. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157.

6.     The statutory predicates of this Motion are sections 105(a), 350 and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3022 and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELEVANT BACKGROUND

**A.     The Chapter 11 Cases**

7.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These cases (the "**Chapter 11 Cases**") are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.     During the course of the Chapter 11 Cases, pursuant to bidding procedures and an auction process approved by the Court, the Debtors sold a majority of their assets, including the sale of (i) their servicing and origination platform to Ocwen Loan Servicing, LLC and Walter Investment Management Corporation, and (ii) their "legacy whole loan" portfolio to Berkshire Hathaway, Inc. (together, the "**Asset Sales**"). The Debtors' remaining assets were transferred to the Liquidating Trust pursuant to the terms of the Chapter 11 Plan and the Liquidating Trust Agreement.[3] The Liquidating Trust continues to hold a number of insurance claims (currently being subserviced by a third-party) related to whole loans that were insured by government-sponsored entities.

---

[3] *See* Plan, Art. VI.C ("On the Effective Date, the Debtors are authorized and directed to transfer, grant, assign, convey, set over, and deliver to the Liquidating Trustees, for the benefit of the Liquidating Trust, in the form thereof existing on such date, all of the Debtors' and Estates' right, title and interest in and to the Available Assets free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other Persons and Entities to the maximum extent contemplated by and permissible under section 1141 of the Bankruptcy Code."); Liquidating Trust Agreement, § 2.5 ("On the Effective Date, the Debtors shall transfer all of the Available Assets … to the Liquidating Trust…").

9.      On December 11, 2013, this Court entered an order approving the terms of the Chapter 11 Plan [Docket No. 6065] (the "**Confirmation Order**"). On December 17, 2013, the Effective Date of the Chapter 11 Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

**B.      The Liquidating Trust**

10.      In accordance with the Debtors' Chapter 11 Plan, the Liquidating Trust was created on December 17, 2013 (*i.e.*, the Effective Date under the Plan), to, among other things, (i) wind-down the Debtors' non-cash assets, (ii) resolve non-Borrower claims asserted against the Debtors, (iii) pursue litigation on behalf of the Debtors' estates, and (iv) make periodic distributions to Unitholders. Pursuant to the Confirmation Order and the Chapter 11 Plan, the Liquidating Trust was created and vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets, and was deemed substituted as the party to any litigation in which the Debtors are a party. *See generally* Confirmation Order ¶¶ 26, 30, 34, 48; Chapter 11 Plan Art. VI.

11.      Further, pursuant to the Plan, the Liquidating Trust was established to resolve claims and make distributions to holders of beneficial interests in the Liquidating Trust (the "**Unitholders**"). Article VIII.A.3 of the Chapter 11 Plan provides that the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)."

12.      Since its creation, the Liquidating Trust has, among other things, (i) resolved all non-Borrower Claims, (ii) initiated 96 litigations against correspondent lenders that have yielded almost $1.3 billion in settlements as of the date hereof, (iii) initiated other affirmative litigations, including 39 Preference Actions, and (iv) distributed over $3.3 billion to Unitholders. The

4

following chart summarizes the distributions made to date by the Liquidating Trust to Unitholders:

| Summary of Distributions to Unitholders | | | | | |
|---|---|---|---|---|---|
| Distribution # | Date Declared | Record Date | Distribution Date | Total Amount Distributed | Amount Per Unit |
| 1 | N/A | 12/17/2013 | 12/27/2013 | $1,765,000,000 | $17.65 |
| 2 | 5/15/2014 | 5/23/2014 | 6/9/2014 | $115,000,000 | $1.15 |
| 3 | 9/18/2014 | 10/2/2014 | 10/17/2014 | $150,000,000 | $1.50 |
| 4 | 3/6/2015 | 3/16/2015 | 3/31/2015 | $200,000,000 | $2.00 |
| 5 | 5/3/2017 | 5/18/2017 | 6/2/2017 | $200,000,000 | $2.00 |
| 6 | 8/2/2017 | 8/17/2017 | 9/1/2017 | $150,000,000 | $1.50 |
| 7 | 11/16/2017 | 11/27/2017 | 12/12/2017 | $140,000,000 | $1.4156 |
| 8 | 12/4/2017 | 12/14/2017 | 12/29/2017 | $100,000,000 | $1.0112 |
| 9 | 5/25/18 | 6/28/2018 | 7/13/2018 | $350,000,000 | $3.5403 |
| 10 | 11/16/2018 | 12/13/2018 | 12/28/2018 | $100,000,000 | $1.0115 |
| 11 | 2/26/2019 | 3/8/2019 | 3/25/2019 | $75,000,000 | $0.7586 |
| 12 | 5/7/2019 | 5/20/2019 | 6/4/2019 | $25,000,000 | $0.2528 |
| 13 | 8/3/2020 | 8/14/2020 | 8/31/2020 | $35,600,000 | $0.3601 |
| TOTAL | | | | $3,376,093,750 | $34.1501 |

