**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,<br><br>Debtors. | Case No. 12-12020 (MG)<br>Chapter 11<br>Jointly Administered<br><br>Objection Date: February 23, 2023 @ 4:00 p.m. (ET)<br>Hearing Date: March 2, 2023 @ 10:00 a.m. (ET) |

### *CORRECTED* MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PERMIT FINAL DISTRIBUTION OF FUNDS IN THE *ROTHSTEIN* CLASS ACTION SETTLEMENT (CLAIM NOS. 4074 AND 3966) AND *CY PRES* DESIGNATION

Pursuant to Fed. R. Civ. P. 60(b), the Rothstein Plaintiffs, in consultation with Class Counsel and on behalf of the Class,[1] respectfully submit this memorandum of law in support of their motion for an Order authorizing the distribution of the remaining settlement funds—which are in the *de minimis* amount of $9,166.14—to the *cy pres* designee, The Legal Aid Society, a national not-for-profit 501(c)(3) charitable organization.

I.  **RELEVANT BACKGROUND**

On May 24, 2016, this Court granted final approval to the settlement of a class action brought by Named Plaintiffs Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn (collectively, the "Rothstein Plaintiffs" or "Plaintiffs") (Claim Nos. 4074 and 3966) [Doc. 9907]. On May 3, 2019, Plaintiffs filed their Motion and Incorporated Memorandum of Law of the *Rothstein* Plaintiffs (Claim Nos. 4074 and 3966) to Authorize Distribution of the Net Settlement Fund to Eligible Class Members ("Distribution Motion") [Doc. 10634], which the

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with the Rothstein Plaintiffs, dated December 29, 2015 (the "Stipulation"), attached as Exhibit 1 to the Declaration of Mark A. Strauss dated January 11, 2016, and which was filed with the Court on January 11, 2016 [Doc. 9491-3]. "Class Counsel" refers to the law firm of Kirby McInerney LLP, Plaintiffs' Counsel, and the law firm of Hogan McDaniel, Plaintiffs' Special Bankruptcy Counsel is. *See* Doc. 9491-3, Strauss Decl. Ex. 1 at 6.

Court granted in its Order Authorizing Distribution of the Net Settlement Fund in the *Rothstein* Class Action Settlement (Claim Nos. 4074 and 3996) on May 24, 2019 [Doc. 10640], which was subsequently corrected on June 4, 2019 [Doc. 10642] ("Distribution Order"). All citations herein are to the corrected Distribution Order.

Pursuant to the Distribution Order, on June 27, 2019, KCC Class Action Services LLC ("KCC" or "Claims Administrator") issued a first round of checks to 90,862 class members totaling $3,833,414.49. Geraci Aff.[2] ¶ 4. In the second round of distribution, KCC, following consultation with Class Counsel and in accordance with the Plan of Allocation, issued 41,233 class member checks on December 1, 2020, totaling $1,680,865.06. *Id.* ¶ 5. In the third round of distribution, KCC issued 15,577 class member checks on October 20, 2021, totaling $333,224.47. *Id.* ¶ 6. KCC issued a fourth distribution of funds to 1,196 class member checks on June 21, 2022, totaling $69,292.78. *Id.* ¶ 7. During the fourth distribution, 167 checks of the 1,196 were not cashed, resulting in $9,166.14 unclaimed funds. *Id.* ¶ 8. As a result of the Claim Administrator's efforts, almost 149,000 checks, representing over 99% of the Net Settlement Fund, has been distributed to Authorized Claimants. *Id*. As of December 21, 2022, $9,166.14 remains in the Settlement Fund. *Id.*

The Stipulation and the Distribution Order provides that any unclaimed funds shall be redistributed among Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any taxes and unpaid costs or fees incurred in administering the Net Settlement Fund, until it is no longer economically feasible. Stipulation ¶ 29; Distribution Order at 3-4. Given the current balance in

---

[2] "Geraci Aff." refers to the Affidavit of Jay Geraci dated December 21, 2022, filed concurrently herewith.

2

the Net Settlement Fund and the cost of conducting a fifth distribution, Class Counsel respectfully submits that further redistribution is no longer feasible. *See also* Geraci Aff. ¶ 9.

Under the terms of the Stipulation and Distribution Order, Class Counsel, in consultation with the Named Plaintiffs, "shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3)" to be approved by the Court. Stipulation ¶ 29. Class Counsel, in consultation with the Named Plaintiffs, has selected The Legal Aid Society, a non-sectarian charitable organization certified under the United States Internal Revenue Code § 501(c)(3), for the Court's approval as the *cy pres* designee.

## II.      ARGUMENT

### A.    The Court Should Approve the Distribution of the Remaining Net Settlement Funds to Class Counsel's *Cy Pres* Designee.

