**Objection Deadline: July 14, 2023 at 5:00 p.m. (prevailing Eastern Time)**
**Hearing Date: August 3, 2023 at 2:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Joseph A. Shifer
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION OF THE RESCAP LIQUIDATING**
**TRUST FOR AN ORDER APPROVING (I) THE**
**ABANDONMENT OF INTEREST IN RI EQUITY POOL AND**
**(II) DISSOLUTION OF RESCAP SECURITIES HOLDING COMPANY**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On June 29, 2023, the ResCap Liquidating Trust filed the *Motion of the ResCap Liquidating Trust for an Order Approving (i) the Abandonment of Interests in RI Equity Pool and (ii) Dissolution of ResCap Securities Holdings Company* (the "**Motion**").

2.      A hearing on the Motion will take place on August 3, 2023, at 2:00 p.m. (prevailing Eastern Time) before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**"). The hearing will be conducted by way of Zoom for Government, which requires registration of an eCourtAppearance by 4 p.m. the business day before the hearing. The link with information and instructions for registering an eCourtAppearance can be found on the Court website here: https://www.nysb.uscourts.gov/content/chief-judge-martinglenn.

3.      Any responses or objections to the Motion, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court, together with a copy to the Chambers of Judge Glenn, and served so as to be received no later than 5:00 p.m. (prevailing Eastern time) on July 14, 2023 (the "**Objection Deadline**"), upon (i) counsel to the

ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Joseph A. Shifer and Nathaniel Allard); (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (iii) The ResCap Liquidating Trust, 8400 Normandale Lake Blvd. Suite 175, Minneapolis, MN 55437 (Attention: Jill Horner).

4.    If no objections or other responses are timely filed and served with respect to the Motion, the ResCap Liquidating Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit 1 to the Motion, which the Bankruptcy Court may enter without further notice or opportunity to be heard

5.    A copy of the Motion can be viewed and obtained for a fee via PACER at www.pacer.gov or without charge on the Debtors' restructuring website at www.kccllc.net/rescap.


Dated:    June 29, 2023
New York, NY


KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ *Joseph A. Shifer*
Kenneth H. Eckstein
Joseph A. Shifer
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Objection Deadline: July 14, 2023 at 5:00 p.m. (prevailing Eastern Time)**
**Hearing Date: August 3, 2023 at 2:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Joseph A. Shifer
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN**
**ORDER APPROVING (I) THE ABANDONMENT OF INTEREST IN RI EQUITY**
**POOL AND (II) DISSOLUTION OF RESCAP SECURITIES HOLDING COMPANY**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the

debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"),

hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form

attached hereto as **Exhibit 1** (the "**Proposed Order**") , pursuant to sections 105(a) and 554(a) of

Title 11, United States Code, as amended (the "**Bankruptcy Code**") (i) approving the

abandonment of a limited partnership interest in the Rhode Island Housing Equity Pool, L.P.

("**RI Equity Pool**"), (ii) approving the dissolution of its subsidiary ResCap Securities Holding

Company, a Delaware corporation ("**RCSEC**"), and (iii) granting such other relief as necessary.

In support of the Motion, the Liquidating Trust submits the declaration of Jill Horner, Chief

Financial Officer of the Liquidating Trust (the "**Jill Horner Declaration**"), attached hereto as **Exhibit 2** and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      By this Motion, the Liquidating Trust seeks to cause RCSEC to abandon its interest in the RI Equity Pool and then to dissolve RCSEC.  The proposed abandonment will enable the Liquidating Trust to access approximately $16.58 million currently being held by RCSEC, a corporate entity established by the Liquidating Trust to hold its direct and indirect interests in real property, including properties that were foreclosed upon by the Debtors or the Liquidating Trust (commonly referred to as "**REO**").  The limited partnership interest in the RI Equity Pool (the "**RI Equity Pool Interest**") does not represent any value to the Liquidating Trust or holders of allowed claims (as well as a reserve for disputed claims) that are beneficiaries of the Liquidating Trust (the "**Unitholders**").  Indeed, continued possession of the RI Equity Pool Interest burdens Unitholders with potential substantial adverse tax consequences.