13.     The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") was established by the Plan to resolve Borrower Claims and make distributions to Borrowers on account of Allowed Borrower Claims from a fund transferred to the Borrower Claims Trust under the Plan. *See* Plan, Art. IV.F. The Plan, as well as the provisions of the Borrower Claims Trust Agreement, provides claims resolution authority to the Borrower Claims Trust with respect to Borrower Claims.

14.     The Liquidating Trust was created for an initial term of three years, subject to further extensions approved by the Bankruptcy Court. Specifically, section 12.1 of the Liquidating Trust Agreement provides:

> The Liquidating Trust shall dissolve upon the date that is the earliest to occur of: (i) the distribution of all Liquidating Trust Assets pursuant to the Plan Documents, (ii) the determination of the Liquidating Trust Board that the administration of the Liquidating Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit, or (iii) all the distributions required to be made under this Liquidating Trust Agreement have been completed; _provided_, _however_, that in no event shall the Liquidating Trust dissolve later than three (3) years from the Effective date, unless the Bankruptcy Court, upon motion within the six (6) months prior to the third (3rd) anniversary of the Effective Date (or within six (6) months prior to the end of an extension period), determines that a fixed-period extension is necessary to facilitate or complete the recovery and liquidating of the Liquidating Trust Assets . . .

Liquidating Trust Agreement, § 12.1(a). _See also_ Chapter 11 Plan, Art. VI.H (same).

15.     On December 1, 2020 the Court entered the _Order Extending the Term of the ResCap Liquidating Trust_ [Docket No. 10703], extending the term of the Liquidating Trust for one year, through and including December 17, 2022.

**C.     Claims**

16.     On June 30, 2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 - 597 and 649] (the "**Schedules and Statements**").[4]

---

[4] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and Homecomings Financial, LLC on July 3, 2012. [Docket Nos. 683-688]. On June 9, 2014, the Court entered an order authorizing the reduction and amendment of the scheduled amounts for certain claims on the schedules for Residential Funding Company, LLC and GMAC Mortgage, LLC [Docket No. 7078].

17.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

18.      On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**"). Bar Date Order at ¶¶ 2-3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended. On March 21, 2013, the Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Objection Procedures Order**").

19.      The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17,

2013, the deadline by which holders of administrative claims must file requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

20.     Approximately 7,500 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") were filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts. The Claims consist of approximately 3,040 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts. In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Schedules (including contingent, unliquidated, and disputed claims). On October 22, 2018, the Court entered the *Order Authorizing Termination of Special Reserve Fund, Final Distribution to GMACM Borrower Trust Claimants, Second Distribution to RFC Borrower Trust Claimants, and Other Relief* [Docket No. 10582].

## REQUEST FOR RELIEF

21.     The Liquidating Trust seeks an order extending the term of the Liquidating Trust through and including December 17, 2024, without prejudice to further extensions.

22.     This requested relief is consistent with the terms of the Chapter 11 Plan, the Confirmation Order, the Liquidating Trust Agreement and applicable bankruptcy law.

## BASIS FOR RELIEF

23.     The Liquidating Trust Agreement provides that the Liquidating Trust may be extended beyond its initial three-year term upon a showing that such extension is "necessary to facilitate or complete the recovery and liquidating of the Liquidating Trust Assets." Liquidating Trust Agreement, § 12.1(a).

24.     The relief requested herein is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b). Here, there is ample cause for an extension of the Liquidating Trust.

25.     Since the Liquidating Trust was formed, the Liquidating Trust management, employees, and the professionals retained by the Liquidating Trust have worked diligently to administer the Liquidating Trust and consummate the Chapter 11 Plan for the purpose of liquidating and distributing assets for the benefit of Unitholders. As a result of these efforts, the Liquidating Trust has been able to make distributions to Unitholders totaling over $3.3 billion, or approximately $34.15 per Unit.