"Most class actions result in some unclaimed funds." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990); *In re Motorsports Merch. Antitrust Litig.*, 160 F. Supp. 2d 1392, 1393 (N.D. Ga. 2001) ("It is not uncommon in . . . class actions to have funds remaining after payment of all identifiable claims."). Indeed, "[d]espite best efforts[,] . . . it remains virtually certain—especially when large classes are involved—that not all class members will share in an aggregate class recovery. This situation may or may not result in a residue remaining after individual claim distribution." *Jones v. Nat'l Distillers*, 56 F. Supp. 2d 355, 356 (S.D.N.Y. 1999) (internal citations omitted); *see also Alaska Elec. Pension Fund v. Bank of Am., Corp.*, Civ. No. 14-7126 (JMF), 2020 WL 916853, at *2 (S.D.N.Y. Feb. 26, 2020) ("[C]ourts routinely approve *cy pres* awards to non-profit organizations when distributions to the class would not be feasible.").

3

In such circumstances, "[t]he Court has broad discretion and equitable powers to permit the use of *cy pres* principles."  *Plotz v. NYAT Maint. Corp.*, Civ. No. 98-8860, 2006 WL 298427, at *1 (S.D.N.Y. Feb. 6, 2006) (citing *Jones*, 56 F. Supp. 2d at 359); *see also Coppolino v. Total Call Int'l, Inc.*, 588 F. Supp. 2d 594, 605 n.6 (D.N.J. 2008) (noting that "*cy pres* distributions are permitted in situations where class recovery cannot feasibly be distributed to individual class members or where unclaimed funds remain following distribution to the class").

B.     **The Legal Aid Society is an Appropriate *Cy Pres* Designee.**

Pursuant to the Stipulation and the Distribution Order, Class Counsel, in consultation with the Named Plaintiffs, designates The Legal Aid Society as the *cy pres* designee.  Stipulation ¶ 29; Distribution Order at 4.  The Legal Aid Society is a non-sectarian, not-for-profit organization certified under the United States Internal Revenue Code § 501(c)(3), and it is a legitimate and appropriate recipient of the *cy pres* award in this case because of its work serving the public interest.  *See Plotz*, 2006 WL 298427 at *2 ("The distribution preference of class counsel should be entitled to deference when it is the only entity with a meaningful and equitable interest in the remaining funds, especially where the designated recipient is a legitimate and appropriate organization.").

As the Court is aware, the Settlement Class consists of residential mortgage loan borrowers whose loans were serviced by GMACM and from whose payments GMACM recouped or recovered, in whole or in part, charges for Lender-Placed Insurance.  Stipulation ¶ (ss).  For this reason, Plaintiffs' Counsel respectfully submits that it is appropriate to designate the *cy pres* award to an organization that focuses on, *inter alia*, housing issues.  The Legal Aid Society has, for over 140 years, "protected, defended, and advocated" for impoverished persons

4

by providing free legal services for clients who cannot afford to pay for counsel.[3] As part of its mission to provide comprehensive legal services, The Legal Aid Society provides free legal assistance on housing matters, including but not limited to, preventing foreclosure for homeowners struggling to maintain homeownership. Thus, the Legal Aid Society's commitment to serving the public interest bears a direct relation to the subject matter of this litigation.

For this reason, Plaintiffs respectfully request that the Court approve that the balance of the remaining Net Settlement Funds (*i.e.*, $9,166.14) be donated to The Legal Aid Society as a *cy pres* award.

## III.    NOTICE

While limited remaining funds are available and the fact that relief requested should not have prejudicial effect on any creditor and party in interest, service of the Motion included the Special Service List, the Master Service List, and all parties receiving notifications via ECF. Plaintiffs respectfully submit that no other or further notice of the Motion is necessary.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue the accompanying proposed Final Distribution Order granting the relief sought herein.

---

[3] *See* The Legal Aid Society, https://www.legalaidnyc.org/ (last visited February 8, 2023).

| | | |
|---|---|---|
| Original Filed On: | January 10, 2023 | Respectfully submitted, |
| Corrected Filed On: | February 8, 2023 | |
| | New York, NY | |

**KIRBY McINERNEY LLP**
By: /s/ *Thomas W. Elrod*
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, NY 10177
Tel: (212) 371-6600
Email: telrod@kmllp.com

**MARK A. STRAUSS LAW, PLLC**
Mark A. Strauss
555 Madison Avenue, 5th Floor
New York, NY 10022
Tel: (212) 729-9496
Email: mark.strauss@markastrausslaw.com

*Plaintiffs' Counsel*

and

**HOGAN McDANIEL**
Garvan F. McDaniel
1311 Delaware Avenue
Wilmington, DE 19806
Tel: (302) 656-7540
Email: gmcdaniel@dkhogan.com

*Plaintiffs' Special Bankruptcy Counsel*

6