2.      As discussed below, for so long as RCSEC holds the RI Equity Pool Interest, RCSEC cannot distribute assets to the Liquidating Trust without adverse tax consequences under Section 897 of the of the Internal Revenue Code of 1986, as amended, (also referred to as "**FIRPTA**"), which subjects non-United States persons to tax on gain from the sale of U.S real property interests.  Because RCSEC holds the RI Equity Pool Interest, and the RI Equity Pool holds real property, the stock of RCSEC is treated as a real property interest under FIRPTA.  Should RCSEC be wound down without the requested abandonment, under FIRPTA, Unitholders who are not United States persons would be taxed on a portion of the cash

distributed to the Liquidating Trust (to the extent the cash exceeds the Liquidating Trust's tax basis in RCSEC).

3.      Prior to filing the Motion, there was an effort by the general partner of the RI Equity Pool, Rhode Island Housing and Mortgage Finance Corporation, supported by the Liquidating Trust, to dissolve the RI Equity Pool, which would have allowed RCSEC to make a distribution of its assets to the Liquidating Trust.  However, that attempt failed, as dissolution requires the consent of all limited partners of the RI Equity Pool, who were unresponsive.  By abandoning the RI Equity Pool Interest, RCSEC will be able to liquidate and distribute its assets without adverse tax repercussions.  Once the Proposed Order is granted, the Liquidating Trust intends to cause RCSEC to make a liquidating distribution of all its assets to the Liquidating Trust and then to dissolve RCSEC.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The predicates of this Motion are sections 105(a) and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

A.      General Background

6.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[1]

8.      On December 17, 2013, the Effective Date of the Plan occurred (the "**Plan Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No. 6137]. The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust issued units to certain holders of allowed claims (as well as a reserve for disputed claims) that are beneficiaries of the Liquidating Trust, the Unitholders.

9.      During the course of the Chapter 11 Cases, pursuant to bidding procedures and an auction process approved by the Court, the Debtors sold a majority of their assets, (collectively, the "**Asset Sales**").  The Debtors' remaining assets were transferred to the Liquidating Trust pursuant to the terms of the Chapter 11 Plan and the Liquidating Trust Agreement.  *See* Plan, Art. VI.C.

10.      In accordance with the Debtors' Chapter 11 Plan, the Liquidating Trust was created on December 17, 2013 (*i.e.*, the Plan Effective Date), to, among other things, (i) wind-down the Debtors' non-cash assets, (ii) resolve non-Borrower claims asserted against the Debtors, (iii) pursue litigation on behalf of the Debtors' estates, and (iv) make periodic distributions to Unitholders. Pursuant to the Confirmation Order and the Chapter 11 Plan, the Liquidating Trust was created and vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets.  The Liquidating Trust is governed by the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

ResCap Liquidating Trust Second Amended and Restated Liquidating Trust Agreement (the "**Liquidating Trust Agreement**"). *See generally* Confirmation Order ¶¶ 26, 30, 34, 48; Chapter 11 Plan Art. VI.

11.     The Liquidating Trust Agreement explicitly allows for the abandonment of assets.  Section 6.4(b)(ix) grants the Liquidating Trust the authority to ". . . dispose of, and/or abandon the Liquidating Trust Assets, including rights, Avoidance Actions, other Liquidating Trust Causes of Action or litigation previously held by the Debtors or their Estates[.]"  The Liquidating Trust Agreement also empowers the Liquidating Trust to effect "dissolutions" and other actions "necessary or appropriate, in furtherance of the purposes of the [Plan]." Liquidating Trust Agreement, § 6.4(b)(xxxi).

12.     The Court previously approved abandonment of non-valuable interests by the Debtors and the Liquidating Trust.  On July 29, 2013, the Court approved a motion by the Debtors to abandon certain real estate interests in Florida [Docket No. 4396].  On January 29, 2014, the Court approved a motion by the Liquidating Trust to abandon (A) non-economic residual interests held by the Debtors arising out of the securitizations using real estate mortgage investment conduits (B) certain trust certificates (C) an equity interest in a passive foreign investment company (D) interests in common land and (E) interests in "zero balance" home equity lines of credit  [Docket No. 6380], and the Court granted a subsequent modification to its order on April 12, 2016 [Docket No. 9834].