26.     Notwithstanding the Liquidating Trust's substantial progress and the distributions made to Unitholders to date, there remains limited additional work that must be completed to fully distribute all of the Liquidating Trust's remaining assets in a manner that maximizes total distributions to Unitholders. The Liquidating Trust will be unable to complete all of these tasks in a manner most beneficial to Unitholders if it dissolves now. For example, judgment (and interest and fees) in the one remaining correspondent lender litigation were awarded in the Trust's favor and the Trust is waiting for the defendant's appeal to be ruled upon by the Eighth Circuit. Additionally, the insurance action remains pending. Accordingly, the Liquidating Trust must remain in existence to continue its work of winding down and prosecuting affirmative litigations.

27.     Since the Effective Date, the Liquidating Trust has initiated affirmative litigations against various parties. Importantly, the Liquidating Trust commenced 96 affirmative

litigations against parties that sold defective loans to the Debtors prior to the Petition Date that were subsequently repackaged into residential mortgage-backed securities (the "**RMBS Litigations**"), asserting several billion dollars in damages, and resulting in settlement recoveries of almost $1.3 billion as of the date hereof. The RMBS Litigations have been successfully tried or settled, and the Trust was awarded judgment, interest and fees in the one remaining pending case, *ResCap Liquidating Trust v. Primary Residential Mortgage, Inc.* No. 19-CV-3451 (D. Minn.). The defendant in such matter appealed to the United States Court of Appeals for the Eighth Circuit, and that appeal remains pending. The Liquidating Trust is also a plaintiff in a pending adversary proceeding related to an insurance coverage dispute with certain insurers, with the Liquidating Trust asserting a right to reimbursement for defense costs and pre-bankruptcy settlements paid to certain class action plaintiffs as described above. *Drennan v. Certain Underwriters at Lloyd's of London,* Adv. Case No. 15-1025-DSJ (Bankr. S.D.N.Y.).[5]

28.      During the extension of time sought by this Motion, the Debtors will continue to prosecute these actions and secure recoveries on behalf of Unitholders.

29.      Based on these facts, as supported in the Horner Declaration, an extension is necessary to complete the successful wind-down of the Liquidating Trust. The Liquidating Trust believes that it is in its best interests and those of its Unitholders that it be afforded the opportunity to continue to pursue these remaining assets in order to maximize recoveries to Unitholders without fear of interruption due to its dissolution. This can only be effectuated through the extension of the Liquidating Trust's term.

30.      Courts in this jurisdiction have granted similar relief. *See, e.g., In re Motors Liquidation Co. (f/k/a General Motors Corp.),* Case No. 09-50026 (REG) (Bankr. S.D.N.Y.

---

[5] The Borrower Claims Trust also has an interest in this adversary proceeding.

Dec. 7, 2015) (extending the duration of the GUC Trust for an additional three years beyond its three-year initial term); *In re Fabrikant & Sons, Inc.*, Case No. 06-12737 (SMB) (Bankr. S.D.N.Y. Apr. 15, 2013) (extending the duration of the GUC Trust for three years beyond its five-year initial term); *In re Boylan Int'l, Ltd.*, 452 B.R. 43 (Bankr. S.D.N.Y. 2001) (extending the duration of the trust for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").

## NO PRIOR REQUEST

31.     No previous motion for the relief sought herein has been made to this or any other court. The Liquidating Trust reserves the right to seek further extensions of its term, if an additional extension becomes necessary and is in the best interests of Unitholders.

## NOTICE

32.     Although the Liquidating Trust does not believe that the relief requested herein will have a prejudicial effect on any creditor or other party in interest, out of an abundance of caution, notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]), as well as to the defendants in the pending litigations prosecuted by the Liquidating Trust. The Liquidating Trust submits that no other or further notice of the Motion is necessary.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter the proposed order attached hereto as Exhibit A extending the Liquidating Trust's term to and including December 17, 2024, without prejudice to further extensions and grant the Liquidating Trust such other and further relief as the Court deems appropriate.