B.        The RI Equity Pool Interest

13.        The RI Equity Pool is a limited partnership formed in 1989 to invest in low income residential rental properties located in the state of Rhode Island that received housing tax credits under the federal Low Income Housing Tax Credit program.  These tax benefits were passed on to the investors in the RI Equity Pool.  The investment activity of the RI Equity Pool continued through the early 1990s.

14.        As of the Plan Effective Date, GMAC Mortgage, LLC, a Debtor entity ("**GMACM**"), was a limited partner in the RI Equity Pool with a 9.9% share of profit, loss, and capital.  The RI Equity Pool Interest was among the assets transferred to the Liquidating Trust from the Debtors.

15.        Section 897 of the of the Internal Revenue Code of 1986, as amended, FIRPTA, subjects non-United States persons to tax on gain from the sale of U.S real property interests.  For federal income tax purposes, Unitholders are treated as owning an undivided interest in the Liquidating Trust's assets, including any real property interests held by the Liquidating Trust.  To minimize the potential adverse tax consequences for non-United States Unitholders under FIRPTA, the Liquidating Trust transferred the RI Equity Pool Interest to RCSEC, an entity created by the Liquidating Trust to hold REO properties and other direct and indirect real property interests.

16.        As a consequence of the monetization of the Debtors' REO properties, RCSEC holds approximately $16.58 million in cash as of April 30, 2023, in addition to the RI Equity Pool Interest which is its only remaining real property interest.

17.        Because it continues to hold the RI Equity Pool Interest, and the RI Equity Pool holds real property, the stock of RCSEC is treated as a real property interest under FIRPTA.

- 6 -

Should RCSEC be wound down without the requested abandonment, under FIRPTA, Unitholders who are not United States persons therefore would be taxed on a portion of the cash distributed to the Liquidating Trust (to the extent the cash exceeds the Liquidating Trust's tax basis in RCSEC).

18.     The Liquidating Trust has not received any benefit from the RI Equity Pool Interest.  The RI Equity Pool has long since ceased to provide any tax benefits to its investors.  On information and belief, the assets of the RI Equity Pool have a fair market value that is less than its associated debt and other liabilities, such that even if the assets were sold, investors would not realize any recovery.

19.     During the period from the Plan Effective Date of December 17, 2013 through December 31, 2022, the RI Equity Pool reported tax losses to the Liquidating Trust and RCSEC totaling $300,486 for federal tax purposes and $293,938 for state tax purposes.  These losses will be reversed upon the abandonment or other disposition of the RI Equity Pool Interest, which could result in a state tax liability to RCSEC in the approximate range of $6,000 to $60,000.

20.     In January 2021, the Liquidating Trust contacted the general partner of the RI Equity Pool, Rhode Island Housing and Mortgage Finance Corporation, to encourage the general partner to dissolve the partnership.  The general partner was unable to effect a dissolution, however, because other limited partners in the RI Equity Pool appear to be defunct entities, and the consent of all partners is required for dissolution.

21.     The Liquidating Trust is in the process of pursuing its sole remaining cause of action, with a view to its successful conclusion followed by satisfaction of the Liquidating Trust's remaining liabilities, final distributions to Unitholders, and a wind down of

operations.  To the extent that the Liquidating Trust is unable, without adverse tax repercussions, to access the cash held by RCSEC, this cash will not be available to fund remaining operations and to make final distributions to Unitholders.  Accordingly, the Liquidating Trust has no alternative but to cause RCSEC to abandon the RI Equity Pool Interest.

## **RELIEF REQUESTED**

22.    By the Motion, the Liquidating Trust seeks the entry of an order of this Court, substantially in the form annexed hereto as **Exhibit 1**, (i) approving the abandonment of the RI Equity Pool Interest by RCSEC, (ii) approving the dissolution of RCSEC, and (iii) granting such other and further relief as is just and proper.  Based on the foregoing, and for the reasons discussed, the Liquidating Trust submits that the requested abandonment is a reasonable exercise of the sound business judgment of the management of the Liquidating Trust, is consistent with the fiduciary duties of management, and is in the best interests of Unitholders.