Dated:   New York, New York
         November 8, 2022

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP


                              /s/ *Joseph A. Shifer*
                              Kenneth H. Eckstein
                              Joseph A. Shifer
                              Nathaniel Allard
                              1177 Avenue of the Americas
                              New York, New York 10036
                              Telephone: (212) 715-9100

                              *Counsel for the ResCap Liquidating Trust*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------)
In re:                                                             )    Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                           )    Chapter 11
                                                                   )
                           Debtors.                                )    Jointly Administered
-------------------------------------------------------------------)

### <u>ORDER EXTENDING THE TERM OF THE RESCAP LIQUIDATING TRUST</u>

This matter coming before the Court on the motion (the "**Motion**")[1] filed by the

ResCap Liquidating Trust, which is successor in interest to the debtors (collectively, the

"**Debtors**") in the above-captioned chapter 11 cases, for entry of an order pursuant the terms of

the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the*

*Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Chapter 11 Plan**"),

extending the term of the Liquidating Trust for an additional two years; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 11 U.S.C. § 105

and 28 U.S.C. § 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy

Court Judges of the District Court for the Southern District of New York, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and no other or further notice need be provided; and the Court having reviewed the

Motion and the Declaration of Jill Horner in Support of the Motion; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.        The Motion is granted as provided herein.

2.        The duration of the Liquidating Trust, as described in Section 12.1(a) of the Liquidating Trust Agreement, is extended through and including December 17, 2024, without prejudice to the Liquidating Trust's ability to (i) seek further extensions or (ii) dissolve the Liquidating Trust in accordance with the Chapter 11 Plan and the Liquidating Trust Agreement.

3.        The Court shall retain jurisdiction relating to the interpretation and implementation of this Order.

Dated:   _____, 2022
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JILL HORNER IN SUPPORT OF THE**
**MOTION FOR AN ORDER EXTENDING THE TERM OF**
**THE RESCAP LIQUIDATING TRUST**

I, Jill Horner, hereby declare as follows:

1.      I serve as the Chief Financial Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"). I have been employed by affiliates of ResCap since 2000, originally as the Manager of Financial Planning and Analysis for Residential Capital Group, a managerial division under Residential Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003 and expanded my role to include Financial Servicing Operations on or around 2007, a position I held until 2010, when I became interim Senior Financial Officer for the International Business Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a position I held until I became the Chief Finance Executive.

2.      In my role as Chief Finance Executive at ResCap, I was responsible for, among other things, operational accounting, financial forecasting and analytics, accounts payable processing, and tax and treasury matters, including cash forecasting and cash management. In my current position as Chief Financial Officer to the Liquidating Trust, among my other duties, I continue to assist the Trust in connection with the claims reconciliation process. I am authorized to submit this declaration (the "**Declaration**") in support of the *Motion for an Order Extending The Term of the ResCap Liquidating Trust* (the "**Motion**").[1]

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' and Liquidating Trust's operations and finances,

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

information learned from my review of the Debtors' and Liquidating Trust's litigation case files, and books and records, as well as other relevant documents, and information I have received through my discussions with other members of the Debtors' and Liquidating Trust's management or other employees, professionals and consultants of the Debtors and the Liquidating Trust, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent, or my opinion based upon my experience, expertise, and knowledge of the Debtors' and Liquidating Trust's litigation matters, financial condition and history.

4.       In making these statements based on my review of the Debtors' and Liquidating Trust's litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' and Liquidating Trust's employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

5.       I am familiar with the affirmative litigations prosecuted by the Liquidating Trust, including the RMBS Litigations. Further, I am familiar with the claims reconciliation process in these Chapter 11 Cases. Since the Plan went effective, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust, continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' or Liquidating Trust's various business units, (ii) the Debtors' and Liquidating Trust's books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases. Considerable resources and time have been

expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

6.      For nearly nine years, the Liquidating Trust and its management, employees and professionals have diligently pursued the Liquidating Trust's objectives in a manner that maximizes recoveries to Unitholders. In accordance with the Debtors' Chapter 11 Plan, the Liquidating Trust was created on December 17, 2013 (*i.e.*, the Effective Date under the Plan), to, among other things, (i) wind-down the Debtors' non-cash assets, (ii) resolve non-Borrower claims asserted against the Debtors, (iii) pursue litigation on behalf of the Debtors' estates, and (iv) make periodic distributions to Unitholders. Since the Chapter 11 Plan's Effective Date, the Liquidating Trust has made tremendous progress towards these goals and the work is now nearly complete. A further extension of the Liquidating Trust is necessary to resolve two pending litigation matters.