## **BASIS FOR RELIEF REQUESTED**

23.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Additionally, section 105(a) of the Bankruptcy Code provides, in part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed. rev. 2023). See generally *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), reconsideration denied, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as

providing courts with discretion to accommodate the unique facts of a case consistent with the policies or directives set by the other applicable substantive provisions of the Bankruptcy Code.").

24.    The Liquidating Trust Agreement gives the Liquidating Trust the power to perform certain actions "provided, that all such actions are undertaken in a manner consistent with the purposes of the Liquidating Trust[.]" Liquidating Trust Agreement § 6.4(b).  This includes the right to ". . . dispose of, and/or abandon the Liquidating Trust Assets[.]" *Id.* at § 6.4(b)(ix).  There is no limit on the Liquidating Trust's power to abandon property, provided that the Liquidating Trust is acting ". . . in a manner consistent with the purposes of the Liquidating Trust[.]" *Id.* at § 6.4(b).  The purpose of the Liquidating Trust is to liquidate and distribute the Liquidating Trust Assets.  *See id.* at § 2.2.

25.    As is the case with a trustee's decision to reject an executory contract, the Court should apply the business judgment standard in reviewing the Liquidating Trust's decision to abandon property that is either of inconsequential value or burdensome to the estate, as the Liquidating Trust is the successor in interest to the Debtors. See *In re Interpictures*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994); *see also U.S. Bank N.A. v. Beckford (In re Beckford),* No. 13-20749 (AMN), 2018 Bankr. LEXIS 796, at *5 (Bankr. D. Conn. Mar. 20, 2018); *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary. . . . The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." (citations omitted)); *Reich v. Burke (In re Reich)*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) ("[I]f a trustee feels an asset is of inconsequential value and benefit to the estate or that it is 'burdensome to the estate,' he may abandon it." (emphasis omitted)).

- 9 -

26.    Here, the limited partnership in the RI Equity Pool is such a burden.  It has not produced any economic benefit for the Liquidating Trust in the nearly 10 years it has been in the Liquidating Trust.  Additionally, the RI Equity Pool Interest represents a potential significant tax liability for certain Unitholders.  The RI Equity Pool holds real property, and the Liquidating Trust, after an in-depth analysis by counsel, has determined that the distribution of the RCSEC cash while RCSEC continues to hold the RI Equity Pool Interest, and the distribution to the Liquidating Trust of the RI Equity Pool Interest upon liquidation of RCSEC, would have adverse tax consequences to foreign Unitholders.  "[O]n its face, § 554(a) permits abandonment upon a showing that property is either of inconsequential value and benefit to the estate or burdensome to the estate." *Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995) (citation omitted).

27.    The facts in this case are near-identical to the facts of *In re Duvall*, where the trustee moved to abandon a worthless asset of the estate, three limited liability company interests of no value, when doing so would alleviate significant related tax liabilities.  2016 Bankr. LEXIS 4223 (Bankr. W.D.N.C. 2016).  There the court held ultimately that because the interests were ". . .of inconsequential value and burdensome to the estate, the trustee's motion must be allowed." *Id*. at *5.

28.    The abandonment of the RI Equity Pool Interest and dissolution of RCSEC falls well within the powers and purpose of the Liquidating Trust.  The proposed abandonment would ensure that Unitholders are rid of a burdensome asset and free from potentially negative tax consequences.  Combined with the dissolution of RCSEC, the Liquidating Trust will be able to access and utilize approximately $16.58 million of cash currently held by RCSEC without the potential negative tax consequences identified above.

- 10 -

Although the Liquidating Trust Agreement states that the Liquidating Trust may abandon assets and effect dissolutions without the need to seek an order from the Court,[2] this Motion is being made out an abundance of caution and to provide notice to any interested parties.