7.      Specifically, since its creation, the Liquidating Trust has, among other things, (i) resolved all non-Borrower Claims, (ii) initiated 96 litigations against correspondent lenders that have yielded almost $1.3 billion in settlements as of the date hereof, with the Liquidating Trust continuing to pursue one such litigation, (iii) initiated other affirmative litigations, including 39 Preference Actions, and (iv) distributed over $3.3 billion to Unitholders. The following chart summarizes the distributions made to date by the Liquidating Trust to Unitholders:

| Summary of Distributions to Unitholders | | | | | |
|---|---|---|---|---|---|
| Distribution # | Date Declared | Record Date | Distribution Date | Total Amount Distributed | Amount Per Unit |
| 1 | N/A | 12/17/2013 | 12/27/2013 | $1,765,000,000 | $17.65 |
| 2 | 5/15/2014 | 5/23/2014 | 6/9/2014 | $115,000,000 | $1.15 |
| 3 | 9/18/2014 | 10/2/2014 | 10/17/2014 | $150,000,000 | $1.50 |
| 4 | 3/6/2015 | 3/16/2015 | 3/31/2015 | $200,000,000 | $2.00 |
| 5 | 5/3/2017 | 5/18/2017 | 6/2/2017 | $200,000,000 | $2.00 |
| 6 | 8/2/2017 | 8/17/2017 | 9/1/2017 | $150,000,000 | $1.50 |
| 7 | 11/16/2017 | 11/27/2017 | 12/12/2017 | $140,000,000 | $1.4156 |
| 8 | 12/4/2017 | 12/14/2017 | 12/29/2017 | $100,000,000 | $1.0112 |
| 9 | 5/25/18 | 6/28/2018 | 7/13/2018 | $350,000,000 | $3.5403 |
| 10 | 11/16/2018 | 12/13/2018 | 12/28/2018 | $100,000,000 | $1.0115 |
| 11 | 2/26/2019 | 3/8/2019 | 3/25/2019 | $75,000,000 | $0.7586 |
| 12 | 5/7/2019 | 5/20/2019 | 6/4/2019 | $25,000,000 | $0.2528 |
| 13 | 8/3/2020 | 8/14/2020 | 8/31/2020 | $35,600,000 | $0.3601 |
| **TOTAL** | | | | $3,376,093,750 | $34.1501 |

8.     Approximately 7,500 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") were filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts. The Claims consist of approximately 3,040 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,459 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts. In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Schedules (including contingent, unliquidated, and disputed claims). All Non-Borrower Claims with asserted liabilities of approximately $94.5 billion and all Borrower Claims with asserted liabilities of approximately $15.5 billion have been resolved, expunged or withdrawn. In addition, on October 22, 2018, the Court entered the *Order Authorizing Termination of Special*

4

*Reserve Fund, Final Distribution to GMACM Borrower Trust Claimants, Second Distribution to RFC Borrower Trust Claimants, and Other Relief* [Docket No. 10565].

9.      Notwithstanding the Liquidating Trust's substantial progress and the distributions made to Unitholders to date, there remains limited additional work that must be completed to distribute all of the Liquidating Trust's remaining assets in a manner that maximizes total distributions to Unitholders. The Liquidating Trust will be unable to complete all of these tasks in a manner most beneficial to Unitholders if it dissolves prematurely. For example, the litigation against the remaining correspondent lender defendant has a pending appeal and additional time is needed to resolve that appeal and complete the prosecution of other litigation described in more detail in the Motion.

10.      Since the Effective Date, the Liquidating Trust has initiated affirmative litigations against various parties. Importantly, the Liquidating Trust commenced 96 affirmative litigations against parties that sold defective loans to the Debtors prior to the Petition Date that were subsequently repackaged into residential mortgage-backed securities (the "**RMBS Litigations**"), asserting several billion dollars in damages, and resulting in settlement recoveries of almost $1.3 billion as of the date hereof. The RMBS Litigations have been successfully tried or settled, and the Trust was awarded judgment and interest and fees in the one remaining pending case. *ResCap Liquidating Trust v. Primary Residential Mortgage, Inc.* No. 19-CV-3451 (D. Minn.). The defendant appealed such case to the United States Court of Appeals for the Eighth Circuit, where such appeal remains pending. The Liquidating Trust also commenced 39 preference actions (the "**Preference Actions**"), asserting approximately $30.8 million in damages, and resulting in the collection of approximately $2.3 million (there are no remaining pending Preference Actions). The Liquidating Trust is also a plaintiff in a pending adversary proceeding

related to an insurance coverage dispute with certain insurers, with the Liquidating Trust asserting a right to reimbursement for defense costs and pre-bankruptcy settlements paid to certain class action plaintiffs. *Drennan v. Certain Underwriters at Lloyd's of London* (Adv. Case No. 15-1025-DSJ, Bankr. S.D.N.Y.).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 8, 2022

 /s/ *Jill Horner*
Jill Horner
Chief Financial Officer for the ResCap
Liquidating Trust