## NOTICE

29.    The Liquidating Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].  In addition, the Liquidating Trust will provide notice to the general partner of the RI Equity Pool, Rhode Island Housing and Mortgage Finance Corporation, as well as the last known address of the other limited partners.  The Liquidating Trust submits that no other or further notice is required.

## NO PRIOR REQUESTS

30.    No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter the Proposed Order, and grant such other and further relief as the Court may deem proper.

---

[2] The Liquidating Trust Agreement gives the Liquidating Trust the power to abandon property "without the need for any additional approvals, authorization, or consents and without any further notice to or action, order or approval of the Bankruptcy Court provided, that all such actions are undertaken in a manner consistent with the purposes of the Liquidating Trust[.]" Liquidating Trust Agreement § 6.4(b).

Dated:  June 29, 2023
        New York, New York

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                              /s/ *Joseph A. Shifer*
                              Kenneth H. Eckstein
                              Joseph A. Shifer
                              Nathaniel Allard
                              1177 Avenue of the Americas
                              New York, New York 10036
                              Telephone: (212) 715-9100

                              *Counsel for the ResCap Liquidating Trust*

## **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING (I) THE ABANDONMENT OF INTEREST IN RI EQUITY POOL AND (II) DISSOLUTION OF RESCAP SECURITIES HOLDING COMPANY**

Upon the motion (the "**Motion**") of the Liquidating Trust[1] for entry of an order (the "**Order**"), pursuant to sections 105(a) and 554(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") approving the abandonment of the limited partnership interest in the RI Equity Pool and the dissolution of ResCap Securities Holding Company, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Jill Horner in support of the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Liquidating Trust, their estates, their Unitholders, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED to the extent provided herein.

2.      Pursuant to Section 554(a) of the Bankruptcy Code and Section 6.4(b)(ix) of the Liquidating Trust Agreement, the Liquidating Trust is authorized to cause its subsidiary, ResCap Securities Holding Company ("**RCSEC**"), to abandon the limited partnership interest in the RI Equity Pool.

3.      The Liquidating Trust and RCSEC are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

4.      The Liquidating Trust and RCSEC are additionally authorized to take all necessary or advisable steps to dissolve RCSEC, including the filing of a certificate of dissolution.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
        [               ], 2023


                                        _____
                                        MARTIN GLENN
                                        United States Bankruptcy Judge

- 2 -

## **EXHIBIT 2**

**Jill Horner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                 Debtors.

------------------------------------------------------------

)
)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**DECLARATION OF JILL HORNER IN SUPPORT OF MOTION OF**
**THE RESCAP LIQUIDATING TRUST FOR AN ORDER APPROVING**
**(I) THE ABANDONMENT OF INTEREST IN RI EQUITY POOL AND**
**(II) DISSOLUTION OF RESCAP SECURITIES HOLDING COMPANY**

I, Jill Horner, hereby declare as follows:

        1.    I serve as the Chief Financial Officer for the ResCap Liquidating Trust

(the "**Liquidating Trust**"), and from May 2013 to December 17, 2013, I served as Chief Finance

Executive for Residential Capital, LLC and its debtor-affiliates (collectively "**ResCap**"), as the

debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**").  I have

been employed by affiliates of ResCap since 2000, originally as the Manager of Financial

Planning and Analysis for Residential Capital Group, a managerial division under Residential

Funding Company, LLC.  I became a Senior Finance Officer for Originations on or around 2003

and expanded my role to include Financial Servicing Operations on or around 2007, a position I

held until 2010, when I became interim Senior Financial Officer for the International Business

Group.  In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a

position I held until I became the Chief Finance Executive.

        2.    In my role as Chief Finance Executive at ResCap, I was responsible for,

among other things, operational accounting, financial forecasting and analytics, accounts payable

processing, and tax and treasury matters, including cash forecasting and cash management.  In

my current position as Chief Financial Officer to the Liquidating Trust, among my other duties, I am responsible for financial forecasting the cost required to operate the Liquidating Trust to conclusion and the assets available for that purpose and for distributions.  I am authorized to submit this declaration (the "**Declaration**") in support of the *Motion of the ResCap Liquidating Trust for an Order Approving (i) the Abandonment of Interests in RI Equity Pool and (ii) Dissolution of ResCap Securities Holdings Company* (the "**Motion**").[1]

3.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' and Liquidating Trust's operations and finances, information learned from my review of the Debtors' and Liquidating Trust's files, and books and records, as well as other relevant documents, and information I have received through my discussions with other members of the Liquidating Trust's management, professionals and consultants of the Liquidating Trust, or my opinion based upon my experience, expertise, and knowledge of the Debtors' and Liquidating Trust's matters, financial condition and history.

4.     In making these statements based on my review of the Debtors' and Liquidating Trust's files, books and records, relevant documents, and other information prepared or collected by the Debtors' and Liquidating Trust's current and former employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

5.      Pursuant to the Motion, the Liquidating Trust seeks to abandon a limited partnership interest in the RI Equity Pool, once owned by GMACM, and currently owned by the Liquidating Trust through RCSEC.

6.      The RI Equity Pool is a Rhode Island limited partnership that was formed in 1989 to invest in low income residential properties in the state of Rhode Island that received housing tax credits under the federal Low Income Housing Tax Credit program.  These tax benefits were passed on to investors in the RI Equity Pool.

7.      The RI Equity Pool continued to invest in low income residential properties through the early 1990s.

8.      As of the Plan Effective Date, GMAC Mortgage, LLC, a Debtor entity ("**GMACM**"), was a limited partner in the RI Equity Pool with a 9.9% share of profit, loss and capital.  The RI Equity Pool Interest was among the assets transferred to the Liquidating Trust from the Debtors. To minimize the potential tax consequences for non-United States resident Unitholders under FIRPTA, GMAC's limited partnership interest in the RI Equity Pool was transferred to ResCap Securities Holding Company, a Delaware corporation ("**RCSEC**"), an entity created by the Liquidating Trust to hold real estate owned ("**REO**") properties and other real property interests.

9.      As a consequence of the monetization of the Debtors' REO properties, RCSEC holds approximately $16.58 million in cash, in addition to the RI Equity Pool Interest. However, because it continues to hold the RI Equity Pool Interest, and the RI Equity Pool holds real property, should RCSEC be wound down without the requested abandonment, I have been advised by tax professionals retained by the Liquidating Trust that Unitholders who are not United States persons may have significant negative tax consequences.

- 3 -

10.      The Liquidating Trust does not, and has not received any benefit from the RI Equity Pool Interest.  The RI Equity Pool has long since ceased to provide any tax benefits to its investors.  On information and belief, the assets of the RI Equity Pool have a fair market value that is less than its associated debt and other liabilities, such that even if the assets were sold, investors would not realize any recovery.

11.      During the period from the Plan Effective Date of December 17, 2013 through December 31, 2022, the RI Equity Pool reported tax losses to the Liquidating Trust and RCSEC totaling $300,486 for federal tax purposes and $293,938 for state tax purposes.  On advice of counsel, I understand that these losses will be reversed upon the abandonment or other disposition of the RI Equity Pool Interest, which could result in a state tax liability to RCSEC in the approximate range of $6,000 to $60,000.

12.      Over the years, and most recently in January 2021, the Liquidating Trust has been in contact with the general partner of the RI Equity Pool, Rhode Island Housing and Mortgage Finance Corporation, to encourage the general partner to dissolve the partnership.  The general partner has been unable to effect a dissolution, however, because other limited partners in the RI Equity Pool appear to have been unresponsive, and the consent of all partners is required for dissolution.

13.      The Liquidating Trust is in the process of prosecuting its sole remaining cause of action, with a view to a successful conclusion followed by satisfaction of the Liquidating Trust's remaining liabilities, final distributions to Unitholders and the wind-down of operations.

14.      Accordingly, it is in the best interests of the Liquidating trust and its Unitholders to cause RCSEC to abandon the RI Equity Pool Interest.

- 4 -

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated: June 29, 2023

/s/ *Jill Horner*
Jill Horner
Chief Financial Officer for the ResCap
Liquidating Trust